1  JOSHUA H. LERNER, SBN 220755
      Joshua.lerner@wilmerhale.com
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  1 Front Street, Ste. 3500
   San Francisco, CA 94111
4  Tel.: 628.235.1124 / Fax: 628.235.1001

5  H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304-1211
   Tel.: 650.849.5300 / Fax: 650.849.5333

8
9  BRIAN M. BUROKER, *pro hac vice*
      bburoker@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
11  Washington, D.C. 20036
   Tel.: 202.955.8500 / Fax: 202.467.0539

12  [Counsel appearance continues on next page]

13  *Attorneys for Defendant Apple Inc.*

14  **UNITED STATES DISTRICT COURT**
15  **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

16  | | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| | **APPLE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO CLARIFY OR RECONSIDER ORDER REGARDING PLAINTIFFS' MOTION TO MODIFY TRADE SECRET DISCLOSURE (DKT. 669)** |
| Plaintiffs, | |
| v. | |
| APPLE INC., a California corporation, | Date: July 11, 2022 |
| Defendant. | Time: 1:30pm |
| | Discovery Cut-Off: August 12, 2022 |
| | Pre-Trial Conference: March 13, 2023 |
| | Trial: March 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Wilmer Cutler
Pickering Hale
and Dorr LLP

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: 720.274.3152 / Fax: 720.273.3133

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

2 **TABLE OF CONTENTS**

3 I. Introduction ................................................................................................ 1

4 II. Background ................................................................................................. 1

5 III. Argument .................................................................................................... 4

6 A. Plaintiffs Have Not Shown That The Five Disputed Items Fall
Within The Original Scope Of Purported Trade Secrets D.1-D.5 ............. 4

7

8 B. Plaintiffs Have Not Met Their Burden To Show The Five Disputed
Items Should Be Added To The Case At This Late Stage ........................ 7

9 C. Plaintiffs' Remaining Arguments Are Meritless ...................................... 9

10 IV. Conclusion ................................................................................................ 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Crescenta Valley Water District v. Exxon Mobil Corp.*,
   2013 WL 12095206 (C.D. Cal. June 24, 2013)................................................8

*Etagz, Inc. v. Quiksilver, Inc.*,
   2012 WL 2581256 (C.D. Cal. July 3, 2012) ...................................................8

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010)....................................................................7

*Precision Fabrics Group, Inc. v. Tietex International, Ltd.*,
   297 F. Supp. 3d 547 (D.S.C. 2018) .................................................................8

*Torres v. City of Los Angeles*,
   548 F.3d 1197 (9th Cir. 2008)..........................................................................7

*Yeti by Molly Ltd v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ..........................................................................7

**STATUTES, RULES, AND REGULATIONS**

Federal Rule of Civil Procedure 26(e)................................................................1, 7, 8

Federal Rule of Civil Procedure 37(c)................................................................1, 7, 8

# I.   INTRODUCTION

Plaintiffs' supplemental brief confirms that they are using what they initially presented as ███████████████████████████████████████████████████████ ████████████████████████████████  Dkt. 815 at 4.  While Plaintiffs have (rightly) declined to justify their eleventh-hour attempt to sweep in four new applications (████████████████████████████████████), they continue to push for the inclusion of four other categories of applications/software (████████████ ██████████████████) and portions of a fifth (████████████████).  Tellingly, however, Plaintiffs have not identified any significant evidence establishing that these items were █████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████  *Id.* at 5.  Nor have Plaintiffs explained why it is "permissible" "to add them now" "under Rules 26(e)(1) and 37(c)(1)."  *Id.* at 6 n.3.

Apple respectfully requests that this Court narrow the applications at issue for purposes of purported trade secrets D.1-D.5 to include only those agreed upon in the Joint Report, Dkt. No. 833-2.

# II.   BACKGROUND

On April 14, 2020, Apple served Interrogatory No. 10, which asked Plaintiffs to explain how Apple has purportedly used or disclosed each alleged trade secret.  Dkt. 759-4 at 12-13.  █████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████  Plaintiffs did not further supplement this response for another 18 months.

Plaintiffs later moved to amend their Section 2019.20 trade secret Disclosure █ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████████████████████████████████    ████████ On

6 Wednesday, July 6, 2022, the Court deferred ruling on Apple's Motion and ordered the

7 parties to (1) meet and confer by July 13, (2) file a joint report by July 20 setting forth

8 the applications on which they agree reasonably fall within the original scope of D.1-

9 D.5, and (3) file supplemental briefing on remaining disagreements.  Dkt. 815 at 6.

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ██████████████████████████████ ███

15 ████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ██████████████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24

25

26 _____

27 [1] ██████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24      This Court granted the stipulation on July 21, Dkt. 838, and Plaintiffs filed a

25  revised supplemental brief on July 22, Dkt. 846-1.  (All references to Plaintiffs' brief are

26  in reference to the revised supplemental brief.)

