Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE EARLY'S JULY 22, 2022, ORDER DENYING MASIMO'S MOTION TO INCREASE DEPOSITION HOURS (DKT. 849)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

## NOTICE OF EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19 and 72-2, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") hereby apply *Ex Parte* for Review of Magistrate Judge Early's July 22, 2022, Order Denying Masimo's Motion to Increase Deposition Hours (Dkt. 849).

In accordance with Local Rule 7-19.1, Masimo's counsel notified counsel for Apple of this Application on July 28, 2022.  Powell Decl. ¶ 2 & Ex. 3.  Apple indicated it intends to oppose.  Powell Decl. ¶ 2.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Adam B. Powell (including exhibits attached thereto), all documents filed concurrently herewith, Masimo's July 18 Motion to Increase Deposition Hours and supporting papers (Dkt. Nos. 821, 822, 823, 843, 843-1), any subsequently filed memorandums and declarations, the pleadings and papers filed in this action, and any other arguments, evidence, and other matters submitted to the Court, at the hearing or otherwise.  The name, address, telephone number, and email address of opposing counsel are provided in the attached certificate of service.

A proposed order is being lodged for the Court's consideration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Introduction

In the Rule 26(f) Report, Masimo requested 140 hours of deposition time and Apple requested 80 hours. Dkt. 33 at 11. The Court issued a scheduling order allowing 100 hours. Dkt. 37. The parties proceeded under that limit, but it recently became clear the limit was insufficient. On July 15, Apple identified additional witnesses for a total of *21* trial and 30(b)(6) witnesses—*17* of whom Masimo had not yet deposed. If Masimo used five hours per witness, Masimo would have needed 25 more hours just to complete the depositions of Apple's designated witnesses. Thus, the 100-hour limit did not provide enough time for Masimo to fairly depose witnesses Apple designated, much less provide sufficient time to depose witnesses that Masimo believes have information favorable to Masimo.

Masimo moved for additional deposition time on July 18 (the "Motion"). The parties agreed to an expedited briefing schedule, and Judge Early denied the Motion on July 22 (the "Order"). Masimo appreciates Judge Early's prompt attention, but respectfully objects to the decision. Masimo brings this objection on an *ex parte* basis because a regularly noticed motion could not be heard before the August 12 deadline for the close of fact discovery.

### B.    Statement Of Facts

When Masimo filed the Motion, it had used about 40 hours of deposition time. Dkt. 823 ¶ 9 (July 18 Powell Declaration summarizing each deposition). Masimo had taken eight depositions, including a seven-hour deposition of Marcelo Lamego. *Id.* Lamego was Cercacor's Chief Technical Officer before Apple recruited him, and Masimo alleges he took Masimo's trade secrets to Apple. Dkt. 296-1 ¶¶ 21, 24. Masimo efficiently used its time with Lamego and other witnesses, averaging about 5 hours per witness. Dkt. 823 ¶ 9. Apple's witnesses frequently consumed time with long non-responsive answers. *Id.* The Court may recall that Lamego consistently provided such non-responsive answers during the March 2022 trial in *Masimo v. True Wearables*.

-1-

In early July, Masimo proposed increasing the 100-hour limit because it appeared the limit would be insufficient. *Id.*, Ex. 2. On July 11, Apple refused and argued the parties should "take a hard look at the depositions they are seeking and determine which ones they can forego." *Id.* However, Apple then ***increased*** the number of witnesses that Masimo needed to depose. *Id.*, Ex. 1. Including the new witnesses, Apple had identified ***21*** witnesses that it either intended to bring to trial or designate as a 30(b)(6) witness—including ***17*** witnesses Masimo had not yet deposed. *Id.* Accordingly, Masimo moved to increase the deposition hours limit on July 18. Dkt. 821. The parties agreed to an expedited schedule and Judge Early denied the Motion on July 22. Dkt. 849.

Masimo has since taken three more depositions. Powell Decl. ¶ 6. Two depositions took about five hours each and the third took about one hour. *Id.* In light of the Order, Masimo had to skip important and relevant subject matter with each witness. *Id.* The eleven depositions Masimo has taken to date have averaged about 4.6 hours each. *Id.* ¶ 7.

