Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE EARLY'S JULY 22, 2022, ORDER DENYING MASIMO'S MOTION TO INCREASE DEPOSITION HOURS (DKT. 849)** |

| | |
|---|---|
| 1 | Mark D. Kachner (Bar No. 234,192) |
| | mark.kachner@knobbe.com |
| 2 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| | 1925 Century Park East, Suite 600 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: (310) 551-3450 |
| 4 | Facsimile: (310) 551-3458 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

I, Adam B. Powell, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto. I submit this Declaration in Support of Plaintiffs' *Ex Parte* Application For Review of Magistrate Judge Early's July 22, 2022, Order Denying Masimo's Motion to Increase Deposition Hours (Dkt. 849) (the "Application").

2. I understand from Daniel Hughes (counsel for Masimo) that, on July 28, 2022, he spoke to Nora Passamaneck (counsel for Apple) in person during a break at a deposition in this case. I understand from Mr. Hughes that he informed Ms. Passamaneck of Masimo's intent to file this Application and asked if Apple would oppose. I understand that Ms. Passamaneck indicated Apple would oppose.

3. Attached hereto as **Exhibit 3** is a true and correct copy of an email that I sent to Ms. Passamaneck on July 28, 2022.

4. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from an email that I sent to Ms. Passamaneck on July 28, 2022.

5. Attached hereto as **Exhibit 5** is a true and correct copy of an email that I received from Ms. Passamaneck on July 27, 2022

6. After Masimo submitted my Declaration in Support of Masimo's Motion to Increase Deposition Hours (Dkt. 823) on July 18, 2022, Masimo took three depositions. Below is a summary of those additional depositions.

- **Ueyn Block**. Block is Apple's 30(b)(6) designee on several topics concerning the technical hardware at issue in this case. Masimo understands that Block is an engineering manager who worked with Marcelo Lamego and is still at Apple. Masimo used about five hours deposing Block. Masimo had more than seven hours of questions for Block and had to skip relevant material due to the deposition limit. Masimo estimates it would have used about seven hours of time

-1-

on Block but for the limit.

- **Brian Land**. Land is Apple's 30(b)(6) designee on several topics concerning algorithms and disputed patents at issue in this case. Masimo understands that Block is an engineering manager who worked with Marcelo Lamego and is still at Apple. Masimo used about five hours deposing Land. Masimo had more than seven hours of questions for Land and had to skip relevant material due to the deposition limit. Masimo estimates it would have used about seven hours of time on Land but for the limit.

- **Wolf Oetting**. Oetting is Apple's 30(b)(6) designee on one topic related to Apple Watch hardware. He is also a named inventor on disputed Apple patents. Masimo used about one hour deposing Oetting. Due to the deposition limit, Masimo had to forego deposing Oetting in his individual capacity and refrain from asking him questions about the disputed Apple patents. Masimo estimates it would have used three to four hours deposing Oetting (about the same amount of time it used for another named inventor, Trevor Ness) but for the limit.

7.  As of the signing of this Declaration, Masimo has taken the depositions of ten Apple employees and one third party. I directed my staff to review the deposition transcripts and determine how much time Masimo used on those depositions. Based on that review, and an estimate of the time spent on two depositions earlier today, Masimo has used about 51 hours of deposition time.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 28, 2022, at Encinitas, California.

/s/ Adam B. Powell

56039489

-2-

# EXHIBIT 3

| | |
|---|---|
| **From:** | Adam Powell |
| **To:** | Nora.Passamaneck@wilmerhale.com |
| **Cc:** | Masimo.Apple; Apple-Masimo; WHApple-MasimoServiceList@wilmerhale.com |
| **Subject:** | Masimo v. Apple - Notice of Ex Parte Application |
| **Date:** | Thursday, July 28, 2022 01:52:53 PM |

Nora,

I understand that Daniel Hughes spoke to you in person today about Masimo's anticipated *ex parte* application. As discussed, Masimo intends to apply *ex parte* for review of Magistrate Judge Early's July 22 Order regarding the 100-hour limit (Dkt. 849). We understand Apple will oppose.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245  Direct

**Knobbe Martens**

Exhibit 3
-3-

# EXHIBIT 4

| | |
|---|---|
| **From:** | Adam Powell |
| **To:** | Passamaneck, Nora Q.E.; Daniel Hughes |
| **Cc:** | Masimo.Apple; *** Apple-Masimo; WH Apple-Masimo Service List |
| **Subject:** | RE: Masimo v. Apple - Upcoming depositions |
| **Date:** | Thursday, July 28, 2022 02:21:50 PM |

Nora,

Thanks for your email, but it fails to respond to the question I asked and instead raises a different issue.

