JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Ste. 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' MOTION SEEKING GUIDANCE REQUESTED BY THE SPECIAL MASTER**<br><br>Date: August 22, 2022<br>Time: 1:30pm<br>Courtroom: 10C |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth St., Suite 2600
   Denver, CO 80202
22 Tel: 720.274.3152 / Fax: 720.273.3133

**TABLE OF CONTENTS**

I. Introduction ..................................................................................................1

II. Argument .....................................................................................................1

    A. Plaintiffs Improperly Seek Discovery Into Whether Apple "Can Be" in Control Despite Clear Evidence that Apple Was Not in Control..................................................................................................1

    B. Plaintiffs Have Not Identified Any On-Point Cases Blessing An "Indirect Control" Theory ...................................................................4

III. Conclusion ...................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Safety Flight Systems, Inc. v. Garrett Corp.*,
  528 F.2d 288 (9th Cir. 1975) .......................................................................... 2

*Caterpillar Tractor Co. v. International Harvester Co.*,
  120 F.2d 82 (3d Cir. 1941) ......................................................................... 3, 5

*Gonzalez v. Banco Central Corp.*
  27 F.3d 751 (1st Cir. 1994) ............................................................................ 3

*Montana v. United States*,
  440 U.S. 147 (1979) ....................................................................................... 3

*Parklane Hosiery Co., v. Shore*,
  439 U.S. 322 (1979) ....................................................................................... 4

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ....................................................................................... 3

*United States v. Bhatia*,
  545 F.3d 757 (9th Cir. 2008) .......................................................................... 3

*Universal Oil Products Co. v. Winkler-Koch Enginerring Co.*,
  27 F. Supp. 161 (N.D. Ill. 1939) ................................................................. 3, 4

APPLE'S OPP. TO PLAINTIFF'S MOT. SEEKING GUIDANCE REQUESTED BY SPECIAL MASTER
ii                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

## I. INTRODUCTION

Plaintiffs' motion seeking discovery regarding their meritless offensive collateral estoppel theory should be denied—both for the reasons in Apple's simultaneously filed opening brief, *see* Dkt. 864, and because Plaintiffs' motion is premised on two flawed arguments not addressed in Apple's prior brief. *First*, Plaintiffs attempt to draw a distinction between (1) Apple's repeated statement that it does not have the right to control the ▇▇▇▇ case and (2) what they claim is a separate question: whether Apple "can be" in control of that litigation. Dkt. 868 ("Mot.") at 2-3. But to the extent there is any difference between these two concepts, Plaintiffs do not identify any case holding that the ability to be in control—when there is no right to control—supports a theory of preclusion. *Second*, while conceding that the Special Master did not ask the parties to brief the issue, Plaintiffs argue that they can establish collateral estoppel if they can show Apple used ▇▇▇▇ as a proxy to "indirectly control[] the ▇▇▇▇ litigation." Mot. at 9-10. But the two cases they cite for this point are over eight decades old and wholly inapposite. Plaintiffs' motion should be denied.

## II. ARGUMENT

### A. Plaintiffs Improperly Seek Discovery Into Whether Apple "Can Be" in Control Despite Clear Evidence that Apple Was Not in Control

Plaintiffs complain that Apple has not adequately answered Interrogatory No. 25 because Apple has not stated whether it "can be" in control of the ▇▇▇▇ litigation. Mot. 2-3. To be clear, Apple has already provided a detailed response to Plaintiffs' nine-part Interrogatory No. 25, stating:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[redacted lines 1–18] Dkt. 864-1 at 4. [redacted] Ex. A at 155:4-6.

Despite Apple's exhaustive response, Plaintiffs demand discovery as to whether Apple "*can be* involved in, influence, control, or determine" the [redacted] litigation or appeal. Mot. at 2-3 (emphasis added). When Apple sought clarity, Plaintiffs demanded to know about Apple's [redacted] Dkt. 864-19 at 1. [redacted]

Moreover, any more information about Apple's involvement (which the Ninth Circuit has held is legally insufficient for purposes of control, *see American Safety*

1 *Flight Systems, Inc. v. Garrett Corp.*, 528 F.2d 288, 289 (9th Cir. 1975)), would
2 require disclosure of privileged communications exchanged under ▮▮▮▮
3 ▮▮▮▮▮▮  And while Plaintiffs have argued that this information is not
4 privileged or protected by common interest because ▮▮▮▮
5 ▮▮▮▮
6 ▮▮▮▮
7 ▮▮▮▮
8 ▮▮▮▮  And Apple cannot provide
9 context without waiving privilege and giving up ▮▮▮▮ confidential
10 information.  If Plaintiffs are permitted to rifle Apple's privileged communications
11 with a third party on a thinly-sourced collateral estoppel theory, then the common
12 interest doctrine is a dead letter.

