Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' RESPONSIVE CROSS-BRIEF IN SUPPORT OF MOTION SEEKING GUIDANCE REQUESTED BY THE SPECIAL MASTER**<br><br>Hon. James V. Selna<br><br>Date:     August 22, 2022<br>Time:     1:30 p.m.<br>Ctrm:     10C |

1    Mark D. Kachner (Bar No. 234,192)
2    mark.kachner@knobbe.com
    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3    1925 Century Park East, Suite 600
    Los Angeles, CA 90067
4    Telephone: (310) 551-3450
    Facsimile: (310) 551-3458

## I.  <u>INTRODUCTION</u>

The Court should allow Masimo to pursue discovery in support of its issue preclusion theory. Apple's arguments are wrong on the law and facts. Masimo had no obligation to plead issue preclusion and Apple's discovery responses confirm that Masimo timely disclosed the theory. Apple's assertion that Masimo will be unable to establish the elements of preclusion does not provide a basis for refusing discovery.

## II.  <u>MASIMO TIMELY DISCLOSED ITS ISSUE PRECLUSION THEORY</u>

### A.    <u>Masimo Does Not Need to Have Pleaded Offensive Issue Preclusion</u>

Apple asserts it is uncertain whether a plaintiff must plead preclusion. (Apple Br. [Dkt 851-1] at 4:7-10). There is no uncertainty. Apple, like the defendant in *Wanland*, "cites no legal authority in support of his position that pleading of [offensive issue preclusion] was required." *United States v. Wanland*, 2017 WL 4269887, at *7 (E.D. Cal. Sept. 26, 2017). Indeed, Apple's cases confirm it is not required. Apple cites a Tenth Circuit case that held "the use of issue preclusion by plaintiffs is ***not*** subject to Fed. R. Civ. P. 8(c)[.]" *Harvey v. United Transp. Union*, 878 F.2d 1235, 1243 (10th Cir. 1989) (emphasis added). *Harvey* found issue preclusion waived because it was not raised until "one year and four months ***after the trial*** … ." *Id.* (emphasis added)).

Apple asserts that two district court cases held "collateral estoppel [is] forfeited where not pled in [the] complaint[.]" (Apple Br. at 5:6-7.) Apple's first case had nothing to do with pleading estoppel. It involved a repeat pro se plaintiff who "confusingly appear[ed] to raise new causes of actions or claims" in opposition to a motion to dismiss. *See El Bey v. City of New York*, 2014 WL 5768985, at *5 (S.D.N.Y. Oct. 31, 2014) ("To the extent that Plaintiff attempted to bring any new claims in his opposition brief that were not included in his Third Amended Complaint, such claims were improperly raised."). Apple's second case was a diversity case that applied the issue preclusion standards under Iowa state law. *Pool v. Orkin, Inc.*, 2010 WL 5452712, at *3 (S.D. Iowa Aug. 30, 2010). The court held that, even under Iowa law, "plaintiffs ***need not*** plead their specific legal theory under a notice pleading scheme" and need only "assert

offensive issue preclusion 'at the earliest practical time'" *Id.* at *4 (emphasis added). Apple also cites a Seventh Circuit case that considered the merits of an offensive collateral estoppel argument even though it had not been raised in a pleading or motion below. *See Herzbrun v. Milwaukee Cnty.*, 504 F.2d 1189, 1196 (7th Cir. 1974). Thus, Apple's cases confirm Masimo had no obligation to plead offensive issue preclusion.

Apple also attempts to distinguish Masimo's cases that held a plaintiff need not plead offensive issue preclusion by asserting the plaintiffs in those cases raised issue preclusion at an "early" stage. (*See* Br. at 7:10-12). Apple ignores what "early" means. The plaintiff in *Wanland* raised the issue in an "early" motion for summary judgment nearly **two years** into the case. *Wanland*, 2017 WL 4269887, at *1, 7. Thus, Masimo's theory would have been timely even if Masimo had first disclosed it two years after filing the complaint. As discussed below, Masimo disclosed it much earlier.

**B.    <u>Masimo Put Apple On Notice Of Masimo's Issue Preclusion Theory</u>**

Apple incorrectly asserts Apple had no idea Masimo was pursuing an issue preclusion theory until after the written fact discovery deadline. (Apple Br. at 2:27-3:14, 5:13-17.) Apple also falsely asserts that Masimo "admittedly did not raise" its issue preclusion theory until after the deadline. (*Id.* at 5:13-16; *id.* at 3:11-12 (asserting Masimo "did not deny" doing so).)

Masimo placed Apple on notice of Masimo's theory long ago. More than a year ago, in April 2021, Masimo served Request No. 257 seeking communications between Apple and True Wearables or Lamego regarding *True Wearables*. (Ex. 8 at 4:20-26.) More recently, and months before the written discovery deadline, Masimo served twenty additional requests that were specifically directed at establishing Apple exerted control over *True Wearables*. (Ex. 9 at 7:15-10:22 (RFPs 642-661).) These included a request for:

> Documents sufficient to show any ability by Apple and/or its legal counsel has to be involved in, provide input on, influence, or affect any litigation strategy by True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

(*Id.* at 9:26-10:2 (RFP 657).)

Apple's own interrogatory responses and briefing confirm Apple knew Masimo was pursuing issue preclusion based on a control theory. Months before the deadline, Apple repeatedly asserted in response to Interrogatory 25 that Apple "had no legal right to be involved" in various aspects of *True Wearables*. (Apple's Ex. 6 at 6:4-14.) Apple's language was no accident. Apple's language tracks a Ninth Circuit case addressing a control theory of estoppel. Apple quotes the case when it argues in its brief that, even if Apple was "heavily involved" in *True Wearables*, Apple cannot be estopped unless it "had 'the right to participate[.]'" (*Id.* at 8:18-21 (citing *American Safety Flight Sys., Inc. v. Garrett Corp.*, 528 F.2d 288, 289 (9th Cir. 1975)).) Apple has long known of Masimo's theory as well as Apple's planned rebuttal. Apple cannot claim unfair surprise.

