Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF BENJAMIN A. KATZENELLENBOGEN IN SUPPORT OF PLAINTIFFS' RESPONSIVE CROSS-BRIEF IN SUPPORT OF MOTION SEEKING GUIDANCE REQUESTED BY THE SPECIAL MASTER** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Benjamin A. Katzenellenbogen, hereby declare:

1.      I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and Counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this Declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in support of Masimo's Reply to the Motion Seeking Guidance Requested by the Special Master.

2.      Attached hereto as **Exhibit 8** is a redacted version of a true and correct copy of PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257-280), dated April 28, 2021.

3.      Attached hereto as **Exhibit 9** is a redacted version of a true and correct copy of PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES INC.'S FOURTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 622-666), dated February 15, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 29, 2022, at Irvine, California.

*/s/   Ben Katzenellenbogen*
Benjamin A. Katzenellenbogen

56019350

-1-

# EXHIBIT 8

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257-280)**<br>)<br>)<br>) Hon. James V. Selna<br>) Magistrate Judge John D. Early<br>) |

Exhibit 8
-2-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.     The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2.     "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3.     "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4.     The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5.     "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

-1-

Exhibit 8
-3-

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.      "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, and any subsequent series of the Apple Watch.

7.      "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8.      "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9.      "Apple Watch Series 7" means the Apple Watch models or prototypes following the Apple Watch Series 6, which was released on September 18, 2020, regardless of whether it has been released yet or what it is called internally or publicly.  For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 7.

10.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent App. No. 15/960,507, and U.S. Patent App. No. 16/700,710. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11.     The term "Computer Media" shall mean and refer to all computer storage devices, including both internal and external hard drives, CDs, DVDs, flash drives, tapes, and any other electronic storage media.

Exhibit 8
-4-

12.     The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

13.     The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

14.     The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

15.     The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

16.     The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

17.     The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18.     The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## **INSTRUCTIONS**

1.     Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2.     If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which

-3-

Exhibit 8
-5-

You claim a privilege, and state:

        a.    the basis on which the privilege is claimed;

        b.    the author or creator of the information, document, or thing;

        c.    each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

        d.    the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing. If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof. Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 257:

All communications between (1) Marcelo Lamego or other individuals associated with True Wearables, Inc., including employees of Merchant & Gould, P.C., and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding *Masimo Corp. v. True Wearables, Inc.*, Case No. 8:18-CV-02001-JVS-JDE or the allegations in that case.

### REQUEST FOR PRODUCTION NO. 258:

All communications between (1) Marcelo Lamego or other individuals

Exhibit 8
-6-

associated with True Wearables, Inc. including employees of Merchant & Gould, P.C., and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding this case or the allegations in this case.

**REQUEST FOR PRODUCTION NO. 259:**

All communications between (1) any employee of Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., or other individuals associated with Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., including employees of Cooley LLP, Husch Blackwell LLP, or Procopio, Cory, Hargreaves & Savitch LLP, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding any litigation between Masimo and Sotera Wireless Inc. and/or Hon Hai Precision Industry Co. Ltd.

**REQUEST FOR PRODUCTION NO. 260:**

All communications between (1) any employee of Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., or other individuals associated with Sotera Wireless Inc. or Hon Hai Precision Industry Co. Ltd., including employees of Cooley LLP, Husch Blackwell LLP, or Procopio, Cory, Hargreaves & Savitch LLP, and (2) any Apple employee or other individuals associated with Apple, including Apple in-house council or employees of Gibson, Dunn & Crutcher LLP, regarding this case.

**REQUEST FOR PRODUCTION NO. 261:**

███████████████████████████████████

███████████████████████████████████

███████████████████████████

**REQUEST FOR PRODUCTION NO. 262:**

All documents or communications referencing, relating to or discussing the practice of efficient infringement.

