Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE EARLY'S JULY 22, 2022, ORDER DENYING MASIMO'S MOTION TO INCREASE DEPOSITION HOURS (DKT. 849)** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

Apple's Opposition does not dispute facts showing the Court should overrule the Order. Apple does not dispute the Order should have analyzed Masimo's Motion under Rules 26 and 30. Apple also does not dispute the Order contains factual errors. Apple likewise does not dispute that it did, in fact, add witnesses in July 2022 and that Masimo will exceed the allowable deposition time even if it deposes only the witnesses on which Apple plans to rely. Rather than address these facts, Apple focuses primarily on procedural hurdles for *ex parte* relief. Apple's arguments are incorrect and do not justify denying relief in this large case with over $1 billion at stake. Masimo should have a fair opportunity to take discovery so this case can be fairly decided on the merits.

### A.     *Ex Parte* Relief Is Justified

Apple cannot reasonably complain about Masimo's request for expedited treatment here because Apple itself requested the Court decide the underlying Motion on an expedited basis. Dkt. 827 at 1. Apple also does not dispute the core facts justifying *ex parte* relief. For example, Apple does not dispute that, as recently as July 11, "Apple suggested the parties should continue trying to complete discovery under the current standards." Mot. at 8. Apple admits it added witnesses on July 15 (Opp. at 9) and does not dispute Masimo acted diligently since then. Indeed, Masimo filed the Motion one business day later and brought this Application less than one week after the Order.

Rather than dispute these facts, Apple argues Masimo should have moved at the outset of the case because Masimo identified broad anticipated discovery in the Rule 26(f) report. Opp. at 7-8. But Masimo ***did*** seek 140 hours at the time. Dkt. 33 at 11. When the Court disagreed, Masimo did exactly as Apple's own cited authority instructs: proceed with discovery until it was clear the current limit was insufficient. *See PAX Water Techs., Inc. v. Medora Corp.*, 2019 WL 8301182, at *2 (C.D. Cal. July 9, 2019) ("the timing of the motion for leave to take additional depositions will depend on when the party will be able to make the requisite particularized showing").

Apple next argues Masimo should have moved in May of 2022 when it identified 38 witnesses to depose. Opp. at 8. But ***both*** parties identified that many ***potential***

witnesses and both parties promptly narrowed their lists to about 20. Dkt. 831-1 ¶ 6. Because the 100-hour limit was technically possible at the time, Masimo could not make the necessary showing until Apple later added witnesses in July 2022.

Apple argues Masimo has not shown prejudice because it has not identified what "important depositions" it would miss. Opp. at 9-10. Apple ignores Masimo's evidence. Masimo showed depositions have taken an average of five hours per witness. Dkt. 823 ¶ 9. At five hours per witness, Masimo would have needed 25 more hours just to complete the depositions of Apple's designated witnesses. Masimo also explained that Apple has arranged the schedule so that some of the most important witnesses come later in time. Dkt. 843 at 1-2. Those depositions include Michael O'Reilly (Masimo's former Chief Medical Officer at the heart of this case), O'Reilly's supervisor (Jeff Williams), Lamego's supervisor (Steve Hotelling), and more. *See id.*

Finally, Apple claims Masimo will not be prejudiced because it "squandered" time by deposing witnesses Apple did not designate. Opp. at 10. But Apple does not argue those witnesses are irrelevant or explain why Masimo cannot depose a few witnesses to support its claims. Apple's position that a party may depose only the witnesses on which its opponent plans to rely is inconsistent with the Federal Rules. Fed. R. Civ. P. 26(b)(1). Apple also faults Masimo for seeking to depose witnesses that Masimo deposed in the ITC Investigation. Opp. at 10. But Apple represented it plans to rely on **all** of those witnesses here (Dkt. 843-1, Ex. 3) and most documents from this case were **not** available in the ITC because Apple successfully opposed cross use (Dkt. Nos. 515 & 710). Regardless, deposing witnesses in another case obviously does not provide a fair chance to depose them about this case. *Ex parte* relief is appropriate.

**B.     The Court Should Reverse The Order**

      **1.     The Order Is Legally Erroneous**

Apple makes little attempt to defend the Order's legal analysis. Apple does not dispute the Motion should have been decided under Rules 26 and 30. Apple also does not claim the Order analyzed the Motion under Rules 26 and 30. Thus, Apple has not

attempted to show the Order applied the correct legal standard.

Instead, Apple argues ***Masimo*** caused the error by introducing "alleged 'new facts' as the purported justification for [its] request for 140 deposition hours." Opp. at 10. Masimo never asserted it had to show a change in facts, much less an "unforeseeable" change. Masimo's statement of facts explained that recent events demonstrated the 100-hour limit was insufficient. Dkt. 822 at 2-3. Masimo then identified the proportionality standard under Rules 26 and 30, and conducted a proportionality analysis. *Id.* at 3-5. **Apple**—not Masimo—introduced the erroneous concept that Masimo had to demonstrate new unforeseeable facts. Dkt. 831 at 1, 5 (arguing Masimo was seeking "reconsideration," facts "should have been [] clear at the time that this suit was first filed," and the only "new" information is the patent stay).[1]

Apple attempts to salvage the Order by claiming it is "consistent" with Rule 26(b)(2) because it concluded the parties should work together to comply with the 100-hour limit and the case is "narrower than it was at the time the 100-hour limitation was set." Opp. at 11. Apple does not explain that argument or attempt to show the Order conducted a proportionality analysis, as required by Rules 26 and 30. Accordingly, there should be no dispute that the Order is legally erroneous.

