## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS (JDEx) | Date | August 1, 2022 |

| | |
|---|---|
| Title | Masimo Corporation, et al. v. Apple Inc. |

Present: The Honorable      **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] <u>Order Re Ex Parte Application to Review Magistrate Judge's Order Re Deposition Hours</u>**

Before the Court is Masimo's Ex Parte Application for Review of Magistrate Judge Early's July 22, 2022, Order Denying Masimo's Motion to Increase Deposition Hours. ECF No. 876. Apple opposes the application. ECF No 882. Masimo filed a reply. ECF No. 884. For the reasons stated below the Court **DENIES** the application.

## I. BACKGROUND

After the parties submitted their Joint Rule 26(f) Report, on April 17, 2020, the Court entered a scheduling order. ECF No. 37. Relevant to Masimo's application, the Court permitted 100 hours of deposition testimony. Id.

On July 18, 2022, Masimo filed an abbreviated motion for order to increase deposition hours and sought expedited briefing and review of that motion. ECF No. 821. Apple opposed the motion but did not oppose expedited review. ECF No. 831. Masimo filed a reply. ECF No. 843. On July 22, 2022, Judge Early issued an order denying the motion. ECF No. 849. Through its ex parte application, Masimo seeks review of Judge Early's order on an expedited basis because discovery is scheduled to close on August 12, 2022.

## II. LEGAL STANDARDS

1.      Ex Parte Applications

Because "[e]x parte motions are rarely justified," a party moving for ex parte relief must show both that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995). Put differently, "filing an ex parte motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." Id. at 492.

2.      Review of Magistrate Judge Order

When a district court reviews a non-dispositive decision by a magistrate judge, the applicable standards are whether the order is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); accord 28 U.S.C. § 636(b)(1)(a); see also United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge's decision in ... nondispositive matters is entitled to great deference by the district court."). The standard that applies in reviewing a finding of fact is whether there was "clear error" by the magistrate judge; it is not whether the district judge would have made a different determination based on the same evidence. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). A factual finding by a magistrate judge is "clearly erroneous" only when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." United States v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

The determination of legal issues by a magistrate judge is reviewed de novo, under the "contrary to law" standard. See China Nat. Metal Products Import/Export Co. v. Apex Digital, Inc., 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001).

### III. DISCUSSION

Even if Masimo had met the threshold requirements for ex parte relief, a finding the Court is not making, because Masimo has not shown that Judge Early's order is clearly erroneous or contrary to law, the Court denies the application.

A review of Judge Early's thorough order demonstrates that he applied the correct legal standards to Masimo's arguments and fairly assessed the relevant facts.  Judge Early's order denied relief consistent with Rule 26(b)(1) and (2). This is because relevance and proportionality are implicit in Judge Early's analysis, which carefully considered and rejecting each of Masimo's arguments. When the Court entered the

Scheduling Order setting the 100-hour deposition limit, that ruling resolved the parties' competing requests (i.e., 140 hours requested by Masimo, 80 hours requested by Apple) and was based on allowing enough time to obtain relevant information insofar as it was proportional to the needs of the case. Thus, in his order denying Masimo's motion to expand the 100-hour limit ordered previously, Judge Early considered whether any of Masimo's new arguments concerning changed circumstances provided a basis to alter those parameters. He concluded reasonably they did not.

Even if Masimo were correct that Judge Early did not apply Rule 26, a proposition with which the Court disagrees, the Court applies the applicable standard here to conclude there is nothing erroneous about Judge Early's ruling denying the requested relief. The 100-hour limit was intended to include the patent claims, which are currently stayed, and Masimo has not explained why the purported evolution of the trade secret claims warrant a change to the deposition limit at this late hour. Masimo does not dispute that, in seeking "leave to take more depositions [it] must make a 'particularized showing'" as to why the additional discovery is necessary." PAX Water Techs., Inc. v. Medora Corp., 2019 WL 8301182, at *1 (C.D. Cal. July 9, 2019). The Court finds that Masimo has not made that showing.

Based on Masimo's own arguments, Judge Early framed this shortcoming, in part, in terms of whether Masimo presented new facts or could have foreseen the issue earlier. The Court disagrees that Judge Early placed a burden on Masimo of predicting who Apple would designate. This issue may be more appropriately framed as waiting to the last minute to seek relief and failing to demonstrate why the requested relief is warranted; Judge Early did not fault Masimo for failing to predict who Apple would designate as a witness for Masimo's selected 30(b)(6) topics. As Apple observes, even using Masimo's estimate of an average 5-hour deposition per witness, as early as May 2022, Masimo might have calculated a purported need for 190 hours of deposition testimony, for example. Masimo does not explain why meeting the 100-hour limit was "technically possible," Reply at 2, at this time but is now impossible. Masimo also does not explain why Apple's adjustments to its 30(b)(6) designees warrant the specific amount of time requested or how declining to change the allotted time at this late hour would lead to identifiable prejudice.

Finally, the Court disagrees with Masimo that Judge Early's Order incentivizes Apple to be uncooperative during the remaining depositions. If Masimo identifies a specific instance of litigation misconduct that violates the spirit of Judge Early's order or this order, the Court has no doubt that Masimo will bring it to the Court's attention, as it has done with countless discovery-related matters thus far.

Although the Court encourages the parties to work together to avoid the need for further motion practice, the Court trusts that the parties will, as Judge Early predicted, use their "collective time, resources, and expertise" to proceed with the remaining depositions in an upstanding and efficient manner. For example, considering that the parties are

involved in multiple disputes in this Court and the ITC, the Court encourages the parties to work together to continue to identify efficiencies that may be available from litigating similar issues involving overlapping witnesses. As the Court has stated, it welcomes ongoing efforts by the parties to work together to save judicial and party resources in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Masimo's ex parte application.

**IT IS SO ORDERED.**

|                     |   | : | 0 |
|---------------------|---|---|---|
| Initials of Preparer |   | lmb |   |