FILED
CLERK, U.S. DISTRICT COURT

8/3/22

CENTRAL DISTRICT OF CALIFORNIA
BY:_____LB_____ DEPUTY

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No. SACV 20-00048 JVS (JDEx) <br><br> (JW Reference No.: A279845) <br><br> **ORDER NO. 10 OF SPECIAL MASTER REGARDING THREE DISCOVERY MOTIONS** |

## 1.    INTRODUCTION

This Discovery Order No. 10 of the Special Master addresses three pending discovery motions.

First, on May 12, 2022, Apple moved "to compel an additional supplemental response to Apple's damages contention interrogatory (Interrogatory No. 17)" in compliance with the Special Master's Discovery Order No. 4. ("Def. Rog 17 Mot." at 1; *see also* Discovery Order No. 4 at 5–6.) Masimo Corporation and Cercacor Laboratories, Inc. (together, "Plaintiffs") opposed the motion on May 19, 2022 ("Opp'n re Def. Rog 17"), and Apple filed a reply on May 26, 2022 ("Reply re Def. Rog 17").

Second, on May 31, 2022, Apple moved to compel compliance with the Special Master's Discovery Order No. 3, and specifically to compel a further supplemental response to Apple's Interrogatories Nos. 4 and 5. ("Def. Rog 4 & 5 Mot." at 1.) Apple states that these interrogatories relate to Plaintiffs' patent-inventorship and -ownership claims. (*Id.* at 1.) Plaintiffs filed their opposition to the motion on June 7, 2022 ("Opp'n re Def. Rog 4 & 5"), and on June 14, 2022 Apple filed its reply ("Reply re Def. Rog 4 & 5").

Third, on June 3, 2022, Plaintiffs moved to compel Apple "to respond fully to Masimo's Interrogatory No. 14, including by providing a limitation-by-limitation analysis of (1) the subject matter that Apple asserts its employees invented and (2) the evidence that Apple asserts supports its contentions." ("Plf. Rog 14 Mot." at 1.) Apple opposed on June 10, 2022 ("Opp'n re Plf. Rog 14"), and on June 17, 2022 Plaintiffs filed their reply ("Reply re Plf. Rog. 14").

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on June 24, 2022. Before the hearing, the parties were provided with a tentative ruling relating to the three disputes. The hearing was reported by Crystal Hereford, CSR No. 14416.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's May 12, 2022 Motion to Compel Regarding Interrogatory No. 17 is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in the subsections of Section 4.1 of this Order.

- Apple's May 31, 2022 Motion to Compel Regarding Interrogatory Nos. 4 and 5 is **DENIED** as stated in the subsections of Section 4.2 of this Order.

- Plaintiffs' June 3, 2022 Motion to Compel Regarding Interrogatory No. 14 is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 4.3 of this Order.

## 2.   BACKGROUND

As Judge Selna has noted in recent rulings, "The parties are familiar with the facts of this case." (Dkt. No. 732 at 2.) Rather than list the facts relevant to the various motions here, the

Special Master will state any relevant facts necessary to resolve the parties' dispute in the corresponding analysis subsection of this Order.

## 3.  LEGAL STANDARD

Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

## 4.  ANALYSIS

### 4.1  Apple's May 12, 2022 Motion to Compel re Interrogatory No. 17

Apple's Interrogatory No. 17 states the following.

> 17.    State in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief, including, without limitation, identifying and describing in detail all Documents and Communications relating to such contention and identifying all individuals having information about such contention.

(*See* Ex. 7 to Def. Rog 17 Mot.)

In Discovery Order No. 4, the Special Master considered a motion to compel brought by Apple regarding Interrogatory No. 17, Plaintiffs' computation of damages under Rule 26(a)(1)(A)(iii), and two of Apple's other interrogatories. In considering the parties' dispute regarding Apple's Interrogatory No. 17 and Plaintiffs' Rule 26 damages computation, the Special Master stated, *inter alia*,

> [a]s Apple notes, Masimo [(shorthand in Discovery Order No. 4 for both Masimo and Cercacor)] has not provided any information yet about whether "this is a $1 case or a case worth billions." (ROG Reply at 1 (quotations and citation omitted).) At this stage in the proceedings, more information is required in Masimo's initial disclosures and in response to Interrogatory No. 17. The Special Master will not order the particulars that

Apple demands at this time, but the Special Master has concerns that Masimo's compromise offers are not enough. N.D. Cal. Patent Local Rule 3-8 may provide some ideas for a potential middle ground that would be appropriate at this stage. The Special Master will be available to consider any further disputes relating to these items after Masimo has supplemented these responses.

(Discovery Order No. 4 at 6.)

