FILED
CLERK, U.S. DISTRICT COURT
8/3/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 11 OF SPECIAL MASTER REGARDING TWO DISCOVERY MOTIONS** |

## 1. INTRODUCTION

This Discovery Order No. 11 of the Special Master addresses two pending discovery motions.

First, on June 1, 2022, Plaintiffs moved to compel Apple "to respond to Interrogatory 25," which Plaintiffs state "seeks non-privileged facts regarding the extent of Apple's involvement and participation in the *True Wearables* litigation." ("Plf. Rog 25 Mot." at 1.) On June 8, 2022 Apple opposed ("Opp'n re Plf. Rog 25"), and on June 15, 2022 Plaintiffs replied ("Reply re Plf. Rog 25").

After all briefing was received regarding this motion and two others involving a non-party, the Special Master concluded that additional information was necessary on a legal question related to the relevance of certain information sought. On June 24, 2022, an Order of Special Master

Requesting Supplemental Briefing Regarding Plaintiffs' "Non-Party Issue Preclusion Theory" was issued. The parties (and the non-party) timely filed two rounds of short supplemental briefs in response.

Second, on June 14, 2022, Plaintiffs moved "for an order compelling Apple to supplement its responses to Interrogatory Nos. 20 and 21." ("Plf. Rog 20 & 21 Mot." at 1.) Apple filed an opposition on June 21, 2022 ("Opp'n re Plf. Rog 20 & 21"), and Plaintiffs filed a reply on June 28, 2022 ("Reply re Plf. Rog 20 & 21").

After thorough letter-briefing, an oral argument was held on July 13, 2022. The hearing was reported by Lori Stokes, CSR No. 12732. Before the hearing, the parties were provided with a tentative ruling relating to the two disputes.

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

As explained further in various sections of this Order, the Special Master now rules as follows.

- The Special Master **DEFERS RULING** on Plaintiffs' June 1, 2022 motion to compel. The Special Master respectfully finds that before the motion can be resolved, Judge Selna's guidance should first be sought on the following threshold question: whether Plaintiffs will be permitted to seek discovery in this case regarding their offensive non-party issue preclusion theory. The Special Master **RECOMMENDS** that each party file an opening brief on this issue with the Court of no more than 10 pages by July 22, 2022 (submitted as a noticed motion on the Court's docket); each party file responsive cross-briefs of no more than 5 pages by July 29, 2022; and no additional briefs be permitted except as otherwise requested by Judge Selna, with Judge Selna respectfully asked to review the dispute at his earliest convenience.

- The Special Master **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiffs' June 14, 2022 motion to compel as stated in Section 4.2.3 of this Discovery Order No. 11 and described in the other subparts of Section 4.2. Any further responses required by this Order must be served within 21 days.

## 2. BACKGROUND

As Judge Selna has noted in recent rulings, "The parties are familiar with the facts of this case." (Dkt. No. 732 at 2.) Rather than list the facts relevant to the various motions here, the Special Master will state any facts necessary to resolve the parties' dispute in the corresponding analysis subsections of this Order.

As a preliminary matter, the Special Master also notes continued concerns about the practicality of many of the discovery requests as presented for review. The requests are initially often complex, and the complexity of the requests is increased by meet and confer discussions, a vigorous motion practice, and orders from numerus sources. Ultimately, it's sometimes difficult to determine how the final discovery result will be useful leading up to trial and particularly in front of a jury. This suggests the value of shorter, simpler orders. Still, the Special Master will strive to be as thorough as necessary.

## 3. LEGAL STANDARD

Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

## 4. ANALYSIS

### 4.1 Plaintiffs' June 1, 2022 Motion to Compel re Interrogatory No. 25

Plaintiffs' Interrogatory No. 25 states the following.

