Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 12 OF SPECIAL MASTER ON MOTIONS INVOLVING NON-PARTY SUBPOENA TO ROCKLEY PHOTONICS** |

1.  **INTRODUCTION**

    This Discovery Order No. 12 of the Special Master addresses two pending discovery motions involving Rockley Photonics ("Rockley"), who is not a party to this action. Although these motions were filed before the motions addressed by Discovery Order No. 11 (as well as one of the motions addressed by Discovery Order No. 10), they are addressed by this separate order for the convenience of the parties and Rockley.

    First, on May 24, 2022, Masimo Corporation and Cercacor Laboratories, Inc. (together, "Plaintiffs") moved to compel Rockley's compliance with a subpoena that Plaintiffs served on Rockley in April 2022. ("MTC.") The subpoena initially included 37 separately-listed requests. (See MTC, Ex. 1.) But in support of its MTC, Plaintiffs attach an appendix that lists a narrowed number of

requests, including revised versions of some. (MTC, App'x.) Rockley opposed the MTC on May 27, 2022 ("Opp'n to MTC"), and Plaintiffs replied on June 3, 2022 ("Reply re MTC").

Second, on May 24, 2022 (the day after Plaintiffs filed the MTC), Rockley filed with the Special Master a motion to quash the same April 2022 subpoena. ("MTQ.") Plaintiffs filed an opposition on June 1, 2022. ("Opp'n to MTQ.") On June 6, 2022, Defendant Apple, Inc. submitted a two-page letter regarding Rockley's MTQ. ("Apple Letter re MTQ.") Rockley submitted a reply on June 8, 2022. ("Reply re MTQ.") On June 13, 2022, Plaintiffs filed a two-page response to Apple's two-page letter. ("Masimo Response re MTQ.") On June 21, 2022 – three days before the hearing originally scheduled for the motions – Apple filed a one-page "reply to Plaintiffs' June 13, 2022 response to Apple's June 6, 2022 letter regarding Rockley Photonics' motion to quash Plaintiffs' subpoena." ("Apple Reply re MTQ.")

After all briefing was received regarding these two motions and one other (Plaintiffs' June 1, 2022 Motion to Compel Apple to Further Respond to Interrogatory No. 25), the Special Master concluded that additional information was necessary on a legal question related to the relevance of certain information sought by the three motions. On June 24, 2022, an Order of Special Master Requesting Supplemental Briefing Regarding Plaintiffs' "Non-Party Issue Preclusion Theory" was issued. The parties and Rockley timely filed two rounds of short supplemental briefs in response.

The Special Master now provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

After thorough letter-briefing, an oral argument was held on July 13, 2022. The hearing was reported by Lori Stokes, CSR No. 12732. Before the hearing, Rockley and the parties were provided with a tentative ruling relating to the two motions. In addition to counsel for Plaintiffs and Masimo, counsel for Rockley also attended a portion of the July 13 hearing and presented oral argument but complied without dispute with a request that they not attend all the hearing based largely on protecting confidential information. All counsel are commended on their presentation of argument on these issues, both in briefing and at the hearing.

As explained further in this Order, Plaintiffs' May 24, 2022 MTC and Rockley's May 25, 2022 MTQ are each **GRANTED-IN-PART** and **DENIED-IN-PART** in the following manner.

- Special Master **QUASHES** Plaintiffs' subpoena to Rockley as it relates to all requests except for Requests Nos. 4, 15, and 17 (as those three requests are listed in Plaintiffs' appendix in support of their motion).

- Instead of a standard response to the subpoena for Request Nos. 15 and 17, as agreed during discussions at the hearing, the Special Master **ORDERS** that Rockley submit one or more sworn declarations elaborating on its assertion about searching for and finding no responsive documents, including by stating whether it is excluding any documents from this assertion on the basis of privilege.

- The Special Master **COMPELS** Rockley to respond to Request No. 4 of Plaintiffs' subpoena as narrowed in Plaintiffs' appendix to their motion, with the understanding that Rockley need not produce documents and things at this time that Rockley reasonably believes Apple also has access to.

- Rockley must provide any declaration(s) and/or response(s) required by this Order, including any documents it identifies for production, within 21 days of this Order.

