UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**REDACTED**
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | August 5, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] <u>Second Order Regarding Apple's Motion to Clarify or Reconsider Order Re Trade Secret Disclosure</u> (█████)

Before the Court is Apple's Motion to Clarify or Reconsider Order Regarding Plaintiffs' Motion to Modify Trade Secrets Disclosure (<u>Dkt. 669</u>, "TS Order"). <u>See</u> Mot., <u>Dkt. 759</u>, <u>Dkt. 767</u> (sealed); Opp., <u>Dkt. 777</u>, <u>Dkt. 776-1</u> (sealed); Reply, <u>Dkt. 793</u>, <u>Dkt. 804</u> (sealed).

Apple's motion concerns Masimo's refining amendment to Trade Secret D.1, which relates to Masimo's Business and Marketing Plans and Strategies. On July 6, 2022, the Court issued its first order on the motion, which requested more information and deferred ruling. <u>See</u> Dkts. 815 (sealed), 861 (redacted) ("First Order"). In that order, the Court construed Apple's motion as a motion to enforce the Court's TS Order (<u>Dkt. 669</u>). First Order at 4.

For the reasons stated below, the Court **GRANTS-IN-PART** Apple's motion.

**I. BACKGROUND**

In the First Order, the Court recited the background facts relevant to this dispute. The Court incorporates that discussion by this reference.

As noted in the First Order, in the Court's April 28, 2022, TS Order, the Court allowed Masimo to make the requested refining amendment to TS D.1 because it did "not

change the scope of the stated trade secrets." Dkt. 669 at 6. Pursuant to that order, Masimo provided its 3SR to Apple to make plain what applications it believes have been covered by the scope of TS D.1 all along. Apple filed the underlying motion because it contends the 3SR vastly expands the scope of TS D.1 by adding many new applications. Masimo responded that it has long alleged trade secret misappropriation by those applications.[1]

In the First Order, the Court ordered the parties to meet and confer to discuss areas of agreement concerning which applications listed in the 3SR may be reasonably construed as falling within the original scope of TS D.1. See First Order at 6. The Court ordered a Joint Report regarding areas of agreement, and allowed supplemental briefing on areas of disagreement. Id. The parties have made the required filings. See Dkts. 835 (Joint Report), 840 (sealed); Dkts. 847 (Plaintiffs' Revised Supplemental Memorandum), 866 (sealed); Dkts. 874 (Apple's Supplemental Memorandum), 877 (sealed).

## II. Legal Standard

"A district court has the authority to make an enforcement order to secure compliance with its earlier orders and governing law." Armstrong v. Brown, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013); see also, e.g., Kiskadee Commc'ns (Bermuda), Ltd. v. Father, No. C 10-05277 WHA, 2011 WL 5085284, at *1 (N.D. Cal. Oct. 26, 2011) (granting motion to enforce stay order after plaintiff issued a discovery subpoena during stay).

"Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 678–79 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court." Id.

"In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly Ltd v. Deckers

---

[1] In its Supplemental Brief, Masimo contends that the motion is "a request to exclude evidence of Apple's misappropriation." Dkt. 866 at 3. The Court disagrees with this characterization. As stated in the First Order, the motion is construed as one to enforce the TS Order, i.e., to ensure that the 3SR does not expand the original scope of TS D.1.

Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001)).

### III. DISCUSSION

Understanding that TS D.1 is:  see Dkt. 650-1 at 27, the Court rules on each disputed application as stated below.

| Application / Framework | Ruling |
|---|---|
| HealthKit | To the extent HealthKit allows applications to collect and store health information relating to blood oxygen saturation data from the Apple Watch ███ it is within the scope of TS D.1. Other functions or uses are not within the scope of TS D.1. |
| CareKit | To the extent CareKit allows people to ███ it is within the scope of TS D.1. Other functions or uses are not within the scope of TS D.1. |
| SensorKit | To the extent SensorKit facilitates access to parameter data relating to blood oxygen saturation from the Apple Watch ███ it is within the scope of TS D.1. Other functions or uses are not within the scope of TS D.1. |

| Glucose | The discovery requests on which Masimo relies to support its contention that glucose was always part of its business and marketing trade secrets do not support that argument because that discovery relates to the technical trade secrets. See Dkt. 539 at 3 (The Special Master: "[T]he parties dispute the appropriate scope of discovery surrounding Masimo's technical trade secrets, as it relates to other health parameters, like blood glucose."). Masimo has not cited anything predating the 3SR that shows it was alleging glucose as part of its business and marketing trade secrets. Therefore, the record does not support that glucose falls within the scope of TS D.1. |
|---|---|
| Heart Rate application | The parties dispute whether the heart rate application – other than the high / low heart rate notification and irregular rhythm notification – are within the scope of TS D.1. To the extent the Heart Rate application ████████████████████████ it is within the scope of TS D.1. Other functions or uses, other than the high / low heart rate notification and irregular rhythm notification, are not within the scope of TS D.1. |

Allowing Masimo to include its proposed expanded subject matter would fall outside of the clarifying amendment permitted by the Court for TS D.1. Since Masimo seeks to expand the scope of this trade secret, as noted in the First Order, Masimo would be required to address "whether and how this is permissible under Rules 26(e)(1) and 37(c)(1)." First Order at 6 n.3.

Masimo does not make this showing. Instead, it argues that Apple has not shown prejudice because Masimo served the 3SR before substantive depositions and the close of fact and written discovery, as well as the deadline to serve contention interrogatories. Dkt. 866 at 9. But this is improper burden shifting. See Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (rejecting argument that "burden of proving harm is on the party seeking sanctions"). This does not address timeliness under Rule 26(e)(1), or substantial justification or harmlessness in the context of the self-executing sanction under Rule 37(c)(1). See Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008) ("In determining whether this sanction should be imposed, the burden is on the party facing the sanction … to demonstrate that the failure to comply with Rule 26[] is substantially justified or harmless.").

    That Masimo served the 3SR on May 13, 2022, one day before the close of written discovery, and three months before the end of fact discovery, does not establish timeliness, substantial justification, or harmlessness. Neither does the fact that the parties continue to exchange other discovery within the allowable deadlines. Masimo was required to identify its trade secrets early in this case under § 2019.210 and has provided no authority suggesting the proposed amendments are permissible under the rules at this late stage. See Cal. Code Civ. Pro. § 2019.210 (plaintiff must "identify the trade secret[s]" it intends to allege "before commencing discovery"). The question of whether the Court should allow Masimo to expand its business and marketing trade secret at this late stage of the case is an independent question that Masimo did not analyze in the context of the applicable burden and rules. Because Masimo has not demonstrated substantial justification and harmlessness for the proposed expansions of TS D.1, the Court declines to allow expansion of this trade secret nearly three years into the case and only seven months before trial.

## IV. Conclusion

    For the foregoing reasons, the Court **GRANTS-IN-PART** Apple's motion.

    The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of this sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

    **IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |