Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S *EX PARTE* MOTION TO STAY PENDING PORTIONS OF SPECIAL MASTER ORDER NO 15** |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Apple and ▮ delayed production of ▮-related discovery for months. Apple's *ex parte* application would delay production by at least another month. Yet Apple makes little attempt to show it will likely succeed in overruling the Special Master's well-reasoned order. Apple also has not shown it will suffer harm without a stay, much less the kind of irreparable harm that might justify its request. Indeed, Apple seeks to withhold the very information about ▮ that ▮ argued Apple should produce. Nothing suggests Apple will be harmed by producing non-privileged discovery pursuant to the same Protective Order that protects all other discovery in this case. In contrast, granting the stay would prejudice Masimo by preventing it from obtaining ▮ discovery before serving expert reports next week. Masimo respectfully requests the Court deny Apple's *ex parte* application.

## II. STATEMENT OF FACTS

During the March 2022 *True Wearables* trial, Masimo learned ▮ had hired numerous former Masimo employees. Under cross examination and the Court's urging, ▮ employees admitted ▮ instructed them to conceal its identity in their testimony. Ex. A at 99-102, 116-117.[1] The Court formally unsealed that testimony on March 30. Ex. B. Masimo served a subpoena on ▮ one week later. See Dkt. 893.

When ▮ refused to produce documents, Masimo sought discovery from Apple and moved to compel ▮ to produce the documents. *See id.* at 1. At the hearing, ▮ did not claim the information was too sensitive to produce or that ▮ would be prejudiced by its production. Instead, ▮

▮ Ex. F at 21. ▮

▮ *Id.* at 47-48. ▮

---

[1] Unless noted otherwise, numbered exhibits are attached to the Passamaneck Declaration (Dkt. 909-1) and lettered exhibits are attached to the Powell Declaration (submitted herewith). All emphasis in quotations is added unless noted otherwise.

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 56-57.

The Special Master found ▓▓▓▓ has not – and could not reasonably have – argued that the information sought by Request Nos. 4, 15, and 17 is irrelevant to the issues in this case." Dkt. 893. The requests concern relevant technology exchanged between ▓▓▓▓ and Apple, instructions to employees to conceal their employment at ▓▓▓▓, and efforts to recruit or hire Masimo employees. *Id.* The Special Master allowed ▓▓▓▓ to withhold such documents because it "reasonably believes Apple also has access to" them. *Id.* at 12. Thus, ▓▓▓▓ did not produce any documents.

Separately, Masimo moved to compel Apple to produce the information that the Special Master found relevant. Ex. 3.[2] The Special Master granted discovery on: (a) agreements between ▓▓▓▓ and Apple (RFP No. 682), (b) relevant technology exchanged between ▓▓▓▓ and Apple (RFP No. 683), (c) communications between ▓▓▓▓ and Apple about recruiting Masimo employees because they worked at Masimo (RFP No. 691), and (d) Apple's relationship with ▓▓▓▓ on relevant technology (Interrogatory No. 28). Ex. 1 at 7-10. Those are the requests at issue here.

### III. ARGUMENT

Courts consider four factors in deciding a motion to stay a discovery order: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether he applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Aliya Medcare Fin. LLC v. Nickell*, 2016 WL 7469570, at *2 (C.D. Cal. Oct. 21, 2016) (internal quotations and citation omitted). Those factors weigh against a stay here.

---

[2] Apple argues Masimo served the ▓▓▓▓ requests on the "deadline to serve written discovery" and waited too long to move to compel. Mot. at 1-2. Apple omits that Apple served *71* requests the same day and Apple has filed four discovery motions *after* Masimo's motion to compel at issue here.

A.   **Apple Has Not Made A Strong Showing Of Likelihood Of Success**

The Court set forth the standards for prevailing on a discovery motion as follows:

> Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence.  Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case."

Dkt. 732 at 3 (citations omitted).  As shown below, Masimo make a threshold showing of relevance and Apple failed to show discovery should not be allowed.

