FILED
CLERK, U.S. DISTRICT COURT
9/14/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___eva___ DEPUTY

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 15 OF SPECIAL MASTER REGARDING THREE DISCOVERY DISPUTES** |

1.    **INTRODUCTION**

This Discovery Order No. 15 of the Special Master addresses three pending discovery disputes.

First, on August 5, 2022, Plaintiffs moved to compel Apple to "(A) Supplement Apple's response to Interrogatory No. 32; and (B) Produce documents responsive to Request for Production (RFP) Nos. 717-723." (Plf. Rog. & RFPs Mot. at 1.) Interrogatory No. 32 relates to "information on actual or suggested changes by Marcelo Lamego and Michael O'Reilly to the Apple Watch." (*Id.* at 1.) RFP Nos. 717-723 relate to documents in another case where Apple and one of Apple's currently-retained experts opined that a third-party patent was invalid based on certain of Masimo's

1

prior art products and patents. Apple filed an opposition to the motion on August 12, 2022 (Opp'n re Plf. Rog. & RFPs), and on August 19, 2022 Plaintiffs filed a reply (Reply re Plf. Rog. & RFPs).

Second, on August 12, 2022, Plaintiffs moved "for an order compelling [Apple] to provide discovery regarding Apple's dealings with ▮▮▮▮." (▮▮▮ Mot. at 1.) Specifically, the motion requests that Apple be compelled to "(1) produce documents responsive to [RFP] Nos. 681-683, 685, 688-89, and 691-92 and (2) respond to Interrogatory No. 28." (Id.) Apple filed an opposition on August 19, 2022 (Opp'n re ▮▮▮ Mot.) and Plaintiffs filed a reply on August 26, 2022 (Reply re ▮▮▮ Mot.).

Third, the Special Master considers two cross-motions that are related to the parties' privilege logs. On August 15, 2022, Plaintiffs moved "to compel [Apple] to do three things with respect to Apple's privilege log." (Plf. Priv. Log Mot. at 1.) On August 22, 2022, Apple filed its opposition. (Opp'n re Plf. Priv. Log Mot.) On the same day, Apple filed a "conditional motion" to compel Plaintiffs to supplement their privilege log. (Def. Cond. Priv. Log Mot. at 1.) On August 29, 2022, Plaintiffs filed a reply in support of their motion (Reply re Plf. Priv. Log Mot.) and an opposition to Apple's conditional motion (Opp'n re Def. Cond. Priv. Log Mot.). Although a reply has not yet been filed in support of Apple's conditional motion, as discussed herein, the Special Master finds it unnecessary to wait for one to be filed before resolving the parties' dueling privilege log disputes as presented.

An oral argument was held on September 1, 2022. Before the hearing, the parties were provided with a tentative ruling relating to the three disputes. The hearing was reported by Lori Stokes, CSR No. 12732.

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Plaintiffs' August 5, 2022 Motion to Compel re Rog No. 32 and RFP Nos. 717–723 is GRANTED as explained herein.

- Plaintiffs' August 12, 2022 Motion to Compel re RFP Nos. 681–83, 685, 688–89, and 691–92 and Rog No. 28 (seeking documents and information involving ▇▇▇▇▇▇▇▇▇▇) is GRANTED-IN-PART as to RFP Nos. 682, 683, and 691 and Interrogatory No. 28 as understood by the Special Master, and otherwise DENIED.
- Plaintiffs' August 15, 2022 Motion to Compel re Apple's Privilege Log and Redacted/Withheld Documents is DENIED.
- Apple's August 22, 2022 "Conditional" Motion to Compel re Plaintiffs' Privilege Log and Redacted/Withheld Documents is DENIED.
- Any further discovery compelled by this Discovery Order No. 15 must be produced as specified in particular subsections of this Order.

## 2. BACKGROUND

As Judge Selna has noted in recent rulings, "[t]he parties are familiar with the facts of this case." (Dkt. No. 732 at 2.) The Special Master saves any facts necessary to resolve the parties' current disputes for the corresponding analysis subsections of this Order.

