# EXHIBIT 1

PILLSBURY WINTHROP SHAW PITTMAN LLP
Michael E. Zeliger (CA Bar No. 271118)
michael.zeliger@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Telephone (650) 233-4500
Facsimile: (650) 233-4545

ERIC C. RUSNAK (*pro hac vice*)
eric.rusnak@pillsburylaw.com
THERESA A. ROOZEN (*pro hac vice*)
theresa.roozen@pillsburylaw.com
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:      202.663.8000
Facsimile:       202.663.8007

*Attorneys for Non-Party*
ROCKLEY PHOTONICS HOLDINGS, LTD.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Masimo Corporation *and* Cercacor Laboratories, Inc.,<br><br>            Plaintiffs,<br><br>     v.<br><br>Apple, Inc.,<br><br>            Defendant. | Case No. 8:20-cv-00048-JVS-JDS<br><br>**NON-PARTY ROCKLEY PHOTONICS HOLDINGS, LTD.'S SUPPLEMENTAL OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SUBPOENA**<br><br>Judge:  The Honorable James V. Selna, and The Honorable John D. Early |
|---|---|

1  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Rockley Photonics
2  Holdings, Ltd. ("Rockley") hereby submits the following supplemental response to Request No. 4 of
3  the subpoena issued by Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc. (collectively,
4  "Plaintiffs") ("Subpoena"), as narrowed by Masimo and as required by Order No. 12 of the Special
5  Master (Dkt. 893) ("Order No. 12").

**PRELIMINARY STATEMENT**

7  The Preliminary Statement set forth in Rockley's Objections and Responses to Plaintiff's
8  Subpoena, dated May 5, 2022, is incorporated into this response by reference as if fully restated
9  herein.

**OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

11 The Objections and Responses to Definitions and Instructions set forth in Rockley's
12 Objections and Responses to Plaintiff's Subpoena, dated May 5, 2022, are incorporated into this
13 response by reference as if fully restated herein.

**SPECIFIC SUPPLEMENTAL OBJECTIONS AND RESPONSES**

15 Subject to the above Preliminary Statement and General Objections, which are hereby
16 incorporated in the specific responses to each Request, Rockley submits the following specific
17 supplemental response as required by Order No. 12:

18 **REQUEST NO. 4:**
19 Documents regarding technology, hardware, software, or components provided by Rockley
20 to Apple (or vice versa) related to non-invasive physiological monitoring using light, including pulse
21 rate, oxygen saturation, perfusion index, total hemoglobin, oxygen content, pleth variability index,
22 methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose.

23 **RESPONSE TO REQUEST NO. 4:**
24 In addition to its previously stated Objections, Rockley objects to the terms "Rockley" and
25 "Apple" and incorporates it objections to the definitions of these terms. Rockley objects because the
26 following terms and phrases are ambiguous and overbroad: "regarding technology, hardware,
27 software, or components" and "non-invasive physiological monitoring using light." Rockley further
28 objects to this Request to the extent it purports to require Rockley to disclose information in

-1-

violation of a legal or contractual obligation of nondisclosure to a third-party. Rockley further objects to the extent this Request seeks information protected by attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other judicially recognized doctrine, protection, or privilege. Rockley further objects because the Request is unbounded in time.

Rockley objects because Plaintiffs can obtain these documents, to the extent they are even relevant to the lawsuit, from Apple, a party to this case, so this Request is unduly burdensome on Rockley, a third-party. Plaintiffs have not shown that they have been unable to obtain these documents from Apple.

For the foregoing reasons, Rockley respectfully requests that Plaintiffs withdraw this Request. In the event that Plaintiffs do not withdraw the Request, Rockley will file a motion to quash the Subpoena.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Pursuant to Order No. 12, Rockley reviewed its documents and records relating to the technology provided by Rockley to Apple. Rockley reasonably believes Apple has access to all documents sufficient to show the technology, hardware, software, or components provided by Rockley to Apple. Rockley does not have any documents to produce because Masimo can get all documents responsive to Request No. 4 from Apple. Rockley is not withholding any documents on the basis of privilege.

Dated: August 5, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Eric C. Rusnak
PILLSBURY WINTHROP SHAW PITTMAN LLP
Michael E. Zeliger (CA Bar No. 271118)
michael.zeliger@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304

-2-
ROCKLEY'S SUPPLEMENTAL OBJECTIONS TO THE SUBPOENA
Case No. 8:20-cv-00048-JVS-JDS

Exhibit 1
Page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone (650) 233-4500
Facsimile: (650) 233-4545

ERIC C. RUSNAK (*pro hac vice*)
eric.rusnak@pillsburylaw.com
THERESA A. ROOZEN (*pro hac vice*)
theresa.roozen@pillsburylaw.com
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:      202.663.8000
Facsimile:       202.663.8007

*Attorneys for Non-Party Rockley Photonics Holdings, Ltd.*

-3-
ROCKLEY'S SUPPLEMENTAL OBJECTIONS TO THE SUBPOENA
Case No. 8:20-cv-00048-JVS-JDS

Exhibit 1
Page 4