# EXHIBIT 11



Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Michael E. Zeliger
tel: +1.650.233.4069
michael.zeliger@pillsburylaw.com

May 25, 2022

Via Email

Honorable Andrew J. Guilford (Ret.)
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

> Re: **Masimo Corp. v. Apple, Inc.**, No. 8:20-cv-00048-JVS-JDE, C.D. Cal., Motion to Quash Subpoena to Rockley Photonics Holdings, Ltd.

Dear Judge Guilford:

Pursuant to the Order Appointing Special Master (Dkt. 470), non-party Rockley Photonics Holdings, Ltd. ("Rockley") respectfully submits this letter brief to quash a subpoena[1] to produce documents issued by Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc. ("Masimo").

**I.    INTRODUCTION**

Masimo has filed numerous lawsuits against Rockley's business partners, including Defendant Apple Inc. ("Apple"). It appears that because Rockley employs former Masimo employees, Masimo has concocted a theory that Rockley is working with, and perhaps even directing, *Apple* in its litigations with Masimo.

Masimo has engaged in a pattern of harassing, intimidating, and threatening its former employees to gain leverage over its litigation opponents, including Apple.[2] Masimo has not, however, sued Rockley, but it nonetheless approaches discovery as if Rockley is a party to this case, as well as two other cases.

The subpoena as originally drafted consisted of thirty-seven requests for documents that appear to be wholly irrelevant to the present litigation. Some of the topics request documents, that if relevant, could be more easily discoverable from

---

[1] The subpoena is attached hereto as Exhibit A.

[2] On January 19, 2022, counsel for Masimo sent a letter to Rockley, suggesting, with no basis, that a former Masimo employee and someone who once interviewed for a job at Masimo, may have breached confidentiality obligations when they later became employed by Rockley. *See* Exhibit B.

Honorable Andrew J. Guilford (Ret.)
May 25, 2022
Page 2

Apple (a party) than Rockley. Other topics demand the production of documents regarding Rockley's interaction with other non-parties, against which Masimo has filed other lawsuits. There are also topics requesting information regarding Rockley's or its legal counsel's involvement in other lawsuits, including an investigation pending before the United States International Trade Commission.

Following a meet and confer between Masimo and Rockley, Masimo narrowed the requests to twenty-two in number. The "narrowed" requests are as overly burdensome and inappropriate as the original requests.

Masimo's subpoena is designed to fish for information about Rockley's confidential business practices, its dealings with its business partners, and its counsel's communications with lawyers in unrelated litigation matters. Not only is this improper, but Rockley is exploring whether it's actionable. Accordingly, at a minimum, Masimo's subpoena to Rockley should be quashed.[3]

## II.   PROCEDURAL BACKGROUND

Masimo issued its subpoena to Rockley with an original return date of April 21, 2022. *See* Exhibit A. Rockley's counsel met and conferred with Masimo's counsel regarding an extension of time to object or respond to the subpoena, and Masimo agreed to a two-week extension, bringing Rockley's objection/response date to May 5, 2022.

On May 5, 2022, Rockley's counsel sent a letter to Masimo stating it believed the subpoena was overbroad, asking for a conference pursuant to the local rules. *See* Exhibit C.

Counsel for Masimo responded seven days later, on May 12, saying that Masimo disagreed with Rockley's assertions. Masimo failed to agree to a meet and confer within the required five days. *See* Exhibit D.

On May 17, Rockley wrote to Masimo's counsel, stating that Masimo had not followed the local rules regarding the requested attorney conference and asked

---

[3] Rockley believes there is good cause to seek its attorneys' fees and costs associated with filing this motion, but has, for now refrained from so moving. Should Masimo maintain its frivolous and wrongful approach to discovery, Rockley will revisit that decision. *See Black v. Wrigley*, No. 18-CV-2367 GPC-BGS, 2019 WL 2717212, *4-10 (S.D. Cal. June 28, 2019) (subpoenaed nonparty awarded sanctions, noting that that "Rule 45 states that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." (internal quotation marks and citations omitted)).

Honorable Andrew J. Guilford (Ret.)
May 25, 2022
Page 3

Masimo to confirm that the subpoena would be withdrawn. *See* Exhibit D.

On May 18, Masimo finally responded, asking for a meet and confer. Masimo narrowed the requests to twenty-two in number. *See* Exhibit D. Masimo and Rockley met and conferred on May 23, 2022, but they were unable to resolve their differences.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a court "must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3)(A)(iv). "In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, *4 (N.D. Cal. Dec. 30, 2019) (internal quotations omitted). "When the requesting party has 'not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a non-party.'" *Id.* (quoting *Soto*, 282 F.R.D. at 505). "Further, 'when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.'" *Id.* (quoting *Soto*, 282 F.R.D. at 505).

A party must limit discovery if the discovery sought from a non-party may be obtained from some other source that is more convenient. Fed. R. Civ. P. 26(b)(2)(C)(i). And a party may seek to quash a subpoena by demonstrating that the documents may be sought from other sources that are less burdensome without the need to seek them from a non-party by subpoena. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D 575, 577 (N.D. Cal. 2007).

