# EXHIBIT 12



Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Michael E. Zeliger
tel: +1.650.233.4069
michael.zeliger@pillsburylaw.com

June 30, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Ste 1600
Santa Ana, CA 92705

Re:    ***Masimo Corp. et al v. Apple Inc.*, case no. 8:20-cv-00048-JVS-JDE (C.D. Cal.), Supplemental Briefing Regarding Plaintiffs' "Non-Party Issue Preclusion Theory"**

Dear Judge Guilford:

Non-party Rockley Photonics Holdings, Ltd. ("Rockley") hereby submits this additional brief regarding Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s (collectively, "Masimo") "non-party issue preclusion theory."

Masimo's new theory that Rockley somehow controls parties in three different litigations is fiction. Masimo has not identified any material evidence to support its allegations.

Instead, Masimo urges the Court—with no good faith basis—to compel Rockley to go through the burdensome and expensive exercise of responding to a broad subpoena on the grounds that Rockley has yet to prove that it **has not** controlled Apple, True Wearables, or the Lamego Family in three separate litigations in which Rockley is not even a party.

This is nothing but a ruse to harass Rockley (a competitor) and gather information about what Rockley is doing for Masimo's other competitors.

Rockley employees were drawn into the *True Wearables* case in their **individual capacity** because the employees previously worked for Masimo.  The subject of their deposition and trial testimony focused on their employment at Masimo.

Rockley was not subpoenaed in the *True Wearables* case and had no involvement in it.  The Rockley employees were not represented by a Rockley lawyer.  They were represented by their own counsel, who was not retained or paid for by Rockley.  Any instructions by counsel representing these employees did not involve or originate from Rockley.

4867-7645-2647

Exhibit 12
Page 1

Hon. Andrew J. Guilford (Ret.)
June 30, 2022
Page 2

   Rockley employees were again drawn into the Masimo/Apple ITC case when Apple issued subpoenas to three Rockley employees who were formerly employed at Masimo.  The depositions were repeatedly rescheduled as Masimo and Apple fought over the timing and scope of the depositions.

   In the end, Apple deposed one of the subpoenaed witnesses and withdrew the subpoenas for the other two.  The subject of the deposition was the asserted Masimo patents on which the employee was a named inventor.  Rockley was not subpoenaed in the ITC case and had no involvement in it.

   Now, in a third case, Masimo has subpoenaed Rockley directly on the theory that Rockley is somehow a go-between the defendants in Masimo's other two litigations. Masimo has abused the discovery process and wasted Rockley's and the Court's time and resources with unfounded allegations.

   Masimo's true goal is to disrupt Rockley's business, intimidate former Masimo employees who are now at Rockley, and fish for information about Rockley's products as well as its research and development.

   In an effort to bring Masimo's abusive behavior to an end, Rockley searched its files and confirms that it does not have documents responsive to Masimo's subpoena, except for Request No. 4.

   Request No. 4 calls for "documents sufficient to show the technology, hardware, software, or components provided by Rockley to Apple (or vice versa) related to non-invasive physiological monitoring using light, including pulse rate, oxygen saturation, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from pleth, or blood glucose."

   Rockley reiterates its request that Masimo's subpoena be quashed.  There is no dispute that Masimo is a supplier to Apple.  Rockley does not believe documents requested in Request No. 4 are relevant to this litigation.  However, to the extent that any of the requested documents in Request No. 4 are relevant, Masimo can get "documents sufficient to show" the accused technology from Apple.

   The Court should not permit Masimo to continue to harass Rockley and peek under the hood to see what types of products Rockley is developing or what kinds of claims Masimo could concoct against Rockley.

   Rockley requests that the Court quash Masimo's subpoena and award Rockley its costs and attorney's fees.

Sincerely,

Michael E. Zeliger

4867-7645-2647

Exhibit 12
Page 2