# EXHIBIT 14

# HAYNES BOONE

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
<u>Hearing Requested</u>

Kenneth G. Parker
Direct: (949) 202-3014
Fax: (949) 202-3152
Ken.parker@haynesboone.com

June 21, 2022

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street, Suite 1600
Santa Ana, CA 92705

Re:   <u>*Masimo Corp. et al. v. Apple Inc.*</u>, Case No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.)

Dear Judge Guilford:

Apple writes in reply to Plaintiffs' June 13, 2022 response to Apple's June 6, 2022 letter regarding Rockley Photonics' motion to quash Plaintiffs' subpoena.

*First*, Plaintiffs do not deny that (1) their issue preclusion theory is new and (2) the Fourth Amended Complaint makes no mention of True Wearables or Rockley. While they suggest it is proper to raise this novel theory at this late stage because (at a high level of generality) it "support[s]" their misappropriation claim, Resp. 1, the same logic would justify raising any argument that makes even a passing reference to trade secrets at any time.

*Second*, Plaintiffs accuse Apple of distorting their position regarding the similarity of the allegations of trade secret misappropriation in this case and *True Wearables*. Resp. 1. To be clear, Plaintiffs argued in front of Judge Selna that the filings in the *True Wearables* case were not even *relevant* to this litigation. *See* Dkt. 680-1 at 9-10. If Plaintiffs agreed that the misappropriation allegations across the two suits were similar, they could not have reasonably maintained a relevancy argument. Plaintiffs' assertion (at 1) that their argument was merely that Apple's relevancy position "was unsupported" is misleading, as Apple's opening brief had cited the specific paragraphs in the *True Wearables* complaint and the operative complaint here that were similar. *See* Dkt. 662-1 at 11 ("*Compare* Dkt. 296-1 ¶¶ 22-26, 80-267 (Fourth Amended Complaint) *with Masimo Corp*. v. *True Wearables Inc.*, No. 8:18-cv-02001, Dkt. 42 ¶¶ 35-43, 74-101 (June 17, 2019)").[1]

*Third*, Plaintiffs argue that Apple has not denied that Rockley "participated in litigation against [Plaintiffs] on the same side as Apple." Resp. 1. This appears to be a convoluted way of saying that Apple does not deny the historical fact that Rockley employees testified in the *True Wearables* litigation. That, of course, is true. To the extent Plaintiffs are suggesting something surreptitious—e.g., that Rockley acted as a proxy for Apple to control the outcome of that litigation—that is false. *See* Letter 1.

*Fourth*, Plaintiffs contend that Apple would not have filed its original, one-page letter if there were not some "truth" behind Plaintiffs' conspiracy theory. Resp. 1-2. To the contrary, had Plaintiffs filed a proper subpoena, there would have been no need for Apple to get involved. Instead, Plaintiffs made an outrageous accusation against one of Apple's business partners that had previously been wholly uninvolved in this litigation—apparently in an effort to lay the groundwork for future motion practice on their related discovery requests to Apple. As Apple's responses to those requests make clear, prior to the subpoena at issue here, a reasonable investigation has established that Apple had *no communications* with Rockley regarding this litigation or *True Wearables* prior to the subpoena at issue here. *See, e.g.*, Ex. A (Apple interrogatory response).

---

[1] Plaintiffs' suggestion (at 1) that Judge Selna "agreed with" them on relevance is inaccurate. To the contrary, Judge Selna noted that their prior briefing in front of the Special Master "did not discuss relevance." Dkt. 748 at 5-6. "[R]ather than entertaining [Plaintiffs'] new relevance arguments for the first time before this Court," Judge Selna "assume[d] the requested [*True Wearables*] materials are relevant." *Id.*

**Haynes and Boone, LLP**   |   600 Anton Boulevard | Suite 700 | Costa Mesa, CA 92626
949.202.3000 | haynesboone.com

Exhibit 14
Page 1

**HAYNES BOONE**

Hon. Andrew J. Guilford (Ret.)
June 21, 2022
Page 2

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Sincerely,

/s/ Kenneth G. Parker

Kenneth G. Parker

Exhibit 14
Page 2