JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1124 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>        Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S NOTICE AND *EX PARTE* APPLICATION FOR AN ORDER STAYING PORTIONS OF SPECIAL MASTER ORDER NO. 15**<br><br>No Hearing Noticed |

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth St., Suite 2600
   Denver, CO 80202
22 Tel: 720.274.3152 / Fax: 720.273.3133

23
24
25
26
27
28

# NOTICE OF *EX PARTE* APPLICATION

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby submits this *Ex Parte* Application for an order staying enforcement of portions of Special Master Order No. 15 dated September 8, 2022, Ex. 1, until seven days after this Court rules on Apple's forthcoming Objections to Special Master Order No. 15. Specifically, Apple requests that this Court stay the portions of the Order that require Apple to produce a wide range of information and documents related to Rockley Photonics by Thursday, September 15, 2022.

This Application is made *ex parte* on the grounds that: (1) absent a stay, Apple will suffer irreparable prejudice, in that it will be denied Article III review of its Objections and be forced to produce information—including highly sensitive, technical information—regarding its own technology unrelated to the core issues in this litigation and its relationship to a third-party with no connection to this litigation; (2) Apple did not create the need for *ex parte* relief—Special Master Order No. 15 set a deadline of September 15, 2022 for compliance and the Special Master is unavailable for the next two weeks; and (3) Apple's request for a stay is meritorious. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-493 (C.D. Cal. 1995). Apple filed a similar request with the Special Master on Friday, September 9, 2022—the day after receiving the order at issue—but received an automated response that the Special Master is out of contact until September 25, 2022. Ex. 2 at 1.

Pursuant to Local Rule 7-19, counsel for Apple gave notice of this Application to counsel for Plaintiffs on September 10, 2022 and requested to meet and confer either on Sunday, September 11, 2022 or Monday, September 12, 2022. Although Plaintiffs filed an opposition to Apple's stay request at 11:16pm PST on September 11, they did not respond to Apple's request to meet and confer. On September 12, 2022, at 9:00am PST, Apple called Plaintiffs' counsel and notified them of the specific date and contents of

1   this Application.  Passamaneck Decl. ¶ 4.  Plaintiffs' counsel subsequently stated that
2   Plaintiffs intend to oppose this Application.  *Id.*
3       The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

21      This *Ex Parte* Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Nora Passamaneck and Exhibits appended thereto, all matters of which judicial notice may be taken, and such argument and evidence as may be presented at the hearing on this Application, if any.  A proposed order is being lodged for this Court's consideration.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On Thursday, September 8, 2022, the Special Master issued Order No. 15, which *inter alia* requires Apple to produce documents and information related to Rockley Photonics, a third-party with no connection to this case. Apple intends to ask this Court to review this portion of Order No. 15. Apple will file objections with this Court by no later than September 19, 2022, which will allow a hearing to be noticed for October 17, 2022—the earliest possible date available based on Local Rule 6-1 and this Court's calendar. However, because the Special Master's ruling requires production of the Rockley discovery materials by September 15, 2022, a stay is necessary to preserve Apple's right to have this Court review the Special Master's decision.

Courts in this District routinely grant stays of magistrate judge discovery orders pending review when the failure to do so would effectively deny the requesting party the right to Article III review. *See, e.g.*, *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021); *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019). Moreover, the requirements for *ex parte* relief are easily satisfied. Apple is not at fault for creating the need for an *ex parte* application, as the Special Master's seven-day deadline necessarily made it impossible for Apple to seek a stay through the normal process laid out in Local Rule 6-1, and Apple sought a stay from the Special Master the day after Order No. 15 was issued (only to learn that the Special Master was out of contact until September 25, 2022). *See* Ex. 2. Apple will suffer irreparable harm if the stay is not granted, as it will be required to produce irrelevant information (some of which is highly sensitive, technical information), which once seen cannot be unseen.

