Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO REVIEW SPECIAL MASTER ORDER NO. 15** |

| | |
|---|---|
| 1 | Mark D. Kachner (Bar No. 234,192) |
| | mark.kachner@knobbe.com |
| 2 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| | 1925 Century Park East, Suite 600 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: (310) 551-3450 |
| 4 | Facsimile: (310) 551-3458 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Review of Special Master Order No. 15 ("Opposition"). Masimo has provided a proposed redacted version of its Opposition. Masimo requests the Court seal Exhibit D in its entirety and the highlighted portions of the Opposition.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple considers confidential. Exhibits D is a transcript of the September 1, 2022, Special Master Hearing and is designated as Highly Confidential - Attorneys' Eyes Only. The transcript contains information that Apple considers confidential. Powell Decl. ¶ 5. Thus, Masimo respectfully requests the Court seal Exhibit D.

Some sections of the Opposition discuss the aforementioned Exhibit and should also be sealed for the same reasons. *Id.* ¶ 6. Other sections of the supporting memorandum discuss material previously sealed by the Court. *Id.*

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in *this* case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the proposed redacted portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Review of Special Master Order No. 15 and Exhibit D.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 26, 2022

By: */s/ Adam B. Powell*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56363641