1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  Baraa Kahf (Bar No. 261144)
   Baraa.Kahf@knobbe.com
7  Jeremy A. Anapol (Bar No. 285828)
   Jeremy.Anapol@knobbe.com
8  Justin J. Gillett (Bar No. 298150)
   Justin.Gillett@knobbe.com
9  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
10 Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502

12 Adam B. Powell (Bar. No. 272725)
   adam.powell@knobbe.com
13 Daniel P. Hughes (Bar No. 299695)
   Daniel.hughes@knobbe.com
14 **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   3579 Valley Centre Drive
   San Diego, CA 92130
15 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

16 [Counsel appearance continues on next page]

17 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO REVIEW SPECIAL MASTER ORDER NO. 15**<br><br>Date: October 17, 2022<br>Time: 1:30 pm<br>Court Room 10C<br><br>REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................. 2

    A. Rockley Develops Light-Based Monitoring Technology For Smart Watches .................................................................................. 2

    B. Apple is Rockley's Largest Customer ........................................... 3

    C. Rockley Recruited Former Masimo Engineers To Build Technology for Making Watches That Measure Physiological Parameters Using Light ................................................................. 3

    D. ███████████████████████████████████████ ............. 4

    E. The Special Master's Order No. 12 Recognized the Relevance of Rockley-Related Discovery ........................................................ 4

    F. The Special Master's Order No. 15 Confirmed That Rockley-Related Discovery Is Relevant ...................................................... 5

III. ARGUMENT ..................................................................................................... 7

    A. Masimo Showed The Compelled Discovery Is Relevant ................ 7

        1. RFP Nos. 682-683 and Interrogatory No. 28 Are Relevant to Damages ................................................................ 7

        2. RFP No. 691, RFP No. 683, and Interrogatory 28 Are Relevant to Apple's Misappropriation of Masimo's Trade Secrets .................................................................................... 9

        3. Apple Fails to Rebut Masimo's Showing of Relevance ........... 10

    B. Apple Failed To Show The Compelled Discovery Should Be Disallowed ................................................................................. 11

        1. The Court's August 9 Order Does Not Preclude Discovery ................................................................................. 11

        2. Apple's Complaints of Prejudice Lack Merit .......................... 13

        3. The Compelled Discovery Is Proportionate ............................ 14

IV. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page No(s).**

*Ajaxo, Inc. v. E*Trade Fin. Corp.*,
    48 Cal. App. 5th 129 (2020) ........................................................................ 8

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006) ..................................................................... 12

*Corus Realty Holdings v. Zillow Grp. Inc.*,
    2020 WL 488545 (W.D. Wash. Jan. 30, 2020) ......................................... 12

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ................................................................... 8

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F. 3d 1197 (Fed. Cir. 2010) .................................................................. 9

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970) ........................................................ 8, 9

*Heredia v. Sunrise Senior Living LLC*,
    2020 WL 3108699 (C.D. Cal. Jan. 31, 2020) ........................................ 7, 15

*Masimo v. True Wearables*,
    No. 8:18-cv-02001-JVS-JDE (C.D. Cal.) ........................................... *passim*

*World Triathalon Corp. v. Dunbar*,
    539 F. Supp. 2d 1270 (D. Haw. 2008) ...................................................... 10

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 ................................................................................................ 12

Fed. R. Civ. P. 26 ................................................................................................ 7

# I. INTRODUCTION

The Special Master's Order No. 15 correctly compels Apple to respond to one interrogatory and three requests for production related to Apple's dealings with Rockley Photonics. This Rockley-related discovery is relevant to Apple's misappropriation of trade secrets from Masimo and Cercacor (jointly, "Masimo"), including damages Apple owes for such misappropriation. Apple argues that this discovery is barred by the Court's August 9 order regarding collateral estoppel, but neither Masimo nor the Special Master relied on estoppel to establish the relevance of the compelled discovery.

Apple's premise—that the Special Master somehow overlooked the significance of the August 9 order—is meritless. The Special Master himself requested the guidance issued in that order and he specifically addressed the August 9 order in his Order No. 15 at issue here. The Special Master was well aware of the August 9 order and compelled Apple to provide Rockley-related discovery solely on issues that are **unrelated** to collateral estoppel.

