1. Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2. Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3. Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4. Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5. Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6. Baraa Kahf (Bar No. 261144)
   Baraa.Kahf@knobbe.com
7. Justin J. Gillett (Bar No. 298150)
   Justin.Gillett@knobbe.com
8. **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
9. Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502

   Adam B. Powell (Bar. No. 272725)
11. adam.powell@knobbe.com
    Daniel P. Hughes (Bar No. 299695)
12. Daniel.hughes@knobbe.com
    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
13. 3579 Valley Centre Drive
    San Diego, CA 92130
14. Telephone: (858) 707-4000; Facsimile: (858) 707-4001

15. [Counsel appearance continues on next page]

16. Attorneys for Plaintiffs,
17. MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY OCTOBER 11 OPINION**<br><br>Date:     November 14, 2022<br>Time:     1:30 p.m.<br>Location: Courtroom 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1 | Mark D. Kachner (Bar No. 234,192)
  | mark.kachner@knobbe.com
2 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**
  | 1925 Century Park East, Suite 600
3 | Los Angeles, CA 90067
  | Telephone: (310) 551-3450
4 | Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") move to modify the Court's October 11, 2022, Order (the "Order"). Masimo respectfully requests the Court modify the Opinion from the Order to remove one factual conclusion.

### A.  The Factual Conclusion At Issue In This Motion

The Order contained two "timeliness" findings. *Id.* at 6-7 ("First") and 7-8 ("Second"). This Motion concerns only the second, in which the Court found:



Order at 7. The Order then discussed other testimony and found Masimo's "professed ignorance" about Rockley did not justify its purported delay. *Id.* at 7-8.

### B.  Masimo Did Not Know The Relevant Facts Before the Start of Trial In *True Wearables*

During the Special Master hearing in this case, Apple suggested ███ ███ Dkt.

-1-

937, Ex. D (9/1/2022 Hearing Tr.) at 58.  Masimo's counsel (Joseph Re) responded: "As lead counsel in that case, I can represent to you that we learned this during the trial itself . . . We learned it during the trial when it was revealed to us that there were patent applications filed by Rockley listing all of the former Masimo employees.  That's how we learned it.  And we learned it through cross-examination." *Id.* at 59.  Apple did not repeat its suggestion about when Masimo learned of Rockley in its objections before this Court, so Masimo did not address Apple's suggestion in its opposition.

In the attached declaration, Joseph Re (lead counsel in *True Wearables* and this case) confirms his representation to the Special Master.  The defendants in *True Wearables* took depositions of two former Cercacor employees (Christiano Dalvi and Sean Merritt) who worked with Lamego at Cercacor.  Re Decl. ¶ 3.  During those depositions, Dalvi and Merritt each refused to identify their employer.  *Id.*  Shortly after those depositions, Masimo was unable to determine each individual's employer by searching public sources.  *Id.*

While preparing to cross-examine Dalvi and Merritt at trial, Masimo's counsel again searched the Internet for public information about Dalvi and Merritt.  *Id.* ¶ 4.  Masimo found International Patent Publication Numbers WO 2021/116766 and WO 2022/029486.  *Id.*  Those documents were published in June 2021 and February 2022— after the Dalvi and Merritt depositions in August 2020 and May 2021 and after Masimo had conducted its initial search.  *Id.*  Those publications named Rockley as applicant and Dalvi, Merritt, and others as inventors.  *Id.*  That later search, conducted during the *True Wearables* trial, was the first time that Masimo's counsel found public information suggesting that Dalvi and Merritt worked for Rockley.  *Id.*  Upon discovering those publications, Masimo's counsel included them in the cross binders,[1] showed them to

---

[1] That the documents were in the cross binder in no way suggests Masimo had them before trial.  Re Decl. ¶ 4; *see also Masimo Corp. v. True Wearables, Inc.*, No. 8:18-cv-02001-JVS-JDE (C.D. Cal.), Dkt. 441-1 at 37 (proposed pretrial conference order stating documents used for impeachment did not have to be identified before the examination begins); *id.*, Dkt. 471 (the Court making unrelated changes to the proposed order).

Dalvi and Merritt at trial, and both witnesses admitted that they and other former Cercacor engineers worked for Rockley. *Id.*

During trial on March 18, the Court stated that Dalvi's testimony will be unsealed. Order at 7, n.2. But the full trial transcript did not accurately reflect various sealed and unsealed portions. Re Decl. ¶ 5. For example, the transcript incorrectly identified Merritt's testimony as sealed. *Id.* Thus, the Court requested a filing to identify sealed and unsealed portions. *Id.* The parties submitted such a stipulation and the Court issued an order on March 30 unsealing testimony from Merritt and others. *Id.*; Dkt. 912-2, Ex. B. Given the uncertainty as to what was sealed, Masimo served the subpoena on Rockley after the March 30 order to eliminate any allegation that it had misused information that was technically still under seal in *True Wearables*.

Accordingly, Masimo's representation of counsel and supporting declaration demonstrate that Masimo and its counsel first learned that Rockley employed Merritt and Dalvi during trial in *True Wearables*. As a result, Masimo respectfully requests that the Court modify the Order to remove the "second" timing ground on pages 7-8 of the Order, including the material quoted above.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 17, 2022

By: */s/ Joseph R. Re*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.