JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>       Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br>a California corporation,<br><br>       Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES**<br><br>Date: November 21, 2022<br>Time: 1:30pm<br>Expert Discovery Cut-Off: Dec. 12, 2022<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 27, 2023 |

### REDACTED VERSION OF
### DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520
8  ANGELIQUE KAOUNIS, SBN 209833
     akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East, Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
14 Tel. 650.949.3014 / Fax: 949.202.3001
15 MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100
19 NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
22 Tel.: 720.274.3152 / Fax: 720.273.3133

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      Introduction ..................................................................................................... 1

II.     Background ....................................................................................................... 2

        A.      Plaintiffs' Damage Contentions ............................................................ 2

        B.      Plaintiffs' Contentions Regarding The Value Of Their Purported Trade Secrets .......................................................................................... 4

        C.      Plaintiffs File Four "Expert Disclosures" Under FRCP 26(a)(2)(C) ......... 5

III.    Argument .......................................................................................................... 7

        A.      The Priddell, Muhsin, Kiani, and Diab Disclosures Violate The Federal Rules Of Civil Procedure ............................................................. 7

        1.      The Disclosures Violate FRCP 26(a)(2) ............................................... 7

        2.      The Disclosures Contain New Information In Violation Of FRCP 26(e) ..................................................................................................... 11

        B.      The Proper Remedy For Plaintiffs' Rule Violations Is To Strike The Disclosures And Bar Priddell, Muhsin, Kiani, And Diab From Offering Opinion Testimony ................................................................... 15

IV.     Conclusion ...................................................................................................... 16

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**CASES**

4

*Alorica, Inc. v. Boston Consulting Group, Inc.*,
5
    2022 WL 1844113 (C.D. Cal. Feb. 22, 2022) ................................................ 16

6

*Cantu v. United States*,
7
    2015 WL 12743881 (C.D. Cal. Apr. 6, 2015) .................................................. 7

8

*Chaudhry v. Smith*,
9
    2020 WL 869115 (E.D. Cal. Feb. 21, 2020)) ................................................... 7

10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ....................................................................................... 1

11

*Downey v. Bob's Discount Furniture Holdings, Inc.*,
12
    633 F.3d 1 (1st Cir. 2011) .............................................................................. 8

13

*Goodman v. Staples the Office Superstore, LLC*,
14
    644 F.3d 817 (9th Cir. 2011) .......................................................................... 7

15

*Merchant v. Corizon Health, Inc.*,
16
    993 F.3d 733 (9th Cir. 2021) ........................................................................ 15

17

*Miesen v. Hawley Troxell Ennis & Hawley LLP*,
18
    2021 WL 1124758 (D. Idaho Mar. 24, 2021) ....................................... 7, 8, 16

19

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
20
    2019 WL 2863585 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358
    (Fed. Cir. 2021) ............................................................................................ 11

21

*Ollier v. Sweetwater Union High School District*,
22
    768 F.3d (9th Cir. 2014) ................................................................................. 1

23

*Robinson v. HD Supply, Inc.*,
24
    2013 WL 5817555 (E.D. Cal. Oct. 29, 2013) ............................................... 15

25

*Rodriguez v. Akima Infrastructure Services, LLC*,
26
    2019 WL 5212968 (N.D. Cal. Oct. 16, 2019) ............................................... 16

27

*Texchem Advanced Products, Inc. v. E.Pak International Inc.*,
28
    2013 WL 12114017 (C.D. Cal. Aug. 19, 2013) ............................................ 11

*Trulove v. D'Amico*,
    2018 WL 1090248 (N.D. Cal. Feb. 27, 2018)................................................15

*Valvoline Instant Oil Franchising v. RFG Oil, Inc.*,
    2015 WL 13935285 (S.D. Cal. Jan. 16, 2015).............................................8

## STATUTES, RULES, AND REGULATIONS

Federal Rule of Civil Procedure 26(a)..................................1, 2, 5, 6, 7, 8, 11, 15, 16

Federal Rule of Civil Procedure 26(e).....................................................1, 6, 11, 15

Federal Rule of Civil Procedure 37(c)...............................................................2, 15

Federal Rule of Evidence 702...........................................................................1

Wilmer Cutler
Pickering Hale
and Dorr LLP

MEM. ISO APPLE'S MOT. TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
iii                                        CASE NO. 8:20-cv-00048-JVS (JDEx)

# I.   INTRODUCTION

While Plaintiffs assert that their trade secret claims are worth billions of dollars, the record created during fact discovery left them with no credible basis to advance such a theory.  In an attempt to create evidence where none exists, they have served "expert disclosures" under Federal Rule of Civil Procedure 26(a)(2)(C) for four of their employees—Richard Priddell, Bilal Muhsin, Joe Kiani, and Mohamed Diab.

