JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY OCTOBER 11 OPINION**<br><br>Date: November 14, 2022<br>Time: 1:30pm<br><br>Expert Discovery Cut-Off: Dec. 12, 2022<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 27, 2023 |

1  BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5     isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East, Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12    Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
14 Tel.: 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
     HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
     HALE AND DORR LLP
21 1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
22 Tel.: 720.274.3152 / Fax: 720.273.3133

23
24
25
26
27
28

Apple opposes Plaintiffs' motion to excise a portion of this Court's October 11 Order for two reasons.[1]

*First*, Plaintiffs have not even attempted to establish that they are entitled to the "'extraordinary remedy'" of reconsideration. *America Unites for Kids v. Lyon*, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015); *see also* L.R. 7-18. Because Plaintiffs' motion focuses on events from earlier this year that are entirely within their own knowledge and that they concededly did not brief, they cannot reasonably argue that their motion is based on (a) "a material difference in fact from that presented to the Court" that "could not have been known … at the time the Order was entered," (b) the "emergence of new material facts … occurring after the Order was entered," or (c) "a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18.

Plaintiffs argue only that they did not think that they needed to provide a more detailed explanation regarding when they learned their former employees were working for Rockley because Apple's opening brief did not press the issue. Mot. 1-2 ("Apple did not repeat its suggestion about when Masimo learned of Rockley … before this Court, so Masimo did not address Apple's suggestion[.]"). But Plaintiffs themselves put this issue into play by representing to this Court that (1) "[d]uring the March 2022 trial in *Masimo v. True Wearables* … Masimo *learned* that Rockley hired many former employees of Masimo and Cercacor" and (2) "Masimo itself did not know [its] employees went to Rockley *until* the *True Wearables* trial." *See* Dkt. 946 at 7 (quoting Dkt. 929-1 at 3, 13). Plaintiffs made the strategic decision not to provide a more detailed account—certainly nothing prevented them from doing so.

---

[1] Apple has not filed this opposition under seal because (1) neither party has asserted that the quoted portions of the October 11 Order should be sealed and (2) Plaintiffs' brief did not redact the quotations from the September 1, 2022 hearing transcript from Mr. Re that are quoted herein. As previously explained, Apple does not assert that Mr. Lo's statements during the September 1 hearing are confidential. *See* Dkt. 962 at 1-2.

*Second*, Plaintiffs have failed to disprove this Court's finding that "[i]t does not appear … that Plaintiffs learned for the first time during the *True Wearables* trial that certain of their former employees now work for Rockley." Dkt. 946 at 7.

While Plaintiffs focus on the Court's discussion of two patent publications and two specific employees (Dalvi and Merritt), Mot. 2-3, that was merely an "example" supporting the Court's conclusion, Dkt. 946 at 7. In a portion of the Court's ruling that Plaintiffs do not mention—but still move to strike—this Court also noted that "when cross-examining Rockley employee Sean Merritt, Plaintiffs confirmed their knowledge that several other Masimo or Cercacor employees also work for Rockley." *Id.* Notably, three of the employees' names who Plaintiffs' counsel identified on cross-examination do not appear in the patent publications. *Compare* Dkt. 930-2, Ex. C at 28 (Q: "So, if my memory serves me properly, then, that brings us to you [Merritt], Cristiano Dalvi, Ferdyan Lesmana, Maria Javier, Phillip Perea, and Matthew Paul[.]"), *with* International Patent Publication No. WO 2021/116766, *available at* https://tinyurl.com/yu3wd2r4 (listing Dalvi, Merritt, and Perea), *and* International Patent Publication No. WO 2022/029486, *available at* https://tinyurl.com/26w526k5 (listing Dalvi and Merritt). That Plaintiffs provide no explanation for how they learned that Lesmana, Javier, and Paul were working at Rockley is a telling indication that Plaintiffs were aware of their employment status before the *True Wearables* trial.

Moreover, Plaintiffs' argument is a subtle, but contradictory, shift from what they represented to the Special Master. During the September 1, 2022 hearing, Apple suggested that *prior* to conducting the cross-examination, Plaintiffs already were aware of the identity of the witnesses' employers. Dkt. 937 at 40 (Tr. 58:14-15) (suggesting that Plaintiffs' counsel "knew enough to then ask the same questions at trial knowing what answers they were going to get"). In response, Plaintiffs' counsel insisted that they did not know this information until the questions were asked, and answered, by the witnesses on cross examination: "We learned it during the trial when *it was revealed to*

*us* that there were patent applications filed by Rockley listing all of the former Masimo employees." *Id.* (Tr. 59:5-6) (emphasis added). In other words, Plaintiffs' counsel asserted, "we learned it *through cross-examination*." *Id.* (Tr. 59:8-9) (emphasis added). The declaration submitted with Plaintiffs' motion tells a different story. It makes clear that—at a minimum—Plaintiffs knew the identity of Dalvi's and Merritt's employer in advance of cross-examination. *See* Re Decl. ¶ 4 ("*After* finding the publications, we included them in our cross-examination binders for use on cross examination." (emphasis added)). That concession is consistent with both Apple's earlier argument and this Court's conclusion, and it cannot be harmonized with Plaintiffs' earlier representations to the Special Master.

In any event, Plaintiffs' motion does not clearly show that Plaintiffs *first* learned that Dalvi and Merritt worked for Rockley when they discovered the patent publications. Instead, Plaintiffs state that the publications were "the first time that Masimo's *counsel* found *public* information that Dalvi and Merritt worked for Rockley"—leaving open the possibility that Plaintiffs' counsel already had relevant, *non-public* information (or that Plaintiffs themselves were aware of the connection). *See* Mot. 2 (emphases added); *see also* Re Decl. ¶ 4 (the patent publications were "the first time that I or *any other counsel* for Masimo found *public information* suggesting that Dalvi and Merritt worked for Rockley" (emphases added)).

And even if Plaintiffs were unaware that Dalvi and Merritt were Rockley employees until they were cross-examined on March 18, 2022, they have failed to clearly explain why they waited another two weeks before seeking discovery from Rockley. While Plaintiffs claim that there was confusion over whether the Merritt testimony was sealed, Mot. 3, they do not dispute this Court's finding that at least the Dalvi testimony was "immediately unsealed upon [their] request," Dkt. 946 at 7 n.2. At minimum, the two patent publications that Plaintiffs used during their cross-examination

could have provided the basis for such discovery at least as early as March 18.  *Cf.* Mot. 2 (acknowledging that the publications were "public information").

## CONCLUSION

Plaintiffs' motion should be denied.

Dated:  October 24, 2022      Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By: /s/ Mark D. Selwyn
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*