JOSHUA H. LERNER, SBN 220755
  Joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500, San Francisco,
CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE INC.'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 16** <br><br> Date: November 21, 2022 <br> Time: 1:30 p.m. <br><br> Non-Expert Discovery Cut-Off: Aug. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 27, 2023 |

REDACTED VERSION OF
DOCUMENT PROPOSED TO BE FILED UNDER SEAL

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

APPLE'S OBJECTIONS TO SPECIAL MASTER ORDER NO. 16

CASE NO. 8:20-cv-00048-JVS (JDEx)

1

2 **TABLE OF CONTENTS**

3 I. Introduction ........................................................................................................ 1

4 II. Background .......................................................................................................... 1

5      A. Plaintiffs' Request For Mr. Cook's Deposition And Apple's Motions For Protective Order ........................................................... 1

6

7      B. The Special Master Issues Order No. 16 Ordering Mr. Cook's Deposition On Three Broadly-Framed Topics ............................. 3

8 III. Legal standard ..................................................................................................... 5

9 IV. Argument ............................................................................................................. 6

10      A. ███████████████████████████████████ rding ............... 7

11

12      B. Mr. Cook Has No Unique, Non-Duplicative Knowledge Regarding Apple's "Recruitment Of Masimo Employees." ....................... 9

13      C. Mr. Cook Has No Unique, Non-Duplicative Knowledge Regarding Apple's "Involvement In Healthcare Initiatives." ................... 13

14

15      D. Plaintiffs' Other Identified Bases For Mr. Cook's Deposition Should Be Rejected. ...................................................... 14

16 V. Conclusion ......................................................................................................... 15

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Abarca v. Merck & Co.*,
    2009 WL 2390583 (E.D. Cal. Aug. 3, 2009) ................................................11

*Affinity Labs of Texas v. Apple, Inc.*,
    2011 WL 1753982 (N.D. Cal. May 9, 2011) ...........................................9, 15

*Arminak v. Arminak & Associates, LLC*,
    2017 WL 10402987 (C.D. Cal. Mar. 30, 2017) .......................................8, 13

*Bombardier Recreational Products, Inc. v. Arctic Cat, Inc.*,
    2014 WL 5685463 (D. Minn. Sept. 4, 2014) ...........................................15

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
    2007 WL 205067 (N.D. Cal. Jan. 25, 2007) ...............................................5

*Celorio v. Google Inc.*,
    2012 WL 12861605 (N.D. Fla. Nov. 19, 2012) .......................................9, 11

*Friedman v. Old Republic Home Protection Co.*,
    2014 WL 12845131 (C.D. Cal. June 24, 2014).............................................5

*In re Yosemite National Park Hantavirus Litig.*,
    2017 WL 2861162 (N.D. Cal. July 5, 2017) ..............................................10

*K.C.R. v. County of Los Angeles*,
    2014 WL 3434257 (C.D. Cal. July 11, 2014) .......................................1, 5, 6

*Pinn, Inc. v. Apple, Inc.*,
    2021 WL 4775969 (C.D. Cal. Sept. 10, 2021).........................................5, 11

*Robertson v. McNeil-PPC Inc.*,
    2014 WL 12576817 (C.D. Cal. Jan. 13, 2014) .............................................5

*Sale v. Merrill Lynch*,
    2017 WL 10562586 (C.D. Cal. Nov. 29, 2017) .......................................5, 6

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
    2011 WL 811731 (N.D. Cal. Mar. 02, 2011) ..............................................6

## STATUTES, RULES, AND REGULATIONS

Federal Rule of Civil Procedure 53(f) .......................................................5

Federal Rule of Civil Procedure 26(c) .......................................................5

Wilmer Cutler
Pickering Hale
and Dorr LLP

# I.    INTRODUCTION

Apple objects to Special Master Order No. 16, which requires Apple to produce its Chief Executive Officer and highest-ranking executive Tim Cook for deposition. There is no basis for an apex deposition of Apple's CEO, particularly where Apple has already produced other top-level executives for deposition, and they, along with multiple other witnesses have repeatedly attested to Mr. Cook's lack of role in the facts giving rise to Plaintiffs' claims.  The Special Master nonetheless found that a deposition of Mr. Cook is warranted to address three broadly-framed topics, but neither the Special Master nor Plaintiffs identified any "***unique and non-repetitive relevant knowledge***" that Mr. Cook possesses on these topics "that cannot be obtained from other sources." *K.C.R. v. Cnty. of L.A.*, 2014 WL 3434257, at *7 (C.D. Cal. July 11, 2014).[1]  He has none.  Indeed, the topics the Special Master identified have already been addressed at length by multiple other witnesses.

