FILED
CLERK, U.S. DISTRICT COURT
10/28/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 16 OF SPECIAL MASTER REGARDING THREE DISCOVERY MOTIONS** |

1.  **INTRODUCTION**

This Discovery Order No. 16 of the Special Master addresses three pending discovery motions.

First, on August 17, 2022, Apple filed a motion "to compel Plaintiffs to produce four documents that they clawed back on July 5, 2022, purportedly due to attorney-client privilege and the work product doctrine." (Clawback Docs. Mot. at 1.) Apple's motion alternatively requests "that the Special Master order Plaintiffs to submit the four documents for *in camera* review so that the Special Master can directly assess their privilege claims." (*Id.*) Plaintiffs filed an opposition to the motion on August 24, 2022 (Opp'n re Clawback Docs.), and a reply was filed on August 31, 2022 (Reply re Clawback Docs).

Second, on August 19, 2022, Apple moved for a protective order barring the deposition of its CEO, Tim Cook. (Apex Mot. at 1.) In their August 26, 2022 opposition, Plaintiffs argue that the relief Apple seeks should be denied, and moreover state that the Special Master should "order a short three-to-four-hour deposition of Cook." (Opp'n re Apex at 1.) Apple filed its reply on September 2, 2022.

Third, on August 22, 2022, Apple moved "to compel Plaintiffs to supplement their response to Apple Interrogatory No. 33 and provide information and documents responsive to Apple Interrogatory No. 35 and RFP Nos. 503-504." (Def. RFP & Rogs. Mot. at 1.) Plaintiffs filed their opposition on August 29, 2022 (Opp'n re Def. RFP & Rogs.) and Apple filed its reply on September 6, 2022.

An oral argument was held on October 3, 2022. Before the hearing, the parties were provided with a tentative ruling relating to the three motions. No Court Reporter was present at the outset of the hearing and the parties agreed to proceed without a reporter, with the recording feature enabled via zoom. Matthew Goldstein later joined the hearing and reported the oral argument for the second and third motions.

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's August 17, 2022 Motion to Compel is **GRANTED-IN-PART** in that Plaintiffs are **ORDERED** to submit copies of the four clawed-back documents at issue by this motion for *in camera* review within seven days of this Order.
- Apple's August 19, 2022 Motion for Protective Order is **DENIED** and Apple is **ORDERED** to make Tim Cook available for a three-hour deposition on the topics identified in Section 4.2 of this Order.
- Apple's August 22, 2022 Motion to Compel is **DENIED.**


## 2. BACKGROUND

As Judge Selna has noted in recent rulings, "[t]he parties are familiar with the facts of this case." (Dkt. No. 732 at 2.) The Special Master provides further any facts necessary to resolve the parties' current disputes for the corresponding analysis subsections of this Order.

## 3. LEGAL STANDARD

### 3.1 Rule 26 Discovery

Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

### 3.2 Attorney Client Privilege

The attorney-client privilege may attach to communications between nonlegal employees where (1) "the employees discuss or transmit legal advice given by counsel" and (2) "an employee discusses her intent to seek legal advice about a particular issue." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002); *see also AT&T Corp. v. Microsoft Corp.*, No. 02-0164, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003) ("Communications between non-lawyer employees about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege."). The party asserting the privilege bears the burden of proving that it applies. *United States v. Richey*, 632 F.3d 559, 556 (9th Cir. 2011).

### 3.3 Apex Doctrine

As Judge Early has explained, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Rule 26(c)(1). Protective orders may be requested "to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." *Id.* Courts have recognized that depositions of high-level executives, *i.e.*, "apex witnesses," can create a potential for abuse and undue burden, supporting the issuance of such protective orders. *Robinson v. Bay Club Los Angeles, Inc.*, No. CV 2:10-cv-3578 DMG (RAOx), 2021 WL 6618819, at *4 (C.D. Cal. Dec. 22, 2021) (Oliver, J.). When considering whether to allow the deposition of an apex witness, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (citing *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011)).

