1    Joseph R. Re (Bar No. 134479)
     joseph.re@knobbe.com
2    Stephen C. Jensen (Bar No. 149894)
     steve.jensen@knobbe.com
3    Benjamin A. Katzenellenbogen (Bar No. 208527)
     ben.katzenellenbogen@knobbe.com
4    Perry D. Oldham (Bar No. 216016)
     perry.oldham@knobbe.com
5    Stephen W. Larson (Bar No. 240844)
     stephen.larson@knobbe.com
6    Baraa Kahf (Bar No. 261144)
     Baraa.Kahf@knobbe.com
7    Justin J. Gillett (Bar No. 298150)
     Justin.Gillett@knobbe.com
8    KNOBBE, MARTENS, OLSON & BEAR, LLP
     2040 Main Street, Fourteenth Floor
9    Irvine, CA 92614
     Telephone: (949) 760-0404; Facsimile: (949) 760-9502
10
     Adam B. Powell (Bar. No. 272725)
11   adam.powell@knobbe.com
     Daniel P. Hughes (Bar No. 299695)
12   Daniel.hughes@knobbe.com
     KNOBBE, MARTENS, OLSON & BEAR, LLP
13   3579 Valley Centre Drive
     San Diego, CA 92130
14   Telephone: (858) 707-4000; Facsimile: (858) 707-4001

15   [Counsel appearance continues on next page]

16   Attorneys for Plaintiffs,
     MASIMO CORPORATION and CERCACOR LABORATORIES, INC.
17

18            IN THE UNITED STATES DISTRICT COURT

19        FOR THE CENTRAL DISTRICT OF CALIFORNIA

20                   SOUTHERN DIVISION

| | |
|---|---|
| 21  MASIMO CORPORATION,<br>     a Delaware corporation; and<br>22  CERCACOR LABORATORIES, INC.,<br>     a Delaware corporation<br>23<br>         Plaintiffs,<br>24<br>         v.<br>25<br>     APPLE INC., a California corporation<br>26<br>         Defendant.<br>27 | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **REPLY MEMORANDUM IN**<br>) **SUPPORT OF PLAINTIFFS'**<br>) **MOTION TO MODIFY OCTOBER 11**<br>) **OPINION**<br>)<br>) Date:        November 14, 2022<br>) Time:       1:30 p.m.<br>) Location:   Courtroom 10C<br>)<br>)<br>)<br>) |

28

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Granting Masimo's Motion would have no impact on Apple.  Yet Apple opposes anyway and speculates that Masimo is not being candid with the Court.  To be clear, neither Masimo nor its counsel knew that Sean Merritt, Cristiano Dalvi, Ferdyan Lesmana, Maria Javier, or Phillip Perea were employed by Rockley before the *True Wearables* trial began.  Re Reply Decl. ¶ 3.  Should the Court have any questions, Masimo would welcome a hearing.

Masimo simply seeks to address a potential misunderstanding about Masimo or its counsel, and asks that the Court to remove the portion of the Order reflecting that misunderstanding.  Earlier in this case, Masimo agreed to a similar request by Apple to remove a portion of a tentative order that Apple claimed was unfairly critical of its counsel.  *See* Powell Reply Decl. ¶ 2.  Apple should have similarly agreed to the relief sought in this Motion.  Apple's accusations are unfounded, and Masimo regrets that this brief is necessary.

A.    **Masimo Is Not Moving For Reconsideration**

Apple first argues that Masimo has not met the standard for reconsideration set forth in Local Rule 7-18.  Opp. at 1.  But Masimo is not moving for reconsideration or asking to change the outcome of the Order.  Masimo seeks to address a potential misunderstanding that is easily corrected based on representations of counsel.  Apple cites no authority suggesting such a minor modification that has no impact on the outcome must be brought as a motion for reconsideration under Local Rule 7-18.

Indeed, Apple has successfully argued in this case that the requirements for reconsideration do not apply to motions to "clarify" or "correct" orders.  Dkt. 641; Dkt. 656 at 8; Dkt. 815.  Apple correctly observed that a court's "'inherent authority to modify its own interlocutory orders is not limited to the circumstances set forth in Local Rule 7-18.'"  Dkt. 758-1 at 6 (quoting *Allergan Inc. v. Athena*, 2012 WL 12898344, at *2 (C.D. Cal. May 24, 2012)).  Apple also correctly observed a court can modify its rulings for "any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law.'"    *Id.* (quoting *Universal*

1    *Electronics Inc. v. Logitech, Inc.*, 2012 WL 13028537, at \*1 (C.D. Cal. July 2, 2012)).

