Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
Jeremy.Anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | Case No. 8:20-cv-00048-JVS-JDE |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO REVIEW SPECIAL MASTER ORDER NO. 16** |
| v. | Date: November 21, 2022 Time: 1:30 pm Court Room 10C |
| APPLE INC., a California corporation | |
| Defendant. | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ............................................................................1

II.   PROCEDURAL HISTORY ...........................................................1

    A.    Apple's Attempts To Shield Cook's Electronic Documents ............1

    B.    Apple's Attempts To Shield Cook From Being Deposed..................3

III.  ARGUMENT....................................................................................5

    A.    Legal Standard................................................................................5

    B.    Cook Has Unique First-Hand, Non-Repetitive Knowledge That Masimo Was Unable to Obtain Through Less Intrusive Discovery Methods ........................................................................6

        1.    Cook's Knowledge About Apple-Masimo Interactions ...........7

        2.    Cook's Knowledge About Apple Recruiting Masimo's Employees.................................................................................9

        3.    Cook's Knowledge About Relevant Apple Health Strategies.................................................................................12

    C.    Apple Presents No Evidence On Proportionality.............................13

    D.    This Dispute Is Timely And Should be Decided On The Merits......14

    E.    Apple's Other Critiques Of The Special Master Order Lack Merit ..............................................................................................15

IV.   CONCLUSION ............................................................................15

# TABLE OF AUTHORITIES

**Page No(s).**

*Abarca v. Merck & Co.,*
 2009 WL 2390583 (E.D. Cal. Aug. 3, 2009) ...................................................11

*Affinity Labs of Texas v. Apple, Inc.,*
 2011 WL 1753982 (N.D. Cal. May 9, 2011)......................................................8

*Alves v. Riverside Cnty.,*
 2021 WL 3598728 (C.D. Cal. Apr. 9, 2021).................................5, 8, 10, 11

*In re Apple Iphone Antitrust,*
 2021 WL 485709 (N.D. Cal. Jan. 26, 2021)................................................5, 14

*Arminak v. Arminak & Assoc., LLC,*
 2017 WL 10402987 (C.D. Cal. Mar. 30, 2017) .......................................12, 13

*Celerity, Inc. v. Ultra Clean Holding, Inc.,*
 2007 WL 205067 (N.D. Cal. Jan. 25, 2007)...................................................15

*Celorio v. Google Inc.,*
 2012 WL 12861605 (N.D. Fla. Nov. 19, 2012) ...............................................11

*DR Sys., Inc. v. Eastman Kodak Co.,*
 2009 WL 2973008 (S.D. Cal. Sept. 14, 2009) ...............................................11

*First Nat'l. Mortg. Co. v. Fed. Realty Inv. Tr.,*
 2007 WL 4170548 (N.D. Cal. Nov. 19, 2007)....................................7, 10, 11

*Friedman v. Old Republic Home Prot. Co.,*
 2014 WL 12845131 (C.D. Cal. June 24, 2014).................................................6

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.,*
 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)..................................................13

*In re Google Litig.,*
 2011 WL 4985279 (N.D. Cal. Oct. 19, 2011) ...................................................5

*K.C.R. v. Cnty. of Los Angeles,*
 2014 WL 3434257 (C.D. Cal. July 11, 2014) ...................................................6

*Mansourian v. Bd. of Regents of Univ. of Cal.,*
 2007 WL 4557104 (E.D. Cal. Dec. 21, 2007)...................................................6

*In Re Nat'l W. Life Ins. Deferred Annuities Litig.,*
 2011 WL 1304587 (S.D. Cal. Apr. 6, 2011) .....................................................5

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Pinn, Inc. v. Apple, Inc.*,
    2021 WL 4775969 (C.D. Cal. Sept. 10, 2021) ...........................................11, 12

*Sale v. Merrill Lynch*,
    2017 WL 10562586 (C.D. Cal. Nov. 29, 2017) ...................................................6

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
    2011 WL 811731 (N.D. Cal. Mar. 2, 2011) .....................................................15

