# EXHIBIT A

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# EXHIBIT B

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# EXHIBIT C

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES**<br><br>Date: February 28, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

**PUBLIC REDACTED VERSION**

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

Exhibit C
-45-

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

NOTICE OF MOTION AND MOTION ............................................................................... iv

RELIEF REQUESTED .......................................................................................................... iv

APPLE'S CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL
    PROCEDURE 37(A)(1) AND LOCAL RULE 37-1(A) ................................................... v

STATEMENT OF ISSUES TO BE DECIDED .................................................................. v

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      BACKGROUND ......................................................................................................... 2

      A.    Samsung's Apex Objections And Apple's Attempt To Resolve Them .................. 2

      B.    Apple Has Produced Its Own Comparable "High Level" Employees For
           Deposition .............................................................................................................. 3

II.    LEGAL STANDARDS ............................................................................................... 4

      A.    Overarching Standards For Resisting Depositions Of "Apex" Witnesses ............. 4

      B.    Standards For Finding That A Witness Has Unique, Firsthand, Non-
           Repetitive Knowledge of the Facts at Issue ........................................................... 5

      C.    Standards For Finding That The Party Seeking The Deposition Has
           Exhausted Less Intrusive Discovery Methods ........................................................ 6

III.   ARGUMENT ................................................................................................................ 7

      A.    Apple Seeks To Depose Witnesses Who Have Knowledge That Samsung
           Considered, And Deliberately Copied, Apple's Products In Developing
           The Accused Products .............................................................................................. 8

           3.    Apple Is Entitled To Depose Samsung's Personnel Who Oversaw
               Product Strategy And Design For The Accused Products ....................... 12

           4.    Apple is Entitled To Depose Samsung Employees Who Oversaw
               The Development Of The Features That Apple Contends Infringe
               Its Utility Patents ..................................................................................... 13

      B.    Apple Is Entitled To Depose Samsung Employees Knowledgeable About
           Apple's Damages Claims ........................................................................................ 14

      C.    Apple Is Entitled To Depose Witnesses With Knowledge Related To
           Apple's Defenses To Samsung's Counterclaims .................................................. 16

      D.    Samsung Has Frustrated Apple's Other Efforts To Obtain This Information ...... 20

IV.   CONCLUSION ........................................................................................................... 23

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES       i
CASE NO. 11-CV-01846-LHK
sf-3108163

Exhibit C
-46-

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3 **CASES**

4 *Affinity Labs of Tex. v. Apple Inc.,*
   No. C 09-4436 CW (JL),

5  2011 U.S. Dist. LEXIS 53649 (N.D. Cal. May 9, 2011) ........................................................ 7

6 *Blankenship v. Hearst Corp.,*

7   519 F.2d 418 (9th Cir. 1975)..................................................................................................... 6

8 *Dobson v. Twin City Fire Ins. Co.,*
   No. SACV 11-192-DOC,

9  2011 U.S. Dist. LEXIS 143042 (C.D. Cal. Dec. 12, 2011) .................................................... 7

10 *DR Sys., Inc. v. Eastman Kodak Co.,*
    No. 08cv669-H (BLM),

11  2009 U.S. Dist. LEXIS 83755 (S.D. Cal. Sept. 14, 2009) .............................................. 5, 7, 9

12 *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust,*
    No. C 03-02013 RMW (RS),

13  2007 U.S. Dist. LEXIS 88625 (N.D. Cal. Nov. 19, 2007)................................................. 6, 20

14 *First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.,*

15   No. C-95-2243 DLJ,

16  1995 U.S. Dist. LEXIS 22469 (N.D. Cal. Sept. 19, 1995) .................................................... 11

17 *Google Inc. v. Am. Blind & Wallpaper Factory,*
    No. C 03-5340 JF (RS),

18  2006 U.S. Dist. LEXIS 67284 (N.D. Cal. Sept. 6, 2006) ................................................... 5, 15

19 *In re Chase Bank USA, N.A. "Check Loan Contract Litig.,"*
    No. 3:09-md-2032 MMC (JSC),

20  2011 U.S. Dist. LEXIS 127259 (N.D. Cal. Nov. 3, 2011)................................................. 7, 23

21 *In re Google Litigation,*

22   No. C 08-03172 RMW (PSG),
    2011 U.S. Dist. LEXIS 120905 (N.D. Cal. Oct. 19, 2011)................................................. 4, 7

23 *In re Nat'l W. Life Ins. Deferred Annuities Litig.,*

24   No. 05-CV-1018-AJB (WVG),

25  2011 U.S. Dist. LEXIS 37746 (S.D. Cal. Apr. 6, 2011) ...................................................... 5, 9

26 *In re NCAA Student-Athlete Name & Likeness Litig.,*
    No. 09-cv-01967 CW (NC),

27  2012 U.S. Dist. LEXIS 6461 (N.D. Cal. Jan. 20, 2012) ....................................................... 21

28

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

ii

Exhibit C
-47-

*Kennedy v. Jackson Nat'l Life Ins. Co.,*
   No. C. 07-0371 CW (MEJ),
   2010 U.S. Dist. LEXIS 47866 (N.D. Cal. Apr. 22, 2010) ........................................ 4, 6, 16, 22

*Mansourian v. Bd. of Regents of the Univ. of Cal. at Davis,*
   No. CIV S-03-2591 FCD EFB,
   2007 U.S. Dist. LEXIS 95428 (E.D. Cal. Dec. 21, 2007) ........................................ 7

*Nike, Inc. v. Wal-Mart Stores, Inc.,*
   138 F.3d 1437 (Fed. Cir. 1998) ........................................ 15

