Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO STRIKE PLAINTIFF'S' RULE 26(A)(2)(C) DISCLOSURES** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal Plaintiffs' Opposition to Apple's Motion to Strike Plaintiffs' Rule 26(A)(2)(C) Disclosures. Masimo has provided a proposed redacted version of its Opposition and Declaration of Mark D. Kachner. Masimo requests the Court seal the redacted portions of the Opposition, the redacted portions of the supporting Declaration of Mark D. Kachner, and Exhibits A-B and D-S attached to the supporting Declaration of Mark D. Kachner.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple and Masimo consider confidential. Exhibit A is the deposition transcript of Masimo's Chief Financial Officer, Micah Young discussing Masimo's confidential financial information. Loebbaka Decl. ¶ 7. Exhibits D-F are spreadsheets containing Masimo's

confidential financial and parts information. *Id.* This information is confidential and valuable to Masimo in part because of its confidentiality. *Id.* If Masimo's confidential financial information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's costs and detailed financials. *Id.* Thus, Masimo would be harmed if its financial and parts information were disclosed. *Id.*

Exhibits B, K, and P are the deposition transcripts of Masimo employees Ammar Al-Ali and Bilal Muhsin and Cercacor employee Greg Olson, respectively, that discuss Masimo's trade secrets. Loebbaka Decl. ¶ 8. Exhibits N and Q are Masimo interrogatory responses that discuss Masimo's trade secrets. *Id.* Exhibits R and S are internal Masimo confidential documents that discuss Masimo's trade secrets. *Id.* Further, Exhibits B, K, N, P, Q, R, and S include discussion of Masimo's technology procedures. *Id.* This information is confidential and valuable to Masimo in part because of its confidentiality. *Id.* Publishing this information would disclose techniques that Masimo considers valuable and important. *Id.* The release of this confidential information would cause significant harm to Masimo's business. *Id.*

Exhibit G is an email between the parties that discusses 30(b)(6) topics and witnesses, including the areas of expertise of Masimo personnel. Loebbaka Decl. ¶ 9. Disclosure of such information would cause Masimo harm because Masimo's competitors could learn about Masimo's business operations and personnel, and use this information to specifically target Masimo employees. *Id.* Publishing Exhibit G would reveal information on the roles and knowledge of Masimo's employees, thus resulting in significant harm to Masimo's business. *Id.*

Exhibit H is Masimo's Second Amended Initial Disclosures dated May 23, 2022, that discusses the basis for Masimo's damages. Loebbaka Decl. ¶ 10. Exhibit H contains Masimo confidential information, including financial information. *Id.* If Masimo's confidential financial information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's financials. *Id.* Thus, Masimo would be harmed if its financial information were disclosed. *Id.* Exhibit H also contains

information that Masimo understands Apple considers confidential, including sales information. *Id.* For this additional reason, Masimo requests that the Court seal this document. *Id.*

Exhibits I, J, and M are communications between the parties that discusses confidential document productions. Loebbaka Decl. ¶ 11. Exhibit I further contains discussion of Masimo's trade secrets. *Id.* The information disclosed in Exhibit I is valuable to Masimo, in part, because of its confidentiality, and its release would cause competitive harm to Masimo's business. *Id.* Exhibit J also contains information that Masimo understands Apple considers confidential, including the collection of confidential document productions. *Id.*

Exhibit L is an email between the parties that discusses O'Reilly's Masimo notebooks containing Masimo confidential information. Loebbaka Decl. ¶ 12. Exhibit L further contains Masimo confidential information in that it discusses Masimo's trade secrets. The information disclosed in Exhibit L is valuable to Masimo, in part, because of its confidentiality, and its release would cause competitive harm to Masimo's business. *Id.* Disclosure of this information may enable Masimo's competitors to employ Masimo's confidential information to compete with or undermine Masimo's strategies. *Id.* Thus, the release of this confidential information would cause significant harm to Masimo's business. *Id.*

Exhibit O is a Masimo interrogatory response that discusses Masimo's trade secrets and Apple's misappropriation of these trade secrets. Loebbaka Decl. ¶ 13. Information regarding Masimo's trade secrets is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its trade secrets. *Id.* If Masimo's trade secrets and confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets

were disclosed. *Id.* Exhibit O also contains information that Masimo understands Apple considers confidential, including technical information. *Id.*

The Declaration of Mark D. Kachner includes private, medical information of a Masimo employee. Declaration of Kendall M. Loebbaka ¶ 14. The "need to protect medical privacy qualifies as a compelling reason that overcomes the presumption of public access to judicial records under federal common law." *Chi v. Univ. of S. California*, No. 2:18-CV-04258-SVW-GJS, 2019 WL 3315282, at *8 (C.D. Cal. May 21, 2019) (quotation and citation omitted); *see also Weisberg v. Takeda Pharms. U.S.A., Inc.*, 2018 WL 6252458, at *3 (C.D. Cal. Jul. 3, 2018 (granting motion to seal exhibits "contain[ing] personal identifying information and medical records that are not put at issue by this action.")

The redacted portions of Masimo's Opposition discuss the aforementioned exhibits and information in the Kachner declaration, as well as the sealed exhibits in Apple's motion. Loebbaka Decl. ¶ 15.

### III.  CONCLUSION

Accordingly, Masimo requests that the Court seal information discussed herein.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 1, 2022

By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

-4-