Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO STRIKE PLAINTIFFS' RULE 26(A)(2)(C) DISCLOSURES**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT .......................................................................................................... 1

    A.    Rule 26(a)(2) Does Not Require Expert Reports From Masimo's Employees .................................................................................. 1

        1.    Apple Ignores The Plain Language of Rule 26(a)(2) ................ 1

        2.    Case Law Confirms Employees Need Not Provide Expert Reports ........................................................................................ 2

        3.    Apple's Cases Are Outdated And Inapplicable .......................... 3

    B.    Each of Masimo's Disclosures Comply With Rule 26(a)(2) ............... 4

        1.    Priddell's Disclosure .................................................................. 4

        2.    Muhsin's Disclosure ................................................................... 6

        3.    Kiani's Disclosure ...................................................................... 7

        4.    Diab's Disclosure ....................................................................... 9

    C.    Courts Do Not Exclude Evidence Unless The Purported Violation Is Neither Substantially Justified Nor Harmless ................. 12

    D.    The Court Should Not Strike Masimo's Disclosures and Evidence .............................................................................................. 14

        1.    Apple Was Not Surprised Or Prejudiced .................................. 14

               a.    Priddell's Disclosure ..................................................... 15

               b.    Muhsin's Disclosure ...................................................... 17

               c.    Kiani's Disclosure ......................................................... 20

               d.    Diab's Disclosure .......................................................... 21

        2.    Apple Has The Ability To Cure Any Alleged Prejudice .......... 23

        3.    Trial Will Not Be Disrupted ..................................................... 23

        4.    Masimo Has Not Engaged in Bad Faith or Willfulness ........... 24

        5.    Apple's Cases Do Not Support Exclusion ................................ 24

E.      Apple's Arguments Are Inconsistent With Its Own Actions .............25

III. CONCLUSION .................................................................................25

# TABLE OF AUTHORITIES

**Page No(s).**

*A.C.T. 898 Products, Inc. v. W.S. Industries, Inc.*
  2017 WL 2992741 (C.D. Cal. Apr. 11, 2017) .................................................. 13

*Allstate Ins. Co. v. Nassiri,*
  2011 WL 2975461 (D. Nev. July 21, 2011) ............................................. 3, 5, 7

*Alorica, Inc. v. Boston Consulting Group, Inc.,*
  2022 WL 1844113 (C.D. Cal. Feb. 22, 2022) .................................................. 25

*Amos v. Makita U.S.A., Inc.,*
  2011 WL 43092 (D. Nev. Jan. 06, 2011) ................................................. 13, 14

*Becerra v. J.C. Penney Corporation, Inc.,*
  2017 WL 1479410 (C.D. Cal. Apr. 24, 2017) ............................... 13, 14, 23, 24

*Beecham v. Roseville City School District,*
  2017 WL 4038360 (E.D. Cal. Sep. 13, 2017) .................................................. 13

*Cantu v. United States,*
  2015 WL 12743881 (C.D. Cal. Apr. 06, 2015) ................................................. 4

*Chaudhry v. Smith,*
  2020 WL 869115 (E.D. Cal. Feb. 21, 2020) ..................................................... 4

*Dixon v. Legacy Transportation Systems, LLC,*
  2017 WL 4004412 (D. Nev. Sep. 11, 2017) ...................................................... 3

*Doe 1 v. Manhattan Beach Unified School District,*
  2020 WL 7931596 (C.D. Cal. Dec. 22, 2020) .................................................. 2

*F.D.I.C. v. Anderson,*
  2012 WL 3728160 (E.D. Cal. Aug. 27, 2012) ............................................ 3, 12

*Generations at Pinnacle Peak LLC v. Whitestone Pinnacle*
*of Scottsdale - Phase II LLC,*
  2021 WL 9597885 (D. Ariz. Feb. 22, 2021) ................................................... 13

*Goodman v. Staples The Office Superstore, LLC,*
  644 F.3d 817 (9th Cir. 2011) ........................................................................... 3

*Guzik Technical Enterprises, Inc. v. Western Digital Corporation,*
  2013 WL 6070414 (N.D. Cal. Nov. 18, 2013) ................................................ 13

*Hellmann-Blumberg v. University of the Pacific,*
  2013 WL 4407267 (E.D. Cal. Aug. 15, 2013) .................................................. 3

**TABLE OF AUTHORITIES**
(*cont'd*)

**Page No(s).**

*Homeland Housewares, LLC v. Sharkninja Operating LLC,*
  2016 WL 1698254 (C.D. Cal. Apr. 27, 2016) .................................................. 13

*In re Zofran (Ondansetron) Products Liability Litigation,*
  2019 WL 4980310 (D. Mass. Oct. 08, 2019) .................................................... 3

*Lanard Toys Ltd. v. Novelty, Inc.,*
  375 F. App'x 705, (9th Cir. 2010) .................................................................... 13

*Liberty Insurance Corporation v. Brodeur,*
  41 F.4th 1185 (9th Cir. 2022) .......................................................................... 12

*LiiON, LLC v. Vertiv Group Corporation,*
  2020 WL 6894668 (N.D. Ill. Nov. 24, 2020) .................................................. 17

*Memory Integrity, LLC v. Intel Corp.,*
  308 F.R.D. 656 (D. Or. 2015) .......................................................................... 11

*Merchant v. Corizon Health, Inc.,*
  993 F.3d 733 (9th Cir. 2021) ........................................................................... 12

*Miesen v. Hawley Troxell Ennis & Hawley LLP,*
  2021 WL 1124758 (D. Idaho Mar. 24, 2021) ...................................... 2, 4, 25

*MLC Intellectual Property, LLC v. Micron Technology, Inc.,*
  2019 WL 2863585 (N.D. Cal. July 02, 2019) .................................................. *24*

*O'Connell v. Chapman University,*
  245 F.R.D. 652 (C.D. Cal. 2007) ..................................................................... 13

*Robinson v. HD Supply, Inc.,*
  2013 WL 5817555 (E.D. Cal. Oct. 29, 2013) ................................................. 24

