UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | November 7, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:**     **[IN CHAMBERS] Order Regarding Plaintiffs' Motion to Modify October 11 Order**

Before the Court is Plaintiffs' Motion to Modify the Court's October 11, 2022 Order. See Mot., ECF Nos. 950, 953 (sealed); see also October 11 Order, ECF No. 946 (sealed). Apple filed an opposition. See Opp., ECF No. 963. Plaintiffs filed a reply. See Reply, ECF No. 972.

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the Court **VACATES** the November 14, 2022 hearing.

For the following reasons, the Court **GRANTS-IN-PART** Plaintiffs' motion.

**I. BACKGROUND**

On October 11, 2022, the Court issued an order regarding Apple's Motion for Review of the Special Master's Order No. 15. See ECF No. 946 (the "Order"). In the Order, the Court sustained Apple's objections, thus precluding Plaintiffs' requested discovery, because (1) the requests were untimely, (2) the requests did not relate to the technology at issue in this case, and (3) relevance was not shown. Id. at 5.

Plaintiffs now request that the Court remove from the Order the second untimeliness ground, which makes factual findings relating to Plaintiffs' knowledge that certain of their former employees now work at Rockley Photonics. See Mot. at 1 (quoting

ECF No. 946 at 7-8). Specifically, Plaintiffs maintain that they did not learn this information until during the True Wearables trial. Lead trial counsel has provided supporting sworn declarations. See ECF Nos. 951-1, 972-1. Those declarations explain that Plaintiffs learned this information during trial, while preparing for cross-examination, so Plaintiffs maintain that their statements to the Court were correct. Mot. at 2-3.

Apple opposes Plaintiffs' request because (1) Plaintiffs have not met the standard for the "extraordinary remedy" of reconsideration, and (2) Plaintiffs have not disproved the Court's findings about when Plaintiffs first learned the information. Opp. at 1-2.

## II. LEGAL STANDARDS

### A. Modifying Interlocutory Orders

Under Rule 54(b), the Court may revise any interlocutory order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" as long as the Court retains jurisdiction. This is an exercise of the Court's inherent authority. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001). Such a modification is justified "if sufficient cause is shown." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 13 n. 14 (1983). "A request from a party for a court to exercise this authority generally comes in the form of a motion for reconsideration." Allergan Inc. v. Athena, No. SA CV 08-427, 2012 WL 12898344, at *2 (C.D. Cal. May 24, 2012) (collecting cases).

### B. Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). It is appropriate when an order "is demonstrably wrong, or if new developments would affect the outcome of the motion." Network Signatures, Inc. v. ABN-AMRO, Inc., No. SA CV 06-629 JVS-RNBx, 2007 WL 7601871, at *1 (C.D. Cal. Apr. 10, 2007). Thus, it should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Maryln Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); see also L.R. 7-18.

## III. DISCUSSION

Although Plaintiffs have not demonstrated that reconsideration is warranted, for the reasons explained below, the Court will **GRANT-IN-PART** the motion.

Plaintiffs state that they are not requesting reconsideration, but rather are "seek[ing] to address a potential misunderstanding that is easily corrected based on

representations of counsel." Reply at 1. Although formal reconsideration is unwarranted, the Court agrees that it has the inherent authority to make corrections to prior orders, including to avoid a potential misunderstanding. Although the Court does not find the Order demonstrably wrong or clearly erroneous, in light of counsel's representations, the Court will make the following modifications:[1]

> *Even crediting counsel's representations that they* ~~It does not appear to the Court that Plaintiffs~~ learned for the first time during the True Wearables trial that certain of their former employees now work at Rockley, *Plaintiffs do not explain why they could not have uncovered this information earlier*. For example, while cross-examining Cristiano Dalvi, Plaintiffs asked Dalvi to "turn to a tab in [the] black binder" with the international PCT patent application for international patent number WO2021116766A1, *published on June 17, 2021*. 3/18/22 Trial Tr. at 114:22-115:10. Plaintiffs confirmed that Dalvi was one of the listed inventors on the application, and Rockley is the listed applicant. *Id.* at 115:12-116:116:2; see also id. 117:18-118:5 (Q: "So it's public knowledge that you work for Rockley Photonics?" A: "Yes.").[2]
>
> The fact that Plaintiffs had this publicly filed patent application at the ready during trial suggests that it *could have learned in a timely fashion* ~~came as no surprise~~ that Dalvi worked for Rockley. Indeed, Dalvi admitted it was public knowledge. Similarly, when cross-examining Rockley employee Sean Merritt, Plaintiffs confirmed ~~their knowledge~~ that several other *former* Masimo or Cercacor employees also work for Rockley. See id. at 125:2-12 (Q: "And several other employees from Masimo or Cercacor also work at the same company you work for now, correct?" A: "Yes." Q: "And that includes at least Cristiano Dalvi, who just testified, Phillip Perea, Maria Javier, and Ferdyan Lesmana, correct?" A: "That's correct."); see also id. at 126:4-5 (Q: "And who is your current employer?" A: "Rockley Photonics."), 126:23-127:10 (confirming that Dalvi and Merrit are both listed on another patent application, WO2022029486, *published on February 10, 2022,* which was also in the prepared binder). Plaintiffs asked Merritt, "So it's not actually secret that you're working for Rockley Photonics, correct?" Id. 132:10-12; see also id. at 135:3-4 (same). Merritt confirmed it was not a secret. Id. Plaintiffs also clarified that "it's not actually secret that you're working on wearable wireless sensing for physiological parameters at

---

[1] Additions are shown in italics and deletions are shown in strikethrough.

[2] The following footnote appears in the Order and will remain unchanged: "This testimony was sealed intermittently at the time it was given and immediately unsealed upon Plaintiffs' request. See id. at 120:14-20 ('[Plaintiffs]: Your Honor, could we unseal the entirety of his testimony given that everything is public? THE COURT: Any objection? His testimony will be unsealed. [Plaintiffs]: Thank you, Your Honor. (The entirety of Christopher Dalvi's testimony was unsealed.)')."

Rockley Photonics, correct?" Id. 132:13-16. Merritt confirmed that was not secret. Id.

Given that none of this was secret, Plaintiffs' professed ignorance concerning Rockley until the March 2022 True Wearables bench trial cannot justify their delay in raising the Rockley "related technology" theory until post-written discovery cutoff motion practice concerning the Rockely subpoena.

See ECF No. 946 at 7-8 (modifications added as stated in footnote 1, supra).

Accordingly, the Court **GRANTS-IN-PART** the Motion as reflected above. The Court otherwise denies the Motion. The Court will not entertain further modification requests concerning the October 11 Order.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** Plaintiffs' motion to modify the October 11 Order.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |