1  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  One Front Street, Suite 3500
   San Francisco, CA 94111
4  Tel.: 628.235.1000 / Fax: 628.235.1001

5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304-1211
   Tel.: 650.849.5300 / Fax: 650.849.5333

8
9  BRIAN M. BUROKER, *pro hac vice*
     bburoker@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
10 1050 Connecticut Avenue, N.W.
   Washington, D.C. 20036
11 Tel.: 202.955.8500 / Fax: 202.467.0539

12 [Counsel appearance continues on next page]

13 *Attorneys for Defendant Apple Inc.*

14            **UNITED STATES DISTRICT COURT**
15    **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

16 MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
17 a Delaware corporation; and
   CERCACOR LABORATORIES, INC.,          **REPLY IN FURTHER SUPPORT OF**
18 a Delaware corporation,               **APPLE'S MOTION TO STRIKE**
                                         **PLAINTIFFS' PURPORTED RULE**
19            Plaintiffs,                **26(A)(2)(C) DISCLOSURES**

20        v.                             Date: November 21, 2022
21 APPLE INC.,                           Time: 1:30pm
   a California corporation,
22
              Defendant.                 Expert Discovery Cut-Off: Dec. 12, 2022
23                                       Pre-Trial Conference: Mar. 13, 2023
                                         Trial: Mar. 27, 2023
24

25                    REDACTED VERSION OF
26        DOCUMENT PROPOSED TO BE FILED UNDER SEAL

27

28

1   BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
3   New York, NY 10166-0193
    Tel.: 212.351.2339 / Fax: 212.817.9539
4
    ILISSA SAMPLIN, SBN 314018
5     isamplin@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   333 South Grand Avenue
    Los Angeles, CA 90071-3197
7   Tel.: 213.229.7000 / Fax: 213.229.7520

8   ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9   GIBSON, DUNN & CRUTCHER LLP
    2029 Century Park East, Suite 4000
10  Los Angeles, CA 90067
    Tel.: 310.552.8546 / Fax: 310.552.7026
11
    KENNETH G. PARKER, SBN 182911
12    Ken.parker@haynesboone.com
    HAYNES AND BOONE, LLP
13  660 Anton Boulevard, Suite 700
    Costa Mesa, CA 92626
14  Tel. 650.949.3014 / Fax: 949.202.3001

15  MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
16  WILMER CUTLER PICKERING
      HALE AND DORR LLP
17  2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
18  Tel.: 650.858.6000 / Fax: 650.858.6100

19  NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
20  WILMER CUTLER PICKERING
      HALE AND DORR LLP
21  1225 Seventeenth Street, Suite 2600
    Denver, CO 80202
22  Tel.: 720.274.3152 / Fax: 720.273.3133

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      Introduction ............................................................................................. 1

II.     Argument ................................................................................................. 2

    A.   The Priddell, Muhsin, Kiani, and Diab Disclosures Violate The Federal Rules Of Civil Procedure ................................................ 2

    1.   The Disclosures Violate FRCP 26(a)(2) ....................................... 2

    2.   Plaintiffs Do Not Dispute That The Disclosures Contain New Information In Violation Of FRCP 26(e) .................................. 9

    B.   Plaintiffs Have Failed To Meet Their Burden To Show That Their FRCP Violations Were Substantially Justified Or Harmless ................ 10

    1.   Plaintiffs' Misleading Statements Regarding The Legal Standard And Apple's Conduct Should Be Disregarded ........................ 10

    2.   Plaintiffs Have Not Met Their Burden To Show Substantial Justification Or Harmlessness ................................................ 13

III.    Conclusion ............................................................................................ 25

Wilmer Cutler
Pickering Hale
and Dorr LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*A.C.T. 898 Products, Inc. v. W.S. Industries, Inc.*,
    2017 WL 2992741 (C.D. Cal. Apr. 11, 2017) ................................................ 12

*Allstate Insurance Co. v. Nassiri*,
    2011 WL 2975461 (D. Nev. July 21, 2011) .................................................... 3

*Alorica, Inc. v. Boston Consulting Group, Inc.*,
    2022 WL 1844113 (C.D. Cal. Feb. 22, 2022) ................................................ 17

*Amos v. Makita U.S.A., Inc.*,
    2011 WL 43092 (D. Nev. Jan. 6, 2011) ......................................................... 12

*Becerra v. J.C. Penney Corp.*,
    2017 WL 1479410 (C.D. Cal. Apr. 24, 2017) ................................................ 12

*Beecham v. Roseville City School District*,
    2017 WL 4038360 (E.D. Cal. Sept. 13, 2017) ............................................... 12

*Brown v. Wal-Mart Store, Inc.*,
    2018 WL 2011935 (N.D. Cal. Apr. 27, 2018) ............................................... 18

*Burreson v. BASF Corp.*,
    2014 WL 4195588 (E.D. Cal. Aug. 22, 2014) ................................................ 4

*Carr v. County of San Diego*,
    2021 WL 4244596 (S.D. Cal. Sept. 17, 2021) ............................................. 3, 5

*Carrillo v. B&J Andrews Enterprises, LLC*,
    2013 WL 394207 (D. Nev. Jan. 29, 2013) .................................................... 14

*Chaudhry v. Smith*,
    2020 WL 869115 (E.D. Cal. Feb. 21, 2020) ............................................... 6, 7

*Copart, Inc. v. Sparta Consulting, Inc.*,
    2018 WL 1871414 (E.D. Cal Apr. 19, 2018) ............................................... 3, 5

*Crespo v. Target Corp.*,
    2017 WL 3575281 (C.D. Cal. June 30, 2017) ................................................ 5

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
ii
CASE NO. 8:20-cv-00048-JVS (JDEx)

*Doe 1 v. Manhattan Beach Unified School District*,
    2020 WL 7931596 (C.D. Cal. Dec. 22, 2020) ............................................3, 5

*Downey v. Bob's Discount Furniture Holdings, Inc.*,
    633 F.3d 1 (1st Cir. 2011) .........................................................................4, 14

*F.D.I.C. v. Anderson*,
    2012 WL 3728160 (E.D. Cal. Aug. 27, 2012) .........................................3, 12

*Generations v. Whitestone Pinnacle*,
    2021 WL 9597885 (D. Ariz. Feb. 22, 2021) .................................................11

