Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER ORDER DATED OCTOBER 24, 2022**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1    Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor

2  Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal

3  documents regarding Plaintiffs' Objections to Special Master Order Dated October 24,

4  2022.    Masimo  has  provided  a  proposed  redacted  version  of  the  supporting

5  memorandum.

## I. LEGAL STANDARDS

7    The public's "access to judicial records is not absolute."  *Kamakana v. City &*

8  *Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection

9  with a discovery dispute are properly sealed upon a showing of good cause.  *See Phillips*

10  *ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "One

11  factor that weighs in favor of sealing documents is when the release of the documents

12  will cause competitive harm to a business."  *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727

13  F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where "competitors

14  could not obtain [the information] anywhere else."  *Id.* at 1229 (reversing district court's

15  refusal to seal material after finding compelling reasons to seal the material).  Moreover,

16  identifications of trade secrets are "subject to any orders that may be appropriate under

17  Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states

18  that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means,

19  which may include . . . sealing the records of the action . . . ."  Cal. Civ. Code § 3426.5

20  (emphasis added).

## II. ARGUMENT

22    The information that Masimo seeks to seal contains information that one or both

23  of the parties consider confidential.

24    With regard to Exhibits A-1, A-2, A-3, A-4, A-5, A-6, A-7, A-8, A, 1, 3, 4, 5, and

25  6 to the Declaration of Benjamin A. Katzenellenbogen, Masimo or Apple has

26  (1) previously  designated  these  documents  as  "HIGHLY  CONFIDENTIAL  –

27  ATTORNEY'S EYES ONLY" under the Protective Order or (2) determined that these

28  documents  contain  confidential  information.    Declaration  Of  Benjamin  A.

Katzenellenbogen In Support Of Plaintiffs' Application To File Under Seal Documents Regarding Plaintiffs' Objections To Special Master Order Dated October 24, 2022 ("Katz Decl."), ¶ 5.   Because these exhibits contain Masimo's or Apple's confidential information, as explained below, there is good cause to file them under seal.  *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (discussing the standard for filing exhibits to non-dispositive motions under seal).

Exhibits A-1 and A-2 are non-public unredacted versions of Orders of the Special Master relating to Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents.  Katz Decl., ¶ 6.   Exhibit A-3 is a transcript of the October 3, 2022 hearing in front of the Special Master.  Apple previously filed under seal Exhibits A-1 and A-3.  *See* Dkt. No. 965-9 at 194, 278.   Apple asserted these documents discuss Apple's confidential business information, including hiring decisions and processes, personnel management, and strategic decision making.  Dkt. No. 965 ¶ 7.   The Special Master granted Apple's request to seal these documents.  Dkt. No. 967.   Exhibit A-2 is the related Order Of Special Master Regarding Apple's August 17, 2022 Motion To Compel And Special Master's In Camera Review Of Four Clawed Back Documents, dated October 24, 2022.  Katz Decl., ¶ 6.   This exhibit discusses information that Masimo considers confidential.  All of these documents discuss the type of information provided in the parties' privilege logs, which courts regularly seal as confidential.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-03561-WHA (DMR), 2015 WL 7775243 at *2 (N.D. Cal. Dec. 3, 2015) (sealing excerpts from a privilege log because the excerpts contained confidential information).  Further, this information is valuable to Masimo in part because of its secrecy.  Public disclosure of this information would cause Masimo significant harm.

Exhibits A-4, A-5, and A-6 are letter briefs related to Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents that the parties presented to the Special Master.  Katz Decl., ¶ 7.   The briefs discuss the parties' confidential information.  *Id*.  Exhibit A-7 is a Declaration attached to a letter brief, which also discusses Masimo's

-2-

1   confidential information.  *Id*.  These exhibits contain information that one or both parties

2   consider confidential.  *Id*.  All of these documents discuss the type of information

3   provided in the parties' privilege logs, which courts regularly seal as confidential.  *See,*

4   *e.g.*, *Oracle*, 2015 WL 7775243 at *2.

