Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' OBJECTIONS TO**<br>) **SPECIAL MASTER ORDER DATED**<br>) **OCTOBER 24, 2022**<br>)<br>) Date:      December 5, 2022<br>) Time:      1:30 p.m.<br>) Location:   Courtroom 10C<br>)<br>)<br>) **REDACTED VERSION**<br>) **OF DOCUMENT PROPOSED TO BE**<br>) **SUBMITTED UNDER SEAL**<br>) |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ..................................................................................1

II.   BACKGROUND ..................................................................................1

III.  LEGAL STANDARD ...........................................................................3

    A.   This Court's Review Is De Novo ...............................................3

    B.   Privilege Generally ....................................................................3

    C.   Documents Created To Seek Legal Advice Are Privileged ................3

    D.   Courts Allow Submission of *In Camera* Evidence To Establish
       Privilege ....................................................................................4

IV.   ARGUMENT ........................................................................................5

    A.   The Three Presentations Are Privileged Because They Sought
       Legal Advice ..............................................................................5

        1.   The Two Versions of the 2018 Presentation are
           Privileged ........................................................................5

        2.   The 2019 Presentation Is Privileged .........................................6

    B.   The Special Master Did Not Give Masimo A Full And Fair
       Opportunity To Defend Its Privilege Claims ..............................7

V.    CONCLUSION .....................................................................................8

# I.  **INTRODUCTION**

Masimo respectfully requests the Court sustain Masimo's objections to the Special Master's October 24 Order, which would require Masimo to produce three privileged presentations that Masimo created exclusively for the purpose of seeking legal advice from outside counsel.  If the Court would find it helpful, Masimo requests the opportunity to submit for *in camera* review potentially privileged descriptions of the legal advice sought by the presentations.  Those descriptions would further confirm Masimo's claim of privilege.  Masimo requested the opportunity to do so earlier, but the Special Master denied Masimo's request.

# II.  **BACKGROUND**

Apple asked the Special Master to compel production or conduct *in camera* review of four documents (three presentations and one email)[1] that Masimo inadvertently produced and promptly clawed back pursuant to the Protective Order. Ex. A-4.  Masimo opposed because the documents are privileged and Masimo diligently clawed back the documents when Masimo discovered the inadvertent production. Ex. A-5.  The Special Master held oral argument on October 3, 2022.  Ex. A-3.

Masimo argued that the presentations were created for the purpose of seeking legal advice from counsel.  A-5 at 2; Katz. Decl. ¶ 4.[2]  During the hearing, Masimo offered to submit additional and likely privileged evidence, including attorney declarations describing in more detail the legal advice sought, which would confirm and corroborate Masimo's claim of privilege.  Katz Decl. ¶ 5.  ████████████████

████████████████████████████████████████████████████████

---

[1] The email is no longer at issue.  ████████████████████████

████████████████████████████████████████  The parties have since agreed that voluntary production of the email would not be a waiver.  Thus, Masimo produced it.

[2] The hearing on this issue was not transcribed. Ex. A-3 at 4:10-14.  Accordingly, Masimo cites to a declaration from the Masimo attorney who argued this issue.

1  ███████████████████████████████████████████

2  ██████████████████████████████████  *Id.*  Masimo requested that,

3  if the Special Master were inclined to conduct *in camera* review of the documents, the

4  Special Master allow Masimo to submit additional potentially privileged supporting

5  evidence for *in camera* review.  *Id.  In camera* review was necessary to avoid Masimo

6  having to reveal privileged information to establish Masimo's claim of privilege.

7      The Special Master issued Discovery Order No. 16.  Ex. A-1.  The Special Master

8  rejected Apple's argument that Masimo waived privilege by clawing the documents

9  back less than three weeks after ***Apple*** cited them in an interrogatory response.  *Id.* at 6.

10  Apple did not object to the Special Master's finding of no waiver, and that finding is

11  now final.  *See* Dkt. 965 (Apple objecting to other aspects of Order No. 16).

12      The Special Master also ordered Masimo to submit the disputed documents for *in*

13  *camera* review.  Ex. A-1 at 7.  The Order stated:

14      Although Plaintiffs request an opportunity to now submit additional
15      evidence in support of their claim, the Special Master finds only that *in*
       *camera* production of copies of the documents themselves is warranted ***at***
16      ***this time***, and will rely on the information already in the record through
17      statements in briefs ***and at oral argument*** in evaluating Plaintiffs' privilege
       claims.
18

19  *Id*. at 7 (emphases added).  Masimo timely submitted copies of the disputed documents

20  to the Special Master.  Ex. A-2 at 2.  Masimo understood that, if the Special Master had

21  any doubt about Masimo's claims of privilege, the Special Master would allow Masimo

22  to submit the proffered privileged evidence.

23      Without allowing Masimo to submit the proffered evidence, the Special Master

24  found that Masimo had failed to meet its burden to show the documents are privileged.

