Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) ) ) |
| Plaintiffs, | ) **DECLARATION OF** ) **BENJAMIN A.** ) **KATZENELLENBOGEN** ) **IN SUPPORT OF PLAINTIFFS'** |
| v. | ) **OBJECTIONS TO SPECIAL** ) **MASTER ORDER DATED OCTOBER** |
| APPLE INC., a California corporation | ) **24, 2022** ) |
| Defendant. | ) ) **REDACTED VERSION** ) **OF DOCUMENT PROPOSED TO BE** ) **SUBMITTED UNDER SEAL** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Benjamin A. Katzenellenbogen, hereby declare:

1.     I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.

2.     During the hearing before the Special Master on October 3, 2022, I argued on behalf of Masimo in opposition to Apple's motion to compel production of four documents Masimo had inadvertently produced and promptly clawed-back as privileged.

3.     The portion of the hearing addressing the four documents was not transcribed due to a combination of Apple not arranging for a court reporter and Masimo's concerns about privilege.  Below I set forth my best recollection of aspects of the argument.

4.     ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5.     To the best of my recollection, I argued that *in camera* review was unlikely to help resolve the dispute because, while the documents were consistent with Masimo's claims of privilege, the text of the documents themselves did not establish the privileged purpose.  Nor do the documents identify the attorney audience for whom they were created.

6.     To the best of my recollection, I offered that Masimo could submit

-1-

additional and potentially privileged evidence, including attorney declarations, that would confirm and corroborate Masimo's claim of privilege.  I requested that, if the Special Master were inclined to conduct *in camera* review of the documents, the Special Master should also allow Masimo to submit additional potentially privileged supporting evidence for *in camera* review.

7.     During the hearing I presented as much detail about the documents as I felt I could without risking revealing privileged information.

8.     Attached hereto as **Exhibit A-1 (filed under seal)** is a true and correct copy of Order No. 16 of Special Master Regarding Three Discovery Motions, dated October 14, 2022.

9.     Attached hereto as **Exhibit A-2 (filed under seal)** is a true and correct copy of the Order Of Special Master Regarding Apple's August 17, 2022 Motion To Compel And Special Master's In Camera Review Of Four Clawed Back Documents, dated October 24, 2022.

10.    Attached hereto as **Exhibit A-3 (filed under seal)** is a true and correct copy of excerpts of the Transcript of Special Master Hearing dated October 3, 2022.

11.    Attached hereto as **Exhibit A-4 (filed under seal)** is a true and correct copy of Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents, dated August 17, 2022.

12.    Attached hereto as **Exhibit A-5 (filed under seal)** is a true and correct copy of Masimo's Opposition to Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents, dated August 24, 2022.

13.    Attached hereto as **Exhibit A-6 (filed under seal)** is a true and correct copy of Apple's Reply in Support of Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents, dated August 31, 2022.

14.    Attached hereto as **Exhibit A-7 (filed under seal)** is a true and correct copy of the Declaration of Adam B. Powell in Support of Masimo's Opposition to

Apple's Motion to Compel Masimo to Produce Four Clawed-Back Documents, dated August 24, 2022.

15.     Attached hereto as **Exhibit A-8 (filed under seal)** is a true and correct copy of an email correspondence between Thomas Sprankling, counsel for Apple, and me with the subject "Masimo v Apple - Special Master Order No. 17," dated November 7, 2022.

16.     Attached hereto as **Exhibit A (filed under seal)** is a true and correct copy of Exhibit A before the Special Master, which I understand to be excerpts from Apple's April 29, 2022 Privilege Log, annotated with highlighting.

17.     Attached hereto as **Exhibit B** is a true and correct copy of Exhibit B before the Special Master, which I understand to be email correspondence between counsel for Apple, and Adam Powell with the subject "Masimo v. Apple - Potential Apple Inadvertent Production," dated January 27, 2022.

18.     Attached hereto as **Exhibit C** is a true and correct copy of Exhibit C before the Special Master, which I understand to be email correspondence between counsel for Apple, and Daniel Hughes with the subject "Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - Clawback," dated August 22, 2022.

19.     Attached hereto as **Exhibit D** is a true and correct copy of Exhibit D before the Special Master, which I understand to be email correspondence between counsel for Apple and counsel for Masimo with the subject "Masimo v. Apple - Claw Back," dated August 23, 2022.

20.     Attached hereto as **Exhibit E** is a true and correct copy of *Nomadix, Inc. v. Hewlett-Packard Company, et al.*, CV 09-08441, Dkt. 956 (C.D. Cal May 1, 2012).

