JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF APPLE'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY REASONABLE ROYALTY THEORY**<br><br>Date: December 12, 2022<br>Time: 1:30pm<br>Expert Discovery Cut-Off: Dec. 12, 2022<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 27, 2023 |

REDACTED VERSION OF
DOCUMENT PROPOSED TO BE FILED UNDER SEAL

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

# TABLE OF CONTENTS

I. Introduction ...................................................................................................... 1

II. Background ...................................................................................................... 3

    A. Plaintiffs' Initial Disclosures And Initial Responses to Apple's Damages Interrogatory Provide No Detail On Their Reasonable Royalty Theory ................................................................................... 3

    B. Following An Order From The Special Master, Plaintiffs Identify Several Licenses On Which They Intend To Rely As Support For Their Reasonable Royalty Theory ............................................................ 4

    C. Plaintiffs' Damages Expert Relies On The Previously Undisclosed ███████████████████ To Conclude That Apple Owes Up ███████████████████████████████████████████████ 6

III. Argument ......................................................................................................... 8

    A. Plaintiffs' Reliance On The ███████████ Violates FRCP 26(e) .......... 8

    B. The Proper Remedy For Plaintiffs' FRCP 26(e) Violation Is To Strike The Portions Of The Kinrich Report That Mention Or Otherwise Rely Upon ███████████████████████████

IV. Conclusion ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armenian Assembly of America, Inc. v. Cafesjian*,
  746 F. Supp. 2d 55 (D.D.C. 2010) ................................................................... 11

*Asia Vital Components Co., v. Asetek Danmark A/S*,
  377 F. Supp. 3d 990 (N.D. Cal. 2019) .............................................................. 9

*E.& J. Gallo Winery v. Strategic Materials, Inc.*,
  2019 WL 3729811 (E.D. Cal. Aug. 8, 2019) ................................................. 10

*Jones v. Travelers Casualty Insurance Co. of America*,
  304 F.R.D. 677 (N.D. Cal. 2015) ............................................................. 11, 12

*Merchant v. Corizon Health, Inc.*,
  993 F.3d 733 (9th Cir. 2021) .......................................................................... 10

*Ollier v. Sweetwater Union High School District*,
  768 F.3d 843 (9th Cir. 2014) ....................................................................... 3, 8

*Polaris PowerLED Technologies, LLC v. VIZIO, Inc.*,
  2020 WL 4258663 (C.D. Cal. May 14, 2020) ............................................ 8, 11

*Silvers v. Sony Pictures Entertainmnet, Inc.*,
  402 F.3d 881 (9th Cir. 2005) (en banc) .......................................................... 9

## I. INTRODUCTION

Apple respectfully asks this Court to strike the portions of Plaintiffs' damages expert report that rely on Plaintiffs' agreements with ▉▉▉▉▉▉▉▉▉▉ in calculating a reasonable royalty.[1]

Since this case was filed nearly three years ago, Plaintiffs have asserted that they intend to seek a reasonable royalty as a remedy for Apple's purported misappropriation. Plaintiffs' Initial Disclosures provide no insight into how that reasonable royalty would be calculated; instead, they direct Apple to Plaintiffs' response to Apple's Interrogatory No. 17. Ex. 1. Plaintiffs' response to Interrogatory No. 17—which Plaintiffs supplemented seven times, most recently in September 2022—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

When Plaintiffs' damages expert's report was served last month, however, it revealed a reasonable royalty theory based on ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉) absent from Plaintiffs' interrogatory response. *E.g.*, Ex. 2 at ¶¶ 210-215. Furthermore, the expert concluded that of all of Plaintiffs' license agreements that he considered—including those Plaintiffs *did* identify in their interrogatory response—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] The parties have agreed that this motion should be heard by this Court in the first instance, particularly in light of the Special Master's recommendation to that effect regarding a similar motion to strike. *See* Dkt. 947. The Special Master confirmed via email that this approach is consistent with his understanding of the division of authority between this Court and the Special Master. Passamaneck Decl. ¶ 4.

