JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: 202.955.8500 / Fax: 202.467.0539

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER ORDER DATED OCTOBER 24, 2022** <br><br> Date: Dec. 5, 2022 <br> Time: 1:30 p.m. <br> Expert Discovery Cut-Off: Dec. 12, 2022 <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 27, 2023 |

REDACTED VERSION OF
DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
4
   ILISSA SAMPLIN, SBN 314018
5    isamplin@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Tel.: 213.229.7000 / Fax: 213.229.7520

8  ANGELIQUE KAOUNIS, SBN 209833
      akaounis@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   2029 Century Park East, Suite 4000
10 Los Angeles, CA 90067
   Tel.: 310.552.8546 / Fax: 310.552.7026
11
   KENNETH G. PARKER, SBN 182911
12    Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
13 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
| 14 Tel.: 650.949.3014 / Fax: 949.202.3001

15 MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
      HALE AND DORR LLP
17 2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
18 Tel.: 650.858.6000 / Fax: 650.858.6100

19 NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
20 WILMER CUTLER PICKERING
      HALE AND DORR LLP
21 1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
22 Tel.: 720.274.3152 / Fax: 720.273.3133

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2  I.   Introduction ............................................................................................. 1

3  II.  Background ............................................................................................... 1

4      A.   Plaintiffs Claw Back Four Documents With No Indicia Of Privilege
            Three Weeks After Apple Relies Upon Them ........................................... 1
5
       B.   Proceedings In Front Of The Special Master ........................................... 3
6
       C.   Plaintiffs Wait Until Two Business Days Before Their Objections
7           Are Due To Raise A Wide Variety Of Issues ............................................ 7

8  III. Argument .................................................................................................. 8

9      A.   Plaintiffs Have Not Met Their Burden To Establish Attorney-Client
            Privilege Based On The Record In Front Of The Special Master ............ 8
10
       B.   Plaintiffs Should Not Be Permitted To Present New Evidence And
11          Arguments But, Regardless, Still Cannot Meet Their Burden ................ 11

12     1.   Plaintiffs Should Not Be Permitted To Present New Evidence And
            Arguments ................................................................................................ 11
13
       2.   Even If Plaintiffs' New Material Is Considered, The Special
14          Master's Ruling Should Not Be Disturbed ............................................ 13

15 IV.  Conclusion ............................................................................................. 15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1
2

# TABLE OF AUTHORITIES

3

Page(s)

**CASES**

4
5

*Allianz Global Investors GmbH v. Bank of America Corp.*,
2022 WL 2381160 (S.D.N.Y. July 1, 2022) .................................................15

6
7

*Apple Inc. v. Samsung Electronics Co.*,
306 F.R.D. 234 (N.D. Cal. 2015) ...........................................................9

8
9

*Brook v. McCormley*,
837 F. App'x 433 (9th Cir. 2020) ..................................................12

10
11

*Brown v. Roe*,
279 F.3d 742 (9th Cir. 2002) .........................................................11

12
13

*Calendar Research LLC v. StubHub, Inc.*,
2019 WL 11558873 (C.D. Cal. July 25, 2019) ......................................14, 15

14
15

*Datel Holdings Ltd. v. Microsoft Corp.*,
2011 WL 866993 (N.D. Cal. Mar. 11, 2011) ...............................................10

16

*Dolby Labortories Licensing Corp. v. Adobe Inc.*,
402 F. Supp. 3d 855 (N.D. Cal. 2019).....................................................9, 10

17
18

*Hynix Semiconductor Inc v. Rambus Inc.*,
2008 WL 350641 (N.D. Cal. Feb. 2, 2008)....................................................9

19
20

*In re: Cathode Ray Tube (Crt) Antitrust Litigation*,
2016 WL 945981 (N.D. Cal. Mar. 14, 2016)..............................................11

