Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' REPLY IN SUPPORT OF ITS OBJECTIONS TO SPECIAL MASTER ORDER DATED OCTOBER 24, 2022** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Reply in Support of Its Objections to Special Master Order Dated October 24, 2022. Masimo has provided a proposed redacted version of the Reply.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210. Section 3426.5 states that a court "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

Regarding Exhibits A-12, A-13, A-14, and A-15 to the Declaration of Benjamin A. Katzenellenbogen, Masimo or Apple has (1) previously designated these documents as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order or (2) determined that these documents contain confidential information. Declaration Of Benjamin A. Katzenellenbogen In Support Of Plaintiffs' Application To

-1-

File Under Seal Documents Regarding Plaintiffs' Reply to Its Objections To Special Master Order Dated October 24, 2022 ("Katz Decl."), ¶ 4.  Because these exhibits contain Masimo's or Apple's confidential information, as explained below, there is good cause to file them under seal.  *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (discussing the standard for filing exhibits to non-dispositive motions under seal).

Exhibit A-12 is a reply letter brief in support of Masimo's Motion to Compel Apple Regarding Apple's Common Interest Assertions that Masimo presented to the Special Master.  Katz Decl., ¶ 5.  The exhibit discusses the type of information provided in the parties' privilege logs, *id.*, which courts regularly seal as confidential.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 2015 WL 7775243 at *2 (N.D. Cal. Dec. 3, 2015) (sealing excerpts from a privilege log because the excerpts contained confidential information).

Exhibits A-13 and A-14 are non-public unredacted versions of Orders of the Special Master.  Katz Decl., ¶ 6.  Exhibit A-13 discusses the type of information provided in the parties' privilege logs, *id.*, which courts regularly seal as confidential.  *See, e.g.*, *Oracle*, 2015 WL 7775243 at *2.  Exhibit A-14 quotes and discusses Apple's interrogatory response which Apple has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order.  Katz Decl., ¶ 6.

Exhibit A-15 is excerpts from the Transcript of the Deposition of Massi Joseph E. Kiani, taken August 5, 2002, which Masimo has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order.  Katz Decl., ¶ 7.

The proposed redacted portions of the Reply discuss the aforementioned Exhibits and other materials previously filed under seal and should also be sealed for the same reasons.  Katz Decl., ¶ 3.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal (1) portions of the Reply; and (2) Exhibits A-12, A-13, and A-14, attached to the Declaration Of Benjamin A. Katzenellenbogen In Support Of Plaintiffs' Reply To Its Objections To Special Master Order Dated October 24, 2022.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 21, 2022

By: /s/ Benjamin A. Katzenellenbogen
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56664782