Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**PLAINTIFFS' REPLY IN SUPPORT OF ITS OBJECTIONS TO SPECIAL MASTER ORDER DATED OCTOBER 24, 2022**

Date: December 5, 2022
Time: 1:30 p.m.
Location: Courtroom 10C

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Apple Does Not Meaningfully Dispute The Presentations Are Privileged ........ 2

1. Apple Does Not Address Masimo's Representations At The Hearing ........ 2

2. Apple Does Not Address The Content Of The Declarations ........ 3

3. The Presentation Titles Do Not Rebut Evidence Of Privilege ........ 5

B. The Special Master Erred By Denying Masimo's Request To Submit Supporting Declarations ........ 6

C. This Court Should Exercise Its Discretion To Consider The Declarations ........ 9

D. Apple Advances No Valid Reason To Disregard Masimo's Evidence ........ 10

1. Masimo's Privilege Log Provides Sufficient Detail ........ 10

2. Masimo's Opposition Fully Rebutted Apple's Opening Arguments ........ 12

3. At The Hearing, Masimo Made Representations And Offered To Submit Declarations To Further Substantiate The Privilege Claims ........ 13

4. The Special Master Did Not Allow Masimo To Submit Declarations ........ 13

5. Apple's Arguments About The Email Masimo Produced Lack Merit ........ 14

III. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page No(s).**

*Apple Inc. v. Samsung Electronics Co.*,
306 F.R.D. 234 (N.D. Cal. 2015) .................... 7

*Brook v. McCormley*,
837 F. App'x 433 (9th Cir. 2020) .................... 9

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
2016 WL 945981 (N.D. Cal. Mar. 14, 2016) .................... 9

*Datel Holdings Ltd. v. Microsoft Corp.*,
2011 WL 866993 (N.D. Cal. Mar. 11, 2011) .................... 4

*Dolby Lab'ys Licensing Corp. v. Adobe Inc.*,
402 F. Supp. 3d 855 (N.D. Cal. 2019).................... *passim*

*Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*,
2018 WL 3303002 (S.D. Cal. July 5, 2018).................... 9

*Hynix Semiconductor Inc. v. Rambus Inc.*,
2008 WL 350641 (N.D. Cal. Feb. 2, 2008).................... 4

*Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*,
2018 WL 6071077 (C.D. Cal. June 18, 2018).................... 10

*McCaugherty v. Siffermann*,
132 F.R.D. 234 (N.D. Cal. 1990) .................... 5, 6, 7

*Mwasi v. Montoya*,
2021 WL 515816 (C.D. Cal. Feb. 10, 2021) .................... 9

*Polaris Innovations Ltd v. Kingston Tech Co.*,
2017 WL 8220457 (C.D. Cal June 16, 2017).................... 5, 11, 12

*United States v. Christensen*,
828 F.3d 763 (9th Cir. 2015) .................... 13

*United States v. Howell*,
231 F.3d 615 (9th Cir. 2000) .................... 9

**TABLE OF CONTENTS**
**(*cont'd*)**

**Page No.**

**OTHER AUTHORITIES**

Rule 26 .................................................................................................................. 3

# I. INTRODUCTION

Apple does not meaningfully dispute that the three presentations are privileged. Nor does Apple dispute that courts allow submission of declarations to establish privilege even after conducting *in camera* review or finding that an initial showing was insufficient. Indeed, Apple relies on numerous cases that ordered submission of supplemental information in such circumstances.

Rather than contest the objections on the merits, Apple largely argues it is too late to submit evidence to support a claim of privilege. Apple ignores that the timing of Masimo's evidentiary submissions resulted from Apple's changing arguments. Apple's opening letter to the Special Master primarily argued Masimo waived privilege. Apple also curtly argued that Masimo's privilege log failed to identify any attorney associated with the documents and that the presentation titles suggested a business purpose. After Masimo's opposition addressed Apple's waiver argument and Apple's cursory arguments on the privilege log, Apple's reply changed course. Apple turned to challenging whether the documents are privileged, citing new cases and arguing that more specificity was required to substantiate Masimo's privilege assertions. At the hearing, Masimo responded to Apple's new reply arguments by providing detailed representations of counsel and offering to submit supporting declarations confirming the representations. Masimo had no prior opportunity to address the new arguments Apple made for the first time in reply.

