# EXHIBIT A-9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)

| | | |
|---|---|---|
| MASIMO CORPORATION, ET AL, | ) | CASE NO: 8:20-CV-00048-JVS-JDEx |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| APPLE, INC, | ) | Thursday, June 10, 2021 |
| | ) | |
| Defendant. | ) | (10:01 a.m. to 10:19 a.m.) |

HEARING RE: PLAINTIFFS' MOTION TO COMPEL [DKT.NO.377]
AND ORDER DENYING THE MOTION

BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:                SEE PAGE 2

Court Reporter:             Recorded; CourtSmart

Courtroom Deputy:           Maria Barr

Transcribed by:             Exceptional Reporting Services, Inc.
                            P.O. Box 8365
                            Corpus Christi, TX 78468
                            361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

2

**APPEARANCES:**


For Plaintiffs:                    JOSEPH R. RE, ESQ.
                                   Knobbe Martens Olson & Bear, LLP
                                   2040 Main Street
                                   14th Floor
                                   Irvine, CA 92614


                                   ADAM POWELL, ESQ.
                                   Knobbe Martens Olson & Bear, LLP
                                   12790 El Camino Real
                                   San Diego, CA 92130


For Defendant:                     JOSHUA H. LERNER, ESQ.
                                   Gibson Dunn & Crutcher, LLP
                                   555 Mission Street
                                   Suite 3000
                                   San Francisco, CA 94105


                                   ANGELIQUE KAOUNIS, ESQ.
                                   Gibson Dunn & Crutcher, LLP
                                   2029 Century Park East
                                   Suite 4000
                                   Los Angeles, CA 90067

Exhibit A-9
-4-

1        Santa Ana, California; Thursday, June 10, 2021; 10:01 a.m.

2                        (Call to Order)

3            THE COURT:  Good morning, everyone.

4        (Attorneys greet the Court)

5            We're calling the case of *Masimo Corporation, et al.*

6    *versus Apple, Inc.*; Central District of California Case Number

7    8:20-cv-48-JVS-JDEx.  We're here on Plaintiffs' Motion to

8    Compel which is Docket Number 377.

9            And we'll take appearances of counsel, starting with

10   counsel for Plaintiffs.

11           MR. RE:  Good morning, Your Honor.  Joseph Re from

12   Knobbe Martens.  With me is my partner, Adam Powell.

13           THE COURT:  Good morning.

14           And on behalf of Defendant?

15           MR. LERNER:  Good morning, Your Honor.  Joshua Lerner

16   and Angelique Kaounis from Gibson Dunn on behalf of Apple.  And

17   with us today is Ryan Moran, in-house counsel at Apple.

18           THE COURT:  All right.  Good morning.

19           All right.  We're here on the Motion to Compel.  I've

20   reviewed the motion; I've reviewed the joint stipulation; I've

21   reviewed declarations and exhibits offered in support and

22   opposition to the requested relief and Plaintiffs' supplemental

23   memorandum and related information.

24           We're going to get started.

25           I have a tentative.  I'm going to give you the short

1    version.

2          The tentative is I'm tentatively inclined to deny the

3    motion.

4          I'm going to assume, without deciding, that it was

5    Apple's burden here, based on both the case law and the

6    existing order previously entered by me in this case, that

7    Apple had the burden here to oppose the relief Plaintiffs seek

8    with respect to Mr. Cook's -- a search of Mr. Cook's -- or

9    designating Mr. Cook as an ESI custodian.

10         And although the apex doctrine relating to

11   depositions and 30(b) -- or depositions doesn't apply directly

12   here; some, but not all, of the considerations that underly

13   that doctrine apply; and that is that it is more burdensome.

14   And I don't need a declaration to know this; that it is more

15   burdensome to search the CEO of a multi-billion dollar, maybe

16   multi-trillion dollar international corporation for records.

17   But the burden is not the same as having that person appear for

18   an apex depositions but there is some burden, there is some

19   burden and that's facially apparent.

20         And the proffer made by Plaintiffs, I'm going to

21   characterize as relatively weak in connection with the

22   relevance of Mr. Cook's email and other electronically stored

23   information sources as it relates to the claim in this case --

24   claims in this case -- claims and defenses in this case.

25         Gonna have a big bright light proviso now.  Counsel

1   have heard me say this at least once, maybe twice.

