Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE <br> ) <br> ) **PLAINTIFFS' APPLICATION TO** <br> ) **FILE UNDER SEAL PLAINTIFFS'** <br> ) **OPPOSITION TO APPLE'S MOTION** <br> ) **TO STRIKE PLAINTIFFS'** <br> ) **REASONABLE ROYALTY THEORY** <br> ) <br> ) <br> ) <br> ) <br> ) |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal Plaintiffs' Opposition to Apple's Motion to Strike Plaintiffs' Reasonable Royalty Theory.  Masimo has provided a proposed redacted version of its Opposition.  Masimo has also provided a proposed redacted version of the supporting Declaration of Mark D. Kachner.  Masimo requests the Court seal the redacted portions of the Opposition, the redacted portions of the Kachner Declaration, and Exhibits A-G attached to the Kachner Declaration.

## I.  <u>LEGAL STANDARDS</u>

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business."  *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where "competitors could not obtain [the information] anywhere else."  *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).  Moreover, identifications of trade secrets are "subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action . . . ."  Cal. Civ. Code § 3426.5 (emphasis added).

## II.  <u>ARGUMENT</u>

The information that Masimo seeks to seal contains information that Apple and Masimo consider confidential.

Exhibits B and C are briefing the parties submitted to the Special Master.  Loebbaka Decl. ¶ 8.  Exhibit D contains Apple's responses to Masimo's interrogatories.

-1-

1    *Id.* Exhibits B-D discuss damages and the parties' confidential financial information.

2    *Id.* Exhibits C and D further discuss Masimo's confidential business plans. *Id.* This

3    information is confidential and valuable to Masimo in part because of its confidentiality.

4    *Id.* If Masimo's confidential financial information and business plans were disclosed,

5    Masimo's competitors would reap the benefits of knowing Masimo's financials and

6    business plans. *Id.* Thus, Masimo would be harmed if its financial information and

7    business plans were disclosed. *Id.*

8        Exhibits B-D further contain information that Masimo understands Apple

9    considers confidential, including financial information. *Id.* For this additional reason,

10   Masimo requests that the Court seal Exhibits B-D. *Id.*

11       Exhibit E is the Rebuttal Expert Report of Majid Sarrafzadeh, Ph.D. *Id.* ¶ 9.

12   Exhibit E discusses Masimo's trade secrets. *Id.* Information regarding Masimo's trade

13   secrets is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo

14   is a technology leader with industry-leading performance due, in part, to its years-long

15   investment in its trade secrets. *Id.* If Masimo's trade secrets and confidential

16   information were disclosed, Masimo's competitors would reap the benefits of Masimo's

17   large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo

18   would be harmed if these trade secrets were disclosed. *Id.*

19       Exhibit E further contains information that Masimo understands Apple considers

20   confidential, including technical and development information for the Apple Watch. *Id.*

21   For this additional reason, Masimo requests that the Court seal Exhibit E. *Id.*

22       Exhibit F is an expert report from Apple's financial expert discussing Masimo's

23   trade secrets and business plans and the parties' confidential financial information. *Id.*

24   ¶ 10. As explained above, information regarding Masimo's trade secrets is confidential

25   and valuable to Masimo in part because of its secrecy. *Id.* Moreover, information on

26   Masimo's financial and business information is confidential and valuable to Masimo in

27   part because of its confidentiality. *Id.* If Masimo's trade secrets and confidential

28   information were disclosed, Masimo's competitors would reap the benefits of Masimo's

large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets and confidential financial and business information were disclosed. *Id.*

Exhibit F further contains information that Masimo understands Apple considers confidential, including financial information. *Id.* For this additional reason, Masimo requests that the Court seal Exhibit F. *Id.*

Exhibit G is an email between the parties that discusses Apple's document productions, including documents from Dr. O'Reilly. *Id.* ¶ 11. Exhibit G contains information that Masimo understands Apple considers confidential, including document production information. *Id.* For this additional reason, Masimo requests that the Court seal Exhibit G. *Id.*

The proposed redacted portions of the supporting Declaration of Mark D. Kachner contains Masimo's confidential financial and business information. *Id.* ¶ 12. If Masimo's confidential financial and business information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's financial and business information. *Id.* Thus, Masimo would be harmed if its financial and business information were disclosed. *Id.*

The supporting Declaration of Mark D. Kachner further contains information that Masimo understands Apple considers confidential, including licensing information. *Id.* For this additional reason, Masimo requests that the Court seal this declaration. *Id.*

The proposed redacted portions of the Opposition discuss the aforementioned exhibits, the Kachner Declaration, and the confidential exhibits to Apple's motion, and should also be sealed for the same reasons. *Id.* ¶ 13.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

## III. **CONCLUSION**

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portion of Masimo's Opposition, the redacted portions of the Kachner Declaration, and Exhibits A-G attached to the Kachner Declaration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 21, 2022          By:  */s/ Kendall M. Loebbaka*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56665384

-4-