Redacted                                                                                                              Redacted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | November 16, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Apple's Motion for Review of Special Master Order No. 16 (Redacted)**

Before the Court is Apple's Motion for Review of Special Master Order No. 16. See Mot., ECF Nos. 966, 968 (sealed); see also ECF Nos. 970, 971 (sealed) (Special Master Order No. 16). Plaintiffs filed an opposition. See Opp., ECF Nos. 975, 977 (sealed). Apple filed a reply. See Reply, ECF Nos. 993, 1002 (sealed).

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the Court **VACATES** the Novmber 21, 2022 hearing.

For the following reasons, the Court **OVERRULES** Apple's objections.

**I. BACKGROUND**

The parties are familiar with the facts of this case so the Court recites them here only as necessary to resolve this dispute.

Apple objects to the Special Master's Order No. 16, which provides in relevant part that Apple must make its CEO, Tim Cook, available to Plaintiffs for a three-hour deposition. SM Order No. 16 at 2. Apple contends the Special Master erred by denying its motion for a protective order shielding Cook from an apex deposition because Plaintiffs did not show that Cook has unique, non-duplicative knowledge. See generally

Mot.

Plaintiffs respond that they have demonstrated Cook has unique, first-hand and non-repetitive knowledge that Plaintiffs were unable to obtain through less intrusive discovery methods. See generally Opp. Further, Plaintiffs argue that Apple does not address proportionality. Id.

Apple replies that Plaintiffs have not shown that Cook has unique information regarding any of the three areas of inquiry identified by the Special Master, including Apple-Masimo interactions, Apple's recruitment of Plaintiffs' former employees, and Apple's health strategies. See generally Reply. Apple also argues that allowing the deposition is not proportional to the needs of the case given Cook's position and limited involvement. Id.

For the reasons explained below, the Court overrules Apple's objections and affirms that Apple must make Cook available for a three-hour deposition.

## II. LEGAL STANDARDS

1. Special Master Review

"The court must decide de novo all objections to findings of fact made or recommended by a master." Fed. R. Civ. P. 53(f)(3). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53 (f)(5); see also ECF No. 470, Order Appointing Special Master at ¶¶ 15-17 ("Standards of review for objections to the Special Master's rulings shall be as follows per Rule 53(f)(3)-(5)"). "The Court must decide de novo all objections to conclusions of law." Id. "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." Hernandez v. Lynch, No. ED CV 16-620 JGB(KKx), 2019 WL 6998774, at *2 (C.D. Cal. June 18, 2019). But a party "cannot raise entirely new arguments for the first time on an objection to a Special Master's Report." World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008), aff'd in part, appeal dismissed in part sub nom. World Triathlon Corp. v. Hapai, 320 F. App'x 778 (9th Cir. 2009).

2. Discovery Principles

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence," but it must be "proportional to the needs of the case." Id. The broad right to discovery notwithstanding, courts may issue orders "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Thus, for good cause, courts may limit the type, scope, or frequency of discovery allowed against a person or forbid discovery altogether. Id. The party seeking the protective order bears the burden of demonstrating that such an order is justified. Alves, 2021 WL 3598728 at *4 (allowing apex deposition concerning cause of death).

One such type of protective order arises in the context of the apex doctrine, which is a judicially created doctrine that protects certain high-level corporate officers from harassing and cumulative discovery, including depositions. See Apple Inc. v. Samsung Elecs. Co., 282 F.R.D. 259, 263 (N.D. Cal. 2012). "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." Celerity, Inc. v. Ultra Clean Holding, Inc., 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (citation omitted). Thus, to curtail such abuse, "[i]n determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Id. (internal quotation marks omitted). "A district court has broad discretion to determine whether, on the totality of the record, a party seeking a protective order has met its burden of showing good cause to block an apex deposition." Alves v. Riverside Cnty., No. 5:19-CV-02083-JGB-SHK, 2021 WL 3598728, at *4 (C.D. Cal. Apr. 9, 2021).

### III. Discussion

The Court has conducted de novo review regarding Apple's objections to the Special Master's Order No. 16. Based on that review, the Court **OVERRULES** the objections. Apple has not shown good cause to block the deposition given the limited basis of scope and duration for which it was granted. Conversely, Plaintiffs have shown a basis for non-duplicative personal knowledge and that such information was unavailable through less intrusive means.

