UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | November 22, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas for Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Strike Plaintiffs' Rule 26(A)(2)(C) Disclosures (Redacted)**

Before the Court is Apple's Motion to Strike Plaintiff's Rule 26(a)(2)(C) Disclosures. See Mot., ECF Nos. 957, 959 (sealed). Plaintiffs filed an opposition. See Opp., ECF Nos. 981, 983 (sealed). Apple filed a reply. See Reply, ECF Nos. 990, 1003 (sealed). The Court held a hearing on this matter on November 21, 2022.

For the following reasons, the Court **GRANTS-IN-PART** Apple's motion.

## I. BACKGROUND

Apple's motion arises from Plaintiffs' responses to two damages-related interrogatories, and Plaintiffs' subsequent expert disclosures.

First, Apple served on Plaintiffs an interrogatory that sought "'all factual and legal bases for [Plaintiffs'] contention that [y]ou are entitled to any relief in this case, including but not limited to, monetary damages … including, identifying and describing in detail all [d]ocuments and [c]ommunications relating to such contention and identifying all individuals having information about such contention." Mot. at 2-3. During motion-to-compel litigation, the Special Master ordered Plaintiffs to reveal their damages contentions. Id. at 3. Plaintiffs provided more information and have now explained that, but for Apple's misappropriation, ███████████████████████
████████████████████. Plaintiffs also contend that Apple has been unjustly enriched

because, through its misappropriation, ███████████████████████████
███████████.

Second, Apple served an interrogatory that sought, "'[f]or each alleged Trade Secret that You contend was misappropriated by Apple, … the independent economic value of the alleged Trade Secret, and describe in detail [y]our calculation of this value." Dkt. 957-17 (Ex. 14) at 7. Apple states that Plaintiffs responded by "provid[ing] information on a category-by-category basis" rather than a trade-secret-by-trade-secret basis. Mot. at 4. Plaintiffs respond that the disclosures offer nothing new over the value-by-category grouping already provided. Opp. at 20-21.

Fact discovery in this case closed on August 12, 2022. Dkt. 627. Expert discovery remains ongoing and is scheduled to close on December 12, 2022. Dispositive motions are due on January 9, 2023.

During expert discovery, under Rule 26(a)(2)(C), Plaintiffs served expert disclosures for four of their employees – Richard Priddell, Bilal Muhsin, Joe Kiani, and Mohamed Diab – each of whom purports to opine on information relevant to damages. The disclosures underpin Plaintiffs' damages theories of lost sales and unjust enrichment.

Apple moves to strike the disclosures, arguing that they go beyond each employee's percipient knowledge and thus exceed the scope of Rule 26(a)(2)(C), thereby requiring a written expert report. Apple also contends that the disclosures are untimely under Rule 26(e) because they rely on new "facts" disclosed long after fact discovery closed, and Plaintiffs have not shown that they were substantially justified or harmless under Rule 37(c).

Plaintiffs respond that the employees have provided proper lay opinion disclosures under Rule 26(a)(2)(C) because they are not retained or specially employed to provide expert testimony and do not regularly do so as part of their job duties. Therefore, no written expert reports are required. Regarding the new facts arguments, Plaintiffs respond that any delay was harmless and they offer to make additional fact discovery available.

The Court discusses the factual background of each of the four employee-expert disclosures below.

## II. LEGAL STANDARDS

A. <u>Rule 26 Disclosures</u>

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. Under that rule, any party who wishes to present an expert witness at trial must disclose the identity of the expert. Fed. R. Civ. P. 26(a)(2)(A). The rule also governs which

experts must provide a written report and which experts do not need to provide a written report. A written report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). If the witness falls outside of this requirement, rather than a written report, a disclosure that includes "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify" will suffice. Fed. R. Civ. P. 26(a)(2)(C). "When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)).

### B.     Supplementation and Exclusion

"Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 678–79 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court." Id.

"In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

Although appellate courts "review every discovery sanction for an abuse of discretion," those courts "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, 259 F.3d at 1106; see also Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence).

### III. DISCUSSION

For the reasons explained below, the Court **GRANTS-IN-PART** the motion.

A.     Applicability of Rule 26(a)(2)(B) or (C)

     To resolve this dispute, the Court must determine whether the four employee witnesses are functioning as retained experts subject to Rule 26(a)(2)(B), or as non-retained experts subject to Rule 26(a)(2)(C). "The Rule 26(a)(2)(B) written report and Rule 26(a)(2)(C) disclosure [requirements] share the goal of increasing efficiency and reducing unfair surprise." Cantu v. United States, No. CV 14-00219-MMM-JCGx, 2015 WL 12743881, at *3 (C.D. Cal. Apr. 6, 2015) (quotation marks omitted). "[C]ourts considering whether expert witnesses—including physicians—are 'non-retained' or 'retained' have found the nature of the expert's testimony particularly important: when an expert is to offer testimony limited to his or her percipient knowledge, i.e., knowledge and opinions formed at the time an earlier evaluation or report was made, the expert is treated as a non-retained expert;" in contrast, where "the witness's testimony relies on information beyond his or her percipient knowledge, the witness is treated as a retained expert." Id. at *4.

     A witness can be a "percipient expert" where "the witness's testimony is restricted to expert opinions rendered in the normal course of their work duties." Copart, Inc. v. Sparta Consulting, Inc., No. 2:14-CV-00046-KJM-CKD, 2018 WL 1871414, at *20 (E.D. Cal. Apr. 19, 2018). Opinions of percipient experts are often referred to as "historical opinions," i.e., what they already know from their job; percipient experts, however, may not offer "a current opinion for the purposes of litigation." Id.

     A witness can be a "hybrid" percipient expert and retained expert. Cantu, 2015 WL 12743881 at *4. For example, a physician who treats a patient can speak to that treatment as a percipient witness, whereas the same physician who then reviews documents for the purposes of testifying regarding causation and forms additional opinions after treatment has concluded functions as a retained expert. Id. "[T]he critical distinction between retained and non-retained experts is the nature of the testimony the expert will provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial." Id. at *5; see also  In re Application of Republic of Ecuador, 280 F.R.D. 506, 511 (N.D. Cal. 2012) (where expert reports are "prepared for trial and in anticipation of litigation," the witness is a retained expert). Thus, "a non-retained expert becomes a retained expert when his testimony exceeds his percipient knowledge." Cantu, 2015 WL 12743881 at *6.

     At the hearing, Plaintiffs urged the Court to review various cases cited in their brief that have concluded an employee-expert need not serve a written report. The Court reviewed those cases already and found them unpersuasive.

     For example, the district court in In re Zofran explained that the issue is not cut and dried, as Plaintiffs suggest.  The court observed that "federal courts are split on th[e] question" of whether "an employee-expert who does not ordinarily testify—what the Court will refer to as an 'incidental employee-expert'—must submit a report if her

opinions are based on facts or data that she reviewed specifically for the case." In re Zofran (Ondansetron) Prod. Liab. Litig., No. 1:15-MD-2657-FDS, 2019 WL 4980310, at *11 (D. Mass. Oct. 8, 2019). Where "[t]he First Circuit ha[d] not addressed the question," the court opted to apply "[t]he minority view," which provides that so-called "incidental employee-experts" who review materials specifically for the litigation do not have to submit a written report. Id. at *12. The court concluded "the minority view is faithful to the actual text of Rule 26, and is therefore correct." Id.

Unlike the First Circuit, the Ninth Circuit has issued authority concerning litigation-driven opinions, which controls the outcome here. In Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817 (9th Cir. 2011), cited above, the Ninth Circuit considered this question in the context of a treating physician who later offers case-related opinions. The Ninth Circuit concluded that Rule 26(a)(2)(B)'s written report requirement applies to experts who "review[] information provided by [a case] attorney that they hadn't reviewed during the course of treatment" and offer "additional opinions" based on that litigation-driven review. Id. at 826. The Court applies that standard to each of the four challenged disclosures.[1]

1. Richard Priddell

Priddell is the Senior Vice President of Hardware Engineering for Masimo. He was "a principal design engineer for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. 959-2 (Ex. 2) ¶ 1. He "was asked to review" documentation concerning a deconstructed Apple Watch, which was compiled by a third party, Yole Inc. Id. ¶ 3; see also id. at p.11 ("APPLE Watch Series 7 (GPS + Cellular 45 mm Teardown)"). Based on this review, Priddell offered opinions:



Id. at p. 3 & ¶ 2. Specifically, Priddell's analysis considered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See generally Dkt. 959-2.

The vast majority of Priddell's disclosure exceeds his percipient knowledge as a design engineer at Masimo. As is clear from the face of the disclosure, Priddell was asked to review the information concerning the Apple Watch and provide his opinions in

---

[1] These rulings resolve the present Rule 26 dispute only and do not purport to consider admissibility under other standards such as Rule 702 and Daubert.

connection with this litigation and in preparation for trial. "[R]eceiving and analyzing evidence in preparation for litigation . . . is precisely what a retained expert does." Jackson v. Officer Forman, No. CV 19-2443-DMG-AGRx, 2020 WL 6526373, at *3 (C.D. Cal. Oct. 15, 2020). Although Priddell may have percipient knowledge of, e.g., the components of ▓▓▓▓▓▓▓▓▓▓▓▓▓ and the W1, he offers opinions far outside his percipient knowledge of Masimo products. Thus, when offering these litigation-driven opinions, Priddell is functioning as a retained expert and is subject to the written-report requirement of Rule 26(a)(2)(B). "Because his testimony intends to go beyond what he personally observed, [Priddell] was required to submit an expert report under Rule 26(a)(2)(B)." Jackson, 2020 WL 6526373, at *3.

    2.    <u>Bilal Muhsin</u>

Mushin is the Chief Operating Officer of Masimo. Dkt. 959-3 (Ex. 3) ¶ 1. Before becoming COO in January 2019, Mushin was the Executive Vice President of Engineering, Marketing, and Regulatory at Masimo. Id. In his disclosure, Mushin offered opinions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Id., Ex. 3 at p. 3.

Some of Muhsin's disclosure arises from his percipient knowledge as a Masimo employee and thus falls under Rule 26(a)(2)(C). For example, Muhsin describes the timeline and development of the W1, Masimo's vision for the W1, and Masimo's technical capabilities in 2013. Id. ¶¶ 2-8, 9-12. Muhsin's disclosure begins to veer from his percipient knowledge, however, when he opines on the hypothetical scenario of what Masimo would have done ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Paragraphs 13 through 15 follow a similar pattern, providing some historical knowledge (e.g., about past OEM partners) and opinions based on the hypothetical scenario where Apple became an OEM partner in 2013. See id. ¶¶ 13-15. As stated, the hypothetical opinions fall outside of Muhsin's percipient knowledge and therefore required a written report.

Further, the cost-estimate opinions in Muhsin's disclosure were clearly prepared in connection with this litigation and in preparation for trial. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These opinions go far beyond "historical opinions" of a percipient employee witness; they offer "a current

opinion for the purposes of litigation." <u>Copart</u>, 2018 WL 1871414 at *20. Accordingly, these opinions are subject to the written-report requirement of Rule 26(a)(2)(B).

    3.    <u>Joe Kiani</u>

    Kiani is the founder, Chairman, and CEO of Maimo, as well as the CEO of Cercacor Laboratories. Dkt. 959-4 (Ex. 4) ¶ 1. Kiani's disclosure discusses Masimo's development of techniques to noninvasively measure physiological parameters from optical signals. <u>Id.</u> ¶¶ 2-4. Kiani opines that another company recreating Masimo's trade secrets would not be feasible given the years of extensive research, experimentation, testing, and hundreds of millions of dollars expended. <u>Id.</u> ¶ 5. Relatedly, Kiani opines that Masimo's trade secrets, including its ███████████ ███████████████████████████████████████████████████████ <u>Id.</u> ¶¶ 6-13.

    The Court finds that Kiani's disclosure is not subject to the written-report requirement of Rule 26(a)(2)(B) because he limits his observations to that of a percipient expert, <u>i.e.</u>, his "testimony is restricted to expert opinions" that arise form the "normal course of [his] work duties." <u>Copart</u>, 2018 WL 1871414 at *20. As the founder and CEO of Masimo and Cercacor, Kiani has decades of percipient experience that inform his understanding of Plaintiffs' technological developments and that keeping certain aspects of them secret provides value to Plaintiffs. Other than the list of trade secrets, Kiani was not asked to review any materials and form new opinions, but rather speaks from a position of historical knowledge.

    That Kiani is not legally trained to identify what constitutes a trade secret does not mean he lacks percipient understanding of Plaintiffs' technology and whether Plaintiffs consider that technology valuable. Lacking percipient knowledge of litigation-developed definitions and materials is not the same thing as lacking percipient knowledge about a specific technology or technique. Thus, Apple's arguments concerning Kiani's deposition responses do not undermine the percipient nature of Kiani's disclosure. <u>See</u> Mot. at 9.

    4.    <u>Mohamed Diab</u>

    Diab was the principal engineer at Masimo during the early years and later became CTO. Dkt. 959-5 (Ex. 5) ¶ 1. He is currently a Fellow Scientist at Masimo. <u>Id.</u> He has "developed physiological parameter measurement technologies for over 30 years," including pulse oximeters and ███████████████████████████████████. <u>Id.</u> ¶¶ 2-35. Like Kiani, Diab opines that another company recreating Masimo's confidential information would not be feasible given the vast resources expended. Id. ¶¶ 36-37. Diab also opines that Masimo's trade secrets, ██████████████████████████████████████████ ███████████████████████████████, provide value to Plaintiffs. <u>Id.</u> ¶¶ 38-50.

Like Kiani, the Court finds that Diab's disclosure is not subject to the written-report requirement of Rule 26(a)(2)(B) because he limits his observations to that of a percipient expert, i.e., his "testimony is restricted to expert opinions" that arise form the "normal course of [his] work duties." Copart, 2018 WL 1871414 at *20. As a longtime scientist at Masimo, Diab has decades of percipient experience that inform his views concerning Plaintiffs' technological developments and the fact that keeping certain aspects of them secret provides value to Plaintiffs. Other than the list of trade secrets, Diab was not asked to review any materials and form new opinions, but rather speaks from a position of historical knowledge. That Diab lacks percipient knowledge of litigation-developed definitions and materials does not negate his percipient knowledge about the relevant technologies and techniques. See Mot. at 10.²

Where the Court finds that the foregoing experts were required to produce a written report concerning certain opinions, the Court discusses the remedy for these violations below.

B.      New Information under Rule 26(e)

Apple argues that the four employee disclosures should be stricken for the additional reason that they provide new information after the close of fact discovery. Mot. at 11.

Plaintiffs argue that the contents of the disclosures were substantially justified and harmless. See Opp. at 14.

1.      Priddell

In addition to violating the written-report requirement, the Court agrees with Apple that Priddell's analysis of the Apple Watch "teardown" provides new factual information in the form of a fully formed damages theory that should have been disclosed before the close of fact discovery. Although Plaintiffs identified Priddell as a witness knowledgeable about Masmio's W1 watch, they did not identify him as someone knowledgeable with respect to Plaintiffs' damages claims and they did not identify and explain the basis and calculations for this damages theory.

2.      Muhsin

---

² To the extent Apple believes separate relief is warranted given Diab's deposition (e.g., a motion to compel further responses or other sanction where Apple believes he was unprepared to respond to 30(b)(6) topics for which he was the designated witness), that request is not before the Court.

In addition to violating-in-part the written-report requirement, the Court agrees with Apple that Muhsin's opinions concerning whether ▬▬▬ ▬▬▬ provide new factual information in the form of a fully formed damages theory that should have been disclosed before the close of fact discovery. That Plaintiffs' interrogatory response stated, ▬▬▬ Dkt. 959-10 (Ex. 12) at 23, does not equate with disclosing the detailed and fully-formed damages-related information included in the Muhsin disclosure.

    3.    Kiani

The Court agrees with Apple that Kiani's detailed disclosures provide new information concerning the basis for claiming that Plaintiffs' trade secrets are valuable, as compared with the general disclosures previously provided in response to an interrogatory. Compare Dkt. 959-12 (Ex. 14) at pp. 7-28 with Dkt. 959-4 (Ex. 4). This includes providing details regarding ▬▬▬ and providing the value of individual trade secrets within a specific category as compared to the value of that overall category of trade secrets.

Turning to Apple's argument concerning Kiani's statement that Plaintiffs have a "library or collection of confidential information," the Court concludes this is not disclosing a new fact, but rather a matter appropriately left for cross-examination. If Apple wants to ask Kiani whether he meant that Plaintiffs have a literal library or physical collection cataloguing Plaintiffs' trade secrets, it may do so at trial.

    4.    Diab

The Court agrees with Apple that the documents on which Diab relies to discuss the value of certain trade secrets should have been disclosed (e.g., clinical studies and other documents). As with Kiani, the Diab disclosures provide new detailed information concerning the value of individual trade secrets within a category as compared to the value of overall categories of trade secrets. Compare Dkt. 959-12 (Ex. 14) at pp. 7-28 with Dkt. 959-5 (Ex. 5).

C.    Remedy under Rule 37(c)(1)

Having considered whether written expert reports should have been provided and whether new facts were disclosed for the first time in the expert disclosures, the Court turns to the appropriate remedy for these violations.

    1.    Summary of Contentions

Apple argues that the expert opinions for which a written report was required and the newly disclosed information that was produced after the close of fact discovery should be automatically excluded under Rule 37(c) because Plaintiffs cannot show that these violations were substantially justified or harmless. Mot. at 15-16.

Plaintiffs respond that striking the disclosures is unwarranted where "any alleged failure to disclose information was 'substantially justified' and 'harmless.'" Opp. at 14. Plaintiffs contend that they had a good faith basis for believing the employee-witnesses were not required to provide a written report under Rule 26(a)(2)(B), and in any event, the written disclosures contain "the substantive information required" by that rule. Id. Plaintiffs offer to provide "a supplemental declaration on the remaining non-substantive information, such as the[] [experts'] education qualifications." Id. Moreover, as to the newly disclosed information, Plaintiffs argue that Apple was not surprised or prejudiced; Apple has the ability to cure any alleged prejudice; trial will not be disrupted; and there is no bad faith or willfulness. Id. at 14-24.

Apple replies that the written expert disclosures provide only high-level conclusions that are then used to establish Plaintiffs' damages case, but no basis for those opinions has been provided, as would be required in a written expert report. Reply at 14-15. Apple also observes that "[i]t is not feasible for Plaintiffs to provide additional fact discovery, and for Apple's experts to supplement their reports as needed on account of that new discovery without causing delay to the rest of the schedule." Id. at 18. Apple contends that Plaintiffs' decision to disclose new damages theories supported by new factual information after the close of fact discovery is "inherently prejudicial." Id. at 19.

2. Analysis

The Court finds that Plaintiffs' failure to provide Rule 26(a)(2)(B) written reports where indicated was not substantially justified or harmless. The employee-experts' written disclosures are severely lacking compared to the written expert report required by that rule. Allowing Plaintiffs to backdoor their damages case through piecemeal written disclosures combined with proposed belated declarations standing in for Rule 26(a)(2)(B) reports, especially where those disclosures contain previously undisclosed, fully-formed damages theories, would prejudice Apple at this late hour. This is especially true where the employee-experts also rely on newly disclosed factual information, as further discussed below. Even though Apple "need not show prejudice to enforce the well-established requirement that [Plaintiffs] comply with Rule 26(a)(2)(B)," Jackson, 2020 WL 6526373 at *3, the Court finds prejudice here. Insufficient time remains in expert discovery to allow for compliant written reports, follow-up fact discovery, full depositions concerning new factual and expert disclosures, selecting rebuttal witnesses, and providing reciprocal disclosures. Accordingly, the Court grants the motion to strike as it relates to expert disclosures that should have been presented in Rule 26(a)(2)(B) written reports.

Turning to the new factual information concerning ▇▇▇▇▇▇▇▇▇▇▇▇ the Court disagrees with Plaintiffs that Apple should have gleaned their fully formed damages theories from the ITC proceedings, *i.e.*, proceedings in which damages are unavailable. See Opp. at 15. Plaintiffs point to nothing in those proceedings that would provide notice for the basis of Priddell's and Muhsin's new hypothetical opinions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ or that these witnesses had relevant factual information concerning damages. Offering additional fact-question time during the relevant expert depositions would be insufficient at this late hour.

Finally, turning to the newly disclosed information concerning the specific value of individual trade secrets and newly disclosed supporting documents such as clinical studies, the Court disagrees with Plaintiffs that this information was disclosed in substance somewhere else. Compare Opp. at 20-23 (collecting discovery citations) with Dkt. 959-4 (Kiani Disclosure) and Dkt. 959-5 (Diab Disclosure). Because the information was fully disclosed in the Kiani and Diab written disclosures, however, the Court is inclined to allow these opinions to stand. They are not based on new third-party documents, but instead based on historical knowledge. Apple will have a sufficient opportunity to question these witnesses about their "value" opinions during expert depositions. If Apple believe further time for rebuttal is warranted, the Court will consider a limited request explaining what is needed.[3]

\*\*\*

As stated, "Federal Rule of Civil Procedure 37(c)(1) provides that a party's failure to disclose or supplement information will result in that party being precluded from using that information on a motion, at a hearing, or at trial, unless that failure was substantially justified or harmless." MLC Intell. Prop., LLC v. Micron Tech., Inc., No. 14-CV-03657-SI, 2019 WL 2863585, at *12 (N.D. Cal. July 2, 2019), aff'd, 10 F.4th 1358 (Fed. Cir. 2021). Because the Court finds that these violations were not substantially justified or harmless, the newly disclosed factual information is excluded.

This is especially true where prior motion practice predicted this issue and the Court provided cautionary advisements. Specifically, on July 8, 2022, before the close of fact discovery, in ruling on the objections to the Special Master's Order No. 9, the Court took "Masimo at its word that it intends to be cooperative and forthcoming on damages

---

[3] At the hearing, Apple requested an opportunity for its experts to provide short supplemental reports addressing the new factual information provided by Kiani and Diab. Apple stated that it could do this quickly and within the existing schedule, which would upset neither expert discovery deadlines nor the overall case schedule. The Court will grant this request in principle, but orders the parties to meet and confer on timing to ensure that allowing a brief response does not upset any existing expert deadlines. Time is of the essence and the Court trusts that the parties can come to an agreement without returning to the Court for guidance. The Court also trusts that the supplements provided by Apple will address only the new factual information analyzed above.

discovery." Dkt. 816 at 11. But the Court cautioned that it "is not amenable to a party withholding necessary discovery until the eve of the close of discovery and/or expert reports." Id. at 10 n.6. Thus, the Court "advised [the parties] to be forthcoming with their discovery responses so as not to have late-disclosed material stricken." Id. Further, the Court cautioned Masimo that it "must carefully consider" how it approached discovery "relating to damages because, at some point in the very near future, that resistance will serve only to limit the damages Masimo can seek." Id. at 10-11. This undermines the suggestion that the violations identified in this order were substantially justified.

Plaintiffs argued at the hearing that they provided the employees' written disclosures to go "above and beyond," not to withhold required information. Although Plaintiffs may not have intended to violate Rule 26(a)(2)(B), the Court concludes that they have done so. Thus, the relevant litigation-driven opinions are excluded as stated herein.

Accordingly, the Court **GRANTS-IN-PART** the motion as reflected above.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** Apple's motion to strike.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | eva/lmb | |