1  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  1 Front Street, Suite 3500
   San Francisco, CA 94111
4  Tel.: 628.235.1124 / Fax: 628.235.1001

5  H. MARK LYON, SBN 162061
     mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA 94304-1211
   Tel.: 650.849.5300 / Fax: 650.849.5333

8
   BRIAN M. BUROKER, *pro hac vice*
9    bburoker@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
10 1050 Connecticut Avenue, N.W.
   Washington, D.C. 20036
11 Tel.: 202.955.8500 / Fax: 202.467.0539

12 [Counsel appearance continues on next page]

13 *Attorneys for Defendant Apple Inc.*

14              **UNITED STATES DISTRICT COURT**
15     **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

16 MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
   a Delaware corporation; and
17 CERCACOR LABORATORIES, INC.,           **APPLE'S NOTICE AND *EX PARTE***
   a Delaware corporation,                **APPLICATION TO STRIKE THE**
18                                         **"SUPPLEMENTAL" EXPERT**
                                           **REPORT OF JEFFREY KINRICH**
19              Plaintiffs,                **SERVED ON NOVEMBER 30, 2022**

20        v.                               No Hearing Noticed

21 APPLE INC.,
   a California corporation,
22
                Defendant.
23

24              REDACTED VERSION OF
        DOCUMENT PROPOSED TO BE FILED UNDER SEAL
25

26

27

28
   _____
   APPLE'S *EX PARTE* APP. TO STRIKE NOV. 30, 2022 "SUPPLEMENTAL" KINRICH REPORT
                              CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

## <u>NOTICE OF *EX PARTE* APPLICATION</u>

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Apple Inc. ("Apple") hereby submits this *Ex Parte* Application to strike the "Supplemental" Expert Report of Jeffrey Kinrich dated November 30, 2022.  Ex. 1.

Apple regrets burdening this Court with an *ex parte* motion, but Plaintiffs' actions have left Apple with no other choice.  Mr. Kinrich's "Supplemental" Report is woefully untimely, as it was served (1) nearly two months after the deadline for Plaintiffs' damages report, (2) roughly two weeks after all rebuttal expert reports were served, and (3) less than two weeks before Mr. Kinrich's scheduled deposition and the close of expert discovery.  Further, it attempts to circumvent this Court's November 22, 2022 Order excluding Plaintiffs' ███████████████████████ that appeared for the first time in Plaintiffs' purported Rule 26(a)(2)(C) disclosures for Mr. Richard Priddell and Mr. Bilal Muhsin.  *See* Dkt. 1031 at 8-9.  To take just one example, this Court barred Plaintiffs from relying on ██████████████████████████████████ ████████████████████████████████████████████ ███████  *Id.*  Despite this clear instruction, Mr. Kinrich relies solely on ███████ ████████████████████████████████████████████ █████████████████  Ex. 1 at 2.  Filing Apple's motion to strike as a normal, noticed motion, moreover, would both wreak havoc with this case's deadlines for the close of expert discovery, summary judgment and beyond, and create a serious potential for confusion at Mr. Kinrich's deposition scheduled for December 12.

This Application is made *ex parte* on the grounds that: (1) Apple will suffer irreparable prejudice absent *ex parte* relief because if this issue proceeds under the normal briefing schedule, Apple will not receive a decision until January 9, 2022 at the earliest—long after Apple's and Plaintiffs' damages experts are scheduled to be deposed and too late in the day for Apple to prepare and submit a rebuttal to Mr. Kinrich's "Supplement" under the existing schedule; (2) the need for *ex parte* relief is not Apple's

fault, as it was unexpectedly created by Plaintiffs' decision to serve a belated and improper "supplemental" report; and (3) Apple's request for relief is meritorious. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-493 (C.D. Cal. 1995).

Pursuant to Local Rule 7-19, counsel for Apple gave notice of this Application to counsel for Plaintiffs at 11:04am PT on December 1, 2022, roughly 12 hours after Plaintiffs served the "Supplemental" Report. Passameneck Decl. ¶ 4; Ex. 2. At approximately 3:15pm, counsel for Apple spoke with Mark Kachner of Knobbe Martens, notifying him of the specific date and contents of this Application. *Id.* ¶ 7. Mr. Kachner indicated that Plaintiffs oppose this application. *Id.* The contact information for Plaintiffs' counsel is as follows:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com

1

**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

2

3

4      This *Ex Parte* Application is based on this Notice, the accompanying

5  Memorandum of Points and Authorities, the accompanying Declaration of Nora

6  Passamaneck and Exhibits appended thereto, all matters of which judicial notice may be

7  taken, and such argument and evidence as may be presented at the hearing on this

8  Application, if any.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **Introduction And Background**

On November 22, 2022, this Court granted in part Apple's motion to exclude Plaintiffs' FRCP 26(a)(2)(C) disclosures, as well as new factual assertions made in those reports that had not been properly disclosed under FRCP 26(e).  Dkt. 1031.  As relevant here, this Court rejected Plaintiffs' attempt to ██████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████  Dkt. 1031 at 10.  In particular, this Court concluded that ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████  *Id.* at 5-7, 10.  The Court also held that Plaintiffs could not rely on ███████████████████████████████

████████████████████████████  that was surfaced for the first time in those disclosures.  *Id.* at 11.

At 10:20pm PT on November 30, 2022, Plaintiffs served a 34-page document labeled as the "Supplemental Expert Report of Jeffrey H. Kinrich," which purports to ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████  Ex. 1 at 1; *see also* Passamaneck Decl. ¶ 4.  The Report does not appear to rely on any information that could not have been included in the original, October 6, 2022 report (or in the October 17, 2022 update thereto).  Plaintiffs neither asked this Court for leave to file such a report nor informed Apple that they planned to do so ahead of time.  Expert discovery is scheduled to close on December 12, 2022, and Mr. Kinrich's deposition is scheduled for the same day.

Wilmer Cutler
Pickering Hale
and Dorr LLP

Mr. Kinrich's "Supplemental" Report—which seeks to justify billions of dollars in damages—is improper both because it is untimely (it was filed nearly two months late and without leave) and because it relies on ████████████████████ that this Court excluded just a week ago pursuant to FRCP 26(e). While Apple regrets the necessity of filing *ex parte*, it respectfully submits that it is necessary to do so in light of Plaintiffs' surprise disclosure of the Report. Under the normal schedule set out in Local Rules 6 and 7, Apple's request to strike the Report would not be resolved until January. Passamaneck Decl. ¶ 6. This lack of certainty would severely prejudice Apple. Among other things, Apple would be forced to (1) take Mr. Kinrich's deposition (and have its own damages expert deposed) and (2) file its summary judgment briefing without knowing whether the Report remains in the case. In addition, if this Court were to deny Apple's motion in January, Apple would have scant time before trial to perform the necessary ██████████████████████████ ███████ supplemental rebuttals necessitated by the Report. *See* Dkt. 1031 at 10 ████████████████████████████

## Argument

### A.   Kinrich's "Supplemental" Report Is Both Untimely And Contains Late-Disclosed Damages Theories In Violation Of This Court's November 22, 2022 Order

Mr. Kinrich's "Supplemental" Report should be stricken for two independent reasons: It is exceedingly late, and it violates this Court's prior order.

*First*, the Report is untimely. The parties agreed months ago that expert reports on damages would be served by October 6, 2022 and rebuttal reports by November 17, 2022. *See* Dkt. 1029-3 at 900. This schedule gave both sides ample time to prepare comprehensive reports. Mr. Kinrich's opening report, for example, included 114 pages of analysis, while the rebuttal report from Apple's expert on damages (Shirley Webster) spanned 172 pages. Mr. Kinrich is scheduled to be deposed on his report on December

12—i.e., a week from Monday—and Ms. Webster will be deposed a few days later.[1] Summary judgment briefs are then due the following week, on December 19. Dkt. 898 at 1.

Plaintiffs sought neither to reach agreement with Apple nor permission from this Court before serving the Report. To the contrary, when Plaintiffs asked this Court at the November 21, 2022 hearing about the implications of its ruling regarding the FRCP 26(a)(2)(C) disclosures on Mr. Kinrich's report, this Court was clear that the effect of its ruling would be judged against the existing report. *See* Ex. 3 at 25 ("THE COURT: And either it's in the [expert] report and there's sufficient basis to rely [on it] or there isn't. I mean, nothing we do today is going to change the sufficiency of the report and the bases for the opinions.").[2]

Plaintiffs have identified no authority that permits them to unilaterally serve a "supplemental" opening expert report nearly two months after the deadline and without leave from the court and/or an agreement with the other side. Nor have Plaintiffs provided any reason for why the information contained within the Report could not have been included in the original October 6, 2022 report. Indeed, Mr. Kinrich repeatedly states that his Report is "based on" or "relie[s] on" information referenced in the October Report. *See, e.g.,* ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████ Finally, as explained in more detail below, the eleventh-hour nature of

---

[1] Plaintiffs were unavailable to depose Apple's damages expert on the date she was available during expert discovery. As an accommodation to Plaintiffs, Apple has agreed that they may take the deposition of Apple's damages expert on December 14, two days after the close of fact discovery.

[2] Exhibit 3 is the rough draft of the transcript of the November 21, 2022 hearing, which is the only version that is available at this time.

---

the Report is hugely prejudicial to Apple because, *inter alia*, it will force Apple to depose Mr. Kinrich while it is unclear whether significant swathes of his damages opinions are still live and potentially require Apple to compile an additional rebuttal to the new points raised in Mr. Kinrich's "Supplemental" Report, which would in turn delay the deposition of Apple's own damages expert or necessitate an additional deposition. *See infra* pp. 6-7.  Indeed, the Court already rejected Plaintiffs' request to submit full expert reports on the issues raised by Mr. Priddell's and Mr. Muhsin's disclosures because ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████   Dkt. 1031 at 10.  The Report blatantly disregards that ruling and should be stricken for the same reason.

  *Second*, the "Supplemental" Report violates this Court's November 22, 2022 ruling, which barred Plaintiffs from relying on the ████████████████████████ ████████████████████████████████████   but instead were identified for the first time in Mr. Priddell's and Mr. Muhsin's September 23, 2022 disclosures.  Dkt. 1031 at 8-9, 11.  Specifically, this Court excluded the following new damages theories:

▮ ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
▮ ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████
▮ ████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████

---

Apple's *Ex Parte* App. To Strike Nov. 30, 2022 "Supplemental" Kinrich Report
Case No. 8:20-cv-00048-JVS (JDEx)

1   The Court also appeared to bar Plaintiffs █████████████████████████

2   ██████████████████████████████████████████████████████████████████

3   ███████████████████████████████████

4          Despite this Court's express instructions, the "Supplemental" Report purports to

5   revive each of these theories with only slight tweaks.  The Report's discussion of ████

6   ██████████████████████████████████████████████████████████████████

7   ██████████████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████████████████████████

9   ██████████████████████████████████████████████████████████████████

10  ██████████████████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████████████

14  ██████████████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19          **B.**      ***Ex Parte* Relief Is Necessary And Appropriate**

20          Apple satisfies the requirements for *ex parte* relief.  *See Mission Power Eng'g Co.*

21  *v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-493 (C.D. Cal. 1995).

22          *First*, Apple is not at fault in creating the need for an *ex parte* application.  As

23  discussed above, Plaintiffs did not provide any indication that they planned to serve a

24  "Supplemental" Report until their email sent at 10:20pm PT on Wednesday.  *Supra* p.

25  1.  Apple responded as quickly as possible, informing Plaintiffs of its intent to file this

26  _____

27  [3] ███████████████████████████████████████████████████████████████

28  ██████████████████████████████████████████████████████████████████

application within roughly 12 hours of receiving the Report and filing this application 24 hours after that.

*Second*, Apple will suffer severe prejudice if the application is not granted because (1) it will be denied a full and fair opportunity to depose Mr. Kinrich and (2) the lingering uncertainty created by Plaintiffs' eleventh-hour filing risks upsetting the case schedule going forward.  As to the former, Mr. Kinrich's "Supplemental" Report is so thoroughly intertwined with his original October 6, 2022 Report that—unless it is clear from the outset that the "Supplemental" Report has been struck—it will be difficult for both Mr. Kinrich and the attorney taking the deposition to separate the two (and even more difficult for future readers of a cold record).   As noted above, Mr. Kinrich's "Supplemental" Report repeatedly (albeit incorrectly) asserts that it is relying on the same basic reasoning and documentation that existed in the October 6, 2022 Report. *See supra* p. 3.  Moreover, Apple cannot reasonably delay the deposition of Mr. Kinrich until mid-January (i.e., after this motion would be resolved on a normal schedule) because doing so would prejudice Apple's ability to raise Kinrich-related issues in its summary judgment motion (due December 19) and in any *Daubert* motions (due February 13).

As to the latter point (disrupting the case schedule), the "Supplemental" Report will jeopardize numerous forthcoming deadlines between now and January 9, 2022— the earliest possible date by which this Court could resolve Apple's Motion to Strike under a normal schedule—and beyond.  For example, expert discovery is scheduled to close on December 12, 2022.  But to the extent that this Court allows the Report to stand, Apple will seek leave to file its own supplemental rebuttal report that addressees the Report.   That rebuttal could have implications for the parties' trial preparations and motions *in limine*, which would already be well under way by mid-January.  As another example, the parties have stipulated to a December 19, 2022 deadline to file summary judgment briefs.  *See supra* p. 3.  Whether the Report stands could well affect the contents of both side's summary judgment motions.

This Court's deadlines for discovery and summary judgment exist for a reason—they are meant to "establish a window between the close of discovery and trial during which counsel can focus on all aspects of trial preparation without the pressure of conducting discovery during that preparation period." *Gentec Enters. Inc. v. Transistor Devices, Inc.*, 2012 WL 13005868, at *4 (C.D. Cal. Mar. 29, 2012). Plaintiffs' strategic decision to serve a "Supplemental" Report less than two weeks before the close of expert discovery and Mr. Kinrich's deposition is thus not "harmless." *Wong v. Regents of Univ. Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). It not only denies Apple the crucial preparation time that the close of expert discovery is meant to guarantee, but risks a cascading effect on the other deadlines in the next few months, derailing this case's "firm track to trial." Dkt. 816 at 10 n.6; *cf. Brown v. Wal-Mart Store, Inc.*, 2018 WL 2011935, at *4 (N.D. Cal. Apr. 27, 2018) (finding prejudice where non-moving parties' late disclosure of information would require "significant further changes to the case schedule").

## IV.   CONCLUSION

Apple respectfully requests that this Court strike the Supplemental Expert Report of Jeffrey H. Kinrich dated November 30, 2022 and preclude Mr. Kinrich from offering any of the opinions or relying on any of the statements made therein.

Dated:  December 2, 2022            Respectfully submitted,


                                    H. MARK LYON
                                    BRIAN M. BUROKER
                                    BRIAN A. ROSENTHAL
                                    ILISSA SAMPLIN
                                    ANGELIQUE KAOUNIS
                                    GIBSON, DUNN & CRUTCHER LLP

                                    KENNETH G. PARKER
                                    HAYNES AND BOONE, LLP

                                    MARK D. SELWYN
                                    JOSHUA H. LERNER
                                    NORA Q.E. PASSAMANECK
                                    WILMER CUTLER PICKERING HALE AND
                                    DORR LLP


                                    By:  /s/ Mark D. Selwyn
                                         Mark D. Selwyn


                                    *Attorneys for Defendant Apple Inc.*