Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE'S *EX PARTE* APPLICATION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JEFFREY KINRICH**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1   Mark D. Kachner (Bar No. 234,192)
    mark.kachner@knobbe.com
2   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
    1925 Century Park East, Suite 600
3   Los Angeles, CA 90067
    Telephone: (310) 551-3450
4   Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor

2  Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal

3  documents regarding Plaintiffs' Opposition to Apple's *Ex Parte* Application to Strike

4  the Supplemental Expert Report of Jeffrey Kinrich.  Masimo has provided a proposed

5  redacted version of its Opposition.  Masimo requests the Court seal the redacted portions

6  of the Opposition and Exhibit A attached to the supporting Declaration of Mark D.

7  Kachner.

8  ## I. LEGAL STANDARDS

9  The public's "access to judicial records is not absolute." *Kamakana v. City &*

10  *Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection

11  with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips*

12  *ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "One

13  factor that weighs in favor of sealing documents is when the release of the documents

14  will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727

15  F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where "competitors

16  could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's

17  refusal to seal material after finding compelling reasons to seal the material).  Moreover,

18  identifications of trade secrets are "subject to any orders that may be appropriate under

19  Section 3426.5 of the Civil Code." Cal. Code Civ. P. § 2019.210.  Section 3426.5 states

20  that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means,

21  which may include . . . sealing the records of the action . . . ." Cal. Civ. Code § 3426.5

22  (emphasis added).

23  ## II. ARGUMENT

24  The information that Masimo seeks to seal contains information that one or both

25  of the parties consider confidential.  Exhibit A is a Masimo interrogatory response that

26  discusses damages, including the parties' confidential financial information.  Loebbaka

27  Decl. ¶ 6.  If Masimo's confidential financial information were disclosed, Masimo's

28  competitors would reap the benefits of knowing Masimo's financials.  *Id.*  Thus, Masimo

-1-

would be harmed if its financial information were disclosed. *Id.* Exhibit A also contains information that Masimo understands Apple considers confidential, including sales information. *Id.* For this additional reason, Masimo requests that the Court seal this document. *Id.*

The redacted portions of Masimo's Opposition discuss Exhibit A to the Kachner Declaration, as well as the sealed exhibits in Apple's *ex parte* application. *Id.* ¶ 7.

## III.  CONCLUSION

Accordingly, Masimo respectfully requests that the Court seal Exhibit A and the highlighted portions of the Opposition.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  December 5, 2022          By: */s/ Kendall M. Loebbaka*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56743754

-2-