Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S *EX PARTE* APPLICATION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JEFFREY KINRICH** |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 1

III. ARGUMENT .................................................................................................... 2

    A.    Kinrich's Supplement Responds To Apple's Criticism And The Court's November 2022 Order................................................................ 2

    B.    Courts Frequently Allow Supplements In Response to Criticism ........ 3

    C.    Apple Has Ample Time to Address Kinrich's Supplement................. 4

    D.    The Court Should Reject Apple's Apparent Attempt For An Advisory Opinion Regarding Kinrich's Original Report ..................... 6

    E.    *Ex Parte* Relief Is Inappropriate ...................................................... 7

IV. CONCLUSION................................................................................................. 7

-i-

1

# I.  **INTRODUCTION**

The Court recently excluded portions of Muhsin's and Priddell's Rule 26(a)(2)(C) disclosures.  Thus, Muhsin and Priddell cannot testify to the excluded portions.  Masimo expected that Apple might later seek to improperly expand the Court's order to also exclude Kinrich's reliance on the data cited in those disclosures.  Thus, in an abundance of caution, Masimo immediately asked Kinrich to run alternative calculations using older data that he had also relied upon.  Kinrich recalculated three of his fifteen schedules and explained those updates in just four pages.  The change had a trivial effect on Kinrich's overall damages calculation.  The short supplement includes no new theories, no new methodologies, and no new data.  Rather than wait for orders on potential motions *in limine* concerning Kinrich, Masimo served his supplement four business days after the Court's order and twelve days before his scheduled deposition.  Masimo did so to allow Apple every opportunity to address the supplement.

Apple now files an emergency *ex parte* application to strike the supplement.  Apple argues Masimo "blatantly disregards" the Court's order by seeking to "revive" an opinion the Court purportedly struck from Kinrich's original report.  But Apple never moved to exclude any of Kinrich's opinions.  Apple directed its motion solely to the Rule 26(a)(2)(C) disclosures.  At the hearing, the Court confirmed it struck only the Muhsin and Priddell disclosures and ***not*** Kinrich's opinions.  Thus, Kinrich's supplement does not "revive" anything struck by the Court.

Apple argues the supplement is "hugely prejudicial" and will somehow derail trial.  But Apple has ample time to depose Kinrich on his short, narrow supplement.  And the supplement cannot possibly affect the case schedule.  Apple also identifies no emergency warranting *ex parte* relief.  The Court should deny Apple's application.

# II.  **BACKGROUND**

Kinrich's October 6 report contains 117 report pages, accompanied by supporting schedules.  Kinrich relied on ███████████████████████████████

1   ██████████████████████████████████████████████████████. Ex. A at 22-23,

2   27-28.  Kinrich also relied on ████████████████████████████.

3          The Court's November 22 Order excluded Priddell and Muhsin's disclosures

4   addressing certain data.  Dkt. 1031.  Masimo suspected that Apple might seek to expand

5   the Court's order beyond Muhsin's and Priddell's disclosures to also exclude Kinrich's

6   reliance on the data discussed in those disclosures.  In response to Apple's criticisms,

7   Masimo asked Kinrich to simplify his calculations by removing the contested data.

8          Kinrich's supplement contains just four pages of text and three recalculated

9   versions of his original schedules. Ex. 1.  Kinrich's supplement explains the trivial effect

10  of ██████████████████████████████████████████████████████

11  ████████  *Id*. ¶ 4, 7.  He also explains the trivial effect of ████████████████████

12  ██████████████████████████████████████████  *Id*. ¶ 10.  Kinrich did

13  not change his methodology.  And he continued to rely on the same documents cited in

14  his original report.  Kinrich calculates the minimal impact of relying on alternate data

15  from his existing analysis.  For example, he shows that ████████████████████████

16  ██████████████████████████████████████  *Id*. ¶ 8.

### III. <u>ARGUMENT</u>

**A.    <u>Kinrich's Supplement Responds To Apple's Criticism And The Court's</u>**
**<u>November 2022 Order</u>**

20         In its prior Motion to Strike, Apple criticized Masimo for violating Rule 26 and

21  relying on ██████████████████████ that Masimo disclosed a few days after the

22  close of fact discovery.  Dkt. 1031 at 6.  Apple also criticized Priddell's analysis of ████

23  ██████████████████████.  *Id*. at 7.  The Court's November 2022 Order struck portions of

24  Priddell's and Muhsin's disclosures, but did not address Kinrich's opinions.  *Id*. at 10.

25  To the contrary, the Court stated it was ***not*** striking Kinrich's opinions.  Ex. 3 at 24-25.

26         In an abundance of caution, Kinrich supplemented his report to also provide

27  alternative calculations that do not rely on ██████████████████████████████████.

28  Kinrich's  supplement  applies  the  same  methodology  as  his  original  report.   His

supplement shows that removing the disputed data does not materially change his opinions.  Masimo provided the alternative calculations to alleviate any concern that Kinrich's opinions were based on data that Apple may later move to exclude.

Apple argues Masimo provided no "reason for why the information contained within the [supplemental] Report could not have been included in the original October 6, 2022 report." App. at 3.  But Kinrich supplemented in response to the Court's Order that came after his original report.  While Masimo believes that Order does not exclude Kinrich's original opinions, Masimo supplemented because it anticipated that Apple may argue otherwise.

Apple also incorrectly suggests Kinrich's supplement adds new information.  But Kinrich's supplement relies merely on a subset of the data from his original report. Indeed, Apple admits that "Kinrich's 'Supplemental' Report is so thoroughly intertwined with his original October 6, 2022 Report."  App. At 6.  Kinrich merely removed some input data and recalculated his schedules using the same methodology.

**B.    Courts Frequently Allow Supplements In Response to Criticism**

Courts routinely allow experts to supplement their opinions to address criticism or court orders.  For example, "Courts in the Central District of California (and elsewhere in the 9th Circuit) have regularly allowed experts to submit supplemental reports to address arguments raised for the first time in a rebuttal expert report." *International Medical Devices, Inc. v. Cornell*, 2022 WL 2784806, *3 (C.D. Cal. June 16, 2022).  This Court also permitted damages supplements to supply a missing link in a cost analysis, where the numbers changed but the conclusions remained the same. *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*, 2020 WL 7347860 *4 (C.D. Cal. Nov. 18, 2020).

Another court permitted a supplement in response to Defendant's critique of the original report.  *See Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 2003 WL 23715981 *2 (D. Or. Jan. 21, 2003).  The court permitted the supplemental expert report after summary judgment—much later than the supplement

1   at issue here.  The court reasoned that striking the supplement would place "undo

2   emphasis on law as a contest of skill between rival lawyers, at the expense of doing

3   justice."  *Id*.  The court explained, "if there is sufficient evidence to support the

4   Plaintiffs' case, I will not exclude that evidence simply because Plaintiffs failed to

5   anticipate the need for it until the defect was pointed out by their opponent." *Id*.  Masimo

6   could not have anticipated Apple's Rule 26 Motion to Strike and the Court's Order.

7         Apple itself has provided damages expert supplements in other cases after the

8   initial report deadline.  *See Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 1322854, at *4

9   (N.D. Cal. Mar. 28, 2014).  There, the court declined to strike a damages supplement

10  that Apple served to address a court order that issued three months earlier.  *Id*.  Here,

11  Masimo provided its supplement just four business days after the Court's order on the

12  Rule 26(a)(2)(C) disclosures and twelve days before Kinrich's deposition.

13        Apple's cases do not support its motion.  In *Gentec Enterprises Inc v. Transistor*

14  *Devices Inc*, 2012 WL 13005868, at *2 (C.D. Cal. Mar. 29, 2012), the Court merely

15  excluded an expert who did not prepare ***any*** expert report during expert discovery.  In

16  *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1059 (9th Cir. 2005), the Court

17  merely affirmed excluding an expert who prepared his first report and was first disclosed

18  after summary judgment.  Finally, *Brown v. Wal-Mart Store, Inc.*, 2018 WL 2011935,

19  at *3 (N.D. Cal. Apr. 27, 2018) did not address an expert supplement.  It instead

20  concerned a failure to disclose evidence relied on by the expert.  That is not at issue here.

21  None of Apple's cases address the facts here concerning a narrow supplement of a timely

22  disclosed expert report that adds no new opinions or methodology.

23  **C.    Apple Has Ample Time to Address Kinrich's Supplement**

24        Masimo served Kinrich's supplement twelve days before Kinrich's scheduled

25  deposition.  Apple dramatically exaggerates the supplement's impact on depositions.

26  App. at 4.  Apple claims the supplement will "force Apple to depose Mr. Kinrich" before

27  it is clear whether "significant swathes of his damages opinions are still live . . . ."  *Id*.

28  But parties typically take expert depositions before the Court decides motions to

-4-

1   exclude.  And as discussed, the Court specifically explained that its November 2022
2   Order did ***not*** strike any of Kinrich's opinions.  Ex. 3 at 24-25.  Moreover, Apple's *ex*
3   *parte* does not seek to exclude anything from Kinrich's original report.  Apple cannot
4   avoid taking Kinrich's deposition regardless of the supplement.  That deposition will
5   confirm the minimal import of the supplement.

6          Apple also argues the supplement could "necessitate an additional deposition."
7   App. at 4.  Apple does not explain that assertion and has not asked for additional
8   deposition time.  Moreover, Apple recently exposed its feigned prejudice in seeking to
9   strike evidence that would supposedly necessitate additional depositions.  Apple argued
10  the Rule 26(a)(2)(C) disclosures of Kiani and Diab would force Apple to conduct
11  additional depositions.  Dkt. 989-1 at 17-18 ("By forcing Apple to conduct additional
12  depositions well after the close of discovery (and potentially submit supplemental expert
13  reports following those depositions), allowing Plaintiffs to proceed without sanction
14  would deny Apple that crucial preparation time.")  But when the Court denied Apple's
15  motion on Kiani and Diab, Apple declined to take their depositions.  Ex. B.

16         Apple also argues it will have to "compile an additional rebuttal" and it will "seek
17  leave" to do so in the future.  App. at 4, 6.  Masimo does not oppose a prompt rebuttal.
18  But Apple has not even attempted to explain its contention that such a rebuttal "could
19  have implications for the parties' trial preparations."  App. at 6.  Nothing suggests a
20  rebuttal would impact trial.

21         Apple suggests Masimo was required to seek leave to serve the supplement.  App.
22  at 3.  But Apple cites no case suggesting leave is required.  And courts routinely allow
23  supplements without first seeking leave.  *See Int'l Med. Devices*, 2022 WL 2784806, at
24  *2 (denying motion to strike opinions without insisting on prior leave); *Sportspower*,
25  2020 WL 7347860, at *4 (same); *Confederated Tribes*, 2003 WL 23715981, at *2
26  (same).  Doing so makes sense because delaying a supplement to first seek leave could
27  prejudice the party receiving the supplement.  Masimo provided the supplement as early
28  as possible so that Apple had notice and an opportunity to depose Kinrich.

-5-

**D.   The Court Should Reject Apple's Apparent Attempt For An Advisory Opinion Regarding Kinrich's Original Report**

Though Apple directs its *ex parte* application at Kinrich's supplement, Apple implies that even more of his opinion may be excluded.  Apple argues it must "depose Mr. Kinrich while it is unclear whether significant swathes of his damages opinions are still alive."  App. at 4.  But, as discussed above, the Court has not excluded any of Kinrich's opinions.  Indeed, at the recent hearing regarding Masimo's Rule 26(a)(2)(C) disclosures, the Court explained that its ruling does not impact expert reports, as "[t]hat issue is not before me today."  Ex. 3 at 24-25.  As Apple acknowledges, the Court also explained "[e]ither it's in the report and there's a sufficient basis to rely or there isn't.  I mean, nothing we do today is going to change the sufficiency of the report and the bases for the opinions."  *Id*.

Apple contends Kinrich's November report "blatantly disregards" the Court's ruling on Apple's prior motion.  App. at 4.  But the Court did not exclude any of Kinrich's damages opinions.  Moreover, Kinrich's opinions never depended on Muhsin and Priddell testifying as experts.  Kinrich formed his own opinions based on facts on which experts regularly rely.  Indeed, experts may rely on facts not admitted into evidence.  *United States v. Cazares*, 788 F.3d 956, 977 (9th Cir. 2015) ("Expert witnesses may rely on inadmissible hearsay in forming their opinions, so long as it is of a type reasonably relied upon by experts in their field."); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–62 (9th Cir. 1984); *Tate v. Kaiser Found. Hosps.*, 2014 WL 176625, at *5 (C.D. Cal. Jan. 15, 2014) (expert may rely on hearsay records despite deficiencies in declaration related to those records); *Masimo Corp., et al., v. True Wearables, Inc.*, 2022 WL 17083396, at *12 n.3 (C.D. Cal. Nov. 7, 2022).[1]

---

[1] Apple criticizes Kinrich for relying on "an unrecorded 'conversation' of unstated date" with Muhsin. App. at 5.  Kinrich explained the conversation occurred before his October report and cited it in his October report.  *See* Ex. 1 ¶ 6.  Apple is not challenging Kinrich's reliance on that conversation in its *ex parte* application.  Moreover, Apple's damages expert also relied on unrecorded, undated conversations with Apple employees.

-6-

Thus, Kinrich's opinions are proper irrespective of Apple's motion to exclude portions of Muhsin's and Priddell's Rule 26(a)(2)(C) disclosures.  Apple's prior motion did not address Kinrich's original opinions.   The Court should reject Apple's presumption that it already struck those opinions.

**E.    _Ex Parte_ Relief Is Inappropriate**

Apple summarily concludes that it "satisfies the requirements for _ex parte_ relief." Apple cites _Mission Power Eng'g Co. v. Cont'l Cas. Co._, 883 F. Supp. 488, 492-493 (C.D. Cal. 1995), without analysis.  App. at 5.  Apple ignores the exceptional nature of _ex parte_ relief, as discussed in _Mission Power_:

> When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions.

_Id._ at 491–92.  Apple fails to show any such emergency here.

Kinrich's supplement maintains his original methodology and analysis.  It simply explains the minimal impact of relying on the data inputs for which Apple does not contest timeliness.   Apple has ample time to depose Kinrich on December 12, as scheduled.  Parties routinely take expert depositions not knowing whether a court may eventually exclude certain opinions or other evidence.  If Apple believes that a motion to exclude is appropriate, it has ample time to file a regularly noticed motion.  Apple fails to show _ex parte_ relief is appropriate to exclude a modest supplement that does not materially change Kinrich's calculations.  Apple's only apparent urgency is its desire for an advisory ruling to guide Apple on whether to depose Kinrich about his original methodology.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Apple's _ex parte_ application.

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 5, 2022

By: /s/ Mark D. Kachner

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56738650