UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | December 6, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Ex Parte Application to Strike the Supplemental Expert Report of Jeffrey Kinrich</u>**

Before the Court is Apple's Ex Parte Application to Strike the Supplemental Expert Report of Plaintiffs' damages expert, Jeffrey Kinrich, which Plaintiffs served on November 30, 2022. Dkt. 1054. Plaintiffs filed an Opposition. Dkt. 1061. Apple filed a Reply. Dkt. 1063. The Court has reviewed both the sealed and unsealed versions of the briefs and exhibits.

For the following reasons, the Court **DENIES** without prejudice Apple's request. The Court finds the issues raised are more properly addressed in a motion to strike and/or exclude filed in conjunction with Apple's summary judgment motion.

## I. Background

After the Court entered an order granting-in-part Apple's Motion to Strike certain Rule 26(a)(2)(C) Disclosures, <u>see</u> Dkt. 1050 ("R26 Order"), Plaintiffs served on Apple a supplemental report authored by their damages expert, Jeffrey Kinrich, purporting to remove any reliance on stricken material and provide updated calculations using the same methodology as his October 2022 report but without regard to such stricken material. <u>See</u> Dkt. 1054-2 (sealed).

Apple filed an ex parte application seeking to strike the supplemental report as untimely and because it attempts to circumvent the Court's R26 Order. Apple argues that the supplemental report disregards the order striking the written disclosures by continuing

to rely on the essence of the stricken information. Apple filed its request as an ex parte application rather than a regularly noticed motion because Kinrich's deposition is scheduled for December 12, 2022, which is also the close of expert discovery. Apple argues it would be prejudiced by filing a regularly noticed motion because, by the time it is resolved, it will be too late for Apple to provide a rebuttal to Kinrich's supplement.

Plaintiffs respond that they provided the Kinrich supplemental report because they anticipated that Apple would try to use the R26 Order as a means to exclude certain of Kinrich's opinions. Plaintiffs aver that updating the report by removing disputed data "had a trivial effect on Kinrich's overall damages calculation." Opp. at 1. Further, Plaintiffs explain that the supplement contains no new theories, methodologies, or data. Plaintiffs argue that courts routinely allow such updates to address criticism or court orders. Plaintiffs also argue there is no prejudice because Apple received the supplement twelve days before Kinrich's deposition and Plaintiffs "do[] not oppose a prompt rebuttal" by Apple. Id. at 5.

## II. LEGAL STANDARDS

"Ex parte motions are rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). "When an ex parte motion is filed," the Court "drops everything except other urgent matters to study the papers" because it "assume[s] that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken." Id. at 491-92. To justify ex parte relief, the "evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

## III. DISCUSSION

The Court **DENIES** without prejudice Apple's requested relief. Although Apple is not at fault in the timing of when it received the supplemental Kinrich report, the Court does not find that Apple will be prejudiced if its questions remain unresolved before the close of expert discovery and before the Kinrich deposition.

The Court has reviewed the supplemental Kinrich report, which purports to address the R26 Order by removing certain stricken data and providing slightly revised calculations without that data. See Dkt. 1053-2 (sealed). The Court sees no reason why Apple cannot depose Kinrich on his slightly revised calculations, which are based on the same methodology as his October 2022 report. Whether Kinrich's opinions (in his initial report and supplement) are admissible under Daubert, Rule 702, Rule 37(c), or otherwise

are not questions before the Court at this time. They are also not questions the Court will entertain via an ex parte application where no prejudice has been shown.

As the Court stated at the hearing underlying the R26 Order, "[e]ither it's in the report and there's a sufficient basis to rely or there isn't. I mean, nothing we do today is going to change the sufficiency of the report and the bases for the opinions." Dkt. 1054-4 at 25:11-14. Apple may wish to argue that Kinrich's opinions lack sufficient bases (*e.g.*, because they rely only on now-stricken information or factual information that was not disclosed during discovery), but an ex parte application filed before the expert's deposition is not the time to resolve such questions.

Both parties acknowledge that the R26 Order did not address or strike portions of the Kinrich report. Whether portions of Kinrich's initial or supplemental reports should be stricken for one or more reasons can be determined at the summary judgment stage, when the Court normally considers Daubert motions. Apple can file an appropriate motion to strike or exclude at that time.

In the meantime, the Court finds that allowing a prompt rebuttal by Apple is warranted. Plaintiffs suggested and do not oppose this form of relief. Apple shall provide its prompt rebuttal, limited to issues raised in the Kinrich supplement, within seven days of issuance of this order. If any expert depositions need to be delayed by an equivalent amount of time to account for the Kinrich supplement and forthcoming rebuttal, the Court will extend the close of expert discovery by seven days.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Apple's ex parte application.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |