REDACTED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) |
| Date | November 29, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Motion for Review of Special Master Order Dated October 24, 2022 (Redacted)**

Before the Court is Plaintiffs' Motion for Order Sustaining Plaintiffs' Objection to the Special Master's Order Dated October 24, 2022. See Mot., Dkts. 996, 1005 (sealed); see also Dkt. 1008-1, Exs. A-1 (Special Master Order No. 16) and A-2 (Special Master Order Dated October 24, 2022) (sealed).[1] Apple filed an opposition. See Opp., Dkts. 1017, 1021 (sealed). Plaintiff filed a reply. See Reply, Dkt. 1039 (sealed).[2]

A review of the briefing demonstrates that this matter may be decided without the need for oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the Court **VACATES** the December 5, 2022 hearing.

For the following reasons, the Court **OVERRULES** Plaintiffs' objections. The Motion is **DENIED**, without prejudice to renewal as to certain aspects, as explained

---

[1] The Special Master's Order Dated October 24, 2022 is a follow-up order relating to a ruling provided in the Special Master's Order No. 16. See Dkts. 970 (redacted), 971 (sealed).

[2] Plaintiffs did not file a redacted version of the reply as required. See L.R. 79-5.2.2. Per the Court's earlier sealing-compliance admonishment, see Dkt. 831 n.1, the Court issues a sanction of $250 to be paid to the Clerk's office forthwith. Plaintiffs are also advised that it is unnecessary to file each sealed document related to a filing as a separate docket entry. Compare Dkt. 996 (Motion with all supporting documents included as attachments in the same docket entry) with Dkts. 1004, 1005, 1006, 1007, 1008 (sealed versions of the same documents filed as individual docket entries).

herein.

# I. Background

The parties are familiar with the facts of this case so the Court recites them here only as necessary to resolve this dispute.

Plaintiffs object to the Special Master's October 24, 2022 Order ("SMO") requiring Plaintiffs to produce three presentations it contends are privileged because the presentations were created to seek legal advice. Mot. at 1. After Apple relied on the presentations in an interrogatory response, Plaintiffs advised Apple they produced the presentations inadvertently and attempted to claw them back under the Protective Order. Id. In response, Apple moved to compel production of the documents. Id.

At a hearing before the Special Master, Plaintiffs explained that the presentations on their face do not reveal their privileged purpose, so Plaintiffs offered to submit, for in camera review, further materials to provide context. Id. at 1-2. After the hearing, the Special Master issued Order No. 16 and then reviewed the presentations in camera. The Special Master declined to review further materials. Id. at 2 (citing SMO at 7). The Special Master denied Plaintiffs' request and found "insufficient basis in the record to support Plaintiff[s'] contention that the presentations indeed related to legal advice sought as opposed to general business strategy advice." SMO at 7.

Plaintiffs object that the Special Master did not give them "the opportunity to fully explain and corroborate [their] claim of privilege." Mot. at 7. Plaintiffs argue they misunderstood the Special Master's statement, that only copies of the presentations were necessary "at this time," because they interpreted it to mean, if privilege remained unclear, the Special Master would review other supporting documents in camera at a later time. Id. Since the Special Master acknowledged he could not tell from the face of the documents whether they were privileged, Plaintiffs' Motion argues that more review was required. Id. at 8. Thus, Plaintiffs aks the Court to find the documents privileged on the supplemented record, or allow Plaintiffs to submit additional documents in camera (e.g., unredacted versions of the declarations submitted at Dkts. 1006, 1007) to provide context for and substantiation of the claimed privilege. Id.

Apple responds that the Court should reject Plaintiffs' unsupported attempt to shield the documents because Plaintiffs have produced no details or evidence to support their privilege claim. Opp. at 1. Apple further argues that Plaintiffs' approach of submitting to this Court two new purportedly supporting declarations is "unjustifiable sandbagging." Id. Apple observes that, in the proceedings before the Special Master, "Plaintiffs failed to offer a declaration in support of their assertion of privilege," and "Plaintiffs [did not] request the opportunity to provide further briefing or a declaration if the Special Master decided in camera review was not warranted." Id. at 3-4.

Apple contends that the Special Master was rightly skeptical of Plaintiffs' privilege claims, which Plaintiffs asserted months after production and only after Apple relied on them, and where the privilege log entries "'had deficiencies not present in other entries on the privilege log.'" Id. at 5 (quoting Dkt. 1021-2, Ex. 8, Tr. at 38:17-20). Apple argues the Special Master concluded correctly that Plaintiffs did not carry their burden to demonstrate privilege where "the titles of all three presentations suggested a clear business purpose—i.e., assessing Plaintiffs' competitiveness in the commercial market—and Plaintiffs failed to present any contrary evidence that each communication in question was made primarily for the purpose of generating legal advice." Id. at 9 (quotations omitted).

Apple also argues that Plaintiffs' showing was deficient where they failed to submit any attorney declarations, "even though [a] cursory review of the case law demonstrates that attorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege." Id. (quotations omitted). Finally, Apple argues that Plaintiffs should not be allowed to present new arguments concerning why the documents are privileged and evidence in the form of attorney and employee declarations in an attempt to cure these deficiencies belatedly. *Id.* at 11-13.

In reply, Plaintiffs argue that the Special Master should have accepted counsel's oral representations at the hearing as a sufficient basis to demonstrate privilege. Reply at 3 (noting that counsel said he talked to the attorney who attended the meeting for which the presentations were prepared), 13. Further, Plaintiffs ask the Court to exercise its discretion to consider the new declarations, especially where Apple did not challenge privilege until its Reply brief before the Special Master. Id. at 9. Plaintiffs also argue that its privilege log entries are sufficient to demonstrate privilege because they reflect that the presentations were "requesting legal advice regarding patent strategy" from specific attorneys. Id. at 10.

For the reasons explained below, the Court overrules Plaintiffs' objections and denies the Motion, without prejudice to renewal as explained below.

## II. LEGAL STANDARDS

1. Special Master Review

"The court must decide de novo all objections to findings of fact made or recommended by a master." Fed. R. Civ. P. 53(f)(3). "[T]he court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53 (f)(5); see also ECF No. 470, Order Appointing Special Master at ¶¶ 15-17 ("Standards of review for objections to the Special Master's rulings shall be as follows per Rule 53(f)(3)-(5)"). "The Court must decide de novo all objections to conclusions of law." Id. "The Special Master's discovery rulings and recommendations are inextricably

intertwined with conclusions of fact and law and so are reviewed de novo." Hernandez v. Lynch, No. ED CV 16-620 JGB(KKx), 2019 WL 6998774, at *2 (C.D. Cal. June 18, 2019). But a party "cannot raise entirely new arguments for the first time on an objection to a Special Master's Report." World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1278, n.13 (D. Haw. 2008), aff'd in part, appeal dismissed in part sub nom. World Triathlon Corp. v. Hapai, 320 F. App'x 778 (9th Cir. 2009).

   2.   Privilege Principles

The scope of the attorney-client privilege is "narrowly construed" and the party asserting privilege has "the burden of establishing the relationship and the privileged nature of the communication." United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009). The attorney-client privilege may attach to communications between nonlegal employees where (1) "the employees discuss or transmit legal advice given by counsel" and (2) "an employee discusses her intent to seek legal advice about a particular issue." United States v. ChevronTexaco Corp., 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). "Communications between non-lawyer employees about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege." AT&T Corp. v. Microsoft Corp., No. 02-0164, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003)). Documents that include "a discussion of a business plan and strategy that … may have taken into account advice [regarding a company's] legal positions," however, are not protected. Hynix Semiconductor Inc v. Rambus Inc., 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008).

### III. DISCUSSION

The Court has conducted de novo review regarding Plaintiffs' objections to the Special Master's Order Dated October 24, 2022.[3] Based on that review, the Court **OVERRULES** the objections and **DENIES** the Motion without prejudice to renewal as explained herein. Plaintiffs have not shown that the Special Master erred in his conclusions concerning privilege on the record before him.

In related Order No. 16, after reviewing in detail the privilege log entries for the relevant presentations, the Special Master rejected Apple's privilege-waiver argument. Special Master Order No. 16 at 5-6. The Special Master observed that "Plaintiffs' opposition essentially argues that Plaintiffs' privilege log entries are sufficient, and does not present any other evidence (for example, an attorney declaration) to support their position." Id. at 6-7.

---

   [3]   This review included reviewing the three presentations submitted to the Special Master for in camera review. The Court obtained those presentations from the Special Master and has reviewed them in camera.

In addition to the opposition, the Special Master noted counsel's oral representations concerning investigations into the nature of the documents, including that "privilege had been verified for all of the documents." Id. at 7. The Special Master observed, "[u]ltimately, and significantly, Plaintiffs suggested they would be happy to submit the documents for in camera review, but themselves expressed concerns that the documents alone would not be sufficient to support Plaintiffs' privilege claim." Id.

After considering these arguments, the Special Master ruled:

> Based on review of the information provided by the parties and the arguments presented, the Special Master finds that in camera review of these four clawed-back documents is appropriate. Although Plaintiffs request an opportunity to now submit additional evidence in support of their claim, the Special Master finds only that in camera production of copies of the documents themselves is warranted at this time, and will rely on the information already in the record through statements in briefs and at oral argument in evaluating Plaintiffs' privilege claims.

Id.

After Plaintiffs submitted the presentations for in camera review, the Special Master issued his October 24, 2022 Order. See SMO, Dkt. 1008-1, Ex. A-2. In that order, the Special Master ruled that, "[b]ased on a review of the documents as well as the arguments and evidence timely presented, the Special Master finds that Plaintiffs have failed to meet their burden to show that the four[4] clawed back documents are indeed protected by attorney client privilege." SMO at 2. This is so, the Special Master explained, because "[a]ttorney input related to general business strategy does not meet this standard, and there is insufficient basis in the record to support Plaintiff[s'] contention that the presentations indeed related to legal advice sought as opposed to general business strategy advice." Id.

The Court has reviewed the entire record, including Plaintiffs' newly submitted redacted declarations, and concludes that, on this record, the Motion as it has been presented should be denied. Because this is a close issue,[5] however, and because it was presented in a somewhat unusual procedural posture, as explained below, the Court will allow Plaintiffs to request further review of this issue before the Special Master consistent with this order.

---

[4]     Only the three presentations remain at issue. See Mot. at 1 n.1.

[5]     Both the Special Master and Apple agree that it is a close issue. See Dkt. 1021-2 at 23:1-2 (Judge Guilford: And it's a close question, so give me your best shot.), id. at 27:13-18 (Apple urging Special Master to conduct further analysis because it's "enough of a close call that it's different from some of the other privileged things we've been arguing about").

The Court reaches this conclusion because of two areas of apparent confusion among the parties. First, Apple moved to compel before the Special Master, thereby bearing the burden to show relevance and proportionality of the alleged non-privileged material. But since Plaintiffs were the party asserting privilege, they bore the burden in responding to the motion to demonstrate privilege. Ruehle, 583 F.3d at 607. This presented somewhat of an unusual posture because Plaintiffs needed to do so in an opposition brief. See Dkt. 1021-2, Ex. 8 at 28:4-7, 16-17 (Apple arguing that evidence should have been submitted with the opposition).

Rather than submit declarations or other material at that time, Plaintiffs appear to have responded to Apple's arguments concerning waiver. In its Reply brief, Apple then argued that Plaintiffs did not carry their burden to show privilege in the opposition. At the hearing, Plaintiffs offered information responding to Apple's Reply arguments, including that counsel had conducted an investigation into the materials and could represent, as an officer of the Court, that they were prepared for the purpose of obtaining legal advice. See id., Ex. 8 at 15:1-19. Counsel offered to present more information or evidence to the Special Master as needed. See id., Ex. 8 at 16:4-18 (offering additional materials because privilege is not clear on the face of the documents), id. at 19:5-14 (same), id. at 35:4-9 (same); but see id. at 18:22-19:4 (variably arguing that the Special Master does not need to review the documents or any materials, but rather should accept counsel's representations concerning privilege). Plaintiffs admit they were confused about what supporting materials they should have submitted and when. Mot. at 7-8.

Second, Plaintiffs assumed that, if the Special Master could not determine privilege based on in camera review of the presentations combined with counsel's representations as an officer of the Court, Plaintiffs would be given an opportunity to supplement the record. Plaintiffs aver that they believed when the Special Master said nothing further was needed "at this time," Special Master Order No. 16 at 7, there would be a further opportunity to supplement the record if questions remained (e.g., if privilege is not apparent from the face of the documents, how else do Plaintiffs purport to show privilege). Mot. at 2.

Although a two-stage review to determine privilege is not required as a matter of law, there is sufficient caselaw demonstrating use of this practice in close cases to conclude that, in these specific circumstances, Plaintiffs were not unreasonable in their assumption. See Reply at 6-8 (collecting and analyzing cases). Plaintiffs did not present this authority to the Special Master (*e.g.*, via a motion for reconsideration), but based on the confusion presented in this record, Plaintiffs may have concluded that filing objections to this Court was the next appropriate procedural step.

Rather than reject outright the new materials Plaintiffs submitted to this Court, in the interest of deciding this issue on the merits, the Court concludes that remanding this matter to the Special Master is the most appropriate course of action. The Court reaches this conclusion based on the closeness of the issue, the unusual posture in which the issue

unfolded before the Special Master, and the fact that the Court would benefit from the Special Master's in camera review of the supplemental (unredacted) materials.

As explained, the Court does not wish to "entertain[] new … arguments for the first time" where the Special Master has not has an opportunity to consider those matters in the first instance. Dkt. 748 at 3-4. Typically the Court will simply decline to review such materials. This is because, "[i]f the Court considers evidence that was not before the Special Master, it loses the benefit of the Special Master's expertise, and it opens the process to the submission of an unlimited number of additional documents." In re: Cathode Ray Tube (Crt) Antitrust Litig., 2016 WL 945981, at *2 (N.D. Cal. Mar. 14, 2016). The Court makes an exception to this practice in this unique circumstance because the Court finds this is not an instance where Plaintiffs "set [their] case in motion before the [Special Master], wait[ed] to see which way the wind was blowing, and—having received an unfavorable recommendation—shift[ed] gears before the district judge." United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000) (quotations omitted).

So that this issue may be decided on the merits on a full record, the Court orders as follows. The existing briefing on this matter is remanded to the Special Master for consideration in the first instance. No new materials shall be submitted, with the following exception. If this matter cannot be resolved as described below, Plaintiffs shall submit a one-page letter to the Special Master stating that they wish to renew the underlying motion consistent with this order and they will provide to the Special Master, for in camera review, unredacted copies of the Telfort and Kesler declarations (filed at Dkts. 1006, 1007). Plaintiffs may then email the unredacted declarations to the Special Master for in camera review. The Special Master may decide in his discretion whether any further written materials (e.g., any additional declarations) or oral argument (e.g., to answer any questions the Special Master may wish to ask) are needed.

Because the declarations are redacted, the Court does not and cannot provide any views on whether the supplemental declarations, when taken with the record as a whole (including the three presentations reviewed in camera, counsel's representations as an officer of the Court, the briefs filed in this Court and before the Special Master, and the prior oral argument to the Special Master), demonstrate privilege.

Based on a brief review of the declarations, however, the Court believes the parties can likely reach a compromise on this issue. To that end, the Court orders the parties to meet and confer to determine whether a compromise can be reached without taking the matter to the Special Master again. ███████████████████████ See Mot. at 5; see also ███████████████████████████████████████████████████████████

████████ Dkt. 1006, ¶ 5. Taking this example, the parties might discuss whether the presentations could have the patent slides redacted to shield the possible nature of patent legal advice sought while allowing the business strategy and market analysis slides to be produced. Just because a portion of the presentations may be protected by privilege does not mean the presentations in their entirety are protected.

If the parties are unable to reach a compromise, then no later than fourteen days from the issuance of this order, Plaintiffs may submit their letter to the Special Master (which will provide notice to Apple) and then separately transmit to the Special Master only the unredacted declarations for in camera review.

After reviewing the issue on the full in camera record, if the Special Master concludes that Plaintiffs have not demonstrated privilege, Plaintiffs may object to that ruling by filing a renewed motion with this Court. Any objection and motion, however, shall be limited to a five-page brief, accompanied only by the Special Master's forthcoming order, as well as the in camera declarations sent to the Court via email, followed by a five-page opposition. No reply is necessary.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' objections to the Special Master's Order Dated October 24, 2022 and **DENIES** the Motion without prejudice to renewal on the limited basis described in this order.

(1) The parties are ordered to meet and confer forthwith to discuss a potential compromise of this matter as outlined on page 7 of this order. If the parties reach a compromise, within fourteen days of this order, the parties shall file a notice stating that a compromise has been reached and no further review is necessary.

(2) If a compromise is not reached, then within fourteen days of this order, Plaintiffs shall submit a letter to the Special Master, as described on page 7 of this order, stating that further review of the issue is requested. Plaintiffs shall then transmit to the Special Master the unredacted declarations for in camera review.

(3) After the Special Master issues his order, Plaintiffs may object if necessary, but they must follow the briefing procedures outlined above.

(4) The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
|  | Initials of Preparer | lmb |