MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33**<br><br>Date: February 6, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 27, 2023 |

REDACTED VERSION OF
DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
   sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
   nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
   brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
   Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................ 1

II. Background ........................................................................................................ 2

    A. Plaintiffs Refuse To Provide Any Specific Information About Trade Secret Ownership ............................................................................. 2

    B. Apple Moves To Compel And The Special Master Warns Plaintiffs In Early October That Failure To Disclose Ownership Information "Comes At Plaintiffs' Own Potential Peril" ................................................ 3

    C. Plaintiffs Serve Their Supplement To Interrogatory No. 33 The Night Before Thanksgiving ................................................................... 5

III. Argument ........................................................................................................... 6

    A. Plaintiffs' Untimely Supplemental Response Violated FRCP 26(e) ......... 6

    B. Plaintiffs Cannot Meet Their Burden To Show The Belated November 23 Supplemental Response Is Substantially Justified Or Harmless ...................................................................................................... 9

IV. Conclusion ....................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Jones v. Travelers Casualty Insurance Company of America*,
    304 F.R.D. 677 (N.D. Cal. 2015) .................................................................. 6

*L.A. Terminals, Inc. v. United National Insurance Co.*,
    340 F.R.D. 390 (C.D. Cal. Feb. 2, 2022) .................................................. 6, 7

*LD v. United Behavioral Health*,
    2022 WL 4372075 (N.D. Cal. Sept. 21, 2022) ............................................. 7

*Mattel, Inc. v. MGA Entertainment Inc.*,
    782 F. Supp. 2d 911 (C.D. Cal. 2011) ....................................................... 6, 7

*Merchant v. Corizon Health, Inc.*,
    993 F.3d 733 (9th Cir. 2021) ........................................................................ 9

*Ollier v. Sweetwater Union High School District*,
    768 F.3d 843 (9th Cir. 2014) ........................................................................ 6

*Rojas v. MarkoZaninovich, Inc.*,
    2011 WL 4375297 (E.D. Cal. Sept. 19, 2011) ............................................. 8

*Torres v. City of Los Angeles*,
    548 F.3d 1197 (9th Cir. 2008) .................................................................... 10

*United States ex rel. O'Connell v. Chapman University*,
    245 F.R.D. 646 (C.D. Cal. 2007) .................................................................. 7

**STATUTES, RULES, AND REGULATIONS**

Fed. R. Civ. P. 26(e) ..............................................................................6, 7, 9, 10

Fed. R. Civ. P. 33(a)(2) ................................................................................... 7

## I.   INTRODUCTION

In the few months that remain in this case before trial, Plaintiffs have fallen into a pattern.  They (1) identify a hole in their affirmative case months after the relevant deadline has passed, (2) belatedly serve Apple with a document (or documents) that purports to fill that hole without attempting to justify, or even explaining, its untimeliness, and, when pressed, (3) demand that Apple identify prejudice suffered from Plaintiffs' dilatory tactics (even though the Federal Rules of Civil Procedure place the burden on Plaintiffs to show harmlessness).  *See, e.g.*, Dkt. 1031 (order granting in part Apple's motion to strike Plaintiffs' Rule 26(a)(2)(C) disclosures for, *inter alia*, including new information not disclosed in fact discovery); Dkt. 1071 (order granting in part Apple's motion to strike reasonable royalty theory not disclosed in fact discovery); *see also* Dkt. 899 at 4-5 ("[T]he Court declines to allow [Plaintiffs to] expan[d] this trade secret nearly three years into the case and only seven months before trial.").  As this Court recently observed, for example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Dkt. 1071 at 5 & n.4.

This motion involves the latest instance of Plaintiffs' eleventh-hour attempts to shore up their case.  The night before Thanksgiving, Plaintiffs served a supplement to Apple's Interrogatory No. 33, identifying for the first time their contentions regarding the ownership of each of the purported trade secrets in this litigation.  *See* Ex. 1 at 7-12.  Plaintiffs' supplemental response was notable not only because it came nearly 15 weeks after the close of fact discovery and after all expert reports had been served, but because Plaintiffs had refused to provide the same information in response to an earlier motion to compel.  Plaintiffs have offered no justification for their extreme delay in providing information regarding ownership, even though it is an element of their trade

secret claims and information entirely within their possession. And while it is Plaintiffs' burden to show harmlessness, had Apple had Plaintiffs' purported ownership information earlier, Apple's summary judgment strategy and expert disclosures would have been different.

At this late stage in the litigation, Plaintiffs' repeated and unexplained untimely disclosures of new information cannot reasonably be considered an accident. Rather, Plaintiffs appear to have strategically disregarded this Court's instruction that it is "not amenable to a party withholding necessary discovery until the eve of the close of discovery and/or expert reports," Dkt. 816 at 10 n.6, gambling that at least some of their belated attempts to introduce new material will slip through, that Apple will have simply too many new disclosures to challenge, or that they will be given an opportunity to cure. This Court should require Plaintiffs to follow the rules and enforce its warning from many months ago that a failure to be "forthcoming with … discovery responses" will result in "late-disclosed material stricken." *Id.*

## II.   BACKGROUND

### A.   Plaintiffs Refuse To Provide Any Specific Information About Trade Secret Ownership

On May 13, 2022, Apple served Plaintiffs with Interrogatory No. 33, which asked Plaintiffs to identify, "[f]or each alleged Trade Secret … each and every owner of the alleged Trade Secret, from conception of the alleged Trade Secret to date, including the specific time period" of ownership and "the circumstances regarding the change in ownership." Ex. 1 at 7. Plaintiffs responded with a single paragraph, which stated that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.*

1   Apple notified Plaintiffs that their response was missing important information,
2   including ████████████████████████████████████████████████████
3   ████████████████████████████████████████ and asked them to
4   supplement their response. Ex. 2 at 6. During the subsequent meet and confer,
5   Plaintiffs acknowledged their response lacked information regarding ████████
6   ███████████████████████████ but argued that this information was irrelevant. Ex. 3
7   at 1. In response, Apple explained that "ownership is an element of a trade secret
8   claim" and cited several California decisions in support of this position. *Id.* at 1; *see*
9   *also* Ex. 4 at 1-2 (subsequent Apple letter providing additional case law). Plaintiffs
10  answered in a letter sent two weeks later by arguing that California law only requires a
11  showing that the plaintiff possessed the trade secret. Ex. 5 at 1.

      **B.**     **Apple Moves To Compel And The Special Master Warns Plaintiffs In Early October That Failure To Disclose Ownership Information "Comes At Plaintiffs' Own Potential Peril"**

15  Apple subsequently filed a motion to compel with the Special Master, seeking
16  the ownership information that Plaintiffs refused to provide. *See* Ex. 6. Plaintiffs
17  opposed, representing for the first time that Plaintiffs "do[] not maintain such
18  information in the ordinary course of business because [they] do[] not distinguish
19  between trade secrets owned by Masimo Corp. or Cercacor." Ex. 7 at 1. Plaintiffs
20  further represented that they ████████████████████████████████████
21  ████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████
23  ███████████████████████ *Id.*; *see also* Ex. 8 at 1 (Apple's reply brief noting that
24  ████████████████████████████████████████████████████████████
25  ████████████████████████████████████████████

MEM. ISO MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33

3        CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

1  The Special Master's tentative denied Apple's motion to compel.  Ex. 9 at 7-8.
2  The Special Master found that Apple had not shown relevance because the "dispute
3  about" whether "ownership [i]s an element" of Plaintiffs' trade secret claims "will
4  ultimately need to be decided by Judge Selna, and the Special Master declines to
5  embark on an advisory recommendation on that point."  *Id.* at 7.  However, the Special
6  Master warned that "Plaintiffs' decision to proceed forward in discovery without
7  attempting to determine specific trade secret ownership information or disclosing that
8  information to Apple comes at Plaintiffs' own potential peril."  *Id.* at 8.

9  The hearing was held on October 3, 2022.  There, Apple ▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Interrogatory No. 33. Dkt. 965-9 at 230.
12 Apple explained that "if Apple is correct" that Plaintiffs must show ownership, "then
13 the response to Interrogatory 33 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 Accordingly, Apple "would expect to move to preclude any attempt by [P]laintiffs to
16 later try to backfill on this ownership issue" at the summary judgment stage.  *Id.*; *see*
17 *also id.* at 231 ("If [Plaintiffs] try to [present evidence on the ownership issue] later,
18 we will move to preclude.").

19  In response, Plaintiffs maintained their objections on the legal standard;
20 however, the Special Master's warning apparently caused them to revisit their prior
21 representations regarding a lack of further responsive information to provide.
22 Plaintiffs stated that "in light of the tentative statement that we do proceed at our own
23 peril, we've looked at this again … and we do intend to supplement and will provide
24 the information that we can."  Dkt. 965-9 at 232.  Upon questioning from the Special
25 Master, Plaintiffs agreed that "this [is] the first time that offer to supplement has been
26 at play."  *Id.* at 233.  Apple noted that because "[w]e don't know what it is that they

will be saying in their response[,] … it may put us in a difficult position if we learn new information that we then have to seek further discovery on." *Id.* Accordingly, "[w]e'll have to see what it is they propose to offer. But if it's something that they offer that then tries to itself backfill, we may have to come back to Your Honor." *Id.* at 234.

The Special Master's final ruling included the language quoted above from the tentative. *See* Dkt. 970 at 11. It also acknowledged that, "[a]t the hearing, … Plaintiffs stated for the first time that they intend to supplement their response to Apple's Interrogatory No. 33" and "it appears that Apple will get from Plaintiffs at least some of what it had been asking for." *Id.*

### C. Plaintiffs Serve Their Supplement To Interrogatory No. 33 The Night Before Thanksgiving

Following their statements at the October 3 hearing, Plaintiffs remained silent on ownership for over seven weeks. Then, at 6:39pm PT on the night before Thanksgiving, Plaintiffs served a supplemental response to Interrogatory No. 33 that purports to identify the ownership of each of the alleged trade secrets. Ex. 10 at 4. Plaintiffs' email serving the supplemental response provided no justification for their delay. *Id.* When Apple inquired why Plaintiffs waited until nearly 15 weeks after the close of fact discovery and after all expert reports had been served in order to provide the supplement, Plaintiffs were silent for several days. *Id.* at 2. They then asserted that they were merely providing the "supplement … as sought by Apple from the Special Master after the close of discovery" and blamed Apple for failing to "indicate any timing issue or purported urgency of a supplemental response during or after that hearing." *Id.* The parties met and conferred, but were unable to agree on the propriety of the supplemental response.

### III. ARGUMENT

#### A. Plaintiffs' Untimely Supplemental Response Violated FRCP 26(e)

FRCP 26(e) provides that "[a] party who … has responded to an interrogatory … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect." In other words, parties are encouraged "to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861-864 (9th Cir. 2014); *see also L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. Feb. 2, 2022) ("'[S]upplementation of … responses after the close of discovery … is consistent with the spirit behind the discovery rules, which is to promote a liberal discovery process in an effort to narrow the issues for trial and to prevent unfair surprise.'"). Moreover, as this Court recently explained, "[t]he parties are expected to supplement and/or correct their disclosures promptly when required under [FRCP 26(e)], without the need for a request from opposing counsel or an order from the Court." Dkt. 1031 at 3 (quoting *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 678-679 (N.D. Cal. 2015)).

Plaintiffs' strategic decision to wait six-and-a-half months after Apple's initial discovery request to disclose ownership information within their control during that whole period violated FRCP 26(e).

*First*, the duty to supplement arises when "there is an objectively reasonable likelihood that the additional [missing] … information could substantially affect or alter the opposing party's discovery plan or trial preparation." *L.A. Terminals*, 340 F.R.D. at 396. Here, as Apple explained in the parties' correspondence and its motion to compel, the better reading of California case law is that ownership is an element of a trade secret claim—i.e., Plaintiffs have the burden to show that they owned each purported trade secret that they alleged Apple misappropriated. *See, e.g., Mattel, Inc.*

MEM. ISO MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33
6   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

*v. MGA Ent. Inc.*, 782 F. Supp. 2d 911, 960 & n.13 (C.D. Cal. 2011). While Plaintiffs disagree with that reading of the case law, Apple has long intended to raise Plaintiffs' failure to provide any evidence regarding ownership (and the surrounding dispute over the legal standard) at the summary judgment stage and, if necessary, raise the issue at trial. Plaintiffs' eleventh-hour supplemental response requires Apple to reformulate that aspect of its litigation strategy and its decision to delay affected Apple's discovery efforts (e.g., in terms of the questions it asked Plaintiffs' deponents) and will affect its trial preparation (e.g., in terms of how much time Apple will devote to particular witnesses and the questions it will ask on cross-examination).[1]

*Second*, Plaintiffs' supplemental response is not timely. While there is no fixed legal test for determining timeliness under FRCP 26(e), courts have considered the following circumstances to be "relevant" to the inquiry: "1) when the relevant request for production was made; 2) when [the non-moving party] was or should have been aware of the information that is the subject of the supplementation; and 3) whether the supplementation was delayed due to factors beyond its control." *LD v. United Behav. Health*, 2022 WL 4372075, at *7 (N.D. Cal. Sept. 21, 2022 (citing, *inter alia*, *L.A. Terminals*)).

Considering these factors, there is no reasonable argument that Plaintiffs' November 23, 2022 supplemental response was served at an appropriate time. Apple first requested the ownership information six months ago. That information was solely in Plaintiffs' control, as Plaintiffs themselves declared in June 2022 that the purported trade secrets have always been owned by ███████████████████████ ███████████████████████████████ *See supra* pp. 2-3. Finally, Plaintiffs have not

---

[1] Plaintiffs have suggested ownership information is somehow less important because it can be described as a "legal conclusion" rather than a fact. Ex. 10 at 2. But "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to … the application of law to fact." Fed. R. Civ. P. 33(a)(2); *see United States ex rel. O'Connell v. Chapman*, 245 F.R.D. 646, 649 (C.D. Cal. 2007).

MEM. ISO MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33
7     CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

identified any "factors beyond [their] control" that delayed the supplemental response. While Plaintiffs have previously indicated that they did not maintain ownership information in the normal course of business, the November 23 supplemental response shows that it was possible to compile that information—the only thing lacking was the will to do so. *Cf. Rojas v. MarkoZaninovich, Inc.*, 2011 WL 4375297, at *6 (E.D. Cal. Sept. 19, 2011) ("When the lawyers maintain control of the information and parse out only what they choose, this presents a real risk of sandbagging[.]").

Plaintiffs' primary response to the timeliness issue is, as usual, to point the finger at Apple. *See supra* p. 5. For example, Plaintiffs have suggested that Interrogatory No. 33 and Apple's subsequent motion to compel were themselves untimely. Ex. 10 at 2. But Apple served Interrogatory No. 33 on May 13, 2022, which was within the time that this Court allotted. *See* Dkt. 627 at 2 (listing May 13 as the "[l]ast day to serve RFPs and ROGs"). Plaintiffs themselves served ten interrogatories the same day. *See* Ex. 11.

Apple also timely filed its motion to compel. This Court's Order For Jury Trial Setting Dates provides that "[a]ny motion respecting the inadequacy of responses to discovery must be filed and served not later than ten days (10) days after the discovery cut−off date." Dkt. 36 at 3. Here, fact-discovery closed on August 12, 2022, Dkt. 627 at 2, and Apple filed its motion to compel on August 22, *supra* p. 3. Moreover, Apple sent multiple letters in the weeks before the motion was filed requesting that Plaintiffs supplement their interrogatory to provide the missing ownership information. *See supra* pp. 2-3.

Plaintiffs have relatedly argued that Apple is somehow at fault for not having been even more aggressive in pressing Plaintiffs to provide their supplemental response—either at the hearing in front of the Special Master or afterwards. Ex. 10 at 2. But as noted above, Rule 26(e) requires supplementation "without the need for a

MEM. ISO MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33
8                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

request from opposing counsel or an order from the Court."  Dkt. 1031 at 3.  Regardless, Apple's counsel made clear at the hearing that the ownership information was relevant to Apple's summary judgment arguments and that Apple expected to move to preclude any belated attempts to "backfill" missing information.  *See supra* pp. 4-5.

### B. Plaintiffs Cannot Meet Their Burden To Show The Belated November 23 Supplemental Response Is Substantially Justified Or Harmless

As this Court has reinforced, "'Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use of that information … to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'"  Dkt. 1031 at 3.  The "noncompliant party" has the burden to show substantial justification or harmlessness.  *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).  Plaintiffs cannot meet their burden.

As to substantial justification, Plaintiffs have provided no persuasive explanation for why the ownership information could not have been provided prior to the close of discovery or—at a minimum—promptly after they pledged to proffer it at the October 3, 2022 hearing.  Plaintiffs' lone response appears to be that they provided equivalent information in response to Interrogatory No. 6, which asked for facts regarding the development of Plaintiffs' trade secrets.  *See* Ex. 10 at 2.  But nothing in Plaintiffs' responses to that interrogatory identifies the ownership of any of the purported trade secrets—the words "own" or "ownership" do not even appear once.  *See* Ex. 12.  Plaintiffs have also suggested that they provided three 30(b)(6) witnesses who could have testified on the ownership issue.  Ex. 10 at 2.  But as Apple has previously explained, ▮

MEM. ISO MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33
9    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP



*See* Dkt. 959 at 9-10; Dkt. 1031 at 7-8.  And Plaintiffs limited the third witness to

And while Apple is "not required to articulate how [it] would be prejudiced" by Plaintiffs' FRCP 26(e) violation, *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008), Plaintiffs cannot reasonably show harmlessness.  Plaintiffs' tactical decision to serve their response months after the close of fact discovery deprived Apple of the opportunity to use fact discovery to test their allegations (e.g., through pointed questions to Plaintiffs' deposition witnesses about the specific statements in the supplemental response).  It also deprived Apple's experts of the opportunity to address the new ownership information in assessing whether Plaintiffs had laid out a basis for a valid trade secret claim.  In sum, allowing Plaintiffs to raise "previously undisclosed, fully-formed … theories" regarding ownership would "prejudice Apple at this late hour."  Dkt. 1031 at 10.

## IV.   CONCLUSION

Apple respectfully requests that this Court strike Plaintiffs' November 23, 2022 supplemental response to Apple's Interrogatory No. 33.

| | |
|---|---|
| Dated: December 19, 2022 | Respectfully submitted, |

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ Mark D. Selwyn
         Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*
