1  MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
   thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
      HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
      joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
      HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
      HALE AND DORR LLP
12  1875 Pennsylvania Ave NW
    Washington, DC 20006
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14
   [Counsel appearance continues on next page]
15
   *Attorneys for Defendant Apple Inc.*
16

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

17

18

| | |
|---|---|
| 19  MASIMO CORPORATION, a Delaware corporation; and | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| 20  CERCACOR LABORATORIES, INC., a Delaware corporation, | **PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' TRADE SECRET CLAIM AND PLAINTIFFS' LOST PROFITS DAMAGES THEORY** |
| 21             Plaintiffs, | |
| 22        v. | |
| 23  APPLE INC., a California corporation, | |
| 24             Defendant. | |
| 25 | Date: February 6, 2023 |
| 26 | Time: 1:30pm |
| 27 | Pre-Trial Conference: Mar. 13, 2023 |
|    | Trial: Mar. 27, 2023 |
| 28 | REDACTED VERSION OF THE DOCUMENT PROPOSED TO BE FILED UNDER SEAL |

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
CASE NO. 8:20-cv-00048-JVS (JDEx)

Pursuant to Local Rule 56-1, Defendant Apple Inc. ("Apple") respectfully submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of Apple's Motion For Partial Summary Judgment.

## I.   STATEMENT OF UNCONTROVERTED FACTS

### a.   Plaintiffs have failed to present evidence sufficient for a reasonable jury to conclude they had possession of the Alleged Trade Secrets.

| No. | Fact | Evidence |
|-----|------|----------|
| 1. | Plaintiffs have not identified evidence showing they had possession of ███████████████████ Trade Secret No. 1 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 66-87. |
| 2. | Plaintiffs have not identified evidence showing they had possession of ███████████████████ Trade Secret No. 3 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 196-212. |
| 3. | Plaintiffs have not identified evidence showing they had possession of ███████████████████ Trade Secret No. 8 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 243-255. |
| 4. | Plaintiffs have not identified evidence showing they had possession of ███████████████████ Trade Secret No. 9 in its entirety at the time of the | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 284-299. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
1                        CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | alleged misappropriation. | |
| 5. | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 10 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 325-340. |
| 6. | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 11 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 364-375. |
| 7. | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 12 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 400-411. |
| 8. | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 13 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 435-446. |
| 9. | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 14 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 470-481. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
2                CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| 10. | Plaintiffs have not identified evidence showing they had possession of ██████████████ Trade Secret No. 15 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 506-517. |
|---|---|---|
| 11. | Plaintiffs have not identified evidence showing they had possession of ██████████████ Trade Secret No. 16 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 23-25, 542-546. |
| 12. | Plaintiffs have not identified evidence showing they had possession of ████ ████ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 55-72. |
| 13. | Plaintiffs have not identified evidence showing they had possession of ████ ████ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 138-149. |
| 14. | Plaintiffs have not identified evidence showing they had possession of ████ ████ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 233-243. |
| 15. | Plaintiffs have not identified evidence showing they had possession of ████ ████ Trade Secret No. 8 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 272-283. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
3
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| 16. | Plaintiffs have not identified evidence showing they had possession of ███ ████ Trade Secret No. 10 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 320-325. |
|---|---|---|
| 17. | Plaintiffs have not identified evidence showing they had possession of ███ ████ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 332, 339-362. |
| 18. | ████████ Trade Secret No. 5 incorporates ██████ Trade Secret No. 4. | Dkt. 296-1, ¶ 42.5. |
| 19. | Plaintiffs have not identified evidence showing they had possession of ███ ████ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. | Statement of Uncontroverted Fact ("SUF") Nos. 17 and 18. |
| 20. | ████████ Trade Secret No. 6 incorporates ██████ Trade Secret No. 4. | Dkt. 296-1, ¶ 42.6. |
| 21. | Plaintiffs have not identified evidence showing they had possession of ███ ████ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation. | SUF Nos. 17 and 20. |
| 22. | Plaintiffs have not identified evidence showing they had possession of ████ ████ Trade Secret No. 1 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 30, 32-38; Ex. 22, ¶¶ 127-143. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS

4

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| 23. | ███████████ Trade Secret No. 2 incorporates ███████████ Trade Secret No. 1. | Dkt. 296-1, ¶ 43.2. |
|-----|------|------|
| 24. | Plaintiffs have not identified evidence showing they had possession of ███████ ████ Trade Secret No. 2 in its entirety at the time of the alleged misappropriation. | SUF Nos. 22 and 23. |
| 25. | ███████████ Trade Secret No. 3 incorporates ███████████ Trade Secret No. 1. | Dkt. 296-1, ¶ 43.3. |
| 26. | Plaintiffs have not identified evidence showing they had possession of ███████ ████ Trade Secret No. 3 in its entirety at the time of the alleged misappropriation. | SUF Nos. 22 and 25. |
| 27. | ███████████ Trade Secret No. 4 incorporates ███████████ Trade Secret No. 1. | Dkt. 296-1, ¶ 43.4. |
| 28. | Plaintiffs have not identified evidence showing they had possession of ███████ ████ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. | SUF Nos. 22 and 27. |
| 29. | Plaintiffs have not identified evidence showing they had possession of ███████ ████ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 235-236, 238; Ex. 22, ¶ 156. |
| 30. | ███████████ Trade Secret No. 7 | Dkt. 296-1, ¶ 43.7. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
5                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | | | |
|---|---|---|---|
| | | incorporates ▮▮▮▮▮▮▮▮▮▮ Trade Secret Nos. 1 and 6. | |
| 31. | | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. | SUF Nos. 22, 29 and 30. |
| 32. | | ▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 7 incorporates ▮▮▮▮▮▮▮▮▮▮▮ Secret Nos. 1 and 6. | Dkt. 296-1, ¶ 43.8. |
| 33. | | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 8 in its entirety at the time of the alleged misappropriation. | SUF Nos. 22, 29 and 32. |
| 34. | | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 265-269, Ex. 22, ¶¶ 160-166. |
| 35. | | ▮▮▮▮▮▮▮ Trade Secret No. 6 incorporates ▮▮▮▮▮▮▮▮ Trade Secret No. 5. | Dkt. 296-1, ¶ 44.6. |
| 36. | | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation. | SUF Nos. 34 and 35. |
| 37. | | ▮▮▮▮▮▮▮▮ Trade Secret No. 7 incorporates ▮▮▮▮▮▮▮ Trade | Dkt. 296-1, ¶ 44.7. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | Secret No. 5. | |
|---|---|---|
| 38. | Plaintiffs have not identified evidence showing they had possession of ███████ ████████ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. | SUF Nos. 34 and 37. |

**b. Plaintiffs have failed to present evidence sufficient for a reasonable jury to determine which entity, if any, possessed which of the Alleged Trade Secrets.**

| **No.** | **Fact** | **Evidence** |
|---|---|---|
| 39. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████████ Trade Secret No. 1 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 67; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 40. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████████ Trade Secret No. 3 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 197; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 41. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████████ Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 244; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 42. | Plaintiffs have not identified evidence | Passamaneck Decl. Ex. |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS

7                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | showing which Plaintiff had possession of ██████████████████ Trade Secret No. 9 at the time of the alleged misappropriation. | 17, ¶ 285; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|
| 43. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████████████ Trade Secret No. 10 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 326; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 44. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████████████ Trade Secret No. 11 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 365; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 45. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████████████ Trade Secret No. 12 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 401; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 46. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████████████ Trade Secret No. 13 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 436; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 47. | Plaintiffs have not identified evidence showing which Plaintiff had possession of | Passamaneck Decl. Ex. 17, ¶ 471; Ex. 1; Ex. 2; |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
8                                        CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | ███████████████████████████ Trade Secret No. 14 at the time of the alleged misappropriation. | Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|---|
| 48. | | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████████████████ Trade Secret No. 15 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 49. | | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████████████████ Trade Secret No. 16 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 67, 152, 197, 244, 285, 326, 365, 401, 436, 471, 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 50. | | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 55; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 51. | | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 5 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 138; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 52. | | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 7 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 233; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
9                                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| 53. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 272; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|
| 54. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 10 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 55, 138, 190, 233, 272, 321; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 55. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 339; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 56. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 5 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 406; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 57. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 339, 406, 423; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 58. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 1 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶ 31; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
10                          CASE NO. 8:20-cv-00048-JVS (JDEx)

| 59. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ Trade Secret No. 2 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 89; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|
| 60. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ Trade Secret No. 3 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 138; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 61. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 188; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 62. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶ 234, 236 & n.162; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 63. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ Trade Secret No. 7 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
11                          CASE NO. 8:20-cv-00048-JVS (JDEx)

| 64. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████ Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 89, 138, 188, 234, 261; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|
| 65. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████ Trade Secret No. 5 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶ 264; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 66. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████ Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 264, 297; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 67. | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████ Trade Secret No. 7 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 264, 297; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

**c. Plaintiffs have not presented evidence sufficient for a reasonable jury to determine that they had ownership of the Alleged Trade Secrets.**

| No. | Fact | Evidence |
|---|---|---|
| 68. | Plaintiffs have not identified evidence that | Passamaneck Decl. Ex. |

| | Plaintiffs had ownership of ████ ████████ Trade Secret No. 1 at the time of the alleged misappropriation. | 17, ¶ 67; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
|---|---|---|
| 69. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 3 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 197; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 70. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 244; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 71. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 9 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 285; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 72. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 10 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 326; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 73. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 11 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 365; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 74. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████ Trade Secret No. 12 at | Passamaneck Decl. Ex. 17, ¶ 401; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
13                                      CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | the time of the alleged misappropriation. | 8; Ex. 9. |
|---|---|---|
| 75. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████████ Trade Secret No. 13 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 436; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 76. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████████ Trade Secret No. 14 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 471; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 77. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████████ Trade Secret No. 15 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶ 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 78. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ████████████ Trade Secret No. 16 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 17, ¶¶ 67, 152, 197, 244, 285, 326, 365, 401, 436, 471, 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 79. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 55; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 80. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ Trade Secret No. 5 at the time of the alleged | Passamaneck Decl. Ex. 19, ¶ 138; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
14
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | misappropriation. | 8; Ex. 9. |
|---|---|---|
| 81. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮ Trade Secret No. 7 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 233; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 82. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮ Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 272; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 83. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮ Trade Secret No. 10 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 55, 138, 190, 233, 272, 321; Ex. 6; Ex. 1; Ex. 2; Ex. 8; Ex. 9; Ex. 4; Ex. 5. |
| 84. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮ ▮▮▮▮ Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 339; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 85. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮ ▮▮▮▮ Trade Secret No. 5 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶ 406; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 86. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮ ▮▮▮▮ Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 19, ¶¶ 339, 406, 423; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
15                                          CASE NO. 8:20-cv-00048-JVS (JDEx)

| 87. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ ████████ Trade Secret No. 1 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶ 31; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 88. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ ████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 2 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 89; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 89. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ ████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 3 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 138; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 90. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ ████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 4 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 188; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 91. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ ████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 234, 236 & n.162; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 92. | Plaintiffs have not identified evidence that | Passamaneck Decl. Ex. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
16    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Plaintiffs had ownership of ████ ██████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 7 at the time of the alleged misappropriation. | 21, ¶¶ 31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 93. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ██████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 8 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 94. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ██████ Trade Secret No. 5 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 264; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 95. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ██████ Trade Secret No. 6 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 264, 297; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |
| 96. | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████ ██████ Trade Secret No. 7 at the time of the alleged misappropriation. | Passamaneck Decl. Ex. 21, ¶¶ 264, 297; Ex. 22, ¶ 123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS

17

CASE NO. 8:20-cv-00048-JVS (JDEx)

**d.** ███████ **Trade Secret Nos. 5 and 7-8 are general ideas, not true trade secrets.**

| No. | Fact | Evidence |
|---|---|---|
| 97. | ████████ Trade Secret No. 5 claims the idea of ███████ ███████ ██████. | Passamaneck Decl. Ex. 16, ¶¶ 642-643; Ex. 19, ¶¶ 140-141, 145-147. |
| 98. | Plaintiffs' expert does not identify anything in ███████ Trade Secret No. 5 that goes beyond ███████ ██████ ██████ ████ | Passamaneck Decl. Ex. 16, ¶¶ 642-643; Ex. 19, ¶¶ 140-141, 145-147. |
| 99. | ███████ Trade Secret No. 7 claims ██ ███████ ██████ ████████ ████████ ██████ ██████ ███ | Passamaneck Decl. Ex. 16, ¶¶ 781, 783-788, 798-802; Ex. 18, ¶¶ 242-247; Ex. 19, ¶¶ 192-195, 235-239, 244, 246; Ex. 29 at 375:7-376:24. |
| 100. | Plaintiffs' expert does not identify anything in ███████ Trade Secret No. 7 that goes beyond the ██████ █████ █████ | Passamaneck Decl. Ex. 16, ¶¶ 781, 783-788, 798-802; Ex. 18, ¶¶ 242-247; Ex. 19, ¶¶ 192-195, 235-239, 244, 246; Ex. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
18    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP



| No. | Fact | Evidence |
|---|---|---|
| | ███████ | 29 at 375:7-376:24. |
| 101. | ███████ Trade Secret No. 8 claims ███ | Passamaneck Decl. Ex. 16, ¶¶ 814, 819; Ex. 18, ¶¶ 249, 251-259; Ex. 19, ¶¶ 274-275; Ex. 7. |
| 102. | Plaintiffs' expert does not identify anything in ████████ Trade Secret No. 8 ████ | Passamaneck Decl. Ex. 16, ¶¶ 814, 819; Ex. 18, ¶¶ 249, 251-259; Ex. 19, ¶¶ 274-275; Ex. 7. |

e.  **Plaintiffs' "value, importance, and appropriateness" alleged trade secrets describe general ideas, not true trade secrets.**

| No. | Fact | Evidence |
|---|---|---|
| 103. | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ████████ Trade Secret No. 16. | Ex. 15, ¶¶ 168-169, 193-194, 233-234, 259-260, 294-295, 317-318, 339-340, 362-363, 384-385, 408-409, 433-434. |
| 104. | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in ████████ Trade | Ex. 15, ¶¶ 168-169, 193-194, 233-234, 259-260, 294-295, 317-318, 339- |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
19
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | | |
|---|---|---|
| | Secret No. 16. | 340, 362-363, 384-385, 408-409, 433-434. |
| 105. | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ███████████ ███████████ Trade Secret No. 16. | Ex. 15, ¶¶ 168-169, 193-194, 233-234, 259-260, 294-295, 317-318, 339-340, 362-363, 384-385, 408-409, 433-434. |
| 106. | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ███████ Trade Secret No. 10. | Ex. 15, ¶¶ 457-458, 480, 555-556, 577-578, 607-608, 638-639. |
| 107. | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in █████ Trade Secret No. 10. | Ex. 15, ¶¶ 457-458, 480, 555-556, 577-578, 607-608, 638-639. |
| 108. | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ██████ Trade Secret No. 10. | Ex. 15, ¶¶ 457-458, 480, 555-556, 577-578, 607-608, 638-639. |
| 109. | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ██████████ Trade Secret No. 6. | Ex. 15, ¶¶ 755-756, 795-796, 819-826, 833-834. |
| 110. | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in █████████ Trade Secret No. 6. | Ex. 15, ¶¶ 755-756, 795-796, 819-826, 833-834. |
| 111. | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ███████ Trade Secret No. 6. | Ex. 15, ¶¶ 755-756, 795-796, 819-826, 833-834. |

| 112. | Plaintiffs have not provided any explanation for the meaning of "value" as recited in █████████ Trade Secret No. 8. | Ex. 20, ¶¶ 175, 192, 297, 302, 372, 377, 462, 467, 570, 575. |
|---|---|---|
| 113. | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in █████████ Trade Secret No. 8. | Ex. 20, ¶¶ 175, 192, 297, 302, 372, 377, 462, 467, 570, 575. |
| 114. | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in █████████ Trade Secret No. 8. | Ex. 20, ¶¶ 175, 192, 297, 302, 372, 377, 462, 467, 570, 575. |
| 115. | Plaintiffs have not provided any explanation for the meaning of "value" as recited in █████████ Trade Secret No. 7. | Ex. 20, ¶¶ 659, 662. |
| 116. | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in █████████ Trade Secret No. 7. | Ex. 20, ¶¶ 659, 662. |
| 117. | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in █████████ Trade Secret No. 7. | Ex. 20, ¶¶ 659, 662. |

### f. If Mr. Kinrich's report is struck or excluded, Plaintiffs have no evidence to support their claim for lost profits

| No. | Fact | Evidence |
|---|---|---|
| 118. | This Court excluded the Rule 26(a)(2)(B) | Dkt. 1031 at 5-6, 10. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
21                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | | disclosure of Mr. Pridell. | |
|---|---|---|---|
| | 119. | This Court excluded the portions of the Rule 26(a)(2)(B) disclosure of Mr. Muhsin related to Plaintiffs' lost profits theory. | Dkt. 1031 at 5-6, 10. |
| | 120. | This Court excluded the following specific alleged facts: ███████████████████████████████████████████████████████████████████████████████████. | Dkt. 1031 at 11. |
| | 121. | Mr. Kinrich's lost profits opinions rely on the material excluded by this Court's Rule 26 ruling. | Dkt. 1031 at 6, 11-13; Ex. 25, §§ 2.2-2.4, at 4-11. |
| | 122. | Plaintiffs' lost profits case depends on Mr. Kinrich's opinions. | Ex. 23, ¶¶ 60-139; Ex. 24, ¶¶ 2-11; Ex. 25, §§ 2.2-2.4, at 4-11. |

**g.  The Court has dismissed 4 alleged Trade Secrets and Plaintiffs have abandoned 14 alleged Trade Secrets**

| No. | Fact | Evidence |
|---|---|---|
| 123. | Plaintiffs have abandoned ██████████ ████████████ Trade Secret Nos. 2 and 4-7. | Passamaneck Decl. Ex. 15, ¶ 85; Ex. 27. |
| 124. | Plaintiffs have abandoned ████████ | Passamaneck Decl. Ex. |

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO
APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
22                      CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | | Trade Secret Nos. 1-3, 6, and 9. | 15, ¶ 85; Ex. 27. |
|---|---|---|---|
| 125. | | ██████ Trade Secret Nos. 1-3, 6, and 9 are incorporated in ██████ Trade Secret No. 10. | Passamaneck Decl. Ex. 19, ¶ 318. |
| 126. | | Plaintiffs have abandoned ██████ Trade Secret Nos. 1-3. | Passamaneck Decl. Ex. 15, ¶ 85. |
| 127. | | Plaintiffs have abandoned ██████ ██████ Trade Secret No. 5. | Passamaneck Decl. Ex. 20, ¶ 60. |
| 128. | | The Court dismissed Plaintiffs' ██████ ██████ Trade Secret Nos. 1-4. | Dkt. 350 at 5-8. |

## PROPOSED CONCLUSIONS OF LAW

1.      In order to prevail on their claim under the California Uniform Trade Secret Act ("CUTSA"), a trade secret plaintiff must at least show that they possessed the alleged trade secret at the time of the alleged misappropriation.  *Bladeroom Grp. v. Facebook, Inc.*, 219 F. Supp. 984, 990 (N.D. Cal. 2017); *see also Jasmine Networks, Inc. v. Superior Court*, 180 Cal. App. 4th 980, 993, 997 (2009).

2.      While Plaintiffs have alleged that they had possession over each of the asserted trade secrets, the undisputed evidence shows otherwise.  Specifically, Plaintiffs have not identified a single instance in which any one of the purported trade secrets was in its entirety identified or written down prior to this litigation.

3.      If there are multiple trade secret plaintiffs, the requirement to show possession necessarily includes an obligation to show *which* plaintiff possessed which purported trade secret.  If no single plaintiff can show they possessed the claimed trade secret or secrets at the time of the purported misappropriation, plaintiffs have logically not met their burden to show possession.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS
23                    CASE NO. 8:20-cv-00048-JVS (JDEx)

4.      Prior to a November 23, 2022 supplemental response to Apple Interrogatory No. 33, Plaintiffs had not attempted to show which Plaintiff possessed which purported trade secret.  Even if the November 23 supplemental response is not struck, the evidence it identifies (███████████████ that do not discuss the specific purported trade secrets at issue in this litigation) do not establish which Plaintiff possessed which purported trade secret.

5.      California law, properly construed, requires more than a showing of possession.  A CUTSA plaintiff must show that they "*owned* the trade secret."  *See, e.g.*, *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.,* 28 Cal. App. 5th 923, 942 (2018) (emphasis added); *see also Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003) (same); *Humphreys & Assocs., Inc. v. Cressman*, 2015 WL 12698428, at *3 (C.D. Cal. Aug. 31, 2015) (same); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011) (same); Dkt. 264 at 4 (similar).

6.      Prior to a November 23, 2022 supplemental response to Apple Interrogatory No. 33, Plaintiffs had not attempted to show Plaintiffs owned the purported trade secrets.  Even if the November 23 supplemental response is not struck, the evidence it identifies does not establish which Plaintiff owned the purported trade secrets.

7.      "Ideas or concepts are not, in and of themselves, trade secrets."  *Masimo Corp. v. True Wearables, Inc.*, 8:18-cv-02001-JVS-JDE (C.D. Cal. Nov. 7, 2022), Dkt. No. 600, ¶ 99.  Rather, the CUTSA requires that a trade secret be "actual, not theoretical" and "specific, not general."  *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2013 WL 867640, at *3 (D. Del. Mar. 8, 2013) (applying California law).  In cases "'involving technical or scientific information" where the plaintiff is attempting to "distinguish the alleged trade secrets from information already known in the field," "a more exacting level of particularity may be required to distinguish the alleged trade

secrets from matters already known to persons skilled in that field." *Calendar Rsch., LLC v. StubHub, Inc.*, 2020 WL 4390391, at *5 (C.D. Cal. May 13, 2020).

8.      Plaintiffs have not provided evidence establishing that ▮▮▮▮▮▮▮ Trade Secret Nos. 5 and 7-8 claim anything beyond general ideas and concepts.

9.      As part of the broader requirement that a trade secret plaintiff may not claim general ideas or concepts, plaintiffs are barred from using catch-all phrases when describing their trade secrets. *See Imax Corp. v. Cinema Techs., Inc*., 152 F.3d 1161, 1170 (9th Cir. 1998) ("dimensions and tolerances"); *X6D Ltd. v. Li-Tek Corps.*, 2012 WL 12952726, at *8 (C.D. Cal. Aug. 27, 2012) ("Ornamental Appearance, Color, and Material").

10.     Plaintiffs have not provided evidence clarifying what is covered by the terms "value, importance, and appropriateness" in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Trade Secret No. 16, ▮▮▮▮▮▮▮ Trade Secret No. 6, ▮▮▮▮▮▮▮ Secret No. 10, ▮▮▮▮▮▮▮ Trade Secret No. 8, and ▮▮▮▮▮▮▮ Trade Secret No. 7.

11.     This Court has held that the FRCP 26(a)(2)(C) disclosures of Mr. Priddell and Mr. Muhsin—along with the newly disclosed damages theories contained within— should be excluded under FRCP 37(c)(1).

12.     To the extent that Apple establishes that Mr. Kinrich's lost profits analysis relies on either the struck disclosures or the underlying late-disclosed information, it too should be struck.

13.     Because Mr. Kinrich currently offers the only evidentiary support for Plaintiffs' lost profits theory, if Mr. Kinrich is precluded from offering his lost profits opinion, Plaintiffs cannot establish a genuine question of material fact remains regarding their entitlement to that relief. *ChromaDex, Inc. v. Elysium Heath, Inc.*, 2020 WL 1279236, at *8 (C.D. Cal. Jan. 16, 2020); *Goodness Films, LLC v. TV One, LLC*, 2014 WL 12594201, at *2-4 (C.D. Cal. Aug. 28, 2014).

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO APPLE'S MOT. FOR PARTIAL S.J. ON PLAINTIFFS' TRADE SECRET CLAIM AND LOST PROFITS

25                    CASE NO. 8:20-cv-00048-JVS (JDEx)

1

2   Dated: December 19, 2022            Respectfully submitted,

3

4                                       MARK D. SELWYN
                                        AMY K. WIGMORE
5                                       JOSHUA H. LERNER
                                        SARAH R. FRAZIER
6                                       NORA Q.E. PASSAMANECK
                                        THOMAS G. SPRANKLING
7                                       WILMER CUTLER PICKERING HALE AND
8                                       DORR LLP

9
                                        BRIAN A. ROSENTHAL
10                                      GIBSON, DUNN & CRUTCHER LLP

11
                                        KENNETH G. PARKER
12                                      HAYNES AND BOONE, LLP

13

14

15                                      By:  */s/ Mark D. Selwyn*
16                                           Mark D. Selwyn

17
                                        *Attorneys for Defendant Apple Inc.*
18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP