Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Motion for Partial Summary Judgment.

Masimo requests the Court seal portions of the Memorandum in Support of Plaintiffs' Motion For Partial Summary Judgment ("Memorandum"), the Statement of Uncontroverted Facts and Conclusions of Law in Support of Plaintiffs' Motion For Partial Summary Judgment ("Statement of Uncontroverted Facts"), and Declaration of Kendall Loebbaka in Support of Plaintiffs' Motion For Partial Summary Judgment ("Loebbaka Declaration"). Masimo is attaching proposed redacted versions of those documents. Masimo also requests the Court seal Exhibits 1-27, 29-33, 35, 39-68, and 70-72 to the Loebbaka Declaration, as well as the supporting Kiani Declaration, Diab Declaration, Muhsin Declaration, Hammarth Declaration, Miller Declaration, Poeze Declaration, and Madisetti Declaration.

# I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

The Kiani Declaration, Diab Declaration, Poeze Declaration, and Madisetti Declaration discuss Masimo's confidential and proprietary technical information, including Masimo's trade secrets. Loebbaka Application to Seal Declaration ¶5. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.*

The Muhsin Declaration, Hammarth Declaration, and Miller Declaration disclose confidential details about Masimo's efforts to maintain the secrecy of its trade secrets. *Id.* ¶6. Masimo would be harmed if this information were disclosed because it would provide information that competitors could use to try to bypass those efforts and obtain access to Masimo's trade secrets. *Id.*

Exhibits 1-2, 8, 12, 17-18, 27, 39-43, 67, 68, 71, and 72 describe Masimo's technical information, business information, and trade secrets. *Id.* ¶7. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exhibits 3-7 and 14-15 are policies and documents regarding Masimo's efforts to maintain secrecy. *Id.* ¶8. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exhibits 9-11, 13, and 16 are Lamego's employee confidentiality agreements with Masimo. *Id.* ¶9. Masimo considers such employee personnel information to be confidential. *Id.* Masimo would be harmed if this confidential information were disclosed. *Id.*

Exhibits 19, 20-22, 24-26, 29-33, 35, 44-66, and 70 are documents that Apple has produced in this case or agreed can be used in this case, Apple deposition transcripts, or Apple interrogatory responses. *Id.* ¶10. Apple has designated these documents as

1 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. *Id.* Exhibit 23 is an email between Masimo and Apple that Masimo understands both parties consider confidential. *Id.*

The proposed redacted portions of the Memorandum and Statement of Uncontroverted Facts discuss the aforementioned Exhibits and Declarations and should also be sealed for the same reasons. *Id.* ¶10. The proposed redacted portions of the Loebbaka Declaration should be sealed because they describe documents that Apple designated as confidential. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Masimo's trade secret claims, there can be no dispute that the documents Masimo seeks to seal discuss Masimo's "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court allow Masimo to seal the materials discussed above.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: December 19, 2022 | By: */s/ Kendall M. Loebbaka* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Kendall M. Loebbaka |
|   | Daniel P. Hughes |
|   | Attorneys for Plaintiffs MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |