# EXHIBIT 34



**Knobbe Martens**

INTELLECTUAL PROPERTY LAW

---

KNOBBE MARTENS OLSON & BEAR LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

**Stephen C. Jensen**
Steve.Jensen@knobbe.com

January 24, 2014

<u>**VIA U.S. MAIL**</u>

Timothy D. Cook
Chief Executive Officer
Apple Inc.
1 Infinite Loop
Cupertino, CA 95014

Re:   *Employment Obligations of Marcelo Lamego*
      Our Reference No.: CERCAL.096L

Dear Mr. Cook:

      This firm represents Cercacor Laboratories, Inc. We understand that Apple recently offered employment to Cercacor's Chief Technology Officer, Marcelo Lamego. We believe that Apple has hired Mr. Lamego to design and develop products that are likely the same as the products that he was responsible for developing for Cercacor. Apple's design, development, or sales efforts on any such product would compete directly with Cercacor's efforts.

      In his capacity as Cercacor's CTO, Mr. Lamego was responsible for ***all*** of Cercacor's research and development and ***all*** projects that are underway, or even contemplated, at Cercacor. These projects include mobile health devices and applications and physiological measurements. Mr. Lamego has been the key engineer at Cercacor for more than 10 years. Mr. Lamego learned, and personally conceived, a large number of very valuable trade secrets while he was at Masimo, and he continued to use and improve those trade secrets under license from Masimo when Cercacor was spun off from Masimo. Mr. Lamego possesses detailed knowledge of trade secrets that only a very few individuals know, pertaining to technologies that other companies have for decades tried and failed to develop.

      We note that Apple expressed great interest in the Masimo technology on which Mr. Lamego was trained—the same technology that Mr. Lamego applied at Cercacor. Apple has been targeting Masimo and Cercacor personnel for some time. Apple hired Masimo's Chief Medical Officer, Michael O'Reilly. Thereafter, Apple expressed to Masimo and Cercacor's CEO that Apple had even greater interest in Cercacor. The CEO responded that Cercacor's owners had no current desire to sell the company. Shortly thereafter, we understand that Apple increased its efforts to recruit Mr. Lamego. It is difficult to imagine any reason for this sequence of events other than Apple is attempting to gain access to, or at least the benefit of, Cercacor and Masimo's trade secrets.

      Mr. Lamego executed an Employee Confidentiality Agreement (the "Agreement") with Cercacor,[1] a copy of which is enclosed. The Agreement prohibits Mr. Lamego, for a period of two years after the end of his employment with Cercacor, from competing with Cercacor, and it specifically recites that the purpose of this non-compete provision is to protect Cercacor's trade secrets. As you may know, California law recognizes the enforceability of a non-compete agreement designed to accomplish that purpose. The Agreement provides in pertinent part as follows:

---

[1]   The parties to the Agreement are Mr. Lamego and Masimo Laboratories. Masimo Laboratories subsequently changed its name to Cercacor Laboratories, Inc.

Orange County   San Diego   San Francisco   Silicon Valley   Los Angeles   Riverside   Seattle   Washington DC   knobbe.com

Confidential

MASA03049141

Exhibit 34
-613-

**Knobbe | Martens**

Timothy D. Cook
Page 2

12. During my employment, . . . I will not render services to anyone outside [Cercacor], accept competing employment, or make preparations to compete with [Cercacor].

13. During my employment and for a period of five (5) years immediately following termination of my employment with [Cercacor], I will not (a) solicit or induce any employee or consultant of [Cercacor] to quit their employment or cease doing business with [Cercacor], or (b) solicit [Cercacor's] customers or suppliers, unless I am specifically authorized to do (a) or (b) by [Cercacor].

14. I agree that, during the term of my employment and for a period of two (2) years immediately following my termination of employment with [Cercacor] (voluntary or otherwise), I shall be prohibited from competing with any business, product or service of [Cercacor].

15. I agree that the activities forbidden in paragraphs 13 and 14 above would necessarily involve the use or disclosure of [Cercacor's] trade secrets and proprietary and confidential information and are necessary to protection of [Cercacor's] trade secrets and proprietary and confidential information. I understand that none of my activities will be prohibited under paragraphs 13 and 14 to the extent that I can prove that the action was taken without the use or disclosure of any of [Cercacor's] trade secrets or proprietary or confidential information.

As you can see, the Agreement also prohibits Mr. Lamego from soliciting other employees and from soliciting business from any of Cercacor's customers or suppliers. In view of Mr. Lamego's obligations arising from the Agreement, we trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information. We also ask that Apple refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple and that Apple will direct Mr. Lamego to honor his obligations to all of his prior employers. Of course, Cercacor reserves any and all rights and remedies that it may have, now and in the future, against Apple and Mr. Lamego relating to this matter.

Very truly yours,

*Steve Jensen* a.h.

Stephen C. Jensen

Enclosure

cc (w/ encl.):
 Adrian Perica, via e-mail (perica@apple.com)
 Marcelo Lamego (via U.S. mail)

17102982

knobbe.com

Confidential

MASA03049142

Exhibit 34
-614-