# EXHIBIT 37
# Part 1

UNITED STATES PATENT AND TRADEMARK OFFICE

|  |  |
|---|---|
|  | UNITED STATES DEPARTMENT OF COMMERCE<br>**United States Patent and Trademark Office**<br>Address: COMMISSIONER FOR PATENTS<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450<br>www.uspto.gov |

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 03/05/2019 | 10219754 | P22879US1 | 6317 |

62579          7590          02/13/2019

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Marcelo M. Lamego, Cupertino, CA;
Apple Inc., Cupertino, CA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

PTO/SB/47 (03-09)
Approved for use through 05/31/2015. OMB 0651-0016
U.S. Patent and Trademark Office; U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# "FEE ADDRESS" INDICATION FORM

| | |
|---|---|
| **Address to:**<br>**Mail Stop M Correspondence**<br>**Commissioner for Patents**    - OR -<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **Fax to:**<br>**571-273-6500** |

**INSTRUCTIONS:** The issue fee must have been paid for application(s) listed on this form.  In addition, only an address represented by a Customer Number can be established as the fee address for maintenance fee purposes (hereafter, fee address).  A fee address should be established when correspondence related to maintenance fees should be mailed to a different address than the correspondence address for the application. **When to check the first box below:** If you have a Customer Number to represent the fee address. **When to check the second box below:** If you have no Customer Number representing the desired fee address, in which case a completed Request for Customer Number (PTO/SB/125) must be attached to this form.  For more information on Customer Numbers, see the Manual of Patent Examining Procedure (MPEP) § 403.

For the following listed application(s), please recognize as the "Fee Address" under the provisions of 37 CFR 1.363 the address associated with:

[✔]   Customer Number: **000197**

*OR*

[ ]   The attached Request for Customer Number (PTO/SB/125) form.

| PATENT NUMBER<br>(if known) | APPLICATION NUMBER |
|---|---|
| | 14/621,268 |

Completed by (check one):

[ ]  Applicant/Inventor

[✔]  Attorney or Agent of record  36,232
(Reg. No.)

[ ]  Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed.
(Form PTO/SB/96)

[ ]  Assignee recorded at Reel _____ Frame_____

/Gregory W. Osterloth/
Signature

Gregory W. Osterloth
Typed or printed name

303-223-1100
Requester's telephone number

January 17, 2019
Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more that one signature is required, see below*.

[ ]   * Total of _____forms are submitted.

This collection of information is required by 37 CFR 1.363.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1. 11 and 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Depar tment of Commerce, P.O. Box 1450, Alex andria, VA  22313- 1450. DO NOT SEND COMPLETE D FORMS TO THIS A DDRESS. **SEND TO:  Mail Stop M Correspondence, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

MASA00086614

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14621268 |
| **Filing Date:** | 12-Feb-2015 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Attorney Docket Number:** | P22879US1 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 1000 | 1000 |

MASA00086615

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1000** |

MASA00086616

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34893159 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Filer Authorized By:** | Gregory W. Osterloth |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 17-JAN-2019 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 22:27:52 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1000 |
| RAM confirmation Number | 011819INTEFSW22282400 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

MASA00086617

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | P22879US1IssueFeeTransmittal.pdf | 598846<br>1516e35e18cef148477da282a6cca1593a46482b | no | 1 |

**Warnings:**

**Information:**

| 2 | Maintenance Fee Address Change | P22879USFeeAddress.pdf | 108346<br>2073a734d7de8709730e69a1387b5da41053634a | no | 1 |

**Warnings:**

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30582<br>c803681f069fcb5be62261a3aaa39ac69cdf952b1 | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 737774 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MASA00086618

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**   **Mail Stop ISSUE FEE**
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 62579 | 7590 | 10/19/2018 |

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| | (Depositor's name) |
| | (Signature) |
| | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

TITLE OF INVENTION: Modulation and Demodulation Techniques for a Health Monitoring System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 01/22/2019 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, HIEN NGOC | 3793 | 600-476000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Brownstein Hyatt Farber Schreck, LLP

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Apple Inc.

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Cupertino, California

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual  ☑ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:

☑ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☑ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number 50-4621 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature  /Gregory W. Osterloth/   Date  January 17, 2019

Typed or printed name  Gregory W. Osterloth   Registration No.  36,232

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

MASA00086619



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | | | EXAMINER |
|---|---|---|---|---|
| 62579 | 7590 | 10/19/2018 | | NGUYEN, HIEN NGOC |

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| ART UNIT | PAPER NUMBER |
|---|---|
| 3793 | |

DATE MAILED: 10/19/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

TITLE OF INVENTION: Modulation and Demodulation Techniques for a Health Monitoring System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 01/22/2019 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**      **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| 62579 | 7590 | 10/19/2018 |

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

TITLE OF INVENTION: Modulation and Demodulation Techniques for a Health Monitoring System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0 | $0 | $1000 | 01/22/2019 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, HIEN NGOC | 3793 | 600-476000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____      Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579        7590        10/19/2018

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3793 | |

DATE MAILED: 10/19/2018

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

MASA00086622

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

MASA00086623

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) | | |
|---|---|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO M. | | |
| | Examiner | Art Unit | AIA (First Inventor to File) Status | Page |
| | HIEN NGUYEN | 3737 | Yes | 1 of 1 |

All participants (applicant, applicant's representative, PTO personnel):

1.  HIEN NGUYEN (Primary Examiner); Telephonic        2.  GREGORY OSTERLOTH  (Attorney of Record)

**Date of Interview:** 02 October 2018

**Claim(s) discussed:** 22

**Brief Description of main topic of discussion:** Examiner suggested to applicant to amend the claims to overcome 112 antecedent basis.

## Issues Discussed:

**Proposed Amendments:**
Examiner suggested to applicant to amend the claims to overcome 112 antecedent basis to put the claims in condition for allowance.

| /HIEN NGUYEN/ Primary Examiner, Art Unit 3793 | |
|---|---|

**Applicant recordation instructions:** It is not necessary for applicant to provide a separate record of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicant's responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided.  See MPEP 713.04**

Please further see:

**MPEP 713.04**
**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)**
**37 CFR § 1.2 Business to be transacted in writing**

| ***Notice of Allowability*** | **Application No.** 14/621,268 | **Applicant(s)** LAMEGO, MARCELO  M. | |
|---|---|---|---|
| | **Examiner** HIEN NGUYEN | **Art Unit** 3793 | **AIA (First Inventor to File) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *09/17/18*.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *22-25,29 and 31*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp  or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
  a) ☐  All   b) ☐ Some   *c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
    3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
  * Certified copies not received: _____.

  Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
  **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
  ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
  **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *attach* .

5. ☒ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/HIEN NGUYEN/
Primary Examiner, Art Unit 3793

Notice of Allowability

Application/Control Number: 14/621,268                                      Page 2
Art Unit: 3793

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.


## EXAMINER'S AMENDMENT


An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in an interview with Mr. Gregory Osterloth on 10/02/18.


The claim have been as followed:


Claim 22, line 31, after "the second", -- "decimation" -- had been inserted.


### Conclusion


Any inquiry concerning this communication or earlier communications from the examiner should be directed to HIEN NGUYEN whose telephone number is (571)270-7031.  The examiner can normally be reached on 7:30-5:00.

MASA00086626

Application/Control Number: 14/621,268                                        Page 3
Art Unit: 3793

    Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Robert Chen can be reached on (571) 272-3672.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/HIEN NGUYEN/
Primary Examiner, Art Unit 3793

MASA00086627

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) | | |
|---|---|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO M. | | |
| | **Examiner** | **Art Unit** | **AIA (First Inventor to File) Status** | **Page** |
| | HIEN NGUYEN | 3737 | Yes | 1 of 1 |

All participants (applicant, applicant's representative, PTO personnel):

1.  HIEN NGUYEN (Primary Examiner); Telephonic        2.  GREGORY OSTERLOTH  (Attorney of Record)

**Date of Interview:** 02 October 2018

**Claim(s) discussed:** 22

**Brief Description of main topic of discussion:** Examiner suggested to applicant to amend the claims to overcome 112 antecedent basis.

## Issues Discussed:

**Proposed Amendments:**
Examiner suggested to applicant to amend the claims to overcome 112 antecedent basis to put the claims in condition for allowance.

| /HIEN NGUYEN/ Primary Examiner, Art Unit 3793 | |
|---|---|

**Applicant recordation instructions:**  It is not necessary for applicant to provide a separate record of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicant's responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided.  See MPEP 713.04**

Please further see:

**MPEP 713.04**
**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)**
**37 CFR § 1.2 Business to be transacted in writing**

U.S. Patent and Trademark Office
PTOL-413/413b (Rev. 01/01/2015)                    **Interview Summary**                    Paper No. 20180927

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | **Examiner** | **Art Unit** |
| | HIEN NGUYEN | 3793 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| (A61B5/0059 or A61B5/0084).cpc. | 9/27/2018 | HN |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| East Search (inventor search) | 1/24/2017 | HN |
| East Search | 10/3/2017 | HN |
| East Search | 11/29/2017 | HN |
| Please see attach search report | | |
| East Search | 4/26/2018 | HN |
| Please see attach search report | | |
| East Search | 9/27/2018 | HN |
| Please see attach search report | | |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |

| | |
|---|---|
| | |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| USPAT, PGPUB | (low pass filter$3 decimat$3 demodulat$3 multipl$3 demultiplex$3 physiological).clm. | 9/27/2018 | HN |

| *Issue Classification* | Application/Control No. | | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | 14621268 | | LAMEGO, MARCELO M. |
| | Examiner | | Art Unit |
| | HIEN NGUYEN | | 3793 |

| CPC | | | | | Type | Version |
|---|---|---|---|---|---|---|
| **Symbol** | | | | | **Type** | **Version** |
| A61B | 5 | | 7228 | | F | 2013-01-01 |
| A61B | 5 | | 0059 | | I | 2013-01-01 |
| A61B | 5 | | 725 | | I | 2013-01-01 |
| A61B | 5 | | 7278 | | I | 2013-01-01 |
| A61B | 5 | | 7225 | | I | 2013-01-01 |
| A61B | 5 | | 7203 | | I | 2013-01-01 |
| A61B | 5 | | 681 | | I | 2013-01-01 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CPC Combination Sets | | | | | | |
|---|---|---|---|---|---|---|
| **Symbol** | | | | **Type** | **Set** | **Ranking** | **Version** |
| | | | | | | |
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /HIEN NGUYEN/ Primary Examiner.Art Unit 3793 | 10/01/18 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 22 | 4 |

U.S. Patent and Trademark Office

Part of Paper No. 20180927

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | **Examiner** | **Art Unit** |
| | HIEN NGUYEN | 3793 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | | | **NON-CLAIMED** | | | | | | |
| 600 | 476 | A | 6 | 1 | B | 5 / 00 (2006.01.01) | | | | | | | | |
| **CROSS REFERENCE(S)** | | | | | | | | | | | | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 6 | |
| /HIEN NGUYEN/ Primary Examiner.Art Unit 3793 | 10/01/18 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 22 | 4 |

U.S. Patent and Trademark Office

Part of Paper No. 20180927

MASA00086632

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO  M. |
| | Examiner | Art Unit |
| | HIEN NGUYEN | 3793 |

| ☐ | Claims renumbered in the same order as presented by applicant | | ☐ | CPA | ☐ | T.D. | ☐ | R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 17 | | 33 | | | | | | | | | | |
| | 2 | | 18 | | 34 | | | | | | | | | | |
| | 3 | | 19 | | 35 | | | | | | | | | | |
| | 4 | | 20 | | | | | | | | | | | | |
| | 5 | | 21 | | | | | | | | | | | | |
| | 6 | 1 | 22 | | | | | | | | | | | | |
| | 7 | 2 | 23 | | | | | | | | | | | | |
| | 8 | 3 | 24 | | | | | | | | | | | | |
| | 9 | 4 | 25 | | | | | | | | | | | | |
| | 10 | | 26 | | | | | | | | | | | | |
| | 11 | | 27 | | | | | | | | | | | | |
| | 12 | | 28 | | | | | | | | | | | | |
| | 13 | 5 | 29 | | | | | | | | | | | | |
| | 14 | | 30 | | | | | | | | | | | | |
| | 15 | 6 | 31 | | | | | | | | | | | | |
| | 16 | | 32 | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| | | 6 | |
| (Assistant Examiner) | (Date) | | |
| /HIEN NGUYEN/ Primary Examiner.Art Unit 3793 | 10/01/18 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 22 | 4 |

U.S. Patent and Trademark Office

Part of Paper No.  20180927

**EAST Search History**

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S57 | 0 | (low pass filter$3 decimat$3 demodulat$3 multipl$3 demultiplex$3 physiological).clm. | USPAT | AND | OFF | 2018/09/27 16:25 |

9/27/2018 6:44:33 PM
C:\Users\hnguyen55\Documents\EAST\Workspaces\14621268.wsp

file:///C/Users/hnguyen55/Documents/e-Red%20Folder/14621268/EASTSearchHistory.14621268_AccessibleVersion.htm[9/27/2018 6:44:35 PM]

-691-
MASA00086634



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 6317**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 RULE | 600 | 3737 | P22879US1 |

**APPLICANTS**
Apple Inc., Cupertino, CA;

**INVENTORS**
Marcelo M. Lamego, Cupertino, CA;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
This appln claims benefit of 62/047,818 09/09/2014

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\***
02/25/2015

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and /HIEN NGOC NGUYEN/ | HN | CA | 9 | 20 | 3 |
| Acknowledged   Examiner's Signature | Initials | | | | |

**ADDRESS**
APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202
UNITED STATES

**TITLE**
Modulation and Demodulation Techniques for a Health Monitoring System

| FILING FEE RECEIVED | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | |
|---|---|---|
| 1600 | | ☐ All Fees |
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

MASA00086635

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S1 | 130 | ((Marcelo) near2 (Lamego)).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2016/08/02 11:48 |
| S2 | 0 | S1 (light dark demodulat$3).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 11:49 |
| S3 | 0 | "14621268" | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 11:49 |
| S4 | 0 | demodulat$3 fitler$3 decimat$3 light (tissue or sample or skin) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:00 |
| S5 | 296 | demodulat$3 filter$3 decimat$3 light (tissue or sample or skin) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:01 |
| S6 | 15 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:01 |
| S7 | 0 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) physiological wear$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:09 |
| S8 | 1 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) wear$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:10 |
| S9 | 7455 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2016/08/02 16:38 |
| S10 | 0 | "14621268" | US-PGPUB; USPAT | OR | OFF | 2017/01/24 10:10 |
| S11 | 0 | 14/621268 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 10:11 |
| S12 | 136 | ((("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/24 10:11 |
| S13 | 0 | ("2012/0253155").URPN. | USPAT | OR | OFF | 2017/01/24 11:24 |
| S14 | 484 | physiological (demultiplex$3 with multipl$4) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:25 |
| S15 | 235 | physiological (demultiplex$3 with multipl$4) demodulat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S16 | 90 | physiological (demultiplex$3 with multipl$4) demodulat$3 decimat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S17 | 1 | physiological (demultiplex$3 with multipl$4 with demodulat$3) decimat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S18 | 22 | physiological (demultiplex$3 with | US-PGPUB; | AND | OFF | 2017/01/24 |

file:///C/Users/hnguyen55/Documents/e-Red%20Folder/14621268/EASTSearchHistory.14621268_AccessibleVersion.htm[9/27/2018 6:44:23 PM]

-693-

MASA00086636

| | | multipl$4 with demodulat$3) | | | | 11:27 |
|---|---|---|---|---|---|---|
| S19 | 4 | (physiological or analyte or blood or (heart adj rate)) (demultiplex$3 with (multiplying or multiply or multiplier) with demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:47 |
| S20 | 4 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) with demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:48 |
| S21 | 5 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) same demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:49 |
| S22 | 10 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:05 |
| S23 | 9 | (medical or medicine) (demultiplex$3 with (multiplying or multiply or multiplier) demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:26 |
| S24 | 7904 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:30 |
| S25 | 147 | (("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/10/03 10:09 |
| S26 | 0 | S25 (demodulat$3 demultiplex$3 low pass filter$3 decimat$3 multiply$3).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/10/03 10:25 |
| S27 | 3289970 | demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3 | US-PGPUB; USPAT | OR | OFF | 2017/10/03 11:04 |
| S28 | 1058 | demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:05 |
| S29 | 1 | demultiplex$3 same demodulat$3 same decimat$3 same filter$3 same multiply$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:05 |
| S30 | 0 | "14621268" | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:12 |
| S31 | 0 | ("2012/0253155").URPN. | USPAT | OR | OFF | 2017/10/03 11:19 |
| S32 | 10 | ("20030229276" | "20050197583" | "4258719" | "4989169" | "7890158").PN. OR ("8768424").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/10/03 11:19 |
| S33 | 0 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) S32 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S34 | 197 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) sin | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S35 | 131 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) sin cos | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S36 | 38 | (demultiplex$3 demodulat$3 | US-PGPUB; | AND | OFF | 2017/10/03 |

file:///C/Users/hnguyen55/Documents/e-Red%20Folder/14621268/EASTSearchHistory.14621268_AccessibleVersion.htm[9/27/2018 6:44:23 PM]

-694-

MASA00086637

| | | | | | | |
|---|---|---|---|---|---|---|
| | | decimat$3 filter$3 multiply$3) sin cos (blood or medic$3 or tissue$1 or analyte$) | USPAT; DERWENT | | | 11:23 |
| S37 | 38 | (demultiplex$3 demodulat$3 decimat$3 (filter$3 or (low adj pass)) multiply$3) sin cos (blood or medic$3 or analyte$) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:30 |
| S38 | 4 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) sin cos (blood or medic$3 or analyte$) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:31 |
| S39 | 66 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) (blood or medic$3 or analyte$) (light with (on or off)) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:54 |
| S40 | 1 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) sin cos (blood or medic$3 or analyte$) (light with (on or off)) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:57 |
| S41 | 8388 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/10/03 17:13 |
| S42 | 149 | ((("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/11/28 16:29 |
| S43 | 0 | "14621268" | US-PGPUB; USPAT | AND | OFF | 2017/11/28 16:42 |
| S44 | 8495 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/11/28 16:43 |
| S45 | 1420 | light sensor demultiplex$3 filter$3 amplifier modulat$3 demodulat$3 multipl$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:23 |
| S46 | 99 | light sensor (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| S47 | 0 | (light smae sensor$3) (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| S48 | 81 | (light same sensor$3) (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| S49 | 0 | "14621268" | US-PGPUB; USPAT | OR | OFF | 2018/07/26 10:08 |
| S50 | 0 | (low pass filter$3 decimat$3 demodulat$3 multipl$3 demultiplex$3 physiological).clm. | US-PGPUB; USPAT | AND | OFF | 2018/09/27 16:24 |
| S51 | 99 | (low with pass with filter$3) decimat$3 demodulat$3 multipl$3 demultiplex$3 physiological | US-PGPUB; USPAT | AND | OFF | 2018/09/27 16:24 |
| S52 | 174 | (((("LAMEGO") near3 ("Marcelo"))).INV. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2018/09/27 16:48 |

file:///C/Users/hnguyen55/Documents/e-Red%20Folder/14621268/EASTSearchHistory.14621268_AccessibleVersion.htm[9/27/2018 6:44:23 PM]

-695-

MASA00086638

| S53 | 0 | ("2012/0253155").URPN. | USPAT | OR | OFF | 2018/09/27 17:05 |
|-----|-----|-----|-----|-----|-----|-----|
| S54 | 138 | ("4653498" \| "4807630" \| "4907876" \| "4942877").PN. OR ("5349952").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/09/27 17:11 |
| S55 | 3 | S54 (low pass filter$3 decimat$3 demodulat$3 multipl$3 demultiplex$3 physiological) | US-PGPUB; USPAT; USOCR | AND | OFF | 2018/09/27 17:14 |
| S56 | 9136 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2018/09/27 17:19 |

9/27/2018 6:44:20 PM
C:\ Users\ hnguyen55\ Documents\ EAST\ Workspaces\ 14621268.wsp

file:///C/Users/hnguyen55/Documents/e-Red%20Folder/14621268/EASTSearchHistory.14621268_AccessibleVersion.htm[9/27/2018 6:44:23 PM]

-696-
MASA00086639

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 14621268 |
| **Filing Date:** | 12-Feb-2015 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Attorney Docket Number:** | P22879US1 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 1 month with $0 paid | 1251 | 1 | 200 | 200 |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **200** |

MASA00086641

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 33746127 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Filer Authorized By:** | Gregory W. Osterloth |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 17-SEP-2018 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 18:41:02 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $200 |
| RAM confirmation Number | 091818INTEFSW18415100 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

MASA00086642

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response After Final Action | P22879US1Amendment.pdf | 25876 <br><br> a385f12a920204e0460e1e43a01726c52e1 7c14b | no | 5 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30853 <br><br> 6fbfed12403729694890ef1619o2bfbde275 9925 | no | 2 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 56729 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MASA00086643

Attorney Docket No. P22879US1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): | Marcelo M. Lamego | | |
| App. No.: | 14/621,268 | Con. No.: | 6317 |
| Filed: | February 12, 2015 | Art Unit: | 3777 |
| Title: | MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | Examiner: | Nguyen, Hien Ngoc |

**AMENDMENT AND RESPONSE TO FINAL OFFICE ACTION**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

In response to the final Office action dated May 16, 2018, please consider the following remarks and amend the above-identified application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

-701-

MASA00086644

**Amendments to the Claims:**

1-21.    (Canceled)

22.    (Previously Presented)  A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising:

determining a first multiplier value by:

turning on the first light source;

generating a first initial signal in response to capturing a first light sample corresponding to the first light source;

demodulating the first initial signal to produce first initial demodulated signals;

filtering and decimating the first initial demodulated signals; and

determining the first multiplier value based on the filtered and decimated first initial demodulated signals;

determining a second multiplier value by:

turning on the second light source;

generating a second initial signal in response to capturing a second light sample corresponding to the second light source;

demodulating the second initial signal to produce second initial demodulated signals;

filtering and decimating the second initial demodulated signals; and

determining the second multiplier value based on the filtered and decimated second initial demodulated signals;

capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal;

demodulating the captured signal to produce multiple demodulated signals;

performing a first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

performing a second decimation stage after the first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

MASA00086645

Attorney Docket No. P22879US1

demultiplexing each demodulated signal after the second stage to produce a first signal associated with the first light source and a second signal associated with the second light source;

multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal;

multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and

analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

23.   (Previously Presented)  The method as in claim 22, wherein the capturing multiple light samples comprises capturing multiple light samples while:

the first light source is turned on and the second light source is turned off;

the second light source is turned on and the first light source is turned off; and

the first light source and the second light source are turned off after being turned on.

24.   (Previously Presented)  The method as in claim 23, wherein the capturing multiple light samples further comprises capturing one or more light samples after the first light source is turned off and before the second light source is turned on.

25.   (Previously Presented)  The method as in claim 22, wherein the demodulating the captured signal to produce multiple demodulated signals comprises:

applying a first demodulation operation of a sine function to the captured signal; and

applying a second demodulation operation of a cosine function.

26-35.  (Canceled)

29.   (Previously Presented)  The method as in claim 23, wherein the multiple light samples comprise at least five light samples captured when the first light source is turned on and the second light source is turned off.

30.   (Canceled)

MASA00086646

Attorney Docket No. P22879US1

31.     (Previously Presented)  The method as in claim 22, wherein:

when the first light source is turned on, the first light source emits infrared light; and

when the second light source is turned on, the second light source emits visible light.


32-35.  (Canceled)

-704-

MASA00086647

## REMARKS

This paper is submitted in response to the final Office action mailed on May 16, 2018. This paper cancels claims 1, 3-4, 13-14, 30, and 32-35. Accordingly, after entry of this Amendment and Response, claims 22-25, 29, and 31 will be pending.

According to the Office action, claims 22-25, 29, and 31 are allowed. All rejected claims have been canceled herein, rendering the pending rejections moot. The Assignee respectfully submits the present application, as amended, is in condition for allowance and respectfully requests the issuance of a Notice of Allowability as soon as practicable.

This Amendment and Response is submitted contemporaneously with a petition for a one-month extension of time, and a request to charge Deposit Account No. 504621 for the requisite fees. The Assignee believes no further fees or petitions are required. However, if any such petitions or fees are necessary, please consider this a request therefor and authorization to charge Deposit Account No. 504621 accordingly.

If the Examiner should require any additional information or amendment, please contact the undersigned attorney.

Dated:  September 17, 2018.

Respectfully submitted,


_____/Gregory W. Osterloth/_____
Gregory W. Osterloth, Registration No. 36,232
Attorney for Assignee
USPTO Customer No. 62579

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
Phone:  303-223-1100
Fax:  303-223-1111

MASA00086648

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/621,268 | Filing Date<br>02/12/2015 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **09/17/2018** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | · 6 | Minus ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus *** 3 | = 0 | x $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

SLIE
KIMBERLY WHITE

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

MASA00086649

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579          7590          08/16/2018
APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3737 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/16/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

PTOL-90A (Rev. 04/07)

MASA00086650

| ***Advisory Action***<br>***Before the Filing of an Appeal Brief*** | Application No.<br>14/62°,°°° | Applicant(s)<br>LAMEGO, MARCELO M. | |
| --- | --- | --- | --- |
| | Examiner<br>HIEN NGUYEN | Art Unit<br>3737 | AIA (First Inventor to File) Status<br>Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>10 August 2018</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☒ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

    a) ☒ The period for reply expires <u>3</u> months from the mailing date of the final rejection.

    b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

    c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires _____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

    *Examiner Note:* If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANT'S <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☒ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

    a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);

    b) ☐ They raise the issue of new matter (see NOTE below);

    c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

    d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

    NOTE: *See Continuation Sheet.* (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☐ For purposes of appeal, the proposed amendment(s): (a) ☐ will not be entered, or (b) ☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

9. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: <u>The amendment change the scope of the claims therefore require further search and consideration. Time allow after final is not adequate for search and consideration. Since the claims are not entered examiner maintain 112 and 101 rejection.</u>

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☒ Other: <u>attach PTO 2323 AFCP 2.</u>

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:

    Claim(s) allowed: 22-25,29 and 31.

    Claim(s) objected to: .

    Claim(s) rejected: 4,5,13,14,26-28,30,32 and 33.

    Claim(s) withdrawn from consideration: 1,3,34 and 35.

/HIEN NGUYEN/
Primary Examiner, Art Unit 3737

**Advisory Action Before the Filing of an Appeal Brief**

Continuation of 3. NOTE:  The amendment change the scope of the claims that require further search and consideration.

| AFCP 2.0 Decision | Application No. | Applicant(s) |
|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO M. |
| | Examiner | Art Unit |
| | HIEN NGUYEN | 3737 |

This is in response to the After Final Consideration Pilot request filed 10 August 2018.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

    ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

    ☐ A non-broadening amendment to at least one independent claim was not submitted.

    ☐ A proper AFCP 2.0 request was submitted in response to the most recent final rejection.

    ☐ Other:

2. **Proper Request**

    **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
        The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

      ☒ The after final amendment will be treated under pre-pilot procedure.

    **B.** Updated search and/or completed additional consideration.
        The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

      ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

      ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action. See attached interview summary for further details.

      ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

      ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

      ☐ 5. Other:

    Examiner Note: Please attach an interview summary when necessary as described above.

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Pilot Program Request

PTO/SB/434 (05-13)

## CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE
## AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: | Application No.: | Filing Date: |
|---|---|---|
| P22879US1 | 14/621,268 | February 12, 2015 |

| First Named Inventor: | Title: |
|---|---|
| Marcelo M. Lamego | Modulation and Demodulation Techniques for a Health Monitoring System |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:

- Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
- The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
  - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
  - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
    - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
    - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature | Date |
|---|---|
| /Gregory W. Osterloth/ | August 10, 2018 |

| Name (Print/Typed) | Practitioner Registration No. |
|---|---|
| Gregory W. Osterloth | 36,232 |

*Note: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.*

☐ * Total of _____ forms are submitted.

MASA00086654

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record in this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

MASA00086655

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 33437778 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Filer Authorized By:** | Gregory W. Osterloth |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 10-AUG-2018 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 15:54:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response After Final Action | P22879US1Amendment.pdf | 51485<br>89a33a2c3f9b5265dda742ccee53766d7c0632ba | no | 10 |

**Warnings:**

MASA00086656

**Information:**

| 2 | After Final Consideration Program Request | P22879US1AFCP.pdf | 211809 | no | 2 |
|---|---|---|---|---|---|
| | | | 86b976c2124624679b1d5280074dc4fc6df3844e | | |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 263294 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MASA00086657

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>14/621,268 | Filing Date<br>02/12/2015 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **08/10/2018** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 16 | Minus ** 20 | = 0 | X $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | X $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
LASHAWN MORGAN

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

MASA00086658

Attorney Docket No. P22879US1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| Inventor(s): Marcelo M. Lamego | |
|---|---|
| App. No.: 14/621,268 | Con. No.: 6317 |
| Filed: February 12, 2015 | Art Unit: 3777 |
| Title: MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | Examiner: Nguyen, Hien Ngoc |

## AMENDMENT AND RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

In response to the final Office action dated May 16, 2018, please consider the following remarks and amend the above-identified application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

-716-
MASA00086659

Attorney Docket No. P22879US1

**Amendments to the Claims:**

1.       (Withdrawn – Previously Presented)  An electronic device, comprising:

two or more light sources for emitting light toward a body part of a user;

an optical sensor for obtaining light samples and converting the light samples into a signal;

a processing device operably connected to the optical sensor for demodulating the signal received from the optical sensor into a demodulated signal associated with each light source;

at least one decimation stage for processing each demodulated signal, wherein each decimation stage comprises a low pass filter for receiving the demodulated signals and a decimation circuit operably connected to an output of the low pass filter; and

a demultiplexer and multiplier circuit operably connected to an output of a last decimation stage, wherein the demultiplexer separates the signals by each associated light source and the multiplier multiplies each separated signal by one or more respective multiplier values; wherein

in an initiation stage, the one or more respective multiplier values are determined by:

turning on a respective light source;

generating a respective initial signal in response to the optical sensor capturing a respective light sample corresponding to the respective light source;

processing the respective initial signal by the processing device and the at least one decimation stage to produce respective processed initial signals; and

determining the respective multiplier value based on the respective processed initial signals; and

in an operating stage after the initiation stage:

the optical sensor obtains the light samples and converts the light samples into the signal;

the signal is conditioned by the processing device, the at least one decimation stage, and the demultiplexer and multiplier circuit to obtain conditioned signals; and

the processing device analyzes the conditioned signals to estimate a physiological parameter of the user.

2.       (Canceled)

MASA00086660

Attorney Docket No. P22879US1

3.      (Withdrawn)  The electronic device as in claim 1, wherein the electronic device is a wearable communication device.

4.      (Currently Amended)  A method for <u>estimating a physiological parameter</u> ~~processing a signal obtained by an electronic device when modulated light from multiple light sources of the electronic device is emitted toward a body part~~ of a user <u>using an electronic device</u>, the method comprising:

determining respective values for demultiplexed and demodulated signals by:

capturing, by a light sensor of the electronic device, initial light samples;

processing the initial light samples, by the electronic device, by demodulating, filtering, decimating, or demultiplexing the initial light samples to produce one or more processed signals; and

determining, by the electronic device, the respective values based on the one or more processed signals;

capturing, by the light sensor, a first set of light samples in response to a first of the multiple light sources of the electronic device emitting modulated light toward [[the]] <u>a</u> body part of the user;

capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user;

converting, within the electronic device, the first set of light samples and the second set of light samples into the signal;

demodulating the signal, by the electronic device, to produce multiple demodulated signals, each associated with one of the multiple light sources;

filtering and decimating each demodulated signal at least once within the electronic device; and

demultiplexing the demodulated signals within the electronic device; and

multiplying each of the demultiplexed and demodulated signals by at least one of the respective values, using a multiplier circuit of the electronic device, to produce a signal associated with each light source; <u>and</u>

<u>analyzing each signal associated with each light source to estimate a physiological parameter of the user;</u> wherein

the at least one of the respective values adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter.

5-12.   (Canceled)

13.      (Previously Presented)  The method as in claim 4, wherein demodulating the signal to produce multiple demodulated signals comprises applying a first demodulation operation of a sine function to the signal and applying a second demodulation operation of a cosine function to the signal.

14.      (Original)  The method as in claim 4, wherein filtering and decimating each demodulated signal at least once to produce a signal associated with each light source comprises inputting each demodulated signal into one or more low pass filter and decimation stages, wherein each low pass filter and decimation stage comprises a low pass filter for receiving a demodulated signal and a decimation circuit operably connected to an output of the low pass filter.

15-21.  (Canceled)

22.      (Previously Presented)  A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising:
determining a first multiplier value by:
turning on the first light source;
generating a first initial signal in response to capturing a first light sample corresponding to the first light source;
demodulating the first initial signal to produce first initial demodulated signals;
filtering and decimating the first initial demodulated signals; and
determining the first multiplier value based on the filtered and decimated first initial demodulated signals;
determining a second multiplier value by:
turning on the second light source;
generating a second initial signal in response to capturing a second light sample corresponding to the second light source;
demodulating the second initial signal to produce second initial demodulated signals;

MASA00086662

Attorney Docket No. P22879US1

filtering and decimating the second initial demodulated signals; and

determining the second multiplier value based on the filtered and decimated second initial demodulated signals;

capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal;

demodulating the captured signal to produce multiple demodulated signals;

performing a first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

performing a second decimation stage after the first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

demultiplexing each demodulated signal after the second stage to produce a first signal associated with the first light source and a second signal associated with the second light source;

multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal;

multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and

analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.


23.    (Previously Presented)  The method as in claim 22, wherein the capturing multiple light samples comprises capturing multiple light samples while:

the first light source is turned on and the second light source is turned off;

the second light source is turned on and the first light source is turned off; and

the first light source and the second light source are turned off after being turned on.


24.    (Previously Presented)  The method as in claim 23, wherein the capturing multiple light samples further comprises capturing one or more light samples after the first light source is turned off and before the second light source is turned on.

MASA00086663

Attorney Docket No. P22879US1

25.     (Previously Presented)  The method as in claim 22, wherein the demodulating the captured signal to produce multiple demodulated signals comprises:

applying a first demodulation operation of a sine function to the captured signal; and

applying a second demodulation operation of a cosine function.

26-28.  (Canceled)

29.     (Previously Presented)  The method as in claim 23, wherein the multiple light samples comprise at least five light samples captured when the first light source is turned on and the second light source is turned off.

30.     (Currently Amended)  The method as in claim 22, wherein the first multiplier value and the second multiplier value adjust the captured signal for changes over time in at least one of a light an optical sensor, an operational amplifier associated with the light sensor, or a filter.

31.     (Previously Presented)  The method as in claim 22, wherein:

when the first light source is turned on, the first light source emits infrared light; and

when the second light source is turned on, the second light source emits visible light.

32.     (Previously Presented)  The method as in claim 22, further comprising turning on the first light source and the second light source to emit modulated light having a modulation frequency based on the harmonic frequencies of an electrical grid.

33.     (Currently Amended)  The method as in claim 32, wherein the capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user comprises capturing light samples at a frequency correlated interrelated with the modulation frequency.

34.     (Previously Presented)  The electronic device as in claim 1, wherein the two or more light sources comprise:

a first light source which emits light within a first wavelength range; and

a second light source which emits light within a second, distinct wavelength range.

MASA00086664

Attorney Docket No. P22879US1

35.    (Previously Presented)  The electronic device as in claim 1, wherein:

the two or more light sources comprise four light sources.

at least a first of the four light sources emits infrared light; and

at least a second of the four light sources emits visible light within a wavelength range associated with the color green.

-722-
MASA00086665

Attorney Docket No. P22879US1

## REMARKS

This paper is submitted in response to the final Office action mailed on May 16, 2018. This paper amends claims 4, 28, 30, and 33, and cancels claims 5 and 26-28. Accordingly, after entry of this Amendment and Response, claims 1, 3-4, 13-14, 22-25, and 29-35 will be pending, with claims 1 and 3 being previously withdrawn.

### I. Interview Summary

The Assignee thanks Examiner Nguyen for the courtesy of a telephonic interview on July 26, 2018. In attendance were Examiner Nguyen and the Assignee's representatives Gregory Osterloth and Benjamin Ryan. During the interview, the rejections to the claims under 35 U.S.C. §§ 101 and 112 and proposed amendments for overcoming these rejections were discussed. The Examiner indicated that claim 22 is not subject to a rejection under 35 U.S.C. § 101 because it recites a step of analyzing signals to estimate a physiological parameter of a user. No specific agreement was reached regarding the rejections under 35 U.S.C. § 112.

### II. Claim Rejections Under 35 U.S.C. § 101

The Examiner rejected claims 4-5, 13-14, and 26 under 35 U.S.C. § 101 asserting that the claimed invention is directed to a judicial exception. The amendments to claim 4 render these rejections moot.

Amended claim 4 recites, in part, analyzing signals associated with light sources to estimate a physiological parameter of a user. As discussed in the interview, claim 22 is directed to patentable subject matter because it recites a step of analyzing signals to estimate a physiological parameter of a user. For at least the same reasons, amended claim 4, along with dependent claims 5, 13-14, and 26 are also directed to patentable subject matter.

The Assignee respectfully submits, therefore, that none of the claims in the present application are directed to non-statutory subject matter under 35 U.S.C. § 101. Accordingly, the Assignee respectfully requests that the Examiner withdraw the rejections of claims 4-5, 13-14, and 26 under § 101.

### III. Claim Rejections Under 35 U.S.C. § 112

The Examiner rejected claims 26-28, 30, and 32-33 under 35 U.S.C. § 112(a) as failing to comply with the written description requirement. Regarding claims 28, 30, and 33, the

-723-

MASA00086666

Attorney Docket No. P22879US1

amendments to the claims render the rejections moot. Regarding claim 32, the Assignee respectfully traverses these rejections. Regarding claims 26-28, the claims are canceled, rendering the rejections moot.

Amended claim 30 has adequate support at least in paragraphs [0057]-[0058] of the Specification as filed. Amended claim 30 recites, in part, "wherein the first multiplier value and the second multiplier value adjust the captured signal for changes over time in at least one of an optical sensor, an operational amplifier, or a filter." Paragraphs [0057]-[0058] recite, in part:

> The multiplier circuit then multiplies each signal by respective weights or values. As one example, the values can be stored in a matrix, and each signal is multiplied by the values in a respective row in the matrix.
> …
> The operations of the components such as the optical sensor, the filters (e.g., high pass filters, low pass filters), the operational amplifiers, and the like, change over time due to temperature and other factors. The values in the matrix adjust the signals for these changes.

The foregoing provides adequate support for claim 30. Accordingly, the rejection of claim 30 under 35 U.S.C. § 112 should be withdrawn.

Amended claim 33 has adequate support at least in paragraph [0046] of the Specification as filed. Amended claim 33 recites, in part, "wherein the capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user comprises capturing light samples at a frequency interrelated with the modulation frequency." Paragraph [0046] recites, in part, that "the modulation cycle frequency and the sampling frequency may be interrelated, which provides adequate support for claim 33. Accordingly, the rejection of claim 33 under 35 U.S.C. § 112 should be withdrawn.

Claim 32 has adequate support at least in paragraphs [0006], [0046], and [0047] of the Specification as filed. Claim 32 recites, in part, "turning on the first light source and the second light source to emit modulated light having a modulation frequency based on the harmonic frequencies of an electrical grid." Paragraph [0006] recites, in part, "the light sources can be modulated (e.g., turned on and off) according to a particular modulation pattern." Paragraph [0046] recites, in part, "the modulation cycle frequency and the sampling frequency may be interrelated." Paragraph [0047] recites, in part, "other embodiments can obtain a different number of samples and/or operate at a different frequency. The frequency may be determined based on a number of factors, one of which is the harmonics of the electrical network or grid." The foregoing provides adequate support for claim 32. Accordingly, the rejection of claim 32 under 35 U.S.C. § 112 should be withdrawn.

-724-
MASA00086667

Attorney Docket No. P22879US1

### III. Allowable Subject Matter

The Examiner indicated that claims 22-25 are allowed, and that claims 27-28, 30, and 32-33 would be allowable but for the rejection under 35 U.S.C. § 112. Claims 4-5, 13-14, and 26 would be allowable if rewritten to overcome the rejections under 35 U.S.C. § 101.

### IV. Conclusion

The Assignee thanks the Examiner for the thorough review of the application. The Assignee respectfully submits the present application, as amended, is in condition for allowance and respectfully requests the issuance of a Notice of Allowability as soon as practicable.

This Amendment is filed with a Certification and Request for Consideration Under the After Final Consideration Pilot Program. The Assignee believes no fees or petitions are due with this filing. However, if any such petitions or fees are necessary, please consider this a request therefor and authorization to charge Deposit Account No. 504621 accordingly.

If the Examiner should require any additional information or amendment, please contact the undersigned attorney.

Dated:  August 10, 2018.

Respectfully submitted,


_____/Gregory W. Osterloth/_____
Gregory W. Osterloth, Registration No. 36,232
Attorney for Assignee
USPTO Customer No. 62579

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
Phone:  303-223-1100
Fax:  303-223-1111

17020632.1

10

MASA00086668

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579        7590        08/01/2018
APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3737 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/01/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

PTOL-90A (Rev. 04/07)

MASA00086669

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) | | |
|---|---|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO M. | | |
| | Examiner | Art Unit | AIA (First Inventor to File) Status | Page |
| | HIEN NGUYEN | 3737 | Yes | 1 of 1 |

All participants (applicant, applicant's representative, PTO personnel):

1.  HIEN NGUYEN (Primary Examiner); Telephonic        2.  GREGORY OSTERLOTH (Attorney of Record); Telephonic

3.  BENJAMIN RYAN (Attorney); Telephonic

**Date of Interview:** 26 July 2018

**Claim(s) discussed:** 4, 28, 30 AND 32-33

**Brief Description of main topic of discussion:** Applicant argues about 101 and 112 written description rejection.

## Issues Discussed:

**Item(s) under 35 U.S.C. 112:**
Applicant argues claims 28, 30 and 32-33 are supported by paragraphs [0054], [0057] and [0045-0046]. Applicant provided the wrong paragraphs. Examiner told applicant examiner need to further review the specification. Examiner also told applicant the claim language need to change because the support in the specification might not be the same as what are being claimed. No agreement has been reach.

**Item(s) under 35 U.S.C. 101:**
Applicant would like to know the different between claim 4 being rejected under 101 and claim 22 indicate allowable. Examiner told applicant claim for only claim process signal to obtain a value. Claim 22 process data to obtain the value then use the value to obtain medical information. Claim 22 has real life application. Claim 4 is just processing signal. No agreement has been reach.

**Attachment(s):** Agenda

| /HIEN NGUYEN/ Primary Examiner, Art Unit 3737 | |
|---|---|

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable time limit of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicant's responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided.  See MPEP 713.04**

Please further see:

**MPEP 713.04**
**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)**
**37 CFR § 1.2 Business to be transacted in writing**

Attorney Docket No. P22879US1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): Marcelo M. Lamego | | | |
| App. No.: 14/621,268 | | Con. No.: | 6317 |
| Filed: February 12, 2015 | | Art Unit: | 3777 |
| Title: MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | | Examiner: | Nguyen, Hien Ngoc |

## AGENDA FOR EXAMINER INTERVIEW

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## FOR DISCUSSION PURPOSES ONLY
## DO NOT ENTER

- Telephone conference to take place on Thursday July 26, 2018 at 11:30 AM ET.

- Attendees  Examiner Hien Ngoc Nguyen and the Assignee's representatives Gregory Osterloth and Benjamin Ryan.

- The Assignee's representatives request the interview to discuss the rejections under 35 U.S.C. §§ 101 and 112.

- With respect to the 112 rejections of claims 28, 30, and 32-33, the Assignee's representatives believe claim 28 has support at paragraph [0054] of the specification as filed, claim 30 has support in paragraph [0057], and claims 32 and 33 have support in paragraphs [0045]-[0046].

1

MASA00086671

**UNITED STATES PATENT AND TRADEMARK OFFICE**

# USPTO Automated Interview Request (AIR)

Jul 13 2018

This paper requesting to schedule and/or conduct an interview is appropriate because:

This submission is requested to be accepted as an authorization for this interview to communicate via the internet.  Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned concerning scheduling of the interview via video conference, instant messaging, or electronic mail, and to conduct the interview in accordance with office practice including video conferencing.

Name(s):
Gregory Osterloth

S-signature:
/Gregory Osterloth/

Registration Number:
36232

U.S. Application Number:
14621268

Confirmation Number:
6317

E-mail Address:
gosterloth@bhfs.com

Phone Number:
3032231100

Proposed Time of Interview:
7-19-2018 1:00 PM ET

Alternative Proposed Time(s) of Interview:
  ET
Alternative Proposed Time(s) of Interview:
  ET
Prefered Interview Type:
Telephonic

I am the applicant or applicant's representative for this application.



**UNITED STATES**
**PATENT AND TRADEMARK OFFICE**

PALM—SILVER

MASA00086672

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579          7590          05/16/2018

APPLE INC./BROWNSTEIN
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3777 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/16/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

PTOL-90A (Rev. 04/07)

MASA00086673

| **Office Action Summary** | **Application No.**<br>14/621,268 | **Applicant(s)**<br>LAMEGO, MARCELO M. |
|---|---|---|
| | **Examiner**<br>HIEN NGUYEN | **Art Unit**<br>3777 | **AIA (First Inventor to File) Status**<br>Yes |

*Note: the header row above spans as a 2×3 table.*

| | **Application No.**<br>14/621,268 | **Applicant(s)**<br>LAMEGO, MARCELO M. |
|---|---|---|

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on _03/28/18_.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☒ This action is **FINAL**.   2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) _1,3-5,13,14 and 22-35_ is/are pending in the application.
   5a) Of the above claim(s) _1,3,34 and 35_ is/are withdrawn from consideration.

6)☒ Claim(s) _22-25,29 and 31_ is/are allowed.

7)☒ Claim(s) _4,5,13,14,26-28,30,32 and 33_ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on _02/12/15_ is/are: a)☒ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a)☐ All   b)☐ Some**  c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 14/621,268                                      Page 2
Art Unit: 3777

The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.


# DETAILED ACTION


## *Claim Rejections - 35 USC § 101*


35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or
composition of matter, or any new and useful improvement thereof, may obtain a patent
therefor, subject to the conditions and requirements of this title.

Claims 4-5, 13-14 and 26 are rejected under 35 U.S.C. 101 because the claimed

invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon,

or an abstract idea) without significantly more.  Claims 4-5, 13-14 and 26 are directed to

a method for processing light signal.  The claim(s) does/do not include additional

elements that are sufficient to amount to significantly more than the judicial exception

because the additional device elements, which are recited at a high level of generality,

provide conventional device functions that do not add meaningful limits to practicing the

abstract idea.


Claim 4 recites, in part, a method for processing light signal. The method involve

mathematical concepts such as mathematical relationships, mathematical formulas, and

calculation (demodulation and decimating involve mathematical algorithm and

Application/Control Number: 14/621,268                                              Page 3
Art Unit: 3777

processing), collecting and processing known information, comparing information

regarding a sample or test subject to a control or target data which correspond to

concepts identified as abstract ideas by the courts. The claims involve processing

signal, but do not claim how this is being performed and it's significant over the current

technology.


        The claim does not include additional elements that are sufficient to amount to

significantly more than the judicial exception because the additional elements when

considered both individually and as an ordered combination do not amount to

significantly more than the abstract idea. The claim recites the additional limitations of a

"capturing light sample", a "filtering" and a "light source". These additional elements are

recited at a high level of generality and are recited as performing generic computer

functions routinely used in computer applications. Generic computer components

recited as performing generic computer functions that are well-understood, routine and

conventional activities amount to no more than implementing the abstract idea with a

computerized system. Thus, taken alone, these additional elements do not amount to

significantly more than the above-identified judicial exception (the abstract idea).

Looking at the limitations as an ordered combination adds nothing that is not already

present when looking at the elements taken individually. There is no indication that the

combination of elements improves the functioning of a computer or improves any other

technology. Their collective functions merely provide conventional computer

implementation.

MASA00086676

Application/Control Number: 14/621,268                                              Page 4
Art Unit: 3777

Claims 5, 13-14 and 26 are dependent on claim 4 that includes all the limitations of claim 4. Therefore, claims 5, 13-14 and 26 recites the same abstract idea of "mathematical relationship", "collecting and processing known information" and comparing information regarding a sample or test subject to a control or target data. The claim recites the additional limitations (perform demodulation using sin and cos equations; turn on and off light source and perform detection; filtering and decimation) that also mathematical relationship and collecting and comparing known information. Thus, taken alone, these additional elements do not amount to significantly more than the above-identified judicial exception (the abstract idea). Looking at the limitations as an ordered combination adds nothing that is not already present when looking at the elements taken individually. There is no indication that the combination of elements improves the functioning of a computer or improves any other technology. Their collective functions merely provide conventional computer implementation.

Claims 5, 13-14 and 26 are therefore not drawn to eligible subject matter as they are directed to an abstract idea without significantly more.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

(a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it

MASA00086677

Application/Control Number: 14/621,268                                  Page 5
Art Unit: 3777

> is most nearly connected, to make and use the same,  and shall set forth the best mode
> contemplated by the inventor or joint inventor of carrying out the invention.

### The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the
> manner and process of making and using it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains, or with which it is most nearly
> connected, to make and use the same, and shall set forth the best mode contemplated by the
> inventor of carrying out his invention.

Claims 26-28, 30 and 32-33 are rejected under 35 U.S.C. 112(a) or 35 U.S.C.

112 (pre-AIA), first paragraph, as failing to comply with the written description

requirement.  The claim(s) contains subject matter which was not described in the

specification in such a way as to reasonably convey to one skilled in the relevant art that

the inventor or a joint inventor, or for pre-AIA the inventor(s), at the time the application

was filed, had possession of the claimed invention. These limitations "wherein the

respective values are determined each time the user activates the electronic device;

storing the first multiplier value in the first multiplier circuit; and storing the second

multiplier value in the second multiplier circuit; wherein the demodulating the captured

signal to produce multiple demodulated signals further comprises a first demodulation

stage at a first harmonic frequency of the captured signal and a second demodulation

stage at a second harmonic frequency of the captured signal; wherein the first multiplier

value and the second multiplier value adjust the captured signal for changes over time

in at least one of a light sensor, an operational amplifier associated with the light sensor,

or a filter; turning on the first light source and the second light source to emit modulated

light having a modulation frequency based on the harmonic frequencies of an electrical

grid and wherein the capturing multiple light samples while the first light source and the

MASA00086678

Application/Control Number: 14/621,268                                    Page 6
Art Unit: 3777

~~second light source are turned on to emit modulated light toward the body part of the~~
~~user comprises capturing light samples at a frequency correlated with the modulation~~
~~frequency~~" are not disclose in the specification. Examiner could not find these limitations
in the specification.

### *Allowable Subject Matter*

Claims 22-25 are allowed.

Claims 27-28, 30 and 32-33 would be allowable if rewritten to overcome the
rejection(s) under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), 1st paragraph, set forth
in this Office action and to include all of the limitations of the base claim and any
intervening claims.

Claims 4-5, 13-14 and 26 would be allowable if rewritten to overcome the
rejection(s) under 35 U.S.C. 101, set forth in this Office action and to include all of the
limitations of the base claim and any intervening claims.

### *Response to Arguments*

Applicant's arguments filed 03//28/18 have been fully considered but they are not
persuasive. Applicant argues claim 4 and its dependent claims include several
additional limitations transform the claims, the claim limitations do considerably more
than implement an abstract idea on a generic computer. Applicant's argument is not
persuasive because the claim do not have any real-life practical application. It is just

Application/Control Number: 14/621,268                                    Page 7
Art Unit: 3777

processing signal from a generic computer. Light sensor for capturing light, filtering by

filter, demultiplexing and using multiplier circuit of the electronic device are conventional

step using conventional device. In previous office action examiner already provide art to

disclose that capturing light by light sensor, filtering by filter, demultiplexing and using

multiplier circuit of the electronic device are well-known. Using well-known electronic

devices to perform well-known steps is not significantly more than an abstract idea.

Sensor, filter, demultiplex and multiplier circuit are generic electronic/computer device.

The claim is an abstract idea (processing signal) perform on a generic

electronic/computer device.

Applicant argues there are no identification of claim limitations that are not

adequately supported nor any explanation why the claims are not fully supported by the

disclosure. Applicant's argument is not persuasive because examiner explain that

claims 26-28, 30 and 32-33 are not disclose in the specification. All limitations in these

claims are not disclose in the specification. Examiner identify claims 26-28, 30 and 32-

33 lack support by the specification, which mean all limitations in these claims lack

support by the specification. Applicant argues examiner has not met the burden of

presenting evidence or reasons why a person skilled in the art would not recognize the

written description of the invention as providing adequate support for the claim

invention. Applicant's argument is not persuasive because examiner stated in the

rejection that the claim limitations is not in the specification. One of ordinary skill in the

art can not understand the claim limitations when the claim limitations is not in the

MASA00086680

Application/Control Number: 14/621,268                                    Page 8
Art Unit: 3777

specification. The written description of the invention is not adequately support when the

claim limitations is not in the specification.


### Conclusion


Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to HIEN NGUYEN whose telephone number is (571)270-

7031.  The examiner can normally be reached on 7:30-5:00.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

MASA00086681

Application/Control Number: 14/621,268                                    Page 9
Art Unit: 3777

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Robert Chen can be reached on (571) 272-3672.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/H. N./
Examiner, Art Unit 3777

/ELMER CHAO/
Primary Examiner, Art Unit 3777

MASA00086682

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 283 | (("SLAYTON") near3 ("Michael")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/26 15:46 |
| S2 | 367894 | S1 ((acousto adj mechanical) effect).clm. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/26 15:49 |
| S3 | 4 | S1 ((acousto adj mechanical) effect).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/09/26 15:49 |
| S4 | 51 | (("JAEGER") near3 ("Paul")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/26 16:01 |
| S5 | 2 | S4 ((acousto adj mechanical) effect).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/09/26 16:02 |
| S6 | 3419 | (A61N7/00 or A61H23/0245).cpc. | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/09/26 16:08 |
| S7 | 949 | ((acoust$2 adj mechanical) or (acoust$2 adj elastic)) ultraso$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/26 16:59 |
| S8 | 22 | ((acoust$2 adj mechanical) or (acoust$2 adj elastic)) ultraso$3 pigment | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/26 17:00 |
| S9 | 100 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/26 17:08 |
| S10 | 41 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 (skin or tissue or pigment) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/26 17:16 |
| S11 | 3 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 (skin or tissue or pigment) hz kw | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:36 |
| S12 | 3 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 (skin or tissue or pigment) hz (kw or kwatt$1) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:37 |
| S13 | 5 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 (skin or tissue or pigment) (khz or mhz) (kw or kwatt$1) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:38 |
| S14 | 53 | (ultraso$3 same pigment) (khz or mhz) (kw or kwatt$1) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:39 |
| S15 | 6 | (ultraso$3 same pigment) (khz or mhz) (kw or kwatt$1) (pulse adj duration) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:39 |
| S16 | 2 | "20120143056" | US-PGPUB; USPAT; | AND | OFF | 2017/09/27 09:58 |

| S17 | 34 | (ultraso$3 same pigment) (khz or mhz) (pulse adj duration) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 09:59 |
| S18 | 8 | (ultraso$3 same pigment) (pulse adj duration) kw | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:23 |
| S19 | 3 | "20110263967" | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:27 |
| S20 | 264 | (ultraso$3 same pigment) kw | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:33 |
| S21 | 8 | (ultraso$3 same pigment) kw (pulse$1 adj duration) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:34 |
| S22 | 26 | (ultraso$3 same pigment) kw duration | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:36 |
| S23 | 39 | (ultraso$3 same pigment same (target$3 or treat$4)) kw | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:37 |
| S24 | 9 | (ultraso$3 same pigment same (skin or tissue)) kw | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:38 |
| S25 | 132 | (ultraso$3 with (treat$4 or therap$5)) kw (pulse adj duration) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:43 |
| S26 | 95 | (ultraso$3 with (treat$4 or therap$5)) kw (pulse adj duration) (skin or tissue) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:44 |
| S27 | 84 | (ultraso$3 with (treat$4 or therap$5)) kw (pulse adj duration) (skin or tissue) (cavitation or thermal) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:46 |
| S28 | 9 | (ultraso$3 with (treat$4 or therap$5)) (kw same (pulse adj duration) same ultraso$3) (skin or tissue) (cavitation or thermal) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:51 |
| S29 | 18 | (ultraso$3 with (treat$4 or therap$5)) (kw same (pulse adj duration)) (skin or tissue) (cavitation or thermal) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:52 |
| S30 | 44 | (ultraso$3 with (treat$4 or therap$5)) (kw with power) (pulse adj duration) (skin or tissue) (cavitation or thermal) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:54 |
| S31 | 3 | ((acousto adj mechanical) or (acousto adj elastic)) ultraso$3 (pigment) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 10:58 |
| S32 | 635 | (ultraso$3 with (treat$4 or therap$5)) (pulse adj duration) (skin or tissue) (cavitation or thermal) ((kw or watt$1 or w) with power) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 11:12 |
| S33 | 431 | (ultraso$3 with (treat$4 or therap$5)) (pulse adj duration) (skin or tissue) (cavitation or thermal) ((kw or watt$1) with power) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 11:12 |
| S34 | 56 | (ultraso$3 with (treat$4 or therap$5)) (pulse adj duration) (skin or tissue) | US-PGPUB; USPAT; | AND | OFF | 2017/09/27 11:15 |

| | | (cavitation or thermal) ("50" adj (kw or watt$1)) | | | | |
|---|---|---|---|---|---|---|
| S35 | 39 | (ultraso$3 with (treat$4 or therap$5)) (pulse adj duration) (skin or cosmetic) (cavitation or thermal) ("50" adj (kw or watt$1)) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 11:16 |
| S36 | 50 | (ultraso$3 with (treat$4 or therap$5)) (pulse adj duration) (skin or cosmetic) (cavitation or thermal) (kw or kilowatt$1) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 11:27 |
| S37 | 2 | "6488626".pn. | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/09/27 12:42 |
| S38 | 291 | ((("Slayton") near3 ("Michael") near3 ("H"))).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/04/25 11:01 |
| S39 | 3 | S38 (acousto effect cavitation thermal).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2018/04/25 11:02 |
| S40 | 52 | ((("Jaeger") near3 ("Paul"))).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/04/25 11:22 |
| S41 | 1 | S40 (acousto effect cavitation thermal).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2018/04/25 11:22 |
| S42 | 3593 | (A61N7/00 or A61H23/0245).cpc. | US-PGPUB; USPAT; USOCR | AND | OFF | 2018/04/25 12:18 |
| S43 | 61 | ((("Lamego") near3 ("Marcelo") near3 ("M"))).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/04/26 10:12 |
| S44 | 3597 | (A61N7/00 or A61H23/0245).cpc. | US-PGPUB; USPAT; USOCR | AND | OFF | 2018/04/26 11:21 |

**4/26/2018 1:01:57 PM**
**C:\Users\hnguyen55\Documents\EAST\Workspaces\14751349.wsp**

MASA00086685

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | **Examiner** | **Art Unit** |
| | HIEN NGUYEN | 3777 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| (A61B5/0059 or A61B5/0084).cpc. | 4/26/2018 | HN |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| East Search (inventor search) | 1/24/2017 | HN |
| East Search | 10/3/2017 | HN |
| East Search | 11/29/2017 | HN |
| Please see attach search report | | |
| East Search | 4/26/2018 | HN |
| Please see attach search report | | |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |

U.S. Patent and Trademark Office

Part of Paper No. : 20180426

MASA00086686

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | **Examiner** | **Art Unit** |
| | HIEN NGUYEN | 3777 |

| ✔ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☐ Claims renumbered in the same order as presented by applicant     ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/02/2016 | 01/24/2017 | 04/26/2018 | | | | | |
| | 1 | N | N | N | | | | | |
| | 2 | N | - | - | | | | | |
| | 3 | N | N | N | | | | | |
| | 4 | ✓ | ✓ | ✓ | | | | | |
| | 5 | ✓ | ✓ | ✓ | | | | | |
| | 6 | ✓ | ✓ | - | | | | | |
| | 7 | ✓ | ✓ | - | | | | | |
| | 8 | ✓ | ✓ | - | | | | | |
| | 9 | ✓ | ✓ | - | | | | | |
| | 10 | ✓ | ✓ | - | | | | | |
| | 11 | ✓ | ✓ | - | | | | | |
| | 12 | ✓ | ✓ | - | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | N | - | - | | | | | |
| | 16 | N | - | - | | | | | |
| | 17 | N | - | - | | | | | |
| | 18 | N | - | - | | | | | |
| | 19 | N | - | - | | | | | |
| | 20 | N | - | - | | | | | |
| | 21 | | ✓ | - | | | | | |
| | 22 | | ✓ | = | | | | | |
| | 23 | | ✓ | = | | | | | |
| | 24 | | ✓ | = | | | | | |
| | 25 | | ✓ | = | | | | | |
| | 26 | | | ✓ | | | | | |
| | 27 | | | ✓ | | | | | |
| | 28 | | | ✓ | | | | | |
| | 29 | | | = | | | | | |
| | 30 | | | ✓ | | | | | |
| | 31 | | | = | | | | | |
| | 32 | | | ✓ | | | | | |
| | 33 | | | ✓ | | | | | |
| | 34 | | | N | | | | | |
| | 35 | | | N | | | | | |

U.S. Patent and Trademark Office

Part of Paper No. : 20180426

MASA00086687

Attorney Docket No. P22879US1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): Marcelo M. Lamego | | | |
| App. No.: 14/621,268 | | Con. No.: 6317 | |
| Filed: February 12, 2015 | | Art Unit: 3777 | |
| Title: MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | | Examiner: Nguyen, Hien Ngoc | |

## AMENDMENT AND RESPONSE TO OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

In response to the Office action dated December 29, 2017, please consider the following remarks and amend the above-identified application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

-745-
MASA00086688

Attorney Docket No. P22879US1

**Amendments to the Claims:**

1.      (Withdrawn – Previously Presented)  An electronic device, comprising:

two or more light sources for emitting light toward a body part of a user;

an optical sensor for obtaining light samples and converting the light samples into a signal;

a processing device operably connected to the optical sensor for demodulating the signal received from the optical sensor into a demodulated signal associated with each light source;

at least one decimation stage for processing each demodulated signal, wherein each decimation stage comprises a low pass filter for receiving the demodulated signals and a decimation circuit operably connected to an output of the low pass filter; and

a demultiplexer and multiplier circuit operably connected to an output of a last decimation stage, wherein the demultiplexer separates the signals by each associated light source and the multiplier multiplies each separated signal by one or more respective multiplier values; wherein

in an initiation stage, the one or more respective multiplier values are determined by:

turning on a respective light source;

generating a respective initial signal in response to the optical sensor capturing a respective light sample corresponding to the respective light source;

processing the respective initial signal by the processing device and the at least one decimation stage to produce respective processed initial signals; and

determining the respective multiplier value based on the respective processed initial signals; and

in an operating stage after the initiation stage:

the optical sensor obtains the light samples and converts the light samples into the signal;

the signal is conditioned by the processing device, the at least one decimation stage, and the demultiplexer and multiplier circuit to obtain conditioned signals; and

the processing device analyzes the conditioned signals to estimate a physiological parameter of the user.

2.      (Canceled)

MASA00086689

3.      (Withdrawn)  The electronic device as in claim 1, wherein the electronic device is a wearable communication device.

4.      (Currently Amended)  A method for processing a signal obtained <u>by an electronic device</u> when modulated light from multiple light sources <u>of the electronic device</u> is emitted toward a body part of a user, the method comprising:

determining respective values for demultiplexed and demodulated signals by:

capturing, by a light sensor <u>of the electronic device</u>, initial light samples;

processing the initial light samples<u>, by the electronic device,</u> by demodulating, filtering, decimating, or demultiplexing the initial light samples to produce one or more processed signals; and

determining<u>, by the electronic device,</u> the respective values based on the one or more processed signals;

capturing, by the light sensor, a first set of light samples in response to a first of the multiple light sources <u>of the electronic device</u> emitting modulated light toward the body part of the user;

capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user;

converting<u>, within the electronic device,</u> the first set of light samples and the second set of light samples into the signal;

demodulating the signal<u>, by the electronic device,</u> to produce multiple demodulated signals, each associated with one of the multiple light sources;

filtering and decimating each demodulated signal at least once <u>within the electronic device</u>; and

demultiplexing the demodulated signals <u>within the electronic device</u>; and

multiplying each of the demultiplexed and demodulated signals by at least one of the respective values<u>, using a multiplier circuit of the electronic device,</u> to produce a signal associated with each light source; wherein

the at least one of the respective values adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter.

5.      (Original)  The method as in claim 4, further comprising analyzing each signal associated with each light source to estimate a physiological parameter of the user.

MASA00086690

6-12.    (Canceled)

13.      (Previously Presented)  The method as in claim 4, wherein demodulating the signal to produce multiple demodulated signals comprises applying a first demodulation operation of a sine function to the signal and applying a second demodulation operation of a cosine function to the signal.

14.      (Original)  The method as in claim 4, wherein filtering and decimating each demodulated signal at least once to produce a signal associated with each light source comprises inputting each demodulated signal into one or more low pass filter and decimation stages, wherein each low pass filter and decimation stage comprises a low pass filter for receiving a demodulated signal and a decimation circuit operably connected to an output of the low pass filter.

15-21.  (Canceled)

22.      (Previously Presented)  A method for estimating physiological parameters when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising:
determining a first multiplier value by:
        turning on the first light source;
        generating a first initial signal in response to capturing a first light sample corresponding to the first light source;
        demodulating the first initial signal to produce first initial demodulated signals;
        filtering and decimating the first initial demodulated signals; and
        determining the first multiplier value based on the filtered and decimated first initial demodulated signals;
determining a second multiplier value by:
        turning on the second light source;
        generating a second initial signal in response to capturing a second light sample corresponding to the second light source;
        demodulating the second initial signal to produce second initial demodulated signals;

MASA00086691

Attorney Docket No. P22879US1

filtering and decimating the second initial demodulated signals; and

determining the second multiplier value based on the filtered and decimated second initial demodulated signals;

capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into a captured signal;

demodulating the captured signal to produce multiple demodulated signals;

performing a first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

performing a second decimation stage after the first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

demultiplexing each demodulated signal after the second stage to produce a first signal associated with the first light source and a second signal associated with the second light source;

multiplying the first signal by the first multiplier value using a first multiplier circuit to obtain a first conditioned signal;

multiplying the second signal by the second multiplier value using a second multiplier circuit to obtain a second conditioned signal; and

analyzing the first conditioned signal and the second conditioned signal to estimate the physiological parameter of the user.

23.     (Previously Presented)  The method as in claim 22, wherein the capturing multiple light samples comprises capturing multiple light samples while:

the first light source is turned on and the second light source is turned off;

the second light source is turned on and the first light source is turned off; and

the first light source and the second light source are turned off after being turned on.

24.     (Previously Presented)  The method as in claim 23, wherein the capturing multiple light samples further comprises capturing one or more light samples after the first light source is turned off and before the second light source is turned on.

-749-
MASA00086692

Attorney Docket No. P22879US1

25.     (Previously Presented)  The method as in claim 22, wherein the demodulating the captured signal to produce multiple demodulated signals comprises:

applying a first demodulation operation of a sine function to the captured signal; and

applying a second demodulation operation of a cosine function.

26.     (Previously Presented)  The method as in claim 4, wherein the respective values are determined each time the user activates the electronic device.

27.     (Previously Presented)  The method as in claim 22, further comprising:

storing the first multiplier value in the first multiplier circuit; and

storing the second multiplier value in the second multiplier circuit.

28.     (Previously Presented)  The method as in claim 25, wherein the demodulating the captured signal to produce multiple demodulated signals further comprises a first demodulation stage at a first harmonic frequency of the captured signal and a second demodulation stage at a second harmonic frequency of the captured signal.

29.     (Previously Presented)  The method as in claim 23, wherein the multiple light samples comprise at least five light samples captured when the first light source is turned on and the second light source is turned off.

30.     (Previously Presented)  The method as in claim 22, wherein the first multiplier value and the second multiplier value adjust the captured signal for changes over time in at least one of a light sensor, an operational amplifier associated with the light sensor, or a filter.

31.     (Previously Presented)  The method as in claim 22, wherein:

when the first light source is turned on, the first light source emits infrared light; and

when the second light source is turned on, the second light source emits visible light.

32.     (Previously Presented)  The method as in claim 22, further comprising turning on the first light source and the second light source to emit modulated light having a modulation frequency based on the harmonic frequencies of an electrical grid.

16396091.1

MASA00086693

Attorney Docket No. P22879US1

33.    (Previously Presented)  The method as in claim 32, wherein the capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user comprises capturing light samples at a frequency correlated with the modulation frequency.

34.    (Previously Presented)  The electronic device as in claim 1, wherein the two or more light sources comprise:
    a first light source which emits light within a first wavelength range; and
    a second light source which emits light within a second, distinct wavelength range.

35.    (Previously Presented)  The electronic device as in claim 1, wherein:
    the two or more light sources comprise four light sources.
    at least a first of the four light sources emits infrared light; and
    at least a second of the four light sources emits visible light within a wavelength range associated with the color green.

MASA00086694

Attorney Docket No. P22879US1

## REMARKS

This paper is submitted in response to the Office action mailed on December 29, 2017. This paper amends claim 4.  Accordingly, after entry of this Amendment and Response, claims 1, 3-5, 13, 14, and 22-35 will be pending, with claims 1, 3, 34, and 35 being previously withdrawn.

### I.  Claim Rejections Under 35 U.S.C. § 101

The Examiner rejected claims 4-5, 13-14, and 26 under 35 U.S.C. § 101 asserting that the claimed invention is directed to a judicial exception. For at least the following reasons, the Assignee respectfully traverses these rejections.

The Assignee notes that the rejections for claims 4-5, 13-14, and 26 have been maintained sufficiently identically from the previous Office action. The Assignee points to the Supplemental Amendment and Response filed November 11, 2017 as containing a detailed argument against the rejections repeated in the current office action.

In the interest of advancing prosecution, and without conceding any of the examiner's assertions made in rejection, the Assignee has amended claim 4 herein.

Amended claim 4 recites, in part,

capturing, by a light sensor of the electronic device, initial light samples;
processing the initial light samples, by the electronic device, by demodulating, filtering, decimating, or demultiplexing the initial light samples to produce one or more processed signals; and
determining, by the electronic device, the respective values based on the one or more processed signals;
capturing, by the light sensor, a first set of light samples in response to a first of the multiple light sources of the electronic device emitting modulated light toward the body part of the user;
capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user;
converting, within the electronic device, the first set of light samples and the second set of light samples into the signal;
demodulating the signal, by the electronic device, to produce multiple demodulated signals, each associated with one of the multiple light sources;
filtering and decimating each demodulated signal at least once within the electronic device; and
demultiplexing the demodulated signals within the electronic device; and
multiplying each of the demultiplexed and demodulated signals by at least one of the respective values, using a multiplier circuit of the electronic device, to produce a signal associated with each light source

-752-
MASA00086695



Attorney Docket No. P22879US1

As set forth in the arguments presented in the Supplemental Amendment and Response filed November 11, 2017, claim 4 is not directed to, and would not grant any monopoly over, an abstract idea.

Further, under the second step of the *Alice* test, even if the claims were directed to a patent-ineligible concept, several additional limitations transform the claims. For example, claim 4 recites "determining, by the electronic device, respective values for demultiplexed and demodulated signals," "capturing, by a light sensor, a first set of light samples in response to a first of the multiple light sources of the electronic device emitting modulated light toward the body part of the user," "capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user," "converting, within the electronic device, the multiple light samples into the signal," "demodulating the signal, by the electronic device, to produce multiple demodulated signals, each associated with one of the multiple light sources," "filtering and decimating each demodulated signal at least once within the electronic device," "demultiplexing the demodulated signals within the electronic device," and "multiplying each of the demultiplexed and demodulated signals by at least one of the respective values, using a multiplier circuit of the electronic device."

In *Alice*, the Court stated that "the relevant question is whether the claims do more than simply instruct the practitioner to implement the abstract idea of intermediate settlement on a generic computer." *Alice* at 2359. The above listed limitations, among others, do considerably more than implement an abstract idea on a generic computer.

The Assignee respectfully submits, therefore, that none of the claims in the present application are directed to non-statutory subject matter under 35 U.S.C. § 101. Accordingly, the Assignee respectfully requests that the Examiner withdraw the rejections of claims 4-5, 13-14, and 26 under § 101.

## II.  Claim Rejections Under 35 U.S.C. § 112

The Examiner rejected claims 26-28, 30, and 32-33 under 35 U.S.C. § 112(a) as failing to comply with the enablement requirement. For at least the following reasons, the Assignee respectfully traverses these rejections.

There is a presumption that an adequate written description of the claimed invention is present in the specification as filed. *In re Wertheim*, 541 F.2d at 262, 191 USPQ at 96. Thus, the examiner has the initial burden, after a thorough reading and evaluation of the content of the

-753-

MASA00086696

application, of presenting evidence or reasons why a person skilled in the art would not recognize the written description of the invention as providing adequate support for the claimed invention. To make a prima facie case, it is necessary to identify the claim limitations that are not adequately supported, and explain why the claim is not fully supported by the disclosure. MPEP § 2163.

The Examiner has not met the burden of presenting evidence or reasons why a person skilled in the art would not recognize the written description of the invention as providing adequate support for the claimed invention. There has been no identification of claim limitations that are not adequately supported nor any explanation why the claims are not fully supported by the disclosure. Accordingly, the rejections under 35 U.S.C. § 112 should be withdrawn.

### III.  Allowable Subject Matter

The Examiner indicated that claims 22-25 are allowed, and that claims 27-28, 30, and 32-33 would be allowable but for the rejection under 35 U.S.C. § 112.

### IV.  Conclusion

The Assignee thanks the Examiner for the thorough review of the application. The Assignee respectfully submits the present application, as amended, is in condition for allowance and respectfully requests the issuance of a Notice of Allowability as soon as practicable.

MASA00086697

Attorney Docket No. P22879US1

The Assignee believes no fees or petitions are due with this filing.  However, should any such fees or petitions be required, please consider this a request therefor and authorization to charge Deposit Account No. 504621 as necessary.

If the Examiner should require any additional information or amendment, please contact the undersigned attorney.

Dated:  March 28, 2018.

Respectfully submitted,


_____/Gregory W. Osterloth/_____
Gregory W. Osterloth, Registration No. 36,232
Attorney for Assignee
USPTO Customer No. 62579

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
Phone:  303-223-1100
Fax:  303-223-1111

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32188379 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Filer Authorized By:** | Gregory W. Osterloth |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 28-MAR-2018 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 18:29:35 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | P22879US1Amendment.pdf | 53755<br>78f7b54afd8a7d23524138fxc258154ff3d3ff945c | no | 11 |

**Warnings:**

MASA00086699

| Information: | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 53755 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

New Applications Under 35 U.S.C. 111
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

National Stage of an International Application under 35 U.S.C. 371
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

New International Application Filed with the USPTO as a Receiving Office
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

MASA00086700

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 14/621,268 | Filing Date 02/12/2015 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☒ LARGE  ☐ SMALL  ☐ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | 03/28/2018 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $460 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | 0 |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/RUBY JOHNSON/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579        7590        12/29/2017
APPLE INC.
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3777 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/29/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

PTOL-90A (Rev. 04/07)

MASA00086702

| **Office Action Summary** | **Application No.** 14/621,268 | **Applicant(s)** LAMEGO, MARCELO M. |
|---|---|---|
| | **Examiner** HIEN NGUYEN | **Art Unit** 3777 | **AIA (First Inventor to File) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on <u>11/22/2017</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims*

5) ☒ Claim(s) <u>1,3-5,13,14 and 22-35</u> is/are pending in the application.
  5a) Of the above claim(s) <u>1,3,34 and 35</u> is/are withdrawn from consideration.

6) ☒ Claim(s) <u>22-25, 29 and 31</u> is/are allowed.

7) ☒ Claim(s) <u>4,5,13,14,26-28,30,32 and 33</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>02/12/15</u> is/are:  a)☒ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All  b)☐ Some**  c)☐ None of the:
  1. ☐ Certified copies of the priority documents have been received.
  2. ☐ Certified copies of the priority documents have been received in Application No. _____.
  3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

-760-
MASA00086703

Application/Control Number: 14/621,268                                    Page 2
Art Unit: 3777

The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.


**DETAILED ACTION**


***Claim Rejections - 35 USC § 101***


35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or
composition of matter, or any new and useful improvement thereof, may obtain a patent
therefor, subject to the conditions and requirements of this title.

Claims 4-5, 13-14 and 26 are rejected under 35 U.S.C. 101 because the claimed

invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon,

or an abstract idea) without significantly more.  Claims 4-5, 13-14 and 26 are directed to

a method for processing light signal.  The claim(s) does/do not include additional

elements that are sufficient to amount to significantly more than the judicial exception

because the additional device elements, which are recited at a high level of generality,

provide conventional device functions that do not add meaningful limits to practicing the

abstract idea.


Claim 4 recites, in part, a method for processing light signal. The method involve

mathematical concepts such as mathematical relationships, mathematical formulas, and

calculation (demodulation and decimating involve mathematical algorithm and

Application/Control Number: 14/621,268                                                                 Page 3
Art Unit: 3777

processing), collecting and processing known information, comparing information

regarding a sample or test subject to a control or target data which correspond to

concepts identified as abstract ideas by the courts. The claims involve processing

signal, but do not claim how this is being performed and it's significant over the current

technology.

 

      The claim does not include additional elements that are sufficient to amount to

significantly more than the judicial exception because the additional elements when

considered both individually and as an ordered combination do not amount to

significantly more than the abstract idea. The claim recites the additional limitations of a

"capturing light sample", a "filtering" and a "light source". These additional elements are

recited at a high level of generality and are recited as performing generic computer

functions routinely used in computer applications. Generic computer components

recited as performing generic computer functions that are well-understood, routine and

conventional activities amount to no more than implementing the abstract idea with a

computerized system. Thus, taken alone, these additional elements do not amount to

significantly more than the above-identified judicial exception (the abstract idea).

Looking at the limitations as an ordered combination adds nothing that is not already

present when looking at the elements taken individually. There is no indication that the

combination of elements improves the functioning of a computer or improves any other

technology. Their collective functions merely provide conventional computer

implementation.

MASA00086705

Application/Control Number: 14/621,268                                            Page 4
Art Unit: 3777

Claims 5, 13-14 and 26 are dependent on claim 4 that includes all the

limitations of claim 4. Therefore, claims 5, 13-14 and 26 recites the same abstract idea

of "mathematical relationship", "collecting and processing known information" and

comparing information regarding a sample or test subject to a control or target data. The

claim recites the additional limitations (perform demodulation using sin and cos

equations; turn on and off light source and perform detection; filtering and decimation)

that also mathematical relationship and collecting and comparing known information.

Thus, taken alone, these additional elements do not amount to significantly more than

the above-identified judicial exception (the abstract idea). Looking at the limitations as

an ordered combination adds nothing that is not already present when looking at the

elements taken individually. There is no indication that the combination of elements

improves the functioning of a computer or improves any other technology. Their

collective functions merely provide conventional computer implementation.

Claims 5, 13-14 and 26 are therefore not drawn to eligible subject matter as they

are directed to an abstract idea without significantly more.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

(a) IN GENERAL.—The specification shall contain a written description of the
invention, and of the manner and process of making and using it, in such full, clear, concise,
and exact terms as to enable any person skilled in the art to which it pertains, or with which it

MASA00086706

Application/Control Number: 14/621,268                                   Page 5
Art Unit: 3777

is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 26-28, 30 and 32-33 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement.  The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for pre-AIA the inventor(s), at the time the application was filed, had possession of the claimed invention. These limitations are not disclose in the specification. Examiner could not find these limitations in the specification.

## Allowable Subject Matter

Claims 22-25 are allowed.

Claims 27-28, 30 and 32-33 would be allowable if rewritten to overcome the rejection(s) under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), 1st paragraph, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims.

MASA00086707

Application/Control Number: 14/621,268                                             Page 6
Art Unit: 3777

Claims 4-5, 13-14 and 26 would be allowable if rewritten to overcome the

rejection(s) under 35 U.S.C. 101, set forth in this Office action and to include all of the

limitations of the base claim and any intervening claims.


### *Response to Arguments*


Applicant's arguments filed 11/22/17 have been fully considered but they are not

persuasive. Applicant amend the claims and argue 112 enablement is not valid.

Applicant's argument is persuasive therefore examiner withdraw 112 enablement.

Applicant argues claim 1 and its dependent should be rejoined. Applicant's argument is

not persuasive because these claims are not in condition for allowance. Applicant

argues The Supreme Court has not ruled that patent-ineligible concepts include any

form of "mathematical relationships, mathematical formulas, and calculation . ..,

collecting and processing known information, comparing information regarding a sample

or test subject to a control or target data." Rather, to the extent that such concepts are

not patent-eligible under § 101 it is because they are "laws of nature, natural

phenomena, and abstract ideas". Applicant's argument is not persuasive because base

on interim guideline 2015 "mathematical relationships, mathematical formulas, and

calculation . .., collecting and processing known information, comparing information

regarding a sample or test subject to a control or target data" has been identified by the

court to be an abstract idea. Applicant argues claim 4 cannot be accurately described

as being directed to processing light signal. Applicant's argument is not persuasive

MASA00086708

Application/Control Number: 14/621,268                                           Page 7
Art Unit: 3777

because the claim pre-ample clearly claim a method for processing a signal. Further,

consider all the claims limitations as a whole/combination, capturing, demodulating,

filtering, demultiplexing, multiplying, etc. are conventional signal processing steps.

Process and transform signal does not show any practical application. Applicant argues

the claim directed to an improvement to computer-related technology (filter to better

estimate a physiological parameter of a user). Applicant's argument is not persuasive

because the improvement is not in the claim.


### *Conclusion*


Any inquiry concerning this communication or earlier communications from the

examiner should be directed to HIEN NGUYEN whose telephone number is (571)270-

7031.  The examiner can normally be reached on 7:30-5:00.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Robert Chen can be reached on (571) 272-3672.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

MASA00086709

Application/Control Number: 14/621,268                                    Page 8
Art Unit: 3777

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/HIEN NGUYEN/
Examiner, Art Unit 3777

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | Examiner | Art Unit |
| | HIEN NGUYEN | 3777 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant     ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/02/2016 | 01/24/2017 | 11/28/2017 | | | | | |
| | 1 | N | N | N | | | | | |
| | 2 | N | - | - | | | | | |
| | 3 | N | N | N | | | | | |
| | 4 | ✓ | ✓ | ✓ | | | | | |
| | 5 | ✓ | ✓ | ✓ | | | | | |
| | 6 | ✓ | ✓ | - | | | | | |
| | 7 | ✓ | ✓ | - | | | | | |
| | 8 | ✓ | ✓ | - | | | | | |
| | 9 | ✓ | ✓ | - | | | | | |
| | 10 | ✓ | ✓ | - | | | | | |
| | 11 | ✓ | ✓ | - | | | | | |
| | 12 | ✓ | ✓ | - | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | N | - | - | | | | | |
| | 16 | N | - | - | | | | | |
| | 17 | N | - | - | | | | | |
| | 18 | N | - | - | | | | | |
| | 19 | N | - | - | | | | | |
| | 20 | N | - | - | | | | | |
| | 21 | | ✓ | - | | | | | |
| | 22 | | ✓ | = | | | | | |
| | 23 | | ✓ | = | | | | | |
| | 24 | | ✓ | = | | | | | |
| | 25 | | ✓ | = | | | | | |
| | 26 | | | ✓ | | | | | |
| | 27 | | | ✓ | | | | | |
| | 28 | | | ✓ | | | | | |
| | 29 | | | = | | | | | |
| | 30 | | | ✓ | | | | | |
| | 31 | | | = | | | | | |
| | 32 | | | ✓ | | | | | |
| | 33 | | | ✓ | | | | | |
| | 34 | | | N | | | | | |
| | 35 | | | N | | | | | |

MASA00086711

EAST Search History

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1420 | light sensor demultiplex$3 filter$3 amplifier modulat$3 demodulat$3 multipl$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:23 |
| L2 | 99 | light sensor (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| L3 | 0 | (light smae sensor$3) (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| L4 | 81 | (light same sensor$3) (demultiplex$3 same filter$3 same amplifier same modulat$3 same demodulat$3 same multipl$4) | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/11/29 09:24 |
| S1 | 130 | ((Marcelo) near2 (Lamego)).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2016/08/02 11:48 |
| S2 | 0 | S1 (light dark demodulat$3).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 11:49 |
| S3 | 0 | "14621268" | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 11:49 |
| S4 | 0 | demodulat$3 fitler$3 decimat$3 light (tissue or sample or skin) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:00 |
| S5 | 296 | demodulat$3 filter$3 decimat$3 light (tissue or sample or skin) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:01 |
| S6 | 15 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) physiological | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:01 |
| S7 | 0 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) physiological wear$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:09 |
| S8 | 1 | (demodulat$3 same filter$3 same decimat$3 same light same (tissue or sample or skin)) wear$4 | US-PGPUB; USPAT; USOCR | AND | OFF | 2016/08/02 12:10 |

| S9 | 7455 | (A61B5/0059 or A61B5/0084).ccp. | US-PGPUB; USPAT | AND | OFF | 2016/08/02 16:38 |
| S10 | 0 | "14621268" | US-PGPUB; USPAT | OR | OFF | 2017/01/24 10:10 |
| S11 | 0 | 14/621268 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 10:11 |
| S12 | 136 | (("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/24 10:11 |
| S13 | 0 | ("2012/0253155").URPN. | USPAT | OR | OFF | 2017/01/24 11:24 |
| S14 | 484 | physiological (demultiplex$3 with multipl$4) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:25 |
| S15 | 235 | physiological (demultiplex$3 with multipl$4) demodulat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S16 | 90 | physiological (demultiplex$3 with multipl$4) demodulat$3 decimat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S17 | 1 | physiological (demultiplex$3 with multipl$4 with demodulat$3) decimat$3 | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:26 |
| S18 | 22 | physiological (demultiplex$3 with multipl$4 with demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:27 |
| S19 | 4 | (physiological or analyte or blood or (heart adj rate)) (demultiplex$3 with (multiplying or multiply or multiplier) with demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:47 |
| S20 | 4 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) with demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:48 |
| S21 | 5 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) same demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 11:49 |
| S22 | 10 | (physiological or analyte or blood or (heart adj rate) or health) (demultiplex$3 with (multiplying or multiply or multiplier) demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:05 |
| S23 | 9 | (medical or medicine) (demultiplex$3 with (multiplying or multiply or multiplier) demodulat$3) | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:26 |
| S24 | 7904 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/01/24 12:30 |
| S25 | 147 | (("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/10/03 10:09 |

| S26 | 0 | S25 (demodulat$3 demultiplex$3 low pass filter$3 decimat$3 multiply$3).clm. | US-PGPUB; USPAT; USOCR | AND | OFF | 2017/10/03 10:25 |
| S27 | 3289970 | demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3 | US-PGPUB; USPAT | OR | OFF | 2017/10/03 11:04 |
| S28 | 1058 | demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:05 |
| S29 | 1 | demultiplex$3 same demodulat$3 same decimat$3 same filter$3 same multiply$3 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:05 |
| S30 | 0 | "14621268" | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:12 |
| S31 | 0 | ("2012/0253155").URPN. | USPAT | OR | OFF | 2017/10/03 11:19 |
| S32 | 10 | ("20030229276" | "20050197583" | "4258719" | "4989169" | "7890158").PN. OR ("8768424").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/10/03 11:19 |
| S33 | 0 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) S32 | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S34 | 197 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) sin | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S35 | 131 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) sin cos | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S36 | 38 | (demultiplex$3 demodulat$3 decimat$3 filter$3 multiply$3) sin cos (blood or medic$3 or tissue$1 or analyte$) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:23 |
| S37 | 38 | (demultiplex$3 demodulat$3 decimat$3 (filter$3 or (low adj pass)) multiply$3) sin cos (blood or medic$3 or analyte$) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:30 |
| S38 | 4 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) sin cos (blood or medic$3 or analyte$) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:31 |
| S39 | 66 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) (blood or medic$3 or analyte$) (light with (on or off)) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:54 |
| S40 | 1 | (demultiplex$3 (demodulat$3 same decimat$3 same (filter$3 or (low adj pass))) multiply$3) sin cos (blood or medic$3 or analyte$) (light with (on or off)) | US-PGPUB; USPAT; DERWENT | AND | OFF | 2017/10/03 11:57 |

| S41 | 8388 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/10/03 17:13 |
| S42 | 149 | (("LAMEGO") near3 ("Marcelo")).INV. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/11/28 16:29 |
| S43 | 0 | "14621268" | US-PGPUB; USPAT | AND | OFF | 2017/11/28 16:42 |
| S44 | 8495 | (A61B5/0059 or A61B5/0084).cpc. | US-PGPUB; USPAT | AND | OFF | 2017/11/28 16:43 |

**11/29/2017 10:05:19 AM**
**C:\Users\hnguyen55\Documents\EAST\Workspaces\14621268.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14621268 | LAMEGO, MARCELO M. |
| | **Examiner** | **Art Unit** |
| | HIEN NGUYEN | 3777 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| (A61B5/0059 or A61B5/0084).cpc. | 11/28/2017 | HN |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| East Search (inventor search) | 1/24/2017 | HN |
| East Search | 10/3/2017 | HN |
| East Search | 11/29/2017 | HN |
| Please see attach search report | | |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |

Attorney Docket No. P22879US1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): | Marcelo M. Lamego | | |
| App. No.: | 14/621,268 | Con. No.: | 6317 |
| Filed: | February 12, 2015 | Art Unit: | 3777 |
| Title: | MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | Examiner: | Nguyen, Hien Ngoc |

### SUPPLEMENTAL AMENDMENT AND RESPONSE TO FINAL OFFICE ACTION

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

      This Supplemental Amendment and Response supplements and replaces the Amendment and Response to Final Office Action filed July 10, 2017. Please consider the following remarks and amend the above-identified application as follows:

      **Amendments to the Claims** begin on page 2 of this paper.

      **Remarks** begin on page 8 of this paper.

1

MASA00086717

Attorney Docket No. P22879US1

**Amendments to the Claims:**

1.      (Withdrawn – Currently Amended)  An electronic device, comprising:

two or more light sources for emitting light toward a body part of a user;

an optical sensor for obtaining light ~~and dark~~ samples and converting the <u>light</u> samples into a signal;

a processing device operably connected to the optical sensor for demodulating the signal received from the optical sensor into a demodulated signal associated with each light source;

at least one decimation stage for processing each demodulated signal, wherein each decimation stage comprises a low pass filter for receiving the demodulated signals and a decimation circuit operably connected to an output of the low pass filter; and

a demultiplexer and multiplier circuit operably connected to an output of a last decimation stage, wherein the demultiplexer separates the signals by each associated light source and the multiplier multiplies each separated signal by one or more respective ~~weighted multiplier~~ values<u>; wherein</u>

<u>in an initiation stage, the one or more respective multiplier values are determined by:</u>

<u>turning on a respective light source;</u>

<u>generating a respective initial signal in response to the optical sensor capturing a respective light sample corresponding to the respective light source;</u>

<u>processing the respective initial signal by the processing device and the at least one decimation stage to produce respective processed initial signals; and</u>

<u>determining the respective multiplier value based on the respective processed initial signals; and</u>

<u>in an operating stage after the initiation stage:</u>

<u>the optical sensor obtains the light samples and converts the light samples into the signal;</u>

<u>the signal is conditioned by the processing device, the at least one decimation stage, and the demultiplexer and multiplier circuit to obtain conditioned signals; and</u>

<u>the processing device analyzes the conditioned signals to estimate a physiological parameter of the user.</u>

2.      (Canceled)

2

MASA00086718

Attorney Docket No. P22879US1

3.      (Withdrawn – Currently Amended)  The electronic device as in claim 1, wherein the electronic device is a wearable communication device.

4.      (Currently Amended)  A method for processing a signal obtained when modulated light from ~~one or more~~ multiple light sources is emitted toward a body part of a user, the method comprising:

determining respective values for demultiplexed and demodulated signals by:

capturing, by a light sensor, initial light samples;

processing the initial light samples by demodulating, filtering, decimating, or demultiplexing the initial light samples to produce one or more processed signals; and

determining the respective values based on the one or more processed signals;

capturing, by the light sensor, a first set of ~~multiple~~ light samples in response to a first of the multiple ~~while each~~ light sources ~~emits~~ emitting modulated light toward the body part of the user; [[and]]

capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user;

converting the first set of light samples and the second set of ~~multiple~~ light samples into the signal;

demodulating the signal to produce multiple demodulated signals, each associated with one of the multiple light sources;

filtering and decimating each demodulated signal at least once; and

demultiplexing ~~each~~ the demodulated signals; and

multiplying each of the demultiplexed and demodulated signals by at least one of the [[a]] respective values ~~of a matrix of values~~ to produce a signal associated with each light source; wherein

the at least one of the respective values adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter.

5.      (Original)  The method as in claim 4, further comprising analyzing each signal associated with each light source to estimate a physiological parameter of the user.

6-12.   (Canceled)

3

MASA00086719

Attorney Docket No. P22879US1

13.      (Currently Amended)  The method as in claim 4, wherein demodulating the signal to produce multiple demodulated signals comprises applying a first demodulation operation of a sine function ~~sin 2π $\frac{kt}{N}$~~ to the signal and applying a second demodulation operation of a cosine function ~~cos 2π $\frac{kt}{N}$~~ to the signal, ~~where k is defined by 1 ≤ k ≤ n/2, N represents the number of samples obtained by the optical sensor, and t = 0, 1, …, N-1.~~

14.      (Original)  The method as in claim 4, wherein filtering and decimating each demodulated signal at least once to produce a signal associated with each light source comprises inputting each demodulated signal into one or more low pass filter and decimation stages, wherein each low pass filter and decimation stage comprises a low pass filter for receiving a demodulated signal and a decimation circuit operably connected to an output of the low pass filter.

15-21.  (Canceled)

22.      (Currently Amended)  A method for ~~processing a signal~~ estimating physiological parameters ~~obtained~~ when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising:
determining a first multiplier value by:
turning on the first light source;
generating a first initial signal in response to capturing a first light sample corresponding to the first light source;
demodulating the first initial signal to produce first initial demodulated signals;
filtering and decimating the first initial demodulated signals; and
determining the first multiplier value based on the filtered and decimated first initial demodulated signals;
determining a second multiplier value by:
turning on the second light source;
generating a second initial signal in response to capturing a second light sample corresponding to the second light source;
demodulating the second initial signal to produce second initial demodulated signals;
filtering and decimating the second initial demodulated signals; and

4

MASA00086720

<u>determining the second multiplier value based on the filtered and decimated</u> <u>second initial demodulated signals;</u>

capturing multiple light samples while <u>the first</u> ~~each~~ light source <u>and the second light</u> <u>source are turned on to</u> emit[[s]] <u>modulated</u> light toward the body part of the user and converting the multiple light samples into [[the]] <u>a captured</u> signal;

demodulating the <u>captured</u> signal to produce multiple demodulated signals;

performing a first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

performing a second decimation stage after the first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

demultiplexing each demodulated signal after the second stage to produce a first signal associated with the first light source and a second signal associated with the second light source;

multiplying the first signal by [[a]] <u>the</u> first ~~predetermined~~ <u>multiplier</u> value <u>using a first</u> <u>multiplier circuit</u> to obtain a first conditioned signal;

multiplying the second signal by [[a]] <u>the</u> second ~~predetermine~~ <u>multiplier</u> value <u>using a</u> <u>second multiplier circuit</u> to obtain a second conditioned signal; and

analyzing the first conditioned signal and the second conditioned signal to estimate <u>the</u> [[a]] physiological parameter of <u>the</u> [[a]] user.

23.     (Currently Amended)  The method as in claim 22, wherein <u>the</u> capturing multiple light samples ~~while each light source emits light toward the body part of the user~~ comprises[[:]] capturing multiple light samples while<u>:</u>

<u>the first</u> ~~each~~ light source is turned on and the <u>second</u> ~~other~~ light source[[s]] <u>is</u> ~~are~~ turned off;

<u>the second light source is turned on and the first light source is turned off;</u> and

~~capturing multiple dark samples after all four~~ <u>the first</u> light source[[s]] <u>and the second</u> <u>light source are</u> ~~have been turned on and~~ turned off <u>after being turned on</u>.

24.     (Currently Amended)  The method as in claim 23, <u>wherein the capturing multiple</u> <u>light samples</u> further <u>comprises</u> ~~comprising~~ capturing one or more <u>light</u> ~~dark~~ samples after <u>the</u> <u>first</u> ~~one~~ light source is turned off and before the <u>second</u> ~~next~~ light source is turned on.

MASA00086721

Attorney Docket No. P22879US1

25.     (Currently Amended)  The method as in claim <u>22</u> [[23]], wherein <u>the</u> demodulating the <u>captured</u> ~~digital~~ signal to produce multiple demodulated signals comprises<u>:</u>

applying a first demodulation operation of <u>a sine function</u> ~~$\sin 2\pi \frac{kt}{N}$~~ to the <u>captured</u> ~~digital~~ signal<u>;</u> and

applying a second demodulation operation of <u>a cosine function</u> ~~$\cos 2\pi \frac{kt}{N}$~~ to the <u>captured</u> ~~digital~~ signal~~, where k is defined by 1 ≤ k ≤ n/2, N represents the number of samples obtained by the optical sensor, and t = 0, 1, …, N-1~~.

26.     (New)  The method as in claim 4, wherein the respective values are determined each time the user activates the electronic device.

27.     (New)  The method as in claim 22, further comprising:
storing the first multiplier value in the first multiplier circuit; and
storing the second multiplier value in the second multiplier circuit.

28.     (New)  The method as in claim 25, wherein the demodulating the captured signal to produce multiple demodulated signals further comprises a first demodulation stage at a first harmonic frequency of the captured signal and a second demodulation stage at a second harmonic frequency of the captured signal.

29.     (New)  The method as in claim 23, wherein the multiple light samples comprise at least five light samples captured when the first light source is turned on and the second light source is turned off.

30.     (New)  The method as in claim 22, wherein the first multiplier value and the second multiplier value adjust the captured signal for changes over time in at least one of a light sensor, an operational amplifier associated with the light sensor, or a filter.

31.     (New)  The method as in claim 22, wherein:
when the first light source is turned on, the first light source emits infrared light; and
when the second light source is turned on, the second light source emits visible light.

6

MASA00086722

Attorney Docket No. P22879US1

32.     (New)  The method as in claim 22, further comprising turning on the first light source and the second light source to emit modulated light having a modulation frequency based on the harmonic frequencies of an electrical grid.

33.     (New)  The method as in claim 32, wherein the capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user comprises capturing light samples at a frequency correlated with the modulation frequency.

34.     (New)  The electronic device as in claim 1, wherein the two or more light sources comprise:
    a first light source which emits light within a first wavelength range; and
    a second light source which emits light within a second, distinct wavelength range.

35.     (New)  The electronic device as in claim 1, wherein:
    the two or more light sources comprise four light sources.
    at least a first of the four light sources emits infrared light; and
    at least a second of the four light sources emits visible light within a wavelength range associated with the color green.

-780-
MASA00086723

## REMARKS

This paper is submitted in response to the final Office action mailed on February 9, 2017. This paper amends claims 4, 13, 22-27; cancels claims 6-12 and 21; and adds claims 26-35. Accordingly, after entry of this Amendment and Response, claims 4, 5, 13, 14, and 22-35 will be pending, with claims 1 and 3 being previously withdrawn.

### I. Interview

Examiner Nguyen initiated an interview with Stuart K. Wagner on October 4, 2017 to discuss proposed amendments to place claim 22 and its dependents in condition for allowance. The Assignee's representative, Stuart K. Wagner, initiated a follow-up interview on November 10, 2017 to discuss allowance of the remaining claims. This response presents the agreed upon amendments to claim 22 and its dependents, along with amendments to the remaining claims which the Assignee believes place the claims in condition for allowance.

### II.  Claim Rejections Under 35 U.S.C. § 101

The Examiner rejected claims 4-14 and 22-25 under 35 U.S.C. § 101 asserting that the claimed invention is directed to a judicial exception.

First, the Examiner states that the "method involve [sic] mathematical concepts such as mathematical relationships, mathematical formulas, and calculation (demodulation and decimating involve mathematical algorithm and processing), collecting and processing known information, comparing information regarding a sample or test subject to a control or target data which correspond to concepts identified as abstract ideas by the courts" to bolster the idea that the pending claims are drawn to an abstract idea (see Office Action, 2-3). However, this is an irrelevant argument. The Supreme Court has not ruled that patent-ineligible concepts include any form of "mathematical relationships, mathematical formulas, and calculation . . ., collecting and processing known information, comparing information regarding a sample or test subject to a control or target data." Rather, to the extent that such concepts are not patent-eligible under § 101 it is because they are "laws of nature, natural phenomena, and abstract ideas" (*Alice Corp, Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014), citing *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012)). The Examiner is applying a test that does not exist to reach a tautological conclusion.

MASA00086724

Further, the Assignee respectfully submits that the Examiner's assertion that "the claims are directed to a method for processing light signal" (Office Action, 2) runs counter to the Federal Circuit's and the Patent Office's cautions against "describing a claim at a high level of abstraction untethered from the language of the claim when determining the focus of the claimed invention" (Memorandum from Robert W. Bahr, Deputy Comm'r for Patent Examination Policy 1 (May 19, 2016) (citing *Enfish, LLC v. Microsoft Corp.*, No. 2015-1244, slip. op. (Fed. Cir. May 12, 2016), hereinafter "Memorandum"). The Examiner's broad and general description of the claims ignores the claim language. Additionally, the general description of the claims inaccurately describes the claims as being "directed to" "processing light signal."

The claims are not accurately described at this exceptionally high level. For example, independent claim 4 requires at least the following elements and limitations:

1. determining respective values for demultiplexed and demodulated signals by:

   a. capturing, by a light sensor, initial light samples;

   b. processing the initial light samples by demodulating, filtering, decimating, and demultiplexing the initial light samples to produce one or more processed signals; and

   c. determining the respective values based on the one or more processed signals;

2. capturing a first and second sets of light samples by the light sensor while light sources emit modulated light toward the body part of a user;

3. converting the multiple light samples into a signal;

4. demodulating the signal to produce multiple demodulated signals, each assicated with one of the light sources;

5. filtering and decimating each demodulated signal at least once;

6. demultiplexing each demodulated signal; and

7. multiplying each of the demultiplexed and demodulated signals by at least one of the respective values, the at least one of the respective values adjusting each signal for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter.

Thus claim 4 cannot be accurately described as being "directed to" "processing light signal." The claimed device includes multiple electronic components in order to capture, convert, demodulate, filter, decimate, demultiplex, and multiply signals received by an electronic device. Independent claim 1, which is believed to be in condition for rejoinder, contains similar limitations.

MASA00086725

Attorney Docket No. P22879US1

In addition, the Patent Office has emphasized that "a claim directed to an improvement to computer-related technology (e.g., computer functionality) is likely not similar to claims that have previously been identified as abstract by the courts" (Memorandum, p. 2). Here, the claims are directed to such an improvement in computer functionality as they provide for an electronic device (or method) which is better able to process light samples into electrical signals through the particular methods and structures claimed. For example, each of the claims employs steps of capturing light samples, converting the light samples into a signal, demodulating the signal, and filtering and decimating each demodulated signal. The claims include multiplying each demultiplexed and demodulated signal by a respective value, and a technique for determining the respective values. This improves functionality by, for example, adjusting for changes over time in at least one of the light sensor, an operational amplifier, or a filter to better estimate a physiological parameter of a user (see, e.g., para. [0018]).

This is entirely in accord with the Supreme Court's test in Alice to determine whether or not a claim is directed to patentable subject matter. With respect to an abstract idea, the United States Supreme Court stated in Alice that a court must determine (1) whether the claim at issue is directed to a patent-ineligible concept, and then (2) determine whether the balance of the claim adds 'significantly more.'" *Alice* at 2355 (citing *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. __ (2012)).

With respect to the first step, the Supreme Court has held that 35 U.S.C. § 101 contains an implicit exception; that laws of nature, natural phenomena, and abstract ideas are not patentable. The concern that drives this implicit exception is pre-emption. The question is whether upholding a patent would pre-empt the use of the abstract idea in all fields, and would effectively grant a monopoly over an abstract idea. See *Alice* at 2354. "Laws of nature, natural phenomena, and abstract ideas are 'the basic tools of scientific and technological work.'" *Id.* (citing *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. __, __ (2013) (slip op., at 11). Here, it is clear that the specific limitations in the claims at issue would not grant any monopoly over any abstract idea.

Further, the Court noted that it must be careful when construing the exception or the exception will swallow all of patent law. The Court stated that "[a]t some level, all inventions … embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas. Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Alice* at 2354. Accordingly, in applying the § 101 exception, it is important to distinguish between patents that claim the building blocks of human ingenuity and those that integrate the building blocks into something more, thereby transforming it into a patent-eligible

MASA00086726

invention. See *Mayo* at 1303. The Assignee respectfully submits that the Examiner has read the claim so broadly, and so far beyond its actual limits, that the Examiner has done exactly what the Supreme Court warned against in *Alice*.

With respect to the second step of the *Alice* test, the elements of each claim must be considered both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application. *Alice* at 2355. Here, even if the claims were directed to a patent-ineligible concept, several additional limitations transform the nature of the claims. For example, claim 4 recites "determining respective values for demultiplexed and demodulated signals," "capturing, by a light sensor, a first set of light samples in response to a first of the multiple light sources emitting modulated light toward the body part of the user," "capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user," "converting the multiple light samples into the signal," "demodulating the signal to produce multiple demodulated signals, each associated with one of the multiple light sources," "filtering and decimating each demodulated signal at least once," "demultiplexing the demodulated signals," and "multiplying each of the demultiplexed and demodulated signals by at least one of the respective values."

In *Alice*, the Court stated that "the relevant question is whether the claims do more than simply instruct the practitioner to implement the abstract idea of intermediate settlement on a generic computer." *Alice* at 2359. The above listed limitations, among others, do considerably more than implement an abstract idea on a generic computer.

The Assignee respectfully submits, therefore, that none of the claims in the present application are directed to non-statutory subject matter under 35 U.S.C. § 101. Accordingly, the Assignee respectfully requests that the Examiner withdraw the rejections of claims 4-14, and 22-25 under § 101.

### III.  Claim Rejections Under 35 U.S.C. § 112

The Examiner rejected claims 4-14 and 22-25 under 35 U.S.C. § 112(a) as failing to comply with the enablement requirement. For at least the following reasons, the Assignee respectfully traverses these rejections.

The Examiner asserts in the rejection that "[d]etermine [sic] the matrix value is critical or essential to the practice of the invention, but not included in the claim(s) is not enabled by the disclosure."

-784-

MASA00086727

Claim 4, as amended, recites, among other features, "multiplying each of the demultiplexed and demodulated signals by a respective value to produce a signal associated with each light source" wherein "the at least one of the respective values adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter." Claim 4 additionally recites operations for determining respective values. The respective values are adequately described and enabled in the specification, for example in FIGs. 7 – 10 and paras. [0057] – [0065].

Claim 22, as amended, recites, among other features, operations for "determining a first multiplier value" and "determining a second multiplier value." The process of obtaining first and second multiplier values is adequately supported by the specification, for example in FIGs. 7 – 10 and paras. [0057] – [0065].

### IV.  Claim Rejections Under 35 U.S.C. § 103

The Examiner rejected claims 4-14 and 21-25 under 35 U.S.C. § 103(a) as being obvious over Diab et al. (U.S. Patent Publication No. 2012/0253155; hereinafter "Diab") in view of McCarthy et al. (U.S. Patent No. 5,349,952; hereinafter "McCarthy").

The Examiner rejected claims 6-13 and 23-25 under 35 U.S.C. § 103(a) as being obvious over Diab in view of McCarthy. For at least the following reasons, the Assignee respectfully traverses these rejections.

Claim 4 recites, among other features, "multiplying each of the demultiplexed and demodulated signals by at least one of the respective values to produce a signal associated with each light source" wherein "the at least one of the respective values adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter." These features are not taught or suggested by the combination of Diab and McCarthy.

Diab describes a method and an apparatus to measure blood oxygenation including two light sources and a detector to detect a composite signal from the two light sources (Diab, Abstract). Diab does not teach or suggest multiplying each of multiple demultiplexed and demodulated signals by a respective value to produce a signal associated with each light source, wherein the respective value adjusts for changes over time.

McCarthy describes filtering a modulated signal that includes to carrier signals to recover underlying signals. McCarthy does not make up for any of the deficiencies of Diab. In particular,

MASA00086728

neither reference is concerned with dynamically adjusting for changes over time in the light sensor, an operational amplifier, a filter, or other processing components.

Accordingly, independent claim 4 is nonobvious in view of Diab and McCarthy and in condition for allowance.

Claim 22 recites, among other features, "determining a first multiplier value by:" "turning on the first light source," "generating a first initial signal in response to capturing a light sample corresponding to the first light source," "demodulating the initial signal to produce first initial demodulated signals," "filtering and decimating the first initial demodulated signals," and "determining the first multiplier value based on the filtered and decimated first initial demodulated signals." A second multiplier value is similarly determined. These features are not taught or suggested by the combination of Diab and McCarthy.

Neither Diab nor McCarthy includes operations of multiplying a first signal and a second signal by respective values, nor of the above operations of determining those respective values. Accordingly, independent claim 22 is nonobvious in view of Diab and McCarthy and in condition for allowance.

The remaining claims depend from independent claims 1 or 22 and are believed to be allowable at least insofar as the claims depend from patentably distinct base claims. Accordingly, the Assignee submits that dependent claims 5-14, 21, and 23-25 are in condition for allowance. The Assignee makes this statement without waiving and without reference to any independent bases of patentability within the claims and thus reserves the right to argue such bases in a future paper if necessary.

### *V. Rejoinder*

Assignee hereby requests rejoinder of the previously withdrawn claims 1 and 3. Per MPEP 821.04, should the elected claim be in condition for allowance, the withdrawn claim should be considered for rejoinder. Assignee submits that in accordance with MPEP 821.04, the withdrawn independent claim 1, as amended, recites allowable limitations similar to independent claims 4 and 22, as amended, which are believed to be in condition for allowance. Accordingly, Assignee respectfully requests that the restriction on withdrawn claims 1 and 3 be withdrawn and that the claims be rejoined and allowed.

MASA00086729

Attorney Docket No. P22879US1

## VI. Conclusion

The Assignee thanks the Examiner for the thorough review of the application. The Assignee respectfully submits the present application, as amended, is in condition for allowance and respectfully requests the issuance of a Notice of Allowability as soon as practicable.

An Amendment and Response was submitted on July 10, 2017 contemporaneously with a Request for Continued Examination (RCE), a petition for a two-month extension of time, and a request to charge Deposit Account No. 504621 for the requisite fees. This Supplemental Amendment and Response supplements and replaces the previously filed Amendment and Response. The Assignee believes no further fees or petitions are required. However, if any such petitions or fees are necessary, please consider this a request therefor and authorization to charge Deposit Account No. 504621 accordingly.

If the Examiner should require any additional information or amendment, please contact the undersigned attorney.


Dated:  November 22, 2017.

Respectfully submitted,


_____/Gregory W. Osterloth/_____
Gregory W. Osterloth, Registration No. 36,232
Attorney for Assignee
USPTO Customer No. 62579

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
Phone:  303-223-1100
Fax:  303-223-1111

14

MASA00086730

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31034304 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Gregory W. Osterloth/Valerie Brown |
| **Filer Authorized By:** | Gregory W. Osterloth |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 22-NOV-2017 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 17:38:08 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Supplemental Response or Supplemental Amendment | P22879US1SupplementalAmendment.pdf | 83859 <br> 88ea8ba4511e8240ee656eaf792db591f75ef3cf | no | 14 |

**Warnings:**

MASA00086731

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 83859 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MASA00086732

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 14/621,268 | 02/12/2015 | ☐ To be Mailed |

**ENTITY:** ☒ LARGE   ☐ SMALL   ☐ MICRO

### APPLICATION AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | **11/22/2017** | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus ** 20 | = 0 | x $80 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $420 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| AMENDMENT | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
TINA M. BELL

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579        7590        11/20/2017

APPLE INC.
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3777 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/20/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

MASA00086734

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) | | |
|---|---|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO  M. | | |
| | Examiner | Art Unit | AIA (First Inventor to File) Status | Page |
| | HIEN NGUYEN | 3777 | Yes | 1 of 1 |

All participants (applicant, applicant's representative, PTO personnel):

1.   HIEN NGUYEN (Examiner); Telephonic          2.   STUART WAGNER (Attorney of Record); Telephonic

**Date of Interview:** 13 November 2017

**Claim(s) discussed:** 1, 4 AND 22

**Amendment Proposed:** Applicant proposed to amend "determining respective values for demultiplexed and demodulated signals by:..."

**Brief Description of main topic of discussion:** Applicant proposed claim amendement to overcome 101 and 103 rejection.

## Issues Discussed:

**Item(s) under 35 U.S.C. 101:**
Examiner told applicant the proposed claims does not overcome 101 rejection. The proposed claims do not have practical application. The claims basically just process signal to obtain a multiplier values. No agreement has been reach.

**Attachment(s):** Agenda

| /HIEN NGUYEN/ Examiner, Art Unit 3777 | |
|---|---|

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable time limit of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicant's responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided.  See MPEP 713.04**

Please further see:

**MPEP 713.04**
**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)**
**37 CFR § 1.2 Business to be transacted in writing**

# Brownstein Hyatt
# Farber Schreck

## Fax Cover Sheet

**DATE:**   November 8, 2017

| | | **PHONE NO.** | **FAX NO.** |
|---|---|---|---|
| **TO:** | Examiner Hien Ngoc Nguyen<br>United States Patent & Trademark<br>Office | 571-270-7031 | 571-270-8031 |
| **FROM:** | Stuart K. Wagner | 303-223-1267 | 303-223-1111 |
| **RE:** | Application No. 14/621,268<br>Our Reference:  P22879US1 | | |

**No. of Pages With Cover Page:**          9

IF YOU DO NOT RECEIVE ALL OF THE PAGES, OR IF YOU ENCOUNTER ANY DIFFICULTIES WITH THIS TRANSMISSION,
PLEASE CALL OUR OFFICE AT 303.223.1100. THANK YOU.

**Message:**

Attached is the Agenda for Examiner Interview for Discussion Purposes Only for the telephonic
interview scheduled for Friday, November 10, 2017 at 10:30 AM Eastern Time.

**Statement of Confidentiality**

The information contained in this fax message is attorney privileged and confidential information, intended only for the use of the
individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error,
please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.
Thank you.

410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
main 303.223.1100

bhfs.com                                                                                      Brownstein Hyatt Farber Schreck, LLP

PAGE 1/9 * RCVD AT 11/8/2017 6:24:51 PM [Eastern Standard Time] * SVR:W-PTOFAX-002/24 * DNIS:2708031 * CSID:3032231111 * DURATION (mm-ss):02-27

-793-
MASA00086736

Attorney Docket No. P22879US1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): Marcelo M. Lamego | | | |
| App. No.: 14/621,268 | | Con. No.: | 6317 |
| Filed: February 12, 2015 | | Art Unit: | 3777 |
| Title: MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | | Examiner: | Nguyen, Hien Ngoc |

### AGENDA FOR EXAMINER INTERVIEW

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### FOR DISCUSSION PURPOSES ONLY
### DO NOT ENTER

- Telephone conference to take place on Friday, November 10, 2017 at 10:30 AM Eastern Time.
- Attendees: Examiner Hien Ngoc Nguyen and the Assignee's representative Stuart Wagner.
- The Assignee's representative requests the interview to discuss the proposed amendments included within this agenda.

1

-794-
MASA00086737

Attorney Docket No. P22879US1

**Amendments to the Claims:**

1.      (Withdrawn – Currently Amended)  An electronic device, comprising:

two or more light sources for emitting light toward a body part of a user;

an optical sensor for obtaining light ~~and dark~~ samples and converting the <u>light</u> samples
into a signal;

a processing device operably connected to the optical sensor for demodulating the
signal received from the optical sensor into a demodulated signal associated with each light
source;

at least one decimation stage for processing each demodulated signal, wherein each
decimation stage comprises a low pass filter for receiving the demodulated signals and a
decimation circuit operably connected to an output of the low pass filter; and

a demultiplexer and multiplier circuit operably connected to an output of a last
decimation stage, wherein the demultiplexer separates the signals by each associated light
source and the multiplier multiplies each separated signal by one or more respective ~~weighted~~
<u>multiplier</u> values; wherein

<u>in an initiation stage,</u> the one or more respective <u>multiplier</u> ~~weighted~~ values are
~~dynamically~~ determined <u>by:</u> ~~to adjust each separated signal for changes over time in at least~~
~~one of the optical sensor, an operational amplifier associated with the light sensor, or a filter~~

<u>turning on a respective light source;</u>

<u>generating a respective initial signal in response to the optical sensor capturing a</u>
<u>respective light sample corresponding to the respective light source;</u>

<u>processing the respective initial signal by the processing device and the at least</u>
<u>one decimation stage to produce respective processed initial signals; and</u>

<u>determining the respective multiplier value based on the respective processed</u>
<u>initial signals</u>.

2.      (Canceled)

3.      (Withdrawn – Currently Amended)  The electronic device as in claim 1, wherein
the electronic device is a wearable communication device.

2

-795-
MASA00086738

Attorney Docket No. P22879US1

4.    (Currently Amended)  A method for processing a signal obtained when modulated light from multiple light sources is emitted toward a body part of a user, the method comprising:

     determining respective values for demultiplexed and demodulated signals by:

          capturing, by a light sensor, initial light samples;

          processing the initial light samples by at least one of demodulating, filtering, decimating, or demultiplexing the initial light samples to produce one or more processed signals; and

          determining the respective values based on the one or more processed signals;

     capturing, by the [[a]] light sensor, a first set of light samples in response to a first of the multiple light sources emitting modulated light toward the body part of the user;

     capturing, by the light sensor, a second set of light samples in response to a second of the multiple light sources emitting modulated light toward the body part of the user;

     converting the first set of light samples and the second set of light samples into the signal;

     demodulating the signal to produce multiple demodulated signals, each associated with one of the multiple light sources;

     filtering and decimating each demodulated signal at least once; and

     demultiplexing the demodulated signals; and

     multiplying each of the demultiplexed and demodulated signals by at least one of the [[a]] respective ~~dynamically determined~~ value_s_ to produce a signal associated with each light source; wherein

          the ~~dynamically determined~~ respective value adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter.

5.    (Original)  The method as in claim 4, further comprising analyzing each signal associated with each light source to estimate a physiological parameter of the user.

6-12.  (Canceled)

13.    (Currently Amended)  The method as in claim 4, wherein demodulating the signal to produce multiple demodulated signals comprises applying a first demodulation operation of a sine function ~~$\sin 2\pi \frac{kt}{N}$~~ to the signal and applying a second demodulation operation of a cosine

-796-
MASA00086739

Attorney Docket No. P22879US1

function ~~cos2π$\frac{kt}{N}$~~ to the signal~~, where k is defined by 1 ≤ k ≤ n/2, N represents the number of samples obtained by the optical sensor, and t = 0, 1, ..., N-1~~.

14.    (Original)  The method as in claim 4, wherein filtering and decimating each demodulated signal at least once to produce a signal associated with each light source comprises inputting each demodulated signal into one or more low pass filter and decimation stages, wherein each low pass filter and decimation stage comprises a low pass filter for receiving a demodulated signal and a decimation circuit operably connected to an output of the low pass filter.

15-21.  (Canceled)

22.    (Currently Amended)  A method for ~~processing a signal~~ estimating physiological parameters ~~obtained~~ when modulated light from a first light source and a second light source is emitted toward a body part of a user, the method comprising:
     determining a first multiplier value by:
          turning on the first light source;
          generating a first initial signal in response to capturing a <u>first</u> light sample corresponding to the first light source;
          demodulating the <u>first</u> initial signal to produce first initial demodulated signals;
          filtering and decimating the first initial demodulated signals; and
          determining the first multiplier value based on the filtered and decimated first initial demodulated signals;
     determining a second multiplier value by:
          turning on the second light source;
          generating a second initial signal in response to capturing a <u>second</u> light sample corresponding to the second light source;
          demodulating the <u>second</u> initial signal to produce second initial demodulated signals;
          filtering and decimating the second initial demodulated signals; and
          determining the second multiplier value based on the filtered and decimated second initial demodulated signals;

4

-797-
MASA00086740

Attorney Docket No. P22879US1

capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user and converting the multiple light samples into [[the]] a captured signal;

demodulating the captured signal to produce multiple demodulated signals;

performing a first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

performing a second decimation stage after the first decimation stage by:

low pass filtering each demodulated signal; and

decimating each demodulated signal;

demultiplexing each demodulated signal after the second stage to produce a first signal associated with the first light source and a second signal associated with the second light source;

multiplying the first signal by the first predetermined multiplier value using a first multiplier circuit to obtain a first conditioned signal;

multiplying the second signal by the second predetermined multiplier value using a second multiplier circuit to obtain a second conditioned signal; and

analyzing the first conditioned signal and the second conditioned signal to estimate the [[a]] physiological parameter of the [[a]] user.

23.    (Currently Amended)  The method as in claim 22, wherein the capturing multiple light samples while each light source emits light toward the body part of the user comprises[[:]] capturing multiple light samples while:

the first each light source is turned on and the second other light source[[s]] is are turned off;

the second light source is turned on and the first light source is turned off; and

capturing multiple dark samples after all four the first light source[[s]] and the second light source are have been turned on and turned off after being turned on.

24.    (Currently Amended)  The method as in claim 23, wherein the capturing multiple light samples further comprises comprising capturing one or more light dark samples after the first one light source is turned off and before the second next light source is turned on.

5

-798-
MASA00086741

Attorney Docket No. P22879US1

25.     (Currently Amended) The method as in claim 22 [[23]], wherein the demodulating the captured digital signal to produce multiple demodulated signals comprises:

applying a first demodulation operation of a sine function $\sin 2\pi\frac{kt}{N}$ to the captured digital signal; and

applying a second demodulation operation of a cosine function $\cos 2\pi\frac{kt}{N}$ to the captured digital signal, where k is defined by 1 ≤ k ≤ n/2, N represents the number of samples obtained by the optical sensor, and t = 0, 1, …, N-1.

26.     (Currently Amended) The method as in claim 4, wherein the dynamically determined respective values are determined is calculated each time the [[a]] user activates the electronic device health monitoring system.

27.     (Currently Amended) The method as in claim 22, further comprising wherein: storing the first multiplier predetermined value is stored in [[a]] the first multiplier circuit; and

storing the second multiplier value in the second multiplier circuit
the first signal is multiplied by the first predetermined value using the multiplier circuit.

28.     (New) The method as in claim 25, wherein the demodulating the captured signal to produce multiple demodulated signals further comprises a first demodulation stage at a first harmonic frequency of the captured signal and a second demodulation stage at a second harmonic frequency of the captured signal.

29.     (New) The method as in claim 23, wherein the multiple light samples comprise at least five light samples captured when the first light source is turned on and the second light source is turned off.

30.     (New) The method as in claim 22, wherein the first multiplier value and the second multiplier value adjust the captured signal for changes over time in at least one of a light sensor, an operational amplifier associated with the light sensor, or a filter.

31.     (New) The method as in claim 22, wherein:
when the first light source is turned on, the first light source emits infrared light; and

6

-799-
MASA00086742

Attorney Docket No. P22879US1

when the second light source is turned on, the second light source emits visible light.

32.    (New)  The method as in claim 22, further comprising turning on the first light source and the second light source to emit modulated light having a modulation frequency based on the harmonic frequencies of an electrical grid.

33.    (New)  The method as in claim 32, wherein the capturing multiple light samples while the first light source and the second light source are turned on to emit modulated light toward the body part of the user comprises capturing light samples at a frequency correlated with the modulation frequency.

34.    (New)  The electronic device as in claim 1, wherein the two or more light sources comprise:
        a first light source which emits light within a first wavelength range; and
        a second light source which emits light within a second, distinct wavelength range.

35.    (New)  The electronic device as in claim 1, wherein:
        the two or more light sources comprise four light sources.
        at least a first of the four light sources emits infrared light; and
        at least a second of the four light sources emits visible light within a wavelength range associated with the color green.

PAGE 8/9 * RCVD AT 11/8/2017 6:24:51 PM [Eastern Standard Time] * SVR:W-PTOFAX-002/24 * DNIS:2708031 * CSID:3032231111 * DURATION (mm-ss):02-27

-800-
MASA00086743

Attorney Docket No. P22879US1

## REMARKS

If the Examiner should require any additional information or amendment, please contact the undersigned attorney.

Dated: <u>November 8, 2017</u>

Respectfully submitted,

<u>        /Stuart K. Wagner/        </u>
Stuart K. Wagner, Registration No. 74,548
Attorney for Assignee
USPTO Customer No. 62579

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
Phone:  303-223-1100
Fax:  303-223-1111

8

-801-
MASA00086744

Attorney Docket No. P22879US1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): | Marcelo M. Lamego | | |
| App. No.: | 14/621,268 | Con. No.: | 6317 |
| Filed: | February 12, 2015 | Art Unit: | 3777 |
| Title: | MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | Examiner: | Nguyen, Hien Ngoc |

**INTERVIEW SUMMARY**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

    An interview was conducted on August 24, 2017 with Stuart K. Wagner and Examiner Hien Nguyen participating. The Amendment and Response filed on July 10, 2017 was discussed. No agreement on allowability was reached.

    If the Examiner should require any additional information or amendment, please contact the undersigned attorney.

    Dated: <u>October 10, 2017</u>.

                        Respectfully submitted,

                     <u>/Stuart K. Wagner/</u>
                     Stuart K. Wagner, Registration No. 74,548
                     Attorney for Assignee
                     USPTO Customer No. 62579

                     Brownstein Hyatt Farber Schreck, LLP
                     410 Seventeenth Street
                     Suite 2200
                     Denver, Colorado  80202
                     Phone: 303-223-1100
                     Fax:  303-223-1111

-802-
MASA00086745

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30606606 |
| **Application Number:** | 14621268 |
| **International Application Number:** | |
| **Confirmation Number:** | 6317 |
| **Title of Invention:** | Modulation and Demodulation Techniques for a Health Monitoring System |
| **First Named Inventor/Applicant Name:** | Marcelo M. Lamego |
| **Customer Number:** | 62579 |
| **Filer:** | Stephen C. Hemenway/Valerie Brown |
| **Filer Authorized By:** | Stephen C. Hemenway |
| **Attorney Docket Number:** | P22879US1 |
| **Receipt Date:** | 10-OCT-2017 |
| **Filing Date:** | 12-FEB-2015 |
| **Time Stamp:** | 10:55:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant summary of interview with examiner | P22879US1InteviewSummary.pdf | 14269 f5646a102dbd47510b68adaa54c8ca5039998f7 | no | 1 |

**Warnings:**

MASA00086746

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 14269 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

<u>**New Applications Under 35 U.S.C. 111**</u>
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
<u>**National Stage of an International Application under 35 U.S.C. 371**</u>
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
<u>**New International Application Filed with the USPTO as a Receiving Office**</u>
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

MASA00086747

U̲N̲I̲T̲E̲D̲ S̲T̲A̲T̲E̲S̲ P̲A̲T̲E̲N̲T̲ A̲N̲D̲ T̲R̲A̲D̲E̲M̲A̲R̲K̲ O̲F̲F̲I̲C̲E̲

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/621,268 | 02/12/2015 | Marcelo M. Lamego | P22879US1 | 6317 |

62579        7590        09/08/2017

APPLE INC.
c/o Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

| EXAMINER |
|---|
| NGUYEN, HIEN NGOC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3777 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/08/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@bhfs.com

PTOL-90A (Rev. 04/07)

MASA00086748

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) | | |
|---|---|---|---|---|
| | 14/621,268 | LAMEGO, MARCELO  M. | | |
| | Examiner | Art Unit | AIA (First Inventor to File) Status | Page |
| | HIEN NGUYEN | 3777 | Yes | 1 of 2 |

All participants (applicant, applicant's representative, PTO personnel):

1.   HIEN NGUYEN (Examiner); Telephonic          2.   STUART WAGNER (Attorney of Record); Telephonic

**Date of Interview:** 24 August 2017

**Claim(s) discussed:** 4 AND 21-22

**Identification of prior art discussed:** Diab and McCarthy

**Amendment Proposed:** Applicant amend limitation "the dynamically determined value adjusts each signal associated with each light source for changes over time in at least one of the light sensor, an operational amplifier associated with the light sensor, or a filter" and "demodulating the initial signal to produce second initial demodulated signals; filtering and decimating the second initial demodulated signals; and determining the second multiplier value based on the filtered and decimated second initial demodulated signals".

**Brief Description of main topic of discussion:** Applicant discussed the amendment submitted along with the RCE.

## Issues Discussed:

**Other:**
Applicant argues and discusses the file amendment along with the RCE. Examiner proposed to amend some hardware structures into independent claims to overcome 101 rejection. The current independent claims might need additional structures to overcome 101 rejection. Claim 4 might need additionals limitations to put in good condition for allowance. Examiner told applicant examiner would need to do additional search. Examiner told applicant examiner would call and suggest amendment with applicant once examiner perform search to put the claims in condition for allowance. No agree had been reach.

**Attachment(s):** Agenda

| /H. N./ Examiner, Art Unit 3777 | /ELMER CHAO/ Primary Examiner, Art Unit 3777 |
|---|---|

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable time limit of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicant's responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided.  See MPEP 713.04**

Please further see:

**MPEP 713.04**
**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)**
**37 CFR § 1.2 Business to be transacted in writing**

U.S. Patent and Trademark Office
PTOL-413/413b (Rev. 01/01/2015)                    **Interview Summary**                    Paper No. 20170824

MASA00086750

Case 8:20-cv-00048-JVS-JDE Document 1086-8 Filed 12/19/22 Page 140 of 140 Page ID #:76337

Attorney Docket No P22879US1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

| | | | |
|---|---|---|---|
| Inventor(s): Marcelo M Lamego | | | |
| App. No. 14/621,268 | | Con. No.: 6317 | |
| Filed February 12, 2015 | | Art Unit: 3777 | |
| Title MODULATION AND DEMODULATION TECHNIQUES FOR A HEALTH MONITORING SYSTEM | | Examiner Nguyen, Hien Ngoc | |

### AGENDA FOR EXAMINER INTERVIEW

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### FOR DISCUSSION PURPOSES ONLY
### DO NOT ENTER

- Telephone conference to take place on Thursday, August 23, 2017 at 11:00 AM Eastern Time.
- Attendees. Examiner Hien Ngoc Nguyen and the Assignee's representative Stuart Wagner.
- The Assignee's representative requests the interview to discuss the amendments and arguments submitted on 7/10/2017 in response to a final Office action.

1

-808-
MASA00086751