MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DECLARATION OF MARK SELWYN PURSUANT TO L.R. 79-5.2.2(B) IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: February 6, 2023 <br> Time: 1:30pm <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 27, 2023 |

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

I, Mark D. Selwyn, declare and state as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendant Apple Inc. ("Apple") in the above-captioned matter. I am a member of the Bars of the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before this Court.

2. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

3. I submit this Declaration pursuant to L.R. 79-5.2.2(b) in response to Plaintiffs' Application to File Under Seal Documents Regarding Plaintiffs' Motion For Partial Summary Judgment ("Application").

4. The Application describes 40 exhibits (Exhibits 17, 19-27, 29-33, 35, 44-66, and 70) as containing Apple's confidential information. Apple does not object to Plaintiffs filing Exhibit 47 on the public docket. Apple agrees that the other 39 exhibits (Exhibits 17, 19-27, 29-33, 35, 44-46, 48-66, and 70) contain Apple's confidential information.

5. Specifically, Exhibits 20-24, 26, 30-31, 35, 44-46, 49-53, and 70 describe or reference Apple's business decisions and strategies. Similarly, Exhibits 17, 19, 27, and 61 are deposition transcripts of Apple's current and former employees. These deposition transcripts also describe Apple's internal business decisions and strategies. Likewise, Exhibits 33 and 66 are Apple's responses to interrogatories that discuss Apple's internal business decisions and strategies.

6. Exhibits 20, 24, 25, 29, and 31-33 discuss Apple's competitive hiring and recruiting practices. *See Frost v. LG Elecs. Inc.*, 2017 WL 6044068, at *1 (N.D. Cal. Mar. 27, 2017) (permitting sealing of "competitively sensitive information regarding the hiring and recruiting practices" of defendants).

7. Exhibits 17, 19, 27, 35, 44-46, 48-53, 61, 66, and 70 further discuss Apple's proprietary technology and product development efforts. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("[C]ourts have found

1  compelling reasons to seal information regarding a company's proprietary technology
2  when the disclosure of that information would result in competitive harm.") (collecting
3  cases).

4      8. Similarly, Exhibits 51, 54-60, and 62-65 are internal Apple documents, including
5  emails, meeting notes, and Matlab code, that disclose Apple's proprietary technology.
6  *See Snapkeys*, 2021 WL 1951250, at *2.

7      9. The information described above is valuable to Apple, in part, because of its
8  confidentiality, and its release would cause competitive harm to Apple's business. *See*
9  *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor
10 that weighs in favor of sealing documents is when the release of the documents will
11 cause competitive harm to a business."). Accordingly, there are compelling reasons why
12 the presumption of public access in civil cases should be overcome to seal the
13 confidential information in these documents. *See Kamakana v. City & Cnty. Of*
14 *Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) (discussing this standard for sealing
15 dispositive motions).

16     10. Finally, publication of the highlighted portions of Plaintiffs' Memorandum In
17 Support of Plaintiffs' Motion for Summary Judgment that quotes, references, or
18 summarizes the confidential information in the foregoing exhibits would cause Apple
19 competitive harm, and thus should remain under seal.

20     I declare under penalty of perjury under the laws of the United States of America
21 that the foregoing is true and correct to the best of my knowledge.

22     Executed this 23rd day of December 2022.

24                                             By:  */s/ Mark D. Selwyn*
25                                                   Mark D. Selwyn