Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' MOTION FOR DISCOVERY ON AIRPODS ROYALTIES** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Motion for Discovery on AirPods Royalties ("Motion").

Masimo requests the Court seal portions of the Memorandum in Support of Plaintiffs' Motion for Discovery on AirPods Royalties ("Memorandum"), and Exhibits 4-7, and 10-23 to the Declaration of Adam B. Powell in support of the Motion. Masimo has provided a proposed redacted version of the Memorandum.

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

The information that Maismo seeks to seal contains information that one or both of the parties consider confidential.

The Memorandum explains a Masimo trade secret. Hughes Decl. ¶ 4. That information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with leading performance due, in part, to its years-long investment in its technical trade secrets. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this trade secret were disclosed. *Id.* The Memorandum also describes technical details of Apple's AirPods development which Apple has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.*

Exhibits 4-7 and 10 are discovery documents which discuss Masimo trade secrets and/or information that Apple has designated as confidential. *Id.* at ¶ 5. That trade-secret information is confidential and valuable to Masimo in part because of its secrecy, as discussed in the previous paragraph. *Id.* Exhibits 12 and 13 are letters between counsel discussing the scope of discovery including Apple prototypes and the parties' document retention practices, and Masimo anticipates that Apple is likely to view

information contained in those exhibits as confidential. *Id.* Exhibit 14 is a motion by Masimo discussing several of its trade secrets and Masimo designated it as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* That information is confidential and valuable to Masimo in part because of its secrecy, as discussed in the previous paragraph. *Id.* Exhibits 15 and 16 are Masimo interrogatories and Apple's responses thereto, which discuss Masimo trade secrets and Apple product development, and were designated by the parties as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* That information is confidential and valuable to Masimo in part because of its secrecy, as discussed in the previous paragraph. *Id.* Exhibit 17 is a technical document produced by Apple and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* Exhibits 18 and 19 are transcripts of depositions of Apple witnesses which discuss Apple product development and which Apple designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* Exhibit 20 is a technical expert report that discusses Masimo trade secrets and Apple technical details that were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." That trade-secret information is confidential and valuable to Masimo in part because of its secrecy, as discussed in the previous paragraph. *Id.* Exhibits 21 through 23 are emails between counsel discussing discovery disputes and identify a third party whose identity is confidential. *Id.* Thus, Masimo respectfully requests that the Court seal the above identified exhibits and the proposed redacted portions of Masimo's Motion.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: January 9, 2023 | By: */s/ Daniel P. Hughes* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Daniel P. Hughes |
|   | Attorneys for Plaintiffs MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |