Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY ON AIRPODS ROYALTIES**<br><br>Date:     February 6, 2023<br>Time:     1:30 p.m.<br>Location: Courtroom 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION ...................................................................................... 1

II.  BACKGROUND ....................................................................................... 1

    A.   Masimo Sought Discovery On Apple's Use Of Masimo's Trade Secrets .............................................................................................. 2

    B.   Masimo Amended Its Trade Secret Disclosure And Sought Discovery On The Trade Secret At Issue Here ................................ 3

    C.   After The Close Of Fact Discovery, Apple Produced Information Showing ███████████████████████████ ...... 4

    D.   Masimo Supplemented Its Expert Report ███████████ ........ 4

III. ARGUMENT .............................................................................................. 5

    A.   Good Cause Exists For Limited AirPods Discovery ......................... 6

    B.   Discovery Would Not Impact Trial Or Prejudice Apple .................. 6

    C.   Limited Discovery Would Avoid Repetitive Litigation .................... 7

IV.  CONCLUSION .......................................................................................... 8

# TABLE OF AUTHORITIES

Page No(s).

*Ajaxo Inc. v. E*Trade Corp.*,
   187 Cal. App. 4th 1295 (Cal. Ct. App. 2010)...................................................... 6

*Atl. Inertial Sys. Inc. v. Condor Pacific Indus. Of CA, Inc.*,
   545 Fed. Appx. 600 (9th Cir. 2013) ................................................................... 7

*FAS Techs., Ltd. v. Dainippon Screen Mfg., Co.*,
   2001 WL 1159776 (N.D. Cal. Sept. 21, 2001) ................................................. 6

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ............................................................................. 6

*Hunt v. County of Orange*,
   672 F.3d 606 (9th Cir. 2012) ............................................................................. 6

*Limon v. Circle K Stores Inc.*,
   2020 WL 1503448 (E.D. Cal. Mar. 30, 2020) .................................................. 6

## OTHER AUTHORITIES

California Civil Code § 3426.3 ............................................................................. 6

Fed. R. Civ. P. 16 ................................................................................................... 5

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") move to modify the case schedule to allow Masimo to take limited discovery ▮▮▮▮▮

## I. INTRODUCTION

At the onset of this case, Masimo alleged that former employee Marcelo Lamego used and disclosed Masimo's trade secrets at Apple while developing the Apple Watch. After the close of fact discovery, Apple produced information showing that ▮▮▮▮▮

However, Apple has not provided any discovery relevant to calculating a royalty ▮▮▮▮▮

Fortunately, time still remains for Masimo to seek that discovery. Masimo will present to the jury issues of liability and remedies on Apple's Watch-related misappropriation. Masimo will also present liability ▮▮▮▮▮ If the Court grants this Motion, and Masimo prevails on liability, Masimo ▮▮▮▮▮ Because the Court addresses the reasonable royalty only after the jury finds liability, allowing the discovery sought would not affect the jury trial. Allowing discovery here would also avoid the inefficient process of Masimo seeking relief from the Protective Order so that ▮▮▮▮▮

## II. BACKGROUND

In January 2020, Masimo filed this case alleging that Apple acquired, used, and disclosed Masimo's trade secrets through former employees that Apple hired. Dkt. 1 ¶ 188. One of those employees was Cercacor's former Chief Technical Officer,

Marcelo Lamego. *Id.* ¶ 21. Masimo alleged that Apple used and disclosed the trade secrets in developing and selling the Apple Watch. *Id.* ¶¶ 20-28, 186.

### A. Masimo Sought Discovery On Apple's Use Of Masimo's Trade Secrets

Throughout discovery, Masimo sought documents regarding Apple's use of Masimo's trade secrets in developing the Apple Watch. For example, Masimo sought documents about the source code, firmware and software, hardware design, and LED operation. *See, e.g.*, Ex. 1 at RFP 22; Ex. 2 at RFP 78; Ex. 3 at RFP 153; and Ex. 4 at RFPs 355-357.[1] Masimo sought documents regarding Lamego's suggestions and contributions regarding the Apple Watch. *See, e.g.,* Ex. 4 at RFPs 318-320, 332-334, and 356-357; Ex. 5 at RFPs 531 and 563-568; and Ex. 7 at RFPs 742-743.

Masimo also sought documents not limited to the Apple Watch. For example, Masimo sought documents about what Apple knew about "any technique that uses light to calculate a physiological parameter before Marcelo Lamego arrived at Apple." Ex. 5 at RFP 560; *see also id.* at RFP 559, 561-562. Masimo also sought engineering project files that related to Lamego and/or using light to calculate physiological parameters. Ex. 6 at RFP 575-583; Ex. 7 at RFPs 739-741.

Masimo also served interrogatories seeking information about the design and development of the Apple Watch hardware and software. *See* Ex. 8 at Interrogatory Nos. 7-9. Masimo sought information about the "extent and nature of any involvement" of Masimo's former employees, including Lamego, in "developing, manufacturing, marketing, and/or selling" the Apple Watch. Ex. 9 at Interrogatory No. 11. Masimo also sought information about Apple's business and marketing strategies and plans for "**any product** that is capable of measuring a physiological parameter," including but not limited to the Apple Watch. Ex. 10 at Interrogatory No. 21 (emphasis added).

Throughout discovery, Apple sought to limit discovery to only the Apple Watch. *See, e.g.,* Ex. 11 at Objections to Interrogatory No. 21. Apple argued other products

---

[1] Exhibit citations are to the exhibits to the Declaration of Adam B. Powell in support of this Motion.

1 were irrelevant to Masimo's allegations. Apple used the AirPods as an example of a product that it claimed had nothing to do with Masimo's trade secrets. Exs. 12-13.

**B.    Masimo Amended Its Trade Secret Disclosure And Sought Discovery On The Trade Secret At Issue Here**

Discovery uncovered additional Masimo trade secrets that Apple had misappropriated in connection with the Apple Watch. Accordingly, on March 4, 2022, Masimo moved to add a few trade secrets, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 14 at 3. Apple opposed. On April 28, 2022, the Court granted Masimo's motion. Dkt. No. 693.

Masimo promptly sought discovery regarding the full scope of ▮▮▮▮▮▮▮▮▮▮. On May 13, 2022, Masimo served RFPs seeking documents regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Ex. 7 at RFPs 669-672. Masimo also served its Interrogatory No. 27, requiring that Apple:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ex. 15. Apple provided its substantive response on August 5, 2022. But Apple limited that response to the Apple Watch. Ex. 16 at 8-12.

/ / /

1  **C.    After The Close Of Fact Discovery, Apple Produced Information Showing**

2  ▮

3     Fact discovery closed on August 12, 2022.  Dkt. 627.  On September 16, 2022,

4  Apple produced documents demonstrating ▮

5  ▮.  Apple did so in its extensive production of documents after the

6  close of fact discovery, eventually totaling over 175,000 pages.  Powell Decl. ¶ 19.  The

7  documents showed that ▮

8  ▮ *See, e.g.*, Ex. 17.

9  Masimo requested to depose Mr. Zheng.  Apple initially refused but finally agreed that

10 deposition would occur in late October.

11    On October 24, 2022, Masimo deposed Mr. Zheng.  He confirmed that ▮

12 ▮

13 ▮

14 Ex. 18 at 20:8-12; 28:20-29:3.  He admitted ▮

15 ▮ *Id.* at 53:20-55:12.  Mr. Zheng admitted that ▮

16 ▮ *Id.* at 21:3-4; 95:10-12.

17 Apple's Senior Director of Human Interface Devices Software, Jack Fu, explained that

18 ▮

19 ▮. 19 at 49:18-51:6.  The Zheng deposition thus uncovered that ▮

20 ▮

21 ▮

22 ▮

23 ▮

24 **D.    Masimo Supplemented Its Expert Report** ▮

25    On November 2, nine days after the revelations from Mr. Zheng's deposition,

26 Masimo's technical expert, Dr. Madisetti, supplemented his report and explained

27 ▮ Ex. 20 (discussing the Zheng

28 deposition and ▮ While ▮

-4-

1 █████████████████████████████████████████████████████████████

2 ███████████████████████████████████████ *See, e.g.*, Ex. 7 at RFPs 672, 773.

3 Thus, Masimo's damages expert was unable to supplement his report to █████

4 ████████████████████████████.

5     On November 8, 2022, Masimo reminded Apple of its continuing obligation to

6 supplement its production in view of Masimo learning that █████████████████

7 ████████████████████████████████████ Ex. 21. Masimo also requested

8 documents regarding █████████████████████████████████████████████

9 ███████████████ *Id.* But Apple ████████████████████████████████

10 █████████████████████████████████ Exs. 22-23.

11     The jury trial is scheduled to begin on March 27, 2023. Dkt. 627. At that trial,

12 Masimo will present Apple's liability for misappropriation of several trade secrets based

13 on the Apple Watch and █████████████████████████████████████████

14 At trial, Masimo will seek damages based on the Apple Watch-related

15 misappropriations. Masimo will also seek █████████████████████████████

16 █████.

17     The Court recently confirmed that it would consider a reasonable royalty after a

18 jury verdict on liability. Dkt. 1071 at 6. Thus, rather than move to delay trial to allow

19 sufficient time for discovery and ██████████████████████████████████

20 ██████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████████

22 ██████████████████████

23     Accordingly, Masimo now seeks to modify the scheduling order to allow it to

24 take limited discovery ████████████████████████████████████████████

25 ███████████████████████████

26                            **III. ARGUMENT**

27     Relief from a scheduling order is appropriate upon a showing of "good cause."

28 Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of

the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.* "The Court has broad discretion in granting modifications to the schedule." *Limon v. Circle K Stores Inc.*, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020) (citing *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)).

### A. Good Cause Exists For Limited AirPods Discovery

Masimo diligently sought discovery regarding the full scope of Apple's misappropriation, but ██████████████████████████████ For example, Masimo served document requests and interrogatories seeking the full extent of Apple's misappropriation, but Apple restricted its responses to Apple Watch. Exs. 1-10. During discovery, Apple ████████████████████

Fact discovery closed on August 12, 2022. Dkt. 627. But Masimo did not learn of ████████████████████████████████ ██████████████ and Masimo deposed Zheng on October 24, 2022. Powell Decl. ¶ 19; Ex. 17; Ex. 18 at at 20:8-12; 28:20-29:3; 53:20-55:12. Thus, although Masimo contends existing discovery requests should have resulted in production ██ ████████████ Masimo could not have sought the limited additional discovery at issue here before the close of fact discovery. Good cause exists to grant limited relief from the scheduling order to allow it to take limited discovery ████████ ████████████████████

### B. Discovery Would Not Impact Trial Or Prejudice Apple

The limited additional discovery sought here would not delay the jury trial or prejudice Apple. While Masimo is entitled to seek additional damages, Masimo would forego that right and limit its request to a reasonable royalty if the Court allows discovery in this case. Under California law, reasonable royalties are set by the Court—not the jury. *FAS Techs., Ltd. v. Dainippon Screen Mfg., Co.*, 2001 WL 1159776, at *3 (N.D. Cal. Sept. 21, 2001) (quoting California Civil Code Section 3426.3); *Ajaxo Inc.*

*v. E*Trade Corp.*, 187 Cal. App. 4th 1295, 1308 (Cal. Ct. App. 2010) ("A reasonable royalty is a court-determined fee imposed upon a defendant for his or her use of a misappropriated trade secret."). Courts often consider reasonable royalty evidence after the jury trial if the plaintiff is unable to show actual damages or unjust enrichment. *Atl. Inertial Sys. Inc. v. Condor Pacific Indus. Of CA, Inc.*, 545 Fed. Appx. 600, 601 (9th Cir. 2013).

This Court recently confirmed that any reasonable royalty determination would occur after trial. Dkt. 1071 at 6. That process provides the parties with ample time and resources to conduct the reasonable-royalty discovery. While Masimo contends that it has already served requests that ▮▮▮▮▮▮▮▮▮▮ Masimo would serve more targeted requests to expedite the process.

This Court recently allowed additional royalty discovery that Apple sought about ▮▮▮▮▮▮ because it would not impact the upcoming trial. Dkt. 1071 at 6; Dkt. 1106. Masimo proposes the following, which is similar to the Court's order on ▮▮▮▮

(1) The parties would serve limited written discovery requests within seven days of the Court's Order;
(2) The parties would respond within fourteen days of receiving (1);
(3) Masimo would serve a supplemental damages report within 21 days of receiving (2);
(4) Apple would serve a report responsive to (3) within 21 days of receiving it; and
(5) Expert depositions regarding any reasonable royalty opinion would be completed within four weeks of a jury verdict.

C. **Limited Discovery Would Avoid Repetitive Litigation**

The parties and the Court have expended significant resources in this case. The parties have produced millions of pages of discovery, deposed dozens of witnesses, and filed dozens of motions. Despite Apple's delay in producing relevant information,

-7-

1  Masimo served its technical expert's report explaining ▮▮▮▮▮
2  ▮▮▮▮▮ and is prepared to present liability at trial. It would be highly
3  inefficient to require another litigation instead of allowing Masimo to take limited
4  discovery and address royalties in this case.

5  Moreover, requiring repetitive litigation would introduce additional disputes in
6  this case. The Protective Order limits Masimo's use of Apple's restricted discovery in
7  this case. Dkt. 67 at 6. Apple has designated the deposition and related materials
8  through which Masimo uncovered ▮▮▮▮▮ as
9  Apple's Highly Confidential, Attorneys' Eyes Only material. *See, e.g.,* Exs. 17 and 18.
10 Accordingly, if ▮▮▮▮▮
11 ▮▮▮▮▮
12 ▮▮▮▮▮ Granting
13 this Motion would avoid those disputes and inefficiencies.

### IV.  CONCLUSION

15 Masimo respectfully requests that the Court grant this Motion and grant relief
16 from the scheduling order to allow it to take limited discovery ▮▮▮▮▮
17 ▮▮▮▮▮

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 9, 2023                By: */s/ Adam B. Powell*
                                       Joseph R. Re
                                       Stephen C. Jensen
                                       Benjamin A. Katzenellenbogen
                                       Perry D. Oldham
                                       Stephen W. Larson
                                       Mark D. Kachner
                                       Baraa Kahf
                                       Adam B. Powell
                                       Daniel P. Hughes
                                       Justin J. Gillett

                                       Attorneys for Plaintiffs

1 | MASIMO CORPORATION and
2 | CERCACOR LABORATORIES, INC.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 2,431 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: January 9, 2023      By: /s/ Adam B. Powell
                                Joseph R. Re
                                Stephen C. Jensen
                                Benjamin A. Katzenellenbogen
                                Perry D. Oldham
                                Stephen W. Larson
                                Mark D. Kachner
                                Baraa Kahf
                                Adam B. Powell
                                Daniel P. Hughes
                                Justin J. Gillett

                                Attorneys for Plaintiffs
                                MASIMO CORPORATION and
                                CERCACOR LABORATORIES, INC.