Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF ADAM B. POWELL IN SUPPORT OF PLAINTIFFS' MOTION FOR REMEDY DISCOVERY ON APPLE'S AIRPODS** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

I, Adam B. Powell, hereby declare:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.

2. I submit this Declaration in support of Plaintiffs' Motion for Remedy Discovery on Apple's AirPods.

3. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from Plaintiffs' First Set of Requests for Production of Documents to Apple (Nos. 1-25), which Plaintiffs served on March 16, 2020.

4. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from Plaintiffs' Third Set of Requests for Production of Documents to Apple (Nos. 61-147), which Plaintiffs served on July 17, 2020.

5. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from Plaintiffs' Fourth Set of Requests for Production of Documents to Apple (Nos. 148-172), which Plaintiffs served on October 9, 2020.

6. Attached hereto as **Exhibit 4** (filed under seal) is a true and correct copy of excerpts from Plaintiffs' Corrected Ninth Set of Requests for Production of Documents to Apple (Nos. 318-524), which Plaintiffs served on May 25, 2021.

7. Attached hereto as **Exhibit 5** (filed under seal) is a true and correct copy of excerpts from Plaintiffs' Tenth Set of Requests for Production of Documents to Apple (Nos. 525-574), which Plaintiffs served on July 23, 2021.

8. Attached hereto as **Exhibit 6** (filed under seal) is a true and correct copy of Plaintiffs' Eleventh Set of Requests for Production of Documents to Apple (Nos. 575-592), which Plaintiffs served on October 29, 2021.

9. Attached hereto as **Exhibit 7** (filed under seal) is a true and correct copy of excerpts from Plaintiffs' Fifteenth Set of Requests for Production of Documents to Apple (Nos. 667-779), which Plaintiffs served on May 13, 2022.

10. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiffs' Second Set of Interrogatories to Apple (Nos. 6-10), which Plaintiffs served on July 17, 2020.

11. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiffs' Third Set of Interrogatories to Apple (Nos. 11-13), which Plaintiffs served on October 9, 2020.

12. Attached hereto as **Exhibit 10** (filed under seal) is a true and correct copy of Plaintiffs' Fifth Set of Interrogatories to Apple (Nos. 17-22), which Plaintiffs served on April 28, 2021.

13. Attached hereto as **Exhibit 11** (filed under seal) is a true and correct copy of excerpts from Apple's Objections and Responses to Plaintiffs' Fifth Set of Interrogatories (Nos. 17-22), which Apple served on May 28, 2021.

14. Attached hereto as **Exhibit 12** (filed under seal) is a true and correct copy of a letter that I sent to Brian Andrea, counsel for Apple, on May 7, 2021.

15. Attached hereto as **Exhibit 13** (filed under seal) is a true and correct copy of a letter that Brian Andrea sent to Alan Laquer, counsel for Plaintiffs, on May 13, 2021.

16. Attached hereto as **Exhibit 14** (filed under seal) is a true and correct copy of Plaintiffs' March 4, 2022 Motion to Amend its Section 2019.210 Trade Secret Disclosures.

17. Attached hereto as **Exhibit 15** (filed under seal) is a true and correct copy of excerpts from Plaintiffs' Eighth Set of Interrogatories to Apple (Nos. 26-35), which Plaintiffs served on May 13, 2022.

18. Attached hereto as **Exhibit 16** (filed under seal) is a true and correct copy of excerpts from Apple's Supplemental Objections and Responses to Plaintiffs' Eighth Set of Interrogatories (Nos. 26-35), which Apple served on August 5, 2022.

19. On September 16, 2022, Apple produced documents that Masimo contends demonstrate Apple's use of the trade secret discussed under seal. Apple produced over 175,000 pages of documents after the close of fact discovery.

20. Attached hereto as **Exhibit 17** (filed under seal) is a true and correct copy of a document that Apple produced on September 16, 2022, bearing production range APL-MAS_03002292 through 306.

21. Attached hereto as **Exhibit 18** (filed under seal) is a true and correct copy of excerpts from the transcript of Plaintiffs' October 24, 2022 deposition of Dong Zheng.

22. Attached hereto as **Exhibit 19** (filed under seal) is a true and correct copy of excerpts from the transcript of Plaintiffs' June 14, 2022 deposition of Jack Fu.

23. Attached hereto as **Exhibit 20** (filed under seal) is a true and correct copy of the November 2, 2022 Supplemental Expert Report of Vijay K. Madisetti, Ph.D.

24. Attached hereto as **Exhibit 21** (filed under seal) is a true and correct copy of an email that Mark Kachner, counsel for Plaintiffs, sent Nina Garcia, counsel for Apple, on November 8, 2022.

25. Attached hereto as **Exhibit 22** (filed under seal) is a true and correct copy of an email that Ms. Garcia sent to Mr. Kachner on November 9, 2022.

26. Attached hereto as **Exhibit 23** (filed under seal) is a true and correct copy of an email that Mr. Kachner sent to Ms. Garcia on November 17, 2022.

27. On January 2, 2023, I met and conferred with counsel for Apple regarding this anticipated Motion for discovery on AirPods royalties. The parties were unable to resolve their dispute and counsel for Apple stated that Apple opposes the Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 9, 2023, at Irvine, California.

           */s/ Adam B. Powell*
           Adam B. Powell