# EXHIBIT 2

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 2
-11-

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") hereby request that Defendant APPLE INC. ("Apple") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of counsel for Plaintiffs within the time prescribed by the Federal Rules of Civil Procedure. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" means Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,258,266, U.S. Patent No. 10,292,628, U.S. Patent No. 10,299,708, U.S.

Patent No. 10,376,190, U.S. Patent No. 10,376,191, U.S. Patent No. 10,470,695, U.S. Patent No. 6,771,994, U.S. Patent No. 8,457,703, U.S. Patent No. 10,433,776, U.S. Patent No. 10,588,553, and U.S. Patent No. 10,588,554. To the extent Masimo asserts additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, and any subsequent series of the Apple Watch.

7. "Apple iOS Products" means products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 4 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iOS Product.

9. The "Disputed Patents" means the patents or patent applications that Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, and U.S. Patent No. 10,219,754, U.S. Patent No. 10,524,671, and U.S. Patent App. No. 15/960,507. To the extent Plaintiffs identify additional such patents or patent applications in a future pleading, "Disputed Patents" shall be construed to include such patents.

10. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

11. The term "things" shall mean all tangible objects of any type, composition, construction, or nature.

12. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

13. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

14. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Produce all documents specified below that are in Your possession, custody, or control, or otherwise known and available to You, Your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2. If You claim that any requested documents or things are privileged, then provide all information falling within the scope of the Request that is not privileged and identify with sufficient particularity for purposes of a motion to compel the information, document, or thing, separately, with respect to which You claim a privilege, and state:

    a. the basis on which the privilege is claimed;

    b. the author or creator of the information, document, or thing;

    c. each individual or other person to whom the information, document, copy thereof, or thing was sent or otherwise disclosed; and

    d. the date of the information or document.

3. If You are aware of the existence, past or present, of a requested document or thing, but the document or thing is not in Your possession, custody, or control, then so state in Your response to the request for that document or thing. Identify such document or thing and identify, by name, title, and address, the person who last maintained possession, custody, or control of

-3-

Exhibit 2
-14-

the document or thing.  If the requested document or thing no longer exists, then Your response should state when, how, and why this is the case.

4. Produce each requested document or thing along with all non-identical drafts thereof.  Furthermore, produce each document in its entirety, without abbreviation or redaction.

5. Identify specifically the derivation and source of each document and thing to be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things that tend to support or rebut any of Your affirmative defenses to Plaintiffs' causes of action other than trade secret misappropriation.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things that tend to support or rebut any contention that Masimo has not been harmed by Your acts, other than trade secret misappropriation, alleged to be improper in this case.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show any heart rate algorithms used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to selection between any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things that refer or relate to power consumption by any heart rate algorithm used in any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things that refer or relate to any testing and/or analysis of the properties and/or characteristics of any of the Apple Watch Products or

any component of any of the Apple Watch Products that relate to pulse rate detection, pulse rate measurement, power consumption by pulse rate detection, or power consumption by pulse rate measurement, including, without limitation, testing protocols, reports, results, notes, and summaries.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning any attempt to obtain FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning the FDA approval of any of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things submitted to or received from the FDA or any other governmental agency that refer or relate to the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things that refer or relate to clinical trials of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify all persons involved in the research, design, and development of any physiological monitoring capability of the Apple Watch Products.

**REQUEST FOR PRODUCTION NO. 72:**

All documents concerning any changes made to any of the Apple Watch Products' firmware, software, or comments thereto that relate to physiological monitoring.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning any changes made to firmware, software, or comments thereto, between the Apple Watch Series 3 and Apple Watch Series 4 and later.

requests for production, responses to interrogatories, responses to requests for admission, and all supplemental disclosures and responses.

**REQUEST FOR PRODUCTION NO. 146:**

All documents and things relating to the contents and/or subject matter of any declarations or affidavits filed by You in this litigation.

**REQUEST FOR PRODUCTION NO. 147:**

All documents and things upon which You intend to rely upon, use, or introduce at trial, for any purpose, including to introduce into evidence, or use as impeachment, rebuttal, or demonstrative purposes.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2020          By: */s/ Adam B. Powell*
                                              Joseph R. Re
                                              Stephen C. Jensen
                                              Perry D. Oldham
                                              Stephen W. Larson
                                              Adam B. Powell

                                              Attorneys for Plaintiffs,
                                              Masimo Corporation and
                                              Cercacor Laboratories, Inc.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On July 17, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 61-147)** on the parties or their counsel shown at the email addresses shown below:

GIBSON, DUNN & CRUTCHER LLP

Apple-Masimo@gibsondunn.com

Joshua H. Lerner
JLerner@gibsondunn.com

H. Mark Lyon,
MLyon@gibsondunn.com

Brian M. Buroker
BBuroker@gibsondunn.com

Brian K. Andrea
BAndrea@gibsondunn.com

Brian A. Rosenthal
BRosenthal@gibsondunn.com

Ilissa Samplin
ISamplin@gibsondunn.com

Angelique Kaounis
AKaounis@gibsondunn.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 17, 2020, at Irvine, California.

Karina Villanueva

32420011