MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

     Plaintiffs,

  v.

APPLE INC.,
a California corporation,

     Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER**

Date: Feb. 6, 2023
Time: 1:30pm

Pre-Trial Conference: Mar. 13, 2023
Trial: Mar. 28, 2023

REDACTED VERSION OF THE DOCUMENT PROPOSED TO BE

FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT
PALMATIER

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Introduction ................................................................................................................. 1

Background ................................................................................................................. 2

    A.     The Alleged ████████ Secrets ............................................................. 2

    B.     Dr. Palmatier's Opening Report ................................................................. 4

         1.     Dr. Palmatier Fails to Distinguish Between Masimo Corp. and Cercacor ................................................................. 4

         2.     Dr. Palmatier's Ipse Dixit Trade Secret Analysis ........................... 6

Argument ................................................................................................................. 8

I.     Dr. Palmatier' ████████ hat "Masimo" "Developed And/Or Used" Each Alleged ████████ Secret Are Unreliable .............................................. 9

II.    Dr. Palmatier's Analysis Of The Scope Of The Purported ████████ Secrets Is Unreliable ................................................................. .......... 10

Conclusion ................................................................................................................. 13

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**CASES**

4

*Arevalo v. Coloplast Corp.*,
    2020 WL 3958505 (N.D. Fla. July 7, 2020)......................................................11

*Burrows v. BMW of North America, LLC*,
    2018 WL 6314187 (C.D. Cal. Sept. 24, 2018) ....................................................9

*Castaic Lake Water Agency v. Whittaker Corp.*,
    2002 WL 34700741 (C.D. Cal. Oct. 25, 2002) ...................................................9

*Comet Techs. USA Inc. v. XP Power LLC*,
    2022 WL 2442810 (N.D. Cal. Mar. 2, 2022) .....................................................10

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997)............................................................2, 10, 12, 13

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
    2019 WL 12074086 (C.D. Cal. July 1, 2019) ...................................................10

*Holt v. Finander*,
    2021 WL 1255418 (C.D. Cal. Feb. 9, 2021) .......................................................9

*Kovary v. Honeywell Int'l, Inc.*,
    2014 WL 12564090 (C.D. Cal. Mar. 17, 2014) ................................................11

*Lopez v. I-Flow Inc.*,
    2011 WL 1897548 (D. Ariz. Jan. 26, 2011)......................................................12

*In re Mirena IUD Prods. Liab. Litig.*,
    169 F. Supp. 3d 396 (S.D.N.Y. 2016) ...............................................................13

*Pac. Fuel Co. v. Shell Oil Co.*,
    2008 WL 11336467 (C.D. Cal. Jan. 24, 2008)..................................................11

*Perez v. State Farm Mut. Auto. Ins. Co.*,
    2012 WL 3116355 (N.D. Cal. July 31, 2012) ...................................................10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Sitrick v. Dreamworks, LLC,*
  2006 WL 6116641 (C.D. Cal. July 20, 2006) ...................................................... 10

*Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.,*
  2009 WL 3335596 (W.D. Okla. Oct. 15, 2009) ................................................. 12

*United States v. 87.98 Acres of Land,*
  530 F.3d 899 (9th Cir. 2008) ............................................................................... 9

*United States v. Adams,*
  444 F. Supp. 3d 1248 (D. Or. 2020) .................................................................. 12

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

The opinions of Plaintiffs' expert Dr. Robert Palmatier in his October 6 Opening Report regarding the alleged █████████████████████████████████████ ████████████████████████████████ are fundamentally unreliable.  This Court should exclude them under *Daubert* and FRE 702 for at least two independent reasons.

First, Dr. Palmatier's October 6 Opening Report fails to explain whether Plaintiff Masimo Corp., Plaintiff Cercacor Laboratories, or both entities supposedly developed and/or used each alleged ████████ secret.  Instead, he refers to both Plaintiffs as a single entity ("Masimo").  And at his deposition, he admitted that ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████, to the contrary, his failure to distinguish which actions were performed by Masimo Corp. and which by Cercacor means his opinion is fatally flawed and he cannot reliably speak to which entity—if any—developed and/or used the supposed secrets.

Second, Dr. Palmatier's opinions should also be excluded because he offers no analysis as to what each of the alleged ████████ secrets actually means, ██████ ████████████████████████████████████████████ Because the language of the purported secrets does not appear in any document that he relies on to show development and/or use, however, his opinions about alleged development, misappropriation, independent economic value, and lack of independent development by Apple boil down to a suggestion to trust his conclusions without knowing how he reached them.  The Supreme Court has long held exclusion is appropriate under precisely this situation—i.e., where "opinion evidence … is connected to existing data

1   only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146

2   (1997).

3                                   **BACKGROUND**

4         Dr. Palmatier's Opening Report opines that, for each of the alleged ████████

5   ██ secrets: ████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████   Ex. 1 ¶¶ 60-63.

9         **A.    The Alleged ████████ Secrets**

10        Dr. Palmatier's Opening Report contends that ████████████████████████

11   ████████████████████████████████████████████████████████   Ex. 1 ¶

12   60.

13        ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████

19        ████████████████████████████████████████████████

20        ████████████████████████████████████████████████

21        ████████████████████████████████████████████████

22        ████████████████████████████████████████████████

23        ████████████████████████████████████████████████

24        ████████████████████████████████████████████████

25        ████████████████████████████████████████████████

26        ████████████████████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [1] The Court determined that ███████ is not a trade secret.  Dkt. 350, at 5-6.

28

### B. Dr. Palmatier's Opening Report

#### 1. Dr. Palmatier Fails to Distinguish Between Masimo Corp. and Cercacor

Dr. Palmatier's Opening Report states that ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████ Ex. 1 ¶ 2 n.1; *see also* Ex. 2 ¶ 2 n.1; Ex. 3 at 151:4-5 ████

████████████████████████████████████████████

███████████████████ But aside from using the phrase "Masimo Corp." in reference to a separate litigation and "Masimo Corporation" in quoting a specific document, nowhere in his Opening Report does Dr. Palmatier substantively use the phrase "Masimo Corp."[2]  Moreover, nowhere in his report does he distinguish between Masimo and Cercacor for purposes of opining on "Masimo's" development and/or use of the alleged ███████ secrets.

████████████████████████████████████

████████████████████████████████████████████

████████ Dr. Palmatier admitted he made no effort to distinguish between Masimo Corp. and Ceracor in any substantive manner:

████████████████████████████████████████

████████████████

███████

████████████████████████

_____

███████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

1  ████████

2
3  ███████████████████████████████████████

4  ████████

5  *Id.* at 157:17-25.[3]

6       Dr. Palmatier further acknowledged that he did not opine on whether Masimo

7  alone, or Cercacor alone, developed the alleged secrets:

8  ████████████████████████████████████████

9  ████████████████████████████████████████

10 ███████████████████████████████

11 ████████████████████████████████████████

12 ██████████████████████████████████████

13 ████████████████████████████████

14 *Id.* at 164:15-24.  Further, unable to identify *anyone* at Cercacor who contributed to the

15 development of the alleged █████████ secrets, Dr. Palmatier confirmed that █████

16 ████████████████████████████████████████

17 ████████████████████████████

18       Despite being unable to answer the basic question of which entity and/or entities

19 developed the alleged █████████ secrets, Dr. Palmatier nonetheless maintained that

20 ████████████████████████████████████████

21 ████████████████████████████████████████

22 ████████████████████████████████████████

23 ████████████████████████████████████████

24 █████████████████████     *Id.* at 160:18-161:1.

25 ───────────────────

26 [3] During Dr. Palmatier's deposition, Plaintiffs' counsel lodged multiple objections to
27 nearly every question.  Those objections have been omitted for readability.

28 APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

5                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

## 2.     Dr. Palmatier's *Ipse Dixit* Trade Secret Analysis

Dr. Palmatier's Opening Report follows the same pattern of analysis for each alleged ███████ secret: ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████      In support of each of these points, Dr. Palmatier describes various documents produced by the parties.  ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████      None of the documents that Dr. Palmatier relies upon, however, uses the language of any of the alleged ███████ secrets.  At no point does Dr. Palmatier explain his understanding of the meaning of the alleged secrets or how any document reflects and/or is consistent with the specific language of each alleged secret.

When asked at his deposition ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███ ███████████████████

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23



24

**ARGUMENT**

25

     Plaintiffs cannot meet their burden to show that Dr. Palmatier's opinions are

26

"the product of reliable principles and methods" such that they are admissible under

27

28

1    FRE 702 and *Daubert.  See Holt v. Finander*, 2021 WL 1255418, at *2 (C.D. Cal. Feb.

2    9, 2021) ("The proponent of the expert testimony bears the burden of proving its

3    admissibility." (citing *United States v. 87.98 Acres of Land*, 530 F.3d 899, 904 (9th

4    Cir. 2008)).

5    **I.    DR. PALMATIER'S OPINIONS THAT "MASIMO" "DEVELOPED AND/OR USED"**

6           **EACH ALLEGED ▇▇ ▇▇ ▇ SECRET ARE UNRELIABLE**

7        Dr. Palmatier's opinion that "Masimo" "developed and/or used" each of the

8    alleged ▇▇▇▇▇ secrets is wholly conclusory and lacks reliability.  *See Ex. 1 ¶ 60.*

9    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

10   ▇▇▇▇▇▇▇▇▇▇▇  This means that for each alleged secret covered in his report,

11   he is effectively saying that (1) Masimo Corp., or (2) Cercacor, or (3) both Masimo

12   Corp. and Cercacor developed and/or used it.  *See Ex. 3 at 156:25-157.*  Dr.

13   Palmatier's failure to offer any real analysis as to which entity developed and used

14   each alleged secret is exactly the type of conclusory testimony that *Daubert* bars.  *See*

15   *Castaic Lake Water Agency v. Whittaker Corp.*, 2002 WL 34700741, at *6 (C.D. Cal.

16   Oct. 25, 2002) (an expert's "conclusions [must] be supported by 'good grounds for

17   each step in the analysis,' meaning that '*any* step that renders the analysis unreliable

18   under the *Daubert factors renders the expert's testimony inadmissible*'" (quoting *In re*

19   *Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994))); *see also Burrows v.*

20   *BMW of N. Am., LLC*, 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) (excluding

21   report under *Daubert* where it was "rife with conclusory opinions with no apparent

22   basis").

23       Moreover, Dr. Palmatier's testimony that "Masimo" developed and/or used any

24   particular alleged secret is confusing and unhelpful to the jury where he cannot opine

25   as to whether Masimo Corp. or Cercacor developed and/or used it.  Dr. Palmatier has

26   no opinion which entity did so, much less how such entity contributed.  This lack of

27

28

1   specificity and factual underpinning leaves the jury with no actual information that

2   would assist it in determining that either and/or both entities in fact developed and/or

3   used the alleged secrets. *See Grasshopper House, LLC v. Clean & Sober Media LLC,*

4   2019 WL 12074086, at *3 (C.D. Cal. July 1, 2019) (concluding that expert opinion

5   "would not be helpful to the jury" where "the sole factual underpinning" supporting

6   the opinion was "deficient'); *see also Sitrick v. Dreamworks, LLC*, 2006 WL 6116641,

7   at *29 (C.D. Cal. July 20, 2006) ("[C]onclusory statements by an expert witness are

8   not helpful to the Court.").

9   **II.     DR. PALMATIER'S ANALYSIS OF THE SCOPE OF THE PURPORTED** ▮ ▮

10              ▮ **SECRETS IS UNRELIABLE**

11              As the Supreme Court has explained, "nothing in either *Daubert* or the Federal

12  Rules of Evidence requires a district court to admit opinion evidence that is connected

13  to existing data only by the *ipse dixit* of the expert." *Joiner*, 522 U.S. at 146.  For this

14  reason, "[a] court may conclude that there is simply too great an analytical gap

15  between the data and the opinion proffered." *Id.*; *see also Perez v. State Farm Mut.*

16  *Auto. Ins. Co.,* 2012 WL 3116355, at *2 (N.D. Cal. July 31, 2012) ("[A] court may

17  exclude expert testimony on the ground that an expert's purported methodology fails to

18  explain his final conclusion.").  That rule applies here—there is "simply too great an

19  analytical gap" between Dr. Palmatier's opinions regarding the scope of the alleged

20  ▮▮▮▮▮  secrets and his twin conclusions that (1) Plaintiffs developed and/or used

21  the supposed secrets and (2) Apple misappropriated them.  *See Joiner*, 522 U.S. at 146.

22              Specifically, while an expert may offer opinions "about whether something

23  qualifies as a trade secret, as well as whether trade secrets were misappropriated," *see,*

24  *e.g., Comet Techs. USA Inc. v. XP Power LLC*, 2022 WL 2442810, at *3 (N.D. Cal.

25  Mar. 2, 2022), such analysis logically requires the expert to explain both the scope of

26  the alleged secrets and how the evidence establishes development, use, and

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP



misappropriation.  Dr. Palmatier, however, offers no explanation as to what the alleged

secrets mean, instead asserting 

Ex. 1

Sections VIII.B, C, D, E, F, G, H (reciting the language of the alleged secrets without

providing any analysis); Ex. 2 ¶ 279 (criticizing Dr. Kivetz for providing analysis of

the alleged secrets).

Dr. Palmatier refused to define any of these

terms or the alleged ▮▮▮▮▮ secrets generally during his deposition.  *See, e.g.*,

Ex. 4 at 279:4-6

Accordingly, his opinions are of no use to

a finder of fact who is trying to understand the "specialized meaning" of "terms of art,

science, or trade."  *Pac. Fuel Co. v. Shell Oil Co.*, 2008 WL 11336467, at *3 (C.D.

Cal. Jan. 24, 2008); *see also Arevalo v. Coloplast Corp.*, 2020 WL 3958505, at *21

(N.D. Fla. July 7, 2020) (testifying expert who "simply parrot[s a party's] corporate

documents or offer[s] a narrative account of events from them will not be helpful to the

jury"); *Kovary v. Honeywell Int'l, Inc.*, 2014 WL 12564090, at *4 (C.D. Cal. Mar. 17,

2014) (failure of expert to sufficiently explain terms amounted to an "unhelpful

tautology [that] fails to explain what that "scientific reason" might be, or how one

might reach such a conclusion").[4]

1    Plaintiffs cannot circumvent this important deficit in Dr. Palmatier's opinions by

2   purporting to match the words of the alleged ███████ secrets with isolated

3   examples of a few of the same words in Plaintiffs' or Apple's documents.  Like all the

4   rest of Plaintiffs' witnesses, Dr. Palmatier has been unable to identify any document

5   not created for the purposes of this litigation that includes the language of the alleged

6   secrets.  *See, e.g.*, Ex. 4 at 355:11-19 ████████████████

7   ████████████████████████

8   ████████████████████████

9   ██████████████████ *see also id.* at 355:20-358:16.  Nor was Dr.

10   Palmatier able to identify any identical language in Apple's documents either.  *See,*

11   *e.g., id.* at 360:12-25 ████████████████████

12   ██████████████████████ Where Dr.

13   Palmatier fails to, and in fact refuses to, offer any explanation as to what the alleged

14   secrets mean, he cannot meaningfully compare them to anything that does not reflect

15   their actual language (i.e., the documents produced in this action).  Dr. Palmatier's

16   opinion amounts to a request for the fact finder to "trust him" without any real

17   explanation of his methods.  *See United States v. Adams*, 444 F. Supp. 3d 1248, 1259

18   (D. Or. 2020) (explaining that a reason for an expert opinion cannot amount to "trust

19   me, I'm a scientist" and that the expert must "explain himself and his methods");

20   *Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.*, 2009 WL 3335596, at *4 (W.D.

21   Okla. Oct. 15, 2009) ("It does not suffice for an expert to say, in effect, 'trust me, I

22   know.'" (citing *Joiner*, 522 U.S. at 146)).

23    In the end, Dr. Palmatier "simply presents a narrative of selected … events and

24   quotations and then leaps to [his] conclusion[s] without sufficient explanation." *Lopez*

25   *v. I-Flow Inc.,* 2011 WL 1897548, at *10 (D. Ariz. Jan. 26, 2011).  This "analytical

26   gap between the data and the opinion proffered" warrants the exclusion of his

27

28

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT
PALMATIER
12                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  opinions.  *Joiner*, 522 U.S. at 146; *see also In re Mirena IUD Prods. Liab. Litig.*, 169

2  F. Supp. 3d 396, 484 (S.D.N.Y. 2016) ("[S]peculative testimony based only on

3  [expert's] say-so is impermissible.").

4                                     **CONCLUSION**

5        For the foregoing reasons, the Court should grant Apple's motion to strike Dr.

6  Palmatier's October 6, 2022 Report in its entirety.

7

8  Dated:  January 9, 2023                    Respectfully submitted,

9

10                                            MARK D. SELWYN
                                             AMY K. WIGMORE
11                                            JOSHUA H. LERNER
                                             SARAH R. FRAZIER
12                                            NORA Q.E. PASSAMANECK
                                             THOMAS G. SPRANKLING
13                                            WILMER CUTLER PICKERING HALE AND
                                             DORR LLP
14
15                                            BRIAN A. ROSENTHAL
16                                            GIBSON, DUNN & CRUTCHER LLP
17
18                                            KENNETH G. PARKER
                                             HAYNES AND BOONE, LLP
19
20
21                                            By:  /s/ *Mark D. Selwyn*
                                                   Mark D. Selwyn
22
23
24                                            *Attorneys for Defendant Apple Inc.*
25
26
27
28

1  **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant Apple, Inc., certifies that this

3  brief contains 3,666 words, which [choose one]:

4      <u>X</u>  complies with the word limit of L.R. 11-6.1.

5      <u>  </u>  complies with the word limit set by court order dated [date].

6

7  Dated: <u>January 9, 2023</u>      Respectfully submitted,

8      MARK D. SELWYN

9      AMY K. WIGMORE

10      JOSHUA H. LERNER
    SARAH R. FRAZIER

11      NORA Q.E. PASSAMANECK

12      THOMAS G. SPRANKLING
    WILMER CUTLER PICKERING HALE AND

13      DORR LLP

14      BRIAN A. ROSENTHAL

15      GIBSON, DUNN & CRUTCHER LLP

16      KENNETH G. PARKER

17      HAYNES AND BOONE, LLP

18

19      By:  /s/ *Mark D. Selwyn*
    Mark D. Selwyn

20

21      *Attorneys for Defendant Apple Inc.*

22

23

24

25

26

27

28