MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER**<br><br>Date: Feb. 6, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF THE DOCUMENT PROPOSED TO BE

FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Background ........................................................................................................... 2

    A.    The Alleged ▇▇▇▇ Secrets ............................................................. 2

    B.    Dr. Palmatier's Opening Report ...................................................... 4

        1.    Dr. Palmatier Fails to Distinguish Between Masimo Corp. and Cercacor ........................................................................... 4

        2.    Dr. Palmatier's Ipse Dixit Trade Secret Analysis .......................... 6

Argument .............................................................................................................. 8

I.    Dr. Palmatier' ▇▇▇▇ hat "Masimo" "Developed And/Or Used" Each Alleged ▇▇▇▇ Secret Are Unreliable ................................................ 9

II.    Dr. Palmatier's Analysis Of The Scope Of The Purported ▇▇▇▇ Secrets Is Unreliable ........................................................................ 10

Conclusion .......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arevalo v. Coloplast Corp.*,
  2020 WL 3958505 (N.D. Fla. July 7, 2020) ................................................................ 11

*Burrows v. BMW of North America, LLC*,
  2018 WL 6314187 (C.D. Cal. Sept. 24, 2018) ............................................................. 9

*Castaic Lake Water Agency v. Whittaker Corp.*,
  2002 WL 34700741 (C.D. Cal. Oct. 25, 2002) ............................................................ 9

*Comet Techs. USA Inc. v. XP Power LLC*,
  2022 WL 2442810 (N.D. Cal. Mar. 2, 2022) ............................................................. 10

*General Electric Co. v. Joiner*,
  522 U.S. 136 (1997) ............................................................................ 2, 10, 12, 13

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
  2019 WL 12074086 (C.D. Cal. July 1, 2019) ............................................................ 10

*Holt v. Finander*,
  2021 WL 1255418 (C.D. Cal. Feb. 9, 2021) ............................................................... 9

*Kovary v. Honeywell Int'l, Inc.*,
  2014 WL 12564090 (C.D. Cal. Mar. 17, 2014) ........................................................ 11

*Lopez v. I-Flow Inc.*,
  2011 WL 1897548 (D. Ariz. Jan. 26, 2011) .............................................................. 12

*In re Mirena IUD Prods. Liab. Litig.*,
  169 F. Supp. 3d 396 (S.D.N.Y. 2016) ....................................................................... 13

*Pac. Fuel Co. v. Shell Oil Co.*,
  2008 WL 11336467 (C.D. Cal. Jan. 24, 2008) ......................................................... 11

*Perez v. State Farm Mut. Auto. Ins. Co.*,
  2012 WL 3116355 (N.D. Cal. July 31, 2012) ........................................................... 10

*Sitrick v. Dreamworks, LLC*,
   2006 WL 6116641 (C.D. Cal. July 20, 2006) ...................................................... 10

*Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.*,
   2009 WL 3335596 (W.D. Okla. Oct. 15, 2009) .................................................. 12

*United States v. 87.98 Acres of Land*,
   530 F.3d 899 (9th Cir. 2008) ............................................................................... 9

*United States v. Adams*,
   444 F. Supp. 3d 1248 (D. Or. 2020) ................................................................... 12

# INTRODUCTION

The opinions of Plaintiffs' expert Dr. Robert Palmatier in his October 6 Opening Report regarding the alleged ███████████████████████████████ ████████████████████████ are fundamentally unreliable. This Court should exclude them under *Daubert* and FRE 702 for at least two independent reasons.

First, Dr. Palmatier's October 6 Opening Report fails to explain whether Plaintiff Masimo Corp., Plaintiff Cercacor Laboratories, or both entities supposedly developed and/or used each alleged ████████ secret. Instead, he refers to both Plaintiffs as a single entity ("Masimo"). And at his deposition, he admitted that ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████, to the contrary, his failure to distinguish which actions were performed by Masimo Corp. and which by Cercacor means his opinion is fatally flawed and he cannot reliably speak to which entity—if any—developed and/or used the supposed secrets.

Second, Dr. Palmatier's opinions should also be excluded because he offers no analysis as to what each of the alleged ████████ secrets actually means, ████ ████████████████████████████████████████ Because the language of the purported secrets does not appear in any document that he relies on to show development and/or use, however, his opinions about alleged development, misappropriation, independent economic value, and lack of independent development by Apple boil down to a suggestion to trust his conclusions without knowing how he reached them. The Supreme Court has long held exclusion is appropriate under precisely this situation—i.e., where "opinion evidence … is connected to existing data

---

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

1    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## BACKGROUND

Dr. Palmatier's Opening Report opines that, for each of the alleged ▊▊▊▊ secrets: ▊▊▊▊

▊▊▊▊ Ex. 1 ¶¶ 60-63.

### A. The Alleged ▊▊▊ Secrets

Dr. Palmatier's Opening Report contends that ▊▊▊ Ex. 1 ¶ 60.

1  ██████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████
3  ████████████████████████████████████████████
4  ███████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████
7  █████████████████████████████████████████████████████████████
8  ██████████████
9  ████████████████████
10 ██████████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████████
15 ██████████████████████████████████████████████████████████
16 ██████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████
18 ██████████████████████████████████████████████████████████
19 ██████████████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ██████████████████████████████████████████

---

[1] The Court determined that ██████ is not a trade secret.  Dkt. 350, at 5-6.

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

3    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

B. **Dr. Palmatier's Opening Report**

1. **Dr. Palmatier Fails to Distinguish Between Masimo Corp. and Cercacor**

Dr. Palmatier's Opening Report states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 ¶ 2 n.1; *see also* Ex. 2 ¶ 2 n.1; Ex. 3 at 151:4-5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But aside from using the phrase "Masimo Corp." in reference to a separate litigation and "Masimo Corporation" in quoting a specific document, nowhere in his Opening Report does Dr. Palmatier substantively use the phrase "Masimo Corp."[2]  Moreover, nowhere in his report does he distinguish between Masimo and Cercacor for purposes of opining on "Masimo's" development and/or use of the alleged ▮▮▮▮▮▮ secrets. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Palmatier admitted he made no effort to distinguish between Masimo Corp. and Ceracor in any substantive manner:



---

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER
4    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

1 ██████

2

3 ████████████████████████████████████████████████

4 ██████

*Id.* at 157:17-25.[3]

Dr. Palmatier further acknowledged that he did not opine on whether Masimo alone, or Cercacor alone, developed the alleged secrets:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

*Id.* at 164:15-24.  Further, unable to identify *anyone* at Cercacor who contributed to the development of the alleged ██████ secrets, Dr. Palmatier confirmed that ████
████████████████████████████████████████████████
████████████████████████

Despite being unable to answer the basic question of which entity and/or entities developed the alleged ██████ secrets, Dr. Palmatier nonetheless maintained that ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████  *Id.* at 160:18-161:1.

---

[3] During Dr. Palmatier's deposition, Plaintiffs' counsel lodged multiple objections to nearly every question.  Those objections have been omitted for readability.

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER
5   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

## 2. Dr. Palmatier's *Ipse Dixit* Trade Secret Analysis

Dr. Palmatier's Opening Report follows the same pattern of analysis for each alleged ▮▮▮▮ secret: ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮ In support of each of these points, Dr. Palmatier describes various documents produced by the parties. ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮ None of the documents that Dr. Palmatier relies upon, however, uses the language of any of the alleged ▮▮▮▮ secrets. At no point does Dr. Palmatier explain his understanding of the meaning of the alleged secrets or how any document reflects and/or is consistent with the specific language of each alleged secret.

When asked at his deposition ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮ ▮▮▮▮

1. ▮
2. ▮
3. ▮
4. ▮
5. ▮
6. ▮
7. ▮
8. ▮
9. ▮
10. ▮
11. ▮
12. ▮
13. ▮
14. ▮
15. ▮
16. ▮
17. ▮
18. ▮
19. ▮
20. ▮
21. ▮
22. ▮
23. ▮
24. ▮
25. ▮
26. ▮
27.
28.



## ARGUMENT

Plaintiffs cannot meet their burden to show that Dr. Palmatier's opinions are "the product of reliable principles and methods" such that they are admissible under

FRE 702 and *Daubert*. *See Holt v. Finander*, 2021 WL 1255418, at *2 (C.D. Cal. Feb. 9, 2021) ("The proponent of the expert testimony bears the burden of proving its admissibility." (citing *United States v. 87.98 Acres of Land*, 530 F.3d 899, 904 (9th Cir. 2008)).

I. **DR. PALMATIER'S OPINIONS THAT "MASIMO" "DEVELOPED AND/OR USED" EACH ALLEGED ▮▮ SECRET ARE UNRELIABLE**

Dr. Palmatier's opinion that "Masimo" "developed and/or used" each of the alleged ▮▮ secrets is wholly conclusory and lacks reliability. *See* Ex. 1 ¶ 60. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This means that for each alleged secret covered in his report, he is effectively saying that (1) Masimo Corp., or (2) Cercacor, or (3) both Masimo Corp. and Cercacor developed and/or used it. *See* Ex. 3 at 156:25-157. Dr. Palmatier's failure to offer any real analysis as to which entity developed and used each alleged secret is exactly the type of conclusory testimony that *Daubert* bars. *See Castaic Lake Water Agency v. Whittaker Corp.*, 2002 WL 34700741, at *6 (C.D. Cal. Oct. 25, 2002) (an expert's "conclusions [must] be supported by 'good grounds for each step in the analysis,' meaning that '*any* step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible'" (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994))); *see also Burrows v. BMW of N. Am., LLC*, 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) (excluding report under *Daubert* where it was "rife with conclusory opinions with no apparent basis").

Moreover, Dr. Palmatier's testimony that "Masimo" developed and/or used any particular alleged secret is confusing and unhelpful to the jury where he cannot opine as to whether Masimo Corp. or Cercacor developed and/or used it. Dr. Palmatier has no opinion which entity did so, much less how such entity contributed. This lack of

specificity and factual underpinning leaves the jury with no actual information that would assist it in determining that either and/or both entities in fact developed and/or used the alleged secrets. *See Grasshopper House, LLC v. Clean & Sober Media LLC*, 2019 WL 12074086, at *3 (C.D. Cal. July 1, 2019) (concluding that expert opinion "would not be helpful to the jury" where "the sole factual underpinning" supporting the opinion was "deficient'); *see also Sitrick v. Dreamworks, LLC*, 2006 WL 6116641, at *29 (C.D. Cal. July 20, 2006) ("[C]onclusory statements by an expert witness are not helpful to the Court.").

## II. DR. PALMATIER'S ANALYSIS OF THE SCOPE OF THE PURPORTED ▇ ▇ SECRETS IS UNRELIABLE

As the Supreme Court has explained, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Joiner*, 522 U.S. at 146. For this reason, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.*; *see also Perez v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3116355, at *2 (N.D. Cal. July 31, 2012) ("[A] court may exclude expert testimony on the ground that an expert's purported methodology fails to explain his final conclusion."). That rule applies here—there is "simply too great an analytical gap" between Dr. Palmatier's opinions regarding the scope of the alleged ▇▇▇▇ secrets and his twin conclusions that (1) Plaintiffs developed and/or used the supposed secrets and (2) Apple misappropriated them. *See Joiner*, 522 U.S. at 146.

Specifically, while an expert may offer opinions "about whether something qualifies as a trade secret, as well as whether trade secrets were misappropriated," *see, e.g., Comet Techs. USA Inc. v. XP Power LLC*, 2022 WL 2442810, at *3 (N.D. Cal. Mar. 2, 2022), such analysis logically requires the expert to explain both the scope of the alleged secrets and how the evidence establishes development, use, and

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

10  CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

misappropriation. Dr. Palmatier, however, offers no explanation as to what the alleged secrets mean, instead asserting ██████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. 1 Sections VIII.B, C, D, E, F, G, H (reciting the language of the alleged secrets without providing any analysis); Ex. 2 ¶ 279 (criticizing Dr. Kivetz for providing analysis of the alleged secrets). ████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████ Dr. Palmatier refused to define any of these terms or the alleged ██████ secrets generally during his deposition. *See, e.g.*, Ex. 4 at 279:4-6 ████████████████████████████████████████████ ██████████████████████████████████ Accordingly, his opinions are of no use to a finder of fact who is trying to understand the "specialized meaning" of "terms of art, science, or trade." *Pac. Fuel Co. v. Shell Oil Co.*, 2008 WL 11336467, at *3 (C.D. Cal. Jan. 24, 2008); *see also Arevalo v. Coloplast Corp.*, 2020 WL 3958505, at *21 (N.D. Fla. July 7, 2020) (testifying expert who "simply parrot[s a party's] corporate documents or offer[s] a narrative account of events from them will not be helpful to the jury"); *Kovary v. Honeywell Int'l, Inc.*, 2014 WL 12564090, at *4 (C.D. Cal. Mar. 17, 2014) (failure of expert to sufficiently explain terms amounted to an "unhelpful tautology [that] fails to explain what that "scientific reason" might be, or how one might reach such a conclusion").[4]

---

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

11                              CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Plaintiffs cannot circumvent this important deficit in Dr. Palmatier's opinions by purporting to match the words of the alleged ▮▮▮▮ secrets with isolated examples of a few of the same words in Plaintiffs' or Apple's documents.  Like all the rest of Plaintiffs' witnesses, Dr. Palmatier has been unable to identify any document not created for the purposes of this litigation that includes the language of the alleged secrets.  *See, e.g.*, Ex. 4 at 355:11-19 ▮▮▮▮ *see also id.* at 355:20-358:16.  Nor was Dr. Palmatier able to identify any identical language in Apple's documents either.  *See, e.g.*, *id.* at 360:12-25 ▮▮▮▮ Where Dr. Palmatier fails to, and in fact refuses to, offer any explanation as to what the alleged secrets mean, he cannot meaningfully compare them to anything that does not reflect their actual language (i.e., the documents produced in this action).  Dr. Palmatier's opinion amounts to a request for the fact finder to "trust him" without any real explanation of his methods.  *See United States v. Adams*, 444 F. Supp. 3d 1248, 1259 (D. Or. 2020) (explaining that a reason for an expert opinion cannot amount to "trust me, I'm a scientist" and that the expert must "explain himself and his methods"); *Threet v. Corr. Health Care Mgmt. of Oklahoma, Inc.*, 2009 WL 3335596, at *4 (W.D. Okla. Oct. 15, 2009) ("It does not suffice for an expert to say, in effect, 'trust me, I know.'" (citing *Joiner*, 522 U.S. at 146)).

In the end, Dr. Palmatier "simply presents a narrative of selected … events and quotations and then leaps to [his] conclusion[s] without sufficient explanation." *Lopez v. I-Flow Inc.*, 2011 WL 1897548, at *10 (D. Ariz. Jan. 26, 2011).  This "analytical gap between the data and the opinion proffered" warrants the exclusion of his

opinions. *Joiner*, 522 U.S. at 146; *see also In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 484 (S.D.N.Y. 2016) ("[S]peculative testimony based only on [expert's] say-so is impermissible.").

## CONCLUSION

For the foregoing reasons, the Court should grant Apple's motion to strike Dr. Palmatier's October 6, 2022 Report in its entirety.

Dated: January 9, 2023          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 3,666 words, which [choose one]:

<u> X </u> complies with the word limit of L.R. 11-6.1.

<u>  </u> complies with the word limit set by court order dated [date].

Dated: <u> January 9, 2023 </u>            Respectfully submitted,

                                              MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
     Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

APPLE'S MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER
14     CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP