Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>)<br>) **PLAINTIFFS' APPLICATION TO**<br>) **FILE UNDER SEAL DOCUMENTS**<br>) **REGARDING PLAINTIFFS'**<br>) **CONTINGENT MOTION TO STRIKE**<br>) **AND REQUEST FOR EVIDENTIARY**<br>) **SANCTIONS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1   Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor

2   Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal

3   documents regarding Masimo's Contingent Motion to Strike and Request for

4   Evidentiary Sanctions.  Masimo requests the Court seal portions of the Memorandum in

5   Support of Masimo's Contingent Motion to Strike and Request for Evidentiary

6   Sanctions ("Memorandum"), Appendices A and B, and Exhibits 1-17 and 19-38.

7   Masimo has provided a proposed redacted version of the Memorandum.

## I. LEGAL STANDARDS

9   The public's "access to judicial records is not absolute." *Kamakana v. City &*

10  *Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  Documents filed in connection

11  with a discovery dispute are properly sealed upon a showing of good cause. *See Phillips*

12  *ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "One

13  factor that weighs in favor of sealing documents is when the release of the documents

14  will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727

15  F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where "competitors

16  could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's

17  refusal to seal material after finding compelling reasons to seal the material).  Moreover,

18  identifications of trade secrets are "subject to any orders that may be appropriate under

19  Section 3426.5 of the Civil Code."  Cal. Code Civ. P. § 2019.210.  Section 3426.5 states

20  that a court "shall preserve the secrecy of an ***alleged*** trade secret by reasonable means,

21  which may include . . . sealing the records of the action . . . ."  Cal. Civ. Code § 3426.5

22  (emphasis added).

## II. ARGUMENT

24  The information that Masimo seeks to seal contains information that one or both

25  of the parties consider confidential.

26  Exhibits 11, 12, 14-17 and 32 are expert reports from the parties that discuss

27  Masimo's confidential and proprietary technical information, including Masimo's trade

28  secrets.  Loebbaka Application to Seal Declaration ¶6.  This information is confidential

-1-

and valuable to Masimo in part because of its secrecy.  *Id.*  If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo.  *Id.*  Exhibits 14-17 also discuss Masimo's confidential business information.  *Id.*  This information is confidential and valuable to Masimo for the same reasons discussed above.  *Id.*  Masimo would be harmed if it were disclosed.  *Id.*  Exhibits 11, 12, 14-17 and 32 also contain information that Masimo understands Apple considers confidential, including technical and business information.  *Id.*

Exhibits 1, 3, 7, and 13 are interrogatory responses from Masimo and Apple that describe Masimo's confidential technical and business information, including its trade secrets.  *Id.* ¶7.  This information is confidential and valuable to Masimo for the reasons discussed above.  *Id.*  Masimo would be harmed if it were disclosed.  *Id.*  Exhibits 1, 3, and 13 also contain information that Masimo understands Apple considers confidential, including technical and business information.  *Id.*

Exhibits 4-6, 8, 21-24, 31, and 35-37 are correspondence between the parties' counsel discussing Masimo's confidential information, including its trade secrets.  *Id.* ¶8.  This information is confidential and valuable to Masimo for the reasons discussed above.  *Id.*  Masimo would be harmed if it were disclosed.  *Id.*  These exhibits also contain information that Masimo understands Apple considers confidential, including technical information.

Exhibits 9 and 10 are letter briefs to the Special Master regarding Masimo's motion to compel Apple to further respond to a contention interrogatory on inventorship.  *Id.* ¶9.  These exhibits discuss the parties' confidential technical information, including Masimo's trade secrets.  This information is confidential and valuable to Masimo for the reasons discussed above.  *Id.*  Masimo would be harmed if it were disclosed.  *Id.*  These exhibits also contain information that Masimo understands Apple considers confidential, including technical information.

1    Exhibits 25, 26, and 30 are documents from Masimo's former employee Michael

2    O'Reilly.  *Id.* ¶10.  These exhibits discus Masimo's confidential information, including

3    its trade secrets, technical information, and business information.  This information is

4    confidential and valuable to Masimo for the reasons discussed above.  *Id.*  Masimo

5    would be harmed if it were disclosed.  *Id.*  Exhibit 30 also contains information that

6    Masimo understands Apple considers confidential, including technical and business

7    information.

8    Exhibit 38 is the deposition transcript of Michael O'Reilly.  This transcript

9    discusses Exhibits 25, 26, and 30, as well as other confidential information of Masimo,

10   such as trade secrets, technical information, and business information.  *Id.* ¶ 11.  This

11   information is confidential and valuable to Masimo for the reasons discussed above.  *Id.*

12   Masimo would be harmed if it were disclosed.  *Id.*

13   Exhibit 2 is a document listing Masimo's corporate representatives that Masimo

14   designated in response to Apple's Notice of Deposition of Masimo Pursuant to Federal

15   Rules of Civil Procedure 30(b)(6). *Id.* ¶12.  This information is confidential and valuable

16   to Masimo because revealing information on the roles and knowledge of Masimo's

17   employees could cause Masimo harm as competitors could use this information to

18   specifically target Masimo employees.  *Id.*

19   Appendices A and B contain lists of references, principles, and third-party

20   products relied upon by Apple's experts to show that Masimo's trade secrets were

21   allegedly generally known or readily ascertainable.  *Id.* at ¶13.  Masimo's trade secrets

22   are confidential and valuable to Masimo for the reasons discussed above.  *Id.*  Masimo

23   would be harmed if it were disclosed.  *Id.*

24   Exhibits 19 and 20 are objections and responses from Apple to interrogatories

25   served by Masimo.  *Id.* ¶14.  Exhibits 27-29 and 34 are Apple documents.  *Id.* ¶15.

26   Exhibit 33 is an email and its attachment from Michael O'Reilly to an Apple employee.

27   *Id.*  Apple designated these exhibits as "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

-3-

1  EYES ONLY" pursuant to the Protective Order.  *Id.* ¶¶14-15.  Masimo understands that

2  Apple considers these exhibits confidential.  *Id.*

3        The proposed redacted portions of the Memorandum discuss the aforementioned

4  Exhibits and Appendices and should also be sealed for the same reasons.  *Id.* ¶16.

5        Courts seal documents where, as here, disclosure "will cause competitive harm."

6  *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial

7  process, be permitted to access Masimo's confidential information that they "could not

8  obtain anywhere else."  *Id.* at 1229.  Indeed, regardless of any dispute Apple may raise

9  on the merits of Masimo's trade secret claims, there can be no dispute that the documents

10  Masimo seeks to seal discuss Masimo's "alleged trade secret[s]," which should be sealed

11  in accordance with Cal. Civ. Code § 3426.5.  Further, the Ninth Circuit has explained

12  that "compelling reasons" to seal exist where, as here, disclosure would "release trade

13  secrets."  *Kamakana*, 447 F.3d at 1179.

## III.  CONCLUSION

15        For the reasons discussed above, Masimo respectfully requests that the Court

16  allow Masimo to seal the materials discussed above.

17                          Respectfully submitted,

18                          KNOBBE, MARTENS, OLSON & BEAR, LLP

20  Dated: January 9, 2023        By: */s/ Kendall M. Loebbaka*

21                          Joseph R. Re
                        Stephen C. Jensen

22                          Benjamin A. Katzenellenbogen
                        Perry D. Oldham

23                          Stephen W. Larson
                        Mark D. Kachner

24                          Adam B. Powell
                        Kendall M. Loebbaka

25                          Daniel P. Hughes

27                          Attorneys for Plaintiffs
                        MASIMO CORPORATION and
                        CERCACOR LABORATORIES, INC.

28