Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF DANIEL P. HUGHES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**<br><br>Date:     February 6, 2023<br>Time:     1:30 p.m.<br>Location: Courtroom 10C |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Daniel P. Hughes, declare and state as follows:

1. I am an attorney in the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California. I am a member of the bar of this Court, and counsel of record for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc., (collectively "Masimo") in the above-captioned action. I have personal knowledge of the matters set forth herein, and if I am called upon to testify, I could testify competently thereto.

2. I submit this Declaration in support of Masimo's Contingent Motion to Strike And Request For Evidentiary Sanctions.

3. Attached hereto as **Exhibit 1 [filed under seal]** is a true and correct copy of Masimo's December 23, 2022 Supplemental Response to Apple's First Set of Interrogatories No. 17.

4. Attached hereto as **Exhibit 2 [filed under seal]** is a true and correct copy of Masimo's Rule 30(b)(6) deposition designations sent to Apple on July 15, 2022.

5. Attached hereto as **Exhibit 3 [filed under seal]** is a true and correct copy of Apple's October 7, 2022 Supplemental Objections and Responses to Masimo's Fourth Set of Interrogatories (Nos. 14-16).

6. Attached hereto as **Exhibit 4 [filed under seal]** is a true and correct copy of a May 5, 2022 letter from Benjamin Katzenellenbogen, counsel for Masimo, to Brian Andrea, counsel for Apple.

7. Attached hereto as **Exhibit 5 [filed under seal]** is a true and correct copy of a February 25, 2022 letter from Brian Andrea to Justin Gillett, counsel for Masimo.

8. Attached hereto as **Exhibit 6 [filed under seal]** is a true and correct copy of a May 3, 2022 letter from Brian Andrea to Justin Gillett.

9. Attached hereto as **Exhibit 7 [filed under seal]** is a true and correct copy of Masimo's September 6, 2022 Supplemental Response to Apple's Interrogatory Nos. 4-05.

10. Attached hereto as **Exhibit 8 [filed under seal]** is a true and correct copy

-1-

of a May 13, 2022 letter from Brian Andrea to Benjamin Katzenellenbogen.

11. Attached hereto as **Exhibit 9 [filed under seal]** is a true and correct copy of Masimo's June 3, 2022 Motion to Compel.

12. Attached hereto as **Exhibit 10 [filed under seal]** is a true and correct copy of Apple's June 10, 2022 Opposition to Masimo's June 3, 2022 Motion to Compel.

13. Attached hereto as **Exhibit 11 [filed under seal]** is a true and correct copy of the November 4, 2022 Rebuttal Expert Report of Majid Sarrafzadeh, Ph.D. Regarding Certain of Plaintiffs' Alleged Technical Trade Secrets.

14. Attached hereto as **Exhibit 12 [filed under seal]** is a true and correct copy of the November 4, 2022 Rebuttal Expert Report of Steve Warren, Ph.D. Regarding Certain of Plaintiffs' Alleged Technical Trade Secrets.

15. Attached hereto as **Exhibit 13 [filed under seal]** is a true and correct copy of Apple's October 7, 2022 Supplemental Objections and Responses to Masimo's Third Set of Interrogatories (Nos. 11-13).

16. Attached hereto as **Exhibit 14 [filed under seal]** is a true and correct copy of Apple's October 6, 2022 Expert Report of Dr. Ran Kivetz.

17. Attached hereto as **Exhibit 15 [filed under seal]** is a true and correct copy of Apple's October 6, 2022 Expert Report of Marco Perez, M.D.

18. Attached hereto as **Exhibit 16 [filed under seal]** is a true and correct copy of Apple's November 17, 2022 Rebuttal Expert Report of Dr. Ran Kivetz.

19. Attached hereto as **Exhibit 17 [filed under seal]** is a true and correct copy of Apple's November 17, 2022 Expert Rebuttal Report of Shirley Webster.

20. Attached hereto as **Exhibit 18** is a true and correct copy of an excerpt of Apple's November 9, 2020 Objections and Responses to Masimo's Fifth Set of Requests for Production of Documents (Nos. 173-248).

21. Attached hereto as **Exhibit 19 [filed under seal]** is a true and correct copy of an excerpt of Apple's March 17, 2022 Objections and Responses to Masimo's Fourteenth Set of Requests for Production of Documents (Nos. 622-666).

22. Attached hereto as **Exhibit 20 [filed under seal]** is a true and correct copy of an excerpt of Apple's August 23, 2021 Objections and Responses to Masimo's Tenth Set of Requests for Production of Documents (Nos. 525-574).

23. Attached hereto as **Exhibit 21 [filed under seal]** is a true and correct copy of a March 9, 2020 letter from Ilissa Samplin, counsel for Apple, to Adam Powell, counsel for Masimo.

24. Attached hereto as **Exhibit 22 [filed under seal]** is a true and correct copy of an email chain culminating in an email from Ilissa Samplin to Adam Powell, dated September 10, 2021.

25. Attached hereto as **Exhibit 23 [filed under seal]** is a true and correct copy of an email from Alison Burton, counsel for Apple, to Masimo's counsel, dated August 22, 2022.

26. Attached hereto as **Exhibit 24 [filed under seal]** is a true and correct copy of an August 30, 2022 letter from Nora Passamaneck, counsel for Apple, to Adam Powell.

27. Attached hereto as **Exhibit 25 [filed under seal]** is a true and correct copy of Exhibit No. 483 from the deposition of Dr. Michael O'Reilly.

28. Attached hereto as **Exhibit 26 [filed under seal]** is a true and correct copy of Exhibit No. 484 from the deposition of Dr. Michael O'Reilly.

29. Attached hereto as **Exhibit 27 [filed under seal]** is a true and correct copy of Exhibit No. 488 from the deposition of Dr. Michael O'Reilly.

30. Attached hereto as **Exhibit 28 [filed under seal]** is a true and correct copy of Exhibit No. 490 from the deposition of Dr. Michael O'Reilly.

31. Attached hereto as **Exhibit 29 [filed under seal]** is a true and correct copy of Exhibit No. 495 from the deposition of Dr. Michael O'Reilly.

32. Attached hereto as **Exhibit 30 [filed under seal]** is a true and correct copy of Exhibit No. 487 from the deposition of Dr. Michael O'Reilly.

33. Attached hereto as **Exhibit 31 [filed under seal]** is a true and correct copy

of an email chain culminating in an email from Kendall Loebbaka, counsel for Masimo, to Nora Passamaneck, dated December 8, 2022.

34. Attached hereto as **Exhibit 32 [filed under seal]** is a true and correct copy of Masimo's October 6, 2022 Expert Report of Robert Palmatier, Ph.D.

35. Attached hereto as **Exhibit 33 [filed under seal]** is a true and correct copy of Exhibit No. 507 from the deposition of Dr. Michael O'Reilly.

36. Attached hereto as **Exhibit 34 [filed under seal]** is a true and correct copy of Exhibit No. 496 from the deposition of Dr. Michael O'Reilly.

37. Attached hereto as **Exhibit 35 [filed under seal]** is a true and correct copy of an email chain culminating in an email from Benjamin Katzenellenbogen to Nora Passamaneck, dated October 17, 2022.

38. Attached hereto as **Exhibit 36 [filed under seal]** is a true and correct copy of an October 7, 2022 letter from Kendall Loebbaka to Nora Passamaneck.

39. Attached hereto as **Exhibit 37 [filed under seal]** is a true and correct copy of an email chain culminating in an email from Sarah Frazier, counsel for Apple, to Adam Powell, dated September 21, 2022.

40. Attached hereto as **Exhibit 38 [filed under seal]** is a true and correct copy of the transcript of the September 22, 2022 deposition of Dr. Michael O'Reilly.

41. Attached hereto as **Appendix A [filed under seal]** is a listing of all of the references that Apple's experts relied upon to claim Masimo's trade secrets were generally known or readily ascertainable that Apple disclosed after the close of fact discovery. This Appendix was prepared at my direction by comparing Apple's interrogatory responses served prior to the close of fact discovery against Apple's expert reports.

42. Attached hereto as **Appendix B [filed under seal]** is a listing of all of the marketing principles and third-party products that Apple's experts Kivetz and Perez relied upon to claim Masimo's trade secrets were generally known or readily ascertainable that Apple disclosed after the close of fact discovery. This Appendix

was prepared at my direction by comparing Apple's interrogatory responses served prior to the close of fact discovery against Apple's expert reports.

43. At my direction, attorneys for Masimo reviewed Apple's expert reports and identified approximately 545 references that Apple's experts rely on to show that Masimo's trade secrets were generally known and/or readily ascertainable. Because Apple occasionally used the same reference to show multiple trade secrets were generally known or readily ascertainable, this reference count includes each time Apple relied upon a reference to show a trade secret was generally known or readily ascertainable (*e.g.*, a reference used against two trade secrets was counted twice).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 9, 2023, in San Diego, California.

 */s/ Daniel P. Hughes*  
Daniel P. Hughes