# EXHIBIT 18

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
BRIAN K. ANDREA, *pro hac vice*
  bandrea@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 173-248)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34, and all applicable rules and orders of this Court, Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby objects and provides the following Responses to Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Plaintiffs") Fifth Set of Requests For Production of Documents to Defendant Apple Inc. (Nos. 173-248) (the "Fifth RFPs," and each a "Request").

Apple responds generally that its investigation of facts relevant to this litigation is ongoing. The following Responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to any documents produced in response to the Fifth RFPs, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction. Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa. A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason. However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1. Apple objects to the Fifth RFPs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose obligations that

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" relating to obtaining, accessing, or transferring "any" documents, data, files or information, regardless of the subject matter of the documents, data, files, or information.

Because Plaintiffs' Section 2019.210 Statement, dated November 6, 2020, is deficient, including for reasons identified in Apple's October 16, 2020 letter, and the Court stayed Plaintiffs' trade secret discovery pending compliance with Section 2019.210, Apple declines to respond to this Request at this time. Within thirty days after Apple (or the Court) determines that Plaintiffs have provided an amended disclosure that complies with Section 2019.210, Apple will amend its response to this Request, to the extent necessary.

**REQUEST FOR PRODUCTION NO. 223:**

All documents and things that any Former Employee authored, prepared, edited, modified, or reviewed while the Former Employee was employed by Masimo or Cercacor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks documents not within Apple's possession, custody, or control. Apple objects to this Request to the extent that it seeks information already in Plaintiffs' possession or information that is obtainable from another source, such as publicly available materials, that is more convenient, less burdensome, or less expensive. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests "all documents and things" regardless of the subject matter of the documents or things authored, prepared, edited, modified, or reviewed. In addition, to the extent it seeks trade secret-related discovery, Apple objects to this Request as vague and ambiguous, including because Plaintiffs have not complied with Section 2019.210.

**REQUEST FOR PRODUCTION NO. 224:**

All documents and things related to agreements between Apple and any Former Employee, including but not limited to drafts of such agreements and communications about such agreements, including but not limited to employment agreements, employee handbooks, nondisclosure agreements, non-compete agreements, and license or assignment agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

Apple incorporates by reference its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents and things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Apple objects to this Request as overbroad and unduly burdensome to the extent it seeks information neither relevant to the issues in the present action nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Request on the

| | |
|---|---|
| Dated: November 9, 2020 | JOSHUA H. LERNER<br>H. MARK LYON<br>BRIAN M. BUROKER<br>BRIAN A. ROSENTHAL<br>ILISSA SAMPLIN<br>ANGELIQUE KAOUNIS<br>BRIAN K. ANDREA<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: */s/ Joshua H. Lerner*<br>       Joshua H. Lerner<br><br>*Attorneys for Defendant Apple Inc.* |

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action.

On November 9, 2020, I served the within DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. (NOS. 173-248) on the parties or their counsel shown at the email addresses shown below:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Joseph R. Re

joseph.re@knobbe.com

Stephen C. Jensen

steve.jensen@knobbe.com

Perry D. Oldham

perry.oldham@knobbe.com

Stephen W. Larson

stephen.larson@knobbe.com

Adam B. Powell

adam.powell@knobbe.com

Mark Kachner

mark.kachner@knobbe.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on November 9, 2020, at Irvine, California.

*/s/ Tracy A. Morgan*
Tracy A. Morgan