1   MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
2   THOMAS G. SPRANKLING, SBN 294831
    thomas.sprankling@wilmerhale.com
3   WILMER CUTLER PICKERING
      HALE AND DORR LLP
4   2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
5   Tel.: 650.858.6000 / Fax: 650.858.6100

6   JOSHUA H. LERNER, SBN 220755
      joshua.lerner@wilmerhale.com
7   WILMER CUTLER PICKERING
      HALE AND DORR LLP
8   One Front Street, Suite 3500
    San Francisco, CA 94111
9   Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
      HALE AND DORR LLP
12  1875 Pennsylvania Ave NW
    Washington, DC 20006
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16   **UNITED STATES DISTRICT COURT**
17   **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| 18   MASIMO CORPORATION,<br>19   a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>20   a Delaware corporation,<br><br>21                    Plaintiffs,<br><br>22        v.<br><br>23   APPLE INC.,<br>a California corporation,<br>24<br>                    Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: Feb. 6, 2023<br>Time: 1:30pm<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

25

26

27

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

MEM. ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 8:20-cv-00048-JVS (JDEx)

1  SARAH R. FRAZIER, *pro hac vice*
     sarah.frazier@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  60 State Street
   Boston, MA 02109
4  Tel.: 617.526.6000 / Fax: 617.526.5000

5  NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
6  WILMER CUTLER PICKERING
     HALE AND DORR LLP
7  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
8  Tel.: 720.274.3152 / Fax: 720.273.3133

9  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
11  New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
12
   KENNETH G. PARKER, SBN 182911
13   Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
14  660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
15  Tel. 650.949.3014 / Fax: 949.202.3001

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND ..................................................................................... 3

   A.   Plaintiffs Provide Limited Information About The Development And Use Of Their Alleged Trade Secrets During Fact Discovery. .......... 3

   B.   Plaintiffs Withhold Information Regarding Alleged Harm Suffered During Fact Discovery. ................................................................. 4

   C.   Plaintiffs Serve Expert Reports Containing Significant Deficiencies Regarding Aspects Of Plaintiffs' Alleged Trade Secrets. ...................... 6

   D.   Plaintiffs Attempt to Buttress Their Summary Judgment Motion With Untimely And Previously Undisclosed Opinions And Facts. .......... 8

III.    LEGAL STANDARD ............................................................................ 12

IV.     ARGUMENT......................................................................................... 13

   A.   The Court Should Strike The Untimely Expert Opinions In The Madisetti Declaration. .................................................................. 13

   B.   The Court Should Strike The Untimely Factual Evidence In The 2022 Poeze Declaration................................................................ 18

   C.   The Court Should Strike Mr. Kiani's Untimely ████████ Opinion.................................................................           .......... 20

V.      CONCLUSION ..................................................................................... 22

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## CASES

4

*Chaudhry v. Smith*, 2020 WL 869115 (E.D. Cal. Feb. 21, 2020) .................................21

5

*In re Cent. Eur. Indus. Dev. Co.*, 427 B.R. 149 (Bankr. N.D. Cal. 2009).....................21

6

*In re Katz Interactive Call Processing Pat. Litig.*, 2010 WL 8759134
 (C.D. Cal. June 10, 2010) ...................................................................................16

7

8

*Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677 (N.D. Cal. 2015).................12

9

*L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390 (C.D. Cal.
 2022)....................................................................................................................18

10

11

*LD v. United Behavioral Health*, 2022 WL 4372075 (N.D. Cal. Sept. 21,
 2022)....................................................................................................................19

12

13

*Luke v. Emergency Rooms, P.S.*, 2008 WL 410672 (W.D. Wash. Feb. 12,
 2008), *aff'd sub nom. Luke v. Fam. Care & Urgent Med. Clinics*,
 323 F. App'x 496 (9th Cir. 2009).................................................................14, 16

14

15

*Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183 (S.D. Cal. 2020).....................17

16

*Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2008 WL
 4601038 (N.D. Cal. Oct. 15, 2008) ....................................................................17

17

18

*Merchant v. Corizon Health, Inc.*, 993 F.3d 733 (9th Cir. 2021)................................12

19

*Ollier v. Sweetwater Union High Sch. Dist*, 768 F.3d 843 (9th Cir. 2014)..................12

20

*Plumley v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. 2010) .......................................17

21

*Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866 (C.D. Cal. Feb. 6,
 2013)....................................................................................................................17

22

23

*Rojas v. Marko Zaninovich, Inc.*, 2011 WL 4375297 (E.D. Cal. Sept. 19,
 2011).........................................................................................................17, 19, 21

24

25

*Ruiz v. Walmart Inc.*, 2021 WL 4796960 (C.D. Cal. Apr. 27, 2021)...........................17

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

Mᴇᴍ. ISO Aᴘᴘʟᴇ's Mᴏᴛɪᴏɴ Tᴏ  Sᴛʀɪᴋᴇ Uɴᴛɪᴍᴇʟʏ Fᴀᴄᴛ Aɴᴅ Exᴘᴇʀᴛ Dᴇᴄʟᴀʀᴀᴛɪᴏɴs Sᴜᴘᴘᴏʀᴛɪɴɢ
Pʟᴀɪɴᴛɪғғs' Mᴏᴛɪᴏɴ Fᴏʀ Pᴀʀᴛɪᴀʟ Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ
- ii -                                    Cᴀsᴇ Nᴏ. 8:20-cv-00048-JVS (JDEx)

*Shahbaz v. Johnson & Johnson*, 2020 WL 5894590 (C.D. Cal. July 31, 2020) ........................................................................................... 15

*Torres v. City of L.A.*, 548 F.3d 1197 (9th Cir. 2008) ...................................... 19

*Windeler v. Cambria Community Servs. District*, 2021 WL 5411887 (C.D. Cal. Oct. 19, 2021) ...................................................................... 16

Yeti By Molly Ltd. v. Decker Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001) ....................................................................................................... 14

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 16(f)(1)(C) ................................................................................ 13

Fed. R. Civ. P. 26(a)(1) ...................................................................................... 4

Fed. R. Civ. P. 26(a)(2) ............................................... 2, 5-6, 12-15, 20, 21

Fed. R. Civ. P. 26(e) ...................................... 5, 12, 16, 17, 18, 19, 21

Fed. R. Civ. P. 30(b)(6) ...................................................................................... 4

Fed. R. Civ. P. 37(b)(2) ................................................................................... 13

Fed. R. Civ. P. 37(c) ...............................................................................12, 16-17

Wilmer Cutler
Pickering Hale
and Dorr LLP

# I.   INTRODUCTION

In a now all-too-familiar pattern, Plaintiffs have repeatedly attempted to backfill glaring holes in their case in the few months remaining before trial by shoehorning in previously undisclosed alleged evidence and opinions.  *See, e.g.*, Dkt. 1031 (order granting in part Apple's motion to strike Plaintiffs' Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C) disclosures for, *inter alia*, including previously undisclosed information); Dkt. 1071 (order granting in part Apple's motion to strike undisclosed reasonable royalty theory); *see also* Dkt. 899 at 4-5 ("[T]he Court declines to allow [Plaintiffs'] expansion of this trade secret nearly three years into the case …."). However, as this Court recently observed, ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ Dkt. 1031 at 10.  Ignoring that warning, Plaintiffs have now introduced untimely evidence and opinions at the summary judgment stage where the record is closed and right before trial.

On December 19, 2022, Plaintiffs filed a motion for partial summary judgment seeking judgment that Apple misappropriated certain of Plaintiffs' alleged trade secrets and attached declarations from several witnesses as support.  *See* Dkt. 1085; Dkt. 1086. However, unlike declarations that typically accompany a motion for summary judgment—which simply contain facts already disclosed through discovery—Plaintiffs' declarations attempt to ***expand*** the discovery record by introducing new expert opinions and previously undisclosed facts and theories.   As an example, attempting to support their claims that ███████████████████████████████████████, Plaintiffs rely on a declaration from their expert Dr. Vijay Madisetti that significantly expands the opinions disclosed in the expert reports he served in accordance with this Court's scheduling order.   Similarly, Plaintiffs point to declarations from two fact

witnesses—former Cercacor employee Jeroen Poeze and Masimo and Cercacor Chief Executive Officer Joe Kiani—that contain facts and theories Plaintiffs failed to disclose during fact discovery.  Indeed, Mr. Kiani's declaration not only exceeds what Plaintiffs disclosed during fact discovery, but also adds ███████████████████ that even expands upon Mr. Kiani's FRCP 26(a)(2)(C) disclosure—which this Court already found ████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████ Dkt. 1031 at 9.

Plaintiffs have offered no justification for their extreme delay in disclosing these untimely facts and opinions.  The information was entirely within Plaintiffs' possession and these untimely disclosures now form the basis for Plaintiffs' summary judgment motion.  And while it is Plaintiffs' burden to show harmlessness, there is no doubt that Apple is prejudiced by Plaintiffs' untimely disclosures, which have deprived Apple of the ability to take both fact *and* expert discovery.  At this late stage in the litigation, Plaintiffs' repeated untimely disclosures of new information are no accident.  Instead, Plaintiffs have repeatedly disregarded this Court's warnings, injecting new evidence and theories into the case at the eleventh hour in the hopes that at least some of the untimely new material will stand.

This Court should enforce its warning from many months ago that a failure to be "forthcoming with … discovery" will result in "late-disclosed material stricken," Dkt. 816 at 10 n.6, and strike (1) paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172 of Dr. Madisetti's declaration (Dkt. 1085-9), (2) paragraphs 3 and 14-20 of Mr. Poeze's declaration (Dkt. 1085-12), and (3) the ████████████ theory of harm from paragraph 8 of Mr. Kiani's declaration (Dkt. 1085-13).  Moreover, given Plaintiffs' repeated failure to comply with their disclosure obligations and this Court's

Wilmer Cutler Pickering Hale and Dorr LLP

orders, Apple respectfully requests that the Court award Apple its fees and costs associated with this motion.

## II.     BACKGROUND

### A.     Plaintiffs Provide Limited Information About The Development And Use Of Their Alleged Trade Secrets During Fact Discovery.

On April 14, 2022, Apple served Plaintiffs with Interrogatory No. 6, which asked Plaintiffs to "describe in detail" "how [Plaintiffs] allegedly developed [each] Trade Secret, including, without limitation, the circumstances under which [Plaintiffs] conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person." Ex. 1 at 12 (Apple First Interrogs.).  Among other things, Plaintiffs' responses to Interrogatory No. 6 incorporated the declarations submitted in support of their preliminary injunction motion by reference, which included ███████████████████████████████████████████████████ (Dkt. 120) ("2020 Poeze Declaration").[1]  *See, e.g.*, Ex. 2 at 15, 26, 32, 41, 44 (Sept. 29, 2022 Suppl. Resp. to Interrog. No. 6).



Ex. 3 ¶ 2 (2020 Poeze Decl. (Dkt. 120)). ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████ *Id.* ¶ 3. ██████████████████████████████████████
████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████
██████████████████ *See* Dkt. 1085-12 ¶ 1 (2022 Poeze Decl.).

Wilmer Cutler Pickering Hale and Dorr LLP

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ██████████████████████████████████████████

4      On May 23, 2022, Plaintiffs served their second supplemental initial disclosures

5  pursuant to FRCP 26(a)(1), ████████████████████████████████████████████

6  ████████████████████████████████████  Ex. 4 at 3, 9 (May 23,

7  2022 Pls.' Second Suppl. Initial Disclosures).   However, to narrow the scope of

8  discovery, on May 27, 2022, the parties agreed to identify the "14 witnesses that they

9  may take to trial and/or designate for Rule 30(b)(6) testimony." Ex. 5 at 2, 3 (May 27,

10 email chain).  On that same date, Plaintiffs identified their 14 trial witnesses; that list

11 omitted Mr. Poeze.  *Id.*  Plaintiffs also stated that "if the offering party decides to take a

12 witness that is not on either list to trial and the deposing party has not deposed that

13 witness, the offering party will make the witness available for a deposition." *Id.* at 1;

14 *see also* Ex. 6 at 1 (July 15, 2022 email chain) (Plaintiffs proposing that "if the offering

15 party takes a witness to trial that was not on the party's will call list, and the other party

16 has not deposed that witness, the offering party will make the witness available for a

17 deposition …").  As Mr. Poeze was not on Plaintiffs' list of trial witnesses, Apple did

18 not depose Mr. Poeze during discovery.

19      **B.    Plaintiffs Withhold Information Regarding Alleged Harm Suffered**

20      **During Fact Discovery.**

21      On April 14, 2020, Apple served Plaintiffs with Interrogatory No. 13, which asked

22 Plaintiffs to "identify and describe in detail how [Plaintiffs] were harmed by the alleged

23 misappropriation" of Plaintiffs' alleged trade secrets.   Ex. 1 at 14 (Apple First

24 Interrogs.).  Plaintiffs' initial response, served in May 2020, merely provided a laundry

25 list of alleged "harms" Plaintiffs claimed to have suffered, without specificity.  Ex. 7 at

26 7-9 (Sept. 6, 2022 Suppl. Resp. to Interrog. No. 13).  On September 6, 2022, Plaintiffs

27

28

supplemented their response to Interrogatory No. 13 to incorporate their response to Interrogatory No. 17. *Id.* at 9. Interrogatory No. 17 seeks "all factual and legal bases for [Plaintiffs'] contention that [Plaintiffs] are entitled to any relief in this case, including but not limited to, monetary damages." Ex. 1 at 15 (Apple First Interrogs.). Following motion practice related to numerous deficiencies in Plaintiffs' response to Interrogatory No. 17 (*see* Dkt. 617 at 5-6), Plaintiffs supplemented their response to Interrogatory No. 17 several times between March and September 2022. *See* Ex. 8 at 9-32 (Jan. 6, 2023 Suppl. Resp. to Interrog. No. 17). However, none of those supplemental responses identified ███████████████████████████ as a harm Plaintiffs claim to have suffered.

Despite Plaintiffs' failure to provide evidence related to alleged harms Plaintiffs suffered during fact discovery, on September 23, 2022, Plaintiffs served Apple with FRCP 26(a)(2)(C) disclosures for four witnesses, including CEO Joe Kiani. Ex. 9 (Kiani Disclosure). In his FRCP 26(a)(2)(C) disclosure, Mr. Kiani opines on ███████████ ██████████████████████████████ *Id.* ¶¶ 6-13. Regarding the alleged D&D trade secrets, Mr. Kiani opined that ███████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* ¶ 6. Mr. Kiani's FRCP 26(a)(2)(C) disclosure offered no opinions regarding ██ ███████████████████ Apple subsequently sought to exclude the disclosure as both improper under FRCP 26(a)(2) (because it contained non-percipient witness testimony) and untimely under FRCP 26(e) (because it included information not disclosed during fact discovery). *See* Dkt. 959 at 7-15.

Wilmer Cutler
Pickering Hale
and Dorr LLP

On November 22, 2022, this Court granted in part Apple's motion to exclude Plaintiffs' FRCP 26(a)(2)(C) disclosures, as well as the untimely evidence in those disclosures.  Dkt. 1031.  As relevant here, this Court ███████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████████████████████████  *Id.* at 9.  This Court further rejected Plaintiffs' attempt to ████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████  *Id.* at 10.  With respect to Mr. Kiani's untimely opinions, the Court noted that "[b]ecause the information was fully disclosed in the Kiani … written disclosure[]," the Court would "allow these opinions to stand."  *Id.* at 11.  However, the Court noted that newly disclosed evidence should be excluded "where prior motion practice predicted this issue and the Court provided [Plaintiffs with] cautionary advisements."  *Id.*

### C.   Plaintiffs Serve Expert Reports Containing Significant Deficiencies Regarding Aspects Of Plaintiffs' Alleged Trade Secrets.

On September 23, 2022, Plaintiffs served Apple with the opening expert report of Dr. Vijay Madisetti ("Madisetti Report"), offering opinions regarding several of Plaintiffs' alleged trade secrets, including the alleged D&D trade secrets.   Ex. 10 (Madisetti Report).   Among other things, Dr. Madisetti opined that Plaintiffs ████ ██████████████████████████████████████████████  *Id.* ¶¶ 268, 311.  Dr. Madisetti further opined that ███████████████████████████████████████ ████████████████████████████████████████████████  *Id.* ¶¶ 292, 315.

With respect to alleged Trade Secret D-9, Dr. Madisetti pointed to ████████ ██████████████████████████████████████████████  *See* Ex. 10 ¶¶ 278-290 (Madisetti Report); *see also* Dkt. 1085-8 at 1334 (Ex. 67) (reciting Trade Secret D-

Wilmer Cutler
Pickering Hale
and Dorr LLP

9).   However, as Apple's expert Dr. Majid Sarrafzadeh explained in rebuttal, Dr. Madisetti merely █████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████  Ex. 11 ¶ 291 (Sarrafzadeh Rebuttal).[2]  Similarly, although Dr. Madisetti opined that ████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████  Ex. 10 ¶ 292 (Madisetti Report).

    With respect to alleged Trade Secret D-10, while Dr. Madisetti pointed to ███

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████  For example, as Dr. Sarrafzadeh explained in rebuttal, Dr. Madisetti offered no opinion on ██████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████  *See id.* ¶ 312

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████  *see also* Ex. 11

¶ 334 (Sarrafzadeh Rebuttal) ████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████████████  Dkt. 1085-8 at 1335 (Ex. 67) (reciting Trade Secret D-10).  Similarly, with respect to ██████████ of alleged Trade Secret D-10, Dr. Madisetti offered no opinion on ████████████████████████████████████

████████████████████████  *See* Ex. 10 ¶ 312 (Madisetti Report) (██████████████

██████████████████████████████████████████████); *see also* Ex. 11 ¶¶ 337-338 (Sarrafzadeh Rebuttal) ████████████████████████████████████████████████

─────────────────

[2] Emphases added unless otherwise noted.



1 ██████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ████████████████████

4       Dr. Madisetti's Rebuttal Report—served on November 4, 2022—did nothing to

5 remedy the numerous deficiencies in Dr. Madisetti's opening report.  Apple deposed Dr.

6 Madisetti on the opinions set forth in his reports on December 8 and 9, 2022.

7       **D.**       **Plaintiffs Attempt to Buttress Their Summary Judgment Motion**

8               **With Untimely And Previously Undisclosed Opinions And Facts.**

9       On December 19, 2022, Plaintiffs filed a motion for partial summary judgment

10 seeking judgment that Apple misappropriated Plaintiffs' alleged Trade Secrets D-9

11 through D-15.  Dkt. 1085-1 at 1; *see also* Dkt. 1085-2.  In the motion, Plaintiffs allege

12 that ██████████████████████████████████████████████████

13 ██████████████████   Dkt. 1085-1 at 9.   As support, Plaintiffs submitted several

14 declarations, including declarations from Dr. Madisetti ("Madisetti Declaration"),

15 Jeroen Poeze ("2022 Poeze Declaration"), and Joe Kiani ("Kiani Declaration").  *See*

16 Dkt. 1085-9 (Madisetti Decl.); Dkt. 1085-12 (2022 Poeze Decl.); Dkt. 1085-13 (Kiani

17 Decl.).  Each of those supporting declarations contains previously undisclosed opinions

18 and/or facts, including related to ███████████████████████████████████

19 ████████████████████████████████████

20       ***Madisetti Declaration.***  According to Plaintiffs, the Madisetti Declaration ████

21 ██████████████████████████████████████████████████████

22 ██████████████████████████████   Dkt. 1085-1 at 8 n.2.  Relying

23 on the Madisetti Declaration, Plaintiffs allege that ████████████████████████

24 ██████████████████████████████████████████████████████

25 ████████████████   *Id.* at 11 (citing Madisetti Decl. ¶¶154-173, 207-209).  Plaintiffs

26 further allege—also pointing to the Madisetti Declaration—that ████████████████

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

██████████████████████████████████████████████████

██████████████████████ *Id.* at 22-24 (citing Madisetti Decl. ¶¶ 118-129, 174, 193, 202, 210, 217, 223).

The Madisetti Declaration offers opinions never previously disclosed in Dr. Madisetti's opening or rebuttal reports.[3]  For example, with respect to alleged Trade Secret D-9, the Madisetti Declaration cites █████████████████████████████████

█████████████████ Madisetti Decl. ¶ 60; *compare* Madisetti Decl. ¶¶ 60-88, *with* Ex. 10 ¶¶ 278-290 (Madisetti Report); *see* Ex. 12 at 1-13.  As one example, the Madisetti Declaration points to ████████████████████████ which Dr. Madisetti failed to cite or address in his opening report in explaining ██████████████████████████ *Compare* Madisetti Decl. ¶ 63 █████████████████████████████████ █████████████████████████████ *with* Ex. 10 ¶¶ 278-290 (Madisetti Report); *see* Ex. 12 at 2.  The Madisetti Declaration also offers new, previously undisclosed opinions, including that ██████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████ Madisetti Decl. ¶¶ 64-65; Ex. 12 at 2-4.  As another example, the Madisetti Declaration opines that ██████████████████████████ ██████████████████████████████████████████████████ (Madisetti Decl. ¶ 85)—an opinion Dr. Madisetti failed to offer in his reports (*see generally* Ex. 10 ¶¶ 278-290 (Madisetti Report)); Ex. 12 at 12.   The Madisetti

_____

[3] Exhibit 12 compares the previously undisclosed opinions in the Madisetti Declaration to the opinions in Dr. Madisetti's report, with new material highlighted in yellow.

MEM. ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

9

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Declaration further explains—again for the first time—both ████████████

████████████████████████████████████████████████████████████████████████

███████████████████ *Compare* Madisetti Decl. ¶¶ 118-127 ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ *with* Ex. 10 ¶ 292 (Madisetti Report) █████████████████

████████████████████████████████████████████████████████████████████████

██████ █ ███ ████ █ █ ██ █ ██████ █ ████

████████████████████████████████████████████████████████████████████████

████████████████ *see* Ex. 12 at 17-21.

The Madisetti Declaration similarly offers previously undisclosed opinions with respect to alleged Trade Secret D-10.  Notably, the Madisetti Declaration opines—again for the first time—that various elements of D-10 ██████████████████████

██  For example, the Madisetti Declaration purports to identify █████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ *Compare* Madisetti

Decl. ¶ 159 ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████ *id.* ¶¶ 160-161 █████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████, *with* Ex. 10 ¶ 312 (Madisetti Report) (████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████; *see* Ex. 12 at 27-28; *see also* Ex.

11 ¶ 334 (Sarrafzadeh Rebuttal) ████████████████████████████████████████

██████████████████ The Madisetti Declaration similarly identifies ██████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    ███████████████████████████ that Dr. Madisetti did not identify in his

2    reports.  *Compare* Madisetti Decl. ¶¶ 165-172, *with* Ex. 10 ¶ 312 (Madisetti Report); *see*

3    Ex. 12 at 29-34.

4         Because ████████████████████████████████████████,

5    altogether, paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172

6    of the Madisetti Declaration include material not previously disclosed in Dr. Madisetti's

7    reports with respect to alleged Trade Secrets D-9 through D-15 on which Plaintiffs have

8    moved for summary judgment.

9         ***2022  Poeze  Declaration.***    The  2022  Poeze  Declaration  similarly  seeks  to

10   supplement the record by pointing to alleged facts that Plaintiffs failed to disclose during

11   discovery.  Notably, the 2022 Poeze Declaration differs significantly from the 2020

12   Poeze Declaration ████████████████████████████

13   ████████████████████████████████████████████████

14   ████████████████████ Ex. 2 at 5 (Sept. 29, 2022 Suppl. Resp. to Interrog. No.

15   6); *see, e.g., id.* at 39, 40, 48, 50 (citing 2020 Poeze Decl.).  In particular, the 2022 Poeze

16   Declaration includes ██████████████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ██████████████████.  *Compare* Dkt. 1085-12 (2022 Poeze Decl.),

20   *with* Ex. 3 (2020 Poeze Decl. (Dkt. 120)); *see also* Dkt. 1085-12 ¶ 3 █████████

21   █████████; *id.* ¶¶ 14-20 ████████████████████████

22   ████████████████████

23        ***Kiani  Declaration.***    The  Kiani  Declaration  purports  to  opine  on  how  Apple's

24   alleged misappropriation has harmed Plaintiffs.  *See* Dkt. 1085-1 at 24; Dkt. 1085-13 ¶¶

25   7, 8 (Kiani Decl.).  However, the Kiani Declaration goes far beyond what Plaintiffs

26   disclosed during discovery in response to Apple's Interrogatory Nos. 13 and 17, ***and***

27

28

Mem. ISO Apple's Motion To  Strike Untimely Fact And Expert Declarations Supporting Plaintiffs' Motion For Partial Summary Judgment

11                          Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

beyond the scope of Mr. Kiani's FRCP 26(a)(2)(C) disclosure.  Specifically, ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████ ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████—an opinion not previously disclosed in either Plaintiffs'

discovery responses or Mr. Kiani's FRCP 26(a)(2)(C) disclosure.

## III.   LEGAL STANDARD

FRCP 26(a)(2) requires expert witnesses to provide "a complete statement of all opinions the witness will express and the basis and reasons for them" according to the schedule set by the court.  Additionally, FRCP 26(e) provides that "[a] party who … has responded to an interrogatory … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect."  In other words, parties are encouraged "to try cases on the merits, not by surprise, and not by ambush."  *Ollier v. Sweetwater Union High Sch. Dist*, 768 F.3d 843, 861-864 (9th Cir. 2014).  Moreover, as this Court recently explained, "[t]he parties are expected to supplement and/or correct their disclosures promptly when required under [FRCP 26(e)], without the need for a request from opposing counsel or an order from the Court."  Dkt. 1031 at 3 (quoting *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 678-679 (N.D. Cal. 2015)).

Under FRCP 37(c)(1), "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The "noncompliant party" has the burden to show substantial justification or harmlessness.  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th

Cir. 2021).  Moreover, under Rule 37(b)(2), where a party "fails to obey an order to provide or permit discovery," the court may "prohibit[ ] the disobedient party from ... introducing designated matters in evidence" and/or "order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(A)(ii), (b)(2)(C); *see also* Fed. R. Civ. P. 16(f)(1)(C) (authorizing courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party … fails to obey a scheduling or other pretrial order.").

## IV.   ARGUMENT

### A.   The Court Should Strike The Untimely Expert Opinions In The Madisetti Declaration.

Apparently recognizing the gaping holes in their case, Plaintiffs submitted the Madisetti Declaration in support of their summary judgment motion in an attempt to fill the gaps in the opinions expressed in Dr. Madisetti's reports.  The Madisetti Declaration offers additional and previously undisclosed opinions regarding ███████████████ ███████████████████████████████████████████████ ███████████████████████████  *See supra* pp. 8-11; *see also* Ex. 12.  Those new opinions come far too late.

Nearly ten months ago, this Court set the deadlines for opening expert reports on September 23, 2022, rebuttal expert reports on November 4, 2023, and the close of expert discovery on December 12, 2022.  Dkt. 627 at 2.  Dr. Madisetti submitted his opening and rebuttal reports on September 23 and November 4, respectively.  Under FRCP 26(a)(2), those reports were required to contain "a ***complete statement*** of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  Indeed, during his deposition, Dr. Madisetti testified that "all of the support," "facts," and "opinions" Dr. Madisetti intended to present at trial were set forth

Mem. ISO Apple's Motion To  Strike Untimely Fact And Expert Declarations Supporting Plaintiffs' Motion For Partial Summary Judgment

13

Case No. 8:20-cv-00048-JVS (JDEx)

in his reports.  Ex. 13 at 10:17-11:7 (Dec. 8, 2022 Madisetti Tr.).  Those reports contained significant deficiencies (as Apple's expert Dr. Sarrafzadeh explained, *see, e.g.*, Ex. 11 ¶¶ 334, 337-338 (Sarrafzadeh Rebuttal)), which Plaintiffs now seek to backfill nearly ***three months*** after the opening report deadline and after Dr. Madisetti's deposition.  The new opinions in the Madisetti Declaration are untimely, violate this Court scheduling order, and should be excluded.

"The requirements of Fed. R. Civ. P. 26(a)(2) are not complex and must be complied with to assure a level playing field for all parties." *Luke v. Emergency Rooms, P.S.*, 2008 WL 410672, at *3 (W.D. Wash. Feb. 12, 2008), *aff'd sub nom. Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496 (9th Cir. 2009).  Thus, "[f]ailure to comply with expert disclosure authorizes the court to exclude the expert.  This is a self-executing and automatic sanction.  The Ninth Circuit has explained that 'even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).'" *Id.* at *4 (quoting *Yeti By Molly Ltd. v. Decker Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  That is particularly true where, as here, an expert declaration seeks to fill gaps left by the expert's report.

*Luke* is instructive.  There, in response to the defendants' motion for summary judgment, the plaintiff submitted untimely expert declarations that "impermissibly attempted to fix the weakness … in [the plaintiff's] ability to establish" a key element of its case. 323 F. App'x at 500.  The district court excluded the declarations as untimely and the Ninth Circuit affirmed, holding that "[t]he district court did not abuse its discretion in excluding as untimely the expert declarations," and noting that the declarations were submitted "more than three months after the district court's deadline for initial expert disclosures, and more than two months after the deadline for rebuttal

Wilmer Cutler
Pickering Hale
and Dorr LLP

disclosures." *Id.* at 498-499.  The Ninth Circuit thus held that the declarations "were not timely under Rule 26(a)(2)(C)." *Id.*

The same is true of the new opinions in the Madisetti Declaration.  As discussed above (*supra* pp. 8-11), the Madisetti Declaration cites ███████████████

███████████████████████████████████████████████████████████████

███████████████  *Compare* Madisetti Decl. ¶¶ 60-88, 159-161, *with* Ex. 10 ¶¶ 278-290, 312 (Madisetti Report); *see* Ex. 12 at 1-13.  Moreover, for D-9, the Madisetti Declaration introduces an entirely new opinion explaining ████████████

█████████████████  *Compare* Madisetti Decl. ¶¶ 118-127

██████████████████████  *with* Ex. 10 ¶ 292 (Madisetti Report) (███████████

███████████████████████████████████████████████████████████████

██████████████████  ; *see* Ex. 12 at 17-21.  Dr. Madisetti also opines—for the first time—that ██████████████████████████████████  .  *Compare* Madisetti Decl. ¶ 112, *with* Ex. 10 ¶ 154 (Madisetti Report); *see* Ex. 12 at 14.  And for D-10, the Madisetti Declaration purports to identify for the first time ██████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████  *Compare* Madisetti Decl. ¶¶ 159-161, *with* Ex. 10 ¶ 312 (Madisetti Report) (████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████  ; *see* Ex. 12 at 27-28; *see also* Ex. 11 ¶ 334 (Sarrafzadeh Rebuttal)

███████████████████████████████████████████████████

Each of the new opinions was required to be disclosed in Dr. Madisetti's expert reports pursuant to FRCP 26(a)(2), and Dr. Madisetti's failure to do so warrants their exclusion.  *See Shahbaz v. Johnson & Johnson*, 2020 WL 5894590, at *7 (C.D. Cal. July 31, 2020) ("Courts routinely strike expert reports that are untimely, prejudicial, and

Wilmer Cutler
Pickering Hale
and Dorr LLP

unjustified."); *see also Windeler v. Cambria Community Servs. District*, 2021 WL 5411887, at *5 (C.D. Cal. Oct. 19, 2021) (excluding supplemental expert report where it "include[d] additional opinions not included in [expert's] Initial Report"); *In re Katz Interactive Call Processing Pat. Litig.*, 2010 WL 8759134, at *2 (C.D. Cal. June 10, 2010) (excluding expert declaration supporting summary judgment motion where "[a] comparison of [expert's] report and declaration show that [the expert] is raising new arguments").

Moreover, Dr. Madisetti's failure to include these untimely opinions in his reports is neither "substantially justified" nor "harmless."  Fed. R. Civ. P. 37(c)(1).  Plaintiffs have not identified any reason why the new opinions could not have been included in Dr. Madisetti's expert reports.  They cannot, as the new opinions are based on ███████ ████████████████████████████████████████████ that Plaintiffs have possessed *since the outset of this lawsuit*.  Nothing justifies Plaintiffs withholding opinions during the expert report phase based on facts and evidence available to Plaintiffs, only to spring new opinions on Apple during the summary judgment phase. *See Luke*, 2008 WL 410672 at *4 ("[T]he testimony, opinions and information provided by Plaintiffs' experts is strictly limited to that which was disclosed *prior to summary judgment and the expiration of the disclosure deadlines*.").

And Plaintiffs' attempt to do so here is not harmless.  Expert discovery is closed, Dr. Madisetti has been deposed, and this case is proceeding to trial in March 2023.  Plaintiffs' attempt to introduce new opinions at the summary judgment stage has deprived both Apple's experts of the opportunity to respond with opinions of their own and Apple's ability to test Dr. Madisetti's newly disclosed opinions in a deposition.

Nor is the untimely declaration justified by Plaintiffs' duty to supplement under FRCP 26(e).  Courts have drawn a clear line between proper supplementation and what Plaintiffs have done here—using an untimely declaration as a "way to remedy a deficient

MEM. ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

16                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

expert report." *Rojas v. Marko Zaninovich, Inc.*, 2011 WL 4375297, at *6 (E.D. Cal. Sept. 19, 2011); *Ruiz v. Walmart Inc.*, 2021 WL 4796960, at *6 (C.D. Cal. Apr. 27, 2021) ("Supplementation is not appropriate to attempt to fix weaknesses in an expert report identified by an opposing party.").   "Supplementation … means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was ***not available*** at the time of the initial disclosure." *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880 (C.D. Cal. Feb. 6, 2013).   A supplemental disclosure "that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks omitted).  To interpret Rule 26(e) to cover "failures of omission because the expert did an inadequate or incomplete preparation" would "essentially allow for unlimited bolstering of expert opinions," *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008), which in turn would "'interfere with the Court's ability to set case management deadlines'" and "'hinder … final disposition of the case,'" *Rojas*, 2011 WL 4375297 at *6; *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 189 (S.D. Cal. 2020) ("[S]upplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation."); *accord Reinsdorf*, 922 F. Supp. 2d at 880 (duty to supplement is "not a license to sandbag one's opponents").

In sum, allowing Plaintiffs to raise "previously undisclosed, fully-formed … theories" regarding ██████████████████████████ would "prejudice Apple at this late hour." Dkt. 1031 at 10.  Accordingly, the new opinions set forth in the Madisetti Declaration (paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172) should be excluded.

MEM. ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

17

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

**B.     The Court Should Strike The Untimely Factual Evidence In The 2022 Poeze Declaration.**

2

3        Plaintiffs repeatedly directed Apple to the facts set forth in ████████████

4   ████████████████████████████████████████████████████████████████████

5   during both fact **and** expert discovery.  *See, e.g.*, Ex. 2 at 39-40, 48, 50 (Sept. 29, 2022

6   Suppl. Resp. to Interrog. No. 6) (citing 2020 Poeze Declaration); Ex. 10 ¶¶ 279, 312,

7   379 (Madisetti Report) (same); *see also supra* pp. 3-4, 11.  However, in support of their

8   summary judgment motion, Plaintiffs submitted a ***new*** declaration from ████████

9   ████████████████████████████████████████████████████████████████████

10  ██████████   *See* Dkt. 1085-12 (2022 Poeze Decl.).  ████████████████████████

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ███████████████████████   *Compare* Dkt. 1085-12 (2022 Poeze Decl.), *with* Ex. 3

15  (2020 Poeze Decl. (Dkt. 120)); *see also* Dkt. 1085-12 ¶ 3 ██████████████████

16  ██████████; *id.* ¶¶ 14-20 ██████████████████████████

17        Plaintiffs' strategic decision to wait to file a new declaration ████████████

18  ████████████████████████████████████████████████████████████████████

19  violated Plaintiffs' duty to supplement under FRCP 26(e).  The duty to supplement arises

20  when "there is an objectively reasonable likelihood that the additional [missing] …

21  information could substantially affect or alter the opposing party's discovery plan or trial

22  preparation."  *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D.

23  Cal. 2022).   As Plaintiffs apparently recognize (*see* Dkt. 1085-1 at 8), Plaintiffs'

24  ████████████████████████████████████████████ is a key element of Plaintiffs'

25  misappropriation claims.   Yet Plaintiffs elected to wait until summary judgment to

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

identify previously undisclosed facts allegedly supporting Plaintiffs' claim that ███

████████████████████████████████████████

The additional facts in the 2022 Poeze Declaration are untimely.  In assessing whether supplemental disclosures are timely under FRCP 26(e), courts have found the following circumstances to be "relevant": "1) when the relevant request … was made; 2) when [the non-moving party] was or should have been aware of the information that is the subject of the supplementation; and 3) whether the supplementation was delayed due to factors beyond its control." *LD v. United Behavioral Health*, 2022 WL 4372075, at *7 (N.D. Cal. Sept. 21, 2022).  Considering these factors, there is no reasonable argument that the new facts in the 2022 Poeze Declaration were timely.  Apple first requested that Plaintiffs identify the facts surrounding Plaintiffs' development of the alleged trade secrets nearly nine months ago.  That information was solely in Plaintiffs' control, as evidenced by the fact that Plaintiffs disclosed some—but not all—facts in the 2020 Poeze Declaration.  Moreover, Plaintiffs have not identified any "factors beyond [their] control" that delayed disclosure of the additional facts set forth in the 2022 Poeze Declaration, particularly given that Plaintiffs elected to disclose *some* relevant facts over two years ago.  *Cf. Rojas*, 2011 WL 4375297 at *6 ("When the lawyers maintain control of the information and parse out only what they choose, this presents a real risk of sandbagging[.]").

Nor is Plaintiffs' decision to delay disclosure substantially justified or harmless.  Plaintiffs have provided no persuasive explanation for why the additional facts in the 2022 Poeze Declaration could not have been provided before discovery closed.  And while Apple is "not required to articulate how [it] would be prejudiced" by Plaintiffs' FRCP 26(e) violation, *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008), Plaintiffs cannot reasonably show harmlessness.  Plaintiffs' decision to withhold relevant facts until months after fact discovery closed deprived Apple of the opportunity

Mem. ISO Apple's Motion To  Strike Untimely Fact And Expert Declarations Supporting Plaintiffs' Motion For Partial Summary Judgment

19

Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

to test those facts (*e.g.*, through targeted interrogatories or document requests or examination of Plaintiffs' non-expert witnesses).  It also deprived Apple's experts of the opportunity to address the information in assessing Plaintiffs' trade secret claims. Indeed, paragraph 3 of the 2022 Poeze Declaration—███████████████████████ ████████████████████—appears designed to undermine Dr. Sarrafzadeh's opinion that ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ Ex. 11 ¶ 201 (Sarrafzadeh Rebuttal).

Because Plaintiffs failed to disclose the facts set forth in paragraphs 3 and 14-20 of the 2022 Poeze Declaration during fact discovery and Apple is prejudiced by their late disclosure, Apple requests that the Court strike those paragraphs from both the summary judgment and factual record.[4]

**C.    The Court Should Strike Mr. Kiani's Untimely ████████████ Opinion.**

As this Court recognized in assessing the propriety of Mr. Kiani's FRCP 26(a)(2)(C) disclosure, Plaintiffs and Mr. Kiani sought to ███████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Dkt. 1031 at 9.  While the Court permitted Plaintiffs to rely on the late-disclosed facts in Mr. Kiani's untimely FRCP 26(a)(2)(C) disclosure ██████████████████████████ ██████████████████████████████ *id.* at 11, Plaintiffs now seek—at the summary judgment stage—to rely on a declaration from Mr. Kiani that goes far beyond

---

[4] Given Plaintiffs' failure to identify Mr. Poeze as a witness Plaintiffs intended to present at trial (*see supra* p. 4), Apple had no reason to depose Mr. Poeze.  Should the Court decline to strike the new portions of the 2022 Poeze Declaration, Apple respectfully requests that the Court order Plaintiffs to make Mr. Poeze available for deposition before the February 6 hearing, as Plaintiffs had previously agreed to do.  *See supra* p. 4.

Wilmer Cutler Pickering Hale and Dorr LLP

both what Plaintiffs disclosed to Apple during fact discovery **and** Mr. Kiani's FRCP 26(a)(2)(C) disclosure.

Specifically, ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████ Dkt. 1085-13 ¶ 8 (Kiani Decl.).  Mr. Kiani's ████████████████ appears nowhere in either Plaintiffs' discovery responses or Mr. Kiani's FRCP 26(a)(2)(C) disclosure.  It thus violates Plaintiffs' obligation to supplement under FRCP 26(e).  *See Rojas*, 2011 WL 4375297, at *6. Moreover, not only did Plaintiffs fail to disclose any such ████████████ theory during either fact or expert discovery, but Mr. Kiani's opinion on the ███████████████ ████████████████████████████ is plainly improper under FRCP 26(a)(2)(C).  *See* Dkt. 1031 at 9 (the Court explaining that "hypothetical opinions fall outside of [a witness's] percipient knowledge and therefore require[] a written report"); *see also Chaudhry v. Smith*, 2020 WL 869115, at *21 (E.D. Cal. Feb. 21, 2020) ("opinions developed at a later time or upon a hypothetical set of facts … [are] inadmissible opinion testimony").  Indeed, Mr. Kiani's opinion on ████████████ ██████████████████████████████████ is wholly conclusory and without any support, such that it would not meet the requirements of FRCP 26(a)(2)(B) **even had** Mr. Kiani submitted a written report.  *See In re Cent. Eur. Indus. Dev. Co.*, 427 B.R. 149, 156 (Bankr. N.D. Cal. 2009) ("Bald conclusions or brief statements of ultimate conclusions with no explanation of the basis and reasons therefor, or the absence of a statement of how the facts support the conclusions, do not satisfy Rule 26(a)(2)(B) requirements.").

Wilmer Cutler
Pickering Hale
and Dorr LLP

As with the newly-disclosed facts in Plaintiffs' eleventh-hour 2022 Poeze Declaration, Plaintiffs cannot meet their burden to show that the new theory in the Kiani Declaration is substantially justified or harmless. *See supra* pp. 19-20. Plaintiffs had not one, but **two**, opportunities to disclose this theory, yet elected to withhold it during both fact and expert discovery, only to spring the new theory on Apple after the record closed. And, as explained above (*supra* pp. 11-12, 19-20), Plaintiffs' new ███████ ██████ theory is highly prejudicial to Apple because its late disclosure has deprived Apple's experts of any opportunity to address it in their reports and prevented Apple from asking Plaintiffs' deponents about it during their depositions.

Accordingly, Apple requests that the Court strike the untimely ████████ theory in paragraph 8 of the Kiani Declaration from both the summary judgment and factual record.

## V.   CONCLUSION

Apple respectfully requests that this Court strike (1) paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172 of the Madisetti Declaration (Dkt. 1085-9), (2) paragraphs 3 and 14-20 of the 2022 Poeze Declaration (Dkt. 1085-12), and (3) the ████████ theory of harm from paragraph 8 of the Kiani Declaration (Dkt. 1085-13); preclude Plaintiffs from offering the evidence and opinions set forth in those paragraphs at trial; and award Apple fees and costs associated with this motion.

MEM. ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

22

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Dated:  January 9, 2022                    Respectfully submitted,


                                           MARK D. SELWYN
                                           AMY K. WIGMORE
                                           JOSHUA H. LERNER
                                           SARAH R. FRAZIER
                                           NORA Q.E. PASSAMANECK
                                           THOMAS G. SPRANKLING
                                           WILMER CUTLER PICKERING HALE AND
                                           DORR LLP

                                           BRIAN A. ROSENTHAL
                                           GIBSON, DUNN & CRUTCHER LLP

                                           KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP



                                           By:  *Mark D. Selwyn*
                                                Mark D. Selwyn


                                           *Attorneys for Defendant Apple Inc.*

Mem. ISO Apple's Motion To  Strike Untimely Fact And Expert Declarations Supporting Plaintiffs' Motion For Partial Summary Judgment

23                              Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 6,908 words, which [choose one]:

<u>X</u>  complies with the word limit of L.R. 11-6.1.

___  complies with the word limit set by court order dated [date].

Dated:_ January 9, 2022 _                    Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: *Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Mem. ISO Apple's Motion To  Strike Untimely Fact And Expert Declarations Supporting Plaintiffs' Motion For Partial Summary Judgment

24

Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP