# EXHIBIT 1

JOSHUA H. LERNER, SBN 220755
  jlerner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105
Tel.: 415.393.8200 / Fax: 415.393.8306

H. MARK LYON, SBN 162061
  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel.: 650.849.5300 / Fax: 650.849.5333

BRIAN M. BUROKER, *pro hac vice*
  bburoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: 202.955.8541 / Fax: 202.467.0539

ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000 / Fax: 213.229.7520

ANGELIQUE KAOUNIS, SBN 209833
  akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East Suite 4000
Los Angeles, CA 90067
Tel.: 310.552.8546 / Fax: 310.552.7026

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.**<br><br>Action Filed: January 9, 2020 |

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Apple Inc.("Apple") hereby requests that Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") answer the following interrogatories separately, fully, in writing, and under oath within thirty (30) days of service, in the manner required by Federal Rules of Civil Procedure and in accordance with the definitions and instructions below.

## I.     DEFINITIONS

      Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In these interrogatories, the following terms are to be given their ascribed definitions.

    1.    The term **"Action"** refers to *Masimo Corporation et al. v. Apple Inc.*, Civil Action No. 8:20-cv-00048-JVS (JDEx), commenced on January 9, 2020.

    2.    The term **"Complaint"** refers to the current operative complaint in the Action.

    3.    The term **"Masimo"** refers to Masimo Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Masimo Corporation's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, partially owned, or controlled by Masimo Corporation.

    4.    The term **"Cercacor"** refers to Cercacor Laboratories, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Cercacor Laboratories, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal

1  entities, whether foreign or domestic, that are owned, partially owned, or controlled
2  by Cercacor Laboratories, Inc.

3      5.      The terms **"You," "Your,"** or **"Plaintiffs,"** refer to Masimo and
4  Cercacor, jointly or individually.

5      6.      The terms "**Defendant**" or "**Apple**" refer to Apple Inc.

6      7.      The term **"the '265 patent"** means U.S. Patent No. 10,258,265.

7      8.      The term **"the '266 patent"** refers to U.S. Patent No. 10,258,266.

8      9.      The term **"the '628 patent"** refers to U.S. Patent No. 10,292,628.

9      10.     The term **"the '708 patent"** refers to U.S. Patent No. 10,299,708.

10     11.     The term **"the '190 patent"** refers to U.S. Patent No. 10,376,190.

11     12.     The term **"the '191 patent"** refers to U.S. Patent No. 10,376,191.

12     13.     The term **"the '695 patent"** refers to U.S. Patent No. 10,470,695.

13     14.     The term **"the '994 patent"** refers to U.S. Patent No. 6,771,994.

14     15.     The term **"the '703 patent"** refers to U.S. Patent No. 8,457,703.

15     16.     The term **"the '776 patent"** refers to U.S. Patent No. 10,433,776.

16     17.     The term "**the '553 patent**" refers to U.S. Patent No. 10,588,553.

17     18.     The term "**the '554 patent**" refers to U.S. Patent No. 10,588,554.

18     19.     The terms **"Asserted Patents"** or **"Patents-in-Suit"** refer to the '265
19  patent, the '266 patent, the '628 patent, the '708 patent, the '190 patent, the '191
20  patent, the 695 patent, the '994 patent, the '703 patent, the '776 patent, the '553
21  patent, and the '554 patent, collectively, as well as any applications for and/or
22  counterparts to these patents, and any other patents that You may accuse Apple of
23  infringing in this Action, and their applications and/or counterparts.

24     20.     The term **"Related Patents and Applications"** refers to (i) all U.S.
25  or foreign patents and patent applications related to the Asserted Patents or their
26  applications by way of subject matter or claimed priority date, and (ii) any patent or
27  patent application that claims priority to an Asserted Patent, or to which an Asserted
28  Patent claims priority.

21. The terms **"Asserted Claim"** or **"Asserted Claims"** means the claims of the Asserted Patents that Plaintiffs contend Apple has infringed and/or is infringing.

22. The term **"Asserted Technologies"** refers to the alleged inventions claimed by the Asserted Claims.

23. The term **"Apple Patents"** refers to U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, 10,219,754, and 10,524,671, collectively, as well as any applications for and/or counterparts to these patents, and any other of Apple's patents for which Plaintiffs may bring claims of correction of inventorship in this Action, and their applications and/or counterparts.

24. The term **"Apple Applications"** refers to U.S. Patent Application Nos. 14/740,196, 16/114,003, 14/621,268, 14/617,422, 15/667,832, 16/700,710, 14/618,664, and 15/960,507, and U.S. Provisional Patent Application Nos. 62/043,294, 62/047,818, 62/056,299, and 62/057,089, collectively, and any counterparts thereof, and any other of Apple's patent applications for which Plaintiffs may bring claims of ownership in this Action, and any counterparts thereof.

25. The term "**Alleged Inventors**" refers to Messrs. Al-Ali, Diab, and Weber, as described in paragraphs 22, 227, 234, 241, 248, 255, 262, 270, 278, 286, and/or 294 of the Complaint, collectively, and any other individuals who Plaintiffs may contend in this Action should be named as inventors on the Apple Patents and Apple Applications.

26. The terms "**Trade Secret**" or "**Trade Secrets**" means the information identified in paragraph 211 of the Complaint as alleged trade secrets and any other trade secret that Plaintiffs allege Apple misappropriated. In referring to any information identified in paragraph 211 of the Complaint as a "Trade Secret," Apple in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in paragraph 211 of the Complaint concerning the

3

purported "Trade Secrets" satisfy Plaintiffs' obligations under California Code of Civil Procedure Section 2019.210 to describe their alleged trade secrets with reasonable particularity.

27. The term **"Accused Products"** refers to the Apple Watch Series 4 and later devices, alone or in combination with Apple iPhones, that Plaintiffs assert infringe any of the Asserted Patents, and any other products that Plaintiffs are permitted to accuse of infringing any of the Asserted Patents in this Action. In referring to any product as an "Accused Product," Apple in no way communicates its agreement that the product infringes the Asserted Patents.

28. The term **"Prior art"** refers to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Asserted Patents.

29. The term **"Licensee"** refers to any entity having a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that the entity has any rights to the Asserted Patents or Related Patents, may practice one or more claims of the Asserted Patent and/or that Plaintiffs will not file suit or otherwise enforce against that entity one or more claims of the Asserted Patent or Related Patents and Applications.

30. The terms **"Person"** or **"Persons"** shall mean any natural person, or any business, legal or governmental entity or association, including, without limitation, the owners, officers, directors, agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of such entities or associations and/or natural persons.

31. The term **"Communication"** shall mean every manner of disclosure, transfer, or exchange of information whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

32. The terms **"Document"** or **"Documents"** is used in the most comprehensive and broadest sense permitted by the Federal Rules of Civil Procedure

26 and 34, and specifically includes electronically stored information and every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. A draft or non-identical copy is a separate Document within the meaning of this term.

33. The terms **"Thing"** or **"Things"** are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

34. The term **"each"** shall mean each and every.

35. The term **"any"** shall include the word "all," and vice versa.

36. The terms **"and,"** **"or,"** and **"and/or"** shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

37. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine or neutral form shall include all of the other genders.

38. The use of the term "**the**" shall not be construed as limiting the scope of any interrogatory.

39. References to **"employees,"** **"officers,"** **"directors,"** or **"agents"** shall include both current and former employees, officers, directors, and agents.

40. A request for **"identification,"** to **"identify,"** or to "**describe**" requires the following:

   (a) When used with respect to a person other than a natural person, including, but not limited to, any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (1) its full name; (2) the address of its principal office or place of business; (3) all names under which it is doing business or ever has done business; (4) the nature of the venture

(e.g., sole proprietorship, partnership, corporation, etc.); and (5) the identities of its officers, directors, partners, or administrators.

(b)     When used with respect to a natural person, provide (1) the full name; (2) any other names that person uses presently or has used in the past; (3) present or last known business and residence addresses; (4) present or last known telephone number; (5) present or last known employer and address thereof; and (6) present or last known job, position, or title of that person.

(c)     When used with respect to a Document or tangible thing, to state: (1) the type of Document or tangible thing (e.g., letter, memorandum, computer disk drive, etc.); (2) the date it was created; (3) its author and signatories; (4) its addresses and all other persons receiving copies; (5) the nature and substance of the Document in sufficient particularity to enable it to be identified; and (6) its location and its custodian (or, if it is no longer within your possession, custody, or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved the disposition; and identify the person or persons having knowledge of its contents).

(d)     When used with respect to a Communication, provide the date of the Communication, identify the person who initiated the Communication, identify each person who received such Communication, identify the form of the Communication, identify any Document which embodies the Communication, and provide a general description of the content of the Communication.

(e)     When used with respect to an act, event, instance, occasion, meeting, conversation, allegation, or contention, means to state all facts concerning the subject matter in detail, including the date and place thereof, to identify the individual participants, to summarize separately for each individual participant what she or he said or did, and to identify each Document or Communication used or prepared in connection therewith or making any reference thereto.

## II.  **INSTRUCTIONS**

1.  Each interrogatory is to be answered fully based on information in Your possession, custody, or control, or in the possession, custody, or control of Your representatives, agents, or attorneys.

2.  If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If Your objection is on the ground that the answer would reveal the substance of a privileged Document or Communication, include an identification of:

   (a)  the nature of the privilege or protection claimed;

   (b)  the person who made the Document or Communication, whether oral or in writing;

   (c)  if the Communication was oral, all persons present while the Communication was made;

   (d)  if the Document or Communication was written, the author, addressees, and any other recipients;

   (e)  the date and place of the Communication or the creation of the Document; and

   (f)  the general subject matter of the Document or Communication.

3.  If, for any reason other than a claim of privilege, You refuse to respond to any interrogatory herein, please state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

4.  If You respond to any interrogatory by reference to any Document or Communication, You are requested to produce that Document or Communication, and specify which Documents and/or Communications are produced in response to each interrogatory.

5.  If the responding party elects to specify and produce business records

7

in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. Unless otherwise stated, each interrogatory is directed towards each Plaintiff in this Action, and each Plaintiff in this action must separately verify the interrogatories to which it responds pursuant to Federal Rule of Civil Procedure 33(b).

7. If, in responding to these interrogatories, You encounter any ambiguities when construing an interrogatory, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

8. These interrogatories are continuing in nature. If You receive or otherwise become aware of information responsive to any interrogatory after You have served your responses to these interrogatories, You must promptly supplement your responses to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

9. Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each interrogatory.

### III. INTERROGATORIES

**INTERROGATORY NO. 1**

Identify by name and title at least five people at Masimo and at least five people at Cercacor having the most knowledge about or responsibility for Masimo's products and Cercacor's products, respectively, that Plaintiffs allege compete with the Accused Products, including the products' manner of operation, marketing, development, sales and offers to sell, use by Your customers, financial information related to them, Your patent and patent applications related to them, and Your licensing efforts of those patents and applications.

**INTERROGATORY NO. 2**

Separately for each Asserted Claim of each Asserted Patent that Plaintiffs contend Apple has infringed or is infringing, describe in detail all facts relevant to the alleged priority date for that claim, including without limitation: the alleged priority date, the alleged date of the conception and first reduction to practice, the nature of any problem(s) with existing technology that the inventors were considering or attempting to solve in connection with the conception, the nature of the alleged reduction to practice and the identity of any alleged actual reduction to practice, any alleged diligence between the asserted conception and reduction to practice dates, the identity of each Person who contributed to such conception, diligence, and/or reduction to practice, the nature of each such Person's participation, involvement, and/or contribution, and the identity of all Documents (by Bates numbers) relating to such conception, diligence, and/or reduction to practice.

**INTERROGATORY NO. 3**

For each Asserted Claim of each Asserted Patent, provide a detailed, element-by-element, limitation-by-limitation, description of all facts you contend should be considered in determining whether that Asserted Claim is non-obvious under 35 U.S.C. § 103, including without limitation, identifying each secondary consideration or other objective evidence of non-obviousness that you contend is relevant, such as for example, any alleged commercial success and nexus to the claimed subject matter, any alleged long-felt need in the art for the claimed subject matter, any alleged failure of others to solve the problems addressed by the claimed subject matter, any alleged skepticism or disbelief by any person relating to the claimed subject matter, any alleged positive recognition in the industry for the claimed subject matter, any alleged copying of the claimed subject matter, and any alleged unexpected results produced by the claimed subject matter.

**INTERROGATORY NO. 4**

For each of the Apple Patents, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent was invented by each of the Alleged Inventors, including, without limitation, for each Apple Patent and each Alleged Inventor, identifying by column and line number all subject matter of such Apple Patent that Plaintiffs assert was invented by such Alleged Inventor, describing the circumstances under which the Alleged Inventor and/or others conceived of such subject matter and/or reduced such subject matter to practice, identifying when such conception and reduction to practice took place, describing each Person's contribution to the conception and/or reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, and identifying and describing in detail all evidence to support any contention that the inventors named on that Apple Patent did not solely conceive and/or reduce to practice any of the claims of that Apple Patent.

**INTERROGATORY NO. 5**

For each of the Apple Patents and for each of the Apple Applications, identify in detail all facts relating to Plaintiffs' contention that any subject matter of such Apple Patent and/or Apple Application was developed by Marcelo Lamego while working for Plaintiffs and/or was otherwise developed at Masimo, Cercacor, or Plaintiffs, including, without limitation, for each Apple Patent and/or Apple Application, identifying by patent column and line number or application page and paragraph number all subject matter of such Apple Patent or such Apple Application that Plaintiffs assert was developed by Marcelo Lamego, describing the circumstances under which Marcelo Lamego and/or others conceived of such subject matter, identifying when such conception and reduction to practice took place, identifying any other employee of Masimo, Cercacor, or Plaintiffs that contributed to the conception of such subject matter and/or reduction to practice of such subject matter, describing each such Person's contribution to the conception and/or

reduction to practice of the subject matter, identifying corroborating evidence of conception and/or reduction to practice, identifying which entity—Masimo, Cercacor, or Plaintiffs—You contend is entitled to joint and/or exclusive ownership of such Apple Patent or Apple Application, and stating in detail any other factual and legal bases for Your contention that You are entitled to joint and/or exclusive ownership of the Apple Patents and/or Apple Applications.

**INTERROGATORY NO. 6:**

For each alleged Trade Secret You contend Apple misappropriated, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person.

**INTERROGATORY NO. 7:**

For each alleged Trade Secret that You contend was misappropriated by Apple, describe all actions You have taken to safeguard the alleged Trade Secret's secrecy.

**INTERROGATORY NO. 8:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely when, if ever, the alleged Trade Secret was disclosed, accessed, or otherwise provided to Apple.

**INTERROGATORY NO. 9:**

For each date identified in response to Interrogatory No. 8, describe the circumstances of the disclosure, including the recipients and the means of disclosure.

**INTERROGATORY NO. 10:**

For each alleged Trade Secret that You contend was misappropriated by Apple, state precisely how You contend that Apple acquired, has used, is using, plans to use, has disclosed, is disclosing, and/or plans to disclose, the alleged Trade Secret. To the extent Your response for any alleged Trade Secret(s) is that Apple

has used, is using, or plans to use the alleged Trade Secret in an Apple product (e.g., the Accused Products), identify and describe how each such product in fact incorporates or uses the Trade Secret(s).

**INTERROGATORY NO. 11:**

For each alleged Trade Secret that You contend was misappropriated by Apple, identify all individuals, whether Your employees or independent contractors or consultants, who at any time had access to the Trade Secret, including the period of time over which the individuals had such access.

**INTERROGATORY NO. 12:**

Identify all third parties to whom Your alleged Trade Secrets have ever been disclosed, including the circumstances under which each alleged Trade Secret was disclosed to them.

**INTERROGATORY NO. 13:**

For each alleged Trade Secret that You contend was misappropriated by Apple, identify and describe in detail how You were harmed by the alleged misappropriation.

**INTERROGATORY NO. 14:**

Identify and describe in detail any assessments and/or valuations of the Asserted Patents and/or any Related Patents and Applications, performed by You or for You, in Your possession, or of which You have knowledge, including, without limitation, any assessments and/or valuations performed in connection with any acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, any consideration paid for or pricing associated with the acquisition of, licensing of, or transfer of any rights in the Asserted Patents and/or any Related Patents and Applications, or any assessments and/or valuations performed or discussed concerning any products involving the Asserted Technologies, whether such products are Yours or those of third parties, including, without limitation, identifying and describing in detail all Documents and

Communications relating to such assessments and/or valuations and identifying the three (3) Persons most knowledgeable about any such assessments and/or valuations.

**INTERROGATORY NO. 15:**

State whether any assessment, investigation, or prior art search concerning the validity, invalidity, enforceability, or unenforceability of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications has been performed by You or for You, is in Your possession, or of which You have knowledge, and identify and describe in detail all Documents and Communications, including without limitation, Prior Art, ever known or identified by or to You, the named inventors of any of the Asserted Patents, or any Person substantively involved in the prosecution of any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications (including any attorney or patent agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of any of the Asserted Patents, their foreign counterparts, any Related Patents and Applications, or any other patent listing one or more named inventors on the cover as an inventor, including English language translations thereof, including any invalidity contentions served on You in any other actions or proceedings involving the any of the Asserted Patents, their foreign counterparts, and/or any Related Patents and Applications before any tribunal or agency, including, without limitation, in *Masimo et al. v. True Wearables, Inc. et al.*, Civil Action No. 8:18-CV-02001 (C.D. Cal.), commenced November 8, 2018.

**INTERROGATORY NO. 16:**

State all facts and identify and describe in detail all Documents supporting any contention by You that the Asserted Technologies are the basis for, contribute to, or drive consumer demand for any product which Plaintiffs allege competes with the Accused Products.

**INTERROGATORY NO. 17:**

State in detail all factual and legal bases for Your contention that You are entitled to any relief in this case, including but not limited to, monetary damages and injunctive relief, including, without limitation, identifying and describing in detail all Documents and Communications relating to such contention and identifying all individuals having information about such contention.

Dated: April 14, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
BRIAN M. BUROKER
ILISSA SAMPLIN
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

By: */s/Joshua H. Lerner*
Joshua H. Lerner

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, Ilissa Samplin, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 14th day of April, 2020, I served a true and correct copy of the foregoing **DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.** by electronic mail on the following counsel of record:

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

*Attorneys for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.*

By: */s/ Ilissa Samplin*
Ilissa Samplin