# EXHIBIT 5

| | |
|---|---|
| **From:** | Adam.Powell <Adam.Powell@knobbe.com> |
| **Sent:** | Friday, May 27, 2022 7:01 PM |
| **To:** | Passamaneck, Nora Q.E.; Lo, Jason |
| **Cc:** | *** Apple-Masimo; Masimo.Apple; WH Apple-Masimo Service List |
| **Subject:** | RE: Exchange of Witness Availability |

**EXTERNAL SENDER**

Nora,

Below are our lists of (1) 14 witnesses that Plaintiffs currently believe they may take to trial and/or designate for Rule 30(b)(6) testimony; and (2) 12 witnesses that Plaintiffs do not currently intend to take to trial and/or designate for Rule 30(b)(6) testimony.

We are providing these lists in good faith based on our current understanding of the case, but the lists are subject to change.  We are also not sure whether Apple's suggested procedure will resolve the parties' dispute.  We reserve all rights regarding depositions, including our right to assert that more than 100 hours of testimony is necessary.

We also understand the lists are being offered for convenience and scheduling purposes only and will not be used by either party to exclude witnesses or evidence.  As discussed today, we understand that, if the offering party decides to take a witness from list (2) to trial and the deposing party has not deposed that witness, the offering party will make the witness available for a deposition.  Likewise, if the offering party decides to take a witness that is not on either list to trial and the deposing party has not deposed that witness, the offering party will make the witness available for a deposition.  We understand the offering party will agree to such depositions even if they would occur after the discovery cutoff and/or would exceed the allowable deposition hours.  Please confirm Apple agrees.

**Witnesses Plaintiffs Currently May Take To Trial Or Designate For Rule 30(b)(6) Testimony**

1. Yassir Abdul-Hafiz
2. Ammar Al-Ali
3. Mohamed Diab
4. Gerry Hammarth
5. Joe Kiani
6. Tracy Miller
7. Bilal Muhsin
8. Greg Olsen
9. Anand Sampath
10. Stephen Scruggs
11. Robert Smith
12. Rick Fishel
13. Walt Weber
14. Micah Young

**Witnesses Plaintiffs Do Not Currently Intend To Take To Trial Or Designate For Rule 30(b)(6) Testimony**

1. Paul Jansen
2. Faisal Kashif

1

Exhibit 5
Page 1

3. Abraham Mazda Kiani
4. Sung Lee
5. Anmol Majmudar
6. Tom McClenahan
7. Kevin Pauley
8. Richard Priddell
9. Ron Rumbaugh
10. David Tan
11. Valery Telfort
12. Phil Weber

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

---

**From:** Adam.Powell
**Sent:** Friday, May 27, 2022 7:31 AM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Lo, Jason <JLo@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Nora,

Thank you for your email.  We are not sure if the proposal will resolve the parties' dispute, but we are willing to try.  Our understanding is that the list of 20 witnesses is for scheduling purposes for convenience.  A party would neither be forced to take all 20 witnesses nor precluded from requesting different or additional witnesses during the discovery period.  We are hoping neither party will make major changes, but both parties need some flexibility to adjust as they take depositions.  If that is not your understanding, please let us know.

Assuming Apple agrees, please let us know when Apple would like to exchange lists of (1) 14 witnesses that they may take to trial and/or designate for Rule 30(b)(6) testimony; and (2) 12 witnesses that they do not intend to take to trial and/or designate for Rule 30(b)(6) testimony.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, May 26, 2022 11:42 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>; Lo, Jason <JLo@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam,

Further to our discussions regarding narrowing witnesses for deposition, Apple proposes that the parties identify (1) 14 witnesses that they may take to trial and/or designate for Rule 30(b)(6) testimony; and (2) 12 witnesses that they do not intend to take to trial and/or designate for Rule 30(b)(6) testimony.  These identifications will be without prejudice to either party later identifying additional witnesses.  One business day after exchanging these lists, the parties will then identify 20 witnesses they wish to depose and that the other party will provide specific dates for availability (keeping in mind that each party must take 35 hours of depositions by June 17).   Please let us know if you agree to this approach.

Regards,
Nora

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, May 25, 2022 9:59 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Lo, Jason <JLo@gibsondunn.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

**EXTERNAL SENDER**

Nora and Jason,

Thanks for discussing depositions with me on May 20 and 24.  As discussed, Masimo continues to disagree with Apple's suggestion that the deposing party identify witnesses they do not want to take and then the offering party respond with a confirmation of whether they will take the witness at trial.  We maintain that the offering party should identify the witnesses it plans to present (or not present) at trial.  That information will allow the deposing party to select the witnesses it wants to depose.  You indicated you would get back to us soon on May 20 and again on May 24, but we have not received Apple's position.  Please provide Apple's position.

We also reiterate our request that Apple provide actual availability for all witnesses, as required by the Scheduling Order.  Apple's failure to do so is prejudicing Masimo's ability to prepare its case and meet the June 17 deadline.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, May 19, 2022 3:34 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam:

Thank you for finally providing Plaintiffs' positions on Apple's 30(b)(6) topics.  Jason Lo is available to meet-and-confer tomorrow between noon and 2 PT.  Please confirm.

As to the June 17 deadline, Apple is not suggesting any change in that deadline.  Rather, you raised concern about overlapping witnesses and availability of your team.  In any event, I am happy to hear that Plaintiffs do not have an issue with this deadline.

We do not agree with your proposal that each party "identify up to 10 of their own witnesses that they currently anticipate are likely to present testimony at trial and agree that any other witnesses who are later identified as a trial witness can be deposed at a later date (even if time limits were previously exhausted prior to such designation)."  This proposal appears to be an attempt to circumvent the 100 hour deposition limit.  In comparison, our proposal provided a concrete way to ensure that both parties will be able to meet this deadline while acknowledging that neither party can take all the depositions for which they have sought witness availability.   To that end, of the witnesses for whom Plaintiffs provided availability by the June 17 deadline, Apple will proceed with James Pishney and David Tan, and will follow up shortly on the date(s).  Apple does not currently plan to take the depositions of Chad DeJong, Faisal Kashif, Anmol Majmudar, Tracy Miller, Vikrant Sharma, or Valery Telfort provided that Plaintiffs confirm that they will not call them as trial witnesses and will separately offer them for deposition should that intention later change.  Please provide alternative witnesses available by the June 17 deadline so that Apple can take 35 hours of depositions.

Further, as part of those 35 hours, Apple would like to proceed with 30(b)(6) testimony on topics 3, 5, 7, 12, 51, 53, and 55 provided in Apple's 30(b)(6) notice.  While the parties still need to meet and confer on all of Apple's topics, we appreciate Plaintiffs designating witnesses on these topics in the near term, and Apple will provide the same courtesy.

As for Apple's witnesses, please confirm that Plaintiffs still wish to proceed with Josh Du, Aditya Dua, Myra Haggerty, Erno Klaassen, Trevor Ness, Lan Nguyen, Mark Rollins, Denby Sellers, and Dong Zheng, and Apple will provide specific dates so that Plaintiffs may complete 35 hours by the deadline.

Regards,
Nora

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, May 19, 2022 1:46 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

**EXTERNAL SENDER**

Nora,

As discussed, we maintain that the scheduling order required the parties to provide objections in writing and then contemplated a meet and confer to discuss witness designations.  We were fully prepared to have that discussion during the meet and confer on May 17.  You declined and requested that we respond in writing with the topics on which we would agree to designate a witness.  Plaintiffs are doing so here subject to and without waiving our objections.  Where Plaintiffs agree to designate a witness on a given topic, they are designating a witness to discuss information that they

have in the ordinary course of business. The witnesses will discuss facts and circumstances relating to the topic, but obviously will not testify as to legal conclusions or expert analysis. With that understanding, we respond as follows:

For topics 2, 18, 33, 40, 43, 46, 52, 53, 57, 58, 66, 70, 71, 72, and 81, Plaintiffs will designate a witness to testify on the topic as written. Plaintiffs will also designate a witness to testify on narrowed versions of the following topics:

- Topic 1: Plaintiffs will designate a witness to testify about the corporate relationship between Masimo and Cercacor.
- Topic 3: Plaintiffs will designate a witness to testify about Plaintiffs' past, present, or planned future use of each alleged Trade Secret in general.
- Topic 7: Plaintiffs will designate a witness to testify about Plaintiffs' non-disclosure agreements in general.
- Topic 9: Plaintiffs will designate a witness to testify about Plaintiffs' learning that Apple published Masimo's trade secrets in patent applications.
- Topic 10: Plaintiffs will designate a witness to testify about the value of Plaintiffs' Trade Secrets in general.
- Topic 11: Plaintiffs will designate a witness to testify about the value of Plaintiffs' Trade Secrets in general.
- Topic 12: Plaintiffs will designate a witness to testify about the identification of Plaintiffs' products that they believe compete or will compete with the Apple Watch.
- Topic 20: Plaintiffs will designate a witness to testify about sales of the W1 in general.
- Topic 23: Plaintiffs will designate a witness to testify about the value of Plaintiffs' Trade Secrets in general.
- Topic 35: Plaintiffs will designate a witness to testify about Plaintiffs' understanding of the customer decisions referenced in this Topic in general.
- Topic 36: Plaintiffs will designate a witness to testify about Plaintiffs' understanding of the customer decisions referenced in this Topic in general.
- Topic 37: Plaintiffs will designate a witness to testify about Plaintiffs' understanding of the customer decisions referenced in this Topic in general.
- Topic 41: Plaintiffs will designate a witness to testify about this Topic, including the general value of such a collaboration or business arrangement.
- Topic 42: Plaintiffs will designate a witness to testify about this Topic for wrist-worn products.
- Topic 50: Plaintiffs will designate a witness to testify about Plaintiffs' efforts to maintain the secrecy of their Trade Secrets.
- Topic 69: Plaintiffs will designate a witness to testify about the basis for Plaintiffs' contention that, if the claims of the disputed patents were patentable at the time of the application, Plaintiffs' employees should be named as inventors.
- Topic 74: Plaintiffs will designate a witness to testify about the basis for Plaintiffs' contention that, if the claims of the disputed patents were patentable at the time of the application, Plaintiffs' employees should be named as inventors.

For the remaining topics, Plaintiffs request a meet and confer. Plaintiffs are not necessarily refusing to provide testimony on these topics, but believe there are issues that need to be worked out amongst the parties as we discussed briefly on May 17.

Please let me know when you are available to meet and confer. I am tied up most of the day today so I would not be able to discuss for more than a short 30 minute block between other commitments. I have more availability on Friday. I understand that you are busy Friday, but I would be happy to discuss these issues with your colleagues.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245 Direct

**Knobbe Martens**

---

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Wednesday, May 18, 2022 3:11 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Nora,

As I explained yesterday, the Court adopted **Apple's** proposed language calling for the parties to provide "objections" to 30(b)(6) topics on October 10 and then meet and confer a week later. We did exactly as proposed by Apple, providing our objections in writing and being fully prepared to discuss witness designations during the meet and confer. Apple waited an entire week before requesting (a mere 1.5 hours before the meet and confer) that Masimo provide additional information beyond objections in writing. Had Apple raised this issue earlier, we would have readily responded in writing in advance of the meet and confer. Thus, nothing supports Apple's baseless accusation that we failed to comply with the schedule or delayed the process. As I told you over the phone, we are converting our notes that we were prepared to discuss on Apple's eighty topics into a written response. We will get that to you as soon as possible.

We disagree with your summary of our discussion regarding the June 17 deadline. I never requested the parties extend that date. I responded to **Apple's** timing complaints by explaining Masimo may be willing to accommodate a move in that deadline in view of the ITC trial concluding on June 10. However, I specifically told you I had not discussed the issue with my team and was not requesting the parties move the deadline. When you indicated that Apple would not agree to move the deadline, I explained that we would comply with the June 17 deadline but needed Apple to immediately provide witness availability as required by the scheduling order. Apple's May 13 letter did not do so. That letter provided only general windows by month (e.g., "June/July") for some witnesses and specifically stated that Apple would "revert with a proposed date of availability" if and when the parties agreed on the witnesses that would be deposed. That is inconsistent with the schedule. As you know, Masimo has provided many days (or weeks) of availability for its own witnesses. Please comply with the scheduling order and provide actual availability for Apple's witnesses. Apple's failure to do so is prejudicing Masimo's ability to prepare its case and preventing Masimo from meeting the June 17 deadline.

Apple separately suggested the parties propose twelve witnesses that they will not depose if the opposing party agrees not to present that witness at trial. That approach could be problematic because it relies on the opposing party agreeing not to present those same witnesses at trial. We believe the more feasible approach would be for each party to identify up to 10 of their own witnesses that they currently anticipate are likely to present testimony at trial and agree that any other witnesses who are later identified as a trial witness can be deposed at a later date (even if time limits were previously exhausted prior to such designation). That would allow each party to depose the opposing party's currently anticipated trial witnesses and at least some other witnesses of the deposing party's choice. And, it would leave each party the ability to depose any additional witness that the other party later identifies as a trial witness. Please let us know if Apple agrees.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Wednesday, May 18, 2022 9:54 AM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam,

We look forward to you providing in writing Plaintiffs' position with respect to Apple's 30(b)(6) topics, including the topics on which Plaintiffs agree to designate a witness. As I explained on our meet-and-confer yesterday, Apple believes that Plaintiffs were required to provide this information on May 10, 2022, and that this information is necessary for a productive meet-and-confer. Given Plaintiffs' failure to provide this information is holding up the meet-and-confer process, we request that you please provide it as soon as possible so that we can continue our discussion on Thursday, May 19.

As to your request to extend the June 17 deadline for the parties to take at least 35 hours of fact depositions, Apple does not see any reason to make a change at this time. The parties have been aware of this deadline for months, and we have less than 3 months for each party to take 93 deposition hours remaining. Every week counts in our schedule, and the June ITC hearing does not provide an excuse to delay depositions. The parties were aware of the hearing dates well before approaching the Special Master regarding the schedule. Further, there is no reason the parties cannot complete a total of 35 hours so long as they work efficiently and cooperatively to (1) identify those witnesses the parties actually wish to take; and (2) meaningfully discuss the 30(b)(6) topics and identify witnesses for those topics.

Given these considerations, including your acknowledgment that Plaintiffs cannot take all the depositions they have requested, your demand that we provide specific dates for each of our witnesses now is nothing but make work. Apple provided availability of its witnesses in a manner that allows for flexibility and complies with the scheduling order's requirement to "provide witness availability." We will of course work with you to identify specific dates once Plaintiffs have identified which of those witnesses they intend to depose.

Regards,
Nora

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, May 17, 2022 3:24 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam,

We provided general availability of witnesses, and are prepared to discuss with you specific dates within the identified time frames that will work with both parties' schedules. To complete depositions on schedule, including the 35 hours of depositions that must be completed by June 17, we expect that Plaintiffs will show greater flexibility than your letter

demonstrates.  We also expect that Plaintiffs will come to our meet-and-confer today with proposals on Apple's 30(b)(6) notice, as Plaintiffs' current position of providing objections only and not offering a witness on any topic does not appear to be in good faith.

We are willing to meet and confer regarding Apple's employees outside the U.S. and the feasibility of conducting their depositions.

With respect to Mr. Cook, we disagree with Plaintiffs' suggestion that the scheduling order requires Apple to provide deposition availability of witnesses for whom Apple objects to a deposition.  As you know, Plaintiffs were not permitted to take Mr. Cook's deposition in the ITC action; the ALJ's reasoning applies to the district court as well.  In any event, we suggest that Plaintiffs proceed with other depositions before making a determination of its position regarding the deposition of Mr. Cook.  If it is Plaintiffs' position that they wish to depose Mr. Cook regardless of the information available through other witnesses or means, then we will move now for a protective order.  Please let us know Plaintiffs' position in this regard.

In terms of completing depositions in the 100-hour limit, you are correct that we see no reason at this time to make any change to the limit.  We suggest that each party identify 12 witnesses whom they will forgo depositions if the other side agrees that they will not present them at trial.  We are also open to other proposals by Plaintiffs.

We look forward to discussing these issues with you later today.
Regards,
Nora

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, May 16, 2022 1:39 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

**EXTERNAL SENDER**

Nora,

We write regarding Apple's May 13 letter purporting to provide witness availability.  While both parties agreed that they may not have availability for all witnesses, Apple failed to provide availability for *any* witness.  Instead, Apple provides general time periods (e.g., "June/July") and then promises to obtain actual witness availability *if* Masimo confirms it still wants to take the deposition.  Without explanation, Apple also refused to provide any availability for witnesses living outside the U.S.  That is not sufficient.  Please immediately provide actual availability for Apple's witnesses, as required by the scheduling order.

Apple also refuses to provide availability for Tim Cook because Apple objects to his deposition.  Please let us know when you are available to meet and confer on Apple's objections.  In the meantime, Apple must still provide Cook's availability.  Cook's availability is still required by the scheduling order and is relevant to determining whether this dispute needs to be addressed on an expedited basis.

Additionally, your letter states that both parties have requested to take more depositions than would be possible under the current 100-hour limit in the schedule.  During our call last week, you stated that Apple would not agree to increase the number of hours but provided no proposal for how to address this issue.  Please provide Apple's position today so that we can evaluate whether the parties have a dispute.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, May 13, 2022 7:34 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam,
I have not received a response to the below.  In any event, attached is a letter outlining availability of Apple witnesses.  We expect Plaintiffs will provide availability of their witnesses this evening.
Regards,
Nora

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, May 13, 2022 7:50 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Exchange of Witness Availability

Adam,
We plan to provide our letter shortly.  Will Plaintiffs do the same?

**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Sent:** Friday, May 13, 2022 5:54 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Exchange of Witness Availability

**EXTERNAL SENDER**

Nora,

Please let us know if you have a specific time today when you would like to exchange witness availability.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.