MARK D. SELWYN, SBN 244180
 mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
 joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S L.R. 56-2 STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: Feb. 6, 2023 <br> Time: 1:30pm <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

CASE NO. 8:20-cv-00048-JVS (JDEx)

1

2       SARAH R. FRAZIER, *pro hac vice*
          sarah.frazier@wilmerhale.com
3       WILMER CUTLER PICKERING
           HALE AND DORR LLP
        60 State Street
4       Boston, MA 02109
        Tel.: 617.526.6000 / Fax: 617.526.5000

5       NORA Q.E. PASSAMANECK, *pro hac vice*
          nora.passamaneck@wilmerhale.com
6       WILMER CUTLER PICKERING
           HALE AND DORR LLP
7       1225 Seventeenth Street, Suite 2600
        Denver, CO 80202
8       Tel.: 720.274.3152 / Fax: 720.273.3133

9       BRIAN A. ROSENTHAL, *pro hac vice*
          brosenthal@gibsondunn.com
10      GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue
11      New York, NY 10166-0193
        Tel.: 212.351.2339 / Fax: 212.817.9539

12
        KENNETH G. PARKER, SBN 182911
13        Ken.parker@haynesboone.com
        HAYNES AND BOONE, LLP
14      660 Anton Boulevard, Suite 700
        Costa Mesa, CA 92626
15      Tel.: 650.949.3014 / Fax: 949.202.3001

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

CASE NO. 8:20-cv-00048-JVS (JDEx)

Pursuant to Local Rule 56-2, Defendant Apple Inc. ("Apple") respectfully submits the following Response to Plaintiffs' Proposed Statement of Uncontroverted Facts ("SUF") and Conclusions of Law.  While Apple has separately submitted its objections pursuant to FRCP 56(c)(2) to Plaintiffs' proffered evidence, Apple has marked each "Statement of Undisputed Fact" where Apple had lodged an evidentiary objection with the phrase "Evidentiary Objection."

## I.   RESPONSE TO PLAINTIFFS' PROPOSED STATEMENT OF UNDISPUTED FACTS

| Plaintiffs' Proposed SUF | Apple's Response |
| --- | --- |
| **1.  Proposed Fact:**  Cercacor and Masimo Corp. collaborate on technology developments under a cross-license agreement.<br><br>**Alleged Evidence:**  Kiani Decl. ¶ 3; Hammarth Decl. ¶ 6; Ex. 12 (Cross-license agreement). | Undisputed that Cercacor and Masimo Corp. have executed a cross-licensing agreement effective January 1, 2007, that amended and restated a cross-licensing agreement originally entered into on May 2, 1998.  Immaterial whether Plaintiffs "collaborate" on technology generally under that agreement, as the agreement does not mention any of the alleged trade secrets in this case.<br><br>Misleading.  The agreement does not state that Plaintiffs agree to "collaborate on technology developments." |
| **2.  Proposed Fact:**  Over many years, | Vague as to "significant amount."  Misleading and irrelevant.  It is |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

1

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| Masimo[1] dedicated a significant amount of financial resources and personnel to developing ██████ ██████████████████ **Alleged Evidence:** Kiani Decl. ¶ 7; Diab Decl. ¶¶ 20, 31. | immaterial whether Plaintiffs have "dedicated a significant amount of financial resources and personnel to developing ██████████ ███████████████ generally. Plaintiffs' cited evidence fails to specify the amount of resources and personnel (if any) that Plaintiffs claim have been dedicated to developing the individual alleged ███████████████████ or even all the alleged ████████████████ ████ as compared to other █████████████████████ █████ (e.g., ███████████████ ████████████████ that Plaintiffs may obtain value from by patenting rather than keeping secret). Kiani Decl. ¶ 7; Diab Decl. ¶¶ 20, 31; *see also* Ex. J at 129-133 (███ ████████████████████████ ████████████████████ |

---

[1] When using the term "Masimo," Plaintiffs are not clear as to whether they are referring to (1) only Masimo Corp. (2) only Cercacor, or (3) both Masimo Corp. and Cercacor. Apple objects to this terminology throughout for the same basic reasons raised in its *Daubert* motion challenging the opinions of Palmatier. *See* Dkt. 1114.

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | ███████████████████████ ███████████████████ ████████████████████████ |
| **3. Proposed Fact:** Masimo developed █████████████ ██████████████████████ ██████████████ **Alleged Evidence:** Kiani Decl. ¶¶ 7-8; Diab Decl. ¶¶ 20, 31. | Disputed.  Plaintiffs' cited evidence fails to support this proposed fact because it does not distinguish between "██████████████ ████████████████████" and the specific purported secrets at issue in this case.  Kiani Decl. ¶¶ 7-8 (█████ ████████████████████████ ████████████████████ ████████); Diab Decl. ¶¶ 20, 31 (same). **Evidentiary Objection** |
| **4. Proposed Fact:** ████████████ █████████████████████ ██████████████████ ██████████████████ **Alleged Evidence:** Kiani Decl. ¶ 7; Diab Decl. ¶ 31. | Misleading.  The proposed fact is immaterial to the value of Plaintiffs' alleged █████████████████████ because it does not distinguish between "██████████████ ███████████████████ and the specific purported secrets at issue in this case. Disputed.  Plaintiffs' cited evidence |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

3

CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | fails to support this proposed fact because there is no evidence that Plaintiffs have compared their own products to any competing products. Kiani Decl. ¶ 7 (█████████ ████████████); Diab Decl. ¶ 31 (same);  Ex. H at 270-271 (██████████████ ██████████████████ ██████████████); *id.* at 276 ██████████████████ █████████████████ *see* |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

4

Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | *also* Ex. J at 136:21-137:5 (Madisetti stating that he did not know whether anyone other than Plaintiffs and [allegedly] Apple knew about Plaintiffs' trade secrets); *id.* at 52-54 (Madisetti admitting that he had not spoken to anyone or reviewed written materials from any of Plaintiffs' ██████████████████ ██████████████████ ████████ |
| **5. Proposed Fact:** Masimo maintains the confidentiality of its ██████████ <br><br> **Alleged Evidence:** Kiani Decl. ¶7; Diab Decl. ¶¶ 30-31. | Disputed.  Plaintiffs' cited evidence fails to support this proposed fact because the evidence (1) does not refer to the specific alleged ████████ ████████  and (2) is conclusory (as it does not detail any of Plaintiffs' efforts to maintain confidentiality). Kiani Decl. ¶ 7 (████████ ██████████ ██████████ ██████████ ██████████ ████████ Diab Decl. ¶¶ 20, 31 (same).  Moreover, |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

5

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | Plaintiffs' cited evidence fails to refute or address the contrary evidence in the record—that Plaintiffs have put some of their ████████ ████████████ into patents, which are necessarily not secret. *See*, *e.g.*, Ex. Y at 10:14-23 (Plaintiffs' patent springing from application published in 2011 describing "demodulation module" that reduces "crosstalk"); Ex. CC (Plaintiffs' 2001 patent entitled "Method and Apparatus for Demodulating Signals In A Pulse Oximetry System"). |
| **6. Proposed Fact:** Masimo maintains the confidentiality of █ ████████████ by restricting physical and electronic access to employees whose responsibilities require access to such information. **Alleged Evidence:** Hammarth Decl. ¶¶ 22-28; Muhsin Decl. ¶¶ 4-6. | Vague as to time. Disputed to the extent the proposed fact implies that Plaintiffs have "restrict[ed] physical and electronic access to employees whose responsibilities require access to such information" during the entirety of the relevant time period. The cited evidence does not support anything beyond the current use of "physical access controls." Hammarth |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

6

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | Decl. ¶¶ 22-28 (only using present tense); Muhsin Decl. ¶¶ 4-6 (only using present tense).<br><br>Disputed.  Plaintiffs' cited evidence fails to support this proposed fact.  Hammarth Decl. ¶¶ 22-28 (███ ███████████ ████████████ ████████████ █████████████ ████████ Muhsin Decl. ¶¶ 4-6 (same). ██████ ████████████████████ ████████████████████ ████████████████ ████████████████ ████████ *See* Ex. G at 56-57 ████████████████ ████████████████ ██████████████ ████████████████ ████████████████ ███████ Ex. H at 102 ██████ ████████████████ ██████████████ █████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

7

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

8

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| **7.  Proposed Fact:**  Masimo's physical access controls include individually coded employee key cards that limit access to controlled areas, as well as requiring visitors to check-in, provide identification information that is recorded in a visitor log, and be escorted by employees.<br><br>**Alleged Evidence:**  Hammarth Decl. ¶¶ 26-28; Muhsin Decl. ¶¶ 4-5. | Undisputed that Plaintiffs purport to control physical access to their facilities.<br><br>Vague as to time.  Disputed to the extent the proposed fact implies that Plaintiffs have used these "physical access controls" during the entirety of the relevant time period.  The cited evidence does not support anything beyond the current use of "physical access controls."  Hammarth Decl. ¶¶ 26-28 (only using present tense); Muhsin Decl. ¶¶ 4-5 (only using present tense).<br><br>Disputed that all third-party visitors are escorted by employees.  Ex. C at 135-136 (█████████████ ██████████████████████ ███████████████████████ █████████)<br><br>**Evidentiary Objection** |
| **8.  Proposed Fact:**  Masimo has written policies instructing employees how to handle computer resources to | To the extent this evidence is admissible, undisputed that Plaintiffs have had written policies related to |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

9

Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| ensure that systems remain secure and information stays protected.<br><br>**Alleged Evidence:**  Exs. 3-7 (Masimo Policies and Procedures), 9-11 (Masimo Confidentiality Agreements), 13 (Cercacor Confidentiality Agreement), 14-16 (Cercacor Policies); Muhsin Decl. ¶¶ 7-12. | information security.<br><br>Disputed to the extent the proposed fact implies that the cited policies have been in effect during the entirety of the relevant period. ████████ ████████████████ *See* Exs. 3-7, 14-16 (███████ ████████).<br><br>**<u>Evidentiary Objection</u>** |
| **9.  Proposed Fact:**  Masimo provides ongoing training to ensure employees understand and adhere to company policies about protecting confidential information.<br><br>**Alleged Evidence:**  Muhsin Decl. ¶ 12; Hammarth Decl. ¶ 29; Ex. 4 (Masimo Information Technology Training Policy & Procedure). | Disputed.  Plaintiffs' cited evidence fails to support this proposed fact. None of the cited documents describe "ongoing training," or show that any training has actually been provided. The cited documents at most show a ████████████████ ████████████████ ████████████ ████████████████ ████████  Muhsin Decl. ¶ 12 (████████████);  Hammarth Decl. ¶ 29 (████████ ████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

10

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ██████████████████ ██████████████████ ); Ex. 4 at 2 (██████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ████ ). |
| **10. Proposed Fact:** Masimo provides information about Masimo's policies and procedures to new employees and requires employees sign confidentiality agreements to preserve the secrecy of Masimo's confidential information.<br><br>**Alleged Evidence:** Ex. 41 (Miller Depo.) at 16:10-17:8, 23:2-11, 25:24-27:19, 29:5-8; Miller Decl. ¶¶ 7-8; Ex. 42 (Hammarth Depo.) at 125:21-126:14; Kiani Decl. ¶ 6; Exs. 9-11 (Masimo Confidentiality Agreements), 13 (Cercacor Confidentiality Agreement), 14-16 (Cercacor Policies). | To the extent the evidence is admissible, undisputed that since 2000 Plaintiffs' new employees typically sign confidentiality agreements that contain information about Plaintiffs' policies and procedures. Exs. 9-11, 13-16 (████████████ ████ ); Miller Decl. ¶ 2 ████ ██████████████████ ); Hammarth Decl. ¶2 (████████ ██████████████ ); Kiani Decl. ¶ 6 (██████████████████ ██████████████ ██████████████████ ██████████████ )<br><br>**Evidentiary Objection** |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

11                                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| **11. Proposed Fact:** Masimo's electronic controls include hardware and software security measures that limit access to electronically stored confidential information to specific employees.<br><br>**Alleged Evidence:** Hammarth Decl. ¶¶ 22-25; Muhsin Decl. ¶6. | To the extent the evidence is admissible, undisputed that Plaintiffs currently use hardware and software in an effort to control access to electronically stored confidential information.<br><br>Vague as to time. Disputed to the extent the proposed fact implies that Plaintiffs have used hardware and software in an effort to control access to electronically stored confidential information since Lamego began working for Plaintiffs. The cited evidence does not support anything beyond the current use of hardware and software. Hammarth Decl. ¶¶ 22-25 (only using present tense); Muhsin Decl. ¶6 (only using present tense).<br><br>Disputed to the extent Masimo contends these security measures successfully limit access to electronically stored confidential information to *only* specific employees. Ex. C at 131:3-132:1 ▮▮▮▮▮▮▮▮▮▮▮ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

12

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ██████████████████████████ ██████████████████████████████ ██████████████████████████ ████████████████████████ ████████████████████████████ ████████ **Evidentiary Objection** |
| **12. Proposed Fact:** When a Masimo employee leaves, the employee completes an exit process that includes an exit interview, providing the employee with a copy of the employee's confidential agreements, reminding the employee of ongoing confidentiality obligations, and recovering all company information and equipment, including any documents, computers, phones, and keycards. **Alleged Evidence:** Miller Decl. ¶¶ 9-10; Hammarth Decl. ¶¶ 29-30. | To the extent the evidence is admissible, undisputed that Masimo Corp.'s Vice President of Human Resources described the company's ███████████████████████ ████████████████████████ ██████████████████████ ████████████████ ██████████████████████████ ████████████ Miller Decl. ¶¶ 9-10. Undisputed that Masimo Corp.'s ███████████████████████████ ███████████████████████████ ███████████████████████████ █████████████████ Miller Decl. ¶¶ 9-10. Disputed that the cited evidence |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | supports the full scope of the proposed fact with respect to Cercacor. Hammarth Decl. ¶¶ 29-30 (███████ ███████████████████████ █████████████████). |
| | Vague as to time. To the extent the cited evidence is admissible, disputed to the extent the proposed fact implies that this exit process was in place during the entire time Lamego was employed by Plaintiffs. The cited evidence does not specify when these practices were put into place. Miller Decl. ¶¶ 9-10 (using only present tense); *id.* at ¶ 2 (█████████████ ████████████); Hammarth Decl. ¶¶ 29-31 (███████████████████ ████████████████████ ████████████████████████ ██████████████████ █████████████████████ █████████████████████ ████). |
| | **Evidentiary Objection** |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

14                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| **13.  Proposed Fact:**  In 2000, as part of his initial onboarding process, Lamego signed an employee confidentiality agreement with Masimo Corp.<br><br>**Alleged Evidence:**  Ex. 9 (2000 Confidentiality Agreement); Miller Decl. ¶ 12. | Undisputed that Lamego signed an employee confidentiality agreement with Masimo Corp. in 2000. |
| **14.  Proposed Fact:**  Before working at Masimo, Lamego had no experience developing patient monitoring technology.<br><br>**Alleged Evidence:**  Ex. 17 (Lamego 7/12 Depo.) at 29:13-16; Kiani Decl. ¶ 9. | Disputed.  Plaintiffs' cited evidence fails to support this proposed fact.  Ex. 17 at 29:13-16 ███████████████ ██████████████████ ███████████████ ██████████████████ █████); Kiani Decl. ¶ 9 (████████████████████ ███████████████ ██████████████████ ████████).<br><br>Disputed because Dr. Lamego had prior experience teaching █████ ██████████████████ █████████ before working at Masimo.  Ex. 17 at 17:16- |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

15

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | 21. |
| **15. Proposed Fact:** In 2003, Lamego signed a confidentiality agreement with Masimo Corp.<br><br>**Alleged Evidence:** Exs. 10 (2003 Confidentiality Agreement), 17 (Lamego 7/12 Depo.) at 35:11-15; Miller Decl. ¶ 12. | Undisputed that Lamego signed an employee confidentiality agreement with Masimo Corp. in 2003. |
| **16. Proposed Fact:** On January 31, 2005, Lamego signed another confidentiality agreement with Masimo Corp.<br><br>**Alleged Evidence:** Ex. 11 (2005 Confidentiality Agreement); Miller Decl. ¶ 12. | Undisputed that Lamego signed a confidentiality agreement with Masimo Corp. on January 31, 2005. |
| **17. Proposed Fact:** While working at Masimo, Lamego shared an office with Mohamed Diab, Masimo's then Chief Technical Officer.<br><br>**Alleged Evidence:** Ex. 17 (Lamego 7/12 Depo.) at 38:13-15; Kiani Decl. ¶ 9; Diab Decl. ¶ 32. | Undisputed that while working at Masimo Corp., Lamego shared an office with Mohamed Diab for approximately one year. Ex. 17 (Lamego 7/12 Depo.) at 38:13-15. |
| **18. Proposed Fact:** Diab taught | Disputed. The cited evidence does not |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

16

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| Masimo's technology to Lamego.<br><br>**Alleged Evidence:**  Kiani Decl. ¶ 9; Diab Decl. ¶ 32. | support the breadth of the proposed fact.  Kiani Decl. ¶ 9 (████████ ████████████████████ ████████████████ ████████████████ ██████████); Diab Decl. ¶ 32 (███ ████████████ ████████████████ ████████████ ████████████████ ████████████████ █████████).  Moreover, the cited paragraphs of the declarations fail to cite any supporting evidence.<br><br>Vague and misleading.  It is unclear what technology means in this context, and it is disputed whether Diab taught Lamego alleged ████████ ████████ *See* Ex. 17 at 40:5-15 ██ ████████████████████ ████████████ ████████████████ ████████████ ██████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

17

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | ███████████████████████ ██████████████████ ████████████████████████ ███████████████ ████████████████████████ ██████████████████████ ██████ |
| **19. Proposed Fact:** Lamego worked at Masimo Corp. until 2006, at which time Lamego began working at Cercacor, then known as Masimo Labs.<br><br>**Alleged Evidence:** Ex. 17 (Lamego 7/12 Depo.) at 42:15-25; Kiani Decl. ¶ 9. | Undisputed that Lamego began working at Cercacor in 2006. |
| **20. Proposed Fact:** From February 2007 to January 2014, Lamego was Cercacor's CTO.<br><br>**Alleged Evidence:** Exs. 13 (2007 Confidentiality Agreement), 40 (Email); Hammarth Decl. ¶¶ 10, 35; Kiani Decl. ¶ 9. | Undisputed that from February 2007 to January 2014, Lamego served as Cercacor's CTO.<br><br>Disputed that the cited confidentiality agreement was signed in 2007—██ ███████████████████ █████████████████████ Ex. 13; Hammarth Decl. ¶ 10. |
| **21. Proposed Fact:** Lamego signed a | Undisputed that Lamego signed a |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

18                                        CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| confidentiality agreement with Cercacor.<br><br>**Alleged Evidence:** Ex. 13 (Confidentiality Agreement); Hammarth Decl. ¶ 10. | confidentiality agreement with Masimo Labs, which is now known as Cercacor. Ex. 13. |
| **22. Proposed Fact:** Jeroen Poeze was a Cercacor engineer from 2007 to March 2021, and reported to Lamego from 2007 to 2014.<br><br>**Alleged Evidence:** Poeze Decl. ¶¶ 1-2. | Undisputed that Jeroen Poeze worked as an engineer at Cercacor from 2007 to March 2021.<br><br>Undisputed that Jeroen Poeze reported to Lamego from 2007 until Lamego left in 2014. |
| **23. Proposed Fact:** Poeze worked with Lamego to develop ███████ ████████████████<br><br>**Alleged Evidence:** Poeze Decl. ¶¶ 5-22; Ex. 8 (Poeze Notebook) at -907, -933-936. | Disputed. The cited evidence fails to support the proposed fact. Ex. 8 (Poeze Notebook) at -907, -933-936 (██████████████████ ███████████████████████ ████████████ Poeze Decl. ¶¶ 5-22 (████ █████████████████████████ █████████████████████████ █████████████████████████ ███████████ Opp. 4-9.<br><br>**Evidentiary Objection** |
| **24. Proposed Fact:** Lamego worked | Undisputed that some portion of |

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| on Masimo's rainbow® technology.<br><br>**Alleged Evidence:** Diab Decl. ¶ 32. | Lamego's work while employed by Plaintiffs was related to some part of Plaintiffs' "rainbow® technology," but vague as to what the phrases "worked on" and "technology" encompass. |
| **25. Proposed Fact:** Including through his work on Masimo's rainbow® products, Lamego learned of ████████████████████ ██<br><br>**Alleged Evidence:** Diab Decl. ¶¶ 2, 6-7, 13, 15, 19, 25, 28, 32; Kiani Decl. ¶ 4; Madisetti Decl. ¶¶ 47-59; Hammarth Decl. ¶¶ 33, 34; Ex. 39 (Walt Weber Depo.) at 59:18-61:12. | Disputed.  The cited evidence fails to support the proposed fact.  First, none of the cited evidence describes the alleged ████████████████ in full or describes which portions of the described ████████ are kept secret.  Diab Decl. ¶¶ 2, 6-7, 13, 15, 19, 25, 28, 32 (███████████ ████████████████ ███████████████████████ ████████████████ ████████████████ ██████████████); Kiani Decl. ¶ 4 (same); Madisetti Decl. ¶¶ 47-59 (same); Hammarth Decl. ¶¶ 33, 34 (same); Ex. 39 at 59:18-61:12 (same); *see also* Opp. at 4-9.  Notably, the cited declarations fail ██████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

20                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ████████████████ Diab Decl. ¶¶ 2, 6-7, 13, 15, 19, 25, 28, 32; Kiani Decl. ¶ 4; Hammarth Decl. ¶¶ 33, 34. And the cited testimony of Walt Weber is irrelevant to alleged ████ ████████████████ Ex. 39 at 59:18-61:12 (███████████████ ██████████████████ ████████████████████████). In addition, the cited passages from Dr. Madisetti's declaration address only ████████████████. Madisetti Decl. ¶¶ 47-59.  Finally, Diab's and Kiani's declarations regarding what Dr. Lamego learned from Mr. Diab are directly refuted by Dr. Lamego's own testimony.  *See* Ex. 17 at 40:5-15 ███████████ ████████████████████ ████████████ ██████████████████ ████████████████████ ████████████████ ██████████████ ████████████████████ |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

21                          Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ██████████████████████<br><br>███████████████████<br><br>████████████████████████████<br><br>███████████████████████████<br><br>██████████<br><br>**Evidentiary Objection** |
| **26. Proposed Fact:** Lamego worked on Masimo's Pronto-7 product.<br><br>**Alleged Evidence:** Poeze Decl. ¶¶ 2-22; Hammarth Decl. ¶ 34; Ex. 8 (Poeze Notebook). | Undisputed that some portion of Lamego's work while employed by Plaintiffs was related to some part of Plaintiffs' "Pronto-7 product," but vague as to the scope of the phrase "worked on."<br><br>**Evidentiary Objection** |
| **27. Proposed Fact:** Including through his work with Poeze and his work on Masimo's Pronto-7 project, Lamego learned of ████████████ ██████████████ .<br><br>**Alleged Evidence:** Poeze Decl. ¶¶ 2-22; Hammarth Decl. ¶ 34; Madisetti Decl. ¶¶ 60-88; Ex. 74 (Pronto-7 Operator's Manual) at -687, -699, -701; Ex. 71 at -97; Ex. 72 (emails); Ex. 43 (email) at -37; Ex. 8 (Poeze | Disputed. The cited evidence fails to support the proposed fact. First, none of the cited evidence describes the entirety of alleged ███████████ ████████ or how alleged ████████ ██████████ are embodied in the Pronto-7. Poeze Decl. ¶¶ 2-22 ████████ ███████████████████████ ████████████████████ Hammarth Decl. ¶ 34 (same); Ex. 74 at -687, -699, -701 (same); Ex. 71 at - |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

22                                    Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| Notebook) at -907, -933 to -937. | 97 (same); Ex. 72 (same); Ex. 43 at -37 (same); Ex. 8 at -907, -933 to -937 (same);  Madisetti Decl. ¶¶ 60-88 (same, and ███████████████ ████████████████ ████████████████ ████████████████ ███████  Further, none of the cited evidence describes what Lamego "learned" from working on the Pronto-7.  Poeze Decl. ¶¶ 2-22 (█████ ████████████████ ████████████████ ████████); Hammarth Decl. ¶ 34 (████████████████ ████████████████ ██████████████); Madisetti Decl. ¶¶ 60-88 (████████ ████████████████ ████████████████ ████████); Ex. 74 at -687, -699, -701 (failing to describe what Lamego "learned" from working on the Pronto-7); Ex. 71 at -97 (same); Ex. 72 |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

23                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | (same); Ex. 43 at -37 (same); Ex. 8 at -907, -933 to -937 (same).<br><br>**Evidentiary Objection** |
| **28.  Proposed Fact:** ███████<br>███████████████████████<br>████████████████████<br>██████<br><br>**Alleged Evidence:**  Ex. 19 (Hotelling Depo.) at 36:19-37:6; Exs. 20-21 (Apple emails). | Undisputed that in 2012, ████████<br>████████████████████  Ex. 19 (Hotelling Depo.) at 36:19-37:6; Exs. 20-21 (Apple emails).<br><br>██████████████████<br>███████████████<br>████████████████████<br>█████████████████<br>███████████████████<br>████████████████████<br>████████  Ex. 19 (Hotelling Depo.) at 36:19-37:6 ██████<br>█████████████████████<br>█████████████████████<br>████████████████████<br>███████████████████<br>███████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████ |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

24

CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | █████ ").  |
| **29.  Proposed Fact:** █████ ██████████████ ██████████████ ██████████ **Alleged Evidence:**  Ex. 21 (Apple email) at -191; Ex. 22 (Apple email) at 106, -109. | Misleading.  The cited evidence does not support the proposed fact ████ ███████████████████████ ██████████████ ██████████████ ███████████████████████ ██████████████ ██████████████ █████████████ ██████████ ████████ ███████████████████████ ████████ *See supra* Apple's Response to Plaintiffs' Proposed Undisputed Fact No. 28. Apple ██████████████████ ██████████████████ ██████████████████ ████████████████████ ███████████████ ██████████████ █████████████ █████████████ ███████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

25

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP



| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ▓▓▓▓▓▓▓▓▓▓ Ex. 21 at -188, -191, -194. ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ Ex. 22 at -108-109. |
| **30. Proposed Fact:** ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓  **Alleged Evidence:** Ex. 23 (Apple emails with Masimo) at -627; Kiani Decl. ¶ 18. | ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. E at 66:8-19 ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

26

CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ████████████████<br>██████████████████<br>Ex. D at 168:1-21 █████████<br>██████████████████<br>████████████████<br>███████████████<br>██████████████████<br>█████████████████<br>██████████████████<br>██████████████████<br>█████████████████<br>██████████████████<br>████████████<br>██████████████<br>██████████████████<br>██████████████████<br>█████████████████<br>██████████████████<br>███████████████<br>████████████████<br>Ex. 23 at -627 (item 6).<br>█████████████████<br>██████████████ Ex. 23. |
| **31.  Proposed Fact:** ██████████ | Disputed that ██████████████ |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

27          CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| ████████████████ ████████████ ██████<br><br>**Alleged Evidence:**  Ex. 24 (████ ████████████████; Kiani Decl. ¶ 21. | ████████████<br>Ex. 24 ████████████████<br>████████████████<br>Adrian Perica's deposition testimony explains ████████████<br>████████████████<br>████████████████<br>████████████<br>████████████████<br>██████████<br>████████████<br>████████████<br>████  Ex. E at 122:6-125:3 ████<br>████████████<br>████████████████<br>████████████<br>████████████<br>████████  *id.* at 80:5-17 █<br>████████████<br>██████████<br>████████████<br>██████████<br>████████████<br>████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

28

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  | ███████████████████████████ ███████████████████████ ███████████████████████ █████████████████████ ████████████████ ██████████████████ ████████████████ █████████████████ ██████████████████████ ████████████████ *id.* at 109:6-110:1, 126:11-127:1; *see also id.* at 140:1-150:12. The deposition testimony of Tim Cook confirms ███████████████ ██████████████████████ ██████████████████████ ███████████████████████ ██████████ Ex. I at 47:22-48:18; *see also id.* at 51:12-18 ███ ████████████████ █████████████████████ ███████████████████████ ███████████████████████ ████████████████████ ███████████████████████ |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

29

CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ▬▬▬▬▬▬▬▬▬▬<br><br>Undisputed that Apple did not partner with or acquire Masimo.<br><br>Undisputed that Apple has hired former Masimo employees. |
| **32.  Proposed Fact:**  In July 2013, Apple hired Dr. Michael O'Reilly, Masimo Corp.'s then Chief Medical Officer.<br><br>**Alleged Evidence:**  Kiani Decl. ¶¶ 19-20; Ex. 27 (O'Reilly Depo.) at 286:17-287:6; Ex. 33 (Apple Rog Responses) at 27. | Undisputed that Dr. Michael O'Reilly began working for Apple in July 2013. Ex. 27 at 285:15-287:6 (▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br>▬▬).<br><br>Disputed to the extent ▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬ To the contrary, ▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬ Ex. 27 at 285:15-287:6; Ex. B at 38:9-44:6, 188:9-17;189:2-19.<br><br>**Evidentiary Objection** |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

30                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| **33.  Proposed Fact:** ███████ ████████████████████████ ███████████████ <br><br> **Alleged Evidence:**  Kiani Decl. ¶¶ 13-14; Ex. 2 (Lamego email to Kiani). | ██████████████████ ████████████████████ ██████████████████████ ███████████████████ Ex. 2. <br><br> **Evidentiary Objection** |
| **34.  Proposed Fact:** ██ █████ ██████████████████ ██████████████████████ ████████ <br><br> **Alleged Evidence:**  Kiani Decl. ¶¶ 16-17. | Undisputed. |
| **35.  Proposed Fact:**  On October 2, 2013, around 1 a.m., Lamego emailed Tim Cook, offering to use his ten years of knowledge from working at Masimo to help Apple in exchange for a "senior technical executive position." <br><br> **Alleged Evidence:**  Ex. 28 (Lamego email to Cook). | To the extent this evidence is admissible, undisputed that on October 2, 2013, Lamego emailed Tim Cook at 12:54 AM.  Ex. 28. <br><br> Disputed to the extent that the proposed fact implies that Lamego offered to provide Apple with Plaintiffs' confidential technology. Lamego stated in the email that his experience was in developing *medical* devices, but he could help Apple with its *consumer* device projects "*without* |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

31

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | *conflicting* with the large IP I have developed for Masimo and Cercacor." Ex. 28.<br><br>**Evidentiary Objection** |
| **36.  Proposed Fact:** ████<br>████████<br>███████<br>██████<br>███████<br><br>**Alleged Evidence:**  Ex. 29 (Apple emails) at -008. | To the extent this evidence is admissible, undisputed that █████<br>████████<br>███████<br>████ Ex. 29.<br><br>**Evidentiary Objection** |
| **37.  Proposed Fact:** ████<br>██████<br>███████<br>████████<br>█████████<br>█████<br><br>**Alleged Evidence:**  ██████<br>█████ | To the extent this evidence is admissible, undisputed that ████<br>███████<br>████████<br>████ Ex. 29.<br><br>**Evidentiary Objection** |
| **38.  Proposed Fact:**  In January 21, 2014, as part of his separation process, Lamego signed an employee acknowledgement form, certifying, | Undisputed that on January 21, 2014, Lamego signed an employee acknowledgment form, certifying, among other things, that he received a |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

32

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| among other things, that he received a copy of his signed confidentiality agreement and, during Lamego's exit interview, Hammarth reminded Lamego about the importance of his confidentiality agreement and his obligation to maintain that confidentiality of trade secrets and confidential business information.<br><br>**Alleged Evidence:**  Ex. 16 (Employee Acknowledgment form); Hammarth Decl. ¶¶ 35-36. | copy of his signed confidentiality agreement.  Ex. 16.<br><br>Undisputed that Hammarth has ████<br>████████████<br>████████████<br>████████████<br>████████████<br>████████████<br>████    Hammarth Decl. ¶¶ 35-36. |
| **39.  Proposed Fact:** ████████<br>████████████<br><br>**Alleged Evidence:**  Ex. 33 (Apple Rog Responses) at 27. | ████████████████<br>████████████████<br>████ |
| **40.  Proposed Fact:**  In January 2014, Masimo warned Apple that Lamego possessed Masimo's trade secrets.<br><br>**Alleged Evidence:**  Ex. 34 (Masimo letter to Apple). | Disputed.  The cited evidence only supports that Cercacor claimed that it believed Lamego possessed unspecified alleged trade secrets.  Ex. 34.<br><br>**Evidentiary Objection** |
| **41.  Proposed Fact:**  Apple continued | Disputed.  The cited evidence does not |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

33                      CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| to recruit Masimo employees after hiring Lamego, ████████████ ████████████ Apple has since hired at least 20 people who worked for Masimo.<br><br>**Alleged Evidence:** Exs. 32 ████ ████████████ ████ ), 33 (Apple Rog Responses) at 16-18, 27. | support the proposed fact.  Ex. 32 ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████<br><br>Misleading to the extent it implies that ████████████ ████████████ ████████████ ████████████ ████████████ ████████ |
| **42.  Proposed Fact:** ████████ ████████████ ████████████ ████████████ ████████████ ████████████<br><br>**Alleged Evidence:** Exs. 35, 47, 52, 53. | Disputed.  The cited evidence does not support the proposed fact.  ████<br>████████████ ████████████ ████ Ex. 47 ████████ ████████████ ████████████ ████████████ Exs. 52, 53 ████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

34

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP



| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | ███████████████ ███████████████ ██████████ |
| **43. Proposed Fact:** At least by February and March 2014, Lamego disclosed Masimo's ████████ ██████████████████████████ ██████████ **Alleged Evidence:** Ex. 44 ████████ ███████████████████ Ex. 48 ███████████████ Ex. 49 █████████████████████ ███████████ Ex. 50 ██████████████; Ex. 51 ████ Ex. 59 ██████████████████ Ex. 54; Ex. 55; Ex. 56; Ex. 57; Ex. 58 ███████████████████ ████████████████ ████ Ex. 60 ██████████████ ████ | Disputed. The cited evidence does not support the proposed fact—Ex. 44 at -665, -679 (████████████████ ████████████████████ ██████████████████ ████ Ex. 48 ██████████ ███████████████████ █████████████████████ ████ Ex. 49 █████████████ █████████████ Ex. 51 (same); Ex. 59 (same); Ex. 54 (same); Ex. 55 (same); Ex. 56 (same); Ex. 57 (same); Ex. 58 (same); Ex. 60 (same). |
| **44. Proposed Fact:** ████████████ ██████████████████ ██████████████████████ ██████████████████ | Disputed to the extent the proposed fact implies ████████████ ███████████████████ ████████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

35

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| ███████████████<br><br>█████████████████<br><br>████████████████<br><br>████<br><br>**Alleged Evidence:** Ex. 35 (Lamego email) at -531. | Plaintiffs have not cited any evidence to support that implication. Undisputed that ████████████<br><br>█████████████████████<br><br>████████████████<br><br>██████████████████<br><br>████████████<br><br>██████████████<br><br>██████████████████<br><br>████████ |
| **45. Proposed Fact:** ██████████<br><br>██████████████████<br><br>**Alleged Evidence:** Ex. 33 (Apple Rog Responses) at 27. | Undisputed that Lamego's last day of employment at Apple was July 11, 2014. |
| **46. Proposed Fact:** █████████<br>█████████████████<br>██████████████████████<br>██████████████████<br>███████<br><br>**Alleged Evidence:** ████████████<br><br>████████████████████<br>██████ | Undisputed. |
| **47. Proposed Fact:** █████████<br>████████████████████████ | Undisputed that during the prosecution of ██████████████████████, |

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| ██████████████████ | ████████████████ |
| ██████████████████ | ██████████████████ |
| █████████ | ███████████████ |
| **Alleged Evidence:** ███████ | ██████████████ |
| ███ | ████████████████ |
| | █████████████ |
| | ██████ Ex. 37 at -729 ████ |
| | ██████████ |
| | █████████████████ |
| | █████████████ |
| | ████████████████ |
| | ███████████████ |
| | ████████████████ |
| | ██████████████ |
| | ██████████████ |
| | ████████ |
| **48. Proposed Fact:** ██████ | Undisputed. |
| ███████████████ | |
| ████████████████ | |
| █████████████ | |
| █████████████ | |
| **Alleged Evidence:** ███████ | |
| ███ | |
| **49. Proposed Fact:** ██████ | Disputed. ███████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

37

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
|  **Alleged Evidence:** | Ex. D at 42, 97-98 (Kiani deposition); *see also, e.g.*, Ex. J at 209-210 ( The most logical inference is that Plaintiffs' alleged ████ at issue recite and claim Apple's patent, not the other way around. Moreover, the cited evidence does not support the proposed fact. None of the cited evidence describes the entirety of any of Plaintiffs' alleged ████ . Poeze Decl. ¶ 21 Madisetti Decl. ¶¶ 118-129, 174, 193, |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

38

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed SUF | Apple's Response |
|---|---|
| | 202, 210, 217, 223 (same); Ex. 38 ███ ████████████████████████ ████████████████████████ ███████ **Evidentiary Objection** |

## II.   RESPONSE TO PROPOSED CONCLUSIONS OF LAW

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| **1.** The elements of a claim for misappropriation under the California Uniform Trade Secret Act are (1) the existence and possession of a trade secret, and (2) misappropriation of the trade secret. Cal. Civ. Code § 3426.1. | Disputed. According to Plaintiffs' own case law, they must show by a preponderance of the evidence "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *E.g.*, *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1668 (2003), *cited in* Mot. 7. |
| **2.** Under the California Uniform Trade Secret Act a trade secret is information that: (1) derives independent economic value, actual or potential, from not being generally | Undisputed. |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

39                    Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1(d). | |
| **3.** "The standard to show that trade secrets derive [independent] economic value is not a high standard." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1052 (N.D. Cal. 2020), quoting *Calendar Rsch. LLC v. StubHub, Inc.*, No. 2:17-CV-04062-SVW-SS, 2017 WL 10378336, at *4 (C.D. Cal. Aug. 16, 2017). "To have independent economic value, a trade secret must be sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Id*. | Disputed to the extent Plaintiffs rely on cases regarding the standard required at the motion to dismiss stage rather than at summary judgment. At summary judgment, courts have explained that "[i]nformation derives independent economic value from not being generally known when its secrecy provides a business with a 'substantial business advantage.'" *See Mattel, Inc. v. MGA Ent, Inc.*, 782 F. Supp.2d 911, 959 (C.D. Cal. 2011) (quoting *Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514, 1522 (Cal. App. 1997)); *accord Int'l Med. Devices, Inc. v. Cornell*, 2022 WL 17082090, at *7 (C.D. Cal. Sept. 26, 2022) (a "secret must be 'sufficiently valuable and |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

40

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
|  | secret to afford an actual or potential economic advantage over others'"). |
| **4.** "The [generally known] inquiry is not whether the alleged trade secret has been publicly disclosed at all, but whether it has become 'generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value[.]'" *Kittrich Corp. v. Chilewich Sultan, LLC*, No. CV1210079GHKARGX, 2013 WL 12131376, at *4 (C.D. Cal. Feb. 20, 2013), quoting *DVD Copy Control Ass'n, Inc. v. Bunner*, 116 Cal. 4th 241, 251 (2004)). | Undisputed. |
| **5.** The core inquiry is whether the owner of the information derives value in keeping the information secret from persons who could exploit it to the relative disadvantage of the original owner. *Yield Dynamics, Inc. v. TEA Systems Corp.*, 154 Cal. App. 4th 547, 568 (2007). Information is protectable as a trade secret if it continues to | Partially disputed. The alleged secret information must provide a "*substantial* business advantage." *Morlife, Inc.*, 56 Cal.App.4th at 1522; *accord Mattel, Inc.*, 782 F. Supp.2d at 959. |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

41                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| provide a business advantage over a competitor. *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521–22 (1997). | |
| **6.** Finding aspects of the trade secret across various publications and applying a patent-like obviousness analysis does not render the trade secret generally known under CUTSA. *See Imi-Tech Corp. v. Gagliani*, 691 F. Supp. 214, 231 (S.D. Cal. 1986) ("The defendants' attempts to show that Imi-Tech's alleged trade secrets were known in the prior art also fail to provide a defense for the defendants, since it is not required that a trade secret be patentably nonobvious or novel."). "'[O]bviousness' is not the benchmark" in trade secrets action. *Am. Can Co. v. Mansukhani*, 728 F.2d 818, 819 (7th Cir. 1982). | Disputed. *Imi-Tech Corp. v. Gagliani* and *American Can Company v. Mansukhani* do not address whether a trade secret defendant can use multiple references to show that a single purported trade secret was not generally known. They hold only that trade secrets are not required to be non-obvious under a patent law analysis. *See Imi-Tech Corp.*, 691 F. Supp. 214; *Am. Can Co.*, 728 F.2d 818. |
| **7.** A defendant is liable for trade secret misappropriation by acquisition if, at the time of acquisition, they knew or had reason to know that the | Disputed as overbroad. Trade secret misappropriation by acquisition occurs if at the time of acquisition, a defendant knew or had reason to know |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

42

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| trade secret was acquired by improper means.  Cal. Civ. Code § 3426.1(b)(1). | that the trade secret was acquired by improper means.  Cal. Civ. Code § 3426.1(b)(1). |
| **8.**  "Improper means" includes "breach or inducement of a breach of a duty to maintain secrecy . . . ."  Cal. Civ. Code § 3426.1(b)(1). | Undisputed. |
| **9.**  A defendant is liable for trade secret misappropriation by disclosure or use if, at the time of disclosure or use, they knew or had reason to know that Apple's knowledge of the trade secret was: (i) Derived from or through a person who had utilized improper means to acquire it; (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.  Cal. Civ. Code § 3426.1(b)(2). | Disputed as overbroad.  Trade secret misappropriation by disclosure or use occurs if, at the time of disclosure or use, a defendant knew or had reason to know that its knowledge of the trade secret was: (i) Derived from or through a person who had utilized improper means to acquire it; (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.  Cal. Civ. Code § 3426.1(b)(2). |
| **10.**  A plaintiff bears the burden of proving trade secret misappropriation | Undisputed. |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

43                          CASE NO. 8:20-cv-00048-JVS (JDEx)

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| by a preponderance of the evidence. *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1667 (2003). | |
| **11.** There is no genuine dispute of material fact that Masimo's Trade Secrets D-9 through D-15 meet the requirements of Cal. Civ. Code § 3426.1(d)(1), because they derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their use particularly to those in the field of noninvasive blood content estimators. | Disputed. *See* Opp. 10-15. |
| **12.** There is no genuine dispute of material fact that Masimo's Trade Secrets D-9 through D-15 meet the requirements of Cal. Civ. Code § 3426.1(d)(2), because Masimo made reasonable efforts to maintain their secrecy. | Disputed. *See* Opp. 15-17. |
| **13.** There is no genuine dispute of material fact that Apple acquired Trade Secrets D-9 through D-15 while | Disputed. *See* Opp. 17-19. |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

44

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| knowing, or having reason to know, that the trade secrets were acquired by improper means. Cal. Civ. Code § 3426.1(b)(1). | |
| **14.** There is no genuine dispute of material fact that Apple disclosed and used Trade Secrets D-9 through D-15 while knowing, or having reason to know, that it acquired Trade Secrets D-9 through D-15 through improper means. Cal. Civ. Code § 3426.1(b)(2)(B)(i). | Disputed. First, Plaintiffs failed to raise this theory in their brief, as they only allege misappropriation under Section 3426.1(b)(2)(B)(iii).  Mot. 22-23. They therefore have failed to preserve an argument for liability under (B)(i). *DMF Inc. v. AMP Plus, Inc.*, 2020 WL 4194099, at *2 n.1 (C.D. Cal. July 17, 2020) (argument only in statement of undisputed facts and in expert report filed with summary judgment motion not "adequately raised"). Second, for the same basic reasons explained in Apple's brief for why there is a genuine dispute of material fact regarding Plaintiffs' (B)(iii) theory, there is a genuine dispute as to (1) whether Apple used or disclosed alleged ███████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

45

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| | and (2) whether Apple knew or had reason to know that his or her knowledge of the alleged ███████ ███████ was derived from or through a person who had utilized improper means to acquire it. Opp. 20. |
| **15.** There is no genuine dispute of material fact that Apple disclosed and used Trade Secrets D-9 through D-15 while knowing, or having reason to know, that it acquired Trade Secrets D-9 through D-15 under circumstances giving rise to a duty to maintain their secrecy or limit their use. Cal. Civ. Code § 3426.1(b)(2)(B)(ii). | Disputed. First, Plaintiffs failed to raise this theory in their brief, as they only allege misappropriation under Section 3426.1(b)(2)(B)(iii).  Mot. 22-23. They therefore have failed to preserve an argument for liability under (B)(ii). *See*, *e.g., DMF Inc.*, 2020 WL 4194099, at *2 n.1 (finding waiver where argument not raised in brief). Second, for the same basic reasons explained in Apple's brief for why there is a genuine dispute of material fact regarding Plaintiffs (B)(iii) theory,  there is a genuine dispute as to (1) whether Apple used or disclosed alleged ██████████ and (2) whether Apple knew or had |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

46

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| | reason to know that any acquisition of alleged ██████████████ under circumstances giving rise to a duty to maintain their secrecy or limit their use. |
| **16.** There is no genuine dispute of material fact that Apple disclosed and used Trade Secrets D-9 through D-15 while knowing, or having reason to know, that Trade Secrets D-9 through D-15 were derived from Lamego who owed a duty to Masimo to maintain their secrecy or limit their use. Cal. Civ. Code § 3426.1(b)(2)(B)(iii). | Disputed.  *See* Opp. 20. |
| **17.** D-9: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-9 by improperly acquiring, using, and disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |
| **18.** D-10: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-10 by improperly acquiring, using, and | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

47

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | |
| **19.** D-11: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-11 by improperly acquiring, using, and disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |
| **20.** D-12: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-12 by improperly acquiring, using, and disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |
| **21.** D-13: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-13 by improperly acquiring, using, and disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |
| **22.** D-14: There is no genuine dispute of material fact that Apple misappropriated Trade Secret D-14 by improperly acquiring, using, and | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47 (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

48

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | |
| **23.** D-15: There is no genuine dispute of material fact that misappropriated Trade Secret D-15 by improperly acquiring, using, and disclosing the trade secret. Cal. Civ. Code §§ 3426.1(b)(1), (b)(2)(B)(i-iii). | Disputed.  *See* Opp. 17-20; *see also supra* pp. 43-47  (Apple's Responses to Plaintiffs' Proposed Conclusions of Law Nos. 13-16). |
| **24.** There is no genuine dispute of material fact that Apple improperly acquired, used, and disclosed Masimo's trade secrets.[2] | Disputed.  *See* Opp. 17-21. Further, Plaintiffs fail to cite any case concluding that acquisition or disclosure of alleged trade secrets alone constitutes a harm.  *See Thomas Petroleum, LLC v. Lloyd*, 2012 WL 4511369, at *11 (E.D. Cal. Oct. 2, 2012) ("[P]ossession alone is insufficient to entitle Plaintiff[s] to summary judgment" where Plaintiffs have failed to show that "the defendant's actions damaged [them].") |
| **25.** There is no genuine dispute of material fact that Apple obtained a | Disputed.  *See* Opp. 20-21. Further, Plaintiffs fail to cite any case |

---

[2] Plaintiffs have suggested that their Proposed Conclusions of Law Nos. 24-26 show harm.

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

49                                              Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Plaintiffs' Proposed Conclusions | Apple's Response |
|---|---|
| patent claiming Masimo's trade secrets. | concluding that obtaining a patent alone constitutes a harm. *See Thomas Petroleum, LLC*, 2012 WL 4511369, at *11. |
| **26.**  There is no genuine dispute of material fact that Apple improperly claimed ownership of Masimo's trade secrets and the right to exclude Masimo from practicing its own trade secrets. | Disputed.  *See* Opp. 20-21.<br><br>Plaintiffs have also failed to raise in their brief the argument that Apple "improperly claimed … the right to exclude [Plaintiffs] from practicing [their] own trade secrets."  *See DMF Inc.*, 2020 WL 4194099, at *2 n.1 (finding waiver where argument not raised in brief).<br><br>Further, Plaintiffs fail to cite any case concluding that claiming ownership of alleged trade secrets alone constitutes a harm. *See Thomas Petroleum, LLC*, 2012 WL 4511369, at *11. |

## III.    ADDITIONAL GENUINE DISPUTES OF MATERIAL FACT

| Disputed Fact | Evidence |
|---|---|
| **1.**  Whether ███████████. | Ex. F at 83 (███████ |

Wilmer Cutler<br>Pickering Hale<br>and Dorr LLP

| Disputed Fact | Evidence |
|---|---|
| ██ claim nothing more than information that is disclosed in publicly available documents. | ████████████████████████ ████████████████ █████████████████████████ ███████████████████ ████████████████████ ██████████████████████████ ███████████████████ █████████████████ ██████████████████████████ ██████████ *see* Ex. O at ¶¶ 132-240; Ex. P at ¶¶ 95-120, 300-308, 341-347, 376-383, 412-418, 447-453, 482-489, 518-525; Exs. T-FF; Opp. 10-14. |
| **2.** Whether purported ████████ ████████████ provide any value to Plaintiffs by virtue of being kept secret. | Diab Decl. ¶¶ 30-31 ███████████ ████████████████████ ████████████████████ █████████████████████████ ███████████████████ ██████████████████████████ ██████████████████ ██████████████████████████ ██████████ Kiani Decl. ¶ 7 (same); Opp. 10-15. |
| **3.** Whether Plaintiffs spent more than | Diab Decl. ¶¶ 30-31 (██████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

51

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Disputed Fact | Evidence |
|---|---|
| negligible resources in developing alleged ████████████ | ███████████████████<br>███████████████████<br>███████████████████<br>███████████████████<br>██████████████<br>███████████████<br>████████████████████<br>███████████████████<br>███████████████████<br>████████████ Kiani Decl. ¶ 7 (same); Madisetti Decl. ¶¶ 152, 186 (same—████████████████); Opp. 14-15. |
| **4.** Whether Plaintiffs took specific steps to protect the confidentiality of alleged ████████████ | Ex. G at 56-57 (███████████<br>████████████████████<br>███████████████████<br>██████████████<br>████████████████<br>███████████ Ex. H at 102<br>██████████████████<br>████████████████████<br>███████████████<br>██████████████████<br>████████████████████<br>███████████████ |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

52   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Disputed Fact | Evidence |
|---|---|
| | ███████████████████. at 105 ██████████████████ ████████████████████████ ███████████████████ █████████████████ Ex. F at 103 ████████████ ████████████████████████ ██████; Ex. D at 125 ██████ ████████████████████████ ████████████████████ █████████████████████████ ████████████████████ ████████████████████ █████████ Opp. 15-17. |
| **5.** Whether Marcelo Lamego improperly provided Apple with alleged ██████████████████ | *See* Ex. P ¶ 317 (collecting citations); Opp. 17-19. |
| **6.** Whether Apple knew or had reason to know that Lamego (1) acquired alleged █████████████████ through improper means or (2) owed a duty to Plaintiffs to maintain the secrecy or limit the use of the information in alleged ██████ | Ex. S (███████████████ ████████████████████ ████████████████████████ ████████████████ █████████████████ ████████████████████ Ex. Q |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

53          CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Disputed Fact | Evidence |
|---|---|
| ███████████ | ██████████████  ████████████████  ████████████████  ██████████████ Ex. R (████████████).  Opp. 17-20. |
| **7.** Whether Plaintiffs drafted alleged ███████████████████ by simply copying the ████████ | Ex. D at 42 (██████████  ████████████████; *id*. at 98 ████  █████████████  ████████████████  █████████████ Ex. H at 102  █████████████  ████████████████  ███████████  █████████████  ████████████████  █████████████  ████████ *id*. at 104-105 ████████████  ██████████████  ████████████████ |

Apple's Genuine Disputes Of Material Fact ISO Its Opposition To Plaintiffs' Mot. For Partial S.J.

54    Case No. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| Disputed Fact | Evidence |
|---|---|
| | ██████████████████ <br> ████ *see* Opp. 20-21. |
| **8.** Whether Plaintiffs have suffered any negative consequences from Apple's purported acquisition and disclosure of alleged ████████ ████████ | Ex. J at 135-137 (████████ <br> ██████████████ <br> ███████████████ <br> ███████████████ <br> ██████████████ <br> █████ Kiani Decl. ¶ 8 (████████ <br> █████████████████ <br> ████████████████ <br> ██████████████ <br> ███████████████ <br> ██████████████ <br> █████████████████ <br> █████████████████ <br> ██████████████ <br> ██████ Opp. 20-21. |

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

55

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Dated:  January 12, 2023          Respectfully submitted,


                                  MARK D. SELWYN
                                  AMY K. WIGMORE
                                  JOSHUA H. LERNER
                                  SARAH R. FRAZIER
                                  NORA Q.E. PASSAMANECK
                                  THOMAS G. SPRANKLING
                                  WILMER CUTLER PICKERING HALE AND
                                  DORR LLP

                                  BRIAN A. ROSENTHAL
                                  GIBSON, DUNN & CRUTCHER LLP

                                  KENNETH G. PARKER
                                  HAYNES AND BOONE, LLP


                                  By:  */s/ Mark D. Selwyn*
                                       Mark D. Selwyn


                                  *Attorneys for Defendant Apple Inc.*

APPLE'S GENUINE DISPUTES OF MATERIAL FACT ISO ITS OPPOSITION TO PLAINTIFFS' MOT. FOR PARTIAL S.J.

56          CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP