MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>    Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: Feb. 6, 2023<br>Time: 1:30pm<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
CASE NO. 8:20-cv-00048-JVS (JDEx)

1  SARAH R. FRAZIER, *pro hac vice*
     sarah.frazier@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  60 State Street
   Boston, MA 02109
4  Tel.: 617.526.6000 / Fax: 617.526.5000

5  NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
6  WILMER CUTLER PICKERING
     HALE AND DORR LLP
7  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
8  Tel.: 720.274.3152 / Fax: 720.273.3133

9  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
11 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539

12
13 KENNETH G. PARKER, SBN 182911
     Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
14 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
15 Tel.: 650.949.3014 / Fax: 949.202.3001

16
17
18
19
20
21
22
23
24
25
26
27
28

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Pursuant to FRCP 56 and Local Rules 7-7 and 56-3, Defendant Apple Inc. ("Apple") submits the following objections to evidence submitted by Plaintiffs in support of their Motion for Partial Summary Judgment. *See generally* Dkt. 1085. Apple's objections focus only on the evidence cited in Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), as it is improper for Plaintiffs to rely on evidence outside of the four corners of their SUF in support of their Motion. *See, e.g.*, *Lushe v. Verengo, Inc.*, 2014 WL 5794627, at *3 & n.2 (C.D. Cal. Oct. 22, 2014) ("Presenting all material facts in the []SUF is important: it safeguards against obfuscation and overreaching by the moving party … and ensures that the facts are parsed out reasonably and presented in a format the opposing party and the Court can easily examine."). Apple therefore objects to all Exhibits, Declaration testimony, and any other evidence submitted that Plaintiffs do not expressly cite in their SUF.

"In examining whether summary judgment is appropriate," courts "'consider only alleged facts that would be admissible in evidence.'" *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012); *see also Hermosillo v. County of Orange*, 562 F. Supp. 3d 802, 810 (C.D. Cal. Sept. 29, 2021) (Selna, J.) ("Evidence presented at summary judgment must be admissible and have a proper foundation[.]"). Much of the evidence that Plaintiffs submitted in support of their Motion is inadmissible and, accordingly "cannot aid" Plaintiffs. *Rosa*, 684 F.3d at 948. The deficient evidence falls into four categories: (1) hearsay evidence, (2) irrelevant evidence, (3) statements made in declarations where the declarant lacks personal knowledge, and (4) statements made in declarations that rely on facts or theories that were not timely disclosed. Specific objections follow:

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
| Plaintiffs' Exhibit 2 and Kiani Decl. | FRE 802 (Hearsay). In SUF No. 33, |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
1   CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
| ¶ 14 (quoting Exhibit 2). | Plaintiffs rely on Lamego's statement that ███████████████ ███████████████ ██████ for the truth of the matter asserted. |
| Plaintiffs' Exhibit 28 | FRE 802 (Hearsay).  In SUF No. 35, Plaintiffs rely on this email to support their factual assertion that Lamego ███████████████ ███████████████ ███████████████ ███████████████ |
| Plaintiffs' Exhibit 29 | FRE 802 (Hearsay); FRE 602 (Foundation).  In SUF No. 36, Plaintiffs rely on O'Reilly's statement that ███████████████ ███████████████ ███████████████ ███████████████ ██████ for the truth of the matter asserted.  There is no evidence O'Reilly had sufficient knowledge of the relevant technical issues to provide proper foundation for such a statement |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
2    CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | or to make it a statement of a party opponent. |
| Kiani Decl. ¶ 8 | <u>FRCP 37(c)(1) (Untimely Disclosure)</u>. In SUF No. 3, Plaintiffs rely on a paragraph that includes Kiani's assertion about the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮  As explained in Apple's pending Motion to Strike, this assertion should be struck because it was not timely disclosed. *See* Dkt. 1124-1 at 20-22. |
| Kiani Decl. ¶ 20 | <u>FRE 802 (Hearsay)</u>.  In SUF No. 32, Plaintiffs appear to rely on O'Reilly's purported statements to Kiani while O'Reilly was an employee of Plaintiffs—i.e., that ▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮ |

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
CASE NO. 8:20-cv-00048-JVS (JDEx)
3

Wilmer Cutler Pickering Hale and Dorr LLP

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | O'Reilly—for the truth of the matter asserted. |
| Kiani Decl. ¶ 21 | FRE 402 (Irrelevant). In SUF No. 31, Plaintiffs rely on this paragraph—which states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is irrelevant because (beyond Lamego and O'Reilly) Plaintiffs have not alleged that any other former employee was involved in the purported misappropriation. |
| Hammarth Decl. ¶¶ 22-28 | FRE 402 (Irrelevant). In SUF Nos. 6, 7, and 11, Plaintiffs rely on some or all of these passages of Hammarth's declaration to show that Plaintiffs purportedly take reasonable efforts to protect their alleged secrets. However, Cercacor's *current* policies do not establish whether Plaintiffs took reasonable efforts during the time |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
4      CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | that Lamego was employed by Plaintiffs. |
| Miller Decl. ¶¶ 7-10 | <u>FRE 402 (Irrelevant).</u>  In SUF Nos. 10 and 12, Plaintiffs rely on some or all of these passages of Miller's declaration to show that Plaintiffs take purportedly reasonable efforts to protect their alleged secrets. However, Masimo Corp.'s *current* policies do not establish whether Plaintiffs took reasonable efforts during the time that Lamego was employed by Plaintiffs. |
| Muhsin Decl. ¶¶ 4-7, 9-11 | <u>FRE 402 (Irrelevant).</u>  In SUF Nos. 6-8, and 11, Plaintiffs rely on some or all of these passages from Muhsin's declaration to show that Plaintiffs take purportedly reasonable efforts to protect their alleged secrets. However, Masimo Corp.'s *current* policies (or policies that were enacted after Lamego began his employment) do not establish whether Plaintiffs took reasonable efforts during the |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
5   CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | whole time that Lamego was employed by Plaintiffs. |
| Poeze Declaration ¶¶ 3, 14-20. | <u>FRCP 37(c)(1) (Untimely Disclosure)</u> In SUF Nos. 23, 26, 27, and 49, Plaintiffs rely on some or all of these passages to show their development and use—and to demonstrate misappropriation—of purported ▊ Trade Secret Nos. 9-15. However, as explained in Apple's motion to strike, these paragraphs all contain late-disclosed facts or arguments and should thus be struck. Dkt. 1124-1 at 18-20. |
| Madisetti Decl. ¶¶ 47-52 | <u>FRCP 56(c)(4), Local Rule 7-7 (Declaration with Lack of Personal Knowledge); FRE 602 (Foundation).</u> In SUF No. 25, Plaintiffs rely on these paragraphs from Madisetti's declaration to assert that ▊▊▊▊▊▊ |

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
6   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | ▮▮▮—he necessarily lacks personal knowledge. FRE 802 (Hearsay).  Paragraphs 50-51 quote an email from Lamego to Kiani while both were employed at Plaintiffs regarding ▮▮▮ for the truth of the matter asserted. |
| Madisetti Decl. ¶¶ 62-65, 67, 70, 72-87 | FRCP 37(c)(1) (Untimely Disclosure). In SUF No. 27, Plaintiffs rely on these paragraphs to show that Lamego learned of ▮▮▮  However, as explained in Apple's Motion to Strike, these paragraphs all contain late-disclosed facts or opinions and should thus be struck.  Dkt. 1124-1 at 13-17. Sham Affidavit Doctrine (*Yeager v. Bolwin*, 693 F.3d 1076, 1080 (9th Cir. 2012): These paragraphs include additional opinions and evidence |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
7
CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | beyond what was relied on in Madisetti's reports served before the close of expert discovery, in direct conflict with Madisetti's deposition testimony that his reports contained all his opinions and the evidence he intended to present. Ex. J at 10:17-11:3; *see also* Dkt. 1124-10 (chart comparing Madisetti's declaration to Madisetti's reports). <br><br> <u>FRCP 56(c)(4), Local Rule 7-7 (Declaration with Lack of Personal Knowledge); FRE 602 (Foundation).</u> Paragraph 83 states Madisetti's ███ but does not provide any explanation for why he would have personal knowledge of that information. <br><br> <u>FRE 802 (Hearsay).</u> Paragraph 88 quotes emails between Plaintiffs' employees regarding ███ |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
8                CASE NO. 8:20-cv-00048-JVS (JDEx)

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | ██████████████████ ████████ |
| Madisetti Decl. ¶¶ 118-127 | <u>FRCP 37(c)(1) (Untimely Disclosure)</u>. In SUF No. 49, Plaintiffs rely on these paragraphs to establish that Apple disclosed ██████████████████ ████████████  However, as explained in Apple's Motion to Strike, these paragraphs all contain late-disclosed facts or opinions and should thus be struck.  Dkt. 1124-1 at 13-17.<br><br><u>Sham Affidavit Doctrine</u> (*Yeager v. Bolwin*, 693 F.3d 1076, 1080 (9th Cir. 2012): These paragraphs include additional opinions and evidence beyond what was relied on in Madisetti's reports served before the close of expert discovery, in direct conflict with Madisetti's deposition testimony that his reports contained all his opinions and the evidence he intended to present.  Ex. J at 10:17-11:3; *see also* Dkt. 1124-10 (chart comparing Madisetti's declaration to |

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
9   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

| Exhibit and/or Declaration Paragraph(s) | Objection(s) |
|---|---|
|  | Madisetti's reports). |

Dated: January 12, 2023

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOT. FOR PARTIAL S.J.
10          CASE NO. 8:20-cv-00048-JVS (JDEx)