Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OPPOSITION TO APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' TRADE SECRET CLAIM AND PLAINTIFFS' LOST PROFITS DAMAGES THEORY** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal Memorandum in Support of Plaintiffs' Opposition to Apple's Motion for Partial Summary Judgment on Plaintiffs' Trade Secret Claim and Plaintiffs' Lost Profits Damages Theory ("Opposition"). Masimo has provided a proposed redacted version of its Opposition as well as Masimo's Statement of Disputed Facts in Support of Its Opposition ("SDF"). Masimo requests the Court seal the redacted portions of the Opposition, the SDF, and Exhibits A-O, Q-S, U-QQ, SS, UU-GGG, III-CCCC, EEEE, GGGG-AAAAA attached to the Daniel P. Hughes Declaration.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple and Masimo consider confidential.

Exs. A-C, F-G, I, K, O, Q, U-V, EE-FF, HH-QQ, SS, UU-XX, ZZ-GGG, III-JJJ, OOO, XXX-YYY, EEEE, and GGGG-ZZZZ are confidential internal Masimo

-1-

documents produced in this case, designated as Highly Confidential – Attorneys' Eyes Only. Loebbaka Decl. ¶5. Masimo keeps these documents confidential as they reveal the internal confidential business information of Masimo, including Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.*

Exs. J, L, and M are documents as part of Masimo's Motion For Partial Summary Judgment with this case. *Id.* ¶6. All three documents discuss Masimo's trade secrets. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exs. E, H, S, W, GG, YY, QQQ, TTT, AAAAA are depositions of current or former Masimo employees in this case, designated as Highly Confidential – Attorneys' Eyes Only. *Id.* ¶7. These depositions discuss the internal confidential business information of Masimo, including Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exs. D, R, X-Z, BB-DD, MMM, NNN, SSS, and PPP are the expert reports, expert disclosures, and depositions of the experts in this matter. *Id.* ¶8. These documents discuss the internal confidential business information of Masimo, including Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exs. N, LLL, RRR, UUU-WWW, ZZZ-AAAA, and CCCC are documents produced by Apple in this matter. *Id.* ¶9. Ex. AA is a deposition of an Apple witness in this matter. *Id.* Apple has designated these documents as Highly Confidential –

Attorneys' Eyes Only. *Id.* Masimo requests the court seal these documents based on Apple's representation that these documents are confidential.

Ex. BBBB is an email from Adam B. Powell, counsel for Masimo, to counsel for Apple, dated September 23, 2022 that discusses Masimo's trade secrets. *Id.* ¶10. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

The proposed redacted portions of the Opposition and SDF discuss the aforementioned Exhibits and should also be sealed for the same reasons. *Id.* ¶11.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portion of Masimo's Opposition, SDF, and Exhibits A-O, Q-S, U-QQ, SS, UU-GGG, III-CCCC, EEEE, GGGG-AAAAA attached to the Declaration of Daniel P. Hughes.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 12, 2023

By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56841262