Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO STRIKE DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding the Memorandum in Support of Plaintiffs' Opposition to Apple's Motion to Strike Declarations Supporting Plaintiffs' Motion for Summary Judgment ("Opposition"). Masimo has provided a proposed redacted version of its Opposition. Masimo requests the Court seal the redacted portions of the Opposition, and Exhibits A-B and D-L attached to the Declaration of Kendall M. Loebbaka.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple and/or Masimo consider confidential.

Ex. A is the lab notebook of Jereon Poeze produced by Masimo in this case. Hughes Decl. ¶5. Ex. E. is Masimo's Plaintiffs' Eighth Supplemental Response to Apple Inc.'s Interrogatory No. 26, dated September 29, 2022. *Id.* Ex. G is the Errata to the September 23, 2022 Expert Report of Vijay K. Madisetti, Ph.D., dated September 30,

2022. *Id.* Ex. H is a chart comparing Dr. Madisetti's Opening Expert Report to Dr. Madisetti's summary judgment declaration. These exhibits discuss internal confidential business information of Masimo, including Masimo's trade secrets and confidential product designs. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.*

Ex. L is the deposition transcript of the deposition of Joseph E. Kiani. *Id.* ¶ 6. Ex. J is the Direct Testimony of Joseph E. Kiani from *Masimo Corp. v. True Wearables, Inc.*, No. 8:18-CV-02001-JVS-JDE, dated February 23, 2022. *Id.* Both of these exhibits discuss the internal confidential business information of Masimo, including Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exs. B, F, I, and K are correspondence between counsel for Masimo and Counsel for Apple. *Id.* ¶ 7. This correspondence discusses the confidential information of both parties. For example, Exs. B, F, I, and K discuss confidential information related to Masimo's employees, personal information about both parties' experts, and confidential information related to Masimo's trade secrets. *Id.* Masimo would be harmed if this information was released. *Id.*

Ex. D is Apple's Supplemental Objections and Response to Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s Eighth Set of Interrogatories to Defendant Apple Inc. *Id.* ¶ 8. Apple has designated this response as "Highly Confidential – Attorneys' Eyes Only." *Id.* Masimo respectfully requests the Court seal this document based on Apple's representation.

Masimo's Opposition cites and discusses the above referenced exhibits. *Id.* ¶9. Thus Masimo requests that the Court seal Masimo's Opposition for the reasons discussed above.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portion of Masimo's Opposition and Exhibits A-B and D-L attached to the Declaration of Kendall M. Loebbaka.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2023

By: */s/ Daniel P. Hughes*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Baraa Kahf
    Adam B. Powell
    Daniel P. Hughes
    Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56961942