Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO STRIKE DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: Feb. 6, 2023<br>Time: 1:30 pm<br>Place: Courtroom 10C |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

I.    INTRODUCTION ........................................................................................... 1

II.   ARGUMENT ................................................................................................. 1

      A.   The Court Should Not Strike Portions Of The 2022 Poeze
           Declaration .................................................................................... 1

           1.   Masimo Disclosed The Allegedly "New" Pages From
                Poeze's Notebook ................................................................ 2

           2.   Masimo Disclosed That ███████████████ ................ 4

           3.   Poeze's Declaration In Support Of Summary Judgment
                Is Proper ............................................................................... 6

           4.   Apple Suffered No Harm ...................................................... 6

      B.   The Court Should Not Strike Portions Of The Madisetti
           Declaration .................................................................................... 7

           1.   None of Dr. Madisetti's Opinions Are New ........................ 8

           2.   Madisetti's Analysis Has Remained Substantively The
                Same ...................................................................................... 9

                a.   The Majority Of The Allegedly New Material
                     Appears Verbatim In Madisetti's Report ................... 9

                b.   Apple's Specific Criticisms Are Unfounded ............ 12

           3.   Expert Declarations Are Appropriate For Summary
                Judgment ............................................................................. 14

           4.   Apple's Cases Are Distinguishable .................................... 15

           5.   Apple Suffered No Harm .................................................... 16

      C.   The Court Should Not Strike Portions Of The Kiani
           Declaration .................................................................................. 17

           1.   Masimo's Disclosures Encompass Kiani's Observed
                Harm .................................................................................... 17

           2.   Kiani's Testimony Is Not Subject To Rule 26(a)(2) .......... 19

           3.   Apple Suffered No Harm .................................................... 20

      D.   Apple Is Not Entitled to Attorney's Fees or Costs ...................... 21

# TABLE OF CONTENTS
### (*cont'd*)

**Page No.**

III. CONCLUSION ................................................................................................ 21

1

# TABLE OF AUTHORITIES

2

**Page No.**

3

4

*Abu-Eid v. Discover Prod., Inc.,*
5
    589 F. Supp. 3d 555 (E.D. Va. 2022) ......................................................2, 6, 18, 20

6

*BioCell Tech. LLC v. Arthro-7,*
    2013 WL 12131282 (C.D. Cal. Apr. 16, 2013) ...................................................14
7

8

*Brainard v. Am. Skandia Life Assur. Corp.,*
    432 F.3d 655 (6th Cir. 2005) ...............................................................................7
9

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.,*
10
    769 F.Supp.2d 269 (S.D.N.Y. 2011) ...................................................................16

11

*Essex Ins. Co. v. Interstate Fire & Safety Equip. Co.,*
12
    263 F.R.D. 72 (D. Conn. 2009) ...........................................................................18

13

*Hilt v. SFC Inc.,*
14
    170 F.R.D. 182 (D. Kan. 1997) ...........................................................................18

15

*Hochstein v. Microsoft Corp.,*
16
    2006 WL 8066573 (E.D. Mich. Oct. 13, 2006) .................................................15

17

*In re Katz Interactive Call Processing Pat. Litig.,*
18
    2010 WL 8759134 (C.D. Cal. June 10, 2010) ...................................................15

19

*Kewanee Oil Co. v. Bicrol Corp.,*
    416 U.S. 470 (1974)...............................................................................................17
20

21

*Lucent Techs., Inc. v. Gateway, Inc,*
    2007 U.S. Dist. LEXIS 36246 (S.D. Cal. May 16, 2007) ........................7, 9, 12, 13
22

23

*Luke v. Emergency Rooms, P.S.,*
    2008 WL 410672 (W.D. Wash. Feb. 12, 2008) .............................................14, 15

24

*Magna Elecs., Inc. v. TRW Auto. Holdings Corp.,*
25
    2015 WL 11395461 (W.D. Mich. May 1, 2015)............................................3, 6, 20

26

*MasterObjects, Inc. v. Meta Platforms, Inc.,*
    2022 WL 4856269 (N.D. Cal. Oct. 3, 2022) ...................................................*passim*
27

28

# TABLE OF CONTENTS
## (*cont'd*)

Page No.

*Shahbaz v. Johnson & Johnson*,
  2020 WL 5894590 (C.D. Cal. July 31, 2020) .......................................................15

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
  495 F. Supp. 2d 1066 (S.D. Cal. 2007) (vacated in part on other grounds) ..........................................................................................................7

*Skerce v. Torgeson Elec. Co.*,
  2019 WL 8017822 (D. Kan. Aug. 9, 2019).................................................3, 6, 20

*Soria v. Oxnard Sch. Dist. Bd. of Trs.*,
  488 F.2d 579 (9th Cir. 1973) ...............................................................................18

*The N. Face Apparel Corp. v. Dahan*,
  2014 WL 12558010 (C.D. Cal. Oct. 6, 2014) ......................................................19

*U.S. v. Dunkel*,
  927 F.2d 955 (7th Cir. 1991) ...............................................................................14

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
  796 F. Supp. 2d 1025 (N.D. Cal. 2011).....................................................7, 14, 16

*Windeler v. Cambria Cmty. Servs. Dist.*,
  2021 WL 5411887 (C.D. Cal. Oct. 19, 2021) ......................................................15

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008)....................................................................................................6

## OTHER AUTHORITIES

Fed. R. Civ. P. 26....................................................................................14, 16, 19, 20

Fed. R. Civ. P. 30.................................................................................................................1

Fed. R. Civ. P. 33.................................................................................................................4

Fed. R. Civ. P. 56.................................................................................................................6

Federal Rule of Evidence 701..........................................................................................19

# TABLE OF CONTENTS
## (*cont'd*)

Page No.

Federal Rule of Evidence 702..................................................................19

Federal Rule of Evidence 703..................................................................19

Federal Rule of Evidence 705..................................................................19

# I.  <u>INTRODUCTION</u>

Rather than confront the merits of Masimo's motion for summary judgment, Apple seeks to defeat the motion on procedural grounds by striking portions of Masimo's declarations.  Apple argues the declarations from Jeroen Poeze, Vijay Madisetti, and Joe Kiani offer new evidence and opinions.  But Masimo disclosed all of what Apple claims is "new."  Apple appears to suggest that summary judgment declarations must copy verbatim from prior declarations, expert reports, and interrogatory responses.  Apple cites no authority for that proposition.

Masimo has been forthcoming with its facts.  Masimo produced millions of pages of documents, provided more than a dozen witnesses for depositions, provided hundreds of pages of interrogatory responses, and designated multiple witnesses to provide testimony on over 70 Rule 30(b)(6) deposition topics.  Apple appears to have adopted a strategy of seeking to ***avoid*** learning facts so that it can claim it has a basis to exclude evidence later.  For example, Apple chose not to depose Poeze despite Masimo's reliance upon Poeze to support its preliminary injunction motion.  When Apple deposed Kiani, it chose to avoid presenting Kiani with Masimo documents and asked few factual questions.  Apple then chose not to take a second deposition of Kiani after arguing to the Court that Masimo deprived Apple of discovery from Kiani.  The Court should not allow Apple to stick its head in the sand during discovery and then strike facts that it refused to explore.

# II.  <u>ARGUMENT</u>

## A.    <u>The Court Should Not Strike Portions Of The 2022 Poeze Declaration</u>

Apple alleges the Poeze Declaration filed in 2022 in support of Masimo's motion for summary judgment includes two new facts: (1) particular excerpts from Poeze's ███████████ notebook entry and (2) ███████████████████████  Neither fact is new to Apple.

1. **Masimo Disclosed The Allegedly "New" Pages From Poeze's Notebook**

Apple alleges the 2022 Poeze Declaration includes new "excerpts from Mr. Poeze's lab notebook" not identified in the 2020 Poeze Declaration or Masimo's interrogatory responses.  Mot. at 11.  Apple seeks to strike Paragraphs 14-20, which explain screenshots of a four-page ███████ notebook entry.  *Id.*

Apple omits that the original 2020 Poeze Declaration identified and explained this exact entry:



Ex. 3, 2020 Poeze Decl., ¶14.[1]  Poeze's 2022 Declaration merely reproduced images from two pages of the ███████ entry that he explained in his original 2020 declaration.  *Compare* Ex. A at -933-936 ███████ entry) *and* Ex. 3, 2020 Poeze Decl., ¶14 *with* Dkt. 1098-11, 2022 Poeze Decl., ¶¶14-20.  Thus, Poeze identified the same entry over two years ago.  He also described these pages.  Ex. 3, 2020 Poeze Decl., ¶14. ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████

While the 2022 Poeze Declaration contains no new facts, Apple was free to depose Poeze about the ███████ entry or anything else in his notebook.  Apple chose not to, which provides an additional reason to deny Apple's motion.  *See MasterObjects, Inc. v. Meta Platforms, Inc.*, 2022 WL 4856269, at *5 (N.D. Cal. Oct. 3, 2022) (denying

---

[1] Unless noted otherwise, numbered exhibits are attached to the Passamaneck Declaration and lettered exhibits are attached to the Loebbaka Declaration.  All emphasis in quotations is added unless noted otherwise.

motion to strike expert report theories that expanded contentions where the movant had "free rein" to ask deposition questions); *Abu-Eid v. Discover Prod., Inc.*, 589 F. Supp. 3d 555, 561-62 (E.D. Va. 2022) (declining to strike declaration in support of motion for summary judgment because the "Plaintiff's failure to explore [the witness's] testimony via deposition cannot serve as a basis to preclude [the Defendant] from relying on [the witness's] declaration at this time."); *Skerce v. Torgeson Elec. Co.*, 2019 WL 8017822, at *2 (D. Kan. Aug. 9, 2019) (declining to strike declaration in support of motion for summary judgment where "Plaintiff had ample opportunity to explore the substance of [the witness's] testimony during discovery and his depositions."); *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, 2015 WL 11395461, at *3 (W.D. Mich. May 1, 2015) (declining to strike witness because there was no surprise or prejudice because the opposing party knew that witness "could have information relevant to the case").

Apple attempts to blame Masimo for Apple's decision not to pursue discovery on the facts. Mot. at 4. In particular, Apple argues Masimo did not identify Poeze as a trial witness in a July 2022 exchange. Mot. at 4. But Apple omits critical information about that exchange. To facilitate depositions, the parties exchanged lists of witnesses that— at the time—they anticipated calling at trial *or* not calling at trial. Ex. B at 1-2, 4-5. The parties agreed the disclosure was "for convenience and *scheduling purposes only* and will *not be used by either party to exclude witnesses or evidence*." *Id.* at 1. Apple has now twice attempted to use the disclosure to seek to exclude evidence. *See* Dkt. 956-1.

Apple also omits that Masimo did not identify Poeze on its list of witnesses that Masimo did *not* intend to call at trial. *See* Ex. B at 1-2. Poeze remained a "maybe" witness that Masimo would call if needed.

Further, the parties explained that their lists were "subject to change" and were "without prejudice to either party later identifying additional witnesses." *Id.* at 1, 3. The parties agreed that, if a party wants to call a witness the other side did not depose and that witness was not included on the preliminary "intend to call" list, the offering party would make that witness available for a deposition. *Id.* at 1; Ex. 6 at 1. Apple waited

1    three weeks after Masimo filed the 2022 Poeze Declaration to request, in a footnote of

2    its brief, that the Court order a deposition of Poeze before the February 6 hearing.  Mot.

3    at 20 n.4.    Apple's posturing is unnecessary because Masimo never refused any

4    deposition request.  Apple knew that, under the parties' agreement, all it had to do was

5    ask.  Indeed, once Masimo saw Apple's brief, Masimo provided dates on which Apple

6    could depose Poeze.  Ex. C.  Apple has agreed to depose Poeze on January 24, 2023.

7    Ex. M.

8           Finally, Apple appears to suggest that Poeze's declaration—and trial testimony—

9    must quote verbatim from his 2020 Declaration or Masimo's interrogatory responses.

10   Not surprisingly, Apple offers no case suggesting that trial or summary judgment

11   testimony must quote prior testimony or interrogatory responses.  Apple must recognize

12   that interrogatory responses need not provide the equivalent of trial testimony because

13   Apple relied upon Rule 33(d) to decline to explain documents in response to Masimo's

14   interrogatories.  *See, e.g.*, Ex. D at 4-5, 7-8.  Under Apple's rule, Apple would not be

15   permitted to offer any explanation of its Rule 33(d) documents at trial.

16          **2.**      **Masimo Disclosed That** ████████████████████████

17          Apple next argues the 2022 Poeze Declaration newly discloses that ███████████

18   ████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████

20   ████████████████████████████

21          ██████████████████████████████████████████████████

22          ██████████████████████████████████████████████████

23          ██████████████████████████████████████████████████

24          ██████████████████████████████████████████████████

25          ██████████████████████████████████████████████████

26          ██████████████████████████████████████████████████

27   Dkt. 1098-11, 2022 Poeze Decl., ¶3.

28          As  an  initial  matter,  Paragraph  3  addresses  subject  matter  that  Masimo

-4-

indisputably disclosed. ██████████████████████████

████████████████████████████████████████████ Ex. 3,

2020 Poeze Decl., ¶6.  Thus, Apple's attempt to leverage the use of a single name,

███████, to strike the entire Paragraph 3 is frivolous.

   Apple is also wrong that ████████████████ is newly disclosed. ████████



█████████████████████████████████████████████████████████

██████████████████████████████████████ Apple's argument

about ████████ is baseless.

### 3. Poeze's Declaration In Support Of Summary Judgment Is Proper

Apple suggests that Masimo had to support its summary judgment motion with the same Poeze declaration from its motion for preliminary injunction. Mot. at 18. Apple cites no authority to suggest a party must rely on prior declarations rather than declarations specifically tailored to particular motions.

Masimo submitted the 2020 Poeze Declaration in support of its motion for preliminary injunction. Masimo based that motion on a single trade secret (D-9).[2] *See* Dkt. 116 at 7-9. Masimo now moves for summary judgment on multiple trade secrets (D-9 through D-15). *See* Dkt. 1085-1 at 1. Additionally, the standard for preliminary injunctions is different than the standard for summary judgment. On its motion for preliminary injunction, Masimo bore the burden to show it was likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On its motion for summary judgment, Masimo must establish that no genuine dispute of material fact exists and that Masimo is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). These standards are different, with a higher burden proof for summary judgment. Thus, a different declaration is appropriate.

### 4. Apple Suffered No Harm

Apple alleges it was harmed because Apple was deprived of the opportunity to test the allegedly "new" facts disclosed in the 2022 Poeze Declaration. Mot. at 19-20. But as explained above, Masimo long ago disclosed the information that Apple alleges is "new." Apple declined to depose Poeze during fact discovery. Apple suffered no harm because it knew Poeze had relevant information from the beginning of this case

---

[2] The "D" trade secrets referenced here are the same ████████████████ ████████████████████ trade secrets referenced in the parties' co-pending motions (e.g., "D-9" is "D&D-9"). Masimo uses "D" here to match Madisetti's terminology.

and chose not to depose him. *Magna Elecs.*, 2015 WL 11395461, at \*3; *MasterObjects*, 2022 WL 4856269, at \*5; *Abu-Eid*, 589 F. Supp. 3d at 561-62; *Skerce*, 2019 WL 8017822, at \*2.

Further, Apple will now have another chance to depose Poeze.  Once Apple requested the deposition in its brief, Masimo offered the deposition.  Ex. M.  Apple accepted Masimo's offer and will depose Poeze on January 24, 2023.  *Id.*

**B.    The Court Should Not Strike Portions Of The Madisetti Declaration**

Apple claims the Madisetti Declaration (Dkt. 1085-9) "offers opinions never previously disclosed in Dr. Madisetti's opening or rebuttal reports." Mot. at 9.  As with the 2022 Poeze Declaration, Apple's complaint appears to be that Madisetti did not copy verbatim from his expert report.  Apple cites no authority suggesting that is required.

Indeed, a summary judgment expert declaration need not "rigidly adhere to his or her original formulation" stated in the report because "the positions of the parties and their experts necessarily evolve somewhat as each attempts to respond to the arguments of the other." *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1040 (N.D. Cal. 2011).  An expert can provide a summary judgment declaration that is "much more detailed" than an expert report as long as "the declaration does not offer new opinions on [an issue]; it only elaborates on opinions previously expressed." *Lucent Techs., Inc. v. Gateway, Inc*, 2007 U.S. Dist. LEXIS 36246, at \*15 (S.D. Cal. May 16, 2007); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1066, 1074-76 (S.D. Cal. 2007) (expert report "is not required to recite each minute fact or piece of scientific information that might be elicited on direct examination") (vacated in part on other grounds).  Courts decline to strike summary judgment declarations unless the declaration is "substantially different" from the expert's earlier report. *See Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 663 (6th Cir. 2005) (internal citations omitted) (striking a declaration as "substantially different" because it relied on new evidence).

Here, none of Madisetti's opinions are new and Madisetti relies on the same

evidence.   What Apple claims are new *opinions* are actually *analysis* supporting Madisetti's original opinions.  This supposedly new analysis appears verbatim or almost verbatim in Madisetti's expert report.

        **1.**     **None of Dr. Madisetti's Opinions Are New**

      Apple argues that the Madisetti Declaration "offers opinions never previously disclosed in Dr. Madisetti's opening or rebuttal reports."  Mot. at 9.

Setting aside the trivial nature of such a change, the below table shows that

Madisetti provided the same opinion that Apple claims is "new"—verbatim—in his expert report.

| Allegedly "New" Madisetti Declaration | Original Madisetti Report |
|---|---|
| ███████████████████████ | ███████████████████████ |

*Compare* Dkt. 1085-9 ("Madisetti Decl."), ¶112 *with* Ex. 10, ¶163.

### 2.   Madisetti's Analysis Remained Substantively The Same

Though Apple alleges Madisetti's opinions are "new," Apple's real complaint appears to be that Madisetti's **analysis** is new because his declaration does not copy his report verbatim.  But the majority of the supposedly new analysis is verbatim in the report.  Even the small portions that are not verbatim are proper because they simply "elaborate[] on opinions previously expressed." *Lucent Techs.,* 2007 U.S. Dist. LEXIS 36246, at *15.

### a.   The Majority Of The Allegedly New Material Appears Verbatim In Madisetti's Report

Apple admits the majority of what it claims is "new" appears verbatim in Madisetti's report. In Exhibit 12, Apple highlighted in yellow material that Apple claims is "new." But, Apple recognizes that this material was disclosed verbatim in Madisetti's discussion of Masimo's related trade secrets D-1, D-3, and D-8. Ex. 12. Apple argues in **footnotes** to an **exhibit** (not its brief) that Madisetti's discussion of Masimo's trade secrets D-1, D-3, and D-8 "failed to put Apple on notice of Plaintiffs' evidence and arguments with respect to" D-9 and D-10. *Id.* at 1-2, 6, 12-14, 17, 26-27. Regardless, Madisetti's report specifically incorporated its discussions of D-1, D-3, and D-8 into its discussion of D-9 and D-10.

First, Madisetti incorporated his analysis of how Masimo possessed trade secrets D-1, D-3, and D-8 into his analysis on D-9 and D-10. ████████████████

[REDACTED]

Second, Madisetti again incorporated his analysis of how Apple misappropriated D-1, D-3, and D-8 into his opinions on D-9 and D-10 in an errata served a few days after his report. [REDACTED]

[REDACTED] *see also* Ex. 10 ¶¶291-292, 314-315.  Apple never challenged this errata and Apple questioned Madisetti about this errata at his deposition.  *See* Ex. 13, 9:5-10:20.  Madisetti's declaration is not "substantially different" from his report.  It contains the same analysis and opinions tailored to this motion.

In its Exhibit 12, Apple uses red boxes to identify material in Madisetti's declaration that Apple claims "was not disclosed for any alleged secret in Dr. Madisetti's Opening Expert Report." Ex. 12 at 1.  But again, much of the material in these red boxes appears verbatim or almost verbatim in Madisetti's report.  For example, Apple complains that the source code cited in Madisetti Decl. ¶171 is new.  Ex. 12 at 32.  But that exact same source code appears with the exact same screen shots in Madisetti's report in his discussion of Trade Secret D-1:



*Compare* Ex. 12 at 33 (citing Madisetti Decl., ¶171) *with* Ex. 10 at 55

1    In fact, the source code screen shots in Madisetti's declaration are identical to
2    Madisetti's opening report.  The documents cited by the Madisetti Declaration are also
3    cited in Madisetti's opening report.   Apple's allegation that the declaration "cites
4    previously undisclosed source code" is false. Mot. at 9.
5    Attached to this brief as Exhibit H is a chart comparing the allegedly new portions
6    of the declaration against the identical or nearly identical disclosure in Madisetti's expert
7    report.  Exhibit H demonstrates that Madisetti's declaration contains no new opinions.
8    At most, he properly "elaborates on opinions previously expressed." *Lucent Techs*, 2007
9    U.S. Dist. LEXIS 36246, at *15.

10          **b.    Apple's Specific Criticisms Are Unfounded**

11   Though Apple's Exhibit 12 identifies 45 paragraphs as allegedly new, Apple's
12   brief points to only a few specific examples of how Madisetti's declaration allegedly
13   differs from his expert report.  As explained below, none of these alleged differences are
14   "substantially different."  Indeed, the majority of the alleged "differences" are actually
15   verbatim from Madisetti's report.
16   First, Apple complains that Madisetti newly relies on ███████████████████
17   ███████████████████████████████████████████████████████ Mot. at 9.  But
18   Madisetti explicitly referenced these same lines of code in his discussion of D-3 and then
19   incorporated that discussion by reference into his discussion of D-9. Ex. 10, ¶¶228, 278.
20   Second, Apple claims the discussion of ██████████████████████████
21   ████████████████████████████████████████████████████
22   ███████████████████████████████████████████████████████████
23   ███████████████████████████████████████████████████████████
24   ██   At most, Madisetti's declaration properly "elaborates on opinions previously
25   expressed" by including basic math for an example of ███████████████████████
26   ███████████ *See Lucent Techs.*, 2007 U.S. Dist. LEXIS 36246, at *15; Madisetti Decl.,
27   ¶65. Madisetti offered no new opinions.
28   Third, Apple claims the Madisetti Declaration newly opines that ████████████

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ██████████████████████████ Madisetti merely combined two sentences from the

7 report into one sentence in the declaration.

8     Fourth, Apple claims the Madisetti Declaration newly explains ████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████ Mot. at 10.  But Madisetti offered this

11 explanation in his opinions about D-1 and then incorporated them into D-9 with his

12 errata.  Ex. 10, ¶¶156-66, 291-292, 314-315; Ex. G.

13     Fifth, Apple argues Madisetti identifies for the first time in his declaration the

14 ████████████████████████████████████████ Mot. at 10.  All of this code

15 was identified in Madisetti's discussion of D-1, D-3, D-8, and D-9 and then identified

16 again in Madisetti's discussion of the parts of D-10.  Ex. 10, ¶¶138, 228, 280, 282-84,

17 286-87, 290, 312, 357.  None of this is new.

18     Sixth, Apple argues that the parts of the Madisetti declaration discussing Trade

19 Secrets D-11 through D-15 are new because Trade Secrets D-11 through D-15 depend

20 from D-10.  Mot. at 11.  As explained, the Madisetti declaration contains no new

21 information for D-10.  Apple raises no other arguments for D-11 through D-15.

22     Accordingly, the majority of the alleged "differences" that Apple identifies were

23 included verbatim from Madisetti's report.  Where differences exist, Madistti's

24 declaration merely "elaborates on opinions previously expressed."  *See Lucent Techs.,*

25 2007 U.S. Dist. LEXIS 36246, at *15.  This is entirely proper, particularly where Apple

26 had the ability to probe Madisetti's opinions at his two-day deposition.  *MasterObjects*,

27 2022 WL 4856269, at *5 (denying motion to strike expert report theories that expanded

28 contentions where the movant had "free rein" to ask deposition questions).  Under

Apple's theory, the expert report would need to become the trial transcript, and anything other than verbatim repetition of the words in the report would be stricken. Not surprisingly, Apple cites no authority suggesting such a rule.

### 3.   Expert Declarations Are Appropriate For Summary Judgment

Apple insinuates that Masimo provided the Madisetti declaration because Masimo knew Madisetti's report was insufficient. Mot. 6-8. Not so. Masimo provided a declaration out of an abundance of caution to satisfy its evidentiary burden because, despite the 2010 amendments to Rule 56, some courts have found expert reports are not competent evidence on summary judgment. *BioCell Tech. LLC v. Arthro-7*, 2013 WL 12131282, at *3 (C.D. Cal. Apr. 16, 2013) ("[u]nsworn expert reports prepared in compliance with Rule 26(a)(2) are not affidavits or depositions, or otherwise admissible evidence, for the purpose of ruling on a motion for summary judgment").

Moreover, Madisetti's report provided a full discussion of evidence the first time he addressed it, and then incorporated that analysis by reference when he addressed it again. Madisetti's declaration is much shorter than his expert report and focuses on the trade secrets at issue in this Motion. Accordingly, when Madisetti's declaration provides his analysis of D-9 and D-10, he includes the analysis from D-1, D-3, and D-8 (which was incorporated by reference in his report), because Masimo did not move for summary judgment on D-1, D-3, and D-8. Thus, Masimo streamlined Madisetti's declaration to make it easier to follow and more helpful to the Court. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Regardless, Madisetti would have been allowed to respond to Sarrafzadeh's criticism of his original report in the declaration. As the court in *Voltera* explained, experts are allowed to provide additional analysis for their opinions in summary judgment declarations because "the positions of the parties and their experts necessarily evolve somewhat as each attempts to respond to the arguments of the other." *Volterra*, 796 F. Supp. 2d at 1040. The Court should reject Apple's attempt to limit experts to a

verbatim recitation of their expert reports.

### 4.      **Apple's Cases Are Distinguishable**

Apple cites several cases it claims support striking the Madisetti Declaration. None support Apple's position

Apple's lead case, *Luke*, is completely different than the facts here.  In *Luke*, plaintiff's experts provided an opinion during expert discovery that elevated liver functions "could not be detected until sometime between two and four weeks" after a drug was administered.  *Luke v. Emergency Rooms, P.S.,* 2008 WL 410672, *3 (W.D. Wash. Feb. 12, 2008).  During summary judgment, the experts changed their opinions, now saying "elevated levels would have been detected ten days" after administration.  *Id.* at *4.  This new opinion was critical to whether the drug at issue could have caused injury to the Plaintiff.  *Id.*  Thus, the district court struck this new opinion.  *Id.*  Apple similarly cites *Shahbaz v. Johnson & Johnson*, 2020 WL 5894590 (C.D. Cal. July 31, 2020), but that case also involves an expert offering "previously undisclosed opinions" at summary judgment.  *Id.* at *6.

Here, Madisetti did not offer any new opinions.  At most, he offered minor additions to his analysis supporting his original opinions.  Particularly in complex intellectual property cases, experts appropriately "aid the court by elaborating on their own opinions or by rebutting an opposing expert's opinion, as long as those opinions are based upon the 'general scheme' of their previously disclosed reports." *Hochstein v. Microsoft Corp.*, 2006 WL 8066573, at *8 (E.D. Mich. Oct. 13, 2006).

Apple also relies on *In re Katz Interactive Call Processing Pat. Litig.*, 2010 WL 8759134, at *2 (C.D. Cal. June 10, 2010), but this case supports Masimo.  In *Katz,* the court ***declined*** to strike an expert declaration that provided additional detail because the expert's opinion on non-infringement did not change.  *Id.*  The court struck only the portion of the declaration that offered an entirely new opinion that a particular product did not infringe.  *Id.*

Apple's remaining cases deal with supplemental reports—not an expert declaration in support of summary judgment. *See*, *Windeler v. Cambria Cmty. Servs. Dist.*, 2021 WL 5411887 (C.D. Cal. Oct. 19, 2021), *Rojas v. Marko Zaninovich, Inc.*, 2011 WL 4375297 (E.D. Cal. Sept. 19, 2011), *Ruiz v. Walmart Inc., 2021 WL 4796960*, at *6 (C.D. Cal. Apr. 27, 2021), *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866 (C.D. Cal. Feb. 6, 2013), *Plumley v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. 2010), *Medtronic Vascular, Inc.v. Abbott Cardiovascular Sys., Inc.*, 2008 WL 4601038 (N.D. Cal. Oct. 15, 2008), and *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183 (S.D. Cal. 2020). These cases are irrelevant to the standards for striking expert declarations. Unlike supplemental reports, "to the extent that an expert affidavit is within the scope of the initial expert report, it is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F.Supp.2d 269, 270 (S.D.N.Y. 2011) (internal quotations omitted).

### 5.    <u>Apple Suffered No Harm</u>

Apple argues Madisetti's Declaration is not harmless because Masimo is attempting to "introduce new opinions." Mot. at 16. As discussed, none of the opinions are new. Apple complains that it deposed Madisetti before receiving his summary judgment declaration. *Id.* Apple had a chance to depose Madisetti on his expert report, which is not substantively different. If Apple had questions about Madisetti's analysis, Apple could have asked those questions in Madisetti's two-day deposition. *MasterObjects*, 2022 WL 4856269, at *5. Apple identifies no specific questions that it purportedly was unable to ask.

Apple also claims its experts could not respond to Madisetti's declaration. Mot. at 16. Not true. Apple's expert could have responded to Madisetti's declaration in the expert declaration Apple filed in opposition to Masimo's summary judgment. *Volterra*, 796 F. Supp. 2d at 1040. Additionally, Apple disclosed numerous new opinions for the first time in its rebuttal reports. *See* Dkt. 1121-1. Apple cannot truly believe small

1  changes in Madisetti's declaration harmed Apple when Apple disclosed entirely new

2  opinions in its rebuttal reports. *See id.*

3  **C.    The Court Should Not Strike Portions Of The Kiani Declaration**

4         Apple alleges Kiani's declaration goes "far beyond" what Masimo disclosed in

5  fact discovery and Kiani's Rule 26(a)(2)(C) Disclosure.   Mot. at 20-21.   The four

6  sentences at issue conclude paragraph eight from the Kiani Declaration:



12  Dkt. 1085-13, ¶8.  Apple alleges that Masimo did not describe its harm as including ███

13  ████████████████████████████  during discovery.  Mot. at 5.  As discussed

14  below, Apple's argument lacks merit for several reasons.

15      **1.    Masimo's Disclosures Encompass Kiani's Observed Harm**

16        Kiani's observation of harm falls within the types of harm Masimo identified in

17  interrogatory responses. ███████████████████████████████████████

18  ██████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████████

20  ██████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ██████████████████████████████████████████████████████

23  ████████████████████████████████

24        Moreover, after Masimo provided these interrogatory responses, Kiani submitted

26  ───────────────────
[3] Indeed, Kiani's observations are consistent with the Supreme Court's observations.
*See Kewanee Oil Co. v. Bicrol Corp.*, 416 U.S. 470, 481-82 (1974) (trade secrets
"encourage invention" and without trade secrets an innovator will confine ideas to
himself and "organized scientific and technological research" will "suffer").

his direct testimony in writing in *True Wearables*.   Apple demanded and Masimo produced that testimony in this case *before* Apple deposed Kiani.  Ex. K at 2.  That testimony stated:



Ex. J, ¶235.  Apple reviewed Kiani's direct testimony from *True Wearables* and used it affirmatively in this case.  Ex. I at 1 (███████████████████████████████████ ██████████████████████████).

Apple deposed Kiani in August 2022 for more than seven hours on the record. But Apple did not question Kiani about Masimo's harm or lost research opportunities. *See generally* Ex. L.  In fact, Apple did not mark a single Masimo contemporaneous document as an exhibit.  *Id.* at 5.  Instead, Apple focused on arguing with Kiani about legal contentions.  *Id.* at 122:7-144:21 (demanding Kiani identify contentions as to differences between patents and trade secrets).  The cases cited above establish Apple's "failure to explore" Kiani's testimony via deposition cannot serve as a basis to preclude Masimo from relying on Kiani's declaration. *See Abu-Eid v. Discover Prod., Inc.*, 589 F. Supp. 3d 555, 561-62 (E.D. Va. 2022).

Apple's various motions to strike imply that Apple believes Masimo must describe every fact presented at summary judgment—and trial—at the same level of detail that Masimo used in its discovery responses.  This is not the law.  Interrogatories are not intended to be "a running narrative or description of the entire case." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997).  "One important purpose of interrogatories is to obtain information necessary to use other discovery devices effectively, including

1   identifying witnesses whose depositions should be taken." *Essex Ins. Co. v. Interstate*

2   *Fire & Safety Equip. Co.*, 263 F.R.D. 72, 75 (D. Conn. 2009) (citing 7 Moore's Fed.

3   Practice ¶33.03 (3d ed. 2004)).   "In many instances depositions, rather than

4   interrogatories, will better serve the purpose of obtaining detailed facts." *Hilt*, 170

5   F.R.D. at 187 (D. Kan. 1997); *see also Soria v. Oxnard Sch. Dist. Bd. of Trs.*, 488 F.2d

6   579, 587 (9th Cir. 1973) (purpose of interrogatories is "to limit and clarify the issues for

7   the parties in preparation for further trial proceedings").

8          Witnesses do not recite discovery responses in declarations or during

9   trial.  Rather, a party discloses facts of which it is aware in interrogatory responses.

10   Witnesses then use their own words to testify and provide facts to the jury.  The Court

11   should reject Apple's attempt to impose a rule that witnesses can testify only to the same

12   words or level of detail as in a parties' interrogatory responses.

13          **2.    <u>Kiani's Testimony Is Not Subject To Rule 26(a)(2)</u>**

14          Apple claims Kiani's ████████████ testimony is an opinion that should have

15   been in an expert report under FRCP 26(a)(2)(B) and is "wholly conclusory."  Mot.

16   at 21.  Expert reports or disclosures are required for testimony under "Federal Rule of

17   Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  Kiani's statements are not

18   opinions under FRE 702 formed for the purposes of this litigation.  Instead, Kiani's

19   statements are observations made during the ordinary course of business.  To the extent

20   Kiani offered opinions, they are governed by FRE 701.  FRE 701 allows lay witnesses

21   to testify "in the form of an opinion" if it is "rationally based on the witness's

22   perception," helpful to the jury, and "not based on scientific, technical, or other

23   specialized knowledge within the scope of Rule 702."  FRE 701 testimony does not

24   require any type of expert disclosure.  *See* Fed. R. Civ. P. 26(a)(2)(A).

25          The court's discussion in *The N. Face Apparel Corp. v. Dahan*, 2014 WL

26   12558010 (C.D. Cal. Oct. 6, 2014), is instructive.  In *N. Face*, plaintiff offered employee

27   summary judgment declarations opining on whether goods were counterfeit products

28   based on the employees' work experience. *Id.* at \*12-13.  The defendant moved to strike,

1    arguing these opinions were not disclosed in a Rule 26 expert report.  *Id.* at *4 n.55.  The
2    court found that an expert report was not required because the employees offered "lay
3    opinion testimony."  *Id.* at *12; *see also id.* at *4 n.55.  The court explained that the
4    declarations were not expert testimony under FRE 702, 703, or 705.  *Id.* at *4 n.55.
5    Rather, they were lay opinion testimony under FRE 701 because the "knowledge derives
6    from their work experience."  *Id.*   Thus, an expert report or disclosure under
7    Rule 26(a)(2) was not required.  *Id.* (collecting cases).

8          Here, just as in *N. Face*, Kiani provided testimony rationally based on his
9    "perception and personal knowledge" related to his employment or work.  Indeed, Apple
10   itself recognizes that Kiani's statements are based on personal factual observations.  *See,*
11   *e.g.*, Mot. at 21 ("he now claims to have observed").  Thus, any opinion Kiani offered is
12   lay opinion testimony under FRE 701 and an expert report is not required.  Accordingly,
13   Apple's arguments about whether Kiani's statements would have been proper under
14   Rule 26(a)(2)(B) or (C) are irrelevant.

15         **3.    Apple Suffered No Harm**

16         Apple argues it was harmed because the timing of the Kiani Declaration
17   "prevented Apple from asking Plaintiffs' deponents about it during their depositions."
18   Mot. at 22.  Apple chose not to pursue discovery on Masimo's harm during Kiani's
19   deposition.  Apple never even introduced his *True Wearables* testimony as an exhibit.

20         Apple then declined a second opportunity to depose Kiani.  Apple moved to strike
21   Kiani's Rule 26(a)(2)(C) Disclosure.  Dkt. 956-1 at 14.  Apple complained that this
22   disclosure supposedly contained new facts that Apple could not explore during fact
23   discovery.  *Id.*  After this Court permitted Kiani's disclosure, Apple declined to depose
24   Kiani—thereby confirming Masimo's argument that Apple would not have taken any
25   additional discovery even if Masimo had provided the disclosures earlier.  Ex. F at 1.

26         Apple affirmatively chose to let two opportunities pass without asking about
27   Masimo's harm or Kiani's ███████ testimony.  Apple cannot use its own
28   deliberate avoidance of the facts to seek exclusion.  *See Magna Elecs.*, 2015 WL

11395461, at \*3; *MasterObjects*, 2022 WL 4856269, at \*5; *Abu-Eid*, 589 F. Supp. 3d at 561-62; *Skerce*, 2019 WL 8017822, at \*2.

**D.    Apple Is Not Entitled to Attorney's Fees or Costs**

Apple seeks its fees and costs associated with this motion based on only a sweeping statement that Plaintiffs repeatedly failed to "comply with their disclosure obligations and this Court's orders." Mot. at 2-3. As shown above, Masimo satisfied its discovery obligations. Indeed, Masimo disclosed much of the material about which Apple complains—verbatim—in prior declarations, interrogatory responses, prior testimony, and expert reports. Apple repeatedly failed to explore these facts and theories during discovery, even when it had multiple opportunities to depose witnesses. Instead, Apple adopted a strategy of sticking its head in the sand, avoiding the facts, and then bringing motions to exclude. Apple also does not even attempt to show that Masimo violated any Court order. Apple's request for fees and costs appears to be nothing more than an attempt to disguise an otherwise baseless motion as meritorious.

## III. CONCLUSION

For the reasons stated above, the Court should deny Apple's motion to strike.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2023          By: */s/ Kendall M. Loebbaka*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.