1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  Jeremy A. Anapol (Bar No. 285828)
   jeremy.anapol@knobbe.com
7  Justin J. Gillett (Bar No. 298150)
   justin.Gillett@knobbe.com
8  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
9  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
10
11 Adam B. Powell (Bar. No. 272725)
   adam.powell@knobbe.com
   Daniel P. Hughes (Bar No. 299695)
12 daniel.hughes@knobbe.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
13 3579 Valley Centre Drive
   San Diego, CA 92130
14 Telephone: (858) 707-4000; Facsimile: (858) 707-4001

15 [Counsel appearance continues on next page]

16 Attorneys for Plaintiffs,
17 MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO EXCLUDE OPINION AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Apple's Motion to Exclude Opinion and Testimony of Plaintiffs' Expert Robert Palmatier ("Opposition"). Masimo has provided a proposed redacted version of its Opposition. Masimo requests the Court seal portions of the Opposition and Exhibits A–E to the Declaration of Justin Gillett in Support of the Opposition. This request is supported by the Gillett Application to Seal Declaration, filed concurrently herewith.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Masimo considers confidential.

Exhibit B is an excerpt of the deposition transcript of Masimo's CEO, Joe Kiani, discussing Masimo's confidential and proprietary information, including Masimo's trade secrets. Gillett Application to Seal Declaration ¶ 4. This information is

confidential and valuable to Masimo in part because of its secrecy. *Id*. If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id*. Exhibit B is designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case.

Exhibits A and C–E contain excerpts from the deposition transcripts and expert reports of Ran Kivetz and Marco Perez, who are Apple's experts in this case. In these excerpts, Apple's experts discuss Masimo's confidential and proprietary information, including Masimo's trade secrets. *Id.* ¶ 5. This information is confidential and valuable to Masimo in part because of its secrecy. *Id*. If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id*. Exhibits A and C–E are designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. Apple so designated Exhibits D and E. *Id*.

The proposed redacted portions of the Opposition discuss the aforementioned Exhibits, as well as the sealed exhibits in Apple's motion, and should also be sealed for the same reasons. *Id.* ¶ 6.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere information regarding Masimo's trade secrets. Regardless of any dispute Apple may raise on the merits of Masimo's trade secret claims, there can be no dispute that the documents Masimo seeks to seal discuss Masimo's "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

/ / /

## III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court allow Masimo to seal the materials discussed above.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2023

By: */s/ Justin J. Gillett*
  Joseph R. Re
  Stephen C. Jensen
  Benjamin A. Katzenellenbogen
  Perry D. Oldham
  Stephen W. Larson
  Mark D. Kachner
  Baraa Kahf
  Adam B. Powell
  Daniel P. Hughes
  Justin J. Gillett

  Attorneys for Plaintiffs
  MASIMO CORPORATION and
  CERCACOR LABORATORIES, INC.

56961857