# EXHIBIT F

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)

| | | |
|---|---|---|
| MASIMO CORPORATION, ET AL, | ) | CASE NO: 8:20-CV-00048-JVS-JDEx |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| APPLE, INC, | ) | Thursday, January 21, 2021 |
| | ) | |
| Defendant. | ) | |

**HEARING RE: DEFENDANT APPLE, INC'S MOTION TO COMPEL
[DKT.NO.260]**

BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:            SEE PAGE 2


Court Reporter:         Recorded; REMOTE; Wave

Courtroom Deputy:       Maria Barr

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

**APPEARANCES:**

For Plaintiffs:        STEPHEN C. JENSEN, ESQ.
                       Knobbe Martens Olson & Bear, LLP
                       2040 Main Street
                       14th Floor
                       Irvine, CA 92614

                       ADAM POWELL, ESQ.
                       Knobbe Martens Olson & Bear, LLP
                       12790 El Camino Real
                       San Diego, CA 92130

For Defendant:         JOSHUA H. LERNER, ESQ.
                       Gibson Dunn & Crutcher, LLP
                       555 Mission Street
                       Suite 3000
                       San Francisco, CA 94105

                       ILISSA S. SAMPLIN, ESQ.
                       Gibson Dunn & Crutcher, LLP
                       2029 Century Park East
                       Suite 4000
                       Los Angeles, CA 90067

                       BRIAN K. ANDREA, ESQ.
                       Gibson Dunn & Crutcher, LLP
                       1050 Connecticut Avenue NW
                       Washington, DC 20036

                       RYAN MORAN, ESQ.
                       Apple in-house counsel

3

1              **Santa Ana, California; Thursday, January 21, 2021**

2       (Ms. Samplin, Messrs. Jensen, Powell, Lerner, Andrea and Moran

3                           Appearing via Telephonically)

4                                (Call to Order)

5              **THE COURT:**  We will now call our second matter on

6   calendar today, Case Number 8:20-CV-48-JVS, *Masimo Corporation,*

7   *et al versus Apple, Inc.*

8              The appearances that I have on behalf of Plaintiffs

9   are Stephen Jensen -- sir, are you here?

10             **MR. JENSEN:**  I am, Your Honor.

11             **THE COURT:**  And Adam Powell, sir, are you here?

12             **MR. POWELL:**  Yes, Your Honor.

13             **THE COURT:**  And who will be speaking on behalf of

14  Apple?

15             **MR. JENSEN:**  I will, Your Honor.  This is Stephen

16  Jensen.

17             **THE COURT:**  All right, thank you.  On behalf of --

18             **MR. JENSEN:**  Sorry, that's not -- I thought you meant

19  on behalf of Plaintiff.

20             **THE COURT:**  I'm sorry.  On behalf of Plaintiff,

21  you're correct.

22             And on behalf of Apple, I have Joshua Lerner; is that

23  correct?

24             **MR. LERNER:**  Yes, Your Honor.

25             **THE COURT:**  Brian Andrea, is that correct?

                          **EXCEPTIONAL REPORTING SERVICES, INC**

1  other issue that I had not mentioned and it sounds like he
2  feels that's coming along but in short, that's a custodian's
3  issue under the ESI order.  We think consistent with every case
4  we've seen that it's efficient and makes sense for the parties
5  to agree on a number and I don't think the other side does.
6  And so we've got a little bit of a dispute there and I think
7  that's the other one I can think of.  So nothing else from me,
8  Your Honor.
9          **THE COURT:**  All right.  Mr. Jensen, is there anything
10 from Plaintiffs' side that's come up since the filing of the
11 supplemental memoranda two weeks ago other than the stipulation
12 regarding the filing -- timing of the filing of answers and/or
13 a Fourth Amended Complaint that bears on this motion.
14         **MR. LERNER:**  I think we addressed it all in our
15 supplement, Your Honor, in terms of --
16         **THE COURT:**  All right.
17         **MR. LERNER:**  -- how the motion to dismiss order, we
18 believe, as to what we might do here.  So I think there's
19 nothing subsequent to that that I can think of.
20         **THE COURT:**  All right.  Then what I'll do is I'll
21 give you a -- I didn't -- as I noted, I didn't do a written
22 tentative.  I'll give you an oral tentative and then we'll hear
23 from the parties with respect to that.
24         My oral tentative and my tentative is to deny the
25 motion in its entirety.  I'll start out by noting that to the

17

1  extent the motion relates to any disclosures that are tied to
2  portions of the trade secrets identified in the Third Amended
3  Complaint that have been dismissed by Judge Selna in his order
4  two weeks ago, those arguments in this motion are now moot
5  because those claims are not in the case and to the extent
6  there are disclosures relating to them, they're essentially
7  superfluous.  But -- so there's no need to rule further on
8  those.  They have been removed by operation of law.
9           With respect to the remaining disclosures, I find
10 that the disclosures meet the requirements of Section 2019.210
11 and the cases interpreting it that the trade secrets have been
12 identified with reasonable particularity.  I note that despite
13 what Plaintiffs argue in their supplemental memoranda, I am
14 reviewing this on a different standard than the standard for a
15 motion to dismiss and I have read and considered Plaintiffs'
16 arguments about how Defendant argued the motion to dismiss.
17          But I am reviewing this on the 2019.210 standard, not
18 on a 12(b)(6) standard but even with that different higher
19 standard, I find the disclosures are adequate.
20          I do agree with Plaintiffs that a number of the
21 substantive arguments or substantive rulings that Judge Selna
22 made in the motion to dismiss in regards to the adequacy of the
23 pleading of the trade secrets in the Third Amended Complaint do
24 apply here.  Again, bearing in mind it's a different ultimate
25 standard but the reasoning behind his rulings on those

**EXCEPTIONAL REPORTING SERVICES, INC**

1  different issues apply here and I follow each of those and on
2  top of them find that the disclosures under a 2019.210 standard
3  do -- reasonably do describe the trade secrets with reasonable
4  particularity sufficient for the purposes of 2019.210.
5          All right.  Mr. Lerner, it's Apple's motion.  I'll
6  start with you.
7          **MR. LERNER:**  Thank you, Your Honor.  I want to start
8  with why we brought this motion and why it remains important to
9  us, just to provide context.  We do think this document, as the
10 cases hold, serves an essential purpose as the roadmap for the
11 secrets which the parties and the Court can then look back to
12 in terms of understanding the scope of discovery.
13         And right now, the document does not and cannot serve
14 that function.  And I would urge the Court to look at the
15 *Freeman versus Frank Russell* case which is 2016 Westlaw 5719819
16 and what tends to ensue when a disclosure like this one is
17 allowed to proceed without refinement.
18         And I think there's a line of questioning that
19 happened in that case that's particularly important here and
20 the disclosure there included an alleged secret about
21 emphasizing volatility.  And the Court pointed out that using
22 terminology like that just isn't ultimately helpful.  It's the
23 same as if you got a recipe for chocolate cake and you say,
24 emphasizing chocolate.  And we have over and over here language
25 that is very similar to that emphasizing term and it doesn't

**EXCEPTIONAL REPORTING SERVICES, INC**

1  the patents the trade secrets are disclosure and where in the
2  products the trade secrets are allegedly incorporated, and
3  making it even worse saying, go look over there at the third
4  amended complaint.  If they really have a basis for arguing
5  those are the secrets, that disclosure should contain this
6  information and it shouldn't have this constant handwaving to
7  go look somewhere else.  And with that I'll close.
8         **THE COURT:**  All right.  Thank you, counselor.  The
9  arguments have been very helpful.
10         I am going to rule right now.  And the reason I'm
11  going to do it now rather than drafting a separate written
12  order which could take some time is Mr. Lerner has described a
13  number of, for lack of a better term, "jets that are circling"
14  that it sounds like Apple wants to move forward on.  And
15  Mr. Jensen described trade secret discovery that is circling
16  from Plaintiffs' standpoint and I don't want to delay this
17  issue any further.  I have enough to make a ruling and my
18  tentative ruling will be the ruling of the Court.  The reasons
19  will be what's already been stated and I'll start with Judge
20  Selna's recent Order on the Motion to Dismiss the Third Amended
21  Complaint.  And again, this ruling only applies to the trade
22  secrets that are still at issue in the case following that
23  order.
24         I adopt -- as both well thought out, well argued, and
25  from my standpoint probably binding -- Judge Selna's rulings as

1  they relate to a 12(b)(6) standard on a motion to dismiss with
2  respect to the sufficiency of the identification of the trade
3  secrets and the third amended complaint.
4        Understanding that that's not the issue we have here,
5  the issue here under 2019 is reasonable particularity or
6  sufficient particularity.  And that term is vague, as you know
7  -- and we'll get to that more and it's intentionally vague as
8  the cases hold because it's supposed to address various
9  scenario.
10       But adopting Judge Selna's reasoning and applying it
11 to that standard -- for the same reasons Judge Selna found over
12 Plaintiffs' contrary argument the disclosures in the third
13 amended complaint sufficient, those that he did so find -- I
14 find those disclosures are sufficient for 2019.210 purposes.
15 That doesn't end the inquiry because there are some issues
16 beyond what was raised in that motion.  But I, again, adopt and
17 find that the higher burden has been satisfied here with
18 respect to the remaining disclosures.
19       In terms of the support for that and my findings, I
20 do credit the declaration of Dr. Matasetti.  It's not
21 determinative but I do credit it.
22       And considering some of the more specific legal
23 arguments raised by Apple, I will say that I agree that there
24 are some circumstances where the showing of reasonable
25 particularity, which is flexible, is heightened.  And in those

1  instances where it is heightened in this case, I find that the
2  disclosures that have been made meet that heightened
3  disclosure.
4       And in so finding I'm looking at things holistically.
5  I'm looking at things from a big picture, as well as a granular
6  level. And the reason I say "looking at things holistically, a
7  number of the cases -- not all of them but a number of the
8  cases that address the sufficiency of trade secret disclosures
9  involve cases where, for instance -- and it was cited during
10 argument -- one party is burying another party in massive
11 disclosures where what the trade secret is is, for lack of a
12 better term, buried in plain sight and those are found to be
13 insufficient.  I find that's not happening here.
14      There are cases where parties are being intentionally
15 vague, intentionally general in their descriptions for purposes
16 of trying to, in essence -- and it's the reason why 2019 was
17 passed in California -- in essence to have nothing in support
18 of a trade secret and to be able to undertake discovery and
19 then gin up a trade secret later.
20      Having reviewed and looking at these disclosures,
21 both granularly and holistically, I find that's not the case
22 here; that these are sufficiently and reasonably identified for
23 purposes of shaping future discovery and the future of the
24 case.  And to the extent there are arguments otherwise, I find
25 the disclosures sufficient.

44

1    With that, unless there's anything further -- taking
2 into account the order to provide to meet and confer and --
3 first of all, to exchange experts, to have a conversation about
4 that and then to file something.  I don't think I put a
5 deadline on the filing but let's say 10 days from today and the
6 meet and confer is to be within five days from today regarding
7 a potential special master.
8    Is there anything further that the parties would like
9 to be done today?
10   And I'll start with our moving counsel, Mr. Lerner?
11   **MR. LERNER:**  No, Your Honor, we appreciate your time.
12   **THE COURT:**  All right.  And Mr. Jensen, on behalf of
13 Plaintiffs?
14   **MR. JENSEN:**  No, thank you, Your Honor, we're good.
15   **THE COURT:**  All right.  Thank you.
16   We are adjourned.
17   **(Proceeding adjourned)**

45

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____  January 27, 2021
         Signed                    Dated

*TONI HUDSON, TRANSCRIBER*