Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Jeremy A. Anapol (Bar No. 285828)
jeremy.anapol@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT JEFFREY KINRICH** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Opposition to Apple's Motion to Exclude Opinions and Testimony of Plaintiffs' Expert Jeffrey Kinrich ("Opposition"). Masimo has provided a proposed redacted version of the Opposition, a proposed redacted version of the supporting Declaration of Mark D. Kachner, and Exhibits A–C, E–F, H–O, R, and T attached to the supporting Declaration of Mark D. Kachner. Masimo requests the Court seal the redacted portions of the Opposition, redacted portions of the Declaration of Mark D. Kachner, and Exhibits A–C, E–F, H–O, R, and T attached to the Declaration of Mark D. Kachner in their entirety.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Apple and Masimo consider confidential.

Ex. A is an excerpt from the deposition transcript of an Apple employee that Apple has designated as "Confidential – Attorneys' Eyes Only." Hughes Decl. ¶ 7. Masimo requests the Court seal this document based on Apple's representation that this document is confidential. *Id.*

Exs. C and M are excerpts from the deposition transcripts of Masimo's CEO, Joe Kiani, and Masimo's COO, Bilal Muhsin. *Id.* ¶ 8. Exs. K and L are Masimo's interrogatory responses that discuss Masimo's trade secrets. *Id.* These documents discuss Masimo's confidential trade secret information and other confidential Masimo business information. *Id.* This information is confidential and valuable to Masimo in part because of its confidentiality. *Id.* Publishing this information would disclose techniques that Masimo considers valuable and important. *Id.* The release of this confidential information would cause significant harm to Masimo's business. *Id.*

Exs. B, E, F, and H–J are documents produced by Apple in this matter. *Id.* ¶ 9. Apple has designated these documents as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only." *Id.* Masimo requests the Court seal these documents based on Apple's representation that these documents are confidential. *Id.*

Ex. N is a letter from Masimo's Counsel to Apple's Counsel that discuss confidential Masimo prototypes. *Id.* ¶ 10. Ex. O is an email chain between the parties that discusses these prototypes. *Id.* Masimo considers these prototypes confidential and keeps its product development process confidential. The release of this confidential information would cause harm to Masimo's business.

Ex. R is an email chain between the parties that discuss the parties' confidential document production. *Id.* ¶ 11. Ex. R contains information that both parties consider confidential, including the collection of confidential document productions. *Id.* The information disclosed in Ex. R is valuable to Masimo, in part, because of its confidentiality, and its release would cause competitive harm to Masimo's business. *Id.*

Ex. T is the supplemental expert report of one of Apple's experts. *Id.* ¶ 12. This document discusses Masimo's internal confidential business information including

Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo could be harmed if it were disclosed. *Id.*

The proposed redacted portions of the Opposition and the Mark D. Kachner Declaration discuss and cite the aforementioned Exhibits and should also be sealed for the same reasons. *Id.* ¶ 13.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portion of Masimo's Opposition, the redacted portion of the Declaration of Mark D. Kachner, and Exhibits A–C, E–F, H–O, R, and T attached to the Declaration of Mark D. Kachner.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2023

By: */s/ Daniel P. Hughes*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

-3-

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.