# EXHIBIT Q

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-1276 |

**NOTICE OF FINAL INITIAL DETERMINATION ON VIOLATION OF SECTION 337**

(January 10, 2023)

On this date, the undersigned issued an initial determination on violation of section 337 in the above-captioned matter.[1,2] For the reasons discussed therein, it is the undersigned's final initial determination that there has been a violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain wearable electronic devices with light-based pulse oximetry functionality and components thereof by reason of infringement of claims 24 and 30 of U.S. Patent No. 10,945,648 ("the '648 patent"). There has been no violation of the statute with respect to the asserted claims of U.S. Patent No. 10,912,501 ("the '501 patent"), U.S. Patent No. 10,912,502 ("the '502 patent"), U.S. Patent No. 10,687,745 ("the '745 patent"), or U.S. Patent No. 7,761,127 ("the '127 patent"). This determination is based on the following conclusions of law:

1. The Commission has subject matter jurisdiction over this investigation.

---

[1] The determination has been issued with a confidential designation. A public version shall issue within 30 days, or in the time necessary to identify and redact the confidential business information therein, pursuant to Commission Rule 210.5(f). 19 C.F.R. § 210.5(f).

[2] Pursuant to Commission Rule 210.42(a)(1)(ii), a recommended determination on remedy, bonding, and the public interest will issue within 14 days of this initial determination. 19 C.F.R. § 210.42(a)(1)(ii).

2. The Accused Products have been imported into the United States, sold for importation, and/or sold within the United States after importation.

3. The Commission has *in rem* jurisdiction over the Accused Products.

4. The Accused Products infringe claim 12 of the '501 patent, claims 22 and 28 of the '502 patent, and claims 12, 24, and 30 of the '648 patent.

5. The technical prong of the domestic industry requirement has been satisfied for claim 12 of the '501 patent, claim 28 of the '502 patent, and claims 12, 24, and 30 of the '648 patent.

6. Claim 12 of the '501 patent, claim 28 of the '502 patent, and claim 12 of the '648 patent are invalid.

7. The '501 patent, '502 patent, and '648 patent have not been shown to be unenforceable.

8. The economic prong of the domestic industry requirement has been satisfied with respect to the '501 patent, the '502 patent, and the '648 patent.

9. The Accused Products have not been shown to infringe claims 9 or 27 of the '745 patent.

10. The technical prong of the domestic industry requirement has been satisfied for claim 18 of the '745 patent.

11. Claims 9, 18, and 27 of the '745 patent have not been shown to be invalid.

12. The '745 patent has not been shown to be unenforceable.

13. The economic prong of the domestic industry requirement has been satisfied with respect to the '745 patent.

14. The Accused Products have not been shown to infringe claim 9 of the '127 patent.

15. The technical prong of the domestic industry requirement has been satisfied for claim 9 of the '127 patent.

16. Claim 9 of the '127 patent has not been shown to be invalid.

17. The economic prong of the domestic industry requirement has not been satisfied with respect to the '127 patent.

**SO ORDERED.**

_____
Monica Bhattacharyya
Administrative Law Judge

**CERTIFICATE OF SERVICE**

I, Katherine M. Hiner, hereby certify that the parties listed have entered an appearance in the above captioned investigation, and a copy of the PUBLIC CERTIFICATE OF SERVICE was served upon the following parties via first class mail and air mail where necessary.

| Document | Security | Document Type | Official Rec'd Date | Title |
|---|---|---|---|---|
| 787648 | Public | Notice | 01/10/2023 04:23 PM | Notice of Final Initial Determination on Violation of Section 337 |

Service Date:    January 10, 2023

/s/
Katherine M. Hiner
U.S. International Trade Commission
500 E Street, S.W.
Suite 112
Washington, D.C. 20436

Case 8:20-cv-00048-JVS-JDE   Document 1165-5   Filed 01/17/23   Page 5 of 5   Page ID #:102429

Certain Light-Based Physiological Measurement Devices and Components Thereof; Inv. No. 337-TA-1276 (Violation)                                                                 337-1276 Violation

# CERTIFICATE OF SERVICE

**On behalf of Complainant Cercacor Laboratories, Inc.;Masimo Corporation:**

Joseph R. Re, Lead Representative
**Knobbe, Martens, Olson & Bear**
2040 Main St.
14th Floor
Irvine, California 92614, United States
949-760-0404 -- voice
949-760-9502 -- fax
joe.re@knobbe.com
Electronic Service

**On behalf of Respondent Apple Inc.:**

Sarah Frazier, Lead Representative
**Wilmer Cutler Pickering Hale and Dorr LLP**
1875 Pennsylvania Avenue, NW
Washington, District of Columbia 20006, United States
202-663-6000 -- voice
202-663-6383 -- fax
sarah.frazier@wilmerhale.com
Electronic Service

Service Date:     January 10, 2023                                                   PDF Generated on:     January 10, 2023