MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**REPLY IN SUPPORT OF APPLE'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY NOVEMBER 2022 SUPPLEMENT TO APPLE INTERROGATORY NO. 33**<br><br>Date: Feb. 6, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

**TABLE OF CONTENTS**

Page

**CONTENTS**

INTRODUCTION ..................................................................................................... 1

ARGUMENT .............................................................................................................. 3

I.    Plaintiffs' Untimely Supplemental Response Violated FRCP 26(e). .................. 3

    A.    Plaintiffs Had A Duty To Provide Complete Information In Response To Interrogatory No. 33. ......................................................... 3

    B.    Plaintiffs' Supplemental Response To Interrogatory No. 33 Was Untimely. ................................................................................................. 6

II.    Plaintiffs' Untimely Supplemental Response Is Not Substantially Justified Or Harmless. ............................................................................................. 8

    A.    Plaintiffs' Delay Was Not Substantially Justified. ................................... 8

    B.    Plaintiffs' Delay Has Harmed Apple. ....................................................... 9

III.    Plaintiffs' Other Arguments Against Exclusion Also Fail. ............................... 11

CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cervantes v. Zimmerman*,
 2019 WL 1598219 (S.D. Cal. Apr. 15, 2019) ................................................... 9

*Garrison v. Ringgold*,
 2020 WL 6537389 (S.D. Cal. Nov. 6, 2020) .................................................. 12

*HGCI, Inc. v. Luxx Lighting, Inc.*,
 2020 WL 3577872 (C.D. Cal. June 30, 2020) .................................................. 7

*I-Flow Corp. v. Apex Medical Technologies, Inc.*,
 2008 WL 11342247 (S.D. Cal. Oct. 10, 2008) ................................................. 4

*In re Outlaw Laboratories, LP Litigation*,
 2021 WL 124308 (S.D. Cal. Jan. 13, 2021) ..................................................... 8

*Krawczyk v. City of Dallas*,
 2004 WL 614842 (N.D. Tex. Feb. 27, 2004) ................................................... 7

*L.A. Terminals, Inc. v. United Nat'l Insurance Co.*,
 340 F.R.D. 390 (C.D. Cal. Feb. 2, 2022) ......................................................... 5

*LD v. United Behavioral Health*,
 2022 WL 4372075 (N.D. Cal. Sept. 21, 2022) .......................................... 12, 13

*Leon v. IDX Sys. Corp.*,
 464 F.3d 951 (9th Cir. 2006) ......................................................................... 12

*PersonalWeb Techs. LLC v. Int'l Business Machines Corp.*,
 2017 WL 8186294 (N.D. Cal. June 25, 2017) ............................................... 10

*R & R Sails, Inc. v. Ins. Co. of Penn.*,
 673 F.3d 1240 (9th Cir. 2012) ....................................................................... 12

*United States ex rel. O'Connell v. Chapman University*,
 245 F.R.D. 646 (C.D. Cal. 2007) ................................................................ 2, 7

Wilmer Cutler Pickering Hale and Dorr LLP

*YKK Corp. v. Velcro USA, Inc.*,
   2017 WL 11637524 (M.D. Ga. Nov. 16, 2017) ............................................. 10

**STATUTES AND RULES**

Fed. R. Civ. P. 26(e) ................................................................................... *passim*

Fed. R. Civ. P. 33(b) ........................................................................................ 2, 4

REPLY ISO APPLE'S MOT. TO STRIKE PLS' UNTIMLEY NOV. 2022 SUPP. TO APPLE ROG NO. 33
iii                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

Plaintiffs' belated supplemental response to Apple's Interrogatory No. 33 should be stricken as untimely. Interrogatory No. 33—served over six months ago—asked Plaintiffs to identify "[f]or each alleged Trade Secret … each and every owner of the alleged Trade Secret, from conception of the alleged Trade Secret to date." Ex. 1 at 7.[1] Plaintiffs do not dispute that, in a supplemental interrogatory response served ***nearly 15 weeks after the close of fact discovery and also after the deadline for Apple's service of all its rebuttal expert reports***, they disclosed for the first time which of Plaintiffs they contend own each of the alleged trade secrets at issue in this case. Nor do Plaintiffs deny that the information that they needed to provide that information has been in their possession since the outset of this case. Instead, Plaintiffs seek to justify their late disclosure by pointing to *other* facts that were purportedly disclosed to Apple—albeit not in response to the specific question posed in Interrogatory No. 33—and offering the puzzling explanation that their original response was "full and complete." Opp. 1. None of Plaintiffs' arguments justifies their late disclosure. Instead, they confirm that Plaintiffs' supplemental response to Interrogatory No. 33 cannot stand.

Despite having (untimely) supplemented their response, Plaintiffs first argue that no supplementation was required because their original response was "complete and correct," and the interrogatory called for a "legal conclusion," rather than "the underlying facts." Opp. 5, 13-14. But were Plaintiffs' original response "complete" as Plaintiffs now claim, then Plaintiffs should have no objection to exclusion of the contentions and alleged facts in their untimely supplement. Moreover, Federal Rule of Civil Procedure ("FRCP") 26(e) draws no distinction between "facts" and "legal conclusions"—it applies to any "additional or corrective *information* [that] has not

---

[1] Numbered exhibits refer to the exhibits attached to the December 19, 2022 Passamaneck Declaration (Dkt. 1080-2) or the Passamaneck Declaration filed contemporaneously with this reply; lettered exhibits refer to the exhibits attached to the January 12, 2023 Kahf Declaration (Dkt. 1132-1).

1  otherwise been made known." Fed. R. Civ. P. 26(e)(1)(A).[2]  The mere fact that a "legal
2  conclusion" is purportedly involved does not relieve Plaintiffs of their obligation to
3  supplement or justify Plaintiffs' late disclosure.  *See United States ex rel. O'Connell v.*
4  *Chapman Univ.*, 245 F.R.D. 646, 649 n.2 (C.D. Cal. 2007) ("an interrogatory … is not
5  necessarily objectionable merely because an answer to the interrogatory involves an
6  opinion or contention that relates to … the application of law to fact").  Indeed, Plaintiffs
7  concede that they have possessed the asserted "underlying facts" necessary to provide
8  the supplemental response since the outset, yet make no effort to explain what
9  ████████████  was purportedly involved in generating the four-page
10 supplement at issue here.  Nor does Plaintiffs' alleged disclosure of "the underlying
11 facts" in response to ***other*** discovery requests justify Plaintiffs' late supplement to
12 Interrogatory No. 33.  Rather, Plaintiffs were required to answer each interrogatory
13 "separately and fully," Fed. R. Civ. P. 33(b)(3)—an obligation they indisputably failed
14 to meet.

15  Plaintiffs also fail to show that their untimely supplemental response is either
16 substantially justified or harmless.  Plaintiffs identify nothing beyond their control that
17 prevented them from disclosing their own ownership information prior to the close of
18 fact discovery.  Nothing in Plaintiffs' Complaint, their original response to Interrogatory
19 No. 33, or their technical and marketing expert reports distinguished the two Plaintiffs,
20 let alone identified which Plaintiff purportedly owned each alleged trade secret or the
21 "underlying facts" supporting any such claim.  Plaintiffs did not serve their supplemental
22 response until ***after*** the deadline for Apple's service of all its rebuttal expert reports.
23 Because of Plaintiffs' refusal to timely identify individual ownership information—
24 which Plaintiffs now seek to backfill in their supplemental response—Apple litigated
25 this case based on Plaintiffs' representation that they had no evidence demonstrating

---

[2] Emphasis added unless otherwise noted.

Wilmer Cutler Pickering Hale and Dorr LLP

which Plaintiff owned which alleged trade secret. And while this motion does not trigger either the "five-factor test" or the willfulness, fault, or bad faith standard, striking Plaintiffs' supplement is warranted under either standard to avoid rewarding Plaintiffs' gamesmanship.

Accordingly, Apple respectfully requests that the Court grant Apple's motion and strike Plaintiffs' untimely supplemental response to Interrogatory No. 33.

## ARGUMENT

### I. PLAINTIFFS' UNTIMELY SUPPLEMENTAL RESPONSE VIOLATED FRCP 26(E).

#### A. Plaintiffs Had A Duty To Provide Complete Information In Response To Interrogatory No. 33.

As Apple explained (Mot. 5-6), Plaintiffs served their supplemental response to Interrogatory No. 33 over six months after Apple served the request, nearly 15 weeks after the close of fact discovery, and over seven weeks after Plaintiffs committed to supplementing their prior response to provide additional information on ownership of the purported trade secrets—one of the elements of Plaintiffs' trade secret claims. Plaintiffs scarcely seek to defend the timing of their supplemental response. Instead, Plaintiffs attempt to evade the consequences of their late disclosure by arguing that "[their] original response was (and still is) complete and correct" (Opp. 5-7), "gave Apple all the information that [they] had" (*id.* 7), and thus Plaintiffs had no duty to supplement. Plaintiffs' arguments should be rejected.

*First*, Plaintiffs' claim that "[their] original response was (and still is) complete and correct" (Opp. 5) defies logic. If Plaintiffs' original response were indeed "complete and correct" as they now claim, then why did Plaintiffs elect to serve a late-breaking supplement in an attempt to fill the evidentiary holes left by their original response? Plaintiffs attempt to overcome the logical flaw in their argument by drawing an artificial distinction between "the underlying facts" that they (incorrectly) claim had been previously provided to Apple and the "legal conclusions based on [those] facts." Opp.

6-7, 10-11. But FRCP 26(e) does not draw this distinction; it applies to "additional or corrective *information* [that] has not otherwise been made known." Fed. R. Civ. P. 26(e)(1)(A).

As Plaintiffs acknowledge (Opp. 1, 17), Interrogatory No. 33 does not simply seek a disparate set of facts; it asked Plaintiffs to "identify each and every owner of [each] alleged Trade Secret." Ex. 1 at 7. Thus, it necessarily required Plaintiffs to provide a response to *that question* based on the underlying facts in their possession. Indeed, Plaintiffs' original response purported to respond by stating that "the asserted Trade Secrets have been owned since, and throughout their existence, by ***Masimo and/or Cercacor***." Opp. 2, 6. Yet despite now claiming that their original response was "complete and correct" (Opp. 5), Plaintiffs inexplicably changed that response nearly 15 weeks after the close of fact discovery and after the deadline for Apple's service of all its rebuttal expert reports by identifying—for the first time—the entity they claim to be the ***individual*** owner of each alleged trade secret. *Compare* Ex. 1 at 7 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌"), with *id.* at 7 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ This is precisely the kind of "surprise" or "ambush" that FRCP 26(e)(1)(A) is meant to prevent. Mot. 6 (citing cases). To the extent Plaintiffs stand by their claim that their original response was "complete and correct," then they should be forced to live with that response, and be barred from trying to introduce the contentions and alleged facts in their supplemental response—which is precisely the relief Apple seeks here.

*Second*, contrary to Plaintiffs' suggestion (Opp. 6), the mere fact that Plaintiffs may have disclosed some of the "underlying facts" related to ownership in response to other discovery requests did not relieve Plaintiffs of the obligation to answer Interrogatory No. 33 "separately and fully." Fed. R. Civ. P. 33(b)(3); *see also I-Flow Corp. v. Apex Med. Techs., Inc.*, 2008 WL 11342247, at *3 (S.D. Cal. Oct. 10, 2008)

("If Plaintiff contends that responsive information has been disclosed via other sources, it must provide the precise location of such information (e.g., by exhibit number and paragraph, or deposition page and line), the nature of the trade secret at issue, and whether the information constitutes its full and complete response."). Plaintiffs failed to do so in their original response, instead attempting to backfill by serving a belated supplemental response that identifies which Plaintiff claims to own which alleged trade secret, along with supporting evidence and cross-references to Plaintiffs' responses to other discovery requests (Ex. 1 at 9-11)—confirming the deficiencies in Plaintiffs' original response.

*Third*, Plaintiffs cannot avoid their duty to supplement based on their own (erroneous) view of whether the requested information is "relevant" (Opp. 8-10).[3] Plaintiffs made the strategic decision to vaguely refer to the owners of all the alleged trade secrets as "▇▇▇▇▇▇▇" in their Complaint and "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" in their original response to Interrogatory No. 33. Dkt. 296-1, ¶225; Ex. 1 at 7. Prior to the supplement, Plaintiffs had refused to identify which Plaintiff owned which alleged trade secret, even though Plaintiffs were on notice of Apple's position on ownership since at least as early as August 2022, when Apple moved to compel a full response to Interrogatory No. 33. Mot. 6. Plaintiffs cannot seriously dispute that their failure and constant refusal to provide a complete, timely response to the interrogatory "substantially affect[ed] or alter[ed] [Apple]'s discovery plan or trial preparation." Mot. 6 (citing *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. Feb. 2, 2022)). As Plaintiffs have acknowledged, Apple's summary judgment motion argues that Apple is entitled to summary judgment on ownership—the very issue

---

[3] Whether Plaintiffs are required to establish ownership of each alleged trade secret and whether they have met their burden to make that showing (Opp. 8-10) are issues best resolved in connection with Apple's summary judgment motion. For the reasons stated in Apple's motion for partial summary judgment (Dkt. 1083 at 14-16), both issues should be resolved in Apple's favor.

addressed by Interrogatory No. 33. Opp. 17. Thus, Plaintiffs' decision to withhold a full and complete response to the interrogatory, only to spring it on Apple at the eleventh hour, violated Plaintiffs' duty to supplement under FRCP 26(e).

Nor did the Special Master hold that the information sought by Interrogatory No. 33 was irrelevant. Opp. 6. As Apple explained, the Special Master deferred to this Court on the question of whether ownership is an element of Plaintiffs' trade secret claims and specifically cautioned that "Plaintiffs' decision to proceed forward in discovery without attempting to determine specific trade secret ownership information or disclosing that information to Apple comes at Plaintiffs' own potential peril." *Id.* at 3; Mot. 4. The portions of the Special Master's ruling quoted by Plaintiffs confirm that the purported "irrelevance" ruling was made in response to "Apple's *other* stated bases for arguing that the information sought is relevant" (Opp. 6), which are not at issue here.[4]

### B. Plaintiffs' Supplemental Response To Interrogatory No. 33 Was Untimely.

Plaintiffs concede that they have possessed the "underlying facts" encompassed by the supplemental response throughout the litigation. Opp. 2, 6, 13. Yet Plaintiffs waited nearly 15 weeks after the close of fact discovery, over seven weeks after Plaintiffs committed to supplementing, and after the deadline for Apple's service of all its rebuttal expert reports, to serve their supplemental response to Interrogatory No. 33. Plaintiffs' only explanation for that timing is that they purportedly needed "███████████████████████████████████████████████████████████" (*id.* at 7), and they allegedly contend that they supplemented a reasonable time after the Special Master's order (*id.* at 11). Neither justifies the belated timing of their supplemental response.

---

[4] Those "other stated bases" referred to Apple's arguments that ███████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 6 at 3.

*First*, Plaintiffs make no effort to explain what supposedly ▬▬▬▬▬ was involved in generating the four-page supplemental response that mostly ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See generally* Ex. 1. Nor have Plaintiffs offered any evidence, such as declarations or affidavits, to support their bare assertion that this analysis was so burdensome that it took Plaintiffs' entire legal team months to complete. *See HGCI, Inc. v. Luxx Lighting, Inc.*, 2020 WL 3577872, at *3 (C.D. Cal. June 30, 2020) (overruling plaintiff's objection that an interrogatory was unduly burdensome where plaintiff failed to submit any evidentiary declaration).

Moreover, Plaintiffs make no attempt to explain how providing information on ownership of Plaintiffs' own trade secrets is any more "burdensome" than providing responses to the contention interrogatories that Plaintiffs have served on Apple in this case, including those seeking information that Apple does not "▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬ (Opp. 10). *See, e.g.*, Ex. 14 at 7 ("If You contend that any alleged trade secret identified in Plaintiffs' Section 2019.210 Statement, including any amendments, does not constitute a trade secret, explain separately for each alleged trade secret the full and complete basis for Your assertion, including without limitation, an explanation of how the alleged trade secret lacks independent economic value, how the alleged trade secret is generally known, and/or how the alleged trade secret is not subject to reasonable efforts to maintain its secrecy"). Nor does the need to perform a "legal analysis" relieve Plaintiffs of the obligation to respond to discovery requests. *See, e.g.*, *Chapman*, 245 F.R.D. at 649 n.2 ("an interrogatory … is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to … the application of law to fact"); *Krawczyk v. City of Dallas*, 2004 WL 614842, at *6 (N.D. Tex. Feb. 27, 2004) (overruling plaintiff's objections that contention interrogatories require "an improper legal analysis").

*Second*, Plaintiffs attempt to downplay their delay by arguing that they "supplemented just one week after they would have had to supplement even if the Special Master had granted [Apple's] motion [to compel]" and that "Apple also did not request the supplement by a specific date." Opp. 11-12.[5] But as Apple explained, and Plaintiffs do not deny, FRCP 26(e) requires supplementation "***without the need*** for a request from opposing counsel or an order from the Court." *Compare* Mot. 8-9 *with* Opp. 10-12. That is particularly true where, as here, Apple made clear that the requested information was important to its defenses to Plaintiffs' claims. *See* Ex. 6 at 2-3; Dkt. 965-9 at 230. The supplemental response was untimely.

II. **PLAINTIFFS' UNTIMELY SUPPLEMENTAL RESPONSE IS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS.**

Plaintiffs do not deny that the burden is on them to show their untimely supplemental response is substantially justified or harmless. *Compare* Mot. 9 *and* Opp. 12-15. They cannot show either.

A. **Plaintiffs' Delay Was Not Substantially Justified.**

As Apple explained, Plaintiffs have "no persuasive explanation for why the ownership information could not have been provided prior to the close of discovery or— at a minimum—promptly after they pledged to proffer it at the October 3, 2022 hearing." Mot. 9; *supra* pp. 6-7. Plaintiffs' primary response is that their delay was "justified" as "a response to a genuine dispute" over the ownership requirements under the law (Opp. 12). But neither of the two cases they cite suggests that Plaintiffs are justified in withholding responsive information based on a purported "genuine dispute" over the law and disclosing it at the eleventh hour. *In re Outlaw Laboratories, LP Litig.*, 2021 WL 124308 (S.D. Cal. Jan. 13, 2021), concerned whether counsel's conduct at a

---

[5] In any event, the Special Master in the past ordered expedited relief that compelled discovery in 7 days where (as here) the ruling would have affected expert reports. Dkt. No. 917 at 11.

deposition was unjustified and thus should be sanctioned, *id.* at *12-14, and *Cervantes v. Zimmerman*, 2019 WL 1598219 (S.D. Cal. Apr. 15, 2019), held that plaintiffs should not be excused from their failure to disclose responsive information, even though defendants waited until the eve of the discovery deadline to take plaintiffs' witnesses' depositions, *id.* at *6-7. Neither case stands for the proposition that a delay in ***supplementing*** can be justified by a dispute over the relevance of the requested discovery. Nor do those cases justify Plaintiffs—which claim to "have always objected to Apple's demand" (Opp. 12)—in withholding the requested information during discovery, only to abruptly change their discovery response at such a late stage. The Special Master's ruling on Apple's motion to compel did not alter the status quo of the parties' dispute over the ownership requirement; even if it had, as discussed above (*supra* pp. 6-7), Plaintiffs have failed to explain why it took them over seven weeks to supplement their response.

Plaintiffs' attempt to blame Apple for "wait[ing] two years to serve Interrogatory No. 33 and then mov[ing] to compel after the close of fact discovery" (Opp. 13) is a red herring. Plaintiffs do not dispute that both the interrogatory and Apple's subsequent motion to compel were timely. Mot. 8. And in any event, Plaintiffs' argument is undermined by their own cited case. As in *Cervantes*, "Plaintiffs fail to explain how hypothetical scenarios about what might have occurred if [Apple served Interrogatory No. 33 or moved to compel] earlier excuses Plaintiffs' independent Rule 26 violations." 2019 WL 1598219, at *7.

### B. Plaintiffs' Delay Has Harmed Apple.

As Apple explained (Mot. 1-2, 7, 10), Plaintiffs' tactical decision to serve their eleventh-hour supplement after the close of fact discovery deprived Apple of the ability to conduct fact and expert discovery related to Plaintiffs' purported ownership of the alleged trade secrets, and affected Apple's summary judgment and trial strategy.

Plaintiffs raise several arguments in an attempt to sweep aside the harm caused by their untimely supplement. Each lacks merit.

*First*, Plaintiffs claim there is no harm because the supplement was purportedly "based on facts already in Apple's possession." Opp. 13. But, as discussed above, merely disclosing some of the alleged underlying facts in response to *other* discovery requests did not put Apple on notice that Plaintiffs intended to rely on those facts to prove *ownership* by each Plaintiff, as requested in Interrogatory No. 33. *Supra* p. 2. Because Plaintiffs' original response to Interrogatory No. 33 did not refer to those "underlying facts," Apple had no notice that Plaintiffs intended to rely on those facts in demonstrating Plaintiffs' ownership—let alone each individual Plaintiff's ownership—of each alleged trade secret. *See, e.g.*, *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 8186294, at *6 (N.D. Cal. June 25, 2017) (even where defendant identified a document in its own interrogatory response, it was "insufficient to put [defendant] on notice that [plaintiff] intended to rely on [that document] as evidence of pre-suit knowledge"); *YKK Corp. v. Velcro USA, Inc.*, 2017 WL 11637524, at *1 (M.D. Ga. Nov. 16, 2017) ("That YKK was aware of the patents is not the same as notice that Velcro would be relying on the patents as a defense to the doctrine of equivalents").

*Second*, Plaintiffs' claim that "Apple's experts were free to analyze the facts already in Apple's possession" (Opp. 15) is equally unavailing. Plaintiffs' original response claimed that " █████████████████████████████ " Ex. 1 at 7, and neither their technical expert nor their marketing expert distinguished the two Plaintiffs, Dkt. 1096-15, ¶¶1094-1099; Dkt. 1112-2, ¶2 n.1 (█████████ █████████████████████████████████████), *see also id.* at ¶53. Plaintiffs did not identify which Plaintiff purportedly owned each alleged trade secret or the "underlying facts" supporting any such claim until *after* the deadline for Apple's service of all its rebuttal expert reports. As a result, Apple's technical expert on rebuttal addressed only █████████████████████████████████████████

1  ▉ (*see, e.g.*, Dkt. 1096-17, ¶¶194, 201, 241, 282), and Apple's marketing expert
2  on rebuttal noted that ▉
3  ▉
4  ▉ and that ▉
5  ▉" Apple's marketing expert "▉
6  ▉
7  Dkt. 1096-22, ¶2 n.3. Had Plaintiffs timely supplemented to identify the owner of each
8  trade secret, Apple's experts could have addressed the gaps in Plaintiffs' ownership
9  proof—opinions Apple's experts were unable to offer given the timing of the
10 supplement.
11     *Third*, Plaintiffs are wrong in asserting that their late disclosure has not harmed
12 "Apple's trial or summary judgment strategy." Opp. 15. Apple has litigated this case
13 based on Plaintiffs' representation that ▉
14 ▉. *See* Ex. 7 at 1 ("▉
15 ▉
16 ▉"). Indeed, one of Plaintiffs'
17 30(b)(6) witnesses testified during his deposition that ▉
18 ▉
19 ▉" Ex. 15 at 74:15-22. Again, had Plaintiffs timely
20 supplemented to identify their respective ownership of each alleged trade secret, Apple
21 could have tested Plaintiffs' allegations through fact and/or expert discovery.
22 **III.   PLAINTIFFS' OTHER ARGUMENTS AGAINST EXCLUSION ALSO FAIL.**
23     Plaintiffs also argue that even if their untimely supplemental response was not
24 substantially justified or harmless, it should nonetheless stand because (1) exclusion is
25 not proper under the "five-factor test" set forth in *Wendt v. Host International, Inc.*, 125
26 F.3d 806 (9th Cir. 1997), and (2) Apple does not demonstrate Plaintiffs' willfulness,
27 fault, or bad faith. Opp. 16-18. The *Wendt* five-factor test has no place here because
28

| | |
|---|---|
| 1 | Apple is not seeking default judgment or termination sanction. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (dismissal sanction); *Garrison v. Ringgold*, 2020 WL 6537389, at *4-6 (S.D. Cal. Nov. 6, 2020) (termination sanction). Nor does the willfulness, fault, or bad faith standard apply because striking Plaintiffs' untimely supplemental response does not "amount[] to dismissal of a claim." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). As Plaintiffs point out, here, "Apple argue[s] in its concurrent motion that it is entitled to summary judgment ***regardless of*** whether the Court strikes the supplement." Opp. 16. Moreover, Plaintiffs contend that their original response was "complete and correct" and that their supplemental response contained only "irrelevant legal conclusions." *Id.* at 6, 16. Thus, under either party's view, exclusion of the supplement in no way "amount[s] to dismissal of a claim." *R & R Sails*, 673 F.3d at 1247. |

In any event, exclusion of Plaintiffs' untimely supplemental response is warranted under either the five-factor test or the willfulness standard. As to the five-factor test, the first two factors—"the public's interest in expeditious resolution of litigation" and "the court's need to manage its docket"—support exclusion given the importance of "maintaining the schedule in this case and avoiding further delays" and the fast-approaching trial date. *LD v. United Behavioral Health*, 2022 WL 4372075, at *10-11 (N.D. Cal. Sept. 21, 2022); *see* Mot. 2 (citing Dkt. 816 at 10 n.6). The third factor ("the risk of prejudice" to Apple) also supports exclusion for the reasons stated above. *Supra* pp. 9-11. As to the fifth factor—whether there are less drastic sanctions—there are no less severe sanctions that would cure the prejudice. The parties have now submitted fully briefed summary judgment motions, and the trial is two months away. Accommodating additional discovery would not only "derail the schedule the Court has set in this case," but also "reward [Plaintiffs] for the[ir] gamesmanship"; thus, the fourth factor ("public policy favoring disposition of cases on their merits") is "significantly outweighed by the other factors." *LD*, 2022 WL 4372075, at *11-12.

Separately, the "willfulness, fault, or bad faith" standard is also satisfied. First, Plaintiffs cannot identify any circumstances beyond their control that necessitated the untimely supplemental response; instead, they claim the opposite—that they have had all the underlying facts necessary to provide the supplemental response throughout this case. Second, as discussed above (*supra* pp. 6-7), Plaintiffs have offered no persuasive explanation for the late timing of the supplement—the night before Thanksgiving and within a month of the deadline for summary judgment motions—particularly in view of the Special Master's warning that "Plaintiffs' decision to proceed forward in discovery without attempting to determine specific trade secret ownership information or disclosing that information to Apple comes at Plaintiffs' own potential peril." Ex. 9 at 8; Dkt. 965-9 at 230; Dkt. 970 at 11. For both these reasons, it is clear that the late timing of Plaintiffs' supplemental response was willful, in bad faith, and the fault of none other than Plaintiffs. *See LD*, 2022 WL 4372075, at *11 (finding the party's failure to demonstrate that the late, post-discovery cut-off production was beyond its control and failure to explain the late timing of disclosing the patient samples as two examples of its bad faith). Accordingly, Plaintiffs' supplemental response to Interrogatory No. 33 should be stricken, and Plaintiffs left to rely on their original response—one that Plaintiffs contend is "complete and correct" (Opp. 5)—for the full scope of their contentions on ownership.

## CONCLUSION

Apple respectfully requests that this Court strike Plaintiffs' November 23, 2022 supplemental response to Apple's Interrogatory No. 33, and bar Plaintiffs from seeking to introduce the contentions and alleged facts disclosed therein.

Dated: January 23, 2023          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 4252 words, which [choose one]:

__X__ complies with the word limit of L.R. 11-6.1.

____ complies with the word limit set by court order dated [date].

Dated: January 23, 2023               Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*