# EXHIBIT 14

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 11-13)**<br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Exhibit 14
Page 1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs MASIMO CORPORATION ("Masimo") and CERCACOR LABORATORIES, INC. ("Cercacor") (collectively, "Plaintiffs") direct the following interrogatories to Defendant APPLE INC. ("Apple"). These interrogatories are to be answered in writing and under oath, based upon all information and knowledge reasonably available to Apple, its attorneys, agents and all others acting on its behalf in accordance with the Definitions and Instructions below within thirty (30) days of service of these Interrogatories.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Apple," "Defendant," "You," and "Your" mean Defendant Apple, Inc., as well as any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Defendant Apple, Inc.

2. "Masimo" means Masimo Corporation, including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

3. "Cercacor" means Cercacor Laboratories, Inc., including its divisions, departments, parents, subsidiaries, affiliates or predecessors.

4. The term "Plaintiffs" means Masimo and Cercacor as defined above.

5. "Masimo Asserted Patents" means the patents Plaintiffs are asserting in this case, including U.S. Patent No. 10,258,265, U.S. Patent No. 10,292,628, U.S. Patent No. 10,588,553, U.S. Patent No. 10,588,554, U.S. Patent No. 10,624,564, U.S. Patent No. 10,631,765, U.S. Patent No. 10,702,194, U.S. Patent No. 10,702,195, U.S. Patent No. 10,709,366, U.S. Patent No.

6,771,994, U.S. Patent No. 8,457,703, and U.S. Patent No. 10,433,776. To the extent Plaintiffs assert additional patents in a future pleading, "Masimo Asserted Patents" shall be construed to include such patents.

6. "Apple Watch Products" means smartwatches produced by Apple, including the Original Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series SE, Apple Watch Series 6 and any subsequent series of the Apple Watch.

7. "Apple iPhone" means Apple iPhone products that use Apple's mobile iOS operating system.

8. "Accused Products" means Apple Watch Series 3 or later, as well as the combination of Apple Watch Series 4 or later with an Apple iPhone.

9. The "Disputed Patents" means the patents Plaintiffs assert should have their inventorship and/or ownership corrected, including U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 10,219,754, U.S. Patent No. 9,723,997, U.S. Patent No. 10,524,671, and U.S. Patent No. 9,952,095. To the extent Plaintiffs identify additional such patents in a future pleading, "Disputed Patents" shall be construed to include such patents.

10. The term "Former Employee" shall mean and refer to any current or former Apple employee who worked at Masimo or Cercacor before being employed by Apple.

11. The term "documents" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

12. The term "things" shall mean all tangible objects of any type,

composition, construction, or nature.

13. The term "and" shall be construed to include "or" and vice versa, and each of them shall be the logical equivalent of "and/or."

14. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

15. The term "communication" shall mean and refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

16. The use of the singular form of any word also includes the plural and vice versa, and a verb tense includes all other verb tenses wherever possible.

## INSTRUCTIONS

1. Each of these instructions is incorporated into each of the interrogatories to which it pertains.

2. Each interrogatory must operate and be responded to independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors or successors, as well as to information in the possession of Your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information which is not based upon Your personal knowledge, state the source and nature of such information.

4. If in answering any interrogatory, You seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support Your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for Masimo as it is for You, and specify those business records from which You contend Masimo may ascertain or derive the answer.

5. An interrogatory requiring You to "describe" a subject means You shall provide a complete and detailed explanation of the subject in writing, identify all documents (by production range where applicable) relevant to the subject, and identify all persons with knowledge relevant to the subject.

6. If any objection is made to any interrogatory herein, the objection must state with particularity the basis therefor, and the interrogatory must be answered to the extent not objected to.

7. If any identified document or information was, but no longer is, in Your possession or under Your control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

8. If You object to any interrogatory or fail to answer any interrogatory on the ground that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then as to such information or such documents allegedly subject to such asserted privilege, You are requested to supply the following information: (i) the nature of the document or information; (ii) the sender, author, or source of the information, (iii) the date of the document or communication; (iv) the name of each person to whom the information, or the original or any copy of a document, was circulated; (v) the names occurring on any circulation list associated with such document, where applicable; (vi) a summary statement of the subject matter of the document or information; (vii) the privilege(s) or doctrine claimed with respect to the document or information; and (viii) the basis for the claim of the privilege(s) or doctrine.

9. If in response to an interrogatory You do not know all of the facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the interrogatory as You can, and provide such facts as are known to You and any estimates, approximations, or beliefs that You consider reliable. Any such estimates, approximations, or beliefs should be

clearly denoted as such, and the bases for Your belief in their reliability should be explained.

10. In the event that You object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that interrogatory for purposes of Your response.

11. Nothing in these interrogatories shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization.

12. If in answering any of these interrogatories You encounter any ambiguity in construing the interrogatory or any definition or instruction relevant to the interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the interrogatory.

13. These interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

## INTERROGATORIES

### INTERROGATORY NO. 11:

Identify all current or former Apple employees who worked at Masimo and/or Cercacor before being employed by Apple and, for each such employee, identify the date on which Apple hired the employee, identify the date on which the employee's employment at Apple terminated, and describe the extent and nature of any involvement by that employee in developing, manufacturing, marketing, and/or selling any of the Apple Watch Products, as well as any steps taken by Apple to prevent the employee from using or disclosing confidential information of Masimo or Cercacor.

/ / /

/ / /

**INTERROGATORY NO. 12:**

If You contend that any alleged trade secret identified in Plaintiffs' Section 2019.210 Statement, including any amendments, does not constitute a trade secret, explain separately for each alleged trade secret the full and complete basis for Your assertion, including without limitation, an explanation of how the alleged trade secret lacks independent economic value, how the alleged trade secret is generally known, and/or how the alleged trade secret is not subject to reasonable efforts to maintain its secrecy, and identify all documents, things, and witnesses supporting your contentions.

**INTERROGATORY NO. 13:**

If You contend that You have not misappropriated any alleged trade secret identified in Plaintiffs' Section 2019.210 Statement, including any amendments, explain separately for each alleged trade secret the full and complete basis for Your assertion, including without limitation, an explanation of how you did not acquire, use, and/or disclose the alleged trade secret, whether you reverse engineered the alleged trade secret, and whether you independently derived the alleged trade secret, and identify all documents, things, and witnesses supporting your contentions.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 9, 2020    By: */s/ Adam B. Powell*
　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　Adam B. Powell

　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

# PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in San Diego, California. I am over the age of 18 and not a party to the within action.

On October 9, 2020, I served the within **PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANT APPLE INC. (NOS. 11-13)** on the parties or their counsel shown at the email addresses shown below:

| | |
|---|---|
| Apple-Masimo@gibsondunn.com | Brian A. Rosenthal<br>BRosenthal@gibsondunn.com |
| Joshua H. Lerner<br>JLerner@gibsondunn.com | Ilissa Samplin<br>ISamplin@gibsondunn.com |
| H. Mark Lyon,<br>MLyon@gibsondunn.com | Angelique Kaounis<br>AKaounis@gibsondunn.com |
| Brian M. Buroker<br>BBuroker@gibsondunn.com | |
| Brian K. Andrea<br>BAndrea@gibsondunn.com | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 9, 2020, at Encinitas, California.

*/s/ Adam B. Powell*
Adam B. Powell

33513602

-7-

Exhibit 14
Page 8