1    MARK D. SELWYN, SBN 244180
       mark.selwyn@wilmerhale.com
2    THOMAS G. SPRANKLING, SBN 294831
     thomas.sprankling@wilmerhale.com
3    WILMER CUTLER PICKERING
       HALE AND DORR LLP
4    2600 El Camino Real, Suite 400
     Palo Alto, CA 94306
5    Tel.: 650.858.6000 / Fax: 650.858.6100

6    JOSHUA H. LERNER, SBN 220755
       joshua.lerner@wilmerhale.com
7    WILMER CUTLER PICKERING
       HALE AND DORR LLP
8    One Front Street, Suite 3500
     San Francisco, CA 94111
9    Tel.: 628.235.1000 / Fax: 628.235.1001

10   AMY K. WIGMORE, *pro hac vice*
     amy.wigmore@wilmerhale.com
11   WILMER CUTLER PICKERING
       HALE AND DORR LLP
12   1875 Pennsylvania Ave NW
     Washington, DC 20006
13   Tel.: 202.663.6000 / Fax: 202.663.6363

14   [Counsel appearance continues on next page]

15   *Attorneys for Defendant Apple Inc.*

16                    **UNITED STATES DISTRICT COURT**
17        **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| 18  MASIMO CORPORATION, a Delaware corporation; and | CASE NO. 8:20-cv-00048-JVS (JDEx) |
| 19  CERCACOR LABORATORIES, INC., a Delaware corporation, | **APPLE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT JEFFREY KINRICH UNDER FRCP 37 AND/OR *DAUBERT*** |
| 20 | |
| 21                 Plaintiffs, | |
| 22        v. | |
| 23  APPLE INC., a California corporation, | Date: Feb. 6, 2023 Time: 1:30pm |
| 24                 Defendant. | |
| 25 | Pre-Trial Conference: Mar. 13, 2023 Trial: Mar. 28, 2023 |
| 26 | |

27        REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

28

1

2    SARAH R. FRAZIER, *pro hac vice*
       sarah.frazier@wilmerhale.com
3    WILMER CUTLER PICKERING
       HALE AND DORR LLP
4    60 State Street
     Boston, MA 02109
5    Tel.: 617.526.6000 / Fax: 617.526.5000

6    NORA Q.E. PASSAMANECK, *pro hac vice*
       nora.passamaneck@wilmerhale.com
7    WILMER CUTLER PICKERING
       HALE AND DORR LLP
8    1225 Seventeenth Street, Suite 2600
     Denver, CO 80202
9    Tel.: 720.274.3152 / Fax: 720.273.3133

10   BRIAN A. ROSENTHAL, *pro hac vice*
       brosenthal@gibsondunn.com
11   GIBSON, DUNN & CRUTCHER LLP
     200 Park Avenue
12   New York, NY 10166-0193
     Tel.: 212.351.2339 / Fax: 212.817.9539

13   KENNETH G. PARKER, SBN 182911
       Ken.parker@haynesboone.com
14   HAYNES AND BOONE, LLP
     660 Anton Boulevard, Suite 700
15   Costa Mesa, CA 92626
     Tel.: 650.949.3014 / Fax: 949.202.3001

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

# <u>TABLE OF CONTENTS</u>

**Page**

Introduction ................................................................................................................ 1

Argument .................................................................................................................... 2

I.      Kinrich's Lost Profits And Cost Savings Calculations Should Be
        Excluded Because They Rely On The Stricken Disclosures ............................. 2

        A.      The October 2022 Report Is Unreliable ................................................ 2

        B.      The Kinrich Supplemental Report Is Unreliable .................................. 6

II.     Kinrich's Supplement Should Be Stricken As Untimely ................................. 8

III.    Kinrich's Opinions Fail To Calculate Damages Based On Apple's
        Alleged Misappropriation .............................................................................. 11

Conclusion ............................................................................................................... 14

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5   *Apple, Inc. v. Samsung Electronics. Co., Ltd.*,
      2014 WL 1322854 (N.D. Cal. Mar. 28, 2014) ...............................................9, 10

6

7   *ATS Prod. Inc. v. Ghiorso*,
      2012 WL 253315 (N.D. Cal. Jan. 26, 2012).......................................................13

8

9   *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
      20 F.4th 1231 (9th Cir. 2021) .............................................................................13

10

11  *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
      331 F. Supp. 3d 977 (N.D. Cal. 2018)................................................................13

12

13  *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*,
      2003 WL 23715981 (D. Or. Jan. 21, 2003)..........................................................9

14

15  *International Medical Devices, Inc. v. Cornell*,
      2022 WL 2784806 (C.D. Cal. June 16, 2022)......................................................9

16  *Luke v. Fam. Care & Urgent Med. Clinics*,
      323 F. App'x 496 (9th Cir. 2009).....................................................................8, 9

17

18  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
      399 F. Supp. 2d 1064 (N.D. Cal. 2005)..............................................................13

19

20  *Reinsdorf v. Skechers U.S.A.*,
      922 F. Supp. 2d 866 (C.D. Cal. Feb. 6, 2013)......................................................8

21

22  *Shell & Slate Software Corp. v. Adobe Sys. Inc.*,
      2004 WL 5486635 (C.D. Cal. Sept. 17, 2004)...................................................12

23

24  *Spintouch, Inc. v. Outform, Inc.*,
      2022 WL 17363902 (C.D. Cal. Sept. 28, 2022)...................................................7

25

26  *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
      2020 WL 7347860 (C.D. Cal Nov. 18, 2020) ......................................................9

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

*SPS Technologies, LLC v. Briles Aerospace, Inc.*,
    2021 WL 4913509 (C.D. Cal. Sept. 8, 2021) ......................................................12

*Windeler v. Cambria Cmty. Servs. Dist.*,
    2021 WL 5411887 (C.D. Cal. Oct. 19, 2021) .......................................................8

**Statues and Rules**

Fed. R. Evid. 703 ............................................................................................7, 8

Fed. R. Civ. P. 26(e) ...........................................................................................1, 8

Fed. R. Civ. P. 37(c)(1)........................................................................................1, 2

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

Plaintiffs concede, as they must, that Kinrich's lost profits and cost savings damages calculations "relied on the evidence" that appeared in the stricken Priddell and Muhsin disclosures.  Dkt. 1164-1 ("Opp.") 1.  Plaintiffs accordingly encourage this Court to read its own order narrowly—i.e., as barring only Muhsin and Priddell themselves from testifying about certain issues.  But this Court's ruling was much broader.  In a passage that Plaintiffs ignore, this Court adopted Apple's argument that Plaintiffs had improperly "provided *new information* after the close of fact discovery" and that these "fully-formed damages theories" regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ must also be excluded under FRCP 26(e) and 37(c)(1).  Dkt. 1031 at 8-11.[1]  Because Kinrich did not—and cannot—perform any analysis without relying on the information and analyses in these disclosures, the assumptions predicating Kinrich's lost profits and cost savings calculations in his October 2022 report are fundamentally unreliable and should be excluded.

Plaintiffs' attempts to justify Kinrich's November 30, 2022 supplement fare no better, since that report suffers from the same basic flaws as the October 2022 report.  Even Plaintiffs concede that the supplement is based on "the same methodology as his October 2022 report."  Opp. 9.  In any event, the supplement should be stricken as woefully untimely.  Plaintiffs have identified no case law that permits a party to serve a supplement solely in order to circumvent a court order—particularly where, as here, Apple put Plaintiffs on notice of the flaws in Kinrich's October 2022 report nearly a week before it was served.

Finally, Plaintiffs mislead when they suggest that Kinrich has no responsibility to justify his remarkable assertion that Plaintiffs are entitled to billions of dollars so long as a jury finds misappropriation of any single purported trade secret.  While

---

[1] All emphasis is added unless otherwise noted.

Kinrich can permissibly assume a finding of liability (i.e., at least one act of misappropriation), he still must account for the actual loss allegedly caused by, or the unjust enrichment allegedly received by, Apple—he cannot simply presume them.

## ARGUMENT

### I.     KINRICH'S LOST PROFITS AND COST SAVINGS CALCULATIONS SHOULD BE EXCLUDED BECAUSE THEY RELY ON THE STRICKEN DISCLOSURES

#### A.     The October 2022 Report Is Unreliable

As explained, because Kinrich's lost profits and one of his unjust enrichment theories are premised on the opinions and information in the Priddell and Muhsin disclosures that this Court struck, they cannot stand.  Dkt. 1116-1 ("Mot.") 10-15.

Plaintiffs' chief response is that this Court's prior ruling excluded only Muhsin's and Priddell's opinions and not the new damages theories and analyses they relied upon.  Opp. 10 (arguing this Court "did not appear to strike the facts" that appear in the Muhsin and Priddell disclosures).  To the contrary, the underlying motion argued at length that the disclosures were improper precisely because they included "newly disclosed information raised for the first time after the close of fact discovery."  *See* Dkt. 959 at 11-15.  This Court's ultimate ruling "agree[d] with Apple," holding that the disclosures "contain[ed] previously undisclosed, fully-formed damages theories" and improperly "rel[ied] on newly disclosed *factual information*."  Dkt. 1031 at 8, 10; *see also id.* at 8 ("Priddell's analysis … provides new factual information in the form of a fully formed damages theory that should have been disclosed before the close of fact discovery."); *id.* at 9 ("████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████ ").

Moreover, in concluding that the disclosures should be struck under FRCP 37(c)(1), the Court explained that Apple had suffered prejudice due to these late

disclosed damages theories because "[i]nsufficient time remains … to allow for … follow-up *fact discovery*, full depositions concerning new *factual* and expert disclosures, selecting rebuttal witnesses, and providing reciprocal disclosures." *Id.* at 10; *see also id.* at 11 (holding that "[o]ffering additional *fact-question time* during the relevant expert depositions would be insufficient at this late hour").

Because Plaintiffs wrongly ignore an important part of this Court's prior ruling, their arguments for why the categories of information Apple highlighted in its motion were proper expert testimony fail. Each category is predicated on the facts and opinions struck by the order.

**1.   Masimo's** ██████████████████████. Plaintiffs concede that "Kinrich assumes ████████████████████████████ ██████████████" Opp. 11. Because Kinrich only assumed this to be true, he did not offer an independent opinion in his report detailing why he can reliably conclude that ██████████████████████████████████████████ ██. The *only* basis offered in his report was Muhsin's opinion that ████████ ██, which this Court struck. Dkt. 1031 at 6 ("████████████████████ ███████████████████████████████████"); *id.* at 9 ("████████████████████████████ ████████████████████████████ ████████████████████████████ ███████████████████████.").[2]

To be clear, Apple does not dispute that this Court found that certain facts may still be presented at trial, such as the "timeline and development of the W1 … and

_____

[2] Although Plaintiffs attempt to relitigate whether they properly disclosed their Masimo Health Module damages theory during fact discovery, Opp. 4-6, this Court has already rejected the same basic arguments, *see, e.g.*, Dkt. 1031 at 9 ("Plaintiffs' interrogatory response … does not equate with disclosing the detailed and fully-formed damages-related information included in the Muhsin disclosure.").

Masimo's technical capabilities in 2013." Dkt. 1031 at 6.  But Kinrich has not independently analyzed why those facts lead to the conclusion that ███████████ ███████████████████████████████████████ only basis for this conclusion is Muhsin's opinion ███████████████████████████████████.  Mot. 3-4.

   **2.    Masimo's** ████████████.  This Court found Muhsin's "███████ ████████████████████████████████████████████ ████████████████████████████████████ Dkt. 1031 at 6-7.  Plaintiffs argue that Kinrich may rely on these documents because "Masimo disclosed these estimates as relevant to damages" and because "███████████████████████████ ████████████████████████████████" Opp. 12; Dkt. 983 at 16 ("███████ ███████████████████████████████████████ ████████████████████████████████████").  But this Court rejected the same basic arguments when striking the underlying disclosures. Dkt. 1031 at 9 ("███████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████); *id.* at 11 ("the Court disagrees with Plaintiffs that Apple should have gleaned their fully formed damages theories from the ITC proceedings, *i.e.*, proceedings in which damages are unavailable.").

   **3.    Masimo's** ███████████████.  Plaintiffs' arguments with respect to Masimo's ████████████ similar and fail for the same reasons discussed above.  Most notably, in finding that "[t]he vast majority of Priddell's disclosure exceeds his percipient knowledge," the Court highlighted that Priddell inappropriately opined on "██████████████████████████████████████████

1  ███████████" and noted that it was "clear from the face of the disclosure [that]

2  Priddell was asked to review the information concerning the Apple Watch and provide

3  his opinions *in connection with this litigation*."  Dkt. 1031 at 5-6.  The Court struck

4  "these litigation-driven opinions" because "Priddell [was] functioning as a retained

5  expert."  *Id.*; *id.* at 8 (agreeing with Apple that in addition to violating the written

6  report requirement, "[a]lthough Plaintiffs identified Priddell as a witness

7  knowledgeable about Masimo's W1 watch, they did not identify him as someone

8  knowledgeable with respect to Plaintiffs' damages claims and they did not identify and

9  explain the basis and calculations for this damages theory").  Kinrich should not now

10  be permitted to use the same made-for-litigation analyses prepared by Priddell that this

11  Court concluded were not properly disclosed.  Mot. Ex. 6 at 152:25-153:11 (Kinrich

12  admitting that neither he nor his team performed this analysis).

13        In addition, Plaintiffs make multiple misleading representations with respect to

14  the ██████████████████.  *See* Opp. 6, 13-14.  As Apple explained,

15  Priddell estimated Masimo's ███████████ in two documents: ████████████

16  █████████████████████████ Mot. 3.

17  Plaintiffs now claim that Priddell "███████████████, Opp. 6, but ignore

18  that Priddell's disclosure states unambiguously: ████████████."  Mot. Ex.

19  3 ¶¶16-18.  Plaintiffs also claim that the ██████████ is a document created "in

20  the ordinary course." Opp. 14.  But Plaintiffs cannot square this representation with

21  Mr. Priddell's declaration or their prior representation to Apple that these ████████

22  were "*not* an analysis that Masimo performs in the ordinary course of business" and

23  were part of an analysis that "was done for this litigation as part of expert discovery."

24  Mot. 15; Mot. Ex. 1 at 1.  Plaintiffs further claim that Apple "exempted" the ████

25  ██████████ from its motion to preclude experts from relying on belatedly disclosed

26  documents, Opp. 6, but ignore that Apple did so based on Plaintiffs' representation that

27  the document was prepared as part of *expert* discovery.  Mot. Ex. 1 at 1; *see also* Ex. 9

28

at 1 (requesting Plaintiffs confirm that they "do not intend to offer any fact witness testimony regarding these documents at trial"); Ex. 10 at 1 (Plaintiffs representing in response that "Masimo's *experts* will rely on these documents").  Of course, Plaintiffs never submitted a full expert report describing the analyses in these documents as was necessary if they wanted to use them as part of expert discovery.

**4.    Apple's ▮▮▮▮▮▮▮▮▮▮▮▮▮**  Plaintiffs concede that Kinrich "relies on Priddell's opinion identifying ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮."  Opp. 14.  They instead retreat to their argument that this Court excluded only Priddell's opinions.  *Id.*  Plaintiffs are wrong.  This Court specifically held that Priddell's analysis was based on an "▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮"  Dkt. 1031 at 8, 11.  Kinrich did not perform an independent analysis of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮.  Mot. 5-6; *see also* Dkt. 983 at 16 (admitting that Kinrich "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮").  Accordingly, because the only basis for ▮▮▮▮▮▮▮ is the "▮▮▮▮▮ that this Court struck, Kinrich's cost savings calculation is unreliable.[3]

**B.    The Kinrich Supplemental Report Is Unreliable**

As explained, Kinrich's November 29, 2022 Supplemental Report relies on the same basic opinions and facts as the October 2022 Report.  Mot. 13-16.

Plaintiffs disagree, largely because they believe that they can draw a distinction between Kinrich directly relying on the stricken disclosures and relying on exactly the same information conveyed through unrecorded "conversations" or documents that

---

[3] Plaintiffs are wrong that this Court should permit Kinrich to rely on ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮.  Opp. 14-15.  As Apple has explained ▮▮▮▮▮▮▮.  *See* Dkt. 1166 at 11-12.

Wilmer Cutler Pickering Hale and Dorr LLP

Priddell and Muhsin prepared for purposes of this litigation.  Opp. 11-15.  But Plaintiffs have not identified a single case where an expert has been permitted to use such materials when they were previously excluded from the litigation.  That is not surprising: If an expert could do such an end run, a court's exclusion ruling would have little to no actual effect.  Given that Kinrich concededly based his opinions on that excluded information, his supplemental report cannot stand.  *Spintouch, Inc. v. Outform, Inc.*, 2022 WL 17363902, at *5 (C.D. Cal. Sept. 28, 2022) ("[a]n expert's opinion 'must be excluded if that expert is merely parroting some other person's opinion rather than formulating his own.'").[4]

Plaintiffs also argue that Kinrich should be permitted to rely on his purportedly "independent" analysis of Plaintiffs' ███████████████████ Opp. 11-14.  But, as discussed above, Plaintiffs previously represented to Apple that the documents that Kinrich relies upon were created by Muhsin and Priddell for this litigation.  They accordingly fall within the materials excluded by the Court's striking of the Muhsin and Priddell disclosures.  *See supra* pp. 5-6.[5]

Finally, Plaintiffs appear to argue that Kinrich is not bound by this Court's prior ruling on the Mushin and Priddell disclosures because he "may rely on evidence even if it is not admitted at trial."  Opp. 1.  To be sure, all the facts Kinrich relies on in forming his opinion "need not be admissible for the opinion to be admitted."  Fed. R. Evid. 703.  "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the

---

[4] This refutes Plaintiffs' repeated accusation that Apple has relied on similar materials. Opp. 11, 13, 14-15.  This Court has not struck any aspect of Apple's legal theories or underlying evidence.

[5] Plaintiffs make the laughable argument that "Apple does not contest that Kinrich's opinions are based on his own reliable methodology supported by a type of data on which experts regularly rely," Opp. 15, ignoring that Apple's motion is premised on why Kinrich's methodology is not reliable (Mot. § II) and is improperly relying on stricken data (Mot. § I).

1    jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*  As

2    discussed, several key concepts underlying Kinrich's opinions are based on

3    inadmissible evidence, and Apple would be substantially prejudiced if Kinrich is

4    allowed to disclose them.  *See* Mot. 10-16.

5    **II.     KINRICH'S SUPPLEMENT SHOULD BE STRICKEN AS UNTIMELY**

6           At a minimum, Kinrich's November 29, 2022 supplemental report should be

7    stricken under FRCP 26(e) because it was woefully untimely.  Mot. 16-18.

8           Notably, Plaintiffs do not dispute that Kinrich could have provided precisely the

9    same opinions in his original October 6, 2022 report.  Opp. 17.  Instead, they argue that

10   "courts routinely allow experts to supplement their opinions to address criticism or

11   court orders."  Opp. 15-16.  As Apple explained, the Ninth Circuit and courts in this

12   District have held precisely the opposite—i.e., an expert may *not* "revise her

13   disclosures in light of her opponent's challenges to the analysis and conclusions

14   therein … after the court's deadline for doing so has passed."  *Luke v. Fam. Care &*

15   *Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009); *accord Windeler v.*

16   *Cambria Cmty. Servs. Dist.*, 2021 WL 5411887, at *5 (C.D. Cal. Oct. 19, 2021)

17   (same); *see also Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880 (C.D. Cal.

18   Feb. 6, 2013) ("Supplementation … means … filling in the interstices of an incomplete

19   report based on information *that was not available at the time of the initial*

20   *disclosure*.").[6]  Plaintiffs have no answer to this straightforward principle—they

21   simply ignore it.[7]

22

23   ────────────────

24   [6] For example, Kinrich's original report does not cite to ████████████████

     ████████████       that underlies his "updated" opinions on Plaintiffs █████████

25   █████ for the health module *anywhere*—not even in his materials considered.

26   [7] In passing, Plaintiffs try to distinguish *Skechers* on its facts—i.e., because the flaw in

27   the supplemental expert report was different than the flaw in this case.  Opp. 17.  They
     do not, however, dispute the *legal* principle that supplementation is only appropriate
     where the expert learns new facts.  And they do not even mention *Luke* or *Windeler*.

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

The cases that Plaintiffs do cite are inapposite.  As their own brief acknowledges, *International Medical Devices, Inc. v. Cornell*, 2022 WL 2784806, at *3 (C.D. Cal. June 16, 2022), concerned a supplemental report that "address[ed] arguments raised for the first time in [defendant's] rebuttal expert report."  Opp. 16. That is not the issue here.  *See* Mot. Ex. 6 at 15:3-20 (Kinrich admitting that ██

████████████████████████████████████████████████████████████

████████████████████.[8]  *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.* is similarly far removed from this case, as the expert there realized that his report was missing two sets of documents and corrected the mistake "less than 48 hours after" discovering it.  2020 WL 7347860, at *4 (C.D. Cal. Nov. 18, 2020).  Kinrich's supplemental report, in contrast, provided wholly *new* opinions nearly two months late and did so in order to circumvent a court order.

As for Plaintiffs' remaining cases, Apple has already explained that neither permits an expert to belatedly supplement his or her report where the non-moving party was on notice of the legal flaws in the report before it was served.  Dkt. 1063 at 2.  In *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, the non-moving party "first learned of [the moving party's] contentions *after* the discovery deadline and acted promptly to remedy the alleged deficiency."  2003 WL 23715981, at *2 (D. Or. Jan. 21, 2003).  Here, Plaintiffs were on notice of Apple's objections to Priddell's and Muhsin's disclosures nearly a week before Kinrich's original report was served.  Mot. 2-3.  And in *Apple, Inc. v. Samsung Electronics. Co., Ltd.*, both sides timely exchanged supplemental reports on a deadline the parties had agreed upon— Samsung simply (and incorrectly) believed that Apple's supplemental report conflicted with a ruling in another case.  2014 WL 1322854, at *2 (N.D. Cal. Mar. 28, 2014).

---

[8] Moreover, *International Medical* reiterates the same basic principle laid out in the Ninth Circuit's *Luke* decision—i.e., that a supplemental expert report that "states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report" is "subject to exclusion under [FRCP] 37(c)."  2022 WL 2784806, at *2.

Wilmer Cutler
Pickering Hale
and Dorr LLP

While Plaintiffs now argue that part of Apple's supplemental report in that other
litigation should have been struck because it was untimely, Opp. 16, the district court
appeared to reject that argument because Samsung itself had failed to "timely" raise its
challenge, 2014 WL 1322854, at *4.  The same cannot be said here, where Apple filed
an *ex parte* application to strike the supplemental report three days after it was served.
Mot. 9.

Plaintiffs also briefly argue that Kinrich's supplemental report was either
substantially justified or harmless.  Opp. 17-18.  But their argument for substantial
justification assumes it is appropriate for an expert to serve a supplement in response
to a court order, which the case law does not support.  *See supra* pp. 8-9.  Plaintiffs
also argue that Apple did not give them *enough* notice about the deficiencies in
Kinrich's report.  But they do not dispute that Apple notified them via letter about the
problems with Muhsin's and Priddell's disclosures *6 days* before the original October
6, 2022 report was served.  *Compare* Mot. 2-3 *with* Opp. 17.  Plaintiffs acted at their
own peril by simply ignoring that letter for over a week.  Mot. 2-3.  In any event, this
Court had no trouble seeing the numerous flaws in the Priddell and Muhsin
disclosures; Plaintiffs present no reason why they could not have anticipated that
trying to "backdoor their damages case through piecemeal written disclosures …
contain[ing] previously undisclosed, fully-formed damages theories," Dkt. 1031 at 10,
was taking a serious gamble.

Nor was Plaintiffs' strategic decision to serve the supplement nearly two months
late harmless.  Setting aside the substantial wasted resources required to bring this
issue to the Court on multiple occasions, if Kinrich's supplement is permitted to stand,
Plaintiffs will be effectively given a do-over on damages theories that this Court has
already held were not timely disclosed during fact discovery.  At a minimum,
Plaintiffs' strategic decision to delay in providing calculations that they admit could
have been served in early October deprived Apple's damages expert of the full six-

1   week period to review and rebut Plaintiffs' spurious claims.  *See* Opp. Ex. T (filed

2   fourteen days after supplement).

3   **III.   KINRICH'S OPINIONS FAIL TO CALCULATE DAMAGES BASED ON APPLE'S**

4   **ALLEGED MISAPPROPRIATION**

5   As Apple explained, Kinrich's lost profits and unjust enrichment opinions are

6   unreliable because they fail to connect the harm purportedly caused by Apple's

7   supposed misappropriation to the monetary damages Kinrich proposes.  Mot. 18-21.

8   Remarkably, Plaintiffs concede that "Kinrich's calculations do not depend on

9   the specifics of how Apple misappropriated Masimo's trade secrets."  Opp. 19-20.

10  Instead, they contend Kinrich can simply assume Plaintiffs will somehow prove the

11  requisite link between harm and damages—and that they will do so without having

12  ever disclosed the basis for that link to Apple.  Opp. 18.  But this argument conflates

13  the kind of causation that must be shown for liability (i.e., that Apple utilized any of

14  the purported secrets in a manner that damages Plaintiffs in any way) and the kind of

15  causation that must be shown for damages (i.e., that Plaintiffs were directly harmed, or

16  Apple was directly enriched, in a manner proportionate to the monetary award).

17  Take Plaintiffs' allegations with respect to Apple's alleged misappropriation of

18  the ███████████████████████ trade secrets, for instance.  Plaintiffs contend

19  that Apple misappropriated this category of trade secrets by ████████████████

20  ███████.  Mot. Ex. 4 ¶23.  But, as Plaintiffs confirmed in their opposition, Kinrich's

21  ████████████████████████████████████████████████

22  ███████████  Opp. 19 (internal quotation marks omitted).  Even assuming Plaintiffs

23  establish that Apple misappropriated these alleged secrets through ████████ the harm

24  Plaintiffs suffer from misappropriation by ████████ has nothing to do with ████

25  ████████.  And even if it did, Kinrich has not provided any reason to think that the

26  harm Plaintiffs suffer will be the same if the jury finds that Apple misappropriated one

27  purported secret or all of them.  In other words, Kinrich's damages analysis is

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

fundamentally unreliable because it does not evaluate—or give the jury any way to evaluate—the supposed harm caused by Apple's alleged misappropriation if Apple is found to misappropriated fewer than all the asserted secrets (or to have misappropriated by disclosure rather than use).  *See* Mot. 18-19.

Kinrich's omission is especially unsound because the foundation for Kinrich's opinions—which Plaintiffs do not dispute—is the assumption that ███

███████████████████████████████████████████████████████████████████████

███████████████████████████████   Mot. 18-19; Mot. Ex. 6 at 93:8-11.  Because Kinrich's opinions require that Plaintiffs prove misappropriation of ███████████

█████, his calculations cannot, as Plaintiffs admit, be the same "regardless of how many trade secrets Apple misappropriated."  Opp. 19.

Plaintiffs also argue that Kinrich does not need to make such fine-grain distinctions regarding damages because he can rely on Plaintiffs' assumption that ███████████████████████████████████████████████████████████████

██████████████████████████████████████████████.  Opp. 19.  But Plaintiffs have not explained why that is so, logically, factually, or legally, particularly given that Plaintiffs allege that ████████████████████████████████████.  Mot. 18-19. In any event, a damages expert—like all expert witnesses—must be able to articulate the basis for their reasoning in order to be of use to the jury.  *See Shell & Slate Software Corp. v. Adobe Sys. Inc.*, 2004 WL 5486635, at *1 (C.D. Cal. Sept. 17, 2004) (excluding "inherently unreliable and speculative" damages opinion provided by Kinrich).  Kinrich has failed to explain why it would be reasonable to assume that ███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████

Plaintiffs' attempt, Opp. 19, to rely on *SPS Technologies, LLC v. Briles Aerospace, Inc.* to prop up Kinrich's speculative opinions is unavailing.  2021 WL 4913509, at *3 (C.D. Cal. Sept. 8, 2021).  That decision's holding that "California

Wilmer Cutler
Pickering Hale
and Dorr LLP

authority does not require an apportionment of damages … on a trade secret-by-trade secret basis" was based on two cases: *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 331 F. Supp. 3d 977, 989 (N.D. Cal. 2018), and *ATS Prod. Inc. v. Ghiorso*, 2012 WL 253315, at *1 (N.D. Cal. Jan. 26, 2012).  While the court in *ATS* did hold that a secret-by-secret apportionment of damages was not necessary because "complete precision is not required," it held that—like Kinrich's opinions here—"speculation as to *whether* loss of profits was the result of the wrong" is improper.  2012 WL 253315, at *1 (emphasis in original).  *Bladeroom*, moreover, was later vacated by the Ninth Circuit. *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1236 (9th Cir. 2021). While the majority did not expressly address the apportionment issue, Judge Rawlinson's concurrence made clear that "a damage[s] calculation that [is] not consistent with the evidence"—e.g., "damages testimony that calculated damages 'based on an assumption that all of the trade secrets were misappropriated' when the jury found that only some of the trade secrets were misappropriated"—is "useless to the jury."  20 F.4th at 1250 (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005)).

Finally, Plaintiffs' attempt to rehabilitate Kinrich's alternative theory of unjust enrichment fails.  Opp. 19-20.  Plaintiffs do not dispute that Kinrich proposes awarding damages to Plaintiffs regardless of whether Apple is shown to have used any of the purported secrets in connection with ████████████████████████. *Compare* Mot. 20 *with* Opp. 21.  Instead, Plaintiffs assert they "will present evidence from which a reasonable jury could conclude" that Apple used the alleged secrets in connection with ████████████████████.  Opp. 21.  Plaintiffs ignore, however, that neither their experts (Madisetti, Palmatier, and Kinrich) nor their interrogatory response (where Apple sought the factual basis for Plaintiffs' contentions) disclosed any evidence showing that Apple used the secrets in connection with ██████████████████.  *See, e.g.*, Dkt. 1082-16 (Madisetti report

1    offering no opinion that the ████████████████████████████████████

2    ███████████ Ex. 11 (same); Dkt. 1112 at 6-8, 10-13 (highlighting Palmatier's failure to

3    ████████████████████████████████████████).  Plaintiffs should not be

4    permitted to justify Kinrich's unreliable damages calculations based on a damages

5    theory that they have not raised even now, two months before trial.

6    **CONCLUSION**

7          This Court should grant Apple's motion to exclude Kinrich's (1) lost profits and

8    unjust enrichment "cost savings" opinions because they rely on previously stricken

9    materials and were untimely; and (2) lost profits and both unjust enrichment opinions

10   because they are unreliable.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

Dated:  January 23, 2023                    Respectfully submitted,


                                            MARK D. SELWYN
                                            AMY K. WIGMORE
                                            JOSHUA H. LERNER
                                            SARAH R. FRAZIER
                                            NORA Q.E. PASSAMANECK
                                            THOMAS G. SPRANKLING
                                            WILMER CUTLER PICKERING HALE AND
                                            DORR LLP

                                            BRIAN A. ROSENTHAL
                                            GIBSON, DUNN & CRUTCHER LLP

                                            KENNETH G. PARKER
                                            HAYNES AND BOONE, LLP



                                            By:  /s/ Mark D. Selwyn
                                                 Mark D. Selwyn


                                            *Attorneys for Defendant Apple Inc.*

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

## CERTIFICATE OF COMPLIANCE

2      The undersigned, counsel of record for Defendant Apple, Inc., certifies that this

3    brief contains 4469 words, which [choose one]:

4         X  complies with the word limit of L.R. 11-6.1

5         ___ complies with the word limit set by court order dated [date].

6

7    Dated:  January 23, 2023                    Respectfully submitted,

8

9                                                MARK D. SELWYN
                                                 AMY K. WIGMORE
10                                               JOSHUA H. LERNER
                                                 SARAH R. FRAZIER
11                                               NORA Q.E. PASSAMANECK
                                                 THOMAS G. SPRANKLING
12                                               WILMER CUTLER PICKERING HALE AND
13                                               DORR LLP

14
                                                 BRIAN A. ROSENTHAL
15                                               GIBSON, DUNN & CRUTCHER LLP

16
                                                 KENNETH G. PARKER
17                                               HAYNES AND BOONE, LLP

18

19

20                                               By:  /s/ Mark D. Selwyn
                                                      Mark D. Selwyn
21

22
                                                 *Attorneys for Defendant Apple Inc.*
23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP