# EXHIBIT 9

**WILMERHALE**

September 14, 2022

**Nora Q.E. Passamaneck**

+1 720 274 3152 (t)
+1 720 274 3133 (f)
nora.passamaneck@wilmerhale.com

Adam Powell
Knobbe, Martens, Olson, & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
adam.powell@knobbe.com

Re: *Masimo Corp., et al. v. Apple Inc.*, No. 8:20-cv-00048 (C.D. Cal.) | Plaintiffs' Post-Fact Discovery Productions

Dear Adam:

Following the close of fact discovery, Plaintiffs have served numerous additional document productions without explanation or apparent justification and further have cited to many of these untimely productions in their contention interrogatories. This conduct is highly prejudicial to Apple.

On August 19, 2022, Plaintiffs produced 15 documents, almost all of which were financial documents. Plaintiffs have represented that these documents were not kept in the ordinary course and instead were produced as part of expert discovery. *See* 8/22/2022 Email from M. Kachner. However, Plaintiffs have since relied on these documents in their interrogatory responses. *See, e.g.*, 9/6/2022 Plaintiffs' Suppl. Resps. to Apple's Rog Nos. 34 at 12 and 17 at 28. Please confirm that consistent with their representation that these documents were part of expert discovery, Plaintiffs do not intend to offer any fact witness testimony regarding these documents at trial.

On August 25, 2022, Plaintiffs produced an additional 257 documents, many of which have only been produced on Plaintiffs' source code computer, and ***all*** of which list Marcelo Lamego as custodian. These documents appear to have been solely in Plaintiffs' possession and date back many years; indeed, Masimo has not employed Dr. Lamego since 2013. Moreover, Plaintiffs have since relied on these documents in their interrogatory responses. *See, e.g.*, 9/6/2022 Pls.' Suppl. Resps. to Apple's Rog Nos. 6 at 44, and 7 at 11. Plaintiffs' withholding of these documents until after Dr. Lamego's deposition and after the close of fact discovery is highly prejudicial to Apple, which had no opportunity to question Dr. Lamego or other Masimo witnesses who appear on the face of the documents, or to seek testimony regarding the storage and retention of these documents Plaintiffs now allege were in the custody of Dr. Lamego. Please promptly explain why these documents were withheld from production until after the close of fact discovery. Apple will seek to preclude any affirmative reliance by Plaintiffs on these documents given their failure to timely produce them.

On August 29, 2022, Plaintiffs produced 6 images of what appear to be a prototype of a future Masimo Watch, and on September 1, 2022, produced a screenshot from an Android device. Mr. Muhsin confirmed during his deposition that the design of "Watch V2" had been finalized, and prototypes of each of Plaintiffs' future Masimo Watches existed, prior to his deposition. *See*

WILMERHALE

Adam Powell
September 14, 2022
Page 2

Muhsin Tr. 200:22-201:5, 205:8-206:10.  Plaintiffs also rely on MASA_P_100, the prototype shown in the images belatedly produced, in support of their contentions.  *See, e.g.*, 9/6/2022 Pls.' Suppl. Resps. To Apple's Rog No. 34 at 13.  Plaintiffs' unexplained withholding of these materials until after the close of fact discovery, and after Mr. Muhsin's deposition, prevented Apple from questioning the relevant Masimo witnesses about them.  Please promptly explain what these materials are and Plaintiffs' delay in producing them.

Finally, on September 7, Plaintiffs produced technical documents and hundreds of images. Plaintiffs have relied on these documents in support of their contentions.  *See, e.g.*, 9/6/2022 Pls.' Suppl. Resps. to Apple's Rog Nos. 26 at 37.  Again, please explain Plaintiffs' withholding of these materials until after the close of fact discovery.

Given the upcoming expert report deadlines, please provide a response to this letter by the end of the week.  Apple reserves all rights, including the right to preclude to any affirmative use by Plaintiffs of these untimely produced materials.


Regards,

Nora Q.E. Passamaneck

Exhibit 9
Page 2