# EXHIBIT 10

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1925 Century Park East, Suite 600, Los Angeles, CA 90067
T (310) 551-3450

September 26, 2022

**VIA EMAIL**

Nora Passamaneck
Wilmer Hale
nora.passamaneck@wilmerhale.com

Re: Masimo Corp. and Cercacor Laboratories v. Apple Inc.

Dear Nora:

We write in response to your September 14, 2022, letter and various subsequent emails complaining about Masimo's allegedly late productions. We addressed each production at issue below, and if Apple has a specific concern not addressed please let us know.

We assume the "August 19" production referenced in your letter is Masimo's August 18 production (Vol. MASA0080) because Masimo did not produce documents on August 19. As you acknowledge, Masimo explained the context for this production on August 18: Masimo's experts will rely on these documents to support their opinions. Moreover, Apple already questioned Bilal Muhsin during his deposition on these documents so Apple cannot reasonably assert it has suffered any prejudice. Your recent emails appear to acknowledge Apple does not take issue with the timing of this production.

Your September 14 letter also references an "August 25" production. We assume you are referencing Masimo's August 24 production (Vol. MASA081) because Masimo did not produce documents on August 25. Of the 257 documents Masimo produced on August 24, 244 are source code. The remaining 13 documents are source-code related emails. Masimo loaded the files on the Masimo source code computer at Apple's request. During fact discovery, Masimo conducted reasonable searches for relevant and requested documents, including based on Apple's custodial search terms. Masimo has continued to investigate facts relevant to this matter and produced additional identified documents that were not uncovered during Masimo's prior searches. As Masimo became aware of additional documents, Masimo produced them in compliance with its ongoing discovery obligations pursuant to Rule 26(e). Apple cannot reasonably assert it has suffered any prejudice for files placed on the source code computer because it has scheduled multiple inspections that it never attended. For example, Apple asked Masimo to arrange an inspection on April 28 and May 2. Apple attended on April 28 but did not attend on May 2. Apple did not notify Masimo in advance or explain why it did not attend. Apple also asked Masimo to arrange another inspection on June 13, June 14, and June 15. Apple attended on June 14 and 15 but did not appear on June 13. Again, Apple did not notify Masimo in advance or explain why it did not attend. Masimo informed Apple that additional source code was available for inspection on August 3 and again on August 24. Apple did not inspect the source code computer in August. Instead, Apple waited to schedule an inspection for September 14 and September 15. Apple attended on September 14 but did not attend on September 15. And, again, Apple did not notify Masimo in advance or explain why it did not attend on September 15.

# Knobbe Martens

Page 2

Your September 14 letter also references an "August 29" production. We assume you are referencing Masimo's August 26 production (Vol. MASA082) because Masimo did not produce documents on August 29. Masimo produced six images of the Masimo Watch Freedom prototype because *Apple* requested that Masimo make the prototype available for inspection. Apple cannot reasonably assert it has suffered any prejudice by Masimo producing a picture of a prototype that Apple asked to inspect.

Masimo's September 1 production (Vol. MASA083) included a screenshot that shows an image captured on August 27. Masimo timely produced the image less than a week after obtaining it as part of Masimo's ongoing duty to supplement its production under Rule 26(e). This production also included a press release dated August 31, 2022, announcing Masimo's full market consumer release of the Masimo W1, and Masimo's website referenced therein, allowing customers to purchase the Masimo W1 as of its release. Masimo also timely produced these documents as part of Masimo's ongoing duty to supplement its production under Rule 26(e). Apple cannot reasonably assert it has suffered any prejudice by Masimo producing a single screenshot a few days after it was generated or a press release one day after its publication.

Apple also takes issue with Masimo's September 7 production, and Apple alleges Masimo relied on documents in this production in response to Interrogatory No. 26. It appears you are referencing Masimo's September 6 production (Vol. MASA084). The majority of this production is images of the physical exhibits and trial demonstratives that were part of the ITC case. Apple inspected each physical exhibit and trial demonstrative in the ITC case. This production also includes the 2022 Cozumel ASIC User Manual, which is the final version of the previously produced document at MASA03167576 and MASA3167760. This production also includes two engineering schematics related to the W1, that Masimo produced in response to Apple's August 26, 2022 request to update Masimo's production of W1 related documents. The production also includes two public articles about the Apple Watch that Apple should have produced, and a repeat production announcing Masimo's limited market release of the Masimo W1. Masimo has continued to supplement its production as required under Rule 26(e), as Masimo identifies additional responsive documents. Apple has not explained how any document in this production caused Apple to suffer any prejudice.

To the extent Apple is taking issue with Masimo's production at (volume MASA085), there is also nothing improper about the timing of this production. As discussed above, on August 26, 2022 Apple specifically requested that Masimo update its production on the Masimo W1. This production includes the documents Apple specifically requested, including regulatory test protocols and results from 2022 that were generated as part of Masimo's final testing in preparation for Masimo's full market consumer release of the Masimo W1 on August 31, 2022. Masimo timely produced these documents based on Apple's request and as part of Masimo's ongoing duty to supplement its production under Rule 26(e). This production also includes the documents from *True Wearables* that Apple specifically requested and Special Master Guilford ordered Masimo to produce. This production also includes documents regarding Valencell, that relate to a Valencell document that Apple produced after the close of fact discovery.

On September 22, Apple complained about Masimo's September 21 production of 36 documents. Apple did not raise any specific objections about this production. Most of these documents were paper files located by David Dalke that he provided to Masimo's counsel less than one week before we

knobbe.com

Exhibit 10
Page 2

**Knobbe Martens**

produced them.  These documents could not have been located based on ESI searches and were also not located based on Masimo's other reasonable search efforts.  We promptly reviewed and produced these documents in compliance with Masimo's ongoing discovery obligations pursuant to Rule 26(e).  In preparing this letter, we noticed the documents from Mr. Dalke were incorrectly loaded as having "No custodian."  We will provide an overlay this week with the correct data.  In addition to the documents from Mr. Dalke, this production also included a 2003 Masimo licensing agreement that was superseded in 2006.  We produced the superseded version of the agreement upon learning it had not been produced earlier.  The production also included an engineering schematic for a tool referenced in previously produced procedure documents, some additional documents responding to Apple's August 26 request that Masimo update its production on the Masimo W1, and some documents that Masimo identified and produced before the Mohamed Diab deposition.  Masimo produced all of these documents in compliance with its ongoing discovery obligations pursuant to Rule 26(e).

Apple cannot reasonably assert that it has been prejudiced by Masimo producing any of these documents.  However, as we have explained several times now, Masimo is willing to discuss any additional discovery that Apple believes is necessary.

Apple's position regarding Masimo's document productions is also inconsistent with Apple's own conduct.  On the last day of fact discovery, Apple produced approximately 280,000 pages of discovery, totaling approximately 24,000 documents.  After the close of fact discovery, Apple also produced another approximately 110,000 pages of discovery, totaling nearly 11,000 documents.  To date, Apple produced more than 550,000 pages of documents after the June 10 deadline for completion of responses to document production (18% of its total production), about 110,000 pages of which it produced after the close of fact discovery.  In contrast, Masimo produced just 25,222 pages of documents after the June 10 deadline for completion of responses to document production (0.5% of its total production).  We will address Apple's productions separately.

Best regards,

*/s Mark Kachner*

Mark D. Kachner