Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY ON AIRPODS ROYALTIES**

Date: February 6, 2023
Time: 1:30 p.m.
Location: Courtroom 10C

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Apple's Recitation of the Factual Background is Misleading and Incomplete .......... 2

1. Masimo's Complaint Is Not Limited to the Apple Watch .......... 2

2. Masimo Sought Discovery [REDACTED] .......... 3

3. Apple Withheld Throughout Discovery Information Disclosing [REDACTED] .......... 4

4. Apple Produced Detailed Structural Information Disclosing [REDACTED] Only After Fact Discovery Closed .......... 6

5. Masimo Was Diligent After Deposing [REDACTED] .......... 7

B. Masimo Satisfied Apple's Six-Factor *Pomona* Test .......... 8

1. Factor 1: The [REDACTED] Reasonable Royalty Trial Is Not Imminent .......... 8

2. Factor 2: Apple Opposes This Motion .......... 9

3. Factor 3: Apple Would Not Be Prejudiced .......... 9

4. Factor 4: Masimo Was Diligent .......... 10

5. Factor 5: Apple's Discovery Withholdings Made [REDACTED] Royalty Discovery Unforeseeable .......... 11

6. Factor 6: Discovery on [REDACTED] Royalties Is Relevant .......... 12

C. Apple Does Not Dispute That Masimo Would Need Relief from the Protective Order to Pursue Another Litigation .......... 13

III. CONCLUSION .......... 14

## TABLE OF AUTHORITIES

**Page No(s).**

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060 (9th Cir. 2017) .......... 8, 13

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2020 WL 8027978 (C.D. Cal. Aug. 7, 2020) .......... 9

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512 (9th Cir. 1995) .......... 11

*Signal IP, Inc. v. Kia Motors Am., Inc.*, 2016 WL 6775690 (C.D. Cal. Apr. 22, 2016) .......... 10, 11, 12

*Strick v. United Ret. Consultants, Inc.*, 2018 WL 6164261 (C.D. Cal. June 14, 2018) .......... 10

# I. INTRODUCTION

Apple withheld until after the close of fact discovery information showing Apple used [REDACTED] None of Apple's excuses justify denying Masimo's request for reasonable royalty discovery.

Apple incorrectly suggests the Complaint is limited to the Apple Watch. It is not. The Complaint is directed to all of Apple's acts of misappropriation. Apple argues Masimo never sought the belated discovery. However, Masimo's requests also related to all of Apple's uses of Masimo's trade secrets—not merely in the Apple Watch. For example, Interrogatory No. 27 required Apple [REDACTED]

Apple argues that it disclosed during discovery [REDACTED] However, in September 2022, after the close of discovery, Apple first produced documents that showed [REDACTED] But Apple cannot blame Masimo for not acting on information Apple was withholding.

Apple's arguments regarding when Masimo learned, or should have learned, that [REDACTED] are also entirely irrelevant. Masimo is ***not*** seeking further discovery on [REDACTED] Indeed, Masimo already served Madisetti's supplemental report describing that misappropriation. Apple has not challenged that report on any summary judgment motion, motion to strike, or *Daubert*. Apple's attorney argument that [REDACTED] are directed toward a question of fact for the jury.

/ / /

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Apple ignores that, in this Motion, Masimo is seeking reasonable-royalty discovery—basic information such as unit sales, revenue, and profits. Apple does not dispute it has withheld all royalty-related discovery on [REDACTED] This discovery will not impact trial because a reasonable royalty would be determined by the Court after trial if the jury finds liability. Apple makes attorney argument that it supposedly lacks sufficient resources to provide the limited discovery on [REDACTED] royalties. But Apple never explains why its numerous law firms could not accomplish that discovery, particularly when ample time remains before royalties would be addressed by the Court. Apple argues that Masimo's proposed schedule for royalty discovery would be prejudicial, but does not explain how a trillion-dollar company and its army of lawyers from multiple prestigious law firms could lack the resources to provide focused discovery on [REDACTED] royalties. Apple also fails to propose an alternative schedule.

The Court should grant the requested discovery.

## II. ARGUMENT

### A. Apple's Recitation of the Factual Background is Misleading and Incomplete

Apple's "Background" presents five misleading and incomplete sections that seek to blame Masimo for the timing of Apple's discovery responses.

#### 1. Masimo's Complaint Is Not Limited to the Apple Watch

Apple argues that Masimo's operative Fourth Amended Complaint [REDACTED] and that Masimo instead "alleg[ed] that Apple used and disclosed Plaintiffs' trade secrets in developing and selling Apple Watch." Opp'n at 2. But Masimo's trade secret claims are not limited to Apple's misappropriation in connection with the Apple Watch. For example, Masimo pled that [REDACTED] Dkt. 296-1 at 85.

[REDACTED]

Apple argues that [redacted] Opp'n at 2. But Masimo does not assert that the original [redacted] Apple avoids disclosing when Apple first sold the [redacted] much less when Apple first produced information sufficient for Masimo to ascertain the [redacted]

2. **Masimo Sought Discovery** [redacted]

Apple next accuses Masimo of not serving discovery requests or responses specific to [redacted] Opp'n at 2-3. Apple argues that Masimo should have identified [redacted] in response to Apple's Interrogatory No. 10, which sought identification of Apple products that use the asserted trade secrets. *Id.* Apple similarly argues that "at no point during fact discovery did Plaintiffs inform Apple that they believed [redacted] to be a relevant or accused product[.]" *Id.* at 3. Apple ignores that it withheld the discovery that alerted Masimo to [redacted] until after the close of fact discovery.

Apple specifically argues that "not one of the 750 requests for production and thirty-five interrogatories Plaintiffs have served in this case mentions [redacted]" *Id.* Apple also argues that "most of Plaintiff's discovery requests expressly define the accused products at issue exclusively as Apple Watch devices and related software." *Id.* But Apple does not dispute that Masimo served requests that seek discovery regarding ***any*** misappropriation by Apple—not only in connection with the Apple Watch. Indeed, Masimo identified its RFPs 559-562, 575-583, and 739-741 as examples of its requests that were not limited to Apple Watch. Mot. at 2. Masimo also

identified its Interrogatory Nos. 21 and 27 that were not limited to Apple Watch. *Id.* at 2-3. Had Apple provided [REDACTED] information during fact discovery, Masimo would have served additional discovery that more specifically targeted [REDACTED] Apple cannot blame Masimo for being unaware of discovery Apple was withholding.

Apple also inaccurately splices a discovery-dispute letter from Masimo. Opp'n. at 3 (citing Ex. 12). In that letter, Masimo explained:

[REDACTED]

Ex. 12 at 2.

Masimo's letter confirmed it sought discovery regarding relevant technology and was unwilling to limit discovery to specific product lines as Apple proposed. Masimo sought discovery regarding physiological monitoring and sensor design, whether for [REDACTED] or any other product. Apple had no basis for withholding discovery showing the [REDACTED] Apple knew there was overlap between the Apple Watch and the [REDACTED]

### 3. <u>Apple Withheld Throughout Discovery Information Disclosing [REDACTED]</u>

Apple misleadingly focuses on various pieces of information about [REDACTED] that Apple produced during fact discovery. But that information did not disclose [REDACTED] For example, Apple argues it produced documents showing that [REDACTED] Opp'n. at 4. Madisetti's supplemental report explains that

[redacted] Ex. 20.

Apple similarly argues that it [redacted]

[redacted]

Thus, none of the documents or deposition testimony Apple provided during fact discovery disclosed that the [redacted] Apple does not explain why it withheld that information until after the close of fact discovery (or why Apple first provided the rest

/ / /

of its post-close production totaling over 175,000 pages after the close of fact discovery). *See* Powell Decl. ¶ 19.

### 4. Apple Produced Detailed Structural Information Disclosing the [REDACTED] Only After Fact Discovery Closed

Apple's production after the close of fact discovery contains far more detail about the [REDACTED] Apple admits that it produced additional documents regarding [REDACTED]—after the close of fact discovery. Opp'n. at 5. These documents first alerted Masimo to [REDACTED] *Id.* For example, Madisetti's supplemental report cited a schematic from a document produced after the close of fact discovery [REDACTED] *See* Ex. 20, ¶ 20.

After reviewing the late-produced technical documents, [REDACTED] Ex. 18 at 21:3-22:12; 53:20-55:12.[1]

Madisetti relied upon the additional detail in the late-produced technical documents and the [REDACTED] in his supplemental report, as shown below:

/ / /

[1] [REDACTED]



Ex. 20 ¶ 20.

Ex. 20 ¶¶18-20.

5. **Masimo Was Diligent After Deposing**

Apple also criticizes Masimo's timeliness after obtaining the tardy discovery. Opp'n. at 6. Apple calls Madisetti's November 2, 2022, supplemental report "belated" despite Masimo serving it only nine days after . *Id.* Apple also complains about the timing of this Motion. However, Apple does not explain what Masimo could have done to expedite the process. Apple acknowledges that, as of November 29, 2022, Apple was disputing the timeliness of Masimo's contention that rather than addressing Masimo's request for financial discovery related to . *Id.* Apple inaccurately asserts that Masimo Apple ignores that Masimo served Madisetti's Supplemental Report describing that connection on November 2. Masimo also explained its contentions in an email between counsel later in November. *See* Ex. 23.

Apple's attorney argument regarding whether

Nor has Apple moved to strike Madisetti's Supplemental Report (despite moving to strike many other opinions). Nor has Apple filed a *Daubert* Motion against that opinion. Indeed, Apple did not dispute that Masimo will argue at trial that the evidence of Apple's liability for misappropriation includes

Mot. 5.

**B. <u>Masimo Satisfied Apple's Six-Factor *Pomona* Test</u>**

Apple argues the Court should resolve this Motion by applying a six-factor test: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. Opp'n. at 7 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)). Under that standard, the Court should grant Masimo's Motion.

Masimo addresses the six factors in order below.

**1. <u>Factor 1: The Reasonable Royalty Trial Is Not Imminent</u>**

This factor favors Masimo because any trial on damages is not imminent. Masimo does not ask the Court to delay trial to allow sufficient time for Masimo to seek damages from the jury for Apple's trade secret use in Instead, Masimo agreed to limit damages to a reasonable royalty if the Court grants this Motion. Mot. at 5. The Court recently confirmed that it would consider a reasonable royalty after a jury verdict on liability. Apple does not dispute that procedure. Instead, Apple argues that the jury trial is imminent. Opp'n. at 11-12. That is irrelevant because Factor 1 addresses the trial for which the discovery is sought. Accordingly, this factor weights in favor of granting this Motion.

/ / /

**2. Factor 2: Apple Opposes this Motion**

This factor weighs slightly in favor of Apple because Apple opposes this request. However, Apple recently moved for and obtained royalty discovery regarding Masimo's GE agreements, including third-party discovery from GE. Dkt. 1071. Apple cannot credibly assert it would be unfair or prejudicial for Masimo to take reasonable royalty discovery while Apple is doing the same. Thus, this factor is entitled to little or no weight in this case.

**3. Factor 3: Apple Would Not Be Prejudiced**

This factor favors Masimo. Apple argues that "Plaintiffs' proposed discovery schedule would greatly prejudice Apple" because it "will greatly interfere with the jury trial and preparation for that trial, particularly for Apple." Opp'n. at 12. Apple is the most valuable company in the world, with a market capitalization of over two-trillion dollars. Apple has filed appearances for over 30 attorneys and is represented by four law firms: Gibson Dunn, WilmerHale, Haynes and Boone, and Lewis & Llewellyn. Apple also engaged several other law firms in other disputes between the parties.

Apple also again fails to address its recent request for additional royalty discovery about Masimo's GE agreements. Mot. at 7 (citing Dkt. 1071). Apple cannot credibly argue that it can afford just enough lawyers to pursue royalty discovery regarding GE while preparing for trial, but not quite enough lawyers to perform the limited additional work of addressing [REDACTED] royalties. Finally, Apple complains about the particular dates that Masimo proposed for [REDACTED] royalties discovery, but proposes no alternative dates. Opp'n. at 12-13. Apple's lack of credible prejudice weighs in favor of granting this Motion. Regardless, the Court could eliminate any purported prejudice by allowing the parties to conduct [REDACTED] royalties discovery after the March 2023 jury trial.

Apple relies on three inapposite cases describing prejudice in denying a motion for discovery after the close of fact discovery. Opp'n. at 11. In *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, the discovery sought had "been before [the] Court and discussed in motions and orders for years," including "in 180 separate docket entries,"

and had been opened for discovery years earlier. 2020 WL 8027978, at *3 (C.D. Cal. Aug. 7, 2020). By comparison, Apple withheld discovery showing [REDACTED] until after the close of fact discovery.

In *Strick v. United Ret. Consultants, Inc.*, the moving party waited eight months before filing the motion to compel, during which time fact discovery closed. 2018 WL 6164261 (C.D. Cal. June 14, 2018). By comparison, Masimo learned of the [REDACTED] misappropriation after the close of fact discovery and acted diligently.

In *Signal IP, Inc. v. Kia Motors America, Inc.*, the plaintiff knew of the source code it sought discovery on years earlier, when it sought the code for claim construction. 2016 WL 6775690, at *9 (C.D. Cal. Apr. 22, 2016). By comparison, Masimo was unaware that AirPods royalty discovery was relevant until after Apple's production following the close of fact discovery.

**4. <u>Factor 4: Masimo Was Diligent</u>**

This factor favors Masimo. As discussed above and in Masimo's opening brief, Masimo diligently sought discovery regarding the full scope of Apple's misappropriation. Apple should not be rewarded for withholding relevant discovery until after the close of fact discovery. Masimo diligently reviewed Apple's production of over 175,000 pages after the close of fact discovery. Powell Decl. ¶ 19. Masimo identified documents that disclosed for the first time the second generation [REDACTED] [REDACTED] Masimo promptly sought [REDACTED], which occurred on October 24, 2022. During that deposition, Masimo confirmed that [REDACTED] Masimo then attempted to work with Apple to obtain reasonable, focused royalty discovery so that Masimo could serve a corresponding supplemental damages report. Once Apple confirmed that it refused to provide any royalty discovery regarding [REDACTED], Masimo filed this Motion.

This factor weighs strongly in favor of Masimo.

**5. Factor 5: Apple's Discovery Withholdings Made [REDACTED] Royalty Discovery Unforeseeable**

This factor favors Masimo. The need for discovery on [REDACTED] royalties was not foreseeable during fact discovery because Apple withheld discovery showing [REDACTED] use LP-5 until after the close of fact discovery. Had Apple timely provided that discovery, Masimo would have sought from Apple discovery concerning all possible damages related to [REDACTED], including reasonable royalties.

Apple argues that "the supposed need for [REDACTED] discovery was just as foreseeable during discovery as it is today." Opp'n. at 10. Apple continues to ignore that damages discovery regarding [REDACTED] was not foreseeable until Apple produced documents and a deposition witness establishing [REDACTED] use LP-5 and Lamego was the source of that information. Apple produced that information only after the close of fact discovery.

Apple argues that [REDACTED] has been publicly known since 2021 and was referenced in Apple's November 2021 production. *Id.* But knowing that [REDACTED] The need for [REDACTED] royalty discovery was not foreseeable until after the close of fact discovery when Apple finally produced technical documents disclosing that the skin-sensing used LP-5.

Apple relies on *U.S. ex rel. Schumer v. Hughes Aircraft Co.* to argue that discovery should not be reopened for an issue that was previously foreseeable. Opp'n. at 10 (citing 63 F.3d 1512 (9th Cir. 1995)). However, [REDACTED] remedy discovery was not foreseeable as relevant until after Apple produced documents showing [REDACTED] Moreover, the movant in *Schumer* had alternative means of obtaining the discovery at issue, whereas Masimo does not. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512 (9th Cir. 1995).

Apple also relies on *Signal IP, Inc. v. Kia Motors Am., Inc.* to argue that seeking discovery months after discovery closed weighs against reopening discovery. Opp'n. at 12 (citing 2016 WL 6775690, at *9 (C.D. Cal. Apr. 22, 2016).) However, in *Signal IP*, the plaintiff unsuccessfully moved for the discovery as part of claim construction, failed to seek the discovery during normal fact discovery, and then moved again after fact discovery closed. 2016 WL 6775690, at *9 (C.D. Cal. Apr. 22, 2016). Masimo has not previously moved for [REDACTED] royalty discovery because it only learned that discovery was relevant based on Apple's production after the close of fact discovery.

Thus, this factor also weighs in favor of Masimo.

6. **<u>Factor 6: Discovery on [REDACTED] Royalties Is Relevant</u>**

This factor favors Masimo because discovery regarding reasonable royalties for Apple's misappropriation will lead to relevant information. Apple cannot dispute that damages discovery is relevant. Instead, Apple argues that Masimo "skipped right over liability and proceeded straight to damages." Opp'n. at 11. Apple highlights the phrase [REDACTED] *Id.* Apple provides no citation supporting that attorney argument. Moreover, Apple's Senior Director of Human Interface Device Software admitted that [REDACTED] Ex. 19 at 49:18-51:6. Apple did not move for summary judgment and cannot avoid providing damages discovery by making attorney arguments directed to liability, particularly when those arguments are contradicted by a witness.

Nor could Apple have obtained summary judgment on liability. Indeed, Apple's argument has been soundly rejected by other courts. For example, in *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012), the court rejected the defendant's argument that it did not misappropriate the trade secrets "because it does not use several of the claimed elements." The Court explained "this argument misunderstands the law on this point" because "information may be improperly 'used'

in that it is unlawfully acquired and then built upon or modified before being disclosed or benefit derived." *Id.*; *see also BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 514923, at *9 (N.D. Cal. Jan. 23, 2018) (a reasonable jury could find misappropriation based on defendants' use of a technique "closely resembling" plaintiff's technology).

Apple also asserts Madisetti [REDACTED] Opp'n. 11 citing Ex. M ¶¶ 21, 663, 729 (emphasis added by Apple). But LP-5 is not limited to a particular field. And Apple cannot avoid liability by [REDACTED]. *See SkinMedica*, 869 F. Supp. 2d at 1197; *BladeRoom*, 2018 WL 514923, at *9.

Accordingly, this factor, and the cumulative weight of all six factors, strongly favor granting the requested discovery.

**C. <u>Apple Does Not Dispute That Masimo Would Need Relief from the Protective Order to Pursue Another Litigation</u>**

The Protective Order limits Masimo's use of discovery from this case. Mot. at 8 (citing Dkt. 67 at 6). If this Motion were denied, Masimo would need to move for relief from the Protective Order so Masimo could rely on Apple's confidential discovery showing [REDACTED] as the basis for filing a new misappropriation case.

Apple asserts it would be "impossible" for the Court to evaluate the value of avoiding another lawsuit because Apple claims that Masimo has "not made any formal allegations against [REDACTED] Opp'n at 13. Again, Apple ignores Madisetti's supplemental expert report, and Apple's decision not to challenge it.

Apple also argues that Masimo's "threat should be given no weight in this context, as the first three *Pomona* factors are concerned with burdening the non-moving party." Opp'n. at 13. That is a non-sequitor. Masimo addressed the first three factors as part of the overall *Pomona* test, which weighs in favor of Masimo. Regardless of the *Pomona* factors, avoiding another lawsuit provides an additional reason to grant the Motion. Apple does not dispute that a contested motion regarding the Protective Order

would be inefficient. Nor does Apple dispute that additional litigation would be even more inefficient.

Under these circumstances—where Masimo served a liability expert report on [REDACTED] and Apple did not object—it makes sense to address [REDACTED] damages in this case, rather than in another one.

## III. CONCLUSION

Masimo respectfully requests that the Court grant its Motion for Discovery on [REDACTED] Royalties.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 23, 2023

By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 4,053 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: January 23, 2023

By: */s/Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56982328