Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearances continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFF'S RESPONSE TO**<br>) **DEFENDANTS MEMORANDUM OF**<br>) **EVIDENTIARY OBJECTIONS**<br>)<br>) Date:        February 6, 2022<br>) Time:        1:30 p.m.<br>) Location:   Courtroom 10C<br>)<br>)<br>) |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs' submits this response to Apple's Memorandum of Evidentiary Objections (Doc. 1123-3).

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| 1 | **Plaintiffs' Evidence:**<br><br>Plaintiffs' Exhibit 2 and Kiani Decl. ¶ 14 (quoting Exhibit 2).<br><br>**Apple's Objections:**<br><br>FRE 802 (Hearsay). In SUF No. 33, Plaintiffs rely on Lamego's statement that ███████████ ███████████████ ████████████ for the truth of the matter asserted. | Exhibit 2 is not hearsay because Masimo does not offer it to prove the truth of the matter asserted, e.g., ███ ████████████████████ ██████████████████████ ████████████████████ ████████████████ FRE 801(c)(2).<br><br>For example, Exhibit 2 is evidence that ████████████████████ ████████<br><br>Alternatively, Exhibit 2 falls under an exception to the hearsay rule as a statement of Lamego's then-existing state of mind that he believed he could be, and was entitled to be, ██████ ████████████████ FRE 803(3).<br><br>Alternatively, Exhibit 2 falls under an exception to the hearsay rule as a record of a regularly conducted activity.  FRE 803(6). |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| 2 | Plaintiffs' Evidence:<br><br>Plaintiffs' Exhibit 28<br><br>Apple's Objections:<br><br>FRE 802 (Hearsay). In SUF No. 35, Plaintiffs rely on this email to support their factual assertion that Lamego ██████ ██████████████ ████████ ███████████████ ████████████████ ████████████ | Exhibit 28 is not hearsay because Masimo does not offer it to prove the truth of the matter asserted, e.g., that ████████████████ ██████████████████ █████████████████ ████████████ FRE 801(c)(2).<br><br>For example, Exhibit 28 is evidence that Lamego offered to use his ████████ ████████████████████ ███████████████ ███████████████████ ████████████████ ██████████████ Alternatively, Exhibit 28 falls under an exception to the hearsay rule as a statement of Lamego's then-existing state of mind that ████████ ████████████████ ████████████ ██████████████████ ███████████████ FRE 803(3). |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | | Alternatively, Exhibit 28 falls under an exception to the hearsay rule as a record of a regularly conducted activity.  FRE 803(6). |
| 3 | Plaintiffs' Evidence: <br><br> Plaintiffs' Exhibit 29 <br><br> Apple's Objections: <br><br> FRE 802 (Hearsay); FRE 602 (Foundation). In SUF No. 36, Plaintiffs rely on O'Reilly's statement that ███████ ██████████████████ ███████████████████ ██████████████████ ████████████████ ██████████████ ██████  for the truth of the matter asserted. There is no evidence O'Reilly had sufficient knowledge of the relevant technical issues to provide proper foundation for such a | Exhibit 29 is not hearsay because Masimo does not offer it to prove the truth of the matter asserted, e.g., ████ ██████████████████ ██████████████████ ████████████████████████ ██████      FRE 801(c)(2). <br><br> For example, Exhibit 29 is evidence that Apple was told that ████████████ ██████████████████ ████████████████████████ ████████████████████████ ████ <br><br> Exhibit 29 is also not hearsay because it is an email exchange between Apple employees and constitutes an opposing party's statement.  FRE 801(d)(2). <br><br> Alternatively, Exhibit 29 falls under an exception to the hearsay rule as a |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | statement or to make it a statement of a party opponent. | statement of O'Reilly's then-existing state of mind that ███████ ███████████████████████ ███████████████████ ███████████     FRE 803(3). Alternatively, Exhibit 29 falls under an exception to the hearsay rule as a record of a regularly conducted activity.  FRE 803(6). |
| 4 | Plaintiffs' Evidence: Kiani Decl. ¶ 8 Apple's Objections: FRCP 37(c)(1) (Untimely Disclosure). In SUF No. 3, Plaintiffs rely on a paragraph that includes Kiani's assertion about the ███████████ ██████████ ████████████████ ███████████████ As explained in Apple's pending Motion to Strike, this assertion should be struck | Kiani's testimony is not untimely for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. *See* Dkt. 1151-1 at 17-20. |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | because it was not timely disclosed. *See* Dkt. 1124-1 at 20-22. | |
| 5 | Plaintiffs' Evidence: Kiani Decl. ¶ 20 <br><br> Apple's Objections: <br><br> FRE 802 (Hearsay). In SUF No. 32, Plaintiffs appear to rely on O'Reilly's purported statements to Kiani while O'Reilly was an employee of Plaintiffs—i.e., that ███████ ████████████████ ██████████████████ ████████████████ █████████████ ████████████████ ███████████ O'Reilly—for the truth of the matter asserted. | O'Reilly's statements are not hearsay because Masimo does not offer them for the truth of the matter asserted, e.g., that ██████████████████ ██████████████████ ██████████████████ ███████████████████ ██████████████████ ███████████ FRE 801(c)(2). <br><br> For example, O'Reilly's statements are evidence that ████████████ ███████████████ ██████████████████ <br><br> Alternatively, O'Reilly's statements are an exception to the hearsay rule as statements of O'Reilly's then-existing state of mind that ████████████ ██████████████████ ████████████████ ██████████████ |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | | ████████████████ ████████████████ ████████ FRE 803(3). Alternatively, Kiani Decl. ¶ 20 falls under an exception to the hearsay rule as a record of a regularly conducted activity. FRE 803(6). |
| 6 | Plaintiffs' Evidence: Kiani Decl. ¶ 21  Apple's Objections: FRE 402 (Irrelevant). In SUF No. 31, Plaintiffs rely on this paragraph— which states that ████████████████ ████████████ ████████████████ ██████████████ ████████████ ████████████ is irrelevant because (beyond Lamego and O'Reilly) Plaintiffs have not alleged that any other former employee was involved | On summary judgment, there are no concerns about confusing or misleading the jury. Apple would not try to exclude truly irrelevant testimony. Apple's pattern of hiring other Masimo employees is relevant to show Apple was determined to obtain Masimo's technology, and thus establish that Apple misappropriated Masimo's trade secrets through Lamego and O'Reilly. FRE 402.  Evidence of Apple's ██████████ ██████████████████ ████████████████ ████████████████ ██████████████ |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | in the purported misappropriation. | ███████████████████<br>███████████████<br>████████████████<br>██████████████████<br>███████ FRE 404(b)(2). |
| 7 | Plaintiffs' Evidence:<br><br>Hammarth Decl. ¶¶ 22-28<br><br>Apple's Objections:<br><br>FRE 402 (Irrelevant). In SUF Nos. 6, 7, and 11, Plaintiffs rely on some or all of these passages of Hammarth's declaration to show that Plaintiffs purportedly take reasonable efforts to protect their alleged secrets. However, Cercacor's *current* policies do not establish whether Plaintiffs took reasonable efforts during the time that Lamego was employed by Plaintiffs. | On summary judgment, there are no concerns about confusing or misleading the jury. Apple would not try to exclude truly irrelevant testimony.<br><br>Hammarth's Declaration is relevant because it describes security and confidentiality measures Cercacor had in place while Lamego was working there and continue to have in place.<br><br>██████████████<br>██████████████████<br>█████████████████<br>████████████████<br>███████████████<br>██████████████████<br>████████████████<br>██████████████<br>██████████████████<br>████████████ |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | | |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | | ████████████████████ |
| | | ████████████████████ |
| | | ████████████ |
| | | ████████████████ |
| | | █████████████████ |
| | | █████████████████ |
| | | ██████████████ |
| | | █████████████ |
| | | █████████████████ |
| | | █████████████████ |
| | | ███████████ |
| 8 | Plaintiffs' Evidence:<br><br>Miller Decl. ¶¶ 7-10<br><br>Apple's Objections:<br><br>FRE 402 (Irrelevant). In SUF Nos. 10 and 12, Plaintiffs rely on some or all of these passages of Miller's declaration to show that Plaintiffs take purportedly reasonable efforts to protect their alleged secrets. However, Masimo Corp.'s *current* policies do not establish whether | On summary judgment, there are no concerns about confusing or misleading the jury.  Apple would not try to exclude truly irrelevant testimony.<br><br>Miller's Declaration is relevant because it describes Masimo employment procedures that Masimo had in place while Lamego was working there and continue to have in place. ████████<br>██████████████████<br>████████████<br>██████████████<br>████████████ |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | Plaintiffs took reasonable efforts during the time that Lamego was employed by Plaintiffs. | ██████████ |
| 9 | Plaintiffs' Evidence:<br><br>Muhsin Decl. ¶¶ 4-7, 9-11<br><br>Apple's Objections:<br><br>FRE 402 (Irrelevant). In SUF Nos. 6-8, and 11, Plaintiffs rely on some or all of these passages from Muhsin's declaration to show that Plaintiffs take purportedly reasonable efforts to protect their alleged secrets. However, Masimo Corp.'s *current* policies (or policies that | On summary judgment, there are no concerns about confusing or misleading the jury.  Apple would not try to exclude truly irrelevant testimony.<br><br>Muhsin's Declaration is relevant because it describes security and confidentiality measures Masimo had in place while Lamego was working there and continue to have in place. ██████████ |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | were enacted after Lamego began his employment) do not establish whether Plaintiffs took reasonable efforts during the whole time that Lamego was employed by Plaintiffs. | ██████████████ ████████████ ██████████████ ███████████████ █████████████ ████ FRE 402. |
| 10 | Plaintiffs' Evidence:<br><br>Poeze Declaration ¶¶ 3, 14-20.<br><br>Apple's Objections:<br><br>FRCP 37(c)(1) (Untimely Disclosure) In SUF Nos. 23, 26, 27, and 49, Plaintiffs rely on some or all of these passages to show their development and use—and to demonstrate misappropriation—of purported ███ Trade Secret Nos. 9-15. However, as explained in Apple's motion to strike, these paragraphs all contain late disclosed facts or arguments and should thus be struck. Dkt. 1124-1 at 18-20. | Poeze's testimony is not untimely for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. *See* Dkt. 1151-1 at 1-6. |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| <u>11</u> | <u>Plaintiffs' Evidence:</u><br><br>Madisetti Decl. ¶¶ 47-52<br><br><u>Apple's Objections:</u><br><br>FRCP 56(c)(4), Local Rule 7-7 (Declaration with Lack of Personal Knowledge); FRE 602 (Foundation). In SUF No. 25, Plaintiffs rely on these paragraphs from Madisetti's declaration to assert ▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ he necessarily lacks personal knowledge. FRE 802 (Hearsay). Paragraphs 50-51 quote an email from Lamego to Kiani while both were employed at Plaintiffs regarding a ▇▇▇▇▇▇ | Madisetti, as an expert witness, can base his opinions on facts or data in the case that he "has been made aware of" and need not have personal knowledge of the facts or data. FRE 703.<br><br>The cited paragraphs recite facts Madisetti was made aware of by Masimo fact witnesses and contemporaneous documents, including source code. Accordingly, the challenged paragraphs are admissible under FRE 703, and comply with FRCP 56(c)(4), Local Rule 7-7, and FRE 602.<br><br>The email from Lamego to Kiani is not hearsay because Masimo does not offer it to prove the truth of the matter asserted, e.g., ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ FRE 801(c)(2).<br><br>For example, the email is evidence that Lamego accessed the trade secrets while he was at Masimo and told Kiani ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇<br><br>Alternatively, the email is an exception |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | ▮▮▮▮▮▮ for the truth of the matter asserted. | to the hearsay rule as a statement of Lamego's then-existing state of mind that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ FRE 803(3).<br><br>Alternatively, the email falls under an exception to the hearsay rule as a record of a regularly conducted activity. FRE 803(6).<br><br>Moreover, as experts in his field would rely on the kinds of facts or data Madisetti discussed in Paragraphs 47-52 in forming an opinion on the subject, the underlying facts and data "need not be admissible for [Madisetti's] opinion to be admitted." FRE 703. |
| 12 | Plaintiffs' Evidence:<br><br>Madisetti Decl. ¶¶ 62-65, 67, 70, 72-87<br><br>Apple's Objections:<br><br>FRCP 37(c)(1) (Untimely Disclosure). In SUF No. 27, Plaintiffs rely on these | Madisetti's testimony is not untimely for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. See Dkt. 1151-1 at 17-20.<br><br>The sham affidavit doctrine does not apply. The doctrine prevents a non-movant from manufacturing an issue of fact by submitting a declaration |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | paragraphs to show that Lamego learned of ██████████ ██████████ ██████████ ██████████ However, as explained in Apple's Motion to Strike, these paragraphs all contain late-disclosed facts or opinions and should thus be struck. Dkt. 1124-1 at 13-17. Sham Affidavit Doctrine (*Yeager v. Bolwin*, 693 F.3d 1076, 1080 (9th Cir. 2012): These paragraphs include additional opinions and evidence beyond what was relied on in Madisetti's reports served before the close of expert discovery, in direct conflict with Madisetti's deposition testimony that his reports contained all his opinions and the evidence he intended to present. Ex. J at 10:17- 11:3; *see also* Dkt. 1124-10 (chart | contradicting prior testimony.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  Masimo further addresses this objection in its Reply in Support of Its Motion for Partial Summary Judgment, filed herewith. Madisetti's declaration does not contradict his deposition testimony for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. *See* Dkt. 1151-1 at 8-12. Madisetti, as an expert witness, can base his opinions on facts or data in the case that he "has been made aware of" and need not have personal knowledge of the facts or data.  FRE 703. The cited paragraphs recite facts Madisetti was made aware of by Masimo fact witnesses and contemporaneous documents.  For example, Diab testified in his declaration: ██████████ ██████████████████████ ██████████████████████ |

-14-

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | comparing Madisetti's declaration to Madisetti's reports).  FRCP 56(c)(4), Local Rule 7-7 (Declaration with Lack of Personal Knowledge); FRE 602 (Foundation). Paragraph 83 states Madisetti's ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ but does not provide any explanation for why he would have source code and MATLAB templates." personal knowledge of that information. FRE 802 (Hearsay). Paragraph 88 quotes emails between Plaintiffs' employees regarding "the ▮▮▮▮▮ ▮▮▮▮ | ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮  Diab Declaration ¶ 30. Accordingly, the challenged paragraphs are admissible under FRE 703, and comply with FRCP 56(c)(4), Local Rule 7-7, and FRE 602.<br><br>The emails quoted in Paragraph 88 are not hearsay because Masimo does not offer them to prove the truth of the matters asserted in the emails.  FRE 801(c)(2).<br><br>For example, the emails are evidence that Lamego accessed the trade secrets while he was at Masimo.<br><br>Moreover, as experts in his field would rely on the kinds of facts or data Madisetti discussed in Paragraph 88 in forming an opinion on the subject, the underlying facts and data "need not be admissible for [Madisetti's] opinion to |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | | be admitted."  FRE 703. |
| 13 | Plaintiffs' Evidence:<br><br>Madisetti Decl. ¶¶ 118-127<br><br>Apple's Objections:<br><br>FRCP 37(c)(1) (Untimely Disclosure). In SUF No. 49, Plaintiffs rely on these paragraphs to establish that Apple disclosed ███████ ████████████████████ However, as explained in Apple's Motion to Strike, these paragraphs all contain late disclosed facts or opinions and should thus be struck. Dkt. 1124-1 at 13-17. Sham Affidavit Doctrine (*Yeager v. Bolwin*, 693 F.3d 1076, 1080 (9th Cir. 2012): These paragraphs include additional opinions and evidence beyond what was relied on in Madisetti's reports served before the close of expert | Madisetti's testimony is not untimely for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. *See* Dkt. 1151-1 at 17-20.<br><br>The sham affidavit doctrine does not appy.  The doctrine prevents a non-movant from manufacturing an issue of fact by submitting a declaration contradicting prior testimony.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  Masimo further addresses this objection in its Reply in Support of Its Motion for Partial Summary Judgment, filed herewith.<br><br>Madisetti's declaration does not contradict his deposition testimony for the reasons set forth in Masimo's Opposition to Apple's Motion to Strike. *See* Dkt. 1151-1 at 8-12. |

| Objection Number | Plaintiffs' Evidence and Apple Evidentiary Objections | Plaintiffs' Response |
|---|---|---|
| | discovery, in direct conflict with Madisetti's deposition testimony that his reports contained all his opinions and the evidence he intended to present. Ex. J at 10:17-11:3; *see also* Dkt. 1124-10 (chart comparing Madisetti's declaration to Madisetti's reports). | |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 23, 2023            By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes
Justin J. Gillett
Kendall M. Loebbaka

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56966321