Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearances continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>)<br>) Date:       February 6, 2023<br>) Time:       1:30 p.m.<br>) Location:  Courtroom 10C<br>) |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

A. Apple Raises No Genuine Issue Of Material Fact Regarding Masimo's Possession Of The Trade Secrets ............................................ 1

   1. Ownership Is Not Required .......................................................... 1

   2. Masimo Possesses The Trade Secrets .......................................... 2

      a. Apple's Critiques Of Kiani And Diab Are Unavailing ................ 2

      b. Apple Presents No Genuine Dispute That Masimo Possessed Trade Secret D-9 ........................................... 3

      c. Apple Presents No Genuine Dispute That Masimo Possessed Trade Secrets D-10 Through D-15 ................ 5

B. Apple Raises No Genuine Issue Of Material Fact That The Trade Secrets Derive Value From Not Being Generally Known ................. 8

   1. Masimo's Trade Secrets Derive Independent Economic Value ............... 8

   2. Masimo's Trade Secrets Were Not Generally Known ........................... 10

C. Apple Raises No Genuine Issue Of Material Fact Regarding Masimo's Reasonable Steps To Maintain Secrecy .......................... 13

D. Apple Raises No Genuine Issue Of Material Fact Regarding Apple's Misappropriation Of Masimo's Trade Secrets ................................ 16

   1. Apple Acquired Masimo's ▮▮▮ Trade Secrets ............................ 16

      a. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ........................... 16

      b. ▮▮▮▮▮▮▮▮▮▮▮▮▮ ........................... 18

      c. Apple Improperly Acquired Masimo's ▮▮▮ Trade Secrets .......................................................... 18

   2. Apple Used And Disclosed Masimo's ▮▮ Trade Secrets .................. 20

E. Apple Harmed Masimo By Misappropriating Masimo's Trade Secrets .......................................................................... 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page No(s).**

*Allergan, Inc. v. Merz Pharmas., LLC,*
  2012 WL 781705 (C.D. Cal. Mar. 9, 2012) ..........................................................19

*Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.,*
  226 Cal. App. 4th 26 (2014) .......................................................................10, 12, 13

*Atmel Corp. v. Info. Storage Devices, Inc.,*
  189 F.R.D. 410 (N.D. Cal. 1999) ........................................................................13

*Autotel v. Nevada Bell Tel. Co.,*
  697 F.3d 846 (9th Cir. 2012) ...............................................................................5

*Braxton-Secret v. A.H. Robins Co.,*
  769 F.2d 528 (9th Cir. 1985) ..............................................................................19

*Calendar Rsch. LLC v. StubHub, Inc.,*
  2017 WL 10378336 (C.D. Cal. Aug. 16, 2017) .................................................8, 9

*Carl Zeiss A.G. v. Nikon Corp.,*
  2018 WL 11342771 (C.D. Cal. Nov. 14, 2018) ...................................................5

*Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.,*
  2019 WL 12521480 (C.D. Cal. Aug. 9, 2019) ......................................................1

*DMF Inc. v. AMP Plus, Inc.,*
  2020 WL 4194099 (C.D. Cal. July 17, 2020) ........................................................6

*FTC v. Publishing Clearing House, Inc.,*
  104 F.3d 1168 (9th Cir. 1997) ..........................................................................2, 3

*HiRel Connectors, Inc. v. United States,*
  2005 WL 4958547 (C.D. Cal. Jan. 4, 2005)........................................................14

*Jasmine Network, Inc. v. Superior Court,*
  180 Cal. App. 4th 980 (2010) ..............................................................................1

*Kaur v. City of Lodi,*
  263 F. Supp. 3d 947 (E.D. Cal. 2017) ..................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
(*cont'd*)

**Page No(s).**

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,
   2010 WL 2764714 (N.D. Cal. July 13, 2010) .........................................................19

*Marine Turbo Eng., Ltd. v. Turbocharger Svcs. Worldwide, LLC*,
   2012 WL 13005811 (S.D. Fla. July 23, 2012) .......................................................15

*Masimo Corp. v. True Wearables, Inc.*,
   2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) .........................................10, 20, 21

*Mattel, Inc. v. MGA Ent., Inc.*,
   2011 WL 3420571 (C.D. Cal. Aug. 4, 2011) .........................................................14

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) .............................................................14, 17

*Maxel, Ltd. v. Apple Inc.*,
   2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) .....................................................4, 18

*Morlife, Inc. v. Perry*,
   56 Cal. App. 4th 1514 (1997) ..............................................................................3, 7

*Ono's Trading Co., LLC v. Parnell*,
   2006 WL 8437743 (S.D. Ala. Nov. 22, 2006) .......................................................17

*Pac. Aerospace & Elecs., Inc. v. Taylor*,
   295 F. Supp. 2d 1205 (E.D. Wash. 2003) .............................................................17

*Palantir Techs. Inc. v. Abramowitz*,
   2022 WL 2952578 (N.D. Cal. July 26, 2022) ..................................................13, 14

*Payan v. L.A. Cmty. Coll. Dist.*,
   2018 WL 6164269 (C.D. Cal. Oct. 16, 2018) .......................................................6, 7

*Sargent Fletcher, Inc. v. Able Corp.*,
   110 Cal. App. 4th 1658 (2003) ................................................................................1

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
   2021 WL 5785264 (C.D. Cal. Sept. 3, 2021) .......................................................15

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Thomas Petroleum LLC v. Lloyd*,
    2012 WL 4511369 (E.D. Cal. Oct. 2, 2012)..........................................................21

*Yeager v. Bowlin*,
    693 F.3d 1076 (9th Cir. 2012) ...................................................................................6

## OTHER AUTHORITIES

Cal. Civ. Code § 3426.1 ...................................................................................3, 10, 18

Fed. R. Evid. 703 ..................................................................................................4, 7, 8

Apple primarily opposes Masimo's motion for summary judgment on procedural grounds, none of which have merit. Apple also fails to present any evidence showing a genuine dispute of material fact. The Court should grant Masimo's motion.

**A.  Apple Raises No Genuine Issue Of Material Fact Regarding Masimo's Possession Of The Trade Secrets**

**1.  Ownership Is Not Required**

Apple argues Masimo cannot rely on possession to show ownership of the trade secrets. Opp'n, 3-4. But CUTSA cases that refer to "ownership" use the term as shorthand for possessing the trade secret and having the right to prevent dissemination. *See Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.*, 2019 WL 12521480, at *4-5 (C.D. Cal. Aug. 9, 2019); *see also* Dkt. 1129-2 at 4-5 and Dkt. 1134 at 8-10. Apple presents no factual dispute about Masimo possessing D-9 through D-15, as explained below. And, if legal title is an element under CUTSA, Apple also presents no facts disputing that Masimo employees assigned their work to Masimo, and that Masimo owns that work. Exs. 9-11, 13 (Lamego assigning inventions to Masimo); Miller ¶16; Hammarth ¶14.

Apple's reliance on *Sargent Fletcher* and *Jasmine* is misplaced. *Sargent Fletcher* refers to "ownership" in passing, but does not distinguish between possession and ownership. *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665-66 (2003). *Jasmine* simply rejected a "current ownership" requirement and denied a motion to dismiss because the plaintiff retained the right to sue when it assigned the trade secrets. *Jasmine Network, Inc. v. Superior Court*, 180 Cal. App. 4th 980, 1005 (2010). Apple has raised no issue regarding standing here.

Apple also argues Masimo should not be permitted to address the "ownership" requirement on reply because Apple purportedly raised the requirement "months ago." Opp'n, 4, n.2. But Masimo addressed the evidence showing its possession, which encompasses ownership as explained in detail in other Masimo briefs already before the Court. Dkt. 1129-2 at 4-5 and Dkt. 1134 at 8-10. Regardless, Masimo's moving papers

included evidence regarding the obligation of the employees to assign to Masimo, removing any question.  *See, e.g.*, Exs. 9-11, 13.  Thus, Masimo need not address the ownership/possession issue again on reply.

### 2. Masimo Possesses The Trade Secrets

#### a. Apple's Critiques Of Kiani And Diab Are Unavailing

Apple argues Masimo's Statement of Uncontroverted Facts proffers only "two paragraphs apiece from the Kiani and Diab declarations" to support Masimo's development of the ▮▮▮ trade secrets.  Opp'n, 4 (citing SUF No. 3).  But Apple apparently overlooked Masimo's SUF Nos. 23-27, which cite substantial evidence supporting the ▮▮ trade secrets' development.  *See* SUF Nos. 23-27 (citing Kiani, Diab, Poeze, Madisetti declarations and Exs. 8, 39, 43, 71, 72, and 74).  This includes Poeze's declaration, his lab notebook, and expert testimony analyzing source code excerpts that implement the trade secrets.  Mot., 8-13.

Apple argues that the Kiani and Diab declarations are "conclusory."  Opp'n, 5 (citing *FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).  Apple's characterizations are inaccurate.  Kiani and Diab provided more than conclusory statements.  They provided facts about their personal involvement in the development of ▮▮▮▮ at Masimo.  *See, e.g.*, Kiani ¶7, Diab ¶20.

Apple faults Diab for not drawing the legal conclusions as to whether Masimo's confidential information met the legal requirements for being a "trade secret."  Opp'n, 5.  But, Diab was prepared to answer factual questions on Masimo's development of the trade secrets, not to provide legal conclusions.  *See* Ex. 14 at 18:6-19:25, 23:13-24:15, 24:2325:12, 96:6-97:5.  Diab's lack of an opinion about *legal* conclusions does not preclude him from offering facts.  Indeed, the Special Master told Apple legal contention questions are inappropriate.  Dkt. 894 at 5.

Further, Apple's case *Publishing Clearing House* supports Masimo.  *Publishing Clearing House* affirmed summary judgment of liability because the appellant's affidavit at the district court did not include the facts that, on appeal, the appellant argued

created a genuine issue of material fact. *Publishing Clearing House*, 104 F.3d at 1171. Thus, because Apple cannot dispute the **facts** on possession, *Publishing Clearing House* supports summary judgment here.

### b. Apple Presents No Genuine Dispute That Masimo Possessed Trade Secret D-9

Apple argues Masimo does not identify any contemporaneous statement or document that "recites the ██████████" Trade Secret D-9. Opp'n, 8-9. Apple presents no authority for this requirement. Indeed, the authority makes clear this is not required. *See* Cal. Civ. Code § 3426.1(d); *see also Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1518, 1521 (1997) (affirming misappropriation of trade secret that included a "collection" of business cards and "knowledge" about customers). Further, this is not true. Masimo established that at least the ████████████████████████████████ ██████. *See* Madisetti ¶¶42-88.

████████████████████████████████████████

████████████████████    Madisetti's opinions relying on this evidence detail the development and thus possession of D-9. Madisetti ¶¶42-88. Apple does not substantively rebut any of Madisetti's opinions regarding the source code, or address Poeze's notebook or declaration.

Apple argues the ████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████ *Id.* ¶6.[1]  Regardless, this chronology of

---

[1] All emphasis is added.

1    development does not create a genuine issue of ***material*** fact.  Lamego left Masimo in

2    January 2014 and joined Apple.  ████████████████████████████████

3    ███████████████████

4          Apple argues the Court should disregard the Madisetti declaration because it

5    purportedly includes new opinions.  Opp'n, 9.  Apple claims Madisetti did not

6    previously opine D-9 was ████████████████████████████████████

7    ████████████████████████  *Id.* (citing Madisetti ¶85).  Apple is incorrect.

8    Masimo explained in its opposition to Apple's Motion to Strike that Madisetti's

9    declaration does not include new opinions.  *See* Dkt. 1151-1 at 12-13.

10         Apple further argues the Madisetti declaration goes beyond his personal

11   knowledge by ████████████████████████████.  Opp'n, 9.

12   While the timeline is a summary of facts Madisetti learned from Masimo fact witnesses,

13   he, as an expert witness, need not have personal knowledge of those facts.  *See* Fed. R.

14   Evid. 703.  The facts supporting Masimo's motion for summary judgment are presented

15   separately by fact witnesses and documents.  *See, e.g.*, Diab ¶32; Poeze ¶3; Ex. 8.

16         Apple next argues Madisetti's declaration relies on conclusory statements, for

17   example, Madisetti's opinion that ████████████████████████████

18   ████████████  Opp'n, 9 (citing Madisetti ¶70).  But, Madisetti specifically describes the

19   ████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   Moreover, there is no requirement that Madisetti explain every line of code.  *See Maxel,*

23   *Ltd. v. Apple Inc.*, 2020 WL 8269548, at *28 (E.D. Tex. Nov. 11, 2020) (denying

24   Apple's motion to exclude an opinion from Madisetti).  Apple also ignores that Madisetti

25   discussed other factual evidence, such as the Poeze notebook showing ████████████

26   ████████████████████████  Madisetti ¶72.  More importantly, Apple cites no

27   evidence disputing Madisetti's explanation of the code.  Therefore, Apple raises no

28   genuine issue of material fact regarding Masimo's possession of D-9.

-4-

c.   **Apple Presents No Genuine Dispute That Masimo Possessed Trade Secrets D-10 Through D-15**

Apple argues Masimo supports its possession of D-10 through D-15 with conclusory assertions by Madisetti.  Opp'n, 8 (citing *Carl Zeiss A.G. v. Nikon Corp.*, 2018 WL 11342771 (C.D. Cal. Nov. 14, 2018)).  But Madisetti's declaration is not conclusory.  Madisetti explained ████████████████████████████████ ████████████████████████████████████  Madisetti ¶¶154-173, 207-209.  Madisetti also analyzed additional evidence, including ████████████ ████████████████  *Id.*

*Carl Zeiss* does not support Apple.  In *Carl Zeiss*, the defendant offered an expert declaration broadly opining "a person of ordinary skill in the art would understand [certain patent disclosure]."  2018 WL 11342771, at *2.  Madisetti went far beyond that.  Apple also ignores that the Poeze declaration describes Masimo's possession of the trade secrets.  *See* SUF No. 27.   Apple presented no evidence disputing the Madisetti or Poeze declarations.

Apple argues Masimo's "only argument" to show it possessed D-10 through D-15 is a "passing comment," and is thus "waived."  Opp'n, 6 (citing *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846 (9th Cir. 2012) and *DMF Inc. v. AMP Plus, Inc.*, 2020 WL 4194099 (C.D. Cal. July 17, 2020)).  Masimo presented more than a "passing comment."  Indeed, Masimo explained that all of the evidence for trade secret D-9 also shows possession of D-10 through D-15.   Mot., 11.   Further, Masimo also cited to 23 paragraphs from the Madisetti declaration analyzing D-10 with source code excerpts.  *Id.*, 11 (citing Madisetti ¶¶154-173, 207-209).

Apple's cases do not support waiver.  *Autotel* concerned whether the appellant preserved an argument **for appeal**, not whether the argument was waived at summary judgment.  *Autotel*, 697 F.3d at 857 n.9.  Further, *Autotel* found waiver because the argument was a single sentence "unaccompanied" by citation to the record.  *Id.*  In contrast, Masimo included numerous citations to evidence.  Mot., 11 (citing Madisetti

¶¶154-173, 207-209).

*DMF* is similarly inapposite. DMF failed to raise an argument in its summary judgment briefing. *DMF v. AMP Plus*, 2020 WL 4194099, at *2, n.1. Here, Masimo made the argument in its brief.

Apple argues Madisetti's declaration does not state that possession of D-9 shows possession of D-10. Opp'n, 6. But, Madisetti actually opined Masimo possessed both D-9 and D-10 based on the same evidence. Masimo's brief relies on both of these opinions. Mot., 11 (citing Madisetti ¶¶154-173, 207-209).

Apple next argues Madisetti's declaration included new opinions and relied on new evidence not previously cited in his expert report. Opp'n, 7. Apple relies on its Motion to Strike. Dkt. 1124-1. But, as Masimo explained in its opposition to Apple's Motion to Strike, none of Madisetti's opinions are new, and Madisetti relied on the same evidence. Dkt. 1151-1 at 8-12.

Apple also argues the Court should exclude Madisetti's declaration under the sham affidavit doctrine, claiming it is inconsistent with his deposition. Opp'n, 7. Apple argues Madisetti's declaration is inconsistent because Madisetti testified at his deposition that his report contained all of his opinions. *Id.* But Madisetti's testimony is not contradictory. Madisetti's declaration does not offer any new opinions. *See* Dkt. 1151-1 at 8-12 (explaining no contradiction). At most, it properly provided additional analysis supporting his original opinions. *Id.*

Moreover, the sham affidavit doctrine applies to the non-movant, Apple. This doctrine states "a party cannot create an issue of fact by an affidavit contradicting prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). The doctrine, thus, prevents a party from defeating summary judgment by submitting an affidavit contradicting prior testimony. *Id.*

*Payan* is also inapplicable. In *Payan*, the expert testified that she did not disagree with the opposing expert. *Payan v. L.A. Cmty. Coll. Dist.*, 2018 WL 6164269, at *8 n.5 (C.D. Cal. Oct. 16, 2018). But to defeat summary judgment, she submitted a declaration

-6-

identifying numerous substantive disagreements.  *Id.*  The court found that this declaration was "a blatant attempt to create a sham issue of fact."  *Id.*  That is nothing like this case.

Apple further argues Madisetti has no personal knowledge regarding Masimo's development or possession of the trade secrets at the time of the misappropriation. Opp'n, 7.  But as explained above, Masimo does not rely on Madisetti's personal knowledge and he, as an expert, need not have any.  Madisetti opined on whether the factual declarations and Masimo documents show Masimo possessed the trade secrets. Experts are permitted to rely on this type of evidence to support their opinions.  *See* Fed. R. Evid. 703.

Apple cites *Kaur v. City of Lodi* to argue Madisetti cannot testify on whether Masimo possessed the trade secrets at the time of the misappropriation because he has no personal knowledge of Masimo's development.  Opp'n, 7.  In *Kaur*, the court rejected defendants' attempt to rely on experts to establish facts, rather than present opinions based on facts.  *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 977 (E.D. Cal. 2017).  But that is not the case here.  Madisetti properly offered opinions based on the facts he learned from Masimo's witnesses and documents.

Apple criticizes Madisetti for his inability to identify where the trade secrets were "recorded or otherwise captured in a single place before this litigation."  Opp'n, 8. Apple cites no authority for such a rule.  Indeed, a trade secret need not be reduced to writing at all.  *See Morlife*, 56 Cal. App. 4th at 1518, 1521.

Apple also faults Madisetti for ████████████████████████  Opp'n, 8. But this is irrelevant.  Apple does not dispute that source code reveals the operational details, not the physical device.  Madisetti formed his opinions based on his review of ███████████████.  *See, e.g.*, Madisetti ¶¶53-59, 62-71, 154-173, 207-209.

Apple further faults Madisetti for purportedly lacking personal knowledge regarding the origin ███████████████.  Opp'n, 8.  But Madisetti analyzed the ████████████████████████████████████████████████████████████████

-7-

1   ███████     *See, e.g.*, Madisetti ¶¶60, 62.   Moreover, Madisetti relied on Poeze's

2   declaration, which ████████████████.   *See e.g.*, Madisetti ¶65; *see also*

3   Poeze ¶¶3, 6. Moreover, Madisetti need not have personal knowledge because experts

4   in the field reasonably rely on source code when forming opinions.  Fed. R. Evid. 703.

5   Finally, Apple complains Masimo did not "put an authenticated version of the

6   ████████████████ into the summary judgment record."  Opp'n, 8.  Apple does

7   not explain why this would be helpful to the Court.  Madisetti included and explained

8   the relevant excerpts of the source code in his declaration.  Because source code is the

9   type of evidence on which Madisetti can reasonably rely, it need not be admissible.  Fed.

10  R. Evid. 703.

11  **B.**   **Apple Raises No Genuine Issue Of Material Fact That The Trade Secrets**

12       **Derive Value From Not Being Generally Known**

13       **1.**   **Masimo's Trade Secrets Derive Independent Economic Value**

14  Parties can show that trade secrets have independent economic value by showing

15  (1) resources invested in producing the trade secret; (2) efforts to protect the trade

16  secrets; and (3) willingness of others to pay for access to the trade secrets.  *Calendar*

17  *Rsch. LLC v. StubHub, Inc.*, 2017 WL 10378336, at *3 (C.D. Cal. Aug. 16, 2017)

18  (explaining "[t]he standard to show that trade secrets derive [independent] economic

19  value is not a high standard").  Masimo provided evidence of all three categories.

20  Mot., 14 (significant resource investment), 16-17 (secrecy precautions), 4-6, 17-22

21  █████████████████████████

22  Apple cites two cases to argue Masimo failed to show "each purported ████

23  secret at issue has independent economic value or is generally known" and instead

24  analyzed the trade secrets "in the aggregate."  Opp'n, 10 (citing *Mattel, Inc. v. MGA*

25  *Ent., Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011), and *Brocade Commc'ns Sys., Inc.*

26  *v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1213-14 (N.D. Cal. 2012)).  Neither case

27  stands for such a requirement.  Regardless, Masimo properly analyzed the trade secrets

28  together because the trade secrets are valuable for similar reasons.  This should not be

surprising because D-11 through D-15 all incorporate D-10, and D-9 describes similar subject matter.

Apple argues Masimo did not specifically attribute the benefits in the Kiani and Diab declarations to the trade secrets.  Opp'n, 15.  Apple also labels this testimony conclusory.  *Id*.  But Kiani and Diab explained the benefits of the ███ techniques recited in D-9 through D-15, and how those benefits provide an advantage over competitors.  Diab ¶¶20-31; Kiani ¶¶7-8.  Diab explained the specific advantages of ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ Mot., 14-15; Kiani ¶¶7-8; Diab ¶¶20-28, 31.  Apple presents no evidence disputing this testimony.

Apple criticizes Kiani because he allegedly ██████████████████████ ██████████████████████████████ Opp'n, 15.  But this is not true.  Even though Kiani was not Masimo's designated Rule 30(b)(6) witness on the ███ trade secrets, he ███████████████████████████ (as did the Rule 30(b)(6) witness).  Ex. D at 229:6-230:5; Ex. H at 163:11-24.  Regardless, trade secrets can have independent economic value ████████████████████████████████████.  *See Calendar Rsch.*, 2017 WL 10378336, at *3.

Apple also argues Masimo contends its trade secrets are valuable because they are secret.  Opp'n, 15 (citing Mot., 14).  But CUTSA defines trade secrets as information

that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." Cal. Civ. Code § 3426.1(d)(1). Accordingly, Masimo argued that its ▮ trade secrets "are also valuable because they were not generally known to others." Mot., 14.

Finally, Apple cannot dispute Masimo's ▮ trade secrets have independent economic value because Apple sought and obtained a patent on these trade secrets. *Id.*, 14-15.

### 2.    Masimo's Trade Secrets Were Not Generally Known

Apple relies on Sarrafzadeh's opinions that ▮ trade secrets lack value because they are generally known to relevant people. Opp'n, 13-14. Masimo moved to exclude those opinions because Apple applied the wrong legal standard. Dkt. 1174. If the Court grants Masimo's motion, Apple would have no response to Masimo's evidence that the ▮ trade secrets are valuable because the trade secrets are not generally known to relevant people. Thus, no genuine dispute exists.[2]

Further, Sarrafzadeh found no evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was generally known in the field. Madisetti ¶¶145-49. Apple has not presented any evidence from which a reasonable juror could conclude the trade secrets have no value because the industry generally knows them.

Apple also argues that *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26 (2014), does not apply because this is not a "combination" trade secret case. Opp'n, 14. Apple argued the same in its opposition to Masimo's *Daubert* motion. Dkt. 1159-1 at 11-12. As Masimo explains in its *Daubert* reply, Apple cited no authority

---

[2] Apple also argues that the trade secrets are readily ascertainable because Apple "could have" relied on publicly available documents to replicate the trade secrets. Opp'n, 14 n.8. Apple is legally wrong. Dkt. 1174 at 3-7 (citing, e.g., *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *20 (C.D. Cal. Nov. 7, 2022)).

1    to support the existence of what Apple calls a "combination trade secret," let alone the

2    procedural hurdles Apple seeks to impose.

3           Apple's critiques of Masimo's evidence also lack merit.  Apple argues Lamego's

4    statements are not specific to any trade secret.  Opp'n, 10.  At Masimo, Lamego

5    explained ███████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████████

11   ██████████████████████████████████   *See also* Madisetti ¶¶48-52.

12   At  Apple,  Lamego ████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████   Opp'n, 20.

19   Apple also argued ██████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████████

24   ████████████   Ex. 37 at -6730.

25   Apple  also  argues ████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████████████

1  ██████████████████████████████████████████████ This is particularly

2  true in view of Masimo's additional evidence, including ████████████████

3  ████

4         Apple claims the patent validity analysis is "different" from the generally known

5  analysis. Opp'n, 12. Masimo agrees, but the requirement to show information is "novel"

6  is *higher* than the requirement to show information is not generally known. Indeed, "a

7  trade secret may be a device or process which is clearly anticipated in the prior art."

8  *Altavion*, 226 Cal. App. 4th at 54. As the California Court of Appeal explained, "If an

9  invention has sufficient novelty to be entitled to patent protection, it may be said *a*

10 *fortiori* to be entitled to protection as a trade secret." *Id.* at n.22 (quoting treatise).

11        Next, Apple argues Masimo waived its argument that the trade secrets have value

12 from not being generally known because the argument was conclusory. Opp'n, 11. As

13 explained above, Apple's cases do not support waiver.

14        Apple next complains Diab and Madisetti did not survey Masimo's competitors

15 to confirm competitors were not using Masimo's trade secrets. Opp'n, 11-12. But

16 Apple presents no authority requiring such survey. Indeed, such a survey would risk

17 revealing Masimo's trade secrets. Diab properly relied upon his decades of experience

18 developing ████████████████████████ to show that Masimo's

19 trade secrets are not generally known. Diab ¶¶2, 30. Similarly, Madisetti relied upon

20 his over 25 years of experience in ████████████. Madisetti ¶5. Apple does not

21 dispute their opinions and personal knowledge in the relevant field.

22        Apple states Madisetti's "only explanation for why ████ Nos. 11-15 are not

23 generally known is that *Apple's expert* has not identified references that show the secrets

24 were generally known." Opp'n, 12 (citing *Atmel Corp. v. Info. Storage Devices, Inc.*,

25 189 F.R.D. 410, 416 (N.D. Cal. 1999)). D-11 through D-15 incorporate D-10. Apple

26 ignores Madisetti provided affirmative opinions that D-10 was not generally known and

27 then incorporated that opinion into D-11 through D-15. Madisetti ¶¶175-187, 196, 205,

28 213, 219, 225. Madisetti certainly never "refrained … from educating himself on the

universe of literature in the relevant time frame." *Atmel*, 189 F.R.D. at 416.

Apple next objects that Madisetti cannot rely on Masimo's research efforts and costs to show Masimo's trade secrets have value because they are not generally known to people in the relevant field. Opp'n, 12-13. Specifically, Apple argues Madisetti did not apportion the research efforts and costs between the ███████████████████ ███████████████ *Id*. But Apple cites no authority requiring such apportionment. Here, the ████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ Kiani ¶7; *see also* Mot. 14; Diab ¶31; *Altavion*, 226 Cal. App. 4th at 64 (finding general testimony about development efforts sufficient to support economic value).

## C.    Apple Raises No Genuine Issue Of Material Fact Regarding Masimo's Reasonable Steps To Maintain Secrecy

Masimo presented unrebutted evidence of its efforts to maintain secrecy. Apple responded with legal challenges to the sufficiency of Masimo's efforts. But Apple's challenges are not supported by law.

Apple argues granting summary judgment on reasonable efforts to maintain secrecy is appropriate only in "extreme" cases. Opp'n, 15 (citing *Palantir Techs. Inc. v. Abramowitz*, 2022 WL 2952578, at *4 (N.D. Cal. July 26, 2022), and *HiRel Connectors, Inc. v. United States*, 2005 WL 4958547, at *4 (C.D. Cal. Jan. 4, 2005)). But, Apple's cases are not applicable. Both cases address defendant's summary judgment motion challenging whether plaintiff's secrecy efforts were reasonable. *Palantir* denied the motion despite plaintiff disclosing the alleged trade secret and taking no remedial action after learning the defendant planned to file a patent application on it. *Palantir*, 2022 WL 2952578, at *4. *HiRel* granted summary judgment of no trade secret misappropriation

1    where the parties did not dispute the trade secret was published.  *HiRel*, 2005 WL
2    4958547, at *5.  Apple has not presented any evidence that Masimo publicly disclosed
3    the trade secrets before the alleged misappropriation.

4            Apple argues Masimo failed to show its efforts are "specific" to the seven
5    particular ███ trade secrets.  Opp'n, 15-16 (citing *Mattel*, 782 F. Supp. 2d at 959).
6    Apple cites to the summary judgment order in *Mattel* as purportedly requiring "specific"
7    secrecy efforts.  *Id*.  But the *Mattel* court imposed no such requirement.  There, the trade
8    secret owner submitted employee declarations regarding general measures to protect
9    categories of documents in response to a motion challenging its efforts to maintain
10   secrecy.  *Mattel*, 782 F. Supp. 2d at 965, 971, 979 (evidence included confidentiality
11   policies to mark information confidential and certain failures to mark documents as
12   confidential).  The court found a genuine issue of material fact based on that evidence.
13   *Id.*  Later, on JMOL, the *Mattel* court explained the factfinder "did not need to
14   myopically restrict consideration to direct evidence about [a] particular trade secret."
15   *Mattel, Inc. v. MGA Ent., Inc.*, 2011 WL 3420571, at *4 (C.D. Cal. Aug. 4, 2011).
16   Rather, the evidence in the record, including computer password protection, a code of
17   conduct, reminders of confidentiality obligations during exit interviews, and regulating
18   building access, provided legally sufficient grounds to conclude the information at issue
19   was subject to reasonable efforts to maintain secrecy.  *Id.* at *5-6.  Thus, Mattel does not
20   require Masimo's unrebutted evidence to be specific to each trade secret to meet its
21   burden on summary judgment.

22           Apple also argues Masimo's "general" security measures are "largely
23   meaningless" because Masimo did not provide employees guidance on what is a trade
24   secret.  Opp'n, 17 (citing *Mattel*, 782 F. Supp. 2d at 959).  *Mattel* does not require
25   employers provide legal training.  There is no dispute Masimo ████████████
26   ████████████████████████████████████████
27   ████████████████████████████████████████
28   ████████████████████████████████████████

-14-

1

2

3                                         *see also Marine Turbo Eng., Ltd. v. Turbocharger*

4  *Svcs. Worldwide, LLC*, 2012 WL 13005811, *8 (S.D. Fla. July 23, 2012) (granting

5  summary judgment for trade secret owner, holding that employment agreement

6  specifically prohibiting disclosure of confidential information and plaintiff's action to

7  stop the misuse satisfied reasonable efforts requirement).

8         Apple argues that Masimo's witnesses

9

10

11                                    Apple cites no authority that Masimo employees need to draw

12  such legal conclusions.  Nor does Apple cite any authority that requires such testimony

13  to meet Masimo's burden of proof on efforts to maintain ***secrecy***.

14         Further, Apple misrepresents that testimony.  Apple demanded Masimo fact

15  witnesses                                                                  even

16  though the Special Master rejected such questions as improper.  Dkt. 894 at 5.  Masimo's

17  employees

18

19                     Ex. F at 105:19-22, 116:3-120:1; Ex. H at 17:17-22.

20         Apple also cites *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2021 WL 5785264, at

21  *8-9 (C.D. Cal. Sept. 3, 2021).  Opp'n, 17.  But *SPS* is inapplicable.  There, the defendant

22  moved for summary judgment of no misappropriation.  The court found a genuine

23  dispute of material fact regarding efforts to maintain secrecy despite the trade secret

24  owner disclosing its trade secrets to third parties without any confidentiality obligations

25  and failing to mark some documents as confidential.  *Id.*

26         Apple presents no facts rebutting Masimo's secrecy efforts.

27

28

**D.** **Apple Raises No Genuine Issue Of Material Fact Regarding Apple's Misappropriation Of Masimo's Trade Secrets**

    **1.**     **Apple Acquired Masimo's ▇▇▇ Trade Secrets**

Apple never contests that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See generally* Opp'n, 17-20.  Rather, Apple argues ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.*  None of these arguments have merit.

    **a.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Apple alleges that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1   ███████████████████████████████████████████████████.  *See Ono's*

2   *Trading Co., LLC v. Parnell*, 2006 WL 8437743, at *9 (S.D. Ala. Nov. 22, 2006)

3   (granting summary judgment of trade secret misappropriation where defendant worked

4   on technology at his former company and then patented that technology as his own).

5        Apple cites no evidence ████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████, Apple

8   would still have misappropriated Masimo's trade secrets.  *See Mattel*, 782 F. Supp. 2d

9   at 967 (citing *Greenly v. Cooper*, 77 Cal. App. 3d 382, 392, 143 Cal. Rptr. 514, 521

10  (1978)) (transfer of trade secret "information need not be in writing but may be in the

11  employees' memory").  Apple incorrectly labels Madisetti's misappropriation opinion

12  on D-9 as conclusory.  Opp'n, 18 (citing Madisetti ¶113).  Apple disregards the detailed

13  discussion of D-9 in paragraphs 87-112.  Contrary to Apple's assertion, these opinions

14  are also not new.  *See* Dkt. 1151-1 (Masimo's Opposition to Apple's Motion to Strike).

15       Apple argues Masimo engages in "sleight of hand" by ██████████████████

16  ████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████

22       ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████

26  ███████████████████████████████████  *See Pac. Aerospace & Elecs., Inc. v. Taylor*, 295 F.

27  Supp. 2d 1205, 1213-15 (E.D. Wash. 2003).

28

b. ██████████████████████████████████

██████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████

c. **<u>Apple Improperly Acquired Masimo's</u>** ██ **<u>Trade Secrets</u>**

Apple argues there is a genuine dispute on whether "Apple knew or had reason to know ***Lamego*** had acquired those [trade] secrets through improper means." Opp'n, 19. The issue is whether Apple knew or had reason to know that ***Apple*** acquired Masimo's trade secrets by improper means from Lamego. *See* Cal. Civ. Code § 3426.1(b). No genuine dispute of fact exists on that issue.

Before Apple even hired Lamego, ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

-18-

allegedly creating an issue of fact on whether Apple knew or should have known that Apple was misappropriating Masimo trade secrets. Opp'n, 19. Apple cites no declaration. Arguments do not create disputed facts.

Moreover, such an assumption would not save Apple. Apple cites *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985), a products liability case. That case does not help Apple. The case analyzed whether it was reasonable to conclude that the plaintiff "knew or should have known" that defendant's birth-control device caused her miscarriage. *Braxton-Secret*, 769 F.2d at 531. Despite the plaintiff's testimony that she did not know the device could cause a miscarriage, the court affirmed summary judgment that she should have known about the link between the device and her miscarriage. *Id.* at 531. This supports Masimo—not Apple.

Apple also argues it is shielded from respondeat superior because of its policies, claiming

Opp'n, 19 n.13. Apple cites no authority supporting such an extreme rule. Another court in this district concluded the opposite. *See Allergan, Inc. v. Merz Pharmas., LLC*, 2012 WL 781705 at *3, 13 (C.D. Cal. Mar. 9, 2012). In *Allergan*, multiple employees of the plaintiff left to work for the defendant. *Id.* at *3. The employees signed agreements promising not to disclose confidential information of their former employers. *Id.* at *3, *6. Despite those agreements, the court found their employer liable under the doctrine of respondeat superior. *Id.*

Apple implies that respondeat superior applies only when the improper act was "foreseeable." Opp'n, 19 n.13 (quoting *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *3 (N.D. Cal. July 13, 2010)). *Language Line* observed that respondeat superior applies "if the employee's act was an outgrowth of his

-19-

1  employment, inherent in the working environment, typical of or broadly incidental to

2  the employer's business, or, in a general way, foreseeable from his duties."  2010 WL

3  2764714, at *3  (cleaned up).  ██████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████

7  **2.**     **Apple Used And Disclosed Masimo's** ████ **Trade Secrets**

8       Apple argues that it did not know or have reason to know that Lamego had an

9  obligation to keep Masimo's ████ information confidential.  Opp'n, 20.  As explained

10  above, Apple is incorrect.  *See supra* Section II.E.1.c.

11       Apple accuses Masimo of ████████████████████████████████████

12  ██████████████████████  Opp'n, 20.  But Masimo has shown possession of these trade

13  secrets, as discussed above.  The source of the trade secret language in no way excuses

14  Apple's acquisition, use, and disclosure.

15       Instead of raising a genuine dispute of material fact on D-9, Apple attacks Masimo

16  on procedural grounds, moving to strike the declarations of Poeze and Madisetti.

17  Opp'n, 20 (citing Dkt. 1124).  But, the Poeze and Madisetti declarations are appropriate.

18  Dkt. 1151-1 (Masimo Opposition To Motion To Strike).

19  **E.**    **Apple Harmed Masimo By Misappropriating Masimo's Trade Secrets**

20       Apple alleges that Masimo failed to establish that Apple's misappropriation

21  harmed Masimo.  Opp'n, 20-21.  Kiani and Diab testified that ████████████████

22  ████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████

24  ██████████████████████████████████████████████████  That claim

25  is very harmful to Masimo.  *See True Wearables,* 2022 WL 17083396, ¶176 (this Court

26  finding that prosecuting patents containing Masimo's trade secrets harms Masimo).

27  Kiani also explained ████████████████████████████████████████████████

28  ████████  Kiani ¶8.  Apple cannot eliminate that harm by labeling it "self-serving."

1      Apple relies on *Thomas Petroleum LLC v. Lloyd*, 2012 WL 4511369 (E.D. Cal.

2   Oct. 2, 2012), to argue Apple's possession alone shows no harm.   Opp'n, 21.   But

3   Masimo does not rely on Apple's possession alone to show harm.   Apple both used and

4   disclosed  Masimo's  ████████████████████████.   These  facts  establish

5   Masimo's harm. *True Wearables,* 2022 WL 17083396, ¶176.

6

7                                        Respectfully submitted,

8                                        KNOBBE, MARTENS, OLSON & BEAR, LLP

9

10  Dated: January 23, 2023              By: */s/ Kendall M. Loebbaka*

11                                           Joseph R. Re
                                             Stephen C. Jensen
12                                           Benjamin A. Katzenellenbogen
                                             Perry D. Oldham
13                                           Stephen W. Larson
                                             Mark D. Kachner
14                                           Baraa Kahf
                                             Adam B. Powell
15                                           Daniel P. Hughes
                                             Justin J. Gillett
16                                           Kendall M. Loebbaka

17                                           Attorneys for Plaintiffs
                                             MASIMO CORPORATION and
18                                           CERCACOR LABORATORIES, INC.

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 6,699 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


Dated: __January 23, 2023__          By: _/s/ Kendall M. Loebbaka_
                                          Joseph R. Re
                                          Stephen C. Jensen
                                          Benjamin A. Katzenellenbogen
                                          Perry D. Oldham
                                          Stephen W. Larson
                                          Mark D. Kachner
                                          Baraa Kahf
                                          Adam B. Powell
                                          Daniel P. Hughes
                                          Justin J. Gillett
                                          Kendall M. Loebbaka

                                          Attorneys for Plaintiffs
                                          MASIMO CORPORATION and
                                          CERCACOR LABORATORIES, INC.

56962226