MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **REPLY IN SUPPORT OF APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: Feb. 6, 2023 <br> Time: 1:30pm <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  SARAH R. FRAZIER, *pro hac vice*
      sarah.frazier@wilmerhale.com
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  60 State Street
   Boston, MA 02109
4  Tel.: 617.526.6000 / Fax: 617.526.5000

5  NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
6  WILMER CUTLER PICKERING
      HALE AND DORR LLP
7  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
8  Tel.: 720.274.3152 / Fax: 720.273.3133

9  BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
11 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
12
   KENNETH G. PARKER, SBN 182911
13    Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
14 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
15 Tel. 650.949.3014 / Fax: 949.202.3001

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS
SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................. 2

I.   THE COURT SHOULD STRIKE THE UNTIMELY EXPERT OPINIONS IN THE MADISETTI DECLARATION. ........................................ 2

    A.   Dr. Madisetti Offers New Opinions Not Previously Disclosed In His Expert Reports. ........................................................... 3

    B.   Plaintiffs' Reliance On Disclosures For Other Alleged Trade Secrets Cannot Salvage The New Opinions In The Madisetti Declaration. ........................................................ 5

    C.   The Case Law Confirms That The New Opinions In The Madisetti Declaration Are Improper. ........................................ 11

    D.   Plaintiffs Have Not Established That The New Opinions In The Madisetti Declaration Are Substantially Justified Or Harmless. ............. 13

    E.   Fees And Costs Are Warranted For Plaintiffs' Violation Of This Court's Scheduling Order. ........................................ 14

II.  THE COURT SHOULD STRIKE THE UNTIMELY FACTUAL EVIDENCE IN THE 2022 POEZE DECLARATION. ........................................ 15

III. THE COURT SHOULD STRIKE MR. KIANI'S UNTIMELY ████████████████ OPINION .................................................... 18

IV.  CONCLUSION ................................................................................ 21

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- i -   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## CASES

4

*Brainard v. American Skandia Life Assurance Corp.*,
5
 432 F.3d 655 (6th Cir. 2005) .................................................................................. 3

6

*Brown v. Wal-Mart Store, Inc.*,
7
 2018 WL 2011935 (N.D. Cal. Apr. 27, 2018) ................................................... 21

8

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co.*,
 769 F. Supp. 2d 269 (S.D.N.Y. 2011) ............................................................... 12
9

*Cogburn v. Sunbeam Products, Inc.*,
10
 2022 WL 118564 (E.D. Cal. Jan. 12, 2022) ....................................................... 14

11

*Genentech, Inc. v. Insmed Inc.*,
12
 2006 WL 648365 (N.D. Cal. Mar. 13, 2006) ..................................................... 15

13

*Gentec Enterprises Inc. v. Transistor Devices Inc.*,
14
 2012 WL 13005868 (C.D. Cal. Mar. 29, 2012) ................................................. 21

15

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
16
 2008 WL 504098 (N.D. Cal. Feb. 19, 2008) ...................................................... 20

17

*In re Katz Interactive Call Processing Patent Litigation*,
18
 2010 WL 8759134 (C.D. Cal. June 10, 2010) ................................................... 11

19

*Lucent Technologies, Inc. v. Gateway, Inc.*,
20
 2007 U.S. Dist. LEXIS 36246 (S.D. Cal. May 16, 2007) ............................... 2, 3

21

*Luke v. Emergency Rooms, P.S.*,
 2008 WL 410672 (W.D. Wash. Feb. 12, 2008), *aff'd sub nom. Luke*
22
 *v. Fam. Care & Urgent Medical Clinics*, 323 F. App'x 496 (9th Cir.

23
 2009) .............................................................................................................. 11, 12

24

*Luke v. Fam. Care & Urgent Medical Clinics*,
 323 F. App'x 496 (9th Cir. 2009) ................................................................. 11, 13
25

26

*Mariscal v. Graco, Inc.*,
 52 F. Supp. 3d 973 (N.D. Cal. 2014) .................................................................. 6
27

28

*Neville v. Foundation Constructors, Inc.*,
    2019 WL 6894522 (C.D. Cal. Aug. 19, 2019) ...................................................... 3

*Oracle America, Inc. v. Hewlett Packard Enterprise Co.*,
    2019 WL 468809 (N.D. Cal. Feb. 6, 2019) .................................................. 13, 14

*Shahbaz v. Johnson & Johnson*,
    2020 WL 5894590 (C.D. Cal. July 31, 2020) ..................................................... 13

*North Face Apparel Corp. v. Dahan*,
    2014 WL 12558010 (C.D. Cal. Oct. 6, 2014) ..................................................... 20

*United States v. Vera*,
    770 F.3d 1232 (9th Cir. 2014) ............................................................................ 20

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
    796 F. Supp. 2d 1025 (N.D. Cal. 2011) ........................................................... 3, 4

*Windeler v. Cambria Community Services District*,
    2021 WL 5411887 (C.D. Cal. Oct. 19, 2021) ................................................... 12

*Wong v. Regents of University of California*,
    410 F.3d 1052 (9th Cir. 2005) ............................................................................ 14

## STATUTES, RULES, AND REGULATIONS

Federal Rule of Civil Procedure 16 ................................................................................ 14

Federal Rule of Civil Procedure 26 ....................................................................... *passim*

Federal Rule of Civil Procedure 37 ......................................................................... 13, 14

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

Plaintiffs' opposition (Dkt. 1151-1 ("Opp.")) confirms that Plaintiffs seek—at the summary judgment stage and just months before trial—to introduce new expert opinions, theories, and facts never previously disclosed during nearly three years of discovery.  Plaintiffs do not deny that they seek to rely on a declaration from their expert Dr. Vijay Madisetti that includes opinions not previously disclosed in either of his expert reports.  Nor do Plaintiffs dispute that Dr. Madisetti's new opinions go to issues at the heart of Plaintiffs' allegations of trade secret misappropriation—including whether Plaintiffs possessed the alleged trade secrets and whether Apple used the same.  Plaintiffs' silence as to the new theories and facts disclosed in the declarations of their fact witnesses (Jeroen Poeze and Joe Kiani) is similarly revealing—there is no dispute that both declarations include responsive information that Plaintiffs withheld from Apple during discovery, yet now seek to introduce when the record is closed and trial imminent.

Having effectively conceded that their summary judgment motion turns on untimely-disclosed information, Plaintiffs make no effort to defend the timing of their late disclosures.  The words "substantially justified" appear nowhere in their opposition.  Instead, Plaintiffs seek to confuse the issues by pointing to earlier disclosures that are irrelevant to the evidence that Apple now challenges and attempting to shift the blame to Apple.  Plaintiffs' repeated attempts at misdirection should be rejected.  Plaintiffs' strategic decision to lodge new opinions and theories at the eleventh-hour is highly prejudicial to Apple.  Not only do Plaintiffs seek summary judgment in their favor ***based on this untimely disclosed information***, but the timing of Plaintiffs' late disclosures has deprived Apple of any meaningful opportunity to challenge Plaintiffs' evidence through fact and expert discovery.  Having elected to withhold relevant information during discovery, Plaintiffs should now be forced to live with the consequences of their actions.

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1                                   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Accordingly, Apple respectfully requests that the Court strike the untimely opinions, theories, and facts in Plaintiffs' summary judgment declarations, including (1) paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172 of the Madisetti Declaration (Dkt. 1085-9), (2) paragraphs 3 and 14-20 of the Poeze Declaration (Dkt. 1085-12), and (3) the new ███████ theory of harm from paragraph 8 of the Kiani Declaration (Dkt. 1085-13).

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE UNTIMELY EXPERT OPINIONS IN THE MADISETTI DECLARATION.

Plaintiffs concede that an expert is prohibited from offering "new opinions" at the summary judgment stage. Opp. 7 (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 36246, at *15 (S.D. Cal. May 16, 2007)). And Plaintiffs do not deny that the Madisetti Declaration contains information ***never before disclosed*** in his reports in connection with Plaintiffs' alleged Trade Secrets D-9 through D-15, on which Plaintiffs have now moved for summary judgment. *See* Dkt. 1124-1 ("Mot.") at 8-11, 15-16; *see also* Ex. 12 (comparing previously undisclosed opinions in Madisetti Declaration to opinions in Dr. Madisetti's report).[1] Plaintiffs nonetheless seek to preserve the improper new opinions in the Madisetti Declaration by focusing on irrelevant arguments that Apple did not make and cherry-picked examples plucked from disparate sections of Dr. Madisetti's reports that have nothing to do with the opinions or alleged trade secrets at issue here. The Court should reject Plaintiffs' attempts to salvage Dr. Madisetti's new opinions and strike those new, untimely-disclosed opinions from the record.

---

[1] Numbered exhibits refer to the exhibits attached to the January 9, 2023 Passamaneck Declaration (Dkt. 1125-2); lettered exhibits refer to the exhibits attached to the January 17, 2023 Loebbaka Declaration (Dkt. 1153-1).

Wilmer Cutler Pickering Hale and Dorr LLP

**A.      Dr. Madisetti Offers New Opinions Not Previously Disclosed In His Expert Reports.**

Although it is "unusual … to submit expert declarations in support of … summary judgment motions and oppositions, as opposed to [the] experts' reports themselves," *Neville v. Found. Constructors, Inc.*, 2019 WL 6894522, at *5 (C.D. Cal. Aug. 19, 2019), Apple does not, as Plaintiffs suggest (Opp. 14), contend that expert declarations are *per se* inappropriate on summary judgment.  Rather, the issue here is that Plaintiffs seek to use the Madisetti Declaration to insert previously undisclosed opinions into the record in an attempt to obtain summary judgment in their favor based on evidence and opinions Apple had no opportunity to challenge.  Contrary to Plaintiffs' suggestion, the Madisetti Declaration is "substantially different" from Dr. Madisetti's reports in significant and meaningful respects.  Opp. 7 (quoting *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 663 (6th Cir. 2005)).  For example, as Apple explained (Mot. 10-11), the Madisetti Declaration purports to identify elements of alleged Trade Secret D-10 ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 12 at 27-34; *see also* Ex. 11 ¶¶ 334, 336-338 (Sarrafzadeh Rebuttal) ▮▮▮▮▮▮▮▮▮▮

Plaintiffs offer no meaningful response.  *See* Opp. 13 (making no effort to show that the newly disclosed opinions for D-10 were offered in Dr. Madisetti's report); *infra* pp. 8-9.

Instead, Plaintiffs point to *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025 (N.D. Cal. 2011), and *Lucent Technologies, Inc. v. Gateway, Inc.*, 2007 LEXIS 36246 (S.D. Cal. May 16, 2007), to suggest that their actions here are permissible.  Opp. 7, 14.  But both cases are readily distinguishable.  In *Volterra*, the plaintiff submitted expert declarations *in opposition* to the defendants' motion for summary judgment "to *rebut* specific opinions expressed by Defendants' experts in

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

3

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

support of their summary judgment motions." 796 F. Supp. 2d at 1040.[2] *Lucent* was the same circumstance—the declaration was offered "to rebut … an assertion made for the first time in Defendants' [summary judgment] motion." 2007 LEXIS 36246, at *16. Neither case stands for the proposition that a plaintiff may proffer previously undisclosed expert opinions, in an attempt to support ***its own*** motion for summary judgment on an issue on which the plaintiff bears the burden.

Unable to demonstrate that the Madisetti Declaration offers no new opinions, Plaintiffs instead resort to pointing to arguments Apple did not make and disclosures Apple did not challenge. Plaintiffs claim, for example, that Apple ███████████ ████████████████████████████████████████████████████ ███████ Opp. 8 (citing Mot. 9-10). But Apple ***never made*** that argument. Instead, Apple explained (Mot. 9-11) that the Madisetti Declaration attempts to fill the gaps in the opinions disclosed in Dr. Madisetti's reports by relying on ███████████ ███████████ ***in support of*** his claim that ████████████████████ ██████—a fact Plaintiffs notably do not dispute. Plaintiffs also claim that Apple "suggests" that Dr. Madisetti's opinion that "the '754 patent discloses Alleged Trade Secret D-9" is new. Opp. 8 (citing Mot. 10). But once again, Apple made no such argument. Rather, Apple explained that the Madisetti Declaration for the first time offered an opinion on "████████████████████████████████████ ██." Mot. 10. Indeed, Plaintiffs do not dispute that, while Dr. Madisetti offered only the conclusory statement that "████████████████████████████████████" in his report, he supplemented that bald opinion with over ***four pages*** of previously undisclosed opinions in his declaration. *Compare* Ex. 10 ¶ 292 (Madisetti Rep.) ████ ██████████████████████████████████████████████████

---

[2] Emphasis added unless otherwise noted.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  ████████████████████████████ *with* Madisetti Decl. ¶¶ 118-27 ███████████

2  ██████████████████████████████ *see* Ex. 12 at 17-21.

At bottom, Plaintiffs' efforts at avoidance simply do not change the fact that the Madisetti Declaration offers new opinions that Dr. Madisetti's reports did not disclose.

**B.  Plaintiffs' Reliance On Disclosures For Other Alleged Trade Secrets Cannot Salvage The New Opinions In The Madisetti Declaration.**

Unable to point to any disclosures in Dr. Madisetti's reports for alleged Trade Secrets D-9 through D-15 that align with the new opinions in the Madisetti Declaration, Plaintiffs instead attempt to cobble together disparate portions of Dr. Madisetti's reports as purported support for the new opinions he now offers in his declaration.  Plaintiffs' arguments should be rejected.

*First*, Dr. Madisetti's report did not "specifically incorporate[] its discussions of D-1, D-3, and D-8 into its discussion of D-9 and D-10."  Opp. 9.  While Plaintiffs' point to vague statements in Dr. Madisetti's report that ███████████████████████ ████████████████████████████████ Opp. 10 (emphasis in original) (quoting Ex. 10 ¶¶ 278, 312 (Madisetti Rep.)), nothing in that generic statement incorporates (or even mentions) the opinions ████████████████████████ ███████████████ into Dr. Madisetti's opinions for D-9 or D-10.  Contrary to Plaintiffs' assertion (Opp. 10), Dr. Madisetti's opinions for █████████████████ █████████████████████████████ in his report.  Rather, ████████████ ████████████████████████████████████████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    ██████████ and Dr. Madisetti's generic reference to ████████████ could have

2    just as easily been referring to that disclosure:



11   Ex. 10 ¶ 90 (Madisetti Rep.).  But even more importantly, nothing in the generic

12   statement ████████████ would have provided Apple notice that Dr. Madisetti

13   was intending to rely on any ***particular disclosure*** for D-1, D-3, or D-8, let alone the

14   purported evidence and ████████ now relied upon for the first time for D-9 and D-10

15   in the Madisetti Declaration.  *See Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983 (N.D.

16   Cal. 2014) ("[U]nder Rule 26(a)(2)(B)(i), Defendant was entitled to a *complete*

17   disclosure of all opinions—not a sneak preview of a moving target." (emphasis in

18   original)).

19       *Second*, Plaintiffs point to an errata as purportedly incorporating Dr. Madisetti's

20   opinions for D-1, D-3, and D-8 into his opinions for D-9 and D-10.  Opp. 10.  Plaintiffs'

21   argument again misses the mark.  As an initial matter, Dr. Madisetti's errata only

22   purports to incorporate ██████████████████████████

23   ████████████████████████████████ for D-9 through

24   D-15; there is no incorporation of any analysis for ***D-3 or D-8*** to which Plaintiffs now

25   point in their attempt to show that the Madisetti Declaration offers no new opinions.  *See*

26   Ex. G.  But more importantly, the errata's "incorporation" of opinions for D-1 only

27   extends to Dr. Madisetti's opinions on ████████████████

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    ███████████████████████████████ there is no incorporation

2    of any opinions or analysis related to *Plaintiffs'* use of their own trade secrets—██

3    ████████████████████████████████████████████████████

4    ████████   *See* Mot. 9-11 (explaining that Madisetti Declaration offers new opinions

5    explaining ████████████████████████████████████████████

6    ██████ ); *compare, e.g.*, Ex. 10 ¶¶ 106-46 (Madisetti Rep.) (section entitled ████████

7    ███████████████████████████████ ), *with id.* ¶¶ 147-66 (section entitled ████

8    ███████████████████████████

9        *Third*, essentially conceding that the Madisetti Declaration offers opinions for

10   alleged Trade Secrets D-9 through D-15 that he failed to include for those alleged secrets

11   in his reports, Plaintiffs point to certain ████████ disclosed by Dr. Madisetti for

12   alleged Trade Secret D-1 as evidence of a timely-disclosed opinion for D-9 through D-

13   15.  Opp. 10-12.  But the mere fact that Plaintiffs may have disclosed certain ██████

14   as evidencing use of *one* of Plaintiffs' alleged trade secrets is insufficient to put Apple

15   on notice that Plaintiffs intended to rely on that ██████████ as evidencing use of *D-9*

16   *through D-15*.  As discussed above, nothing in Dr. Madisetti's report or subsequent

17   errata incorporates Dr. Madisetti's opinions as to Plaintiffs' own alleged use of D-1 into

18   his opinions on Plaintiffs' alleged use of D-9 through D-15.

19        Moreover, Plaintiffs make no effort to explain why an opinion for D-1 would

20   place Apple on notice of Dr. Madisetti's opinions for completely different alleged trade

21   secrets.  Nor can they.  The alleged trade secrets contain different elements and

22   requirements, such that an opinion on how an element of one alleged trade secret is

23   purportedly used by Plaintiffs in no way explains how a *different* element of a *different*

24   trade secret is used.  For example, Plaintiffs point to a disclosure of ████████████

25   ████████████████████████████████████████████

26   as providing Apple notice of Dr. Madisetti's newly-disclosed opinions for D-10.  Opp.

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

10-11.  But as the excerpt Plaintiffs point to makes clear, Dr. Madisetti's report cited that ██████████ as evidence of Plaintiffs' alleged use of a ████████ ██████████████████ for D-1, Ex. 10 ¶ 138; *see also* Opp. 11 (excerpting portion of Dr. Madisetti's report), which requires ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Dkt. 1085-8 at 1333 (Ex. 67) (reciting Trade Secret D-1).

In contrast, the Madisetti Declaration now seeks—for the first time—to rely on that source code for **D-10**, which contains no █████ requirement.  *Compare* Dkt. 1085-8 at 1333 (Ex. 67) (████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ *with id.* at 1335 (D-10 containing no █████ requirement).  Specifically, the Madisetti Declaration opines that ████████████████████████████████████ ███ disclose ████████████████████████████████████ ████████████████████████████████████ as recited in **D-10**—an element Dr. Madisetti notably failed to address **at all** in his reports.  *See* Madisetti Decl. ¶ 171; Dkt. 1085-8 at 1335 (Ex. 67) (reciting alleged Trade Secret D-10); *see also* Ex. 12 at 32-33; Ex. 11 ¶ 337 (Sarrafzadeh Rebuttal) ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

8                                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

1 ██████████████ Accordingly, Plaintiffs' attempts to point to disclosures for ***other***

2 alleged trade secrets are plainly insufficient to show that Dr. Madisetti's report contained

3 the new opinions he now attempts to offer in his declaration for D-9 through D-15.[3]

4 *Finally*, Plaintiffs' attempts to justify other new opinions in the Madisetti

5 Declaration also fail.  Plaintiffs point first to Dr. Madisetti's opinions for D-3 in an

6 attempt to support his newly disclosed opinions for D-9.  Opp. 12.  But once again,

7 contrary to Plaintiffs' assertion, Dr. Madisetti never incorporated his opinions for D-3

8 into D-9.  *See supra* pp. 5-7.  And like D-1, D-3 recites an entirely different alleged trade

9 secret, such that Apple had no reason to believe that Dr. Madisetti's opinions for D-3

10 were somehow applicable to D-9.  *See supra* pp. 5-7; *compare* Dkt. 1085-8 at 1333 (Ex.

11 67) ██████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████ *with id.* at 1334 (D-9 reciting ███████████████

14 ███████████████████ And with respect to the new source code and opinions

15 offered for D-10 (*see* Mot. 10-11), Plaintiffs make no attempt whatsoever to identify ***any***

16 opinions that Dr. Madisetti's expert reports previously disclosed with respect to ██

17 ██████████████████████████████████████████

18 ████████████████████.  There are none.  Instead, Plaintiffs once again

19 vaguely point to opinions offered for ***other*** alleged trade secrets (Opp. 13), which are

20 plainly inadequate to disclose opinions for ***D-10*** for all the reasons discussed above

21 (*supra* pp. 7-8).[4]

22

---

23 [3] Plaintiffs' reliance (Opp. 8-9) on paragraph 163 of Dr. Madisetti's report—addressing
***D-1***—to support the opinion in the Madisetti Declaration that ***D-9*** was implemented in
24 Apple Watch prototypes is misplaced for the same reasons.  *Compare* Madisetti Decl.
¶¶ 112-13 (addressing alleged Trade Secret D-9), *with* Ex. 10 ¶¶ 154, 163 (addressing
25 alleged Trade Secret D-1).

26 [4] As Plaintiffs acknowledge (Opp. 13), D-11 through D-15 depend from D-10 and thus,
new opinions offered in the Madisetti Declaration for those alleged trade secrets should
27 be excluded for the same reasons as for D-10.

28

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS
SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 8:20-cv-00048-JVS (JDEx)

1   Plaintiffs do not deny that the Madisetti Declaration offers the new opinion that

2   ███████████████████████████████████████████████████████████████

3   ███████████████████████████████████ Madisetti Decl. ¶ 65; *see* Ex. 12 at

4   4; Ex. H at 168; Mot. 9.  Instead, they seek to rationalize that new opinion as a purported

5   "elaborat[ion]" on opinions expressed in Dr. Madisetti's report.  Opp. 12.  It is not.

6   While Dr. Madisetti's report stated that ██████████████████████████ Ex.

7   10 ¶ 279, he failed to offer any opinion that ████████████████████████

8   ████████████████████████████████████ a requirement for D-

9   9, Dkt. 1085-8 at 1334 (reciting D-9's requirement for █████████████

10  ███████████████████████████████████████████████████████████████

11  █████████████████████████████.  Instead, the Madisetti Declaration

12  seeks to backfill the hole left by Dr. Madisetti's report.

13  Plaintiffs' attempt to justify the new opinion that ████████████████

14  ███████████████████ is similarly misplaced.  Opp. 12-13.  While Dr. Madisetti's report

15  opined that █████████████████████, there was no similar opinion with

16  respect to █████████████████████████.  *See generally*

17  Ex. 10 ¶¶ 278-90 (█████████████████████████████████████

18  ██████████████████████ *compare, e.g., id.* ¶ 282 (██████████

19  ███████████████████), *with id.* ¶¶ 139, 148 ██████████████ Nor did Dr.

20  Madisetti explain ████████████████████████ in his reports.  Opp. 13.

21  While Dr. Madisetti offered *some* explanation for how the '754 patent discloses D-1 in

22  his report, Plaintiffs do not deny that the Madisetti Declaration offers additional opinions

23  on this issue not previously disclosed for D-1, D-9, or any other alleged trade secret.

24  *Compare* Madisetti Decl. ¶¶ 118-27 ████████████████████████████

25  █████████████, *with* Ex. 10 ¶ 292 (Madisetti Rep.) ████████████████

26  ███████████████████████████████████████████████████████████████

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  ███████ *see* Ex. 12 at 17-21.  For example, while the Madisetti Declaration opines that

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ██████████████████████████████████ Madisetti Decl. ¶ 121,

5  Dr. Madisetti offered no such opinion for D-1 in his report, *see* Ex. 10 ¶ 156 ████

6  ████████████████████████████ Thus, Plaintiffs' reliance on opinions

7  offered by Dr. Madisetti for *other* alleged trade secrets cannot salvage the new opinions

8  he offers with respect to alleged Trade Secrets D-9 through D-15.

9     **C.     The Case Law Confirms That The New Opinions In The Madisetti**

10         **Declaration Are Improper.**

11     As Apple explained (Mot. 14)—and Plaintiffs do not deny—"[t]he requirements

12  of Fed. R. Civ. P. 26(a)(2) are not complex and must be complied with to assure a level

13  playing field for all parties," such that failure to do so results in exclusion.  *Luke v.*

14  *Emergency Rooms, P.S.*, 2008 WL 410672, at *3-4 (W.D. Wash. Feb. 12, 2008), *aff'd*

15  *sub nom. Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496 (9th Cir. 2009).

16  Plaintiffs' efforts to escape that result by distinguishing Apple's cited case law each fail.

17     As here, the plaintiff in *Luke* submitted untimely expert declarations that

18  "impermissibly attempted to fix the weakness … in [the plaintiff's] ability to establish"

19  a key element of its case.  323 F. App'x at 500.  Plaintiffs attempt to distinguish *Luke*

20  on the ground that the new opinion offered in the declaration was "critical" to an element

21  of the plaintiff's claims.  But the same is true here—the Madisetti Declaration offers

22  new opinions that go to the heart of whether Plaintiffs possessed the alleged trade secrets

23  and whether Apple used those purported secrets—both elements of Plaintiffs' trade

24  secret misappropriation claims.  And in *In re Katz Interactive Call Processing Patent*

25  *Litigation*, 2010 WL 8759134, at *2 (C.D. Cal. June 10, 2010), the defendant's expert

26  offered a declaration opining on an element of the asserted patent not previously

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

addressed in his report—precisely as Dr. Madisetti has done here with respect to elements of the alleged trade secrets. Plaintiffs' only basis for distinguishing *Luke* and *Katz* is their misguided argument that the Madisetti Declaration offers no new "opinions," only new "analysis." Opp. 9, 15. But whatever label Plaintiffs affix to the new opinions set forth in the Madisetti Declaration, there is no dispute that (1) Dr. Madisetti offers opinions not previously disclosed in his expert reports and (2) Apple and its experts accordingly had no opportunity to respond to those opinions.

Plaintiffs' attempt to distinguish cases addressing the propriety of supplemental expert reports served after the expert disclosure deadlines should also be rejected. Opp. 16. Where, as here, an expert declaration goes beyond the disclosures in the expert's report, the fact that those opinions are offered in declaration rather than a supplemental report is a distinction without a difference. *Compare Luke*, 2008 WL 410672, at *3 ("Clearly, the supplemental declarations filed by the Plaintiffs in response to the motion for summary judgment and after the deadline for rebuttal expert disclosure do not meet the disclosure requirements for experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) and do not provide for a level playing field."), *with Windeler v. Cambria Cmty. Servs. Dist.*, 2021 WL 5411887, at *5 (C.D. Cal. Oct. 19, 2021) ("Defendants assert [plaintiff's expert's] Supplemental Report is not appropriate under Federal Rule of Civil Procedure 26(a)(2)(E) because it includes additional opinions not included in his Initial Report. The Court agrees.").

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co.*, 769 F. Supp. 2d 269 (S.D.N.Y. 2011), on which Plaintiffs rely (Opp. 16), is not to the contrary. There the court declined to strike the supplemental report of the plaintiff's expert where the report was "submitted ***at the explicit suggestion of the defendant's attorney***" and "did not include a new opinion which had not been previously disclosed." *Cedar Petrochemicals*, 769 F. Supp. 2d at 279 (internal quotation marks omitted). In contrast,

Wilmer Cutler
Pickering Hale
and Dorr LLP

1   here Plaintiffs unilaterally decided to supplement Dr. Madisetti's deficient opinions in

2   an effort to obtain summary judgment in their favor. But Plaintiffs "cannot now accrue

3   an unfair advantage by remedying [any] strategic miscalculations [they] may have made

4   by belatedly seeking to supplement or amend [Dr. Madisetti's] reports." *Oracle Am.,*

5   *Inc. v. Hewlett Packard Enter. Co.*, 2019 WL 468809, at *3 (N.D. Cal. Feb. 6, 2019)

6   (internal quotation marks omitted).

7          **D.     Plaintiffs Have Not Established That The New Opinions In The**

8                 **Madisetti Declaration Are Substantially Justified Or Harmless.**

9          "[P]laintiffs provide[] 'no justification—let alone substantial justification—for

10   the untimely submission' of [Dr. Madisetti's] declaration[]," in effect conceding that

11   "the substantial justification exception to Rule 37(c)(1) [is] inapplicable." *Shahbaz v.*

12   *Johnson & Johnson*, 2020 WL 5894590, at *7 (C.D. Cal. July 31, 2020) (quoting *Luke*,

13   323 F. App'x at 499); *see also* Mot. 16 (explaining that "Plaintiffs have not identified

14   any reason why the new opinions could not have been included in Dr. Madisetti's expert

15   reports"). Instead, Plaintiffs bizarrely claim that Apple is not harmed by Plaintiffs' late

16   disclosure because it "had a chance to depose Madisetti *on his expert report*." Opp. 16.

17   But that is beside the point. Apple had no ability to depose Dr. Madisetti on the ***new***

18   ***opinions*** set forth in his untimely declaration. How could Apple have "asked those

19   questions" (Opp. 16) during Dr. Madisetti's deposition when it had yet to see the new

20   opinions?

21          Plaintiffs' assertion that Apple "could have responded to Madisetti's declaration

22   in the expert declaration Apple filed in opposition to Masimo's summary judgment" is

23   highly misleading. Unlike Dr. Madisetti, Apple's expert submitted a one-page

24   declaration simply attesting to the opinions ***already set forth in his timely-served***

25   ***reports***. *See* Dkt. 1130-3. Plaintiffs cannot establish harmlessness by arguing that Apple

26   could have ***also*** violated FRCP 26(a)(2) and this Court's scheduling order by submitting

27

28

new, untimely opinions of its own.  As Apple explained (Mot. 16), expert discovery is now closed, and trial is two months away; Plaintiffs' strategic decision to submit new opinions at the summary judgment stage deprived Apple's experts of the opportunity to respond with opinions of their own and Apple's ability to test Dr. Madisetti's newly disclosed opinions in a deposition.  "'[D]isruption to the schedule of the court and other parties in that manner is not harmless.  Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.'"  *Oracle*, 2019 WL 468809 at *4 (quoting *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

Accordingly, the new, untimely opinions set forth in the Madisetti Declaration (paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172) should be excluded.

## E.    Fees And Costs Are Warranted For Plaintiffs' Violation Of This Court's Scheduling Order.

As Apple explained (Mot. 12-13), where a party "fails to obey an order to provide or permit discovery," the court may "order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(b)(2)(A)(ii), (b)(2)(C); *see also* Fed. R. Civ. P. 16(f)(1)(C) (authorizing courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party … fails to obey a scheduling or other pretrial order.").

Despite Plaintiffs' contrary claims (Opp. 21), Plaintiffs' submission of entirely new opinions at the summary judgment stage violates both FRCP 26(a)(2) and this Court's scheduling order, warranting an award of fees and costs associated with this motion.  *See* Mot. 13-14; *Cogburn v. Sunbeam Prods., Inc.*, 2022 WL 118564, at *1 (E.D. Cal. Jan. 12, 2022) (after granting motion to strike supplemental expert witness designations, awarding reasonable attorneys' fees to the moving party); *see also*

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Genentech, Inc. v. Insmed Inc.*, 2006 WL 648365, at *1 (N.D. Cal. Mar. 13, 2006) (awarding "reasonable fees and costs incurred" in connection with motion to exclude untimely expert disclosure as alternative to exclusion).  An award of fees is particularly appropriate here given the frivolous nature of Plaintiffs' arguments in opposition and Plaintiffs' repeated pattern of withholding disclosures during discovery only to spring them on Apple at the eleventh hour.  *See, e.g.*, Dkt. 1031 (order granting in part Apple's motion to strike Plaintiffs' FRCP 26(a)(2)(C) disclosures for, *inter alia*, including previously undisclosed information); Dkt. 1071 (order granting in part Apple's motion to strike undisclosed reasonable royalty theory); *see also* Dkt. 1097 (Apple's pending motion to strike late-disclosed ownership information).  Accordingly, Apple respectfully requests that the Court award Apple its fees and costs associated with filing this motion.

## II.  THE COURT SHOULD STRIKE THE UNTIMELY FACTUAL EVIDENCE IN THE 2022 POEZE DECLARATION.

Plaintiffs do not dispute that paragraphs 3 and 14-20 of the 2022 Poeze declaration were not previously included in the 2020 Poeze Declaration.  *See* Mot. 11.  Nor do Plaintiffs deny that (1) they relied on the 2020 Poeze Declaration to respond to Apple's Interrogatory No. 6, which asked Plaintiffs to "describe in detail" "how [Plaintiffs] allegedly developed [each] Trade Secret," Mot. 3 (quoting Ex. 1 at 12); *see also* Ex. 2 at 15, 26, 32, 41, 44 (Sept. 29, 2022 Suppl. Resp. to Interrog. No. 6), and (2) their expert Dr. Madisetti relied on the 2020 Poeze Declaration in opining on Plaintiffs' development and use of the alleged trade secrets, Mot. 18 (citing Ex. 10 ¶¶ 279, 312, 379 (Madisetti Rep.)). And although Plaintiffs supplemented their response to Interrogatory No. 6 *eight times*, *see* Ex. 2 at 7-87, Plaintiffs fail to point to *any* supplemental response that includes the additional facts that Plaintiffs now seek to interject in the new paragraphs of the 2022 Poeze Declaration.  Having waited until the summary judgment stage to offer new purported facts from Mr. Poeze, Plaintiffs now seek to justify their late disclosure by

Wilmer Cutler
Pickering Hale
and Dorr LLP

pointing to passages of the 2022 Poeze Declaration not implicated by Apple's motion and shifting the blame to Apple. Each of Plaintiffs' arguments against exclusion should be rejected.

*First*, Plaintiffs point to paragraph 14 of the 2020 Poeze Declaration, arguing that paragraphs 14-20 of the 2022 Poeze Declaration should stand because paragraph 14 of the ***2020 Poeze Declaration*** "identified and explained" the same notebook entry allegedly written by Mr. Poeze on ███████████. But paragraph 14 of the 2020 Poeze Declaration is identical to paragraph 22 of the 2022 Poeze Declaration—a paragraph that ***Apple's motion to strike does not implicate***. *Compare* Ex. 3 ¶ 14 (2020 Poeze Decl. (Dkt. 120)), *with* Dkt. 1085-12 ¶ 22 (2022 Poeze Decl.). Rather, Apple seeks to strike the additional ***seven*** paragraphs discussing the notebook entries in far greater detail, including discussing ████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████ *Compare* Ex. 3 ¶ 14 (2020 Poeze Decl. (Dkt. 120)) ████████████ ████████████████████████████████████ *with* Dkt. 1085-12 ¶¶ 14-20 (2022 Poeze Decl.) (describing ██████████████████ ████████████████████████████████████████████████ ███████████████████; *see also* Dkt. 1085-8 at 1335 (Ex. 67) (███████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████. Plaintiffs make no effort to show that they disclosed *any* of the new facts in those paragraphs during discovery.

*Second*, unable to dispute that the 2020 Poeze Declaration said absolutely nothing about ████████████████████████, Plaintiffs dedicate a page and a half of their opposition to stringing together various documents in an attempt to show that

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

16   CASE NO. 8:20-cv-00048-JVS (JDEx)

1   Plaintiffs had previously disclosed that ███████████████████████. Opp.

2   4-6.  Plaintiffs' explanation has the opposite effect—it confirms that Plaintiffs *did not*

3   disclose ████████████████████████████.  Rather, in

4   order to deduce that information, Apple was apparently expected to █████████████

5   ████████████████  from the 2020 Poeze Declaration with █████████████

6   ████████████████████████████████████████  *id.* at

7   5, even though Plaintiffs could have easily disclosed █████████████████████

8   ████████████  in a single sentence, but apparently chose not to.  Plaintiffs should not

9   now be rewarded for burying this information which was solely in their possession.

10          *Third*, contrary to Plaintiffs' suggestion (Opp. 4, 6), it is not Apple's position that

11   a witness's summary judgment declaration must mirror a prior declaration.  Rather, in

12   the circumstances at issue here, Plaintiffs elected to rely on the prior declaration and the

13   information disclosed therein in responding to Apple's Interrogatory No. 6 and in their

14   FRCP 26 expert disclosures—not the *newly disclosed* information Plaintiffs now rely on

15   to support their summary judgment motion—all while omitting Mr. Poeze from

16   Plaintiffs' list of witnesses that Plaintiffs intended to present to prove their claims at

17   trial.  *See* Mot. 4.  Thus, not only did Plaintiffs fail to inform Apple of the additional

18   facts on which Plaintiffs now rely, but Apple had no reason to seek to discover additional

19   facts from Mr. Poeze through a deposition.  Moreover, although Plaintiffs have now

20   agreed to make Mr. Poeze available for deposition (*see* Ex. M (accepting January 24

21   date for Mr. Poeze's deposition)), that does not alleviate the harm caused by Plaintiffs'

22   late disclosure.[5]  As Apple explained (Mot. 19-20), Plaintiffs' withholding of relevant

23   factual evidence in their possession until the eleventh hour deprived Apple of the ability

---

[5] Plaintiffs' attempt to blame Apple for failing to depose Mr. Poeze earlier falls flat.
Opp. 2-4.  Given Mr. Poeze's exclusion from Plaintiffs' list of trial witnesses, Apple had
no reason to believe that Mr. Poeze would be a witness on whom Plaintiffs would rely
until Plaintiffs submitted the 2022 Poeze Declaration with their summary judgment
motion on December 19, 2022.

Wilmer Cutler
Pickering Hale
and Dorr LLP

to take **additional** fact discovery (e.g., through targeted interrogatories or document requests or examination of Plaintiffs' **other** fact witnesses) and its experts of the ability to address the new facts in assessing Plaintiffs' trade secret claims.

Because Plaintiffs failed to disclose the facts set forth in paragraphs 3 and 14-20 of the 2022 Poeze Declaration during fact discovery and Apple is prejudiced by their late disclosure, Apple requests that the Court strike those paragraphs from both the summary judgment and factual record.

## III.   THE COURT SHOULD STRIKE MR. KIANI'S UNTIMELY ███████████ OPINION.

Once again, Plaintiffs' opposition is notable for what it does not dispute. Plaintiffs do not dispute that they failed to disclose any purported ████████████████████ in response to Apple's Interrogatory Nos. 13 and 17 during fact discovery.  *See* Mot. 4-5.  Nor do Plaintiffs deny that the ████████████ theory appears nowhere in Mr. Kiani's FRCP 26(a)(2)(C) disclosure.  *See id.* at 5.  Instead, Plaintiffs point to only generic disclosures and testimony from a **separate litigation** to suggest Apple had notice of Plaintiffs' new ████████████ theory of harm **in this case**.  Opp. 17-18.  Each of Plaintiffs' arguments against exclusion should be rejected.

*First*, the mere fact that Plaintiffs' May 14, 2020 response to Interrogatory No. 13 generically identified ████████████████████████ among a laundry list of purported harms allegedly suffered by Plaintiffs, was insufficient to put Apple on notice of Plaintiffs' belated ████████████ theory of harm.  ████████████ is indisputably different from alleging—as Plaintiffs now do—that there is a ██████ ███████████████████████████████████████████████████  *Compare* Ex. 7 at 6 (stating without explanation that █████████████ ████████████████████████████), *with* Dkt. 1085-13 ¶ 8 (Kiani Decl.) (asserting that ███████████████████████████████████████████

Wilmer Cutler Pickering Hale and Dorr LLP

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████

5     *Second*, contrary to Plaintiffs' suggestion (Opp. 17-18), Mr. Kiani's testimony in

6 a ***separate litigation*** is plainly insufficient to put Apple on notice of Plaintiffs' theory of

7 harm ***in this case***.  Apple was not a party in the *True Wearables* case, and its conduct

8 was not at issue.  Indeed, as this Court previously observed, Plaintiffs have taken "the

9 position on the one hand that the True Wearables trade secrets litigation is not relevant

10 to this trade secrets litigation because, for example, different trade secrets have been

11 asserted."  Dkt. 896 at 4 & n.1 (Order Re Offensive Collateral Estoppel) (also noting

12 that "[h]aving presided over the bench trial in the True Wearables litigation, it is not

13 clear to the Court that Masimo is asserting any of the same trade secrets in this case as

14 it asserted against the True Wearables defendants").  Thus, the mere fact that Mr. Kiani

15 testified to an alleged ███████████ resulting from the conduct at issue in the *True*

16 *Wearables* case is irrelevant to the harm Plaintiffs claim to have suffered from ***Apple's***

17 alleged conduct in this case.  *Cf.* Dkt. 1085-13 ¶ 8 (Kiani Decl.) ███████████

18 ████████████████████████████████████████████████████████

19 █████████████.

20     *Third*, contrary to Plaintiffs' assertions (Opp. 19-20), Mr. Kiani's newly disclosed

21 █████████████ theory of harm is not simply an "observation[] made during the ordinary

22 course of business."  Rather, Mr. Kiani opines that ██████████████████████

23 ████████████████████████████████████████████████████████

24 █████████████████████ Dkt. 1085-13 ¶ 8 (Kiani Decl.).  That testimony—including

25 as to ██████████████████████████—is speculative, and not based on Mr.

26 Kiani's personal observations.  *See United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir.

27

28

2014), (a lay opinion witness "may not testify based on speculation").   While a lay witness may "testify to opinions about their own businesses based on their personal knowledge of their business," here, Mr. Kiani offers opinions about future events that go well beyond his own personal knowledge.   *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 2008 WL 504098 at *3-5 (N.D. Cal. Feb. 19, 2008) (preventing lay "opinion testimony on industry lock-in").   *The N. Face Apparel Corp. v. Dahan*, 2014 WL 12558010 (C.D. Cal. Oct. 6, 2014), on which Plaintiffs rely (Opp. 19-20), is not to the contrary.   There, the "lay opinion" testimony on counterfeit products was based on specific observations, such as the lack of a "hologram, security tag and serial number" gleaned from the witnesses' "personal inspection" of products, as well as their "knowledge of the quality control and loss prevention methods [North Face] use[s]." 2014 WL 12558010 at *4 n.55, *12-13.   Neither witness offered an opinion regarding, for example, the future effect of counterfeit products in the larger product market.

*Finally*, Plaintiffs once again misconstrue Apple's position.   Apple does not contend that "witnesses can testify only to the same words or level of detail as in a parties' interrogatory responses."  Opp. 19.   However, as this Court has noted, "new factual information in the form of a fully formed … theory" should be "disclosed before the close of fact discovery."  Dkt. 1031 at 8.   Here, Plaintiffs indisputably failed to disclose their ████████ theory of harm during discovery, and accordingly, it should be stricken.   Moreover, Plaintiffs' critique of Apple for purportedly "fail[ing] to explore" Mr. Kiani's testimony via deposition is a misdirection (Opp. 18); Apple had no reason to ask Mr. Kiani about any purported ████████ since Plaintiffs had identified no such ████ prior to his deposition.[6]

---

[6] Moreover, Plaintiffs are wrong to suggest that Apple failed to question Mr. Kiani about Plaintiffs' alleged harm during his deposition.  Opp. 18.  For example, Apple asked Mr. Kiani about Plaintiffs' purported lost sales—a theory Plaintiffs had referenced (albeit generically) in their discovery responses.  *See* Ex. L at 204:18-206:6.

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

20                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Nor could Apple's prejudice simply be cured through deposition questioning of Mr. Kiani at this late stage, as Plaintiffs seem to suggest.  Opp. 20.  A deposition is not a cure-all, particularly where expert discovery has concluded, summary judgment briefing is complete, Apple has already had to submit supplemental expert reports to address the belated disclosures in Mr. Kiani FRCP 26(a)(2)(C) disclosure—which did not include the ███████████ theory—and trial is just two months away.  *See Gentec Enters. Inc. v. Transistor Devices Inc.*, 2012 WL 13005868, at *4 (C.D. Cal. Mar. 29, 2012) (rejecting the argument that there is "no harm, no foul" with late disclosures so long as "depositions can be taken").  Moreover, the discovery deadlines set by this Court exist for a reason: "[A] function of the discovery cut-off is to establish a window between the close of discovery and trial during which counsel can focus on all aspects of trial preparation without the pressure of conducting discovery during that preparation period."  *Id.* at *5.  Apple should not be forced to conduct a second deposition of Mr. Kiani after the close of discovery, when its attention is more appropriately directed to preparing for trial.[7]  *See Brown v. Wal-Mart Store, Inc.*, 2018 WL 2011935, at *4 (N.D. Cal. Apr. 27, 2018) (finding prejudice where non-moving parties' late disclosure of information would require "significant further changes to the case schedule").

Accordingly, Apple requests that the Court strike the untimely ██████████ theory in paragraph 8 of the Kiani Declaration from both the summary judgment and factual record.

## IV.    CONCLUSION

Apple respectfully requests that this Court strike (1) paragraphs 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172 of the Madisetti Declaration (Dkt. 1085-9), (2) paragraphs 3 and 14-20 of the 2022 Poeze Declaration (Dkt. 1085-12), and (3)

---

[7] For that reason, Plaintiffs' attempt to fault Apple for not taking a second deposition of Mr. Kiani regarding his FRCP 26(a)(2)(C) disclosure should be rejected.

Wilmer Cutler
Pickering Hale
and Dorr LLP

the ███████████ theory of harm from paragraph 8 of the Kiani Declaration (Dkt. 1085-13); preclude Plaintiffs from offering the evidence and opinions set forth in those paragraphs at trial; and award Apple fees and costs associated with this motion.

Dated: January 23, 2022                    Respectfully submitted,


                                    MARK D. SELWYN
                                    AMY K. WIGMORE
                                    JOSHUA H. LERNER
                                    SARAH R. FRAZIER
                                    NORA Q.E. PASSAMANECK
                                    THOMAS G. SPRANKLING
                                    WILMER CUTLER PICKERING HALE AND
                                    DORR LLP

                                    BRIAN A. ROSENTHAL
                                    GIBSON, DUNN & CRUTCHER LLP

                                    KENNETH G. PARKER
                                    HAYNES AND BOONE, LLP



                                    By:  *Mark D. Selwyn*
                                         Mark D. Selwyn


                                    *Attorneys for Defendant Apple Inc.*

Wilmer Cutler
Pickering Hale
and Dorr LLP

1
2
3
4

## **CERTIFICATE OF COMPLIANCE**

5       The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this

6   brief contains 6,966 words, which [choose one]:

7       _X_  complies with the word limit of L.R. 11-6.1.

8       ___  complies with the word limit set by court order dated [date].

9

10  Dated:_ January 23, 2022 _              Respectfully submitted,

11
12                                    MARK D. SELWYN
                                      AMY K. WIGMORE
13                                    JOSHUA H. LERNER
                                      SARAH R. FRAZIER
14                                    NORA Q.E. PASSAMANECK
                                      THOMAS G. SPRANKLING
15                                    WILMER CUTLER PICKERING HALE AND
                                      DORR LLP
16
17                                    BRIAN A. ROSENTHAL
18                                    GIBSON, DUNN & CRUTCHER LLP
19
                                      KENNETH G. PARKER
20                                    HAYNES AND BOONE, LLP
21
22                                    By:  _Mark D. Selwyn_____
23                                         Mark D. Selwyn
24
                                      *Attorneys for Defendant Apple Inc.*
25
26
27
28

REPLY ISO APPLE'S MOTION TO STRIKE UNTIMELY FACT AND EXPERT DECLARATIONS SUPPORTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

23                      CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP