Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' REPLY IN SUPPORT OF THEIR DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANT'S EXPERTS** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Reply in Support of their Daubert Motion to Exclude Certain Testimony of Defendant's Experts.

Masimo has provided a proposed redacted version of Masimo's Reply in Support of Plaintiffs' Daubert Motion to Exclude Certain Testimony of Defendant's Experts (the "Reply"). Masimo requests the Court seal Exhibits 11 and 16 to the Supplemental Declaration of Adam B. Powell in their entirety and the highlighted portions of the Reply.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, § 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

Exhibit 16 is an expert report, which discloses and discusses Masimo's trade secrets. Kachner Decl. ¶ 6. This information is confidential and valuable to Masimo in

-1-

part because of its secrecy. *Id.* Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its technical trade secrets. *Id.* If Masimo's trade secrets and confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if these trade secrets were disclosed. *Id.*

Exhibit 11 is excerpts of Apple's privilege log. *Id.* ¶ 7. Apple has designated this privilege log as Highly Confidential – Attorneys' Eyes Only under the protective order. *Id.*

Portions of the Reply discuss the aforementioned Exhibits and Exhibits that Masimo previously sought to seal. They should be sealed for the same reasons. *Id.* ¶ 8.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229.

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in this case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court allow Masimo to seal Exhibits 11 and 16 to the Supplemental Declaration of Adam B. Powell in their entirety and the highlighted portions of the Reply.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 23, 2023

By: */s/ Mark D. Kachner*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.