MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER**<br><br>Date: Feb. 6, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

Page(s)

Introduction .................................................................................................................. 1

Argument ...................................................................................................................... 2

I.    Dr. Palmatier's Failure To Distinguish Between Masimo Corp. And Cercacor Renders His Opinions Unreliable ................................................... 2

II.    Dr. Palmatier's Failure To Link The Purported Secrets To The Documents He Relies Upon To Find Viable Trade Secrets And Misappropriation Renders His Opinions Unreliable .................................. 5

Conclusion ................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Castaic Lake Water Agency v. Whittaker Corp.*,
 2002 WL 34700741 (C.D. Cal. Oct. 25, 2002) ....................................................... 4

*CytoDyn, Inc. v. Amerimmune Pharms., Inc.*,
 160 Cal. App. 4th 288 (2008) ................................................................................ 4

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
 2019 WL 12074086 (C.D. Cal. July 1, 2019) ....................................................... 4

*Holt v. Finander*,
 2021 WL 1255418 (C.D. Cal. Feb. 9, 2021) .......................................................... 4

*Planned Parenthood Federation of Am. Inc. v. Center for Medical Progress*,
 402 F. Supp. 3d 615 (N.D. Cal. 2019) ................................................................... 8

*Sitirick v. Dreamworks, LLC*,
 2006 WL 6116641 (C.D. Cal. July 20, 2006) ....................................................... 4

*Strategic Partners Inc. v. Figs, Inc.*,
 2022 WL 4596594 (C.D. Cal. Aug. 18, 2022) ...................................................... 9

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
 796 F. Supp. 2d 1025 (N.D. Cal. 2011) ................................................................. 9

# INTRODUCTION

Plaintiffs devote more of their brief to summarizing Dr. Palmatier's opinions than they do responding to Apple's arguments. They seek to distract because they cannot defend.

Plaintiffs do not even try to justify Dr. Palmatier's failure to distinguish between Masimo Corp., Cercacor, or both when discussing who allegedly developed and used the purported secrets. Plaintiffs instead wrongly argue that the distinction is irrelevant. But which Plaintiff did what and when is relevant, *inter alia*, to whether they can show possession prior to the supposed misappropriation. For example, if Cercacor alone had possession of one half of a purported secret and Masimo Corp. alone had possession of the other, it would be harder for Plaintiffs to establish that they possessed the full secret at the relevant time than if both portions were in both entities' hands. And if Cercacor alone had full possession of one purported secret, and Masimo Corp. no possession, it would be relevant to "Plaintiffs'" claim for lost profits. Masimo Corp. and Cercacor are separate entities with no corporate affiliation, and there is no legal basis to lump them together as if they were one for purposes of Plaintiffs' proof.

Plaintiffs also do not seriously dispute that Dr. Palmatier failed to connect the language of the purported secrets to the documents he claims show development and/or misappropriation. While they point to the fact that the term " ███████ " (i.e., ████████████████████████) is referenced in a handful of paragraphs in Dr. Palmatier's report, this is a red herring, as Dr. Palmatier refused to explain the phrase's meaning when asked under oath. Faced with this significant gap in Dr. Palmatier's reasoning, Plaintiffs attempt to shift blame elsewhere—to Apple's experts for not providing equivalent reasoning, and to Apple's counsel for not objecting to the wording of the purported secrets when originally proposed. These assertions are baseless but, more importantly, they are irrelevant. The question in this motion is

---

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

1   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

whether *Dr. Palmatier's* methodological approach to the information produced in this litigation is so unreliable as to warrant exclusion. Plaintiffs cannot meet their burden to show that it is not.

## ARGUMENT

### I. DR. PALMATIER'S FAILURE TO DISTINGUISH BETWEEN MASIMO CORP. AND CERCACOR RENDERS HIS OPINIONS UNRELIABLE

Dr. Palmatier's opinion is fundamentally unreliable because he fails to explain whether Masimo Corp. or Cercacor, or both, supposedly developed and/or used each alleged ▇▇▇▇ secret. Mot. 9. In particular, he used "'Masimo' to refer to Masimo and/or Cercacor," and failed to provide more specific attribution at any point when discussing development and use. *Id.* 4, 9.

Plaintiffs concede most of Apple's argument. They appear to agree (1) Dr. Palmatier's report failed to distinguish between Masimo Corp. and Cercacor, (2) this practice introduced ambiguity as to which entity was supposedly responsible for which aspect of which purported secret, and (3) Dr. Palmatier does not have the capacity to draw such a distinction. Opp. 1, 8. The points that Plaintiffs do make are unavailing.

Plaintiffs primarily argue that Dr. Palmatier's lack of clarity is irrelevant because they do not need to ultimately establish which entity possessed/owned the purported secrets in order to prevail on their trade secret claim—so long as they can show at least one Plaintiff did. Opp. 9-10. While Apple disagrees with this view of the law, (*e.g.*, Dkt. 1101 at 11-13), Plaintiffs are missing the point. If Dr. Palmatier lacks the capacity to explain which Plaintiff supposedly developed or used which aspects of the purported secrets, his ultimate opinion that Plaintiffs have somehow collectively shown *possession* is ultimately unreliable. Moreover, it would be methodologically incorrect for Dr. Palmatier to testify as to "Plaintiffs," lumped as one, where he is admittedly unable to say whether any of his opinions would apply

1  separately to either Masimo Corp. or Cercacor.  In short, Dr. Palmatier should not be
2  permitted to testify that at least one of the Plaintiffs developed, used, possessed, and/or
3  owned any alleged secret because he has offered no opinion specific to either, and has
4  no opinion whether, as to any particular alleged secret, either in fact did.
5        Take, for example, ▮▮▮▮ which claims the idea of, *inter alia*, "▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮"  *See* Mot. 3.  In explaining how Plaintiffs developed this
9  concept, Dr. Palmatier states:



15  Ex. 1 ¶596 (emphases added).  The meaning of that passage changes dramatically if
16  instead of reading "Masimo" to apply to both entities, only Masimo Corporation
17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and only Cercacor ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  In
18  that situation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Furthermore, Dr. Palmatier has no opinion whether
20  either Masimo Corp. or Cercacor developed these concepts.  It could be one, it could
21  be the other, it could be both—he does not know.  This is not only methodologically
22  infirm, it will be highly confusing to the jury.
23        Plaintiffs also suggest that Apple expert Dr. Kivetz's analysis suffers from the
24  same deficiency as Dr. Palmatier's because Dr. Kivetz used the term "Masimo" to
25  collectively refer to *both* Masimo Corp. and Cercacor.  *See* Opp. 8.  This argument is
26  triply flawed.  First, if Plaintiffs believe Dr. Kivetz's approach is unreliable, they were

required to file a separate motion (as they did on other aspects of Dr. Kivetz's opinions). *See* Dkt. 748 at 4 n.1 (rejecting Plaintiffs' request for "reciprocal" relief first raised in opposition brief). Second, Dr. Kivetz's approach does not leave open any ambiguity for the jury, as every reference to Masimo includes both Plaintiffs (as opposed to both or either). Third, Apple (and, by extension, Dr. Kivetz) is not required to lay out a complete theory of possession—that burden lies on Plaintiffs. *CytoDyn, Inc. v. Amerimmune Pharms., Inc.*, 160 Cal. App. 4th 288, 297 (2008).

Plaintiffs also appear to argue that the question of which Plaintiff developed and used which aspects of which purported secrets can be severed from other aspects of Dr. Palmatier's opinion on use/development. Opp. 9. But it is not clear how this could be done given his treatment of Masimo Corp. and Cercacor as a single entity. Plaintiffs provide no explanation either, a glaring failure given that they have the burden to establish that Dr. Palmatier's approach is reliable within the meaning of *Daubert* and FRE 702. *See Holt v. Finander*, 2021 WL 1255418, at *2 (C.D. Cal. Feb. 9, 2021).

Finally, Plaintiffs' attempts to distinguish Apple's case law are unavailing. *See* Opp. 11. Apple is not disputing that Dr. Palmatier is an expert in marketing and has relevant expertise. Rather, the issue is that he has failed to offer any real analysis as to whether Masimo Corp., Cercacor, or both Masimo Corp. and Cercacor developed and/or used each alleged secret. That lack of analysis is precisely what the cases cited by Apple forbid. *See, e.g.*, *Grasshopper House, LLC v. Clean & Sober Media LLC*, 2019 WL 12074086, at *3, 12 (C.D. Cal. July 1, 2019) (experts' opinions inadmissible when, *inter alia*, "sole factual underpinning … was deficient" or based on "faulty or incomplete methodology"); *Sitirick v. Dreamworks, LLC*, 2006 WL 6116641, at *29 (C.D. Cal. July 20, 2006) (court did not give any credence to expert opinion because, in addition to not having relevant expertise, expert provided unhelpful "conclusory statements"); *Castaic Lake Water Agency v. Whittaker Corp.*, 2002 WL 34700741, at

*6 (C.D. Cal. Oct. 25, 2002) (opinion excluded as "scientifically unreliable" when expert failed to provide "good grounds for each step in the analysis" and could not rule out alternative explanation).

## II. DR. PALMATIER'S FAILURE TO LINK THE PURPORTED SECRETS TO THE DOCUMENTS HE RELIES UPON TO FIND VIABLE TRADE SECRETS AND MISAPPROPRIATION RENDERS HIS OPINIONS UNRELIABLE

As explained, Dr. Palmatier's opinions are fundamentally unreliable because he (1) has been unable to explain precisely what the purported secrets mean (beyond simply reciting their plain text) and (2) has not identified any documents from Apple *or* Plaintiffs that simply parrot the purported secrets' language. Mot. 1, 10-13. Given this disconnect, Dr. Pamatier has necessarily failed to provide a clear explanation for how the documents he does rely upon for his development, use, and misappropriation opinions embody the purported secrets.

Once again, Plaintiffs do not dispute much of Apple's arguments. They appear to agree that Dr. Palmatier (1) refused to define any of the terms used in Plaintiffs' alleged secrets during his deposition and (2) was unable to identify a single document not created for purposes of this litigation that uses the language of the purported secrets. Instead, they largely offer up red herrings.

*First*, Plaintiffs argue that Dr. Palmatier provided "extensive testimony" regarding the purported secrets, and "demonstrated his interpretation" through the opinions offered in his Opening and Rebuttal Reports. Opp. 11. In reality, Dr. Palmatier's testimony and opinions followed the same basic two steps: (1) reciting the language of the alleged secret (without offering any explanation as to its scope and/or meaning); and (2) pointing to documents produced by the parties which he asserts shows development, use, and/or misappropriation (without any explanation as to how those documents support his conclusions). For example, in offering the opinion that

1  Dr. O'Reilly was exposed to the alleged secrets, Dr. Palmatier ▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and concludes that they are "consistent
3  with" the language of a particular alleged secret. *See, e.g.*, Ex. 1 ¶83 (▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also*
8  *id.* ¶¶86, 115, 264, 266-267. His opinions on Apple's acquisition and use of the
9  alleged secrets, and why the alleged secrets are not generally known, follow the same
10 formula. *See, e.g., id.* ¶124 (concluding that ▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *see also* Ex. 6 ¶54 & Table 1 ("reproduc[ing] only
15 a few (out of numerous) instances in which the Palmatier Report parrots the Plaintiffs'
16 description of the alleged trade secrets").
17      *Second*, Plaintiffs assert that Dr. Kivetz endorsed Dr. Palmatier's approach to
18 analyzing the purported secrets. Opp. 11 (citing Ex. E).[1] To the contrary, Dr. Kivetz
19 raised the same concern as Apple's motion—i.e., that Dr. Palmatier "does not provide
20 any explanation or criteria that would allow a reader of his report to discern what kind
21 of language or evidence … would actually map to the alleged trade secrets." Ex. 6
22 ¶55.
23      *Third*, Plaintiffs argue that Dr. Palmatier's reports addressed the meaning of at
24 least some of the terms in the purported secrets. Opp. 12. Tellingly, however,

---

[1] Plaintiffs' Exhibit E is a narrow excerpt of Dr. Kivetz's rebuttal report, which does not actually include the cited passage. Apple provided it in Exhibit 6.

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT
ROBERT PALMATIER
                              6                CASE NO. 8:20-cv-00048-JVS (JDEx)



1  Plaintiffs can point to just six paragraphs in Dr. Palmatier's report (out of 669) and two
2  in his rebuttal (out of 790).  The passages from Dr. Palmatier's opening report address
3  only ▌▌▌▌ and—as discussed above—do so in the context of reciting its
4  language after briefly describing ▌▌▌▌
5  ▌▌ (as opposed to explaining precisely what ▌▌▌▌ entails).  Ex. 1 ¶¶ 83, 86,
6  115, 123-124, 174.  And the passages from the rebuttal report are entirely reactive—
7  they dispute Dr. Kivetz's definition of the purported secrets without providing an
8  independent explanation for what those alleged secrets stand for.  Ex. 2 ¶¶ 129, 248;
9  *see also* Opp. 5-6 (citing several similarly reactive statements in the rebuttal report).[2]

10  *Fourth*, Plaintiffs assert that Dr. Palmatier "offered" to "explain how he was
11  applying the trade secrets."  Opp. 12 (citing Ex. 3 at 226-227).  Plaintiffs reference a
12  few lines of Dr. Palmatier's fourteen hours of deposition testimony, but ignore the
13  aftermath.  When Apple's counsel immediately took Dr. Palmatier up on his "offer"
14  and asked Dr. Palmatier to explain "▌▌▌▌
15  ▌▌▌▌ Dr. Palmatier refused to engage.  *See*
16  Ex. 3 at 227-231; *see also, e.g.*, ▌▌▌▌
17  ▌▌▌▌
18  ▌▌▌▌
19  ▌▌▌▌
20  ▌▌▌▌
21  ▌▌▌▌
22  ▌▌▌▌

---

[2] In their background section of their brief, Plaintiffs mention four other paragraphs from the opening report, all of which (at best) address the meaning of ▌▌▌▌, in ▌▌▌▌ Opp. 2-3.

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

7   CASE NO. 8:20-cv-00048-JVS (JDEx)

████████████████████████████████████████.[3]

*Fifth*, Plaintiffs argue there was no need for Dr. Palmatier to explain his reasoning because the scope of the purported secrets is clear from their face.  Opp. 13-14.  But the only example they provide is (again) the use of "██████████ ██"—a term that even Dr. Palmatier has recognized reasonable people could define in different ways.  *See* Mot. 7 (citing Ex. 4 at 281-283).  In any event, ██████ includes other vague terms that Dr. Palmatier was unable to define either in his reports or his deposition.  *E.g.*, Mot. 6-7 (noting that Dr. Palmatier could not provide definitions for terms █████████████████████████████████████████ ██████████).  And more broadly, Plaintiffs have nothing to say about the nine other alleged ██████████ secrets, which if anything include even more nebulous language.  *See, e.g.*, Mot. 3 (quoting ████████); *see also* Ex. 5 ¶¶28, 30, 34 (quoting the ████ ██ secrets).

*Sixth*, Plaintiffs contend that Dr. Palmatier was permitted to provide an opinion on possession/misappropriation even though he did not (1) identify an Apple or Masimo document that uses the specific language of the purported secrets or (2) define the terms of the purported secrets.  Opp. 14 (arguing no specific document required); *id.* 15 (arguing no definition required).  To be clear, Apple agrees that Dr. Palmatier could have permissibly taken either approach (refusing to rely on a "smoking gun" document or refusing to define the terms of the purported secrets).  But by refusing both to cite a document that recites the purported secrets verbatim *and* to define those

---

[3] *Planned Parenthood Federation of Am. Inc. v. Center for Medical Progress*, 402 F. Supp. 3d 615, 719 (N.D. Cal. 2019), does not suggest that Dr. Palmatier's flawed methodology can be addressed on cross-examination.  *See* Opp. 12.  Unlike here, the expert in *Planned Parenthood* was able to provide a basis for his conclusions when asked to do so at his deposition.  402 F. Supp. 3d at 719.

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

8    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

secrets, he rendered his opinion fundamentally unreliable and unhelpful to the jury. *See supra* pp 5-6; Mot. 10-13.[4]

    *Finally*, Plaintiffs try to shift the blame to Apple and its experts. Opp. 12-13. For example, Plaintiffs argue that Apple's experts did not provide a comprehensive list of definitions for every word in the purported secrets. *Id*. But unlike Dr. Palmatier, both Dr. Perez and Dr. Kivetz provided explanations for what they understood the scope of each purported secret to be. *See, e.g.*, Dkt. 1159-1 at 13-15 (explaining Dr. Perez's and Dr. Kivetz's methodology for their "generally known" analysis).[5] Plaintiffs also complain that if Apple thought the purported ▮▮▮▮▮ secrets were not clear on their face, Apple should have challenged their inclusion in Plaintiffs' 2019.210 statement. But as this Court has explained (in one of the decisions Plaintiffs cite), the test at that stage is not whether the purported secret is clearly written but simply whether there is enough detail "to separate it from matters of general knowledge." Dkt. 264 at 6.

## CONCLUSION

    For the foregoing reasons, the Court should grant Apple's motion to strike Dr. Palmatier's October 6, 2022 Report in its entirety.

---

[4] Plaintiffs' cases are not to the contrary. The cited passages from both *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1045-1046 (N.D. Cal. 2011), and *Strategic Partners Inc. v. Figs, Inc.*, 2022 WL 4596594, at *7 (C.D. Cal. Aug. 18, 2022), both involve an assessment of the expert's qualifications. They do not address whether an expert properly supported his or her conclusions.

[5] Dr. Perez's and Dr. Kivetz's testimony on the expertise that would be helpful in interpreting the alleged secrets is also irrelevant. *See* Opp. 13. Apple's position in this motion is not that Dr. Palmatier lacks the necessary expertise, but that he failed to provide any interpretation or analysis of the alleged secrets.

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER

9      CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Dated: January 23, 2023          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
          Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains ■■■ words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 ___ complies with the word limit set by court order dated [date].

Dated: January 23, 2023          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

APPLE'S REPLY ISO MOT. TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT ROBERT PALMATIER
11    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP