MARK D. SELWYN, SBN 244180
   mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
   joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' TRADE SECRET CLAIM AND PLAINTIFFS' LOST PROFITS DAMAGES THEORY** <br><br> Date: Feb. 6, 2023 <br> Time: 1:30pm <br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. 8:20-cv-00048-JVS (JDEx)

1   SARAH R. FRAZIER, *pro hac vice*
      sarah.frazier@wilmerhale.com
2   WILMER CUTLER PICKERING
       HALE AND DORR LLP
3   60 State Street
    Boston, MA 02109
4   Tel.: 617.526.6000 / Fax: 617.526.5000

5   NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
6   WILMER CUTLER PICKERING
       HALE AND DORR LLP
7   1225 Seventeenth Street, Suite 2600
    Denver, CO 80202
8   Tel.: 720.274.3152 / Fax: 720.273.3133

9   BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
11  New York, NY 10166-0193
    Tel.: 212.351.2339 / Fax: 212.817.9539

12
13  KENNETH G. PARKER, SBN 182911
      Ken.parker@haynesboone.com
14  HAYNES AND BOONE, LLP
    660 Anton Boulevard, Suite 700
15  Costa Mesa, CA 92626
    Tel.: 650.949.3014 / Fax: 949.202.3001

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

CASE NO. 8:20-cv-00048-JVS (JDEx)

I.      **APPLE'S RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS**

Apple submits this response to Plaintiffs' Statement of Genuine Disputes of Material Facts.  While Apple responds to each alleged disputed fact, it objects to two aspects of Plaintiffs' Statement.  First, Plaintiffs frequently rely on lengthy string cites to a subset of their 100+ exhibits with no explanation of relevance—even though "it is not the task of the Court 'to scour the record in search of a genuine issue of triable fact,' for the non-moving party."  *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 2009 WL 7464165, at *2 (C.D. Cal. Feb. 18, 2009).  Second, Plaintiffs frequently fail to include pin cites even for exhibits that span dozens of pages, a "defect" that the Ninth Circuit has noted can "warrant[] exclusion of the evidence."  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002).  Both these practices are improper and warrant this Court disregarding the affected aspects of Plaintiffs' Statement.

**a.  Plaintiffs have failed to present evidence sufficient for a reasonable jury to conclude they had possession of the Alleged Trade Secrets.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 1 | Plaintiffs have not identified evidence showing they had possession of ██████████ ████████ Trade Secret No. 1 in its entirety at the time of the alleged misappropriation. Passameneck Decl. Ex. 17, ¶23-25, 66-87.  **Plaintiffs' Response: Factual Dispute**. Testimonial and | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant because it does not address ██ Trade Secret No. 1 specifically.  *See, e.g.*, Ex. 2 (██████ ████████████ ██████████ ██████ ██). |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | documentary evidence show that Masimo[1] had possession of D-1 in its entirety at the time of Apple's misappropriation. Madisetti Decl.; Ex. 15 ¶¶42, 51-57, 94-96, 106-146, 185-91, 212-28, 251-54, 278-90, 311-13, 334-35, 357-58, 379-80, 403-04, 428-29; Ex. 2; Ex. 6, 6-9; Ex. J ¶5; Ex. K -907, -935-936; Ex. JJJ; Ex. L at 3, 10, 8-13; Ex. J ¶9; Ex. M ¶75. | For example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, over half of those paragraphs do not address alleged ███ Trade Secret No. 1.[2] *See* Ex. 15 ¶¶ 42 (describing general technology background ), 51-57 (same), 185-91 (discussing alleged ███ Trade Secret No. 2), 212-28 (No. 3), 251-54 (No. 8), 278-90 (No. 29), 311-13 (No. 10), 334-35 (No. 11), 357-58 (No. 12), 379-80 (No. 13), 403-04 (No. 14), 428-29 (No. 15).  Similarly, Plaintiffs cite to their cross-motion for summary judgment and its accompanying declarations, all of which address only alleged ███ Trade Secret Nos. 9-15.  *See* Exs. J, L, M. |

[1] When using the term "Masimo," Plaintiffs are not clear as to whether they are referring to (1) only Masimo Corp. (2) only Cercacor, or (3) both Masimo Corp. and Cercacor. Apple objects to this terminology throughout for the same basic reasons raised in its *Daubert* motion challenging the opinions of Palmatier.  *See* Dkt. 1114.

[2] It is unclear why Plaintiffs  were unable to provide citations on a secret-by-secret basis for th  purported ███ secrets, given that they were able to do so for the purported ██ secrets.    *See* SUF Nos. 12-16.

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | Moreover, Plaintiffs do not explain how the citations in their expert report that do appear to be related to alleged ▇ Trade Secret No. 1 show possession of the entirety of the alleged secret.  *See, e.g.*, Ex. 15 ¶¶ 94-96 106-146 (expert report failing to show possession for reasons identified in Reply Br. 4-6). Plaintiffs provide no context for their remaining cites.  *See* Ex. K - 907, -935, -936 (failing to describe any of the alleged ▇ trade secrets in their entirety); Ex. JJJ (▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ but failing to mention or describe any of the alleged ▇ trade secrets); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | development or possession of any of the alleged trade secrets). |
| 2 | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 3 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 196-212.  **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Cercacor had possession of D-3 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact. Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ▮▮▮ Trade Secret. Just as much of the cited evidence does not address ▮▮▮ Trade Secret No. 1, it does not address ▮▮▮ Trade Secret No. 3. *See* Apple's Response to Plaintiffs' Alleged SGDF No. 1. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only *seventeen* of those paragraphs are related to alleged ▮▮▮ Trade Secret No. 3. *See* Ex. 15 ¶¶ 212-28. As to the evidence cited by Plaintiffs that *does* appear to address ▮▮▮ Trade Secret No. 3, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret. *See, e.g.*, Ex. 15 ¶¶ 212-28 (expert |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 3 | Plaintiffs have not identified evidence showing they had possession of ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ Trade Secret No. 8 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 243-255. **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-8 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ▇▇ Trade Secret.  Just as much of the cited evidence does not address ▇▇ Trade Secret No. 1, it does not address ▇▇ Trade Secret No. 8.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 1. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only *four* of those paragraphs are related to alleged ▇▇ Trade Secret No. 8.  *See* Ex. 15 ¶¶ 251-54. As to the evidence cited by Plaintiffs that *does* appear to address ▇▇ Trade Secret No. 8, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret.  *See,* |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | *e.g.*, Ex. 15 ¶¶ 251-54 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 4 | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮▮ Trade Secret No. 9 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 284-299.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-9 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ▮▮ Trade Secret.  Just as much of the cited evidence does not address ▮▮ Trade Secret No. 1, it does not address ▮▮▮ Trade Secret No. 9.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 1. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only ***thirteen*** of those paragraphs are related to alleged ▮▮ Trade Secret No. 9.  *See* Ex. 15 ¶¶ -90. As to the evidence cited by Plaintiffs that *does* appear to address ▮▮ Trade Secret No. 9, Plaintiffs do not explain how those citations show possession of the |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|-----|-----|
| | | entirety of the alleged secret. *See, e.g.*, Ex. 15 ¶¶ 278-290 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). As another example, Plaintiffs cite their cross-motion for summary judgment, Ex. L, but attorney argument is not evidence for summary judgment purposes. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc.*, 2022 WL 2784467, at *14, *20, *26, *45 (N.D. Cal. June 15, 2022).   Plaintiffs provide no context for their remaining cites. Ex. J ¶¶ 5, 9 (failing to show possession of the entirety any alleged ███ Trade Secret Nos. 9-15); Ex. M ¶ 75 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. K -907, -935, -936 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. JJJ (████████████ |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  |  | ████████, but failing to mention or describe any of the alleged ████ trade secrets). |
| 5 | Plaintiffs have not identified evidence showing they had possession of ████████████ ████████ Trade Secret No. 10 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 325-340.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-10 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact. Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ████ Trade Secret. Just as much of the cited evidence does not address ████ Trade Secret No. 1, it does not address ████ Trade Secret No. 10. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 1, 9. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only ***three*** of those paragraphs are related to alleged ████ Trade Secret No. 10. *See* Ex. 15 ¶¶ 311-13.<br><br>As to the evidence cited by Plaintiffs that *does* appear to address ████ Trade Secret No. 10, Plaintiffs do not explain how those citations show possession of the |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | entirety of the alleged secret. *See, e.g.*, Ex. 15 ¶¶ 311-313 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). Further, Plaintiffs have not provided any evidence that they possessed ███████.″ Opening Br. 4 and Reply Br. 5-6. |
| 6 | Plaintiffs have not identified evidence showing they had possession of ████████ Trade Secret No. 11 in its entirety at the time of the alleged misappropriation. Passameneck Decl. Ex. 17, ¶¶23-25, 364-375.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-11 in its | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ███ Trade Secret No. 11 because it depends on ███ Trade Secret No. 10 and Plaintiffs have failed to show possession of No. 10.  *See* Apple's Response to Plaintiffs' SGDF No. 5. Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ███ Trade Secret.  Just as much of the cited evidence does not address ███ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Trade Secret No. 1, it does not address ▮▮▮ Trade Secret No. 11. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 1, 9. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only **two** of those paragraphs are related to alleged ▮▮▮ Trade Secret No. 11.  *See* Ex. 15 ¶¶ 334-35. As to the evidence cited by Plaintiffs that *does* appear to address ▮▮▮ Trade Secret No. 11, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret.  *See, e.g.*, Ex. 15 ¶¶ 334-35 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 7 | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 12 | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ▮▮▮ Trade Secret No. 12 |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 400-411.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-12 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | because it depends on ███ Trade Secret No. 10 and Plaintiffs have failed to show possession of No. 10. *See* Apple's Response to Plaintiffs' SGDF No. 5. Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ███ Trade Secret. Just as much of the cited evidence does not address ███ Trade Secret No. 1, it does not address ███ Trade Secret No. 12. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 1, 9. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only ***two*** of those paragraphs are related to alleged ███ Trade Secret No. 12. *See* Ex. 15 ¶¶ 357-58. As to the evidence cited by Plaintiffs that *does* appear to address ███ Trade Secret No. 12, Plaintiffs do not explain how those |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | citations show possession of the entirety of the alleged secret. *See, e.g.*, Ex. 15 ¶¶ 357-58 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 8 | Plaintiffs have not identified evidence showing they had possession of ███████████ ████████████ Trade Secret No. 13 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 435-446.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-13 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ████ Trade Secret No. 13 because it depends on ████ Trade Secret No. 10, and they have failed to show possession of No. 10.  *See* Apple's Response to Plaintiffs' SGDF No. 5.<br>Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ████ Trade Secret.  Just as much of the cited evidence does not address ████ Trade Secret No. 1, it does not address ████ Trade Secret No. 13. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 1, 9. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only *two* of those paragraphs are related to alleged ▆ Trade Secret No. 13.  Ex. 15 ¶¶ 379-80.  As to the evidence cited by Plaintiffs that *does* appear to address ▆ Trade Secret No. 13, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret.  *See, e.g.*, Ex. 15 ¶¶ 379-80 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 9 | Plaintiffs have not identified evidence showing they had possession of ▆▆ Trade Secret No. 14 in its entirety at the time of the alleged misappropriation. Passameneck Decl. Ex. 17, ¶¶23-25, 470-481. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ▆ Trade Secret No. 14 because it depends on ▆ Trade Secret No. 10, and they have failed to show possession of No. 10.  *See* Apple's Response to Plaintiffs' SGDF No. 5. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-14 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ███ Trade Secret.  Just as much of the cited evidence does not address ███ Trade Secret No. 1, it does not address ███ Trade Secret No. 14. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 1, 9. As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only *two* of those paragraphs are related to alleged ███ Trade Secret No. 14.  *See* Madisetti Decl. (Dkt. 1135-3, acknowledging the accuracy of the opinions in his report); Ex. 15 ¶¶ 403-04. As to the evidence cited by Plaintiffs that *does* appear to address ███ Trade Secret No. 14, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret.  *See, e.g.*, Ex. 15 ¶¶ 403-04 (expert |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 10 | Plaintiffs have not identified evidence showing they had possession of ███████████ ███████████ Trade Secret No. 15 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 506-517.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-15 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ███ Trade Secret No. 15 because it depends on ███ Secret No. 10, and they have failed to show possession of No. 10.  *See* Apple's Response to Plaintiffs' SGDF No. 5.<br>Plaintiffs simply refer to their SGDF No. 1, which addresses a different alleged ███ Trade Secret.  Just as much of the cited evidence does not address ███ Trade Secret No. 1, it does not address ███ Trade Secret No. 15. *See* Apple's Response to Plaintiffs' Alleged SGDF No. 1.<br>As a specific example, Plaintiffs cite to over 100 paragraphs in their expert's opening report; however, only ***two*** of those paragraphs are |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | related to alleged ▮▮ Trade Secret No. 15. *See* Ex. 15 ¶¶ 428-29. As to the evidence cited by Plaintiffs that *does* appear to address ▮▮ Trade Secret No. 15, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret. *See, e.g.*, Ex. 15 ¶¶ 428-29 (expert report failing to show possession for reasons identified in Opening Br. 3-5 and Reply Br. 4-6). |
| 11 | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ ▮▮▮▮ Trade Secret No. 16 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶23-25, 542-546. **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-16 in its | Plaintiffs' evidence fails to raise a genuine dispute of fact. Plaintiffs have failed to show possession of alleged ▮▮ Trade Secret No. 16 because it depends on ▮▮ Trade Secret Nos. 1, 3, and 8-15, and they have failed to show possession of Nos. 1, 3, and 8-15. *See* Apple's Response to Plaintiffs' SGDF Nos. 1-10. Plaintiffs simply refer to their SGDF No. 1, which addresses a |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | entirety at the time of Apple's misappropriation. *See* SGDF No. 1 | different alleged ▬ Trade Secret.  Just as much of the cited evidence does not address ▬ Trade Secret No. 1, it does not address ▬ Trade Secret No. 15. *See* Apple's Response to Plaintiffs' Alleged SGDF No. 1. Further, none of Plaintiffs' citations are specifically directed to alleged ▬ Trade Secret No. 16, and none of the citations show alleged ▬ Trade Secret No. 16 in its entirety.  Plaintiffs do not explain how Madisetti's passing and conclusory mentions of "value," "importance," and "appropriateness" of the various other alleged ▬ Trade Secrets constitutes a showing of alleged ▬ Trade Secret No. 16 in its entirety.  Ex. 15 ¶¶ 42, 51-57, 94-96, 106-146, 185-91, 212-28, 251-54, 278-90, 311-13, 334-35, 357-58, 379-80, 403-04, 428-29; *see Carl Zeiss A.G. v. Nikon Corp.*, |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | 2018 WL 11342771, at *2-3 (C.D. Cal. Nov. 14, 2018) ("broad conclusory statements" made by an expert are not cognizable evidence at summary judgment). |
| 12 | Plaintiffs have not identified evidence showing they had possession of ███████ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶55-72.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ██ 4 in its entirety at the time of Apple's misappropriation. Madisetti Decl.; Ex. 15 ¶¶441-442, 451-458; Ex. 2; Ex. 6, 6-10; Ex. 4 at 54; Ex. 14 at 195, 243-245; Exs. A-C; Ex. E at 58-68, 160-163; Ex. F; Ex. G at 229; Ex. I at MASA00085796; Ex. NNN at 270-279; Ex. R ¶145. | Plaintiffs' evidence fails to raise a genuine dispute of fact. Much of Plaintiffs' evidence is irrelevant because it does not address ███ Trade Secret No. 4 specifically. *See, e.g.*, Ex. 2 (███████████ ████████████████████ ██████████████████ ███); Ex. R ¶145 (Sarrafzadeh opining on alleged ████ trade secret No. 9).<br>Almost all of Plaintiffs' evidence that does address this alleged secret fails to show possession of the entirety it, at least because the citations fail even to mention "████████████████████ ██████████████ ███████████████ ███████████████ |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ███████████████." Madisetti Decl. (1135-3); Ex. 15 ¶¶ 441-442 (describing only Masimo's research regarding the general idea of ████████ and failing to show possession of any of the alleged ██ trade secrets in their entirety or mention "████████████████ ████████████████"), 451-458 (same); Ex. 14 at 195 (failing to describe the entirety of alleged ██ Trade Secret No. 4, and failing even to mention "████████████████"), 243-245 (same); Exs. A-C (same); Ex. E at 58-68 (same), Ex. F (same); Ex. G at 229 (same); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | development or possession of any of the alleged trade secrets). In an apparent attempt to identify evidence of ███████ ███████████████████ ██████," Plaintiffs have cited a number of documents that in passing mention a ███████ ████████████████. But Plaintiffs do not address, and the documents do not indicate, whether the citations show ███████ ██████████████ ██████████████ ███████████████ ████." *See*, *e.g.*, Ex. I at MASA00085796 (███████ ████████████████ ████████████████ ███████████████ ████████████ ████████████ ██████); Ex. R ¶145 (Sarrafzadeh opining on alleged ████ trade secret No. 9). |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
|     |                                                               | Plaintiffs' citation to Al-Ali's testimony that Plaintiffs use a ████████████████████ ████████████████ " does create a genuine issue of material fact either.  *See* Ex. E 160-163.  Al-Ali ████████████████████ ████████████████ ████████████████████ ████████████████ ████████.  *Id.*  Plaintiffs further string cite other documents that cite Al-Ali in passing but ██ ████████████████████ ████████████ (2) provide no explanation of Al-Ali's testimony or the relevant time period.  Ex. 4 at 54 (citing Al-Ali 160-163 in a lengthy string cite with no explanation and failing to describe possession of the entirety of any of the alleged ██ Trade Secrets); Ex. NNN at 270-279 (████████████████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ██████████ ████████████ ███████████ Ex. 15 ¶ 452 ████████ ███████████ █████████ █████████████ ███████████ ██████████ ████████████ ████ |
| 13 | Plaintiffs have not identified evidence showing they had possession of ████████ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶138-149.

**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ███ 5 in its entirety at the time of Apple's misappropriation. Madisetti Decl.; Ex. 15 ¶¶441-442, 502-503, 513-520; | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant because it does not address ███ Trade Secret No. 4 specifically. *See, e.g.*, Ex. 2 (████████ ████████████ ██████████ ███ ). Some of Plaintiffs' evidence is irrelevant to alleged ███ Trade Secret No. 5.  *See, e.g.*, Ex. 15 ¶¶ 441-442 (describing only Masimo's research regarding the general idea |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Ex. 2; Ex. 6, 6-10; Ex. 29 at 327:4-23, 351:14-352:18; Ex. I at - 679, -708-709, -723, -782-792, -801, -820, -858; Ex. GGGG at MASA03603259; Ex. HHHH at MASA03603311; Exs. IIII-LLLL; Ex. MMMM at MASA02171866, -892; Ex. NNNN at MASA02177173; Ex. OOOO at MASA00854405 -408; Exs. PPPP-YYYY. | of ▮▮▮ and failing to show possession of any of the alleged ▮ trade secrets in their entirety); Ex. 29 351:14-352:18 (commenting on *Apple's* document). Almost all of Plaintiffs' evidence that *does* address this alleged secret fails to show possession of the entirety of it, at least because the citations describe at ▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 5.  Ex. 15 ¶¶ 502-503 (offering conclusory opinions and failing to describe the ▮ Trade Secret No. 5), 513-520 (failing to describe the entirety of alleged ▮ Trade Secret No. 5); Ex. 29 at 327:4-23 (same); Ex. I at – 679 (same), -723 (same), -782-792 (same), -801 (same), -820 (same), -858 (same); Ex. GGGG at MASA03603259 (same); Ex. HHHH at MASA03603311 (same); Exs. IIII-LLLL (same); Ex. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | MMMM at MASA02171866 (same), - 892; Ex. NNNN at MASA02177173 (same); Ex. OOOO at MASA00854405-408 (same); Exs. PPPP-YYYY (same); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the development or possession of any of the alleged trade secrets). |
| 14 | Plaintiffs have not identified evidence showing they had possession of ▮▮▮▮▮ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶233-243.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ▮ 7 in its | Plaintiffs' evidence fails to raise a genuine dispute of fact. Much of Plaintiffs' evidence is irrelevant because it does not address ▮ Trade Secret No. 7 specifically. *See, e.g.*, Ex. 2 (▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮); Ex. 15 ¶¶ 651 (irrelevant; discusses alleged ▮▮▮▮▮ Trade Secrets), 665 (same), 680 |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | entirety at the time of Apple's misappropriation. Madisetti Decl.; Ex. 15 ¶¶441-442, 589-590 , 597, 651, 665, 680, 696, 740; Ex. 29 at 408:10-15; Ex. 2; Ex. 6, 6-10; Ex. O. | (same), 696 (same), 740 (same); Ex. 29 at 408:10-15 (same). Plaintiffs cite to ten paragraphs in their expert's opening report; however, only half of those paragraphs are related to alleged ▮ Trade Secret No. 7, and none of them show possession the alleged secret in its entirety.  Ex. 15 ¶¶ 589-590 (failing to show possession of the entirety of alleged ▮ Trade Secret No. 7), 597 (same).  The same is true for Plaintiffs' additional evidence.  Ex. O (failing to show plaintiffs wrote down the entirety of ▮ Trade Secret No. 7 in one place prior to this litigation); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the development or possession of any |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | of the alleged trade secrets); *see also* Apple's Response to Plaintiffs' Alleged SGDF No. 99-100. |
| 15 | Plaintiffs have not identified evidence showing they had possession of ▇▇▇▇ Trade Secret No. 8 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶272-283.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ▇▇8 in its entirety at the time of Apple's misappropriation. Madisetti Decl.; Ex. 15 ¶¶441-442 , 621-622, 629; Ex. 2; Ex. 6, 6-10; Ex. O. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant to alleged ▇▇ Trade Secret No. 8. *See, e.g.*, Ex. 2 (▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ▇▇).<br>The rest of Plaintiffs' cited evidence fails to address the entirety of alleged ▇ Trade Secret No. 8.  Ex. 15 ¶¶ 441-442 (describing only Masimo's research regarding the general idea of light piping and failing to show possession of any of the alleged ▇ trade secrets in their entirety), 621-622 (failing to show the entirety of alleged ▇ Trade Secret No. 8 written down in one place prior to this litigation), 629 (same); Ex. O (same); Ex. 6 at 6-9 (Plaintiffs' |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  |  | unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the development or possession of any of the alleged trade secrets); *see also* Apple's Response to Plaintiffs' Alleged SGDF No. 101-102. |
| 16 | Plaintiffs have not identified evidence showing they had possession of ■■■ Trade Secret No. 10 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶320-325.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ■ 10 in its entirety at the time of Apple's misappropriation. SGDF Nos. 1215; Madisetti Decl.; Ex. 15 ¶¶441-442, 451-458 (■ 4, 502-503, 513-520 | Plaintiffs' evidence fails to raise a genuine dispute of fact. Much of Plaintiffs' evidence is irrelevant to alleged ■ Trade Secret No. 10. *See, e.g.*, Ex. 2 (■■■■ ■■■■■ ■■■■■ ■■■■■ are specifically directed to alleged ■ Trade Secret No. 10. Plaintiffs do not explain how Madisetti's passing and conclusory mentions of "value," "importance," and "appropriateness" of the various other alleged ■ Trade |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | (███5), 589-590, 597 (███7), 621-622, 629 (███8); Ex. 2; Ex. 6, 6-10; Ex. O. | Secrets constitute a showing of alleged ███ Trade Secret No. 10 in its entirety.  *See* Apple's Response to Plaintiffs' SGDF Nos. 12-15; Ex. 15 ¶¶ 441-442, 451-458 (failing to show possession of the entirety of alleged ███ Trade Secret No. 10, even with respect to ███ Trade Secret No. 4), 502-503, 513-520 (same, even with respect to ███ Trade Secret No. 5), 589-590, 597 (same, even with respect to ███ Trade Secret No. 7) (same), 621-622, 629 (same, even with respect to ███ Trade Secret No. 8); Ex. O (failing even to mention "value, importance, and appropriateness," let alone show possession of the entirety of ███ Trade Secret No. 10); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | clarify the possession or detail the development or possession of any of the alleged trade secrets); *see also Carl Zeiss A.G.*, 2018 WL 11342771, at *2-3 ("broad conclusory statements" made by an expert are not cognizable evidence at summary judgment). |
| 17 | Plaintiffs have not identified evidence showing they had possession of ███████ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶332, 339-362.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-4 in its entirety at the time of Apple's misappropriation. Ex. EEEE, Ex. Q; Ex. R; Ex. T; Ex. U; Ex. V; Ex. FFFF; Madisetti Decl.; Ex. 15 ¶¶651, 659-740; Ex. 2; Ex. 6, 6-11; Ex. 29 at 408:10-15; Ex. S at 160:8-23, 160:8- | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant to alleged ██ Trade Secret No. 4.  *See, e.g.*, Ex. 2 (██████████ ████████████████████ ████████████████; ██ ; Ex. R (Apple's expert, Dr. Sarrafzadeh opines that alleged ████ Trade Secrets were generally known); Ex. T (Masimo's 10K form); Ex. S at 91:9-15 (Olsen testimony relating to ████████ ████████.<br><br>Plaintiffs also cite a patent filed in June 2014, but as they acknowledge in their brief, it does not establish |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 23, 163:11-164, 91:9-15, 98:21-25, 128:23-130:9, 137:22138:13; Ex. W at 131:15-138:9, 152:5-157:25, 161:25-166:24; Ex. 15 ¶683, 685; Ex. Q at -381:12; Exs. Q (MASA03051379), U (MASA00079777 at -791, V (MASA00079280)); Ex. FFFF ¶0010; Ex. DD at 691:16-19; Ex. P. | possession because it was submitted *after* the purported misappropriation.  *See* Ex. P *see also* Ex. DD at 691:16-19 (███████████████ ███████████████████ ██████ ). Otherwise, Plaintiffs rely on deponent testimony, but ████ ████████████████████ ████████████ *See* Ex. S at 160 :8-23; 160:8-23, 163:11-164, 98:21-25, 128:23-130:9 (████ ████████████████ ████████████████████ ████████████████████ Ex. W at 131:15-138:9 (███████ ██████████████████ ████████████████████ ██████████████████ ), 152:5-157:25 (admitting several aspects of alleged ████████████ Trade Secrets are not literally disclosed by documents discussed, such as |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ██████████), 161:25-166:24 (failing to show possession of the entirety of alleged ██ Trade Secret No. 4).<br><br>Plaintiffs' documentary citations similarly fail to show possession of the entirety of alleged ██ Trade Secret No. 4.  Ex. EEEE (██ ██ ████████████ ████████ ███████████ Ex. Q (██ ██████████ ████████████ ████ ; Ex. U (██ ██ ██████████ █████████████ ███████████ ████████ ████████ ██████████ Ex. V ████████ ███████████ Ex. FFFF ¶0010 ███████ █████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ██████████████████ ███ ); Ex. 6 at 6-9 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the development or possession of any of the alleged trade secrets). Madisetti's report and testimony fails to fill in the gaps in the documentary evidence and thus still fails to show possession of the entirety of alleged █ Trade Secret No. 4. *See* Ex. 15 ¶¶ 651 (conclusory with no explanation), 659-740 (same); 683 (string citing the documents cited above, which fail to show possession), 685 (same); Ex. 29 at 408:10-15 (conclusory). |
| 18 | ███████████ Trade Secret No. 5 incorporates ███████████ Trade Secret No. 4. Dkt. 296-1, ¶42.5. | |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Admitted.** | |
| 19 | Plaintiffs have not identified evidence showing they had possession of █████████ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. Statement of Uncontroverted Fact ("SUF") Nos. 17 and 18. **Plaintiffs' Response: Factual Dispute.** Testimonial and documentary evidence show that Masimo had possession of S-5 in its entirety at the time of Apple's misappropriation. SGDF No. 17. Ex. EEEE, Ex. Q; Ex. R; Ex. T; Ex. U; Ex. V; Ex. FFFF; Madisetti Decl.; Ex. 15 ¶¶651, 659-740; 773, 781788; Ex. 2; Ex. 6, 6-11. | Plaintiffs' evidence fails to raise a genuine dispute of fact. Because Plaintiffs failed to show possession of alleged █ Trade Secret No. 4, *see* Apple's response to Plaintiffs' SGDF No. 17, and Plaintiffs admitted that "███████ Trade Secret No. 5 incorporates ████████ Trade Secret No. 4," *see* SUF 18, Plaintiffs have necessarily failed to show possession of alleged █ Trade Secret No. 5. |
| 20 | ████████ Trade Secret No. 6 incorporates █████████ Trade Secret No. 4. Dkt. 296-1, ¶42.6. **Plaintiffs' Response: Factual Dispute.** ████████ No. 6 | Plaintiffs have failed to identify a genuine dispute of material fact. Apple does not dispute what █ Trade Secret No. 6 "recites," but |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | recites: "██████████ ██████████ ██████████." | Plaintiffs fail to explain how "███ ██████████" does not incorporate at least No. 4. |
| 21 | Plaintiffs have not identified evidence showing they had possession of ██████████ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation. SUF Nos. 17 and 20.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-6 in its entirety at the time of Apple's misappropriation. **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-6 in its entirety at the time of Apple's misappropriation. SGDF No. 17. Ex. EEEE, Ex. Q; Ex. R; Ex. T; Ex. U; Ex. V; Ex. FFFF; Madisetti Decl.; Ex. 15 ¶¶659-740, | Because Plaintiffs failed to show possession of alleged ██ Trade Secret No. 4, *see* Apple's response to Plaintiffs' SFGDF No. 17, and Plaintiffs failed to raise a material dispute of fact that "██████ ██████ Trade Secret No. 6 incorporates ██████████ Trade Secret No. 4," *see* SUF 20, Plaintiffs have failed to show possession of alleged ██ Trade Secret No. 6. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 781-788, 811, 819-826; Ex. 2; Ex. 6, 6-11. | |
| 22 | Plaintiffs have not identified evidence showing they had possession of ███████████ Trade Secret No. 1 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶30, 3238; Ex. 22, ¶¶127-143.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-1 in its entirety at the time of Apple's misappropriation. Palmatier Decl.; Ex. 20 ¶¶64-91, 255-68, 337-47, 429-37, 521-28; Exs. EE-FF; Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76; Ex. HH at -482-86; Ex. II at -252, -254; Ex. JJ at -758-59; Ex. KK; Ex. LL; Ex. MM at -697; Ex. NN at -525; Ex. OO; Ex. PP; Ex. QQ at -311; Ex. RR | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant because it does not address ████ Trade Secret No. 1 specifically. *See, e.g.*, Ex. YY at 49-52 (excerpt of Rick Fishel's deposition transcript, which fails to mention the alleged trade secrets at issue or even attempt to show possession); Ex. 2 (█████████████████████████████████████████████████████████).  For example, Plaintiffs cite to over 60 paragraphs in their expert's opening report; however, over half of those paragraphs do not address alleged ████ Trade Secret No. 1. *See* Ex. 20 ¶¶ 255-268 (discussing alleged ████ Trade Secret No. 2), 337-47 (No. 3), 429-437 (No. 4), 521-528 (No. 6).  Similarly, Plaintiffs cite to excerpts of Joe |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | at -915-16; Ex. SS at -298; Ex. TT at -234; Ex. UU; Ex. VV; Ex. WW at -559, -583-584; Ex. XX at -434, Ex. Y at 171, 174-175, 177, 181-84; Ex. Z at 416, Ex. PPP ¶59; Ex. YY at 4952. Ex. 10 at 156-57, 199-200, 260, 276-77, 310-12, 313-18, 321, 32325; Ex. 2; Ex. 6, 6-11. | Kiani's deposition testimony that are largely unrelated to alleged ▇ Trade Secret No. 1.  *See* Ex. 10 at 156-57, 199-200, 310-12, 313-18, 321, 323-25. Moreover, Plaintiffs do not explain how the citations in their expert report that do appear to be related to alleged ▇ Trade Secret No. 1 show possession of the entirety of the alleged trade secret.  *See* Palmatier Decl., Ex. 20 ¶¶ 64-91 (failing to show possession of the entirety of alleged ▇ Trade Secret No. 1).  Indeed, none of Dr. Palmatier's opinions reference the term "possession" or "possess." Plaintiffs' citations to Apple's experts' reports and deposition testimony similarly fail to show possession of alleged ▇ Trade Secret No. 1, as Apple's experts did not opine on the issue of possession, but on whether the alleged trade secrets were generally |

APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

CASE NO. 8:20-cv-00048-JVS (JDEx)

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
| | | known and at a minimum readily ascertainable.  *See* Ex. Y at 171, 174-175, 177, 181-84 (testimony regarding opinion that the trade secrets were generally known and at a minimum readily ascertainable); Ex. Z at 416 (testimony regarding opinion that the trade secrets were generally known and at a minimum readily ascertainable); Ex. PPP ¶ 59 (addressing not possession, but whether the alleged trade secrets were generally known and at a minimum readily ascertainable). Plaintiffs provide no context for their remaining cites.  *See, e.g.*, Exs. EE-FF (failing to describe any of the alleged ▉ trade secrets in their entirety); Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76 (failing to describe any of the alleged ▉ trade secrets in their entirety); Ex. HH at -482-86 (failing to show |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | possession of the entirety of alleged ███ Trade Secret No. 1); Ex. II at -252, -254 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. JJ at -758-59 (business plan failing to describe ███ Trade Secret No. 1 for the reasons described in Opening Br. 8-9); Ex. KK (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. LL (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. MM at -697 (failing to describe any of the alleged trade secrets in their entirety or to show possession of the trade secrets at the time of the alleged misappropriation); Ex. NN at -525 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. O (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. PP (failing to describe any of the alleged trade secrets in their |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | entirety or to show possession of the trade secrets at the time of the alleged misappropriation); Ex. QQ at -311 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. RR (failing to describe any of the alleged ███ trade secrets in their entirety or show possession at the time of the alleged misappropriation). Ex. SS at -298 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. TT at -234 (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. UU (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. VV (failing to describe any of the alleged ███ trade secrets in their entirety); Ex. WW at –559, -583-584 (failing to describe any of the alleged ███ trade secrets in their entirety or show possession at the time of the alleged |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
|  |  | misappropriation); Ex. XX at -434 (failing to describe any of the alleged ███ trade secrets in their entirety or show possession at the time of the alleged misappropriation); Ex. 10 at 260, 276-77 (failing to show possession of alleged ███ Trade Secret No. 1 in its entirety); Ex. 6, 6-11 (Plaintiffs' unsworn response to Apple's interrogatory related to ownership of Plaintiffs' alleged trade secrets (subject to Apple's Motion to Strike, Dkt 1079-1), which does not clarify the possession or detail the development or possession of any of the alleged trade secrets). Moreover, Plaintiffs appear to concede that there is no single document reflecting their possession of alleged ███ Trade Secret No. 1 in its entirety. *See* Dkt. 1133-1 at 1-2. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 23 | ███████████ Trade Secret No. 2 incorporates ████████ ██████ Trade Secret No. 1. Dkt. 296-1, ¶43.2.  **Admitted.** | |
| 24 | Plaintiffs have not identified evidence showing they had possession of ████████████ Trade Secret No. 2 in its entirety at the time of the alleged misappropriation. SUF Nos. 22 and 23.  **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-2 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 22. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 22, which addresses a different alleged ██████ trade secret.  Just as much of the cited evidence does not address alleged ████ Trade Secret No. 1, it does not address alleged ██████ Trade Secret No. 2.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 22.  As a specific example, Plaintiffs cite to over 60 paragraphs in their opening report; however, fewer than half of those paragraphs are related to alleged ██████ Trade Secret No. 2.  *See* Palmatier Decl., Ex. 20 ¶¶ 255-268. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|------------------------------------------------------------------|--------------------------------------------------|
|  |  | As to the evidence cited by Plaintiffs that *does* appear to address alleged ▇ Trade Secret No. 2, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret. *See, e.g.*, Palmatier Decl., Ex. 20 ¶¶ 255-268 (discussing alleged ▇ Trade Secret No. 2, but not offering an opinion on possession); EE-FF (failing to describe alleged ▇ Trade Secret No. 2 in its entirety); Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76 (failing to describe alleged ▇ Trade Secret No. 2 in its entirety); Ex. HH at -482-86 (failing to show possession of alleged ▇ Trade Secret No. 2 in its entirety); Ex. II at -252, -254 (failing to describe alleged ▇ Trade Secret No. 2 in its entirety); Ex. SS at -298 (failing to describe alleged ▇ Trade Secret No. 2 in its entirety); Ex. TT at -234 (failing |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | to describe alleged ▇▇▇ Trade Secret No. 2 in its entirety); Ex. UU (failing to describe alleged ▇▇▇ Trade Secret No. 2 in its entirety); Ex. VV (failing to describe alleged ▇▇▇ Trade Secret No. 2 in its entirety); Ex. 10 at 310-12, 313-15 (failing to show possession of alleged ▇▇▇ Trade Secret No. 2 in its entirety). Indeed, Plaintiffs appear to concede that there is no single document reflecting their possession of alleged ▇▇▇ Trade Secret No. 2 in its entirety. *See* Dkt. 1133-1 at 1-2. |
| 25 | ▇▇▇▇▇ Trade Secret No. 3 incorporates ▇▇▇ ▇▇▇ Trade Secret No. 1. Dkt. 296-1, ¶43.3.  **Admitted.** | |
| 26 | Plaintiffs have not identified evidence showing they had possession of ▇▇▇ Trade Secret No. 3 in its entirety at | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 22, which addresses a different alleged |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | the time of the alleged misappropriation. SUF Nos. 22 and 25.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-3 in its entirety at the time of Apple's misappropriation. S*ee* SGDF No. 22. | ███ trade secret.  Just as the cited evidence does not address alleged ███ Trade Secret No. 1, it does not address alleged ███ Trade Secret No. 3.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 22.<br>As a specific example, Plaintiffs cite to over 60 paragraphs in their opening report; however, less than half of those paragraphs are related to alleged ███ Trade Secret No. 3.  *See, e.g.*, Palmatier Decl., Ex. 20 337-347 (discussing alleged ███ Trade Secret No. 3).<br>As to the evidence cited by Plaintiffs that *does* appear to address alleged ███ Trade Secret No. 3, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret. *See, e.g.*, Palmatier Decl., Ex. 20 337-347 (discussing alleged ███ Trade Secret No. 3, but not offering an opinion on possession); Ex. EE- |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | FF (failing to describe alleged ██ Trade Secret No. 3 in its entirety); Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76 (failing to describe alleged ██ Trade Secret No. 3 in its entirety); Ex. HH at -482-86 (failing to show possession of the entirety of alleged ██ Trade Secret No. 3); Ex. II at -252, -254 (failing to describe alleged ██ Trade Secret No. 3 in its entirety); Ex. 10 at 316-318 (failing to show possession of alleged ██ Trade Secret No. 3 in its entirety). Indeed, Plaintiffs appear to concede that there is no single document reflecting their possession of alleged ██ Trade Secret No. 3 in its entirety.  *See* Dkt. 1133-1 at 1-2. |
| 27 | ██████ Trade Secret No. 4 incorporates ██████ Trade Secret No. 1. Dkt. 296-1, ¶43.4. | |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response:** Admitted. | |
| 28 | Plaintiffs have not identified evidence showing they had possession of ▇▇▇▇ Trade Secret No. 4 in its entirety at the time of the alleged misappropriation. SUF Nos. 22 and 27.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-4 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 22. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 22, which addresses a different alleged ▇▇ trade secret.  Just as the cited evidence does not address alleged ▇▇ Trade Secret No. 1, it does not address alleged ▇▇ Trade Secret No. 4.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 22.<br>As a specific example, Plaintiffs cite to over 60 paragraphs in their opening report; however, fewer than half of those paragraphs are related to alleged ▇▇ Trade Secret No. 4.  *See, e.g.*, Palmatier Decl., Ex. 20 429-437 (discussing alleged ▇▇ Trade Secret No. 4).  As to the evidence cited by Plaintiffs that *does* appear to address alleged ▇▇ Trade Secret No. 4, Plaintiffs do not explain how those citations show possession of |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | the entirety of the alleged secret. *See, e.g.*, Palmatier Decl., Ex. 20 ¶¶ 429-437 (discussing alleged ▮ Trade Secret No. 4, but not offering an opinion on possession); Ex. EE-FF (failing to describe alleged ▮ Trade Secret No. 4 in its entirety); Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76 (failing to describe alleged ▮ Trade Secret No. 4 in its entirety); Ex. WW at –559, -583-584 (failing to either describe alleged ▮ Trade Secret No. 4 in its entirety or show possession at the time of the alleged misappropriation); Ex. XX at -434 (failing to either describe alleged ▮ Trade Secret No. 4 in its entirety or show possession at the time of the alleged misappropriation); Ex. 10 at 321 (failing to show possession of alleged ▮ Trade Secret No. 4 in its entirety). |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | Indeed, Plaintiffs appear to concede that there is no single document reflecting their possession of alleged ▊ Trade Secret No. 4 in its entirety.  *See* Dkt. 1133-1 at 1-2. |
| 29 | Plaintiffs have not identified evidence showing they had possession of ▊ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation. Passameck Decl. Ex. 21, ¶¶235, 236, 238; Ex. 22, ¶156.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-6 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 22. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs simply refer to their SGDF No. 22, which addresses a different alleged ▊ trade secret.  Just as the cited evidence does not address alleged ▊ Trade Secret No. 1, it does not address alleged ▊ Trade Secret No. 6.  *See* Apple's Response to Plaintiffs' Alleged SGDF No. 22.  Indeed, unlike ▊ Trade Secret Nos. 2-4, ▊ Trade Secret No. 6 does not even incorporate ▊ Trade Secret 1. As a specific example, Plaintiffs cite to over 60 paragraphs in their opening report; however, fewer than half of those paragraphs are related to alleged ▊ Trade Secret No. 6.  *See, e.g.,* Palmatier |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  |  | Decl., Ex. 20 521-528 (discussing alleged ▮▮ Trade Secret No. 6). As to the scant evidence cited by Plaintiffs that *does* appear to address alleged ▮▮ Trade Secret No. 6, Plaintiffs do not explain how those citations show possession of the entirety of the alleged secret. *See, e.g.*, Palmatier Decl., Ex. 20 ¶¶ 521-528 (discussing alleged ▮▮ Trade Secret No. 6, but not offering an opinion on possession); Exs. EE-FF (failing to describe alleged ▮▮ Trade Secret No. 6 in its entirety); Ex. GG at 16-28, 33-35, 37-39, 44-45, 60, 65-67, 71-73, 76, 86-89, 373-76 (failing to describe alleged ▮▮ Trade Secret No. 6 in its entirety); Ex. 10 at 323-325 (failing to show possession of alleged ▮▮ Trade Secret No. 6 in its entirety). Indeed, Plaintiffs appear to concede that there is no single document reflecting their possession of |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | alleged ███ Trade Secret No. 6 in its entirety. *See* Dkt. 1133-1 at 1-2. |
| 30 | ████████ Trade Secret No. 7 incorporates ██████ ████████ Trade Secret Nos. 1 and 6. Dkt. 296-1, ¶43.7.<br><br>**Plaintiffs' Response: Dispute.** ████████ Trade Secret No. 7 recites: "███████ ████████████████ ████████████████ ██████." It does not require knowledge that Plaintiffs were pursuing both "1 and 6" as Apple alleges. Dkt. 296-1, ¶43.7. | Plaintiffs have failed to identify a genuine dispute of material fact. Apple does not dispute what alleged ███ Trade Secret No. 7 "recites," but Plaintiffs fail to explain how "[t]he knowledge that Plaintiffs were pursuing 1-6 above" does not incorporate both alleged ███ Trade Secret No. 1 and alleged ███ Trade Secret No. 6. |
| 31 | Plaintiffs have not identified evidence showing they had possession of ██████ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. SUF Nos. 22, 29 and 30.<br><br>**Plaintiffs' Response: Factual Dispute**. Testimonial and | Plaintiffs' evidence fails to raise a genuine dispute of fact. Plaintiffs have failed to show possession of alleged ███ Trade Secret No. 7 because they have failed to show possession of alleged ███ Trade Secret Nos. 1-4 and 6. *See* Apple's Response to Plaintiffs' SGDF Nos. 22-30. Plaintiffs simply refer to |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | documentary evidence show that Masimo had possession of B-7 in its entirety at the time of Apple's misappropriation. *See* SGDF Nos. 22-29. | their SGDF Nos. 22-29, which address different alleged ██████ trade secrets. Just as the cited evidence does not address alleged ██████ Trade Secret Nos. 1-4 and 6, it does not address alleged ██████ Trade Secret No. 7. Further, none of Plaintiffs' citations are directed to alleged ██████ Trade Secret No. 7, and none of the citations show the alleged trade secret in its entirety. |
| 32 | ██████ Trade Secret No. 8 incorporates ██████ ██████ Trade Secret Nos. 1 and 6. Dkt. 296-1, ¶43.8.<br><br>**Plaintiffs' Response: Dispute.** ██████ Trade Secret No. 8 recites: "██████ ██████████████ ██████████ ██████████ ██████████ | Plaintiffs have failed to identify a genuine dispute of material fact. Apple does not dispute what alleged ██████ Trade Secret No. 8 "recites," but Plaintiffs fail to explain how ██████ ██████████████████ ██████" does not incorporate both alleged ██████ Trade Secret No. 1 and alleged ██████ Trade Secret No. 6. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | █████████████████ .". Dkt. 296-1, ¶43.8. | |
| 33 | Plaintiffs have not identified evidence showing they had possession of ████████████ Trade Secret No 8 in its entirety at the time of the alleged misappropriation. SUF Nos. 22, 29 and 32. **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-8 in its entirety at the time of Apple's misappropriation. *See* SGDF Nos. 22-29. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ████ Trade Secret No. 8 because they have failed to show possession of Nos. 1-4 and 6.  *See* Apple's Response to Plaintiffs' SGDF Nos. 22-29.  Plaintiffs simply refer to their SGDF Nos. 22-29, which address different alleged ████ trade secrets.  Just as the cited evidence does not address alleged ████ Trade Secret Nos. 1-4 and 6, it does not address alleged ████ Trade Secret No. 8.  *See* Apple's Response to Plaintiffs' SGDF Nos. 22-29. Further, none of Plaintiffs' citations are specifically directed to alleged ██████ Trade Secret No. 8, and none |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | of the citations show the alleged trade secret in its entirety. Plaintiffs do not explain how Dr. Palmatier's passing and conclusory mentions of the "value," "importance," and "appropriateness" of the various other alleged ███ Trade Secrets constitutes a showing of alleged ███ Trade Secret No. 8 in its entirety.  *See* Palmatier Decl., Ex. 20 ¶¶ 77, 262; *see also Carl Zeiss A.G.*, 2018 WL 11342771, at *2-3 ("broad conclusory statements" made by an expert are not cognizable evidence at summary judgment). |
| 34 | Plaintiffs have not identified evidence showing they had possession of ███ Trade Secret No. 5 in its entirety at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶265-269, Ex. 22, ¶¶160-166. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Much of Plaintiffs' evidence is irrelevant because it does not address alleged ███ Trade Secret No. 5 specifically. *See, e.g.*, Ex. FFF at -583 (Dr. O'Reilly's ███, failing to mention any of the |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-5 in its entirety at the time of Apple's misappropriation. Palmatier Decl.; Ex. 20 ¶¶592-617; Ex. ZZ at -668, -670, 672-673; Ex. AAA at -007; Ex. BBB at -900; Ex. CCC; Ex. DDD; Ex. EEE; Ex. FFF at -583; Ex. GGG at -935; Ex. HHH at -221, -225; Ex. III at -008; Ex. 10 at 326-29, 333-35; Ex. GG at 16-18; Ex. YY at 62-65, 71-73, 76-77, 79; Ex. WW at -584 | alleged trade secrets at issue); Ex. 10 at 326-29 (discussing alleged ███ Trade Secret No. 6); Ex. GG at 16-18 (Dr. O'Reilly's deposition testimony regarding ███ ████████████ failing to mention any of the alleged trade secrets at issue). Moreover, Plaintiffs do not explain how the citations in their expert report show possession of alleged ██ Trade Secret No. 5 in its entirety. *See, e.g.*, Palmatier Decl.; Ex. 20 ¶¶ 592-617 (failing to show possession of the entirety of ██ Trade Secret No. 5). Indeed, none of Dr. Palmatier's opinions reference the term "possession" or "possess." *See generally id.* Plaintiffs provide no context for their remaining cites. *See, e.g.*, Ex. ZZ at -668, -670, 672-673 (failing to show possession of the entirety of ██ Trade Secret No. 5); Ex. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|-----|-----|
|  |  | AAA at -007 (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. BBB at -900 (failing to show possession of the entirety of █ Trade Secret No. 5) Ex. CCC (failing to show possession of the entirety of █ Trade Secret No. 5);  Ex. DDD (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. EEE (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. GGG at -935 (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. HHH at -221, -225 (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. III at -008 (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. 10 at 333-35 (failing to show possession of the entirety of █ Trade Secret No. 5); Ex. YY at 62-65, 71-73, 76-77, 79 (failing to show possession of the entirety of |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  |  | ▉ Trade Secret No. 5); Ex. WW at -584 (failing to show possession of the entirety of ▉ Trade Secret No. 5, and dated too late to show possession of the trade secret at the time of the alleged misappropriation). |
| 35 | ▉ Trade Secret No. 6 Incorporates ▉ Trade Secret No. 5. Dkt. 296-1, ¶44.6.  **Plaintiffs' Response: Admitted.** |  |
| 36 | Plaintiffs have not identified evidence showing they had possession of ▉ Trade Secret No. 6 in its entirety at the time of the alleged misappropriation.  SUF Nos. 34 and 35.  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-6 in its entirety at the time of Apple's misappropriation. *See* SGDF No. 34. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged ▉ Trade Secret No. 6 because they have failed to show possession of alleged ▉ Secret No. 5.  *See* Apple's Response to Plaintiffs' SGDF No. 34.  Plaintiffs simply refer to their SGDF No. 34, but just as the cited evidence does not address alleged ▉ Trade Secret No. 5, it does not address alleged |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | █ Trade Secret No. 6.  Further, none of Plaintiffs' citations are directed to alleged █ Trade Secret No. 6, and none of the citations show the alleged trade secret in its entirety. |
| 37 | ██████████ Trade Secret No. 7 incorporates █████████ Trade Secret No. 5. Dkt. 296-1, ¶44.7.  **Plaintiffs' Response: Admitted.** | |
| 38 | Plaintiffs have not identified evidence showing they had possession of ██████████ Trade Secret No. 7 in its entirety at the time of the alleged misappropriation. SUF Nos. 34 and 37.  **Plaintiffs' Response: Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-7 in its entirety at the time of Apple's misappropriation. S*ee* SGDF No. 34. | Plaintiffs' evidence fails to raise a genuine dispute of fact.  Plaintiffs have failed to show possession of alleged █ Trade Secret No. 7 because they have failed to show possession of alleged █ Secret No. 5.  *See* Apple's Response to Plaintiffs' SGDF No. 34.  Plaintiffs simply refer to their SGDF No. 34, but just as the cited evidence does not address alleged █ Trade Secret No. 5, it does not address alleged █ Trade Secret No. 7.  Further, |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | none of Plaintiffs' citations are directed to alleged ▉ Trade Secret No. 7, and none of the citations show the alleged trade secret in its entirety. |

**b. Plaintiffs have failed to present evidence sufficient for a reasonable jury to determine which entity, if any, possessed which of the Alleged Trade Secrets.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 39 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▉▉▉▉ ▉▉▉▉ Trade Secret No. 1 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶67; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-1 at the time of Apple's misappropriation. | First, Apple's proposed SUF is not irrelevant. Which Plaintiff possessed each of the alleged trade secrets at issue is relevant to the CUTSA's undisputed requirement to show possession. If Plaintiffs fail to establish which entity had possession, they cannot meet their burden to establish that either did. *See* Opening Br. 11-12. Plaintiffs state that "Masimo" had possession—but have failed to indicate if they mean (1) Masimo |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO. | Corp., (2) Cercacor, or (3) both. They cite to SGDF No. 1, but again fail to provide any explanation of the citations, which address only ▮ Secret No. 1. *See* Apple's Response to Plaintiffs' SGDF No. 1.<br><br>Several of Masimo's cited exhibits do not clearly reference the alleged trade secrets, and thus cannot be used to establish which entity has possession. *See, e.g.*, Ex. 2 (▮▮▮); Ex. 8 (▮▮▮); Ex. 9 ▮▮▮ Further, Plaintiffs' late-served interrogatory response (which Apple has moved to strike) relies on Exs. 2, 8, and 9, which do not actually clarify the possession in question. Ex. 6. Plaintiffs' unsworn |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---|---|
| | | interrogatories are not admissible evidence, and should not be considered.  Exs. 4-5.

Finally, Plaintiffs cite to exactly one new exhibit, Ex. OOO, which is a collection of employee assignment agreements.  This is insufficient to establish what inventions, technology, or claims ██████ ████████████. |
| 40 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ██████████████ ████████████ Trade Secret No. 3 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶197; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.

**Plaintiffs' Response:** **Irrelevant.**

**Factual Dispute**. Testimonial and documentary evidence show that Cercacor had possession of D-3 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO. | |
| 41 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▇▇▇▇▇ ▇▇▇▇▇ Trade Secret No. 8 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶244; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** **Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-8 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 42 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▇▇▇▇▇ ▇▇▇▇▇ Trade Secret No. 9 at the time of the alleged misappropriation. Passamaneck Decl. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Ex. 17, ¶285; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-9 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO. | |
| 43 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ ████████████ Trade Secret No. 10 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶326; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-10 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | |
| 44 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▓▓▓▓ ▓▓▓▓ Trade Secret No. 11 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶365; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-11 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 45 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▓▓▓▓ ▓▓▓▓ Trade Secret No. 12 at the time of the alleged misappropriation. Passamaneck Decl. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Ex. 17, ¶401; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-12 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | |
| 46 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ ███████ Trade Secret No. 13 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶436; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-13 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | |
| 47 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ ██████████ Trade Secret No. 14 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶471; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of D-14 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 48 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████████ ██████████ Trade Secret No. 15 at the time of the alleged misappropriation. Passamaneck Decl. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
|     | Ex. 17, ¶507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** Irrelevant.<br><br>**Factual Dispute.** Testimonial and documentary evidence show that Masimo had possession of D-15 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO |  |
| 49  | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Trade Secret No. 16 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶67, 152, 197, 244, 285, 326, 365, 401, 436, 471, 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** Irrelevant.<br><br>**Factual Dispute.** Testimonial and documentary evidence show that Masimo had possession of D-16 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9; Ex. OOO | |
| 50 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ Trade Secret No. 4 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶55; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute.** Testimonial and documentary evidence show that Masimo had possession of ██4 at the time of Apple's misappropriation. SGDF No. 12; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 51 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ Trade Secret No. 5 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, 138; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

CASE NO. 8:20-cv-00048-JVS (JDEx)

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response: Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ███ 5 at the time of Apple's misappropriation. SGDF No. 13; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 52 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 7 at the time of the alleged misappropriation. Passmaneck Decl. Ex. 19, ¶233; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ███ 7 at the time of Apple's misappropriation. SGDF No. 14; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 53 | Plaintiffs have not identified evidence showing which Plaintiff had | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | possession of ▇▇▇ Trade Secret No. 8 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶272; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** Irrelevant.  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ▇ 8 at the time of Apple's misappropriation. SGDF No. 15; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 54 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▇▇▇ Trade Secret No. 10 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶55, 138, 190, 233, 272, 321; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** Irrelevant.  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of ▇ 10 at | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
|     | the time of Apple's misappropriation. SGDF No. 16; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 55  | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮ Trade Secret No. 4 at the time of the alleged misappropriation. Passameneck Decl. Ex. 19, ¶339; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-4 at the time of Apple's misappropriation. SGDF No. 17; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |
| 56  | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮ Trade Secret No. 5 at the time of the alleged misappropriation. Passameneck Decl. Ex. 19, ¶406; Ex. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** **Irrelevant.**  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-5 at the time of Apple's misappropriation. SGDF No. 19; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | |
| 57 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶339, 406, 423; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** **Irrelevant.**  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of S-6 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | SGDF No. 21; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | |
| 58 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 1 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶31; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-1 at the time of Apple's misappropriation. *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39. In addition, ████████ ████████ ████████ ████████ ████████ ████████ *See* Reply Br. 16-17. |
| 59 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 2 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 89; | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** Irrelevant.<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-2 at the time of Apple's misappropriation. *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. | |
| 60 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████ Trade Secret No. 3 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 138; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** Irrelevant.<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-3 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. | |
| 61 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ Trade Secret No. 4 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 188; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-4 at the time of Apple's misappropriation. *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |
| 62 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ███████ Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶234, 236 & n.162; Ex. 22, ¶123 n.180; Ex. 1; | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  | Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-6 at the time of Apple's misappropriation. *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. |  |
| 63 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮ Trade Secret No. 7 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-7 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | *See* SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9. Ex. OOO. | |
| 64 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 8 at the time of the alleged misappropriation. Passameneck Decl. Ex. 21, ¶¶31, 89, 138, 188, 234, 261; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of B-8 at the time of Apple's misappropriation. SGDF No. 33; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |
| 65 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ████████ Trade Secret No. 5 at the time of the alleged misappropriation. Passameneck Decl. Ex. 21, ¶264; Ex. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|-----|-----|
| | 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** Irrelevant.  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-5 at the time of Apple's misappropriation. SGDF No. 33; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | |
| 66 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮ Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶264, 297; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response:** Irrelevant.  **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-6 at the time of Apple's misappropriation. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | SGDF No. 33; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | |
| 67 | Plaintiffs have not identified evidence showing which Plaintiff had possession of ▮▮▮▮▮ Trade Secret No. 7 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶264, 297; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** **Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo had possession of H-7 at the time of Apple's misappropriation. SGDF No. 33; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 39 and SGDF No. 58.  Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 39 and SGDF No. 58. |

### c. Plaintiffs have not presented evidence sufficient for a reasonable jury to determine that they had ownership of the Alleged Trade Secrets.

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 68 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ ████████████ Trade Secret No. 1 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶67; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-1 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Apple's proposed SUF is not irrelevant, as California law requires that Plaintiffs establish ownership of the alleged trade secrets. *See* Opening Br. 12-13; Reply Br.16-17. Plaintiffs cite to SGDF No. 1, but as discussed, SGDF No. 1 does not adequately explain its citations. *See* Apple's Response to Plaintiffs' SGDF No. 1. Additionally, Plaintiffs cite back the same exhibits that Apple relies on to show that Plaintiffs have ***not*** established ownership of alleged ████ Trade Secret No. 1 without explaining how Plaintiffs believe those exhibits support their position. As Apple has explained, none of Masimo's cited exhibits cover the alleged trade secrets, and thus, just as those exhibits cannot be used to establish which entity has possession, |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | those exhibits cannot be used to establish ownership. *See* Apple's Response to Plaintiffs' alleged SGDF No. 38. |
| 69 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮ ▮▮▮▮▮▮ Trade Secret No. 3 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶197; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-3 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |
| 70 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮ | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | ███████ Trade Secret No. 8 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶244; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. <br><br> **Plaintiffs' Response:** **Irrelevant.** <br><br> **Factual Dispute.** Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-8 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Response to Plaintiffs' SGDF No. 68. |
| 71 | Plaintiffs have not identified evidence that Plaintiffs had ownership of █████ ███████ Trade Secret No. 9 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶285; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. <br><br> **Plaintiffs' Response:** **Irrelevant.** | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---------------------------------------------------------------|--------------------------------------------------|
|  | **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-9 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO |  |
| 72 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▇▇▇▇▇ ▇▇▇▇▇ Trade Secret No. 10 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶326; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. <br><br> **Plaintiffs' Response:** **Irrelevant.** <br><br> **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-10 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 73 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ ██████████ Trade Secret No. 11 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶365; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-11 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Exs. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |
| 74 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████████ ██████████ Trade Secret No. 12 at the time of the alleged misappropriation. Passamaneck Decl. | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  | Ex. 17, ¶401; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-12 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO |  |
| 75 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ ████████ Trade Secret No. 13 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶436; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response: Irrelevant.**<br><br>**Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | D-13 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 76 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ ████████ Trade Secret No. 14 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶471; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-14 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |
| 77 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████████ ███████ Trade Secret No. 15 | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-15 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Response to Plaintiffs' SGDF No. 68. |
| 78 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮ ▮▮▮▮▮ Trade Secret No. 16 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 17, ¶¶67, 152, 197, 244, 285, 326, 365, 401, 436, 471, 507; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant.** | Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of D-16 at the time of Apple's misappropriation. *See* SGDF No. 1; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 79 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████ Trade Secret No. 4 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶55; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. <br><br> **Plaintiffs' Response: Irrelevant.** <br><br> **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of ██4 at the time of Apple's misappropriation. SGDF No. 12; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite to SGDF No. 12, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession. *See* Apple's Response to Plaintiffs' SGDF No. 12. Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 68. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 80 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████████ Trade Secret No. 5 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶138; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** **Irrelevant.** **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of ████5 at the time of Apple's misappropriation. SGDF No. 13; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite to SGDF No. 13, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession. *See* Apple's Response to Plaintiffs' SGDF No. 13. Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 79. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 79. |
| 81 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ████████ Trade Secret No. 7 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶233; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Plaintiffs' Response:** **Irrelevant.** | Plaintiffs cite to SGDF No. 14, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession. *See* Apple's Response to Plaintiffs' SGDF No. 14. Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 79. Accordingly, please see Apple's |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of ▇7 at the time of Apple's misappropriation. SGDF No. 14; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Response to Plaintiffs' SGDF No. 79. |
| 82 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▇▇▇ Trade Secret No. 8 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶272; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.  **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of ▇8 at the time of Apple's misappropriation. SGDF No. 15; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite to SGDF No. 15, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession.  *See* Apple's Response to Plaintiffs' SGDF No. 15.  Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 79. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 79. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 83 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████ Trade Secret No. 10 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶55, 138, 190, 233, 272, 321; Ex. 6; Ex. 1; Ex. 2; Ex. 8; Ex. 9; Ex. 4; Ex. 5. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of ███ 10 at the time of Apple's misappropriation. SGDF No. 16; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite to SGDF No. 16, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession. *See* Apple's Response to Plaintiffs' SGDF No. 16.  Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 79. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 79. |
| 84 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████████ Trade Secret No. 4 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶339; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. | Plaintiffs cite to SGDF No. 17, but—as discussed—have failed to explain why the evidence cited shows possession.  *See* Apple's Response to Plaintiffs' SGDF No. 17.  Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 68. As explained in Apple's Response to |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of S-4 at the time of Apple's misappropriation. SGDF No. 17; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs' SGDF No. 68, the evidence is insufficient to establish ownership of the relevant alleged trade secret. |
| 85 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 5 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶406; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.   **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of S-5 at the time of Apple's | Plaintiffs cite to SGDF No. 19, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession. *See* Apple's Response to Plaintiffs' SGDF No. 19.  Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 84. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 84. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | misappropriation. SGDF No. 19; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 86 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮ Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 19, ¶¶339, 406, 423; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of S-6 at the time of Apple's misappropriation. SGDF No. 21; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite to SGDF No. 21, but—as discussed—the cited evidence does not establish a genuine factual dispute regarding possession.  *See* Apple's Response to Plaintiffs' SGDF No. 21.  Beyond that, Plaintiffs cite the same evidence here as in their alleged SGDF No. 84. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 84. |
| 87 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮ Trade Secret No. 1 at the time of the alleged misappropriation. | Plaintiffs cite to SGDF No. 22, but—as discussed—have failed to explain why that evidence shows possession. Beyond that, Plaintiffs cite the same evidence here as in their alleged |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Passamaneck Decl. Ex. 21, ¶31; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-1 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO. | SGDF No. 68.  As explained in Apple's Response to Plaintiffs' SGDF No. 68, the evidence is insufficient to establish ownership of the relevant alleged trade secret. Much of Plaintiffs' evidence is irrelevant to alleged ███ Trade Secret No. 1. In addition, the ███████████ ████████████████████████ ██████████████ ████████████████████ ████████████████████ ███████████████. *See* Reply Br. 16-17. To the extent this Court finds that the agreements cover the alleged ███ and █ trade secrets, Plaintiffs have still failed to show ownership of the alleged ███ or █ trade secrets. |
| 88 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 1 at the time of the | As Plaintiffs recognized, Apple intended for this SUF to read "Plaintiffs have not identified evidence that Plaintiffs had |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | alleged Trade Secret No. 2 at the time of the alleged misappropriation. Passameneck Decl. Ex. 21, ¶¶31, 89; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ████████ Trade Secret No. 2 at the time of the alleged misappropriation, Disputed. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-2 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | ownership of ████████ Trade Secret No. 2 at the time of the alleged misappropriation." Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |
| 89 | Plaintiffs have not identified evidence that Plaintiffs had | As Plaintiffs recognized, Apple intended for this SUF to read |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | ownership of ███████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 3 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 138; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response:** Irrelevant. **Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████ Trade Secret No. 3 at the time of the alleged misappropriation, **Disputed.** Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-3 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | "Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████ Trade Secret No. 3 at the time of the alleged misappropriation." Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|--------------------------------------------------------------|--------------------------------------------------|
| 90 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 4 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 188; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Plaintiffs' Response: Irrelevant. Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 4 at the time of the alleged misappropriation, **Disputed.** Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-4 at the time of Apple's | As Plaintiffs recognized, Apple intended for this SUF to read "Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 4 at the time of the alleged misappropriation." Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 91 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶234, 236 & n.162; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Allegedly Irrelevant.**<br><br>**Alleged Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 6 at the time of the alleged misappropriation, **Disputed.** Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor | As Plaintiffs recognized, Apple intended for this SUF to read "Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 6 at the time of the alleged misappropriation."<br><br>Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Laboratories, Inc. had ownership of B-6 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 92 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 7 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Allegedly Irrelevant.**<br><br>**Alleged Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 7 at the time of the alleged misappropriation, **Disputed.** Testimonial and documentary | As Plaintiffs recognized, Apple intended for this SUF to read "Plaintiffs have not identified evidence that Plaintiffs had ownership of ███████████ Trade Secret No. 7 at the time of the alleged misappropriation."<br><br>Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-7 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 93 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████████ Trade Secret No. 1 at the time of the alleged Trade Secret No. 8 at the time of the alleged misappropriation. Passameneck Decl. Ex. 21, ¶¶31, 89, 138, 188, 234, 236 & n.162, 261; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Allegedly Irrelevant.** **Alleged Factual Dispute**. Apple's alleged uncontroverted fact is vague and unintelligible. To the extent Apple alleges Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████████ Trade Secret No. 8 at the time of the | As Plaintiffs recognized, Apple intended for this SUF to read "Plaintiffs have not identified evidence that Plaintiffs had ownership of ██████████ Trade Secret No. 8 at the time of the alleged misappropriation," which Plaintiffs correctly understood. Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | alleged misappropriation, **Disputed.** Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of B-8 at the time of Apple's misappropriation. SGDF No. 22; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 94 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮▮▮ Trade Secret No. 5 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶264; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Allegedly Irrelevant.**<br><br>**Alleged Factual Dispute**.<br>Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of H-5 at the time of Apple's | Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | misappropriation. SGDF No. 34; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | |
| 95 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮ Trade Secret No. 6 at the time of the alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶264, 297; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9. **Allegedly Irrelevant.** **Alleged Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of H-6 at the time of Apple's misappropriation. SGDF No. 34; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's Response to Plaintiffs' SGDF No. 87. |
| 96 | Plaintiffs have not identified evidence that Plaintiffs had ownership of ▮▮▮▮▮ Trade Secret No. 7 at the time of the | Plaintiffs cite the same evidence here as in their alleged SGDF No. 87. Accordingly, please see Apple's |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | alleged misappropriation. Passamaneck Decl. Ex. 21, ¶¶264, 297; Ex. 22, ¶123 n.180; Ex. 1; Ex. 2; Ex. 4; Ex. 5; Ex. 6; Ex. 8; Ex. 9.<br><br>**Allegedly Irrelevant.**<br><br>**Alleged Factual Dispute**. Testimonial and documentary evidence show that Masimo Corporation and/or Cercacor Laboratories, Inc. had ownership of H-7 at the time of Apple's misappropriation. SGDF No. 34; Exs. 1-2; Ex. 4-6; Exs. 8-9, Ex. OOO | Response to Plaintiffs' SGDF No. 87. |

d. ▮▮▮▮▮▮ **Trade Secret Nos. 5 and 7-8 are general ideas, not true trade secrets.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 97 | ▮▮▮▮▮ Trade Secret No. 5 claims the idea of ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮ Passamaneck Decl. Ex. 16, | Plaintiffs' recitation of the exact language of ▮▮▮▮▮ Trade Secret No. 5 simply rephrases Apple's proposed SUF and fails to dispute the fact. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | ¶¶642-643; Ex. 19, ¶¶140-141, 145-147.<br><br>**Plaintiffs' Response:**<br>Vague as to "claims the idea of."<br><br>**Factual Dispute**. Apple mischaracterizes ██ 5, which does not identify a general problem coupled with a general solution. ███████ Trade Secret No. 5 recites: ████████████████ ████████████████ ████████████ ████████████ ████████████ █████████████ █████████████ ████████████ ████████████ █████████████ ██████████████ ██████████. Ex. 15 ¶¶513-517; Ex. H at 133-36; Ex. I at -787; Ex. MMM ¶¶42-47; Ex. 16 ¶¶643-778. | ████████████████ ████████████████ ████████████████ ████████████ ████████████████"—is irrelevant to the proposed fact and does not refute that "████████ Trade Secret No. 5 claims the idea of ████████████████ ████████████████." Plaintiffs' citations neither further clarify their statement nor do they refute Apple's statement that "█████████ Trade Secret No. 5 claims the idea of ████████████████ ████████████." Ex. 15 ¶¶ 513-517 (failing to dispute Apple's proposed SUF); Ex. H at 133-36 (same); Ex. I at -787 (same); Ex. MMM ¶¶ 42-47 (same); Ex. 16 ¶¶ 643-778 (same).<br><br>████████████████ ████████████████ ████████████████ ████████████ |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | ████████ ████████ ████████ ████ Ex. 15 ¶¶513-14, 516, 519; Ex. 29 at 327:4-23, 351:14-352:18. Ex. I at -679, -708709, -723, -782-792, -801, -820, - 858. Ex. 15 ¶519; Ex. GGGG (MASA03603248) at -259; Ex. HHHH (MASA03603300) at -311; Exs. IIII-LLLL; Ex. MMMM (MASA02171862) at -866, -892; Ex. NNNN (MASA02177158) at - 173; Ex. OOOO (MASA00854389) at -405-408; Exs. PPPP-YYYY. | ████—is irrelevant to the proposed fact and does not ████ "████ Trade Secret No. 5 claims the idea of ████ ████ ████ ████" |
| 98 | Plaintiffs' expert does not identify anything in ████ Trade Secret No. 5 that goes beyond ████ ████ ████ ████ Passamaneck Decl. Ex. 16, ¶¶642-643; Ex. 19, ¶¶140-141, 145-147. | Plaintiffs' assertion that "Masimo's expert identified how Masimo developed and used ████ Trade Secret No. 5" does not conflict with the proposed SUF.  Plaintiffs' assertion that "Apple identified no evidence showing ██5 is generally known" does not conflict with the proposed SUF. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs Response: Vague** as to "anything ... that goes beyond the idea of." <br><br> **Factual Dispute**. Masimo's expert identified how Masimo developed and used ███████ Trade Secret No. 5. SGDF No. 13; Ex. 15 ¶¶513-517; Ex. H at 133-36; Ex. I at -787; Ex. MMM ¶¶42-47; Ex. 16 ¶¶643-778; Ex. 15 ¶¶513-14, 516, 519; Ex. 29 at 327:4-23, 351:14-352:18. Ex. I at -679, -708-709, -723, -782-792, -801, -820, -858. Ex. 15 ¶519; Ex. GGGG (MASA03603248) at -259; Ex. HHHH (MASA03603300) at -311; Exs. IIII-LLLL; Ex. MMMM (MASA02171862) at -866, -892; Ex. NNNN (MASA02177158) at -173; Ex. OOOO (MASA00854389) at -405-408; Exs. PPPP-YYYY. Apple identified no evidence showing ███5 is generally known. Ex. 16 ¶¶643-778. | |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 99 | ███████ Trade Secret No. 7 claims ██████████████ ████████████ ███████████████ █████████████ ███████████████ ████████████ ██████████████ ███████████████ ███████ Passamaneck Decl. Ex. 16, ¶¶781, 783- 788, 798-802; Ex. 18, ¶¶242- 247; Ex. 19, ¶¶192-195, 235- 239, 244, 246; Ex. 29 at 375:7- 376:24. **Plaintiffs' Response:** Vague as to "claims the idea of" **Factual Dispute.** ████████████ ████████████ ██████████████ ██████████ ████████████ ████████████ ████████████ █████████████ | Plaintiffs' recitation of the exact language of ████████ Trade Secret No. 7 simply rephrases Apple's proposed SUF and fails to dispute the fact. Similarly, Plaintiffs' cited evidence fails to dispute Apple's proposed SUF.  SGDF No. 17 (failing to refute Apple's proposed SUF); Ex. RRR at APL-MAS_002397232 (same); Ex. O at -498 (same); Ex. 15 ¶ 597 (same); Ex. TTT at 270-80, 341-42, 350-56, 433-36 (same); Exs. UUU-WWW (same); Ex. 15 ¶¶ 599-600 (same). |



| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | ███████████ ███████ SGDF No. 17; Ex. RRR at APL-MAS_002397232; Ex. O at -498; Ex. 15 ¶597)); Ex. TTT at 270-80, 341-42, 350-56, 43336; Exs. UUU-WWW; Ex. 15 ¶¶599-600. | |
| 100 | Plaintiffs' expert does not identify anything in ████████ Trade Secret No. 7 that goes beyond the ████ ██████████████████████ ██████████████████████ ██████████████████ ██████████████████████ ████████████████ ██████████████████████ ████████████ Passamaneck Decl. Ex. 16, ¶¶781, 783-788, 798-802; Ex. 18, ¶¶242- 247; Ex. 19, ¶¶192-195, 235- | Plaintiffs' assertion that "Masimo's expert identified how Masimo developed and used ██████ Trade Secret No. 7, as well as how Apple acquired and used ████ ██████ Trade Secret No. 7" does not conflict with the proposed SUF. Plaintiffs' assertion that "Apple identified no evidence showing ████ 7 is generally known" does not conflict with the proposed SUF. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|----------------------------------------------------------------|--------------------------------------------------|
|     | 239, 244, 246; Ex. 29 at 375:7-376:24. **Plaintiffs' Response:** **Vague** as to "anything ... that goes beyond the idea of." **Factual Dispute**. Masimo's expert identified how Masimo developed and used ▮▮▮▮ Trade Secret No. 7, as well as how Apple acquired and used ▮▮▮▮ Trade Secret No. 7. SGDF No. 14; Madisetti Decl; Ex. 15, Exs. XXX-YYY; Masimo's expert further explained that ▮▮▮ ▮▮ Trade Secret No. 7 is not generally known or readily ascertainable. Ex. 16 ¶¶796-808. | |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 101 | ██████ Trade Secret No. 8 claims ████████████████ ████████████████████ ████████████████████ ███████████. Passamaneck Decl. Ex. 16, ¶¶814, 819; Ex. 18, ¶ 249, 251-259; Ex. 19, ¶¶274-275; Ex. 7.<br><br>**Plaintiffs' Response: Factual Dispute. Vague** as to "claims the idea of" **Factual Dispute**. ████████████ ███████████████████ ███████████████████ ████████████████████ ████████████████████ ██████████ SGDF 15; ███████████████ ███████████████ ██████████████ ████████████████████ ████████████████████ ████████████████████ ███████████ Exs. XXX-YYY; Ex. 15 ¶629. | Plaintiffs' recitation of the exact language of ████████ Trade Secret No. 8 simply rephrases Apple's proposed SUF and fails to dispute the fact.<br><br>Similarly, Plaintiffs' cited evidence fails to dispute Apple's proposed SUF.  SGDF No. 15 (failing to refute Apple's proposed SUF).<br><br>Plaintiffs' assertion that "███ ████████████████████ ████████████████████ ████████████████████ ████████████████ █████████████████ ████████████████████ ██████████████████ ████████████████████ ██████████ ████████████ ██████████████████ ████████████████████ ███████████████████ ████████████████████ ████████████████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ███████████████████ does not dispute the proposed SUF. |
| 102 | Plaintiffs' expert does not identify anything in ███████ Trade Secret No. 8 ███████████████ ███████████████ ███████████████ ███████████████████ █████████. Passamaneck Decl. Ex. 16, ¶¶814, 819; Ex. 18, ¶¶249, 251-259; Ex. 19, 274-275; Ex. 7. **Plaintiffs' Response: Vague** as to "anything ... that goes beyond the idea of." | Plaintiffs' assertion that "Masimo's expert identified how Masimo developed and used ███████ Trade Secret No. 8, as well as how Apple acquired and used ████ ████ Trade Secret No. 8" does not conflict with the proposed SUF. Plaintiffs' assertion that "Apple identified no evidence showing ██5 is generally known" also does not conflict with the proposed SUF. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Factual Dispute**. Masimo's expert identified how Masimo developed and used ▮▮▮▮ Trade Secret No. 8, as well as how Apple acquired and used ▮▮▮▮ Trade Secret No. 8. SGDF No. 15; Masimo's expert further explained that ▮▮▮▮ ▮▮▮▮ Trade Secret No. 8 is not generally known or readily ascertainable. Madisetti Decl.; Ex. 16 ¶¶811-829. | |

e.  **Plaintiffs' "value, importance, and appropriateness" alleged trade secrets describe general ideas, not true trade secrets.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 103 | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ▮▮▮▮ ▮▮▮▮ Trade Secret No. 16. Ex. 15, ¶¶168-169, 193- 194, 233-234, 259-260, 294-295, 317-318, 339- 340, 362-363, 384-385, 408- 409, 433-434. | The meaning of "value" as recited in ▮▮▮▮ Trade Secret No. 16 is material to whether the alleged trade secret is reasonably particular. None of the citations in Plaintiffs' string cite explain the meaning of "value," as used in the alleged trade secret.  The few citations that |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response:** Immaterial. **Factual Dispute**. Masimo has provided evidence regarding the meaning of "value" in D-16. Ex. 15 ¶¶106-146, 168-169, 193-194, 212-218, 233-234, 251-254, 259-260, 278-290, 294-295, 311-313, 317-318, 334-335, 339-340, 357-358, 362-363, 379-380, 384-385, 403-404, 408-409, 428-429, 433-434. | reference "value" merely recite the word as a conclusory designation. *See, e.g.*, Ex. 15 ¶ 168 ("████ ████████████████ █████████████████████ █████████████████████ ██████████████ ███████████ ██████"). |
| 104 | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in ████████████████████ Trade Secret No. 16. Ex. 15, ¶¶168-169, 193- 194, 233-234, 259-260, 294295, 317-318, 339-340, 362-363, 384385, 408-409, 433-434. **Plaintiffs' Response: Immaterial.** **Factual Dispute**. Masimo has provided evidence regarding the meaning of "importance" in D-16. Ex. 15 ¶¶106-146, 168-169, 193194, 212-218, 233-234, 251-254, 259-260, | The meaning of "importance" as recited in ████ Trade Secret No. 16 is material to whether the alleged trade secret is reasonably particular. None of the citations in Plaintiffs' string cite explain the meaning of "importance," as used in the alleged trade secret. The few citations that reference "importance" merely recite the word as a conclusory designation. *See, e.g.*, Ex. 15 ¶ 168 ("████████████████████ ████████████████████ ████████████████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 278-290, 294-295, 311313, 317-318, 334-335, 339-340, 357-358, 362-363, 379-380, 384385, 403-404, 408-409, 428-429, 433-434. | ███████████████ ███████████ ███████ .").  |
| 105 | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ███████████████████ Trade Secret No. 16. Ex. 15, ¶¶168169, 193- 194, 233-234, 259-260, 294295, 317-318, 339- 340, 362-363, 384385, 408-409, 433-434.<br><br>**Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "appropriateness" in D-16. Ex. 15 ¶¶106-146, 168-169, 193-194, 212-218, 233-234, 251254, 259-260, 278-290, 294-295, 311-313, 317-318, 334-335, 339340, 357-358, 362-363, 379-380, 384-385, 403-404, 408-409, 428429, 433-434. | The meaning of "appropriateness" as recited in ██████ Trade Secret No. 16 is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite explain the meaning of "appropriateness," as used in the alleged trade secret.  The few citations that reference "appropriateness" merely recite the word as a conclusory designation. *See, e.g.*, Ex. 15 ¶ 168 ("███████ ████████████ ███████████████ ███████████████ █████████████ ██████").  |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 106 | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ███████ Trade Secret No. 10. Ex. 15, ¶¶457-458, 480, 555556, 577-578, 607- 608, 638-639. **Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "value" in ███ 10. SGDF Nos. 97-102; Ex. 15 ¶¶451-458, 480-482, 513-520, 555-556, 567568, 577-578, 597-598, 607-608, 629, 638-639. | The meaning of "value" as recited in ███ Trade Secret No. 10 is material to whether the alleged trade secret is reasonably particular. None of the citations in Plaintiffs' string cite explain the meaning of "value," as used in the alleged trade secret.  The few citations that reference "value" merely recite the word as a conclusory designation. *See*, *e.g.*, Ex. 15 ¶ 457 ██████ ████████████████ ████████ ██████████████ ████████████ ████████████████ █████████ |
| 107 | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in ████ ████ Trade Secret No. 10. Ex. 15, ¶¶457-458, 480, 555-556, 577-578, 607- 608, 638-639. **Plaintiffs' Response: Immaterial.** | The meaning of "importance" as recited in ███ Trade Secret No. 10 is material to whether the alleged trade secret is reasonably particular. None of the citations in Plaintiffs' string cite explain the meaning of "importance," as used in the alleged |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---|---|
| | **Factual Dispute**. Masimo has provided evidence regarding the meaning of "importance" in ██ 10. SGDF Nos. 97-102; Ex. 15 ¶¶451-458, 480-482, 513-520, 555-556, 567-568, 577-578, 597-598, 607608, 629, 638-639. | trade secret.  The few citations that reference "importance" merely recite the word as a conclusory designation.  *See*, *e.g.*, Ex. 15 ¶ 457 ███████████ |
| 108 | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ████ ████ Trade Secret No. 10. Ex. 15, ¶¶457-458, 480, 555-556, 577-578, 607608, 638-639.<br><br>**Plaintiffs' Response: Immaterial.**<br><br>**Factual Dispute**. Masimo has provided evidence regarding the meaning of "appropriateness" in ██ 10. SGDF Nos. 97-102; Ex. 15 ¶¶451-458, 480-482, 513-520, 555556, 567-568, 577-578, 597-598, 607-608, 629, 638-639. | The meaning of "appropriateness" as recited in ██ Trade Secret No. 10 is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite explain the meaning of "appropriateness," as used in the alleged trade secret.  The few citations that reference "appropriateness" merely recite the word as a conclusory designation.  *See*, *e.g.*, Ex. 15 ¶ 457 (" ████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ██████████████████████████████ ████████████████████ ██████████████████████████ ██████████████████ |
| 109 | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ██████ ██████ Trade Secret No. 6. Ex. 15, ¶¶755-756, 795 796, 819-826, 833-834.<br><br>**Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "value" in S-6. SDGF Nos. 17-21; Ex. 15 ¶¶659-740, 755 756, 781-788, 795-796, 819-826, 833-834. | The meaning of "value" as recited in ██ Trade Secret No. 6 is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite explain the meaning of "value," as used in the alleged trade secret.  The few citations that reference "value" merely recite the word as a conclusory designation. *See*, *e.g.*, Ex. 15 ¶ 755 ██████ ████████████████████████████ ████████████████████ ██████████████████████████ ████████████████████ ████████████████████████████ |
| 110 | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in ██████ ██████ Trade Secret No. 6. Ex. | The meaning of "importance" as recited in ██ Trade Secret No. 6 is material to whether the alleged trade secret is reasonably particular. |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 15, ¶¶755-756, 795- 796, 819-826, 833834. **Plaintiffs' Response: Immaterial.** **Factual Dispute**. Masimo has provided evidence regarding the meaning of "importance" in S-6. SDGF Nos. 17-21; Ex. 15 ¶¶659, 740, 755-756, 781-788, 795-796, 819-826, 833-834. | None of the citations in Plaintiffs' string cite explain the meaning of "importance," as used in the alleged trade secret.  The few citations that reference "importance" merely recite the word as a conclusory designation.  *See*, *e.g.*, Ex. 15 ¶ 755 ██████████████████ ███████████████ █████████████ █████████████████ ████████████████ ██████ |
| 111 | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ██████ ████████ Trade Secret No. 6. Ex. 15, ¶¶755-756, 795- 796, 819-826, 833-834. **Plaintiffs' Response: Immaterial.** **Factual Dispute**. Masimo has provided evidence regarding the meaning of "appropriateness" in S-6. SDGF Nos. 17-21; Ex. 15 ¶¶659 740, | The meaning of "appropriateness" as recited in ██ Trade Secret No. 6 is material to whether the alleged trade secret is reasonably particular. None of the citations in Plaintiffs' string cite explain the meaning of "appropriateness," as used in the alleged trade secret.  The few citations that reference "appropriateness" merely recite the word as a conclusory designation. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | 755-756, 781-788, 795-796, 819-826, 833-834. | *See, e.g.*, Ex. 15 ¶ 755 ██████ ████████████████████ ████████████ ██████████████████ ████████████ ██████████████ |
| 112 | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ████████ ████████ Trade Secret No. 8. Ex. 20, ¶¶175, 192, 297, 302, 372, 377, 462, 467, 570, 575.<br><br>**Plaintiffs' Response: Immaterial.**<br><br>**Factual Dispute**. Masimo has provided evidence regarding the meaning of "value" in B-8.<br><br>Palmatier Decl.; Ex. 20 ¶¶64-91, 255-68, 337-47, 429-37, 521-28, 175-88, 297, 372, 462, 570. | The meaning of "value" as recited in ██████ Trade Secret No. 8 is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite explain the meaning of "value." The few citations that reference "value" merely recite the word as a conclusory designation. *See, e.g.*, Ex. 20 ¶ 175 ██████ ███████████████████ ██████████████████████ ████████████████ ████████████████████ ████████████████████ ██████████████████ |
| 113 | Plaintiffs have not provided any explanation for the meaning of | The meaning of "importance" as recited in ██████ Trade Secret No. 8 |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | "importance" as recited in ███ ███ Trade Secret No. 8. Ex. 20, ¶¶175, 192, 297, 302, 372, 377, 462, 467, 570, 575.<br><br>**Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "importance" in B-8. Palmatier Decl.; Ex. 20 ¶¶64-91, 255-68, 337-47, 429-37, 521-28, 175-88, 297, 372, 462, 570. | is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite actually explain the meaning of "importance."  The few citations that reference "importance" merely recite the word as a conclusory designation.  *See, e.g.*, Ex. 20 ¶ 175 ███ ███ ███ ███ ███ ███ |
| 114 | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ███ Trade Secret No. 8. Ex. 20, ¶¶175, 192, 297, 302, 372, 377, 462, 467, 570, 575.<br><br>**Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the | The meaning of "appropriateness" as recited in ███ Trade Secret No. 8 is material to whether the alleged trade secret is reasonably particular.<br><br>None of the citations in Plaintiffs' string cite actually explain the meaning of "appropriateness."  The four cited paragraphs that reference "appropriateness" merely recite the |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | meaning of "appropriateness" in B-8. Palmatier Decl.; Ex. 20 ¶¶64-91, 255-68, 337-47, 429-37, 521-28, 175-88, 297, 372, 462, 570. | word as a conclusory designation. *See, e.g.*, Ex. 20 ¶ 297 ███ ██████████████ ██████████ █████████ ████████ ████████████ ████████ ███████ |
| 115 | Plaintiffs have not provided any explanation for the meaning of "value" as recited in ████ ████ Trade Secret No. 7. Ex. 20, ¶¶659, 662. **Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "value" in H-7. Palmatier Decl.; Ex. 20 ¶¶592-617, 175-88, 659. | The meaning of "value" as recited in ████████ Trade Secret No. 7 is material to whether the alleged trade secret is reasonably particular. Some of the citations in Plaintiffs' string cite do not even relate to ████████ Trade Secret No. 7. *See* Ex. 20 ¶¶ 175-88 (discussing alleged ████ Trade Secret B-1). Of the other paragraphs cited in Plaintiffs' string cite, none explain the meaning of "value." The one cited paragraph that references "value" as used in ████ Trade Secret No. 7 |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|------------------------------------------------|-----------------------------------------------|
| | | merely recites the word as a conclusory designation.  *See* Ex. 20 ¶ 659 ███████████████████ ████████████████ ████████████████ ████████████████ █████████████ ███████████████ █████████████ █████████████ |
| 116 | Plaintiffs have not provided any explanation for the meaning of "importance" as recited in ██████ ████████ Trade Secret No. 7. Ex. 20, ¶¶659, 662.  **Plaintiffs' Response: Immaterial. Factual Dispute**. Masimo has provided evidence regarding the meaning of "importance" in H-7. Palmatier Decl.; Ex. 20 ¶¶592-617, 175-88, 659. | The meaning of "importance" as recited in ███████████ Trade Secret No. 7 is material to whether the alleged trade secret is reasonably particular.  Some of the citations in Plaintiffs' string cite do not even relate to ███████████████ Trade Secret No. 7.  *See* Ex. 20 ¶¶ 175-88 (discussing alleged █████ Trade Secret B-1).  Of the other paragraphs cited In Plaintiffs' string cite, none actually explain the meaning of "importance."  The one cited |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | paragraph that references "importance" as used in ████████ ████████ Trade Secret No. 7 merely recites the word as a conclusory designation. *See* Ex. 20 ¶ 659 ███████████████████ █████████████████ ███████████████ ██████████████ ████████████ █████████████ ███████████ ███████████ Plaintiffs' single citation to Dr. Palmatier's conclusory use of the word "importance" is insufficient to create a material dispute of fact. |
| 117 | Plaintiffs have not provided any explanation for the meaning of "appropriateness" as recited in ████████████ Trade Secret No. 7. Ex. 20, ¶¶659, 662.  **Plaintiffs' Response: Immaterial.** | The meaning of "appropriateness" as recited in ████████████ Trade Secret No. 7 is material to whether the alleged trade secret is reasonably particular.  Some of the citations in Plaintiffs' string cite do not even relate to |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
|  | **Factual Dispute**. Masimo has provided evidence regarding the meaning of "appropriateness" in H-7. Palmatier Decl.; Ex. 20 ¶¶592-617, 175-88, 659. | ███████████ Trade Secret No. 7.  *See* Ex. 20 ¶¶ 175-88 (discussing alleged ████ Trade Secret B-1).  Of the other paragraphs cited in Plaintiffs' string cite, none explain the meaning of "appropriateness." The one cited paragraph that references "appropriateness" as used in ████████████ Trade Secret No. 7 merely recites the word as a conclusory designation.  *See* Ex. 20 ¶ 659 ████████████ |

Wilmer Cutler
Pickering Hale
and Dorr LLP

**f. If Mr. Kinrich's report is struck or excluded, Plaintiffs have no evidence to support their claim for lost profits.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 118 | This Court excluded the Rule 26(a)(2)(B) disclosure of Mr. Pridell [sic]. Dkt. 1031 at 5-6, 10.<br><br>**Plaintiffs' Response: Disputed-in-part.** The Court excluded only the disclosures of Mr. Priddell that it found "should have been presented in [a] Rule 26(a)(2)(B) written report[]." Dkt. 1031 at 10, 5-6. | Apple corrects the typo in its proposed SUF to state: "This Court excluded the Rule 26(a)(2)(C) disclosure of Mr. Pridell.  Dkt. 1031 at 5-6, 10."<br><br>Plaintiffs mischaracterize the Court's ruling.<br><br>(1) The Court found that in his 26(a)(2)(C) disclosure, ███████ ███████████████████ ██████████████ ███████████████ Dkt. 1031 at 6.<br><br>(2) The Court held that ██████ ████████████████ ████████████████████ ███████████ Dkt. 1031 at 5, and thus that it "████ ████████████████" of FRCP 26(a)(2)C).  *Id.* at 8.<br><br>(3) The Court also held that Priddell's disclosure ███████ |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ██████████████████ ██████████████████ ████████████████ ████████████████ ███. *Id.* at 8. (4) The Court ███████████ ██████████████ ███████████████ ███████████████ ████████. *Id.* at 10. (5) The Court also held that ██████ ███████████████ ███████████████ ███████████████ ███████████████ *Id.* at 11. |
| 119 | This Court excluded the portions of the Rule 26(a)(2)(B) disclosure of Mr. Muhsin related to Plaintiffs' lost profits theory. Dkt. 1031 at 5-6, 10. **Plaintiffs' Response: Disputed-in-part.** The Court excluded only the portions of the disclosure of Mr. Muhsin that it found "should have | Apple corrects the typo in its proposed SUF to state: "This Court excluded the Rule 26(a)(2)(C) Mr. Muhsin related to Plaintiffs' lost profits theory.  Dkt. 1031 at 5-6, 10." Plaintiffs mischaracterize the Court's ruling: |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | been presented in [a] Rule 26(a)(2)(B) written report[]." Dkt. 1031 at 10, 6-7. | (1) The Court held that Muhsin ██████████ ██████████ ██████████ ███████████ ████████████ ██████████ ███████████ ███████████ ████████████ ███████████ █████████████ ███████████ ██████████ ██████████ █████████████ Dkt. 1031 at 6. (2) The Court also held that ████ ████████████ ████████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|-----|---|---|
|  |  | ██████████████████████ |
|  |  | ████████████████ |
|  |  | ████████████████████████ |
|  |  | ████████████████████████ |
|  |  | ██████████████████ |
|  |  | ████████████████ |
|  |  | ██████████████████ |
|  |  | ████████████████ |
|  |  | ████████████████████████ |
|  |  | ██████████████ |
|  |  | ████████████████ |
|  |  | ██████████████████████ |
|  |  | ██████████████ |
|  |  | ████████████ |
|  |  | █████████████████ *Id.* at 6. |
|  |  | (3) The Court also held that ██████████████ ██████████████ ████████████████ ██████████████████ ████████████████ ██████████████████████ ██████████████████ |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | | ███████████████████ ███████████████." *Id.* at 8. <br><br> (4) The Court "███████████ ████████████ ███████████████ ████████████████ █████." *Id.* at 10. <br><br> (5) The Court also struck the portions of the disclosure that provided "████████████ ██████████████ ███████." *Id.* at 11. |
| 120 | This Court excluded the following specific alleged facts: <br><br> • ████████████ <br> ███████████████ <br> ██████ <br> █ ███████████████ <br> █████████████ <br> ███████████ <br> █ █████████████ <br> ████████████████ <br> ████████████████ <br> █████████ | Plaintiffs fail to specify what in Apple's proposed SUF they dispute. As discussed in more detail in Apple's pending *Daubert* motion for Mr. Kinrich, the order included each of the bulleted points.  *See* Dkt. 1171 at 11. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | Dkt. 1031 at 11. **Plaintiffs' Response: Disputed-in-part.** Apple mischaracterizes the Court's Order, which specifically sets forth any excluded information or opinions. Dkt. 1031. | |
| 121 | Mr. Kinrich's lost profits opinions rely on the material excluded by this Court's Rule 26 ruling. Dkt. 1031 at 6, 11-13; Ex. 25, §§ 2.2-2.4, at 4-11. **Plaintiffs' Response: Factual Dispute**. In his November 30, 2022 Supplemental Expert Report (Ex. 24), Mr. Kinrich set forth lost profits opinions that do not rely on material excluded by the Court's Rule 26 ruling (Dkt. 1031, 10-12). | Plaintiffs do not appear to dispute that at least Mr. Kinrich's original report, served October 6, 2022 and updated on October 17, 2022, relied on the material excluded by this Court's Rule 26 ruling.  Dkt. 1031 at 6, 11-13; Ex. 25, §§ 2.2-2.4, at 4-11. Apple has moved to strike or exclude the November 30, 2022 supplemental report.  *See* Dkt. 1171. |
| 122 | Plaintiffs' lost profits case depends on Mr. Kinrich's opinions. Ex. 23, ¶¶60-139; Ex. 24, 2-11; Ex. 25, §§ 2.2-2.4, at 4-11. | Plaintiffs' statement that "Mr. Kinrich's opinions form only part of the basis for Masimo's lost profits case" is unsupported and |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response: Disputed.** This is not a fact. Also, Mr. Kinrich's opinions form only part of the basis for Masimo's lost profits case. | unexplained.  Plaintiffs do not identify any evidence supporting their dispute or assertion.  Accordingly, Apple's SUF No. 122 should be deemed admitted. |

**g.  The Court has dismissed 4 alleged Trade Secrets and Plaintiffs have abandoned 14 alleged Trade Secrets.**

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 123 | Plaintiffs have abandoned ████████████████ Trade Secret Nos. 2 and 4-7. Passamaneck Decl. Ex. 15, ¶85; Ex. 27.<br><br>**Plaintiffs' Response: Vague** as to "abandoned." **Admitted** that Masimo does not intend to present at trial D-2, D-4, D- 5, D-6, and D-7. | No material dispute. |
| 124 | Plaintiffs have abandoned ██████ ████ Trade Secret Nos. 1-3, 6, and 9. Passamaneck Decl. Ex. 15, ¶85; Ex. 27. | No material dispute. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| | **Plaintiffs' Response:** Vague as to "abandoned." Admitted that Masimo does not intend to present at trial █ 1, ██ 2, ██ 3, ██ 6, and ██ 9. | |
| 125 | ████████ Trade Secret Nos. 1-3, 6, and 9 are incorporated in ████ ████ Trade Secret No. 10. Passamaneck Decl. Ex. 19, ¶318. **Plaintiffs' Response:** **Admitted.** | |
| 126 | Plaintiffs have abandoned ████ ██████ Trade Secret Nos. 1-3. Passamaneck Decl. Ex. 15, ¶85. **Plaintiffs' Response:** **Vague** as to "abandoned." **Admitted** that Masimo does not intend to present at trial S-1, S-2, and S-3. | No material dispute. |
| 127 | Plaintiffs have abandoned ███████ ██████ Trade Secret No. 5. Passamaneck Decl. Ex. 20, ¶60. **Plaintiffs' Response:** **Vague** as to "abandoned." **Admitted** that Masimo does not intend to present at trial B-5. | No material dispute. |

| No. | Apple's Proposed Uncontroverted Fact and Plaintiffs' Response | Apple's Response to Plaintiffs' Alleged Disputes |
|---|---|---|
| 128 | The Court dismissed Plaintiffs' ███████████ Trade Secret Nos. 1-4. Dkt. 350 at 5-8. **Plaintiffs' Response:** Admitted. | |

## II.   APPLE'S CONCLUSIONS OF LAW

By failing to specifically address each of Apple's conclusions of law (as Apple did in its response to Plaintiffs' SUF), Plaintiffs have waived the right to dispute Apple's Conclusions of Law.  In any event, Apple's Reply Brief explains why each of Plaintiffs' legal arguments is wrong.

## III.   PLAINTIFFS' ALLEGEDLY GENUINELY DISPUTED MATERIAL FACTS

In addition to the above, the following facts raise genuine issue that preclude summary judgment.

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| 1 | ████████████████ ████████████ ████████████████ ████████████████ ███████. Ex. 2, §§2.1, 3.1, 6.1-6.2. | Immaterial, but disputed if found to be material. It is immaterial whether Plaintiffs "████████████ ████████████████ ████████████████ ████████████████ |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     |                                                      | ███████████████████████ ██████  Disputed because the proposed fact is too broad and does not address (1) which entity possessed each of the alleged trade secrets, (2) ownership of the alleged trade secrets, or (3) any evidence of the time frame of ownership or possession.  Further, plaintiffs have cited no evidence of actual ██████ |
| 3   | ████████████████ ██████████████████ ███  Ex. 2, §§1.13, 1.24. | Immaterial, but disputed if found to be material.  Disputed because Plaintiffs' proposed fact is unsupported by the cited evidence.  Plaintiffs concede that their ████████████ ████████████████████ ████████████████████ ██████  Opp. 4, and nothing in that agreement specifically addresses whether it applies to the supposed secrets at issue in this case.  Instead, it is limited to exchanges of |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
|  |  | ██████████████████████ ███████████████ ████████████████████████ ██████████████████ █████████████████████ ██████████████████████ ████████████████████████ ██████████████████████ ███████████████████████ ██████████████ |
| 4 | ████████████████ ███████████████ ██████████████ Ex. 2, §§2.1, 3.1, 6.1, 6.2. | Immaterial, but disputed as unsupported if found to be material. ███████████████████████ ███████████████████████ ██ Plaintiffs have not explained why any of the purported secrets in this case would fall under those definitions. ████████████████ █████████████████████ █████████████████████ ████████████████████████ ████████████████; *see also* Reply Br. 16-17.  The proposed |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | GDMF accordingly does not have any relevance to this motion. |
| 5 | ██████████ ██████████ ██████████ ██████ ██████ ███████ Ex. 2, §§1.10, 1.16, 10.1. | Immaterial, but disputed as unsupported if found to be material. Disputed because Plaintiffs' ████ ██████████ ██████████ ███████████ ███████████ █████████████ ███████████████ ███████████ ███████████ ███████████ ███████████ ██████████ ███████████ ███████████ ██████████ ████████████ ███ |
| 6 | ██████████ ██████████ ██████████ | Immaterial because the alleged fact is not specific to any particular |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | ██████████████████. Ex. OOO; Ex. QQQ; Ex. ZZZZ; Ex. AAAAA at 125:21-126:14. | employee, and disputed as unsupported if found to be material. Disputed because it is overbroad, and therefore incorrect, and fails to address ████████████████ ████████████████████ ████████████████████ ███ Plaintiffs' cited evidence does not remedy the lack of specificity. ██ ████████████████ █████████████████████ ████████████████████ ██████████████████████ ███████████████ ██████████████ ███████████████ ██████████████ ████████████████ ██████████████████ █████████████████ ██████████████████ ███████ In particular, Plaintiffs have not provided |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|---------------------------------------------------|------------------|
|  |  | evidence to show that, *inter alia*, ███████████████ ██████ signed assignment agreements, or otherwise assigned rights to the alleged trade secrets to Masimo and Cercacor.  The cited evidence also does not establish that ██████████████ signed an assignment agreement. |
| 7 | ████████████████ ████████████ █████████████████ ████████████████ Ex. 15 at 42, 51-57, ¶138; Madisetti Decl.; Ex. K at - 907, -935-936; Ex. J, ¶¶5, 9; Ex. L ¶9; Ex. M, ¶75. | Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of a material fact.  *See* Apple's response to Plaintiffs' SGDFs Nos. 1, 2, 4, and 11.  The evidence cited here does not support that the ██████ product practices the entirety of alleged ████ Trade Secret Nos. 1, 3, and 9-16.  *See* Ex. 15 at ¶¶ 42 (technical background unrelated to any of the specific alleged trade secrets), 51-57 (same), 138 (addressing only ████ Trade Secret No. 1, but failing to show that |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | the ▓▓▓▓ practices it); Ex. K at -907, -935-936 (failing to show the entirety of any of the alleged ▓▓▓▓ Trade Secrets); Ex. J, ¶¶ 5, 9 (same); Ex. M, ¶ 75 (same); *see also* Reply Br. 4-5. Further, Plaintiffs improperly cite to their cross-motion for summary judgment, which is nothing more than attorney argument.  Ex. L. |
| 8 | ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓. Madisetti Decl.; Ex. 15 at 42; ¶130-31, ¶129. | Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of a material fact.  *See* Apple's response to Plaintiffs' SGDFs Nos. 1, 3, and 11.  The evidence cited here does not support that the ▓▓▓▓▓▓ ▓▓▓▓▓▓ practice the entirety of alleged ▓▓ Trade Secret Nos. 1, 8, and 16.  Indeed, none of the evidence cited references ▓▓ Nos. 8 and 16.  Madisetti Decl.; Ex. 15 ¶¶ 42 (technical background unrelated |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | to any of the specific alleged trade secrets), 130-131 (addressing only ▮ No. 1), 129 (same).  The cited evidence does not establish possession of ▮ No. 1 because Plaintiffs have not established that they combined "▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮ Reply Br. 6. |
| 9 | ▮▮▮▮ ▮▮▮ ▮▮▮▮ ▮▮▮. Madisetti Decl.; Ex. 15 ¶¶141-143; Ex. JJJ. | Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of a material fact.  *See* Apple's response to Plaintiffs' SGDF No. 1; *see also* Ex. 15 ¶¶ 141-143 (failing to show all of ▮ Trade Secret No. 1 in cited ▮▮▮▮ ▮▮▮▮ Ex. JJJ (email regarding ▮▮ ▮ that fails to show any of the alleged trade secrets). |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| 10 | Masimo engineers developed Masimo's sensors, including Masimo's Rainbow sensor, Pronto-7 sensor, and forehead sensor, ██ ████████████████ ██████████████ Ex. A; Ex. B; Ex. C; Ex. 14 at 195:3-23, 243:1 245:9; Ex. E at 60:12-62:9; Ex. 15, ¶¶451-56; Madisetti Decl.; Ex. F. | Immaterial, but disputed if found to be material. Immaterial because Plaintiffs' proposed fact fails to establish that Plaintiffs possessed the entirety of alleged ██ Trade Secret No. 4, as the alleged trade secret includes more than "████████████." Specifically, Plaintiffs at least have not established that the development of ████████████ ████████████ ██████████████████" in order to ████████████ ████████████ Disputed because Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of fact. *See* Apple's Response to Plaintiffs' alleged SGDF No. 12; Exs. A-C ████████████ ████████████ ████████████ |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | ██████████████ ██████████████ ████ Ex. E at 60:12-62:9 (failing to describe the entirety of alleged ██ Trade Secret No. 4, and failing even to mention "████████ ████████"); Ex. F (same); Ex. 14 at 195:3-23, 243:1 245:9 (same); Madisetti Decl.; Ex. 15, ¶¶ 451-56 (describing only Masimo's research regarding the general idea of ████ ████ and failing to show possession of any of the alleged ██ trade secrets in their entirety or mention "████████████ ██████████████"). |
| 11 | ████████████ ████████████ ████████ ██████████ ██████████ ████████ Madisetti Decl.; Ex. 15 ¶¶513 (explaining development and | Immaterial, but disputed if found to be material. Immaterial because Plaintiffs do not show that Plaintiffs possessed the full scope of alleged ██ Trade Secret No. 5, or show that alleged ██ Trade Secret No. 5 is more than a general idea. |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     | notebooks), 515-17, 519; Ex. H at 133-136; Ex. I at - 679, -801; Ex. 29 at 327:423, 351:14-352:18. | Disputed as unsupported because Plaintiffs do not identify the language in any of their cited exhibits where Masimo engineers, ██████████████████ ██████████████ ██████████████ ████████████████ ██████████. For example, no language quoted in Ex. 15 ¶¶ 513-517, 519 ████████████████ ██████████████ ██████████████ ████████████████ ██████████████ ██████████████ ████████████████ ████████████████ ████████████████ ██████████████ ██████████████ ██████████████. As another example, Ex. I at -679 does |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     |                                                      | not mention ███. ███ ███ ███ ███." *Id.* at -801 ("███"). Ex. 29 at 327, 351:14-352:18, contain excerpts from Dr. Madisetti's deposition that do not show Plaintiffs possessed the entirety of the alleged trade secret. |
| 12  | ███ ███ ███ ███ ███ ███. Ex. 15 ¶¶513-14, 516, 519; Madisetti Decl.; Ex. 29 at 327:4-23, 351:14-352:18; Ex. I at -679, -708-709, - 723, -782-792, -801, -820, -858; 15 ¶519; Ex. GGGG at -259; Ex. HHHH at - 311; Exs. IIII-LLLL; Ex. MMMM at -866, -892; Ex. | Immaterial, but disputed if found to be material. Immaterial because Plaintiffs do not show that Plaintiffs possessed the full scope of alleged █ Trade Secret No. 5, or show that alleged █ Trade Secret No. 5 is more than an unprotectable general idea. Disputed because Plaintiffs do not identify the language in any of their cited exhibits where ███ ███ ███. For |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     | NNNN at -173; Ex. OOOO at -405-408; Exs. PPPP-YYYY. | example, no language quoted in Ex. 15 ¶¶ 513-517, 519 mentions ███████ ████████████████████████ █████████████████ As another example, Ex. I at -679 does not mention ████████████████████"; rather, it vaguely describes █████ ████████" *Id.* at -708-709, -723, -782-792, -801, -820, -858.  Ex. 29 at 327, 351:14-352:18 contains excerpts from ██████████ ██████████████████████ ██████████████████████ ████████████████████ ██████████████████████████ ████████████████████ ██████████████████████ ████████████████. *See also* Apple's Response to Plaintiffs alleged SGDF No.13 (addressing other listed exhibits). |
| 13  | Masimo derives economic value derives independent economic value | Immaterial, but disputed if found to be material. |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|  | from the problem described in ████ ████ Trade Secret No. 5 not being generally known in the industry or to the public.  Ex. MMM ¶¶42-47; Ex. 16, ¶¶646-778; Madisetti Decl. | Immaterial because Plaintiffs do not show they possessed the full scope of alleged ██ Trade Secret No. 5, or show that alleged ██ Trade Secret No. 5 is more than an unprotectable general idea. Apple also disputes this alleged fact. For example, Ex. MMM ¶¶ 42-47 shows light peaks, but does not describe or show any errors in physiological parameter calculations, compare any value of ██ Trade Secret No. 5 with any other source of accuracy in Masimo's products, or provide more than conclusory statements about Masimo's position in the industry. Ex. 16 ¶¶ 646-778, does not describe any economic value of ██ Trade Secret No. 5. |
| 14 | ████████████ ████████████ ██████████. Ex. N; Ex. LLL; Madisetti Decl.; Ex. 15. | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | scope of alleged ▮ Trade Secret No. 5, or show that alleged ▮ Trade Secret No. 5 is more than a general idea.<br><br>Apple also disputes this alleged fact. For example, Ex. N, Ex. LLL, and Ex. 15 do not describe or show Dr. Lamego exposing the full scope of ▮ Trade Secret No. 5 to Apple. |
| 15 | ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮. Ex. N; Ex. LLL; Madisetti Decl.; Ex. 15 . | Immaterial, but disputed if found to be material.<br><br>Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ▮ Trade Secret No. 5, or show that alleged ▮ Trade Secret No. 5 is more than an unprotectable general idea.<br><br>Apple also disputes this alleged fact. For example, Ex. N, Ex. LLL, and Ex. 15 do not describe or show Dr. Lamego exposing the full scope of ▮ Trade Secret No. 5 to Apple. |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| 16 | ██████████████████ ████████████ ██████████████████ ████████████ Exs. NNN at APL-MAS_00068767; OOO at APL-MAS_00068767; PPP at APL_MAS_00089512; Ex. QQQ at 77-110; Madisetti Decl.; Ex. 15 . | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ██ Trade Secret No. 5, or show that alleged ██ Trade Secret No. 5 is more than an unprotectable general idea. Apple also disputes this alleged fact. For example, Exs. NNN at APL-MAS_00068767, OOO at APL-MAS_00068767, PPP at APL_MAS_00089512, QQQ at 77-110, and 15 do not show that Apple implemented ██ Trade Secret No. 5. |
| 17 | ████████████████ ████████████████ ████████████████ ██████████████ . Ex. N; Ex. LL; Madisetti Decl.; Ex. 15 . | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ██ Trade Secret No. 5, or show that alleged ██ Trade Secret No. 5 is more than an unprotectable general idea. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
|  |  | Disputed that Apple and Masimo use the same solution to the problem described in ███████ Trade Secret No. 5.  *See*, *e.g.*, Apple's Response to Plaintiffs' Alleged GDMF Nos. 11-12; Ex. N; Ex. LL; Ex. 15. |
| 18 | ███████████ ██████ ████████████ ████████████ █████████ █████████ █████████ ███ Ex. N; Madisetti Decl.; Ex. 15 | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ██ Trade Secret No. 5, or show that alleged ██ Trade Secret No. 5 is more than an unprotectable general idea. Disputed because Masimo did not describe ███████████ ███████████ ███████████ █████████ ████████ ██████ *See*, *e.g.*, Apple's Response to Plaintiffs' Alleged |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
| | | GDMF Nos. 11-12; Ex. N; Ex. LL;; Ex. 15. |
| 19 | ███████████████ ███████████████ ███████████████ ████. Ex. O; Ex. 15 ¶597; Madisetti Decl. | Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of fact. *See* Apple's Response to Plaintiffs' Alleged SGDF Nos. 14-16 (addressing each of Plaintiffs' citations). |
| 20 | ███████████████ ███████████████ ███████████████ ██. Ex. O; Ex. 15 ¶¶597; Madisetti Decl.; Ex. 15 | Immaterial, but disputed if found to be material. Immaterial because whether Apple set forth a publication that reveals ██ Trade Secret Nos. 7, 8, and 10 is irrelevant to whether Plaintiffs possessed those secrets and whether ██ Trade Secret Nos. 7-8 are described with reasonable particularity. Disputed because Plaintiffs have failed to carry their burden of putting forward sufficient evidence |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | to support a genuine dispute of fact. *See* Apple's Response to Plaintiffs' alleged SGDF Nos. 14-16 (addressing each of Plaintiffs' citations); *see also* Ex. 19 ¶¶ 256-165, 174-184, 199-202 (Apple's expert explaining that ██ ████████████████████ ████████████████████ ████ |
| 21 | ████████████████ ████████████████ ██████████████ ███████████. Ex. RRR at -732; Ex. TTT at 270-280, 341-342, 350-356, 433-436; Exs. UUU-WWW; Madisetti Decl.; Ex. 15 ¶¶599-600 | Immaterial, but disputed if found to be material.<br><br>Immaterial because whether the techniques described in ██ Trade Secret Nos. 7, 8, or 10 came from Lamego is not material to show that alleged ██ Trade Secret Nos. 7, 8, or 10 is more than an unprotectable general idea or that Plaintiffs had possession.<br><br>Disputed because Plaintiffs have failed to support the alleged fact because none of the cited exhibits show Lamego disclosing the entirety |

APPLE'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
150
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
| | | of any of alleged ▆ Trade Secret Nos. 7, 8, or 10 to Apple.  *See* Ex. RRR at -732; Ex. TTT at 270-280, 341-342, 350-356, 433-436; Exs. UUU-WWW; Ex. 15 ¶¶ 599-600. |
| 22 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆. Ex. RRR at -732; Madisetti Decl.; Ex. 16 | Immaterial, but disputed if found to be material.  Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ▆ Trade Secret No. 7, or show that alleged ▆ Trade Secret No. 7, is more than an unprotectable general idea.  Disputed as unsupported.  Neither exhibit shows that Lamego indicated that ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆. *See* Ex. RRR at -732; Ex. 16 |
| 23 | ▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ | Immaterial, but disputed if found to be material.  Immaterial because it does not show that Plaintiffs possessed the full |

Wilmer Cutler Pickering Hale and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|  | ██████████████ ████████████ ████████ ███████████ ███. Madisetti Decl.; Ex. 16 ¶¶798-802. | scope of alleged █ Trade Secret No. 7, or show that alleged █ Trade Secret No. 7 is more than an unprotectable general idea. Disputed that "██████ ████████████ ████████████ ██████████ ███████████ ██████████ █████████ ████████████ ██████." *See* Ex. 19 ¶¶ 156-168. |
| 24 | ████████████ ███████████ ███████████ █████████████ █████████████. Exs. XXX-YYY; Madisetti Decl.; Ex. 15 ¶629; Ex. 16 ¶¶798-802. | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged █ Trade Secret No. 8, or show that alleged █ Trade Secret No. 8 is more than an unprotectable general idea. Unsupported because plaintiffs none of the citations show that Lamego "█████████████████ |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | ████████████████████ ████████████████ ███████████████ ████████████████ █████████████████ ████████████. *See* Exs. XXX-YYY; Madisetti Decl.; Ex. 15 ¶ 629; Ex. 16 ¶¶ 798-802; *see also* Ex. 19 ¶¶ 131-151. |
| 25 | ████████████████ ████████████████ █████████████ ███████████████. Ex. ZZZ at 834; Ex. WWW; Madisetti Decl.; Ex. 15 ¶630-31. | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged ██ Trade Secret No. 8, or show that alleged ██ Trade Secret No. 8 is more than an unprotectable general idea. Disputed as unsupported. ██████ ███████████████ ███████████████ ██████ Ex. ZZZ.  Plaintiffs also fail to explain how their citations demonstrate disclosure of |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | the entirety of █ Trade Secret No. 8. |
| 26 | ████████████ ██████████████ ██████████████ ██████.'' Ex. AAAA at -568; Madisetti Decl.; Ex. 15 . | Immaterial, but disputed if found to be material. Immaterial because it does not show that Plaintiffs possessed the full scope of alleged █ Trade Secret No. 8, or show that alleged █ Trade Secret No. 8 is more than an unprotectable general idea. Disputed as unsupported.  Plaintiffs cite to an internal Apple presentation ███████████ ████████████████████ ████████████████████ █████████. Ex. AAAA. |
| 27 | █████████████ ██████████████ █████████████ ██████████ Ex. DD at 268:272:4; Ex. P | ████████████████████ ██████████████████████ ████████████████████ ██████████████████████ █. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| 28 | ████████████ ████████████ ████████████ ████████████ Ex. EEEE. | Undisputed, but immaterial because the "████████ ██████" document does not show possession of the entirety of any of the alleged trade secrets.  For example, the document does not disclose ██████████ ██████████ ██████████ ██████████ ██████████ ████████. Ex. EEEE; Madisetti Rpt. ¶¶ 690-695; Warren Reb. Rpt. ¶¶ 339-361. |
| 29 | ████████████ ██████████ ████████████ ████████████ ██████████ | Undisputed, but immaterial because the ██████████ ██████████" does not show possession of the entirety of any of the alleged trade secrets. For example, the document does not disclose ██████████ ██████████ ██████████ ████████ |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | ██████████████████████████. Ex. Q; Madisetti Rpt. ¶¶ 693-695; Warren Reb. Rpt. ¶¶ 339-361. |
| 30 | ████████████ ████████████ ████████████ ████████████ ████████████ ████████ Madisetti Decl.; Ex. 15 ¶¶665, 671, 683-685, 687-688, 691, 694, 698-703, 712-714, 719, 724-725, 729, 734-735. | Disputed because Plaintiffs have failed to carry their burden of putting forward sufficient evidence to support a genuine dispute of a material fact. *See* Apple's response to Plaintiffs' SGDF No. 17. |
| 31 | ████████████████ ████████. Madisetti Decl. Ex. S at 160:8-23; 163:11-164:12; Ex. 15 ¶¶673-74 (citing Exs. Q, U at -791) V; *see also* Ex. FFFF ¶0010. | Immaterial because whether ████████████████ ██████████" in common parlance is irrelevant to whether the ████████████████ ████" within the context of alleged █ Trade Secret No. 4. Disputed because Plaintiffs have failed to show that the ████████ embodied the entirety of any alleged trade secrets, and thus, it cannot be a "████████████████" within |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | the context of alleged ▮ Trade Secret No. 4.  In particular, there is no evidence that the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮.  *See* Ex. U, MASA00079777 at 79791 (showing ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮); Ex. 19 ¶¶ 339-361.  Plaintiffs' expert does not even argue that the ▮▮▮▮▮▮▮ ▮▮▮▮  *See* Ex. 15 ¶¶ 718-722. |
| 32 | ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮.  Ex. S at 160:8-23, 163:11-164:12; Ex. 15 ¶¶673-74 (citing Exs. Q, U at -791), V; *see also* Ex. FFFF ¶0010. | Disputed because Plaintiffs have failed to show that ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮.  Ex. 19 ¶ 353; Ex. EEEE.  However, even if ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮, immaterial to the question of possession because Plaintiffs still |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     |                                                      | have not pointed to any evidence that the ▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ |
| 33  | Masimo developed and used its ▮▮▮▮▮ Trade Secrets  Palmatier Decl.; Ex. 20 ¶¶64-91, 255-68, 337-47, 429-37, 521-28; Exs. EE-FF; Ex. GG at 16-28, 3335, 37-39, 44-45, 60, 6567, 71-73, 76, 86-89, 37376; Ex. HH at -482-86; Ex. II at -252, -254; Ex. JJ at – 758-59; Ex. KK; Ex. LL; Ex. MM at -697; Ex. NN at -525; Ex. OO; Ex. PP; Ex. QQ at -311; Ex. RR at -915-16; Ex. SS at -298; Ex. TT at -234; Ex. UU; Ex. VV; Ex. WW at -559, -583-584; Ex. XX at -434. | Immaterial because whether Plaintiffs developed and used aspects of their alleged ▮▮▮▮▮ ▮▮▮▮▮ Trade Secrets is a separate question from whether Plaintiffs possessed the purported secrets in full.  Disputed in full because Plaintiffs have failed to show possession.  *See* Plaintiffs' alleged SGDF Nos. 22-33. |
| 34  | Apple's expert Kivitz admits that Masimo practices the ▮▮▮▮▮ ▮▮▮▮▮ Trade Secrets.  Ex. X ¶39; Ex. Y at 171, 174-175, 177, | Immaterial because whether Masimo "practices" aspects of the alleged ▮▮▮▮▮ trade secrets is irrelevant to Plaintiffs' possession of the alleged ▮▮▮▮▮ trade secrets at the |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | 179, 181, 182-83, 186, 188, 214-15; Ex. Z at 416. | time of the alleged misappropriation.  *See* Plaintiffs' alleged SGDF Nos. 22-33. Moreover, Plaintiffs cite evidence that is unrelated to whether Masimo practices or practiced any of the alleged ███ trade secrets.  *See, e.g.*, Ex. X ¶ 39 (Dr. Palmatier's rebuttal report, addressing Dr. Kivetz opinion that companies in a variety of industries have practiced the strategies in the alleged ███ trade secrets); Ex. Y at 171 (Dr. Kivetz testimony on vagueness of alleged trade secrets.  Finally, to the extent Plaintiffs must rely on Dr. Kivetz's testimony to establish possession, they cannot reasonably dispute his view that Plaintiffs publicly used the purported secrets in a way that rendered them generally known.  *See* Reply Br. 12-14. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
| 35 | ███████████ ██████████████ ██████████████ ██████████████ ██████ Ex. AA at 31:16-32:4, 34:8-11. | Irrelevant.  Whether Apple has internal documents it uses for planning marketing is irrelevant to the question of whether Plaintiffs' evidence shows their possession of the alleged trade secrets. |
| 36 | Masimo developed and used its ████████████ Trade Secrets. Palmatier Decl.; Ex. 20 ¶¶592-617; Ex. ZZ at -668, 670, 672-73; Ex. AAA at - 007; Ex. BBB at -900; Ex. CCC; Ex. DDD; Ex. EEE; Ex. FFF at -583; Ex. GGG at -935; Ex. HHH at -221, -225; Ex. III at -008; Ex. 10 at 326-329, 333-35; Ex. GG at 16-18; Ex. YY at 63-65, 71-73, 76-77, 79; Ex. ZZ at -668, 670, 67273; Ex. AAA at -007; Ex. BBB at -900; Ex. CCC; *see* Ex. 20 ¶¶604-09. | Immaterial because whether Plaintiffs developed and used aspects of their alleged ████████ ████████ Trade Secrets is a separate question from whether Plaintiffs possessed them in full. Disputed because Plaintiffs have failed to show possession.  *See* Plaintiffs' alleged SGDF Nos. 34-38.  Plaintiffs have also failed to provide pin cites for several multi-page exhibits.  *See, e.g.*, Ex. CCC; Ex. DDD; Ex. EEE. |
| 37 | ██████████████ ███████████ ██████████████ ██████████████ ██████4.  Ex. 10 at 333-34; Ex. WW | Disputed because Plaintiffs have failed to identify a genuine dispute of material fact.  Regardless of whether Masimo used ██████ ██████████████████ Plaintiffs |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|-------------------------------------------------------|------------------|
| | at -584; Palmatier Decl.; Ex. 20 ¶ 432 (citing Ex. WW (MASA002745550)). | have failed to provide evidence regarding when that use started. *See, e.g.*, Ex. 10 at 333-34 (testimony failing to establish when Masimo ███████████████ ██████████); Ex. WW at -584 (proposal dated June 18, 2020); Ex. 20 ¶ 432 (citing Ex. WW) (failing to establish when Masimo ████████ ███████████████████).  As a result, Plaintiffs cannot demonstrate possession of the alleged ██ Trade Secret No. 5 at the time of misappropriation.  *See* Reply Br. 14-16. |
| 38 | ███████████████████ ████████████████ ████████████ █████████████ █████████████ ███.  Ex. D at 219-220, 251-252. | This alleged fact is immaterial to the present motion, which does not challenge whether any of the purported secrets were generally known.  In any event, disputed because Plaintiffs mischaracterize Dr. Warren's testimony regarding his approach for—and the amount of time spent—searching existing |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|-----|------------------------------------------------------|------------------|
|     |                                                      | references.  *See* Ex. D at 220 (Warren testifying that it is fair to say he spent at least 100 hours, but "I can't commit to a number"); *id*. at 252-253 (disagreeing with Plaintiffs' counsel's assertion that he relied on "keyword searching" and explaining that "I read each of the alleged trade secrets, and then I searched for literature that I thought would be consistent with the spirit of the message in a given trade secret"). |
| 39  | ████████████████ ████████████████ ██████████. Ex. 10 at 168-169, 173-180; *see also* Ex. CCCC at -776. | Apple does not dispute that it met with Masimo to discuss Masimo's technology.  Disputed because the cited exhibits do not establish that Apple met with Masimo for the sole purpose of discussing "████████████ ████████████████  *See* Ex. 10 at 168-169, 173-180; *see also* Ex. CCCC at -776. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| 40 | ███████████████ ███████████████ ███████████. Ex. DDDD; Ex. CCCC at -778. Madisetti Decl.; Ex. 15. | ██████████████████████ ██████████████████ ████████████████ ██████████████████████ ████████████████ ██████████████████████ ██████████████████ ████████. *See* Ex. DDDD; Ex. CCCC at -778; Ex. 15. Apple notes that Ex. 15 is over 480 pages, and Plaintiffs have failed to provide a pin cite. |
| 41 | ███████████████ ████████████████ ██████████████ ██████████████████ ██████████████. Ex. 10 at 146-149, 157-159, 160, 165-166, 167; Ex. 12 at 290-291, 299-300; Ex. SSS ¶¶10-11, 13. | Plaintiffs' proposed fact is vague, misleading, and disputed as unsupported (including with respect to timing). ████████████ ██████████████████ ████████████████ ████████████. *See* Dkt. 1031 at 11-12.  Indeed, ████████ ██████████████████ ████████████████ ████████████ |

| No. | Plaintiffs' Alleged Genuinely Disputed Material Fact | Apple's Response |
|---|---|---|
| | | In any event, the evidence cited does not show that Plaintiffs developed and had a "████████ ████████████" at the time of the alleged misappropriation.  Ex. 10 at 146-149, 157-159, 160, 165-166, 167 (failing to show possession of a "████████████████ ████████" at the time of the alleged misappropriation); Ex. 12 at 290-291, 299-300 (same); Ex. SSS ¶¶ 10-11, 13 (same).  Thus, Plaintiffs could not have "████ ████████████████████ ██████████ |
| 42 | Masimo has evidence of module pricing and profit margins.  Ex. 10 at 160, 166-167; Ex. 12 at 299-300; Ex. T at -412. | Plaintiffs' proposed fact is vague, misleading, and unsupported.  None of Plaintiffs evidence shows "module pricing and profit margins" as of the time of the purported misappropriation.  Ex. 10 at 160, 166-167; Ex. 12 at 299-300.  In fact, Ex. T is simply Plaintiffs' 2022 10K Statement. |

Wilmer Cutler
Pickering Hale
and Dorr LLP

Dated:  January 23, 2023

Respectfully submitted,


MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
        Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*