Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING MASIMO'S RESPONSE TO APPLE'S SUPPLEMENTAL BRIEF REGARDING DISCOVERY ON AIRPODS ROYALTIES** |

1  Mark D. Kachner (Bar No. 234,192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal Masimo's Response to Apple's Supplemental Brief Regarding Discovery on AirPods Royalties (the "Application") and supporting exhibits.

Masimo requests the Court seal portions of Masimo's Response to Apple's Supplemental Brief Regarding Discovery on AirPods Royalties (the "Response"), and Exhibits 25 and 30-31 to the Declaration of Benjamin A. Katzenellenbogen in support of the Response. Masimo has provided a proposed redacted version of the Response.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

The Response discusses Masimo's trade secret. Loebbaka Decl. ¶ 4. That information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Masimo is a technology leader with leading performance due, in part, to its years-long

investment in its technical trade secrets. *Id.* If Masimo's trade secret was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this trade secret was disclosed. *Id.* The Response also describes technical details of Apple's AirPods development, which Apple has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.*

Exhibit 30 is an Apple expert report. *Id.* ¶ 6. Exhibit 31 is a deposition transcript of that expert. *Id.* Both Exhibits 30 and 31 discuss Masimo's trade secrets. *Id.* For the same reasons discussed above, Masimo would be harmed if its trade secrets were disclosed. *Id.*

Exhibits 30 and 31 also contain information Masimo understands that Apple has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.*¶7. Exhibit 25 is a deposition transcript of Apple witnesses, which Apple designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* ¶8. Masimo understands that Apple considers the information contained in Exhibits 25, 30, and 31 confidential. *Id.* ¶¶7-8.

Thus, Masimo respectfully requests that the Court seal the proposed redacted portions of the Response and Exhibits 25, 30, and 31 attached thereto.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 10, 2023

By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.