Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **MASIMO'S RESPONSE TO**<br>) **APPLE'S SUPPLEMENTAL BRIEF**<br>) **REGARDING DISCOVERY ON**<br>) **AIRPODS ROYALTIES**<br>)<br>) Date:      N/A<br>) Time:      N/A<br>) Location:   Courtroom 10C<br>)<br>)<br>) |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................1

II. APPLE'S "SUPPLEMENTAL BRIEF" IS PROCEDURALLY
    IMPROPER ....................................................................................2

    A.    Apple's Brief Is An Improper Motion For Reconsideration................2

        1.    Apple Fails to Satisfy Local Rule 7-18(a), (b), or (c)................3

        2.    Apple Improperly Repeats Its Prior Arguments ........................4

        3.    Apple's New Arguments Do Not Justify Reconsideration.........5

    B.    Apple's Brief Is Also An Improper Motion To Amend The
        Schedule ....................................................................................5

    C.    Apple's Brief Is Also An Improper Sur-Reply ....................................7

    D.    Apple Chose Not To Move For Summary Judgment On
        AirPods ......................................................................................7

III. APPLE'S ASSERTIONS ARE FALSE .........................................9

    A.    Apple Argues Based on False Assertions ..........................................9

        1.    Apple Represented To The Court That AirPods Merely
            Sense Proximity And Do Not ███████████
            ██████████ .................................................................10

        2.    Apple Testified That AirPods Do Not Rely On Proximity
            Sensing ..................................................................................10

        3.    Apple Engineers Testified AirPods ██████████
            ██████████ .................................................................12

        4.    Apple Fails To Distinguish Between AirPod Models .............13

        5.    Apple Filed A Patent On Its Skin Sensing Technology ..........13

    B.    Apple's Arguments are Legally Irrelevant.......................................14

    C.    Apple's Accusations Toward Masimo Are False ...............................14

        1.    Masimo Diligently Discovered And Disclosed Its
            Theories................................................................................15

        2.    Apple Misleads With The Parties' Emails..............................15

        3.     Apple Improperly Withheld Relevant Discovery ..................... 17

        4.     Masimo Did Not Limit The Scope of ██ ........................... 17

        5.     There Is No Need For Additional Discovery ........................... 18

IV. CONCLUSION ................................................................................. 18

# TABLE OF AUTHORITIES

**Page No(s).**

*American Can Co. v. Mansukhani,*
   742 F.2d 314 (7th Cir. 1984) ................................................................. 14

*Audionics Sys., Inc. v. AAMP of Fla., Inc.*,
   2015 WL 11201243 (C.D. Cal. Nov. 4, 2015).   ................................. 3

*Aventis Pharms S A v. Amphastare Pharmaceuticals, Inc.*,
   2005 WL 5957795 (C.D. Cal. Mar. 25, 2005) ............................... 3, 4

*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
   2018 WL 514923 (N.D. Cal. Jan. 23, 2018) ...................................... 14

*Broemer v. Fed. Bureau of Investigation*,
   2009 WL 10672574 (C.D. Cal. Aug. 31, 2009) ................................. 3

*Ellis v. Pennsylvania Higher Education Assistance Agency*, 2008 WL
   4351746, at *5 (C.D. Cal. Sept. 23, 2008) ........................................ 5

*Haitayan v. 7-Eleven, Inc.*,
   2020 WL 3213816 (C.D. Cal. May 18, 2020); ............................... 3, 5

*Henderson v. J.M. Smucker Co.*,
   2013 WL 12113446  (C.D. Cal. Nov. 20, 2013) ............................... 5

*In re Rhone-Poulenc Rorer, Inc.*,
   51 F.3d 1293 (7th Cir. 1995) ............................................................. 5

*InfoSpan, Inc. v. Emirates NBD Bank*,
   2015 WL 13404114 (C.D. Cal. Aug. 10, 2015).   ............................. 5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992). ........................................................... 6

*Ketab Corp. v. Mesriani Law Group*,
   2015 WL 2084469 (C.D. Cal. May 5, 2015) ..................................... 2

*Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*,
   2011 WL 940335 (C.D. Cal. Mar. 14, 2011) ..................................... 4

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
   318 F. Supp. 2d 968 (C.D. Cal. 2004).   ........................................... 2

*SkinMedica, Inc. v. Histogen Inc.*,
   869 F. Supp. 2d 1176 (S.D. Cal. 2012) ........................................... 14

# TABLE OF AUTHORITIES
### (*Cont'd*)

**Page No(s).**

*Speed Tech. Assocs. v. Adaptive Commc'n Sys.*, 1994 WL 449032, at *10
   (N.D. Cal. Aug. 16, 1994) ................................................................. 14

*Union Pac. R.R. Co. v. Coast Packing Co.*,
   236 F. Supp. 2d 1130 (C.D. Cal. 2002) ............................................ 3, 5

*Walker v. Life Ins. Co. Of the Sw.*,
   2018 WL 5892163 (C.D. Cal. Oct. 22, 2018) ...................................... 3

*Watanabe v. Home Depot USA, Inc.*,
   2003 WL 24272634 (C.D. Cal. Aug. 26, 2003) ................................... 4

### OTHER AUTHORITIES

Fed. R. Civ. P. 16 ............................................................................... 6, 15

L.R. 7-18 .................................................................................................. 3

# I.  **INTRODUCTION**

Apple's "Supplemental Brief" seeks reconsideration of the Court's Order granting AirPods discovery.  Apple also seeks bifurcation, continuance of the trial, and reopening of fact and expert discovery.  Apple filed no such motion.  Nor has Apple attempted to identify, much less satisfy, the legal requirements for any of those requests.  Indeed, Apple admits that it cites no authority whatsoever in its Supplemental Brief.

Apple's Supplemental Brief ignores the Court's holding that Apple withheld 175,000 pages of discovery—including the pages that revealed Apple's misappropriation of ███ in AirPods—until after the close of fact discovery.  Apple's assertion that Masimo delayed in bringing its misappropriation allegations is refuted by the Court's finding that Masimo was diligent.  Apple does not even address that finding, much less show that the Court should reconsider it.

Rather than address the standards for reconsideration, Apple rehashes arguments it already made.  For example, Apple argues the Court erred because Masimo cannot possibly establish misappropriation of ███ based on the AirPods because the AirPods do not calculate a ██████████████.  But Apple's own witnesses confirmed that the AirPods **do** satisfy that requirement.  They also confirmed that they obtained ███ from Lamego, during what Apple refers to as ██████████.  Regardless, the law expressly provides that Apple can still misappropriate Masimo's trade secrets by modifying them before use.  Nothing supports Apple's assertion that it is free to misappropriate Masimo's trade secrets by simply using them in a product other than the Apple Watch.

Apple claims it was surprised in January by Masimo's AirPods theory.  But Apple's own expert provided a responsive report on November 4, 2022, specifically addressing AirPods' misappropriation on ███.  Apple also deposed Masimo's expert on his analysis that Apple used ███ in developing the AirPods.  The Court should decline Apple's request to modify the Court's Order.

-1-

## II.  <u>APPLE'S "SUPPLEMENTAL BRIEF" IS PROCEDURALLY IMPROPER</u>

On February 3, 2023, the Court issued its Order granting Masimo's request for limited discovery on AirPods royalties.  *See* Dkt. 1109 (Apple's Ex. P).  At the hearing on February 6, 2023, Apple recognized that "Your Honor ruled that that was a final order and did not want to hear argument," but then Apple curiously added that "we certainly want to be respectful of Your Honor's *guidance* on that."  Ex. 24 at 47:13-15 (emphasis added).  Apple claimed that it had "concerns with the implications of this order *for the trial*."  *Id.* at 47:16-18.  The Court then allowed this filing.  But, rather than address how the Order will affect trial, Apple seeks reconsideration.

As explained below, the Court should reject Apple's request regardless of whether Apple's "Supplemental Brief" is treated as (i) a motion for reconsideration, (ii) a request to amend the Scheduling Order, or (iii) an untimely sur-reply after issuance of a final order.

### A.  <u>Apple's Brief Is An Improper Motion For Reconsideration</u>

Apple's Supplemental Brief asks this Court to "deny Plaintiffs' motion outright[.]"  Br. at 12:10; *see also id.* at 3:4 ("if this Court's order stands").  However, Apple does not cite—much less satisfy—the legal standards for seeking reconsideration.  Asserting the Court's decision was "simply wrong" is "not a permissible ground for reconsideration under Local Rule 7-18."  *Ketab Corp. v. Mesriani Law Group*, 2015 WL 2084469, at *3 (C.D. Cal. May 5, 2015).  Likewise, a motion for reconsideration "may not be made on the grounds that a party disagrees with the Court's application of legal precedent."  *See Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).  The Local Rules provide:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

L.R. 7-18.  Apple does not satisfy any of these requirements.  Instead, Apple improperly rehashes prior arguments and raises new arguments it chose not to pursue.

### 1.  <u>Apple Fails to Satisfy Local Rule 7-18(a), (b), or (c)</u>

Apple makes no attempt to identify ***any*** new facts or change in law that Apple could not have identified through reasonable diligence, or that emerged only after the Order was entered.  Similarly, Apple never attempts to identify ***any*** "material" change in fact or law.  Having failed to identify any new material facts or law, Apple cannot satisfy Local Rule 7-18(a) or (b).  *See Walker v. Life Ins. Co. Of the Sw.*, 2018 WL 5892163, at *3 (C.D. Cal. Oct. 22, 2018) (denying reconsideration because factual error was not "material"); *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1138 (C.D. Cal. 2002) (same).

Apple also has not identified a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  *See* Local Rule 7-18(c).  As this Court has explained, "[r]econsideration for manifest failure is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Walker*, 2018 WL 5892163, at *3 n.2 (internal quotation omitted); *see also Audionics Sys., Inc. v. AAMP of Fla., Inc.*, 2015 WL 11201243, at *13 (C.D. Cal. Nov. 4, 2015).  Apple's "mere disagreement with the court's application of law to facts is not a manifest showing of a failure to consider material facts by the court."  *Haitayan v. 7-Eleven, Inc.*, 2020 WL 3213816, at *2 (C.D. Cal. May 18, 2020); *Aventis Pharms SA v. Amphstar Pharm., Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) ("[W]hile [defendant] may disagree with the court's application of the facts to the law, there is not a 'manifest showing of a failure to consider material facts' by the court."); *Broemer v.*

-3-
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   *Fed. Bureau of Investigation*, 2009 WL 10672574, at *3 (C.D. Cal. Aug. 31, 2009) ("no

2   manifest showing that the court failed to consider material facts").

3   **2.  Apple Improperly Repeats Its Prior Arguments**

4   Apple also improperly repeats prior arguments. *See* L.R. 7-18 ("No motion for

5   reconsideration shall in any manner repeat any oral or written argument made in support

6   of or in opposition to the original motion.")  For example, Apple's Supplemental Brief

7   repeats the following arguments from Apple's Opposition:

8   • Masimo purportedly knew AirPods used ▮▮▮ based on the June 2022 Fu

9   deposition. *Compare* Dkt. 1224 at 7-8 *with* Dkt. 1278-1 at 9-10;

10   • Masimo purportedly did not mention "AirPods" in discovery requests or

11   responses before close of fact discovery. *Compare* Dkt. 1224 at 1-2, 10 *with*

12   Dkt. 1278-1 at 3-4;

13   • Masimo disclosed the "AirPods" liability theory in a supposedly "belated"

14   November 2022 supplemental expert report. *Compare* Dkt. 1224 at 6 *with*

15   Dkt. 1278-1 at 5;

16   • Masimo purportedly refused to explain its contentions in a November 2022

17   email exchange, and did so for the first time in January 2023. *Compare* Dkt.

18   1224 at 6 *with* Dkt. 1278-1 at 6-8; and

19   • AirPods supposedly do not make ▮▮▮▮▮▮▮▮▮▮ *Compare*

20   Dkt. 1224 at 11 *with* Dkt. 1278-1 at 9-11.

21   Courts routinely reject similar requests for reconsideration where a party makes

22   the same arguments it made in the underlying motion. *See Kinetics Noise Control, Inc.*

23   *v. ECORE Int'l, Inc.*, 2011 WL 940335, at *3 (C.D. Cal. Mar. 14, 2011) (denying

24   reconsideration where plaintiff "recites the arguments that [it] made in response to

25   Defendant's Motion to Dismiss"); *Watanabe v. Home Depot USA, Inc.*, 2003 WL

26   24272634, at *2 (C.D. Cal. Aug. 26, 2003) ("In the present matter, Defendant improperly

27   argues the exact same points it raised in its previously filed Motion for Summary

28   Judgment"); *Aventis Pharms S A*, 2005 WL 5957795, at *2 (defendant "does exactly

-4-

what Local Rule 7-18 prohibits[,] repeating arguments made in its original opposition"); *Henderson v. J.M. Smucker Co.*,, 2013 WL 12113446, at *3 (C.D. Cal. Nov. 20, 2013) (finding arguments "improper because they were previously raised").

Apple merely "remind[s] the Court of the evidence before it on" Masimo's prior motion. *Ellis v. Pennsylvania Higher Education Assistance Agency*, 2008 WL 4351746, at *5 (C.D. Cal. Sept. 23, 2008). Thus, Apple's request is improper.

### 3.   Apple's New Arguments Do Not Justify Reconsideration

Even if some of Apple's arguments were new, Apple could not satisfy Local Rule 7-18 by presenting "argument[s] which [it] clearly could have made earlier, but did not." *Union Pac. R.R. Co.*, 236 F. Supp. 2d at 1137-38; *InfoSpan, Inc. v. Emirates NBD Bank*, 2015 WL 13404114, at *3 (C.D. Cal. Aug. 10, 2015). Apple seeks a variety of alternative relief that it never sought in its Opposition. For example, Apple asks the Court to bifurcate trial of Apple's misappropriation of ███ (not merely use of ███ in AirPods) or continue the trial, reopen fact and expert discovery, and reopen summary judgment. Br. at 3:6-17, 11:16-17.[1]

Apple could have raised any of these proposals in its Opposition. Apple chose not to. Instead, Apple made a tactical decision to oppose Masimo's motion without offering any alternative or potential compromise. Having now lost the motion, Apple cannot use a supplemental filing to ask the Court to consider new proposals that Apple could have presented earlier. "Reconsideration is not a second bite at the apple." *Haitayan v. 7-Eleven, Inc.*, 2020 WL 3213816, at *2 (C.D. Cal. May 18, 2020).

### B.   Apple's Brief Is Also An Improper Motion To Amend The Schedule

Apple's Supplemental Brief asks the Court to bifurcate trial of Apple's misappropriation of ███ (not merely use in AirPods) or continue the trial, reopen fact

---

[1] Bifurcating Masimo's claims as Apple proposes may violate Masimo's Seventh Amendment rights under the Reexamination Clause. *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302-03 (7th Cir. 1995) ("The right to a jury trial in federal civil cases, conferred by the Seventh Amendment, is a right to have juriable issues determined by the first jury impaneled to hear them…and not reexamined by another finder of fact.").

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    and expert discovery, and reopen summary judgment.  Br. at 3:6-17, 11:16-17.

2         Any of this relief would first require amending the Scheduling Order.  But Apple

3    does not mention, much less satisfy, the standard for amending the schedule.

4    Specifically, Apple would have to show "good cause" for relief from the scheduling

5    order.  Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the

6    diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*,

7    975 F.2d 604, 609 (9th Cir. 1992).  Good cause requires showing that the scheduling

8    deadline could not "reasonably be met despite the diligence of the party seeking the

9    extension." *Id*.  Apple does not and cannot make any such showing.

10        For example, Apple fails to explain why it could not have included its AirPods

11   arguments in its recent summary judgment motion.  In that motion, Apple argued it was

12   not liable for misappropriating ▮▮▮ because (1) Masimo failed to establish

13   possession/ownership and (2) ▮▮▮ claims a general idea.  Dkt. 1083 at 6-8, 16-19.  After

14   Apple reviewed the Court's order granting AirPods discovery, reviewed the tentative

15   order rejecting both of Apple's summary-judgment arguments regarding ▮▮▮, and

16   listened to the Court's reaction to oral argument, Apple pivoted to arguing that the "only

17   just alternative" is to upend the case schedule.  Br. at 11.  That is the opposite of

18   diligence.  Nor does Apple establish good cause for filing a third summary judgment

19   motion.  *See* Dkt. 524 and 1083; *see also* Dkt. 606 ("The Court cautions that it will not

20   consider more than one summary judgment per side absent prior application and

21   approval by the Court at least seven days in advance of the filing date.").

22        Apple also fails to show diligence in seeking to "reopen fact and expert

23   discovery."  Br. at 11.  Apple does not even acknowledge the impact of its decision to

24   withhold over 175,000 documents until after the close of discovery.  Nor is there any

25   need to reopen fact or expert discovery.  Apple is in full possession of all information

26   relevant to the design and development of its AirPods.  Moreover, its expert, Warren,

27   already offered rebuttal opinions addressing ▮▮▮ with respect to AirPods on November

28   4, 2022.  Ex. 30 at ¶¶171 ("Dr. Madisetti's November 2, 2022 Supplemental Report

-6-
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

addressing Dr. Zheng's deposition testimony does not impact my analysis above"), 181 ("In his November 2, 2022 Supplemental Report, Dr. Madisetti cites to Dr. Zheng's deposition testimony to assert that Apple is using this alleged trade secret 'in the ███████ ██████'" and "[m]y analysis above applies equally to ████████████████ ████████████████ 184.

Warren further reserved the right to supplement his report to address additional evidence or the "Supplemental Report of Dr. Madisetti." *Id.* at ¶732. On November 12, 2022, Warren served a supplement, but did not add additional opinions regarding ███ AirPods, or the Madisetti Supplemental Report.

**C.**   **Apple's Brief Is Also An Improper Sur-Reply**

To the extent Apple's Supplemental Brief is merely a sur-reply, it is irrelevant because the Court already issued its final Order.  As discussed above, Apple presents a mixture of arguments it already presented in opposition to the underlying Motion and arguments Apple could have but chose not to raise earlier.  Neither would be a proper basis for a sur-reply.  Apple does not assert that Masimo raised new arguments in its Reply, or that the Court granted the Motion based on grounds not raised in the briefing. Apple simply expresses its unhappiness with having lost as a result of its own decision to withhold 175,000 pages until after the close of fact discovery.

**D.**   **Apple Chose Not To Move For Summary Judgment On AirPods**

Dr. Madisetti provided his supplemental report on November 2, 2022, addressing AirPods' misappropriation of ███ Ex. 20.  He explained that ███████████ ████████████████████████████████████████████████████████ ██████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ███████████████████

4 *Id.* at 8, 2 ████████████████████ (internal citation omitted).

5     He also summarized his explanation from his September 23, 2022, expert report

6 that █████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████

9 █████████████████

10     Apple's expert, Warren, provided his rebuttal report on November 4, 2022.  Ex.

11 30 at 383.  Warren responded to Madisetti's supplemental report, including ██████

12 ████

13 ████   *Id.* at ¶184.  Warren opined that Apple's documents and testimony identified

14 by Madisetti "does not establish that Apple ███████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ██████████   *Id.*

22     But in his December 9, 2022, deposition, Warren admitted that █████████

23 ███████████████████████████████   Ex. 31 at 672:5-8 ███

24 ████████████████████████████████████████████

25 ████████████████████████████████████████████

26 Apple's senior manager of sensing hardware, Brian Land, also testified that the ██████

27 ████████████████████████████████████████████

28 ██████████████████   Ex. 25 at 170:9-172:21.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Consistent with those factual disputes, Apple elected not to challenge Madisetti's supplemental opinions via summary judgment, motion to strike, or *Daubert*—even though the deadlines for such motions were months after Apple served Warren's report responding to Madisetti's supplemental opinions.  Apple now argues that Masimo lacks sufficient evidence to establish AirPods use ████  But if that were the case, then Apple could have sought summary judgment under *Celotex*, as it did on numerous other issues.  Apple did not.  Apple now requests a mulligan to present untimely motions regarding AirPods liability.  But Warren's November 4 rebuttal report belies Apple's new attempt to feign surprise that Madisetti addressed AirPods' misappropriation.

Apple also asserts that "Plaintiffs have argued that Apple has somehow 'waived' the right to challenge their belated AirPods liability theory[.]"  Br. at 10.  Plaintiffs said no such thing.  Masimo simply pointed out that Apple declined to challenge liability via summary judgment, *Daubert*, or motion to strike, by the respective deadlines.  Those issues will now go to the jury.  That is consistent with Apple's acknowledgment that whether the AirPods use ████ is a question for the jury.  *See* Ex. L at 1.

### III.  APPLE'S ASSERTIONS ARE FALSE

The Court may also reject Apple's arguments because Apple's representations and assertions are inaccurate.

### A.  Apple Argues Based on False Assertions

The major premise of Apple's arguments is that "Plaintiffs' briefing repeatedly (and misleading) implied that discovery has yielded sufficient evidence for Plaintiffs to permissibly argue liability in front of the jury."  Br. at 9:2-4.  There was nothing "misleading" about Masimo's briefing, and Masimo did not "imply" it has sufficient evidence to prove misappropriation—Masimo expressly stated it.  That is why Masimo did not seek additional discovery regarding liability and sought discovery regarding reasonable royalty only.

Apple's Supplemental Brief asserts that "there is not even a remotely colorable theory of liability that would connect AirPods to Plaintiffs' alleged trade secrets."  Br.

-9-

at 1:12-13; *id.* at 2:6-7 ("Plaintiffs failed to properly disclose any colorable **liability** theory for the AirPods, nor could they have."). Apple's assertions are false.[2]

### 1.   Apple Represented To The Court That AirPods Merely Sense Proximity And Do Not ██████████████████████

Apple asserts two deficiencies in Masimo's arguments. First, Apple argues that AirPods merely perform an old technology called "proximity sensing." Second, Apple argues that AirPods do not perform ████████████████ Apple made these assertions at the recent hearing and repeated them in its Supplemental Brief.

Apple represented to the Court that Apple's AirPods use an old technology called "proximity sensing." Hr. Tr. at 49:2-3 ████████████████████████████████ ████████████████████████████████

Apple also represented that there is no "colorable theory" under which Apple's AirPods make any ████████████████. *Id.* at 48:11-14; *id.* at 49:4-7 ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████

Apple makes the same inaccurate assertions in its Supplemental Brief. *See* Br. at 2:7-10 ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ Masimo explains below that the testimony of multiple Apple witnesses repudiates Apple's assertions.

### 2.   Apple Testified That AirPods Do Not Rely On Proximity Sensing

Apple's own documents and testimony refute Apple's representations that

---

[2] If Masimo's evidence were so clearly insufficient that no jury could possibly find misappropriation, Apple presumably would not try to reopen discovery to potentially allow Masimo to cure the alleged deficiencies.

-10-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

AirPods use only "proximity sensing."   Apple documents, including the slide below, establish that the ███████████████████████████████████████████████████████████ ███████████████████████████████████



Ex. 17, p.160 (highlighting added).

Apple designated Land as its Rule 30(b)(6) designee regarding the design and development of Apple's products as it relates to Apple's defense of independent conception and development.   Ex. 25 at 41:15-42:1.   He repeatedly stated that the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████   ████████████████████████████████████████████   Thus, Apple had no basis for representing that the current generation of AirPods use only old-fashioned "proximity sensing."

**3.**   **Apple Engineers Testified AirPods** ███████████████

███████████████

Apple's Senior Director of Human Interface Device Software, Mr. Fu, admitted that AirPods measure a ████████████████ Ex. 19 at 49:15-51:6.  Apple tries to downplay this testimony by characterizing it as "a passing comment" and asserting that Masimo ignores "the context of the that statement." Br. 9:22-23.  The relevant exchange is below:

████████████████████████████████████

████████████████████████████████████

████████████████████

███████████████████████

██████████████████

██████████████████████████████

████████████████████

████████████████████

Ex. 19 at 49:15-51:6.

Mr. Fu's testimony that AirPods ██████████████████ is further supported by Land's testimony (on behalf of Apple) that AirPods ████████████ ████████████ and the opinions of Masimo's expert.  Ex. 25 at 170:19-172:21.

### 4. **Apple Fails To Distinguish Between AirPod Models**

Apple asserts that, "[s]ince they were introduced six years ago, AirPods have used a 'proximity sensor' to determine if either earpiece is in the user's ear, which allows the AirPods to automatically turn off or on as needed." Br. at 4:25-27. As discussed above, that is not accurate. Indeed, Apple's own website discloses that AirPods (Third Generation) and AirPods Pro (Second Generation) have a "Skin detect sensor" while earlier version merely have "Dual optical sensors." Ex. 26. An image from Apple's website is below.



*Id.* (highlighting added); *see also* Exs. 27 (2021 press release announcing "new skin-detect sensor), 28 ("2022 press release announcing "improved, built-in skin-detect sensor").

Indeed, Apple admits that, while "[t]he proximity sensor was prominently featured in the original marketing for the AirPods," Apple issued a press release in October 2021 describing AirPods' new "skin-detect sensor." Br. at 4:27-5:4. Apple misappropriated Masimo's ███ trade secret in developing this new skin detection sensor. Thus, Apple's references to old "proximity sensing" are irrelevant.

### 5. **Apple Filed A Patent On Its Skin Sensing Technology**

Apple's own patent filings confirm Apple's skin sensing technology in the AirPods is different than traditional "proximity sensing." In 2021, Apple filed a patent application for "Electronic Devices with Skin Sensors." Ex. 29. The Abstract recites

-13-

"[a] wearable electronic device such as an earbud, wristwatch, or other device may be provided with a skin sensor" that uses "optical measurements to detect the presence of skin" and may have "first and second light-emitting devices … that emit light as respective first and second infrared light wavelengths." *Id.* Apple would not seek patent protection on old "proximity sensing" technology.

**B.** **Apple's Arguments are Legally Irrelevant**

Apple argues it is free to misappropriate ▮▮▮ as long as Apple uses it in a slightly different context. That is not the law. In *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176 (S.D. Cal. 2012), the court rejected the defendant's argument that it did not misappropriate the trade secrets "because it does not use several of the claimed elements." *Id.* at 1197. The Court explained "this argument misunderstands the law on this point" because "information may be improperly 'used' in that it is unlawfully acquired ***and then built upon or modified before being disclosed or benefit derived***." *Id.* (emphasis added); *see also BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 514923, at *9 (N.D. Cal. Jan. 23, 2018) (a reasonable jury could find misappropriation based on defendants' use of a technique "closely resembling" plaintiff's technology); *Speed Tech. Assocs. v. Adaptive Commc'n Sys.*, 1994 WL 449032, at *10 (N.D. Cal. Aug. 16, 1994) (finding trade secret misappropriation based on derivation from the trade secrets); *American Can Co. v. Mansukhani*, 742 F.2d 314, 328-29 (7th Cir. 1984) ("[A] party may not use another's trade secret, even with independent improvements or modifications, so long as the product or process is substantially derived from the trade secret. . . . If the law were not flexible enough to reach such modifications, trade secret protection would be quite hollow.").

**C.** **Apple's Accusations Toward Masimo Are False**

Apple's Supplemental Brief also makes various accusations that ignore Apple created the present dispute by improperly withholding throughout fact discovery critical information showing AirPods use ▮▮▮ The Court already determined that Masimo diligently developed and disclosed its theories regarding AirPods' use of ▮▮ after

-14-

Apple produced 175,000 pages after the close of fact discovery. Order [Dkt. 1267] at 4-5. Instead of acknowledging its own wrongdoing, Apple falsely accuses Masimo of delay. Masimo responds to Apple's false accusation below.

### 1.   **Masimo Diligently Discovered And Disclosed Its Theories**

Apple complains that Masimo did not supplement its response to Interrogatory No. 10 (regarding Apple's misappropriation) to identify that AirPods use ███ *See* Br. at 4:5-8. But the Court specifically found that "Plaintiffs were diligent" in view "Apple's 175,000 page production following the close of fact discovery." Dkt. 1109 at 4. Moreover, Rule 26(e) expressly states that there is no obligation to supplement discovery responses where the information has "otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Masimo made its contention that AirPods misappropriate ███ known to Apple "in writing" via Dr. Madisetti's Supplemental Report. Thus, there was no need to supplement the interrogatory response to include the same information. Indeed, neither party supplemented interrogatory responses to incorporate the contents of their expert reports.

### 2.   **Apple Misleads With The Parties' Emails**

Apple complains about how long it took Masimo to respond to a question in an email, but Apple ignores the context of the parties' discussions and improperly splices together two separate email threads.

Apple cites a November 2022 email thread that were addressing Masimo's request that Apple produce ██████████████████████████████████

-15-



1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4        In an unrelated email thread that started more than a month later, Masimo wrote

5 to Apple on December 29, 2022 to discuss financial discovery regarding AirPods.  Ex.

6 L.  Masimo explained ▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮  *Id.*  Masimo stated that, if Apple did not agree, the parties needed to meet

14 and confer.  *Id.*

15       The parties conferred on January 2, 2023.  The next day, as part of thread

16 regarding AirPods discovery, Apple reiterated its ▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮  *Id.*, p.1; *see also* Br. 8:19.  Apple also disputed

18 Madisetti's opinions regarding AirPods:

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮

23 Br. 8:20-21.  Apple demanded that Masimo drop its request ▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮  *Id.* 8:22-23.

26       Significantly, the emails between Apple and Masimo in early January show at a

27 minimum that Apple knew Masimo's position was that the question of whether the

28 AirPods use ▮▮▮▮▮▮▮▮▮ would have to be a question for the jury.  Compare

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Apple email Jan. 3 with Masimo email Jan. 9 (Supp. Br. at 8).  Those are also the same
2  emails leading to the meet and confer on Masimo's motion for AirPods remedy
3  discovery.  Apple waited to see whether its pending summary judgment motion on ██
4  ██ would be granted.
5         Masimo's email also referenced Madisetti's Supplemental Report and Mr. Fu's
6  testimony.  Br. 8:7-9.  Masimo also pointed out that, contrary to Apple's accusation,
7  ████████████████████████████████████████████████  *Id*.
8  8:9-10.  Thus, Apple's accusation that Masimo did not identify the basis for arguing
9  AirPods use ████ until January 2023 is false and based on selective citations from
10 separate email chains.  *Compare* Exhs. K & L *with* Br. at 7 & 8.

11        **3.**   **Apple Improperly Withheld Relevant Discovery**

12        Apple admits that Masimo "served broad discovery requests seeking information
13 on products beyond Watch," but "Apple declined to produce [the requested documents]
14 on the grounds that non-Watch products were irrelevant."  Br. at 3:27-4:2.  Thus, rather
15 than produce documents regarding other products, and allow Masimo and its expert to
16 determine whether they evidenced use of Masimo's trade secrets, Apple engaged in self-
17 help and unilaterally withhold documents based on representing that Apple's other
18 products did not use any trade secrets.  Apple cannot blame Masimo for the falsity of
19 Apple's representation.   Nor can Apple blame Masimo for not realizing Apple
20 misrepresented the relevance of other products until Apple produced the 175,000
21 documents after the close of fact discovery.

22        **4.**   **Masimo Did Not Limit The Scope of** ████

23        Apple also asserts that Masimo urged Apple to respond to discovery requests
24 using a definition of ████████████████████████████████
25 ████████████████████████████  Br. at 4:9-17.  That is irrelevant and false.  It is
26 irrelevant because ████████████████████████████████████
27 ████████  It is false because Apple cites to a discovery letter where Masimo tried to
28 resolve a dispute by suggesting Apple use *Apple's* proposed definition of ████████

-17-
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    ████████████████████████████████████████████████

2    ██████████████ (emphasis added)).  Masimo never suggested Masimo thought the term,

3    much  less  ████████████████████████████████████████████

4    ██████████

5         **5.      There Is No Need For Additional Discovery**

6         Apple argued that "there would be a whole new dimension to discovery needing

7    to be done on proximity sensing which, again, has been a very old technology."  Hr. Tr.

8    at 49:22-24.  Apple is wrong.  As discussed above, Masimo is not accusing "proximity

9    sensing."     Accordingly, Apple does not require additional discovery regarding

10   "proximity sensing."

11        Apple argues that it "took no written or deposition-based discovery related to

12   AirPods."  Br. at 5:11-12.  Apple needs no discovery regarding the technical functioning

13   of the AirPods or the  ████████████  because that information is exclusively within

14   Apple's possession.

15        Apple argues that it has not "identified the engineers or other personnel who could

16   serve as witnesses to explain why any suggestion that the product implicates Plaintiffs'

17   trade secrets is meritless."   Br. at 5:12-14.   But Apple already served Warren's

18   November 4, 2022 rebuttal report addressing AirPods' misappropriation of ████  Apple

19   fails to explain why it could not have identified its own employees that supported

20   Warren's rebuttal.

21                                **IV. CONCLUSION**

22        Apple was granted leave to address its concerns with the implications for trial of

23   the Court's order granting Masimo modest discovery regarding AirPods royalties.

24   Apple's attempt to use its Supplemental Brief to instead seek reconsideration, modify

25   the scheduling order, and upend the trial schedule should be denied.

26   / / /

27   / / /

28   / / /

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: February 10, 2023          By: */s/ Benjamin A. Katzenellenbogen*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

-19-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 5,521 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: _February 10, 2023_          By: _/s/ Benjamin A. Katzenellenbogen_

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Baraa Kahf
Adam B. Powell
Daniel P. Hughes
Justin J. Gillett

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

56982328

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY