Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **APPLICATION TO FILE UNDER**<br>) **SEAL DOCUMENTS REGARDING**<br>) **PLAINTIFFS' MOTION *IN LIMINE***<br>) **TO EXCLUDE EVIDENCE OR**<br>) **ARGUMENT ABOUT PLAINTIFFS'**<br>) **ATTORNEYS' INVOLVEMENT IN**<br>) **THIS CASE**<br>)<br>) Date:        March 13, 2023<br>) Time:        1:30 p.m.<br>) Location:   Courtroom 10C |

1   Mark D. Kachner (Bar No. 234,192)
    mark.kachner@knobbe.com
2   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
    1925 Century Park East, Suite 600
3   Los Angeles, CA 90067
    Telephone: (310) 551-3450
4   Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Motion *in Limine* to Exclude Evidence or Argument about Plaintiffs' Attorneys' Involvement in this Case ("Motion").  Masimo requests the Court seal Exhibits 1-3 to the Declaration of Mark D. Kachner in support of the Motion.

## I.   LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.   ARGUMENT

The information that Maismo seeks to seal contains information that one or both of the parties consider confidential.

Exhibit 1 is excerpts of the November 4, 2022 Rebuttal Expert Report of Majid Sarrafzadeh, Ph.D.   These excerpts discuss Masimo's confidential trade secret information.   Kachner Decl. ¶ 5.   This information is confidential and valuable to Masimo in part because of its confidentiality. *Id*. Publishing this information would

disclose techniques that Masimo considers valuable and important.  *Id*.  The release of this confidential information would cause significant harm to Masimo's business. *Id*.

Exhibit 2 is excerpts of the November 17, 2022 Rebuttal Expert Report of Ran Kivetz, Ph.D.  *Id*. ¶ 6.  These excerpts discuss Masimo's confidential trade secret information.  *Id*. This information is confidential and valuable to Masimo in part because of its confidentiality. *Id*. Publishing this information would disclose techniques that Masimo considers valuable and important. *Id*. The release of this confidential information would cause significant harm to Masimo's business. *Id*.

Exhibit 3 is excerpts of the December 22, 2022 deposition transcript of Ran Kivetz, Ph.D.  *Id*. ¶ 7.  Masimo requests the Court seal this document based on Apple's confidentiality designation. *Id*.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id*. at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III.   CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Exhibits 1-3 attached to the Declaration of Mark D. Kachner.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 13, 2023          By: */s/ Mark D. Kachner*
　　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　　　　Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.