MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE NO. 1: PRECLUDE REFERENCES TO OTHER LITIGATIONS AND PROCEEDINGS**<br><br>Date: Mar. 13, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# INTRODUCTION

Courts routinely grant motions in limine to preclude parties from referring to the existence or outcome of, and evidence or argument from, other litigations and collateral administrative proceedings. Such references impair the jury's ability to bring its own independent perspective to the issues in dispute and muddle the issues at trial with irrelevant and unfairly prejudicial evidence. Permitting references to other litigations and proceedings also wastes trial time and can give rise to "trial within a trial" problems, as parties are required to put on otherwise-irrelevant evidence to contextualize the snippets of other proceedings introduced by the opposing party. To prevent such problems, Apple respectfully requests that the Court exclude all references to the existence of and evidence, testimony, and argument from other litigations and administrative proceedings.[1]

# ARGUMENT

Evidence is relevant, and therefore may be admissible, if it both "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible" for any purpose, Fed. R. Evid. 402, and even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403.

Hearsay evidence is also inadmissible, unless a federal statute, a provision of the Federal Rules of Evidence, or another rule promulgated by the Supreme Court provides otherwise. Fed. R. Evid. 802. Therefore, "[a]s a general rule, a party is prohibited from

---

[1] The need for clear rules is critical here given Plaintiffs' history. Specifically, Plaintiffs' lead counsel at Knobbe Martens has previously committed what a district court judge described as "attorney misconduct" by violating a standing order barring references to Masimo's trade secret litigation against another company. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 2015 WL 2379485, at *13 (D. Del. May 18, 2015).

introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015).

## I. REFERENCES TO THE EXISTENCE OR OUTCOMES OF, OR EVIDENCE OR ARGUMENT FROM, OTHER LITIGATION SHOULD BE EXCLUDED

Courts, including this one, routinely preclude evidence of other litigations and administrative proceedings as irrelevant, hearsay, and unduly prejudicial. *See, e.g.*, *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (Selna, J.) (excluding "evidence of prior litigation" under FRE 401, 801, and 403); *see also, e.g.*, *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6-7 (E.D. Tex. Feb. 26, 2021); *Grace v. Apple Inc.*, 2020 WL 227404, at *1-2 (N.D. Cal. Jan. 15, 2020); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations under, *inter alia*, FRE 402, 403, and 802, because such evidence is "likely to result in unfair prejudice, confusion and undue delay"). The same basic approach should be followed in this litigation—the parties should be precluded under FRE 402, 403, and 802 from referring to or presenting any evidence or argument regarding or from other litigations or collateral administrative proceedings.

First, any prior ruling from another case would be irrelevant within the meaning of FRE 402, as it "will shed no light on any issue in this case." *Ohio House*, 2022 WL 2189541, at *2. The outcome of another case does not make it any more or less likely that the purported trade secrets had value from not being generally known or readily ascertainable, that Plaintiffs possessed and owned them, that Plaintiffs employed reasonable efforts to maintain their confidentiality, that Apple misappropriated them, or that Plaintiffs' employees should have been listed as co-inventors on certain patents. Nor would any evidence concerning the other litigations or collateral proceedings be relevant to any other material factual dispute that will come before the jury.

introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015).

## I. REFERENCES TO THE EXISTENCE OR OUTCOMES OF, OR EVIDENCE OR ARGUMENT FROM, OTHER LITIGATION SHOULD BE EXCLUDED

Courts, including this one, routinely preclude evidence of other litigations and administrative proceedings as irrelevant, hearsay, and unduly prejudicial. *See, e.g.*, *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (Selna, J.) (excluding "evidence of prior litigation" under FRE 401, 801, and 403); *see also, e.g.*, *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6-7 (E.D. Tex. Feb. 26, 2021); *Grace v. Apple Inc.*, 2020 WL 227404, at *1-2 (N.D. Cal. Jan. 15, 2020); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations under, *inter alia*, FRE 402, 403, and 802, because such evidence is "likely to result in unfair prejudice, confusion and undue delay"). The same basic approach should be followed in this litigation—the parties should be precluded under FRE 402, 403, and 802 from referring to or presenting any evidence or argument regarding or from other litigations or collateral administrative proceedings.

First, any prior ruling from another case would be irrelevant within the meaning of FRE 402, as it "will shed no light on any issue in this case." *Ohio House*, 2022 WL 2189541, at *2. The outcome of another case does not make it any more or less likely that the purported trade secrets had value from not being generally known or readily ascertainable, that Plaintiffs possessed and owned them, that Plaintiffs employed reasonable efforts to maintain their confidentiality, that Apple misappropriated them, or that Plaintiffs' employees should have been listed as co-inventors on certain patents. Nor would any evidence concerning the other litigations or collateral proceedings be relevant to any other material factual dispute that will come before the jury.

APPLE'S MOTION IN LIMINE NO. 1: OTHER LITIGATIONS AND PROCEEDINGS — 2 — CASE NO. 8:20-cv-00048-JVS (JDEx)

introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015).

## I. REFERENCES TO THE EXISTENCE OR OUTCOMES OF, OR EVIDENCE OR ARGUMENT FROM, OTHER LITIGATION SHOULD BE EXCLUDED

Courts, including this one, routinely preclude evidence of other litigations and administrative proceedings as irrelevant, hearsay, and unduly prejudicial. *See, e.g.*, *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (Selna, J.) (excluding "evidence of prior litigation" under FRE 401, 801, and 403); *see also, e.g.*, *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6-7 (E.D. Tex. Feb. 26, 2021); *Grace v. Apple Inc.*, 2020 WL 227404, at *1-2 (N.D. Cal. Jan. 15, 2020); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations under, *inter alia*, FRE 402, 403, and 802, because such evidence is "likely to result in unfair prejudice, confusion and undue delay"). The same basic approach should be followed in this litigation—the parties should be precluded under FRE 402, 403, and 802 from referring to or presenting any evidence or argument regarding or from other litigations or collateral administrative proceedings.

First, any prior ruling from another case would be irrelevant within the meaning of FRE 402, as it "will shed no light on any issue in this case." *Ohio House*, 2022 WL 2189541, at *2. The outcome of another case does not make it any more or less likely that the purported trade secrets had value from not being generally known or readily ascertainable, that Plaintiffs possessed and owned them, that Plaintiffs employed reasonable efforts to maintain their confidentiality, that Apple misappropriated them, or that Plaintiffs' employees should have been listed as co-inventors on certain patents. Nor would any evidence concerning the other litigations or collateral proceedings be relevant to any other material factual dispute that will come before the jury.

APPLE'S MOTION IN LIMINE NO. 1: OTHER LITIGATIONS AND PROCEEDINGS
2
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

The same basic analysis applies for arguments and evidence offered in other proceedings. That Apple—or anyone else—may have made a particular argument in another proceeding says nothing about Apple's position in this case, absent some kind of estoppel or preclusion argument. Plaintiffs have not timely raised such an argument, and this Court has held it is too late for them to do so at this point in the case. *See* Dkt. 896 at 4-6. As for the evidence adduced in a prior litigation, the parties have certain limited agreements on the use of evidence from proceedings related to and litigated in parallel with this one, but the fact that evidence was accepted into the record in another proceeding is irrelevant to any factual dispute that could come before the jury in this trial. Therefore, to the extent evidence from a prior proceeding comes in as independently admissible, the Court should preclude any reference to the fact that it was previously used elsewhere.[2]

Second, with regard to FRE 802, "[a] court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment," and "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay." *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007). Therefore, "unless [a prior judicial] order comes within" one of the "[t]wo hearsay exceptions in the Federal Rules of Evidence [that] explicitly allow for the admission of judgments"—Rules 803(22) and 803(23), neither of which applies here—"references to the order should not … be[] allowed." *Id.*; *see also, e.g.*, *Ohio House*, 2022 WL 2189541, at *2 ("To the extent [a party] wishes to present to the jury the actual prior rulings [of related litigation], such

---

[2] If parties use transcripts from prior proceedings for impeachment, references to those transcripts can be made generic, so the jury may be informed that the testimony was sworn without learning why. *See, e.g.*, *Crouch v. John Jewell Aircraft, Inc.*, 2016 WL 9459354, at *2 (W.D. Ky. Mar. 29, 2016) (taking this approach).

evidence would be [inadmissible] hearsay.").[3]  Because there is no relevant, non-hearsay purpose for which Plaintiffs could refer to prior litigations and proceedings collateral to this trial, such evidence and argument should be excluded under FRE 802.

Third, with regard to FRE 403, the Ninth Circuit has cautioned against allowing jurors to learn about the results of prior cases because "jurors are likely to defer to findings and determinations ... made by an authoritative, professional factfinder rather than determine those issues for themselves," so "such evidence should [generally] be excluded under Rule 403." *Sine*, 493 F.3d at 1033-1034.  Presenting arguments made in prior proceedings would also be unfairly prejudicial and confuse the jury, because the arguments would be totally disconnected from the factual and legal context in which they were originally made.  And admitting "evidence and testimony concerning" collateral or related litigation like *Masimo v. True Wearables* and administrative proceedings concerning the technologies at issue in this case are also "likely to give rise to time-consuming tangents about the merits of those [proceedings] … particularly … in light of the fact that the procedural history of [those proceedings], which involves" a district court trial, a Federal Circuit appeal, and related administrative proceedings before two different agencies, "is complex and long-running." *Grace*, 2020 WL 227404, at *3.[4]  The same is true with Masimo's trade secret litigations against other companies, including Nellcor and Philips.[5]

---

[3] FRE 803(22) involves criminal convictions, and FRE 803(23) is limited to judgments that prove "a matter of personal, family, or general history, or boundaries."

[4] Cases and proceedings in this category include *Masimo Corp. v. True Wearables*, No. 18-cv-2001 (C.D. Cal. Apr. 28, 2021), *aff'd*, 2022 WL 205485 (Fed. Cir. Jan. 24, 2022), *Apple, Inc. v. Masimo Corp.*, No. 22-cv-1378 (D. Del. 2022); *Certain Light-Based Physiological Measurement Devices And Components Thereof*, Inv. No. 337-TA-1276, USITC (Jan. 10, 2023); and *inter partes* review proceedings between the parties before the U.S. Patent and Trademark Office.

[5] Cases in this category include *Mallinckrodt, Inc. v. Masimo Corp.*, No. 00-cv-6506 (C.D. Cal. July 14, 2004), *affirmed in part* 147 Fed. Appx 158 (Fed. Cir. 2005); *Nellcor Puritan Bennett, Inc. v. Masimo Corp.*, No. 5:03-cv-603; *Masimo Corp. v. Philips Elec.*
(Cont'd on next page)

APPLE'S MOTION IN LIMINE NO. 1: OTHER LITIGATIONS AND PROCEEDINGS
4            CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

As this Court has previously explained, "[t]o show that prior litigants have lost" litigation against Masimo and Ceracor "says nothing about the merits of this case and would clearly be prejudicial with no counterbalancing probity." *Ohio House*, 2022 WL 2189541, at *2 (excluding references to seven related litigations involving the defendant under, *inter alia*, FRE 403). However, litigation involving any of the parties and issues at all related to this case should still be excluded as irrelevant, unfairly prejudicial, and distracting to the jury.

Any references to the *True Wearables* litigation, for example, would be extremely prejudicial for two reasons. First, because *True Wearables*—to which Apple was not a party—involved similar allegations, there is a high likelihood that the jury's deliberations would be unduly swayed by the outcome of *True Wearables*. *See Maxell*, 2021 WL 3021253, at *7 ("While the prior verdict involved some of the same patents asserted here, its probative value is minimal, as the [prior] case involved different parties, accused products, witnesses and prior art. And admitting the [prior] verdict would unfairly prejudice Apple by inviting the jury here to defer to the [prior] jury's verdict, rather than discharging their duty to resolve the current dispute."). Presenting the Court's *True Wearables* findings to the jury would also be especially prejudicial in light of the Court's ruling that Plaintiffs are barred from asserting collateral estoppel from *True Wearables* against Apple, *see* Dkt 896 at 3-6, as the jury might be confused over whether it is bound by aspects of the prior findings.

Second, because *True Wearables* was tried before this Court in a bench trial, Plaintiffs' references to its outcome or findings would inappropriately lend the Court's credibility to Plaintiffs, because they would be offering the Court's prior findings and rulings for their truth. This would "impart[] to the [Plaintiffs'] case" the Court's "prestige, dignity, and authority … by the judge's appearance on its behalf." *Sine*, 493

---

*N. Am. Corp.*, No. 09-cv-80 (D. Del. Oct. 17, 2014), and other cases related and consolidated thereto.

F.3d at 1034 (quotation marks omitted); *see also id.* at 1033-1034 ("'The judge presiding at the trial may not testify in that trial as a witness.'" (quoting Fed. R. Evid. 605)).

## CONCLUSION

Apple therefore respectfully requests that the Court preclude Plaintiffs from offering any evidence, testimony, or argument about or making any reference before the jury to any other litigation or proceeding.

Dated: February 13, 2023                    Respectfully submitted,

                                          MARK D. SELWYN
                                        AMY K. WIGMORE
                                        JOSHUA H. LERNER
                                        SARAH R. FRAZIER
                                        NORA Q.E. PASSAMANECK
                                        THOMAS G. SPRANKLING
                                        WILMER CUTLER PICKERING HALE AND
                                        DORR LLP

                                        BRIAN A. ROSENTHAL
                                        GIBSON, DUNN & CRUTCHER LLP

                                        KENNETH G. PARKER
                                        HAYNES AND BOONE, LLP


                                  By: */s/ Mark D. Selwyn*
                                             Mark D. Selwyn


                                  *Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 1,790 words, which:

   <u> X </u> complies with the word limit of L.R. 11-6.1.

   <u>   </u> complies with the word limit set by court order dated [date].

Dated: <u>February 13, 2023</u>       Respectfully submitted,

                                      MARK D. SELWYN
                                      AMY K. WIGMORE
                                      JOSHUA H. LERNER
                                      SARAH R. FRAZIER
                                      NORA Q.E. PASSAMANECK
                                      THOMAS G. SPRANKLING
                                      WILMER CUTLER PICKERING HALE AND DORR LLP

                                      BRIAN A. ROSENTHAL
                                      GIBSON, DUNN & CRUTCHER LLP

                                      KENNETH G. PARKER
                                      HAYNES AND BOONE, LLP


                              By: <u>*/s/ Mark D. Selwyn*</u>
                                          Mark D. Selwyn

                                      *Attorneys for Defendant Apple Inc.*