Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continues on next page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLAINTIFFS' ATTORNEYS' INVOLVEMENT IN THIS CASE**<br><br>Date:      March 13, 2023<br>Time:      1:30 p.m.<br>Location:  Courtroom 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

# I. INTRODUCTION

Masimo moves *in Limine* to prevent Apple from litigating the litigation in front of the jury. Masimo asks the Court to exclude evidence or argument about Masimo's attorneys' involvement in this case, including preparing trade secret disclosures and interrogatory responses. The Court knows that attorneys properly and routinely prepare pleadings and discovery documents. But the jury may not. Such evidence is irrelevant and would likely confuse or mislead the jury.

Specifically, Apple has argued that Masimo's attorneys prepared Masimo's trade secret disclosure, pursuant to California Code of Civil Procedure §2019.210, and that shows the trade secrets are not protectable or were created for this litigation. Such argument is irrelevant and highly prejudicial.

Apple has also argued that Masimo's attorneys prepared discovery responses, and that similarities between those discovery responses and Masimo's expert report, show Masimo's expert did not offer independent opinions. This evidence does not support Apple's argument and such argument is irrelevant and highly prejudicial.

For these reasons, the Court should grant this motion. Granting this motion will help ensure the trial focuses on the merits of the parties' dispute—not their respective attorneys' involvement in preparing the case.

# II. ARGUMENT

A. **Legal Standards**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

-1-

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## B. The Court Should Exclude Argument and Evidence of Attorney Involvement in Preparing Trade Secret Disclosures

Apple's expert asserts that the involvement of Masimo's attorneys in drafting Masimo's Section 2019.210 trade secret disclosure suggests the trade secrets are not protectable. *See e.g.*, Kachner Decl. Ex. 1 at ¶¶ 68, 153, 199, 216, 245, 286, 327, 366, 402, 437, 472, 508 (Apple's Rebuttal Expert Report of Sarrafzadeh). Apple has used the Section 2019.210 disclosure to argue that Masimo employees cannot define the trade secrets without the assistance of attorneys. *See e.g.*, Dkt. 1082-1 at 3 (Apple's Motion for Partial Summary Judgment). Such evidence and arguments are not relevant to the existence or protectability of Masimo's trade secrets.

Apple demanded, and the Court ordered, that Masimo identify the asserted trade secrets with reasonable particularity pursuant to Section 2019.210 before beginning discovery. Dkt. 37 (staying "trade secret discovery only pending compliance with 2019.210.") The jury will not know that a Section 2019.210 disclosure is a procedural tool that functions like a pleading to dictate the scope of trade secret discovery. *Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 835 (2005). Nor will the jury know that, like a pleading, the trade secret description is routinely prepared by attorneys to satisfy the legal requirements of Section 2019.210. *See Jardin v. DATAllegro, Inc.*, 2011 WL 3299395, at *4 (S.D. Cal. July 29, 2011).

Because the 2019.210 disclosure operates like a litigation pleading, the fact that counsel prepared the disclosure could not possibly undermine the protectability of the trade secrets. Evidence of attorney involvement in preparing a Section 2019.210 trade secret disclosure should be excluded as irrelevant. Fed. R. Evid. 401, 402.

-2-

The process for preparing a Section 2019.210 trade secret disclosure is also irrelevant to the statutory definition of trade secret protectability. A trade secret is protectable if it: "(1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). None of these requirements turns on the process for how attorneys prepare a litigation document describing the trade secrets to define the scope of discovery.

Nor is Masimo employees' lack of familiarity with litigation disclosures relevant. Trade secrets "need not be in writing but may be in the employees' memory." *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 967 (C.D. Cal. 2011) (quoting *Greenly v. Cooper,* 77 Cal.App.3d 382, 392 (1978)). There is no reason Masimo employees would be any more familiar with the Section 2019.210 disclosure than any other litigation document. The focus should remain on the underlying facts.

If Apple were allowed to argue that Masimo's attorneys created the trade secret disclosure, the jury could easily be misled or confused. For example, the jury could be misled to think that, because Masimo witnesses had not seen the Section 2019.210 disclosure in the ordinary course of business, Masimo did not possess the trade secrets. The jury could also be misled to think that, because an attorney created the trade secret disclosure, the attorney manipulated the scope of the trade secrets.

It would be difficult to rebut such misleading arguments without explaining to the jury the legal and procedural requirements of Section 2019.210 and the Court's ruling on the issue. Masimo might also have to ask its litigation counsel to testify about the process and timing for preparing the Section 2019.210 disclosure. This information is irrelevant to the underlying merits and it would

-3-

unfairly prejudice Masimo to have its attorneys sworn in as witnesses to explain irrelevant information about how the Section 2019.210 disclosure was prepared.

The scope and possession of a trade secret is based on percipient testimony and evidence—not attorney involvement in litigating this case. Evidence of attorney involvement in preparing a Section 2019.210 trade secret disclosure could only prejudice the jury on irrelevant matter. Fed. R. Evid. 403. Such prejudice is not outweighed by any probative value of the attorney's involvement.

**C.    Evidence of Similarities Between Discovery Responses and Expert Reports Should be Excluded**

Apple's expert, Ran Kivetz, argues that the October 6, 2022, expert report of Masimo's expert, Robert Palmatier, appears to "borrow" from Masimo's September 29, 2022, supplemental interrogatory response. *See* Ex. 2 at ¶¶ 211-212 and Table 3 (Rebuttal Report of Ran Kivetz). Kivetz argues Palmatier's opinions "lack original analysis" and "simply parrot[] the Plaintiffs' position and arguments." *Id*. Kivetz's report includes a table identifying purported similarities. But Kivetz admits he had no basis to argue Palmatier's expert report was copied from Masimo's interrogatory response. Ex. 3 at 447:16-448:4, 449:11-450:16 ("I'm not saying who originated what."). Accordingly, the Court should exclude Kivetz from offering these opinions because he admits they are unsupported.

The Court should further exclude any evidence or arguments regarding purported similarities between experts reports and discovery responses because such evidence and arguments are irrelevant and unfairly prejudicial

Any similarities between the Palmatier report and Masimo's interrogatory response do not suggest a lack of independence. Apple's belated production of O'Reilly's notebooks caused the parties to push back the deadline for serving supplemental contention interrogatory responses regarding Masimo's business and marketing and hospital interactions trade secrets until September 29. That was just seven days before Palmatier's expert report regarding Masimo's business and

-4-

marketing and hospital interactions trade secrets was due (October 6).[1] His report was 280 pages, and he was obviously preparing that report at the same time Masimo was preparing its supplemental interrogatory responses. It makes sense that Masimo's attorneys would be closely consulting with Palmatier regarding his forthcoming opinions while the Attorneys were preparing Masimo's supplemental interrogatory responses regarding the same issues.

Nothing supports Apple's assumption that Palmatier copied Masimo's interrogatory response to prepare his report. Indeed, Apple's expert, Kivetz, admitted he had no basis for this assumption. *See* Ex. 3 at 447:16-448:4, 449:11-450:16. However, refuting Apple's assumption would require explaining to the jury the details of the litigation process and the parties' discovery negotiations and disputes. Such procedural details are not relevant to any issue in the case, would be wasteful of judicial resources, and would be unfairly prejudicial. Fed. R. Evid. 401-403.

Evidence of purported similarities is simply not probative of the accuracy or thoroughness of Palmatier's opinions. The jury should weigh Palmatier's opinions on the evidence supporting or refuting those opinions, not the process by which Masimo prepared discovery responses.

Apple's assumption is also unfair. Apple cannot reasonably demand that Masimo strictly adhere to previously disclosed discovery responses in expert reports and, at the same time, ridicule the expert for adhering to such discovery responses. Apple's "heads I win, tails you lose" approach is unfair and should not be litigated before the jury. Masimo should not have to explain to the jury why

---

[1] The Scheduling Order provided four weeks between supplementing contention interrogatory responses and expert reports. Dkt. 627 at 2. Apple's failure to produce O'Reilly's notebooks until after fact discovery necessitated reducing that time to one week for the business and marketing and hospital interactions trade secrets. *See* Dkt. 1280 at 16 (finding "discovery violation").

-5-

there is nothing surprising or unusual about similarities between a timely supplemental interrogatory response and an expert report served one week later—particularly in light of the discovery disputes and motion practice in this case.

### D. The Parties Agree Not to Offer Evidence or Argument About Their Narrowing of the Case

As part of this motion, Masimo had planned to seek to exclude strategic decisions to narrow the case. For example, Masimo wanted to prevent Apple from offering evidence or argument that Masimo is no longer proceeding on every trade secret in its Section 2019.210 disclosure. Since the meet and confer on this motion, Apple agreed it would not offer evidence or argument that Masimo is no longer pursuing certain trade secrets. Apple conditioned its agreement on Masimo reciprocating by agreeing to not offer evidence or argument that Apple is no longer pursuing certain defenses. Masimo agrees to Apple's condition and thus submits that the parties have agreed that such evidence or argument should be excluded. Such stipulation will be included in the proposed pretrial conference order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to exclude evidence or argument about attorney involvement in this case.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 13, 2023      By: /s/ Mark D. Kachner
　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　　　Daniel P. Hughes

1
2                          Attorneys for Plaintiffs,
                          Masimo Corporation and
3                           Cercacor Laboratories, Inc.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 1,690 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 13, 2023     By: */s/ Mark D. Kachner*
                                Joseph R. Re
                                Stephen C. Jensen
                                Benjamin A. Katzenellenbogen
                                Perry D. Oldham
                                Stephen W. Larson
                                Mark D. Kachner
                                Adam B. Powell
                                Daniel P. Hughes

                                Attorneys for Plaintiffs,
                                Masimo Corporation and
                                Cercacor Laboratories, Inc.

57065492