MARK D. SELWYN, SBN 244180
 mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
 thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
 joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
 amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE NO. 2: PRECLUDE REFERENCES TO IRRELEVANT APPLE OPERATIONS, FINANCES, AND RECRUITING** <br><br> Date: Mar. 13, 2023 <br> Time: 1:30pm <br><br> Pre-Trial Conference: Mar. 13, 2023 <br> Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

## INTRODUCTION

Plaintiffs' discovery efforts suggest that they will try to offer evidence and argument about Apple's size, overall revenue and profitability, market capitalization, foreign operations, and recruiting efforts to encourage an emotional response from the jury and a bias against Apple. Those subjects are not connected to the specific claims and defenses in this case, and references to them would only inject confusion and bias into this trial. Apple respectfully requests that Plaintiffs be precluded from raising such irrelevant and prejudicial issues.

## ARGUMENT

Evidence is relevant, and therefore may be admissible, if it both "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible" for any purpose, Fed. R. Evid. 402, and even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time," Fed. R. Evid. 403.

### I. REFERENCES TO IRRELEVANT ASPECTS OF APPLE'S OPERATIONS SHOULD BE EXCLUDED

Plaintiffs' questions during depositions suggest they intend to present evidence and argument regarding irrelevant aspects of Apple's operations, including Apple's foreign operations, Ex. 1 at 282:8-10 ███████████████████████████████████████████████████████████████████, and Apple's supposed recruitment of Plaintiffs' former employees who are irrelevant to the case, *see* Ex. 1 at 269:7-16 ███████████████████████████████████████ None of these issues has any relevance to the claims, defenses, or witnesses in this trial, so evidence concerning these issues is inadmissible. And even if Plaintiffs can conjure some tenuous relevance, evidence

concerning these issues should be excluded under FRE 403 as unfairly prejudicial and a waste of trial time.

### A. Statements Or Evidence About Apple's Foreign Operations Are Irrelevant And Prejudicial And Should Be Excluded

To begin, evidence related to Apple's foreign operations is irrelevant to the case and should be excluded. For instance, Apple's international corporate structure, including its corporate tax planning, has no connection to Plaintiffs' trade secret and patent inventorship claims, all of which are focused on conduct in the United States. Similarly, the location of Apple's foreign partners, and any negative press reports about their working conditions or labor issues, are not relevant to any issue in this case. Ex. 3.[1] Plaintiffs would have no purpose to offer evidence or argument on these topics other than to invite a negative emotional jury response. Courts routinely exclude such evidence. *See, e.g.*, *Pinn, Inc. v. Apple Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021) (precluding argument, evidence, or questions about Apple's foreign operations except for certain relevant product development events and facts about importation); *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *9-10 (E.D. Tex. Feb. 26, 2021) (precluding "references to Apple's foreign operations," including working conditions, to "unfairly prejudice the jury"); *Optis Wireless Technology, LLC v. Apple Inc.*, No. 2:19-cv-66 (E.D. Tex. July 29, 2020), ECF No. 437 at 241:12-242:5 (granting motion to exclude "arguments regarding Apple's foreign operations, including … working conditions or labor issues, and any press on these issues"); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016) (precluding reference to "the location of Apple's suppliers, manufacturers, and press concerning the same, including working condition or labor issues").

---

[1] Plaintiffs have informed Apple that they do not intend to solicit testimony regarding working conditions or labor issues at Apple's contract manufacturing facilities.

### B. Statements Or Evidence About Apple's Size And Overall Financial Resources Are Irrelevant And Prejudicial And Should Be Excluded

Plaintiffs should also be precluded from adducing evidence or making arguments about Apple's size, financial resources, alleged market power, market capitalization, or overall financial performance, including Apple's total revenues and profits. None of this financial information about Apple overall is relevant to whether Apple misappropriated Plaintiffs' purported trade secrets or improperly failed to list Plaintiffs' employees as co-inventors on certain patents. Nor is Apple's overall financial performance relevant to damages, since each of the three forms of damages available depends only on the loss or gain "caused by misappropriation" of the specific trade secrets or a reasonable royalty for the trade secrets' use, none of which depends on the defendant's resources as a whole. Cal. Civ. Code § 3426.3; *see also, e.g.*, *Ajaxo, Inc. v. E*Trade Fin. Corp.*, 261 Cal. Rptr. 3d 583, 613-615 (2020) (reasonable royalty award should be apportioned to account only for the value provided by the trade secrets); *Mattel, Inc. v. MGA Ent., Inc.*, 2011 WL 836418, at *2 (C.D. Cal. Mar. 4, 2011) (same, for unjust enrichment award). Therefore, evidence about Apple's overall financial resources should be excluded under FRE 402. But even if Plaintiffs could articulate some tangential relevance for one or more of these issues, evidence about Apple's overall financial resources would still be inadmissible under FRE 403 because its limited probative value would be substantially outweighed by the risk of unfair prejudice to Apple, the risk of confusing the jury, and the resulting waste of trial time. Indeed, evidence about, for example, Apple's overall financial performance is regularly excluded from intellectual property trials under FRE 403. *See, e.g.*, *Maxell*, 2021 WL 3021253, at *6 (precluding reference to "revenues associated with unaccused products and Apple's ability to pay … alleged damages"); *Parthenon Unified Memory Architecture*, 2016 WL 7743510, at *2 (granting motion to preclude reference to "Apple's [w]ealth, [p]rofits, [r]evenue, [s]ize, etc.," except profits or revenues

concerning the relevant products); *Golden Bridge Tech. v. Apple Inc.*, 2014 WL 4057187, at *2 (N.D. Cal. June 1, 2014) (granting motion to exclude "[a]rgument or [t]estimony [r]egarding Apple's [s]ize, [w]ealth, [m]arket [c]apitalization, [c]ash, [and] [o]verall [r]evenues"); *Multimedia Pat. Tr. v. Apple Inc.*, 2012 WL 12868264, at *6 (S.D. Cal. Nov. 20, 2012) ("[Plaintiff] is precluded from stating or providing evidence showing [Apple's] revenues or profits.").

### C. Statements Or Evidence About Apple Recruiting Employees—Other Than Those Alleged To Have Conveyed Trade Secrets To Apple— Are Irrelevant And Prejudicial And Should Be Excluded

Finally, Plaintiffs should be precluded from offering evidence, testimony, or argument concerning any former Masimo Corp. or Cercacor Laboratories, Inc. employees who subsequently worked at Apple other than the only two such people whose actions are alleged to be relevant to the claims in this case: Dr. Marcelo Lamego and Dr. Michael O'Reilly. At times during this litigation, Plaintiffs have alleged that "Apple systematically recruited other key Masimo personnel…." Dkt. 1 ¶ 21; *see also, e.g.*, Dkt. 296-1 ¶ 21 (same). But Plaintiffs have never identified any other former Masimo or Cercacor employee "recruited" by Apple who is supposedly relevant to the alleged misappropriation, and the Court has already held that Plaintiffs cannot rely on a few words in the complaint "to be a placeholder for a new theory." Dkt. 1001 at 8. Facts about any other former Masimo or Cercacor employees who subsequently worked at Apple would not, therefore, make misappropriation any more likely, nor could they be relevant to any other issue the jury will be asked to decide. Any such irrelevant evidence should be excluded under FRE 402. The same applies for any supposed "systematic[] recruit[ment]" by Apple. There is nothing unusual or improper when a company "'solicits [its] competitor's employees or … hires away one or more of [its] competitor's employees who are not under contract.'" *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1150 (2004) (quoting *Diodes, Inc. v. Franzen* 260 Cal. App. 2d 244, 255 (1968)). And

Plaintiffs have failed to lay an adequate foundation for relevance of any alleged systematic recruitment to any material issue in the case, so they should be precluded from offering evidence, testimony, or argument on the subject.

Moreover, under FRE 403, whatever minimal probative value such evidence or arguments might have would be substantially outweighed by the risk of unfair prejudice to Apple (because Plaintiffs could suggest—without evidence—that if Apple "poached" numerous Masimo employees Apple probably took their trade secrets too).  Admitting such evidence would also create undue delay, as Apple would have to put on evidence to show that no former Masimo employees other than Lamego and Dr. O'Reilly are relevant to Plaintiffs' claims, even though Plaintiffs have failed to offer any evidence that those former employees have any bearing on their misappropriation claims.  This is so even though Apple has long since provided a list of the current or former Apple employee who previously worked for Masimo or Cercacor, a group that includes only a handful of employees (beyond Lamego and O'Reilly) who actually worked on Apple Watch.  *See* Ex. 2.

## CONCLUSION

Accordingly, Apple respectfully requests that the Court preclude Plaintiffs from offering evidence, testimony, or argument concerning aspects of Apple's global operations that are irrelevant to the claims and technologies at issue in this case, including Apple's foreign operations, its overall financial performance, and any purported systematic recruitment of Plaintiffs' former employees.

Dated: February 13, 2023        Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 1,511 words, which:

  X  complies with the word limit of L.R. 11-6.1.

 ___ complies with the word limit set by court order dated [date].

Dated:  February 13, 2023            Respectfully submitted,

                                          MARK D. SELWYN
                                          AMY K. WIGMORE
                                          JOSHUA H. LERNER
                                          SARAH R. FRAZIER
                                          NORA Q.E. PASSAMANECK
                                          THOMAS G. SPRANKLING
                                          WILMER CUTLER PICKERING HALE AND DORR LLP

                                          BRIAN A. ROSENTHAL
                                          GIBSON, DUNN & CRUTCHER LLP

                                          KENNETH G. PARKER
                                          HAYNES AND BOONE, LLP


                                        By:  */s/ Mark D. Selwyn*
                                                  Mark D. Selwyn

                                          *Attorneys for Defendant Apple Inc.*