MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES**<br><br>Date: Mar. 13, 2023<br>Time: 1:30 pm<br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# INTRODUCTION

Plaintiffs' discovery suggests that they will try to inflame and bias the jury against Apple by taking irrelevant anecdotes about Apple's corporate culture and history out of context and by attributing a handful of irrelevant or unfairly prejudicial statements from individual employees (or former employees) to Apple as a corporate entity—e.g., quotations attributed to Steve Jobs, political positions taken by Apple or its leadership, and an ex-employee's statement about so-called "efficient infringement."  Since those statements are irrelevant—and would foment unfair prejudice against Apple—courts have repeatedly granted Apple's motions in limine to exclude such references.  Apple respectfully requests that this Court do the same here.

# ARGUMENT

Evidence is relevant, and therefore may be admissible, if it both "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible" for any purpose, Fed. R. Evid. 402, and even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time," Fed. R. Evid. 403.

## I.   IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO CURRENT AND FORMER APPLE EMPLOYEES SHOULD BE EXCLUDED

### A.   This Court Should Exclude Any Anecdotes About Apple's Corporate Culture Or History That Are Not Tied To The Facts Of This Case

The Court should prohibit Plaintiffs from misrepresenting anecdotes that could, when taken out of context, suggest that Apple has a corporate culture disrespectful of intellectual property protections.  For instance, Plaintiffs may seek to offer evidence about Apple's use of a skull-and-crossbones flag and thereby suggest that Apple

APPLE'S MOTION IN LIMINE NO. 3:  IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES
1    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

"pirates" other companies' technologies. *See, e.g.*, Ex. 5 at 79:21-83:14 (deposing Rule 30(b)(6) witness on a photograph of a pirate flag flying in front of Apple's headquarters). Apple's periodic, tongue-in-cheek use of a skull-and-crossbones flag and other pirate references traces back to a 1983 corporate retreat, at which Jobs reportedly said that "[i]t's better to be a pirate than to join the navy," as a way of suggesting that Apple should avoid becoming "too large and bureaucratic."[1]  As Apple's FRCP 30(B)(6) witness explained, Apple's use of pirate imagery ▓▓▓▓▓▓▓▓▓▓ and instead is meant ▓▓▓▓▓▓▓▓▓▓ Ex. 5 at 82:13-83:7.

Accordingly, any pirate imagery or references are irrelevant to Apple's corporate policies concerning intellectual property or to any other material factual dispute in this case. And even if such material is not excluded under FRE 402, the Court should still exclude it under FRE 403. Allowing Plaintiffs to associate pirate references with Apple would also be highly prejudicial, because—as Plaintiffs' deposition questions previewed—they would use it to unfairly imply to jurors that Apple steals intellectual property from other companies. *See, e.g.*, Ex. 5 at 82:4-11 ▓▓▓▓▓▓▓▓▓▓ It would also lead to undue delay, since Apple would have to put on rebuttal evidence to correct the misimpressions created by Plaintiffs' prejudicial insinuations.

---

[1] Andy Hertzfeld, "Pirate Flag," *Folklore* (last visited Jan. 28, 2013), https://www.folklore.org/StoryView.py?story=Pirate_Flag.txt.

APPLE'S MOTION IN LIMINE NO. 3: IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES

2    CASE NO. 8:20-cv-00048-JVS (JDEx)

## B. This Court Should Exclude Any Irrelevant And/Or Inflammatory Statements By Particular Current Or Former Apple Employees

### 1. Statements About "Efficient Infringement"

The Court should prohibit Plaintiffs from suggesting that Apple employs a strategy of so-called "efficient infringement" as a substitute for licensing intellectual property or developing its own technologies. Not only is that concept entirely irrelevant to the trade secret misappropriation claims in this case, but Plaintiffs have not elicited any evidence whatsoever that Apple actually employs an "efficient infringement" strategy. Nor could they, since, as Apple's CEO Tim Cook testified to Congress, "[t]he concept of 'efficient infringement' is an anathema to Apple" and "not a concept or idea embraced by our company."[2]

The only remote link between Apple and the concept of "efficient infringement" arises from a quote given to the *Economist* magazine by an ex-employee. *See The trouble with patent-troll-hunting*, The Economist (Dec. 14, 2019) (quoting "Boris Teksler, Apple's former patent chief"); *but see* Ex. 9 at 1 ("[Teksler] was never the 'patent chief' at Apple."). The article does not suggest that Apple actually follows an "efficient infringement" strategy; rather, it was a general comment on the law's supposed "overcorrection to the plague of patent trolls." Nor is there any reason to ascribe Teksler's comments to Apple: Teksler left the company in 2013, more than six years before the *Economist* article was published.[3] Since 2016, Teksler has served as

---

[2] Ex 9 (congressional testimony by Apple CEO Tim Cook); *see also* Ex. 5 at 133:18-137:22.

[3] *See* "Technicolor Names Boris Teksler as Head of Its Technology Business Segment," *Yahoo! Finance* (June 17, 2013), https://finance.yahoo.com/news/technicolor-names-boris-teksler-head-171830179.html.

APPLE'S MOTION IN LIMINE NO. 3: IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES
3                     CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

CEO of one of the world's largest patent assertion entities, a serial litigant against Apple and other technology companies.[4]

A definitive, pre-trial ruling on this question is important because Plaintiffs' discovery conduct and their motion practice in front of the Special Master suggest they will likely try to bring up this concept during trial without tying it to the facts of this case. For instance, Plaintiffs propounded a request for production of "[d]ocuments regarding the practice of efficient infringement," Ex. 1 at 3, but that request produced only seven non-privileged documents, six of which were ███████████████ ███████████████████████████████████████████████ ███████████████████████████████████████ *see* Ex. 2 ¶¶3-6. Plaintiffs also took a Rule 30(b)(6) deposition on this topic, and only elicited testimony such as ████████████████████████████████████████████ ████ Ex. 5 at 133:18-134:3. And although Plaintiffs sought to depose Cook on his congressional testimony, the Special Master prohibited questioning on that topic after reviewing the discovery record. *See* Ex. 4 at 9; Ex. 3 at 4.[5]

In short, Plaintiffs have failed to identify any evidence from which they could lay a foundation for questions, testimony, evidence, or argument referencing "efficient infringement." Therefore, any references to "efficient infringement" should be categorically excluded under FRE 402. Even if the Court were to conclude that the economic concept of "efficient *infringement*" has some minimal relevance to trade secret *misappropriation*, the Court should still exclude references to that concept under FRE

---

[4] *See* "Boris Teksler Appointed New President and CEO of Conversant," *PR Newswire* (Dec. 19, 2016), https://www.prnewswire.com/news-releases/boris-teksler-appointed-new-president-and-ceo-of-conversant-607446046.html; *see also, e.g.*, Cook Testimony (noting Teksler "has gone on to work for several patent assertion entities …, sometimes referred to as patent trolls").

[5] Apple had searched Cook's emails and produced the only two non-privileged documents that contained the phrase "efficient infringement"; one message was spam and the other contained the written questions for Cook's congressional testimony.

403. References to "efficient infringement" would cause unfair prejudice to Apple and juror confusion, as it could be used to (falsely) suggest that Apple systematically infringes intellectual property rights and to encourage jurors to rely on abstract theories rather than concrete evidence pertinent to Plaintiffs' claims.

### 2. Irrelevant And Prejudicial Statements Attributed To Steve Jobs

Plaintiffs should be precluded from raising several irrelevant and unfairly prejudicial quotations attributed to Steve Jobs about which they have inquired during discovery. Specifically, Plaintiffs deposed one of Apple's Rule 30(b)(6) witnesses about a documentary interview in which Jobs discussed a visit to Xerox PARC and remarked "good artists copy, great artists steal." *See* Ex. 5 at 76:17-79:20. Plaintiffs' counsel also examined that witness about the Jobs' statement that "[i]t's better to be a pirate than join the Navy." *Id.* at 87:2-90:21. These statements are irrelevant to the claims or defenses in this case. The former was simply Mr. Jobs parroting a quote oft-attributed to Pablo Picasso; the latter a remark he made in the ***1980s*** to the team developing the original Macintosh computer. Neither has any relation to the accused products or issues to be tried before the jury in this case (indeed, Mr. Jobs passed away years before the relevant events in this case). Any evidence about these statements is therefore inadmissible under FRE 402. *See, e.g.*, *Pinn, Inc. v. Apple, Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021) (excluding evidence about Jobs); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 11089490, at *5 (E.D. Tex. Sept. 4, 2015) (precluding plaintiffs from offering argument, evidence, or testimony regarding statements made by Steve Jobs to biographer Walter Isaacson or about any meetings between Apple and Xerox PARC related to mouse or graphical user interface technology).

Even if Plaintiffs could articulate some minimal relevance for these statements, that evidence would still be inadmissible under FRE 403 as confusing and unduly prejudicial. Such evidence would tend to confuse the jury as to who the relevant decision

APPLE'S MOTION IN LIMINE NO. 3: IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES
5    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

makers within Apple were during the events at issue in the case, and allowing it in would lead to undue delay, because it would require Apple to put on rebuttal evidence to contextualize the Jobs-related evidence so the jury would not be misled.  Notably, in trials against Apple, courts routinely exclude under FRE 403 statements irrelevant to the claims at issue and attributed to Steve Jobs.  *See, e.g.*, *Optis Wireless Technology, LLC v. Apple Inc.*, No. 2:19-cv-66 (E.D. Tex. July 29, 2020) ECF No. 437 at 248:20-23 (precluding references to "statements long ago by Steve Jobs" that are "unrelated to the litigation"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 15-CV-05008, Dkt. 362, slip op. at 3 (N.D. Cal. Nov. 17, 2016) (granting motion to exclude references to statements by Steve Jobs as confusing and prejudicial); *In re Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014) ("[P]laintiffs are precluded from introducing evidence or eliciting testimony regarding Steve Jobs's character."); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-CV-01079, Dkt. 519 (N.D. Cal. June 18, 2014) (precluding evidence or argument regarding Steve Jobs's character).

### 3. *Irrelevant And/Or Unfairly Prejudicial Statements By Dr. Michael O'Reilly*

Plaintiffs should be precluded from offering evidence, testimony, or argument concerning irrelevant and/or unduly prejudicial statements by Dr. Michael O'Reilly. Questioning during Dr. O'Reilly's deposition suggests that Plaintiffs' counsel will try to paint Dr. O'Reilly as prejudiced by asking him about certain statements made during his employment at Apple.  Those comments have no connection to this case.  Plaintiffs appear to plan to use them to undermine Dr. O'Reilly's credibility before the jury in a manner that has nothing to do with the merits of his testimony or Apple's defenses.

For instance, Plaintiffs' counsel asked Dr. O'Reilly at his deposition about a personal note in his private journal stating that, ███████████████████████████
███████████████████████████████████████████████████████████████



[redacted] *See* Ex. 7 ; *see also* Ex 6. Plaintiffs also examined Dr. O'Reilly about a warning letter he received from Apple concerning his [redacted] Ex. 8. As Dr. O'Reilly explained, he [redacted] Ex. 6 at 221:19-222:20.[6]

Plaintiffs should be precluded from offering any evidence on these irrelevant incidents or trying to elicit testimony about them. They are not relevant to Dr. O'Reilly's work at Masimo and Apple, the purported trade secrets, or any other material disputes of fact in this case, so they are inadmissible under Rule 402.

Even if there were some relevance, any probative value would be very strongly outweighed by the risk of unfair prejudice accruing to Apple, the risk of distracting the jury from the germane evidence presented by Dr. O'Reilly and others, and the undue delay that will result from Apple putting on additional evidence to address these incidents and rehabilitate Dr. O'Reilly's credibility. Plaintiffs should therefore be precluded under Rule 403 from offering evidence about irrelevant and/or unduly prejudicial statements or conduct by Apple, Dr. O'Reilly or any other Apple employee.

### 4. Media Speculation Or Political Positions Ascribed To Apple Or Its Leadership

Finally, the Court should preclude Plaintiffs from offering evidence, testimony, or argument about political positions attributed to Apple or its leadership, media reports unrelated to this litigation, and media speculation about Apple. Any such statements or information are inadmissible under FRE 402 because they are not relevant to any issue in this case: they do not make misappropriation more or less likely, have nothing to do

---

[6] Plaintiffs have indicated that they do not intend to solicit testimony on this specific statement.

APPLE'S MOTION IN LIMINE NO. 3: IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES
7   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

with inventory, and are otherwise irrelevant to any material factual dispute in this case. *See, e.g.*, *Optis Wireless Technology, LLC v. Apple Inc.*, No. 2:19-cv-66 (E.D. Tex. July 29, 2020) ECF 437 at 248:20-23. Such statements are also inadmissible under FRE 403 because any probative value that these statements may have would be substantially outweighed by the danger of undue prejudice to Apple and confusion of the jury they will cause at trial. Evidence regarding political positions and media speculation is regularly excluded from trials in which Apple is a party. *See, e.g.*, *Pinn, Inc.*, 2021 WL 4777134, at *2-3 (granting motion to exclude references to "political positions taken by Apple or its leadership").

## CONCLUSION

Apple therefore respectfully requests that this Court preclude Plaintiffs from presenting any evidence, testimony, or argument about irrelevant and/or unduly prejudicial statements attributed to Apple's current and former employees, including but not limited to Steve Jobs and Dr. Michael O'Reilly and from referencing in any way pirates, political positions taken by Apple or its leadership, or the concept of "efficient infringement."

APPLE'S MOTION IN LIMINE NO. 3: IRRELEVANT AND/OR INFLAMMATORY STATEMENTS BY APPLE EMPLOYEES
8   CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Dated: February 13, 2023  Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 2,313 words, which:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: February 13, 2023                Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*