# EXHIBIT 3

Hon. Andrew J. Guilford (Ret.)
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. SACV 20-00048 JVS (JDEx)<br><br>(JW Reference No.: A279845)<br><br>**ORDER NO. 13 OF SPECIAL MASTER REGARDING THREE DISCOVERY DISPUTES** |

1. INTRODUCTION

   This Discovery Order No. 13 of the Special Master addresses three sets of pending discovery disputes.

   For two of the sets of discovery disputes, relating to disagreements over each other's Rule 30(b)(6) topics, the parties agreed to a modified briefing schedule. The Special Master must commend the parties on their extensive meet and confer efforts relating to each other's extensive Rule 30(b)(6) topics. Those efforts have paid off, with limited disputes now being raised before the Special Master on an agreed, expedited schedule. Plaintiffs and Apple each filed an opening brief on July 7, 2022 moving to compel the other to designate a witness on certain disputed topics. ("Plf. Op. 30(b)(6) Br."; "Def. Op. 30(b)(6) Br.") The parties each filed a responsive cross-brief on July 14,

Exhibit 3
Page 1

2022. ("Def. Resp. 30(b)(6) Br."; Plf. Resp. 30(b)(6) Br.")

The third discovery dispute relates to Apple's July 1, 2022 motion to compel production of a subset of documents from the *True Wearables* case. ("TW Mot.") Plaintiffs opposed Apple's motion on July 8, 2022 ("Opp'n re TW"), and Apple filed a reply on July 15, 2022 ("Reply re TW").

After thorough letter-briefing, an oral argument was scheduled for July 13, 2022. Before the hearing, the parties were provided with a tentative ruling relating to the three disputes. Counsel for Plaintiffs emailed the Special Master stating that the parties had agreed to submit on the tentative ruling and requested that the hearing be canceled. The Special Master accordingly did so. The Special Master now adopts his tentative ruling as his final Discovery Order No. 13, as reflected by the analysis provided herein.

The Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Each party's July 7, 2022 motion to compel the other to designate a witness on certain Rule 30(b)(6) topics is **DENIED**.
- A ruling on Apple's July 1, 2022 motion to compel is **DEFERRED** pending the completion of the additional steps specified in Section 4.3 of this Order.

2.  **BACKGROUND**

As Judge Selna has noted in recent rulings, "The parties are familiar with the facts of this case." (Dkt. No. 732 at 2.) Rather than list the facts relevant to the various motions here, the Special Master will state any relevant facts necessary to resolve the parties' dispute in the corresponding analysis subsection of this Order.

The Special Master again expresses his concern that the extremely granular nature of the discovery sought and the resulting very extensive motion practice will not permit effective use of the discovery leading up to trial and especially during trial. For example, it will be hard to show that a Rule 30(b)(6) witness had a relevant gap in the witness's knowledge, and the significance of such a gap, if any.

## 3. LEGAL STANDARD

Judge Selna has explained,

> [d]iscovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has demonstrated relevance under Rule 26(b)(1), "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Heredia v. Sunrise Senior Living LLC*, Case No. 8:18-cv-01974-JLS (JDEx), 2020 WL 3108699, at *2 (C.D. Cal. Jan. 31, 2020) (internal citation omitted). In analyzing the scope of discovery, the general rule is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

(Dkt. No. 732 at 3.)

As Judge Selna has also explained,

> Rule 30(b)(6) of the Federal Rules of Civil Procedure requires an organization upon request to designate a representative to testify on its behalf on specified topics. "The persons designated must testify about information known or reasonably available to the organization." (Fed. R. Civ. P. 30(b)(6).) "[T]he corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted).

*Hakim v. Murano, Inc.*, No. CV 15-05633 JVS (PLAx), 2017 WL 11632290, at *2 (C.D. Cal. Mar. 6, 2017), *motion for reconsideration granted in part on other issue*, No. CV 15-05633 JVS (PLAx), 2017 WL 11632278 (C.D. Cal. May 2, 2017).

## 4. ANALYSIS

### 4.1 Plaintiffs' July 7, 2022 Motion to Compel a Rule 30(b)(6) Witness on Plaintiffs' Topics 27–31, 57, 59, 68–70, and 73–79

#### 4.1.1 Plaintiffs' Topics 68–70

Apple's responsive brief states, "[w]hile Apple maintains that Topics 68 and 70 seek irrelevant information, Apple will designate a witness to testify as to non-privileged information on both topics in order to narrow the parties' dispute." The Special Master thus finds Plaintiffs' motion **MOOT** as to Topics 68 and 70.

Plaintiff's Topic 69 states the following.

3

Exhibit 3
Page 3

69. Tim Cook's preparation and responses to "Questions for the Record from the Honorable Henry 'Hank' Johnson, Jr., including the statement that "[t]he concept of 'efficient infringement' is an anathema to Apple," and that Boris Teksler "is not an Apple employee, [] was never the 'patent chief' at Apple, and [] does not speak for the company."

(Ex. 12 to Plf. Op. 30(b)(6) Br., at 66–68 (internal document numbering, corresponding to pages 94–96 of exhibit packet).)

The Special Master **DENIES** Plaintiffs' motion to compel a Rule 30(b)(6) witness on Topic 69. On its face, Topic 69 is very likely to implicate privileged information. Plaintiffs have not adequately explained how they would overcome privilege issues regarding, for example, "Time Cook's preparation" for the congressional hearing. Topic 69 otherwise relates to the same issues more generally raised by Topics 68 and 70. The Special Master agrees with Apple that the additional information sought in the context of this Topic is likely to also be cumulative of other discovery Plaintiffs have sought and obtained. The information sought is not otherwise proportional to the needs of this case.

### 4.1.2   Plaintiffs' Topics 75 and 76

In a footnote in its responsive brief, Apple states, "Plaintiffs appear to argue that Apple has also objected to Topics 75 and 76 . . . . In fact, Apple agreed to designate a witness on both Topics 75 and 76 in its very first response to Plaintiffs' Rule 30(b)(6) notice." (Def. Resp. 30(b)(6) Br. at 2 n.1.) The Special Master thus finds Plaintiffs' motion **MOOT** as to Topics 75 and 76.

### 4.1.3   Plaintiffs' Topics 27–31, 57, 59, 73, 74, and 77–79

Plaintiffs concede that Topics 27–31, 57, 59, and 73–79 "request Apple's factual bases for its contentions," including "that Apple is not using Masimo's trade secrets, that Masimo's trade secrets were not disclosed to Apple, that Masimo's trade secrets do not possess independent economic value, that Masimo'[s] trade secrets were not confidential, and that Masimo's trade secrets were disclosed to third parties." (Plf. Op. 30(b)(6) Br. at 4.) Plaintiffs state that they "maintain[ ] that neither party should have to designate witness[es] on such contentions. If the Special Master disagrees and determines that Apple's contention topics are appropriate, however, Masimo respectfully requests that the Special Master order Apple to provide a witness on Masimo's

contention topics." (*Id.* at 5.)

In *TCL v. Ericsson*, the Magistrate Judge reopened the deposition of a corporate witness based on counsel's improper instructions not to answer certain questions during the witness's original deposition. Judge Selna considered a "motion for review" of the Magistrate Judge's order. Judge Selna found that the Magistrate Judge's ruling should not be disturbed (plaintiff, the moving party, was not requesting that he do so), but further found that the defendant in the case should be additionally instructed to refrain from asking "improper-contention questions" at the reopened deposition. *TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*, No. SA CV 14-0341 JVS (DFMx), 2015 WL 13882659, at *6 (C.D. Cal. Nov. 6, 2015). Judge Selna stated,

> [Plaintiff] cites numerous cases for the impropriety of asking contention questions via deposition. In particular, [plaintiff] relies on *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991) [footnote omitted] and the Court agrees with the concern that "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken" by the party it has been deposed to represent. *McCormick-Morgan, Inc.*, 134 F.R.D. at 286. Contention questions are more appropriately raised via interrogatory, and it is unfair to make a single Rule 30(b)(6) witness, the representative of the party, attempt a response to questions about the position of the party that usually require entire teams of lawyers and experts to adequately answer. *See also Memory Integrity, LLC v. Intel Corp.*, 15-cv-0262, 308 F.R.D. 656 (D. Or. July 29, 2015) ("In particular, when the proposed deposition topics [. . .] involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device.").

*Id.* Although *TCL v. Ericsson* did not involve Rule 30(b)(6) *topics*, the Special Master finds that Judge Selna's reasoning also applies here.

The Special Master otherwise agrees that some of the disputed topic would otherwise create a dilemma for Apple, as Apple would seek to rely on AEO information to support its responses to questions on those topics, yet Apple has not been permitted to share that AEO information with its witnesses.

Plaintiffs' motion to compel designation of a Rule 30(b)(6) witness regarding its Topics 27–31, 57, 59, 73, 74, and 77–79 is **DENIED**.

5

Exhibit 3
Page 5

### 4.2 Apple's July 7, 2022 Motion to Compel a Rule 30(b)(6) Witness on Apple's Topics 4, 8, 31, 44, 49, 67, and 68

#### 4.2.1 Apple's Topics 4, 8, 31, 44, and 49

Apple's Topics 4, 8, 31, 44, and 49 are contention topics. Topic 4 is a three-part topic requesting "[a]ll facts and circumstances relating to the access by and/or disclosure to Apple of each of Plaintiffs' alleged Trade Secrets." Topic 8 asks Plaintiffs to testify regarding "Apple's alleged past, present, and/or future use or disclosure of each alleged Trade Secret." Topic 31 seeks "Plaintiffs' *contention* that Apple unjustly benefited" due to Apple's alleged trade secret misappropriation. Topic 44 seeks information "that You contend would not have been available to Apple but for its alleged misappropriation of Plaintiffs' Trade Secrets." Topic 49 seeks "[h]arm that Plaintiffs believe they have suffered and/or damages that Plaintiffs believe they have incurred," including based on 11 separate subtopics.

For the same reasons stated in Section 4.1.3 of this Order as to Plaintiffs' contention topics, Apple's motion to compel designation of a witness on these five topics is **DENIED**.

#### 4.2.2 Apple's Topics 67 and 68

Apple argues, "[i]f Plaintiffs intend to seek damages based on their inventorship and ownership claims, Apple is entitled to depose Plaintiffs regarding the material facts supporting those claims . . . Similarly, if Plaintiffs intend to present testimony at trial that the value of the technology at issue provided Apple with an incentive to claim inventorship, Topics 67 and 68 are relevant to that claim as well." (Def. Op. 30(b)(6) Br. at 3.) Apple also makes a third argument, asserting that "Apple's Topic 68 mirrors Plaintiffs' Topic 58."

Plaintiffs state, "[t]o avoid any ambiguity, Masimo confirms it is not seeking monetary damages for its patent ownership and inventorship claims. Thus, these topics are plainly irrelevant." (Plf. Resp. 30(b)(6) Br. at 3.) Plaintiffs also make other arguments in response to Apple's other assertions.

Apple's motion to compel designation of a witness on these two topics is **DENIED**, both on the basis of mootness and because Apple's other arguments fail to support that the information sought is sufficiently relevant to be proportional to the needs of this case.

**4.3     Apple's July 1, 2022 Motion to Compel Production of *True Wearables* Documents**

In Discovery Order No. 8, the Special Master considered Apple's March 11, 2022 motion to compel production in response to certain RFPs, including RFP Nos. 283–286. Those RFPs sought documents from *Masimo v. True Wearables*, Case No. 8:18-CV-02001-JVS-JDEx. After Discovery Order No. 8 issued, Apple submitted objections to Judge Selna. In an Order Regarding Apple's Objections to Special Master Order No. 8, Judge Selna overruled Apple's objections to this aspect of Discovery Order No. 8.

Among other things, Judge Selna stated the following (the Special Master copy-pastes extensively from Judge Selna's ruling because both parties spend precious brief space on their characterizations of individual sentences in it).

> . . . . Plaintiffs' briefing did not discuss relevance. See ECF No. 667-18 (Ex. 28) at 4-5 ("Apple's Request Nos. 283-286 are also overly burdensome and not proportionate to the needs of this case for many reasons."). Accordingly, rather than entertaining new relevance arguments for the first time before this Court, for the purposes of resolving the objection, the Court will assume the requested materials are relevant to whether Lamego possessed Plaintiffs' asserted trade secrets while working for Plaintiffs (i.e., Apple argues that, if he did not possess them, he could not have taken them to Apple). [Footnote 2: To the extent Plaintiffs now argue that Apple does not explain the overlap between the asserted trade secrets in this case and in the True Wearable case, Apple has no occasion to know what trade secrets have been asserted in another case governed by a restrictive protective order to which it is not a party.]
>
> . . . . The Court is familiar with the breadth of the filings in [the *True Wearables*] case and recently presided over a bench trial in that case. Considering the totality of that case, Plaintiffs have shown that Apple's requests are not proportional to the needs of *this* case. Moreover, Apple does not address the burdens associated with requiring Plaintiffs to manually review the entire True Wearables case for responsiveness to Apple's present requests, or relatedly, the issues arising from True Wearables' conditional consent to allow document sharing only after Plaintiffs have completed considerable manual review to comply with those conditions. Accordingly, the Court **OVERRULES** this objection.
>
> To the extent Apple wishes to seek a more limited production of relevant materials from the True Wearables litigation, Apple should meet and confer with Plaintiffs to discuss whether its new proposals concerning, e.g., 100 sealed docket entries is proportional to the needs of the case. If Apple brings an appropriate request before the Special Master in the first instance, in responding, Plaintiffs are in the best position to advise whether the requested material is relevant and proportional to the needs of this case (e.g., Plaintiffs know whether they are asserting any of the same trade secrets against Apple as they asserted against the True Wearables defendants,

> so Plaintiffs are in the best position to gauge the potential manual-review burden associated with any future narrowed request from Apple; if there is little to no overlap between the asserted trade secrets, for example, there may be little for Plaintiffs to review and the burden may be low). The Court expresses no opinion on such a hypothetical motion.

(Dkt. No. 748 at 5–6.)

Apple now moves to compel production of seven categories of documents from the *True Wearables* case, "including all associated papers such as oppositions, replies, and declarations." (TW Mot. at 2.) These seven categories of documents are:

1. Motion for Preliminary Injunction (Dkt. 153);
2. Defendants' Motion for Partial Summary Judgment (Dkt. 333);
3. Motion for Relief from Rule 60 (Dkt. 274);
4. Trial transcripts including written testimony, and closing arguments;
5. Trial briefs, including Motion to Strike (Dkt. 550);
6. All post-trial briefs, including all submissions of proposed findings of fact and conclusions of law (whether submitted before, during or after trial); and
7. Masimo's interrogatory responses.

(*Id.*) There are no other proposed limits on the information sought. For example, as Plaintiffs observe, Apple has not tailored its request "to documents that relate to Lamego's *work at Masimo or Apple*." (Opp'n re TW at 5 (emphasis in original).) Apple also does not specifically clarify that Plaintiffs can exclude documents or information that True Wearables designated as confidential. (*Id.*)

Although Apple insists that it has narrowly tailored its request for documents from the *True Wearables* case, with its stated document categories, it sweeps in "all associated papers." These requests look to be much broader than first glance might suggest.

But ultimately, it is simply unclear from the record how many documents (and redactions) are actually implicated by Apple's request, making it impossible to similarly evaluate whether the requests are overbroad or otherwise continue to create an undue burden (assuming threshold relevance has been established). And here, the Special Master must also comment that over-designation appears to be a severe problem in this case. No doubt, similar problems persist with the *True Wearables* docket as well. The Special Master wonders if a manual review might lead to determinations that some of the sealed material should simply be unsealed, for the benefit of both

8

Exhibit 3
Page 8

Apple and the public at large.

But turning back to the threshold question of relevance, Plaintiffs' assertions that many of the documents sought are irrelevant is surprising. Plaintiffs are strongly litigating a non-party issue preclusion theory in this case based on the *True Wearables* case, including by seeking documents that Apple claims are protected by a common interest privilege with True Wearables. If Plaintiffs want to bind Apple to determinations reached in the *True Wearables* case, Apple should at least be able to fairly review documents from that matter that may be relevant to defend against such a claim. (And if Apple wants to argue that Plaintiffs' non-party issue preclusion theory has no basis, Apple's insisting on the vast production of documents from *True Wearables* creates an interesting twist of its own. It seems that everyone wants to have their cake and eat it too.)

For its part, though, Apple appears to suggest that whether Plaintiffs are ultimately permitted to pursue discovery on a non-party issue preclusion theory, Apple is still entitled to the discovery it seeks from *True Wearables*. Apple states, for example,

> [b]oth lawsuits involved allegations of trade secret misappropriation by Plaintiffs' former employee Marcelo Lamego and allegations that Dr. Lamego disclosed those purported trade secrets to competitors . . . . At minimum, the materials sought by Apple are relevant to assess whether Plaintiffs have taken reasonable measures to secure the purported trade secrets and the scope of Dr. Lamego's knowledge of Plaintiffs' technology while he was their employee.

(TW Mot. at 2.) Apple also asserts that based on the limited information it has been provided, it believes there is some type of overlap or comparability between the trade secrets at issue in this case and *True Wearables*, further supporting relevance. (*Id.* at 3–4.)

At a high level, Apple's relevance arguments are reasonable. Assuming Plaintiffs are ultimately permitted to pursue discovery regarding their non-party issue preclusion theory, threshold relevance is even more easily established. The Special Master finds that in the current circumstances, including where the parties have recently been directed to brief the threshold issues surrounding Plaintiffs' non-party issue preclusion theory to Judge Selna (*see* Discovery Order No. 11), the Special Master finds a relevance evaluation for the current motion is premature.

9

Exhibit 3
Page 9

But either way, as noted, more information will also ultimately be necessary before either relevance or undue burden can be fairly evaluated. The Special Master **ORDERS** Plaintiffs to send an email to Apple within 7 days of this Order, that provides their best estimate of how many documents and/or redactions they believes are implicated by Apple's request, and their best estimate of how much time it would take to manually review those estimated documents. The parties must then meet and confer to determine whether they can reach agreement on narrowing any of the disputed issues discussed here, before then filing a joint report with the Special Master within 14 days of this Order.

## 5. CONCLUSION

Numerous other arguments were presented in the briefs and oral arguments, and all were considered by the Special Master in making this Order.

As explained further in various sections of this Order, the Special Master now rules as follows.

- Each party's July 7, 2022 motion to compel the other to designate a witness on certain Rule 30(b)(6) topics is **DENIED**.
- A ruling on Apple's July 1, 2022 motion to compel is **DEFERRED** pending the completion of the additional steps specified in Section 4.3 of this Order.

As noted, the Special Master provides this written Order under the terms of Paragraph 10 of the Order Appointing the Special Master, which states in part as follows.

> The Special Master shall issue rulings by order, except for any contempt findings that shall be issued by report and recommendation. See Fed. R. Civ. P. 53(c)(2). The Special Master shall provide any written order, report, or recommendation to counsel for the parties by email to give them an opportunity to propose redactions before submission to the Court. The parties shall meet and confer and submit any proposed redactions to the Special Master within three court days. If the parties cannot agree on redactions, the parties shall provide their positions by email to the Special Master, including all proposed redactions, and the Special Master may redact upon a finding that redaction is appropriate in his/her discretion before filing.

THUS IT IS ORDERED.

Dated: July 20, 2022

Hon. Andrew J. Guilford (Ret.)
Special Master

10

Exhibit 3
Page 10



1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

*Results Beyond Dispute*℠

www.judicatewest.com

**PROOF OF SERVICE**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Suite 1600, Santa Ana, CA 92705 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On July 20, 2022, I served the foregoing documents, described as:

**ORDER NO. 13 OF SPECIAL MASTER REGARDING THREE DISCOVERY DISPUTES**

to the following parties:
**SEE ATTACHED MAILING LIST**

**(X) BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

**( ) BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

**( ) BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

**( ) BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

**( ) BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

**( ) STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**( ) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 20, 2022,** at Santa Ana, California

<u>Heidi Adams</u>
Judicate West

Downtown Los Angeles Office • 601 S. Figueroa St., Suite 3400 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
Sacramento Office • 980 9TH Street, Suite 2200 • Sacramento, CA  95814 • (916) 394-8490 • Fax (916) 394-8495
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA  92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine St., Suite 1950 • San Francisco, CA  94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125

Exhibit 3
Page 11



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List
as of Tuesday, July 19, 2022

**JW Case #: A279845**

*Case Caption: Masimo Corporation, et al. vs. Apple, Inc.*

Jeremy A. Anapol, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jeremy.anapol@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Christian D. Boettcher, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: christian.boettcher@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Adam B. Powell, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: adam.powell@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Daniel P. Hughes, Esq.
Knobbe, Martens, Olson & Bear, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000   Fax: (858) 707-4001
Email: daniel.hughes@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Joseph F. Jennings, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: joe.jennings@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

Exhibit 3
Page 12



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Stephen C. Jensen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: steve.jensen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Mark D. Kachner, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: mark.kachner@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Benjamin A. Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: ben.katzenellenbogen@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Stephen W. Larson, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: stephen.larson@knobbe.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Perry D. Oldham, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: perry.oldman@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

Exhibit 3
Page 13



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

---

Joseph R. Re, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main St.
14th Floor
Irvine, CA 92614
Phone: (949) 760-0404   Fax: (949) 760-9502
Email: jre@kmob.com
Representing Masimo Corporation; Cercacor Laboratories, Inc.


Brian K. Andrea, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bandrea@gibsondunn.com
Representing Apple, Inc.


Brian M. Buroker, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: bburoker@gibsondunn.com
Representing Apple, Inc.


Angelique Kaounis, Esq.
Gibson, Dunn & Crutcher, LLP
2029 Century Park E.
Suite 4000
Los Angeles, CA 90067
Phone: (310) 552-8500   Fax:
Email: akaounis@gibsondunn.com
Representing Apple, Inc.


Jason C. Lo, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: jlo@gibsondunn.com
Representing Apple, Inc.


H. Mark Lyon, Esq.
Gibson, Dunn & Crutcher, LLP
1881 Page Mill Rd.
Palo Alto, CA 94304
Phone: (650) 849-5300   Fax: (650) 849-5333
Email: mlyon@gibsondunn.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

Exhibit 3
Page 14



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

Brian Rosenthal, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
Phone: (202) 955-8500   Fax: (202) 530-4238
Email: barosenthal@gibsondunn.com
Representing Apple, Inc.

Ilissa S. Samplin, Esq.
Gibson, Dunn & Crutcher, LLP
333 S. Grand Ave.
49th Floor
Los Angeles, CA 90071
Phone: (213) 229-7000   Fax: (213) 229-6635
Email: isamplin@gibsondunn.com
Representing Apple, Inc.

Kenneth G. Parker, Esq.
Haynes Boone, LLP
600 Anton Blvd.
Suite 700
Costa Mesa, CA 92626
Phone: (949) 202-3000   Fax: (949) 202-3114
Email: ken.parker@haynesboone.com
Representing Apple, Inc.

Marc R. Lewis, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: mlewis@lewisllewellyn.com
Representing Apple, Inc.

Tobias G. Snyder, Esq.
Lewis & Llewellyn, LLP
601 Montgomery St.
Suite 2000
San Francisco, CA 94111
Phone: (415) 800-0590   Fax: (415) 390-2127
Email: tsnyder@lewisllewellyn.com
Representing Apple, Inc.

Mark D. Selwyn, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6031   Fax:
Email: mark.selwyn@wilmerhale.com
Representing Apple, Inc.

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 4000 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

Exhibit 3
Page 15