MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE NO. 4 TO EXCLUDE UNLAWFUL CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS**<br><br>Date: Mar. 13, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  SARAH R. FRAZIER, *pro hac vice*
     sarah.frazier@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  60 State Street
   Boston, MA 02109
4  Tel.: 617.526.6000 / Fax: 617.526.5000

5  NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
6  WILMER CUTLER PICKERING
     HALE AND DORR LLP
7  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
8  Tel.: 720.274.3152 / Fax: 720.273.3133

9  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
11 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
12
13 KENNETH G. PARKER, SBN 182911
     Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
14 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
15 Tel. 650.949.3014 / Fax: 949.202.3001

16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

At trial, Plaintiffs will likely seek to offer several iterations of an "Employee Confidentiality Agreement" (collectively, "Agreements") signed by Marcelo Lamego and Michael O'Reilly when they were employed by Plaintiffs. *See* Ex. 4-9. Those Agreements include confidentiality provisions that purport to encompass ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 4; Ex. 9. Plaintiffs will likely argue that Lamego and O'Reilly breached the confidentiality provisions during their time at Apple and that such a breach is relevant to two elements of their misappropriation claim: reasonable efforts to maintain secrecy and misappropriation by improper means. Plaintiffs are likely to make such arguments even though there is no actual breach-of-contract claim in this case, and Lamego and O'Reilly are not parties to this case.

The confidentiality provisions are so broad and subjective as to constitute improper restraints on trade under California Business & Professions Code § 16600, which reflects "California['s] settled public policy in favor of open competition." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945 (2008). Plaintiffs should not be permitted to compel employees to sign agreements that are contrary to law, and then use those same agreements to their advantage in affirmative litigation. Rather, Plaintiffs should be precluded from offering any evidence, testimony, or argument about the confidentiality provisions of the Agreements, which are irrelevant, unfairly prejudicial, and would lead to undue delay.

## ARGUMENT

Evidence is relevant, and therefore may be admissible, if it both "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible" for any purpose, Fed. R. Evid. 402, and even relevant evidence should be excluded "if its probative value is substantially outweighed by a

danger of," *inter alia*, "unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time," Fed. R. Evid. 403.

I. **MASIMO SHOULD BE PRECLUDED FROM RELYING ON THE OVERBROAD "CONFIDENTIALITY" PROVISIONS OF O'REILLY AND LAMEGO'S AGREEMENTS**

A. **Section 16600 Prohibits Restraints On Employee Mobility, Including Sweeping Confidentiality Provisions**

"Today in California, … 'every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.'" *Edwards*, 44 Cal. 4th at 945 (quoting Cal. Bus. & Prof. Code § 16600). California "courts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility." *Id.* at 946. Accordingly, employment agreements that "restrain a former employee from engaging in his or her profession, trade, or business" are routinely invalidated "unless the agreement falls within one of the exceptions to the rule," none of which is relevant here. *Id.* at 946-947.[1] Importantly, the term "restrain" is not construed narrowly to cover "only contracts that totally prohibit an employee from engaging in his or her profession, trade, or business are illegal." *Id.* at 947. Even "[a]greements that do not have this broad effect—but merely regulate some aspect of post-employment conduct … are … within the scope of section 16600." *Id.* at 947 (quotation marks omitted); *see also Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1158 (2020) (*Edwards* "rejected the argument that section 166000 only voids restraints that entirely prohibit an employee from engaging in a profession and not less restrictive limitations").

---

[1] The exceptions recognized by *Edwards* are limited to partnership dissolutions and the sale of the goodwill of a business. 44 Cal. 4th at 947. As another court noted, these "narrow" statutory exceptions to Section 16600 "reinforce the conclusion that covenants not to compete in contracts *other than* for sale of goodwill or dissolution of partnership are void." *Kolani v. Gluska*, 64 Cal. App. 4th 402, 406 (1998).

Whether a contractual provision violates Section 16600 does not turn on whether it is labeled as a non-competition provision, but rather "whether it imposes 'a restraint of a substantial character' regardless of 'the form in which it is cast.'" *Golden v. California Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1091 (9th Cir. 2015) (quoting *Chamberlain v. Augustine*, 172 Cal. 285, 288 (1916)). The key question is whether the provision "significantly or materially impedes a person's lawful profession, trade, or business." *Golden v. California Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1024 (9th Cir. 2018). This is not a high bar: "[I]t will be the rare contractual restraint whose effect is so insubstantial that it escapes scrutiny under section 16600." *Id.* In recent years, courts have repeatedly invalidated contractual provisions that purport to restrict a former employee's ability to practice his or her profession using information that a former employer deemed "confidential."

For example, the California Court of Appeal invalidated a "strikingly broad" confidentiality provision that required the employee to keep "'information, in whatever form, used or usable in, or originated, developed or acquired for use in, or about or relating to, the Business'" "'in strictest confidence and trust' during and after employment." That court explained that the provision was phrased so broadly as to effectively bar the employee from working in the securities industry for the rest of his career. *See Brown v. TGS Mgmt Co.*, 57 Cal. App. 5th 303, 316-317 (2020). Similarly, another court in the Central District of California has held void a provision barring the employee from "'using Confidential Information to compete with [the Company], both during and after [Employee's] employment, in perpetuity,'" where "confidential information" was "'to be broadly defined and includes all information that has or could have commercial value or utility in the business of the Company, its clients, and all others with whom it does business." *Western Air Charter, Inc. v. Schembari*, 2017 WL 7240775, at *4 (C.D. Cal. Dec. 14, 2017); *see also AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 939-940 (2018) (prohibition on using

"confidential information" to recruit Plaintiffs' employees violated Section 16600); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 57-579 (2009) (contract that "broadly defined" "'confidential information'" as "information disclosed to or known by the employees" made it "nearly impossible" for employees to practice their chosen profession after leaving plaintiffs' employment).

### B. The Confidentiality Provisions Of The O'Reilly and Lamego Agreements Are Void Under Section 16600

**1.** The provisions of the Agreements that purport to protect confidentiality are effectively limitations on employee mobility. In particular, nearly every version of Plaintiffs' Agreements prohibits the use of "Confidential Information" outside of Masimo and defines that term to include ▮▮▮▮▮▮▮▮▮▮ *E.g.,* Ex. 4 at 4 (emphases added).[2] The Agreement includes no exceptions, meaning ▮▮▮▮▮▮▮▮▮▮, prohibiting the utilization of even the kind of "general knowledge in the trade or … special knowledge of those persons … skilled in the trade" that the California Court of Appeal and Ninth Circuit have confirmed are not protected by trade secret law. *See, e.g.*, *Altavion, Inc. v. Konica Minolta Systems Labs., Inc.*, 226 Cal. App. 4th 26, 44 (2014) (noting, in context of explaining readily ascertainable doctrine, bounds of what trade secrets can cover); *see also Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-1165 (9th Cir. 1998) (similar). Such a provision "patently violate[s] section 16600," as it "operate[s] as a de facto noncompete provision" by "bar[ring] [a former employee] in perpetuity from doing any work in the [relevant] field." *Brown*, 57 Cal. App. 5th at 319.

---

[2] One iteration of O'Reilly's agreement uses a slightly different but still broad formulation for ▮▮▮▮▮▮▮▮▮▮

1    Notably, the confidentiality provisions of Plaintiffs' Agreements are significantly
2    broader than others that have been held void under Section 16600.  For instance, *Western
3    Air Charter* invalidated a provision that prohibited the employee "from ever using
4    'Confidential Information' to compete with [p]laintiff 'in perpetuity'" even though the
5    agreement included exceptions to the broad definition [of 'Confidential Information']
6    for information 'generally known to the public' and information that [the former
7    employee] independently develops."  2017 WL 7240775, at *4.  Likewise, the invalid
8    contract at issue in *Brown* at least had exceptions for (1) "'information which is or
9    becomes generally known in the securities industry through legal means without fault
10   by' [the former employee]" and (2) for "information which 'was known by Employee
11   on a non-confidential basis prior to his initial engagement or employment by Employer,
12   as evidenced by Employee's written records."  47 Cal. App. 5th at 317.

13   Even beyond the plain text of the Agreements, Plaintiffs' subsequent statements
14   ███████████████████████████████████████████████████████████████
15   ███████████████████████████████████████████████████████████████
16   ███████████████████████████████████████████████████████████████
17   ███████████████████████████████████████████████████████████████
18   ███████████████████████████████████████████████████████████████
19   ███████████████████████████████████████████████████████████████
20   ███████████████████████████████████████████████████████████████
21   ███████████████████████████████████████████████████████████████
22   ██████████████████████████████████████████████████████  Indeed,
23   Plaintiffs have previously attempted to use the Agreements to do precisely what Section
24   16600 forbids—i.e., "restrain a former employee from engaging in his or her profession,
25   trade, or business."  *Edwards*, 44 Cal. 4th at 946.  Specifically, ████████████
26   ███████████████████████████████████████████████████████████████
27   ███████████████████████████████████████████████████████████████
28

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ██████████████████████████

7  **2.**     Apple anticipates that Plaintiffs will make several (meritless) arguments for why Section 16600 does not invalidate the Agreements' confidentiality provisions.

*First*, Plaintiffs may contend that this Court's prior ruling in the *True Wearables* litigation—rejecting True Wearables' argument that Lamego's contract was unenforceable—should govern this dispute as well. *See Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *4-5 (C.D. Cal. Nov. 7, 2022). But based on the documents that Plaintiffs have produced, True Wearables did not argue that the confidentiality provisions were facially invalid as a matter of law. ████

15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ████████████████████████████████████████
21 ████████████████████████████████████████
22 ████████████████████████████████████████
23 ██████████████████  The Court ultimately held, without delving into the Section 16600 case law presented above, that True Wearables had "failed to show" that the contracts were "unenforceable as to … Masimo's narrow breach of contract claims." *True Wearables*, 2022 WL 17083396, at *5. In any event, this Court is not bound to

1  follow that decision, as it has already held that Apple is not subject to collateral estoppel
2  by rulings made in *True Wearables*. *See* Dkt 896 at 3-6.³

3      *Second*, Plaintiffs may contend that Section 16600 is inapplicable because some
4  older California cases could be read to suggest that there is an exception to the statute
5  for cases involving trade secret misappropriation. But even if such an exception existed,
6  a contractual provision would have to be "'carefully limited' and 'narrowly tailored' to
7  the protection of trade secrets" to fall within its bounds. *Western Air Charter*, 2017 WL
8  7240775, at *4. Where, as here, "an employment agreement bars the use of generalized
9  categories of information, the restriction is not narrowly tailored." *Id.*; *see also supra*
10 pp. 4-5 (noting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮). In any event, the better view is that there is no "judicially created 'exception' to
13 section 16600[]" for trade secret misappropriation. *AMN Healthcare*, 28 Cal. App. 5th
14 at 940. A court can enjoin trade secret misappropriation notwithstanding Section 16660
15 only when the underlying conduct is "wrongful independent of any contractual
16 undertaking." *Ret. Grp. v. Galante*, 176 Cal. App. 4th 1226, 1238 (2009).

17     *Third*, Plaintiffs may argue that the Agreements should be construed narrowly to
18 avoid a conflict with Section 16600. California courts have rejected such an approach
19 because it encourages employers to write employment agreements in sweeping, anti-
20 competitive terms and would mean that Section 16600 protects only those employees
21 savvy enough to consult an attorney. *D'sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 935
22 (2000). Put slightly differently, "[e]mployers would have no disincentive to use the
23 broad, illegal clauses if permitted to retreat to a narrow, lawful construction in the event
24 of litigation." *Kolani*, 64 Cal. App. 4th at 407; *see also Dowell*, 179 Cal. App. 4th at

---

³ The only case that this Court cited in support of its ruling in *True Wearables* did not address whether an overly expansive definition of ▮▮▮▮▮▮▮▮▮▮▮▮ implicated Section 16600. *See Lawrence Crane Enterprises, Inc., v. Abrams*, 2013 WL 12123997, at *5 (C.D. Cal. Jan. 28, 2013).

579 (rejecting a narrow construction approach where the result would not be "to correct a mistake of the parties but rather to save a statutorily proscribed and void provision").

### C. Plaintiffs Should Not Be Permitted To Rely On Void Contractual Provisions At Trial

Because the Agreements' confidentiality provisions contravene section 16600, they are unenforceable. *See, e.g.*, *Aramark Management, LLC v. Borgquist*, 2021 WL 9145423, at *2-*3 (C.D. Cal. 2021) (plaintiffs could not recover on breach of contract claim based on confidentiality provision that was void under Section 16600). And if they are unenforceable, they are irrelevant under FRE 402, as they necessarily cannot be used to establish the only conceivably relevant elements of a trade secret claim—i.e., that Plaintiffs took reasonable efforts to preserve the secrecy of their purported trade secrets (a void confidentiality agreement provides no protection) or that Apple gained access to the purported secrets as the result of the "improper means" of a breach of contract.[4]

Moreover, the Agreements' confidentiality provisions should also be excluded under FRE 403. Any minimal probative value to be gleaned from an unenforceable contract provision is substantially outweighed by the unfair prejudice to Apple if Plaintiffs are allowed to rely on an unlawful employment agreement. The introduction of the Agreements would also cause undue delay and juror confusion, as Apple would have to present rebuttal testimony and potentially ask this Court to clarify for the jury that the Agreements are void and cannot be used to prove Plaintiffs' affirmative trade secret case. This type of satellite litigation in a case that does not even involve a breach of contract claim is wholly unwarranted.

---

[4] The Agreements' confidentiality provisions are also plainly irrelevant to the inventorship/ownership claims, because there is nothing in them that would make it any more or less likely that Apple improperly failed to list Plaintiffs' employees as co-inventors on certain patents or that Lamego made an inventive contribution to certain patents and patent applications while Plaintiffs' employee.

# CONCLUSION

Apple respectfully requests that this Court preclude Plaintiffs from offering any evidence, testimony, or argument concerning the confidentiality provisions of the Employee Confidentiality Agreements. *See, e.g.*, Ex. 4, Ex. 5, Ex. 6, Ex. 7, Ex. 8, & Ex. 9.

Dated: February 13, 2023          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 2,695 words, which:

__X__ complies with the word limit of L.R. 11-6.1.

____ complies with the word limit set by court order dated [date].

Dated: February 13, 2023

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*