UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 3, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Redacted Order Regarding Motion to Exclude Expert Opinions and Testimony [1114]**

Defendant, Apple Inc. ("Apple"), moves to exclude certain expert opinions and testimony. (Mot., Dkt. No. 1114 (sealed); Dkt. No. 1112 (unsealed).) Plaintiffs, Masimo Corporation ("Masimo Corp.") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") opposed. (Opp'n, Dkt. No. 1160 (sealed); Dkt. No. 1157 (unsealed).) Apple replied. (Reply, Dkt. No. 1219 (sealed); Dkt. No. 1217 (unsealed).)

For the following reasons, the Court **DENIES** the motion.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the February 6, 2023, hearing as to this motion.

## I. BACKGROUND

The facts of the case are well known to the parties and the Court. The Court recites the facts only as necessary to resolve the present motion.

Apple moves to exclude the opinions and expert testimony of Dr. Robert Palmatier ("Dr. Palmatier"). Dr. Palmatier opined on Masimo Corp. and/or Cercacor's alleged business and marketing and hospital interactions trade secrets ("trade secrets"). (See generally Expert Report, Dkt. No. 1112-2, Ex. 1 (unsealed); Rebuttal Report, Dkt. No. 1112-3, Ex. 2 (unsealed); Dr. Palmatier Dep. I, Dkt. No. 1112-4, Ex. 3 (unsealed); Dr. Palmatier Dep. II, Dkt. No. 1112-5, Ex. 4 (unsealed).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                           Date  February 3, 2023

Title  Masimo Corporation et al. v. Apple Inc.

### II. LEGAL STANDARD

Expert testimony is admissible if the party offering such evidence shows that the testimony is both reliable and relevant. Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590–91 (1993). Federal Rule of Evidence 702 permits expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. An expert can be qualified "by knowledge, skill, experience, training, or education." Id.

A trial court has a "gatekeeping" obligation to admit expert testimony only when it is both reliable and relevant. Daubert, 509 U.S. at 589; Kumho Tire Co., 526 U.S. at 147-149. "In Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." Domingo ex rel. Domingo v. T.K., 289 F.3d 600, 605 (9th Cir. 2002). The Supreme Court later held that "a trial court may consider one or more" of the Daubert factors in determining the reliability of nonscientific expert testimony. Kumho Tire Co., 526 U.S. at 141 (emphasis in original). Further, the court has "broad latitude" to decide how to determine the reliability of the testimony and whether the testimony is in fact reliable. Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1064 (9th Cir. 2002); see Kumho Tire Co., 526 U.S. at 141. The "test of reliability is flexible, and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Id. (internal citations omitted).

### III. DISCUSSION

A.  Dr. Palmatier's Opinion that Plaintiffs "developed and/or" used the alleged trade secrets.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                                    Date  February 3, 2023

Title  Masimo Corporation et al. v. Apple Inc.

    Dr. Palmatier's expert report states: "In this report, I refer to 'Masimo' to refer to Masimo and/or Cercacor. Where a distinction between Masimo and Cercacor is relevant to my analysis, I endeavor to refer to 'Masimo Corp.' or 'Cercacor.'" (Expert Report at 1, ¶ 2 n.1.) Apple argues the failure to make this distinction (i.e., use of "and/or") renders Dr. Palmatier's opinion unreliable. Plaintiffs argue the failure to distinguish is not necessary.

    During his deposition, Dr. Palmatier was asked: "[D]id Masimo alone develop any of the alleged trade secrets?" (Ex. 3 at 164.) Dr. Palmatier replied: "Again, I go to what my report says. My summary opinion is Masimo developed, and as 'Masimo,' it's Masimo and/or Cercacor Corp." (Id.) True, Dr. Palmatier's testimony and report could mean just Masimo Corp., just Cercacor Corp., or both together. But, as this court previously noted and as is the case here, "Apple has cited to no law requiring that plaintiffs suing together specify which of them owns a particular trade secret." (See Order, Dkt. No. 264, at 9.) Once again, Apple does not cite any relevant or binding authority on this issue. "This lack of specificity and factual underpinning," as Apple contends, is something that can be addressed on cross-examination. (See Mot. at 9–10.) Dr. Palmatier need not explicitly distinguish between Masimo Corp. and Cercacor.

    Apple relies on three cases in support of its motion. In Grasshopper House, LLC v. Clean and Sober Media LLC, the court excluded the damages expert's opinion because it relied on "vague and unsubstantiated evidence" from an email. 2019 WL 12074086, at *3 (C.D. Cal. July 1, 2019). In Sitrick v. Dreamworks, LLC, the court excluded the expert's conclusory opinions because the opinion was "unsupported by any actual information from" the expert. 2006 WL 6116641, at *29 (C.D. Cal. July 20, 2006). In Castaic Lake Water Agency v. Whittaker Corp., the court excluded the expert's opinion because the expert could not reliably rule out any alternative causes of a well contamination. 2002 WL 34700741, at *6 (C.D. Cal. Oct. 25, 2002). This made the testimony "scientifically unreliable." Id. But Dr. Palmatier's testimony does not rely on vague or unsubstantiated evidence or information, and does not involve ruling out issues in the same way as required in Castaic Lake Water Agency. The Court finds all of these cases distinguishable from, and not relevant to Dr. Palmatier's opinions.

    In any event, as Plaintiffs point out, Dr. Palmatier's opinions may be also relevant to explain Apple's confidential business strategies and show if Apple used or developed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                                  Date  February 3, 2023

Title     Masimo Corporation et al. v. Apple Inc.

the relevant trade secrets. (See Opp'n at 10.) The Court finds the cross-examination of Dr. Palmatier is sufficient to alleviate any of Apple's concerns.

Accordingly, the Court **DENIES** the motion on this basis.

B.      *Dr. Palmatier's Opinion on the Scope of the Trade Secrets*

Apple argues Dr. Palmatier "offers no explanation as to what the alleged secrets mean" and instead asserts the Business trade secret "speaks for itself." (Mot. at 10–11.) Specifically, Apple argues Dr. Palmatier fails to explain what the trade secrets mean or identify any document not created for the purpose of this litigation that includes the alleged trade secrets. (Id.)

Apple argues Dr. Palmatier failed to explain what the trade secrets mean or define any of the terms of the trade secrets. (Mot. at 11.) Apple points to, for example, when Dr. Palmatier was asked to define ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Mot. at 11; Ex. 4 at 278.) Dr. Palmatier responded: ". . . I think the language is clear in Trade Secret B-1. . . . I have not provided opinions of the individual definitions of any terms or phrases in B-1 in my report. If I want to evaluate what something means in there, as regards to Trade Secret B-1, I need to look at the full context of the product or the phrase in this context in order to be fully evaluated." (Id. at 278–79.) Dr. Palmatier opined on the trade secrets, including B-1, as a whole. (See, e.g., Ex. 1 ¶ 174.) His failure to define specific phrases or terms does not render his opinion "of no use" as Apple suggests. None of the cases cited by Apple suggest Dr. Palmatier's opinions are unhelpful due to his failure to define specific terms or phrases. See Pac. Fuel Co., LLC v. Shell Oil Co., 2008 WL 11336467, at *3 (C.D. Cal. Jan. 24, 2008) (discussing use of experts to define "terms of art, science, or trade" in the context of contract interpretation); Arevalo v. Coloplast Corp., 2020 WL 3958505, at *21 (N.D. Fla. July 7, 2020) (noting experts may review internal documents to explain the basis of their admissible opinion so long as they do not simply parrot the documents). After reviewing the cited portions of Dr. Palmatier's reports and deposition, the Court finds Dr. Palmatier sufficiently explains the trade secrets and applies them to this case.

Apple argues "Dr. Palmatier has been unable to identify any document not created for the purposes of this litigation that includes the language of the alleged secrets." (Mot. at 12.) True, as Dr. Palmatier admits, there is not a singular document containing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 3, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

the B-1 trade secret. (See Ex. 4 at 355, 360.) Dr. Palmatier stated: "When I analyzed Trade Secret B-1, I analyzed the whole aggregate of documents to see if it met the criteria of being a trade secret. There was not any one document that word for word captured exactly the terminology in Trade Secret B-1." (Id.) Dr. Palmatier's testimony merely indicates he did not find a single document that included the trade secrets. Instead, Dr. Palmatier relied on "the whole aggregate of documents." (Id.; see, e.g., Ex. 1 ¶¶ 83, 115.) This does not equate to Dr. Palmatier saying "trust me , I know," as Apple suggests. (See Mot. at 12 (citing United States v. Adams, 444 F. Supp. 3d 1248, 1259 (D. Or. 2020) ("If someone cloaked in the powerful robe of science tells a jury he knows something, and the reason why amounts to 'trust me, I'm a scientist,' then the [plaintiff] gains most of the power of scientific evidence at none of the cost.")).)

As the court in Comet Technologies USA Inc. v. XP Power LLC aptly stated, "to the extent that [Apple] disagrees with the conclusions reached by the experts, or questions the reliability of their methods, those subjects can be appropriately discussed on cross-examination." 2022 WL 244810, at *2 (N.D. Cal. Mar. 2, 2022); see also Hangarter v Provident Life and Acc. Ins. Co., 373 F.3d 998, 1017 n.4 (9th Cir. 2004). Apple is welcome to cross-examine Dr. Palmatier at trial on his opinions regarding the trade secrets. But the Court will not wholesale exclude Dr. Palmatier based on the grounds raised.

Accordingly, the Court **DENIES** the motion on this basis.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**