UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 10, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Redacted Order Regarding Motion to Exclude Expert Opinions and Testimony [1118]**

Plaintiffs, Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"), move to exclude certain expert opinions and testimony. (Mot., Dkt. No. 1118 (sealed); Dkt. No. 1117 (unsealed).) Defendant, Apple Inc. ("Apple"), opposed. (Opp'n, Dkt. No. 1161 (sealed); Dkt. No. 1159 (unsealed).) Plaintiffs replied. (Reply, Dkt. No. 1209 (sealed); Dkt. No. 1208 (unsealed).) The Court heard oral argument on February 6, 2023.

For the following reasons, the Court **GRANTS in part and DENIES in part** the motion.

## I. BACKGROUND

The facts of the case are well known to the parties and the Court. The Court recites the facts only as necessary to resolve the present motion.

Plaintiffs seek to exclude certain opinions offered by Apple's experts. First is the opinion that Plaintiffs' trade secrets are readily ascertainable. Second is the opinion that Plaintiffs' trade secrets are generally known. Lastly, Plaintiffs seek to exclude the opinions of two of Apple's experts on other grounds.

The experts include Dr. Majid Sarrafzadeh ("Dr. Sarrafzadeh"), Dr. Steve Warren ("Dr. Warren"), Dr. Marco Perez ("Dr. Perez"), and Dr. Ran Kivetz ("Dr. Kivetz"). Dr. Sarrafzadeh's opinion addressed the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ trade secrets. (Dr. Sarrafzadeh Expert Report, Ex. 1, Dkt. No. 1117-2 (unsealed); Dr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 10, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Sarrafzadeh Deposition, Ex. 2, Dkt. No. 1117-3 (unsealed).) Dr. Warren addressed the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ trade secrets and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ trade secrets. (Dr. Warren Expert Report, Ex. 3, Dkt. No. 1117-4 (unsealed); Dr. Warren Deposition I, Ex. 4, Dkt. No. 1117-5 (unsealed), Dr. Warren Deposition II, Ex. 5, Dkt. No. 1117-6 (unsealed).) Dr. Perez addressed the Business and Marketing Plans and Strategies trade secrets ("Business trade secrets"). (Dr. Perez Expert Report, Ex. 6, Dkt. No. 1117-7 (unsealed); Dr. Perez Deposition, Ex. 7, Dkt. No. 1117-8 (unsealed).) Dr. Kivetz also addressed the Business trade secrets. (Dr. Kivetz Expert Report, Ex. 8, Dkt. No. 1117-9 (unsealed); Dr. Kivetz Deposition I, Ex. 9, Dkt. No. 1117-10 (unsealed), Dr. Kivetz Deposition II, Ex. 10, Dkt. No. 1117-11 (unsealed).)

## II. LEGAL STANDARD

Expert testimony is admissible if the party offering such evidence shows that the testimony is both reliable and relevant. Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590–91 (1993). Federal Rule of Evidence 702 permits expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. An expert can be qualified "by knowledge, skill, experience, training, or education." Id.

A trial court has a "gatekeeping" obligation to admit expert testimony only when it is both reliable and relevant. Daubert, 509 U.S. at 589; Kumho Tire Co., 526 U.S. at 147-149. "In Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." Domingo ex rel. Domingo v. T.K., 289 F.3d 600, 605 (9th Cir. 2002). The Supreme Court later held that "a trial court *may* consider one or more" of the Daubert factors in determining the reliability of nonscientific expert testimony. Kumho Tire Co., 526 U.S. at 141 (emphasis in original). Further, the court has "broad latitude" to decide how to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 10, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

determine the reliability of the testimony and whether the testimony is in fact reliable. Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1064 (9th Cir. 2002); see Kumho Tire Co., 526 U.S. at 141. The "test of reliability is flexible, and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Id. (internal citations omitted).

### III. DISCUSSION

*A.   The Opinion that Plaintiffs' Trade Secrets are Readily Ascertainable*

Plaintiffs seek to exclude Apple's experts because the experts claim Plaintiffs' trade secrets are "readily ascertainable" without claiming Apple obtained the trade secrets from those sources. (Mot. at 3.)

This Court previously discussed the meaning of "readily ascertainable" under California law. See Masimo Corporation v. True Wearables Inc., 2021 WL 2548690, at *4 (C.D. Cal. Apr. 28, 2021). "[R]eady ascertainability is only a defense insofar as the defendant actually gained knowledge of the trade secret by use of those materials which make the trade secret readily ascertainable." Id. The Federal Circuit affirmed, holding:

> Under the CUTSA, the Ninth Circuit has explained, ready ascertainability is a defense to a claim of misappropriation of trade secrets, but the defense is available only if the defendant can establish that the alleged trade secret was obtained from sources that made the information ascertainable. Imax Corp. v. Cinema Techs., Inc., 152 F.3d 1161, 1168 n.10 (9th Cir. 1998). Based on a California pattern jury instruction, TW argues that the Ninth Circuit has misstated the rule in California. See Judicial Council of Cal. Civ. Jury Instructions No. 4420 (2021). In the absence of a controlling California court decision to the contrary, it was appropriate for the district court to follow the Ninth Circuit's interpretation of the California statute.

Masimo Corporation v. True Wearables, Inc., 2022 WL 205485, at *3 n.1 (Fed. Cir. Jan. 24, 2022).

Apple disagrees, relying on two California Courts of Appeal cases. In American Paper & Packaging Products, Inc. v. Kirgan ("American Paper"), the court held "lists of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                                Date  February 10, 2023

Title   Masimo Corporation et al. v. Apple Inc.

customers . . . may not be generally known to the public, they certainly would be known or readily ascertainable to other persons in the shipping business. The compilation process in this case is neither sophisticated nor difficult nor particularly time consuming." 183 Cal. App. 3d 1318, 1326 (1986). Accordingly, the court denied the preliminary injunction because of "the absence of a protectable interest . . . ." Id. But American Paper was expressly rejected by other California courts and courts in this district. See Courtesy Temp. Serv., Inc. v. Camacho, 222 Cal. App. 3d 1278, 1285–86 (1990) (noting "American Paper misconstrued California's trade secret statute and its legislative intent"); Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc., 2019 WL 2177262, at *8 (C.D. Cal. May 20, 2019) (noting "subsequent cases have declined to follow American Paper, which predates California's adoption of the UTSA").

Apple's reliance on San Jose Construction, Inc. v. S.B.C.C., Inc. is also unavailing. 155 Cal. App. 4th 1528 (2007). Apple argues the court there "held that a readily ascertainable defense may be available even where the defendant did not actually rely on public materials or reverse engineer the purported trade secrets." (Opp'n at 3.) But that was not the court's holding. The court found a triable issue "as to whether the entire proposal for each project was indeed *readily* ascertainable—that is, whether [defendant] could have replicated each offer within the short period it claimed to have needed." San Jose Constr., Inc., 155 Cal. App. 4th at 1543 (emphasis in original). The Court need not discuss the remaining cases cited by Apple because, as Plaintiffs point out, each of the cases cite to Morlife, Inc. v. Perry's discussion of American Paper. See 56 Cal. App. 4th 1514, 1521–22 (1997).

Plaintiffs argue, and Apple does not dispute, Apple's experts do not claim Apple obtained Plaintiffs' trade secrets from a readily ascertainable source. (See generally Mot. at 6–7; Reply at 9–10.) Based on the foregoing discussion, the readily ascertainable defense is only available if Apple can show it obtained the trade secrets from the sources. Apple's experts fail to do so here. Accordingly, their opinions on this subject should be excluded.

The Court **GRANTS** the motion on this basis.

B.     *The Opinion that Plaintiffs' Trade Secrets are Generally Known*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                              Date  February 10, 2023

Title  Masimo Corporation et al. v. Apple Inc.

    Under CUTSA, a trade secret is information that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1(d). "The standard to show that trade secrets derive [independent] economic value is not a high standard." Cisco Sys., Inc. v. Chung, 462 F. Supp. 3d 1024, 1052 (N.D. Cal. 2020). "To have independent economic value, a trade secret must be sufficiently valuable and secret to afford an actual or potential economic advantage over others." Id.

    Plaintiffs argue Apple's experts apply the incorrect legal standard as to whether the trade secrets are "generally known."

    As this Court noted in Masimo Corporation v. True Wearables, Inc., 2022 WL 17083396, at *9 (C.D. Cal. Nov. 7, 2022): "The [generally known] inquiry is not whether the alleged trade secret has been publicly disclosed at all, but whether it has become 'generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value[.]' Kittrich Corp. v. Chilewich Sultan, LLC, 2013 WL 12131376, at *4 (C.D. Cal. Feb. 20, 2013) (quoting DVD Copy Control Ass'n, Inc. v. Bunner, 116 Cal. 4th 241, 251 (2004))."

    1.    Dr. Sarrafzadeh and Dr. Warren

    Plaintiffs argue Dr. Sarrafzadeh and Dr. Warren improperly break down Plaintiffs' trade secrets into "elements" and attempt to show each element was publicly disclosed. (Mot. at 9–10.)

    Plaintiffs argue "courts should not examine a trade secret 'bit by bit' while requiring the plaintiff 'demonstrate protectability of its elements or some of them.'" (Mot. at 10 (citing Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc., 226 Cal. App. 4th 26, 48 (2014).) But Plaintiffs' quotation of Altavion is simply the court's resuscitation of the Tenth Circuit's holding in another case. The Court of Appeal's held that plaintiff's "implementation [of the trade secret] was potentially protectable as a 'combination of characteristics and components' regardless of whether particular design concepts separately qualified for protection as trade secrets." Id. (internal citation omitted). The court was not concerned with whether trade secrets should be examined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                              Date  February 10, 2023

Title  Masimo Corporation et al. v. Apple Inc.

"bit by bit" but rather whether a trade secret exists based on a combination of separate items. This case does not stand for the proposition that Dr. Sarrafzadeh and Dr. Warren are barred from describing the trade secrets in an element by element manner. But such an approach is valid only where the aggregate, not the individual components, is generally known.

Next, Plaintiffs argue Dr. Sarrafzadeh and Dr. Warren "fail[] to show any portion of the industry knows of the sources they cite, . . . ." (Mot. at 10.) Plaintiffs primarily rely on this Court's holding in Masimo Corporation v. True Wearables Inc., 2021 WL 2548690, at *4 (C.D. Cal. Apr. 28, 2021). There, this Court held that techniques described in articles published as conference papers does not render the technique "generally known" to individuals who could obtain economic value from the techniques. Id. While relevant, the Court's holding there is not dispositive. Here, Plaintiffs reference Dr. Warren's testimony about what "generally known" means. (See Ex. 4 at 283, 284, 286.) Dr. Warren was asked if he knew how many people read the references that he relies on to show Plaintiffs' trade secrets are generally known. (Id. at 256.) Dr. Warren replied: "Again, there's no way to quantify that. However, the references that I have identified are known to, I know, large groups of people, because they are in journals, for example, that are widely read in this community." (Id.) Plaintiffs' argument goes to the weight of Dr. Warren's testimony, not its admissibility. This issue is one more appropriate for the jury to decide on, not this Court.

Relatedly, Plaintiffs argue Dr. Sarrafzadeh and Dr. Warren's "cobbling together multiple sources is insufficient to show a trade secret is generally known to relevant people in the industry." (Mot. at 11.) Plaintiffs essentially repackage both of its arguments from above to argue both expert's opinions are legally irrelevant. Thus, the Court's previous analysis applies with equal force to these arguments.

At most, Plaintiffs' arguments goes to the weight of each of the expert's opinions, not admissibility. The Court will instruct the jury on the law at trial.

### 2. Dr. Perez and Dr. Kivetz

Plaintiffs argue Dr. Perez and Dr. Kivetz's opinions should be excluded for the same reasons as Dr. Sarrafzadeh and Dr. Warren. To the extent the arguments are the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 10, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

same, the Court declines to exclude to Dr. Perez and Dr. Kivetz's opinions on those bases.

Accordingly, the Court **DENIES** the motion on these grounds.

C. *Exclusion of Dr. Perez and Dr. Kivetz on Other Grounds*

Plaintiffs argue Dr. Perez and Dr. Kivetz's opinions should be excluded because "they rewrite the trade secrets and then claim that the rewritten subject matter is generally known or readily ascertainable." (Mot. at 14.) The only case Plaintiffs rely on in support of its position is Altavion. As discussed above, Altavion stood for the proposition that a combination of elements can constitute a protectable trade secret even if some or all of the designs were public. Altavion, 226 Cal. App. 4th at 47. The Court there did not address "rewriting" of trade secrets by experts. Plaintiffs cite no other case in support of its position. And similarly to above, Plaintiffs' arguments here goes towards the weight of the opinions, not their admissibility. The Court will instruct the jury on the law at trial. The Court declines to exclude the opinions of Dr. Perez and Dr. Kivetz based on the grounds raised by Plaintiffs.

Accordingly, the Court **DENIES** the motion on these grounds.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion.

**IT IS SO ORDERED.**