UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 3, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Limited Discovery on Airpods Royalties [1109]** (Redacted)

Plaintiffs, Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs") move for limited discovery. (Mot., Dkt. No. 1109 (sealed); Dkt. No. 1108 (unsealed).) Defendant, Apple Inc., opposes. (Opp'n, Dkt. No. 1156 (sealed), Dkt. No. 1154 (unsealed).) Plaintiffs replied. (Reply, Dkt. No. 1200 (sealed); Dkt. No. 1197 (unsealed).)

For the following reasons, the Court **GRANTS** the motion.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the February 6, 2023, hearing as to this motion.

## I. BACKGROUND

The facts of the case are well known to the parties and the Court. The Court recites the facts only as necessary to resolve the present motion.

Plaintiffs seek limited discovery as to reasonable royalties for the alleged misappropriation related to Apple's AirPods products. Plaintiffs allege former employee Marcelo Lamego ("Lamego") shared Plaintiffs' trade secret with an Apple employee working on Apple's AirPods product.

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                           Date  February 3, 2023

Title   Masimo Corporation et al. v. Apple Inc.

Modifications to a court's scheduling order made pursuant to Federal Rule of Civil Procedure 16 may be ordered only for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" standard primarily considers the due diligence on the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. The Ninth Circuit instructs district courts to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

### III. DISCUSSION

*A.    Whether trial is imminent*

The case is scheduled to go to trial on March 27, 2023. (See Order re Trial Schedule, Dkt. No. 627.) The Court already stated it will consider the issue of reasonable royalty after the jury trial. (See Order, Dkt. No. 1071, at 6.) Plaintiffs have agreed to limit damages to reasonable royalty if its motion is granted. (Mot. at 5.) If Plaintiffs' motion is granted the trial date would not be affected. Accordingly, the Court finds this factor weighs in favor of granting the motion.

*B.    Whether the request is opposed and Apple would be prejudiced*

Apple opposes the request. (See generally Opp'n.) No doubt this factor weighs against granting Plaintiffs' motion. But the more significant issue is whether Apple would be prejudiced.

Apple argues it will be prejudiced because Apple's preparation for trial will be interfered with. But the Court finds Apple will not be prejudiced because the limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 3, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

discovery request is modest. See Natural-Immunogenics Corp. v. Newport Trial Group, 2020 WL 8027978, at *2 (C.D. Cal. Aug. 7, 2020). Plaintiffs seek discovery only related to the reasonable royalty determination. Moreover, the Court finds Plaintiffs' proposed discovery schedule provides both parties with adequate time to conduct discovery and prepare for trial.

Accordingly, the Court finds Apple would not be prejudiced by granting the motion.

C.  *Whether Plaintiffs were diligent*

Apple argues Plaintiffs were not diligent for two reasons. First, Apple argues Plaintiffs' motion relies on information produced months ago in discovery. (Opp'n at 7–8.) Second, Apple argues it produced other documents relating to AirPods during discovery well before the end of fact discovery. (Id. at 7–9.)

First, Apple argues Plaintiffs rely on information produced during fact discovery as a basis to reopen discovery. Specifically, Apple points to the deposition testimony of Jack Fu ("Fu") and Dong Zheng ("Zheng"). As discussed below, Zheng's deposition was taken in response to a voluminous production of documents by Apple after the close of fact discovery. Apple points out Fu's deposition was taken on June 14, 2022, months before the closure of fact discovery on August 12, 2022. (Opp'n at 7–8.) In his deposition, Fu states that ███████████████████████████ ███████ (Ex. 19, Dkt. No. 1108-15, at 50.) Plaintiffs argue Fu did not describe the AirPods internal structure sufficiently to put Plaintiffs on notice that Apple potentially used Plaintiffs' trade secrets in the AirPods. Specifically, Plaintiffs argue Fu's deposition did not connect Lamego to the trade secret and AirPods. While true, Fu's deposition still put Plaintiffs on at least some notice that AirPods may have involved Plaintiffs' trade secrets.

Second, Apple argues it produced documents on AirPods' proximity sensing technology no later than November 2021. (Opp'n at 8.) Specifically, Apple focuses on an email describing a ████████████████████ for AirPods and a presentation showing a ████████████████████████████ (Ex. F, Dkt. No. 1154-5 (unsealed); Ex. G, Dkt. No. 1154-6 (unsealed), at 7.) These documents show information relating to the proximity design of Apple's AirPods. But as Plaintiffs point out, its expert explained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                             Date  February 3, 2023

Title  Masimo Corporation et al. v. Apple Inc.

AirPods use of Plaintiffs' trade secrets relied on internal operation, not just proximity sensing.  (See Ex. 20, Dkt. No. 1108-16 (unsealed), ¶ 11.)  Moreover, neither Exhibit references any internal designs and at best are vague references to the proximity design.

   Plaintiffs argue they were diligent, particularly in light of Apple's voluminous production after the close of fact discovery.  Apple produced over 175,000 pages of discovery after the close of fact discovery.  (Declaration of Adam B. Powell ("Powell Decl."), Dkt. No. 1110 ¶ 19.)  Subsequently, on October 24, 2022, Plaintiffs deposed Apple engineering manager, Zheng.  (See Powell Decl. ¶ 21; Ex. 18, Dkt. No. 1108-14 (unsealed).)  Zheng worked on multiple projects, including AirPods.  (Ex. 18 at 11.)  On November 2, 2022, Dr. Vijay K. Madisetti ("Dr. Madisetti") supplemented his report relating to Apple's alleged misappropriation of Plaintiffs' trade secrets in AirPods.  (See generally Ex. 20.)  Plaintiffs argue its damages expert was unable to supplement his opinion based on AirPods.  (Mot. at 5.)  Apple contends Plaintiffs were not diligent based on lack of initial response to Apple's November 29, 2022, email regarding the basis of Plaintiffs' motion and Plaintiffs' eventual email on December 29, 2022.  (Opp'n at 9.)  Based on the production of documents and Plaintiffs' subsequent actions, the Court finds Plaintiffs were diligent.

   The Court finds on balance, based on the foregoing and particularly Apple's 175,000 page production following the close of fact discovery, Plaintiffs were diligent.  Accordingly, the Court finds this factor weighs in favor of granting the motion.

   D.   *Foreseeability*

   Apple argues Plaintiffs' need for discovery was foreseeable well before the discovery cutoff date.  Apple relies on U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512 (9th Cir. 1995), vacated on other grounds, Hughes Aircraft Co. v. U.S. ex rel. Schumer, 520 U.S. 939 (1997).  There, the plaintiff sought to reopen discovery based on a story published in the Los Angeles Times.  Id. at 1526.  Given the nature of the claims and the information in the story, the fact that the plaintiff "only recently learned of these sources" was insufficient to reopen discovery.  Id.  But as discussed above, the documents Apple produced did not unequivocally put Plaintiffs on notice that Apple may have used Plaintiffs' trade secret in the AirPods.  Even taking into account the documents produced during discovery as discussed above, Apple still produced a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 3, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

significant amount of documents after the close of fact discovery. The need for additional discovery was not foreseeable given this later production.

Accordingly, the Court finds this factor weighs in favor of granting the motion.

E.   *Likelihood discovery will lead to relevant evidence*

Apple argues Plaintiffs' motion "have skipped right over liability and proceed straight to damages . . . ." (Opp'n at 11.) But Plaintiffs' motion does not pertain to liability. Plaintiffs' motion is focused on damages relating to reasonable royalty. And Apple does not dispute that granting the motion could lead to evidence such as unit sales, revenue, or profits (<u>i.e.</u>, evidence related to reasonable royalty). Accordingly, this factor weighs in favor of granting the motion.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**