Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continue on next page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFF'S OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO 1: PRECLUDE REFERENCES TO OTHER LITIGATIONS AND PROCEEDINGS**<br><br>Date:      March 13, 2023<br>Time:      1:30 p.m.<br>Location:  Courtroom 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Masimo's Opposition to Apple Inc.'s Motion *in Limine* No. 1 to Preclude References to Other Litigations and Proceedings ("Opposition").

Masimo has provided a proposed redacted version of its Opposition. Masimo requests the Court seal Exhibits C-G, I, L, N, and P to the Declaration of Mark D. Kachner in their entirety and the highlighted portions of the Opposition.

## I.      LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.     ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

Exhibits C, I, L, N, and P are excerpts of deposition transcripts, which disclose Masimo's confidential and competitively sensitive business information. Kachner Decl. ¶ 6. This information is confidential and valuable to Masimo in part because of its

secrecy. *Id*. If Masimo's confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id*. Thus, Masimo would be harmed if this information were disclosed. *Id*.

Exhibit D is a confidential email communication that Masimo produced in this litigation and designated under the Protective Order. *Id*. ¶ 7. This email is confidential and valuable to Masimo in part because of its secrecy. *Id*. If Masimo's confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id*. Thus, Masimo would be harmed if this information were disclosed. *Id*.

Exhibit E, F, and G are documents that Apple produced in this litigation and designated under the Protective Order. *Id*. ¶ 8.

Portions of the Opposition discuss the aforementioned Exhibits and should be sealed for the same reasons. *Id*. ¶ 4.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229.

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in this case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

### III.  CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Exhibits C-G, I, L, N, and P to the Declaration of Mark D. Kachner in their entirety and the highlighted portions of the Opposition to Apple's Motion in *Limine* Number 1.

|     |     |     |
| --- | --- | --- |
|     |     | Respectfully submitted, |
|     |     | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|     | Dated: February 21, 2023 | By: */s/ Mark D. Kachner* |
|     |     | Joseph R. Re |
|     |     | Stephen C. Jensen |
|     |     | Benjamin A. Katzenellenbogen |
|     |     | Perry D. Oldham |
|     |     | Stephen W. Larson |
|     |     | Mark D. Kachner |
|     |     | Adam B. Powell |
|     |     | Kendall M. Loebbaka |
|     |     | Justin J. Gillett |
|     |     | Daniel P. Hughes |
|     |     | Attorneys for Plaintiffs MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |