Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continues on next page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 1: PRECLUDE REFERENCES TO OTHER LITIGATIONS AND PROCEEDINGS**<br><br>Date: March 13, 2023<br>Time: 1:30 p.m.<br>Location: Courtroom 10C |

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

1  Mark D. Kachner (Bar No. 234192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5  Attorneys for Plaintiffs,
   MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. LEGAL STANDARD ............................................................................... 2

III. ARGUMENT ............................................................................................ 4

    A. Because Apple's Motion is Overbroad, Masimo Will Assume the Motion is Limited to the Specifically Cited Litigations ....................................................................................... 4

    B. The Court Should Allow Evidence of Masimo's Prior Litigations With Nellcor, Philips, and Mindray .............................. 5

    C. The Court Should Allow Evidence of Masimo's Prior Litigation With True Wearables and Marcelo Lamego ................... 7

    D. The Court Should Allow Evidence of the ITC Investigation of Apple if Apple Presents Irrelevant Copying Evidence ................................................................................................ 11

    E. Apple's Cases Are Inapposite ....................................................... 12

IV. CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

**Page No(s).**

*Applied Med. Res. Corp. v. United States Surgical Corp.*,
    2007 WL 9723321 (C.D. Cal. May 17, 2007) ................................................. 2

*Barbee v. Se. Pa. Transp. Auth.*,
    323 F. App'x 159 (3d Cir. 2009) ..................................................................... 3

*Compuware Corp. v. Health Care Serv. Corp.*,
    203 F. Supp. 2d 952 (N.D. Ill. 2002), *opinion withdrawn sub nom.*, 2002 WL 31598839 (N.D. Ill. Oct. 31, 2002) ..................................... 10

*Gastineau v. Fleet Mortg. Corp.*,
    137 F.3d 490 (7th Cir. 1998) ........................................................................... 3

*Grace v. Apple Inc.*,
    2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ........................................... 13, 14

*Henriquez v. City of Los Angeles*,
    2012 WL 13226590 (C.D. Cal. July 12, 2012) ............................................... 4

*Masimo Corp. v. Philips Electronic N. Am. Corp.*,
    2015 WL 2379485 (D. Del. May 18, 2015) ........................................... *passim*

*Maxell, Ltd. v. Apple Inc.*,
    2021 WL 3021253 (E.D Tex. Feb. 6, 2021) ............................................ 10, 12

*McCoy v. Kazi*,
    2010 WL 11465179 (C.D. Cal. Aug. 27, 2010) .......................................... 3, 4

*Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*,
    2009 WL 3754170 (D.N.J. Nov. 5, 2009) ..................................................... 13

*Ohio House LLC v. City of Costa Mesa*,
    2022 WL 2189541 (C.D. Cal. Mar. 28, 2022) .............................................. 12

*Stars & Bars, LLC v. Travelers Causalty Ins. Co. of Am.*,
    2020 WL 4342250 (C.D. Cal. May 28, 2020) ............................................ 3, 4

*Strategic Partners, Inc. v. Figs, Inc.*,
    2022 WL 18399950 (C.D. Cal. Sept. 26, 2022) .............................................. 2

# TABLE OF AUTHORITIES
### (*cont'd*)

Page No(s).

*Trovata, Inc. v. Forever 21, Inc.*,
  2009 WL 10671582 (C.D. Cal. Mar. 4, 2009) .......................................... 2, 3

*United States v. Curtin*,
  489 F.3d 935 (9th Cir.2007) (en banc) ............................................................ 3

*United States v. Dorsey*,
  2015 WL 4232517 (C.D. Cal. July 6, 2015) ................................................... 3

*United States v. Sine*,
  493 F.3d 1021 (9th Cir. 2007) ...................................................................... 10

*United States v. Winkle*,
  587 F.2d 705 (5th Cir. 1979) .......................................................................... 4

*WorldVentures Mktg., LLC v. Rogers*,
  2018 WL 4169049 (E.D. Tex. Aug. 30, 2018), *modified on
  reconsideration,* 2019 WL 13181219 (E.D. Tex. Jan. 25, 2019) .................. 10

*Yates v. Sweet Potato Enterprises, Inc.*,
  2013 WL 4067783 (N.D. Cal. Aug. 1, 2013) .................................................. 3

## OTHER AUTHORITIES

Fed. R. Evid. 404 .................................................................................. 3, 8, 10, 13
Fed. R. Evid. 607 ................................................................................................ 3
Fed. R. Evid. 608 ............................................................................................ 2, 3
Fed. R. Evid. 801 ................................................................................................ 4

## I. INTRODUCTION

Courts permit evidence of other litigations when relevant and not unfairly prejudicial. Certain facts from Masimo's prior litigations are highly relevant to many issues in this trade secret case. Masimo would be unfairly prejudiced if all such facts were categorically excluded as Apple requests. As a primary example, this case is about ██████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████ based in part on Masimo's patent litigation success against the original industry leader, Nellcor. ███████████████████ Nellcor paid Masimo hundreds of millions of dollars in royalties as a result of such litigation. That litigation success heightened ████████████████████████ ████████████████████ Apple's brief does not grapple with ███████ █████████ and the importance of the *Nellcor* litigation.

The story of Masimo's rise as an industry leader cannot be fairly told without explaining how it overtook Nellcor. Masimo's subsequent patent litigation successes against Philips and Mindray cemented Masimo as the technology leader for pulse oximetry. Masimo would be unfairly prejudiced if it could not mention *Nellcor*, *Philips*, and *Mindray* when explaining Masimo's history.

Mentioning Masimo's prior patent litigations, particularly the outcomes, will not cause Apple unfair prejudice. Contrary to Apple's representations, *Nellcor*, *Philips*, and *Mindray* were **patent** cases—not trade secret cases. Thus, the jury could not improperly defer to those case outcomes on any of the issues to be decided here.

The only trade secret case that Apple discusses is *True Wearables*. That case concerned trade secrets that Marcelo Lamego took to his own company, after he left Apple. Those trade secrets are not the same trade secrets at issue here, so the jury could not improperly defer to the *True Wearables* outcome. However, Lamego is a very important witness in this case. The *True Wearables* litigation,

including the testimony, findings, and outcome of that case, is highly probative to impeach Lamego's testimony in this case and to show Lamego's character for untruthfulness under Rule of Evidence 608(b).

Any risk of wasting judicial resources in this timed trial is minimal. Neither party will contest the outcome of Masimo's prior litigations. Apple was **not** a party to any of the prior litigations. All of the cases, even the recent *True Wearables* case, are over and are final. Thus, there is little risk the parties will be wasting time arguing over the correctness of the outcomes of those prior cases.

## II. LEGAL STANDARD

Courts permit evidence of other litigations that is relevant to the present litigation. *E.g.*, *Strategic Partners, Inc. v. Figs, Inc.*, 2022 WL 18399950 *5 (C.D. Cal. Sept. 26, 2022); *Trovata, Inc. v. Forever 21, Inc.*, 2009 WL 10671582 *4 (C.D. Cal. Mar. 4, 2009); *Applied Med. Res. Corp. v. United States Surgical Corp.*, 2007 WL 9723321, at *2 (C.D. Cal. May 17, 2007).

In *Philips,* discussed by Apple in a footnote, the court specifically held that the *Nellcor* patent litigation was relevant and admissible. Br. at 1, n.1 (citing *Masimo Corp. v. Philips Electronic N. Am. Corp.*, 2015 WL 2379485, at *14 (D. Del. May 18, 2015)). *Philips* held "the impact the *Nellcor* litigation had on the pulse-oximetry industry as a whole" was one reason that litigation was relevant. *Id*. The court allowed Masimo to "present evidence and argument as to the impact the *Nellcor* litigation had on the pulse-oximetry industry … ." *Id*. Because *Philips* and *Nellcor* involved a common patent claim, the court did place some limits on how the *Nellcor* case could be mentioned.[1] Thus, Apple misrepresents that *Philips*

---

[1] Because the *Nellcor* case could be used only in certain ways, complying with the court's numerous rulings was indeed challenging as the court recognized: "drawing and enforcing the line regarding what was permissible regarding the *Nellcor* litigation was challenging for the Court—and complying with the Court's rulings cannot have been easy for the parties." *Philips*, 2015 WL 2379485, at 19.

-2-

involved a "standing order **barring references** to Masimo's trade secret [sic, patent] litigation against another company." Br. at 1, n.1.

In addition, prior litigations may be used to impeach a witness. Fed. R. Evid. 607; *United States v. Dorsey*, 2015 WL 4232517, at *3 (C.D. Cal. July 6, 2015); *Yates v. Sweet Potato Enterprises, Inc.*, 2013 WL 4067783, *3 (N.D. Cal. Aug. 1, 2013) (identifying impeachment as one of many permissible uses of evidence of prior litigations); *Barbee v. Se. Pa. Transp. Auth.*, 323 F. App'x 159, 162 (3d Cir. 2009) (affirming use of prior lawsuits to impeach witness who "was evasive about prior lawsuits in his deposition.")

Courts may also admit evidence of prior litigations if probative of the character for truthfulness or untruthfulness of a witness. Fed. R. Evid. 608(b). The Federal Rules of Evidence further identify many examples of the ways evidence of other wrongs or acts are admissible, including to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion—not exclusion...." *United States v. Curtin,* 489 F.3d 935, 944 (9th Cir.2007) (en banc). In *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495 (7th Cir. 1998), the court affirmed admission of other litigations to show a "vindictive state of mind" towards employers and to cast doubt on witness credibility.

Evidence of prior litigations should not be "categorically excluded under Rule 403 of the Federal Rules of Evidence." See *Trovata, Inc.*, 2009 WL 10671582 *4. For that reason, courts require the moving party to describe the specific content it seeks to exclude. *See id.; McCoy v. Kazi*, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) ("A motion in limine may be denied for being vague and overbroad.") (citing *Lopez v. Chula Vista Police Dep't*, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010) and *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) ("too sweeping in scope to be decided in limine")); *Stars & Bars, LLC v. Travelers Causalty Ins. Co. of Am.*, 2020 WL

4342250, at *4 (C.D. Cal. May 28, 2020) ("Motions in limine that seek to exclude categories of evidence, without identifying specific evidence, are rarely appropriate.").

Prior litigations often do not violate the hearsay rule when they are used to impeach a witness (Lamego in this case) or to show knowledge (of Apple) as explained above. In both uses, the litigation outcomes are not offered for the truth, *e.g.*, that Nellcor infringed a valid patent. Fed. R. Evid. 801(c); *see Henriquez v. City of Los Angeles*, 2012 WL 13226590, at *1 (C.D. Cal. July 12, 2012). "[I]mpeachment to demonstrate the untruth of a witness' testimony is not excludable as hearsay because it is not offered primarily to prove the truth of the matter asserted." *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979).

### III. ARGUMENT

#### A. Because Apple's Motion is Overbroad, Masimo Will Assume the Motion is Limited to the Specifically Cited Litigations

Apple's motion is overly broad. This Court should not "exclude ***all*** references to the existence of and ***evidence, testimony***, and argument from other litigations and administrative proceedings." Br. at 1 (emphasis added). The motion is so broad that it contradicts the parties' agreement about the use of evidence from other cases. As Apple acknowledges, the parties agreed that evidence from some other litigations is available for use in this case. Br. at 3; Ex. A. Accordingly, both parties designated transcripts from those other cases for use in this trial.

Based on the parties' agreement, Masimo assumes that Apple actually seeks to exclude only the specific references to the litigations cited in footnotes four and five of Apple's brief. Br. at 4, n.4 & 5. The Court should not allow Apple to seek broader relief for the first time on reply. Any request for such request would be overbroad for the reasons discussed above. *See McCoy*, 2010 WL 11465179, at *12; *Stars & Bars*, 2020 WL 4342250, at *4.

///

-4-

B. **The Court Should Allow Evidence of Masimo's Prior Litigations With Nellcor, Philips, and Mindray**

Evidence from Masimo's prior ***patent*** litigations against Nellcor, Philips, and Mindray is highly relevant here.[2] ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

---

[2] Apple incorrectly characterizes *Nellcor* and *Philips* as "trade secret litigations." Br. at 4. *Mindray* was also a patent case, but it also included contract claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   As other courts have recognized, and ▇▇▇▇▇▇▇▇
17 Masimo's technology was the gold standard in the industry, particularly after
18 *Nellcor*. *See Philips*, 2015 WL 2379485, at *19 (denying JMOL, recognizing that
19 after *Nellcor*, "an entire industry—other than Philips and one Chinese company—
20 took licenses from Masimo for innovative technology that saved thousands of lives
21 and billions of dollars in healthcare costs.") ▇▇▇▇▇▇▇▇▇▇ Masimo's
22 successful litigations are essential to any understanding of Masimo and its place in
23 the industry. Moreover, Masimo's prior successful litigations demonstrated to
24 Apple that Masimo would enforce its intellectual property rights.
25     Apple never discusses these facts and thus offers no reason why Masimo
26 should be precluded from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
28 / / /

1 ███████████████████████████████████████████████████████████████
2 ████████████

3 Moreover, Apple apparently concedes the *Nellcor* litigation's relevance because Apple affirmatively designated deposition testimony about the *Nellcor* litigation. Ex. H (Apple Designation of Testimony of Marcelo Lamego Jul. 12, 2022 at 142:21-143:4); Ex. I (same). Apple intends to present evidence that Masimo's success was due to patents asserted in the "well-known case" against Nellcor. *Id*.

Evidence of Masimo's litigation with Nellcor, Philips, and Mindray is not unfairly prejudicial. Those cases did not involve trade secrets and the patents at issue there are not at issue here. Thus, the jury could not defer to the outcome from those prior patent cases. The parties will also not fight over the outcomes in those cases. Rather, Masimo intends to show how those litigations ██████████ ████████████████████████████████████████ impacted Masimo's business and the pulse oximetry industry overall.

Evidence of these cases is also not inadmissible hearsay. Masimo does not offer these cases as evidence of patent validity or infringement. Masimo offers this evidence to show ███████████████████████████████. Masimo also offers this evidence to explain Masimo's growth as a leader in pulse oximetry technology. Further, as a result of the prior litigations, ██████████████████████████ ██████████████████████████████████████████ The growth of Masimo's OEM business is highly relevant to this case, particularly because Masimo asserts it was harmed by losing the ███████████████████████████████████████.

**C.   The Court Should Allow Evidence of Masimo's Prior Litigation With True Wearables and Marcelo Lamego**

Evidence from Masimo's litigation with True Wearables and Marcelo Lamego is relevant in many ways. First, Masimo asserts that Apple acquired many of the trade secrets at issue in this case from Marcelo Lamego. Lamego will be an

-7-

important witness in this case and his credibility will be on trial. Evidence from *True Wearables* is highly relevant to Lamego's credibility. Second, Apple affirmatively designated testimony from Lamego's deposition and evidence from *True Wearables* contradicts those designations.³ Indeed, Apple put *True Wearables* at issue by some of those designations. *See* Ex. H (13:13-16, 13:18, 94:1-19, 107:23-108:6, 108:8-13); Ex. I (same). Third, evidence from *True Wearables* shows Lamego's prior bad acts, which is admissible to show Lamego's motive, intent, absence of mistake, and lack of accident when he shared Masimo's trade secrets with Apple. Fed. R. Evid. 404(b). These three uses are interrelated as explained below. Fourth, *True Wearables* itself supports a finding that Masimo protects trade secrets.

Many findings from *True Wearables* are highly relevant to Lamego's credibility and impeach his testimony in this case. Apple affirmatively designated Lamego's testimony claiming that he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. H (32:19-33:1); Ex. I (same). Apple also affirmatively designated Lamego's testimony that he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. at 96:19-23. Masimo should be free to contradict this testimony with at least this Court's findings that he violated his confidentiality agreements with Masimo and brought confidential information to True Wearables. Ex. J (*True Wearables* Dkt. 598) at ¶¶ 8-15.

Apple also affirmatively designated Lamego's testimony that, ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. H (41:12-41:20); Ex. I (same). Masimo should be free respond with this Court's finding that "Masimo exposed Dr. Lamego to its technology, including providing

---

³ Masimo issued a trial subpoena to Lamego. Apple's affirmative deposition designations show what evidence Apple will attempt to elicit at trial, either live or by deposition.

1  access to Masimo's confidential information, such as the rainbow SET **source**
2  **code**." Ex. J at p.3.  The Court also found that "Dr. Lamego was one of twelve
3  employees with access to all rainbow directories on Masimo's network." *Id*.  Apple
4  cannot designate such testimony and foreclose a fair response by Masimo.

5    Apple also relies on *True Wearables*.  Apple affirmatively designated
6  Lamego's testimony that after Masimo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. H
9  (108:8-13); Ex. I (same).  Apparently, Apple endorses Lamego's theory that
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Masimo should be free to offer
11 evidence from *True Wearables* to rebut such outlandish accusations from Lamego
12 and show why Lamego is so biased to make such accusations.

13   Apple also affirmatively designated Lamego's testimony that he is not aware
14 of any circumstance where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. H (147:13-17, 147:19-25, 148:6-
16 10, 148:12-17, 148:20-25, 149:13-17, 149:20); Ex. I (same).  Masimo should be
17 free to offer contrary evidence and show the jury that Lamego knows his testimony
18 is contrary to this Court's findings that Masimo has protectable trade secrets, which
19 Lamego misappropriated.  Ex. J at ¶¶ 68, 75, 82, 90, 102, 106, 112, 114, 120, 127,
20 130, 138-139, 159, 168, 175.

21   Many other findings from *True Wearables* are also highly relevant to
22 Lamego's credibility.  This Court found that Lamego knowingly made a false
23 presentation to Cercacor while serving as its Chief Technical Officer.  Ex. J at ¶ 37.
24 He did so shortly before departing Cercacor for Apple.  Based on this false
25 presentation, this Court found Lamego breached his fiduciary duty of loyalty to
26 Cercacor.  *Id*. ¶ 39.  The Court also found Lamego's prior story of independent
27 development not credible.  *Id*. ¶ 189, 345.  This Court also found that Lamego was
28 "disgruntled" towards Masimo and Cercacor.  *Id*. ¶ 187.  These findings are directly

relevant to Lamego's bias, credibility, integrity, and honesty. Lamego's feelings towards Masimo also show Lamego's motive, intent, absence of mistake, and lack of accident for taking Masimo's trade secrets to Apple. Fed. R. Evid. 404(b).

Apple went so far with its affirmative designations of Lamego that it included testimony that ████████████████████████████████████ ████████████████ *See* Ex. H (94:1-19); Ex. I (same). Masimo should be free to offer evidence of ████████████████████████████████.

*True Wearables* is also highly probative evidence that Masimo takes reasonable steps to maintain secrecy. *See WorldVentures Mktg., LLC v. Rogers*, 2018 WL 4169049, at *6 (E.D. Tex. Aug. 30, 2018), *modified on reconsideration,* 2019 WL 13181219 (E.D. Tex. Jan. 25, 2019); *Compuware Corp. v. Health Care Serv. Corp.*, 203 F. Supp. 2d 952, 958 (N.D. Ill. 2002), *opinion withdrawn sub nom.*, 2002 WL 31598839 (N.D. Ill. Oct. 31, 2002) ("As a matter of law doing nothing to enforce a confidentiality agreement is not a reasonable effort in the circumstances to maintain a trade secret.") Enforcing confidentiality obligations deters others from violating confidentiality obligations. Evidence that Masimo enforces confidentiality agreements, including against Lamego, shows Masimo's reasonable steps to maintain secrecy.

Apple argues references to the *True Wearables* litigation would be "extremely prejudicial." Br. at 5. Apple argues the jury would be unduly swayed by the outcome in *True Wearables*. *Id*. But Apple cites only cases involving the same patents or parties. *Id*. (citing *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, *7 (E.D Tex. Feb. 6, 2021) and *United States v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007)). Here, none of the trade secrets at issue in this case were at issue in *True Wearables* and Lamego is not the defendant. Any prejudice to Apple from *True Wearables* is greatly outweighed by the prejudice to Masimo if the jury were unable to hear anything about *True Wearables*.

/ / /

The Court should also not exclude evidence from this prior litigation as hearsay. Masimo has given numerous uses of *True Wearables* where the purpose is not to prove the truth of the matter asserted—that Lamego was found liable for breaching his fiduciary duty, misappropriating Masimo's trade secrets, or breaching his contractual obligations to Masimo. Those uses include impeaching Lamego's credibility, establishing his character for untruthfulness, and showing his motive, intent, absence of mistake, and lack of accident for taking Masimo's trade secrets to Apple. Masimo should also be free to rely on specific findings to rebut any false statements from Lamego that Apple or Lamego inject into this case. Masimo should also be able to rely on *True Wearables*, regardless of the outcome, to prove Masimo takes reasonable steps to maintain secrecy.

### D. The Court Should Allow Evidence of the ITC Investigation of Apple if Apple Presents Irrelevant Copying Evidence

Apple intends to present irrelevant evidence to make irrelevant arguments that **Masimo** somehow copied Apple's Watch design to build Masimo's W1 Watch. The Court should exclude such irrelevant issues. Apple has no claims against Masimo here and is pursuing its imagined copying allegations in two suits against Masimo that Apple recently filed in Delaware. Masimo has no intention of raising the Delaware suits. But if the Court were to allow Apple to pursue its copying allegations before this jury, Masimo should be free to explain that Apple made the same arguments before the International Trade Commission without any success.

Apple's copying allegations derive from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. K (Apple Designation of Testimony of Yassir Abdul-Hafiz at 17:8-18:6, 18:9-22); Ex. L (same); Ex. M (Apple Designation of Testimony of Stephen Scruggs Jan. 6, 2022 at 54:4-6, 54:9); Ex. N (same); Ex. O (Apple Designation of Testimony of Stephen Scruggs Feb. 18, 2022

at 38:24-25, 39:3-13, 42:2-43:15, 43:18-24, 45:8-10, 45:12-20, 45:22-46:7, 46:13-20, 60:2-4, 60:8-15, 60:18-23, 64:13-16, 64:19-20, 64:22-65:3, 65:8-11, 74:11-24, 75:3-4, 75:6-9, 76:3-5); Ex. P (same).  Apple apparently intends to argue that Masimo copied the Apple Watch.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  This testimony and argument was irrelevant in the ITC investigation and is also irrelevant here.

Further, Apple argues without support that because Apple "may have made a particular argument in another proceeding says nothing about Apple's position in this case." Br. at 3.  Apple's vague argument does not address any particular evidence.  But to the extent Apple takes inconsistent positions in this case and any other case, Masimo should be free to offer evidence of those inconsistencies.

In summary, the Court should deny this motion at least as to *Nellcor*, *Philips*, *Mindray*, and *True Wearables*.  The Court should also deny this motion as to the ITC investigation of Apple if Apple is permitted to make its irrelevant copying allegations.  Lastly, Masimo has no intent on mentioning the recently filed Delaware actions or any of the IPR proceedings Apple mentioned in footnote four.

E.  **Apple's Cases Are Inapposite**

Apple quotes *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022), as if any prior litigation should be excluded.  There the plaintiff challenging a city housing ordinance moved to exclude evidence that others had unsuccessfully challenged city ordinances.  The court held that evidence was irrelevant because it "will shed no light on any issue in this case."  Here, Masimo has shown why its successful patent litigation history is relevant.  Masimo also showed why aspects of *True Wearables* are relevant as well.  And, unlike *Ohio House*, the issues in Masimo's prior litigations and this litigation are different so there is no risk that the jury would defer to a prior ruling.

Apple cites *Maxell*, 2021 WL 3021253, at *6-7, as another example where prior litigation was excluded.  But Apple fails to mention that its motion to exclude

-12-

in that case was unopposed.

Apple cites *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009), as another example. In that patent case, the court excluded evidence from a collateral litigation offered to show the **patent owner's** prior "bad act." That court apparently determined such evidence was not being offered for any permissible purpose under Rule 404(b). Here, Masimo shows that *True Wearables* is admissible under Rule 404(b) and gave numerous other reasons why the prior litigations are relevant beyond evidence of prior bad acts.

Apple relies on dicta from *Sine*, 493 F.3d at 1033-1034, 1036, but that case is distinguishable. There, a defendant charged with criminal fraud attempted to manufacture a good-faith defense by filing baseless civil lawsuits. The judge in one civil lawsuit rejected the claims as "chicanery, mendacity, deceit, and pretense." *Id*. at 1024. At the criminal trial, the government's cross-examination included hundreds of questions that essentially read numerous fact findings from one of the civil suits into the criminal trial record. The Ninth Circuit affirmed the conviction. The court held that the government presented strong admissible evidence of guilt and found no plain error in admitting the civil judge's findings. But, in dicta, the court characterized the civil fact findings as both unfairly prejudicial and impermissible hearsay. Here, Masimo is not introducing any findings of fact in cases adverse to Apple. Masimo also explained how other litigations are relevant for many purposes besides proving the outcomes.

Finally, Apple cites *Grace v. Apple Inc.*, 2020 WL 227404, at *1-2 (N.D. Cal. Jan. 15, 2020). *Grace* was a class action suit against Apple regarding access to FaceTime. Apple changed FaceTime to reduce its royalty exposure following a patent infringement finding in another case. Plaintiffs sought to introduce the prior patent verdict to show Apple's motive for changing FaceTime. *Id*. at *1. But that verdict had been **vacated on appeal** and the case was still pending. Because of the patent case's complex procedural history and ongoing nature, the court held the

-13-

vacated verdict had "minimum probative value" and would require a side trial that would be misleading and confusing. *Id*. at 3. Still, the court allowed plaintiffs to tell the jury that Apple's motive for changing FaceTime was to reduce patent royalty payments. *Id*. at 3.

Apple also cites *Grace* to suggest that *True Wearables*, the Delaware litigations with Apple, "related administrative proceedings before two different agencies," *Nellcor*, *Philips*, and "other cases," taken together, are "complex and long-running." Br. at 4, n. 4 & 5. Apple cannot properly combine numerous cases to complain the combination is complicated. Regardless, *Nellcor*, *Philips*, *Mindray*, and *True Wearables* have all concluded and their procedural histories are irrelevant. None of these cases are comparable to the complicated pending litigation with a vacated verdict that *Grace* excluded.

## IV.  CONCLUSION

For the foregoing reasons, Masimo respectfully requests that this Court deny Apple's Motion *in Limine* Number 1, and not categorically exclude evidence of other litigations and administrative proceedings.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 21, 2023          By: */s/ Mark D. Kachner*
    Joseph R. Re
    Stephen C. Jensen
    Benjamin A. Katzenellenbogen
    Perry D. Oldham
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Kendall M. Loebbaka
    Daniel P. Hughes

    Attorneys for Plaintiffs,
    Masimo Corporation and
    Cercacor Laboratories, Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 4,132 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

                                      Respectfully submitted,

                                      **KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 21, 2023      By: */s/ Mark D. Kachner*
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Benjamin A. Katzenellenbogen
                                      Perry D. Oldham
                                      Stephen W. Larson
                                      Mark D. Kachner
                                      Adam B. Powell
                                      Kendall M. Loebbaka
                                      Daniel P. Hughes

                                      Attorneys for Plaintiffs,
                                      Masimo Corporation and
                                      Cercacor Laboratories, Inc.

57126201