Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continue on next page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 4: EXCLUDE "UNLAWFUL CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS"**<br><br>Date:     March 13, 2023<br>Time:     1:30 p.m.<br>Location: Courtroom 10C |

1  Mark D. Kachner (Bar No. 234192)
   mark.kachner@knobbe.com
2  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1925 Century Park East, Suite 600
3  Los Angeles, CA 90067
   Telephone: (310) 551-3450
4  Facsimile: (310) 551-3458

5  Attorneys for Plaintiffs,
   MASIMO CORPORATION AND
6  CERCACOR LABORATORIES, INC.

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 1

    A. The Employee Confidentiality Agreements Are Highly Relevant ................. 1

    B. Apple Fails to Show That The Confidentiality Provisions Are "Unenforceable" ................................................................................................ 2

        1. Masimo Successfully Enforced The Confidentiality Provisions In This Court ................................................................. 3

        2. Apple's Collateral Estoppel Argument Is Irrelevant ........................... 4

        3. Courts Routinely Uphold Broad Protections for Confidential Information ...................................................................... 4

        4. Apple Cannot Make The Factual Showing Necessary To Void The Provisions ............................................................................. 6

        5. Apple Misconstrues Masimo's Confidentiality Provisions ................. 7

    C. Apple Conflates Materially Different Provisions ........................................... 9

    D. The Confidentiality Provisions Would Be Relevant Even If They Were Void ........................................................................................................ 9

    E. Apple Would Not Be Unduly Prejudiced By The Employment Contracts ...................................................................................................... 10

III. CONCLUSION .................................................................................................... 11

**TABLE OF AUTHORITIES**

Page No(s).

*Albert S. Smyth Co. v. Motes*,
   2018 WL 3635024 (D. Md. July 31, 2018) .................................................. 10

*Aramark Mgmt., LLC v. Borgquist*,
   2021 WL 3932258 (C.D. Cal. July 8, 2021) ............................................... 8, 9

*Brown v. TGS Mgmt Co.*,
   57 Cal. App. 5th 303 (2020) .......................................................................... 8

*Dowell v. Biosense Webster, Inc.*,
   179 Cal. App. 4th 564 (2009) ..................................................................... 5, 8

*Edwards v. Arthur Andersen LLP*,
   44 Cal. 4th 937 (2008) ................................................................................ 5, 6

*Fields v. QSP, Inc.*,
   2012 WL 2049528 (C.D. Cal. June 4, 2012) ................................................. 5

*Fowler v. Varian Assocs., Inc.*,
   196 Cal. App. 3d 34 (Ct. App. 1987) ............................................................. 4

*Gatan, Inc. v. Nion Co.*,
   2017 WL 1196819 (N.D. Cal. Mar. 31, 2017) ............................................... 6

*Jones v. Humanscale Corp.*,
   130 Cal. App. 4th 401 (2005) ........................................................................ 7

*Lawrence Crane Enterprises, Inc., v. Abrams*,
   2013 WL 12123997 (C.D. Cal. Jan. 28, 2013) .............................................. 7

*Magic Leap, Inc. v. Chi Xu*,
   2020 WL 3268659 (N.D. Cal. June 17, 2020) ......................................... 5, 6, 8

*Masimo Corp. v. True Wearables, Inc.*,
   Case No. 8:18-cv-2001-JVS-JDE ............................................................... 1, 3

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*,
   2001 WL 283083 (C.D. Cal. Feb. 2, 2001) .................................................... 6

*Morlife, Inc. v. Perry*,
   56 Cal. App. 4th 1514 (1997) ........................................................................ 1

*Neville v. Chudacoff*,
   160 Cal. App. 4th 1255 (Ct. App. 2008) ........................................................ 4

**TABLE OF AUTHORITIES**
(*cont'd*)

Page No(s).

*Palantir Techs. Inc. v. Abramowitz*,
   2022 WL 2952578 (N.D. Cal. July 26, 2022) ................................................... 10

*Perdue v. Crocker Nat'l Bank*,
   38 Cal. 3d 913 (1985) ......................................................................................... 8

*In re Sotera Wireless, Inc.*,
   S.D. Cal. BK No. 16-05968 ................................................................................ 1

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
   2019 WL 6841992 (C.D. Cal. Oct. 30, 2019) ..................................................... 6

*U.S. v. Chung*,
   659 F.3d 815 (9th Cir. 2011) .............................................................................. 1

*Western Air Charter, Inc. v. Schembari*,
   2017 WL 7240775 (C.D. Cal. Dec. 14, 2017) ................................................ 5, 8

*Zuckerman v. Green Earth Techs., Inc.*,
   2011 WL 13213658 (C.D. Cal. Jan. 10, 2011) ................................................... 6

**OTHER AUTHORITIES**

Cal. Civ. Code § 1599 ................................................................................................ 7

Cal. Civ. Code § 3426.1 ............................................................................................. 1

Cal. Bus. & Prof. Code § 16600 ........................................................................ *passim*

## I. INTRODUCTION

Apple's Motion *in Limine* No. 4 depends entirely on the false premise that certain provisions in the Employee Confidentiality Agreements at issue "are unenforceable." Dkt. No. 1305-1 ("Mot.") at 8 (emphasis added). This premise fails because Plaintiffs Masimo and Cercacor (collectively, "Masimo") successfully enforced the challenged provisions in this Court. In 2022, Masimo obtained final judgment in its favor on breach-of-contract claims in *True Wearables* against Marcelo Lamego—one of the Masimo employees whose agreements Apple calls "unenforceable." Ex. A. Lamego never appealed and thus the Court's judgment stands.

Because this Court's enforcement of the confidentiality provisions negates Apple's premise, the Court should deny the Motion. The Motion also suffers from other independently fatal defects, described below.

## II. ARGUMENT

Apple moves to "preclude Plaintiffs from offering any evidence, testimony, or argument concerning the confidentiality provisions of the Employee Confidentiality Agreements" at issue. Mot. at 9. The Court should deny Apple's motion for many reasons.

### A. The Employee Confidentiality Agreements Are Highly Relevant

The California Uniform Trade Secrets Act ("CUTSA") requires that a trade secret be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d)(2). Confidentiality agreements are some of the most common evidence of such reasonable efforts. *See, e.g.*, *U.S. v. Chung*, 659 F.3d 815, 825 (9th Cir. 2011) (explaining "confidentiality procedures, such as confidentiality agreements and document labeling, are often considered reasonable measures"); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1523 (1997) (relying on "employment contract" that "included a confidentiality provision").

Another court has relied on Masimo's "confidentiality agreements" with other employees in finding Masimo "took reasonable efforts maintain the secrecy of its confidential information." Ex. D (*In re Sotera Wireless, Inc.*, S.D. Cal. BK No. 16-05968) at 53-54 (finding trade secret misappropriation). The agreements at issue there included the ***identical*** text that Apple challenges here. *Compare* Ex. 4 (submitted by Apple) at 3 *with* Ex. E (submitted herewith) at 1.

On Masimo's motion for preliminary injunction against Apple in the present case, this Court also relied on the very confidentiality agreements at issue here to show Masimo's reasonable efforts to maintain secrecy. Dkt. No. 198 at 5 (relying on unrebutted evidence that Masimo required "that employees sign non-disclosure and confidentiality agreements …."). On summary judgment, the Court explained it is "undisputed that Plaintiffs implemented numerous workplace policies to preserve the secrecy of their confidential information, such as: requiring employees to sign confidentiality agreements …." Dkt. No. 1275 at 7-8. The Court found such evidence "supports that reasonable steps were taken to safeguard confidential information…." *Id.* at 9. The Court also relied on the same agreements as "evidence establish[ing] Apple knew that Lamego possessed a duty to keep information subject to the confidentiality agreement secret." *Id.* at 10.[1]

Apple did not challenge the enforceability of the confidentiality provisions at issue here in its motions to dismiss, opposition to Masimo's motion for preliminary injunction, or the parties' motions for summary judgment. Instead, it uses a motion *in limine* to essentially seek summary judgment that these provisions are unenforceable. The Court should reject that request. *See* Dkt. No. 36 at 4 ("Motions *in Limine* should be used to raise legitimate evidentiary issues, and not as veiled motions for summary adjudication.").

Apple has not cited any precedent that excludes a confidentiality agreement in a trade secret case. Masimo is aware of no such precedent. The Court should reject Apple's unprecedented request.

B. **Apple Fails to Show That The Confidentiality Provisions Are "Unenforceable"**

Apple's motion should also be denied because it is based on a false premise. Apple argues that "***if*** [the confidentiality provisions] are unenforceable, they are irrelevant under FRE 402." Mot. at 8 (emphasis added). Apple further argues that the provisions "should also be excluded under FRE 403" because the probative value of "an ***unenforceable*** contract provision

---

[1] Though Apple focuses solely on trade secret misappropriation, the agreements are also relevant to Masimo's inventorship and ownership claims because they contain provisions that assign intellectual property rights to Masimo. *E.g.,* Ex. 4 at 3, ¶¶ 7-10.

is substantially outweighed by the unfair prejudice to Apple." *Id.* (emphasis added). Thus, Apple's arguments for excluding the confidentiality provisions depend entirely on the premise that the provisions are "unenforceable." That premise is false.

    **1.** <u>**Masimo Successfully Enforced The Confidentiality Provisions In This Court**</u>

  Because Masimo has successfully enforced the very confidentiality provisions that Apple challenges here, Apple's motion is baseless. Apple's challenges pertain specifically to provisions that define "Confidential Information" as "any information in any form that Masimo considers confidential." Mot. at 4. The provisions are in Masimo's Employee Confidentiality Agreements with Marcelo Lamego and Michael O'Reilly. Mot. at 1. This Court expressly found in *Masimo Corp. v. True Wearables, Inc.*, Case No. 8:18-cv-2001-JVS-JDE, that the specific provisions at issue are enforceable:

> Masimo has shown Dr. Lamego's breach of the confidentiality agreements because those agreements prohibited Dr. Lamego from taking any Masimo confidential information or property. Specifically, Dr. Lamego agreed that, "After my employment with Masimo has terminated, I will not disclose or make use of any Confidential Information for any purpose, either on my own or on behalf of another business." JTX-307, ¶ 2. "[T]he term ***Confidential Information means any information in any form that Masimo considers confidential,*** including business plans, customer files, sales and marketing reports, technical data, prices and costs, designs and formulas, software, databases, personnel and payroll records, mailing lists, accounting records, and other business information."

Ex. B (Findings of Fact and Conclusions of Law) at 6, ¶ 11 (emphasis added).

  Apple's challenge to the confidentiality provisions relies on § 16600 of the California Business and Professions Code. Mot. at 2. Lamego challenged the provisions based on this same statute. Ex. B at 9, ¶ 16. Apple argues that Lamego's challenge was different because he supposedly "asserted that the contract as a whole was invalid" and "did not argue that the confidentiality provisions were facially invalid." Mot. at 6. Apple is incorrect. Lamego specifically challenged the provision of his Employee Confidentiality Agreement that "protects

-3-

confidential information that does not rise to the level of a trade secret." Ex. 10 at 170-71, ¶ 92. In doing so, Lamego cited the same cases that Apple relies on here. *Compare id.* at ¶¶ 91-92 *with* Mot. at 5 (citing *Edwards* and *Western Air Charter*). The Court rejected Lamego's challenge because "[t]he provisions that Masimo seeks to enforce relate to removing confidential information and company property; those provisions do not restrain Dr. Lamego from engaging in a lawful profession, trade, or business." Ex. B at 9, ¶ 17.

The Court granted a permanent injunction against further breaches by Lamego. Ex. A at 3. In doing so, the Court adopted the very definition of "Confidential Information" that Apple contends is unenforceable. Ex. A at 3 (enjoining "further use of Masimo 'confidential information,' as defined in the employment agreements"). Lamego did not appeal the Court's ruling. Lamego subsequently filed a "Notice of Compliance" certifying that he has obeyed the Court's permanent injunction. Ex. F. Because this Court enforced the confidentiality provisions at issue, Apple's premise that the provisions are "unenforceable" is false.

### 2. Apple's Collateral Estoppel Argument Is Irrelevant

Apple argues that the Court should disregard its prior judgment enforcing the Employee Confidentiality Agreements because "Apple is not subject to collateral estoppel" arising from the prior judgment. Mot. at 7. But collateral estoppel is irrelevant because Masimo is not arguing that the prior judgment is legally binding on Apple. Masimo's point is that its successful enforcement of the Employee Confidentiality Agreements against Lamego rebuts Apple's incorrect factual assertion that the agreements provided "no protection" (Mot. at 8) for Masimo's trade secrets. Regardless of Apple's position, the agreement in fact did provide protection. That ruling is relevant to showing reasonable efforts to maintain secrecy.

### 3. Courts Routinely Uphold Broad Protections for Confidential Information

Apple's arguments would fail even if courts had not already enforced the confidentiality provisions at issue here. California's state courts have repeatedly explained that "agreements designed to protect an employer's proprietary information do not violate section 16600." *Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34, 44 (Ct. App. 1987) (citing *Gordon v. Landau*, 49 Cal. 2d 690, 694 (1958)); *see also, e.g., Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1270 (Ct.

App. 2008) ("Section 16600 does not authorize employees to compete with former employers by stealing their confidential customer information."). Federal courts in California have likewise recognized that "§ 16600 does not invalidate an agreement between an employer and employee that seeks to maintain the confidentiality of an employer's trade secret or other proprietary information." See Fields v. QSP, Inc., 2012 WL 2049528, at *9 (C.D. Cal. June 4, 2012) (collecting cases).

Apple incorrectly argues that confidentiality protections must be "carefully limited and narrowly tailored to the protection of trade secrets" to satisfy § 16600. Mot. at 7. Apple relies on *Western Air Charter, Inc. v. Schembari*, 2017 WL 7240775, at *4 (C.D. Cal. Dec. 14, 2017), and *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 57-579 (2009), to support this argument. Mot. at 7-8. Apple's reliance is misplaced. The cited cases establish that a provision must be narrowly tailored to the protection of trade secrets **if it expressly restrains competition**. *See Western Air*, 2017 WL 7240775, at *4 (analyzing a provision entitled "Restrictions on Competition"); *Dowell*, 179 Cal. App. at 578 (analyzing a provision that "prohibited an employee from rendering services, directly or indirectly, to a competitor"). Subsequent cases have distinguished *Western Air* and *Dowell* on this basis, and upheld confidentiality provisions that were not limited to trade secrets. *E.g.*, *Magic Leap, Inc. v. Chi Xu*, 2020 WL 3268659, at *3-4 (N.D. Cal. June 17, 2020) (holding that provision preventing employee from using "broad categories of confidential information" after his employment was **not** invalid under § 16600). And, as discussed above, this Court rejected Lamego's argument that his confidentiality agreement was void because it improperly extended to "information that does not rise to the level of a trade secret." See Ex. 10 at 170-171, ¶ 92 (Lamego's argument); Ex. B at 9, ¶¶ 16-17 (rejecting argument).

Apple relies on *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945 (2008), throughout its motion, but the provisions invalidated in that case had nothing to do with confidentiality. Instead, the provisions there expressly "restricted [the plaintiff's] ability to practice his accounting profession" by preventing him from working for, or soliciting, certain

///

clients. *Id.* at 948. Here, Apple challenges Masimo's confidentiality provisions—rather than non-compete or non-solicitation provisions. *Edwards* is inapposite.

Courts routinely uphold broad confidentiality provisions, and have continued to do so after *Edwards*. *See, e.g.*, *Zuckerman v. Green Earth Techs., Inc.*, 2011 WL 13213658, at *3 (C.D. Cal. Jan. 10, 2011) (holding "Section 16600 does not void" agreement prohibiting "using or disclosing [counter-plaintiff's] confidential information, including trade secrets, proprietary information, customer lists, and product sourcing information"); *Gatan, Inc. v. Nion Co.*, 2017 WL 1196819, at *7-8 (N.D. Cal. Mar. 31, 2017) (rejecting argument that defining "Confidential Information" broadly violated Section 16600); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*, 2001 WL 283083, at *5 (C.D. Cal. Feb. 2, 2001) (enforcing agreement that prohibited "using or disclosing any confidential information, documents or records" pertaining to plaintiff's clients). Thus, Apple's argument fails.

### 4. Apple Cannot Make The Factual Showing Necessary To Void The Provisions

Apple contends that the confidentiality provisions here are "facially invalid as a matter of law." *See* Mot. at 6 (attempting to distinguish Apple's arguments from those allegedly raised by Lamego). But "whether [confidentiality] provisions operate as a substantial restraint for purposes of section 16600 is a **fact-intensive inquiry**." *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2019 WL 6841992, at *14 (C.D. Cal. Oct. 30, 2019) (emphasis added). Apple has not made the factual showing necessary to prove that the confidentiality provisions actually "impose a substantial restraint [on employment] such that section 16600 must be applied." *Cf. id.* at *12-*14; *Magic Leap*, 2020 WL 3268659, at *4.

As a matter of fact, hundreds of employees (who signed the same confidentiality agreements as Lamego and O'Reilly) have left Masimo—often to work for competitors—without any problems. Ex. C at 52:4-20. Apple points to a single counter example, Marcelo Lamego, but Lamego is a poor example. Mot. at 5. Masimo objected to competition from Lamego only because he competed unfairly—by breaching his contracts, misappropriating Masimo's trade secrets, and breaching his fiduciary duties, as this Court recognized in its final

/ / /

judgment against him. Ex. A. Apple has no evidence showing that the challenged confidentiality provisions substantially restrain **fair** competition.

Apple complains that the agreements include "non-compete provisions." Mot. at 5. As Apple acknowledges, Masimo does not enforce those provisions in California and is not seeking to do so here. *See id.* California enforces other contractual obligations even if a contract includes an unenforceable clause. Cal. Civ. Code § 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful . . . the contract is void as to the latter and valid as to the rest."); *Jones v. Humanscale Corp.*, 130 Cal. App. 4th 401, 413 (2005) (non-compete provision in an employment contract did not affect the enforceability of other provisions of the agreement); *Lawrence Crane Enterprises, Inc., v. Abrams*, 2013 WL 12123997, at *5 (C.D. Cal. Jan. 28, 2013) (same). Indeed, the agreements at issue here specifically state: "The laws of each state differ. Thus, if any provision of this Agreement is invalid or not permitted in your particular state of residence, all other provisions shall remain in effect." Ex. 4 ¶ 21.[2]

### 5. Apple Misconstrues Masimo's Confidentiality Provisions

Apple argues that Masimo's confidentiality provisions effectively bar Masimo's employees "in perpetuity from doing any work" in the field. Mot. at 4. As explained above, Apple has no evidence of any such effect. Instead of evidence, Apple relies on a misreading of the confidentiality provisions to assert that they give Masimo "total, subjective control over what information former employees can use" and even prohibit the use of "general knowledge in the trade." *Id.* (internal quotation marks omitted). But the provisions do no such thing. Nor could they, because the scope of information that Masimo deems confidential under the agreements is subject to the duty of good faith and fair dealing that applies to all contracts.

The California Supreme Court has explained that "where a contract confers on one party a discretionary power affecting the rights of the other party, a duty is imposed to exercise that

---

[2] Apple also complains that Masimo asked Apple not to employ Lamego in the same field in which he worked at Cercacor. Mot. at 5-6. But Masimo made that request in a letter that asked Apple to respect Masimo's intellectual property. As the letter explains, Masimo was concerned about Apple's hiring of Lamego because of Apple's specific history of targeting Masimo engineers—not because of any general policy against competition. Ex. 4 at 1 (third paragraph).

-7-

discretion in good faith and in accordance with fair dealing." *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 923 (1985). The "essence of the good faith covenant is objectively reasonable conduct." *Id.* at 924. Accordingly, the Employee Confidentiality Agreements limit the use of information by former employees only insofar as Masimo deems that information confidential ***reasonably*** and ***in good faith***. Under this (legally required) understanding of the Employee Confidentiality Agreements, Apple's argument falls apart.

Apple relies heavily on *Brown v. TGS Mgmt Co.*, 57 Cal. App. 5th 303, 316-317 (2020), but that case is inapposite. Mot. at 3. The *Brown* court explained that the employer there was "claiming for itself, without limitation, all information that is 'usable in' or that 'relates to' the securities industry." 57 Cal. App. 5th at 316-317. In contrast to *Brown*, Masimo has never attempted to control all information that relates to its industry. Nothing in the confidentiality provisions at issue suggests that Masimo had any intent to do so. Any such attempt would be contrary to good faith, and therefore incompatible with the Employee Confidentiality Agreements. Thus, *Brown* does not support Apple's motion.

Apple's reliance on *Western Air*, *Dowell*, and *AMN Healthcare* is misplaced for similar reasons. (Mot. at 4.) All of those cases involved confidentiality provisions that expressly barred the use of basic information that former employees would need to compete in the field. Apple fails to show that Masimo's confidentiality provisions covered any such information, and Masimo's duty of good faith would prevent it from stretching the provisions in the manner Apple proposes. Thus, Masimo's confidentiality provisions do not violate § 16600. *See Magic Leap*, 2020 WL 3268659, at *3-4 (distinguishing *Western Air* and *Dowell* because the provisions in those cases expressly restrained competition); *Aramark Mgmt., LLC v. Borgquist*, 2021 WL 3932258, at *9 (C.D. Cal. July 8, 2021) (distinguishing *AMN Healthcare* where "Defendants have not shown that [plaintiff] would be unable to engage in his chosen 'profession, trade, or business' if the Court enforced [the challenged provision]").

/ / /

/ / /

/ / /

C. **Apple Conflates Materially Different Provisions**

Apple's motion attacks all "confidentiality provisions" of Masimo's agreements, but ignores key distinctions between such provisions. These distinctions undercut Apple's analysis in two ways.

First, Apple ignores the difference between provisions that apply to current employees and those that apply to former employees. For example, one provision states that "During my employment by Masimo, I will not disclose or make use of any Confidential Information …." Ex. 5 at ¶ 1. Because this applies only while an employee is still working at Masimo, it does not restrain anybody from engaging in a lawful trade. *See Aramark*, 2021 WL 3932258, at *9 (rejecting challenge under § 16600 where provision applied to "pre-termination" rather than "post-termination" conduct). Such provisions, which bind Masimo's current employees, also bound Lamego and O'Reilly when they were still working at Masimo. These provisions are relevant to show Masimo's reasonable efforts to maintain secrecy, and Apple identifies no basis to exclude them.

Second, Apple focuses on the capitalized definitions of "Confidential Information" (Mot. at 4), but ignores that Masimo's agreements also include confidentiality provisions without this defined term. *Compare, e.g.,* Ex. 8 at ¶ 2 (limiting use of "Confidential Information") *with id.* at ¶ 11 (requiring return of "proprietary or confidential information"). Apple's reasoning does not apply to confidentiality provisions that lack the defined term, so Apple has no basis for seeking to exclude such provisions.

D. **The Confidentiality Provisions Would Be Relevant Even If They Were Void**

Apple recognizes that confidentiality agreements with employees are relevant to trade secret misappropriation because such agreements evidence "reasonable efforts to maintain secrecy." Mot. at 1, 8. However, Apple argues this ground of relevance does not apply here because "a void confidentiality agreement provides no protection." *Id.* at 8. Even if the confidentiality provisions here were void (which they are not), this argument would fail for two additional reasons.

/ / /

First, a confidentiality provision that cannot be legally enforced may still provide protection as a factual matter because it informs employees that an expectation of confidentiality exists and requires them to acknowledge that expectation. *See Palantir Techs. Inc. v. Abramowitz*, 2022 WL 2952578, at *4-5 (N.D. Cal. July 26, 2022) (finding evidence of reasonable precautions where the plaintiff disclosed trade secrets "with **no** contractual confidentiality obligations" but the defendant "repeatedly affirmed his understanding that information that was shared with him was confidential") (emphasis added). Even if the provisions at issue here had failed to create a binding contract and did no more than inform Masimo's employees of the company's expectations, they would be analogous to employee handbooks—which courts routinely find relevant. *Cf., e.g., Albert S. Smyth Co. v. Motes*, 2018 WL 3635024, at *3 (D. Md. July 31, 2018) (finding reasonable efforts to maintain secrecy where "an employee handbook made clear that employees were not to disclose company records to non-employees").

Second, reasonable efforts to preserve secrecy need not be successful to support the existence of a trade secret. *Id.* at *3-*4 (rejecting argument that trade secrets were not reasonably protected because defendants were able to access them in an unauthorized location). Whenever a trade secret has been misappropriated, the plaintiff's reasonable efforts to preserve its secrecy must have failed. But this failure does not render the efforts irrelevant or inadmissible. *Id.*

E.  **Apple Would Not Be Unduly Prejudiced By The Employment Contracts**

Apple argues that "[a]ny minimal probative value to be gleaned from an unenforceable contract provision is substantially outweighed by the unfair prejudice to Apple if Plaintiffs are allowed to rely on an unlawful employment agreement." Mot. at 8. However, Apple fails to show that **any** of the confidentiality provisions are "unenforceable" or "unlawful"—much less all of them. Thus, Apple fails to show undue prejudice.

Apple further argues that Masimo's agreements would "cause undue delay and juror confusion" because the jury would need to be informed that the agreements "cannot be used to prove Plaintiffs' affirmative trade secret case." *Id.* But the agreements are relevant, and as

/ / /

-10-

explained above, would be relevant even if they were not legally binding.  Thus, the agreements are properly used to prove Masimo's case, and Apple's argument is meritless.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Apple's Motion *in Limine* No. 4.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 21, 2023      By: */s/ Adam B. Powell*
　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　　　Kendall M. Loebbaka
　　　　　　　　　　　　　　　　Daniel P. Hughes

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 3,572 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: February 21, 2023                    By: */s/ Adam B. Powell*
                                                    Joseph R. Re
                                                  Stephen C. Jensen
                                                  Benjamin A. Katzenellenbogen
                                                  Perry D. Oldham
                                                  Stephen W. Larson
                                                  Mark D. Kachner
                                                  Baraa Kahf
                                                  Adam B. Powell
                                                  Kendall M. Loebbaka
                                                  Daniel P. Hughes
                                                  Justin J. Gillett

                                                  Attorneys for Plaintiffs
                                                  MASIMO CORPORATION and
                                                  CERCACOR LABORATORIES, INC.