# EXHIBIT E

| | |
|---|---|
| ControlNumber : | MAS0016263 |
| Custodian : | No Custodian; |
| RecordType : | |
| ConfidentialDesignation : | ███████████████ |
| EmailSubject : | |
| From : | |
| To : | |
| CC : | |
| BCC : | |
| DateSent : | |
| DateReceived : | |
| FileName : | Welch Agreement.PDF |
| FileExtension : | PDF |
| FileType : | Adobe Portable Document Format; |
| Author : | |
| DateCreated : | 5/7/2013 11:50 AM |
| DateLastModified : | 5/7/2013 11:50 AM |
| DateLastAccessed : | |
| FolderPath : | Documents for Production\Personnel Files\ |

D P Exhibit No. 85
Date 2/23/16
Witness Welch
Tracy Mafi, CSR No. 11850

**EXHIBIT E**
**-315-**

## MASIMO EMPLOYEE CONFIDENTIALITY AGREEMENT

*Jim Welch*

As an employee of Masimo Corporation, a Delaware corporation ("Masimo"), and in consideration of the compensation and benefits from my employment, I agree as follows:

For purposes of this Agreement, the term Confidential Information means any information in any form that Masimo considers confidential, including without limitation business plans, customer files, sales and marketing reports, technical data, prices and costs, designs and formulas, software, databases, personnel and payroll records, mailing lists, accounting records, and other business information. Confidential Information also includes information to which I am exposed during the course of my employment with Masimo that is considered confidential to Masimo's affiliates or any third party.

1. During my employment by Masimo, I will not disclose or make use of any Confidential Information except as authorized by Masimo and as necessary for the performance of my duties as a Masimo employee.

2. After my employment with Masimo has terminated, I will not disclose or make use of any Confidential Information for any purpose, either on my own or on behalf of another business.

3. During my employment with Masimo, I will not disclose or make use of any confidential, proprietary or trade secret information or material belonging to a former employer or other third party without the express approval of Masimo and such former employer or other third party.

4. I represent that I am not subject to any agreement(s) with any third party that would prevent me from performing all of my assigned duties as a Masimo employee.

5. Prior to my employment with Masimo, I did not create any inventions, works of authorship, or trade secrets that relate in any way to the business of Masimo, except for those, if any, identified on the list attached to this Agreement as Exhibit A.

6. I agree that the fruits and products of my labor as a Masimo employee shall belong solely to Masimo.

7. I agree to assign and hereby assign to Masimo all rights that I may have to any inventions, works of authorship, developments, improvements, or trade secrets that I may develop during the course of my employment, except for inventions which I am allowed to retain under California Labor Code section 2870, a copy of which is attached to this Agreement as Exhibit B.

8. I agree that all works of authorship to which I contribute during my employment shall be considered "works made for hire" and shall be the sole property of Masimo.

9. I will keep adequate records of all inventions and works of authorship to which I contribute during my employment, and will make such records available to Masimo on request.

10. I will cooperate with Masimo and do whatever is necessary or appropriate to obtain patents, copyrights, or other legal protection on projects to which I contribute, and, if I am incapacitated for any reason from doing so, I hereby authorize Masimo to act as my agent and to take whatever action is needed on my part to carry out this Agreement.

11. Upon termination of my employment for any reason, I will immediately assemble all property of Masimo in my possession or under my control and return it unconditionally to Masimo.

12. During my employment, I will devote all of my working time and energy to the business of Masimo, and I will not render services to anyone outside Masimo, accept competing employment, or make preparations to compete with Masimo.

1

MAS0016263

**EXHIBIT E**
**-316-**

13. During my employment and for a period of five (5) years immediately following termination of my employment with Masimo, I will not (a) solicit or induce any employee or consultant of Masimo to quit their employment or cease doing business with Masimo, or (b) solicit Masimo's customers or suppliers, unless I am specifically authorized to do (a) or (b) by Masimo.

14. I agree that, during the term of my employment and for a period of two (2) years immediately following my termination of employment with Masimo (voluntary or otherwise), I shall be prohibited from competing with any business, product or service of Masimo.

15. I agree that the activities forbidden in paragraphs 13 and 14 above would necessarily involve the use or disclosure of Masimo's trade secrets and proprietary and confidential information and are necessary to protection of Masimo's trade secrets and proprietary and confidential information. I understand that none of my activities will be prohibited under paragraphs 13 and 14 to the extent that I can prove that the action was taken without the use or disclosure of any of Masimo's trade secrets or proprietary or confidential information.

16. I agree that a violation of this Agreement may cause irreparable harm to Masimo's reputation, customer relationships, and other aspects of its business for which an award of money damages would be inadequate. I therefore agree that Masimo shall be entitled to a court order as appropriate to prevent me from violating this Agreement, in addition to any claims for money damages or other relief.

17. For purposes of enforcing this Agreement, I hereby consent to jurisdiction in the Superior Court of California for the County of Orange, as well as any other jurisdiction allowed by law.

18. This Agreement shall be governed by the law of the state in which I reside, or Delaware if I reside outside the United States.

19. I understand that my obligations under this Agreement remain in effect even after my employment with Masimo terminates.

20. This Agreement does not guarantee me any term of employment or limit my or Masimo's right to terminate my employment at any time, with or without cause.

21. The laws of each state differ. Thus, if any provision of this Agreement is invalid or not permitted in your particular state of residence, all other provisions shall remain in effect.

22. This Agreement is binding on my successors and assigns, and will benefit the successors and assigns of Masimo.

23. This Agreement represents my entire agreement with Masimo with respect to the subject matter herein and in particular with respect to confidential, proprietary and trade secret information and materials and intellectual property rights, superseding any previous oral or written understandings or agreements with Masimo or any of its officers. This Agreement may be amended or modified only in writing signed by all the parties hereto.

MASIMO

By: *James P. Welch*
Name: JAMES P. WELCH
Title: VP Systems Engineering

Signature: *Sherri Davis*
Name: SHERRI DAVIS
Date: 07/24/2005

2

MAS0016264

EXHIBIT E
-317-

EXHIBIT A

## LIST OF PRIOR INVENTIONS
## AND ORIGINAL WORKS OF AUTHORSHIP*

| Title | Date | Identifying Number or Brief Description |
|---|---|---|
|  |  |  |

Name of Employee: James P. Welch

* If there are none, so state.

3

MAS0016265

EXHIBIT E
-318-

EXHIBIT B

CALIFORNIA LABOR CODE SECTION 2870
EMPLOYMENT AGREEMENTS; ASSIGNMENT OF RIGHTS

"(a) Any provision in an employment agreement which provides that an employee shall assign or offer to assign any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

(1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer.

(2) Result from any work performed by the employee for the employer.

(b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."

4

MAS0016266

EXHIBIT E
-319-