MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLAINTIFFS' ATTORNEYS' INVOLVEMENT IN THIS CASE**<br><br>Date: Mar. 13, 2023<br>Time: 1:30pm<br><br>Trial: Mar. 28, 2023 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  JOSEPH J. MUELLER, *pro hac vice*
2    joseph.mueller@wilmerhale.com
   SARAH R. FRAZIER, *pro hac vice*
3    sarah.frazier@wilmerhale.com
   WILMER CUTLER PICKERING
4     HALE AND DORR LLP
   60 State Street
5  Boston, MA 02109
   Tel.: 617.526.6000 / Fax: 617.526.5000
6
   NORA Q.E. PASSAMANECK, *pro hac vice*
7    nora.passamaneck@wilmerhale.com
   WILMER CUTLER PICKERING
8     HALE AND DORR LLP
   1225 Seventeenth Street, Suite 2600
9  Denver, CO 80202
   Tel.: 720.274.3152 / Fax: 720.273.3133
10
   BRIAN A. ROSENTHAL, *pro hac vice*
11    brosenthal@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
12 200 Park Avenue
   New York, NY 10166-0193
13 Tel.: 212.351.2339 / Fax: 212.817.9539

14 KENNETH G. PARKER, SBN 182911
     Ken.parker@haynesboone.com
15 HAYNES AND BOONE, LLP
   660 Anton Boulevard, Suite 700
16 Costa Mesa, CA 92626
   Tel. 650.949.3014 / Fax: 949.202.3001
17
18
19
20
21
22
23
24
25
26
27
28

OPP. TO PLS.' MOT. *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLS.' ATTORNEY'S INVOLVEMENT IN THIS CASE

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

The question of who actually composed the alleged trade secrets and when is unquestionably relevant to whether Plaintiffs actually possessed them at the time of Apple's purported misappropriation. Apple intends to demonstrate at trial that Plaintiffs lack evidence to corroborate their claims of possession, including by showing that ███████████████████████████████████████████████████████████████████████████████████████████████████████████ That the creator of the alleged trade secrets is not Plaintiffs, but their attorneys, and that the date of conception comes far later than the time of Apple's purported misappropriation, are facts that Apple should be able to present to the jury as they are fundamental to its consideration of whether and when Plaintiffs actually possessed the alleged trade secrets.

The jury is also entitled to evaluate whether Plaintiffs' experts did their own, independent work, or whether they copied the work of Plaintiffs' attorneys. Apple intends to demonstrate that at least Plaintiffs' expert Robert Palmatier did not approach his assignment with the independence required of experts, but instead copied his "opinions" verbatim from Plaintiffs' interrogatory responses. Such evidence and argument bears directly on the merits of Plaintiffs' trade secret misappropriation claims, as well as the credibility of Plaintiffs' experts. Any "prejudice" associated with such highly relevant evidence is not the type of prejudice Federal Rule of Evidence 403 is designed to prevent; rather, the "prejudice" here is simply that the evidence shows the weaknesses in Plaintiffs' claims. The jury should hear this relevant evidence and draw its own conclusions on the merits.

# ARGUMENT[1]

## I. PLAINTIFFS' ATTORNEYS' INVOLVEMENT IN CRAFTING THE ALLEGED TRADE SECRETS IS HIGHLY RELEVANT AND ADMISSIBLE.[2]

At trial, Plaintiffs will be required to show that they possessed each of the twenty-six remaining alleged trade secrets at the time of Apple's purported misappropriation. Apple intends to demonstrate that Plaintiffs are unable to come forward with any pre-litigation documents recording the alleged secrets. Moreover, in deposition after deposition, ███ *See, e.g.*, Dkt. No. 1096-10 at 63:10-13 ███ Dkt. No. 1096-14 at 96:6-13 ███ (objections omitted)). While the fact that no written documentation of the alleged secrets existed in the ordinary course of business may not be dispositive of lack of possession, it is certainly probative of the issue and a relevant fact Apple should be permitted to introduce.

Apparently recognizing that the facts significantly undercut Plaintiffs' contention that they possessed the alleged trade secrets, Plaintiffs now seek to exclude all evidence

---

[1] Apple agrees that the parties have agreed not to offer evidence or argument on their respective case narrowing. Mot. 6. However, Plaintiffs currently assert alleged trade secrets that incorporate other alleged secrets that Plaintiffs have abandoned. To the extent Plaintiffs assert those alleged secrets at trial, Apple reserves the right to introduce evidence or argument regarding Plaintiffs' abandonment of the incorporated secrets.

[2] As mentioned below, Plaintiffs' proposed order (Dkt. 1297-1) is overbroad and goes beyond the arguments raised in their Motion.

and argument "about Plaintiffs' attorneys' involvement in this case, such as any involvement in preparing pleadings, disclosures, discovery responses, and expert reports." Dkt. 1297-1. Plaintiffs' sweeping request should be denied, as the arguments and evidence at issue—which would show that the alleged trade secrets were only developed in litigation with Plaintiffs' attorneys—are highly relevant.

**First**, ███████████████████████████████████████ goes to the heart of Plaintiffs' trade secret misappropriation claims. Such evidence supports Apple's claim that the alleged trade secrets are not trade secrets at all, and even if they were, Plaintiffs did not possess the alleged trade secrets at the time of the purported misappropriation and ***prior to*** this litigation. Moreover, that "[t]rade secrets 'need not be in writing but may be in the employees' memory" (Mot. 3) does not render the evidence inadmissible. Here, the trade secrets are ███████████████ ███████████████████████. That is certainly a fact "of consequence in determining" whether Plaintiffs truly possessed the alleged secrets at the time of the purported misappropriation, and therefore meets the test of relevance under Federal Rule of Evidence 401.

**Second**, Plaintiffs' attorneys' involvement in crafting Plaintiffs' alleged trade secrets is also relevant to the credibility of Plaintiffs' witnesses and experts. To the extent that Plaintiffs' witnesses attempt to testify that Plaintiffs possessed the alleged trade secrets long before this lawsuit was filed, Apple should be permitted to cross examine them on the fact that the alleged trade secrets ███████████████ ████████████████████ (Dkt. 1082-1 at 1), ███████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

OPP. TO PLS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLS.' ATTORNEY'S INVOLVEMENT IN THIS CASE
3    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

1  ████████████████████████████████████████████████████ (Dkt.
2  1082-1 at 1, 5; Dkt No. 296-1, ¶¶ 40.10-40.15; Dkt. No. 1086-10).  These facts, which
3  necessarily encompass Plaintiffs' attorneys' involvement in crafting the alleged trade
4  secrets, directly bear on the credibility of Plaintiffs' witnesses and experts who have
5  testified on Plaintiffs' possession of the alleged trade secrets.  *See* Fed. R. Evid. 104(e);
6  *see also U.S. v. Abel*, 469 U.S. 45, 52 (1984) ("[T]he jury, as finder of fact and weigher
7  of credibility, has historically been entitled to assess all evidence which might bear on
8  the accuracy and truth of a witness' testimony.").

9  Plaintiffs' unfair prejudice argument is equally unavailing.  The alleged
10 prejudice—that the jury "could be misled to think … Masimo did not possess the trade
11 secrets" or that "the attorney manipulated the scope of the trade secrets" (Mot. 3)—
12 shows exactly why the evidence and argument that Plaintiffs seek to exclude is highly
13 relevant.  *Supra* pp. 2-3.  Indeed, "[r]elevant evidence is inherently prejudicial[,] [and]
14 it is only unfair prejudice, substantially outweighing probative value, which permits
15 exclusion of relevant matter under Rule 403."  *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th
16 Cir. 2000).  The prejudice Plaintiffs anticipate here is in essence that the evidence could
17 show the weakness in their claims—and Plaintiffs are invoking Rule 403 to try to prevent
18 the jury from understanding those weaknesses.  This is not what Rule 403—the
19 application of which "must be cautious and sparing," *id.*—was designed to do.
20 Plaintiffs' claim that they would need to "rebut" such evidence and arguments by having
21 their counsel testify (Mot. 3) is similarly misplaced.  Indeed, if the Plaintiffs' fact
22 witnesses genuinely created and possessed the alleged trade secrets, then those witnesses
23 would be able to rebut any contention that Plaintiffs' attorneys were the driving force
24 behind the alleged trade secrets.  That is, Plaintiffs can use those witnesses—as well as
25 documentary evidence and expert witnesses—to try to substantiate their claim that the
26 alleged trade secrets, as defined, were conceived by Plaintiffs nearly a decade ago.
27
28

OPP. TO PLS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLS.' ATTORNEY'S INVOLVEMENT IN THIS CASE
4
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

## II. SIMILARITIES BETWEEN PLAINTIFFS' DISCOVERY RESPONSES AND EXPERT REPORTS ARE LIKEWISE HIGHLY RELEVANT AND ADMISSIBLE.

Contrary to Plaintiffs' assertion, the striking similarities between Plaintiffs' discovery responses—which were undisputedly prepared by Plaintiffs' attorneys—and the expert report of Plaintiffs' expert, Robert Palmatier, are highly relevant to Dr. Palmatier's credibility, which in turn bears on the merits of Plaintiffs' trade secret claims. *See Marbled Murrelet v. Pacific Lumber Co.*, 880 F. Supp. 1343, 1364 (N.D. Cal. 1995) (finding that the expert's testimony lacked objectivity and credibility where it appeared to have been crafted by attorneys, in particular, where the expert reports "were written with substantial input from [party']s attorneys"), *aff'd*, 83 F.3d 1060 (9th Cir. 1996); *cf. Dunbar v. City of Riverside*, 2017 WL 11636155, at *6 (C.D. Cal. June 6, 2017) (noting that involvement of party's counsel in preparation of expert materials impacted "the weight of the evidence"). Courts have routinely allowed cross-examination of experts at trial to test whether an expert report was ghostwritten by attorneys. *See, e.g.*, *Howard v. City of Durham*, 2021 WL 5086379, at *11 (M.D.N.C. Nov. 2, 2021) (permitting defendants "substantial leeway to cross examine [plaintiff's expert] at trial on the process of his reaching his opinions in accordance with Rule 26, as it relates to his credibility"); *Trigon Ins. Co. v. U.S.*, 204 F.R.D. 277, 296 (E.D. Va. 2001) (allowing cross-examination of experts at trial "to adduce evidence of ghost writing"). The Court should do the same here.

Plaintiffs fail to show either irrelevance or unfair prejudice. Plaintiffs claim that "[a]ny similarities between the Palmatier report and Masimo's interrogatory response do not suggest a lack of independence" and that "[n]othing supports Apple's assumption that Palmatier copied Masimo's interrogatory response to prepare his report." Mot. 4-5. But Dr. Palmatier himself testified that ███████████████████████████████████████████ Ex. A at 318:2-11 ██████████

1  ████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ██████████████████████████████████████ While Plaintiffs may disagree with the inferences to be drawn from the overlap in the Palmatier report and Plaintiffs' discovery responses, the weight to be given Dr. Palmatier's opinion is for the jury to decide, not Plaintiffs. *See Nogali v. Transcon Fin., Inc.*, 2015 WL 12656934, at *14 (C.D. Cal. Aug. 12, 2015) ("Generally, when parties disagree about the inferences to be drawn from a material document, a jury should decide what inferences to make.") (citation omitted); *Moreno v. Ross Island Sand & Gravel Co.*, 2015 WL 6690067, at *3 (E.D. Cal. Oct. 29, 2015) ("[J]uries may be trusted to accord evidence proper weight and sort out competing inferences with the benefit of any necessary instructions.") (citing Ninth Circuit cases).

Nor is there any basis to exclude the opinions of Apple's expert, Dr. Ran Kivetz, explaining that Dr. Palmatier's opinions "lack original analysis" and "simply parrot[] the Plaintiffs' position and arguments." Mot. 4. As an initial matter, Plaintiffs' challenge is no more than an untimely *Daubert* motion masquerading as a motion *in limine* on a completely different subject. Plaintiffs waived their challenge to Dr. Kivetz's opinions because the deadline for *Daubert* motions has already passed. *See, e.g., Great Am. Ins. Co. of N.Y. v. Midland Chin Baptist Church*, 2022 WL 18046718, at *2 (W.D. Tex. Feb. 3, 2022) (denying motion in *limine* to exclude expert opinion given that the deadline for *Daubert* motions has passed); *Noftz v. Holiday CVS LLC*, 2019 WL 2372265, at *5 (M.D. Fla. June 5, 2019) (similar); *Penthouse Owners Assoc., Inc. v. Certain Underwriters at Lloyd's*, *London*, 2011 WL 13073684, at *2 (S.D. Miss. Feb. 9, 2011) (similar). Moreover, Plaintiffs are free to cross-examine Dr. Kivetz on his opinions at trial. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 978 F.Supp.2d 1053, 1069 (C.D. Cal. 2013)). ("[T]he

factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.").

Plaintiffs now attempt to shift the blame to Apple for the overlap in the Palmatier report and Plaintiffs' interrogatory responses by arguing they had only one week between supplementing their interrogatory responses and serving Dr. Palmatier's report. Mot. at 4-5. That argument is misplaced. Plaintiffs *agreed* to the timeline for supplementing their interrogatory responses and submitting expert reports. Exs. B, C. More fundamentally though, Plaintiffs' red herring argument has no bearing on whether the Palmatier report merely adopted the theories and opinions laid out by Plaintiffs' attorneys—a fact that undermines both Dr. Palmatier's credibility and Plaintiffs' trade secret claims as explained above.[3]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion *In Limine* To Exclude Evidence Or Argument About Plaintiffs' Attorney's Involvement In This Case.

---

[3] Contrary to Plaintiffs' suggestion (Mot. 5), Apple has not "demand[ed] that Masimo strictly adhere to previously disclosed discovery responses in expert reports." The mere fact that Plaintiffs are required to timely disclose their *theories* in response to Apple's discovery requests does not give Plaintiffs' experts license to copy and paste Plaintiffs' discovery responses and label it an expert report.

OPP. TO PLS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLS.' ATTORNEY'S INVOLVEMENT IN THIS CASE
7                CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Dated: February 21, 2023           Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 2141 words, which [choose one]:

<u> X </u> complies with the word limit of L.R. 11-6.1.

<u>  </u> complies with the word limit set by court order dated [date].

Dated:  February 21, 2023               Respectfully submitted,

                                        MARK D. SELWYN
                                        AMY K. WIGMORE
                                        JOSHUA H. LERNER
                                        JOSEPH J. MUELLER
                                        SARAH R. FRAZIER
                                        NORA Q.E. PASSAMANECK
                                        THOMAS G. SPRANKLING
                                        WILMER CUTLER PICKERING HALE AND DORR LLP

                                        BRIAN A. ROSENTHAL
                                        GIBSON, DUNN & CRUTCHER LLP

                                        KENNETH G. PARKER
                                        HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
           Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

OPP. TO PLS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLS.' ATTORNEY'S INVOLVEMENT IN THIS CASE
9            CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP