# EXHIBIT C

#:133646

| | |
|---|---|
| **From:** | Adam Powell <Adam.Powell@knobbe.com> |
| **Sent:** | Sunday, September 11, 2022 5:41 PM |
| **To:** | Passamaneck, Nora Q.E. |
| **Cc:** | Masimo.Apple;  Apple-Masimo; WH Apple-Masimo Service List |
| **Subject:** | RE: Masimo v. Apple - O'Reilly Deposition |

**EXTERNAL SENDER**

Nora,

We do not see the connection between Apple's expert report and the O'Reilly depo given that O'Reilly is Apple's witness, but we would not oppose your request for additional time.  Thus, both parties' expert reports relating to the business, marketing, and hospital-interaction trade secrets (including the damages report) will be extended until two weeks after the O'Reilly deposition (October 6).

We do not have a proposal at this time on the deadlines for rebuttal reports and expert discovery.  It sounds like you have something in mind, so please let us know your thoughts.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, September 9, 2022 1:56 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

Adam,

Apple produced the documents referred to in my email on Wednesday.  We are not opposed to an extension for expert reports relating to the business, marketing, and hospital-interaction trade secrets until two weeks after the O'Reilly deposition (October 6), but believe that such extension should apply to both parties' reports addressing these alleged trade secrets.  Please also let us know what Plaintiffs are proposing in terms of the deadlines for rebuttal reports and expert discovery.

Thank you,

Nora

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, September 8, 2022 9:20 PM

Exhibit C
Page 1

**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

**EXTERNAL SENDER**

Nora,

Thanks for your email.  Please let us know when Apple will produce the remaining O'Reilly documents.  Based on your representation about Dr. O'Reilly's availability, we will proceed with his deposition on September 22.  However, Masimo will not have a fair chance to prepare expert reports relating to that deposition by the current September 23 deadline.  Please confirm that Apple agrees the deadline for Masimo to serve expert reports relating to the business, marketing, and hospital-interaction trade secrets is extended until two weeks after the O'Reilly deposition (October 6).  That would include expert reports concerning those particular trade secrets and the damages expert report.  Given the urgency of this request, please provide Apple's position by the end of the day tomorrow.

Best regards,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, September 6, 2022 5:26 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

Adam,

Following up on our conversation today, Dr. O'Reilly is traveling next week and therefore is not available until September 22 for deposition.  Please let us know if we can confirm this date.

As to Plaintiffs' demand for additional deposition time, we disagree that the production of Dr. O'Reilly's notebooks last week merits 3 additional deposition hours, but are not opposed to additional time.  Apple has discovered, however, some additional documents that it will produce later this week.  In particular, due to vendor error a collection of documents post-dating the Complaint was grouped with the privileged documents related to this litigation and both withheld and not logged (pursuant to the parties' agreement with respect to privileged documents that post-date the Complaint).   Apple has reviewed this additional collection of post-Complaint documents and will be (1) producing those that are responsive and not privileged and (2) providing a log for any that are responsive and privileged but unrelated to this litigation.   I suggest that Plaintiffs review this production and then the parties discuss additional deposition hours.

I am available on Friday to meet and confer should Plaintiffs request it.

Thank you,
Nora

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Tuesday, September 6, 2022 9:19 AM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

**EXTERNAL SENDER**

Nora,

I can talk at 11:30. Please circulate a dial in.

Thanks,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Monday, September 5, 2022 1:32 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

Adam,

Today is Labor Day and I cannot consult with my client over the holiday. I do think a phone call may be helpful, and am available Tuesday at 11:30 am PST. In particular, given that the only other potential deposition is that of Tim Cook and that deposition is subject to Apple's motion for protective order, it appears that Plaintiffs' request for additional hours is premature. We would be willing to discuss hours should Apple's motion for protective order be denied.

Regards,
Nora

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Sunday, September 4, 2022 5:32 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

**EXTERNAL SENDER**

Nora,

From your email, we understand the O'Reilly deposition is not going forward on September 8 and have released that date from our calendars. We look forward to receiving O'Reilly's availability for the week of September 12 soon.

Masimo's request is not a "pretext" for more deposition time. Your email below ignores that we planned our remaining deposition time based on the documents that Apple had produced. Based on those documents, we believed that we could complete O'Reilly's deposition in less than seven hours. Had we known about this production earlier, we would have used less time with other witnesses to ensure we had a full seven hours with O'Reilly. While a standard seven-hour deposition does not cure the prejudice that Masimo has suffered, we believe it is the bare minimum required under the circumstances.

Based on your email, it appears to us that Apple's position is firm and that Apple is not willing to compromise. If that is incorrect, or you believe a phone call would be helpful, we are available tomorrow to discuss. If we do not hear from you tomorrow, we will proceed with our understanding that Apple is not willing to compromise and that Apple does not assert any further discussion is required before contacting the Special Master.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, September 2, 2022 11:54 AM
**To:** Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** RE: Masimo v. Apple - O'Reilly Deposition

Adam,

We do not believe this relatively small production warrants re-scheduling Dr. O'Reilly's deposition or with your assertion that the documents are highly relevant, but, as an accommodation, we are checking on his availability for deposition during the week of September 12.

Plaintiffs have repeatedly sought additional deposition time, and Judge Early and Judge Selna have denied those requests. It is improper for Plaintiffs to use the pretext of Wednesday's production to again request more deposition time. Plaintiffs have been able to complete the depositions of other Apple witnesses whom they have characterized as having highly relevant knowledge—e.g., Adrian Perica, Jeff Williams, Steven Hotelling—in under seven hours, and Plaintiffs should be able to do so with Dr. O'Reilly.

Best regards,
Nora

---

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Thursday, September 1, 2022 7:06 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Masimo v. Apple - O'Reilly Deposition

**EXTERNAL SENDER**

Nora,

On Tuesday night, Apple produced more than 6,000 pages from Michael O'Reilly, including almost 2,000 pages of handwritten notes from his time at Masimo and Apple.

Apple's late production of highly-relevant documents has prejudiced Masimo in many ways.  Among other things, Masimo planned its remaining deposition time based on the documents that Apple had produced.  Had we known about these documents earlier, we would have budgeted for a full 7-hour deposition with O'Reilly.  Masimo currently has 9 hours remaining.  Please confirm Apple agrees that Masimo may take an extra three hours of depositions such that Masimo would have 12 hours total remaining.  Apple's late production also justifies delaying the deposition until Masimo has had a chance to review the new documents, which include thousands of pages of handwritten notes obstructed by blurred text and water damage.  Please confirm O'Reilly is available for a deposition on September 15 or 16.

Because of the urgent nature of these issues, please let us know by noon tomorrow if Apple will agree (a) Masimo has an extra three hours of deposition time for a total of 12 hours remaining and (b) the O'Reilly deposition is postponed until September 15 or 16.

Best regards,
Adam

**Adam Powell**
Partner

858-707-4245  Direct

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.