Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continues on next page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 3: EXCLUDE "IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES"**<br><br>Date:      March 13, 2023<br>Time:      1:30 p.m.<br>Location:  Courtroom 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

# TABLE OF CONTENTS

**Page No.**

I.     INTRODUCTION ........................................................................................1

II.    LEGAL STANDARDS ..............................................................................2

III.   ARGUMENT ..............................................................................................3

     A.   Apple's Motions Violate The Court's "Four MIL" Rule ...............3

     B.   The Court Should Deny Apple's Requests to Exclude Broad and Poorly Defined Categories of Potential Evidence .........................................................................................3

     C.   The Court Should Deny Apple's Request to Exclude Specific Evidence About Apple's Corporate Culture or History ..................................................................................................5

     D.   The Court Should Deny Apple's Request to Exclude "Irrelevant" And "Inflammatory" Statements By Apple Employees ..........................................................................................10

          1.   References to Efficient Infringement ...................................10

          2.   Statements By Steve Jobs.....................................................12

          3.   Unidentified Statements By Michael O'Reilly and Others.....................................................................................15

          4.   Unidentified Political Positions and Media Reports/Speculation.............................................................17

IV.    CONCLUSION .........................................................................................17

# TABLE OF AUTHORITIES

**Page No(s).**

*Apple Inc. v. Samsung Elecs. Co.*,
  2016 WL 824711 (N.D. Cal. Mar. 2, 2016) ................................................ 4, 16

*Apple iPod iTunes Antitrust Litig.*,
  2014 WL 12719192, at \*4 (N.D. Cal. Nov. 18, 2014) ................................. 15

*Canon, Inc. v. Color Imaging, Inc*,
  227 F. Supp. 3d 1303 (N.D. Ga. 2016) ............................................................ 7

*Carter v. Hewitt*,
  617 F.2d 961 (3d Cir. 1980) ........................................................................ 2, 9

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  2014 WL 12719192 (N.D. Cal. Nov. 18, 2014) ........................................... 15

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
  2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) ............................................. 14

*Emblaze Ltd. v. Apple Inc.*,
  No. 5:11-CV-01079, Dkt. 519 (N.D. Cal. June 18, 2014) ............................ 15

*Haeger v. Goodyear Tire & Rubber Co.*,
  2009 WL 10635666 (D. Ariz. Sept. 10, 2009) .................................... 10, 11, 16

*Integra Lifesciences I, Ltd. v. Merck KgaA*,
  2000 WL 35717873 (S.D. Cal. Jan. 27, 2000) ....................................... 10, 13

*Lego v. Stratos Int'l, Inc.*,
  2004 WL 5518162 (N.D. Cal. Nov. 4, 2004) ........................................... 4, 16

*Lopez v. Chula Vista Police Dep't*,
  2010 WL 685014 (S.D. Cal. Feb. 18, 2010) ................................................ 16

*Marriner v. Cal. Army Nat'l Guard*,
  2006 WL 2402063 (E.D. Cal. Aug. 18, 2006) ...................................... 2, 3, 13

*McClure v. State Farm Life Ins. Co.*,
  341 F.R.D. 242 (D. Ariz. 2022) ................................................................. 2, 3

**TABLE OF AUTHORITIES**
*(cont'd)*

Page No(s).

*McCoy v. Kazi,*
    2010 WL 11465179 (C.D. Cal. Aug. 27, 2010) .................................. 4, 16, 17

*Optis Wireless Tech., LLC v. Apple Inc.,*
    No. 2:19-cv-66, ECF No. 437 (E.D. Tex. July 29, 2020) ........................... 15

*Pinn, Inc. v. Apple, Inc.,*
    2021 WL 4777134 (C.D. Cal. July 14, 2021) ............................... 14

*Ramirez v. Bockholt,*
    2020 WL 7383297 (D. Utah Dec. 16, 2020) ................................. 13

*Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.,*
    927 F. Supp. 2d 1069 (D. Or. 2013) .................................. 13

*Stars & Bars, LLC v. Travelers Casualty Ins. Co. of Am.,*
    2020 WL 4342250 (C.D. Cal. May 28, 2020) ................................ 5, 16, 17

*Tibbs, v. Welded Constr., L.P.,*
    2021 WL 5240881 (N.D.W. Va. Aug. 20, 2021) .......................... 13

*Trovata, Inc v. Forever 21, Inc.,*
    2009 WL 10671582 (C.D. Cal. Mar. 4, 2009) .................................. 4, 16, 17

*U.S. v. Allen,*
    341 F.3d 870 (9th Cir. 2003) ........................................... 3

*U.S. v. Gohn,*
    895 F.2d 1418 (9th Cir. 1990) (unpublished) ................................ 2

*VIA Techs., Inc. v. ASUS Comput. Int'l,*
    2017 WL 3051048 (N.D. Cal. July 19, 2017) ............................... 7

*William Hablinski Architecture v. Amir Const. Inc.,*
    2005 WL 4658149 (C.D. Cal. Feb. 27, 2005) ............................ 6, 7

**OTHER AUTHORITIES**

Fed. R. Evid. 404 ................................................. 6

-iii-

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

Rule 402 ................................................................................................ 4, 16, 17

Rule 403 ................................................................................................. *passim*

# I.   <u>INTRODUCTION</u>

Apple asserts Masimo "will try to inflame and bias the jury against Apple by taking irrelevant anecdotes about Apple's corporate culture and history out of context and by attributing a handful of irrelevant or unfairly prejudicial statements from individual employees (or former employees) … ."  MIL-3 at 1:2-5.  Apple uses "inflame and bias" to mean allowing the jury to reach a conclusion contrary to Apple's proposed narrative.  Apple uses "irrelevant" to mean relevant statements about Apple's culture and informal policies that Apple claims differ from its official policies.  Apple uses "unfairly prejudicial" to refer to relevant evidence that, if believed, would be harmful to Apple's case.  The Court should deny Apple's request for multiple reasons.

First, the Court should deny Apple's request to exclude vague ***categories*** of evidence.  Courts reject such requests because it is not possible to weigh the probative value of unidentified evidence against its potential prejudice as required under Rule 403.

Second, the plain meaning of several statements Apple seeks to exclude is that Apple, and its co-founder Steve Jobs, took pride in copying others' ideas and successfully marketing them using Apple's penchant for slick product design.  Such evidence is relevant in this trade secret case alleging that Apple took Masimo's ideas.  Apple cannot use a motion *in limine* to seek summary judgment that Apple's proffered interpretation of this evidence is correct.   Apple's arguments also depend on the jury adopting Apple's proposed interpretation.  Under the plain meaning, the statements are relevant because they relate to Apple's view of copying and stealing.  And the statements cannot be unfairly prejudicial under any interpretation.  If the jury accepts Apple's assertion that the statements are innocent, Apple will not be prejudiced.  If the jury adopts the plain meaning, there is nothing unfair about the jury considering relevant evidence that is damaging to Apple.  When relevance turns on how the evidence is interpreted,

the issue is one for the jury and cannot be decided by the court on a motion *in limine*.

Third, Apple seeks to exclude two politically incorrect statements from O'Reilly: one that Masimo agreed not to present and one that Masimo would have agreed not to present if Apple had identified it during the meet-and-confer. These statements highlight the difference between irrelevant evidence that is properly excluded and the relevant evidence Apple improperly seeks to exclude. Masimo will not introduce the statements by O'Reilly because they are irrelevant regardless of what O'Reilly meant.  It does not matter whether O'Reilly is ████████████ or Apple cares too much about ████████████. Neither interpretation has anything to do with the case.  This contrasts starkly with Apple's other statements about shamelessly stealing others' ideas.

## II.    LEGAL STANDARDS

Courts in the Ninth Circuit recognize that, "'[o]f course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice.'"  *Marriner v. Cal. Army Nat'l Guard*, 2006 WL 2402063, at *15 (E.D. Cal. Aug. 18, 2006) (quoting *United States v. Simpson,* 910 F.2d 154, 158 (4th Cir. 1990)); *see U.S. v. Gohn*, 895 F.2d 1418 (9th Cir. 1990) (unpublished) ("All relevant evidence is prejudicial to some degree, but it is only evidence in which prejudice outweighs weak relevance that is proscribed.")

Another court in this Circuit similarly observed that, "[a]ll relevant evidence is prejudicial, but it is 'unfairly prejudicial' only if it tends to suggest or encourage a decision on *improper reasoning*."  *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 258 (D. Ariz. 2022) (emphasis added); *see Carter v. Hewitt*, 617 F.2d 961, 972 at n.14 (3d Cir. 1980) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

"'Unfair prejudice,' in turn, means 'an undue tendency to suggest decision on an *improper basis*, commonly, though not necessarily, an emotional one.'"

-2-

*U.S. v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (quoting Fed. R. Evid 403, advisory committee notes); *see also Marriner*, 2006 WL 2402063, at *15 ("Unfair prejudice is characterized as 'the possibility that the evidence will excite the jury to make a decision **on the basis of a factor unrelated to the issues** properly before it.'" (emphasis added) (quoting *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

Accordingly, "evidence need not be excluded simply because it is prejudicial." *McClure*, 341 F.R.D. at 258. This is because Rule 403 does not require preclusion of evidence simply because it has "a prejudicial effect that outweighed its probative value." *Id.* "The prejudice must be 'unfair prejudice' and that must 'substantially outweigh' any probative value." *Id.* Accordingly, the Ninth Circuit has found that even extremely "prejudicial" evidence, such as "skinhead and other white supremacy evidence" is not unfairly prejudicial in a case where racial animus is relevant. *Allen*, 341 F.3d at 886.

## III.   ARGUMENT

### A.   Apple's Motions Violate The Court's "Four MIL" Rule

Absent certain exceptions or a motion for relief, this Court allows only four motions *in limine* per side. Dkt. 36 at 4-5. Apple filed four formal motions, but each motion seeks to exclude numerous separate, and largely unrelated, categories of evidence. Apple should not be allowed to circumvent the four-motion rule by combining multiple motions. The Court should deny Apple's motions under the four-motion rule. *See* Dkt. 36.

### B.   The Court Should Deny Apple's Requests to Exclude Broad and Poorly Defined Categories of Potential Evidence

The Court should deny Apple's Motion as facially overbroad because it seeks to exclude broad categories of evidence. Apple's conclusion requests relief that is far broader than the evidence Apple substantively discusses in its Motion. Apple asks the Court to preclude Masimo from:

> [P]resenting any evidence, testimony, or argument about ***irrelevant*** and/or ***unduly prejudicial*** statements attributed to Apple's current and former employees, ***including but not limited to*** Steve Jobs and Dr. Michael O'Reilly and from ***referencing in any way*** pirates, political positions taken ***by Apple or its leadership***, or the concept of "efficient infringement.

MIL-3 at 8:11-16 (emphases added).[1]   Apple does not support exclusion of the broad range of potential evidence that follows the "including but not limited to" clause.  Nor would Apple's vague description provide any meaningful guidance regarding the evidence or arguments that would be excluded.

This Court held in another case that "[t]he Court ***cannot*** complete its Rule 403 analysis without the specific evidence to be offered." *Trovata, Inc v. Forever 21, Inc.*, 2009 WL 10671582, at *4 (C.D. Cal. Mar. 4, 2009) (emphasis added).  This Court denied a motion to exclude prior litigation because "[t]he Court does not believe that prior litigation is so prejudicial that it should be categorically excluded under Rule 403 of the Federal Rules of Evidence." *Id.*

This Court's prior holding is consistent with the approach of other courts in this District and the Ninth Circuit, including in cases involving Apple.  *See McCoy v. Kazi*, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) ("A motion in limine may be denied for being vague and overbroad."); *Apple Inc. v. Samsung Elecs. Co.*, 2016 WL 824711, at *1 (N.D. Cal. Mar. 2, 2016) (denying motion because "Apple has not identified what additional specific evidence Samsung seeks to use at trial that Apple wishes to exclude in this motion *in limine*."); *Lego v. Stratos Int'l, Inc.*, 2004 WL 5518162, at *1 (N.D. Cal. Nov. 4,

---

[1] The Court could summarily deny the Motion as moot because Apple's request is limited to "irrelevant" and "unduly prejudicial" evidence, which is already addressed by Rules 402 and 403.

2004) (denying motion *in limine* because the "requested relief is vague and overbroad").   Another court in this District observed that, "[m]otions in limine that seek to exclude categories of evidence, without identifying specific evidence, are rarely appropriate."   *Stars & Bars, LLC v. Travelers Casualty Ins. Co. of Am*., 2020 WL 4342250, at *4 (C.D. Cal. May 28, 2020).

Here, this Court can similarly deny Apple's entire motion because it seeks to exclude broad and poorly defined categories of evidence.   Alternatively, the Court could address the more specific categories and evidence that Apple substantively discusses in its Motion and deny Apple's request for the reasons below.

**C.**   **The Court Should Deny Apple's Request to Exclude Specific Evidence About Apple's Corporate Culture or History**

Apple argues "[t]he Court should prohibit Plaintiffs from **misrepresenting** anecdotes that could, **when taken out of context**, suggest that Apple has a corporate culture disrespectful of intellectual property protections."   MIL-3 at 1:23-25 (emphases added).   Masimo has no intention of misrepresenting anything or taking anything out of context.   But Apple cannot unilaterally dictate which representations are correct or how best to define the appropriate context for each statement.   The jury, not Apple, should make those judgments.

The only specific evidence of Apple's corporate culture that Apple seeks to preclude is "Apple's use of a skull-and-crossbones flag" at corporate events and in front of Apple buildings.   *See* MIL-3 at 1-2.   Apple's use of pirate imagery includes flying a pirate flag—with the eye-patch replaced with the Apple logo:

Ex. A.  Apple argues its use of pirate imagery stems from a corporate retreat at which Jobs "reportedly said that '[i]t's better to be a pirate than to join the navy,' … ."  MIL-3 at 2.  Apple seeks to exclude pirate imagery because, as Apple concedes, it connotes theft and robbery.  *See* MIL-3 at 1-2.

The jury could reasonably conclude that embracing pirate imagery suggests that Jobs and Apple supported pirating the ideas of others, regardless of Apple's formal policies.  Such a conclusion is reasonable, particularly when combined with other evidence that Apple seeks to exclude, such as Jobs' admiration of the saying that "***good artists copy great artists steal***" and his admission that: "***we*** [Apple] ***have always been shameless about stealing great ideas***[.]"  These statements are addressed below in later sections.  *See, infra*, Section III.D.2.

Evidence of Apple's culture of piracy may also be important to rebut any argument by Apple that it was an innocent victim of misappropriation by Lamego and/or O'Reilly.  Such evidence is admissible to prove intent, knowledge, absence of mistake, and lack of accident.  Fed. R. Evid. 404(b)(2).

Evidence of corporate culture or attitudes toward copying is relevant in cases that allege copying.  In *William Hablinski Architecture v. Amir Const. Inc*., 2005 WL 4658149 (C.D. Cal. Feb. 27, 2005), a party argued evidence of "a 'corporate culture' that allegedly 'teaches' or encourages [] employees to copy other architectural works and pass them off as original is irrelevant and therefore inadmissible."  *Id.* at *3.  It also argued that evidence of infringing "other

copyrighted works" was irrelevant and was offered in the hopes of convincing the jury that the moving party had done something bad. *Id.* The court found it "inappropriate to issue any kind of blanket preclusion order" and denied the motion without prejudice to raising objections at trial. *Id.* Other courts have also denied motions to exclude evidence of corporate culture in a trade secret case. *See VIA Techs., Inc. v. ASUS Comput. Int'l*, 2017 WL 3051048, at *1 (N.D. Cal. July 19, 2017); *see also Canon, Inc. v. Color Imaging, Inc*, 227 F. Supp. 3d 1303, 1307 (N.D. Ga. 2016).

Moreover, Apple is not trying to exclude *all* evidence of its corporate culture. Apple is trying to exclude only *unfavorable* evidence. That is improper. Apple's 30(b)(6) designee testified, and Apple will likely assert at trial that,

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████   The Court should not allow Apple to present such evidence without allowing Masimo to present contrary evidence. The jury could reasonably believe that flying a pirate flag conveyed to rank and file employees that Apple encourages (or at least tolerates) copying regardless of what Apple's official policies state.

Apple offers a competing interpretation of the pirate imagery and Jobs' statement about it being better to be a pirate than to be in the Navy. Apple claims it was used "as a way of suggesting that Apple should avoid becoming 'too large and bureaucratic.'" MIL-3 at 2. Apple relies on a "Folklore" webpage. *See* Ex. D. Setting aside the relevance of "folklore," the webpage author opines that

1    "*I think* the 'pirates' remark addressed the feeling among some of the earlier

2    team members that the Mac group was getting too large and bureaucratic." *Id*.

3    (emphasis added).  One person's subjective opinion is hardly sufficient to show

4    that allowing the jury to consider the ordinary connotations of piracy would be so

5    necessarily false or misleading that all evidence of pirate imagery must be

6    categorically excluded.

7           Moreover, regardless of whether the website author's opinion accurately

8    reflected Jobs' subjective intent, his opinion would say nothing about how Apple

9    employees interpret Jobs' statements and Apple's use of pirate imagery. ███████

10   ███████████████████████████████████████████████████████████████████

11   ███████████████████████████████████████████████████████████████████

12   ███████████████████████████████████████████████████████████████████

13   Apple cannot credibly assert it is unfairly prejudicial for the jury to draw its own

14   conclusions.[2]

15          Apple claims that, "any pirate imagery or references are irrelevant to

16   Apple's corporate policies concerning intellectual property or to any other

17   material factual dispute in this case."  MIL-3 at 2:11-13.  That might be true if the

18   jury accepted Apple's proposed interpretation of the pirate imagery.  But the jury

19   should be allowed to make that decision.  The jury should also be allowed to

20   consider how Apple's history of glorifying piracy may have affected individual

21   employees—regardless of the wording of Apple's "official" policies.

22          Apple also argues that such evidence may "unfairly imply to jurors that

23   Apple steals intellectual property from other companies."  MIL-3 at 2.  But Apple

24   admits later that evidence is relevant to this case if it makes "misappropriation

_____

25

26   [2] ████████████████████████████████████████████████████████████████████

27   ████████████████████████████     The jury could reasonably reject the idea that the world's

28   largest company uses pirate imagery to symbolize ████████████████████████████

-8-

more or less likely" or has "to do with inventorship[.]"  MIL-3 at 7-8.  Evidence
that Apple "steals intellectual property from other companies" makes it more
likely that Apple misappropriated Masimo's trade secrets and filed patents on
Masimo's inventions.   That is in stark contrast to the O'Reilly evidence that
Masimo agreed not to use.  *See, infra*, Section III.D.3.  The (valid) concern about
O'Reilly's statements is that the jury may dislike him if the jury thinks he is
████████████.  O'Reilly's ██████████████████████ are irrelevant because
this is not a gender or racial discrimination case.  Evidence of Apple's culture of
theft and copying, however, is relevant to this trade secret case.

     Apple also argues that, if the pirate imagery is admitted, "Apple would
have to put on rebuttal evidence[.]"  MIL-3 at 2.  But that is true of all evidence
harmful to Apple's case.   It hardly provides a reason to exclude evidence.
Rule 403 "does not offer protection against evidence that is merely prejudicial, in
the sense of being detrimental to a party's case.  Rather, the rule only protects
against evidence that is unfairly prejudicial." *Carter*, 617 F.2d at 972.   If the
evidence were truly irrelevant, it would not require rebuttal and Apple would
ignore it.   *See id.* at n.14 ("Virtually all evidence is prejudicial or it isn't
material.").    Apple's assertion that rebuttal evidence would "correct the
misimpressions" shows Apple's use of pirate imagery is not "unfairly prejudicial"
because Apple says it can negate the effects.   Again, this contrasts with the
O'Reilly statements because it might be difficult to change an impression that
O'Reilly is ██████████.

     Allowing evidence from which the jury could draw reasonable inferences
that Apple would prefer the jury not draw is both relevant and fair.  *See id.* ("Of
course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony
simply adverse to the opposing party.").   Ultimately, the meaning of Apple's
pirate imagery is a question of fact for the jury.

     The trier of fact may ultimately adopt Plaintiff's interpretation and

conclude, as Plaintiffs strenuously argue, that [an alternative] was neither considered nor feasible during the relevant time period. However, that is not a question for the Court to decide on a motion in limine.  The [alternative] is relevant evidence that tends to prove or disprove matters essential to resolve a material dispute over damages.

*Integra Lifesciences I, Ltd. v. Merck KgaA*, 2000 WL 35717873, at *4 (S.D. Cal. Jan. 27, 2000).

Apple cannot exclude evidence simply because Apple does not like it, particularly when Apple is affirmatively relying on its own "official" corporate policies.  Nor can Apple use a motion *in limine* to seek summary judgment that Apple's interpretation is the only "correct" interpretation.  The Court should not exclude Apple's use of pirate imagery.

**D.    The Court Should Deny Apple's Request to Exclude "Irrelevant" And "Inflammatory" Statements By Apple Employees**

Apple says it seeks to exclude "irrelevant" and/or "inflammatory" statements by Apple employees, including its co-founder, Steve Jobs.  As discussed above, courts do not exclude vague categories of evidence. *See supra*, Section III.B.  Indeed, another court in this Circuit specifically held that a request to exclude "inflammatory" statements is too vague. *See Haeger v. Goodyear Tire & Rubber Co.*, 2009 WL 10635666, at *1 (D. Ariz. Sept. 10, 2009) ("The request regarding inflammatory commentary is too vague and is denied.").

**1.    References to Efficient Infringement**

"Efficient infringement"—which is more accurately described as predatory infringement—suggests that, for some large companies, it may be economically rational to knowingly violate others' intellectual property rights because the benefits will outweigh the legal fees and damages.  Apple's reputation for efficient infringement is so well-known that Congress questioned Apple's CEO,

1   Tim Cook, about it.  *See* MIL-3 at 4, n.5.  Apple does not ask the Court to

2   exclude all evidence regarding efficient infringement.  Rather, Apple asks the

3   Court to prohibit Masimo "from suggesting that Apple employs a strategy of so-

4   called 'efficient infringement' as a substitute for licensing intellectual property or

5   developing its own technologies."  MIL-3 at 3.

6       Apple argues that the concept of efficient infringement is "entirely

7   irrelevant to the trade secret misappropriation claims in this case, … ."  MIL-3

8   at 3:6-7.  That is false.  Efficient infringement is highly relevant because evidence

9   shows Apple decided to obtain Masimo's ideas and technology through ███████

10  ████████████████████████ instead of acquiring the information lawfully.  Ex.

11  E.  Evidence also indicates O'Reilly ██████████████████████████████████

12  ████████████████████████████████████ but Apple decided to hire him

13  anyway.  Ex. F.  This evidence suggests Apple knowingly, or at least recklessly,

14  sought to obtain Masimo's trade secrets through improper means.

15      Apple argues that Masimo has not "elicited any evidence whatsoever that

16  Apple actually employs an 'efficient infringement' strategy" and that Masimo

17  ████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  *Id.* at 3:7-9, 4:16-18.  ████████████████████████████████████████████

20  ████████████████████████  *See* Ex. 2, ¶ 5 (p.2); MIL-3 at 4:26-27, n.5.  The Court

21  should not allow Apple to use its own withholding of documents to prevent

22  Masimo from asking questions at trial.

23      Apple argues that even "[r]eferences to 'efficient infringement' would

24  cause unfair prejudice to Apple and juror confusion, as it could be used to

25  (falsely) suggest that Apple systematically infringes intellectual property rights . .

26  . ."  MIL-3 at 5.  Nothing supports Apple's assertion that it would be unfair for

27  Masimo to ask questions in support of a theory with which Apple disagrees.  If

28  Masimo cannot show Apple engages in efficient infringement, then Apple has

-11-

nothing to worry about.  But merely arguing Masimo will not succeed is no basis to prevent Masimo from trying.

Moreover, as discussed above, Apple has made clear that it intends to elicit evidence that it has an innovative "culture" that would never steal from others. Excluding contrary evidence (that Apple has a history of engaging in "efficient infringement") would unfairly prejudice Masimo by allowing the jury to hear only evidence Apple wants it to hear.  The Court should not exclude evidence of Apple's "efficient infringement."

### 2.   Statements By Steve Jobs

Apple asks the Court to exclude two specific Steve Jobs quotes.  MIL-3 at 5.  First, Apple seeks to exclude Jobs' statement that "good artists copy, great artists steal."  *Id.* at 5:10.  Apple omits the next sentence, which is far more damning.  Steve Jobs went on to say, "we [meaning Apple] **have always been shameless about stealing great ideas**… ."  Ex. G (emphases added).  Apple should not be allowed to address for the first time on Reply statements it did not address in its opening brief.

Second, Apple seeks to exclude Jobs' statement that "[i]t's better to be a pirate than join the Navy."  MIL-3 at 5:11-12.  This second quote should not be excluded for the reasons set forth above regarding Apple's use of the pirate flag. *See supra*, Section III.C.

A jury could give these statements by Apple's co-founder and long-time leader their plain meaning and reasonably conclude that Apple (1) has always been shameless about stealing other peoples' ideas and (2) encourages, or was at least founded on, a culture of copying and piracy.  These quotes are relevant because this case is about the subject matter of these quotes—whether Apple stole Masimo's trade secrets and filed patents on Masimo's inventions. Accordingly, these statements present no risk of "unfair prejudice" because there is no "'possibility that the evidence will excite the jury to make a decision on the

-12-

1  basis of a factor unrelated to the issues properly before it.'"  *Marriner*, 2006 WL

2  2402063, at *15.  The evidence is relevant to Masimo's claims.

3      Apple presents only four sentences of argument regarding relevance.

4  Apple asserts, without explanation or supporting citation, that Jobs' statements

5  are irrelevant to the issues in the case.  MIL-3 at 5.  Apple is wrong.  The

6  statements are about stealing ideas from others and this case is about whether

7  Apple stole ideas from Masimo.  Apple also asserts, again without support, that

8  the first statement was quoting Picasso and the second statement was made in

9  the 1980s to the team creating the original Macintosh computer.  *Id.* at 5.  That is

10  irrelevant.  A reasonable interpretation of both statements is that Apple's founder

11  and leader supported a culture of misappropriating ideas from others.

12      Disputes about the meaning of evidence are not a basis to exclude

13  evidence.  Interpreting facts, including the meaning of statements, is a task for the

14  jury at trial—not the court on a motion to exclude.  *See Integra Lifesciences*,

15  2000 WL 35717873, at *4.; *Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or.*

16  *Univ.*, 927 F. Supp. 2d 1069, 1073-74 (D. Or. 2013) (disagreement "over

17  "interpretation of the facts"  goes to "the weight and impeachability of [the

18  expert's] testimony, not its admissibility"); *Ramirez v. Bockholt*, 2020 WL

19  7383297, at *1 (D. Utah Dec. 16, 2020) (where the record creates a "fact dispute

20  concerning what was said and its reasonable interpretation[,]" asserting a

21  statement "is factually fictitious" is no basis to exclude an expert); *Tibbs, v.*

22  *Welded Constr., L.P.*, 2021 WL 5240881, at *3 (N.D. W. Va. Aug. 20, 2021)

23  (denying motion to exclude because "it is clear that the parties dispute centers on

24  [the expert's] interpretation of disputed underlying facts concerning plaintiff's

25  training and experience").

26      Apple also argues Jobs' statements are inadmissible based on rulings in

27  two patent cases.  MIL-3 at 5.  But patent infringement is a strict liability tort to

28  which independent development is not a defense.  Whether evidence of copying

and piracy was relevant in patent cases has nothing to do with its relevance here.

Moreover, Apple's cases do not support its position. The first case Apple cites is irrelevant because the motion was unopposed. *See Pinn, Inc. v. Apple, Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021).

The second case supports Masimo. Apple cites *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 11089490, at *5 (E.D. Tex. Sept. 4, 2015) as excluding evidence about Jobs' statements to biographer Walter Issacson. Apple omits that, in the same case and on the same day, the court ***declined*** to exclude the PBS documentary titled "Triumph of the Nerds." *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, et al., No. 2:13-cv-1112, D.I. 901, at *5 (E.D. Tex. Sept. 4, 2015). That PBS documentary included Jobs' quote "good artists copy great artists steal." *See* Ex. G. Thus, Apple's second case supports denying Apple's requests, at least as to that quote.

Apple's prejudice arguments are also incorrect. Apple argues that allowing evidence of statements from Apple's co-founder "would tend to confuse the jury as to who the relevant decision makers within Apple were during the events at issue in the case[.]" MIL-3 at 5-6. Apple severely underestimates the jury. The evidence in this case, including emails involving Lamego, O'Reilly, Cook, and Perica, will inform the jury of the relevant decision makers at Apple.

Apple also argues that admitting this evidence would lead to undue delay "because it would require Apple to put on rebuttal evidence to contextualize the Jobs-related evidence so the jury would not be misled." MIL-3 at 6:2-3. This is insufficient to exclude the statements. The few minutes it would take to present Apple's evidence of context would not "substantially" outweigh the probative value of the evidence. *See* Fed. R. Evid. 403. In addition, as discussed above, Apple's desire to submit rebuttal evidence shows the evidence is relevant. And Apple's confidence on the merits refutes Apple's claim of unfair prejudice.

Apple also argues the Court should exclude Jobs' statements because other

courts have done so.  *See* MIL-3 at 6.  But Apple's cited cases (*Optis*, *Core Wireless*, *In re Apple iPod*, *Emblaze*) are all patent or antitrust cases where proof of improper acquisition is not required.   And three of the four cases do not support Apple for additional reasons.  *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-66, ECF No. 437 at 248:12-24 (E.D. Tex. July 29, 2020) (granting limited motion and finding Jobs' quotes related to the litigation were admissible); *Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014) (excluding evidence regarding Jobs' ***character*** only ***during Plaintiffs' case-in-chief***); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-CV-01079, Dkt. 519 (N.D. Cal. June 18, 2014) (excluding evidence regarding Jobs' ***character***).

Apple's arguments and cases do not support its requested relief.  Evidence of a corporate culture that was founded on and celebrates taking others' ideas is relevant in this trade secret case.   Moreover, Apple's antitrust case supports Masimo because the court held plaintiffs "may introduce such evidence if Apple places Mr. Jobs's character at issue."   *iTunes Antitrust Litig.*, 2014 WL 12719192, at *4.  ███████████████████████████████████████████ ██████████████████████████████████████████████ *See* Ex. C at 132:15-133:4.   The Court should deny Apple's request to exclude the two Jobs statements regarding piracy, copying, and stealing ideas.

### 3.   Unidentified Statements By Michael O'Reilly and Others

Apple asks the Court to preclude Masimo "from offering evidence, testimony, or argument concerning irrelevant and/or unduly prejudicial statements by Dr. Michael O'Reilly."  MIL-3 at 6.  Worse yet, Apple slips in at the end that it is also asking the Court to exclude reference to such statements by "any other Apple employee."  *Id.* at 7.

Evidence that is "irrelevant" or whose probative value is substantially outweighed by a danger of "undue prejudice" is already addressed by Rules 402 and 403.  Apple's request is vague and overboard because it does not identify all

statements by O'Reilly, much less by any other Apple employee, that Apple seeks to exclude.  Thus, the Court should deny Apple's vague and overbroad request. *See Trovata*, 2009 WL 10671582, at *4; *Stars & Bars*, 2020 WL 4342250, at *4, *McCoy*, 2010 WL 11465179, at *12; *Apple*, 2016 WL 824711, at *1; *Lego*, 2004 WL 5518162, at *1; *Lopez v. Chula Vista Police Dep't*, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010); *Haeger*, 2009 WL 10635666, at *1.

Apple mentions only two specific statements by O'Reilly.  First, █████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████ Ex. 6 at 222:13-20 (p.56).  Apple identified this statement during the meet-and-confer and, as Apple admits, Masimo readily agreed not to present evidence or argument regarding it.  MIL-3 at 7 n.6.

Second, Apple seeks to exclude reference to ██████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. 7 at 22. Apple never identified this statement during the meet-and-confer and raised it for the first time in its Motion.  Had Apple asked about this statement, Masimo would have agreed not to introduce or refer to it either.  The Court should deny Apple's request as moot because Masimo will not to raise either statement at trial.

Masimo agrees not to introduce these statements because they are fundamentally different from the statements by Jobs and others regarding piracy or stealing ideas.  O'Reilly's ████████ statement is irrelevant regardless of what he meant.  Whether he used the term to refer to ████████████████ ████████████████████████ the statement would not make any fact of consequence more or less likely.  His second statement is also irrelevant regardless of what he meant.  Whether Apple █████████████████████ ████████████████████████████████████████████ would not

-16-

1    make any material fact more or less likely.

2         **4.    Unidentified Political Positions and Media Reports/Speculation**

3         Finally, Apple asks the Court to preclude Masimo "from offering evidence,

4    testimony, or argument about political positions attributed to Apple or its

5    leadership, media reports unrelated to this litigation, and media speculation about

6    Apple." MIL-3 at 7:20-22. This is the most obvious example of Apple's

7    overreaching, as Apple does not identify *any* political position, media statement,

8    or media speculation to exclude. *Id.* at 7-8. As discussed, "[m]otions in limine

9    that seek to exclude categories of evidence, without identifying specific evidence,

10   are rarely appropriate." *Stars & Bars*, 2020 WL 4342250, at *4.

11        The Court cannot evaluate the potential relevance under Rule 402 of

12   hypothetical unidentified evidence or "complete its Rule 403 analysis without the

13   specific evidence to be offered. *Trovata*, 2009 WL 10671582, at *4.

14   Accordingly, the Court should deny Apple's request. *See McCoy*, 2010 WL

15   11465179, at *12 (denying request that is "vague and too sweeping in scope to be

16   decided on a motion in limine").

17                          **IV.    CONCLUSION**

18        For the foregoing reasons, Plaintiffs respectfully request this Court deny

19   Apple's MIL-3, except as to the two specifically identified statements by

20   O'Reilly that Masimo agrees it will not introduce.

21                                    Respectfully submitted,

22                                    **KNOBBE, MARTENS, OLSON & BEAR, LLP**

23

24   Dated: February 21, 2023    By: */s/ Benjamin A. Katzenellenbogen*
                                     Joseph R. Re
25                                   Stephen C. Jensen
                                     Benjamin A. Katzenellenbogen
26                                   Perry D. Oldham
                                     Stephen W. Larson
27                                   Mark D. Kachner
28

                                   -17-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

-18-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 5,221 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated:  February 21, 2023      By: */s/ Benjamin A. Katzenellenbogen*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Benjamin A. Katzenellenbogen
                                        Perry D. Oldham
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Kendall M. Loebbaka
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs,
                                        Masimo Corporation and
                                        Cercacor Laboratories, Inc.

57126838

-19-