UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant's Motion for Summary Judgment [1083], Motion to Exclude Expert Testimony [1120], and Motion to Strike [1080]** REDACTED

Before this Court are three motions filed by defendant Apple, Inc. ("Apple"). Apple moves to strike Plaintiffs Masimo's and Ceracor's ("Plaintiffs") November 2022 supplement to Apple Interrogatory No. 33 (Dkt. Nos. 1080, 1097 (sealed).) Plaintiffs opposed the motion (Dkt. Nos. 1134, 1188 (sealed)) and Apple responded Dkt. Nos. 1194, 1246 (sealed)). Apple additionally moves to exclude portions of Plaintiffs' expert Jeffrey Kinrich's testimony. (Dkt. Nos. 1120, 1171 (sealed).) Plaintiffs opposed the motion (Dkt. Nos. 1165, 1186 (sealed)) and Apple responded (Dkt. Nos. 1199, 1245 (sealed)). Related to each of these motions, Apple moves for partial summary judgment on several of Plaintiffs' trade secrets claims. (Dkt. Nos. 1083, 1096 (sealed), 1101 (sealed/corrected).) Plaintiffs opposed the motion (Dkt. Nos. 1135, 1218 (sealed)) and Apple responded (Dkt. Nos. 1222, 1239 (sealed)). The Court heard oral argument on February 6, 2023.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Apple's motions.

**I. MOTION TO STRIKE**

Apple first moves to strike Plaintiffs' purportedly late disclosure regarding ownership information of the trade secrets at issue in this case. (Dkt. No. 1080 at 2.)

    A.    *Background*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

Apple served Plaintiffs with Interrogatory No. 33 on May 13, 2022, which asked Plaintiffs to identify, "[f]or each alleged Trade Secret . . . each and every owner of the alleged Trade Secret, from conception of the alleged Trade Secret to date, including the specific time period each and every owner owned the alleged Trade Secret, and the circumstances regarding the change in ownership." (Id., Ex. 1 at 7.) Plaintiffs timely objected to the interrogatory as irrelevant and unduly burdensome. (Id.) Subject to their objections, Plaintiffs responded:

> Each asserted Trade Secret was conceived by employees of Masimo and/or Cercacor who were subject to obligations to assign intellectual property rights to Masimo and/or Cercacor, and the asserted Trade Secrets have been owned since, and throughout their existence, by Masimo and/or Cercacor. The asserted Trade Secrets have never been owned by any third-party.

(Id.) On June 28, 2022, two weeks after Plaintiffs objected to the interrogatory, Apple asked Plaintiffs to supplement their response, contending that Plaintiffs failed to address "which entity owns each alleged trade secret and the period of time of ownership (i.e., when each trade secret was conceived)." (Id., Ex. 2 at 6.) The parties met and conferred a week later but could not reach a resolution due to their differing positions on whether establishing ownership is an element of establishing a trade secret claim. (Id., Ex. 5 at 1.) Plaintiffs also stated they had previously produced the underlying facts regarding possession/ownership of each purported trade secret. (Id.)

On August 22, 2022, Apple filed a motion to compel with the Special Master, seeking ownership information from Plaintiffs. (Id., Ex. 6.) Plaintiffs opposed, arguing that the law does not require them to identify which entity "owned" each trade secret, and that they therefore fully responded by identify "Masimo and/or Cercacor" as the owners/possessors of each trade secret. (Id., Ex. 7 at 1.) Plaintiffs additionally explained they do not maintain information allocating ownership between each entity in the ordinary course of business because they "work together to jointly develop technology," and both entities "have confidential access to each asserted trade secret through the Masimo-Cercacor cross-license." (Id.) The Special Master denied Apple's motion on relevance grounds because the dispute about whether "ownership [i]s an element" of Plaintiffs' trade secret claims "will ultimately need to be decided by [this Court], and the Special Master declines to embark on an advisory recommendation on that point." (Dkt. No. 970 at 11.) The Special Master also noted in his order that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

Plaintiffs "stated for the first time" at the motion hearing "that they intend to supplement their response to Apple's Interrogatory No. 33." (Id.)

On November 23, 2022, Plaintiffs supplemented their response to Apple's Interrogatory No. 33. (Id., Ex. 1 at 8-12.) Plaintiffs assert they did not provide any new information in the supplement, but rather "incorporated information . . . previously provided to Apple in other discovery responses." (Dkt. No. 1134 at 4.) Apple now moves to strike Plaintiffs' November supplemental response as untimely. (Dkt. No. 1080 at 5.)

  B. *Legal Standard*

Federal Rule of Civil Procedure 26(e) provides that "[a] party who . . . has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Information is incomplete or incorrect in some material respect if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." L.A. Terminals, Inc. v. United Nat'l Ins. Co., 340 F.R.D. 390, 396 (C.D. Cal. 2022).

  C. *Discussion*

Resolution of this issue turns on whether Plaintiffs had a duty to supplement its response to Apple's Interrogatory No. 33, which in turn depends on whether Plaintiffs must prove ownership of trade secrets, as well as which entity owned each trade secret.

The Court rejects Apple's argument that Plaintiffs must show "ownership" in a traditional sense and not merely "possession" of the trade secrets for several reasons. First, the Court already rejected a similar "ownership" argument. (See Dkt. No. 264, at 9–10). Second, "the general principle" of trade secret ownership "is that the one who discovers, develops, or compiles a trade secret is the owner of the trade secret." Trade Secrets Practice in California § 2.1 (2d Ed. Nov. 2018). Here, Plaintiffs have consistently alleged, and presented evidence, that each trade secret at issue was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

developed by their employees who assigned intellectual property rights to Plaintiffs. (See, Dkt. No. 1080, Ex. 1 at 7.) Third, possession is often sufficient to show ownership because of the nature of trade secrets. See Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 221 (2010) (noting that trade secrets "protect[] only the right to control the dissemination of information); Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc., 2019 WL 12521480, at *5 (C.D. Cal. Aug. 9, 2019) ("possession is sufficient as long as secrecy is maintained"). Finally, the cases Apple cites impose no such semantic distinction between "ownership" and "possession." See AMN Healthcare Inc. v. Aya Healthcare Servs., Inc., 239 Cal. Rptr. 3d 577, 593(Ct. App. 2018); Mattel, Inc. v. MGA Ent., Inc., 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011); Sargent Fletcher, Inc. v. Able Corp., 3 Cal. Rptr. 3d 279, 283 (2003). Further, where "ownership" was discussed as a prerequisite to a trade-secret misappropriation claim, standing was disputed—which is not at issue here. For instance, the party in Jasmine Networks Inc. v. Superior Court, 180 Cal. App. 4th 980, 989, 993 (2009) sold his intellectual property rights, divesting himself of any present interest in the underlying secret. Id. at 989. The court found that he nonetheless had standing to sue, rejecting any "current ownership rule" under the CUTSA. Id. at 986.

Further, Apple does not dispute ownership on an independent basis. For example, it does not claim that someone other than Plaintiffs developed the trade secrets. Rather, it argues that Plaintiffs must show which entity (Masimo or Cercacor) owned each trade secret and when such ownership changed hands. However, as this Court previously noted, "Apple has cited to no law requiring that plaintiffs suing together specify which of them owns a particular trade secret." (See Dkt. No. 264, at 9-10.) Nothing has changed since then, as Apple has still failed to bring such a case to the Court's attention. Furthermore, Apple's argument that Masimo must possess a single document showing each trade secret has no basis in the case law. See UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co., 617 F. Supp. 2d 938, 941 (N.D. Cal. 2007). ("a unified description [of trade secrets] in a single integrated document . . . is unnecessary"). Accordingly, the Court **DENIES** Apple's motion to strike.

## II. MOTION TO EXCLUDE EXPERT TESTIMONY

Next, Apple moves to exclude portions of Plaintiffs' expert Jeffrey Kinrich's expert report (October Report) and the entirety of his supplemental report (Supplemental Report).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

    A.    *Background*

    This motion primarily concerns the discovery deadlines set by the Court. Fact discovery in this case closed on August 12, 2022, and expert discovery closed on December 12, 2022. (Dkt. No. 627.) Six days after the close of fact discovery, Plaintiffs produced fifteen documents, including fourteen spreadsheets, bearing the Bates numbers MASA03583610 through MASA0358633. (Dkt. No. 1120 at 2.) After the close of fact discovery, Plaintiffs served expert disclosures for four of their employees – Richard Priddell, Bilal Muhsin, Joe Kiani, and Mohamed Diab – each of whom purported to opine on information relevant to damages. Apple challenged the late disclosures (see Dkt. No. 957) and the Court excluded "the vast majority" of Priddell's and Muhsin's disclosures as beyond their percipient knowledge. (See Dkt. No. 1031 at 5-6.) The Court additionally excluded Priddell's analysis of the Apple Watch "teardown" because it provided "new factual information in the form of a fully formed damages theory that should have been disclosed before the close of fact discovery." (Id. 8.) The Court similarly excluded Muhsin's testimony concerning whether Plaintiffs could have developed the Masimo Health Module earlier and the associated development costs because they provided "new factual information in the form of a fully formed damages theory that should have been disclosed before the close of fact discovery." (Id. 9.)

    Following this Court's order, Plaintiffs served on Apple a supplemental report authored by their damages expert, Jeffrey Kinrich, purporting to remove any reliance on stricken material and provide updated calculations using the same methodology as his October 2022 report but without regard to such stricken material. (See Dkt. 1054-2 (sealed).) As the Court stated at the hearing underlying the Order, "[e]ither it's in the report and there's a sufficient basis to rely or there isn't. I mean, nothing we do today is going to change the sufficiency of the report and the bases for the opinions." (Dkt. 1054-4 at 25:11-14.) Both parties acknowledge that the R26 Order did not address or strike portions of the Kinrich report. That issue is now properly before the Court to address on the merits.

    B.    *Legal Standard*

    "Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests 'in a timely manner if the party learns that in some material respect the disclosure or response is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 678–79 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court." Id.

"In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use [of] that information . . . to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

Although appellate courts "review every discovery sanction for an abuse of discretion," those courts "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, 259 F.3d at 1106; see also Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence).

Further, "an expert whose proffered testimony relies on another expert's theories that have been or may be excluded as unreliable should also be excluded." San Francisco Baykeeper v. City of Sunnyvale, 2022 WL 4133299, at *10 (N.D. Cal. Sept. 12, 2022). The reason for such exclusion is because when the "soundness of the underlying expert judgment is in issue, the testifying expert cannot merely act as a conduit for the underlying expert's opinion." In re Toyota Motor Corp. Unintended Acceleration Mkg., Sales Pracs., & Prods. Liab. Litig., 978 F. Supp. 2d 1053, 1066 (C.D. Cal. 2013).

      C.    *Kinrich's October Report*

Apple challenges Kinrich's Lost Profits opinions in their entirety and his Unjust Enrichment "Cost Savings" opinion because they are premised on information this Court previously excluded. Apple contends these opinions are predicated on Muhsin's excluded opinions regarding what Masimo would have done had Apple committed to be Masimo's business partner in 2013, that Masimo could have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-00048 JVS (JDE)             Date    February 10, 2023

Title        Masimo Corporation, et al v. Apple Inc.

█████████████████████████████ and the accompanying cost-estimate opinions. (Dkt. No. 1120 at 10–11.) Additionally, Apple argues Kinrich's opinions are premised on Priddell's excluded opinions about the Apple Watch teardown as well as the estimated manufacturing costs for the Masimo Health Module. (Id.)

       The Court agrees. The challenged portions of Kinrich's October Report rely directly on the Muhsin and Priddell disclosures this Court excluded. In relation to his Lost Profits theory, Kinrich cites the Muhsin disclosure for the proposition that "Apple could have incorporated Masimo's sensor into its watches ████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ (Id., Ex. 4 ¶ 75; see also id. ¶ 78 (relying on Muhsin disclosure for the opinion that "if Apple and Masimo had reached an agreement in 2013" then "Masimo ███████████████ ████████████████████████████████████████████████████ The Court expressly excluded this portion of the Muhsin disclosure because such opinions went beyond Muhsin's percipient knowledge. (See Dkt. No. 1031 at 6, 9.)

       Similarly, Kinrich utilized the estimated per-unit manufacturing cost from Priddell's disclosure to determine the cost of the module Masimo would have supplied to Apple. (October Report ¶ 99–101.) Kinrich also relies upon Priddell's now excluded disclosure to identify Apple Watch components that "perform functions provided by Masimo's module" and calculate their costs. (Id. ¶ 111 (noting that Kinrich "appl[ies] Priddell's analysis to all Apple Watches included in [his] analysis"); see also id. ¶¶ 112–14 (applying the cost calculations derived from Priddell's analysis to determine the number of but-for sales of ██████████████).

       Kinrich relies upon the Muhsin and Priddell disclosures for his Cost Savings opinion as well. He begins with Muhsin's now-excluded opinion that Masimo would have provided a sensor module to Apple and the estimated timeline on which Masimo would have done so. (Id. ¶ 143.) The Court expressly excluded Muhsin's opinion on this topic. (See Dkt. No. 1031 at 6, 9, 11.) Kinrich next uses Priddell's analysis of the third-party Apple Watch teardown to determine "the cost to Apple for components that correspond to the Masimo-supplied module." (October Report ¶¶ 144-45.) Based on these facts and assumptions, Kinrich then estimates Apple's cost savings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

Plaintiffs contend that, in excluding Muhsin's and Priddell's opinions, the Court did not "appear to strike the facts themselves." (Dkt. No. 1165 at 10.) However, Masimo misunderstands this Court's order. In addition to holding that portions of Muhsin's and Priddell's opinions that were beyond their percipient knowledge, and therefore in violation of Rule 26(a)(2), the Court found the underlying facts to be untimely disclosed. (See Dkt. No. 1031 at 8–9.) The Court then excluded Muhsin's and Priddell's opinions, as well as the underlying facts, because the late disclosures were neither substantially justified nor harmless. (Id. 10-12.)

Priddell's and Muhsin's opinions form the base of Kinrich's Lost Profits and Cost Savings calculations. Without them, the foundation crumbles and Kinrich's damages opinions are rendered unreliable. See In Re Toyota Motor Corp., 978 F. Supp. 2d at 1066 (when the "soundness of the underlying expert judgment is in issue, the testifying expert cannot merely act as a conduit for the underlying expert's opinion"). At oral argument, Plaintiffs provided the Court with their proposed alternative evidence upon which they could lay the foundation for Kinrich's challenged opinions. However, nearly all evidence presented was previously excluded. For example, in support of Masimo's manufacturing costs and Apple's estimated component cost savings, Plaintiffs proffered the 2021 Manufacturing Cost Data. (Dkt. No. 959-2 ¶ 16.) This document is an analysis prepared by Priddell that the Court excluded in a previous order as exceeding Priddell's percipient knowledge and being prepared in anticipation of litigation. (See Dkt. No. 1031 at 5-6, 10-11.) Similarly, in support of Masimo's Development Costs, Plaintiffs identified several documents in Muhsin's expert disclosure the Court excluded as beyond his percipient knowledge and prepared in anticipation of litigation. (Id.) The only admissible evidence Plaintiffs pointed to were facts supporting Masimo's estimated time to develop the Masimo Health Module. (See, e.g., Dkt. No. 1218, Ex. CCCC.) However, that alone is an insufficient foundation on which Kinrich can base his opinions. Accordingly, the Court therefore **GRANTS** Apple's motion and **EXCLUDES** Kinrich's Lost Profits and Cost Savings opinions.

D.   *Kinrich Supplemental Report*

Apple next moves to exclude the entirety of Kinrich's Supplemental Report because it improperly relies on Muhsin's and Priddell's disclosures, and it was untimely submitted. Although the Supplemental Report cites the facts Muhsin and Priddell utilized in their disclosures, the Court previously excluded those facts as untimely

Case 8:20-cv-00048-JVS-JDE Document 1347 Filed 02/10/23 Page 9 of 17 Page ID #:134632

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:20-cv-00048 JVS (JDE)     Date February 10, 2023

Title Masimo Corporation, et al v. Apple Inc.

disclosed. (See, e.g., Supplemental Report ¶ 7 (relying on the timeline to develop the Masimo Health Module Muhsin created for his expert disclosure), ¶¶ 5-6 (relying on Priddell's manufacturing cost analysis).) Similarly, Plaintiffs argue Kinrich learned of the underlying facts by speaking with Muhsin and Priddell, rather than relying directly on their disclosures. (Dkt. No. 1165 at 13.) While speaking to employees who have personal knowledge of information to be used in an expert report is generally permissible, as stated above, the information gleaned from these conversations was previously excluded by the Court as outside Priddell's and Muhsin's percipient knowledge. See Spintouch, Inc. v. Outform, Inc., 2022 WL 17363902, at *5 (C.D. Cal. Sept. 28, 2022) ("[a]n expert's opinion 'must be excluded if that expert is merely parroting some other person's opinion rather than formulating his own.'").

      Finally, Plaintiffs argue that, while the underlying facts of the Muhsin and Priddell disclosures may not be admissible, experts may rely on evidence "even if it is not admitted at trial." (Dkt. No. 1165 at 1.) Although Plaintiffs are correct in their recitation of the general rule, see Fed. R. Evid. 703, the Court previously found that admitting the underlying facts would substantially prejudice Apple due to the lateness of their disclosure. (Dkt. No. 1031 at 11-12.) At oral argument, Plaintiffs suggested that the portion of Kinrich's Supplemental Report that utilizes the 2021 cost analysis should be admitted, as the Court did not explicitly exclude this document. However, the 2021 document suffers from the same deficiencies identified in the 2022 analysis. Namely, that the document was prepared in anticipation of litigation and required information beyond Priddell's percipient knowledge. (See id. 5-6, 10-11.) The Court will not permit Plaintiffs to end run its order by attempting to utilize facts and opinions the Court previously excluded, just in different packaging.

      In addition to relying on opinions and information this Court excluded, Kinrich's Supplemental Report is also untimely. Plaintiffs assert that Kinrich's Supplemental Report was timely because "courts routinely allow experts to supplement their opinions to address criticism or court orders." (Dkt. No. 1165 at 15-16.) Again, while Plaintiffs' recitation of the general rule is correct, proper supplementation entails, for example, correcting an "incomplete report based on information that was not available at the time of the initial disclosure." Reinsdorf v. Skechers U.S.A., 922 F. Supp. 2d 866, 880 (C.D. Cal. 2013). Proper supplementation does not include an opportunity for an expert to "revise her disclosures in light of her opponent's challenges to the analysis and

Case 8:20-cv-00048-JVS-JDE Document 1347 Filed 02/10/23 Page 10 of 17 Page ID #:134633

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:20-cv-00048 JVS (JDE)                               Date   February 10, 2023

Title   Masimo Corporation, et al v. Apple Inc.

conclusions therein . . . after the court's deadline for doing so has passed." Luke v. Fam. Care & Urgent Med. Clinics, 323 F. App'x 496, 500 (9th Cir. 2009).

Here, the circumstances of this supplement indicate Plaintiffs' purpose in supplementing was not to "address arguments raised for the first time in a rebuttal report" or to "supply a missing link in a cost analysis," but rather to circumvent this Court's previous exclusionary rulings. See Int'l Med. Devices, Inc. v. Cornell, 2022 WL 2784805, at *3 (C.D. Cal. June 16, 2022); Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd., 2022 WL 7347860, at *4 (C.D. Cal. Nov. 18, 2020). Although the Supplemental Report followed a Court order, the order's substance was to exclude opinions and facts the Kinrich Report originally relied upon and the Supplemental Report continued to utilize. For the reasons stated above, it is immaterial that Kinrich obtained the underlying facts from conversations with Priddell and Muhsin rather than their excluded disclosures. The Court found the facts underlying Priddell and Muhsin's disclosures were disclosed too late, and they were therefore excluded.

For these reasons, the Court **GRANTS** Apple's motion to exclude Kinrich's supplemental report in its entirety.

E.   *Kinrich's Unjust Enrichment Blood Oxygen/ECG Features Theory*

Lastly, Apple challenges Kinrich's remaining Unjust Enrichment theory of damages on the basis that Kinrich did not establish causation and did not show that Apple used the trade secrets in relation to the blood-oxygen or ECG features of the Apple Watch. (Dkt. No. 1120 at 18–19.) As to Apple's causation argument, Kinrich need not prove causation in his expert report. Rather, damages experts "can assume causation." Spintouch, Inc. v. Outform, Inc., 2022 WL 17363902, at *6 (C.D. Cal. Sept. 28, 2022). Apple additionally argues Kinrich's final Unjust Enrichment opinion is unreliable because his report did not show that Apple used any of Masimo's trade secrets in relation to the blood-oxygen and ECG features of the Apple Watch. (Dkt. No. 1120 at 19.) Plaintiffs assert it will "present evidence from which a reasonable jury could conclude that Apple used Masimo's technical trade secrets in developing the blood-oxygen feature and Masimo's marketing trade secrets in marketing both the blood-oxygen and ECG features." (Dkt. No. 1165 at 21 (citing Deposition of Walter Weber, Rebuttal Expert Report of Marco Perez, and Expert Report of Steve Warren).) The Court finds that Kinrich's report itself is not required to show that Apple used Masimo's trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

secrets in developing and marketing the blood-oxygen and ECG features of the Apple Watch. Therefore, Kinrich will be permitted to testify regarding his Unjust Enrichment theory damages in relation to those features and it will be for the jury to determine whether they credit the evidence Plaintiffs intend to put forth showing Apple misappropriated its trade secrets in marketing and developing these features.

The Court therefore **DENIES** Apple's motion to exclude Kinrich's Unjust Enrichment opinions as to the blood-oxygen and ECG features.

### III. Motion for Partial Summary Judgment

Finally, Apple moves for partial summary judgment on Plaintiffs' trade secrets claim and lost profits theory of damages.

#### A. Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . ." (internal quotation marks omitted)).

Facts that are "material" are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine if a dispute about a material fact is "genuine," the trial court must not weigh the evidence and instead must draw all reasonable inferences in the nonmoving party's favor. Tolan v. Cotton, 572 U.S. 650, 655–59 (2014) (per curiam). The nonmoving party cannot manufacture a "genuine dispute" by relying on allegations in the pleadings. Anderson, 477 U.S. at 251; Oracle Am., Inc. v. Hewlett Packard Enter. Co., 971 F.3d 1042, 1049 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:20-cv-00048 JVS (JDE)     Date February 10, 2023

Title    Masimo Corporation, et al v. Apple Inc.

The moving party has the initial burden of establishing the absence of a material fact for trial. Id. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][1] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. To defeat summary judgment, the nonmoving party who bears the burden at trial must present more than a "mere scintilla" of "affirmative evidence." Galen v. Cnty. of L.A., 477 F.3d 652, 658 (9th Cir. 2007) (citing Anderson, 477 U.S. at 248). Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

       B.     *Lost Profits*

Apple moves for summary judgment on Masimo's Lost Profits theory. (Dkt. No. 1083 at 25.) Although the Court grants Apple's motion to exclude Kinrich's testimony on his Lost Profits theory of damages, Plaintiffs contend they should be permitted the opportunity to prove lost profits without expert testimony. (Dkt. No. 20-21.) "The law does not require expert testimony to establish damages." DSPT Intern., Inc. v. Nahum, 624 F.3d 1213, 1223 (9th Cir. 2010). While having an expert would make the jury's task easier, the Court finds Plaintiffs have pointed to sufficient evidence in the record from which a jury may calculate damages. (See, e.g., Dkt. No. 1083, Ex. 10 at 146-49, 157-59, 160, 168-69, 178-80 (testimony that the parties met to discuss integrating Plaintiffs' technology in an Apple product in 2013 and that Masimo developed a pulse oximetry module for a smartwatch); id. 160, 166-67; Ex. 12 at 299-300 (evidence of module pricing and profit margins). Accordingly, the Court **DENIES** Apple's motion for summary judgment as to Masimo's Lost Profits theory of damages. However, as analyzed above, Plaintiffs may not use Kinrich's excluded testimony, or any other previously excluded testimony, in presenting this theory to the jury.

---

      [1] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word      genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

C.  *Trade Secrets*

Apple also moves for summary judgment on Masimo's trade secrets claims. To prove a prima facie case of trade secret misappropriation, the CUTSA "requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (2008) (citing Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (Cal. Ct. App. 2003)). See also Cal. Civ. Code § 3426.1.

Apple contends that several of Plaintiffs' trade secrets under two theories: (1) that Masimo has not established that they owned or possessed the purported trade secrets and (2) that the trade secrets claim general, unprotectable ideas. First, the Court has previously addressed Apple's arguments requiring Masimo's claims of ownership and possession, finding that Plaintiffs need not present a single document showing ownership or possession, nor that Plaintiffs must present evidence of which individual entity owned or possessed the secret. Second, Apple has not presented any evidence negating Plaintiff's ability to show that they developed the purported trade secrets nor shown that they lack evidence to do so. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). Most of Apple's arguments rest on criticisms that there are no physical documents showing each and every step of every trade secret written down, an evidentiary burden that is unsupported by legal authority. Plaintiffs have presented ample testimonial and documentary evidence showing that they developed or used the techniques, procedures, or strategies prior to 2014.[2] (See, e.g., (Ex. K (lab notebook with 2008 entries); Poeze Decl. (describing the development of ▆▆ techniques); Ex. 14 (243:1-245:9 (describing the use of ▆▆▆▆ protocols); Ex. 15 (plaintiffs' expert, Madisetti, explaining how plaintiffs' implemented and used the trade secrets); Ex. A (2008 ▆▆▆▆ procedures); Ex. C (2013 ▆▆▆▆ test); Ex. EEEE (2007 memo on ▆▆▆▆). Accordingly, the Court **DENIES** Apple's motion as to an insufficient showing of ownership or possession.

Apple next argues that Plaintiffs' ▆▆▆▆ Trade Secrets 5 (▆-5), 7 (▆-7), and 8 (▆-8) encompass only general ideas therefore cannot be trade secrets as a matter of law. Under California law, to qualify as a "trade secret" the information at issue must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

not be available through public means. See Cal. Civ. Code § 3426.1(d)(1) (trade secret must not be "generally known"). Under CUTSA, a trade secret is information that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1(d). "The standard to show that trade secrets derive [independent] economic value is not a high standard." Cisco Sys., Inc. v. Chung, 462 F. Supp. 3d 1024, 1052 (N.D. Cal. 2020). "To have independent economic value, a trade secret must be sufficiently valuable and secret to afford an actual or potential economic advantage over others." Id. "The [generally known] inquiry is not whether the alleged trade secret has been publicly disclosed at all, but whether it has become 'generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value[.]'" Kittrich Corp. v. Chilewich Sultan, LLC, No. CV 12-10079-GHK-ARGx, 2013 WL 12131376, at *4 (C.D. Cal. Feb. 20, 2013) (quoting DVD Copy Control Ass'n, Inc. v. Bunner, 116 Cal. 4th 241, 251 (2004)).

Apple advocates for a standard that would not protect "general ideas" under trade secret law. (Dkt. No. 1083 at 16.) However, the case law does not support such a delineation between "ideas and broad conceptualizations' on the one hand and valuable information about how those ideas and conceptualizations can be used on the other" has no basis in case law. Rather, "even an 'idea,' if not known to the public, protected from disclosure, [and] having economic value" may be protected as a trade secret. BladeRoom Grp. Ltd. v. Facebook, Inc., 2017 WL 2224838, at *2 (N.D. Cal. 22, 2017). Indeed, "trade secrets fall into a continuum," from "general idea[s] to "granular information such as source code and algorithms that would consummate what had started as a general idea." Id. For example, a California court of appeal held that a general idea for a barcode allowing for self-authentication of documents with identification of alterations" was not a protectable trade secret because "the general idea was disclosed to other companies without the benefit of an NDA," not because the idea was too general or conceptual. Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc., 226 Cal. App. 4th 26, 56 (2014). The Court therefore finds that general ideas may be trade secrets, providing they are not known to the public, are protected from disclosure, have economic value, etc. See BladeRoom, 2017 WL 2224838, at *2.

Under this standard, Apple's remaining contentions fail. Apple argues Plaintiffs' ▮▮▮▮▮▮▮▮ Trade Secret No. 5 (▮-5) is described too generally to survive summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

judgment. (Dkt. No. 1083 at 16-17.) As discussed above, ideas may be protectable as trade secrets, providing they are not known to the public, protected from disclosure, and have economic value. Thus, that ▬-5 is merely an idea and not a fully-developed product does not in itself make it unprotectable. Further, Apple asserts Plaintiffs have not articulated ▬-5 with sufficient particularity or kept ▬-5 secret. However, Apple has not explained how Plaintiffs failed to describe ▬-5 with particularity. Nor do the cases Apple cites support a finding that Plaintiffs have not defined ▬-5 with reasonable particularity. For example, in Imax Corp. v. Cinema Techs., Inc., the Ninth Circuit held a trade secret encompassing "every dimension and tolerance that defines or reflects [the projector] design" was not sufficiently particular. 152 F.3d 1161, 1167 (9th Cir. 1998). Here, conversely, Plaintiffs have defined ▬-5 as follows: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Id., quoting Ex. 19 at 70.) The Court finds this sufficiently particular to create at least a genuine issue of fact.

Apple's arguments regarding Plaintiffs' ▬-7 and ▬-8 fail for similar reasons. Apple contends ▬-7, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, merely combines broadly-known concepts and cannot therefore be a trade secret. (Dkt. No. 1083 at 19-20.) However, Plaintiffs have presented evidence that ▬-7 goes beyond merely reciting existing principles, and creates a new idea not generally known in the field. (See, e.g., Exs. O at -498; RRR at -732; TTT at 270-80, 341-42, 350-56, 433-36.) Accordingly, the Court finds there to be a genuine dispute sufficient to overcome summary judgment as to ▬-7. Similarly, Apple asserts ▬-8 is unprotectable because it is a general idea "with no description of any steps explaining how to actually ▬▬▬▬▬▬▬▬▬▬▬▬▬▬." (Dkt. No. 1083 at 21.) As discussed above, ideas may be protected as trade secrets. Additionally, Masimo has presented sufficient evidence to create a genuine dispute on the protectability of ▬-7. (See, e.g., Ex. 7 at -663-65; Ex. 15 ¶ 629; Exs. XXX-YYY.) For these reasons, the Court **DENIES** Apple's motion for summary judgment on ▬5, ▬-7, and ▬-8.

Finally, Apple argues Plaintiffs' Value, Importance, and Appropriateness trade secrets are not stated with reasonable particularity and would confuse the jury and prejudice Apple. (Dkt. No. 1083 at 22-24.) Specifically, Apple asserts Plaintiffs have failed to disclose any "details clarifying what those general terms mean." (Id. 23.) Plaintiffs must "describe the trade secret with sufficient particularity to separate it from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048 JVS (JDE) | Date | February 10, 2023 |
| Title | Masimo Corporation, et al v. Apple Inc. | | |

matters of general knowledge . . . and to permit the defendant to ascertain at least the boundaries within which the secret lies." Acrisure of Calif., LLC v. SoCal Comm. Ins. Srvs., 2019 WL 4137618, at *3 (C.D. Cal. March 27, 2019). At the summary judgment stage, Apple bears the burden of showing no genuine dispute of fact that Plaintiffs have not defined their trade secrets with sufficient particularity. As the Court noted in its order deciding Apple's motion to dismiss, the "Value, Importance, and Appropriateness" trade secrets refers to "a set list of trade secrets," and rejected Apple's argument that this set of trade secrets operated as a "catchall." (Dkt. No. 264 at 5.) Therefore, as long as Plaintiffs' underlying trade secrets have been defined with sufficient specificity, Plaintiffs' Value, Importance, and Appropriateness trade secrets survive summary judgment. As noted above, the Court finds the trade secrets Apple challenges on summary judgement are defined with sufficient particularity. Accordingly, the Court **DENIES** Apple's motion for summary judgment as to Plaintiffs' Value, Importance, and Appropriateness trade secrets.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Apple's motions.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:20-cv-00048 JVS (JDE)     Date February 10, 2023

Title     Masimo Corporation, et al v. Apple Inc.