UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | February 7, 2023 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[REDACTED]  [IN CHAMBERS] Order Regarding Motion to Strike Untimely Fact and Expert Declarations Supporting Plaintiff's Motion for Partial Summary Judgment [1125]**

Apple Inc. ("Apple") filed a Motion to Strike Untimely Fact and Expert Declarations Supporting Plaintiffs Motion for Partial Summary Judgment.  See Motion, Docket Nos. 1125, 1172 (sealed).  Masimo Corporation and Cercacor Laboratories, Inc. (together, "Masimo") filed an opposition.  See Opposition, Docket Nos. 1153, 1185 (sealed). Apple filed a reply.  See Reply, Docket Nos. 1206, 1247 (sealed).

For the following reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's motion.

## I. BACKGROUND

Apple's Motion to Strike concerns three declarations that Masimo filed in support of its Motion for Partial Summary Judgment (Docket No. 1086).  These are: (1) the declaration of Masimo's technical expert, Dr. Vijay Madisetti ("Madisetti Declaration") (Docket No. 1085-9); (2) the declaration of a former Ceracor Laboratories, Inc. ("Cercacor") employee, Mr. Jeoren Poeze ("2022 Poeze Declaration") (Docket No. 1085-12); and (3) the declaration of the Chief Executive Officer of Masimo, Mr. Joe Kiani ("Kiani Declaration") (Docket No. 1085-13).

The Court's ruling addressing Masimo's Partial Motion for Summary Judgment includes a more fulsome discussion of the relevant factual background. See Order regarding Masimo's Motion for Partial Summary Judgment, Docket No. 1275.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. Under that rule, any party who wishes to present an expert witness at trial must disclose the identity of the expert. Fed. R. Civ. P. 26(a)(2)(A). "When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)).

"Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 678–79 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court." Id.

"In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from 'use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

Although appellate courts "review every discovery sanction for an abuse of discretion," those courts "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, 259 F.3d at 1106; see also Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence).

## III. DISCUSSION

For the reasons explained below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion.

### A. The Madisetti Declaration

Apple moves to strike ¶¶ 62-65, 67, 70, 72-87, 112, 115, 118-127, 156-161, and 163-172 of the Madisetti Declaration (Docket No. 1085-9). Motion, Docket No. 1172 at 18. Apple argues these portions include new opinions regarding Masimo's use of trade secrets D-9 and D-10[1] and Apple's alleged disclosure of these trade secrets. Id. Apple argues the new opinions are untimely under Fed. R. Civ. P 26(a)(2). Id. at 18-19.

Specifically, Apple argues three portions of the Madisetti Declaration are improper. First, Apple argues ¶¶ 62-65, 67, 70, 72-87 and 159-161 cite previously undisclosed source code supporting Dr. Madisetti's opinion that Masimo used the D-9 and D-10 trade secrets in the ▮▮▮▮ product. Id. at 20. Apple argues Dr. Madisetti did not disclose this source code in his expert report. Id.; compare Docket No. 1172-7 ("Madisetti Report") at ¶¶ 278-290, 312. With respect to D-10, Apple argues Dr. Madisetti identified several trade secret elements in the ▮▮▮▮ source code for the first time. Id. at 20. Next, Apple argues that Dr. Madisetti introduces new testimony explaining how the ▮▮▮▮ allegedly discloses D-9 at ¶¶ 118-127 of the Madisetti Declaration. Docket No. 1172 at 20; compare Madisetti Report at ¶ 292. Finally, Apple argues that Dr. Madisetti opines for the first time that Dr. Lamego's ▮▮▮▮ techniques were used in the Apple Watch at ¶ 112 of the Madisetti Declaration. Id.; compare Madisetti Report at ¶ 154.

Masimo argues that Dr. Madisetti does not offer new opinions but rather offers a more detailed analysis based on the opinions disclosed in his expert report. Opposition, Docket No. 1185 at 15. First, as to Apple's allegation of new source code disclosure relating to the ▮▮▮▮ product, Masimo responds that Dr. Madisetti provided a chart identifying the ▮▮▮▮ product as using trade secrets D-9 and D-10 and provided similar opinions at in his expert report. Id. (citing Madisetti Report at ¶¶ 90, 138, 228, 268, 282-284, 286-287, 290, 301, 312, and 357). Next, as to Apple's allegations of new testimony regarding how the ▮▮▮▮ discloses D-9, Masimo responds that Dr. Madisetti covered this topic in his expert report. Id. at 16 and 20 (citing Madisetti Report at ¶¶ 156-66, 274, 291-292, and 314-315).

---

[1] The Court evaluates the allegedly corresponding disclosures identified by Masimo in its summary chart. See Docket No. 1185-2, Exhibit H.

Finally, as to Apple's allegations of new testimony regarding Dr. Lamego's techniques, Masimo responds that Dr. Madisetti also covered this topic in his expert report. Id. (citing Madisetti Report at ¶ 163).

Masimo clarifies that Dr. Madisetti initially disclosed many of his opinions with respect to the D-1, D-3, and D-8 trade secrets instead of with respect to the D-9 and D-10 trade secrets. Id. However, in discussing D-9 and D-10 in his expert report, Dr. Madisetti referred to his analysis of the D-1, D-3, and D-8 trade secrets. Id. at 17 (citing Madisetti Report at ¶¶ 90, 278, 291-292, 312, and 314-315 and Errata, Docket No. 1185-1, Exhibit G).

Apple rejects Masimo's argument that Dr. Madisetti referred to his discussions of D-1, D-3, and D-8 when discussing D-9 and D-10. Reply, Docket No. 1247 at 10-11. Apple argues Dr. Madisetti used generic statements which do not necessarily indicate that foregoing discussions are specifically applicable to the D-9 and D-10 trade secrets. Id. Apple further argues that the incorporated statements in Dr. Madisetti's expert report relate to Apple's use of the trade secrets but the allegedly new statements relate to Masimo's use of its own trade secrets and are thus unsupported. Id. at 12-13 (citing Madisetti Report at ¶¶ 106-46 and 147-66). Apple makes similar arguments with respect to source code disclosure. Id. at 12. For instance, source code disclosed initially with respect to D-1 cannot, per Apple, provide sufficient notice of Masimo's theories with respect to D-9 through D-15. Id. at 12-13.

1. Analysis of Disclosures

First, the Court addresses Dr. Madisetti's opinions at ¶¶ 62-65, 67, 70, 72-87, 115, 156-161, and 163-172. In these paragraphs, Dr. Madisetti explains how Masimo used the ▇▇▇▇ product to practice D-9 and D-10, and cites ▇▇▇▇ source code portions in support. The Court finds that many portions of the Madisetti Report do correspond to these opinions, as summarized in the below chart. However, in some instances, the Madisetti Declaration includes unsupported statements. The Court identifies these in the right-hand column of the below chart.[2] Additionally, the Madisetti Declaration relates to D-9 through D-16, however, many of the portions cited below relate to other trade secrets even though the analysis is similar or identical. Masimo argues that Dr. Madisetti incorporated his analysis of other trade secrets by reference into his analysis of D-9 through D-16. Thus, these portions provide adequate support. Apple disagrees. The Court addresses that dispute in § III.A.2 below.

---

[2] The Court evaluates the allegedly corresponding disclosures identified by Masimo in its summary chart. See Docket No. 1185-2, Exhibit H.

| Madisetti Declaration | Madisetti Report | Analysis |
|---|---|---|
| ¶ 62 | ¶ 286, 357 | The Court finds adequate support except for the statement, ▮ |
| ¶ 63 | ¶ 228, 280 | The Court finds adequate support except for the disclosure of line 430 of the ▮ source code. |
| ¶ 64 | ¶ 228 | The Court finds adequate support and notes that ▮. |
| ¶ 65 | ¶¶ 228, 279-80 | The Court finds adequate support. |
| ¶ 67 | ¶ 228, 283 | The Court finds adequate support. |
| ¶ 70 | ¶ 290, 312 | The Court finds adequate support. |
| ¶¶ 72-80 | ¶¶ 213-222 | The Court finds adequate support. |
| ¶ 81 | ¶¶ 138, 223 | The Court finds adequate support. The Court also notes that the produced excerpts of Mr. Poeze's lab notebook (Docket No. 1185-1, Exhibit A) appear to support this opinion. |
| ¶ 82 | ¶ 138 | The Court finds adequate support. The Court also notes that the produced excerpts of Mr. Poeze's lab notebook (Docket No. 1185-1, Exhibit A) appear to support this opinion. |
| ¶ 83 | ¶ 224 | The Court finds adequate support. |
| ¶ 84 | ¶ 225 | The Court finds adequate support. |
| ¶ 85 | ¶ 139 | The Court finds adequate support. The Court notes that Dr. Madisetti's opinion appears to describe the source code but does not constitute new material. |
| ¶ 86 | ¶¶ 140-42 | The Court finds adequate support. |
| ¶ 87 | ¶ 143 | The Court finds adequate support except the previous disclosure does not appear to identify the ▮. |
| ¶ 115 | ¶ 161 | The Court finds adequate support. The Court notes that Dr. Madisetti's opinion appears to describe the diagram from Mr. Poeze's lab notebook but does not constitute new material. |
| ¶¶ 156-157 | ¶ 312 | The Court finds adequate support. |
| ¶ 158 | ¶ 138 | The Court finds adequate support except that the previous disclosure does not specify that the diagram from Mr. Poeze's notebook depicts the ▮. |
| ¶¶ 159-161 | ¶¶ 138, 312 | The Court generally finds adequate support. The Court notes that Dr. Madisetti's opinion appears to describe the source code but does not constitute new material. However, the previous disclosure does not identify ▮ or specify |

| | | |
|---|---|---|
| | | that the diagram's from Mr. Poeze's notebook depict ▮▮▮. |
| ¶ 163 | ¶ 312 | The Court finds adequate support. |
| ¶ 164 | ¶¶ 228, 312 | The Court finds adequate support. |
| ¶¶ 165-169 | ¶ 312 | The Court finds adequate support. |
| ¶ 170 | ¶ 228 | The Court generally finds adequate support except the previous disclosure does not appear to identify a ▮▮▮. |
| ¶ 171 | ¶¶ 228, 312 | The Court finds adequate support. |
| ¶ 172 | ¶¶ 289-990, 312 | The Court finds adequate support. |

Accordingly, the Court strikes the portions of the Madisetti Declaration, identified above, lacking adequate support in previous disclosures.

Second, regarding Dr. Madisetti's opinions at ¶¶ 118-127, which explain how the ▮▮▮ discloses D-9, the Court finds ¶ 274 of the Madisetti Report provides insufficient support. Paragraph 274 includes Dr. Madisetti's opinion that the ▮▮▮ discloses D-9 but does not explain how the ▮▮▮ discloses D-9. The Court finds that many other portions of the Madisetti Report do correspond to these opinions, as summarized in the below chart. However, in some instances, the Madisetti Declaration includes unsupported statements. The Court identifies these in the right-hand column of the below chart. However, as discussed above, Dr. Madisetti's initial disclosure pertained to different trade secrets than his allegedly new disclosures. The Court addresses this issue in § III.A.2, below.

| Madisetti Declaration | Madisetti Report[1] | Analysis |
|---|---|---|
| ¶ 118 | ¶ 274 | The Court finds adequate support. |
| ¶ 119 | ¶ 156 | The Court finds adequate support. |
| ¶ 120 | ¶ 230 | The Court finds inadequate support. The Court notes that Dr. Madisetti cites the language of ▮▮▮ but does not appear to introduce new opinions. |
| ¶ 121 | ¶ 274 | The Court finds inadequate support. |
| ¶ 122 | ¶¶ 274, 404 | The Court finds inadequate support. |
| ¶¶ 123-126 | ¶¶ 156 | The Court finds adequate support. |
| ¶ 127 | ¶ 191 | The Court finds inadequate support. The Court notes that Dr. Madisetti uses the term ▮▮▮ but finds that this difference |

does not amount to a materially different opinion.

Accordingly, the Court strikes the portions of the Madisetti Declaration, identified above, lacking adequate support in previous disclosures.

Finally, the Court finds that Dr. Madisetti disclosed his opinion concerning Dr. Lamego and the Apple Watch in his expert report. Compare Madisetti Declaration at ¶ 112 with Madisetti Report at ¶ 163. However, again, Dr. Madisetti's initial disclosure pertained to a different trade secret, but his allegedly new disclosure pertains to D-9. The Court addresses this issue below.

2. Reference to Other Trade Secrets

The Court next addresses whether Dr. Madisetti's initial opinions with respect to D-1, D-3, and D-8 apply equally to D-9 through D-15. Masimo contends they do and cites the Madisetti Report at ¶¶ 90, 278, 291-292, 312, and 314-315 and the Errata, Docket No. 1185-1, Exhibit G. Apple disagrees.

Paragraph 90 of the Madisetti Report identifies the ▇▇▇▇ Product as relevant to trade secrets D-1, D-3, and D-9 through D-16. Paragraph 278 explains that, with respect to "Masimo's [d]evelopment and [u]se of [t]rade [s]ecret D-9," ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Errata also explains that the discussion of "Apples Acquisition, Use, and/or Disclosure of Plaintiffs ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Trade Secrets in the context of D-1," at pages 58-80 of the Madisetti Report, "is also relevant to D-2, D-3, and D-8 through D-16." Docket No. 1185-1, Exhibit G. Thus, based on this material, it is reasonable to think that any discussion of the ▇▇▇▇ product in the Madisetti Report would apply equally to D-1, D-3, and D-9 through D-16. The Court declines to strike any portions of the Madisetti Report on this ground alone.

B. The Poeze Declaration

Apple moves to strike ¶¶ 3 and 14-20 of the 2022 Poeze Declaration (Docket No. 1085-12). Specifically, Apple argues these portions establish for the first time that Mr. Poeze worked on the ▇▇▇▇ product and include previously undisclosed passages from Mr. Poeze's lab notebook. Motion, Docket No. 1172 at 23. Apple argues Masimo violated its obligation to supplement under Fed. R. Civ. P. Rule 26(e) by waiting until the

summary judgment stage to disclose this information. Id. Apple argues it suffers prejudice as a result of this untimely disclosure because it could not test the newly disclosed facts through the discovery process. Id. at 25.

Masimo argues that Mr. Poeze's initial declaration identified and described the lab notebook entry discussed in ¶¶ 14-20 of the 2022 Poeze Declaration. Opposition, Docket No. 1185 at 9; Docket No. 1172-2 ("2020 Poeze Declaration") at ¶ 14. Masimo further argues that the 2020 Poeze Declaration discloses the same material as ¶ 3 of the 2022 Poeze Declaration. Id. at 11. The 2020 Poeze Declaration does not specifically identify the ▇▇▇▇ product. Id. However, Masimo argues this lack of specific disclosure is immaterial because Masimo disclosed the ▇▇▇▇ elsewhere. Id. (citing Docket No. 1172-1 at 9, 26 and Docket No. 1185-1, Exhibit E, at 23, 26-30). Masimo also disclosed that Cercacor engineers, including Mr. Poeze, worked on the ▇▇▇▇ product. Id. at 12 (citing Docket No. 1172-1 at 26 and Docket No. 1172-7 at ¶ 90). Masimo further argues that the source code Mr. Poeze identified in connection with his development of ▇▇▇▇ software corresponds to source code Masimo identified as modules from the ▇▇▇▇ product. Id. (citing 2020 Poeze Declaration at ¶¶ 2 and 4, Docket No. 1172-1 at 9, and Docket No. 1185-1, Exhibit E, at 29).

Apple acknowledges that ¶ 14 of the 2020 Poeze Declaration is identical to ¶ 22 of the 2022 Poeze Declaration. Reply, Docket No. 1247 at 21. However, Apple argues that it does not move to strike ¶ 22, but rather ¶¶ 14-20 because these paragraphs allegedly contain new information. Id. Apple also argues that Masimo buried the fact that Mr. Poeze worked on the ▇▇▇▇ product and this conduct should not be rewarded. Id. at 22. Apple maintains its position that Masimo's untimely disclosure left Apple unable to take additional fact discovery regarding Masimo's trade secret claims. Id. at 22-23.

Here, the Court finds that Masimo adequately disclosed the ▇▇▇▇ product. There is no reasonable dispute that Apple was aware of the product. As to whether Masimo adequately disclosed that Mr. Poeze worked on the ▇▇▇▇ product, Mr. Poeze was, indisputably, one of Cercacor's engineers and Masimo disclosed that Cercacor's engineers worked on this product. See Docket No. 1185-1, Exhibit E, at 5-6 and 12. Therefore, the Court declines to strike ¶ 3 of the 2022 Poeze Declaration. Moreover, the parties' briefing suggests Apple had an opportunity to depose Mr. Poeze concerning the allegedly new material on January 24, 2023. Opposition, Docket No. 1185 at 11.

As to the lab notebook descriptions, the 2020 Poeze Declaration briefly references and describes a June 27, 2008 lab notebook entry. See 2020 Poeze Declaration at ¶ 14. The entry discusses a ▇▇▇▇ and is far less detailed than the statements included ¶¶ 14-20 of the 2022 Poeze Declaration. The statements in ¶ 14 of the 2020 Poeze Declaration,

alone, are not sufficient to render the statements in ¶¶ 14-20 of the 2022 Poeze Declaration timely. However, it appears that Masimo produced the relevant excerpts of Mr. Poeze's lab notebook. See Docket No. 1185-1, Exhibit A at, e.g., MASA00086935. To the extent the lab notebook excerpts adequately support the opinions in ¶¶ 14-20 of the 2022 Poeze Declaration, and to the extent Masimo timely produced these excerpts to Apple, the Court finds the 2022 Poeze Declaration appropriate. Accordingly, the Court declines to strike ¶¶ 14-20 of the 2022 Poeze Declaration.

### C. The Kiani Declaration

Apple moves to strike ¶ 8 of the Kiani Declaration (Docket No. 1085-13). Specifically, Apple objects to the below testimony:



Kiana Declaration at ¶ 8. Apple argues that Masimo did not disclose this ▇▇▇ theory of harm in any of its discovery responses or in Mr. Kiani's Fed. R. Civ. P. 26(a)(2)(C) disclosure. Motion, Docket No. 1172 at 25-26. Apple also objects to the substance of the opinion as hypothetical and conclusory. Id. at 26. Apple argues that its experts could not evaluate this opinion and that it could not question Masimo's deponents about the opinion during depositions due to Masimo's untimely disclosure. Id. at 27.

Masimo responds with several arguments. First, Masimo argues it provided a list of harms, including ▇▇▇, in its interrogatory responses. Opposition, Docket No. 1185 at 24. Masimo argues the ▇▇▇ ▇▇▇. Id. Masimo also refers to testimony Mr. Kiani offered in the related True Wearables case. Id. at 25. Masimo contends it produced that testimony, at Apple's request, in this case before Apple deposed Mr. Kiani. Id. Thus, per Masimo, Apple had an opportunity to depose Mr. Kiani regarding the ▇▇▇. Id. Masimo further argues Mr. Kiani's testimony is not subject to Fed. R. Civ. P. 26(a)(2) because the above cited portions of Mr. Kiani's declaration are lay witness testimony and not expert witness testimony. Id. at 26.

Apple replies that identification of ▮▮▮▮ was not sufficient to put Apple on notice of Masimo's ▮▮▮▮ theory of harm. Reply, Docket No. 1247 at 23. Apple also argues that the True Wearables testimony does not cure this defect because that litigation concerned different trade secrets and Apple was not a party to that litigation. Id. at 24. Apple also argues that Mr. Kiani's opinion is not appropriate lay testimony because he speculates as to a ▮▮▮▮ ▮▮▮▮. Id. at 24-25. Apple reiterates its position that the untimely disclosure is prejudicial given the advanced stage of this case. Id. at 25-26.

Here, Masimo's interrogatory response indicates alleged harm includes ▮▮▮▮ ▮▮▮▮ Masimo's Second Supplemental Response to Apple's First Set of Interrogatories No. 13, Docket No. 1172-4 at 9. These statements indicate ▮▮▮▮ Thus, Mr. Kiani's opinion that ▮▮▮▮ appears consistent with these responses. Moreover, unlike the material previously at issue with respect to Mr. Kiani's Fed. R. Civ. P. 26(a)(2)(C) disclosures, Mr. Kiani's opinion and Masimo's interrogatory response include similarly general statements. See Order, Docket No. 1031.

However, the rest of Mr. Kiani's opinion concerns ▮▮▮▮ harm. The interrogatory response does not address ▮▮▮▮ harm. Mr. Kiani's testimony in True Wearables does mention an industry-wide ▮▮▮▮ and was produced in this case. See True Wearables Testimony, Docket No. 1185-3, Exhibit J, at ¶ 235. However, as Apple argues, True Wearables concerned different trade secrets and Apple was not a party to that litigation. Thus, even though that litigation and the present litigation concern similar technologies, the True Wearables testimony does not support the opinion that Apple's alleged disclosure and use of the trade secrets at issue here caused or is likely to cause an ▮▮▮▮.

Accordingly, the Court strikes the following portions of ¶ 8 of the Kiani Declaration: ▮▮▮▮ The statement, ▮▮▮▮ is admissible so long as the statement refers to Masimo's efforts as opposed to general industry efforts. Because the Court strikes Mr. Kiani's opinion to the extent it relates to ▮▮▮▮, the Court does not presently assess whether those opinions are appropriate lay testimony.



## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's Motion.

The Court acknowledges that Apple requests its fees and costs incurred in bringing this motion under Fed. R. Civ. P. 37(b)(2)(C). The Court finds that striking the untimely disclosures in Masimo's witness declarations, as described above, is a sufficient sanction and declines to award fees and costs.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of the sealed order should be redacted from the publicly filed version of the order. If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

The Court orders the parties to submit the required Joint Report within fourteen days of receipt of this order.

**IT IS SO ORDERED.**

  :   0

Initials of Preparer   lmb