Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar. No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continue on next page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING JOINT REPORT REGARDING DEFERRED ISSUES FROM THE COURT'S FEBRUARY 9, 2023 ORDER (DKT. 1280)** |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Case 8:20-cv-00048-JVS-JDE Document 1356 Filed 02/23/23 Page 3 of 5 Page ID #:134668

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding the Joint Report Regarding Deferred Issues From The Court's February 9, 2023 Order (Dkt. 1280) ("Joint Report"). Masimo requests the Court seal portions of the Joint Report. Masimo has provided a proposed redacted version of the Joint Report. Masimo also requests that the Court seal Exhibits 2 and 4 to the Declaration of Daniel P. Hughes and Exhibit B to the Declaration of Nora Passamaneck accompanying the joint report.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged **trade secret** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential.

The proposed redacted portions of the Joint Report contain information describing Masimo's confidential technical and business information, including its trade secrets.

-1-

1. Hughes Application to Seal Declaration ¶ 4. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exhibit 2 to the Declaration of Daniel P. Hughes in Support of Joint Report Regarding Deferred Issues From The Court's February 9, 2023 Order (Dkt. 1280) and Exhibit B to the Declaration of Nora Passamaneck in Support of Joint Report Regarding Deferred Issues From The Court's February 9, 2023 Order (Dkt. 1280) are emails between the parties' counsel discussing Masimo's confidential information, including its trade secrets. *Id.* ¶ 5. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exhibit 4 to the Declaration of Daniel P. Hughes in Support of Joint Report Regarding Deferred Issues From The Court's February 9, 2023 Order (Dkt. 1280) is correspondence between the parties' counsel including the parties' confidential information, including employee names. *Id.* ¶ 6. This information is confidential and valuable to the parties because revealing the identity of the parties' employees could cause the parties harm as competitors could use this information to specifically target the parties' employees. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Masimo's trade secret claims, there can be no dispute that the documents Masimo seeks to seal discuss Masimo's "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court allow Masimo to seal the material discussed above.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 23, 2023

By: /s/ Daniel P. Hughes
  Joseph R. Re
  Stephen C. Jensen
  Benjamin A. Katzenellenbogen
  Perry D. Oldham
  Stephen W. Larson
  Mark D. Kachner
  Adam B. Powell
  Kendall M. Loebbaka
  Justin J. Gillett
  Daniel P. Hughes

  Attorneys for Plaintiffs
  MASIMO CORPORATION and
  CERCACOR LABORATORIES, INC.

57169599