# EXHIBIT 1

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, February 17, 2023 6:43 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

Nora,

Apple does not dispute it disclosed references, marketing principles, and third-party products after the close of fact discovery.  Apple has the burden to show its late disclosures were harmless.  Thus, Apple has the burden to identify any theories that it disclosed during fact discovery that Apple asserts align with these references, marketing principles, and third-party products.  Apple refused to do so.  Accordingly, the Court should strike all of the late references, marketing principles, and third-party products.

We will speak to you on Monday at 1:00pm PST.  We can use the below dial-in number.

      United States toll-free number: 1-877-678-4585
      Conference room number: 402-418-873

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687  Direct

**Knobbe Martens**


**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, February 17, 2023 4:40 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

Kendall,

It is Plaintiffs that are obstructing a meaningful meet-and-confer process.    It is Plaintiffs' motion and Plaintiffs' burden; to the extent Plaintiffs will ask the Court to strike any specific references, please identify them promptly, and certainly before we meet and confer.

As to your question whether it is Apple's position that its September 6 interrogatory responses are timely, this issue is moot for the reasons I described below, and Apple objects to any attempt by Plaintiffs to revisit this issue. Further, they are timely for the reasons below.

With respect to Dr. O'Reilly, for the avoidance of doubt and as you seem to be deliberately misinterpreting our response, counsel interviewed Dr. O'Reilly on more than one occasion in early 2021 regarding document collection, but the first of those discussions was in January 2021. Apple objects to Plaintiffs' request to re-open the O'Reilly deposition, particularly in view of prior representations that Plaintiffs agreed all issues with respect to that deposition and Dr. O'Reilly's notebooks were resolved, and to Plaintiffs' effort to invade attorney-client privilege without any proper justification.

We are available to meet and confer on Monday 1 PST. Please circulate a dial-in.

Thank you,
Nora

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, February 17, 2023 2:19 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

**EXTERNAL SENDER**

Nora,

Your email does not provide the information that we requested and does not allow the parties to meaningfully meet and confer. Based on your below email, we understand that Apple is no longer planning to rely on some of the references, marketing principles, and third party products listed in Appendix A and B of our motion to strike, but that Apple is refusing to identify what references, marketing and third-party products that it will no longer rely on.

We also requested that Apple identify the previously disclosed theory associated with each reference, marketing principle, and third-party product, including the date and location in which Apple disclosed each particular theory. We understand from your email that Apple is refusing to provide this information. This is contrary to the Court's guidance. Indeed, the Order told the parties to "determine which references align with previous disclosures and which disclose new theories." Apple's general statement that the references are "the same general type that Apple disclosed in its discovery responses" is plainly insufficient.

Regarding our question about September 6, Apple failed to provide a clear position as to whether information disclosed through September 6 is timely. Again, Apple's refusal to provide its position prevents the parties from meaningfully meeting and conferring.

Regarding Apple's late disclosure of the O'Reilly documents, your email misstates the record. In Masimo's briefing, Masimo explained that it was prejudiced by Apple's late disclosure of the notebooks because it could have asked other Apple witnesses about the notebooks. Masimo never suggested that it could take this discovery now, in part because, as the Court recognized, that would jeopardize the trial schedule. Instead, Masimo's reply brief identified the specific information about Apple's document collection procedures that Masimo now requests as the "information" that Masimo wants from Apple. Further, as explained in my February 5 email (an email not included in this new email chain), Masimo stated in its reply brief on pages 15-16 that "additional information" it is seeking includes the circumstances related to Apple's efforts to collect documents from O'Reilly, including the dates people communicated with O'Reilly, what was requested from O'Reilly, who communicated with O'Reilly, and O'Reilly's responses.

Further, Apple now refuses even our attempt to compromise. Instead of answering our questions about when Apple interviewed O'Reilly to collect the notebooks, Apple states only that Apple "began the document collection process with Dr. O'Reilly in January 2021." Apple's refusal to identify when Apple actually interviewed O'Reilly is telling. Accordingly, Plaintiffs will ask the court to reopen the O'Reilly deposition to learn the circumstances related to Apple's efforts to collect documents from O'Reilly, including the dates people communicated with O'Reilly, what was requested from O'Reilly, who communicated with O'Reilly, and O'Reilly's responses. To the extent that any of this information was privileged, Masimo will request the court order that the privilege has been waived because Apple has relied on its document collection efforts to attempt to show diligence. Once Masimo has learned this information, Masimo will consider what further sanctions to seek from the court.

We are available to meet and confer on Monday February 20th at 1:00 PM PST.

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687 Direct

**Knobbe Martens**


**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, February 16, 2023 11:38 AM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

Kendall,

We understand that despite having the Court's tentative order since February 3, Plaintiffs would prefer to take a full three weeks to meet and confer and submit a joint report to the Court on Plaintiffs' contingent motion to strike. I address each of your points in turn:

First, as to Apple's generally known and readily ascertainable opinions, we reject that Apple should identify, for every document listed in Plaintiffs' appendices, whether Apple's experts are still relying on it and explain how that reference relates to those theories disclosed in Apple's discovery responses.  This is Plaintiffs' motion and Plaintiffs have the ultimate burden to establish that disclosure was untimely since the Court has not resolved the threshold question of "whether a discovery violation has occurred."  Dkt. 1280 at 9.  The Court has already outlined a framework – that Apple's experts may cite "various third-party products of the same general type that Apple disclosed" in discovery responses because it "could constitute a specific 'application of a disclosed theory' rather than the 'impermissibl[e] subtitut[ion] of a new theory altogether,'" and that "materials . . . truly used for background information. . . may not violate disclosure requirements."  Dkt. 1280 at 9 & n.4.  While Plaintiffs have made no effort to explain why there is a discovery violation under that standard, to move things forward, we have already represented to Plaintiffs that all of the documents cited by Apple's experts are proper because they are either background or of the same general type that Apple disclosed in its discovery responses, and Plaintiffs know how Apple's experts are using these documents from simply reading their reports.  If Plaintiffs wish to challenge a specific document, please identify it and the basis for challenge.

As to your question whether Apple believes that information disclosed through September 6 is timely, both parties reached an agreement to supplement their interrogatory responses on that day and did so.  Further, although Plaintiffs raised in their motion timeliness of Apple's interrogatory responses, the Court appears to have declined to find a discovery violation based on the references cited in the September 6 responses, as the timeliness test he articulated focused on disclosures identified for the first time in *expert reports* and indicated that so long as "Apple disclosed a contention" in an interrogatory response that was later discussed in further detail in an expert report, that would be permissible.  Dkt. 1280 at 8-9; *id.* at 7 (describing the issue as whether "independent expert opinions … appear[e]d for the first time in an expert report" without being "based on information disclosed during fact discovery").

Second, as to Dr. O'Reilly, the Court's order indicated that the parties should meet and confer "on the additional information requested by Plaintiffs."  The only "additional information" mentioned in Plaintiffs' briefing was the opportunity to "ask[] other Apple employees about the notebooks to make up for gaps in O'Reilly's memory."  Dkt. 1280 at 15; *see also* Mot. 19 ("If Apple had produced the notebooks earlier, Masimo could have asked other Apple witnesses about the subject matter of, for example, various projects discussed in O'Reilly's notebooks."); Reply 17-18 ("Masimo's motion *did* explain what it would have done differently.  For example, Masimo would have questioned other Apple witnesses about the notebooks because O'Reilly claimed he could not remember his work during his deposition.").  It has now been a week and a half since Apple requested what other information Plaintiffs seek and  Plaintiffs still have not sought any additional substantive information regarding the notebooks.  This is fully in line with Plaintiffs' prior statements, such as Plaintiffs' confirmation that Apple's numerous concessions regarding the time and length of Dr. O'Reilly's deposition resolved the parties' dispute at least as it related to the deposition.

Plaintiffs' only requests for the "additional information" mentioned in the Court's order has been for Apple to  provide information regarding its communications with Dr. O'Reilly regarding document collection, including the substance of those communications.  Such communications are privileged and nothing in the Court's order suggests that he believed Plaintiffs were simply asking for discovery into

discovery—indeed, the word "privilege" does not appear outside of the recitation of the mine-run discovery standard.

Your email below asks for information "that would normally be disclosed on a privilege log," however, the parties agreed not to log communications after the start of this litigation and have never logged oral discussions. Regardless, I represent that Apple began the document collection process with Dr. O'Reilly in January 2021; conversations regarding those collections are subject to the attorney-client privilege and were attended by outside counsel, in-house counsel, and at times a technology specialist working at the direction of counsel to assist with the collection efforts. The reasonableness and diligence of those efforts is reflected by the thousands of documents that were collected and produced from Dr. O'Reilly. As we have explained, during preparations for Dr. O'Reilly's deposition, counsel learned of the additional notebooks and their potential relevance. Discussions with Dr. O'Reilly regarding his deposition are similarly subject to the attorney-client privilege as the participants were Dr. O'Reilly, in-house and outside counsel. The notebooks were then promptly produced. We trust this resolves the issue. To the extent Plaintiffs intend to seek any additional relief, please identify it promptly so that the parties can meet and confer before the joint submission is due.

Regards,
Nora

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Tuesday, February 14, 2023 11:14 PM
**To:** Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

**EXTERNAL SENDER**

Nina,

The joint report is not due this Friday. It is due on February 23. *See* Dkt. 1280, at 17 (Feb. 9, 2023) ("the parties shall submit a joint report concerning the publicly available references and O'Reilly notebooks within 14 days").

As you know, it is not Masimo's burden to show that Apple's late production was prejudicial. It is Apple's burden to show the late production was substantially justified or harmless. It is unclear to us whether Apple's experts are still relying on all references, marketing principles, and third-party products identified in Appendices A and B attached to Daniel Hughes' January 9, 2023 Declaration. We also do not know what "previously disclosed theories" you are referencing, much less how any of the references, marketing principles, and third-party products relate to such theories. It is Apple's obligation to provide this information to Masimo. We should not be expected to sift through Apple's exhibit list, expert reports, and various discovery responses to try to guess what Apple will argue. So that we can have a productive discussion, please identify the following tomorrow:

(1) Every reference, marketing principle, and third-party product identified in Appendices A and B on which Apple's experts still intend to rely.

(2) The previously disclosed theory associated with each reference, marketing principle, or third-party product identified in (1), including the date and location in which Apple disclosed each particular theory.

Please also provide a clear position as to whether Apple believes that information disclosed through September 6 is timely.  We believe Apple has taken contrary positions, so it is unclear to us whether Apple believes information needed to be disclosed before September 6, before the close of fact discovery, or at some even earlier date.

Regarding Dr. O'Reilly's notebooks, Apple improperly blocked non-privileged questioning during Dr. O'Reilly's deposition.  So that we can evaluate Apple's position and try to reach a compromise, please provide tomorrow the information that would normally be disclosed on a privilege log for (a) any discussions with Dr. O'Reilly about document collection and (b) any discussion when Dr. O'Reilly identified his notebooks.  That should include at least the date, name of all attendees, privilege type, and general subject matter.

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687  Direct

**Knobbe Martens**


**From:** Kendall Loebbaka
**Sent:** Tuesday, February 14, 2023 4:42 PM
**To:** Garcia, Nina <Nina.Garcia@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

Nina,

Please clarify what Apple means by "Apple's preliminary exhibit list did not include every exhibit cited in Apple's expert reports."  Expert reports cite to documents, not exhibits.  If a document is not on the exhibit list, Apple cannot use that document at trial.  L.R 16-2.3 ("The parties shall disclose all exhibits to be used at trial other than those contemplated to be used solely for impeachment…").  Thus, we understand Apple identified the universe of documents it currently believes it may use at trial in its exhibit list.  To the extent Apple seeks to use a document at trial, such as a generally known or "background" reference, that is not on the exhibit list, Masimo will object and seek to exclude such document and discussion thereof.  Please explain whether Apple or its experts plan to rely on documents Apple did not identify on Apple's exhibit list and, if so, why Apple is not including those on the exhibit list.

We will respond separately on the Court's Order, Dkt. 1280.

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687 Direct

**Knobbe Martens**

**From:** Garcia, Nina <Nina.Garcia@wilmerhale.com>
**Sent:** Tuesday, February 14, 2023 7:21 AM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** RE: Masimo v. Apple: Generally Known / O'Reilly Notebooks

Counsel, in addition to the below we further note that Apple's preliminary exhibit list did not include every exhibit cited in Apple's expert reports.  Again, to the extent Plaintiffs disagree that any reference still on Apple's exhibit list falls outside of the Court's guidance in Dkt. 1280, please identify by tomorrow.

Best,
Nina

**Nina Garcia | WilmerHale**
+1 617 526 6446 (t)
nina.garcia@wilmerhale.com

**From:** Garcia, Nina
**Sent:** Tuesday, February 14, 2023 10:16 AM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <Apple-Masimo@haynesboone.com>
**Subject:** Masimo v. Apple: Generally Known / O'Reilly Notebooks

Counsel,

Pursuant to the Court's Order (Dkt. 1280) the parties must inform the court regarding the scope of any remaining dispute with respect to the generally known references in Apple's expert reports.  Our understanding is that joint report should be filed this Friday, February 17, but please advise if Plaintiffs disagree.  Apple has re-reviewed the reports and confirmed all references are ither background references and/or references identified in support of previously disclosed theories.  To the extent Plaintiffs disagree, please identify by tomorrow any references Plaintiffs contend disclose new theories including an identification of the purported new theory so that we may have a productive discussion.

With respect to Dr. O'Reilly's notebooks, as stated at the hearing last Monday, Apple will not pierce the privilege as requested in Mr. Hughes' email dated February 5.  Plaintiffs have not identified any additional information they now seek related to the substance of Dr. O'Reilly's notebooks.  To the extent there is any, please identify it by tomorrow so that Apple may consider the request.

Best,
Nina

**Nina Garcia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6446 (t)
+1 617 526 5000 (f)
nina.garcia@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.