Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continues on next page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PLAINTIFFS' ATTORNEYS' INVOLVEMENT IN THIS CASE**<br><br>Date:       March 13, 2023<br>Time:      1:30 p.m.<br>Location: Courtroom 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................. 1

II. ARGUMENT ........................................................................................ 2

    A. The Court Should Exclude Argument and Evidence of Attorney Involvement in Preparing Section 2019.210 Trade Secret Disclosures .............................................................. 2

        1. Counsels' Preparation of the Section 2019.210 Disclosure is Irrelevant to Masimo's Possession of the Trade Secrets ............................................................ 2

        2. Counsels' Preparation of the Section 2019.210 Disclosure is Irrelevant to Witness Credibility ................ 5

        3. Apple Cites Inapposite Cases .......................................... 8

        4. Apple Ignores the Unfair Prejudice to Masimo ................ 8

    B. The Court Should Exclude Evidence and Arguments of Similarities Between Discovery Responses and an Expert Report ........................................................................ 9

        1. Evidence of Alleged Similarities is Irrelevant and Unfairly Prejudicial ......................................................... 9

        2. Apple's Cases Do Not Support Apple ........................... 10

    C. The Parties Agree Not to Offer Evidence or Argument About Their Narrowing of the Case ......................................... 11

III. CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

Page No(s).

*CardiAQ Valve Techs., Inc. v. Neovasc Inc.*,
  2016 WL 8203206 (D. Mass. Apr. 25, 2016) ......................................... 4, 5

*Dunbar v. City of Riverside*,
  2017 WL 11636155 (C.D. Cal. June 6, 2017) .......................................... 10

*Howard v. City of Durham*,
  2021 WL 5086379, at *11 (M.D.N.C. Nov. 2, 2021) ............................. 10

*Marbled Murrelet v. Pacific Lumber Co.*,
  880 F. Supp. 1343 (N.D. Cal. 1995) ........................................................ 10

*Memory Integrity, LLC v. Intel Corp.*,
  308 F.R.D. 656 (D. Or. July 29, 2015) ...................................................... 7

*Palantir Techs. Inc. v. Abromowitz*,
  ---F.Supp.3d---, 2022 WL 16744377 (N.D. Cal. Nov. 7, 2022) ................ 4

*TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*,
  2015 WL 13882659 (C.D. Cal. Nov. 6, 2015) ........................................... 7

*Trigon Ins. Co. v. U.S.*,
  204 F.R.D. 277 (E.D. Va. 2001) ............................................................. 10

*U.S. v. Abel*,
  469 U.S. 45 (1984) .................................................................................... 8

*U.S. v. Hankey*,
  203 F.3d 1160 (9th Cir. 2000) .................................................................. 8

*Zeleny v. Newsom*,
  2020 WL 3057467 (N.D. Cal. June 9, 2020) ............................................ 7

## OTHER AUTHORITIES

Cal. Code. Civ. P. § 2019.210 ............................................................... *passim*

Fed. R. Civ. P. 26 .................................................................................... 3, 10

Fed. R. Evid. 702 ................................................................................... 10, 11

## I. INTRODUCTION

Apple's brief confirms that Apple seeks to improperly interject Masimo's lawyers' involvement during this case. Indeed, Apple's brief begins by arguing "[t]he question of **who** actually composed the alleged trade secrets and **when** is unquestionably relevant to whether Plaintiffs actually possessed them at the time of Apple's purported misappropriation." Opp. at 1 (emphasis added). Apple argues that the jury should know that Masimo's lawyers were "the creator of the alleged trade secrets" and that their "date of conception comes far later" than Apple's alleged misappropriation. Apple plans to misuse the Section 2019.210 disclosure to argue that Masimo's lawyers (not Masimo's engineers and executives) conceived of Masimo's trade secrets during the litigation. Masimo filed its motion to prevent Apple from doing so.

That Masimo's lawyers were required to capture the trade secrets in writing in a Section 2019.210 disclosure after 2020 has no bearing on whether Masimo developed and possessed its trade secrets before Apple's misappropriation in 2014. The relevant evidence is the historical documents and testimony about Masimo's development. Thus, the Court should preclude Apple from interjecting the preparation of the Section 2019.210 disclosure as an issue for the jury.

Apple also seeks to argue to the jury that Masimo's experts "copied the work of Plaintiffs' attorneys." Opp. at 1. Once again, Apple confirms it seeks to improperly interject Masimo's lawyers into this case. The only way Masimo can emphatically refute Apple's argument is to have Masimo's lawyers testify about the timing and preparation of interrogatory responses and expert reports. That Masimo's lawyers diligently prepared an interrogatory response calling for the same information set forth in Palmatier's concurrently prepared expert report does not establish Palmatier copied anything from Masimo's lawyers. Indeed, Apple's expert admitted he had no basis to argue Palmatier copied from the interrogatory response. Masimo's lawyers' involvement in preparing discovery responses does

not bear "directly on the merits of Plaintiffs' trade secret misappropriation claims" or on "the credibility of Plaintiffs' experts." Opp. at 1. Thus, the Court should preclude Apple from interjecting the activities of Masimo's lawyers as an issue for the jury.

## II. ARGUMENT

### A. The Court Should Exclude Argument and Evidence of Attorney Involvement in Preparing Section 2019.210 Trade Secret Disclosures

Apple's brief uses the term "trade secrets" interchangeably to refer to possession of the trade secrets before 2014 and the Section 2019.210 trade secret disclosure that Masimo's attorneys drafted after 2020. Apple never refers to "Section 2019.210", a Section 2019.210 "disclosure," or a Section 2019.210 "statement." Rather Apple calls the disclosure the "trade secrets," arguing that the attorneys created the trade secrets. *See e.g.*, Opp. at 1 (Masimo's lawyers were "the creator of the alleged trade secrets…"); *id.* at 2 ("Plaintiffs' attorneys' involvement in crafting the alleged trade secrets is highly relevant and admissible."); *id.* at 3 ("trade secrets were only developed in litigation with Plaintiffs' attorneys").

But the Section 2019.210 trade secret disclosure was required as a litigation pleading to capture in words the misappropriated information at issue. Apple cannot point to Masimo's lawyers' involvement in drafting the Section 2019.210 statement to argue that the trade secrets were not possessed by Masimo before Apple's misappropriation. Rather, the jury should be given the actual historical facts to determine whether Masimo possessed the trade secrets at issue at the relevant time. As described below, none of Apple's arguments justify litigating the litigation in front of the jury.

#### 1. Counsels' Involvement in the Section 2019.210 Disclosure is Irrelevant to Masimo's Possession of the Trade Secrets

Apple seeks to confuse the jury by arguing about the origins of the Section

-2-

2019.210 trade secret *disclosure* rather than the asserted trade secrets themselves. Trade secrets are not developed by "composing" them in a Section 2019.210 disclosure.

Apple ignores the requirements and history about Section 2019.210 in this case. Section 2019.210 recites: "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity…." Cal. Code. Civ. P. § 2019.210. Apple successfully argued Masimo must serve a Section 2019.210 disclosure in this case. *See* Dkt. 33 at 13-20 (Rule 26(f) report containing the parties' arguments); Dkt. 37 (ordering "compliance with 2019.210" before beginning trade secret discovery). To convince the Court to adopt Section 2019.210, Apple argued:

> Section 2019.210 serves an essential function in cases like this one—it discourages meritless trade secret claims, prevents plaintiffs from abusing the discovery process to access the defendant's trade secrets, assists the court in framing the appropriate scope of discovery, and enables a defendant to form "complete and well-reasoned defenses" against claims of misappropriation.

Dkt. 33 at 17.

Apple previously understood that the Section 2019.210 disclosure is irrelevant to Masimo's actual development of the trade secrets. Apple argued "Section 2019.210 imposes several requirements on the disclosure a trade secret plaintiff must make" before discovery. Dkt. 282 at 9. Among other things, Apple argued a "trade secret plaintiff must identify with reasonable particularity *why* its alleged secret belongs in the legal category of trade secret." *Id*. at 10 (quotation omitted). Apple argued the plaintiff must describe the trade secret in enough detail to "control the scope of subsequent discovery" and allow the defendant to "present their best case or defense at a trial on the merits." *Id.* (quotation omitted).

Evidence that attorneys captured the trade secrets in writing in the Section

2019.210 disclosure after litigation commenced is not relevant to Masimo's earlier development and possession of the underlying trade secrets. *Palantir Techs. Inc. v. Abromowitz*, ---F.Supp.3d---, 2022 WL 16744377, *2, 7-8 (N.D. Cal. Nov. 7, 2022). Apple is free to explore Masimo business documents reflecting the trade secrets including source code, algorithms, lab notebooks, product drawings, invention disclosures, and more. *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, 2016 WL 8203206, at *1 (D. Mass. Apr. 25, 2016). But Apple is not free to exploit the drafting of the Section 2019.210 disclosure as proof Masimo did not develop or possess the trade secrets earlier.

In *Palantir Techs.*, the court excluded reference to Section 2019.210 disclosures. 2022 WL 16744377, *2, 7-8. The court recognized that disclosures are "documents created for litigation to serve as a gateway to initiating discovery." *Id*. at *2 (citing Section 2019.210). The court specifically held that disclosures are "not relevant to the credibility of any representation by [plaintiff] that it owned the alleged trade secrets at the time of the alleged misappropriation, as the disclosures were created after any accused conduct." The court held that presenting evidence about the disclosures "will waste time, as they will require extensive explanation as to why and how they were created and why they were later modified, and even with this explanation may confuse the jury." *Id*.

Similarly, in *CardiAQ,* 2016 WL 8203206, at *1, the court excluded references to the process for preparing the trade secret disclosure and any dispute related to that process. The court explained that "[d]uring discovery, [plaintiff] disclosed a list of its alleged trade secrets, and at trial, [defendant] may challenge whether these ***are in fact*** trade secrets and whether they ***actually match*** what [plaintiff] possessed in 2009-2010." *Id. (emphasis added)* But the "process through which the [trade secret list] list came about—during discovery and following motion practice—is irrelevant." *Id.* The court excluded all evidence about the trade secret disclosure except that the plaintiff created it after the

litigation began.  *Id*.  Masimo has no objection to the Court instructing the jury about such facts.  Indeed, Masimo proposed a jury instruction explaining Masimo was required to prepare a written description of the trade secrets at the beginning of the case.  But that in no way suggests Apple can use that fact to argue Masimo did not possess the actual trade secrets before Apple's misappropriation.

### 2. Counsels' Preparation of the Section 2019.210 Disclosure is Irrelevant to Witness Credibility

Apple argues Masimo's attorneys' involvement in "crafting" the Section 2019.210 disclosure is relevant to witness credibility.  Opp. at 3.  Apple argues Masimo witnesses could not identify or describe the alleged trade secrets "without referring to litigation materials prepared by [Masimo's] attorneys."  Opp. at 2.  Apple also argues that Masimo witnesses suggested that "only their attorneys, not anyone at Masimo or Cercacor," would have the information.  *Id*.  Apple continues that the trade secrets "were defined by Plaintiffs' attorneys only after this litigation was filed."  *Id*. at 3.  Apple concludes that these facts, which "necessarily encompass Plaintiffs' attorneys' involvement in crafting" the trade secrets, "directly bear on the credibility" of Plaintiffs' witnesses and experts who testified about Plaintiffs' possession of the trade secrets.  *Id*. at 4.

No evidence supports any argument that Masimo's attorneys were involved in developing or creating the trade secrets.  As explained above, preparing the Section 2019.210 disclosure during litigation is not the creation or development of the trade secrets.  Such creation or development occurred many years earlier and is proved by the documents and testimony reflecting that early activity.  Thus, the subsequent process of preparing the Section 2019.210 disclosure has no bearing on the credibility of Masimo's witnesses and experts.

That Masimo's witnesses could not provide legal contentions or were unfamiliar with the Section 2019.210 disclosure in no way reflects their lack of credibility.  Apple relies on Kiani's and Diab's deposition testimony to argue they

could not identify or describe the trade secrets without referring to litigation materials. Opp. at 2. But that is not true. The testimony Apple cites merely shows that Kiani and Diab had not memorized Masimo's legal contentions.

Apple relies on Kiani's answer to Apple's deposition question: "[h]ow many such trade secrets do plaintiffs believe they have?" Dkt. 1096-10 at 63:10-13. Kiani reasonably understood the question as involving the number of separate trade secrets in this case, and responded that, "I have to look at the interrogatories." *Id.* That Kiani had not memorized the number of trade secrets in this case does not reflect on Kiani's credibility.

Apple ignores the Kiani testimony that does pertain to the Section 2019.210 disclosure. When Apple eventually introduced the Section 2019.210 disclosure at Kiani's deposition, Masimo's counsel explained that Kiani had never seen the document in unredacted form.[1]  *Id.* at 232-234. And even without the Section 2019.210 disclosure in front of him, Kiani described some of Masimo's trade secrets. *See, e.g.*, *id*. at 50:25-51:8; 57:13-58:12; 65:13-67:22; 136:3-25. Kiani's testimony shows that he could describe Masimo's trade secrets when asked.

Apple also relies on Diab's testimony regarding where an employee could look "to understand the specific pieces of information that Masimo or Cercacor believe to be their trade secrets, …?" Dkt. 1096-14 at 96:6-13. Diab responded he would go ask the lawyers. *Id.* Diab's answer shows he understood that the legal contentions regarding the trade secrets at issue were set forth in discovery. That in no way suggests Diab lacked an understanding of the technical details at issue. Diab testified he was prepared to discuss the technical details and substance of Masimo's trade secrets. *Id.* at 9:22-10:16. Diab also testified that, while he could

---

[1] Once Apple provided confidential discovery in the case, Masimo did not share the unredacted Section 2019.210 disclosure with Masimo employees. Masimo did not share that document to remove any possible accusation that it violated the protective order.

not speak to the legal definitions of trade secrets in the Section 2019.210 disclosure, he could, "explain the concept." *Id.* at 22:9-12. Yet, Apple chose not to explore Diab's knowledge of the facts or technical details. In response to Apple's broader question to identify all of Masimo's trade secrets, Diab distinguished between the **factual** information he could provide and the **legal opinions** he could not. *Id.* at 23:5-12, 24:11-15. Diab further testified that "I'm here as a fact witness; so I'd be more than happy to testify about that, but the stuff that has to do with the lawyers, I'm staying out of it." *Id.* at 10:24-11:2.

      Apple also omits that it lost a motion to compel deposition testimony about Masimo's legal contentions. Dkt. 894. The Special Master explained that such questions are inappropriate in a fact deposition. The Special Master cited this Court's instruction in another case "to refrain from asking 'improper-contention questions'" during depositions. *Id.* at 5 (citing *TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*, 2015 WL 13882659, at *6 (C.D. Cal. Nov. 6, 2015)). The Special Master quoted this Court at length, and admonished the parties as follows:

> Contention questions are more appropriately raised via interrogatory, and it is unfair to make a single Rule 30(b)(6) witness, the representative of the party, attempt a response to questions about the position of the party that usually require entire teams of lawyers and experts to adequately answer.

*Id.* (quoting *TCL*, 2015 WL 13882659, at *6); *see also Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. July 29, 2015) (when deposition topics "involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device."); *Zeleny v. Newsom*, 2020 WL 3057467, at *2 (N.D. Cal. June 9, 2020) (depositions are improper discovery tools for seeking legal contentions). Despite the Special Master's admonition, Apple spent hours asking Diab and other employees about Masimo's legal contentions. Masimo's counsel's

involvement in the Section 2019.210 disclosure does not cast doubt on Kiani's and Diab's credibility on the facts.

### 3. Apple Cites Inapposite Cases

Apple cites no case that allowed a jury to hear evidence regarding creation of the Section 2019.210 trade secret disclosure. Instead, Apple cites two irrelevant cases merely for the proposition that the jury has historically been entitled to assess "all evidence" which might bear on the accuracy and truth of a witness' testimony. Opp. at 4. Opp. at 4 (citing *U.S. v. Abel*, 469 U.S. 45, 52 (1984); *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)). But that assumes the attorneys' preparation of the Section 2019.210 disclosure somehow bears on the accuracy and truth of Kiani's and Diab's testimony. As explained above, it does not.

Moreover, in Apple's two cases, the courts admitted evidence that gangs had policies of lying or codes of silence to prevent testifying against fellow gang members. *Abel*, 469 U.S. at 47-48; *Hankey*, 203 F.3d at 1169. In both cases, the evidence was admitted for bias and credibility. *Abel*, 469 U.S. at 49; *Hankey*, 203 F.3d at 1172. But no evidence concerning the prosecutors (or defense counsel) was admitted. Thus, these cases are irrelevant here.

### 4. Apple Ignores the Unfair Prejudice to Masimo

Apple argues that Masimo's prejudice comes solely from how the preparation of the Section 2019.210 disclosure shows the weaknesses in Plaintiffs' claims. Opp. at 1. If that were true, that would not be ***unfair*** prejudice. But Apple ignores why introducing attorney involvement would be unfairly prejudicial. Introducing such evidence would interject Masimo's counsel into the case. Any response would require explaining to the jury the procedure and requirements for a Section 2019.210 disclosure. Masimo might need to waive the attorney-client privilege and work-product immunity to allow its attorneys to explain how the Section 2019.210 disclosure was prepared. Under the circumstances, the Court should prevent Apple from litigating the litigation procedure of the case.

**B. The Court Should Exclude Evidence and Arguments of Similarities Between Discovery Responses and an Expert Report**

**1. Evidence of Alleged Similarities is Irrelevant and Unfairly Prejudicial**

Apple fails to show why alleged similarities between Masimo's discovery responses and Palmatier's expert report have any relevance. Apple ignores that its expert admitted he had no basis to argue Palmatier copied from Masimo to create such alleged similarities. The only way Masimo can emphatically refute Apple's unsupported argument is to have Masimo's lawyers testify about the timing and preparation of interrogatory responses and expert reports. Thus, once again, Apple seeks to improperly interject Masimo's lawyers into this case.

Masimo explained that there is nothing surprising or unusual about similarities between a timely supplemental interrogatory response and an expert report served one week later. Mot. at 4-6. Apple did not challenge Masimo's explanation. Thus, Apple did not show that evidence of any purported similarities would cast doubt on Palmatier's independence or credibility.

Allowing evidence or argument regarding purported similarities would be confusing and unfairly prejudicial. The jury would need to understand the litigation details, including the process to prepare contention interrogatory responses, the expert's process for preparing their expert report, and how the interrogatory responses and reports were prepared concurrently. *Id*. at 4-5.

Apple argues that Masimo attempted to shift the blame to Apple for the overlap between contention interrogatory responses and Palmatier's report. Opp. at 7. Masimo merely explained the sequence of events. That Masimo agreed to revise the timeline to address Apple's late disclosure is irrelevant to Apple's accusation that Palmatier copied and pasted from Masimo's discovery responses. Apple ignores that Palmatier was preparing his October 6 report at the same time Masimo was preparing its September 29 supplemental interrogatory responses.

It would be unfairly prejudicial to require Masimo to fully rebut Apple's baseless accusations. Such rebuttal would require an attorney for Masimo to testify to the exact sequence of events surrounding the Palmatier report. Such testimony is completely irrelevant to the merits of the case.[2]

### 2. Apple's Cases Do Not Support Apple

Apple cites *Marbled Murrelet v. Pacific Lumber Co.*, 880 F. Supp. 1343, 1364 (N.D. Cal. 1995). In that bench trial, the court discounted defendant's experts because they were well-paid consultants and advocates for the defendant outside the litigation. *Id*. at 1363-64. The court also found extensive evidence that one expert deferred to his client in crafting the expert report, and that the client dictated what the expert should say in a sworn declaration. *Id*. at 1364. No such evidence exists here.

Apple cites several other cases where the court allowed cross-examinations where the expert had minimal involvement in preparing their expert reports. Opp. at 5 (citing *Dunbar v. City of Riverside*, 2017 WL 11636155, at *6 (C.D. Cal. June 6, 2017), *Howard v. City of Durham*, 2021 WL 5086379, at *11 (M.D.N.C. Nov. 2, 2021), and *Trigon Ins. Co. v. U.S.*, 204 F.R.D. 277, 296 (E.D. Va. 2001)). First, nothing suggests Palmatier had minimal involvement. Second, Apple is free to cross examine him regarding his involvement. But Apple should not be permitted to use any purported similarity between his report and Masimo's interrogatory response to argue that Palmatier copied the response.

Finally, Apple argues Masimo's motion is an untimely *Daubert*. Opp. at 5 Not so. Regardless of whether Kivetz's opinions could pass muster under Rule

---

[2] Requiring such testimony from Masimo's counsel would be contrary to Rule 26, which protects from discovery drafts of any expert report, as well as any communications between an expert and litigation counsel, "regardless of the form of the communications," except for three subjects not at issue here. Fed. R. Civ. P. 26(b)(4)(B) & (C).

702, Apple's and its expert's attempt to argue about how Masimo's lawyers handled the discovery process is irrelevant and unfairly prejudicial. Excluding the expert opinion under Rule 702 would not have insulated Masimo's lawyers from having to rebut Apple's argument about Palmatier with work-product information.

### C. The Parties Agree Not to Offer Evidence or Argument About Their Narrowing of the Case

In a footnote, Apple confirmed that "the parties agreed not to offer evidence or argument on their respective case narrowing." Opp. at 2, n.1. But Apple then appears to qualify that agreement. Apple argues Masimo asserts trade secrets that "incorporate other alleged secrets that Plaintiffs have abandoned." *Id.* Apple argues that, if Masimo asserts those trade secrets at trial, it "reserve[s] the right to introduce evidence or argument regarding Plaintiffs' abandonment of the incorporated trade secrets." *Id.*

If there is any dispute about which trade secrets are being asserted, the Court should resolve that dispute before trial. The parties should not be allowed to ask the jury to draw inferences from the other side's narrowing of its case. Narrowing issues for trial is not relevant to liability or damages, and is likely to confuse the jury into speculating about why a party narrowed its case. Moreover, allowing arguments about case narrowing would discourage parties from narrowing their case. Apple's tactic is another example of Apple improperly trying to litigate the litigation and inject Masimo's attorneys into the dispute.

### III. CONCLUSION

Masimo respectfully requests that this Court exclude evidence or argument about attorney involvement in this case.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 27, 2023

By: /s/ Mark D. Kachner
   Joseph R. Re
   Stephen C. Jensen
   Benjamin A. Katzenellenbogen
   Perry D. Oldham
   Stephen W. Larson
   Mark D. Kachner
   Adam B. Powell
   Daniel P. Hughes

   Attorneys for Plaintiffs,
   Masimo Corporation and
   Cercacor Laboratories, Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 3,379 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: February 27, 2023        By: /s/ Mark D. Kachner
　　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　　　　Daniel P. Hughes

　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

57165922