MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 4 TO EXCLUDE UNLAWFUL CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS**<br><br>Date: Mar. 13, 2023<br>Time: 1:30pm<br><br>Pre-Trial Conference: Mar. 13, 2023<br>Trial: Mar. 28, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Plaintiffs are wrong to suggest that this Court in *True Wearables* previously analyzed and upheld the validity of the confidentiality provisions in the Agreements that purport to bar employees from ever using "any information in any form that Masimo considers confidential." Because the defendant in *True Wearables* never presented the issue, this Court had no occasion to consider whether that language (or the similarly broad language that appears in some later versions of the Agreements) was valid despite Section 16600's prohibition on improper restraints on trade.

Had the issue been raised, the California Court of Appeal's recent decision in *Brown v. TGS Management Co.*, 57 Cal. App. 5th 303, 316-317 (2020), would have required this Court to hold the confidentiality provisions invalid. In fact, *Brown* invalidated a *narrower* confidentiality provision than the one at issue here, which at least excepted certain information that was generally known in the relevant industry and/or known to the employee prior to his employment. *Id.* at 317. The Agreements here contain no such exception. Instead, they encompass any information that Masimo subjectively concludes at any time and for any reason should be considered confidential. The *Brown* court also rejected several of the arguments Plaintiffs press in their opposition brief, including by (1) holding that the confidentiality provisions at issue were invalid as a matter of law and (2) indicating that Section 16600 includes no blanket exception for contractual provisions designed to protect trade secrets. *Id.* at 318-319.

Finally, Plaintiffs' assertion that invalid contractual provisions should still be admissible lacks any basis in the law or in common sense. Plaintiffs do not identify a single case from any jurisdiction that has allowed a party to present invalid contractual provisions to the jury to support a trade secret claim or any other kind of claim. Such a tact would also be contrary to public policy, as permitting Plaintiffs' approach would only encourage employers to continue to write their agreements in broad, anti-

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS
1                         CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

competitive terms.  *Cf. D'sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 935 (2000) (explaining why contractual provisions that violate Section 16600 should not be narrowly construed to avoid invalidation).  And regardless, even if *arguendo* the invalid confidentiality provisions at issue here had some modicum of relevance, Plaintiffs do not contest that their admission would be unfairly prejudicial to Apple.  *See* Opp. 10 (arguing only that there is no prejudice because the provisions are valid).

## ARGUMENT

### I.   THE *TRUE WEARABLES* DECISION DID NOT ADDRESS THE VALIDITY OF THE CONFIDENTIALITY PROVISIONS AT ISSUE HERE

As Apple has explained, this Court did not analyze whether the "any information in any form that Masimo considers confidential" language was invalid under Section 16600 in *True Wearables* because it was not asked to do so.  Mot. 6-7.  The defendants in that case merely ███████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████.  Mot. 6.[1]

In response, Plaintiffs claim that this Court decided the issue in their favor, but fail to identify any place in the record where True Wearables specifically challenged the definition of "confidential information" under Section 16600.  *See* Opp. 1-3.  Plaintiffs point only to the same filing that Apple already cited to this Court, which (as Apple summarized) did not mention any specific provision.  *See* Ex. 10 at 169-171, *cited in* Mot. 6.  While True Wearables noted in passing that the purported "trade secret exception" to Section 16600 does not apply to a "restriction [that] protects confidential information that does not rise to the level of [a] trade secret," Ex. 10 at

---

[1] This Court also had no occasion to address the slightly different definition of "confidential information" in one iteration of O'Reilly's agreement, Mot. 4 n.2, since O'Reilly's conduct was not at issue in that litigation.  Notably, Plaintiffs do not dispute that if the "any information in any form" language is invalid under Section 16600, the O'Reilly-specific language is as well.

170-171, Plaintiffs mislead by suggesting (Opp. 3-4) that True Wearables "specifically challenged" the language at issue in this motion.  Rather, True Wearables challenged the "█████████████████████████" as a whole.  Ex. 10 at 170-171 ████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████).

Because True Wearables did not challenge the specific confidentiality provisions at issue here, this Court understandably did not resolve whether those provisions were valid.  While Plaintiffs highlight this Court's statement that certain provisions of the Agreements did not "restrain Dr. Lamego from engaging in a lawful profession, trade or business," *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *4-5 (C.D. Cal. Nov. 7, 2022), that holding appears to reference True Wearable's separate, fact-based argument that—███████████████████████
████████████████████████████████████████, see Mot. 6.  Plaintiffs' remaining citations to this Court's *True Wearables* opinions are red herrings, as they involve earlier rulings in the case where Section 16600 was not at issue, *see* Opp. 2, 4 (citing preliminary injunction ruling); Opp. 2 (citing summary judgment ruling), or simply quote the language of the Agreement without addressing whether Section 16600 applied, Opp. 3.[2]

Finally, even if this Court's ruling in *True Wearables* had addressed the validity of the confidentiality provisions now at issue, Plaintiffs concede that such a ruling is not legally binding here.  Opp. 4.  For the reasons explained in Apple's opening brief

---

[2] Plaintiffs emphasize (Opp. 1-3) that the confidentiality provisions *were* enforced in the True Wearables case (and apparently in a six-year-old bankruptcy case, Ex. D). But whether courts not presented with the arguments Apple raises here enforced the confidentiality provisions says nothing about whether those provisions are invalid under Section 16600.

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS
3          CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

and below, this Court could and should reconsider its prior ruling and conclude that the Agreements' confidentiality provisions are invalid under Section 16600.

## II.   THE CONFIDENTIALITY PROVISIONS ARE INVALID AND UNENFORCEABLE

As explained, Section 16600 invalidates contractual provisions that "'significantly or materially impede[] a person's lawful profession, trade, or business." Mot. 3.  In the past few years, California courts have repeatedly held that overly broad prohibitions on the use of "confidential" information are invalid under Section 16600. Mot. 3-4 (collecting cases).  For example, in *Brown*, the Court of Appeal invalidated what it considered to be a "extremely broad confidentiality provision[]," 57 Cal. App. 5th at 316-317, even though that provision is narrower than the provisions at issue here, Mot. 3, 5; *see also AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 939-940 (2018) (prohibition on using "confidential information" to recruit plaintiffs' employees was invalid under Section 16600).

While conceding that Apple's motion "relies heavily on *Brown*," Plaintiffs' only argument for why that case (and *AMN*) do not govern is that the confidentiality provisions at issue here should be read narrowly to limit Plaintiffs' ability to arbitrarily define what constitutes "confidential information" in light of the background principle of good faith and fair dealing.  Opp. 7-8 (citing *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 923 (1985)).  Subsequent California decisions, however, have clarified that the *Perdue* rule does not apply to *every* contractual provision where "one of the parties [is] expressly given a discretionary power," but only in the "*relatively rare* instances when reading the provision literally would … result in an unenforceable, illusory agreement."  *Third Story Music Inc. v. Waits*, 41 Cal. App. 4th 798, 804-805, 808 (1995) (emphasis added).  "In all other situations where the contract is unambiguous, the express language is to govern and no obligation can be implied which would result in the obliteration of a right expressly given under a written contract." *Id.* at 808

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS

4     CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

(alterations omitted); *see also Oracle Corp. v. Falotti*, 319 F.3d 1106, 1112 (9th Cir. 2003) (citing *Third Story Music* as the governing rule); *Sweet v. Google Inc.*, 2018 WL 1184777, at *6 (N.D. Cal. Mar. 7, 2018) ("While the implied covenant of good faith and fair dealing may be applied where contract terms are silent, … its application to contradict an express term of a contract is narrowly circumscribed.").

      This case does not present the "relatively rare" circumstance where the *Perdue* rule comes into play, as there is an enforceable contract even if Plaintiffs retain full discretion to determine the scope of what constitutes "confidential information." Specifically, under the terms of the Agreements, the signing employee receives "█████████████████████" Plaintiffs in exchange for agreeing to the terms of the Agreement, which extend well beyond the confidentiality provisions being challenged. *See, e.g.*, Ex. 4 at 3 (█████████████████████████████████████████████████████████); *id.* at 4 (█████████████████████████████████████████████████████████).[3] In other words, because Plaintiffs have provided consideration that is distinct from the challenged confidentiality provisions (i.e., ████████████████), it is "unnecessary" for this Court to read in the implied covenant of good faith and fair dealing. *See GemCap Lending I, LLC v. Crop USA Ins. Agency*, 2021 WL 4527744, at *5 (C.D. Cal. Apr. 27, 2021) (citing *Third Story Music*, 41 Cal. App. 4th at 808).

      Unable to explain away *Brown* and *AMN*, Plaintiffs seek to distract by pointing to other decisions that have purportedly upheld the validity of "broad protections for confidential information." Opp. 4-6 (capitalization omitted). Not only do all of

---

[3] Apple does not dispute the validity or admissibility of the ████████████████. Accordingly, Plaintiffs' suggestion (Opp. 2 n.1) that the Agreements are "relevant to Masimo's inventorship and ownership claims because they contain provisions that assign intellectual property rights to Masimo" is a red herring.

Plaintiffs' cases pre-date *Brown,* but each one relies on the purported "trade secret exception" to Section 16600. *See Fowler v. Varian Associates,* 196 Cal. App. 3d 34, 44 (1987) ("[A]greements designed to protect an employer's proprietary information do not violation section 16600."); *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1270 (2008) ("[S]ection 16600 permits enforcement of agreement to the extent necessary to protect trade secrets[.]"); *Fields v. QSP, Inc.*, 2012 WL 2049528, at *9 (C.D. Cal. June 4, 2012) ("Section 16600 does not invalidate an agreement between an employer and employee that seeks to maintain the confidentiality of an employer's trade secret or other proprietary information."); *see also Zuckerman v. Green Earth Techs., Inc.*, 2011 WL 13213658, at *3 (C.D. Cal. Jan. 10, 2011) (citing *Folwer*); *Gatan, Inc. v. Nion Co.*, 2017 WL 1196819, at *7-8 (N.D. Cal. Mar. 31, 2017) (same); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*, 2001 WL 283083, at *5 (C.D. Cal. Feb. 2, 2001) (same).

As Apple previously explained, to the extent the exception still exists, it applies only when the provision at issue is "'narrowly tailored' to the protection of trade secrets,'" a standard not met where (as here) "an employment agreement bars the use of generalized categories of information." *Western Air Charter, Inc. v. Schembari*, 2017 WL 7240775, at *4 (C.D. Cal. Dec. 14, 2017), *cited in* Mot. 7. While Plaintiffs try to distinguish *Western Air* on the grounds that it involves different contractual language, nothing in that decision suggests that the *legal* principles it discusses are limited to the particular *factual* context of the contract at issue.[4]

Regardless, as Apple previously explained, the better reading of recent California decisions is that Section 16600 includes no "trade secret exception," Mot. 7

---

[4] Plaintiffs are wrong (Opp. 5) that *Magic Leap, Inc. v. Chi Xu*, 2020 WL 3268659, at *3-4 (N.D. Cal. June 17, 2020), distinguished the aspect of *Western Air* that discussed the legal scope of the purported trade secret exception. The *Magic Leap* court merely held that the contractual language in *Western Air* was sufficiently different to render the decision distinguishable on its facts. *Id.*

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS
6               CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

(collecting cases); *see also, e.g.*, *Brown*, 57 Cal. App. 5th at 319, and thus the decisions on which Plaintiffs rely are rooted in an error of law.  Plaintiffs have no answer and thus concede the point.

      Plaintiffs also argue that whether the challenged confidentiality provisions are invalid under Section 16600 is a question of fact that is unsuitable for resolution at the motion *in limine* stage.  Opp. 6-7.  But once again, Plaintiffs' position is irreconcilable with *Brown*, which held that the validity of comparable confidentiality provisions was "a legal issue" and one that could be resolved without wading into the "factual details" of whether the provision had actually prevented the employee from pursuing his livelihood.  57 Cal. App. 5th at 318-319 ("[T[hese overly restrictive provisions operate as a de facto noncompete provision … [and] are void *ab initio*.").  Under *Erie*, this decision from an intermediate California appellate court is controlling over the two (earlier-in-time) federal district court decisions upon which Plaintiffs rely.  *See Fremont Reorganizing Corp. v. Federal Ins. Co.*, 2010 WL 444718, at *3 (C.D. Cal. Feb. 1, 2010) (Selna, J.) ("In the absence of a ruling by the high state court, the federal court should follow the decision of an intermediate state appellate court 'unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.")

      Finally, Plaintiffs contend that, even if the Agreements' definition of "confidential information" is invalid under Section 16600, two sets of the Agreements' confidentiality provisions are still enforceable—i.e., those that govern only current employees (as opposed to former employees) and those that do not refer to "Confidential Information" using capitalized letters.  Opp. 9.  But as to the former, *Brown* drew no distinction between overly broad confidentiality provisions that required the employee to "'keep all Confidential Information in strictest confidence

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS
7                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

and trust' *during and after* employment." 57 Cal. App. 5th at 316 (emphasis added). Both types of provisions were invalid under Section 16600. *Id.* at 316-319.

As to the latter, it is well-established in California that "the same word used in [a contract] is generally given the same meaning unless [the contract] indicates otherwise." *E.M.M.I Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 475 (2004); *see also Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1116 (1999) (word "title" given the same meaning across contract); *Victoria v. Superior Ct.*, 40 Cal. 3d 734, 741 (1985) ("It is reasonable to assume that the term "services" in the arbitration clause refers to Medical and Hospital Services as defined and used elsewhere in the Agreement."). Plaintiffs offer no reason to deviate from this basic principle.

### III. UNENFORCEABLE CONFIDENTIALITY PROVISIONS ARE IRRELEVANT UNDER 402 OR AT LEAST UNFAIRLY PREJUDICIAL UNDER FRE 403

As explained, because the Agreements' confidentiality provisions are unenforceable under Section 16600, they are irrelevant to Plaintiffs' affirmative case or would at least cause unfair prejudice to Apple if admitted. Mot. 8. Plaintiffs do not dispute that—if Apple is right that the Agreements are invalid—their admission would be unfairly prejudicial under FRE 403. Opp. 10 (arguing only that Apple "fails to show that any of the confidentiality provisions are unenforceable or unlawful" (emphasis omitted)).

Plaintiffs do (wrongly) argue that the confidentiality provision are relevant to the reasonable efforts element of their trade secret claim even if they are invalid and unenforceable, (Opp. 10), but Plaintiffs fail to identify any case that supports this counterintuitive position. The CUTSA, after all, requires the trade secret owner to take "efforts that are *reasonable* under the circumstances to maintain" the secrecy of their information, *e.g.*, *Mattel, Inc. v. MGA Ent'mt, Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011), and it is not reasonable for a trade secret owner to rely on a confidentiality

provision that is invalid as a matter of law (and thus useless as an enforcement tool) in order to protect its intellectual property.  This is particularly so given that California courts have warned that they will not construe broad restraints on trade narrowly to avoid invalidation under Section 16600.  Mot. 7-8 (collecting cases).  And to be clear, Plaintiffs are wrong to suggest (Opp. 2) that Apple is seeking summary judgment on the reasonable efforts element.  As this Court has explained, the reasonable efforts inquiry is "fact-sensitive" and can only be resolved as a matter of law in extreme cases. Dkt. 1319 at 7-8.  Plaintiffs will be free to present *other* evidence of reasonable efforts at trial.

Finally, Plaintiffs contend that the admission of the confidentiality provisions would not cause "undue delay and juror confusion" because they are relevant even if not legally binding.  Opp. 10-11.  This is a non-sequitur.  Even if the provisions were marginally relevant, Apple would still be tasked with explaining to the jury the limited purposes for which they could be considered and—in particular—making clear that the invalid confidentiality provisions could not establish that Apple had obtained the purported trade secrets through "improper means."  Any delay caused by that process would be undue because any additional time Apple spends on contextualizing the invalid confidentiality provisions would only further draw the jury's attention to them.

## CONCLUSION

Apple respectfully requests that this Court preclude Plaintiffs from offering any evidence, testimony, or argument concerning the confidentiality provisions of the Employee Confidentiality Agreements.  *See, e.g.*, Exs. 4-9.

APPLE'S REPLY IN SUPPORT OF MOTION IN LIMINE #4: CONFIDENTIALITY PROVISIONS OF EMPLOYEE AGREEMENTS

9              CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Dated: February 27, 2023

Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
   Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 2,870 words, which:

<u> X </u> complies with the word limit of L.R. 11-6.1.

<u>  </u> complies with the word limit set by court order dated [date].

Dated: <u> February 27, 2023 </u>    Respectfully submitted,

    MARK D. SELWYN
    JOSEPH J. MUELLER
    AMY K. WIGMORE
    JOSHUA H. LERNER
    SARAH R. FRAZIER
    NORA Q.E. PASSAMANECK
    THOMAS G. SPRANKLING
    WILMER CUTLER PICKERING HALE AND DORR LLP

    BRIAN A. ROSENTHAL
    GIBSON, DUNN & CRUTCHER LLP

    KENNETH G. PARKER
    HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*