MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**APPLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES**

Date: Mar. 13, 2023
Time: 1:30pm

Trial: Mar. 28, 2023

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

## TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. Plaintiffs' Procedural Challenges Are Meritless .......... 1

II. Irrelevant And/Or Inflammatory Statements Attributed To Current And Former Apple Employees Should Be Excluded .......... 3

A. Plaintiffs Do Not Object To Excluding The Two Specific Statements By Dr. Michael O'Reilly Identified In Apple's Opening Brief .......... 3

B. This Court Should Exclude References To Media Speculation Or Political Positions Ascribed To Apple Or Its Leadership .......... 3

C. This Court Should Exclude Any Anecdotes About Apple's Corporate Culture Or History That Are Not Tied To The Facts Of This Case .......... 4

D. This Could Should Exclude Irrelevant And/Or Inflammatory Statements By Current Or Former Apple Employees .......... 8

1. Statements About "Efficient Infringement" .......... 8

2. Irrelevant And Prejudicial Statements Attributed To Steve Jobs .......... 9

CONCLUSION .......... 13

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES

i

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Electronics Co.*, 2016 WL 824711 (N.D. Cal. Mar. 2, 2016) .......... 2

*Baxter Diagnostics, Inc. v. Novatek Medical, Inc.*, 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998) .......... 2

*Berry v. Gates*, 956 F.2d 274 (9th Cir. 1992) .......... 4

*Bioriginal Food & Science Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 10733384 (C.D. Cal. Aug. 24, 2015) .......... 9

*Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303 (N.D. Ga. Dec. 14, 2016) .......... 6

*Copart, Inc. v. Sparta Consulting, Inc.*, 2018 WL 1871414 (E.D. Cal. Apr. 19, 2018) .......... 9

*United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc) .......... 6

*Haeger v. Goodyear Tire & Rubber Co.*, 2009 WL 10635666 (D. Ariz. Sept. 10, 2009) .......... 2

*Integra Lifesciences I, Ltd. v. Merck KgaA*, 2000 WL 35717873 (S.D. Cal. Jan. 27, 2000) .......... 5, 11

*Lego v. Stratos International, Inc.*, 2004 WL 5518162 (N.D. Cal. Nov. 4, 2004) .......... 2

*McCoy v. Kazi*, 2010 WL 11465179 (C.D. Cal. Aug. 27, 2010) .......... 2, 4

*Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093 (C.D. Cal. 2012) .......... 7

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES

ii CASE NO. 8:20-cv-00048-JVS (JDEX)

Wilmer Cutler Pickering Hale and Dorr LLP

*Pinn, Inc. v. Apple Inc.*,
2021 WL 4777134 (C.D. Cal. July 14, 2021) ............................................4, 10

*Ramirez v. Bockholt*,
2020 WL 7383297 (D. Utah Dec. 16, 2020) ..................................................11

*Ruiz v. Walmart Inc.*,
2021 WL 5759043 (C.D. Cal. Oct. 28, 2021) ................................................12

*Siring v. Oregon State Board of Higher Education ex rel. Eastern Oregon University*,
927 F. Supp. 2d 1069 (D. Or. 2013) ...........................................................11

*Skelton v. Examiner Corp.*,
2019 WL 13217114 (E.D. Tex. Oct. 29, 2019) ................................................7

*Stars & Bars, LLC v. Travelers Casualty Insurance Co. of America*,
2020 WL 4342250 (C.D. Cal. May 28, 2020) ..............................................1, 4

*The Ohio House LLC v. City of Costa Mesa*,
2022 WL 2189541 (C.D. Cal. Mar. 28, 2022) ..................................................1

*Tibbs v. Welded Construction, L.P.*,
2021 WL 5240881 (N.D. W. Va. Aug. 20, 2021) ..........................................11

*Trovata, Inc v. Forever 21, Inc.*,
2009 WL 10671582 (C.D. Cal. Mar. 4, 2009) .........................................2, 3, 4

*United States v. Verduzco*,
373 F.3d 1022 (9th Cir. 2004) .......................................................................5

*VIA Technologies, Inc. v. ASUS Computer International*,
2017 WL 3051048 (N.D. Cal. July 19, 2017) ..................................................6

*William Hablinski Architecture v. Amir Construction Inc.*,
2005 WL 4658149, at *3 (C.D. Cal. Feb. 27, 2005) ........................................6

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
iii
CASE NO. 8:20-cv-00048-JVS (JDEX)

Wilmer Cutler Pickering Hale and Dorr LLP

## INTRODUCTION

Plaintiffs' opposition confirms that they intend to introduce a wide range of irrelevant and inflammatory statements, including pirate imagery, a nearly-three decade old quote from Steve Jobs that paraphrases Pablo Picasso, and references to so-called "efficient infringement." Because Plaintiffs fail to connect these statements to any relevant issue and, in any event, fail to offer any coherent argument for how any purported probative value of such statements outweighs the unfair prejudice their introduction will create, Apple's motion *in limine* should be granted.

## ARGUMENT

### I. PLAINTIFFS' PROCEDURAL CHALLENGES ARE MERITLESS

Plaintiffs wrongly assert that Apple violated this Court's limit of four motions *in limine* per side. Opp. 3. To the contrary, Apple's motion makes a single set of legal arguments under FRE 402 and 403 related to a single topic—*i.e.*, irrelevant and inflammatory statements attributed to Apple's current and former employees. That Apple inserted subheadings for readability purposes does not transmute a single motion into several.[1]

Plaintiffs also wrongly argue that this motion should be denied as unduly vague simply because Apple used the word "including" when describing some sub-categories of irrelevant statements attributed to Apple's employees (or former employees). Opp. 3-5. Not one of Plaintiffs' cited cases stand for the proposition that a motion *in limine* should be denied outright simply because it uses the word "including" when describing a category of evidence or argument to exclude. For example, several of Plaintiffs' cases involved motions that referenced nebulous categories. *Stars & Bars, LLC v. Travelers*

---

[1] Should the Court find that Apple's motions address multiple issues, it respectfully requests that the Court nonetheless decide Apple's motions in limine, consistent with its past practice. *See, e.g.*, *The Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *1 n. 1 (C.D. Cal. Mar. 28, 2022) (deciding plaintiff's six motions in limine).

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
1 CASE NO. 8:20-cv-00048-JVS (JDEx)
Wilmer Cutler Pickering Hale and Dorr LLP

*Casualty Ins. Co. of Am.*, 2020 WL 4342250, at *4 (C.D. Cal. May 28, 2020) (seeking to preclude "evidence that [defendant's agent] was negligent or that [defendant] [was] vicariously liable for [its agent's] negligence"); *see also, e.g.*, *McCoy v. Kazi*, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) (seeking to exclude "'problems with and/or complaints' about witnesses" where the movant "provide[d] no detail on what specific complaints … or their subject matters"); *Haeger v. Goodyear Tire & Rubber Co.*, 2009 WL 10635666, at *1 (D. Ariz. Sept. 10, 2009) (denying as "vague" a motion to exclude "inflammatory commentary by the parties, their counsel, or witnesses); *Trovata, Inc v. Forever 21, Inc.*, 2009 WL 10671582, at *4 (C.D. Cal. Mar. 4, 2009) (seeking to exclude "evidence of third party actions" without describing the content sought to be excluded); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) (denying, *inter alia*, a motion to preclude all evidence on a particular claim). Here, in contrast, Apple has either provided specific examples to illustrate the metes and bounds of the sub-categories of evidence it wishes to exclude (e.g., specific statements by Steve Jobs) or provided crisp, well-defined categories that are clear on their face (e.g., media speculation or political positions ascribed to Apple or its leadership).

The remaining decisions denied motions *in limine* because they conflicted with the court's prior rulings or basic trial protocol. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2016 WL 824711, at *1 (N.D. Cal. Mar. 2, 2016) (denying, on retrial, motion to exclude evidence post-dating the first trial, because the motion did not identify "additional specific evidence" not precluded by a prior order limiting presentations to materials timely disclosed before the first trial); *Lego v. Stratos Int'l, Inc.*, 2004 WL 5518162, at *1 (N.D. Cal. Nov. 4, 2004) (denying motion to preclude use of evidence and adverse inference therefrom because movant failed to establish discovery violations).

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
2
CASE NO. 8:20-cv-00048-JVS (JDEx)
Wilmer Cutler Pickering Hale and Dorr LLP

While Apple believes that its motion is sufficiently clear, to the extent this Court has questions about the scope of any particular subcategory, this Court's decision in *Trovata* provides the appropriate solution. Specifically, this Court should decide the motion with respect to particular examples (and/or clearly defined categories) and require Plaintiffs "to make an offer of proof outside the presence of the jury before offering any evidence" that touches on a broad category as a whole. *Trovata*, 2009 WL 10671582, at *4.

## II. IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO CURRENT AND FORMER APPLE EMPLOYEES SHOULD BE EXCLUDED

### A. Plaintiffs Do Not Object To Excluding The Two Specific Statements By Dr. Michael O'Reilly Identified In Apple's Opening Brief

As Apple explained, Plaintiffs should be precluded from offering evidence, testimony, or argument concerning irrelevant and/or unduly prejudicial statements by Dr. Michael O'Reilly, in particular certain comments made by Dr. O'Reilly made during his employment at Apple that have no connection to this case. Mot. 6-7. Plaintiffs have now agreed not to try to introduce the two irrelevant/inflammatory statements by Dr. O'Reilly discussed in Apple's opening brief. Opp. 15-17.[2] Apple therefore requests the Court enter an order barring the use of those statements.

### B. This Court Should Exclude References To Media Speculation Or Political Positions Ascribed To Apple Or Its Leadership

As Apple explained, evidence, testimony, or argument about political positions attributed to Apple or its leadership, media reports unrelated to this litigation, and media speculation about Apple is barred under FRE 402 and 403. Mot. 7-8. Plaintiffs' only

[2] Plaintiffs are incorrect (Opp. 16) that Apple did not identify one of the two statements at the meet and confer. Even if that were the case, moreover, Apple sent Plaintiffs several lengthy emails detailing its position on each motion in limine shortly after the meet and confer, which included both statements. Ex. 10.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES

3

CASE NO. 8:20-cv-00048-JVS (JDEX)

Wilmer Cutler Pickering Hale and Dorr LLP

answer is that this category is too "vague" for purposes of a motion *in limine*. Opp. 17. But as Apple pointed out in its opening brief, multiple courts have excluded this basic category of statements in cases involving Apple. *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-66 (E.D. Tex. July 29, 2020) ECF 437 at 248:20-23 (FRE 402); *Pinn, Inc. v. Apple Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021). Plaintiffs make no attempt to distinguish these cases or otherwise explain why their rulings should not apply here, which is not surprising given that media speculation or political positions ascribed to Apple or its leadership are plainly irrelevant to any fact of consequence in this matter and would have the potential to create unfair prejudice with the jury. A pre-trial ruling is thus necessary to avoid the jury being swayed by such inadmissible evidence.[3]

**C. This Court Should Exclude Any Anecdotes About Apple's Corporate Culture Or History That Are Not Tied To The Facts Of This Case**

As Apple explained, Plaintiffs should not be allowed to introduce certain anecdotes as evidence that Apple has a corporate culture disrespectful of intellectual property protections. Mot. 1-2. Plaintiffs' arguments in response fail.

Most notably, it is Plaintiffs—as the party seeking to offer evidence about Apple's use of pirate imagery and references—that have the "burden of showing the relevance and probative value of the proffered evidence in order to permit the weighing process required under [FRE 403]." *Berry v. Gates*, 956 F.2d 274, 274 (9th Cir. 1992). Plaintiffs do not even attempt to meet that burden. While Plaintiffs point to an undated, uncredited picture of a skull-and-crossbones flag (which Apple's 30(b)(6) witness did not even

[3] Plaintiffs' reliance on *Stars & Bars* is misplaced, as the moving party there sought to exclude a broad category that included at least some "plainly relevant" evidence. *Stars & Bars*, 2020 WL 4342250, at *4. Plaintiffs' other two cases involved exceedingly vague categories of evidence. *See Trovata*, 2009 WL 10671582, at *4 ("third-party actions"); *McCoy*, 2010 WL 11465179, at *12 ("problems with and/or complaints about witnesses").

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
4
CASE NO. 8:20-cv-00048-JVS (JDEx)
Wilmer Cutler Pickering Hale and Dorr LLP

recognize, *see* Opp. 8) and a more than two-decade-old quote from Steve Jobs ("it's better to be a pirate than to join the navy"), they have not identified any document or even a single line of testimony that supports their assertion that the pirate references mean that Apple "encourages (or at least tolerates) copying."  Opp. 7; *see U.S. v. Verduzco*, 373 F.3d 1022, 1033 (9th Cir. 2004) (affirming exclusion of evidence as irrelevant where the proponent "laid" "insufficient foundation … to support the testimony's relevance").[4]  Rather, as Apple's 30(b)(6) witness summarized, the pirate imagery is merely meant to "convey the idea that Apple's a bit different from the rest of the herd" and is more "nimble[] and agil[e]."  Ex. 5 at 82:13-83:7.  Indeed, the testimony cited in both Apple's motion and Plaintiffs' opposition all points to the same conclusion—that Apple does *not* permit or tolerate copying.  *See* Mot. 2 (quoting Apple's 30(b)(6) witness); *see also* Opp. 7 (quoting, *inter alia*, statements from Apple's CEO and 30(b)(6) witness).[5]

While Plaintiffs rely on four cases to support their position (Opp. 7, 9-10), none is on point.  In *Integra Lifesciences I, Ltd. v. Merck KgaA*, 2000 WL 35717873 (S.D. Cal. Jan. 27, 2000), for example, both sides had evidence (e.g., expert testimony) to support their competing positions regarding the defendant's "next best alternative to infringement," *id.* at *3.  Here, Plaintiffs have no evidence to support their assertion that the pirate references and imagery indicate Apple encourages copying.  Two of Plaintiffs' other cases are inapposite because they involved whether the *defendant* was permitted

---

[4] Plaintiffs do not even bother to lay a foundation for who took the picture and under what circumstances.  Mr. Katzenellenbogen's declaration states merely that it is a "true and correct copy of a photograph" that Plaintiffs used at a deposition of one of Apple's employees.  Dkt. 1346-1 at 1.

[5] Plaintiffs brush off Andy Hertzfeld's explanation of the pirate references on the "Folklore" webpage as "one person's subjective opinion" (Opp. 7-8, 13), but they omit that Mr. Hertzfeld was a member of the original Apple Macintosh development team and thus has special knowledge about the origins of the imagery.  In any event, as noted, Plaintiffs have not identified anything that contradicts Mr. Hertzfeld's account, which is entirely consistent with the testimony of Apple's witnesses in this matter.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3:  EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
5                                         CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

to present evidence of its corporate culture to *rebut* plaintiffs' accusations of copying. *See VIA Techs., Inc. v. ASUS Comput. Int'l*, 2017 WL 3051048, at *1 (N.D. Cal. July 19, 2017) (defendants sought to present "evidence of their own intellectual property"); *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1305, 1307 (N.D. Ga. Dec. 14, 2016) (defendants sought to present evidence regarding "their development of [a specific] patent, in combination with other evidence of their overall business focus on technology and patent development"). The last case (*William Hablinski Architecture v. Amir Constr. Inc.*) is even further afield. There, the question was whether defendants could present any evidence at all of Plaintiffs' corporate culture of copying—not whether defendants had established that a particular type of evidence was relevant to showing that corporate culture. 2005 WL 4658149, at *3 (C.D. Cal. Feb. 27, 2005).[6]

Plaintiffs also appear to argue that, regardless of whether the pirate references and imagery are irrelevant within the meaning of FRE 402, they are admissible under FRE 404(b) to show "intent, knowledge, absence of mistake, and lack of accident." Opp. 6. But FRE 404(b) does not create an exception to FRE 402 and 403's bar on irrelevant or unduly prejudicial evidence. It "*is not* a different pathway to the admission of evidence [from FRE 402]"; it is "simply a specific qualification of the general rule of admissibility of all relevant evidence." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc) (emphasis added); *id.* at 944 (even relevant evidence that falls under FRE 404(b) is still subject to FRE 403). Moreover, to the extent Plaintiffs intend to rely on Apple's use of pirate imagery and references to prove Apple copied in this particular case (*e.g.*, Opp. 6, 9), that approach is squarely barred by FRE 404(a)(1) and (b)(1) as inadmissible character evidence. *Compare id.* at 9 (arguing "[e]vidence that Apple 'steals intellectual

[6] To the extent that Plaintiffs object to the fact that Apple might present favorable evidence regarding its own corporate culture (Opp. 7, 12, 15), they should have filed their own motion *in limine* on that issue. They cannot now seek relief for the first time in their opposition brief.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
6
CASE NO. 8:20-cv-00048-JVS (JDEX)
Wilmer Cutler Pickering Hale and Dorr LLP

property from other companies' makes it more likely that Apple misappropriated Masimo's trade secrets and filed patents on Masimo's inventions.") *and* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."), (b)(1) ("Evidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Finally, even if Plaintiffs could establish that the pirate imagery and references have a modicum of relevance, it would be significantly outweighed by the danger of unfair prejudice and undue delay, rendering them inadmissible under FRE 403. Mot. 2. Plaintiffs offer no meaningful response to the undue delay that would be caused by the need for Apple to put on rebuttal evidence. Instead, their only argument is that the pirate imagery and references are not "unfairly" prejudicial. Opp. 9. Not true. Given that Plaintiffs have no actual evidence (e.g., testimony or internal documents) to show Apple had a culture of copying, the only conceivable way for them to use the pirate imagery or references would be through unproven allegations in the opening statement or via inflammatory questions posed to Apple's witnesses. Because it will be impossible to unring the bell once Plaintiffs have raised the issue in front of the jury, this Court should speak clearly now and bar such an approach. *See Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012) (one of the "examples of proper reasons for motions in limine" is "[t]o resolve highly sensitive issues before the 'bell is rung' in front of the jury in opening statements or questions to witnesses"); *see also Skelton v. Examiner Corp.*, 2019 WL 13217114, at *5 (E.D. Tex. Oct. 29, 2019) (granting motion i*n limine* due to plaintiff's failure to lay proper predicate to establish relevance and "the potential for substantial prejudice to [d]efendants if the 'bell is rung'").

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
7    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

**D. This Could Should Exclude Irrelevant And/Or Inflammatory Statements By Current Or Former Apple Employees**

***1. Statements About "Efficient Infringement"***

As Apple explained, the concept of "efficient infringement" is irrelevant to this case, which does not even include live patent infringement claims. Mot. 3-4. Plaintiffs do not dispute that they have not elicited any evidence that Apple actually employed an "efficient infringement" strategy. As Apple's 30(b)(6) witness on the issue explained, Apple does not believe in any such strategy, and its business conduct policy is expressly to the contrary. *Compare* Mot. 3-4 *with* Opp. 10-12; *see also* Ex. 5 at 68:18-70:7.

While Plaintiffs now insinuate that they could not identify any evidence to support their position because Apple improperly withheld "relevant responsive documents," Opp. 11, the Special Master disagreed. Specifically, although Plaintiffs moved to compel Apple to produce additional documents that used the phrase "efficient infringement," the Special Master accepted Apple's sworn statement that [REDACTED] Ex. 2 at 1; *see also* Dkt. 635 (granting Plaintiffs' motion only to the extent that Apple was required to file the declaration). By failing to timely object to the Special Master's ruling, Plaintiffs waived any right to complain about Apple's failure to produce the two privileged documents.[7]

Finally, even if Plaintiffs could point to any foundation in the record suggesting that "efficient infringement" has the slightest amount of relevance, any reference to the

[7] Plaintiffs imply (Opp. 11) that Apple intends to offer affirmative evidence that it does not engage in "efficient infringement." To the extent it will resolve this dispute, Apple commits to not referencing the phrase at trial.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
8
CASE NO. 8:20-cv-00048-JVS (JDEX)
Wilmer Cutler Pickering Hale and Dorr LLP

phrase would be unfairly prejudicial because it would suggest (without any evidentiary basis) that Apple systematically infringes intellectual property rights and that it must have infringed Plaintiffs' rights in this case. Mot. 4-5; *see also Copart, Inc. v. Sparta Consulting, Inc.*, 2018 WL 1871414, at *8 (E.D. Cal. Apr. 19, 2018) (finding "the evidence substantially more prejudicial th[a]n probative because of the high risk the jury will treat the evidence as propensity evidence weighed against the relatively low probative value of this evidence as to [the party's] motives or intent in this case").[8] Plaintiffs' only response is that merely "ask[ing] questions in support of [the] theory" cannot be prejudicial if Plaintiffs cannot show Apple actually engages in the practice. Opp. 11-12. Not so. Such questions would allow Plaintiffs to plant a seed in the mind of the jury that Apple has acted improperly without any evidentiary basis—an unfounded guilt-by-association argument that would only be given more attention if Apple spent valuable time and resources disproving it. *See Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 10733384, at *6 (C.D. Cal. Aug. 24, 2015) ("exposing the jury to evidence of [irrelevant disputes between defendants and third parties] could result in confusion and cause unfair prejudice and delay").

***2. Irrelevant And Prejudicial Statements Attributed To Steve Jobs***

As Apple explained, Steve Jobs's statements that "good artists copy, great artists steal" and "[i]t's better to be a pirate than join the navy" are both irrelevant to this case as they have no relation to the accused products or issues to be tried, including because Mr. Jobs passed away years before the underlying events in this case. Mot. 5.[9] Plaintiffs

---

[8] Plaintiffs' reference to "efficient infringement" is also likely to lead to arguments, testimony, or evidence regarding other litigations or administrative proceedings against Apple, which should be excluded for the reasons stated in Apple's motion in limine No. 1. Dkt. 1296-1.

[9] Plaintiffs argue that Apple should not be allowed to exclude the sentence right after the "good artists" quote in the same interview. Opp. 12. But as Plaintiffs recognized, Apple does not limit itself to just these two sentences. *See* Opp. 4. Apple identifies the "good

*(Cont'd on next page)*

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
9
CASE NO. 8:20-cv-00048-JVS (JDEx)
Wilmer Cutler Pickering Hale and Dorr LLP

themselves acknowledge that Mr. Jobs was not one "of the relevant decision makers at Apple" for purposes of this case. Opp. 14. As demonstrated by the cases Apple cite in its opening brief, courts routinely grant similar requests excluding evidence, statements, or arguments relating to Mr. Jobs that is irrelevant to the underlying cases.

Plaintiffs fail to effectively distinguish Apple's cases. *See* Opp. 14-15. For example, Plaintiffs mislead when they suggest that the ruling in *Pinn, Inc. v. Apple, Inc.* was unopposed. The plaintiffs in that case originally opposed Apple's request to exclude evidence about Mr. Jobs, including the "good artists" quote, in front of the special master (8:19-cv-01805, ECF No. 425-1 at 79-80 (C.D. Cal. Apr. 9, 2021)), and while the plaintiffs did not object to the special master's ultimate ruling, the court adopted that ruling only after conducting its own *de novo* review. 2021 WL 4777134, at *2 (C.D. Cal. July 14, 2021). Plaintiffs do not dispute that the court in *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, expressly excluded Mr. Jobs' statements. While they note that the court did not expressly exclude a different piece of evidence (a documentary entitled "Triumph of the Nerds") that includes one of the statements at issue here, this omits that the court still placed limits on the use of that evidence—i.e., holding that "[t]his exhibit shall not be used before the jury or venir panel without prior leave of the court." No. 2:13-cv-1112, ECF No. 901 at 5 (E.D. Tex. Sept. 4, 2015). And in *Optis Wireless Technology, LLC v. Apple Inc.*, as Apple noted (Mot. 6), the court precluded references to "statements long ago by Steve Jobs" that are "unrelated to the litigation." The only statements by Mr. Jobs that were introduced involved Apple's relationship with a third party that was directly relevant to the litigation. No. 2:19-cv-66, ECF No. 437 at 248:13-15, 248:17-23.

Plaintiffs' other arguments are equally specious. *First,* Plaintiffs do not provide any independent argument for why the "better to be a pirate than join the navy" quote is

artists" quote as an example because Plaintiffs deposed Apple's Rule 30(b)(6) witness on this quote. Mot. 5 (citing Ex. 5).

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
10
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

relevant beyond what has been discussed above in the context of the pirate imagery/reference section. *See* Opp. 12. For the reasons explained above, the statement should be excluded. *See supra* II.C.

*Second*, Plaintiffs' only argument for why the "good artists" quote is relevant is that it contained the word "steal," and this case is about "whether Apple stole Masimo's trade secrets." Opp. 12-13.[10] Plaintiffs provide no authority for such a sweeping argument, which if taken seriously, would mean that any statement by a former Apple employee that contains the word "Apple," "Masimo," or "trade secrets" would necessarily be relevant to this case.

Plaintiffs thus mislead when they suggest (Opp. 13) that there is a "dispute[]" over the meaning of Jobs's statement. To the contrary, they have failed to identify any document or witness who has suggested that the over twenty-five-year-old quote has any bearing on this case. This important distinction distinguishes every case that Plaintiffs cite in support of their position, all of which involved either disputes where both sides cited evidence or testimony to support their respective positions, *Integra*, 2000 WL 35717873, at *3 (parties' experts differed on what constituted defendant's next best alternative to infringement), or *Daubert* challenges to an *expert's* interpretation of record evidence, *see Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.*, 927 F. Supp. 2d 1069, 1073-1074 (D. Or. 2013); *Ramirez v. Bockholt*, 2020 WL 7383297, at *1 (D. Utah Dec. 16, 2020); *Tibbs v. Welded Constr., L.P.*, 2021 WL 5240881, at *3 (N.D. W. Va. Aug. 20, 2021). Here, by contrast, the only connection between Mr. Jobs's statements and this case is Plaintiffs' self-serving attorney argument.

Plaintiffs also argue that they should be allowed to introduce Mr. Jobs's statements if "Apple places Mr. Jobs's character at issue." Opp. 15. But the mere fact

[10] Plaintiffs also accuse Apple of asserting that the "good artists" quote was quoting Picasso "without support" (Opp. 12-13), but the quote itself started with "I mean Picasso had a saying … ." Ex. G at 36.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
11
CASE NO. 8:20-cv-00048-JVS (JDEX)
Wilmer Cutler Pickering Hale and Dorr LLP

that character evidence may become relevant under some unknown circumstances at trial is not a basis to deny Apple's motion *in limine*. "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court," which "may change its ruling at trial" where facts come to light that the court "did not anticipate at the time of its initial ruling." *Ruiz v. Walmart Inc.*, 2021 WL 5759043, at *6 (C.D. Cal. Oct. 28, 2021) (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017)).

In any event, even if Plaintiffs managed to show either quote was marginally relevant, Plaintiffs have no real answer to the fact that introducing the quotes would cause unfair prejudice, confusion, and undue delay. Mot. 5-6. Indeed, their only explanation for why the statements are not unfairly prejudicial is their blithe, unsupported assurance that the jury will be able to determine the relevant decisionmakers after reviewing the evidence in this case. Opp. 14. But as the court explained in *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 15-cv-5008, ECF No. 362 (N.D. Cal. Nov. 17, 2016), references to Mr. Jobs's statements "would be prejudicial and confusing to the jury" "because Jobs was not working for Apple at the time, but the statement appears to refer to Apple's philosophy." Slip op. at 3. Plaintiffs' only response is that *Core Wireless* was not a trade secret case, but they do not explain why that would make references to Mr. Jobs any less confusing here. And Plaintiffs do not dispute that other courts have barred plaintiffs from introducing evidence or testimony that would call Mr. Jobs's character into issue. Opp. 15; *see also Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192 (N.D. Cal. Nov. 18, 2014); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079, ECF No. 519 (N.D. Cal. June 18, 2014). Plaintiffs are using these prior statements for essentially the same purpose—i.e., to ask the jury to draw assumptions about Apple on the basis of things said and done by its long-deceased co-founder.

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
12
CASE NO. 8:20-cv-00048-JVS (JDEX)
Wilmer Cutler Pickering Hale and Dorr LLP

Plaintiffs also speculate that there would be no undue delay because it would take Apple only a "few minutes" to put on evidence to contextualize the Jobs-related evidence. Opp. 14. That argument misses the point—given the minimal probative value of the Jobs statements and their lack of connection to this case, any amount of time spent on this diversion would be undue. Moreover, as explained above (*supra* at 7), any delay would be undue because any minute Apple spends on contextualizing the Jobs statements would only further draw the jury's attention to these irrelevant and inflammatory statements.

**CONCLUSION**

For the foregoing reasons, the Court should grant Apple's Motion in Limine No. 3 to preclude Plaintiffs from presenting any evidence, testimony, or argument about irrelevant and/or inflammatory statements attributed to Apple's current and former employees, including but not limited to Steve Jobs and Dr. Michael O'Reilly and from referencing in any way pirates, political positions taken by Apple or its leadership, or the concept of "efficient infringement."

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES

13

CASE NO. 8:20-cv-00048-JVS (JDEX)

Wilmer Cutler Pickering Hale and Dorr LLP

Dated: February 27, 2023

Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES
14
CASE NO. 8:20-cv-00048-JVS (JDEX)
Wilmer Cutler Pickering Hale and Dorr LLP

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 4311 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated: February 27, 2023

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

APPLE'S REPLY IN SUPPORT OF ITS MIL NO. 3: EXCLUDE IRRELEVANT AND/OR INFLAMMATORY STATEMENTS ATTRIBUTED TO APPLE'S EMPLOYEES

15

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP