1
MARK D. SELWYN, SBN 244180
   mark.selwyn@wilmerhale.com
2
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
3
WILMER CUTLER PICKERING
   HALE AND DORR LLP
4
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
5
Tel.: 650.858.6000 / Fax: 650.858.6100

6
JOSHUA H. LERNER, SBN 220755
   joshua.lerner@wilmerhale.com
7
WILMER CUTLER PICKERING
   HALE AND DORR LLP
8
One Front Street, Suite 3500
San Francisco, CA 94111
9
Tel.: 628.235.1000 / Fax: 628.235.1001

10
AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
11
WILMER CUTLER PICKERING
   HALE AND DORR LLP
12
2100 Pennsylvania Ave NW
Washington, DC 20006
13
Tel.: 202.663.6000 / Fax: 202.663.6363

14
[Counsel appearance continues on next page]

15
*Attorneys for Defendant Apple Inc.*

16
### UNITED STATES DISTRICT COURT
17
### CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| 18 MASIMO CORPORATION, a Delaware corporation; and 19 CERCACOR LABORATORIES, INC., a Delaware corporation, 20 | CASE NO. 8:20-cv-00048-JVS (JDEx) **REPLY IN SUPPORT OF APPLE'S MOTION IN LIMINE NO. 2: PRECLUDE REFERENCES TO IRRELEVANT APPLE OPERATIONS, FINANCES, AND RECRUITING** |
| 21    Plaintiffs, 22    v. 23 APPLE INC., a California corporation, 24    Defendant. | Date: Mar. 13, 2023 Time: 1:30pm Trial: Mar. 28, 2023 |

25
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

26

27

28

1    JOSEPH J. MUELLER, *pro hac vice*
       joseph.mueller@wilmerhale.com
2    SARAH R. FRAZIER, *pro hac vice*
       sarah.frazier@wilmerhale.com
3    WILMER CUTLER PICKERING
       HALE AND DORR LLP
4    60 State Street
     Boston, MA 02109
5    Tel.: 617.526.6000 / Fax: 617.526.5000

6    NORA Q.E. PASSAMANECK, *pro hac vice*
       nora.passamaneck@wilmerhale.com
7    WILMER CUTLER PICKERING
       HALE AND DORR LLP
8    1225 Seventeenth Street, Suite 2600
     Denver, CO 80202
9    Tel.: 720.274.3152 / Fax: 720.273.3133

10   BRIAN A. ROSENTHAL, *pro hac vice*
       brosenthal@gibsondunn.com
11   GIBSON, DUNN & CRUTCHER LLP
     200 Park Avenue
12   New York, NY 10166-0193
     Tel.: 212.351.2339 / Fax: 212.817.9539
13
     KENNETH G. PARKER, SBN 182911
14     Ken.parker@haynesboone.com
     HAYNES AND BOONE, LLP
15   660 Anton Boulevard, Suite 700
     Costa Mesa, CA 92626
16   Tel. 650.949.3014 / Fax: 949.202.3001

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO APPLE'S MOTION IN LIMINE NO. 2: PRECLUDE REFERENCES TO IRRELEVANT APPLE OPERATIONS, FINANCES, AND RECRUITING

CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 2

I.  PLAINTIFFS' PROCEDURAL ARGUMENTS FAIL. .................................. 2

II. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENTS ON APPLE'S FOREIGN OPERATIONS. ................................................................ 4

III. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT ON APPLE'S SIZE AND OVERALL FINANCES. ................................................... 6

IV. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT ON APPLE'S RECRUITMENT OF EMPLOYEES OTHER THAN DRS. O'REILLY AND LAMEGO. .... 10

    A.  Apple's Hiring Of Employees Not Alleged To Have Misappropriated Any Alleged Trade Secrets Is Irrelevant And Unduly Prejudicial. ................................................... 10

    B.  Apple's Hiring Of Employees Not Alleged To Have Misappropriated The Alleged Trade Secrets Is Not Admissible Under Rules 404 Or 406. .................................................... 15

CONCLUSION ................................................................................................... 16

Wilmer Cutler Pickering Hale and Dorr LLP

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Albert's Organics, Inc. v. Holzman*,
    445 F. Supp. 3d 463 (N.D. Cal. 2020)...................................................................14

*Apple Inc. v. Samsung Electronics Co.*,
    2016 WL 824711 (N.D. Cal. Mar. 2, 2016) ...........................................................3

*Baxter Diagnostics, Inc. v. Novatek Medical, Inc.*,
    1998 WL 665138 (S.D.N.Y. Sept. 25, 1998) ........................................................3

*City of Pomona v. SQM North America Corp.*,
    866 F.3d 1060 (9th Cir. 2017) .................................................................................5

*Cutera, Inc. v. Lutronic Aesthetics, Inc.*,
    444 F. Supp. 3d 1198 (E.D. Cal. 2020) ................................................................14

*Cypress Semiconductor Corp. v. Maxim Integrated Products, Inc.*,
    236 Cal. App. 4th 243 (2015) ...............................................................................11

*Edwards v. Arthur Andersen LLP*,
    44 Cal. 4th 937 (2008)...........................................................................................11

*Haeger v. Goodyear Tire & Rubber Co.*,
    2009 WL 10635666 (D. Ariz. Sept. 10, 2009) ......................................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012) ..................................................................................6

*Lego v. Stratos International, Inc.*,
    2004 WL 5518162 (N.D. Cal. Nov. 4, 2004).........................................................3

*Maxell, Ltd. v. Apple Inc.*,
    2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ...................................................1, 6

*McCoy v. Kazi*,
    2010 WL 11465179 (C.D. Cal. Aug. 27, 2010).....................................................2

*Melaleuca, Inc. v. Max International, LLC*,
2010 WL 11651949 (D. Idaho Sept. 30, 2010) ................................................. 14

*Nite Glow Industries Inc. v. Central Garden & Pet Co.*,
2021 WL 2945556 (Fed. Cir. July 14, 2021) ...................................................... 7

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ................................................ 2, 6

*Pinn, Inc. v. Apple Inc.*,
2021 WL 4777134 (C.D. Cal. July 14, 2021) .............................................. 1, 5, 6

*Reeves v. Hanlon*,
33 Cal. 4th 1140 (2004) ...................................................................................... 12

*Ruiz v. Walmart Inc.*,
2021 WL 5759043 (C.D. Cal. Oct. 28, 2021) ..................................................... 5

*Stars & Bars, LLC v. Travelers Casualty Ins. Co. of America*,
2020 WL 4342250 (C.D. Cal. May 28, 2020) ...................................................... 2

*Trovata, Inc v. Forever 21, Inc.*,
2009 WL 10671582 (C.D. Cal. Mar. 4, 2009) ................................................. 3, 4

*United States v. Allen*,
341 F.3d 870 (9th Cir. 2003) .............................................................................. 12

*United States v. Angwin*,
271 F.3d 786 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) ..................................... 16

*United States v. Blitz*,
151 F.3d 1002 (9th Cir. 1998) ............................................................................ 15

*United States v. Curtin*,
489 F.3d 935 (9th Cir. 2007) (en banc) ............................................................. 15

*United States v. Lloyd*,
807 F.3d 1128 (9th Cir. 2015) ............................................................................ 15

*United States v. Schuette*,
2023 WL 163490 (N.D. Cal. Jan. 11, 2023) ...................................................... 15

*VL Systems, Inc. v. Unisen, Inc.*,
    152 Cal. App. 4th 708 (2007) ................................................................................. 11

*Wyman v. Sunbeam Products, Inc.*,
    2021 WL 1531000 (N.D. Cal. Apr. 19, 2021) ...................................................... 4

### STATUTES, RULES, AND REGULATIONS

35 U.S.C. § 271(a) ........................................................................................................ 5

Cal. Bus. & Prof. Code § 16600 ................................................................................. 11

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION

Plaintiffs' opposition (Dkt. 1342-1 ("Opp.")) confirms that Plaintiffs seek to introduce irrelevant and highly prejudicial evidence and arguments regarding Apple's foreign operations, overall financial resources, and lawful recruitment of employees who have nothing to do with Plaintiffs' trade secret allegations.  That evidence should be excluded.

Plaintiffs first seek to dodge Apple's motion by urging this Court to reject it on procedural grounds.  But contrary to Plaintiffs' assertions, Apple's motion is both in accord with this Court's procedures and sufficiently specific for this Court to grant the requested relief.

Plaintiffs' arguments on the merits fare no better.  Plaintiffs struggle to identify any relevance of Apple's foreign operations to Plaintiffs' claims of trade secret misappropriation ***in the United States***, yet inexplicably seek to keep the door to such irrelevant and prejudicial evidence open.  And although Apple's overall size and finances are plainly irrelevant to Plaintiffs' claims, Plaintiffs' opposition confirms that they improperly (and prejudicially) seek to introduce such evidence as an anchoring technique to skew the damages horizon for the jury.  Plaintiffs similarly seek to introduce evidence of Apple's hiring or attempted hiring of employees ***not alleged to have misappropriated any of the purported trade secrets*** despite the fact that both Magistrate Judge Early and the Special Master have found such evidence wholly irrelevant to Plaintiffs' claims.

At bottom, Plaintiffs seek to introduce irrelevant and prejudicial evidence related to Apple's operations for the express purpose of improperly appealing to the emotion of the jury.  Courts routinely exclude such evidence—typically by agreement of the parties. *See, e.g.*, *Pinn, Inc. v. Apple Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021); *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6, 9-10 (E.D. Tex. Feb. 26, 2021);

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *2-3 (E.D. Tex. Sept. 21, 2016).  Plaintiffs' arguments should be rejected, and this Court should preclude Plaintiffs from offering evidence, testimony, or argument concerning irrelevant and prejudicial aspects of Apple's global operations that have nothing to do with the claims and technologies at issue in this case.

## ARGUMENT

### I.    PLAINTIFFS' PROCEDURAL ARGUMENTS FAIL.

Plaintiffs' meritless procedural objections should be rejected.  *First*, contrary to Plaintiffs' contention (Opp. 1-2), this motion does not violate this Court's limit of four motions *in limine* per party.  Rather, this motion makes a single set of legal arguments under Rules 402 and 403 related to a single topic—irrelevant aspects of Apple's business operations.  That Apple inserted subheadings for readability purposes does not transform a single motion into several.  Moreover, the mere fact that Apple needed to identify multiple examples of irrelevant Apple business operations merely shows how many tangents Plaintiffs might well explore at trial unless this Court grants Apple's motion.

*Second*, Plaintiffs' assertion (Opp. 2-3) that this motion should be denied as unduly vague should be rejected.  Plaintiffs point (Opp. 2) to Apple's use of the word "including" when describing some sub-categories of irrelevant operations before providing specific objectionable examples.  But not one of Plaintiffs' cited cases stand for the proposition that a motion *in limine* should be denied outright simply because it uses the word "including" when describing a category of evidence or argument to be excluded.  For example, several of Plaintiffs' cited cases involved motions that referenced nebulously-defined categories of evidence (and without "identifying [any] specific examples" of evidence for exclusion).  *Stars & Bars, LLC v. Travelers Casualty Ins. Co. of Am.*, 2020 WL 4342250, at *4 (C.D. Cal. May 28, 2020); *see also, e.g.*, *McCoy v. Kazi*, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) (denying as vague

a motion to exclude "'problems with and/or complaints' about witnesses" where the movant "provide[d] no detail on what specific complaints … or their subject matters"); *Haeger v. Goodyear Tire & Rubber Co.*, 2009 WL 10635666, at *1 (D. Ariz. Sept. 10, 2009) (denying as "vague" a motion to exclude "inflammatory commentary" by the parties, their counsel, or witnesses); *Trovata, Inc v. Forever 21, Inc.*, 2009 WL 10671582, at *4 (C.D. Cal. Mar. 4, 2009) (Selna, J.) (denying motion to exclude a set of nine exhibits when only two were submitted with the motion); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) (denying, *inter alia*, a motion to preclude presentation of evidence on a particular claim). Here, Apple has made clear what types of evidence it seeks to exclude (e.g., Apple's international corporate structure and foreign partners, overall finances, and recruitment of employees not implicated by Plaintiffs' trade secret allegations) and, in any event, has provided specific examples of evidence to be excluded within each subcategory.

The remaining decisions denied the motions because they conflicted with the court's prior rulings or basic trial protocol. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2016 WL 824711, at *1 (N.D. Cal. Mar. 2, 2016) (denying, on retrial, motion to exclude evidence post-dating the first trial, because the motion did not identify "additional specific evidence" not precluded by a prior order limiting presentations to materials timely disclosed before the first trial); *Lego v. Stratos Int'l, Inc.*, 2004 WL 5518162, at *1 (N.D. Cal. Nov. 4, 2004) (denying motion to preclude use of evidence and adverse inference therefrom because movant failed to establish discovery violations).

While Apple believes that this motion is sufficiently clear, to the extent this Court has questions about the scope of any particular subcategory, this Court's decision in *Trovata* provides the appropriate solution. This Court should decide the motion with respect to the examples Apple identified and require Plaintiffs "to make an offer of proof

outside the presence of the jury before offering any evidence" that touches on the excluded category as a whole.  *Trovata*, 2009 WL 10671582, at *4.

## II.   THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENTS ON APPLE'S FOREIGN OPERATIONS.

As Apple explained (Mot. 2), evidence and argument related to Apple's international corporate structure, corporate tax planning, and foreign partners is irrelevant to any issue to be decided by the jury.  Plaintiffs' arguments to the contrary should be rejected.

*First*, Plaintiffs do not dispute that evidence relating to working conditions at foreign manufacturing facilities is utterly irrelevant to their trade secret misappropriation claims.  Instead, Plaintiffs devote an entire paragraph to the very irrelevant and prejudicial evidence that Apple seeks to exclude before reluctantly—and not without qualification—agreeing that they have no intent to solicit such evidence.  Opp. 3-4.  The assertions in Plaintiffs' opposition—which are plainly aimed at provoking an emotional response—merely confirm why such evidence should be excluded.  *See, e.g.*, *Wyman v. Sunbeam Prods., Inc.*, 2021 WL 1531000, at *7 (N.D. Cal. Apr. 19, 2021) ("The overwhelming danger of prejudice, inflamed passions, and confusion that showing the jury a video of an unrelated fan fire would cause is so obvious it almost goes without saying.").  Moreover, Plaintiffs' suggestion (Opp. 4) that Apple may "open the door" to such evidence by offering evidence as to its "good culture" should be rejected.  Plaintiffs offer no explanation for why such evidence would "open the door" to working conditions at foreign facilities.  Nor could they—even were Apple to offer evidence on its ***own*** "culture," that would in no way implicate evidence concerning working conditions at third party-owned manufacturing facilities.   Indeed, Apple's Chief Operating Officer, Jeff Williams, testified ███████████████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

2 ████████████████████████████████████████ Ex. 1 at 282:11-283:4.

3    *Second*, Plaintiffs urge the Court to permit evidence as to Apple's "international

4 corporate structure, corporate tax planning, and the location of Apple's foreign partners"

5 because Apple "could make arguments or elicit testimony" that would make such

6 evidence relevant at trial.   But Plaintiffs have identified **no basis** for why such

7 information could possibly be relevant to Plaintiffs' trade secret misappropriation claims

8 **in the United States**.   Moreover, the mere fact that such evidence may become relevant

9 under some unknown circumstances at trial is not a basis to deny Apple's *in limine*

10 motion.   "[A] ruling on a motion in limine is essentially a preliminary opinion that falls

11 entirely within the discretion of the district court," which "may change its ruling at trial"

12 where facts come to light that the court "did not anticipate at the time of its initial ruling."

13 *Ruiz v. Walmart Inc.*, 2021 WL 5759043, at *6 (C.D. Cal. Oct. 28, 2021) (quoting *City*

14 *of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017)).

15    *Finally*, Plaintiffs seek to distinguish Apple's cited cases on the ground that "none

16 is a trade secret case" and "none granted [a] broad categorical exclusion."   Plaintiffs are

17 wrong on both fronts.   The mere fact that Plaintiffs assert trade secret claims does not

18 render evidence as to Apple's foreign operations relevant.   Indeed, Plaintiffs have

19 identified no reason why that should make a difference.   And contrary to Plaintiffs'

20 suggestion, the relief granted in Apple's cited cases **confirms** that evidence of Apple's

21 foreign operations should be excluded.   For example, while the court in *Pinn, Inc. v.*

22 *Apple Inc.*, 2021 WL 4777134 (C.D. Cal. July 14, 2021), permitted the plaintiff to

23 introduce "evidence of **the fact of** foreign manufacturing (and subsequent importation

24 into the United States)" and "product development events" occurring abroad, those facts

25 were directly relevant to the question of patent infringement.   *Id.* at *2; *see* 35 U.S.C. §

26 271(a) (whoever "**imports** into the United States any patented invention" is liable for

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

patent infringement (emphasis added)); *id.* § 271(g) (whoever "***imports*** into the United States … a product which is made by a process patented in the United States" is liable for patent infringement (emphasis added)).  However, the court granted the motion in all other respects.  *Pinn*, 2021 WL 4777134, at *2; *see also Parthenon Unified Memory Architecture*, 2016 WL 7743510, at *3 (excluding evidence related to "the location of Apple's suppliers, manufacturers, and press concerning the same," "Apple's tax liabilities," and "Apple's dispute with the FBI concerning phone data").  Similarly, in *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253 (E.D. Tex. Feb. 26, 2021), the court only allowed the plaintiff to "simply refer[] to an Appl[e] supplier or related company" or "a component … produced by a foreign supplier or manufacturer," but prohibited the Plaintiff from referencing "foreign operations in regard to working conditions or labor issues" or "to imply that Apple outsources American jobs."  *Id.* at *10.  This Court should do the same here.

## III.   THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT ON APPLE'S SIZE AND OVERALL FINANCES.

As Apple explained (Mot. 3-4), Apple's overall size and finances are irrelevant to Plaintiffs' trade secret misappropriation, damages, and inventorship claims.  Plaintiffs nonetheless attempt to justify their desire to lodge irrelevant and prejudicial evidence regarding Apple's overall financial resources before the jury by arguing that Apple has argued that Plaintiffs are "entitled to limited damages."  Opp. 5.  But that is precisely why this irrelevant evidence should be excluded—"[a]dmission of such overall revenues, which have no demonstrated correlation to the value of the [alleged trade secrets], only serve to make [Plaintiffs'] proffered damages amount appear modest by comparison."  *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012).

*First*, contrary to Plaintiffs' assertion (Opp. 5), Apple has not "placed its financial resources at issue."  Plaintiffs point to opinions offered by Apple's experts to rebut Plaintiffs' damages claims, but none of those opinions comes anywhere close to implicating Apple's overall finances.  Trade secret damages are limited to the "head start" period—i.e., "the period in which information is entitled to protection as a novel idea, plus the additional period, if any, in which a misappropriator retains an advantage over good faith competitors because of misappropriation."  *Nite Glow Indus. v. Cent. Garden & Pet Co.*, 2021 WL 2945556, at *6 (Fed. Cir. July 14, 2021) (internal quotations omitted); *see also* Dkt. 1280 at 9 n.5 ("A head start advantage refers to the time period it would have taken the misappropriating party to obtain the trade secret through proper means.").  Although Apple's experts opine that the "head start" period is relatively short given the number of Apple engineers or marketing professionals available to work on the alleged secrets, *none* base that opinion on Apple's *overall* revenues, profits, or financial performance; instead, they base their "head start" opinions on the *engineers and employees* available to work on the alleged secrets.  *See, e.g.*, Ex. C (Sarrafzadeh) ¶¶ 149, 194, 241, 282, 323, 362, 398, 433, 468, 504, 540 (explaining that ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████; Ex. D (Warren) ¶ 189 ██████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████ (emphasis added)); Ex. E (Kivetz) ¶ 505 (explaining that ████████████████

Wilmer Cutler
Pickering Hale
and Dorr LLP



1

2 ████ .[1]

3 Apple's experts similarly rely on ████████████████

4 ████████████████████████—which also do not implicate ***Apple's***

5 overall finances. *See, e.g.*, Ex. C (Sarrafzadeh) ¶¶ 149, 194, 241, 282, 323, 362, 398,

6 433, 468, 504, 540 (explaining that Plaintiffs' expert, Dr. Madisetti, failed to ████

7 ████████████████████████████████████

8 ████████████████████ (emphasis added)); Ex. D (Warren)

9 ¶¶ 188, 395 (explaining that ████████████████████

10 ████████████████████████████████████

11 ████████████ (emphasis added)); Ex. E (Kivetz) ¶ 502 (noting that Plaintiffs'

12 expert fails to ████████████████████████████

13 ████████████████████████████████████

14 ████████████████████████ (emphasis added)).

15 And where Apple's experts do estimate the financial resources attributable to the "head

16 start" period, those numbers are nowhere near approaching Apple's overall financial

17 resources. *See, e.g.*, Ex. E (Kivetz) ¶ 511 ("████████████████

18 ████████████████████████████████████

19 ████████████████████████████████████

20 ████████████ ").

21 Nor has Apple placed its "lack of resources" at issue. Opp. 6-7. Rather, Mr.

22 Williams explained—in response to Plaintiffs' questioning—that ████████████

23 ████████████████████████████████████

24 ████████████████████████████ Ex. H at 85:19-

25

26 [1] Dr. Lamego's testimony on which Plaintiffs rely (Opp. 6) similarly focused on the ████████████████—not Apple's overall financial resources.

27 *See* Ex. G at 127:18-22 (stating that ████████████████████ ).

28

1    88:19.   He  further  explained  that  Apple  has  █████████████████████████████

2    ████████████████████████████████████████████████████████████████████████████

3    ██████████████  *Id.* at 94:10-95:1.[2]   However, Mr. Williams never described Apple's

4    *financial* resources as limited or otherwise placed Apple's overall finances at issue.

5          *Second*, Plaintiffs vaguely suggest—without support—that Apple has argued that

6    ████████████████████████████████████████████████████████████. Opp. 7-8.  Apple

7    has  never  made  that  argument.   Rather,  Adrian  Perica—Apple's  Vice  President  of

8    Corporate Development and ████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████████████████

10   ███████████████████████████████  Ex. 3 (Perica Tr.) at 138:18-139:7, 140:12-

11   141:14.  Moreover, while Mr. Perica explained that ██████████████████████████████

12   ████████████████████████████████████████████████████████████████████████████

13   ██████████████████████████████████████████████████████████████████████. *Id.*

14   at  122:6-124:16 ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████████

21   ██████████████████████████████████████████; *see also id.* at 122:11-123:5 (noting that

22   ████████████████████████████████████████████████████████████████████████████

23   ███████████████████████████████████████████████████).  Thus, the mere fact

24

25   _____

26   [2] Plaintiffs' claim that Apple did not seek FDA approval for its SpO2 feature because it
     "lacks the technical knowledge and experience to build an accurate pulse oximeter"
27   (Opp. 7) is false attorney argument.  Mr. Williams testified ██████████████████████.
     *See* Ex. H at 95:2-6.

28

Wilmer Cutler
Pickering Hale
and Dorr LLP



that Apple did not acquire Masimo—for reasons wholly unrelated to the cost of doing so—does not provide a basis for interjecting prejudicial evidence regarding Apple's overall finances.

*Third*, evidence of Apple's overall finances is not admissible to "correct the juror's unknown assumptions and potential misconceptions." Opp. 8. Plaintiffs cite no case support for that proposition, and if correcting unknown assumptions and misconceptions were a test for admissibility, there would be no limit to what could be put before a jury. The mere fact that some jurors may have preconceived notions about "how large Apple is" (Opp. 8) does not provide a basis to introduce irrelevant and unduly prejudicial information about Apple's overall finances into this case. Such evidence should be excluded.

## IV. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT ON APPLE'S RECRUITMENT OF EMPLOYEES OTHER THAN DRS. O'REILLY AND LAMEGO.

As Apple explained (Mot. 4-5), apart from Drs. O'Reilly and Lamego, Plaintiffs have never identified any other former Masimo or Cercacor employee as relevant to any alleged misappropriation by Apple. While Plaintiffs claim that is "false" (Opp. 12), they point to only bald allegations that Apple hired or attempted to hire Plaintiffs' former employees without any facts to suggest that any such former employee has any relevance to the alleged trade secrets that form the basis for Plaintiffs' claims. Both Magistrate Judge Early and the Special Master rejected the very same assertions of relevance that Plaintiffs now make at the discovery stage where the threshold for relevance is even lower than it is here. This Court should too.

### A. Apple's Hiring Of Employees Not Alleged To Have Misappropriated Any Alleged Trade Secrets Is Irrelevant And Unduly Prejudicial.

Plaintiffs spend nearly two pages of their brief (Opp. 9-10) selectively quoting from disparate documents in an attempt to contrive some marginal relevance of Apple's

REPLY ISO APPLE'S MOTION IN LIMINE NO. 2: PRECLUDE REFERENCES TO IRRELEVANT APPLE OPERATIONS, FINANCES, AND RECRUITING

CASE NO. 8:20-cv-00048-JVS (JDEx)

hiring of employees other than Drs. O'Reilly and Lamego.  But critically, none of Plaintiffs' cited documents indicates that other former employees are responsible for any purported misappropriation by Apple or even had knowledge of the alleged trade secrets at issue in this case in the first place.  At best, the exhibits on which Plaintiffs rely show that, at some point in time—including, for many employees, ███████████████████ ████████████████████████████████ (*see* Ex. R at 16-18)—Apple hired or considered hiring individuals who at some point in the past worked at Masimo or Cercacor.  But the mere fact that Plaintiffs' former employees were later recruited or hired by Apple is insufficient to render those employees relevant to the claims at issue here.

California law provides employees with broad freedom to move between employers and to seek employment within their given profession.  *See* Cal. Bus. & Prof. Code § 16600 ("Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."); *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008) ("[C]ourts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility.  The law protects Californians and ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice.  It protects the important legal right of persons to engage in businesses and occupations of their choosing.") (internal quotations and citation omitted).  Thus, as courts have repeatedly confirmed, there is nothing unlawful about recruiting and hiring another company's employees.  *See, e.g.*, *VL Sys., Inc. v. Unisen, Inc.*, 152 Cal. App. 4th 708, 713 (2007) ("Indeed, 'no actionable wrong is committed by a competitor who solicits his competitor's employees or who hires away one or more of his competitor's employees who are not under contract, so long as the inducement to leave is not accompanied by unlawful action[.]'" (quoting *Diodes, Inc. v. Franzen*, 260 Cal.App.2d

Wilmer Cutler Pickering Hale and Dorr LLP

244, 255 (1968))); *Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*, 236 Cal. App. 4th 243, 261 (2015) ("Amidst such dross the only colorably actionable conduct attributed to Maxim is its attempt, through Mushel, to recruit Cypress employees.  In the absence of additional, liability-producing circumstances, that conduct was entirely lawful.").  Given Plaintiffs' failure to make any connection between their other former employees and the alleged misappropriation, the fact that Apple interviewed or hired those employees is simply irrelevant.[3]

Plaintiffs nonetheless admit that they seek to leverage Apple's hiring of their former employees to suggest to the jury that "Apple did so for the purpose of obtaining Masimo's trade secrets."  Opp. 12.  That is precisely why the evidence should be excluded.  Plaintiffs should not be permitted to suggest—as they do in their brief (Opp. 15)—that Apple's hiring of Plaintiffs' former employees is somehow "damning" or unlawful when California law is directly to the contrary.  *Supra* pp. 11-12; *see also* Mot. 5 (explaining that admitting evidence related to Apple's hiring of other former employees is highly prejudicial under Rule 403).  Despite Plaintiffs' protestations to the contrary, allowing such evidence before the jury ***would*** be inviting the jury to decide this case based on an "improper basis."  Opp. 14-15 (quoting *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003)).  That is particularly true given that Plaintiffs have never alleged that ***any*** former employee other than Drs. O'Reilly and Lamego misappropriated Plaintiffs' alleged trade secrets while working at Apple, and nothing connects Plaintiffs' other former employees to this case beyond the basic (and unsurprising) fact that they may have continued to work in the same general technical field at Apple as they did when working for Plaintiffs.  It would thus be highly prejudicial to force Apple to

---

[3] Contrary to Plaintiffs' suggestion (Opp. 14), *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1151 (2004), is consistent.  There, the court explained that "[w]here ***no unlawful methods are used***, public policy generally supports a competitor's right to offer more pay or better terms to another's employee, so long as the employee is free to leave."  *Id.*

Wilmer Cutler
Pickering Hale
and Dorr LLP

"present evidence to try to convince the jury" that its hiring of Plaintiffs' former employees is "innocent" (Opp. 15) when recruiting and hiring activity is expressly protected under California law.

Plaintiffs' reference (Opp. 10) to information provided by two former employees during their interviews with Apple is similarly misplaced.[4]   As an initial matter, Plaintiffs do not allege that the information exchanged relates in any way to the alleged trade secrets.   Moreover, both Magistrate Judge Early and the Special Master have previously rejected the very same argument.   For example, in rejecting Plaintiffs' argument that "recruiting of all of our employees is directly relevant," Judge Early explained that "just because someone changed jobs does not make it relevant to a trade secret case."  Dkt. 443 (June 3, 2021 Hr'g Tr.) at 65:7-24.   He further explained that— even at the discovery stage—evidence related to Plaintiffs' former employees must be "tied to the specific issues of the case" and not simply "any former employee not tied to the issues."  *Id.* at 59:20-60:13.   The Special Master reached a similar conclusion in denying Plaintiffs' motion to compel discovery as to their former employees, explaining:

> For most of the remaining eight listed employees, Masimo essentially states that they are relevant because they worked in a similar field of technology at both Masimo and Apple.   Some also discussed their experience at Masimo during their interviews with Apple.
>
> Masimo's arguments for most of the eight employees are ***insufficient to tie them to the trade secret allegations*** in this case.   The simple fact that an employee worked in the same field of technology at two companies is not enough.   Moreover, as Apple notes, most of the individuals listed have not been named as ESI custodians, and are not alleged in this case to have themselves misappropriated Masimo's trade secrets.

---

[4] Notably, Apple did not even hire ████████████   *See* Ex. R at 16-18 (██████████████████████████████████); Ex. S at -694 (noting that ████████████████████████████████

Dkt. 617 (Discovery Order No. 4) at 3 (emphasis added). This Court should reach the same conclusion here.[5]

Plaintiffs' cited cases (Opp. 11) are not to the contrary, as none hold that hiring and recruitment of employees not alleged to have misappropriated any purported trade secrets should be admitted at trial to prove trade secret misappropriation.  The courts in both *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 469 (N.D. Cal. 2020), and *Melaleuca, Inc. v. Max International, LLC*, 2010 WL 11651949, at *1 (D. Idaho Sept. 30, 2010), merely recited allegations set forth in the complaint in the context of deciding a motion to dismiss.  In *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198, 1202-1203, 1207 (E.D. Cal. 2020)—which addressed a motion for temporary restraining order—each of the former employees at issue was alleged to have taken files from their former employer.  And *First American Title Insurance v. Northwest Title Insurance Agency*, No. 15-CV-00229 (D. Utah), is readily distinguishable, as the motion *in limine* at issue involved whether the title of a Rule 1006 summary exhibit was unduly prejudicial, not whether the plaintiff was permitted to introduce evidence of recruitment of former employees not relevant to the claims at issue.  *See* Ex. 4 at 1-2 (*First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, Dkt. 318 (D. Utah)). Moreover, the claims at issue there involved "numerous breaches of contract and intentional and malicious commission of business torts"—claims that are not at issue here.  Ex. 5 at 1, 3 (*First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, Dkt. 341 (D. Utah)) ("The existence of at will employment does not negate First American's (or any litigant's) right to prove that Defendants here improperly solicited First American employees to join Northwest Title, in violation of contractual obligations

---

[5] Contrary to Plaintiffs' suggestion (Opp. 11), this Court did not find Apple's hiring of employees ***other than*** Drs. O'Reilly and Lamego relevant to Plaintiffs' claims; the Court instead relied ***only*** on Apple's hiring of those two individuals in deciding Plaintiffs' summary judgment motion.  Dkt. 1275 at 10; *see also* Dkt. 1022 at 4 n.1 (limiting deposition of Tim Cook to Apple's recruitment of O'Reilly and Lamego).

and tort law."). None of those cases supports introducing irrelevant and prejudicial evidence of Apple's hiring of former employees not related to the alleged misappropriation, as Plaintiffs seek to do here.

### B. Apple's Hiring Of Employees Not Alleged To Have Misappropriated The Alleged Trade Secrets Is Not Admissible Under Rules 404 Or 406.

Apparently recognizing the lack of relevance of Apple's hiring of employees other than Drs. O'Reilly and Lamego, Plaintiffs claim those actions are nonetheless "admissible under Rules 404 and 406." Opp. 13. But the Ninth Circuit has made clear that "Rule 404, which … deals with 'character' evidence, and its subsection 404(b) … *is not* a different pathway to the admission of evidence [from FRE 402]"; it is "simply a specific qualification of the general rule of admissibility of all relevant evidence." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc) (emphasis added). And Plaintiffs fail to explain how Apple's hiring of other employees has any bearing on its "motive," "intent," or "plan" to hire Drs. O'Reilly or Lamego *for the purposes of misappropriating Plaintiffs' alleged trade secrets*, or Apple's purported "knowledge" or "lack of mistake" in doing so, particularly where Plaintiffs have not alleged that any of those other employees misappropriated any of Plaintiffs' alleged trade secrets.

In any event, even were the fact that Apple hired other former Masimo or Cercacor employees to have some marginal relevance to any of those issues (it does not), such evidence should nonetheless be excluded as unduly prejudicial. *See United States v. Lloyd*, 807 F.3d 1128, 1158 (9th Cir. 2015) ("[T]he probative value of [Rule 404(b)] evidence must not be 'substantially outweighed by the danger of unfair prejudice.'" (quoting *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998))); *Curtin*, 489 F.3d at 944 (even relevant evidence that falls under Rule 404(b) is still subject to Rule 403); *United States v. Schuette*, 2023 WL 163490, at *2 (N.D. Cal. Jan. 11, 2023) ("If the

Wilmer Cutler
Pickering Hale
and Dorr LLP

evidence meets the test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."); *see also* Fed. R. Evid. 404, Advisory Committee Note ("The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403."); *see also* Mot. 5 (explaining that the evidence should be excluded under Rule 403); *supra* pp. 12-13 (same).

Nor is Apple's hiring of other former employees admissible under Rule 406. Although Rule 406 allows for admission of evidence of an "organization's routine practice" to show that the "organization acted in accordance with" that practice, Apple's hiring of other former Masimo or Cercacor employees does not show that Apple has a "practice" of engaging in misappropriation, not least because Plaintiffs have identified ***no purported misappropriation*** associated with Apple's hiring of those employees. And, as discussed above (*supra* pp. 11-14), any purported "routine practice" of hiring qualified employees is simply irrelevant to the claims at issue. *See United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) ("Rule 406 is an exception to the general exclusion of character evidence under the Federal Rules, so courts are somewhat cautious in admitting the evidence.").

Plaintiffs should be precluded from attempting to interject this irrelevant and highly prejudicial evidence into the case.

## CONCLUSION

Apple respectfully requests that the Court preclude Plaintiffs from offering evidence, testimony, or argument concerning aspects of Apple's global operations that are irrelevant to the claims and technologies at issue in this case, including Apple's

Wilmer Cutler
Pickering Hale
and Dorr LLP

foreign operations, its overall financial performance, and any purported systematic recruitment of Plaintiffs' former employees.

Dated: February 27, 2022                    Respectfully submitted,


                                            MARK D. SELWYN
                                            AMY K. WIGMORE
                                            JOSHUA H. LERNER
                                            JOSEPH J. MUELLER
                                            SARAH R. FRAZIER
                                            NORA Q.E. PASSAMANECK
                                            THOMAS G. SPRANKLING
                                            WILMER CUTLER PICKERING HALE AND
                                            DORR LLP

                                            BRIAN A. ROSENTHAL
                                            GIBSON, DUNN & CRUTCHER LLP

                                            KENNETH G. PARKER
                                            HAYNES AND BOONE, LLP



                                            By:  *Mark D. Selwyn*
                                                 Mark D. Selwyn


                                            *Attorneys for Defendant Apple Inc.*

1  <u>**CERTIFICATE OF COMPLIANCE**</u>

2  The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this

3  brief contains 5,232 words, which [choose one]:

4  <u>X</u>  complies with the word limit of L.R. 11-6.1.

5  ___ complies with the word limit set by court order dated [date].

6

7  Dated: <u>February 27, 2022</u>          Respectfully submitted,

8

9  MARK D. SELWYN
   AMY K. WIGMORE
10  JOSHUA H. LERNER
   JOSEPH J. MUELLER
11  SARAH R. FRAZIER
   NORA Q.E. PASSAMANECK
12  THOMAS G. SPRANKLING
   WILMER CUTLER PICKERING HALE AND
13  DORR LLP
14

15  BRIAN A. ROSENTHAL
   GIBSON, DUNN & CRUTCHER LLP
16

17  KENNETH G. PARKER
   HAYNES AND BOONE, LLP
18

19

20  By:  <u>*Mark D. Selwyn*</u>
        Mark D. Selwyn
21

22  *Attorneys for Defendant Apple Inc.*

23

24

25

26

27

28