# EXHIBIT 5

Mark O. Morris (4636)
Matthew L. Lalli (6105)
Amy F. Sorenson (8947)
SNELL & WILMER L.L.P.
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1907
E-mail: mmorris@swlaw.com
 mlalli@swlaw.com
 asorenson@swlaw.com

*Attorneys for Plaintiffs*

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, MICHAEL SMITH, JEFF WILLIAMS, and KRISTI CARRELL,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE FATCO FROM INTRODUCING ITS THREE EXHIBITS TITLED "FIRST AMERICAN TITLE EMPLOYEES TAKEN"**<br><br>Civil No. 2:15-cv-00229<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

The Court should deny Defendants' Motion for the following reasons.

Defendants first claim that the Exhibits[1] are misleading and should be excluded because First American has not pleaded a claim for "taking employees." In fact, First American's Complaint repeatedly alleges that Defendants' numerous breaches of contract and intentional and malicious commission of business torts against First American constitute (among other things) the improper – and successful – solicitation of First American employees. These allegations were pleaded, litigated, and discovered, extensively.[2] The word "taken" in the context of these

---

[1] The Exhibits at issue are attached as **Exhibit A**.
[2] *See, e.g.,* Compl., ECF No. 2, ¶ 107 ("Just as Northwest Title took First American's employees, it also induced First American's customers to leave cause First American to lose substantial business."); ¶ 203 ("Northwest Title intentionally, maliciously, and improperly interfered with First American's valid business expectancy in and to certain of its client relationships. It did so

25166721

Exhibit 5
Page 1

allegations is not misleading, it is succinct. Nothing requires Plaintiffs to spell out, on a demonstrative chart meant to aid the jury in its understanding of the evidence, that the employees were "wrongfully and successfully solicited" or any other such formulation.

Second, in complex commercial trials like this one, "charts and demonstratives are often necessary to follow the testimony."[3] As Defendants are aware, First American alleges that Defendants improperly and successfully solicited (or "took") − some twenty-eight First American employees, from six different locations, in violation of multiple contracts and tort law. The Exhibits therefore illustrate for the jury (1) the name, titles, and office locations of each of the former First American employees taken, as compared to those employees' office locations and job titles at First American; (2) which of the former First American employees were taken as the result of Mike Smith's efforts, which were taken as the result of Doug Smith's efforts, and which of the former First American employees were contacted by both Mike Smith and Doug Smith; and (3) a summary chart showing only the names and titles of the former First American employees, organized by First American branch, so that the jury can understand which former First American employee came from which branch, which will show the impact of Defendants' actions. The Defendants embarked on a campaign to drain First American of dozens of its employees in seven different offices. These summary Exhibits will aid the jury in understanding and retaining the testimony showing the extent, impact and success of those efforts.

---

through improper means, including soliciting and hiring First American employees with whom First American customers had relationships and using those employees to entice First American's customers to bring their business to Northwest Title.").

[3] *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 174 F.R.D. 479, 483 (D. Colo. 1997); *see also Glossip v. Trammell*, 530 F. App'x 708, 720–21 (10th Cir. 2013) (stating that due to the "large number of witnesses at trial, it was not fundamentally unfair for the trial court to allow the use of posters to assist the jury in understanding, and keeping track of, the testimony" and noting that this was especially true because the opposing party "had the same opportunity to use such demonstrative exhibits, and, in fact, utilized the same technique on several occasions during witness testimony.").

Case 2:15-cv-00229-DN-EJF Document 138 Filed 11/07/16 Page 3 of 4
Case 2:15-cv-00248-DN-DBP Document 341-5 Filed 10/26/17 PageID.5936 Page 3 of 3
#:135991

Third, Defendants ask the Court to exclude the Exhibits under Rule 403 because they misrepresent facts and are based on irrelevant and unsubstantiated information.[4] Tellingly, Defendants fail to identify any such incorrect (much less "irrelevant") factual information in any of the Exhibits.[5] Instead, they advance an argument that a claim of "taking employees" would violate the Utah Constitution and undermine job mobility. Northwest reads too much into the Exhibits. The existence of at will employment does not negate First American's (or any litigant's) right to prove that Defendants here improperly solicited First American employees to join Northwest Title, in violation of contractual obligations and tort law. The summarized evidence and allegations are relevant, accurate, proper and most importantly, helpful.

Finally, while the Exhibits support First American's case, and may prove harmful to Defendants' defenses, this is not "prejudice" at all, much less unfair prejudice or a basis for exclusion − it is trial.[6] "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party."[7] Evidence, to some degree, is "prejudicial or it isn't material."[8] The Exhibits summarize and organize extensive evidence visually. There is no unfair prejudice to the Defendants, and there is no reason to exclude the Exhibits.

DATED: November 7, 2016.

        SNELL & WILMER L.L.P.

        /s/ Matthew L. Lalli
        Mark O. Morris
        Matthew L. Lalli
        Amy F. Sorenson
        *Attorneys for Plaintiffs*

---

[4] *See Glossip*, 530 F. App'x at 720 (citing *Miller v. Mullin*, 354 F.3d 1288, 1295 (10th Cir.2004)).
[5] *See* Fed. R. Evid. 403 (providing that a "court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence") (emphasis added).
[6] *Old Chief v. United States*, 519 U.S. 172, 193-194 (1997) (O'Connor, J., dissenting).
[7] *Id.* (quoting Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 618 (5th Cir. 1977)).
[8] *Id.*