1  MARK D. SELWYN, SBN 244180
       mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
       thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
       HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
       joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
       HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
        amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
        HALE AND DORR LLP
12  2100 Pennsylvania Ave NW
    Washington, DC 20037
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16
17
18

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| 19  MASIMO CORPORATION, a Delaware corporation; and 20  CERCACOR LABORATORIES, INC., a Delaware corporation, 21                    Plaintiffs, 22        v. 23  APPLE INC., 24  a California corporation, 25                    Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) **APPLE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE NO. 1:  PRECLUDE REFERENCES TO OTHER LITIGATIONS AND PROCEEDINGS** Date: Mar. 13, 2023 Time: 1:30pm Pre-Trial Conference: Mar. 13, 2023 Trial: Mar. 28, 2023 |

26
27
28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1
2
JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
3
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
4
  HALE AND DORR LLP
60 State Street
5
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000
6
7
NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
8
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
9
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133
10
11
BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
12
200 Park Avenue
New York, NY 10166-0193
13
Tel.: 212.351.2339 / Fax: 212.817.9539
14
KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
15
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
16
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S REPLY ISO MOTION IN LIMINE NO. 1:  OTHER LITIGATIONS AND PROCEEDINGS
CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

INTRODUCTION...................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.      REFERENCES TO OTHER LITIGATION SHOULD BE EXCLUDED AS
        IRRELEVANT, UNFAIRLY PREJUDICIAL, AND HEARSAY......................................... 2

        A.      Apple's Motion Is Not Overly Broad ...................................................... 2

        B.      Plaintiffs' Litigations Against Nellcor, Philips, and Mindray Should
                Be Excluded ............................................................................................ 3

        C.      Plaintiffs' Litigation Against True Wearables Should Be Excluded......... 7

        D.      Other Proceedings Between The Parties Should Be Excluded............... 12

CONCLUSION......................................................................................................... 14

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Bushaw v. United States,*
    353 F.2d 477 (9th Cir. 1965) .................................................................. 9

*Compuware Corp. v. Health Care Service Corp.,*
    203 F. Supp. 2d 952 (N.D. Ill. 2002) .................................................. 10

*United States v. Curtin,*
    489 F.3d 935 (9th Cir. 2007) (en banc) .............................................. 10

*United States v. Gomez-Gallardo,*
    915 F.2d 553 (9th Cir. 1990) ............................................................... 9

*Grace v. Apple Inc.,*
    2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ........................................ 3

*United States v. Johnson,*
    256 F.3d 895 (9th Cir. 2001) (*en banc*) .............................................. 7

*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ............................................................................ 13

*Masimo Corp. v. Philips Electronic North America Corp.,*
    2015 WL 2379485 (D. Del. May 18, 2015) ..................................... 4, 5

*McCoy v. Kazi,*
    2010 WL 11465179 (C.D. Cal. Aug. 27, 2010) ................................... 3

*Novartis Pharmaceuticals Corp. v. Teva Pharmaceuticals USA, Inc.,*
    2009 WL 3754170 (D.N.J. Nov. 5, 2009) ............................................ 3

*Ohio House LLC v. City of Costa Mesa,*
    2022 WL 2189541 (C.D. Cal. Mar. 28, 2022) (Selna, J.) ...........*passim*

*United States v. Sine,*
    493 F.3d 1021 (9th Cir. 2007) .............................................. 6, 7, 8, 11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Stars & Bars, LLC v. Travelers Casualty Ins. Co. of Am.*,
   2020 WL 4342250 (C.D. Cal. May 28, 2020)......................................................3

*United States v. Verduzco*,
   373 F.3d 1022 (9th Cir. 2004) .............................................................................6

*WorldVentures Mktg., LLC v. Rogers*,
   2018 WL 4169049 (E.D. Tex. Aug. 30, 2018)..................................................10

Wilmer Cutler
Pickering Hale
and Dorr LLP

**INTRODUCTION**

Plaintiffs' opposition confirms that they will try to inject into the trial evidence and argument about other litigations—in which Apple was not a party and was not represented at trial—in an attempt to suggest to the jury that their positions have received the approval of the judicial branch, and this Court in particular. That kind of evidence and argument would be irrelevant, misleading, and highly prejudicial to Apple and so should be excluded under FRE 402 and 403.

For example, although this Court has prohibited Plaintiffs from pressing a collateral estoppel argument based on the outcome of the *True Wearables* litigation, Plaintiffs plan to tell the jury that this Court has found that Marcelo Lamego "violated his confidentiality agreements with Masimo," had access to Masimo's source code, and that Lamego misappropriated "protectable trade secrets" from Masimo. *E.g.*, Opp. 8-10. This is precisely the kind of information that is barred under FRE 402 and 403 because it says "nothing about the merits of this case and would clearly be prejudicial with no counterbalancing evidence of probity." *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (Selna, J.). In any event, factual findings and case outcomes are quintessential hearsay. *Id.* Because Plaintiffs' brief makes clear that they intend to offer these findings for their truth and they do not identify any applicable exception to the hearsay rule, they are barred from relying on them under FRE 802.

Plaintiffs also apparently intend to rely on their past cases against rivals in the medical device space but provide no colorable basis for why those decisions are relevant here. Again, the mere fact that "prior litigants have lost" says nothing about the strength of Plaintiffs' case in this proceeding, *Ohio House*, 2022 WL 2189541, at *2 — particularly given that, as Plaintiffs' opposition takes pains to point out, the *Nellcor*, *Philips*, and *Mindray* cases involved patent litigation rather than trade secrets. Plaintiffs now assert for the first time that *Apple* formed a positive opinion about Plaintiffs based

Wilmer Cutler
Pickering Hale
and Dorr LLP

on these prior suits.  Plaintiffs identify nothing in the record to support this point.  The mere fact that two, decade-old Apple slide decks briefly reference certain patent and anti-trust litigations (in the context of providing neutral, factual background about Masimo and other medical device companies) says nothing about any opinion Apple held of Masimo or its technology.

Finally, Plaintiffs improperly use their opposition brief to seek affirmative relief, asking this Court to either bar Apple from introducing testimony and evidence that Plaintiffs copied Apple Watch when designing their W1 smartwatch or grant Plaintiffs leave to bring in an irrelevant ITC decision that they claim already concluded there was no such copying.  Plaintiffs are wrong on the law and the facts.  They identify no authority that allows them to receive relief without filing their own motion and, in any event, the ITC ALJ had no occasion to resolve the copying question.

ARGUMENT

## I.     REFERENCES TO OTHER LITIGATION SHOULD BE EXCLUDED AS IRRELEVANT, UNFAIRLY PREJUDICIAL, AND HEARSAY

### A.     Apple's Motion Is Not Overly Broad

Plaintiffs attack a strawman by arguing (Opp. 4) that Apple's motion seeks to exclude wide swathes of relevant evidence simply because it was presented in another proceeding.  In reality, Apple's opening brief acknowledged the parties' agreements regarding limited cross-use of evidence and agreed that such evidence can be introduced when it is independently admissible in this case.  Mot. 3.  What Plaintiffs cannot do is reference the fact that the evidence was used elsewhere, since that additional information has no relevance to this proceeding.  Mot. 3 & n.2; *see also Ohio House*, 2022 WL 2189541, at *3 (instructing that "any testimony from a prior case" that is admissible "be described as 'sworn testimony given in a prior proceeding'" rather than identifying where).

Wilmer Cutler
Pickering Hale
and Dorr LLP

To the extent that Plaintiffs implicitly argue that it is improper to seek the exclusion of references to prior and collateral litigation in general, they identify no case law that bars such an approach where—as here—the moving party has provided specific examples of the kinds of other proceedings to exclude.  To the contrary, both of Plaintiffs' cited cases concern requests that sought exclusion of a vague category of evidence "without identifying specific evidence."  *Stars & Bars, LLC v. Travelers Casualty Ins. Co. of Am.*, 2020 WL 4342250, at *4 (C.D. Cal. May 28, 2020); *see also McCoy v. Kazi*, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) ("Plaintiffs provide no detail on what specific complaints they want to exclude or their subject matters.").  In contrast, courts routinely grant motions like the one at issue here, which seek a straightforward ruling that no party can refer to the existence of or rulings from other litigations.  *See, e.g.*, *Ohio House*, 2022 WL 2189541, at *2; *Grace v. Apple, Inc.*, 2020 WL 227404, at *3 (N.D. Cal. Jan. 15, 2020) ("The Court finds that the probative value of the prior patent infringement lawsuits and verdicts is minimal and is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time."); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations under, inter alia, FRE 402, 403, and 802, because such evidence is "likely to result in unfair prejudice, confusion and undue delay").

**B.     Plaintiffs' Litigations Against Nellcor, Philips, and Mindray Should Be Excluded**

As Apple explained, Plaintiffs' intellectual property litigations against other companies have no bearing on any claim or defense, would be inadmissible hearsay if offered to prove facts about the state of the pulse-oximeter industry at various times, and

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    "would clearly be prejudicial [to Apple] with no counterbalancing probity," *Ohio House*,

2    2022 WL 2189541, at *2.[1]  Mot. 2-4.

3          Plaintiffs' opposition confirms that they will try to introduce details about their

4    purported litigation victories against Nellcor, Philips, and Mindray and suggest to the

5    jury that it should follow the others in vindicating Plaintiffs' intellectual property rights.[2]

6    This is precisely the tact that Plaintiffs' lead counsel took in Masimo's trial against

7    *Philips*—i.e., personalizing his role in trying Masimo's earlier case against Nellcor,

8    lionizing the *Nellcor* jury for protecting a "small little company" from bigger players,

9    and arguing that an issue then-pending before the jury had been "resolved once and for

10   all" by the *Nellcor* jury.  *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 2015 WL 2379485,

11   at *13-18 (D. Del. May 18, 2015).  Judge Stark found this behavior constituted "attorney

12   misconduct" and admonished Masimo's counsel for his "decision to walk up to the line

13   the Court had drawn and, several times, step right over it," behavior that the court

14   speculated could be "intentional maneuvers" rather than "mere missteps."  *Id.* at *19.

15   During the trial, Masimo's lead counsel repeatedly violated Judge Stark's order, starting

16   in his opening statement, continuing during the direct examination of Masimo's CEO

17   Joe Kiani, and going through to his closing argument.  *See id.*

18         Plaintiffs' suggestion that the record in *Philips* concerning the admissibility of

19   references to *Nellcor* supports their position has it exactly backwards.  In *Philips*, the

20   court issued a pre-trial order excluding "[a]ny … details of the *Nellcor* litigation …

21   under Rule 403" except certain discrete "facts [that were] necessary to allow the parties'

---

[1] Plaintiffs try to distinguish *Ohio House* as only addressing relevance and too fact-bound to bear on this motion, but they misrepresent this Court's holdings.  Opp. 12. *Ohio House* makes a general point that it is irrelevant how others have fared against a party while litigating similar claims, and the Court squarely holds that "present[ing] to the jury prior [judicial] rulings … would be hearsay." *Id.*

[2] Plaintiffs' point (Opp. 5) that all three cases were patent suits rather than trade secret suits *supports* Apple's position that these matters are irrelevant to this case, as they necessarily involved different kinds of allegations and evidence.

Wilmer Cutler
Pickering Hale
and Dorr LLP

experts to put [on] their damages analyses" and to explain "the impact the *Nellcor* litigation had on the … the value of Masimo's patents." *Masimo*, 2015 WL 2379485, at *14.

While *Nellcor* at least had some marginal relevance to *Philips*, Plaintiffs have not provided a meaningful foundation for how *Nellcor*, *Philips*, or *Mindray* could be relevant to any factual dispute in this trial. They are not. None even involved trade secrets, let alone the trade secrets asserted here. Plaintiffs suggest that the outcomes of Masimo's litigations against *Nellcor*, *Philips*, and *Mindray* are relevant because, when ███████████████████████████████████████████████████ ███████████████████████████████████████████ Opp. 5. But Plaintiffs' assertion lacks any basis in the record. The cited evidence consists entirely of ███████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ *See* Opp. 5-6. Nothing █████████████ suggests that ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████ Opp. 5-6.[3]

Plaintiffs should not be permitted to present their background story through the lens of other courts' opinions and other juries' verdicts, as Plaintiffs' opposition makes clear they intend to do. *See, e.g.*, Opp. 6 ("As other courts have recognized, … Masimo's technology was the gold standard in the industry, particularly after *Nellcor*." (citing *Philips*, 2015 WL 2379485, at *19)). Even assuming the underlying facts were relevant, it would be unfairly prejudicial for Plaintiffs to bolster their presentation by trading on

_____

[3] Plaintiffs also argue relevance based on the fact that Apple designated a portion of Marcelo Lamego's deposition that referenced *Nellcor*. To be clear, the designation is about ██████████████████████████ and merely includes an eight-word aside to *Nellcor*. *See* Opp. 7; Ex. I, at 123. To the extent such a fleeting reference matters to this Court's analysis, Apple withdraws the designation.

the authority and respect the jury will accord to statements from other federal courts. Pursuant to FRE 402 and 403, the Court should therefore preclude Plaintiffs from introducing findings and opinions from other courts.

Plaintiffs relatedly assert (without authority) that facts about prior litigations are admissible at trial because references to the litigations appear in "Apple's own documents." Opp. 6. But again, the mere fact that ███████████████████ ███████████████████ says nothing about whether those cases are relevant to this proceeding and does not somehow make them admissible. Plaintiffs should be required to redact all references to litigation from exhibits admitted into evidence and/or published to the jury, including those cited in their Opposition. *See United States v. Verduzco*, 373 F.3d 1022, 1033 (9th Cir. 2004) (affirming exclusion of evidence as irrelevant and under FRE 403 where the proponent "laid" "insufficient foundation … to support the testimony's relevance").

Finally, even if the findings and rulings from *Nellcor*, *Philips*, *Mindray*, and any other intellectual property litigation in which Masimo was involved were relevant and not unduly prejudicial, they are inadmissible hearsay. Mot. 3-4. Plaintiffs' assertion that "Masimo does not offer these cases as evidence of patent validity or infringement," Opp. 7, misses the point. An out-of-court statement is hearsay if "a party offers [it] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Offering findings and judgments of prior cases containing facts about Masimo's business and the pulse oximetry industry "to show Apple's reasons for pursuing Masimo," and "to explain Masimo's growth as a leader in pulse oximetry technology" (Opp. 7) *is* an attempt "to prove the truth of those findings and that analysis" and "to prove the truth of the matters asserted in the judgment," both of which "constitutes the use of hearsay," *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *see also Ohio House*, 2022 WL 2189541, at *2 ("To the extent the City wishes to present to the jury the actual prior rulings, such evidence would be hearsay.").

Wilmer Cutler
Pickering Hale
and Dorr LLP

Plaintiffs wrongly assert that *Sine* is "dicta."  Opp. 13.  To the contrary, the admissibility of a judicial order from another litigation was the "primary complaint on appeal" in *Sine* (i.e., "that the government repeatedly used factual findings contained in [an] order [from another case] during its cross-examination of Sine").  *Sine*, 439 F.3d at 1026.  Moreover, the quoted passage came from a section that concluded "unless the order comes within a hearsay exception recognized by the Federal Rules of Evidence, the reference to the order should not have been allowed … and *we hold* that none is available."  *Sine*, 493 F.3d at 1036 (emphasis added).  In fact, the Court expressly "agree[d] with the Fourth, Tenth, and Eleventh Circuits that judicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists." *Id.*

To the extent that Plaintiffs are arguing that the language from *Sine* was dicta because the Ninth Circuit ultimately affirmed the decision below on plain error review, they are incorrect. The Ninth Circuit has long held that "[w]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (*en banc*).  Because, as in *Sine*, no hearsay exception is available to Plaintiffs here, the findings and judgments from Masimo's prior intellectual property litigations should be excluded under FRE 802.

## C.    Plaintiffs' Litigation Against True Wearables Should Be Excluded

As Apple explained, the findings and rulings from *True Wearables* are irrelevant because they involve other asserted trade secrets and the conduct of other defendants, they are highly and unfairly prejudicial because their admission would likely give the jury the impression that the Court favors Plaintiffs, and, at a minimum, the findings are impermissible hearsay.  Mot. 3-6.  Plaintiffs' arguments to the contrary are unavailing.

Wilmer Cutler
Pickering Hale
and Dorr LLP

*First*, Plaintiffs place heavy emphasis on the fact that Apple designated a few snippets from Lamego's deposition that touch on *True Wearables*.  Opp. 7-10.  As an initial matter, Apple's designations from Lamego's deposition are now likely moot, because Plaintiffs have subpoenaed Lamego to testify live.  *See* Ex. 1; Opp. 8 n.3.  Even if they were not, Apple agrees to withdraw the challenged designations if it means that Plaintiffs are not permitted to raise *True Wearables*' findings and outcome.

More broadly, while Plaintiffs cite four designated portions of transcript as having "put *True Wearables* at issue," only one clause of one sentence of testimony (Ex. I at 108:8) mentions the *True Wearables* litigation at all.  *Id.*  This passing reference hardly renders the entire *True Wearables* litigation relevant.  And even if it did, "the 'opening the door' doctrine is not so capacious as to allow the admission of *any* evidence made relevant by the opposing party's strategy, without regard to the Federal Rules of Evidence," *Sine*, 493 F.3d at 1037, and FRE 403 and FRE 802 would still bar the admission of the *True Wearables* findings and outcome.  *See infra* pp. 11-12.

*Second*, Plaintiffs contend that *True Wearables* is relevant because the evidence and factual findings go to Marcelo Lamego's credibility and can be used for impeachment purposes.  Opp. 7-11.  As a threshold matter, Plaintiffs have no answer to Apple's argument that if they wish to impeach Dr. Lamego based on prior testimony, they could do so without identifying where that testimony came from.  Mot. 3 n. 2; *see also supra* p. 2.  In any event, Plaintiffs have not established that *True Wearables* provides a proper basis for impeachment.  The plain text of FRE 608(b) (the only authority they cite) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," except that "the court may, *on cross-examination*, allow them to be inquired into if they are probative of [the witness's] character for truthfulness or untruthfulness."  Fed. R. Evid. 608(b) (emphasis added).  While a party is obviously entitled to impeach its own witness, *see* Fed. R. Evid. 607, a litigant "must not knowingly

Wilmer Cutler
Pickering Hale
and Dorr LLP

1    elicit testimony from a witness in order to impeach him with otherwise inadmissible

2    [evidence]," *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990).

3           Here, Plaintiffs are the ones calling Dr. Lamego as a witness.  Plaintiffs appear to

4    assume that Dr. Lamego's testimony will conflict with the Court's *True Wearables*

5    findings and be contrary to Plaintiffs' trial narrative, but "impeachment is not permitted

6    where it is 'employed as a guise for submitting to the jury substantive evidence that is

7    otherwise unavailable.'" *Gomez-Gallardo*, 915 F.2d 553, 555 (quoting *United States v.*

8    *Peterman*, 841 F.2d 1474, 1479 (10th Cir.1988)).   That is because the "maximum

9    legitimate effect of the impeaching testimony can never be more than the cancellation

10   of the adverse answer by which the party is surprised." *Id.*   Since the Court's prior

11   rulings and findings are inadmissible hearsay and extremely prejudicial, *see infra* pp.

12   11-12, permitting them to come in to supposedly impeach Dr. Lamego's testimony

13   would provide an effect beyond "cancel[ing] … the adverse answer" that Plaintiffs are

14   expecting. *Id.*

15          To the extent Dr. Lamego provides specific testimony about a ***fact*** issue that is

16   inconsistent with ***his*** specific *True Wearables* testimony about that same fact issue, Dr.

17   Lamego could be impeached with his prior inconsistent statement.   But any such

18   impeachment should be done in a generic way—e.g., asking Dr. Lamego if he has given

19   "prior sworn testimony," and then using his earlier testimony without referring to the

20   trial in the *True Wearables* case.  Dr. Lamego should not be shown ***Court findings*** or

21   anything other than his own prior statements about facts.   And even the use of Dr.

22   Lamego's own prior testimony must be limited to specific, unanticipated contradictions

23   on targeted fact issues. *Cf. Bushaw v. United States*, 353 F.2d 477, 481 (9th Cir. 1965)

24   (stating a "party 'is not permitted to get before the jury, under the guise of impeachment,

25   an *ex parte* statement of a witness, by calling him to the stand when there is good reason

26   to believe he will decline to testify as desired, and when in fact he only so declines'").

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Third*, Plaintiffs argue that *True Wearables* is relevant under FRE 404(b) because it shows "Lamego's prior bad acts."  Opp. 8.  But FRE 404(b) can never make evidence relevant, because it does not create an exception to FRE 402 and 403's general bar on irrelevant or unduly prejudicial evidence.  The Ninth Circuit has made clear that "Rule 404, which … deals with 'character' evidence, and its subsection 404(b) … *is not* a different pathway to the admission of evidence [from FRE 402]"; it is "simply a specific qualification of the general rule of admissibility of all relevant evidence."  *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc) (emphasis added); *id.* at 944 (even relevant evidence that falls under FRE 404(b) is still subject to FRE 403).  FRE 404 thus does not provide a standalone basis for relevance.[4]

*Fourth*, Plaintiffs contend *True Wearables* is relevant because it shows that they have previously taken affirmative steps to protect their purported trade secrets.  Opp. 10.  But Plaintiffs concede in the very next breath that *True Wearables* involved *different* trade secrets than those at issue in this case.  *Id.* ("[N]one of the trade secrets at issue in this case were at issue in *True Wearables*[.]").  And to the extent that Plaintiffs merely want to show that they have filed suit to protect their intellectual property in the past, they fail to explain why they cannot make that basic point without providing specific case names.  Indeed, even the out-of-circuit case law Plaintiffs rely upon for this argument merely mentions that there was prior litigation (or there was no prior litigation) without going into any detail.  *See, e.g.*, *WorldVentures Mktg., LLC v. Rogers*, 2018 WL 4169049, at *6 (E.D. Tex. Aug. 30, 2018) (noting in passing that plaintiff had "br[ought] suit to enforce [its non-disclosure] agreements"); *Compuware Corp. v. Health Care*

---

[4] Plaintiffs mislead when they suggest that *Curtin*'s statement that "404(b) is a rule of inclusion" means that it is an exception to the normal rules of evidence.  *See* Opp. 3 (quoting *Curtin*, 489 F.3d at 944).  In context, *Curtin* was merely comparing FRE 404(b) to FRE 404(a), which states the general rule that character evidence is inadmissible.  489 F.3d at 944.

Wilmer Cutler
Pickering Hale
and Dorr LLP

*Serv. Corp.*, 203 F. Supp. 2d 952, 958 (N.D. Ill. 2002) (noting that the "undisputed evidence shows that these [non-disclosure agreements] were not enforced").

In any event, even if *True Wearables*'s outcome and findings had some modicum of relevance to this case—they do not, because the jury in this case must conduct its own independent fact-finding—they are barred under FRE 802 (because they are hearsay) and FRE 403 (because they are unfairly prejudicial).  As to the former, "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay."  *Sine*, 493 F.3d at 1036.  Notably, "[t]he concern about evidence that is neither based on personal knowledge nor subject to cross-examination …is even more pronounced when dealing with statements that recapitulate in detail others' testimony and declarations." *Id.*  These are precisely the kinds of judicial statements that Plaintiffs highlight as the examples of how they propose to use this Court's *True Wearables* opinions.  *See, e.g.*, Opp. 8-9 (proposing to impeach Dr. Lamego's testimony that ███████████████████████████ ████████ with the Court's *True Wearables* finding that he did); Opp. 9-10 (proposing to use the Court's *True Wearables* findings that "Lamego's prior story of independent development [was] not credible" and that "Lamego was 'disgruntled' towards Masimo and Cercacor" to undermine his "credibility, integrity, and honesty").  Plaintiffs' sole response is that they do not intend to rely upon *True Wearables*'s findings for their truth, Opp. 11, but each of the examples is only meaningful if it is taken as true.  For example, if Plaintiffs are not actually arguing that Dr. Lamego was "disgruntled" when he left Masimo and Cercacor, then the finding would have no bearing on his credibility, integrity, and honesty.

As to FRE 403, Plaintiffs' only answer for why the references to *True Wearables* would not be unduly prejudicial is that this case does not involve precisely the same parties as that one.  Opp. 10.  But this is an artificial distinction.  As the rest of Plaintiffs' brief makes clear, there are, at a minimum, overlapping issues between the two suits—

Wilmer Cutler
Pickering Hale
and Dorr LLP

such as, for example, what information Dr. Lamego had access to while working for Plaintiffs and what he did with that information after he left their employ. *See* Opp. 7-11. In fact, Plaintiffs have previously (albeit unsuccessfully) suggested that the two cases are so intertwined that Apple should be bound by this Court's findings in *True Wearables*. *See generally* Dkt. 896. Given this overlap—and Plaintiffs' prior attempt to argue for collateral estoppel—there is a very real risk that the jury would be inclined to defer to this Court's prior conclusions despite the different facts and issues at play in this case, particularly once the jury learns that *True Wearables* was tried before this Court in a bench trial. Worse, as Apple previously explained, allowing the jury to review this Court's prior findings would "'impart[]'" to Plaintiffs this Court's "'prestige, dignity, and authority.'" Mot. 5 (quoting *Sine*, 493 F.3d at 1034). Plaintiffs have no answer.

### D.   Other Proceedings Between The Parties Should Be Excluded

Apple specifically identified three other sets of litigations for exclusion: the litigations pending in the District of Delaware, *Apple Inc. v. Masimo Corp.*, No. 22-cv-1378 (D. Del. 2022); *inter partes* review proceedings before the U.S. Patent and Trademark Office; and ongoing proceedings before the International Trade Commission ("ITC"), *Certain Light-Based Physiological Measurement Devices And Components Thereof*, Inv. No. 337-TA-1276, USITC (Jan. 10, 2023). *See* Mot. 4 n.4. There is apparently no dispute as to the Delaware litigations or *inter partes* review—Plaintiffs have now agreed not to raise either category of proceedings. *See* Opp. 12.

As for the ITC proceedings, Plaintiffs appear to seek affirmative relief through their opposition brief by asking the Court to "exclude" as irrelevant allegations that Masimo copied aspects of Apple Watch when making their W1 watch. Opp. 11. If Plaintiffs want relief, however, they were required to file their own motion. *See* Dkt. 726 at 4 n.1 (rejecting Plaintiffs' request for "reciprocal relief" because it was "not [properly] before the Court" when ruling on Apple's motion). In any event, evidence

that Plaintiffs copied Apple Watch is relevant to any number of issues, including damages (since Plaintiffs' lost profits theory relies in part on sales of W1) and whether Plaintiffs possessed their purported trade secrets or copied them from Apple.

Plaintiffs also argue that they should be allowed to discuss the ITC proceeding if Apple raises the fact that Plaintiffs copied Apple Watch because "Apple made the same arguments" in front of the ITC "without success." Opp. 11. Plaintiffs provide no citation for this point—and it is simply wrong. Apple had no occasion to ask the ITC ALJ to resolve whether W1 copies Apple Watch. Rather, that case involved only allegations of infringement made by Masimo against Apple, and the ALJ's only copying-related findings were that there was "no significant credible evidence that Apple copied Masimo's patented technology" and that Masimo's allegations of copying "lack[ed] evidentiary support," were "purely speculative," and were "insufficient to demonstrate copying." *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-1276, Final Initial Determination, EDIS No. 789795 at 153 (Jan. 10, 2023).

Even if there were some overlap between the issues decided in the ITC proceeding and Apple's arguments at trial (there is not), Plaintiffs provide no argument for why evidence about the ITC rulings would be admissible in light of the relevance, hearsay, and FRE 403 problems discussed above. Plaintiffs are plainly wrong when they argue (without citation to legal authority) that they "should be free to offer evidence of those inconsistencies" between positions Apple takes at trial and positions it has taken elsewhere. Opp. 12. There are specific requirements for when a party may be estopped from advancing a position inconsistent with one taken in another proceeding, *see, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001), and absent estoppel, arguments a party makes in another proceeding are not relevant to any factual dispute at trial. Plaintiffs have not identified any estoppel doctrine that would apply here.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

CONCLUSION

2    Apple therefore respectfully requests that the Court grant its motion to preclude

3 Plaintiffs from offering any evidence, testimony, or argument about or making any

4 reference before the jury to any other litigation or proceeding.

5

6 Dated:  February 27, 2023          Respectfully submitted,

7

8                                    MARK D. SELWYN
                                     JOSEPH J. MUELLER
9                                    AMY K. WIGMORE
                                     JOSHUA H. LERNER
10                                   SARAH R. FRAZIER
11                                   NORA Q.E. PASSAMANECK
                                     THOMAS G. SPRANKLING
12                                   WILMER CUTLER PICKERING HALE AND
13                                   DORR LLP

14                                   BRIAN A. ROSENTHAL
15                                   GIBSON, DUNN & CRUTCHER LLP

16                                   KENNETH G. PARKER
17                                   HAYNES AND BOONE, LLP

18

19

20                                   By:  /s/ Mark D. Selwyn
                                         Mark D. Selwyn
21

22                                   Attorneys for Defendant Apple Inc.

23

24

25

26

27

28

1

# <u>CERTIFICATE OF COMPLIANCE</u>

2    The undersigned, counsel of record for Defendant Apple, Inc., certifies that this

3 brief contains 4,494 words, which:

4    <u>X</u>  complies with the word limit of L.R. 11-6.1.

5    ___ complies with the word limit set by court order dated [date].

6

7 Dated:<u> February 27, 2023</u>          Respectfully submitted,

8

9                      MARK D. SELWYN
                       JOSEPH J. MUELLER
10                     AMY K. WIGMORE
                       JOSHUA H. LERNER
11                     SARAH R. FRAZIER
                       NORA Q.E. PASSAMANECK
12                     THOMAS G. SPRANKLING
                       WILMER CUTLER PICKERING HALE AND
13                     DORR LLP

14

15                     BRIAN A. ROSENTHAL
                       GIBSON, DUNN & CRUTCHER LLP
16

17                     KENNETH G. PARKER
                       HAYNES AND BOONE, LLP
18

19

20                     By: <u>*/s/ Mark D. Selwyn*</u>
                           Mark D. Selwyn
21

22                     *Attorneys for Defendant Apple Inc.*

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP