Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continue on next page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>)<br>) **MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S APPLICATION TO FILE UNDER SEAL THE JOINT EXHIBIT LIST**<br>)<br>)<br>)<br>) Date:      March 13, 2023<br>) Time:      1:30 p.m.<br>) Location:  Courtroom 10C<br>)<br>)<br>) |

1    Mark D. Kachner (Bar No. 234,192)
     mark.kachner@knobbe.com
2    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
     1925 Century Park East, Suite 600
3    Los Angeles, CA 90067
     Telephone: (310) 551-3450
4    Facsimile: (310) 551-3458
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal the Joint Exhibit List.

## I.     LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged *trade secret* by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.     ARGUMENT

The document Masimo seeks to seal contains information that one or both of the parties consider confidential. The Joint Exhibit List contains numerous descriptions of both parties' confidential documents, including information related to Masimo's trade secrets and descriptions of documents containing information related to Masimo's trade secrets. Kahf Decl. ¶ 4. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Masimo would be harmed if it were disclosed. *Id.* In addition, the Joint Exhibit List contains descriptions of documents Apple designated as

-1-

1   "Highly Confidential – Attorneys' Eyes Only." *Id.* ¶ 5.  Masimo respectfully requests

2   the Court seal this document based on Apple's representation of its confidentiality.

3          Courts seal documents where, as here, disclosure "will cause competitive harm."

4   *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial

5   process, be permitted to access Masimo's confidential information that they "could not

6   obtain anywhere else." *Id.* at 1229.  For instance, Masimo's competitors would not be

7   able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III.   CONCLUSION

9          For the reasons discussed above, Masimo respectfully requests that the Court seal

10  the Joint Exhibit List.

                                  Respectfully submitted,

                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  February 27, 2023         By:  */s/ Baraa Kahf*
                                       Joseph R. Re
                                       Stephen C. Jensen
                                       Benjamin A. Katzenellenbogen
                                       Perry D. Oldham
                                       Stephen W. Larson
                                       Mark D. Kachner
                                       Adam B. Powell
                                       Kendall M. Loebbaka
                                       Justin J. Gillett
                                       Daniel P. Hughes

                                       Attorneys for Plaintiffs
                                       MASIMO CORPORATION and
                                       CERCACOR LABORATORIES, INC.

-2-