UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 17, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Redacted Order Regarding Request for Hearing [1293]**

Before the Court is a request for hearing by Defendant, Apple Inc. ("Apple"). (Request, Dkt. No. 1293.) On February 3, 2023, the Court granted Plaintiffs', Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"), motion for "limited discovery as to reasonable royalties for the alleged misappropriation related to Apple's AirPods products." (Order, Dkt. No. 1267 ("AirPods Order").)

For the following reasons, the Court **DENIES** the request for hearing. The Court amends its prior Order at Docket No. 1267, and **DENIES** Plaintiffs' motion at Docket No. 1109.

**I. BACKGROUND**

The AirPods Order was issued February 3, 2023, as a Minute Order. On February 6, 2023, the Court heard oral argument on related motions but not on the AirPods Order. (Dkt. No. 1274.) During the hearing, Apple requested the Court's permission to file supplemental briefing regarding Apple's concerns "with the implications of [the AirPods Order] for the trial . . . ." (Rep. Tr. 47:10–21, Feb. 6, 2023.) The Court granted the request. (Id. 47:22–23.) Both parties filed supplemental briefing.

Following Apple's late disclosure of certain documents, Plaintiffs deposed one of Apple's engineering managers. (AirPods Order at 4.) Subsequently, on November 2, 2022, Dr. Madisetti provided a supplemental report stating AirPods incorporate ███ (Supplemental Expert Report, Ex. 20, Dkt. No. 1175-15 (unsealed), ¶¶ 8, 18.) Apple's expert, Dr. Warren, rebutted Dr. Madisetti's opinion. (Plaintiffs' Supplemental Brief, Ex. 30, Dkt. No. 1286-3 (unsealed), ¶ 184.) Plaintiffs then filed the motion for limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                            Date  February 17, 2023

Title      Masimo Corporation et al. v. Apple Inc.

discovery to allow their damages expert to amend his opinion. The AirPods Order found Plaintiffs were diligent in amending their expert reports, in part based on the late production of documents. (AirPods Order at 4.)

## II. LEGAL STANDARD

A district court has inherent authority to modify interlocutory orders prior to entry of final judgment. Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (italics omitted)).

## III. DISCUSSION

The AirPods Order permitted Plaintiffs to conduct *limited* discovery as to the reasonable royalty determination. Plaintiffs were permitted to seek discovery only for information to determine the issue of reasonable royalty (e.g., financial information). (See Motion, Dkt. No. 1109, at 1 (seeking "discovery relevant to calculating a royalty for [AirPods] misappropriation [because] Masimo was unable to provide a supplemental damages expert report addressing the AirPods misappropriation").

The Court previously stated the parties may not use an expert report to introduce new legal theories not previously disclosed in the parties' contentions. (Apple's Supplemental Brief, Ex. P at 10–11.) Apple argues the AirPods Order "inadvertently opened the door to allowing Plaintiffs to proceed on an insufficiently disclosed and substantively unsupported AirPods *liability* theory." (Apple's Supplemental Brief, Dkt. No. 1279 (sealed); Dkt. No. 1278 (unsealed), at 2 (italics and bold in original).) Specifically, Apple argues the AirPods Order "implicates a 'new legal theor[y] . . . raised after the close of discovery[.]'" (Id. at 2–3.)

Plaintiffs contend Apple misappropriated ▇▇▇ in AirPods. (Plaintiffs' Supplemental Brief at 1.) ▇▇▇ focuses on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The key inquiry is whether Plaintiffs are now trying to use the issue of reasonable royalty to introduce a new legal theory of misappropriation of ▇▇ and AirPods. The AirPods Order held Masimo was diligent. See City of Pomona v. SQM N. Am. Corp., 866 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 17, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

1060, 1066 (9th Cir. 2017). While the analysis of Plaintiffs' diligence is relevant, it is not the same. The AirPods Order found Plaintiffs were diligent in the context of "obtaining discovery," it did not address diligence in addressing new legal theories. (AirPods Order at 2–5.)

The ███ trade secret, as agreed by both parties, recites: ███████████████████████████████████████████████████████████████████████████████ (Mot. at 3; Opp'n at 4.) Apple contends AirPods do not measure physiological measurements such as blood pressure, temperature, heart rate, oxygen etc. (Apple's Supplemental Brief at 4; Opp'n at 11.)

Plaintiffs primarily argue AirPods encompass ███ in two ways: through the implementation of the ███████████████ and the ███████████████████████████████████ (Plaintiffs' Supplemental Brief at 10–12.) The parties dispute whether the ███████████████ and Jack Fu's ("Fu") testimony about ███████████████████████ (Id.; Apple's Supplemental Brief at 9–10; Request at 1.) But this is a distinction without a difference. At best, Fu's testimony implicates ██████ ███████████████ And the deposition testimony regarding ███████ was in reference mainly to the Apple Watch. Even if one were to concede the aforementioned functions are ███████████████████ they do not implicate an important aspect of ███████████████████████████████████████████████ ████████████████████████████████████████. For example, Dr. Madisetti stated AirPods use ███, but fails to explain further. (Mot., Ex. 20, at 8.) Plaintiffs have not otherwise demonstrated how the alleged misappropriation with respect to AirPods is within the scope of ███.

The inclusion of a misappropriation theory with respect to ███ and AirPods would effectively allow Plaintiffs' to amend the scope of its trade secrets. The Court has previously declined to allow Plaintiffs to do as much in other contexts. (See Order, Dkt. No. 895, at 4.) In light of the new developments, the Court finds it necessary to amend its prior order to deny Plaintiffs' request to seek discovery as to the reasonable royalty determination for AirPods. Based on the foregoing, the Court finds allowing this new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | February 17, 2023 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

legal theory would prejudice Apple as trial is imminent. Further discovery would not lead to relevant evidence. Accordingly, the factors as discussed in City of Pomona, weigh against amending the pretrial schedule.

### IV. CONCLUSION

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. For the foregoing reasons, the Court **DENIES** the request for hearing. The Court amends its prior Order at Docket No. 1267, and **DENIES** Plaintiffs' motion at Docket No. 1109.

**IT IS SO ORDERED.**