Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
baraa.kahf@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
justin.gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.

[Counsel appearances continue on next page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING THE JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER**<br><br>Date: March 13, 2023<br>Time: 1:30 p.m.<br>Location: Courtroom 10C |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal:

(1) Portions of the Joint [Proposed] Pretrial Conference Order ("Pretrial Conference Order");

(2) Exhibits A and B to the Pretrial Conference Order; and

(3) Appendices 1 and 2 to the Pretrial Conference Order.

Masimo has provided a proposed redacted version of the Pretrial Conference Order.

## I.   LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged **trade secret** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.   ARGUMENT

The documents Masimo seeks to seal contain information that one or both of the parties consider confidential. Portions of the Pretrial Conference Order discuss or describe several of Masimo's trade secrets, including by describing the trade secrets themselves, or by describing exhibits and witness testimony relating to the trade secrets.

Kahf Decl. ¶ 5. Exhibits A and B to the Pretrial Conference Order contain descriptions of the trade secrets Masimo will present at trial. *Id.* ¶ 6. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Appendices 1 and 2 to the Pretrial Conference Order contain numerous descriptions of both parties' confidential documents, including information related to Masimo's trade secrets and descriptions of documents containing information related to Masimo's trade secrets. *Id.* ¶ 7. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.* In addition, Appendices 1 and 2 contain descriptions of documents Apple designated as "Highly Confidential – Attorneys' Eyes Only." *Id.* ¶ 8. Masimo respectfully requests the Court seal these documents based on Apple's representation of their confidentiality.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

## III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the redacted portions of the Pretrial Conference Order, Exhibits A and B in their entirety, and Appendices 1 and 2 in their entirety.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 1, 2023

By: */s/ Baraa Kahf*
Joseph R. Re
Stephen C. Jensen

-2-

| | |
|---|---|
| 1 | Benjamin A. Katzenellenbogen |
| 2 | Perry D. Oldham |
|   | Stephen W. Larson |
| 3 | Mark D. Kachner |
| 4 | Baraa Kahf |
|   | Adam B. Powell |
| 5 | Kendall M. Loebbaka |
| 6 | Justin J. Gillett |
|   | Daniel P. Hughes |
| 7 | |
| 8 | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and |
| 9 | CERCACOR LABORATORIES, INC. |