Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearances continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**RESPONSE TO APPLE'S NOTICE OF SUPPLEMENT DATED FEBRUARY 28, 2023**<br><br>Pre-Trial Conf.:  3/13/2023<br>Trial:  3/28/2023<br><br>Hon. James V. Selna |

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") respond to Apple's Notice of Supplement regarding Apple's MIL-2. Dkt. 1404-2.

1. **Apple's purported "Notice" does not address any relevant issue or present any "facts"**

Apple's improper "Notice" does not address any relevant issue. Apple's submission relates to an unopposed request in Apple's MIL-2. Masimo agreed it has no plans to refer to the horrendous working conditions in Apple's Chinese factories—unless Apple opens the door. Dkt. 1363 at 3-4. Apple's engagement of Foxconn, and the well-documented abuse of Chinese workers, are indeed "ugly." Notice at 2. But those acts are not directly relevant to this case. They would be relevant only if Apple attempted to elicit juror sympathy by referencing or offering evidence of Apple's allegedly good culture or corporate citizenship. Apple's "Notice" simply slings mud at Masimo's counsel.

Apple's accusation that Masimo's counsel made "racialized/ethnicized statements" is false. First, during the conference of counsel, the undersigned used the phrase as an example of a label that everyone agrees would be inappropriate. The undersigned did so as a way of illustrating why one party should not dictate how the other party identifies itself. Second, the phrase refers to the documented use of laborers in China who work under oppressive conditions to build Apple's products. *See* Ex. A (Dkt. 1343-2). The statement did not involve, and certainly was not intended to convey, any negative racial or ethnic connotation.

Contrary to Apple's argument, Masimo *never* suggested, during the recent conference of counsel or at any other time, that Masimo would identify Apple during trial as anything other than "Apple." Masimo also never suggested it would present arguments or evidence to the jury regarding the documented working conditions in Apple's Chinese factories. Dkt. 1402-2 at 2.

2. **The Parties repeatedly discussed the nomenclature issue**

Apple falsely suggests that Masimo refused to compromise and sprung the

nomenclature dispute on Apple at 11:44 pm on filing day. *See id.* at 1-2. The written record establishes that the parties had repeatedly discussed this issue, that Masimo offered to compromise by including Apple's objections, and that Apple refused to consent to any joint filing unless Masimo adopted Apple's nomenclature.

Masimo prepared the initial draft of the Pretrial Conference Order. The draft referred to Masimo Corp. and Cercacor collectively as "Masimo." Masimo sent the draft to Apple on ***February 10***. Apple had previously ***agreed*** to the same language in numerous joint filings throughout this case. *See, e.g.*, Dkt. 469, 485, 827, 828, 835, 842.

Eleven days later, on February 21, Apple provided edits, including demanding for the first time that Masimo label itself "Plaintiffs." The parties exchanged many additional drafts resolving most disputes, but made no progress on nomenclature. For example, Masimo sent revisions on February 24, Apple responded at noon on February 27 (the day the joint filing was due), and Masimo responded a few hours later, at 3:30 pm, offering to include Apple's objection to Masimo calling itself "Masimo" instead of "Plaintiffs." Each draft reflected the nomenclature dispute; with Masimo using the term "Masimo" and Apple's switching it to "Plaintiffs."

The parties met and conferred at 5:30 pm on the due date to try to resolve the remaining issues. The first issue the parties discussed was nomenclature. Apple drew an absolute line in the sand and stated it would ***never*** authorize any joint filing ***unless*** Masimo agreed to use Apple's label. Apple provided further revisions at 9:30 pm, in which Apple, again, replaced "Masimo" with "Plaintiffs." Masimo proposed a final draft at 11:10 pm and told Apple that Masimo need approval by 11:30 pm to meet the deadline. When Apple did not respond, Masimo called every Apple attorney who had participated in the meet-and-confer. No Apple attorney answered the phone.

At 11:37 pm, Masimo reluctantly informed Apple that Masimo would proceed with a separate filing to meet the deadline and would note that Apple did not approve the filing. At 11:39 pm, Apple confirmed that Masimo did not have Apple's consent to file jointly. At 11:42 pm, Apple provided "final edits" that again changed "Masimo" to

"Plaintiffs." Apple reiterated:

> As discussed on tonight's meet and confer, and set forth since Apple first provided its edits to you last week, you do not have Apple's consent to file this document unless Plaintiffs are referred to correctly throughout as "Plaintiffs."

As the plaintiffs, Masimo had a midnight deadline. Because Apple maintained it would not consent to any filing unless Masimo agreed to call itself "Plaintiffs," Masimo had no choice but to unilaterally file Masimo's most recently exchanged draft with a notation that Apple did not consent. At 11:44 pm, Masimo told Apple that Masimo would proceed with a unilateral filing and invited Apple to do the same. The parties submitted separate filings and continue to try to agree on a joint filing.

### 3.    Apple is improperly trying to raise a substantive dispute

Apple's recent filings now assert that Apple departed from the parties' prior practice of using "Masimo" to refer jointly to Masimo Corp. and Cercacor because Apple claims it affects the burden of proof at trial. *See* Dkt. 1397 at 1. Withholding consent for a joint filing is not a legitimate way to try to resolve this apparent legal dispute. If Apple substantively disputes the burden of proof, or elements of the asserted causes of action, Apple should have raised it long ago. Nonetheless, Masimo will be prepared to discuss any dispute at the pretrial conference.

### 4.    Apple's "Notice" supports Masimo's pending Motion

Apple's "Notice" is yet another example of Apple trying to make this case about Masimo's counsel instead of the facts. This case should remain focused on whether Apple misappropriated Masimo's trade secrets and whether Apple filed patents on Masimo's inventions. Apple's Notice emphasizes why the Court should grant Masimo's pending Motion in Limine to exclude at trial any references or arguments regarding the role or participation of Masimo's counsel in this litigation.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   |   |
| Dated: March 1, 2023 | By: */s/ Benjamin Katzenellenbogen* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Benjamin A. Katzenellenbogen |
|   | Perry D. Oldham |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Baraa Kahf |
|   | Adam B. Powell |
|   | Daniel P. Hughes |
|   | Justin J. Gillett |
|   | Kendall M. Loebbaka |
|   |   |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and |
|   | CERCACOR LABORATORIES, INC. |