Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

[Counsel appearances continues on next page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' COMMENTS TO CIVIL MINUTE ORDER DATED MARCH 16, 2023 (DKT. 1440)**<br><br>Hon. James V. Selna<br><br>Trial: 4/4/23 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") hereby respond to the Court's March 16, 2023, Request for Comment and attach as Amended Exhibit A Masimo's proposed minor revisions to the Court's Proposed Exhibit to the Pretrial Conference Order.[1]

During the Pretrial Conference, Apple complained that Masimo's Exhibit A did not recite the exact language used in Masimo's Section 2019.210 Disclosure. *See* Ex. D, Rough Hr'g Tr. at 30:2-3, 31:16-32:10. That is irrelevant. Masimo's Section 2019.210 Disclosure was a discovery tool. *Id.* at 30:8-11; *see Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 835 (2005) (explaining a Section 2019.210 disclosure is a procedural tool that functions like a pleading to dictate the scope of trade secret discovery). The Court suggested the trade secrets should be described using language that would help the jury. *See* Ex. D, Rough Hr'g Tr. at 32:11-13. As described below, Masimo proposes minor changes to the numbering of the trade secrets and the Court's proposed description of the Value, Importance, and Appropriateness ("VIA") trade secret.

First, the Court explained that using the original numbering (including gaps) could leave the jury with "an unfair implication that some of the matters asserted weren't trade secrets." Ex. D, Rough Hr'g Tr. at 32:21-23. Consistent with the Court's guidance, Masimo proposes consecutively numbering the trade secrets within each category. To further help the jury identify the trade secrets, Masimo proposes including letters that identify the trade secret categories, *e.g.*, D for ▮▮▮▮▮ *See* Amended Ex. A.

Second, the Court instructed the parties that the trade secret descriptions should include "only one value trade secret." Ex. D, Rough Hr'g Tr. at 34:8; *see also id.* at 34:15-20; *id.* at 32:14-15 (Apple arguing that the value trade secret "shouldn't be listed multiple times for the jury"). The Court also recognized that, when the jury considers value, it may "consider each of the trade secrets either individually or collectively in

---

[1] Also attached is Exhibit C, which is a redline comparing Masimo's Proposed Amended Exhibit A to the Court's March 16, 2023, proposed list of trade secrets.

-1-

determining whether there is value." Ex. D, Rough Hr'g Tr. at 34:11-13; *see also id.* at 32:11-13 (observing that "some or all of the remaining trade secrets would figure as part of the value of the trade secret."). Masimo agrees with the Court's recitation of this language in describing the VIA trade secret because it will help the jury understand the scope of this trade secret.

Masimo proposes a minor modification to the Court's proposed description of the VIA trade secret. The Court's proposed description references the "knowledge" trade secrets in the Business Strategies category (*i.e.*, currently numbered B2, B4, and B6), but the VIA trade secret did not previously reference those "knowledge" trade secrets. Accordingly, Masimo proposes language that expressly identifies the trade secrets to which the VIA trade secret has always referred. *See* Amended Ex. A at 5.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 17, 2023

By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Perry D. Oldham
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Justin J. Gillett
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57304974