Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
stephen.larson@knobbe.com
Baraa Kahf (Bar No. 261144)
Baraa.Kahf@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Justin J. Gillett (Bar No. 298150)
Justin.Gillett@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

[Counsel appearance continues on next page]

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING PLAINTIFFS' RESPONSE TO APPLE'S MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURE OF LOST PROFITS** |

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Plaintiffs' Response to Apple's Memorandum Regarding Plaintiffs' Disclosure of Lost Profits (the "Application"). Masimo requests the Court seal Plaintiffs' Response to Apple's Memorandum Regarding Plaintiffs' Disclosure of Alleged Lost Profits (the "Response") and Exhibits A-J, L-O, and Q-T to the Declaration of Mark D. Kachner.

## I.  LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged **trade secret** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.  ARGUMENT

The information that Masimo seeks to seal contains information that one or both of the parties consider confidential. Kachner Decl. ¶¶ 4-5.

Exhibits A, B, and R are Masimo's disclosures or discovery responses in this litigation. *Id.* ¶ 6. These exhibits disclose Masimo's confidential and competitively sensitive business information. *Id.* This information is confidential and valuable to

-1-

Masimo in part because of its secrecy. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* Masimo also designated Exhibits A and B under the Protective Order. *Id.* Exhibit B cites to and discusses other documents produced in this litigation, which have also been designated under the Protective Order. *Id.*

Exhibits C, H, N, and Q are letters or emails between counsel for Masimo and counsel for Apple. *Id.* ¶ 7. Exhibits C, H, and Q disclose Masimo's confidential and competitively sensitive business information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* Apple also designated Exhibit H under the Protective Order. *Id.* Exhibits C, H, N, and Q also cite to and discuss other documents, which have been designated under the Protective Order. *Id.*

Exhibit D is a discovery letter brief to the special master in this case. *Id.* ¶ 8. Exhibit S is a tentative order of the Court in this case. *Id.* Exhibits D and S disclose Masimo's confidential and competitively sensitive business information. *Id.* Exhibit S also discusses Masimo's trade secret information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's confidential business or trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* Apple also designated Exhibit D under the Protective Order. *Id.* Exhibits D and S also cite to and discuss other documents, which have been designated under the Protective Order. *Id.*

Exhibit E is a document listing Apple's 30(b)(6) deposition topics to Masimo, and Masimo's identification of its corporate designee for each topic. *Id.* ¶ 9. Exhibits F-G and T are deposition transcripts of Masimo witnesses. *Id.* These exhibits disclose Masimo's confidential and competitively sensitive business and trade secret information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's confidential business or trade secret information

-2-

was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* These exhibits were also designated under the Protective Order. *Id.* Exhibits F-G and T also cite to and discuss other documents, which have been designated under the Protective Order. *Id.*

Exhibit J is the October damages expert report of Jeffrey H. Kinrich. *Id.* ¶ 10. This exhibit discloses Masimo's confidential and competitively sensitive business and trade secret information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's confidential business or trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* Masimo also designated Exhibit J under the Protective Order. *Id.* This exhibit also cites to and discusses Apple documents and other documents, which have been designated under the Protective Order. *Id.*

Exhibit I is a document produced by third-party Samsung in response to Apple's subpoena in this case. *Id.* ¶ 11. This exhibit discloses Masimo's confidential and competitively sensitive business and trade secret information. *Id.* This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's confidential business or trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.* Samsung designated this document under the Protective Order. *Id.*

Exhibits L and M are Apple's proposed jury instructions. *Id.* ¶12. Apple stamped both documents as the "Unredacted Version of Document Proposed to be Filed Under Seal," indicating to Masimo that Apple believes the document contains confidential information. *Id*. Exhibit O is Apple's proposed verdict form. *Id*. This draft discloses Masimo's confidential and competitively sensitive business and trade secret

-3-

information. *Id*. Masimo designated this information under the Protective Order in this matter. *Id*. This information is confidential and valuable to Masimo in part because of its secrecy. *Id*. If Masimo's confidential business or trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id*. Thus, Masimo would be harmed if Exhibit O were disclosed. *Id*.

Portions of the Response discuss the aforementioned Exhibits and should be sealed for the same reasons. *Id.* ¶ 4.

Apple has argued that designating information as "Highly Confidential – Attorneys' Eyes Only," as is the case here, should be presumptively sufficient to grant an application to seal. Dkt. 61-1 at 11 (Apple arguing "[c]ompelling reasons are fairly certain to justify the filing under seal of any materials marked with these elevated designations in this case—where highly confidential information, source code, competitive information, and potentially trade secrets are at issue").

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III.  CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Masimo's Response to Apple's Memorandum Regarding Plaintiffs' Disclosure of Alleged Lost Profits (the "Response") and Exhibits A-J, L-O, and Q-T to the Declaration of Mark D. Kachner.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: March 21, 2023 | | By: */s/ Mark D. Kachner* |
| | | Joseph R. Re |
| | | Stephen C. Jensen |
| | | Benjamin A. Katzenellenbogen |
| | | Perry D. Oldham |
| | | Stephen W. Larson |
| | | Mark D. Kachner |
| | | Adam B. Powell |
| | | Kendall M. Loebbaka |
| | | Justin J. Gillett |
| | | Daniel P. Hughes |
| | | Attorneys for Plaintiffs |
| | | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

57317814