# EXHIBIT K

1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
4  Perry D. Oldham (Bar No. 216016)
   perry.oldham@knobbe.com
5  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
6  Baraa Kahf (Bar No. 261144)
   Baraa.Kahf@knobbe.com
7  Justin J. Gillett (Bar No. 298150)
   Justin.Gillett@knobbe.com
8  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
9  Irvine, CA 92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
10
11  Adam B. Powell (Bar. No. 272725)
    adam.powell@knobbe.com
12  Daniel P. Hughes (Bar No. 299695)
    Daniel.hughes@knobbe.com
13  KNOBBE, MARTENS, OLSON & BEAR, LLP
    3579 Valley Centre Drive
14  San Diego, CA 92130
    Telephone: (858) 707-4000; Facsimile: (858) 707-4001
15
    [Counsel appearances continues on next page]
16
17  Attorneys for Plaintiffs,
    MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

18            IN THE UNITED STATES DISTRICT COURT

19          FOR THE CENTRAL DISTRICT OF CALIFORNIA

20                     SOUTHERN DIVISION

| | |
|---|---|
| 21  MASIMO CORPORATION,<br>a Delaware corporation; and | ) Case No. 8:20-cv-00048-JVS-JDE |
| 22  CERCACOR LABORATORIES, INC.,<br>a Delaware corporation | ) **JOINT [PROPOSED] AGREED-**<br>) **UPON SET OF JURY**<br>) **INSTRUCTIONS** |
| 23 | ) |
| 24         Plaintiffs, | ) |
| | ) |
| 25         v. | ) Pre-Trial Conf.:    3/13/2023<br>) Trial:      3/27/2023 |
| 26  APPLE INC., a California corporation | ) |
| 27         Defendant. | ) Hon. James V. Selna |
| | ) |
| 28 | ) |

1 | Mark D. Kachner (Bar No. 234,192)
2 | mark.kachner@knobbe.com
   | **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3 | 1925 Century Park East, Suite 600
   | Los Angeles, CA 90067
4 | Telephone: (310) 551-3450
   | Facsimile: (310) 551-3458

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT K**
**-686-**

1       Pursuant to this Court's Order re Trial Schedule dated March 14, 2022 [Dkt. 627]

2  and Local Rule 51-1, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. and

3  Defendant Apple Inc. hereby submit the attached agreed upon joint [proposed] jury

4  instructions.

5

6                   Respectfully submitted,

7                   KNOBBE, MARTENS, OLSON & BEAR, LLP

8

9  Dated:  March 21, 2023        By: */s/*

10                       Joseph R. Re
                            Stephen C. Jensen

11                       Benjamin A. Katzenellenbogen
                            Perry D. Oldham

12                       Stephen W. Larson
                            Mark D. Kachner

13                       Baraa Kahf
                            Adam B. Powell

14                       Daniel P. Hughes
                            Justin J. Gillett

15

16                     Attorneys for Plaintiffs
                     MASIMO CORPORATION and

17                     CERCACOR LABORATORIES, INC.

18

19

20

21

22

23

24

25

26

27

28

-1-

**EXHIBIT K**
**-687-**

## <u>INDEX OF JURY INSTRUCTIONS</u>

| <u>No.</u> | <u>Title</u> | <u>Source</u> | <u>Page</u> |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**EXHIBIT K**
**-688-**

# INITIAL JURY INSTRUCTIONS

## PROPOSED INITIAL JURY INSTRUCTION NO. 1

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the   .

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with the law or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 1

**EXHIBIT K**
**-689-**

PROPOSED INITIAL JURY INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves two plaintiffs, Masimo Corporation and Cercacor Laboratories, Inc., who brought claims against one defendant, Apple Inc.

Masimo and Cercacor allege that Apple hired their former employees and improperly obtained trade secret information.  Masimo and Cercacor allege that Apple used those trade secrets to develop products, market products, and obtain patents.  The trade secrets and patents relate generally to the field of noninvasively measuring physiological parameters, such as blood oxygen levels and pulse rate.

Masimo and Cercacor also allege that Apple filed patents that claim subject matter that was invented by Masimo and Cercacor employees, and those employees should be added as named inventors.  As a result, Masimo and Cercacor allege they should be at least part owners of those patents.

Masimo and Cercacor seek monetary damages.

Apple denies all of Masimo and Cercacor's allegations.  Apple alleges ***

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 2

**EXHIBIT K**
**-690-**

PROPOSED INITIAL JURY INSTRUCTION NO. 3

TRADE SECRET AND PATENT BASICS

To help you follow the evidence, I will also give you a brief introduction to the two forms of intellectual property that will be discussed in this trial: trade secrets and patents.  I will give you more detailed instructions on trade secret law and patent law at the end of the trial.

Trade secrets can be any type of information that has value because it is not generally known in a relevant field.  A trade secret owner need not be the first or only one to develop the trade secret.  Information can be a trade secret even if it has been published, including on the internet.  By contrast, patents can be only on new inventions.

Protecting both trade secrets and patents encourage innovation, but protecting trade secrets also promotes business ethics and integrity.  Trade secret law prohibits misuse of the trade secret only by those who obtained it improperly or in confidence.  Trade secret law punishes misuse even if the trade secret could have been obtained ethically and honestly.  Trade secret law does not prohibit discovery of the trade secret by fair and honest means, such as by independent invention or by reverse engineering.

During the trial, the parties will familiarize you with the technology and business information at issue.  For your convenience, your Juror Notebooks will include a list of the asserted trade secrets and a list of the patents at issue.

**Source:**  Cal. Civ. Code § 3426.1(d); *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476-78 (1974); *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001); *Sinclair v. Aquarius Elecs., Inc.*, 42 Cal. App. 3d 216, 222 (1974); *DVD Copy Control Ass'n., Inc. v. Bunner*, 31 Cal. 4th 864, 881 (2003); *Imi-Tech v. Gagliani*, 691 F. Supp. 214, 231 (S.D. Cal. 1986).

**EXHIBIT K**
**-691-**

EXHIBIT K
-692-

# **FINAL INSTRUCTIONS**

## PROPOSED INITIAL JURY INSTRUCTION NO. 4

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 3

EXHIBIT K
-693-

PROPOSED INITIAL JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding the facts will consist of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence; and

3.      Any facts to which the lawyers have agreed.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 4

**EXHIBIT K**
**-694-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 6

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 5

**EXHIBIT K**
**-695-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 6

**EXHIBIT K**
**-696-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 7

**EXHIBIT K**
**-697-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 9

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that, when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 8

-12-

## PROPOSED INITIAL JURY INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things to which the witness testified;

2.    The witness's memory;

3.    The witness's manner while testifying;

4.    The witness's interest in the outcome of the case, if any;

5.    The witness's bias or prejudice, if any;

6.    Whether other evidence contradicted the witness's testimony;

7.    The reasonableness of the witness's testimony in light of all the evidence; and

8.    Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what

-13-

EXHIBIT K
-699-

happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 9

**EXHIBIT K**
**-700-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 11

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case, or unless I tell you otherwise.

Do not communicate with anyone in any way, and do not let anyone else communicate with you in any way, about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about

-15-

the case or anything to do with it.   Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.   Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.   Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.   If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings.   If any juror is exposed to any outside information, please notify the court immediately.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 10

-16-

## PROPOSED INITIAL JURY INSTRUCTION NO. 12

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

**Source**:  Judge Selna's Exemplar Initial Jury Instructions No. 11

**EXHIBIT K**
**-703-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 13

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

You will each be provided with a juror notebook for your individual use.  The parties have agreed to the contents of that notebook and some of the contents in that notebook is confidential.  Over the course of the trial, the parties will provide for you pictures of the witnesses before they testify whether live or by video.  You may take notes in this book as well.  When you leave, your notebook should be left in the courtroom. No one will read your notebook.  You will be required to return the notebook at the end of the case.  It will be destroyed at the conclusion of the case.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 12 [modified, paragraph on juror notebook added]

**EXHIBIT K**
**-704-**

PROPOSED INITIAL JURY INSTRUCTION NO. 14

CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE


Certain charts and summaries not received in evidence may be shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


**Source:**  Manual of Model Civil Jury Instructions for the Ninth Circuit § 2.14

## PROPOSED INITIAL JURY INSTRUCTION NO. 15

### EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

If expert witnesses disagree with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters on which each witness relied.  You may also compare the experts' qualifications.

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit § 2.13; CACI No. 221

**EXHIBIT K**
**-706-**

PROPOSED INITIAL JURY INSTRUCTION NO. 16

DEPOSITION IN LIEU OF LIVE TESTIMONY


A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.


**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit § 2.4

**EXHIBIT K**
**-707-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 17

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit § 1.20

**EXHIBIT K**
**-708-**

## PROPOSED INITIAL JURY INSTRUCTION NO. 18

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Masimo and Cercacor will then present evidence in support of their claims, and counsel for Apple may cross-examine.  Apple may present evidence, and counsel for Masimo and Cercacor may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:**  Judge Selna's Exemplar Initial Jury Instructions No. 13

**EXHIBIT K**
**-709-**

PROPOSED FINAL JURY INSTRUCTION NO. 1

MISAPPROPRIATION OF TRADE SECRETS – INTRODUCTION


Masimo and Cercacor claim that they possess the Asserted Trade Secrets listed in your Juror Notebooks.

Masimo and Cercacor claim that these Asserted Trade Secrets are protectable under California Law and that Apple misappropriated them.  "Misappropriation" means the improper acquisition, use, or disclosure of trade secrets.

Masimo and Cercacor also claim that Apple's misappropriation caused them harm and caused Apple to be unjustly enriched.

Apple denies the trade secret misappropriation claims.


**Source:**  CACI No. 4400

-24-

## PROPOSED FINAL JURY INSTRUCTION NO. 2

## MISAPPROPRIATION OF TRADE SECRETS – ESSENTIAL FACTUAL ELEMENTS

Masimo and Cercacor claim that Apple has misappropriated the Asserted Trade Secrets.  To succeed on this claim, Masimo and Cercacor must prove all of the following with respect to one or more of the Asserted Trade Secrets:

1.  That Masimo and Cercacor developed or otherwise were in lawful possession of the Asserted Trade Secret;

2.  That the Asserted Trade Secret was a trade secret at the time of the misappropriation;

3.  That Apple improperly acquired, used, or disclosed the Asserted Trade Secret;

4.  That Masimo and Cercacor were harmed or Apple was unjustly enriched; and

5.  That Apple's acquisition, use, or disclosure was a substantial factor in causing Masimo and Cercacor to be harmed or Apple to be unjustly enriched.

**Source:**  CACI No. 4401

**EXHIBIT K**
**-711-**

## PROPOSED FINAL JURY INSTRUCTION NO. 3

## "TRADE SECRET" DEFINED

A "Trade Secret" is information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

    1.    Derived independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

    2.    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Trade secret information can be technical or non-technical, such as business strategies.

The next two instructions will provide additional information regarding "independent economic value" and "reasonable efforts to maintain secrecy."

**Source:** Cal. Civ. Code § 3426.1(d); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1456 (2002); *Duncan v. Stuetzle*, 76 F.3d 1480, 1488 n.11 (9th Cir. 1996)

**EXHIBIT K**

**-712-**

<u>PROPOSED FINAL JURY INSTRUCTION NO. 4</u>

"INDEPENDENT ECONOMIC VALUE" EXPLAINED

A trade secret has independent economic value if it gives the owner an actual or potential business advantage over a competitor or others who do not know the trade secret and who could obtain economic value from its disclosure or use.

In determining whether an Asserted Trade Secret had actual or potential independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, you may consider the following:

1.  The extent to which Masimo and Cercacor obtained or could obtain economic value from the Asserted Trade Secret in keeping it not generally known to the public or to other persons who can obtain economic value from its disclosure or use;

2.  The extent to which others could obtain economic value from the Asserted Trade Secret if it was generally known to the public or to other persons who can obtain economic value from its disclosure or use;

3.  The amount of time, money, or labor that Masimo and Cercacor expended in developing the Asserted Trade Secret; and

4.  The amount of time, money, or labor that was or would be saved by a competitor if they were to use the Asserted Trade Secret.

The presence or absence of any one or more of these factors is not necessarily determinative. The standard to show that an Asserted Trade Secret derives independent economic value is not a high standard.

Each of the Asserted Trade Secrets must be analyzed as a whole. A trade secret can be protectable even if each individual part or "element" of the trade secret was generally known to the public or to other persons who can obtain economic value from its disclosure or use. The question is whether the trade secret lacks independent

-27-

economic value because the trade secret as a whole is generally known to the public or to other persons who can obtain economic value from their disclosure or use.

A publication does not mean that subject matter is generally known.  The "generally known" inquiry is not whether the alleged trade secret has been publicly disclosed at all, but whether it has become generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value.

**Source:**  CACI No. 4412; Cal. Civ. Code § 3426.1(d); *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1052 (N.D. Cal. 2020); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521–22 (1997); *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *9, *15 (C.D. Cal. Nov. 7, 2022); Dkt. 1275 at 4; Dkt. 1284 at 6.

1

## PROPOSED FINAL JURY INSTRUCTION NO. 5

2

## "REASONABLE EFFORTS TO MAINITAIN SECRECY" EXPLAINED

3

4    To establish that the Asserted Trade Secrets are protectable, Masimo and Cercacor

5    must prove that they made reasonable efforts under the circumstances to maintain the

6    secrecy of the Alleged Trade Secrets.  "Reasonable efforts" are the efforts that would be

7    made by a reasonable business in the same situation and having the same knowledge and

8    resources as Masimo and Cercacor, exercising due care to protect important information

9    of the same kind.  This requirement applies separately to each Asserted Trade Secret.

10    In determining whether Masimo and Cercacor made reasonable efforts to

11    maintain the secrecy of the Asserted Trade Secrets, you should consider all of the facts

12    and circumstances.  Among the factors you may consider are the following:

13    1.    Whether documents or computer files containing the Asserted Trade
14          Secrets were marked with confidentiality warnings;

15    2.    Whether Masimo and Cercacor instructed their employees to treat the
16          Asserted Trade Secrets as confidential;

17    3.    Whether Masimo and Cercacor restricted access to the Asserted Trade
18          Secrets to persons who had a business reason to know the information;

19    4.    Whether Masimo and Cercacor kept the Asserted Trade Secrets in a
20          restricted or secured area;

21    5.    Whether Masimo and Cercacor required employees or others with access
22          to the Asserted Trade Secrets to sign confidentiality or nondisclosure
23          agreements;

24    6.    Whether Masimo and Cercacor took any action to protect the specific
25          Asserted Trade Secrets, or whether it relied on general measures taken to
26          protect its business information or assets;

27    7.    The extent to which any general measures taken by Masimo and Cercacor
28          would prevent the unauthorized disclosure of the Asserted Trade Secrets;

EXHIBIT K
-715-

and

8.     Whether there were other reasonable measures available to Masimo and Cercacor that Masimo and Cercacor did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

Apple's efforts to maintain the secrecy of information it considers confidential are irrelevant to this determination.

**Source:**  CACI No. 4404; Cal. Civ. Code § 3426.1(d)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL JURY INSTRUCTION NO. 6

### NO WRITING REQUIRED

A trade secret owner does not need to have written down the trade secret for it to be protectable.

At the beginning of the litigation, the law requires a trade secret plaintiff to provide the defendant with a written description of the trade secrets being asserted so that the defendant knows what it is accused of misappropriating.

That occurred in this case. A written description of the Asserted Trade Secrets is in your juror notebook.

**Source:** Dkt. No. 1283 at 3 ("Apple's argument that Masimo must possess a single document showing each trade secret has no basis in the case law."); *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co*., 617 F. Supp. 2d 938, 941 (N.D. Cal. 2007) ("a unified description [of trade secrets] in a single integrated document ... is unnecessary"); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1518, 1521 (1997); Cal. Civ. Code § 3416.1(d).

**EXHIBIT K**
**-717-**

## PROPOSED FINAL JURY INSTRUCTION NO. 7

### TRADE SECRET MISAPPROPRIATION BY ACQUISITION

Apple misappropriated a Masimo and Cercacor trade secret by acquisition if Apple acquired the trade secret and knew or had reason to know that Apple used improper means to acquire it.

**Source:**  CACI No. 4405

**EXHIBIT K**
**-718-**

1

## PROPOSED FINAL JURY INSTRUCTION NO. 8

2

TRADE SECRET MISAPPROPRIATION BY DISCLOSURE

3

4
Apple misappropriated a Masimo and Cercacor trade secret by disclosure if

5
Apple:

6
    1.    Disclosed it without Masimo and Cercacor's consent; and

7
    2.    Did any of the following:

8
        a.    Acquired knowledge of the Asserted Trade Secrets by improper

9
            means; or

10
        b.    At the time of disclosure, knew or had reason to know that Apple's

11
            knowledge of the trade secret was acquired under circumstances

12
            giving rise to a duty to maintain its secrecy or limit its use; or

13
        c.    At the time of disclosure, knew or had reason to know that Apple's

14
            knowledge of the trade secret was derived from or through a person

15
            who owed a duty to Masimo or Cercacor to maintain its secrecy or

16
            limit its use.

17

18

19
**Source:** CACI No. 4406; Cal. Civ. Code § 3426.1(b)

20

21

22

23

24

25

26

27

28

-33-

## PROPOSED FINAL JURY INSTRUCTION NO. 9

### TRADE SECRET MISAPPROPRIATION BY USE

Apple misappropriated a Masimo and Cercacor trade secret by use if Apple:

1.    Used it without Masimo and Cercacor's consent; and

2.    Did any of the following:

    a.    Acquired knowledge of the Asserted Trade Secrets by improper means; or

    b.    At the time of use, knew or had reason to know that Apple's knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

    c.    At the time of use, knew or had reason to know that Apple's knowledge of the trade secret was derived from or through a person who owed a duty to Masimo or Cercacor to maintain its secrecy or limit its use.

**Source:**  CACI No. 4407; Cal. Civ. Code § 3426.1(b)

**EXHIBIT K**
**-720-**

PROPOSED FINAL JURY INSTRUCTION NO. 10

TRADE SECRET MISAPPROPRIATION BY USE - DERIVATION

Apple misappropriated an Asserted Trade Secret if Apple unlawfully acquired it and then built upon or modified it before using, disclosing, or deriving a benefit from it, including by:

1. Using, disclosing, or deriving a benefit from a technique or information derived from the Asserted Trade Secret;

2. Using, disclosing, or deriving a benefit from a technique or information closely resembling the Asserted Trade Secret;

3. Adding independent improvements or modifications, so long as the product or process is substantially derived from the Asserted Trade Secret; or

4. Using, disclosing, or deriving a benefit from the Asserted Trade Secret without using all of the elements.

**Source:** *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012); *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 514923, at *9 (N.D. Cal. Jan. 23, 2018); *Speed Tech. Assocs. v. Adaptive Commc'n Sys.*, 1994 WL 449032, at *10 (N.D. Cal. Aug. 16, 1994); *American Can Co. v. Mansukhani*, 742 F.2d 314, 328-29 (7th Cir. 1984) ("If the law were not flexible enough to reach such modifications, trade secret protection would be quite hollow.").

EXHIBIT K
-721-

## PROPOSED FINAL JURY INSTRUCTION NO. 11

IMPROPER MEANS OF ACQUIRING TRADE SECRET

Improper means of acquiring a trade secret or knowledge of a trade secret include theft, bribery, misrepresentation, or breach or inducement of a breach of a duty to maintain secrecy.  However, reverse engineering or independent derivation alone is not considered improper means.

**Source:**  CACI 4408; Cal. Civ. Code § 3426.1

## PROPOSED FINAL JURY INSTRUCTION NO. 12

EMPLOYER RESPONSIBILITY FOR ACTS OF EMPLOYEES

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

Conduct is within the scope of employment if:

a.  It is reasonably related to the kinds of tasks that the employee was employed to performed; or

b.  It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities.

**Source:** CACI 3700, 3720.

-37-

## PROPOSED FINAL JURY INSTRUCTION NO. 13

REMEDIES FOR MISAPPROPRIATION OF TRADE SECRET

If Masimo and Cercacor prove that Apple misappropriated one or more of their trade secrets, and prove that the misappropriation caused Masimo or Cercacor to suffer an actual loss or Apple to be unjustly enriched, then Masimo and Cercacor are entitled to recover damages.

**Source:** CACI No. 4409

**EXHIBIT K**
**-724-**

## PROPOSED FINAL JURY INSTRUCTION NO. 14

### UNJUST ENRICHMENT

Apple was unjustly enriched if its misappropriation of one or more Masimo and Cercacor trade secrets caused Apple to receive a benefit that Apple otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Apple's benefit that would not have been achieved except for its misappropriation. Then, subtract from that amount, Apple's reasonable expenses.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Masimo and Cercacor's actual loss.

**Source:** CACI No. 4410

**EXHIBIT K**
**-725-**

## PROPOSED FINAL JURY INSTRUCTION NO. 15

PUNITIVE DAMAGES FOR

WILLFUL AND MALICIOUS MISAPPROPRIATION

If you decide that Apple's misappropriation caused Masimo and Cercacor harm, you must decide whether Apple's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the wrongful conduct that harmed Masimo and Cercacor, and to discourage similar conduct in the future.

To recover punitive damages, Masimo and Cercacor must prove that Apple acted willfully and maliciously. You must determine whether Apple acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Apple acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Apple acted with an intent to cause injury, or that Apple's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people.

Apple acted with knowing disregard if it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

**Source:** CACI No. 4411

**EXHIBIT K**

**-726-**

## PROPOSED FINAL JURY INSTRUCTION NO. 16

### CORRECTION OF INVENTORSHIP

Masimo and Cercacor also contend that one or more of their employees should have been named as inventors on the Disputed Patents.  To prove that a person should be added as an inventor to any of the Disputed Patents, Masimo and Cercacor must prove, by clear and convincing evidence, that the person sought to be added as an inventor:

1. Contributed to the conception of at least one limitation in at least one claim of one or more Disputed Patent; and

2. The contribution was not insignificant in quality when measured against the dimension of the full invention.

**Source**:  *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009); *Ruling Meng v. Ching-Wu Paul Chu*, 643 F. App'x 990, 994 (Fed. Cir. 2016) (citing *Acromed Corp. v. Sofamor Danek Grp.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001)).

**EXHIBIT K**
**-727-**

## PROPOSED FINAL JURY INSTRUCTION NO. 17

### PATENT OWNERSHIP

To prove that Masimo and Cercacor have an ownership interest in a patent, Masimo and Cercacor must prove, by a preponderance of the evidence, that:

1.   At least one inventor assigned to Masimo or Cercacor his or her interest in the patent; or

2.   At least one inventor made his or her inventive contribution to the patent at a time and under conditions that created an obligation to assign to Masimo or Cercacor his or her rights in such inventions.

**Source**:    13B Fed. Proc. Forms § 52:407.50; 2 CHISUM, *supra* note 72, at § 2.04[7][c][ii][A].

**EXHIBIT K**
**-728-**