MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OFFER OF PROOF IN SUPPORT OF ITS UNCLEAN HANDS DEFENSE**<br><br>Trial: Apr. 4, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Pursuant to this Court's Order on the parties' motions *in limine*, Dkt. 1439 at 8 n.3, Apple files this offer of proof regarding its unclean hands defense. Apple submits that (1) this Court should resolve as a matter of law the validity of Plaintiffs' Employee Confidentiality Agreement ("Agreement") prior to trial, (2) this Court should conclude that numerous provisions of the Agreement are invalid under California Business & Professions Code § 16600, and (3) once this Court resolves validity, Apple's unclean hands defense should be resolved by the jury. Apple incorporates by reference its briefing on MIL No. 4. *See* Dkts. 1318, 1410.

## ARGUMENT

### I. THIS COURT SHOULD RESOLVE THE VALIDITY OF THE AGREEMENT

Under California law, "'every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.'" *Edwards v. Arthur Andersen*, 44 Cal. 4th 937, 945 (2008) (quoting Cal. Bus. & Prof. Code § 16600). Section 16600 applies to agreements that do not "totally prohibit an employee from engaging in his or her profession, trade, or business" but instead "'merely regulate some aspect of post-employment conduct.'" *Id.* at 947-948. Indeed, California and federal courts have invalidated expansive confidentiality provisions that purport to restrict a former employee's ability to practice his or her profession using information that a former employer deemed "confidential." *See, e.g.*, *Brown v. TGS Mgmt Co.*, 57 Cal. App. 5th 303, 316-318 (2020); *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 939-940 (2018); *Western Air Charter, Inc. v. Schembari*, 2017 WL 7240775, at *4 (C.D. Cal. Dec. 14, 2017).

Validity under Section 16600 is a "legal issue" that should be resolved without wading into the "factual details" of whether the provision at issue actually prevented the employee from pursuing his or her chosen trade. *Brown*, 57 Cal. App. 5th at 318-319; *accord Dowell v. Biosense*, 179 Cal. App. 4th 564, 579 (2009) (similar); *see also* Dkt. 1439 at 6-7 (this Court agreeing that validity of Agreement's provisions is pure question of law). Accordingly, the Section 16600 issue should be answered by this

Court prior to trial.[1]

Apple respectfully disagrees with this Court's suggestion in its motion *in limine* ruling that it is too late for it to resolve the Section 16600 issue because Apple did not raise the question at summary judgment. Among other things, Apple is not aware of any rule or case that requires a party to move for summary judgment to preserve the right to raise a legal issue later in the case. Such a rule would be detrimental to judicial economy, as it would require parties to file kitchen-sink summary judgment briefs that raise all legal issues even if they are not claim dispositive.

## II. NUMEROUS PROVISIONS OF THE AGREEMENT ARE INVALID

Every version of the Agreement prohibits the use of "Confidential Information" outside of Plaintiffs' employ, and nearly every version defines that term to include "*any* information in *any* form that Masimo … *considers* confidential." *See, e.g.*, Dkt. 1318-4 at 4 (emphases added); *see also* Dkts. 1318-5, 1318-6, 1318-7, 1318-8.[2] The Agreement's definition has no exceptions, and Plaintiffs therefore hold total, subjective control over what information former employees can use, prohibiting the utilization of even the kind of "'general knowledge in the trade or … special knowledge of those persons … skilled in the trade'" that California courts and the Ninth Circuit have confirmed are not protected by trade secret law. *Altavion Inc. v. Konica Minolta Sys. Labs., Inc.*, 226 Cal. App. 4th 26, 44 (2014); *iMax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-1165 (9th Cir. 1998) (similar). Such a broad definition of confidentiality "patently violate[s] section 16600," as it "operate[s] as a de facto noncompete provision" by "bar[ring a former employee] in perpetuity from doing any work in the [relevant] field." *Brown*, 57 Cal. App. 5th at 319. For example, a provision in one iteration of the Agreement bars former employees from

---

[1] Plaintiffs previously cited two district court decisions that predate *Brown* for the proposition that validity under Section 16600 is a factual question. Under *Erie*, a decision from an intermediate California appellate court controls. *See Fremont Reorganizing v. Federal Ins. Co.*, 2010 WL 444718, at *3 (C.D. Cal. Feb. 1, 2010).

[2] While one version signed by O'Reilly uses slightly different wording, Plaintiffs have not disputed that it has the same scope as the other versions. Dkt. 1410 at 2 n.1.

"disclos[ing] or mak[ing] use of *any* Confidential Information for *any purpose*, either on my own or on behalf of another business." Dkt. 1318-4 at 3 (emphases added).

The Agreement also links Plaintiffs' expansive definition of confidentiality to express non-compete and non-solicitation provisions, as it bars a former employee from either soliciting Plaintiffs' customers for five years or competing with Plaintiffs for two years, with the only exception being if the employee "can prove [the solicitation or competition] was taken without the use or disclosure of any of [Plaintiffs'] … confidential information." Dkt. 1318-4 at 4. Such provisions are barred under both *Edwards*, which concluded that similar solicitation and non-compete clauses with shorter durations were invalid under Section 16600, 44 Cal. 4th at 948, and *Brown*, which rejected the notion that a similar exception erased any Section 16600 issue, *see* 57 Cal. App. at 317.

Plaintiffs' counter-arguments are meritless. *First*, Plaintiffs suggest that cases like *Brown* do not apply because the Agreement's definition of "confidential information" must be read narrowly due to the background principle of good faith and fair dealing. But that rule applies in the "*relatively rare* instance when reading the provision literally would … result in an unenforceable, illusory agreement." *Third Story Music v. Watts*, 41 Cal. App. 4th 798, 804-805, 808 (1995) (emphasis added); *accord Oracle Corp. v. Falotti*, 319 F.3d 1106, 1112 (9th Cir. 2003). Here, an enforceable contract exists even if the invalid provisions fall—the signing employee receives compensation and benefits in exchange for agreeing to terms like an assignment provision that does not implicate Section 16600. *See* Dkt. 1318-4 at 3.

Plaintiffs have also argued that other cases have purportedly upheld the validity of broadly worded confidentiality provisions. But the cases Plaintiffs have identified pre-date *Brown* and, in any event, rely on the so-called "trade secret" exception" to Section 16600. If the exception still exists, it applies only when the provision at issue is "'narrowly tailored' to the protection of trade secrets,'" a standard not met where (as here) "an employment agreement bars the use of generalized categories of

information." *Western Air*, 2017 WL 7240775, at *4. The better reading of recent California law is that there is no "judicially created 'exception' to section 16600[]" for trade secret misappropriation. *E.g.*, *AMN Healthcare*, 28 Cal. App. 5th at 940.

### III. ONCE THIS COURT HAS RULED ON THE AGREEMENT'S VALIDITY, APPLE'S UNCLEAN HANDS DEFENSE SHOULD BE RESOLVE BY THE JURY

**A.** "The doctrine of unclean hands requires unconscionable, bad faith, or inequitable conduct by the plaintiff in connection with the matter in controversy." *Fladboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 56 (2007); *see also* Dkt. 1388-1 at 48 (Plaintiffs adopting similar legal standard). At trial, Apple intends to offer evidence that Plaintiffs knew that certain provisions within their Agreement were invalid under California law but continued to require their employees to sign them. For example, Plaintiffs' CEO Mr. Kiani has testified that (1) ███████████████████████████████████████████████████████████████████████████████████████████████████████ Dkt. 1318-1 at 286-287.

Apple also intends to present evidence that Plaintiffs weaponized the (invalid) Agreement to threaten Apple not to employ Lamego or O'Reilly in their fields of expertise. For example, Cercacor sent Apple a letter following Lamego's hiring that relied on the relevant Agreement to argue that Apple should not "employ Mr. Lamego in an area that … involve[s] healthcare technology, including mobile health applications and the measurement of physiological information." Dkt. 1318-4 at 2. Although O'Reilly's agreement was not expressly cited, the letter identified him by name and suggested that it was improper for him to perform work in the same field as he did while working for Masimo Corporation. *Id.* at 1.[3]

**B.** Both California and Ninth Circuit law provide that the Court may submit

---

[3] The categories of evidence identified above are exemplary. Apple reserves the right to submit an additional offer of proof should the Court restrict the evidence Apple may offer on the invalidity of the Agreement or its unclean hands defense.

an unclean hands defense to the jury. *See, e.g.*, *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 621-623 (1992) ("[I]t was particularly prudent for the trial judge to exercise his discretion to submit [the] unclean hands defense to the jury."); *National Life Ins. Co. v. Saks*, 630 F. App'x 703, 704 (9th Cir. 2015) ("The district court did not err in instructing the jury on unclean hands."). This rule makes good sense because in general, "the application of the doctrine of unclean hands is primarily a question of fact," *Insurance Co. of N. Am. v. Liberty Mut. Ins. Co.*, 128 Cal. App. 3d 297, 306 (1982)— i.e., a question the jury is well-suited to answer.

Submission of unclean hands to the jury is appropriate where, as here, the "theories in support of the unclean hands defense [a]re intertwined with [Plaintiffs'] legal causes of action and raise[] questions of fact and credibility properly submitted to a jury." *Unilogic*, 10 Cal. App. 4th at 623. Plaintiffs should not be permitted to rely on the Agreement to prove their affirmative case (e.g., to show reasonable efforts to protect the secrecy of their purported trade secrets) without allowing Apple to argue Plaintiffs have relied on that same Agreement to commit an intentional, dishonest act. Plaintiffs' related assertion that unclean hands should not be heard by the jury because it is an equitable doctrine carries little force in this case, where the jury will already be resolving a traditionally equitable claim—inventorship. *See Shum v. Intel Corp.*, 499 F.3d 1272, 1277 (Fed. Cir. 2007) (Seventh Amendment required inventorship claim to be tried alongside state law claim raising common factual issues).

Finally, even if Apple's unclean hands defense is not submitted to the jury, the jury should be instructed that provisions of the Agreement are invalid under Section 16600. That fact is relevant at least to whether Plaintiffs' efforts to protect their alleged trade secrets were "reasonable." *See, e.g.*, *Steinberg v. Dunn*, 136 F. App'x 6, 10 (9th Cir. 2005) (error not to instruct where invalidity was material to defendant's defense).

| | |
|---|---|
| Dated:  March 23, 2023 | Respectfully submitted, |
| | MARK D. SELWYN<br>JOSEPH J. MUELLER<br>AMY K. WIGMORE<br>JOSHUA H. LERNER<br>SARAH R. FRAZIER<br>NORA Q.E. PASSAMANECK<br>THOMAS G. SPRANKLING<br>WILMER CUTLER PICKERING HALE AND DORR LLP |
| | BRIAN A. ROSENTHAL<br>GIBSON, DUNN & CRUTCHER LLP |
| | KENNETH G. PARKER<br>HAYNES AND BOONE, LLP |
| | By: */s/ Mark D. Selwyn*<br>        Mark D. Selwyn |
| | *Attorneys for Defendant Apple Inc.* |