Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S BUILDING BLOCKS FOR ITS LOST-PROFITS CALCULATION**<br><br>Hon. James V. Selna<br><br>Trial: 4/4/23 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

On March 22, 2023, the Court instructed Masimo to identify the building blocks Masimo intends to introduce at trial for its lost-profits calculation, the disclosed information in the record supporting that building block, and who would testify as to each building block.

A. **Building Blocks For Masimo's Lost-Profits Calculation**

The calculation is:

Lost profits = Apple Watch units sold *x* Masimo's per-unit profit.

Because Profit = price *x* profit margin, the building blocks are:

1. Apple Watch units beginning Q4 2018, when Apple began selling its Series 4 watch;
2. Masimo's sensor-module price; and
3. Masimo's gross-profit margin.

B. **Fact, Disclosure, and Sponsoring Witness for Each Building Block**

   1. **Apple Watch Units**

- Fact:
  - Through Q1 2023, Apple sold ████ units of Series 4-7 and SE watches.[1]

- Disclosure:
  - Masimo's July 20, 2022 Supplemental Response to Apple's Interrogatory No. 17 (regarding Masimo's damages) identified Apple's sales data. Dkt. 1475-2 (Ex. B) at 37.
  - Kinrich's report of October 2022 sets forth Apple's sales by model and quarter through Q3 2022. Kinrich Rpt. Exhibit 8.B. Dkt. 1475-10 (Ex. J) at 629-632.

---

[1] Apple produced updated data on March 21, 2023. Apple refused to produce sales data for its newest watches, Series 8 and Ultra. In recent filings, Masimo referred to Apple's data that was current through only Q3 2022.

- Sponsoring Witness:
  - The number of units of Series 4-7 and SE watches Apple sold since Q4 2018 is under Apple's control and undisputed. Apple should stipulate to that fact.
  - If Apple refuses to stipulate, Masimo could introduce Apple's sales-data spreadsheet by playing already-designated testimony from Michael Jaynes, Apple's Senior Finance Manager. Kinrich could also testify as to the total units.

  2. **Masimo's Module Price**

- Fact:
  - Masimo prices its sensor modules for at least $100 per module.
- Disclosure:
  - Kiani testified in deposition that he offered to sell sensor modules ▮ for $200. Kiani and Muhsin each testified in deposition that Masimo later broke down that price to a $100 module price and an additional $100 parameter fee. Dkt. 1475-7 (Ex. G) at 284, 286 (Kiani Dep. at 160, 166-167); Dkt. 1475-6 (Ex. F) at 149 (Muhsin Dep. at. 299-300). Muhsin testified as Masimo's Rule 30(b)(6) representative on this topic.
  - Masimo's September 6, 2022 Supplemental Response to Apple's Interrogatory No. 17 cited these pages from Kiani's and Muhsin's deposition transcripts. Dkt. 1475-2 (Ex. B) at 43.
  - Kinrich's report of October 2022 identified Masimo's $100/$100 pricing when analyzing Masimo's lost profits. Dkt. 1475-10 (Ex. J) at 493-494 (Kinrich Rpt. ¶ 103).
  - Masimo's summary judgment opposition (and the Court's order denying summary judgment) cited the above-referenced pages from Kiani's and Muhsin's testimony (discussing ▮) as a basis to calculate Masimo's lost profits. Dkt. 1218 at 21; Dkt. 1283 at 12.

- Sponsoring Witnesses:
  - Kiani will testify that he offered to sell sensor modules ▓▓▓▓ for $200 each. Kiani will also testify that Masimo adjusted the sensor module pricing, and that he directed Muhsin to refine ▓▓▓▓ to a $100 hardware sensor module price and a $100 parameter fee.
  - Muhsin will testify that he conveyed the $100/$100 offer ▓▓▓▓

  3. **Masimo's Profit Margin**

- Fact:
  - Masimo's gross-profit margin is consistently 65% or higher.
- Disclosure:
  - As Masimo's Rule 30(b)(6) representative, Muhsin testified that, for Masimo's W1 watch (which uses Masimo's sensor module), Masimo is targeting its "normal gross margins" in the "70 percent range." Dkt. 1475-6 (Ex. F) at 128 (Muhsin Dep. at 213).
  - Masimo's September 6, 2022 Supplemental Response to Apple's Interrogatory No. 17 cited this page from Muhsin's deposition. Dkt. 1475-2 (Ex. B) at 43.
  - Masimo is publicly traded. Its 10-K SEC filings report its independently audited gross margin. Masimo produced during fact discovery numerous 10-K filings that disclose profit margins around 65%, including:
    - Fiscal Year 2021 (JTX 2886) – 65.2% in 2021 and 65.0% in 2020;
    - Fiscal Year 2019 (JTX 2789) – 67.1% in 2019 and 65.9% in 2018; and
    - Fiscal Year 2017 (JTX 2792) – 64.9% in 2017 and 65.2% in 2016.
  - Kinrich's report of October 2022 explained that Masimo's gross margin from Q4 2010-Q3 2020 averaged 68.6%. Kinrich identified that profit margin while analyzing Masimo's lost profits. Dkt. 1475-10 (Ex. J) at 496 Kinrich Rpt. ¶ 109.
  - Masimo's summary judgment opposition cited Masimo's 2021 10-K report as a basis to calculate Masimo's lost profits. Dkt. 1218 at 21 (Ex. T). The Court's

-3-

order denying summary judgment explained that the jury could use record evidence of Masimo's "profit margins" to calculate Masimo's lost profits. Dkt. 1283 at 12.

- Sponsoring Witnesses:
  - Muhsin will testify to Masimo's gross-profit margin and that Masimo targets a 70% profit margin.
  - Either Kiani or Muhsin can introduce Masimo's 10-K filings, which include audited profit margins by year.
  - Apple internally tracked Masimo's profit margins from 2006-2012 as 65%-70%. JTX 263. Masimo may introduce that document through Apple witnesses, such as Hotelling.

4. **Alternative Corroborating Building Block: Masimo's Manufacturing Cost**

- Fact:

    In 2021, Masimo estimated that it would cost ▇▇▇ to build its sensor module.

- Relevance:

    Masimo's per-unit profit can also be independently calculated based on Masimo's per-unit manufacturing cost and either (1) Masimo's price or (2) Masimo's profit margin. Thus, using Masimo's cost corroborates the per-unit profit calculated by using price and profit margin.

    Though the Court wrote that Masimo's 2021 cost spreadsheet (JTX 1645) was prepared for this litigation, Dkt. 1283 at 8, Masimo could provide unequivocal testimony from Stephen Scruggs, a Masimo witness and its Director of Mechanical Engineering, establishing that he prepared the 2021 cost spreadsheet in the ordinary course of business. The spreadsheet shows Masimo's estimates of its per-unit cost to manufacture its sensor module.

- Disclosure:
    - Masimo produced the 2021 cost spreadsheet during fact discovery in June 2022.
    - Masimo identified that 2021 spreadsheet in its July 20, 2022 Supplemental Response to Interrogatory No. 17.  Dkt. 1475-2 (Ex. B) at 37.
    - Scruggs explained in his February 2022 deposition in the parties' ITC action that he personally prepared an estimated bill of materials for the W1 "components" "as part of the normal project development process."  Dkt. 1475-18 (Ex. T) at 1168 (Scruggs ITC Depo. at 217).  Scruggs also testified that he "supplied that information to [Masimo's] financial team so that they could include that as part of a larger financial model."  *Id*.  The parties agreed to treat depositions from the ITC case as if they were taken in this case.
    - Masimo identified Scruggs's ITC deposition testimony in its August 12, 2022 Supplemental Response to Interrogatory No. 17.  Dkt. 1475-2 (Ex. B) at 42.
- Sponsoring Witness:
    - If permitted, Scruggs could introduce JTX 1645, the 2021 spreadsheet discussed above.  Scruggs would testify that he created the estimate shown in the exhibit as part of normal engineering responsibilities at Masimo.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: March 24, 2023 | By: */s/ Brian C. Horne* |
|  | Joseph R. Re |
|  | Stephen C. Jensen |
|  | Sheila N. Swaroop |
|  | Brian C. Horne |
|  | Irfan A. Lateef |
|  | Benjamin A. Katzenellenbogen |
|  | Brian C. Claassen |
|  | Mark D. Kachner |
|  | Adam B. Powell |
|  | Kendall M. Loebbaka |
|  | Daniel P. Hughes |
|  | Attorneys for Plaintiffs |
|  | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

57304974