MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S RESPONSE TO PLAINTIFFS' OBJECTION TO APPLE'S THIRD AMENDED WITNESS LIST**<br><br>Trial: Apr. 4, 2023 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Plaintiffs' "objection" to Apple's inclusion of its CEO Tim Cook on its Third Amended Witness List is unfounded. Having repeatedly insisted on Mr. Cook's deposition before the Special Master and this Court and prevailed, Plaintiffs should not be permitted to bar the jury from hearing Mr. Cook's testimony on the exact subjects on which they insisted he had relevant information. While Plaintiffs are wrong that Apple must show "good cause" to add Mr. Cook based on a Joint Pretrial Order that has not yet entered, Apple could easily meet that standard.

***First***, at the outset, **Plaintiffs** included Mr. Cook ***on their own witness list*** as a witness whom they would call by deposition. On February 22, however, after Apple served its counter-designations for Mr. Cook's deposition, Plaintiffs served a First Amended Witness List that removed Mr. Cook. The reason for Plaintiffs' removal of Mr. Cook from their witness list is clear: Plaintiffs do not wish the jury to hear Mr. Cook's deposition testimony with Apple's counter-designations included. Indeed, Plaintiffs admitted as much at the pretrial conference. *See* March 13, 2023 Hrg. Tr. (Plaintiffs' counsel complaining of redirect questions at Mr. Cook's deposition and stating: "Now that we are not calling Mr. Cook or designating his testimony, I don't think it's fair for them to now bring him live.").

After Plaintiffs removed Mr. Cook from their witness list, Apple promptly began to investigate Mr. Cook's availability to testify live and notified Plaintiffs and the Court at the Pretrial Conference of its intent to add Mr. Cook as a may-call witness. As the Court suggested, Apple asked Plaintiffs after the Pretrial Conference whether they would permit Mr. Cook to be treated as an unavailable witness so his deposition could be played to the jury in lieu of calling him live. Thus far, Plaintiffs have refused.

***Second***, Plaintiffs have made clear that they intend to suggest to the jury that Apple pursued what they cast as a nefarious strategy of "smart recruiting" as an alternative to acquiring or partnering with Masimo. At the Pretrial Conference, Plaintiffs referred to "smart recruiting" five times, demonstrating how they intend to falsely suggest something inappropriate about this phrase and that it somehow supports

their claims of trade secret misappropriation.  (*See* 3/3/23 Hrg. Tr. at 8 (referring to "Apple's plan to engage in smart recruiting as an alternative to partnering with Masimo or acquiring Masimo"); 11 (referring to "evidence that relates to what [Plaintiffs] assert was Apple's plan for smart recruiting"; "Apple's plan for smart recruiting"; and "plan of smart recruiting"), 15 (Plaintiffs' counsel alleging "Apple itself said they were engaging in smart recruiting as an alternative to a business deal").  The phrase "smart recruiting" appears only in a single e-mail authored by Mr. Cook.  Plaintiffs should not be permitted to misrepresent the facts around this e-mail.  If Plaintiffs continue to refuse to waive the unavailability rule and mispresent the facts around "smart recruiting," then Apple would try to bring Mr. Cook for trial so that he can explain, among other things, the truth about the e-mail on which Plaintiffs apparently intend to focus their case.  Plaintiffs repeatedly insisted that Mr. Cook had relevant evidence, including this e-mail, and that Plaintiffs would be prejudiced if they could not present his testimony at trial.  *See, e.g.*, Dkt. 977 ("Because of Cook's involvement, many key documents that Masimo will use at trial were sent to Cook, came from Cook, or discuss Cook.  If Cook does not testify, the jury will likely question why Masimo failed to present any testimony from Cook.  Masimo should not have to risk the jury inferring that Masimo either failed to pursue Cook's testimony or that such testimony would have been unfavorable to Masimo.").  Now that they have his deposition testimony, Plaintiffs have no well-founded basis to do an about-face.

    ***Third***, there is no issue of unfair surprise or prejudice to Plaintiffs.  At the pretrial conference, Apple explicitly and directly raised the issue of potentially calling Mr. Cook, and Apple has since informed Plaintiffs that if he is called as a live witness, Mr. Cook's testimony will fall within the scope of the topics on which the Court and the Special Master permitted Plaintiffs to depose Mr. Cook.  Plaintiffs accordingly had a full and fair opportunity to depose Mr. Cook on the topics on which he will testify at trial—and the only "prejudice" is that he can provide the facts on issues for which Plaintiffs would prefer to suggest a false narrative to the jury.

Dated: March 27, 2023

Respectfully submitted,

/s/ *Mark D. Selwyn*
MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

*Attorneys for Defendant Apple Inc.*