UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | March 28, 2023 |
| Title | Masimo Corporation, et al. v. Apple, Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] Order Re Objection to Witness List (Dkt. 1477)

      Before the Court is Plaintiffs' objection to Apple's Corrected Third Amended Witness List (Dkt. 1454). See Dkts. 1477(Objection), 1481 (Response). The parties dispute whether Apple may call Tim Cook as a witness at trial. Plaintiffs argue that Cook was not timely disclosed on Apple's witness list, and Apple has not shown good cause for adding him belatedly. Apple argues that it added Cook only after Plaintiffs removed him from their own witness list as a witness to call through deposition designation. Apple argues it would be prejudiced by Plaintiffs' "smart recruiting" theory of trade secret misappropriation without the ability to call Cook as a witness to explain the email containing that phrase.

      The Court agrees with Apple. Plaintiffs fought for Cook's apex deposition, which the Court granted. Plaintiffs then listed Cook as a trial witness via deposition designation. Only after Apple provided its counter-designations did Plaintiffs change tack and omit Cook from their witness list. Because Apple could have reasonably expected to address any needed rebuttal through deposition counter-designations since Plaintiffs were calling Cook, it had no reason to list him separately until now.

      Thus, if Plaintiffs plan to argue that Apple engaged in "smart recruiting" to misappropriate trade secrets, to avoid the prejudice that would likely arise from a reverse empty chair defense if Cook is absent from trial, Apple may call Cook to rebut Plaintiffs' argument.

Alternatively, Plaintiffs may agree to waive the unavailability rule and call Cook via deposition designation (including Apple's counter-designations) as originally planned.

Accordingly, the Court **OVERRULES** Plaintiffs' objection.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | eva | |