Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**TRIAL BRIEF OF MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.**<br><br>Pre-Trial Conf.:   3/13/2023<br>Trial:                    4/4/2023<br><br>Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.   MASIMO HAS NARROWED ITS CASE WHILE APPLE HAS REFUSED TO IDENTIFY HOW IT WILL NARROW ITS DEFENSES ........................................................................................ 1

II.  APPLE FAILS TO IDENTIFY THE EVIDENCE IT WILL USE TO OPPOSE MASIMO'S CLAIMS AND SUPPORT ITS DEFENSES ............ 2

   A.   Apple's Statute of Limitations Defense Incorrectly Addresses The Trade Secrets Together ........................................................ 4

   B.   Apple's Unclean Hands Defense Is Untimely And Fails ..................... 6

        1.   Apple's Unclean Hands Defense Is Untimely ........................... 6

        2.   Apple's Untimely Unclean Hands Defense Fails ...................... 7

        3.   Apple's Unclean Hands Defense Based On The Non-Compete Provision Fails ........................................................ 8

III. APPLE MISSTATES ELEMENTS OF CLAIMS AND DEFENSES .......... 9

   A.   Apple Misstates The Elements Of Trade Secret Misappropriation ....................................................................... 9

   B.   Apple Misstates The Law On Damages For Trade Secret Misappropriation ..................................................................... 11

   C.   Apple Misstates The Law On Correcting Inventorship Of Apple's Disputed Patents .......................................................... 13

   D.   Apple Misstates The Law On Declaring Masimo A Co-Owner Of Apple's Disputed Patents .............................................. 15

   E.   Apple Misstates The Elements Of Its Laches Defense ...................... 15

   F.   Apple Misstates The Elements Of Its Defense That It Did Not Willfully and Maliciously Misappropriate Masimo's Trade Secrets ......................................................................... 16

   G.   The Parties Dispute The Jury Instruction On Apple's Statute of Limitations Defense ........................................................... 16

   H.   Apple Misstates The Law On A Readily Ascertainable Defense To Trade Secret Misappropriation .................................... 16

   I.   Apple Fails To Identify Its Burden Of Proof To Show Waiver ........ 17

# TABLE OF CONTENTS
## (*cont'd*)

Page No.

|  | J. | Apple Misstates The Law On Causation To Recover Damages | 17 |
|  | K. | Apple Fails To Identify The Elements of Unclean Hands | 17 |
| IV. | | APPLE SHOULD NOT REFER TO WITHDRAWN TRADE SECRETS | 18 |
| V. | | BIFURCATION OF ISSUES | 18 |
| VI. | | JURY TRIAL | 18 |
| VII. | | ATTORNEYS' FEES | 18 |
| VIII. | | ABANDONMENT OF ISSUES | 19 |

# TABLE OF AUTHORITIES

**Page No(s).**

*Acromed Corp. v. Sofamor Danek Grp.,*
   253 F.3d 1371 (Fed. Cir. 2001) ........................................................... 15

*Ajaxo,*
   187 Cal. App. 4th at 1310 .................................................................... 12

*BladeRoom Grp. Ltd. v. Emerson Elec. Co.,*
   331 F. Supp. 3d 977 (N.D. Cal. 2018), *vacated and remanded on other
   grounds,* 11 F.4th 1010 (9th Cir. 2021) *and vacated and remanded on
   other grounds,* 20 F.4th 1231 (9th Cir. 2021) ..................................... 13

*Copper Harbor Co., Inc. v. Cent. Garden & Pet Co.,*
   2019 WL 2296224 (Cal. Ct. App. May 30, 2019) ................................ 12

*Cruz v. Nat'l Steel & Shipbuilding Co.,*
   910 F.3d 1263 (9th Cir. 2018) ............................................................. 17

*Cypress Semiconductor Corp.v. Superior Ct.,*
   163 Cal. App. 4th 575 (2008) ................................................................ 5

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.,*
   30 Cal. App. 4th 54 (1994) .................................................................. 17

*Elation Sys., Inc. v. Fenn Bridge LLC,*
   71 Cal. App. 5th 958 (2021) ................................................................ 12

*Ellenburg v. Brockway, Inc.,*
   763 F.2d 1091 (9th Cir.1985) .............................................................. 18

*Eli Lilly & Co. v. Aradign Corp.,*
   376 F.3d 1352 (Fed. Cir. 2004) ...................................................... 13, 14

*Ethicon, Inc. v. U.S. Surgical Corp.,*
   135 F.3d 1456 (Fed. Cir. 1998) ........................................................... 14

*Fina Oil & Chem. Co. v. Ewen,*
   123 F.3d 1466 (Fed. Cir. 1997) ...................................................... 14, 15

*Forcier v. Microsoft Corp.,*
   123 F. Supp. 2d 520 (N. D. Cal. 2000) .................................................. 4

*GSI Tech., Inc. v. United Memories,*
   2015 WL 5655902 (N.D. Cal. Sept. 25, 2015) .................................... 17

*Hays v. VDF Futureceuticals, Inc.,*
   2016 WL 5660395 (D. Haw. Sept. 28, 2016) ........................................ 5

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*HiRel Connectors, Inc. v. U.S.*,
465 F. Supp. 2d 984 (C.D. Cal. 2005) ................................................................4

*Iconics, Inc. v. Massaro*,
266 F. Supp. 3d 461 (D. Mass. 2017) ..............................................................13

*Intermedics, Inc. v. Ventritex, Inc.*,
822 F.Supp. 634 (N.D. Cal. 1993) ......................................................................4

*Johns Manville Corp. v. Knauf Insulation, LLC*,
2017 WL 4222621 (D. Colo. Sept. 22, 2017) ..................................................11

*Johnson v. City of Loma Linda*,
24 Cal. 4th 61 (2000) ........................................................................................16

*Jones v. Humanscale Corp.*,
130 Cal. App. 4th 401 (2005) ..............................................................................8

*Lawrence Crane Enterprises, Inc., v. Abrams*,
2013 WL 12123997 (C.D. Cal. Jan. 28, 2013) ..................................................8

*Masimo Corp. v. True Wearables Inc.*,
2021 WL 2548690 (C.D. Cal. Apr. 28, 2021),
*aff'd* 2022 WL 205485 (Fed. Cir. Jan. 24, 2022) ......................................16, 17

*Masimo Corp. v. True Wearables, Inc.*,
2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) ..............................................8, 16

*Mattel, Inc. v. MGA Ent., Inc.*,
2011 WL 3420571 (C.D. Cal. Aug. 4, 2011) ..................................................12

*Mattel, Inc. v. MGA Ent., Inc.*,
782 F. Supp. 2d 911 (C.D. Cal. 2011) ................................................................5

*MedioStream, Inc. v. Microsoft Corp.*,
869 F. Supp. 2d 1095 (N.D. Cal. 2012) ..............................................................4

*Meng v. Chu*,
643 F. App'x 990 (Fed. Cir. 2016) ....................................................................15

*Nite Glow Indus. v. Central Garden & Pet Co.*,
2021 WL 2945556 (Fed. Cir. Jul. 14, 2021) ....................................................11

*Nutritional Biomimetics, LLC v. Empirical Labs Inc.*,
2018 WL 6818748 (D. Colo. Dec. 28, 2018) ..................................................13

-iv-

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*RRK Holding Co. v. Sears, Roebuck & Co.*,
   563 F. Supp. 2d 832 (N.D. Ill. 2008)....................................................11

*Stenograph L.L.C. v. Bossard Assocs., Inc.*,
   144 F.3d 96 (D.C. Cir. 1998)...............................................................13

*Thermech Eng'g Corp. v. Abbott Lab'ys*,
   2003 WL 23018553 (Cal. Ct. App. Dec. 22, 2003) (unpublished) ....................11

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*,
   573 F.3d 1290 (Fed. Cir. 2009) ......................................................14, 15

*In re VerHoef*,
   888 F.3d 1362 (Fed. Cir. 2018) ...........................................................14

*Waller v. Truck Ins. Exchange, Inc.*
   11 Cal.4th 1, 31 (1995) *as modified on denial of reh'g* (Oct. 26, 1995)............17

## OTHER AUTHORITIES

Cal. Business and Professions Code § 16600..................................................6, 7

Cal. Civ. Code § 1599.............................................................................8

Cal. Civ. Code § 3426.1.....................................................................*passim*

Cal. Civ. Code § 3426.3...............................................................13, 17, 18

Cal. Civ. Code § 3426.4........................................................................19

CACI No. 4406...................................................................................11

CACI No. 4407...................................................................................10

Fed. R. Civ. P. 37..............................................................................7

L.R. 16-10.......................................................................................1

Local Rule 16-4.1.............................................................................2, 9

Restatement (Third) of Unfair Competition § 45 cmt. .....................................13

Rule 26.........................................................................................6

1  Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly,

2  "Masimo") hereby submit their trial brief, pursuant to L.R. 16-10.

3  **I.  MASIMO HAS NARROWED ITS CASE WHILE APPLE HAS REFUSED**

4  **TO IDENTIFY HOW IT WILL NARROW ITS DEFENSES**

5  After fact discovery closed, Masimo streamlined its case in preparation for trial,

6  and has consistently informed Apple promptly of such narrowing.  Beginning in

7  August 2022, before expert reports, Masimo informed Apple that it would no longer

8  pursue certain trade secrets, namely the ████████████████ trade secrets and

9  certain ████████ trade secrets.  Masimo continued to streamline its case,

10  particularly in view of the Court's instruction at the hearing on February 6, 2023, that

11  the parties would have only ten trial days.  Feb. 6, 2023, Hr'g Tr. at 55:13-22.  As a

12  result, Masimo continued to narrow the trade secrets it would present to the limited set

13  of trade secrets listed in Exhibit A to the Pretrial Conference Order.

14  Dkt. 1483(identifying the remaining trade secrets in four categories: (1) ████████

15  (2) ████████, (3) Business Strategies, and (4) Value, Importance, and

16  Appropriateness).  Masimo also made hard choices and streamlined its case by

17  narrowing its claims on inventorship and ownership for Apple's Disputed Patents.

18  Mar. 13, 2023, Hr'g Tr. at 39:20-25 (informing the Court Masimo is no longer pursuing

19  claims 18, 19, 23, 25, and 27).  At each step, Masimo promptly informed Apple.

20  In contrast, Apple has never identified any way it would streamline its defenses.

21  Rather, Apple has maintained each and every defense in this action.  *Compare* Dkt. 370

22  at ¶¶379-427 (Apple's Amended Answer to Masimo's Fourth Amended Complaint

23  identifying its defenses) *with* Dkt. 1361 at 14-15 (Apple's Memorandum of Contentions

24  of Fact and Law identifying defenses Apple intends to pursue at trial).

25  Moreover, Apple has not narrowed the generally known references it intends to

26  present at trial.  As Masimo noted in its Contingent Motion to Strike, Apple's expert

27  reports identify hundreds of generally known references.  Dkt. 1176 at 2, 7-8.  Apple's

28  exhibit list includes hundreds of these references.  Though Apple will not introduce these

-1-

hundreds of references at trial, it maintains them to obscure the actual evidence it will present.  Apple has steadfastly refused to identify the references it actually intends to present at trial, leaving Masimo to guess from among the hundreds, which references Apple might present.

## II.  APPLE FAILS TO IDENTIFY THE EVIDENCE IT WILL USE TO OPPOSE MASIMO'S CLAIMS AND SUPPORT ITS DEFENSES

Local Rule 16-4.1(c) requires that Apple provide "a brief description of the key evidence in opposition to each of the claims," with the evidence listed separately for each claim.  Local Rule 16-4.1(e) requires that Apple provide "a brief description of the key evidence relied on in support of each … affirmative defense."  Masimo raised this requirement with Apple, but Apple refused to comply with the Local Rules.

Rather than describe its key evidence, Apple's Memorandum lists broad categories of topics where Apple states it will offer "testimony and evidence" in opposition to Masimo's claims and in support of Apple's defenses.  Dkt. 1361 at 7-14, 19-22.  Apple then incorporates by reference hundreds of pages of arguments in interrogatories and expert reports.  *See, e.g., id.* at 8 ███████████, 9-10 ██████ ██████, 11 (Business Strategies), 13 (damages), 14 (inventorship and ownership), 19-22 (Apple's defenses).  Apple's Memorandum lacks any substance, much less an identification of what Apple will actually present at trial.  Apple was required to identify which of the hundreds of references it will present at trial, but continues to hide the ball.  Further, Apple's Memorandum even fails to identify which witnesses will present evidence on which topics.

Masimo cannot substantively respond in this Trial Brief to hundreds of pages of interrogatory responses and expert reports.  In contrast to Apple's anemic Memorandum, Masimo's Memorandum complies with the Local Rules to identify Masimo's key evidence and testimony.  *See* Dkt. 1430.  For the reasons Masimo described in its Memorandum, Masimo will show Apple misappropriated Masimo's trade secrets, Apple's misappropriation harmed Masimo, Masimo employees are inventors of the

subject matter claimed in the Disputed Patents, Masimo should be a co-owner of the Disputed Patents, Apple's defenses fail, and Masimo has suffered significant damage or Apple has been substantially unjustly enriched. Dkt. 1430 at 7-46, 48-49. Once Apple has presented its evidence, Masimo will respond, including in its rebuttal case.

Apple's attempts to hinder Masimo's ability to present its case and rebut Apple's defenses have continued. Pursuant to the Court's Order for Jury Trial, the parties must meet and confer to "stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial." Dkt. 36 at 8. On March 7, 2023, Masimo suggested the parties begin this process with exhibits for which deposition designations serve no purpose other than to lay a foundation for an admittedly authentic exhibit from the other party. Apple rebuffed that request.

After reminding Apple of the Court's Order for Jury Trial, Masimo tried again on March 24, 2023, and sent a list of proposed exhibits to preadmit at the start of trial. That list included many exhibits Masimo perceives that Apple would want preadmitted as well as exhibits Masimo believes are easily admitted without objection. The parties met and conferred on March 27. Apple agreed to preadmit only the Disputed Patents and physicals of the Apple Watch. Apple refused to preadmit any other exhibits, including exhibits for which Masimo already laid foundation during depositions. Apple's refusal to engage in efforts to streamline the case and presentation for the jury is contrary to this Court's Order and the Local Rules, and will require time-consuming testimony (both live and deposition) with no purpose other than to lay a foundation for Apple's own documents.

Masimo addresses Apple's arguments on a few particular defenses below.

/ / /

## A.   Apple's Statute of Limitations Defense Incorrectly Addresses The Trade Secrets Together

Without knowing the evidence or arguments on which Apple may rely at trial, Masimo is left to assume that Apple will rehash the arguments it made in seeking summary judgment that Masimo's claims are barred by the statute of limitations.  The statute of limitations was not triggered for any trade secret for the reasons set forth in Masimo's Opposition and the Court's Order denying summary judgment.  *See* Dkts. 556, 556-1, 606.

Apple also improperly seeks to apply the statute of limitations across the board, with regard to all trade secrets, regardless of their relationship to each other.  Apple does not address the issue in its Memorandum, but Apple's proposed jury instructions and proposed verdict form ask the jury to address Apple's statute of limitations defense for all asserted trade secrets together, instead of on a trade-secret-by-trade-secret basis.  (The parties brief this issue in connection with Proposed Final Instruction No. 34 and the proposed verdict forms.)  In other briefing, Apple has argued that "the limitations period begins to run on **all** misappropriation claims when plaintiff knew or should have discovered the first instance of misappropriation."  Apple's assertion is overbroad and wrong for multiple reasons.

In support of its proposed jury instructions and verdict form, Apple relies on *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1110 (N.D. Cal. 2012), but Apple omits that even *MedioStream* held that the statute of limitations begins to run as to other trade secrets only if "they are related."  *Id.*  *MedioStream* also cites cases that reached the same conclusion.  *See Forcier v. Microsoft Corp.,* 123 F. Supp. 2d 520, 526 (N. D. Cal. 2000) ("alleged trade secrets at issue all are related"); *HiRel Connectors, Inc. v. U.S.*, 465 F. Supp. 2d 984, 988 (C.D. Cal. 2005) (addressing "separate misappropriations of related trade secrets"); *see also Intermedics, Inc. v. Ventritex, Inc.*, 822 F.Supp. 634, 654 (N.D. Cal. 1993) (statute began to run "at least for all related matters").

-4-

1    Here, at least the Business Strategies trade secrets are not related to any of the

2    technical trade secrets (and vice versa), the ███████████ trade secrets are not

3    related to the ████████ trade secrets (and vice versa), and L1 is not related to L2

4    (or vice versa).

5    Apple also ignores that awareness of one former employee's misappropriation

6    does not place a company on notice of misappropriation by other former employees. *See*

7    *Mattel, Inc. v. MGA Ent., Inc*., 782 F. Supp. 2d 911, 1003 (C.D. Cal. 2011) ("'continuing

8    misappropriation' refers to multiple acts by *one* individual and not, as here, many other

9    employees"). Thus, the jury could at least find that trade secrets misappropriated by or

10   via O'Reilly did not put Masimo on notice that trade secrets may have been

11   misappropriated by or via Lamego (and vice versa).

12   Apple further ignores that this Court addressed the legal standards for triggering

13   the statute of limitations when Apple filed its first motion for partial summary judgment

14   in 2021. This Court explained that, "when there is reason to suspect that a trade secret

15   has been misappropriated, ***and a reasonable investigation would produce facts***

16   ***sufficient to confirm this suspicion*** (and justify bringing suit), the limitations period

17   begins, even though the plaintiff has not conducted such an investigation." Dkt. 606 at 3

18   (emphasis added) (quoting *Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3

19   (D. Haw. Sept. 28, 2016)). This Court explained that "a suspicion that [trade secrets]

20   theoretically could be shared provides an insufficient basis for filing a trade secret

21   misappropriation claim." *Id.* at 7 (citing *Cypress Semiconductor Corp.v. Superior Ct.*,

22   163 Cal. App. 4th 575, 587, (2008)).

23   Regardless of whether Masimo had a reason to suspect misappropriation of any

24   trade secret more than three years before filing, Masimo could not have filed suit on any

25   other trade secrets. Masimo will establish that a reasonable investigation would not have

26   produced facts sufficient to justify bringing suit on other trade secrets. Accordingly, the

27   statute should not begin running as to those other trade secrets.

28   / / /

Thus, the jury should evaluate Apple's statute of limitations defense independently for each trade secret.

**B.    Apple's Unclean Hands Defense Is Untimely And Fails**

Apple argues it will introduce testimony and evidence that the "confidentiality provisions" of Masimo's confidentiality agreements are void as a matter of law because they restrain Masimo's employees' ability to practice their profession. Dkt. 1361 at 22. Apple does not list the evidence it will rely upon or describe its theory of unclean hands in its Memorandum.   Rather, Apple incorporates by reference its response to Interrogatory No. 6, which in turn incorporates Apple's Amended Answer to the Third Amended Complaint.  Dkt. 1361 at 22.  But that response does not provide supporting evidence because it does not address the confidentiality provisions.  Thus, Apple's new theory of unclean hands is untimely because Apple failed to disclose this theory during discovery.  If Apple were permitted to introduce a new theory of unclean hands, or revert to its previously disclosed theory of unclean hands, Apple's unclean hands defense fails.

**1.    Apple's Unclean Hands Defense Is Untimely**

In its Amended Answer to Masimo's Fourth Amended Complaint, Apple alleged that Masimo's claims were barred by unclean hands based on the ***non-compete provision*** in Marcelo Lamego's confidentiality agreement.   Dkt. 370 at ¶¶421-427.   Apple's Amended Answer never identified the confidentiality provisions in the confidentiality agreements as allegedly void or as a potential basis for unclean hands.

Apple's interrogatory response again identified the "non-compete requirement" in Masimo's agreements as void for allegedly restricting the mobility of Masimo's employees in the healthcare industry.  JTX 1785, Apple's Resp. ROG No. 6 at 68. Contrary to its Rule 26 disclosure obligations, Apple never identified that it would argue at trial that the ***confidentiality provisions*** in Masimo's confidentiality agreements were void.

On February 13, 2023, in its Motion *in Limine* No. 4, Apple identified for the first time the confidentiality provisions of the agreements as allegedly void under Cal.

-6-

Business and Professions Code § 16600.  Dkt. 1305-1.  To present this theory at such a late hour, Apple would have to show that its untimely disclosure is harmless or substantially justified.  Fed. R. Civ. P. 37(c).  Apple cannot meet this burden.  First, there is no substantial justification for Apple waiting until just before trial to disclose a new theory.

Second, Apple's late disclosure is not harmless.  Apple deprived Masimo of the opportunity to take any fact discovery or develop rebuttal evidence to Apple's allegation.  For example, Masimo could have developed evidence regarding numerous Masimo employees that have departed Masimo for other opportunities, including about 20 employees that have readily left to work at Apple alone, employees about whom Apple refused to provide discovery.[1]  Moreover, Masimo could have developed evidence about Apple's agreements that contain similar language defining confidential information.  Apple also deprived Masimo of the opportunity to move for summary judgment.  If Masimo knew that Apple intended to challenge the provisions Masimo will rely upon at trial, Masimo would have addressed this issue at summary judgment.  Thus, Apple cannot show that its untimely theory of unclean hands disclosed on the eve of trial is harmless or substantially justified.  Fed. R. Civ. P. 37(c).

### 2.    Apple's Untimely Unclean Hands Defense Fails

If Apple were allowed to introduce a new theory of unclean hands on the eve of trial, Apple's defense would still fail.  Masimo will explain why Apple's unclean hands defense fails in its brief responding to Apple's Offer of Proof in Support of Its Unclean Hands Defense on March 30, 2023, pursuant to the Court's Order.

---

[1] This Court excluded evidence that Apple hired Masimo employees other than Marcelo Lamego and Michael O'Reilly.  Dkt. 1469 at 4.  If Apple were permitted to introduce arguments **before the jury** that Masimo's confidentiality provisions are void, Apple would have opened the door and Masimo should be able to rebut that by showing Apple hired about 20 Masimo employees.

3. **<u>Apple's Unclean Hands Defense Based On The Non-Compete Provision Fails</u>**

If Apple were permitted to revert to its previous argument that Masimo's non-compete provision voids Masimo's agreements, this argument would still be contrary to law. Under California law, if a provision of an agreement is void or unenforceable, the remainder of the contract remains enforceable. Cal. Civ. Code § 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful . . . the contract is void as to the latter and valid as to the rest."); *Jones v. Humanscale Corp.*, 130 Cal. App. 4th 401, 413 (2005) (noncompete provision in an employment contract did not affect the enforceability of other provisions of the agreement); *Lawrence Crane Enterprises, Inc., v. Abrams*, 2013 WL 12123997, at *5 (C.D. Cal. Jan. 28, 2013) (same). Thus, Apple's unclean hands defense fails because Masimo's confidentiality provisions in its agreement are enforceable separate and apart from the non-compete provisions.

Moreover, in *Masimo Corp. v. True Wearables*, this Court found trade secret misappropriation by Lamego and expressly found the confidentiality provisions of the agreements are enforceable despite the non-compete provisions in the contracts. *Id.* at *4, ¶11; *5, ¶16. *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396 (C.D. Cal. Nov. 7, 2022).

If Apple presents its unclean hands defense to the jury, Masimo should be able to introduce the *True Wearables* holding to rebut Apple's defense and show that Masimo had at least a good faith basis for believing its confidentiality provisions would help maintain the secrecy of its trade secret information.[2] Masimo should also be permitted

---

[2] This Court excluded any reference to other litigation, including *True Wearables*. Dkt. 1469 at 2. If Apple were permitted to introduce arguments **before the jury** that Masimo's non-compete provisions are void, Apple would have opened the door and Masimo should be able to rely on the *True Wearables* holding to rebut Apple's evidence and arguments.

to introduce evidence that neither the confidentiality provisions nor the noncompete provisions limited the mobility of any employee because about 20 Masimo employees left Masimo to work for Apple.  Thus, despite Apple's theoretical arguments about restricting mobility, the evidence that Apple preliminarily succeeded in excluding shows that *in fact,* Masimo employees freely moved on to other jobs in their field, including from Masimo to Apple.

### III.  APPLE MISSTATES ELEMENTS OF CLAIMS AND DEFENSES

Pursuant to Local Rule 16-4.1(b) and (e), a Memorandum of Contentions of Law and Fact must list the elements required to establish a plaintiff's claims and defendant's counterclaims and affirmative defenses, with each element listed separately as found in standard jury instructions or case law.  Apple departs from the element list and provides argument on the case law.  As explained below, Apple misstates the law.

**A.    Apple Misstates The Elements Of Trade Secret Misappropriation**

Apple argues that Masimo must prove "(1) the existence and ownership of a trade secret and (2) misappropriation of a trade secret."  Dkt. 1361 at 3 (citing Cal. Civ. Code § 3426.1 and Cal. Civ. Jury Instr. 4400-4401).   Apple appears to be preserving its "ownership" argument for appeal.

In Apple's motion for summary judgment and motion to strike one of Masimo's interrogatory responses, Apple argued that Masimo must show it owned the trade secrets.  Dkt. 1101 at 12; Dkt. 1097 at 3.  This Court rejected Apple's argument that Masimo must show "'ownership' in a traditional sense and not merely 'possession' of the trade secrets."  Dkt. 1283 at 3, 13.  Apple presents no reason to deviate from the Court's previous analysis (other than to preserve the issue for appeal).  Thus, Masimo need not show ownership, only possession.

Apple also argues that Masimo "must show that Apple acquired, used, or disclosed each purported secret, knowing or having reason to know that Apple gained access to the purported secret through improper means."  Dkt. 1361 at 4.  But Apple misstates the law.

Masimo can show Apple misappropriated Masimo's trade secrets in three different ways: acquisition, use, or disclosure.  Cal. Civ. Code § 3426.1(b).  To show Apple misappropriated by acquisition, Masimo must show Apple acquired the trade secrets and knew or had reason to know that Apple used improper means to acquire it. Cal. Civ. Code § 3426.1(b); Cal. Civ. Jury Instr. ("CACI") No. 4405.

To show Apple misappropriated a trade secret by use, Masimo must show Apple:

1. Used the trade secret without Masimo or Cercacor's consent; and
2. Did any of the following:
   a. Acquired knowledge of the trade secret by improper means; or
   b. At the time of use, knew or had reason to know that Apple's knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
   c. At the time of use, knew or had reason to know that Apple's knowledge of the trade secret was derived from or through a person who owed a duty to Masimo or Cercacor to maintain its secrecy or limit its use.

Cal. Civ. Code § 3426.1(b); *see also* CACI No. 4407.

To show Apple misappropriated a trade secret by disclosure, Masimo must show Apple:

1. Disclosed the trade secret without Masimo or Cercacor's consent; and
2. Did any of the following:
   a. Acquired knowledge of the trade secret by improper means; or
   b. At the time of disclosure, knew or had reason to know that Apple's knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
   c. At the time of disclosure, knew or had reason to know that Apple's knowledge of the trade secret was derived from or through a person who owed a duty to Masimo or Cercacor to maintain its secrecy or limit its use.

-10-

1  Cal. Civ. Code § 3426.1(b); *see also* CACI No. 4406.

2  **B.     Apple Misstates The Law On Damages For Trade Secret Misappropriation**

3          Apple argues that damages "are limited to *the* 'head start' period."  Dkt. 1361 at

4  4 (citing *Nite Glow Indus. v. Central Garden & Pet Co.*, 2021 WL 2945556, at *6 (Fed.

5  Cir. Jul. 14, 2021) (emphasis added).  In *Nite Glow*, the ***Plaintiff*** included its trade secret

6  in a patent application.  Thus, the plaintiff argued, and the court therefore held, that

7  damages should be based on the head start that the Defendants gained by

8  misappropriating the plaintiff's trade secret before it published its own information in

9  the application. *Id*. *8.

10         But *Nite Glow* is inapplicable here because Masimo's trade secrets have not

11  become generally known since Apple's misappropriation.  Thus Apple has not

12  established any finite head-start period.  Here, ***Apple*** is at fault for publishing certain

13  Masimo trade secrets in Apple patents.  Other Masimo trade secrets have not "become

14  public."  Apple identifies no case where a plaintiff's damages are limited in time because

15  the defendant published the plaintiff's trade secrets.

16         Moreover, other courts have declined to limit actual loss for trade secret

17  misappropriation to a head-start period.  *RRK Holding Co. v. Sears, Roebuck & Co.,* 563

18  F. Supp. 2d 832, 836 (N.D. Ill. 2008) (jury instructions were consistent with Illinois law

19  and UTSA that head start period does not limit monetary damages); *see also*; *Johns

20  Manville Corp. v. Knauf Insulation, LLC,* 2017 WL 4222621, at *9 (D. Colo. Sept. 22,

21  2017) (plaintiff "entitled to damages from any period during which the trade secrets

22  afforded [defendant] a competitive advantage and for any profits [defendant] derived

23  from its use of [plaintiff's] trade secrets, rather than just those benefits that accrued

24  during a hypothetical 'head start' period."); *Thermech Eng'g Corp. v. Abbott Lab'ys*,

25  2003 WL 23018553, at *9 (Cal. Ct. App. Dec. 22, 2003) (unpublished) (declining to

26  limit damages to head start period and finding "the trial court properly awarded plaintiff

27  lost profits damages on the probes for the period defendant expected to sell and maintain

28

the [products].”); *see also* Masimo’s Proposed Final Instruction No. 39A and Arguments, filed concurrently herewith.

Apple further argues to recover damages for actual loss, Masimo has “the burden to produce the best evidence available in the circumstances to attempt to establish a claim for loss of profits.” Dkt. 1361 at 4 (citing *Elation Sys., Inc. v. Fenn Bridge LLC*, 71 Cal. App. 5th 958, 964 (2021)). Apple fails to explain what “best evidence” means. Moreover, Apple has not proposed any jury instruction derived from *Elation*. The closest Apple came was to propose Jury Instruction No. 14 about “weaker” and “stronger” evidence, which is not limited to lost profits, and is disputed as explained in the parties’ concurrently filed Proposed Final Jury Instructions.

Apple also argues that if “Apple ‘has either not utilized the [alleged] stolen secret commercially or has not benefitted in any way that can be measured in monetary terms,’ there is insufficient ‘evidence to support a monetary award measured by … unjust enrichment.” Dkt. 1361 at 5 (citing *Ajaxo*, 187 Cal. App. 4th at 1310). If Apple is arguing that the jury must find Apple incorporated Masimo’s trade secrets into Apple’s commercial product to be unjustly enriched, Apple is incorrect. Unjust enrichment is a proper measure of damages for misappropriation of trade secrets that a defendant uses to develop business strategies, marketing, or to test products during development. *See Mattel, Inc. v. MGA Ent., Inc.*, 2011 WL 3420571, at *4, *11-12 (C.D. Cal. Aug. 4, 2011) (affirming unjust enrichment for misappropriated marketing trade secrets)*; Copper Harbor Co., Inc. v. Cent. Garden & Pet Co.*, 2019 WL 2296224, at *5, *14-20 (Cal. Ct. App. May 30, 2019) (affirming jury’s unjust enrichment award regarding misappropriation of manufacturing process trade secrets).

Further, Apple fails to acknowledge the well-recognized burden-shifting framework that applies in calculating a defendant’s unjust enrichment in trade-secret cases. *See* Masimo’s Proposed Final Instruction No. 39A and Argument, filed concurrently herewith. Masimo, as the plaintiff, has the burden to establish only the revenue Apple received from selling products that benefitted from misappropriation.

1   Apple, as the defendant, has the burden to establish any portion of its revenue not

2   attributable to its misappropriation.  *See* Restatement (Third) of Unfair Competition § 45

3   cmt. f (1995); *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 331 F. Supp. 3d 977, 990

4   (N.D. Cal. 2018) (applying Restatement (Third) of Unfair Competition § 45 cmt. f

5   (1995), holding defendant "is in the better position to show any portion of the sale not

6   attributable to the trade secret, which observation conforms to the purpose of the burden

7   shifting occurring when unjust enrichment damages are at issue"), *vacated and*

8   *remanded on other grounds*, 11 F.4th 1010 (9th Cir. 2021), *and vacated and remanded*

9   *on other grounds*, 20 F.4th 1231 (9th Cir. 2021); *Nutritional Biomimetics, LLC v.*

10  *Empirical Labs Inc.*, 2018 WL 6818748, at *4 (D. Colo. Dec. 28, 2018); (applying

11  Restatement's burden shifting framework for unjust enrichment); *Iconics, Inc. v.*

12  *Massaro*, 266 F. Supp. 3d 461, 467–68 (D. Mass. 2017) (same); *Stenograph L.L.C. v.*

13  *Bossard Assocs., Inc.*, 144 F.3d 96, 103 (D.C. Cir. 1998) (trade secret unjust enrichment

14  "determined through a burden-shifting process largely identical to the one it had set forth

15  for the copyright infringement claim").

16      Masimo may recover damages for its actual loss in the form of lost profits or for

17  Apple's unjust enrichment from Apple misappropriating Masimo's trade secrets.  Cal.

18  Civ. Code. § 3426.3.  As explained in Masimo's Memorandum and its Response to

19  Apple's Memorandum Regarding Plaintiffs' Disclosure of Lost Profits, Masimo will

20  show Masimo's lost profits because of Apple's misappropriation.  Dkt. 1430 at 38-40;

21  Dkt. 1475.

22  **C.**    **Apple Misstates The Law On Correcting Inventorship Of Apple's Disputed**

23          **Patents**

24      Apple argues that Masimo must prove that its employees "made a significant

25  contribution to at least one claim of each patent."  Dkt. 1361 at 5 (citing *Eli Lilly & Co.*

26  *v. Aradigm Corp.*, 376 F.3d 1352, 1358-1359 (Fed. Cir. 2004)).  As explained in

27  Masimo's proposed jury instructions, the caselaw does not use the phrase "significant

28  contribution."  *See* Masimo's Proposed Final Instruction No. 42A and Argument, filed

-13-

1  concurrently herewith.  Rather, "The case law thus indicates that to be a joint inventor,
2  an individual must make a contribution to the conception of the claimed invention that
3  is ***not insignificant in quality***, when that contribution is measured against the dimension
4  of the full invention." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir.
5  1997) (emphasis added).

6      Apple also argues that Masimo's employees must contribute to at least one claim.
7  As explained in Masimo's proposed jury instructions, it is sufficient to contribute to
8  conception of at least one limitation in at least one claim.  *See* Masimo's Proposed Final
9  Instruction No. 42A and Argument, filed concurrently herewith; *Eli Lilly & Co. v.
10  Aradigm Corp.*, 376 F.3d 1352, 1361–62 (Fed. Cir. 2004) ("the law of inventorship does
11  not hinge co-inventor status on whether a person contributed to the conception of all the
12  limitations in any one claim of the patent."); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135
13  F.3d 1456, 1462 (Fed. Cir. 1998) (if an omitted inventor conceived of one part of one
14  limitation of a long claim then "he contributed to the subject matter of" the claim and he
15  was properly added as an inventor because the claim "includes the elements that [he]
16  contributed to the invention according to the district court's findings."); *In re VerHoef*,
17  888 F.3d 1362, 1366 (Fed. Cir. 2018), as amended (May 7, 2018) (contribution of one
18  limitation in a two-limitation claim sufficient).

19      Apple implies that the coinventors must work together through "joint behavior."
20  Dkt. 1361 at 6; *see also id.* at 17 (arguing no joint inventorship if the named inventors
21  operated "independent" from alleged joint inventors).  This is incorrect.  *See* Masimo's
22  Proposed Final Instruction No. 42A and Argument, filed concurrently herewith.  Rather,
23  "[t]he inventors need not work physically together or contemporaneously to be joint
24  inventors; nor must each inventor contribute equally or to each claim of the patent."
25  *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290,
26  1298, 1299 (Fed. Cir. 2009).

27      To prove that one of Masimo's employees should be added as an inventor to a
28  Disputed Patent, Masimo must show, by clear and convincing evidence, that the Masimo

-14-

employee (1) contributed to the conception of at least one limitation in at least one claim of a Disputed Patent; and (2) the contribution was not insignificant in quality when measured against the dimension of the full invention. *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997); *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009); *Meng v. Chu*, 643 F. App'x 990, 994 (Fed. Cir. 2016) (citing *Acromed Corp. v. Sofamor Danek Grp.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001)).

### D. Apple Misstates The Law On Declaring Masimo A Co-Owner Of Apple's Disputed Patents

Apple argues that "where an alleged joint inventor has failed to 'meet the heavy burden' of proving that he or she is indeed a joint inventor, there is no ownership interest to be acquired." Dkt. 1361 at 7. Apple ignores that Masimo need not show that another Masimo employee is a joint inventor to show ownership of the Disputed Patents. Masimo can establish ownership of the Disputed Patents if Marcelo Lamego, who is already a named inventor, made his inventive contribution to the Disputed Patent at a time and under conditions that created an obligation to assign his rights in the invention to Masimo.

To prove that Masimo has an ownership interest in a Disputed Patent, Masimo must show by, a preponderance of the evidence, that at least one inventor of that patent did one or both of the following: (1) assigned to Masimo his interest in the patent; or (2) made his inventive contribution to the patent at a time and under conditions that created an obligation to assign to Masimo his rights in such inventions.

### E. Apple Misstates The Elements Of Its Laches Defense

Apple argues that laches requires (1) unreasonable delay and (2) either acquiescence in the act about which Masimo complains or prejudice to Apple resulting from the delay. Dkt. 1361 at 16. However, acquiescence is not at issue in this case. *See* Dkt. 1361 at 19 (Apple identifying only alleged prejudice to Apple). Accordingly, Apple's defense of laches requires Apple to prove by a preponderance of the evidence

that: (1) Masimo unreasonably delayed asserting or diligently pursuing a claim for misappropriation of trade secrets; and (2) any delay prejudiced Apple. *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000); *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *20 (C.D. Cal. Nov. 7, 2022).

F. **Apple Misstates The Elements Of Its Defense That It Did Not Willfully and Maliciously Misappropriate Masimo's Trade Secrets**

Apple argues that Masimo must prove willful and malicious misappropriation by clear and convincing evidence. Dkt. 1361 at 16. But as Masimo explains in its proposed jury instructions, the burden of proof for willful and malicious misappropriation is preponderance of the evidence. *See* Masimo's Proposed Final Instruction No. 40A and Argument, filed concurrently herewith.

G. **The Parties Dispute The Jury Instruction On Apple's Statute of Limitations Defense**

In the parties' proposed jury instructions, the parties dispute the jury instruction on the statute of limitations. Masimo's proposed instruction tracks the correct law and this Court's prior order regarding Apple's Motion for Partial Summary Judgment. *See* Masimo's Proposed Final Instruction No. 34A and Argument, filed concurrently herewith.

H. **Apple Misstates The Law On A Readily Ascertainable Defense To Trade Secret Misappropriation**

Apple contends that a "trade secret is readily ascertainable by proper means if the information 'can easily be gathered together from various sources through a minimum of time and labor.'" Dkt. 1361 at 17 (citing *GSI Tech., Inc. v. United Memories*, 2015 WL 5655902, at *12 (N.D. Cal. Sept. 25, 2015)). This is not the law. The Court rejected Apple's readily ascertainable defense, holding that a readily ascertainable defense is only available if the defendant "actually gained knowledge of the trade secret by use of those materials which make the trade secret readily ascertainable." Dkt. 1284 at 3 (citing *Masimo Corp. v. True Wearables Inc.*, 2021 WL 2548690, at *4 (C.D. Cal. Apr. 28,

2021), *aff'd* 2022 WL 205485 (Fed. Cir. Jan. 24, 2022).  Apple's experts do not claim that Apple obtained Masimo's trade secrets from a readily ascertainable source.  *Id.* at 4.  Thus, the Court struck Apple's expert opinions that the trade secrets were readily ascertainable.  *Id.*  Presumably, Apple made its argument to preserve it for appeal.

**I.      Apple Fails To Identify Its Burden Of Proof To Show Waiver**

Apple fails to identify that to succeed on its waiver defense, Apple must prove waiver by clear and convincing evidence.  *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018).  To prove waiver, Apple must show that Masimo intentionally relinquished its right to bring its claims after knowledge of the facts.  *See id.* (citing *Waller v. Truck Ins. Exchange, Inc*. 11 Cal.4th 1, 31 (1995) *as modified on denial of reh'g* (Oct. 26, 1995)); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 60 (1994).

**J.      Apple Misstates The Law On Causation To Recover Damages**

Apple argues that causation is an element of proving trade secret misappropriation liability.  As explained in Masimo's proposed jury instructions, this is wrong and is refuted by the statute.  *See* Cal. Civ. Code §§ 3426.1, 3426.3(b); *see also* Masimo's Proposed Final Instruction No. 16A and Argument, filed concurrently herewith.

Apple argues that Masimo can recover its actual loss or Apple's unjust enrichment only if Apple's trade secret theft was a "substantial factor" in causing Masimo's damages.  A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  *See* Masimo's Proposed Final Instruction No. 33A and Argument, filed concurrently herewith.  Such factor does not have to be the *only* cause of the harm.  *Id.*

**K.      Apple Fails To Identify The Elements of Unclean Hands**

Apple generally states policies regarding unclean hands, but fails to identify the elements it must prove to establish this defense.  Dkt. 1361 at 19.  As stated in Masimo's Memorandum, to prove unclean hands, Apple must prove that (a) Masimo's behavior is tainted by inequity or bad faith and (b) that behavior occurred in acquiring the rights

1  Masimo now asserts.  Dkt. 1430 at 48 (citing *Ellenburg v. Brockway, Inc.*, 763 F.2d

2  1091, 1097 (9th Cir.1985)).

### IV.  <u>APPLE SHOULD NOT REFER TO WITHDRAWN TRADE SECRETS</u>

4      While the parties agreed not to offer evidence or argument about their respective

5  narrowing of the case (Dkt. 1297-2 at 6; Dkt. 1336-1 at 2 n.1), "Apple reserves the right

6  to address abandoned trade secrets incorporated into other asserted trade secrets."

7  Dkt. 1361 at 23.  Since then, the Court has rejected Apple's plan to address abandoned

8  trade secrets.  The Court's Pretrial Conference Order lists the trade secrets that will be

9  presented at trial, adopting Masimo's proposal to consecutively number the trade secrets

10  and only refer to the remaining trade secrets.  Dkt. 1483.  Thus, Apple cannot refer to

11  any withdrawn trade secrets.

### V.  <u>BIFURCATION OF ISSUES</u>

13      The Parties agree they will present evidence relevant to the amount of any

14  reasonable royalty on trade secret misappropriation, if necessary, after trial.  *See*

15  Dkt. 1106 (Parties' stipulation); *see also* Dkt. 1076 at 6.

### VI.  <u>JURY TRIAL</u>

17      The Parties agree that "all issues remaining in Plaintiffs' affirmative case are

18  triable to the jury, except for any award of punitive damages."  Dkt. 1361 at 25.  Apple

19  further contends that all of its affirmative defenses are triable to the jury, "except for

20  laches (Affirmative Defense 4) and waiver (Affirmative Defense 11)."  *Id.*  Masimo

21  addresses whether the jury should decide Apple's unclean hands defense in the parties'

22  Joint Proposed Final Instruction No. 35A, filed concurrently herewith.

### VII.  <u>ATTORNEYS' FEES</u>

24      Masimo seeks attorneys' fees and costs from Apple under Cal. Civ. Code § 3426.4

25  for willful and malicious misappropriation of trade secrets.

# VIII.  ABANDONMENT OF ISSUES

In an effort to streamline trial in view of the limited time the parties have to present evidence, Masimo has identified certain trade secrets that it will not present at trial. Dkt. 1430 at 52.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated:  March 28, 2023          By: */s/ Kendall M. Loebbaka*
                                     Joseph R. Re
                                     Stephen C. Jensen
                                     Sheila N. Swaroop
                                     Brian C. Horne
                                     Irfan A. Lateef
                                     Benjamin A. Katzenellenbogen
                                     Brian C. Claassen
                                     Stephen W. Larson
                                     Mark D. Kachner
                                     Adam B. Powell
                                     Kendall M. Loebbaka
                                     Daniel P. Hughes

                                     Attorneys for Plaintiffs,
                                     MASIMO CORPORATION and
                                     CERCACOR LABORATORIES, INC.