# EXHIBIT 2

| | |
|---|---|
| **From:** | Mueller, Joseph |
| **To:** | Joe Re |
| **Subject:** | RE: proposals for trial |
| **Date:** | Tuesday, March 28, 2023 5:58:00 AM |

Joe,

We're not proposing to violate the Protective Order, or put sensitive information into circulation without adequate protection.   Indeed, my email explicitly said our proposal would not affect the parties' respective obligations under the Protective Order.

Our proposal deals only with the exhibits that will be shown to the jury.  As to those exhibits, even if the exhibits bore Bates legends, we would still need to request sealing from the Court to shield those exhibits from the public.  Under our proposal, that would not change—both sides would reserve all rights to seek sealing of the courtroom and/or sealing of the documents themselves.

In short, under our proposal, literally nothing would change vis-à-vis the confidentiality status of the documents.  The only change would be the removal of the stamps from the jury set, to prevent jury confusion as to what those stamps mean.

As for your logistical concerns, once again, our proposal would only impact the jury set of exhibits— and the jury will not start seeing exhibits until next week.  Removing the stamps from the exhibits that will actually be used with the jury is quite simple, and we'd be happy to help your team if you need the help.

Please let me know your thoughts on this, and the other proposals in my Sunday email.

Thanks,
Joe

---

**From:** Joe Re <Joe.Re@knobbe.com>
**Sent:** Monday, March 27, 2023 6:32 PM
**To:** Mueller, Joseph <Joseph.Mueller@wilmerhale.com>
**Subject:** RE: proposals for trial

**EXTERNAL SENDER**

Joe,

Thank you for your emails.  With regard to your second email, Apple's request would violate the Protective Order by removing the required legends.  In addition, having copies of highly sensitive information circulating without those legends would create significant confusion about the status of such documents.  In our experience, the Court will require the parties to adhere to the Protective Order throughout trial.

Exhibit 2
Page 1

Moreover, as a practical matter, it is simply too late to remove confidentiality designations from the documents.  We have already prepared binders of Masimo's exhibits to be delivered to the Court.  At this late stage, Masimo cannot remove the designations and have binders prepared in time as required by the Court.

I am preparing a response to your Sunday, March 26 email.

Talk to you soon,
Joe

---

**From:** Mueller, Joseph <Joseph.Mueller@wilmerhale.com>
**Sent:** Monday, March 27, 2023 11:05 AM
**To:** Joe Re <Joe.Re@knobbe.com>
**Subject:** RE: proposals for trial

Joe,

Here is another proposal: for all trial exhibits, we think the Bates stamps of confidentiality added during the litigation should be removed, to provide the jury with the original documents—with only Bates page numbers added.  We think the Bates confidentiality stamps could confuse the jury.  The removal of the Bates stamps of confidentiality would be subject to the following:

- This would just be for the trial exhibits, and would not affect the confidentiality status of the production set, nor affect the parties' respective obligations under the Protective Order.
- Even for the trial exhibits, both sides would reserve all rights to seek sealing of the courtroom and/or sealing of the documents themselves.
- That is, the removal of the Bates stamps would <u>not</u> be an admission that these are public documents.

Please let me know your thoughts on this, as well as the proposals in my email from yesterday.

Thanks,
Joe

---

**From:** Mueller, Joseph <Joseph.Mueller@wilmerhale.com>
**Sent:** Sunday, March 26, 2023 10:36 AM
**To:** joe.re@knobbe.com
**Subject:** proposals for trial

Joe,

I write to follow up on a subject that I raised at the pretrial conference, namely, the need for tools to help the jury navigate the complexity of the issues at trial.  Here are three proposals:

Exhibit 2
Page 2

First, as you may have seen from our proposed verdict form, we think it would be useful for the verdict form to provide "flow charts" that show precisely how the jury instructions translate to decision points for the jury.  We think it would be helpful to have two similar flow charts (one for trade secret issues, one for patent issues) in the juror notebooks, to give the jurors references to help them connect the evidence to the decisions that they will need to make.  Attached are the two charts that we propose for inclusion in the juror notebooks.

Second, as I mentioned at the pretrial conference, we think it would be useful for the party introducing a witness to be able to give a "transition statement" briefly introducing the witness and his/her relevance to the case.  In terms of format, we are envisioning something along these lines: "Next, [plaintiffs / defendant] call [name], who is [position].  [Plaintiffs / defendant] believes that [name] has information relevant to alleged trade secret [insert category and number(s)]."  We would be willing to exchange specific transition statements as part of the nightly exchange/objection process, to allow for any objections to be resolved or presented to the Court before the transition statement is read to the jury.

Third, we think during the examinations of witnesses, it would be useful for the parties to be able to flag the issue for which upcoming questions will relate.  For example: "Ladies and gentlemen, we will now get into some questions that [plaintiffs / defendant] believe relate to alleged trade secret [insert category and number(s)]."

Please let me know your thoughts on these proposals.  We have tried to come up with ideas that do not favor either side on the substance, but simply help the jury to digest the material that the parties present.  We hope we can reach agreement on a joint set of ideas to present for the Court's consideration.

Thanks,
Joe

**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not

Exhibit 2
Page 3

the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 2
Page 4