# EXHIBIT 4

| | |
|---|---|
| **From:** | Mueller, Joseph |
| **To:** | Joe Re |
| **Subject:** | RE: proposals for trial |
| **Date:** | Tuesday, March 28, 2023 7:14:00 PM |

Joe,

Thanks for getting back to me.

On the flow charts, we have tried to distinguish between the parties' dispute over the verdict form, on the one hand, and the proposed flow charts for the juror notebooks, on the other hand. Our proposed insert for the juror notebooks is only 2 pages long—1 for the trade secret issues, 1 for the patent issues. I understand that you object to that insert. If I have that wrong, please let me know. Also, if you have any specific suggestions for the substance of the charts, please let me know. But unless you tell me otherwise, we will proceed on the assumption that you object to any form of the charts being included in the notebooks.

On the transition statements and statements during witness examinations, we have tried to craft language that is neutral and non-argumentative. Our goal is to give both sides an equal ability to provide neutral guideposts to the jury, to help them navigate the many issues in this case. Again, we will proceed on the assumption that you object to our proposals.

I must disagree with your account of the exhibit meet-and-confer process. That is not accurate. I am happy to discuss that with you directly if you would like.

More generally, I share the interest in keeping an open line of communication. Please feel free to email or call me anytime before or during the trial. I believe it is best to work cooperatively on issues rather than burdening the Court with unnecessary disputes. And, I think that is particularly true for procedural issues that can be resolved in a neutral, even-handed way that allow both sides to present their respective positions on the merits to the jury and to the Court.

Thanks,
Joe

**From:** Joe Re <Joe.Re@knobbe.com>
**Sent:** Tuesday, March 28, 2023 6:29 PM
**To:** Mueller, Joseph <Joseph.Mueller@wilmerhale.com>
**Subject:** RE: proposals for trial

**EXTERNAL SENDER**

Joe,

I write in response to your March 26 email.

Exhibit 4
Page 1

**Apple's Proposed Verdict Form and Flowcharts**

We believe an appropriate verdict form, as we provided to you, is actually very simple for the jury to follow.  Apple's proposed verdict form, including the proposed flowcharts, is overly complicated and unnecessarily long.  I have never seen a verdict form like Apple has proposed, with that many questions, overly complicating the relatively straightforward task of the jury in this case.  Moreover, Apple's proposed overly complicated verdict form and flowcharts is clearly an attempt to unfairly favor Apple.  Thus, Masimo cannot agree to Apple's proposed verdict form or including Apple's proposed flowcharts in the juror notebook.

**Witness Transition Statements**

Masimo would agree with the parties introducing witnesses by name, the company they work(ed) for, and their position.  However, Masimo disagrees that the parties should introduce witnesses by identifying what issue the witness is purportedly relevant to.  Identifying the issues to the jury will become long and confusing because many witnesses will be addressing multiple issues in the case.  Further, some witness testimony may be anticipating arguments that have yet to be made, which may only add confusion when introducing the witnesses.  Anything more than what we have suggested will surely become a source of unnecessary disputes and objections.

**Transition Statements By Attorneys During Witness Questioning**

Apple's proposal that attorneys may identify issues a witness will testify to next appears to interject attorney argument in the examination of witnesses.  Closing arguments are the place for such attorney argument.

I appreciate your willingness to reach out and make various proposals like these.  I hope that the parties can keep an open line of communication as we go through trial.  Thus far, we have struggled to find agreement on even the most basic points.  For example, I understand just today attorneys from our teams met to identify possible exhibits to pre-admit.  Apple has effectively refused any pre-admission, agreeing only to the disputed patents and physicals of the Apple Watches.  I would appreciate if you could talk with your team to give them the authorization they need to make those kind of meetings productive, particularly where the Court's standing order specifically directs the parties to work together on pre-admitted exhibits.  The Court expects us to streamline the case and avoid unnecessary testimony and deposition clips merely to lay foundation on unobjectionable exhibits.  If Apple can identify any additional exhibits for pre-admission, please let us know.

Joe

---

**From:** Mueller, Joseph <Joseph.Mueller@wilmerhale.com>
**Sent:** Sunday, March 26, 2023 7:36 AM

Exhibit 4
Page 2

**To:** Joe Re <Joe.Re@knobbe.com>
**Subject:** proposals for trial

Joe,

I write to follow up on a subject that I raised at the pretrial conference, namely, the need for tools to help the jury navigate the complexity of the issues at trial. Here are three proposals:

First, as you may have seen from our proposed verdict form, we think it would be useful for the verdict form to provide "flow charts" that show precisely how the jury instructions translate to decision points for the jury. We think it would be helpful to have two similar flow charts (one for trade secret issues, one for patent issues) in the juror notebooks, to give the jurors references to help them connect the evidence to the decisions that they will need to make. Attached are the two charts that we propose for inclusion in the juror notebooks.

Second, as I mentioned at the pretrial conference, we think it would be useful for the party introducing a witness to be able to give a "transition statement" briefly introducing the witness and his/her relevance to the case. In terms of format, we are envisioning something along these lines: "Next, [plaintiffs / defendant] call [name], who is [position]. [Plaintiffs / defendant] believes that [name] has information relevant to alleged trade secret [insert category and number(s)]." We would be willing to exchange specific transition statements as part of the nightly exchange/objection process, to allow for any objections to be resolved or presented to the Court before the transition statement is read to the jury.

Third, we think during the examinations of witnesses, it would be useful for the parties to be able to flag the issue for which upcoming questions will relate. For example: "Ladies and gentlemen, we will now get into some questions that [plaintiffs / defendant] believe relate to alleged trade secret [insert category and number(s)]."

Please let me know your thoughts on these proposals. We have tried to come up with ideas that do not favor either side on the substance, but simply help the jury to digest the material that the parties present. We hope we can reach agreement on a joint set of ideas to present for the Court's consideration.

Thanks,
Joe

**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

Exhibit 4
Page 3

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 4
Page 4