Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PARTIES' COMBINED PROPOSED JURY VERDICT FORMS AND OBJECTIONS TO JURY VERDICT FORMS**<br>)<br>)<br>)<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal portions of Parties' Combined Proposed Jury Verdict Forms and Objections to Jury Verdict Forms ("Verdict Forms"). Masimo requests the Court seal the proposed redactions to the Verdict Forms.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Litigation documents are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The information that Masimo seeks to seal contains information that Masimo considers confidential. Hughes Decl. ¶ 4.

The portions of the Verdict Forms which Masimo seeks to file under seal disclose Masimo's confidential trade secrets or information about Masimo's confidential trade secrets. *Id.* ¶ 5. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's trade secrets or confidential trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment

without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

Thus good cause exists to seal the highlighted portions of the Verdict Forms.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal proposed highlighted portions of the Verdict Forms.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 28, 2023

By: */s/ Daniel P. Hughes*
    Joseph R. Re
    Stephen C. Jensen
    Sheila N. Swaroop
    Brian C. Horne
    Irfan A. Lateef
    Benjamin A. Katzenellenbogen
    Brian C. Claassen
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Kendall M. Loebbaka
    Daniel P. Hughes

    Attorneys for Plaintiffs
    MASIMO CORPORATION and
    CERCACOR LABORATORIES, INC.

57367825