1  Joseph R. Re (Bar No. 134479)
     joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
     steve.jensen@knobbe.com
3  Sheila N. Swaroop (Bar No. 203476)
     sheila.swaroop@knobbe.com
4  Irfan A. Lateef (Bar No. 204004)
     irfan.lateef@knobbe.com
5  Benjamin A. Katzenellenbogen (Bar No. 208527)
     ben.katzenellenbogen@knobbe.com
6  Brian C. Claassen (Bar No. 253627)
     brian.claassen@knobbe.com
7  Stephen W. Larson (Bar No. 240844)
     stephen.larson@knobbe.com
8  Kendall M. Loebbaka (Bar No. 285908)
     kendall.loebbaka@knobbe.com
9  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
10 Irvine, CA 92614
   Telephone: (949) 760-0404
11 Facsimile: (949) 760-9502

12 *Attorneys for Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc.*

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000
Fax: 650.858.6100

*Attorneys for Defendant Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **PARTIES' COMBINED PROPOSED JURY VERDICT FORMS AND OBJECTIONS TO JURY VERDICT FORMS** <br><br> Trial:    4/4/2023 <br><br> Hon. James V. Selna |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  Brian C. Horne (Bar No. 205621)
       brian.horne@knobbe.com
2  Mark D. Kachner (Bar No. 234192)
       mark.kachner@knobbe.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
4  1925 Century Park East, Suite 600
   Los Angeles, CA 90067
5  Telephone: (310) 551-3450
   Facsimile: (310) 551-3458
6
7  Adam B. Powell (Bar. No. 272725)
       adam.powell@knobbe.com
8  Daniel P. Hughes (Bar No. 299695)
       Daniel.hughes@knobbe.com
9  KNOBBE, MARTENS, OLSON & BEAR, LLP
10 3579 Valley Centre Drive
   San Diego, CA 92130
11 Telephone: (858) 707-4000
   Facsimile: (858) 707-4001
12
13 *Attorneys for Plaintiffs Masimo Corp. and Cercacor Laboratories, Inc.*

JOSHUA H. LERNER, SBN 220755
    joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

JOSEPH J. MUELLER, *pro hac vice*
    joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
    sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
    nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
    brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
    Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

*Attorneys for Defendant Apple Inc.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MASIMO'S PROPOSED JURY VERDICT FORM AND OBECTIONS TO
APPLE'S PROPOSED VERDICT FORM**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   <u>VERDICT FORM</u>

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form and in accordance with the Jury Instructions.  Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

1. Do you find that Masimo has proven that Apple misappropriated one or more of the following asserted trade secrets?

| Trade Secret | Yes (for Masimo) | No (for Apple) |
|---|---|---|
| ███████ D1 | | |
| ███████ D2 | | |
| ███████ D3 | | |
| █████████ L1 | | |
| █████████ L2 | | |
| Business Strategy B1 | | |
| Business Strategy B2 | | |
| Business Strategy B3 | | |
| Business Strategy B4 | | |
| Business Strategy B5 | | |
| Business Strategy B6 | | |
| Value, Importance, and Appropriateness of trade secrets D1, D2, D3, L1, L2, B1, B3, or B5, individually or collectively or in any combination | | |

2. If you find Apple misappropriated one or more asserted trade secret(s), do you find that Masimo has proven any such misappropriation was willful and malicious?

_____          _____
        Yes                          No
   (for Masimo)               (for Apple)

3. If you find Apple misappropriated one or more asserted trade secret(s), how much money should Apple pay Masimo for that trade secret misappropriation?

$_____

-3-

4.    Do you find that Apple has proven that the statute of limitations prevents Masimo from asserting a claim for misappropriation of one or more of the following asserted trade secrets?

| Trade Secret | No (for Masimo) | Yes (for Apple) |
|---|---|---|
| ███████ D1 | | |
| ███████ D2 | | |
| ███████ D3 | | |
| █████████ L1 | | |
| █████████ L2 | | |
| Business Strategies B1 | | |
| Business Strategies B2 | | |
| Business Strategies B3 | | |
| Business Strategies B4 | | |
| Business Strategies B5 | | |
| Business Strategies B6 | | |
| Value, Importance, and Appropriateness of trade secrets D1, D2, D3, L1, L2, B1, B3, or B5, individually or collectively or in any combination | | |

5.  Do you find that Masimo has proven that Mohamed Diab should be added as one of the inventors on the following patents?

| Patent | Yes (for Masimo) | No (for Apple) |
|---|---|---|
| U.S. Patent No. 10,078,052 | | |
| U.S. Patent No. 10,247,670 | | |
| U.S. Patent No. 9,952,095 | | |
| U.S. Patent No. 11,009,390 | | |

6.  Do you find that Masimo has proven that Jeroen Poeze should be added as one of the inventors on U.S. Patent No. 10,219,754?

_____          _____
**Yes**                      **No**
**(for Masimo)**          **(for Apple)**

7.  Do you find that Masimo has proven that it should be a co-owner of one or more of the following patents?

| Patent | Yes (for Masimo) | No (for Apple) |
|---|---|---|
| U.S. Patent No. 10,078,052 | | |
| U.S. Patent No. 10,247,670 | | |
| U.S. Patent No. 9,952,095 | | |
| U.S. Patent No. 11,009,390 | | |
| U.S. Patent No. 10,219,754 | | |

Dated: _____          By:_____

Jury Foreperson

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   OBJECTIONS TO APPLE'S VERDICT FORM

### A.   Apple's Verdict Form Is Too Long and Too Detailed

The Verdict Form should be as simple and streamlined as possible. *See Falcon Stainless, Inc. v. Rino Cos., Inc.*, 2011 WL 13130703, at *17 (C.D. Cal. Oct. 21, 2011) (replacing "long and confusing" special verdict form proposed by the parties with a general verdict form after jury deadlocked over "long and confusing" special verdict form).

Apple's proposed 35-page Verdict Form violates this basic principle by presenting a special question on nearly every potential subsidiary issue.  Apple's proposed Verdict Form contains **93 separate questions** for the jury.  For example, Apple's proposed Verdict Form asks the jury to separately address each element of trade secret misappropriation for each asserted trade secret.  Apple turns one claim for trade secret misappropriation into 72 questions on liability alone.

Apple complains that Masimo's "proposed verdict form oversimplifies and confuses the decision-making process and risks injecting errors into the final verdict." Apple Objections at 1:7-9.  Apple does not explain how Masimo's verdict form could be too simple or why that could be confusing.  Apple specifically ignores that a verdict form need not, and should not, list every issue that the jury may consider during deliberations, and the verdict form certainly should not include issues that the jury will not consider.  As the Fifth Circuit explained:

> [T]here is no basis for [the appellant's] apparent assumption that because an issue is important to the outcome of a case, the jury must be instructed to supply a specific answer informing the court how they resolved that one issue.  No party is entitled to a special verdict on each of the multi-faceted, multitudinous issues essential to the resolution of a given case.

*Bowers v. Firestone Tire & Rubber Co.*, 800 F.2d 474, 478 (5th Cir. 1986).

The D.C. Circuit specifically explained that even verdict forms that include

special questions should not contain the same level of detail as the jury instructions:

> As the court explained to the jury, the purpose of the special question form was to "make (its) task easier." For the special question form to contain everything that the court explained in the oral instructions would have rendered it an extremely unwieldy and burdensome document inasmuch as the oral instructions occupied some 39 transcript pages as reported.

*Columbia Plaza Corp. v. Security Nat'l Bank*, 676 F.2d 780, 787 (D.C. Cir. 1982). *See also Ortiz v. New York City Housing Authority*, 22 F. Supp. 2d 15, 26 (E.D.N.Y. 1998) (refusing to submit a special verdict question on an issue adequately addressed by jury instructions). The court in *Columbia Plaza* characterized a 39-page transcript as making for an "extremely unwieldy and burdensome" document. Apple's 93-question proposed Verdict Form is nearly as long at 35 pages.

Apple proposed questions for every potential issue for each trade secret and ignored that much of the evidence will be common between trade secrets. For example, the Court recognized that Masimo need not present, for each trade secret, distinct evidence of Masimo's reasonable efforts under the circumstances to maintain secrecy. And as some of the asserted trade secrets incorporate other trade secrets, many of the answers will necessarily be the same. The complexity of Apple's 88-question proposed Verdict Form would be unhelpful and confusing to the jury. *See Bowers*, 800 F.2d at 478. Apple also needlessly includes in its proposed Verdict Form descriptions of the trade secrets. *See* pp. 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25. The descriptions, numbering, and titles in Exhibit A will be included in the juror notebook.

Apple's proposed Verdict Form is so complicated that Apple converted it into a flow chart to make it appear shorter and more manageable. However, the serpentine arrows, paragraph explanations, and inconsistent word bubbles are likely to confuse the jury. The Verdict Form should be short, simple, and easy to understand to make the jury's task as manageable as possible. Apple's proposed Verdict Form is not.

**B.** **Apple's Verdict Form Is Not Balanced**

Apple's proposed Verdict Form is not merely too long and too detailed, it is also

-7-

too long and too detailed in a one-sided way.  For example, Apple proposes detailed questions only for issues on which Masimo bears the burden of proof.  Apple proposes the jury should answer ***72 questions*** on ***liability*** for Masimo's ***one*** claim for trade secret misappropriation.  However, Apple proposes the jury need answer only ***three questions*** to resolve Apple's ***two*** defenses.  Apple's proposal would be unfair to the jury and Masimo because it would make it less burdensome for the jury to find in Apple's favor.

Apple's proposed Verdict Form also cherry-picks phrases from the anticipated jury instructions and includes them only where it might give Apple an advantage.  For example, Apple's proposed question numbers 78, 79, 81, 83, 85, and 87 refer to Masimo's burden to present "clear and convincing evidence" to establish inventorship. However, Apple's proposed Verdict Form does not use the phrase "preponderance of the evidence" with regard to any issue on which that would be Masimo's burden.  Nor does Apple's proposed Verdict Form reference any burden that Apple bears on any issue.

Apple's proposed flow charts are one-sided.  Apple's flow charts for the trade secrets are organized to make it easier to find in favor of Apple and harder to find in favor of Masimo.  *See* pp. 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24.  Apple then flips the organization of the flow charts for Apple's defenses in two ways.  *See* p. 27.  First, Apple omits the elements of each defense so the jury could find in Apple's favor based on a single question.  *Id.*  Second Apple nests its two defenses to again make it seem as if it is easier to find in Apple's favor.  *Id.*

Apple also includes one-sided instructions.  For example, under the heading "Apple's Defenses," Apple proposes telling the jury it should complete that section "***only if*** you found Apple may be liable for misappropriation" and that "[i]f you have <u>not</u> found that Apple may be liable for misappropriating <u>any</u> Alleged Trade Secrets, please skip this section and the next section[.]"  *See* p. 27 (emphasis added).  Similarly, under the heading "Damages," Apple proposes telling the jury "***[i]f, and only if***, you have unanimously determined that [Masimo has] proven that Apple may be liable for misappropriation" should you evaluate damages.  *See* p. 28 (emphasis added).

1   "However, if you determined that [Masimo] did not prove that Apple may be liable for

2   misappropriation … then *SKIP* this section[.]"   *Id.* (capitalization in original).   This

3   language is weighted against finding liability.

4   **C.**   **Apple's Verdict Form Fails To Ask About Its Statute Of Limitations**

5   **Defense Separately For Each Asserted Trade Secret**

6   Apple's proposed Verdict Form asks the jury to address Apple's statute of

7   limitations defense for all asserted trade together, instead of on a trade-secret-by-trade-

8   secret basis.   (The parties brief the same issue in connection with Proposed Jury

9   Instruction 34.)   Apple asserts that "the limitations period begins to run on *all*

10   misappropriation claims when plaintiff knew or should have discovered the first instance

11   of misappropriation."   Apple's assertion is overbroad and wrong for multiple reasons.

12   First, Apple relies on *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095,

13   1110 (N.D. Cal. 2012), but Apple omits that even *MedioStream* held that the statute of

14   limitations begins to run as to other trade secrets only if "they are related."   *Id.*

15   *MedioStream* also cites cases that reached the same conclusion.   *See Forcier v. Microsoft*

16   *Corp.,* 123 F. Supp. 2d 520, 526 (N. D. Cal. 2000) ("alleged trade secrets at issue all are

17   related"); *HiRel Connectors, Inc. v. U.S.*, 465 F. Supp. 2d 984, 988 (C.D. Cal. 2005)

18   (addressing "separate misappropriations of related trade secrets"); *see also Intermedics*,

19   822 F.Supp. at 654 (statute began to run "at least for all related matters").

20   Here, at least the Business Strategies trade secrets are not related to any of the

21   technical trade secrets (and vice versa), the ███████████ trade secrets are not

22   related to the ████████ trade secrets (and vice versa), and L1 is not related to L2

23   (or vice versa).

24   Second, Apple ignores that awareness of one former employee's misappropriation

25   does not place a company on notice of misappropriation by other former employees.

26   *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 1003 (C.D. Cal. 2011) ("'continuing

27   misappropriation' refers to multiple acts by *one* individual and not, as here, many other

28   employees").   Thus, the jury could at least find that trade secrets misappropriated by or

1   via O'Reilly did not put Masimo on notice that trade secrets may have been
2   misappropriated by or via Lamego (and vice versa).

3          Third, Apple ignores that this Court addressed the legal standards for triggering
4   the statute of limitations when Apple filed its first motion for partial summary judgment
5   in 2021.  This Court explained that, "when there is reason to suspect that a trade secret
6   has been misappropriated, **_and a reasonable investigation would produce facts_**
7   **_sufficient to confirm this suspicion_** (and justify bringing suit), the limitations period
8   begins, even though the plaintiff has not conducted such an investigation." Dkt. 606 at 3
9   (emphasis added) (quoting *Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3
10  (D. Haw. Sept. 28, 2016)).  This Court further explained that "a suspicion that [trade
11  secrets] theoretically could be shared provides an insufficient basis for filing a trade
12  secret misappropriation claim."  *Id.* at 7 (citing *Cypress Semiconductor Corp.v. Superior*
13  *Ct.*, 163 Cal. App. 4th 575, 587, (2008)).

14         Even if Masimo had a reason to suspect misappropriation of one trade secret, if a
15  reasonable investigation would not have produced facts sufficient to justify bringing suit
16  on other trade secrets, then the statute should not begin running as to those other trade
17  secrets.

18         Thus, the jury should evaluate Apple's statute of limitations defense
19  independently for each trade secret.

20  **D.     Apple's Verdict Form Includes Improper Questions**

21         Apple's proposed Verdict Form compounds its complexity and exacerbates
22  confusion by posing questions on issues that are not necessary to resolve Masimo's
23  claims or Apple's defenses.  For example, Apple's proposed question number 77
24  requires the jury to "specify the mathematical connection(s) between the Alleged Trade
25  Secret(s) for which you found Apple liable for misappropriation and the numerical
26  award above."  This question is hopelessly vague and ambiguous because the jury cannot
27  be expected to know what Apple means by a "mathematical connection" between a trade
28  secret (which is business and marketing or technical information) and an amount of

money.  This invites confusion, mistake, and error.  Moreover, Apple offers no support for why the jury would need to identify such a "mathematical connection" (whatever that means) to award damages, or resolve any other issues in this case.

The Court should also reject Apple's proposed Verdict Form because many of the questions are objectionable; beginning with the very first question.  There is no reason to ask the jury whether Masimo and Cercacor proved that "they **owned** the information described by Alleged Business And Marketing Strategies Trade Secret 1."  The Court already held that Masimo need not prove "ownership" of the asserted trade secrets.  Indeed, Apple's footnote 1 recognizes as much.  Question numbers 7, 13, 19, 25, 31, 37, 43, 49, 55, 61, and 67 suffer from the same problem.

Apple proposes a series of questions that ask about the subsidiary issue of whether the asserted trade secrets derive economic value from not being generally known.  *See* question numbers 3, 9, 15, 21, 27, 33, 39, 45, 51, 57, 63, and 69.  These questions are improper because they are directed to subsidiary issues as discussed above.  However, Apple's proposed Verdict Form also offers question numbers 2, 8, 14, 20, 26, 32, 38, 44, 50, 56, 62, and 68, which ask about a non-existent freestanding "generally known" requirement.  These questions emphasize the redundant and confusing nature of Apple's proposed Verdict Form.

Apple also proposes a series of questions directed to the second element of trade secret eligibility, which requires reasonable efforts under the circumstances to maintain secrecy.  *See* question numbers 4, 10, 16, 22, 28, 34, 40, 46, 52, 58, 64, and 70.  However, in addition to being improperly directed toward a subsidiary issue, Apple's questions omit the "under the circumstances" language from the statute.  *See* Cal. Civ. Code § 3462.1.

Apple's proposed questions would mislead the jury and prevent the jury from considering the factual issues essential to rendering a verdict.  Therefore Apple's questions are improper.  *See United States v. Real Property Located at 20832 Big Rock Drive, Malibu, Cal. 902655*, 51 F.3d 1402, 1408 (9th Cir. 1995) ("discretion extends to

-11-

determining the content and layout of the verdict form, and any interrogatories submitted to the jury, provided the questions asked are reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment").

Apple's proposed question numbers 6, 12, 18, 24, 30, 36, 42, 48, 54, 60, 66, 72, and 76 are also objectionable. These questions inappropriately ignore that Masimo seeks lost profits. Apple makes the reciprocal argument that Masimo's Verdict Form fails to recognize that Masimo is limited to seeking unjust enrichment. The parties have briefed this issue and Masimo understands the Court will resolve it. Masimo respectuffly suggests the Court should include the language for seeking lost profits and address any necessary revisions during the charge conference.

Apple's questions also improperly suggest that proving any type of damages is necessary to establish liability.

## E.   The Verdict Form Should Identify The Trade Secrets As Presented In The Pretrial Conference Order

Apple's proposed Verdict Form is confusingly inconsistent with the numbering and titles of the asserted trade secrets that the Court approved for presentation to the jury. *See* Pretrial Conf. Order, Exhibit A. Apple also changes the order of the trade secrets, listing the business trade secrets first. Exhibit A will be in the juror notebook and the parties will use the consecutive numbering and titles in Exhibit A in demonstratives and argument. Changing the numbering, titles, description of the "value, importance, and appropriateness" trade secret, or the sequence of the trade secrets in the Verdict Form would cause confusion.

## F.   Masimo's Verdict Form Need Not Allocate Ownership Between Masimo And Cercacor

Apple provides no reason why the jury would need to allocate ownership of the Disputed Patents between Masimo and Cercacor. All the jury needs to do is determine that Masimo and Cercacor have an ownership interest. There is no reason to involve the jury in a purely internal matter.

**G.**   **<u>Conclusion</u>**

For all these reasons, the Court should adopt Masimo's proposed Verdict Form rather than Apple's.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPLE'S PROPOSED JURY VERDICT FORM AND OBECTIONS TO MASIMO'S PROPOSED VERDICT FORM**

# I.    APPLE'S VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## <u>T**RADE** S**ECRET** A**LLEGATIONS**[1]</u>

---

[1] Apple preserves its legal position that Plaintiffs must prove which party owned each alleged trade secret. Apple also reserves the right to seek a special verdict question on each of the following issues depending on how the Court rules on the following jury instruction disputes: (1) readily ascertainable, (2) combination trade secrets, and (3) liability based on improper acquisition.

**Plaintiffs' Alleged Business Strategies No. 1**



**Plaintiffs' Alleged Business Strategies Trade Secret No. 1 — Liability**

1. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 1 (B1) at the time of the alleged misappropriation?



No _____        Yes _____

2. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B1 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

   No _____        Yes _____

3. Have Masimo and Cercacor proven that B1 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

   No _____        Yes _____

4. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B1?

   No _____        Yes _____

5. Have Masimo and Cercacor proven that Apple used B1 and knew or had reason to know that it had obtained B1 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

   No _____        Yes _____

6. Have Masimo and Cercacor proven that Apple's misappropriation of B1 caused Apple to be unjustly enriched?

   No _____        Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

18

**Plaintiffs' Alleged Business Strategies Trade Secret No. 2**

**Plaintiffs' Alleged Business Strategies Trade Secret No. 2 — Liability**

7.  Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 2 (B2) at the time of the alleged misappropriation?



No _____        Yes _____

8.  Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B2 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

9.  Have Masimo and Cercacor proven that B2 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

10. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B2?

No _____        Yes _____

11. Have Masimo and Cercacor proven that Apple used B2 and knew or had reason to know that it had obtained B2 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____        Yes _____

12. Have Masimo and Cercacor proven that Apple's misappropriation of B2 caused Apple to be unjustly enriched?

No _____        Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

20

**Plaintiffs' Alleged Business Strategies Trade Secret No. 3**

**Plaintiffs' Alleged Business Strategies Trade Secret No. 3 — Liability**

13. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 3 (B3) at the time of the alleged misappropriation?



No _____        Yes _____

14. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B3 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

15. Have Masimo and Cercacor proven that B3 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

16. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B3?

No _____        Yes _____

17. Have Masimo and Cercacor proven that Apple used B3 and knew or had reason to know that it had obtained B3 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____        Yes _____

18. Have Masimo and Cercacor proven that Apple's misappropriation of B3 caused Apple to be unjustly enriched?

No _____        Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

22

**Plaintiffs' Alleged Business Strategies Trade Secret No. 4**

### Plaintiffs' Alleged Business Strategies Trade Secret No. 4 — Liability

19. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 4 (B4) at the time of the alleged misappropriation?



No _____          Yes _____

20. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B4 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

21. Have Masimo and Cercacor proven that B4 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

22. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B4?

No _____          Yes _____

23. Have Masimo and Cercacor proven that Apple used B4 and knew or had reason to know that it had obtained B4 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____          Yes _____

24. Have Masimo and Cercacor proven that Apple's misappropriation of B4 caused Apple to be unjustly enriched?

No _____          Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

24

**Plaintiffs' Alleged Business Strategies Trade Secret No. 5**



**Plaintiffs' Alleged Business Strategies Trade Secret No. 5 — Liability**

25. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 5 (B5) at the time of the alleged misappropriation?



No _____        Yes _____

26. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B5 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

27. Have Masimo and Cercacor proven that B5 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____        Yes _____

28. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B5?

No _____        Yes _____

29. Have Masimo and Cercacor proven that Apple used B5 and knew or had reason to know that it had obtained B5 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____        Yes _____

30. Have Masimo and Cercacor proven that Apple's misappropriation of B5 caused Apple to be unjustly enriched?

No _____        Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

26

**<u>Plaintiffs' Alleged Business Strategies Trade Secret No. 6</u>**

**Plaintiffs' Alleged Business Strategies Trade Secret No. 6 — Liability**

31. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Business Strategies Trade Secret 6 (B6) at the time of the alleged misappropriation?



No _____     Yes _____

32. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, B6 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____     Yes _____

33. Have Masimo and Cercacor proven that B6 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____     Yes _____

34. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of B6?

No _____     Yes _____

35. Have Masimo and Cercacor proven that Apple used B6 and knew or had reason to know that it had obtained B6 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____     Yes _____

36. Have Masimo and Cercacor proven that Apple's misappropriation of B6 caused Apple to be unjustly enriched?

No _____     Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

28

**Plaintiffs' Alleged ███████████ Trade Secret No. 1**

**Plaintiffs' Alleged**  **Trade Secret No. 1 — Liability**

37. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged ████████ Trade Secret 1 (L1) at the time of the alleged misappropriation?

No _____     Yes _____

38. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, L1 was not generally known to the public or to people who could obtain economic value from its disclosure or use?



No _____     Yes _____

39. Have Masimo and Cercacor proven that L1 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?



No _____     Yes _____

40. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of L1?

No _____     Yes _____



41. Have Masimo and Cercacor proven that Apple used L1 and knew or had reason to know that it had obtained L1 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____     Yes _____



42. Have Masimo and Cercacor proven that Apple's misappropriation of L1 caused Apple to be unjustly enriched?

No _____     Yes _____



This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

30

**Plaintiffs' Alleged** ████████████ **Trade Secret No. 2**

**Plaintiffs' Alleged ███████ Trade Secret No. 2 — Liability**

43. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged ███████ Trade Secret 2 (L2) at the time of the alleged misappropriation?



No _____   Yes _____

44. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, L2 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____   Yes _____

45. Have Masimo and Cercacor proven that L2 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____   Yes _____

46. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of L2?

No _____   Yes _____

47. Have Masimo and Cercacor proven that Apple used L2 and knew or had reason to know that it had obtained L2 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____   Yes _____

48. Have Masimo and Cercacor proven that Apple's misappropriation of L2 caused Apple to be unjustly enriched?

No _____   Yes _____

> This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further
>
> *Skip Any Remaining Questions On This Page And Move To The Next Page*

> You Will Need To Consider Apple's Defenses
>
> *Move to the Next Page*

32

**<u>Plaintiffs' Alleged</u>** ███████ **<u>Trade Secret No. 1</u>**

**Plaintiffs' Alleged ▮▮▮▮▮▮ Trade Secret No. 1 — Liability**

49. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged ▮▮▮▮▮▮ Trade Secret 1 (D1) at the time of the alleged misappropriation?

No _____          Yes _____

50. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, D1 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

51. Have Masimo and Cercacor proven that D1 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

52. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of D1?

No _____          Yes _____

53. Have Masimo and Cercacor proven that Apple disclosed D1 and knew or had reason to know that it had obtained D1 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____          Yes _____

54. Have Masimo and Cercacor proven that Apple's misappropriation of D1 caused Apple to be unjustly enriched?

No _____          Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

34

**Plaintiffs' Alleged** ████████ **Trade Secret No. 2**

**Plaintiffs' Alleged ███████ Trade Secret No. 2 — Liability**



55. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged ███████ Trade Secret 2 (D2) at the time of the alleged misappropriation?

No _____          Yes _____

56. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, D2 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

57. Have Masimo and Cercacor proven that D2 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____          Yes _____

58. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of D2?

No _____          Yes _____

59. Have Masimo and Cercacor proven that Apple disclosed D2 and knew or had reason to know that it had obtained D2 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____          Yes _____

60. Have Masimo and Cercacor proven that Apple's misappropriation of D2 caused Apple to be unjustly enriched?

No _____          Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

36

**Plaintiffs' Alleged** ███████ **Trade Secret No. 3**



**Plaintiffs' Alleged ▇▇▇▇ Trade Secret No. 3 — Liability**

61. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged ▇▇▇▇ Trade Secret 3 (D3) at the time of the alleged misappropriation?



62. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, D3 was not generally known to the public or to people who could obtain economic value from its disclosure or use?

63. Have Masimo and Cercacor proven that D3 had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

64. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of D3?

65. Have Masimo and Cercacor proven that Apple disclosed D3 and knew or had reason to know that it had obtained D3 from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

66. Have Masimo and Cercacor proven that Apple's misappropriation of D3 caused Apple to be unjustly enriched?

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

38

**Plaintiffs' Alleged Value, Importance And Appropriateness Trade Secret**

The value, importance, and appropriateness of the foregoing trade secrets D1, D2, D3, L1, L2, B1, B3, or B5, individually or collectively or in any combination

**Plaintiffs' Alleged Value, Importance and Appropriateness Trade Secret — Liability**



67. Have Masimo and Cercacor proven that they developed or lawfully possessed the information described by Alleged Value, Importance and Appropriateness Trade Secret (VIA) at the time of the alleged misappropriation?



No _____                    Yes _____

68. Have Masimo and Cercacor proven that, at the time of the alleged misappropriation, VIA was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____                    Yes _____

69. Have Masimo and Cercacor proven that VIA had actual or potential independent economic value because it was not generally known to the public or to people who could obtain economic value from its disclosure or use?

No _____                    Yes _____

70. Have Masimo and Cercacor proven that they made reasonable efforts under the circumstances to maintain the secrecy of VIA?

No _____                    Yes _____

71. Have Masimo and Cercacor proven that Apple used VIA and knew or had reason to know that it had obtained VIA from a person who owed a duty to Masimo or Cercacor to maintain its secrecy?

No _____                    Yes _____

72. Have Masimo and Cercacor proven that Apple's misappropriation of VIA caused Apple to be unjustly enriched?

No _____                    Yes _____

This Alleged Trade Secret Claim Fails And You Do Not Need To Consider It Further

*Skip Any Remaining Questions On This Page And Move To The Next Page*

You Will Need To Consider Apple's Defenses

*Move to the Next Page*

**Apple's Defenses**

Please answer this "Apple's Defenses" section <u>only if</u> you found Apple may be liable for misappropriation of at least one Alleged Trade Secret.   If you have <u>not</u> found that Apple may be liable for misappropriating <u>any</u> Alleged Trade Secrets, please skip this section and the next section "Trade Secret Allegation – Damages" and proceed to the section labeled "Patent Allegations."

73. **Defense #1:**  Has Apple proven that Masimo and Cercacor have unclean hands?



Yes _____          No _____

74. **Defense #2:** Has Apple proven that the misappropriation of at least one Alleged Trade Secret occurred before January 9, 2017?

Yes _____          No _____

75. Have Masimo and Cercacor proven that, before January 9, 2017, they did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that Apple had misappropriated at least one of Masimo or Cercacor's Alleged Trade Secrets?

Yes _____          No _____

**Apple Is Not Liable For Trade Secret Misappropriation**

*Move to Page 29, Patent Allegations*

**Apple Is Liable For Trade Secret Misappropriation**

*Move to Page 28, Damages*

41

## Damages[2]

If, and only if, you have unanimously determined that Masimo and Cercacor have proven that Apple may be liable for misappropriation of one or more of their Alleged Trade Secrets, you must now assess if Masimo and Cercacor proved damages as a result of that misappropriation and, if so, the amount of those damages.  However, if you determined that Plaintiffs did not prove that Apple may be liable for misappropriation of any Alleged Trade Secrets or that none of the Alleged Trade Secrets should be considered for damages, then *SKIP* this section and proceed to **"Patent Allegations"** on page 29.

76. Have Masimo and Cercacor proven they are entitled to unjust enrichment damages?

      Yes, in the amount of $ _____          No \_\_\_\_\_

77. In the space below, please specify the mathematical connection(s) between the Alleged Trade Secret(s) for which you found Apple liable for misappropriation and the numerical award above:

    _____

    _____

    _____

    _____

    _____

78. Have Masimo and Cercacor proven by clear and convincing evidence that Apple willfully and maliciously misappropriated their Alleged Trade Secrets?

      Yes \_\_\_\_\_          No \_\_\_\_\_

> Please proceed to the section titled
> **Patent Allegations**

---

[2] As explained further in Apple's Memorandum Regarding Plaintiffs' Disclosure of Alleged Lost Profits (Dkt. No. 1443), Plaintiffs should be precluded from seeking lost profits at trial.

PATENT ALLEGATIONS

## Patent No. 10,078,052 ('052 Patent)



79. Have Masimo and Cercacor proven by clear and convincing evidence that Mohamed Diab should be added as a named joint inventor of the '052 Patent?

No _____   Yes _____

80. Have Masimo and Cercacor proven that Marcelo Lamego invented the '052 Patent while employed by Masimo or Cercacor?

No _____   Yes _____

81. Have Masimo and Cercacor proven that they have an ownership interest in the '052 Patent (check all that apply)?

Yes, Masimo has an ownership interest _____

Yes, Cercacor has an ownership interest _____

No _____

Proceed to the next page regarding
**Patent No. 10,247,670
('670 Patent)**

44

**Patent No. 10,247,670 ('670 Patent)**

82. Have Masimo and Cercacor proven by clear and convincing evidence that Mohamed Diab should be added as a named joint inventor of the '670 Patent?

No _____     Yes _____

83. Have Masimo and Cercacor proven that Marcelo Lamego invented the '670 Patent while employed by Masimo or Cercacor?

No _____     Yes _____

84. Have Masimo and Cercacor proven that they have an ownership interest in the '670 Patent (check all that apply)?

Yes, Masimo has an ownership interest _____

Yes, Cercacor has an ownership interest _____

No _____

Proceed to the next page regarding
**Patent No. 9,952,095**
**('095 Patent)**

45

**Patent No. 9,952,095 ('095 Patent)**

85. Have Masimo and Cercacor proven by clear and convincing evidence that Mohamed Diab should be added as a named joint inventor of the '095 Patent?

No _____     Yes _____

86. Have Masimo and Cercacor shown that Marcelo Lamego invented the '095 Patent while employed by Masimo or Cercacor?

No _____     Yes _____

87. Have Masimo and Cercacor proven that they have an ownership interest in the '095 Patent (check all that apply)?

Yes, Masimo has an ownership interest _____

Yes, Cercacor has an ownership interest _____

No _____

Proceed to the next page regarding
**Patent No. 10,219,754
('754 Patent)**

46

**Patent No. 10,219,754 ('754 Patent)**

88. Have Masimo and Cercacor proven by clear and convincing evidence that Jeroen Poeze should be added as a named joint inventor of the '754 Patent?

No _____     Yes _____

89. Have Masimo and Cercacor proven that Marcelo Lamego invented the '754 Patent while employed by Masimo or Cercacor?

No _____     Yes _____

90. Have Masimo and Cercacor proven that they have an ownership interest in the '754 Patent (check all that apply)?

Yes, Masimo has an ownership interest _____

Yes, Cercacor has an ownership interest _____

No _____

Proceed to the next page regarding
**Patent No. 11,009,390**
**('390 Patent)**

## Patent 11,009,390 ('390 Patent)

91. Have Masimo and Cercacor proven by clear and convincing evidence that Mohamed Diab should be added as a named joint inventor of the '390 Patent?

92. Have Masimo and Cercacor proven that Marcelo Lamego invented the '390 Patent while employed by Masimo or Cercacor?

No _____    Yes _____          No _____    Yes _____



93. Have Masimo and Cercacor proven that they have an ownership interest in the '390 Patent (check all that apply)?

Yes, Masimo has an ownership interest _____

Yes, Cercacor has an ownership interest _____

No _____

Please sign and date the verdict form

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below.


Dated: _____          By: _____

                                                        Presiding Juror

## II.    OBJECTIONS TO MASIMO'S VERDICT FORM

Plaintiffs allege misappropriation of numerous purported trade secrets and assert ownership and inventorship claims with respect to multiple patents.  Apple's proposed verdict form will assist the jury in walking through each of the required elements as to each alleged trade secret or patent claim; will help ensure that the parties' respective burdens of proof are clear at each step; and will provide the Court and the parties with the necessary information to determine other legal issues, e.g., if additional proceedings on a reasonable royalty are necessary.  In contrast, Plaintiffs' proposed verdict form oversimplifies and confuses the decision-making process, and it risks injecting errors into the final verdict.[1]

**A.**    Apple objects to Plaintiffs' proposed verdict form because it increases the risk of an unsupported and excessive jury verdict.

To begin, Apple objects to Plaintiffs' proposed verdict form because Plaintiffs' proposed ordering of the questions creates a serious risk that the jury will improperly (1) award damages that include a punitive element, even though the amount and propriety of those damages are matters for this Court, and (2) decide on damages before even considering Apple's affirmative defenses such as statute of limitations.  Even accepting *arguendo* that Plaintiffs' verdict form is otherwise permissible, the jury should be asked first about misappropriation, next about Apple's affirmative defenses, then about damages, and only then about willfulness and maliciousness.  It is the Court's job to determine the appropriateness and amount of punitive damages and, if Apple prevails on an affirmative defense, there is no liability for trade secret misappropriation and therefore should be no damages.  By asking the jury to first award damages before considering Apple's affirmative defenses (and to determine whether punitive damages

---

[1] As noted in Apple's proposed verdict form, Apple preserves its legal position that Plaintiffs must prove which party owned each alleged trade secret.  Apple also reserves the right to seek a special verdict question on each of the following issues depending on how the Court rules on the following jury instruction disputes: (1) readily ascertainable, (2) combination trade secrets, (3) liability based on improper acquisition, and (4) lost profits.

are appropriate before awarding damages), Plaintiffs' verdict form invites error.

Apple also objects to Plaintiffs' proposed verdict form because it asks the jury to consider Apple's statute of limitations defense on a trade-secret-by-trade-secret basis. Apple incorporates by reference its arguments in support of Apple's Proposed Jury Instructions No. 34B, which explain that the limitations period begins to run on *all* misappropriation claims when plaintiff knew or should have discovered the first instance of misappropriation.  *See MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1110 (N.D. Cal. 2012) (collecting cases); *see also, e.g.*, *Intermedics, Inc. v. Ventritex, Inc.*, 822 F. Supp. 634, 654 (N.D. Cal. 1993) ("[O]nce a plaintiff knows or should know that a particular defendant cannot be trusted with one secret, it is unreasonable for that plaintiff simply to assume that that defendant can be trusted to protect other secrets."). Indeed, this aspect of Plaintiffs' proposed verdict form is inconsistent with their own proposed statute of limitations jury instruction, which conforms with Apple's position and states that "[t]o succeed on this defense, Apple must prove that the claimed misappropriation of *a trade secret* occurred before January 9, 2017."  Plaintiffs' Proposed Instruction No. 34A (emphasis added).

Apple also objects to Plaintiffs' proposed verdict form because it fails to include the questions necessary to fully understand the jury's findings—which will be critical for post-trial motion practice and any appellate proceedings.  As one illustrative example, it is critical to know whether the jury has made the requisite findings to entitle Plaintiffs to damages for unjust enrichment or to a reasonable royalty.  Apple's proposed verdict form appropriately collects the information required to determine whether Plaintiffs have established their unjust enrichment case or, in the alternative, may seek a reasonable royalty after the trial.  And, on other liability issues, the granularity of Apple's form will facilitate review by this Court (in post-trial motion practice) and by

1     the court of appeals in any appeal.[2]

2           Relatedly, Plaintiffs' proposed verdict form does not make clear that the jury can

3     only award damages based on the sole theory left in this case, unjust enrichment.

4     Instead, Plaintiffs' proposal attempts to disassociate damages from any specific theory

5     by framing the question generally and vaguely as "how much money should Apple pay

6     Masimo for that trade secret misappropriation."  In contrast, Apple's proposed verdict

7     form correctly reflects that Plaintiffs' only remaining theory in this case for which the

8     jury can award damages is unjust enrichment.

9           Finally, Apple objects to Plaintiffs' proposed verdict form because it fails to

10    identify the specific company or companies that should be named as joint owners of the

11    disputed patents and instead refers solely to "Masimo."  A verdict based on Plaintiffs'

12    proposed verdict form will thus provide none of the necessary guidance to the Court in

13    crafting an ownership judgment.

14          **B.**      Plaintiffs' objections to Apple's proposed verdict form are meritless.

15    Plaintiffs' chief complaint is that Apple's proposed verdict form is too long given that

16    Plaintiffs raised only "***one*** claim for trade secret misappropriation."   To be clear,

17    Plaintiffs are pursuing liability for a dozen different purported trade secrets nested within

18    that "single claim," all of which raise complex, disputed factual issues.  Apple's flow-

19    chart approach provides a clear way for the jury to register its verdict on each essential

20    element of Plaintiffs' claim for each alleged trade secret.  As noted above, this will create

21    transparency in the jury's decision-making, which in turn will facilitate review by this

22    Court in post-trial motion practice and by the court of appeals in any appellate

23    proceedings.  And courts in the Ninth Circuit routinely ask jurors to answer written

24

25    _____

26    [2] While Plaintiffs criticize the question asking the jury—if relevant—to "specify the mathematical connection(s)" between Apple's misappropriation and the jury's damages award, this question too will help ensure that the jury's damages award is supported by

27    the factual record and consistent with this Court's instructions.  *See, e.g.*, *Hatami v. Kia Motors Am., Inc.*, 2010 WL 11475044, at *3-*4 (C.D. Cal. July 7, 2010 (verdict form

28    included questions to show how jury calculated value of car and jury's answers revealed they had misunderstood the jury instructions).

-52-

questions on the verdict form in trade secret cases. *See, e.g.*, *GSI Techs., Inc. v. United Memories, Inc.*, 2016 WL 3035698, at *2 & n.25 (N.D. Cal. May 26, 2016) (verdict form "ask[ed] the jury to answer, yes or no, if every element of misappropriation of trade secrets was proven" and "asked the jury to determine [plaintiffs'] damages for each claim"); *Mattel, Inc. v. MGA Entertainment, Inc.*, 2011 WL 3420571, at *2 (C.D. Cal. Aug. 4, 2011) (noting that the verdict form "asked the jury to resolve," for each of the alleged 114 trade secrets, (1) ownership, (2) "whether the claimed trade secret qualified as a trade secret," (3) "whether Mattel misappropriated the claimed trade secret," (4) "whether Mattel used 'improper means' … to acquire the claimed trade secret," and (5) "the damages, if any, to which MGA was entitled"); *StrikePoint Trading, LLC v. Sabolyk*, 2009 WL 10659684, at *1 (C.D. Cal. Aug. 18, 2009) (jury was asked about (1) ownership, (2) whether "the client list was a trade secret," (3) whether defendants "misappropriated the client list" by improperly using it or disclosing it, (4) whether plaintiff "was harmed" by the misappropriation, (5) whether the misappropriation "was … a substantial factor in causing harm," and (6) whether defendants were unjustly enriched"); *see also Atlantic Inertial Systems, Inc. v. Condor Pacific Indus.*, 545 F. App'x 600, 601 (9th Cir. 2013) ("The jury returned a special verdict in which it found, as relevant here, that Defendants' misappropriation of trade secrets did not cause or was not a substantial factor in causing harm to Plaintiff."); *United States v. Ward*, 645 F. App'x 539, 541 (9th Cir. 2016) ("[The] special verdict form required the jury to unanimously agreed on which particular trade secrets Ward had converted[.]").

Plaintiffs' cases are inapposite. Not one of them involved trade secret litigation and the only decision from California ultimately ordered a new trial because the kind of general verdict that Plaintiffs tout was insufficiently detailed. *See Falcon Stainless, Inc. v. Rino Companies, Inc.*, 2011 WL 13130703, at *17 (C.D. Cal. Oct. 21, 2011) ("Where the original agreed-upon [special] verdict form allowed for a finding on [an unclean hands] issue, and defendants had relied on the defense during their case, the substituted general verdict should have provided for a jury finding on this issue. Because it did not,

a new trial is warranted."). The remainder of Plaintiffs' cases are decades old, from outside the Ninth Circuit, and deal with the denial of special requests to instruct the jury on a particular legal theory that was not an element of the underlying claim. *See Bowers v. Firestone Tire & Rubber Co.*, 800 F.2d 474, 478 (5th Cir. 1986) (district court declined to ask "the jury whether plaintiff Robert J. Bowers 'failed to heed the warnings given to him'"); *Columbia Plaza Corp. v. Security Nat. Bank*, 676 F.2d 780, 787 (D.C. Cir. 1982) (district court declined to ask jury separate, specific question on vicarious liability); *Ortiz v. New York City Housing Authority*, 22 F. Supp. 2d 15, 26 (E.D.N.Y. 1998) (district court declined to ask "a special interrogatory as to whether Henriques was an intruder").

Plaintiffs' remaining objections are equally meritless. *First*, Plaintiffs contend that some questions on Apple's proposed verdict form are unnecessary because "much of the evidence will be common between trade secrets." But regardless of whether the underlying evidence partially overlaps, Plaintiffs still have the burden to prove each element of their misappropriation claim for each purported trade secret and the jury is under no obligation to vote in a uniform way.

*Second*, Plaintiffs object to Apple listing fewer questions for its two affirmative defenses than for Plaintiffs' (1) a dozen trade secret claims, (2) five inventorship claims, and (3) five ownership claims. Again, given the volume of the claims that Plaintiffs is asserting, Apple cannot reasonably be faulted for posing a sufficient number of questions to allow the jury to present its findings for each point. In any event, Apple's defenses are not trade-secret (or ownership/inventorship claim) specific. As discussed above, the statute of limitations period begins to run on *all* misappropriation claims when Plaintiffs discovered or should have reasonably discovered the first instance of misappropriation. Similarly, Apple's unclean hands defense could be triggered by a single, improper use of Plaintiffs' invalid Employment Confidentiality Agreement.

*Finally*, Plaintiffs wrongly assert that whether a purported trade secret is "generally known" is part of the same, single inquiry as whether the purported secret has

1   "independent economic value."   As explained in Apple's argument on Proposed

2   Instruction No. 19B, this is wrong.   This Court itself has explained that the inquiry

3   proceeds in two steps: "whether the [purported trade secrets] were generally unknown,

4   and *if so*, whether they derived value from their secrecy."   Dkt. 1275 at 7 (emphasis

5   added).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2                                   Respectfully submitted,

3                                   KNOBBE, MARTENS, OLSON & BEAR, LLP

4    Dated: March 28, 2023          By: /s/ Daniel P. Hughes
5                                        Daniel P. Hughes

6                                        Attorneys for Plaintiffs
7                                        MASIMO CORPORATION and
                                         CERCACOR LABORATORIES, INC.
8
9                                   WILMER CUTLER PICKERING HALE AND DORR, LLP

10   Dated: March 28, 2023          By: /s/ Mark D. Selwyn
11                                       Mark D. Selwyn

12                                       Attorneys for Defendant
                                         APPLE INC.
13

14
15            **ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

16        Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of
17   this document has been obtained from each of the signatories above.

18
19   Dated: March 28, 2023          By: /s/ Daniel P. Hughes
                                         Daniel P. Hughes
20   56455602

21
22
23
24
25
26
27
28