Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>)<br>)<br>) **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF JOINTLY PROPOSED JURY INSTRUCTIONS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal portions of Jointly Proposed Jury Instructions ("Jury Instructions").

## I.    LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Litigation documents are properly sealed upon a showing of good cause. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.    ARGUMENT

The portions of the Jury Instructions that Masimo seeks to seal contains information that Masimo considers confidential. Hughes Decl. ¶ 4.

The portions of the Jury Instruction which Masimo seeks to file under seal disclose Masimo's confidential business information and sensitive trade secret information. *Id.* ¶ 5. This information is confidential and valuable to Masimo in part because of its secrecy. *Id.* If Masimo's confidential trade secret information was disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo in its trade secrets. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*

-1-

1    Courts seal documents where, as here, disclosure "will cause competitive harm."

2  *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial

3  process, be permitted to access Masimo's confidential information that they "could not

4  obtain anywhere else." *Id.* at 1229.  For instance, Masimo's competitors would not be

5  able to obtain from elsewhere the information regarding Masimo's trade secrets.

6    Thus, good cause exists to seal the highlighted portions of the Jury Instructions.

### III.   CONCLUSION

8    For the reasons discussed above, Masimo respectfully requests that the Court seal

9  proposed highlighted portions of the Jury Instructions.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  March 28, 2023              By:  */s/ Daniel P. Hughes*
                                          Joseph R. Re
                                          Stephen C. Jensen
                                          Sheila N. Swaroop
                                          Brian C. Horne
                                          Irfan A. Lateef
                                          Benjamin A. Katzenellenbogen
                                          Brian C. Claassen
                                          Stephen W. Larson
                                          Mark D. Kachner
                                          Adam B. Powell
                                          Kendall M. Loebbaka
                                          Daniel P. Hughes

                                          Attorneys for Plaintiffs
                                          MASIMO CORPORATION and
                                          CERCACOR LABORATORIES, INC.

57367719

-2-