Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO APPLE'S OFFER OF PROOF IN SUPPORT OF ITS UNCLEAN-HANDS DEFENSE**<br><br>Trial: 4/4/2023 |

Apple's "offer of proof" improperly assumes a pretrial ruling of law, relies on a theory never disclosed, and is contrary to *Brown*. Further, Apple's unclean-hands defense is incompatible with Apple's successful argument that its hiring of other Masimo employees is irrelevant. Those employees' ability to move to Apple shows Masimo's contract did not inhibit employee mobility. Allowing Apple to present its theory would open the door on the Court's *in limine* rulings.

A.      **Apple Is Not Entitled To A Pretrial Invalidity Ruling**

Apple argues the Court was wrong to suggest it is "too late" to resolve the "Section 16600 issue because Apple did not raise the question at summary judgment." Br. at 2. The Court never suggested a summary judgment motion was necessary "to preserve the right to raise a legal issue later in the case." *Id*. The Court held merely that it was too late to resolve Apple's invalidity challenge as a matter of law **before trial**. Thus, Apple's unclean-hands defense will need to be addressed at or after trial.

B.      **Apple's Unclean-Hands Theory Is Untimely**

During discovery, Apple never disclosed that it would argue its unclean-hands defense was supported by Masimo's **confidentiality** provisions. Br. at 2. Apple's Answer and interrogatory responses relied on **non-compete** provisions. Dkt. 306 at ¶¶399-405; Ex. A at 68. After this Court upheld Masimo's contracts in *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396 *4-5, ¶11 & ¶16 (C.D. Cal. Nov. 7, 2022), Apple waited until February 2023 to mention it was now relying on confidentiality provisions (Dkt. 1304-2).

Apple cannot show its failure to disclose was substantially justified or harmless under Rule 37(c). Apple prevented Masimo from developing rebuttal evidence, including evidence showing the confidentiality provisions are common in the industry and have not chilled any employee mobility. Masimo would have garnered evidence about the hundreds of people who freely left Masimo despite the agreements. About twenty of them went to Apple, but Apple blocked discovery

-1-

about them.  Apple also prevented Masimo from moving for summary judgment.  Because Apple restricted discovery and withheld its theory, the Court should not allow Apple to proceed on its new theory based on the confidentiality provisions.

C. **The Confidentiality Provisions Are Valid**

Apple argues Masimo's confidentiality provisions facially "violate section 16600" under *Brown v. TGS Mgmt. Co.*, 57 Cal. App. 5th 303 (2020), and should be invalidated as a "legal issue." Br. at 2.  Apple is wrong.  *Brown* addressed a unique "confidentiality" provision that was not directed to confidential information.  Instead, it barred the use of any "information, in whatever form, used or usable in, or originated, developed or acquired for use in, or about or relating to, the Business." *Brown*, 57 Cal. App. 5th at 316.  The court found the provision facially impaired employee mobility because it barred individuals "from doing any work in the securities field[.]" *Id.* at 317-18.

Unlike *Brown*, Masimo's confidentiality provisions do not encompass all information that is "usable in" or "relates to" a field.  Rather, Masimo's confidentiality provisions are limited to information that Masimo treats as confidential.  Dkt. 1318-4 at 4.  Such provisions are common in the industry.  Indeed, Apple uses similar provisions.  Ex. B at 3; Ex. C at 3.  The confidentiality provision here bears no resemblance to the provision in *Brown*.

Apple also cites *Western Air*, *Dowell*, and *AMN Healthcare*, but courts distinguish those cases because they addressed non-solicitation and non-compete agreements.  *See Magic Leap, Inc. v. Chi Xu*, 2020 WL 3268659, at *4 (N.D. Cal. June 17, 2020); *Aramark Mgmt., LLC v. Borgquist*, 2021 WL 3932258, at *9 (C.D. Cal. July 8, 2021).  Apple cites no case invalidating a confidentiality provision similar to the provision here, much less as a matter of law on truncated briefing.  And Apple ignores the cases Masimo cited that enforced similar confidentiality provisions.  *See* Dkt. 1334 at 6 (citing *Zuckerman*, *Gatan*, and *Merrill Lynch*).

Far from raising a facial challenge, Apple argues Masimo has "subjective

-2-

control" and could, in theory, try to apply the agreements too broadly.  Br. at 2.  By challenging how Masimo *could* apply the contracts, Apple necessarily raises an "as applied" challenge, making validity an issue of fact.  *See SPS Techs., LLC v. Briles Aerospace, Inc.*, 2019 WL 6841992, at *14 (C.D. Cal. Oct. 30, 2019) (whether contracts "operate as a substantial restraint for purposes of section 16600 is a fact-intensive inquiry").

Here, hundreds of employees (who signed the same agreements as Lamego and O'Reilly) left Masimo—often to work for competitors—without any issues.  Dkt. 1334-1, Ex. C at 52:4-20.  Indeed, about twenty people left Masimo to work for Apple.  Apple cites no evidence that the confidentiality provision prevented anyone from working in his or her field.  Apple also cites no evidence that Masimo ever tried to enforce the agreements as broadly as Apple claims is possible.

### D. Non-Compete And Non-Solicitation Provisions Do Not Render The Confidentiality Provisions Unenforceable

Apple argues the agreements include "non-compete and non-solicitation" provisions.  Br. at 3.  But Apple itself cites evidence showing Masimo does ***not*** attempt to enforce such provisions in California.  *See* Br. at 4 (citing Dkt. 1318-1 at 286-87).  Nor has Masimo relied on those provisions in this case or enforced them against Lamego, O'Reilly, or others who went to Apple.  Thus, Apple cannot show these provisions have ***any*** "connection" to the "matter in controversy," which would be required to prevail on an unclean-hands defense.  *See Fladboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 56 (2007).

These provisions also do not render other provisions void.  Even if a contract includes unenforceable clauses, California enforces the remaining obligations.  Cal. Civ. Code § 1599; *Jones v. Humanscale Corp.*, 130 Cal. App. 4th 401, 413 (2005).  Masimo's contracts specifically state: "The laws of each state differ.  Thus, if any provision of this Agreement is invalid or not permitted in your particular state of residence, all other provisions shall remain in effect."  Dkt. 1305-2, Ex. 4

-3-

¶ 21.  Apple's arguments are also refuted by this Court's holding that Masimo's confidentiality provisions are enforceable despite the non-compete provisions.  *See True Wearables*, 2022 WL 17083396 at *4-5, ¶11 & ¶16.

E. **Apple's Unclean-Hands Theory Is Contrary To Law**

Apple cites no case supporting its theory of unclean hands.  To the contrary, Apple's own lead authority, *Brown*, rejected Apple's argument.  In *Brown*, the court "disagree[d]" that finding the contractual provisions invalid would "strip [the company] of its ability to protect its confidential information, including trade secrets."  57 Cal. App. 5th at 317.  The court explained that even a facially invalid confidentiality provision would not limit the company's ability to "prevent former employees from disclosing trade secrets and other confidential information by pursuing injunctive relief and tort remedies under the Uniform Trade Secrets Act and the unfair competition law."  *Id.* (internal citations omitted); *see also Meribear Productions Inc. v. Baer*, 2021 WL 1747384, at *4 (Cal. Super. Apr. 01, 2021) (citing *Brown* and rejecting similar argument).  Thus, invalid confidentiality provisions in employment agreements do not bar a claim under CUTSA.

Apple also has no support for its assertion that Masimo "knew" the contracts were invalid at the time people signed them.  *See* Br. at 4.  Apple relies on cases from 2017-2020 (Br. at 1)—many years after O'Reilly and Lamego signed their employment agreements at Masimo.  Thus, those 2017-2020 cases could not be evidence that Masimo thought the provision was unenforceable before 2014.

Apple cites Kiani's testimony about the enforceability of the **non-compete** provisions in California.  Br. at 4.  First, Kiani's testimony says nothing about the confidentiality provisions.  Second, Kiani also testified that Masimo does **not** enforce the non-compete provisions in California.  Dkt. 1318-1 at 285-286.  As discussed, Masimo's agreements apply to employees around the country and explain that any provision not enforceable in the employee's state does not apply.

Apple also argues Masimo "weaponized" the agreements to "threaten

-4-

Apple" not to employ Lamego or O'Reilly. *Id.* That argument proves that the agreements do not restrict employee mobility. Despite the supposed "threat," Apple actually hired Lamego, O'Reilly, and about twenty others from Masimo.

**F.    Apple's Alternative Ground For Instructing The Jury Lacks Merit**

Apple argues the validity of Masimo's contracts is relevant to whether Masimo took "reasonable" efforts to protect its trade secrets. Br. at 5. As support, Apple cites *Steinberg v. Dunn*, 136 F. App'x 6, 10 (9th Cir. 2005), but that case held the jury should be told a non-compete clause was invalid in a case asserting breach *of that clause*. Moreover, CUTSA addresses whether the plaintiff did **enough** to protect its trade secrets—not whether the plaintiff did **too much** to protect its trade secrets. *See* Cal. Civ. Code § 3426.1(d)(2).

**G.    Allowing Apple To Present Unclean Hands Would Open The Door On Evidence Apple Successfully Excluded *In Limine***

Apple argues the Court should exercise its discretion to allow the jury to resolve unclean hands. Br. at 4-5. In doing so, Apple seeks to leverage two of the Court's *in limine* rulings to obtain a ruling that is inconsistent with the evidence it successfully excluded. First, Apple intends to argue that Masimo's employment contracts prevent employees from working for competitors. Br. at 4. But Apple succeeded in excluding evidence that about **twenty** people other than O'Reilly and Lamego freely left Masimo to work for Apple. *See* Dkt. 1469 at 2-4. In fact, no other competitor has hired as many Masimo employees as Apple. Second, Apple intends to argue Masimo's employment contracts are unenforceable and prevent Masimo being able to protect its trade secrets. Br. at 5. But Apple succeeded in excluding evidence that Masimo successfully enforced its employment contracts against Lamego when he took Masimo's trade secrets. Dkt. 1469 at 1-2.

Masimo should be given a fair opportunity rebut Apple's counter-factual arguments on unclean hands. That rebuttal, whether the issue is decided by the Court or the jury, should include the currently exclude evidence discussed above.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: March 30, 2023    By: */s/ Adam B. Powell*
　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　Perry D. Oldham
　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　Kendall M. Loebbaka
　　　　　　　　　　　　　　Daniel P. Hughes

　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　Masimo Corporation and
　　　　　　　　　　　　　　Cercacor Laboratories, Inc.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 1,643 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

                                             **KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated:  March 30, 2023            By: */s/ Adam B. Powell*
                                                           Joseph R. Re
                                                           Stephen C. Jensen
                                                           Benjamin A. Katzenellenbogen
                                                          Perry D. Oldham
                                                          Stephen W. Larson
                                                          Mark D. Kachner
                                                          Adam B. Powell
                                                          Kendall M. Loebbaka
                                                          Daniel P. Hughes

                                                          Attorneys for Plaintiffs,
                                                          Masimo Corporation and
                                                          Cercacor Laboratories, Inc.

57348003