MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REQUEST TO ADDRESS ADDITIONAL ISSUES AT APRIL 3, 2023 STATUS CONFERENCE**<br><br>Trial: Apr. 4, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Apple respectfully requests that this Court address two additional issues at the status conference that has been scheduled for April 3, 2023, both of which have taken on even greater importance as Apple has worked on final preparations for trial.

*First*, Apple asks that this Court reconsider its decision in the Pretrial Conference Order to renumber and reorganize Plaintiffs' list of alleged trade secrets. Apple has been considering ways to implement the Court's ruling, but it is now apparent that it is practically impossible for the parties to avoid references to the original numbering. The clearest example of this problem is the deposition testimony that the parties have designated to play for the jury, in which witnesses are examined with reference to the *original* numbering. That videotaped testimony cannot be altered.

As an illustration, Apple has designated the following deposition excerpt from Plaintiffs' employee Mr. Walt Weber:



*See* Ex. 1 at 2-3 (emphases added).

1  Either before or after this and similar testimony is played for the jury, the jury
2  would need to be informed that ▇▇▇ has a new and different number in the list in the
3  juror notebooks (in this instance, ▇▇ is now "▇▇"). That will impose a burden on the
4  jury to understand and remember how to translate one code into another. It will also
5  mean that the jury *will necessarily hear the original numbers that Court's order*
6  *meant to keep out of the trial.*  In other words, to the extent that the Court's decision
7  to renumber was motivated by a desire to avoid the jury hearing high numerals as
8  designations for alleged trade secrets, that is unavoidable. Short of taking the
9  inequitable step of barring Apple from playing the videotaped deposition designations,
10 the jury will inevitably hear the original numeric designations.
11     The renumbering will create similar problems for the use of printed deposition
12 transcripts and/or expert reports—e.g., in impeachment of witnesses. The cross-
13 examiner will need to constantly remind the witness and the jury about how to
14 translate one set of numbers into another. That will waste time and increase potential
15 confusion for both the witnesses and the jury. For example, Plaintiffs' employee Mr.
16 David Dalke was asked ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex.
18 2 at 2. He answered that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but
19 that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
21 ▇▇▇▇▇▇▇▇▇▇ and that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 *Id.* at 2-3. But in the renumbered list, ▇▇▇▇▇▇▇▇▇▇ has become "▇▇." If Mr. Dalke
24 deviates from his prior testimony about the "▇▇▇▇▇▇▇▇▇▇▇▇▇" alleged secret
25 when discussing "▇▇," it could be cumbersome and confusing for Apple to impeach
26 him using the old numbering. And again, the key point is that *Apple would need to*
27 *refer to the old numbering because that is what the witness used at his deposition.*
28

In short, as a practical matter, there is simply no way to avoid referring to the original numbering.  As a result, the new numbering scheme will not be a *substitute* for the original numbering—it will be just another numbering scheme layered on top of the old scheme.  The jury, parties, and witnesses will all be burdened by having to toggle between the two numbering systems.

Apple accordingly respectfully requests that the Court reconsider its decision and restore the original numbering for the list of alleged trade secrets in the juror notebooks.  Apple notes that Plaintiffs did not even suggest using an alternative numbering scheme until the Court proposed it, and that there would be no prejudice to Plaintiffs in returning to the original numbering on which this case has long been litigated.  Other prominent trade secret cases have had similar—or even much more significant—gaps in numbering.  *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939, Dkt. 2449-1 at 2 (draft verdict form filed by court asking the jury about "Alleged Trade Secret No[s]." 2, 7, 9, 13, 14, 25, 90, and 111).  Any concern of prejudice in either direction (e.g., regarding assumptions that Plaintiffs may possess more trade secrets than the alleged secrets at issue or that some have "fallen out" during the course of the case) could be addressed with a curative instruction.

*Second*, Apple respectfully reiterates the request made in its trial brief that the parties remove the Bates confidentiality stamps (e.g., "Highly Confidential Attorneys' Eyes Only") added during this litigation from the trial exhibits for the jury.  Dkt. 1495 at 11-12.

This approach would prevent jury confusion in trying to understand the implications of the confidentiality legends, an especially important issue in this case where a central issue is whether particular information was truly confidential or was generally known to others.  To avoid any Protective Order issues, the parties would agree that (1) this procedure would only apply for trial exhibits and would not affect

the parties' obligations under the Protective Order and (2) both sides have the right to seek sealing of the courtroom and/or sealing of the documents themselves.

Plaintiffs have incorrectly suggested that this approach would be difficult to implement. In reality, it would be quite straightforward since it would only affect the single set of exhibits going to the jury. And, in any event, Apple has offered to remove the confidentiality stamps for Plaintiffs if they need help, eliminating any potential burden argument. *See* Dkt. 1495-3 at 1.

This issue has taken on new salience given Plaintiffs' position on the proposed initial jury instructions. Specifically, Plaintiffs have opposed Apple's request that this Court instruct the jury that "while the attorneys to this case have added confidentiality stamps to the bottom of certain documents, you should make no inference from that stamp that any information in the document is actually confidential."[1] Plaintiffs' refusal to agree to remove the stamps and objection to Apple's instruction heightens the concern that these legends could be used either intentionally or inadvertently to confuse. For example, the jury may conflate the attorney-added confidentiality stamps with evidence relevant to whether Plaintiffs took reasonable steps to maintain secrecy of the alleged trade secrets.

---

[1] Plaintiffs objected to Apple's proposed instruction because some of the parties' documents may have pre-litigation confidentiality markings. But that simply provides more reason to remove the attorney-added stamps now.

| | |
|---|---|
| Dated: March 31, 2023 | Respectfully submitted, |

JOSEPH J. MUELLER
MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: /s/ *Mark D. Selwyn*
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1,191 words, which [choose one]:

  X  complies with the word limit of L.R. 11-6.1

 ___ complies with the word limit set by court order dated [date].

Dated: March 31, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　MARK D. SELWYN
　　　　　　　　　　　　　　　　　　AMY K. WIGMORE
　　　　　　　　　　　　　　　　　　JOSHUA H. LERNER
　　　　　　　　　　　　　　　　　　SARAH R. FRAZIER
　　　　　　　　　　　　　　　　　　NORA Q.E. PASSAMANECK
　　　　　　　　　　　　　　　　　　THOMAS G. SPRANKLING
　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND
　　　　　　　　　　　　　　　　　　DORR LLP

　　　　　　　　　　　　　　　　　　BRIAN A. ROSENTHAL
　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP

　　　　　　　　　　　　　　　　　　KENNETH G. PARKER
　　　　　　　　　　　　　　　　　　HAYNES AND BOONE, LLP


　　　　　　　　　　　　　　　　　　By: /s/ *Mark D. Selwyn*
　　　　　　　　　　　　　　　　　　　　　Mark D. Selwyn


　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Apple Inc.*