MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S RESPONSE TO PLAINTIFFS' ARGUMENT REGARDING THE TIMELINESS OF APPLE'S UNCLEAN HANDS DEFENSE** <br><br> Date: Apr. 3, 2023 <br> Time: 1:30pm <br><br> Trial: Apr. 4, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Apple files this memorandum pursuant to the Court's March 31, 2023 order requesting a response to Plaintiffs' argument about the timeliness of Apple's unclean hands defense. *See* Dkt. 1508. Apple properly disclosed that its unclean hands defense implicated the overbroad definition of "Confidential Information" in Plaintiffs' Employee Confidentiality Agreement, both in the operative answer and in written discovery. And regardless, any failure to disclose Apple's precise legal theory was harmless because (1) invalidity under California Business & Professions Code Section 16600 is a question of law for which fact discovery is irrelevant and (2) even Plaintiffs do not dispute that at least some aspects of Apple's unclean hands defense were sufficiently disclosed so that they could have moved for summary judgment on the issue, had they thought it in their best interest.

In any event, Plaintiffs' timeliness argument is a last-minute attempt to distract from the need for a ruling on Apple's challenge to the confidentiality provisions under Section 16600. Apple respectfully submits that, for two reasons, the Section 16600 issue must be resolved regardless of whether Apple presents an unclean hands defense. First, the validity of the confidentiality provisions goes to whether Plaintiffs took reasonable efforts to preserve secrecy. Second, Plaintiffs apparently intend to rely on the Agreements to show Apple obtained the purported secrets through improper means— even though their lead counsel expressly disclaimed that argument at the pretrial conference. If the Court decides the validity issue now, it can avoid both undue prejudice to Apple and the juror confusion that will occur when Apple objects to Plaintiffs' attempt to offer the Agreement in evidence.

## ARGUMENT

### I.   APPLE TIMELY DISCLOSED ITS UNCLEAN HANDS DEFENSE

Plaintiffs' suggestion that they were unaware of the basis for Apple's unclean hands defense is not plausible. Plaintiffs deployed the Agreement's unlawful confidentiality provisions that Apple challenges to attempt to prevent Marcelo Lamego

from leaving to work at Apple. *See* Dkt. 1476 at 4 (offer of proof). On January 24, 2014, after Plaintiffs learned that "Apple ha[d] hired ... Lamego," Plaintiffs' counsel sent Apple a letter attaching and quoting numerous provisions from the Agreement that he had signed as a Cercacor employee. Dkt. 1318-4. Plaintiffs' letter mentioned both O'Reilly and Lamego by name and asserted that because "Mr. Lamego possesse[d] detailed knowledge of trade secrets," his obligations under the Agreement meant that Apple could not "employ Mr. Lamego in an area that ... involve[s] healthcare technology, including mobile health applications and the measurement of physiological information." *Id.* at 1-2. The letter cited, among other things, clause 15 of the Agreement, which states that violating the Agreement's non-compete provision "would *necessarily* involve the use or disclosure of Cercacor's trade secrets and proprietary and *confidential information*." *Id.* (emphasis added). As Apple has explained, clause 15 incorporates the overbroad definition of "Confidential Information" that is void under Section 16600. *See, e.g.*, Dkt. 1476 at 3 (Apple's offer of proof).

Starting with its answer, Apple has described Plaintiffs' assertion of those confidentiality provisions as a central component of its unclean hands defense*, see* Dkt. 370 ¶¶ 422-423, and indeed its broader theory of the case, Dkt. 38-1 at 18, 21-22 (January 2014 letter shows "Plaintiffs improperly claim as their intellectual property *any information* Lamego (or any other former Masimo and/or Cercacor employee) learned while in Plaintiffs' employ" (emphasis added)); Dkt. 202 at 17 ("the quoted clauses" in the January 2014 letter "are void as a matter of law" (citing *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009)). The operative answer incorporated by reference Plaintiffs' January 2014 letter, highlighted the "quoted portions" and the "enclosed ... copy of the Agreement," and explained that the letter "illegal[ly] ... demand[ed] that Apple not employ Lamego" in his chosen profession because he would "disclose" information that Plaintiffs considered to be "confidential information." Dkt. 370 ¶¶ 422-423. The answer further asserted that the "*clauses*" cited in the letter "are ...

facially void under … § 16600" because they "are not narrowly tailored or carefully limited to the protection of trade secrets" and are instead triggered *inter alia* "when the former employee's services for a competitor implicate the use of confidential information." *Id.* ¶ 425 (emphasis added).[1]

Apple's written discovery reasserted and further explained this position. Apple's response to Plaintiffs' Interrogatory No. 6 incorporates by reference the relevant paragraphs of the operative answer, which address how the Agreement's overbroad definition of "confidential information" is central to its anticompetitive function. Dkt. 1506-1, Ex. A at 112. The response also quoted Plaintiffs' CEO Joseph Kiani's belief that "'▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮'" *Id.* And the response emphasized Plaintiffs "required their employees … to sign an Employee Confidentiality Agreement" that "improperly attempted to prohibit competition by restricting their employees' mobility in the healthcare industry," contrary to Section 16600.[2]

## II.   PLAINTIFFS WERE NOT PREJUDICED BY ANY UNTIMELINESS

Regardless, any gap between Apple's disclosures and its unclean hands trial defense is harmless. Apple's disclosures (1) identified the relevant evidence (the Employee Confidentiality Agreement, Plaintiffs' January 24, 2014 letter, and Mr. Kiani's testimony) relied upon in Apple's offer of proof and (2) articulated the basis for Apple's legal theory—i.e., Plaintiffs acted inequitably by requiring employees to sign an Agreement with invalid provisions and by relying on those same provisions to restrict their employees' ability to practice their profession.

---

[1] Plaintiffs erroneously rely on a superseded version of Apple's answer. *See* Dkt. 1507 at 1 (citing Dkt. 306); Dkt. 306 (responding to *Third* Amended Complaint).

[2] Plaintiffs erroneously rely on an early version of the response, which does not contain Mr. Kiani's testimony. *Compare* Dkt. 1507 at 2 (citing Ex. A at 68) *with* Dkt. 1506-1, Ex. A at 112.

Plaintiffs first wrongly assert they were prejudiced because they were "prevented … from developing rebuttal evidence" in discovery about the use of comparable provisions and the career trajectories of other former Masimo employees. Dkt. 1507 at 1. But any such factual evidence is irrelevant as a matter of law to determining whether Plaintiffs' confidentiality provisions are void under Section 16600. *See Brown v. TGS Mgmt. Co.,* 57 Cal. App. 5th 303, 318 (2020) (holding that it is "err[or] to consider "[t]he factual details of [a former employee's] future employment," because it is "irrelevant" to a "facial challenge").[3] But even if invalidity were a fact question, Plaintiffs would have had the same incentive to seek the same fact discovery if they thought Apple was proceeding under a narrower, non-competition clause theory. In any event, the track records of other former employees are irrelevant to determining whether it was inequitable for Plaintiffs to require employees to sign unenforceable Confidentiality Agreements and then to wield that agreement as a weapon to disrupt Dr. Lamego's new job at Apple.

*Second*, Plaintiffs baldly assert that they were "prevented … from moving for summary judgment." Dkt. 1507 at 2. But nothing "prevented" them from moving for summary judgment on the unclean hands defense, given that they do not dispute that they were on notice that Apple would dispute the validity of various provisions in the Employee Confidentiality Agreements. Considering the scope of Apple's answer and interrogatory response in connection with the content of Plaintiffs' January 24, 2014 letter, no summary judgment motion on the Section 16600 issue could have ignored how the overbroad definition of "Confidential Information" is inextricably intertwined with the contract's non-compete provisions.

---

[3] Plaintiffs try to distinguish *Brown* on the grounds that the confidentiality provision's language in that case is different from the language at issue in this case. Dkt. 1507 at 2. To be clear, the definition of "confidential information" here is *broader* than that in *Brown*, which included exceptions for generally known information and information known to the employee prior to employment. Dkt. 1318 at 3.

### III. THE COURT WILL HAVE TO RESOLVE THE SECTION 16600 ISSUE REGARDLESS OF WHAT HAPPENS WITH APPLE'S UNCLEAN HANDS DEFENSE

Plaintiffs have indicated they will offer versions of the Agreement in evidence, both to show that they took reasonable efforts to maintain the secrecy of their alleged trade secrets, Mar. 13, 2023 Tr. at 21, and that the alleged trade secrets were obtained through improper means, Dkt. 1500-1 at 184. When they offer the Agreement, Apple will renew its objections that the confidentiality provisions are void under Section 16600 and so must be excluded under FRE 402 and 403. *See* Dkt. 1318 (motion *in limine* No. 4), Dkt. 1410 (reply). It will then be necessary for the Court to adjudicate Apple's "facial challenge to the provisions," a pure legal issue for which "[t]he factual details" of anyone's "future employment" is irrelevant. *Brown*, 57 Cal. App. 5th at 318. This scenario can be avoided if this Court enters a ruling now that bars the invalid contractual provisions from going before the jury. Such a decision would also have the practical effect of resolving a key dispute between the parties, as it would mean that the unclean hands issue would be left for the Court to resolve following the jury's verdict.

Plaintiffs are wrong to suggest that this Court can avoid the issue by holding that even an invalid contract is relevant to reasonable efforts. Neither case they have identified even addresses an invalid contract, let alone that it is admissible under FRE 402 and 403. *See* Dkt. 1334 at 9-10.[4] In any event, Plaintiffs have cited no decision that permits a plaintiff to rely on an invalid contract to prove improper means.

### CONCLUSION

Apple requests that this Court exclude the confidentiality provisions of the Employee Confidentiality Agreements from the trial.

---

[4] *Palantir Technologies Inc. v. Abramowitz* merely found a triable issue of fact regarding reasonable efforts despite the lack of a written confidentiality agreement. 2022 WL 2952578, at *4-5 (N.D. Cal. July 26, 2022). *Albert Smyth v. Motes*, a Maryland case, held that IT security policies remained relevant despite isolated, technical breaches in which secrecy was maintained. 2018 WL 3635024, at *4 (D. Md. July 31, 2018).

Dated: April 3, 2023         Respectfully submitted,

                                  MARK D. SELWYN
                                JOSEPH J. MUELLER
                                AMY K. WIGMORE
                                JOSHUA H. LERNER
                                SARAH R. FRAZIER
                                NORA Q.E. PASSAMANECK
                                THOMAS G. SPRANKLING
                                WILMER CUTLER PICKERING HALE AND DORR LLP

                                BRIAN A. ROSENTHAL
                                GIBSON, DUNN & CRUTCHER LLP

                                KENNETH G. PARKER
                                HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1,657 words, which:

<u> X </u> complies with the word limit of L.R. 11-6.1.

<u>   </u> complies with the word limit set by court order dated [date].

Dated: <u> April 3, 2023 </u>

Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*