UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | April 3, 2023 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Deborah Lewman | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Re Unclean Hands Dispute

Pursuant to the Court's Order on Apple's Motion in Limine No. 4, Dkts. 1439, 1469, Apple has filed its Offer of Proof in Support of Its Unclean Hands Defense. Dkts. 1472, 1476 (sealed). Plaintiffs have filed their response. Dkt. 1507. The Court directed Apple to file a response regarding Plaintiffs' untimeliness argument. Dkt. 1508. Apple filed its response. Dkts. 1514, 1513-1 (sealed). The Court held a hearing on April 3, 2023.

For the reasons stated below, the Court finds that Apple's unclean hands defense --based on a theory that the confidentiality provisions are void-- is untimely and should be excluded under Rule 37(c)(1). Apple's unclean hands defense shall be limited to the theory that was timely disclosed, i.e., the non-compete provisions are void and Plaintiffs' attempted enforcement thereof means they have unclean hands.

Precluding Apple from raising the confidentiality provisions as part of an affirmative defense does not preclude Apple from addressing these provision on cross-examination, if necessary. If Plaintiffs rely on the confidentiality provisions to support the "reasonable efforts to protect secrecy" element of their trade secrets claim, Apple may cross-examine Plaintiffs' testifying witness(es) based on Apple's contention that the confidentiality provisions are void. The Court declines to resolve the issue of validity at this late hour, especially where it is unclear whether, on this record, it may be decided as a matter of law.

I.  Discussion

This dispute relates to the confidentiality provisions found in certain employment agreements signed by Plaintiffs' former employees. Plaintiffs want to rely on those provisions to show reasonable efforts to keep their alleged trade secrets confidential. Apple wants to argue the provisions are void and therefore cannot constitute reasonable efforts, and additionally, that asking employees to sign agreements with void provisions constitutes unclean hands.

In the Court's ruling on Apple's MIL No. 4, it "decline[d] to reach Apple's belated facial attack to the confidentiality provisions." Dkt. 1469 at 6. It did however invite Apple to make a limited offer of proof relating to its unclean hands defense. The order provided, "[t]o the extent Apple believes it should be able to prove invalidity of the confidentiality provisions in support of its unclean hands defense, it may file an offer of proof of no more than five pages within seven days of this order, including addressing whether unclean hands is a jury question." Dkt. 1469 at 8 n.3.

Apple's offer of proof, and Plaintiffs' response thereto, raises three issues, which the Court resolves below.

A.  Timeliness of Request for Ruling on Validity

Apple's offer of proof is essentially a motion for reconsideration of the Court's ruling on MIL No. 4. See generally Dkt. 1472 (requesting ruling that confidentiality provisions are void).

Plaintiffs respond that "Apple cites no case invalidating a confidentiality provision similar to the provision here, much less as a matter of law on truncated briefing." Dkt. 1507 at 2.

Because Apple has provided no basis for reconsideration, the Court declines to reconsider its order on MIL No. 4. See L.R. 7-18. Apple argues that it "is not aware of any rule or case that requires a party to move for summary judgment to preserve the right to raise a legal issue later in the case." Dkt. 1472 at 2. But the Court's ruling did not make such a sweeping proclamation. Apple ignores the fact that courts regularly consider the validity of provisions under § 16600 at the summary judgment stage. See, e.g., DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp., 28 F.4th 956, 960 (9th Cir.) (district court granted partial summary judgment, holding that § 16600 rendered forum-selection, non-compete, and non-solicitation clauses void and unenforceable), cert. denied, 143 S. Ct. 536 (2022); Glob. Trim Sales, Inc. v. Checkpoint Sys. UK Ltd., No. SA CV 12-1314-JLS-RNBx, 2014 WL 12690629, at *6 (C.D. Cal. Sept. 17, 2014) (granting summary judgment on enforceability of non-compete and non-solicitation provisions); Arthur J. Gallagher & Co. v. Petree, No. 2:18-CV-03274-JAM-KJN, 2022 WL 1241232, at *2 (E.D. Cal. Apr. 27, 2022) (denying summary judgment that noncompete provisions are

void and unenforceable under § 16600); SMC Networks Inc. v. Hitron Techs. Inc., No. SA CV 12-1293-JLS-RNBx, 2013 WL 12114104, at *3 (C.D. Cal. Nov. 13, 2013) (considering § 16600 issue at summary judgment stage).

Doing so makes sense because this type of challenge presents a threshold legal question that may be amenable to summary judgment, and a ruling at this stage could narrow a case by, e.g., resolving an entire claim or resolving part of a claim, such as in this case, where Apple seeks to argue that a void agreement cannot support reasonable efforts to protect secrecy (an element of Plaintiffs' trade secret claim).[1] Although Plaintiffs intend to rely on other efforts to protect secrecy, Apple seeks a legal ruling foreclosing one of Plaintiffs' theories on this issue, and thus summary judgment was the proper time to raise the matter.

Setting aside the fact that Apple did not timely raise this issue at summary judgment, it is not clear to the Court (on this truncated briefing) that the issue is amenable to resolution as a matter of law in this case. This is because "parties that have successfully challenged a contractual provision under § 16600 ordinarily have done so only after having submitted evidence clearly demonstrating enforcement of such provision would result in a prohibited restraint." Proofpoint, Inc. v. Vade Secure, Inc., No. 19-CV-04238-MMC, 2021 WL 2308277, at *3 (N.D. Cal. June 4, 2021) (collecting cases).[2]

"Although circumstances may exist where the restraining effect of a contractual provision is so obvious that no additional evidence need be offered," as noted in Proofpoint, "no such restraining effect is self-evident" on the current record, especially where, according to Plaintiffs, hundreds of employees have left the company without issue, including twenty that went to Apple. It may be more appropriate to consider this question on a developed factual record. See, e.g., Magic Leap, Inc. v. Xu, 2020 WL 3268659, at *3-*4 (N.D. Cal. June 17, 2020) (rejecting facial challenge to provision precluding use of confidential information defined "to include 'products,' 'processes,' 'technology,' 'customer lists and customers,' and 'services,' as well as broader concepts such as 'know-how,' 'business information,' 'processes,' and 'ideas;'" analyzing asserted restraint would require "fact-intensive inquiry"); SPS Technologies, LLC v. Briles

---

[1] The Court already ruled that the agreements could not be used to show acquisition by improper means by O'Reilly or Lamego. Dkt. 1469 n.2.

[2] See, e.g., Golden v. California Emergency Physicians Medical Group, 896 F.3d 1018, 1026 (9th Cir. 2018) (settlement agreement provision void under § 16600, where detailed "facts persuade[d]" court the "effect on [plaintiff's] medical practice [was] substantial"); Dowell v. Biosense Webster, Inc., 179 Cal. App. 4th 564, 570, 575 (2009) ("noncompete clauses" void under § 16600, where employees submitted declarations establishing how provision, if enforced, would preclude them from working in chosen professions); see also Whitewater West Industries, Ltd. v. Alleshouse, 981 F.3d 1045, 1056 (Fed. Cir. 2020) ("threshold ground for application of § 16600" is "evidence of a restraining effect on [plaintiff's] ability to engage in his profession").

Aerospace, Inc., 2019 WL 6841992, at *12-*13 (C.D. Cal. October 30, 2019) (rejecting facial challenge to provision's broadly worded definition of confidential information; whether "provision[ ] operate[s] as a substantial restraint for purposes of section 16600 is a fact-intensive inquiry'). This provides an additional basis not to revisit the ruling on MIL No. 4.

### B.    Timeliness of Confidentiality Provision Defense Theory

In their response to Apple's offer of proof, Plaintiffs argue that Apple's unclean hands theory based on the confidentiality provisions (as opposed to the non-compete provisions) is newly disclosed and should be excluded as untimely. Dkt. 1507 at 1. Plaintiffs contend that Apple cannot show the untimely disclosure was substantially justified or harmless because Plaintiffs have been prejudiced by the inability to take discovery on this issue (e.g., to show use of such provisions in the industry, seeking summary judgment on this issue, etc.). Id. at 1-2.

Apple responds that, starting with its answer, it made clear that Plaintiffs' assertion of the confidentiality provisions was a "central component" of its unclean hands defense. Dkt. 1514 at 2. Apple also cites its response to Rog No. 6. Id. at 3. Further, Apple argues that any gap between disclosure of its theory and what it will present at trial is harmless because this issue is a matter of law and even if fact issues were involved, Plaintiffs could have moved for summary judgment on the defense. Id. at 3-4. Apple argues that, when Plaintiffs try to introduce the agreements at trial, Apple will object that the agreements are void (MIL No. 4) and under Rule 402 and 403. Id. at 5.

The Court finds that Apple's new unclean hands theory, raised for the first time in its MIL No. 4, is not timely raised. Although Apple noted that Plaintiffs' untimeliness argument relied on an old version of Apple's answer, the operative answer does not disclose this theory either. The defense as alleged in the answer is based on the non-compete provisions in the Masimo/Cercacor confidentiality agreements, as cited in a letter from Plaintiffs to Apple. See Answer (Dkt. 370) ¶¶ 422-425, Cease and Desist Letter (Dkt. 38-5) (relying on non-compete provisions). Apple's only reference to "confidential information" in its answer implied that protecting such information was permissible, not that, as worded, this portion of the agreement was void on its face. See Dkt. 370 at ¶ 425 ("Plaintiffs' clauses are not triggered only when the former employee's services for a competitor implicate the use of confidential information; rather, they are always triggered unless the former employee can "prove that the action was taken without the use or disclosure of any of [Cercacor's] trade secrets"). The same is true for Apple's response to Rog No. 6. See Dkt. 1506-1 at 112 (improper restriction on employee mobility through non-compete requirement).

Conversely, in its MIL No. 4, Apple requested a ruling that the confidentiality provisions of the agreement are themselves void under § 16600. See Dkt. 1306 (relying on confidentiality provisions). Apple apparently further distinguished the confidentiality

provisions from the non-compete provisions to distance its new argument from the Court's Findings of Fact and Conclusions of Law in True Wearables. See Dkt. 1318 (MIL No. 4) at 6 ("True Wearables did not argue that the confidentiality provisions were facially invalid as a matter of law").

Apple has not demonstrated that the untimely disclosure of its new theory shortly before trial is substantially justified or harmless. Apple argues there is no prejudice because it is a question of law and Plaintiffs could have moved for summary judgment anyway. But as stated, it is not clear to the Court that the question is amenable to resolution as a matter of law.[3] And Plaintiffs would have had no reason to move for summary judgment on a theory Apple had not yet raised, especially where Apple failed to move for summary judgment on the legal ruling it now seeks on the eve of trial. Thus, the Court excludes this iteration of Apple's unclean hands defense under Rule 37(c). The Court finds that allowing the new theory at this late hour would prejudice Plaintiffs because Plaintiffs were unable to pursue any rebuttal to this theory.

Excluding this theory as a basis for Apple's affirmative defense will not prevent Apple from cross-examining Plaintiffs' witness(es) on whether the confidentiality provisions support reasonable efforts to maintain secrecy (e.g., if Plaintiffs seek to use the provisions as a sword, Apple can try to raise a shield concerning whether they are void). As stated, the Court will not allow this sub-issue to devolve into a mini-trial within a trial. As previously ordered, the Court again "orders the parties to meet and confer to reach an agreement on a narrow set of questions and related impeachment concerning the existence of the confidentiality provisions, but unknown legal validity of them because the issue has not been adjudicated." Dkt. 1472 at 7-8.

C.  Jury Question

The parties dispute whether Apple's unclean hands defense should be decided by the jury or the Court. The Court finds that, because Apple's unclean hands defense (based on the non-compete provisions) is intertwined with the facts underlying Plaintiffs' trade secrets claim, the inter-related questions of fact and credibility should be submitted to the jury. The Court orders this in an exercise of its discretion. See Unilogic, Inc. v. Burroughs Corp., 10 Cal. App. 4th 612, 623, 12 Cal. Rptr. 2d 741 (1992) ("a jury trial of the equitable issues [including unclean hands] is within the court's discretion") (citing 1 Cal. Forms Jury Inst., § 7.30, p. 7-42.1 ("In a legal action, the issue of unclean hands may be presented to the jury either by stipulation or because it is so intertwined with legal claims that it cannot be separately tried to the judge. It has been said that the application of the doctrine [of unclean hands] is primarily a question of fact that is within the discretion of the trial court upon an application for an injunction. In a legal action, such a

---

[3] To the extent Apple objects at trial and seeks a ruling as a matter of law, and/or objects under Rule 402 and 403, the Court will cite its ruling on MIL No. 4 (Dkt. 1469) and this order and overrule the objection.

question of fact might properly be presented to the jury.") (quotations and footnotes omitted))).

The Court will consider whether Apple's presentation of this defense as it relates to the non-compete provisions (or its cross-examination concerning the confidentiality provisions) opens the door to certain types of evidence previously excluded in limine (e.g., whether limited testimony should be allowed to rebut an argument that the provisions stymied employee mobility in contravention of § 16600, e.g., how many employees left Plaintiffs' employ to work in the same field, including to work at Apple).[4] The parties should address these issues with the Court outside the presence of the jury as needed, preferably before or after the daily trial session.

II.     Conclusion

For the reasons stated, the Court declines to revisit its ruling on Apple's MIL No. 4; excludes Apple's new unclean hands theory (confidentiality provisions) under Rule 37(c) as not timely disclosed; orders that Apple's timely unclean hands theory (non-compete provisions) shall be tried to the jury; and redirects the parties to meet and confer on presenting any testimony concerning the employee agreements as narrowly as possible so as not to undertake a trial within a trial.

**IT IS SO ORDERED.**

|                     |     | :   | 0 |
|---------------------|-----|-----|---|
| Initials of Preparer | djl |     |   |

---

[4] The Court remains disinclined to allow testimony concerning what happened in the True Wearables trial, including the rulings in the resulting bench trial order. Whether Dr. Lamego proved his affirmative defense asserting void contracts in that case is not determinative of whether either Plaintiffs or Apple can carry their respective burdens in this case.