Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **MASIMO CORPORATION AND**<br>) **CERCACOR LABORATORIES,**<br>) **INC.'S APPLICATION TO FILE**<br>) **UNDER SEAL THE SECOND**<br>) **AMENDED JOINT TRIAL EXHIBIT**<br>) **LIST**<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal the parties' Second Amended Joint Trial Exhibit List ("Joint Exhibit List")

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged **trade secret** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The document Masimo seeks to seal contains information that one or both of the parties consider confidential. The Joint Exhibit List contains numerous descriptions of both parties' confidential documents, including information related to Masimo's trade secrets and descriptions of documents containing information related to Masimo's trade secrets. Loebbaka Decl. ¶ 4. This information is confidential and valuable to Masimo in part because of its secrecy. *Id*. If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. Id. Masimo would be harmed if it were disclosed. *Id*. In addition, the Joint Exhibit List contains descriptions of documents Apple designated as

"Highly Confidential – Attorneys' Eyes Only." Id. ¶ 5. Masimo respectfully requests the Court seal this document based on Apple's representation of its confidentiality.

Courts seal documents where, as here, disclosure "will cause competitive harm." See Apple, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." Id. at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III.  CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the Joint Exhibit List.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 5, 2023     By: /s/ Kendall M. Loebbaka
     Joseph R. Re
     Stephen C. Jensen
     Sheila N. Swaroop
     Brian C. Horne
     Irfan A. Lateef
     Benjamin A. Katzenellenbogen
     Brian C. Claassen
     Stephen W. Larson
     Mark D. Kachner
     Adam B. Powell
     Kendall M. Loebbaka
     Daniel P. Hughes

     Attorneys for Plaintiffs
     MASIMO CORPORATION and
     CERCACOR LABORATORIES, INC.

57374369