| | |
|---|---|
| 1 | MARK D. SELWYN, SBN 244180<br>  mark.selwyn@wilmerhale.com |
| 2 | THOMAS G. SPRANKLING, SBN 294831<br>  thomas.sprankling@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
| 4 | 2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306 |
| 5 | Tel.: 650.858.6000 / Fax: 650.858.6100 |
| 6 | JOSHUA H. LERNER, SBN 220755<br>  joshua.lerner@wilmerhale.com |
| 7 | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
| 8 | One Front Street, Suite 3500<br>San Francisco, CA 94111 |
| 9 | Tel.: 628.235.1000 / Fax: 628.235.1001 |
| 10 | AMY K. WIGMORE, *pro hac vice*<br>  amy.wigmore@wilmerhale.com |
| 11 | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
| 12 | 2100 Pennsylvania Ave NW<br>Washington, DC 20037 |
| 13 | Tel.: 202.663.6000 / Fax: 202.663.6363 |
| 14 | [Counsel appearance continues on next page] |
| 15 | *Attorneys for Defendant Apple Inc.* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION,<br>a Delaware corporation; and<br>CERCACOR LABORATORIES, INC.,<br>a Delaware corporation,<br><br>                        Plaintiffs,<br><br>      v.<br><br>APPLE INC.,<br>a California corporation,<br><br>                        Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS**<br><br>Trial: Apr. 4, 2023 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

On the second day of trial, Plaintiffs put at issue two attorney-client communications that are highly relevant to the claims and defenses before the jury. First, Plaintiffs' CEO Joseph Kiani testified about the content of a communication he had with a member of Plaintiffs' trial team that he asserted led him (and Plaintiffs) to first learn the facts they claim would have started the statute of limitations period under the discovery rule of Cal. Civ. Code § 3426.6. Second, during Plaintiffs' opening statement, Plaintiffs' lead counsel asserted that it was the lawyers who wrote the language for Plaintiffs' alleged trade secrets that appear in the juror notebooks. Apple respectfully submits that these statements by Mr. Kiani and Plaintiffs' counsel constitute waiver and, at a minimum, have opened the door to additional lines of inquiry regarding (1) Mr. Kiani's communications with counsel in October 2019 that led to this litigation being filed and (2) the drafting of the trade secrets in this case (i.e., information that Plaintiffs previously sought to exclude).

## ARGUMENT

### I. MR. KIANI'S SELECTIVE DISCLOSURE OF ATTORNEY-CLIENT COMMUNICATIONS CONSTITUTES SUBJECT-MATTER WAIVER OF PRIVILEGE

During Mr. Kiani's direct testimony, Plaintiffs' counsel asked a line of questioning calculated to elicit testimony regarding when Mr. Kiani purportedly first learned facts that led him to suspect that Apple had misappropriated Plaintiffs' alleged trade secrets. Mr. Kiani answered that "[i]n 2019, a series of patents issued to Apple with Dr. [Marcelo] Lamego as the inventor, and it was our stuff, things that was in our notebooks done by [Plaintiffs' employees]."[1] The questioning proceeded:

> Q: And after you saw those patents that you just mentioned, what did you do next?

---

[1] Apple has not yet received the final transcript from the afternoon of April 5, 2023, so all quotes come from the Realtime Unedited Transcript.

| | | |
|---|---|---|
| 1 | A: | I asked Steve Jensen at Knobbe to investigate and if he found we had any |
| 2 | | right to sue Apple. |
| 3 | Q: | And Steve Jensen right here, my partner? |
| 4 | A: | Yes. |
| 5 | Q: | Okay. And what happened next, after you had authorized this investigation? |
| 6 | A: | We sued Apple. |

Apr. 5, 2023 Realtime Unedited Tr. 46-47.

The intended implications of this testimony are clear: (1) Mr. Kiani did not know any facts that led him to suspect the misappropriation of Plaintiffs' alleged trade secrets until he learned of the Apple patents in 2019, and (2) after Mr. Kiani asked Plaintiffs' counsel to investigate and to advise whether Plaintiffs had a viable claim against Apple based on the information in those patents, Mr. Jensen advised they did.  Plaintiffs' selective disclosure of this communication with counsel is clearly intended to bolster their assertion that the limitations period began running when Mr. Kiani claims to have learned about the issuance of Apple's patents.  Indeed, Plaintiffs' opening statement attempted to treat the incident that Mr. Kiani described as the time when they were on notice of the alleged misappropriation, for statute of limitations purposes.  *See* PDX1-52 (opening statement demonstrative with a timeline that highlights "October 2019 – Masimo sees issued Apple patents").

Mr. Kiani's testimony amounts to a subject matter waiver of Plaintiffs' attorney-client privilege regarding Plaintiffs' counsel's 2019 investigation of Apple's patents. The Ninth Circuit has repeatedly explained that the "principal purpose" of the doctrine of subject matter waiver "is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-341 (9th Cir. 1996).  Mr. Kiani's "voluntary disclosure of the content of [that]

privileged attorney communication [therefore] constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

During the continuation of Mr. Kiani's cross-examination, Apple should be permitted to question Mr. Kiani about his communications with Mr. Jensen and the investigation that Mr. Jensen's firm conducted at Mr. Kiani's request, at which point Plaintiffs will bear "the burden of proving that the attorney-client privilege applies," because they are "the party asserting it." *Weil*, 647 F.2d at 25. While Mr. Kiani did not expressly testify as to the result of counsel's investigation and the content of Mr. Jensen's advice, "[e]ven when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly." *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997); *see also Weil*, 647 F.2d at 24 (same); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6138160, at *5 (C.D. Cal. Jan. 24, 2018) (Selna, J.) (holding that a party had "impliedly waived the attorney-client privilege because they have placed the information supporting those defenses at issue"). Here, the content of Mr. Jensen's advice (that Plaintiffs had a viable misappropriation claim against Apple) is both readily apparent from context and a critical piece of evidence to Plaintiffs' response to Apple's statute of limitations defense. Nor does it matter whether Plaintiffs had the "subjective intent" to waive privilege, because "'inadvertence' of disclosure does not as a matter of law prevent the occurrence of the waiver." *Weil*, 647 F.2d at 24.

Plaintiffs "cannot be allowed, after disclosing as much as [they] please[], to withhold the remainder." *Weil*, 647 F.2d at 24. Accordingly, the "fairness principle" of "preventing [Plaintiffs] from using the privilege as both a shield and a sword" requires holding that Mr. Kiani's testimony about his request for Mr. Jensen to investigate the Apple patents "constitutes waiver of the privilege as to all other such communications

Pickering Hale
and Dorr LLP

APPLE'S TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS

3     CASE NO. 8:20-cv-00048-JVS (JDEx)

on the same subject." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-1117 (9th Cir. 2020) (quoting *Weil*, 647 F.2d at 24).

## II. PLAINTIFFS HAVE OPENED THE DOOR TO QUESTIONING REGARDING THEIR ATTORNEYS' INVOLVEMENT IN DRAFTING THE ALLEGED TRADE SECRETS

Last month, this Court granted Plaintiffs' motion *in limine* to exclude "evidence or argument about their attorneys' involvement in the case, including preparing trade secret disclosures[.]" *See* Dkt. 1297-2 at 1; Dkt. 1469 at 8-11; *see also* Dkt. 1371 at 2 (Plaintiffs arguing that "Apple cannot point to Masimo's lawyers' involvement in drafting the Section 2019.210 statement to argue that the trade secrets were not possessed by Masimo before Apple's misappropriation."); Mar. 13, 2023 Tr. 38 (Plaintiffs' counsel stating: "This is why we filed the motion. I want the lawyers out of it.").

During opening statements, however, Plaintiffs' lead counsel put this point directly at issue, stating that the lawyers wrote out the language for Plaintiffs' alleged trade secrets that appear in the juror notebooks:

> And this information is both business in nature, it's about marketing. Those are in your notebook. They're written out. The lawyers actually wrote it out to capture the type of information we're talking about. And it's technical information as well.

Apr. 5, 2023 Morning Tr. 50.

By providing the jury with this incomplete statement of fact, Plaintiffs opened the door to questions regarding the nature and scope of Plaintiffs' attorneys' involvement. *Cf. Hoist Fitness Systems, Inc. v. TuffStuff Fitness International, Inc.*, 2019 WL 6481307, at *1 (C.D. Cal. Aug. 27, 2019) (noting that defendant "cannot refer to [plaintiffs'] products or advertisements … to rebut Hoist's lost profits arguments (unless and as necessary if Hoist opens the door by referring to its products to support its lost profits theories")); Mar. 13, 2023 Tr. 5-6 (this Court acknowledging the "ground rules"

that every motion *in limine* ruling is subject to reconsideration if the moving party "open[s] the door"). More broadly, as with Mr. Kiani's statute-of-limitations-related testimony described above, Plaintiffs are trying to have it both ways: relying on self-serving descriptions of their interactions with counsel when it benefits their position but blocking Apple from raising counter-arguments—or seeking additional information—about those same interactions.

Simply put, Apple must be permitted to advance its theory of the case that the alleged trade secrets were fabricated for the purposes of litigation. Under the Court's motions *in limine* order, Apple is permitted to question witnesses to establish that no list or written documentation of the alleged secrets existed prior to the lawsuit, but Apple is barred from discussing the role of attorneys in creating that list. But since Plaintiffs have now twice opened the door to the role their lawyers played in crafting these alleged secrets—once during opening statements and again during Mr. Kiani's testimony—Apple should be permitted to inquire about that role.

## CONCLUSION

Apple requests that this Court (1) find waiver regarding Mr. Kiani's communications with counsel about Apple's patents that allegedly led to this litigation being filed and (2) permit questioning regarding the role that Plaintiffs' attorneys played in drafting the alleged trade secrets.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
5
CASE NO. 8:20-cv-00048-JVS (JDEx)

Dated: April 6, 2023                          Respectfully submitted,

                                              MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1,451 words, which:

 X   complies with the word limit of L.R. 11-6.1.

 ___  complies with the word limit set by court order dated [date].

Dated: April 6, 2023                    Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*
Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS — 7 — CASE NO. 8:20-cv-00048-JVS (JDEx)