Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**DECLARATION OF JOSEPH R. RE IN SUPPORT OF PLAINTIFFS' RESPONSE TO APPLE'S TRIAL MEMORANDA REGARDING PLAINTIFFS' ALLEGED DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS**<br><br>Hon. James V. Selna |

I, Joseph R. Re, hereby declare:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California. I am a member of the bar of this Court, and Counsel of record for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") in the above-captioned action. I have personal knowledge of the matters set forth herein and, if I am called upon to testify, I could testify competently thereto.

2. Apple's "Trial Memorandum Regarding Plaintiffs' Disclosures Of Their Attorney-Client Communications" ("Memo"), filed April 6, 2023, asserts that I "intended" to seek the implication that "after Mr. Kiani asked Plaintiffs' counsel to investigate and to advise whether Plaintiffs had a viable claim against Apple based on the information in those patents, Mr. Jensen advised they did." Dkt. 1542 at 2. Apple's Supplemental Trial Memorandum Regarding Plaintiffs' Disclosures of their Attorney-Client Communications repeated the same accusation. Dkt. 1556-1 at 18.

3. Apple's speculative accusation is false. In questioning Mr. Kiani during his direct examination, I never intended to elicit any testimony about Mr. Kiani seeking any information or advice from any lawyer, including Mr. Jensen. Mr. Kiani's response was a complete surprise.

4. I intended and expected the line of questioning would elicit testimony that, before Mr. Kiani saw Apple patents relating to the field of pulse oximetry and naming Lamego as inventor in the fall of 2019, he did not know that Apple was working in the field of pulse oximetry. I intended the testimony would show the chronology of when Mr. Kiani learned about Apple's patents (October 2019) and when Masimo sued Apple about three months later (January 2000). The anticipated testimony would have been relevant to show that Apple's statute-of-limitations defense is without merit.

5. I did not intend or expect that Mr. Kiani would discuss anything about any investigation, much less any initial request made to counsel. Indeed, I still do not see the relevance of any such request to my questions attempting to show the chronology

-1-

of events leading up to Masimo filing suit.

6. Should the Court have any questions whatsoever about my intent, I would happily offer the relevant page from my personal notes that I used during the examination of Mr. Kiani for *in camera* inspection by the Court. That page would show the testimony I was trying to elicit from him.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 9, 2023 at Irvine, California.

*/s/ Joseph R. Re*
Joseph R. Re

57427399