# EXHIBIT 5



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Masimo Co-Founder Hazy On Co.'s Claims In $3.1B Apple Suit

By **Gina Kim**

Law360 (April 7, 2023, 10:28 PM EDT) -- A Masimo Corp. co-founder testifying in the company's $3.1 billion intellectual property suit over pulse oximetry technology in Apple Watches conceded to a California federal jury Friday that he didn't know which trade secrets Apple allegedly misappropriated and wasn't aware of any Apple patents for which Masimo claims he should be named an inventor.

Friday's testimony, which ended at around noon, came from Mohamed Diab, Masimo's co-founder and senior-most engineer, as well as Jeroen Poeze, former Cercacor Laboratories Inc. engineer. Both Diab and Poeze helped to develop the company's groundbreaking, noninvasive pulse oximetry technology that the plaintiffs claim is contained in Apple's patents covering the health and wellness features in its blockbuster smartwatch.

Cercacor is a spinoff company of Masimo. Both companies claim that Diab and Poeze should be named as co-inventors in four of Apple's smartwatch patents.

On cross-examination Friday, Apple's counsel, Sarah Frazier of WilmerHale, asked Diab if he'd seen the patents in question.

"Sir, you have no idea whether you invented anything disclosed in those four Apple patents, correct?" Frazier said.

Diab replied he had only seen one of the patents in the summer of 2019 that included Cercacor's former chief technology officer, Marcelo Lamego, as one of the inventors. The plaintiffs have alleged that Lamego took the plaintiffs' trade secrets to Apple upon his resignation from the company in 2014.

Diab maintained that the Apple patent he saw in 2019 essentially revealed a great deal of Masimo's confidential information and a portion of the company's own patent that it had filed in the past.

Jurors were then shown Diab's deposition transcript, in which he answered that he had no idea when asked if there were any Apple patents of which he believes he's the true inventor.

Frazier pointed out that Diab didn't know if the other three Apple patents at issue even existed until the company's lawyers showed them to him, and accordingly, Diab wouldn't know if he should be added as an inventor on any of them.

"Correct," Diab testified.

Friday's testimony before the jury panel of eight women marked the end of the first week of trial that commenced Tuesday **with jury selection**, with **opening statements made Wednesday,** in a case that Irvine-based medical device maker Masimo and its spinoff Cercacor lodged in **January 2020** against Apple.

The plaintiffs accuse Apple of improperly obtaining and misappropriating the companies' trade secrets and using them to develop the first Apple Watch, along with subsequent versions of the device.

The patents-at-issue cover technology for a multi-stream data collection system used to

Exhibit 5

noninvasively measure blood constituents, as well as a low-power pulse oximeter, both of which relate to technology that uses light sensors to measure oxygen levels in the blood stream.

Masimo and Cercacor asserted several causes of action against Apple, including patent infringement, trade secret misappropriation under California's Uniform Trade Secrets Act, correction of inventorship and declaratory ownership of certain patents.

The plaintiffs also accuse Apple of poaching two key employees — Lamego and Michael O'Reilly — using information provided by the two men to launch the wildly successful Apple Watch in 2015. Along with wanting to be named co-inventors on Apple's patents relating to pulse oximetry, the plaintiffs seek monetary damages estimated to be more than $3 billion.

Masimo and Cercacor's purported trade secrets have largely been kept under wraps throughout the trial, ambiguously labeled and referred to only in single letters and numbers, and presented to the jury via individual notebooks. The only brief descriptions of the trade secrets mentioned in open court have related to light piping, light propagation, demultiplexing and demodulation.

Apple has contended that the plaintiffs' so-called trade secrets are actually pieces of information that have long been known to others.

On Friday, portions of testimony were **sealed once again** to the media, and essentially anyone who wasn't subject to the court's ongoing protective order, to safeguard the plaintiffs' alleged trade secrets at issue.

Apple has obliged with the plaintiffs' request to seal the courtroom during the sensitive portions of witness testimony regarding trade secrets. Throughout Apple's questioning of plaintiffs' witnesses, defense counsel would advise U.S. District Judge James V. Selna when they were about to touch on the alleged secrets in their examination.

"While Apple doesn't believe this information are trade secrets, we ask to seal the courtroom now to respect the plaintiffs' contentions," WilmerHale's Brittany Amadi said at one point during her cross-examination mid-morning Friday.

During Frazier's cross-examination Friday, Diab conceded that he didn't know what the plaintiffs' alleged trade secrets were, but maintained throughout his testimony that he considered everything he did during his three-decade-long career at Masimo and Cercacor to be confidential and secret.

While Diab admitted that he didn't understand the legal term or concept of a trade secret, "I consider everything a trade secret," he said. Diab also testified that he wasn't aware of any list of trade secrets that Masimo and Cercacor had kept, or whether the companies even maintained such a list or employed a system to monitor their trade secrets.

Frazier then asked Diab if he was aware of Apple's claim that the plaintiffs have copied the language in their alleged trade secrets from Apple's patents covering the smartwatch's health and wellness features.

Diab said he wasn't aware.

Before they were released for the weekend, jurors also heard from Poeze, who helped develop the firmware in Masimo's pulse oximetry device technology. After leaving Cercacor in March 2021, Poeze now works for AMDI Labs, another medical device company.

Poeze testified that he understood that everything he ever developed at Masimo and Cercacor was confidential and belonged to the companies.

Amadi asked Poeze if he was aware that the plaintiffs' expert in the case is alleging that Poeze is the one who exposed Lamego to the subject matter contained in Apple's patent.

"In fact, it was Dr. Lamego who taught you about demodulation, correct?" Amadi said. "And the truth is, you don't believe you invented the technology in the '754 patent, correct?"

Exhibit 5

"All I know is that I worked on that system," Poeze replied. "If that makes me an inventor or not, I don't know."

But when shown an excerpt of his deposition transcript in the case in which he answered that he didn't think he'd be named an inventor in Apple's patent, Poeze agreed that was his response.

Testimony resumes Monday.

The patents-in-suit are U.S. Patent Nos.10,258,265; 10,292,628; 10,588,533; 10,588,554; 10,624,564; 10,631,765; 10,702,194; 10,702,195; 10,709,366; 6,771,994; 8,457,703; and 10,433,776.

Masimo is represented by Joseph R. Re, Stephen C. Jensen, Sheila N. Swaroop, Irfan A. Lateef, Benjamin A. Katzenellenbogen, Stephen W. Larson, Brian C. Claassen, Kendall M. Loebbaka, Adam B. Powell, Daniel P. Hughes, Brian C. Horne and Mark D. Kachner of Knobbe Martens Olson & Bear LLP.

Apple is represented by Joseph J. Mueller, Brittany Amadi, Sarah R. Frazier, Nina Garcia, Amy K. Wigmore, Mark D. Selwyn, Thomas G. Sprankling, Joshua H. Lerner and Nora Q.E. Passamaneck of WilmerHale, Brian A. Rosenthal of Gibson Dunn & Crutcher LLP, and Kenneth G. Parker of Haynes and Boone LLP.

The case is Masimo Corp. et al. v. Apple Inc., case number 8:20-cv-00048, in the U.S. District Court for the Central District of California.

--Additional reporting by Hailey Konnath. Editing by Melissa Treolo.

All Content © 2003-2023, Portfolio Media, Inc.

Exhibit 5