Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**APPLICATION TO FILE UNDER SEAL DOCUMENTS REGARDING MASIMO'S OPPOSITION TO APPLE'S TRIAL MEMORANDUM** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal documents regarding Masimo's Opposition to Apple's Trial Memoranda Regarding Masimo's Alleged Disclosures of its Attorney-Client Communications ("Opposition"). Masimo requests the Court seal the Opposition and Exhibits 2-4 attached to the Baraa Kahf Declaration. Because Apple did not file its brief on time, Masimo was unable to create a redacted version before the 5pm deadline. Masimo will file a proposed redacted version of its Opposition later this evening.

## I.     LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Documents should be sealed when good cause exists. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

## II.     ARGUMENT

Masimo's Opposition includes confidential material including references to confidential material in Exhibit 2-4, discussed below, and citations to the sealed trial transcript in this case. Kahf Decl. ¶ 5.

Exhibit 2-3 are Masimo's confidential documents. Exhibit 2 is a Masimo discovery response that Masimo designated Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. *Id.* ¶ 6. Exhibit 3 is the September 23, 2022 deposition transcript of Mohamed Diab that Masimo designated Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. *Id.* ¶ 7. These documents

discuss the internal confidential business information of Masimo, including Masimo's trade secrets, confidential business plans, and confidential product designs. *Id.* ¶ 6-7. This information is confidential and valuable to Masimo for the reasons discussed above. *Id.* Masimo would be harmed if it were disclosed. *Id.*

Exhibits 4 is Apple's Third Supplemental Privilege Log dated July 15, 2022. *Id.* at ¶ 8. Apple designated this document "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. For instance, Masimo's competitors would not be able to obtain from elsewhere the information regarding Masimo's trade secrets.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal Masimo's Opposition and Exhibits 2-4 attached to the Declaration of Baraa Kahf.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 9, 2023

By: */s/ Baraa Kahf*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.