MARK D. SELWYN, SBN 244180
 mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
 thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
 joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
 amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS** <br><br> Trial: Apr. 4, 2023 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS

CASE NO. 8:20-cv-00048-JVS (JDEx)

For the last week, Plaintiffs have repeatedly inserted their attorneys into their trial presentation, both by suggesting that the meaning and scope of Plaintiffs' alleged trade secrets can be determined only by attorneys and by relying on their attorney-client communications with counsel as a sword (while preventing Apple from using them as a shield).

Plaintiffs' opposition attempts to sidestep the first issue by claiming both that (1) lay witnesses are not permitted to testify even about the creation and development of the purported secrets and (2) *Apple* put attorney involvement at issue by referencing the fact that the list of alleged trade secrets that appear in the jury notebooks was drafted by Plaintiffs after this litigation began. As to the former, neither case law nor common sense bars a lay witness from testifying about a mixed question of fact and law like, for example, whether Plaintiffs possessed the information they claim is an alleged trade secret. And as to the latter, Plaintiffs present no explanation for their novel theory that any reference to a party drafting trade secrets is necessarily a reference to the party's attorneys. Trade secrets presumably spring from work that has already been done by the plaintiff or its employees. It was a pharmacist who created the recipe for Coca-Cola and a former gas station manager who came up with KFC's eleven herbs and spices—not lawyers.

More broadly, this Court should reject Plaintiffs' repeated suggestion—made both in their opening statement and through their witnesses' testimony—that the jury can deviate from the text of the alleged trade secrets as they were written out pursuant to California Civil Code Section 2019.210. The case law is clear that "[t]he trade secret designation mandated by section 2019.210 … functions like [a pleading] in a trade secret case because it limits the scope of [the case] in much the same way as the allegations of a complaint limit [the case] in other types of civil actions." *Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 835 (2005). Plaintiffs' lay witnesses should not be permitted to confuse the jury by suggesting that

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
1                          CASE NO. 8:20-cv-00048-JVS (JDEx)

misappropriation can be found based on, for example, Mr. Kiani's view on what the Section 2019.210 and operative complaint *should have said*. *See, e.g.*, Apr. 6, 2023 AM Tr. 35-36 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

As to the second issue (Plaintiffs' waiver of attorney-client privilege), Plaintiffs' opposition ignores that they have the burden to prove that there has not been waiver. And while they lean on their lead counsel's assertion that he did not "intend" to elicit testimony from Mr. Kiani regarding communications with Mr. Jensen, Opp. 13; *see also* Decl. of Joseph Re ¶¶ 3-5, intent is not necessary for waiver, Supp. Trial Mem. 24. In any event, even if Mr. Kiani's initial testimony was unexpected, Mr. Re emphasized and encouraged it with his very next question, which drew attention to the fact that Mr. Kiani's communications had been with a member of the trial team.

Under the circumstances, Apple respectfully submits that the following relief is appropriate at this time: (1) a curative instruction, *see* Supp. Trial Mem. 16-17, (2) a finding that Plaintiffs opened the door to questioning regarding Plaintiffs' attorneys' involvement in drafting the purported trade secrets, *id.* at 10-11, and (3) immediate disclosure of Plaintiffs' communications that fall within the scope of the attorney-client waiver, *id.* at 20-21.

## ARGUMENT

### I. PLAINTIFFS HAVE IMPROPERLY PLACED THEIR COUNSEL AT THE CENTER OF THE ACTION

#### A. A Curative Instruction Is Warranted to Address Plaintiffs' Witnesses Improper Testimony That Whether Information Constitutes A Trade Secret Is A Question That Can Be Answered Only By Lawyers

As explained, Plaintiffs' trial presentation has likely created the misimpression that (1) only attorneys can testify about the alleged trade secrets' scope and meaning and (2) Plaintiffs' alleged trade secrets may be broader than the descriptions written down

1  in the jury notebooks. Supp. Trial Mem. 11-16. Neither point is a correct statement of
2  California law. *Id.* Accordingly, a curative instruction is both warranted and necessary
3  to avoid the prospect that Plaintiffs receive a multi-billion-dollar windfall because of
4  jury confusion. *Id.* 16-17.[1]

5       Notably, Plaintiffs do not dispute that out of the multitude of fact witnesses who
6  have testified so far, only one—Mr. Kiani—has even attempted to link his testimony to
7  the alleged trade secrets. *See generally* Opp. 1-5. The arguments Plaintiffs do make are
8  unavailing.

9      *First*, Plaintiffs try to point the finger at Apple, arguing that "Apple largely
10  declined to show the witnesses" the alleged trade secrets. *E.g.*, Opp. 3. But Plaintiffs
11  never explain why Apple should be required to do so when it is undisputed that Plaintiffs
12  "have the burden to prove [their misappropriation] claim by a preponderance of the
13  evidence." *See* Dkt. 1500-1 at 36 (Plaintiffs' proposed jury instruction); *see also Sargent*
14  *Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003) (listing elements of
15  trade secret plaintiffs' prima facie case).

16      Moreover, Plaintiffs omit to mention that they repeatedly *objected* to ▮
17  ▮
18  ▮
19  ▮
20  ▮
21  ▮
22  ▮ And it is simply false for Plaintiffs to suggest
23  (Opp. 3) that Mr. Diab was *unable* to testify regarding the purported trade secrets

---

[1] Plaintiffs' misleading trial presentation continued today—for example, when it was suggested during Mr. Muhsin's direct testimony that he needed legal training to understand what constitutes a trade secret and when Mr. Muhsin stated on cross examination that he could not assess whether particular information was protectable as a trade secret because he was not a lawyer.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS'
DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
3                          CASE NO. 8:20-cv-00048-JVS (JDEx)

1  *because* Apple "did not show him" Plaintiffs' list of alleged trade secrets.  Mr. Diab
2  submitted a sworn declaration to this Court that (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and (2) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *See* Ex. 1 ¶¶ 36, 40, 41.[2]

5      *Second*, and relatedly, Plaintiffs argue (Opp. 1-2) that Apple is at fault for asking
6  Plaintiffs' fact witnesses to address legal questions.  But Plaintiffs identify no authority
7  suggesting that witnesses are barred from testifying about the factual basis underlying a
8  legal claim.  If that were so, patent trials as we know them (where engineers and other
9  knowledgeable employees routinely testify about the origins of a patented invention)
10 would come to an end.  Put simply, Plaintiffs should at least know what they supposedly
11 created and supposedly possessed.  The Federal Rules expressly permit just this kind of
12 testimony—i.e., "an opinion  [that] is … rationally based on the witnesses' perception"
13 and "helpful to … determining a fact in issue."  *See* Fed. R. Evid. 701(a)-(b).

14     Neither of Plaintiffs' cited cases is to the contrary.  *AngioScore, Inc. v. TriReme*
15 *Medical, Inc.* actually supports Apple's position because the court there ultimately
16 <u>granted</u> a motion to compel a response to an interrogatory that sought "the factual basis"
17 for the recipient's legal position.  2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014).
18 And *Microvention, Inc. v. Balt USA, LLC* simply declined to compel a further response
19 to an interrogatory that required the responding party to make a purely legal
20 determination—whether the trade secrets had been described with the requisite
21 reasonable particularity.  2021 WL 4840786, at *4 (C.D. Cal. Sept. 8, 2021).  Here,

---

[2] Plaintiffs' assertion that the Special Master barred Apple from deposing Plaintiffs' witnesses about the scope of the trade secrets is a red herring.  Plaintiffs ***agreed*** to present FRCP 30(b)(6) witnesses who could speak to topics including ▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *See* Dkt. 1249 at 3.

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
4            CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Apple has not asked any purely legal questions that would require "an inquiry into California case law [and] statutory history."[3]

*Third*, Plaintiffs argue that Apple's concerns about Plaintiffs' improper trial strategy are "untimely" and should have been raised earlier in the litigation. Opp. 6. To be clear, Apple has long maintained that Plaintiffs' alleged trade secrets are vague and overbroad, and are not identified "with reasonable particularity." *See, e.g.*, Dkt. 1101 at 14-21 (summary judgment motion). The issue here is different—Apple is merely asking this Court to confine Plaintiffs' trial presentation to the alleged trade secrets that *they drafted* and that *they included* in the notebooks provided to the jury. Plaintiffs should not be permitted to amend their alleged trade secrets through fact witness testimony *at trial* now that their overbreadth is proving to be a liability on the not-generally-known requirement and in other ways. *See, e.g.*, Supp. Br. 12-13 (███████████████████████████████████████████████████)

*Fourth*, Plaintiffs contend that Apple's supplemental brief is untimely. Opp. 1. But as Apple's counsel has flagged, the flaws in Plaintiffs case have grown with every passing day, meaning that Apple has had to examine each day's transcript to provide a fulsome explanation for its position. In particular, the testimony provided by Mr. Diab and Mr. Poeze raised numerous concerns. *See, e.g.*, Supp. Trial Mem. 8-9. Apple did not receive even the rough transcript of Friday's testimony until 9:37 am on Saturday. Apple's trial team then worked as quickly as possible to review that transcript and revise the brief accordingly. Had Plaintiffs requested additional time to file their responsive brief, Apple would have quickly agreed to a stipulation. Having failed to avail

---

[3] Plaintiffs' suggestion that their experts can testify about what the law requires when their fact witnesses cannot is a non-sequitur. Opp. 2. But Plaintiffs' witnesses are experts in certain subfields of science and marketing—they are not experts in trade secret law. In any event, Mr. Kiani, Mr. Diab, and Mr. Poeze did not defer to "experts." They deferred to *lawyers* and, more specifically, Plaintiffs' outside counsel.

themselves of this option, Plaintiffs should not be permitted to complain—much less circumvent Apple's merits arguments entirely.

*Finally*, Plaintiffs try to minimize the many issues with Plaintiffs' case by describing them as concerning "the credibility of Masimo's fact witnesses," Opp. 12-13, but that ignores the prejudicial effect of their legally erroneous trial presentation. By having each of their technical witnesses essentially cast aside the list of alleged trade secrets that Plaintiffs drafted (either by suggesting that the "actual" secrets are broader or that no one other than a lawyer can truly understand the alleged trade secrets' scope), Plaintiffs are encouraging the jurors to do the same. If the jury accepted Plaintiffs' invitation and rendered a verdict based on an impression about Plaintiffs' amorphous and technical "confidential information," that verdict would be legally unsound and fundamentally unfair.

### B.   Plaintiffs' Sword/Shield Tactics Have Undermined The Court's Motions *In Limine* Order

Although Plaintiffs asked this Court for and received an order barring either side from referring to Plaintiffs' counsel's involvement in drafting the purported trade secrets, they have now opened the door to allowing Apple to expressly address the role of Plaintiffs' counsel in this case. *See* Supp. Trial Mem. 9-10; *see also* Dkt. 1542 at 4-5 (original brief). Plaintiffs' arguments in response are unavailing.[4]

*First*, Plaintiffs appear to argue that this Court's MIL order only prohibited "[*p*]*rotracted* evidence and argument" about Plaintiffs' attorneys' involvement in this case. Opp. 7 (emphasis added). But this is simply a passing statement from this Court's ruling, not a holding. In reality, Plaintiffs sought to exclude all "evidence or argument

---

[4] Plaintiffs' suggestion (Opp. 1) that they could not prepare a response to this argument (or Apple's attorney-client waiver argument) is highly misleading. Apple's privilege waiver and motion *in limine*-related arguments are not substantively different from the arguments advanced in their initial trial brief, which was filed early Thursday morning. *Compare* Dkt. 1542 at 1-5 *with* Supp. Trial Mem. at 9-10, 17-21.

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS'
DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
6             CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

about their attorneys' involvement in this case." Dkt. 1469 at 8. The Court granted that request. *Id.* at 10.

*Second*, Plaintiffs suggest that their lead counsel's statement during opening "essentially tracks the parties' proposed jury instructions." Opp. 7-8. Apple has already explained why this is incorrect. Supp. Trial Mem. 10 n.3. Plaintiffs have no answer.

*Third*, Plaintiffs once again fall back on their strategy of pointing the finger at Apple, suggesting that a one-time "lost-and-found analogy" made by Apple's counsel during Mr. Kiani's cross-examination *also* violated the MIL Order. Opp. 8-12. But Plaintiffs fundamentally misunderstand the purpose of that analogy. The point was not that Plaintiffs copied internal Apple documents obtained in discovery, as Plaintiffs wrongly suggest. Opp. 8. Rather, the issue is that ▓ is a near-verbatim match to the language in the ▓ patent, and the patent was published before the alleged trade secret was ever written down in any form. *See* Apr. 5, 2023 PM Tr. 104-106. Apple developed this theme further in the sealed session, to the point where Mr. Kiani acknowledged ▓ Apr. 6, 2023 AM Tr. 69.

Plaintiffs did not contemporaneously object to Apple's questions about ▓ and the ▓ patent, and for good reason. None of Apple's questions to Mr. Kiani called for testimony about Plaintiffs' counsel; Mr. Kiani volunteered that information himself. Plaintiffs' related complaint (Opp. 10-11) that the ▓ line of questioning posed to both Mr. Kiani and Mr. Diab necessarily implicated their attorneys because it alluded to Plaintiffs copying the ▓ patent when drafting the purported ▓ secret is a red herring. Neither the section 2019.210 process in general nor the procedures employed here *required* that the alleged trade secrets be drafted by attorneys. While lawyers may generally be involved in drafting a trade secret plaintiff's section 2019.210 filings, the alleged trade secrets presumably spring from work that was already done by the plaintiff

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
7                                                      CASE NO. 8:20-cv-00048-JVS (JDEx)

1  or its employees.  A lawyer did not create the formula for Coca-Cola or come up with
2  the eleven herbs and spices in the KFC recipe.

3  Because Apple did not violate the MIL Order, Plaintiffs' suggestion (Opp. 19)
4  that they are entitled to a curative instruction on the basis of the lost-and-found analogy
5  and or the examinations of Mr. Kiani and Mr. Diab is unfounded (even putting aside the
6  fact that Plaintiffs were required to file their own motion in order to receive relief).
7  While the jury may draw an inference unfavorable to Plaintiffs' case, that inference
8  would not be unfair, so no curative instruction is appropriate.  The proper way for
9  Plaintiffs to respond to Apple's chronological point would have been for Mr. Diab to
10 testify to facts concerning Plaintiffs' purported development or lawful possession of ▮
11 ▮ *before* the ▮ patent was published.  However, as both Mr. Diab and Plaintiffs'
12 opposition appear to concede, Mr. Diab provided no testimony that was connected to
13 *any* of Plaintiffs' alleged trade secrets.

14 Even if some kind of curative instruction were warranted (and it is not), Plaintiffs'
15 proposed instruction is factually inaccurate:  Plaintiffs did not "provide Apple with a
16 written description of the asserted trade secrets before Apple was required to provide
17 any information to Masimo in this lawsuit."  Opp. 19.  To take just one example,
18 Plaintiffs proposed adding L5 on April 11, 2022, two years after the complaint.  Dkt.
19 647-2 at 29.  Indeed, when the Court granted Plaintiffs' request on April 28, 2022, it
20 noted that Plaintiffs' excuse for the late addition was that they relied on Apple
21 documents that they had "recently" obtained in discovery.  See Dkt. 669 at 6-7; *see also*
22 *id.* at 5-6 (permitting Plaintiffs to revise the scope of B1); Dkt. 895 (order resolving
23 dispute over the scope of B1).

24 **II.    PLAINTIFFS' ARGUMENT AND TESTIMONY WAIVED PRIVILEGE**

25 Plaintiffs' witnesses have testified about privileged communications with counsel
26 about *inter alia* their discovery of the alleged misappropriation, even after Plaintiffs'

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS'
DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
8     CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

counsel continued to interpose privilege objections when Apple raises questions on these same topics. *See* Supp. Trial Mem. 17-21; Dkt. 1542 at 1-4.

Plaintiffs do not appear to dispute that: (1) Apple laid out the correct legal framework for assessing whether Plaintiffs' selective disclosures constitute subject-matter waiver,[5] (2) it is *Plaintiffs' burden* as the party invoking privilege to prove that there has not been waiver, (3) should the Court find subject-matter waiver, Plaintiffs must immediately disclose other privileged documents concerning the same subject matter in time for Apple to effectively conduct supplemental cross-examination on the issues, or (4) that if they fail to timely produce such documents, it would be appropriate for the Court to instruct the jury to disregard any of Plaintiffs' evidence or argument—including Mr. Kiani's testimony—about the issues within the scope of any subject-matter waiver. The three chief arguments Plaintiffs do raise lack merit.

*First*, Plaintiffs suggest that their lead counsel did not intend to elicit testimony from Mr. Kiani about the advice of counsel. Opp. 13. Even if that were so, however, Plaintiffs' counsel made no attempt to stop Mr. Kiani from testifying and in fact brought further attention to the issue in a follow-up question that emphasized that Mr. Kiani's communication had been with a member of the trial team (Mr. Stephen Jensen). *See* Supp. Trial Mem. 5. In any event, neither counsel's nor Mr. Kiani's intent is necessary for waiver. *Id.* 24.

*Second*, Plaintiffs are wrong that Mr. Kiani's statements did not provide any new information that Plaintiffs' prior interrogatory responses had not already disclosed. *See* Opp. 13-14. Mr. Kiani went beyond Plaintiffs' discovery responses by disclosing that *he* directed counsel to investigate whether Plaintiffs had a misappropriation claim after supposedly first learning about certain Apple patents and (implicitly) that his attorney

---

[5] Plaintiffs identify no substantive difference between the standard they quote (Opp. 16) from *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6138160, at *3 (C.D. Cal. Jan. 24, 2018), and Fed. R. Evid. 502(a), upon which Apple's briefing relies, *see* Supp. Br. 17-18.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
9    CASE NO. 8:20-cv-00048-JVS (JDEx)

*agreed* Plaintiffs did have a claim. *See* Opp. 13. Plaintiffs' lone authority for their position—*Chicago Bd. Options Exchange, Inc. v. Int'l Sec. Exchange LLC*, 2008 WL 3285751 (N.D. Ill. Aug. 8, 2008)—is factually inapposite. There, the court declined to find waiver from a disclosure during document collection in a patent suit where one of the responsive documents located was an infringement analysis. *Id*. at *3. Here, in contrast, Mr. Kiani specifically disclosed what he asked Mr. Jensen to investigate and that Mr. Jensen's advice made Mr. Kiani aware (supposedly for the first time) of Apple's alleged misappropriation.

*Third*, Plaintiffs are wrong when they argue that the information Apple seeks is not important to Apple's potentially dispositive statute of limitations defense. *See* Opp. 16-17. The communications that Mr. Kiani and outside counsel had about Apple both before and after the October 2019 meeting may be critical to determining when Plaintiffs discovered or reasonably should have discovered the alleged misappropriation, especially because Plaintiffs have been inconsistent on when they learned of the disputed Apple patents. For instance, a communication after October 2019 referring to a prior investigation or suspicion of Apple would undermine Mr. Kiani's testimony to have first suspected misappropriation in October 2019 (e.g., an email that says "As we have been discussing since January 2016, I think we should file suit against Apple."). At a minimum, such communications could provide further clarity into Plaintiffs' seemingly contradictory statement in their relevant interrogatory response ███████████

███████████

███ Supp. Trial Mem. 18.

## CONCLUSION

Given the manifest prejudice from Plaintiffs' trial conduct detailed above, Apple respectfully requests the remedies set out above—and any other appropriate relief fashioned by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS

10    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | |
|---|---|
| Dated: April 10, 2023 | Respectfully submitted, |

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
11    CASE NO. 8:20-cv-00048-JVS (JDEx)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 10 pages, which:

___ complies with the word limit of L.R. 11-6.1.

_X_ complies with the page limit set by court order dated Apr. 10, 2023.

Dated: April 10, 2023          Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL TRIAL MEMORANDUM REGARDING PLAINTIFFS' DISCLOSURES OF THEIR ATTORNEY-CLIENT COMMUNICATIONS
12          CASE NO. 8:20-cv-00048-JVS (JDEx)