Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **MASIMO'S UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE** <br><br> Hon. James V. Selna |

### REDACTED VERSION OF DOCUMENT
### PROPOSED TO BE FILED UNDER SEAL

On April 10, 2023, the Court instructed Masimo to identify its unjust enrichment calculation for Apple Watch Series 1-5 and SE. Apple does not dispute that Masimo disclosed and will present its unjust enrichment calculation regarding Apple Watch Series 6-7. Therefore, Masimo addresses Apple Watch Series 1-5 and SE only.

## I.  LEGAL STANDARD FOR UNJUST ENRICHMENT IN TRADE SECRET CASES

To prove Apple's unjust enrichment, Masimo, as the plaintiff, bears the burden to establish *only* the revenue Apple received from selling products that benefitted from misappropriation. Apple, as the defendant, then has the burden to establish deductible costs and any portion of its remaining profit not attributable to its misappropriation. *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 331 F. Supp. 3d 977, 990 (N.D. Cal. 2018) (applying burden-shifting framework discussed in Restatement (Third) of Unfair Competition § 45 cmt. f (1995)), *vacated and remanded on other grounds*, 11 F.4th 1010 (9th Cir. 2021); *see also*, *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 467-68 (D. Mass. 2017) (applying Restatement's burden-shifting framework for unjust enrichment); *Stenograph L.L.C. v. Bossard Assocs., Inc.*, 144 F.3d 96, 103 (D.C. Cir. 1998) (unjust enrichment "determined through a burden shifting process largely identical to the one it had set forth for the copyright infringement claim"). In *Bladeroom*, the court explained the reason for the framework: the defendant "is in the better position to show any portion of the sale not attributable to the trade secret, which observation conforms to the purpose of the burden shifting occurring when unjust enrichment damages are at issue." *Id*.

Consistent with this framework, Masimo proposed that the Court instruct the jury as follows:

> In order to prove the amount by which Apple was unjustly enriched, Masimo and Cercacor have the burden to prove the amount of revenue Apple received from selling products that benefitted from Apple's misappropriation. Once Masimo and Cercacor satisfy that burden, Apple then has the burden of establishing any portion of its revenue not

1    attributable to its misappropriation.

2    Dkt. 1548 at 239 (Proposed Instruction 39A).  Apple *agreed* that the framework applies.

3    *Id*. at 242.  However, Apple argued that the jury need not be instructed on the parties'

4    burdens because "[t]he parties' respective burdens are implicit and unnecessary to

5    mention because only Apple is likely to present evidence on offsetting expenses, since

6    Plaintiffs have no incentive to do so."  *Id*.

7    ## II.  MASIMO'S DISCLOSURE OF UNJUST ENRICHMENT CALCULATIONS

8    ## FOR SERIES 1-5 AND SE

9    Masimo's expert, Jeffrey Kinrich, followed this burden-shifting framework for

10   Apple's unjust enrichment:

11       146. An alternative measure of Apple's unjust enrichment is the

12       incremental profits Apple has enjoyed from the sale of Watches that

13       incorporate Masimo Trade Secrets. As discussed in **Section III.B**, I

14       understand *every Apple Watch except Series 0* used Masimo's trade

15       secrets. Apple's total standard profit for all Apple Watch Sales from 2015

16       through the third quarter of Apple's 2022 fiscal year ██████████████

17       ████████████████████████████ *See* **Exhibit 8.A-B**. To the extent Apple

18       seeks to satisfy its burden to show that the portion of its profit attributable

19       to factors other than the trade secrets, I expect to respond to that analysis.

20   Ex. 1 (Kinrich Rpt.) ¶146 (emphasis added).

21       Kinrich's Exhibit 8 provided more granular revenue and profit data by Series of

22   Apple Watch.  The schedule discloses the following numbers:

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

| Watch Series | ████████████ | ████████████ |
|---|---|---|
| Series 1 | ███ | ███ |
| Series 2 | ███ | ███ |
| Series 3 | ███ | ███ |
| Series 4 | ███ | ███ |
| Series 5 | ███ | ███ |
| SE | ███ | ███ |

*Id.* at Exhibit 8.B.

After Kinrich disclosed the simple burden-shifting framework in Paragraph 146, he explained that "I *also* calculate Apple's gross profit on its sale of the Series 6 and Series 7 watches relative to its gross profit from the sale of the SE, to show Apple's gross profit attributable to the trade secrets Apple misappropriated from Masimo." *Id.* ¶147 (emphasis added). Because Apple was selling the Series 6 and 7 watches (with ECG and blood oxygen applications) while also selling the Series SE watch (which lacked those applications), these sales provided data that Kinrich called "standard of comparison." *Id.* ¶165.

Kinrich then explained how he calculated Apple's profits attributable to the ECG and blood-oxygen applications in the Series 6-7 watches. *Id.* ¶¶148-164. He performed that *further* calculation by, *inter alia*, comparing Apple's profit on the Series 6 and 7 watches with Apple's profits on the Series SE watch. *Id.*

At the end of the Court day on April 10, Apple pointed to Paragraph 165 in Kinrich's report, which came at the end of Kinrich's unjust enrichment discussion about the *Series 6-7* watches. In that paragraph, Kinrich explained:

As is apparent from the discussion above, Apple's unjust enrichment is computed for the Series 6 and 7 products only. Because I do not have a standard of comparison, I do not compute unjust enrichment *based on an incremental profit analysis* for Apple's use of the trade secrets in the other

Apple watch models.

*Id*. ¶165 (emphasis added).

In that paragraph, neither Kinrich nor Masimo disclaimed the calculation Kinrich had already disclosed in Paragraph 146 regarding Apple's unjust enrichment by proving merely Apple's profit. Instead, Kinrich had just finished explaining how he was able to ***additionally*** calculate Apple's profits specifically attributable to the ECG and blood-oxygen applications in the Series 6-7 watches. In Paragraph 165, he was explaining merely that the analysis on the Series 6-7 watches did not apply to Series 1-5 and SE watches because he did not have a standard of comparison for Series 1-5 and SE watches.

Thus, for the Series 1-5 and SE watches, Kinrich determined Apple's overall profit on the watches. *Id*. ¶145 (citing Exhibit 8.B). He presumed Apple would respond by proving "the portion of its profit attributable to factors other than the trade secrets." *Id*. ¶146. Although not legally required, Kinrich performed a more detailed analysis on the Series 6-7 watches to prove Apple's incremental profits due to the misappropriation without relying solely on the burden-shifting framework discussed above. In Paragraph 165, Kinrich explained that the more detailed analysis applied to Series 6-7 only.

## III.  SUPPORTING WITNESSES

As explained above, Kinrich has reviewed Apple's financial data and can testify to Apple's unjust enrichment based on Apple's revenue and profits on its Series 1-5 and SE watches.

Separately, Masimo designated deposition testimony of Michael Jaynes, Apple's Senior Finance Manager. Masimo designated Jaynes's testimony to introduce Apple's financial data that discloses Apple's revenue and profit numbers (JTX 278 and 1413).[1]

---

[1] JTX 278 covers Apple's data through Q2 2022. After the Jaynes deposition, Apple updated its data through Q3 2022. Masimo has marked the supplemental data as JTX 1413. Masimo believes that the Court should admit JTX 1413 upon Masimo introducing the Jaynes testimony discussing JTX 278. Apple has yet to agree.

1

2                                        Respectfully submitted,

3                                        KNOBBE, MARTENS, OLSON & BEAR, LLP

4
      Dated: April 11, 2023              By: /s/ Brian C. Horne
5                                              Joseph R. Re
6                                              Stephen C. Jensen
                                               Sheila N. Swaroop
7                                              Brian C. Horne
                                               Irfan A. Lateef
8                                              Benjamin A. Katzenellenbogen
                                               Brian C. Claassen
9                                              Mark D. Kachner
                                               Adam B. Powell
10                                             Kendall M. Loebbaka
                                               Daniel P. Hughes
11
12                                             Attorneys for Plaintiffs
13                                             MASIMO CORPORATION and
                                               CERCACOR LABORATORIES, INC.
14

15

16    57304974

17

18

19

20

21

22

23

24

25

26

27

28