1  MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
     thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
      amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
      HALE AND DORR LLP
12  2100 Pennsylvania Ave NW
    Washington, DC 20037
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16              **UNITED STATES DISTRICT COURT**
17     **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

18  MASIMO CORPORATION,              CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
19  CERCACOR LABORATORIES, INC.,     **APPLE'S RESPONSE TO**
    a Delaware corporation,          **PLAINTIFFS' PURPORTED UNJUST**
20                                   **ENRICHMENT CALCULATION FOR**
                                     **APPLE WATCH SERIES 1-5 AND SE**
                    Plaintiffs,
21
22          v.

23  APPLE INC.,
    a California corporation,
24
                    Defendant.
25

26

27       REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

JOSEPH J. MUELLER, *pro hac vice*
    joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
    sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
    nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
    brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
    ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE
WATCH SERIES 1-5 AND SE

CASE NO. 8:20-cv-00048-JVS (JDEx)

1    Yesterday, Plaintiffs asserted for the first time that they intend to ask the jury for

2    over ███████ in unjust enrichment damages—*in addition to* the $3.1 billion actually

3    disclosed by their expert Jeffrey Kinrich.  Plaintiffs do not identify anywhere in the

4    record where they disclosed either this staggeringly large damages calculation or the

5    theory they now contend is behind it.  And even if they had, neither the law nor

6    common sense permits Plaintiffs to claim *all* of Apple's gross profits on Apple Watch.

7    Rather, Plaintiffs may seek only the "benefit" Apple received from incorporating

8    Plaintiffs' alleged trade secrets into the multi-featured product.  *See, e.g.*, *Unilogic,*

9    *Inc. v. Borroughs Corp.*, 10 Cal. App. 4th 612, 627-628 (1992).

10    Ultimately, Plaintiffs' last-second request is nothing more than their latest

11    attempt to smuggle in a new damages theory where their others have failed.  *See, e.g.*,

12    Dkt. 1283 at 8 (excluding Mr. Kinrich's "Lost Profits" and "Cost Savings" opinions;

13    *id.* at 10 (excluding Mr. Kinrich's supplemental report on lost profits); Dkt. 1516 at 6

14    (barring Plaintiffs from presenting a lost profits case).  Plaintiffs' request to more than

15    ███████ the amount of damages they can seek should be denied.

16    **A.    Plaintiffs' Latest Unjust Enrichment Calculation Was Not Disclosed.**

17    Plaintiffs' contention that a *single* paragraph in Mr. Kinrich's report sufficiently

18    disclosed a ███████ damages calculation not only strains credulity but is blatantly

19    contradicted by the record, including that report itself.  Mr. Kinrich's report disclosed

20    two—and *only two*—theories of unjust enrichment: (1) his now-stricken cost saving

21    calculation, and (2) his profit differential calculation.  Mr. Kinrich's report, his

22    deposition, and Plaintiffs' representations to the Court confirm this indisputable fact.

23    *First*, Mr. Kinrich's report is unambiguous.  Mr. Kinrich's "Summary of

24    Opinions" identifies only *two* theories for unjust enrichment damages.  The first—the

25    "cost savings" approach—has already been excluded by this Court.  Dkt. 1283 at 8.

26    Under the second—the "incremental gross profits" approach—Mr. Kinrich opined that

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

Plaintiffs are entitled to gross profits he attributes to two features in the Apple Watch Series 6 and Series 7, totaling $3.1 billion worldwide:



Ex. A [Kinrich Rpt.] ¶ 8.[1]  When introducing his more detailed opinions on unjust enrichment, Mr. Kinrich again emphasized that he was addressing just "two metrics" and that the "incremental profits" analysis was limited to the profits ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Id. ¶ 142.  Finally, after discussing the incremental profits approach, Mr. Kinrich emphasized that his calculation was ▮▮▮▮▮▮▮▮▮▮▮▮▮ and does not include "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮":



Id. ¶ 165.

_____

[1] All emphases added unless otherwise noted.

Wilmer Cutler
Pickering Hale
and Dorr LLP

**Second**, Mr. Kinrich confirmed these two basic points—that he identified only two damages theories, and the incremental profits calculation was limited to profits he calculated related to specific features in Apple Watch Series 6 and 7 (and $3.1 billion)—at his deposition.  For example, he testified:

Ex. B [Kinrich Tr.] at 40:15-19.  During his deposition, moreover, Mr. Kinrich agreed that a summary chart compiled by Apple that listed all fourteen of his lost profits and unjust enrichment calculations contained (1) **all** his damages calculations and (2) accurately reflected the "range" of damages:

*Id.* at 61:9-14.

*See id.* at 39:3-61:21; *see also* Ex. C [Summary Chart of Kinrich's Calculations].  The summary chart did not list, nor did Mr. Kinrich identify, any theory that Plaintiffs were entitled to all profits from Apple Watch Series 1-5 and SE as they now claim.  Ex. C.

**Third**, Plaintiffs themselves represented to the Court in response to Apple's *Daubert* motion that Mr. Kinrich's unjust enrichment consisted of only two specific unjust theories laid out in his report, stating that: Kinrich "quantified unjust enrichment due to [Apple's] misappropriation, using **two** separate measures" and, more specifically, that "Kinrich calculated Apple's profit from

1 ████████████████████████████████████

2 ████████████████████████████████████████

3 ███████.” *See* Dkt. 1186 at 7.

4        As a result of these statements, Apple took Plaintiffs and Mr. Kinrich at their

5 word that they were seeking $3.1 billion based on the specific incremental profits

6 theory identified in Mr. Kinrich's report.  Indeed, Apple highlighted the $3.1 billion

7 number to the jury in its opening statement.  Plaintiffs neither objected nor suggested

8 that Apple's statement of Plaintiffs' overall damages number was incorrect.  The fifth

9 day of trial is far too late to identify a new damages theory under any standard, much

10 less one that increases the amount of damages sought by over ████████ dollars.

11       Speaking in front of this Court yesterday, Plaintiffs represented that they

12 disclosed their new damages number in a range of sources, including a "supplemental

13 interrogatory response."[2]  *See* 4/10/23 PM Tr. at 152.  But in their filing, they identify

14 only a single paragraph (Paragraph 146) in Mr. Kinrich's 246 paragraph report as the

15 support.  *See* Dkt. 1570-1.  Paragraph 146 does not disclose a separate theory of unjust

16 enrichment, or the calculation Plaintiffs now seek to introduce.  Paragraph 146 appears

17 under the heading "Apple's ***Incremental*** Gross Profits," and it merely recites Apple's

18 total profits for ***all*** Apple Watch sales beginning with Series 0—i.e., not the universe

19 Plaintiffs now seek to collect for.  And even Paragraph 146 demonstrates Mr. Kinrich's

20 understanding that unjust enrichment is not calculated based on raw profits for a

21 product standing alone but rather based on "the portion of … profit attributable to …

22 the trade secrets."  *See* Ex. A ¶ 146.  Further, as described above, the conclusion of the

23 "Apple Incremental Profits" section in Mr. Kinrich's report unambiguously states he

24

25 _____

26 [2] Plaintiffs raised (Dkt. 1544 at 1), and this Court rejected (Dkt. 1516 at 3), Plaintiffs
27 nonspecific identification of Apple Watch sales data in their damages contention
   interrogatory responses.

28

1  "*d[id] not* ████████████████████████████████████████

2  ████████████████████████████████████████" *See id.* ¶ 165.

### B. Plaintiffs Misstate The Law On Unjust Enrichment.

Plaintiffs' suggestion that they are entitled to the total profits for any product that uses their purported trade secrets in any way—no matter how minor—is unfounded.  Rather, "unjust enrichment is typically measured by the defendant's profits *flowing from the misappropriation*."  *Ajaxo Inc. v. E*Trade Financial Corp.*, 187 Cal. App. 4th 1295, 1305 (2010) (emphasis added); *accord Unilogic*, 10 Cal. App. 4th at 628 (similar); *see also* Cal. Civ. Jury Instr. 4410 ("To decide the amount of any unjust enrichment, first determine the value of [defendant's] benefit that would not have been achieved except for [its] misappropriation.").  Even if the benefit from the purported misappropriation cannot be "precisely measured, … there must be some reasonable basis for the computation." *Ajaxo Inc.*, 187 Cal. App. 4th at 1305.  Apple's proposed jury instruction reflects this case law.  *See* Dkt. 1500-1 at 242 ("To determine the amount of any unjust enrichment, you should first determine the value of the benefit that would not have been achieved except for [Apple's] alleged misappropriation.").[3]

The lone California decision Plaintiffs cite in support of their contrary approach is a district court decision that the Ninth Circuit subsequently vacated.  *See generally BladeRoom Group Limited v. Emerson Electric Co.*, 20 F.4th 1231 (9th Cir. 2021).  Judge Rawlinson's concurrence expressly rejected the district court's unjust enrichment analysis, explaining that it was plaintiff's "burden to prove the amount of damages" and "[i]t is not sufficient for [plaintiffs'] damages expert to attribute the

---

[3] Plaintiffs thus mislead when they assert (at 1-2) that Apple "***agreed***" that they are entitled to all profits from any product that incorporates the proposed trade secrets in any way.  The passage that Plaintiffs quote refers to a separate issue—whether Apple has the burden to come forward with its costs that should be subtracted from the profits flowing from the misappropriation.  *See* Dkt. 1500-1 at 244.

1  entire value of the sale of [defendant's business] division to the misappropriation of

2  [the plaintiff's] trade secret despite admitting that the … division had … value that did

3  not involve use of the misappropriated secret." *Id.* at 1250 (Rawlinson, J., concurring)

4  (collecting cases).

5      The remaining two cases Plaintiffs rely upon are even less persuasive.  One

6  interpreted *Massachusetts* law, which at the time followed its own idiosyncratic

7  common law system rather than the USTA.  *See Iconics, Inc. v. Massaro*, 266 F. Supp.

8  3d 461, 467-468 (D. Mass. 2017); *see also* Mertinelt & Perrelli, *The Massachusetts*

9  *Trade Secrets Act, Four Years On*, 66 Boston Bar Assoc. Vol. 4 (Nov. 7, 2022)

10  (MUTSA went into effect on October 1, 2018).  The other took no position on

11  Plaintiffs' preferred rule (because it was not challenged on appeal) and in fact found

12  the jury's ultimate damages verdict "perplex[ing]."  *Stenograph L.L.C. v. Bossard*

13  *Assocs., Inc.*, 144 F.3d 96, 103 (D.C. Cir. 1998).

## CONCLUSION

15      For the foregoing, Apple respectfully requests this Court prohibit Plaintiffs from

16  presenting ***any*** damages calculation or theory other than Mr. Kinrich's incremental

17  gross profit calculation for Apple Watch Series 6 and 7 as disclosed in his report.[4]

---

[4] All Apple financial data, including JTX 278 and 1413, should be limited to sales for Series 5 (related to Apple expert's rebuttal), SE (the "comparator" Mr. Kinrich relies on) and Series 6 and 7, as those are the only models relevant to Mr. Kinrich's theory. Introduction of sales data for other Apple Watch models is not relevant to the disclosed theories would be confusing and prejudicial as it could only serve to skew the damages horizon in violation of the Court's Order granting Apple's Motion *In Limine* No. 2.

Dated:  April 11, 2023                    Respectfully submitted,


                                          JOSEPH J. MUELLER
                                          MARK D. SELWYN
                                          AMY K. WIGMORE
                                          JOSHUA H. LERNER
                                          SARAH R. FRAZIER
                                          NORA Q.E. PASSAMANECK
                                          THOMAS G. SPRANKLING
                                          WILMER CUTLER PICKERING HALE AND
                                          DORR LLP

                                          BRIAN A. ROSENTHAL
                                          GIBSON, DUNN & CRUTCHER LLP

                                          KENNETH G. PARKER
                                          HAYNES AND BOONE, LLP



                                          By:  /s/ *Mark D. Selwyn*
                                               Mark D. Selwyn


                                          *Attorneys for Defendant Apple Inc.*

1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1974 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1

___ complies with the word limit set by court order dated [date].


Dated:  April 11, 2023                     Respectfully submitted,


                                           MARK D. SELWYN
                                           AMY K. WIGMORE
                                           JOSHUA H. LERNER
                                           SARAH R. FRAZIER
                                           NORA Q.E. PASSAMANECK
                                           THOMAS G. SPRANKLING
                                           WILMER CUTLER PICKERING HALE AND
                                           DORR LLP

                                           BRIAN A. ROSENTHAL
                                           GIBSON, DUNN & CRUTCHER LLP

                                           KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP


                                           By:  /s/ *Mark D. Selwyn*
                                                  Mark D. Selwyn


                                           *Attorneys for Defendant Apple Inc.*