MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE** |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE

CASE NO. 8:20-cv-00048-JVS (JDEx)

1    Yesterday, Plaintiffs asserted for the first time that they intend to ask the jury for
2    over ▮▮▮▮▮ in unjust enrichment damages—*in addition to* the $3.1 billion actually
3    disclosed by their expert Jeffrey Kinrich.  Plaintiffs do not identify anywhere in the
4    record where they disclosed either this staggeringly large damages calculation or the
5    theory they now contend is behind it.  And even if they had, neither the law nor
6    common sense permits Plaintiffs to claim *all* of Apple's gross profits on Apple Watch.
7    Rather, Plaintiffs may seek only the "benefit" Apple received from incorporating
8    Plaintiffs' alleged trade secrets into the multi-featured product.  *See, e.g.*, *Unilogic,*
9    *Inc. v. Borroughs Corp.*, 10 Cal. App. 4th 612, 627-628 (1992).

10   Ultimately, Plaintiffs' last-second request is nothing more than their latest
11   attempt to smuggle in a new damages theory where their others have failed.  *See, e.g.*,
12   Dkt. 1283 at 8 (excluding Mr. Kinrich's "Lost Profits" and "Cost Savings" opinions);
13   *id.* at 10 (excluding Mr. Kinrich's supplemental report on lost profits); Dkt. 1516 at 6
14   (barring Plaintiffs from presenting a lost profits case).  Plaintiffs' request to more than
15   ▮▮▮▮▮ the amount of damages they can seek should be denied.

16   **A.    Plaintiffs' Latest Unjust Enrichment Calculation Was Not Disclosed.**

17   Plaintiffs' contention that a *single* paragraph in Mr. Kinrich's report sufficiently
18   disclosed a ▮▮▮▮▮ damages calculation not only strains credulity but is blatantly
19   contradicted by the record, including that report itself.  Mr. Kinrich's report disclosed
20   two—and *only two*—theories of unjust enrichment: (1) his now-stricken cost saving
21   calculation, and (2) his profit differential calculation.  Mr. Kinrich's report, his
22   deposition, and Plaintiffs' representations to the Court confirm this indisputable fact.

23   *First*, Mr. Kinrich's report is unambiguous.  Mr. Kinrich's "Summary of
24   Opinions" identifies only *two* theories for unjust enrichment damages.  The first—the
25   "cost savings" approach—has already been excluded by this Court.  Dkt. 1283 at 8.
26   Under the second—the "incremental gross profits" approach—Mr. Kinrich opined that

---

APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE

1    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

Plaintiffs are entitled to gross profits he attributes to two features in the Apple Watch Series 6 and Series 7, totaling $3.1 billion worldwide:



Ex. A [Kinrich Rpt.] ¶ 8.[1]  When introducing his more detailed opinions on unjust enrichment, Mr. Kinrich again emphasized that he was addressing just "two metrics" and that the "incremental profits" analysis was limited to the profits



*Id.* ¶ 142.  Finally, after discussing the incremental profits approach, Mr. Kinrich emphasized that his calculation was ███████████████████ and does not include "███████████████████":



*Id.* ¶ 165.

---

[1] All emphases added unless otherwise noted.

***Second***, Mr. Kinrich confirmed these two basic points—that he identified only two damages theories, and the incremental profits calculation was limited to profits he calculated related to specific features in Apple Watch Series 6 and 7 (and $3.1 billion)—at his deposition. For example, he testified:

Ex. B [Kinrich Tr.] at 40:15-19. During his deposition, moreover, Mr. Kinrich agreed that a summary chart compiled by Apple that listed all fourteen of his lost profits and unjust enrichment calculations contained (1) ***all*** his damages calculations and (2) accurately reflected the "range" of damages:

*Id.* at 61:9-14.

*See id.* at 39:3-61:21; *see also* Ex. C [Summary Chart of Kinrich's Calculations]. The summary chart did not list, nor did Mr. Kinrich identify, any theory that Plaintiffs were entitled to all profits from Apple Watch Series 1-5 and SE as they now claim. Ex. C.

***Third***, Plaintiffs themselves represented to the Court in response to Apple's *Daubert* motion that Mr. Kinrich's unjust enrichment consisted of only two specific unjust theories laid out in his report, stating that: Kinrich "quantified unjust enrichment due to [Apple's] misappropriation, using ***two*** separate measures" and, more specifically, that "Kinrich calculated Apple's profit from 

▮▮▮

▮▮▮

▮▮." *See* Dkt. 1186 at 7.

As a result of these statements, Apple took Plaintiffs and Mr. Kinrich at their word that they were seeking $3.1 billion based on the specific incremental profits theory identified in Mr. Kinrich's report.  Indeed, Apple highlighted the $3.1 billion number to the jury in its opening statement.  Plaintiffs neither objected nor suggested that Apple's statement of Plaintiffs' overall damages number was incorrect.  The fifth day of trial is far too late to identify a new damages theory under any standard, much less one that increases the amount of damages sought by over ▮▮▮ dollars.

Speaking in front of this Court yesterday, Plaintiffs represented that they disclosed their new damages number in a range of sources, including a "supplemental interrogatory response."[2]  *See* 4/10/23 PM Tr. at 152.  But in their filing, they identify only a single paragraph (Paragraph 146) in Mr. Kinrich's 246 paragraph report as the support.  *See* Dkt. 1570-1.  Paragraph 146 does not disclose a separate theory of unjust enrichment, or the calculation Plaintiffs now seek to introduce.  Paragraph 146 appears under the heading "Apple's *Incremental* Gross Profits," and it merely recites Apple's total profits for *all* Apple Watch sales beginning with Series 0—i.e., not the universe Plaintiffs now seek to collect for.  And even Paragraph 146 demonstrates Mr. Kinrich's understanding that unjust enrichment is not calculated based on raw profits for a product standing alone but rather based on "the portion of … profit attributable to … the trade secrets."  *See* Ex. A ¶ 146.  Further, as described above, the conclusion of the "Apple Incremental Profits" section in Mr. Kinrich's report unambiguously states he

---

[2] Plaintiffs raised (Dkt. 1544 at 1), and this Court rejected (Dkt. 1516 at 3), Plaintiffs nonspecific identification of Apple Watch sales data in their damages contention interrogatory responses.

APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE
4  CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

"d[id] not ████████████████████████████

████████████████████████████████████████" *See id.* ¶ 165.

### B. Plaintiffs Misstate The Law On Unjust Enrichment.

Plaintiffs' suggestion that they are entitled to the total profits for any product that uses their purported trade secrets in any way—no matter how minor—is unfounded. Rather, "unjust enrichment is typically measured by the defendant's profits *flowing from the misappropriation*." *Ajaxo Inc. v. E*Trade Financial Corp.*, 187 Cal. App. 4th 1295, 1305 (2010) (emphasis added); *accord Unilogic*, 10 Cal. App. 4th at 628 (similar); *see also* Cal. Civ. Jury Instr. 4410 ("To decide the amount of any unjust enrichment, first determine the value of [defendant's] benefit that would not have been achieved except for [its] misappropriation."). Even if the benefit from the purported misappropriation cannot be "precisely measured, … there must be some reasonable basis for the computation." *Ajaxo Inc.*, 187 Cal. App. 4th at 1305. Apple's proposed jury instruction reflects this case law. *See* Dkt. 1500-1 at 242 ("To determine the amount of any unjust enrichment, you should first determine the value of the benefit that would not have been achieved except for [Apple's] alleged misappropriation.").[3]

The lone California decision Plaintiffs cite in support of their contrary approach is a district court decision that the Ninth Circuit subsequently vacated. *See generally BladeRoom Group Limited v. Emerson Electric Co.*, 20 F.4th 1231 (9th Cir. 2021). Judge Rawlinson's concurrence expressly rejected the district court's unjust enrichment analysis, explaining that it was plaintiff's "burden to prove the amount of damages" and "[i]t is not sufficient for [plaintiffs'] damages expert to attribute the

---

[3] Plaintiffs thus mislead when they assert (at 1-2) that Apple "*agreed*" that they are entitled to all profits from any product that incorporates the proposed trade secrets in any way. The passage that Plaintiffs quote refers to a separate issue—whether Apple has the burden to come forward with its costs that should be subtracted from the profits flowing from the misappropriation. *See* Dkt. 1500-1 at 244.

entire value of the sale of [defendant's business] division to the misappropriation of [the plaintiff's] trade secret despite admitting that the … division had … value that did not involve use of the misappropriated secret." *Id.* at 1250 (Rawlinson, J., concurring) (collecting cases).

The remaining two cases Plaintiffs rely upon are even less persuasive. One interpreted *Massachusetts* law, which at the time followed its own idiosyncratic common law system rather than the USTA. *See Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 467-468 (D. Mass. 2017); *see also* Mertinelt & Perrelli, *The Massachusetts Trade Secrets Act, Four Years On*, 66 Boston Bar Assoc. Vol. 4 (Nov. 7, 2022) (MUTSA went into effect on October 1, 2018). The other took no position on Plaintiffs' preferred rule (because it was not challenged on appeal) and in fact found the jury's ultimate damages verdict "perplex[ing]." *Stenograph L.L.C. v. Bossard Assocs., Inc.*, 144 F.3d 96, 103 (D.C. Cir. 1998).

## CONCLUSION

For the foregoing, Apple respectfully requests this Court prohibit Plaintiffs from presenting ***any*** damages calculation or theory other than Mr. Kinrich's incremental gross profit calculation for Apple Watch Series 6 and 7 as disclosed in his report.[4]

---

[4] All Apple financial data, including JTX 278 and 1413, should be limited to sales for Series 5 (related to Apple expert's rebuttal), SE (the "comparator" Mr. Kinrich relies on) and Series 6 and 7, as those are the only models relevant to Mr. Kinrich's theory. Introduction of sales data for other Apple Watch models is not relevant to the disclosed theories would be confusing and prejudicial as it could only serve to skew the damages horizon in violation of the Court's Order granting Apple's Motion *In Limine* No. 2.

| | | |
|---|---|---|
| 1 | Dated:  April 11, 2023 | Respectfully submitted, |

JOSEPH J. MUELLER
MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

APPLE'S RESPONSE TO PLAINTIFFS' PURPORTED UNJUST ENRICHMENT CALCULATION FOR APPLE WATCH SERIES 1-5 AND SE
7
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1974 words, which [choose one]:

　X　 complies with the word limit of L.R. 11-6.1

　__　 complies with the word limit set by court order dated [date].

Dated: April 11, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　MARK D. SELWYN
　　　　　　　　　　　　　　　　　AMY K. WIGMORE
　　　　　　　　　　　　　　　　　JOSHUA H. LERNER
　　　　　　　　　　　　　　　　　SARAH R. FRAZIER
　　　　　　　　　　　　　　　　　NORA Q.E. PASSAMANECK
　　　　　　　　　　　　　　　　　THOMAS G. SPRANKLING
　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND DORR LLP

　　　　　　　　　　　　　　　　　BRIAN A. ROSENTHAL
　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP

　　　　　　　　　　　　　　　　　KENNETH G. PARKER
　　　　　　　　　　　　　　　　　HAYNES AND BOONE, LLP


　　　　　　　　　　　　　　　　By: /s/ *Mark D. Selwyn*
　　　　　　　　　　　　　　　　　　　Mark D. Selwyn


　　　　　　　　　　　　　　　　*Attorneys for Defendant Apple Inc.*