# APPENDIX A

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br>Plaintiffs, <br><br>v. <br><br>APPLE INC., a California corporation, <br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br>**APPENDIX A TO APPLE'S SUPPLEMENTAL BRIEF ON JURY INSTRUCTIONS** <br><br>Trial Date: Apr. 4, 2023 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

**APPLE'S PROPOSED INSTRUCTION NO. 18B (<u>REVISED</u>)[1]**

**Second Element—Trade Secret Defined (Offered by Apple)**

The second element of the misappropriation claim is that the information described within an alleged trade secret met the legal definition of a trade secret at the time of the alleged misappropriation.

To prove that an alleged trade secret was a trade secret, Masimo and Cercacor must prove each of the following:

1. <u>That the alleged trade secret is identified with reasonable particularity.</u>
2. That the alleged trade secret was secret.
3. That the alleged trade secret had actual or potential economic value because it was secret.
4. That Masimo and Cercacor made reasonable efforts to maintain the secrecy of the alleged trade secret.

I will now describe each of these requirements in more detail.

---

[1] **Authority:** CACI 4402 (adapted); Instruction No. 27, *Infospan, Inc. v. Emirates NBD Bank PJSC*, No. SACV 11-1062 (C.D. Cal. Aug. 10, 2016) (Selna, J.).

# APPLE'S PROPOSED INSTRUCTION NO. 18.1 (<u>SUPPLEMENTAL</u>)[2]

## Second Element—Reasonable Particularity

An alleged trade secret is identified with "reasonable particularity" when it is defined with sufficient detail to understand the boundaries within which the alleged secret information lies and to distinguish the alleged secret information Masimo and Cercacor claim to own from matters of general knowledge in the trade or of special knowledge of people who are skilled in the trade. Masimo and Cercacor need not have spelled out every detail of the alleged trade secret for it to be identified with reasonable particularity, but an alleged trade secret involving a sophisticated and highly complex system must be identified more concretely than a less technical or complex alleged trade secret. An alleged trade secret is not reasonably particular if it claims broad swaths of solutions to a problem; instead, an alleged trade secret must claim the single, specific solution that Masimo and Cercacor actually adopted.

---

[2] **Authority:** *Advanced Modular Sputtering, Inc. v. Superior Ct.*, 132 Cal. App. 4th 826, 835-836 (2005); *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845-846 (N.D. Cal. 2019) ("The plaintiff need not spell out the details of the alleged trade secrets, but instead provide sufficient identification so that the court and the defendant may ascertain at least the boundaries within which the secret lies."); *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998) ("[B]ecause [the] trade secrets claim involves a sophisticated and highly complex … system, it is unlikely that the district court or any trier of fact would have expertise in discerning exactly which of the … system's many 'dimensions and tolerances' were trade secrets … without some concrete identification of exactly which 'dimensions and tolerances' [were] alleged[ly misappropriated]."); *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 45 (2014) ("Altavion failed to comply with its statutory obligation to adequately identify its trade secrets either before or *during trial*." (emphasis added)); Jury Instructions, *Wyndham Vacation Resorts, Inc. v. Timeshare Advocacy Int'l, LLC*, 2012 WL 4051027 (M.D. Tenn. Jul. 19, 2012) ("Plaintiff's proof must identify the trade secret with reasonable particularity based upon the circumstances of the case."); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2123560, at *7 (N.D. Cal. May 15, 2017) (plaintiff cannot permissibly "claim[] broad swaths of solutions to general competing considerations … rather than the single, specific solution adopted by" plaintiff).

**APPLE'S PROPOSED INSTRUCTION NO. 17B (<u>REVISED</u>)**[3]

**First Element—Possession (Offered by Apple)**[4]

The first element of Plaintiffs' misappropriation claim is that Masimo or Cercacor possessed the information described by an alleged trade secret.  <u>Lawful possession means possession of the full scope of an alleged trade secret.  Where the Plaintiffs' definition of an alleged trade secret covers multiple methods or structures, a trade secret plaintiff must prove possession of all such methods or structures.</u>  To prove possession, Masimo and Cercacor must prove either that they developed the alleged trade secret or otherwise were in lawful possession of it at the time of the alleged misappropriation.

Masimo and Cercacor do not need to have written down the alleged trade secret before this lawsuit to prove possession of the information described by an alleged trade secret.  However, in determining whether Masimo and Cercacor possessed the alleged trade secret, you may consider as relevant evidence whether Masimo and Cercacor had any written documentation of the trade secrets at the time of the alleged misappropriation.

---

[3] **Authority:** *Jasmine Networks, Inc. v. Superior Ct.*, 180 Cal. App. 4th 980, 997-1000 (2009); *DTM Rsch., L.L.C. v. AT&T Corp.*, 245 F.3d 327, 331 (4th Cir. 2001); Dkt. 1439 at 10; *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 942 (2018); *CytoDyn of New Mexico, Inc. v. Amerimmune Pharms., Inc.*, 160 Cal. App. 4th 288, 297 (2008) ("[A] prima facie claim for misappropriation of trade secrets "requires the plaintiff to demonstrate … [it] owned [the] trade secret.").

[4] **Apple's Position:** Apple acknowledges the Court's prior ruling that Plaintiffs need not prove, in addition to lawful possession, that one specific Plaintiff owned the alleged trade secret. *See, e.g.*, Dkt. 1283 at 4.  However, Apple hereby reasserts and further preserves for appeal its legal position that Plaintiffs must prove which party owned each alleged trade secret at the time of the alleged misappropriation. *See, e.g.*, Dkt. 1101 at 17-18.  In furtherance of that position, Apple hereby offers the following instruction, adapted from CACI 103 (multiple parties), for the purpose of preservation:

> There are two Plaintiffs in this trial, Masimo and Cercacor.  You should decide the case of each plaintiff separately, as it were a separate lawsuit.  Each plaintiff is entitled to separate consideration of that plaintiff's own claims, meaning each plaintiff must individually prove each essential element to establish liability on a claim.  For instance, Plaintiffs must prove whether a particular alleged trade secret was owned by Masimo or by Cercacor (or both).

1  The law requires a trade secret plaintiff to provide the defendant during the
2  litigation with a written description of the alleged trade secrets being asserted so that the
3  defendant knows what it is accused of misappropriating.  Masimo and Cercacor provided
4  such written descriptions of the alleged trade secrets to Apple, and those descriptions
5  appear in Exhibit A to these instructions.  As I will instruct you, Masimo and Cercacor
6  must prove that these alleged trade secrets were in fact trade secrets and that they
7  possessed them at the time of the alleged misappropriation.