Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S REPLY TRIAL MEMORANDUM REGARDING APPLE OPENING THE DOOR TO PREVIOUSLY EXCLUDED EVIDENCE REGARDING APPLE'S HIRING**<br><br>Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. APPLE ARGUES THE MERITS WITHOUT ADDRESSING THE ARGUMENTS AND TESTIMONY THAT OPENED THE DOOR ............1

III. MASIMO'S RESPONSE TO APPLE'S FALSE DENIALS.............................3

    A.    Need For Corrective Evidence ................................................................3

    B.    Proposed Corrective Evidence ................................................................4

        1.    Further Cross With Hotelling ......................................................4

        2.    Further Cross With O'Reilly .......................................................6

        3.    Upcoming Cross with Block.........................................................6

        4.    On Rebuttal with Kiani.................................................................6

IV. BALANCING UNDER RULE 403 NOW FAVORS ADMISSIBILITY ..........7

V. CONCLUSION.....................................................................................................7

## I. INTRODUCTION

Masimo submits this Reply in support of its request that the Court allow Masimo to introduce previously excluded evidence. Masimo seeks permission to present evidence that Apple (1) systematically targeted Masimo employees beyond O'Reilly and Lamego, and (2) recruited Masimo employees to obtain Masimo's confidential information. Masimo responds first to the arguments in Apple's brief and then identifies exhibits and lines of questions Masimo seeks to present.

## II. APPLE ARGUES THE MERITS WITHOUT ADDRESSING THE ARGUMENTS AND TESTIMONY THAT OPENED THE DOOR

Apple largely ignores the bulk of Masimo's opening brief and instead argues for Apple's preferred interpretation of the evidence. Apple's merits arguments are irrelevant. If anything, Apple's arguments suggest the Court should allow the previously excluded evidence because Apple is confident the jury will agree with Apple when all the evidence is considered.

Late last week, Apple solicited evidence from its first witness, Steven Hotelling, expressly denying that Apple pursued any strategy listed in "Project Everest" for engaging Masimo, including *acquiring Masimo's people*. That testimony was, at a minimum, misleading and incomplete. Immediately following the Project Everest presentation, Hotelling exchanged emails regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ JTX-2070. Apple ultimately did hire many other Masimo employees. Thus, Hotelling's testimony that Apple did not acquire Masimo's people is misleading at best.

Apple argues that hiring additional Masimo employees "has absolutely nothing to do with the trade secret theories in this case or, indeed, any other claim in this case." Dkt. at 2:13-14; *see also, id.* at 4-7. Apple is wrong. Masimo introduced evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Apple considered various options for obtaining Masimo's technology, and Apple hired two C-level executives. Masimo seeks to introduce evidence showing that Apple ▇▇▇▇▇▇▇▇

This evidence supports the inference that Apple intended to obtain Masimo's confidential information through Masimo's employees. It also rebuts any argument that Apple did not know it was obtaining confidential information through O'Reilly or Lamego. Excluding this evidence would be particularly unfair in view of Apple's Trial Brief on jury instructions, which argues the evidence so far comes "nowhere near meeting Plaintiffs' burden to show intent." Dkt. 1607 at 2. The Court recognized such evidence was at least relevant under Rule 402. *See* Dkt. 1469 at 4.

Apple also argues it "has been scrupulous in avoiding any reference to [Masimo's other] former employees who now work at Apple[.]" Dkt. 1599 at 3:14-15; *see also, id.* at 7-12. But Apple and Hotelling falsely suggested there are no such people and Apple did not target Masimo employees. Thus, Masimo should be allowed to introduce corrective evidence.

Apple argues Masimo "waived the right to raise any objection now" because Masimo did not object earlier. Dkt. 1599 at 11. But Masimo is not objecting that the testimony Apple elicited is inadmissible. Rather, Masimo argues that Apple has sufficiently misled the jury that Masimo should have the opportunity to respond with corrective evidence that the Court preliminarily excluded. Apple is correct that it began misleading the jury in its Opening Statement and continued in its cross-examination of Masimo's witness. The cumulative effect required corrective action after Apple's first witness, Hotelling, falsely denied that Apple implemented the Project Everest plan to acquire Masimo's people.

Apple further suggests that Masimo waited too long because Apple made some of the arguments at issue before the parties resolved the "smart recruiting" issue. *See* Dkt. 1599 at 7:7-10. Apple never explains how any of the arguments it presented relate to Cook's "smart recruiting" email or why Apple would have needed to present preemptive evidence during Masimo's case-in-chief. Regardless, the issue is not when Apple first indicated it would unfairly use the motion *in limine* as a sword and a shield.

Hotelling's denial came after "smart recruiting" was resolved and Masimo promptly raised this issue. Apple cannot seriously argue that Masimo was untimely by raising this issue before Apple's first witness finished testifying and before he was excused.

Apple also argues that Masimo introduced the "Project Everest" presentation. *See id.* at 7:19-8:25. But the presentation is not the issue. It is Hotelling's false testimony regarding the presentation that necessitates allowing Masimo to introduce contrary evidence. Apple argues "Hotelling's testimony is entirely ***consistent*** with that reading of the slide." *Id.* at 9:3-4. How to interpret the presentation is a contested issue of fact for the jury to decide.

Apple also disputes the relevance of Apple's interview processes and hiring practices. *See id.* at 9-12. Again, the evidence Masimo seeks to introduce supports the inference that Apple intended to obtain Masimo's trade secret information by targeting, interviewing, and hiring Masimo employees. Apple incorrectly asserts "this Court has found that this type of testimony would be ***irrelevant***[.]" Not so. The Court agreed such evidence "could give rise to an inference of plan, intent, etc., … ." *See* Dkt. 1469 at 4. The Court excluded Masimo's evidence under Rule 403. *Id.*

As set forth below, Masimo seeks leave to introduce exhibits and solicit testimony regarding Apple's recruiting of Masimo employees that is directly relevant to Masimo's claims, and Apple's denials, of trade secret misappropriation.

### III.   MASIMO'S RESPONSE TO APPLE'S FALSE DENIALS

#### A.   Need For Corrective Evidence

Masimo explained in its opening brief that Apple opened the door to evidence regarding Apple's recruiting. Apple showed the October 2013 "Project Everest" presentation to Hotelling, and elicited testimony from him denying that Apple pursued any listed option. One option he denied pursuing was "[a]cquisition of Cercacor and/or Masimo (***or people*** or assets)[.]" JTX-263 at -776 (emphasis added). Apple asked Mr. Hotelling:

> Q. Did Apple ultimately pursue any of the engagement options identified

*1*       on this slide with Masimo?

*2*       A. No, we did not.

*3* Trial Tr., April 13, 2023, at 121:6-8.

*4*       That testimony was far from the "whole truth." Mr. Hotelling relied on a fine *5* distinction between a "formal merger or acquisition" of a "team" and ▉▉▉▉▉ *6* ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Apple *7* claims that "Hotelling's testimony was entirely consistent with that **basic distinction**." *8* Dkt. 1599 at 9:10-11 (emphasis added). It is unlikely the jury recognizes that "basic" *9* distinction.

*10*       In discussing evidence that Apple hired Masimo employees based on their *11* willingness to disclose confidential information, Apple argues "[t]he jury would surely *12* be surprised to have this issue surface only at this late stage of the trial—and could *13* conclude (wrongly) that Apple had hid something from them." Dkt. 1599 at 10:6-7. *14* Apple is exactly right that the jury would surely be surprised to find out that Apple *15* targeted and acquired many Masimo people, starting immediately after the Project *16* Everest presentation. Apple's fear that, upon hearing additional evidence, the jury *17* could conclude that Apple "hid something" is exactly why this evidence is so *18* important. The currently excluded evidence would correct a misleading record that *19* Apple intentionally created by improperly using the motion *in limine* ruling as a sword *20* and a shield.

*21*       The jury should be allowed to hear the truth. Exhibits and lines of questions *22* Masimo seeks leave to pursue to correct this misleading testimony are described *23* below.

*24* **B.**   **Proposed Corrective Evidence**

*25*     **1.**   **Further Cross With Hotelling**

*26*     **JTX-664/2070** (versions of the same email chain). This email chain began *27* immediately after the Everest meeting, and continues from October-December 2013, *28* with the subject line ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* JTX-664. The email chain

shows that—less than a week after the "Project Everest" presentation—Apple ▓▓. Masimo should be allowed to confront Hotelling with this email chain.

**JTX-260**. Masimo seeks permission to question Hotelling regarding additional pages of the previously admitted "Rover" slide deck. *See* JTX-260 (previously admitted). The slide at production number -9120 shows that Hotelling was the directly responsible individual for Apple's decision to designate Masimo as a "High" priority "Recruiting target."

**JTX-165**. Masimo seeks permission to question Hotelling regarding an email chain that Lamego sent to Hotelling with the subject line ▓▓ *See* JTX-165. In the email chain, Lamego pushes Apple to ▓▓ ▓▓ ▓▓ JTX-165 at -716.

**JTX-1786.1**. Masimo seeks permission to question Hotelling regarding Apple's interrogatory response identifying Masimo employees that Apple hired (in addition to O'Reilly and Lamego). Masimo may ask him to confirm that Apple hired at least:

- Cercacor employee ▓▓ to work on the ECG feature for the Apple Watch;
- Masimo employee ▓▓ to work on the design of studies related to Apple Watch, including desaturation studies and oxygen saturation studies;
- ▓▓ to work on clinical trials;
- ▓▓ to work on sensor features of the Apple Watch; and
- ▓▓ to develop technology for the Apple Watch directed to sleep monitoring, sleep detection, and sleep-related pathologies, including the algorithm for sleep/wake detection in the Apple Watch.

-5-

### 2. Further Cross With O'Reilly

**JTX-511**. Masimo seeks permission to question O'Reilly regarding an email chain from July 2013. O'Reilly told Apple recruiter Denby Frazier (Sellers):

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

Masimo should be allowed to confront O'Reilly about ████████████████
████████████

### 3. Upcoming Cross with Block

**JTX-176**. Masimo seeks permission to question Block regarding a May 2014 email chain regarding Masimo employee ████████. *See* JTX-240. In the email chain, Block wrote that he asked ███████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████ *See id.* at -9695-96. Block wrote that
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████ Apple then declined to hire ██████ Masimo should be allowed to ask Block ████████████
████████████████████████ impacted Apple's decision not to hire ████

### 4. On Rebuttal with Kiani

**JTX-768**. Masimo seeks permission to question Kiani during his rebuttal testimony regarding an email chain from July 2013 about Apple's efforts to recruit Masimo employees. *See* JTX-768. In the first email, a recruiter with Hotelling's team

-6-

contacted Masimo employee ▮▮▮▮▮▮▮▮▮▮. The recruiter asked if ▮▮▮▮ was interested, or knew anyone who might be interested, in three engineering opportunities at Apple. ▮▮▮▮ forwarded the email to other Masimo employees and said "[t]hey are starting to pick…." Kiani later forwarded the email to Lamego and said: "[b]e careful with your team. Look at what apple is doing." Lamego responded: "Will do. Obrigado amigo!" Masimo may ask Kiani whether this prompted his email to O'Reilly about his concerns about Apple raiding Masimo and his call with Perica about the same subject.

**JTX-771**. Masimo seeks permission to question Mr. Kiani regarding his July 2013 email exchange with O'Reilly, where O'Reilly expressed that Apple's executive recruiter appreciated Kiani's concerns and would look into it.

## IV. BALANCING UNDER RULE 403 NOW FAVORS ADMISSIBILITY

The Court found Masimo's evidence "could give rise to an inference of plan, intent, etc., … ." *See* Dkt. 1469 at 4. However, the Court excluded such evidence under Rule 403. *See id.*

Since then, Apple took advantage of the Court's ruling and presented affirmative testimony that falsely suggested Apple's efforts to acquire Masimo's people ended with the Project Everest presentation. Apple also argued that Apple had no plan or intent to obtain Masimo's confidential information by recruiting Masimo employees. Apple placed the excluded evidence at issue by offering testimony that is inconsistent with the excluded evidence. The Rule 403 balancing test now weighs in favor of admissibility. Apple should not be allowed to present an incomplete and misleading story to the jury.

## V. CONCLUSION

Accordingly, Masimo should be allowed to present the evidence outlined above.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 17, 2023          By: */s/ Benjamin A. Katzenellenbogen*
                                         Joseph R. Re
                                         Stephen C. Jensen
                                         Sheila N. Swaroop
                                         Brian C. Horne
                                         Irfan A. Lateef
                                         Benjamin A. Katzenellenbogen
                                         Brian C. Claassen
                                         Stephen W. Larson
                                         Mark D. Kachner
                                         Adam B. Powell
                                         Kendall M. Loebbaka
                                         Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 2,087 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 17, 2023

By: */s/ Benjamin A. Katzenellenbogen*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57466291