| | |
|---|---|
| 1 | MARK D. SELWYN, SBN 244180 |
| | mark.selwyn@wilmerhale.com |
| 2 | THOMAS G. SPRANKLING, SBN 294831 |
| | thomas.sprankling@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 4 | 2600 El Camino Real, Suite 400 |
| | Palo Alto, CA 94306 |
| 5 | Tel.: 650.858.6000 / Fax: 650.858.6100 |
| 6 | JOSHUA H. LERNER, SBN 220755 |
| | joshua.lerner@wilmerhale.com |
| 7 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 8 | One Front Street, Suite 3500 |
| | San Francisco, CA 94111 |
| 9 | Tel.: 628.235.1000 / Fax: 628.235.1001 |
| 10 | AMY K. WIGMORE, *pro hac vice* |
| | amy.wigmore@wilmerhale.com |
| 11 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 12 | 2100 Pennsylvania Ave NW |
| | Washington, DC 20037 |
| 13 | Tel.: 202.663.6000 / Fax: 202.663.6363 |

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S TRIAL MEMORANDUM REGARDING THE COURT'S APRIL 17, 2023 DRAFT VERDICT FORM** |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Apple submits the following comments and objections to the draft Special Verdict Form the Court emailed the parties on April 17, 2023. *See* Appx. A (the "Draft Verdict Form"). Apple understands that the Court's circulation of the Draft Verdict Form is a definitive rejection of Apple's proposed verdict form submitted on March 28, 2023, and Apple respectfully restates its objections to Plaintiffs' proposed verdict form, to the extent those objections apply to the Draft Verdict Form. *See* Dkt. 1498 at 50-55.[1]

Apple respectfully submits an alternative version of the Draft Verdict Form for the Court's consideration. *See* Appx. B ("Apple's Alternative Verdict Form"). Apple explains its proposed revisions to the Draft Verdict Form below.

# I. THE DRAFT VERDICT FORM DOES NOT ACCURATELY REFLECT THE LAW REGARDING APPLE'S STATUTE OF LIMITATIONS DEFENSE

Apple has two objections to the Draft Verdict Form's presentation of Apple's statute of limitations defense.

**A. Burden.** The Draft Verdict Form incorrectly suggests that Apple—and Apple alone—bears the burden of proving that Plaintiffs' claim is barred by the statute of limitations. It is undisputed that Apple only bears the initial burden to show that purported misappropriation began before January 9, 2017. *See* Dkt. 1500-1 at 210, 214 (the parties' proposed jury instructions). The burden then shifts to Plaintiffs to prove that they neither discovered nor with reasonable diligence should have discovered facts that would have caused a reasonable person to suspect that Apple had misappropriated at least one of Masimo or Cercacor's alleged trade secrets. *Id.*; *see also, e.g.*, *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012) ("Since it is undisputed that the alleged misappropriation of trade secrets took place outside the

---

[1] The draft does not reflect many of Apple's proposals, including that the jury be required to find that Plaintiffs have satisfied each element of their trade secret misappropriation claim for each of the purported trade secrets asserted and that the jury be required to provide a breakdown of any damages award. *See* Dkt. 1498 at 15-41 ("Apple's Proposed Verdict Form").

limitations period, Plaintiffs 'have the burden of proving the facts necessary to toll the statute.'").

At a minimum, then, Apple submits that the verdict form should ask the jury two separate questions regarding the statute of limitations: (1) Whether Apple has established that the purported misappropriation occurred prior to January 9, 2017, and (2) whether Plaintiffs have established that they did not and should not have reasonably discovered the misappropriation before January 9, 2017.  However, Apple's Proposed Verdict Form suggests simplifying the question further by inquiring only about Plaintiffs' burden because, as in *Gabriel*, there is no genuine factual dispute that the first alleged misappropriation occurred more than three years before this action was filed. *Cf. Cadence Design Sys., Inc. v. Avant! Corp.*, 29 Cal. 4th 215, 223 (2002) (holding that a misappropriation "claim … arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation").  With respect to the alleged business strategies secrets, for example, Plaintiffs have argued that Dr. O'Reilly began using the B secrets in October 2013. *See* 4/11/23 PM Tr. 23-24 (testimony of Dr. Palmatier); *see also, e.g.*, PDX3-28 (Palmatier demonstrative depicting Dr. O'Reilly's FDA communications from JTX-535).  And as to the technical trade secrets, Plaintiffs have argued that those purported trade secrets were brought to Apple by Dr. Marcelo Lamego alone. *See, e.g.*, PDX1-50 (opening statement demonstrative); 4/12/23 AM Tr. 84-87 (direct testimony of Dr. Madisetti).  Dr. Lamego's six-month period of employment with Apple ended in the summer of 2014. *See* 4/14/23 AM Tr. 70:18-20.  Apple will therefore move under Rule 50(a) for a ruling that the first step of the statute of limitations analysis should not go to the jury.

**B. Relatedness.** The Draft Verdict Form incorrectly requires the jury to decide whether *each* purported trade secret that Plaintiffs have included as part of their single misappropriation claim was asserted too late. However, when a plaintiff brings a CUTSA claim alleging misappropriation of multiple trade secrets, the statute of

limitations begins to run for all trade secrets as soon as a plaintiff discovers or has reason to discover that the defendant misappropriated a single one—"at least" where (as here) the alleged trade secrets "concern related matters." *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1110 (N.D. Cal. 2012) (collecting cases); *see also* Dkt. 1500-1 at 215-216 (Apple's commentary explaining its proposed statute of limitation jury instruction).

For the first time on March 28, 2023, Plaintiffs argued in three separate filings that the *MedioStream* principle should not apply to their claim. *See* Dkt. 1492-1 at 4-5 (trial brief); Dkt. 1496-2 at 9-10 (briefing on verdict form); Dkt. 1500-1 at 212-213 (briefing on proposed statute of limitations instruction). Apple has not previously had a chance to respond to this argument because Plaintiffs improperly raised it during the parties' final exchange of jury instruction and verdict form instructions (as well as in their Trial Brief—i.e., their *reply* to Apple's Memorandum of Contentions of Fact and Law). On the merits, each of Plaintiffs' arguments is unavailing.

*First*, Plaintiffs have argued that at least some of the purported trade secrets are so unrelated that the fact that Plaintiffs should have discovered one instance of misappropriation does not necessarily mean they should have discovered all of them. *E.g.*, Dkt. 1492-1 at 5. But trade secrets are sufficiently related when they "concern similar technology developed for use in similar products"—here, a wearable device that measures physiological parameters. *See MedioStream*, 869 F. Supp. 2d at 1110; *accord Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 526 (N.D. Cal. 2000). And Plaintiffs and their experts have repeatedly asserted that the alleged secrets are so interchangeable as to entitle Plaintiffs to over a billion dollars in unjust enrichment (i.e., the purported profits from the Blood Oxygen feature) so long as the jury finds that Apple misappropriated "one or more" of them. *See* Kinrich Report ¶ 164 (Oct. 17, 2022) (emphasis added); *see also* Dkt. 1186 at 21 (Plaintiffs' Opp'n to Apple's *Daubert* motion against Kinrich). As another example, Plaintiffs have asserted that L4 and L5 are "not

related," this is contradicted by the testimony of their own technical expert. *See, e.g.*, 4/12/23 PM Tr. 10:21-12:1, 31:8-22 (Dr. Madisetti's testimony that both L4 and L5 concern controlling "crosstalk").

*Second*, Plaintiffs have argued that even if they were aware of Dr. Lamego's purported misappropriation, that should not put them on notice of Dr. O'Reilly's purported misappropriation (and vice versa). Dkt. 1492-1 at 5. But where, as here, a trade secret plaintiff alleges that a competitor "hired … 'key employees' in order to access 'confidential information' regarding its 'products' and 'technology,'" the plaintiff is on notice to file suit regarding all related, alleged trade secrets once it learned of the first alleged misappropriation through one of these former employees. *Mediostream*, 869 F. Supp. 2d at 1110; *see also Intermedics, Inc. v. Ventritex, Inc.*, 822 F. Supp. 634, 658 (N.D. Cal. 1993) (when a competitor received the alleged trade secrets through the same two ex-employees, "it was incumbent on [the plaintiff] to file suit … as to *all* the related trade secrets it had shared with [the ex-employees]" as soon as the plaintiff discovered the first misappropriation). Plaintiffs' only contrary authority, *Mattel, Inc. v. MGA Ent., Inc.*, is inapposite. 782 F. Supp. 2d 911, 1003 (C.D. Cal. 2011). Not only did *Mattel* cite no authority, but it did not involve the situation here, where Plaintiffs allege that Apple was engaged in a coordinated scheme to recruit Drs. Lamego and O'Reilly.

*Third*, Plaintiffs have argued that they were not required to bring suit on any specific trade secret until a reasonable investigation would have revealed Apple's purported misappropriation. Dkt. 1492-1 at 5. But Plaintiffs do not cite any authority that has adopted this approach. To the contrary, other courts have expressly rejected Plaintiffs' position, holding that "a trade secret plaintiff must file suit "as to *all* the related trade secrets that it had shared with [ex-employees]" within the statute of limitations period, "even if there was no specific evidence with respect to some of the trade secrets that, at that time, defendants had in fact misappropriated them."

*Intermedics*, 822 F. Supp. at 658; *see also* Dkt. 606 at 5 (this Court holding that statute of limitations period began to run as soon as "Plaintiffs discovered or had reason to discover that *a trade secret*" (as opposed to every claimed trade secret) "had been misappropriated" (emphasis added)).

Apple accordingly requests that the final verdict form present only a single statute of limitations question for the trade secret misappropriation claim as a whole, as was suggested in in Apple's original proposed verdict form. *See* Dkt. 1498 at 41. At a minimum, Apple respectfully submits that the statute of limitations question should be grouped by alleged trade secret category, as illustrated in Apple's Alternative Verdict Form. *See* Appx. B at 4.

## II. THE DRAFT VERDICT FORM LISTS THE QUESTIONS IN THE WRONG ORDER

Apple also objects to the order of the questions in the Draft Verdict Form. Apple's Alternative Proposed Verdict Form has therefore reordered the questions in two ways.

*First*, Apple proposes reordering the statute of limitations and damages questions to list the former first. As Apple explained in its objections to Plaintiffs' proposed verdict form, (1) asking the jury to determine whether there was willful and malicious misappropriation before the measure of compensatory damages and (2) asking both damages questions before inquiring about the statute of limitations creates a serious risk of a legally erroneous and excessive verdict. *See* Dkt. 1498 at 50-51. Therefore, Apple requests that the Court reorder the Draft Verdict Form so the jury is asked first about misappropriation, next about statute of limitations, then about damages, and only then about willfulness and maliciousness.

*Second*, Apple proposes placing the inventorship questions before the ownership questions. Since Plaintiffs' ownership claims depend in significant part on the outcome of the inventorship claims, asking the jury to decide inventorship first will assist the deliberation process and reduce the risk of an erroneous verdict.

### III. OTHER ISSUES WITH THE DRAFT VERDICT FORM

Apple respectfully requests that the Court make several other miscellaneous revisions to the Draft Verdict Form.

*First*, Apple requests that the Court use the term "<u>Alleged</u> Trade Secrets," as this accurately reflects the legal status of Plaintiffs' purported trade secrets. To call them "<u>Asserted</u> Trade Secrets" presupposes that they are, in fact, trade secrets, a question the jury is charged to answer. Indeed, this Court has already used the term "Alleged Trade Secrets" in instructing the jury about the status of Plaintiffs' purported trade secrets. *See* 4/13/23 AM Tr. 20:11-21:7 (curative instruction regarding the legal significance of Plaintiffs' "alleged trade secrets" and the role of Plaintiffs' counsel in their drafting). In addition, Apple believes that the qualification "Alleged" should appear before every reference to Plaintiffs' purported trade secrets in order to avoid jury confusion. Apple noted that the Draft Verdict Form had some inconsistencies in this respect, and Apple's Alternative Proposed Verdict Form adds "Alleged" in all places where a qualifying term is appropriate.

*Second*, Apple requests that the wording of the unjust enrichment question be slightly revised to incorporate the CUTSA's causation requirement. *See* Cal. Civ. Code § 3426.3(a) ("A complainant also may recover for the unjust enrichment *caused* by misappropriation[.]"). Specifically, Apple asks the Court change the phrase "unjust enrichment <u>from</u> that trade secret misappropriation" to mirror the statute—i.e., "unjust enrichment <u>caused by</u> that trade secret misappropriation." *Compare* Ex. 1 at 4:2-3 to Appx. B at 4:20.

*Third*, Apple requests that the Court use the term "Plaintiffs" or the phrase "Masimo and Cercacor" instead of the collective, defined term "Masimo." In particular, Apple objects to the use of the collective, defined term "Masimo" in the chart corresponding to the ownership claims. If Plaintiffs prevail on any of their ownership claims, they would need to register the ownership interest of ***either*** Masimo Corp. ***or***

Cercacor Laboratories, Inc. *or* both with the U.S. Patent and Trademark Office, pursuant to 35 U.S.C. § 261, and would need to present a judgment from this Court as documentary evidence of ownership, *see, e.g.*, 37 CFR 3.73(c).  This process could become confused unless the jury determines whether Masimo, Cercacor, or both are entitled to an ownership interest in any particular patent.

## CONCLUSION

Apple respectfully requests that this Court amend the draft verdict form as discussed above.

Dated: April 18, 2023          Respectfully submitted,

JOSEPH J. MUELLER
MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 2,080 words, which:

 X  complies with the word limit of L.R. 11-6.1

 __ complies with the word limit set by court order dated [date].

Dated: April 18, 2023                    Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*