Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' TRIAL BRIEF REGARDING UNDISCLOSED INDEPENDENT DEVELOPMENT THEORY**<br><br>Hon. James V. Selna |

During trial today, Apple elicited testimony from Brian Land in support of a new undisclosed theory. Apple never disclosed the new theory during discovery and falsely represent to the Court that the exhibit was mere background and would **not** be used to advance an independent development theory. To cure the prejudice, Masimo requests a one-hour deposition of Land to be conducted the evening of April 19 so that Masimo can adequately respond to Apple's new theory.

A. <u>**Apple Refused To Disclose Its Independent Development Theory Based On The iPhone During Discovery**</u>

Apple strenuously objected to providing documents on products other than the Apple Watch. *See, e.g.*, Powell Decl., Ex. 1 at 1 (Apple arguing discovery was overbroad because "Apple independently researches, develops, and manufactures a host of products that are ***completely unrelated to this lawsuit***—e.g., the Mac, iPad, ***iPhone***, Apple TV, and AirPods" (emphasis added)).

Apple also never disclosed its iPhone independent development theory in interrogatory responses. Masimo's Interrogatory No. 17 sought the full and complete basis for any independent development theory. Powell Decl., Ex. 2 at 13. For L4, Apple cited nine documents, all of which concerned the Apple Watch. *See id.* at 114:11-14. Apple cited deposition testimony, and all of that testimony also concerned the Apple Watch. *Id.* at 114:19-115:17. For Land in particular, Apple cited generic testimony about whether he was "proud of [his] work on the Apple Watch." *Id.* at 114:22-115:1. Apple never mentioned the iPhone.

B. <u>**Apple Misrepresented Its Intent To Pursue A New Theory At Trial**</u>

Outside the presence of the jury, Masimo objected to Apple using several exhibits, including JTX-4553, to present an undisclosed theory of independent development. 4/18/2023 PM Trial Tr. at 3. In response, Apple represented "these specific documents, Your Honor, are ***not*** being used for an independent development story." *Id.* at 4. Apple represented the exhibits relate to background about the "development history at Apple"

-1-

and Land's "work on different products." *Id.* The Court agreed with Apple to address objections "as the exhibits are offered." *Id.* at 5.

      Masimo again objected when Apple moved to introduce JTX-4553. *Id.* at 68. In response, Apple promised "the document relates to Mr. Land's prior work in the context of the iPhone and is not the specific test that argues here [sic]." *Id.* The Court overruled Masimo's objection. *Id.* Apple then immediately violated its promises by using JTX-4553 to support its undisclosed independent development theory:

    Q    BY MS. FRAZIER: Now, December 29th, 2011, just so we're clear, was that before or after Dr. Lamego joined Apple?

    A    It's more than two years before he joined Apple.

        *    *    *

    Q    And what was the purpose of the black foam test conducted on the iPhone?

    A    It does three different things, all in one test. It measures optical crosstalk. It measures electrical crosstalk and electrical noise.

    Q    And so Apple was using black foam to check for optical crosstalk in the iPhone by 2011; is that right?

    A    Yes.

*Id.* at 68-69. Land then testified, without reference to any documents, about how Apple supposedly conducted the same test for the Apple Watch:

    Q    And how did the direct contact approach that you used for Apple Watch compare to the black foam testing you did previously for the iPhone?

    A    It's essentially the same test. It's conducted in the same manner with the same goals.

*Id.* at 69-70. On redirect, Apple pursued the theory again:

*1*   Q   BY MS. FRAZIER: Mr. Land just a few questions.

*2*          In the black foam crosstalk test for the iPhone, where was

*3*          the black foam relative to the surface of the iPhone?

*4*   A   It's touching the surface of the iPhone.

*5* *Id.* at 96. Apple thus did precisely what it promised not to do: use JTX-4553 and *6* associated testimony to present a new theory that Apple never disclosed during *7* discovery. Apple's conduct is especially unfair because Apple has successfully struck *8* theories that Masimo disclosed many months ago. *See, e.g.*, Dkt. 946 (denying *9* discovery on theory Masimo disclosed in May 2022); Dkt. 1031 (striking Rule *10* 26(a)(2)(c) opinions offered in September 2022).

*11*   **C.**   **The Court Should Order A Deposition**

*12*          As shown above, Apple both failed to disclose its independent development *13* theory **and** misrepresented its intent to the Court so that it could present its theory to the *14* jury. Apple's conduct has greatly prejudiced Masimo because Masimo was unable to *15* fairly cross examine Land without any discovery on the topic. Thus, Masimo requests *16* a short one-hour deposition of Land to explore Apple's new theory. The deposition *17* should occur on the evening of April 19 so that Masimo's expert witness, Madisetti, may *18* address Apple's new theory on April 20 (the only day for which he is available).

*19*          At a minimum, the Court should strike JTX-4553 and Land's testimony on this *20* topic. If the Court adopts this option, Masimo will propose specific page and line *21* numbers when it receives the final transcript for April 18.

|   |   |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: April 18, 2023 | By: */s/ Adam B. Powell* |
| | Joseph R. Re |
| | Stephen C. Jensen |
| | Sheila N. Swaroop |
| | Brian C. Horne |
| | Irfan A. Lateef |
| | Benjamin A. Katzenellenbogen |
| | Brian C. Claassen |
| | Stephen W. Larson |
| | Mark D. Kachner |
| | Adam B. Powell |
| | Kendall M. Loebbaka |
| | Daniel P. Hughes |
| | |
| | Attorneys for Plaintiffs |
| | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

57477562