Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' OPPOSITION MEMORANDUM REGARDING APPLE'S SUPPLEMENTAL TRIAL MEMORANDUM REGARDING JURY INSTRUCTIONS AFFECTED BY TRIAL RECORD**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal portions of Plaintiffs' Opposition Memorandum Regarding Apple's Supplemental Trial Memorandum Regarding Jury Instructions Affected By Trial Record ("Opposition"). Masimo requests the Court seal portions of the Opposition.

## I.  LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)).  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).  Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged *trade secret* by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.  ARGUMENT

Masimo's Opposition includes confidential material, including references to Masimo's trade secrets.  Powell Decl. ¶ 4.  This information is confidential and valuable to Masimo in part because of its secrecy.  *Id.*  If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo.  *Id.*

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221.  Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not

1   obtain anywhere else." *Id.* at 1229.  For instance, Masimo's competitors would not be

2   able to obtain from elsewhere the information regarding Masimo's trade secrets.

3                                   **III.  CONCLUSION**

4            For the reasons discussed above, Masimo respectfully requests that the Court seal

5   the redacted portions of the Opposition.

6

7                                              Respectfully submitted,

8                                              KNOBBE, MARTENS, OLSON & BEAR, LLP

9   Dated:  April 19, 2023                    By: */s/ Adam B. Powell*

10                                                 Joseph R. Re
                                                   Stephen C. Jensen
11                                                 Sheila N. Swaroop
                                                   Brian C. Horne
12                                                 Irfan A. Lateef
                                                   Benjamin A. Katzenellenbogen
13                                                 Brian C. Claassen
                                                   Stephen W. Larson
14                                                 Mark D. Kachner
                                                   Adam B. Powell
15                                                 Kendall M. Loebbaka
                                                   Daniel P. Hughes

16                                                 Attorneys for Plaintiffs
17                                                 MASIMO CORPORATION and
                                                   CERCACOR LABORATORIES, INC.

18

19

20

21

22

23

24

25

26

27

28