Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S RESPONSE TO APPLE'S TRIAL MEMORANDUM REGARDING THE COURT'S APRIL 17, 2023, SPECIAL VERDICT FORM**<br><br>Hon. James V. Selna |

Masimo Responds to Apple's Trial Memorandum Regarding the Court's April 17, 2023, Special Verdict Form (Dkt. 1617).

A. **The Court's Special Verdict Form Appropriately Presents Apple's Statute-Of-Limitations Defense**

1. **Apple Bears The Burden Of Proof On Statute Of Limitations**

Apple argues that the Court's Special Verdict Form "incorrectly suggests" that Apple bears the burden of proving that Masimo's trade secret misappropriation claim is time-barred. Br. at 1. Apple also claims that "it is undisputed that Apple only bears the initial burden to show that purported misappropriation began before January 9, 2017." *Id.* Apple is incorrect on both accounts.

Apple's arguments regarding the burden of proof did, however, alert Masimo that neither party had directed the Court to the language of the relevant statute of limitations. The statutory text is critical because, instead of running from when the cause of action *accrues*, the CUTSA limitations period runs from when "the misappropriation *is discovered* or by the exercise of reasonable diligence *should have been discovered*." Cal. Civ. Code § 3426.6 (emphases added). CUTSA effectively incorporates the common law discovery rule into the statutory predicate for triggering the limitations period. *See Alamar Biosciences Inc. v. Difco Laboratories Inc.*, 1996 WL 648286, at *3 (E.D. Cal., Feb. 27, 1996) (citing *Wilshire Westwood v. Atlantic Richfield*, 20 Cal. App. 4th 739, 740 (1993)) ("Under both the California common law 'discovery rule' and the [C]UTSA, the limitations period begins when the plaintiff has actual or constructive notice of the facts giving rise to the claim.").

For claims where the limitations period is triggered by accrual, Apple is correct that the defendant generally need prove only that the cause of action accrued more than the statutory period before the plaintiff filed the lawsuit. *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). The plaintiff then bears the burden to establish that the "discovery rule" or some other equitable tolling applies. *See Nogart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).

In contrast, where, as here, the applicable statute of limitations runs from ***discovery***, the California Supreme Court held that the defendant "has the burden of proving, under the 'traditional allocation of the burden of proof,' that plaintiff discovered or should have discovered the facts alleged to constitute defendant's wrongdoing more than [the statutory period] prior to filing this action." *Samuels v. Mix*, 22 Cal. 4th 1, 8-9 (1999). In *Samuels*, the California Supreme Court held the common law "discovery rule" cannot be used to shift the burden of proof to the plaintiff where the statute of limitations runs from discovery. *Id*. The statute of limitations in *Samuels* (for legal malpractice) requires, in relevant part, that a claim:

> [S]hall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission.

Cal Civ. Proc. § 340.6(a). The Court held that "***the burden of proving*** plaintiff's actual or constructive discovery of defendant's wrongdoing in connection with that defense ***falls statutorily to defendant***." *Samuels*, 22 Cal. 4th at 8 (emphases added).

The CUTSA statute of limitations incorporates a very similar statutory discovery rule. It states:

> An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.

Cal. Civ. Code § 3426.6. Accordingly, Masimo does not rely on the common law "discovery rule" (under which Masimo would bear the burden of proof) because CUTSA expressly requires actual or constructive discovery to start the limitations period. *See id*. Thus, as in *Samuel*, the "burden of proving" Masimo's "actual or constructive discovery" of Apple's wrongdoing in connection with the statute-of-limitations defense "***falls statutorily***" on Apple. *Samuels*, 22 Cal. 4th at 8 (emphasis added).

Masimo acknowledges that multiple cases have applied the common law discovery rule to claims for trade secret misappropriation and held the plaintiff bears the

-2-

burden of establishing its entitlement to rely on the "discovery rule." These cases are simply wrong. Masimo respectfully submits that cases erroneously ignoring the statutory language and California Supreme Court precedent provides no reason for this Court to do so as well. Under the plain language of the statute and *Samuels*, the burden of proving Apple's statute-of-limitations defense remains with Apple.

### 2. The Verdict Form Correctly Lists The Statute-Of-Limitations Question Separately For Each Trade Secret

Apple argues the Court's Special Verdict Form should not require separately deciding whether Masimo waited too long to assert *each* trade secret. Br. at 2. Apple alternatively argues that, "at a minimum, . . . the statute of limitations question should be grouped by alleged trade secret category." *Id.* at 5. Masimo understands the Court resolved this issue on April 19, 2023, in favor of listing each trade secret separately.

## B. The Court's Special Verdict Form Presents Questions In The Correct Order

Apple also argues the verdict form is "in the wrong order." Br. at 5. Apple requests the Court (1) move statute of limitations before willfulness and damages and (2) move inventorship before ownership.

On Apple's first request, Masimo understands the Court will modify the verdict form to place the statute of limitations before damages. Masimo maintains that the Court correctly listed willful misappropriation immediately following the related question on misappropriation. Such a sequence makes sense because the jury will consider misappropriation and the willfulness of that misappropriation based on overlapping and related evidence. Interrupting the two questions risks confusion and disconnect in the jurors' deliberations. Other California courts have arranged verdict forms in trade secret cases to present misappropriation followed by willful misappropriation. *See, e.g.*, *ProofPoint, Inc. v. Vade Secure, Inc.*, Case No. 3:19-cv-04238-MMC, Dkt. 795 (N.D. Cal. Aug. 20, 2021). Thus, the sequence in the verdict form should be misappropriation, then willfulness of that misappropriation, then statute of limitations, then damages.

On Apple's second request, Apple argues that inventorship should come before ownership because Masimo's "ownership claims depend in significant part" on the inventorship claims. Br. at 5. Apple is wrong. Masimo's ownership claims do not depend on its inventorship claims. The jury can find Masimo is a joint owner of the Disputed Patents because (1) Lamego had a duty to assign his rights in the Disputed Patents to Masimo/Cercacor *or* (2) other Masimo employees should be named as inventors. Trial Tr., Day 7 PM at 76:19-78:17 (Madisetti explaining Masimo is a co-owner of '754 patent even if Poeze is not added as a joint inventor because Lamego learned of the claimed subject matter at Masimo); Trial Tr., Day 5 PM at 106:24-107:4 and 137:14-23 (explaining that employee agreements contain invention assignment clauses); Dkt. 296-1, Fourth Amended Complaint, ¶¶ 312-316, 320-324, 328-332, 336-340 (ownership claims); Dkt. 750, First Suppl. To Fourth Amended Complaint, ¶¶377-380 (ownership claims). Even if the jury were to disagree with Masimo on inventorship, Masimo could still prevail on ownership based on Lamego's duty-to-assign. Placing inventorship before ownership would incorrectly suggest to the jury that Masimo must prevail on inventorship to prevail on ownership.

C. **Apple's Miscellaneous Revisions**

Apple requests three "miscellaneous revisions." Br. at 6. *First*, the Court should not change "Asserted Trade Secrets" to "Alleged Trade Secrets." The Court addressed this issue at the initial charge conference on April 18, 2023. The Court expressed concern over how the term "alleged" could be perceived and decided to use the term "Asserted" in the jury instructions. Masimo respectfully requests the Court use "Asserted" throughout the verdict form for the same reasons, and also because the first question on the verdict form asks the jury to resolve whether each "Asserted Trade Secret[] is a trade secret." The jury will answer subsequent questions for those asserted trade secrets the jury determines are a "Trade Secret." Using the label "Alleged" after the jury decides the asserted trade secrets are trade secrets would only confuse the jury.

*Second*, Masimo has no objection to amending the unjust enrichment question as proposed by Apple to recite "unjust enrichment <u>caused by</u> that trade secret misappropriation."

*Third*, the Court should not change nomenclature referencing Masimo. The Pretrial Conference Order identifies Masimo and Cercacor jointly as "Masimo." Dkt. 1483 at 1. The verdict form is fair and consistent by referring to Plaintiffs as "Masimo" and Defendant as "Apple." How Masimo would "register the ownership interest" in the disputed patents is a purely internal matter between Masimo and Cercacor that is of no concern to Apple. However, to eliminate any dispute, Masimo agrees that, were Masimo to prevail on its ownership claims, the Patent Office should be directed to initially register ownership in Masimo Corp. ***and*** Cercacor.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 20, 2023

By: */s/ Benjamin A. Katzenellenbogen*
　　Joseph R. Re
　　Stephen C. Jensen
　　Sheila N. Swaroop
　　Brian C. Horne
　　Irfan A. Lateef
　　Benjamin A. Katzenellenbogen
　　Brian C. Claassen
　　Stephen W. Larson
　　Mark D. Kachner
　　Adam B. Powell
　　Kendall M. Loebbaka
　　Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57461440

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 1,429 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: April 20, 2023              By: */s/ Benjamin A. Katzenellenbogen*
　　　　　　　　　　　　　　　　　　Joseph R. Re
　　　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　　　Sheila N. Swaroop
　　　　　　　　　　　　　　　　　　Brian C. Horne
　　　　　　　　　　　　　　　　　　Irfan A. Lateef
　　　　　　　　　　　　　　　　　　Benjamin A. Katzenellenbogen
　　　　　　　　　　　　　　　　　　Brian C. Claassen
　　　　　　　　　　　　　　　　　　Stephen W. Larson
　　　　　　　　　　　　　　　　　　Mark D. Kachner
　　　　　　　　　　　　　　　　　　Adam B. Powell
　　　　　　　　　　　　　　　　　　Kendall M. Loebbaka
　　　　　　　　　　　　　　　　　　Daniel P. Hughes

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　MASIMO CORPORATION and
　　　　　　　　　　　　　　　　　　CERCACOR LABORATORIES, INC.

57481650