Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**POCKET BRIEF ON UNJUST ENRICHMENT BURDEN**<br><br>Hon. James V. Selna |

On April 19, the Court asked if Masimo has the burden of proving only (1) sales of "products allegedly affected by misappropriation" or if Masimo *also* has the burden of proving (2) "the amount attributable to the appropriation itself." 4/20/2023 PM Tr. (rough) at 117-18. As explained below, Masimo need only show sales of the Apple Watch Series 6-7.[1] Apple then has the burden to show costs *and* the portion of revenue not attributable to misappropriation (*e.g.*, watch features unrelated to the trade secrets). The authority supporting this burden shift is legion. Despite having multiple opportunities to brief and argue this issue, Apple has yet to cite any contrary authority.

### A. After Masimo Proves Sales Of Series 6-7, Apple Has The Burden To Show Portions Of Sales Not Attributable To Apple's Misappropriation

The Restatement on Unfair Competition explains the parties' respective burdens on unjust enrichment as follows:

> The traditional form of restitutionary relief in an action for the appropriation of a trade secret is an accounting of the defendant's profits on sales attributable to the use of the trade secret. The general rules governing accountings of profits are applicable in trade secret actions. The plaintiff is entitled to recover the defendant's net profits. ***The plaintiff has the burden of establishing [1] the defendant's sales; the defendant has the burden of establishing [2] any portion of the sales not attributable to the trade secret and [3] any expenses to be deducted in determining net profits***.

Restatement (Third) Unfair Competition § 45 cmt. f (Am. Law Inst. 1995) ("Restatement") (emphasis added). Thus, the plaintiff bears the burden only to establish the defendant's sales. The defendant then has the burden of establishing both the portion of the sales not attributable to the trade secret *and* the expenses to be deducted in determining net profits.

California courts follow the Restatement's burden shifting framework. In *Micro Lithography Inc. v. Inko Indus.*, 1991 WL 332053, at *1 (Cal. Ct. App. Apr. 9, 1991) (unpublished), the court affirmed jury instructions applying this framework. The

---

[1] Although Masimo could have stopped at revenue, Masimo also calculated profits on the Series 6-7 and then apportioned those profits to the blood oxygen and ECG features.

-1-

instructions explained that the plaintiff has the burden of showing "profits from [accused product] sales" and then "the burden is on [defendant] to show you the portion of its profits that is not attributable to its misappropriation of [plaintiff's] trade secrets." *Id.* The instructions "correctly identified [defendant's] burden of showing that part of its profits were attributable to **features other than those misappropriated from MLI's trade secret**." *Id.* (emphasis added).[2] Thus, *Micro Lithography* confirmed the plaintiff did not have the burden to apportion revenue to particular "features" of the accused products.

The court in *BladeRoom Grp. Ltd. v. Emerson Elec. Co.* gave a similar instruction:

> To decide the amount of any unjust enrichment, first determine the value of Emerson's benefit that would not have been achieved except for its misappropriation of BladeRoom's trade secrets or its breach of the Confidentiality Agreement. Then subtract from that amount the value of any benefit **Emerson has proven** by a preponderance of the evidence is **not attributable to BladeRoom's trade secrets**, as well as Emerson's reasonable expenses, including the value of labor, materials, rents, expenses, and interest on invested capital.

No. 5:15-cv-01370-EJD, Dkt. 849 at 44 (N.D. Cal. May 9, 2018) (attached as Exhibit 1) (emphasis added). Post trial, the court confirmed the defendant had the "burden to prove any portion of its earnings from [the accused design] not attributable to BladeRoom's trade secrets." *Bladeroom*, 331 F. Supp. 3d 977, 988 (citing Restatement § 45 cmt. f).[3] Thus, *Bladeroom* also followed the Restatement's burden-shifting framework by requiring **defendant** to show costs **and** the amount of sales associated with features "not attributable to [plaintiff's] trade secrets...." *See* Ex. 1.

The Court in *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2021 WL 4913509, at *3 (C.D. Cal. Sept. 8, 2021), followed the same approach. There, the Court explained "the

---

[2] The court explained this instruction was appropriate combined with an instruction that discussed the plaintiff's burden on causation. *Micro Lithography*, 1991 WL 332053 at *1. Here, the Court is considering a similar instruction as No. 37A.

[3] The Ninth Circuit vacated and remanded on other grounds. *See* 20 F.4th 1231 at 1246 (9th Cir. 2021) (vacating liability).

-2-

burden falls on [the defendant] to establish any portion of the sales not attributable to the trade secret." *Id.* (finding apportionment unnecessary in that case).

Other courts also follow the same framework. In *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 174 n.14 (1979), the Massachusetts Supreme Judicial Counsel explained, "[o]nce the plaintiffs demonstrate that the defendants have made profits from sales of products incorporating the misappropriated trade secrets, the burden shifts to the defendants to demonstrate the portion of their profits which is not attributable to the trade secrets."

Another court issued a jury instruction that tracked the same framework:

> Here, Alifax bears the initial burden of proving the existence and extent of damages caused by Alcoro's misappropriation of the computer code trade secret. To show unjust enrichment, Alifax must prove by a preponderance of the evidence Alcor's gross sales attributable to its misappropriation of the computer code trade secret.
>
> If you find that Alifax has met its burden of proving gross sales, the burden then shifts to Alcor to prove (1) that ***portions*** of the gross sales are ***not attributable to the misappropriated computer code trade secret***; and/or (2) any expenses that should be deducted to determine net profits attributable to the misappropriated computer code trade secret.

*Alifax Holding SpA v. Alcor Sci. Inc.*, No. 14-cv-00440-WES-LDA, Dkt. 298 at 8-9 (D.R.I. May 3, 2019) (attached as Exhibit 2) (emphasis added).

Other courts also apply the same burden-shifting approach. *See, e.g.*, *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 249 F. App'x 63, 79 (10th Cir. 2007) ("The plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits"); *Cajun Servs. Unlimited LLC v. Benton Energy Serv. Co.*, 2020 WL 3188991, at *39 (E.D. La. June 15, 2020) (defendant's burden to show "portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits'"), *aff'd*, 855 F. App'x 771 (Fed. Cir. 2021); *USM Corp. v. Marson Fastener Corp.*, 392 Mass. 334 (1984) (defendant has the burden to

demonstrate "costs" ***and*** "the portion of the profit attributable to factors other than the trade secret").

This burden-shifting approach makes sense in trade secret cases because "the fact that [the defendant] may lose something of his own is a misfortune which he has brought upon himself." *Jet Spray*, 377 Mass. at 174 n.14; *see also* 2 Dobbs on Remedies § 10.5(3) at 691 (2d ed. 1993) ("Apportionment is largely a question of evidence, with doubts resolved against intentional wrongdoers."). Thus, the Restatement's approach properly "places on the party in possession of the relevant information—the defendant— the burden of demonstrating which portion, if any, of the revenue obtained through the transfer of a trade secret was not, in fact, attributable to the transfer." *Petters v. Williamson & Assocs., Inc.*, 151 Wash. App. 154. 165 (2009).

Even Apple's counsel published a book that cites the Restatement and explained the plaintiff is "***only*** required to prove the amount of the defendant's sales; the defendant then has the burden of 'establishing any portion of the sales not attributable to the trade secret ***and*** any expenses to be deducted in determining net profits.'" Sprankling & Sprankling, Understanding Trade Secret Law (2020) § 7.04[B][2] (emphasis added). Other commentators have similarly recognized "[t]he defendant has the burden to prove the amount of appropriate deductions for its profits that are not attributed to misappropriation." *See* Trade Secret Practice In California (2d ed. 2018) § 12.20.

**B.     The Burden Shift Is Analogous To Trademark and Copyright Law**

Trademark and copyright law allow recovery of the defendant's profits and apply a similar burden-shifting approach. "In assessing profits [in a trademark case,] the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117; *see also Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.3d 1400, 1408 (9th Cir. 1993) (defendant "bears the burden of showing which, if any, of its total sales are not attributable to the infringing activity, and, additionally, any permissible deductions for overhead"). Copyright law applies a similar burden shift. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1023

(9th Cir. 1985) (plaintiff must show "gross revenue" from infringing sales and then defendant had the "burden to prove their deductible expenses and elements of profit attributable to factors other than infringement of [the plaintiff's] product").

C. **Patent Damages Law Does Not Apply To Trade Secret Unjust Enrichment**

The Court's question about requiring the plaintiff to apportion unjust enrichment to the "amount attributable to the appropriation itself" is more applicable to a patent reasonable royalty analysis. In such an analysis, the reasonable royalty calculation to be based on the "smallest salable patent practicing unit." *See LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012). Such principles do not apply to unjust enrichment in a trade secret case.

D. **Apple's Case Law Does Not Support A Contrary Instruction**

Despite filing numerous briefs on unjust enrichment, Apple has never cited any case repudiating the clear burden-shifting approach discussed herein. Instead, Apple relies on general statements about unjust enrichment that say nothing about the parties' respective burdens. *See, e.g.*, Dkt. 1579-1 at 1 (citing *Unilogic, Inc. v. Borroughs Corp.*, 10 Cal. App. 4th 612, 627-28 (1992) ("Plaintiffs may seek only the 'benefit' Apple received from incorporating Plaintiffs' alleged trade secrets into the multi-featured product.")); *id.* at 5 (citing *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 105 (2010) ("Rather 'unjust enrichment is typically measured by the defendant's profits flowing from the misappropriation.'")). Apple also cites to a concurrence to a denial of a rehearing *en banc*. Dkt. 1579-1 at 5 (citing *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1250 (9th Cir. 2021) (Rawlinson, J., concurring)). But the panel's opinion did not address the unjust enrichment burden shifting framework. *See id.* at 1246 (panel opinion). That mere concurrence does not displace the cases cited herein.

Accordingly, the Court should follow the guidance of the Restatement, California courts, and other courts by instructing the jury: (1) Masimo has the burden of proving Apple's sales of Series 6-7 and (2) Apple has the burden of proving deductible costs *and* the portion of the sales not attributable to Apple's misappropriation.

                              Respectfully submitted,

                              KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 20, 2023          By: */s/ Adam B. Powell*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Sheila N. Swaroop
                                        Brian C. Horne
                                        Irfan A. Lateef
                                        Benjamin A. Katzenellenbogen
                                        Brian C. Claassen
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Kendall M. Loebbaka
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs
                                        MASIMO CORPORATION and
                                        CERCACOR LABORATORIES, INC.

57461440

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 1,797 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: April 20, 2023        By: */s/ Adam B. Powell*
                             Joseph R. Re
                             Stephen C. Jensen
                             Sheila N. Swaroop
                             Brian C. Horne
                             Irfan A. Lateef
                             Benjamin A. Katzenellenbogen
                             Brian C. Claassen
                             Stephen W. Larson
                             Mark D. Kachner
                             Adam B. Powell
                             Kendall M. Loebbaka
                             Daniel P. Hughes

                             Attorneys for Plaintiffs
                             MASIMO CORPORATION and
                             CERCACOR LABORATORIES, INC.

57481714