# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALIFAX HOLDING SPA,  )
                     )
        Plaintiff,   )
                     )
    v.               )   C.A. No. 14-440 WES
                     )
ALCOR SCIENTIFIC INC.; and )
FRANCESCO A. FRAPPA,  )
                     )
        Defendants.  )

**CONCLUDING JURY INSTRUCTIONS**

**Phase II: Damages**

Exhibit 2

# TABLE OF CONTENTS

INTRODUCTION – INCORPORATION OF PRIOR INSTRUCTIONS .............. 3
DAMAGES – GENERAL CONSIDERATIONS ................................. 5
TRADE SECRET MISAPPROPRIATION – DAMAGES .......................... 6
MISAPPROPRIATION DAMAGES – UNJUST ENRICHMENT .................... 8
MISAPPROPRIATION DAMAGES – BURDENS OF PROOF .................... 9
MISAPPROPRIATION DAMAMGES – REASONABLE CERTAINTY .............. 11
MISAPPROPRIATION DAMAGES – CAUSATION .......................... 12
DAMAGES – NOMINAL DAMAGES ..................................... 13

Exhibit 2

## Introduction - Incorporation of Prior Instructions

Ladies and gentlemen, now that you have heard all the evidence related to damages, I will instruct you on the applicable law.

As a preliminary matter, you should understand that most of my instructions from the liability phase of this case are equally applicable to this phase. You will have a copy of that charge during your deliberations on damages, so I will not repeat each and every one of those instructions at this time. However, I hereby instruct you that the following instructions from my Phase I: Liability charge should be incorporated here by reference and specifically applied to your deliberations for this phase of the case:

- Duty of The Jury
- Evidence - Definition - Unconscious Bias
- Evidence - Direct & Circumstantial
- Witnesses - Number - Weight of Testimony
- Witnesses - Credibility - General Factors

Exhibit 2

- Witnesses - Expert Witness Testimony

- Exhibits

- Objections by Counsel

- Conduct of the Court

- Preponderance of the Evidence

- Selection of Foreperson & Duty to Deliberate

- Communications with the Court

- Jury Recollection Controls - Rehearing Testimony

- Return of Verdict

4

Exhibit 2

## Damages – General Considerations

Damages, like the other elements of Alifax's claims, must be proven. Although uncertainty in the exact amount of damages does not bar recovery and – as I will further explain – mathematical precision is not required, you may not base any award of any damages on speculation, conjecture, guess work, or a desire to punish a liable party. Damages must be based on the evidence the parties present and on what you consider to be fair and adequate compensation in accordance with the law as I explain it to you.

Case 1:20-cv-00404-JJM-DAE Document 284 Filed 05/04/20 Page 6 of 14 PageID #:149435

Exhibit 2

## TRADE SECRET MISAPPROPRIATION – DAMAGES

According to your verdict from Phase One, Alcor misappropriated two trade secrets:

(1) Using a clear, plastic capillary photometer sensor ("CPS") in an automated ESR analyzer, but only through February 6, 2014; and

(2) Portions of computer program source code concerning the conversion of photometric measurements, including source code containing four specific conversion constants.

In this case, the legal principles for determining any award of damages are different depending on the trade secret under consideration. I have determined that the law limits the damages that may be awarded for misappropriation of the CPS-related trade secret to what is known as "nominal damages." I will define this principle for you shortly.

6

Exhibit 2

Damages for the trade secret embodied in the "computer program source code concerning the conversion of photometric measurements," which I will hereafter refer to as the "computer code trade secret," are determined by a different principle. As applied to this case, the Rhode Island Uniform Trade Secrets Act permits you to award damages in the amount of any unjust enrichment gained by Alcor from its misappropriation of the computer code trade secret. I will define the term "unjust enrichment" in greater detail.

Nevertheless, you should understand that damages attributable to the misappropriation of the two trade secrets at issue will be measured by two different standards.

Case 1:20-cv-00040-JJM-DLM Document 264 Filed 06/04/23 Page 8 of 14 PageID #:149437

Exhibit 2

## MISAPPROPRIATION DAMAGES - UNJUST ENRICHMENT

As I just explained, with respect to the computer code trade secret, you may award damages - if any - in an amount reflecting any unjust enrichment gained by Alcor from its misappropriation of the computer code trade secret. In this context, the term "unjust enrichment" means any benefit that Alcor obtained from the computer code trade secret. In other words, if you find that Alifax has proven that Alcor benefitted from using the computer code trade secret, you may award the monetary value you find has been proven by a preponderance of the evidence to be attributable to that benefit.

Case 1:20-cv-00044-JPS-DAE Document 2164 Filed 06/03/20 Page Page 13 of 14 Page ID #:149438

Exhibit 2

## MISAPPROPRIATION DAMAGES - BURDENS OF PROOF

As I explained at the beginning of this phase of the trial, the allocation of the burden of proof between the parties is different than in the liability phase. I will now explain how this affects your deliberations.

I have determined that, as a matter of law, a burden-shifting framework applies to Alifax's claim of damages for misappropriation of the computer code trade secret. A "burden shifting framework" means that the burden of proof moves from one party to the other after the first party has satisfied a threshold requirement.

Here, Alifax bears the initial burden of proving the existence and extent of damages caused by Alcor's misappropriation of the computer code trade secret. To show unjust enrichment, Alifax must prove by a preponderance of the evidence Alcor's gross sales attributable to its misappropriation of the computer code trade secret.

Exhibit 2

If you find that Alifax has met its burden of proving gross sales, the burden then shifts to Alcor to prove (1) that portions of the gross sales are not attributable to the misappropriated computer code trade secret; and/or (2) any expenses that should be deducted to determine net profits attributable to the misappropriated computer code trade secret.

10

Exhibit 2

## MISAPPROPRIATION DAMAMGES – REASONABLE CERTAINTY

Under Rhode Island law, Alifax is required to prove the amount of any claimed damages with reasonable certainty. Mathematical precision is not required, but an award must reflect a reasonable estimate based upon a rational model.

11

Exhibit 2

## MISAPPROPRIATION DAMAGES – CAUSATION

Alifax also bears the burden of proving by a preponderance of the evidence that the damages it claims were caused by Alcor's misappropriation of Alifax's computer code trade secret. Causation, or lack thereof, may be demonstrated by direct or circumstantial evidence and any reasonable inferences that may be drawn therefrom.

Exhibit 2

## DAMAGES - NOMINAL DAMAGES

As explained earlier, I have determined that the damages that may be awarded for Alcor's misappropriation of the trade secret comprising the "use of a clear, plastic capillary photometer sensor ('CPS') in an automated ESR analyzer" are limited to nominal damages. Nominal damages are not awarded to compensate a party for an injury, but rather to recognize that the aggrieved party's rights have been violated.

Accordingly, <u>only</u> with respect to Alcor's misappropriation of the trade secret comprising "using a clear, plastic capillary photometer sensor ('CPS') in an automated ESR analyzer, but only through February 6, 2014," I hereby instruct that you may enter a verdict of either zero ($0) or ($1.00) in damages.

Exhibit 2