MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**APPLE'S TRIAL BRIEF REGARDING PLAINTIFFS' BURDEN IN CALCULATING THE MEASURE OF UNJUST ENRICHMENT**

Trial: Apr. 4, 2023

JOSEPH J. MUELLER, *pro hac vice*
joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

In determining the measure of unjust enrichment, Plaintiffs bear the initial burden of proving the portion of Apple's benefit attributable to the particular alleged trade secrets that are the focus of the misappropriation claim. Once Plaintiffs have met that burden, Apple must prove the amount of any deductible costs and expenses. This framework follows clearly from the authoritative Restatement (Third) of Restitution and Unjust Enrichment, the text of the CUTSA, California case law, and common sense. Any approach that does not require Plaintiffs to link their unjust enrichment calculation to the benefits flowing from the purported misappropriation—particularly in cases like this one that involve complex, multi-feature products of which the accused features are only a sliver of the total technology—would result in an unearned and inequitable windfall.

## I. PLAINTIFFS BEAR THE INITIAL BURDEN TO PROVE THE MEASURE OF UNJUST ENRICHMENT "CAUSED BY" ANY PROVEN MISAPPROPRIATION

As a general matter, "the unjust enrichment of a conscious wrongdoer … is the net profit *attributable to* the underlying wrong…, [s]ometimes described as the 'benefit' received by the defendant." *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1487 (2014) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 51(4) & § 1, cmt. a (2011)).[1] As the Restatement explains, "[a] claimant who seeks [unjust enrichment] has the burden of producing evidence permitting at least a reasonable approximation of the amount of the wrongful gain." Rest., Restitution, § 51(5)(d). The defendant then bears the "[r]esidual risk of uncertainty in calculating *net* profit"—i.e., the defendant must establish its entitlement to "a credit for money expended … in carrying on the business that is the source of the profit." *Id.* § 51(5)(c)-

[1] As the California Court of Appeal recently noted, "California courts apply principles in the Restatement Third of Restitution and Unjust Enrichment." *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 479 (2022). Plaintiffs rely on the Restatement (Third) on Unfair Competition, but they cite no precedent establishing that it is authoritative in California on this issue. *See* Dkt. 1641 at 1.

(d) (emphasis added). The California Court of Appeal has summarized these principles into the following formula:

> In measuring the amount of the defendant's unjust enrichment, the plaintiff may present evidence of the total or gross amount of the benefit, or a reasonable approximation thereof, and then the defendant may present evidence of costs, expenses, and other deductions to show the actual or net benefit the defendant received.

*American Master Lease*, 225 Cal. App. 4th at 1487.[2]

The basic principle articulated in the Restatement is codified in CUTSA, which provides that a plaintiff may only "recover for the unjust enrichment *caused by* misappropriation." Cal. Civ. Code § 3426.3(a) (emphasis added).[3] The case law is in accord, as it recognizes that "[a] defendant's unjust enrichment is typically measured by the defendant's profits flowing from the misappropriation." *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1305 (2010). Accordingly, "the amount of restitution based upon an unjust enrichment theory depends upon the degree to which [the defendant] was enriched by retention and use of [the plaintiff's] proprietary information." *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 628 (1992); *see also id*. at 627-628 (citing the Restatement (First) of Restitution in support of this rule).[4] Therefore, a trade secret plaintiff must "present evidence of damages specific to the

---

[2] Plaintiffs repeatedly cite to decades-old Massachusetts cases, *see, e.g.*, Dkt. 1641 at 3-4, but such cases are irrelevant to interpreting CUTSA. Massachusetts only adopted the Uniform Trade Secrets Act on October 1, 2018 and previously followed its own, idiosyncratic common law system. *See* Mertinelt & Perrelli, *The Massachusetts Trade Secrets Act, Four Years On, 66* Boston Bar Assoc. Vol. 4 (Nov. 7, 2022).

[3] The Court has rejected Plaintiffs' analogy to trademark and copyright law because it does not pose the same attribution questions. *See* 4/12/23 AM Tr. 10-11 (If an infringer sells a copyrighted photograph "a hundred percent of the revenue is reasonably attributable to having violated the copyright.); Dkt. 1641 at 4-5. Plaintiffs' point that patent law principles do not apply is a *non sequitur*, *id.* at 5; Apple relies on none.

[4] The hornbook co-authored by one of Apple's counsel does not address a multi-feature product, and in any event it discusses the Restatement (Third) of Unfair Competition Law, which as explained is not the law of unjust enrichment in California. *See* Dkt. 1641 at 4; *supra* n.1.

dispute at hand," *id.* at 627, and "[i]t is not sufficient" for Plaintiffs "to attribute the entire value of" the revenue from a product (e.g., Watch) or feature (e.g., Blood Oxygen) when that product or feature has "value that did not involve use of the misappropriated trade secret." *BladeRoom Grp. Ltd. v. Emerson Elec. Co*., 20 F.4th 1231, 1250 (9th Cir. 2021) (Rawlinson, J., concurring).[5]

The Restatement rule ensures that a trade secret plaintiff that brings suit over a particular feature of a complicated product (for example, a design for the windshield wipers used on a Lamborghini—or, as here, a piece of black foam located in a manufacturing facility) will be compensated for the value of its trade secret but not for the entire product. As another example, consider a coffee thermos for which the defendant earns $10 from its sale, where $5 of those earnings come from a lid that is both spill-proof (worth $3) and heat-retaining (worth $2). If the defendant is alleged to have used the plaintiff's trade secret to make the lid spill-proof, the plaintiff bears the burden of proving the benefit *caused by* the defendant's use of the spill-proof secret ($3). It would not be enough to simply point to revenues (or profits) associated with the entire lid. If the plaintiff cannot give the jury "some reasonable basis for the computation" of the value attributable to the misappropriated trade secret—e.g., if it provides evidence only of the value of the whole mug ($10) or the whole lid ($5)—the plaintiff fails to carry its burden to prove the gain *caused by* the misappropriation. *Ajaxo*, 187 Cal. App. 4th at 1305. Only if the plaintiff has met this burden and distinguished the defendant's gain attributable to misappropriation from the defendant's own contributions does the defendant have the burden to prove deductible costs and expenses.

[5] Judge Rawlinson concurred as a panel member, not on a petition for rehearing. *Contra* Dkt. 1641 at 5. Indeed, Judge Rawlinson wrote "separately to bring two additional matters to the attention of the district court," including the details of "BladeRoom's burden to prove the amount of damages" on retrial. 20 F.4th at 1250. Judge Rawlinson therefore expressly rejected the jury instruction Plaintiffs quote. *See* Dkt. 1641 at 2.

This case vividly illustrates the need for these legal principles to guard against windfall damages requests. Apple Watch has a multitude of discrete features that add value to the product overall, of which Blood Oxygen and ECG are only two. Moreover, Plaintiffs do not even purport to hold the rights to a trade secret on the *entire* Blood Oxygen or ECG features—and the actual accused features (supposed secret marketing plans, the aforementioned black foam, a particular short circuit among millions of circuits, and a never-used-in-a-product modulation proposal) are, on the most charitable reading, only a tiny sliver of the total technologies, techniques, processes, and business practices that make these two features valuable. Plaintiffs, not Apple, bear the burden of providing the jury with a reasonable basis for attributing value to any allegedly misappropriated trade secrets. If Plaintiffs' evidence "does not provide a reasonable basis for the jury to award … the amount of unjust enrichment" attributable only to the particular alleged trade secrets proven to have been misappropriated, then that evidence is "useless to the jury." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005).

As the Ninth Circuit has explained, it is inappropriate to attribute the entire value of a product to misappropriation of a trade secret where, as here, "the value of the [product] the [defendant] eventually [produced] … was significantly greater because of [its] own development efforts, marketing and investment." *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 910 (9th Cir. 2010). Allowing the jury to award Plaintiffs any incremental profits associated with Blood Oxygen or ECG (as opposed to the specific *aspects* of those features attributable to any misappropriation of particular trade secrets) would permit Plaintiffs to "acquire[] the fruit of [Apple's] hard work, and not just the appreciation in value of the ideas [Plaintiffs] claim[ they] own[]." *Id.*[6]

---

[6] Mr. Kinrich utterly failed to provide a proper unjust enrichment opinion that comports with this legal framework. Apple has separately briefed the problems with his testimony, which Apple believes require entry of judgment in Apple's favor on the issue of unjust enrichment. *See* Dkt. 1601-1, 1640.

Accordingly, this Court should issue the following instruction on calculating the measure of unjust enrichment:[7]

> Masimo and Cercacor can prove that Apple was unjustly enriched if they prove that Apple is liable for misappropriation of at least one alleged trade secret and that the misappropriation caused Apple to receive a benefit that it otherwise would not have achieved.
>
> In measuring the amount of Apple's unjust enrichment, if any, Masimo and Cercacor must present evidence of the total amount of the benefit attributable to the misappropriation of particular alleged trade secrets. Apple may then present evidence of costs, expenses, and other deductions to show the actual or net profits Apple received that is attributable to the misappropriation.

## CONCLUSION

Apple respectfully requests that if the jury is asked to consider unjust enrichment at all—though, as Apple has separately briefed to the Court, there is no basis on which any reasonable juror could find unjust enrichment on this record—then the Court deliver an instruction to make clear that Plaintiffs bear the burden of proving that their requested unjust enrichment award is attributable to the value of those alleged trade secrets proven to have been misappropriated (if any).

---

[7] Apple expressly preserves its position, articulated in its Proposed Jury Instruction No. 33B, that the jury should be separately instructed that unjust enrichment and causation are elements of liability for a misappropriation claim. *See* Dkt. 1500-1 at 207.

Dated: April 20, 2023

Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 1,714 words, which:

_X_ complies with the word limit of L.R. 11-6.1

___ complies with the word limit set by court order dated [date].

Dated: April 20, 2023

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*