Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**RESPONSE TO APPLE'S TRIAL BRIEF REGARDING PLAINTIFFS' BURDEN IN CALCULATING THE MEASURE OF UNJUST ENRICHMENT**<br><br>Hon. James V. Selna |

Masimo understood the Court requested simultaneous briefs on this issue. Apple filed its brief hours after Masimo and responded to Masimo's arguments. *See* Dkt. 1643 at n.1-5. Masimo files this response to briefly address Apple's brief.

### A. The Restatement Of Restitution Does Not Support Apple's Position

Masimo quoted the Restatement (Third) Unfair Competition ("Restatement of Unfair Competition") for the appropriate burden in trade secret cases. Dkt. 1641 at 1. Apple relies on the Restatement (Third) of Restitution and Unjust Enrichment ("Restatement of Restitution"). Apple argues the plaintiff bears the burden of proving a "reasonable approximation" of the defendant's gain before the defendant may "present evidence" of "costs, expenses and other deductions to show the actual or net benefit the defendant received." Dkt. 1643 at 2 (quoting *American Master*). Apple is incorrect.

Section 51 of the Restatement of Restitution addresses general tort claims. It mentions the phrase "trade secret" only in passing to describe a case in New York. *See* Restatement of Restitution § 51. Apple's lead case citing Section 51, *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1487 (2014), also never mentions the phrase "trade secret." That case addressed a fiduciary duty claim. *Id.*

Section 51 of the Restatement of Restitution does, however, cross-reference Sections 13-15 and 39-46 for more information on specific claims. *See* Restatement of Restitution § 51, cmt. a. Section 42 addresses "Interference with Intellectual Property and Similar Rights," including "trade secrets." *Id.* § 42, cmt. a. That section explains the "inherent difficulty of the necessary accounting in cases of this kind" and that "difficulties of proof will properly be resolved against the wrongdoer, on standard equitable grounds." *Id.* § 42, cmt. h. It further explains:

> This means that the defendant bears the burden of establishing the appropriate deductions from gross revenues to calculate net profits, ***and the parallel burden of establishing the portion of such profits that is derived from elements other than the defendant's wrongdoing***.

*Id.* (emphasis added). The restatement recognizes, "[e]quitable considerations dictate that the plaintiff, as the innocent party, be given the benefit of the doubt; and that stricter

requirements of proof be enforced against conscious and deliberate offenders." *Id.*[1]

Thus, the very authority on which Apple relies articulates the same burden-shifting framework that Masimo identified in its pocket brief. In particular, the plaintiff establishes sales of accused products and then the defendant has "parallel" burdens to establish both (1) deductions to calculate net profits *and* (2) the portion of the profits derived from "elements other than the defendant's wrongdoing." *Id.*

## B. Apple's Cases Do Not Support Its Position

Apple continues to rely on cases that address general statements about unjust enrichment and say nothing about the parties' respective burdens. For example, Apple cites *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1305 (2010), for the proposition that "[a] defendant's unjust enrichment is typically measured by the defendant's profits flowing from the misappropriation." Apple also relies on *Unilogic, Inc. v. Borroughs Corp.*, 10 Cal. App. 4th 612, 627-28 (1992), and *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005), for similar statements of law. Masimo is not disputing that unjust enrichment is intended to capture profits from the misappropriation itself. The issue here is the parties' respective burdens in arriving at that calculation. Neither *Ajaxo*, *Unilogic*, nor *O2 Micro* address that issue. And *Ajaxo* provides no support whatsoever for Apple's hypothetical about apportioning the value of a mug. *See* Br. at 3 (citing *Ajaxo*).

Apple also cites *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 910 (9th Cir. 2010), for the proposition that it would be "inappropriate to attribute the entire value of a product" if the value was greater because of the defendant's efforts. But *Mattel* also did not address the parties' respective burdens. And *Mattel* discussed a constructive trust that gave ownership of trademark rights—not unjust enrichment. Regardless, Masimo

---

[1] Section 51 cited by Apple also recognizes uncertainty is resolved "in favor of the claimant against the conscious wrongdoer." Restatement of Restitution § 51, cmt. i. For example, if "the true measure of unjust enrichment is an indeterminable amount not less than 50 and not more than 100, liability in disgorgement will be fixed at 100." *Id.*

is not suggesting it should obtain "the entire value" of the Apple Watch.

Apple's arguments about *BladeRoom* are also misplaced. After vacating liability, the *BladeRoom* panel vacated damages because it was a lump sum and the panel had "no way of knowing how much damages the jury intended to allocate for each claim." *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1246 (9th Cir. 2021). The panel's opinion did not address the unjust enrichment burden-shifting framework. The concurrence said the plaintiff had the "burden to prove the amount of damages," but also did not address the burden-shifting framework. *Id.* at 1250. The single concurring opinion in *BladeRoom*, which did not address the burden-shifting framework at issue here, cannot overcome the extensive authority Masimo cited.

Accordingly, Masimo respectfully submits that the Court should adopt Masimo's proposed burden-shifting framework set forth in its brief. *See* Dkt. 1641.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 20, 2023

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57461440

-3-

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 862 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: April 20, 2023            By: /s/ Adam B. Powell
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Sheila N. Swaroop
                                    Brian C. Horne
                                    Irfan A. Lateef
                                    Benjamin A. Katzenellenbogen
                                    Brian C. Claassen
                                    Stephen W. Larson
                                    Mark D. Kachner
                                    Adam B. Powell
                                    Kendall M. Loebbaka
                                    Daniel P. Hughes

                                    Attorneys for Plaintiffs
                                    MASIMO CORPORATION and
                                    CERCACOR LABORATORIES, INC.

57481714