MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' UNTIMELY REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. James V. Selna |

1   JOSEPH J. MUELLER, *pro hac vice*
       joseph.mueller@wilmerhale.com
2   SARAH R. FRAZIER, *pro hac vice*
       sarah.frazier@wilmerhale.com
3   WILMER CUTLER PICKERING
       HALE AND DORR LLP
4   60 State Street
    Boston, MA 02109
5   Tel.: 617.526.6000 / Fax: 617.526.5000

6   NORA Q.E. PASSAMANECK, *pro hac vice*
       nora.passamaneck@wilmerhale.com
7   WILMER CUTLER PICKERING
       HALE AND DORR LLP
8   1225 Seventeenth Street, Suite 2600
    Denver, CO 80202
9   Tel.: 720.274.3152 / Fax: 720.273.3133

10  BRIAN A. ROSENTHAL, *pro hac vice*
       brosenthal@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
12  New York, NY 10166-0193
    Tel.: 212.351.2339 / Fax: 212.817.9539
13
    KENNETH G. PARKER, SBN 182911
14     ken.parker@haynesboone.com
    HAYNES AND BOONE, LLP
15  660 Anton Boulevard, Suite 700
    Costa Mesa, CA 92626
16  Tel.: 650.949.3014 / Fax: 949.202.3001

17
18
19
20
21
22
23
24
25
26
27
28

This Court should exercise its discretion to deny Plaintiffs' eleventh-hour request for judicial notice, Dkt. 1608, for three reasons.

*First*, Plaintiffs' request is untimely and would prejudice Apple. Plaintiffs cite no case permitting a request for judicial notice during a trial. Rather, as a general matter, "the last time [the court can take judicial notice] without disrupting a jury trial is at the very beginning of the trial when the parties can adjust their cases to conform with the court's ruling." 21B Wright & Miller, *Federal Practice And Procedure Evidence* § 5110 (2d ed.). Plaintiffs' decision to delay until the *third* week of trial and days after Apple started presenting its affirmative case is particularly inequitable. Nearly all of Apple's scheduled witnesses have long since testified, and it is too late for Apple to modify its trial strategy in response to the new evidence presented by Plaintiffs.

*Second*, Plaintiffs' request is an improper attempt to backfill their affirmative ownership/inventorship case and their defensive case in response to Apple's statute of limitations defense. Plaintiffs should not be permitted to request judicial notice simply because they were unable to bring the three documents in the proper way—i.e., by examining knowledgeable witnesses and moving documents into evidence.

Notably, Plaintiffs tried to examine Dr. Lamego on JTX-1899, the U.S. Patent No. 10,219,754 patent's prosecution history, but he gave them unhelpful testimony. *See* 4/13 PM Tr. 68:13-70:2 (Dr. Lamego testifying that although he does not remember precisely, he did sign certain documents associated with the '754 patent at Apple's request and that he has knowledge about the facts underlying the patent's conception).[1] If Plaintiffs wanted to establish what Dr. Lamego did or did not sign and ask the jury to draw inferences from those facts, they should have confronted Dr. Lamego with the documents they are now trying to have the Court read and interpret for the jury. Plaintiffs' failure to do so is particularly striking, given that they have already recalled one witness for their "rebuttal" case (Dr. Madisetti) and plan to recall another on

---

[1] Plaintiffs never even tried to examine any witness on JTX-1900 or JTX-1901, the other documents that appear in their request for notice.

Tuesday (Mr. Kiani).

*Third*, Plaintiffs' request (Dkt. 1608 at 3) for this Court to instruct the jury that Dr. Lamego did not sign an oath that he is an inventor is an improper attempt to use judicial notice to introduce hearsay. That Apple filed a "Substitute Statement in Lieu of Declaration" form is noticeable only for the fact that such a form was filed, and not whether Dr. Lamego ever signed an oath. Plaintiffs' request is therefore contrary to the Ninth Circuit rule that a court can take judicial notice of the existence of a public record but "not for the truth of the facts recited therein." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Other judges, including on this court, have recognized requests like Plaintiffs are "one of the major abuses of judicial notice." *Schechter v. Smith*, 2011 WL 13174954, at *8 (C.D. Cal. Dec. 6, 2011); *see also Stevenson v. Holland*, 2021 WL 4318122, at *8 (E.D. Cal. Sept. 23, 2021). Plaintiffs should not be permitted to use a late-filed request for judicial notice to circumvent the normal rules of evidence.

## CONCLUSION

Apple respectfully requests that this Court deny Plaintiffs' request, and strike Docket No. 1608.

Dated:  April 22, 2023

Respectfully submitted,

JOSEPH J. MUELLER
MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
      Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 567 words, which:

  X  complies with the word limit of L.R. 11-6.1

  __ complies with the word limit set by court order dated [date].

Dated:  April 22, 2023         Respectfully submitted,

> MARK D. SELWYN
> AMY K. WIGMORE
> JOSHUA H. LERNER
> SARAH R. FRAZIER
> NORA Q.E. PASSAMANECK
> THOMAS G. SPRANKLING
> WILMER CUTLER PICKERING HALE AND DORR LLP
>
> BRIAN A. ROSENTHAL
> GIBSON, DUNN & CRUTCHER LLP
>
> KENNETH G. PARKER
> HAYNES AND BOONE, LLP
>
> By:  /s/ *Mark D. Selwyn*
>           Mark D. Selwyn
>
> *Attorneys for Defendant Apple Inc.*