Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S REPLY IN SUPPORT OF MASIMO'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. James V. Selna |

Apple does not dispute the Court can take judicial notice of the prosecution histories of the '754, '095, and '390 patents, and instruct the jury regarding them, pursuant to Rule 201. Nor does Apple dispute the caselaw justifying Masimo's request. *See Upstream Holdings, LLC v. Brekunitch*, 2022 WL 19296350, at *3 (C.D. Cal. Sept. 30, 2022) (courts may take judicial notice of patent prosecution histories); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008, n.2 (Fed. Cir. 2018); *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, 2013 WL 12129652, at *1–2 (C.D. Cal. Nov. 19, 2013).

Instead, Apple argues the Court should not take judicial notice based on three inapplicable arguments. *First*, Apple argues Masimo's request is untimely. Dkt. 1660 at 1:3-11. But the Court may take judicial notice at any stage of the proceeding. Fed. R. Civ. P. 201(d); *see* 21B Wright & Miller, *Fed. Prac. & Proc. Evid.* § 5110 (2d ed.) ("Rule 201(f) empowers the court to take judicial notice at trial."). Apple argues it cannot modify its trial strategy because nearly all its witnesses have now testified. Dkt. 1160 at 1:8-11. However, that was not true when Masimo requested judicial notice last Monday, April 17. Dkt. 1608. At that time, only two of Apple's thirteen witnesses (Hotelling and Perica) had finished testifying. One of the named inventors on two of the patents, Hotelling, could have testified about the prosecution histories. Hotelling was recalled to the stand on Thursday, April 20, at which time Apple was free to ask him anything it wanted about the prosecution histories. Apple also ignores that its technical experts testified on April 19 and 20 and could have discussed the prosecution histories. Further, most of Apple's witnesses have now testified because Apple waited until Saturday, April 22, to oppose. Dkt. 1660. Apple cannot use its own delay to claim prejudice. Nor does Apple identify any prejudice or evidence it would have but cannot now introduce.

*Second*, Apple argues that Masimo should have, but did not, introduce the prosecution histories and related facts through witnesses. Dkt. 1660 at 1:14-2:1. But Masimo did attempt to introduce such evidence with Lamego, who testified to having no recollection of being involved in prosecuting any of the three patents. T8-2 at

68:23-70:2.  Regardless, the prosecution histories and related facts are not subject to reasonable dispute.  Fed. R. Civ. P. 201(b).  The prosecution histories are matters of public record, and for that reason, the Court already held Apple could not dispute the fact of its Non-Publication Request or the publication date of the '754 patent.  Dkt. 606 at 5; Dkt.1608 at 23-2.  Thus, Masimo's request is proper.

*Third*, Apple argues the Court cannot take judicial notice of facts in Apple's "Substitute Statement[s] in Lieu of Declaration" and tell the jury that Lamego did not sign an inventor oath because the Court cannot take judicial notice of public records "for the truth of the facts recited therein."  Dkt. 1660 at 2:2-6.  Apple's cases do not support this argument.  In *Lee v. City of Los Angeles*, the district court erred by taking judicial notice of "***disputed*** facts stated in public records."  250 F.3d 668, 690 (9th Cir. 2001) (emphasis added).  In *Schechter v. Smith*, the court declined to take judicial notice of a bankruptcy hearing transcript because the defendant also wanted the court to adopt "the bankruptcy judge's findings, the accuracy of which is ***disputed*. . ."  2011 WL 13174954, at *8 (C.D. Cal. Dec. 6, 2011) (emphasis added).  In *Stevenson v. Holland*, the court denied a request to take judicial notice "at this time" because the court was concerned "judicial notice here might be used in violation of" the normal limits that judicial notice cannot be used to establish disputed facts or evade the hearsay rule.  2021 WL 4318122, at *8 (E.D. Cal. Sept. 23, 2021).  Here, Masimo requests the Court take judicial notice and tell the jury of only the undisputed facts that Lamego did not sign an inventor oath, and that Apple requested non-publication of the '754 patent's application.  Dkt. 1608 at 3.  Apple does not dispute these facts in its opposition.  Dkt. 1660.  These facts are not subject to reasonable dispute.  Regardless, these facts would not be inadmissible hearsay because they come from statements by Apple.

Accordingly, Masimo respectfully requests the Court take judicial notice and instruct the jury as explained in Masimo's brief.  Dkt. 1608 at 3.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | |
| 4 | Dated: April 24, 2023        By: */s/ Joseph R. Re* |
| 5 |             Joseph R. Re |
|   |             Stephen C. Jensen |
| 6 |             Sheila N. Swaroop |
|   |             Brian C. Horne |
| 7 |             Irfan A. Lateef |
|   |             Benjamin A. Katzenellenbogen |
| 8 |             Brian C. Claassen |
|   |             Stephen W. Larson |
| 9 |             Mark D. Kachner |
|   |             Adam B. Powell |
| 10 |            Kendall M. Loebbaka |
|    |            Daniel P. Hughes |
| 11 | |
|    | Attorneys for Plaintiffs |
| 12 | MASIMO CORPORATION and |
|    | CERCACOR LABORATORIES, INC. |

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 735 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 24, 2023

By: */s/ Joseph R. Re*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57503062