# APPENDIX A

<u>Court's Instruction No. 19</u>

Masimo and Cercacor must prove that they were in lawful possession of the Asserted Trade Secrets at the time of the Asserted misappropriation.

A party claiming that it has a trade secret does not have to prove that it was written down before it files a claim. Of course, the party must prove the trade secret existed prior to filing its claim. However, once it brings a claim, that party is required to provide a written description of its claimed trade secrets so the defendant understands the scope of the claim. That is what happened in this case, and those written descriptions of the Asserted Trade Secrets appear in your juror notebooks. Those descriptions provide the controlling definitions of the Asserted Trade Secrets in this case. You have heard testimony that Plaintiffs' lawyers were involved in drafting those written descriptions. Even though Plaintiffs' lawyers were involved in drafting the required disclosures, non-lawyer witnesses, such as an engineer, may testify about the Asserted Trade Secret's scope and meaning, efforts to keep the Asserted Trade Secret a secret, the value of the trade secrets, and other related facts. [[ Ultimately, it will be your job to determine the scope and meaning of any trade secrets that you find exist, based on your evaluation of evidence presented. ]]  As I previously instructed you, you must decide the facts based on evidence presented through the witnesses, not the arguments of counsel [[ , although counsel may argue the weight of the evidence ]].