1    MARK D. SELWYN, SBN 244180
        mark.selwyn@wilmerhale.com
2    THOMAS G. SPRANKLING, SBN 294831
        thomas.sprankling@wilmerhale.com
3    WILMER CUTLER PICKERING
        HALE AND DORR LLP
4    2600 El Camino Real, Suite 400
     Palo Alto, CA 94306
5    Tel.: 650.858.6000 / Fax: 650.858.6100

6    JOSHUA H. LERNER, SBN 220755
        joshua.lerner@wilmerhale.com
7    WILMER CUTLER PICKERING
        HALE AND DORR LLP
8    One Front Street, Suite 3500
     San Francisco, CA 94111
9    Tel.: 628.235.1000 / Fax: 628.235.1001

10   AMY K. WIGMORE, *pro hac vice*
        amy.wigmore@wilmerhale.com
11   WILMER CUTLER PICKERING
        HALE AND DORR LLP
12   2100 Pennsylvania Ave NW
     Washington, DC 20037
13   Tel.: 202.663.6000 / Fax: 202.663.6363

14   [Counsel appearance continues on next page]

15   *Attorneys for Defendant Apple Inc.*

16

17                    **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

18

19   MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
     a Delaware corporation; and
20   CERCACOR LABORATORIES, INC.,
     a Delaware corporation,                **APPLE'S OBJECTIONS FOR THE**
21                                           **RECORD TO THE COURT'S JURY**
                        Plaintiffs,          **INSTRUCTIONS AND VERDICT**
22                                           **FORM**
                  v.
23
     APPLE INC.,
24   a California corporation,
                                             Trial: April 4, 2023
25                      Defendant.

26

27

28

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 8:20-cv-00048-JVS (JDEx)

JOSEPH J. MUELLER, *pro hac vice*
 joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
 sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
 nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
 Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 8:20-cv-00048-JVS (JDEx)

Apple hereby states for the record the following objections to the April 25, 2023 versions of the Court's Jury Instructions, *see* Ex. A, and Verdict Form, *see* Ex. B. To the extent the Court modifies the jury instructions or verdict form after this filing, Apple requests that the Court deem these objections reasserted to the fullest extent consistent with the Court's revised jury instructions and verdict form.  Apple further incorporates by reference and restates as objections the positions set out in its proposed jury instructions position statements, Dkt. 1500-1; its proposed verdict form and objections, Dkt. 1497-1 at 15-55; its trial brief and supplemental trial briefing, *see, e.g.*, Dkts. 1495, 1542, 1557, 1568, 1602, 1607, 1617, 1640, 1642, 1643; its briefing in support of its motions *in limine*, Dkts. 1296, 1299-1, 1302-1, 1305-1, 1375, 1377-1, 1379-1, 1381-1, 1360; its *Daubert* and other pre-trial motions, including motions for partial summary judgment and motions to strike, Dkts. 1101, 1249, 1097, 1246, 1172, 1247, 1171, 1245, 1170, 1248, 1225; its offers of proof, Dkts. 1472, 1625; its brief in support of its motion under Rule 50(a), Dkt. 1655-1; and its other written and oral motions and objections, both docketed and stated on the record at trial.  In addition to the positions and objections incorporated by reference, Apple makes the following objections to the Court's jury instructions and verdict form.

| Instruction | Objections and Requests |
|---|---|
| 1 – Role of Jury | • Apple objects to the omission of the language proposed by Apple that the jury must avoid bias against a party based on its wealth or size.  *See* Dkt. 1500-1 at 35.<br><br>• Specifically, Apple requests that the Court include the following sentence after the second sentence in the third paragraph: "Nor may you consider the overall wealth or size of any party, since that is not relevant to any of the issues that you must decide." |
| 2 – Resolved Issues | • No objection. |

| | |
|---|---|
| 3 – Claims and Defenses | • Apple objects to the use of the term "Asserted Trade Secrets" in Instruction No. 2 and elsewhere in the jury instructions and verdict form, as opposed to the term "Alleged Trade Secrets" as Apple has proposed.  It is Apple's position that the term "Asserted Trade Secrets" could be misinterpreted to mean that the alleged trade secrets are in fact trade secrets.  Apple believes that term "Alleged Trade Secrets" more accurately characterizes their status in the case and makes clear that whether they are in fact trade secrets is something for the jury to decide. |
| 4 – Court Procedures Are Not Evidence | • No objection. |
| 5 – Overview of Patent & Trade Secret Law | • Apple objects to the omission of the language proposed by Apple for Instruction No. 5 and in later instructions that publication of information in a patent is fatal to trade secrecy as a matter of law.<br><br>   o  Specifically, Apple requests that the Court add the following sentence to the end of the second paragraph: "Therefore, information disclosed in a patent is no longer entitled to trade secret protection, because such information is in the public domain."<br><br>• Under Ninth Circuit and Federal Circuit precedent, publication of information in a patent is fatal to trade secrecy as a matter of law.  Apple relies at least on the following cases:  *Attia v. Google LLC*, 983 F.3d 420, 426 (9th Cir. 2020); *Ultimax Cement Mfg. Co. v. CTS Cement Mfg. Co.*, 587 F.3d 1339, 1355-1356 (Fed. Cir. 2009); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012) (cited by Plaintiffs on other issues).<br><br>• In addition, Mr. Kiani admitted in his testimony that D10 "is not a secret anymore" after publication of the '754 patent.  4/6 AM Tr. 110:7-111:1. |
| 6 – Summary of Claims & Defenses | • Apple maintains its objection to the Court's exclusion of Apple's readily ascertainable defense in its Order granting in part Plaintiffs' *Daubert* motion, Dkt. 1284, and the |

| | Court's related decision not to instruct the jury as to the readily ascertainable defense.<br><br>   ○  Specifically, Apple requests that the Court include the following sentence as point 5(d) at the end of the instruction: "Apple contends that the information alleged to be trade secrets was readily ascertainable by proper means." |
|---|---|
| 7 – Burdens of proof | • No objection. |
| 8 – What is Evidence | • No objection. |
| 9 – What is Not Evidence | • No objection. |
| 10 – Note Taking | • No objection. |
| 11 – Objections | • No objection. |
| 12 – Depositions | • No objection. |
| 13 – Charts, Summaries, & Demonstratives | • No objection. |
| 14 – Charts & Summaries in Evidence | • No objection. |
| 15 – Witness Credibility | • No objection. |
| 16 – Experts | • No objection. |
| 17 – Weaker / Stronger Evidence | • No objection. |
| 18 – Introduction to Misappropriation | • Apple objects to the inclusion of "acquisition" and "disclosure" in line 9, within the second sentence of the second paragraph, because Plaintiffs lack a theory of damages or unjust enrichment caused by either acquisition or disclosure, as opposed to use.<br><br>• Apple maintains its objection to the Court's exclusion of Apple's readily ascertainable defense. *See supra* p. 2. |

| | |
|---|---|
| | ○ Specifically, Apple requests that the Court include the phrase "and that the alleged trade secrets were readily ascertainable" at the end of the last sentence of Instruction No. 18.<br><br>• Apple also requests that the Court add the phrase "that Plaintiffs did not possess the alleged trade secrets as defined," after "Apple contends" in the second sentence of the third paragraph.<br><br>• For avoidance of doubt, Apple notes that the phrase "Asserted Trade Secrets listed in [the] Juror Notebooks" here and similar phrases repeated throughout these instructions refers to the conclusive list of alleged trade secrets set forth as Exhibit A to the Joint Pretrial Conference Order, Dkt. 1483 at 28-31. |
| 19 – Essential Elements | • Apple objects to the Court's inclusion of the words "acquired" and "disclosed" in line 11 (point 3) and the inclusion of the words "acquisition" and "disclosure" in line 22 (point 2), because there is no evidentiary foundation for these theories of misappropriation. |
| 20 – Possession | • Apple objects to the omission of Apple's proposed language that the jury may consider the absence of pre-litigation documentation as relevant to possession. Specifically, Apple requests that the Court include the following language after the first sentence in the second paragraph: "However, in determining whether Masimo and Cercacor possessed the alleged trade secret, you may consider as relevant evidence whether Masimo and Cercacor had any written documentation of the trade secrets at the time of the alleged misappropriation."<br><br>• Apple objects—as explained in footnote 38 of Apple's proposed jury instructions on page 89 of Dkt. 1500-1—to the Court's decision not to instruct the jury that they must find that each Plaintiff separately proved its case and not to instruct the jury that Plaintiffs must prove ownership of the trade secrets, in addition to lawful possession.<br><br>○ Specifically, Apple requests that the Court insert after the first paragraph in this instruction the paragraph set |

| | |
|---|---|
| | forth in footnote 38 on page 89 of the joint proposed instructions filing, Dkt. 1500-1. |
| 21 – Trade Secret Defined | • Apple objects to the Court's decision not to require the jury to find that the alleged trade secrets are defined with reasonable particularity. As explained in Apple's supplemental trial brief on jury instructions, the trial record put at issue the particularity of Plaintiffs' alleged trade secrets. Dkt. 1606-1 at 4-9. Specifically, Apple requests that the Court add the following language as the first element in the list within Instruction No. 21: "That the alleged trade secret is identified with reasonable particularity." Apple also requests that the Court deliver the Supplemental Instruction No. 18.1 on reasonable particularity set forth at Dkt. 1607-1 at 2 (Appendix A to Supp. Br. On Jury Instructions). <br><br> • Apple objects to the Court's verdict form because it does not ask the jury to separately indicate their verdict as to each requirement of the trade secret definition listed in Instruction No. 21. Specifically, Apple requests that the Court add questions to the verdict form requiring the jury to separately answer whether Plaintiffs proved, for each alleged trade secret, that it (a) was identified with reasonable particularity, (b) was possessed by Plaintiffs, (c) was not generally known, (d) had independent economic value because it was secret, and (e) was subject to reasonable efforts to maintain secrecy, as set forth in Apple's proposed verdict form, *see, e.g.*, Dkt. 1497-1 at 26. This level of granularity is important for ensuring there is transparency in the jury's decision making and for clarifying the record on appeal, since the parties dispute the correct legal standard to apply on several elements of Plaintiffs' misappropriation claim. |
| 22 – Independent Economic Value | • *First*, as previously stated, Apple objects to the Court's description of the effect of patent publication to the extent that it leaves open the possibility that publication of information in a patent or patent application would not eliminate any trade secrecy. Under Ninth Circuit and Federal Circuit precedent, publication of information in a |

patent is fatal to trade secrecy as a matter of law. *See supra* p. 2.

    o Specifically, Apple requests that the Court replace the sentence starting on the last line of page 29 with the following: "Publication of information in a patent or a patent application makes it generally known to the public and so eliminates any trade secrecy."

• *Second*, Apple objects to the Court placing the not generally known instruction contained in the last paragraph of Instruction No. 21 in the independent economic value instruction, rather than in a standalone "Secrecy Requirement" instruction, as Apple proposed in its Proposed Instruction No. 21B (Dkt. 1500-1 at 118), which would be consistent with CACI 4403. Apple believes that including the not generally known language in the independent economic value instruction will confuse the jury as to whether Plaintiffs bear a distinct burden to prove that each alleged trade secret is not generally known to the public or others who could obtain value from knowing it.

• Apple objects to the omission of Apple's proposed paragraph beginning on page 107, line 20 of the joint proposed jury instructions (Dkt. 1500-1) instructing the jury that the definition of the value, importance, and appropriateness ("VIA") alleged trade secret does not affect Plaintiffs' burden. Specifically, Apple requests that the Court include the paragraph beginning on page 107, line 20 of Dkt. 1500-1 after line 21 in Instruction No. 22:

"In determining whether Masimo and Cercacor have proven that the alleged trade has independent economic value, the fact that the words "value" or "importance" may appear in the description of the alleged trade secret should make no difference to your analysis. Masimo and Cercacor have the burden of proving that each alleged trade secret has independent economic value regardless of how they named or described their alleged trade secrets."

| | |
|---|---|
| 23 – Reasonable Efforts | • Apple objects to the omission of "valid" on line 24 before the word "confidentiality," as Apple proposed in the Joint Proposed Jury Instructions at Dkt. 1500-1 on page 113, line 2. Apple maintains its position that Plaintiffs' overbroad Employee Confidentiality Agreements are invalid as a matter of law under Section 16600, as Apple explained in its Response to Plaintiffs' argument on the timeliness of its unclean hands defense. Dkt. 1513-1 at 5. |
| Secrecy Requirement (omitted) | • As previously stated, Apple objects to the omission of this instruction. Specifically, Apple requests that the Court deliver in its entirety Apple's Proposed Instruction No. 21B set forth Dkt. 1500-1 at 122 ("Second Element— Secrecy Requirement"). |
| 24 – Combination Trade Secrets | • Apple objects to the Court permitting Plaintiffs to pursue a combination trade secrets case, because Plaintiffs did not timely disclose that they were pursuing a combination trade secret case, as Apple explained in its Supplemental Brief on Jury Instructions at Dkt. 1631 at 9-10 (Suppl. Br. On Jury Instr.); *see also* Dkt. 1500-1 at 132.<br><br>• In the alternative, Apple objects to the Court's formulation of the combination trade secret doctrine in its Instruction No. 24, which gives Plaintiffs the benefits of doctrine without any of the additional burdens imposed by California law. In particular, Apple objects to the lack of language making clear that Plaintiffs must prove the existence of a novel and unique combination, that the combination was not created for this litigation, and that the elements of the combination are functionally interrelated, as Apple explained in the Joint Proposed Jury Instructions (Dkt. 1500-1) at pages 132-134.<br><br>    ○ Specifically, Apple requests that the Court replace the second paragraph of Instruction No. 24 (starting at line 10) with the second paragraph of Apple's Proposed Instruction No. 22B (Dkt. 1500-1 at 131:8-17).<br><br>• Apple also objects to the Court's verdict form because it does not ask the jury to identify which alleged trade secrets it relied on the combination trade secrets doctrine. Apple therefore requests that the Court add a question to |

| | |
|---|---|
| | the verdict form that would require the jury to identify whether it concluded that any of the alleged trade secrets is a combination trade secret. |
| 25 – Corporation as Party | • No objection. |
| 26 – Employer Responsibility for Acts and Knowledge of Employees | • Apple objects to the inclusion of the language above line 12, because it is improper to instruct the jury with any language suggesting vicarious liability is available, for the reasons set forth in Apple's briefing on the jury instructions, including in its Reply in support of its Supplemental Trial Brief on Jury Instructions, Dkt. 1642 at 1-3, and the Joint Proposed Jury Instructions, Dkt. 1500-1 at 144-146. |
| 27 – Employee Confidentiality Agreements | • As Apple explained in its argument in support of Proposed Instruction No. 23, Dkt. 1500-1 at 136, its motion *in limine* No. 4, Dkt. 1318, Dkt. 1410, and its offer of proof on the unclean hands defense, Dkt. 1513-1, the Court should have (1) ruled that the confidentiality provisions of the Employee Confidentiality Agreements are void as a matter of law under Section 16600 and (2) excluded the confidentiality provisions entirely from the trial record or, in the alternative instructed the jury that those provisions were void.  Specifically, Apple requests that the Court replace Instruction No. 27 with Apple's Proposed Instruction No. 23.  Dkt. 1500-1 at 135.[1] |
| 28 – Definition of Misappropriation | • As previously stated, for example in Apple's Objection to Plaintiffs' Proposed Instruction No. 25, Dkt. 1500-1 at |

---

[1] Apple further objects to the unredacted admission of all versions of Plaintiffs' Employee Confidentiality Agreement, *see, e.g.*, JTX-769, JTX-810, JTX-1309, JTX-1597, JTX-2514, and JTX-2937. Specifically, Apple requests that the Court redact the non-compete and non-solicitation provisions therein, as well as to references to and discussions of those provisions in JTX-2937.  These provisions are not relevant to any issue before the jury, and they are invalid under Cal. Bus. & Prof. Code § 16600, such that their admission is unduly prejudicial to Apple. *See* 4/11/23 AM Tr. 7:2-8; Dkt. 1526 at 3 n.1; Dkt. 1439 at 7 n.2.  To the extent the Court permits the jury to view those exhibits without redaction, Apple objects to the omission of an instruction to the jury that the non-compete and non-solicitation provisions (e.g., JTX-xxx, paragraphs 13, 14, and 15) are void and unenforceable under California law.  *See* Dkt. 1472; *Edwards v. Arthur Andersen*, 44 Cal. 4th 937, 945 (2008).

| | |
|---|---|
| | 150-152, Apple objects to the jury being charged that they can find liability on theories of misappropriation-by-acquisition and misappropriation-by-disclosure, because Plaintiffs have presented no damages theories to support either. |
| | • Relatedly, Apple objects to the Court's verdict form, because (1) it does not require the jury to specify which theory of misappropriation (acquisition, use, or disclosure), if any, the jury believes applies to each alleged trade secret, (2) the verdict form does not require the jury to specify for each alleged trade secret if it found that Plaintiffs had proven causation, and (3) the verdict form does not require the jury to specify the connection between its liability verdict and any award of monetary relief, as Apple's proposed verdict form did in question 77. *See* Dkt. 1497-1 at 42. |
| | • Specifically, if the jury finds liability for misappropriation of multiple alleged trade secrets and awards some monetary relief, the current version of the verdict form does not provide a way for distinguishing between alleged trade secrets for which the jury found liability but not causation (and thus may be subject to a later reasonable royalty proceeding) and those alleged trade secrets for which unjust enrichment was awarded and so would be excluded from any such proceeding.  This inability to distinguish between trade secret liability with monetary relief and trade secret liability without such relief will also create ambiguity on appeal from any reasonable royalty proceeding and in connection with the possibility of liability for misappropriation by acquisition or by disclosure. |
| 29 – Misappropriation by Acquisition | • Apple objects to the Court delivering this instruction because Plaintiffs have no theory of damages or unjust enrichment arising solely from improper acquisition.  *See* Dkt. 1500-1 at 151-152 (objection to Plaintiffs' proposed Instruction No. 25).  Plaintiffs' sole remaining theory of unjust enrichment depends solely on Apple's purported use of the alleged trade secrets.  Plaintiffs' failure to preserve a theory of unjust enrichment "based on |

| | |
|---|---|
| | acquisition *alone*" and to "articulate any acquisition-only damages theory based on the facts of [this] case" precludes the delivery of an instruction permitting imposition of liability for misappropriation-by-acquisition.  Order Re Jury Instruction on Damages Based Only On Acquisition, *Waymo LLC v. Uber Techs., Inc.*, No. C 17-939 (N.D. Cal. Jan. 18, 2018), Dkt. 2495 at 4-5.

• Moreover, the prospect of reasonable royalties does not justify delivering Instruction No. 29.  As Apple explained in its objection to Plaintiffs' Proposed Instruction No. 25, reasonable royalties are not available where liability is premised on misappropriation by acquisition.  *See* Dkt. 1500-1 at 150-152.  *Cisco Systems v. Chung* held that "[u]nder California trade secret law, [Plaintiffs] must show 'use,' neither 'acquisition' nor 'disclosure' are sufficient for reasonable royalty damages."  2023 WL 2622155, at *7 (N.D. Cal. Mar. 22, 2023).  Plaintiffs have never responded to this argument. |
| 30 – Misappropriation by Use (Plaintiffs' Version) | • Apple believes its version of the Misappropriation by Use instruction (which currently appears as Instruction No. 31 in the Court's April 24, 2023 draft instructions) more accurately states California law and more accurately reflects the evidentiary record.

• Apple objects to the Court charging the jury on theories 2(a) and 2(b), lines 9 through 13, because they lack an evidentiary foundation.  As explained in Apple's opposition to Plaintiffs' JMOL motion, Dkt. 1663 at 12-13, and in Apple's argument in support of Proposed Instruction No. 26B, Dkt. 1500-1 at 160-162, Plaintiffs lack an evidentiary basis to assert a theory of direct misappropriation.

• Apple also objects to the Court delivering a standalone derivative use instruction at Instruction No. 31, rather than including Apple's shorter instruction appearing at Instruction No. 31, lines 16 through 21, as part of this instruction and requiring proof that any derivative use was "substantially derived" from an improperly acquired alleged trade secret. |

| | |
|---|---|
| 31 – Misappropriation by Use (Apple's Version) | • No objection. |
| 32 – Derivation | • Apple objects to the Court delivering a standalone "derivation" instruction, as it may confuse the jury into believing this is a distinct form of misappropriation as opposed to just a clarification of "use." Apple requests that the Court remove Instruction No. 32 entirely, because it is duplicative of the paragraph of Instruction No. 30 that starts on line 16.<br><br>• If the Court gives Instruction No. 32, Apple objects to the language on lines 3-18 of Instruction No. 32, because they would permit an overbroad theory of derivative use. For example, the jury may believe that sub-section 4 at lines 15-16 permits imposition of liability for use of only a small component of the whole alleged trade secret without any finding that it is a critical or independently valuable element.<br><br>• The caselaw requires any derivative use to be substantially derived from the defendant's acquisition of the alleged trade secret, as set forth, for example, in each of the cases upon which Plaintiffs' proposed instruction relied, including *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1197 (S.D. Cal. 2012); *Bladeroom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 514923, at *8-9 (N.D. Cal. Jan. 23, 2018); *American Can Co. v. Mansukhani*, 742 F.2d 314, 328-329 (7th Cir. 1984); *Speech Tech. Assocs. v. Adaptive Commc'n Sys., Inc.*, 1994 WL 449032, at *10 (N.D. Cal. Aug. 16, 1994). *See* Dkt. 1500-1 at 167-168.<br><br>• In the alternative, Apple requests that the Court add the "substantially derived" requirement throughout the instruction. Sub-section 3 already incorporates this "substantially derived" requirement. Apple therefore requests that the Court insert the phrase "that was substantially" before "derived" on line 8 in sub-section 1; the phrase ", provided the technique or information was |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 8:20-cv-00048-JVS (JDEx)
11

| | |
|---|---|
| | substantially derived from the Asserted Trade Secret" to the end of sub-sections 2 and 4. |
| 33 – Misappropriation by Disclosure | • Apple objects to the jury being charged on theories 2(a) and 2(b) at lines 13-18, because they lack an evidentiary foundation in the trial record.  As explained in Apple's opposition to Plaintiffs' JMOL motion, Dkt. 1663 at 12-13, Plaintiffs lack an evidentiary basis to assert a theory of direct misappropriation. |
| 34 – Improper Means | • Apple objects to the Court's inclusion of "theft, financial inducements, misrepresentation, [and] breach … of a duty" in lines 4-6 because they lack an evidentiary foundation in the record, as Apple explained in its JMOL motion at pages 2-3, Dkt. No. 1655-1.
<br>• Apple objects to the lack of an instruction explaining that it is a proper means to reverse engineer lawfully obtained products.  Specifically, Apple requests that the Court include the following sentence adapted from CACI 4408 at the end of the second paragraph: "Finally, reverse engineering, that is, examining or testing a product to determine how it works, by a person who has the right to possess the product, does not constitute improper means."
<br>• Apple notes that the Court rejected Apple's request to add this sentence after Plaintiffs' counsel agreed at the first conference on the Court's draft jury instructions on April 18, 2023 not to argue in closing that it was improper for Apple's engineers to perform a tear-down of Masimo products for benchmarking. |
| 35 – Source of Duty | • Apple objects to the second sentence of Instruction No. 34 because there is no contract in evidence from which a relevant contractual duty could arise.  Apple believes this sentence conflicts with the Court's Instruction No. 27, and specifically the language therein that the jury "may not consider the confidentiality provisions of [Plaintiffs'] Employee Confidentiality Agreements in connection with … whether the alleged trade secrets were acquired by improper means."  Apple believes the second sentence of Instruction No. 35 could therefore confuse the jury. |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 8:20-cv-00048-JVS (JDEx)
12

| | |
|---|---|
| 36 – Fiduciary Duty | • Apple objects to Instruction No. 36 because it assumes the existence of fiduciary duties and does not require the jury to make the predicate factual findings required under California law.  For instance, *GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.* holds that whether a person was a corporate officer is a question of fact for the jury.  83 Cal. App. 4th 409, 421 (2000).  Apple therefore requests that the Court insert the language set forth in Apple's Proposed Instruction No. 31B that would require Plaintiffs to prove that the person was a corporate officer of Plaintiffs, that the alleged trade secret was obtained in the course of the person's duties as a corporate officer, that he knew it was a trade secret, and that he communicated that trade secret to Apple without Plaintiffs' consent.  *See* Dkt. 1500-1 at 193-197. |
| | • Apple also objects to beginning this instruction with the phrase "Another type of duty…" because the fiduciary duty is the only legal duty at issue in this case. |
| Professional Skills (omitted) | • Apple objects to the omission of Apple's proposed instruction on professional skills and talents.  Specifically, Apple requests that the Court deliver Apple's Proposed Instruction No. 32B in its entirety for the reasons stated in Apple's position statement in support of that proposed instruction.  *See* Dkt. 1500-1 at 202-204. |
| 37 – Statute of Limitations | • Apple believes that Instruction No. 37 correctly states the law, but Apple objects to the Court's verdict form, because it requires the jury to decide the statute of limitations issue separately for each alleged trade secret rather than once for the entire claim.  As Apple's JMOL motion explained, Plaintiffs have conceded that a common limitations period runs where alleged trade secrets are "related," and the alleged trade secrets here are clearly related among themselves.  Dkt. 1655-1 at 19-20.  Indeed, Plaintiffs' sole remaining theory of unjust enrichment assumes them all to be related, indeed interchangeable, because, for example, Mr. Kinrich's model proposes the same $1.8B calculation associated with the Blood Oxygen features could apply to |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
13                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | |
|---|---|
| | misappropriation of *any* of the ten purported secrets. *See* Apple's JMOL, Dkt. 1655-1 at 23. |
| | • At a minimum—to the extent the alleged business secrets are reinserted into this case at a later point—the verdict form should only ask the jury to consider one statute of limitations question for the alleged business secrets, which were all allegedly misappropriated through Dr. O'Reilly, and a second question for the alleged technical trade secrets, which were all allegedly misappropriated through Dr. Lamego. Plaintiffs proposed as much on page 22 of their brief in opposition to Apple's JMOL motion, Dkt. 1666-1. |
| | • Apple objects to the wording of question 3 on the verdict form, because it describes Apple as bearing the burden to prove that the suit is untimely. There is no real dispute that Apple has carried its burden, so the only arguable dispute is whether Plaintiffs can prove that the discovery rule was not triggered before January 9, 2017. |
| Readily Ascertainable Defense (omitted) | • Apple objects to the omission of a standalone instruction on Apple's readily ascertainable defense and to the lack of a question on the verdict form related to that defense. Specifically, Apple requests that the Court deliver Apple's Proposed Instruction No. 36, Dkt. 1500-1 at 224, which is an adaptation of CACI 4420. *See supra* p. 2. |
| 38 – Causation and Harm | • Apple objects to the Court's decision not to deliver Apple's Proposed Instruction No. 37B. *See* Dkt. 1500-1 at 230-232.<br><br>   ○ Apple's Proposed Instruction No. 37B was based on the overview of remedies instruction from CACI 4409. Apple requests that the Court instruct the jury that the Court may later award reasonable royalties if the jury finds that Plaintiffs have proven that an alleged trade secret was a trade secret and that there was misappropriation, but that causation and/or harm were not proven. Specifically, Apple requests that the Court add the following language to the end of Instruction No. 38: |

- ○ "If Apple's misappropriation did not cause Apple to be unjustly enriched, then Masimo and Cercacor may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. However, I will calculate the amount of any royalty after you deliver your verdict."

- ○ Apple believes that the omission may lead the jury to misunderstand the implications of their verdict, in particular the role of the causation and harm requirements that the Court separated out in Instruction No. 19 at Plaintiffs' request.

- As previously stated, Apple objects to the Court's verdict form because it does not ask the jury to separately indicate for each alleged trade secret whether Plaintiffs proved causation and the connection between its liability verdict and any award of monetary relief.  Asking these separate questions would confirm which, if any, alleged trade secrets would properly be subject to a post-trial reasonable royalties proceeding.  Apple therefore requests that the verdict form ask the jury to answer separately for each alleged trade secret whether it found that plaintiffs proved causation and unjust enrichment, and also that the verdict form ask the jury to describe the connection between its liability verdict and any monetary award, as Apple proposed in question 77 of its proposed verdict form.  Dkt. 1497-1 at 42.

- As it stands, the verdict form can only indicate that Plaintiffs are entitled to proceed to a reasonable royalty hearing on *any* alleged trade secret if the jury returns a verdict finding that one or more alleged trade secrets was a trade secret and was misappropriated, but it nonetheless awards $0 in unjust enrichment.  If there is any award of monetary relief, then the lack of granularity in the current verdict form will make it impossible to disentangle which alleged trade secrets the jury awarded unjust enrichment and for which, if any, plaintiffs are entitled to seek reasonable royalties.

- Plaintiffs objected to the granularity of Apple's proposed verdict form, including specifically objecting to Apple's

| | |
|---|---|
| | proposed question number 77, *see* Dkt. 1497-1 at 10, and the Court's verdict form adopts the level of detail Plaintiffs requested in their proposed verdict form, *see* Dkt. 1497-1 at 3-5.  Therefore, any ambiguity arising from the lack of detail in the resulting verdict should be resolved in Apple's favor. |
| 39 – Unjust enrichment | • Apple objects to the Court's allocation of burdens in Instruction No. 39 for the reasons set forth in our pocket brief on unjust enrichment calculation, Dkt. 1643. Specifically, Apple objects to the language in lines 15-20 that requires *Apple* to prove "the value of any benefit … not reasonably attributable to the asserted trade secrets." Under California Civil Code § 3426.3, Plaintiffs bear the burden to prove the amount of unjust enrichment *caused by* any misappropriation, and as Apple's pocket brief explained, that "caused by" language incorporates the burden to attribute any claimed unjust enrichment to particular alleged trade secrets.  *See* Dkt. 1643 at 1-3.<br><br>• Apple therefore requests that the Court insert the following as the second sentence of paragraph four:  "To prove the amount of any unjust enrichment caused by misappropriation of a particular Asserted Trade Secret, it is necessary to prove the amount of any benefit to Apple that is reasonably attributable to that Asserted Trade Secret."  Apple further requests that the Court delete what is currently the third sentence of that paragraph and replace it with the following:  "Then subtract from that amount the value Apple has proven by a preponderance of the evidence to have been its reasonable expenses, including the value of labor, materials, rents, expenses, and interest on invested capital, etc." |
| 40 – Willful and Malicious Misappropriation | • Apple objects to the jury receiving this instruction.  Apple believes that the Court should grant JMOL and remove punitive damages from the case, because Plaintiffs have adduced *no* affirmative evidence of willful and malicious misappropriation, meaning they have failed to prove a prima facie case.  *See* Dkt. 1655-1 at 27-28. |

| | |
|---|---|
| | • Apple objects to the verdict form because it asks the jury to answer the willful and malicious misappropriation (#4) before deciding whether to award unjust enrichment at all (#5). As Apple has explained, placing the willful and malicious misappropriation question first creates a serious risk of jury confusion and a legally erroneous and excessive verdict. *See* Dkt. 1617 at 5. |
| 41 – Patent Law Overview | • Apple again objects to the Court not instructing the jury that publication of information in a patent is fatal to trade secrecy as a matter of law. Apple request that the Court add, as the final sentence of the second paragraph, the following sentence: "Therefore, information disclosed in a patent is no longer entitled to trade secret protection, because such information is in the public domain." *See supra* p. 2. |
| 42 – Inventorship | • Apple objects to the second sentence of the first paragraph on page 53 beginning "In this case…" because it does not require Plaintiffs to prove the existence of an "open line of communication during or approximately at the time of their inventive effort." As Apple's argument in support of Proposed Instruction No. 42B explained, this is a well-established requirement of Federal Circuit law. *See* Dkt. 1500-1 at 263-267. As the Federal Circuit explained in *Eli Lilly & Co. v. Aradigm Corp.*, "[j]oint inventorship … can only arise when collaboration or concerted effort occurs—that is, when the inventors have some open line of communication during or in temporal proximity to their inventive efforts." 376 F.3d 1352, 1359 (Fed. Cir. 2004).<br><br>  ○ Apple therefore requests that the Court replace the first paragraph on page 53 with the following: "Persons may be joint or co-inventors even though they do not physically work together, but they must have some open line of communication during or approximately at the time of their inventive effort. Therefore, if Apple independently developed the inventions and technologies disclosed and claimed by a patent without any communication with or contribution from the Masimo and/or Cercacor employees alleged to be joint |

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | |
|---|---|
| | inventors, then Plaintiffs' employees were not joint inventors." |
| | • Apple however recognizes that the Court directed it to propose to Plaintiffs language consistent with the rule articulated in the first paragraph on page 56.  Without waiving Apple's previously stated objection to this paragraph, Apple proposed language to Plaintiffs at 10am on April 25.  Plaintiffs responded at 2am on April 26, rejecting Apple's proposal.  Today, this Court adopted a portion of Apple's suggestion.  Apple submits that this Court should adopt the full suggestion.<br><br>• Apple therefore requests that the Court add the following language to the end of the first paragraph on page 53:<br><br>• "In assessing Plaintiffs' contention of misappropriation in this context, you must apply all the legal instructions I have given you regarding how to determine whether or not a trade secret misappropriation occurred.  With respect to the '095, '390, '052 and '670 patents, Plaintiffs do not allege those patents are related to misappropriation or to any of the alleged trade secrets in this case." |
| 43 – Ownership | • No objection |
| 44 – Duty to Deliberate | • No objection |
| 45 – Conduct of the Jury | • No objection |
| 46 – Communication with the Court | • No objection |
| 47 – Return of Verdict | • No objection |
| Verdict Form Objections Not Previously Stated | • Apple objects to the caption on the Court's draft verdict form.  Under Fed. R. Civ. P. 49, this verdict form is properly described as a "general verdict with answers to written questions" rather than a "special verdict," because |

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
18                    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | the questions call for the jury to draw legal conclusions after the application of law to facts. *See Zhang v. Am. Gem Seafoods, Inc*., 339 F.3d 1020, 1031 (9th Cir. 2003). |
|---|---|

Dated:  April 26, 2023                    Respectfully submitted,


MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
        Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 8:20-cv-00048-JVS (JDEx)
19

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 5,585 words, which:

 <u>X</u> complies with the word limit of L.R. 11-6.1

 ___ complies with the word limit set by court order dated [date].

Dated: April 26, 2023                    Respectfully submitted,


                                         MARK D. SELWYN
                                         AMY K. WIGMORE
                                         JOSHUA H. LERNER
                                         SARAH R. FRAZIER
                                         NORA Q.E. PASSAMANECK
                                         THOMAS G. SPRANKLING
                                         WILMER CUTLER PICKERING HALE AND
                                         DORR LLP

                                         BRIAN A. ROSENTHAL
                                         GIBSON, DUNN & CRUTCHER LLP

                                         KENNETH G. PARKER
                                         HAYNES AND BOONE, LLP


                                         By:  /s/ *Mark D. Selwyn*
                                               Mark D. Selwyn


                                         *Attorneys for Defendant Apple Inc.*

Wilmer Cutler
Pickering Hale
and Dorr LLP