Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)       Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                 brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)      Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com               mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive               1925 Century Park East, Suite 600
San Diego, CA 92130                    Los Angeles, CA 90067
Phone: (858) 707-4000                  Phone: (310) 551-3450
Fax: (858) 707-4001                    Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S OBJECTIONS TO JURY INSTRUCTIONS**<br><br>Hon. James V. Selna |

Masimo Corp. and Cercacor Laboratories, Inc. (jointly "Masimo") make the following objections in addition to the objections and arguments Masimo presented via briefing, arguments, and discussion during the charge conferences.

Masimo objects to JI-5, JI-21, JI-22, and JI-33 (use) as contrary to law, including because they do not track the language of the statute, do not use the statutory definitions of "trade secret" and "misappropriation," and use the term "secret" instead of "not generally known." *See* Cal. Civ. Code. § 3426.1.

Masimo objects to JI-6 and JI-37 as contrary to law, including because they do not track the language of the statute and do not require that Apple establish, as part of its *prima facie* showing regarding its statute-of-limitations defense, that this action was not "brought within three years after the misappropriation [was] discovered or by the exercise of reasonable diligence should have been discovered." *See* Cal. Civ. Code. § 3426.6; *Samuels v. Mix*, 22 Cal. 4th 1, 8-9 (1999) ("It follows that, until and unless we create a new exception to the general rule, the burden of proving plaintiff's actual or constructive discovery of defendant's wrongdoing in connection with that defense falls statutorily to defendant."); *Id.* (Defendant "has the burden of proving, under the 'traditional allocation of the burden of proof,' that plaintiff discovered or should have discovered the facts alleged to constitute defendant's wrongdoing more than one year prior to filing this action." (citations omitted)).

Masimo objects to the statement in JI-22 that "[g]enerally, publication of information in a patent or a patent application makes it generally known to the public as of the date of publication and so eliminates any trade secrecy" as contrary to law, including because it fails to distinguish between authorized publication by the trade secret owner and unauthorized publication by an accused misappropriator or other third-parties. *See Masimo Corp. v. True Wearables, Inc.*, 2022 WL 205485, at *3-4 (Fed. Cir. Jan 24, 2022).

Masimo objects to the limitations in JI-27 regarding the issues for which the jury may consider the Confidentiality Agreements because these limitations are

-1-

contrary to law.

Masimo objects to JI-40 as contrary to law because it states Masimo must prove willful or malicious misappropriation by clear and convincing evidence instead of by a preponderance of the evidence. *See* Cal. Evid. Code § 115; Cal. Civ. Code § 3426.3; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2011); *see also Halo Elecs., Inc. v. Pulse Elecs.*, Inc., 579 U.S. 93, 107 (2016); *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 171 Cal. App. 4th 939, 954 (2009).

Masimo objects to the Jury Instructions generally, including JI-20, as contrary to law because they do not expressly state that it is the job of the jury to determine the scope and meaning of any trade secrets that the jury finds exist, based on the jury's evaluation of the evidence presented. *See InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 660 (9th Cir. 2020) ("a jury properly instructed can make the determination of what trade secrets exist, before addressing other elements of the claim"); *EnerTrode, Inc. v. Gen. Capacitor Co. Ltd.*, 2019 WL 1715170, at *2-*3 (N.D. Cal. Apr. 17, 2019) (parties may "'argue the weight of the evidence' to the jury and dispute the scope of the trade secret" and if the parties submit "conflicting evidence about the scope of Plaintiffs' trade secret," it raises "a question of fact to be decided by the jury").

Masimo objects to JI-26, JI-30, JI-31, JI-32, and JI-33 as contrary to law because they require that Apple have a specific state of mind or that another person at Apple knew or had reason to know that Apple improperly obtained a trade secret from Masimo or Cercacor through Lamego or O'Reilly. *See* argument and citations presented during the charge conference and summarized below.

Masimo objects to JI-26, JI-30, JI-31, JI-32, and JI-33 as contrary to law because they do not correctly articulate Apple's liability under *respondeat superior* for misappropriation by Apple employees within the scope of their employment. *See* argument and citations presented during the charge conference and summarized

below.

In prior briefing and during the charge conference, Masimo presented arguments and supporting authority regarding Apple's liability for misappropriation by its employees under *respondeat superior*, including the absence of any requirement that Apple have intent or knowledge. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 755–56 (1998) ("An employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment. … For example, when a salesperson lies to a customer to make a sale, the tortious conduct is within the scope of employment because it benefits the employer by increasing sales, even though it may violate the employer's policies."); *Yamaguchi v. Harnsmut*, 106 Cal. App. 4th 472, 481–82 (2003) ("Under the doctrine of *respondeat superior*, an innocent employer may be liable for the torts its employee commits while acting within the scope of his employment.  This liability is based not on the employer's fault, but on public policies concerning who should bear the risk of harm created by the employer's enterprise.  It is considered unjust, for example, for an employer to disclaim responsibility for injuries occurring in the course of its characteristic activities."); *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298–99 (1995) ("Equally well established, if somewhat surprising on first encounter, is the principle that an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of *respondeat superior*, even  though the employer has not authorized the employee to commit crimes or intentional torts."); *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *2-*4 (N.D. Cal. July 13, 2010) ("Under the doctrine of respondeat superior, an innocent employer may be liable for the torts its employee commits while acting within the scope of his employment. … Defendant LSA's contention that it cannot be liable for the acts of Defendants Schwartz and Curtin because their actions violated Defendant LSA's policies and were not known to Defendant LSA's executives is without merit."); *Language Line Servs., Inc. v.*

*Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775, 783 (N.D. Cal. 2013) ("LSA argues it cannot be liable for the unauthorized actions of Curtin and Schwartz under a theory of *respondeat superior.* LSA contends that applying this theory of liability to a trade secret case would write out the *mens rea* requirement of the statute entirely. The majority view, however, is that the UTSA does not preempt the *respondeat superior* doctrine. ... Accordingly, LSA cannot prevail at summary judgment merely by arguing that it was not aware of the acts of its employees, and summary judgment, therefore, cannot be awarded on that basis."); *In re Sotera Wireless, Inc.*, BK. No. 16-05968-LT11, Dkt. 1026 at p.95 (S.D. Cal. Jul. 18, 2017) ("The Court … finds that others at Sotera did not know about these actions and did not request or require them. But the Court finds that the facts support that Sotera must be responsible for certain actions of Mr. Hunt and Mr. Welch under the doctrine of respondeat superior."); *U.S. Legal Support, Inc. v. Hofioni*, 2013 WL 6844756, at *7 (E.D. Cal. Dec. 20, 2013) ("[T]his paragraph takes the Complaint beyond the ambit of *respondeat superior*, a doctrine which is used to impose vicarious liability on employers for the torts of their employees [because it] alleges the Entity Defendants' knowing participation in a scheme to misappropriate trade secrets. … [A]s currently pled, the Complaint does not include relevant allegations that might support a *respondeat superior* theory: … ."); Apple's Reply in Support of Apple's Motion to Dismiss the Thirteenth Cause of Action in Plaintiffs' Second Amended Complaint, Dkt. 204 at 24:5-9; *SolarCity Corp. v. Pure Solar Co.*, 2016 WL 11019989, at *5 (C.D. Cal. Dec. 27, 2016) ("Plaintiff sufficiently alleges that Hitti was acting within the scope of his employment at Pure Solar when he committed the alleged misappropriations in order to gain additional customer sales leads for Pure Solar … even if Pure Solar would have forbid his conduct had it been aware of his actions. ... Thus, Pure Solar may be held vicariously liable."); *Brain Injury Ass'n of Cal. v. Yari*, 2020 WL 3643482, at *5-*6 (C.D. Cal. Apr. 30, 2020) ("Because trade secret misappropriation is an intentional tort, an employer may be vicariously liable for an employee's tort so long

as it was committed within the scope of the employment."); *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1187 (W.D. Wash. 2019) ("Bombardier does not plausibly allege that AeroTEC had knowledge regarding the trade secret misappropriation [and] ... the court will not impute Mr. Basson's and Ms. Dornéval's knowledge to AeroTEC. However, as Bombardier argues, '[t]here is no need to "impute" any knowledge to AeroTEC because, as the employer, AeroTEC is already vicariously liable for its employees' misappropriation.'"); *Newport News Indus. v. Dynamic Testing, Inc.*, 130 F. Supp. 2d 745, 750–51 (E.D. Va. 2001) ("By invoking the theory of *respondeat superior*, the Plaintiffs seek to impose liability upon the Defendant companies for Runge's alleged misappropriation even if the Defendants did not know of the misappropriation."); Cal. Civ. Code § 2332 ("As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other."); *GSI Tech., Inc. v. United Memories Inc.*, 2015 WL 5655092 (N.D. Cal. Sept. 25, 2015) ("A company is deemed to have notice of any facts its employees or agents 'ought, in good faith and the exercise of ordinary care and diligence, to communicate to the [company].'") (quoting Cal. Civ. Code § 2332); *Allergan, Inc. v. Merz Pharms.*, 2012 WL 781705, at *12-*13 (C.D. Cal. Mar. 9, 2012) (corporate defendants "liable for the acts of misappropriation committed by their employees and former employees.").

Masimo objects to JI-39 as potentially confusing. Masimo proposes to resolve its objection by deleting the phrase "the value of Apple's benefit that it would not have achieved except for" at line 16 and replace it with the phrase "<u>Apple's sales attributable to… .</u>" As an alternative, replacing the deleted phrase with "Apple's sales of products affected by… " would also be appropriate.

Masimo is concerned that the Court's instruction as written does not clearly articulate the burden-shifting framework set forth in the Restatement of Unfair Competition, which the Court adopted. Masimo's proposed edit reduces the risk of

juror confusion.  Masimo's proposal is also consistent with the Restatement, which explains:

> The traditional form of restitutionary relief in an action for the appropriation of a trade secret is an accounting of the defendant's profits on sales attributable to the use of the trade secret.  The general rules governing accountings of profits are applicable in trade secret actions.  The plaintiff is entitled to recover the defendant's net profits.  ***The plaintiff has the burden of establishing [1] the defendant's sales***; the defendant has the burden of establishing [2] any portion of the sales not attributable to the trade secret and [3] any expenses to be deducted in determining net profits. ... ***The defendant must account*** not only for profits earned on ***sales of products incorporating the trade secret***, but also on other sales dependent on the appropriation.
>
> Restatement (Third) Unfair Competition § 45 cmt. f (emphasis and numbering added).

The Court acknowledged that the Restatement "explains the parties' respective burdens on unjust enrichment."  Jury Instructions at 51 (Rev. April 24, 2023); *see also* Dkt. 1641; Dkt. 1651.  The Court interpreted that "'the defendant's sales' in the fourth sentence [of the Restatement's comment] is referring to 'an accounting of the defendant's profits ***on sales attributable to the use of the trade secret***' in the first sentence."  Jury Instructions at 52 (Rev. April 24, 2023) (emphasis added).  The Court explained that "[t]his suggests that Plaintiffs have some threshold burden of showing a link between the proffered sales and the alleged misappropriation." *Id.*

The Court's instruction does not explain Masimo's burden as clearly as in the Restatement and the Court's reasoning adopting the restatement.  The objectional portion of the instruction appears to be legacy language from CACI Instruction No. 4410, which the Court observed is "not terribly helpful."  Trial Day 11, Vol. 2 at 123:6-7.

/ / /

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| Dated: April 26, 2023 | By: */s/Benjamin A. Katzenellenbogen* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Sheila N. Swaroop |
|   | Brian C. Horne |
|   | Irfan A. Lateef |
|   | Benjamin A. Katzenellenbogen |
|   | Brian C. Claassen |
|   | Stephen W. Larson |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Kendall M. Loebbaka |
|   | Daniel P. Hughes |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 2,075 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: April 26, 2023

By: /s/ Benjamin A. Katzenellenbogen
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57516883