Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(b)**<br>)<br>) Date: July 24, 2023<br>) Time: 1:30 pm<br>) Courtroom 10C<br>)<br>) Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") renew their motion for Judgment as a Matter of Law (Dkt. 1657) on Apple's statute-of-limitations defense.

## I. **INTRODUCTION**

A trade secret case must be brought within three years after the plaintiff discovers or should have discovered the misappropriation. That three-year period does not begin until (1) the plaintiff knew or had reason to suspect a trade secret had already been misappropriated **_and_** (2) a reasonable investigation would have revealed facts sufficient to justify bringing suit. No reasonable jury could find in Apple's favor on either element.

First, Masimo presented unrebutted evidence that it did not learn of Apple's misappropriation until October 2019—just months before Masimo sued in January 2020. Masimo also presented unrebutted evidence that it had no reason to suspect misappropriation had occurred more than three years before Masimo filed suit. At most, Apple attempted to show Masimo should have known about Apple's misappropriation in late 2018. But late 2018 is well within the statute of limitations. Thus, Apple's proffered evidence merely shows Apple's attempt to confuse the jury. Because no evidence suggested that Masimo knew or had reason to suspect misappropriation before January 2017, Apple's statute-of-limitations defense failed as a matter of law.

Second, Masimo presented unrebutted evidence that a reasonable investigation before 2017 would not have revealed facts sufficient for Masimo to sue because the relevant facts were not public until much later. For example, ███████████████ ████████████████████████████████████████████ As with Apple's prior motions to dismiss and for summary judgment, Apple ignored this element and presented no contrary evidence. Indeed, Apple has never attempted to identify **_any_** public information available before 2017 that would have provided a basis to file suit. The record establishes that a reasonable investigation before 2017 would not have revealed facts sufficient to bring suit. Thus, Apple's statute-of-limitations defense failed for this additional reason.

Accordingly, no reasonable jury could find in Apple's favor on Apple's statute-of-limitations defense. The Court should grant judgment as a matter of law.

## II.  LEGAL STANDARDS

### A.  Rule 50(b)

Courts may resolve issues against a party as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).  A party may file a renewed motion for judgment as a matter of law under Rule 50(b) even if the jury does not reach a verdict.  *See* Fed. R. Civ. P. 50(b). Judgment is proper "only if no reasonable juror could find in the non-moving party's favor." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1086 (9th Cir. 2014).

### B.  Statute Of Limitations

"An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6.  This Court previously addressed the legal standard for a statute-of-limitations defense during the pleading and summary judgment phases.  *See* Dkt. 60 at 5; Dkt. 606 at 3.  As the Court explained, "'[w]hen [1] there is reason to suspect that a trade secret ***has been misappropriated***, and [2] a reasonable investigation would produce facts sufficient to confirm this suspicion (***and justify bringing suit***), the limitations period begins, even though the plaintiff has not conducted such an investigation.'" Dkt. 60 at 5 (quoting *Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3 (D. Haw. Sept. 28, 2016)); Dkt. 606 at 3.  For purposes of this motion, Masimo assumes it bears the burden on both elements.[1]  This Court held the statute of limitations runs separately for each asserted trade secret. *See* Dkt. 1719 at 4 (verdict form with separate statute of limitations questions for each trade secret).

---

[1] Masimo preserves for appeal its position that Apple has the burden of proof on all aspects of the statute-of-limitations defense.  *See* Dkt. 1657 at 1-2.

### III.  ARGUMENT

No reasonable jury could find that, before 2017, (1) Masimo knew or had reason to suspect a trade secret had already been misappropriated **and** that (2) a reasonable investigation would have revealed facts sufficient to justify bringing suit.

**A.**    **Masimo Did Not Know Or Have Reason To Suspect Misappropriation**

Masimo presented unrebutted evidence that it did not know or have reason to suspect that Apple misappropriated any of the asserted trade secrets before January 2017.  Apple presented no evidence and made no argument that Masimo knew or should have known Apple misappropriated **any** trade secret, much less the specific asserted trade secrets in this case.  Thus, Masimo is entitled to judgment as a matter of law on Apple's statute-of-limitations defense.

**1.**    **Before 2017, Masimo Had No Reason To Suspect Apple Misappropriated Any Of Masimo's Trade Secrets**

The unrebutted evidence shows Masimo had no reason to suspect Apple misappropriated any of its trade secrets before January 2017.  Lamego was obligated to maintain the confidentiality of Masimo's trade secret information.  JTX-810; JTX-1597 at -650-652; Trial Tr. Day 5 at 109:18-23, 110:6-15, 114:12-115:6 (Miller).  Masimo's CEO, Joe Kiani, testified that Lamego personally assured him that Lamego would not even be involved in competitive technology at Apple.  Kiani testified:

> Q.    And do you recall what was discussed between you and [Dr. Lamego] about his resignation?
>
> A.    Yeah.  I just couldn't understand it.  I said, "Look, we have noninvasive glucose.  We have all these things.  Why would you go?" He didn't make a lot of sense.  The only thing he told me, he said, "Don't worry.  I'm never going to compete with you. It goes against my integrity and ethics.  If they ever ask me to do anything competitive to you, I will leave."  That's what I remember.

Trial Tr. Day 2, Vol. 2 at 47:3-12 (Kiani).

Kiani testified that Cristiano Dalvi, a friend of Lamego and former Cercacor employee, confirmed Lamego's representations.  In particular, Dalvi told Kiani that, just

as Lamego had promised, Lamego "left [Apple] when Apple asked him to do something competitive to [Masimo]." Trial Tr. Day 2, Vol. 2 at 49:13-50:11. Kiani also testified that he believed Dalvi:

> Q. And did you believe in what Cristiano Dalvi told you about Dr. Lamego's departure from Apple?
>
> A. I did. But obviously, I was wrong. But I did.
>
> Q. But at the time?
>
> A. At the time, I did. I was happy that he had not spilled our confidential information.

*Id.* at 50:6-11.

Kiani also explained how Masimo first learned of Apple's misappropriation:

> Q. How did you learn that what Cristiano Dalvi told you about Dr. Lamego's departure from Apple was not true?
>
> A. In 2019, a series of patents issued to Apple with Dr. Lamego as the inventor, and it was on our stuff, things that was in our notebooks and done by Mr. Diab or Mr. Jeroen.

Trial Tr. Day 2, Vol. 2 at 50:12-19 (Kiani); Trial Tr. Day 3, Vol. 1 at 61:22-62:11 (Kiani). Kiani had no knowledge of "any other Dr. Lamego-filed patents on behalf of Apple before October of 2019." Trial Tr. Day 3, Vol. 1 at 95:16-19 (Kiani). Thus, Kiani provided unrebutted evidence showing Masimo had no reason to suspect that Apple misappropriated any of Masimo's trade secrets before October 2019.

**2. Before 2017, Masimo Had No Reason To Suspect Apple Misappropriated Any Specific Asserted Trade Secret**

As discussed, the statute of limitations runs separately for each asserted trade secret. *See* Dkt. 1719 at 4. The unrebutted evidence showed Masimo had no reason to suspect Apple misappropriated any of the specific asserted trade secrets before January 2017. ███████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████████ The record contains no contrary evidence.

The unrebutted evidence also shows Masimo had no reason to suspect Apple misappropriated L4 before January 2017.  Among other things, L4 relates to ███ ██████████████████████████████████████████████████████ ██████████████ The record contains no evidence that Apple ever published ████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████ Trial Tr. Day 7, Vol. 2 at 13:16-25 (Madisetti).  Apple released the Series 4 watch in September 2018 (JTX-3166)—fifteen months before Masimo filed suit.  Thus, the record contains no evidence suggesting Masimo had reason to suspect Apple misappropriated L4 before September 2018 at the earliest.

Masimo did not know Apple misappropriated L5 until Apple produced documents during discovery in this case.  In fact, Masimo added this trade secret years after filing this case.  *See* Dkt. 650 (Masimo April 2022 motion to amend to include L5) at 4; Dkt. 669 (April 2022 order granting Masimo's motion).[2]  The evidence of misappropriation at trial included internal Apple emails and technical documents that were not available to Masimo before discovery.  *See, e.g.*, JTX-181, JTX-184, JTX-185, JTX-541.  The evidence showed Apple ████████████████████████████████ ████████████████████████████████ Trial Tr. Day 7, Vol. 2 at 28:21-29:12.  The record contains no evidence that Masimo knew or should have known how Apple ██████████████████████████████ Thus, Masimo had no reason to suspect Apple misappropriated L5 before it obtained discovery in this case.

---

[2] Apple opposed Masimo's motion by arguing Masimo did not have "good cause" to amend, but argued only that Masimo should have learned Apple misappropriated L5 earlier ***in discovery***.  Dkt. 650-2 at 4-5.  Apple never suggested Masimo could have learned Apple misappropriated L5 before obtaining discovery in this lawsuit.

### 3.     <u>Apple's Arguments Are Wrong</u>

Apple raised several arguments as to why Masimo should have suspected misappropriation earlier than January 2017.  As explained below, Apple is wrong.

First, Apple argued Masimo did not conclusively prove Kiani's knowledge as to when Masimo learned Apple misappropriated trade secrets is "co-extensive with the knowledge of Plaintiffs as corporate entities." Dkt. 1663-1 at 3.  But Kiani is the founder and CEO of both Masimo and Cercacor.  Trial Tr. Day 2, Vol. 1 at 97:13-15.  Kiani also provided the only evidence as to when Masimo learned of Apple's misappropriation. Apple identifies no contrary evidence to support its speculation that the company somehow knew something that Kiani did not.  Apple cannot defeat judgment as a matter of law by speculating that other evidence *might* exist.  *See Lakeside–Scott v. Multnomah Cnty.*, 556 F.3d 797, 808 (9th Cir. 2009) (rejecting non-movant's argument against JMOL because it "would be pure speculation").

Second, Apple argues Masimo should have known about the subject matter of U.S. Patent No. 10,078,052 ("the '052 Patent") when the underlying patent application published in 2016.  Dkt. 1655-1 at 22.  But neither Masimo nor Apple contends that application or the '052 Patent discloses any of the asserted trade secrets.  In fact, the evidence establishes the '052 Patent and its earlier 2016 publication did *not* include Masimo's trade secrets.  Trial Tr. Day 3, Vol. 1 at 98:20-24.  Apple has also suggested that Masimo should have known about the '052 Patent in December 2018 when it listed the patent among about a thousand other references in an Information Disclosure Statement.  Trial Tr. Day 3, Vol. 1 at 82:24-83:23.  But December 2018 is well within the three-year statutory period.  Apple has identified no evidence suggesting that the '052 Patent or the earlier 2016 publication would have made Masimo suspicious that Apple misappropriated any of the asserted trade secrets.

Finally, Apple has suggested that Masimo's 2014 warning letter to Apple shows Masimo was "suspicious" that Apple *might* misappropriate trade secrets in the future. Dkt. 1655-1 at 21-22. Masimo sent the letter on January 24, 2014—just ***three days*** after

Lamego left Cercacor and **before** Lamego began working at Apple.  *See* JTX-2937.  For this reason, the Court concluded the letter was not sufficient to trigger the statutory period.  Dkt. 606 at 3, 7 (explaining "a suspicion that [trade secrets] theoretically **could** be shared provides an insufficient basis for filing a trade secret misappropriation claim").

Moreover, the letter cautioned Apple to "refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple" and asked Apple to "direct Mr. Lamego to honor his obligations to all of his prior employers."  JTX-2937 at -094.  It also declared Masimo's "trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information."  *Id*.  Far from showing Masimo had a basis to suspect misappropriation at the time, the letter shows Masimo was making "reasonable efforts" to maintain the secrecy of its trade secrets and reduce the chance of **future** misappropriation.  *See* Cal. Civ. Code § 3426.1(d)(2).

Accordingly, no reasonable jury could find Masimo knew or had reason to suspect Apple misappropriated any of the asserted trade secrets before January 2017.  This alone is sufficient to grant judgment on Apple's statute-of-limitations defense.  *See Hays*, 2016 WL 5660395, at *3; *see also* Dkt. 60 at 5, Dkt. 606 at 3.

**B.**   **A Reasonable Investigation Could Not Have Revealed Facts Sufficient To Justify Bringing Suit Before January 2017**

Masimo also presented unrebutted evidence that it could not have learned Apple misappropriated any trade secret before January 2017.  As discussed, Masimo first learned Apple misappropriated D1, D3, and D10 ██████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████  Thus, the unrebutted evidence shows a reasonable investigation would not have revealed facts sufficient to bring suit as to D1, D3, or D10 ███████████████

A reasonable investigation before 2017 also would not have revealed Apple misappropriated L4.  The facts showing misappropriation are contained in internal Apple

-7-

documents that were not available pursuant to a reasonable investigation ***at any time***. Drawing all inferences in Apple's favor, the earliest Masimo could have learned that ████████████████████████████████████████ is September 2018 when Apple released the Series 4 watch.

A reasonable investigation before 2017 also would not have revealed Apple misappropriated L5. As discussed, Masimo did not know Apple misappropriated L5 until discovery. *See* Dkt. 650 (motion to amend). As discussed, no evidence suggests that Masimo could have learned that Apple ██████████████████████████ ██████████████   Even if such evidence existed, Masimo still could not have learned ██ ████████████████████████████████   Masimo also could not have learned that the problem and solution were identified to Apple by Marcelo Lamego. Thus, Masimo could not have learned that Apple misappropriated L5 until it had access to Apple's internal documents.

As with its prior motion to dismiss and motion for summary judgment (Dkts. 38-1 and 521-1), Apple ignored this required element of its defense at trial. As a result, the record contains no evidence of public information available before January 2017 that would have been sufficient to bring suit as to ***any*** asserted trade secret. Because "certain facts necessary to the claim [were] unavailable to [Masimo], the limitations period [was] tolled until the facts [became] available" in 2019. *See Alamar Biosciences Inc. v. Difco Labs. Inc.*, 1996 WL 648286, at *3 (E.D. Cal Feb. 27, 1996).

Apple's argument that Masimo's claim is nonetheless barred by the statute of limitations is contrary to public policy. As the California Court of Appeal explained, "[i]t would be contrary to public policy to require plaintiffs to file a lawsuit 'at a time when the evidence available to them failed to indicate a cause of action.'" *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 815 (2005). That would expose plaintiffs to "sanctions for filing a cause of action without any factual support" and subject them to challenges "for failure to specify supporting facts." *Id*. (rejecting defense where inquiry would not have revealed a basis for suit).

-8-

Moreover, Apple has repeatedly argued that Masimo had no basis for filing suit *even in January 2020*. *See, e.g.*, Dkt. 121 at 16-17 (Apple arguing Masimo must be relying on "inevitable disclosure" because it did not have enough facts to sue); Dkt. 241 at 24-25 (same); Dkt. 312 at 17, n.8 (same). Apple also admitted its arguments on the merits are irreconcilable with its statute-of-limitations defense. *See* Dkt. 521-1 at 16 (requesting bifurcation to avoid presenting two "conflicting cases to the jury").

Accordingly, no reasonable jury could find that a reasonable investigation would have revealed facts sufficient for Masimo to sue before January 2017. This provides another ground for granting judgment on Apple's statute-of-limitations defense. *See Hays*, 2016 WL 5660395, at \*3; *see also* Dkt. 60 at 5, Dkt. 606 at 3.

## IV.  CONCLUSION

For at least the reasons discussed above, Masimo respectfully requests that the Court enter judgment as a matter of law on Apple's statute-of-limitations defense for all asserted trade secrets. If the Court finds an issue of fact remains as to any particular trade secret, Masimo respectfully requests the Court grant judgment as a matter of law on Apple's defense for all other trade secrets.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 30, 2023                By: */s/ Adam B. Powell*
                                             Joseph R. Re
                                             Stephen C. Jensen
    Sheila N. Swaroop
    Brian C. Horne
    Irfan A. Lateef
    Benjamin A. Katzenellenbogen
    Brian C. Claassen
    Stephen W. Larson
    Mark D. Kachner
    Adam B. Powell
    Kendall M. Loebbaka
    Daniel P. Hughes

    Attorneys for Plaintiffs
    MASIMO CORPORATION and
    CERCACOR LABORATORIES, INC.

-9-

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 2,916 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  May 30, 2023               By: /s/ Adam B. Powell
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Sheila N. Swaroop
                                   Brian C. Horne
                                   Irfan A. Lateef
                                   Benjamin A. Katzenellenbogen
                                   Brian C. Claassen
                                   Stephen W. Larson
                                   Mark D. Kachner
                                   Adam B. Powell
                                   Kendall M. Loebbaka
                                   Daniel P. Hughes

                                   Attorneys for Plaintiffs
                                   MASIMO CORPORATION and
                                   CERCACOR LABORATORIES, INC.

57556768