Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO MAINTAIN SPECIFIC TRIAL EXHIBITS UNDER SEAL**<br><br>Hon. James V. Selna |

# TABLE OF CONTENTS

**Page No.**

I.   LEGAL STANDARDS ................................................................................... 1

II.  ARGUMENT .................................................................................................. 1

    A.  Technical Documents ........................................................................... 2

        1.  Technical Documents Discussed Under Seal During Trial ........ 2

        2.  Technical Documents Admitted Into Evidence During Open Session ........................................................................... 6

    B.  Business and Marketing Strategy Documents ..................................... 9

        1.  Business Documents Discussed Under Seal During Trial ....... 10

        2.  Business Documents Admitted Into Evidence In Open Session .................................................................................... 11

    C.  Personal Information of Third-Party ................................................. 14

III. CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

Page No(s).

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   727 F.3d 1214 (Fed. Cir. 2013) .................................................................. 1

*In re Bofi Holding, Inc. Sec. Litig.*,
   2021 WL 3700749 (S.D. Cal. July 27, 2021) ........................................... 14

*Hadley v. Kellogg Sales Co.*,
   2018 WL 7814785 (N.D. Cal. Sept. 5, 2018) ............................................. 9

*Kamakana v. City and Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ................................................................... 1

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ................................................................................... 1

*Nursing Home Pension Fund v. Oracle Corp.*,
   2007 WL 3232267 (N.D. Cal. Nov. 1, 2007) ........................................... 14

*In re Qualcomm Litig.*,
   2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) .............................................. 9

*Snapkeys, Ltd. v. Google LLC*,
   2021 WL 1951250 (N.D. Cal. May 14, 2021) ........................................ 2, 9

*United States v. Chen*,
   2022 WL 2789557 (N.D. Cal. July 14, 2022) ............................................ 1

Pursuant to Local Rule 79-5.2.2, Masimo Corp. and Cercacor Laboratories, Inc. (collectively "Masimo") request that the Court maintain specific trial exhibits under seal.

## I. LEGAL STANDARDS

To overcome the presumption of public access in dispositive proceedings, a party must show "compelling reasons" to seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In general, "compelling reasons" to justify sealing court records include the release of "trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing after finding compelling reasons to seal).

## II. ARGUMENT

The trial exhibits that Masimo seeks to seal contain information that Masimo considers confidential or third parties consider personal. As detailed in the accompanying Declaration of Kendall M. Loebbaka, the trial exhibits quote, reference, or summarize material that contain (1) Masimo's confidential and trade secret technical information; (2) Masimo's confidential and trade secret business and marketing strategies; or (3) personal information of a third-party. Loebbaka Decl. at ¶ 3. Masimo is not asking to seal many of its exhibits. Instead, Masimo seeks to seal only exhibits that contain confidential information that would cause competitive harm if published.

As described below, there are compelling reasons to seal the exhibits referenced herein. *Id.* at ¶ 4; *Kamakana*, 447 F.3d at 1179-80 (discussing standard for filing exhibits under seal); *United States v. Chen*, 2022 WL 2789557, at *1 (N.D. Cal. July 14, 2022) (finding "compelling reasons" to seal trial exhibits and transcripts of trial testimony).

/ / /

A. **Technical Documents**

The trial exhibits listed below discuss Masimo's confidential technical information, including its trade secrets. Masimo is a technology leader with leading performance due, in part, to its years-long investment in its technical trade secrets. Loebbaka Decl. at ¶ 5. If Masimo's confidential information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's confidential information without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*; *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("[C]ourts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm.") (collecting cases).

1. **Technical Documents Discussed Under Seal During Trial**

Masimo seeks to seal selected trial exhibits that were admitted and discussed under seal during the trial. When Masimo requested that the Court seal the courtroom to discuss technical details of its products, the Court granted Masimo's request. The tables below list the exhibits and identifies transcript citations to the request to seal the courtroom and discussion of the exhibit under seal.

- Laboratory notebooks documenting technical details of Masimo's technology, including trade secrets L4, L5, D1, D3, and D10:

| Exhibit | Order Sealing Courtroom | Exhibit Discussed Under Seal |
|---|---|---|
| JTX-0702 | Trial Tr., Apr. 10, 2023 at 14-24. | Trial Tr., Apr. 10, 2023 at 15-18. |
| JTX-0703 | Trial Tr., Apr. 7, 2023 at 130. | Trial Tr., Apr. 7, 2023 at 143-152. |
| JTX-0811 | Trial Tr., Apr. 7, 2023 at 130. | Trial Tr., Apr. 7, 2023 at 130-132. |

| Exhibit | Order Sealing Courtroom | Exhibit Discussed Under Seal |
|---|---|---|
| JTX-0827 | Trial Tr., Apr. 7, 2023 at 130 | Trial Tr., Apr. 7, 2023 at 132-143. |
| JTX-0832 | Trial Tr., Apr. 7, 2023 at 60 | Trial Tr., Apr. 7, 2023 at 61-83. |
| JTX-0881 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 77-83. |
| JTX-1227 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 111-118. |
| JTX-1908 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 56-59. |

- Emails discussing technical details of Masimo's technology, including trade secrets L4, L5, D1, D3, and D10:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0828 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 62-75. |
| JTX-1022 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 90-92. |
| JTX-1082.1 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 106-108. |
| JTX-1082.2 | Trial Tr., Apr. 10, 2023 at 14-24. | Trial Tr., Apr. 10, 2023 at 18-20. |

/ / /

- Test procedures related to Masimo's trade secret L4:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0935 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 94-95. |
| JTX-0937 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 95-97. |

- Engineering drawing of testing device related to Masimo's trade secret L4:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-1045 | Trial Tr., Apr. 10, 2023 at 30-49. | Trial Tr., Apr. 10, 2023 at 47-49. |

- Technical documentation, such as engineering schematics related to trade secrets L4 and L5:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0704 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 108-111. |
| JTX-0777 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 102-105. |
| JTX-1016 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 92-94. |
| JTX-1041 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 101-102. |
| JTX-1082.2 | Trial Tr., Apr. 10, 2023 at 14-24. | Trial Tr., Apr. 10, 2023 at 18-20 |

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-1086 | Trial Tr., Apr. 10, 2023 at 14-24. | Trial Tr., Apr. 10, 2023 at 20-22. |
| JTX-1091 | Trial Tr., Apr. 10, 2023 at 30-49. | Trial Tr., Apr. 10, 2023 at 36-38. |

- Photographs of prototype devices used during development related to Masimo's Trade Secret L4:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0343 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 86-88. |
| JTX-0940 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 85-86. |
| JTX-0941 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 88-90. |

- Testing equipment used during development of sensors related to Masimo's Trade Secret L4:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| P-0161 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 97-99. |
| P-0162 | Trial Tr., Apr. 6, 2023, Vol. II at 47-118. | Trial Tr., Apr. 6, 2023, Vol. II at 99-100. |

Loebbaka Decl. at ¶ 6.

/ / /

## 2. Technical Documents Admitted Into Evidence During Open Session

Masimo also seeks to seal a few exhibits that were admitted into evidence during an open session of the trial. First, Masimo seeks to seal three exhibits that witnesses mentioned very briefly on the public record to lay a foundation for Masimo to admit those exhibits into evidence. The content of the exhibits were not shown or discussed in open court. Instead, these exhibits were later discussed under seal by Masimo's technical expert, Vijay Madisetti. The table below lists the exhibits, identifies the citations discussing the exhibits on the record, and describes the limited discussion of the exhibit on the public record.

| Exhibit | Cite to Discussion on Public Record | Description of Public Discussion |
|---|---|---|
| JTX-0173 | Trial Tr., Apr. 13, 2023, Vol. II at 21-23 | Masimo's counsel using an email to refresh Lamego's recollection that Lamego worked on light piping while at Masimo. The exhibit was not displayed. Masimo's counsel cautioned Lamego not to discuss the content of the email because the parties were in open court. Masimo's expert, Madisetti, relied upon this exhibit in a sealed session. Trial Tr., Apr. 12, Vol. II at 9-10; *id.* at 4 (sealed) |
| JTX-0784 | Trial Tr., Apr. 13, 2023, Vol. II at 23-25. | Masimo's counsel admitted an email into evidence with Lamego regarding demodulation. The exhibit was not displayed. Masimo's expert, Madisetti, relied upon this exhibit in a sealed session. Trial Tr., Apr. 12, Vol. II at 38; *id.* at 4 (sealed) |

| Exhibit | Cite to Discussion on Public Record | Description of Public Discussion |
|---|---|---|
| JTX-0936 | Trial Tr., Apr. 10, 2023 at 132-135 | Masimo's counsel admitted a test procedure into evidence with Gerry Hammarth, which supports Masimo's claims on L4. Hammarth briefly discussed that the test procedure is marked with a Masimo confidentiality label, but did not discuss the contents of the test procedure. The confidentiality label was shown in open court as an example of Masimo applying confidentiality labels, but the content of the exhibit was not shown. Masimo's expert, Madisetti, relied upon this exhibit in a sealed session. Trial Tr., Apr. 12, Vol. II at 8; *id.* at 4 (sealed) |

Loebbaka Decl. at ¶ 7.

Second, Masimo seeks to seal four exhibits for which Masimo's witnesses only discussed and displayed one or two pages from those exhibits during the trial. The other pages of those exhibits were not shown and contain confidential technical information regarding Masimo's technology and development of its products. The table below lists the exhibits, identifies the citations discussing the exhibits on the record, and describes the limited discussion of the exhibit on the public record.

/ / /

| Exhibit | Cite to Discussion on Public Record | Description of Public Discussion |
|---|---|---|
| JTX-0798 | Trial Tr., Apr. 6, 2023, Vol. II at 40-42. | Masimo's counsel admitted Mohamed Diab's lab notebook through Diab. Diab discussed only pages -7195 and -7235 from the lab notebook to describe general concepts of modulation. |
| JTX-2743 | Trial Tr., Apr. 5, 2023, Vol. II at 52-54 | Masimo's counsel admitted Joe Kiani's lab notebook through Kiani. Kiani discussed only page -725 from his lab notebook to describe an early concept at Masimo to develop a wrist-worn physiological monitoring device. |
| JTX-1363 | Trial Tr., Apr. 5, 2023, Vol. II at 61-64. | Masimo's counsel admitted a presentation describing development of the Masimo Watch through Joe Kiani. Kiani displayed and discussed pages -363 and -370 regarding Masimo's plans to develop additional versions of the Masimo Watch. Kiani did not discuss the remainder of the document, which discusses confidential details about development of the project, including unannounced partnerships. |
| JTX-1378 | Trial Tr., Apr. 5, 2023, Vol. II at 54-57. | Masimo's counsel admitted through Joe Kiani a presentation describing development of a 2015 Cercacor prototype to measure physiological measurements at the wrist. Kiani discussed and displayed only page -687. |

Loebbaka Decl. at ¶ 8.

Masimo seeks to seal the above exhibits, while maintaining the public discussion of those exhibits on the trial transcript. The information relevant to issues in this trial were discussed on the public record and left unsealed. The remainder of the exhibits were not discussed at trial, and thus, the public does not need access. The remainder of these exhibits discuss Masimo's confidential technical information, including past development efforts and future product plans. *Id.* at ¶ 9. If Masimo's confidential information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's confidential information without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*; *Snapkeys*, 2021 WL 1951250, at *2 ("[C]ourts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm.") (collecting cases).

**B.      Business and Marketing Strategy Documents**

The trial exhibits listed below discuss Masimo's confidential business information. Loebbaka Decl. at ¶ 10. As explained above, Masimo is a technology leader with leading performance due, in part, to its years-long investment in its business information, including strategies. *Id.* If Masimo's confidential information were disclosed, Masimo's competitors would reap the benefits of knowing Masimo's confidential business information without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*; *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (finding "compelling reasons" to seal documents containing information regarding party's "business strategies and internal decision making"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing documents to "prevent competitors from gaining insight into the parties' business model and strategy" that "could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

1. **Business Documents Discussed Under Seal During Trial**

Masimo seeks to seal trial exhibits that were admitted and discussed under seal during the trial. When Masimo requested that the Court seal the courtroom to discuss its confidential business strategies, the Court granted Masimo's request. The table below lists the exhibits and identifies transcript citations to the request to seal the courtroom and discussion of the exhibit under seal.

- O'Reilly notebook documenting Masimo's confidential and proprietary plans and technology:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0487 | Trial Tr., Apr. 14, 2023, Vol. II at 49-52 | Trial Tr., Apr. 14, 2023, Vol. II at 49-52. |

- Business plan documenting Masimo's strategies for development and growth:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0781 | Trial Tr., Apr. 5, 2023, Vol. II at 72-89 | Trial Tr., Apr. 5, 2023, Vol. II at 74-80. |

- Sales proposal to foreign hospital:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-1586 | Trial Tr., Apr. 5, 2023, Vol. II at 72-89 | Trial Tr., Apr. 5, 2023, Vol. II at 84-88 |

///

- Presentation from Masimo given under an NDA to Apple during May 2013:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-3997 | Trial Tr., Apr. 5, 2023, Vol. II at 72-89 | Trial Tr., Apr. 5, 2023, Vol. II at 37-40 |

- Smart Monitoring presentation prepared by Dr. O'Reilly:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0528 | Trial Tr., Apr. 5, 2023, Vol. II at 72-89 | Trial Tr., Apr. 5, 2023, Vol. II at 80-84 |

- Whiteboard drawing documenting Masimo's confidential information:

| Exhibit | Order Sealing Courtroom | Discussion of Exhibit Under Seal |
|---|---|---|
| JTX-0507 | Trial Tr., Apr. 18, 2023, Vol. I at 134-141 | Trial Tr., Apr. 18, 2023, Vol. I at 26-28 |

Loebbaka Decl. at ¶ 11.

### 2. Business Documents Admitted Into Evidence In Open Session

Masimo also seeks to seal a few of its business strategies exhibits that were mentioned very briefly on the public record to lay a foundation for Masimo to admit the exhibits into evidence. The table below lists the exhibits, identifies the citations discussing the exhibits on the record, and describes the limited discussion of the exhibit on the public record.

/ / /

- O'Reilly notebooks documenting Masimo's confidential and proprietary plans and technology:

| Exhibit | Cite to Discussion on Public Record | Description of Public Discussion |
|---|---|---|
| JTX-0484<br><br>JTX-0485<br><br>JTX-0486 | Trial Tr., Apr. 14, 2023, Vol. II at 64-65. | Masimo's counsel admitted O'Reilly's Masimo notebooks through O'Reilly. The exhibits were not discussed or displayed on the public record. Some of these notebooks were discussed by Masimo's expert, Robert Palmatier, in a closed session. Trial Tr., Apr. 11, 2023, Vol. II at 17:15-18:15 (JTX-0485); *id.* 42:19-43:8 (JTX-0486); *id.* at 9 (sealed). |
| JTX-0529 | Trial Tr., Apr. 14, 2023, Vol. II at 72, 82 | Masimo's counsel admitted a Smart Monitoring presentation through O'Reilly. The document was briefly identified and admitted but not discussed or displayed on the public record. The presentation was discussed by Masimo's expert, Palmatier, in a closed session. Trial Tr., Apr. 11, 2023, Vol. II at 42:19-43:8, 51:6-52:2; *id.* at 9 (sealed); Trial Tr., Apr. 12, 2023, Vol. I at 40:3-41:11; *id.* at 20 (sealed). |

| Exhibit | Cite to Discussion on Public Record | Description of Public Discussion |
|---|---|---|
| JTX-4639.1<br>JTX-4639.2<br>JTX-4639.3 | Trial Tr., Apr. 14, 2023, Vol. I at 29:18-30:24; Trial Tr., Apr. 18, 2023, Vol. I at 65-66, 72 | Apple's counsel admitted an email (JTX-4639) and its attachments of three Smart Monitoring presentations (JTX-4639.1, .2, .3). In the open session, Apple only discussed the presentations at a high level and did not display them. The presentations include a "CONFIDENTIAL" label at the bottom of the first page of each presentation. |
| JTX-4640.1 | Trial Tr., Apr. 18, 2023, Vol. I at 66-68 | Apple's counsel admitted one of O'Reilly's Smart Monitoring presentations into evidence during a public session. The presentation contents were not discussed in detail. Apple briefly displayed the presentation publicly, but took down the presentation when Masimo's counsel quickly indicated it should be removed from public display. Trial Tr., Apr. 18, 2023, Vol. I at 67:10-68:4. O'Reilly exchanged this presentation with another Masimo employee and labeled it a "draft." |

Loebbaka Decl., ¶ 12.

/ / /

### C. Personal Information of Third-Party

During the trial, Masimo admitted and discussed Lamego's personnel file from Masimo's Human Resources Department, JTX-0808. Trial Tr., Apr. 10, 2023 at 113-114; Loebbaka Decl., at ¶ 13. While in an open session, Masimo only discussed and displayed pages -616 to -617, which is Masimo's 2002 employment offer letter to Lamego. Trial Tr., Apr. 10, 2023 at 113-114. Masimo did not publicly discuss or display other sections of JTX-0808.

Masimo seeks to seal Lamego's personnel file as necessary to protect Marcelo Lamego's personal information, including financial and immigration information. Loebbaka Decl. at ¶ 14. As explained above, the parties discussed in open session Lamego's offer letter to join Masimo, not the remainder of his 100-page personnel file. Thus, the interest of the public in Lamego's personnel file does not outweigh protecting Lamego's personal information. *Id.*; *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) ("Requests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties."); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest.").

### III. CONCLUSION

Accordingly, Plaintiffs' respectfully requests an order to maintain the trial exhibits referenced herein under seal.

/ / /

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: June 1, 2023 | By: */s/ Kendall M. Loebbaka* |
|  | Joseph R. Re<br>Stephen C. Jensen<br>Sheila N. Swaroop<br>Brian C. Horne<br>Irfan A. Lateef<br>Benjamin A. Katzenellenbogen<br>Brian C. Claassen<br>Stephen W. Larson<br>Mark D. Kachner<br>Adam B. Powell<br>Kendall M. Loebbaka<br>Daniel P. Hughes |
|  | Attorneys for Plaintiffs<br>MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 2,972 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: June 1, 2023                    By: */s/ Kendall M. Loebbaka*
                                           Kendall M. Loebbaka

                                           Attorneys for Plaintiffs
                                           MASIMO CORPORATION and
                                           CERCACOR LABORATORIES, INC.

57552753