Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION TO UNSEAL CERTAIN TRIAL EXHIBITS PURSUANT TO DKT. 1688**<br><br>Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1

**TABLE OF CONTENTS**

2

**Page No.**

3   I.    INTRODUCTION ....................................................................................1

4   II.   FACTUAL BACKGROUND .................................................................2

5   III.  LEGAL STANDARD ............................................................................4

6   IV.   ARGUMENT..........................................................................................5

7         A.    Exhibits Apple Claims Are Directed To Apple Watch

8               Development ...............................................................................5

9               1.    Public Exhibits Discussing Lamego At A High Level ..............5

10              2.    Public Exhibits Regarding High-Level Technical
                      Information ........................................................................7

11              3.    Public Exhibits Regarding Apple Investigating Masimo

12                    Products............................................................................9

13              4.    Public Exhibits Regarding Apple Watch Accuracy .................11

14              5.    Public Exhibits Regarding Plans Now Implemented ..............12

15        B.    Exhibits Apple Claims Relate To Apple's Business Strategies..........12

16              1.    Public Exhibits Regarding Discussions About Masimo
                      And Kiani............................................................................13

17              2.    Public Exhibits Regarding Negative Publicity ........................15

18              3.    Public Exhibit Regarding FDA Working Groups.....................16

19        C.    Public Exhibits Regarding Apple's Recruiting Practices ...................16

20        D.    Public Exhibit Regarding Alleged Personal Information ...................19

21  V.    CONCLUSION .........................................................................................19

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page No(s).**

3

*Adams v. United States*,
  2010 WL 55550 (D. Idaho Jan. 5, 2010)................................................4

4

5

*Allen v. Conagra Foods, Inc.*,
  2020 WL 4673914 (N.D. Cal. Aug. 12, 2020)......................10, 15, 18

6

*In re Bofi Holding, Inc. Sec. Litig.*,
  2021 WL 3700749 (S.D. Cal. July 27, 2021)....................................19

7

8

*In re Copley Press, Inc.*,
  518 F.3d 1022 (9th Cir. 2008) ...............................4, 7, 10, 15

9

10

*Epic Games, Inc. v. Apple Inc.*,
  2021 WL 1907755 (N.D. Cal. May 12, 2021)...............................*passim*

11

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ...........................................................4

12

13

*Frost v. LG Elecs. Inc.*,
  2017 WL 6044067 (N.D. Cal. Nov. 28, 2017) ....................................18

14

*Frost v. LG Elecs. Inc.*,
  2017 WL 6044068 (N.D. Cal. Mar. 27, 2017) ....................................18

15

16

*In re High-Tech Emp. Antitrust Litig.*,
  2014 WL 12795429 (N.D. Cal. Mar. 14, 2014) ....................4, 8, 11, 16

17

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .................................................*passim*

18

19

*Masimo Corp. v. True Wearables, Inc.*,
  No. 8-18-cv-02001 ..............................................................................14

20

21

*MasterObjects, Inc. v. Amazon.com, Inc.*,
  2022 WL 4074653 (N.D. Cal. Sept. 5, 2022)........................................8

22

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)..............................................................................4

23

24

*Nursing Home Pension Fund v. Oracle Corp.*,
  2007 WL 3232267 (N.D. Cal. Nov. 1, 2007) ......................................19

25

*Open Text S.A. v. Box, Inc.*,
  2014 WL 7368594 (N.D. Cal. Dec. 26, 2014) ....................................10

26

27

*Snapkeys, Ltd. v. Google LLC*,
  2021 WL 1951250 (N.D. Cal. May 14, 2021).........................................3

28

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Stemmelin v. Matterport, Inc.*,
    2022 WL 1422567 (N.D. Cal. May 5, 2022).................................................15, 18

*True Health Chiropractic Inc. v. McKesson Corp.*,
    2022 WL 1239346 (N.D. Cal. Apr. 27, 2022).......................................................4

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
    312 F. Supp. 3d 966 (D. Or. 2018).................................................................8, 12

The Court granted Apple's application to seal 186 trial exhibits "subject to reconsideration upon application of any interested party…." Dkt. 1688 at 2.  Pursuant to that Order, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly "Masimo") hereby request that the Court unseal 56 of those trial exhibits.

## I. <u>INTRODUCTION</u>

During trial, the Court allowed either party to seal the courtroom upon request.  Apple consistently commented before the jury that, as a "courtesy," it would not object to Masimo sealing the courtroom.  But Apple tactically avoided any suggestion that its information was confidential and allowed the vast majority of the documents it produced in discovery to be displayed and discussed publicly.  As soon as the jury retired to deliberate, however, Apple took the contradictory position and sought to seal the same exhibits.  Apple's request is unsupported and creates numerous problems.

The public's interest in accessing judicial records is particularly strong because Apple made no effort to avoid public viewing of the information at trial.  The press closely followed the trial, attending all open sessions, and published numerous articles about it.  Those articles quoted from and discussed the trial, including documents that Apple has now sealed.  Moreover, further proceedings in this case will undoubtedly quote from the (currently sealed) exhibits that were discussed and displayed in open court.  This would require the parties to seek to seal quotations from the underlying exhibits even though the same or very similar information was presented in open court.

Apple also has not shown compelling reasons to seal the exhibits.  Apple relies solely on a conclusory declaration that contradicts its arguments in this case that anything revealed in open court is no longer "confidential."  Contrary to Apple's suggestions, the exhibits also do not reflect technical design information.  Instead, Apple largely seeks to seal embarrassing or incriminating information.  That is not a sufficient basis to seal trial exhibits, particularly those that were discussed in open court.  The Court should unseal at least the exhibits discussed herein.

/ / /

## II.  **FACTUAL BACKGROUND**

The Protective Order explains: "Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities" and "[t]his Order does not govern the use of Protected Material at trial."  Dkt. 67 ¶ 5.6.  It also provides that it would not apply to information made public during trial.  *Id.* ¶ 6 ("the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, ***or the information was made public during trial***.").[1]

During trial, the Court accommodated every request to seal the courtroom if either party asserted the information should be sealed.  *See, e.g.*, Trial Tr.  Apr. 6, Vol. II at 47:11-18 (sealing Diab testimony discussing Masimo trade secrets and confidential technology); Trial Tr. Apr. 13, Vol. II at 39:3-17 (sealing Lamego testimony discussing Apple confidential information).  The parties also allowed witnesses to discuss and publish many exhibits on the public record.

Apple even misused the sealing process to advance substantive arguments to the jury.  For example, Apple repeatedly made a show of arguing nothing was confidential and that it was agreeing to seal the courtroom only out of supposed "respect" or "courtesy" for Masimo's contentions.  *See, e.g.*, Trial Tr., Apr. 7, Vol. I at 102 at 14-17; Trial Tr., Apr. 10, Vol. II at 30:11-14 ("although Apple does not believe the information is in fact trade secret, out of respect for plaintiffs' contentions, I request that we seal the courtroom.").  Apple continued this inappropriate speech even after this Court admonished Apple to stop: "I think everyone understands your position.  Just ask for a closed session."  Trial Tr., Apr. 13, Vol. II at 77:8-22; Trial Tr., Apr. 14, Vol. II at 49:5-6; Trial Tr., Apr. 20, Vol. I at 43:13-15.

Apple freely allowed its own information to be discussed publicly.  *See e.g.*, Trial Tr., Apr. 18, Vol. II at 62:25-93:1.  For example, the parties discussed in open Court

---

[1] Unless noted otherwise, all emphasis in quotations is added.  Masimo understands the Court has copies of the trial exhibits (Dkt. 1674) but can provide them upon request.

1
2
3
4

Apple's efforts to research Masimo and recruit its employees.  *See, e.g.*, Dkt. 1636, Ex. 1 (deposition testimony of Denby Sellers); Trial Tr., Apr. 13, Vol. II at 113-125 (testimony of Stephen Hotelling).  Apple thereby sought to create an impression to the jury that everything discussed at trial was public and, thus, could not be a trade secret.

5
6
7
8
9
10
11
12

After the jury retired to deliberate, however, Apple took a completely contradictory position, and sought to seal the very exhibits presented publicly.  On April 26, while the jury was deliberating, Apple requested that the Court seal nearly every trial exhibit that Apple produced during discovery.  Dkt. 1677 (requesting the court seal 186 exhibits).  Of the *186* exhibits that Apple asked the Court to seal *160* of them were discussed in open court.  Loebbaka Decl. ¶ 2.  Apple supported its request with a conclusory declaration that did not address any exhibit with particularity.  For example, Apple's full and complete argument for sealing *over 100 trial exhibits* was:

13
14
15
16
17
18

> The trial exhibits listed below discuss Apple's confidential information regarding product development and proprietary technology—including internal Apple documents and communications—related to research and development of Apple Watch products.  *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("[C]ourts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm.") (collecting cases).

19
20
21

Dkt. 1678 ¶ 5.  Apple made similar conclusory arguments for seven other groups of exhibits.  *Id.* ¶¶ 6-12.  Apple did not disclose to the Court that the vast majority of the exhibits it sought to seal were published and discussed in open court.  *See id.*

22
23
24
25
26

The Court granted Apple's Application the next day.  Dkt. 1688.  The Court explained that its "order is subject to reconsideration upon application of any interested party, including members of the public."  *Id.* at 2.  Masimo now files this application to unseal certain of the trial exhibits, all of which were discussed or published during public sessions of the jury trial.

27

/ / /

28

-3-

### III. **LEGAL STANDARD**

There is a "strong presumption of access to judicial records" for dispositive proceedings, whether by trial or summary judgment, to ensure "the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). To overcome the presumption of public access in dispositive proceedings, a party must show "compelling reasons" to seal. *Id.* In general, "compelling reasons" to justify sealing court records include the release of "trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)).

Courts deny motions to seal trial exhibits absent compelling reasons to seal the information. *True Health Chiropractic Inc. v. McKesson Corp.*, 2022 WL 1239346, at *3 n. 3 (N.D. Cal. Apr. 27, 2022) ("As these are trial exhibits, they are essential to the public's ability to understand the resolution of this case, and Defendants articulate no compelling reason to seal sufficient to overcome that strong public interest."); *see also Adams v. United States*, 2010 WL 55550, at *2 (D. Idaho Jan. 5, 2010) (sealing trial exhibits that could be trade secrets but denying request to seal an internal email).

As the Ninth Circuit explained, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Courts routinely decline to seal information that has already been discussed publicly by fact and expert witnesses. *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1907755, at *3 (N.D. Cal. May 12, 2021); *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 12795429, at *2 (N.D. Cal. Mar. 14, 2014) ("the Court denies requests to seal information relating to topics already discussed publicly in filings or at hearings before the Court."). The Court should do the same here.

/ / /

-4-

## IV.  ARGUMENT

Apple sealed trial exhibits that do not approach the "compelling reasons" standard.  Apple is particularly unable to meet that standard because it freely allowed the exhibits to be discussed and published in open court.  Thus, Masimo requests the Court unseal the specific exhibits discussed below.

### A.    Exhibits Apple Claims Are Directed To Apple Watch Development

Apple sealed trial exhibits presented in public sessions that purportedly discuss "Apple's confidential information regarding product development and proprietary technology—including internal Apple documents and communications—related to research and development of Apple Watch products."  Dkt. 1678 at ¶ 5.  As described below, these exhibits do not include confidential information and were publicly discussed at trial.

#### 1.    Public Exhibits Discussing Lamego At A High Level

Apple sealed multiple exhibits as product development or technical documents that simply discuss how Lamego will contribute to Apple during his employment. Although Apple claims these exhibits discuss proprietary technology, these exhibits discuss no technical details.  Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0008**: This is an email explaining ████████████████████ ██████████████████████████████████ It does not describe any specific technical information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 3-4; Trial Tr., Apr. 26, Vol. I at 71:21-72:21.

- **JTX-0010 and JTX-0012**: These are two emails from the same chain asking Lamego to work with an Apple engineer ████████████████████ ██████████████████████████ ██████████████████ but these exhibits do not discuss any specific technical information.  The exhibits

-5-

████████████████████████████ were discussed and published in open court.  Trial Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 5-6, 8; Trial Tr., Apr. 26, Vol. I at 71:21-72:21.

- **JTX-0014**: This is a text message exchange between Apple engineers about a meeting with Lamego regarding ████████████████████████ ████████████  It mentions ████████████ which Apple repeatedly argued to the jury is not confidential.  Trial Tr., Apr. 13, Vol. II at 83:14-85:18.  It also mentions Apple's ██████████████████████ ████████████  Trial Tr., Apr. 18, Vol. II at 81:1-3.  The exhibit discusses no specific technical information and was discussed in open court.  Trial Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 8-9.

- **JTX-0015**: This email discusses, at a high level, Lamego's work and future at Apple.   It explains ████████████████████████ ██████████████████  It does not describe any specific technical information.  Instead, it shows Apple intended to prevent Lamego from having access to Apple's confidential information because Apple knew he posed a risk of trade secret misappropriation.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 9-13; Trial Tr., Apr. 26, Vol. I at 75:3-17.

- **JTX-0658**: This email describes Lamego's interview and mentions that he had ████████████████████████████  It does not describe any specific technical information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 17; Dkt. 1636, Ex. 1 at 21-22; Trial Tr., Apr. 26, Vol. I at 71:21-72:6.  Moreover, Apple's assertion that Lamego disclosed ***Apple*** confidential information during his interview makes no sense.  If Lamego disclosed any confidential information during his interview, it would have been ***Masimo's*** confidential information.

/ / /

-6-

- **JTX-4429**: This email discusses, at a high level, Lamego's work at Apple.  In it, Apple employees discuss ████████████████████████ ████████████████████████  It does not describe any specific technical information.  The exhibit was discussed and published in open court. Trial Tr., Apr. 14, Vol. I at 36:11-38:20.

Apple claims that disclosing these exhibits could cause Apple competitive harm. Dkt. 1678 at ¶ 5.  Apple offers no facts to support that conclusory assertion, which is insufficient to meet Apple's burden of showing compelling reasons to seal trial exhibits. *Kamakana*, 447 F.3d at 1179 (a party seeking to seal evidence at trial must articulate "compelling reasons" for doing so).  Moreover, Apple's conclusory assertion is demonstrably false because Apple made no attempt to seal the court when these exhibits were discussed.  If disclosure of this information could cause competitive harm, Apple would have sealed the courtroom.  *See In re Copley Press*, 518 F.3d at 1025 ("Secrecy is a one-way street: Once information is published, it cannot be made secret again.").

Rather than seal truly confidential information, Apple is trying to hide embarrassing information.  For example, JTX-0010 and JTX-0012 show that Apple knew it needed outside help because ████████████████████  JTX-0015 shows Apple knew Lamego was likely to use trade secrets from a former employer, but Apple continued to employ him anyway.  JTX-0015 at -009.  Such documents may be embarrassing for a company that calls itself "innovative," but Apple's embarrassment is not a "compelling reason" to justify sealing trial exhibits.  *See Kamakana*, 447 F.3d at 1179.

2.    **Public Exhibits Regarding High-Level Technical Information**

Apple sealed exhibits that discuss Apple technology only at a high level.  Below is a description of each exhibit and citations to where it was discussed publicly.

**JTX-0009**: This is an email about how Lamego will contribute at Apple ██ ████████████████████████████████  It does not discuss

/ / /

-7-

detailed technical information.  The exhibit was discussed in open court.  Trial. Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 4-5.

- **JTX-0047**: This is an email about an invention disclosure ███████ █████████ which later issued as two patents that were the subject of Masimo's correction of inventorship/ownership claims (U.S. Patent Nos. 10,078,052 and 10,247,670).  The exhibit was discussed and published in open court.  Trial Tr., Apr. 19, Vol. I at 106:20-108:1.

- **JTX-0335 and JTX-0337**: These are emails between Apple engineers and executives discussing next steps for developing a physiological sensor for the wrist to be included in a watch.  They discuss problems Apple faced in development, but do not discuss technical solutions in detail.  The exhibits were discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 43:24-44:5; Trial Tr., Apr. 11, Vol. I at 18-19; Dkt. 1636, Ex. 3 at 4-5, 7-9; Trial Tr., Apr. 26, Vol. I at 67:18-25.

- **JTX-0356**: This is an email acknowledging negative press the Apple Watch received because ██████████████████████████.  It does not discuss detailed technical information, but rather ████████████████ ███████████████████████  The exhibit was discussed and published in open court.  Trial Tr., Apr. 18, Vol. I at 123:11-124:20.

Apple cannot justify sealing these publicly disclosed exhibits.  *See Epic Games*, 2021 WL 1907755, at *3 (declining to seal information discussed publicly); *In re High-Tech Emp.*, 2014 WL 12795429, at *2 (same).  Even if the information had not been published, Apple cannot show compelling reasons to seal brief high-level discussions of technical information.  *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 973 (D. Or. 2018) (denying motion to seal where information sought to be sealed was a "high-level and broad discussion" without any "detail or discussion of any architectural diagrams or specific information"); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *5 (N.D. Cal. Sept. 5, 2022) (denying motion to seal description

-8-

of Amazon's system because party failed to "explain how disclosure of its high-level information could allow a third-party to understand Amazon's system in enough detail that it would cause Amazon competitive harm.").

Rather than seal technical information, Apple again appears to be seeking to seal embarrassing documents.  For example, JTX-0335 and JTX-0356 show that Apple's engineers were unable to create a reliable product.  *See* JTX-0335 █████████████ █████████████████████████; JTX-0337 ████████████████ JTX-0356 ███████ ████████████████████████████████████████████████████████████ Such documents are embarrassing to Apple, but that is not a basis to seal them.  *See Kamakana*, 447 F.3d at 1179.

### 3.     Public Exhibits Regarding Apple Investigating Masimo Products

Apple sealed exhibits directed to its research about Masimo products.  Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0177**: This is an email between Apple employees ████████████ ████████████████████████████████████████████████████████████ ██████████  It does not discuss Apple technical information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 19, Vol. I at 34:14-35:25.

- **JTX-0245**: This is an email discussing ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████  It does not discuss Apple technical information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 19-20; Dkt. 1636, Ex. 4 at 2-3.

- **JTX-0422**: This is an email between Apple employees discussing ████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████  It discusses Apple information only at a high level.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 25; Dkt. 1636, Ex. 5 at 6-7.

- **JTX-0423**: This is an email discussing ███████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
It does not discuss Apple technical information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 25; Dkt. 1636, Ex. 5 at 7.

- **JTX-0427**: This is an email with Apple engineers about ████████████
████████████████████████ It does not discuss Apple information. The exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 25; Dkt. 1636, Ex. 5 at 8-9.

- **JTX-0558**: This is an email about ██████████████████ It states in full:
███████████████████████████████████████████████
██████████████████ It does not discuss Apple information.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 36:21-24; Trial Tr., Apr. 14, Vol. I at 111:14-112:10.

Apple failed to identify compelling reasons that justify sealing these documents. *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *4 (N.D. Cal. Dec. 26, 2014) (party did not show "compelling reasons to seal information derived from third-party market research reports or comparisons of its products to its competitors'"); *Allen v. Conagra Foods, Inc.*, 2020 WL 4673914, at *4 (N.D. Cal. Aug. 12, 2020).  The parties openly discussed these exhibits and Apple's overall efforts to research Masimo and other companies in open court.   Trial Tr., Apr. 13, Vol. II at 113:24-132:23; Trial Tr., Apr. 14, Vol. I at 47:1-67:8, 82:8-108:1, 109:20-126:17; Trial Tr., Apr. 20, Vol. I at 9:19-29:25.  Apple failed to identify any competitive harm from publishing these exhibits, particularly in view of the extensive discussions at trial.  *See In re Copley Press*, 518 F.3d at 1025 ("Secrecy is a one-way street: Once information is published, it cannot be made secret again.").

/ / /

**4.    Public Exhibits Regarding Apple Watch Accuracy**

Apple sealed exhibits about the accuracy of Apple Watch physiological measurements.  Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0358**: This is an email attaching a presentation about ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████ It identifies possible reasons for the poor performance but does not include technical details of the Apple Watch.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 19, Vol. II at 14:3-16:5 (misstates JTX 358 as "JTX 385").

- **JTX-0360**: This is an email discussing █████████████████████ █████████████████████████████████████ It also summarizes negative customer feedback about the feature.  It does not include technical details of the Apple Watch.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 19, Vol. II at 16:6-18:4.

- **JTX-0736**: This is an email discussing ███████████████████ ██████████████████████████████████████████ The email explains that public feedback showed ███████████████████████ ███████████████████████████ It does not include technical details of the Apple Watch.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 19, Vol. II at 18:5-19:23; Trial Tr., Apr. 26, Vol. I at 94:14-21.

Apple has not shown that competitive harm would result from unsealing these documents that were published in open court.  *See Epic Games*, 2021 WL 1907755, at *3 (declining to seal information discussed publicly); *In re High-Tech Emp.*, 2014 WL 12795429, at *2 (same).  Rather than sealing information that might cause competitive

1   harm, Apple again sealed embarrassing information about the inaccuracy of the Apple

2   Watch.  *See* JTX-0358 ███████████████████████████

3   ████████████████████████ JTX-0360 ████████████████████

4   ███████████████████████  Apple's desire to hide embarrassing information is

5   not sufficient to seal these documents from the public.  *See Kamakana*, 447 F.3d at

6   1179.  The public interest in access to these documents presented in open court, which

7   show health features of the Apple Watch do not work as advertised, is strong.

8          **5.      Public Exhibits Regarding Plans Now Implemented**

9          Apple sealed **JTX-0400** and **JTX-0499**, which discuss future plans for features

10  of the Apple Watch that have now been implemented.  These exhibits are email chains

11  stemming from ten-year-old Apple email discussing high-level plans to develop

12  wellness features for the Apple Watch.  These exhibits do not discuss technical details

13  of the Apple Watch and were repeatedly discussed and published in open court.  Trial

14  Tr., Apr. 14, Vol. I at 122:12-125:11; Trial Tr., Apr. 18, Vol. I at 31:5-32:18; Trial Tr.,

15  Apr. 26, Vol. I at 66:22-67:5.  Apple has not shown competitive harm would result from

16  unsealing these documents that were discussed in open court.  *See Vesta*, 312 F. Supp.

17  3d at 973 (denying motion where information was a "high-level and broad discussion"

18  without any "detail or discussion of any architectural diagrams or specific

19  information").

20  **B.      Exhibits Apple Claims Relate To Apple's Business Strategies**

21         Apple sealed exhibits that purportedly discuss "Apple's confidential business

22  strategy and decision making—including internal Apple documents and

23  communications—related to Apple Watch products and consumer health."  Dkt. 1678

24  at ¶ 6.  As described below, these exhibits do not include confidential information and

25  were publicly discussed in open court.

26  / / /

27

28

-12-

1. **Public Exhibits Regarding Discussions About Masimo And Kiani**

Apple sealed multiple exhibits directed to Apple researching the industry, including Masimo. Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0259, JTX-260, JTX-556, and JTX-4355.01**: These are ███████ ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████ The exhibits do not include technical information about the Apple Watch. The exhibits were repeatedly discussed and published in open court throughout the trial. Trial Tr., Apr. 5, Vol. I at 35:20-36:2, 38:15-19, 39:14-19; Trial Tr., Apr. 14, Vol. I at 47:11-50:1, 84:7-95:1, 110:1-111:13, 112:11-114:24; Trial Tr., Apr. 26, Vol. I at 64:18-65:2 (JTXs-259, 556), 65:3-12 (JTX-260).

- **JTX-0263**: This is a ███████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████ It does not include technical information about the Apple Watch. Like the ████ exhibits discussed above, this ████ exhibit was repeatedly discussed and published in open court. Trial Tr., Apr. 5, Vol. I at 46:7-12; Trial Tr., Apr. 14, Vol. I at 51:15-57:13; Trial Tr., Apr. 26, Vol. I at 68:22-69:4.

- **JTX-0316 and JTX-0317**: These are emails with Adrian Perica, Apple's Vice President of Corporate Development, discussing a potential acquisition or partnership with Masimo. They do not include technical information about the Apple Watch. The exhibits were repeatedly discussed and published in open court. Trial Tr., Apr. 5, Vol. I at 42:14-21; Trial Tr., Apr. 14, Vol. I at 103:17-109:1, 121:16-122:11; Trial Tr., Apr. 26, Vol. I at 65:22-67:17.

- **JTX-0320**: This is a scheduling email for ████████████ It does not include technical information about the Apple Watch. The exhibit was discussed and

/ / /

-13-

published in open court.  Trial Tr., Apr. 11, Vol. I at 18; Dkt. 1636, Ex. 2 at 4-5; Trial Tr., Apr. 26, Vol. I at 68:1-21.

- **JTX-0332**: This email summarizes a discussion Kiani had with Perica.  The email discusses ██████████████████████████████████████████ ████████████████████████████ It does not include technical information about the Apple Watch.  The exhibit was discussed and published in open court. Trial Tr., Apr. 11, Vol. I at 18-19; Dkt. 1636, Ex. 3 at 3-4; Trial Tr., Apr. 26, Vol. I at 66:17-21.

- **JTX-0344**: This is an Apple email discussing ████████████████ █████████████████████████████████████████████████████████ ████████████████ It does not include technical information about the Apple Watch. The exhibit was discussed and published in open court.  Trial Tr., Apr. 14, Vol. I at 123:17-126:17.

- **JTX-0393**: This is an email summarizing an Apple meeting with Kiani and strategizing how to engage with Masimo.  It does not include technical information about the Apple Watch.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 40:18-22; Trial Tr., Apr. 14, Vol. I at 116:17-118:10.

- **JTX-0395**: This is an email strategizing how to interact with Masimo after hiring O'Reilly.  It does not include technical information about the Apple Watch.  The exhibit was discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 41:16-20; Trial Tr., Apr. 14, Vol. I at 120:4-121:15; Trial Tr., Apr. 26, Vol. I at 65:22-25.

- **JTX-0605, JTX-0636, and JTX-0672**: These are emails that discuss Apple hiring Lamego.  The first email in the chain is from Lamego to Tim Cook, █████████████████████████████████████████ This Court already authorized publication of that email in *Masimo Corp. v. True Wearables, Inc.*, No. 8-18-cv-02001.  It has also been published on the public docket in this case many times.

-14-

*See, e.g.*, Dkt. 507-1, Ex. 4; Dkt. 1086-04, Ex. 28.  The remainder of the email chain are Apple emails discussing hiring Lamego, including ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The emails do not include technical information about the Apple Watch and were discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 46:1-6; Trial Tr., Apr. 11, Vol. I at 16-18; Dkt. 1636, Ex. 1 at 16-20; Trial Tr., Apr. 14, Vol. II at 56:4-58:6; Trial Tr., Apr. 26, Vol. I at 70:5-10.

Apple has not attempted to show competitive harm from unsealing these old documents that were discussed in open court.  *See Stemmelin v. Matterport, Inc.*, 2022 WL 1422567, at *1 (N.D. Cal. May 5, 2022) (denying motion to seal information from many years ago without an explanation of why such information results in competitive harm); *Allen*, 2020 WL 4673914, at *4.  For example, Apple has not articulated why disclosing Apple's attempts to partner with a third party in 2013 would cause Apple competitive harm today.  Indeed, media articles published during the trial referenced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by name and discussed the contents of these exhibits, and Apple never claimed competitive harm from their publication.  Exs. E-G.  Apple's desire to hide evidence of its well-known practice of taking technology from others is not enough to seal exhibits.  *See Kamakana*, 447 F.3d at 1179 ("incrimination, or exposure to further litigation" is not a compelling reason to seal records).  That is especially true because Apple deliberately allowed these exhibits to be shown and discussed in open court.  *See In re Copley Press*, 518 F.3d at 1025 ("Secrecy is a one-way street: Once information is published, it cannot be made secret again.").

### 2.  **Public Exhibits Regarding Negative Publicity**

Apple sealed emails discussing negative publicity about the Apple Watch.  Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0257**: This email discusses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  It does not include detailed technical

/ / /

information about the Apple Watch.  This exhibit was discussed and published in open court.  Trial Tr., Apr. 11, Vol. I at 19-20; Dkt. 1636, Ex. 4 at 5-7.

- **JTX-0377**: This email discusses ███████████████████████ ████████████████████████████████  It does not include detailed technical information about the Apple Watch.  This exhibit was discussed and published in open court.  Trial Tr., Apr. 18, Vol. I at 119:6-123:10.

Apple has not shown competitive harm would result from unsealing these exhibits.  As with the other exhibits discussed herein, Apple cannot show compelling reasons to seal information that Apple allowed to be discussed and published in open court.  *See Epic Games*, 2021 WL 1907755, at *3 (declining to seal information discussed publicly); *In re High-Tech Emp.*, 2014 WL 12795429, at *2 (same).  Nor has Apple attempted to show that discussions about the accuracy of the Apple Watch would cause competitive harm.  Apple's desire to seal embarrassing documents showing that the Apple Watch is inaccurate is not a sufficient basis to seal trial exhibits.  *See Kamakana*, 447 F.3d at 1179.

### 3.    Public Exhibit Regarding FDA Working Groups

Apple sealed **JTX-0526**, which is an email from the FDA ███████ ████████████████████████████████████████████████  Working groups are comprised of industry members from multiple companies and are not confidential.  Apple is not at risk of competitive harm from a competitor knowing that the FDA ████████████████████████████████████████████████ ███████████████████████████  And this exhibit was discussed publicly.  Trial Tr., Apr. 18, Vol. I at 39:9-40:14.  Apple has not shown competitive harm that would result from unsealing this exhibit.

## C.    Public Exhibits Regarding Apple's Recruiting Practices

Apple sealed exhibits that discuss "Apple's confidential information regarding hiring and recruitment practices, including for work on Apple Watch products."  Dkt. 1678 at ¶ 8.  Specifically, Apple sealed multiple documents directed to its efforts to

target and recruit Masimo employees.  Below is a description of each exhibit and citations to where it was discussed publicly.

- **JTX-0058 and JTX-0059**: These emails discuss recruiting O'Reilly. ███████ ███████████████████████████████████████████████ ████████  The exhibits do not discuss technical Apple information.  And they were all discussed and published in open court.  Trial Tr., Apr. 11, Vol I at 16-18; Dkt. 1636, Ex. 1 at 3-7; Trial Tr., Apr. 26, Vol. I at 65:13-21 (JTX-0058-59).

- **JTX-0064**: This two-sentence email discusses recruiting Lamego. ████████ ███████████████████████████████████████████ It does not include any technical information.  And it was discussed and published in open court.  Trial Tr., Apr. 11, Vol I at 16-18; Dkt. 1636, Ex. 1 at 7-15.

- **JTX-0165 and JTX-0176**: These emails discuss recruiting Masimo employees other than O'Reilly and Lamego.  They do not include Apple technical information and were discussed and published in open court.  Trial Tr., Apr. 19, Vol. I at 32:8-34:13; Trial Tr., Apr. 26, Vol. I at 70:23-71:4 (JTX-0176); Trial Tr., Apr. 20, Vol. I at 14:23-20:4; Trial Tr., Apr. 26, Vol. I at 71:5-10 (JTX-0165).

- **JTX-0264**: This is a short email chain about ██████████████████ ████████████████████████████████  It contains no Apple technical information.  And it was discussed and published in open court.  Trial Tr., Apr. 14, Vol. I at 60:20-62:3.

- **JTX-0265, JTX-0628, JTX-0648, JTX-0653, JTX-0762, and JTX-4419**: These emails discuss recruiting Lamego, summarize his interviews at Apple, and discuss offering him a job.  They do not include Apple technical information.  And, like the other exhibits discussed herein, they were extensively discussed and published in open court.  Trial Tr., Apr. 5, Vol. I at 37:9-14, 47:11-16; Trial Tr., Apr. 11, Vol I at 16-18; Dkt. 1636, Ex. 1 at 15-16 (JTXs-0628, 0648), 20-21 (JTX-0628, JTX-0653); Trial Tr., Apr. 13, Vol. II at 127:5-130:24 (JTX-4419);

/ / /

Trial Tr., Apr. 14, Vol. I at 62:4-19 (JTX-0762), 62:20-64:13; Trial Tr., Apr. 26, Vol. I at 65:3-12, 69:21-70:1 (JTX-0265, -0628, -0648)

- **JTX-0392**: This is a short email containing Perica's recommendation to hire O'Reilly. It explains why Perica thought O'Reilly was a good hire and contains no Apple technical information. And it was discussed and published in open court. Trial Tr., Apr. 14, Vol. I at 114:25-116:16.

- **JTX-2070**: This email discusses ███████████████████████ ██████████ It contains no Apple information. And it was discussed and published in open court. Trial Tr., Apr. 20, Vol. I at 12:7-14:22; Trial Tr., Apr. 26, Vol. I at 69:13-20.

Apple has not attempted to show competitive harm from unsealing these documents, which are many years old. *See Stemmelin*, 2022 WL 1422567, at *1; *Allen*, 2020 WL 4673914, at *4. During and after trial, the media published articles describing Apple's efforts to target and recruit Masimo's employees. Exs. A-G. Apple has not attempted to show that it would suffer competitive harm from exhibits that the press has already discussed and quoted from extensively.

Moreover, Apple's cases do not support sealing its recruitment efforts. In *Frost v. LG Elecs. Inc*., 2017 WL 6044068, at *1 (N.D. Cal. Mar. 27, 2017), the court granted a motion to seal information regarding "hiring and recruiting practices" on a motion for sanctions. But *Frost* applied the "good cause" standard to seal, not "compelling reasons" standard. *Id.* Apple also appears to cite *Frost v. LG Elecs. Inc.*, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017), which found compelling reasons to seal "sensitive and proprietary information regarding LG Defendants' internal human resources policies and practices." However, the underlying motion to seal was directed to sealing information related to a complaint, not sealing trial exhibits. *Id.* at *1. Apple failed to cite authority for sealing its recruitment of Masimo's employees under the "compelling reasons" standard. That is especially true here where the information is not technical and has been made public at trial.

-18-

**D.** **Public Exhibit Regarding Alleged Personal Information**

Apple sealed **JTX-0246**, which purportedly discusses "personal information of individuals."  Dkt. 1678 at ¶ 12.  This email is merely ███████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████  The exhibit does not mention personal information, such as a medical condition.  ███████████ ███████████████████████████████████████  does not divulge "personal information" that provides a "compelling reason" to seal this exhibit.  Moreover, JTX-0246 was discussed publicly during trial.  Trial Tr., Apr. 11, Vol. I at 19-20; Dkt. 1636, Ex. 4 at 4-5.

Apple's cases fail to support its request to seal.  In *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021), the court sealed the names and addresses of former employees to prevent the misuse and harassment of the former employees.  In *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007), the court sealed personal information such as home addresses and financial information that had little to no relevance to material issues in the case.  Unlike these cases, JTX-0246 does not contain personal information.

## V. CONCLUSION

For at least the foregoing reasons, Apple has not met its burden to show "compelling reasons" to seal trial exhibits that Apple deliberately allowed the parties to discuss and publish in open court.  Masimo respectfully requests that the Court unseal the trial exhibits discussed herein and listed in the accompanying Proposed Order.

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 1, 2023                     By: /s/ Kendall M. Loebbaka
                                            Joseph R. Re
                                            Stephen C. Jensen
                                            Sheila N. Swaroop
                                            Brian C. Horne
                                            Irfan A. Lateef
                                            Benjamin A. Katzenellenbogen
                                            Brian C. Claassen
                                            Stephen W. Larson
                                            Mark D. Kachner
                                            Adam B. Powell
                                            Kendall M. Loebbaka
                                            Daniel P. Hughes

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 6,158 words, which [choose one]:

X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _June 1, 2023_____     By: _/s/ Kendall M. Loebbaka_____
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.