# EXHIBIT D

# Mistrial Declared in Masimo Lawsuit Against Apple

The jury deadlocked in the case involving trade secrets brought by the Irvine-based company.

By **Meghann Cuniff** - May 2, 2023



*Masimo CEO Joe Kiani (front) and his Knobbe Martens lawyers (left to right), Brian Claasen, Joseph Re, Sheila Swaroop, and Stephen Jensen Photo by Meghann M. Cuniff.*

A judge on Monday declared a mistrial in Irvine-based Masimo Corp.'s $1.8 billion trade secrets lawsuit against Apple, Inc., after jurors said they were deadlocked in favor of a defense verdict.

"I think you've done all that the court can reasonably expect you to do in this case," senior U.S. District Judge James V. Selna told the jury around 3:30 p.m. Monday. "I appreciate your diligent efforts." He said sometimes juries can't reach a consensus, "and I'm sure that's frustrating to you … but that doesn't mean you didn't do your duty."

The seven O.C. residents, all women, sent a note Monday about 1:15 p.m. that said they'd voted on the six alleged trade secrets, and six jurors favored Apple while one favored Masimo.

"What do we do now? She will not change," the note said, as read aloud by Selna.

Selna initially instructed the jury to continue deliberating through the end of the day, then return Tuesday and he'd decide what to do. But the jury sent another note about 3:30 p.m. that said, "We are not being able to come to a joint conclusion."

"We will not be able to change anyone's opinion. We are ready to stop the whole process with not being able to agree," the note read.

The deadlock in favor of Apple is a big loss for Masimo and its lawyers at Knobbe Martens LLP. The lawsuit originally sought $3.1 billion in unjust enrichment related to 12 alleged trade secrets Masimo said Apple misappropriated when developing the pulse oximetry sensor for the Apple Watch Series 6. Judge Selna last week dismissed six trade-secrets claims related to Apple's business and marketing

strategies, which left six claims that a Masimo expert valued at $1.8 billion. Masimo also was seeking co-ownership of five Apple patents.

The judge told attorneys earlier that he wouldn't read the so-called Allen charge to force further deliberations. Named for the 1896 U.S. Supreme Court decision in Allen v. United States, the Allen charge is essentially an additional instruction some federal judges read to jurors to try to break deadlocks. Selna said Monday he believes it's too coercive.

Jurors began deliberating last Wednesday afternoon and went through Thursday and Friday. One juror was excused Friday so she could return to work after she said she was having financial problems.

"I see no signs that they've been unable to discuss things, and I'm not willing to infer that one juror won't engage with others. I think each juror has to make up their mind," Selna said Monday, noting jurors are specifically instructed not to change a strongly held view
in order to reach a consensus.

Apple's lead trial lawyer, Joseph Mueller of Wilmer Cutler Pickering Hale and Dorr LLP, emphasized in his opening statement that Masimo's lawsuit is about specific alleged trade secrets that Masimo accuses Apple of misappropriating, and that Masimo must show not only that Apple misappropriated the secrets, but that the secrets are in fact secrets. He worked to make the trial about credibility, point blank asking Apple employees if they violated intellectual property laws and misappropriated trade secrets. All said no.

Knobbe partners Joseph Re and Stephen Jensen have represented Masimo and its CEO, Joe Kiani, for nearly 30 years. The company issued a statement shortly after the mistrial that said, "We intend to retry the case and continue to pursue legal redress against Apple."

"As we begin that process, the United States Trade Commission is scheduled in the coming months to decide whether to ban the importation of certain models of the Apple Watch, following a ruling …by an Administrative Law Judge that Apple infringed one of Masimo's
patents for pulse oximetry," Masimo's statement said.

Apple, meanwhile, released a statement thanking "the jury for their careful consideration in this case" and denying wrongdoing regarding its Masimo hires.

"We deeply respect intellectual property and innovation and do not take or use confidential information from other companies. We are pleased that the court correctly rejected half of the plaintiffs' trade-secret allegations and will now ask the court to dismiss the remaining claims," Apple's statement said.

Kiani, 58, immigrated to the U.S. from Iran when he was 9 years old. He graduated high school at 15 and earned bachelor's and master's degrees in electrical engineering from San Diego State University.

He used a $50,000 loan on his condo in Mission Viejo to build Masimo into a worldwide technology company that made him a billionaire. The approximately 55 hours of trial testimony offered a detailed look at how the world's biggest technology company and first $3 trillion annual profit maker developed its latest innovation blockbuster, with the addition of the pulse oximetry sensor to the Series 6 and 7 at issue. The trial also chronicled the global powerhouse's intense interest in Masimo and its affiliate Cercacor Laboratories, Inc., and it offered a rare glimpse inside Apple's corporate email.

Much of the email evidence came from 2013 and 2014, when Apple executives were first looking to expand into medical technology. They knew they had no experience, and they identified Masimo as an industry leader.

Adrian Perica, now Apple's vice president for corporate development, described Kiani having a "Steve Jobs-like reputation" in the field that would make him ideal for Apple. Kiani traveled to Cupertino to meet with Apple executives in May 2013, and Perica also met with Kiani and other Masimo executives at Masimo headquarters in Irvine.

But Apple CEO Tim Cook ultimately wasn't interested in acquiring Masimo, according to internal Apple emails. Instead, Apple hired Masimo employees with specialized knowledge of the pulse oximetry sensor technology that Apple engineers were trying to incorporate into the watch. The hires included physician Michael O'Reilly, who still works at Apple, and scientist Marcelo Lamego, who left Apple in 2014 after about six months.

Though brief, Lamego's tenure at Apple was productive: He applied for 12 internal Apple patents within his first two weeks, which Masimo's lawyers argued foreshadowed a broader spilling of Masimo's confidential information.

Masimo and Cercacor sued Apple in January 2020 after the U.S. Patent and Trademark Office issued patents to Apple that Kiani believes are based on confidential science and engineering techniques O'Reilly and Lamego developed while at Masimo and working with other Masimo engineers. That includes Mohamed Diab, who started Masimo with Kiani in 1989. The company's name combines Kiani's nickname "Masi" with Diab's nickname "Mo."

Kiani has long shown a willingness and the deep pockets needed to take on major players: Nearly 20 years ago, Masimo sued Tyco International, a huge industrial conglomerate, for patent infringement. Masimo ended up collecting $330 million, according to the *Orange County Register*, then another $420 million on appeal. Kiani celebrated the win in Bora Bora with 70 employees, attorneys, and family members.

He already had a major win against Apple when trial opened: An International Trade Commission administrative law judge ruled in January that the Apple Watch infringes one of Masimo's pulse oximetry patents.

Kiani also has secured legal victories against True Wearables Inc., a company Lamego started after he left Apple. In a separate lawsuit, Judge Selna last November ruled Lamego misappropriated Masimo's trade secrets when developing its Oxxiom pulse oximetry device, and he banned True Wearables from selling it in the U.S. in November 2022.

Masimo's Knobbe Martens legal team emphasized the company's humble and local roots to the Orange County jury while working to cast the Apple Watch as not only a rip off of Masimo's technology, but a poorly executed rip off. Re called it a "dangerous toy" in his closing argument, which Mueller cited when telling jurors the lawsuit could be an attempt by Masimo to bolster the market position of its own consumer watch, which was released in 2021.

The Knobbe team emphasized Masimo's focus on human wellness and Kiani's commitment to public health, including by showing jurors in the opening statement part of a TV commercial Masimo launched in the height of the pandemic that was narrated by Morgan Freeman.

The trial brought high-ranking Apple executives to the courthouse, including Perica, a U.S. Military Academy at West Point graduate who reports to Cook, as well as renowned Apple designer Peter Russell-Clarke and veteran engineer Steve Hotelling, who is an inventor or co-inventor on approximately 700 Apple patents.

Jurors also saw retired Apple executive Bob Mansfield's video deposition in which he was questioned about emails he wrote calling the watch development "a mess" and lamented his team's progress and their "shower head design."

"It doesn't feel to me like we're making rapid progress," Mansfield wrote. He added "on current path sensor effort will fail and with it will go probably the most important feature of the device."

Mansfield invoked the late Jobs, who was his direct supervisor, when explaining what he wrote.

"Sometimes I wrote things like that because I wanted them to work hard and figure it out," Mansfield said. "Like when Steve Jobs would say to me, 'I want you to work on the phone and I don't care if you ever work on another Macintosh.' He didn't really mean that. He just wanted me to work hard on the phone."

The complex case went to Selna because it was deemed related to Masimo's lawsuit against True Wearables, which he'd been assigned in 2018. A 2003 George W. Bush appointee and former state superior court judge, he spent his pre-bench career with O'Melveny & Myers LLP, including as part of the trial team for private antitrust cases brought against computer pioneer IBM in the 1970s.



*Wilmer Hale partners Joseph Mueller and Mark Selwyn, who represented Apple in a lawsuit brought by Irvine-based Masimo, leave the courthouse after closing arguments last week. Photo by Meghann M. Cuniff.*

Judge Selna gave the Wilmer Hale team, led by Mueller and Palo Alto-based partner Mark Selwyn, a huge win a day before closing arguments when he partly granted their motion for judgment under Rule 50 of the Federal Rules of Civil Procedure. The move dismissed six trade secrets claims related to business and marketing strategies that Masimo alleged Apple misappropriate from its confidential information. A Masimo expert had valued the claims at $1.3 billion. Selna left six trade secrets claims valued at $1.8 billion that involve a piece of black foam, a specific type of short circuit and a modulation effort.

Selna also made major rulings in Masimo's favor, including allowing jurors to learn of other Masimo employees Apple hired for the Apple Watch beyond Lamego and O'Reilly. The decision followed Masimo's lawyers saying Hotelling's initial testimony was "at a minimum, misleading and incomplete" regarding Apple's targeting of Masimo.

In his closing argument, Mueller said Hotelling explained what he meant by researching the "next-level down" at Masimo for potential recruits, and it referred to researching LinkedIn for potential job candidates who work in particular groups at various companies, not just Masimo.

"Researching on LinkedIn for folks who might want to interview with Apple is not trade secrets misappropriation," Mueller said. The process has "nothing to do with black foam, short circuit or a never-used modulation proposal."

Mueller acknowledged Apple's initial interest in Masimo and the 2013 meeting with Kiani at Apple's Cupertino headquarters.

"It made sense to examine that possibility, and they certainly did that," Mueller said. "But they ultimately concluded that no company was a perfect fit, including Masimo."

Mueller highlighted testimony from Masimo's Mohamed Diab and Jeroen Poeze that they don't know if they should be added as inventors to the very patents Masimo wants them declared co-inventors.

"Having folks take the stand and say, 'I don't know. I have no idea,' is just not enough to carry their burden," Mueller said.

On Monday, the six jurors who sided with Apple told attorneys after the mistrial that they didn't see a connection between Masimo's alleged trade secrets and the Apple Watch. The juror who sided with Masimo had a master's degree and teaches courses about corporate development. She told the Knobbe team she didn't feel the other jurors had a firm grasp of the exhibits, and that she's proud she didn't change her vote in Apple's favor.