# EXHIBIT G

# Jury deliberations begin in Masimo v. Apple trade secrets trial after federal judge slashes claims

Masimo's $3.1 billion lawsuit became a $1.8 billion lawsuit through the dismissal of six of 12 alleged trade secrets the company accuses the tech giant of misappropriating.



MEGHANN CUNIFF

APR 27, 2023

 2                                                                           Share   



(l-r) WilmerHale partners Joseph Mueller of Boston and Mark Selwyn of Palo Alto leave the courthouse after closing arguments on Wednesday, April 27, 2023. (Photo by Meghann M. Cuniff)

The jury in the trade secrets trial between Masimo Corp. and Apple, Inc., will consider $1.8 billion for unjust enrichment instead of the originally requested $3.1 billion after the judge dismissed half the claims.

The decision by Senior U.S. District Judge James V. Selna leaves six alleged trade secrets for jurors to consider instead of the 12 that Masimo's lawyers alleged in trial. that Apple misappropriated in its development of the Apple Watch.

The six which Selna granted judgment in Apple's favor regarded business and marketing strategies the company used for the electrocardiogram features in Apple Watch Series 6 and 7. Masimo and its affiliate Cercacor Laboratories, Inc. alleged the strategies were their own intellectual property that the tech giant misappropriated.

Masimo's expert valued the claims at $1.3 billion, but Selna agreed with Apple's lawyers that no reasonable jury could find liability.

The judge rejected, however, Apple's [motion](#) for judgment regarding the other claims, which a Masimo expert valued at $1.8 billion but an Apple expert said would only be worth $34.1 million if they weren't meritless. The remaining six claims concern Apple's incorporation of black foam and its use of a specific short circuit into the watch manufacturing process, as well as an approach to modulation that Masimo's lawyers argue is confidential to Masimo.

That leaves the jury of eight women to decide first if the six alleged trade secrets are in fact trade secrets, and if so, were they misappropriated and were they misappropriated maliciously. They also must determine Masimo's claims are within the statute of Masimo also is seeking co-ownership of five Apple patents through the addition of its own employees as co-inventors.

1. Do you find that Masimo and Cercacor have proven that one or more of the following Asserted Trade Secrets is a trade secret?

| Trade Secret | Yes (For Plaintiffs) | No (For Defendant) |
| --- | --- | --- |
| Demodulation D1 | | |
| Demodulation D3 | | |
| Demodulation D10 | | |
| Light Propagation L4 | | |
| Light Propagation L5 | | |
| Value, Importance, and Appropriateness of trade secrets D1, D3, D10, L4, or L5, individually or collectively or in any combination | | |

The beginning of a draft verdict form filed Wednesday. (U.S. District Court)

Selna's decision to dismiss the trade secrets claims regarding business and marketing strategies is a huge win for Apple's lawyers at Wilmer Cutler Pickering Hale and Dorr LLP, and far more consequential than his decision last week that jurors could hear of other Masimo and Cercacor employees hired by Apple other than the men at the center of the case, scientist Marcello Lamego and physician Michael O'Reilly. It also highlights what Apple's lead lawyer, WilmerHale partner Joseph Mueller, has alleged to jurors since his opening statement: Masimo's case is about specific legal claims that "don't have a proper factual basis."

The judge did not tell jurors of his decision to dismiss the business and marketing strategy claims and told Mueller he would not do so. Instead, they'll simply not see those claims on their verdict form.

The jury deliberated about 2 1/2 hours on Wednesday and will continue Thursday.

The courtroom was closed to the public for about half of each 90-minute closing argument under a protective order regarding the alleged trade secrets. But Mueller and Masimo's lead lawyer, Joseph Re of Knobbe Martens LLP, each addressed the basics of his argument in open court, with Re highlighting a slew of internal Apple emails that he said demonstrate not standard job recruiting but "targeted recruiting for particular information."

Re reminded jurors of Masimo's humble origins, with CEO Joe Kiani having taken out a $50,000 loan on his condo in Mission Viejo in 1989 and built the company into a pioneer in the area of pulse oximetry technology. Re said the Apple Watch "is an insult to this medical device" perfected by Masimo, and the trade secrets were misappropriated as Apple executives pushed their young engineers for fast results.

"Look at the pressure these engineers were under to come out with devices and new features every year," Re said, displaying an email Adrian Perica, now Apple's vice president for corporate development, sent in August 2013 in which he wrote, "we need to ship something great next year that works across the world."

"Perica is putting pressure on them while at the same time admitting they're newbies to this space. Newbies!" Re said.



Masimo's lead lawyer Joseph Re (center) on Friday, April 7, 2023 with fellow
Knobbe Martens LLP partners Brian Horne (left) and Adam Powell (right).
(Photo by Meghann M. Cuniff)

Re reminded jurors that Perica said CEO Tim Cook didn't want to acquire Masimo, so Apple executives developed an internal effort called Project Rover that specifically targeted Masimo. He highlighted part of a presentation that said Apple should consider "how to engage Masimo" including acquiring "acquisition of Cercacor and/or Masimo (or people or assets)."

Steve Hotelling, Apple's vice president for hardware technologies, testified that engaging Masimo wasn't a sure thing, but "that's dishonesty," Re said.

"It's says 'how,' not 'whether,'" Re said.

Re also displayed an email in which Hotelling wrote about specific ways Masimo could aid Apple's development of the pulse oximetry sensor in the Apple Watch.

5/24/23, 4:23 PM
Case 8:20-cv-00048-JVS-JDE   Document 1772-9   Filed 06/01/23   Page 7 of 11   Page ID
Masimo-Apple trade secrets trial: Jury deliberations begin
#:152745

"You know what we call that underlying language? Trade secrets!" Re said. "It didn't say we need more PhDs from Stanford. That I can understand. That's legal. This is not legal when you hire for particular information from particular people who do a particular job."

Masimo's case, Re said, is not about "free mobility to change jobs."

"It's about a plan to target a company for specific information that they wanted desperately," Re said.

But Mueller said Hotelling explained what he meant by researching the "next-level down" at Masimo for potential recruits, and it referred to researching LinkedIn for potential job candidates who work in particular groups at various companies, not just Masimo.

"Researching on LinkedIn for folks who might want to interview with Apple is not trade secrets misappropriation," Mueller said. The process has "nothing to do with black foam, short circuit or a never-used modulation proposal."

Mueller emphasized that the claims against Apple are about "real people." He said to conclude that Masimo's claims are meritorious, "You're going to have conclude that some real people took thee stand, took the oath, and then broke that oath and didn't tell the truth."

He also questioned Kiani's motive for suing Apple. His lawsuit may be driven by "some form of resentment or anger" over his employees joining Apple, he said. Lamego was at Apple only a few months; O'Reilly still works there.

It also may be about money, Mueller said, noting Kiani's wealth but adding "even for someone as wealthy as he is, $3 billion is a lot of money."

Masimo's lawsuit also "may be an attempt to place a cloud over the Apple Watch" as Masimo tries to sell its own newly developed watch to consumers.

"This lawsuit may be an attempt to achieve in court what Masimo has not been able to achieve in the market place," Mueller said, noting that Re referred to the Apple Watch

as a "dangerous toy."

"Again, I don't know what's in Mr. Kiani's head," Mueller said.

Finally, Mueller suggested the lawsuit "may also just be a mistake." Kiani and his lawyers may have believed they had a case, then, after poring over the documents and listening to the testimony "they may have just realized there's no there."

Mueller acknowledged Apple's initial interest in Masimo and the 2013 meeting with Kiani at Apple's Cupertino headquarters.

"It made sense to examine that possibility, and they certainly did that," Mueller said. "But they ultimately concluded that no company was a perfect fit, including Masimo."

Mueller highlighted testimony from Masimo's Mohamed Diab and Jeroen Poeze that they don't know if they should be added as inventors to the very patents Masimo wants them declared co-inventors.

"Having folks take the stand and say, 'I don't know. I have no idea,' is just not enough to carry their burden," Mueller said.

6. Do you find that Masimo and Cercacor have proven that Mohamed Diab should be added as one of the inventors on the following patents?

| Patent | Yes (For Plaintiffs) | No (For Defendant) |
|---|---|---|
| U.S. Patent No. 10,078,052 | | |
| U.S. Patent No. 10,247,670 | | |
| U.S. Patent No. 9,952,095 | | |
| U.S. Patent No. 11,009,390 | | |

7. Do you find that Masimo and Cercacor have proven that Jeroen Poeze should be added as one of the inventors on U.S. Patent No. 10,219,754?

_____     _____
Yes         No
(for Plaintiffs)  (for Defendant)

8. Do you find that Masimo and Cercacor have proven that they should be a co-owner of one or more of the following patents, either based on contributions by Mohamad Diab (052, 670, 095, 390 patents), Jeroen Poeze (754 patent), or Marcelo Lamego (052, 670, 095, 390, 754 patents)?

| Patent | Yes (For Plaintiffs) | No (For Defendant) |
|---|---|---|
| U.S. Patent No. 10,078,052 | | |
| U.S. Patent No. 10,247,670 | | |
| U.S. Patent No. 9,952,095 | | |
| U.S. Patent No. 11,009,390 | | |
| U.S. Patent No. 10,219,754 | | |

Dated: _____  By: _____
                              Jury Foreperson

Screenshots from the draft verdict form. (U.S. District Court)

5/24/23, 4:23 PM
Masimo-Apple trade secrets trial jury deliberations begin
Case 8:20-cv-00048-JVS-JDE   Document 1772-9   Filed 06/01/23   Page 9 of 11   Page ID #:152747

Mueller also invited jurors to pore through all evidence, saying, "We're not afraid of any of it." Masimo's case is based heavily on company emails, but Mueller said Masimo's lawyers did little to connect them to the actual legal claims at issue for jurors.

Three key Apple employees and defense witnesses were in the gallery Monday: O'Reilly, Hotelling and Peter Russell-Clarke, a renowned designer at Apple. They stood as Mueller re-introduced them to the jury and reiterated that finding in Maismo's favor would be equivalent to declaring the men "took the stand, took the oath and then broke it."

"Well, that didn't happen. they took the stand, thy testified to you ruthfully honest and forthright," Mueller said.

In his 22-minute rebuttal, Re told the jury, "We're not questioning whether they're lying."

"That's setting up a bar that we don't need to meet," he said.

He said he's not accusing Hotelling of lying on the stand, rather, "he should have known" that trade secrets were being misappropriated.

Re disputed Hotelling's explanation that his recruitment plan involved surfing LinkedIn, noting the six-week timeline stated in the email.

"You don't need six weeks to go on LinkedIn," Re said. "This was to recruit from Masimo to learn information that they didn't have and that they needed."

Re covered many topics in his rebuttal, often criticizing Apple's defense and sometimes mimicking witnesses or lawyers talking. He said Apple's lawyers often asked witnesses leading questions, and that his witnesses who supposedly didn't testify correctly regarding patent ownership were there to testify to facts, not opinions.

"Apparently Mr. Mueller wants Perry Mason. He wants someone to admit — of course no one's going to admit on the stand they took something that didn't belong to them," Re said. "But what really nails it here? We don't have to rely on the member of some of those fine people. We introduced so many documents."

Jury begins deliberating again at 9 a.m. today. I uploaded a draft of the jury instructions here. I will email another article after the verdict is in.

**Previous coverage:**

April 24: Jury learns of more Masimo hires after Apple's 'misleading and incomplete' testimony

April 20: On tap in the Masimo v. Apple trade secrets trial: Politeness, not pirate flags

April 18: Ex-Masimo execs deny divulging trade secrets as Apple's emails show 'bad karma' concerns

April 13: Masimo lawyer's promise dashes Apple's hopes for witness stand appearance by CEO Tim Cook

April 10: 'This is a mess': Masimo trade secrets trial reveals details of Apple Watch development

*Thank you for supporting my independent legal affairs journalism. Your paid subscriptions enable me to go in-depth and unfiltered on major issues. If you're not already a paid subscriber, please consider purchasing a subscription for yourself or a gift subscription for someone else. Your support is absolutely essential to my work and will help build www.legalaffairsandtrials.com into a hub for quality journalism about our judiciary.*

[Type your email...]  **Subscribe**

**This is an independent, reader-supported project. Anyone who pays for a subscription is providing crucial assistance to bolster my independent coverage. Thank you!**

 **2 Likes**

# Comments



© 2023 Meghann Cuniff ∙ Privacy ∙ Terms ∙ Collection notice

Substack is the home for great writing