Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP        KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO APPLE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b)**<br><br>Date: July 24, 2023<br>Time: 1:30 pm<br>Courtroom 10C<br><br>Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 1

        A.      Apple Is Not Entitled To JMOL On L4 ................................................. 1

                1.      Masimo Presented Sufficient Evidence Of Possession .................. 1

                2.      Masimo Presented Sufficient Evidence Of
                        Misappropriation ............................................................................ 3

                3.      Masimo Presented Sufficient Evidence On "Generally
                        Known" ........................................................................................... 5

        B.      Apple Is Not Entitled To JMOL On L5 ................................................. 6

                1.      Masimo Presented Sufficient Evidence Of Possession .................. 6

                2.      Masimo Presented Sufficient Evidence Of
                        Misappropriation ............................................................................ 8

                3.      Masimo Presented Sufficient Evidence On "Generally
                        Known" ........................................................................................... 9

        C.      Apple Is Not Entitled To JMOL On D1, D3, Or D10 ........................... 9

                1.      Masimo Presented Sufficient Evidence Of Possession .................. 9

                2.      Masimo Presented Sufficient Evidence Of
                        Misappropriation .......................................................................... 11

                3.      Masimo Presented Sufficient Evidence On "Generally
                        Known" ......................................................................................... 12

        D.      Apple Is Not Entitled To JMOL On VIA ............................................ 12

        E.      Apple Is Not Entitled To JMOL On Unjust Enrichment ..................... 13

                1.      Sufficient Evidence Shows Apple's Blood-Oxygen
                        Feature Substantially Benefited From Misappropriation ............. 13

                2.      Sufficient Evidence Supports Valuing Apple's Blood-
                        Oxygen Feature at $1.85 Billion .................................................. 15

        F.      Masimo's Claims Are Not Barred By The Statute Of
                Limitations ......................................................................................... 16

        G.      Apple Is Not Entitled To JMOL On Intent .......................................... 16

**TABLE OF CONTENTS**
*(cont'd)*

Page No.

        1.    Apple Ignores Liability Under Respondeat Superior ................... 16

        2.    Extensive Evidence Shows Apple's Intent And Knowledge ........................................................................... 17

H.    Apple Is Not Entitled To JMOL On Willfulness...................................... 18

I.    Apple Is Not Entitled To JMOL On Patent Inventorship And Ownership ............................................................................................. 19

        1.    Apple Is Not Entitled To JMOL On The '052 And '670 Patents .................................................................................. 19

        2.    Apple Is Not Entitled To JMOL On The '754 Patent ................... 20

        3.    Apple Is Not Entitled To JMOL On The '095 And '390 Patents .................................................................................. 21

III.    CONCLUSION ........................................................................................... 21

# TABLE OF AUTHORITIES

**Page No(s).**

*Altavion, Inc. v. Konica Minolta Systems Laboratory*,
226 Cal. App. 4th 26 (2014) ...................................................................................7

*Atmel Corp. v. Info. Storage Devices, Inc.*,
189 F.R.D. 410 (N.D. Cal. 1999) .......................................................................6, 9

*Bianco v. Globus Med., Inc.*,
2014 WL 5462388 (E.D. Tex. Oct. 27, 2014), *aff'd*, 618 F. App'x
1032 (Fed. Cir. 2015)..........................................................................................2, 8

*BladeRoom Grp., Ltd. v. Emerson Elec. Co*,
331 F. Supp. 3d 977 (N.D. Cal. 2018), *vacated on other grounds*, 20
F.4th 1231 (9th Cir. 2021) ..................................................................................2, 7

*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
2017 WL 2224838 (N.D. Cal. May 22, 2017).......................................................7

*Blue Gentian, LLC v. Tristar Prods., Inc.*,
2023 WL 3910040 (Fed. Cir. June 9, 2023).........................................................19

*Brain Injury Ass'n of Cal. v. Yari*,
2020 WL 3643482 (C.D. Cal. Apr. 30, 2020).......................................................16

*Burlington Indus., Inc. v. Ellerth*,
524 U.S. 742 (1998)..............................................................................................16

*Bus. Intelligence Servs., Inc. v. Hudson*,
580 F. Supp. 1068 (S.D.N.Y. 1984) ......................................................................7

*Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*,
964 F.3d 1365 (Fed. Cir. 2020) ...........................................................................19

*Extreme Reach, Inc. v. Spotgenie Partners, LLC*,
2013 WL 12081182 (C.D. Cal. Nov. 22, 2013) ...................................................16

*Freund v. Nycomed Amersham*,
347 F.3d 752 (9th Cir. 2003) ....................................................................3, 10, 13

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*,
2015 WL 13357646 (C.D. Cal. May 6, 2015).......................................................11

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*JBF Interlude 2009 Ltd, v. Quibi Holdings LLC*,
2020 WL 9311954 (C.D. Cal. Dec. 30, 2020)...........................................................4

*Lillie v. ManTech Int'l. Corp.*,
2019 WL 3387732 (C.D. Cal. July 26, 2019) ...........................................................1

*Masimo Corp. & Cercacor Lab. v. Apple, Inc.*,
2023 WL 2629163 (C.D. Cal. Feb. 7, 2023) ..............................................5, 9, 12

*Masimo Corp. v. True Wearables, Inc.*,
2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) ........................................................2

*Ochoa v. Cnty. of Kern*,
2023 WL 2143466 (E.D. Cal. Feb. 21, 2023) .......................................................18

*Pannu v. Iolab Corp.*,
155 F.3d 1344 (Fed. Cir. 1998) ..............................................................................19

*Patriot Rail Corp. v. Sierra R.R. Co.*,
2015 WL 4662720 (E.D. Cal. Aug. 5, 2015) ...........................................................2

*Pixion, Inc. v. PlaceWare, Inc.*,
421 F. Supp. 2d 1233 (N.D. Cal. 2005).....................................................................2

*Reeves v. Sanderson Plumbing Prod., Inc.*,
530 U.S. 133 (2000).......................................................................................................1

*UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*,
617 F. Supp. 2d 938 (N.D. Cal. 2007)......................................................................4

*Vapor Point LLC v. Moorhead*,
832 F.3d 1343 (Fed. Cir. 2016) ..............................................................................19

*Waymo LLC v. Uber Techs.*,
2017 WL 2123560 (N.D. Cal. May 15, 2017)..........................................................8

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
992 F.3d 1366 (Fed. Cir. 2021) ..............................................................................10

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Yamaguchi v. Harnsmut,*
    106 Cal. App. 4th 472 (2003) ................................................................. 16

# OTHER AUTHORITIES

Fed. R. Civ. P. 50 ......................................................................................*passim*

Fed. R. Evid. 703 ........................................................................................ 10

# I.  **INTRODUCTION**

JMOL may be granted only when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Court must draw all reasonable inferences in Masimo's favor and cannot make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).  The Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.  Apple has the burden to demonstrate the absence of necessary facts. *Lillie v. ManTech Int'l. Corp.*, 2019 WL 3387732, at *9 (C.D. Cal. July 26, 2019).  If Apple does so, Masimo must identify facts showing a genuine issue for trial. *Id.*

Here, Apple employed a shotgun approach by arguing as if no issue was supported by sufficient evidence.  By doing so, Apple fails to satisfy its burden, ignores extensive evidence, and improperly asks the Court to resolved disputed issues of fact.  Only the word limit to this opposition prevents Masimo from identifying all evidence relevant to rebutting Apple's arguments.  The Court should deny Apple's Motion.

# II.  **ARGUMENT**

## A.    **Apple Is Not Entitled To JMOL On L4**

### 1.    **Masimo Presented Sufficient Evidence Of Possession**

Masimo developed ████████████████████████████████████████ ████████████████████████████████████ T3-2 at 70-113;[1] T5 at 46-49; JTX-881, 935, 936, 937, 940, 941, 173, 881, 940, 941, 1016.  Masimo designed its sensors to reduce extraneous or undesirable signals.  T3-2 at 85-89; T4 at 67.  Lamego used those ████████████████████████████ T3-2 at 79-81.  Madisetti considered the evidence and opined that Masimo possessed L4.  T7-2 at 7-10.

Apple does not dispute this evidence.  Instead, Apple claims no evidence shows Masimo possessed ██████████████████████████████████████ Br. at 4.

---

[1]  Citations to the trial transcripts are as follows: T[day]-[volume] at [pages].  For example, "T3-2 at 70-113" refers to day 3 volume 2 at pages 70-113.

1  But Masimo designed its pulse oximeters to operate with █████████████

2  ████████████████████████████████████████████████████████

3  T3-2 at 36; T4 at 67.  Apple's expert conceded such evidence shows Masimo designed

4  its pulse oximeters █████████████████████████████ T12-2 at 31-32.

5  Apple argues such evidence is not relevant to ████████████  Br. at 4.  ████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████ JTX-935 at -966; JTX-827 at

8  -796.  Apple argues Masimo's expert did not discuss this evidence, but expert testimony

9  is not required to prove the existence of a trade secret.  *Patriot Rail Corp. v. Sierra R.R.*

10  *Co.*, 2015 WL 4662720, at *6-8 (E.D. Cal. Aug. 5, 2015); *BladeRoom Grp., Ltd. v.*

11  *Emerson Elec. Co*, 331 F. Supp. 3d 977, 982 (N.D. Cal. 2018), *vacated on other grounds,*

12  20 F.4th 1231 (9th Cir. 2021).

13      L4 also includes two alternative options:  ██████████████████

14  ████████████████████████████████████████████████████████

15  ███████████████████████████████████  Masimo does not

16  accuse Apple of misappropriating the █████████████ option.  Thus, Masimo

17  need not prove possession of this option.  *See Masimo Corp. v. True Wearables, Inc.*,

18  2022 WL 17083396, at *10 (C.D. Cal. Nov. 7, 2022).  In *True Wearables*, the Court

19  considered a trade secret directed to pulse rate, oxygen saturation, or perfusion index.

20  *Id.*  The Court found Masimo proved possession of only pulse rate and oxygen

21  saturation, so the Court addressed misappropriation for those options.  *Id.*; *see also*

22  *Bianco v. Globus Med., Inc.*, 2014 WL 5462388, at *7 (E.D. Tex. Oct. 27, 2014), *aff'd*,

23  618 F. App'x 1032 (Fed. Cir. 2015) ("not necessary" for jury to find "every feature"

24  possessed by plaintiff to find core concept was a trade secret conveyed to defendant).

25      Apple's cited case, *Pixion*, does not hold otherwise.  Br. at 5.  That court prevented

26  ***broadening*** trade secrets from software functions to how the software worked.  *Pixion,*

27  *Inc. v. PlaceWare, Inc.*, 421 F. Supp. 2d 1233, 1242 (N.D. Cal. 2005).  Masimo is not

28  broadening its trade secret, it asserts misappropriation of one ***alternative***.

-2-

Apple argues Masimo must present evidence on ███████████ because
trade secrets are analyzed as a whole.  Br. at 5.  Considering trade secrets as a whole
does not mandate both alternatives.  Interpreting L4 to require both alternatives would
rewrite the trade secret to replace "or" with "and."  Apple argues Madisetti relied on
█████████████ in addressing "generally known," but Madisetti testified ***all***
portions of L4 were not "generally known."  T7-2 at 11-12, 16-18, 33.

Apple argues Masimo's decision to pursue one option at trial shows L4 is not
sufficiently particular.  Br. at 5-6.  Apple cites nothing to support its argument, which
the court rejected.  Dkt. 264 at 5-6 (trade secrets directed towards "one or more items
from a closed list" or "optional" features sufficiently particular).  This Court also found
L4 sufficiently particular.  *Id.* at 4-10.

**2.      Masimo Presented Sufficient Evidence Of Misappropriation**

Before Lamego arrived, Apple's ████████████████████████
███████████████ T7-2 at 7-13; JTX-1063 at -857-9. ████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████  Madisetti considered the evidence and opined that Apple
misappropriated L4.  T7-2 at 23-34, 94-95; T8-1 at 53, 55, 69-70; T12-2 at 55-71.

Apple argues it did not misappropriate L4 because it ████████████
███████████████████████  Br. at 2.  Apple waived this argument by failing to
raise it in Apple's 50(a) motion.  *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761
(9th Cir. 2003).  ███████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████████████████

Apple argues its change is irrelevant because an Apple witness ████████
█████████████████████████████████████████████████

-3-

1  ██████████████████████████████████████████████

2  ██████████████████████████████████████████████

3  ██████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  █████████████████████████████

6  Next, Apple argues no direct evidence showed Lamego was involved in ████████

7  ██████████   Br. at 3.  Not so.  Apple admits JTX-1063 shows ████████████

8  ██████████████████████████████████████████████

9  ██████████████████████████████████████████████

10  ██████████████████████████████████████████████

11  ████████████████████████████████████

12  ████████████████████████████████████████████

13  ██████████████████████████████████████████████

14  ██████████████████████████████████████████████

15  ██████████████████████████████████████████████

16  ██████████████████████████████████████████████

17  ████████████████████████

18  Regardless, ***direct or conclusive*** evidence is not required.    Circumstantial

19  evidence, including development timelines, is sufficient.  *UniRAM Tech., Inc. v. Taiwan*

20  *Semiconductor Mfg. Co.*, 617 F. Supp. 2d 938, 944 (N.D. Cal. 2007) (defendant changed

21  process to match plaintiff's process after acquiring trade secret); *JBF Interlude 2009*

22  *Ltd, v. Quibi Holdings LLC*, 2020 WL 9311954, at *22 (C.D. Cal. Dec. 30, 2020)

23  (defendant implemented changes after hiring plaintiff's employees).  Similarly, Apple

24  changing ████████ only after Lamego arrived provides sufficient evidence for a jury to

25  find misappropriation.  Indeed, Apple presented no evidence as to ████████████

26  ██████████████████████████████████████████████

27  ████████████████████████████

28

Apple argues it uses ████████████ only.  Br. at 4.  Not so.  Extensive evidence shows Apple ████████████████████████████ JTX-1064 at -859; T12-2 at 60-63.  Apple used ████████████████████████████████ ████████████████████████████████████ ████████████████████████ Madisetti explained how this evidence demonstrates use of L4.  T7-2 at 12-14.

Finally, Apple argues Masimo failed to link ██████ to changes in Apple's second-generation and third-generation sensors.  Br. at 4.  But Madisetti explained how ██████ ████████████████████████████ T7-2 at 12-13; JTX-1061 at -718; JTX-1063 at -859; T12-2 at 60-62; JTX-1068 at -789, -798-99, -814, -816-17.  Madisetti explained ██████████████████████████████████████ ████████████████████████████████████ T7-2 at 14; *see also* JTX-1078 at -632.

### 3.   <u>Masimo Presented Sufficient Evidence On "Generally Known"</u>

Diab independently developed L4 and observed that ████████████ ████████ T3-2 at 72-74; 105.  Madisetti testified that L4 was not generally known based on, among other things, Masimo's independent development, the advantage L4 provides, Apple being unaware of L4, and Apple's expert finding no reference disclosing L4 after extensive searching.  T7-2 at 10; 16-18.  The Court held such evidence about the "impact on business operations" and "resources invested" is sufficient to meet Masimo's burden.  *Masimo Corp. & Cercacor Lab. v. Apple, Inc.*, 2023 WL 2629163, at *4 (C.D. Cal. Feb. 7, 2023).  Madisetti also explained that Apple's references did not show L4 was ***generally*** known. T12-2 at 34-35; 66-70.

Rather than address this evidence, Apple asks the Court to draw inferences in its favor.  Apple argues Warren's testimony about Petersen shows L4 was generally known and Madisetti's response was conclusory.  Br. at 6.  But Madisetti explained that Petersen does ***not*** disclose L4 because ████████████████████ T12-2 at 64-65.   Petersen thus discourages ████████████████████████

1       ███████████████████████████████████████████████████  *Id*. at 64-65; *see also*

2    JTX-3778 at 7:18-29; 6:7-17.

3           Apple argues Masimo patents disclosed L4 so Masimo failed to protect L4's

4    secrecy.   Br. at 6.   Madisetti explained the patents do not disclose L4, for example,

5    because they ████████████████████████████████.  T12-2 at 66-70.  The

6    evidence showed Masimo keeps L4 confidential.  T3-2 at 105; T5 at 53; *see also* JTX-

7    935, 936, 937 (marked "Confidential and Proprietary").

8           Lastly, Apple argues Masimo's evidence was "insufficient" because Madisetti did

9    not conduct the "required" literature survey.  Br. at 7, 9, 11.  But Apple cites no authority

10   requiring survey evidence.    Instead, Apple cites a *Daubert* decision excluding

11   conclusory testimony from an expert who "consciously refrained, at the direct

12   suggestion of litigation counsel, from educating himself on the universe of literature in

13   the relevant time frame."  *Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410,

14   416 (N.D. Cal. 1999).    The court never suggested survey evidence is required.

15   Moreover, Madisetti's opinions are nothing like the conclusory opinions in *Atmel*.  *See,*

16   *e.g.*, T7-2 at 10; 16-18.

17   **B.**      **Apple Is Not Entitled To JMOL On L5**

18           **1.**      **Masimo Presented Sufficient Evidence Of Possession**

19           It took years for Masimo to discover ████████████████████

20   ███████████████████████████████████████████████████████

21   ███████████████████████████████████████████████████████

22   ███████████████████████████████████████████████████████

23   Lamego was involved in discovering the problem and solutions.  T4 at 140; T3-2 at 110.

24   Madisetti considered the evidence and opined that Masimo possessed L5.  T7-2 at 19-

25   23.

26           Apple argues Masimo does not possess L5 because L5 is directed to ████

27   ███████████████████████████████████████████████████████

28   ██████████████  Br. at 8.  Apple misstates the trade secret.  L5 recites:

1    ████████████████████████████████████████████████████
2    ████████████████████████████████████████████████████
3    ████████████████████████████████
4    Thus, L5 does not recite every possible means of ███████████████████
5    ██████████████████████ L5 concerns ***recognizing*** a problem and ████████
6    ██████████████████████ Such knowledge can be protected as a trade secret. *See*
7    *Bus. Intelligence Servs., Inc. v. Hudson*, 580 F. Supp. 1068, 1072 (S.D.N.Y. 1984)
8    ("[P]roblems arising in the course of client relations[] are also protectible as a trade
9    secret"). As Madisetti explained, L5 is analogous to ████████████████████
10   ████████████████████████████████████████████████████████████
11   ████████████

12        Indeed, trade secrets can "fall into a continuum, from something as high level as
13   a general idea, down to mid-level concepts for developing and implementing the general
14   idea, and finally ending at the granular information such as source code and algorithms
15   that would consummate what had started as a general idea." *BladeRoom Grp. Ltd. v.*
16   *Facebook, Inc.*, 2017 WL 2224838, at *2 (N.D. Cal. May 22, 2017) (citing *Altavion,*
17   *Inc. v. Konica Minolta Systems Laboratory*, 226 Cal. App. 4th 26 (2014)). In *Altavion,*
18   the court considered design concepts for a type of barcode authentication. 226 Cal. App.
19   4th at 56. Even though the defendant did not take the plaintiffs' specific source code
20   solution, the court found the defendant used the "design concepts" for solving the
21   problem. *Id.* The court did not require the plaintiff to show it possessed every possible
22   solution encompassed by the design concepts.

23        Here, this Court cited *BladeRoom* and *Altavion* in rejecting Apple's argument that
24   trade secrets are limited to "how" an "idea or conceptualization" is used. Dkt. 1283 at
25   14. The Court thus held that L5 can be protectable as "an idea and not a fully developed
26   product…." *Id.* at 15. As explained above, Masimo presented sufficient evidence that
27   it had the idea described in L5.

28

1        Masimo also possessed several solutions to the problem described in L5.  T7-12

2    at 19-22.  ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████  Thus, even if L5

4    were limited to a solution, the jury could find for Masimo.  *Bianco,* 2014 WL 5462388,

5    at *7 ("not necessary" for jury to find "every feature" possessed by plaintiff to find core

6    concept was a trade secret conveyed to defendant).

7        Finally, Apple claims L5 is not sufficiently particular.  Br. at 8.  Again, this Court

8    rejected that argument.  Dkt. 1283 at 14-15.  Apple cites *Waymo LLC v. Uber Techs.*,

9    Inc., 2017 WL 2123560, at *7 (N.D. Cal. May 15, 2017), but that case says nothing

10   about sufficient particularity.   Instead, it held a particular asserted trade secret was

11   generally known.  *Id.*  As explained below, the jury had sufficient evidence to find L5

12   was not generally known.  *Infra* Section II.B.3

13       **2.**    <u>**Masimo Presented Sufficient Evidence Of Misappropriation**</u>

14       Immediately after arriving at Apple, Lamego explained that Apple needed to

15   ████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████  Madisetti considered

23   the evidence and opined that Apple misappropriated L5.  T7-2 at 22-31; T12-2 at 73.

24       Apple argues it did not misappropriate L5 because Apple avoided the problem ██

25   ████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████

27   ████████████████████████████████████████

28

Apple argues it did not misappropriate L5 because ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ That is

misappropriation.  Regardless, Madisetti explained why Apple's solution is the same as

Masimo's.  T12-2 at 71-73, 113-117.

### 3.    Masimo Presented Sufficient Evidence On "Generally Known"

Madisetti testified L5 was not generally known based on, among other things,

Masimo's independent development, the advantage L5 provides, Apple being unaware

of L5, and Apple's expert finding no reference disclosing L5 after extensive searching.

T7-2 at 31-34.  Such evidence is sufficient.  *See Masimo*, 2023 WL 2629163, at *4.

Madisetti also explained that Apple's references did not show L5 was ***generally*** known.

T12-2 at 73-79.  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

Ignoring this evidence, Apple again argues Madisetti did not conduct a survey.

Br. at 9 (citing *Atmel*).  As discussed, surveys are not required.  And Madisetti's opinions

are nothing like the opinions in *Atmel*.  T7-2 at 31-33; T12-2 at 54-55; 73-78.

Apple argues Warren's testimony about various references shows L5 is generally

known.  Br. at 9.  But Apple ignores Warren's concessions and Madisetti's rebuttal.

T12-2 at 32-37, 74-78.  Apple also argues Masimo's patents confirm L5 was generally

known.  Br. at 9.  ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ T5 at 22-25, 38-44; T12-2 at 76-77; JTX-4233.

Apple cannot obtain JMOL by asking the Court to disregard contrary evidence.

## C.    Apple Is Not Entitled To JMOL On D1, D3, Or D10

### 1.    Masimo Presented Sufficient Evidence Of Possession

Masimo spent years developing its demultiplexing and demodulation techniques,

including ████████████████████████████████████████████████

-9-

1  ███████████████████████████████████ T3-2 at 33-70; T4 at 61-85.  Lamego was aware

2  of these techniques and explained them to Poeze.  T3-2 at 55-56; T4 at 63-64, 82.

3  Poeze's notebook and source code documented many of these developments.  JTX-831;

4  JTX-832; T4 at 61-85.  Madisetti considered the evidence and opined that Masimo

5  possessed D1, D3, and D10.  T7-2 at 34-41, 51-54, 61-67; T8-1 at 66-67; T12-2 at 82-

6  83; *see also* JTX-784; JTX-798 at -7195, -7235; JTX-811 at -837; JTX-828; JTX-831;

7  JTX-832 at -907, -933-936.

8     Apple argues Masimo did not show it possessed ███████████████████

9  ███████████████████ Br. at 10.  But Madisetti explained ███████████████

10 ███████████████████████████████████████ T7-2 at 47-48.

11 Apple argues the code was not entered into evidence, but Madisetti can rely on code he

12 examined not in evidence.  Fed. R. Evid. 703; *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992

13 F.3d 1366, 1376 (Fed. Cir. 2021).  Poeze also confirmed ███████████████████

14 ███████████████████ T4 at 79-81.  Further, Poeze's notebook describes ██

15 ███████████████████████████████████████████

16 ███████████████████████ T4 at 67, 74-76; JTX-832 at -936; *see also* T3-2

17 at 26-27, 34-36.  Apple's expert agreed.  T11-2 at 35-36.

18    Apple argues Masimo did not show it possessed the ███████████ step of D3.

19 Br. at 10.  Apple waived this argument by failing to raise it in Apple's 50(a) motion. *See*

20 *Freund*, 347 F.3d at 761.  Regardless, Poeze explained ███████████████████

21 ███████████████████████████████ T4 at 62-78.  Madisetti also

22 explained how Masimo's ███████████ demonstrated possession.  T7-2 at 52-55.

23    Without authority, Apple wrongly argues Poeze's testimony cannot establish

24 possession of D1 and D3 because he did not read the trade secret description.  Br. at 10.

25 Poeze properly testified about Masimo's possession of information identified in the trade

26 secret.  Madisetti opined that such testimony showed possession.  T7-2 at 35-37, 51-54.

27    Apple argues Masimo failed to show it possessed D10's ███████████████

28 Br. at 11.  Madisetti explained ███████████████████████████ T7-2 at

62-67.    Poeze  explained  ███████████████████████████████████

████████████████████████████████████████████   T4  at  79-84.

Madisetti also addressed the subject matter of steps  ████████████████████

██████████   T7-2 at 62-64, 66-67.

**2.    Masimo Presented Sufficient Evidence Of Misappropriation**

Lamego disclosed to Apple detailed  ████████████████████  explaining D1,

D3, and D10.  JTX-153; JTX-154; JTX-880; JTX-851.  ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████  Madisetti considered the evidence and opined

that Apple misappropriated D1, D3, and D10.  T7-2 at 42-49, 54-57, 69.

Apple argues Madisetti did not identify "a single document" showing Lamego

disclosed D1 and D3 "verbatim" to Apple.  Br. at 9.  Apple cites nothing for its single-

document requirement, which this Court rejected.  Dkt. 1283 at 13 (possession need not

be shown though a single document).   Regardless, numerous documents showed

Lamego disclosed D1and D3 to Apple.  T7-2 at 41-69; *see also* JTX-161; JTX-154;

JTX-1262. Madisetti also explained how  ██████████████  showed Apple misappropriated

D1 and D3.  T7-2 at 44-45, 50-51, 57, 59-60.

Apple argues it did not misappropriate D10 because Masimo did not write out

████████████████████████████████████████████████████████████████████

Br. at 9-10.  Apple's argument appears to relate to possession, not misappropriation, and

the Court already rejected it.  Dkt. 1283 at 13.  Regardless,  ██████████████████████

██████████████  show Masimo possessed D10 years before  ████████████  JTX-832; T4

at 61-82; T7-2 at 67-68; T8-1 at 66-67.

Apple argues  █████████████████████████████████████████████████████████

███████   Br. at 10.  But a defendant may misappropriate a trade secret without

incorporating it in a product.  *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 2015 WL

-11-

13357646, at *7 (C.D. Cal. May 6, 2015). ████████████████████

████████████████████████████████████████████

████████████████████████████ T7-2 at 69-70; JTX-153; JTX-273; JTX-238, JTX-411; JTX-4199.

### 3. **Masimo Presented Sufficient Evidence On "Generally Known"**

Madisetti explained why the demodulation trade secrets are not generally known, including based on Masimo's independent development, the advantage the trade secrets provided, Apple being unaware of the trade secrets, and Apple's expert finding no reference disclosing the trade secrets even after extensive searching. T7-2 at 38, 44-45, 47, 49-51, 58-60, 71-72; T12-2 at 79-83. Such evidence is sufficient. *See Masimo*, 2023 WL 2629163, at *4. ████████████████████████████

████████████████████ JTX-828; *see also* T3-2 at 62-66 (Diab); T7-2 at 37-39 (Madisetti). Apple's expert conceded that he could not find any reference disclosing part of D3. T11-2 at 114. And Apple did not argue D10 was generally known, presumably because ████████████████████████ T11-2 at 88-92; T7-2 at 71; JTX-1262.

Apple again incorrectly argues a survey is required. Without explanation, Apple also argues its experts' analysis showed D1 was generally known. That simply ignores contrary evidence discussed above.

### D. **Apple Is Not Entitled To JMOL On VIA**

Madisetti explained that Masimo understood the VIA of using the trade secrets to ████████████████████████ T7-2 at 72-74. Diab, Dalke, and Poeze testified that Masimo possessed these trade secrets and others in the industry do not. T3-2 at 104-105; T4 at 61-85, 140-141. The evidence shows Apple understood the VIA of the trade secrets. T7-2 at 73-75; JTX-185; JTX-143. ████████████████████████

████████████████████████████ JTX-185; JTX-143.

Apple's Motion largely ignores this evidence and claims Madisetti's testimony boiled down to the "conclusory" assertion that Apple used the trade secrets to develop

1  its watch.  Br. at 12.  As shown above, that is not true.  Apple also argues VIA is not

2  sufficiently particular.  Br. at 11.  This Court disagreed.  Dkt. 264; Dkt. 1283 at 15-16.

3  Apple also waived this argument by failing to raise it in Apple's 50(a) motion.  *See*

4  *Freund*, 347 F.3d at 761.

5  **E.     Apple Is Not Entitled To JMOL On Unjust Enrichment**

6          **1.     Sufficient Evidence Shows Apple's Blood-Oxygen Feature**

7                  **Substantially Benefited From Misappropriation**

8          Apple argues Masimo failed to establish Apple's misappropriation was a

9  substantial factor in Apple's unjust enrichment.  Br. at 12.  The Court already found

10 Masimo presented sufficient evidence for the jury to decide "whether Plaintiffs have

11 proved the misappropriation was a substantial factor in the claimed unjust enrichment."

12 Dkt. 1724 at 14.  Apple also argues its misappropriation did not cause **all** its blood-

13 oxygen profits.  Br. at 12.  But a trade secret need not be the sole source of profits. Dkt.

14 1666-1 at 25; Dkt. 1724 at 15.  Further, Instruction No. 38 explains Apple must show

15 the amount "not reasonably attributable to the Asserted Trade Secrets."  Dkt. 1715 at 48.

16         The Court stated it might consider a Rule 50(b) motion "if necessary" based on

17 testimony from Apple's Expert, Webster, who testified after the Court denied Apple's

18 Rule 50(a) motion.  But Webster gave no reason for the Court to reverse course.  Indeed,

19 Apple barely mentions her testimony.   Apple argues merely that Webster opined

20 Masimo did not connect Apple's misappropriation to the value of Apple's blood-oxygen

21 feature.  Br. at 13.  But Webster conceded she lacked expertise to evaluate Masimo's

22 technical evidence.  T13-1 at 46-47.

23         Masimo's evidence showed Apple's misappropriation was a substantial factor in

24 Apple's benefit.[2]  As explained below, each trade secret ███████████████████

25 ████████████████████  T3-2 at 27-32, 48-53, 68, 70-100, 104-105, 106-110. ████████

26

27

28 [2] As this Court explained, and contrary to Apple's argument (Br. at 12-13), Masimo need
   not present such evidence through its damages expert, Kinrich. Dkt. 1347 at 10.

-13-

1　██████████████████████████████████████████████████

2　████　JTX-1078 at -632.

3　**L4 and L5.**　███████████████████████████████████

4　██████████████████████████████████████████████████

5　███████████████████████

6　　　████████████████████████████████████████████████

7　██████████████████████████████████████████████████

8　██████████████████████████████████████████████████

9　██████████████████████████ As discussed in Section II.A.2, that is incorrect.  Apple

10　argues Madisetti's testimony about ████████████████████████ is conclusory.

11　*Id.*  But ████████████████████████████████████████████

12　██████████████████████████████████████████████████

13　███████████████████████████████████████

14　　　Apple identified L5 ████████████████████████████████

15　██████████████　T7-2 at 26-27; JTX-185 at -836.  Apple argues this statement is

16　irrelevant because it was "before development of that feature."  Br. at 14.  Not so.  Apple

17　made the statements in 2014—███████████████████████████████████

18　Apple argues no evidence shows L5 benefits blood oxygen.  Apple again ignores Diab's

19　testimony and its own document acknowledging that ████████████████████████

20　██████████████　T3-2 at 106-110; JTX-1078 at -632.  Finally, Apple characterizes its

21　engineer's testimony as L5 ██████████████████████████████████

22　██████████████████████████████████████████████████

23　██████████████████

24　　　Apple argues comparing the Series 6-7 to Series SE does not measure the value

25　of L4 and L5 because each of those models ████████████████████████████

26　██████████████████████████████████████████████████

27　██████████████████████████████████████████████████

28　████████████████████████████████████████████

**D1, D3, D10.** Diab established these trade secrets help ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

## 2. Sufficient Evidence Supports Valuing Apple's Blood-Oxygen Feature at $1.85 Billion

Apple argues that, because Masimo argued Apple's blood-oxygen feature is a "dangerous toy," a jury could not accept Kinrich's $1.85 billion valuation. Br. at 14. But closing argument is not evidence. Regardless, Masimo's trade secrets benefitted *Apple* by making its blood-oxygen feature functional enough to convince consumers to purchase its watch despite providing no real benefit to the *consumer*.

Apple argues Kinrich over-valued blood oxygen by accounting for only some differences between the Series 6-7 and SE. Br. at 14. But Kinrich attributed Apple's additional profit on Series 6 and 7 watches (compared to SE) to the three features Apple itself promoted to differentiate those models. T8-1 at 84-85, 87-95; JTX-1353 at -873. And the Court held the jury could decide whether Kinrich's analysis was credible. Dkt. 1724 at 14.

With little analysis, Apple argues a jury must accept Webster's calculation that blood oxygen is worth no more than $34.1 million. Br. at 14-15. But her analysis illogically diluted the value of blood oxygen by allocating much of the profit difference to features *common* to Series 5 and Series 6-7. T13 at 57-59. A common feature could

1  not be the basis for the ***additional*** profit.  The jury was free to reject Webster's valuation

2  and adopt Kinrich's well-reasoned opinions.

3  **F.  Masimo's Claims Are Not Barred By The Statute Of Limitations**

4  Masimo—not Apple—should obtain JMOL on Apple's statute-of-limitations

5  defense.  As explained in Masimo's Rule 50(b) Motion, Masimo did not know or have

6  reason to suspect Apple misappropriated any asserted trade secret before January 2017

7  (three years before suit).  Dkt. 1749-1 at 3-7.  A reasonable investigation before January

8  2017 also would not have revealed facts sufficient to bring suit.  *Id.* at 7-9.  Apple does

9  not show otherwise.  Indeed, Apple fails to identify information available before January

10  2017 sufficient to bring suit.  Apple cites only the '052 Patent, which the parties agree

11  did ***not*** contain Masimo's trade secrets.  The Court should deny Apple's Motion.

12  **G.  Apple Is Not Entitled To JMOL On Intent**

13  The Court held Apple's knowledge and intent raised factual issues for the jury.

14  Dkt. 1724 at 3.  That holding was correct and should not be disturbed.

15  **1.  Apple Ignores Liability Under Respondeat Superior**

16  Apple's arguments about "intent" ignore that employers can be liable for their

17  employees' acts even if "forbidden by the employer."  *Burlington Indus., Inc. v. Ellerth*,

18  524 U.S. 742, 755-56 (1998).  "Under the doctrine of respondeat superior, an innocent

19  employer may be liable for the torts its employee commits while acting within the scope

20  of his employment."  *Yamaguchi v. Harnsmut*, 106 Cal. App. 4th 472, 481–82 (2003).

21  "This liability is based not on the employer's fault, but on public policies concerning

22  who should bear the risk of harm created by the employer's enterprise."  *Id.*  "Because

23  trade secret misappropriation is an intentional tort, an employer may be vicariously

24  liable for an employee's tort so long as it was committed within the scope of the

25  employment."  *Brain Injury Ass'n of Cal. v. Yari*, 2020 WL 3643482, at *6 (C.D. Cal.

26  Apr. 30, 2020); *Extreme Reach, Inc. v. Spotgenie Partners, LLC*, 2013 WL 12081182,

27  at *7 (C.D. Cal. Nov. 22, 2013) (collecting cases).  This Court cited this authority in

28  denying Apple's motion to dismiss respondeat superior.  Dkt. 361 at 9-10.

The evidence discussed herein shows Lamego knew he was using Masimo's trade secrets at Apple.  Lamego acted within the scope of his employment because he was hired to develop physiological monitoring technology.  T8-2 at 126; T9-1 at 35-36, 45. A reasonable jury could find Apple liable under respondeat superior.

## 2.   Extensive Evidence Shows Apple's Intent And Knowledge

Apple created "Project Rover" to find others to use as a "stepping stone" to develop physiological monitoring products. JTX-260 at -106. Apple identified Masimo as the "standout," met with Masimo, and considered an acquisition.  JTX-59 at -932; JTX-259 at -774; JTX-316 at -707; JTX-394; JTX-395 at -497; JTX-556 at -191; JTX-559 at -800; JTX-3997; T8-2 at 113, 115, 117-119.   By September 2013, Apple concluded its sensor project was a "mess" and "will fail." JTX-335 at -321; JTX-337 at -427-28; JTX-400 at -580; T9-1 at 122-123.  In October 2013, Lamego contacted Cook and promised to solve Apple's problems. JTX-605 at -011.  O'Reilly warned Apple that Lamego's knowledge was "confidential information of Cercacor or Masimo." *Id.* at -010.   Apple then convened "Project Everest" to discuss how to proceed, including whether to acquire Masimo or its "people."  JTX-263 at -776.

Apple chose the latter option, hiring Lamego for his "specialized experience" Apple was "deeply in need of."  JTX-265 at -567; JTX-628 at -439; JTX-658 at -325; T8-2 at 59; T9-1 at 59-60; Dkt. 1636-1 at 154, 189-191.   Apple also pursued a "confidential project" to recruit "the next level down" at Masimo.  JTX-2070 at -989; T12-1 at 12-14; *see also* JTX-317 at -809.  Apple selectively hired people it thought would disclose confidential information.  *Compare* JTX-176 & T11-1 at 32-34 *with* JTX-165 & T12-1 at 15-16; *see also* T12-1 at 16-20.

1   ████████████████████████████████████████████████████████

2   ██████████████████████████████   Apple decided to "keep[] him out of our detailed

3   [algorithm] innovations in case he leaves Apple" to "minimize[] some risk to our

4   [algorithm] innovations." *Id.* ██████████████████████████████████████████

5         Apple asks the Court to disregard Masimo's evidence because it does not satisfy

6   various standards for criminal liability.  Mot. at 17 (citing *Riley*, *Manderville*, *Little*).

7   Apple cites no case applying such standards to CUTSA claims.  Apple also cites its

8   company policies and general denials.  Mot. at 17.  But the Court correctly held "the

9   jury is not required to believe this testimony."  Dkt. 1724 at 3; *see also Ochoa v. Cnty.*

10  *of Kern*, 2023 WL 2143466, at *2 (E.D. Cal. Feb. 21, 2023).  Finally, Apple argues

11  documents written "before" Lamego arrived are irrelevant, citing the Court's holding

12  that Masimo's warning letter did not trigger the statute of limitations.  Mot. at 17 (citing

13  Dkt. 606).    Evidence before Lamego's arrival cannot show Masimo knew

14  misappropriation ***already occurred*** (the statute-of-limitations issue) but it can show

15  intent to obtain trade secrets.

16  **H.    Apple Is Not Entitled To JMOL On Willfulness**

17        The Court found sufficient evidence of willfulness.  Dkt. 1724 at 15-16.  The

18  evidence discussed in Section II.G is sufficient to show willful, malicious, and

19  despicable conduct by "clear and convincing evidence."[3]  For example, Apple deceived

20  Masimo by suggesting a partnership while secretly plotting to use Masimo as a "stepping

21  stone."  Apple sought Masimo's trade secrets from Lamego and hired others it thought

22  would disclose trade secrets.  Apple then took steps to protect ***Apple's*** confidential

23  information while continuing to seek Masimo's confidential information.

24        Apple ignores Masimo's evidence and raises only two conclusory arguments.

25  ***First***, Apple argues Masimo failed to show "intent."  Mot. at 18.  Apple is wrong.  *Supra*

26  Section II.G.  ***Second***, Apple argues Masimo did not discuss all relevant evidence in

27

28  _____
[3] Masimo maintains that preponderance of the evidence is the correct standard, but applies the clear and convincing standard based on the Court's ruling (Dkt. 1724).

closing argument.  Mot. at 18.  But Rule 50 considers whether the jury had sufficient evidence—not what Masimo said in closing argument.  Regardless, Masimo's closing argument addressed extensive evidence of willfulness.  T14-1 at 64-75.

## I.   Apple Is Not Entitled To JMOL On Patent Inventorship And Ownership

"All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent."  *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348–49 (Fed. Cir. 2016).  Apple does not dispute that Diab, Lamego, and Poeze had to assign to Masimo patents arising from their work at Masimo.  Br. 18-19.  Apple disputes only who conceived which ideas and when.

### 1.   Apple Is Not Entitled To JMOL On The '052 And '670 Patents

Extensive evidence showed Masimo and Cercacor exposed Lamego to the use of reflective surfaces in sensors.  T3-2 at 87-88, 102-104, 111-113; JTX-343, JTX-777, JTX-1227, JTX-P-0005.  Apple does not dispute this evidence.  Br. 18-19.  Instead, Apple makes three meritless arguments.

First, Apple asserts Diab did not collaborate directly with Apple.  Br. 18.  But it was sufficient for Lamego to convey the inventive contribution from Diab to Apple.  *See* Dkt. 1715 at 52:1-5.  Lamego's only contribution was the "initial idea to use reflectivity on the back of the Apple Watch."  T11-1 at 95, 98-99, 105-108; JTX-40, JTX-47, JTX-48.  Apple determined that Lamego conveying that idea makes him an inventor. Accordingly, Apple cannot dispute that Diab conveying that idea to Lamego makes Diab an inventor.  Apple identified using reflection as what distinguished the claimed invention from the prior art.  T11-1 at 94, 107-108.  Contributing such limitations is sufficient to establish inventorship.  *See Blue Gentian, LLC v. Tristar Prods., Inc.*, 2023 WL 3910040, at *7 (Fed. Cir. June 9, 2023).  It is irrelevant that Diab does not know the legal requirements for inventorship.

Second, Apple argues reflectivity was in the prior art.  Br. 19.  But contributing information in the prior art can be inventive unless the information was "well-known." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998); *Dana-Farber Cancer Inst.*,

1   *Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1372-73 (Fed. Cir. 2020).  Apple identified

2   Lamego as an inventor based on reflectivity so it cannot reasonably assert the concept

3   was so "well-known" that Diab cannot be an inventor.

4   Third, Apple argues Masimo presented insufficient corroboration.  Br. 19.  But

5   corroboration "evidence may take many forms, including contemporaneous documents,

6   testimony from another witness, or circumstantial evidence about the inventive process."

7   Jury Instr. 41 at 51:19-20.   Among other things, Masimo corroborated Diab's

8   contributions through notebooks and the white surfaces on Masimo products.  JTX-

9   1227, JTX-777; JTX-434; JTX-941; JTX-P-0005; T7-2 at 79.

10   Finally, Apple argues Lamego could not have conceived of his contribution before

11   arriving at Apple because his contribution was using reflectivity on the Apple Watch.

12   Br. 19.  But Ness testified that Lamego contributed the idea within days of starting,

13   which shows Lamego brought the idea from Masimo.  T11-1 at 105-106.

14   **2.   Apple Is Not Entitled To JMOL On The '754 Patent**

15   Poeze testified he and Lamego created subject matter claimed in the '754 patent

16   when working together on Pronto-7 at Cercacor.  T4 at 61-71, 73-85; T3-2 at 42, 48-56

17   JTX-1262; JTX-1262.  Poeze's notebooks and code confirm this.  JTX-831, JTX-832.

18   Apple does not dispute this evidence.  Br. 19.  Instead, Apple disputes whether

19   Poeze work makes him an inventor.  Br. 19.  The weight to give Lamego's ideas and

20   Poeze's implementation is a question of fact for the jury.  *See* T4 at 115-116.  Apple also

21   argues Poeze did not collaborate directly with Apple, but such collaboration was not

22   required.  Jury Instr. 41 at 52:1-5.  Apple also argues Poeze's notebook does not recite

23   any claim in the '754 patent.  At best, that argument goes to the weight of the evidence.

24   Regardless, Apple does not dispute that Poeze's code corroborates the testimony.  Br.

25   28.

26   Apple also argues Hotelling testified the inventive work occurred at Apple.

27   Br. 19.  Hotelling may know that *his* work with Lamego occurred at Apple, but Hotelling

28   has no idea where or when Lamego learned or developed Lamego's contribution.

-20-

**3.** **Apple Is Not Entitled To JMOL On The '095 And '390 Patents**

Apple does not address the evidence that (1) Diab created the analog front end subject matter at Masimo, T3-2 at 20-34; JTX-1267; T2-1 at 100-114; T2-2 at 6-17; (2) Diab explained everything about Masimo's technology to Lamego, T3-2 at 43-44, 53-70; JTX-782, JTX-828, or (3) Madisetti's analysis that Lamego learned of this subject matter and made his contribution to the '095 and '390 Patents while employed by Masimo and Cercacor, T7-2 at 82-86; JTX-1267, JTX-1268, JTX-1269, JTX-1206, JTX-1239, JTX-1241.

Instead, Apple repeats meritless arguments that Diab's contributions could be found in the prior art, Diab did not directly collaborate with Apple, Diab does not know the legal requirements for being named as an inventor, and Hotelling testified about when he worked with Lamego.  Br. 19.  These arguments are wrong for the reasons discussed above.  *Supra* Sections II.I.1-2.

## III.  CONCLUSION

For the reasons set forth above, the Court should deny Apple's Motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: June 26, 2023          By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 6,995 words, which [choose one]:

X      complies with the word limit of L.R. 11-6.1.

__     complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 26, 2023                    By: /s/ Adam B. Powell
                                            Joseph R. Re
                                            Stephen C. Jensen
                                            Sheila N. Swaroop
                                            Brian C. Horne
                                            Irfan A. Lateef
                                            Benjamin A. Katzenellenbogen
                                            Brian C. Claassen
                                            Stephen W. Larson
                                            Mark D. Kachner
                                            Adam B. Powell
                                            Kendall M. Loebbaka
                                            Daniel P. Hughes

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.

57708399