Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION UNDER RULE 52 FOR JUDGMENT ON ITS EQUITABLE DEFENSES**<br><br>Hon. James V. Selna |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request leave to file under seal portions of Plaintiffs' Memorandum in Opposition to Defendant's Motion Under Rule 52 For Judgment on Its Equitable Defenses ("Opposition"). Masimo requests the Court seal the proposed redacted portions of the Opposition.

## I. LEGAL STANDARDS

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II. ARGUMENT

The proposed redacted portions of Masimo's Opposition include confidential material including references to confidential material discussed below, and citations to the sealed trial transcript in this case.

The proposed redacted portions of the Opposition discuss Masimo's proprietary technology, trade secrets, and confidential business information. Kahf Declaration ¶ 5. The proposed redacted portions of the Opposition further cite to trial testimony discussing the same. *Id.* This information is confidential and valuable to Masimo in

-1-

part because of its secrecy. *Id.* Masimo is a technology leader with leading performance due, in part, to its years-long investment in its technical trade secrets. *Id.* If Masimo's trade secrets and confidential information were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id.* Thus, Masimo would be harmed if this information were disclosed. *Id.*

The proposed redacted portions of the Opposition should also be sealed because they contain or describe information, including documents and trial testimony, that Masimo understands Apple considers confidential, including technical and business information. *Id.* ¶6.

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Masimo's competitors should not, because of the judicial process, be permitted to access Masimo's confidential information that they "could not obtain anywhere else." *Id.* at 1229. Indeed, regardless of any dispute Apple may raise on the merits of Masimo's trade secret claims, there can be no dispute that the documents Masimo seeks to seal discuss Masimo's "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

### III. CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the proposed redacted portions of Masimo's Opposition.

/ / /

/ / /

|    |                              |                                                                 |
|----|------------------------------|-----------------------------------------------------------------|
| 1  |                              | Respectfully submitted,                                         |
| 2  |                              | KNOBBE, MARTENS, OLSON & BEAR, LLP                              |
| 4  | Dated: June 26, 2023         | By: /s/ Baraa Kahf                                              |

Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Baraa Kahf
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57835225