MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

APPLE INC.,
a California corporation,

Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**APPLE'S OPPOSITION TO PLAINTIFFS' APPLICATION TO UNSEAL CERTAIN TRIAL EXHIBITS PURSUANT TO DKT. 1688**

Date: July 24, 2023

Time: 1:30pm

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

BACKGROUND ........ 2

ARGUMENT ........ 4

I. PLAINTIFFS' APPLICATION SHOULD BE REJECTED OUTRIGHT BECAUSE IT FAILS TO COMPLY WITH LOCAL RULES 7-3 AND 7-18 ........ 4

II. PLAINTIFFS HAVE NOT ESTABLISHED THAT THIS COURT ERRED IN GRANTING APPLE'S APPLICATION TO SEAL ........ 7

A. Documents Discussing Apple's Confidential Information Regarding Product Development and Proprietary Technology ........ 8

B. Documents Discussing Apple's Confidential Business Strategy and Decision Making ........ 13

C. Documents Discussing Apple's Confidential Information Regarding Hiring, Compensation, and Recruitment Practices ........ 17

CONCLUSION ........ 21

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Safety Indemnity Co. v. Penny Vision LLC*, 2015 WL 13048441 (C.D. Cal. Feb. 9, 2015) (Selna, J.) .................................... 5

*Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214 (Fed. Cir. 2013) .................................... 7, 9, 14

*Bickley v. Schneider National, Inc.*, 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) .................................... 18

*Frost v. LG Electronics Inc.*, 2017 WL 6044067 (N.D. Cal. Nov. 28, 2017) .................................... 17, 19, 20

*Hadley v. Kellogg Sales Co.*, 2018 WL 7814785 (N.D. Cal. Sept. 5, 2018) .................................... 14

*Lorenzo Vargas v. City of Los Angeles*, 2018 WL 10231166 (C.D. Cal. Nov. 14, 2018) .................................... 6, 7

*New Hampshire v. Maine*, 532 U.S. 742 (2001) .................................... 7

*MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653 (N.D. Cal Sept. 5, 2022) .................................... 9

*Mendoza v. Princess House*, 2022 WL 16966692 (C.D. Cal. Aug. 26, 2022) .................................... 5

*Patton v. Experian Data Corp.*, 2018 WL 10126001 (C.D. Cal. Dec. 4, 2018) .................................... 5

*Perez v. Bath & Body Works, LLC*, 2022 WL 16836970 (N.D. Cal. Nov. 9, 2022) .................................... 8, 13

*In re Qualcomm Litigation*, 2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) .................................... 14, 15, 16, 17

*Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250 (N.D. Cal. May 14, 2021)........8

*Tri-Valley CAREs v. United States Department of Energy*, 671 F.3d 1113 (9th Cir. 2012)........4

*Vesta Corp. v. Amdocs Management Ltd.*, 312 F. Supp. 3d 966 (D. Or. 2018)........9

Wilmer Cutler Pickering Hale and Dorr LLP

Plaintiffs' "Application to Unseal"—which is in reality a mislabeled motion for reconsideration—should be rejected as procedurally improper and substantively meritless.

In late April, Apple asked this Court to seal over 180 exhibits that contained Apple's confidential information on matters such as product development, proprietary technology, and business strategy and decision-making. Plaintiffs did not oppose the application and this Court granted it, noting only that its order was "subject to reconsideration upon application of any interested party, including members of the public." Dkt. 1688 at 3.

Plaintiffs waited over a month and then—without any attempt to meet and confer—filed a 6,000-word "application" that asked this Court to reconsider a portion of its decision affecting a little less than one-third of the exhibits originally sealed by the Court, or 56 exhibits to be precise. Under Local Rule 7-2, such "applications" are governed by the same normal procedural rules that govern motions. The Court subsequently admonished Plaintiffs for creating "confusion" by filing their request as an "application" rather than as a "regularly noticed motion." Dkt. 1785 at 1. Nonetheless, Plaintiffs did not meet and confer with Apple before filing their brief, *see* Local Rule 7-3, or provide any explanation for why the motion for reconsideration standard was satisfied, *see* Local Rule 7-18.

Plaintiffs apparently tried to circumvent Local Rule 7 because they cannot (and do not even try to) meet the normal motion for reconsideration standard—e.g., making a "manifest showing of a failure to consider material facts presented to the Court" and a showing of good cause for why Plaintiffs could not have filed their brief within fourteen days of this Court's original ruling. Indeed, Plaintiffs do not provide *any* explanation for why they failed to object to Apple's application contemporaneously or within the days that followed this Court's order. Their application should be rejected on that ground alone.

Moreover, had Plaintiffs timely raised their issues—or even met and conferred with Apple prior to filing the present "application"—this dispute could potentially have been avoided or at least narrowed.  Plaintiffs' brief does not dispute that this Court properly sealed 130 of the exhibits identified by Apple.  As to the 56 that remain, Apple will narrow the dispute even further by focusing this brief on the documents targeted by Plaintiffs that contain very sensitive information—typically more sensitive than that which was enough for Plaintiffs to insist that the courtroom be sealed.  In an effort to ensure sealing of no more than necessary, Apple has also proposed narrower redactions for all but one of that subset of remaining documents, which are discussed in detail below.

## BACKGROUND

Apple filed an application to seal specific trial exhibits on April 26, 2023.  Dkt. 1677.  Apple's application and accompanying declaration detailed the basis for sealing each of those exhibits.  Specifically, the filings explained that the trial exhibits described material that Apple considered its confidential business information, including, for example, (1) "Apple's confidential information regarding product development and proprietary technology"; (2) "Apple's confidential business strategy and decision making … related to Apple Watch products and consumer health"; and (3) "Apple's confidential financial information … related to Apple Watch products."  Dkt. 1678 at 1-5; *see* Dkt. 1677 at 1.

This Court granted Apple's application on April 27, 2023.  Dkt. 1688.  The Court indicated that its order was "subject to reconsideration upon application of any interested party, including members of the public."  *Id.* at 3.  Plaintiffs did not oppose Apple's application, object in any way, or request the opportunity to be heard.  Indeed, in the three-and-a-half years since this litigation began, Plaintiffs have *never* opposed an application to seal or raised any other kind of objection to Apple's sealing applications.

Over a month after this Court's order, and well after the time period for a motion for reconsideration contemplated by Local Rule 7-18, Plaintiffs filed two related sets of

documents:  a request to seal nearly 50 of their own trial exhibits, Dkt. 1768, and the instant application to unseal 56 of Apple's trial exhibits that this Court had ordered sealed.  *See* Dkt. 1768 (application to seal); Dkt. 1786 (application to unseal (hereinafter "Mem.")).

Much of Plaintiffs' application to seal provides little exhibit-specific analysis to justify their request.   For example, to justify sealing nearly thirty exhibits that supposedly reference their purported trade secrets, Plaintiffs relied heavily on the fact that this Court had permitted them to seal the courtroom to discuss the documents (although they omit that this Court did not require Plaintiffs to provide any explanation beforehand).  *See* Dkt. 1768 at 2-5.  Plaintiffs also sought to seal full exhibits that they admitted had been discussed during trial, including exhibits where "Masimo's witnesses … discussed and displayed one or two pages from those exhibits during trial."  *Id.* at 7. Plaintiffs justified their position on the grounds that "[t]he information relevant to issues in this trial were discussed on the public record" but "[t]he remainder of the exhibits were not discussed at trial, and thus, the public does not need access."  *Id.* at 9.  Apple did not oppose Plaintiffs' request to seal, and this Court granted the request on June 12, 2023.  Dkt. 1783.

The "application" at issue here asserts that any Apple exhibit that was discussed in open court—no matter how briefly or generally and no matter how sensitive the overall document—should not be sealed.  *See, e.g.*, Mem. 8 (arguing that nine-page internal Apple email discussing issues with heart-rate feature on Apple Watch should be unsealed, even though witness was asked only about a few sentences on one page).  The application also made no attempt to comply with Local Rule 7, which governs "motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits … unless otherwise ordered by the Court or provided by statute, the F.R.Civ.P, or the Local Rules."  Local Rule 7-2.  Most notably, Plaintiffs did not (1) meet and confer with Apple seven days prior to filing the application, Local Rule 7-3, (2) notice a hearing date (which in turn would have set the deadline for Apple's

opposition brief, Local Rule 7-9), or provide any explanation for why the demanding motion for reconsideration standard was satisfied, Local Rule 7-18.

Apple emailed Plaintiffs a little over twelve hours after the application was filed, noting that the application was untimely and violated numerous Local Rules. Ex. Y at 6-7. Plaintiffs ultimately agreed to stipulate to having the application heard on July 24, 2023, the same day as the other post-trial briefing is scheduled to be heard. *Id.* at 4-5. This Court granted the stipulation a few days later. *See* Dkt. 1781 at 1.[1]

At Apple's suggestion, the parties met and conferred regarding Apple's planned opposition brief on June 23, 2023 to determine if further motion practice could be avoided. Ex. Y at 2-4. Although (at Plaintiffs' request) Apple presented Plaintiffs with the narrowed list of exhibits detailed below by noon on June 22, Plaintiffs refused to withdraw their application or otherwise compromise. *Id.* at 2-3. Instead, Plaintiffs' counsel took the (contradictory) blanket positions that (1) the documents were over-redacted and (2) Plaintiffs had not been given sufficient time to review the proposed redactions. *Id.* at 2. Plaintiffs declined to propose alternative redactions or to agree to Apple's proposal on even a single document. *Id.* Accordingly, Apple files the instant opposition brief.[2]

## ARGUMENT

### I. PLAINTIFFS' APPLICATION SHOULD BE REJECTED OUTRIGHT BECAUSE IT FAILS TO COMPLY WITH LOCAL RULES 7-3 AND 7-18

It is well-established that "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs*

---

[1] This Court "inadvertently entered an order granting the Application" on June 12, 2023, as a result of the "confusion" created by Plaintiffs' decision to label their request for reconsideration an "application" instead of a "regularly noticed motion." Dkt 1785 (citing Dkt. 1784). This Court later struck the order. *Id.*

[2] Plaintiffs provided two "examples" of over-redaction: (1) certain unidentified slides from the Project Rover and Everest presentations and (2) the phrase [REDACTED] (*see* JTX-0628 and JTX-0653). *E.g.*, Ex. Y at 2. Plaintiffs did not identify where in the record they believed the slides or phrase had been disclosed to the public and have ignored Apple's request for more information. *Id.* at 1.

*v. United States Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). Here, Plaintiffs did not even attempt to comply with several of the requirements of Local Rule 7, apparently because they believed that they could evade that provision by styling their filing as an "application" rather than a "motion." *See* Ex. Y at 5-6. But Local Rule 7-2 makes clear that regardless of whether a filing is labeled a "motion," an "application," or something else, it still must satisfy Local Rule 7 unless this Court, the Federal Rules of Civil Procedure, or the Local Rules themselves say otherwise. There is no local rule governing a request to unseal documents (much less an untimely request for reconsideration of a prior sealing order), so Local Rule 7 governs.[3]

*First*, Plaintiffs failed to meet and confer as required by Local Rule 7-3 or even provide Apple with any advance notice that they intended to file their application. "[C]ourts in this district have denied motions based on a party's failure to comply with Local Rule 7-3." *See Mendoza v. Princess House*, 2022 WL 16966692, at *1 (C.D. Cal. Aug. 26, 2022) (collecting cases); *see also Am. Safety Indem. Co. v. Penny Vision LLC*, 2015 WL 13048441, at *1 (C.D. Cal. Feb. 9, 2015) (Selna, J.) ("[T]he Motion is ordered off calendar for failure to comply with L.R. 7-3."). Denial would be an appropriate remedy here. Plaintiffs' failure to follow Local Rule 7-3 is unjustified, as they waited over a month after this Court's Order to file their application and have not even attempted to identify any "good cause" that prevented them from meeting with Apple during that time. *Cf. Mendoza*, 2022 WL 16966692, at *2 (considering whether moving party could show "good cause to excuse its failure to comply"). It is also prejudicial, as Plaintiffs' inaction forced Apple and this Court to "unnecessarily spend[] judicial time and resources on issues that could have been" at least partially resolved without this Court's intervention. *Patton v. Experian Data Corp.*, 2018 WL 10126001, at *3 (C.D. Cal. Dec. 4, 2018) (Selna J.).

---

[3] Plaintiffs have noted that the parties have not followed the requirements of Local Rule 7 when filing an application to seal documents in the first instance. Ex. Y at 5-6. That is correct, but irrelevant. Applications to seal are expressly governed by Local Rule 79-5, which has its own requirements and procedures.

*Second*, Plaintiffs have not even attempted to satisfy Local Rule 7-18's requirements for a motion for reconsideration.  "[T]he Ninth Circuit has affirmed denials of motions for reconsideration for failure to comply with L.R. 7-18 by district courts in the Central District of California."  *Lorenzo Vargas v. City of L.A.*, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018).  And again, denial would be an appropriate remedy here, as Plaintiffs' brief does not fit under any of the three scenarios contemplated under the Rule.  Plaintiffs do not identify any "new material facts or a change of law occurring after the Order was entered" or a "material difference in the facts or law" that they could not have known at the time the Order was entered, Local Rule 7-18(a)-(b), as every argument they raise is based on the text of the exhibits and the trial transcript—documents that were available to them when this Court's order issued.  Nor have Plaintiffs identified "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered," Local Rule 7-18(c), particularly given that Plaintiffs failed to oppose Apple's application to seal.

More broadly, Plaintiffs have not shown good cause for why they waited a month to file their request for reconsideration.  *See* L.R. 7-18 ("Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order[.]").  Plaintiffs' unwarranted delay was particularly prejudicial here, as many of Plaintiffs' arguments turn on what portions of particular exhibits were shown in open court—information that was not always recorded in the transcript.

When confronted with this fatal flaw in their application, Plaintiffs' only response was to argue that "the rules for reconsideration [do not] apply" because "[t]he Order did not include a briefing schedule or require a formal motion for reconsideration."  Ex. Y at 6.  To the contrary, this Court's sealing order was very clear.  It stated that the decision was "*subject to reconsideration* upon application of any interested party," Dkt. 1688 at 3 (emphasis added), and Local Rule 7-18 provides "the *exclusive* grounds for reconsideration in the Central District of California," *Lorenzo Vargas*, 2018 WL 10231166, at *2.  Accordingly, because Plaintiffs did not

bring their request for reconsideration "pursuant to one of th[e] enumerated grounds" in Local Rule 7-18, *id* at *3, their motion should be denied.

## II. PLAINTIFFS HAVE NOT ESTABLISHED THAT THIS COURT ERRED IN GRANTING APPLE'S APPLICATION TO SEAL

Plaintiffs' application to seal their *own* trial exhibits recites the proper standard. Where only a portion of an exhibit was "discussed and displayed" on the public record, the remainder of otherwise confidential documents should be kept under seal. *See* Dkt. 1768 at 7. This approach makes good sense. There is a fundamental difference between disclosing a sentence or two from a confidential document in open court—particularly when necessary to preserve the public's ability to see and understand the trial—and waiving all confidentiality rights to portions of documents that were never shown or discussed and that are irrelevant to the issues before the jury. In any event, given that this Court granted Plaintiffs' application to seal based on this representation, *see supra* p. 3, Plaintiffs are estopped from changing their position in the context of this Application "simply because [their] interests have changed," *see New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

While Apple believes that each of the exhibits listed in its original application to seal can satisfy this test, to preserve this Court's resources, this brief focuses only on a narrowed list of exhibits where Plaintiffs' arguments are particularly meritless. *See, e.g.*, Caldbeck Decl. ¶¶ 6-8. Specifically, Apple seeks to maintain under seal twenty-four of the fifty-six exhibits challenged by Plaintiffs—twenty-three exhibits in part and one in whole. The Federal Circuit has previously held that a similar request to seal "limited portions" of a "small subset" of documents that contain what the party "consider[s] their most confidential … information" is proper—particularly when (as here) that information was not "essential to the public's understanding of the jury's [verdict]" or "the district court's rulings on any of the parties' pre-trial motions." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013).

As explained in the Caldbeck declaration and below, Apple has "endeavored to identify as confidential only a limited amount of non-public information related to its product development and proprietary technology, confidential business strategy and decision making, and hiring, compensation and recruitment." Caldbeck Decl. ¶ 4. The portions of the documents that Apple seeks to keep under seal would—if made available to the public—cause Apple competitive harm if disclosed and/or violate Apple's employees' and job candidates' legitimate right and expectation to secrecy. *Id.* Specifically, giving Apple's competitors knowledge regarding Apple's product development, proprietary technology, confidential business strategy and decision making, and hiring/compensation/recruiting data would put Apple at a serious disadvantage, as it would allow Apple's competitors to apply Apple's strategies to gain an unfair advantage over Apple in the market. *Id.* And, notably, Apple has taken "steps to ensure this information remains confidential, including controlling access to" it and ensuring that the "information is available to Apple personnel only on a need to know basis." *Id.*

### A. <u>Documents Discussing Apple's Confidential Information Regarding Product Development and Proprietary Technology</u>

The trial exhibits listed below discuss "Apple's confidential information regarding product development and proprietary technology—including internal Apple documents and communications—related to research and development of Apple Watch products." Dkt. 1678 at 1. "[C]ourts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm." *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting cases); *see also Perez v. Bath & Body Works, LLC*, 2022 WL 16836970, at *2 (N.D. Cal. Nov. 9, 2022) (granting motion to seal information relating to "internal processes for product research and development and product testing that could potentially be used by competitors to gain a competitive advantage"). Here, "[d]isclosure of this information presents a high risk of competitive

harm to Apple, as Apple's competitors could incorporate the information into their own development strategies and products." Caldbeck Decl. ¶ 6; *see also Apple*, 727 F.3d at 1221 (noting that "compelling reasons sufficient to outweigh the public's interest in disclosure" exist when the documents to be sealed contain "business information that might harm a litigant's competitive standing").

Plaintiffs wrongly assert that these exhibits contain only "high-level discussions of technical information" that do not require sealing. Mem. 8-9. But the two cases that Plaintiffs cite for this artificially demanding standard do not support it. In *Vesta Corp. v. Amdocs Management Ltd.*, for example, the moving party did not seek to seal their own sensitive internal documents, but "a two-paragraph discussion and footnote" *from the court's decision* that "broadly describ[ed] the parties' dispute[.]" 312 F. Supp. 3d 966, 973 (D. Or. 2018). And in *MasterObjects, Inc. v. Amazon.com, Inc.*, the district court rejected a motion to seal "abstract, general statements" about a patent claim that appeared in the movant's *own claim construction brief*. 2022 WL 4074653, at *5 (N.D. Cal. Sept. 5, 2022). Here, in contrast, Apple seeks to seal portions of its internal documents and communications that contain detailed information about its proprietary technology. *See Apple*, 727 F.3d at 1226 (sealing was proper where party sought to redact "limited portions" of documents "that contain what they consider their most confidential … information," and there was no "indication that this information was essential to the district court's rulings on any of the parties' pre-trial motions"). Indeed, if Plaintiffs were held to their own standard, they could not meet it. Their own application to seal trial exhibits provided virtually no explanation for twelve documents they seek to seal, beyond the passing assertion that those documents include "technical details of Masimo's technology, including [certain] trade secrets[.]" Dkt. 1768 at 2-3.

In any event, Plaintiffs are wrong that the documents do not "discuss detailed technical information." Mem. 7-8.

**1. JTX-0009:** This is a two-page internal email chain [REDACTED] [REDACTED] in Apple's product testing. Plaintiffs describe this

two-page internal email chain as "an email about how Lamego will contribute at Apple in a 'brainstorming' session to address Apple's poor performance." Mem. at 7. This description at best, only relates to the first email in the thread, JTX-0009 at 1, which was the only portion of the document discussed in open court, *see* 4/12 AM Tr. 72; Dkt. 1636, Ex. 11 at 4-5, and which Apple does not now seek to seal. The last email in the thread includes detailed technical information about Apple's performance testing results. *See* JTX-0009 at 1 [REDACTED] That portion of the email chain should remain sealed. Apple has attached a proposed redacted version of JTX-0009 as Exhibit A.

**2. JTX-0335 and JTX-0337:** These are overlapping internal email threads discussing technical details regarding the design and development of the Apple Watch. Plaintiffs again wrongly assert that this correspondence does not "discuss technical solutions in detail." Mem. 8. In reality, the correspondence includes an Apple senior engineer's recommendations [REDACTED] *See* JTX-0335 at 1 [REDACTED]; JTX-0337 at 2 (same). While (short) excerpts of the exhibits were introduced in open court as part of Plaintiffs' opening and closing presentations, the discussion of the exhibits was limited to the Apple senior engineer's high-level assessment of work on the Apple Watch—there was no discussion of these technical details. 4/5 AM Tr. 43:24-44:5; 4/11 AM Tr. 18-19; Dkt. 1636, Ex. 3 at 4-6; 4/26 AM Tr. 67:18-25. At a minimum, the portion of the email correspondence that discusses the technical details should be sealed. Apple has attached a proposed redacted version of these documents as Exhibit B and Exhibit C.

**3. JTX-0356:** This is a nine-page email thread discussing technical information about Apple's heart-rate feature. In the thread, Apple employees discuss potential technical issues with Apple's heart rate feature, including reports that it could

be used to give false readings on inanimate objects. The correspondence includes

. *See, e.g.*, JTX-0356 at 1 . The correspondence also includes . *See id.* .

While JTX-0356 was introduced in open court, the only portions discussed included its subject line, and limited excerpts of one single, brief email in the thread regarding a wine bottle—neither of which encompassed technical information about the heart rate feature. *See* 4/18 AM Trial Tr. 123:11-124:20. At most, only that narrow portion of the email that was discussed should be unsealed. Apple has attached a proposed redacted version of JTX-0356 as Exhibit D.

**4. JTX-0358C[4]:** This is a 10-page document that includes both internal email correspondence and an internal presentation. Plaintiffs baldly (and incorrectly) assert that the document does not include "technical details of the Apple Watch." Mem. 11. The correspondence and presentation include details of technical information about the testing and performance of Apple's blood oxygen feature that warrant sealing. *See, e.g.*, JTX-0358C at 1 ; *id.* at 6 . While JTX-0358C was introduced in open court, the only portions discussed related to its authentication and a single performance

[4] Plaintiffs refer to this exhibit as "JTX-0358," but "JTX-0358C" was the exhibit introduced at trial.

target on one page of the presentation. *See* 4/19 PM Tr. 14:3-16:5 (misstates JTX-0358C as "JTX 385C"). At most, only the narrow portion of the document that was actually discussed should be unsealed. Apple has attached a proposed redacted version of JTX-0358C as Exhibit E.

**5. JTX-0360:** This is a three-page internal email chain discussing research and development related to Apple's blood oxygen feature. The correspondence includes detailed information on customer survey results and reflects Apple's internal procedures for incorporating customer feedback into its product research and development. While the exhibit was introduced in open court, the portions discussed did not relate to any detailed analysis of customer survey results. 4/19 PM Tr. 16:6-18:4. At most, only the narrow portion of the document that was actually discussed should be unsealed. Apple has attached a proposed redacted version of JTX-0360 as Exhibit F.

**6. JTX-0400 and JTX-0499:** These are overlapping internal emails between Apple executives discussing the use of data collected from sensors, including in potential Apple health and wellness features. Plaintiffs argue that these emails "stem[] from [a] ten-year-old Apple email," that they "do not discuss technical details of the Apple Watch," and that "Apple has not shown competitive harm would result from unsealing these documents" as they were introduced in open court. Mem. 12. As an initial matter, a document's age is not determinative of whether there is a compelling reason for its sealing—Plaintiffs themselves have requested to seal documents that are over 30 years old. *See* Dkt. 1768 at 8 (requesting to seal JTX-2743, Joe Kiani's 1990 lab notebook). Moreover, these emails *do* include technical details about potential Apple health and wellness features. *See, e.g.*, JTX-0400 at 2 [REDACTED]. Additionally, as Apple explained in the declaration supporting its application to seal with respect to JTX-0499, these emails reflect confidential information related to [REDACTED]

[redacted]. Dkt. 1678 at 2. This information, which relates to Apple's "internal processes for product research and development," "could potentially be used by competitors to gain a competitive advantage." *Perez*, 2022 WL 16836970, at *2.

While the exhibits were introduced in open court, only select portions were discussed and none that relate to confidential information about Apple's business strategy and decision making. 4/14 AM Tr. 122:12-125:11; 4/18 AM Tr 31:5-32:18; 4/26 AM Tr. 66:22-67:5. At most, only the narrow portions of the documents that were actually discussed should be unsealed. Apple has attached proposed redacted versions of both documents as Exhibit G and Exhibit H.

**7. JTX-0422:** This is a five-page internal email chain discussing the potential purchase of "reference sensors" for product development purposes, including sensors from third parties. Plaintiffs assert without explanation that this correspondence discusses Apple information "only at a high level." Mem. 9. In fact, the correspondence includes [redacted]. While the exhibit was introduced in open court as part of Chinsan Han's deposition designations, Mr. Han's testimony related purely to the document's authentication. *See* 4/11 AM Tr. 25; Dkt. 1636, Ex. 5 at 6-7, 9 ("Q. This is an e-mail Bob Messerschmidt sent to you on October 22nd 2012, correct? A. Give me a moment here. Yes, that looks to be the case.").

### B. <u>Documents Discussing Apple's Confidential Business Strategy and Decision Making</u>

The trial exhibits listed below discuss "Apple's confidential business strategy and decision making—including internal Apple documents and communications—related to Apple Watch products and consumer health." Dkt. 1678 at 2. California federal courts routinely find that the compelling reasons standard is satisfied by documents containing information regarding a party's "business strategies and internal decisionmaking." *See*

*Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *see also In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing documents to "prevent competitors from gaining insight into the parties' business model and strategy" that "could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business"). In particular, "Apple would suffer significant competitive harm if this information were disclosed" because "Apple's competitors would be able to use this information to benefit from Apple's own research and strategic insights and to improve their position in the market." Caldbeck Decl. ¶ 7. In addition, "Apple may also be disadvantaged in future negotiations, as its competitors will be familiar with strategies used in its prior business dealings." *Id.*; *cf. Apple*, 727 F.3d at 1225 (allowing "Apple's and Samsung's suppliers … access to their profit, cost, and margin data … could give the suppliers an advantage in contract Negotiations" and put "Apple and Samsung at a competitive disadvantage").

Plaintiffs do not dispute that information regarding business strategies and decision making satisfies the compelling reasons standard for sealing. *See* Mem. 15. In their application, Plaintiffs argue only that these exhibits "do not include technical information about the Apple Watch." Mem. 13, 15-16. This is a red herring, as Apple has not argued that the exhibits should be sealed on that ground.

1. **JTX-0257:** This is a five-page email chain discussing [REDACTED] [REDACTED]. It reflects confidential information about [REDACTED] [REDACTED]. While the exhibit was introduced in open court as part of Eugene Kim's deposition designations, both the designated questions and Mr. Kim's testimony discussed the correspondence at a general level, and did not quote any specific language from the email chain. *See* 4/11 AM Tr. 19-20; Dkt. 1636, Ex. 4 at 5-7. Plaintiffs' only response is that this document does not include "detailed technical information about the Apple Watch." Mem. 15-16. But Apple never asserted that it did. *See* Dkt. 1678 at 2 (listing JTX-0257 as falling into the category of documents that

"discuss Apple's confidential business strategy and decision making"). At most, only the narrow portions of the documents that were either actually discussed or were already public (specifically, an excerpt from a *Wired* article) should be unsealed. Apple has attached a proposed redacted version of JTX-0257 as Exhibit J.

**2. JTX-0259, JTX-0260, JTX-0556, and JTX-4355.01:** These exhibits include internal email correspondence and internal presentations related to "Project Rover." The emails and presentations reflect a [REDACTED]. They include confidential information on [REDACTED].

Plaintiffs argue that Apple has not explained why disclosing documents from 2013 'would cause Apple competitive harm today." Mem. 15. To the contrary, Apple explained in the declaration supporting its sealing application that this information would give competitors "insight" into Apple's "business model and strategy" that "could harm [Apple] in future negotiations." Dkt. 1678 at 2 (citing *In re Qualcomm Litig.*, 2017 WL 5176922, at *2). [REDACTED].

Moreover, Plaintiffs' focus on the 2013 date of some of the documents is a red herring. Most of the information that Plaintiffs wished to keep under seal at trial was necessarily from 2013 or earlier, as Dr. Lamego is alleged to have transmitted Plaintiffs' purported trade secrets to Apple in early 2014. If Plaintiffs' argument is taken seriously, then all of Plaintiffs' exhibits and testimony about events from 2013 should be unsealed and placed in the public domain. *See also supra* p. 12 (noting that Plaintiffs have sought to seal a document from 1990).

Plaintiffs also argue that these exhibits were "repeatedly discussed and published in open court throughout the trial," and that news coverage of the trial mentioned "Project Rover" by name. Mem. 13, 15. However, that the name of the project was

made public does not support Plaintiffs' assertion that these lengthy and detailed presentations should be unsealed in their entirety, particularly where only limited excerpts were discussed and displayed in open court. *See* 4/5 AM Tr. 35:20-36:2, 38:15-19, 39:14-19; 4/14 AM Tr. 47:11-50:1, 84:7-95:1, 110:1-111:13, 112:11-114:24; 4/26 AM Tr. 64:18-65:2; 65:3-12. Notably, to the extent the articles cited by Plaintiffs include any limited discussion of "Project Rover," that discussion related only to the tiny portion of the exhibits that dealt with Masimo and Cercacor specifically. *See* Ex. G at 5. At most, only the portions discussed and displayed in open court should be unsealed. Apple has attached proposed redacted versions of the documents as Exhibit K, Exhibit L, Exhibit M¸ and Exhibit N.

**3. JTX-0263:** This is an internal presentation related to 'Project Everest." This presentation includes confidential information on [REDACTED] . Specifically, it includes [REDACTED] While Plaintiffs argue that Apple has not articulated why disclosing this document would cause it competitive harm, Mem. 15, as explained above, this information, if disclosed, would give competitors "insight" into Apple's "business model and strategy" that "could harm [Apple] in future negotiations," *In re Qualcomm Litig.*, 2017 WL 5176922, at *2. Plaintiffs again assert that the exhibit was "repeatedly discussed and published in open court," Mem. 13, and that news articles published during trial "referenced Project Everest[] … by name," *id.* at 15. But like the Project Rover documents discussed above, only brief excerpts of this detailed, 37-page presentation were actually discussed and published at trial. *See* 4/5 AM Tr. 46:7-12; 4/14 AM Tr. 51:15-57:13; 4/26 AM Tr. 68:22-69:4. At most, only the narrow portions of the document that were actually discussed should be unsealed. Apple has attached a proposed redacted version of JTX-0263 as Exhibit O.

**4. JTX-0316 and JTX-0317:** These are internal email chains involving Apple executives that discuss business strategy related to recruitment and potential acquisitions. While Plaintiffs suggest that these documents only reference Masimo,

Mem. 13, JTX-0316 [REDACTED] . JTX-0316 at 1, 3-5. Those portions of JTX-0316 were not discussed at trial and for good reason—they were not relevant. 4/5 AM Tr. 42:14-21; 4/14 AM Tr. 103:17-109:1; 4/26 AM Tr. 65:22-67:17. JTX-0317 too discusses [REDACTED] . JTX-0317 at 3. That portion of JTX-0317 was not discussed at trial. 4/5 AM Tr. 42:14-21; 4/14 AM Tr. 121:16-122:11; 4/26 AM Tr. 65:22-67:17. As with the Project Rover and Project Everest documents discussed above, disclosure of these documents would give competitors "insight" into Apple's targeted acquisition strategy that "could harm [Apple] in future negotiations." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2. At a minimum, the portions of the exhibits that were not discussed on the public record— [REDACTED] —should remain sealed. Apple has attached proposed, redacted versions of both documents as Exhibit P and Exhibit Q.

**C. Documents Discussing Apple's Confidential Information Regarding Hiring, Compensation, and Recruitment Practices**

The trial exhibits listed below discuss "Apple's confidential information regarding hiring and recruitment practices, including for work on Apple Watch products." Dkt. 1678 at 4. Plaintiffs argue that Apple has not shown competitive harm from unsealing these exhibits. Mem. 18. However, California federal courts have concluded that "sensitive and proprietary information regarding [a party's] internal human resources policies and practices" satisfies the compelling reasons standard. *Frost v. LG Elecs. Inc.*, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017).[5] The exhibits discussed below include detailed information regarding [REDACTED]

---

[5] Plaintiffs attempt to distinguish *Frost* on the grounds that the document being sealed was a complaint rather than an internal document, Mem. 18, but they do not explain why that distinction matters. If anything, an internal document is more likely to contain detailed information that is wholly irrelevant to the litigation.

[REDACTED]. "Disclosure of this information would allow Apple's competitors to compete more effectively with Apple at recruiting and maintaining employees." Caldbeck Decl. ¶ 8. Mr. Kiani himself testified that Plaintiffs consider this type of information to be a trade secret. 4/6 AM Tr. 15:21-16:20 (Plaintiffs' trade secrets include "the kind of people [they] look to hire," "the way that [they] evaluate [their] employees and do their bonuses and their raises," and "the way [they] … recruit[]"). Beyond the competitive harm to Apple, "Apple employees and job candidates have a reasonable expectation that this information will be kept confidential." Caldbeck Decl. ¶ 8. California recognizes that employment information is confidential and protected, and only to be disclosed in limited circumstances. *See Bickley v. Schneider Nat'l, Inc.*, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011) ("An employee's personnel records and employment information are protected by the constitutional right to privacy.") (collecting cases); Cal. Civ. Pro. § 1985.6(e)(2) (requiring that subpoenas notify employees that "employment records may be protected by a right of privacy"). Plaintiffs provide no reason why evaluations related to specific people should become public where the information has no relevance to this case and unsealing would only serve to embarrass private individuals.

While Plaintiffs argue that news articles published during trial "describ[e] Apple's efforts to target and recruit Masimo's employees" (Mem. 18), those articles merely make general reference to certain former Masimo employees who interviewed with and were hired by Apple. *See* Exs. A-G. They do not reference confidential information about Apple's overall hiring, compensation, and recruitment *practices*, as that information was not disclosed in open court.

**1. JTX-0058 and JTX-0059:** These are overlapping internal email threads that contain confidential information about Apple's consideration of potential job candidates, including a candidate other than Dr. O'Reilly. JTX-0058 at 1 [REDACTED] [REDACTED]; JTX-0059 at 2 (same). [REDACTED]

[REDACTED] [REDACTED]. 4/11 AM Tr. 16-18; Dkt. 1636, Ex. 1 at 3-7; 4/26 AM Tr. 65:13-21. At a minimum, the portions of the exhibits that discuss another potential hire should remain sealed, as the candidate had a reasonable expectation that this information would be kept confidential. *See* JTX-0058 at 1; JTX-0059 at 2; *see also* Caldbeck Decl. ¶ 8. This Court has granted similar requests from Plaintiffs to seal documents for which only select portions were selected and displayed during trial and where the other pages of those exhibits containing confidential information were not shown. *See* Dkt. 1768 at 7. Apple has attached proposed redacted versions of both documents as Exhibit R and Exhibit S.

**2. JTX-0165 and JTX-0176:** These are internal emails discussing confidential reviews of potential candidates for positions at Apple, one of which encloses a candidate's resume. While Plaintiffs argue that Apple has not shown competitive harm from unsealing these exhibits, Mem. 18, as explained above, if unsealed, these exhibits would disclose "sensitive and proprietary information regarding [a party's] internal human resources policies and practices." *Frost*, 2017 WL 6044067, at *2. Specifically, the exhibits reflect confidential information on Apple's hiring and recruitment practices, [REDACTED] [REDACTED] The exhibits also include [REDACTED] [REDACTED] While Plaintiffs suggest that the substance of the exhibits was disclosed through news articles published during trial, Mem. 18, none of those articles included this confidential information on Apple's hiring and recruitment practices. Nor could they have, as only limited excerpts of the exhibits were discussed and published in open court. 4/19 AM Tr. 32:8-34:13; 4/20 AM Tr. 14:23-20:4; 4/26 AM Tr. 70:23-71:10. At most, only the narrow portions of the documents that were actually discussed should be unsealed. Plaintiffs have made—and this Court has

granted—similar requests. *See* Dkt. 1768 at 7. Apple has attached proposed redacted versions of both documents as Exhibit T and Exhibit U.

**3. JTX-0265:** This is a five-page internal email chain that discusses [REDACTED]. The correspondence reflects confidential information regarding [REDACTED]. The correspondence also provides confidential information regarding [REDACTED]. While the exhibit was introduced at trial, only a single page was discussed on the public record, and the discussion did not reflect detailed information about [REDACTED] 4/14 AM Tr. 62:20-64:13; 4/26 AM Tr. 69:21-70:1. At most, only the narrow portions of the document that was actually discussed should be unsealed. Plaintiffs have made—and this Court has granted—similar requests. *See* Dkt. 1768 at 7. Apple has attached a proposed redacted version of JTX-0265 as Exhibit V.

**4. JTX-0628 and JTX-0653:** These are overlapping internal email chains that discuss hiring Dr. Lamego and his offer of compensation. Plaintiffs argue that Apple has not shown competitive harm from unsealing these exhibits, Mem. 18, but as explained above, if unsealed, these exhibits would disclose Apple's approach to determining offers of compensation, *see Frost*, 2017 WL 6044067, at *2; *see also supra* p. 18 (noting Mr. Kiani's testimony that Plaintiffs consider this kind of information to be a trade secret). Moreover, details regarding Dr. Lamego's offer of compensation were not included in the news articles published during trial. *Compare* Ex. A at 4 (noting "Cercacor Chief Technical Officer Marcelo Lamego [was hired] in early 2014 … to work on the Apple Watch") *with* JTX-0628 at 1 [REDACTED] At a minimum, the portions of these documents that discuss Dr. Lamego's offer of compensation should remain sealed.

Apple has attached proposed redacted versions of those documents as Exhibit W and Exhibit X.

**CONCLUSION**

Plaintiffs' application should be denied due to its failure to comply with Local Rule 7. In the alternative, Plaintiffs' application should be denied at least in part as to the specific exhibits discussed above.

Dated: June 26, 2023

Respectfully submitted,

JOSEPH J. MUELLER
MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 6,956 words, which:

_X_ complies with the word limit of L.R. 11-6.1

___ complies with the page limit set by court order.

Dated: June 26, 2023

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*