# EXHIBIT Y

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| | |
|---|---|
| **From:** | Sprankling, Thomas |
| **Sent:** | Friday, June 23, 2023 9:14 PM |
| **To:** | Kendall Loebbaka; Adam Powell |
| **Cc:** | Masimo.Apple; WH Apple-Masimo Service List;  Apple-Masimo; Apple-Masimo |
| **Subject:** | RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits |

Kendall,

Thank you for attending the call today.  As you know, Apple suggested that we meet and confer today to attempt to narrow the parties' dispute and potentially avoid motion practice.  Had Plaintiffs complied with Local Rule 7-3's requirement to meet and confer, a requirement that Plaintiffs ignored, these issues could have been discussed in April or May.

Nevertheless, Apple took the time and resources to go through each of the challenged exhibits.  As part of a proposed global resolution to Plaintiffs' "application" to unseal, Apple made a detailed, good faith offer to agree to unseal over half of the challenged exhibits and redact portions of the rest (with just one exhibit that we propose keeping entirely under seal).  We also complied with Plaintiffs' request to provide our proposed redactions for each of the twenty-four documents we believe should be kept under seal in some form 24 hours before the meet and confer.

At today's meet and confer, it became clear that Plaintiffs had not reviewed the proposed redactions in any detail.  While Apple came prepared with four attorneys to discuss any questions you might have about our proposed redactions, you were the only person from Plaintiffs' team to attend the call and you were unable to identify even a single specific document where you would be willing to accept Apple's proposal.  The "examples" that you provide below were merely general statements that were not supported by any specific citation to the record.  For example, you failed to identify *which* of the redacted Rover and Everest slides were placed on the public record.  You also failed to identify where in the public record you believe the specific phrase you quoted from JTX-0628/JTX-0653 appears.  If you can identify the specific record cites supporting your examples by 9am PT on Monday, June 26, Apple will consider removing the affected redactions.

Apple believes that all its proposed redactions are consistent with the sealing standards, and is prepared to explain and substantiate that position in response to Plaintiffs' "application."  Your suggestion that Apple should provide further narrowed redactions to all twenty-four exhibits on the basis of the two vague examples you provided runs contrary to the principle that both sides have an obligation to attempt in good faith to narrow disputes before the Court.  And your assertion that Apple bears the burden in this situation is simply incorrect.  As we have previously discussed, Plaintiffs' 6,000 word application to unseal is nothing more than a motion for reconsideration.  Plaintiffs thus have the burden to establish that one of the three scenarios discussed in Local Rule 7-18 applies here and to show good cause for your month-long delay in filing—a burden you have not even attempted to meet.

Best,

Tom

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, June 23, 2023 3:56 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-

MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

**EXTERNAL SENDER**

Tom,

Thank you for the meet and confer regarding Apple's proposal to unseal certain exhibits and redact others.  As explained during the call, Apple's proposed redactions are over inclusive and redact information that does not meet the "compelling reasons" standard to seal.  For example, Apple over redacted Project Rover and Everest presentations, including slides that were publicly shown.  Apple also redacted information that was discussed publicly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Masimo informed Apple that it could not accept Apple's proposal because the redactions did not meet the compelling reasons standard to seal.

Apple proposed that Masimo incur the time and expense of properly redacting Apple's exhibits before Apple's opposition is due on Monday.  But it is Apple's burden to justify its request to seal.  It is not reasonable for Apple to demand that Masimo fix Apple's grossly overbroad redactions, particularly when Apple has had Masimo's application to unseal since June 1.  We would be happy to reconsider Apple's proposal if Apple revises its redactions in a good faith effort to comply with the "compelling reasons" standard.

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687  Direct

**Knobbe Martens**

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Thursday, June 22, 2023 11:54 AM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Kendall,

I've included below a dial-in for tomorrow's meet and confer at 11:30am Pacific.

In the hopes of making that call productive, here is what we would propose as a global agreement to resolve Plaintiffs' "application" to unseal.  Apple would agree to unseal JTX-008; JTX-0010; JTX-0012; JTX-0014; JTX-0015; JTX-0047; JTX-0064; JTX-0177; JTX-0245; JTX-0246; JTX-0264; JTX-0320; JTX-0332; JTX-0344; JTX-0377; JTX-0392; JTX-0393; JTX-0395; JTX-0423; JTX-0427; JTX-0526; JTX-0558; JTX-0605; JTX-0636; JTX-0648; JTX-0658; JTX-0672; JTX-0736; JTX-0762; JTX-2070, JTX-4419; JTX-4429, provided that Plaintiffs agree that the following documents may remain sealed in whole or with the redactions shown in the exhibit versions available at the following link: JTX-0009; JTX-0058; JTX-0059; JTX-0165; JTX-0176; JTX-0257; JTX-0259; JTX-0260; JTX-0263; JTX-0265; JTX_0316; JTX-0317; JTX-0335; JTX-0337; JTX-

0356; JTX-0358C; JTX-0360; JTX-0400; JTX-0422; JTX-0499; JTX-0556; JTX-0628; JTX-0653; JTX-4355.01 (available at https://wilmerhale-sharesite.box.com/s/4e8c4neh07xgcef11zfs3u2q8ta55o9t).  The proposed redactions are reflected in green highlighting.

The dial-in is:

800-227-6333
Code: 714-6062

---

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Wednesday, June 21, 2023 5:53 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; Adam Powell <Adam.Powell@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

**EXTERNAL SENDER**

Tom,

Thank you for offering to reach an agreement that certain Apple exhibits should be unsealed.  To make the meet and confer as productive as possible and provide time for Masimo to consider Apple's proposal, please identify the exhibits Apple proposes to unseal by noon Pacific tomorrow, June 22.  If Apple proposes that any exhibits will be unsealed in part, please identify what portions of such exhibits Apple proposes will remain under seal and what will be unsealed.  Masimo is available to meet and confer on Friday, June 23 at 11:30am Pacific.  Please provide a call in.

Best regards,
Kendall

**Kendall Loebbaka**
Partner

949-721-7687  Direct
**Knobbe Martens**

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Wednesday, June 21, 2023 3:44 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>; Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Adam,

Apple maintains that Plaintiffs' application to unseal should be rejected in full for both procedural and substantive reasons. However, to conserve the court's resources, Apple is willing to try to reach a global deal with Plaintiffs under which the parties would agree that certain exhibits would be unsealed while others would continue to remain sealed, in whole or in part.

Please let us know if Plaintiffs are open to discussing a resolution of this sort. If so, our team is available from 11am-3pm PT on Friday to discuss. Given the deadline for filing our opposition, the parties will need to meet and confer expeditiously and in earnest if there is an agreement to be reached.

Thanks,

Tom

**From:** Sprankling, Thomas
**Sent:** Monday, June 5, 2023 12:06 PM
**To:** Adam Powell <Adam.Powell@knobbe.com>; Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Adam,

We will circulate a stipulation later today.

We are still reviewing the brief, but will be in touch if we believe there are grounds to narrow the dispute.

Thanks,

Tom

**From:** Adam Powell <Adam.Powell@knobbe.com>
**Sent:** Monday, June 5, 2023 11:35 AM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

**EXTERNAL SENDER**

Tom,

We disagree with Apple's position in your email below. However, to avoid a dispute, we agree to Apple's requested briefing schedule and July 24 hearing date. Please send us a proposed stipulation for our review.

Please also let us know if you believe a call would be helpful to try to resolve or narrow the parties' disputes before Apple files its opposition.

Thanks,
Adam

**Adam Powell**
Partner
858-707-4245 Direct
**Knobbe** Martens

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Friday, June 2, 2023 6:11 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Kendall,

Thank you for responding.  Applications to seal are not subject to Local Rule 7-2 because they are expressly governed by Local Rule 79-5.  However, there is no local rule governing a request to unseal documents (much less an untimely request for reconsideration of a prior sealing order), so Local Rule 7-2 governs.  Indeed, your own filing is labeled as a "brief" and concedes that it falls under Local Rule 11-6.1, *see* Dkt. 1771-1 at 21, which applies only to "memorandum[s] of points and authorities, pretrial brief[s], trial brief[s], and posttrial brief[s]."

As to whether your filing is a request for reconsideration, the very first sentence of your brief quotes the relevant portion of the Court's ruling, which notes that the order is "subject *to reconsideration* upon application of any interested party."  Dkt. 1771-1 at 1.  Nothing in the Court's order suggests that it intended to circumvent Local Rule 7-18.

As to the schedule, had you properly noticed your request for reconsideration, the hearing would have been on July 17, with Apple's opposition due on June 26 and Plaintiffs' reply due on July 3.  Apple believes that that is the appropriate schedule in this situation, where Plaintiffs had five weeks to prepare a 6,000 word opening brief.  However, Apple is willing to stipulate to the schedule that the parties agreed upon for the Rule 50(b) and 52 motions, which would grant Plaintiffs one extra week to file their reply.

Best,

Tom

---

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, June 2, 2023 3:00 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

**EXTERNAL SENDER**

Tom,

Masimo disagrees with Apple's allegations that Masimo did not comply with the Local Rules. Both parties have filed applications to seal in this case without a meet and confer. In fact, consistent with the parties' practice, Apple filed its application to seal trial exhibits without a meet and confer. Under Apple's interpretation, Apple violated the Local Rules when it submitted its application without a meet and confer.

Masimo also disagrees the rules for reconsideration apply. The Court's Order granting Apple's application invited the parties and the public to submit applications to unseal. The Order did not include a briefing schedule or require a formal motion for reconsideration. Masimo complied with the Court's instruction in its Order granting Apple's application and filed its application yesterday.

Regarding Apple's request to hear Masimo's application on July 24, it is not clear that the Court requires a hearing on applications to seal and we see no reason to delay the hearing that long. If the Court desires a hearing, the Court will order one. If Apple would like to file an opposition to Masimo's application, Masimo is willing to discuss a reasonable schedule for an opposition and reply.

Best regards
Kendall

**Kendall Loebbaka**
Partner

949-721-7687  Direct

**Knobbe Martens**

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Friday, June 2, 2023 2:02 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-masimo@haynesboone.com>
**Subject:** RE: Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Kendall,

Please respond to my below email. If we do not hear anything by 3pm PT, we will have no choice but to contact the clerk directly regarding your failure to notice a hearing date and the resulting ambiguity regarding Apple's deadline to file an opposition.

Thanks,

Tom

---

**From:** Sprankling, Thomas
**Sent:** Friday, June 2, 2023 8:52 AM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <Apple-Masimo@gibsondunn.com>; Apple-Masimo <apple-

masimo@haynesboone.com>

**Subject:** Masimo et al. v. Apple -- Plaintiffs' June 1, 2023 Application To Unseal 56 Apple trial exhibits

Kendall,

Plaintiffs' 6,000 word application to unseal 56 Apple trial exhibits—exhibits that Plaintiffs did not originally oppose filing under seal—is untimely and violates numerous C.D. Cal. Local Rules.

Local Rule 7-2 provides that "unless otherwise ordered by the Court or provided by statute, the F.R.Civ.P., or the Local Rules," "applications" are subject to the same normal procedural requirements as motions. Among other things, Local Rule 7-3 requires the moving party to meet and confer seven days before filing its papers, and Local Rule 7-9 gives Apple the right to an opposition due "not later than twenty-one … days before the date designated for the hearing of the motion." Finally, Local Rule 7-18 lays out several specific requirements for a motion for reconsideration, including requiring the moving party to demonstrate good cause if they are filing more than fourteen days after the original order.

Plaintiffs have not met and conferred, nor have you noticed a date for the application to be heard (which would in turn set the date for Apple's opposition). Your application also does not even attempt to address the motion for reconsideration standard.

Please confirm by 1pm PT that you will stipulate to your application being heard on July 24—i.e., the same day as all other post-trial briefing.

Thanks,

Tom

**Thomas Sprankling | WilmerHale**
2600 El Camino Real
Suite 400
Palo Alto, CA 94306 USA
+1 650 858 6062 (t)
+1 650 858 6100 (f)
thomas.sprankling@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.