Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **PLAINTIFFS' REPLY TO ITS APPLICATION TO UNSEAL CERTAIN TRIAL EXHIBITS PURSUANT TO DKT. 1688** <br><br> Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. APPLE'S ORIGINAL AND NEW REQUEST TO SEAL 56 EXHIBITS DO NOT MEET THE COMPELLING-REASONS-TO-SEAL STANDARD ......................................................................................... 2

    A.    Apple Essentially Admits 32 Exhibits Should Be Unsealed .................... 2

    B.    Apple Fails To Justify Maintaining 24 Exhibits Under Seal .................... 2

        1.    Apple's Reliance on Masimo's Application To Seal Is Misplaced ................................................................................... 3

        2.    Apple Exhibits Discussing High-Level Technical Information ................................................................................ 3

        3.    Apple Exhibits Discussing Apple's Business Strategies ................ 7

        4.    Apple Exhibits On Its Efforts to Recruit Masimo Employees ............................................................................... 10

III. THE COURT SHOULD NOT DENY MASIMO'S APPLICATION ON PROCEDURAL GROUNDS .................................................................. 13

    A.    Masimo Followed The Court's Instruction To Submit An "Application" ...................................................................................... 13

    B.    Apple's Meet And Confer Argument Lacks Merit ................................. 14

    C.    The Court Should Not Deny Masimo's Application Under The Reconsideration Standard .................................................................... 15

        1.    Masimo's Application Meets The Reconsideration Standard Because The Order Did Not Consider Material Facts ....................................................................................... 15

        2.    Masimo Is Not Required To Show Good Cause ........................... 16

IV. CONCLUSION ................................................................................... 17

# TABLE OF AUTHORITIES

**Page No(s).**

*Bolanos v. Costco Wholesale Corp.*,
    No. 2020 WL 13304058 (C.D. Cal. Nov. 10, 2020) ................................................14

*California v. Safeway, Inc.*,
    355 F. Supp. 2d 1111 (C.D. Cal. 2005) ....................................................................16

*Epic Games, Inc. v. Apple Inc.*,
    2021 WL 1907755 (N.D. Cal. May 12, 2021)............................................................3

*Foltz v. State Farm Mutual Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ..................................................................................16

*In re High-Tech Emp. Antitrust Litig.*,
    2014 WL 12795429 (N.D. Cal. Mar. 14, 2014) .........................................................3

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    2022 WL 4074653 (N.D. Cal. Sept. 5, 2022).............................................................3

*Stewart v. Hartford Life & Accident Ins. Co.*,
    2021 WL 1821015 (N.D. Cal. May 6, 2021)............................................................17

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
    312 F. Supp. 3d 966 (D. Or. 2018) .............................................................................3

## OTHER AUTHORITIES

Local Rule 7-18..................................................................................................15, 16

Local Rule 79-5........................................................................................................14

# I.  **INTRODUCTION**

Apple admits its original application was overbroad.  Indeed, Apple's Opposition does not address 32 of the 56 exhibits that Masimo sought to unseal.  Apple also no longer seeks to seal 23 exhibits in full.  Instead, Apple proposes redactions.  Apple maintains that only one exhibit should remain under seal.  At a minimum, the Court should unseal the exhibits and portions of exhibits not addressed in Apple's Opposition.

The Court should also grant Masimo's application in full because Apple's narrowed request in its Opposition fails to meet the compelling-reasons-to-seal standard.  For example, Apple redacts pages that have been publicly displayed.  Apple also redacts information that is consistent with information discussed on the public record.  Apple further redacts information that is plainly not confidential and would not harm Apple if it were public.  And the exhibit Apple asks to seal in its entirety was discussed publicly.

Apple avoids the merits and focuses on two procedural grounds.  First, Apple argues Masimo failed to meet and confer.  But Apple did not meet and confer on its underlying application to seal.  Had Apple done so, Masimo would have opposed and this application would not have been necessary.  Apple has also not suffered prejudice, much less prejudice that would justify denying the strong presumption of public access to judicial records.  Trial exhibits are a key aspect to understanding a trial.  A failure to meet and confer does not justify denying the strong public presumption of access.

Second, Apple argues Masimo's application to unseal should have been styled as a motion for reconsideration and Masimo fails to meet the standard for reconsideration.  But Masimo believed it was following the Court's order, which Masimo understood requested an informal "application" not a formal motion.  Regardless, Masimo satisfies the requirements for reconsideration.  Masimo did not have a chance to explain why Apple's request was overbroad because the Court granted Apple's application to seal the next day before Masimo could oppose.  Moreover, the Court's Order invited challenges upon an "application."  The Court should grant Masimo's application.

## II. **APPLE'S ORIGINAL AND NEW REQUEST TO SEAL 56 EXHIBITS DO NOT MEET THE COMPELLING-REASONS-TO-SEAL STANDARD**

Apple argues that its original application and accompanying declaration "detailed the basis for sealing each of those exhibits." Opp'n at 2. As Masimo explained in its opening brief, Apple's original application and declaration said almost nothing to justify sealing over 180 exhibits. *See* Br. at 3 (quoting a few generic sentences that Apple used to justify over 180 exhibits). Apple cites nothing to show otherwise. Instead, Apple attempts to fix its original application by supplementing with new justifications and supporting declaration from Apple employee Deidre Caldbeck. For the reasons described below, Apple's request to maintain its exhibits under seal fails.

### A. **Apple Essentially Admits 32 Exhibits Should Be Unsealed**

Masimo applied to unseal 56 Apple exhibits. Apple does not address Masimo's request for 32 of those exhibits. *See* Opp'n at 7 (Apple offering no argument on many exhibits, purportedly to "preserve the Court's resources"). Because Apple does not even address these exhibits, Masimo's arguments are unrebutted and Masimo's request is unopposed. Thus, the Court should unseal in full the following exhibits: JTX-0008, JTX-0010, JTX-0012, JTX-0014, JTX-0015, JTX-0047, JTX-0064, JTX-0177, JTX-0245, JTX-0246, JTX-0264, JTX-0320, JTX-0332, JTX-0344, JTX-0377, JTX-0392, JTX-0393, JTX-0395, JTX-0423, JTX-0427, JTX-0526, JTX-0558, JTX-0605, JTX-0636, JTX-0648, JTX-0658, JTX-0672, JTX-0736, JTX-0762, JTX-2070, JTX-4419, and JTX-4429.

### B. **Apple Fails To Justify Maintaining 24 Exhibits Under Seal**

Of the 56 exhibits Masimo requested the Court unseal, Apple admits that 23 of these exhibits should not be maintained fully under seal, but rather should be redacted: JTX-0009, JTX-0058, JTX-0059, JTX-0165, JTX-0176, JTX-0257, JTX-0259, JTX-0260, JTX-0263, JTX-0265, JTX-0316, JTX-0317, JTX-0335, JTX-0337, JTX-0356, JTX-0358C, JTX-0360, JTX-0400, JTX-0499, JTX-0556, JTX-0628, JTX-0653, and JTX-4355.01. Apple challenges Masimo's request to unseal only one

exhibit, JTX-0422, in its entirety.  Both requests fail to meet the compelling reasons to seal for the reasons discussed below.

### 1.  Apple's Reliance on Masimo's Application To Seal Is Misplaced

Apple argues that Masimo sought to seal some portion of a few documents discussed publicly, so it is estopped from arguing Apple cannot do the same.  *See, e.g.*, Opp'n at 7.  Masimo's application to seal is nothing like Apple's request.  Masimo's sought to seal highly technical and business confidential information in a few lengthy exhibits that was not relevant to the trial.  Dkt. 1768 at 6-9.  For example, Masimo showed two pages from a lab notebook at trial and sought to seal the other pages, which were not shown in open court and contained a large amount of unrelated technical information.  *Id.* at 8 (only displaying pages -7195 and -7235 of a 184-page lab notebook, JTX-0798).  In contrast, as shown below, Apple seeks to redact email chains on a sentence-by-sentence basis.  Apple appears to have redacted everything that was not read into the record, including information that was shown in open court and relates to the same topic as information read into the record.  Apple's approach is improper and does not satisfy the compelling-reasons standard.

### 2.  Apple Exhibits Discussing High-Level Technical Information

Apple argues the exhibits discussed below "contain detailed information about its proprietary technology."  Opp'n at 9.  As Masimo explained in its application, these exhibits do not contain detailed information but rather have high-level discussions of Apple's technology.  *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 973 (D. Or. 2018); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *5 (N.D. Cal. Sept. 5, 2022).  Moreover, as Masimo discusses below, Apple's redactions go beyond redacting information that could result in "competitive harm."  *Id.* at 8. Further, Apple's redactions would seal information that has been publicly shown.  *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1907755, at *3 (N.D. Cal. May 12, 2021); *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 12795429, at *2 (N.D. Cal. Mar. 14, 2014).

**JTX-009**: This exhibit is an internal email chain that discusses ████████ ████████████████████████ Apple proposes redacting the first email in the chain because it supposedly contains "technical information about Apple's performance testing results." Opp'n at 10; *see* Ex. A. However, Apple redacts high-level discussions on ██████████████████████████████ that does not meet the compelling-reasons-to-seal standard. Further, this exhibit was discussed in open court. Trial. Tr., Apr. 12, Vol. I at 72; Dkt. 1636, Ex. 11 at 4-5. Moreover, the email chain provides context to understand how Apple intended to use Lamego in a ████████ ████████████████████ This context is in the public interest to understand the trial and Apple's intent to use Lamego to improve its development.

**JTX-0335 and JTX-0337**: These exhibits are email chains discussing ████████ ██████████████████████████ Apple proposes redacting nearly the entirety of the exhibit, leaving only a few paragraphs stating the project is "a mess" and "will fail." Opp'n at 10; Ex. B; Ex. C. Again, Apple redacts everything that was not directly quoted on the public record. The redacted information is important to understand the state of Apple's development and why Apple hired Masimo employees. Disclosure of these high-level details would not competitively harm Apple. Moreover, Apple redacts information that has been discussed in open court. *Compare* Ex. B at 1, Ex. C at 2 (redaction to discussion of ██████████████████████ ██████ *with* Dkt. 1636, Ex. 3 at 32:9-33:4 (publicly filed deposition transcript with "shower head" quote from JTX-0335) *and* Trial Tr., Apr. 19, Vol. I at 71:4-11, 88:6-23 (discussion of "shower head" design in open court).

**JTX-0356**: This exhibit is an email chain ██████████████ ██████████████ the Apple Watch measures heart rate on inanimate objects, such as a wine bottle. Apple proposes redacting everything except for a few paragraphs in an email from Caldbeck. But Apple's proposed redactions do not meet the compelling-reasons-to-seal standard. Apple's redactions are not limited to ██████████████ ████████████████████████████████████████████████████████ as

1    Apple claims in its Opposition.  For example, in Caldbeck's email, Apple redacts ███

2    ████████████████████████████████████████████████████████████

3    ███████████████████████████████ Ex. D at 2.  The Vitality

4    subsidy is a public program to earn an Apple Watch.  Loebbaka Decl., Ex. 1.  Apple

5    also redacts that ████████████████████████ Ex. D at 4.  Even

6    if the email included some technical discussion, Apple failed to narrow its redactions in

7    a manner that satisfies the compelling-reasons standard.

8         **JTX-0358C**: This exhibit is an email and presentation about the inaccuracy of

9    Apple's blood oxygen feature.  Apple redacts nearly everything in this exhibit, leaving

10   only the specific inaccuracy percentages that were discussed publicly.  Ex. E.  But the

11   redactions do not meet the compelling-reasons-to-seal standard.  For example, Apple's

12   redactions are overbroad because they redact almost an entire page that was publicly

13   shown.  Ex. E at 4; Trial Tr., Apr. 19, Vol. II at 14:3-16:5 (misstates JTX 358 as "JTX

14   385").

15        **JTX-0360**: This exhibit is an Apple email chain discussing the "zeitgeist" on the

16   Apple team regarding the poor performance of the blood oxygen feature.  Apple argues

17   that its redactions are to "customer survey results" and "Apple's internal procedures for

18   incorporating feedback into its product research and development."  Opp'n at 12; Ex. F.

19   But Apple redacted everything but the sentence discussing the "zeitgeist" even though

20   the pages containing these emails were published in open court.  Trial Tr., Apr. 19, Vol.

21   II at 16:6-18:4.  Apple fails to explain how it could be harmed by unsealing information

22   that was publicly shown.

23        **JTX-0400 and JTX-0499**: Apple proposes redacting nearly everything in these

24   exhibits except the few paragraphs discussed during trial.  Exs. G and H.  Apple argues

25   its redactions are appropriate because "only select portions were discussed and none

26   that relate to confidential information about Apple's business strategy and decision

27   making."  Opp'n at 13.  However, these exhibits provide context to understand Apple's

28   efforts to provide a "wellness" product.  For example, Apple proposes redacting, ██

1  ████████████████████████████████████████ Ex. G

2  at 3.  The exhibit continues ████████████████████████

3  ████ *Id.*  Moreover, the exhibit discusses how Apple believed the product ██████

4  ██████████████████████████ *Id.* at 3.  Apple does not attempt to show

5  such material would harm Apple if unsealed.  And these exhibits are consistent with

6  other information that was discussed on the record at trial.  *See, e.g.* Trial Tr., Apr. 5,

7  Vol. I at 43:24-44:5 (Apple Watch project is a mess); Trial Tr., Apr. 11, Vol. I at 18-19

8  (same); Dkt. 1636, Ex. 3 at 4-5, 7-9 (same); Trial Tr., Apr. 26, Vol. I at 67:18-25

9  (physiological monitoring was most important feature).  Apple's proposed redactions

10  are contrary to providing the public access to the trial, including the status of Apple's

11  project in 2013 and Apple's motivation to hire Masimo employees.

12        **JTX-0422**: This exhibit is an email chain discussing Apple's efforts to acquire

13  commercial sensors for reference sensors during development.  Apple proposes sealing

14  this exhibit in its entirety, arguing that it contains ██████████████████

15  ████████████████████████████████████████

16  ██████████████████████ Opp'n at 13; Ex. I.  Apple does not explain how

17  the specific information discussed in this exhibit would harm Apple if unsealed.  For

18  example, the email discusses ██████████████████████

19  ████████████████████████████████ Ex. I.

20  Apple fails to explain how it would be harmed by the public knowing ██████████

21  ██████████████████ Moreover, this exhibit was introduced during deposition

22  testimony of an Apple witness who publicly discussed Apple's efforts to purchase and

23  tear down Masimo products.  *See, e.g.*, Dkt. 1636, Ex. 5 at 5-6 (discussing Apple's

24  efforts to tear down Masimo products).  Thus, unsealing this exhibit is consistent with

25  the strong presumption of public access to the trial, including Apple's efforts to research

26  Masimo and Apple's intent.

27

28

### 3.   Apple Exhibits Discussing Apple's Business Strategies

Apple argues the below exhibits contain "Apple's confidential business strategy and decision making—including internal Apple documents and communications—related to Apple Watch products and consumer health." Opp'n at 13.  Similar to Apple's redactions of "technical" documents, Apple's redactions are overbroad and do not meet the compelling-reasons-to-seal standard.

**JTX-0257**: This exhibit discusses ███████████████████████████ ████████████████████████████ Apple argues this exhibit contains "confidential information about ████████████████████████ ██████████████████████████ Opp'n at 14; Ex. J.  In the very next sentence, however, Apple admits this exhibit was introduced in open court with designated deposition testimony.  *Id.*  Even though the exhibit was publicly discussed and published in open court, Apple claims that it can still redact the internal Apple correspondence because the exhibit was discussed at a "general level, and did not quote any specific language from the email chain."  *Id.*  Just because trial testimony did not quote the full exhibit hardly suggests its content remained confidential.  Its content was discussed during trial.  Trial Tr., Apr. 11, Vol. I at 19-20; Dkt. 1636, Ex. 4 at 5-7.  Moreover, Apple still has to show a compelling reason to seal the exhibit.  Apple cannot meet that standard, especially in view of Apple's decision to publicly discuss and display the exhibit.

**JTX-0259, JTX-0260, JTX-0556, and JTX-4355.01**: These exhibits are emails and presentations regarding Project Rover, which was an Apple project to research ███████████████████████████████████████ Apple argues that its ███████████████████████████████████ ███████████████████████████████ Opp'n at 15.  Apple further argues that only the limited portions of the exhibits that were discussed in open court should be public.  *Id.*  Apple's redactions do not meet the compelling-reasons-to-seal standard.

First, Apple proposes redacting information from presentation slides that were publicly shown. *See, e.g.*, Ex. K at 3, 12; Ex. L at 5, 20, 25; Ex. M at 5, 10; Ex. N at 3. Apple even proposes redacting a page in its entirety, including information that was publicly discussed on the record. *See, e.g.*, Ex. L at 19 (redactions to page -9120 of JTX-260); Trial Tr., Apr. 20, Vol. I at 9:24-10:24 (discussing and displaying page -9120 of JTX-260, Ex. L at 19). Apple does not have a compelling reason to seal pages that have already been publicly discussed and displayed. Apple's request to seal Apple's efforts to recruit from Masimo is particularly egregious in view of the Court requiring Apple to bring Hotelling back to testify on that subject in open court. Trial Tr., Apr. 19, Vol. I at 5:17-22.

Second, contrary to Apple's assertion that it is redacting ███████████████ ██████████████ Apple proposes redacting in full pages that discuss researching Masimo only. *See, e.g.*, Ex. K at 4-7, 13; Ex. L at 8, 19. Apple argues those pages were not explicitly mentioned on the record. Regardless, these redactions still need to meet the compelling-reasons-to-seal standard. And they do not. Apple's analysis of Masimo is relevant to Apple's efforts to target Masimo, a central issue at trial. Even if these pages were not explicitly discussed on the record, these exhibits provide important context. The Court should unseal at least everything in these exhibits that discussed Masimo.

Third, ████████████████████ provides context into the trial. Indeed, Apple itself relied on such research of other companies in an attempt to downplay its research into Masimo. *See, e.g.*, Trial Tr., Apr. 13, Vol. II at 113:13-114:4, 115:14-21. Apple did so even though it concluded that Masimo and Cercacor were the "standout" companies. Ex. K at 3. Apple's ████████████████████ are important to the public having context of why Apple targeted Masimo and what Apple was hoping to obtain from Masimo. Moreover, multiple pages of Project Rover depicting ████████ ████████████████ were publicly displayed. Trial Tr., Apr. 14, Vol. I at 112:14-113:15 (discussing JTX-0259, Ex. K at 3); Trial Tr., Apr. 20, Vol. I at 9:24-10:24

-8-

1  (discussing and displaying page -9120 of JTX-260, Ex. L at 19).  Apple fails to explain

2  why it would suffer competitive harm but never sought to seal the courtroom while the

3  parties were presenting the same pages revealing Apple's ███████████████

4  ████████.

5      **JTX-0263**: This exhibit is a presentation on Project Everest, ██████████

6  ███████████████████████  Apple redacted pages analyzing Masimo that were

7  not explicitly discussed on the record (Ex. O at 3-28), claiming they discuss ████████

8  ████████████████████████████████████████████████

9  ███████████████████  Opp'n at 16.  Apple claims that disclosing all of

10  these pages "would give competitors insight into Apple's business model and strategy

11  that could harm [Apple] in future negotiations."  Opp'n at 16 (quotations omitted).  But

12  Apple never closed the courtroom during discussions of Project Everest.  Project

13  Everest was discussed repeatedly during trial.  Trial Tr., Apr. 13, Vol. II at 119:13-

14  121:13; Trial Tr., Apr. 14, Vol. I at 51:15-57:13; Trial Tr., Apr. 20, Vol. I at 11:1-12:6.

15  Apple does not explain why the particular pages that it redacted are somehow more

16  harmful if unsealed than the pages it discussed in open court.  Moreover, the depth of

17  Apple's research is important to understanding the trial, including Apple's intent.

18      Apple again proposes ██████████████████████████

19  ██████████████████████  Ex. O at 29-37 ██████████████████

20  ██████████████████████  Although not discussed during the trial, these

21  slides are part of a key exhibit.  These slides provide details into ████████████

22  ██████████████████████████  And, again, Apple does not explain why

23  these pages are somehow more harmful if unsealed than the pages that were published

24  in open court.  Apple again appears to simply redact everything that was not expressly

25  quoted in open court.  That is improper and does not meet the compelling-reasons-to-

26  seal standard.

27      **JTX-0316 and JTX-0317**: These exhibits are emails discussing ██████████

28  ████████████████████████████  that were discussed and published in open court.



Masimo does not oppose Apple's request to redact ███████████████████

███████████████████████ *See* Ex. P at 1 ██████████████████████ *id.*

at 3 █████████████████ However, Apple's redactions go beyond redacting

███████████████ For example, Apple redacts ████████████████████

█████████████████████████████████████████████████████████

███████ Ex. P at 2; *see also id.* at 5 ██████████████████████

█████████████████████████████████ This

information provides context about Apple's motivation to misappropriate Masimo's

trade secrets.

Apple also seeks to redact ██████████████████████████

███████████████████████ Ex. Q at 3.   Project Rover, its goals, and

Hotelling's involvement were repeatedly discussed on the public record. *See, e.g.*, Trial

Tr., Apr. 5, Vol. I at 35:20-36:2; Trial Tr., Apr. 13, Vol. II, at 113:13-19; Trial Tr., Apr.

14, Vol. I at 47:11-50:1, 84:7-95:1, 110:1-111:13, 112:11-114:24; Trial Tr., Apr. 26,

Vol. I at 64:18-65:2.   Apple's redactions do not meet the compelling reasons to seal.

**4.**   <u>**Apple Exhibits On Its Efforts To Recruit Masimo Employees**</u>

Apple argues that the below exhibits should be redacted because they contain

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████ Opp'n at 17-18; Caldbeck Decl., ¶8.   Apple's proposed redactions do not meet

the compelling reasons to seal because Apple fails to show the specific information is

so harmful that it must be sealed.   Indeed, Apple never sought to seal the courtroom

during discussions of its recruitment efforts.   Moreover, Apple's recruitment practices,

particularly its recruitment of Masimo employees, are relevant and instrumental to

understanding the trial.   As explained below, the exhibits should be unsealed.

**JTX-0058 and JTX-0059**: Apple proposes redacting Apple recruiters ███████

███████████████████ Ex. R at 1; Ex. S at 2.   While Masimo does not object to redacting ██



1    ████████████████████ Apple's other redactions are overbroad.  Apple contends

2    that it is confidential that Apple ████████████████████ because that

3    was not referenced at trial.  But this fact is contained within the exhibit, which was

4    shown publicly.  Trial Tr., Apr. 11, Vol I at 16-18; Dkt. 1636, Ex. 1 at 3-7; Trial Tr.,

5    Apr. 26, Vol. I at 65:13-21 (JTX-0058-59). ████████████████████

6    ████████████████ underscores Apple's efforts to hire Masimo employees, a central

7    issue at trial regarding Apple's intent.  Further, the mere fact that ████████████

8    ████████████ is neither surprising nor harmful if unsealed.  Indeed, Apple does not

9    attempt to explain how it would be competitively harmed from this exhibit being

10   unsealed.  Moreover, Apple's redactions go beyond redacting information about ████

11   ████████   For example, ████████████████████████████

12   ████████████████████ Ex. R at 1; Ex. S at 2.  Apple does not explain why

13   such material should be sealed.

14       Apple further attempts to justify its redactions because Masimo's CEO, Joe

15   Kiani, testified that he believes Masimo's trade secrets include the kind of people

16   Masimo looks to hire, the way it evaluates employees, bonuses, and raises, and the way

17   it recruits employees.  Opp'n at 18.  But Masimo's recruiting efforts were not at issue.

18   In contrast, Apple's recruitment, including targeting Masimo, were at issue.  Apple

19   never sought to seal the courtroom during discussions of its recruiting, which

20   contradicts its new argument that its recruitment efforts are confidential or trade secret.

21       **JTX-0165 and JTX-0176**: These exhibits discuss interviews Apple conducted

22   of Masimo employees.  Apple argues its redactions are directed to "Apple's hiring and

23   recruitment   practices, ████████████████████████████

24   ████████████████████████████ Opp'n at 19.  Apple

25   further argues that the documents include ████████████████████

26   ████████████████████ *Id.* at 19.  But Apple's redactions do

27   not meet the compelling-reasons-to-seal standard.

28

-11-

Masimo does not oppose redacting the resume in JTX-0165, which contains personal details.  But Apple proposes redacting information that provides context to Apple's decisions whether to hire Masimo's employees.  For example, Apple redacted ███████████████████████████████████████████████ Ex. T at 1-8. ███████████████████ Apple hired the candidate when Lamego listed the candidate's ability to bring to Apple "immediate experience." Ex. T at 1.  As another example, Apple decided ***not*** to hire a Masimo candidate that refused to provide details on how Masimo chooses it wavelengths, information Masimo considers secret.  Ex. U.  Apple admits that such information is public and it never requested to seal the courtroom.  *See* Opp'n at 19.  But Apple redacts ███████████ ███████████████████████████████████████████ *Id.* Apple does not explain why such information should be sealed based on what was published at trial.  And such information is important for the public to understand Apple's recruitment of Masimo employees and its focus on prior experience and obtaining Masimo's trade secrets.

**JTX-0265**: This exhibit discusses recruiting Lamego and ████████████ ███████████████████████████████████████████████ Apple proposes redactions on ████████████ ██████████████████████████████ Opp'n at 20; Ex. V.  Apple argues that the exhibit contains ███████████████████████████████ ████████████████████████████████████████████ ████████████ Opp'n at 20.  Apple argues that only the very narrow portions of the exhibit that were discussed should be public.  But Apple does not attempt to show why all of the material it redacted should be sealed.  Moreover, the entirety of the exhibit provides information on why Apple hired Lamego, a central issue at trial.  For example, Apple redacts that ████████████████████████████████████████████ ████████ Ex. V at 1.  Apple cannot seriously assert those three words are confidential. Apple also redacts that Apple expected Lamego to ██████████████████████

-12-

1 ████████████████████████████████ Ex. V at 1.  Apple redacts

2 information from a page that was shown publicly.  Trial Tr., Apr. 14, Vol. I at 61:20-

3 64:13; Ex. V at 1.  Jeff Williams's participation in this email chain was publicly

4 discussed.  Trial Tr., Apr. 14, Vol. I at 63:19-23.  Apple's proposed redactions,

5 including ███████████████████████ are overbroad and fail to meet

6 the compelling-reasons-to-seal standard.

7       **JTX-0628 and JTX-0653**: These exhibits discuss ████████████

8 ███████████████████████████████████████ Apple

9 proposes redacting such information, including ████████████████

10 because this "would disclose Apple's approach to determining offers of compensation."

11 Opp'n at 20; Ex. W at 1; Ex. X at 1.  But Apple discussed in open court that it offered

12 Lamego compensation ████████████████ Trial Tr., Apr. 13, Vol. II, at

13 129:16-130:4.  Moreover, this exhibit, including Apple's proposed redactions, were

14 shown publicly.  Dkt. 1636, Ex. 1 at 216:8-217:1 (discussing putting together a proposal

15 for Lamego); *id.* at 221:11-224:6.  Apple cannot justify sealing a compensation offer to

16 Lamego that has already been publicly displayed and discussed. Apple's redactions are

17 contrary to the strong presumption of public interest on key issues at trial.

18 **III.  THE COURT SHOULD NOT DENY MASIMO'S APPLICATION**

19 **ON PROCEDURAL GROUNDS**

20 **A.  Masimo Followed The Court's Instruction To Submit An "Application"**

21       Apple argues Masimo improperly filed its request as an application instead of a

22 regularly noticed motion.  Opp'n at 1.  But the Court's Order calls for an "application"

23 by stating it was "subject to reconsideration upon *application* of any interested party,

24 including members of the public."  Dkt. No. 1688 at 2 (emphasis added).  The Local

25 Rules do not contain rules directed to unsealing information that another party

26 incorrectly sealed.  Based on the Court's reference to an "application," Masimo believed

27 the Court was suggesting an  application analogous to an application to seal under Local

28

Rule 79-5.  Thus, Masimo followed the same procedure that Apple followed with the underlying application to seal pursuant to Local Rule 79-5.

**B.**   <u>**Apple's Meet And Confer Argument Lacks Merit**</u>

Apple argues the Court should deny Masimo's Application because Masimo failed to meet and confer or provide notice to Apple that it would seek to unseal certain exhibits.  Opp'n at 5.  But Apple did not meet and confer on its application to seal so that it could "inform[] the court whether anyone opposes the Application" as required by the Local Rules.  *See* L.R. 79-5.2.2(a)(i)(2).   Instead, Apple filed its application to seal while the jury was deliberating without meeting with Masimo.  Had Apple met and conferred, Masimo would have informed Apple that it opposed the request.  Apple would have had to tell the Court that Masimo opposed and the Court presumably would not have entered an order before Masimo had a chance to oppose.  Masimo does not ask to unseal Apple's exhibits for failure to meet and confer, but nothing justifies Apple's approach of imposing a meet-and-confer requirement on Masimo only.

Moreover,  a failure to meet and confer "does not automatically require the denial of a party's motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Bolanos v. Costco Wholesale Corp.*, No. 2020 WL 13304058, at * (C.D. Cal. Nov. 10, 2020).   Here, Apple claims it was prejudiced because it now has to spend time applying the correct standard and only sealing what is necessary. Opp'n at 5.  But Apple should have done so in its original application.   Requiring Apple to do what it should have done originally cannot constitute prejudice.  Further, Masimo alleviated any supposed prejudice by agreeing to Apple's request to extend the briefing schedule and hear Masimo's application on July 24.  Dkt. No. 1780.

Apple argues Masimo did not meet and confer with Apple in good faith before Apple's opposition.  Opp'n at 4.  Apple is wrong.  On June 5, Masimo agreed to give Apple over three weeks to oppose and asked if Apple believed a meet and confer would be helpful. Ex. Y at 4.  Apple waited until June 21—just days before its opposition was

due—to request a meet and confer. *Id.* at 3-4. Apple provided its proposal on June 22 and the parties met and conferred on June 23—just one business day before Apple's opposition was due. *Id.* at 2-3. Masimo informed Apple that its proposal did not comply with the compelling-reasons-to-seal standard. *Id.* at 2. Masimo explained that Apple redacted information that was not confidential and/or discussed in open court, providing examples of presentations and emails. *Id.* Masimo stated it remained open to a good faith proposal by Apple. *Id.* Apple refused and demanded that ***Masimo*** redact all of Apple's exhibits. *Id.* at 1. Apple's request was nothing more than an attempt to shift its burden onto Masimo. Apple—not Masimo—needed to review its exhibits and seal only what was necessary.[1]

## C.   The Court Should Not Deny Masimo's Application Under The Reconsideration Standard

Apple further argues Masimo's Application does not meet the standard for reconsideration. Opp'n at 5-7. As explained above, the Order did not call for a formal "motion" for reconsideration. *See* Dkt. No. 1688 at 2. The reconsideration standards should not apply where Masimo never had a chance to oppose in the first place. Regardless, Masimo's application meets the standard.

### 1.   Masimo's Application Meets The Reconsideration Standard Because The Order Did Not Consider Material Facts

Under Local Rule 7-18(c), a court may grant a motion for reconsideration for several reasons:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the

---

[1] Masimo did precisely that by carefully reviewing its trial exhibits and filing a narrow request to seal, which Apple did not oppose. Dkt. No. 1768, 1769.

Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.

Apple filed its application right after the parties' closing arguments and while the jury was deliberating without any meet and confer with Masimo.  Dkt. 1677, 1678. Apple requested to seal over 180 exhibits by representing that the exhibits were all confidential.  *Id.*  The Court granted Apple's application the next day before Masimo could oppose, but invited an application to challenge the order if it was overbroad. Dkt. 1688.  Masimo's application to unseal demonstrates that Apple's representation was false.  Indeed, Apple's Opposition does not address more than half of the exhibits Masimo seeks to unseal and proposes redactions for all but one of the remaining exhibits.

Apple faults Masimo because Masimo "failed to oppose Apple's application to seal."  Opp'n at 6.  But Masimo never had a chance to do so because Apple failed to meet with Masimo and inform the Court that Masimo opposed.  As a result, the Court accepted Apple's representations as true and granted Apple's application the next day. Apple thus prevented Masimo from raising material facts and prevented the Court from considering them.  The Court can and should consider such facts now.

### 2.   <u>Masimo Is Not Required To Show Good Cause</u>

Apple also argues that Masimo must show "good cause" because it filed its Application about one month after the Order issued.  Opp'n at 5-6.  But there is no time limit to challenge the sealing of trial proceedings.  In fact, the Ninth Circuit has ordered dispositive court records to be unsealed even though the challenge to unseal was filed many months after the materials were sealed.  *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1128, 1139 (9th Cir. 2003) (ordering district court to release sealed records where the challenge to unseal was filed six months after the sealing); *see also California v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1113-1114, 1126 (C.D. Cal. 2005) (ordering summary judgment records to be unsealed where the challenge to unseal was

filed three months after the sealing); *Stewart v. Hartford Life & Accident Ins. Co.*, 2021 WL 1821015, at *1-3 (N.D. Cal. May 6, 2021) (ordering exhibits in support of motions to be unsealed after the plaintiff requested the documents be unsealed almost a year later). Imposing a time limit to unseal court records is inconsistent with the public's interest in understanding judicial proceedings.

Even if Masimo was required to show good cause, good cause is present. Apple sought to seal over 180 exhibits. Masimo carefully reviewed these exhibits in view of the three-week trial record and the compelling-reasons-to-seal standard. This careful analysis took time. In fact, Apple requested over three weeks to prepare its opposition to Masimo's motion on just 56 exhibits. And Apple's Opposition addressed just 24 of those exhibits. Apple's own actions demonstrate that a careful analysis of the compelling-reasons-to-seal standard takes more than a few days, and is something Apple did not due before representing to the Court that they should all be sealed in their entirety. Dkt. 1780. To the extent it is required, Masimo has good cause for Masimo filing its Application.

## IV.  <u>CONCLUSION</u>

The public has a strong interest in understanding trial. Viewing the admitted evidence, particularly evidence discussed and displayed in open court, is a central component to understanding that trial. Apple's proposed redactions are grossly overbroad and prevent the public from being able to understand trial. The Court should reject Apple's redactions and grant Masimo's application to unseal.

/ / /

/ / /

-17-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 10, 2023                    By: /s/ Kendall M. Loebbaka
                                            Joseph R. Re
                                            Stephen C. Jensen
                                            Sheila N. Swaroop
                                            Brian C. Horne
                                            Irfan A. Lateef
                                            Benjamin A. Katzenellenbogen
                                            Brian C. Claassen
                                            Stephen W. Larson
                                            Mark D. Kachner
                                            Adam B. Powell
                                            Kendall M. Loebbaka
                                            Daniel P. Hughes

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.

-18-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 5,666 words, which [choose one]:

<u>X</u> complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 10, 2023                By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57843061

-19-