Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)           Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                     brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)          Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                   mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**     **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                   1925 Century Park East, Suite 600
San Diego, CA 92130                        Los Angeles, CA 90067
Phone: (858) 707-4000                      Phone: (310) 551-3450
Fax: (858) 707-4001                        Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **PLAINTIFFS' REPLY TO ITS MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(b)** <br><br> Hearing: July 24, 2023 <br> Time: 1:30 pm <br> CTRM: 10C <br><br> Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT ..........................................................................................2

     A.    No Reasonable Jury Could Find A Reasonable Investigation Before 2017 Would Have Revealed Facts Sufficient To Bring Suit........................................................................................................2

          1.    Apple's Legal Arguments Are Irrelevant And Lack Merit ........2

          2.    Nothing Suggests Masimo Could Have Learned Facts Sufficient To Bring Suit Before 2017...........................................4

     B.    No Reasonable Jury Could Find Masimo Had Reason To Suspect Trade Secret Misappropriation Already Occurred Before 2017 ...............................................................................................7

     C.    Apple's Other Arguments Lack Merit .................................................9

          1.    Masimo Preserved Its Arguments In Its Rule 50(a) Motion.......................................................................................10

          2.    The Statute Of Limitations Does Not Run For *All* Trade Secrets ....................................................................................11

III.  CONCLUSION .......................................................................................12

1

# TABLE OF AUTHORITIES

2

**Page No(s).**

3

*Cypress Semiconductor Corp. v. Superior Ct.*,
  163 Cal. App. 4th 575 (2008) ...................................................................... 4

4

*E.E.O.C. v. Go Daddy Software, Inc.*,
  581 F.3d 951 (9th Cir. 2009) ...................................................................... 11

5

6

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797 (2005) ............................................................................ 3, 4

7

8

*Hays v. VDF Futurecauticals, Inc.*,
  2016 WL 5660395 (D. HI Sept. 28, 2006) ................................................. 10

9

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010) .................................................................... 11

10

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103 (1988) ................................................................................ 3

11

12

*Lakeside–Scott v. Multnomah Cnty.*,
  556 F.3d 797 (9th Cir. 2009) ........................................................................ 8

13

14

*MedioStream, Inc. v. Microsoft Corp.*,
  869 F. Supp. 2d 1095 (N.D. Cal. 2012) ...................................................... 11

15

*New Hampshire v. Maine*,
  532 U.S. 742, 749 (2001) ............................................................................. 7

16

17

*Reeves v. Teuscher*,
  881 F.2d 1495 (9th Cir. 1989) .................................................................... 10

18

19

*Whyte v. Schlage Lock Co.*,
  101 Cal. App. 4th 1443 (Cal. Ct. App. 2002) .......................................... 5, 6

20

# OTHER AUTHORITIES

21

Fed. R. Civ. P. 11 .............................................................................. *passim*

22

Fed. R. Civ. P. 50 .............................................................................. 10, 11

23

24

25

26

27

28

# I.  <u>INTRODUCTION</u>

Apple concedes that the statute of limitations does not begin to run until ***both*** (1) the plaintiff knew or had reason to suspect a trade secret had already been misappropriated ***and*** (2) a reasonable investigation would have revealed facts sufficient to justify bringing suit. *See* Opp. at 10-11 (quoting Dkt. 606 at 3).  But Apple addresses the evidence together without tying it to either element. *See id.* at 10-17.  The evidence shows a reasonable jury could not find for Apple on either element.

The lack of evidence supporting Apple on the "reasonable investigation" element is particularly glaring.  Apple argues Masimo had a duty to "go find the facts" necessary to bring suit.  But Apple identifies ***no*** facts Masimo could have found that would have given Masimo a Rule 11 basis to sue before January 2017 (three years before Masimo filed suit).  To the contrary, the undisputed evidence demonstrates the facts necessary to sue on ***any*** asserted trade secret were not available until September 2018 or later. This alone is fatal to Apple's defense.

The jury likewise did not have sufficient evidence to find in Apple's favor on the "reason to suspect" element.  Apple relies extensively on Masimo's routine 2014 warning letter.  Even if Apple's inaccurate characterizations of the letter were true, the letter still does not show Masimo had reason to suspect Apple had already misappropriated any particular trade secret.  At most, the letter shows a Masimo was taking reasonable steps to protect its trade secrets by warning Apple against misappropriating trade secrets in the future.  The undisputed evidence demonstrates that Masimo did not have reason to suspect Apple misappropriated any particular trade secret more than three years before filing suit.  This provides a second basis to grant judgment on Apple's defense.

Lacking any supporting facts, Apple resorts to procedural and legal arguments. None have merit.  The evidence is simply insufficient for a jury to find in Apple's favor on Apple's statute-of-limitations defense.  Accordingly, the Court should grant judgment as a matter of law.

## II. **ARGUMENT**

**A.     No Reasonable Jury Could Find A Reasonable Investigation Before 2017 Would Have Revealed Facts Sufficient To Bring Suit**

In its Motion, Masimo identified undisputed evidence showing it could not have discovered facts sufficient to sue on any asserted trade secret before 2017.  The earliest Masimo could have learned facts sufficient to sue on D1, D3, or D10 was ████████  ████████████████████████████████████  The earliest Masimo could have learned facts sufficient to sue on L4 was September 2018 when Apple released the Series 4 watch.  JTX-3166; Trial Tr. Day 7, Vol. 2 at 13:16-25 (Madisetti).  Finally, Masimo could not have learned facts sufficient to sue on L5 until obtaining discovery in this case because Masimo learned of Apple's misappropriation of L5 only through internal Apple documents.  Dkt. 650 & 669; JTX-181, JTX-184, JTX-185, JTX-541; Trial Tr. Day 7, Vol. 2 at 28:21-29:12.

Apple disputes none of these facts and identifies no facts Masimo could have discovered before January 2017 that would have been sufficient to justify suit.  Instead, Apple raises legal arguments and cites irrelevant evidence.

### 1.     **Apple's Legal Arguments Are Irrelevant And Lack Merit**

Apple's lead argument is that the statute of limitations runs on "***all*** related alleged trade secrets as soon as Plaintiffs could have discovered that Apple misappropriated ***a single one***." Opp. at 7.[1]  That is a red herring.  It does not matter whether the statute of limitations runs on each trade secret separately or all related trade secrets together because Masimo could not have learned facts sufficient to bring suit as to ***any*** trade secret before 2017.  Thus, the Court need not resolve this legal question.  Regardless, for completeness, Masimo addresses Apple's arguments in Section II.C below.

Apple next advances a strawman by claiming Masimo is asserting the statute of limitations does not run until a plaintiff has access to "granular" information and

---

[1] All emphasis in quotations is added unless noted otherwise.

"definitive knowledge" of misappropriation.  Opp. at 15-16.  Masimo has never asserted such "definitive knowledge" is required.  Instead, Masimo quoted the Court's holding that the statute of limitations does not run until "a reasonable investigation would produce facts sufficient to confirm this suspicion (*and justify bringing suit*)…."  Mot. at 2 (quoting Dkt. 60 at 5 & Dkt. 606 at 3).  As the Court explained:

> a mere suspicion that misappropriation may or may not have occurred provides an insufficient basis under Rule 11 to file suit.  Although definitive knowledge is not required, absent actual injury, being suspicious of circumstances and watching for signs of misappropriation (or lack thereof) does not provide such a basis.

Dkt. 606 at 7.

Without taking a clear position, Apple appears to suggest the statute begins running before a plaintiff could discover a Rule 11 basis for suit.  For example, Apple argues "a plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery."  Opp. at 16 (citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988)).  It is true that a plaintiff need not have definitive evidence necessary to "establish" the claim at trial before filing suit.  But *Jolly* never suggested the statute begins to run before the plaintiff has a Rule 11 basis for suit.

As the California Supreme Court explained, "*Jolly* and [another case] presuppose a situation in which the factual basis for a claim was reasonably discoverable through diligent investigation."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 814-815 (2005).  Those are not the facts here.  The *Fox* decision explained that "[i]t would be contrary to public policy to require plaintiffs to file a lawsuit 'at a time when the evidence available to them failed to indicate a cause of action.'"  *Id.*  That would expose plaintiffs to "sanctions for filing a cause of action without any factual support" and subject them to challenges "for failure to specify supporting facts."  *Id.*

Apple argues *Fox* "requires only" that a plaintiff "reasonably suspects that the cause of action is a meritorious one" and can plead "supporting facts."  Opp. at 17.  Apple's quotation is incomplete.  The full sentence states: "Indeed, it would be difficult

to describe a cause of action filed by a plaintiff, before that plaintiff reasonably suspects that the cause of action is a meritorious one, as anything but frivolous." 35 Cal. 4th at 815. Nothing in *Fox* suggested the statute runs before the plaintiff could have a Rule 11 basis for filing suit. To the contrary, Apple's quotation directly follows the portion of *Fox* that Masimo quoted above.

Apple reliance on *Cypress Semiconductor Corp. v. Superior Ct.*, 163 Cal. App. 4th 575, 586 (2008), is also misplaced. Mot. at 16. *Cypress* is a California Court of Appeal decision that cannot overrule the California Supreme Court's decision in *Fox*. Moreover, *Cypress* explained that a plaintiff need not have enough facts to "unassailably" establish every element of the claim, including the defendant's mental state. 163 Cal. App. 4th at 586. Cypress never suggested the statute runs before the plaintiff could have learned facts sufficient to bring suit.

The law is clear: the statute of limitations does not begin running until the plaintiff could reasonably discover sufficient facts to have a Rule 11 basis for suit. Dkt. 606 at 3, 7; *Fox*, 35 Cal. 4th at 815. As explained below, the record shows Masimo could not have discovered such facts until September 2018 at the earliest.

## 2. <u>Nothing Suggests Masimo Could Have Learned Facts Sufficient To Bring Suit Before 2017</u>

Apple argues that, by March 2016, Masimo had "incentive to sue" and had to "go find the facts" necessary to bring suit. Opp. at 12. But Apple identifies no "facts" that Masimo could "go find" before 2017. Indeed, Apple still fails to cite any public information available before 2017 that would have been sufficient to bring suit as to ***any*** trade secret. Instead, Apple relies on evidence that even Apple admits does ***not*** provide a basis to bring suit.

***First***, Apple argues Masimo's 2014 letter shows Masimo suspected Apple was "attempting" to obtain Masimo's trade secrets. Opp. at 11. But Apple never suggests the 2014 letter somehow shows Masimo had a Rule 11 basis to bring suit. To the contrary, Apple admits Masimo could ***not*** have brought suit based on the 2014 letter.

Opp. at 15 (arguing that filing suit based on the 2014 letter would have improperly relied on the "inevitable disclosure" doctrine).

*Second*, Apple argues Kiani knew Lamego was asked to work on "competitive" projects.  Opp. at 11 (citing 4/5 PM Tr. 49:11-50:11).  But Apple cites evidence that Kiani was told Lamego left Apple to *avoid* working on competitive projects.  *See* 4/5 PM Tr. 49:11-50:11.  Regardless, Apple itself has argued a plaintiff cannot bring suit by alleging "a former employee inevitably will disclose general information learned during his former employment."  Dkt. 38-1 at 19 (citing *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1463 (Cal. Ct. App. 2002)).  Thus, evidence concerning Lamego's work on "competitive" projects did not provide a Rule 11 basis for suit.

*Third*, Apple argues Masimo knew Apple released the Series 0-2 watches in 2015-2016.  Opp. at 11, n.3.  But Apple does not attempt to argue the Series 0-2 watches somehow provided a basis for Masimo to bring suit.  To the contrary, Apple does not dispute that only the Series 4 (released in September 2018) and later watches provided a basis to bring suit.  *See* Mot. at 5 (citing JTX-3166).  Thus, Apple's release of the Series 0-2 watches did not provide a Rule 11 basis for suit.

*Fourth*, Apple argues Masimo "could have confirmed" from a 2016 patent publication that Lamego performed the "type of work" that Masimo's warning letter asserted would "necessarily" implicate trade secrets.  Opp. at 11.  Apple identifies nothing in that publication that would have provided a Rule 11 basis to bring suit as to any trade secret.  In fact, both parties agree the patent publication does *not* contain any of Masimo's trade secrets.  The publication at most shows Lamego was working in a related field, which Apple itself concedes is insufficient to bring suit because such an allegation would rely on inevitable disclosure.  Dkt. 38-1 at 19 (citing *Whyte*, 101 Cal. App. 4th at 1463).

*Fifth*, Apple argues its "silence" after the parties meeting should have informed Masimo that the "hoped-for joint development proposal or acquisition offer was not forthcoming."  Opp. at 11.  Apple argues this "matters" because Masimo's only theory

-5-

of "harm" from Apple's misappropriation was the loss of a business deal. *Id.* Apple does not explain how its silence somehow shows an investigation before 2017 would have revealed facts sufficient to bring suit on any trade secret. Apple's decision not to pursue a business deal did not provide any facts that Masimo could have relied on to sue Apple for misappropriation of any particular trade secret.

Indeed, Apple does not attempt to show ***any*** evidence would have provided a basis for suit. Apple instead suggests that Masimo should have sued anyway because it sent a letter stating that Apple employing Lamego in a related field would "necessarily" result in Apple using trade secrets. *See* Opp. at 16 (arguing the date Apple published Masimo's trade secrets is "irrelevant" because Masimo knew of "Dr. Lamego's work" in general). But Apple agrees that filing suit based on the assertion that a trade secret was "necessarily" disclosed would improperly rely on the inevitable disclosure doctrine. Dkt. 38-1 at 19 (citing *Whyte*, 101 Cal. App. 4th at 1463).

Moreover, Apple has successfully argued in this case that Rule 11 requires a plaintiff to have enough facts to allege misappropriation of ***particular*** trade secrets. Among other things, Apple's motions to dismiss argued:

- a plaintiff must be able to identify in its pleading the "particular trade secrets [the plaintiff] has a basis to believe actually were misappropriated" (Dkt. 49 at 18 (quotation omitted));

- Masimo had to "identify [its] alleged secrets in the Apple Watch and in Apple's public patent filings" to have "a basis to plead that Apple misappropriated" trade secrets (Dkt. 103-1 at 13);

- pleading a "valid trade secret claim" required Masimo to identify "by line and page number in [its] pleading where [its] purported trade secrets appear in Apple's patents or applications" (*id.* at 15); and

- identifying "similarities in product design and conduct by Apple" was insufficient to plead a viable claim. Dkt. 237-1 at 20.

The Court agreed with Apple and dismissed some trade secrets on the ground that Masimo did not specifically identify how Apple misappropriated them.  Dkt. 264 at 13.  Having succeeded in requiring Masimo to plead how Apple misappropriated each specific trade secret, Apple cannot now argue a plaintiff could bring suit before such information is available.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase").

Accordingly, the record demonstrates the earliest Masimo could have possibly learned facts sufficient to bring suit was when Apple released the Series 4 Apple Watch in September 2018, which is well within the three-year statute of limitations.   No reasonable jury could find otherwise.  This alone mandates judgment as a matter of law on Apple's statute-of-limitations defense.

**B.**   **No Reasonable Jury Could Find Masimo Had Reason To Suspect Trade Secret Misappropriation Already Occurred Before 2017**

Masimo's Motion identified evidence showing Masimo had no reason to suspect misappropriation already occurred before 2017.   Among other things, the evidence showed (1) Lamego was required to maintain Masimo's information as confidential, (2) Lamego assured Kiani he would protect Masimo's information, (3) another former Cercacor employee assured Kiani at the time (falsely) that Lamego was protecting Masimo's information, and (4) Masimo did not actually learn of Apple's misappropriation until October 2019.  Mot. at 3-4.  Masimo also showed it had no reason to suspect misappropriation of any asserted trade secret until 2018 or 2019.  *Id.* at 4-5.

Apple makes little attempt to address this evidence.   Instead, Apple argues Masimo was precluded from relying on Kiani's testimony that he did not know of Apple's misappropriation until October 2019. Opp. at 12-13.  Not so.  The Court merely cautioned it would be "imprudent" to revisit testimony "that Masimo relied on its lawyers in filing this lawsuit" (Trial Tr. Day 7, Vol. 1 at 16:6-13), which Masimo carefully did not do.  The Court did not address Kiani's testimony about what Dalvi told

1  him or ███████████████████████ Kiani's testimony regarding the facts known

2  to Masimo stands unrebutted.

3         Apple argues Kiani's testimony "speaks only to his own personal knowledge" and

4  speculates that others at the company **may** have additional knowledge.  Opp. at 13.  As

5  Masimo explained, the record contains nothing to suggest anyone else at the company

6  actually had earlier knowledge of Apple's misappropriation.   Apple responds by

7  accusing Masimo of "improper burden shifting."  Opp. at 13.  But Masimo met its burden

8  by presenting evidence that it did not learn about Apple's misappropriation until October

9  2019.  Trial Tr. Day 2, Vol. 2 at 50:12-19 (Kiani); Trial Tr. Day 3, Vol. 1 at 61:22-62:11

10  (Kiani).  Just because Masimo bears the ultimate burden of proof does not mean Apple

11  can defeat JMOL by speculating about evidence not in the record.  *See Lakeside–Scott*

12  *v. Multnomah Cnty.*, 556 F.3d 797, 808 (9th Cir. 2009) (rejecting non-movant's

13  argument against JMOL because it "would be pure speculation").  Masimo's opening

14  brief made this argument and cited *Lakeside*.  Mot. at 6.  Apple has no response.

15         Apple argues "someone at Masimo" was aware of the '052 Patent when Masimo

16  filed an Information Disclosure Statement ("IDS") in December 2018.  Opp. at 13.  The

17  IDS is a red herring because it is dated in December 2018—just thirteen months before

18  suit and well within the statute of limitations.[2]  The IDS is further irrelevant because

19  outside counsel—not "someone at Masimo"—filed it.   Trial Tr. Day 3, Vol. 1 at

20  97:14-98:8 (Kiani).  Apple cites no evidence showing that Masimo would have been

21  aware of every document, much less the content of every document, listed in a lengthy

22  IDS filed by outside counsel.  Regardless, neither Masimo nor Apple contends the

23  '052 Patent discloses **any** of the asserted trade secrets.

24

25

26  _____
[2] Apple argues others may have known about the '052 Patent in October 2018.  Opp. at

27  13.  Apple improperly relies on evidence not before the jury.  *Id.* (citing Dkt. 1582-1 at
13-14).  Regardless, October 2018 is just fifteen months before Masimo filed suit and

28  still well within the statute of limitations.

Apple argues the January 2014 letter is relevant because Masimo had a duty to investigate and is "charged with knowledge" of information that "would have been revealed by such an investigation." Opp. at 14. As discussed, however, Apple identifies no facts that "would have been revealed," much less facts sufficient to bring suit. *See supra* Section II.A.2. Apple argues the "only reasonable inference" is that Masimo "remained suspicious" after the 2014 letter. Opp. at 14-15. But Apple does not attempt to explain ***what*** Masimo "remained suspicious" about. Neither the 2014 letter nor any other evidence suggests Masimo had reason to suspect misappropriation of ***any*** asserted trade secret before 2017. As the Court explained, "being suspicious of circumstances and watching for signs of misappropriation" is insufficient to show Masimo should have filed suit earlier. *See* Dkt. 606 at 7.[3]

Accordingly, the record demonstrates that Masimo had no reason to suspect Apple already misappropriated any asserted trade secret before 2017. To the contrary, the undisputed evidence demonstrates that Masimo did not have reason to suspect misappropriation until 2019 when it learned that ███████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ No reasonable jury could find otherwise. This provides a second independent basis to grant judgment as a matter of law on Apple's statute-of-limitations defense.

**C.   Apple's Other Arguments Lack Merit**

Apple's other arguments are tangential at best. Nevertheless, Masimo addresses them below for completeness.

---

[3] Apple faults Masimo for not following up when Lamego left Apple. Opp. at 4. But Apple identifies no evidence suggesting Apple would have suddenly confessed if Masimo wrote another letter. Regardless, the evidence showed Masimo reasonably believed Lamego left to ***avoid*** competing against Masimo. 4/5 PM Tr. 49:11-50:11.

1  |  **1.**     <u>**Masimo Preserved Its Arguments In Its Rule 50(a) Motion**</u>

Apple argues Masimo's Rule 50(a) motion "made no mention" of (1) Masimo's argument that the statute of limitations runs separately for each trade secret and (2) Masimo's supposed argument that the statute of limitations is "only triggered once granular facts are available" to "prove" misappropriation. Opp. at 1, 7, 15. As discussed, the Court need not resolve Apple's first argument because Masimo could not have learned facts sufficient to sue on *any* trade secret. *Supra* Section IIA.1. Apple's second argument is irrelevant because Masimo never asserted such facts are required. *Id.*

Apple's arguments are also wrong. As to Apple's first argument, Masimo's Rule 50(a) motion argued Apple introduced "[no] evidence tying its statute-of-limitations defense to any particular trade secret." Dkt. 1657 at 6. Masimo's opposition to Apple's Rule 50(a) motion provided more detail. Dkt. 1703 at 21-22. And Masimo addressed this issue in briefing the jury instructions and verdict form, which resulted in the Court issuing a verdict form that addressed the defense for each trade secret separately. Dkt. 1719 at 4. The Ninth Circuit held that even "an ambiguous or inartfully made motion for a directed verdict or an objection to a jury instruction for sufficient evidence" is sufficient. *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989). Masimo preserved its argument that the statute of limitations runs separately for each trade secret.[4]

As to Apple's second argument, Masimo's Rule 50(a) motion argued the statute of limitations does not run until both "there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit)." Dkt. 1657 at 2 (quoting *Hays v. VDF Futureceuticals, Inc.*, 2016 WL 5660395, at *3 (D. HI Sept. 28, 2006)). Masimo argued "no investigation would have revealed facts sufficient to bring a claim for

---

[4] Apple claims Masimo waived its argument by using the phrase "reason to suspect that *a* trade secret has been misappropriated." Opp. at 7-8. Apple omits that Masimo was quoting a case. Dkt. 1657 at 2 (quoting *Hays*). Apple's argument also makes no sense. The quote refers to a reason to suspect misappropriation of "a" particular trade secret— not a reason to suspect misappropriation of "any" trade secret.

misappropriation that satisfies Rule 11." *Id.* at 6.  Masimo's opposition to Apple's motion argued "[t]he record includes no evidence that Masimo could have learned facts sufficient to bring suit before 2017." Dkt. 1703 at 24.  Masimo argued "Apple points to no public disclosure of Masimo's trade secrets" so "no investigation would have revealed facts sufficient to justify bringing suit." *Id.*

Apple cites no case barring a Rule 50(b) motion in circumstances remotely similar to this case.  Instead, Apple cites a patent case holding that a Rule 50(a) motion on anticipation and one piece of prior art did not preserve the right to move on obviousness and different prior art.  *I4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 845 (Fed. Cir. 2010).  And Apple's other cited case actually held a Rule 50(b) motion *can* raise issues that are the "logical extension" of the party's Rule 50(a) motion.  *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009).  Masimo preserved its challenge to Apple's statute-of-limitations defense.

### 2.      The Statute Of Limitations Does Not Run For *All* Trade Secrets

Apple argues the statute of limitations runs for "*all* purported trade secrets as soon as Plaintiffs were on notice of a single act of supposed misappropriation."  Opp. at 7.  Apple cites no authority to support such a rule.  Indeed, Apple later inconsistently admits the statute of limitations runs together only for "related" trade secrets.  *Id.* (citing *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1110 (N.D. Cal. 2012)).

Apple argues the "technical trade secrets" (*i.e.*, D1, D3, D10, L4, and L5) are "related" because they "concern similar technology developed for use in similar products."  Opp. at 9.  Apple cites no case holding that trade secrets are sufficiently related for purposes of the statute of limitations if they concern "similar technology developed for use in similar products."  *See id.*  Indeed, Apple does not attempt to explain why ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are so related that a single statute of limitations applies.  Apple

/ / /

/ / /

-11-

1    also does not argue the technical trade secrets are somehow related to the business trade

2    secrets.  *See* Opp. at 9-10 (arguing only the "technical trade secrets" are related).[5]

3         Regardless, Apple's argument is academic.  As discussed, the evidence shows

4    Masimo could not have learned facts sufficient to bring suit as to ***any*** asserted trade

5    secret more than three years before filing suit.  *See supra* Section II.A.  Thus, the Court

6    can grant this Motion without having to decide whether the asserted technical trade

7    secrets are "related" for statute-of-limitations purposes.

### III.  CONCLUSION

9         Accordingly, Masimo respectfully requests the Court enter judgment as a matter

10   of law on Apple's statute-of-limitations defense.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 10, 2023_____          By: */s/ Adam B. Powell*_____
                                             Joseph R. Re
                                             Stephen C. Jensen
                                             Sheila N. Swaroop
                                             Brian C. Horne
                                             Irfan A. Lateef
                                             Benjamin A. Katzenellenbogen
                                             Brian C. Claassen
                                             Stephen W. Larson
                                             Mark D. Kachner
                                             Adam B. Powell
                                             Kendall M. Loebbaka
                                             Daniel P. Hughes

                                             Attorneys for Plaintiffs
                                             MASIMO CORPORATION and
                                             CERCACOR LABORATORIES, INC.

---

[5] Apple's only reference to the business trade secrets is a footnote arguing the 2014 letter mentioned O'Reilly and Masimo supposedly knew O'Reilly kept his notebooks.  Opp. at 4, n.2.  Apple does not argue the business trade secrets are related to the technical trade secrets.  Nor does Apple cite evidence suggesting Masimo knew O'Reilly's notebooks contained Masimo's trade secrets or that he disclosed them to Apple.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 3,970 words, which [choose one]:

X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  July 10, 2023                By: /s/ Adam B. Powell
                                     Joseph R. Re
                                     Stephen C. Jensen
                                     Sheila N. Swaroop
                                     Brian C. Horne
                                     Irfan A. Lateef
                                     Benjamin A. Katzenellenbogen
                                     Brian C. Claassen
                                     Stephen W. Larson
                                     Mark D. Kachner
                                     Adam B. Powell
                                     Kendall M. Loebbaka
                                     Daniel P. Hughes

                                     Attorneys for Plaintiffs
                                     MASIMO CORPORATION and
                                     CERCACOR LABORATORIES, INC.

57843181