Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT REGARDING APPLE'S DEFENSES UNDER FED. R. CIV. P. 52**<br><br>Hearing: July 24, 2023<br>Time: 1:30 pm<br>CTRM: 10C<br><br>Hon. James V. Selna |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ...................................................................................................1

II. APPLE'S DEFENSES ARE PROCEDURALLY IMPROPER ..........................2

    A. Laches Is Not Available As A Defense To Trade Secret Misappropriation .................................................................................2

    B. Apple Ignores Part Of The Court's Rule 50(a) Order..........................4

    C. Apple Relies On Undisclosed Theories ................................................5

    D. The Seventh Amendment Precludes A Finding In Favor Of Apple ......................................................................................................5

        1. Apple Admits Common Factual Issues Exist .............................6

        2. The Court Cannot Enter Judgment In Favor Of Apple At This Time .....................................................................................6

        3. The Court Can Enter Judgment In Favor Of Masimo ................7

III. APPLE FAILED TO PROVE ITS LACHES AND WAIVER DEFENSES ...............................................................................................................8

    A. Apple Failed To Prove Laches ..............................................................8

        1. Apple Did Not Establish Acquiescence .....................................8

        2. Apple Did Not Establish Prejudice .............................................8

        3. Apple Did Not Establish Undue Delay ....................................10

    B. Apple Failed To Prove Waiver ...........................................................11

    C. Apple Did Not Prove Its Other Defenses ...........................................11

        1. Intervening Acts and Failure to Mitigate .................................11

        2. Readily Ascertainable ...............................................................12

        3. Unclean Hands ..........................................................................12

        4. Conference of Counsel .............................................................13

IV. CONCLUSION ...................................................................................................14

# TABLE OF AUTHORITIES

Page No(s).

### CASES

*Agfa Corp. v. Creo Prods. Inc.*,
 451 F.3d 1366 (Fed. Cir. 2006) .................................................................. 5

*Beacon Theatres, Inc. v. Westover*,
 359 U.S. 500 (1959) .............................................................................. 1, 5

*Blaser v. State Teachers' Ret. Sys.*,
 86 Cal. App. 5th 507 (2022), *review denied* (Mar. 15, 2023) .............. 3, 4

*Boys Club of San Fernando Valley, Inc. v. Fid. & Deposit Co.*,
 6 Cal. App. 4th 1266 (1992) .................................................................. 11

*Cnty. of Oneida v. Oneida Indian Nation of N.Y.*,
 470 U.S. 226 (1985) ................................................................................. 3

*Connolly v. Trabue*,
 204 Cal. App. 4th 1154 (2012) ................................................................ 3

*Dairy Queen, Inc. v. Wood*,
 369 U.S. 469 (1962) ................................................................................. 6

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
 890 F.2d 165 (9th Cir. 1989) ................................................................... 6

*Floyd v. Laws,*
 929 F.2d 1390 (9th Cir.1991) .................................................................. 7

*Granite State Ins. Co. v. Smart Modular Techs., Inc.*,
 76 F.3d 1023 (9th Cir. 1996) ................................................................... 5

*In re Tech. Licensing Corp.*,
 423 F.3d 1286 (Fed. Cir. 2005) ............................................................... 5

*Johnson v. City of Loma Linda*,
 24 Cal. 4th 61 (2000) ........................................................................ 8, 10

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
 198 F. Supp. 3d 1089 (C.D. Cal. 2016) .................................................. 7

*Kay v. Kay*,
 188 Cal. App. 2d 214 (1961) ................................................................. 11

*Los Angeles Police Protective League v. Gates*,
 995 F.2d 1469 (9th Cir. 1993) ................................................................. 7

# TABLE OF AUTHORITIES
### (*cont'd*)

Page No(s).

*Marlo v. United Parcel Serv., Inc.*,
  2009 WL 10669254 (C.D. Cal. July 1, 2009) ..................................................... 7

*Masimo Corp. v. True Wearables, Inc.*,
  2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) ..................................................... 3

*Mattel, Inc. v. MGA Ent., Inc.*,
  782 F. Supp. 2d 911 (C.D. Cal. 2011) ................................................................. 3

*Miller v. Fairchild Indus.*,
  885 F.2d 498 (9th Cir. 1989) ............................................................................... 7

*Pac. Hills Homeowners Assn. v. Prun*,
  160 Cal. App. 4th 1557 (2008) ............................................................................ 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) ................................................................................... 2, 3, 4

*Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp.*,
  2011 WL 2623991 (Del. Ch. July 1, 2011) ........................................................ 4

*Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp.*,
  2012 WL 3090935 (Del. Ch. July 31, 2012) ...................................................... 4

*Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*,
  894 F.3d 1015 (9th Cir. 2018) ............................................................................. 2

*Ross v. Gentry*, 94 Cal. App. 742 (1928) ................................................................. 11

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
  580 U.S. 328 (2017) ............................................................................................ 2

*Solis v. Couturier*,
  2009 WL 2022343 (E.D. Cal. July 8, 2009) ..................................................... 11

*Whatru Holding, LLC v. Bouncing Angels, Inc.*,
  2015 WL 12862716 (C.D. Cal. Feb. 17, 2015) ................................................ 13

*Whittaker Corp. v. Execuair Corp.*,
  736 F.2d 1341 (9th Cir. 1984) ........................................................................ 3, 9

*Wilson–Condon v. Allstate Indem. Co.*,
  2011 WL 3439272 (C.D. Cal. Aug. 4, 2011) ................................................... 13

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

## OTHER AUTHORITIES

U.S. Constitution, Seventh Amendment ............................................................ *passim*

Fed. R. Civ. P. 26 ................................................................................................. 10

Fed. R. Civ. P. 37 ................................................................................................. 13

Fed. R. Civ. P. 50 ............................................................................................ *passim*

Fed. R. Civ. P. 52 ............................................................................................ *passim*

# I. INTRODUCTION

The Court should enter judgment on Apple's laches and waiver defenses because Apple's proof suffers from multiple procedural and substantive deficiencies. Apple's opposition fails to address these shortcomings and focuses on legally irrelevant issues.

Apple's defenses are procedurally improper for multiple reasons, including that (1) laches is not available as a defense to Masimo's legal claim of trade secret misappropriation, (2) Apple failed to address this Court's prior rulings regarding Apple's failure to offer supporting evidence at trial, and (3) Apple's pretrial filings limited its potential arguments. Apple's opposition does not rebut Masimo's arguments on these issues.

Instead, Apple tries to avoid the procedural deficiencies by characterizing Apple's equitable defenses as sharing common factual questions with its legal statute-of-limitations defense. Apple's new argument provides yet another reason this Court should grant Masimo's Rule 52 motion and deny Apple's reciprocal motion. The Seventh Amendment precludes courts from resolving factual issues that are common to equitable and legal defenses before the legal defenses are resolved. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959). Masimo's purported delay in filing suit is common to Apple's equitable laches and waiver defenses, as well as Apple's legal defense of statute of limitations. The Court can enter judgment in favor of Masimo on laches and waiver based on Apple's failure to establish elements of Apple's defenses that are separate and distinct from any legal issue. If the Court grants Masimo's pending Rule 50(b) motion rejecting Apple's statute-of-limitations defense, the Court can also grant judgment in favor of Masimo on Apple's equitable defenses because of a lack of delay. However, the Court cannot enter judgment in favor of Apple on laches or waiver before the statute-of-limitations defense is resolved.

Apple also fails to establish the elements of laches and waiver. Regarding laches, Apple does not establish acquiescence by Masimo or prejudice to Apple. Apple's only purported evidence of acquiescence relates to purported delay. But purported delay is

insufficient to establish acquiescence. Apple's purported evidence of prejudice relates to circumstances that were not affected by the timing of Masimo filing suit. Regarding waiver, Apple's only purported evidence of waiver is purported delay. As with acquiescence, purported delay is legally insufficient to establish that Masimo intentionally relinquished a known right. If the Court grants JMOL that no reasonable jury could conclude that Masimo's claims are barred by the statute of limitations, the Court should also find that Apple failed to establish unreasonable delay.

The Court should also enter judgment on Apple's other affirmative defenses because Apple concedes it did not present supporting evidence at trial.

## II. APPLE'S DEFENSES ARE PROCEDURALLY IMPROPER

### A. Laches Is Not Available As A Defense To Trade Secret Misappropriation

Supreme Court precedent establishes that laches cannot bar a legal claim that is subject to a statute of limitations. The Supreme Court decisions in *Petrella* and *SCA Hygiene* recognized that legislatures have the power to provide bright-line rules regarding timeliness that courts may not override based on case-by-case considerations of equity. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678-79 (2014) ("we adhere to the position that, in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief"); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 334-35 (2017).

Apple tries to distinguish these cases by suggesting their holdings are limited to maintaining separation of federal powers. Opp. at 10:25-11:10. Both cases involved statutes passed by Congress, but the holdings relied on general principles that apply to all legal claims. *Petrella*, 572 U.S. at 678-79; *SCA Hygiene*, 580 U.S. at 334-35; *see also Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1024 (9th Cir. 2018) ("although *Petrella* and *SCA Hygiene* are recent decisions, the idea that laches will not bar a claim for legal relief brought within the applicable statute of limitations is not").

Apple also fails to mention, much less distinguish, the other cases Masimo cited. For example, the Supreme Court held, in the context of "a common-law right of action

for unlawful possession[,]" that "application of the equitable defense of laches in an action at law would be novel indeed." *Cnty. of Oneida v. Oneida Indian Nation of N.Y.*, 470 U.S. 226, 233, 244-245 n.16 (1985). The California Court of Appeal also held that "it is well-established, both in California and generally, that laches applies to equitable actions, not actions at law." *Connolly v. Trabue*, 204 Cal. App. 4th 1154, 1164 (2012). The court recently reiterated this holding. *See Blaser v. State Teachers' Ret. Sys.*, 86 Cal. App. 5th 507, 540 (2022), *review denied* (Mar. 15, 2023). Apple has no response to these cases.

Instead, Apple cites two cases that did not address the interaction of laches and legal claims. Opp. at 10:13-19. Apple first cites this Court's decision in *True Wearables*, in which neither party questioned, and the Court did not analyze, whether laches applied to Masimo's CUTSA claims. *See Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, ¶¶ 197, 345 (C.D. Cal. Nov. 7, 2022). Moreover, the issue would have been moot because the Court found that Masimo did not unreasonably delay. *Id.*

Apple also cites a decision from the *Mattel* case that considered cross motions for summary judgment on multiple causes of action, including copyright infringement. *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 1001 (C.D. Cal. 2011). The court denied the motion as to all claims regarding the "laches defense for the reasons set forth in the section of this Order discussing the statutes of limitations" without further analysis. *Id.* at 1018. Any implication that laches could apply to copyright infringement (or other legal claims) has since been unequivocally rejected by *Petrella*. Thus, neither *True Wearables* nor *Mattel* provides support for Apple's argument.

Apple then asserts that "[o]ther courts have **squarely held** that laches barred unreasonably delayed CUTSA claims." Opp. at 10:19-20 (emphasis added). Apple cites two pre-*Petrella* cases, neither of which "squarely held" any such thing. In the first case, the Ninth Circuit found a claim barred by the statute of limitations and expressly **declined** to address laches. *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1346 (9th Cir. 1984) ("Because we uphold the statute of limitations bar, we need not review

the district court's alternative holding that the claim for misappropriation of trade secrets was barred by laches and estoppel.").

In the second case, the Delaware Court of Chancery applied laches to bar a claim in which the plaintiff waited longer than the statutory time limit before obtaining a tolling agreement. *See Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp.*, 2012 WL 3090935, at *14-15 (Del. Ch. July 31, 2012). The court applied laches because Delaware Chancery "is a court of equity" that "generally analyzes questions of time bars and undue delay under the doctrine of laches." *Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp.*, 2011 WL 2623991, at *14 (Del. Ch. July 1, 2011); *see Petroplast*, 2012 WL 3090935, at *9 ("In determining what constitutes an unreasonable delay for purposes of laches, [Delaware Chancery] generally looks to the statute of limitations for analogous claims at law.").

Finally, Apple argues that laches can apply if the plaintiff asserts an equitable right, unreasonably delayed, and the defendant was prejudiced. Opp. at 11:19-12:2. This argument is irrelevant because Masimo's CUTSA claim is a legal claim the parties submitted to the jury. The California Court of Appeal held: "Even where equitable claims are combined with actions at law, laches remains unavailable as a defense to the legal claims." *Blaser*, 86 Cal. App. 5th at 540.

Apple thus cites no authority supporting its assertion that a federal district court can apply laches to bar a legal claim that is subject to a statute of limitations. Nor does Apple cite any post-*Petrella* case applying laches to bar a legal claim. The Court should enter judgment on Apple's laches defense because laches is not available in this case.

**B.** <u>**Apple Ignores Part Of The Court's Rule 50(a) Order**</u>

Apple offers its own interpretation of the Court's Rule 50(a) order. Opp. 7:23-8:22. However, Apple does not mention, much less offer an explanation of, the Court's finding that none of Apple's "remaining defenses … has been presented at trial." *See id.*; Dkt. 1724 at 19. To the extent the Court meant that Apple did not present evidence supporting its remaining defenses at trial, no further analysis is necessary to enter

judgment on those defenses.

C. **Apple Relies On Undisclosed Theories**

Apple does not dispute it relies on theories it omitted from the Pretrial Conference Order. *See* Opp. at 9:3-10:2. Apple's arguments are untimely, particularly in light of the disclosure standards applied throughout this case. However, as discussed below in Section III, even Apple's new arguments are insufficient to prove laches or waiver.

D. **The Seventh Amendment Precludes A Finding In Favor Of Apple**

Apple argues that, under Rule 52, "this Court may weigh evidence and decide disputed issues of fact; it is not limited to deciding whether [Masimo] adduced sufficient evidence to withstand JMOL." Opp. at 7:2-4. Apple asserts that "it falls to this Court to decide the factual and legal issues presented, with its factual findings subject to review for clear error by the Federal Circuit." *Id.* at 7:14-16 (citing *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1028 (9th Cir. 1996)).

Apple's assertions ignore that the Seventh Amendment limits this Court's ability to resolve disputed factual issues that are common to equitable and legal claims or defenses. *See Beacon Theatres*, 359 U.S. at 510-11 (1959); *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1372 (Fed. Cir. 2006) ("right to jury trial is examined without regard to the alignment of the parties or the posture of the issue, i.e. a defense or separate claim[s]" (citing *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1288, 1291 (Fed. Cir. 2005))).

This Court may resolve factual issues underlying equitable defenses ***only*** if those factual issues are distinct from factual issues underlying legal claims or defenses that will be presented to the jury in the retrial. *See id.* As Apple's cited case recognized, under the Seventh Amendment, "the right to a jury trial on legal issues may not be infringed 'by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.'" *Granite State*, 76 F.3d at 1027 (quoting *Ross v. Bernhard,* 396 U.S. 531, 537-38 (1970)). "Thus, where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action

***must be determined prior*** to any final court determination of [the] equitable claims.'" *Id.* (emphasis added) (quoting *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) and *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479 (1962)).

As explained below, the Court cannot rule in Apple's favor on laches without resolving disputed factual issues regarding purported delay that must first be decided by the jury. In contrast, the Court can rule against Apple based on other deficiencies in Apple's evidence at trial.

### 1. Apple Admits Common Factual Issues Exist

Apple tries to avoid the inadequate disclosures in its pretrial filings by arguing that "its laches and waiver defenses rely on the same basic set of evidence as its statute of limitations defense." Opp. at 9:5-7 (citing Dkt. 1361 [Apple Mem. of Contentions of Fact and Law] at 19:15-18, 20:20-22, 21:21-22). Apple tries to avoid controlling authority (that laches is not a defense to legal claims that are subject to a statute of limitations) by arguing Apple seeks to apply laches and waiver only to claims that are also barred by the statute of limitations. Apple argues its laches defense is available because "Apple does not seek to apply laches to a claim that was timely under CUTSA's statute of limitations." Opp. at 11:13-14. Apple similarly argues that its waiver defense is based on arguing that Masimo's purported delay "violated both the statute of limitations *and* constituted waiver." *Id.* at 17:12-14.

Accordingly, Apple admits the factual question of whether Masimo "did not and should not have reasonably discovered the misappropriation before January 9, 2017[,]" is common to Apple's equitable and legal defenses. Dkt. 1617 [Apple Trial Mem. re Verdict Form] at 2:6-7.

### 2. The Court Cannot Enter Judgment In Favor Of Apple At This Time

As discussed above, finding in favor of Apple on the defenses of laches and waiver would require a finding regarding the factual issue of Masimo's diligence, which is common to Apple's legal defense of statute of limitations. The Ninth Circuit explained that, in this situation, "where legal claims are tried by a jury and equitable

claims are tried by a judge, and the claims are 'based on the same facts,'" the Seventh Amendment "requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (quoting *Miller v. Fairchild Indus.,* 885 F.2d 498, 507 (9th Cir. 1989)); *see Floyd v. Laws,* 929 F.2d 1390, 1397 (9th Cir. 1991) ("it would be a violation of the seventh amendment right to jury trial for the court to disregard a jury's finding of fact"); *Marlo v. United Parcel Serv., Inc.*, 2009 WL 10669254, at *11-*12 (C.D. Cal. July 1, 2009).

Finding in favor of Apple on laches or waiver would require a factual finding regarding Masimo's diligence in filing suit that would expressly or implicitly conflict with a jury verdict that the statute of limitations does not bar Masimo's claims. Thus, the Court cannot enter judgment against Masimo on laches or waiver at this time. *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1115-16 (C.D. Cal. 2016) (when "equitable claims are joined with legal claims and have factual questions in common, the judge's determination of the equitable claims cannot deprive the litigants of their right to a jury trial on factual questions").

### 3. The Court Can Enter Judgment In Favor Of Masimo

The Court can rule in Masimo's favor on laches and waiver at this time for multiple reasons that would not raise Seventh Amendment concerns. First, the Court can determine that Apple's defenses are procedurally improper. *See* Section II.A-II.C. Second, the Court can make factual findings that Apple failed to establish elements of Apple's equitable defenses other than delay, which are not common to the statute-of-limitations defense. *See* Section III. If the Court agrees with Masimo that Apple did not prove those elements, the Court should enter judgment in favor of Masimo because such findings are independent of how the jury resolves the statute-of-limitations defense. Third, the Court can enter factual findings that Masimo did not unreasonably delay filing suit by granting Masimo's pending Rule 50(b) motion seeking JMOL on Apple's statute-of-limitations defense. *See* Dkt. 1752.

## III. APPLE FAILED TO PROVE ITS LACHES AND WAIVER DEFENSES

### A. Apple Failed To Prove Laches

Apple's laches defense required that it prove (in addition to unreasonable delay) either (1) acquiescence by Masimo or (2) prejudice to Apple. *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000).

#### 1. Apple Did Not Establish Acquiescence

Masimo's opening brief pointed out that Apple did not preserve an acquiescence defense in the Pretrial Conference Order. Apple's opposition asserts that Masimo acquiesced by allegedly delaying. Apple specifically argues that Masimo "acquiesced in any supposed use of the purported trade secrets by Apple in Apple Watch by making no inquiry and registering no objection with Apple or Dr. Lamego for nearly five years after Apple released Series 0." Opp. at 15:20-22.

Apple's argument is insufficient as a matter of law because mere delay cannot establish acquiescence. *See Pac. Hills Homeowners Assn. v. Prun*, 160 Cal. App. 4th 1557, 1565 (2008). The California Court of Appeal recognized that, even where "[t]here is no question plaintiff delayed" suing, there must also be evidence of acquiescence. *Id*. If, "despite the delays," the defendant cannot "show plaintiff acquiesced[,]" then "the defense of laches must fail." *Id*. If the law were otherwise, it would eviscerate the second element of laches and the defense would collapse into the statute of limitations by requiring only the passage of time.

#### 2. Apple Did Not Establish Prejudice

Apple argues that Masimo prejudiced Apple "by urging the jury to disregard Apple's witnesses' testimony because it was supposedly too old while at the same time playing up the reliability of Plaintiffs' documentary exhibits." Opp. at 15:23-16:1. Apple cites no authority holding that such a common argument constitutes prejudice. Moreover, the passage of time affects the reliability of all testimony—including testimony from Masimo's witnesses—equally.

Apple's real complaint is that Masimo's testimony was corroborated by

contemporaneous evidence, including Apple's own documents, while Apple's testimony was not. Apple did not identify any missing documents that would have been available at trial if Masimo had sued earlier. Any litigant would make the same argument—that its witnesses were more credible because documents supported their testimony—regardless of the timing of suit. Thus, Apple suffered no evidentiary prejudice.

Apple also argues that Masimo financially prejudiced Apple because, "without their six-year delay, [Masimo] would have no viable theory for monetary relief, as their lone unjust enrichment theory relies on Watches sold in 2020-2022." Opp. at 16:9-12. However, the fact that Apple made these sales *after* Masimo filed suit in January 2020 shows that Masimo filing suit did not dissuade Apple from selling accused products. Thus, Apple cannot credibly assert that Masimo filing suit earlier would have caused Apple to do anything different.

Apple also ignores that awarding unjust enrichment could not prejudice Apple. Apple would have to disgorge only "an undeserved benefit" it obtained "by taking improper advantage of someone else's trade secret." Dkt. 1715 at 48:6-9 (Instruction No. 38). Apple could not be prejudiced by giving up something it did not deserve to have in the first place.

Apple does not dispute that "Apple did not elicit witness testimony on the extent of the prejudice, … ." Opp. at 16:16-23. Instead, Apple points to evidence that Apple continued to engage in ongoing conduct after being sued. *See id.* The fact that Apple continued to engage in this conduct indicates the timing of Masimo filing suit was irrelevant and did not prejudice Apple. Finally, Apple cites a Ninth Circuit case that addressed a defendant's "detrimental reliance" on the plaintiff's "failure to take prompt action." *See Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). Apple identifies no evidence it incurred expenses in "detrimental reliance" on Masimo's inability to discover the misappropriation earlier. *See id.* (discussing purchasing "parts inventories and equipment or tooling").

Thus, Apple failed to establish acquiescence or prejudice, and the Court should

enter judgment in favor of Masimo on Apple's laches defense.

### 3. Apple Did Not Establish Undue Delay

Laches also requires proof of undue delay. *Johnson*, 24 Cal. 4th at 68. Apple spends most of its brief reiterating the same arguments it made in support of its statute-of-limitations defense, which are thoroughly rebutted in Masimo's Rule 50(b) briefing (Dkts. 1749-1 and Masimo's forthcoming Reply), Masimo's Rule 52 Motion (Dkt. 1755-1), and Masimo's opposition to Apple's Rule 52 Motion (Dkt. 1794-1).

Apple also argues that a Masimo executive sought information from O'Reilly regarding O'Reilly's notebooks in 2014. Opp. at 13:23-14:19 (citing JTX-4393). But Apple presented no evidence suggesting Masimo knew or had any reason to believe the notebooks contained confidential Masimo information. Nor did Apple offer any evidence suggesting that Masimo knew or had any reason to believe O'Reilly shared any information in the notebooks with Apple. Indeed, Kiani saw the notebooks for the first time when they were returned to Masimo during this litigation. Trial Tr., Day 3, Vol. I at 105.

Nor could Apple argue that any investigation regarding the O'Reilly notebooks would have revealed Apple's misappropriation. Masimo served document requests in this case seeking any such notebooks. *See* Dkt. 1176 at 14:2-15:3, 17:20-19:24. Apple did not produce them and asserted Apple had no obligation to produce them because they were not within Apple's possession, custody, or control. *See id.* Apple's failure to produce the notebooks in response to a request under Rule 26 precludes any argument that Apple would have produced them voluntarily if only Masimo had asked. *Id.*; *see also* Dkt. 1407 at 3-4.

Moreover, as discussed above, the factual issue of undue delay is common to Apple's legal defense of statute of limitations and need not be addressed here. If the Court grants Masimo's pending Rule 50(b) motion regarding the statute of limitations, the Court should also find that Apple failed to establish undue delay and enter judgment in favor of Masimo on Apple's laches defense for that additional reason.

B. **Apple Failed To Prove Waiver**

Apple makes two brief arguments regarding waiver. First, Apple asserts that Masimo omits the standard for determining whether an act of waiver was knowing or intelligent. Opp. at 16:22-17:5. That is irrelevant because Apple presented no evidence of ***any*** act of waiver.

Second, as the supposed act of waiver, Apple argues that Masimo "did nothing for nearly six years" after sending the 2014 letter. *Id.* at 17:5-8. That is legally insufficient because California courts have recognized for nearly a century that a "mere lapse of time does not amount to a waiver." *Kay v. Kay*, 188 Cal. App. 2d 214, 218 (1961) (citing *Ross v. Gentry*, 94 Cal. App. 742, 744-45 (1928)); *see also Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009) ("delay in bringing this suit, so long as it satisfies the statute of limitations, cannot constitute waiver of any cause of action"); *Boys Club of San Fernando Valley, Inc. v. Fid. & Deposit Co.*, 6 Cal. App. 4th 1266, 1275 (1992) ("Unreasonable delay in asserting a right does not, in itself, warrant a finding of waiver of the right.").

Apple does not identify any other purported act of waiver. Thus, the Court need not resolve the issue of alleged delay to find that Apple did not prove waiver.[1]

C. **Apple Did Not Prove Its Other Defenses**

   1. **Intervening Acts and Failure to Mitigate**

Apple asserts that the Court should not enter judgment on Apple's defenses of intervening acts and failure to mitigate because they are moot. Opp. at 17:26-27. Because Apple has now clarified that those defenses were asserted only against Masimo's claims for lost profits, the Court should preclude Apple from raising either defense to any other claim for relief.

---

[1] Apple criticizes Masimo for not substantively addressing "the testimony cited above." Opp. at 17:9. Apple does not identify the "testimony" to which it refers. Masimo's opening brief addressed all the theories in Apple's opposition. To the extent Apple was referring to specific statements in Apple's Rule 52 motion, Masimo could not have directly responded in a brief filed on the same day.

-11-

### 2. Readily Ascertainable

Apple asserts that the Court should not enter judgment on Apple's readily ascertainable defense because "Apple was precluded from presenting its unclean hands and readily ascertainable defenses by the Court's pretrial *Daubert* and discovery rulings." Opp. at 18:2-3. Apple is correct that the Court's *Daubert* ruling excluded evidence that Masimo's trade secrets were readily ascertainable because Apple did not assert or introduce evidence that Apple ascertained the trade secrets from such sources. Dkt. 1284 at 3-5. As such, the Court should enter judgment against Apple on that defense and Apple may appeal the underlying ruling.

### 3. Unclean Hands

Apple inaccurately asserts the Court precluded Apple from offering its unclean hands defense. Opp. at 18:2-3. Indeed, Apple cites this Court's unclean hands ruling that held: "Apple's unclean hands defense shall be limited to the theory that was timely disclosed, i.e., the non-compete provisions are void and [Masimo's] attempted enforcement thereof means they have unclean hands." Dkt. 1526 at 1. The Court further held that, "because Apple's unclean hands defense (based on the non-compete provisions) is intertwined with the facts underlying [Masimo's] trade secrets claim, the inter-related questions of fact and credibility should be submitted to the jury." Dkt. 526 at 5.

Apple does not dispute that it presented no evidence in support of this defense to the jury. That may have been because the Court's Order cautioned Apple that, "[t]he Court will consider whether Apple's presentation of this defense as it relates to the non-compete provisions (or its cross-examination concerning the confidentiality provisions) opens the door to certain types of evidence previously excluded in limine… ." Dkt. 1526 at 6.

Regardless of the reason, Apple admits it did not present any evidence in support of unclean hands and the Court should enter judgment accordingly. That will not affect

Apple's ability to appeal the Court's exclusion of Apple's other theory of unclean hands that was excluded under Rule 37. *See* Dkt. 1526 at 1, 4-5.

### 4. Conference of Counsel

Apple accuses Masimo of failing to meet and confer about Apple's affirmative defenses other than laches and waiver. Opp. at 6:16-22, 17:19-24. The email Apple attaches shows that Masimo sought to confer about "Apple's equitable defenses[.]" Ex. 2. As set forth in Masimo's motion, Masimo understood that the Court's Rule 50(a) order had resolved all of them. Apple's announcement that it intended to move under Rule 52 only on laches and waiver indicated that Apple disputed whether those two defenses remained at issue. Accordingly, those were the two defenses the parties discussed during the meeting.

Apple never suggested the other defenses were still at issue. Thus, Masimo included them as a formality and was surprised that Apple disputed formal entry of judgment. Indeed, the Court could enter judgment under Rule 52 on these defenses even if neither party moved on them. Apple does not suggest that more conferring would have made any difference, that there was any potential for compromise, or that Apple was prejudiced. *See, e.g.*, *Whatru Holding, LLC v. Bouncing Angels, Inc.*, 2015 WL 12862716, *4 (C.D. Cal. Feb. 17, 2015) (declining request to deny motion filed three days after conference because "the Court does not find Plaintiff's failure to have resulted in any prejudice to Defendants"); *Wilson–Condon v. Allstate Indem. Co.*, 2011 WL 3439272, *1 (C.D. Cal. Aug. 4, 2011) ("Allstate does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance."). Apple's objection is, at most, form over substance.

Apple also complains about Masimo's pending motion for reconsideration and application to unseal trial exhibits. Opp. at 6, n. 3. Masimo addressed Apple's arguments in other briefing. Dkt. 1775 at 20.

## IV. CONCLUSION

For the reasons set forth above and in Masimo's opening brief, the Court should enter judgment in favor of Masimo on all of Apple's remaining equitable defenses, including laches and waiver.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 10, 2023

By: */s/ Benjamin A. Katzenellenbogen*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 4,464 words, which [choose one]:

X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 10, 2023

By: /s/ Benjamin A. Katzenellenbogen
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

57843399