Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:20-cv-00048-JVS-JDE

**MASIMO'S CORRECTED FED. R. CIV. P. 52 [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Date: July 24, 2023
Time: 1:30 pm
CTRM: 10C

Hon. James V. Selna

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc., (collectively, "Masimo") submit the following Corrected [Proposed] Findings of Fact and Conclusions of Law, that corrects citation errors in only paragraphs 3 and 4. Masimo will submit to the Court a hyperlinked version of this Corrected [Proposed] Findings of Fact and Conclusions of Law.

# TABLE OF CONTENTS

**Page No.**

I. SEVENTH AMENDMENT IMPLICATIONS ..................................................1

II. PROCEDURAL HISTORY ...............................................................................1

III. JURISDICTION AND VENUE .........................................................................2

IV. PROPOSED FINDINGS OF FACT ...................................................................2

    A.    Facts Regarding Masimo's Diligence ....................................................2

        1.    Lamego's Employment and Confidentiality Obligations ...........2

        2.    Masimo's Trade Secrets D1, D3, and D10 ................................4

        3.    Masimo Trade Secrets L4 and L5 ..............................................4

        4.    U.S. Patent No. 10,078,052 ........................................................5

        5.    Masimo's Business Trade Secrets ..............................................6

    B.    Apple Presented No Evidence of Prejudice, Acquiescence, or Waiver .......................................................................................................7

V. CONCLUSIONS OF LAW ................................................................................8

    A.    Apple Failed to Prove Laches ................................................................8

        1.    Laches Is Not Available as a Defense to Masimo's Claims of Trade Secret Misappropriation ...................................8

        2.    Apple Failed to Prove Acquiescence by Masimo ......................9

        3.    Apple Failed to Prove Prejudice to Apple .................................9

        4.    Apple Failed to Prove Unreasonable Delay ..............................9

    B.    Apple Failed to Prove Waiver .............................................................11

    C.    Apple Failed to Prove Its Other Affirmative Defenses ......................12

Pursuant to this Court's Order dated June 2, 2023 (Dkt. 1776), Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc., (collectively, "Masimo") submit the following [Proposed] Findings of Fact and Conclusions of Law.

## I.  SEVENTH AMENDMENT IMPLICATIONS

In its opposition, Apple argues that its equitable laches and waiver defenses share common factual issues with its legal statute-of-limitations defense.  Dkt. 1798 at 9:5-7, 11:13-14, 17:12-14.  The primary common factual issue is Masimo's purported delay in filing suit.  Thus, Apple's arguments potentially raise a Seventh Amendment issue because this Court may not resolve disputed factual issues that are common to equitable and legal defenses before the legal defenses are resolved.  *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959).

Because Masimo is entitled to JMOL under Rule 50(b) on Apple's statute-of-limitations defense, the Seventh Amendment is not implicated.  Accordingly, the Court enters a complete set of findings, including on the common issue of Masimo's purported delay.  The Court's findings regarding Masimo's lack of delay are set forth in Sections IV.A and V.A.4.

## II.  PROCEDURAL HISTORY

Masimo's claims for trade secret misappropriation, correction of inventorship, and patent ownership were tried to a jury on April 4 through 26, 2023.  None of Apple's affirmative defenses were bifurcated from the trial on Masimo's claims.  *See* Dkt. 1483 at 19:1-6.  Apple's affirmative defenses of statute of limitations and failure to mitigate were issues for the jury.  *Id.* at 14:7-8.  Apple's affirmative defenses of laches and waiver were issues for the Court.  Dkt. 1483 at 15:5-6.

The Court's Rule 50(a) Order found that Apple "represented off the record to the Court in preparing the jury instructions that it would no longer advance [its unclean hands] defense."  Dkt. 1724 at 19.  The Court denied the parties' Rule 50(a) motions regarding Apple's statute-of-limitations defense and denied as moot Masimo's

Rule 50(a) motion with respect to Apple's remaining affirmative defenses "as none has been presented at trial." *Id*.

The jury was unable to reach a verdict and a mistrial was declared. *See* Dkt. 1711.

Masimo and Apple filed cross motions for judgment under Rule 52 with respect to Apple's remaining affirmative defenses. Pursuant to Rule 52(a), the Court now enters its Findings of Fact and Conclusions of Law with respect to Apple's affirmative defenses tried to the Court.

## III.  JURISDICTION AND VENUE

Masimo Corporation is organized and exists under the laws of the State of Delaware and has its principal place of business in Irvine, California. Cercacor Laboratories, Inc. is organized and exists under the laws of the State of Delaware and has its principal place of business in Irvine, California. Masimo and Cercacor are collectively referred to as "Masimo" unless it is material to distinguish between Masimo Corp. and Cercacor.

Apple is organized and exists under the laws of the State of California and has its principal place of business in Cupertino, California.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* Dkt 1483 at 1:19-2:26.

The court has personal jurisdiction over Apple and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). *See id.* at 2:7-10. Apple does not dispute personal jurisdiction or venue. Dkt. 370 ¶¶ 6, 7.

## IV.  PROPOSED FINDINGS OF FACT

A.  **Facts Regarding Masimo's Diligence**[1]

1.  **Lamego's Employment and Confidentiality Obligations**

1.    Masimo Corp. employed Marcelo Lamego from 2000 to early 2001, and again from 2003 to late 2006 or early 2007. Trial Tr. Day 8, Vol. II at 19:19-24.

---

[1] As mentioned above, the findings in this Section IV.A.1-4 relate to the factual issue that is common to Apple's statute-of-limitations defense.

2.      Cercacor employed Lamego as Chief Technical Officer from late 2006 or early 2007 to January 2014. *Id.* at 19:22-20:3.

3.      Lamego was obligated to maintain the confidentiality of Masimo's trade secret information.   JTX-810; JTX-769; Trial Tr. Day 5 at 114:12-115:9 (Miller); 135:15-22, 138:19-139:21 (Hammarth).

4.      On or about January 9, 2014, Lamego informed Masimo CEO Joe Kiani of his intention to leave Cercacor and to work for Apple.   JTX-786, Trial Tr. Day 2 at 45:15-23.  Lamego's last day at Cercacor was January 21, 2014.  JTX-2263.

5.      Lamego personally assured Kiani that Lamego would not work on competitive technology at Apple.  Trial Tr. Day 2, Vol. II at 47:3-12 (Kiani).

6.      On January 24, 2014—three days after Lamego left Cercacor and before Lamego began working at Apple—Masimo sent a letter to Apple.  JTX-2937.  The letter cautioned Apple to "refrain from inducing Mr. Lamego to take actions that would violate the Agreement while he performs services for Apple" and asked Apple to "direct Mr. Lamego to honor his obligations to all of his prior employers." JTX-2937 at -094.  The letter also declared Masimo's "trust that Apple will employ Mr. Lamego in an area that does not involve healthcare technology, including mobile health applications and the measurement of physiological information." *Id.*

7.      Apple never responded to Masimo's January 24, 2014, letter.  Dkt. 1798 at 12.

8.      Lamego began his employment at Apple on January 27, 2014. *Id.* at 37:1-3; Trial Tr. Day 8, Vol. II at 130:14-15.

9.      Cristiano Dalvi, a friend of Lamego and former Cercacor employee, confirmed Lamego's representations that he would not compete with Masimo.  Trial Tr. Day 2, Vol. II at 49:13-50:11.

10.      Dalvi later told Kiani that, just as Lamego had promised, Lamego "left [Apple] when Apple asked him to do something competitive to [Masimo]."  Trial Tr. Day 2, Vol. II at 49:13-50:11.

11.   At the time, Kiani understood Dalvi's statements to mean that Lamego did not disclose Masimo trade secrets to Apple.  *Id.* at 50:6-11.

**2.    Masimo's Trade Secrets D1, D3, and D10**

12.   Masimo's Trade Secrets D1, D3, and D10 relate to various demodulation and demultiplexing techniques.  Dkt. 1483 at 28-29 (referring to "D1" "D2" and "D3").

13.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████

14.   There is no evidence in the record that Masimo could have discovered facts sufficient to sue on Trade Secrets D1, D3, or D10 more than three years before Masimo filed suit.

**3.    Masimo Trade Secrets L4 and L5**

15.   Masimo's Trade Secret L4 relates to ████████████████

████████████████████████████████████████████ Dkt. 1483 at 30 (referred to as "L1").

16.   There is no evidence in the record that Apple ever published ████████

████████████████████████████

17.   ████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████ Trial Tr. Day 7, Vol. II at 13:16-25 (Madisetti).

18.   Apple released the Series 4 in September 2018.   JTX-3166; Trial Tr. Day 10, Vol. I at 83:5-11.

19.     The earliest Masimo could have possibly learned facts sufficient to sue on Trade Secret L4 was September 2018 when Apple released the Series 4 and Masimo could have inspected its design.  JTX-3166.

20.     Masimo learned of Apple's asserted misappropriation of Trade Secret L5 only after obtaining internal Apple emails and technical documents during discovery in this case.  *See* Dkt. 650 at 4; Dkt. 669; JTX-181, JTX-184, JTX-185, JTX-541.

21.     There is no evidence in the record that Apple ever published any of those internal emails or technical documents.

22.     There is no evidence in the record that Masimo could have discovered facts sufficient to sue on Trade Secrets L4 and L5 more than three years before Masimo filed suit.

**4.      U.S. Patent No. 10,078,052**

23.     U.S. Patent No. 10,078,052 ("the '052 Patent") issued on September 18, 2018, listing Lamego as a co-inventor and Apple as the assignee.  JTX-1239.

24.     The application resulting in the '052 Patent was filed on June 15, 2015, and published on March 3, 2016.  *Id.*

25.     In December 2018, outside patent attorneys for Masimo listed the '052 Patent in an Information Disclosure Statement ("IDS") among almost a thousand references.  Trial Tr. Day 3, Vol. I at 82:24-83:23.

26.     No evidence suggests that anyone affiliated with Masimo learned of the '052 Patent, or the 2016 publication, before December 2018.

27.     Kiani was not involved in the preparation of the December 2018 IDS.  Trial Tr. Day 3, Vol. I at 82:9-11.

28.     Kiani first learned of the '052 Patent in ████████   Trial Tr. Day 2, Vol. II, at 50:12-19 (Kiani); Trial Tr. Day 3, Vol. I, at 61:22-62:10, 95:16-19 (Kiani).

29.     No evidence suggests that any Masimo employee learned of the '052 Patent or its earlier publication before ████████

30.    The '052 Patent does not disclose any of Masimo's asserted trade secrets. Trial Tr. Day 3, Vol. I, at 98:20-24; Trial Tr. Day 11, Vol. I at 93:22-24.

**5.    Masimo's Business Trade Secrets**

31.    ResearchKit is a set of software modules to help third-party developers create software applications.  *See* Trial Tr. Day 9, Vol. II, at 45:1- 12 ("ResearchKit is a set of components that – they're typically called frameworks, and they are sections of code that do very specific things.").

32.    HealthKit is a repository for data for use with Apple's Health application. *Id*., Day 9, Vol. II, at 43:13- 16 ("It's a data repository on the phone."); *id.* Day 10, Vol. I, at 79:9-17 ("It is a technology framework that developers can use to offer the users of their apps to share data in or out of the health app and iPhone."); *id*. at 80:2-6 ("it's meant to help users share information to a third-party app or from a third-party app into the health app").

33.    HealthKit does not perform any measurements or monitor any physiological parameters.  *Id.* at 122:5-11.  Apple does not "market HealthKit to healthcare providers[.]"  *Id.* at 80:7-11.

34.    Apple did not present any evidence that it publicly disclosed that Apple was implementing ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████

35.    Apple did not present any evidence that publicly available information regarding Apple's HealthKit and ResearchKit discloses any of Masimo's asserted Business trade secrets.

36.    No evidence suggests that Masimo knew O'Reilly's notebooks contained confidential Masimo information, much less that Masimo knew Apple had allegedly misappropriated such information.

-6-

37.     Kiani testified he saw O'Reilly's notebooks for the first time when they were returned to Masimo during this litigation.  Trial Tr., Day 3, Vol. I at 105.

38.     No evidence suggests that Apple would have produced O'Reilly's notebooks in response to an informal request from Masimo.

39.     No evidence suggests that Masimo could have uncovered Apple's asserted misappropriation of Business Trade Secrets through an earlier investigation.

**B.**     **Apple Presented No Evidence of Prejudice, Acquiescence, or Waiver**

40.     Apple offered no documentary or testimonial evidence suggesting Apple suffered any prejudice due to alleged delay.

41.     None of Apple's witnesses testified about any purported prejudice to Apple due to the timing of Masimo's filing of this lawsuit.  *See* Trial Tr. Day 8, Vol. II at 88:13-133:2 & Day 9, Vol. I at 18:1-74:16 (Hotelling); Trial Tr. Day 10, Vol. I at 72:22-126:8 (Caldbeck).

42.     No evidence suggests that Apple suffered evidentiary prejudice due to Masimo filing this lawsuit in January 2020, such as evidence that documents were destroyed or lost, or that witnesses became unavailable for trial.

43.     No evidence suggests that Apple suffered financial prejudice due to Masimo filing this lawsuit in January 2020, such as evidence of expenses Apple would not have incurred if Masimo filed suit earlier.

44.     Apple continued selling Apple Watch products after this lawsuit was filed. Apple introduced no evidence of any changes it made to the Apple Watch because of this lawsuit.

45.     No evidence suggests that Masimo acquiesced in Apple's asserted misappropriation of Masimo's trade secrets.

46.     No evidence suggests that Masimo intentionally relinquished a known right to file suit against Apple for trade secret misappropriation after knowledge of the facts regarding Apple's asserted misappropriation.

## V.  CONCLUSIONS OF LAW

**A.     Apple Failed to Prove Laches**

47.     Apple bears the burden of proof on all its affirmative defenses, including the equitable defense of laches.  *See Highland Springs Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 282 (2016).

48.     "'The defense of laches requires [1] unreasonable delay plus either [2a] acquiescence in the act about which plaintiff complains or [2b] prejudice to the defendant resulting from the delay.'"  *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000) (quoting *Conti v. Board of Civil Service Commissioners*, 1 Cal. 3d 351, 359 (1969)).

### 1.     Laches Is Not Available as a Defense to Masimo's Claims of Trade Secret Misappropriation

49.     Laches is an equitable defense that does not apply to legal claims for which the legislature expressly provided a statute of limitations period.  *See Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663, 678 (2014) ("laches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation"); *id.* at 679 ("we adhere to the position that, in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief"); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 334-35 (2017).

50.     Laches applies to equitable actions, not actions at law.  *Connolly v. Trabue*, 204 Cal. App. 4th 1154, 1164, (2012).

51.     "Even where equitable claims are combined with actions at law, laches remains unavailable as a defense to the legal claims."  *Blaser v. State Teachers' Ret. Sys.*, 86 Cal. App. 5th 507, 540 (2022), *review denied* (Mar. 15, 2023).

52.     Trade secret misappropriation is a legal claim for which the California legislature expressly provided a statute of limitations.  *See* Cal. Civ. Code § 3426.6.

53.     Thus, laches is not available to Apple as a defense to trade secret

-8-

misappropriation, regardless of whether Masimo also sought equitable relief.  *See SCA Hygiene*, 580 U.S. at 334-35; *Petrella*, 572 U.S. at 678-79; *Cnty. of Oneida v. Oneida Indian Nation of N.Y.*, 470 U.S. 226, 245 n.16 (1985); *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.,* 894 F.3d 1015, 1024 (9th Cir. 2018); *Blaser*, 86 Cal. App. 5th at 540; *Connolly*, 204 Cal. App. 4th at 1164.

> **2.**     **Apple Failed to Prove Acquiescence by Masimo**

54.     Purported delay cannot establish acquiescence.  *Pac. Hills Homeowners Assn. v. Prun*, 160 Cal. App. 4th 1557, 1565 (2008)) ("Nor, despite the delays, can defendants show plaintiff acquiesced" and "[t]hus, the defense of laches must fail.").

55.     Apple failed to establish that Masimo acquiesced in Apple's asserted trade secret misappropriation sufficient support a finding of laches, regardless of any purported delay.  *See id.*

> **3.**     **Apple Failed to Prove Prejudice to Apple**

56.     Apple's arguments regarding its continued sales of Apple Watches in 2020-2022 do not established financial prejudice because Apple made those sales after Masimo filed this lawsuit.

57.     Apple's arguments regarding the lack of documents supporting Apple's case do not establish evidentiary prejudice because Apple did not identify any documents or witnesses that were unavailable at trial due to the passage of time.

58.     Apple failed to establish prejudice to Apple sufficient to support a finding of laches, regardless of any purported delay.  *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955-56 (9th Cir. 2001).

> **4.**     **Apple Failed to Prove Unreasonable Delay**[2]

59.     Apple does not argue that Masimo knew of Apple's asserted misappropriation before ▮▮▮▮▮▮▮▮  Apple argues only that Masimo should have discovered the asserted misappropriation before that time.  Dkt. 1798 at 13.

---

[2] As mentioned above, the findings in this Section V.A.4 relate to the factual issue that is common to Apple's statute-of-limitations defense.

-9-

60.     The evidence shows that Masimo learned of Apple's asserted misappropriation no sooner than ████████████████████████ ███████ Trial Tr. Day 2, Vol. II, at 50:12-19 (Kiani); Trial Tr. Day 3, Vol. I, at 61:22-62:10, 95:16-19 (Kiani).

61.     Three months is a reasonable time to investigate trade-secret and patent-inventorship claims.

62.     Apple did not establish facts triggering an obligation that Masimo investigate Apple's asserted misappropriation of trade secrets before October 2019.

63.     The earliest Masimo could have possibly been aware of Apple's asserted misappropriation is December 2018, thirteen months before Masimo filed this lawsuit.

64.     Thirteen months would have been a reasonable time to investigate trade-secret and patent-inventorship claims.

65.     Masimo's January 2014 warning letter to Apple was not sufficient to show Masimo should have discovered Apple's asserted misappropriation.  Although this letter suggests that Masimo had a suspicion Lamego would be in a position to compete with Masimo by drawing upon Masimo's trade secrets, he had not yet begun his employment.  Dkt. 60 at 6.

66.     A suspicion that trade secrets theoretically could be shared provides an insufficient basis for filing a trade secret misappropriation claim.  A mere suspicion that misappropriation may or may not have occurred provides an insufficient basis under Rule 11 to file suit.  Dkt. 606 at 7.

67.     Apple argued that Masimo could not have sued based on Masimo's 2014 letter.  Dkt. 1798 at 15 (Apple arguing that filing suit based on the 2014 letter would have improperly relied on the "inevitable disclosure" doctrine).

68.     Apple argued that Masimo could not have sued by alleging "a former employee inevitably will disclose general information learned during his former employment."  Dkt. 38-1 at 19 (citing *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1463 (2002)).

69.     Apple does not argue that any Apple Watch before the Series 4 provided a basis for Masimo to sue as to any asserted trade secret.  Thus, Apple's release of previous watches could not have provided a Rule 11 basis for suit.

70.     Apple identified nothing in the March 2016 publication of the '052 Patent application that would have provided Masimo with a Rule 11 basis to sue as to any trade secret.

71.     Regardless of whether the '052 patent publication showed that Lamego was working in a related field, such knowledge would have been insufficient to bring suit. *See* Dkt. 38-1 at 19 (citing *Whyte*, 101 Cal. App. 4th at 1463).

72.     Evidence of Lamego's work on "competitive" projects would not have provided a Rule 11 basis for suit.

73.     Apple's launch of HealthKit and ResearchKit did not notify Masimo that Apple was misappropriating Masimo's trade secrets.

74.     Masimo could not have discovered facts sufficient to sue on any asserted Trade Secret more than three years before Masimo filed suit.

75.     Apple failed to establish that Masimo unreasonably delayed bringing suit. *Johnson*, 24 Cal. 4th at 77.

**B.     Apple Failed to Prove Waiver**

76.     "Under California law, 'waiver is the *intentional* relinquishment of a known right *after knowledge* of the facts.'"  *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018) (quoting *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 31 (1995)).

77.     "The burden ... is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'" *Waller*, 11 Cal. 4th at 31 (ellipsis in original) (quoting *City of Ukiah v. Fones*, 64 Cal. 2d 104, 107-08 (1966).

78.     Apple failed to establish, by clear and convincing evidence or a preponderance of the evidence, that Masimo intentionally relinquished a known right

1   after knowledge of the facts.  *Cruz*, 910 F.3d at 1270.

2        79.    California courts have recognized for nearly a century that "mere lapse of

3   time does not amount to a waiver." *Kay v. Kay*, 188 Cal. App. 2d 214, 218 (1961) (citing

4   *Ross v. Gentry*, 94 Cal. App. 742, 744-45 (1928) ("[l]apse of time and delay do not of

5   themselves amount to a waiver")).

6        80.    Thus, Apple failed to establish waiver, regardless of any purported delay

7   by Masimo.  *Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009)

8   (striking affirmative defense of waiver); *see also Boys Club of San Fernando Valley,*

9   *Inc. v. Fid. & Deposit Co.*, 6 Cal. App. 4th 1266, 1275 (1992) ("Unreasonable delay in

10  asserting a right does not, in itself, warrant a finding of waiver of the right.").

11  **C.**    **Apple Failed to Prove Its Other Affirmative Defenses**

12       81.    Apple was free to pursue an affirmative defense of unclean hands.

13  Dkt. 1526 at 1 ("Apple's unclean hands defense shall be limited to the theory that was

14  timely disclosed, i.e., the non-compete provisions are void and [Masimo's] attempted

15  enforcement thereof means they have unclean hands."), 5 ("because Apple's unclean

16  hands defense (based on the non-compete provisions) is intertwined with the facts

17  underlying [Masimo's] trade secrets claim, the inter-related questions of fact and

18  credibility should be submitted to the jury").

19       82.    In preparing the jury instructions, Apple represented off the record to the

20  Court that Apple would not advance an unclean hands defense.

21       83.    Apple presented no evidence at trial supporting its unclean hands defense.

22       84.    Apple presented no evidence at trial supporting three other affirmative

23  defenses—readily ascertainable, intervening acts, and failure to mitigate.

24       85.    Apple failed to carry its burden on each of its unclean hands, readily

25  ascertainable, intervening acts, and failure-to-mitigate defenses.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 11, 2023          By: /s/ Benjamin A. Katzenellenbogen
                                  Joseph R. Re
                                  Stephen C. Jensen
                                  Sheila N. Swaroop
                                  Brian C. Horne
                                  Irfan A. Lateef
                                  Benjamin A. Katzenellenbogen
                                  Brian C. Claassen
                                  Stephen W. Larson
                                  Mark D. Kachner
                                  Adam B. Powell
                                  Kendall M. Loebbaka
                                  Daniel P. Hughes

                                  Attorneys for Plaintiffs
                                  MASIMO CORPORATION and
                                  CERCACOR LABORATORIES, INC.

57639563

-13-