UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | July 26, 2022 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Application to Unseal Certain Trial Exhibits** [1772]

    Before the Court is Plaintiffs' Application to Unseal Certain Trial Exhibits Pursuant to Dkt. 1688. See App., Dkts. 1772, 1786 (sealed); Opp., Dkts. 1801, 1807 (sealed) (see also Notice of Errata, Dkt. 1884); Reply, Dkts, 1822, 1843 (sealed). A review of the briefing demonstrates that oral argument would not be helpful to resolving the Application. See Fed. R. Civ. P. 78; L.R. 7-15. Therefore, the July 31, 2023 hearing on the Application is **VACATED**.

    For the reasons stated below, the Court **DENIES** Plaintiffs' Application.

## I. BACKGROUND

    The parties are familiar with the factual and procedural background of this case so the Court recites it here only as necessary to resolve the Application.

    Before trial, the Court entered an order sealing 186 trial exhibits "subject to reconsideration upon application of any interested party." See Dkt. 1688 ("Sealing Order") at 2. Plaintiffs now seek to unseal 56 of those exhibits spanning four categories: (1) exhibits Apple claims are directed to Apple Watch development; (2) exhibits Apple claims relate to Apples business strategies; (3) exhibits regarding Apple's recruiting practices; and (4) exhibits containing personal information. Plaintiffs argue that Apple discussed these exhibits publicly during trial and only sought to seal them after jury deliberations began. App. at 1; see also id. at 2 (of the 186 exhibits originally sealed, 160

were discussed in open court). Plaintiffs argue that the public interest in accessing the exhibits is particularly strong, whereas Apple has not shown compelling reasons for keeping the exhibits sealed. Id. at 1-2.

Apple responds that the Application is procedurally improper because it is really a motion for reconsideration about which Plaintiffs did not meet and confer and for which they have not met the relevant standard. Opp. at 1. Thus, Apple asks the Court to deny it outright for violating Local Rules 7-3 and 7-18. Id. at 4-6. In any event, Apple responds that it will narrow the dispute even further by focusing on documents that contain very sensitive information, plus Apple proposes narrower redactions for all but one of the remaining documents. Id. at 2; see also Dkt. 1884 (making further corrections to three exhibit redactions). Apple states that it proposed these modifications to Plaintiffs before filing its Opposition, but Plaintiffs did not meaningfully respond. Opp. at 5. Regarding the substance of the redactions, by way of employee declaration, Apple avers that "[t]he portions of the documents that Apple seeks to keep under seal would--if made available to the public--cause Apple competitive harm if disclosed and/or violate Apple's employees' and job candidates' legitimate right and expectation to secrecy." Id. at 8. Further, Apple observes that Plaintiffs' own application to seal exhibits presented at trial demonstrates that Plaintiffs ask the Court to apply a different standard to Apple's sealing request. Id. at 3; see also id. at 7 (noting Plaintiffs' application to seal recites the correct standard, that only portions shown in open court should be unsealed), id. at 9 ("Plaintiffs' own application to seal trial exhibits provided virtually no explanation for twelve documents they seek to seal, beyond the passing assertion that those documents include 'technical details of Masimo's technology, including [certain] trade secrets[.]'") (quoting Dkt. 1768 at 2-3).

## II. Legal Standard

There is a "strong presumption of access to judicial records" for dispositive proceedings, whether by trial or summary judgment, to ensure "the public's understanding of the judicial process and of significant public events." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). To overcome the presumption of public access in dispositive proceedings, a party must show "compelling reasons" to seal. Id. In general, compelling reasons to justify sealing court records include the release of trade secrets. Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).

## III. DISCUSSION

The Court is disappointed in the parties for failing to take seriously their obligations to meet and confer and to seek sealing of materials that meet the compelling reasons standard only. The Court understands that trial is time and resource intensive, but this does not excuse the parties from complying with these obligations. Neither party met and conferred on the opposing party's underlying application to seal certain trial exhibits. See Dkt. 1768 (Plaintiffs), Dkt. 1677 (Apple); see also L.R. 79-5.2.2(a)(i) (requiring applications to seal specific documents to include a statement "informing the Court whether anyone opposes the Application").

Months after the Court entered the relevant sealing orders, and without any pre-filing meet and confer, Plaintiffs have now filed the instant Application. A review of the briefing demonstrates that, rather than discuss the issues before filing their respective underlying applications to seal, or during the months that followed, the parties instead ask the Court to sort out the mess they created. The Court does not condone this approach and will not expend its limited resources in this manner. Instead, the Court rules as follows.

*First*, Plaintiffs' Application is **DENIED** in its entirety for failing to meet and confer as required by Local Rule 7-3. See L.R. 7-3 ("counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and it "must take place at least 7 days prior to the filing of the motion"). The Court will not "unnecessarily spend[] judicial time and resources on issues that could have been at least partially resolved without this Court's intervention." Patton v. Experian Data Corp., SA CV 17-01559-JVS(DFMx), 2018 WL 10126001, at *3 (C.D. Cal. Dec. 4, 2018). This is especially true where both parties apparently rushed to file their respective underlying applications to seal, the substance of which led to the current dispute, and where the briefing on the instant Application demonstrates that the parties have reached common ground on certain aspects of the dispute.

To the extent Plaintiffs suggest that they were not required to comply with Local Rule 7-3 before filing the Application, because they "understood [the Court's order as] request[ing] an informal application not a formal motion," Reply at 1, the Court rejects that interpretation. The gravamen of Plaintiffs request is akin to a motion. See generally Application. Nothing in the Court's order permitting an application for reconsideration suggests the Court was inviting an informal request by any party, or that the Court would waive application of Local Rule 7 (and all of its sub-parts) for such a filing. See Sealing Order at 3 (granting application to seal requested trial exhibits, "subject to reconsideration upon application of any interested party, including members of the public").

Because Apple did not meet and confer on the underlying application to seal, and the Court granted it the following day, the Court declines to deny Plaintiffs' Application under Local Rule 7-18. The Court will construe Plaintiffs' Application as a request to file an untimely Opposition to the Application under the theory that Plaintiffs did not have an opportunity to respond before the Court entered the Sealing Order. Construing it in this manner does not explain why Plaintiffs waited so long to file the Application, however; it also does not explain why Plaintiffs ignored the directions in the Sealing Order permitting reconsideration, i.e., suggesting that the reconsideration standard should be considered before making such a request.

*Second*, the Court construes Apple's Opposition (and Errata) to the Application to be a request to revise the underlying application to seal to conform with Local Rule 79-5. Apple no longer seeks to seal 32 trial exhibits, and seeks narrowed redactions for 23 fully sealed trial exhibits. A review of this request demonstrates that Apple's new redactions seek to keep sealed information relating to proprietary technical information and strategies, human resources policies and strategies, and employee or potential employee personal information. See, e.g., Snapkeys, Ltd. v. Google LLC, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("[C]ourts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm."); Frost v. LG Elecs. Inc., No. 16-cv-05206-BLF, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) ("sensitive and proprietary information regarding [a party's] internal human resources policies and practices satisfies the compelling reasons standard"); Bickley v. Schneider Nat'l, Inc., No. C 085806 JSW (JL), 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011) ("An employee's personnel records and employment information are protected by the constitutional right to privacy."). Applying the relevant standards for finding compelling reasons to seal, the Court approves Apple's proposed redactions, several of which the Court notes Plaintiffs do not oppose, at least in part. See generally Reply.

As the parties prepare for any retrial in this case, the Court advises that it agrees, "[t]here is a fundamental difference between disclosing a sentence or two from a confidential document in open court--particularly when necessary to preserve the public's ability to see and understand the trial--and waiving all confidentiality rights to portions of documents that were never shown or discussed and that are irrelevant to the issues before the jury." Opp. at 7. The Court will apply this distinction to future requests to seal trial exhibits, and the parties should meet and confer to reach agreement on what was disclosed in substance in open court before making such requests in the future.

This distinction notwithstanding, for any further proceedings in this case, the Court **ORDERS** the parties to comply with the following directives.

(1) Comply with Local Rule 7-3 and meaningfully meet and confer before filing any future applications to seal or unseal (or any other request for affirmative

relief) to narrow potential disputes. Future violations may result in sanctions.

(2) File a regularly noticed motion if affirmative relief is sought (including regarding prior sealing or prospective unsealing).

(3) Apply the applicable reconsideration standard set forth in Local Rule 7-18 if asking the Court to revisit any prior order.

(4) Comply strictly with Local Rule 79-5 and the compelling reasons standard before requesting sealing (or that a document be unsealed or remain sealed) for any document, or part of a document.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Application to Unseal, and **GRANTS** Apple's implied request to revise its underlying application to seal by removing the sealing designation for 32 trial exhibits and substituting the 23 proposed redacted trial exhibits, including as reflected in the Notice of Errata, for the fully sealed ones.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | eva | |