UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048 JVS (JDEx) | Date | August 4, 2023 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding (1) Defendant's Motion under Rule 52 for Judgment on Its Equitable Defenses and (2) Plaintiffs' Rule 52 Motion for Judgment Regarding Apple's Defenses**

Before the Court is Defendant's Motion under Rule 52 for Judgment on Its Equitable Defenses. See D-Mot., Dkts. 1753, 1766 (sealed); P-Opp'n, Dkts. 1795, 1811 (sealed); D-Reply, Dkt. 1816. The Court issued a tentative ruling and held a hearing on the Motion on July 31, 2023. For the reasons stated below, the Court **DENIES without prejudice** Defendant's Motion.

Also before the Court is Plaintiffs' Rule 52 Motion for Judgment Regarding Apple's Defenses. See P-Mot., Dkts. 1756, 1774 (sealed); D-Opp'n, Dkt. 1798; P-Reply, Dkt. 1828. The Court issued a tentative ruling and held a hearing on the Motion on July 31, 2023. As to both Motions, the parties stated that they submit on the tentative. For the reasons stated below, the Court **DENIES without prejudice** Plaintiffs' Motion as to laches and waiver; the Motion is **MOOT** as to the other defenses.

## I. BACKGROUND

The parties are familiar with the factual and procedural background of this case so the Court recites it here only as necessary to resolve the Motions.

Because the parties' competing Rule 52 Motions largely present the same issues, as summarized in the table below, the Court considers them in tandem.

| Filing | D-Motion | P-Opp'n | D-Reply | |
|---|---|---|---|---|
| Defendant's Rule 52 Motion | Waiver (knowing + intelligent) and laches (acquiescence + prejudice) bar the trade secret misappropriation claim because Plaintiffs unjustifiably delayed for six years before bringing this suit (citing, e.g., 2014 letter; Kiani conversation with Dalvi; release of early Apple Watches; 2016 Lamego patent). | Laches, an equitable defense, cannot bar a claim that has a corresponding statute of limitations. None of the cited events suggest Plaintiffs should have investigated. No acquiescence[1] or prejudice, and mere delay does not establish waiver. | Laches is an available defense because Plaintiffs' claim is untimely under the statute of limitations. Apple's waiver theory begins with the affirmative act of the 2014 letter, not merely the passage of time. The Court can reach waiver and find facts de novo under Rule 52. | |
| | | P-Motion | D-Opp'n | P-Reply |
| Plaintiffs' Rule 52 Motion | | Laches is not a defense to trade secret misappropriation. Apple failed to carry its burden at trial on laches and waiver. The Court should enter judgment on the other defenses (readily ascertainable, failure to mitigate, and unclean hands). | Laches is an available defense to trade secret misappropriation; the federal cases on which Plaintiffs rely relate to separation of powers. Apple proved laches and waiver at trial using the same evidence that supports its statute of limitations defense. Plaintiffs did not meet and confer on the other defenses. | Because laches and waiver have factual overlap with the statute-of-limitations issue, the Seventh Amendment requires the Court to wait until after the jury trial on the legal issues to find for Apple, but it can find for Plaintiffs now as to non-overlapping facts. |

---

[1] Plaintiffs assert that Apple's pretrial disclosures, including the Final Pretrial Order, did not disclose that Apple would proceed under the acquiescence prong, and thus it should be barred from doing so now. P-Opp'n at 8 (citing Dkt. 1483 [Pretrial Conference Order] at 19:22-23; Dkt. 1361 [Apple's Mem. of Contentions of Fact and Law] at 11:19-22). Apple replies that Plaintiffs cite no authority for the proposition that it is limited by its Memorandum of Contentions of Fact and Law, and regardless, there is no surprise because Plaintiffs cite the same standard (acquiescence or prejudice) in their Rule 52 Motion. D-Reply at 10 n.7.

## II. Legal Standard

Rule 50 applies to issues tried to a jury and Rule 52 governs issues tried to the court. Granite State Ins. v. Smart Modular Tech., 76 F. 3d 1023, 1030-31 (9th Cir. 1996). Under Rule 52, "the district court … [i]s the appropriate trier of fact on equitable … defense[s]." Id. at 1028. "Rule 52(c) provides the court may enter judgment after a party has been 'fully heard,'" and under the rule, the Court is authorized "'to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence.'" Id. at 1031 (quoting Fed. R. Civ. P. 52(c) and Advisory Committee Notes on 1991 Amendment).

## III. Discussion

A.   Rule 50 Order

At the Rule 50(a) stage, Plaintiffs sought JMOL regarding Defendant's defenses, including unclean hands, laches, statute of limitations, waiver, failure to mitigate, unclean hands and readily ascertainable. See Dkt. 1724, R50 Order at 19. Apple responded that Plaintiffs could not obtain JMOL as to Apple's equitable defenses because they would not be presented to the jury, and other defenses had been mooted by pretrial rulings, or the related issues had been preserved for appeal. Id. The Court ruled the issue was moot as to Apple's unclean hands defense based on Apple's decision not to present it, considering the Court's pretrial ruling; the Court also ruled that the motion was denied as to statute of limitations, and "moot as to the remaining defenses as none has been presented at trial." Id.; see also id. at 19 n.7 (noting Apple's preservation of issues for appeal).

Plaintiffs argue this ruling means that the Court already found in their favor under Rule 52 as to, inter alia, waiver and laches. The Court disagrees. No reasonable reading of the Rule 50 Order suggests that the Court implicitly made a sua sponte Rule 52 ruling finding against Apple on waiver and laches, as Plaintiffs now suggest. To the extent the Court's use of the word "moot" confused the issues, the Court clarifies that it intended to convey that the Rule 50 Order was not the appropriate place to consider equitable issues that would be decided by the Court (i.e., "none has been presented at trial [as a question to be presented to the jury]," so the matters could not be resolved as part of a Rule 50(a) motion). See Dkt. 1483, FPTO at 15:5-6, 19:1-6 (confirming Apple's affirmative defenses of laches and waiver were issues for the Court to decide after trial).

Accordingly, the Court rejects Plaintiffs' request that the Court "confirm" its prior ruling applies. The Court will consider the merits of both Rule 52 Motions.

B.   Equitable Defenses to CUTSA Misappropriation Claim

Laches presents an equitable bar to relief where the plaintiff "unreasonabl[y] delay[ed]" filing suit or did not diligently pursue its claim, and either (1) the plaintiff "acquiesce[d] in the act about which [it] complains" or (2) "prejudice to the defendant result[ed] from the delay." Johnson v. City of Loma Linda, 24 Cal. 4th 61, 68 (2000). "[T]he existence of laches is a question of fact to be determined by the trial court in light of all of the applicable circumstances." Estate of Kampen, 201 Cal. App. 4th 971, 997 (2011).

The parties dispute whether laches and waiver can bar a trade secret misappropriation claim under CUTSA. Plaintiffs observe that CUTSA presents a legal, not equitable claim, but Defendant responds that equitable defenses may still be raised where Plaintiffs seek only an equitable remedy (unjust enrichment) for that claim. Under California law, "[e]ven where equitable claims are combined with actions at law, laches remains unavailable as a defense to the legal claims." Blaser v. State Teachers' Ret. Sys., 86 Cal. App. 5th 507 (2022), review denied (Mar. 15, 2023). The Court need not decide whether recent Supreme Court authority relating to laches in the patent and copyright infringement federal law contexts applies to bar a laches defense to California trade secret misappropriation, however, because the more germane underlying issue is whether Plaintiffs' trade secret misappropriation claim was timely.

Apple acknowledges that "Plaintiffs' argument (Opp. 3) that laches is inapplicable to a claim that is timely under CUTSA's statute of limitations is true but irrelevant." D-Reply at 5. In other words, the parties agree that laches may be applied as an equitable bar to *untimely* misappropriation claims. See, e.g., Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp., 2012 WL 3090935, at *14-15 (Del. Ch. July 31, 2012) (holding that an untimely "claim[] under CUTSA … [is] barred by laches"); compare Solis v. Couturier, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009) ("delay in bringing this suit, so long as it satisfies the statute of limitations, cannot constitute waiver of any cause of action"). Thus, Apple's statute of limitations defense must be resolved before the propriety of its equitable defenses can be reached.

The parties tend to agree that the same facts underlie both the statute of limitations defense, which must be decided by a jury, and the equitable defenses, which will be decided by the Court. "Thus, where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" Granite State, 76 F.3d at 1027 (quoting Ross v. Bernhard, 396 U.S. 531, 537-38 (1970)); see also Kaneka Corp. v. SKC Kolon PI, Inc., 198 F. Supp. 3d 1089, 1115-16 (C.D. Cal. 2016) (when "equitable claims are joined with legal claims and have factual questions in common, the judge's determination of the equitable claims cannot deprive the litigants of their right to a jury trial on factual questions").

Applying this rule, the Court finds that it must defer ruling on Apple's equitable defenses until a jury returns factual findings on the intertwined statute of limitations

defense. Issuing independent factual findings under Rule 52 on this overlapping issue would violate Plaintiffs' right to a jury trial on its misappropriation claim and the related statute of limitations defense. The Court declines to resolve other facts to find in Plaintiffs' favor. The Court will consider the issues together after a verdict is reached.

Accordingly, the Court **DENIES** without prejudice both Rule 52 Motions. Any party may file a renewed Rule 52 Motion on these issues at the appropriate time, if necessary.

C.     Other Defenses

It is not clear to the Court that Plaintiffs conducted a meet and confer on the other defenses. In the interest of efficiency, the Court addresses the other defenses in the context of the Rule 50 Order.

First, Apple concedes that its intervening acts and failure to mitigate defenses are moot because the Court struck Plaintiffs' damages claims. Accordingly, the Court finds these defenses **MOOT** and declines to rule on the merits. Because the defenses are no longer at issue, the Court need not make factual findings or enter judgment on these now-defunct defenses. Apple may not seek to re-raise these defenses in any retrial.

Second, the Court's legal rulings relating to Apple's ability to present its unclean hands and readily ascertainable defenses resolved these defenses for purposes of this case. See Dkt. 1526 (unclean hands); Dkt. 1284 (readily ascertainable). Based on those rulings, the matters were necessarily not presented at trial and the Court need not make factual findings or enter post-trial judgment on defenses for which legal rulings have already been provided. Apple may not seek to re-raise these defenses in any retrial.

Accordingly, for the reasons stated above, these issues have either been resolved as a matter of law and can be addressed on appeal, or the issues are moot. Thus, the issues shall not be presented at any retrial.

## V. Conclusion

For the foregoing reasons, the Court **DENIES without prejudice** both Rule 52 Motions as to laches and waiver; Plaintiffs' Motion is otherwise **MOOT**.

The Court asks the parties to meet and confer and, within 7 days, notify the Court via email to the Courtroom Deputy Clerk which parts of this sealed order should be redacted from the publicly filed version of the order.

If the parties request that any portions of the order remain sealed, when submitting their request, they shall attach a copy thereof with proposed redactions for the Court's review.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | eva | |