Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No.
208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                     brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)          Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                   mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**     **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                   1925 Century Park East, Suite 600
San Diego, CA 92130                        Los Angeles, CA 90067
Phone: (858) 707-4000                      Phone: (310) 551-3450
Fax: (858) 707-4001                        Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **APPLICATION FOR LEAVE TO**<br>) **FILE UNDER SEAL DOCUMENTS**<br>) **REGARDING PLAINTIFFS'**<br>) **SUPPLEMENTAL RESPONSE**<br>) **REGARDING UNJUST**<br>) **ENRICHMENT**<br>)<br>)<br>)<br>)<br>) |

-1-

1

2        Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation and Cercacor

3   Laboratories, Inc. (collectively, "Plaintiffs") respectfully request leave to file under seal

4   documents regarding Plaintiffs' Supplemental Response Regarding Unjust Enrichment

5   ("Supplemental Response").  Plaintiffs request the Court seal the highlighted portions

6   of Plaintiffs' Supplemental Response, as well as Exhibits 2-3 and 6-18 to the Declaration

7   of Mark D. Kachner in support of the Supplemental Response in their entirety.

8                          **I.      LEGAL STANDARDS**

9        The public's "access to judicial records is not absolute."  *Kamakana v. City &*

10  *Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  "One factor that weighs in

11  favor of sealing documents is when the release of the documents will cause competitive

12  harm to a business."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed.

13  Cir. 2013).  Information should be sealed where "competitors could not obtain [the

14  information] anywhere else."  *Id.* at 1229 (reversing district court's refusal to seal

15  material after finding compelling reasons to seal the material).  Documents should be

16  sealed when good cause exists.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

17  307 F.3d 1206, 1210 (9th Cir. 2002).

18                          **II.     ARGUMENT**

19       This Court previously granted Apple's motion to seal all of the exhibits that are

20  the subject of this application.  *See* Dkt. 1688 (granting Apple's Application to Maintain

21  Under Seal Specific Trial Exhibits).

22       Apple previously argued that Exhibits 2-3 and 6-18 discuss Apple's confidential

23  information regarding product development and proprietary technology—including

24  internal Apple documents and communications—related to research and development

25  of Apple Watch products.  Dkt. 1908 at 1-2 (citing *Snapkeys, Ltd. v. Google LLC*, 2021

26  WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("[C]ourts have found compelling reasons

27  to seal information regarding a company's proprietary technology when the disclosure

28  of that information would result in competitive harm.") (collecting cases); *see also Perez*

1    *v. Bath & Body Works, LLC*, 2022 WL 16836970, at \*2 (N.D. Cal. Nov. 9, 2022)

2    (granting motion to seal information relating to "internal processes for product research

3    and development and product testing that could potentially be used by competitors to

4    gain a competitive advantage")); *see also* Dkt. 1678.  The Court granted Apple's motion

5    for each of these exhibits.  Dkt. 1688.

6        Exhibits 2-3 and 7-18 also disclose and discuss Masimo's technical trade secrets.

7    Courts seal documents where, as here, disclosure "will cause competitive harm."  *See*

8    *Apple*, 727 F.3d at 1221; Declaration of Mark D. Kachner at ¶ 4.  Masimo's competitors

9    should not, because of the judicial process, be permitted to access Masimo's technical

10   trade secret information that they "could not obtain anywhere else."  *Apple*, 727 F.3d at

11   1229; Kachner Decl. at ¶ 4.  For instance, Masimo's competitors would not be able to

12   obtain from elsewhere the information regarding Masimo's technical trade secrets.

13   Kachner Decl. at ¶ 4.

14       Exhibit 6 is an internal Apple presentation. Apple previously argued that portions

15   of this exhibit contain "Apple's confidential business strategy and decision making—

16   including internal Apple documents and communications—related to Apple Watch

17   products and consumer health."  Dkt. 1678 at 2.  The Court granted Apple's motion to

18   seal the confidential portions of this exhibit, *see* Dkt. 1688, and denied Masimo's motion

19   to unseal the confidential portions of this document, *see* Dkt. 1891 at 5.

20       Attached hereto is an unredacted copy of Plaintiffs' Supplemental Response that

21   Plaintiffs have highlighted in yellow to identify proposed redactions.  Plaintiffs have

22   highlighted material that quotes, references, summarizes, or discusses material already

23   filed under seal, including the exhibits referenced above.  *Id.* at ¶ 5.

24       Pursuant to this Court's Order Regarding Plaintiffs' Application to Unseal Certain

25   Trial Exhibits (Dkt. 1891) and Local Rule 7-3, Plaintiffs met and conferred with Apple

26   on August 14, 2023 regarding the sealing of Exhibits 3, 9-10, and 15-18 (also cited in

27   Apple's brief) (*see also* Dkt. 1908 at 2; Dkt. 1909-1), when Apple sought to seal these

28   exhibits.  Plaintiffs also met and conferred with Apple on August 28, 2023 regarding the

sealing of Exhibits 2-3, 6-10, 12, 14, and 16-18.  On September 2, 2023, Plaintiffs further notified Apple it would also seek to seal Exhibits 11 and 13.  Kachner Decl. at ¶ 6.  On September 5, 2023, Apple informed Plaintiffs that Apple did not object to the sealing of any of these exhibits or the corresponding material in Plaintiffs' Supplemental Response. *Id.* at ¶ 6.

## III.   CONCLUSION

For the reasons discussed above, Masimo respectfully requests that the Court seal the highlighted portions of Plaintiffs' Supplemental Response, as well as Exhibits 2-3 and 6-18 to the Declaration of Mark D. Kachner in support of the Supplemental Response in their entirety.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  September 5, 2023              By: */s/ Mark D. Kachner*
                                           Joseph R. Re
                                           Stephen C. Jensen
                                           Sheila N. Swaroop
                                           Brian C. Horne
                                           Irfan A. Lateef
                                           Benjamin A. Katzenellenbogen
                                           Brian C. Claassen
                                           Stephen W. Larson
                                           Mark D. Kachner
                                           Adam B. Powell
                                           Kendall M. Loebbaka
                                           Daniel P. Hughes

                                           Attorneys for Plaintiffs
                                           MASIMO CORPORATION and
                                           CERCACOR LABORATORIES, INC.

58193107

-4-