MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT THE PATENT STAY** <br><br> Hearing: February 26, 2024 <br> Time: 1:30pm <br> Location: Courtroom 10C |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

APPLE'S OPPOSITION TO MOTION TO LIFT PATENT STAY

CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ........................................................................................................... 5

I.    **PLAINTIFFS' MOTION IS PREMATURE BECAUSE THE COURT'S PATENT STAY REMAINS IN EFFECT UNTIL THE MANDATE ISSUES IN EACH IPR APPEAL**.................................. 5

  A.   The Federal Circuit's IPR Decisions—Like All Appellate Decisions—Are Not Final Until Their Mandates Issue ........................... 5

  B.   The 2022 Stay Order Remains In Effect Because Its Term Extends "Until The Federal Circuit Makes A Final Determination" About The Asserted Patents ...................... 7

II.   **EVEN IF THIS COURT WERE TO RECONSIDER THE 2022 STAY ORDER, PLAINTIFFS HAVE FAILED TO IDENTIFY A SIGNIFICANT CHANGE IN CIRCUMSTANCES** ..................... 8

  A.   The Stage Of Proceedings Have Not Changed Since 2022 ...................... 8

  B.   Plaintiffs Have Not Identified Any New Prejudice Since 2022 ............. 10

  C.   Waiting For Resolution Of Apple's Petition For Rehearing Would Have Significant Efficiency Benefits ....................... 12

CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abcellera Biologics Inc. v. Berkeley Lights Inc.*,
No. 20-CV-08624-JST, 2022 WL 20016824 (N.D. Cal. Aug. 22, 2022) .... 12, 13

*Akeena Solar Inc. v. Zep Solar Inc.*,
No. C 09-05040 JSW, 2011 WL 2669453 (N.D. Cal. July 7, 2011) ................... 5

*Apple Inc. v. Masimo Corp.*,
No. 2022-1890, 2024 WL 137336 (Fed. Cir. Jan. 12, 2024) ............................ 14

*Baxter Healthcare Corp. v. Becton, Dickinson & Co.*,
No. 3:17-CV-2186 JLS-RBB, 2021 WL 22553 (S.D. Cal. Jan. 4, 2021) ...... 9, 14

*Cellwitch Inc. v. Tile Inc.*,
No. 19-CV-01315-JSW, 2021 WL 9145413 (N.D. Cal. Oct. 8, 2021) ............. 12

*DivX, LLC v. Netflix Inc.*,
No. CV191602PSGDFMX, 2022 WL 1208167 (C.D. Cal. Mar. 29,
2022) ........................................................................................................... 14

*FT Travel—New York, LLC v. Your Travel Center, Inc.*,
112 F. Supp. 3d 1063 (C.D. Cal. 2015) ..................................................... 8, 9

*GPX International Tire Corp. v. United States*,
678 F.3d 1308 (Fed. Cir. 2012) ......................................................... 1, 5, 6, 7

*Grobler v. Apple, Inc.*,
No. 12-CV-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) ................ 8

*Hill-Rom Services, Inc. v. Stryker Corp.*,
755 F.3d 1367 (Fed. Cir. 2014) .................................................................. 15

*Littlefuse, Inc. v. Mersen USA EP Corp.*,
29 F.4th 1376 (Fed. Cir. 2022) .................................................................. 14

*LKQ Corp. v. GM Global Technology Operations LLC*,
No. 2021-2348, 2023 WL 328228 (Fed. Cir. Jan. 20, 2023) ......................... 14

Wilmer Cutler Pickering Hale and Dorr LLP

*Masimo Corp. v. Apple Inc.*,
   No. 2022-1631, 2023 WL 5921622 (Fed. Cir. Sept. 12, 2023)...........................4

*Natural Resources Defense Council, Inc. v. County of Los Angeles*,
   725 F.3d 11941204 (9th Cir. 2013) .......................................................6

*Network-1 Sec. So., Inc. v. Alcatel-Lucent USA Inc.*,
   No. 6:11CV492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015).........................8

*Parallax Group International v. Incstores*,
   No. SACV1600929JVSDFMX, 2021 WL 3508231 (C.D. Cal. May 12, 2021) (Selna, J.) ..........................................................................1, 13

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ...........................................14

*Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*,
   No. CV 12-1461-LPS-CJB, 2015 WL 219019 (D. Del. Jan. 14, 2015).............13

*Robert Bosch Healthcare Systems, Inc. v. Cardiocom LLC*,
   No. 14-CV-01575-EMC, 2017 WL 6939167 (N.D. Cal. Mar. 16, 2017)...........9

*Thorner v. Sony Computer Entertainment America LLC*,
   669 F.3d 1362 (Fed. Cir. 2012) .......................................................15, 16

*Willis Electric Co. v. Polygroup Ltd.*,
   No. 15-CV-3443-WMW-KMM, 2018 WL 4815563 (D. Minn. Oct. 4, 2018) ...................................................................................................1

**Other Authorities**

Federal Rule of Appellate Procedure 41(b)...............................................6

Federal Rule of Appellate Procedure 41(c) .......................................1, 5, 6

1

## INTRODUCTION

2   Plaintiffs' request to lift the patent stay should be rejected.  This Court previously

3   ruled that the patent stay "continue[s] through the Federal Circuit's decisions on the

4   PTAB's IPR decisions" regarding the patentability of Plaintiffs' asserted patents—i.e.,

5   "until the Federal Circuit makes a final determination about these patents."  Dkt. 786

6   ("2022 Stay Order") at 5, 6.[1]  "An appellate court's decision is not final until its mandate

7   issues."  *GPX Int'l Tire Corp. v. United States*, 678 F.3d 1308, 1312 (Fed. Cir. 2012);

8   *accord* Fed. R. App. 41(c) Adv. Comm. Note (1998).  In four of the twelve IPR appeals,

9   no mandate has issued.  In particular, because Apple will file a petition for rehearing in

10  the No. 22-1890 appeal, the mandate will likely not issue in that case for at least another

11  few months.[2]

12  Given the 2022 Stay Order remains effective, Plaintiffs' filing can be disposed of

13  simply because it is "premature."  *Parallax Group Int'l v. Incstores*, 2021 WL 3508231,

14  at *2 (C.D. Cal. May 12, 2021) (Selna, J.); *Willis Elec. Co. v. Polygroup Ltd.*, 2018 WL

15  4815563, at *2 (D. Minn. Oct. 4, 2018) (denying renewed motion to lift stay where

16  appellate decision was expected in "two-to-three months").  But even if this Court re-

17  does the stay analysis for a third time, the same basic considerations that favored a stay

18  in June 2022 still apply today: (1) the patent side of the case is still in its early stages,

19  (2) resolution of Apple's forthcoming petition for rehearing could simplify issues for

20  trial by invalidating at least 40% of Plaintiffs' remaining asserted claims, and (3)

21

22

---

23  [1] Plaintiffs' brief repeatedly refers to this Court's first stay ruling as *the* "Stay Order,"
    Mot. 2, 5, 7.  The operative decision is this Court's 2022 ruling, which addressed the
24  question of whether to grant a stay pending appeal of the IPR rulings.  Plaintiffs
    largely ignore this superseding ruling, which—to avoid confusion—Apple abbreviates
25  as "2022 Stay Order."

26  [2] Plaintiffs misstate the parties' communications by asserting Apple "might file a
    petition for rehearing."  Mot. 1.  Apple *will* file a petition in at least one appeal where
27  it did not prevail; it has not reached a final decision as to the second appeal.  Mot. Ex.
    1 at 4 (noting Apple "plans to file a petition for rehearing in at least the 22-1890
28  appeal").  Apple's counsel repeated that same point during the meet and confer.

---

Plaintiffs identify no new material evidence of prejudice suggesting that waiting a few months longer will cause cognizable harm.  2022 Stay Order at 6.

Ultimately, proceedings in front of the Board and the Federal Circuit have confirmed the wisdom of this Court's two prior stay rulings.  Apple has succeeded in invalidating 209 of the asserted claims—roughly 85% of the total asserted.  Just two patents (and a handful of unasserted claims from a third) now are left, and Apple's forthcoming petition for rehearing could eliminate a substantial number of the remaining asserted claims in the not-too-distant future.  Under the circumstances, Apple respectfully submits that this Court should stick to the course it previously charted— leaving the stay in place until the Federal Circuit has definitively weighed in on all asserted patents, which will not impose any undue delay on the patent issues.

## BACKGROUND

### A.    The First Stay Ruling

In September 2020, Apple filed a motion to stay the twelve patent infringement claims in this case "pending final disposition" of its IPR petitions.  Dkt. 196-1 at 1.  The Court "grant[ed] the motion," explaining that "[t]his case is in its early stages" and that "it is certainly clear that there is more work ahead of the parties and the Court than behind us."  Dkt. 220 at 3-4, 8.  For example, the Court observed that the parties were not scheduled to "submit their preliminary claim constructions" for several months and that the *Markman* hearing was "more than six months away."  *Id.*  The Court also placed weight on the fact that even "[c]ancellation of only a portion of the asserted claims may still significantly reduce the scope of this litigation."  *Id.* at 5.

While the Court found that Plaintiffs might suffer "some prejudice" from the delay, it was "not substantial as compared to the significant inefficiencies and simplification of the issues that would come from instituting a stay."  Dkt. 220  at 8.  In particular, the Court concluded that the threat of competitive harm did not warrant denial of the stay, as there are "a variety of other companies [that] also sell products that

measure blood oxygen content." *Id.* at 7.  Accordingly, Plaintiffs and Apple were at least not "sole competitors, which reduces the amount of prejudice that Plaintiffs would suffer" from a stay.  *Id.*

## B.   The Second Stay Ruling

In spring 2022, the Patent Office issued a final written decision for each of the asserted patents, finding all asserted claims unpatentable with just two exceptions: the claims from U.S. Patent Nos. 8,547,703 and 10,433,776.  *See Apple Inc. v. Masimo Corp.*, IPR2020-01523, Paper 32 (Apr. 11, 2022*)*; *Apple Inc. v. Masimo Corp.*, IPR2020-01524, Paper 29 (Apr. 29, 2022).  Apple appealed both rulings, and Masimo appealed its ten losses.

In May 2022, Plaintiffs informed Apple that they believed the 2020 stay order applied only to Patent Office proceedings and did not extend to any subsequent appeals. *See* Dkt. 755 at 2-3.  Apple disagreed.  *Id.* at 3.  Plaintiffs subsequently filed a motion "to confirm that the stay of the patent claims has ended."  2022 Stay Order at 1.

This Court denied Plaintiffs' motion.  While it acknowledged that its prior ruling "did not decide the issue" of whether the patent stay should continue through appeal, the Court performed a new analysis and found "that, on balance, continuing the stay is warranted."  2022 Stay Order at 4, 6.

Specifically, the Court's decision acknowledged that discovery into the patent claims had been minimal in light of the stay.  2022 Stay Order at 4.  The Court also found that it "remains true" that a stay could "significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved."  *Id.*  Proceeding on only some patents "would be a waste of resources … while appeals are pending on all twelve patents" and could potentially "multiply the proceedings unnecessarily."  *Id.* at 5.  Finally, the Court found that Masimo had not identified any new prejudice it would suffer from a stay that was not already addressed in the 2020 stay ruling.  *Id.* at 5-6.  In particular, the Court noted that "Plaintiffs continue

1 to argue competitive harm and argue they are prejudiced by Apple flooding the market

2 [but] they do not aver that they are sole competitors in the relevant market, so that fact

3 has not changed." *Id.* at 5-6; *see also id.* at 3 (summarizing Plaintiffs' argument that

4 they would purportedly "be severely prejudiced by a new stay as Apple is now flooding

5 the market with pulse oximetry products that compete with Masimo").

6    Although the Court stated that it was "not necessary" to its analysis, the Court

7 also noted it "tend[ed] to agree" that "injecting [new] patent counts" into the case nine

8 months before trial would be "untenable." 2022 Stay Order at 5. This was because the

9 parties would "at a minimum, … have to exchange updated contentions, go through the

10 entire *Markman* process, and address any patent-related summary judgment matters."

11 *Id.* at 5.

12    **C.  Proceedings Leading To The Third Stay Motion**

13    The Federal Circuit issued the last of its decisions on the pending IPR appeals in

14 mid-January 2024. *See Masimo Corp. v. Apple Inc.*, No. 22-1895 (Jan. 10, 2024), ECF

15 No. 47; *Masimo Corp. v. Apple Inc.*, No. 22-1894 (Jan. 10, 2024), ECF No. 47; *Apple*

16 *Inc. v. Masimo Corp.*, No. 22-1890 (Jan. 12, 2024), ECF No. 36; *Apple Inc. v. Masimo*

17 *Corp.*, 22-1891 (Jan. 12, 2024), ECF No. 37. All four decisions affirmed the Patent Trial

18 and Appeal Board's ruling below, meaning Apple prevailed in the -1894 and -1895

19 appeals and Plaintiffs prevailed in the -1890 and -1891 appeals. The mandate will not

20 issue in any of those cases until mid-February 2024 or until any petitions for rehearing

21 are resolved—whichever comes later.[3]

22    On January 16, 2024, Plaintiffs' counsel requested that Apple stipulate that the

23 patent stay had ended. Mot. Ex. 1 at 5. Apple responded by noting that the mandates in

24 the four pending appeals had not yet issued and that Apple planned to petition for

25

26 ───────────────

27 [3] Beyond the patents at issue in the 22-1890 and -1891 appeals, Plaintiffs managed to preserve six claims from U.S. Patent No. 10,588,544. *See Masimo Corp. v. Apple Inc.*, 2023 WL 5921622, at *9 (Fed. Cir. Sept. 12, 2023) (discussing claims 13-18). But Plaintiffs have never asserted claims 13-18 in this litigation.

28

rehearing in at least the -1890 appeal.  Mot. Ex. 1 at 4.  Rather than directly address the lack of finality, Plaintiffs indicated that they would file a motion seeking the same relief as the proposed stipulation.  Mot. Ex. 1 at 4.  During the subsequent meet and confer, Apple pointed Plaintiffs to the Federal Circuit's decision in *GPX* and the Advisory Committee Notes to Federal Rule of Appellate Procedure 41(c) to explain why the patent stay was still in place.  Plaintiffs were unable to identify any authority suggesting that the Federal Circuit decisions became final before the mandate issued—or any language in the 2022 Stay Order suggesting that this Court intended the stay to lift before the decisions were final.

## ARGUMENT

As Plaintiffs' own authority makes clear, a court should only "abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed ***significantly***."  *Akeena Solar Inc. v. Zep Solar Inc.*, 2011 WL 2669453, at \*2 (N.D. Cal. July 7, 2011) (emphasis in original) (denying motion to lift stay as "premature").[4]  Plaintiffs' motion should be denied for two separate reasons: (1) this Court's 2022 Stay Order contemplated that it would remain in place until the Federal Circuit made a "final determination" on all of the challenged patents (something that has not yet occurred) and (2) even if the three-factor stay analysis is fully redone, it still weighs in favor of leaving the stay in place until Apple's petition for rehearing is resolved.

I.   **PLAINTIFFS' MOTION IS PREMATURE BECAUSE THE COURT'S PATENT STAY REMAINS IN EFFECT UNTIL THE MANDATE ISSUES IN EACH IPR APPEAL**

A.   **The Federal Circuit's IPR Decisions—Like All Appellate Decisions— Are Not Final Until Their Mandates Issue**

The 2022 Stay Order is still in effect and will remain in effect through at least mid-March 2024.  This is because the Federal Circuit's January decisions do not

---

[4] Emphasis added unless otherwise noted.

become final until their mandates issue, and the last of those mandates will not issue until March 19, 2024 at the earliest.

*First*, an appellate panel's decision does not become final until the Court issues its mandate.  This basic principle has been embedded in the Federal Rules of Appellate Procedure for over twenty-five years.  *See* Fed. R. App. P. 41(c), Adv. Committee Note (1998) ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed.").  The Federal Circuit confirmed in *GPX International Tire Corp. v. United States* that a recently issued panel decision could permissibly be modified because "our mandate has not yet issued."  678 F.3d 1308, 1312 (Fed. Cir. 2012).  And in *National Resources Defense Counsel v. County of Los Angeles*, the Ninth Circuit similarly recognized that "[a] court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties."  725 F.3d 1194, 1203-1204 (9th Cir. 2013).

The Federal Circuit's decisions are thus not final because the Court has not issued its mandate in four of the pending IPR appeals.  Under Federal Rule of Appellate Procedure 41(b), the mandates will issue seven days "after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing [or] petition for rehearing en banc …, whichever is later."  Under Federal Circuit Rules 35(j) and 40(d), a petition for rehearing is not due until 30 days after the initial decision issues.  Moreover, Apple plans to petition for rehearing in at least the -1890 appeal, meaning that the mandate in that case will issue no sooner than March 19, 2024.  *See* Fed. Cir. IOP Nos. 12, 14 (panel and *en banc* court each allotted "ten working days" to request a response to the petition); Mot. Ex. 3 at 8 (noting "the court rule[s] much more quickly on petitions that were denied without a call for a response (30.9 + 8.8 days)").  In short, if Masimo is right that the odds of a

grant are "infinitesimal[]," Mot. 1, the patent stay should expire of its own accord in less than two months.[5]

**B.  The 2022 Stay Order Remains In Effect Because Its Term Extends "Until The Federal Circuit Makes A Final Determination" About The Asserted Patents**

The 2022 Stay Order should remain in effect because it already contemplated the chief purported "change" Plaintiffs' motion identifies.  Specifically, the Order indicates it will remain in place "until the Federal Circuit makes *a final determination* about these patents." 2022 Stay Order at 5.  That approach makes good sense, particularly considering that a key reason for entering the appellate stay was to "preserve[]" the "parties' and the Court's resources."  *See id.*  Under Plaintiffs' approach, the parties could spend several months proceeding through the normal discovery processes—updating infringement contentions, preparing and briefing claim construction issues, and serving and responding to written discovery—only to have that time and effort be for naught due to a change in decision from the Federal Circuit. After all, "[s]o long as issuance of the mandate remains stayed by a timely petition for rehearing, the case is 'pending' in the court of appeals, with sometimes significant consequences."  Wright & Miller, *Federal Practice And Procedure: Jurisdiction and Related Matters* § 3987 (updated 2023).

Although the fact that several of the Federal Circuit's decisions are still non-final was discussed at some length during the parties' meet and confer, *supra* pp. 4-5, Plaintiffs' motion largely sidesteps the issue.  Instead, Plaintiffs assert—without explanation or citation to legal authority—that the "appeals to the Federal Circuit [have] concluded."  Mot. 1.  As explained above, that is incorrect as a matter of law.

---

[5] If the Federal Circuit calls for a response to Apple's petition—and/or ultimately grants it—the mandate will take longer to issue.  *See, e.g.*, *GPX*, 678 F.3d at 1313 (mandate issued five months after petition filed); Mot. Ex. 3 at 8.  But either step would increase the likelihood that the Federal Circuit invalidates a substantial number of live claims, meaning the efficiency goals from a stay are more likely to be realized.

Plaintiffs identify no case where a court has lifted a patent stay during the reasonably brief period between when the Federal Circuit issues a decision and when it adjudicates a petition for rehearing.[6]

Given that Plaintiffs have failed to raise any reasoned argument on this front in their opening brief, they should not be permitted to do so in the first instance on reply. *See FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases for the proposition that "[c]ourts decline to consider arguments that are raised for the first time in reply").

## II. EVEN IF THIS COURT WERE TO RECONSIDER THE 2022 STAY ORDER, PLAINTIFFS HAVE FAILED TO IDENTIFY A SIGNIFICANT CHANGE IN CIRCUMSTANCES

### A. The Stage Of Proceedings Have Not Changed Since 2022

The 2022 Stay Order correctly found that Plaintiffs' patent case is still "in its early stages."  2022 Stay Order at 4.  This is because "[d]ue to the [2020] stay, save for some overlapping discovery, the patent claims have necessarily remained at the same stage."  *Id.*  For example, "at a minimum, the parties would have to exchange updated [infringement] contentions, go through the entire *Markman* process, and address any patent-related summary judgment matters."  *Id.* at 5.

Although Plaintiffs claim that "[t]he stage of litigation favors lifting the stay," Mot. 7 (capitalization omitted), they make no real effort to explain why the analysis today should be any different from what it was in 2022.  Indeed, Plaintiffs largely cross-reference their briefing from 2022, which similarly relied on the raw scope of discovery that has been conducted in this case without acknowledging that virtually all

---

[6] Plaintiffs cite two cases in their legal standard section where a stay was lifted, but neither involves remotely comparable facts.  *See Network-1 Sec. So., Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *2 (E.D. Tex. Jan. 5, 2015) (court declined to extend IPR stay to cover Federal Circuit appeals); *Grobler v. Apple, Inc.*, 2013 WL 6441502, at *2-3 (N.D. Cal. Dec. 8, 2013) (court declined to extend patent stay to cover a *second*, potentially procedurally improper motion for reconsideration in PTO).

---

of it relates to Plaintiffs' trade secret and inventorship claims, not the patent infringement claims. *Compare* Mot. 7-8 *with* Dkt. 745 at 5-8. As Apple has explained, Plaintiffs have previously (and successfully) argued that their infringement case is entirely distinct from their trade secret case. Dkt. 755 at 7-8. Moreover, the only remaining asserted claims deal with systems and methods to regulate the power usage of patient monitoring devices—technology distinct from the remaining purported trade secrets. *Id.* at 8-9.

Plaintiffs briefly make two additional arguments, both of which lack merit. *First*, they point to the fact that the parties have already litigated the invalidity of the asserted claims in front of the Patent Office and the Federal Circuit. But the Patent Office rulings were in front of this Court during the 2022 stay briefing, *see supra* pp. 3-4, and Plaintiffs provide no reason why appellate proceedings—which focused on several discrete legal issues—will meaningfully move this case forward. *Second*, Plaintiffs argue that this Court could order cross-use of discovery from the ITC and Delaware district court litigation to "simplify this case." Mot. 7-8. But those two proceedings deal with entirely different patents from those at issue here; Plaintiffs do not even try to explain what the overlap would be and should not be permitted to do so for the first time on reply. *FT Travel*, 112 F. Supp. 3d at 1079.

Given how little time the parties have devoted to the infringement claims to date, Apple once again submits that this factor "necessarily favors maintaining the stay, as the case has been frozen at the same early stage it was when the Court first entered the stay." *See* Dkt. 755 at 7-8; *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*, 2017 WL 6939167, at *2 (N.D. Cal. Mar. 16, 2017); *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, 2021 WL 22553, at *2 (S.D. Cal. Jan. 4, 2021). But at a minimum, Plaintiffs point to nothing new suggesting that this factor tips in their favor.

**B.**   **Plaintiffs Have Not Identified Any New Prejudice Since 2022**

The 2022 Stay Order found that the "unduly prejudice or present a clear tactical disadvantage" factor "slightly disfavored" a stay.  2022 Stay Order at 3, 5.  The Court noted that Plaintiffs "continue to argue competitive harm and argue they are prejudiced by Apple flooding the market" but "they do not aver that they are sole competitors in the relevant market, so that fact has not changed."  *Id.* at 5-6  The Court also noted that Plaintiffs have failed to "suggest[] the passage of time has led to the loss of evidence or fading memories."  *Id.* at 6.

Plaintiffs' motion does not identify any new forms of prejudice that this Court did not already consider in 2022.  While Plaintiffs argue that the "facts are different now," their motion only addresses the facts that were briefed to this Court in *2020*.  Mot. 5-6.  During the *2022* briefing, Plaintiffs relied on the same basic argument that appears in their current motion—that Apple has been "flooding the market with its … products" and that Plaintiffs had placed their own, competing watch in the market.  *See* Dkt. 763-1 at 13 ("Masimo is now in the second phase of release, known as limited market release, for that product.").[7]

More broadly, Plaintiffs once again do not argue that (1) Apple is their sole competitor or (2) leaving the patent stay in place will lead to the loss of evidence or fading memories.  Nor do Plaintiffs attempt to explain why leaving the stay in place until March (the month by which the mandate will issue in the 22-1890 appeal if Plaintiffs are right that the Federal Circuit will take no action) will make any meaningful difference to their position.  In fact, by Plaintiffs' logic in the 2022 stay briefing, the fact that the Federal Circuit has established deadlines by which to act on

---

[7] If anything, Plaintiffs' position is weaker now.  In 2022, Plaintiffs relied on Apple's sale of "*pulse oximetry* products," arguing that "Masimo has also long sold many consumer pulse oximetry products."  Dkt. 788 at 13.  But due to the orders issued by the International Trade Commission in the co-pending litigation between the parties there, Apple is no longer selling Watch products in the U.S. that include the Blood Oxygen feature.

Apple's forthcoming petition for rehearing mitigates prejudice.  *See* Dkt. 763-1 at 13-14 (relying on *inter alia* the fact that the Federal Circuit has no deadline to issue its decisions to argue that "Masimo's prejudice is particularly acute").

While Plaintiffs devote several pages to discussing the parties' Delaware litigation, Mot. 6-7, the papers in that case do not meaningfully strengthen their position.  Apple's expert did not aver that Apple and Plaintiffs' are each other's "***sole*** competitors in the relevant market."  *Compare* 2022 Stay Order at 5-6 *with* Mot. Ex. 8 at 36 (noting that Plaintiffs' W1 Watch is among the "***host of other copycats***" that compete against companies like Apple and Samsung "in th[e] emerging space of wearable technologies" (partial emphasis in original)).  If anything, it is telling that Plaintiffs have failed to put in their own declaration in this case explaining what specific harm they will suffer absent the stay being lifted.

Plaintiffs also point to Apple's statement in a Delaware brief that being forced to compete against one of Plaintiffs' products would cause "inherent prejudice."  Mot. 7.  To be clear, the product referenced in that brief is not the W1 Watch discussed elsewhere in Plaintiffs' briefing.  Rather, it is a new product called the "Freedom Watch," which Plaintiffs concede has not yet been sold.  *See Apple Inc. v. ITC*, No. 24-1285 (Fed. Cir. Jan. 10, 2024), ECF No. 25-2 at 9 (declaration from Plaintiffs' CEO stating that "[w]e ***expect*** to make Freedom available for sale under our limited market release program this quarter.").  Plaintiffs' motion provides no information about the current status of the so-called Freedom Watch—it does not even mention it, much less attest to whether it will actually be on the market in meaningful quantities before the 2022 Stay Order expires.

Ultimately, Plaintiffs' prejudice position boils down to a repetition of old arguments and complaints about the possibility of the stay lasting a few more months.  Apple once again submits that a free-floating concern about litigation delay does not "establish undue prejudice" because leaving a stay in place pending appeal will always

"further delay resolution" of patent claims.  Dkt. 755 at 7 (quoting *DivX, LLC v. Netflix Inc.*, 2022 WL 1208167, at *6 (C.D. Cal. Mar. 29, 2022)); *see also Cellwitch Inc. v. Tile Inc.*, 2021 WL 9145413, at *4 (N.D. Cal. Oct. 8, 2021) ("Delay is a feature common to all stayed cases, and mere delay in litigation does not establish undue prejudice."); *Abcellera Biologics Inc. v. Berkeley Lights Inc.*, 2022 WL 20016824, at *2 (N.D. Cal. Aug. 22, 2022) (finding no undue prejudice where, *inter alia*, decision on patent was "expected in less than five months").  At a minimum, however, this factor does not weigh any more in Plaintiffs' favor than it did in 2022.

### C.   Waiting For Resolution Of Apple's Petition For Rehearing Would Have Significant Efficiency Benefits

**1.**   The 2022 Stay Order correctly found that a stay pending appeal "would simplify the issues in question and trial of the case."  Dkt. 786 at 3, 5-6.  The Federal Circuit's subsequent decisions have confirmed the wisdom of this Court's approach, as the Federal Circuit has held that nearly all asserted claims are unpatentable.  Plaintiffs are left with just 36 asserted claims from two patents, both of which are directed to systems and methods for conserving power while operating a patient monitoring device.  *See* Dkt. 753-4 at 2-3 (Plaintiffs' infringement contentions); *see also* U.S. Patent Nos. 8,457,703 ("'703 patent") & 10,433,776 ("'776 patent).[8]  While six claims from U.S. Patent No. 10,558,554 also survived, Plaintiffs have not alleged that Apple infringes any of those claims.  *Compare* Dkt. 753-4 at 3 (asserting claims 1-7 and 20-28) *with* Mot. 3 (noting claims 13-18 survived).

Apple's petition for rehearing in the 22-1890 appeal will be filed in a week and could simplify this case even further.  Apple intends to seek rehearing on the claims affected by the Board's construction of the claim term "processing characteristics."

---

[8] Although the '776 patent has only 16 claims, Plaintiffs' infringement contentions assert claims "1-7, 9-12, 14-18, 20-22, 24." Dkt. 753-4 at 5.  Apple's count of 36 asserted claims conservatively assumes Plaintiffs intend to assert all 16 claims.  If Plaintiffs ultimately assert a smaller number, Apple's forthcoming petition for rehearing has the potential to eliminate more than 50% of the asserted claims.

1    The Patent Office observed that the term appears in *every* claim of the '703 patent and

2    relied on an improperly narrow construction proffered by Plaintiffs in order to rule in

3    Plaintiffs' favor on 15 (out of 20 total) asserted claims. *Compare Apple Inc. v.*

4    *Masimo Corp.*, IPR2020-01523, Paper No. 32 at 9, 36 (Apr. 11, 2022) (discussing

5    claims 1-5, 9, 10, 12-17, 20, and 22-24) *with* Dkt. 753-4 at 3 (asserting claims 1-7, 9-

6    12, 14-18, 20-22, and 24).

7        If Apple persuades the Federal Circuit to grant rehearing and reverse, at least

8    40% of the remaining asserted claims would be eliminated from this case. That would

9    "simplify a considerable portion of the issues in this case." *See Abcellera Biologics*,

10   2022 WL 20016824, at *2 (finding "simplify" factor satisfied when pending patent

11   decision could invalidate "nearly one quarter" of the "patent claims presently at issue

12   in this litigation); *see also Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,

13   2015 WL 219019, at *2 (D. Del. Jan. 14, 2015) (finding stay appropriate where

14   eighteen of the asserted claims might ultimately be held invalid).

15       By the same token, lifting the patent stay now when the Federal Circuit could

16   remove a significant number of the claims from this case just a few months from now

17   would disserve the efficiency rationale underlying the 2022 Stay Order. *E.g.*, 2022

18   Stay Order at 5 ("The Court does not wish to multiple the proceedings unnecessarily

19   and asks the parties to be mindful of this consideration."); *id.* ("The parties' and the

20   Court's resources will continue to be preserved if the stay remains in place until the

21   Federal Circuit makes a final determination about these patents."); *see also Parallax*

22   *Group*, 2021 WL 3508231, at *2 (declining to lift patent stay where doing so "would

23   risk inconsistent results and eliminate the purpose of the original stay").

24       **2.**    Plaintiffs concede that this Court's patent stay rulings had efficiency

25   benefits. Mot. 4. Their arguments for why the stay should lift now—instead of a few

26   months from now—are unavailing.

27

28

*First*, Plaintiffs argue that it is statistically unlikely that Apple's forthcoming petition for rehearing will be granted.  Mot. 1, 4-5.  But the same thing could be said about the odds of securing a Federal Circuit decision reversing the Board; courts have declined to credit that "speculative" argument when granting stays pending appeal. *DivX*, 2022 WL 1208167, at *4; *accord Baxter*, 2021 WL 22553 at *3.  And Plaintiffs' suggestion (at 5) that the non-precedential nature of the 22-1890 decision nullifies any chance that the Federal Circuit will grant review is meritless.  The *en banc* Federal Circuit heard oral argument in a case involving a nonprecedential decision ***earlier today***.  *See LKQ Corp. v. GM Global Tech. Operations LLC*, 2023 WL 328228 (Fed. Cir. Jan. 20, 2023), *en banc* rev. granted at 71 F.4th 1383 (Fed. Cir. June 30, 2023).

More broadly, Apple does not file its petition lightly.  As will be explained, the panel's decision contains several notable factual errors regarding the patent's scope that—if apprehended by the panel—could meaningfully change the outcome.[9]  To take just one example, the panel's claim construction analysis states that the challenged term appears "throughout" the specification and relies on that repeated usage to justify the Board's narrowed construction.  *See Apple Inc. v. Masimo Corp.*, 2024 WL 137336, at *3 (Fed. Cir. Jan. 12, 2024).  In fact, the term "processing characteristics" appears only once and in the context of a preferred embodiment.  *See* '703 patent 5:20-23.  This distinction matters because the *en banc* Federal Circuit has "warn[ed] against confining the claims" to the scope of the patent's embodiments.  *See Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*); *accord Littlefuse, Inc. v. Mersen USA EP Corp.*, 29 F.4th 1376, 1381 (Fed. Cir. 2022).  Plaintiffs' own exhibit indicates that a petition for panel rehearing is proper in this scenario.  Mot. Ex. 4 at 14 (summarizing Judge Linn as stating that "if there is a clear factual error in an opinion, that might be worth filing a petition for rehearing").

_____

[9] Apple will lodge a copy of its petition for rehearing with this Court for its review when it is filed one week from now.

To the extent that the panel did fully apprehend the scope of the '703 patent, the panel's decision conflicts with several published Federal Circuit decisions holding that a claim term should be given its plain and ordinary meaning absent a disclaimer or lexicography in the specification or prosecution history. *See, e.g.*, *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012); *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014). Masimo did not even attempt to argue to the Federal Circuit that the Board's narrow construction of "processing characteristics" was justified by disclaimer or lexicography. Accordingly, the Federal Circuit's decision implicates an intra-circuit split over how to interpret claim language—an issue that could well draw *en banc* interest. *See* Zubler et al., *Taking A Closer Look At Fed. Circ. Claim Construction Split*, Law360 (Jan. 25, 2024) (discussing split)[10]; *see also* Fed Cir. IOP No. 13 ("Among the reasons for en banc action are … [n]ecessity of securing or maintaining uniformity of decisions.").

*Second*, Plaintiffs fault Apple for not describing the arguments it intends to make in the petition at the meet and confer for this motion that took place a little over a week after the 22-1890 decision was issued. Mot. 1, 4. To be clear, at the meet and confer, Apple's counsel explained that the petition's substance had not been finalized, as the filing was not due for another three weeks. Apple's counsel offered to seek permission to disclose the petition's probable contents if Plaintiffs' counsel could represent that there was a reasonable possibility doing so would convince Plaintiffs not to file this motion. Plaintiffs' counsel declined to make that representation.[11] In any event, Plaintiffs will have a full opportunity to respond to the basis for Apple's petition in their reply brief.

---

[10] https://www.law360.com/articles/1777486/taking-a-closer-look-at-fed-circ-claim-construction-split.

[11] Plaintiffs' counsel indicated that the substance of Apple's petition *might* change its position on this motion only if Apple was able to identify an argument for rehearing that had a 100% chance of being granted. No request for discretionary relief has a 100% chance of being granted.

---

*Finally*, Plaintiffs are flat wrong when they state that "Apple does not dispute that the parties will be completing discovery" on the '554 and '776 patents while Apple's petition for review of the '703 patent is pending.  Mot. 5.  Discovery for those two patents will take longer than a few months—and Plaintiffs have not even asserted infringement for any of the '554 claims that survived IPR.  In any event, the patent stay does not lift for ***any*** patent so long as the Federal Circuit has not issued a final determination on ***all*** the asserted patents.  This is clear from the plain text of the 2022 Stay Order.  *See* 2022 Stay Order at 6 ("[T]he stay shall continue through the Federal Circuit's decision on the PTAB's IPR ***decisions***.").  Any other reading would have permitted an absurd result by allowing Plaintiffs to restart discovery after the Federal Circuit ruled on a single patent—a result that would have negated any efficiency gains from a stay.  *See supra* pp. 3-4, 7.[12]

## CONCLUSION

Plaintiffs' motion to lift the patent stay should be denied.

---

[12] Relatedly, Plaintiffs are wrong to suggest (at 5) that discovery for the '703 patent will be "identical" to discovery for the '776 patent because the two patents share a specification.  The claim language—which is what "define[s] the metes and bounds of the patentee's invention," *Thorner*, 669 F.3d at 1367—differ significantly between the two patents.  Indeed, the two Federal Circuit appeals raised entirely distinct issues.

1

2  Dated:  February 5, 2024          Respectfully submitted,

3

4

5                                     MARK D. SELWYN
                                       JOSEPH J. MUELLER
6                                     AMY K. WIGMORE
                                       JOSHUA H. LERNER
7                                     SARAH R. FRAZIER
                                       NORA Q.E. PASSAMANECK
8                                     THOMAS G. SPRANKLING
                                       WILMER CUTLER PICKERING HALE AND
9                                     DORR LLP

10

11                                    BRIAN A. ROSENTHAL
                                       GIBSON, DUNN & CRUTCHER LLP
12

13                                    KENNETH G. PARKER
                                       HAYNES AND BOONE, LLP
14

15

16                                    By:  */s/ Mark D. Selwyn*
17                                         Mark D. Selwyn

18

19                                    *Attorneys for Defendant Apple Inc.*

20

21

22

23

24

25

26

27

28

1

# <u>CERTIFICATE OF COMPLIANCE</u>

2    The undersigned, counsel of record for Defendant Apple Inc. certifies that this

3    brief contains 5,568 words, which:

4    <u>X</u>  complies with the word limit of L.R. 11-6.1.

5    ___ complies with the page limit set by court order

6

7    Dated:_ February 5, 2024 _        Respectfully submitted,

8

9    MARK D. SELWYN
     JOSEPH J. MUELLER
10   AMY K. WIGMORE
     JOSHUA H. LERNER
11   SARAH R. FRAZIER
     NORA Q.E. PASSAMANECK
12   THOMAS G. SPRANKLING
     WILMER CUTLER PICKERING HALE AND
13   DORR LLP

14

15   BRIAN A. ROSENTHAL
     GIBSON, DUNN & CRUTCHER LLP
16

17   KENNETH G. PARKER
     HAYNES AND BOONE, LLP
18

19

20   By: _/s/ Mark D. Selwyn_____
         Mark D. Selwyn
21

22   *Attorneys for Defendant Apple Inc.*

23

24

25

26

27

28