Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO LIFT PATENT STAY**<br><br>Hon. James V. Selna<br><br>Date:       February 26, 2024<br>Time:       1:30 p.m.<br>Location:   Courtroom 10C |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ........................................................................................1

II.   ARGUMENT ..............................................................................................2

      A.    Apple Seeks To Prevent An Efficient Trial On All
            Remaining Claims................................................................................2

      B.    The October Trial Can Include All Remaining Claims.................3

      C.    Masimo's Motion To Lift The Patent Stay Is Timely ...................4

      D.    The Stay Factors Favor Lifting The Stay.........................................5

            1.    Further Simplification Is Very Unlikely ..............................5

                  a.    The Federal Circuit Will Likely Deny
                        Apple's Petition.............................................................5

                  b.    Even If Apple's Petition Were Granted,
                        The Parties Will Still Conduct
                        Substantially The Same Discovery ............................8

            2.    Further Delay Will Prejudice Masimo .................................9

            3.    The Stage Of The Proceeding Favors Lifting The
                  Stay .......................................................................................11

III.  CONCLUSION .........................................................................................13

1

**TABLE OF AUTHORITIES**

2
**Page No(s).**

3

4
*Akeena Solar Inc. v. Zep Solar Inc.*,
5
  2011 WL 2669453 (N.D. Cal. July 7, 2011) ................................................... 4

6
*Apple Inc. v. Masimo Corp.*,
7
  No. 22-1890, 2024 WL 137336 (Fed. Cir. Jan. 12, 2024) ............................. 7

8
*Biomet Biologics, LLC v. Bio Rich Medical, Inc.*,
9
  2011 WL 4448972 (C.D. Cal. Sept. 26, 2011) ............................................... 9

10
*GPX International Tire Corp. v. United States*,
  678 F.3d 1308 (Fed. Cir. 2012) ...................................................................... 5

11
*Hamilton v. State Farm Fire & Cas. Co.*,
12
  270 F.3d 778 (9th Cir. 2001) .......................................................................... 10

13
*Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,
14
  2018 WL 1470594 (C.D. Cal. Mar. 8, 2018) .............................................. 4, 6

15
*Lund Mot. Prods., Inc. v. T-Max Hangzhou Tech. Co.*,
16
  2020 WL 13610390 (C.D. Cal. May 13, 2020) ..................................... 6, 9, 11

17
*Natural Res. Def. Council v. Cnty of Los Angeles*,
18
  725 F.3d 1194 (9th Cir. 2013) ........................................................................ 5

19
*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
20
  2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ................................................ 6

21
*Oyster Optics, LLC v. Ciena Corp.*,
  2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) ............................................... 5

22
*Parallax Group Int'l, LLC v. Incstores LLC*,
23
  2021 WL 3508231 (C.D. Cal. May 12, 2021) ................................................ 5

24
*Tire Hanger Corp. v. Shinn Fu Co. of Am., Inc.*,
25
  2017 WL 3457122 (C.D. Cal. June 7, 2017) ................................................ 11

26
*Willis Elec. Co. v. Polygroup Ltd.*,
27
  2018 WL 4815563 (D. Minn. Oct. 4, 2018) ................................................... 5

28

**TABLE OF AUTHORITIES**
(***cont'd***)

**Page No(s).**

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
2015 WL 1809309 (C.D. Cal. Apr. 20, 2015).........................................10, 11

# I. **INTRODUCTION**

Apple's opposition largely ignores Masimo's arguments and does not dispute key facts.  Among other things, Apple does not dispute the following:

1) Apple originally sought a "one-year" stay pending IPR proceedings at the U.S. Patent & Trademark Office ("PTO"), but the stay has now been in effect for more than three years.

2) All IPR appeals as a matter of right are now complete.

3) Apple's petition for rehearing at the Federal Circuit concerns only one of the three patents at issue and has an infinitesimal chance of success.

4) In the very unlikely event that the Federal Circuit grants Apple's petition and invalidates the one patent at issue in the petition, this case would still proceed on two patents.

5) In Delaware, Apple successfully argued that direct competition between the parties causes prejudice to the patentee, justifying an expedited schedule on Apple's patents.

6) In Delaware, Apple argued its patent claims should not be stayed even during IPR proceedings at the PTO—an argument that directly contradicts Apple's arguments here.

7) During trade secret discovery here and in related cases, the parties conducted substantial discovery on the products and features at issue in Masimo's remaining patents.

These undisputed facts demonstrate that all stay factors favor lifting the stay.  ***First***, Apple identifies no efficiency benefits from maintaining the stay.  Apple does not even argue its petition for rehearing has a likelihood of success, much less a likelihood of simplifying the case.  ***Second***, Apple admits the prejudice factor weighed in favor of Masimo from the beginning.  And Apple does not seriously dispute that Masimo's prejudice has only grown as the parties have become direct competitors and Masimo has lost four years of patent term.  ***Third***,

the Court found the stage of the proceeding was neutral when it extended the stay through appeals.  Since then, other aspects of the case have moved forward.  All factors weigh in favor of lifting the stay.

Accordingly, Apple's opposition is nothing more than a contrived excuse for delay.  Apple apparently hopes to use any such delay to argue that Masimo's patents should not be included in the upcoming October 2024 trial.  The Court should reject such tactics and lift the stay on Masimo's patent claims.

## II. <u>ARGUMENT</u>

### A. <u>Apple Seeks To Prevent An Efficient Trial On All Remaining Claims</u>

Apple argues Masimo's Motion is inconsequential because the stay will "expire of its own accord" just three weeks after the noticed hearing on this Motion if the Federal Circuit denies Apple's petition.  Opp. at 6-7.  As explained below, Apple must know its petition for rehearing has virtually no chance of success.  Thus, it is painfully obvious that Apple filed the petition to delay the mandate and create a hyper-technical basis to oppose this Motion.

Apple obtained more than one month of delay just by opposing Masimo's request.  Apple now hopes to squeeze in a few more weeks of delay between the hearing date on this motion and the anticipated denial of Apple's petition for rehearing.  Such delays may seem relatively short, but Apple will undoubtedly use them to argue insufficient time exists for Masimo's patents to be part of the upcoming trial.  Indeed, Apple already made that argument the last time the Court considered lifting the stay.  *See* Dkt. 755 at 11.[1]

---

[1] Apple also moved to stay the International Trade Commission's ("ITC") import ban after the ITC found that Apple infringed Masimo's patents.  The ITC explained to the Federal Circuit that Apple's request was "little more than an indisputably adjudicated infringer requesting permission to continue infringing the asserted patents."  Ex. 12 at 5.  On January 17, the Federal Circuit denied Apple's motion.

The Court should not allow Apple to create delay to gain tactical advantage. That is particularly true because the potential consequences of delay (two separate trials) would be very inefficient for the Court and add millions of dollars in costs for the parties.  Because Apple has a "staggering annual legal budget of $1 billion" (Ex. 17 at 51)[2], it can easily litigate endlessly.  Indeed, Apple appears poised to do just that.  *See* Ex. 18 at 56-57.  This Court should not allow Apple to use a trivial petition for rehearing to dramatically increase Masimo's costs and drive judicial inefficiency through contrived delays in the schedule of this case.

**B.    The October Trial Can Include All Remaining Claims**

Apple suggests the parties cannot be ready for trial on all claims by October 31.  *See* Opp. at 4 (citing Dkt. 786, "2022 Stay Order").  Apple's argument is inconsistent with its own actions in other co-pending cases between the parties.  At the time the Court issued the 2022 Stay Order, the parties had already prepared for trial on five patents in the ITC action from start to finish, with no prior discovery, in about ten months.  Supp. Powell Decl. ¶ 2.  The parties produced more than 4 million pages of documents, took 29 fact depositions, served 22 expert reports, and took 7 expert depositions.  *Id*.

Since the Court issued the 2022 Stay Order, Apple brought a retaliatory suit against Masimo in Delaware and argued the parties could prepare for trial on a subset of four Apple patents from start to finish, with no prior discovery, in just eight months.  Ex. 13 at 11.  Masimo filed counterclaims and the Court granted an expedited schedule on ***all*** claims and counterclaims.  Ex. 6 at 2; Ex. 5 at 8.  As a result, in just twelve months, the parties prepared for trial on ten Apple patents and

---

[2] Exhibits 1-11 are attached to the Powell Declaration (Dkt. 1929-03) and Exhibits 12-18 are attached to the Supplemental Powell Declaration (filed herewith).  All emphasis in quotations is added unless noted otherwise.

1   Masimo's counterclaims on five Masimo patents, antitrust, false advertising, and

2   unfair competition.  Supp. Powell Decl. ¶ 3.

3        During nine months of discovery in Delaware, the parties served over 600

4   document requests, 100 interrogatories, and 200 requests for admissions.  Ex. 14

5   at 19.  They produced more than 6.3 million pages of documents and conducted

6   about 80 fact witness depositions.  Supp. Powell Decl. ¶ 3.  They conducted claim

7   construction briefing for all fifteen patents.  *Id*.  In less than three months, they

8   served 72 expert reports from 27 experts and conducted all expert depositions.  *Id*.

9   In just three weeks, the parties are completing all summary judgment and *Daubert*

10  briefing for all experts and all claims.  *Id.*

11       As a result, Apple cannot seriously argue the parties are incapable of

12  updating the already substantial discovery and preparing for trial on three patents

13  by October 31, 2024.  The Court need not decide now whether the patent claims

14  will proceed to trial in October.  But lifting the stay will allow the parties to begin

15  the process and make it easier for the Court and the parties to conduct an efficient

16  single trial on all remaining claims.  The Court should lift the stay and direct the

17  parties to submit proposed schedules within fourteen days.

18  **C.**   <u>**Masimo's Motion To Lift The Patent Stay Is Timely**</u>

19       Apple argues Masimo's motion is "premature," claiming that this Court's

20  order extends until the mandates issue.  Opp. at 5, 7.  The Court's order was not so

21  specific. 2022 Stay Order at 6.  Regardless, Apple's argument is irrelevant because

22  this Court obviously has discretion to manage its docket, including by lifting the

23  stay at any time. *See Akeena Solar Inc. v. Zep Solar Inc.*, 2011 WL 2669453, at *2

24  (N.D. Cal. July 7, 2011) ("The same court that imposes a stay of litigation has the

25  inherent power and discretion to lift the stay"); *see also* 2022 Stay Order at 3.

26  Courts often exercise such discretion by allowing claims to go forward even during

27  appeals as a matter of right. *See, e.g.*, *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,

28  2018 WL 1470594, at *2, 8 (C.D. Cal. Mar. 8, 2018) (declining to stay after

briefing but before oral argument); *Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *1, 4 (N.D. Cal. Sept. 23, 2019) (lifting stay during appeal).

Not surprisingly, Apple cites no case to the contrary.  Two of Apple's cited cases merely explain the uncontroversial point that the appellate court has the power to alter a ruling before the court issues its mandate.  *See GPX International Tire Corp. v. United States*, 678 F.3d 1308, 1312 (Fed. Cir. 2012); *Natural Res. Def. Council v. Cnty of Los Angeles*, 725 F.3d 1194, 1202-04 (9th Cir. 2013).  In each of Apple's other cited cases, the district court properly considered whether to lift its own stay.  *See Parallax Group Int'l, LLC v. Incstores LLC*, 2021 WL 3508231, at *2 (C.D. Cal. May 12, 2021) ("A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate"); *Willis Elec. Co. v. Polygroup Ltd.*, 2018 WL 4815563, at *2 (D. Minn. Oct. 4, 2018).  Thus, Apple cites no case holding that the Court lacks the ability to lift its own stay.  Apple has not shown Masimo's motion is somehow procedurally premature.

**D.    The Stay Factors Favor Lifting The Stay**

      **1.    Further Simplification Is Very Unlikely**

Apple argues its petition for rehearing could possibly further simplify this case.  As explained below, Apple's petition will almost certainly be denied and, even if granted, will not change the remaining discovery.

            **a.    The Federal Circuit Will Likely Deny Apple's Petition**

Apple does not attempt to show any reasonable probability that its petition will further simplify the case.  Instead, Apple argues only that its petition for rehearing theoretically "***could*** simplify the case."  Opp. at 12; *see also id.* at 13 ("***If*** Apple persuades the Federal Circuit to grant the rehearing," the Federal Circuit "***could*** remove a significant number of the claims from this case.").

Such assertions are insufficient because the proponent seeking a stay must demonstrate the appeal is "likely to succeed"—not a mere possibility of success.

*Lund Mot. Prods., Inc. v. T-Max Hangzhou Tech. Co.*, 2020 WL 13610390 *3 (C.D. Cal. May 13, 2020) (granting motion to lift stay).  In *Lund*, the Court declined to subject the case to "certain delay based on the ***speculative possibility*** that its scope might be somewhat altered by Defendants' appeal."  *Id.*

Other courts similarly require the proponent of a stay to show a ***likelihood*** of success.  *See, e.g.*, *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) ("the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight"); *Juno Therapeutics*, 2018 WL 1470594, at *7 ("That the Federal Circuit ***may*** reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds").

Apple claims that Masimo is arguing merely that it is "statistically unlikely" that the Federal Circuit will grant Apple's petition for rehearing.  *Id.*  Apple claims such an argument is meritless because the Court rejected the same argument in determining the stay should proceed through appeal.  *Id.*  But Masimo did not argue rehearing is just "statistically unlikely"—it provided factual evidence showing the odds are miniscule.  Apple does not deny that the odds of reversal now are far lower than the odds of reversal on the initial appeal as of right.[3]  Apple's discretionary petition has dramatically lower odds, which obviously changes the analysis.

Apple speculates the odds may not be so low based on the singular anecdote of an *en banc* Federal Circuit argument "earlier today."  Opp. at 14 (citing *LKQ Corp.*).  But *LKQ* is the only patent case the Federal Circuit has heard *en banc* in the last five years.  *See* https://fedcircuitblog.com/en-banc/cases/.  Apple does not attempt to show its petition for rehearing raised an issue remotely as substantial as

---

[3] The odds played out exactly as Masimo predicted – the Federal Circuit affirmed all PTAB decisions except for one issue on which the parties agreed.

1   *LKQ*.  Indeed, Masimo moved for a stay of Apple's design patents in Delaware

2   because *LKQ* may change the standard for design patent obviousness.  Apple

3   opposed, arguing Masimo had presented only "the possibility" of simplification.

4   Ex. 15 at 29.

5         Here, Apple's arguments prove its petition is trivial.  Apple claims the panel

6   made "several" errors but offers only one example: the panel asserted the term

7   "processing characteristics" appears "throughout" the specification when it

8   appeared only once.  Opp. at 14.  Apple mischaracterizes the decision.  The panel

9   never stated "the challenged term appears 'throughout' the specification." *See id.*

10  Rather, it explained: "Throughout the specification, 'processing characteristics'

11  ***are described*** as being determined based on the signals received from the light

12  detectors, the sole source of signals that are then processed." *Apple Inc. v. Masimo*

13  *Corp.*, No. 22-1890, 2024 WL 137336, at *3 (Fed. Cir. Jan. 12, 2024).  The court

14  then provided a string of citations where the patent specification described such

15  characteristics.  *Id.*  Nothing suggests the Federal Circuit will take up a petition on

16  such a trivial issue, particularly in a nonprecedential opinion.[4]

17        Moreover, the Federal Circuit cautions litigants that petitions for rehearing

18  "should not be used to reargue issues previously presented that were not accepted

19  by the merits panel during initial consideration of the appeal."  Ex. 2.  But that is

20  exactly what Apple seeks to do.  Apple previously argued to the panel that

21  "processing characteristics" appears in the written description only once and in the

22  context of the preferred embodiment.  Ex. 16 at 43, 45; *see also id.* at 46.  The

23

24

25  _____

26  [4] Masimo did not "fault" Apple for not disclosing its petition arguments in the
    meet-and-confer.  Opp. at 15.  Masimo merely told Apple it would have to address
27  Apple's arguments in reply if Apple chose to withhold them until its opposition.
28  Apple's other arguments about the meeting (Opp. at 15, n.11) are also inaccurate.

Federal Circuit panel did not credit Apple's argument the first time and is highly unlikely to entertain the same argument on a petition for rehearing.[5]

Apple has also not attempted to show that, if its petition is granted, the Federal Circuit is likely to change the outcome.  Apple does not dispute that most granted petitions do not change the outcome.  Thus, it is undisputed that Apple's petition for rehearing has at best a 1.6% chance of changing the outcome.  *See* Ex. 3 at 9-10; *see also* Ex. 4 at 14 (chances of success are "slim to none").

### b.  Even If Apple's Petition Were Granted, The Parties Will Still Conduct Substantially The Same Discovery

Apple has also not shown that discovery would change in the highly unlikely event that the Federal Circuit both grants Apple's petition and changes the outcome.  Apple claims four mandates have not yet issued.  Opp. at 6.  But Apple admits its petition concerns only one appeal and only one patent: the '703 Patent.  Opp. at 1, n.2.  Thus, Apple does not dispute this case will proceed on at least the '554 and '776 Patents.

Apple argues Masimo is "wrong to suggest" that discovery for the '703 Patent will be "identical" to discovery for the '776 Patent.  Opp. at 16, n.12.  Masimo never argued discovery would be identical.  Masimo argued the patents shared an "identical specification."  Mot. at 5.  That is because the '776 Patent is a continuation of the '703 Patent.

Discovery on the remaining patent claims may not be identical, but it will overlap because the '703 and '776 patent claims address similar features.  Both claim sets recite (1) determining a patient's physiological parameter measurement

---

[5] Apple also implies the decision conflicts with Federal Circuit precedent.  Opp. at 15.  For support, it cites an article written by attorneys from the same law firm that represents Apple in this case.  The article describes two purportedly divergent approaches to claim construction, but it concedes that this supposed "intra-circuit split" has existed for many years.  *See* https://www.law360.com/articles/1777486/.

values by processing attenuated light signals received from a detector and (2) operating at different power consumptions based on comparing processing characteristics.[6]  And the accused product is the same Apple Watches.  Given the overlap, much of the same discovery will apply to both patents.  Thus, even in the highly unlikely event that the Federal Circuit grants Apple's petition and changes the outcome, the parties' discovery efforts would move the case forward.

Accordingly, the likelihood of simplification factor favors lifting the stay.

### 2. __Further Delay Will Prejudice Masimo__

Apple admits the 2022 Stay Order found the prejudice factor "slightly disfavored" a stay.  Opp. at 10.  Rather than argue this factor is neutral or supports a stay, Apple claims Masimo identified no __additional__ prejudice.  *Id*.  Apple is wrong.   Apple cannot reasonably dispute that the passage of time alone has significantly prejudiced Masimo because the '776 Patent has expired and the '554 and '703 Patents are now much closer to expiring.  *See Lund*, 2020 WL 13610390 at *3 (finding prejudice when patents were set to expire soon); *Biomet Biologics, LLC v. Bio Rich Medical, Inc.*, 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011) (finding prejudice because "[p]lacing the '007 patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for Plaintiffs").

Apple also does not dispute that, at the time of the Court's 2022 Stay Order, Masimo had not yet launched the Masimo W1 for full market release.  Ex. 9 (announcing "limited market release" in May 2022).  Nor does Apple dispute that Masimo has since launched the Masimo W1 for full market release and that the Masimo W1 competes with the Apple Watch.  Opp. at 11.  Apple also does not

---

[6] *See* '776 Patent, Claim 4 (Dkt. 737-1 at 6) ("operating the patient monitor . . . wherein power consumption during said operating at the second control protocol is greater than power consumption during said operating at the first control protocol"); '703 Patent, Claim 1 (Dkt. 737-1 at 4) ("transitioning to continuously operating said patient monitor at a higher power consumption level").

dispute that it successfully argued any delay in its Delaware case would prejudice Apple because the parties are direct competitors. *Id.*

Apple attempts to evade its Delaware position by arguing competition is not relevant here because the parties are not "sole" competitors. *Id.* at 10-11 (citing 2022 Stay Order). But Apple argued the opposite in Delaware, namely that the Masimo W1 caused Apple "inherent prejudice" despite other competitors. Ex. 8 at 62. Apple's argument that any delay would constitute prejudice did not turn on whether Masimo and Apple were sole competitors. Nothing supports Apple's view that such competition is prejudice only when Apple is the patentee. Having succeeded in arguing the parties' direct competition demonstrates prejudice from delay, Apple's opposite argument now should be disregarded. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (judicial estoppel).

Apple also does not dispute that it has argued in Delaware that the court should not stay Apple's patent claims pending IPR at the PTO. Ex. 8 at 50-51. Apple again argued the Delaware court should "find inherent prejudice to Apple" in staying Apple's patent claims due to "Masimo's stated intention to compete with the Apple Watch." *Id.* at 62. Apple is thus arguing its own patent claims should not even be stayed pending IPR at the PTO but Masimo's patent claims should be stayed through IPR proceedings at the PTO, Federal Circuit appeals, ***and*** discretionary petitions for rehearing. Apple's positions are hopelessly inconsistent. The Court should not condone Apple's approach, whereby prejudice apparently matters only if Apple is the patentee.

Moreover, Apple cites no legal authority requiring the parties to be "sole" competitors to show prejudice. Apple relies solely on this Court's prior order. Opp. at 10-11. But the Court never said competition is irrelevant unless the parties are sole competitors. Instead, it correctly quoted *Wonderland* in holding that the existence of other competitors merely "undermines the ***weight***" of the prejudice. Dkt. 222 at 6 (quoting *Wonderland*); 2022 Stay Order at 6. Indeed, *Wonderland*

-10-

found "some risk of harm to Plaintiff" despite the presence of other competitors. *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *5 (C.D. Cal. Apr. 20, 2015); *see also Tire Hanger Corp. v. Shinn Fu Co. of Am., Inc.*, 2017 WL 3457122, at*4 (C.D. Cal. June 7, 2017) (competition showed a stay would prejudice plaintiff, even though parties disputed amount of competition).

Accordingly, the prejudice factor now weighs more heavily in favor of lifting the stay.

### 3.   The Stage Of The Proceeding Favors Lifting The Stay

Apple argues the stage of the proceeding "necessarily favors" maintaining the stay because the case has been "frozen" at the same early stage. Opp. at 9. For support, Apple cites its own brief (Dkt. 755) and two cases on which it previously relied (*Robert Bosch* and *Baxter*). But the Court rejected that argument. 2022 Stay Order at 4. The Court explained the stay "necessarily prevented the development of any facts that would allow for an updated, meaningful analysis of this factor." *Id.* (citing *DivX, LLC v. Netflix, Inc.*, 2022 WL 1208167, at *4 (C.D. Cal. Mar. 29, 2022)). Thus, "[s]ince the original stay is what prevented the patent claims from proceeding further, the Court concludes that this factor neither favors or disfavors a stay." *Id.*; *see also Lund*, 2020 WL 13610390 at *2 (finding factor neutral because case was pending for over three years).

Regardless, this case presents unique circumstances where the stage of the proceeding ***has*** advanced. In particular, the parties engaged in substantial discovery on other non-stayed claims that is relevant and will significantly simplify this case when the Court lifts the stay. That includes both trade secret discovery in this case and patent discovery in the Delaware case and ITC action.

The trade secret discovery that the parties took substantially overlaps with patent discovery because the trade secret and patent claims both involve the same general technology (light-based physiological monitoring) and the same accused product (the Apple Watch). The claims of the '703 and '776 Patents both relate to

-11-

power consumption of physiological monitoring devices.  Dkt. 737-1 at 4, 6.

Masimo alleges the pulse rate and pulse oximetry of the Apple Watch infringe such claims.  Masimo also alleged Apple misappropriated trade secrets regarding pulse rate and pulse oximetry technology.  The parties took discovery on the relevant products' development, hardware configurations, technical specifications, marketing, and sales.  Thus, trade secret discovery included much of the same evidence relevant to evaluating patent infringement of the '703 and '776 Patents.

Apple dismisses the overlap in discovery by incorrectly claiming that Masimo succeeded in arguing its patent case was "entirely distinct" from its trade secret case.  Opp. at 9.  Masimo never made such an argument.  Apple previously argued the patent and trade secret claims overlapped so much that patent discovery should be barred until Masimo adequately identified its trade secrets.  Dkt. 43-1 at 16.  Masimo argued its requests were proper because they did not **_solely_** relate to trade secrets.  Dkt. 43-1 at 37 ("Apple cannot refuse to produce responsive documents by asserting some of the information may **_also_** be relevant to the trade secret claim") (emphasis in original).  The Court agreed, ordering that the documents "should be disclosed now, notwithstanding the fact that they may overlap the trade secrets case." Dkt. 737-1 at 101 (12:10-19).

Apple argues that discovery in the ITC and Delaware cases is irrelevant because "those two proceedings deal with entirely different patents." Opp. at 9.[7] Apple ignores that the accused product—the Apple Watch—is the same in all three proceedings.  Apple likewise ignores that the patents in all three cases relate to the watch's pulse oximetry and pulse rate functionality.  While the claims differ, documents about the pulse oximetry and pulse rate features of the watch are

---

[7] Apple argues Masimo should not be allowed to respond to this argument on reply. Opp. at 9.  Masimo argued discovery in parallel litigation is relevant here (Mot. at 7-8) and is within its rights to address Apple's opposition.

indisputably relevant in all three proceedings.  Requiring Apple to share discovery from those cases here will result in additional substantial efficiencies.

Accordingly, the parties will need to update their production, but they have completed substantial relevant discovery here, in the ITC, and in Delaware.  This factor now weighs in favor of lifting the stay.

### III.  <u>CONCLUSION</u>

Apple's opposition to this motion is a mere attempt to obtain tactical advantage through unnecessary further delay.  Apple has presented no reasonable basis for that continued delay.  Masimo respectfully requests the Court lift the stay on the '703, '776, and '554 Patents and order the parties to submit a proposed schedule within 14 days of the Court's order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  February 12, 2024          By: */s/ Adam B. Powell*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Sheila N. Swaroop
                                        Brian C. Horne
                                        Irfan A. Lateef
                                        Benjamin A. Katzenellenbogen
                                        Brian C. Claassen
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Kendall M. Loebbaka
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs,
                                        MASIMO CORPORATION AND
                                        CERCACOR LABORATORIES, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 4,110 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 12, 2024          By: */s/ Adam B. Powell*
                                       Joseph R. Re
                                       Stephen C. Jensen
                                       Sheila N. Swaroop
                                       Brian C. Horne
                                       Irfan A. Lateef
                                       Benjamin A. Katzenellenbogen
                                       Brian C. Claassen
                                       Stephen W. Larson
                                       Mark D. Kachner
                                       Adam B. Powell
                                       Kendall M. Loebbaka
                                       Daniel P. Hughes

                                       Attorneys for Plaintiffs,
                                       MASIMO CORPORATION AND
                                       CERCACOR LABORATORIES, INC.

58642330

-14-