UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00048 JVS (JDEx) | Date | February 16, 2024 |
| Title | Masimo Corporation, et al. v. Apple Inc. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Lift Patent Stay [1929]**

Before the Court is Plaintiffs' motion to lift the stay of the patent claims. See Mot., ECF No. 1929; see also ECF No. 1929-2 (Memo P&A). The Motion is fully briefed. See Opp., ECF No. 1930; Reply, ECF No. 1931.

For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

**I. BACKGROUND**

On October 13, 2020, to promote efficiency pending the outcome of IPR proceedings, the Court stayed Plaintiffs' patent infringement-related claims (i.e., Claims 1-12 of the then-current Second Amended Complaint). See ECF Nos. 220 (Sealed), 222 (Redacted) ("2020 Stay Order"). On June 23, 2022, the Court determined that the patent claims would be stayed pending the resolution of the parties' respective appeals of the IPR proceedings. See ECF No. 786 ("2022 Stay Order"). In January 2024, the Federal Circuit issued opinions resolving the last of the parties' appeals. See ECF No. 1929-3 ¶ 4. Those opinions left at least one claim of U.S. Patent Nos. 8,457,703, 10,433,776, and 10,558,554 (the "Remaining Patents") intact. Id. ¶¶ 3, 4.

Defendant plans to petition the Federal Circuit for rehearing in Apple Inc v. Masimo Corp., No. 22-1890 (Jan. 12, 2024) (the "1890 Appeal"). ECF No. 1930 at 6. Defendant indicates it may also petition for rehearing in Apple Inc v. Masimo Corp., 22-1891 (Jan. 12, 2024) (the "1891 Appeal"). Id. Defendant therefore requests that the stay remain in place until the Federal Circuit has decided whether to grant a rehearing and, if so, has completed those proceedings. Id. at 7.

Plaintiffs contend that the stay should be lifted now. See ECF No. 1929 at 2.

## II. LEGAL STANDARDS

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (quoting Aten International Co., Limited v. Emine Technology Co., Limited, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).

The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." Allergan Inc. v. Cayman Chemical Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." Limestone v. Micron Technology, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." Akeena Solar Inc. v. Zep Solar Inc., No. C 09-05040 JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011) (quoting Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 74 (D.D.C.2002)). "[T]he court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." Id. (quoting Canady, 271 F. Supp. 2d at 75).

### III. DISCUSSION

As a preliminary matter, Plaintiffs must seek to lift the stay because the 2022 Stay Order remains in effect. That order stated that "the stay shall continue through the Federal Circuit's decision on the PTAB's IPR decisions" and elsewhere stated that "[t]he parties' and the Court's resources will continue to be preserved if the stay remains in place until the Federal Circuit makes a final determination about these patents." See ECF No. 786 at 5-6. Here, the Federal Circuit has not made a final determination on Plaintiffs' appeal. "A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." See Fed. R. App. P. 41(c) advisory committee's note to 1998 amendment. Indeed, a "court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties." Nat. Res. Def. Council, Inc. v. Cnty. of Los Angeles, 725 F.3d 1194, 1203 (9th Cir. 2013) (quoting United States v. Foumai, 910 F.2d 617, 620 (9th Cir.1990)). In the two appeals where Defendant indicated it will, or may, petition the Federal Circuit for rehearing, the relevant judgments were entered on January 12, 2024 but the mandates have not issued. See 1890 Appeal, ECF No. 37; 1891 Appeal, ECF No. 38. Thus, although the Federal Circuit has issued an opinion, there has been no final decision on the appeals and the 2022 Stay Order remains in effect.

However, this is not the end of the analysis. If a party moves to lift a stay, the Court still considers whether circumstances have changed significantly such that lifting the stay would be inappropriate. The Court is not persuaded that such a change has occurred with respect to any of the factors that led the Court to impose the stay initially. Each factor is addressed in turn.

First, the stage of proceedings has not changed materially since 2022, because the stay was in effect during that period. Plaintiffs argue that the parties have engaged in extensive discovery, which they contend overlaps with the subject matter of their patent claims and relates to the same accused product. However, this discovery pertained to Plaintiffs' trade secret and inventorship claims. The parties would still be starting from a much earlier point when it comes to their patent claims. Although all causes of action relate to the same accused product and same field of technology, Plaintiffs' patent claims have very different elements than their other claims and require different discovery. In addition, because patents are public, the technology covered by a patent cannot also be a trade secret. This limits the possible overlap between the patent and trade secret claims. Moreover, although Plaintiffs incorporate by reference their 2022 briefing arguing that the patent and other issues are related, those arguments were found unpersuasive in 2022 and Plaintiffs have not identified new reasons that the stage of litigation favors lifting the stay. Plaintiffs next cite the proceedings that took place before the PTAB, the Federal Circuit, and the ITC involving the same patents as this case. The issues raised before the

PTAB and the Federal Circuit do not substantially overlap with the issues raised now, because Defendant is now estopped from raising invalidity challenges that were, or could have been, raised before.  As for the ITC proceedings, Plaintiffs have only offered the conclusory statement that "substantial" discovery was exchanged.  See ECF No. 1929-3 ¶ 6.  This is insufficient to show a significant change in circumstances.  Plaintiffs also argue that there would be overlap between these proceedings and other proceedings in the District of Delaware.  However, the Delaware action was brought by Defendant against Plaintiffs and thus involves different patents and accused products.  Although the two cases relate to the same general technology, the Court is not persuaded that the potential overlap is significant enough to warrant lifting the stay.

Second, waiting for the Federal Circuit to reach a final resolution of Defendant's appeal would continue to have significant efficiency benefits.  Even setting aside the possibility that Defendant will seek rehearing in the 1891 Appeal, Defendant states that its petition for rehearing in the 1890 Appeal will assert that the Federal Circuit erroneously construed the term "processing characteristics," which appears in every independent claim of U.S. Patent No. 8,457,703.  See ECF No. 1930 at 17-18; U.S. Patent No. 8,457,703 at 11:32-14:27.  Eliminating one of the three Remaining Patents would substantially simplify this case.[1]  Plaintiffs respond that the petition for rehearing is not likely to simplify the case because such petitions are only granted very rarely, relying primarily on statistics regarding the probability that a petition for rehearing will be granted.  Although Plaintiffs are certainly correct that rehearings are rare, statistics are of limited use in evaluating the likelihood that review will be granted because that probability necessarily depends on the merits of the petition.  It would not be appropriate to determine the merits of Defendant's petition, but it appears that the possibility of simplification is more than speculative.  See ECF No. 1930 at 19-20 (summarizing Defendant's anticipated arguments).  It would be beneficial to have the Federal Circuit appeals settled for good before discovery resumes in this action.  Plaintiffs also respond that discovery should proceed on the other Remaining Patents that were not addressed in the 1890 Appeal.  However, courts often stay patent cases when only some of the asserted claims might be invalidated, and there is value in keeping all the patent claims on the same discovery schedule.  See, e.g., Abcellera Biologics Inc. v. Berkeley Lights, Inc., No. 20-CV-08624-JST, 2022 WL 20016824, at *2 (N.D. Cal. Aug. 22, 2022) (continuing stay after two IPRs were denied because "nearly one quarter" of the asserted claims were implicated by the IPR that remained pending and "lifting the stay [would] invite piecemeal, potentially duplicative discovery and the resulting tax on judicial resources"); Princeton Digital Image Corp. v. Konami Digital Ent. Inc., No. CV 12-1461-LPS-CJB,

---

[1] Plaintiffs argue that there will be overlapping discovery because the various Remaining Patents encompass the same technology and same accused product.  That is likely true, but eliminating one of the Remaining Patents would still substantially simplify the case by reducing the number of possible claim construction and infringement issues.  Based on a review of the Remaining Patents, the Court is not persuaded that there is so much overlap in the claims that elimination of the '703 Patent would not substantially simplify this action.

2015 WL 219019, at *3 (D. Del. Jan. 14, 2015) (continuing stay although some of the asserted claims were not implicated by an IPR).

Plaintiffs argue that failing to lift the stay would prevent an efficient single trial on all remaining claims. At present, the Court has not determined whether a single trial would be appropriate. But assuming that a single trial would be appropriate, the Court is not persuaded that a few more weeks of delay will be dispositive of the parties' ability to prepare for a trial on Plaintiffs' patent claims before October. If necessary, the trial date could also be continued by a few weeks.

Third, Plaintiffs have not shown sufficient additional prejudice. Plaintiffs contend that continuing the stay would prejudice them because they have now released a watch product that puts them in direct competition with Defendant; that Defendant used the parties' direct competition to argue for an expedited trial schedule in related proceedings in Delaware; and that Defendant's Delaware patent claims could proceed to trial before Plaintiffs' patent claims here, even though this action was filed first. Plaintiffs also contend that, because time has passed, the Remaining Patents are closer to expiring. Although these positions are partially persuasive, they are mitigated by the short period of time necessary to resolve the petition for rehearing. Plaintiffs' own evidence indicates that the average petition is resolved within a month and a half of filing. See ECF No. 1929-6 at 4.

For the reasons stated, the Court **DENIES** the Motion without prejudice. After considering the parties' current arguments, the Court rules that the stay shall continue through the Federal Circuit's final decision on the PTAB's IPR decisions, including rehearing.

Nevertheless, the Court has substantial concerns about the delay. If the Federal Circuit has not ruled on the outstanding petitions within 60 days, Plaintiffs may renew this Motion with ten day's notice. While the Court's analysis of the relevant factors comes to clear conclusions, it would take very little for the Court to decide otherwise.

**IT IS SO ORDERED.**