Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S STATEMENT REGARDING TRIAL SCHEDULE**<br><br>Hon. James V. Selna |

Both the panel and the *en banc* Federal Circuit have now rejected Apple's petition for rehearing. Ex. A.[1] And the Federal Circuit issued the mandate on all appeals. Ex. B. Masimo proposes a schedule to try all remaining claims at the upcoming trial.

### A. The Court Correctly Indicated It Should Hold A Single Trial

In continuing the patent stay pending Apple's petitions for rehearing, the Court indicated it would not let delay prevent a single trial on all remaining claims. Dkt. 1933 at 5 (suggesting a continuance if necessary); Ex. C at 5, 10-11. Masimo agrees a single trial is the most efficient, in part because the trade secret and patent claims both involve the same general technology (light-based physiological monitoring) and the same accused product (the Apple Watch). The parties can present all remaining claims together, particularly because the business trade secrets will not be included in the trial.

Apple argued witness memories may fade before a combined trial could be scheduled. Ex. C at 7-8. But Masimo proposed a schedule for a combined trial on the currently scheduled date. Ex. D.[2] And Apple has not shown any short trial continuance would impact witness recollection. Apple's mere preference is no reason to burden the Court and the parties with separate jury trials. Apple cannot meet its burden to bifurcate. *See Burke v. Basil*, 2021 WL 4146906, at *1 (C.D. Cal. Sept. 13, 2021).

### B. Masimo's Schedule Is Reasonable

Masimo's schedule is reasonable, particularly in view of other disputes between the parties. In the ITC action, the parties prepared for an evidentiary hearing on five patents, with no prior discovery, in about ten months. Dkt. 1931-01, ¶ 2. In Delaware, Apple urged an expedited schedule for trial on four Apple patents, with no prior discovery, in just eight months. Dkt. 1931-01, Ex. 13 at 11. The Court ordered the

---

[1] Unless noted otherwise, all exhibits are attached to the attached Declaration of Adam Powell and all emphasis in quotations is added.

[2] During the meet and confer, Apple requested additional time for invalidity contentions and additional *Markman* exchange dates. Masimo accommodated Apple's requests with a short trial continuance to Tuesday, November 5.

parties to proceed on all claims—ten Apple patents and Masimo's counterclaims on five Masimo patents, antitrust, false advertising, and unfair competition—in just twelve months. Preparing for trial here on three patents will take far less time, particularly because of efficiencies from the IPR process and because most discovery is complete.

Apple has argued the schedule cannot now accommodate the patent claims because only seven-and-a-half months remain before trial. But the parties would have had almost **eleven months** to prepare for trial if Apple had agreed to lift the stay when the Federal Circuit issued its final decision on January 12. The Court should not allow Apple to use the delay that it created with a frivolous petition for rehearing *en banc* to further amplify the proceeding with separate trials.

C. **Apple's Proposal Is Open-Ended And Ignores Efficiencies From IPRs**

Apple's proposed schedule includes many open-ended dates based on other events. Some are indeterminable (e.g., expert reports 30 days after the Court issues a future *Markman* order) and others count back from a "TBD" trial date. As a result, it is difficult to compare the parties' proposals or evaluate the delay caused by Apple's proposal. Moreover, Apple ignores the prior difficulty in setting a trial date. Indeed, the Court had to set the current trial for **fifteen months** after the last trial to find a date that worked for both sides. Apple attempted to blame Masimo for that delay during the hearing, but Masimo proposed earlier dates than Apple and Apple rejected them.

Apple also fails to account for efficiencies from the IPR process. In its motion to stay, Apple assured the Court that the IPRs would streamline the case for any patents that survived. Dkt. 196-1 at 10-11. Apple argued "if some claims survive, by definition the case will be narrower, as Apple's invalidity challenges will have been ***substantially narrowed***" due to estoppel. *Id.* The Court agreed when granting the stay. Dkt. 220 at 4. The case also now involves only three patents instead of the twelve patents at issue at the time of the initial schedule. *See* Dkt. 33 at 2. Yet Apple still proposes a lengthy schedule, including the same six-week time for invalidity contentions that was provided in the initial schedule. *See* Dkt. 33 at 25.

### D. Apple's Proposal Injects Delay And Is Unfair

Apple injects delay by adding *new* deadlines that were not in the prior schedule, including a set of "Damages Contention" deadlines. But Apple did not request—and the Court did not impose—such deadlines in the initial patent scheduling order. Dkt. 33; Dkt. 36. Nor did Apple request such deadlines in Delaware. In fact, in Delaware, Apple refused to provide *any* damages contentions before expert discovery.

Apple also proposes unfair dates. For example, Apple proposes an early deadline for Masimo to narrow its claims. But the Court rejected Apple's prior request for early claim narrowing, finding it "fundamentally unfair." Ex. E at 3. And, unlike Apple's prior request (Dkt. 33 at 25-26), Apple does not include corresponding deadlines for Apple to narrow its defenses. Apple also proposes *Markman* dates that run in parallel with initial contentions, which again departs from the original schedule. Dkt. 33 (initial contentions, then *Markman*, then final contentions). Apple also sets the deadline for *Markman* opening briefs *between* infringement and invalidity contentions. That would force Masimo to brief *Markman* before knowing Apple's invalidity contentions *and* allow Apple to see Masimo's *Markman* position before taking a position on invalidity.

Apple compounds these problems with deadlines for final infringement contentions four weeks after initial contentions. But the parties agreed—and the Court ordered—that final contentions would be due with opening expert reports. Dkt. 33; Dkt. 36. Apple also ties expert reports to the *Markman* order. Depending on the timing of that order, Apple's proposal will likely result in Masimo serving final contentions before expert reports while allowing Apple to serve final contentions after expert reports.

### E. The Court Can Facilitate A Prompt And Efficient Process With Cross Use

As Masimo explained, the Court should streamline discovery by ordering the parties to make discovery from the ITC action and Delaware case available for use here. Dkt. 1931 at 12-13. Such an order is appropriate because discovery in all three disputes involves the same general technology and the same accused product. Allowing use of ITC and Delaware discovery will save the parties significant resources and time.

|     |     |
| --- | --- |
|     | Respectfully submitted, |
|     | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: March 22, 2024 | By: */s/ Adam B. Powell* |
|     | Joseph R. Re |
|     | Stephen C. Jensen |
|     | Sheila N. Swaroop |
|     | Brian C. Horne |
|     | Irfan A. Lateef |
|     | Benjamin A. Katzenellenbogen |
|     | Brian C. Claassen |
|     | Stephen W. Larson |
|     | Mark D. Kachner |
|     | Adam B. Powell |
|     | Kendall M. Loebbaka |
|     | Daniel P. Hughes |
|     | Attorneys for Plaintiffs, MASIMO CORPORATION AND CERCACOR LABORATORIES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 1,096 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 22, 2024      By: */s/ Adam B. Powell*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Sheila N. Swaroop
                                        Brian C. Horne
                                        Irfan A. Lateef
                                        Benjamin A. Katzenellenbogen
                                        Brian C. Claassen
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Kendall M. Loebbaka
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs,
                                        MASIMO CORPORATION AND
                                        CERCACOR LABORATORIES, INC.