MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS PROPOSED TRIAL SCHEDULE** |

JOSEPH J. MUELLER, *pro hac vice*
 joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
 sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
 nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
 ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Apple submits that the trade secret and patent inventorship retrial should move forward on October 31, 2024, as long scheduled. For those issues, the parties' legal and factual positions are fixed, and having already tried the issues once, the parties are unquestionably ready for trial again. Moreover, plaintiffs' claims relate to events that happened many years ago, and key witnesses on those issues have already started to retire and could become unavailable to testify. Delaying the retrial thus risks losing key percipient evidence--which is particularly important for these trade secret claims.

Apple submits that the retrial should not include plaintiffs' patent infringement claim—which, pursuant to the Court's normal scheduling principles, will not be ready for trial until well into 2025. Plaintiffs' claims were, when stayed, only at a nascent stage. Plaintiffs had, for example, not even provided infringement contentions for two of the three patents. The parties still need to conduct (1) fact discovery, including written discovery, document production, and depositions of both parties and likely third parties; (2) *Markman*; (3) expert reports and depositions; (4) dispositive motion briefing; and (5) various pretrial submissions—all for three patents involving relatively complex technology. This Court previously expressed skepticism that the parties could complete the same tasks for *two* patents in *nine* months. *See* Dkt. 786 at 5. Moreover, the percipient-evidence concerns noted above for the trade secret claims are not as pronounced for the patent claims, given the nature of the patent claims. The patent claims will not turn on percipient evidence regarding long-ago events involving employee hiring, but rather will turn on technical assessments (e.g., comparison of the patent claims to Apple products) that need to be developed through the *Markman* proceedings and subsequent expert opinions.

Accordingly, Apple respectfully submits that this Court should hold the trade secret and inventorship trial as scheduled, and adopt Apple's proposed trial schedule for the patent infringement claims. That approach will bring timely closure to the already-tried-once issues in the case, while also keeping the patent-infringement issues on a fast track to resolution next year. Indeed, Apple's schedule commits to a very aggressive

version of the patent trial timeline required by the Northern District of California Patent Local Rules, which the parties previously agreed should govern, and will ensure that the remaining three patent infringement claims are resolved fairly and promptly.  *See* Dkt. 33 (joint Rule 26(f) report proposing schedule modeled on Patent Local Rules); Dkt. 37 (order adopt[ing] "the patent specific dates"); *see also, e.g.*, *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322, at *1 (C.D. Cal. June 30, 2010) (Selna, J.) ("The Court has adopted the Patent Local Rules for the Northern District of California.").

**The Trade Secret/Inventorship Claims Should Be Retried As Scheduled.**

There is no dispute that the parties are ready for a trade secret and inventorship retrial on October 31, 2024.  Apple is eager to begin; it sought to schedule this trial as early as December 2023, but its scheduling proposals were rejected by Masimo.  As this Court will recall, the key facts that underlie the trade secret case date are over a decade old.  The further the case moves on from that critical period, the more likely that witness memories of those distant events will fade or witnesses will simply become unavailable.  For example, Apple's Vice President of Touch Sensing and Camera Technology—Steve Hotelling—played a central role in the original April 2023 trial.  Mr. Hotelling has since retired from Apple.  Apple will try to secure his testimony for the retrial, but the longer it takes to hold that trial, the greater the risk that Mr. Hotelling or others will be unavailable.  Moreover, there is no substantive synergy to be gained from trying the trade secret case with the patent infringement claims.  As this Court rightly noted, "Plaintiffs' patent [infringement] claims have very different elements than their other claims …. In addition, because patents are public, the technology covered by a patent cannot also be a trade secret.  This limits the possible overlap between the patent and trade secret claims." Dkt. 1937 at 3.

**The Patent Case Is In Very Early Stages.**  Masimo's remaining patent infringement claims were stayed at a very early stage of the proceedings, and most of the then-agreed case schedule had yet to occur.  Notably, Apple has not yet received

infringement contentions for two of the three patents.[1]  Moreover, the parties have yet to engage in fact discovery related to these patents (including additional written discovery, third-party discovery, and depositions); exchange terms and proposed claim term constructions; draft initial and responsive *Markman* briefs; complete exchanges of infringement, invalidity, and damages contentions; exchange initial and rebuttal expert reports; take expert depositions; and complete motion in *limine* and other briefing.

**Apple's Proposed Patent Schedule Is Expeditious.**  Apple takes seriously this Court's February 27, 2024 admonition to promptly resolve the patent infringement claims.  Apple's proposed schedule accordingly proposes a fast-paced version of the standard patent trial schedule provided for in the Patent Local Rules, the civil trial schedule provided for in this District's Local Rules, and the Court's Jury Trial Order.  At various points, Apple has suggested a much shorter-than-normal-schedule.  For example, Patent Local Rule 4-2 provides that the parties will exchange preliminary claim constructions "no later than 21 days after" exchanging proposed terms for construction; Apple's schedule narrows that timeframe to only 7 days.  Further, Patent Local Rule 4-3 provides that the parties will file a Joint Claim Construction Statement "[n]ot later than 60 days" after invalidity contentions are served; Apple proposes that the parties file only 14 days after exchanging constructions.  Accordingly, Apple's proposed schedule—which anticipates reaching trial in approximately 13 months—is a reasonable and indeed aggressive application of the timeline prescribed by these rules.

***

For the above reasons, Apple respectfully requests the Court: (1) order the parties to proceed with the trade secret trial on October 31, 2024, as currently scheduled; and (2) adopt Apple's proposed trial schedule for the asserted patents.

---

[1] Masimo served preliminary infringement contentions for U.S. Patent No. 8,457,703 but failed to do so for U.S. Patent No. 10,433,776.  Masimo's preliminary contentions for U.S. Patent No.10,588,554 asserted only claims that were found unpatentable during *inter partes* review proceedings; Masimo has indicated it intends to allege infringement of previously unasserted claims for which no contentions had been served previously.

| Event | Apple Proposed Schedule[2] | Masimo Proposed Schedule |
|---|---|---|
| Narrow number of asserted claims to no more than 8 claims per patent | April 1, 2024 | N/A (not in original schedule) |
| Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | April 8, 2024 | May 10, 2024 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | April 15, 2024 | May 17, 2024 |
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | April 29, 2024 | April 15, 2024 |
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | April 29, 2024 | May 24, 2024 |
| Simultaneous *Markman* Opening Briefs (Patent L.R. 4-5) | May 29, 2024 | June 3, 2024 |
| Invalidity Contentions (Patent L.R 3-3 and 3-4) | June 10, 2024 | May 6, 2024 |
| Simultaneous *Markman* Response Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | June 12, 2024 | June 17, 2024 |

---

[2] The chart in the parties' joint submission presents the events in chronological order according to Masimo's proposed schedule. The dates in this chart are the same as those in the joint submission, but the events are presented in chronological order according to Apple's proposed schedule.

| Event | Apple Proposed Schedule[2] | Masimo Proposed Schedule |
|---|---|---|
| *Markman* hearing | June 26, 2024 (Subject to the convenience of the Court's calendar) | July 1, 2024 (or such other date as the Court deems proper) |
| Damages Contentions (Patent L.R. 3-8) | July 10, 2024 | N/A (not in original schedule) |
| Final Infringement Contentions | July 15, 2024 | July 15, 2024 |
| Responsive Damages Contentions (Patent L.R. 3-9) | August 9, 2024 | N/A (not in original schedule) |
| Final Invalidity Contentions | August 12, 2024 | July 15, 2024 |
| Damages Contentions Meeting (Patent L.R. 3-10) | August 23, 2024 | N/A (not in original schedule) |
| Close of Fact Discovery | September 23, 2024 | July 8, 2024 |
| Opening Expert Reports | 30 days after *Markman* order | July 15, 2024 |
| Rebuttal Expert Reports | 21 days after opening expert reports | July 29, 2024 |
| Reply Expert Reports | 14 days after rebuttal expert reports | August 5, 2024 |
| Close of Expert Discovery | 21 days after reply expert reports | August 19, 2024 |
| Law and Motion (motions filed no later than) (concerning patent infringement claims and defenses only; one per side absent prior approval by the Court at least seven days in advance of filing date) | 45 days after close of expert discovery | August 26, 2024 |

| Event | Apple Proposed Schedule[2] | Masimo Proposed Schedule |
|---|---|---|
| Law and Motion Hearing | 30 days after Law and Motion deadline (Subject to the convenience of the Court's calendar) | September 23, 2023 |
| ADR Deadline | 45 days before pretrial conference | N/A (already complete) |
| Rule 16-2 Meeting of Counsel Deadline | 40 days before pretrial conference | N/A (not in original schedule; set by rule) |
| Motions In Limine | 4 weeks before pretrial conference | September 30, 2024 |
| Meet and Confer regarding Jury Instructions and Objections | 30 days before trial | N/A (not in original schedule; set by rule) |
| Motion in Limine Opposition Briefs | 3 weeks before pretrial conference | N/A (not in original schedule; set by rule) |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 21 days before pretrial conference | October 14, 2024 |
| Motion in Limine Reply Briefs | 2 weeks before pretrial conference | N/A (not in original schedule; set by rule) |
| Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Qs and Agreed-to Statement of Case | 7 days prior to trial | October 28, 2024 |
| Lodge Deposition Designations | First day of trial | First day of trial |

| Event | Apple Proposed Schedule[2] | Masimo Proposed Schedule |
|---|---|---|
| Jury Trial | TBD<br><br>(Subject to the convenience of the Court's calendar) | November 5, 2024<br><br>(or such other date as the Court deems proper) |

| | | |
|---|---|---|
| 1 | Dated: March 22, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | JOSEPH J. MUELLER |
| | | MARK D. SELWYN |
| 4 | | AMY K. WIGMORE |
| 5 | | JOSHUA H. LERNER |
| | | SARAH R. FRAZIER |
| 6 | | NORA Q.E. PASSAMANECK |
| 7 | | THOMAS G. SPRANKLING |
| | | WILMER CUTLER PICKERING HALE AND |
| 8 | | DORR LLP |
| 9 | | |
| | | BRIAN A. ROSENTHAL |
| 10 | | GIBSON, DUNN & CRUTCHER LLP |
| 11 | | |
| | | KENNETH G. PARKER |
| 12 | | HAYNES AND BOONE, LLP |
| 13 | | |
| 14 | | |
| | | By: /s/*Mark D. Selwyn* |
| 15 | | Mark D. Selwyn |
| 16 | | |
| 17 | | *Attorneys for Defendant Apple Inc.* |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 738 words, which:

  X   complies with the word limit of L.R. 11-6.1

  ___ complies with a court order.

Dated: May 22, 2024                    Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: /s/ *Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*