MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearances continue on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**JOINT STIPULATION AND REQUEST FOR RULING REGARDING CASE SCHEDULE AND DISCOVERY LIMITS**<br><br>**[PROPOSED] ORDER LODGED HEREWITH**<br><br>Law and Motion Filing Cutoff: 8/26/2024<br>Law and Motion Hearing: 9/23/2024<br>Final Pre-Trial Conf.: 10/28/2024<br>Trial: 11/5/2024 |

SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

*Attorneys for Defendant Apple Inc.*

STIPULATION RE: CASE SCHEDULE AND DISCOVERY LIMITS AND REQUEST FOR RULING
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
Daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 551-3458

*Attorneys for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.*

STIPULATION RE: CASE SCHEDULE AND DISCOVERY LIMITS AND REQUEST FOR RULING
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

On April 16, 2024, the Court entered an Order regarding Joint Submission Regarding Positions on Trial Schedule, Dkt. 1944 at 1-3. Since then, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") and Defendant Apple Inc. ("Apple") met and conferred regarding the scope of remaining discovery. The parties request that the Court approve the parties' stipulations and resolve one dispute.

A.     Schedule

The parties propose the below changes to the schedule, which do not affect any other dates including the hearing or trial dates. These changes provide additional time for rebuttal expert reports, requiring one less week of fact discovery.

| Event | Current Date | Proposed Modification |
|---|---|---|
| Joint Markman Prehearing Statement (Patent L.R. 4-3) | May 24, 2024 | No change |
| Simultaneous *Markman* Opening Briefs (Patent L.R. 4-5) | June 3, 2024 | No change |
| Simultaneous *Markman* Response Briefs (PLR 4-5) | June 17, 2024 | No change |
| *Markman* hearing | July 1, 2024, 3:00 pm | No change |
| Close of Fact Discovery | July 22, 2024 | July 15, 2024 |
| Opening Expert Reports | July 22, 2024 | July 15, 2024 |
| Final Infringement Contentions | July 15, 2024 | No change |
| Final Invalidity Contentions | July 22, 2024 | July 15, 2024 |
| Rebuttal Expert Reports | July 28, 2024 | August 2, 2024 |
| Reply Expert Reports | August 12, 2024 | No change |
| Close of Expert Discovery | August 19, 2024 | No change |
| Law and Motion (motions filed no later than) (concerning patent infringement claims and defenses only). **Each side will have 50 pages for openings and replies regardless of the number of motions or how packaged. 25 pages for rebuttals.** | August 26, 2024 | No change |
| Local Rule 16-2 Meeting of Counsel Deadline | Per Local Rule | No change, September 18, 2024 |
| Law and Motion Hearing | September 23, 2024 | No change |

| Event | Current Date | Proposed Modification |
|---|---|---|
| Meet and Confer regarding Jury Instructions and Objections | September 20, 2024 | No change |
| *Motions in Limine* (**Opening and reply briefs shall not exceed 15 pages; rebuttals 8**) | September 30, 2024 | No change |
| *Motion in Limine* Opposition Briefs | Per Local Rule | No change, October 7, 2024 |
| ADR Deadline | Conduct further session, October 10, 2024 | No change |
| *Motion in Limine* Reply Briefs | Per Local Rule | No change, October 14, 2024 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | October 15, 2024 | No change |
| <u>Pretrial Conference</u> (Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Qs and Agreed-to Statement of Case) | October 28, 2024 11:00 am | No change |
| <u>Lodge Deposition Designations</u> | First day of trial | No change |
| Jury Trial | November 5, 2024 at 8:30 am | No change |

B. **Discovery Limits**

The parties have agreed that for discovery related to the remaining patent infringement phase of the case, each side should receive (1) four additional interrogatories; (2) four 30(b)(1) depositions of fact witnesses, each not to exceed seven hours; (3) one 30(b)(6) deposition of no more than 20 topics, and testimony on those topics will be limited to no more than 10 hours; and (4) one deposition, not to exceed seven hours, per expert who serves a report and/or submits a Rule 26(a)(2)(c) declaration. Notwithstanding the above, to the extent a 30(b)(1) witness is also

designated on 30(b)(6) topics, the deposition of that witness shall not exceed seven hours.

### C. Procedure for Discovery Disputes

To the extent the parties are unable to resolve any discovery disputes, Apple proposes that the parties file any motions to compel directly with the Court. Masimo does not oppose Apple's request. With the Court's permission, and in view of the limited time for fact discovery, the parties request that the Court waive the requirements set by L.R. 37. Instead, the parties propose that any motion must be noticed to be heard on a regular Motion Day at least four weeks from the date of the motion; any opposition brief be filed within 7 days of the motion; and any reply be filed within 7 days of the opposition.

### D. Cross-Use

To streamline discovery and avoid disputes, the parties have agreed to cross use of certain materials from *Apple Inc. v. Masimo Corporation et al.*, 1:22-cv-01377-JLH (D. Del.) ("Delaware case"), a pending litigation between the parties. Specifically, the parties agree to treat documents produced in the Delaware case as produced under the Protective Order in this case, transcripts for fact witnesses may be used to impeach that witness, and each party may use the transcripts for up to 20 identified fact witnesses for any purpose.

The parties disagree on the permissible extent of cross-use of expert reports and deposition transcripts from the Delaware case. The parties agree that such materials may be used to impeach an expert with a report that he or she submitted in the Delaware case. The parties disagree as to whether expert reports may be used for any other purpose.

The parties' positions are as follows:

**Masimo's Position:**

Discovery materials from this case are already available for use in Delaware as if they were produced there. Masimo asks that the same rule apply here. The Court can accomplish this by ordering the parties to either agree or produce the materials here.

Apple generally agrees, except it seeks to limit use of expert testimony only to impeaching the same expert. Apple's limitation prevents many appropriate uses, such as citing testimony in briefs or expert reports. It also would allow Apple once again to take inconsistent positions using different experts. *See, e.g.*, 4/20/2023 pm trial tr. at 39:8-43:19 (the Court ruling that Masimo can cross-examine one expert using another's opinion from a different case). Apple argues the subject matter in Delaware is different because it involves different patents, but both cases involve the same technology and accused product such that the parties agreed to cross-use of almost all materials. Apple argues the parties should meet/confer later on specific expert testimony, but that is inefficient and unfairly apprises Apple of future cross-examination. Apple also argues the expert testimony may be inadmissible, but the Court will address admissibility later.

**Apple's Position:**

To minimize disputes, Apple has agreed to cross use of certain materials from the Delaware cases. For expert reports, Apple is willing to agree that, to the extent an expert testifies in this case, any report he or she authored in the Delaware cases may be used for impeachment. Beyond this limited use, Apple objects to cross-use of expert reports. First, such cross-use would violate the Protective Order in Delaware, which bars use outside those cases. *See Apple Inc. v. Masimo Corporation et al.*, 1:22-cv-01377-JLH (D. Del.), Dkt. No. 119. Masimo cannot use the reports absent Apple's consent or the Delaware court's modification of its Protective Order. Second, Masimo has not identified any purported relevance. Neither patent asserted here is asserted in the Delaware, and those cases involve different patents and allegations wholly unrelated to this case. As a result, the Delaware reports are irrelevant and would only confuse the issues. Finally, the reports are hearsay if used in this case.

The parties have attached a Proposed Order regarding case schedule and discovery limits for the Court's consideration and respectfully request guidance on the cross-use dispute set forth above.

Respectfully submitted,

Dated: May 21, 2024    By: /s/ *Mark D. Selwyn*
   Mark D. Selwyn
   Joshua H. Lerner
   Nora Passamaneck
   WILMER CUTLER PICKERING HALE AND DORR LLP

   Kenneth G. Parker
   HAYNES AND BOONE, LLP

   Brian A. Rosenthal
   GIBSON, DUNN & CRUTCHER LLP

   *Attorneys for Defendant Apple Inc.*

Dated: May 21, 2024    By: /s/ *Adam B. Powell*
   Joseph R. Re
   Stephen C. Jensen
   Benjamin A. Katzenellenbogen
   Perry D. Oldham
   Stephen W. Larson
   Mark D. Kachner
   Adam B. Powell
   Daniel P. Hughes
   KNOBBE, MARTENS, OLSON & BEAR, LLP

   *Attorneys for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.*

**ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Civil L. R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

Dated: May 21, 2024                    By: */s/ Adam B. Powell*