Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

[Counsel for Apple appears on next page]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**JOINT CLAIM CONSTRUCTION PREHEARING STATEMENT**<br><br><br>Hon. James V. Selna |

MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

JOSEPH J. MUELLER, *pro hac vice*
joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Attorneys for Defendant Apple Inc.

Pursuant to the Court's Scheduling Order (ECF No. 1944) and Patent L.R. 4-3, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Plaintiffs"), and Defendant Apple, Inc. ("Defendant"), jointly the "Parties," submit this Joint Claim Construction Prehearing Statement regarding Claims 1-12, 14-22, and 24 of U.S. Patent No. 8,457,703 (the "'703 Patent"), and Claims 1-16 of U.S. Patent No. 10,433,776 (the "'776 Patent"), collectively the "Asserted Claims."

## I. THE PARTIES AGREED-UPON CONSTRUCTIONS

The parties have agreed upon the constructions of the following terms of the asserted claims.

| Claim Term/Phrase | Agreed Construction |
|---|---|
| duty cycle<br><br>('703 Patent, Claims 2, 16)<br><br>('776 Patent, Claims 1-16) | the ratio of operating time (or on time) of a light source to the total time period during which the light source is intermittently operated, expressed as a percentage, wherein the duty cycle cannot be zero percent |
| first duty cycle / second duty cycle<br><br>('776 Patent, Claims 1-16) | the "second duty cycle" is different from the "first duty cycle" |

## II. PROPOSED CONSTRUCTIONS OF DISPUTED TERMS

The Parties' proposed constructions of disputed terms are provided in the charts below.  The Parties' proposed constructions are also set forth in the accompanying Exhibit A along with the intrinsic and extrinsic evidence on which the parties intend to rely and summaries of any witness testimony related to the proposed claim constructions.  The Parties reserve the right to rely on anything in the intrinsic record at any time, whether or not specifically identified herein.  The Parties reserve the right to rely on each other's cited materials.

| Claim Term, Phrase or Clause | Masimo's Construction | Apple's Construction |
|---|---|---|
| processing characteristics

('703 Patent, Claims 1-22)

('776 Patent, Claims 1-16) | characteristics determined from a signal received from one or more detectors configured to detect light | characteristics determined from a signal received from one or more detectors configured to detect light (i.e., the only signal received and processed in the claimed patient monitor) |
| reduce/reducing activation of an attached sensor

('703 Patent, Claims 1-8, 15-19) | no construction needed

However, the ordinary meaning of "activation" in the phrase is "on time." | reducing the amount of time the attached sensor is active (or on), but not by adjusting the LED level or intensity (i.e., by adjusting current) |
| higher power consumption level

('703 Patent, Claims 1-16) | not indefinite and no construction needed | indefinite |
| when operating according to the first control protocol, calculat[e/ing], by the patient monitor, measurement values of the pulse rate, the measurement values responsive to light from the first control protocol light source

('776 Patent, | not indefinite and no construction needed | indefinite |

| Claim Term, Phrase or Clause | Masimo's Construction | Apple's Construction |
|---|---|---|
| Claims 1-16) | | |
| wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor / wherein said continuously operating at said lower power consumption level comprises reducing an amount of processing by a signal processor<br><br>('703 Patent, Claims 1-8, 9-11) | not indefinite and no construction needed | indefinite |

| Claim Term, Phrase or Clause | Masimo's Construction | Apple's Construction |
|---|---|---|
| relatively small amount of power / relatively large amount of power<br><br>('776 Patent, Claim 5) | not indefinite and no construction needed | indefinite |

## III.   IDENTIFICATION OF THE TERMS WHOSE CONSTRUCTION WILL BE MOST SIGNIFICANT

The parties agree that the constructions of the six terms below will be the most significant to this case.  Plaintiffs believe that the construction of the terms marked with an asterisk (*) will be case or claim dispositive.  Defendant believes that the construction of the terms marked with a dagger (†) will be case or claim dispositive.

1. processing characteristics†

2. reducing/reduce activation of an attached sensor†

3. higher power consumption level*†

4. when operating according to the first control protocol, calculat[e/ing], by the patient monitor, measurement values of the pulse rate, the measurement values responsive to light from the first control protocol light source*†

5. wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor / wherein said continuously operating at said lower power consumption level comprises reducing an amount of processing by a signal processor*

6. relatively small amount of power / relatively large amount of power*

## IV. LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING

The Parties believe that they will need a total of two hours, one hour per side, subject to questions from the Court, for the Claim Construction Hearing.

## V. WITNESSES AND SUMMARY OF TESTIMONY

The parties have agreed that no witnesses will be called at the Claim Construction Hearing.

## VI. FACTUAL FINDINGS

The Parties do not request any factual findings from the Court related to claim construction.

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: May 24, 2024                By: /s/ Kendall M. Loebbaka
                                       Joseph R. Re
                                       Stephen C. Jensen
                                       Sheila N. Swaroop
                                       Brian C. Horne
                                       Irfan A. Lateef
                                       Benjamin A. Katzenellenbogen
                                       Brian C. Claassen
                                       Stephen W. Larson
                                       Mark D. Kachner
                                       Adam B. Powell
                                       Kendall M. Loebbaka
                                       Daniel P. Hughes

                                       Attorneys for Plaintiffs
                                       MASIMO CORPORATION and
                                       CERCACOR LABORATORIES, INC.

/ / /

/ / /

/ / /

/ / /

/ / /

WILMER CUTLER PICKERING HALE AND DORR LLP

Dated: May 24, 2024

By: */s/ Sarah R. Frazier*
Mark D. Selwyn
Thomas G. Sprankling
Joshua H. Lerner
Amy K. Wigmore
Joseph J. Mueller
Sarah R. Frazier
Nora Passamaneck
Brian A. Rosenthal
Kenneth G. Parker

Attorneys for Defendant
APPLE INC.

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: May 24, 2024

By: */s/ Kendall M. Loebbaka*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Brian C. Claassen
Stephen W. Larson
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

# EXHIBIT A

**Exhibit A**

I.       **Disputed Terms For The '703 Patent**

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| processing characteristics<br><br>(Claims 1-22) | characteristics determined from a signal received from one or more detectors configured to detect light | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB Apr. 11, 2022), Dkt. 32 at 9-14<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB) at 22-24<br><br>*Apple, Inc. v. Masimo Corp.*, No. 22 1891 (Fed Cir. Jan. 12, 2024), Dkt. 37 | characteristics determined from a signal received from one or more detectors configured to detect light (i.e., the only signal received and processed in the claimed patient monitor) | '703 patent at claims 1, 3-4, 8-9, 12, 14-15, 17-20, 22<br><br>'776 patent at claims 1, 11<br><br>'703 patent[1] at Figs. 3-4 and associated descriptions<br><br>'703 patent at 3:17-35, 5:11-23, 5:40-48, 6:25-42, 10:10-28<br><br>'776 File History at Jan. 17, 2019 Office Action |

[1] The '703 and '776 patents share a common specification. Where citations are provided to the specification of the '703 patent, the corresponding citations to the shared specification of the '776 patent (and vice versa) are likewise identified as evidence.

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB Apr. 29, 2022), Dkt. 29<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>'703 Patent at title, abstract, 1:18-35, 2:29-4:32, 5:11-6:55, 8:43-57, 11:30 14:27, Figs. 1-4, 9<br><br>'776 Patent at title, abstract, 1:13-31, 2:25-4:33, 5:13-6:58, 8:47-61, 11:40 14:35, Figs. 1-4, 9<br><br>August 7, 2015, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5-6 | | *Apple v. Masimo*, IPR 2020-01523, Patent Owner's Response<br><br>*Apple v. Masimo*, IPR 2020-01523, Patent Owner's Sur Reply to Reply<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>*Apple v. Masimo*, IPR 2020-01523, Final Written Decision<br><br>*Apple v. Masimo*, No. 2022-1890, 2024 WL 137336 (Fed. Cir. Jan. 12, 2024) |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | March 18, 2016, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 3, 5-6<br><br>August 11, 2016, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 6-7<br><br>*Apple, Inc. v. Masimo Corp.*, No. 22 1890 (Fed Cir. Jan. 12, 2024), Dkt. 36 at 5-8<br><br>Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery. | | U.S. Patent No. 6,293,915 (to Amano et al.) (APL-MAS_03122213)<br><br>U.S. Patent No. 5,632,272 (to Diab et al.) (APL-MAS_03121683)<br><br>Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a person having ordinary skill in the art would have had of the claim terms |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | The expert opinion of Dr. Vijay K. Madisetti that the ordinary and customary meaning given to the phrase "processing characteristics" by those of ordinary skill in the art at the time of the invention would have been "characteristics determined from a signal received from one or more detectors configured to detect light." He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in the field. |
| reduce/reducing activation of an attached sensor | No construction needed. | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB Apr. 11, 2022) | reducing the amount of time the attached sensor is active (or | '703 patent at claims 1-2, 15-16 |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| (Claims 1-8, 15-19) | However, the ordinary meaning of "activation" in the phrase is "on time." | Apple's Petition in IPR2020-01523 (PTAB)<br><br>Declaration of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Deposition of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Deposition of Vijay K. Madisetti, *Apple, Inc. v.* | on), but not by adjusting the LED level or intensity (i.e., by adjusting current) | '703 patent at Figs. 3-5 and associated descriptions<br><br>'703 patent at 1:35-42, 3:17-35, 3:53-4:32, 4:64-5:27, 5:41-6:24, 6:55-7:14, 7:65-8:42<br><br>'703 File History at Aug. 30, 2012 Office Action, Feb. 1, 2013 Notice of Allowability<br><br>'776 File History at Jan. 17, 2019 Office Action<br><br>*Apple v. Masimo*, IPR2020-01523, Patent Owner Response |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | *Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>'703 Patent at 2:38-55, 3:28-35, 3:51-4:32, 5:55-6:19, 6:56-7:26, 8:12-9:13, 10:62-11:24, 11:30-14:27, Figures 3-11<br><br>February 1, 2013, Notice of Allowance in for U.S. Patent Application No. 11/939,519<br><br>January 17, 2019, Office Action for U.S Patent. Application No. 16/174,144<br><br>October 3, 2006, Non-Final Rejection for U.S. Patent Appl. No. 10/785,573 at 2-3 | | *Apple v. Masimo*, IPR 2020-01523, Declaration of Vijay K. Madisetti, Ph.D.<br><br>*Apple v. Masimo*, IPR 2020-01523, Patent Owner's Sur Reply to Reply<br>*Apple v. Masimo*, IPR2020-01523, Record of Oral Hearing<br><br>U.S. Patent No. 9,848,806 at claims 1, 3-4, 9, 11-12<br><br>U.S. Patent No. 10,959,652 at claim 20<br><br>U.S. Patent No. 10,980,455 at claim 10 |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | June 20, 2007, Notice of Allowance for U.S. Patent Appl. No. 10/785,573 at 2<br><br>March 18, 2016, Final Rejection at 5, August 11, 2016, for U.S. Patent Appl. No. 13/908,957 at 5-6<br><br>Apple's May 6, 2024, Invalidity Contentions<br><br>Apple, Inc. v. Masimo Corp., No. 22-1890 (Fed Cir. Jan. 12, 2024)<br><br>Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery. | | U.S. Patent No. 6,115,622 (to Minoz et al.) (MASA00045279)<br><br>U.S. Patent No. 5,924,979 (to Swedlow et al.) (APL-MAS_03121906)<br>U.S. Patent No. 6,402,690 (to Rhee et al.) (APL-MAS_03122488)<br><br>U.S. Patent No. 5,827,969 (to Lee et al.) (MASA00044530)<br><br>U.S. Patent No. 5,279,298 (to Flower) (MASA00042935)<br><br>U.S. Patent No. 6,293,915 (to Amano et al.) (APL-MAS_03122213) |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | The expert opinion of Dr. Vijay K. Madisetti that the phrase "reducing/reduce activation of an attached sensor" is readily understandable in the context of the claim and thus does not require construction. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase, including that a POSITA would have understood that "activation" in the phrase is "on time." | | U.S. Patent No. 6,527,729 (to Turcott) (APL-MAS_03122615)<br><br>U.S. Patent No. 5,632,272 (to Diab et al.) (APL-MAS_03121683)<br><br>Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a person having ordinary skill in the art would have had of the claim terms |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | | | proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in the field. |
| higher power consumption level<br><br>(Claims 1-16) | not indefinite and no construction needed | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB Apr. 11, 2022)<br><br>Apple's Petition in IPR2020-01523 (PTAB)<br><br>Declaration of Dr. Brian W. Anthony, *Apple, Inc. v.* | indefinite | '703 patent at claims 1, 9, 15, 20<br><br>'703 patent at 6:25-41<br><br>'703 patent File History at Aug. 30, 2012 Office Action; Nov. 30, 2012 |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | *Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Deposition of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Deposition of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>'703 Patent at 2:25-51, 2:64-3:50, 5:30-11:32, 11:30-14:27, Figures 3-11 | | Response to Office Action; Jan. 9, 2013 Supplemental Amendment; Feb. 1, 2013 Notice of Allowability<br><br>*Apple v. Masimo*, IPR2020-01523, Patent Owner Response<br><br>U.S. Patent No. 6,527,729 (to Turcott) (APL-MAS_03122615)<br><br>Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on |

| Claim Term, Phrase or Clause | Masimo's Proposed Construction | Masimo's Intrinsic/Extrinsic Evidence | Apple's Proposed Construction | Apple's Intrinsic/Extrinsic Evidence |
|---|---|---|---|---|
| | | August 30, 2012, Office Action for U.S. Patent Application No. 11/939,519 | | the understanding that a person having ordinary skill in the art would have had of the claim terms proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in the field. In addition, Dr. Sarrafzadeh may offer opinions to support Apple's allegations of indefiniteness— e.g., that the patent claims, read in light of the intrinsic record, |
| | | November 30, 2012, Amendment And Response To Office Action for U.S. Patent Application No. 11/939,519 | | |
| | | January 9, 2013, Supplemental Amendment for U.S. Patent Application No. 11/939,519 | | |
| | | February 1, 2013, Notice of Allowance in for U.S. Patent Application No. 11/939,519 | | |
| | | June 20, 2007, Notice of Allowance for U.S. Patent Appl. No. 10/785,573 at 2 | | |

**U.S. Patent No. 8,457,703**

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | August 7, 2015, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5-6<br><br>December 7, 2015, Amendment and Response to Office Action Dated August 8, 2015, for U.S. Patent Appl. No. 13/908,957 at 8-9<br><br>March 18, 2016, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 2-5, 7-8<br><br>July 18, 2016, Response to the Final Office Action Dated March 18, 2016, for U.S. Patent Appl. No. 13/908,957 at 5-6 | | fail to inform a skilled artisan about the scope of the invention with reasonable certainty. |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | August 11, 2016, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 3-7 | | |
| | | November 14, 2016, Applicant Initiated Interview Summary for U.S. Patent Appl. No. 13/908,957 | | |
| | | Apple's May 6, 2024, Invalidity Contentions | | |
| | | *Apple, Inc. v. Masimo Corp*., No. 22-1890 (Fed Cir. Jan. 12, 2024) | | |
| | | Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery. | | |

| | U.S. Patent No. 8,457,703 | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | The expert opinion of Dr. Vijay K. Madisetti that the phrase "higher power consumption level," read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "higher power consumption level" is readily understandable in the context of the claim and thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, | | |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor / wherein said continuously operating at said lower power consumption level comprises reducing an amount of processing by a signal processor<br><br>(Claims 1-8, 9-11) | not indefinite and no construction needed | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB Apr. 11, 2022)<br><br>Apple's Petition in IPR2020-01523 (PTAB)<br><br>Declaration of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>Deposition of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB) | indefinite | '703 patent, claims 1, 2, 9-11<br><br>'703 patent at Figs. 4, 5-9, 10, 11 and associated descriptions<br><br>'703 patent at 1:53-2:55, 3:36-4:32, 6:56-7:14, 7:15-39, 7:66-8:28, 8:43-9:13, 11:10-24<br><br>'703 patent File History at Aug. 30, 2012 Office Action; Nov. 20, 2012 Response to Office Action; Jan. 9, 2013 Supplemental Amendment; Feb. 1, 2013 Notice of Allowability<br><br>'776 patent File History at Jan. 17, 2019 Office |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | Deposition of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1523 (PTAB)<br><br>'703 Patent at 2:1-28, 2:49-60, 3:28-35, 3:1-4:32, 5:55-6:8, 6:56-11:24, 11:30-14:27, Figures 2-11, Claim 1, 9<br><br>August 30, 2012, Office Action for U.S. Patent Application No. 11/939,519<br><br>November 30, 2012, Amendment And Response To Office Action for U.S. Patent Application No. 11/939,519 | | Action; April 30, 2019 Response to Office Action; May 31, 2019 Notice of Allowance<br><br>*Apple v. Masimo*, IPR2020-01523, Patent Owner's Response<br><br>*Apple v. Masimo*, IPR2020-01523, Declaration of Vijay K. Madisetti, Ph.D<br><br>*Apple v. Masimo*, IPR2020-01524, Patent Owner's Response<br><br>*Apple v. Masimo*, IPR2020-01524, Declaration of Vijay K. Madisetti, Ph.D |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | January 9, 2013, Supplemental Amendment for U.S. Patent Application No. 11/939,519<br><br>February 1, 2013, Notice of Allowance in for U.S. Patent Application No. 11/939,519<br><br>December 21, 2006, Amendment and Response to Office Action Dated<br><br>October 3, 2006, for U.S. Patent Appl. No. 10/785,573 at 6-7<br><br>June 20, 2007, Notice of Allowance for U.S. Patent Appl. No. 10/785,573 at 2 | | *Apple v. Masimo*, IPR2020-01524, Final Written Decision (Apr. 29, 2022)<br><br>*Apple Inc. v. Masimo Corp.*, No. 2022-1891, 2024 WL 139570 (Fed. Cir. Jan. 12, 2024)<br><br>U.S. Patent No. 5,555,882 (to Richardson et al.) (APL-MAS_03121611)<br><br>U.S. Patent No. 5,924,979 (to Swedlow et al.) (APL-MAS_03121906) |

| | | | | |
|---|---|---|---|---|
| **U.S. Patent No. 8,457,703** | | | | |
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | March 18, 2016, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5<br><br>August 11, 2016, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5-6<br><br>November 14, 2016, Applicant Initiated Interview Summary for U.S. Patent Appl. No. 13/908,957<br><br>January 30, 2017, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 3-4<br><br>Apple's May 6, 2024, Invalidity Contentions | | U.S. Patent No. 5,827,969 (to Lee et al.) (MASA00044530)<br><br>U.S. Patent No. 6,402,690 (Rhee et al.) (APL-MAS_03122488)<br><br>U.S. Patent No. 5,238,001 (to Gallant et al.) (MASA00042876)<br><br>U.S. Patent No. 5,279,298 (to Flower et al.) (MASA00042935)<br><br>U.S. Patent No. 4,907,183 (to Tanaka et al.) (MASA00042579)<br><br>Apple may rely on or cite Plaintiffs' contentions, |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | *Apple, Inc. v. Masimo Corp.*, No. 22-1890 (Fed Cir. Jan. 12, 2024)<br><br>Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor," read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the | | interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a person having ordinary skill in the art would have had of the claim terms proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in |

| | | U.S. Patent No. 8,457,703 | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | art about the scope of the invention.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "wherein said continuously operating at said lower power consumption level comprises reducing activation of an attached sensor" is readily understandable in the context of the claim and thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | the field. In addition, Dr. Sarrafzadeh may offer opinions to support Apple's allegations of indefiniteness— e.g., that the patent claims, read in light of the intrinsic record, fail to inform a skilled artisan about the scope of the invention with reasonable certainty. |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| Claim Term, Phrase or Clause | Masimo's Proposed Construction | Masimo's Intrinsic/Extrinsic Evidence | Apple's Proposed Construction | Apple's Intrinsic/Extrinsic Evidence |
| | | The expert opinion of Dr. Vijay K. Madisetti that the phrase "wherein said continuously operating at said lower power consumption level comprises reducing an amount of processing by a signal processor," read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "wherein said continuously operating at said lower power | | |

| U.S. Patent No. 8,457,703 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | consumption level comprises reducing an amount of processing by a signal processor" is readily understandable in the context of the claim and that thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | |

## I.      Disputed Terms For The '776 Patent

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| processing characteristics<br><br>(Claims 1-16) | characteristics determined from a signal received from one or more detectors configured to detect light | *Apple, Inc. v. Masimo Corp*., No. IPR2020-1523 (PTAB Apr. 11, 2022), Dkt. 32 at 9-14<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp*., No. IPR2020-1523 (PTAB) at 22-24<br><br>*Apple, Inc. v. Masimo Corp*., No. 22 1891 (Fed Cir. Jan. 12, 2024), Dkt. 37<br><br>*Apple, Inc. v. Masimo Corp*., No. IPR2020-1524 (PTAB Apr. 29, 2022), Dkt. 29 | characteristics determined from a signal received from one or more detectors configured to detect light (i.e., the only signal received and processed in the claimed patient monitor) | '703 patent at claims 1, 3-4, 8-9, 12, 14-15, 17-20, 22<br><br>'776 patent at claims 1, 11<br><br>'703 patent at Figs. 3-4 and associated descriptions<br><br>'703 patent at 3:17-35, 5:11-23, 5:40-48, 6:25-42, 10:10-28<br><br>'776 File History at Jan. 17, 2019 Office Action<br><br>*Apple v. Masimo*, IPR 2020-01523, Patent Owner's Response |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>'703 Patent at title, abstract, 1:18-35, 2:29-4:32, 5:11-6:55, 8:43-57, 11:30 14:27, Figs. 1-4, 9<br><br>'776 Patent at title, abstract, 1:13-31, 2:25-4:33, 5:13-6:58, 8:47-61, 11:40 14:35, Figs. 1-4, 9<br><br>August 7, 2015, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5-6 | | *Apple v. Masimo*, IPR 2020-01523, Patent Owner's Sur Reply to Reply<br><br>*Apple v. Masimo*, IPR 2020-01523, Final Written Decision<br><br>*Apple v. Masimo*, No. 2022-1890, 2024 WL 137336 (Fed. Cir. Jan. 12, 2024)<br><br>U.S. Patent No. 6,293,915 (to Amano et al.) (APL-MAS_03122213)<br><br>U.S. Patent No. 5,632,272 (to Diab et al.) (APL-MAS_03121683) |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | March 18, 2016, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 3, 5-6<br><br>August 11, 2016, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 6-7<br><br>*Apple, Inc. v. Masimo Corp.*, No. 22 1890 (Fed Cir. Jan. 12, 2024), Dkt. 36 at 5-8<br><br>Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the ordinary and customary meaning given to the phrase | | Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a person having ordinary skill in the art would have had of the claim terms proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | "processing characteristics" by those of ordinary skill in the art at the time of the invention would have been "characteristics determined from a signal received from one or more detectors configured to detect light." He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | experience, training, education, and expertise in the field. |
| when operating according to the first control protocol, calculat[e/ing], by the patient monitor, | not indefinite and no construction needed | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB Apr. 29, 2022), Dkt. 29.<br><br>Apple's Petition in IPR2020-01524 (PTAB) | indefinite | '776 patent, claims 1, 2, 4, 5, 6, 7, 11, 12, 14, 15, 16<br><br>'703 patent at Figs. 4, 5-9, 10, 11 and associated descriptions |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| measurement values of the pulse rate, the measurement values responsive to light from the first control protocol light source<br><br>(Claims 1-16) | | Declaration of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo, Inc.*, No. IPR2020-1524 (PTAB)<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Cor*p., No. IPR2020-1524 (PTAB)<br><br>Deposition of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>Deposition of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB) | | '703 patent at 1:53-2:55, 3:36-4:32, 6:56-7:14, 7:15-39, 7:66-8:28, 8:43-9:13, 11:10-24<br><br>'703 patent File History at Aug. 30, 2012 Office Action; Nov. 20, 2012 Response to Office Action; Jan. 9, 2013 Supplemental Amendment; Feb. 1, 2013 Notice of Allowability<br><br>'776 patent File History at Jan. 17, 2019 Office Action; April 30, 2019 Response to Office Action; May 31, 2019 Notice of Allowance |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | '776 Patent at 2:25-51, 2:64-3:50, 5:30-11:32, 11:40-14:35, Figures 3-11,<br><br>January 17, 2019, Office Action for U.S Patent. Application No. 16/174,144<br><br>April 17, 2019, Response To Office Action for U.S Patent. Application No. 16/174,144<br><br>May 31, 2019, Notice of Allowance for U.S Patent. Application No. 16/174,144<br><br>Apple's May 6, 2024, Invalidity Contentions<br><br>*Apple, Inc. v. Masimo Corp.*, No. 22-1891 (Fed Cir. Jan. 12, 2024), Dkt. 37 | | *Apple v. Masimo*, IPR2020-01523, Patent Owner's Response<br><br>*Apple v. Masimo*, IPR2020-01523, Declaration of Vijay K. Madisetti, Ph.D.<br><br>*Apple v. Masimo*, IPR2020-01524, Patent Owner's Response<br><br>*Apple v. Masimo*, IPR2020-01524, Declaration of Vijay K. Madisetti, Ph.D.<br><br>*Apple v. Masimo*, IPR2020-01524, Final Written Decision (Apr. 29, 2022) |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the term "first control protocol," read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "first control protocol" is readily understandable in the context | | *Apple Inc. v. Masimo Corp.*, No. 2022-1891, 2024 WL 139570 (Fed. Cir. Jan. 12, 2024)<br><br>U.S. Patent No. 5,555,882 (to Richardson et al.) (APL-MAS_03121611)<br><br>U.S. Patent No. 5,924,979 (to Swedlow et al.) (APL-MAS_03121906)<br><br>U.S. Patent No. 6,402,690 (to Rhee et al.) (APL-MAS_03122488)<br>U.S. Patent No. 5,827,969 (to Lee et al.) (MASA00044530) |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | of the claim and thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | U.S. Patent No. 5,238,001 (to Gallant et al.) (MASA00042876)<br><br>U.S. Patent No. 5,279,298 (to Flower et al.) (MASA00042935)<br><br>U.S. Pat. No. 4,907,183 (to Tanaka et al.) (MASA00042579)<br><br>Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| Claim Term, Phrase or Clause | Masimo's Proposed Construction | Masimo's Intrinsic/Extrinsic Evidence | Apple's Proposed Construction | Apple's Intrinsic/Extrinsic Evidence |
| | | | | person having ordinary skill in the art would have had of the claim terms proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in the field. In addition, Dr. Sarrafzadeh may offer opinions to support Apple's allegations of indefiniteness— e.g., that the patent claims, read in light of the intrinsic record, fail to inform a skilled |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | | | artisan about the scope of the invention with reasonable certainty. |
| relatively small amount of power / relatively large amount of power<br><br>(Claim 5) | not indefinite and no construction needed | *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB Apr. 29, 2022), Dkt. 29<br><br>Apple's Petition in IPR2020-01524 (PTAB)<br><br>Declaration of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>Declaration of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB) | indefinite | '776 patent at claim 5<br><br>'703 patent at 7:1-4, 9:25-44<br><br>'703 patent Figs. 8, 10 and associated descriptions<br><br>Apple may rely on or cite Plaintiffs' contentions, interrogatory responses, and discovery.<br><br>Apple may rely on the testimony of Dr. Majid Sarrafzadeh. Dr. Sarrafzadeh may opine on the understanding that a |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | Deposition of Dr. Brian W. Anthony, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>Deposition of Vijay K. Madisetti, *Apple, Inc. v. Masimo Corp.*, No. IPR2020-1524 (PTAB)<br><br>'776 Patent at 2:34-44, 5:57-6:58, 8:4-46; 9:19-10:17, 11:40-14:35, Figures 5-11, Claim 1<br><br>January 17, 2019, Office Action for U.S Patent. Application No. 16/174,144 | | person having ordinary skill in the art would have had of the claim terms proposed for construction herein. Dr. Sarrafzadeh's testimony will be made in view of, inter alia, the intrinsic evidence and relevant extrinsic evidence. Dr. Sarrafzadeh's testimony will be based on his knowledge, skill, experience, training, education, and expertise in the field. In addition, Dr. Sarrafzadeh may offer opinions to support Apple's allegations of indefiniteness— e.g., that the patent claims, read in light of the intrinsic record, fail to inform a skilled |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | April 17, 2019, Response To Office Action for U.S Patent Application No. 16/174,144<br><br>May 31, 2019, Notice of Allowance for U.S Patent. Application No. 16/174,144<br><br>June 20, 2007, Notice of Allowance at 2<br><br>August 7, 2015, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 5-6<br><br>December 7, 2015, Amendment and Response to Office Action Dated August 8, 2015, for U.S. Patent Appl. No. 13/908,957  at 8-9 | | artisan about the scope of the invention with reasonable certainty. |

| U.S. Patent No. 10,433,776 | | | | |
| --- | --- | --- | --- | --- |
| Claim Term, Phrase or Clause | Masimo's Proposed Construction | Masimo's Intrinsic/Extrinsic Evidence | Apple's Proposed Construction | Apple's Intrinsic/Extrinsic Evidence |
| | | March 18, 2016, Final Rejection for U.S. Patent Appl. No. 13/908,957 at 2-5, 7-8 <br><br> July 18, 2016, Response to the Final Office Action Dated March 18, 2016, for U.S. Patent Appl. No. 13/908,957 at 5-6 <br><br> August 11, 2016, Non-Final Rejection for U.S. Patent Appl. No. 13/908,957 at 3-7 <br><br> November 14, 2016, Applicant Initiated Interview Summary for U.S. Patent Appl. No. 13/908,957 <br><br> Apple's May 6, 2024, Invalidity Contentions | | |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | *Apple, Inc. v. Masimo Corp.*, No. 22-1891 (Fed Cir. Jan. 12, 2024), Dkt. 37<br><br>Masimo may rely on or cite the parties' contentions, interrogatory responses, and discovery.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "relatively small amount of power," read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention. | | |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | The expert opinion of Dr. Vijay K. Madisetti that the phrase "relatively small amount of power" is readily understandable in the context of the claim and thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "relatively large amount of power," read in light of the specification delineating the patent, and | | |

| U.S. Patent No. 10,433,776 | | | | |
|---|---|---|---|---|
| **Claim Term, Phrase or Clause** | **Masimo's Proposed Construction** | **Masimo's Intrinsic/Extrinsic Evidence** | **Apple's Proposed Construction** | **Apple's Intrinsic/Extrinsic Evidence** |
| | | the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention.<br><br>The expert opinion of Dr. Vijay K. Madisetti that the phrase "relatively large amount of power" is readily understandable in the context of the claim and thus no construction is needed for the phrase to be understood. He will also explain the context of the claims, specification, and intrinsic and extrinsic evidence and how those would support how a POSITA would have understood the phrase. | | |