1  MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
     thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10 AMY K. WIGMORE, *pro hac vice*
     amy.wigmore@wilmerhale.com
11 WILMER CUTLER PICKERING
     HALE AND DORR LLP
12 2100 Pennsylvania Ave NW
   Washington, DC 20037
13 Tel.: 202.663.6000 / Fax: 202.663.6363

14 [Counsel appearances continue on next page]

15 *Attorneys for Defendant Apple Inc.*

16 **UNITED STATES DISTRICT COURT**
   **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
17 **SOUTHERN DIVISION**

| | |
|---|---|
| 18 MASIMO CORPORATION, a Delaware corporation; and 19 CERCACOR LABORATORIES, INC., 20 a Delaware corporation, 21 Plaintiffs, 22 v. 23 APPLE INC., a California corporation, 24 Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) **APPLE'S EX PARTE MOTION TO CONSOLIDATE HEARINGS ON APPLE'S MOTION TO COMPEL PLAINTIFFS' SUPPLEMENTAL INFRINGEMENT CONTENTIONS (DKT. 1955) AND PLAINTIFFS' MOTION TO STRIKE APPLE'S INVALIDITY CONTENTIONS (DKT. 1949)** **[PROPOSED] ORDER LODGED HEREWITH** Law and Motion Filing Cutoff: 8/26/24 Law and Motion Hearing: 9/23/24 Final Pre-Trial Conf.: 10/28/24 Trial: 11/5/24 |

SARAH R. FRAZIER, *pro hac vice*
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

*Attorneys for Defendant Apple Inc.*

      Before the Court are two motions regarding contentions: Apple's Motion to Compel Plaintiffs' Supplemental Infringement Contentions (Dkt. 1955), filed on June 6, 2024, and Plaintiffs' Motion to Strike Apple's Invalidity Contentions (Dkt. 1949), filed on June 3, 2024. Consistent with the Court's May 23, 2024, Order with respect to "Procedure for Discovery Disputes" (Dkt. 1946), Apple prepared its motion regarding Plaintiffs' infringement contentions pursuant to Local Rule 37-1 and noticed it to be heard before Magistrate Judge John D. Early on June 27, 2024. After receiving Apple's portion of the Rule 37 submission for Apple's Motion, Plaintiffs noticed their motion regarding Apple's invalidity contentions to be heard directly before Your Honor on July 1, 2024. Because the motions are interrelated—Plaintiffs' infringement contentions have direct relevance to Apple's invalidity contentions, in particular with regard to Plaintiff's position on the scope of the asserted patent claims—Apple respectfully requests the motions be consolidated and heard together. Plaintiffs have represented that they do not oppose the motions being consolidated and heard together if both are heard before Your Honor on July 1, 2024, when the parties will be appearing for the *Markman* hearing.

      As explained in Apple's Motion, Plaintiffs' post-stay infringement contentions have expanded to include all fourteen models of Apple Watch and assert nearly 40 claims. *See* Dkt. 1955-1 at pp. 1, 4. Notwithstanding the volume of Plaintiffs' contentions, Apple cannot tell what Plaintiffs' actual theory of infringement is and how that theory applies across models. *Id* at pp. 4-11. On the other hand, Plaintiffs' chief complaint about Apple's invalidity contentions is that they disclose too many invalidity combinations. *See* Dkt. 1949-2. Plaintiffs' Motion requests the Court strike Apple's contentions or, in the alternative, require Apple to narrow to "no more than four combinations per claim with no more than 2 references per patent." *Id.* at 9. The parties' correspondence reflects that these disputes are interrelated. For example, Apple's ability to narrow its combinations depends on understanding how Plaintiffs are interpreting and

1   applying the claims, and on which of the 40 claims they actually intend to proceed.  *See, e.g.*, Dkt. 1949-6 at pp. 4-5; Dkt. 1949-7 at p. 2.  Accordingly, if the Court agrees with Apple that it does not have sufficient disclosure of Plaintiffs' infringement theories, that necessarily affects the appropriate scope and timing of any relief on Plaintiffs' motion.

This Court has the inherent power to control its own docket.  *See Miller v. State of California*, No. 523CV00020JVSMAA, 2023 WL 6144839, at *2 (C.D. Cal. Sept. 20, 2023).  Here, there are currently two separate hearings noticed on intertwined issues just two business days apart.  In the interest of judicial efficiency and consistency, Apple respectfully requests that this Court consolidate the hearings on Apple's Motion to Compel and Plaintiffs' Motion to Strike for the reasons set forth above.  As noted above, Plaintiffs have proposed hearing the issues on the same day as the *Markman* hearing, and Apple has no objection to that approach—but, of course, defers to whatever the Court prefers.

Respectfully submitted,

Dated: June 7, 2024

By: *Mark D. Selwyn*
Mark D. Selwyn
Joshua H. Lerner
Nora Passamaneck
WILMER CUTLER PICKERING HALE AND DORR LLP

Kenneth G. Parker
HAYNES AND BOONE, LLP

Brian A. Rosenthal
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendant Apple Inc.*