| | |
|---|---|
| 1 | MARK D. SELWYN, SBN 244180 |
| | mark.selwyn@wilmerhale.com |
| 2 | THOMAS G. SPRANKLING, SBN 294831 |
| | thomas.sprankling@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 4 | 2600 El Camino Real, Suite 400 |
| | Palo Alto, California 94306 |
| 5 | Tel: 650.858.6000 / Fax: 650.858.6100 |
| 6 | JOSHUA H. LERNER, SBN 220755 |
| | joshua.lerner@wilmerhale.com |
| 7 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 8 | 1 Front Street, Suite 3500 |
| | San Francisco, CA 94111 |
| 9 | Tel.: 628.235.1000 / Fax: 628.235.1001 |
| 10 | AMY K. WIGMORE, *pro hac vice* |
| | amy.wigmore@wilmerhale.com |
| 11 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 12 | 2100 Pennsylvania Ave NW |
| | Washington, DC 20037 |
| 13 | Tel.: 202.663.6000 / Fax: 202.663.6363 |
| 14 | [Counsel appearance continues on next page] |
| 15 | *Attorneys for Defendant Apple Inc.* |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE APPLE'S INVALIDITY CONTENTIONS** <br><br> Date: July 1, 2024 <br> Time: 1:30pm <br> Ctrm: 10C <br><br> Discovery Cut Off: July 15, 2024 <br> Pre-Trial Conference: Oct. 28, 2024 <br> Trial: Nov. 5, 2024 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
 joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
 sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  617.526.6000 / Fax:  617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
 nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
 Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.    Plaintiffs' Motion Should Be Denied As Procedurally Improper And Because Apple's Preliminary Invalidity Contentions Fully Comply With Patent L.R. 3-3. ................................................................................................. 2

II.    Plaintiffs' Requested Narrowing is Inappropriate. .............................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

*Altera Corp. v. PACT XPP Techs., AG*,
  Case No. 14-CV-02868-JD, 2015 WL 3830982 (N.D. Cal. June 19, 2015) ..................................................................................................5

*Avago Techs. General IP PTE Ltd. v. Elan Microelectronics Corp.*,
  No. C04-05385 JW(HRL), 2007 WL 951818 (N.D. Cal. Mar. 28, 2007) ..................................................................................................7

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
  Case No. 2:18-cv-585, 2020 WL 1648482 (E.D. Va. Feb. 18, 2020)............8, 12

*Digital Reg of Tex., LLC v. Adobe Sys. Inc.*,
  No. C 12-1971 CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) .................12

*Finjan, Inc. v. Proofpoint, Inc.*,
  Case No. 13-cv-05808-HSG, 2015 WL 9460295 (N.D. Cal. Dec. 23, 2015) ..................................................................................................8

*Finjan, Inc. v. Proofpoint, Inc.*,
  No. 13-CV-05808-HSG, Dkt. No. 98 (N.D. Cal. Nov. 14, 2014).......................11

*Glaukos Corp. v. Ivantis, Inc.*,
  Case No. SACV 18-00620 JVS, 2021 WL 4539047 (C.D. Cal. Aug. 11, 2021) (Selna, J.) ..............................................................................12

*Global Sessions, LP v. Travelocity.com, LP*,
  Case No. 6:10cv671 LED-JDL, 2012 WL 9491750 (E.D. Tex. Dec. 4, 2012) ..................................................................................................6

*Keithley v. The Homestore.com, Inc.*,
  553 F. Supp. 2d 1148 (N.D. Cal. 2008)..............................................................7

*Medtronic Minimed, Inc. v. Animas Corp.*,
  No. CV 12–04471, 2013 WL 3322248 (C.D .Cal. Apr. 5, 2013) ......................12

*Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*,
  Case No. 15 C 1067, 2018 WL 2765952 (N.D. Ill. June 9, 2018) .................8, 12

*Plastipak Packaging, Inc. v. Premium Waters, Inc.*,
    20-cv-098-wmc, 2021 WL 719029 (W.D. Wis. Feb. 24, 2021) ........................11

*Slotspeaker Techs. v. Apple, Inc.*,
    Case No. 13-cv-01161-HSG (DMR), 2017 WL 235049, at *8 (N.D. Cal. Jan. 19, 2017) ...............................................................................................10

*Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
    Case No. 8:17-cv-02032-JLS-KES, 2019 WL 6841993 (C.D. Cal. Sept. 25, 2019) ........................................................................................................10

*Unified Messaging Sols. LLC v. Facebook, Inc.*,
    Case No. 6:11CV120, 2012 WL 11606516 (E.D. Tex. Jul. 12, 2012) ..............12

*Universal Elecs. Inc. v. Roku Inc.*,
    Case No. SACV 18-1580 JVS, 2019 WL 1878351 (C.D. Cal. March 14, 2019) ...............................................................................................................5

**Other Authorities**

Patent L.R. 3-3 ..............................................................................................*passim*

# INTRODUCTION

On May 6, pursuant to the Court's schedule, Apple served Amended Preliminary Invalidity Contentions ("Preliminary Invalidity Contentions") that fully comply with each requirement of Patent Local Rule ("Patent L.R.") 3-3[1] by (1) identifying "each item of prior art that allegedly anticipates each asserted claim or renders it obvious"; (2) explaining "[w]hether [and why] each item of prior art anticipates each asserted claim or renders it obvious"; and (3) providing "chart[s] identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found." Despite Apple's full compliance, Plaintiffs nonetheless seek to strike Apple's contentions, not because they disclose too little, but because they purportedly disclose too much. Plaintiffs' arguments should be rejected.

***First***, contrary to Plaintiffs' assertions, Apple has not "obfuscat[ed]" or "greatly expand[ed]" its invalidity theories. Apple's Preliminary Invalidity Contentions included seven claim charts per patent—each of which is directed to a single invalidating prior art product or product family and identifies on a limitation-by-limitation basis the specific prior art that Apple will combine with each charted product or product family.

***Second***, it is Plaintiffs—and not Apple—that have significantly expanded the scope of this case after the IPR stay lifted. Since representing to this Court in March of this year that "most discovery was complete," Dkt. 1943-1 at 2, and that this case could therefore proceed to trial on an expedited schedule, with trial set for less than five months from now, Plaintiffs have (1) expanded the number of asserted claims for the two remaining patents to 38 claims; (2) accused nine additional Apple Watch products, including three sold long before the stay; (3) sought new discovery directed to nearly a dozen different Apple Watch algorithms, including multiple algorithms not previously identified in Plaintiffs' pre-stay contentions; and (4) identified multiple new accused

---

[1] The Court has ordered that the Patent Local Rules for the Northern District of California govern this case with respect to the issues presented in this motion.

APPLE'S OPP. TO PLAINTIFFS' MOT. TO STRIKE  
1                         CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

features for certain claims—all while failing to provide Apple adequate notice of the basis for Plaintiffs' infringement theories. Apple's Preliminary Invalidity Contentions are thus appropriate at this stage of the case, especially where the *Markman* process is still ongoing and Plaintiffs' claim scope and ever-expanding infringement theories remain unclear and a moving target.

***Finally***, Plaintiffs' alternative request to force Apple to narrow the number of prior art references and combinations is both premature and would be highly prejudicial to Apple. Plaintiffs have refused to narrow their asserted claims or infringement theories or even to adequately disclose what those theories are. Yet at the same time, Plaintiffs demand that this Court force Apple to arbitrarily narrow its invalidity theories (1) before Plaintiffs have served infringement contentions that comply with Patent L.R. 3-1; (2) before Plaintiffs have narrowed their infringement contentions to a reasonable number of claims and theories; (3) before Plaintiffs have provided their contentions with respect to Apple's cited prior art; and (4) before this Court has resolved the pending claim construction disputes that may narrow the scope of Plaintiffs' claims. That is plainly unreasonable.

Accordingly, Apple respectfully requests that the Court deny Plaintiffs' Motion to Strike Apple's Preliminary Invalidity Contentions.

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER AND BECAUSE APPLE'S PRELIMINARY INVALIDITY CONTENTIONS FULLY COMPLY WITH PATENT L.R. 3-3.

Masimo's motion should be denied for its failure to comply with Local Rule 37.[2] Even if considered on the merits, however, Masimo's motion fails because Apple's

---

[2] Just weeks ago, the Court issued an Order in which it set forth a "Procedure for Discovery Disputes" providing that "[a]ny motions to compel shall be heard by the Magistrate Judge in the usual course" and declined to waive the requirements of Local
*(Cont'd on next page)*

Preliminary Invalidity Contentions comply with Patent L.R. 3-3, the rule that the Court has ordered (and the parties agreed) should govern the contents of invalidity contentions.

Specifically, Patent L.R. 3-3 (captioned "Invalidity Contentions") required Apple to provide the following information in connection with the prior art-based defenses[3] set forth in its Preliminary Invalidity Contentions: (1) "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious," Patent L.R. 3-3(a); (2) an explanation of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious [and] [i]f obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness," Patent L.R. 3-3(b); and (3) "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found," Patent L.R. 3-3(c).

Apple's Preliminary Invalidity Contentions fully comply with each requirement:

- Section III provides all the information that Patent L.R. 3-3(a) requires ("[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious") categorized by "prior art devices and systems," Section III(C)(1), "prior art patent references," Section III(C)(2),

---

Rule 37. Dkt. 1946 [5/23/24 Order] at 3. Apple complied with the requirements of L.R. 37 in moving to compel Masimo to supplement its infringement contentions. *See* Dkt. 1955. After receiving Apple's motion, and in an apparent attempt to leapfrog it, Masimo filed the present motion directly with the Court, and without making any effort to comply with the requirements of L.R. 37. Masimo cannot escape the Court's directive that L.R. 37 applies to discovery-related disputes in this case simply by captioning its filing as a "motion to strike," rather than as a motion to compel. *See FusionArc, Inc. v. Solidus Networks, Inc.*, 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) ("[C]ourts will treat a 'motion to strike' preliminary contentions as a motion to compel the [opposing party] to amend them to provide additional information, where appropriate."). As a result, the motion should be denied for that reason alone.

[3] Patent L.R. 3-3 also contains disclosure requirements directed to non-prior art-based defenses under 35 U.S.C. § 101 and 112, Patent L.R. 3-3(d), but Plaintiffs' motion does not address those defenses.

and "prior art publication references," Section III(C)(3), Dkt. 1949-8 [Loebbaka Decl. Ex. 5] at 87-89[4];

- Section VI provides all the information that Patent L.R. 3-3(b) requires ("[w]hether each item of prior art anticipates each asserted claim or renders it obvious [and] [i]f obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness"), including by identifying the MIT Ring Product as an anticipatory reference for both asserted patents, Section VI(A)(1)-(2), and by identifying the specific prior art combinations that render the asserted claims obvious, Section VI(B)(1)-(2); *id*. at 222-492; and

- Exhibits A1-A7 (for the '703 patent) and B1-B7 (for the '776 patent)—each of which is a claim chart that identifies where and how a single specific primary reference product (or product family) renders the asserted claims invalid, either alone or when combined with the other references identified in the chart—provides all the information that Patent L.R. 3-3(c) requires ("[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found"). *Id*. at 511-2303.

Thus, Apple's Preliminary Invalidity Contentions comply with the Patent Local Rules in all respects, and there is no basis to strike.

In their motion, Plaintiffs do not suggest that Apple (1) failed to identify each item of prior art that it intends to rely on at trial, (2) failed to identify the theory of invalidity (anticipation and/or obviousness) that it intends to assert for each prior art reference, or

---

[4] Any page numbers cited within any exhibit to the Declaration of Kendall M. Loebakka (Dkt. 1949-3 (declaration); Dkt. 1949-4 to 8 (exhibits)) refers to the page numbering applied by Plaintiffs to the exhibits in the exhibit's bottom right corner.

(3) failed to identify the relevant operation (for products) or textual disclosure (for patents and printed publications) that it intends to rely upon for each prior art reference. Instead, Plaintiffs raise several *other* arguments, none of which has merit and none of which justifies striking Apple's Preliminary Invalidity Contentions.

*First*, Apple has identified an appropriate number of prior art references given the stage of the case. Although Plaintiffs claim Apple relies on a total of 185 references, Plaintiffs did not disclose how they reached their total figure of 185 references. Dkt. 1949-2 at 1, 5. It appears that Plaintiffs double count certain references and/or include references that Apple identified in the portion of its contentions describing the state of the prior art before the asserted patents (Section V, "Core Concepts"), but did not include as part of any anticipation or obviousness theory. But even accepting Plaintiffs' math, that volume of prior art is wholly reasonable given that Plaintiffs continue to accuse Apple of infringing ***38 different claims across the two remaining patents***, which Plaintiffs' infringement contentions identify as containing approximately ***75 different claim limitations***. *See Altera Corp. v. PACT XPP Techs., AG*, Case No. 14-CV-02868-JD, 2015 WL 3830982, at *2 (N.D. Cal. June 19, 2015) (noting in context of assessing reasonableness of prior art election that "the number of prior art references and obviousness combinations is driven by the number of claim elements at issue …"); *Universal Elecs. Inc. v. Roku Inc.*, Case No. SACV 18-1580 JVS (ADx), 2019 WL 1878351 at *5 (C.D. Cal. Mar. 14, 2019) ("Invalidity arguments based on obviousness for a single claim often require a combination of two, three, or more prior art references.") (citations omitted).

Moreover, contrary to Plaintiffs' claim of "astronomical" references, Apple has only served ***seven*** claim charts per patent (Exhibits A1-A7 for the '703 patent and Exhibits B1-B7 for the '776 patent)—each of which is directed to a ***single*** prior art product or product family that Apple intends to rely upon and identifies on a limitation-

by-limitation basis the specific prior art that Apple will combine with that single product or product family. Thus, Apple is not trying to "obfuscate" or "hide" anything.

Further, Apple's contentions at this stage of the case are, by agreement of the parties, "preliminary" in nature, and the need to identify a significant number of prior art references now is justified for numerous reasons: (1) Plaintiffs have served multiple rounds of infringement contentions identifying dozens of features in Apple Watch—but as detailed in Apple's pending motion to compel (Dkt. 1955-1), without providing information that would allow Apple to understand how Plaintiffs contend that those features allegedly satisfy the claims; (2) it appears that Plaintiffs may be taking infringement and claim construction positions that are inconsistent with the positions that Plaintiffs took to avoid a finding of invalidity during IPR proceedings;[5] (3) Plaintiffs have yet to identify their theories, if any, as to why Apple's cited prior art is not prior art and/or fails to render the claims invalid or even to commit to a definitive priority date for the asserted patents,[6] (4) *Markman* proceedings remain ongoing, and Apple thus does not yet know how the claims will ultimately be construed or whether certain claims will be found invalid as indefinite, and (5) nothing in the Patent Local Rules or the Court's orders limits the number of prior art references that can be asserted.

---

[5] For example, Plaintiffs previously and successfully argued in IPR proceedings that the "processing characteristics" requirement claimed in the '703 patent could not be met by a prior art reference disclosing a signal coming from a source other than a light detector (and specifically, from "an acceleration sensor") because "the signal received from the [light] detector is the ***only signal*** referenced in the claims." Declaration of Mark D. Selwyn In Support of Apple Inc.'s Opposition to Plaintiffs' Motion to Strike Invalidity Contentions ("Selwyn Decl.") Ex. A [Plaintiffs IPR Br.] at 23-27, 36. Yet Plaintiffs now seek to prevent adoption of Apple's proposed construction of "processing characteristics" as "characteristics determined from a signal received from one or more detectors configured to detect light (i.e., the only signal received and processed in the claimed patient monitor)"—indicating that Plaintiffs intend to read the asserted claims more broadly for purposes of their infringement theories.

[6] *See* Selwyn Decl. Ex. B [Merrill June 5 letter]; Selwyn Decl. Ex. C [Plaintiffs' May 8 Interrogatory Responses] at responses to Interrogatory Nos. 2, 3, 19.

It would be unfair and prejudicial to require Apple to narrow its invalidity grounds blind, without an understanding of the full scope of the claims, Plaintiffs' infringement theories, or Plaintiffs' contentions related to invalidity. *See infra* § II; *see also Global Sessions, LP v. Travelocity.com, LP*, Case No. 6:10cv671 LED-JDL, 2012 WL 9491750, at *2 n.2 (E.D. Tex. Dec. 4, 2012) (recognizing "the Court's normal course is to have defendants limit the number of references after the plaintiff has limited the number of claims").

**Second**, Apple's approach of grouping cited references for certain claim limitations and identifying illustrative combinations is necessary at this preliminary stage. The volume of prior art at issue is largely a result of Plaintiffs' own decision to expand the scope of this case after the lifting of the IPR stay by adding new asserted claims and multiple new accused products and features, but without serving sufficient infringement contentions, and by taking positions in *Markman* different from the positions they took to prevail in the IPRs.

And regardless, courts applying the Patent Local Rules have approved Apple's approach to identifying exemplary combinations and rejected challenges to invalidity contentions based on a potential high volume of obviousness combinations. *See Avago Techs. General IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW(HRL), 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (finding defendant complied with Patent L.R. 3-3 despite plaintiff's claim that invalidity contentions "group[ed] together references in an approach that results in literally billions of different possible combinations," where defendant "reasonably specifie[d] the combination of prior art references"); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (denying motion to strike where defendant grouped references of prior art which, according to patentee, led to "thousands or perhaps millions of possible combinations," because "defendant still satisfied Patent Local Rule 3–3(b)" by

specifying "the combination of prior art references that allegedly render [the asserted] patents obvious") (internal quotation omitted)).

Plaintiffs rely primarily on *Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*, Case No. 15 C 1067, 2018 WL 2765952 (N.D. Ill. June 9, 2018). Dkt. 1949-2 at 6-8. But that case did not even apply Patent L.R. 3-3, and instead relied on a proposed local rule for a different jurisdiction that would have imposed specific numerical limits on the number of prior art references. *Id.* at *1, *3. In addition, the contentions at issue in *Oil-Dri* were "***final*** invalidity contentions"—not preliminary contentions, as here.[7] Plaintiffs' reliance on *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG, 2015 WL 9460295 (N.D. Cal. Dec. 23, 2015), is similarly misguided. There, unlike here, Finjan's expert exceeded a limit imposed on "the permitted number of theories" and Finjan expressed its intent to disclose new prior art at the expert discovery stage. *Id.* at *1, *2 ("The Court's scheduling order . . . specifically includes [a] limitation on the number of asserted references."). Plaintiffs' other cited cases merely suggest that courts will order defendants to streamline their invalidity grounds in combination with a ***corresponding reduction by the plaintiff in the number of asserted claims***—which Plaintiffs have yet to do (or agree to do) here. *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, Case No. 2:18-cv-585, 2020 WL 1648482, at *2 (E.D. Va. Feb. 18, 2020) (in response to complaint defendant was asserting "nearly 1,000 different potential invalidity contentions," noting "the court is sympathetic to [defendant's] counsel's contention" that plaintiff "has essentially brought this hardship upon itself by forcing [defendant] to respond to dozens of asserted claims" that have "contributed to the current complexity of this case").

---

[7] Plaintiffs seek to sweep this distinction aside by arguing that "the narrowing in *Oil-Dri* had to occur before the claim construction hearing and 'well before' expert disclosures," while "this Motion cannot be heard until the same day as the claim construction hearing, which is just two weeks before expert disclosures." Dkt. 1949-2 at 7 n.5. Of course, ***Plaintiffs*** demanded the expedited schedule in this case, and cannot justify their motion simply because the Court, per Plaintiffs' proposal, set a ***final*** invalidity contentions deadline after the claim construction hearing. Dkt. 1944; Dkt. 1943 at 2.

***Third***, that Apple is citing more prior art in its current invalidity contentions than in its pre-stay invalidity contentions is appropriate given Plaintiffs' conduct. Dkt. 1949-2 at 4. Other than dropping a patent that it had no legitimate basis to assert against Apple,[8] Plaintiffs have done nothing to narrow the scope of this case since the stay ended, and instead have sought to broaden it at every turn. For example, as discussed further below, Plaintiffs have repeatedly refused Apple's requests for the parties to adopt a procedure under which Plaintiffs will reduce their asserted claims and infringement theories, and Apple would reduce its prior art references and invalidity theories in return. Dkt. 1943-1 at 3.

Further, despite promising the Court earlier this year that its expedited case schedule was justified largely under the then-existing discovery record, Plaintiffs have since served supplemental infringement contentions that significantly expand the scope of the case—including (1) by accusing Apple of infringing ***more*** claims than Plaintiffs had asserted before the stay; (2) by accusing ***nine new*** Apple Watch products, including three sold (yet not accused) before the stay;[9] (3) by seeking ***new*** discovery directed to ***nearly a dozen*** different Apple Watch algorithms, including ***multiple*** algorithms not previously identified in Plaintiffs' pre-stay contentions (e.g., irregular rhythm notifications and high and low heart rate notifications); and (4) by identifying approximately **14 new and different** ▉▉▉▉▉▉▉▉▉ that Plaintiffs may accuse for certain claims (from Plaintiffs' deficient infringement contentions, Apple cannot currently tell if they are accused, and if so on what basis). *Compare* Selwyn Decl. Ex.

---

[8] None of the previously asserted claims of the '554 patent survived the IPR proceedings and limitations of the surviving claims are plainly not met by any accused product.

[9] Plaintiffs first accused Apple Watch Series 0-2, 7-9, Ultra, Ultra 2, and the SE (2nd gen.) in 2024. *Compare* Selwyn Decl. Ex. D [April 15, 2024 Infringement Contentions] at 2 (P.L.R. 3-1(b) disclosure) *with* Selwyn Decl. Ex. E [July 27, 2020 Infringement Contentions] at 3-4 (P.L.R. 3-1(b) disclosure identifying only "Apple Watch Series 3 and later" as accused); *see also* Selwyn Decl. Ex. G [APL-MAS_02294952] (Series 6 released in September 2020 just prior to stay); Selwyn Decl. Ex. H [APL-MAS_02364287] (SE released in September 2020).

F [Ex. 1 to July 27, 2020 Infringement Contentions] *with* Selwyn Decl. Ex. I [May 31, 2024 Infringement Contentions] at 2 (P.L.R. 3-1(a) disclosure) *and* Selwyn Decl. Ex. J [Ex. 1 to May 31, 2024 Infringement Contentions] at Table 5; *see also* Selwyn Decl. Ex. D [April 15, 2024 Infringement Contentions] at App'x A (detailing discovery into algorithms sought by Plaintiffs).

***Finally***, Apple's contentions sufficiently disclose the motivations to combine its obviousness references. Courts in this District have held that "while motivation to combine may be relevant to establishing [defendant]'s theory of obviousness, Rule 3-3(b) does not require [defendant] to reveal this information in its obviousness contentions." *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*, Case No. 8:17-cv-02032-JLS-KES, 2019 WL 6841993, at *5 n.3 (C.D. Cal. Sept. 25, 2019) (quoting *Slotspeaker Techs. v. Apple, Inc.*, Case No. 13-cv-01161-HSG (DMR), 2017 WL 235049, at *8 (N.D. Cal. Jan. 19, 2017)) (noting that preliminary invalidity contentions "are primarily evidentiary disclosures; they are not pleadings in which the asserting party is required to address every element of the claim that would ultimately need to be proved at trial").

Regardless, Apple's Preliminary Invalidity Contentions provide a limitation-by-limitation explanation as to why a person of ordinary skill in the art would have been motivated to combine the primary and secondary references Apple cites. *E.g.*, Loebbaka Decl. Ex. 5 at 237-42 ('703 patent limitations 1C, 1E, 9C, 9E, 12C, 12E, 15B, 20B, 22B), 198-226 ('703 patent limitations 1C, 1E, 2, 3, 9C, 9E, 10, 11, 12C, 12E, 15B, 16, 17, 20B, 21, 22B), 338-63 ('703 patent limitations 1D, 1E, 3-8, 9D, 9E, 12D, 12E, 14, 15B, 17, 18, 19, 20B, 22B, 24), 404-33 ('776 patent limitations 1A-F, 2-6, 11D, 11F-I, 12-15), 463-89 ('776 patent limitations 1C, 1D, 7-10, 11F, 11G, 16), 411-12 ('776 patent limitations 1A, 1B, 1D-F, 4, 5, 7, 11A-I, 14, 16). Even though not required, this disclosure was more than sufficient to put Plaintiffs on notice of Apple's contentions regarding motivations to combine its seven primary product prior art references with

other art cited in its claim charts. Dkt. 1949-2 at 8-9; Dkt. 1949-8 [Loebbaka Decl. Ex. 5] at 511-2303 (Exs. A1-A7, B1-B7).

In sum, Plaintiffs have presented no legitimate basis to strike *any* portion of Apple's Preliminary Invalidity Contentions. Therefore, the motion should be denied in its entirety.

## II. PLAINTIFFS' REQUESTED NARROWING IS INAPPROPRIATE.

Plaintiffs' request that the Court order Apple to "present no more than four combinations per claim with no more than 12 references per patent" is both premature and unwarranted in view of Plaintiffs' refusal to narrow their case. Dkt. 1949-2 at 9. After the stay lifted, Plaintiffs refused to limit the number of asserted claims, Dkt. 1943 at 1, and now assert 38 claims against 14 different Apple Watch models. Compounding the issue, Plaintiffs have sought discovery regarding, and appear to potentially accuse, nearly a dozen different features of infringing the asserted patents across the 14 accused models, while simultaneously refusing to provide contentions that provide Apple fair notice of how those features purportedly satisfy each claim limitation. Dkt. 1955-1. Any narrowing of Apple's invalidity grounds must be predicated on Plaintiffs (1) reducing the number of asserted claims, (2) narrowing the number of infringement theories, and (3) providing contentions that comply with the Patent Local Rules such that Apple can fairly assess which prior art it intends to rely upon.

The cases on which Plaintiffs rely confirm that approach—in each instance, the plaintiff was required to first narrow its infringement allegations *before* the defendant was obligated to narrow its invalidity contentions. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, Dkt. No. 98 (N.D. Cal. Nov. 14, 2014) (twice ordering plaintiffs to reduce the number of claims prior to narrowing by defendant); *Plastipak Packaging, Inc. v. Premium Waters, Inc.*, 20-cv-098-wmc, 2021 WL 719029, at *1-2 (W.D. Wisc. Feb. 24, 2021) (ordering plaintiff to reduce to 21 claims across 12 patents—down from more than 70 claims—before any narrowing by defendants of

invalidity grounds); *Biedermann Techs.*, 2020 WL 1648482, at *3 (noting court had previously granted-in-part a defendant's motion to reduce asserted claims from 150 to 45 across 12 patents); *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *9 (N.D. Cal. Aug. 19, 2014) (ordering plaintiffs to narrow to 25 claims across all defendants and patents and, one month later, defendants to narrow to "three references or combinations per patent claim" (Case No. 4:12-cv-01971, Dkt. 285)); *see also Oil-Dri*, 2018 WL 2765952, at *3 (limiting references "given the number of patent claims that appear to be at issue" based on N.D. Ill. L.R. 3-1, which first requires plaintiff to narrow asserted claims to 10 claims per patent and no more than 20 claims overall); *Unified Messaging Sols. LLC v. Facebook, Inc.*, Case No. 6:11CV120, 2012 WL 11606516, at *1 (E.D. Tex. July 12, 2012) (ordering plaintiffs to narrow to 20 asserted claims across the five asserted patents and then ordering defendants to narrow to four invalidity grounds per claim (80 total)).

Given Plaintiffs' refusal to narrow their infringement contentions to a reasonable number of claims and theories, Plaintiffs' request that Apple arbitrarily narrow its invalidity grounds now should be rejected. *See supra* p. 9-10; *Biedermann Techs.*, 2020 WL 1648482, at *3; *see also Glaukos Corp. v. Ivantis, Inc.*, Case No. SACV 18-00620 JVS (JDEx), 2021 WL 4539047 (C.D. Cal. Aug. 11, 2021) (Selna, J.) (plaintiff ordered to reduce asserted claims with no corresponding reduction in prior art references); *Medtronic Minimed, Inc. v. Animas Corp.*, No. CV 12–04471, 2013 WL 3322248, at *2 (C.D. Cal. Apr. 5, 2013) (plaintiff required to reduce to four claims per patent **before** service of non-infringement and invalidity contentions).

Nor do Apple's case narrowing proposal (from four years ago) or prior statements regarding IPR estoppel[10] suggest a different result. As Plaintiffs concede, Apple's

---

[10] Consistent with Apple's prior statements, the IPR proceedings did significantly narrow this case because Apple successfully invalidated 209 claims across 10 asserted patents, resulting in the "significant efficiencies and simplification of the issues" the Court projected in instituting its stay. Dkt. 1930 at 2.

proposal to limit its prior art references was conditioned on **Plaintiffs** first limiting the number of asserted claims to "no more than 8 claims per patent and 32 claims total"—a proposal that Plaintiffs rejected. Dkt. 1949-2 at 2; Dkt. 69 at 6, Dkt. 1943 at 1. Plaintiffs now assert 38 claims—more than double the 16 total claims that would have been permitted under Apple's 2020 proposal. In any event, Apple's prior proposal and statements were made while *12 patents* remained in the case and also well before Plaintiffs significantly expanded the scope of their infringement contentions by adding nine accused products and approximately a dozen accused algorithms. *See supra* p. 9-10.[11] Under these circumstances, narrowing is not only premature, but would be highly prejudicial to Apple, particularly where Plaintiffs cannot reasonably expect to proceed on all asserted claims and infringement theories at trial.

Accordingly, any case narrowing must begin with Plaintiffs' full and fair disclosure of their infringement theories and narrowing of asserted claims and theories. Should the Court be inclined to order case narrowing, Apple proposes that any narrowing take place following the *Markman* order, but before the deadline for final contentions and opening expert reports, such that the parties can benefit from the Court's claim constructions (including any findings that asserted claims are invalid as indefinite) in narrowing, while avoiding expending resources on final contentions and opening expert reports to address claims and theories that neither party intends to present at trial.

---

[11] That Apple asserted 19 prior art references for the '703 and '776 patents before the stay is similarly irrelevant, as Plaintiffs' infringement contentions were far more limited in 2020 when Apple's prior contentions were served. *See supra* p. 9-10.

| | |
|---|---|
| Dated: June 10, 2024 | Respectfully submitted, |
| | MARK D. SELWYN<br>AMY K. WIGMORE<br>JOSHUA H. LERNER<br>JOSEPH J. MUELLER<br>SARAH R. FRAZIER<br>NORA Q.E. PASSAMANECK<br>THOMAS G. SPRANKLING<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>BRIAN A. ROSENTHAL<br>GIBSON, DUNN & CRUTCHER LLP<br><br>KENNETH G. PARKER<br>HAYNES AND BOONE, LLP<br><br>By: */s/ Mark D. Selwyn*<br>    Mark D. Selwyn<br><br>*Attorneys for Defendant Apple Inc.* |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 5,035 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 10, 2024                    Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
        Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*