Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PRECLUDING DEFENDANT FROM DISCLOSING PLAINTIFFS' CONFIDENTIAL MATERIALS TO DR. PATRICK MERCIER**<br><br>Date:  7/25/24 / 10:00 a.m.<br>Discovery Cutoff: 7/15/2024<br>Pre-Trial Conf.:  10/28/2024<br>Trial:  11/05/2024<br><br>Judge: Judge James V. Selna |

As the Court ordered during the July 1, 2024 hearing, Masimo and Apple conferred again regarding Dr. Mercier. Claassen Decl., ¶ 2.[1]

Masimo directed Apple to the Center's website that states that "researchers are developing . . . sensor systems [to] monitor heart rate, hydration levels, blood sugar and more." Claassen Decl., Ex. K (citing Loebbaka Decl., Ex. F (Printout from the Center's Website)). Masimo asked Apple to "please explain Apple's position on how Dr. Mercier, as Director of the Center, is not and will not be involved in the development of such parameters. And if Apple believes that statement is inaccurate, please explain, and explain why it is included on the Center's website." *Id*.

In response, Apple did not deny that Dr. Mercier is involved in the development of sensor systems to monitor heart rate, hydration levels, blood sugar, and more. *Id*. Instead, Apple asserted that "the sensor systems referenced in the Center's website are not commercial products" and that the Center "is not a commercial enterprise." *Id*. Apple did not provide any further information from Dr. Mercier about those systems.

Masimo disagrees with Apple's position that the Center's work is not commercial or competitive. For example, Apple and Dr. Mercier acknowledge that industry partners direct at least some of the Center's work. *Id*. And the Center's industry partners include Google and Samsung, which offer competing wearables. *See* Dkt. 1987-2 at 2; Loebbaka Decl., Ex. D, ¶ 3. While Apple asserts that "donations" from the Center's industry partners "come with no strings attached and no relationship to specific industry products or applications," Claassen Decl., Ex. K, that assertion is belied by the Center's marketing materials that acknowledge specific benefits to industry partners, including "fast-track research agreements," "embed[ing] a visiting industry fellow in [the Center's] labs," "industry-faculty-student research teams," and "access to [a] commercialization engine with [a] lab-to-market focus," Loebbaka Decl, Ex. B.

---

[1] "Claassen Decl." refers to the Declaration of Brian Claassen in Support of Plaintiffs' Motion for a Protective Order Precluding Defendant from Disclosing Plaintiffs' Confidential Materials to Dr. Mercier, submitted herewith.

-1-

Apple also asserts that the Center's industry partner-proposed work is "general" and not "commercial" because other industry partners have access to the results and because the "Center faculty have full freedom to publish their Center-funded research." Claassen Decl., Ex. K. That multiple industry partners or competitors have access to the results does not eliminate the commercial and competitive nature of the work. Indeed, such freedom to publish increases the risk of harm from misuse and inadvertent disclosure. Moreover, the Center's touting its "fast-track research agreements" with industry partners and providing "access to [a] commercialization engine with [a] lab-to-market focus" undercuts Apple's characterization of the Center as purely academic and publication-focused.

As Masimo explained in the Joint Statement and its Supplemental Memorandum of Law, at the least, Dr. Mercier's work at the Center (and NeuroVigil) presents an unreasonable risk of misuse and inadvertent disclosure of Plaintiffs' confidential materials.

Respectfully submitted,

Dated: July 2, 2024

By: /s/ Brian Claassen
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes
Knobbe, Martens, Olson & Bear, LLP

Attorneys for Plaintiffs
Masimo Corporation and Cercacor Laboratories, Inc.