Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **DECLARATION OF BRIAN CLAASEN IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PRECLUDING DEFENDANT FROM DISCLOSING PLAINTIFFS' CONFIDENTIAL MATERIALS TO DR. PATRICK MERCIER** <br><br> Discovery Cutoff: 7/15/2024 <br> Pre-Trial Conf.:  10/28/2024 <br> Trial:  11/05/2024 <br><br> Judge: Judge James V. Selna |

I, Brian Claasen, hereby declare as follows:

1.      I am a partner in the law firm Knobbe, Martens, Olson & Bear, LLP, counsel for Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto.  I submit this Declaration in Support of Plaintiffs' Motion for a Protective Order Precluding Defendant from Disclosing Plaintiffs' Confidential Materials to Defendant's Proposed Expert, Dr. Patrick Mercier (the "Motion").

2.      As requested by the Court during the July 1, 2024 hearing, my partner, Jared Bunker, met and conferred with counsel of record for Apple regarding Dr. Mercier and the Motion.  The conference took place on July 2, 2024.  The substance of the parties' conference is reflected in the email chain described below and attached hereto.

3.      Attached hereto as **Exhibit K** is a true and correct copy of an email chain between Nora Passamaneck and Sarah Frazier, counsel of record for Apple, and Mr. Bunker, counsel for Masimo, dated June 12 through July 2, 2024.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on July 2, 2024, at Irvine, California.

                                        /Brian Claassen_____
                                        Brian Claassen

# EXHIBIT K

| | |
|---|---|
| **From:** | Jared Bunker |
| **To:** | Passamaneck, Nora Q.E. |
| **Subject:** | RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier |
| **Date:** | Tuesday, July 2, 2024 3:01:00 PM |

I can call you in about 10 minutes.

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, July 2, 2024 2:58 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,
One of my meetings ended early, and I am free until 4:30 MT.  If you would like to discuss before then, please feel free to give me a call.  Otherwise, we can talk at 5.
Thanks,
Nora

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Tuesday, July 2, 2024 3:03 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Yes, I can be available at 4pm PT/5pm MT.

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, July 2, 2024 2:00 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Hi Jared,

I have a conflict at 3 MT, but can be available at 5 MT.  Please let me know if you are available and if we can use the call-in below.

Thanks,
Nora

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Tuesday, July 2, 2024 2:44 PM
**To:** Passameck, Nora Q.E. <Nora.Passameck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Nora,

Apple does not deny that Dr. Mercier is involved in the development of sensor systems to monitor heart rate, hydration levels, blood sugar, and more. We disagree with Apple's position that the Center's work is not commercial or competitive. Dr. Mercier acknowledges that industry partners direct at least some of the Center's work. And the Center's industry partners include some of Masimo's competitors. The assertion that "donations come with no strings attached and no relationship to specific industry products or applications" is belied by the Center's marketing materials that acknowledge specific benefits to industry partners, including "fast-track research agreements," "embed[ing] a visiting industry fellow in [the Center's] labs," "industry-faculty-student research teams," and "access to commercialization engine with lab-to-market focus." Loebbaka Decl, Ex. B. That multiple industry partners or competitors may access the Center's work only heightens the risk and harm. Again, as we explained in our brief, at the least, Dr. Mercier's work at the Center (and NeuroVigil) presents an unreasonable risk of misuse and inadvertent disclosure.

I'm available to discuss at 2pm PT/3pm MT. We can use the following Teams link:

**Join the meeting now**
Meeting ID: 285 513 237 935
Passcode: m4iHpx

-Jared

**Jared Bunker**
Partner
**949-721-2957 Direct**
**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, July 2, 2024 12:00 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,

The sensor systems referenced in the Center's website are not commercial products. Rather, the Center is an academic, research-focused organization that is not a commercial enterprise.   The Center's website refers to "industry partners," and Professor Mercier informs us that this phrase "simply refers to a company that donates to the Center."  He explained to us that "[t]hese donations come with no strings attached and no relationship to specific industry products or applications."  Further, "no one company controls any particular research project" at the Center.  Instead, "Center faculty submit academic research proposals to the Center, and industry partners collectively vote on which proposals will receive funding."   "Research proposals may be to fulfill either (1) industry challenge projects that the industry partners propose, or (2) open innovation projects that faculty propose.  By proposing an industry challenge project, an industry partner does not get early access to the Center's research as compared to any other partner, and Center faculty have full freedom to publish their Center-funded research.  As a result, industry challenge projects are general in nature given that a company's competitors will have access to the research, whether as a Center partner or when the results are published."  To be clear, the Center does not develop any specific commercial products or applications, industry partners do not suggest research beyond suggesting general industry challenge projects, and the Center and its faculty are able to publish the results of all research conducted at the Center.

I trust that this information addresses Plaintiffs' concerns about Dr. Mercier's work with the Center.  If not, please let us know before 3 pm PST what issues are still outstanding and provide whatever case law you are aware of to support Masimo's position that all academic institutions working on "sensor systems to monitor heart rate, hydration levels, blood sugar and more" are competitors of Plaintiffs.

Regards,
Nora

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Tuesday, July 2, 2024 11:20 AM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Exhibit K
-4-

**EXTERNAL SENDER**

Nora,

I understand Judge Selna asked the parties to confer and report back to him about a point of dispute regarding Dr. Mercier before he potentially decides the issue tomorrow. In particular, Masimo's counsel pointed out to the Court that the Center's website states that the Center's "Researchers are developing . . . sensor systems [to] monitor heart rate, hydration levels, blood sugar and more." Loebbaka Decl., Ex. F. Please explain Apple's position on how Dr. Mercier, as Director of the Center, is not and will not be involved in the development of such parameters. And if Apple believes that statement is inaccurate, please explain, and explain why it is included on the Center's website.

Please let me know when you are available today to discuss this issue.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Sunday, June 30, 2024 6:34 AM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,

Thank you for providing the joint stipulation.  The only edits we have are to the first page to recite Judge Selna instead of Judge Early, and also to delete reference to the proposed order given that it is Masimo's proposed order and that will allow the caption to be all on one page.  With these edits, you may use electronically sign my name.

Sincerely,
Nora

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Saturday, June 29, 2024 8:51 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-

MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Nora,

We added a Table of Contents. May we electronically sign your name or someone else's from your team?

We will have our team file this tomorrow afternoon.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 Direct
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, June 28, 2024 10:18 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,

Attached please find Apple's portions of the joint stipulation.  We have provided Apple's portion ahead of the deadline so that the motion may be filed before Monday's hearing to allow Judge Selna an opportunity to address then, should he wish.  Please confirm that Plaintiffs agree to file tomorrow.  If not, we will raise with Judge Selna tomorrow.

Thank you,
Nora

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Thursday, June 27, 2024 5:49 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Nora,

Plaintiffs' portions of the joint stipulation are attached.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe** **Martens**

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Friday, June 21, 2024 9:09 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Nora,

We disagree on the merits for the reasons we've discussed. Regarding the timeline, we note that the CAFC affirmed the PTAB's decision on the two Asserted Patents five months ago in January, and the Court lifted the stay two months ago in April. Yet Apple waited until June to disclose Dr. Mercier. Plaintiffs nevertheless promptly provided their objection earlier than required under the PO. Any alleged timing challenge that Apple faces is its own doing – not Plaintiffs'.

We are working diligently on our portion of a joint stipulation and will provide it to Apple as soon as possible.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe** **Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Friday, June 21, 2024 3:20 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,

Thank you for explaining Plaintiffs' position on today's meet and confer regarding Apple's disclosure of Dr. Mercier.  We disagree that his work at the Center for Wearable Sensors or as a member of the Scientific Advisory Board of NeuroVigil disqualifies him as an expert.  Dr. Mercier is not an "officer, director, or employee" or NeuroVigil, and the Center for Wearable Sensors does not compete with Masimo.  Nor have you explained how his work at the Center otherwise disqualifies him.  Given that the deadline for expert reports is fast approaching, this matter must be resolved immediately.  We expect that Plaintiffs will file any objection no later than Monday.  We further put Masimo on notice that Apple intends to raise this issue with Judge Selna at the hearing, and that Apple will ask for the deadline for expert reports to be extended by the period of time needed to resolve Masimo's objection.

Thank you,
Nora

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Thursday, June 20, 2024 11:42 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Nora,

Let's talk tomorrow at 11am PDT. We can use the following Teams link:

**Join the meeting now**
Meeting ID: 276 223 125 297
Passcode: vn9JXE

Sincerely,
Jared

**Jared Bunker**
Partner
**949-721-2957 Direct**
**Knobbe Martens**

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, June 20, 2024 4:41 PM

Exhibit K
-8 -

**To:** Jared Bunker <Jared.Bunker@knobbe.com>; Frazier, Sarah <Sarah.Frazier@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Jared,

We disagree that Dr. Mercier's work at the Center for Wearable Sensors or as a member of the scientific advisory board for NeuroVigil is a basis for objection. The Center for Wearable Sensors is a part of UC San Diego that includes 25 faculty; only Dr. Mercier's work is relevant, not that of the entire Center. As a result, your request that Apple "identify and describe each physiological parameter for which the Center is currently developing or researching monitoring technology, as well as each physiological parameter for which the Center plans to develop or research monitoring technology in the future, either on its own or in collaboration with an 'industry partner'" is overbroad and appears to be nothing more than a fishing expedition. As to NeuroVigil and its "brain monitoring technology" that allegedly competes with Masimo, no such technology is at issue here. Moreover, Masimo's patents are public and Masimo itself asserts that it has been incorporating the alleged inventions in their products since 2002. Masimo's products in development are not at issue, much less part of discovery in this action. In any event, we confirm that Dr. Mercier's work with NeuroVigil does not relate to PPG technologies and further that none of his current work at the Center involving other "industry partners" involves optical sensing technologies.

We are available to meet and confer tomorrow between 11-1 and 3-5 PST. Please let us know a time and circulate a dial-in if you would still like to confer.

Thank you,
Nora

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Wednesday, June 19, 2024 12:02 PM
**To:** Frazier, Sarah <Sarah.Frazier@wilmerhale.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

**EXTERNAL SENDER**

Sarah,

Pursuant to Section 9.2(c) of the PO, Plaintiffs object to Apple's proposed disclosure of Plaintiffs' designated material to Dr. Mercier. Based on our initial review (our review is continuing), at least through his work with the Center for Wearable Sensors ("the Center"), Dr. Mercier appears to be involved in developing non-invasive physiological monitoring technology that competes with Plaintiffs. For example, some of the promotional material on the Center's website indicates that the Center has developed or is developing glucose monitoring technology on its own or with "industry partners." The Center's website also

indicates that it is working with industry partners on sensors that rely on "electrophysiological modalities." The Center's website also identifies low-power sensors as one of the areas in which it works with its industry partners.

Moreover, NeuroVigil appears to be involved in developing brain monitoring technology that competes with Plaintiffs.

Pursuant to the PO, we request that Apple provide additional information regarding Dr. Mercier's work. In particular, please identify and describe each physiological parameter for which the Center is currently developing or researching monitoring technology, as well as each physiological parameter for which the Center plans to develop or research monitoring technology in the future, either on its own or in collaboration with an "industry partner." Please further explain the Center's work developing and researching low-power systems, as well as the current and planned applications for NeuroVigil's brain monitoring technology.

Finally, please let us know your availability to meet and confer on Plaintiffs' objection to Dr. Mercier today or sometime this week.

Sincerely,
Jared


**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe Martens**

---

**From:** Frazier, Sarah <Sarah.Frazier@wilmerhale.com>
**Sent:** Wednesday, June 12, 2024 2:53 PM
**To:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Cc:** Apple-Masimo <apple-masimo@haynesboone.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>
**Subject:** Masimo v. Apple (CDCA) - Disclosure of Patrick Mercier

Counsel,

Under Section 9.2 of the Protective Order, Apple discloses Patrick Mercier as an expert in the above-captioned to whom Apple may disclose information designated under the PO.  Attached please find Dr. Mercier's current CV; signed copy of Exhibit A; a list of his prior expert witness engagements; and a list of his patents.  Dr. Mercier is employed by the University of California, San Diego, and in the past five years has consulted related to non-invasive physiological monitoring technologies with Neurovigil; Traq; and Vaaji.

Regards,
Sarah


**Sarah R. Frazier | WilmerHale**

Exhibit K
-10-

she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6022 (t)
+1 617 526 5000 (f)
[sarah.frazier@wilmerhale.com](mailto:sarah.frazier@wilmerhale.com)

**20** **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit K

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit K