MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DEFENDANT APPLE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PRECLUDING DEFENDANT FROM DISCLOSING PLAINTIFFS' CONFIDENTIAL MATERIALS TO DR. PATRICK MERCIER**<br><br>Judge: Judge James V. Selna<br>Date/Time: 7/1/24 at 3:00PM<br>Discovery Cutoff: 7/15/24<br>Final Pre-Trial Conf.: 10/28/24<br>Trial: 11/5/24 |

1  JOSEPH J. MUELLER, *pro hac vice*
      joseph.mueller@wilmerhale.com
2  SARAH R. FRAZIER, *pro hac vice*
      sarah.frazier@wilmerhale.com
3  WILMER CUTLER PICKERING
      HALE AND DORR LLP
4  60 State Street
   Boston, MA 02109
5  Tel:  617.526.6000 / Fax:  617.526.5000

6  NORA Q.E. PASSAMANECK, *pro hac vice*
      nora.passamaneck@wilmerhale.com
7  WILMER CUTLER PICKERING
      HALE AND DORR LLP
8  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
9  Tel.: 720.274.3152 / Fax: 720.273.3133

10 BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
11 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
12 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539

13 KENNETH G. PARKER, SBN 182911
14    Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
15 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
16 Tel. 650.949.3014 / Fax: 949.202.3001

## ARGUMENT

Apple submits the supplemental declaration of Professor Mercier to provide further information regarding his position as co-Director of the University of California at San Diego's Center for Wearable Sensors (the "Center"). *See* Passamaneck Decl. Ex. L. Professor Mercier's work at the Center should not disqualify him from receiving Plaintiffs' confidential information because the Center is an academic institution that does not develop any commercial products or applications for industry. *Id.* ¶4. Indeed, Professor Mercier is not permitted to conduct commercial activities as part of his employment at USCD. *Id.* ¶4. Plaintiffs have focused on the fact that the Center "partners" with companies, but these "partnerships" are only for purposes of obtaining grant money – companies donate to the Center, and the Center uses those donations to fund academic research by Center faculty. *Id.* ¶6. Plaintiffs have failed to show the Center is in any way a "competitor" of Plaintiffs as would be necessary to sustain an objection pursuant to Section 9.2(c) of the Protective Order.

The mechanics of the Center underscore that it is not generating trade secrets or the like for partners' products, but rather it is engaged in academic research with general applicability. Faculty submit academic research proposals in response to either (1) industry challenge projects that the partners propose, or (2) open innovation projects that faculty propose. Ex. L ¶8. After donating, partners vote on which proposals to fund, with proposals with the most votes getting funded. *Id.* As co-Director, Professor Mercier does not have a vote. *Id.* ¶7. The academic research proposals are not specific to any partner's products, as all partners have equal access to the Center's resulting research and Center faculty may publish any Center-funded research. And although the Center describes that partners can benefit through a possible "commercialization engine with [a] lab-to-market focus," Ex. B at 3, that benefit is outside the Center and not under Professor Mercier's direction. Ex. L ¶9. As a result, the Center's research is removed from developing any company-specific industry products or applications—because

industry partners do not direct research beyond suggesting general industry challenge projects and because any research may be published to the world.

Plaintiffs assert that Professor Mercier should be disqualified because he has acknowledged that "industry partners direct at least some of the Center's work," and that "the Center's industry partners include some of [Plaintiffs'] competitors." Ex. K, at 3. But these assertions miss the point – Plaintiffs have the burden of establishing that **Professor Mercier** through his role at the Center competes with Plaintiffs, not the **Center's industry partners** that fund its basic research. Plaintiffs further assert that the Center's partnerships present an "unreasonable risk of misuse and inadvertent disclosure," *id.*, but these (unfounded) assertions do not establish competition between the Center and Plaintiffs. Considering this work as competition to Plaintiffs would mean that any industry-funded research is a basis to disqualify academic professors as experts, regardless of whether they work to develop any products competitive to a litigant. That would stretch the concept of "competition" beyond the breaking point.

Plaintiffs also argue that Apple does not deny that "Professor Mercier is involved in the development of sensor systems to monitor heart rate, hydration levels, blood sugar, and more." Ex. K, at 3. Again, this does not address the appropriate inquiry under the protective order of whether Professor Mercier, the Center, and any employer of Professor Mercier competes with Plaintiffs. They do not. Moreover, Professor Mercier attested that he has "not worked with any companies to develop optical sensors for commercial applications or products," and the "Center and UCSD do not use the Center's academic research to develop any commercial products or applications for industry." Ex. J., Mercier Decl. ¶¶5-6.

That leaves only Professor Mercier's participation on the Scientific Advisory Board of NeuroVigil, but again, any Masimo "brain sensor" work has absolutely nothing to do with this case such that there is no need for Professor Mercier to review materials relating to such work. Plaintiffs nonetheless argue that Apple's proposal that it will not

provide Plaintiffs' confidential documents that discuss Sedline® is impractical given that Plaintiffs have produced over 30,000 documents referring to this product. Dkt. 1988, at 4. Yet any basic production database search can identify documents discussing Sedline®. Apple reiterates that it will ensure that Professor Mercier does not receive such documents.

Opening expert reports are due in less than two weeks. There is no cause for Masimo to further delay disclosure of Plaintiffs' confidential information to Professor Mercier. He has committed to strictly follow the Protective Order, and there is no basis for the suggestion that he would violate (intentionally or inadvertently) the strictures of the Protective Order.

Dated: July 2, 2024              Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: /s/ Mark D. Selwyn
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*