# EXHIBIT L

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**SUPPLEMENTAL DECLARATION OF PATRICK MERCIER, PH.D. IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

1  JOSEPH J. MUELLER, *pro hac vice*
    joseph.mueller@wilmerhale.com
2  SARAH R. FRAZIER, *pro hac vice*
    sarah.frazier@wilmerhale.com
3  WILMER CUTLER PICKERING
    HALE AND DORR LLP
4  60 State Street
   Boston, MA 02109
5  Tel.: 617.526.6000 / Fax: 617.526.5000

6  NORA Q.E. PASSAMANECK, *pro hac vice*
    nora.passamaneck@wilmerhale.com
7  WILMER CUTLER PICKERING
    HALE AND DORR LLP
8  1225 Seventeenth Street, Suite 2600
   Denver, CO 80202
9  Tel.: 720.274.3152 / Fax: 720.273.3133

10 BRIAN A. ROSENTHAL, *pro hac vice*
    brosenthal@gibsondunn.com
11 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
12 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
13

14 KENNETH G. PARKER, SBN 182911
    Ken.parker@haynesboone.com
15 HAYNES AND BOONE, LLP
   660 Anton Boulevard, Suite 700
16 Costa Mesa, CA 92626
   Tel.: 650.949.3014 / Fax: 949.202.3001

---

SUPPLEMENTAL MERCIER DECL. ISO APPLE'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

I, Patrick Mercier, Ph.D., declare and state as follows:

1. I am over 21 years old and am competent to testify about the matters in this Declaration based on my personal knowledge.

2. On June 28, 2024, I submitted a declaration in support of Apple's Opposition to Plaintiffs' Motion for Protective Order. I incorporate that declaration in its entirety, and take this opportunity to elaborate further on my work at the Center.

3. As I previously described, I am a full professor of Electrical and Computer Engineering at the University of California, San Diego ("UCSD"). As a USCD faculty member, I am not permitted to conduct commercial activities as part of my employment.

4. As part of my work at UCSD, I am co-Director of the UCSD's Center for Wearable Sensors (the "Center"). The Center is an academic, research-focused organization that brings together UCSD faculty, students, and other researchers in various fields, including sensors, low-power circuits, materials, electrochemistry, bioengineering, wireless network technologies, preventive medicine, and life sciences. The Center's mission is academic, not commercial. The Center and UCSD do not use the Center's academic research to develop any commercial products or applications for industry.

5. As co-Director of the Center, I am aware of the general research interests of the other UCSD faculty members at the Center, but I do not participate in or review every specific research project—the other faculty members are independent UCSD faculty pursuing their own academic interests in ways that I do not control. Rather, as co-Director, I work on the general promotion of our faculty and their students to potential industry "partners" and obtain funding for the Center's work.

6. In this context, an industry partner simply refers to a company that donates to the Center. These donations come with no strings attached and no relationship to specific industry products or applications.

7. Indeed, no one company controls any particular project. Center faculty submit academic research proposals to the Center, and industry partners collectively vote on which proposals will receive funding. That collective voting reflects that the goal of the Center is basic academic research that is broadly applicable across an industry, rather than specific research for any specific company. As co-Director, I do not have a vote in funding proposals.

8. Research proposals may be to fulfill either (1) industry challenge projects that the industry partners propose, or (2) open innovation projects that faculty propose. By proposing an industry challenge project, an industry partner does not get early access to the Center's research as compared to any other partner, and Center faculty have full freedom to publish their Center-funded research. As a result, industry challenge projects are general in nature given that a company's competitors will have access to the research, whether as a Center partner or when the results are published.

9. I understand that Plaintiffs have pointed the Center's website describing the Center as "commercialization engine with [a] lab-to-market focus." http://wearablesensors.ucsd.edu/partner. This is listed as a "possib[le]" benefit of partnering with the Center, is outside the Center, and not under my direction. I reiterate that the Center does not develop ***any*** specific commercial products or applications, industry partners do not suggest research beyond suggesting general industry challenge projects, and the Center and its faculty are able to publish the results of all research conducted at the Center.

10. Neither Samsung nor Google has partnered (i.e., donated to the Center) in a number of years. The Center's website listing them as partners is out of date.

11. I have read the Protective Order, which would bar me from participating in patent prosecution activities in the field of non-invasive monitoring. I have agreed to be bound by this provision, and all other provisions of the protective order.

I declare under penalty of perjury that the foregoing and the statements in my Reports are true and correct to the best of my knowledge.

Executed this 2nd day of July 2024.

By: _____
Patrick Mercier, Ph.D.