MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE INC.'S SUPPLEMENTAL *MARKMAN* BRIEF ON INDEFINITENESS**<br><br>Judge:   Judge James V. Selna<br>Hearing: None set |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  617.526.6000 / Fax:  617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

In its Tentative *Markman* Order, the Court found that the claims of the '703 patent use the term "higher power consumption level" (as compared to a "lower power consumption level") in ***three very different ways***—such that the claims: (1) "may be read to require that reduced activation / processing occur during operation at a <u>higher</u> power consumption level," (2) "could also be read to require that reduced activation / processing occur during operation at a <u>lower</u> power consumption level," and (3) even could be read to require reducing activation of the attached sensor "regardless of power level" because "it is not clear whether the final [reducing activation or reducing processing] limitation pertains to lower power consumption or higher power consumption levels." Tentative Order at 12. At the *Markman* hearing, Masimo's counsel agreed that "the Court [is] correct in saying that the language can be given [those] three interpretations." Ex. 12 [7/22/24 Hr'g Tr.] at 19:4-7.

In view of the Tentative's finding, Masimo's agreement with it, and the named inventor's recent deposition testimony (discussed below), all claims reciting the requirement of a "higher power consumption level" should be found indefinite for three independent reasons.

***First***, the fact that Masimo agrees that "higher power consumption level" has three materially different meanings—yet it is unclear which of those three meanings a skilled artisan would apply—alone compels a finding of indefiniteness. The Supreme Court has made clear that "a patent must be precise enough to afford clear notice of what is claimed, thereby 'appris[ing] the public of what is still open to them.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909 (2014). Thus, it cannot be the case that a term that admittedly has three ***distinct*** potential meanings provides "reasonable certainty" about what has been claimed. Indeed, the Federal Circuit has found indefiniteness under a nearly identical scenario where a term had three potential meanings, but no way for a person of ordinary skill to ascertain with reasonable certainty which one applied. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1343-45 (Fed. Cir. 2015) (finding term "molecular weight" indefinite because it could be

understood to mean three different things ("number average molecular weight, weight average molecular weight, average molecular weight as determined by light scattering"), but a skilled artisan "would still not be reasonably certain" which meaning to apply); *see also Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 2014 WL 4352489, at *5 (E.D. Tex. Sept. 2, 2014) (Bryson, J.) (finding indefiniteness because "the Court is left to guess at the meaning" of the term at issue).

At the hearing, when asked by the Court how a skilled artisan could discern which of the three different meanings to apply to a particular claim, counsel for Masimo said it "depends on the context" and referred the Court to paragraph 72 of Dr. Madisetti's declaration. Ex. 12 [7/22/24 Hr'g Tr.] at 19:8-20:15. But that paragraph says nothing about how a skilled artisan would know which of the three interpretations apply. It instead states only that a skilled artisan would understand the "wherein" clause of claims 15 and 20 to "encompass the processor activities as a whole":

> Claim 20 is similar to Claim 15, except that clause [C] recites "wherein said processors reduce an amount of processing by a signal processor." *See* '703 Patent at 13:22-14:3. As in Claim 15, clause [C] of Claim 20 modifies both clauses [A] and [B], in addition to modifying the words "high power consumption level." A POSA, in view of the claim language of Claims 15 and 20, would understand that that the wherein clause of Claims 15 and 20 encompass the processor activities as a whole.

Dkt. 1948-1 [Madisetti Decl.] ¶ 72. In other words, and as Masimo's counsel later conceded, the paragraph merely contends that the term has "the multiple readings that [the Court] ha[s] identified." Ex. 12 [7/22/24 Hr'g Tr.] at 20:2-8. Nothing there, nor anywhere else in Dr. Madisetti's declaration, provides any insight as to how a skilled artisan would allegedly know which definition applies in the context of claims 15 and 20, or any other claim. That is because, as Apple's expert Dr. Sarrafzadeh explained, "a skilled artisan would not know with reasonable certainty when a device that has reduced activation of the sensor … is operating at a 'higher power consumption level' or when it is not." Dkt. 1974-1 [Sarrafzadeh Decl.] ¶ 10. That lack of clarity presents a classic case of indefiniteness.

***Second***, a claim is indefinite when it contains a term that covers a "nonsensical"

1. result. *E.g.*, *WSOU Invs. LLC v. Google LLC*, 2023 WL 6210607, at *7 (Fed. Cir. Sept. 25, 2023) (non-precedential) ("One circumstance in which claims are indefinite is where the claims, as properly construed, are nonsensical."); *Tech. Innovations, LLC v. Amazon.com, Inc.*, 35 F. Supp. 3d 613, 620-21 (D. Del. 2014) (claim indefinite where it recited "a physical impossibility"). For instance, in *Synchronoss Technologies, Inc. v. Dropbox, Inc.*, 987 F.3d 1358 (Fed. Cir. 2021), the patentee's "corporate designee testified the claims would 'not make sense'" based on the requirements of the claim language. *Id.* at 1366. The Federal Circuit therefore found the asserted claims indefinite because they "are nonsensical and require an impossibility," and thus "do not set forth what the inventor regards as his invention." *Id.* at 1366-67.

That is precisely the situation here. Apple recently deposed Masimo's Chief of Engineering, Innovation, and Design and Fellow Scientist, Ammar Al-Ali—who is the sole named inventor of the '703 patent and was Masimo's 30(b)(6) designee on the subject of "[t]he Asserted Patents, including the subject matter claimed and disclosed therein." Ex. 13 [Apple's 30(b)(6) Notice] at 9; Ex. 14 [7/12/24 Al-Ali Dep.] at 9:2-9, 10:15-12:25, 15:19-17:7. At his deposition, Mr. Al-Ali confirmed that he ***did not*** invent a way to ***increase power consumption*** by reducing activation of the sensor and did not disclose any such embodiments in the '703 patent. In fact, Mr. Al-Ali explained that he was unaware of ***any*** way to accomplish that result, which would be "***almost paradoxical***":

> Q. Reducing activation of the sensor would not increase power consumption, right? …
> A. Should not.
> Q. And the patent does not describe any embodiments where reducing activation of the sensor increases power consumption, correct?
> A. I mean, ***the technology is about reducing the power, not increasing the power***.
> Q. So there are no embodiments where reducing activation of the sensor will increase power consumption, correct?
> A. ***Yeah, I don't see how that can happen***. …
> Q. That's not something that you invented, right?
> A. No. That would be actually generating energy.

> Q. *So that would be almost paradoxical, right?*
> A. *Yeah*.

*Id.* at 75:9-76:10 (objections omitted); *id.* at 72:6-75:8 (objections omitted) (agreeing that "*if you reduce activation* of the sensor, *you will reduce the power consumed* by the monitor").[1] Thus, as in *Synchronoss*, *WSOU*, and *Tech. Innovations*, the "higher power consumption level" terms should be found indefinite due to the nonsensical and physically impossible manner in which they are used in the claims.[2]

Mr. Al-Ali's sworn testimony—that he did not invent a way to reduce activation of a sensor/processor while increasing power consumption, and that the specification discloses no example to that effect—also conclusively debunks Dr. Madisetti's unsupported conjecture that the specification supposedly discloses how "the claimed device can still be in a 'higher power consumption level,' even if the control engine reduced activation of an attached sensor, [sic] (claim 15) or amount of processing (claim 20)." Dkt. 1948-1 ¶¶ 73-75. If Mr. Al-Ali, as the sole inventor (and Masimo's corporate designee regarding "the subject matter claimed") says the invention did not include reducing activation of a sensor/processing while increasing power consumption, Dr. Madisetti's unsupported conclusory assertion to the contrary is simply not credible.[3]

***Third***, even beyond Masimo's hearing admission and Dr. Al-Ali's deposition testimony, the claims are indefinite because the three potential meanings for "higher power consumption level" are *inconsistent* across different claims. For example, the Tentative found and Masimo agrees that (1) "[c]laims 15 and 20 may be read to require that *reduced activation / processing* occur during operation at a <u>higher</u> power

---

[1] All bold/italics emphasis in this brief is added.
[2] Masimo's assertion that Mr. Al-Ali's testimony did not address the "specific claim language," Ex. 12 [7/22/24 Hr'g Tr.] at 18:7-10, is meritless. As Masimo's counsel subsequently admitted, Mr. Al-Ali's testimony described "the invention *as a whole*," *id.*, and the cited testimony echoed the language of the claims, Ex. 14 [7/12/24 Al-Ali Dep.] at 71:4-76:10 (discussing Figures 4 and 5 and agreeing "reduc[ing] activation of the sensor … will reduce the power consumed").
[3] Contrary to Masimo's suggestion, Ex. 12 [7/22/24 Hr'g Tr.] at 17:13-20, Mr. Al-Ali's testimony indicates the '703 patent contemplates combining "low duty cycle" with "reduced overlap" to reduce power consumption (though unclaimed), *see* '703 patent at 11:17-24, and not the nonsensical combination of low duty cycle with increased processing for net higher power consumption.

consumption level," while (2) "[c]laims 1 and 9 require reduced activation/processing during operation at a lower power consumption level," and, thus, the "higher power consumption level" in claims 1 and 9 comprises *increased activation/processing* relative to the "lower power consumption level."  Tentative Order at 12; *see* Dkt. 1952 [Apple Opening Br.] at 9-10; Dkt. 1974 [Apple Resp. Br.] at 10-13; Dkt. 1952-2 [Sarrafzadeh Decl.] ¶¶ 34-37.  Masimo's decision to draft the claims in this manner—using the term "higher power consumption level" in "irreconcilably inconsistent" ways—separately renders the claims indefinite.  *See TVnGO Ltd. (BVI) v. LG Electronics Inc.*, 861 F. App'x 453, 459-60 (Fed. Cir. 2021) (non-precedential); *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002) (holding claims indefinite where patent described claimed structure "in contrary terms"); Dkt. 1952 [Apple Opening Br.] at 9-10; Dkt. 1974 [Apple Resp. Br.] at 10-13.

Masimo contends that even if claims 15 and 20 are found indefinite, claims 1-11 should survive.  Dkt. 1972-1 [Masimo Resp. Br.] at 14-15.  But Masimo cites no case where the patentee was allowed to use a term inconsistently across claims, and then pick some inconsistent claims to save, and others to sacrifice.  To the contrary, *TVnGo* rejects such a maneuver, explaining: "dismissing [certain] claims as invalid, as [the patentee] proposes, ignores that [those claims] are one of the few sources of intrinsic evidence on the meaning of" the claim term, and "[a]rguing that they are invalid does not change that."  861 F. App'x at 460.  That result also accords with the general practice of invalidating all claims in which an indefinite term appears.  *E.g.*, *Synchronoss*, 987 F.3d at 1367-68 ("Because the term … fails in this regard, we hold that the term is indefinite and, thus, the asserted claims … are invalid[,] [a]s the term appears in all asserted claims ….").  As a result, if the Court finds that certain claims are indefinite based on the inconsistent meaning that the claims attribute to a "higher power consumption level," *all* claims reciting a "higher power consumption level" should be found indefinite.

For the foregoing reasons, Apple respectfully requests that the Court hold that, as used in the '703 patent claims, the term "higher power consumption level" is indefinite.

Dated: July 26, 2024

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
　　Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*