1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Sheila N. Swaroop (Bar No. 203476)
   sheila.swaroop@knobbe.com
4  Brian C. Claassen (Bar No. 253627)
   brian.claassen@knobbe.com
5  Kendall M. Loebbaka (Bar No. 285908)
   kendall.loebbaka@knobbe.com
6  Douglas B. Wentzel (Bar No. 313452)
   douglas.wentzel@knobbe.com
7  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
8  Irvine, CA 92614
   Phone: (949) 760-0404
9  Fax:(949) 760-9502

10 Adam B. Powell (Bar. No. 272725)         Brian C. Horne (Bar No. 205621)
   adam.powell@knobbe.com                   brian.horne@knobbe.com
11 Daniel P. Hughes (Bar No. 299695)        Mark D. Kachner (Bar No. 234192)
   daniel.hughes@knobbe.com                 mark.kachner@knobbe.com
12 **KNOBBE, MARTENS, OLSON & BEAR, LLP**   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   3579 Valley Centre Drive                 1925 Century Park East, Suite 600
13 San Diego, CA 92130                      Los Angeles, CA 90067
   Phone: (858) 707-4000                    Phone: (310) 551-3450
14 Fax: (858) 707-4001                      Fax: (310) 551-3458

15 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S OPPOSITION TO APPLE'S MOTION TO BIFURCATE MASIMO'S TRADE SECRET AND PATENT INFRINGEMENT CLAIMS**<br><br>Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

Page No.

I.     INTRODUCTION ..................................................................................................1

II.    PROCEDURAL FACTS .......................................................................................1

III.   LEGAL STANDARD ...........................................................................................3

IV.    ARGUMENT ........................................................................................................3

      A.   Bifurcation Does Not Favor Judicial Economy ........................................3

      B.   Separate Trials Would Be Highly Prejudicial ............................................4

           1.   Bifurcation Would Prejudice Masimo .............................................4

           2.   Apple's Claims Of Prejudice Are Trivial And Unsupported ...........7

      C.   Masimo's Claims Do Not Address Clearly Separable Issues ...................8

           1.   Apple's Attempts To Trivialize The Overlapping Evidence Fail ...8

           2.   Apple Ignores Additional Overlap .................................................10

      D.   Separate Trials Will Not Prevent Jury Confusion ....................................11

      E.   Some Claims Being "Ready" Does Not Justify Bifurcation ...................13

V.     CONCLUSION ...................................................................................................14

# TABLE OF AUTHORITIES

Page No(s).

*3G Licensing, S.A. v. HTC Corp.*,
  2023 WL 34553 (D. Del. Jan. 4, 2023) .................................................................. 12

*A.H. v. Cnty. Of San Bernardino*,
  2023 WL 9646224 (C.D. Cal. Dec. 28, 2023) .......................................................... 7

*AKH Co. v. Univ. Underwriters Ins. Co.*,
  2013 WL 3456936 (D. Kan. July 9, 2013) ............................................................... 6

*Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*,
  2014 WL 12586105 (C.D. Cal. Jan. 3, 2014) ........................................................... 8

*Am. Steel & Stairways, Inc. v. Lexington Ins. Co.*,
  2013 WL 4425704 (N.D. Cal. Aug. 14, 2013) ................................................... 8, 12

*Aoki v. Gilbert*,
  2015 WL 5734626 (E.D. Cal. Sept. 29, 2015) .................................................. 6, 12

*Applied Med. Res. Corp. v. TYCO Healthcare Grp. LP*,
  No. 8-11-cv-01406, Dkt. 214 (C.D. Cal. Dec. 9, 2013) ........................................... 8

*Arredondo v. Delano Farms Co.*,
  2012 WL 2358594 (E.D. Cal. June 20, 2012) ........................................................ 12

*Aurora World, Inc. v. Ty, Inc.*,
  2011 WL 13185687 (C.D. Cal. Mar. 14, 2011) ....................................................... 8

*Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*,
  2016 WL 5870117 (E.D. Cal. Oct. 6, 2016) ............................................................ 4

*Danjac LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) ................................................................................... 8

*E.C. v. Fullerton Sch. Dist.*,
  2019 WL 2902706 (C.D. Cal. Feb. 4, 2019) ............................................................ 3

*Enborg v. Ethicon, Inc.*,
  2022 WL 1122618 (E.D. Cal. Apr. 14, 2022) .......................................................... 6

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*,
   2006 WL 1646108 (N.D. Cal. June 12, 2006) ...................................................... 8

*Hirst v. Gertzen*,
   676 F.2d 1252 (9th Cir. 1982) ............................................................................ 12

*IGT v. All. Gaming Corp.*,
   2008 WL 11450898 (D. Nev. May 29, 2008) ..................................................... 6

*J2 Glob. Commc'ns, Inc. v. Protus IP Sols.*,
   2009 WL 910701 (C.D. Cal. Mar. 31, 2009) ............................................. 3, 8, 13

*Klean Waters, Inc. v. O.C. Sanitation Dist.*,
   2018 WL 11376687 (C.D. Cal. Nov. 5, 2018) ..................................................... 4

*Medtronic Minimed Inc. v. Animas Corp.*,
   2013 WL 3233341 (C.D. Cal. June 25, 2013) ..................................................... 3

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
   2018 WL 6136784 (C.D. Cal. Apr. 17, 2018) ..................................................... 8

*Puterbaugh v. Oorah, Inc.*,
   2023 WL 4317358 (C.D. Cal. June 1, 2023) ....................................................... 4

*Raymond v. Spirit AeroSystems Holdings, Inc.*,
   2020 WL 7263878 (D. Kan. Dec. 10, 2020) ....................................................... 6

*S.E.C. v. Leslie*,
   2010 WL 2991038 (N.D. Cal. July 29, 2010) .................................................... 12

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,
   144 F.R.D. 99 (N.D. Cal. 1992) ....................................................................... 4, 6

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
   709 F.3d 1365 (Fed. Cir. 2013) ......................................................................... 11

*Terry v. City of San Diego*,
   2011 WL 1897491 (S.D. Cal. May 18, 2011) ............................................... 12-13

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*United States v. Sherwood*,
  2024 WL 2959685 (W.D. Wash. June 12, 2024) .................................................. 7

*Wiggins v. Penske Logistics LLC*,
  2022 WL 1161628 (C.D. Cal. Mar. 17, 2022) ...................................................... 3

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
  2016 WL 740357 (E.D. La. Feb. 25, 2016) ......................................................... 13

## OTHER AUTHORITIES

Fed. R. Civ. P. 42(b) .................................................................................................. 3

## I. INTRODUCTION

Apple moves to confirm the November 2024 trial date, but **only if** the Court bifurcates Masimo's patent infringement claims from the remaining claims. Apple thus seeks to bifurcate but does not meet its burden of showing any factor favors bifurcation.

Apple fails to show bifurcation favors judicial economy because, unlike all of Apple's cited bifurcation cases, a first trial here cannot eliminate all or part of a second trial. Thus, Masimo's patent claims will proceed to trial regardless of what happens in any first trial. Contrary to Apple's assertion, the claims also involve overlapping technology, accused products, and Masimo products. And they involve the same relationship between the parties. Granting bifurcation would also prejudice Masimo by facilitating Apple's goal of taking inconsistent positions before two separate juries.

Apple largely ignores these facts and argues two employees retired and memories may fade. However, Apple fails to show that such evidence would be available in November 2024 but would not be available one or two months later. Nor has Apple shown its arguments apply to the trade secret claims but not the overlapping patent claims. Apple's argument also rings hollow because Apple had no problem delaying Masimo's patent claims for almost **four years** pending IPR, Federal Circuit appeals, and a petition for *en banc* review. Thus, Apple's Motion reveals that Apple is not actually worried about lost evidence. Rather, Apple believes its chances of succeeding are higher if each jury is unaware of the scope of Apple's infringement and misappropriation. That is not a valid reason to bifurcate Masimo's claims.

## II. PROCEDURAL FACTS

Apple's "procedural posture" contains false and misleading statements. Mot. at 3-4. For example, Apple blames Masimo for disrupting the schedule on the '703 and '776 Patents by serving supplemental infringement contentions on July 5. Mot. at 2, 10. But Apple moved to compel more detail in Masimo's infringement contentions. Dkt. 1955-1 at 1-2. Masimo did so on July 5, just a few days after the Tentative Order suggested Masimo may choose to amend "sooner rather than later." Apple then used

-1-

the July 5 supplement to delay the schedule by merely alleging the supplement contained "new theories." Dkt. 2004-1 at 2-3. This mere allegation led the Court to need a special master to decide whether Apple's allegation has any merit. Apple thus successfully delayed the patent claims regardless of how the special master rules. In its Motion, Apple now seeks to capitalize on that delay by trying to separate the patent and trade secret claims. That has been Apple's goal ever since the Federal Circuit affirmed the validity of Masimo's low-power patents.

Apple also distorts the procedural history as if Masimo advocated trying its trade secret claims separately from its patent claims. Mot. at 3, 9-10. As support, Apple cites Masimo's opposition to Apple's motion for a stay pending twelve IPR outcomes. Dkt. 209-1. In that opposition, Masimo argued the trade secret claims should go forward ***if*** the Court granted the lengthy stay Apple sought. *Id.* at 24-25. Apple also cites a stipulation that the parties filed **while the patent claims were stayed**. Dkt. 1925. Masimo never wanted its patent and trade secret cases to be tried separately. The timing is different now because the patent stay is lifted and only two related patents remain, presenting the opportunity to efficiently try all remaining claims.

Apple also fails to mention anything about the parties' litigation in the District of Delaware. In May 2024, the Delaware court scheduled trial on **ten** Apple patents to begin October 21—just two weeks before this Court's existing November 5 trial. The Delaware court did so at Apple's insistence and over Masimo's objections. Apple convinced the court to disregard the conflict with this Court's existing trial date, which is particularly harmful to Masimo because Masimo uses the same counsel in both cases while Apple uses separate counsel. Apple also convinced the court to rush a trial even though the PTAB is scheduled to issue IPR decisions on several asserted patents in September and October 2024. Apple thus simultaneously delayed Masimo's patent claims (filed January 2020) for four years while rushing its own patent claims (filed October 2022) to trial in record time. The unfairness is readily apparent. Regardless, the parties will be very busy this fall preparing for trial on Apple's patent claims.

### III. LEGAL STANDARD

"[B]ifurcation 'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." *Wiggins v. Penske Logistics LLC*, 2022 WL 1161628, at *1 (C.D. Cal. Mar. 17, 2022). "The usual course is that all claims in a case—even if founded on different causes of action—are tried together, as such an approach is generally considered the most efficient for the court and the parties." *J2 Glob. Commc'ns, Inc. v. Protus IP Sols.*, 2009 WL 910701, at *3 (C.D. Cal. Mar. 31, 2009).

"In deciding motions to bifurcate, courts consider whether separate trials would (1) be more convenient; (2) avoid prejudice; (3) favor judicial economy; (4) reduce the risk of confusion; and (5) address clearly separable issues." *E.C. v. Fullerton Sch. Dist.*, 2019 WL 2902706, at *2 (C.D. Cal. Feb. 4, 2019); *see also* Fed. R. Civ. P. 42(b). Judicial economy is a primary factor. *J2*, 2009 WL 910701, at *2 ("bifurcation rests in principles of judicial economy"). Thus, courts grant motions to bifurcate most often "when resolution of a claim or issue might dispose of the entire case." *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013). "The party requesting bifurcation has the burden to show that 'bifurcation **will** promote judicial economy and avoid inconvenience or prejudice to the parties.'" *Wiggins*, 2022 WL 1161628, at *1. Apple cannot meet its burden.

### IV. ARGUMENT

**A.     Bifurcation Does Not Favor Judicial Economy**

Judicial economy strongly favors a single trial because bifurcation cannot possibly eliminate, or even simplify, a second trial on Masimo's patent claims. Apple never addresses this lack of judicial economy and cites no case granting bifurcation under these circumstances. Rather, all six of Apple's cases granting bifurcation did so where the first trial could eliminate or at least significantly simplify the second trial. *See* Mot. at 4-5, 8-9 (citing *Orange Cnty. Coastkeeper*, *Danjaq*, *Hirst*, *Arredondo*, *Johnson*, and *Mobility Workx*). Courts deny bifurcation where, like Apple, the movant had "not argued that the purported first phase of the bifurcated trial … would dispose

of the case or have any practical effect" on other claims. *See, e.g.*, *Klean Waters, Inc. v. O.C. Sanitation Dist.*, 2018 WL 11376687, *5 (C.D. Cal. Nov. 5, 2018).

Apple makes no meaningful argument that holding two trials preserves judicial economy. Instead, Apple speculates that bifurcation "could" have "case-management and judicial economy benefits" because two trials may be "easier to schedule and administer" and "less burdensome on each respective jury." Mot. at 8. In doing so, Apple trivializes and ignores the burden of empaneling two separate juries and forcing twice the number of jurors to participate. Apple also ignores the extra burden placed on the Court and parties by having to conduct two separate trials, including pre- and post-trial proceedings, jury instructions, and more. *See, e.g.*, *Puterbaugh v. Oorah, Inc.*, 2023 WL 4317358, at *2 (C.D. Cal. June 1, 2023) (two separate trials will "increase the Court's burdens rather than lessen them"); *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, 2016 WL 5870117, at *3-4 (E.D. Cal. Oct. 6, 2016) ("Beco has failed to show that 'bifurcation would improve judicial economy, since [it] would result in two separate trials.'") (citing cases). And, as discussed below, Apple ignores that many of the same witnesses and evidence would have to be presented to both juries.

Apple also argues that two trials could avoid impacting the Thanksgiving holiday. Mot. at 8. But the Court can easily schedule a trial on all issues after the holidays.

**B.     Separate Trials Would Be Highly Prejudicial**

Apple had the burden to "present sufficient facts to show that … no party will be prejudiced by the bifurcation." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). Here, bifurcation would greatly prejudice Masimo while a single trial would not prejudice Apple.

**1.     Bifurcation Would Prejudice Masimo**

Bifurcating the case into two trials would prejudice Masimo because Apple would abuse bifurcation by presenting clearly inconsistent positions to two separate juries. During the trade secret trial, Apple argued it did not misappropriate a trade secret because implementing it would consume too much battery power. Ex. A at 52 (29:3-6)

-4-

1  (Apple engineer: Apple did not use Masimo's trade secret because it "███████
2  ████████"); *id.* at 52 (28-29), 53 (72:6-12) (Apple engineer: Apple did not use
3  Masimo trade secret because "████████████████████████████████████
4  ████████████████████████"); *id* at 79 (68:4-8) (Apple expert witness:
5  Apple "██████████" the D1 trade secret because of the "█████████████
6  ████████████"). [1] In closing argument, Apple relied on such testimony in arguing
7  it did not use Masimo's trade secret because "█████████████████████████
8  ████████." *Id.* at 76 (130:5-11), 88 (60:3-7); *see also id*. at 4 (64:3-8), 6 (79:2-23),
9  46 (102:14-19) (battery had to be "██████" and "███████████████
10 ████████████████████"), 47 (107-108), 61 (66:16-68:16).  Apple even suggested
11 it stopped discussing a partnership with Masimo because Masimo's technology used
12 too much power.  *Id.* at 55 (99:2-17).

13    Now, Masimo's patent claims focus on methods of reducing power consumption
14 and preserving battery life.  Dkt. 1 ¶¶ 149-178.  In response to those patent claims,
15 Apple is now taking the opposite position.  For example, during patent discovery,
16 Apple's 30(b)(6) witnesses attempted to trivialize the importance of Masimo's claims
17 by testifying that power and battery life are essentially irrelevant and unimportant.  *See,*
18 *e.g.*, Ex. B at 15 ("████████████████████████████████████████
19 ███████████████████████████████████"), 16-19 (testifying ██████████
20 █████████████████████████████████████████████████████████), 21-23,
21 26:1-2 ("███████████████████████████████████████████████████
22 █████████████████████████"), 40:5-7 ("████████████████████████
23 █████████████████████████████"); Ex. C at 126:2-132:9 ("█████
24 ████████████████████████████████████

---

[1] All emphasis is added unless indicated otherwise.  All exhibits are attached to the Declaration of Adam B. Powell filed concurrently herewith.  When citing the trial transcript (Exhibit A), Masimo cites the exhibit page number first and includes a parenthetical with transcript page and line numbers.

1  ███████████████████████████████████████████████"), 136:22-137:22.

2  Thus, Apple's reason for seeking bifurcation is now apparent: Apple hopes to present two fundamentally inconsistent positions to two separate juries. That obviously would be unfair to Masimo while also undermining the integrity of the administration of justice. For these reasons, courts routinely deny bifurcation when they suspect a party might present conflicting positions to different triers of fact. *See, e.g.*, *Enborg v. Ethicon, Inc.*, 2022 WL 1122618, at *4 (E.D. Cal. Apr. 14, 2022) (denying bifurcation where court had "concerns" that allowing movant to present conflicting stories to "two separate juries … could prejudice" non-movant); *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2020 WL 7263878, at *2 (D. Kan. Dec. 10, 2020) (denying bifurcation where it "would improperly allow [movant] to assert inconsistent theories to different fact-finders in the two trial stages"); *AKH Co. v. Univ. Underwriters Ins. Co.*, 2013 WL 3456936, at *7 (D. Kan. July 9, 2013) (denying bifurcation where court was "reluctant to shape [the] proceedings in a manner that could allow for even more selective posturing" by movant); *IGT v. All. Gaming Corp.*, 2008 WL 11450898, at *3 (D. Nev. May 29, 2008) (denying bifurcation where there were "valid concerns" that bifurcation would allow movant "to skirt the problem of its experts taking inconsistent positions").

Apple also ignores the prejudice Masimo would suffer by further delaying the patent claims, which Apple already delayed by years. The parties can conduct the trial on all remaining claims shortly after the current November 5 trial date. Two separate trials would require separate pre- and post-trial briefing, which would undoubtedly delay trial on the patent claims. Courts deny bifurcation in such circumstances. *See, e.g.*, *Spectra-Physics*, 144 F.R.D. at 101 (finding prejudice to patentee because "holding two trials, as opposed to one, will inevitably cause delay in resolution of the instant case"); *Aoki v. Gilbert*, 2015 WL 5734626, at *6 (E.D. Cal. Sept. 29, 2015) (finding prejudice to patentee because motion came "three years after the filing of the original complaint" and could cause further "unfair delay"). Apple thus fails to show that bifurcation would "avoid prejudice to the parties." *Aoki*, 2015 WL 5734626, at *4.

## 2. Apple's Claims Of Prejudice Are Trivial And Unsupported

Apple asserts two reasons why it would be prejudiced absent bifurcation. ***First***, Apple argues it ***may*** not be able to present live trial testimony from two Apple witnesses who retired (Hotelling and Russell-Clarke). Mot. at 5-6. Nothing suggests these witnesses would be uncooperative and refuse to appear. Nor has Apple shown that a short delay would cause those witnesses to no longer appear. Apple likewise provides no support for its claim that some unidentified "other employees" may leave or retire during any short delay.

***Second***, Apple asserts a "risk of memories fading" if trial on the trade secret claims occurs after the current November 2024 date. Mot. at 5-6. But many of the relevant events for the trade secret claims occurred in 2013 or 2014. Apple never explains how a witness would remember what occurred ten years ago for a trial in November 2024 but forget the same events for a trial in early 2025. Moreover, as discussed below, the patent claims involve much of the same evidence and events that occurred at the same time in 2013-2014. Apple does not explain how the risk of faded memories is somehow greater for the trade secret claims than the patent claims.

Apple speculates that the risk of faded memories is great because Apple "highlighted" live testimony while Masimo relied on contemporaneous documents. Mot. at 5-6. Both parties relied on documentary and testimonial evidence. That Apple's witnesses contradicted the contemporaneous documentary evidence hardly weighs in Apple's favor. Regardless, Apple's witnesses may review their prior testimony to refresh their memory of what they said. If anything, they will be better prepared now.

Apple also cites three cases, but none addressed bifurcation, much less bifurcation because of a very short delay. Instead, Apple cites factually inapposite cases that discussed lengthy delay. *See, e.g.*, *A.H. v. Cnty. Of San Bernardino*, 2023 WL 9646224, at *4-7 (C.D. Cal. Dec. 28, 2023) (denying "an indefinite, potentially prolonged stay"); *United States v. Sherwood*, 2024 WL 2959685, at *3-4 (W.D. Wash. June 12, 2024) (refusing continuance of criminal trial for over eighteen months in part

-7-

because "two witnesses ha[d] already passed away"); *Danjac LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001) (noting merely that delay of "twenty-one years—and more likely, thirty-six years" can cause "prejudice in the *laches* context"). Apple thus cites no case supporting its prejudice arguments. Instead, courts decline to bifurcate where the movant, like Apple, raised only a "mere possibility" or "unsupported" claims of prejudice. *See, e.g.*, *Am. Steel & Stairways, Inc. v. Lexington Ins. Co.*, 2013 WL 4425704, *2 (N.D. Cal. Aug. 14, 2013); *J2*, 2009 WL 910701, at *5.

### C. Masimo's Claims Do Not Address Clearly Separable Issues

Courts routinely decline to bifurcate claims into two trials where those claims involve overlapping issues or evidence. *See, e.g.*, *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6136784, at *2 (C.D. Cal. Apr. 17, 2018); *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 2014 WL 12586105, at *6 (C.D. Cal. Jan. 3, 2014); *Aurora World, Inc. v. Ty, Inc.*, 2011 WL 13185687, at *3 (C.D. Cal. Mar. 14, 2011); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, 2006 WL 1646108, at *3 (N.D. Cal. June 12, 2006); *Applied Med. Res. Corp. v. TYCO Healthcare Grp. LP*, No. 8-11-cv-01406, Dkt. 214 at 6 (C.D. Cal. Dec. 9, 2013) ("The Court is not inclined to bifurcate the trial and face the possibility of hearing evidence on these shared factual issues in two separate trials."). Here, Apple has also not shown that Masimo's trade secret and patent claims address clearly separable issues. To the contrary, the record demonstrates great overlap.

#### 1. Apple's Attempts To Trivialize The Overlapping Evidence Fail

Apple argues Masimo's patent and trade secret claims are "easily separable" because the patent claims relate only to Apple's pulse-rate feature (which Apple calls "heart rate") while the other claims relate only to Apple's pulse-oximetry feature (which Apple calls "blood oxygen"). Mot. at 6-7. Not so. Masimo's patent claims relate to heart rate, and its trade secret claims relate to heart rate *and* blood oxygen. Indeed, Masimo brought its claims in January 2020—eight months *before* Apple released the blood oxygen feature in Apple Watch Series 6 and before Masimo knew Apple planned

-8-

to release such a feature. Dkt. 1; Dkt. 296-1. Masimo thus asserted patent infringement and trade secret misappropriation claims based on the **heart rate** feature. Dkt. 296-1 ¶¶ 25, 197-200, 212-215, 238.[2]

The 2023 trial also demonstrated that the trade secret claims relate to pulse rate / heart rate. Masimo's expert testified how Masimo's "pulse rate" algorithms use the asserted trade secrets. *See, e.g.*, Ex. A at 24 (83:2-17), 30 (67:5-22). Masimo also introduced evidence about Marcelo Lamego's work at Apple on heart rate. *See, e.g.*, *id.* at 40 (37-40) (Apple asked Lamego to investigate "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); 40 (53-55, 58-60) (discussing Lamego's ideas to improve heart rate, which Apple codenamed "Platinum"). Many Apple witnesses (*e.g.*, Hotelling, Land, Block, Ness, and Waydo) testified about their development of Apple's "heart rate sensor." *Id.* at 45-46 (100:20-102:19), 61-62 (65-70, 81:7-16, 108:7-19), 71 (91-94, 116-119). Apple's engineers testified that the same components of the Apple Watch are used for both heart rate and blood oxygen. *Id.* at 48 (111:3-17). In fact, Apple repeatedly argued the trade secret claims ***cannot*** relate to blood oxygen because Lamego worked at Apple years before Apple released blood oxygen. *Id.* at 89 (70:24-71:1) (Apple closing argument: "the blood oxygen sensor . . . Dr. Lamego wasn't even part of the team that developed it. He wasn't at the company."); Dkt. 351-1 at 39 (arguing oxygen saturation not relevant because Lamego worked at Apple years earlier); 543-3 at 3 (same). Thus, Apple is wrong to suggest the trade secret claims are limited to pulse oximetry.[3]

Apple also ignores the patent inventorship/ownership claims that were previously

---

[2] Masimo's operative February 2021 amended complaint also referenced the blood oxygen feature that Apple released in September 2020. Dkt. 296-1 ¶¶ 45, 254-258.

[3] Apple wrongly claims Masimo's reference to "heart rate" being at issue in the 2023 trial is actually referring to the "ECG" (electrocardiogram) feature that was at issue only in the business and marketing trade secrets. Mot. at 10. The evidence discussed above about Apple's "heart rate" feature refers to the sensor that uses light to measure pulse rate. The ECG feature is a separate sensor that uses electrical signals.

tried with the trade secret claims. Apple elicited testimony from its engineers that those patents recite subject matter "███████████████" and describe "██████████████████████████████████████████████████████████████████████." Ex. A at 71-72 (91:5-94:16). This provides an additional reason why pulse rate will be at issue in the upcoming trial regardless of whether the Court grants Apple's Motion.

Apple also argues that witness "overlap" for Masimo's trade secret and patent claims is "minimal." Mot. at 7. But Apple identified a total of just **three** "distinct witnesses" on patent issues: Ammar Al-Ali from Masimo and two Apple engineers. *Id.* Apple omits that many of the same Apple witnesses are relevant to both sets of claims, including at least Brian Land, Stephen Waydo, Deidre Caldbeck, Jeff Williams, Adrian Perica, Ueyn Block, Paul Mannheimer, Denby Sellers, and Peter Russell-Clarke. Ex. D at 3-5; Ex. E at 5-7. And Apple omits numerous Masimo witnesses that will testify in both trials, including Masimo's CEO (Joe Kiani) and COO (Bilal Muhsin). Apple also omits that the parties are relying on the same technical experts (Madisetti and Sarrafzadeh) for both the trade secret and patent issues. Thus, Apple is wrong to assert "minimal" witness overlap between the trade secret and patent claims.

### 2. Apple Ignores Additional Overlap

Apple also ignores additional overlap. ***First***, both sets of claims are directed to overlapping products. Masimo accuses all Apple Watches of infringing Masimo's patents. Dkt. 1957-12 (Infringement Contentions) at 2-3. Masimo accuses Apple of misappropriating its trade secrets while developing all Apple Watches and in selling all but the earliest models. Ex. A at 24 (83:18-84:14). As discussed, all of Masimo's claims concern pulse rate. And pulse oximetry measurements are derived from the same sensor and comprise both pulse rate and oxygen saturation.

***Second***, the same Masimo products practice Masimo's asserted trade secrets and patents. Masimo uses the demodulation trade secrets in its monitors and uses the L4 and L5 trade secrets in its sensor designs. Ex. A at 26-27 (16:7-17:5), 28 (58:4-14), 31

-10-

1  (70:16-71:4). The same monitors and sensors combined practice the asserted patents.
2  Dkt. 1957-12 at 13-14.

3  **Third**, the same Masimo-Apple relationship is also at issue in both the trade
4  secret and patent claims. The 2023 trial exposed that Apple extensively researched
5  Masimo, concluded that Masimo was the "standout" company, and reached out to
6  Masimo to "dig deep" into Masimo's technology. Ex. A at 56 (112:5-10). Apple also
7  ████████████████████████████████████████████████████████████████████
8  ██████████████████████████████████████████. *Id.* at 16 (25:10-26:1), 19
9  (74:16-22), 21 (112:1-12). Such facts are highly relevant to the patent case. For
10 example, these facts demonstrate copying and objective evidence of the non-
11 obviousness. They also show knowledge of Masimo's patents for indirect infringement
12 and willfulness because the Masimo monitors that Apple tested were marked with
13 Masimo's asserted patents. Dkt. 1957-12 at 17-18; *see SynQor, Inc. v. Artesyn*
14 *Technologies, Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (affirming "actual knowledge"
15 because defendants analyzed marked products).

16  **D.**     **Separate Trials Will Not Prevent Jury Confusion**

17  Apple also fails to show separate trials would prevent jury confusion. Apple first
18 argues that educating the jury on patent issues could present a "risk" of confusion when
19 deciding the trade secret issues. Mot. at 2. Apple completely ignores Masimo's claims
20 for correction of patent inventorship and patent ownership, which were part of the 2023
21 trial. As a result, the Court instructed the 2023 jury on many patent issues, including
22 an overview of patent law (Instruction No. 5) and detailed instructions about patent law
23 (Instruction No. 40), patent inventorship (Instruction No. 41), and patent ownership
24 (Instruction No. 42). *See* Dkt. 1715. Apple's counsel also discussed patent law
25 extensively with the jury. Ex. A at 7 (85:15-87:19). Thus, any jury would be instructed
26 on patent issues regardless of this Motion.

27  Apple also argues that Masimo's claims risk jury confusion because the trade
28 secret and patent claims are "complex." Mot. at 2. Apple ignores that the trade secret

claims have already been simplified because the business and marketing trade secrets will not be tried. Dkt. 1724 at 7. Thus, the only remaining trade secrets are technical trade secrets that, as discussed above, concern subject matter that overlaps with the patent claims. Apple also ignores that the two asserted patents share the same specification. They concern relatively straightforward technology relating to altering power consumption by switching between high and low power modes to optimize performance. The principal issue is whether the Apple Watch has these characteristics.[4]

Apple argues three cases support bifurcation of complex "technical" issues. Mot. at 8. Two cases involved no technical issues and bifurcated because the first trial may prevent the need for the second. *See Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (affirming determination of whether prisoner died by suicide first because it may eliminate need for a murder trial); *Arredondo v. Delano Farms Co.*, 2012 WL 2358594, at *12 (E.D. Cal. June 20, 2012) (determining whether defendant was an independent contractor may eliminate need to decide wage and hour violations). The third case found merely that parties were not properly joined in an action involving patents owned by different entities and directed to "different 3G, 4G, and LTE standards" for separate cellular technology. *3G Licensing, S.A. v. HTC Corp.*, 2023 WL 34553, at *3-4 (D. Del. Jan. 4, 2023). Such facts do not exist here.

Apple thus "vaguely raise[s] concerns about jury confusion" but "do[es] not state with any specificity which particular claims are likely to be confusing to a jury or why." *Aoki*, 2015 WL 5734626, at *6 (rejecting jury confusion argument in denying bifurcation). Moreover, any potential risk could and should be "addressed by specific juror instructions and a special verdict form." *See Am. Steel.*, 2013 WL 4425704, *2; *S.E.C. v. Leslie*, 2010 WL 2991038, *6 (N.D. Cal. July 29, 2010); *Terry v. City of San*

---

[4] The length of Masimo's infringement contentions does not reflect the length of Masimo's jury presentation. Masimo provided exacting detail in those contentions because Apple demanded that Masimo chart minute immaterial differences in hardware and software. Masimo obviously will simplify what is presented to the jury.

*Diego*, 2011 WL 1897491, *3 (S.D. Cal. May 18, 2011) ("Any risk of jury confusion can be mitigated with proper instructions and verdict sheets."). Indeed, "[j]urors are often tasked with the job of making difficult determinations, and numerous tools exist to assist them in performing those duties, including the organized presentation of skillful advocates." *J2*, 2009 WL 910701, at *5; *see also Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 2016 WL 740357, at *2 (E.D. La. Feb. 25, 2016) (declining to bifurcate patent and trade secret claims because jurors often are "required to weigh the evidence for each claim individually").[5]

### E. Some Claims Being "Ready" Does Not Justify Bifurcation

Apple's lead argument is that the trade secret claims can be taken "off the shelf" and are "ready to go." Mot. at 4-5. But Apple fails to connect that argument to any factor courts consider in addressing bifurcation. Nor has Apple cited a single case bifurcating trial in similar circumstances. As discussed above, Apple instead cites cases that found bifurcation could preserve judicial economy by potentially eliminating the need for a separate trial. That is not true here.

Apple also ignores that the patent claims are nearly ready for trial too. The parties have completed the pleadings, claim construction, and fact discovery (including document production and depositions). The parties also have opening expert reports that are essentially ready to serve because the Court did not vacate the opening expert report deadline until the Friday before the Monday deadline. Mot., Ex. 1 at 20. After the special master reviews Masimo's infringement contentions, the parties can quickly complete expert discovery and proceed to trial.

Moreover, any delay in scheduling a combined patent and trade secret trial should be short. Masimo's deadline to serve preliminary infringement contentions was April 22, 2024. Apple has not suggested it was improper for Masimo to serve its

---

[5] Apple speculates about a risk of juror confusion because Masimo seeks different types of damages for its trade secret and patent claims. Mot. at 7 n.5. But such risk, if any, can likewise be mitigated with proper jury instructions and special verdict forms.

-13-

May 31 supplement, presumably because that was *six weeks* before the July 15 expert report deadline. As a result, an expert report deadline of August 16 (six weeks after the July 5 supplement) would eliminate any potential claim of prejudice from the July 5 supplement. Thus, a mere 32-day extension of time for expert reports (July 15 to August 16) would eliminate any claim of prejudice. Such a short delay would allow the Court to schedule the trial in early 2025 (respecting the holidays).

## V. CONCLUSION

For the foregoing reasons, Apple has not met its burden of demonstrating that any of the bifurcation factors support separating Masimo's patent claims from Masimo's trade secret and patent ownership/inventorship claims. The Court should schedule the trial on all remaining claims in early 2025.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2024

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes
Douglas B. Wentzel

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.