Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**<br><br>Hon. James V. Selna<br><br>Date:        None set<br>Time:        N/A<br>Location:    Courtroom 10C |

The testimony from Masimo inventor Ammar Al-Ali was taken after the claim construction briefing. The Court gave the parties "the opportunity to put in a supplemental briefing of no more than five pages dealing with that testimony." Ex. 12 at 18:16-18. In its supplemental brief, however, Apple improperly rehashed its prior arguments and devoted only about one page to the testimony (pages 3-4). One page was sufficient because Al-Ali's testimony did not address the claim language at issue. Thus, unlike in *Synchronoss*, Apple did not ask Al-Ali about "the requirements of the claim language" as Apple now argues. Br. at 3 (citing *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358 at 1366-67 (Fed. Cir. 2021)).

**Apple Distorts Al-Ali's Testimony:** Apple argues that Mr. Al-Ali testified "he did not invent a way to reduce activation of a sensor/*processor* while increasing power consumption."[1] Br. at 4. But that was not Al-Ali's testimony. A line-by-line analysis shows his testimony did not address the processor, and that Apple is conflating sensor activation and processing.

Apple asked Al-Ali "Reducing activation of the *sensor* would not increase power consumption, right?" Ex. 14 at 75:9-10. Unsurprisingly, Al-Ali answered "Should not." It is unsurprising because the incomplete hypothetical question focused on reducing activation of the *sensor alone*. *Id.* at 75:14.

Apple repeated the question with regard to embodiments in the patent. *Id.* at 75:15-17. Unsurprisingly, Al-Ali gave an answer which Apple emphasizes in its brief: "I mean, the technology is about reducing the power, not increasing the power." *Id.* at 75:20-21. Apple then confirmed "that there are no embodiments where reducing activation of the sensor will increase power consumption." *Id.* at 75:20-24. And unsurprisingly again, Al-Ali gave an answer which Apple again emphasizes in its brief: "I don't see how that can happen." *Id.* at 76:1-2. He clarified that he did not invent a device which will increase power consumption because such a device would require

---

[1] All emphasis added unless otherwise noted.

more energy, not less. *Id.* at 76:7. And he agreed it would be "almost paradoxical" to reduce activation of the sensor to increase power consumption. *Id.* at 76:8-10. This entire line of questioning was focused on the ***sensor alone*** and how reducing activation of the ***sensor alone*** cannot cause the device to increase its consumption of power.

Apple ignores that Al-Ali repeatedly explained that his invention included multiple mechanisms that worked together to manage power consumption. For example, he explained that his invention included "how to manage the LEDs and how to manage the ***processing*** to optimize and get the best power consumption" (35:4-11) and that "***processing*** time is another piece" (33:17-24). He testified that "all of that combined is part of what the invention [is] in this patent" (33:17-24). When asked to identify the technological problem the '703 Patent was intended to solve, Al-Ali explained his invention included how to "lower the power by manipulating the current in the LEDs ***and the processing*** and get–still maintain, for all users, good measurements." *Id.* at 49:20-50:3. When Apple incorrectly recharacterized the invention as "dynamically adjusting the duty cycle of the LEDs" alone, Al-Ali disagreed and explained "one of them was reducing the duty cycle one and also measuring the power consumption, measuring the signal quality, reducing–and then the processing–I mean, all of these together is part of what this invention is." *Id.* at 50:16-51:7. Thus, Al-Ali testified consistently with the Tentative, which relied on the specification's explanation that "reduced activation / processing may occur alone or in combination with other mechanisms and is not necessarily tied to operating at a particular power consumption level." Tentative at 13.

Apple argues that Al-Ali's testimony somehow "debunked" Dr. Madisetti's explanation of how the claimed device can be in a "higher power consumption level," even if the control engine reduced either activation of an attached sensor (claim 15) or amount of processing (claim 20). Br. at 4. Nothing about Al-Ali's testimony calls into question Madisetti's explanation. *See* Dkt. 1948-01 ("Madisetti Decl.") ¶¶ 74-75. Rather, as explained above, the portion Apple cites related to the ***sensor alone*** and did

not discuss the processing operations at all. When Al-Ali discussed the processor and sensor together, he consistently explained how both could affect the power consumption of the device. Thus, Al-Ali's testimony does not contradict Madisetti. It does not support indefiniteness, much less provide clear and convincing evidence.

The rest of Apple's brief does not relate to Al-Ali's testimony, but Masimo responds because Apple has raised new arguments.

**The Tentative Correctly Found That "Higher Power Consumption Level" Has A Plain And Ordinary Meaning:** Apple relies on an incorrect premise that the Tentative found *all* claims of the '703 patent use the phrase "higher power consumption level" in "three very different ways." Br. at 1 (emphasis omitted). The Tentative actually found the "wherein" clause of Claims 15 and 20 could be read in three different ways. Tentative at 12. The Tentative did not find that the phrase "higher power consumption level" lacked clarity. Indeed, the parties appear to agree that phrase refers to a device consuming more power. Apple presents no basis to depart from the Tentative's finding that "higher power consumption level" is "Not indefinite. Plain and ordinary meaning." *Id.* at 14.

**Claims 1 And 9 Are Not Indefinite:** Claims 1 and 9 do not contain the disputed wherein clauses. Thus, Apple is wrong to argue Claims 1 and 9 are indefinite merely because they contain the phrase "higher power consumption level." The Tentative explained "Claims 1 and 9 require reduced activation/processing during operation at a lower power consumption level." *Id.* at 12. Thus, the Tentative never suggested any ambiguity in Claims 1 and 9. Apple's argument to the contrary relies on easily distinguishable cases.

As Masimo explained in prior briefing, *TVnGo* addressed an inconsistency between independent claims and their dependents that rendered them all indefinite. Dkt. 1981 at 15 (citing *TVnGO Ltd. (BVI) v. LG Electronics Inc.*, 861 F. App'x 453, 459-60 (Fed. Cir. 2021)). Thus, *TVnGo* does not apply here because Apple is arguing one independent claim renders other independent claims indefinite. *Id.* Apple never

-3-

responded or provided any authority suggesting its argument could apply to these facts. Instead, Apple cites a case finding *all* asserted claims contained the same inconsistency. *See Synchronoss*, 987 F.3d at 1367-68. And Apple's final case supports Masimo. *See Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002). There, claims 1-4 and 13 were indefinite because they recited a "gearbox" in a way that contradicted the specification. *Id.* Notably, the *Allen* court did ***not*** find other independent claims indefinite merely because they also used the same term "gearbox." *See id.* at 1343 (Claim 15 recited "gearbox"); *Id.* at 1349 (Claim 15 not invalid). Thus, *Allen* confirms that a finding of indefiniteness for Claims 15 and 20 here would not render Claims 1 and 9 indefinite merely because they also use the term "higher power consumption level." Claims 1 and 9 do not include the argued inconsistency.

**Claims 15 And 20 Are Not Indefinite:** Apple argues that Masimo agreed that Claims 15 and 20 could be read under three separate interpretations and that it was unclear which interpretation would apply. Br. at 1. Not so. Masimo explained that "the Court [is] correct in saying that the language can be given three interpretations." Ex. 12 at 19:4-7. The language referred to the three interpretations of the wherein clauses on page 12 of the Tentative. Masimo further explained a POSITA would know which of those interpretations would apply. *Id.* at 19:16-18.

As Masimo's expert (Madisetti) explained, the claim structure and specification would cause a POSITA to understand the "wherein clause of Claims 15 and 20 encompass ***the processor activities as a whole***." Madisetti Decl. at ¶ 72. That is the Court's third interpretation. Tentative at 12 ("the final 'wherein' clause of Claims 15 and 20 describes ***the processor activities as a whole***"). Masimo highlighted Madisetti's Paragraph 72 during the hearing (Ex. 12 at 20:2-15), which Apple now concedes states that "a skilled artisan would understand the 'wherein' clause of claims 15 and 20 'encompass the processor activities as a whole.'" Br. at 2.

Apple dismisses Madisetti's testimony and relies on its own expert (Sarrafzadeh), who opined that a POSITA would understand the wherein clause only according to the

Court's first interpretation ("that reduced activation / processing occur[s] during operation at a <u>higher</u> power consumption level."). Dkt. 1974-1, ¶¶ 7-8. His opinion is not based on the technology or any area of expertise he may have. Rather, Sarrafzadeh made a grammatical argument based on the "immediately preceding phrase." *See id.* at ¶ 7. This opinion is entitled to no weight. *See Shire Dev. LLC v. Teva Pharms. USA, Inc.*, 2019 WL 969638, at *4 n.2 (D. Del. Feb. 28, 2019) (finding "POSAs are less likely than lawyers and judges to concern themselves with the technicalities of grammar").

Regarding the technology, Sarrafzadeh does admit "the specification describes the higher power consumption level as involving ***increased*** processing or activation." Dkt. 1974-1, ¶ 9. But Sarrafzadeh's interpretation of the wherein clauses requires the higher power consumption level to occur only during ***decreased*** processing or activation. Thus, Sarrafzadeh's grammatical opinion improperly excluded embodiments he recognized that the specification disclosed. *See, Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (reading out preferred embodiment "is rarely, if ever, correct and would require highly persuasive evidentiary support"); *see also Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1277 (Fed. Cir. 2008).

Finally, none of Apple's cited cases support a finding of indefiniteness. Apple's cases show that claims can be indefinite if the patent owner provides contradictory definitions of claim terms during prosecution or when dependent claims contradict independent claims. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1343-45 (Fed. Cir. 2015) (finding term indefinite when the patent owner provided conflicting definitions of the term during the prosecution); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 2014 WL 4352489, at *5 (E.D. Tex. Sept. 2, 2014)) (finding contradiction between independent and dependent claims). Here, Masimo made no such contradictions in the patent or during prosecution.

In sum, Apple has provided no reason for the Court to deviate from its Tentative. Apple's reliance on the Ammar Al-Ali testimony was baseless.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | | |
| 4 | Dated: August 2, 2024 | By: */s/Brian Claassen* |

                                          Joseph R. Re
                                          Stephen C. Jensen
                                          Sheila N. Swaroop
                                          Brian C. Horne
                                          Brian C. Claassen
                                          Mark D. Kachner
                                          Adam B. Powell
                                          Kendall M. Loebbaka
                                          Daniel P. Hughes

                                          Attorneys for Plaintiffs
                                          MASIMO CORPORATION and
                                          CERCACOR LABORATORIES, INC.