MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S RESPONSE TO PLAINTIFFS' "NOTICE OF CONSENT TO NOVEMBER 5, 2024 BENCH TRIAL" (DKT. 2076)**<br><br>Pre-Trial Conference: Oct. 28, 2024<br>Trial: Nov. 5, 2024 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Plaintiffs' request for a bench trial is not only unconstitutional, but procedurally improper and in conflict with their own prior positions in this case.[1] There **already has been a jury trial on these claims**, and the retrial should likewise be to a jury.

From the outset of this case in 2020, both sides have at all times demanded a jury trial. *Compare* Dkts. 1, 28, 89-1, 233, 296-1, 750 (Plaintiffs' original and amended complaints), *with* Dkts. 306, 370, 790 (Apple's answers). As a result, this Court held a three-week jury trial on the same claims that will be at issue in the November 5, 2024 retrial. This was for good reason: This trade secret case implicates various legal issues, and on those issues, parties have a Seventh Amendment right to a jury. Indeed, as recently as late last month, Plaintiffs were still representing that, even with bifurcation, the November retrial would be tried to a jury. *E.g.*, Dkt. 2043, at 1, 4, 11-13 (arguing "[g]ranting bifurcation" would require "two separate juries"). Plaintiffs' eleventh-hour "notice" of their switch in position suggests that they need to consent to holding a jury trial, which is backwards. Rather, the parties, including Apple, would need to consent to *foregoing* a jury trial. Plaintiffs provide no explanation for why that Seventh Amendment requirement can be set aside in this case in their unreasoned notice and should not be permitted to do so for the first time in responding to this brief.[2]

Plaintiffs' request for a bench trial should be rejected for two case-specific reasons. **First**, Plaintiffs' "notice" violates FRCP 38 and 39. Once a valid jury trial demand has been made by any party, that demand "may only be withdrawn through an oral or written stipulation **by all parties**." *Fuller v. City of Oakland*, 47 F.3d 1522, 1530-1531 (9th Cir. 1995) (citing FRCP 38(d) and 39(a)) (emphasis added). At a bare minimum, a party cannot unilaterally withdraw a request for a jury "once trial begins."

---

[1] Pursuant to this Court's request to resolve this issue by early next week, e.g., Dkt. 2077, Apple immediately suggested to Plaintiffs that Apple file a two-page brief today and Plaintiffs file a two-page response on Monday. Plaintiffs declined, originally insisting on five days to file a ten-page response and later—on Friday afternoon—failing to specify how long its response would be or when it would be filed.

[2] To the extent Plaintiffs do raise such new theories in their response, Apple respectfully requests leave to file a reply due to the lack of explanation in the notice.

*Fuller*, 47 F.3d at 1532. Any other rule would encourage gamesmanship by allowing the party "to see how its case goes" before selecting their preferred finder of fact. *Id.* Yet, that is exactly what Plaintiffs seek here by asking this Court to fundamentally alter the format of the retrial as an apparent response to the April 2023 mistrial on identical claims. Plaintiffs' request—if granted—would be "akin to allowing a gambler to switch his bet as the horses reach the home stretch." *Id.*

***Second***, Plaintiffs are estopped from abandoning their request for a jury trial for this case. *See New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001) (discussing judicial estoppel). At the conclusion of the first trial, Apple asked this Court to rule on its equitable defenses of waiver/laches. *See generally* Dkt. 1766. Plaintiffs objected on Seventh Amendment grounds, arguing that this Court could not resolve either defense in Apple's favor as they were intertwined with Masimo's trade secret claim, which Plaintiffs asserted had to be tried to a jury. *See* Dkt. 1828 at 1, 5-7. This Court adopted Plaintiffs' position in ruling against Apple, noting that "Plaintiffs observe that CUTSA presents a legal, not equitable claim" and that—accordingly—"issuing independent factual findings" on laches/waiver would "violate Plaintiffs' right to a jury trial on its misappropriation claim and the related statute of limitations defense." Dkt. 1900 at 4-5.

Here, the factors laid out in *New Hampshire* apply: (1) Plaintiffs previously took the position that their trade secret claim must be tried in front of a jury, (2) this Court relied on that argument in ruling in Plaintiffs' favor, and (3) Plaintiffs are now asserting an "inconsistent position … [to] derive an unfair advantage"—i.e., trying to switch to a bench trial after an unsuccessful jury trial. 532 U.S. at 750-751. Estoppel is thus necessary to "protect the integrity of the judicial process … by prohibiting [Plaintiffs] from deliberately changing positions according to the exigencies of the moment." *Id.*[3]

---

[3] While this Court granted Plaintiffs' request for a bench trial in the *True Wearables*, No. 18-cv-02001, ECF No. 418 at 16-17, that case did not implicate any of the issues discussed above. Among other things, Plaintiffs filed their request ***before*** trial—unlike here, where there already has been a jury trial—and Plaintiffs had not made prior inconsistent statements regarding the Seventh Amendment.

| | |
|---|---|
| Dated: August 23, 2024 | Respectfully submitted, |
| | MARK D. SELWYN<br>AMY K. WIGMORE<br>JOSHUA H. LERNER<br>JOSEPH J. MUELLER<br>SARAH R. FRAZIER<br>NORA Q.E. PASSAMANECK<br>THOMAS G. SPRANKLING<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP |
| | BRIAN A. ROSENTHAL<br>GIBSON, DUNN & CRUTCHER LLP |
| | KENNETH G. PARKER<br>HAYNES AND BOONE, LLP |
| | By: */s/ Mark D. Selwyn*<br>    Mark D. Selwyn |
| | *Attorneys for Defendant Apple Inc.* |

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 820 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1

___ complies with the word limit set by court order dated [date].

Dated: August 23, 2024   Respectfully submitted,

                                      MARK D. SELWYN
                                      AMY K. WIGMORE
                                      JOSHUA H. LERNER
                                      JOSEPH J. MUELLER
                                      SARAH R. FRAZIER
                                      NORA Q.E. PASSAMANECK
                                      THOMAS G. SPRANKLING
                                      WILMER CUTLER PICKERING
                                      HALE AND DORR LLP

                                      BRIAN A. ROSENTHAL
                                      GIBSON, DUNN & CRUTCHER LLP

                                      KENNETH G. PARKER
                                      HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*