27

28

1

### III.   ARGUMENT

2   **A.   Plaintiffs Have Not Shown That The Five Disputed Items Fall Within**

3   **The Original Scope Of Purported Trade Secrets D.1-D.5**

4          This Court's July 6 order instructed Plaintiffs to "explain how [the disputed]

5   applications were included in the original scope of TS D.1-D.5, providing relevant

6   record and/or discovery citations." Dkt. 815 at 6.  Plaintiffs' response, however, relies

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████████

9   ████████████████████████████████   *Id.* at 5.  The very limited new material they

10  identify does not change the calculus, and Plaintiffs fail to answer a basic question: █

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ██████████████████████████████████████████████

15      ██   ████████████   ████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████

26  ██████████████████████████████████

27

28

1 ███████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ████████████████████████████

8 ███████████ The only new piece of evidence Plaintiffs identify (Opp. at 4) to

9 show that Apple was on notice is ██████████████████████

10 ████████████████████████████████████████████████

11 ██████████████████████████ The remaining documents fall into three

12 categories. ███████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████ █████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ██████████████████████████████████

23 ███████████ Plaintiffs root their argument that Apple was on notice on the fact

24 that they ██████████████████████████████████████

25

26 _____

27 [2] To the extent that Plaintiffs quote this language ███████████████

28 ████████████████████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17 ██████████████████ Again, Plaintiffs have no answer.

18     Finally, Plaintiffs allege that ██ ████████████████████████████████

19

20

21

22

23

24   ██ ████████████████████████████████████████████████████████

25 ████████████ Plaintiffs do not identify any record or discovery citations supporting

26 their argument that ██████████████████████████████████████████████████

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

**B.      Plaintiffs Have Not Met Their Burden To Show The Five Disputed Items Should Be Added To The Case At This Late Stage**

Because Plaintiffs have not shown that the five disputed categories of applications/software fell within the original scope of the D.1-D.5, they can only be added now if doing so is "permissible under Rules 26(e)(1) and 37(c)(1)." Dkt. 815 at 6 n.3. Rule 26(e)(1) requires a party to supplement its interrogatory response "in a timely manner if the party learns that" the response is "incomplete or incorrect." Rule 37(c)(1) imposes a "self-executing" and "automatic" punishment for failure to comply with 26(e)(1):  It precludes later use of the untimely disclosed information or argument. *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  "In determining whether this sanction should be imposed, the burden is on the *party facing the sanction* … to demonstrate that the failure to comply with Rule 26[] is substantially justified or harmless."  *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) (emphasis added).  In other words, the injured party is "not required to articulate how they would be prejudiced by … failure to provide" the missing information.  *Id.*; *see also Yeti*, 259 F.3d at 1107 (rejecting argument that "burden of proving harm is on the party seeking sanctions").

Plaintiffs do not even acknowledge their burden, much less meet it.  Instead, they wrongly imply that Apple must "satisfy" a four-part test laid out in an unpublished Ninth Circuit decision in order to prevail.  Opp. 9, 10 n.4 (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).  *Lanard* was simply identifying factors a district court can consider in addressing whether *the party that has withheld evidence* satisfies the "substantially justified or harmless" test.  375 F. App'x at 713 ("The burden is on the party facing exclusion of its [evidence] to prove the delay was justified or harmless").

Plaintiffs also argue that Apple was not prejudiced by ████████████ ████████ because they occurred well before trial, three months prior to the close of fact

discovery and "before the deadlines to serve written discovery."  Opp. 9, 10.  The last argument is particularly specious, as Plaintiffs served ▮▮▮ the evening of May 12, 2022 and the deadline to serve interrogatories and RFPs was May 13, 2022.  Dkt. 627.  The twenty-four-hour window Plaintiffs gave Apple (with no prior notice) to review ▮▮ ▮▮ and craft written discovery in response is self-evidently insufficient.  Had Plaintiffs "amended [their] discovery response[s] in a timely manner, [Apple] might have changed its discovery strategy."  *Etagz, Inc. v. Quiksilver, Inc.*, 2012 WL 2581256, at *2 (C.D. Cal. July 3, 2012).  More broadly, Plaintiffs' dramatic expansion of their case has forced Apple to designate new 30(b)(6) witnesses, *see supra* pp. 5-6, supplement interrogatory responses, and rethink damages strategies—all while conducting depositions and preparing experts on the issues on which Plaintiffs did provide proper notice.  In short, the "conclusory assertion that Defendant has plenty of time before discovery expires" is not sufficient to show harmlessness.  *See Etagz*, 2012 WL 2581256, at *2.

Plaintiffs relatedly contend that their untimeliness can be excused because other parties have served supplemental responses even closer to the fact discovery deadline without being sanctioned under Rule 37(c)(1).  Opp. 9.  But the two cases they cite both involved situations where the party that did not actually receive discovery information in a timely fashion was at least on notice about its existence.  *See Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547, 557-558 (D.S.C. 2018) ("PFG had been aware of Tietex's intention to introduce this specific evidence for well over two years."); *Crescenta Valley Water Dist. v. Exxon Mobil Corp.*, 2013 WL 12095206, at *2 (C.D. Cal. June 24, 2013) (no Rule 26(e) violation where defendants were given underlying information disclosed in supplemental response over a year before discovery cut-off).

Plaintiffs also argue that because Apple produced a substantial amount of documents after November 2021, it cannot complain that ▮▮▮ was served in May 2022.  Opp. 9-10.  But Plaintiffs do not explain why that matters to this particular motion

1  (for example, they do not identify documents that they relied upon for ▇▇▇▇ that were

2  not produced until recently).

3       Finally, Plaintiffs contend that they should not be punished via the exclusion of

4  evidence because they "always acted in good faith" and "disclosed [their] contentions

5  long ago." Opp. 10. But neither point, even assuming them to be true, establishes that

6  Plaintiffs were substantially justified by waiting until May 12, 2022 to ▇▇▇▇▇▇

7  ▇▇▇▇▇▇▇▇▇▇ Indeed, Plaintiffs provide no explanation for their extreme

8  delay in providing an adequate response to Interrogatory No. 10.

9      **C.**    **Plaintiffs' Remaining Arguments Are Meritless**

10      Because Plaintiffs have failed to show either that (1) they put Apple on notice that

11  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

12  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ earlier was harmless or substantially

13  justified, this Court need not address what Plaintiffs label Apple's "new arguments."

14  *See* Opp. 5-8. Still, Apple briefly responds to each point for the sake of completeness.[3]

15      *First*, Plaintiffs claim that Apple has never before ▇▇▇▇▇▇▇▇

16  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

17  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

18  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

19  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

20  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 767 at 9; *see also id.* at 4.[4] And

22  when Apple put ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

23  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

24

25  _____

26  [3] To the extent these arguments ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

27  [4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

28  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████

4      *Second*, Plaintiffs contend that Apple has not explained why ████████████

5 ████████████████████████████████████████████████████████████

6 Opp. 8. But that flips the burdens set by this Court and the law on their head. *See supra*

7 pp. 3, 7-8. Regardless, Plaintiffs' own briefing shows that Apple did explain its position:

8 The operative, Fourth Amended Complaint limits ████████████████████████

9 ████████████████████████████████████████████████████████████

10 ██████████████████████ Dkt. 296-1 ¶ 43.1; *see also* Opp. 8 (making a version of this point).

11 Apple's position is that ██████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████ Plaintiffs have failed to

16 explain why they should not be held to the textual limitations of their alleged trade

17 secrets nor do they contest that their approach would sweep ███████████████

18 ████████████████████████████████████████████████████████████

19 ██████████████████████████████████ *See* Opp. 8.

20      *Third*, Plaintiffs argue that Apple is required to explain why ████████████

21 ████████████████████████████████Opp. 8. Again, this improperly places the

22 burden on Apple. Regardless, Apple has explained why it was not on notice that ██████

23 ███████████████████████ Plaintiffs never suggested that it was prior to May 12,

24 2022, even though Interrogatory No. 10 ████████████████████████████████

25               **IV.   CONCLUSION**

26      This Court should narrow the applications at issue for purposes of purported trade

27 secrets D.1-D.5 to include only those agreed upon in the Joint Report, Dkt. No. 833-2.

28

1

2    Dated:  July 27, 2022                 Respectfully submitted,

3                                          H. MARK LYON

4                                          BRIAN M. BUROKER
                                           BRIAN A. ROSENTHAL
5                                          ILISSA SAMPLIN
                                           ANGELIQUE KAOUNIS
6                                          GIBSON, DUNN & CRUTCHER LLP

7

8                                          KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP
9

10                                         JOSHUA H. LERNER
                                           MARK D. SELWYN
11                                         NORA Q.E. PASSAMANECK
                                           WILMER CUTLER PICKERING HALE AND
12                                         DORR LLP

13

14                                         By:  */s/ Mark D. Selwyn*
15                                                Mark D. Selwyn

16

17                                         *Attorneys for Defendant Apple Inc.*

18

19

20

21

22

23

24

25

26

27

28

APPLE'S SUPP. MEMO ISO MOT. TO CLARIFY OR RECONSIDER ORDER REGARDING TS DISCLOSURE
11                                         CASE NO. 8:20-cv-00048-JVS (JDEx)