**C.    The Court Should Reverse The Order**

District courts "consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Acting as an appellate court, this Court has the power to 'affirm, modify, vacate, set aside or reverse' the magistrate judge's order and 'may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be has as may be just under the circumstances.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (citations omitted).

**1.    The Order Is Legally Erroneous**

The Motion sought relief from the 100-hour limit. The Order should have applied the legal standards governing such motions under Rule 30. Under Rule 30, courts "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Under Rule 26, courts weigh relevance and proportionality, considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access

-2-

to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Order did not expressly identify the standard it applied, but it did not apply the proportionality standard of Rules 26 and 30. Instead, the Order framed the "essential question" presented as: "What has changed since the 100-hour deposition limit was set to warrant altering that limit?" Order at 2. In doing so, the Order appeared to adopt Apple's position that the Motion should be treated as a motion for reconsideration. *See* Dkt. 831 at 1. The Order cited no authority supporting such an analysis.

Apple also cited no authority supporting such an analysis. Instead, Apple cited a single case that analyzed the question under Rules 26 and 30—just as Masimo argued. *See PAX Water Techs., Inc. v. Medora Corp.*, 2019 WL 8301182, at *2 (C.D. Cal. July 9, 2019) (quoting Rule 30 and explaining "[l]eave to take additional depositions 'should be granted when consistent with the principles of Rule 26(b)(2)'"). That case also explained "the timing of the motion for leave to take additional depositions will depend on when the party will be able to make the requisite particularized showing." *Id.* Masimo followed this guidance by proceeding under the current limit until it was clear the limit was insufficient and then bringing a motion under Rules 26 and 30.

The Order compounded its legal error by placing the burden on Masimo to show not only new facts, but also that such new facts were "unforeseeable." Order at 3. Again, neither Apple nor the Order cited any legal support for placing a burden on Masimo to show the facts necessitating additional deposition time were "unforeseeable." Such a standard would be contrary to the approach established by Rules 26 and 30, and *PAX Water Techs.* Not even the reconsideration standard contains such a requirement. *See* L.R. 7-18. Requiring unforseeability is particularly inappropriate because Masimo was initially thought 100 hours would be insufficient and asked for 140 hours. Dkt. 33 at 11. Now that the facts have shown 100 hours is insufficient for this case, Masimo respectfully requests that the Court raise the limit.

-3-

**2.    The Order Is Based on Clearly Erroneous Factual Findings**

The Order is also based on a number of clearly erroneous findings of fact.  First, the Order found Masimo should have known (in 2020) that Apple would designate (in 2022) more witnesses than Masimo could reasonably depose in 100 hours.  Order at 3.  As support, the Order relied on Masimo's "broad list" of anticipated discovery in the Rule 26(f) Report.  Order at 3.

In 2020, Masimo was concerned discovery would require more than 100 hours, which is why Masimo asked for 140 hours.  But Masimo had no way of knowing, much less proving, that Apple would designate *17* Rule 30(b)(6) witnesses two years later.  There is also no reason Apple needed to designate so many witnesses.  In the Rule 26(f) Report, Apple indicated it would pursue a ***broader*** list of discovery topics than Masimo.  Dkt. 33 at 9-10.  Yet Masimo designated only nine 30(b)(6) witnesses—about half the number Apple designated.  Dkt. 823 ¶ 8.  Masimo thus attempted to work within the deposition limit imposed by the Court and did what it could to streamline the case.  In contrast, Apple sought to take advantage of the deposition limit by designating so many witnesses that Masimo has no reasonable chance to depose others.  Apple should not be permitted to benefit from such maneuvering.

Second, the Order erroneously found that Masimo did "not dispute" the issues in the case are narrower now than at the time the Scheduling Order was entered because the patent claims have been stayed.  Order at 3.  Masimo explained that, although the patent infringement claims were stayed, other parts of the case significantly expanded.  Dkt. 843 at 3.  For example, Apple has since released a new version of the watch that includes pulse oximetry—a key part of Masimo's business.  Thus, the case now includes an entirely new area of technology not previously at issue.  This significantly increased the amount of necessary discovery, as reflected by Apple designating separate witnesses to testify about its pulse rate and pulse oximetry technology.

Third, the Order found that Masimo "does not provide any factual basis" to support its estimate that each deposition should take an average of five hours.  Order

at 4.  But Masimo provided a declaration identifying the depositions taken so far and explaining they had taken an average of about five hours.  Dkt. 823 ¶ 9.  Masimo explained some depositions took longer than they should have due to the witnesses' evasive testimony.  *Id.*  Masimo also explained the five-hour estimate was **conservative** because Apple scheduled its witnesses so that some of the more important depositions still need to be taken.  Dkt 843 at 1-2.  Apple offered no estimate of its own, much less evidence to rebut Masimo's showing.  *See id.* at 1.  Moreover, the Order does not address that the limit is insufficient even applying a much lower time estimate.  For example, deposing Apple's remaining witnesses for just 3.5 hours each—half the time permitted under the standard rules—would use all of Masimo's remaining time and leave no time for witnesses that Masimo believes have favorable information.

Fourth, the Order found the parties can use their "collective time, resources, and expertise" to comply with the 100 hour limit.  Order at 4.  That finding is clearly erroneous because the Order incentivizes Apple not to cooperate.  As discussed, Apple appears to be intentionally designating a large number of witnesses to deny Masimo the discovery it needs to prepare its case.  Indeed, after the Order, Apple has raised additional disputes to streamlining depositions and added back one 30(b)(6) witness that it had previously removed in briefing the Motion.  Powell Decl., Exs. 4 & 5.  Masimo should not be punished for Apple's refusal to cooperate.

### 3.   The Court Should Increase The 100 Hour Limit

Each of the proportionality factors under Rules 26 and 30 support increasing the hours limit.  First, the upcoming depositions are important to resolving the issues at stake.  Masimo alleges Apple obtained Masimo's trade secrets through recruiting numerous former employees, including Cercacor's Chief Technical Officer and Masimo's Chief Medical Officer.  Dkt. 296-1 ¶¶ 228-261.  The case includes **sixteen** unstayed causes of action for trade secret misappropriation, correction of inventorship for Apple patents, and declaration of ownership of Apple patents.  Dkt. 296-1; Dkt. 750.  The trade secret allegations are directed at almost fifty trade secrets.  Dkt. 296-1 ¶¶ 40-

45; Dkt. 669. Under the current deposition limit, Masimo will not have enough time to fairly depose even the witnesses Apple intends to take to trial or designate as 30(b)(6) witnesses, much less the witnesses that will help Masimo prove its claims. Masimo should not be limited to deposing only witnesses that *Apple* wants Masimo to depose. Nor should the merits of the dispute be resolved by Masimo's inability to take discovery.

Second, Masimo realistically seeks damages exceeding $1 billion. That amount in controversy justifies larger discovery limits. Apple has argued proportionality supports extensive discovery based on such damages. *See, e.g.*, Dkt. 743-1 at 11. As a result, Masimo produced about *five million pages* of discovery (about double Apple's production). Dkt. 823 ¶ 10. The same proportionality considerations favor increased deposition time so the parties can obtain the relevant facts in this large case.

Third, the parties have expended significant resources in discovery. The parties produced about 7.5 million pages of documents. Both parties informed the Court that they have expended millions of dollars in attorneys' fees. The cost for an additional 40 hours of depositions is small in comparison to the resources both sides have spent, and will continue spending, on this case. Depositions are often the most important discovery vehicle to arrive at the truth, so the benefit of additional time far exceeds the relatively small cost. Moreover, given Apple's considerable resources, Apple cannot claim any undue burden in allowing Masimo to take 40 additional hours of depositions. The Order did not address these facts or make any findings on proportionality.[1]

Masimo also explained that, under the default rules, Masimo would have been able to depose each of Apple's seventeen 30(b)(6) designees for seven hours (which would have collectively counted as one deposition). *See* Fed. R. Civ. P. 30 (advisory committee notes); *Verso Paper LLC v. Hireright, Inc.*, 2012 WL 13018381, at *2 (C.D.

---

[1] Masimo also cited numerous decisions where courts allowed similar or more amounts of time. Dkt. 822 at 5. The Order adopted Apple's position that these cases were distinguishable or contained little explanation. Order at 4. But neither Apple nor the Order cited *any* authority for a lower limit, much less authority with analogous facts.

Cal. Mar. 11, 2012).  Masimo could also have deposed nine other witnesses in their individual capacity for seven hours each.  Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 30(d)(1).  As a result, Masimo could have taken up to 182 hours of depositions.

The Order dismisses these facts because Masimo agreed to an hours-based approach.  Order at 4.  But Masimo did not agree to a limit of 100 hours.  Moreover, Masimo is not asking to abandon an hours-based limit.  Rather, Masimo argues an increase is justified and proportional because this case is far more complicated than the average case, far more is at issue here than the average case, and yet the standard rules would have allowed almost double the current amount of time.  The default procedures confirm the proportionality of Masimo's request for limited additional time.

Though not required, Masimo also satisfied the standard for reconsideration.  The "emergence of new material facts or a change of law occurring after the Order was entered" can justify reconsideration.  L.R. 7-18(b).  Masimo took depositions, and Apple designated its witnesses, after the original scheduling order.  Those indisputably new facts are material because they show the original 100-hour limit is insufficient.  The Order acknowledged these facts, but suggested they were irrelevant because they were *foreseeable* at the time of the order.  Order at 3.  As discussed, neither Apple nor the Order cited any authority suggesting that "new material facts" must also be unforeseeable.

### D.    *Ex Parte* Relief Is Appropriate

*Ex Parte* relief is appropriate where there is insufficient time to bring a regular motion, the moving party would suffer prejudice if not permitted to bring the application, and the moving party was without fault in creating the need for *ex parte* relief.  *Malch v. Dolan*, No. EDCV 15-517-DDP, 2018 WL 6017000 at *2 (C.D. Cal. Apr. 12, 2018).  Masimo satisfies all three requirements.

First, there is insufficient time to bring a regular motion before fact discovery closes on August 12 because such a motion could not be heard until September 5.  L.R. 6-1 & 7-3; *see also Vision Autodynamics, Inc. v. KASA Cap. LLC*, 2014 WL 12607707, at *1, n.1 (C.D. Cal. June 6, 2014) (finding *ex parte* application for review of

1  Magistrate's order was appropriate because a regular motion would not be heard until

2  after the discovery cutoff, but denying application on the merits).

3        Second, Masimo would suffer prejudice if *ex parte* relief is denied because fact

4  discovery would close before Masimo can take important depositions.  Indeed, Masimo

5  has already suffered prejudice because it had to forego asking questions about relevant

6  exhibits and subject matter during depositions taken after the Order.  Powell Decl. ¶ 6.

7        Third, Masimo is not at fault.  As recently as July 11, Apple suggested the parties

8  should continue trying to complete discovery under the current standards.  Dkt. 832,

9  Ex. 2.  On July 15, however, Apple added more witnesses.  *Id.*, Ex. 1.  Masimo brought

10 its Motion one business day after Apple identified the additional witnesses.  Masimo

11 then filed this *ex parte* application less than one week after the Order.  *Ex Parte* relief is

12 necessary and appropriate.

13 **E.**   **Conclusion**

14       For the reasons discussed above, Masimo respectfully submits the Order is

15 erroneous and should be reversed.  Masimo requests the Court allow Masimo to take up

16 to 140 hours of depositions in this case.  Alternatively, Masimo respectfully requests a

17 status conference to discuss an appropriate hours limit.

18                                    Respectfully submitted,

19                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

20

21 Dated: July 28, 2022                By: */s/ Adam B. Powell*

22                                         Joseph R. Re
                                          Stephen C. Jensen
23                                         Benjamin A. Katzenellenbogen
                                          Perry D. Oldham
24                                         Stephen W. Larson
                                          Mark D. Kachner
25                                         Adam B. Powell
                                          Daniel P. Hughes
26

27                                         Attorneys for Plaintiffs
                                          MASIMO CORPORATION and
28                                         CERCACOR LABORATORIES, INC.

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On July 28, 2022, I served the within

- **PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE EARLY'S JULY 22, 2022, ORDER DENYING MASIMO'S MOTION TO INCREASE DEPOSITION HOURS (DKT. 849)**
- **DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE EARLY'S JULY 22, 2022, ORDER DENYING MASIMO'S MOTION TO INCREASE DEPOSITION HOURS (DKT. 849)**

on the parties or their counsel shown at the email addresses of the attached service list:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 28, 2022, at Irvine, California.

_____

Peter Toller

1

## SERVICE LIST

2

| Angelique Kaounis<br>Gibson Dunn and Crutcher<br>2029 Century Park East Suite 4000<br>Los Angeles, CA 90067<br>310-552-8546<br>Fax: 310-552-7026<br>Email: akaounis@gibsondunn.com | Ilissa Stacy Samplin<br>Jason C Lo<br>Gibson Dunn and Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>213-229-7000<br>Fax: 213-229-6354<br>Email: isamplin@gibsondunn.com<br>jlo@gibsondunn.com |
| --- | --- |
| H. Mark Lyon<br>Gibson Dunn and Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>650-849-5300<br>Fax: 650-849-5333<br>Email: mlyon@gibsondunn.com | Robert A. Vincent<br>Gibson Dunn and Crutcher LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>214-698-3281<br>Fax: 214-571-2921<br>Email: rvincent@gibsondunn.com |
| Brian Mark Buroker<br>Gibson Dunn and Crutcher LLP<br>1050 Connecticut Avenue NW, Suite 200<br>Washington, DC 20036<br>202-955-8541<br>Fax: 202-530-4200<br>Email: bburoker@gibsondunn.com | Brian A. Rosenthal<br>Gibson Dunn and Crutcher, LLP<br>200 Park Avenue 47th Floor<br>New York, NY 10166-0196<br>212-351-2339<br>Email: barosenthal@gibsondunn.com |
| Joshua Hawkes Lerner<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>One Front Street, Suite 3500<br>San Francisco, CA 94111<br>628-235-1124<br>Fax: 628-235-1001<br>Email: Joshua.Lerner@wilmerhale.com | Alison Burton<br>James M. Lyons<br>Josefina Bianca Garcia<br>Sarah R. Frazier<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>617-526-6809<br>Fax: 617-526-5000<br>Email: alison.burton@wilmerhale.com<br>james.lyons@wilmerhale.com<br>nina.garcia@wilmerhale.com<br>sarah.frazier@wilmerhale.com |
| Amy K. Wigmore<br>David Yin<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>202-663-6096<br>Fax: 202-663-6363<br>Email: amy.wigmore@wilmerhale.com<br>david.yin@wilmerhale.com | Marc Robert Lewis<br>Lewis and Llewellyn LLP<br>601 Montgomery Street Suite 2000<br>San Francisco, CA 94111<br>415-800-0591<br>Fax: 415-390-2127<br>Email: mlewis@lewisllewellyn.com |

| | |
|---|---|
| **Derek A. Gosma**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>213-443-5308<br>Fax: 213-443-5400<br>Email: derek.gosma@wilmerhale.com | **Mark D. Selwyn**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>650-858-6031<br>Email: mark.selwyn@wilmerhale.com |
| **Nora Q. E. Passamaneck**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1225 Seventeenth Street, Suite 2600<br>Denver, CO 80202<br>720-274-3152<br>Fax: 720-274-3133<br>Email: nora.passamaneck@wilmerhale.com | **Jason T. Lao**<br>**Kenneth G. Parker**<br>Haynes and Boone LLP<br>600 Anton Boulevard Suite 700<br>Costa Mesa, CA 92626<br>949-202-3051<br>Fax: 949-200-3001<br>Email: jason.lao@haynesboone.com<br>ken.parker@haynesboone.com |
| **Michael E Zeliger**<br>**Tobias George Snyder**<br>Pillsbury Winthrop Shaw Pittman LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304<br>650-233-4500<br>Fax: 650-233-4545<br>Email: michael.zeliger@pillsburylaw.com<br>tsnyder@lewisllewellyn.com | |