With regard to the issue I wrote about, the parties previously disclosed lists of witnesses each party:
1. Currently intends to take to trial or designate as 30b6 witnesses; and
2. Currently does not intend to take to trial or designate as 30b6 witnesses.

There is also a third category of "maybe" witnesses that includes any witness disclosed during discovery but not included on list (1) or (2).

The parties have long agreed that, if they place on the trial witness one of their own witnesses who (a) was not on the list of witnesses they intended to take to trial, and (b) the other party did not depose, the offering party would make the witness available for a pre-trial deposition—even if the deposition would occur after the discovery cutoff and/or would exceed the allowable deposition hours.

Masimo relied on that agreement in deciding to take deposition of the witnesses on Apple's first list (intends to take to trial) and **not** taking depositions of most witnesses on Apple's second list (does not intend to take to trial) or third category (non-designated). If Apple attempts to bring any witness to trial that was not included on its first list, we expect Apple will make that witness available for a pre-trial deposition. Apple never disagreed with Masimo's recitation and we understand the parties have an agreement on this point.

Your email raises a separate issue of whether the parties may take witnesses to trial that were not "previously disclosed" during discovery. Your email does not explain what Apple means by "previously disclosed." Both parties have explained that the first list (witnesses the party currently intends to take to trial) was preliminary and subject to change. Masimo retains its right to alter or change the list of witnesses that Masimo intends to take to trial.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245  Direct
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Wednesday, July 27, 2022 2:29 PM

Exhibit 4
-4-

**To:** Adam Powell <Adam.Powell@knobbe.com>; Daniel Hughes <Daniel.Hughes@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - Upcoming depositions

Adam:

Your understandings and assumptions are incorrect. The time for the parties to identify witnesses with knowledge is during fact discovery. Neither party should be disclosing trial witnesses after fact discovery, and Apple will object if Plaintiffs attempt to call a trial witness not previously disclosed.

Regards,
Nora

---

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 26, 2022 8:00 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Daniel Hughes <Daniel.Hughes@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - Upcoming depositions

**EXTERNAL SENDER**

Nora,

We have not received a response to this email. As explained below, we have long understood the parties agreed on the following: if the offering party takes a witness to trial that was not on the party's will call list, and the other party has not deposed that witness, the offering party will make the witness available for a deposition even if the deposition would occur after the discovery cutoff and/or would exceed the allowable deposition hours. That agreement is necessary to prevent the unfairness that would occur if a party later adds a witness to their "will call" list that the other party chose not to depose during discovery based on the witness not appearing on the "will call" list.

We are proceeding with depositions based on our understanding that the parties have long agreed to the above. If Apple disagrees, please let us know by no later than close of business on July 27. If we do not hear from you by then, we will assume the parties agree.

Thanks,
Adam

**Adam Powell**

Exhibit 4
-5-

Partner

858-707-4245 Direct

**Knobbe Martens**

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, July 15, 2022 7:56 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Daniel.Hughes <Daniel.Hughes@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - Upcoming depositions

Nora,

Thank you for your email.  We understand Apple has canceled the Coleman deposition and have released that date on his calendar.  Mr. Coleman is not on our list of witnesses that we currently intend to take to trial, but that could change and we cannot guarantee we will not call him.  As we have explained, if we do decide to call him, we will make him available for a deposition later.

We never asserted the lists were a "vehicle for either party to extend the 100-hour deposition limit."  However, we have long understood the parties agreed on the following: if the offering party takes a witness to trial that was not on the party's will call list, and the other party has not deposed that witness, the offering party will make the witness available for a deposition even if the deposition would occur after the discovery cutoff and/or would exceed the allowable deposition hours.  That agreement is necessary to prevent the unfairness that would occur if a party later adds a witness to their "will call" list that the other party chose not to depose during discovery based on the witness not appearing on the "will call" list (e.g., Coleman).  Please reconfirm on Monday that Apple agrees.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

Exhibit 4

-6-

# EXHIBIT 5

| | |
|---|---|
| **From:** | Passamaneck, Nora Q.E. |
| **To:** | Adam Powell; Masimo.Apple; Apple-Masimo; WH Apple-Masimo Service List |
| **Subject:** | RE: Masimo v. Apple: depositions of Apple witnesses |
| **Date:** | Wednesday, July 27, 2022 08:29:00 AM |

Adam,

We will provide dates for all witnesses except Russell-Clarke so long as you confirm by COB today that Plaintiffs will actually proceed with all of them and on the dates set forth in my email. Plaintiffs have now cancelled and/or changed the conditions of Apple depositions several times on short notice, and as you know, our team has several attorneys on the east coast that will be—and have been—traveling for depositions, including those you have changed the conditions on with short notice. By COB today, please also confirm whether you will be proceeding with any other Apple depositions remotely (despite Plaintiffs' prior demand that they proceed in person except for a showing of good cause based on particularized COVID concerns).

In the case of Russell-Clarke, Plaintiffs canceled this deposition for the sole reason that their motion to extend the deposition hours limit was pending. We told Plaintiffs to proceed with his deposition as confirmed on July 26 or agree to forego it. Plaintiffs chose the latter.

For Kim, please provide the remote information to Mark Selwyn. Further, based on Plaintiffs' representation that they are proceeding with the deposition of Chinsan Han, Apple designates Han on Plaintiffs' 30(b)(6) Topic 66 instead of Eugene Kim.

Regards,
Nora

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 26, 2022 7:19 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple: depositions of Apple witnesses

**EXTERNAL SENDER**

Nora,

Based on your representation that Apple will not take Oetting to trial (and our understanding that Apple will make him available for a deposition if it later decides to take him to trial), we will forego his individual deposition and take him only in his 30(b)(6) capacity. We expect the deposition will be short and plan to proceed remotely. Please let us know who will be attending so that we can send them the appropriate information. On a related note, please also let us know who is attending the Kim deposition so that we can send them the appropriate information.

Exhibit 5
-7-

We confirm the dates that you listed for Amor, Harlow, Tom, Waydo, Perica, and O'Reilly.  We will let you know if the dates for Caldbeck and Saari work.

Please provide dates for Han, Nag, Russell-Clark, and Goldberg.

We can identify the witnesses that we believe will take ½ day or less.  Please let us know when you would like to exchange that information.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, July 26, 2022 4:47 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple: depositions of Apple witnesses

Ms. Harlow will be available at WilmerHale's Denver office, 1225 17th Street, Suite 2600.  Please respond to the other items raised in my email below.
Thank you,
Nora

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, July 26, 2022 5:13 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple: depositions of Apple witnesses

**EXTERNAL SENDER**

Nora,

Where in Colorado is Apple making Ms. Harlow available?

Thanks,
Adam

Exhibit 5
-8-

**Adam Powell**
Partner
858-707-4245 Direct

**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Monday, July 25, 2022 8:02 AM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Masimo v. Apple: depositions of Apple witnesses

Adam,

Plaintiffs have confirmed the following depositions of Apple witnesses:
- Land:  July 28
- Oetting:  July 28
- Kim:  July 29 (remote)
- Hotelling:  August 2
- Jaynes:  August 3
- Williams:  August 9

Apple has also offered dates for the following witnesses:
- Amor:  August 2
- Harlow:  August 5 (Colorado)
- Caldbeck:  August 10
- Tom:  August 11
- Waydo:  August 11
- Saari:  August 12
- Perica:  August 12
- O'Reilly:  August 16

We still need to provide dates for Han, Nag, Russell-Clarke, and Goldberg, assuming Plaintiffs wish to proceed with these depositions.

In light of Judge Early's ruling on Friday, please let us know if Plaintiffs plan to proceed with all of these depositions, as well as whether you expect any of these depositions will be a ½ day or less. We will provide Plaintiffs the same courtesy.

Thank you,
Nora

**Nora Q.E. Passamaneck | WilmerHale**
1225 Seventeenth St.
Suite 2600

Exhibit 5
-9-

Denver, CO 80202 USA
+1 720 274 3152 (t)
+1 720 274 3133 (f)
[nora.passamaneck@wilmerhale.com](mailto:nora.passamaneck@wilmerhale.com)

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to [postmaster@wilmerhale.com](mailto:postmaster@wilmerhale.com)—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 5
-10-