13       Plaintiffs' demand is also improper because whether Apple "can be in control"
14 is not the correct inquiry for the "assume[d] control" exception to nonparty issue
15 preclusion as outlined by the Supreme Court in *Taylor v. Sturgell*, 553 U.S. 880, 894
16 (2008). *See* Dkt. 864 at 8-9.  Plaintiffs cite no case where the ***ability*** to control alone
17 was sufficient.  For example, in *Universal Oil Products Co. v. Winkler-Koch*
18 *Engineering Co.*, 27 F. Supp. 161 (N.D. Ill. 1939), *Caterpillar Tractor Co. v.*
19 *International Harvester Co.*, 120 F.2d 82, 85 (3d Cir. 1941), and *Montana v. U.S.*, 440
20 U.S. 147, 154 (1979), the nonparty and/or party in the adjudicated suit conceded
21 control based on underlying agreements and litigation funding.  *See supra* p. 1.
22 Plaintiffs' remaining cases rejected the application of preclusion—even where the
23 nonparty shared legal representation, overlapping discovery, and collaborated and
24 cooperated in the prior suit.  *See Gonzalez v. Banco Cent. Corp.* 27 F.3d 751, 758-59
25 & n.8 (1st Cir. 1994); *see also U.S. v. Bhatia*, 545 F.3d 757, 760-61 (9th Cir. 2008).
26 Under the circumstances, the "purely theoretical" possibility of control establishes
27 neither privity nor preclusion.  *Gonzalez*, 27 F.3d at 759.
28

Thus, there is no support for Plaintiffs' theory that a nonparty's theoretical ability to control without the legal right to do so establishes privity for purposes of issue preclusion.

### B. Plaintiffs Have Not Identified Any On-Point Cases Blessing An "Indirect Control" Theory

Plaintiffs rely on two antiquated cases to claim that they can establish collateral estoppel by showing "Apple may have indirectly controlled the *True Wearables* litigation through ███████████████." Mot. at 9 (citing *Universal Oil & Caterpillar*). Due to their age, neither case considered the Supreme Court's modern guidance in *Parklane Hosiery Co., v. Shore*, 439 U.S. 322 (1979), or in *Taylor*. And in any event, both cases are inapposite to the facts here.

**1.** In *Universal Oil*, ten companies participated in a meeting to create a defense fund for users of certain oil refining machinery. *Universal Oil*, 27 F. Supp. at 162. The companies established a voluntary association called the Patent Company for the sole purpose of joining together and defending entities that used the machinery in case of a patent infringement suit. *See id.* "The members of the Patent Company, however, did much more than raise a defense fund." *Id.* In particular, they retained a single patent attorney to be shared cross the membership. *Id.* When one of the members (Root) was later sued for patent infringement, Root agreed to have that attorney represent it on the written condition that, *inter alia*, the other Patent Company members would (1) pay litigation fees and expenses, and (2) raise money for the defense. *Id.* The district court concluded that the written agreement was an "agree[ment] that the Patent Company should conduct the defense of the suit," and that "the record show[ed] [that] the [Root] took no active part in the trial or preparation for trial of the case in which it was defendant." *Id.* at 163.

Plaintiffs' reliance on *Universal Oil* is misplaced. Among other things, even Plaintiffs have not suggested that ███████ was founded for the purpose of defending

1 | Apple and ███████ against suit. And Apple's interrogatory response explicitly
2 | states ███████
3 | ███████
4 | ███████
5 | ███████
6 | ███████ Dkt. 864-1 at 4.

7 | **2.** Plaintiffs' reliance on *Caterpillar* is similarly unavailing. There, the nonparty defendant conceded that "it was in complete charge of the litigation." *Caterpillar*, 120 F.2d at 84. The nonparty defendant was also considered to be in privity with the defendant in the adjudicated proceeding because the nonparty defendant had (1) "retained counsel to conduct the defense on behalf of the [prior defendant]," (2) "paid the entire expense of the defense," and (3) "the patent department of the [nonparty defendant] cooperated with the [prior defendant's counsel] so employed in furnishing information and assembling evidence" for the defense. *Id*.

Here, in contrast, Apple has stated multiple times it was not in control of ███ ███████. As it relates to the ███████ defense, Apple also ███████ ███████ ███████ *See supra* pp. 1-2.

In sum, the only decisions that Plaintiffs have identified in support of their theory of indirect control look nothing like this case. Their demand for additional discovery is nothing more than a meritless fishing expedition.

### III.   CONCLUSION

For the reasons discussed above, and in Apple's July 22, 2022 Motion, the Court should deny Plaintiffs' request to seek discovery related to offensive, non-mutual, collateral estoppel.

Dated: July 29, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

JOSHUA H. LERNER
MARK D. SELWYN
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Mark D. Selwyn
      Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*