## C. **Apple's Arguments Are Directed To The Wrong Issue**

Apple primarily relies on the Supreme Court's decision in *Parklane Hosiery* and the policy behind that decision. (Br. at 4:11-5:10.) Apple's arguments are irrelevant because *Parklane Hosiery* was addressing ***non-mutual*** offensive issue preclusion. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) (addressing where "a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against ***another*** plaintiff" (emphasis added)). Masimo is not asserting non-mutual offensive estoppel. Masimo is asserting issue preclusion based on Apple being in privity with (assuming control over) True Wearables—Masimo's adversary in the prior case. Apple's arguments regarding non-mutual preclusion are directed at concerns not applicable here. Apple's argument that estoppel may not be appropriate if "future suits are not foreseeable," (Br. at 4:17-19), is particularly inapplicable. This case was necessarily foreseeable because Masimo filed it years before *True Wearables* went to trial.

## III. **APPLE CANNOT EVADE DISCOVERY BY ASSERTING IT WILL WIN**

Apple repeatedly asserts that Masimo cannot obtain discovery regarding Apple's role in *True Wearables* because Apple will supposedly prevail on the issue of control.

(Br. at 1:16-22, 7:23-9:15.) Apple is again wrong on the law and the facts.

## A.     Apple's Assertions That It Will Prevail Do Not Prevent Discovery

Apple cannot avoid providing discovery by asserting it will prevail on the merits. Predictions regarding the ultimate sufficiency of the evidence—after discovery is complete—are premature and not part of resolving a discovery dispute. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014) (it is "inappropriate to rule on the merits of the underlying [claim] when considering discovery motions"). As Masimo explained in its opening brief, cases recognize that, "[t]o permit a party to avoid discovery on this basis would lead to the tautology of denying a claim due to lack of evidence because discovery requests—the means of getting that evidence—were denied due to a lack of evidence." *Kiessling v. Rader*, 2017 WL 11310113, at *3 (D. Nev. Feb. 17, 2017) (quoting *Walker v. N. Las Vegas Police Dep't*, 2015 WL 8328263, at *2 (D. Nev. Dec. 8, 2015)).

## B.     Apple Has Not Established It Will Prevail On The Merits

Apple also ignores the intensely factual nature of the "control" inquiry. Apple asserts that Masimo previously argued the Court "cannot consider Apple's prior responses regarding control[.]" (Apple Br. at 9:16-18.) Masimo did not say the Court could not "consider" Apple's assertions. Rather, Masimo argued that Apple's assertions that Apple will prevail are not relevant to a discovery dispute. Masimo also argued that Apple's assertions that Apple allegedly did not participate in certain aspects of *True Wearables* do not establish that Apple lacked "control." Apple's own case states:

> In the last analysis, ***there is no bright-line test for gauging substantial control***. The inquiry must be case-specific, and fact patterns are almost endlessly variable. ***The critical judgment cannot be based on isolated facts***. Consequently, ***an inquiring court must consider the totality of the circumstances*** to determine whether they justify a reasonable inference of a nonparty's potential or actual involvement as a decisionmaker in the earlier litigation.

*Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 759 (1st Cir. 1994) (emphases added) (internal citations omitted). The intensely factual nature of evaluating the totality of the

circumstances relating to control confirms that Apple cannot prevent discovery regarding unfavorable facts by selectively disclosing facts Apple asserts are favorable.

## C.   **Apple's Other Arguments Also Fail**

Apple tries to draw an irrelevant distinction between arguing the merits of a *claim* and the merits of an *argument* supporting a claim. (*See* Br. at 9:26-10:14). Apple cites no case drawing such an irrelevant distinction. Apple's assertion that it did not "assume control" over *True Wearables* does not justify denying Masimo discovery to rebut Apple's assertion. Apple argues that Masimo should not be able to "pursue a suspicion or a hunch," but relies on a case where all relevant documents were "made available to the public." *Physicians Comm. for Responsible Med. v. Glickman*, 117 F. Supp. 2d 1, 4 (D.D.C. 2000). Such facts do not exist here. Masimo is properly pursuing a theory that Masimo believes "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" *See* Fed. R. Civ. P. 11(b)(3). Masimo need not prove its case on the merits before obtaining discovery.

Apple incorrectly asserts that Masimo "agreed that the question [at issue in this Motion] should be resolved by this Court rather than the Special Master." (Apple Br. at 3:18-20.) While Masimo looks forward to receiving the Court's guidance, Masimo consistently asserted the Special Master should address this discovery dispute in the first instance. If the Special Master had resolved the original motions on June 23, 2022, the parties would have filed any appeal by July 7, 2022. (*See* Dkt. 470 ¶ 13.) This Court could have addressed this issue weeks earlier and without remanding to the Special Master to implement this Court's guidance. Apple also raises various arguments regarding the sufficiency of Masimo's production that are not before the Court and would first need to be raised with the Special Master. (*See* Apple Br. at 6:6-19.)

## IV.   **CONCLUSION**

For the reasons set forth above, Masimo respectfully requests the Court instruct the Special Master that Masimo may pursue discovery regarding issue preclusion.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 29, 2022

By: /s/ Benjamin A. Katzenellenbogen

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56019373