Exhibit 8
-7-

**REQUEST FOR PRODUCTION NO. 263:**

All documents or communications describing, referencing or relating to Apple's policies, procedures, or strategies for evaluating whether an Apple product violates the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 264:**

All documents or communications referencing or relating to any evaluation by Apple of whether the Apple Watch did or did not violate the intellectual property of others, including through patent infringement or trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 265:**

All documents or communications referencing or relating to the research, design, and/or development of Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

**REQUEST FOR PRODUCTION NO. 266:**

All documents or communications referencing or relating to the decisions to research, design, and/or develop Defendant's Apple Watch Series 7, and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood

-6-

Exhibit 8
-8-

glucose.

**REQUEST FOR PRODUCTION NO. 267:**

All documents or communications referencing or relating to the function of Defendant's Apple Watch Series 7 and/or any component of Defendant's Apple Watch Series 7 that measures physiological parameters, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

**REQUEST FOR PRODUCTION NO. 268:**

An inspection of Defendant's Apple Watch Series 7, including without limitation, prior versions and prototypes.

**REQUEST FOR PRODUCTION NO. 269:**

All documents or communications referencing or relating to all efforts to market Defendant's Apple Watch Series 7 to consumers.  For avoidance of doubt, this includes documents and things related to efforts to advertise and sell said Apple Watch Series 7 to consumers.

**REQUEST FOR PRODUCTION NO. 270:**

All documents or communications referencing or relating to sales projections for Defendant's Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 271:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological measurement capability, including oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose, of the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 272:**

Documents sufficient to identify any oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index,

Exhibit 8
-9-

methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose algorithm that You have implemented, ever considered implementing, or are planning to implement in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 273:**

Documents sufficient to identify when You began the research, design, and/or development of any perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose functionality, including, but not limited to, any such functionality implemented in the Apple Watch Series 7.

**REQUEST FOR PRODUCTION NO. 274:**

Documents sufficient to identify any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify the trade secrets that You asserted in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 276:**

All of Your interrogatory responses in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 277:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

**REQUEST FOR PRODUCTION NO. 278:**

Transcripts of depositions or trial testimony (and exhibits thereto) for any of Your employees in any case in which You asserted claims for misappropriation of trade secrets.

/ / /

/ / /

Exhibit 8
-10-

**REQUEST FOR PRODUCTION NO. 279:**

All documents or communications referring or relating to how many Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

**REQUEST FOR PRODUCTION NO. 280:**

All documents or communications referring or relating to the proportion of Apple Watch customers use each of the features listed under the "Quick Look" heading of the website https://www.apple.com/watch/compare for each Apple Watch Product, including all Apple Watch Products both listed and not listed on that website that use features listed on that website.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 28, 2021          By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

Exhibit 8
-11-

## **PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in San Diego, California.  I am over the age of 18 and not a party to the within action.

On April 28, 2021, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 257-280)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 28, 2021, at Irvine, California.

_____
Karina Villanueva

34671751

-10-

Exhibit 8
-12-

EXHIBIT 9

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE <br> ) <br> ) **PLAINTIFFS MASIMO** <br> ) **CORPORATION AND** <br> ) **CERCACOR LABORATORIES,** <br> ) **INC.'S FOURTEENTH SET OF** <br> ) **REQUESTS FOR PRODUCTION** <br> ) **OF DOCUMENTS TO** <br> ) **DEFENDANT APPLE INC. (NOS.** <br> ) **622-666)** <br> ) <br> ) <br> ) Hon. James V. Selna <br> ) Magistrate Judge John D. Early <br> ) |

Exhibit 9
-13-

1  Mark D. Kachner (Bar No. 234,192)
2  mark.kachner@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3  1925 Century Park East, Suite 600
4  Los Angeles, CA 90067
   Telephone: (310) 551-3450; Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 9
-14-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Masimo within the time prescribed by the Federal Rules of Civil Procedure.  These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" shall mean Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194,

Exhibit 9
-15-

U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776.  To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6.      "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6, Apple Watch Series 7, and any subsequent series of the Apple Watch.  For the avoidance of doubt, this definition includes the Apple Watch Series 8.  For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products.

7.      "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8.      "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.  For the avoidance of doubt, this definition includes research and development directed towards such products and software that runs on such products

9.      "Apple Watch Series 8" means the Apple Watch models or prototypes following the Apple Watch Series 7, which was announced on September 14, 2021, regardless of whether it has been released yet or what it is called internally or publicly.  For avoidance of doubt, "Accused Products" defined above includes the Apple Watch Series 8.

10.     The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, U.S. Patent No. 9,723,997, U.S. Patent App. No. 15/960,507, and U.S. Patent App.

Exhibit 9
-16-

No. 16/700,710.   To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

11.    The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

12.    The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

13.    The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

14.    The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

15.    The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

16.    The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

17.    The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## **INSTRUCTIONS**

1.    Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

/ / /

2.     If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

      a.     the basis on which the privilege is claimed;

      b.     the author or creator of the information, document, or thing;

      c.     each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

      d.     the date of the information or document.

3.     If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing.  Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of the document or thing.  If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4.     Produce each requested document or thing along with all non-identical drafts thereof.  Furthermore, produce each document in its entirety, without abbreviation or redaction.

5.     Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 622:

Documents that refer to Masimo or Cercacor that are or were in the possession, custody, or control of Cornelius Raths.

/ / /

-4-

Exhibit 9
-18-

**REQUEST FOR PRODUCTION NO. 623:**

Documents regarding any pulse rate or pulse oximetry technology that Apple received or obtained from Cornelius Raths.

**REQUEST FOR PRODUCTION NO. 624:**

All unpublished Apple patent applications regarding pulse rate techniques, oxygen saturation techniques, ███████████████████ ████████████████████████████████████████████████ ██████████████████ that also name Cornelius Raths as an inventor.

**REQUEST FOR PRODUCTION NO. 625:**

All unpublished Apple patent applications regarding light-based physiological monitoring techniques that also name Cornelius Raths as an inventor.

**REQUEST FOR PRODUCTION NO. 626:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques that name Cornelius Raths as an inventor.

**REQUEST FOR PRODUCTION NO. 627:**

Documents that refer to Masimo or Cercacor that are or were in the possession, custody, or control of Johannes Bruinsma.

**REQUEST FOR PRODUCTION NO. 628:**

Documents regarding any pulse rate or pulse oximetry technology that Apple received or obtained from Johannes Bruinsma.

**REQUEST FOR PRODUCTION NO. 629:**

All unpublished Apple patent applications regarding pulse rate techniques, oxygen saturation techniques, ███████████████████ ████████████████████████████████████████████████ ██████████████████ that also name Johannes Bruinsma as an inventor.

/ / /

/ / /

-5-

Exhibit 9
-19-

**REQUEST FOR PRODUCTION NO. 630:**

All unpublished Apple patent applications regarding light-based physiological monitoring techniques that also name Johannes Bruinsma as an inventor.

**REQUEST FOR PRODUCTION NO. 631:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques that name Johannes Bruinsma as an inventor.

**REQUEST FOR PRODUCTION NO. 632:**

Documents that refer to Masimo or Cercacor that are or were in the possession, custody, or control of Michael O'Reilly.

**REQUEST FOR PRODUCTION NO. 633:**

Documents regarding any pulse rate or pulse oximetry technology that Apple received or obtained from Michael O'Reilly.

**REQUEST FOR PRODUCTION NO. 634:**

All unpublished Apple patent applications regarding pulse rate techniques, oxygen saturation techniques, ███████████████████████ ███████████████████████████████████████ █████████████ that also name Michael O'Reilly as an inventor.

**REQUEST FOR PRODUCTION NO. 635:**

All unpublished Apple patent applications regarding light-based physiological monitoring techniques that also name Michael O'Reilly as an inventor.

**REQUEST FOR PRODUCTION NO. 636:**

All unpublished Apple patent applications regarding pulse rate or oxygen saturation monitoring techniques that name Michael O'Reilly as an inventor.

**REQUEST FOR PRODUCTION NO. 637:**

Documents that refer to Masimo or Cercacor that are or were in the possession, custody, or control of Marcelo Lamego.

-6-

Exhibit 9
-20-

**REQUEST FOR PRODUCTION NO. 638:**

Documents regarding any pulse rate or pulse oximetry technology that Apple received or obtained from Marcelo Lamego.

**REQUEST FOR PRODUCTION NO. 639:**

Documents regarding any pulse rate or pulse oximetry technology that Apple received or obtained from Plaintiffs.

**REQUEST FOR PRODUCTION NO. 640:**

All documents referenced in the numbered categories of Apple's First Amended Initial Disclosures at pages 13-15, numbers 6, 9-12, 15-22, and 25.

**REQUEST FOR PRODUCTION NO. 641:**

Documents regarding Apple's hiring of any former or current employees of Plaintiffs, including Apple's recruiting practices for employees involved in the Apple Watch Series 3-7 and SE, ███████████████████████ ███████████

**REQUEST FOR PRODUCTION NO. 642:**

Documents regarding any selection of, input on, or decisions regarding what legal counsel would represent True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 643:**

Documents sufficient to show whether Apple had input on or made decisions regarding what legal counsel would represent True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 644:**

Documents regarding any payment by Apple for litigation expenses, including attorneys fees, incurred by True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001

Exhibit 9
-21-

1   (including appeals).

2   **REQUEST FOR PRODUCTION NO. 645:**

3       Documents sufficient to show whether Apple is paying for litigation

4   expenses, including attorneys fees, incurred by True Wearables, Inc. and/or

5   Marcelo Lamego for their services in *Masimo Corp. v. True Wearables Inc.*,

6   Case No. 8:18-CV-02001 (including appeals).

7   **REQUEST FOR PRODUCTION NO. 646:**

8       Documents regarding Apple retaining Merchant & Gould PC or other

9   legal counsel for services regarding *Masimo Corp. v. True Wearables Inc.*, Case

10  No. 8:18-CV-02001 (including appeals).

11  **REQUEST FOR PRODUCTION NO. 647:**

12      Documents sufficient to show whether Apple retained Merchant & Gould

13  PC or other legal counsel for any services regarding *Masimo Corp. v. True

14  Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

15  **REQUEST FOR PRODUCTION NO. 648:**

16      Documents regarding payment by Apple to Merchant & Gould PC for

17  any costs or services regarding *Masimo Corp. v. True Wearables Inc.*, Case No.

18  8:18-CV-02001 (including appeals) or this case.

19  **REQUEST FOR PRODUCTION NO. 649:**

20      Documents sufficient to show whether Apple has paid Merchant & Gould

21  PC for any costs or services regarding *Masimo Corp. v. True Wearables Inc.*,

22  Case No. 8:18-CV-02001 (including appeals) or this case.

23  **REQUEST FOR PRODUCTION NO. 650:**

24      Documents regarding any indemnification agreement between True

25  Wearables, Inc. and/or Marcelo Lamego and Apple.

26  **REQUEST FOR PRODUCTION NO. 651:**

27      Documents sufficient to show whether any indemnification agreement

28  between True Wearables, Inc. and/or Marcelo Lamego and Apple exists.

Exhibit 9
-22-

**REQUEST FOR PRODUCTION NO. 652:**

Documents regarding any ability by Apple and/or its legal counsel to be involved in, influence, control, or determine whether True Wearables, Inc. and/or Marcelo Lamego appeals any decision in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 653:**

Documents sufficient to show whether Apple and/or its legal counsel has any ability to be involved in, influence, control, or determine whether True Wearables, Inc. and/or Marcelo Lamego appeals any decision in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 654:**

Documents regarding any ability by Apple and/or its legal counsel to be involved in, review, provide input on, draft, edit, or approve any filing by True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 655:**

Documents sufficient to show whether Apple and/or its legal counsel has the ability to be involved in, review, provide input on, draft, edit, or approve any filing by True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 656:**

Documents regarding any ability by Apple and/or its legal counsel has to be involved in, provide input on,  influence, or affect any litigation strategy by True Wearables, Inc. and/or Marcelo Lamego in *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

**REQUEST FOR PRODUCTION NO. 657:**

Documents sufficient to show any ability by Apple and/or its legal counsel has to be involved in, provide input on, influence, or affect any

Exhibit 9
-23-

1 litigation strategy by True Wearables, Inc. and/or Marcelo Lamego in *Masimo*
2 *Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals).

3 **REQUEST FOR PRODUCTION NO. 658:**

4    Documents regarding any agreement, including a Joint Defense
5 Agreement, between True Wearables, Inc. and/or Marcelo Lamego and Apple to
6 coordinate on issues arising out of this case or *Masimo Corp. v. True Wearables*
7 *Inc.*, Case No. 8:18-CV-02001 (including appeals).

8 **REQUEST FOR PRODUCTION NO. 659:**

9    Documents sufficient to show any agreement, including a Joint Defense
10 Agreement, between True Wearables, Inc. and/or Marcelo Lamego and Apple to
11 coordinate on issues arising out of this case or *Masimo Corp. v. True Wearables*
12 *Inc.*, Case No. 8:18-CV-02001 (including appeals).

13 **REQUEST FOR PRODUCTION NO. 660:**

14    Documents regarding any instructions by Apple and/or its legal counsel
15 given to True Wearables, Inc. and/or Marcelo Lamego regarding this case or
16 *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including
17 appeals).

18 **REQUEST FOR PRODUCTION NO. 661:**

19    Documents sufficient to show any instructions by Apple and/or its legal
20 counsel given to True Wearables, Inc. and/or Marcelo Lamego regarding this
21 case or *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001
22 (including appeals).

23 **REQUEST FOR PRODUCTION NO. 662:**

24 

25 

26 

27 

28 / / /

-10-

Exhibit 9
-24-

**REQUEST FOR PRODUCTION NO. 663:**

███████████████████████████████████████████

███████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 664:**

Documents regarding any discussion or meeting in which the presentation produced at APL-MAS_01853759 (and any prior or subsequent version of that presentation) was presented, discussed, or otherwise involved, including notes, agendas, minutes, attendance records, or calendar (iCal) invitations.

**REQUEST FOR PRODUCTION NO. 665:**

Documents sufficient to show all the people present at the discussion or meeting in which the presentation produced at APL-MAS_01853759 (and any prior or subsequent version of that presentation) was presented, discussed, or otherwise involved.

**REQUEST FOR PRODUCTION NO. 666:**

Documents sufficient to show all the people who received a copy of the presentation produced at APL-MAS_01853759 (or any prior or subsequent version of that presentation).


KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 15, 2022        By: */s/ Daniel P. Hughes*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

Exhibit 9
-25-

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.

On February 15, 2022, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FOURTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 622-666)** on the parties or their counsel shown at the email addresses shown below:

Apple-Masimo@gibsondunn.com

whapple-masimoservicelist@wilmerhale.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

Jason C. Lo
jlo@gibsondunn.com

Kenneth G. Parker
kparker@gibsondunn.com

Marc R. Lewis
mlewis@lewisllewellyn.com

Mark D. Selwyn
Mark.selwyn@wilmerhale.com

Derek Gosma
Derek.gosma@wilmerhale.com

Amy K. Wigmore
amy.wigmore@wilmerhale.com

Tobias George Snyder
tsnyder@lewisllewellyn.com

Nora Q. E. Passamaneck
nora.passamaneck@wilmerhale.com

Sarah R. Frazier
sarah.frazier@wilmerhale.com

I declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on February 15, 2022, at Irvine, California.

e er Toller

55082716

-12-

Exhibit 9
-26-