### 2. The Order Is Based on Clearly Erroneous Factual Findings

Apple also fails to defend the Order's factual findings. Apple does not dispute the third error (Masimo had no support for estimating an average of five hours per deposition) or fourth error (the parties will work together to take necessary depositions in 100 hours). *See* Mot. at 4-5. Apple disputes only the first and second errors.

As for the first error, Apple argues the Order did not err in finding the "broad scope of discovery" that Masimo identified in the Rule 26(f) report shows Masimo should have known 100 hours would be insufficient. Opp. at 11. But Apple does not

---

[1] Apple relies on the Order's finding that "***Masimo's*** Reply brings the essential question raised by the Motion into stark relief." Opp. at 10 (emphasis in original). Masimo was merely responding to Apple's argument in opposition. *See* Dkt. 843 at 3.

explain its position or address Masimo's argument. As Masimo explained, Masimo had no way of knowing, much less proving, that Apple would designate so many witnesses two years later. Mot. at 4. Apple also had no need to designate so many witnesses. Masimo designated only nine 30(b)(6) witnesses even though Apple's portion of the Rule 26(f) report contained a far **broader** list of discovery topics. *Id.*[2]

On the second error, Apple claims Masimo's arguments about the new Apple Watch are unsupported. Opp. at 11, n.4. Again, Apple ignores the facts. As Masimo explained, the case now includes a new area of technology (pulse oximetry) not at issue when the Court set a 100-hour limit Mot. at 4. Apple designated separate witnesses on pulse rate and pulse oximetry, which shows why pulse oximetry expanded the scope of discovery. *Id.* Accordingly, the Order is based on clearly erroneous factual findings.

### 3. The Court Should Increase The 100 Hour Limit

Apple also largely ignores Masimo's arguments about proportionality under the correct legal standard. *See* Mot. at 5-7. Apple does not argue the upcoming depositions are unlikely to provide information that is relevant and proportional to the needs of the case. Indeed, as discussed above, Apple has arranged the schedule so that some of the most important depositions of O'Reilly, Hotelling, and Williams have not yet occurred. Apple also does not dispute more than $1 billion is at stake and that Apple argued proportionality supports extensive discovery based on such damages. *Id.*

Apple also fails to establish any undue burden in granting Masimo's request. Apple argues the additional time would be prejudicial because the close of fact discovery is approaching. Opp. at 12-13. But Apple is represented by **four** law firms that collectively employ thousands of lawyers. Indeed, both parties have already spent millions of dollars in attorneys' fees on this important case. Nothing suggests Apple

---

[2] Apple argues Masimo's designations show Apple's topics were "reasonable. Opp. at 11, n. 12. Apple provides no support for that assertion and it is false. The Special Master denied Apple's motion to compel on its overbroad 30(b)(6) topics. SM Order No. 13 at 6. The Special Master also found "efficient infringement" is relevant. Dkt. 637 at 3-5.

lacks the resources to defend depositions. Moreover, Masimo has already agreed to Apple's demands that some depositions (including the O'Reilly deposition) occur after the close of fact discovery. Any supposed prejudice could be alleviated by allowing a few other depositions to trail the close of fact discovery.

Apple also does not deny the standard rules would have allowed Masimo to take up to 182 hours of depositions. Opp. at 13. Apple's only response is that Masimo could have asked to rely on the standard rules at the outside of this case. *Id.* Again, Apple ignores Masimo's argument. As Masimo explained, Masimo is not asking to abandon an hours-based limit. Mot. at 6-7. Rather, Masimo argues the default procedures confirm the proportionality of Masimo's request for additional time. *Id.*

Finally, Apple repeatedly claims it added "just four" new witnesses on July 15, 2022. Opp. at 9, 11. Apple actually added eight witnesses. *Compare* Dkt. 823 ¶ 5 *with id.* ¶¶ 6-7. Three were on Masimo's list of witnesses to depose (Kim, Sellers, and Williams) but five were not (Amor, Caldbeck, Goldberg, Harlow, and Saari). Adding five to eight witnesses at this stage is no small change. That is a **35-57%** increase to Apple's prior list of 14 witnesses on which it would rely. That is also **25-40** hours of depositions at an average of five hours per deposition. Apple argues some depositions take less than five hours, but ignores that others take more than five hours. Apple also ignores that five hours is the historical average in this case. Dkt. 823 ¶ 9. Regardless, even if Masimo took an average of 3.5 hours per witness—half the time permitted by the standard rules—Apple's changes would still add 17-28 hours of time.

Apple argues the parties have "carefully planned" their deposition time based on 100 hours. Opp. at 13. But Apple indisputably added five to eight witnesses on July 15—one month before the close of discovery—that Masimo has no choice but to depose. Apple offers no explanation for its refusal to allow ***any*** extra time to account for its July 2022 additions. The Court should allow Masimo to take 140 hours of depositions. At a minimum, the Court should allow 120 hours so that Masimo can at least take short depositions of the witnesses that Apple just added to its list in July 2022.

| | |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: August 1, 2022 | By: /s/ Adam B. Powell |
| | Joseph R. Re |
| | Stephen C. Jensen |
| | Benjamin A. Katzenellenbogen |
| | Perry D. Oldham |
| | Stephen W. Larson |
| | Mark D. Kachner |
| | Adam B. Powell |
| | Daniel P. Hughes |
| | Attorneys for Plaintiffs |
| | MASIMO CORPORATION and |
| | CERCACOR LABORATORIES, INC.P |