Since Discovery Order No. 4 was issued, Plaintiffs have supplemented their response to Interrogatory No. 17 twice. (*See* Ex. 7 to Def. Rog 17 Mot.) The parties now dispute whether Plaintiffs' response is sufficient.

Apple argues that it specifically seeks five categories of information by its current motion.

(1) Responses specific to Cercacor, including Cercacor's damages theories.

(2) Factual support for lost sales allegations, and specifically "which of Masimo's products allegedly lost sales, what Plaintiffs contend caused the alleged lost sales, when those sales were lost, to whom those sales were lost, [ ] the value of the alleged lost sales . . . . [and] whether Masimo had the manufacturing and marketing capability to exploit the demand for any allegedly lost sales." (Def. Rog 17 Mot. at 3.)

(3) Factual support for unjust enrichment allegations, and specifically "any relationships, research opportunities, sales opportunities, or strategies Apple purportedly developed as a result of alleged misappropriation, or . . . any documents on which Plaintiffs intend to rely to support their allegations." (*Id.*)

(4) Factual support for Masimo's alleged long-term business plan, including "whether the plan was ever in writing, when the purported plan began or how any of Masimo's products relate to it." (*Id.* at 3–4.)

(5) Factual support for alleged harm to Masimo's market opportunity, including any value attributed to the alleged harm and "factual support for [Plaintiffs'] assertion that Apple and Masimo compete in the same market." (*Id.* at 4.)

The Special Master considers each of these categories in turn.

### 4.1.1   Category 1 (Responses as to Cercacor)

Plaintiffs argue that Apple served discovery on both Masimo and Cercacor together, and Plaintiffs assert that they responded accordingly. (Opp'n re Def. Rog 17 at 3.) Plaintiffs note that

they identified the Masimo and Cercacor cross-license agreement. (*Id.*) They state, "[t]o the extent Apple seeks further information about the relationship between Masimo Corp. and Cercacor, such information is not responsive to this interrogatory." (*Id.*)

At the hearing, Plaintiffs made a distinction between legal damages and "equitable damages." Plaintiffs argued that Apple had not sought – and Plaintiffs should not be required to supplement with – further responses regarding Plaintiffs' equitable claims for relief. Plaintiffs did not raise this argument in their opposition to Apple's current motion to compel. In the context of the Special Master's Discovery Order No. 4, Plaintiffs *did* draw this distinction between legal and equitable relief sought. (Jan. 21, 2022 Opp'n to Motion to Compel, at 1–2.) But Plaintiffs did so in the context of opposing Apple's request for a supplementation of Plaintiffs' Rule 26(a)(1)(A)(iii) damages computation. Apple's Interrogatory No. 17 seeks "all factual and legal bases for Your contention that You are entitled to any relief in this case." It is not limited to Plaintiffs' bases for only its legal damages. And of note, by its motion, Apple separately asks that Plaintiffs supplement their response regarding alleged unjust enrichment. Apple does not solely seek further responses regarding Plaintiffs' legal damages claims. Plaintiffs' argument is thus found unpersuasive, including given the phrasing of Interrogatory No. 17, the late-raised nature of Plaintiffs' argument in the context of the current motion, and general notions that Apple should be put on fair notice of the factual bases for Plaintiffs' theories for relief (whether legal or equitable).

Plaintiffs must provide further information about which one of them is seeking what type of relief, and the factual support for those assertions. Although Apple propounded a single interrogatory to both Plaintiffs, Apple is reasonably entitled to this information responding to its Interrogatory No. 17 during the fact discovery phase of this case. Although Plaintiffs argue that they have otherwise agreed to designate a Rule 30(b)(6) witness about Masimo's and Cercacor's relationship, that does not necessarily get to the heart of the question here: the relief sought by each particular Plaintiff in this case, and what factual assertions support that relief sought.

### 4.1.2   Category 2 (Factual Bases for Alleged Lost Sales)

Plaintiffs refer to portions of their fourth supplemental response to Interrogatory No. 17 where they "described the collaboration that Masimo and Apple explored in 2013, the great lengths

Apple went to obtain Masimo's technology, and that Apple stopped exploring that collaboration when it realized it could instead steal Masimo's trade secrets." (Opp'n re Def. Rog 17 at 3; *see also* Ex. 7 to Def. Rog 17 Mot., at 15–16.) In reply, Apple asserts that

> Plaintiffs effectively concede that their responses do not identify any **actual products** that Plaintiffs claim lost sales, the cause of the alleged lost sales, when those sales were lost, to whom those sales were lost, the value of the alleged lost sales, or that Plaintiffs had the manufacturing and marketing capability to exploit the demand for any allegedly lost sales.

(Reply re Def. Rog 17 at 2 (emphasis in original).)

In many respects, Apple's arguments in reply read as disagreement with Plaintiffs' legal theory underpinning their request for lost sales. On the current limited record, the Special Master declines to conclude that the factual circumstances described by Plaintiffs are insufficient to support a legal lost sales theory in the context of this trade secret misappropriation case. (*See id.* (citing only a patent case to support arguments in reply).)

At the hearing, Plaintiffs argued that they should not be required to provide a value of their alleged lost sales at this time, as such a value is properly the subject of expert opinion. This argument was not developed in Plaintiffs' opposition, either. At most, Plaintiffs argued that their Rule 26(a)(1)(A)(iii) disclosures "also provided exemplary calculations of Masimo's damages." (Opp'n re Def. Rog 17 at 2.) Apple responded at the hearing that they are seeking a "rough value" based on what products were not sold and the market Plaintiffs were unable to sell them in.

Some numerical values, for example the net profit of particular products sold, can sometimes lead to simple evidentiary-based damages calculations. How many products are *not* sold (to the extent Plaintiffs' lost profit damages theory even assumes a product that has since actually been brought to market after their failed negotiations with Apple) inherently requires estimation. To the extent Plaintiffs are aware of underlying numerical values or assumptions that their expert may ultimately use in lost sales damages calculations, they should disclose them. Otherwise, the Special Master agrees that Plaintiffs need not disclose expert opinions at this time.

Plaintiffs must supplement their current response to Interrogatory No. 17 with any fact-based numerical values that they may rely on in alleging lost sales. In addition, they must

supplement with information regarding whether Plaintiffs had the manufacturing and marketing capability to exploit the demand for any sales lost. (At the hearing, Plaintiffs did not challenge the Special Master's ruling on this second point.)

### 4.1.3   Category 3 (Factual Bases for Alleged Unjust Enrichment)

Plaintiffs argue that their current response to Interrogatory No. 17 identifies certain Apple emails about the impact of heart monitoring and wearables on "driving people into the Apple ecosystem." (Opp'n re Def. Rog 17 at 3–4.) Plaintiffs state that they are continuing to review Apple's millions of produced documents, and also state, "Apple certainly knows the ways it benefited from Masimo's trade secrets, and Masimo expects Apple to provide further discovery on this topic as the parties finish document production and take depositions." (*Id.*)

But the Special Master agrees with Apple that "[t]o the extent Plaintiffs claim that there is responsive information that is solely in Apple's possession, Plaintiffs should be required to identify that information." (Reply re Def. Rog 17 at 2 n.2.) Plaintiffs need to do more at this juncture to explain their non-privileged, factual bases (or anticipated factual bases) for this claim for relief, including (if necessary) by describing what additional information they believe is in Apple's possession that will support that theory (again, without revealing privileged or work product information).

At the hearing, Plaintiffs also disputed whether they should be obligated to provide more information specifically about whether Masimo or Cercacor is seeking relief under an unjust enrichment claim. Plaintiffs disputed that they should be required to do so, arguing that which Plaintiff will ultimately be entitled to recovery under this claim is not relevant to the question of whether Apple has been unjustly enriched (and the amount of Apple's unjust enrichment). The Special Master finds Plaintiffs' arguments unpersuasive. To the Special Master's knowledge, no party has argued that Plaintiffs are operating as alter egos of one another in this case. Instead, Plaintiffs have a contractual, business relationship governing their conduct. Any factual support must be disclosed (including based on the contract itself) for how Plaintiffs are proceeding amongst themselves with the relief they seek.

### 4.1.4   Category 4 (Factual Support for Alleged Business Plan)

Plaintiffs argue that they have "detailed the many ways" they have executed a long-term business plan, including by referencing devices and products they have created, describing their target consumers, and producing "hundreds of thousands of pages detailing the development and features of these products." (Opp'n re Def. Rog 17 at 4.)

Apple states, "Plaintiffs have failed to identify a *single document* substantiating the *existence* of the alleged 'long-term business plan,' let alone its supposed scope. Where is the plan?" (Reply re Def. Rog 17 at 3 (emphasis in original).)

Interrogatory No. 17 seeks an identification of all documents and communications relating to Plaintiffs' contentions, and is not improper in doing so. Plaintiffs assert in opposition that they have provided evidence that will support their assertion of a long-term business plan. Although Apple disputes this, Apple cannot dictate the form of the evidence that exists to support Plaintiffs' factual and legal assertions in this case. To the extent Plaintiffs do have any documents they would otherwise rely on to support their assertion of a long-term business plan and thus their damages theories in this case, it would be in their best interest to identify or better describe those documents in response to this interrogatory. Otherwise, they risk not being able to use those materials at trial.

And here, the Special Master must also note that solely providing a general reference to all of the many hundreds of thousands of pages produced in the ITC case (and re-produced in this case) will create issues. Although it might seem otherwise, Plaintiffs have not really reduced their ultimate risk of exclusion at trial under this "burying" approach. Plaintiffs should specifically identify the evidence to support their claims at this stage, rather than forcing Apple and their counsel to wade through the materials produced so they can guess what particular documents Plaintiffs will eventually pull out of the pile.

### 4.1.5   Category 5 (Factual Support for Alleged Harm to Market Opportunity)

Plaintiffs argue that they "detailed how Apple's misappropriation harmed Masimo's opportunity to collaborate with Apple," and also described the "many monitoring products Masimo sells directly to consumers." (Opp'n re Def. Rog 17 at 4.)

Similar to the Special Master's finding for Category 2, Plaintiffs must supplement to describe any evidentiary-based numerical values that they may rely on to allege harm to their market opportunity. Ultimate expert opinions and calculations are not required at this stage.

At the hearing, Apple reiterated its argument that Plaintiffs have failed to adequately identify which of their products they've lost money on. For example, Plaintiffs' current interrogatory response states, "[b]ut for Apple's misappropriation of Masimo's trade secrets, Masimo would have more value and sold more *noninvasive monitoring hardware, software, and service subscriptions*." (Def. Rog 17 Mot., Ex. 7 at 17 (emphasis added).) Apple argues that Plaintiffs should simply identify what hardware, by product name, they are referencing by this assertion.

Again, it is not clear that Plaintiffs' market opportunity harm theory even assumes products that have since actually been brought to market after Plaintiffs' failed negotiations with Apple. (*See id.* at 15:20–16:14 (explaining, in part, that "[b]ut for Apple's misappropriation, Masimo would have earlier developed a pulse oximetry hardware and software module for use in wearable products for at least Apple to incorporate into a watch.").) To the extent Plaintiffs' theory does include such products, the Special Master agrees with Apple that a more particularized product identification would be appropriate. Otherwise, Apple's disagreement with Plaintiffs' theory itself does not warrant a further supplemental response. (*See also supra*, § 4.1.2.)

The Special Master otherwise finds that Plaintiffs have provided sufficient factual information to support their assertions about the nature of the market and the fact that they believe they compete in the same market as Apple. (*See id.* at 4.) Although Apple briefly continued to dispute this point at the hearing, including in the context of § 4.1.1, Apple's arguments remain unpersuasive on this issue.

In reply, Apple added that it is entitled to know the facts supporting Plaintiffs' "theory" that "consumers believe that if Apple offers a technology, that it is probably as good as it gets and will work as advertised." (Reply re Def. Rog 17 at 3 (quoting Ex. 7 to Def. Rog 17 Mot., at 16).) But this statement quoted from Plaintiffs interrogatory response, raised for the first time in Apple's reply, is itself a factual explanation to support Plaintiffs' theory that they experienced market harm by a lack of collaboration with Apple in 2013. Again, it will ultimately be in Plaintiffs' best interest to expand

on the factual bases supporting all of their damages theory now, rather than risk exclusion at trial. But the Special Master finds that compelling a further response on this particular point is also not warranted in the circumstances presented, including that the argument was not timely raised.

### 4.1.6   Conclusion Regarding Apple's May 12, 2022 Motion

Apple's May 12, 2022 Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiffs must supplement their response to Interrogatory No. 17 within 21 days of this Order No. 10 to include: (1) further information about which one of them (Masimo or Cercacor) is seeking what type of relief, and the factual support for those assertions; (2) any fact-based numerical values that Plaintiffs may rely on in alleging lost sales and whether they had the manufacturing and marketing capability to exploit the demand for any sales lost; (3) the non-privileged, factual bases (or anticipated factual bases) for their unjust enrichment damages theory, including what additional information they believe is in Apple's possession that will support that theory (again, without revealing privileged or work product information); and (4) any evidentiary-based numerical values that they may rely on to allege harm to their market opportunity. The Special Master has already cautioned what Plaintiffs risk by not otherwise being forthcoming in their response to these interrogatories, and the Special Master will not order more than this at this time.

### 4.2   Apple's May 31, 2022 Motion to Compel re Interrogatories No. 4 & 5

At the hearing, after Apple made a quick additional comment regarding one issue raised in briefing (about Plaintiffs' response's reference to "others"), both parties submitted on the tentative ruling as to this motion. The Special Master thus provides the analysis from his tentative ruling in the subsections the follow.

Apple's Interrogatories Nos. 4 & 5 seek the following.

4.   For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and

describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent.

5.      For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or  such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

(*See generally* Ex. E to Def. Rog 4 & 5 Mot.)

This is now the third time Plaintiffs' responses to these interrogatories has been the subject of motion practice. Judge Early considered the issue in February 2021. (Dkt. No. 298 at 13–14.) In Discovery Order No. 3, the Special Master considered it as well. (*See* Amended Discovery Order No. 3 at 7–8.) In Discovery Order No. 3, the Special Master stated, among other things,

> There is no reasonable dispute that at least some further response to these interrogatories is warranted before discovery closes. The issues, however, are *when* further responses must be provided and *how much more detail* is required.
>
>           *                   *                      *
>
>     . . . . [S]urely Masimo can now provide more detailed responses to these interrogatories compared to what it could a year ago. And with the end of fact discovery approaching, Apple is entitled to those further responses so that it can investigate and defend against Masimo's assertions in turn.
>
> As far as the amount of detail required, at the hearing, Apple explained that it maintains its request for patent inventorship contributions by specific column and line number of the specification, which is Masimo's chief complaint about the scope of these interrogatories. Based on consideration of the arguments raised, including new arguments made at the hearing, the Special Master finds that the full scope of these interrogatories is overly broad and unduly burdensome. Although Apple has suggested some potential basis for seeking inventorship contribution by column and line number of the specification, proportionality ultimately does not support the exercise.
>
> Instead, Apple has otherwise stated in more general terms that No. 4 seeks "the facts underlying [Plaintiffs'] claim that their employees invented the subject

> matter set forth in the Apple patents and patent applications listed in the complaint and to describe the circumstances under which they contend the inventions occurred." (ROG Mot. at 1.) As to No. 5, Apple has stated that it asks "Plaintiffs to identify the evidence that they believe demonstrates that former Apple employee Marcelo Lamego developed the subject matter set forth in each Apple patent and application while he was working for Plaintiffs and to describe the circumstances under which he or others did so." (*Id.*) Masimo must provide this information to the best of its ability under this Order, and of course must later supplement if more information comes to light in the final months of discovery. But it is not required to do so by providing a column and line number analysis of the applicable patent specifications.

(*Id.* (emphasis in original).)

Plaintiffs have supplemented their response to Interrogatory Nos. 4 and 5 twice since the Special Master issued Discovery Order No. 3.

Apple now argues that Plaintiffs' response remains deficient on four bases:

(1) The alleged inventors of the Apple Patents are not identified with sufficient specificity, including because Plaintiffs' response refers to unnamed "others" and otherwise states for named individuals simply that the "knew of and taught" the claimed subject matter. (Def. Rog 4 & 5 Mot. at 3.)

(2) Plaintiffs have not identified the specific date of invention for each of their inventorship/ownership claims. (*Id.* at 3–4.)

(3) Plaintiffs have not "describe[d] the circumstances under which" their employees allegedly developed the subject matter of the Apple Patents, and instead only respond by saying that employees "knew of and taught" the subject matter. (*Id.* at 4.)

(4) Plaintiffs have not sufficiently identified Lamego's role in inventing the subject matter of the Apple Patents while employed by Plaintiffs, and otherwise provide only "speculative assertions without any citations to documentary evidence" to support this allegation. (*Id.* at 4–5.)

The Special Master again considers these disputes in turn.

### 4.2.1  Dispute 1 (Identification of Alleged Inventors)

Plaintiffs argue that they appropriately refer to "others" who were improperly omitted as inventors in their interrogatory responses. According to Plaintiffs,

> [t]his language reflects that discovery is ongoing and there may have been other Masimo employees who also disclosed the claimed subject matter to Lamego. If Masimo identifies any such person, it will further supplement its responses to identify him or her. Masimo is not currently aware of such 'others' and is not withholding anything from Apple.

(Opp'n re Def. Rog 4 & 5 at 3.)

With fact discovery open, including documents still to review and depositions forthcoming, Plaintiffs have sufficiently explained their use of the term "others" in this interrogatory response. To the extent Plaintiffs might later supplement their responses to add additional alleged inventors, any dispute over whether Plaintiffs' supplement is timely can be addressed then.

Plaintiffs otherwise argue that their assertions that particular individuals "knew of and taught" claimed subject matter to Lamego are sufficient. (*Id.*) Plaintiffs assert that "Apple's citation to cases that involved teaching only 'well-known' concepts does not address the subject matter that Masimo's employees taught Lamego." (*Id.*) In reply, Apple argues that "Plaintiffs double down on their assertion that merely teaching (already public known) subject matter to another is sufficient to establish co-inventorship." (Reply re Def. Rog 4 & 5 at 2.) But this statement does not accurately reflect Plaintiffs' position as stated in their opposition brief and quoted here. Plaintiffs are not asserting that the employees taught Lamego *publicly-available* subject matter at the time.

Apple then adds new arguments not made in its opening brief regarding the sufficiency of the evidence submitted with Plaintiffs' interrogatory responses, including suggesting that evidence is either lacking or only related to publicly-available information. (*Id.* at 2.) Apple's arguments are unpersuasive, including because they are late-raised. In addition, Apple suggests that Plaintiffs cannot "rely on prior patent applications that were *eventually* published to show special knowledge" to support their inventorship/ownership claims. (*Id.* (emphasis added).) But Apple has not provided adequate legal basis under the circumstances to support such an assertion. Ultimately, the Special Master finds Apple's arguments on this point unpersuasive here.

### 4.2.2   Dispute 2 (Identification of Specific Date of Invention)

Plaintiffs argue that their responses "identified specific dates on which and by which the omitted inventors taught the claimed subject matter to Lamego." (Opp'n re Def. Rog 4 & 5 at 4.) But Plaintiffs go on to state,

> Masimo does not currently know, and does not need to know, when its employees first possessed or first disclosed the claimed subject matter to Lamego. Masimo is confident that establishing its employees taught the claimed subject matter to Lamego before he left for Apple will be sufficient for Masimo to prevail on its inventorship and ownership claims.

(*Id.*)

In reply, Apple argues, among other things, that "such information is crucial to Apple's *defense* against Plaintiffs' claims—for example, Apple might want to show that the inventions could not have been conceived at the time Plaintiffs identify because of non-overlapping employment periods." (Reply re Def. Rog 4 & 5 at 2 (emphasis in original).) Apple also refers to a footnote in its motion where it stated, "that Plaintiffs' employees had access to an invention does not show that they were the first ones to conceive of it (or reduce it to practice)." (Def. Rog 4 & 5 Mot. at 3 n.2.)

The Special Master agrees with Apple's sentiment that Plaintiffs' alleged dates to support their patent inventorship and ownership claims are relevant here to the extent they allow Apple to craft defenses accordingly. Apple shouldn't be subjected to Plaintiffs' later shifting position on operative dates for proving these claims, whether later in this case or at trial. Plaintiffs have identified dates in their responses, and at least for purposes of this motion, assert they are "confident" about relying on those dates for purposes of their claims. To the extent Plaintiffs may seek in the future to supplement their responses to move those dates earlier, it will then be appropriate to determine whether that supplementation is timely or otherwise should be permitted, knowing that Apple is relying on Plaintiffs' statements in preparing its defenses.

In 2013, the America Invents Act changed the United States' patent system from a "first to invent" to a "first to file" model. Before 2013, proving a date of conception was often important in establishing patent rights. In making this determination about the parties' discovery dispute, the Special Master does not decide at this stage whether Plaintiffs' reliance on the particular dates identified, related to when subject matter was "known and taught" rather than when subject matter was conceived, would indeed be legally sufficient for Plaintiffs to prove their claims at trial.

### 4.2.3   Dispute 3 ("Circumstances Under Which" Subject Matter Was Developed)

Plaintiffs state that their response "identifies many specific circumstances, including pinpoint citations to supporting emails, invention disclosures, engineering drawings, and laboratory notebooks that document Masimo employees possessed and conveyed to Lamego the claimed subject matter." (Opp'n re Def. Rog 4 & 5 at 4.) Plaintiffs otherwise argue that Apple is bringing a "merits argument" that is not properly addressed in the context of this discovery motion.

In reply, Apple asserts, "Plaintiffs do not dispute that they have provided virtually no details describing how their employees actually conceived of the inventions." (Reply re Def. Rog 4 & 5 at 3.) Apple refers to its arguments regarding Dispute 1 and further states, "mere possession does not establish inventorship and Plaintiffs' failure to spell out their theory of invention impedes Apple's ability to prepare a defense." (*Id*.)

As the Special Master has already commented in other places, Plaintiffs leave out factual details in these interrogatory responses largely at their own peril for purposes of trial and applicable law in this case. But Plaintiffs have provided sufficient information at least for purposes of this motion to describe their inventorship/ownership theories, including identifying evidence to support those theories. (Plaintiffs have also made it clear that they believe it unnecessary to further explain the circumstances of conception supporting some of their claims, given the documentation that they cite in their response.) Apple would essentially take the position that reference to Plaintiffs' prior patent filings provides insufficient evidence for Plaintiffs to eventually prove their claims. But even as to the Apple Patents where this is the only evidence Plaintiffs reference in their response, Apple has not submitted dispositive legal authority to support its position in the context of this motion. Still, although the Special Master finds that Plaintiffs need not supplement on this point, as with the last dispute, the Special Master's determination should not be construed as a determination of the legal sufficiency of Plaintiffs' position regarding this claim and the evidence needed to prove it.

### 4.2.4   Dispute 4 (Lamego's Role in Inventing Subject Matter)

Regarding Lamego's role in inventing the subject matter, Plaintiffs argue that Apple is disputing "the sufficiency or persuasiveness of Masimo's evidence, not the sufficiency of Masimo's

interrogatory response [to Interrogatory No. 5]." (Opp'n re Def. Rog 4 & 5 at 5.) Plaintiffs refer to the information they describe in response Interrogatory No. 4, and note that Plaintiffs' response to Interrogatory No. 5 includes additional support for Plaintiffs' claims regarding Lamego, including by referencing Masimo patent applications and inventor oaths signed by Lamego. (*Id.*)

Again, these are Plaintiffs' inventorship and ownership claims, and it's best for Plaintiffs to provide fulsome discovery responses related to them so that there is no dispute later on about the timing of Plaintiffs' factual disclosures. Of note, although Plaintiffs' third supplemental response to Interrogatory No. 5 is quite short, it incorporates by reference Plaintiffs' earlier responses to that interrogatory as well as to others. Plaintiffs should avoid burying the lead, but again, they do so at their own peril. For purposes of this discovery motion, the Special Master finds Plaintiffs' responses sufficient on the points challenged by Apple.

### 4.2.5   Conclusion Regarding Apple's May 31, 2022 Motion to Compel

For the reasons stated, the Special Master **DENIES** Apple's May 31, 2022 motion to compel a further supplemental response to its Interrogatory No. 4 & 5 on the bases brought before the Special Master for consideration.

### 4.3   Plaintiffs' June 3, 2022 Motion to Compel re Interrogatory No. 14

Plaintiffs' Interrogatory No. 14 states the following.

> 14. For each Disputed Patent, identify in detail all facts relating to the alleged invention of the subject matter of the Disputed Patent by the named inventors, including identifying by column and line number all subject matter of each Disputed Patent that was contributed by each named inventor, describing the circumstances under which such subject matter was conceived and reduced to practice, identifying when such conception and reduction to practice took place, identifying all persons involved in such conception and reduction to practice, describing each named inventor's contribution and the contributions of any other persons to the conception and reduction to practice of such subject matter, and identifying all evidence allegedly corroborating such conception and reduction to practice.

(Ex. 4 to Plf. Rog 14 Mot., at 3.)

Plaintiffs state that they specifically seek "an Order compelling Apple to, separately for each patent and on a limitation-by-limitation basis, identify the claimed subject matter that Apple contends the named inventors contributed, and identify the portion of each cited document (or other evidence) that Apple contends supports the named inventors' contribution to each limitation."

(Plf. Rog 14 Mot. at 1.) In bringing their motion, Plaintiffs heavily emphasize that Apple has moved to compel Plaintiffs to provide further supplemental responses to Apple's Interrogatory Nos. 4 and 5. (*See supra*, § 4.2.) Plaintiffs suggest that because Apple asked for certain information from Plaintiffs regarding Apple's Interrogatory Nos. 4 and 5, Apple should be required to provide the same level of detail in response to Plaintiffs' Interrogatory No. 14.

Apple argues that it has provided sufficient detail in its interrogatory response. It asserts that "unlike Plaintiffs, Apple bears no burden to establish inventorship of its own patents" in this case. (Opp'n re Plf. Rog 25 at 3.) Apple states that in these circumstances, it "need not prove inventorship for the named inventors on a 'limitation-by-limitation' basis." (*Id.*) Apple further disputes Plaintiffs' assertion under Rule 33(d) that Apple must "identify the portion of each cited document" that supports its response to Interrogatory No. 14. (*Id.* at 4–5.) Apple also responds to arguments that it failed to provide any evidence or discussion for certain patents, including by arguing Plaintiffs failed to adequately meet and confer regarding the alleged deficiencies in Apple's interrogatory response regarding those three patents.

This is the first time Plaintiffs' Interrogatory No. 14 has been raised with the Special Master, and Plaintiffs are not seeking to compel a response to the full scope of this interrogatory. (*See* Ex. 4 to Plf. Rog 14 Mot., at 3 (seeking an identification of inventors by patent column and line number).) It seems some concessions have already been made (perhaps based on review of the Special Master's earlier rulings or Plaintiffs' own earlier arguments) that the full scope of Interrogatory No. 14 is unduly broad and overly burdensome.

The Special Master agrees with Plaintiffs that Apple will eventually need to rebut Plaintiffs' inventorship evidence with more than just a vague reference to an overall patent inventorship claim for each of the Apple Patents at issue. Plaintiffs have shown at a high level that the information they seek is relevant in this case to the extent it provides information regarding Apple's factual bases for its rebuttal arguments to Plaintiffs' particular inventorship claims. (Reply re Plf. Rog 25 at 2 ("Apple must disclose in discovery its position and any evidence on which it may rely to attempt to rebut Masimo's showing of inventorship.").)

But Plaintiffs have not adequately presented any other relevance arguments for the

information sought beyond relevance to Apple's rebuttal (inventorship) arguments. Plaintiffs have thus not shown why a limitation-by-limitation response to this interrogatory is warranted. For example, if Plaintiffs do not assert that their alleged inventors have invented a particular limitation of an Apple Patent, Apple's basis for asserting that its own inventors indeed invented that limitation would not be at issue or otherwise relevant to the claims or defenses in this case. If Apple otherwise decides that it need not prove inventorship of a particular limitation or rebut a particular inventorship argument made by Plaintiffs on a limitation-by-limitation basis, that is Apple's prerogative, and Apple assumes the associated risk of that choice at this stage. As with the parties' other disputes, the Special Master will not reach a determination as a matter of law regarding whether a limitation-by-limitation level of detail is needed to rebut an inventorship claim like the one Plaintiffs bring here. The Special Master simply finds that Apple's response's current level of detail is insufficient to put Plaintiffs on notice of Apple's factual bases for its rebuttal arguments and risks the same "burying" referenced in the context of other findings in this Order.

At the hearing, Plaintiffs urged that Apple must provide a limitation-by-limitation response to this interrogatory. Among other arguments, they noted that Apple had demanded limitation-by-limitation detail in response to its Interrogatory Nos. 4 and 5. But when the Special Master considered the parties' dispute over those interrogatories in Discovery Order No. 3, he ultimately ordered that Apple's "request for patent inventorship contributions by specific column and line number of the specification" was "overly broad and unduly burdensome." (Discovery Order No. 3 at 8.) The Special Master ordered a further response to Interrogatory Nos. 4 and 5, but not on a limitation-by-limitation basis. (*Id.*) That Plaintiffs ultimately decided to provide limitation-by-limitation detail in answer to those interrogatories, after the Special Master resolved the parties' page-and-line-number dispute in Plaintiffs' favor, does not support imposing such a requirement in the context of the current motion. And again, Plaintiffs have not adequately explained how obtaining inventorship information from Apple on a limitation-by-limitation basis, particularly if Apple does not intend to raise limitation-by-limitation rebuttal inventorship arguments in this case, is relevant and proportional to the needs of this case.

As noted, the parties raise two other arguments regarding (1) whether Apple has complied

with Rule 33(d) and (2) whether Apple has provided sufficient evidence to support the alleged invention of three of its patents, specifically the '977, '754, and '671 Patents. Compliance with the Special Master's order for more detail on Apple's rebuttal arguments to Plaintiffs' invention claims will inherently address these two other disputes. Thus, the Special Master finds that no further rulings on these issues are warranted at this time and on the current record.

Plaintiffs' June 3, 2022 motion to compel a further response to their Interrogatory No. 14 is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated herein, with a further response due within 21 days of this Order.

## 5.   CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's May 12, 2022 Motion to Compel Regarding Interrogatory No. 17 is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in the subsections of Section 4.1 of this Order.
- Apple's May 31, 2022 Motion to Compel Regarding Interrogatory Nos. 4 and 5 is **DENIED** as stated in the subsections of Section 4.2 of this Order.
- Plaintiffs' June 3, 2022 Motion to Compel Regarding Interrogatory No. 14 is **GRANTED-IN-PART** and **DENIED-IN-PART** as stated in Section 4.3 of this Order.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated:  June 29, 2022

Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
**Alternative Dispute Resolution**

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

*Results Beyond Dispute*℠

www.judicatewest.com

## PROOF OF SERVICE

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On June 29, 2022, I served the foregoing documents, described as:

**ORDER NO. 1O OF SPECIAL MASTER REGARDING THREE DISCOVERY MOTIONS**

to the following parties:

### SEE ATTACHED MAILING LIST

**(X) BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

**( ) BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

**( ) BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

**( ) BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

**( ) BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

**( ) STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**( ) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 29, 2022,** at Santa Ana, California

Heidi Adams
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los  Angeles, CA 90017 • (213) 223-1 113 • Fax (213) 223-1 114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA  95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA  92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA  94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los  Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Wednesday, June 29, 2022

**JW Case #: A279845**

### Case Caption: Masimo Corporation, et al. vs. Apple, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Theresa A. Roozen, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000   Fax:
Email: theresa.roozen@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.


Eric C. Rusnak, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000   Fax:
Email: eric.rusnak@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Michael E. Zeliger, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2550 Hanover Street
Palo Alto, CA 94304
Phone: (650) 233-4500   Fax:
Email: michael.zeliger@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: npous@apple.com
Representing Apple, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000   Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**

1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.


Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495