> 25. Describe in detail Apple's relationship with True Wearables and/or Marcelo Lamego regarding *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001, including appeals ("*True Wearables*") and/or this case. Your response should include whether Apple provided input on what legal counsel would represent True Wearables and/or Lamego; whether Apple pays for any litigation expenses, including attorney

> fees, incurred by True Wearables and/or Lamego; whether Apple has itself retained attorneys at Merchant & Gould or otherwise regarding *True Wearables*; whether Apple paid Merchant & Gould for any costs or services regarding *True Wearables* or this case; whether True Wearables and/or Lamego has an indemnification agreement with Apple; the extent to which Apple and/or its legal counsel can be involved in, influence, control, or determine whether to appeal in *True Wearables*; the extent to which Apple and/or its legal counsel can be involved in, review, provide input on, draft, edit, or approve filings in *True Wearables*; the extent to which Apple and/or its legal counsel can be involved in, provide input on, influence, or affect litigation strategy in *True Wearables*; and the details of Apple's agreement with True Wearables and/or Lamego to coordinate on issues arising out of this case or *True Wearables*.

(Ex. 1 to Plf. Rog 25 Mot., at 3.)

Plaintiffs state that "at issue here" are the last four topics of the nine listed in Interrogatory No. 25, beginning with "the extent to which Apple and/or its legal counsel can be involved in, influence, control, or determine whether to appeal in *True Wearables*." (Plf. Rog 25 Mot. at 2–3.) Plaintiffs argue that Interrogatory No. 25 seeks information "relevant to whether Apple exercised sufficient control over the *True Wearables* litigation that Apple may be bound by adverse rulings." (Plf. Rog 25 Mot. at 2.) Plaintiffs do not provide any other relevance arguments in support of this motion.

In the Special Master's June 24, 2022 Order Requesting Supplemental Briefing Regarding Plaintiff's "Non-Party Issue Preclusion Theory," the Special Master directed the parties to submit supplemental briefs "on the issues discussed [at the June 24, 2022 hearing]," ("Order re Suppl. Brs." at 2.) including regarding whether "issue preclusion is something that should be pled, particularly where it would be used to bind a party to determinations reached in another case involving other parties, and thus be relevant to dictating the ultimate judgment against a party in this case." (*Id.* at 4.)

The parties' supplemental briefs reflect a multi-layered dispute on this issue. In their June 30, 2022 supplemental briefs, the parties disagree about whether Plaintiffs were required to plead their non-party issue preclusion theory in this case. Plaintiffs argue that they were not required to plead it, and further insist that this is not a matter of pleading at all, as parties can obtain discovery on matters even if they are not expressly referenced by the pleadings. ("Plf. Op. Suppl. Br. at 1.) Apple argues that "[w]hether Plaintiffs were required to affirmatively plead issue preclusion is an open question." ("Def. Op. Suppl. Br. at 1.) Apple argues that "[r]esolving whether Plaintiffs

provided sufficient notice of their issue preclusion argument requires at least a partial consideration of the merits, and should thus only be resolved after full briefing in front of Judge Selna." (*Id.*) But Apple also reiterates earlier arguments that Plaintiffs' motion to compel can still be denied by the Special Master on the current record because (1) "Apple has provided sufficient information in response to Plaintiffs' discovery requests to show that Plaintiffs cannot establish control," (2) Apple has already stated that it had "no legal right to be involved in, review, provide input on," aspects of the *True Wearables* case and (3) any additional information sought is protected by privilege, and Plaintiffs cannot meet the showing necessary to overcome that privilege. (*Id.* at 2–3.)

      The Special Master finds that the question of whether Plaintiffs should be permitted to seek discovery on their non-party issue preclusion theory in this case is more appropriately decided by Judge Selna in the first instance and before resolution of the current discovery motion. Beyond the initial issue of whether the theory needed to be pled, other procedural issues have also been raised more generally, such as whether Plaintiffs timely identified this theory during the course of this case. Apple has also asserted that the record is already sufficiently clear to show that Plaintiffs will ultimately be unable to muster the evidence necessary to satisfy the applicable legal standard for non-party issue preclusion (a legal standard somewhat disputed by the parties), thus (according to Apple) making the discovery Plaintiffs seek on this issue irrelevant. (Opp'n re Plf. Rog 25 at 2.) Judge Selna's guidance is thus respectfully sought on these threshold issues. Certainly, an initial ruling by the Court in this limited situation that will ultimately affect numerous discovery disputes may save time by avoiding the need to review one or more initial rulings by the Special Master.

      At the hearing, among other things, Plaintiffs alternatively asked whether the Special Master would agree to submitting the current record on the June 1, 2022 motion to compel to Judge Selna without further briefing. The Special Master will not impose on Judge Selna the burden of reviewing in the first instance at least seven separate briefs relating to this dispute. This is particularly the case where the threshold issues requiring Judge Selna's review are not well-developed in many (if any) of those beliefs. The Special Master also believes these threshold issues are likely to impact future disputes between the parties. Additional sub-issues and arguments are raised in the current

briefs, including relating to (1) whether some or all the information sought is protected by privilege, and (2) if so, whether Plaintiffs can show a substantial need for the information such that privilege can be overcome. Those sub-issues specific to the June 1, 2022 motion to compel are better reviewed by the Special Master in the first instance, minimizing additional burden on the Court, after these potentially more far-reaching threshold questions are separately considered by Judge Selna.

Thus, after balancing numerous considerations, the Special Master **DEFERS RULING** on Plaintiffs' June 1, 2022 motion to compel. The Special Master respectfully finds that before the motion can be resolved, Judge Selna's guidance must first be sought on the following threshold question: whether Plaintiffs will be permitted to seek discovery in this case regarding their offensive non-party issue preclusion theory. The Special Master **RECOMMENDS** that each party file an opening brief on this issue with the Court of no more than 10 pages by July 22, 2022 submitted as a noticed motion on the Court's docket); each party file responsive cross-briefs of no more than 5 pages by July 29, 2022; and no additional briefs be permitted except as otherwise requested by Judge Selna, with Judge Selna respectfully asked to review the dispute at his earliest convenience.

### 4.2    Plaintiffs' June 14, 2022 Motion to Compel re Interrogatory Nos. 20 & 21

#### 4.2.1   Plaintiffs' Interrogatory No. 20

Plaintiffs' Interrogatory No. 20 states the following.

> 20. Describe in detail every feature or component of each Apple Watch Product that was designed to reduce ambient light intrusion, light leakage, light piping, or the paths for light to travel from sensor emitter(s) to sensor detector(s) without passing through tissue, each method that Apple has used or considered using to reduce ambient light intrusion, light leakage, light piping, or the paths for light to travel from sensor emitter(s) to sensor detector(s) without passing through tissue, and the timing and development of such features/components/methods. Your response should identify and describe all Documents and Communications relating to such features or components and identify all individuals having information about such features or components.

(Ex. 1 to Plf. Rog 20 & 21 Mot., at 7.)

Plaintiffs argue that Apple's current response to this interrogatory is deficient for three reasons:

> Apple's supplemental response (1) failed to provide information on Apple's upcoming watch; (2) failed to explain Apple's research and development efforts, what Apple ***considered*** in addressing light piping, or how Apple decided on the features and components it eventually incorporated into a finished product; and (3) failed to identify any individuals having information relating to Apple's interrogatory response.

(Plf. Rog 20 & 21 Mot. at 2 (emphasis in original).)

<u>Argument 1: Information Regarding Upcoming Watch</u>

Plaintiffs do not provide much discussion to support their first argument seeking more information regarding Apple's upcoming watch, but they have adequately raised it. (*See id.* at 1 (one sentence in Introduction section), 2 (included in list as first of three alleged deficiencies in Apple's current interrogatory response), 3 (one 4-sentence paragraph in Section III.A.1.).) It is not addressed – at least not head-on – by Apple's opposition. At the hearing, Apple submitted on the tentative ruling on this issue.

The Special Master finds the information sought is relevant, and finds that a further response to Interrogatory No. 20 as to Apple's upcoming watch is warranted.

<u>Argument 2: Information that Apple "Considered Using" in Addressing Light Piping</u>

The parties focus larger portions of their briefs on Plaintiffs' second argument. Specifically, Interrogatory No. 20 seeks information regarding "each method that Apple has used or ***considered using***" to address light piping.

In briefing, Apple argued that it sought clarification regarding the meaning and scope of the phrase "considered using" as it appears in this interrogatory during meet and confer. Apple further argues that "the Special Master should reject Plaintiffs' post hoc attempt to narrow this interrogatory and find that the request that Apple describe any method it 'considered using' is vague, overbroad, and unduly burdensome." (Opp'n re Plf. Rog 20 & 21 at 4; *see also id.* at 2.)

An April 25, 2022 meet and confer letter sent by Apple's counsel stated, "Plaintiffs contended that Apple's responses to-date only address technology included in finished products, ***and not research and development efforts concerning the technology <u>that is included in the finished products</u>***. Apple responded that it would review its responses and would supplement if appropriate." (Ex. 5 to Plf. Rog 20 & 21 Mot., at 3 (emphasis added).) This summary of the parties' meet and confer efforts on Interrogatory No. 20 apparently was not challenged by Plaintiffs in later

correspondence on the issue, and Plaintiffs indeed refer to it in their reply brief to argue the sufficiency of those efforts. (Reply re Plf. Rog 20 & 21 at 2.)

But in their motion papers, Plaintiffs make clear that they are now also seeking research and development into ***technology that was not ultimately included in Apple's finished products***. (Plf. Rog 20 & 21 Mot. at 3 ("'considered using' means 'an explanation of how Apple decided on the features, components, or methods Apple uses in the Apple Watch,' 'identification of proposed solutions Apple explored but did not use in a finished product, and a description of Apple's research and development activities.'").) In briefing and at the hearing, Plaintiffs insisted that they provided sufficient clarification for the "considered using" phrase during meet and confer to support what they now seek by their motion. They apparently explained that they were seeking information from Apple based on a reasonable search. They also told Apple that they were not seeking information based on every possible idea that some Apple engineer may have at some point possibly thought about regarding light piping. At the hearing, Plaintiffs urged that Apple should simply be required to respond to this aspect of Interrogatory No. 20 to the best of their ability after a reasonable search.

The phrase "considered using" is vague, overbroad, and unduly burdensome. Although Plaintiffs stated at the hearing (and apparently in meet and confer) that they were not seeking information based on every possible thought that an Apple engineer at some point had about light piping, this does not adequately clarify where they believe the line should be drawn as far as what Apple "considered using."

At most, Apple apparently was clear that Plaintiffs were seeking by this phrase "research and development efforts concerning the technology that is included in the finished products." (Ex. 5 to Plf. Rog 20 & 21 Mot., at 3.) Indeed, in their briefs, Apple suggests that they have at least invoked Rule 33(d) to "detail Apple's research and development efforts." (Opp'n re Plf. Rog 20 & 21 at 4.) Plaintiffs argue that the documents cited by Apple's response to Interrogatory No. 20 fail to "identify technologies Apple considered, but did not include, in a released product." (Reply re Plf. Rog 20 & 21 at 2.) But Plaintiffs do not appear to dispute that the documents reflect "research and development efforts concerning the technology that is included in the finished products." (Ex. 5 to Plf. Rog 20 & 21 Mot., at 3.)

Plaintiffs have failed to show that they adequately met and conferred with Apple regarding this dispute and the information they now seek. Indeed, the record now compared to meet and confer further underscores the vague, ambiguous, and thus overbroad nature of the phrase "considered using" as written in Interrogatory No. 20. To the extent the parties' meet and confer efforts reflect attempts by Plaintiffs to clarify and narrow the meaning of the phrase "considered using," Apple appears to have provided a supplemental response consistent with the narrowed meaning Apple understood from meet and confer. In these circumstances, the Special Master declines to consider Plaintiffs' further attempts to clarify the meaning of the term "considered using" in the context of this briefing. If Plaintiffs disagreed with the narrowed meaning Apple understood from meet and confer, the next step for the parties was additional meet and confer rather than going straight to the conclusion that the parties had reached an impasse requiring motion practice.

Plaintiffs' request for relief on this point must thus be denied.

**Argument 3: Individuals Having Information**

Apple does not dispute that individuals having information about features or components discussed in Apple's response to Interrogatory No. 20 are relevant to the claims and defenses in this case. Apple suggests that it has provided this information by incorporating business records into its response under Rule 33(d). But as Plaintiffs note, "[s]ome documents include names of individuals, but provide no indication whether those individuals are knowledgeable about Apple's efforts to address light piping, as opposed to any of the numerous other components discussed in each document." (Reply re Plf. Rog 20 & 21 at 2.) More is required from Apple on this point. At the hearing, Apple submitted on the tentative ruling's analysis on this issue.

### 4.2.2 Plaintiffs' Interrogatory No. 21

Plaintiffs' Interrogatory No. 21 states the following.

> 21. Describe in detail Apple's business and marketing strategy and plans for any product that is capable of measuring a physiological parameter, including the Apple Watch, including Apple's strategies or plans to design and market such products to consumers or clinicians, Apple's strategies or plans to make such products clinically relevant, Apple's strategies or plans to collect data using such products, Apple's strategies or plans to use such products to measure physiological parameter(s) inside

> and outside patient care settings, Apple's plans and strategies to use such products for clinical research, and Apple's plans and strategies to seek or not seek FDA approval or clearance. Your response should identify and describe all Documents and Communications relating to such strategies and plans and identify all individuals having information about such strategies and plans.

(Ex. 1 to Plf. Rog 20 & 21 Mot., at 7.)

Plaintiffs argue that Apple's response to this interrogatory is deficient because Apple limits its response to (1) only certain "physiological parameters" and (2) the Apple Watch.

**Argument 1: Information About "Physiological Parameters"**

Apple objects to Interrogatory No. 21 on the basis that the term "physiological parameters" is undefined. Apple argues that during meet and confer, "Plaintiffs repeatedly refused to define that term even when Apple requested they do so." (Opp'n re Plf. Rog 20 & 21 at 5.) Indeed, in an April 25, 2022 letter to Plaintiffs, Apple's counsel stated that "Plaintiffs refused to provide any further clarity" about their intended meaning of "physiological parameter" beyond stating that "counting steps was not intended to be encompassed" by the term. (Ex. 5 to Plf. Rog 20 & 21 Mot., at 3.) Plaintiffs' counsel did not respond further on this point in their next letter (Ex. 6 to Plf. Rog 20 & 21 Mot., at 2), and Plaintiffs do not necessarily explain this failure in their current briefs. Instead, Plaintiffs now insist that Apple should rely on its own previously-used definition of "physiological parameter" from Apple's written discovery requests, "but also include ECG, irregular rhythm, and blood pressure because Apple has referred to those parameters in discovery responses." (Plf. Rog 20 & 21 Mot. at 5.)

The parties' disagreement on this point is both perplexing and disappointing. Unlike the phrase "considered using," both parties have been using the phrase "physiological parameter" extensively throughout the discovery process, and there have been no objections thus far that the term is vague or ambiguous (or that Apple has been unduly narrowing its interpretation of the meaning of the term in its previous discovery responses). Indeed, as Plaintiffs note, Apple has previously provided its own definition for the term.

It seems that Apple's request for clarification of "physiological parameter" during meet and confer was simply an alternative way of objecting to the scope of this interrogatory as overbroad compared to the scope of Plaintiffs' business and marketing trade secret. (*See also* Opp'n re Plf.

Rog 20 & 21 at 1.) But Apple's arguments regarding the scope of Plaintiffs' business and marketing trade secret do not provide a sufficient basis for Apple to narrow its interpretation of "physiological parameter" in the context of Interrogatory No. 21, or for the Special Master to otherwise to find that Interrogatory No. 21 is overbroad. Judge Early and the Special Master have already found in the context of other disputes that Apple should not be permitted to narrow its responses to written discovery to the exact contours of Apple's own interpretation of Plaintiffs' trade secrets. Apple has not adequately shown that seeking "business and marketing strategy and plans for any product that is capable of measuring a physiological parameter" is not reasonably calculated to lead to the discovery of admissible evidence. Apple did not present argument regarding this aspect of the Special Master's tentative ruling at the hearing.

Apple must adequately respond to this interrogatory as it relates to products capable of measuring a physiological parameter, where the term "physiological parameter" follows Apple's previously-submitted definition plus the other physiological parameters Apple has referred to in discovery responses: "oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, . . . blood glucose," "ECG, irregular rhythm, and blood pressure." (Plf. Rog 20 & 21 Mot. at 5.

<u>**Argument 2: Information About Products and Prototypes Other Than Apple Watch**</u>

In opposition, Apple states,

> Apple has provided a comprehensive response regarding Apple Watch, which measures physiological parameters, and Plaintiffs do not argue that Apple's response is deficient with respect to Watch. As Plaintiffs' motion recognizes, they have already requested and received "[d]iscovery regarding Apple's future products and prototypes[.]" Mot. 5 (citing Special Master Order No. 1 (Dkt. 504) at 3). Yet Plaintiffs have not identified any particular non-Apple Watch product that renders Apple's response deficient (under whatever definition of "physiological parameters" Plaintiffs contend applies).

(Opp'n re Plf. Rog 20 & 21 at 5.) Plaintiffs respond that "Apple ignores that Masimo has no way of identifying Apple's future products or contemplated business 'plans and strategies' without the very discovery Apple is withholding." (Reply re Plf. Rog 20 & 21 at 3.)

To Apple's point, a lot of discovery has already been produced in this case, including in response to RFPs relating to Apple's business and marketing strategies. But interrogatories create different types of opportunities for parties to collect information. Apple must provide that information in the first instance. Apple did not present argument regarding this aspect of the Special Master's tentative ruling at the hearing. To the extent Apple has not fully responded to Interrogatory No. 21 by describing current or future non-Watch products that are capable of measuring a physiological parameter (as Apple has previously used the term), it must do so.

#### 4.2.3 Conclusion Regarding June 14, 2022 Motion to Compel

Plaintiffs' June 14, 2022 Motion to Compel is **GRANTED-IN-PART** and **DENIED-IN-PART**. Apple must supplement its response to Interrogatory No. 20 to include: (1) information regarding Apple's forthcoming Apple Watch, 8 Series and (2) the identity of individuals having information about features or components discussed in its response to Interrogatory No. 20. Apple must supplement its response to Interrogatory No. 21 to fully answer this interrogatory, to address (1) the full scope of the term "physiological parameter," as Apple understands that term (*i.e.* oxygen saturation, pulse rate, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, blood glucose, ECG, irregular rhythm, and blood pressure) and (2) current or future non-Watch products that are capable of measuring a physiological parameter, to the extent any such current or contemplated products exist (if Apple believes that none do, it must say so).

## 5. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- The Special Master **DEFERS RULING** on Plaintiffs' June 1, 2022 motion to compel. The Special Master respectfully finds that before the motion can be resolved, Judge Selna's guidance should first be sought on the following threshold question: whether Plaintiffs will be permitted to seek discovery in this case regarding their offensive non-party issue

        preclusion theory. The Special Master **RECOMMENDS** that each party file an opening brief on this issue with the Court of no more than 10 pages by July 22, 2022 (submitted as a noticed motion on the Court's docket); each party file responsive cross-briefs of no more than 5 pages by July 29, 2022; and no additional briefs be permitted except as otherwise requested by Judge Selna, with Judge Selna respectfully asked to review the dispute at his earliest convenience.

- The Special Master **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiffs' June 14, 2022 motion to compel as stated in Section 4.2.3 of this Discovery Order No. 11 and described in the other subparts of Section 4.2. Any further responses required by this Order must be served within 21 days.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: July 15, 2022

                                            Hon. Andrew J. Guilford (Ret.)
                                            Special Master

JUDICATE WEST
Alternative Dispute Resolution

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

Results Beyond Dispute℠

www.judicatewest.com

**PROOF OF SERVICE**

, t e undersigne , n employ e f Judica e Wes , locat d t 18 1 . Fir t Stree , Sui e 160 , San a Ana, A 927 5 decla e und r penal y f perju y th t I m ov r t e a e f eighte n (1 ) a d n t a par y o th s matter r proceeding.

On J ly 15, 20 2, I s rve the fore oing docum nts, desc ibed as:

**ORDER N . 11 OF SPECIAL MASTER REGARDING TW DISCOVER MO IONS**

to th following arties:

**S E ATTAC ED MAIL G IST**

**(X) BY E-M IL** caused the abov -referen ed do ument to be tra smitted via el ctronic ma l ( -mail) o he par ie as isted on this Pro of Service

( **BY ELE TRONIC FILI G** I caus d uc doc men to be sen via elec ronic serv ce by submit ing an le tro ic version f he ocumen (s) o One L gal, LL , through th user interface a www onelegal.c m.

( ) **BY ASCIMILE** I cause the abo e- ef renced docu ent to be tr ns itt d via ac imile o he p rties as listed o th s Proof f Service. The d cument wa transmitted by fac imile transm ssi n and th t ansmissi n w s reported as mpl te and w thout e ror.

( ) **B PERSONAL SER ICE** I per on lly deliver d he documen s to he persons at he addre s es) by le vin the do um nt at the er on (s) office, in an e ve ope or p cka e clearl labe ed to i enti y the person(s b in served, wit a rec pt oni t or an div dual n char e of t e office

( ) **BY UN TED STAT S PA CEL SERVICE** I am read ly amiliar wi h t e business ractice for co lec ion and proc ssi g of corresp ndence and mail ng w th the United S ates os al Servic ; su h c rrespo dence ould b deposi ed ith he ni ed Stat s Po tal Ser ice the same ay of d po it wi h postage ther on ful y prepai at Sa ta Ana, Calif nia in he ordi ary c urse of bu iness

( ) **STA E** I decl re und r pen lt of perjur under he laws o t e St te f Califor a that t e foreg ing s tr e and co re t.

( ) **FED RA** decla e hat I a e ployed in th offi e of a me ber of the ar f this court at who e d rection the s rvic was made.

Execu ed on **July 15 2022,** at Santa Ana, California

Heidi Adams
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

# Case Contact List

as of Friday, July 15, 2022

**JW Case #: A279845**

***Case Caption: Masimo Corporation, et al. vs. Apple, Inc.***

Jeremy Angus Anapol, Esq.
Knobbe Martens Olson & Bear
2040 Main St Fl 14
Irvine, CA 92614
Phone: 949-760-0404 Fax:
Email: jeremy.anapol@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000 Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000 Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



JUDICATE
WEST
Alternative Dispute Resolution

*Results Beyond Dispute*℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

---

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Theresa A. Roozen, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000 Fax:
Email: theresa.roozen@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Eric C. Rusnak, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000 Fax:
Email: eric.rusnak@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Michael E. Zeliger, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2550 Hanover Street
Palo Alto, CA 94304
Phone: (650) 233-4500 Fax:
Email: michael.zeliger@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756 Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756 Fax:
Email: npous@apple.com
Representing Apple, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500 Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500 Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500 Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000 Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300 Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500 Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000 Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000 Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590 Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590 Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031 Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495