## 2. BACKGROUND

As Judge Selna has noted in recent rulings, "The parties are familiar with the facts of this case," so the Special Master "recites them here only as necessary to resolve this dispute." (Dkt. No. 732 at 2.)

Plaintiffs' narrowed discovery requests to non-party Rockley include 22 discovery requests generally relating to Rockley's relationship with Apple or other entities. (*See* MTC, App'x.) Plaintiffs argue that the requested discovery is relevant to: "(1) Apple's access to Masimo's trade secrets through technology supplied by Rockley, and (2) coordination among Apple, Rockley, and True Wearables in litigation against Masimo." (Reply re MTC at 1; *see also* Mot. at 2.)

To support their first relevance argument, Plaintiffs' motion states, *inter alia*,

> [b]ecause Rockley employs many former Masimo engineers, who had access to Masimo's trade secrets, Rockley may be responsible for incorporating those trade secrets into the Apple Watch—which is the product at issue here and for which Rockley is admittedly a supplier. The requests could also be relevant to damages because Apple's license or purchase of Rockley technology for physiological monitoring may inform the reasonable royalty for technology at issue in this case.

(MTC at 3.) Plaintiffs' original briefs appeared to use these arguments only to specifically support their Requests Nos. 4 and 17. (*Id.* at 3; *see also* Reply re MTC at 2.) Rockley's opposition to Plaintiffs' MTC does not necessarily address these relevance arguments. (*See generally* Opp'n to MTC; *see also* Reply re MTC at 1 (noting same).) In reply supporting its own MTQ, Rockley does not necessarily dispute relevance on this point, either. Instead, it states, "[i]f Masimo requires information about the Apple Watch, or its components, it can ask Apple. Masimo has not identified any documents that it believes Rockley has that Apple does not." (Reply re MTQ at 2.) In Rockley's first supplemental brief, filed June 30, 2022, Rockley states,

> In an effort to bring Masimo's abusive behavior to an end, Rockley searched its files and confirms that it does not have documents responsive to Masimo's subpoena, except for Request No. 4.
>
> \*     \*     \*
>
> Rockley reiterates its request that Masimo's subpoena be quashed. There is no dispute that Masimo is a supplier to Apple. Rockley does not believe documents requested in Request No. 4 are relevant to this litigation. However, to the extent that any of the requested documents in Request No. 4 are relevant, Masimo can get "documents sufficient to show" the accused technology from Apple."

("Rockley Op. Suppl. Br. re MTQ" at 2.)

Plaintiffs spend more ink on their second relevance argument. Specifically, Plaintiffs present a theory that Apple exerted control over True Wearables, a defendant in another trade secrets case brought by Masimo, including by using Rockley as an intermediary agent between Apple and True Wearables. (*See* Special Master's Order Requesting Supplemental Briefing; Special Master's Discovery Order No. 11.) For reasons that will be explained later, it is not necessary to further elaborate in this Discovery Order No. 12 on this relevance argument and the related arguments presented.

At the June 24, 2022 and July 13, 2022 hearings, as well as in their June 30, 2022 supplemental brief, Plaintiffs also added the argument that some of the requests are relevant to evaluating "the credibility of witnesses." ("Plfs. Op. Suppl. Br." at 3.) Plaintiffs' supplemental brief states, for example, that the information sought by Request No. 15 is "relevant to the credibility of Rockley and its employees from whom Apple has indicated it may seek testimony." (*Id.* at 3.) At the

4

hearing, the Special Master also explored general questions regarding a party's credibility, for example when that party provides conflicting discovery responses compared to those of a non-party.

## 3.  LEGAL STANDARD

Rule 45 permits a party to obtain discovery from a non-party. "The same broad scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal citations omitted); *see also* Advisory Committee Notes to 1991 Amendment.

As Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

Rule 45(d)(1) also specifically states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The same "undue burden" test under Rule 26 applies under Rule 45. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012); *see also Lee v. Glob. Tel*Link Corp.*, No. CV 15-2495 ODW (PLAx), 2017 WL 10575166, at *3 (C.D. Cal. Sept. 6, 2017) (describing applicable standard for evaluating undue burden under Rule 45).

## 4.  ANALYSIS

### 4.1  Authority To Resolve Rockley Non-Party Subpoena Disputes

In addition to opposing Plaintiff's MTC, Rockley has also filed its own MTQ before the Special Master. Motions to compel or quash as to non-parties under Rule 45 must be filed in the "court for

5

the district where compliance is required." Fed. R. Civ. P. 45(d)(2)–(3). Here, the subpoena identifies Rockley as having an address in Pasadena, California and seeks Rockley's compliance in this district. In other words, Rockley has an address within the Central District of California, and has not otherwise objected to the Court's (or Special Master's) jurisdiction to hear motions to compel or quash the subpoena served on it regarding this case. No objection was raised at the hearing on this issue or the tentative ruling's analysis of it. The Special Master thus finds he has the authority to address Plaintiffs' and Rockley's disputes relating to this non-party subpoena.

### 4.2    Objections

At the July 13, 2022 hearing, Plaintiffs voiced a "procedural objection" to Apple's submission of briefs and oral argument relating to Plaintiffs' non-party subpoena to Rockley. Apple first submitted a short letter brief with "additional facts relevant to non-party [Rockley's] motion to quash Plaintiff's subpoena" in early June. Plaintiffs' June 13, 2022 "response to Apple's letter of June 6, 2022" did not include a procedural objection to Apple's letter similar to the one Plaintiffs made at the hearing. Instead, that June 13, 2022 response addressed the substance of Apple's letter. (*See* Masimo Response re MTQ at 1 (stating, "[n]one of Apple's legal arguments rel[y] on any new evidence" and that "Apple's arguments are also meritless.").)

The Special Master finds that Plaintiffs failed to timely raise a "procedural objection" to Apple's arguments relating to these disputes. But even if the objection had been timely raised, the determinations reached in this ruling do not rely on the arguments presented by Apple, making any properly-raised objection moot.

### 4.3    Preliminary Comments Regarding Which Requests Are At Issue

As noted, Plaintiffs submit an appendix with their MTC that lists a subset of the requests, including narrowed versions of some requests, that were originally included in the Rockley subpoena. The parties have differing accounts of the meet and confer efforts leading up to the filing of the motions at issue in this Discovery Order No. 12. (*Compare* MTQ at 2 *and* Reply re MTQ at 1 n.1 *with* Opp'n to MTQ at 2 n.1.) But Rockley otherwise addresses its arguments to the narrowed list and versions of the subpoena requests, as stated in Plaintiffs' appendix. Given Rockley's lack of objection and based on review of the record, the Special Master similarly limits his

analysis to the requests as listed and stated in the appendix to Plaintiffs' MTC. Any requests that are not listed in the appendix have not been considered.

Besides focusing on the versions of the subpoena requests listed in Plaintiffs' appendix, Plaintiffs also assert that "'Rockley may exclude communications between Rockley and Apple' from its production while Masimo attempts to obtain these documents from Apple." (MTC at 2, 4; Opp'n to MTQ at 2; Reply re MTC at 3.) In other words, by their requests, Plaintiffs are apparently currently seeking only internal documents and communications at Rockley. (Opp'n to MTQ at 2 ("[t]he requests seek, for example *internal* Rockley documents that discuss Rockley's efforts on behalf of Apple and that Rockley never shared with Apple." (emphasis in original)).)

Finally, and importantly, Rockley states in its June 30, 2022 supplemental brief that it has searched its files and "does not have documents responsive to Masimo's subpoena, except for Request No. 4." (Rockley Op. Suppl. Br. re MTQ at 2.) Plaintiffs question the truthfulness of Rockley's supplemental brief's assertions and further argue that Rockley should still be directed to formally answer the subpoena, including by disclosing whether Rockley has excluded materials from its review on the basis of privilege. ("Plfs. Resp. Suppl. Br." at 1, 2–3.) Plaintiffs suggest that Rockley "may have searched [its files] in an unreasonably narrow or ineffective way that would not comply with the subpoena. A compelled, formal response would bar any such gamesmanship and support penalties for contempt if the alleged absence of documents turns out to be false." (*Id.* at 2.)

### 4.4   Preliminary Comments Regarding Nature of Discovery Sought

As previously stated by Judge Selna, a party seeking discovery must first demonstrate that the information sought is reasonably calculated to lead to the discovery of admissible evidence. (Dkt. No. 732 at 3.) Here, Rockley has not reasonably disputed Plaintiffs' first relevance argument, applicable to Plaintiffs' Request Nos. 4 and 17. Specifically, Plaintiffs argue that these two requests seek information that supports "Apple's access to Masimo's trade secrets through technology supplied by Rockley." (Reply to MTC at 1.) Although Rockley argues that it is not the proper source of such a request (and also states it does not have any materials in response to Request No. 17),

Rockley does not otherwise argue that such information would be irrelevant to the claims and defenses in this case.

For all but one of the remaining disputed requests, Plaintiffs' sole relevance argument relates to their offensive, non-party issue preclusion theory. Because Rockley has represented that it does not have documents responsive to any of these other requests, and as otherwise explained in this Order given the phrasing and scope of these requests, the Special Master need not evaluate whether Plaintiffs have satisfied their threshold burden to show relevance under this theory. But as noted in Discovery Order No. 11, that question would not otherwise be proper for the Special Master's resolution at this time, as it turns on an issue that is best decided by Judge Selna in the first instance.

Even assuming Plaintiffs have satisfied their threshold burden of establishing at least some relevance of each of the 22 narrowed requests, the Special Master also shares some of Rockley's concerns about the discovery Plaintiffs seek from Rockley.

In particular, the Special Master, like Rockley, questions why Plaintiffs are currently seeking discovery from non-party Rockley rather than beginning with discovery requests on these topics to Defendant Apple. There was no information provided in any of the original MTC and MTQ briefs regarding any efforts Plaintiffs have taken to obtain discovery on the same topics from Apple, whether before or after Plaintiffs filed their MTC against Rockley. Nor was anything added in the supplemental briefs. As noted, after the MTC and MTQ were filed, Plaintiffs did seek to compel further responses to their Interrogatory No. 25, regarding the direct relationship between Apple and True Wearables. But that motion also fails to show any documents sought directly from Apple regarding the relationship between Apple and Rockley.

At the July 13, 2022 hearing, the parties stated for the first time that Plaintiffs propounded discovery requests on Apple related to Rockley some weeks after Plaintiffs had already served their subpoena on Rockley. Plaintiffs provided some explanation for the late timing of the subpoena to Rockley as well as their decision to proceed with this discovery "in parallel," but Plaintiffs did not specifically explain the reason for the delay in serving discovery on Apple compared to serving the subpoena on Rockley. The parties otherwise suggested that Apple has refused to respond to that

discovery thus far, and the Special Master can expect related disputes to wind their way to him sometime soon.

To argue that its requests to Rockley are not duplicative of discovery that Plaintiffs might seek from Apple, Plaintiffs note that they have narrowed these requests (for now) to exclude Rockley's actual correspondence with Apple. (*See, e.g.*, Opp'n to MTQ at 2.) Plaintiffs are technically correct that by narrowing their requests in this fashion, they are seeking documents from Rockley that would be technically different from documents that might also be in Apple's possession. *Cf. Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-CV-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (quashing subpoena that sought exact same documents from the non-party that could be obtained from a party). But that doesn't mean that the *substance* of the Rockley documents is likely to be non-duplicative, *i.e.* non-cumulative.

At least some district courts "have expressed a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests," whether or not that discovery relates to the exact same documents. *NuVasive, Inc. v. Jones*, No. 18-CV-2373-GPC-MDD, 2018 WL 6062416, at *2 (S.D. Cal. Nov. 20, 2018) (citing *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012)). Indeed, in *Soto*, the court found that "where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Soto*, 282 F.R.D. at 505.

The Special Master otherwise agrees with Rockley that many of the requests reach far beyond seeking information to show Apple's privity with Rockley and/or True Wearables as potentially relevant to this case. For example, many of the requests seek information regarding *Rockley's* relationship with "True Wearables and/or any of the Lamego family," without regard to whether the information sought also ties to *Apple*. Plaintiffs argue that evidence of Rockley's relationship with True Wearables is important to establishing one link in the possible chain of Plaintiffs' privity theory involving Apple. But although true that the scope of discovery is broad, Plaintiffs have not shown at this time and on the current record that such requests are proportional to the needs *of this case*.

This is particularly true when more closely considering the nature of Plaintiffs' threshold relevance argument for the information sought (assuming that argument was accepted). If Plaintiffs' aim is to show Apple's privity with True Wearables, then the most relevant documents should be Apple's communications with True Wearables and, perhaps, Rockley. Yet, as noted, Rockley was informed it need not include communications between itself and Apple in its production. Instead, requests seek information about topics including Rockley's relationship, for example, with "the Lamego family" and related to ITC proceedings between Plaintiffs and Masimo. The current record is insufficient to support Plaintiffs' attempts to go so far afield as to seek discovery from a non-party that is not related to this case or Apple at all, but instead is related only to other non-parties or other cases. For these reasons and others, undue burden, overbreadth, and lack of proportionality permeate many of the requests.

Ultimately, the Special Master must consider the actual language of the requests presented before him. The parties may present arguments about relevance that implicate only a subset of the documents covered by a particular request. Or they may refer to compromise proposals made during meet and confers where the parties were not able to reach agreement. The Special Master takes his lead from Judge Early in finding that it is the language of the requests that generally must control in determining whether judicial authority should be invoked to order an entity to take action. (*See, e.g., id.* at 53:17–22.) And here, as noted, the Special Master additionally considers the fact that this discovery is being sought from non-party Rockley.

### 4.5  Rulings Regarding Individual Requests

The Special Master **QUASHES** Request Nos. 1, 7–10, 16, 25–37 as those requests are stated in Plaintiffs' appendix. Even assuming Plaintiffs had met a threshold showing of relevance based on the non-party issue preclusion theory they assert to support these requests, the requests are unduly burdensome, including in part (for some of the requests) due to Plaintiffs' failure to first seek corresponding information directly from Apple. All of these requests are otherwise overbroad as written and not shown at this time to be proportional to the needs of this case.

This leaves Request Nos. 4, 15, and 17. These requests, as stated in Plaintiffs' appendix, seek the following.

    4.     Documents sufficient to show the technology, hardware, software, or components provided by Rockley to Apple (or vice versa) related to non-invasive physiological monitoring using light, including pulse rate, oxygen saturation, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

    15.     Documents regarding Apple that refer or relate to any instruction to any Rockley employee not to disclose that they work for Rockley in connection with testimony given in any action relating to Masimo, Cercacor, True Wearables, or Marcelo Lamego.

    17.     Documents regarding Apple that refer or relate to any effort (by Apple or Rockley) to recruit or hire individuals who at any time worked for Masimo or Cercacor.

Rockley has not – and could not reasonably have – argued that the information sought by Request Nos. 4, 15, and 17 is irrelevant to the issues in dispute in this case. The Special Master finds that given the scope of these requests, they do not suffer from the same shortcomings as the other 19 requests at issue here.

As noted, Rockley states in its June 30, 2022 supplemental brief that it has searched its files and "does not have documents responsive to Masimo's subpoena, except for Request No. 4." (Rockley Op. Suppl. Br. re MTQ at 2.) Rockley agreed at the hearing that it would be willing to submit one or more sworn declarations elaborating on its assertion about searching for and finding no responsive documents for the other 21 requests at issue by these motions besides Request No. 4, and further stating whether it is excluding documents from this assertion on the basis of privilege. To put this matter firmly to rest, rather than simply compelling a formal response to Plaintiffs' subpoena for these two requests, given Rockley's stated willingness at the hearing to submit such declarations (and Plaintiffs' willingness that they be submitted as an alternative to a formal subpoena response), the Special Master **ORDERS** Rockley to do so within 21 days of this Order for at least Request Nos. 15 and 17.

Regarding Request No. 4, Rockley insists that Plaintiffs should not be permitted to "peek under the hood to see what types of products Rockley is developing or what kinds of claims Masimo could concoct against Rockley." ("Rockley Op. Suppl. Br. re MTQ" at 2.) But Request No. 4 does not seek information about "what types of products Rockley is developing," beyond those specifically developed for Apple "related to non-invasive physiological monitoring." Moreover, aside from

11

referring to Plaintiffs' failure to initially seek the information from a party to a case, Rockley was not otherwise argued any specific burden that would be caused by being asked to identify and produce these documents. In fact, it seems Rockley has already been able to identify that at least has responsive documents to this request.

Moreover, Plaintiffs have specifically clarified that "'Rockley may exclude communications between Rockley and Apple' from its production while Masimo attempts to obtain these documents from Apple." (MTC at 2, 4; Op'n to MTQ at 2; Reply re MTC at .) At the hearing, Rockley represented that arrangements between Rockley and Apple are such that Apple has access to all the same documents as Rockley that would be responsive to Request No. 4. And Plaintiff reiterated that Rockley is not being asked to produce any documents that Apple also has access to. Plaintiffs again stated that only Rockley's internal, responsive documents are being sought.

But at the hearing, what qualifies as a "responsive" document to this request became a point of dispute. The Special Master raised, for example, the issue of whether marginalia or other notes would be covered by his request. Request No. 4 seeks documents sufficient to show" what was "provided by Rockey to Apple (or vice versa)." The Special Master can't exclude the possibility that some internal Rockley marginalia notes is necessary to sufficiently show what Rockley provided to Apple (or vice versa). Notes from phone calls or other internal correspondence summarizing discussions may ultimately be responsive to this request.

The Special Master accordingly **COMPELS** Rockley to respond to Request No. 4 of Plaintiffs' subpoena as narrowed in Plaintiffs' appendix to their motion, with the understanding that Rockley need not produce documents and things at this time that Rockley reasonably believes Apple also has access to. Rockley must do so within 21 days of this Order.

5    CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

As explained further in various sections of this Order, Plaintiff's May 25, 2022 MTC and Rockley's May 25, 2022 MTQ are each **GRANTED-IN-PART** and **DENIED-IN-PART** in the following manner.

- Special Master **QUASHES** Plaintiffs' subpoena to Rockley as it relates to all requests except for Requests Nos. 4, 15, and 17 (as those three requests are listed in Plaintiffs' appendix in support of their motion).

- Instead of a standard response to the subpoena for Request Nos. 15 and 17, as agreed during discussions at the hearing, the Special Master **ORDERS** that Rockley submit one or more sworn declarations elaborating on its assertion about searching for and finding no responsive documents, including by stating whether it is excluding any documents from this assertion on the basis of privilege.

- The Special Master **COMPELS** Rockley to respond to Request No. 4 of Plaintiffs' subpoena as narrowed in Plaintiffs' appendix to their motion, with the understanding that Rockley need not produce documents and things at this time that Rockley reasonably believes Apple also has access to.

- Rockley must provide any declaration(s) and/or response(s) required by this Order, including any documents it identifies for production, within 21 days of this Order.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated:  July 15, 2022

_____
Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
Alternative Dispute Resolution

Results Beyond Dispute℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

## PROOF OF SERVICE

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On July 15, 2022, I served the foregoing documents, described as:

**ORDER NO. 12 OF SPECIAL MASTER ON MOTIONS INVOLVING NON-PARTY SUBPOENA TO ROCKLEY PHOTONICS**

to the following parties:

**SEE ATTACHED MAILING LIST**

**(X) BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

**( ) BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

**( ) BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

**( ) BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

**( ) BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

**( ) STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**( ) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 15, 2022**, at Santa Ana, California

<u>Heidi Adams</u>
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Friday, July 15, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Jeremy Angus Anapol, Esq.
Knobbe Martens Olson & Bear
2040 Main St Fl 14
Irvine, CA 92614
Phone: 949-760-0404   Fax:
Email: jeremy.anapol@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



Santa Ana Office
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
www.judicatewest.com

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Theresa A. Roozen, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000   Fax:
Email: theresa.roozen@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Eric C. Rusnak, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1200 17th St. N.W.
Washington, DC 20036
Phone: (202) 663-8000   Fax:
Email: eric.rusnak@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Michael E. Zeliger, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2550 Hanover Street
Palo Alto, CA 94304
Phone: (650) 233-4500   Fax:
Email: michael.zeliger@pillsburylaw.com
Representing (non-party) Rockley Photonics Holdings, Ltd.

Ryan J. Moran, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: rmoran@apple.com
Representing Apple, Inc.

Natalie Pous, Esq.
Apple, Inc.
1 Infinite Loop
MS 169-2NYJ
Cupertino, CA 95014
Phone: (408) 974-0756   Fax:
Email: npous@apple.com
Representing Apple, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000   Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

---

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495