1.   **Masimo Demonstrated Relevance**

The requested discovery is relevant to many issues.  Among other things, the specifics of Apple's agreement to license or purchase ████ technology for non-invasive physiological monitoring may inform the reasonable royalty for similar technology at issue here. *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Ajaxo, Inc. v. E*Trade Fin. Corp.*, 48 Cal. App. 5th 129, 167 (2020) (applying *Georgia-Pacific* and considering licenses in trade secret case); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("the fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility."). Additionally, ████ employs many former Masimo engineers who had access to Masimo's trade secrets.  ████ documents may further evidence Apple's misappropriation of trade secrets by showing that the former Masimo employees at ████ or Apple discussed and implemented the trade secrets at issue in this case.  The documents may also show Apple and ████ coordinated on recruiting Masimo employees to obtain Masimo's trade secrets.  Such documents would be relevant to showing Apple's knowledge and intent to obtain Masimo's trade secret—a contested element of Masimo's claim.  *See, e.g.*, Dkt. 237-1 at 15-20.

-3-

Apple also ignores that the Special Master found similar information relevant in ruling on the [REDACTED] subpoena. Dkt. 893 at 11. Despite filing numerous briefs before the Special Master concerning that subpoena, Apple did not appeal those findings.

Apple argues Masimo has not identified a "connection between [REDACTED] and this litigation." Mot. at 7. The Special Master disagreed. Dkt. 893 at 11. Moreover, Apple is withholding discovery that will likely confirm such a connection. It is unlikely Apple and [REDACTED] would have gone to such lengths to withhold wholly irrelevant information. Apple also claims [REDACTED] is not involved with any commercial product Apple has yet sold. Mot. at 8. Apple cites its own brief as support (*id.*) and does not dispute [REDACTED] helps Apple develop relevant technology for future products. Apple's existing document production confirms [REDACTED]. *See, e.g.*, Ex. C.

Apple also incorrectly argues the Court's August 9 collateral estoppel ruling precludes the relief the Special Master granted. Mot. at 7. The Special Master specifically found Masimo established relevance independent from its collateral estoppel theory. Ex. 1 at 11. Apple has not shown otherwise.

2. **Apple Did Not Establish Prejudice**

Apple did not establish that it would be prejudiced by having to produce the discovery. The Special Master found Apple "did not meaningfully make *any* arguments – in its opposition or at the hearing – of undue burden that it would endure in being asked to respond to these request." Ex. 1 at 11. Nor could Apple do so. For example, Apple never contested that [REDACTED] Ex. D at 26-27. Nor has Apple ever argued it has so many documents about relevant [REDACTED] technology or recruiting Masimo employees that it would be burdensome to collect and produce them. Apple not met its burden to prohibit discovery. *Heredia v. Sunrise Senor Living, LLC*, 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020). As a result, Apple has not shown a likelihood of success on the merits. *Aliya*, 2016 WL 7469570, at *2.

**B.     Denying the Stay Would Not Irreparably Harm Apple**

Apple argues it will be irreparably harmed by having to produce "detailed information—some of which is highly sensitive, technical information—from and regarding a third-party that has no connection to this litigation." Mot. at 5. Apple's premise (███ has "no connection" to the case) is incorrect for the reasons discussed above. Apple also has not explained why the Protective Order (Dkt. 67)—which is sufficient to protect the parties' trade secrets and source code—is insufficient to protect information related to ███. ███ itself did not challenge the sufficiency of the protective order or ask the Special Master to preclude discovery. Instead, it argued ███████████████████████████████████████████████████████████████████████████████████. Ex. F at 47-48, 56-57.

Apple also argues it would be prejudiced if it is denied the right to Article III review. Mot. at 4. Apple raised no such concern before the Special Master. At the hearing, Masimo requested the Special Master compel Apple to produce the discovery by September 16 because of the upcoming deadline for expert reports. Ex. D at 51-52. Apple argued Masimo created the problem by supposedly delaying the Motion and feigning ignorance about ███ relevance. *Id.* at 52-54. Apple did not argue it would suffer harm, much less irreparable harm, by the deadline. *See id.* at 54 (Apple confirming it had nothing else to say "on the deadline").

Adopting Apple's argument would also impermissibly require a stay of virtually all discovery orders because such orders typically require production in less time than it would take to brief and hear a motion. *See Adams v. Gateway, Inc.*, 2004 WL 733990, at *3 (D. Utah Jan. 5, 2004) (allowing "stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt"). Apple must show some sort of "serious, irreversible injury" beyond merely producing discovery it prefers to withhold, such as the disclosure of "arguably privileged information, trade secrets to a competitor, or the like." *Id.* Apple cannot make such a showing because Apple does not contend any of the information is privileged and Apple

can, if appropriate, limit access to the information to outside counsel by designating it Attorneys Eyes Only.

Apple's own cited cases demonstrate the high bar for proving irreparable injury. Apple cites *Maxcrest Limited v. United States*, 2016 WL 6599463, at *4-5 (N.D. Cal. Nov. 7, 2016), which involved an order to obtain private information and turn it over to the Russian government. The movant argued "the Russian Federation is unlikely to comply with a court order to return the summoned information" if the movant prevailed. *Id.* at *3. No such facts exist here. Apple's other cases are likewise inapposite. *See Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021) (plaintiff raised a "colorable" argument about a change in law and relevant deadlines could be extended); *Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (non-movant did not appear to argue prejudice); *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) (same).

Finally, Apple again argues the Court's collateral estoppel ruling precludes relief. Mot. at 5. As discussed, that argument is incorrect because the Special Master found the discovery relevant for reasons other than collateral estoppel. Ex. 1 at 11.

### C. Apple's Proposed Delay Is Prejudicial and Incompatible with the Schedule

Apple and ▊ successfully delayed production of ▊ discovery for months. Apple now seeks to further delay discovery until late October. Mot. at 6 (admitting the stay will delay discovery by "over a month"). Apple argues this delay will cause "no real harm" to Masimo. *Id.* Apple is wrong.

Apple's proposed delay prejudices Masimo by preventing Masimo from reviewing the discovery before the September 23 deadline for serving opening expert reports. *See* Dkt. No. 627 at 3.[3] The discovery is relevant at least to Masimo's upcoming

---

[3] The parties agreed to extend the deadline for some expert reports until October 6 based on Apple's late production of other documents. The parties have not extended the deadline for all expert reports. Apple also admits its request would extend production "over a month" (Mot. at 6), which is beyond the October 6 deadline for some reports.

-6-

expert reports on damages and trade secret misappropriation. *See supra* Section II.B. Forcing Masimo to serve its expert reports without a reasonable opportunity for its experts to review relevant evidence would prejudice Masimo. *See Aliya*, 2016 WL 7469570, at *2 (denying motion that would prejudice non-movant by delaying discovery until at or near the discovery cutoff deadline).

Apple claims Masimo will suffer no prejudice because the Special Master found the discovery was "only 'marginally relevant . . . .'" Mot. at 6. That is misleading. The Special Master actually found Masimo had met its burden of showing the discovery was "***at least*** marginally relevant" and Apple had provided no evidence of undue burden. Ex. 1 at 11. Apple also cites *Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, 2018 WL 6074573, at *2 (C.D. Cal. Mar. 8, 2018), which stayed litigation in its early stages pending appeal on a motion to compel arbitration. *Velasquez* is irrelevant.

Finally, Apple argues Masimo made a "strategic decision" to delay serving discovery and moving to compel. Mot. at 6. That argument is not true and ignores the ***months*** of delay that Apple and ▮▮▮ orchestrated. As discussed, ▮▮▮ instructed former Masimo employees to conceal from Masimo—and the Court—that they were employed by ▮▮▮. Ex. A at 99-102, 116-117. Apple now continues the charade by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Apple and ▮▮▮ also coordinated to obtain an order denying discovery from ▮▮▮ because ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. F at 56-57. Apple now seeks a stay until after expert reports are due based on claims of confidentiality and prejudice that neither Apple nor ▮▮▮ raised. Apple's new arguments are reminiscent of those that led Judge Early to find Apple was "playing Three Card Monte" to resist discovery earlier in the case. Ex. E at 7. The Court should reject Apple's latest attempt to prevent discovery about ▮▮▮.

**D.     The Public Interest Does Not Favor A Stay**

On public interest, Apple argues only that the public interest favors "Article III review of disputed matters in federal court." Mot. at 8. As support, Apple cites *Marbury*

*v. Madison*, 5 U.S. 137, 177 (1803), which said nothing about stays pending review of discovery orders.  Nothing suggests the public interest would favor Apple's request for additional delay rather than the "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

### IV.  CONCLUSION

For at least the above reasons, Masimo respectfully requests the Court deny Apple's *ex parte* application.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 13, 2022

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Baraa Kahf
    Adam B. Powell
    Daniel P. Hughes
    Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56283169