## 3. LEGAL STANDARD

Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

## 4. ANALYSIS

### 4.1 Plaintiffs' August 5, 2022 Motion to Compel re Rog No. 32 and RFP Nos. 717–723

#### 4.1.1 Interrogatory No. 32

Plaintiffs' interrogatory No. 32 states the following.

Describe in detail each of Marcelo Lamego and/or Michael O'Reilly actual or suggested contributions, modifications, changes, "wish lists", experiments, or improvements to the design or development of any of the Apple Watch Products (including prototypes or unreleased versions of the Apple Watch Products). Your response should include what Lamego or O'Reilly suggested, when he suggested it, why he suggested it (if known), Apple's consideration or discussion of it, and why Apple did or did not act on or implement it. Your response should identify and describe all Documents and Communications relating to, and the people involved in, this topic.

After listing various objections, Apple provides the following statement in response to this interrogatory.

> Apple Watch was well into development when both Lamego and O'Reilly joined Apple, and Apple's first Watch version incorporated numerous heal-related features, many of which are not related to technologies at issue in this litigation, such as pulse rate, step counting, calorie estimation, move-and-stand reminders, and workout tracking. Lamego did not contribute to any of the accused features; Lamego's colleagues rejected his ideas that are relevant to the technologies of Masimo's alleged trade secrets, which was part of the reason Lamego voluntarily left Apple.
> Lamego's proposals and ideas related to the technologies of Masimo's alleged trade secrets were not suitable for a consumer device. None of them was incorporated into Apple products. Lamego's tenure at Apple was limited to a mere six months partially because his ideas were impractical for use in Apple products.
> Michael O'Reilly was generally involved in the use case and understanding of physiology as to Apple Watch, but he did not contribute to the development or design of Apple Watch, including the accused features.
> Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Apple incorporates by reference the following documents: [41 documents listed by bates number].

(Ex. 2 to Plf. Rog. & RFPs Mot. at 24.)

Plaintiffs argue that Apple has not adequately responded to this interrogatory, and specifically assert in their August 5, 2022 motion that Apple fails to disclose the following.

> (1) what Apple believes to be an "accused feature" that Lamego and O'Reilly purportedly did not contribute to, (2) what Lamego's ideas were, (3) whether Apple incorporated any of Lamego's ideas into any prototypes or unreleased versions of the Apple Watch, (4) what O'Reilly's suggestions were, and (5) whether anyone at Apple used O'Reilly's ideas to modify or change the Apple Watch.

(Plf. Rog & RFPs Mot. at 2.)

Having considered the parties' arguments, the Special Master rules as follows as to Plaintiffs' points (1) through (5):

4

(1) GRANTED in that as to Marcelo Lamego, Apple must respond to this Interrogatory No. 32 without adding an "accused features" qualifier to its response. Regarding Michael O'Reilly, given his much longer term of employment at Apple, Apple may limit its response based on its understanding of "accused features" in this case, so long as it clarifies the meaning of "accused feature" consistent with Plaintiffs' suggestions in reply. (See Reply re Plf. Rog. & RFPs Mot. at 2.)

(2) GRANTED in that at a minimum, Apple must identify which ideas reflected in the Rule 33(d) documents submitted in response to this interrogatory were Lamego's ideas. To the extent that Apple, after a reasonable investigation, can identify other ideas that Lamego suggested for the design or development of the Apple Watch (including prototypes), Apple must include this information as well.

(3) GRANTED. To the extent that Apple, after a reasonable investigation, finds that any of Lamego's ideas were incorporated into any prototypes or unreleased versions of the Apple Watch, Apple must include this information in a supplemental response. If Apple believes they were not, Apple must clearly say so as to prototypes and unreleased versions of Apple Watch.

(4) GRANTED in that at a minimum, Apple must identify which ideas in the Rule 33(d) documents submitted in response to this interrogatory, if any, were O'Reilly's ideas. To the extent that Apple, after a reasonable investigation, can identify ideas that O'Reilly suggested regarding the "accused features" in this case for the design or development of the Apple Watch (including prototypes), Apple must include this information as well.

(5) GRANTED, in that at a minimum, Apple must provide more context for the statement that "Michael O'Reilly was generally involved in the use case and understanding of physiology as to Apple Watch, but he did not contribute to the development or design of Apple Watch, including the accused features."

At the hearing, Apple raised arguments regarding only points (2) and (4) of the Special Master's tentative ruling in this section. Apple specifically argued that it had satisfied Rule 33(d) with its response to Interrogatory No. 32 because of the compound nature of the interrogatory, including its reference to contributions from "Marcelo Lamego *and/or* Michael O'Reilly." But as Plaintiffs noted at the hearing, Interrogatory No. 32 specifically asks that Apple "describe in detail

*each*" of the two men's contributions. Apple's arguments on this point are rejected, and Apple must provide more information to sufficiently invoke Rule 33(d) in response to this interrogatory.

### 4.1.2   Requests for Production Nos. 717-723

Apple does not dispute that it has retained an expert in this case, Majid Sarrafzadeh, who previously presented opinions in another case that a third-party patent at issue was invalid due to certain of Masimo's patents and products. Apple is correct that it is unlikely that the potential invalidity of the third-party patent in that other case is relevant to Plaintiffs and Apple's current disputes. But Plaintiffs are correct that Sarrafzadeh's characterizations of Masimo's products and patents that are also involved in this case, in his role as an expert for Apple in both cases, may be relevant here (whether for impeachment purposes or the other reasons noted in Plaintiffs' briefs). Nor has Apple identified any undue burden associated with producing the requested documents. Moreover, as documents relating to prior art invalidity, Apple has not and in fact would be hard-pressed to argue that the documents sought relate to third-party sealed information creating difficulties for production.

The Special Master thus GRANTS Plaintiffs' August 5, 2022 motion as it relates to RFP Nos. 717-723. At the hearing, Apple stated that it submitted on the tentative ruling on this issue.

### 4.1.3   Timing for Compelled Production

At the hearing, the parties disputed when Apple should be compelled to supplement its response to Interrogatory No. 32 and produce documents responsive to RFP Nos. 717-723. Plaintiffs noted that they were scheduled to take O'Reilly's deposition during the week of September 5, and argued that the information sought by Interrogatory No. 32 should be provided in advance of that deposition. In other portions of the parties' oral argument, comments were also made about upcoming deadlines for Plaintiffs to file opening expert reports.

The Special Master cannot at this time consider disputes relating to the timing of O'Reilly's deposition (including Apple's recent production of documents in advance of that deposition). But the Special Master does find that a further supplemental response to Interrogatory No. 32 must be served within seven days of this Order, and defers to the parties to meet and confer about whether this timing would require briefly reopening O'Reilly's deposition. The production of documents

responsive to RFP Nos. 717–723 must occur within seven days of this Order, and the Special Master similarly defers to the parties to meet and confer regarding what impact, if any, this timing has on the deadline for filing opening expert reports.

### 4.2 Plaintiffs' August 12, 2022 Motion to Compel re RFP Nos. 681–83, 685, 688–89, and 691–92 and Rog No. 28

#### 4.2.1 Background Information Regarding This Dispute

In Discovery Order No. 12, the Special Master considered cross-motions related to a subpoena that Plaintiffs had served on non-party ▅▅▅▅ in April 2022. The Special Master compelled ▅▅▅▅ to take certain action as to 3 of the 22 narrowed document requests at issue from the subpoena, finding the requests relevant and proportional to this case, but otherwise quashed the subpoena. The Special Master also stated the following.

> Even assuming Plaintiffs had met a threshold showing of relevance based on the non-party issue preclusion theory they assert to support these requests, the requests are unduly burdensome, including in part (for some of the requests) due to Plaintiffs' failure to first seek corresponding information directly from Apple. All of these requests are otherwise overbroad as written and not shown at this time to be proportional to the needs of this case.

(Discovery Order No. 12 at 10.) After Discovery Order No. 12 was issued, Judge Selna issued an order finding that Plaintiffs may not seek discovery regarding their earlier-proposed offensive non-party issue preclusion theory in this case. (Dkt. No. 896 (Sealed).)

Plaintiffs now seek to compel Apple to respond to discovery requests served in May 2022 about certain categories of documents and communications involving ▅▅▅▅. The Special Master rules as follows.

#### 4.2.2 Rulings re Requests for Production Nos. 681–83, 685, 688–89, and 691–92

| RFP No. | Ruling |
|---|---|
| 681. Documents regarding any relationship, collaboration, or coordination between ▅▅▅▅ and Apple, including contracts or agreements between ▅▅▅▅ and Apple. | DENIED, for reasons including that the request is overbroad and not sufficiently tailored or proportional to the needs of this case. The parties |

| | | |
|---|---|---|
| | | did not present argument regarding this request at the hearing. |
| | 682. All agreements or contracts between ▮ and Apple. | GRANTED, including because of the possible relevance of the information sought to damages in this case and the lack of undue burden shown to comply with this request. |
| | 683. Documents regarding technology, hardware, software, or components provided by ▮ to Apple (or vice versa) related to non-invasive physiological monitoring using light, including pulse rate, oxygen saturation, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose. | GRANTED. Although Apple argues that "the record has changed" since the Special Master considered a very similar request in the ▮ subpoena and compelled a response (specifically, Request No. 4), sufficient basis supports the relevance of the information sought to Plaintiffs' trade secret misappropriation claims in this case, including as to Apple Watch prototypes, and Apple has not argued or otherwise shown that it would face any undue burden by being compelled to respond to the request. Apple's requests at the hearing to change the phrasing of certain portions of this request have been considered but are rejected. |
| | 685. Documents regarding, or communications with, ▮ that refer or relate to any of the following: any of the Lamego Family, True Wearables, Masimo, Cercacor, Joe Kiani, Michael O'Reilly, Cornelius Raths, Johannes Bruinsma, and/or Haritha Haridas. | DENIED, for reasons including that the request is overbroad and not sufficiently tailored or proportional to the needs of this case. This outcome is the same even if the Special Master were to consider Plaintiffs' late-raised proposal in their motion to narrow the scope of this RFP as to the term "the Lamego Family." The parties did not |

| | | |
|---|---|---|
| | | present argument regarding this request at the hearing. |
| | 688. Documents regarding, or communications with, ▮ that refer or relate to any of the following: ▮ ▮ ▮ ▮ ▮ ▮ or any other employee or former employee of Masimo or Cercacor. | DENIED, for reasons including that the request is overbroad and not sufficiently tailored or proportional to the needs of this case. The parties did not present argument regarding this request at the hearing. |
| | 689. Documents regarding any agreement with ▮ to collaborate or coordinate on issues relating to any of the following: ▮ ▮ ▮ ▮ ▮ ▮ or any other employee or former employee of Masimo or Cercacor. | DENIED, for reasons including that the request is overbroad and not sufficiently tailored or proportional to the needs of this case. The parties did not present argument regarding this request at the hearing. |
| | 691. Documents regarding, or communications with, ▮ that refer or relate to any effort (by Apple or ▮) to recruit or hire individuals who at any time worked for Masimo or Cercacor. | GRANTED, with the understanding that this RFP is limited as referring or relating to any Apple or ▮ efforts to recruit or hire individuals *because* those individuals worked at Masimo or Cercacor. Apple's arguments at the hearing regarding the scope of this request have been considered but are found unpersuasive. |

| | |
|---|---|
| 692. Documents sufficient to identify any payments made (directly or indirectly) by Apple to ▊ including anyone associated with ▊. | DENIED, for reasons including that the request is overbroad and not sufficiently tailored or proportional to the needs of this case. Plaintiffs' argument that this information is relevant to damages has been considered but on the current record, does not support an order compelling production as to the full scope of information sought by this RFP. The parties did not present argument regarding this request at the hearing. |

### 4.2.3   Interrogatory No. 28

Interrogatory No. 28 states the following.

Describe in detail Apple's relationship or collaboration with ▊ related to non-invasive physiological measurements, including: ▊'s technology, hardware, software, or components provided or used by Apple; Apple's technology, hardware, software, or components provided or used by ▊; joint efforts to develop, modify, change, or test technology, hardware, software, or components; agreements or suggestions to share technology, hardware, software, or components; actual or contemplated payments or conveyances of other things or services of value. Your response should identify and describe all Documents and Communications relating to, and the people involved in, this topic.

The Special Master finds that Apple must respond to Interrogatory No. 28 and GRANTS Plaintiffs' motion on this point. Apple's request at the hearing to limit this interrogatory as relating to "*light-based* non-invasive physiological measurements" is rejected. As written and given the circumstances presented, Interrogatory No. 28 is sufficiently tailored and proportional to the needs of this case.

### 4.2.4   Further Comments and Findings Regarding Special Master's Rulings on This Motion

As with Plaintiffs' non-party offensive issue preclusion theory, to the extent not already addressed by Judge Selna's earlier orders, the Special Master respectfully defers to Judge Selna to determine whether Plaintiffs can maintain a theory that Apple and ▊ jointly misappropriated

Plaintiffs' purported trade secrets. However, in making the rulings in this Subsection 4.2 of Discovery Order No. 15, the Special Master need not reach a conclusion on this issue. Instead, the Special Master finds that most of the requests for production are simply overbroad on their face, while the information sought in RFP Nos. 682, 683, and 691 and Interrogatory No. 28 relates to the technology at issue in Plaintiffs' trade secret misappropriation claims, and is at least marginally relevant for that reason. Although Apple appears to suggest that discovery on such a basis is not warranted because so much other discovery has been exchanged regarding the technology at issue (Opp'n re ▓▓▓▓ Mot. at 5), this argument does not fully address the potential relevance raised by the information in these requests. At the hearing, the parties maintained their relevance debates, including with both new and reiterated arguments about the nature of the technology that ▓▓▓▓ supplies to Apple. These ongoing debates ultimately further support permitting Plaintiffs to explore the requests that have been granted by this Order. And Apple did not meaningfully make any arguments – in its opposition or at the hearing – of undue burden that it would endure in being asked to respond to these requests. Meanwhile, Plaintiffs' arguments that "Apple's *only* relationship with ▓▓▓▓ involves highly relevant technology," such that all of Plaintiffs' requests should be granted (Reply re ▓▓▓▓ Mot. at 3 (emphasis in original)), is found an unpersuasive basis for granting the other requests at issue here.

Plaintiffs' August 12, 2022 motion is thus GRANTED-IN-PART as to RFP Nos. 682, 683 and 691 and Interrogatory No. 28 as understood by the Special Master herein, and otherwise DENIED.

### 4.2.5 Timing for Compelled Production

The production of documents responsive to RFP Nos. 682, 683 and 691 and Interrogatory No. 28 must occur within seven days of this Order, and the Special Master similarly defers to the parties to meet and confer regarding what impact, if any, this timing has on the deadline for filing opening expert reports.

### 4.3 Plaintiffs' August 15, 2022 Motion to Compel re Apple's Privilege Log and Redacted/Withheld Documents

Having considered all briefs and arguments relating to Plaintiffs' August 15, 2022 motion, the Special Master finds that Plaintiffs failed to adequately meet and confer regarding deficiencies

in Apple's April 2022 privilege log. Indeed, much of the requested relief Plaintiffs raised in their motion was effectively mooted by Apple's opposition brief and Apple's agreement to produce certain requested documents and information raised in Plaintiffs' motion.

Although the record supports that Plaintiffs delayed many months in filing their motion compared to the date they received Apple's April 2022 privilege log (served by Apple in response to meet and confer discussions about an earlier version of Apple's privilege log, with no meet and confers conducted after that April 2022 privilege log was served), the Special Master bases his determination on this motion solely on Plaintiffs' failure to adequately meet and confer. To the extent the parties, after adequately meet and conferring, choose to raise additional disputes to the Special Master regarding the April 2022 privilege logs, timing issues can be re-raised then (and objections to the Special Master's determinations reached on timing can be made then, too).

On this record, Plaintiffs' August 15, 2022 motion must be DENIED.

### 4.4 Apple's August 22, 2022 "Conditional" Motion to Compel re Plaintiffs' Privilege Log and Redacted/Withheld Documents

Apple's August 22, 2022 motion is styled as a conditional motion if the Special Master were to consider Plaintiffs' August 15, 2022 motion on the merits. Because the Special Master denies Plaintiffs' August 15, 2022 motion for failure to adequately meet and confer, and further because Apple failed to meet and confer in advance of filing its own "conditional motion," Apple's August 22, 2022 motion is also DENIED. The Special Master finds it unnecessary to review a future reply brief not yet filed by Apple in reaching this determination.

## 5. CONCLUSION

The parties have submitted their disputes to the Special Master consistent with the restricted letter-briefing and page limit procedures specified by the Order Appointing in this case. After presenting the parties with a full opportunity to present oral argument related to their disputes, the Special Master considered all of the numerous arguments presented in the briefs and at associated hearings in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Plaintiffs' August 5, 2022 Motion to Compel re Rog No. 32 and RFP Nos. 717–723 is GRANTED as explained herein.
- Plaintiffs' August 12, 2022 Motion to Compel re RFP Nos. 681–83, 685, 688–89, and 691–92 and Rog No. 28 (seeking documents and information involving ▮▮▮▮▮▮▮▮▮▮▮) is GRANTED-IN-PART as to RFP Nos. 682, 683, and 691 and Interrogatory No. 28 as understood by the Special Master herein, and otherwise DENIED.
- Plaintiffs' August 15, 2022 Motion to Compel re Apple's Privilege Log and Redacted/Withheld Documents is DENIED.
- Apple's August 22, 2022 "Conditional" Motion to Compel re Plaintiffs' Privilege Log and Redacted/Withheld Documents is DENIED.
- Any further discovery compelled by this Discovery Order No. 15 must be produced as specified in particular subsections of this Order.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

If the parties do not email the Special Master's Case Manager within the three court days specified by the Order Appointing, the Special Master assumes that the parties do not have any proposed redactions (or that any request for such redactions has been waived) and will promptly submit this written Order to the Court for public filing.

THUS IT IS ORDERED.

Dated: September 8, 2022

_____
Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
Alternative Dispute Resolution

*Results Beyond Dispute*℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

# PROOF OF SERVICE

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On September 8, 2022, I served the foregoing documents, described as:

**ORDER NO. 15 OF SPECIAL MASTER REGARDING THREE DISCOVERY DISPUTES**

to the following parties:

**SEE ATTACHED MAILING LIST**

(X) **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

( ) **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

( ) **BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

( ) **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

( ) **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

(X) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 8, 2022**, at Santa Ana, California

Heidi Adams
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

# Case Contact List

as of Thursday, September 8, 2022

**JW Case #: A279845**

### Case Caption: Masimo Corporation, et al. vs. Apple, Inc.

Jeremy A. Anapol, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jeremy.anapol@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Christian D. Boettcher, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: christian.boettcher@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495



Santa Ana Office
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
www.judicatewest.com

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Kendall M. Loebbaka, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: kendall.loebbaka@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495



**JUDICATE WEST**
Alternative Dispute Resolution
Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
www.judicatewest.com

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300  Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500  Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000  Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000  Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590  Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590  Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495