A court evaluating whether a subpoena is unduly burdensome must consider factors such as relevance, the need of the party for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed. *See Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D.Cal.2005). The burden on the third party outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party. *See In re Allergan, Inc,* No. 14CV02004, 2016 WL 5922717, at *8–9 (C.D. Cal. Sept. 23, 2016).

### IV. ARGUMENT

#### A. Documents Masimo Should Obtain from Apple

Masimo seeks documents from Rockley regarding Rockley's business and communications with Apple. *See* Exhibit E, Request Nos. 1, 4, 7, 9, 15, 17, 25, 36, 37. To the extent that these documents are even relevant to the claims and defenses in

Honorable Andrew J. Guilford (Ret.)
May 25, 2022
Page 4

this litigation (and it is not clear that they are), Masimo should obtain them from Apple.

For example, Masimo asks Rockley for documents related to "Rockley's relationship, collaboration, or coordination with Apple" relating to this litigation and two other litigations, in which Rockley is also not a party.  *See* Exhibit E, Request No. 1. Masimo also demands information regarding "payments made (directly or indirectly) by Apple to Rockley, including anyone associated with Rockley" related to this case or two other litigations, in which Rockley is also not a party." *See id.*, Request No. 25. Masimo also asks for communications between Rockley and Apple that "refer or relate to any effort (by Apple or Rockley) to recruit or hire individuals who at any time worked for Masimo or Cercacor." *See id.*, Request No. 17.

Masimo's requests for these documents should be quashed because to the extent documents exist and are relevant, Masimo can get them from Apple. The requests appear designed to harass non-party Rockley and to fish for information about Rockley's business relationship with Apple. *See, e.g.*, *Zucchella v. Olympusat, Inc.*, No. CV 19-7335-DSF (PLAx), 2020 U.S. Dist. LEXIS 210858, at *13 (C.D. Cal. Apr. 1, 2020) (quashing subpoenas that "amount[] to a fishing expedition into private financial documents that have little to no apparent probative value." (citing *Rivera v. NIBCo*, 364 F.3d 1057, 1072 (9th Cir. 2004) (noting that district courts "need not condone the use of discovery to engage in fishing expeditions"))); s*ee also, e.g.*, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 18-mc-00088-VAP (KSx), 2018 WL 6136778 (C.D. Cal. Aug. 15, 2018) (granting motion to quash, finding subpoena amounted to "a classic fishing expedition" where "[t]he potential relevance of [subpoenaed information] seemed quite remote".)

### B. Documents Involving Rockley's Business with Other Non-Parties

Masimo served several requests for documents related to Rockley's interactions with other non-parties, including True Wearables and the Lamego Family. *See* Exhibit E, Request Nos. 8, 10, 16, 26, 27, 31, 32, 33, 36, 37. These requests also appear irrelevant to the claims and defenses in this litigation, and instead seem designed to harass and burden Rockley while investigating Rockley's unrleated business dealings.

For example, Masimo seeks "documents sufficient to identify any payments made (directly or indirectly) by Rockley to True Wearables and/or any of the Lamego Family including anyone associated with True Wearables or any of the Lamego Family."  *See* Exhibit E, Request No. 26. To the extent that any payments were made between these two non-parties, it strains credulity that they are relevant to a litigation between Masimo and Apple.

As another example, Masimo demands "documents regarding any indemnification agreement between Rockley and True Wearables and/or Marcelo Lamego." *See id.*, Request No. 32. Neither Rockley, nor True Wearables nor Marcelo Lamego are parties to this case.

### C. Documents Involving Unrelated Lawsuits

Masimo improperly asks for documents and information regarding to unrelated lawsuits: one in this Court against non-party True Wearables, and one investigation pending in the International Trade Commission. *See* Exhibit E, Request Nos. 7, 8, 9, 10, 28, 29, 30, 31, 33, 34, 35, 36, 37. Masimo broadly asks for documents that might suggest that Rockley had influence over the strategy and filings in those matters.

For example, Masimo seeks "documents regarding any ability by Rockley and/or its legal counsel to be involved in, provide input on, or affect any litigation strategy in this case, *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals), or *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276." *See* Exhibit E, Request No. 35. Whether Rockley has an ability to provide input on litigation strategy in this matter, or in two unrelated matters, is irrelevant to any claim in this litigation.

Likewise, Masimo seeks "documents regarding any payment by Rockley for litigation expenses, including attorneys fees, incurred by True Wearables and/or any of the Lamego Family in this case, *Masimo Corp. v. True Wearables Inc.*, Case No. 8:18-CV-02001 (including appeals), or *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, ITC Inv. No. 337-TA-1276." *See* Exhibit E, Request No. 31. The Court should quash these requests because they are aimed at supposed interactions between three non-parties.

### V. CONCLUSION

Discovery is not a tool for harassment, intimidation, or voyeurism. Rockley has nothing to do with this litigation and should not be subjected to Masimo's grossly inappropriate discovery. For these and the foregoing reasons, non-party Rockley respectfully requests that the Court quash Masimo's subpoena in its entirety.

Regards,

Michael E. Zeliger
Partner