## II. BACKGROUND

On April 7, 2022, Plaintiffs served a subpoena on Rockley Photonics that raised 37 requests for documents (later narrowed to 22). Ex. 4 at 1. On May 13, 2022—the

deadline to serve written discovery—Plaintiffs served Apple with eight RFPs and one interrogatory, each of which mirrors one of the original 37 requests in the Rockley subpoena. *Id.* at 2. On May 24, 2022, Plaintiffs filed a motion with the Special Master seeking to compel Rockley's compliance with the subpoena. *Id.* at 1. In explaining relevance, Plaintiffs' motion raised two new legal theories that did not appear in the various iterations of the complaint or any earlier brief in this case: (1) Apple was using Rockley as a proxy to control the defendant in the *True Wearables* secret litigation and (2) "Apple [was] access[ing] Masimo's trade secrets through Rockley." *Id.*

On August 9, 2022, this Court held that Plaintiffs were barred from pursuing their collateral estoppel theory. Dkt. 896 at 3-5.[1] As relevant here, this Court stated that Plaintiffs' decision to raise the collateral estoppel argument for the first time in the May 24, 2022 motion was "too late." *Id.* at 4. As with "any claim or defense," such an argument "should be brought to light reasonably soon enough in the litigation to provide notice and an opportunity to investigate and respond." *Id.* at 5. "Pursuing this [argument] after the written-discovery cut-off is not acceptable." *Id.* In sum, this Court refused to "endorse Masimo's strategy" of introducing a new argument "at this late hour when Apple effectively has no opportunity to take its own discovery potentially demonstrating that the theory cannot apply here." *Id.*

On August 12, 2022, three hours before the close of fact discovery, Plaintiffs filed a motion to compel Apple to produce information and documents responsive to the Rockley discovery requests. Ex. 4 at 3. Plaintiffs' motion essentially tried to circumvent this Court's August 9 order, and in fact failed to mention it at all. Instead, Plaintiffs once again argued that information regarding Rockley was relevant because Rockley "may be responsible for incorporating Masimo's trade secrets into technology that Rockley provides to Apple." Ex. 3 at 2. Apple opposed the motion, arguing *inter*

---

[1] While the ruling is dated August 6, 2022, it did not appear on the docket (and was not distributed) until August 9, 2022.

*alia* that (1) the motion was precluded by this Court's August 9 order, (2) the information sought was irrelevant, and (3) even if the information were marginally relevant, the requests were not proportional to the needs of the litigation (given that Apple had already produced overlapping discovery and the late hour in which Plaintiffs raised their Rockley argument). Ex. 4 at 3-5.

On September 8, 2022, at 12:24pm PST, the Special Master denied Plaintiffs' motion in part, but granted it as to four specific discovery requests: RFP Nos. 682, 683, and 691, and Interrogatory No. 28. Ex. 1 at 3, 7-11 (Special Master Order No. 15). Specifically, the Special Master ordered Apple to produce:

- "All agreements or contracts between Rockley and Apple";
- "Documents regarding technology hardware, software, or components provided by Rockley to Apple (or vice versa) related to non-invasive physiological monitoring using light, including pulse rate, oxygen saturation, perfusion index, total hemoglobin, oxygen content, pleth variability index, methemoglobin, carboxyhemoglobin, respiration rate from the pleth, or blood glucose";
- "Documents regarding, or communications with, Rockley that refer or relate to any effort (by Apple or Rockley) to recruit or hire individuals who at any time worked for Masimo or Cercacor";[2] and
- Information "[d]escrib[ing] in detail Apple's relationship or collaboration with Rockley related to noninvasive physiological measurements, including: Rockley's technology, hardware, software, or components provided or used by Apple; Apple's technology, hardware, software, or components provided or used by Rockley; joint efforts to develop, modify, change, or test technology, hardware, software, or components; agreements or suggestions to share

---

[2] The Special Master ordered production on this request "with the understanding that this … is limited as referring or relating to any Apple or Rockley efforts to hire individuals *because* those individuals worked at Masimo or Cercacor." Ex. 1 at 9.

technology, hardware, software, or components; actual or contemplated payments or conveyances of other things or services of value."

Ex. 1 at 8-10. The Special Master's Order required Apple to produce the responsive information documents "within seven days." *Id.* at 11.

On September 9, 2022, at 12:52pm PST, Apple informed Plaintiffs that Apple intended to object to the Rockley-discovery related portions of Special Master Order No. 15. Ex. 5 at 1. Apple also notified Plaintiffs that it would file a request that the Special Master stay the relevant portions of its order pending this Court's review, and sought their position. *Id.* Apple stated that if Plaintiffs did not respond by 6pm PST, Apple would assume that they opposed the stay. *Id.* When Plaintiffs did not respond, Apple filed its stay request at 6:17pm PST. Ex. 2.

Shortly after submitting the stay request, Apple received an automated response from the Special Master's email account indicating he was "out of contact until September 25, 2022." Ex. 2. Before receiving that e-mail, Apple was unaware of the Special Master's unavailability during this time. Passamaneck Decl. ¶ 6.

On September 10, 2022, Apple informed Plaintiffs of the Special Master's automated message and requested Plaintiffs' availability for a meet and confer regarding the instant *ex parte* application. Ex. 2. Apple's counsel called Plaintiffs' counsel at 9:00am PST on September 12, 2022, and Plaintiffs indicated that they oppose this motion. Passamaneck Decl. ¶ 4.

### III. ARGUMENT

#### A. This Court Should Order A Brief Stay To Permit Article III Review

1. Courts in this District have granted stays of magistrate judge discovery orders pending review when—as here—the failure to grant the stay would effectively deny the requesting party the right to Article III review, and the request for a stay was not brought for inappropriate reasons. *See, e.g.*, *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021) (Blumenthal, J.) (granting stay because "Defendants would be deprived of any meaningful right to

reconsideration of the discovery order by this Court" and motion was not brought to vex or delay); *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) (Abrams, M.J.) (staying "compliance with the Discovery Order until such time as the District Judge has ruled on defendant's Motion for Review" because "to do otherwise would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order"); *see also Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting stay where absence of stay "would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether"). Plaintiffs' opposition brief in front of the Special Master had no answer to this point (beyond their unsupported suggestion that a party should seek a stay in the district court via an *ex parte* application *instead* of first asking the Special Master or magistrate judge for relief).

Moreover, the stay is necessary to avoid prejudice to Apple. This Court denied Plaintiffs the relief that they have now succeeded in obtaining through the Special Master's order. Allowing the Special Master's Rockley-discovery ruling to go into effect would cause Apple substantial, irreparable harm, as it would require Apple to produce detailed information—some of which is highly sensitive, technical information that Apple has taken pains to keep secret—from and regarding a third-party that has no connection to this litigation. Once Plaintiffs have seen that sensitive (and irrelevant) information, "there is nothing a court can do to withdraw all knowledge or information that [Plaintiffs] may have acquired." *Maxcrest Limited v. United States*, 2016 WL 6599463, at *4-5 (N.D. Cal. Nov. 7, 2016). For example, if the Special Master's ruling is not stayed, Apple will be forced to provide "detail[ed]" information "regarding Apple's technology, hardware, software, or components provided or used by Rockley" as it relates to any type of "non-invasive physiological measurements" (as opposed to the *light-based* non-invasive measurements at the heart of this case). *See* Ex. 1 at 10.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S EX PARTE APP. FOR ORDER STAYING PORTIONS OF SPECIAL MASTER ORDER NO. 15
5
CASE NO. 8:20-cv-00048-JVS (JDEx)

By contrast, Plaintiffs will suffer no undue harm from a brief stay. Any delay in receiving discovery lies with Plaintiffs, as they made the strategic decision both to wait (1) until the deadline for written discovery to serve the underlying discovery requests and (2) until three hours before the close of fact discovery to file the underlying motion to compel. *See supra* pp. 1-2. Had they filed their discovery requests or their motion to compel sooner (e.g., at the time that they filed their Rockley subpoena and motion to enforce), the Special Master could have resolved this dispute months ago. *See* Dkt. 893 (July 15, 2022 order on Rockley subpoena).[3] Moreover, the Special Master's order acknowledges that the requested documents and information are only "marginally relevant," Ex. 1 at 11, suggesting that any conceivable prejudice Plaintiffs face from the delay in receiving the discovery is minimal.

Finally, if this Court denies Apple's objection to the Special Master's order, Plaintiffs' receipt of the Rockley discovery materials will only be delayed by a little over a month. *See Velasquez-Reyes v. Samsung Electronics America*, *Inc.*, 2018 WL 6074573, at *3 (C.D. Cal. Mar. 8, 2018) (finding irreparable injury to party seeking stay pending appeal outweighed any harm caused to non-moving party by delay, where appellate briefing would be complete in two months). Specifically, Apple commits to self-expediting its appeal by filing its objections on Monday, September 19, 2022. That will allow for the matter to be noticed for hearing on October 17, 2022.[4] This Court has generally issued its ruling on prior objections shortly before the noticed

---

[3] Plaintiffs argued below they did not know of Rockley's relevance until the *True Wearables* trial. But at minimum, they could have served discovery on Apple and Rockley in parallel. In any event, the Special Master found the information/documents sought here are relevant not because of any connection to *True Wearables* but because they "relate[] to the technology at issue in Plaintiffs'" CUTSA claim. Ex. 1 at 11.

[4] October 17 is the earliest date that Apple's objections can be heard pursuant to Local Rule 6-1. Even if Apple filed its motion the same day Special Master Order No. 15 issued, the earliest possible date for hearing would have been October 10, 2022. This Court's calendar indicates that day is unavailable. *See* https://www.cacd.uscourts.gov/honorable-james-v-selna (visited Sept. 12, 2022).

1  hearing date.  *See, e.g.*, Dkt. 816 (ruling on Special Master Order No. 9 issued three
2  days before hearing date).

3      Apple believes this Court can and should grant the stay based on the above
4  analysis.  While some courts outside this District have applied the four factors used for
5  determining whether to seek a stay of a district court ruling pending appeal to an
6  appellate court (which require the moving party to address whether it is likely to
7  prevail on the merits), courts in this District have stayed discovery orders pending
8  review regardless of their view of the underlying merits.  *See, e.g.*, *Gamino*, 2021 WL
9  2309972, at *1 (granting stay to avoid prejudice even while acknowledging the court's
10 view that the moving party may not prevail on merits); *Zargarian*, 2019 WL 6111734,
11 at *1 (not requiring or even mentioning likelihood of success on merits as factor in
12 granting stay).  And even courts from outside this District addressing the issue of
13 likelihood of success have not required such a showing where a moving party can
14 show prejudice absent a stay and lack of prejudice to the opposing party from a brief
15 stay.  *See Alvarez*, 2020 WL 5632659, at *2 (granting stay while expressly
16 acknowledging the court's view that the moving party may not prevail on the merits).

17    **2.**   To the extent that this Court applies the test for whether to grant a stay
18 pending appeal, Apple satisfies that test as well.  *See Nken v. Holder*, 556 U.S. 418, 434
19 (2009); *see also Alvarez*, 2020 WL 5632659, at *2 (collecting out-of-District cases
20 relying on *Nken*).

21     *First*, Apple will likely prevail in objecting to the Special Master's Rockley-
22 related discovery ruling, at least because (1) this Court's August 9, 2022 ruling prevents
23 Plaintiffs from raising any Rockley-related theory at this very late stage, *see* Ex. 4 at 3,
24 and (2) the Rockley discovery is not proportional, given its at-best marginal relevance,
25 the volume of discovery already produced, and how late the issue was raised, *id.* at 5.
26 Indeed, although Plaintiffs have now deposed 24 Apple employees, they have identified
27 no connection between Rockley and this litigation.  To the contrary, Plaintiffs have
28

1  recently elicited testimony from Apple's Vice President of Hardware Technologies that
2  Rockley's only relationship with Apple is as ████████████████████████
3  ████████████████████████████████████████████████████████████████
4  ████████████████████████  *Id.* at 4.

*Second*, Apple will suffer irreparable harm—and Plaintiffs will suffer no undue harm—from a brief stay. *See supra* pp. 4-6.

*Finally*, the public interest favors a stay, as the public is best served by guaranteeing Article III review of disputed matters in federal court. *Cf. Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

### B.  *Ex Parte* Relief Is Necessary And Appropriate

Apple easily satisfies the requirements for *ex parte* relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-493 (C.D. Cal. 1995).

*First*, Apple is not at fault in creating the need for an *ex parte* motion. In light of the Special Master's seven-day deadline, Apple could not seek a stay via a noticed motion, as Local Rule 6-1 requires all motions to be noticed for at least 28 days in the future. *See Malch v. Dolan*, 2018 WL 6017000, at *1-2 (C.D. Cal. Apr. 12, 2018) (parties bringing *ex parte* motion were not at fault where they "did not have sufficient time to bring a properly noticed motion"); *see also Fourth Age Limited v. Warner Bros.*, 2014 WL 12587039, at *2 (C.D. Cal. May 22, 2014) (a party planning to file objections to a magistrate judge's discovery ruling "should … [seek] that [stay] relief through an ex parte application" rather than through a noticed motion filed on the same timeline as the objections). Moreover, Apple has been diligent in seeking a stay. Apple contacted Plaintiffs for their position roughly 24 hours after Special Master Order No. 15 issued and filed a stay request with the Special Master 5 hours later. *See supra* pp. 3-4. And after Apple learned of the Special Master's unavailability, Apple

(1) contacted Plaintiffs for their position on this *ex parte* motion less than 18 hours later and (2) filed the instant *ex parte* motion on the next business day. *Supra* p. 4.

*Second*, Apple will be irreparably prejudiced if the motion is not granted, in that it will be forced to produce irrelevant information (including sensitive technical and business-related documents) that this Court ruled on August 9 that Plaintiffs were not entitled to. *Supra* pp. 2, 7; *cf. Malach v. Dolan*, 2018 WL 6017000, at *1-2, 5 (finding irreparable prejudice where, *inter alia*, defendants' witness would have been required to answer questions regarding irrelevant discovery topics that constituted a "fishing expedition"). On a broader level, Apple will also be irreparably prejudiced by being denied its right to Article III review of the Special Master's discovery rulings. *E.g.*, *Gamino*, 2021 WL 2309972, at *1 (granting *ex parte* stay request for this reason). And, in any event, Apple will likely prevail in its motion for a stay for the reasons discussed above, diminishing the need to show that any "threatened prejudice would … be severe." *See Mission Power*, 883 F. Supp. at 492; *see also supra* pp. 7-8.

## IV. CONCLUSION

Apple respectfully requests that the Court grant its *ex parte* application to stay the enforcement of the Rockley-related portions of Special Master Order No. 15 against Apple until seven days after this Court rules on Apple's forthcoming Objections to that Order.

| | |
|---|---|
| Dated: September 12, 2022 | Respectfully submitted, |
| | H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>GIBSON, DUNN & CRUTCHER LLP |
| | KENNETH G. PARKER<br>HAYNES AND BOONE, LLP |
| | MARK D. SELWYN<br>JOSHUA H. LERNER<br>NORA Q.E. PASSAMANECK<br>WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: */s/ Mark D. Selwyn*<br>        Mark D. Selwyn |
| | *Attorneys for Defendant Apple Inc.* |