Apple attempts to block this relevant discovery by stretching the August 9 order beyond collateral estoppel. But the order's reasoning does not apply here because the compelled discovery does not depend on any new legal theory. The compelled discovery seeks facts that support the legal theories Masimo pursued from the outset—namely, that Apple obtained access to Masimo's trade secrets through Masimo's former employees and should pay damages to Masimo for doing so.

Apple seeks to minimize Rockley's significance by arguing the technology Rockley supplies to Apple is irrelevant. Specifically, Apple suggests Rockley's chips are not used for light-based, noninvasive measurements of physiological parameters. But the record before the Special Master showed that is precisely what Rockley's chips are used for. Apple's contrary arguments are false. Masimo exposed Apple's falsehoods before the Special Master, and he correctly held—in both Order No. 15 and Order No. 12—that Rockley's technology is relevant. The Court should overrule Apple's objections and order Apple to produce the discovery.

## II. STATEMENT OF FACTS

### A. Rockley Develops Light-Based Monitoring Technology For Smart Watches

Rockley's business, as described in its most recent Annual Report, is focused on noninvasive optical monitoring of physiological parameters such as "blood oxygen"—one of the technologies at issue in this case. Ex. A (SEC Form 10-K) at A8-A9 (describing Rockley's efforts to build "consumer wearables" and "medical devices" for "pulse oximetry").[1] Rockley develops this technology for use in "smartwatches." *Id.*; *see also id.* at A10 (discussing development of a "wrist-wearable product" and showing roadmap for a module to be used in a "High-end smart watch"). The image below from Rockley's Annual Report shows this wrist-based form factor. *Id.* at A5.



Rockley's Annual Report also includes the following chart identifying physiological parameters that Rockley's technology measures using light:

---

[1] Masimo cited Rockley's Annual Report and submitted excerpts of it to the Special Master when Masimo moved to compel discovery from Rockley. Dkt. No. 922-3 at 1 (citing and quoting "Ex. 3"). Rockley and Apple both opposed that motion,



Ex. A at A11 (annotated). Rockley measures "Blood Oxygen," "Heart Rate," "Respiration Rate," and "Glucose"—parameters that Masimo developed many of its trade secrets to measure. *Id.* Rockley measures these parameters using a combination of "Visible" and "infrared" light with a "PPG" (photoplethysmograph)—just like Masimo. *Compare id. with* Dkt. No. 296-1 at ¶¶ 10-11.

**B.  Apple is Rockley's Largest Customer**

Rockley publicly states that Apple is "Rockley's largest customer" and Apple "accounted for the majority of [Rockley's] revenue in 2021 and 2020[.]" Ex. A at A12. A news article published in March of 2022 reports that Rockley's sensors "help power the Apple Watch." Ex. B at 1. Masimo submitted this article to the Special Master with its motion to compel discovery from Rockley. Dkt. No. 922-3 at 1 (citing "Ex. 2").

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████

**C.  Rockley Recruited Former Masimo Engineers To Build Technology for Making Watches That Measure Physiological Parameters Using Light**

During the March 2022 trial in *Masimo v. True Wearables*, No. 8:18-cv-02001-JVS-JDE (C.D. Cal.), Masimo learned that Rockley hired many former employees of Masimo and Cercacor. Ex. C at 117:11-21 (listing eight former employees of Masimo and Cercacor who Rockley hired). Under cross examination and the Court's urging,

1 Rockley employees eventually admitted that Rockley had instructed them to conceal its identity in their prior testimony. *Id.* at 99-102, 116-117, 125-128.

One of the Rockley employees, Cristiano Dalvi, further testified that his work for Rockley specifically related to "noninvasive measurements" of "heart rate," "pulse oximetry," "breath rate," and "glucose" using a "wearable device" that takes "optical" measurements of "tissue parameters." *Id.* at 100-101. Another Rockley employee, Sean Merritt, testified that the technology he worked on for Rockley applied to "wearable devices" such as "wristwatches." *Id.* at 120. Merritt further testified that his work for Rockley encompassed many of the same parameters as Masimo's "Rainbow project," on which he worked as a Cercacor employee. *Id.* at 120-21. He specifically testified that Rockley's technology is intended to measure "PPG," "heart rate," "oxygen saturation," and "glucose," among other relevant parameters. *Id.*

████████████████████████████████████████

E. **The Special Master's Order No. 12 Recognized the Relevance of Rockley-Related Discovery**

The Court formally unsealed the testimony from the *True Wearables* case on March 30. Dkt. No. 912-2 at Ex. B. That allowed Masimo to use its knowledge that Rockley hired former Masimo and Cercacor engineers to seek discovery in this case. Masimo served a subpoena on Rockley one week later. Dkt. No. 922-3 at 2. Rockley requested an extension of time to respond and Masimo agreed, believing that Rockley intended to produce the requested information. *Id.* When Rockley objected and refused to produce ***any*** documents, Masimo sought discovery from Apple and, in parallel,

1 moved to compel Rockley to produce the documents. *See id.* at 1; Dkt. Nos. 922-4, 922-6. Rockley objected to the subpoena ████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

The Special Master's Order No. 12, to which no party objected, found that "Rockley has not – and could not reasonably have – argued that the information sought by [three requests in Masimo's subpoena] is irrelevant to the issues in dispute in this case." Dkt. No. 893 at 11. These three requests concerned relevant technology exchanged between Rockley and Apple, instructions to Rockley employees to conceal their employment at Rockley, and efforts to recruit or hire Masimo employees. *Id.* The Special Master recognized that these three requests sought relevant information independent of the "non-party issue preclusion theory" to which Rockley and Apple had objected. *Id.* at 10-11. The Special Master allowed Rockley to withhold documents responsive to Masimo's three relevant requests ████████████████████████████ ████████████████████████████████ *Id.* at 12-13. Thus, Rockley produced no documents.

### F. The Special Master's Order No. 15 Confirmed That Rockley-Related Discovery Is Relevant

Because Apple refused to produce discovery on the subject matter that the Special Master had already held to be relevant, Masimo was forced to file a motion to compel this discovery from Apple. Dkt. No. 909-4. Masimo explained that the Rockley-related discovery was relevant to both (1) "Apple's use of Masimo's trade secrets" and (2) damages measured by a "reasonable royalty." *Id.* at 1-3. Masimo also explained that these grounds of relevance were "independent of the 'non-party issue preclusion theory' to which Rockley and Apple had objected." *Id.*

At the hearing before the Special Master, the parties' arguments focused primarily

1  on the discovery's relevance to damages.  Masimo explained:

[redacted lines 2–13]

Ex. D at 27-28.  Masimo also identified support for this relevance argument in its briefing, [redacted] *Id.* at 34-36.

In response, [redacted lines 17–26] The record before the Special Master also included Rockley's Annual Report discussed

-6-

above, which describes how Rockley uses light to measure physiological parameters. *Supra*, II.A. The record also included sworn testimony of Rockley's employees in *True Wearables* confirming that Rockley's wrist-worn technology uses light to measure the same physiological parameters that these employees worked on at Masimo. *Supra*, II.C.

The Special Master rejected Apple's unfounded arguments on relevance and compelled discovery regarding: (A) agreements between Rockley and Apple (RFP No. 682), (B) relevant technology exchanged between Rockley and Apple (RFP No. 683), (C) communications between Rockley and Apple about recruiting Masimo employees because they worked at Masimo (RFP No. 691), and (D) Apple's relationship with Rockley on relevant technology (Interrogatory No. 28). Dkt. No. 917 at 7-10. The Special Master explained that the compelled discovery is relevant to (1) "damages" and (2) "Plaintiffs' trade secret misappropriation claims in this case, including as to Apple Watch prototypes." *Id.* at 8.

### III. ARGUMENT

The Court has explained that "[d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence." Dkt. No. 732 at 3 (citing Fed. R. Civ. P. 26(b)(1)). "Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), 'the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence.'" *Id.* at 3 (quoting *Heredia v. Sunrise Senior Living LLC*, 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020)). "In analyzing the scope of discovery, the general rule is that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

**A.** **Masimo Showed The Compelled Discovery Is Relevant**

    **1.** **RFP Nos. 682-683 and Interrogatory No. 28 Are Relevant to Damages**

Apple's agreements to license or purchase Rockley technology for non-invasive physiological monitoring may inform the reasonable royalty for Masimo's trade secrets.

1   Specifically, under *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120
2   (S.D.N.Y. 1970), the "rates paid by [a defendant] for the use of other [technology]
3   comparable to the [technology at issue in the case]" may inform the determination of a
4   reasonable royalty. Although *Georgia-Pacific* focuses on patent damages, California
5   courts apply it to trade secrets. *Ajaxo, Inc. v. E*Trade Fin. Corp.*, 48 Cal. App. 5th 129,
6   167 (2020). Masimo's complaint put Apple on notice that Masimo seeks "a reasonable
7   royalty" as one measure of damages. Dkt. No. 296-1 at ¶ 266.

8   RFP No. 682 seeks agreements between Apple and Rockley. The agreements will
9   show the rates Apple paid to use Rockley's technology—*Georgia-Pacific* factor 2—as
10  well as the specific "nature and scope" of what Rockley provided to Apple—*Georgia-*
11  *Pacific* factor 3. 318 F. Supp. at 1120.

12  RFP No. 683 seeks documents describing the technology Rockley provided to
13  Apple for "non-invasive physiological monitoring using light[.]" Such documents are
14  likewise relevant to *Georgia-Pacific* factor 2 because they will show the extent to which
15  that technology is "comparable to" the Masimo trade secrets that Apple misappropriated.
16  *Id.* Rockley's admissions ██████████████████████████████
17  ██████████ indicate that the technology may be comparable. *Supra*, Section II.A-D.
18  Any purported differences between Rockley's technology and Masimo's trade secrets
19  would not eliminate this ground of relevance. "[T]he fact that a license is not perfectly
20  analogous generally goes to the weight of the evidence, not its admissibility." *Ericsson,*
21  *Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014).

22  Interrogatory No. 28 seeks information in narrative form corresponding to the
23  documents requested in RFP Nos. 682 and 683. Specifically, this interrogatory instructs
24  Apple to describe its "relationship or collaboration with Rockley related to non-invasive
25  physiological measurements," including the technology they exchanged, agreements
26  between them, and payments they made to each other. Dkt. No. 917 at 10:13-18. Again,
27  this information is relevant to *Georgia-Pacific* factors 2 and 3. *See* 318 F. Supp. at 1120.

28  The Court should compel discovery about the nature of Apple's relationship with

Rockley, including both the terms of their agreements and what specific technology Apple received, because the "use of past [technology] licenses under [*Georgia-Pacific* factor 2] **must account for differences in the technologies and economic circumstances** of the contracting parties." *Finjan, Inc. v. Secure Computing Corp.*, 626 F. 3d 1197, 1211-12 (Fed. Cir. 2010) (emphasis added).

### 2. RFP No. 691, RFP No. 683, and Interrogatory 28 Are Relevant to Apple's Misappropriation of Masimo's Trade Secrets

The Special Master compelled discovery responsive to RFP No. 691 with the understanding that it seeks documents "relating to any Apple or Rockley efforts to recruit or hire individuals ***because*** those individuals worked at Masimo or Cercacor." Dkt. No. 917 at 9:21-27 (emphasis in original). Any such documents in Apple's possession would be relevant to trade-secret misappropriation because they may show Apple intentionally sought access to Masimo's technology through recruiting of Masimo's employees. Such a showing would indicate that Apple's misappropriation was "willful and malicious," as alleged in Masimo's complaint. Dkt. No. 296-1 ¶ 267. Responsive documents would also be relevant to showing Apple's knowledge and intent to obtain Masimo's trade secrets—a contested element of Masimo's claim. *See, e.g.*, *id.* ¶ 257; Dkt. No. 237-1 at 15-20.

RFP No. 683, which seeks documents regarding the technology Rockley provided to Apple for "non-invasive physiological monitoring using light," also is relevant to Apple's misappropriation. Dkt. No. 917 at 8:7-20. Interrogatory No. 28 requires Apple to describe this technology and identify who at Rockley worked with Apple to develop it. *Id.* at 10:13-18. Rockley employs many former Masimo engineers who had access to Masimo's trade secrets and have developed technology for Rockley that is similar to the technology they worked on at Masimo. *Supra*, II.C. The compelled discovery may evidence Apple's misappropriation of trade secrets by showing that the former Masimo employees at Rockley or Apple discussed and implemented the trade secrets at issue in this case. Such discovery would be relevant to showing Apple's misappropriation of

those trade secrets, as well as willfulness and the knowledge element discussed above.

### 3. Apple Fails to Rebut Masimo's Showing of Relevance

Apple asserts that the compelled discovery is irrelevant because Masimo has "identified nothing in the record" showing that "Rockley produces 'similar technology' to that at issue" here. Dkt. No. 922-1 at 11. First, Apple cannot legitimately oppose discovery regarding details of the technology Rockley provided to Apple by arguing that Masimo has not yet proven the very facts that the requested discovery may show.

Second, Apple's assertion is false. Masimo repeatedly presented evidence that Rockley produces technology for noninvasively measuring physiological parameters such as "blood oxygen," using light. *Supra*, II.A. Rockley's technology is specifically designed for a "High end smart watch" (like the Apple Watch). *Id.* Rockley recruited Masimo's engineers to develop this technology. *Supra*, II.C. Those former Masimo engineers developed technology for Rockley that measures many of the same physiological parameters they worked on at Masimo. *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Evidence demonstrating all of these facts was presented to the Special Master. *Supra*, II.A-D.

Finally, Apple resorts to citing ***new*** evidence never presented to the Special Master that purportedly shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 922-1 at 2 (citing Pattabhiraman Decl.). This Court has previously explained a party "cannot raise entirely new arguments for the first time on an objection to a Special Master's report." Dkt. No. 726 at 2 (quoting *World Triathalon Corp. v. Dunbar*, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008)); *see also id.* at 4 (declining to consider Masimo's allegedly new arguments). Regardless, the new evidence ▮▮▮▮▮▮▮▮▮▮ *See* Dkt. No. 922-19 at ¶¶ 3-4. The declaration ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See supra*, II.B (Apple supplied most of Rockley's

-10-

1  revenue in 2020 and 2021); ███████████████

2  ████████████████████████████████████

3  ████████████████████████████████████

4  ████████████████████████████████████

5  ████████████████████████████████████

6  ████████████████████  Rockley's relevance is undeniable.

**B.  Apple Failed To Show The Compelled Discovery Should Be Disallowed**

**1.  The Court's August 9 Order Does Not Preclude Discovery**

Apple argues the Court's August 9 order regarding collateral estoppel precludes the Rockley-related discovery because this discovery allegedly pertains to an untimely "joint misappropriation theory" according to which "Rockley and Apple were working together to defraud" Masimo. Dkt. No. 922-1 at 9; *id.* at 3.

As a preliminary matter, Masimo is presenting no such "joint misappropriation theory." For example, Masimo is not arguing that Apple is liable for misappropriation by Rockley, or vice versa. Masimo simply seeks discovery regarding the technology and relationship between Apple and Rockley to help show how Apple misappropriated Masimo's trade secrets and the royalty due for Apple's use of that technology.

Apple's premise also fails because—as Apple admits—Order No. 15 relied on no such "joint misappropriation" theory. *Id.* at 13 (admitting "the **Special Master declined to adopt** this joint-misappropriation theory" (emphasis added)). The Special Master expressly stated he "need not reach a conclusion" regarding whether Apple and Rockley "jointly misappropriated" trade secrets because the discovery he ordered was relevant for other reasons. Dkt. No. 915 at 10-11.

The Special Master compelled the Rockley-related discovery because of the "relevance of the information sought to damages in this case" and "Plaintiffs' trade secret misappropriation claims in this case, including as to Apple Watch prototypes." *Id.* at 8. Both grounds of relevance are well supported. *Supra*, III.A.1-A.2.

Neither damages nor misappropriation is a "new theory" in this case. Masimo's

-11-

complaint pled both. *See* Dkt. No. 296-1 ¶ 228-261 (alleging Apple's misappropriation, including knowledge and intent), ¶ 264-266 (alleging damages, including a "reasonable royalty"); ¶ 267 (alleging "willful and malicious" misappropriation). Contrary to Apple's arguments, nothing required Masimo's complaint to specifically mention "Rockley" by name as relevant to (1) the reasonable royalty analysis or (2) Apple's efforts to obtain access to Masimo's technology. *See* Fed. R. Civ. P. 8 (a pleading need only contain "a short and plain statement of the claim"). The RFPs and Interrogatory at issue seek additional ***facts*** in support of Masimo's longstanding legal theories. Discovering facts to further support an existing claim does not transform the existing claim into a new legal theory.

Because the compelled discovery raises no new legal theory, the cases that Apple cites are inapposite. In *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006), the plaintiff sought to amend its pleading to withdraw an admission from a previous pleading and take the opposite position. In contrast, Masimo is not trying to change its pleadings, and has no need to do so, because Masimo pleaded damages and Apple's willful misappropriation from the outset.

In *Corus Realty Holdings v. Zillow Grp. Inc.*, 2020 WL 488545, at *5-9 (W.D. Wash. Jan. 30, 2020), a court excluded a plaintiff's expert testimony because it advanced patent infringement theories that the plaintiff failed to timely disclose under the court's Local Patent Rules. *Corus* is inapposite because those specialized patent rules do not govern the trade secret damages and misappropriation claims here. Even where such rules apply, they allow a plaintiff to amend their disclosures of supporting evidence ***after*** obtaining the necessary discovery from the defendant. *See id.* at *5 (explaining that a plaintiff must amend its contentions "once it has had sufficient time to review the accused source code"). In *Corus*, the defendant timely produced the relevant discovery. *See id.* at *3 (Zillow produced the source code at issue and designated 30(b)(6) witnesses to explain it). Here, Apple is withholding the relevant discovery.

### 2. **Apple's Complaints of Prejudice Lack Merit**

Apple argues Masimo made a "strategic decision" to delay serving discovery and moving to compel. Dkt. No. 922-1 at 4-5 (arguing Masimo served the requests on the "deadline to serve written discovery" and waited too long to move to compel). As an initial matter, Apple omits that Apple served *71* requests the same day and filed four discovery motions *after* Masimo's motion to compel at issue here. Apple's own conduct demonstrates that Masimo did not "delay" seeking discovery on Rockley.

Apple's argument also ignores the *months* of delay caused by Apple and Rockley. As discussed, Rockley instructed former Masimo employees to conceal from Masimo— and the Court—that they worked for Rockley. Ex. C at 99-102, 116-117. Apple and Rockley then obtained an order denying discovery from Rockley because Apple had all of the relevant documents. Dkt. No. 919-2 at 56-57. Apple then sought a stay of the Order at issue until after expert reports were served based on new burden and relevance arguments that neither Apple nor Rockley timely raised. *See* Dkt. 911-1. The Court should reject Apple's latest attempt to prevent discovery.

Apple argues it has been prejudiced by Masimo's supposed delay because it was unable to seek discovery concerning "which of [Masimo's] former employees went to [Rockley]." Dkt. No. 922-1 at 9-10. But Masimo itself did not know those employees went to Rockley until the *True Wearables* trial. Apple likely knew of this fact before Masimo due to its common interest agreement with True Wearables and coordination with Rockley. Regardless, Apple's counsel of record in this case attended the *True Wearables* trial and has access to the public transcript containing the names of these former employees. Masimo also sent that transcript to Apple—with pinpoint citations to the relevant testimony—four months ago. Dkt. No. 922-3 at 1 (citing "Ex. 6").

Apple further argues that it needs discovery from Masimo to obtain documents "connecting … Apple to Rockley." Dkt. No. 922-1 at 9-10 (ellipsis in original). That is false. Apple knows its own connections to Rockley and needs no discovery from Masimo to investigate them. Regardless, Masimo provided documents showing such

connections four months ago. *See* Dkt. No. 922-3 at 1 (explaining Rockley's connection to Apple and citing Rockley's public documents). Apple's professed ignorance about its own connections to Rockley is not genuine. Apple has demonstrated no prejudice.

### 3. The Compelled Discovery Is Proportionate

Apple's argument that the compelled discovery is disproportionate also rings hollow. Apple repeatedly suggests the Special Master found the discovery was only "marginally relevant." Dkt. 922-1 at 10, 11, 14. That is not true. The Special Master found Masimo had met its burden of showing that all of the compelled discovery was "***at least*** marginally relevant" and Apple provided no evidence of undue burden. Dkt. No. 915 at 11 (emphasis added). The Special Master specifically found Apple "did not meaningfully make ***any*** arguments – in its opposition or at the hearing – of undue burden that it would endure in being asked to respond to these requests." *Id.* (emphasis added). Nor could Apple do so. For example, Apple never contested ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. No. 919-1 at 26-27. Nor has Apple ever argued it has so many documents about relevant Rockley technology or recruiting Masimo employees that it would be burdensome to collect and produce them.

Apple argues that Masimo's requests are disproportionate because some of them cover noninvasive physiological measurements in general and are not limited to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. No. 922-1 at 14-15. This argument does not apply to RFP No. 683 because that RFP is limited to technology for "non-invasive physiological monitoring using light." Dkt. No. 915 at 8:10-11. As to the other requests, Apple's argument fails because the alleged overbreadth is illusory. Apple imagines that "noninvasive physiological measurements" could include activities such as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. No. 922-1 at 14-15. But the compelled discovery here is expressly tailored to Rockley, and nothing suggests that Rockley develops or supplies Apple with ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Rather, Rockley develops "silicon photonics" technology

-14-

for noninvasively measuring physiological parameters **using light**. *Supra*, II.A ▮

▮ Dkt. No. 922-14 at 197:8-11; Ex. D at 34:4-25.

Apple also argues it is not likely to have information on some requests because Rockley stated it has "no documents" related to Apple and Rockley coordinating with respect to Masimo. Dkt. 922-1 at 13. Apple claims that **Rockley's** assertion "strongly indicate[s]" that **Apple** also does not have any such documents. *Id.* But Apple stops short of making any representations about what documents it actually has. Rockley's representation that Rockley has no documents on a given topic does not show Apple has no such documents, ▮ ▮ Regardless, any suggestion that Apple has few responsive documents supports Masimo because it shows the requests are not unduly burdensome.

Finally, Apple claims it should not have to produce "sensitive information" about its relationship with Rockley to a competitor. Dkt. 922-1 at 13-14. Apple has not explained why the Protective Order (Dkt. 67)—which is sufficient to protect the parties' trade secrets and source code—is insufficient to protect information related to Rockley. Rockley itself did not challenge the sufficiency of the Protective Order. ▮ ▮ Dkt. No. 919-2 at 47-48, 56-57.

Accordingly, Apple has not met its burden of showing the discovery should be denied as disproportionate. *Heredia*, 2020 WL 3108699, at *2.

## IV. CONCLUSION

Masimo respectfully requests that the Court (1) overrule Apple's objections to the Special Master's Order No. 15; (2) order Apple to provide the Rockley-related discovery within seven days; and (3) authorize Masimo to supplement its expert reports to address any information Apple discloses in the Rockley-related discovery (*see* Dkt. No. 914).

|   |   |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: September 26, 2022 | By: */s/ Adam B. Powell*<br>Joseph R. Re<br>Stephen C. Jensen<br>Benjamin A. Katzenellenbogen<br>Perry D. Oldham<br>Stephen W. Larson<br>Mark D. Kachner<br>Baraa Kahf<br>Adam B. Powell<br>Daniel P. Hughes<br>Justin J. Gillett<br><br>Attorneys for Plaintiffs<br>MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC. |

56327592