These disclosures are improper for two reasons.  *First*, each of these "disclosures" include information that goes beyond each individual's percipient knowledge as an employee and is therefore beyond the scope of FRCP 26(a)(2)(C).  For example, both Mr. Priddell's and Mr. Muhsin's disclosures ██████████████████████ ████████████████████████████████████████████ ██████████████████████████ Mr. Kiani speculates about ████████ █████████████████████, and Mr. Diab expressly relies ████████ ██████████████████████ ███████████████████████████ Although the simplest course is simply to strike the motions for violating FRCP 26, Apple reserves the right to raise a future challenge to all four "experts" under Federal Rule of Evidence 702—at least because "speculative testimony is inherently unreliable." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d at 843, 861 (9th Cir. 2014); *accord Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993) (expert testimony must be "more than subjective belief or unsupported speculation").

*Second*, each disclosure is also improper under FRCP 26(e), as they all rely on new "facts" that should have been disclosed before fact discovery ended on August 12, 2022.  For example, Mr. Muhsin's and Mr. Priddell's disclosures cite information regarding ████████████████████████████████████████████ ████████████████████████████, while Mr. Kiani and Mr. Diab provide

Wilmer Cutler Pickering Hale and Dorr LLP

MEM. ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
CASE NO. 8:20-cv-00048-JVS (JDEx)
1

1    information regarding ███████████████████████████████████

2    ███████████████████████████████

3        Plaintiffs cannot meet their burden under FRCP 37(c) to establish that these clear

4    violations of the Federal Rules are substantially justified or harmless.   Plaintiffs'

5    strategic decision to file FRCP 26(a)(2)(C) disclosures using belatedly disclosed

6    information is highly prejudicial, at a minimum because Plaintiffs' damages expert has

7    used the disclosures' speculation as ██████████████████████████████

8    ███████████████████████████████████████████████████████

9    Plaintiffs' FRCP violations have also hampered Apple's ability to prepare responsive

10   expert reports and deprived Apple of a full and fair opportunity to depose all four

11   individuals during fact discovery.   This prejudice has only been made worse by

12   Plaintiffs' gamesmanship.  For example, Plaintiffs had long represented that Mr. Priddell

13   would not testify at trial in any capacity and Mr. Diab claimed at a deposition on

14   September 23 that ████████████████████████████████████████

15   ████████████████████████████████████████████████████████

16   ████████████████████   Nor are Plaintiffs' FRCP violations substantially justified.  For

17   example, Plaintiffs' only defense for why they did not file the full expert reports required

18   under FRCP 26(a)(2)(B) for each individual is that a party's employees who do not

19   normally testify are *never* required to file such a report.  Ex. 1 at 2.  That is not the law

20   in this Circuit, or even in the Circuit from which Plaintiffs' lone authority issued.

21       Plaintiffs' latest attempt to require Apple to "'scramble'" to respond to new

22   theories, facts, and witnesses just five months before trial should be rejected.  *See* Dkt.

23   904 at 6.

## II.    BACKGROUND

### A.    Plaintiffs' Damage Contentions

26   On April 14, 2020, Apple served Plaintiffs with Interrogatory No. 17, which seeks

27   "all factual and legal bases for [Plaintiffs'] contention that [y]ou are entitled to any relief

in this case, including but not limited to, monetary damages … including, identifying and describing in detail all [d]ocuments and [c]ommunications relating to such contention and identifying all individuals having information about such contention." Ex. 12 at 7. A year and half later, Apple moved to compel Plaintiffs to provide a meaningful articulation of the specific basis and amount of their damages claims, including the underlying facts and documents on which they relied. The Special Master agreed with Apple that Plaintiffs' existing responses were deficient, noting in February 2022 that Plaintiffs "ha[ve] not provided any information yet on whether 'this is a $1 case or a case worth billions.'" *See* Dkt. 617 at 5-6.

Plaintiffs subsequently explained (on July 20, 2022) that their lost-profits case was based on theories that include, *inter alia*, ███████████████████████ ████████████████████████████████████████████████ ██████████████████████ Plaintiffs similarly stated that Apple was unjustly enriched as a result of the purported misappropriation because it ████████████████████████████████████████████ ████████████████ *Id.* at 25. Plaintiffs' response to Interrogatory No. 17 does not provide any additional details ██████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████

None of Plaintiffs' responses to Interrogatory No. 17 listed Mr. Priddell as an individual with knowledge regarding their damages case. *See generally* Ex. 12. In fact, on July 14, 2022, Plaintiffs' counsel represented to Apple that Mr. Priddell would not be testifying at trial. Specifically, in response to an inquiry from Apple in order to determine how it would allocate its limited deposition time, Plaintiffs' counsel stated: "Our [past] email included a list of witnesses [that Plaintiffs] [do] not currently intend to take to trial[.] That list included Richard Priddell." *See* Ex. 6 at 1.

**B.      Plaintiffs' Contentions Regarding The Value Of Their Purported Trade Secrets**

On December 9, 2020, Apple served Plaintiffs with Interrogatory No. 27, which seeks "[f]or each alleged Trade Secret that You contend was misappropriated by Apple, … the independent economic value of the alleged Trade Secret, and describe in detail [y]our calculation of this value." Ex. 14 at 7. Despite Apple's request for information regarding "each" purported trade secret, Plaintiffs provided information ███ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ *See generally* Ex. 14. Plaintiffs' explanation for why the purported ██████████ ████████████████████████████████████████████████████ █████████████████████████████ *Id.* at 14-15; *see also id.* at 9, 25.

Apple deposed both Mr. Kiani and Mr. Diab regarding the value of the purported trade secrets, in part because ███████████████████████████████ ████████████████████████████████████. *See, e.g.*, Ex. 14 at 11-13, 15-17, 19. During his deposition on September 23, 2022, Mr. Diab stated that ████ ████████████████████████████████████████████████████ ████████████████████████████████████████ █████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████

More broadly, Mr. Diab apparently made no effort to ████████████████ ██████████████before the deposition. █████████████████████████████████

[REDACTED]

**C.      Plaintiffs File Four "Expert Disclosures" Under FRCP 26(a)(2)(C)**

On September 23, 2022, the same day as Mr. Diab's deposition, Plaintiffs served Apple with FRCP 26(a)(2)(C) disclosures for Mr. Priddell, Mr. Muhsin, Mr. Kiani, and Mr. Diab.  *See* Ex. 2; Ex. 3; Ex. 4; Ex. 5.  Each disclosure is short—all but Mr. Diab's are well under 10 pages—and includes factual assertions that are new and/or entirely imaginary.

For example, despite Mr. Diab's [REDACTED]

Similarly, Mr. Priddell's and Mr. Muhsin's disclosures discussed [REDACTED]

███████████████████████████████████████ The subsequent 117-page report from Plaintiffs' damages expert Jeff Kinrich ███████ ████████████████████████████████████████████ ████████████████████████

On September 30, 2022, Apple informed Plaintiffs' counsel that the disclosures did not comply with FRCP 26(a)(2) or 26(e), and requested that Plaintiffs either withdraw them or meet and confer so that Apple could file a motion with the Special Master. Ex. 7 at 1-2. Plaintiffs waited a week and finally responded late on Friday, October 7, agreeing to meet and confer on October 11. Ex. 8 (email); *see also* Ex. 1 (accompanying letter).[1] The parties met and conferred, but were unable to reach an agreement.

On October 13, 2022, Apple submitted a letter brief to the Special Master, which requested that the Special Master strike the four FRCP 26(a)(2)(C) disclosures. Apple filed its motion based on the following language in the governing order: "[T]he Special Master's duty is to decide pretrial discovery disputes," including "disputes that would normally be addressed under Local Rule 37 and any motions relating to discovery under Fed. R. Civ. P. 26-37." Dkt. 470 at ¶ 4. However, because Apple recognized that its motion could have implications for trial testimony, it noted in its cover email that Apple was "uncertain whether the attached motion falls within [the Special Master]'s purview, or whether Judge Selna should resolve it in the first instance given the motion relates to the scope of 'expert' evidence to be presented at trial." Dkt. 947 at 1.[2]

On October 14, 2022, the Special Master recommended that "this matter is best decided by Judge Selna in the first instance" and ordered the parties to "meet and confer

---

[1] Plaintiffs' (unexplained) delay violated the Order Appointing the Special Master, which requires the parties to meet and confer within five business days of a request to do so. Dkt. 470 at ¶ 7.

[2] While the question of whether this motion should be submitted to this Court or the Special Master was briefly discussed during the October 11 meet and confer, Plaintiffs declined to take a position on the issue.

regarding what, if any[,] modifications they might jointly and promptly seek from Judge Selna to applicable briefing procedures related to Apple's" motion to strike. Dkt. 947 at 1-2. The parties agreed to treat this motion as a noticed motion pursuant to the timing and length restrictions of Local Rules 6 and 7. *See* Ex. 15.

### III.    ARGUMENT

**A.    The Priddell, Muhsin, Kiani, and Diab Disclosures Violate The Federal Rules Of Civil Procedure**

**1.    The Disclosures Violate FRCP 26(a)(2)**

FRCP 26(a)(2)(A) requires each party to "disclose to the other parties the identity of any [expert] witness it may use at trial." The disclosure requirements differ depending on whether an individual will merely provide percipient witness testimony (in which case they need only submit a disclosure under FRCP 26(a)(2)(C)) or something more (in which case they must submit a full expert report under FRCP 26(a)(2)(B)).

The "critical distinction" between an (a)(2)(B) witness and an (a)(2)(C) witness turns on "the nature of the testimony the expert will provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial." *Cantu v. United States*, 2015 WL 12743881, at *5 (C.D. Cal. Apr. 6, 2015); *accord Goodman v. Staples the Office Superstore*, LLC, 644 F.3d 817, 819–820 (9th Cir. 2011). "[O]pinions developed at a later time or upon a hypothetical set of facts … [are] inadmissible opinion testimony" without an FRCP 26(a)(2)(B) report. *Chaudhry v. Smith*, 2020 WL 869115, at *21 (E.D. Cal. Feb. 21, 2020); *see Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2021 WL 1124758 at *5 (D. Idaho Mar. 24, 2021) (FRCP 26(a)(2)(B) reporting requirement "trigger[ed]" when witness "plans to offer expert opinion and testimony on matters that caused him to review extensive evidence beyond his personal knowledge of the case"). This case law disproves Plaintiffs' assertion that an employee who does not regularly give expert testimony cannot fall under (a)(2)(B). Ex. 1 at 2. Even the lone (and out-of-circuit) authority Plaintiffs cite indicates the rule

is triggered if an employee is "specially employed to develop *additional* opinions for purposes of trial." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 8 n.5 (1st Cir. 2011); *see Miesen*, 2021 WL 1124758, at *5 (highlighting this statement in *Downey*).

Here, all four disclosures extend beyond each witness's percipient experience, "'cross[ing] over the boundary to become the sort of expert' who must provide a report under Rule 26(a)(2)(B)." *Valvoline Instant Oil Franchising v. RFG Oil, Inc.*, 2015 WL 13935285, at *9 (S.D. Cal. Jan. 16, 2015).

### a. *Priddell's Disclosure*

Mr. Priddell's disclosure is premised on a ██████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████ The same member of Plaintiffs' outside counsel team represented that Mr. Priddell's ██████████ ████████████████████████ (which was produced after the close of fact discovery) was "not an analysis that Masimo performs in the ordinary course of business" but "was done for this litigation as a part of expert discovery." *See* Ex. 9 at 1; Ex. 2 at ¶¶ 16, 18 (citing MASA03583619); Frazier Decl. at ¶¶ 4-7.  Mr. Priddell's opinions on these topics are thus necessarily outside the scope of his percipient knowledge.

### b.  Muhsin's Disclosure

Mr. Muhsin's disclosure is also rooted in ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████    ██████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████    And again, Plaintiffs'

outside counsel confirms that the data that Mr. Muhsin relied upon was "not an analysis that Masimo performs in the ordinary course of business" but "was done for this litigation as a part of expert discovery."  Ex. 9 at 1; *see also* Frazier Decl. at ¶¶ 4-6, 8 (noting Muhsin cites 14 documents produced after close of fact discovery).

### c.  Kiani's Disclosure

Mr. Kiani's disclosure speculates on a point that goes to the heart of Plaintiffs' trade secret claims—███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██  ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████



### d. *Diab's Disclosure*

While a portion of Mr. Diab's disclosure discusses ███████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████ That Mr. Diab lacks percipient knowledge of the alleged

trade secrets is underscored by the fact that he agreed ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████ Mr. Diab's non-responsiveness was particularly

remarkable because ███████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████

Tellingly, Plaintiffs devoted half of their October 7 correspondence with Apple

to arguing that Mr. Diab was ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████

## 2.    The Disclosures Contain New Information In Violation Of FRCP 26(e)

Regardless of whether a witness falls under FRCP (a)(2)(B) or (a)(2)(C), he or she cannot rely on newly disclosed information raised for the first time after the close of fact discovery.  *See, e.g.*, *MLC Intell. Prop., LLC v. Micron Tech., Inc*., 2019 WL 2863585, at *12-15 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358 (Fed. Cir. 2021) (excluding expert testimony based on evidence not disclosed during fact discovery); *Texchem Advanced Prods. Inc. v. E.Pak Int'l Inc.*, 2013 WL 12114017, at *4 (C.D. Cal. Aug. 19, 2013) (excluding report that "relies on measurements not disclosed during fact discovery").  Here, each of the four disclosures at issue do precisely that and accordingly should be struck.

### a.    Priddell's Disclosure

The bulk of Mr. Priddell's disclosure analyzes ███████████████████ ████████████████████████████████████  *See* Ex. 2 at ¶¶ 2-15 & Ex. A. Plaintiffs have never before ███████████████████████████████████  *See id.* Ex. A at 2.  More broadly, before September 23, Plaintiffs offered no hint that Mr. Priddell had any relevance to damages.  For example, ███████████████ ████████████████████████████████████  *See generally* Ex. 12.  However, Plaintiffs' damages expert, Jeff Kinrich, now relies directly on Mr. Priddell's disclosure in purportedly ████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████████████

Plaintiffs' response is that they identified ███████████████████████

████████████████████████████████████████████. Ex. 1 at

1.  But they do not deny that they failed to link Mr. Priddell to damages.  Moreover,

Plaintiffs' counsel represented to Apple in July 2022—just one month later—that they

did not intend to call Mr. Priddell at trial, *see* Ex. 6 at 1, leading Apple not to depose

him during fact discovery.  Plaintiffs never corrected that representation.

###### b.   *Muhsin's Disclosure*

Mr. Muhsin lists two "opinions" on which he intends to testify: ███████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████  Ex. 3 at 3.

Notably, Plaintiffs' response to Apple's interrogatory asking them to "state in

detail all factual and legal bases" for their damages case makes no mention of ████████

███████████████████.  *See generally* Ex. 12.  Similarly, their response does not

even use the phrase ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████.  *See generally id.*; *see also supra* p. 3.

Rather, these details appear for the first time in Mr. Muhsin's disclosure, as Plaintiffs'

counsel necessarily conceded when he acknowledged that many of the underlying

documents cited in Mr. Muhsin's disclosure were produced after the close of fact

discovery.  *See* Ex. 3 at ¶¶ 2-26; *see also* Ex. 9; Frazier Decl. at ¶¶ 5-6, 8.

Once again, Plaintiffs' damages expert Mr. Kinrich's calculations depend on

new facts identified for the first time in Mr. Muhsin's disclosure.  For example, Mr.

Kinrich relies on ███████████████████████████████████████████████

████████████████████████████████████████████



1

2

3

4

5

6

7

8

9

10    Troublingly, Mr. Kinrich also sources a number of his

11    assumptions to a

12    suggesting that there may be further facts undergirding Plaintiffs' damages

13    theory that do not even appear in Mr. Muhsin's disclosure.  *See* Ex. 13 at nn.189, 219,

14    220, 224, 230, 236, 239, 240, 257, 260, 261, 262.

15    Plaintiffs have argued that Apple should have known the details of their

16

17

18    But

19    such a generally worded statement is not comparable to the paragraphs of detail in Mr.

20    Priddell's and Mr. Muhsin's disclosures.  Plaintiffs' vague language is all the more

21    unjustified because the Special Master put Plaintiffs on notice earlier this year that

22    their responses to Interrogatory No. 17 were insufficiently detailed.  *See* Dkt. 617 at 5-

23    6.

24    Plaintiffs have also contended that Apple should have been on notice about the

25

26

27    Ex. 1 at 1-2.  But

28

1    this argument misses the point—if the ████████████████████ was relevant to

2    damages, it was required to be disclosed and discussed in response to Interrogatory No.

3    17 so that Apple could prepare its damages case.

4         *c.*  *Kiani's Disclosure*

5      Mr. Kiani describes ████████████████████████████████████

6    ████████████████████████████████ Ex. 4 at 3.  As to the former, Mr.

7    Kiani states for the first time that ██████████████████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████

10   ██████████████████████████████████████████

11   ████████████████████████████████████████████

12   ██████████████████████████████████████████

13   ██████████████████████████████████████

14   ████████████████████████████████████████████

15   ██████████████████████████████████████████████

16   ██████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   ██████████████████████████████████████████████

19   ████████████████████████████████████████

20   ████████████

21        *d.*  *Diab's Disclosure*

22     Mr. Diab's analysis regarding ██████████████████████

23   ██████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ██████████████████████████████████████

26   ████████████████████████████████████████████

27   ████████████████████████████████████████████████

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

MEM. ISO APPLE'S MOT. TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
14  CASE NO. 8:20-cv-00048-JVS (JDEx)

██████████████████████████████████████████████

███████████████████████████████████

### B. The Proper Remedy For Plaintiffs' Rule Violations Is To Strike The Disclosures And Bar Priddell, Muhsin, Kiani, And Diab From Offering Opinion Testimony

FRCP 37(c)(1) sets forth an "'automatic' sanction that prohibits the use of" information or a witness when the party "'fails to [timely] provide [that] information or identify a witness as required by Rule 26(a) and (e).'" *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). A court may "impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* Plaintiffs cannot meet their burden on either front. They have provided no persuasive justification for why they treated the individuals at issue here as FRCP 26(a)(2)(C) witnesses, *see supra* pp. 7-8, or why they thought it appropriate to rely on new factual evidence that they were required to disclose months ago. Plaintiffs' week-long silence when asked to meet and confer, *see supra* p. 6—an approach that violated the Order Appointing the Special Master, *supra* n.1—is another the indication that they have nothing meaningful to say.

Nor can Plaintiffs reasonably argue that their errors were harmless. Their strategic decision to ignore their obligations under FRCP 26(a)(2)(B) and 26(e) leaves Apple without sufficient information "to properly depose that witness, select a rebuttal expert witness, and prepare for trial"—particularly given that trial is now just months away. *Robinson v. HD Supply, Inc.*, 2013 WL 5817555, at *3 (E.D. Cal. Oct. 29, 2013); *see also Trulove v. D'Amico*, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018) (discovery error was not harmless where failure to provide FRCP 26(a)(2)(B)

---

[3] The one exception is ████████████████████████████████████████

████████████████████████████████████████████████████

reports "completely undercut the purposes of expert discovery"); *Miesen*, 2021 WL 1124758, at \*8 (discovery error was not harmless where *inter alia* it would "disrupt the trial schedule in an already very protracted case").  While Plaintiffs have suggested that Apple could conduct depositions of the four "experts," this does not mitigate the prejudice caused by the failure to provide fulsome FRCP 26(a)(2)(B) reports or timely identify the information on which their "disclosures" now rely.  Apple is entitled to "'a *complete* disclosure of all opinions—not a sneak preview of a moving target.'" *Alorica, Inc. v. Boston Consulting Grp. Inc.*, 2022 WL 1844113, at \*3 (C.D. Cal. Feb. 22, 2022).

Plaintiffs' actions are also troubling because they previously assured Apple that they did not intend to present Mr. Priddell at trial for any reason.  *Supra* p. 3.  As the Special Master has observed, neither side should be "permitted to walk back from its earlier agreements" simply because it is convenient to do so.  Dkt. 905 at 8.  Similarly, the detailed discussion in Mr. Diab's disclosure ███████████████████████ ████████████████████████████████████████████████████ ████████████████████████  *Supra* pp. 4-5.  This kind of "trial by ambush" approach should be rejected.  *Rodriguez v. Akima Infrastructure Servs., LLC*, 2019 WL 5212968, at \*4 (N.D. Cal. Oct. 16, 2019).

## IV.   CONCLUSION

Apple respectfully requests that the Court strike the purported FRCP 26(a)(2)(C) disclosures from Mr. Priddell, Mr. Muhsin, Mr. Kiani, and Mr. Diab.

1  Dated:  October 18, 2022            Respectfully submitted,

2

3                                     H. MARK LYON
                                      BRIAN M. BUROKER
4                                     BRIAN A. ROSENTHAL
                                      ILISSA SAMPLIN
5                                     ANGELIQUE KAOUNIS
                                      GIBSON, DUNN & CRUTCHER LLP
6

7                                     KENNETH G. PARKER
                                      HAYNES AND BOONE, LLP
8

9                                     MARK D. SELWYN
                                      JOSHUA H. LERNER
10                                    NORA Q.E. PASSAMANECK
                                      WILMER CUTLER PICKERING HALE AND
11                                    DORR LLP
12

13

14                                    By:  /s/ Mark D. Selwyn
                                          Mark D. Selwyn
15

16                                    *Attorneys for Defendant Apple Inc.*

17

18

19

20

21

22

23

24

25

26

27

28