Because there is no legitimate basis for Mr. Cook's deposition, Apple's objections to Special Master Order No. 16 should be sustained and Plaintiffs prohibited from proceeding with Mr. Cook's deposition.

# II.    BACKGROUND

## A.    Plaintiffs' Request For Mr. Cook's Deposition And Apple's Motions For Protective Order

Plaintiffs allege that after meeting with Masimo in 2013, Apple misappropriated Plaintiffs' trade secrets through the hiring of Plaintiffs' former employees, Dr. Michael O'Reilly and Dr. Marcelo Lamego.  *See, e.g.*, Fourth Am. Compl., Dkt. 296-1, ¶¶ 19-21.  Plaintiffs have consistently pointed to these actions as giving rise to their allegations that Apple has misappropriated their trade secrets.  *See, e.g.*, Mot. for Recons., Dkt. 475-1 at 3-6.  Despite the lack of evidence that Mr. Cook possesses any knowledge regarding Apple's alleged misappropriation of Plaintiffs' trade secrets, Plaintiffs have long been

---

[1] All emphasis added unless otherwise noted.

Wilmer Cutler
Pickering Hale
and Dorr LLP

in pursuit of his deposition.   On May 4, 2022—before Plaintiffs had taken a single substantive deposition in the case—Plaintiffs identified Mr. Cook as among 38 Apple witnesses who Plaintiffs intended to depose.  Ex. 10 at 1 (May 4, 2022 email).[2]  Because Mr. Cook lacks any unique, non-duplicative information from the more than two dozen witnesses Apple agreed to provide for deposition, on June 30, 2022, Apple moved for a protective order barring Mr. Cook's deposition.  Pursuant to an agreement of the parties, Apple withdrew that motion without prejudice to permit Plaintiffs to take additional discovery to determine whether they could articulate a basis for seeking Mr. Cook's deposition.  *See* Ex. 1 (July 21, 2022 email).

The scope of discovery in this case has been vast due to Plaintiffs' expansive and ever-increasing discovery demands.   Apple has produced over 280,000 documents (3 million pages) collected from more than 30 custodians, including documents and emails collected from Mr. Cook's files using expansive search terms that Plaintiffs selected. Plaintiffs have also taken more than 95 hours of depositions, which encompass the depositions of more than 20 Apple witnesses, including two members of Apple's executive team who report directly to Mr. Cook, Jeff Williams (Chief Operating Officer) and Adrian Perica (Vice President, Corporate Development).   The deposed witnesses have confirmed that Mr. Cook has no unique, non-duplicative knowledge that is relevant to Plaintiffs' claims.  For example, Mr.  Perica—███████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████   And Dr. O'Reilly and Dr. Lamego each testified that Mr. Cook was not responsible for their recruitment to Apple.  *See* Ex. 62 at 293 (O'Reilly Tr.) ████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████

---

[2]  The only deposition Plaintiffs had taken prior to this point was the deposition of Apple's Rule 30(b)(6) witness on topics related to document collection.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1   ███████████████████████████████████████████████████

2   ███████████████████████████████████████████████████

3   ██████████████████████████████████   Nonetheless, undeterred,

4   Plaintiffs elected to focus much of their deposition time on attempting to manufacture a

5   basis for Mr. Cook's deposition.  Plaintiffs directed their numerous questions to other

6   witnesses regarding Mr. Cook to what he "thought," "believed," "was in favor of," or

7   even what was "in [his] head" on issues that have marginal, if any, relevance to this case.

8   *See* Ex. 21 (Plaintiffs' App. A, annotated).

9           Discovery closed on August 12, 2022.  Despite having received extensive

10  discovery (including from Mr. Cook's files), Plaintiffs failed to identify anything to

11  suggest that Mr. Cook possesses any ***unique, non-duplicative knowledge*** of relevant

12  facts that would justify his deposition.  Yet Plaintiffs nonetheless continued to insist

13  upon Mr. Cook's deposition.  Accordingly, Apple filed a renewed motion for protective

14  order seeking to bar Plaintiffs from proceeding with Mr. Cook's deposition.  Ex. 63.

15          **B.      The Special Master Issues Order No. 16 Ordering Mr. Cook's**

16                  **Deposition On Three Broadly-Framed Topics**

17          On October 14, 2022, the Special Master issued Order No. 16, addressing several

18  discovery issues, including Apple's renewed motion for protective order barring the

19  deposition of Mr. Cook.  Ex. 68 at 7-10.

20          After recounting Plaintiffs' arguments in pursuit of Mr. Cook's deposition, the

21  Special Master noted that "some of the points Plaintiffs raise, for example relating to the

22  ████████████████████████████████████████████████, appear

23  to implicate relevant, non-privileged information central to Plaintiffs' allegations in this

24  case where Cook may have unique knowledge," pointing to what he described as ████

25  ██████████████████████████████████  *Id.* at 9.  In support of this

26  conclusion, the Special Master pointed to an email ████████████████████

27  ███████████████████████████████████████████████████

28

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ████████████████████████    Although the email did not include, reference, or involve

4 Mr. Cook in any way, the Special Master nonetheless relied on it as a basis for Plaintiffs'

5 deposition of Mr. Cook.

6        The Special Master also pointed to another email—█████████████████████

7 ██████████████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 ████████████████    Although there was no response from Mr. Cook, the Special

12 Master pointed to a third email—███████████████████████████████████████

13 ██████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████    Based

17 on those three documents, the Special Master ultimately concluded that ████████

18 ██████████████████████████████████████████████████████████

19 ████████████████████████████████████████████    Ex. 68 at 10.

20        The Special Master then found that "[Mr.] Cook's deposition is justified in part

21 to explore possible inconsistencies on significant points by significant witnesses," and

22 ordered a three-hour deposition of Mr. Cook on the following broadly-framed topics:

23 (1) █████████████████████████████████████████    (2) "Apple's

24 recruitment of Masimo employees to Apple, including O'Reilly and Lamego"; and (3)

25 "Apple's involvement in healthcare initiatives, including health strategy meetings." Ex.

26 68 at 10.

27

28

1

### III.   LEGAL STANDARD

2   In considering objections to a special master's order, "[t]he court must decide de

3   novo all objections to findings of fact."  Fed. R. Civ. P. 53(f)(3); *see also* Dkt. 470 at 4

4   ("The Court must decide de novo all objections to findings of fact.").  Similarly, "[t]he

5   court must decide de novo all objections to conclusions of law made or recommended

6   by a master." Fed. R. Civ. P. 53(f)(4); *see also* Dkt. 470 at 4 ("The Court must decide

7   de novo all objections to conclusions of law.").

8   Federal Rule of Civil Procedure 26(c) provides courts with the authority to, "for

9   good cause, issue an order to protect a party or person from annoyance, embarrassment,

10   oppression, or undue burden or expense."  "Virtually every court that has addressed

11   deposition notices directed at an official at the highest level or 'apex' of corporate

12   management has observed that such discovery creates a tremendous potential for abuse

13   or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, *3 (N.D.

14   Cal. Jan. 25, 2007).  Accordingly, "[f]ederal and state courts restrict depositions of top-

15   level executives, sometimes called 'apex' depositions." *Friedman v. Old Republic*

16   *Home Prot. Co.*, 2014 WL 12845131, at *3 (C.D. Cal. June 24, 2014).  In considering

17   the appropriateness of an apex deposition, courts evaluate whether (1) the high-ranking

18   executive has "***unique personal knowledge***"; and (2) "the information sought can be

19   better obtained from other sources." *Pinn, Inc. v. Apple, Inc.*, 2021 WL 4775969, at *2

20   (C.D. Cal. Sept. 10, 2021); *see also, e.g.*, *Sale v. Merrill Lynch*, 2017 WL 10562586, at

21   *1 (C.D. Cal. Nov. 29, 2017) ("[W]hen a senior corporate executive is 'removed from

22   the daily subjects of the litigation' and demonstrably has 'no unique personal knowledge

23   of the fact at issue, a deposition of the official is improper.'" (quoting *Robertson v.*

24   *McNeil-PPC Inc.*, 2014 WL 12576817, at *1 (C.D. Cal. Jan. 13, 2014))).

25   Before permitting the deposition of an apex witness, courts require a "solid,

26   detailed showing" that the witness "has unique and non-repetitive *relevant* knowledge

27   that cannot be obtained from other sources." *K.C.R.*, 2014 WL 3434257, at *7 (emphasis

28

in original) (quoting *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 WL 811731, at *1 (N.D. Cal. Mar. 02, 2011), and collecting cases).   Thus, "even plainly relevant discovery" can be limited when that discovery is "(1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome . . . or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *K.C.R.*, 2014 WL 3434257, at *2 (internal citations omitted).

## IV.   ARGUMENT

Plaintiffs have deposed more than 20 Apple witnesses, including Jeff Williams (Chief Operating Officer) and Adrian Perica (Vice President, Corporate Development), who are themselves apex witnesses and report directly to Mr. Cook.  Mr. Perica and Mr. Williams each possess far more knowledge regarding the facts that Plaintiffs claim give rise to their claims than Mr. Cook.  Indeed, the witnesses Plaintiffs have deposed have overwhelmingly confirmed that Mr. Cook lacks *any* relevant, non-duplicative knowledge.  Yet despite the extensive discovery Plaintiffs have received in this case, including Apple's production of over 280,000 documents (including from Mr. Cook's files), neither Plaintiffs nor the Special Master has pointed to any *unique, non-duplicative, relevant knowledge* that would justify Mr. Cook's deposition.

As Apple's CEO and highest-ranking executive, Mr. Cook is responsible for leading one of the largest technology companies in the world with more than 100,000 employees in the U.S. and more than 150,000 worldwide.   *See* Ex. 3 (https://www.apple.com/leadership/tim-cook/).   Requiring Mr. Cook to set aside his numerous duties as Apple's CEO to prepare for and attend a deposition unquestionably presents a significant burden.  *See Sale*, 2017 WL 10562586, at *2 ("Time spent preparing for and giving a deposition (even if limited to a three-hour period as Plaintiff proposes) can obviously present a burden ...").  And the flimsy evidence the Special Master identified as demonstrating Mr. Cook's purported "unique first-hand knowledge" (Ex. 68 at 10)—which instead confirms he has none—falls far below the

threshold necessary to permit an apex deposition of the highest-ranking executive at Apple. Rather, the Special Master's decision allowing Plaintiffs an apex deposition "to explore possible inconsistencies on significant points by significant witnesses" (Ex. 68 at 10) amounts to no more than a sanctioned fishing expedition. Accordingly, Apple's objections to Special Master Order No. 16 should be sustained and Plaintiffs prohibited from proceeding with Mr. Cook's deposition.

**A.    Mr. Cook Has No Unique, Non-Duplicative Knowledge Regarding** ████████████████████████████████████████████.

Plaintiffs allege that Apple began to misappropriate their alleged trade secrets ██████████████████████████████████████████. Relying on three emails—none of which was sent by Mr. Cook and only one of which even includes Mr. Cook—the Special Master concluded that Mr. Cook "may have unique first-hand knowledge in directing the trajectory of the relationship between Masimo and Apple." Ex. 68 at 10. But as the documents that the Special Master cited confirm, Mr. Cook has no ***unique, non-duplicative*** information regarding ███████████████████ ███████; Plaintiffs have received extensive discovery on that subject through several other witnesses, ██████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████

There is no dispute that ████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7    Despite these unrebutted facts, the Special Master concluded that a deposition of

8 Mr. Cook was warranted because ████████████████████████████

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ███████████   Moreover, Apple provided a corporate representative (Steve Hotelling)

20 on topics related to ████████████████████████████ (*see* Ex. 6 at 5)—a fact

21 the Special Master failed to acknowledge.  *See Arminak v. Arminak & Assocs., LLC*,

22 2017 WL 10402987, at *6 (C.D. Cal. Mar. 30, 2017) (granting motion to quash CEO's

23 deposition where Plaintiffs had not "shown why [relevant] information could be

24 obtained through a 30(b)(6) deposition").

25    Given that Mr. Perica—████████████████████████████

26 ████████████████████████████████████—testified at length

27 regarding that subject, as did Apple's Rule 30(b)(6) designee, it is abundantly clear that

28

Mr. Cook lacks the "unique, personal non-repetitive firsthand knowledge of relevant facts" that would be a predicate to compel his deposition. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *1, *15 (N.D. Cal. May 9, 2011) (granting motion for protective order precluding deposition of Apple CEO Steve Jobs, where Plaintiff "fail[ed] to identify any additional information it needs from Mr. Jobs that it has not already learned from the depositions of Apple witnesses, or that it could have learned through written discovery"); *see also Celorio v. Google Inc., *2012 WL 12861605, at *2 (N.D. Fla. Nov. 19, 2012) ("Even assuming that [CEO has] some knowledge concerning [relevant facts], this does not demonstrate that [CEO] has ***unique knowledge*.").

Nor is the deposition of Apple's highest-ranking executive "justified in part to explore possible inconsistencies" in Mr. Perica's testimony, as the Special Master suggested. Ex. 68 at 10. Mr. Perica's testimony was perfectly consistent with the email on which the Special Master relied and, in any event, any purported "inconsistencies" between Mr. Perica's testimony and the email that Mr. Perica himself authored are best addressed to (and indeed were addressed to) Mr. Perica. *See Affinity Labs of Tex.*, 2011 WL 1753982, at *8-9 ("quibbling over manufactured differences" between statements in document and witnesses' testimony "does not justify deposing" Apple's CEO, where the witnesses "merely disagree with [Plaintiff's] paraphrasing and interpretation of the statements and resist [Plaintiff's] attempts to manipulate and distort their own testimony").

**B.    Mr. Cook Has No Unique, Non-Duplicative Knowledge Regarding Apple's "Recruitment Of Masimo Employees."[3]**

Without analysis, the Special Master concluded that Mr. Cook should be deposed regarding "Apple's recruitment of Masimo employees to Apple, including O'Reilly and

---

[3] Although the Special Master broadly articulated the topic on which Mr. Cook could be deposed as "Apple's recruitment of Masimo employees to Apple, including O'Reilly and Lamego" (Ex. 68 at 10), it is undisputed that Plaintiffs have ***only*** pointed to the hiring of Dr. O'Reilly and Dr. Lamego—not other Masimo
*(Cont'd on next page)*

Lamego." Ex. 68 at 10. But the extensive discovery that Plaintiffs have received confirms that Mr. Cook has at best minimal knowledge regarding the recruitment of Dr. O'Reilly or Dr. Lamego, and certainly no ***unique, non-duplicative information*** that Plaintiffs could not have obtained (or have not already obtained) from another source. Plaintiffs' sole basis for alleging that Mr. Cook has "unique" information regarding alleged recruitment of Plaintiffs' employees is ███████████████████████████ ██████████████████████████████████████████████████████████████████ — both of which occurred nearly a decade ago. Neither provides a basis for deposing Apple's highest-ranking executive.

*Dr. O'Reilly.* As the Special Master observed (Ex. 68 at 8), Plaintiffs have pointed to ████████████████████████████████████████████████ ████████████ to argue that Mr. Cook has unique personal knowledge of the events giving rise to this case. ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ as a pretext to obtain Mr. Cook's deposition should be rejected. *See In re Yosemite Nat'l Park Hantavirus Litig.*, 2017 WL 2861162, at *2-3 (N.D. Cal. July 5, 2017) (denying request to depose apex witness where his involvement in an approval process was "a formality").

Moreover, Mr. Cook is hardly uniquely situated to address Apple's recruitment of Dr. O'Reilly. As Dr. O'Reilly stated in a contemporaneous email, ██████████ ██████████████████████████████████████████████████████ ████████████████████████ *See* Ex. 41. Plaintiffs had ample opportunity to inquire into Apple's recruitment of Dr. O'Reilly during any one of their ***two depositions*** of Denby

---

employees—as the purported basis for their trade secret misappropriation claims. *See, e.g.*, Fourth Am. Compl., Dkt. 296-1, ¶¶ 19-21. Thus, the Special Master's articulated topic is overbroad and includes irrelevant subject matter.

1   Sellers—Apple's executive recruiter and Rule 30(b)(6) witness on Apple's hiring of Dr.

2   O'Reilly, ███████████████████████████████████████████████

3   ███████████████████—who was deposed in both *True Wearables* and this case

4   (Ex. 10 at 1 (May 4, 2022 email); *see also* Ex. 11 at -662 (APL-MAS_00433662-663)).

5   Moreover, Plaintiffs discussed ████████████████████████ at length during

6   Dr. O'Reilly's deposition, where he explained that ██████████████████

7   ███████████████████████████████████████████████

8   ███████████████████████████████████████████████

9   ██████████████████████

10      ***Dr. Lamego.*** Plaintiffs' assertions regarding Dr. Lamego are even more tenuous.

11   As the Special Master notes (Ex. 68 at 8), Plaintiffs have identified ████████████

12   ███████████████████████████████████████████████

13   ███████████████████████████████████████████████

14   ███████████████████████████████████████████████

15   █████████████████████████████  ██████████████████

16   ███████████████████████████████████████████████

17   ███████████████████████████████████████████████

18   ████████████████████████████████ Any knowledge Mr. Cook

19   may have regarding Dr. Lamego's unsolicited email is at best duplicative of Mr.

20   Williams' knowledge (as well as that of Dr. Lamego, whom Plaintiffs also deposed).

21   Moreover, "the transmittal and receipt of … letters is not a compelling reason to permit

22   Plaintiff to take apex depositions." *Celorio,* 2012 WL 12861605, at *2; *see also Pinn*,

23   2021 WL 4775969, at *2 (barring trial subpoena of Apple executive and apex witness

24   Adrian Perica based on "unsolicited e-mail" to which Mr. Perica offered only a "brief"

25   response); *Abarca v. Merck & Co.*, 2009 WL 2390583 (E.D. Cal. Aug. 3, 2009) (barring

26   CEO's deposition because "there is no indication that [CEO] has unique, non-cumulative

27   knowledge simply because his name appears on three documents").

28



1   Additionally, a separate email shows ███████████████████████████

2   ████████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████

4   ██████████████████████████████████████████ Ex.

5   13 at -946-949 (APL-MAS_00359946-951).  Ms. Sellers, Apple's 30(b)(6) designee on

6   the hiring of Dr. Lamego, testified unequivocally that ██████████████████

7   ████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ██████████████████████████████ Mr. Hotelling similarly testified that ███████

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ███████████████████ And Dr. Lamego himself testified that ██████████████

17  ████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████

20  ██████████████.[4]

21      In short, there is no basis—and the Special Master identified none—to order Mr.

22  Cook's deposition on Apple's recruitment of Dr. O'Reilly or Dr. Lamego.

23

24

25

26  _____

27  [4] ██████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████

1     **C.     Mr. Cook Has No Unique, Non-Duplicative Knowledge Regarding**
2            **Apple's "Involvement In Healthcare Initiatives."**

3           Again without analysis, the Special Master concluded that Mr. Cook should be
4    deposed regarding the incredibly broad topic of "Apple's involvement in healthcare
5    initiatives, including health strategy meetings." Ex. 68 at 10. But courts routinely find
6    such general topics to be an insufficient basis for requiring an apex deposition; doing so
7    would require an apex witness to be deposed in every case that touches on the company's
8    business. *See, e.g.*, *Arminak*, 2017 WL 10402987, at *6 (granting motion to quash
9    CEO's deposition where CEO was "responsible for corporate-wide decisions, policies
10   and business plans" because information could be obtained through a 30(b)(6)
11   deposition). As Apple's CEO, Mr. Cook is "knowledgeable" about initiatives and
12   strategy for many products. *See* Ex. 5 at 160-61 (Williams Tr.) ██████████████
13   ██████████████████████████████████████████ But that does not
14   mean he possesses ***unique, non-duplicative knowledge***. He indisputably does not.

15          Plaintiffs have taken over ***95 hours*** of depositions of 28 witnesses—most of
16   which included questions related to Apple's healthcare strategy or initiatives. Plaintiffs
17   deposed Mr. Williams—who has overseen Apple's healthcare strategy, including
18   introduction of Apple Watch—for more than six hours and he testified at length
19   regarding that very topic. Yet despite receiving extensive discovery, Plaintiffs have not
20   identified ***a single relevant issue*** on which Mr. Cook's testimony would be the only
21   source. As in *Arminak*, "[e]ven if there were some information that [others] could not
22   provide, which Plaintiffs have not specifically identified, Plaintiffs have not shown why
23   that information could not be obtained through a 30(b)(6) deposition." *Arminak*, 2017
24   WL 10402987, at *6. That is particularly true here given that Apple provided a corporate
25   witness (Afshad Mistri) on "Apple's business and marketing plans and strategies for
26   non-invasive parameter monitoring features of the Apple Watch," and Plaintiffs
27   identified no deficiencies in his testimony. *See* Ex. 6 at 3 (Apple 30(b)(6) designations).

28

---

Plaintiffs thus have no need to depose Apple's highest-ranking executive on overall Apple "healthcare initiatives," as any relevant discovery has already been obtained from others.

### D.  Plaintiffs' Other Identified Bases For Mr. Cook's Deposition Should Be Rejected.

Although the Special Master identified three "topics" on which Plaintiffs are permitted to take Mr. Cook's deposition, Plaintiffs have pointed to additional alleged bases for Mr. Cook's deposition.  Each should be rejected.

*First*, Plaintiffs claim that ███████████████████████████████████ ██████████████████████████████████—a topic that has nothing to do with Plaintiffs' trade secret allegations—provide a basis for his deposition.  *See* Ex. 68 at 9.  Not so.  Any information Mr. Cook may have on that subject would be duplicative of discovery Plaintiffs have already obtained through 30(b)(6) testimony. *Compare* Ex. 19 at 135-137 (Harlow Tr.) ████████████████████████████ ████████████████████████████ *and* Ex. 6 at 11 (Topic 68), *with* Ex. 58 at 1 ("The concept of 'efficient infringement' is an anathema to Apple. This is not a concept or idea embraced by our company.").  Moreover, as the Special Master noted (Ex. 68 at 9), the Special Master previously ruled that Mr. Cook's statements are not a proper subject for discovery in denying Plaintiffs' motion to compel a 30(b)(6) witness on that very topic.  *See* Ex. 20 at 3-4 (Dkt. 894) (Order No. 13) (noting that the requested testimony "is very likely to implicate privileged information" and is "cumulative of other discovery Plaintiffs have sought and obtained").

*Second*, Plaintiffs claim that a deposition is warranted to explore Mr. Cook's "thoughts, beliefs, and desires."  *See* Ex. 68 at 9.  This again provides no basis for an apex deposition; if it did, such depositions would be ordered in every case to simply explore an executive's inner thoughts.  But "[n]ot only are the vast majority of [Mr. Cook's] subjective thoughts communicated in writing in documents [Plaintiffs] already

---

possess[], but what little of [his] subjective thoughts were left unsaid, if any, … is hardly so unique or significant to the present suit as to outweigh the burden of subjecting [him] to a deposition." *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, 2014 WL 5685463, at *3-4 (D. Minn. Sept. 4, 2014); *see Affinity Labs of Tex.*, 2011 WL 1753982, at *10, *16 (rejecting argument that Apple's CEO had "firsthand knowledge about what he meant about his numerous statements" and finding that other witnesses' disagreement with plaintiff's characterization of CEO's statements "does not amount to justification for deposing [the CEO] and then arguing with him over what he meant, the way [plaintiff's] counsel did with the Apple witnesses").

*Finally*, Plaintiffs generically point to certain emails produced on the last day of discovery as a basis for Mr. Cook's deposition. *See* Ex. 68 at 8. But as Apple explained to Plaintiffs, those emails were originally quarantined in Mr. Cook's spam folder and then transferred to his Senior Executive Support Engineer from whom they were collected. *See* Ex. 4 at 1 (August 12, 2022 Letter). Given the breadth of Plaintiffs' identified search terms, the vast majority of the collected emails are indeed spam and are completely irrelevant to this case. Of the documents produced, there were six unsolicited emails from Dr. Lamego regarding an unrelated product (Oxxium) that Dr. Lamego sent to Mr. Cook **years** after he left Apple, most of which were previously produced to Plaintiffs in substance, and which in any event, provide no basis for Mr. Cook's deposition, as they are irrelevant to Plaintiffs' alleged trade secrets and there is no indication that Mr. Cook ever even opened them, let alone responded. *See id.* at 1-2 (describing unsolicited emails sent from Dr. Lamego); *see also* Exs. 35-37.

In short, as the Special Master appeared to recognize, none of these tangential issues provides a basis for Mr. Cook's deposition.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court sustain Apple's objections to the Special Master's Discovery Order No. 16.

Dated:  October 24, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*