As one Magistrate Judge in C.D. Cal. has explained,

> "[I]n the context of apex depositions, courts have generally required *the party noticing the deposition* to make at least some preliminary showing that the deponent has unique, non-repetitive, first-hand knowledge of facts at issue in the case." *Bicek v. C & S Wholesale Grocers, Inc.*, 2013 WL 5425345, at *5 (E.D. Cal. Sept. 27, 2013) (citations omitted). This initial threshold is not a high bar. *See Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *3 (N.D. Cal. June 30, 2015) (allowing apex deposition where noticing party made a "plausible showing that [the apex officer] may have first-hand knowledge of relevant matters as a percipient witness"). If the noticing party makes a proper showing, the party resisting the apex deposition has a heavy burden to show why the deposition should be prevented. *See* [*Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)]; *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("[A] strong showing is required before a party will be denied entirely the right to take a deposition." (cleaned up)); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *4 (N.D. Cal. Feb. 2, 2012) ("Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." (citation omitted)).

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. 5:14-CV-1153 JWH (SPx), 2022 WL 1601402, at *2 (C.D. Cal. Jan. 7, 2022) (Pym, J.) (emphasis in original).

4.  ANALYSIS

    4.1   Apple's August 17, 2022 Motion to Compel Production of Four Clawed-Back Documents

Apple has moved to compel the production of four documents that Plaintiffs clawed back in early July 2022. Apple's motion, "[p]ursuant to Paragraph 15(c) of the Protective Order," includes a chart with "a description of each document identifying Bates number, production date, and

pertinent identifying information." (Clawback Docs. Mot. at 1.) After the documents were clawed back, Plaintiffs also included each of them in a privilege log. (Ex. 6 to Clawback Docs. Mot.) For convenience of review, the following table includes a compilation of certain information provided in Apple's chart (Clawback Docs. Mot. at 1–2) and certain information provided in Plaintiffs' privilege log (Ex. 6 to Clawback Docs. Mot.).

| Bates Number | Identifying Information, According to Apple | Senders/Recipients | Subject Matter, According to Plaintiffs' Privilege Log |
|---|---|---|---|
| MASA00410234 | October 2018 "█████" Presentation by Masimo ███████ ███████ ███████ | ███████ ███████ ███████ █████ (all have Masimo email addresses) | Attachment containing legal advice and analysis from ███████ ███████ █████ |
| MASA00520386 | October 2018 "█████" Presentation by Masimo ███████ ███████ ███████ | ███████ ███████ █████ (all have Masimo email addresses) | Attachment containing legal advice and analysis from ███████ ███████ █████ |
| MASA01946940 | October 2018 Email Between Masimo Engineers ███████ █████ | ███████ █████ (both have Masimo email addresses) | Email regarding technical analysis of ███████ ███████ in anticipation of litigation |

5

| | | | |
|---|---|---|---|
| MASA02957453 | April 2019 "███████ ███████" Presentation by Masimo ███████ ███████ █ | ███████ | Presentation containing legal advice and analysis from ███████ ███████ ███████ and requesting legal advice regarding ███████ ███████ ███████ |

As a threshold matter, Apple argues that Plaintiffs waived privilege by waiting to claw back these four documents until twenty days after they were referenced in one of Apple's interrogatory responses. The Special Master finds this argument unpersuasive, including for some of the reasons explained in Plaintiffs' opposition. (Opp'n re Clawback Docs. at 3–4.) This is a complex trade secrets matter that has required each side's counsel to coordinate and multi-task on many issues. Plaintiffs' counsel also explained at the hearing that they were prompt in initiating a detailed investigation into the nature of the four documents after they were identified in Apple's interrogatory response, and clawed back the documents after that investigation was complete. Some "goose-gander" arguments were also raised supporting Plaintiffs' position regarding the timing of their clawbacks compared to actions taken by Apple during discovery. Ultimately, both Plaintiffs' counsel and Apple's counsel have worked very hard to advance this matter through the final stages of discovery, and it would be inequitable for the Special Master to find Plaintiffs have waived privilege by the twenty-day delay.

On the merits, Plaintiffs argue that their privilege log entries for the four requested documents adequately support their privilege claims. They emphasize that privilege can extend to documents even when an attorney is not listed as an author, sender, recipient, or copy recipient, particularly where the document relates to communications between non-lawyers conveying or requesting legal advice. (*See, e.g.*, Opp'n re Clawback Docs. at 2.) Plaintiffs' opposition essentially

argues that Plaintiffs' privilege log entries are sufficient, and does not present any other evidence (for example, an attorney declaration) to support their position.

At the hearing, as noted, Plaintiffs stated that they engaged in an extensive investigation into the nature of the four documents before seeking to claw them back. Plaintiffs' counsel further represented that the claim of privilege had been verified for all of the documents. Defendants challenged the lack of evidence in the opposition itself and further emphasized that to the extent the documents involved business information not related to a client seeking *legal* advice from an attorney, redactions may also be warranted. Ultimately, and significantly, Plaintiffs suggested they would be happy to submit the documents for *in camera* review, but themselves expressed concerns that the documents alone would not be sufficient to support Plaintiffs' privilege claim.

Based on review of the information provided by the parties and the arguments presented, the Special Master finds that *in camera* review of these four clawed-back documents is appropriate. Although Plaintiffs request an opportunity to now submit additional evidence in support of their claim, the Special Master finds only that *in camera* production of copies of the documents themselves is warranted at this time, and will rely on the information already in the record through statements in briefs and at oral argument in evaluating Plaintiffs' privilege claims.

Apple's motion is **GRANTED-IN-PART** in that Plaintiffs are **ORDERED** to submit copies of the four documents at issue by this motion for *in camera* review within seven days of this Order.

### 4.2 Apple's August 19, 2022 Motion for Protective Order Barring the Deposition of CEO Tim Cook

The parties have long disputed the scope of discovery, if any, that should be permitted from Apple's CEO, Tim Cook. After extensive motion practice, Magistrate Judge Early ultimately granted a motion for reconsideration, compelling Apple to produce emails from Cook as custodian. The scope of the discovery compelled continued to be a point of contention that ultimately involved additional review by both the Special Master and Judge Selna.

Now, Apple moves for a protective order barring Cook's deposition under the apex doctrine. In bringing the motion, Apple notes that it had previously raised the issue at the end of June 2022, but agreed to withdraw that earlier motion "without prejudice to permit Plaintiffs to take additional

discovery . . . ." (Apex Mot. at 1.) Apple argues that Cook lacks unique knowledge of relevant facts and should not be subject to a deposition. To support its arguments, Apple's briefs observe that the discovery deadline in this matter has now passed after extensive discovery (including hundreds of thousands of documents exchanged and many depositions taken), but, significantly, Apple does not necessarily raise arguments regarding the timeliness of a request to take Cook's deposition.

Plaintiffs argue that they have "obtained as much information as possible in [ ] other depositions, which reduced the amount of time Masimo needs to depose Cook." (Opp'n re Apex at 1.) But they argue that a "short three-to-four hour deposition" (*id.* at 5) is still needed, including on the following asserted bases.

- Apple "produced **22,560** Cook documents on the last day of discovery—after the depositions on which Apple now relies." (*Id.* (emphasis in original)) (In reply, Apple argues that "the vast majority of those documents are indeed spam and have nothing to do with this case." (Reply re Apex at 2 n.3.))
- Adrian Perica, Apple's Vice President of Corporate Development, communicated with Cook in 2013 about discussions of a potential relationship between Apple and Masimo. (Opp'n re Apex at 2.) (Apple argues that because Perica was the point of contact with Masimo, there is no additional unique, relevant information to be learned from Cook.)
- Cook was involved in the recruitment of Michael O'Reilly from Masimo to Apple, including during a 1.5-hour one-on-one meeting between Cook and O'Reilly around the time O'Reilly was interviewed. (*Id.*) Cook also received correspondence from Marcelo Lamego and "offered to help with a confrontation that led to Lamego's firing." (*Id.*) (Apple argues that these interactions, particularly regarding Lamego, were minimal and not a sufficient basis to warrant a deposition of Cook.)
- Cook has been involved in initiatives regarding healthcare and "Apple's health strategy meetings," and has pushed for at least some design features in the Apple Watch (although those design features apparently were never implemented in the Apple Watch). (*Id.* at 3–4.) (Apple argues that Plaintiffs have received extensive discovery and

      have provided no basis to support that Cook is the "only source" of information on Apple's healthcare strategy. (Reply re Apex at 2.))

- Cook testified to Congress on Apple's behalf about "efficient infringement." (Opp'n re Apex at 4.) (The Special Master has already considered and rejected Plaintiffs' arguments on this point. (Discovery Order No. 13 at 3–4.))
- Plaintiffs asked questions at depositions of other Apple witnesses about Cook's thoughts, beliefs, and desires on certain topics, and those witnesses said that they didn't know what Cook's thoughts, beliefs, or desires were. (Opp'n re Apex at 4.) (True, these questions could potentially elicit information about the state of mind of the particular witness being asked them, but they otherwise clearly called for hearsay. And as used in the opposition to Apple's motion, it seems Plaintiffs were indeed interested in the truth of what Cook thought, believed, and desired when they asked these other witnesses.)

      The Special Master has reviewed Plaintiffs' Exhibits A through Z and AA through AL supporting their opposition to Apple's motion. As the Special Master explained in the tentative ruling, some of the points Plaintiffs raise, for example relating to the recruitment of O'Reilly and the discussions between Apple and Masimo in 2013, appear to implicate relevant, non-privileged information central to Plaintiffs' allegations in this case where Cook may have unique knowledge. Although at the hearing Apple maintained its position that Cook does not have unique knowledge relevant to disputed facts, Apple's arguments are unpersuasive in light of some of the documentary evidence submitted by Plaintiffs in support of their motion, and particularly emails sent by Cook that relate to key allegations in this case.

      As just one example, in an email to an individual at Masimo in 2013, Perica provided a proposed agenda for Apple and Masimo to cover at an upcoming meeting, including planning for a "[d]eeper dive" into Masimo's technology and a "pie in the sky" discussion about "How Apple could integrate Masimo tech into Apple products." (Opp'n re Apex, Ex. C.) In a later internal email, Perica ████████████████████████████████████████████████████ (Opp'n re Apex, Ex. E.) He later refers to ████████████████████████████████████████ ████████████████████████████████████████. (Opp'n re Apex, Ex. D.) But in deposition,

9

1  Perica did not recall having a conversation with Cook about Masimo. (Opp'n re Apex, Ex. F at
2  139:9–140:10.) And although Apple emphasizes ███████████████████
3  ████████████████████████████████████████████ this documentary
4  evidence suggests Cook may have unique first-hand knowledge in directing the trajectory of the
5  relationship between Masimo and Apple.

   Cook's deposition is justified in part to explore possible inconsistencies on significant points by significant witnesses. The Special Master thus **DENIES** Apple's motion for protective order and **GRANTS** Plaintiffs' request for a three-hour deposition of Cook, so long as it is limited to the following topics. (*See* Opp'n re Apex at 5 (seeking a "three-to-four-hour deposition of Cook *on the factual issues discussed herein*." (emphasis added).)

- Apple's discussions with and interest in Plaintiffs around 2013;
- Apple's recruitment of Masimo employees to Apple, including O'Reilly and Lamego; and
- Apple's involvement in healthcare initiatives, including health strategy meetings.

### 4.3   Apple's August 22, 2022 Motion to Compel Supplemental Response to Interrogatory No. 33 and Information in Response to Interrogatory No. 35 and RFP Nos. 503–504

#### 4.3.1   Interrogatory No. 33

Apple's Interrogatory No. 33 states, "[f]or each alleged Trade Secret, identify each and every owner of the alleged Trade Secret, from conception of the alleged Trade Secret to date, including the specific time period each and every owner owned the alleged Trade Secret, and the circumstances regarding the change in ownership." (Ex. 1 to Def. RFP & Rogs. Mot. at 7.) Apple argues that Plaintiffs' response to this interrogatory is insufficient because it does not delineate which trade secrets are owned by Masimo, and which are owned by Cercacor.

Plaintiffs state,

> Masimo does not maintain such information in the ordinary course of business because it does not distinguish between trade secrets owned by Masimo Corp. or Cercacor. Rather, Masimo Corp. and Cercacor work together to jointly develop

> technology, and both have confidential access to each asserted trade secret through the Masimo-Cercacor cross-license.

(Opp'n re Def. RFP & Rogs. at 2.)

Both parties dispute whether Plaintiffs are required to establish ownership as an element to prove their trade secret claims (and specifically, ownership by a particular plaintiff). This dispute about the applicable legal standard will ultimately need to be decided by Judge Selna, and the Special Master declines to embark on an advisory recommendation on that point given the Special Master's role in this case. The Special Master will not compel the information sought by Apple, but Plaintiffs' decision to proceed forward in discovery without attempting to determine specific trade secret ownership information or disclosing that information to Apple comes at Plaintiffs' own potential peril. Apple's other stated bases for arguing that the information sought is relevant and must be produced are unavailing, particularly given (1) Plaintiffs' assertions that they do not maintain this information in the ordinary course of business and (2) it seems at least some of the information Apple apparently seeks should already have been obtained through Plaintiffs' responses to other discovery. (*See, e.g.*, Discovery Order No. 3 at 9 (discussing Interrogatory No. 6).)

Apple's request to compel a further response to Interrogatory No. 33 is **DENIED**.

At the hearing, after receiving the Special Master's tentative ruling denying this aspect of Apple's motion, Plaintiffs stated for the first time that they intend to supplement their response to Apple's Interrogatory No. 33. Although Apple responded by preserving rights to object to the information included in any supplemental response, it appears that Apple will get from Plaintiffs at least some of what it had been asking for on an issue the Special Master had otherwise resolved against it, ultimately rendering the issue fully moot.

### 4.3.2   Interrogatory No. 35 and RFP Nos. 503–504

Apple's Interrogatory No. 35 states the following.

> Describe any procedures, systems, policies or other steps implemented at any time by You or any other persons, companies, or entities to ensure that (a) any attorneys, counsel, or others involved in patent prosecution on Your behalf have no access to confidential information produced or provided by Apple or by any third parties, and (b) any attorneys, counsel, or other persons with access to confidential information

produced or provided by Apple or any third parties have no role, responsibility, or involvement in the research, design, or development of any of Your products.

(Ex. 1 to Def. RFP & Rogs. Mot. at 10–11.)

Its RFP Nos. 503 and 504, meanwhile, request:

503. Documents evidencing procedures, systems, policies or other steps taken by Plaintiffs to ensure that no attorneys or other person with access to confidential information produced by Apple or third parties were involved in research, design, or development of any of Plaintiffs' products.

504. Documents evidencing procedures, systems, policies, or other steps to ensure that any attorneys involved in patent prosecution on behalf of Plaintiffs have no access to confidential information produced by Apple or third parties.

(Ex. 8 to Def. RFP & Rogs. Mot. at 22.)

Apple argues that the information sought is relevant and should be provided because "███████████████████████████████████████████████████████████████████████████████████" (Reply re Def. RFP & Rogs. at 3.) Apple also raises questions about Plaintiffs "█████████████████████████████████████" (*Id.*) Apple insists that the information sought is relevant to assessing the appropriate measure of damages in this case as well as to Apple's affirmative defenses, including unclean hands.

Although at the hearing Apple disagreed with the tentative ruling's assessment on this point, for the most part, Apple's requests appear to present a very specific flavor of "discovery about discovery." A unique fact pattern is presented here, but caselaw outcomes about whether other forms of "discovery about discovery" are relevant and permissible are mixed, with such discovery often looked at skeptically. *Store SPE v. Fitness Int'l*, No. 8:20-00953 JVS (ADSx), 2020 WL 11884709, at *2 (C.D. Cal. Dec. 16, 2020) (Spaeth, J.); *Perez v. DirecTV Grp. Holdings, LLC*, No. 8:16-cv-01440 JLS (DFMx), 2020 WL 5875026, at *2 (C.D. Cal. Aug. 17, 2020) (McCormick, J.); *Terpin v. A T & T Inc.*, No. CV 18-6975 ODW (KSx), 2022 WL 3013153, at *6 (C.D. Cal. June 13, 2022) (Stevenson, J.).

Apple insists that the evidence shows Plaintiffs ███████████████████████████████████████████████████████████████████████. But Apple makes no suggestion

that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple's arguments do not suggest wrongdoing on the part of Plaintiffs or their attorneys, and do not provide a basis for permitting the discovery about Plaintiffs' counsel's handling of discovery that Apple now seeks.

As Plaintiffs noted at the hearing, this case concerns allegations that former Masimo employees misappropriated Masimo's trade secrets many years ago by sharing them with Apple once they were employed there. In other words, Apple also has not shown that Plaintiffs' counsel's handling of confidential information obtained years later, during this litigation and under the auspices of a serious protective order, can indeed at this time reasonably be traced as relevant to the various claims and defenses in this case. With no other basis to suggest some wrongdoing on Plaintiffs' counsel's part, Apple has not shown that discovery is warranted on this issue.

Apple's request to compel a response to Interrogatory No. 35 and its RFP Nos. 503 and 504 is **DENIED**.

## 5. CONCLUSION

The parties have submitted their disputes to the Special Master consistent with the restricted letter-briefing and page limit procedures specified by the Order Appointing in this case. After presenting the parties with a full opportunity to present oral argument related to their disputes, the Special Master considered all the numerous arguments presented in the briefs and at associated hearings in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Apple's August 17, 2022 Motion to Compel is **GRANTED-IN-PART** in that Plaintiffs are **ORDERED** to submit copies of the four clawed-back documents at issue by this motion for *in camera* review within seven days of this Order.
- Apple's August 19, 2022 Motion for Protective Order is **DENIED** and Apple is **ORDERED** to make Tim Cook available for a three-hour deposition on the topics identified in Section 4.2 of this Order.
- Apple's August 22, 2022 Motion to Compel is **DENIED**.

13

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

If the parties do not email the Special Master's Case Manager within the three court days specified by the Order Appointing, the Special Master assumes that the parties do not have any proposed redactions (or that any request for such redactions has been waived) and will promptly submit this written Order to the Court for public filing.

THUS IT IS ORDERED.

Dated: 10/14/2022

Hon. Andrew J. Guilford (Ret.)
Special Master

**JUDICATE WEST**
Alternative Dispute Resolution

*Results Beyond Dispute*℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

## PROOF OF SERVICE

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On October 14, 2022, I served the foregoing documents, described as:

**ORDER NO. 6 OF SPECIAL MASTER REGARDING THREE DISCOVERY MOTION**

to the following parties:

**SEE ATTACHED MAILING LIST**

(X) **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

( ) **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal LLC, through the use interface at www.onelegal.com.

( ) **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

( ) **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address(es): by leaving the documents at the person's office, in an envelope or package clearly labeled to identify the person(s) being served, with a reception ist or an individual in charge of the office.

( ) **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 14, 2022**, at Santa Ana, California

<u>Heidi Adams</u>
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Friday, October 14, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Jeremy A. Anapol, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jeremy.anapol@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Christian D. Boettcher, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: christian.boettcher@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Kendall M. Loebbaka, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: kendall.loebbaka@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.

Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.

Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.

Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000   Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Brittany Amadi, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Avenue
Washington , DC 20006
Phone: (202) 633-6022   Fax:
Email: brittany.amadi@wilmerhale.com
Representing Apple, Inc.

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495