2    Those same principles also apply to Masimo's present Motion.

3    **B.    <u>Masimo Did Not Know The Relevant Facts Before Trial In *True Wearables*</u>**

4    Apple argues Masimo should not be allowed to explain how it learned the

5    relevant facts because it made a "strategic decision" not to address them in opposing

6    Apple's Objection.  Opp. at 1.  But, in its Objection, Apple did not argue that Masimo

7    knew Merritt and Dalvi worked at Rockley before the *True Wearables* trial.  Apple did

8    so argue before the Special Master, but not before this Court.  Apple should not fault

9    Masimo for declining to brief an issue no longer in dispute.  After the Court raised the

10   issue in the Order, only then did Masimo have a reason to address whether it knew

11   Merritt and Dalvi worked at Rockley before the *True Wearables* trial.

12   Apple also argues Masimo "failed to disprove" the Court's findings.  Opp. at 2.

13   Apple cites the Court's discussion of Masimo questioning Merritt about whether Dalvi,

14   Lesmana, Javier, and Perea worked at Rockley.  *Id.*  Apple argues this questioning is a

15   "telling indication" that Masimo knew those individuals worked for Rockley before

16   trial.  *Id.*  Apple is wrong.  Before trial, Masimo learned only that Matt Paul worked for

17   Rockley.  Re Reply Decl. ¶ 3.  Masimo did not know Merritt, Dalvi, Lesmana, Javier,

18   or Perea also worked for Rockley.  *Id.*; *see also id.*, Ex. 2 at 148-149 (Masimo and

19   Cercacor's CEO testifying: "Before this trial I only knew Matt Paul was at Rockley

20   right after leaving Apple.  I did not know Cristiano or Sean or most of my Rainbow

21   team from Cercacor now is at Rockley Photonics, which, their main funder is Apple").

22   Masimo asked Merritt if others worked at Rockley based on Merritt and Dalvi

23   testifying at trial that they worked for Rockley *and* deposition testimony that in no way

24   suggested any of these individuals worked for Rockley.  Re Reply Decl. ¶ 4.

25   Unfortunately, Masimo cannot disclose the deposition testimony here because it was

26   designated pursuant to the protective order in *True Wearables* for use in that case only.

27   *Id.*  Masimo would provide that testimony and its bases for Masimo's questions at trial

28

-2-

1    if the Court were to grant relief from the protective order in *True Wearables* for this

2    limited purpose only.

3           Apple also incorrectly claims that Masimo's Motion contradicts Mr. Re's oral

4    representations to the Special Master at the hearing.  Opp. at 2-3.  Apple argues:

5           Plaintiffs' counsel insisted that they did not know this information until the
6           questions were asked, and answered, by the witnesses on cross
            examination: "We learned it during the trial when ***it was revealed to us*** that
7           there were patent applications filed by Rockley listing all of the former
8           Masimo employees."  In other words, Plaintiffs' counsel asserted, "we
            learned it ***through cross-examination***."
9

10   *Id.* (citations omitted; emphasis in original).  Apple misinterprets what Mr. Re said.  Mr.

11   Re actually said:

12          We learned it during the trial when it was revealed to us that there were
13          patent applications filed by Rockley listing all of the former Masimo
            employees.  That's how we learned it.  ***And*** we learned it through cross-
14          examination.

15   Dkt. 937, Ex. D at 58-59 (emphasis added).  Thus, Mr. Re represented that Masimo

16   learned the facts by finding the patent applications during trial ***and*** confirming Dalvi

17   and Merritt's employment status through cross-examination.  Masimo found the patent

18   applications after trial commenced.   Finding the patent applications caused Masimo to

19   believe that Dalvi and Merritt most likely had worked at Rockley.  However, because

20   not every named inventor is necessarily employed by the patent applicant, Masimo then

21   confirmed Dalvi's and Merritt's current employment through cross-examination.

22          Next, Apple parses the words "counsel" and "public" in Mr. Re's declaration to

23   speculate that he was splitting hairs. Opp. at 3.  Apple suggests that Masimo itself might

24   have known that Merritt, Dalvi, Lesmana, Javier, or Perea were employed by Rockley

25   before the *True Wearables* trial began.  *Id.*  Apple also suggests that Masimo's counsel

26   may have learned those facts before trial through unidentified non-public information.

27   *Id.*  Apple is wrong on both suggestions.  Neither Masimo nor its counsel knew that

28   Merritt, Dalvi, Lesmana, Javier, or Perea were employed by Rockley before the *True*

1 | *Wearables* trial began.  Re Reply Decl. ¶ 3.  Mr. Re's prior declaration referred to

2 | "counsel" and "public" information because he was responding to assertions that

3 | counsel knew about public patent applications before trial.

4 | Finally, Apple argues Masimo could have sent the subpoena to Rockley on

5 | March 18 based on information in the patent publications alone without relying on trial

6 | testimony.  Opp. at 3-4.  Apple's argument appears to fault Masimo for taking a very

7 | conservative approach to adhering to protective orders.  Masimo reasonably believed it

8 | prudent to wait for a finalized transcript to eliminate any potential allegation that

9 | Masimo used information that was still under seal.

10 | Accordingly, Masimo respectfully requests the Court modify the Order to remove

11 | the "second" timing ground on pages 7-8 of the Order.  Should the Court have any

12 | questions, Masimo would welcome a hearing.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 31, 2022

By: */s/ Joseph R. Re*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.