*WebSideStory, Inc. v. NetRatings, Inc.*,
    2007 WL 1120567 (S.D. Cal. Apr. 6, 2007) ...........................................5, 6, 13

*In re Yosemite Nat'l Park Hantavirus Litig.*,
    2017 WL 2861162 (N.D. Cal. July 5, 2017) ......................................................9

# OTHER AUTHORITIES

Cal. Civ. Code § 3426.1 ...........................................................................................12

Cal. Civ. Code § 3426.3 ...........................................................................................12

# I.  <u>INTRODUCTION</u>

Apple's motion distorts the facts and law.  Contrary to Apple's assertions, Cook has first-hand, non-duplicative knowledge of relevant facts.  For example, ███████ ████████████████████████████████████████ Apple contacted Masimo to discuss a potential partnership.  ████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████ Cook also personally fielded an offer by Marcelo Lamego (Cercacor's former Chief Technical Officer) to use his 10 years of knowledge from Cercacor and Masimo to solve Apple's health monitoring problems.  Apple cites no case from anywhere in the country denying a deposition where the witness had such personal involvement.

Because of Cook's involvement, many key documents that Masimo will use at trial were ██████████████████████████████ If Cook does not testify, the jury will likely question why Masimo failed to present any testimony from Cook.  Masimo should not have to risk the jury inferring that Masimo either failed to pursue Cook's testimony or that such testimony would have been unfavorable to Masimo.  The Court should overrule Apple's objections to prevent such prejudice to Masimo.

# II.  <u>PROCEDURAL HISTORY</u>

## A.  <u>Apple's Attempts To Shield Cook's Electronic Documents</u>

In May 2021, Apple opposed Masimo's request for Cook's documents by representing "Cook is highly unlikely to possess information relevant to any party's claims or defense." Dkt. 379-1 at 11.  Judge Early denied Masimo's motion based on Apple's representation. Ex. 24 at 5.[1]  Judge Early explained that he was relying on the representation and warned of "severe consequences" if it were not true.  *Id.* at 6.

However, in *True Wearables*, Marcelo Lamego had produced evidence showing

---

[1] Unless noted otherwise, numbered exhibits are attached to the Passamaneck Declaration (Dkt. 965-2, 966-2) and lettered exhibits are attached to the Powell Declaration (submitted herewith).  Emphasis is added unless noted otherwise.

Apple's representation was false.  Dkt. 473, Ex. 6.  In particular, Lamego wrote to Cook at 1:00 am and, referencing his "10 years" at Masimo and Cercacor, promised to solve Apple's monitoring problems in exchange for a senior technical position.  *Id.*  By 10:30 a.m. that same morning, Apple's executive recruiter reached out to Lamego.  *Id.*  When Judge Early learned of the email during a hearing in *True Wearables*, he found it highly relevant and ordered it to be filed publicly.  Dkt. 473, Ex. 7 at 17, 34-35.

When the email became public, Masimo moved for reconsideration in this case. Dkt. 471.  After extensive questioning by Judge Early, Apple admitted the email "could" be relevant and that it knew of the email at the time of its prior representation to Judge Early.  Ex. 25 at 24; *id.* at 29: ("Did you lie to me?"); *id.* at 31 ("how am I supposed to trust anything you say now?").  Judge Early found the email was relevant and "speak[s] loudly".  *Id.* at 38.  He then ordered Apple to search Cook's ESI using narrow search terms designed to locate relevant documents.  Dkt. 502 at 2.

Apple's search yielded ██████████████████████████ ████████████  Dkt. 668 at 6.  Masimo moved to compel production of all documents from the search.  *Id.*  During the hearing, Apple argued the documents it withheld were ██████████████████████████████████████Dkt. 653-2, Ex. 23 at 33.  The Special Master responded: "████████████████████████████████ *Id.* at 34.  The Special Master granted Masimo's Motion.  Dkt. 641 at 3.

Apple objected to the Order and this Court sustained Apple's objection because Judge Early's order did not contemplate the relief granted by the Special Master.  Dkt. 724 at 6.  But the Court "share[d] Judge Early's concerns about Apple's representations to the Court" and "the Special Master's concerns" about Apple withholding documents as ████████████████████████."  *Id.*  The Court encouraged the parties to confer.  *Id.*  After those discussions, Apple produced some additional Cook documents.[2]

---

[2] Apple complains about "vast" discovery and that it has now produced 3 million pages total.  Mot. at 2.  Apple never explains why that is relevant here.  Regardless, Masimo is far smaller than Apple but produced 5 million pages.  Powell Decl. ¶ 6.

**B.**   **Apple's Attempts To Shield Cook From Being Deposed**

In June 2022, Apple moved for a protective order to prevent Cook's deposition. Ex. A.   Contrary to Apple's assertion, Apple did not withdraw that motion to allow Masimo to "determine whether [it] could articulate a basis for" Cook's deposition.   Mot. at 2.  Apple's motion had argued Masimo could obtain the information it needed during other depositions.  Ex. A at 5.  As a result, the parties agreed to delay the Cook motion until after Masimo took those depositions.  Ex. 2.  The parties stipulated not to "use the timing of any later-filed motion to argue that the opposing party unduly delayed or waived any right."  Ex. 1.

Masimo took the depositions and sought to obtain the information it needed from Cook, including information about ███████████ .  Apple's witnesses were unable to provide the knowledge that Cook clearly has.  Masimo submitted a selection of such testimony to the Special Master as Appendix A.  Ex. 65.  Below are a few examples:

- **Williams**: Masimo questioned Williams on ████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████

- **Perica**: Masimo questioned Perica on ████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████

1    • **Mansfield**: Masimo questioned Mansfield about ███████████

2    ████████████████████████████████████████████████

3    ████████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    • **Tom**: Masimo questioned Tom ████████████████

6    ████████████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ████████████████████████████████████████████████

9    █████████████████████

10   • **Kim**: Masimo questioned Kim on ████████████████

11   ████████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ████████████████████████████████████████████████

14   ██████████████████████████████████████████

Apple incorrectly argues Masimo "focus[ed] much of [its] deposition time on attempting to manufacture a basis for Mr. Cook's deposition." Mot. at 3; *see also id.* at 14-15 (complaining that Masimo asked about Cook's "thoughts, beliefs, and desires"). Masimo asked if the witness spoke to Cook about relevant facts, including what he meant by certain phrases in emails or why he took certain actions. *See, e.g.*, Ex. 21 at 3.[3] Masimo did so precisely because Apple argued Masimo should try to obtain such information from other witnesses. *See* Ex. A at 5.

By mid-August, Masimo deposed all but one of the individuals that Apple claimed would provide the necessary information. The remaining deposition, O'Reilly, had not occurred because Apple repeatedly delayed it without explanation. On August 19, Apple

---

[3] Apple's quotations are also inaccurate. For example, Masimo did not ask what was "in [Cook's] head." *See* Mot. at 3 (citing Ex. 21). Masimo referred to the ***witness's*** testimony that ████████████████████████████████ before asking if the witness ever asked what Cook meant by ████████████ in an email. Ex. 21 at 3.

-4-

1  moved for a protective order on Cook.  Ex. 63.  The Special Master received briefing,

2  held a lengthy hearing, and ordered a short deposition on three specific topics.  Ex. 68.

### III.  ARGUMENT

3

### A.  Legal Standard

4

5      The party opposing a deposition bears a "heavy burden of showing why discovery

6  should be denied."  *Alves v. Riverside Cnty.*, 2021 WL 3598728, at *3 (C.D. Cal. Apr.

7  9, 2021).  That is true even for so-called "apex" depositions.  *Id.* at *4.  In deciding

8  whether to allow such depositions, courts consider "(1) whether the deponent has unique

9  first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the

10  party seeking the deposition has exhausted other less intrusive discovery methods."  *Id.*

11      The "apex" doctrine is "not an automatic bar that [the party propounding the

12  discovery] must overcome by a showing of good cause."  *In Re Nat'l W. Life Ins.*

13  *Deferred Annuities Litig.*, 2011 WL 1304587, at *4 (S.D. Cal. Apr. 6, 2011).  "Rather it

14  is a protective tool that is selectively employed on a case by case basis when deemed

15  appropriate."  *Id.*  The apex doctrine generally "limits the length of a deposition, rather

16  than barring it altogether, because of the heavy burden a party faces in blocking a

17  deposition entirely."  *In re Apple Iphone Antitrust*, 2021 WL 485709, *3 (N.D. Cal. Jan.

18  26, 2021).  It is "very unusual" to "prohibit the taking of a deposition altogether absent

19  extraordinary circumstances, as such an order would likely be in error."  *WebSideStory,*

20  *Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

21      Apple presents the law very differently by implying apex depositions are barred

22  in most cases.  Mot. at 5-6.  But Apple itself argued the opposite in successfully moving

23  to compel apex depositions in other cases.  *See* Ex. C at 4-7.  Apple recognized the party

24  ***opposing*** an apex deposition bears a "heavy burden" to prevent discovery  *Id.* at 4.

25  (quoting *In re Google Litig.,* 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)).  Apple

26  recognized "[t]he apex rule is not a blunt instrument that allows a party to prevent

27  depositions based on job title."  *Id.*  Rather, it is "selectively employed" when necessary.

28  *Id.* at 4-5. (quoting *In re Nat'l W. Life Ins.*, 2011 WL 1304587, at *4 n.2).

-5-

**B.** **Cook Has Unique First-Hand, Non-Repetitive Knowledge That Masimo Was Unable to Obtain Through Less Intrusive Discovery Methods**

Throughout its brief, Apple repeatedly argues (in ***bold italics***) that Cook must have "unique, non-duplicative knowledge." Mot. at 3, 6, 7, 10, 13. In doing so, Apple glosses over a key distinction between this case and many of the cases on which Apple relies: that Cook has unique ***first-hand*** knowledge of relevant facts.

Apple's cited cases explained that courts consider whether the deponent has "unique first-hand, non-repetitive knowledge" of relevant facts. *See K.C.R. v. Cnty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014). Many of Apple's cited cases denied discovery because the witness "does not have first-hand knowledge." *See id.* at 7; *see also Sale v. Merrill Lynch*, 2017 WL 10562586, at *2 (C.D. Cal. Nov. 29, 2017) (witness had "after-the-fact, derivative knowledge" that is "neither unique nor derived from any firsthand, contemporaneous event"); *Friedman v. Old Republic Home Prot. Co.*, 2014 WL 12845131, at *4 (C.D. Cal. June 24, 2014) (witness's only alleged "personal knowledge" concerned irrelevant issues).

The distinction is important because an executive with no personal knowledge may possesses only facts that he or she heard from others, which can be obtained elsewhere. However, Apple itself recognized that the same is not true for a witness who "personally participated" in relevant events. Ex. C at 7. In such circumstances, other sources are a "'poor substitute for [the apex witness's] testimony regarding his own personal knowledge and action.'" *Id.* (quoting *Mansourian v. Bd. of Regents of Univ. of Cal.*, 2007 WL 4557104, at *3 (E.D. Cal. Dec. 21, 2007)). Thus, when the witness "has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *WebSideStory*, 2007 WL 1120567, at *2.

As discussed below, the Special Master correctly found that Cook has unique first-hand knowledge that Masimo was unable to obtain elsewhere. Indeed, many of the key documents that Masimo will introduce at trial involve Cook. The jury would expect to hear from Cook on such issues.

### 1.     <u>Cook's Knowledge About Apple-Masimo Interactions</u>

In 2013, Adrian Perica—Apple's Vice President of Corporate Development and

a key lieutenant of Cook— ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████

Discovery has now shown that ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████   As Apple recognized, courts "do not hesitate" to order

depositions in similar circumstances for witnesses who are the "ultimate decision-maker

or participated in a relevant decision-making process . . . ." Ex. C at 5 (citing *In re Nat'l*

*W. Life Ins.*, 2011 WL 1304587, at *4).

Apple claims Masimo does not need Cook's deposition because Cook's testimony

would be "duplicative" of Perica's.  Mot. at 7-8. ████████████████████████████

██████████████████████████████████████   And Perica cannot provide

Cook's unique perspective.  Indeed, Apple itself has successfully argued testimony is

not duplicative merely because another witness testified about the same event:

> Numerous courts have also noted that "[t]he mere fact . . . that other
> witnesses may be able to testify as to what occurred at a particular time or
> place does not mean that a high-level corporate officer's testimony would
> be 'repetitive'.  Indeed, it is not uncommon for different witnesses to an
> event to have differing recollections of what occurred."

Ex. C at 6 (quoting *First Nat'l. Mortg. Co. v. Fed. Realty Inv. Tr.*, 2007 WL 4170548,

at *2 (N.D. Cal. Nov. 19, 2007)).

1    Here, nothing suggests Perica and Cook would give duplicative testimony. To

2    the contrary, ███████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████

8    █████████████████████████████████████████████████████

9    Apple also relies on Perica's testimony that ██████████████████████

10   ████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████

14   ██████████████████████████████████████████

15   Apple baldly claims Perica's testimony and emails are "perfectly consistent."

16   Mot. at 9. But Apple never explains the apparent inconsistency. Instead, Apple quickly

17   pivots to arguing the inconsistency is "best addressed" by Perica. *Id.* Apple never

18   explains why Masimo must rely exclusively on Perica's faulty testimony. The Special

19   Master correctly found Perica's inconsistent testimony supports deposing Cook. *See* Ex.

20   68 at 10; *see also Alves v. Riverside Cnty.*, 2021 WL 3598728, at *5 (C.D. Cal. Apr. 9,

21   2021) (apex deposition warranted where others provided "contradictory testimony").

22   Apple argues *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *8 (N.D.

23   Cal. May 9, 2011), held that inconsistent testimony is not sufficient to justify a

24   deposition. Mot. at 9. The facts of *Affinity Labs* are nothing like this case. There, the

25   plaintiff attempted to depose Steve Jobs because a witness testified in a manner that was

26   allegedly inconsistent with Jobs' public statements about a "groundbreaking" product.

27   *Id.* The Court found the alleged inconsistencies were "manufactured differences" and

28   the witness merely disagreed with counsel's paraphrasing. *Id.* Here, Masimo is not

-8-

1   "manufacturing" any inconsistency.  The emails show ███████████████████

2   ███████████████████████████████████████ Masimo should be allowed

3   to present Cook's view on this topic to the jury, as the jury would expect.

**2.   Cook's Knowledge About Apple Recruiting Masimo's Employees**

5   ██████████████████████████████████████████████████

6   █████████████████████████████████████████████████████

7   ████████████████████████████████████████

8   After  Apple  hired  O'Reilly,  Cercacor's  Chief  Technical  Officer  (Marcelo

9   Lamego) wrote directly to Cook at 1:00 am offering to solve Apple's patient monitoring

10  problems based on his extensive experience at Masimo and Cercacor.  Ex. 33 at -008,

11  -009. ████████████████████████████████████████

12  █████████████████████████████████████████████████████

13  █████████████████████████████████████████████████████

14  ██████████████████████████████████████████ Apple hired

15  Lamego. ███████████████████████████████████████████

16  █████████████████████████████████████████████████████

17  ██████  which Apple withheld until the last day of discovery, preventing Masimo from

18  asking Lamego or others about them.

19  Apple  attempts  to  marginalize  Cook's  involvement  by  claiming  ████████

20  █████████████████████████████████████████████████████

21  █████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████

23  █████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████

25  ████████████████████████████ Such facts are nothing like

26  the facts in the case on which Apple relies.  *See In re Yosemite Nat'l Park Hantavirus*

27  *Litig.*, 2017 WL 2861162, at *3 (N.D. Cal. July 5, 2017) (executive was required to

28  approve the project as a "corporate formality" but had "no oversight" beyond funding).

Apple also argues Masimo need not depose Cook because ███████████████ ███████████████████████████████████████████████████████████ ██████████████████████ But, like Perica's testimony, O'Reilly's testimony contradicts the contemporaneous documents. ██████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████ O'Reilly's inconsistent testimony justifies deposing Cook. *See Alves*, 2021 WL 3598728, at *5.  Masimo cannot obtain the information elsewhere ███████████████████████████████████.[4]

Apple next attempts to downplay Cook's involvement with Lamego by arguing ████████████████████████████████████████████ But Judge Early already rejected the argument that, "Oh, he just forwarded it on for other people, without any comment." Ex. 25 at 36-38.  Judge Early held:

> Mr. Cook is knowledgeable about the facts, because he didn't just send it to his assistant and say, "I don't know what this is, deal with it."  And sometimes saying nothing is saying a lot . . . Sometimes when the CEO of the world's largest company forwards, without comment, an email about an unsolicited email from the chief technology officer from a competitor or potential competitor to the head of HR and the head of the Health Sciences Division, that speaks loudly, even if there isn't anything written in text in the email.

*Id.* at 38:3-13.  Other documents produced after Judge Early's order ████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

---

[4] Apple argues Masimo could have asked Sellers ██████████████████████ ███████████████████████████████████████████████ Apple does not explain why Masimo should have to accept whatever hearsay Sellers may have heard (if admissible).

1

2

3

4

5         Such testimony supports deposing Cook.  *See Alves*, 2021 WL 3598728 at *5.

6              Apple also argues Cook's knowledge of the Lamego-Cook email is "duplicative"

7  of Williams' knowledge.  Mot. at 11.  As discussed, that argument lacks merit.  *See* Ex.

8  C at 6 (citing *First Nat'l Mortg.*, 2007 WL 4170548, at *2).  Indeed, Williams testified

9

10         It would certainly be relevant if Cook saw Lamego's offer as an

11  opportunity to learn about Masimo's trade secrets.  Masimo is entitled to know what

12  Cook did and why.

13              Failing to rebut Masimo's showing, Apple argues two cases held the "transmittal

14  and receipt" of letters is not sufficient to permit an apex deposition.  Mot. at 11.  But

15  those cases addressed documents that had "at best marginal relevance."  *Celorio v.*

16  *Google Inc.*, 2012 WL 12861605, at *2 (N.D. Fla. Nov. 19, 2012); *see also Abarca v.*

17  *Merck & Co.*, 2009 WL 2390583, at *5 (E.D. Cal. Aug. 3, 2009).  Here, Judge Early

18  found the Lamego-Cook email is highly relevant and Cook's actions "speak[] loudly."

19  Ex. 25 at 38.  And Apple itself has argued a deposition is justified when a witness simply

20  "[a]uthored or received relevant correspondence."  Ex. C at 5 (citing *DR Sys., Inc. v.*

21  *Eastman Kodak Co.*, 2009 WL 2973008, at *6 (S.D. Cal. Sept. 14, 2009)).

22              Apple also cites *Pinn, Inc. v. Apple, Inc.*, 2021 WL 4775969, at *2 (C.D. Cal.

23  Sept. 10, 2021), which concerned a request that Adrian Perica testify at trial in another

24  case.  However, unlike Cook here, Perica had no relevant information in that case.  The

25  Court found Perica merely responded to a "cold call email" by "stating only 'Thanks for

26  reaching out, but this is a pass for us.'"  *Id.*  And Perica's involvement was so peripheral

27  that the plaintiff in that case never even sought to depose him during discovery.  *Id.*  The

28  facts in *Pinn* are nothing like the facts here.

In a footnote, Apple argues the Special Master's order was "overbroad" because it refers to recruiting "Masimo employees" in general instead of just Lamego and O'Reilly.  Mot. at 9, n.3.  Apple did not explain its position and should not be permitted to do so in reply when Masimo cannot respond.  Masimo's claims focus on O'Reilly and Lamego providing trade secrets to Apple, but Apple's recruiting efforts in general are relevant to other issues.  Indeed, ███████████████████████████ ████████ is relevant to willfulness and whether Apple "knew or had reason to know" it was obtaining Masimo's trade secrets.  Cal. Civ. Code §§ 3426.1(b)(2)(B) & 3426.3(c).

### 3. Cook's Knowledge About Relevant Apple Health Strategies

Cook has said health will be Apple's "greatest contribution."  Exs. 48-50.  Apple's documents show ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  Thus, Cook is the only other person who could possibly answer Masimo's questions.

Apple argues allowing a deposition on "general" strategy topics would "require an apex witness to be deposed in every case that touches on the company's business."  Mot. at 13 (citing *Arminak v. Arminak & Assoc., LLC*, 2017 WL 10402987, at *6 (C.D. Cal. Mar. 30, 2017)).  But Masimo is not seeking generic information about corporate policies.  Masimo properly seeks Cook's first-hand knowledge of specific strategies, including ████████████████████████████████████████████████████ ██████████████ Cook is the only source of such information.

Apple also misquotes *Arminak* as supposedly rejecting a deposition on "corporate-wide decisions, policies and business plans."  That language came from the executive's description of his responsibilities. *Arminak*, 2017 WL 10402987, at *6.  The

1   Court rejected the deposition because the executive had no personal knowledge. *Id.*

2   Moreover, Apple itself has argued a witness's "hands-on involvement" with "issues

3   related to corporate policy" is sufficient to permit a deposition. Ex. C at 5 (citing *Google*

4   *Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 (N.D. Cal. Sept.

5   6, 2006)).

6        Apple also argues that Masimo need not depose Cook because it deposed

7   Williams who "has overseen Apple's healthcare strategy, including introduction of

8   Apple Watch." Mot. at 13. But ███████████████████████████████████████

9   █████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████ Apple also argues

11  Mistri testified as a corporate witness on the topic. Mot. at 13. Mistri admitted ████

12  █████████████████████████████████████████████████████████████████████

13  ██ █████████████████████████████████████████████████████████████████

14  █████████████████████████████████████████████████████████████████████

15  █████████████████████████████ The jury would expect to hear directly from

16  Cook on this issue.

**C.    Apple Presents No Evidence On Proportionality**

18       Apple claims a short three-hour deposition is not proportional because Cook

19  would have to "set aside his numerous duties" to attend a deposition. Mot. at 6. Cook's

20  alleged "busy schedule" is insufficient to prevent a deposition. *See WebSideStory*, 2007

21  WL 1120567, at *2. And Apple presents no evidence to support its argument. ████

22  █████████████████████████████████████████████████████████████████████

23  ████████████████████████████ Surely, Cook can spend a few hours preparing

24  for and attending a deposition in a case with more than $1 billion is in dispute. If Apple

25  correctly represented Cook had little involvement, his preparation should be short.

26       Apple's attorney argument is also inconsistent with its repeated assertions that

27  proportionality supports extensive discovery from Masimo based on the amount in

28  controversy. *See, e.g.*, Dkt. 743-1 at 11. Apple has taken extensive discovery of

-13-

Masimo's executives, including by exceeding the 7-hour limit while deposing Masimo's CEO.   Ex. 61.   During that deposition, Apple did not mark a single Masimo contemporaneous document as an exhibit.   *Id.* at 5 (identifying six exhibits: 30(b)(6) topics, deposition notice, trade secret disclosure, and three Apple patents).   Instead, Apple demanded that Masimo's CEO provide Masimo's legal contentions.   *See, e.g.*, *id.* at 122-141 (demanding the witness identify Masimo's contentions as to the differences between patents and asserted trade secrets).   Apple did so even though the Special Master denied Apple's motion to compel a 30(b)(6) witness on contentions because asking a fact witness such questions was "unfair." *See* Dkt. 894 at 4-6.

In contrast, the Special Master ordered only a short three-hour deposition of Cook on three limited issues on which Cook had personal knowledge.   Such a deposition would reveal the extent to which Cook still has that personal knowledge.   The jury would expect to hear from Cook.   Even if Cook claims no memory of relevant issues, such testimony would still be important for the jury to hear.   Moreover, it would eliminate the possibility of the jury blaming Masimo for failing to present any testimony from Cook. The Special Master's order is more than reasonable and alleviates unfair prejudice to Masimo.   *See In re Apple Iphone Antitrust Litig.*, 2021 WL 485709 at *3 (ordering seven-hour deposition of Cook because he had relevant information).

**D.   This Dispute Is Timely And Should be Decided On The Merits**

Apple implies Masimo's request for Cook's deposition may be untimely.   Mot. at 3 (arguing "[d]iscovery closed on August 12, 2022" and "Plaintiffs nonetheless continued to insist upon Mr. Cook's deposition").   Apple does not directly argue timeliness, presumably because Apple knows it stipulated "[not to use] the timing of any later-filed motion to argue that [Masimo] unduly delayed or waived any right."   Ex. 1.

As Apple acknowledges, Masimo requested Cook's deposition in May 2022 when the parties first exchanged lists of deponents.   Mot. at 1-2.   Apple's June 2022 motion argued Masimo's request was premature and that Masimo should take other depositions first. Ex. A at 5.   Apple cited several cases in that motion (and in its Motion) prohibiting

apex depositions until ***after*** the party took other depositions. *See, e.g.*, *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 WL 811731, at \*1 (N.D. Cal. Mar. 2, 2011); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at \*5 (N.D. Cal. Jan. 25, 2007). Masimo properly followed the procedure outlined in these cases (and the parties' agreement) by taking other depositions and proceeding with Cook only if necessary.

**E.   Apple's Other Critiques Of The Special Master Order Lack Merit**

Apple argues the Special Master erred by relying solely on "three documents" that the Special Master incorrectly thought were sent "by Cook." Mot. at 3-4. Apple grossly mischaracterizes the order. The Special Master explained that he reviewed "Exhibits A through Z and AA through AL" and summarized his conclusions, including that Cook had sent relevant emails. Ex. 68 at 9:13-21. He then separately discussed "just one example" of a relevant issue and cited the three documents. *Id.* at 9:22-10:5. He never found the emails Apple cites were sent "by Cook," though █████████████████

█████████████████████████████████████████████

Similarly, Apple criticizes the Special Master for supposedly failing to consider other facts. Mot. at 4; *see also id.* at 8 ("a fact the Special Master failed to acknowledge"); *id.* at 9 ("Without analysis"); *id.* at 13 ("Again without analysis"). As discussed, the Special Master spent substantial time in a lengthy hearing where Apple attempted to supplement the record with a large slide presentation. The Special Master then provided a well-supported opinion. Apple's criticism is particularly unfair to the Special Master because the Special Master asked the parties if they would like more detailed orders and Apple responded it had "no specific feedback or opinion on the length of Your Honor's orders." Ex. D. Having given that response, Apple should not be allowed to now fault the Special Master for not providing enough detail.

## IV.   **CONCLUSION**

Accordingly, Masimo respectfully requests the Court overrule Apple's objections and allow a three-hour deposition of Cook on the topics identified by the Special Master.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 31, 2022                  By: /s/ Adam B. Powell
                                             Joseph R. Re
                                             Stephen C. Jensen
                                             Benjamin A. Katzenellenbogen
                                             Perry D. Oldham
                                             Stephen W. Larson
                                             Mark D. Kachner
                                             Baraa Kahf
                                             Adam B. Powell
                                             Daniel P. Hughes
                                             Justin J. Gillett

                                             Attorneys for Plaintiffs
                                             MASIMO CORPORATION and
                                             CERCACOR LABORATORIES, INC.

56519910

-16-