*Oracle America Inc. v. Google Inc.,*
   No. C-10-03561-WHA (DMR),
   2011 U.S. Dist. LEXIS 79465 (N.D. Cal. July 21, 2011) ........................................ 7, 22

*Ray v. Bluehippo Funding,*
   LLC, No. C-06-1807 JSW (EMC),
   2008 U.S. Dist. LEXIS 92821 (N.D. Cal. Nov. 6, 2008) ........................................ 7

*Rite-Hite Corp. v. Kelley Corp.,*
   56 F.3d 1538 (Fed. Cir. 1995) ........................................ 14

*Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.,*
   No. CV 08-635 CAS,
   2009 U.S. Dist. LEXIS 111938 (C.D. Cal. Nov. 16, 2009) ........................................ 10

*Rolscreen Co. v. Pella Products of St. Louis, Inc.,*
   145 F.R.D. 92 (S.D. Iowa 1992) ........................................ 5, 8, 12

*Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.,*
   203 F.R.D. 98 (S.D.N.Y. 2001) ........................................ 6

*WebSideStory Inc. v. NetRatings, Inc.,*
   No. 06cv408 WQH (AJB),
   2007 U.S. Dist. LEXIS 20481 (S.D. Cal. Mar, 22, 2007) ........................................ 5, 6, 21

**STATUTES**

15 U.S.C. § 1117 ........................................ 15

35 U.S.C.
   § 284 ........................................ 15
   § 289 ........................................ 14, 15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37 ........................................ i, ii, 3

Rule 30(b)(6) ........................................ 6, 21

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

iii

Exhibit C
-48-

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 28, 2012 at 10 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order pursuant to Federal Rule of Civil Procedure 37(a) & (d) compelling the depositions of Samsung Electronics Co., Ltd.'s ("SEC"), Samsung Electronics America, Inc.'s, and Samsung Telecommunications America's, LLC (collectively, "Samsung's") witnesses listed below.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Mia Mazza in Support of Apple's Motion to Compel the Depositions of 14 of Samsung's Purported "Apex" Witnesses ("Mazza Decl.") and exhibits attached thereto; the Declaration of S. Calvin Walden in Support of Apple's Motion to Compel the Depositions of 14 of Samsung's Purported "Apex" Witnesses; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37 and 30, and the Court's inherent authority, Apple seeks an order compelling dates for the depositions of the following 14 Samsung witnesses, and compelling that the witnesses appear for depositions in the Bay Area:



APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

iv

Exhibit C
-49-

1

2

3

4

5

6

7

**APPLE'S CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(A)(1) AND LOCAL RULE 37-1(A)**

8

9      In accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1(a),

10 Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the

11 discovery described immediately above without court action. Apple's efforts to resolve this

12 discovery dispute without court intervention are described in the Mazza Declaration and exhibits

13 attached thereto, submitted concurrently herewith.

14

**STATEMENT OF ISSUES TO BE DECIDED**

15      Whether the 14 Samsung witnesses listed above, who were served with proper notice,

16 must attend and testify at depositions in the Bay Area.

17

18

19 Dated: February 16, 2012         MORRISON & FOERSTER LLP

20

21                By:   */s/ Michael A. Jacobs*

                         Michael A. Jacobs

22

23                  Attorneys for Plaintiff

                 APPLE INC.

24

25

26

27

28

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

v

Exhibit C
-50-

**MEMORANDUM OF POINTS AND AUTHORITIES**

It is self-evident that Samsung's accused products look like Apple's products. This motion seeks to compel depositions of Samsung witnesses who know *why* that is so ██████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████ Samsung recently produced documents showing that those witnesses ██████████████████████████████████
███████████████████████████████████ The witnesses have relevant and likely inculpatory information supporting Apple's claims that Samsung deliberately copied Apple's products. Apple is entitled to obtain their testimony.

Samsung has refused to produce these witnesses for deposition, asserting that each witness has "no relationship to the accused products or the patents-in-suit other than their place atop Samsung's organization hierarchy." This is a baseless objection that bears no relationship to the reality reflected in documents that ████████████████████████████████
███████████ Samsung's refusal to produce these witnesses for deposition may reflect its recent tactics to delay discovery with hopes of extending case deadlines, or may be designed to prevent Apple from discovering inculpatory testimony. Whatever Samsung's underlying reasons, it has no legitimate basis to prevent these depositions from going forward.

Samsung also has refused to produce witnesses with key marketing and financial information about Samsung's accused products, which is directly related to Apple's damages claims, as well as witnesses with information about Samsung's licensing of the patents at issue in Samsung's counterclaims, which is essential to Apple's defense of these claims. In all, Samsung has refused to produce *14 witnesses* on "apex" grounds, with less than a month until the discovery deadline.

The apex deposition rule that Samsung invokes allows courts to prevent harassment of top corporate officials at the "apex" of the organization who lack knowledge about a case. Samsung turns the rule on its head, having claimed apex protection for a broad range of employees—not only the 14 witnesses at issue in this motion but another 9 witnesses no longer at issue—who

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

1

Exhibit C
-51-

certainly are not all at the apex of Samsung.  Indeed, Apple has allowed Samsung to depose numerous high-level Apple employees—with similar titles or positions to some of those at issue in this motion.

Regardless of title, the apex rule does not shield from deposition even the highest officials where, as here, they have unique, firsthand, non-repetitive knowledge of facts and events central to the litigation.  Thus, even Gee Sung Choi, the President and CEO of SEC, is subject to deposition because he has been deeply involved in key issues in this case.  As but one example, according to Samsung's recently-produced documents, █████████████████████████ █████████████████████████████████████████████████████████████ ████████████████████

Samsung has no valid basis for preventing any of these depositions.  Thus, Apple respectfully requests an order compelling Samsung to make the 14 witnesses available for deposition.  Apple further requests an order requiring that the depositions take place in the Bay Area, so that Apple is not forced at this late date to send teams of attorneys to Korea for double- or triple-track depositions, with the March 8 discovery cut-off looming, when Apple could have taken those depositions in an orderly fashion had Samsung not asserted its baseless objections.

## I.    BACKGROUND

### A.    Samsung's Apex Objections And Apple's Attempt To Resolve Them

Between December 6, 2012, and January 28, 2012, Apple timely served written notices of the 14 depositions at issue here.  (Mazza Decl. ¶ 3, Ex. 1.)  Apple served each notice at least 10 days before the scheduled deposition, and served many of the notices more than 30 days before the scheduled deposition.  (*Id*. ¶ 4, Ex. 1.)  All depositions were set to occur before the March 8, 2012 discovery cutoff, and were set for dates when Apple's attorneys would be in Korea taking other depositions.  (*See id*.)

Samsung objected to some of the 14 depositions in January 2012 and others on February 2, but did not always object on the basis that the witnesses were apex employees.  (Mazza Decl. ¶ 5, Exs. 2-3.)  On February 3, Samsung sent a letter asking Apple to justify why Apple could depose these, and 9 other, "high-ranking Samsung executives."  (*Id*. ¶ 6, Ex. 4.)

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

2

Exhibit C
-52-

Samsung asserted, without support, that "these depositions are highly unlikely to lead to the discovery of relevant information" because none of the witnesses has "unique personal knowledge that is relevant to this case, and no relationship to the accused products or the patents-in-suit other than their place atop Samsung's organization hierarchy." (*Id.*) Samsung also claimed that "Apple has not exhausted other means for obtaining whatever information these individuals possess[.]" (*Id.*)

Apple raised Samsung's objections at the February 6 lead trial counsel meet and confer but the parties could not resolve their differences. (Mazza Decl. ¶ 7.) Instead, Samsung asked Apple to send a letter providing more information as to why Apple should be permitted to depose the witnesses. (*Id.*) On February 9, Apple sent a detailed, thirteen-page letter containing a witness-by-witness summary outlining each witness's involvement with issues in this case and referenced documents that showed the witnesses' connection to issues. (*Id.* ¶ 8, Ex. 5.) Apple subsequently withdrew its notices for six of the witnesses, leaving 17 at issue. (*Id.* ¶ 9.) The parties thereafter exchanged another round of correspondence and Apple raised the issue again at the next-scheduled lead trial counsel meet and confer, which took place on February 14 and 15. (*Id.* ¶ 10, Exs. 6-7.) On February 15, Samsung withdrew its objections to three witnesses, but continued to refuse to produce 14 witnesses for deposition. (*Id.* ¶ 11.) During the February 15 meeting, counsel for Samsung acknowledged Apple's intent to move to compel the depositions of the remaining 14 purported "apex" witnesses, and stated that Samsung intended to move for a protective order to prevent Apple from deposing those 14 witnesses. (*Id.*) Thus, Apple "has in good faith conferred or attempted to confer" with Samsung "in an effort to obtain [the depositions] without court action." Fed. R. Civ. P. 37(a)(1). (*See* Mazza Decl. ¶¶ 7–10.)

## B. Apple Has Produced Its Own Comparable "High Level" Employees For Deposition

In contrast to Samsung's approach, Apple has permitted Samsung to depose numerous high-level Apple employees. (Mazza Decl. ¶¶ 12-13.) Apple produced (or is scheduled to produce) three of its nine most senior executives—Scott Forstall, Jonathan Ive, and Phil Schiller, the most senior individuals in the iOS Software, Industrial Design, and Marketing groups,

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

3

Exhibit C
-53-

Case 8:20-cv-00048-JVS-JDE Document 97-5 Filed 01/22/21 Page 10 of 35 Page ID
#:61450
Case 5:11-cv-01846-LHK Document 1535-2 Filed 08/01/12 Page 13 of 29

respectively.  (*Id.* ¶ 12.)  Apple has also allowed Samsung to depose many other senior

executives, vice presidents, and directors (the same ranks as most of Samsung's witnesses at issue

in this motion).  (*Id.* ¶ 13.)

## II.    LEGAL STANDARDS

### A.    Overarching Standards For Resisting Depositions Of "Apex" Witnesses

This Court recently addressed the "heavy burden" that must be satisfied when a party

seeks to prevent discovery, and the factors that a court should consider in determining whether to

prevent an apex deposition:

> A party seeking to prevent a deposition carries a heavy burden to
> show why discovery should be denied.  When the party seeks the
> deposition of a high-level executive (a so-called "apex" deposition),
> the court may exercise its discretion under the federal rules to limit
> discovery.   In determining whether to allow an apex deposition,
> courts consider (1) whether the deponent has unique first-hand,
> non-repetitive knowledge of the facts at issue in the case and (2)
> whether the party seeking the deposition has exhausted other less
> intrusive discovery methods.  Absent extraordinary circumstances,
> it is very unusual for a court to prohibit the taking of a deposition.
> Additionally, when a witness has personal knowledge of facts
> relevant to the lawsuit, even a corporate president or CEO is subject
> to deposition.  A claimed lack of knowledge, by itself, is
> insufficient to preclude a deposition.  Moreover, the fact that the
> apex witness has a busy schedule is simply not a basis for
> foreclosing otherwise proper discovery.

*In re Google Litigation*, No. C 08-03172 RMW (PSG), 2011 U.S. Dist. LEXIS 120905, at *10

(N.D. Cal. Oct. 19, 2011) (internal quotations and citations omitted) (allowing deposition of

Google CEO Larry Page and denying deposition of President Sergey Brin without prejudice to

further motion to compel).  "[W]here the testimony of lower level employees indicates that the

apex deponent may have some relevant personal knowledge, the party seeking protection will not

likely meet the high burden necessary to warrant a protective order."  *Kennedy v. Jackson Nat'l*

*Life Ins. Co.,* No. C. 07-0371 CW (MEJ), 2010 U.S. Dist. LEXIS 47866, at *7 (N.D. Cal.

Apr. 22, 2010) (testimony of defendant's 30(b)(6) witness showed that its CEO had relevant

personal knowledge).

The apex rule is not a blunt instrument that allows a party to prevent depositions based on

job title.  "The apex deposition principle is not an automatic bar that [the deposition-seeking

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

4

Exhibit C
-54-

party] must overcome by a showing of good cause.  Rather, it is a protective tool that is selectively employed on a case by case basis when deemed appropriate."  *In re Nat'l W. Life Ins. Deferred Annuities Litig.,* No. 05-CV-1018-AJB (WVG), 2011 U.S. Dist. LEXIS 37746, at *13 n.2 (S.D. Cal. Apr. 6, 2011).

### B.    Standards For Finding That A Witness Has Unique, Firsthand, Non-Repetitive Knowledge of the Facts at Issue

Where a witness was the ultimate decision-maker or participated in a relevant decision-making process, courts do not hesitate to find that the witness has the knowledge necessary to justify a deposition.  *See, e.g., In re Nat'l W. Life Ins. Annuities Litig.,* 2011 U.S. Dist. LEXIS 37746, at *7-9 (allowing depositions where witnesses played central decision-making roles and had "ultimate authority" to take action).  As the court explained in *Rolscreen Co. v. Pella Products of St. Louis, Inc.,* No. 4-91-CV-70766, 145 F.R.D. 92 (S.D. Iowa 1992), although an apex witness's testimony "may prove to be duplicative in some respects from that provided by lower ranking executives, individuals with greater authority may have the final word on why a company undertakes certain actions, and the motives underlying those actions." *Id.* at 97.

Courts have also found the requisite knowledge where the witness:

- Had hands-on involvement with a relevant issue, including issues related to corporate policy, *see, e.g., Google Inc. v. Am. Blind & Wallpaper Factory*, No. C 03-5340 JF (RS), 2006 U.S. Dist. LEXIS 67284, at *9-10 (N.D. Cal. Sept. 6, 2006) (allowing deposition of Larry Page based on personal involvement in changing Google's trademark policies);

- Performed a relevant analysis, *see, e.g., WebSideStory Inc. v. NetRatings, Inc.,* No. 06cv408 WQH (AJB), 2007 U.S. Dist. LEXIS 20481, at *12-13 (S.D. Cal. Mar, 22, 2007) (allowing deposition where another witness identified apex witness as one of two people to have performed analysis relevant to damages);

- Authored or received relevant correspondence, *see, e.g., DR Sys., Inc. v. Eastman Kodak Co.,* No. 08cv669-H (BLM), 2009 U.S. Dist. LEXIS 83755, at *9 (S.D. Cal. Sept. 14, 2009) (allowing deposition where apex witness had discussed important letter with CFO and did not direct CFO to investigate letter's allegation of patent infringement, and allowing deposition of

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

5

Exhibit C
-55-

another apex witness who authored letter);

- Participated in discussions or meetings regarding a relevant topic, *see, e.g., Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 103 (S.D.N.Y. 2001) (allowing deposition where CEO took part in relevant board of directors meeting and discussions); and

- May otherwise have been a percipient witness to important events, *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (plaintiff entitled to depose newspaper publisher who "may have had knowledge" about key letter).

Numerous courts have also noted that "[t]he mere fact . . . that other witnesses may be able to testify as to what occurred at a particular time or place does not mean that a high-level corporate officer's testimony would be 'repetitive.'  Indeed, it is not uncommon for different witnesses to an event to have differing recollections of what occurred." *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, No. C 03-02013 RMW (RS), 2007 U.S. Dist. LEXIS 88625, at *7 (N.D. Cal. Nov. 19, 2007) (allowing deposition where testimony of lower-level employees suggested apex witness "may have at least *some* relevant personal knowledge").

### C. Standards For Finding That The Party Seeking The Deposition Has Exhausted Less Intrusive Discovery Methods

Courts regularly find that less intrusive discovery methods have been exhausted where the party seeking discovery has already deposed lower-level employees or conducted written discovery, but has been unable to obtain the desired information.  *See, e.g., Kennedy*, 2010 U.S. Dist. LEXIS 47866, at *3-4, 7-8 (plaintiff already deposed lower-level employee as Rule 30(b)(6) witness); *First Nat'l Mortg.*, 2007 U.S. Dist. LEXIS 88625, at *7 (plaintiff already deposed lower-level employees).

Less intrusive methods have also been exhausted where the opposing party prevents the discovery of relevant information through other sources.  In *WebSideStory*, for example, the court rejected a failure-to-exhaust argument as "disingenuous," because the plaintiff had delayed a Rule 30(b)(6) deposition by failing to designate a witness in response to the defendant's notice. *WebSideStory*, 2007 U.S. Dist. LEXIS 20481, at *14-15.

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

6

Exhibit C
-56-

1    Finally, and importantly, some courts have acknowledged that less intrusive discovery

2    methods *may not exist* when the apex witness personally participated in events at issue.  *See*

3    *Oracle America Inc. v. Google Inc.,* No. C-10-03561-WHA (DMR), 2011 U.S. Dist. LEXIS

4    79465, at *6-7 n.1 (N.D. Cal. July 21, 2011) (because CEO Larry Page likely participated in

5    decision-making regarding critical licensing negotiations, less intrusive discovery methods were

6    exhausted); *In re Chase Bank USA, N.A. "Check Loan Contract Litig.",* No. 3:09-md-2032 MMC

7    (JSC), 2011 U.S. Dist. LEXIS 127259, at *11 (N.D. Cal. Nov. 3, 2011) (because apex witness

8    was directly involved in key decision and may have information unknown to other deponents or

9    different recollections, less intrusive discovery methods were exhausted).  This is because the

10   desired information "is specific and unique to [the apex witness] and his involvement in" the

11   relevant events.  *Id.* at *12.  Any "less burdensome" source "would be a poor substitute for [the

12   apex witness's] testimony regarding his own personal knowledge and actions."  *Mansourian v.*

13   *Bd. of Regents of the Univ. of Cal. at Davis*, No. CIV S-03-2591 FCD EFB, 2007 U.S. Dist.

14   LEXIS 95428, at *10 (E.D. Cal. Dec. 21, 2007) (allowing deposition).

15   **III.    ARGUMENT**

16   The "extraordinary circumstances" that may warrant a court "to prohibit the taking of a

17   deposition" are absent here.  *In re Google*, 2011 U.S. Dist. LEXIS 120905, at *10.  The apex

18   deposition doctrine is designed "to prevent harassment of a high-level corporate official where he

19   or she has little or no knowledge."  *Ray v. Bluehippo Funding*, LLC, No. C-06-1807 JSW (EMC),

20   2008 U.S. Dist. LEXIS 92821, at *6 (N.D. Cal. Nov. 6, 2008).  Apple assuredly has not sought to

21   harass any witness (and Samsung has not suggested otherwise).

22   Further, the doctrine protects "an official at the *highest level* or 'apex' of a corporation."

23   *DR Sys., Inc.,* 2009 U.S. Dist. LEXIS 83755, at *5 (emphasis added); *see also Affinity Labs of*

24   *Tex. v. Apple Inc.,* No. C 09-4436 CW (JL), 2011 U.S. Dist. LEXIS 53649 (N.D. Cal. May 9,

25   2011) (affording apex protection to former Apple CEO Steve Jobs).  Samsung paints with far too

26   broad a brush, having characterized as apex witnesses not only the 14 witnesses at issue in this

27   motion but also 9 others no longer at issue, based on their titles as director of a division or vice

28   president.  Such labels are not sufficient.  *See Dobson v. Twin City Fire Ins. Co.,* No. SACV 11-

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

7

Exhibit C
-57-

1  192-DOC (MLGx), 2011 U.S. Dist. LEXIS 143042, at *16 (C.D. Cal. Dec. 12, 2011) (court

2  refused to infer that Vice President of Claims was "an apex witness based solely on his title as

3  Vice President of Claims").  And Apple has allowed depositions of employees with comparable

4  titles, including Vice Presidents for Product Marketing (iPad), iPod/iPhone Product Design, and

5  Software Engineering (iOS Apps & Frameworks).  (Mazza Decl. ¶ 13.)  Moreover, Samsung is

6  inconsistent about who is an apex employee, having recently claimed apex protection for a vice

7  president, even though Samsung previously produced for deposition that "apex" witness's

8  supervisor.  (*See id.* ¶ 14, Ex. 54.)

9  Finally, as developed below, Samsung is flat wrong in asserting that these witnesses have

10  no connection to the issues "other than their place on top of the organization's hierarchy."

11  (Mazza Decl. Ex. 6)  Samsung's own documents and witnesses contradict its bald assertion.  *See*

12  *Rolscreen*, 145 F.R.D. at 97 ("Rolscreen's mere incantation of [the witness's] status as president

13  and his claim of limited knowledge cannot be a basis for insulating [the witness] from appropriate

14  discovery").

15  **A.** **Apple Seeks To Depose Witnesses Who Have Knowledge That Samsung Considered, And Deliberately Copied, Apple's Products In Developing The Accused Products**

16

17  ███████████████████████████████████████████

18  ███████████████████████████████████████████

19  ████████████████████████████████  For example, in the

20  months before Samsung launched the accused Galaxy S smartphones, █████████████

21  ███████████████████████████████████████

22  ███████████████████████████  (Mazza Decl. Ex. 9 at

23  ████████████████████████████████████

24  █████████████████████████████████

25  █████████████████████████  (*Id*. Ex. 8 at ███████

26  ███████████████████████████████████████████

27  ████████████████████████████████

28  ███████  As set forth in the ██████████████████████████

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

8

Exhibit C
-58-



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15        Apple is entitled to depose the witnesses who

16

17        *See, e.g., In re Nat'l W.*

18 *Life Ins. Annuities Litig.,* 2011 U.S. Dist. LEXIS 37746, at *7 (allowing deposition of executives

19 closely involved in details and "possible prime architects" of financial instrument at issue); *DR*

20 *Sys.,* 2009 U.S. Dist. LEXIS 83755, at *9 (allowing deposition of apex witness who had

21 discussed important letter with CFO and did not direct CFO to investigate letter's allegation of

22 patent infringement).

23

24

25        Gee Sung Choi, who has been President and CEO of SEC since 2009,

26

27

28        In 2007, when the first infringing Galaxy

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-cv-01846-LHK
sf-3108163

9

Exhibit C
-59-

products were launched, Choi was the President of the Telecommunications Network Business. *See* http://www.samsung.com/hk_en/aboutsamsung/management/boardofdirectors.html.  On March 5, 2011—just days after Apple announced the new iPad 2— ███████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████████

███████████████████████████████████████

████████████████████████ *See Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.,* No. CV 08-635 CAS (AJWx), 2009 U.S. Dist. LEXIS 111938, at *20 (C.D. Cal. Nov. 16, 2009) (allowing deposition of executive who "was actively involved" in decision central to litigation).

███████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████████

████████████████████████████████████████

██████████████████████

██ ████████████████████████

████████████████████████

███████████████████████████████

█████████████████████████████

███████████████████████████

████████████████████████████

██████████████████████████

████████████████████████

███████████████████████████████

███████████████████████████████

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

10

Exhibit C
-60-



1

2

3

4

5

6

7

8

9

10

11

12 _see also_ Exs. 15-16 ("Galaxy Nexus designed to bypass Apple

13 patents: Samsung mobile chief" and "Samsung Decides Galaxy Nexus Was Not Actually

14 Designed to Avoid Apple Patents").)  He also

15

16

17

18

19

20

21

22

23

24

25 _See First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.,_

26 No. C-95-2243 DLJ, 1995 U.S. Dist. LEXIS 22469, at *8 (N.D. Cal. Sept. 19, 1995) (allowing

27 deposition where apex witness approved relevant plan, participated in relevant decisions, received

28 relevant reports and might have issued directions to employees regarding relevant issues).

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

11

Exhibit C
-61-

3.     **Apple Is Entitled To Depose Samsung's Personnel Who Oversaw Product Strategy And Design For The Accused Products**

Apple needs to depose the Samsung employees who were responsible, at the strategic decision-making level, for the designs that Apple contends were copied from of Apple's products. These employees were in a position to ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ *See Rolscreen,*

Apple's Motion to Compel the Depositions of 14 of Samsung's Purported "Apex" Witnesses
Case No. 11-cv-01846-LHK
sf-3108163

12

Exhibit C
-62-

1    145 F.R.D. at 97 ("individuals with greater authority may have the final word on why a company

2    undertakes certain actions, and the motives underlying those actions.")

3    ███████████████████████████████████████████████████

4    ███████████████████████████████████████████████

5    ███████████████████████████████████████████████████

6    ███████████████████████████████████████████

7    ███████████████████████████████████████████████

8    ███████████████████████████████████████████████████

9    ███████████████████████████████████████████████████

10   ██████████████████████████████████████████████████

11   ███████████████████████████████████████████████████

12   ██████████████████████████████

13   **4.      Apple is Entitled To Depose Samsung Employees Who Oversaw The**

14   **Development Of The Features That Apple Contends Infringe Its Utility Patents**

15       Apple also should be permitted to depose the Samsung employees responsible for

16   developing the specific features that Apple contends infringe its utility patents.

17   ███████████████████████████████████████████████████

18   ██████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ███████████████████████████████████████████████

21   ██████████████████████████████████████████████

22   ██████████████████████████████████████████████

23   ██████████████████████████████████████████████████

24   ███████████████████████

25   ████████████████████████████████████████████████

26   ███████████████████████████████████████████████████

27   ███████████████████████████████████████████████████

28   ███████████████████████████████████████████████████

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

13

Exhibit C
-63-

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

### B.     Apple Is Entitled To Depose Samsung Employees Knowledgeable About Apple's Damages Claims

Apple contends Samsung has copied the look and feel of Apple's products, infringed Apple's patents, and marketed the resulting products to Apple's customers, causing Apple to lose money it would have earned and entitling Apple to obtain Samsung's profits under 35 U.S.C. § 289.  *See* 35 U.S.C. § 289 (entitling a patentee to the infringer's "total profit" following a finding of design patent infringement); *Rite-Hite Corp. v. Kelley Corp.,* 56 F.3d 1538, 1545 (Fed. Cir. 1995) (explaining that "the general rule for determining actual damages to a patentee . . . is to determine the sales and profits lost to the patentee because of the infringement").  Samsung Telecommunications America ("STA") is the wholly owned subsidiary of Samsung that markets and sells the accused products in the U.S. ████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████ There is no question that STA's sales, sales strategies, projections, marketing plans, and profits are all therefore relevant to the remedies that Apple seeks to prove in this case.  Nor is there any question that each of the witnesses identified below has unique information relevant to these questions.

██████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-cv-01846-LHK
sf-3108163

14

Exhibit C
-64-

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ████, and his work directing Samsung's marketing of the infringing products more broadly

5  renders Samsung's apex objection meritless.  *See, e.g., Google  Inc.* v. *Am. Blind*, 2006 U.S. Dist.

6  LEXIS 67284, at *9-10 (allowing CEO deposition based on involvement in policy accused of

7  giving rise to trademark infringement).

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ██████████████████████████████████

12 ██████████████████████████████████████████████

13 ██████████████████████████████████████████

14 ██████████████████████████████████████████

15 ████████████████████████████████████████

16 ██████████████████████████████████████████

17 ████    As such, he has unique knowledge of the financial position, profitability, and operations of

18 STA in relation to SEC, and is ████████████████████████████████

19 ██████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ██████████████████  which are key to Apple's case for damages under 35 U.S.C. §§ 284 and

22 289 and 15 U.S.C. § 1117.  *See Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1448 (Fed.

23 Cir. 1998) (noting that "an award of only the infringers' post-tax profits would leave [the

24 ─────────────────────

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████████████

27 ████████████████████████████████████████████████

28

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-cv-01846-LHK
sf-3108163

15

Exhibit C
-65-

1    infringers] in possession of their tax refunds, and that . . . cannot be their 'total profits' as

2    mandated by the statute").

3         Further, ███████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    *See Kennedy*, 2010 U.S. Dist. Lexis 47866, at *7 (allowing deposition of CEO identified as "main

10   decision-maker.")

11        **C.     Apple Is Entitled To Depose Witnesses With Knowledge Related To Apple's
12             Defenses To Samsung's Counterclaims**

13        Samsung is refusing to produce five witnesses who Apple believes have personal

14   knowledge of facts relevant to Apple's licensing and standards defenses.  By way of background,

15   Samsung seeks to enjoin Apple from practicing seven patents that Samsung claims are "essential"

16   for the UMTS telecommunications standard.  Testimony from these witnesses is relevant to

17   Apple's defenses and counterclaims based on Samsung breaches of commitments to ETSI (the

18   standards-setting body) and its members (like Apple) that fall into two broad categories:

19   Samsung's intentional and deceptive (i) failures to disclose its intellectual property rights (IPR)

20   that it now claims cover technologies in the UMTS standard and (ii) failures to disclose that it had

21   no intention to meet its FRAND commitments and then refusing to offer Apple FRAND licensing

22   terms.  ██████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████

25   █████████████████████████████████████████████████

26     ████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

16

Exhibit C
-66-



While Samsung objects to these five witnesses on "apex" grounds, Samsung has blocked Apple's attempts to identify alternative witnesses on these issues. Apple, on the other hand, has agreed to produce its two most senior licensing employees—B.J. Watrous and Boris Teksler— and its former senior director of patents Richard Lutton, all of whom have been or will be deposed in this matter (Walden Decl. ¶ 2). Despite its superior knowledge of its own organization, Samsung has done nothing to help Apple identify alternative employees to provide the testimony Apple seeks. In an effort to identify a group of deponents, Apple served Samsung with an interrogatory seeking the names of the five Samsung individuals with the most knowledge about the negotiations for and royalties received under Samsung's licenses with other parties for UMTS standards-essential patents, Samsung's IPR disclosure practices, and Samsung's actions in 3GPP standards setting organizations. (*Id.* ¶ 3.). Samsung provided not a single name in response. (*Id.*) Instead, Samsung objected and indicated that its investigation is ongoing, and it will supplement its response. (*Id.*) Apple is further hampered in identifying relevant witnesses by Samsung's failure even to begin producing documents relating to licensing and standards topics until after this Court ordered it to do so on January 27, 2012. (*Id.* ¶ 4.)

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

17

Exhibit C
-67-

Apple has had no choice but to endeavor to identify the relevant Samsung witnesses based on the limited available information. The information available to Apple regarding the five witnesses in questions is as follows:

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-cv-01846-LHK
sf-3108163

18

Exhibit C
-68-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18  Although Apple does not have a full understanding of the differences between the U.S. and

19  Korean operations (because Samsung has not provided such discovery), Apple wants to ensure its

20  discovery spans both locations.

21

22                                                                                          (*See*

23  Walden Decl. Exs. 9-10.)  Further, his participation in these meetings suggests that Mr. Korea had

24  been involved in similar negotiations with other parties related to standards-essential patents.

25

26

27

28

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

19

Exhibit C
-69-

1　████████████████████████████████████████████

2　████████████████████████████████████████████████

3　██████████

4　　████████████████████████████████████

5　████████████████████████████████████████████

6　████████████████████████████████████████████

7　██████████████████████████████████████████████████

8　██████████████████████████████████████████████████

9　████████████████████████████████████████████

10　██████████████████████████████████████████████

11　████████████████████████████████████████████████

12　██████████

13　　████████████████████████████████████████████

14　████████████████████████████████████████████

15　██████████████████████████████████████████████

16　██████████████████████████████████████

17　████████████████████████████████████████████████

18　██████████████████████████████████████

19　████████████████████████████████

20　　██████████████████████████████████████████

21　██████████████████████████████████████████████████

22　████████████████████████████████████ was deposed in March

23　of 2007 in the case *In the Matter of: Certain Wireless Communication Equipment, Articles*

24　*Therein, and Products Containing the Same*, No. 337-TA-577.  (*Id.*)

25　　　　**D.**　　**Samsung Has Frustrated Apple's Other Efforts To Obtain This Information**

26　　　　Apple has attempted, repeatedly, to gather the information it needs through other

27　witnesses.  *See First Nat'l Mortg. Co.,* 2007 U.S. Dist. LEXIS 88625, at \*7 (less intrusive

28　discovery methods exhausted where plaintiff already deposed lower-level employees).  Eighteen

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

20

Exhibit C
-70-

1   lower-level employees have already been deposed but they have not provided the information that

2   the witnesses at issue are in a position to provide. In many cases, those witnesses testified that

3   they did not know, or could not answer, questions highly relevant to Apple's claims. Some even

4   pointed to the very employees Samsung seeks to shield as the individual responsible or

5   knowledgeable about an issue. In addition, Apple sought to streamline discovery by requesting

6   30(b)(6) depositions of Samsung witnesses, but Samsung has only designated four 30(b)(6)

7   witnesses to date. (*See* Mazza Decl. ¶ 53; Walden Decl. ¶ 3.) *See WebSideStory*, 2007 U.S. Dist.

8   LEXIS 20481, at *15 (rejecting argument that defendant should have exhausted other avenues of

9   discovery where plaintiff failed to designate 30(b)(6) witness).

10          The employees that Apple has already deposed have shown a marked tendency to evade

11  direct questioning. Some deponents asserted their confusion with regard to simple, job-related

12  words.

13

14

15

16

17

18

19

20          These are just a few of the numerous instances of the evasion by Samsung's lower-level

21  employees that has stymied Apple's efforts to pursue less intrusive discovery methods. *See, e.g.,*

22  *WebSideStory*, 2007 U.S. Dist. LEXIS 20481, at *14-15 (rejecting argument that defendant

23  "should be required to exhaust other avenues of discovery" where plaintiff delayed Rule 30(b)(6)

24  deposition by failing to designate witness); *In re NCAA Student-Athlete Name & Likeness Litig.,*

25  No. 09-cv-01967 CW (NC), 2012 U.S. Dist. LEXIS 6461, at *13 (N.D. Cal. Jan. 20, 2012)

26  (because NCAA stalled plaintiffs' efforts to obtain discovery from NCAA members, it was unfair

27  to prevent discovery from NCAA management).

28          Moreover, Apple tried to question Samsung employees about meetings and decisions

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

21

Exhibit C
-71-

1  made by the witnesses at issue.  Many of the employees could not recall the details of those

2  meetings, which makes the unique recollections and knowledge of the witnesses at issue that

3  much more important.  (*See, e.g.*, Mazza Decl. Ex. 48 at 79; *id.* Ex. 50 at 109.)  These same

4  employees often could not answer questions directed to the heart of Apple's claims in the case.

5  Regarding the identical pricing of entry-level iPads and Galaxy Tabs, ███████████████

6  ████████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████████

11 ██████████████

12         And far from taking responsibility for decision-making themselves, Samsung's employees

13 have *repeatedly* testified that the so-called apex employees were either the final authority on a

14 matter, or were involved in the decision-making process.  For example, ██████████████

15 ████████████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████  Given this testimony

22 identifying the "apex" employees as key decision-makers, Samsung cannot meet its "high

23 burden" to prevent discovery.  *Kennedy*, 2010 U.S. Dist. LEXIS 47866, at *7.

24         The witnesses Apple seeks to depose have unique views and different recollections of

25 decisions and meetings.  Testimony thus far also indicates that these employees may have the

26 *only* recollection of some events.  No lesser or alternative means of fact-finding will yield the

27 information Apple seeks from these senior employees.  *See Oracle Am.,* 2011 U.S. Dist. LEXIS

28 79465, at *6-7 n.1 (other methods exhausted where Larry Page likely participated in decisions

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

22

Exhibit C
-72-

regarding critical licensing negotiations); *In re Chase Bank*, 2011 U.S. Dist. LEXIS 127259, at *12 (other methods exhausted where apex witness directly involved in key decision and may have had information unknown to others or different recollections).

**IV.    CONCLUSION**

Samsung's wholesale refusal to produce 14 witnesses for deposition is unjustified and has prejudiced Apple.  Had Samsung produced the witnesses for the dates they were noticed, Apple could have handled the depositions in an orderly fashion with attorneys from its litigation team who already had traveled to Korea for other depositions.  But by refusing to produce these witnesses and forcing Apple to move to compel with the March 8 discovery cut-off looming, Apple will now have to depose two or more deponents on the same day in order to meet the deadline.  If double- or triple-tracked depositions were to take place in Korea, Apple would have to send teams of lawyers to Korea to complete the depositions, thereby disrupting Apple's ability to complete other critical tasks in this fast-moving case.

Accordingly, for all the reasons discussed above, the Court should grant Apple's motion and issue orders compelling Samsung to produce the 14 witnesses for depositions in the Bay Area.

Dated:  February 16, 2012                    MORRISON & FOERSTER LLP


                                             By:    */s/ Michael A. Jacobs*
                                                    Michael A. Jacobs

                                                    Attorneys for Plaintiff
                                                    APPLE INC.

APPLE'S MOTION TO COMPEL THE DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV-01846-LHK
sf-3108163

23

Exhibit C
-73-

# EXHIBIT D

| From: | Parker, Kenneth G. |
|---|---|
| To: | Andrew Guilford |
| Cc: | Heidi Adams (heidi@judicatewest.com); Masimo.Apple; *** Apple-Masimo |
| Subject: | Masimo v. Apple; Joint Communication; Case No. 8:20-cv-00048-JVS-JDE (C.D. Cal.) |
| Date: | Tuesday, November 9, 2021 06:42:42 PM |

Dear Judge Guilford,

Following up on your comments and requests during the October 26, 2021 call, the parties have the following response and thoughts.  This email is a joint email reviewed and approved by counsel for all parties.

1. **Assistance of Ms. Kelleher**.  The parties consent to Your Honor's use of Ms. Kelleher as you normally would to assist you with respect to all aspects of, and tasks in, this matter.

2. **Waiver of Appeal**.  While both parties can envision circumstances in which they might jointly notify you of a waiver of appeal, the parties prefer to approach that issue on a motion by motion basis, and have no proposal for a set rule.

3. **Length of Orders**.  The parties have no specific feedback or opinion on the length of Your Honor's orders.

4. **Informal Conferences.**
   - **Apple's Position**: While Apple could envision scenarios in which an informal conference could be useful on discrete issues, Apple does not wish to adopt an informal conference procedure as a matter of right for either party at this time.
   - **Masimo's Position**: Masimo believes the moving party should have the right to request an informal conference if they believe it would be helpful.

5. **Hearing Dates**.  There are currently two matters fully briefed before Your Honor: (a) Plaintiffs' October 19, 2021 Motion to Compel regarding Ms. Goldberg's Rule 30(b)(6) Deposition; and (b) Plaintiff's October 8, 2021 Motion to Compel regarding Valuation, Feature and Survey Documents.
   1. **Apple's Position**: Apple respectfully requests a hearing on those motions on November 11, between 10 a.m. and noon and 4 p.m. and after; November 16, 2021 between 3 p.m. and 5 p.m. or November 18, 2021 between 2 p.m. and 4:30 p.m.
   2. **Masimo's Position**: Masimo does not believe a hearing is necessary on either of these motions and would consent to you exercising your discretion to decide these disputes without hearings.  *See* Dkt. 470 (Order Appointing Special Master) at 2.  If you believe a hearing would be helpful, Masimo is available at all of the times suggested by Apple.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to

advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---