*Rodriguez v. Akima Infrastructure Services, LLC,*
  2019 WL 5212968 (N.D. Cal. Oct. 16, 2019) ................................................. 25

*Stonefire Grill, Inc. v. FGF Brands, Inc.,*
  2013 WL 12126773 (C.D. Cal. June 27, 2013) ............................................... 13

*TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson,*
  2015 WL 13882659 (C.D. Cal. Nov. 06, 2015) ......................................... 10, 11

*Texchem Advanced Prods. Inc. v. E.Pak Int'l Inc.,*
  2013 WL 12114017 (C.D. Cal. Aug. 19, 2013) .............................................. 24

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Trulove v. D'Amico,*
   2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) .................................................. 24

*Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.,*
   2015 WL 13935285 (S.D. Cal. Jan. 16, 2015) ................................................. 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
   259 F.3d 1101 (9th Cir. 2021) ......................................................................... 12

# OTHER AUTHORITIES

Fed. R. Civ. P. 26. .............................................................................................. *passim*

Fed. R. Civ. P. 37. .............................................................................................. 12

# I.  <u>INTRODUCTION</u>

Apple seeks to exclude four lay opinion disclosures from Masimo employees provided under Rule 26(a)(2)(C).  Apple argues each employee should have provided an expert report under Rule 26(a)(2)(B).  But the plain language of Rule 26(a)(2)(B) supports Masimo.  Under that rule, a party must provide an expert report only from individuals "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  None of the four employees meet these criteria.  Rule 26(a)(2)(B) does not apply.

Apple identifies no basis to strike the disclosures or the documents cited therein.  Masimo timely served its employee disclosures.  Many of the cited documents about which Apple complains merely update financial information that was previously produced.  Other documents provide information requested by Masimo's damages expert, which the case law upholds under these circumstances.  Also, any supposed delay was harmless.  Apple can question Masimo's employees regarding their disclosures and underlying data as part of expert discovery.  Masimo already offered to make additional discovery available, but Apple refused to engage in any discussion about taking more discovery.  Instead, Apple demands exclusion.  This Court should deny Apple's motion.

# II.  <u>ARGUMENT</u>

## A.  <u>Rule 26(a)(2) Does Not Require Expert Reports From Masimo's Employees</u>

### 1.  <u>Apple Ignores The Plain Language of Rule 26(a)(2)</u>

Apple conspicuously avoids the text of Rule 26(a)(2), which distinguishes between witnesses who need to provide a report and witnesses who do not:

(2) *Disclosure of Expert Testimony . . .*

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—***if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony*** . . . .

(C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.[1]

The text of Rule 26(a)(2) is unambiguous.  An expert **report** is required only for individuals "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." As one of Apple's district court cases observes, "courts are to 'give the Federal Rules of Civil Procedure their plain meaning,' and when the text is clear and unambiguous, ***the inquiry is complete***." *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2021 WL 1124758, at \*4 (D. Idaho Mar. 24, 2021) (quoting *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540–41 (1991)).

Apple also ignores that Rule 26 was amended in 2010.  Subsection (a)(2)(C) was added to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee Notes to 2010 Amendment ("2010 Comm. Notes").  The Committee recognized "[f]requent examples" of witnesses who need not provide a written report include "employees of a party who do not regularly provide expert testimony."  *Id.*  The Committee cautioned "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."  *Id.*

## 2.    Case Law Confirms Employees Need Not Provide Expert Reports

Courts that have carefully considered whether employees need to provide expert reports after the 2010 amendments follow the plain language of the rule.  *See Doe 1*, v.

---

[1] All emphasis is added unless noted otherwise.  Lettered exhibits are attached to the Passamaneck Declaration (Dkt. 957) and numbered exhibits are attached to the Kachner Declaration (submitted herewith).

Manhattan Beach Unified School District 2020 WL 7931596, at *4 (C.D. Cal. Dec. 22, 2020) (employee not required to provide report); *F.D.I.C. v. Anderson*, 2012 WL 3728160, at *4 (E.D. Cal. Aug.27, 2012) (same).  Courts follow the plain language of the rule even if employees offer opinions beyond percipient knowledge or review material specifically for the case.  *See Hellmann-Blumberg v. Univ. of the Pac.*, 2013 WL 4407267, at *2-3 (E.D. Cal. Aug. 15, 2013) (no report required for employee hired after events giving rise to litigation); *In re Zofran (Ondansetron) Prod. Liab. Litig.*, 2019 WL 4980310, at *11-12 (D. Mass. Oct. 8, 2019) (no report required for employee who "reviews material specifically for the case" because "Court cannot ignore the plain wording of the rule"); *Allstate Ins. Co. v. Nassiri*, 2011 WL 2975461, at *9 (D. Nev. July 21, 2011) (no report required for employee "assigned the task of reviewing" documents "for purposes of testifying in this case").

### 3.   Apple's Cases Are Outdated And Inapplicable

Apple relies on outdated law and reasoning that preceded the 2010 amendments to argue an employee must provide a report under Rule 26(a)(2)(B) if their opinions go beyond "percipient knowledge."  Mot. at 7-8.  For example, Apple cites *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011).  As one district court observed, *Goodman* was "decided before the 2010 Amendments to Federal Rule of Civil Procedure 26(a)(2)…."  *Dixon v. Legacy Trans. Sys., LLC*, the 2017 WL 4004412, *7-8 (D. Nev. Sept. 11, 2017).  Thus, *Goodman* did not address the distinction between witnesses that need to provide reports under 26(a)(2)(B) or disclosures under 26(a)(2)(C).  Indeed, the disclosure requirement under 26(a)(2)(C) did not yet exist.  Moreover, *Goodman* addressed whether a "treating physician" needed to provide an expert report.  Courts regularly "distinguish treating physicians from other witnesses in evaluating this issue because treating physicians usually are not employees of the party proffering their testimony."  *Hellmann-Blumberg*, 2013 WL 4407267, at *2 n.2; *see also Doe 1*, 2020 WL 7931596, at *3 (it is "unclear whether *Goodman* applies outside the context of treating physicians.").

Apple's other cases incorrectly rely upon *Goodman*. *See Cantu v. United States*, 2015 WL 12743881, at *3-4 (C.D. Cal. Apr. 6, 2015); *Chaudhry v. Smith*, 2020 WL 869115, at *20-21 (E.D. Cal. Feb. 21, 2020); *Valvoline Instant Oil Franchising v. RFG Oil, Inc.*, 2015 WL 13935285, at *9 (S.D. Cal. Jan. 16, 2015); *Miesen*, 2021 WL 1124758 at *3-5. And  many of Apple's cases analyzed the distinction between treating and non-treating physicians, which is not at issue here.  *See, e.g., Cantu*, 2015 WL 12743881, *3; *Chaudhry*, 2020 WL 869115, *20.

## B.     Each of Masimo's Disclosures Comply With Rule 26(a)(2)

It is undisputed that all four Masimo witnesses are "employees of a party who do not regularly provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B) & (C).  Apple does not assert that any of the disclosures failed to comply with Rule 26(a)(2)(C). Accordingly, under the plain language of the rule, "the inquiry is complete" and Masimo did not need to provide expert reports for any of the witnesses.  *See Miesen*, 2021 WL 1124758 at *4.  Masimo addresses Apple's other arguments below.

### 1.     Priddell's Disclosure

Richard Priddell is Masimo's Senior Vice President of Hardware Engineering. Ex. 2, Priddell ¶ 1.  He has worked as a Masimo engineer on hardware and electronics continuously since October 2008.  *Id*.  He has never offered expert testimony for Masimo.  Kachner Decl. ¶ 2.  Thus, he is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  At most, Priddell needed to comply only with Rule 26(a)(2)(C).  Apple does not dispute Priddell's disclosure did so.  And Apple will have an opportunity to depose Priddell.

Priddell's disclosure is also proper under Apple's erroneous "percipient witness" analysis.  Priddell's disclosure includes two opinions. █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

His testimony is based on percipient knowledge as a principal design engineer for the

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 █████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████  That
is irrelevant under Rule 26(a)(2).  An employee may rely on materials supplied for the

7 litigation without converting the witness to a retained expert subject to Rule 26(a)(2)(B).

8 *In re Zofran*, 2019 WL 4980310, at \*11-12 (applying Rule 26(a)(2)(C) to employee who

9 "reviews material specifically for the case"); *Allstate*, 2011 WL 2975461, at \*9 (same).

10

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████████  Muhsin

16 ¶¶ 9-10.  Priddell also has percipient knowledge of Masimo's cost accounting.  *Id.* ¶ 16.

17        Apple argues Priddell went beyond his percipient knowledge because his analysis

18 was not performed "in the ordinary course of business."  Mot. at 8.  But, again, nothing

19 precludes a Rule 26(a)(2)(C) witness from performing analysis for the case.  ████████

20 ████████████████████████████████████████████████████████  As

21 discussed below, Apple already took discovery on that earlier analysis.  *See* infra Sec.

22 II(C)(3)(a).  Priddell's update does not convert him into someone "retained or specially

23 employed to provide expert testimony in the case."

24        Although not required, Priddell's disclosure substantially complied with

25 Rule 26(a)(2)(B).  The disclosure was "prepared and signed by the witness," includes "a

26 complete statement of all opinions the witness will express and the basis for them," "the

27 facts or data considered by the witness," references the "exhibits that will be used to

28 summarize or support them," and identifies "the witness's [employment based]

qualifications." This would satisfy Rule 26(a)(2)(B)(i)-(iv).  Priddell's disclosure would also satisfy Rule 26(a)(2)(B)(iv) and (v) because there are no "publications he authored in the previous 10 years" or "cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" to disclose.  Kachner Decl. ¶ 2.  Similarly, his disclosure would satisfy Rule 26(a)(2)(B)(vi) because there is no "compensation to be paid for the study and testimony in the case" to disclose.  *Id*.  Apple also complains that the disclosure is "short," as if some particular length is required.  Mot. at 5.  But the disclosure focused on only two discrete issues.  Thus, Priddell's disclosure complied with Rule 26(a)(2)(C) and substantially complied with Rule 26(a)(2)(B).

### 2.   **Muhsin's Disclosure**

Bilal Muhsin is Masimo's Chief Operating Officer.  Ex. 3, Muhsin ¶ 1.  He served as Masimo's Executive Vice President of Engineering, Marketing, and Regulatory, and in in various engineering roles and on product development since 2000.  *Id*.  He has not offered expert testimony for Masimo in the past four years.  Kachner Decl. ¶ 3.  Thus, he is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  At most, Muhsin would need comply only with Rule 26(a)(2)(C).  Apple does not dispute Muhsin's disclosure did so.  And Apple will have another opportunity to depose Muhsin.

His disclosure is also proper under Apple's erroneous "percipient witness" analysis.  Muhsin's disclosure is based on his knowledge as Masimo's Chief Operating Officer and a long-time engineer.

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ██████████████████████

4      Apple complains that Masimo ████████████████████████

5 ████████████████████████████████ and that Muhsin's analysis was "done

6 for this litigation as part of expert discovery."  Mot. at 9.   As discussed above,

7 performing analysis specifically for litigation does not mean an employee must provide

8 an expert report.  *Allstate Ins.*, 2011 WL 2975461, at *9.  A report is required only by

9 those identified in Rule 26(a)(2)(B).  Muhsin is not such a person. Muhsin's analysis is

10 based on his percipient knowledge █████████████████████████████

11 ████████████████████████

12      Although not required, Muhsin's disclosure also substantially complied with Rule

13 26(a)(2)(B).  Apple again complains that the disclosure is "short."  Mot. at 5.  But the

14 disclosure focused on two narrow issues, and the majority of the information is contained

15 in Excel spreadsheets referenced in the disclosure.  Muhsin's disclosure was "prepared

16 and signed by the witness," includes "a complete statement of all opinions the witness

17 will express and the basis for them," "the facts or data considered by the witness

18 informing them," references or attaches the "exhibits that will be used to summarize or

19 support them," and identifies "the witness's [employment based] qualifications."  *See*

20 Rule 26(a)(2)(B)(i)-(iv).  Muhsin has no "publications he authored in the previous 10

21 years," or "cases in which, during the previous 4 years, the witness testified as an expert

22 at trial or by deposition" under Rule 26(a)(2)(B)(iv), (v).  Kachner Decl. ¶ 3.  Muhsin is

23 receiving no compensation "for the study and testimony in the case" under Rule

24 26(a)(2)(B)(vi).  *Id*.  Thus, Muhsin's disclosure complied with Rule 26(a)(2)(C) and

25 substantially complied with Rule 26(a)(2)(B).

26      **3.**    **Kiani's Disclosure**

27      Joe Kiani is Masimo's founder, Chairman, and Chief Executive Officer.  Ex. 4,

28 Kiani ¶ 1.  Kiani is also the Chairman and Chief Executive Officer of Cercacor.  *Id*.  He

offered opinion testimony for Masimo only once in the past four years, in the *Masimo v. True Wearables* case.  Kachner Decl. ¶ 5.  He is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  At most, Kiani need comply only with Rule 26(a)(2)(C).  Apple does not dispute Kiani's disclosure did so.   And Apple will have another opportunity to depose Kiani.

His disclosure is also proper under Apple's erroneous "percipient witness" analysis. Apple argues that Kiani goes beyond his percipient knowledge when he addresses the feasibility of another company recreating Masimo's trade secrets.  Mot. at 9 (citing Ex. 4 at ¶ 5).  Kiani has worked in the pulse oximetry industry for decades, overseeing Masimo's rise to become a global leader in pulse oximetry.  Kiani's years of industry experience and knowledge of Masimo's technology uniquely qualifies him to discuss why independent creation of Masimo's trade secrets is unlikely.

Apple also argues, based on inaccurate characterizations of Kiani's deposition testimony, that he should not be allowed to testify about the value of Masimo's technical trade secrets.  Mot. at 9.  Apple presented no arguments regarding Kiani's testimony about the value of Masimo's business, marketing and hospital interaction trade secrets.

Apple asserts that, during his deposition, Kiani testified ███████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████ Not true.  Apple cites questions where Apple asked Kiani to list from memory the technical trade secrets.  *See, e.g.*, Ex. 10 at 62:12-66:1), 117:24-118:1).  █████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████

Apple fails to show Kiani was unable to answer questions about the value of Masimo's technical trade secrets or that Kiani formed his understanding of the value and

1    advantages of those trade secrets after the start of this litigation.  That is because Kiani

2    has known the value of Masimo's trade secrets since well before filing this litigation.

3    Apple will also be able to question Kiani on the value of the technical trade secrets

4    during expert discovery.  Thus Apple's arguments, even if applicable, are without merit.

### 4.    Diab's Disclosure

6          Mohamed  Diab  joined  Masimo  when  it  started  in  1989  and  has  developed

7    noninvasive physiological measurements for 30 years.  Ex. 5, Diab ¶¶ 1-2.  Diab was

8    Masimo's Chief Technology Officer for almost ten years and is currently a Fellow

9    Scientist.  *Id*. ¶ 1.  He offered an opinion in litigation for Masimo only once in the past

10   four years, in the *Masimo v. True Wearables* case.  Kachner Decl. ¶ 4.  Thus, he is not

11   "retained or specially employed to provide expert testimony in the case or one whose

12   duties as the party's employee regularly involve giving expert testimony."  At most,

13   Diab  needed  to  comply  only  with  Rule  26(a)(2)(C).   Apple  does  not  dispute  Diab's

14   disclosure did so.  And Apple will have another opportunity to depose Diab.

15         His  disclosure  is  also  proper  under  Apple's  erroneous  "percipient  witness"

16   analysis.   Apple's  arguments  regarding  Diab  are  based  on  alleged  inconsistencies

17   between  his  disclosure  and  deposition  testimony.  ████████████████████████

18   █████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████

21         Apple confuses Diab's lack of knowledge of the ***legal*** definition of a trade secret

22   with  Diab's  knowledge  of  ***facts***  relevant  to  Masimo's  trade  secrets.   The  same

23   obfuscation permeated Apple's fact depositions of Diab and others.  Contrary to Apple's

24   assertion, Diab testified that he recognized the text of Masimo's asserted trade secrets.

25   Ex. 11 at 211:8-11.  Diab also testified he was prepared to discuss the technical details

26   and substance of Masimo's trade secrets.  *Id.* at 9:22-10:16.

27   ████████████████████████████████████████████████████████████

28   █████████████████████████████████████████████████████████████████

[text redacted]

In response to Apple's broader questions about identifying all of Masimo's trade secrets, Diab distinguished between the factual information he could provide and the legal opinions he could not.  *Id.* at 23:5-12, 24:11-15.  Diab also explained that, while he could not provide a legal definition of a trade secret, he could, and did, provide his lay understanding of what it means to be a trade secret.  *Id*. at 108:15-109:14.

Apple incorrectly asserts that "Diab apparently made no effort to educate himself on Plaintiffs' allegations before the deposition."  Mot. at 4.  The testimony Apple cites relates to Diab's lack of knowledge regarding Apple's acts of "misappropriation."  *Id.* at 4-5.  Diab could not have reviewed the evidence of Apple's misappropriation because Apple designated its technical documents AEO under the Protective Order.  That is why, as Apple recognizes, Diab repeatedly explained [text redacted] Diab explained that he was a fact witness who could testify about facts, not legal contentions.  [text redacted]

Apple also omits that it lost a motion to compel fact testimony about Masimo's legal contentions.  Dkt. 894.  The Special Master specifically told Apple that such questions are inappropriate in a fact deposition.  The Special Master cited this Court's instruction in another case "to refrain from asking 'improper-contention questions'" during depositions.  *Id.* at 5 (citing *TCL Commc'ns Tech. Holdings, Ltd. v.*

*Telefonaktiebolaget LM Ericsson*, 2015 WL 13882659, at *6 (C.D. Cal. Nov. 6, 2015)).
The Special Master quoted this Court at length, including the admonition that:

> Contention questions are more appropriately raised via interrogatory, and
> it is unfair to make a single Rule 30(b)(6) witness, the representative of the
> party, attempt a response to questions about the position of the party that
> usually require entire teams of lawyers and experts to adequately answer.

*Id.* (quoting *TCL*, 2015 WL 13882659, at *6); *see also Memory Integrity, LLC v. Intel
Corp.*, 308 F.R.D. 656 (D. Or. July 29, 2015) (when deposition topics "involve legal
issues that require the assistance of an attorney, the interrogatory is the preferred
device."). Despite these admonitions, Apple spent hours repeatedly asking Diab and
other employees about Masimo's legal contentions. Apple's improper questions provide
no basis to exclude Diab's opinions.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████      Tellingly, Apple never raised any issue during the deposition
regarding the extent of Diab's knowledge, and Apple never asserted Diab was
unprepared to answer questions regarding any 30(b)(6) topic.

Diab's testimony that he could testify about facts, but not legal contentions, is
entirely consistent with his disclosure. The disclosure explained that he will offer
technical analysis based on the trade secrets as identified by counsel. Diab's disclosure
expressly stated that he is not offering *legal* contentions or opinions on whether any
trade secret qualifies as a trade secret under California law:

> I have been asked to address some of that technical confidential information
> based upon the trade secret definitions provided to me by counsel. I have
> not been asked to, and will not, opine on the legal standards for a trade
> secret.

Ex. 5, ¶ 36.

Apple also asserts Diab "was unable to 'calculat[e] a value' for specific trade
secrets[.]" Mot. at 5. Again, Apple provides no specific citation and ignores Diab's

actual testimony.  Apple asked Diab if he could "provide advantages of the value of using the ideas" in Masimo's trade secret disclosure.  Diab unequivocally stated he could identify the technical advantages.  Ex. 11, at 268:18-25.  ███████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████  When Apple asked about the advantages of one of the trade secrets, Diab explained his understanding of the advantages.  *See, e.g.*, *id.* at 127:20-128:6.

Diab's disclosure provides the same type of description of the value and advantages of Masimo's technology that he offered to provide in his deposition.  *See* Ex. 5, ¶¶ 38-50.  Apple does not identify any assertion in Diab's disclosure that purports to calculate a dollar value.  Monetary calculations were performed by Masimo's damages expert.  Thus Apple's arguments, even if applicable, are without merit.

## C.   Courts Do Not Exclude Evidence Unless The Purported Violation Is Neither Substantially Justified Nor Harmless

Apple argues Masimo's employee disclosures violate Rule 26(e) by relying on allegedly late-produced information.  Mot. at 11.  Apple falsely asserts that Rule 37(c)(1) "sets forth an 'automatic' sanction that prohibits the use of information or a witness when the party 'fails to timely provide that information or identify a witness as required by Rule 26(a) and (e)."  Mot. at 15 (citing *Merchant v. Corizon Health, Inc.,* 993 F.3d 733, 740 (9th Cir. 2021)).  Apple is wrong on the law and the facts.  Masimo provides the correct legal framework here and explains that the alleged violations were at least substantially justified and harmless below in Section II.D.

Courts impose sanctions only if there is both a violation and the violation was not "substantially justified or harmless."  *See Liberty Insurance Corp. v. Brodeur*, 41 F4th 1185, 1191-92 (9th Cir. 2022); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  This is because courts prefer "deciding matters on the merits, rather than on procedural missteps."  *F.D.I.C. v. Anderson*, 2012 WL 3728160, at *3–4 (E.D. Cal. Aug. 27, 2012) ("incomplete disclosure" of a non-retained expert did

not justify exclusion).  Even where a party fails to timely disclose evidence cited in expert reports, "the court's goal always is to resolve the case on the merits so long as undue prejudice can be avoided." *See also Guzik Tech. Enters., Inc. v. W. Digital Corp.*, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013).

"Excluding expert testimony is not proper when there are other, less severe sanctions available." *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011); *Homeland Housewares, LLC v. Sharkninja Operating LLC*, 2016 WL 1698254, at *5 (C.D. Cal. Apr. 27, 2016) ("trial is still far enough away to allow the document in and also allow Plaintiffs to conduct discovery").  Courts typically do not exclude evidence where additional discovery can cure the alleged prejudice.  *See Generations at Pinnacle Peak LLC v. Whitestone Pinnacle of Scottsdale - Phase II LLC*, 2021 WL 9597885, at *5 (D. Ariz. Feb. 22, 2021) (declining to exclude expert who relied on improperly withheld documents); *O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 655-56 (C.D. Cal. 2007) ("any prejudice suffered by defendant from the tardiness [of a late expert report] can be addressed by various remedies other than the extremely harsh remedy of the exclusion"); *Beecham v. Roseville City Sch. Dist.*, 2017 WL 4038360, at *3 (E.D. Cal. Sept. 13, 2017) (untimely disclosure cured by extending expert discovery for the limited purpose of allowing defendants to fully depose the expert).

The ability to depose a witness weighs against excluding testimony.  *See Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010) (failure to comply with Rule 26(a) harmless where party served a preliminary expert declaration prior to the deadline, produced a "supplemental" expert declaration seven months before trial, and the moving party did not attempt to depose the expert); *Amos*, 2011 WL 43092, at *4 (no harm where "party knew about the expert, knew about the content of the expert's testimony, and had an opportunity to depose the expert."); *Becerra v. J.C. Penney Corp., Inc.*, 2017 WL 1479410, at *3 (C.D. Cal. Apr. 24, 2017); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 2013 WL 12126773, at *5–6 (C.D. Cal. June 27, 2013); *A.C.T. 898 Prod., Inc. v. W.S. Indus., Inc.*, 2017 WL 2992741, at *2 (C.D. Cal. Apr. 11, 2017).

-13-

### D.   The Court Should Not Strike Masimo's Disclosures and Evidence

Striking Masimo's disclosures is not warranted because any alleged failure to disclose information was "substantially justified" and "harmless."  *See Liberty Insurance Corp.*, 41 F4th at 1191-92.  Providing the four employee disclosures under Rule 26(a)(2)(C) instead of 26(a)(2)(B) was at least substantially justified because the case law discussed above provided a good faith basis to believe the witnesses, as a regular employees, fell under Rule 26(a)(2)(C).  Priddell and Muhsin's disclosures also provided the substantive information required by Rule 26(a)(2)(B).  If necessary, they could provide a supplemental declaration on the remaining non-substantive information, such as their education qualifications.

Moreover, Masimo's disclosures satisfy the four-factor test that courts often apply in evaluating harmlessness and justification: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Insurance Corp.*, 41 F4th at 1191-92.  Apple fails to acknowledge the four-part test, much less analyze the four factors.  All four factors confirm exclusion would be inappropriate.

### 1.   Apple Was Not Surprised Or Prejudiced

Apple argues Masimo's disclosures were not "harmless" because Apple allegedly lacks "sufficient information" to "depose the employee witnesses, select a rebuttal witness, and prepare for trial." Mot. at 15. That is false.  Masimo's disclosures provide all information required by Rule 26(a)(2)(C).  Specifically, the disclosures describe the witnesses' opinions and the facts supporting those opinions. *See Amos*, 2011 WL 43092, at *4; *J.C. Penney*, 2017 WL 1479410, at *3 (denying exclusion because "Plaintiff does not support her assertion that the delay rendered her 'unable' to designate or disclose rebuttal experts or reports.").  Thus, Apple has the information it needs to depose each witness, select a rebuttal witness if necessary, and prepare for trial.  Moreover, Apple was not surprised or prejudiced because Masimo informed Apple of its contentions

-14-

throughout discovery.  *See e.g.*, Ex. O (misappropriation) Exs. N and Q (trade secret development and use); Ex. 12 (damages).

Masimo separately explains below why Apple was not surprised or prejudiced by each of the four disclosures.

### a.   **Priddell's Disclosure**

Priddell's disclosure was neither surprising nor prejudicial to Apple.  Long ago,

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████   The parties agreed that this discovery is fully available in this case "for any purpose."  Ex. C.  During fact discovery in this case, Masimo provided Apple with several iterations of this analysis.  *See e.g.,* Ex. E.  Priddell again updated that analysis through June 2022.  Ex. 2, Priddell ¶¶ 16-19; Ex. F.  That update was not surprising because it merely added Masimo's latest information on an issue that Masimo disclosed to Apple long ago.  Ex. 2 ¶¶ 16, 18.  Priddell's analysis is also not prejudicial because Apple already took discovery on the earlier analysis and will have the opportunity to depose Priddell on his update during expert discovery.

Apple complains that Masimo represented it did "not intend to call Mr. Priddell at trial."  Mot. at 12.  Masimo did not initially intend to call Priddell as a witness at trial because it planned to call a different Masimo engineer, Stephen Scruggs.  Kachner Decl. ¶ 14.  Masimo identified Scruggs as a potential trial witness.  ████████████

██████████████████████████████████████████████████████

████████████   Thus, Priddell provided the disclosure instead of Scruggs.

Moreover, what Apple characterizes as a representation was merely a mutual disclosure of information to prioritize fact depositions.  The parties agreed that disclosure was "for convenience and scheduling purposes only and will ***not be used by either party to exclude witnesses or evidence***."  Ex. G.  The parties agreed that, if a party later identifies as a trial witness someone it did not initially intend to take to trial, "the

offering party will make the witness available for a deposition." *Id*. Apple now violates that agreement by relying on those deposition-planning disclosures to exclude Priddell. Apple will have a chance to depose Priddell in expert discovery and Masimo offered additional deposition time for any fact discovery that Apple believes is necessary.

Apple also could not have been surprised because Masimo identified Priddell as ████████████████████████████████████████████████████████████████ *See* Br. at 12; Ex. H (Masimo's Second Amended Initial Disclosures). █████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████

████████████ Masimo's damages expert submitted a report that calculated Masimo's lost profits ████████████████ To do so, he properly relied on Priddell's technical input ████████████████████████████████████████████████

Apple complains that Priddell relied on a third-party report that identifies Apple Watch components and their costs. Apple asserts that, before Priddell's disclosure, Masimo had not identified the report "as being relevant to this litigation." Mot. at 11. Priddell's reliance on the report was substantially justified and neither surprising nor prejudicial to Apple. Apple focuses on the specific document instead of the information contained therein, which Masimo informed Apple was relevant to damages. ███████

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

█████████████████████████████████████████

As a Masimo employee, Priddell could not view Apple's confidential documents that Apple had identified in Interrogatory No. 5 discussed above. Instead, Priddell relied on a publicly available third-party report ███████████████████████████████ ████████████████████████ Apple implies Masimo withheld the document because it was dated January 2022. Mot. at 11. But that date does not indicate when Masimo identified or obtained the document. Counsel for Masimo obtained the report in September 2022, after Masimo's expert requested technical input from Masimo.

████████████████████████████████████████████

████████████████████████████████████ is justified and neither surprising nor prejudicial to Apple. *See LiiON, LLC v. Vertiv Grp. Corp.*, 2020 WL 6894668, at *5 (N.D. Ill. Nov. 24, 2020) (denying exclusion where need for documents arose when expert requested documents not produced in fact discovery). Indeed, if Apple disagrees with Priddell, Apple could easily provide a rebuttal disclosure or report ████████████████████████████████. Priddell's disclosure was neither surprising nor prejudicial to Apple.

**b.** **Muhsin's Disclosure**

Muhsin's disclosure was also neither surprising nor prejudicial to Apple. Apple complains about ████████████████████████████ Mot at 12. The update was at least substantially justified and harmless. In the 2022 ITC case between the same parties, Masimo relied on a W1 development cost analysis that the ITC admitted into evidence at trial. Kachner Decl. Ex. 15. The parties agreed that all transcripts and exhibits from the ITC case (including the W1 development cost analysis), are fully available in this case "for any purpose." Ex. C.

Like Priddell, Muhsin explained that he updated a prior analysis through June 2022. Ex. 3, Muhsin ¶¶ 18-26; *see also* Kachner Decl. ¶ 16. Like Priddell, Muhsin's update was neither surprising nor prejudicial because it merely added more recent information. Apple already took discovery on the original analysis in the ITC case,

-17-

1  deposed Muhsin during fact discovery on the updated analysis (Ex. K at 332-358), and

2  will have another chance to depose Muhsin on his disclosure during expert discovery.

3      Apple asserts that it purportedly did not know ███████████████████

4  until receiving Muhsin's disclosure and that Masimo's response to Apple's damages

5  contention interrogatory ████████████████████████████████████████████

6  Mot. at 12.  As discussed above, Apple ignores that Masimo disclosed that, "[b]ut for

7  ███████████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████████

9  █████████████████████████████

10  █████████████████████████████████████████████████████████

11  ███████████████████████████████████████████████████████████████████

12  ███████████████████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████████████████

15  ███████████████████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████████████

20      Apple also took extensive discovery concerning the ████████████████

21  █████████  Apple specifically questioned Masimo's CEO, Joe Kiani, about the ████

22  █████████████████████████████  Ex. 10, 147:7-155:11.  ████████████████

23  ███████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████  Ex. K at

25  203:1-204:1; 290:15-291:7; 302:4-10; 303:22-304:16; 306:3-12; 313:1-315:4.  Apple

26  cannot credibly claim surprise or prejudice.

27      Apple complains that some documents cited in Muhsin's disclosure were

28  produced after the close of fact discovery.  The timing was substantially justified because

Masimo produced these documents on August 18, 2022—just four business days after the close of fact discovery and as soon as the updated documents were complete.  *See* Ex. 9 at 2; Ex. K at 347:15-348:16.  Masimo's ongoing obligation to update productions required the production.  Fed. R. Civ. P. 26(e).  The timing was not prejudicial to Apple because Masimo alerted Apple to the production and stated the documents would be relied on in expert reports.  Ex. 9 at 2.  Masimo also invited Apple to depose Muhsin on the updated version of the documents during his fact deposition that the parties had agreed to take after the close of fact discovery to accommodate witness schedules.  *Id.*

Apple also suffered no prejudice because it did, in fact, depose Muhsin on the updated documents during his fact deposition.  Ex. K at 332-358.  Apple will also have an opportunity to depose Muhsin on his disclosure.  And Apple agreed that it had no issue with Masimo's experts relying on the updated documents.  Ex. L.  Apple expressly excluded MASA03583610-633 from the list of documents to which Apple objected and Apple understood Masimo's experts would rely on the documents.  *Id.*; Ex. M.  Masimo relied on Apple's agreement when it served Muhsin's Rule 26(a)(2)(C) disclosure, which cited documents within that range (MASA03583610-633).

Apple argues Masimo's response to Apple's damages contention interrogatory does not ██████████████████████████████████  That is because, ████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

Apple contends that Masimo's "vague language" in response to Apple's damages contention interrogatory "is all the more unjustified because the Special Master put Plaintiffs on notice earlier this year that their responses to Interrogatory No. 17 were

-19-

insufficiently detailed." Mot. at 13.  Apple's characterization of Masimo's contentions
is inaccurate and Apple omits that Masimo supplemented its response to Apple's
damages contention interrogatory five times since that order was entered.  *See* Ex. 12.
Muhsin's disclosure was neither surprising nor prejudicial to Apple.

       **c.**     **Kiani's Disclosure**

     Kiani's disclosure was also neither surprising nor prejudicial to Apple.  Apple
argues that Kiani's disclosure on the value of the trade secrets is improper under Rule
26(e) because ███████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████ and (2) Kiani
opines on the value of the individual trade secrets when Masimo allegedly only
identified value on the trade secret categories.  Mot. at 14.  Neither opinion is new.
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████      ████████      ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

     Masimo's interrogatory responses described the trade secrets, ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████ Kiani's
disclosure provides the same information. ████████████████████
████████████████████████ Kiani's disclosure contains no new theories or facts.

     Apple's complaint about Kiani's opinions on the value of individual trade secrets

also lacks merit.  Apple suggests that Masimo previously disclosed only the value for the combination of all trade secrets in each category.  That is not true.  Masimo explained the value of the individual trade secrets, and grouped the value by category, because the individual trade secrets within each category provide value for similar reasons.  For example, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Kiani's disclosure is consistent with Masimo's prior discovery responses and explains that the individual trade secrets provide value for the previously disclosed reasons.

████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ Kiani's disclosure does not disclose new information and is consistent with Rule 26(e).  As with Masimo's other witnesses, Apple will have a chance to depose Kiani on the disclosure.  Apple can cross examine Kiani at his deposition or at trial on any alleged inconsistency. Kiani's disclosure was neither surprising nor prejudicial to Apple.

        **d.**    **Diab's Disclosure**

Diab's disclosure was also neither surprising nor prejudicial to Apple.  Apple argues that Diab refers to ████████████████████████████████████████

1

2

3

4

5

6

7

8        Apple also complains that Diab cites other documents that Masimo had not

9   previously identified.  Mot. at 14.  For example, Apple argues MASA03602786 is

10  allegedly new.  *Id.*

11

12

13

14                                                Masimo was obligated to produce these

15  documents under its ongoing discovery obligations pursuant to Rule 26(e).  The timing

16  of Masimo's production was substantially justified.

17        Moreover, Apple was not prejudiced by Diab                          or other

18  documents.  Masimo offered an additional fact deposition of Diab and other discovery

19  that Apple refused.  Ex. J; Ex. 1 at 5.  Expert discovery is ongoing, Apple can depose

20  Diab on his disclosure and cited documents, and trial is five months away.

21        Apple further argues that Diab's disclosure is allegedly new because Diab

22  addresses the value of individual trade secrets when Masimo previously identified value

23  of trade secret categories.  Mot. at 14-15.  That argument lacks merit for the reasons

24  described above.  *See supra* Section II.D.1.c.

25        Moreover, Diab's analysis is not new.  For example,

26

27

28

1 ████████████████████████████████████████████████████

2 ████████████████     ████████████████ Masimo provided this information during

3 discovery.  Ex. 14 at 10-12, 20-22.  Diab offers the same information described in

4 Masimo's discovery responses.

5          Finally, Apple argues that Diab's ████████████████████████████

6 ██████████ is allegedly new.  Mot. at 14-15 (citing Ex. 5 at ¶¶ 48-50).  It is not. ████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████  ████  ████████████████████

11 ████████████████████████████████████████████████████

12 Thus, Masimo informed Apple of the value of these trade secrets.

13          **2.     Apple Has The Ability To Cure Any Alleged Prejudice**

14          Apple could address any alleged prejudice.  *J.C. Penney*, 2017 WL 1479410, at

15 *3 (denying exclusion because "to the extent there is any prejudice, it may be cured").

16 Masimo timely served its disclosures six months before trial.  Expert discovery is

17 ongoing, and Apple has yet to start expert depositions.  Apple will be permitted to depose

18 all four employees on their disclosures.  As explained above, Masimo repeatedly asked

19 Apple to identify any fact discovery it would have taken earlier and Masimo offered to

20 provide such discovery, including additional fact depositions of the four employees.

21 Ex. J; Ex. 1 at 5.  Apple refused to identify any needed fact discovery, rejected the

22 offered depositions, and instead filed its present Motion.  Apple's failure to identify any

23 prejudice, combined with Masimo's offers to provide any necessary discovery,

24 demonstrates that Apple is not interested in curing the alleged prejudice.  Rather, Apple

25 seeks to capitalize on an alleged procedural misstep to obtain an advantage on the merits.

26          **3.     Trial Will Not Be Disrupted**

27          Masimo served the disclosures on September 23.  Expert discovery continues until

28 December 12.  Apple had two and a half months, and still has six weeks, before the close

of expert discovery.  Moreover, trial is not until March 27, 2023.  Thus, Apple has ample time to complete any additional discovery without impacting trial.  *See J.C. Penney*, 2017 WL 1479410, at *3 (no exclusion where expert was "available for deposition in a timely manner" and any delay "is not likely to disrupt trial").

### 4.   Masimo Has Not Engaged in Bad Faith or Willfulness

Apple does not allege Masimo engaged in bad faith or willfulness.  Masimo provided its disclosures in an abundance of caution.  Much of these disclosures were arguably not required because they contain facts the witnesses could provide at trial as a fact witness.  Masimo provided the disclosure to give Apple full notice and every opportunity to question the witnesses in advance of trial.  Masimo acted in good faith.[2]

### 5.   Apple's Cases Do Not Support Exclusion

Apple's case law does not support striking Masimo's disclosures.  For example, Apple cites *Texchem Advanced Prods. Inc. v. E.Pak Int'l Inc.*, 2013 WL 12114017, at *4 (C.D. Cal. Aug. 19, 2013), in which an expert served his report on the day summary judgment motions were due.  *Id.* at *4.  In contrast, Masimo timely served its disclosures.

In *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 2863585 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358 (Fed. Cir. 2021), the court excluded expert testimony that was "contrary to the plain language" of the factual evidence.  *Id.* at *15.  The court noted that the plaintiff's Rule 30(b)(6) designee directly contradicted the expert opinions and represented the plaintiff lacked the information on which the expert relied.  *Id.*  As explained above, Masimo neither provided conflicting testimony nor asserted it lacked information on the issues addressed by the disclosures.

In *Robinson v. HD Supply, Inc.*, 2013 WL 5817555, at *3 (E.D. Cal. Oct. 29, 2013) and *Trulove v. D'Amico*, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018), the

---

[2] Apple complains that Masimo took a week to respond to Apple's letter.  Mot. at 15. Masimo spent a reasonable amount of time preparing a detailed written response so the parties could meaningfully meet and confer on Apple's request to exclude four witnesses on numerous grounds.

1  courts excluded expert witnesses because, unlike here, the disclosures failed to comply

2  with the Rule 26(a)(2)(C) requirements.   In *Miesen*, a party disclosed a nonretained

3  expert six months after the deadline and provided his expert report months later.  2021

4  WL 1124758 *Id.* at *2.  In *Rodriguez v. Akima Infrastructure Servs.*, *LLC*, 2019 WL

5  5212968 (N.D. Cal. Oct. 16, 2019), the court excluded discovery because the plaintiff

6  produced discovery three years after the close of fact discovery.  *Id.* at *1.

7       Apple also cites *Alorica, Inc. v. Boston Consulting Grp. Inc.*, 2022 WL 1844113

8  (C.D. Cal. Feb. 22, 2022), which ***denied*** a motion to strike.  The court found the party's

9  "failure to comply with Rule 26(a) [was] harmless" and there was no prejudice because

10  there was ample time for additional discovery.  *Id.*  The same analysis applies here.

11  **E.     Apple's Arguments Are Inconsistent With Its Own Actions**

12       Apple incorrectly argues an expert may never rely on "newly disclosed

13  information raised for the first time after the close of fact discovery."  Mot. at 11.  As

14  discussed above, Apple's cited cases do not support that position.  Moreover, Apple's

15  own experts rely on documents that Apple never identified or produced in discovery.

16  The documents Apple complains of here are dwarfed by the volume of new documents

17  relied on by Apple's own experts.  *See* Ex. M at 3; Ex. I. ██████████████████

18  ███████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████████

23  Apple's production is particularly prejudicial because the documents strongly support

24  Masimo's case.  However, unlike Apple, Masimo is cooperating with Apple in good

25  faith in an attempt to determine if Masimo's prejudice can be cured.  Ex. J.  Apple should

26  similarly work with Masimo in good faith to address any prejudice claimed by Apple.

27                          **III.   CONCLUSION**

28       For the reasons discussed above, the Court should deny Apple's motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 1, 2022

By: /s/ Mark D. Kachner
      Joseph R. Re
      Stephen C. Jensen
      Benjamin A. Katzenellenbogen
      Perry D. Oldham
      Stephen W. Larson
      Mark D. Kachner
      Baraa Kahf
      Adam B. Powell
      Daniel P. Hughes
      Justin J. Gillett

      Attorneys for Plaintiffs
      MASIMO CORPORATION and
      CERCACOR LABORATORIES, INC.

56492346

-26-