*Gentec Enterprises Inc. v. Transistor Devices Inc.*,
    2012 WL 13005868 (C.D. Cal. Mar. 29, 2012) ...........................................17

*Goodman v. Staples The Office Superstore,*
    *LLC*, 644 F.3d 817 (9th Cir. 2011).......................................................*passim*

*Guzik Technical Enterprises, Inc. v. Western Digital Corp.*,
    2013 WL 6070414 (N.D. Cal. Nov. 18, 2013)..............................................12

*Hellman-Blumberg v. University of the Pacific*,
    2013 WL 4407267 (E.D. Cal. Aug. 15, 2013) ............................................3, 5

*Homeland Housewares, LLC v. Sharkninja Operating LLC*,
    2016 WL 1698254 (C.D. Cal. Apr. 27, 2016)..............................................11

*In re Application of Republic of Ecuador*,
    280 F.R.D. 506 (N.D. Cal. 2012) ..................................................................4

*In re Zofran (Ondansetron) Products Liability Litigation*,
    2019 WL 4980310 (D. Mass. Oct. 8, 2019)...................................................3

*Jackson v. Officer Forman*,
    2020 WL 6526373 (C.D. Cal. Oct. 15, 2020) ....................................3, 4, 5, 7

*Jones v. Travelers Casualty Insurance Company of America*,
    304 F.R.D. 677 (N.D. Cal. 2015) ...........................................................19, 22

*Kanellakopoulos v. Unimerica Life Insurance Co.*,
    2018 WL 984826 (N.D. Cal. Feb. 20, 2018)..............................................4, 5

*Lanard Toys, Ltd. v. Novelty, Inc.*,
    375 F. App'x 705 (9th Cir. 2010).................................................................12

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
iii         CASE NO. 8:20-cv-00048-JVS (JDEx)

*Liberty Insurance Corp. v. Broduer*,
　　41 F.4th 1185 (9th Cir. 2022) ................................................................... 11, 12

*LiiON, LLC v. Vertiv Group Corp.*,
　　2020 WL 6894668 (N. D. Ill. 2020) ............................................................. 22

*Merchant v. Corizon Health, Inc.*,
　　993 F.3d 733 (9th Cir. 2021) ........................................................................ 10

*Miesen v. Hawley Troxell Ennis & Hawley LLP*,
　　2021 WL 1124758 (D. Idaho Mar. 24, 2021) ................................................ 4

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
　　2013 WL 12126773 (C.D. Cal. June 27, 2013) ............................................ 12

*Torres v. City of L.A.*,
　　548 F.3d 1197 (9th Cir. 2008) ................................................................. 10, 17

*United States ex rel. O'Connell v. Chapman University*,
　　245 F.R.D. 652 (C.D. Cal. 2007) ................................................................. 12

*United States v. Crescendo Bioscience, Inc.*,
　　2021 WL 4129779 (N.D. Cal. Sept. 10, 2021) ............................................... 3

*United States v. Sierra Pacific Industries*,
　　2011 WL 2119078 (E.D. Cal. May 26, 2011) ................................................ 5

*Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*,
　　2015 WL 13935285 (S.D. Cal. Jan. 16, 2015) ........................................... 4, 5

*Wong v. Regents of University of California*,
　　410 F.3d 1052 (9th Cir. 2005) ...................................................................... 18

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. Prod. 26 ........................................................................... *passim*

Fed. R. Evid. 701(a) ................................................................................. 19

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
iv                                        CASE NO. 8:20-cv-00048-JVS (JDEx)

# I.   INTRODUCTION

Plaintiffs' opposition is most notable for what it does not say.  Plaintiffs do not deny that each of their "expert" disclosures provide opinions rooted in hypotheticals (e.g., ███████████████████████████████████████████) and/or material supplied for the purpose of litigation (e.g. ████████████████████████████ ████).  Their disclosures accordingly violate FRCP 26(a)(2).  Nor do Plaintiffs dispute that each disclosure includes new information that was not disclosed during fact discovery (e.g., Plaintiffs' new damages theories based on the ████████████████ ██████ and new details regarding Plaintiffs' purported trade secrets).  Their disclosures accordingly also violate FRCP 26(e).

Instead, Plaintiffs put their eggs in two baskets—one legal (their argument about the legal test under FRCP 26(a)(2)(B)) and the other factual (their argument that Apple has not suffered prejudice from the FRCP 26(e) violations).  As to the former, Plaintiffs cite a small handful of district court cases to argue that a party's employees are *never* required to file an FRCP 26(a)(2)(B) report unless they regularly testify on behalf of their employer.  This assertion cannot be squared with the Ninth Circuit's ruling in *Goodman v. Staples*, 644 F.3d 817, 825-826 (9th Cir. 2011), or myriad other decisions from this Circuit.  The *Goodman* principle—i.e., that any expert witness who develops opinions based on information beyond his or her own percipient knowledge must file a FRCP 26(a)(2)(B) report—makes good sense when applied to this case, since an employee who is specially employed to develop opinions based on hypotheticals or materials provided for the purpose of litigation is acting as a retained expert would.

As to the latter, Plaintiffs argue that Apple has not suffered prejudice from their repeated violations of FRCP 26 because Plaintiffs left a breadcrumb trail of hints about their new theories scattered throughout their prior filings.  But Plaintiffs do not dispute that they did not present their new theories and arguments in their responses to Apple's interrogatories regarding their damages and trade secret theories.   Plaintiffs also argue

---

Wilmer Cutler
Pickering Hale
and Dorr LLP

that their violations can be remedied by granting Apple a deposition for each purported expert.  But Apple cannot take an effective deposition without the full report required under FRCP 26(a)(2)(B)—and given that Plaintiffs have agreed that Apple is entitled to depositions *regardless* of the outcome of this motion, ordering depositions would hardly constitute a sanction.  In any event, Plaintiffs' gamesmanship has prevented Apple's experts from fully responding to the four "expert" opinions and Apple has been denied the opportunity to seek fulsome written discovery on Plaintiffs' new theories *during* fact discovery—a time when Apple was not also juggling expert discovery, summary judgment briefing, and preparations for trial, which is now just over four months away.

## II.    ARGUMENT

### A.    The Priddell, Muhsin, Kiani, and Diab Disclosures Violate The Federal Rules Of Civil Procedure

#### 1.    The Disclosures Violate FRCP 26(a)(2)

##### a. *Witnesses Who Intend To Testify On Matters Beyond Their Percipient Knowledge Fall Under FRCP 26(a)(2)(B)*

As Apple has explained, experts must submit a complete report under FRCP 26(a)(2)(B) whenever they intend to rely on information beyond their own percipient knowledge—i.e., they have prepared to testify specifically for the case at hand by consulting materials provided by counsel and/or by developing opinions based on a hypothetical set of facts.  *See* Mot. 7-8 (collecting case law).  This principle follows naturally from the plain text of FRCP 26(a)(2)(B), which applies when *inter alia* an employee is "specially employed" to provide expert testimony in the case.

Plaintiffs primarily argue in favor of a rule that an employee need not provide a report unless they regularly testify as an expert, relying on five district court cases. Opp. 2-3.  These decisions cannot overrule the Ninth Circuit's precedential decision in *Goodman*, which holds that an expert (e.g., a doctor) must comply with FRCP 26(a)(2)(B) when he or she forms an opinion based on information outside of his or her

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
CASE NO. 8:20-cv-00048-JVS (JDEx)
2

1   percipient knowledge.  644 F.3d at 825-826.  In any event, two of the cases that

2   Plaintiffs muster for this point acknowledge that they are stating a minority rule.  *See*

3   *Allstate Insurance Co. v. Nassiri*, 2011 WL 2975461, at *6-7 (D. Nev. July 21, 2011);

4   *see also In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2019 WL 4980310, at *11 (D.

5   Mass. Oct. 8, 2019) ("majority" of courts mandate that employee-expert who "does not

6   ordinarily testify but reviews material specifically for the case must submit an expert

7   report in compliance with Fed. R. Civ. P. 26(a)(2)(B)").  A third case found that the

8   witness at issue was providing opinions based solely on her percipient knowledge, and

9   thus would not be required to provide an FRCP 26(a)(2)(B) report regardless of

10  whether the *Goodman* rule applied.  *Doe 1 v. Manhattan Beach Unified Sch. Dist.*,

11  2020 WL 7931596, at *4 (C.D. Cal. Dec. 22, 2020).[1]

12         Plaintiffs' focus on these outlier cases ignores that the vast majority of district

13  courts in the Ninth Circuit decision have applied the *Goodman* rule in the same manner

14  as Apple.  *See, e.g.*, Mot. 2-3 (collecting cases).  Even beyond the cases cited in

15  Apple's prior brief, for example, *Copart, Inc. v. Sparta Consulting, Inc.*, held that

16  employee expert witnesses "may not render opinions based on information obtained

17  outside of their personal knowledge … without an expert report filed under [FRCP]

18  26(a)(2)(B)."  2018 WL 1871414, at *20 (E.D. Cal. Apr. 19, 2018).  Similarly, *Jackson*

19  *v. Officer Forman* held that any expert who receives and analyzes evidence in

20  preparation for litigation is "required to submit an expert report under Rule

21  26(a)(2)(B)."  2020 WL 6526373, at *3 (C.D. Cal. Oct. 15, 2020).  Many other

22  California courts have reached the same basic conclusion.  *See, e.g.*, *Carr v. Cnty. of*

23  *San Diego*, 2021 WL 4244596, at *4 (S.D. Cal. Sept. 17, 2021); *United States v.*

24  *Crescendo Bioscience,* 2021 WL 4129779, at *3 (N.D. Cal. Sept. 10, 2021);

---

[1] The remaining two cases are no more helpful.  In *Anderson*, 2012 WL 3728160 (E.D. Cal. Aug. 27, 2012), the purported expert failed to supply a written report of any kind. *Id.* at *4.  And in *Hellmann-Blumberg*, 2013 WL 4407267 (E.D. Cal. Aug. 15, 2013), the court distinguished *Goodman* because it involved a physician witness, *id.* at *2 & n.2—a line that many other courts in this district have rejected, *infra* p. 5.

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
CASE NO. 8:20-cv-00048-JVS (JDEx)
3

*Kanellakopoulos v. Unimerica Life Ins. Co.*, 2018 WL 984826, at *4-5 (N.D. Cal. Feb. 20, 2018); *Burreson v. BASF Corp.*, 2014 WL 4195588, at *4 (E.D. Cal. Aug. 22, 2014); *In re Application of Repub. of Ecuador*, 280 F.R.D. 506, 511 (N.D. Cal. 2012).

Contrary to Plaintiffs' arguments (at 1-2), the *Goodman* rule comports with FRCP 26(a)(2). FRCP 26(a)(2)(B) provides that a witness who is "retained or ***specially employed*** to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must submit a written report that complies with the requirements of FRCP 26(a)(2)(B). (Emphasis added.) While a "percipient witness who happens to be an expert" is not "specially employed" to testify, *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011), a witness who testifies beyond their percipient experience is "not testifying from personal knowledge" but rather is "receiving and analyzing evidence in preparation for litigation, which is precisely what a retained expert does," *Jackson*, 2020 WL 6526373, at *3. Therefore, when an employee "plans to offer expert opinion and testimony on matters that cause[s] him to review extensive evidence beyond his personal knowledge of this case," that employee is "specially employed" under the meaning of FRCP 26(a)(2)(B). *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2021 WL 1124758, at *5 (D. Idaho Mar. 24, 2021). Put slightly differently, an employee who "review[s] prior business records maintained over time in the course of regular business operations" and "use[s] these prior business records to compile data" is acting "as any retained expert … would do[.]" *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2015 WL 13935285, at *8 (S.D. Cal. Jan. 16, 2015). That is exactly what Plaintiffs' employees have done here.

Plaintiffs fare no better with their related argument that the 2010 amendments to FRCP 26(a)(2) changed how (a)(2)(B) should be interpreted. Opp. 2. To be clear, those amendments did not modify the "specially employed" language in FRCP 26(a)(2)(B)—or, indeed, any other relevant language in FRCP 26(a)(2)(B). They

Wilmer Cutler
Pickering Hale
and Dorr LLP

merely added FRCP 26(a)(2)(C) in order to clarify the obligations of an expert witness "who is exempted from the [FRCP 26(a)(2)(B)] report requirement."  *See* Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee Notes to the 2010 Amendment.

To be sure, the (non-binding) Advisory Committee Notes acknowledge that "[f]requent *examples*" of FRCP 26(a)(2)(C) witnesses "include physicians … and employees of a party who do not regularly provide expert testimony."  Opp. 2 (quotations omitted and emphasis added)).  But that such experts often fall under FRCP 26(a)(2)(C) does not mean that they always do.  Indeed, *Goodman* clarified the following year that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."  644 F.3d at 826; *see also, e.g.*, *Crespo v. Target Corp.*, 2017 WL 3575281, at *5 (C.D. Cal. June 30, 2017) (applying *Goodman* to require FRCP 26(a)(2)(B) report from physician who planned to testify based on documentary evidence beyond own observations).

Plaintiffs attempt to dismiss *Goodman* as "'outdated'" because it was purportedly decided "before the 2010 Amendments."  Opp. 3.  Plaintiffs are wrong on this important point—*Goodman* was decided in 2011, the year after the Amendments. Plaintiffs also argue that *Goodman* is limited to the context of physician witnesses.  *Id.* But courts across this Circuit have applied the *Goodman* principle to a wide range of expert witnesses, including law enforcement, a company's CEO, employees, and an attorney.  *See Jackson*, 2020 WL 6526373, at *3 (police officer); *Copart*, 2018 WL 1871414, at *18 (employees); *Kanellakopoulos*, 2018 WL 984826, at *4-5 (attorney); *Valvoline*, 2015 WL 13935285, at *9 (company CEO); *United States v. Sierra Pac. Indus.*, 2011 WL 2119078, at *4 (E.D. Cal. May 26, 2011) (employee); *see also Carr*, 2021 WL 4244596, at *4 (lieutenant).[2]

---

[2] The outlier cases that Plaintiffs rely upon suggest only that courts "**may**" distinguish between physicians and other witnesses.  *Hellmann-Blumberg*, 2013 WL 4407267, at *2 n.2 (emphasis added); *see Manhattan Beach*, 2020 WL 7931596, at *3 (similar).

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
5                                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

*b.  All Four Disclosures Contain Opinions Beyond The Witness's Percipient Knowledge*

Plaintiffs do not seriously dispute that each of the four "experts" at issue have provided opinions that are either based on hypotheticals or are rooted in materials that were provided by counsel for the purpose of litigation.  Accordingly, under the binding *Goodman* rule, all four were required to provide reports that comply with FRCP 26(a)(2)(B).[3]

**Priddell's Disclosure**

*First*, Plaintiffs do not contest that Mr. Priddell's disclosure ███████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████

*Second*, Plaintiffs do not dispute that Mr. Priddell ████████████████

████████████████████████████████████████████████████████████ accordingly required an FRCP

---

[3] Plaintiffs' argument (at 4-5, 7) that the Priddell and Muhsin disclosures "substantially complied" with Rule 26(a)(2)(B) is a tacit admission that they do not actually comply. Accordingly, those assertions are addressed below in the context of Plaintiffs' "substantial justification" arguments.  *See infra* pp. 14-16.

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
6
CASE NO. 8:20-cv-00048-JVS (JDEx)

26(a)(2)(B) report.  *See Jackson*, 2020 WL 6526373, at *3.  Plaintiffs' only response is to cite two cases that failed to follow the *Goodman* rule.  Opp. 5.  As explained above, that is not the law in this Circuit.  *See supra* pp. 2-5.[4]

### Muhsin's Disclosure

*First*, Plaintiffs do not dispute that Mr. Muhsin's assertions ██████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Again, opinions that rest on hypothetical facts require an FRCP 26(a)(2)(B) report.  *Chaudhry*, 2020 WL 869115, at *21.

*Second*, Plaintiffs do not contest that Mr. Muhsin's opinion regarding ███ ████████████████████████████████████████████████████████████ ████████████████████████████ was not prepared in the ordinary course of business.  *Compare* Mot. 9 *with* Opp. 6-7.  As noted, opinions developed for the purpose of litigation—and based on material supplied by counsel—require an FRCP 26(a)(2)(B) report.  *Jackson*, 2020 WL 6526373, at *3.

### Kiani's Disclosure

Plaintiffs do not dispute that Mr. Kiani's opinion regarding the likelihood ███ ████████████████████████████████████████████████████████████ ████████████████████████████ *Compare* Mot. 9 *with* Opp. 8.  Plaintiffs instead argue that he ████████████████" to discuss the topic.  Opp. 8.  ████████ ████████████████████████████████████████████████████████████ Put differently, being ████████████████████████████████

---

[4] Plaintiffs' admission that they were originally planning to call a different witness to testify to the same basic facts as Mr. Priddell, Opp. 15, further confirms that Plaintiffs are not relying on Mr. Priddell for his percipient knowledge.

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
7
CASE NO. 8:20-cv-00048-JVS (JDEx)

does not equate to percipient experience.  Mr. Kiani accordingly may not opine on this topic without submitting an FRCP 26(a)(2)(B) report.

While Plaintiffs do argue that Mr. Kiani had percipient knowledge of the ████████████████████████████████████████████, they fail to cite convincing evidence to support their assertion. Opp. 8. As Apple explained, Mr. Kiani's deposition testimony illustrated his unfamiliarity with ██████████████████████████████. Mot. 9.  The best Plaintiffs can muster in response (at 8) is testimony where Mr. Kiani stated that some of Plaintiffs' ██████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████  Ex. 10 at 136:3-25.  This summary response hardly demonstrates that Mr. Kiani was aware of ████████████████████████████████████ and says nothing about Mr. Kiani's knowledge of ████████████████████ ██████████████████████  Plaintiffs also point to the fact that Mr. Kiani was able to testify regarding ████████████████████████████████████ ████████████████, Opp. 8, but this only proves Apple's point—i.e., Mr. Kiani ██████ ████████████████████████████████████████████████████ ████████

**Diab's Disclosure**

Plaintiffs do not dispute that Mr. Diab's opinion regarding ██████████████ ████████████████████████████████████████████████████ is beyond Mr. Diab's percipient knowledge.  *Compare* Mot. 10 *with* Opp. 9-12.  This opinion is therefore improper without an FRCP 26(a)(2)(B) report.

Plaintiffs also do not contest that that the ████████████████████ Mr. Diab relied on for many of his opinions were ████████████████████ Mot. 10. Accordingly, those opinions too were necessarily beyond his percipient knowledge prior to becoming involved in this litigation.

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
8                                   CASE NO. 8:20-cv-00048-JVS (JDEx)

1    Plaintiffs instead devote several pages to relitigating whether █████

2    ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ██████████████████████████████████████████████████████

6    While this Court need not resolve that issue in order to find that Mr. Diab's disclosure

7    goes beyond his percipient knowledge, even a cursory review of the underlying

8    materials shows that ████████████████████████████████████████████████

9    ████████████████████    To take just one example, ██████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ██████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ██████████████████████████████████████████████

19   ████████████████████████████

20   **2.      Plaintiffs Do Not Dispute That The Disclosures Contain New**

21   **Information In Violation Of FRCP 26(e)**

22   Plaintiffs do not dispute that all four of the expert disclosures rely on

23   information that was disclosed for the first time after the close of fact discovery.

24   *Compare* Mot. 11-15 *with* Opp. 12-13.  Plaintiffs argue only that their failure to timely

25   _____

26   [5] Plaintiffs are wrong that Apple did not ████████████████████████████████

27   ████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████

1  produce the materials they rely upon should be excused because it was "substantially
2  justified and harmless." Opp. 12.  As explained in the following section, however,
3  Plaintiffs cannot make either showing.[6]

4  **B.  Plaintiffs Have Failed To Meet Their Burden To Show That Their**
5  **FRCP Violations Were Substantially Justified Or Harmless**

6  **1.  Plaintiffs' Misleading Statements Regarding The Legal**
7  **Standard And Apple's Conduct Should Be Disregarded**

8  *a.  Legal Standard*

9  Plaintiffs devote several pages to laying out the legal standard for assessing
10  whether a violation of the expert disclosure requirement in FRCP 26(a) or the duty to
11  supplement in FRCP 26(e) is substantially justified or harmless.  Opp. 12-14, 24-25.
12  Plaintiffs' approach is flawed for two basic reasons.

13  *First*, Plaintiffs' statement of the law includes several omissions.  Most notably,
14  Plaintiffs fail to acknowledge that they—and not Apple—have the burden to show that
15  their FRCP violations were substantially justified or harmless.  *See generally* Opp. 12-
16  14.  The Ninth Circuit has made clear that in determining whether a sanction "should
17  be imposed" under FRCP 37(c)(1), "the burden is on the party facing the sanction" and
18  the moving party is "not required to articulate how they would be prejudiced by
19  Defendants' failure" to comply with FRCP 26.  *Torres v. City of L.A.*, 548 F.3d 1197,
20  1213 (9th Cir. 2008).  Plaintiffs' elision of this key point is particularly notable
21  because (1) Apple raised the burden issue in its opening brief, Mot. 2, 15, and (2) this
22  Court has previously rejected Plaintiffs' attempts to engage in "improper burden
23  shifting" when discussing FRCP 37(c)(1), *see* Dkt. 899 at 4.

24

25
_____
26  [6] Plaintiffs also assert that it is "false" and "wrong" to describe FRCP 37(c)(1) as
    imposing an "'automatic' sanction" when a party fails to comply with FRCP 26(a)
27  and/or 26(e).  Opp. 12-13 (citing Mot. 15).  That language comes directly from the
    Ninth Circuit.  *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir.
28  2021); *see also* Dkt. 899 at 2 (this Court describing Rule 37(c)(1) as "self-executing").

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
10                              CASE NO. 8:20-cv-00048-JVS (JDEx)

Relatedly, Plaintiffs chide Apple for failing to identify and apply a purported "four-factor test" for evaluating harmlessness.  Opp. 14.  Setting aside that this wrongly places the burden on Apple, Plaintiffs do not identify any case that *requires* a court to employ those factors.  Their lone authority involved a situation where the district court "completely failed to consider whether any defect" in the FRCP 26(a) disclosures was harmless or substantially justified.  *See Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).  While the *Liberty* court acknowledged that "district courts have identified" factors to "*guide* the determination of whether substantial justification and harmlessness exist," the panel did not state that the four factors Plaintiffs rely upon were exclusive or mandatory.  *Id.* (emphasis added); *see also id.* (considering, in assessing harmless, only whether it was "[]surprising" that a witness would testify on certain subjects).  And once again, Plaintiffs' assertions about the legal standard are notable because this Court has already at least implicitly rejected them.  *Compare* Dkt. 847 at 8-9 (Plaintiffs relying on the same four-factor test in arguing harmlessness) *with* Dkt. 899 at 4-5 (this Court's subsequent order assessing harmlessness without relying on that test).

*Second*, Plaintiffs rely on high-level statements about the legal standard without even attempting to tie those decisions to the specific facts of this case.  Plaintiffs do not identify a single remotely comparable case to this one, where a party put forth four separate FRCP 26(a)(2)(C) disclosures that all (1) included opinions not based on the witnesses' percipient knowledge and (2) concededly relied on information disclosed after the discovery deadline.  Instead, Plaintiffs' cases involve comparatively *de minimis* rule violations (or violations directly caused by the other side's dilatory conduct), including:

- Failure to timely produce a single document.  *Homeland Housewares, LLC v. Sharkninja Operating LLC*, 2016 WL 1698254 at *5 (C.D. Cal. Apr. 27, 2016); *see also Generations v. Whitestone Pinnacle*, 2021 WL 9597885, at *4 (D. Ariz.

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
11                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Feb. 22, 2021) (failure to request leave to replace sales projection numbers with documents listing actual sales).

- Failure to timely disclose an expert witness where the moving party actually knew the witness "would likely testify as [an] expert even before the complaint was filed" and "certainly knew after [the non-moving party] served its initial disclosures[.]" *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011); *see also Liberty Insurance*, 41 F.4th at 1190-1192 (finding that lay witness was timely disclosed, but briefly addressing harmlessness to identify a legal error in district court's analysis).

- Failure to serve an FRCP 26(a)(2)(C) disclosure for a single rebuttal witness, where the parties discussed the substance of the witnesses' testimony (which was on a "'very narrow'" topic) but plaintiff failed to provide that information in writing. *Anderson*, 2012 WL 3728160, at *2-4.

- The late service of an otherwise permissible expert report/declaration. *Becerra v. J.C. Penney Corp.*, 2017 WL 1479410, at *3 (C.D. Cal. Apr. 24, 2017); *Beecham v. Roseville City Sch. Dist.*, 2017 WL 4038360, at *3 (E.D. Cal. Sept. 13, 2017); *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010); *A.C.T. 898 Prods., Inc. v. W.S. Indus., Inc.*, 2017 WL 2992741, at *2 (C.D. Cal. Apr. 11, 2017); *see also United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 655-656 (C.D. Cal. 2007) (late service of report that failed to fully identify all documents reviewed).

- The late addition of a witness in response to a new damages theory raised by the other side. *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 2013 WL 12126773, at *5-6 (C.D. Cal. June 27, 2013).

           *b. Statements About Apple's Conduct*

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    Plaintiffs also try to muddy the waters by focusing on ▮▮▮▮▮▮▮

2    ▮▮▮▮▮▮▮ Opp. 25.  But Plaintiffs misstate the facts when they assert that



10    Plaintiffs' complaint about ▮▮▮▮▮▮▮

18    In any event, Apple's productions are irrelevant to the question at hand—

19    whether Plaintiffs should be sanctioned for providing improper expert disclosures

20    under FRCP 26(a)(2)(B) and relying on late produced documents and information.  As

21    this Court has explained in addressing a similar argument, to the extent that Plaintiffs

22    have a "reciprocal" request for relief, they must file their own motion "in the first

23    instance."  Dkt. 748 at 4.

24    **2.    Plaintiffs Have Not Met Their Burden To Show Substantial**

25    **Justification Or Harmlessness**

26    *a.  The Failure To Provide Expert Reports Per FRCP 26(a)(2)(B)*

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
13                    CASE NO. 8:20-cv-00048-JVS (JDEx)

**Not Substantially Justified.**  Plaintiffs contend that their failure to comply with FRCP 26(a)(2) was "substantially justified" because they had a "good faith basis" under existing case law that their employees need not provide an FRCP 26(a)(2)(B) report.  Opp. 14.  But as discussed above, the rule in this Circuit is that an employee who plans to testify on matters beyond his or her percipient knowledge (i.e., who was "specially employed" to testify) does not fall under FRCP 26(a)(2)(C).  *See supra* pp. 2-5.  Moreover, there is no evidence that Plaintiffs considered the case law that they now cite when serving the disclosures at issue here.  Their correspondence with Apple identified just a single, out-of-circuit case, which recognized that a FRCP 26(a)(2)(B) report would be required if an employee is "'specially employed to develop additional opinions for purposes of trial.'"  Mot. 7-8 (quoting *Downey*, 633 F.3d at 8 n.5).

Plaintiffs also argue that Mr. Priddell's and Mr. Muhsin's disclosures are justified because they provide the "substantive information" required by FRCP 26(a)(2)(B).  Opp. 14.  Plaintiffs are wrong.  As their own case law establishes, FRCP 26(a)(2)(C) requires only "summary disclosures" that are "designed to be 'considerably less extensive' than those required under Rule 26(a)(2)(B)."  *Carrillo v. B&J Andrews Enters., LLC*, 2013 WL 394207, at *4 (D. Nev. Jan. 29, 2013), *cited in* Ex. 1 at 3.  Here, both Mr. Priddell and Mr. Muhsin took advantage of FRCP 26(a)(2)(C)'s low bar to provide something less than the "complete statement of all opinions … and the basis and reasons for them" required by FRCP 26(a)(2)(B)(i).

For example, Mr. Priddell's nine-page disclosure purports to ███████████ █████████████████████████████████████████████████████████████ ██████████████████████████████████  As Apple has explained (and Plaintiffs do not dispute), ████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ██████████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    Mr. Priddell's disclosure, however, provides only high-level conclusions on this

2  important issue, which provide scant basis for Apple and its witnesses to evaluate his

3  findings. ███████████████████████████████████████████████████

4  ███████████████████████████████████████████████████████

5  ███████████████████████████████████████████████████████

6  ███████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 █████████████████████████████████████████████████

11 ███████████████████████████████████████████████████

12 ███████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████████████████████████████████████[7]

20    Mr. Muhsin's eight-page disclosure suffers from similar problems.  In particular,

21 Mr. Muhsin makes a number of bald assertions regarding what ██████████████████

22 █████████████████████████████████████████████████

23 ████████████████████

24

25 _____

26 [7] ██████████████████████ was produced as a native Excel file.
   Converting the file to PDF for submission to the Court made the document difficult to
27 read, so Apple has submitted an excerpted version that includes only the columns that
   are directly relevant to this brief.  To the extent the Court wishes to view the full file in
28 native form, Apple stands ready to transmit it.

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
15                    CASE NO. 8:20-cv-00048-JVS (JDEx)



Ex. 3 at ¶¶ 11-14.  Again, as Apple has explained (and Plaintiffs do not dispute), Mr.

Muhsin's assertions are ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████

Mr. Muhsin, however, does not provide any basis or reasoning for these

allegations.  His disclosure does not even cite documents that he considered in

reaching these conclusions, meaning that it is impossible for Apple's experts (or

attorneys, for that matter) to attempt to retrace Mr. Muhsin's steps and understand the

basis for his analysis.

**Not Harmless.**  Beyond the two purported substantial justification theories

addressed above, Plaintiffs do not appear to make a specific separate argument for why

their failure to provide FRCP 26(a)(2)(B) reports for all four witnesses was harmless.

While Plaintiffs do advance three generic arguments regarding harmlessness that apply

to both the FRCP 26(a)(2) and the FRCP 26(e) issues, not one of them is persuasive.

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
16                           CASE NO. 8:20-cv-00048-JVS (JDEx)

*First*, Plaintiffs argue that Apple should be punished for "fail[ing] to identify any prejudice" suffered from Plaintiffs' FRCP violations.  Opp. 23.  Plaintiffs are wrong that Apple has not identified prejudice, *see supra* pp. 14-16; *infra* pp. 17-25, but, in any event, Apple "was not required to articulate how [it] would be prejudiced," *Torres*, 548 F.3d at 1213.

Plaintiffs relatedly contend that any prejudice could be mitigated through additional discovery, such as depositions.  Opp. 24.  But a deposition is not a cure-all, particularly where (1) the parties are well into the expert discovery phase, (2) trial begins in just over four months, and (3) Plaintiffs have failed to provide basic facts supporting the four "expert" opinions at issue here.  *See Gentec Enters. Inc. v. Transistor Devices Inc.*, 2012 WL 13005868, at *4 (C.D. Cal. Mar. 29, 2012) (rejecting the argument that there is "no harm, no foul" so long as "depositions can be taken" where non-moving party failed to identify "the specific facts on which [an expert] opinion [wa]s based").  Cursory, incomplete reports make it difficult to prepare for Apple to prepare for a deposition—for example, Apple cannot easily evaluate ███ ███████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████  The very point of such FRCP 26(a)(2)(B) reports, however, is to avoid a situation where "opposing counsel is … forced to depose an expert in order to avoid an ambush at trial."  *Alorica, Inc. v. Boston Consulting Grp., Inc.*, 2022 WL 1844113, at *3 (C.D. Cal. Feb. 22, 2022).

More broadly, the discovery deadlines set by this Court exist for a reason:  "[A] function of the discovery cut-off is to establish a window between the close of discovery and trial during which counsel can focus on all aspects of trial preparation without the pressure of conducting discovery during that preparation period."  *Gentec*, 2012 WL 13005868 at *5.  By forcing Apple to conduct additional depositions well after the close of discovery (and potentially submit supplemental expert reports

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
17                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

following those depositions), allowing Plaintiffs to proceed without sanction would deny Apple that crucial preparation time.  *See Brown v. Wal-Mart Store, Inc.*, 2018 WL 2011935, at *4 (N.D. Cal. Apr. 27, 2018) (finding prejudice where non-moving parties' late disclosure of information would require "significant further changes to the case schedule").[8]

*Second*, Plaintiffs argue that there is "ample time" to conduct additional discovery without changing the trial date.  Opp. 23-24.  But the parties have already exchanged multiple rounds of expert reports and the deadlines for the close of expert discovery and for summary judgment are rapidly approaching.  *See* Dkt. 627 at 2-3.  It is not feasible for Plaintiffs to provide additional fact discovery, and for Apple's experts to supplement their reports as needed on account of that new discovery without causing delay to the rest of the schedule.  Moreover, even if the ultimate trial date does not change, "[d]isruption" to earlier deadlines in the schedule "is not harmless," as "[c]ourts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner."  *Wong v. Regents of Univ. Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

*Third*, Plaintiffs assert that "Apple does not allege Masimo engaged in bad faith or willfulness."  Opp. 24.  To the contrary, Apple identified several instances of Plaintiffs' gamesmanship, including ██████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████  Mot. 15-16.  More broadly, Plaintiffs have not provided a clear explanation for why they waited until the expert disclosures to identify ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

_____

[8] As discussed below, Plaintiffs' FRCP 26(e) violation is even more difficult to cure, since there is a good deal of fact discovery that Apple would have conducted if the underlying theories referenced in the expert disclosures had been raised at the appropriate time.  *Infra* p. 19.

1 ███████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3      Plaintiffs also argue that they were necessarily acting in good faith because the

4 expert disclosures "were arguably not required because they contain facts the witness

5 could provide at trial as a fact witness."  Opp. 24.  But lay witnesses are limited to

6 testimony that is "rationally based on the witness's perception."  Fed. R. Evid. 701(a).

7 As explained, each of the four disclosures at issue here go beyond the "experts'"

8 percipient knowledge and thus could not have been elicited at trial as fact witness

9 testimony.  *See supra* pp. 6-9.

10            *b.   The Failure To Timely Disclose Information Per Rule 26(e)*

11      As a general matter, Plaintiffs' strategic decision to raise ████████████████

12 and provide new information about Plaintiffs' liability arguments after the close of fact

13 discovery was inherently prejudicial.  If Apple had been on notice that Plaintiffs would

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ███████████  Apple would "undoubtedly have pressed for additional documents and

17 asked additional deposition questions of fact witnesses" to prepare itself and its experts

18 for rebuttal.  *See Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681-682

19 (N.D. Cal. 2015).

20      As to Plaintiffs' specific prejudice arguments, for this Court's convenience,

21 Apple follows Plaintiffs' approach of discussing substantial justification and

22 harmlessness on a disclosure-by-disclosure basis.

23     **Priddell's Disclosure**

24      As explained, prior September 23, 2022, Plaintiffs failed to indicate that Mr.

25 Priddell had ████████████████████████████████████████

26 ████████████████████████████████████████████████████

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
19
CASE NO. 8:20-cv-00048-JVS (JDEx)

1  ███████████████████████████████████████████████████████

2  ████████████████████████████

3        Plaintiffs' lead argument is that Apple cannot have been prejudiced by the new

4  information in Mr. Priddell's report because Plaintiffs produced ███████████████

5  ███████████████████████████████████████████████████

6  ███████████     To call this a non sequitur would be charitable.  Plaintiffs did not

7  argue that ████████████████████████████████████████████

8  ███████████████████████████████████████████████████

9  ███████████████████████████████████████████████████

10  ███████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████     Plaintiffs

13  identify nothing in the ITC record—and there is nothing—that would have informed

14  Apple about the ██████████     they intend to pursue in this case.

15        Plaintiffs relatedly argue that Apple cannot be prejudiced by ████████████

16  ███████████████████████████████████████████████

17  ████████████████████████████████████████████

18  ██████████████████████████████ Opp. 16.  This is another non

19  sequitur. █████████████████████████████████

20  ███████████████████████████████████████████████████

21  ██████████████████████████████████████████

22  █████████████ See Mot. 11-12.  Plaintiffs' only counterargument is to point to a

23  passage from their response that is very similar to the one addressed in Apple's

24  opening brief—it states merely that ████████████████████████████████

25  ███████████████████████████████████████████████████

26  ██████████████████ Compare Opp. 16 with Mot. 13.  This generally-worded

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  statement says nothing about ███████████████████████████████████████████

2  or how Plaintiffs planned to make such a showing.

3       Plaintiffs also contend that the fact that they informed Apple ███████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████

14       Finally, Plaintiffs argue that Apple was on notice that Mr. Priddell would rely on

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████

20 Had Plaintiffs timely disclosed this analysis, Apple would have been able to prepare its

21 experts to discuss any discrepancies.[9]

22       While Plaintiffs suggest that Apple still can █████████████████████████

23 ████████████████████████████████████████████████████████████████, that

24 would take significant time that Apple does not have under the current schedule—

25 _____

26 [9] Plaintiffs' assertion (at 17) that ████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  particularly given that Apple has spent the last few weeks responding to all the rest of

2  Plaintiffs' experts' arguments that were timely disclosed.  In any event, even when

3  "expert discovery has not yet concluded, the experts [are] in effect locked-in to the

4  factual record as of the time fact discovery closed."  *Jones*, 304 F.R.D. at 681-682.[10]

5  **Muhsin's Disclosure**

6  As explained, Plaintiffs failed to disclose either of Mr. Muhsin's ███████

7  ████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ██████████████████████

12 Plaintiffs repeat their assertion that they disclosed information about the

13 ███████████████████████████████████████████████  Opp. 17-18;

14 *see also supra* p. 20.  But again, ████████████████████████████████

15 █████████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████

18 █████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████

20 ██████████████████████████████  Plaintiffs do not point to any deposition

21 testimony where Mr. Muhsin relayed the █████████████ at issue here.

22 Plaintiffs also repeat their argument that Apple was on notice of their

23 █████████████████████████████████████████████████████████████

24 █████████████████████████████████████████████████████████

25 ————————————————————

26 [10] *LiiON, LLC v. Vertiv Grp. Corp.*, 2020 WL 6894668 (N. D. Ill. 2020), is not to the

27 contrary.  There, the non-moving party genuinely believed certain tax documents were not relevant to its case and produced them after the party's expert concluded they were. *Id.* at *5. ███████████████████████████████████████████████

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
22                    CASE NO. 8:20-cv-00048-JVS (JDEx)

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ███████   Plaintiffs' only direct response is to note that they supplemented their

4  damages interrogatory response multiple times after being instructed by the Special

5  Master to do so.  Opp. 19-20.  That is true but irrelevant, as Plaintiffs did not

6  supplement their response in a way that provided actual notice of the theories in Mr.

7  Muhsin's disclosure.

8        Plaintiffs relatedly argue that Apple was on notice because their ██████████

9  ████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████   Moreover, as Plaintiffs themselves

14 have explained, merely providing Bates-stamped citations to produced documents in

15 response to an interrogatory is inappropriate where the party that served the

16 interrogatory ██████████████████████████████████████████

17 ██████████████████   the other side.  Ex. 21 at 2.

18       Finally, Plaintiffs contend that Apple was on notice about the two ████████

19 ████████   in Mr. Muhsin's disclosure because both Mr. Muhsin and Mr. Kiani testified

20 "extensive[ly]" at their depositions ██████████████.  Opp. 18, 19.  To be clear,

21 Plaintiffs cite a small handful of locations the two depositions (out of hundreds of

22 pages of deposition transcripts) where t████████████████████████

23 ███████.  *Id*.  And Plaintiffs tellingly do not identify a single passage where either

24 Mr. Kiani or Mr. Muhsin ████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████

27 ████████████████████████   To the contrary, Mr. Kiani agreed that Plaintiffs ███

28

Wilmer Cutler Pickering Hale and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
23                        CASE NO. 8:20-cv-00048-JVS (JDEx)

1 ████████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 █████████████████████████████████████████

4 ████████████████████████████████ Ex. 10 at 37,

5 39-40; *see also* Ex. K at 521 (Mr. Muhsin testifying that Plaintiffs only ██████

6 ████████████████████████████████████████████████████

7 ██████████████████████████

8 **<u>Kiani's Disclosure</u>**

9 As explained, Mr. Kiani's disclosure provides new information about ████

10 ████████████████████████████████████████

11 ████████████████████████████████████████

12 ██████████████████████████████████████████

13 As to the first, Plaintiffs do not dispute that their interrogatory response

14 █████████████████████████████████████████████████

15 █████████████████████████████████████████████████

16 ██████████████████████████████████████████

17 ███████████████████ Plaintiffs assert this information can be found

18 scattered across other documents, but none of the three sources they cite actually

19 supports their argument.  For example, they cite █████████████████████████

20 ███████████████████████████████████████████

21 ███████████████████████████████████████████████

22 ██████████████████████████████████████████

23 ██████████████████████████████████████████

24 █████████████████████████████████████████████████

25 As to the second point, Plaintiffs do not seriously contest that they have never

26 before ██████████████████████████████████████

27 █████████████████████████████████████████

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 ███████

4      As to the third point, Plaintiffs again do not seriously contest that Mr. Kiani's

5 statement that Plaintiffs ████████████████████████████

6 ████████████████████████████████████████████

7 ██████████████████████████████████████

8 ████████████████████████████████████

9 ██████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████████

12 ██████████████████████████████

13 **Diab's Disclosure**

14      As explained, Mr. Diab's analysis ████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████

17 ████████████  Mot. 14-15.  As to the first point, Plaintiffs do not dispute that ████

18 ██████████████████████████████████

19 ████████████████████  Opp. 21-22.  Moreover, Plaintiffs

20 do not even attempt to address ████████████████████

21 ████████████████████████████████████████

22 ██████████████████  *Id*. at 22.  And as to the second point, Plaintiffs

23 once again do not contest that ████████████████████████████

24 ██████████████████  *Id*. at 22-23.

25          **III.   CONCLUSION**

26      Apple respectfully requests that the Court strike the purported FRCP 26(a)(2)(C)

27 disclosures from Mr. Priddell, Mr. Muhsin, Mr. Kiani, and Mr. Diab.

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

REPLY ISO APPLE'S MOTION TO STRIKE PLAINTIFFS' PURPORTED RULE 26(A)(2)(C) DISCLOSURES
25    CASE NO. 8:20-cv-00048-JVS (JDEx)

Dated:  November 7, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP


By:  */s/  Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*