5          Exhibits A-8, 3, 4, and 5 are correspondence between counsel for Masimo and

6   counsel for Apple.  Katz Decl., ¶ 8.  Exhibits A-8, 4, and 5 are correspondence regarding

7   privilege issues that Masimo understands that both parties want to maintain as

8   confidential.  *Id*.  Ex. 3 is email correspondence containing a link to Knobbe's Sharefile

9   that Knobbe uses to exchange highly confidential information and wants to maintain as

10  confidential.  *Id*.  These communications between the parties discuss, *inter alia*,

11  confidential document productions and privilege designations.  *Id*.  The information

12  disclosed in these exhibits is valuable to Masimo, in part, because of its confidentiality,

13  and its release would cause competitive harm to Masimo's business.  *Id*.  Masimo further

14  understands that these exhibits contain information that Apple considers confidential.

15  *Id*.

16         Exhibits A and 1 are Apple documents that Apple designated as "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order.

18  Katz Decl., ¶ 9.

19         Exhibit 6 is a Masimo document designated as "Highly Confidential - Attorneys'

20  Eyes Only" pursuant to the Protective Order.  Katz Decl., ¶ 10.  Exhibit 6 is excerpts

21  from Masimo's privilege log.  *Id*.  Information on Masimo's privilege log is designated

22  as "Highly Confidential - Attorneys' Eyes Only" pursuant to the Protective Order

23  because revealing information on the roles and knowledge of Masimo's employees

24  could cause Masimo harm.  *Id*.  Apple similarly designated its privilege log as "Highly

25  Confidential - Attorneys' Eyes Only" pursuant to the Protective Order.  *Id*.  Courts seal

26  information contained in privilege logs because privilege logs contain confidential

27  information.  *See, e.g.*, *Oracle*, 2015 WL 7775243 at *2.

28

The Declaration of Benjamin A. Katzenellenbogen describes confidential attorney-client communications and attorney investigations. Katz Decl., ¶ 11. This is the type of information provided in the parties' privilege logs, which courts regularly seal as confidential. *See, e.g.*, *Oracle*, 2015 WL 7775243 at *2.

The Declaration of Valery Telfort describes confidential communications between Masimo and Knobbe Martens. Katz Decl., ¶ 12. Public disclosure of these attorney-client communications would cause Masimo significant harm. *Id.* This is the type of information provided in the parties' privilege logs, which courts regularly seal as confidential. *See, e.g.*, *Oracle*, 2015 WL 7775243 at *2.

The Declaration of Jarom Kesler describes confidential communications between Masimo and Knobbe Martens. Katz Decl., ¶ 13. Public disclosure of these attorney-client communications would cause Masimo significant harm. *Id.* This is the type of information provided in the parties' privilege logs, which courts regularly seal as confidential. *See, e.g.*, *Oracle*, 2015 WL 7775243 at *2. The potentially privileged portions of the declaration will remain redacted even in the under seal copy, and would be submitted only if the Court allows *in camera* submission. Katz Decl., ¶ 13.

The proposed redacted portions of the supporting memorandum discuss the aforementioned Exhibits and Declarations and should also be sealed for the same reasons. *Id.*, ¶ 14.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal (1) portions of the supporting memorandum; (2) portions of the Declaration of Jarom Kesler in Support of Plaintiffs' Objections to Special Master Order Dated October 24, 2022; (3) portions of the Declaration of Valery Telfort in Support of Plaintiffs' Objections to Special Master Order Dated October 24, 2022; and (4) portions of the Declaration of Benjamin A. Katzenellenbogen in Support of Plaintiffs' Objections to Special Master Order Dated October 24, 2022, and Exhibits A-1, A-2, A-3, A-4, A-5, A-6, A-7, A-8, A, 1, 3, 4, 5, and 6, attached thereto.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 7, 2022

By: */s/ Benjamin A. Katzenellenbogen*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Daniel P. Hughes

    Attorneys for Plaintiffs
    MASIMO CORPORATION and
    CERCACOR LABORATORIES, INC.

-5-