25  *Id.*  The Special Master found "***insufficient basis in the record*** to support Plaintiff's

26  contention that the presentations indeed related to legal advice sought as opposed to

27  general business strategy advice."  *Id.* (emphasis added)

28  / / /

### III.  **LEGAL STANDARD**

**A.      This Court's Review Is De Novo**

In considering objections to a special master's order, "[t]he court must decide de novo all objections to findings of fact made or recommended by a master."  Fed. R. Civ. P. 53(f)(3); Dkt. 470 at 4 ("The Court must decide de novo all objections to findings of fact.").  Similarly, "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master."  Fed. R. Civ. P. 53(f)(4); Dkt. 470 at 4 ("The Court must decide de novo all objections to conclusions of law.").

**B.      Privilege Generally**

Communications "that reflect matters about which the client intends to seek legal advice are protected" by attorney-client privilege.  *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002).  The privilege may reach even to "communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel[.]"  *Id.*; *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003) ("Communications between non-lawyer employees about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege.").   "As long as the legal implications were understood at the beginning at [*sic*, of] the inquiry and the communications were covered by a veil of confidentiality, then the privilege attaches."  *AT&T Corp.*, 2003 WL 21212614, at *3; *see Upjohn v. U.S.*, 449 U.S. 383, 394–395 (1981).  "'What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer.'"  *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973) (quoting *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)).

**C.      Documents Created To Seek Legal Advice Are Privileged**

Documents "fall within the scope of the attorney-client privilege" as long as it can be demonstrated that the author was aware that the purpose "to which the communication related was being conducted for the purposes of obtaining legal advice and that the document was being created to advance that purpose."  *Lewis v. Wells Fargo*

*& Co.*, 266 F.R.D. 433, 445 (N.D. Cal. 2010).  Even if the subject matter of a communication also relates to a "business purposes" or "the legal advice is used to steer business decisions," documents are privileged if they "were intended and then used for a legal purpose."  *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2017 WL 8220457, at \*5-6 (C.D. Cal. June 16, 2017) (finding documents privileged based on supporting declarations where the privilege log was insufficient to establish privilege).

## D.   Courts Allow Submission of *In Camera* Evidence To Establish Privilege

The Ninth Circuit has observed that, "[e]laborating the basis for the claim of privilege through *in camera* submissions is unexceptionable."  *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998) (affirming assertion of privilege).  District courts allow parties to submit evidence establishing privilege *in camera*, even after *in camera* review of the documents has been ordered, particularly for documents that do not appear to be privileged on their face.  *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at \*3 (N.D. Cal. June 29, 2021) ("[o]nce the Court ordered *in camera* review, there was nothing wrong with Defendants further explaining the basis for their claim of privilege, in particular for documents where the claim of privilege is not obvious on its face").

Another court observed a "lack of any obvious indicia of privilege . . . led the court to seek more information by permitting defendants an opportunity to support the assertion of privilege by submitting a declaration."  *In re 3 Com Corp. Sec. Litig.*, 1992 WL 456813, at \*1 (N.D. Cal. Dec. 10, 1992) (allowing declaration to be "filed under seal, not to be viewed by plaintiffs absent court order" but ultimately finding no legal advice sought or provided); *see also Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at \*7 (C.D. Cal. Sept. 9, 2013) (declaration supplying sufficient information to evaluate claim of privilege mooted argument that privilege was waived by delayed production of privilege log).  Another court similarly held "an *ex parte* proceeding was necessary to determine whether the documents were privileged without destroying the very privilege that the Court was charged with protecting, if applicable."  *Pack v. Beyer*, 157 F.R.D. 226, 230 (D.N.J. 1994).

-4-

## IV.  ARGUMENT

**A.**  **The Three Presentations Are Privileged Because They Sought Legal Advice**

    **1.**  **The Two Versions of the 2018 Presentation are Privileged**

That is why two versions of the presentation were inadvertently produced among the millions of pages of discovery Masimo produced in this case. Masimo promptly clawed back the presentations after determining they were created exclusively for the purpose of seeking legal advice regarding a potential new product. Ex. A-7 ¶¶ 3-5.

The pages discussing specific patents present particularly strong arguments in support of finding they were privileged communications seeking legal advice. *See Lewis*, 266 F.R.D. at 445 (documents are privileged if they "were intended and then used for a legal purpose"); *Polaris*, 2017 WL 8220457, at *5-6.

Accordingly, Mr. Kesler's declaration sets forth his recollection of why the presentation was created, the meeting at which it was discussed, as well as the legal advice that was sought and later provided. This detailed description arguably reveals privileged information.  Masimo offered to allow Apple to review the declaration so long as Apple agreed that doing so was not a waiver and Apple would use the declaration only in connection with this dispute.  Ex.

A-8 at 1.  Apple refused.  *Id.*  Accordingly, Masimo submits a version of Mr. Kesler's declaration that redacts privileged material.  *See* Kesler Decl. ¶¶ 4-6.  Even with the redactions, the declaration establishes that the presentation is privileged because it was created for the purpose of seeking legal advice and was communicated to counsel for the purpose of seeking legal advice.  *See Polaris*, 2017 WL 8220457, at *5-6; *Lewis*, 266 F.R.D. at 445.

If the Court has any doubt as to the privileged nature of the 2018 presentations, Masimo respectfully requests permission to submit the unredacted Kesler declaration for *in camera* review.

**2.  <u>The 2019 Presentation Is Privileged</u>**

That is why it was inadvertently produced among the millions of pages of discovery Masimo produced in this case.  Masimo promptly clawed back the document after determining it was created exclusively for the purpose of seeking legal advice regarding a potential new product.  Ex. A-7 ¶¶ 3-5.

The pages discussing specific patents present particularly strong arguments in support of finding they were privileged communications seeking legal advice.  *See Lewis*, 266 F.R.D. at 445; *Polaris*, 2017 WL 8220457, at *5-6.

1

2

3

4   Mr. Telfort's declaration provides his recollection of why he created the

5   presentation, the meeting at which it was discussed, as well as the legal advice that was

6   sought and later provided. Telfort Decl. ¶ 2-5. As with the Kesler declaration, Masimo

7   offered to allow Apple to review the declaration so long as Apple agreed that doing so

8   was not a waiver and Apple would use the declaration only in connection with this

9   dispute. Ex. A-8 at 1. Apple refused. *Id.* Accordingly, Masimo submits a version of

10  Mr. Telfort's declaration that redacts privileged material. *See* Telfort Decl., ¶ 5. Even

11  with the redactions, the declaration establishes that the presentation is privileged because

12  it was created for the purpose of seeking legal advice and was communicated to counsel

13  for the purpose of seeking legal advice. *See Polaris*, 2017 WL 8220457, at *5-6; *Lewis*,

14  266 F.R.D. at 445.

15  If the Court has any doubt as to the privileged nature of the 2019 presentation,

16  Masimo requests permission to submit Mr. Telfort's unredacted declaration for *in*

17  *camera* review.

18  **B.    The Special Master Did Not Give Masimo A Full And Fair Opportunity To**

19       **Defend Its Privilege Claims**

20  Masimo respectfully submits that the Special Master did not allow Masimo the

21  opportunity to fully explain and corroborate Masimo's claim of privilege. The referral

22  order to the Special Master did not mention the possibility of *in camera* submission of

23  declarations. *See* Dkt. 470. Masimo reasonably (albeit incorrectly) believed the Special

24  Master's reference to "at this time" indicated that Masimo would be able to submit

25  additional supporting evidence if the Special Master found the proffer of Masimo's

26  counsel insufficient. Ex. A-1 at 7 ("the Special Master finds only that *in camera*

27  production of copies of the documents themselves is warranted ***at this time***" (emphasis

28  added)). This Court and the Special Master have consistently reminded the parties

-7-

during this case that counsel are expected to act as Officers of the Court and, as such, their representations are presumed to be accurate unless proven otherwise.

Masimo presented as much detail as it believed it could without risking revealing privileged information.  Katz. Decl. ¶ 7.  By simultaneously denying Masimo's request to submit additional evidence *in camera*, and finding that Masimo had not met its burden to establish privilege, the Special Master presented Masimo with a Hobson's choice.  If Masimo had presented more detailed evidence, Apple may have argued Masimo waived privilege regarding the very subject matter Masimo sought to protect.

The Special Master's Order Dated October 24, 2022, states that he could not tell from the face of the documents whether the communication was legal in nature or not. Masimo made exactly that argument during the hearing.  Katz. Decl. ¶ 8.  Masimo explained that the text of the documents was consistent with, but did not establish, Masimo's claims of privilege.  *Id.*  Masimo made a proffer as to the basis for privilege and offered to provide a supporting declaration.  *Id.*  Yet the Special Master ordered those documents to be produced rather than permit evidence and argument from Masimo on a confidential basis (the only meaningful way to articulate the basis for the privilege). The Special Master's statement that he would review the information provided at the hearing may have been impeded by the lack of a written transcript to review.

This Court should find the documents are privileged on the present record, or allow Masimo to submit the additional *in camera* explanation Masimo repeatedly tried to present.  The Court should not affirm an order that did not allow Masimo to submit the very evidence that the order found lacking.

## V.  **CONCLUSION**

For the reasons set forth above, Masimo respectfully requests that the Court sustain Masimo's objections to Special Master's Order Dated October 24, 2022. Alternatively, Masimo requests that the Court at least allow Masimo to submit unredacted copies of the Kesler and Telfort Declarations to substantiate its claims of privilege.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 7, 2022

By: /s/ Benjamin A. Katzenellenbogen

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56572881

-9-