21.     Attached hereto as **Exhibit 1 (filed under seal)** is a true and correct copy of Exhibit 1 before the Special Master, which I understand to be Defendant Apple Inc.'s Objections and Responses to Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s Eighth Set of Interrogatories to Defendant Apple Inc. (Nos. 26-35).

22.     Attached hereto as **Exhibit 2** is a true and correct copy of Exhibit 2 before the Special Master, which I understand to be a letter from Daniel Hughes, counsel for Masimo, to Kenneth Parker, counsel for Apple, dated July 5, 2022.

23.     Attached hereto as **Exhibit 3 (filed under seal)** is a true and correct copy of Exhibit 3 before the Special Master, which I understand to be email correspondence from Peter Toller, Masimo paralegal, to counsel for Apple, regarding a document production, dated July 21, 2022.

24.     Attached hereto as **Exhibit 4 (filed under seal)** is a true and correct copy of Exhibit 4 before the Special Master, which I understand to be a letter from Sarah R. Frazier, counsel for Apple, to Daniel Hughes, counsel for Masimo, dated August 1, 2022.

25.     Attached hereto as **Exhibit 5 (filed under seal)** is a true and correct copy of Exhibit 5 before the Special Master, which I understand to be a letter from Daniel Hughes, counsel for Masimo, to Sarah R. Frazier, counsel for Apple, to dated August 3, 2022.

26.     Attached hereto as **Exhibit 6 (filed under seal)** is a true and correct copy of Exhibit 6 before the Special Master, which I understand to be excerpts from Masimo's March 22, 2022 Privilege Log, annotated with highlighting.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 7, 2022, at Irvine, California.


 */s/ Benjamin A. Katzenellenbogen*
Benjamin A. Katzenellenbogen

55998070

-4-

# EXHIBIT A-1

## FILED UNDER SEAL

# EXHIBIT A-2

## FILED UNDER SEAL

**EXHIBIT A-2**

# EXHIBIT A-3

## FILED UNDER SEAL

**EXHIBIT A-3**

# EXHIBIT A-4

## FILED UNDER SEAL

**EXHIBIT A-4**

# EXHIBIT A-5

## FILED UNDER SEAL

**EXHIBIT A-5**

# EXHIBIT A-6

## FILED UNDER SEAL

# EXHIBIT A-7

## FILED UNDER SEAL

**EXHIBIT A-7**

# EXHIBIT A-8

## FILED UNDER SEAL

# EXHIBIT A

## FILED UNDER SEAL

Exhibit  A

# EXHIBIT B

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, January 27, 2022 3:19 PM
**To:** Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

Vlad,

We received your email and complied with Paragraph 15 of the Protective Order.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Semendyai, Vladimir J. <VSemendyai@gibsondunn.com>
**Sent:** Friday, January 14, 2022 1:34 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Adam.Powell <Adam.Powell@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

Adam,

Thank you for bringing this issue to our attention. Pursuant to Paragraph 15 of the Protective Order, Apple identifies the following documents as containing privileged material that was inadvertently produced in unredacted form:

- APL-MAS_01197043
- APL-MAS_01198382
- APL-MAS_01557294
- APL-MAS_01696463
- APL-MAS_01571912
- APL-MAS_01569113
- APL-MAS_01567005
- APL-MAS_01564464
- APL-MAS_01561948
- APL-MAS_01316308
- APL-MAS_01316166
- APL-MAS_01312360

- APL-MAS_01308718

Pursuant to Paragraph 15(b) of the Protective Order, Apple requests that Plaintiffs immediately return or destroy all copies of these materials. Please certify that Plaintiffs have complied with Paragraph 15(b) of the Protective Order.

Apple will re-produce these documents in redacted form.

Regards,
Vlad

**Vladimir Semendyai**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8274 • Fax +1 202.831.6075
VSemendyai@gibsondunn.com • www.gibsondunn.com

**From:** Samplin, Ilissa
**Sent:** Tuesday, January 11, 2022 12:45 PM
**To:** 'Adam.Powell' <Adam.Powell@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

Adam:

We plan to clawback the documents.  We are working to identify whether this issue affects other documents as well, so that we can get back to you all at once.  Please keep these documents sequestered as we continue running that to ground.  We will be back in touch this week.

Thank you,
Ilissa

**Ilissa Samplin**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, January 11, 2022 9:25 AM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

[WARNING: External Email]

Ilissa,

We have not heard from Apple on this issue.  Please provide Apple's position promptly.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, January 5, 2022 3:35 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

Ilissa,

Confirmed the documents are sequestered.  Please let us know Apple's position by the end of this week.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

**Knobbe Martens**

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, December 30, 2021 5:40 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple - Potential Apple Inadvertent Production

Adam:

Thank you for your email.  We need some time to look into this and will be back in touch.  We trust that your team has sequestered, and will continue to sequester, the documents in the interim.  Please confirm.

Best,
Ilissa


**Ilissa Samplin**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com


**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, December 30, 2021 10:28 AM
**To:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo v. Apple - Potential Apple Inadvertent Production

**[WARNING: External Email]**
Counsel,

We write to inform Apple that the below documents may have been inadvertently produced with material that Apple contends is privileged.

    APL-MAS_01197043-056
    APL-MAS_01198382-400
    APL-MAS_01557294-306

While these documents were not redacted, it appears to us that Apple produced other versions of these documents that were redacted.  We do not know what Apple redacted in the other versions of these documents, but the corresponding material in these documents does not all appear to be privileged.  Thus, we do not know what, if anything, Apple contends is privileged in these documents.  Nevertheless, we have refrained from examining these documents any more than was necessary to determine that they may contain material Apple contends is privileged.  Please let us know how Apple would like to proceed.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 **Direct**

## Knobbe Martens

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# EXHIBIT C

**From:** Daniel Hughes
**Sent:** Monday, August 22, 2022 2:32 PM
**To:** Burton, Alison <Alison.Burton@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo@gibsondunn.com
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - Clawback

Alison,

I confirm that Masimo has deleted APL_MAS_01831539-541 pursuant to the Protective Order.

Thanks,
Daniel

**Daniel Hughes**
Partner
858-707-4208 **Direct**

**Knobbe Martens**


**From:** Burton, Alison <Alison.Burton@wilmerhale.com>
**Sent:** Monday, August 22, 2022 1:29 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo@gibsondunn.com
**Subject:** RE: Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - Clawback

Counsel,

As requested in my email dated August 12, pursuant to Paragraph 15(b) of the Protective Order, please confirm that Plaintiffs have deleted APL_MAS_01831539-541 and will not cite to or use it for any purpose.

Best,
Alison

**From:** Burton, Alison <Alison.Burton@wilmerhale.com>
**Sent:** Friday, August 12, 2022 10:53 PM
**To:** Masimo.Apple@knobbe.com
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo@gibsondunn.com
**Subject:** Masimo Corp. et al. v. Apple Inc., 20-cv-00048 - Clawback

Counsel,

Apple is clawing back the following inadvertently produced document, which is subject to attorney-client privilege as it reflects communications to counsel for the purpose of obtaining legal advice:  APL_MAS_01831539-541.

Exhibit C

A version of the clawed back document with additional redactions will be re-produced.  Pursuant to Paragraph 15(b) of the Protective Order, please confirm that Plaintiffs will immediately return or delete the above-identified privileged document and will not cite to or use it for any purpose.  Please provide confirmation no later than five (5) business days after receiving this notice.

Best,
Alison

**Alison Burton | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6809 (t)
+1 617 526 5000 (f)
alison.burton@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Exhibit C

# EXHIBIT D

**From:** Garcia, Nina <Nina.Garcia@wilmerhale.com>
**Sent:** Tuesday, August 23, 2022 6:34:01 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>
**Subject:** Masimo v. Apple - Claw Back

Counsel,

Please be on notice that Apple claws back the following inadvertently produced documents, which are subject to attorney-client privilege as they reflect communications with counsel for the purpose of obtaining legal advice:

- APL-MAS_02418527
- APL-MAS_02438879
- APL-MAS_02579497
- APL-MAS_02511043
- APL-MAS_02574942

Versions of the clawed back documents with additional redactions will be re-produced.  Pursuant to Paragraph 15(b) of the Protective Order and within 5 business days of receiving this notice, please confirm that Plaintiffs will immediately return or delete the above privileged documents and will not cite to them or use them for any purposes.

Best,
Nina

**Nina Garcia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6446 (t)
+1 617 526 5000 (f)
nina.garcia@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Exhibit D

-24-

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-08441-DDP (VBKx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | Nomadix, Inc. v. Hewlett-Packard Company, et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | C/S | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John W. Holcomb | Nathan Shafroth |
| Kenneth R. Neilsen | |

**Proceedings:**    **ORDER DENYING NOMADIX'S MOTION TO COMPEL DEFENDANT HEWLETT-PACKARD CO. TO REPRODUCE CLAWED-BACK DOCUMENT**

A hearing was held on this matter on May 1, 2012, and the Court heard extensive argument of counsel.

The Court incorporates its Tentative Decision of April 24, 2012 and its Amended Tentative Decision of April 27, 2012. In addition to the reasoning set forth in the prior Tentative Decisions, referenced above, the Court reaffirms its conclusion that Entry No. 7 is an attorney-client privileged document, is also protected by attorney work product, and that Nomadix has not met its burden to demonstrate that Entry No. 7 should be produced to it pursuant to the requirements of Federal Rule of Civil Procedure 26(b)(3)(A)(ii).

With regard to attorney-client privilege, the Court concludes that Entry No. 7 was a communication prepared by the client (Colubris) at the direction of Colubris' IP counsel, and that the communication was intended to be and was made directly by the client to the attorney. The purpose of communicating this document to the attorney was so that the attorney could review it and determine if it should thereafter be released to third parties. That sequence of events occurred, and the Court concludes that the document was not released to any third party.

With regard to the existence of attorney work product, the Court concludes that, again, the document was prepared at the instruction of counsel, and that the "anticipation of litigation" which motivated the creation of this document was a principal factor in its creation. Although litigation did not ensue until 2009, which was five years after the creation of Entry No. 7, the circumstances that existed in 2004, and particularly between January and July of 2004, were that Colubris and its IP counsel had a heightened awareness of the possibility or even likelihood of litigation being instigated by Nomadix, based on several factors. These include the release of the Nomadix announcement regarding its '894 Patent in January 2004; the subsequent communications which Colubris received from at least five of its customers concerning Nomadix's announcement; and later, in June 2004, the letter that Colubris received from Nomadix which concerned infringement by Colubris of the Nomadix '894 Patent. Consequently, the Court does not view the question

Exhibit E

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-08441-DDP (VBKx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | Nomadix, Inc. v. Hewlett-Packard Company, et al. | | |

of whether litigation was anticipated as something remote, but something that was very real and primary with regard to the creation of Entry No. 7.

Even if attorney-client privilege did not shield production of Entry No. 7, and the Court concluded it was attorney work product, Nomadix has failed to demonstrate that under Fed.R.Civ.P. 26(b)(3)(A)(ii), it would be entitled to .production of the document.  This issue was extensively discussed at the hearing.  Based on Nomadix's counsel's argument, the Court does not conclude that the requirements of the Rule have been met; e.g., at best, the document would corroborate undisputed facts, or would be cumulative.

Finally, the Court declines Nomadix's request that it review the document in camera.  The court does not perceive that this will wither add anything to its analysis, or change its analysis.  There is sufficient evidence in the record from which the Court can make its determination as to both attorney-client privilege and attorney work product.  Consequently, the Court does not deem it to be an appropriate or necessary expenditure of judicial resources to actually review the document.

Based on the foregoing, Nomadix's Motion is **DENIED**.

**IT IS SO ORDERED**.

|  | : | 30 mins |
|---|---|---|
| Initials of Preparer | RH | |

Exhibit E

# EXHIBIT 1

## FILED UNDER SEAL

EXHIBIT 1

# EXHIBIT 2

# Knobbe Martens

KNOBBE,MARTENS,OLSON & BEAR,LLP

3579 Valley Centre Drive, Suite 300, San Diego, CA 92130
**T** (858) 707-4000

Daniel P. Hughes
Daniel.Hughes@knobbe.com

July 5, 2022

**VIA EMAIL**

Kenneth G. Parker
Haynes and Boone, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
ken.parker@haynesboone.com

Re:     Masimo Corp. and Cercacor Laboratories v. Apple Inc.

Dear Ken:

Masimo is clawing back the following inadvertently produced documents, which are subject to attorney-client and/or work product privilege as they reflect the advice of counsel, reflect communications to counsel for the purpose of obtaining legal advice, or relate to testing conducted at the direction of Masimo's counsel.  The documents bear the following bates numbers:

- MASA00377330
- MASA00387556
- MASA00410234
- MASA00486486
- MASA00520386
- MASA01467556
- MASA01946940
- MASA002389767
- MASA02957453
- MASA03064962
- MASA03064991
- MASA03065001

Redacted versions of clawed back documents will be re-produced as appropriate.

Pursuant to Paragraph 15(b) of the Protective Order, please confirm that Apple will immediately return or delete the above-identified privileged documents and will not cite to or use them for any purpose. Please provide confirmation no later than five (5) business days after receiving this notice.

Best regards,

Daniel P. Hughes

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# EXHIBIT 3

## FILED UNDER SEAL

EXHIBIT 3

# EXHIBIT 4

## FILED UNDER SEAL

EXHIBIT 4

# EXHIBIT 5

## FILED UNDER SEAL

EXHIBIT 5

# EXHIBIT 6

## FILED UNDER SEAL

EXHIBIT 6