1  ▮▮▮
2  ▮▮

3       Plaintiffs' strategic decision to unveil the centerpiece of their reasonable royalty theory in an expert report violates FRCP 26(e)'s duty to timely supplement interrogatory responses. Plaintiffs' professed rationalization is that an early iteration of their interrogatory response made the generic statement that Plaintiffs "▮▮▮ ▮▮▮ to establish a reasonable royalty, and ▮ was mentioned in a few depositions (though not the specific agreements now relied upon). *See* Ex. 3 (emphasis added). That tentative language in the response and those fleeting references in the depositions in no way put Apple on notice that Plaintiffs intended to stake their multi-billion-dollar royalty case ▮▮▮ — particularly given that the Special Master found that same interrogatory response deficient almost a year ago and ordered Plaintiffs to supplement it. Dkt. 617 at 5-6.

      Plaintiffs cannot meet their burden to show that this clear violation of Federal 26(e) was substantially justified or harmless. They have provided no explanation for why they did not include the ▮▮▮ in their interrogatory response, alongside several other specifically-named licenses. Nor can Plaintiffs establish that their failure to disclose ▮▮▮ was harmless. Had Plaintiffs at least identified ▮ ▮▮▮ as relevant in March 2022 (i.e., at the same time as they identified the other purportedly comparable licenses), Apple could have sought discovery from both Plaintiffs ▮▮▮ regarding the agreements and the products, code, and sales implicated by them. As it is, Apple must file a rebuttal expert report and prepare for trial with virtually no knowledge regarding those purportedly pivotal agreements.

---

2 ▮▮▮

Plaintiffs should not be permitted to prosecute their case by "surprise and … ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861-864 (9th Cir. 2014). Under the circumstances, the only adequate remedy for Plaintiffs' unjustifiable delay is to strike the passages of the damages expert's report that rely on the ████ ████████ and bar the expert from testifying on the subject at trial.

## II. BACKGROUND

### A. Plaintiffs' Initial Disclosures And Initial Responses to Apple's Damages Interrogatory Provide No Detail On Their Reasonable Royalty Theory

On April 14, 2020, Apple served Plaintiffs with Interrogatory No. 17, which seeks "all factual and legal bases for [Plaintiffs'] contention that [y]ou are entitled to any relief in this case, including but not limited to, monetary damages." Ex. 1 at 7. Interrogatory No. 17 also asked Plaintiffs to "identify[] and describ[e] in detail all [d]ocuments and [c]ommunications relating to such contention and identifying all individuals having information about such contention." *Id.*

Plaintiffs' initial response, served in May 2020, merely provided a laundry list of possible remedies for Apple's purported misappropriation. Ex. 1 at 8 ("Plaintiffs seek restitution, disgorgement, lost profits, price erosion, and/or *reasonable royalties*, compensatory damages, punitive damages, and/or exemplary damages." (emphasis added)). Plaintiffs' initial damages disclosure provided no more detail—it simply listed "reasonable royalties" as one among many forms of damages Plaintiffs might seek. *See* Ex. 4 at 6.

In August 2020, Plaintiffs supplemented their response to Interrogatory No. 17 to disclose that (1) Plaintiffs ████████████████████████████████████

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Despite this assurance, Plaintiffs provided no further information on their reasonable royalty theory—or any other damages theory—for nearly a year-and-half.[3]

### B. Following An Order From The Special Master, Plaintiffs Identify Several Licenses On Which They Intend To Rely As Support For Their Reasonable Royalty Theory

In December 2021, Apple moved to compel Plaintiffs to provide a meaningful articulation of the specific basis and amount of their damages claims, including the underlying facts and documents on which they relied. Apple's motion highlighted that Plaintiffs had, among other things, failed to provide even basic information regarding their reasonable royalty theory. *See* Ex. 5 at 2 (arguing Plaintiffs should have provided ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *id.* at 4 (arguing Plaintiffs should have provided ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Special Master agreed with Apple that Plaintiffs' existing responses were deficient, noting in February 2022 that Plaintiffs "ha[ve] not provided any information yet on whether 'this is a $1 case or a case worth billions.'" *See* Dkt. 617 at 5-6.

Following the Special Master's ruling, Plaintiffs amended their initial damages disclosure, but did not provide any more detail on their reasonable royalty theory. Ex. 6. Plaintiffs also supplemented their response to Interrogatory No. 17 to provide a brief ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[3] Plaintiffs supplemented their interrogatory response in April 2021, but only to add ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



15  *Id*.  The supplemental response did not, however, discuss the ███████.

16      Plaintiffs served another supplemental response to Interrogatory No. 17 on April

17  2022, which clarified and elaborated on the information above—i.e., that Plaintiffs had

18–23  ████████████████████████████████████████.

24      Plaintiffs served further supplemental responses in July, August, and September

25  2022.  Ex. 1 at 22-32.  Not one of those supplements identified any further information

26  on Plaintiffs' reasonable royalty theory or identified any new licensing

27

28

agreements/discussions that Plaintiffs believed were relevant to their damages contentions.

### C. Plaintiffs' Damages Expert Relies On The Previously Undisclosed ▮ ▮ To Conclude That Apple Owes Up ▮ In Royalties

In October 2022, Plaintiffs served Apple with their damages expert's report. Mr. Kinrich's report took the position that ▮ ▮—none of which were mentioned in Plaintiffs' Initial Disclosures or interrogatory responses—were not just relevant to determining a reasonable royalty, but were the best comparator for the analysis.

Specifically, Mr. Kinrich indicated that he ▮

▮ Mr. Kinrich's view is difficult to ▮

Mr. Kinrich accordingly ▮

1  ▮▮▮
2  ▮▮▮

3  On October 24, 2022, Apple requested that Plaintiffs withdraw the portion of Mr. Kinrich's report that relied on the ▮▮▮. Ex. 3. Plaintiffs refused, taking the position that Apple was on notice that the ▮▮▮ would be the lynchpin of their reasonable royalty theory. *Id.* Plaintiffs observed that (1) their August 2020 supplemental response to Interrogatory No. 17 had noted that Plaintiffs ▮▮▮" and (2) Plaintiffs had ▮▮▮ *Id.* Plaintiffs also argued that the ▮▮▮ had been discussed during several depositions. *Id.* Plaintiffs failed to dispute that the ▮▮▮ were omitted from Plaintiffs' interrogatory responses.

The parties met and conferred on October 28, 2022. Ex. 3. During that meeting, Plaintiffs' counsel did not ask Apple any further questions about Apple's request. *Id.* Rather, he agreed that the parties had reached an impasse on the ▮▮▮ issue and that this motion should be presented to this Court. *Id.*

The following week, Plaintiffs emailed Apple, asserting that Apple did not identify (1) "how it believes it was prejudiced" by Mr. Kinrich's reliance on the ▮▮▮ or (2) any discovery it was unable to take. Ex. 3. In response, on November 1, Apple emailed Plaintiffs' counsel noting that he had not previously raised either point and that Plaintiffs have the burden to show harmlessness. *Id.* Apple also reiterated details on how it had been prejudiced. *Id.*

After Apple notified Plaintiffs that it intended to file this motion on Monday, November 14, Plaintiffs finally responded to Apple's email on November 11—ten days after Apple's last email. Plaintiffs reiterated that they complied with Rule 26(e) because

---

4 ▮▮▮

1  their August 2020 ▮▮▮▮▮
2  ▮▮▮▮▮ put Apple on notice that Plaintiffs "may rely on one or more such
3  agreements, including with ▮." Ex. 3. Plaintiffs also argued for the first time that any
4  untimeliness was harmless because Apple could purportedly have sought "discovery
5  from or regarding ▮" "[a]fter receiving the [Kinrich] report," i.e., nearly two months
6  after the close of fact discovery. *Id.*

### III. ARGUMENT

**A. Plaintiffs' Reliance On The ▮▮▮▮▮ Violates FRCP 26(e)**

FRCP 26(e) provides that a "[a] party who … has responded to an interrogatory … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." This approach, which requires the responding party to provide express notice to the other side of a change in circumstances, is meant "to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier*, 768 F.3d at 862. Accordingly, a party cannot rely on a damages theory not disclosed in its Initial Disclosures or interrogatory responses, particularly where the responding party "had all of the necessary information to disclose this theory … in the course of fact discovery." *Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, 2020 WL 4258663, at *3 (C.D. Cal. May 14, 2020).

Plaintiffs' failure to discuss the ▮▮▮▮▮ in their disclosures or interrogatory responses violates their FRCP 26 obligations. Indeed, the words ▮▮▮▮▮ never appear in the disclosures or responses—nor do the Bates numbers of the ▮▮▮▮▮ upon which Mr. Kinrich relies. *See generally* Exs. 1, 4, 6, 8, 9. Plaintiffs' silence is particularly notable both because (1) the Special Master specifically ordered them to provide more information on their damages theories and (2) the limited additional information that Plaintiffs provided ▮▮▮▮▮ ▮▮▮▮▮ as relevant to the

1 reasonable royalty analysis. The natural reading of Plaintiffs' decision to identify only
2 a handful ███████████████████████████████
3 ███████████████████████████████ as irrelevant. *Cf. Silvers v. Sony Pictures*
4 *Entm't*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) (when a statute lists "certain persons,
5 things, or manners of operation, all omissions should be understood as exclusions").

6     Plaintiffs' primary response appears to be that Apple was on notice that the ███
7 ███████ would be used because one of Plaintiffs' early supplemental responses
8 stated that they "███████████████████████████████
9 Ex. 1 at 10; *see also supra* pp. 7-8. But Plaintiffs have produced ███████
10 ███████████████████████████████
11 ███████████████████████████████
12 ███████████████████████████████
13 ███████████████████████████████
14 ███████████████████████████████
15 ███████████████████████████████
16 ███████████████████████████████
17 ███████████████████████████████
18 ███████████████████████████████
19 ███████████████████████████████
20 ███████████████████

21     Moreover, even if Plaintiffs had failed to identify any specific licenses in their
22 responses, Apple should not have been required to dig through ███████
23 ███████ to find a needle in a haystack—particularly where Apple's interrogatory
24 asked Plaintiffs to expressly identify all documents related to their damages theories.
25 *See supra* p. 3; *see also Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F.
26 Supp. 3d 990, 1004 (N.D. Cal. 2019) (rejecting defendant's argument that the fact that
27
28

it had produced a document with single table that *supported* its non-infringement theory satisfied defendant's Rule 26(e) duty to *identify* that theory).[5]

Plaintiffs have also suggested that their ▮▮▮ theory was disclosed when Apple deposed Joe Kiani, Bilal Muhsin, and Rick Fishel. Ex. 3. But neither Mr. Kiani nor Mr. Muhsin so much as mentioned ▮▮▮ during their depositions. *Id.* (citing Ex. 7 at 218, Ex. 10 at 29-60). And although Mr. Fishel referenced ▮▮▮ in passing, he was unable to answer whether ▮▮▮. Ex. 11 at 4-5. Given that Mr. Fishel subsequently testified that he had negotiated ▮▮▮ to permit other companies to use Plaintiffs' technology in their products, *id.* at 6, it is unclear how Apple should have known to focus in on Mr. Fishel's stray mention of ▮. In any event, "that some deposition testimony—which did not set forth a damage computation or analysis of damages—discussed [a licensing agreement] is insufficient to alert [Apple] that [Plaintiffs] w[ere] seeking damages" based on that agreement— "especially when [Plaintiffs] did not amend [their] … initial disclosures to assert this theory." *See E.& J. Gallo Winery v. Strategic Materials, Inc.*, 2019 WL 3729811, at *6 (E.D. Cal. Aug. 8, 2019).

**B.   The Proper Remedy For Plaintiffs' FRCP 26(e) Violation Is To Strike The Portions Of The Kinrich Report That Mention Or Otherwise Rely Upon ▮▮▮**

A party that fails to timely supplement its interrogatory responses is subject to FRCP's 37(c)(1)'s "'automatic' sanction that prohibits the use of" that information. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). A court may "impose an exclusion sanction where a noncompliant party has failed to show that the

---

[5] Plaintiffs have not identified any reason why the ▮▮▮ could not have been included in their interrogatory response prior to Mr ▮▮▮ ages report (e.g., third-party confidentiality concerns). No▮▮▮y reasonably do so—Plaintiffs had produced all the Agreements at issue by ▮▮▮. Passamaneck Decl. ¶ 8.

discovery violation was either substantially justified or harmless." *Id.*; *see also Polaris*, 2020 WL 4258663, at *3 (striking damages theory not disclosed in interrogatory responses); *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 73-74 (D.D.C. 2010) (same).

Plaintiffs cannot meet their burden to show that their Rule 26(e) violation is substantially justified or harmless. Plaintiffs have failed to provide any reason why they did not identify the ▮▮▮▮▮ in their interrogatory responses and/or Initial Disclosures. Their decision to list licensing agreements or discussions with specific companies like ▮▮▮▮▮ was misleading and caused Apple to devote resources to investigating companies that were ultimately wholly irrelevant to Mr. Kinrich's royalty analysis (e.g., ▮▮▮▮▮).

Nor can Plaintiffs show that their strategic decision not to identify the ▮▮▮▮▮ as relevant prior to Mr. Kinrich's report was harmless. Plaintiffs' November 11 email effectively concedes that Apple's first real chance to seek discovery on the ▮▮▮▮▮ was "*[a]fter* receiving the [Kinrich] report." Ex. 3 (emphasis added). Had the ▮▮▮▮▮ theory been disclosed during fact discovery, Apple would have "undoubtedly … pressed for additional documents and asked additional deposition questions of fact witnesses" to prepare itself and its experts to address the comparability of the ▮▮▮▮▮. *See Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681-682 (N.D. Cal. 2015). Among other things, Apple would have sought discovery from both ▮ and Plaintiffs regarding the agreements and the products, code, and sales implicated by them in order to explore relevant ways in which the ▮▮▮▮▮ could be distinguished on their facts. Apple would also have pressed the three deposition witnesses Plaintiffs have mentioned—Mr. Kiani, Mr. Muhsin, and Mr. Fishel—to testify regarding the ▮▮▮▮▮ and circumstances surrounding them.

Plaintiffs' November 11 email represents that if "Apple had identified … any specific discovery it desired from or about ▮" when it received Mr. Kinrich's report

on October 6, 2022, "Masimo would have worked to expedite it and Apple would already have it." Ex. 3. This is both the first offer Plaintiffs made of additional discovery in response to Apple's concerns—raised promptly after receiving Mr. Kinrich's report—and the first time Plaintiffs have suggested that they can influence or control third party ▇ response to discovery. But fact discovery closed more than three months ago—and nearly two months before the receipt of Mr. Kinrich's report. The Court's schedule does not permit the parties to serve additional fact discovery on the parties (or third parties) at this point. And even if did, with the rebuttal to Mr. Kinrich's report due in a matter of days, *infra* n.6, Plaintiffs have not left Apple with the necessary time (or, indeed, with any time) to serve requests, receive and process new information about the ▇. Nor should Apple have been forced to conduct such fact discovery in parallel with the drafting of its expert reports.

In any event, even if this motion had been resolved before the close of fact discovery and before the deadline for expert reports, Apple's "experts [are] in effect locked-in to the factual record as of the time fact discovery closed and [can]not test the factual basis for the newly [added damages theory] by conducting additional discovery." *Jones*, 304 F.R.D. at 681-682. The suggestion that Apple has suffered no prejudice from Plaintiffs' FRCP 26(e) violation because Apple could have drafted, served, negotiated, and received discovery on the ▇ in the six weeks between when Plaintiffs served the Kinrich report and when Apple's expert is required to respond—none of which is permitted by the Court's schedule—simply does not pass the straight-face test. Plaintiffs' belated offer to produce information in connection with the ▇ shows that they are aware of their failure to provide adequate notice of Apple of this theory during fact discovery.[6]

---

[6] Plaintiffs blame Apple's late production of certain documents for Plaintiffs' FRCP violation. Ex. 3. But the parties agreed to shift the damages report schedule by two weeks (with Kinrich's report due on October 6 and Apple's rebuttal __ November 17). Even on the original schedule, Plaintiffs would have disclosed their ▇ theory a month after the fact discovery deadline and Apple would have had six week ▇ o file a rebuttal.

## IV. CONCLUSION

Apple respectfully requests that the Court strike Plaintiffs' previously undisclosed damages theory based on the ▮▮▮▮▮▮▮ contained in Kinrich Report Paragraphs 8, 195, 209-224, 236-237, and 242-245, and Exhibits 7.A-B and 15.B. Apple's proposed strikes are set forth in highlights in Exhibit 2.

Dated: November 14, 2022        Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Mark D. Selwyn
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*