21
22

*Lewis v. Wells Fargo & Co.*,
266 F.R.D. 433 (N.D. Cal. 2010) ....................................................14

23
24

*McCaugherty v. Siffermann*,
132 F.R.D. 234 (N.D. Cal. 1990) .....................................................9

25
26

*Mwasi v. Montoya*,
2021 WL 515816 (C.D. Cal. Feb. 10, 2021)..............................................12

27
28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Phoenix Techs. Ltd. v. VMware, Inc.*,
    195 F. Supp. 3d 1096 (N.D. Cal. 2016)..........................................................14

*Polaris Innovations Ltd. v. Kingston Technology Co., Inc.,*
    2017 WL 8220457 (C.D. Cal. June 16, 2017)...............................................14

*United States v. Howell*,
    231 F.3d 615 (9th Cir. 2000)..................................................................11, 12

*United States v. Ruehle*,
    583 F.3d 600 (9th Cir. 2009).........................................................................8

Wilmer Cutler
Pickering Hale
and Dorr LLP

# I.   INTRODUCTION

This Court should reject Plaintiffs' last-ditch effort to avoid producing three internal presentations by relying on evidence and arguments not presented to the Special Master.

Four months ago, Plaintiffs attempted to claw-back three internal presentations and an email that Apple had relied upon in its responses to Plaintiffs' interrogatories. Although Plaintiffs have conceded that not one of the documents bear any indicia of attorney-client privilege (e.g., ███████████████████████████████████████ ███████, Ex. 8 at 10-11, they contended that the documents were privileged because they sought or reflected the advice of counsel, Ex. A-5 at 2.  Plaintiffs' briefing in front of the Special Master provided no details or evidence to support this broad assertion. Even now, Plaintiffs do not appear to contest that the Special Master's ruling was correct based on the record in front of him at the time of the hearing.

Having failed to convince the Special Master with one approach, Plaintiffs now switch to another—i.e., submitting two new declarations and presenting new legal arguments not preserved below.  This Court should take Plaintiffs' new approach for what it is: unjustifiable sandbagging.  Even to the extent this Court considers Plaintiffs' new points, however, Plaintiffs still have not met their burden to establish privilege.  That the underlying presentations happen to involve ██████████████ ██████████████████████████████████████████████ does not rebut the Special Master's finding that the documents could well have sought ████████ ████████████████████████████████████

# II.   BACKGROUND

## A.   Plaintiffs Claw Back Four Documents With No Indicia Of Privilege Three Weeks After Apple Relies Upon Them

In May 2022, Plaintiffs served Interrogatory No. 35, which requested Apple provide the basis for its contention that "Plaintiffs['] products were copied from or

Wilmer Cutler
Pickering Hale
and Dorr LLP

otherwise derived from Apple's products." Ex. A-4 at 2.  Apple's June 15, 2022

response cited, among other things, three of Plaintiffs' internal presentations and an

email ███████████ .  *Id.*  Pursuant to Paragraph 15(c) of the Protective Order,

Apple retained a description of each document identifying the Bates number,

production date, and pertinent identifying information:



Twenty days after being served with Apple's response, Plaintiffs sent a letter to

Apple stating that they were clawing back twelve documents produced by Plaintiffs in

this action, including four upon which Apple had relied.  Ex. 2.  Plaintiffs subsequently

produced a privilege log that claimed attorney-client privilege for the email and the

three presentations (all of which had been produced months earlier).  *See* Ex. 7 at Row

Nos. 21346, 21348, 213450, 21351.[1]  For the ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1] While the full privilege log was presented to the Special Master as Exhibit 6, the
version of Exhibit 6 Plaintiffs filed with their objections is missing one of its two
pages.  Apple accordingly reproduces the full original exhibit as Exhibit 7.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1   [REDACTED]

2   [REDACTED]

3   [REDACTED]

4   [REDACTED]

5   [REDACTED]

6   [REDACTED]

7   [REDACTED]

8   [REDACTED]

9   [REDACTED]

10   [REDACTED]

11   **B.**     **Proceedings In Front Of The Special Master**

12        *1.*     *Apple Moves To Compel Production Of The Clawed Back*

13             *Documents, And Plaintiffs Do Not Present Any Evidentiary Support*

14             *For Their Privilege Claims*

15        On August 17, 2022, Apple moved to compel Plaintiffs to produce the

16 presentations and email [REDACTED]

17 [REDACTED]

18 [REDACTED] Ex. A-4 at 1.  However, "[t]o the extent the Special

19 Master needs additional information about the documents at issue," Apple requested

20 that the Special Master conduct an *in camera* review.  *Id.* at 4.

21        Plaintiffs' opposition quoted their privilege log's description of the three

22 presentations and the email but provided no other explanation or evidence to support

23 their privilege claim.  Ex. A-5 at 2.  In particular, although Plaintiffs [REDACTED]

24 [REDACTED]

25 [REDACTED], *see* Ex. A-7, Plaintiffs failed to offer a declaration in support of

26 their assertion of privilege.  Nor did Plaintiffs request the opportunity to provide

27 further briefing or a declaration if the Special Master decided *in camera* review was

28

not warranted.  Instead, Plaintiffs took essentially the opposite position, namely, that

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████    Ex. A-5 at 5.

Apple's reply brief highlighted Plaintiffs' failure to provide evidentiary support for their privilege assertions.  Ex. A-6 at 3.  Specifically, Apple noted that ████████

██████████████████████████████████████████████████████████████

████████████████████████████████████    *Id.*

2.   *The Special Master Hears Oral Argument On Apple's Motion And Plaintiffs Again Do Not Provide Any Evidentiary Support For Their Privilege Claims*

**a.**   The Special Master held a hearing on Apple's motion (and several other pending motions) on October 3, 2022.  Because Apple inadvertently failed to arrange for a court reporter, the portion of the hearing related to the clawed-back documents was not contemporaneously transcribed.  *See* Ex. A-3 at 4.  However, as Judge Guilford stated at the conclusion of the hearing, "the hearing was recorded through our Zoom process," *id.*, meaning that either side could have asked for a copy of the recording and arranged for a transcript.  While Apple "d[id] not object" when Plaintiffs indicated that they did not intend to file a transcript in conjunction with their objections, *see* Ex. A-8 at 63, Apple certainly did not agree that Plaintiffs could instead substitute a self-serving declaration in its place, *see* Mot. 1 n.1, *see generally* Katzenellenbogen Decl. ISO Special Master Order ("Katz. Decl.").  Now that Plaintiffs' objections have put the substance of the hearing at issue, *see, e.g.*, Mot. 1-2,

Wilmer Cutler
Pickering Hale
and Dorr LLP

1   7-8, Apple has arranged for a full transcript of the hearing, which appears in Exhibit

2   8.[2]

3           **b.**      At the hearing, the Special Master ████████████████████████

4   ████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████

10  ████████████████████

11          In response, Plaintiffs conceded that privilege ████████████████████ of the

12  documents.  Ex. 8 at 16; *see also id.* at 38.  When the Special Master asked the natural

13  follow-on question ████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23

24  _____

25  [2] Apple designated the transcript "Highly Confidential" as Plaintiffs assert the hearing

26  was not transcribed in part "████████████████████████████████████████████████

    Decl. ¶ 4.  This is the first time Plaintiffs have made this assertion.

27  ████████████████████████████████████████████████████████████████████████

28

1 ████████████████████████████████████████████

2 ████████████████████

3     The Special Master also asked Plaintiffs whether there is ██████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████████

7 ████████████████████████████████████████████

8 ███████████

9     At the conclusion of the hearing, Apple once again highlighted the lack of

10 evidentiary support for Plaintiff's assertion of privilege.  Ex. 8 at 41-42.  As Apple's

11 counsel explained: █████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ██████████████████████████████████

15          *3.  The Special Master Orders* In Camera *Review And Plaintiffs Yet Again*

16             *Do Not Provide Any Evidentiary Support For Their Privilege Claims*

17     On October 14, 2022, the Special Master ordered Plaintiffs to submit the four

18 clawed-back documents for *in camera* review.  The Special Master noted both that (1)

19 "Plaintiffs' opposition essentially argues that Plaintiffs' privilege log entries are

20 sufficient, and does not present any other evidence (for example, an attorney

21 declaration) to support their position," and (2) "Defendants challenged the lack of

22 evidence in the opposition itself."  Ex. A-1 at 6-7.  The Special Master concluded that

23 "[a]lthough Plaintiffs request an opportunity to now submit additional evidence in

24 support of their claim, the Special Master finds only that *in camera* production of

25 copies of the documents themselves is warranted at this time."  *Id.* at 7.  Accordingly,

26 the Special Master stated that he would "rely on the information already in the record

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

through statements in briefs and at oral argument in evaluating Plaintiffs' privilege claims." *Id.*

Following the Special Master's decision to conduct *in camera* review, Plaintiffs did not seek leave to submit additional evidence supporting their assertions of privilege or file an objection with this Court challenging the ruling. Instead, Plaintiffs waited until after the Special Master had conducted the *in camera* review—and ruled against Plaintiffs—before questioning the manner in which the Special Master should conduct that review.

### 4. The Special Master Grants Apple's Request For Production Based On The "Arguments And Evidence Timely Presented"

On October 24, 2022, the Special Master held that "[b]ased on a review of the documents as well as the arguments and evidence timely presented," Plaintiffs had not met their burden to establish that the four clawed back documents were privileged. Ex. A-2 at 2. Specifically, the Special Master reasoned that ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████ *Id.* Here, the Special Master found, ████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████ *Id.* The Special Master accordingly ordered Plaintiffs "to produce the four documents in dispute." *Id.*

### C. Plaintiffs Wait Until Two Business Days Before Their Objections Are Due To Raise A Wide Variety Of Issues

Late in the evening on Thursday, November 3, Plaintiffs sent Apple a lengthy email raising a number of last-minute procedural issues regarding the instant motion. *See generally* Ex. A-8. As particularly relevant here, Plaintiffs' counsel asked Apple to agree that Plaintiffs could "████████████████████████████████████ ████████████████████████████████████████████████████████

Wilmer Cutler Pickering Hale and Dorr LLP

1  ████████  Ex. A-8 at 64.  Apple objected, explaining that it was inappropriate to

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████  *Id.* at 63.

5      Plaintiffs also stated that they would produce at least the 2018 email if Apple

6  would agree that ████████████████████████  Ex. A-8 at 62; *see also* Ex. 9.

7  Apple informed Plaintiffs that ████████████████████████████████

8  ████████████████████████████████████  Ex. 9.  While

9  Plaintiffs did not respond to Apple, their November 7, 2022 opening brief states that

10  "[t]he email is no longer at issue" and incorrectly asserts that "Masimo produced it."

11  Mot. 1 n.1.

12      Plaintiffs did not actually produce the email until 4:30pm PT on Friday,

13  November 11—a federal holiday.  Passameck Decl. ¶ 4.  The email that Plaintiffs

14  fought tooth and nail to avoid producing contains no indicia remotely supporting a

15  privilege claim.  It is a brief conversation between ████████████████

16  indicating ████████████████████████████████████████

17  ████████████████████████  Ex. 10.

## III.   ARGUMENT

### A.   Plaintiffs Have Not Met Their Burden To Establish Attorney-Client Privilege Based On The Record In Front Of The Special Master

The Special Master rightly found that Plaintiffs had not shown that the three clawed-back presentations are protected by attorney-client privilege.  *See* A-2 at 2.

The scope of the attorney-client privilege is "narrowly construed" and the party asserting privilege has "the burden of establishing the relationship and the privileged nature of the communication."  *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).  Where a document appears to be for a business purpose, a court "should sustain an assertion of privilege only when there is a clear evidentiary predicate for concluding

Wilmer Cutler
Pickering Hale
and Dorr LLP

that each communication in question was made primarily for the purpose of generating legal advice." *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990).  In other words, "[n]o privilege can attach to any communication … that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 240-241 (N.D. Cal. 2015).

Here, the Special Master correctly concluded that there was ███████████ ████████████████████████████████████ A-2 at 2.  As Apple explained below, ██████████████████████████████████████████ and Plaintiffs failed to present any contrary evidence that "each communication in question was made *primarily* for the purpose of generating legal advice." *McCaugherty*, 132 F.R.D. at 238.  To the contrary, ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████ Ex. 8 at 16.  Moreover, Plaintiffs' privilege log did not list ██████████████████████████, *supra* pp. 2-3, and Plaintiffs did not submit a single declaration in support of their privilege assertion—even though "[a] cursory review of the case law demonstrates that attorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege," *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 865 (N.D. Cal. 2019).  Finally, even if Plaintiffs had put their "vague" assertions of privilege into a declaration, that would not have been enough to show attorney-client privilege. *Hynix Semiconductor Inc v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2,

Wilmer Cutler
Pickering Hale
and Dorr LLP

2008) (presentation that included "a discussion of a business plan and strategy that … may have taken into account advice [regarding company's] legal positions" not protected); *see also Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *6 (N.D. Cal. Mar. 11, 2011) (citing same legal principle); *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 863 (N.D. Cal. 2019) (same).

Plaintiffs do not seriously argue that the Special Master's ruling was incorrect based on the evidence in front of him.  At most, Plaintiffs suggest that the Special Master erred by not considering counsel's representations made during the October 3, 2022 hearing—i.e., ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ *See* Mot. 7-8; Ex. 8 at 15.  But the Special Master *did* expressly consider Plaintiffs' statements at the hearing and apparently found them lacking.  *See* Ex. A-2 at 2 (Special Master based his decision "████████████████████████████████████); *id.* at 1-2 (Special Master noting that his decision ██████████████████████ ████████████████████████████████████ *see also* Mot. 8 (Plaintiffs conceding that the Special Master stated "he would review the information provided at the hearing").  That the Special Master was unconvinced by Plaintiffs' underwhelming arguments is no reason to disturb the decision below.[3]

---

[3] Plaintiffs suggest that the Special Master's review "may have been impeded by the lack of a written transcript to review."  Mot. 8.  But Plaintiffs identify nothing in the opinion that supports this assertion and, in any event, the Special Master retained a video recording of the hearing that could have been consulted with no more difficulty than a transcript.  *See supra* pp. 4-5.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

**B. Plaintiffs Should Not Be Permitted To Present New Evidence And Arguments But, Regardless, Still Cannot Meet Their Burden**

2

3

**1. Plaintiffs Should Not Be Permitted To Present New Evidence And Arguments**

4

5

Plaintiffs' objections rest on two pillars: (1) (somewhat) more detailed

6 arguments for why the attorney-client privilege applies and (2) new supporting

7 declarations from Knobbe attorney Jarom Kesler and Plaintiffs' employee Valery

8 Telfort. Mot. 5-7. Plaintiffs provide no persuasive justification for why they failed to

9 press either these arguments or this evidence in front of the Special Master. This Court

10 should accordingly decline to consider them.[4]

11

As the Ninth Circuit has observed, it is "fundamentally unfair to permit a litigant

12 to set its case in motion before the magistrate, wait to see which way the wind was

13 blowing, and—having received an unfavorable recommendation—shift gears before

14 the district judge." *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)

15 (quotations omitted). What's more, "[i]f the Court considers evidence that was not

16 before the Special Master, it loses the benefit of the Special Master's expertise, and it

17 opens the process to the submission of an unlimited number of additional documents."

18 *In re: Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 945981, at *2 (N.D. Cal. Mar.

19 14, 2016).

20

A district court is accordingly "not required[]" to consider new evidence or

21 arguments that were not presented in front of a special master or magistrate judge.

22 *Howell*, 231 F.3d at 621 (evidence); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002)

23 (arguments); *see also Cathode Ray*, 2016 WL 945981, at *2 (no new information rule

24

25
_____

26 [4] Plaintiffs have also switc███ positions from their briefing in front of the Special Master regarding why the █████ presentations are privileged. ████████

27 ███████████████████████████████████████████████████████████

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

applies equally to magistrate judges and special masters). In particular, courts routinely refuse to consider new evidence or arguments when the moving party fails to provide a good explanation for why those points were not raised below in the first instance. *See, e.g.*, *Brook v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020); *Mwasi v. Montoya*, 2021 WL 515816, at *1 (C.D. Cal. Feb. 10, 2021). This Court itself recently declined to "entertain[] new … arguments [raised by Plaintiffs] for the first time" in front of this Court. Dkt. 748 at 3-4.

Here, Plaintiffs have provided no explanation for why they failed to raise their new arguments—and the declarations of Mr. Kesler and Mr. Telfort—in their initial opposition to Apple's motion to compel. For example, Plaintiffs do not contend that they were unable to contact Mr. Kesler (who works for the same law firm as Plaintiffs' trial counsel) or Mr. Telfort (an employee of Plaintiffs). Nor do Plaintiffs contend that some intervening circumstances prevented Mr. Kesler or Mr. Telfort from providing declarations (nor should they be permitted to do so for the first time on reply). To the contrary, Plaintiffs appear to have done precisely what the Ninth Circuit has warned against—treating the briefing as a "mere dress rehears[al]" for their actual argument in front of this Court. *Howell*, 231 F.3d at 622.

Plaintiffs instead blame the Special Master, arguing that he should have instructed Plaintiffs to provide additional evidence and argument after concluding that Plaintiffs' "timely presented" materials were insufficient. Mot. at 7-8; *see also* Ex. A-2 at 2. But again, nothing was stopping Plaintiffs from providing a full account of their privilege arguments in their briefing. To be sure, Plaintiffs now argue that "[t]he referral order to the Special Master did not mention the possibility of *in camera* submission of declarations." Mot. 7. Plaintiffs did not, however, question the Special Master's ability to consider the three clawed-back presentations themselves *in camera*, Ex. A-5 at 5, and they fail to explain why declarations would be treated any

Wilmer Cutler
Pickering Hale
and Dorr LLP

differently.  In any event, Plaintiffs could have raised that question with the Special Master in the first instance by, for example, moving for leave to file such declarations.

Plaintiffs relatedly argue that the statement in the Special Master's October 14, 2022 order that he would not consider any additional evidence "'at this time'" dissuaded Plaintiffs from filing supplemental declarations.  Mot. 7.  At a minimum, judicial efficiency suggests that if Plaintiffs had concerns about the review process, the time to raise those concerns was before the review occurred, and not afterwards.  Plaintiffs could have at least attempted to submit such evidence at least two points prior to October 14—in connection with their briefing or after receiving the Special Master's tentative ruling.  Moreover, if Plaintiffs had any concerns with that aspect of the Special Master's October 14 ruling, they could have raised it directly with this Court.  To paraphrase their own brief, because they did not "object to the Special Master's finding" that no further evidence should be submitted, "that finding is now final."  Mot. 2.

## 2. Even If Plaintiffs' New Material Is Considered, The Special Master's Ruling Should Not Be Disturbed

To the extent that this Court considers the new arguments and evidence implicated by Mr. Kesler's and Mr. Telfort's declarations, Plaintiffs still have not met their burden to show privilege—or even that another round of *in camera* review is warranted.

As a threshold matter, the mere fact that Plaintiffs have now belatedly submitted declarations asserting privilege does not necessarily alter the privilege analysis.  As various courts have explained, a vaguely worded declaration does not justify a privilege claim.  *See supra* pp. 9-10 (citing *Hynix*, *Dolby*, and *Datel*).  Here, the new details and arguments contained within the declarations do not move the needle.

Specifically, Plaintiffs now place heavy weight on the fact that some pages of the three presentations list specific patents about which Plaintiffs sought legal advice.

Wilmer Cutler Pickering Hale and Dorr LLP

Mot. 5, 6.  But Plaintiffs' assertion (at 5, 6) that "pages discussing specific patents present particularly strong arguments" in support of privilege is not supported by the two cases they cite.  *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433 (N.D. Cal. 2010), for example, did not even involve patents—it addressed internal Wells Fargo audits meant to determine whether Wells Fargo was complying with state and federal labor law, *id.* at 435.  Those audits are a far cry from the presentations in this case, ███████████ ████████████████████████████████████████ apart from any additional legal purpose.  *Compare id.* at 445 *with supra* pp. 2-3.[5]

     Although *Polaris Innovations Ltd. v. Kingston Technology Co., Inc.* at least involved patents, the facts of that case are dissimilar from this one, *see* 2017 WL 8220457 (C.D. Cal. June 16, 2017).  There, the party asserting privilege had provided a detailed privilege log identifying the specific "legal purpose" for the underlying documents.  *See id.* at *6 (noting that the log identified "legal issues such as royalty analysis, patent damages, damages for breach of contract, and patent infringement").  In contrast, Plaintiffs' log (and the non-redacted portions of their declarations) generally ███████████████████████████████████████████ ██████████████████████████████████████████████ *See supra* pp. 2-3.

     Plaintiffs also argue that ████████████████████████████ ███████████████████████████████████████.  Mot. 6.  Plaintiffs have never before raised this argument, and Apple has no way of verifying it.  ████ ████████████████████████████████████████████████ "simply labeling a document as privileged does not make it so."  *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1104 n.7 (N.D. Cal. 2016); *accord Calendar Research LLC v. StubHub, Inc.*, 2019 WL 11558873, at *2 (C.D. Cal. July 25, 2019);

---

[5] Plaintiffs (at 5) mistakenly attribute the quote "were intended and then used for a legal purpose" to *Lewis*.  The quote actually comes from Plaintiffs' other case (*Polaris Innovations*).

Wilmer Cutler
Pickering Hale
and Dorr LLP

*see also Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 2022 WL 2381160, at *3 (S.D.N.Y. July 1, 2022) (finding that a "Privileged and Confidential" legend did "not provide circumstantial evidence that … the content[] of the document" was intended to be privileged).  Put slightly differently, Plaintiffs cannot ███████████ ████████████████████████████████████ Ex. 8 at 21-22.  Attorney-client privilege protects "'freedom of expression,'" not an attorney's ability "'to conduct his client's business affairs in secret.'"  *Calendar Research*, 2019 WL 11558873, at *2.

## IV.    CONCLUSION

Apple respectfully requests that the Court overrule Plaintiffs' objections to the Special Master Order Dated October 24, 2022, including Plaintiffs' request to submit additional materials for *in camera* review.

Wilmer Cutler
Pickering Hale
and Dorr LLP

Dated:  November 14, 2022

Respectfully submitted,

H. MARK LYON
BRIAN M. BUROKER
BRIAN A. ROSENTHAL
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

MARK D. SELWYN
JOSHUA H. LERNER
NORA Q.E. PASSAMANECK
WILMER CUTLER PICKERING HALE AND DORR LLP

By:  /s/ *Mark D. Selwyn*
        Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*