The Special Master issued a first order rejecting Apple's waiver arguments (which Apple has not appealed) and directing Masimo to submit the challenged documents for *in camera* review. In that order, the Special Master instructed Masimo ***not*** to submit the proffered declarations ***at that time***.[1] The Special Master appeared to be following a two-stage approach reflected in the case law that involves (1) an initial determination of

[1] Apple observes that Masimo did not object to the Special Master's first order. *See* Opp. at 13:10-14. But that order did not address whether additional evidence would be allowed, only that Masimo could not submit it at that time. *See* Ex. A-1 at 7.

whether the privilege log or the documents themselves establish privilege and, if not, (2) giving the party asserting privilege an opportunity to submit supporting declarations.

However, without allowing Masimo to submit the proffered evidence, the Special Master issued a second order finding Masimo had not met its burden to establish privilege. Masimo submitted the proffered declarations to this Court in support of these objections because doing so earlier would have violated the Special Master's order.

Masimo respectfully requests that the Court sustain Masimo's objections to the Special Master's Order dated October 24, 2022.

## II. ARGUMENT

### A. Apple Does Not Meaningfully Dispute The Presentations Are Privileged

#### 1. Apple Does Not Address Masimo's Representations At The Hearing

Apple does not address the representations of Masimo's counsel based on counsel's personal investigation, much less attempt to explain why counsel's representations as an officer of the Court were insufficient to establish privilege. Apple attaches a hearing transcript that it created after Masimo filed its Motion and complains about Masimo preparing a supposedly "self-serving" declaration. Opp. at 4:18-22.[2] But Apple never identifies anything inaccurate in counsel's prior declaration.

Apple's transcript confirms counsel's declaration and the extent of counsel's representations. During the hearing, Masimo's counsel responded to Apple's new arguments in its Reply by providing detailed factual representations that established the presentations are privileged. *See* Ex. 8 at 15:1-21:21. Counsel explained that he [REDACTED] *Id.* at 15:1-

[2] Apple claims it "'d[id] not object' when Plaintiffs indicated that they did not intend to file a transcript in conjunction with their objections[.]" Opp. at 4:18-20. That is not what Apple said. Masimo asked Apple to "request the Special Master provide the court reporter with the recording for transcription of the argument regarding the first issue" so Masimo could cite it in its objections. Ex. 9 at 5. Apple responded that "we do not object to proceeding without the hearing transcript." *Id.* at 4.

11. He explained that [REDACTED] *Id.* at 18:1-8. Counsel explained that his investigation indicated [REDACTED] *Id.* at 21:16-19. Counsel further stated his investigation identified no reason [REDACTED] *Id.* at 21:11-21.

The Special Master's decision not to accept these representations is inconsistent with the Court's repeated admonitions that such representations are presumptively true and the Court's repeated reliance on representations of Apple's counsel. *See* Ex. A-9 at 5:2-5 (Early, J.) ("I would take counsel at their word."); *id*. at 5:25-6:3 ("I'm accepting that representation, that counsel's done an inquiry and based on their inquiry, Tim Cook is not likely to have discoverable information relevant to any parties' claims or defenses."); Ex. A-10 at 96:18-19 (Early, J.) ("We're assuming good faith, and you said you take counsel at their word when they make representations to you."); Ex. A-11 at 115:9-14 (Early, J.) ("If you as an officer of the court and acting within the confines of Rule 26 make a representation . . . and you say that's the case, I'm going to accept it and deny it as moot."). It cannot be that representations of Apple's counsel are accepted as true but representations of Masimo's counsel are not.

**2. Apple Does Not Address The Content Of The Declarations**

Apple asserts that declarations from the attorney for whom the presentations were created and the author of one presentation are insufficient. *See* Opp. at 13:15-15:8. But Apple does not explain why the declarations are allegedly insufficient, much less address the actual statements in the declarations. *See id.* Apple simply asserts the declarations are "vaguely worded" without explanation. Opp. at 13:23. Apple is wrong. As explained in Masimo's opening brief, the declarations establish the presentations were created for the purpose of seeking legal advice [REDACTED]

[redacted] Mem. at 5:3-6:17.

The declarations also include additional detail that Masimo redacted because Apple refused to agree that providing the detail would not waive the very privilege at issue. *See* Ex. 9 at 4 ("With regards to your specific questions about the legal effect of filing the declaration, in Apple's view, disclosure of privileged materials results in waiver."). Apple's opposition mentions the redactions in passing, but does not raise any substantive argument as to why the Court should not review the redacted material *in camera*. Thus, if the Court believes the current record is insufficient, it can and should review the additional redactions before ordering Masimo to produce the documents.

Apple's cases confirm the sufficiency of Masimo's representations and declarations. *See* Opp. at 9-10. For example, in *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641 (N.D. Cal. Feb. 2, 2008), the court held that "[a] vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged." *Id.* at *3. Masimo's declarations go far beyond stating the presentations "reflect" an attorney communication and establish the presentations sought legal advice.

In *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011), the court determined email chains between employees about the results of computer testing did not relate to transmission of legal advice, noting that "there has been no showing that the results of the investigation were ever conveyed to counsel." *Id.* at *6. Similarly, in *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855 (N.D. Cal. 2019), the court found that privilege did not apply where there was "no indication that the employees engaged in an analysis for which they were seeking legal advice." *Id.* at 869. Here, the declarations establish the presentations were created for

the purpose of seeking legal advice [REDACTED] Mem. at 5:3-6:17.

**3. The Presentation Titles Do Not Rebut Evidence Of Privilege**

Apple argues the titles of the presentations suggest a business purpose. Opp. at 9:9-13. This argument is irrelevant and wrong for multiple reasons. First, labels do not determine whether a document is privileged. Indeed, Apple implicitly recognizes as much when it argues [REDACTED] does not necessarily make it so. *See* Opp. at 15:4-5; Ex. 8 at 21-22. The content and purpose of the documents determine whether they are privileged.

Second, characterizing documents as ultimately relating to a business purpose would not destroy privilege. Even where a document relates to "business purposes" or "the legal advice is used to steer business decisions," the document is privileged as long as it was "intended and then used for a legal purpose." *Polaris Innovations Ltd v. Kingston Tech Co.*, 2017 WL 8220457, at *5-6 (C.D. Cal June 16, 2017). Apple and the Special Master are wrong to assert that it matters whether "the documents ***could*** well have sought general business strategy advice rather than targeted legal advice." Opp. at 1:19-22 (emphasis added). No case suggests that it matters whether a document "could" have sought business advice. What matters is whether the documents sought legal advice—which these did.

Indeed, Apple cites a case that addressed a situation where "the ultimate goal of the relevant work . . . was a business goal," and it was "far from obvious that all communications on this subject . . . were made primarily for the purpose of generating legal advice." *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990); Opp. at 8-9 (quoting *McCaugherty*). Nonetheless, *McCaugherty* recognized that privilege can properly be asserted over documents that may appear to be for a business purpose as long as "there is a clear evidentiary predicate for concluding that each communication in question was made primarily for the purpose of generating legal advice." *Id.* Masimo's representations and declarations establish the presentations were at least

primarily for the purpose of generating legal advice and were intended and then used for a legal purpose. Thus, they are privileged.[3]

**B. The Special Master Erred By Denying Masimo's Request To Submit Supporting Declarations**

Masimo's opening brief presented Ninth Circuit and district court cases establishing that courts allow submission of *in camera* evidence supporting privilege—even after conducting *in camera* review or finding initial proffers of evidence insufficient. *See* Mem. at 4 (citing *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998) ("Elaborating the basis for the claim of privilege through *in camera* submissions is unexceptionable."); *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at *3 (N.D. Cal. June 29, 2021); *In re 3 Com Corp. Sec. Litig.*, 1992 WL 456813, at *1 (N.D. Cal. Dec. 10, 1992); *Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at *7 (C.D. Cal. Sept. 9, 2013); *Pack v. Beyer*, 157 F.R.D. 226, 230 (D.N.J. 1994)). That makes sense because courts are reluctant to order parties to produce privileged information without given them sufficient opportunities to protect the privilege. *See Dolby,* 402 F. Supp. 3d at 862.

Apple does not address, much less dispute or attempt to distinguish, these cases. In fact, Apple relies on cases that confirm the Special Master erred when he denied Masimo's request to submit declarations. For example, the court in *McCaugherty* was "not satisfied that defendants have adduced competent evidence that would show that all the communications in [one category] were made primarily for the purpose of

---

3 [REDACTED] Apple offers no basis to assume the titles are more likely related to a business project than to seeking freedom-to-operate or landscape analysis regarding competitors' patents [REDACTED]

generating legal advice." *McCaugherty*, 132 F.R.D. at 238. Rather than order production, however, the court ordered the party to "submit competent evidence (by way of declaration or otherwise) that would support an inference that the communication was made primarily in order to generate legal advice and that neither business purposes nor regulatory requirements would have provided sufficient incentive to make the communication." *Id.* That is exactly what Masimo sought leave to do.[4]

Apple also cites one of its own cases, *Apple Inc. v. Samsung Electronics Co.*, 306 F.R.D. 234 (N.D. Cal. 2015). There, the court "noted that 'many if not all of [the disputed documents] do not appear aimed at or in furtherance of legal counsel, but rather a simple business purpose would have served as cause for the communication, . . . ." *Id.* at 240. However, the court did not order production. Rather, the court "gave Samsung one more chance to show privilege as to these documents, and Samsung responded with further briefs and declarations." *Id.* at 241. The court considered this additional evidence and found that Samsung "succeeded in showing privilege attached to each document as a whole." *Id.* The Court should do the same here.

Apple also cites *Dolby*. In that case, the parties filed a joint discovery letter regarding a challenge to a claim of privilege and the court initially ordered Adobe to lodge documents for *in camera* review. *Dolby,* 402 F. Supp. 3d at 862. After reviewing the documents, the court ordered the parties to fully brief the dispute and "directed Adobe to file supporting declarations as part of its motion to retain privilege designations." *Id.* at 865. Adobe did not follow the court's instructions and belatedly filed supporting declarations with its reply. *Id.* The court "admonished [Adobe] for failing to follow the court's specific directions to submit all supporting evidence with its

---

4 The court in *McCaugherty* found declarations for a separate category of documents insufficient and ordered the defendant to supplement its privileged log. *McCaugherty*, 132 F.R.D. at 239-40. The court ordered production of a third category of documents because it had "given defendants two opportunities to submit evidence" and declined to offer "yet a third opportunity . . . ." *Id.* at 244.

motion." *Id.* at 866. However, "[i]n the interest of reaching the merits," the court still considered the declarations. *Id.*

Apple's cases confirm that courts strongly prefer to resolve privilege disputes on the merits and regularly extend multiple opportunities to submit supporting evidence—even after conducting *in camera* review or finding initial submissions insufficient. Apple's cases, therefore, confirm that Masimo properly requested to submit additional evidence.

The two-stage approach employed in the case law is further reflected in statements of Apple and the Special Master at the hearing. Apple unequivocally confirmed during the hearing that [redacted]

Thus, the Special Master erred by finding Masimo had not established privilege before considering Masimo's proffered declarations. Masimo properly submitted those declarations in support of these Objections.[5]

---

[5] Apple incorrectly asserts that Masimo somehow waived objections to the Special Master's refusal to consider declarations because Masimo did not object to an alleged finding that [redacted]." Opp. at 13:12-14. The Special Master's Order No. 16 contained no such ruling. It stated only that Masimo could not

**C. <u>This Court Should Exercise Its Discretion To Consider The Declarations</u>**

Apple incorrectly characterizes the case law as establishing a "no new information rule." Opp. at 11. The Ninth Circuit expressly stated that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). This is because "affording district courts discretion to consider new evidence makes prudential sense." *Id.* at 622. Indeed, the very case Apple cites for its non-existent "rule" actually recognized courts "have the power to consider for the first time evidence never considered by the Special Master . . . ." *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 945981, at *2 (N.D. Cal. Mar. 14, 2016) (observing the power should be exercised rarely and cautiously).

Apple also claims courts "routinely refuse to consider new evidence or arguments when the moving party ***fails to provide a good explanation*** for why those points were not raised below[.]" Opp. at 12 (emphasis added). But, in both cases Apple cited, the party provided ***no*** explanation why the points were not previously raised. *See Brook v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020) ("Brook gave 'no explanation as to why [he] could not bring all arguments before the Magistrate.'"); *Mwasi v. Montoya*, 2021 WL 515816, at *1 (C.D. Cal. Feb. 10, 2021) ("Plaintiff offers no explanation why the 'new' declaration was not submitted with his Opposition.").

Here, Masimo explained why the declarations were not presented sooner. Apple's challenge did not initially require a responsive declaration. Apple changed its arguments on reply, and Masimo provided detailed representations of counsel at the hearing in a form previously accepted by the Court. The Special Master declined Masimo's offer to submit declarations after the hearing, and Masimo reasonably understood it would have the opportunity to submit declarations after *in camera* inspection if any question regarding privilege remained.

---

submit declarations "[REDACTED]." *See* Ex. A-1 at 7.

Other courts have held that new evidence should be considered in similar circumstances. *See Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*,, 2018 WL 3303002, at *2 (S.D. Cal. July 5, 2018) (finding "that the ends of justice require consideration of all the evidence before the Court so as to avoid the risk of making a consequential decision based on less than all of the available evidence" where "counsel was under the impression that Magistrate Judge Bartick's orders prohibited responsive declarations"). Other courts have exercised their discretion to consider additional evidence even where a party fails to provide ***any*** explanation why material was not presented earlier. *See Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071077, at *1 (C.D. Cal. June 18, 2018). Masimo respectfully requests the Court consider the evidence demonstrating the documents are privileged.

**D. Apple Advances No Valid Reason To Disregard Masimo's Evidence**

Apple argues throughout its opposition that Masimo should have submitted more evidence earlier. *See* Opp. at 1, 6, 11-13. Apple's criticisms are baseless and provide no reason to disregard the strong evidence of privilege. Masimo addresses Apple's criticisms in chronological order.

**1. Masimo's Privilege Log Provides Sufficient Detail**

Apple repeatedly criticizes Masimo's privilege log entries. Opp. at 2:22-3:10, 9:19-20, 14:15-17. Masimo's privilege log identifies the 2019 presentation as [REDACTED] Ex. 7 at 2. The log also identifies all three presentations as [REDACTED]. *Id.* at 1-2. Further investigation by Masimo's counsel determined the patent information was [REDACTED]

[redacted] Ex. 8 at 18:2-8, 33:15-18.[6]

Apple repeatedly complains that no attorney is identified in the sender or recipient fields of the privilege log. *See* Opp. at 1 ("not one of the documents" contain "a reference to an attorney" or identify "an attorney as a sender or recipient"); *id.* at 2 ("Plaintiffs' log identified no attorney senders or recipients"); *see also id.* at 3, 9. Masimo identified no senders or recipients because the documents are PowerPoint presentations—not emails. Apple ignores, as it did below, that each entry identifies the involved attorneys ***by name***. Apple also ignores that its own privilege log lists non-email documents without identifying attorneys in the sender or recipient fields. Ex. A. Moreover, Apple recognizes that "[redacted]." Ex. 8 at 25:8-10.

The court in *Polaris* addressed a similar issue. *Polaris*, 2017 WL 8220457, at *5-6. There, the privilege log did not list attorneys as senders or recipients, the privilege was not clear from the face of the documents, and the documents suggested a business purpose. *Id.* The court held that, "even if the [] privilege log were not sufficient to establish the involvement of counsel," a declaration confirmed "that the analyses were performed with counsel or at counsel's direction; they reflect counsel's input; and their primary purpose is to ensure the soundness of Polaris's legal positions." *Id.* at *6. The same analysis applies here.

Apple attempts to distinguish *Polaris* by arguing "the party asserting privilege had provided a detailed privilege log identifying the specific 'legal purpose' for the underlying documents" by identifying "legal issues such as royalty analysis, patent damages, damages for breach of contract, and patent infringement." Opp. at 14. Apple

---

[6] Apple claims that Masimo "switched positions" regarding why the 2018 presentations are privileged. Opp. at 11, n.4. Masimo properly corrected the record at the hearing. Apple's argument is inconsistent with Apple's own far more substantive changes in its own bases for claiming privilege—which the Special Master accepted as a non-issue. *See* Ex. A-12 at 2; Ex. A-13 at 11:12-21.

argues that Masimo's log and declarations [REDACTED] *Id.* (emphasis added). Apple concedes that Masimo identified in the privilege log that [REDACTED]" Opp. at 9 (emphases added). Masimo's log is comparable to the log in *Polaris*. *See Polaris*, 2017 WL 8220457, at *5-6. Apple cites no authority suggesting more detail is required. Nor does Apple explain what level of detail it claims is required and how a party is supposed to provide it without risking waiver. Apple also ignores that *Polaris* found that supporting evidence rendered irrelevant any alleged deficiencies in the log.

**2. <u>Masimo's Opposition Fully Rebutted Apple's Opening Arguments</u>**

Apple incorrectly asserts that Masimo should have submitted more evidence in connection with its opposition. Opp. at 3:21-26. Apple's opening letter to the Special Master made only two arguments challenging Masimo's assertion of privilege, and each was a single sentence with no support. Ex. A-4 at 3. ***First***, Apple complained that "the three presentations have no attorneys listed as an author, sender, recipient, or copy recipient." *Id.* at 3. Masimo responded that Apple ignored "the privilege log identifies the specific attorneys that provided the advice, and from whom advice was sought." Ex. A-5 at 2. ***Second***, Apple complained that the titles of the presentations suggested a business purpose. Ex. A-4 at 3. Masimo responded by quoting its privilege log entries, which explained the legal purpose of the presentations. Ex. A-5 at 2. No additional evidence was necessary to rebut either assertion. *See* Ex. 8 at 41:7-10 (Apple conceding at the hearing [REDACTED]").

On reply, Apple pivoted to arguing for the first time that the log was too "vague" and did not provide enough "specificity." *See* Ex. A-6 at 2. Apple also cited new cases. Apple appears to recognize that it first raised the issue of supporting declarations in its Reply. Opp. at 3:15-18 (identifying Apple's initial arguments); *id.* at 4:5-8 (identifying

Apple's later reply assertions of a lack of supporting evidence). Masimo responded to Apple's new argument at the first opportunity—the hearing. Ex. 8 at 15:6-12.

**3. At The Hearing, Masimo Made Representations And Offered To Submit Declarations To Further Substantiate The Privilege Claims**

Apple criticizes Masimo for not providing more evidence before or during the hearing. As discussed, Masimo's counsel provided detailed representations during the hearing responding to Apple's new arguments on reply. *See* Section II. A.1, *supra.* For example, counsel represented: "I verified the claim of privilege" and "I can represent, as an officer of the court," that "[REDACTED]." Ex. 8 at 15:6-11; *see also id.* at 21:17-21 ("[REDACTED]").

Masimo expected that its counsel's representations regarding privilege would be accepted. This is because "[a]ttorneys are officers of the Court and expect to be respected and to have their representations accepted as true." *United States v. Christensen*, 828 F.3d 763, 816 (9th Cir. 2015). Apple has presented no reason to question the representations of Masimo's counsel. Moreover, the Court repeatedly accepted and relied on Apple's attorney representations. *See* Section II. A.1, *supra*.

During the hearing, Masimo also offered to provide the Special Master with declarations to support the privilege claim. Ex. 8 at 20:14-17 ("if Your Honor wanted, then my thought would be I could put together a short brief and a declaration from counsel, if that were necessary"); *id*. at 16:19-20 ("we could certainly prepare that"); *id*. at 35:5-9 ("we could certainly provide that."). The Special Master did not accept this offer for additional proof beyond the representations. *See* Ex. 8 at 45:12-16.

**4. The Special Master Did Not Allow Masimo To Submit Declarations**

Finally, Apple criticizes Masimo for not submitting additional evidence after the hearing. Opp. at 13 (arguing the Order "dissuaded" Masimo from "filing supplemental declarations"). The Order did not only "dissuade" Masimo from submitting such

declarations, it expressly rejected Masimo's request to submit such evidence at that time, suggesting Masimo would be allowed to do so later. The Order stated:



Ex. A-1 at 7 (emphasis added). Based on the wording of the order, Masimo understood the Special Master was not accepting additional information, and Masimo reasonably believed that it would have the opportunity to submit evidence later if necessary.[7]

**5. <u>Apple's Arguments About The Email Masimo Produced Lack Merit</u>**

Apple also appears to suggest that Masimo's privilege claims lack merit because Masimo produced an email previously at issue before the Special Master. Opp. at 8. Masimo did so in a good-faith attempt to narrow this dispute. The email was inconsequential and Apple agreed that producing it would not waive privilege. Indeed, Apple has voluntarily produced dozens of challenged entries on its privilege log. *See* Ex. A-14 at 12 [REDACTED]"); *see also* Dkt. 675-1 at 2 [REDACTED]").

## III. CONCLUSION

Masimo respectfully requests that the Court sustain Masimo's objections to the Special Master's Order Dated October 24, 2022.

---

[7] Apple claims Masimo argued the Special Master "should have instructed Plaintiffs to provide additional evidence and argument" if he found the record insufficient. Opp. at 12. Not so. Masimo requested the opportunity to submit declarations and the Special Master denied that request initially and then later ruled Masimo had not met its burden.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 21, 2022

By: */s/ Benjamin A. Katzenellenbogen*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56640107