2          I'm going on what's in front of me; and in

3   particular, I would take counsel at their word.  We've got

4   excellent counsel in this case.  And I've got a representation

5   by counsel for Apple -- and although only -- it's

6   electronically signed by one person, there are (one, two,

7   three, four, five, six) seven attorneys underneath that

8   signature so I'm attributing this to all those counsel and the

9   firm representing Apple and Apple itself.

10          Quote, page -- this is from page 9 of the Joint

11   Stipulation, (quote):

12          "Tim Cook (comma), Apple's CEO (comma), is not likely

13          to have discoverable information relevant to any

14          parties' claims or defenses." (period, close/quote).

15          It's a conclusory statement but it's made by an

16   Officer of the Court and Officers of the Court, to this Court

17   in connection with this motion.  And I want Apple and its

18   counsel to understand that's the basis for my tentative and

19   potentially the basis for my ruling.

20          The world's a funny place.  We talked about it

21   before.  Sometimes there are acquisitions.  Sometimes things

22   come out that no one knew were going to come out and no one

23   understood were going to come out that can change how things

24   are looked at later.

25          I'm accepting that representation, that counsel's

6

1    done an inquiry and based on their inquiry, Tim Cook is not

2    likely to have discoverable information relevant to any

3    parties' claims or defenses.  And I've read -- there's dueling

4    declarations here.  Frankly, the issues at depth in those

5    dueling declarations are sort of tersely.  They're not to the

6    heart of the case.

7              But that statement, I'm relying on.  If that turns

8    out to not be true, through some other source, there will be

9    severe repercussions because I'm relying on it.  So I want to

10   make sure Apple understands that.

11             Regardless of my ruling here, Apple can still agree

12   to conduct a search of Mr. Cook's email as an ESI custodian.

13   I'm not -- my tentative is not to order it but be on notice.

14   You have put yourself out there and I'm relying on it.  If it

15   turns out not to be true, the consequences, we will be back

16   here and there will be an evidentiary hearing.

17             All right.  So let me hear -- Plaintiff, it's your

18   motion.  You've heard my tentative is to rule against you.  Let

19   me hear from you.

20             **MR. RE:**  Thank you, Your Honor.

21             I think --

22             **THE COURT:**  And this is Mr. Re speaking for our

23   recording.

24             **MR. RE:**  Thank you.  Mr. Re, R-e, is the last name.

25             I don't see any record evidence at all about burden.

15

## CERTIFICATION

      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    June 12, 2021

           Signed                                Dated

                *TONI HUDSON, TRANSCRIBER*

Exhibit A-9

-9-

# EXHIBIT A-10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


MASIMO CORPORATION, ET AL,     ) CASE NO: 8:20-CV-00048-JVS-JDEx
                               )
              Plaintiffs,      )            CIVIL
                               )
      vs.                      )       Santa Ana, California
                               )
APPLE, INC,                    )       Thursday, June 3, 2021
                               )
_____Defendant._____ )       (10:05 a.m. to 12:59 p.m.


HEARING RE: PLAINTIFFS' MOTION TO COMPEL [DKT.NO.357]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE


** NOTE:  WORD REDACTED ON PAGE 90 PER ORDER OF THE COURT **


<u>APPEARANCES</u>:              SEE PAGE 2


Court Reporter:        Recorded; CourtSmart

Courtroom Deputy:      Maria Barr

Transcribed by:        Exceptional Reporting Services, Inc.
                       P.O. Box 8365
                       Corpus Christi, TX 78468
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES</u>:


For Plaintiffs:          BENJAMIN A. KATZENELLENBOGEN, ESQ.
                         Knobbe Martens Olson & Bear, LLP
                         2040 Main Street
                         14th Floor
                         Irvine, CA 92614

                         ADAM POWELL, ESQ.
                         Knobbe Martens Olson & Bear, LLP
                         12790 El Camino Real
                         San Diego, CA 92130


For Defendant:           JOSHUA H. LERNER, ESQ.
                         Gibson Dunn & Crutcher, LLP
                         555 Mission Street
                         Suite 3000
                         San Francisco, CA 94105

                         ILISSA S. SAMPLIN, ESQ.
                         Gibson Dunn & Crutcher, LLP
                         2029 Century Park East
                         Suite 4000
                         Los Angeles, CA 90067

Exhibit A-10
-11-

3

1      <u>**Santa Ana, California; Thursday, June 3, 2021; 10:05 a.m.**</u>

2                          **(Call to Order)**

3           **THE COURT:**  Good morning, everyone.

4        **(Counsel greet the Court)**

5           **THE COURT:**  We're calling the case of *Masimo*

6   *Corporation, et al. v. Apple Inc.*, Central District of

7   California Case Number 8:20-cv-48-JVS-JDE.  We're here for the

8   continued hearing on Plaintiffs' Second Motion to Compel, which

9   is Docket Number 357.  We'll now take appearances from counsel,

10  starting with Plaintiffs, please.

11          **MR. POWELL:**  Thank you, Your Honor.  Adam Powell for

12  Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.

13  With me is my partner, Ben Katzenellenbogen.

14          **THE COURT:**  Good morning.

15          And on behalf of Apple?

16          **MR. LERNER:**  Good morning, Your Honor.  Josh Lerner

17  and Ilissa Samplin on behalf of Apple.

18          **THE COURT:**  Good morning.

19          All right.  As I mentioned, we're here for the

20  continued hearing on Plaintiffs' Second Motion to Compel,

21  Docket 357.  I think I went over for our hearing two weeks ago

22  on May 27th what I've reviewed, and I've reviewed all the

23  relevant material.  In addition, there was a supplement or a

24  joint statement filed on June 1st, 2021, at Docket Number 419

25  that indicates that the parties have reached an agreement on

Exhibit A-10
-12-

96

1        **MR. POWELL:**  Yes, but I'd like to add one quick

2   thing, Your Honor.

3        **THE COURT:**  Okay.

4        **MR. POWELL:**  And that is only that at the beginning

5   of this, we talked about both search terms and discussing the

6   matter with witnesses as part of a reasonable search.

7        We think that part of that reasonable search would be

8   asking the witnesses, "Hey, where do you keep documents on

9   Category blank".

10       **THE COURT:**  I'm not going to order anything other

11  than what the Rules require and what the cases require from

12  counsel in responding to discovery and engaging in a good faith

13  meet and confer process, which is designed in good faith to

14  resolve all or as many of the disputes as possible, which one

15  would be hard-pressed to say involves no communication between

16  an attorney and his or her client, but I don't want to

17  micromanage things here.

18       We're assuming good faith, and you said you take

19  counsel at their word when they make representations to you.

20  So, I'm assuming that this is not Apple's counsel that's

21  driving everything; that there are -- in fact, they fought

22  tooth and nail to get as much access to non-AEO information as

23  possible to their in-house counsel that -- in-house counsel are

24  involved in this as well.

25       So, I'm going to take that as a yes to my question.

**EXCEPTIONAL REPORTING SERVICES, INC**

112

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    June 5, 2021

        Signed                                          Dated


*TONI HUDSON, TRANSCRIBER*

# EXHIBIT A-11

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)


| | | |
|---|---|---|
| MASIMO CORPORATION, ET AL, | ) | CASE NO: 8:20-CV-00048-JVS-JDEx |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| APPLE, INC, | ) | Thursday, May 20, 2021 |
| | ) | |
| Defendant. | ) | |


PARTIAL TRANSCRIPT RE:

MOTION TO COMPEL [DKT.NOS.351,357]


BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE

(SEALED PORTIONS OMITTED)


<u>APPEARANCES:</u>            SEE PAGE 2


Court Reporter:        Recorded; REMOTE; Wave

Courtroom Deputy:      Maria Barr

Transcribed by:        Exceptional Reporting Services, Inc.
                       P.O. Box 8365
                       Corpus Christi, TX 78468
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES</u>:


For Plaintiffs:          BENJAMIN A. KATZENELLENBOGEN, ESQ.
                         Knobbe Martens Olson & Bear, LLP
                         2040 Main Street
                         14th Floor
                         Irvine, CA 92614

                         ADAM POWELL, ESQ.
                         Knobbe Martens Olson & Bear, LLP
                         12790 El Camino Real
                         San Diego, CA 92130


For Defendant:           JOSHUA H. LERNER, ESQ.
                         Gibson Dunn & Crutcher, LLP
                         555 Mission Street
                         Suite 3000
                         San Francisco, CA 94105

                         ILISSA S. SAMPLIN, ESQ.
                         Gibson Dunn & Crutcher, LLP
                         2029 Century Park East
                         Suite 4000
                         Los Angeles, CA 90067

Exhibit A-11
-16-

3

1          **Santa Ana, California; Thursday, May 20, 2021**

2                      **(Remote Appearances)**

3                          **Call to Order**

4          **THE CLERK:**  Please come to order.  This United States

5    District Court is now in session, the Honorable John D. Early,

6    United States Magistrate Judge presiding.

7          **THE COURT:**  Good morning, everyone, please be seated.

8      **(All respond good morning)**

9          **THE COURT:**  All right, calling the case of *Masimo*

10   *Corporation, et al versus Apple Inc.*, Central District of

11   California Case Number 8:20-00048-JVS.

12          We are here on two Motions.  We'll take appearances

13   with Counsel and then we'll describe the Motion.  We'll start

14   with Counsel for Plaintiff.

15          **MR. POWELL:**  Thank you, Your Honor, Adam Powell for

16   the Plaintiff Masimo Corporation and Cercacor.

17          With me is my partner Ben Katzenellenbogen.

18          **THE COURT:**  All right, thank you, good morning.

19          And for Defendants -- for Defendant?

20          **MR. LERNER:**  Good morning, Your Honor, Joshua Lerner

21   of Gibson Dunn on behalf of Apple, and with me is my partner,

22   Ilissa Samplin.

23          **THE COURT:**  All right, good morning and welcome, as

24   well.

25          We are proceeding and everyone is wearing a mask.

**EXCEPTIONAL REPORTING SERVICES, INC**

4

1    I'm going to ask you to do me a favor, when you argue just stay

2    at counsel table, no need to go to the lectern, but pull the

3    microphones that are in front of you, whoever is going to be

4    speaking, a little bit closer because we are proceeding with an

5    audio recording and unless you're -- if you're not going to be

6    going back and forth in terms of who's arguing you only need to

7    state your appearance the first time you argue, but if there is

8    going to be different people arguing different points please

9    announce yourselves.

10            All right, so we're here for two Motions, it is both

11   Motions by Plaintiff to Compel Further Discovery Responses from

12   Defendant.

13            The Motion Docket Numbers are Docket Number 351,

14   which I'll refer to as the first Motion, and Docket Number 357,

15   which I'll refer to as the second Motion.

16            Each Motion is supported by a Joint Stipulation.  I

17   think the first Motion is a 109-page Joint Stipulation, and the

18   second Motion is a 130-page Joint Stipulation, as well as

19   Declarations from counsel, I believe it's counsel only, and

20   exhibits and, ballpark, I think the total number of pages,

21   including sealing applications, et cetera of both Motions in

22   total was 2,497 pages.

23            The Court has reviewed that material.

24            There is also two Supplemental Memoranda and a

25   Supplemental Declaration with an exhibit submitted by

115

1    here.  And so I understand the Plaintiffs disagree but the

2    answer to Your Honor's question is, yes, we feel like that line

3    is true.

4         **THE COURT:**  Okay.  Let me -- I don't care -- and I

5    don't like to point.  I don't care if they disagree with a

6    representation.  I'm not deciding that.  How possibly -- how

7    could I possibly?  I don't care if they disagree and say, no,

8    you haven't.

9         If you as an officer of the court and acting within

10   the confines of Rule 26 make a representation that after

11   reasonable and diligent search, all responsive documents either

12   have been or will be produced to the extent they're in Apple's

13   possession, custody or control and you say that's the case, I'm

14   going to accept it and deny it as moot.

15        But if you say, I'm going to -- and this is what

16   people do all the time and it frustrates me.  They'll say, yes,

17   that's true to the extent the documents are relevant.  And if

18   that's the case, then we're going to have a very different

19   outcome.

20        Yes, Ms. Samplin?

21        **MS. SAMPLIN:**  May I step in here for a second?  I

22   think that the struggle here is what you just said, Your Honor,

23   which is a representation by us that we've produced all

24   responsive documents.  The document request calls for documents

25   sufficient to identify.

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **May 26, 2021**

        Signed                                     Dated


*TONI HUDSON, TRANSCRIBER*