In Order No. 16, the Special Master denied Apple's motion for a protective order that would shield its CEO, Tim Cook, from being deposed by Plaintiffs. The Special Master concluded that "Cook may have unique knowledge" about some of Plaintiffs' inquiries, including information "relating to the recruitment of O'Reilly and the discussions between Apple and Masimo in 2013." SM Order No. 16 at 9.

In support, the Special Master relied on "emails sent by Cook that relate to key allegations in this case." Id. "As just one example" of the relevant emails, the Special Master observed that, in an internal email, [redacted] Id.

(citations omitted). But during his deposition, ███████████████████████
███████████████████████ Id. at 10.

Although Apple argues that Cook was not "involved," the Special Master concluded that ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████ Id.
Thus, the Special Master concluded that "Cook's deposition is justified in part to explore possible inconsistencies on significant points by significant witnesses." Id.

Based on this ruling, the Special Master granted Plaintiffs' request for a three-hour deposition of Cook, limited to the following topics:
• Apple's discussions with ████████████████████████████████████;
• Apple's recruitment of Masimo employees to Apple, including[1] [Michael] O'Reilly and [Marcelo] Lamego; and,
• Apple's involvement in healthcare initiatives, including health strategy meetings[, which relate to Plaintiffs' alleged trade secrets].

Id.

The Court concludes that, as to these three topics and in the context of Plaintiffs' specific claims in this case only, Plaintiffs have demonstrated that Cook is in a position to have unique first-hand, non-repetitive knowledge of the facts at issue here. This is sufficient because "[t]he party seeking to take such a deposition does not need to prove conclusively in advance that the deponent definitely has unique, non-repetitive information; instead, where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed." Alves, 2021 WL 3598728 at *4 (quotations omitted). Plaintiffs have also exhausted less intrusive discovery methods such as obtaining documentary discovery from Cook and deposing other witnesses who could be expected to have the requested percipient information.

First, Perica's emails support the conclusion that Cook has unique first-hand and non-repetitive knowledge concerning ████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ hus, although deposing Perica might have provided a less intrusive means of obtaining additional information on this topic, Perica stated that he could not remember ████████
████████████████████████████████████████████████████████ hus, Cook appears to be the only other potential source of such information about this conversation. This information

---

[1] The Court observes that Lamego and O'Reilly were the only two former Masimo employees who were recruited and did work at Apple. Thus, the Court construes this portion of the Special Master's order to be limited to these two employees.

is relevant to Masimo's trade secrets misappropriation claims and allowing a limited deposition, both in scope and duration, is proportional to the needs of the case.

Second, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As to Cook's unique personal knowledge surrounding hiring O'Reilly, who is a medical doctor, Apple does not dispute that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Where a less intrusive witness "provide[s] contradictory testimony," an apex deposition may be warranted. Alves, 2021 WL 3598728 at *5. Besides O'Reilly, Cook is the only other source of percipient knowledge concerning their two-person meeting.

Similarly, as to Lamego, the fact that the other executive ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ See, e.g., Dkt. 968-, Ex. 46 at 54-54, Ex. 47 at 284.

The O-Reilly-Cook meeting and the forwarded Lamego-Cook email are relevant to Masimo's trade secrets misappropriation claims, which Masimo bases on Apple recruiting O'Reilly and Lamego to obtain trade secrets. Allowing a limited deposition as described above is proportional to the needs of the case as to the specific misappropriation claims.

Third, Plaintiffs seek information concerning Apple's specific health-related strategies, with which Cook was involved and for which they contend Apple could further by hiring former Masimo employees and stealing trade secrets. Plaintiffs attempted to obtain such information from witnesses like Bob Mansfield, who was involved in discussions concerning ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but who had no memory, and Jeff Williams, Apple's COO in charge of health at the relevant time but who was not involved with the Apple Watch when O'Reilly was recruited. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Given these gaps, Cook appears to be the only other potential source of health-related strategies with which he was personally involved and which relate to the alleged trade secrets in this case. As narrowly interpreted, this information is relevant to Masimo's trade secrets misappropriation claims and allowing a limited deposition, both in scope and duration, is proportional to the needs of the case.

Given the narrow reach of the Special Master's ruling, and this order affirming the contours of that ruling, the Court directs that Plaintiffs adhere to the limits imposed herein and focus their questions on the identified areas of Cook's unique personal knowledge and only as it relates to the specific claims in this case and nothing more.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Apple's objections to the Special Master's Order No. 16.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |