---

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404; Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**MASIMO'S RESPONSIVE BRIEF IN SUPPORT OF ITS NOTICE OF NOVEMBER 5TH BENCH TRIAL**

Hon. James V. Selna

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................................. 1

II.   PROCEDURAL HISTORY ................................................................. 1

III.  ARGUMENT......................................................................................... 2

    A.    Apple Has No Right To Trial by Jury On The Claims Set
        For Trial On November 5, 2024.................................................... 4

    B.    Apple's Seventh Amendment Right Was Eliminated, Not
        "Set Aside" .................................................................................. 5

    C.    Apple's Case-Specific Arguments Lack Merit ........................... 6

        1.    Masimo May Unilaterally Choose A Bench Trial On
               Its Claims ......................................................................... 6

              a.    Rule 38 Does Not Apply ...................................... 6

              b.    Rule 39 Allows Masimo To Unilaterally
                    Withdraw Its Jury Demand.................................... 6

              c.    The Prior Mistrial Is Irrelevant............................ 8

        2.    There Is No Estoppel ........................................................ 9

              a.    Apple Mischaracterizes Masimo's Earlier
                    Argument ............................................................. 10

              b.    Estoppel Cannot Apply Because Masimo's
                    Arguments Are Consistent .................................. 11

IV.   CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

**Page No(s).**

*Alvarado v. Cajun Operating Co.,*
    588 F.3d 1261 (9th Cir. 2009) ...............................................................2

*Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.,*
    611 F.2d 296 (9th Cir. 1979) ..............................................................4, 7

*Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.,*
    1976 WL 20999 (N.D. Cal. Oct. 15, 1976) ..........................................5

*Bayoh v. Afropunk LLC,*
    2020 WL 8838281 (S.D.N.Y. Oct. 28, 2020)........................................5

*In re Christou,*
    448 B.R. 859 (N.D. Ga. 2011) ..............................................................7

*CPI Plastics, Inc. v. USX Corp.,*
    22 F. Supp. 2d 1373 (N.D. Ga. 1995), *aff'd,* 43 F.3d 678
    (11th Cir.1994) ......................................................................................9

*Dart v. McKinney,*
    7 F. Cas. 1 (C.C.S.D.N.Y. 1872) .........................................................8

*Est. of Allen v. Baltimore Cnty., Maryland,*
    No. 1:13-cv-03075-CCB..................................................................10

*Fair v. Kohler Die and Specialty Co.,*
    228 U.S. 22 (1913)................................................................................4

*FN Herstal SA v. Clyde Armory Inc.,*
    838 F.3d 1071 (11th Cir. 2016) .........................................................6, 9

*Fuller v. City of Oakland,*
    47 F.3d 1522 (9th Cir. 1995) .............................................................7, 8

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.,*
    28 F.4th 35 (9th Cir. 2022) ...............................................................9, 10

*Hope Med. Enters. v. Fagron Compounding Servs.,*
    2021 WL 2941546 (C.D. Cal. July 12, 2021) ...................................6, 9

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
527 F. Supp. 2d 1084 (N.D. Cal. 2007)....................................................11

*Kingsbury v. U.S. Greenfiber, LLC*,
2013 WL 12121540 (C.D. Cal. Nov. 4, 2013) ........................................9

*Kramer v. Banc of Am. Sec., LLC*,
355 F.3d 961 (7th Cir. 2004) .................................................................6

*Lorang v. Alaska S.S. Co.*,
2 F.2d 300 ..............................................................................................4

*Masimo Corp. v. True Wearables, Inc.*,
2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) ........................................5

*Masimo Corp. v. True Wearables, Inc.*,
No.8:18-cv-02001-JVS-JDE, Dkt. 399-1 (Dec. 16, 2021).........3, 5, 8, 10

*MedImmune, Inc. v. Genentech, Inc.*,
535 F. Supp. 2d 1020 (C.D. Cal. 2008) ..................................................7

*Newton v. Superior Ct. of California, In & For Alameda Cnty.*,
803 F.2d 1051 (9th Cir. 1986) ...............................................................8

*Shubin v. United States District Court*,
313 F. 2d 250 (9th Cir. 1963) ...............................................................5

*Starbucks Corp. v. Lundberg*,
2005 WL 6036699 (D. Or. May 25, 2005)..............................................7

*Teutcher v. Woodson*,
835 F.3d 936 (9th Cir. 2016) .................................................................4

*Thaler v. PRB Metal Prod., Inc.*,
810 F. Supp. 49 (E.D.N.Y. 1993)........................................................6, 7

*Trans Bay Cable LLC v. M/V Ocean Life*,
2015 WL 7075618 (N.D. Cal. Nov. 13, 2015) .......................................11

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*United States v. Le Beau*,
   2023 WL 4611814 (S.D. Cal. July 18, 2023) ............................................................3

*United States v. Mauskar*,
   557 F.3d 219 (5th Cir. 2009) ......................................................................8

*Zittrouer by Dunn v. Uarco Inc. Grp. Ben. Plan*,
   582 F. Supp. 1471 (N.D. Ga. 1984) ........................................................9

## OTHER AUTHORITIES

Fed. R. Civ. Proc. Rule 38 ..............................................................3, 4, 6

Fed. R. Civ. Proc. Rule 39 ..............................................................1, 4, 6, 8

Federal Trial Handbook: Civil § 16:1 (2023-2024 Edition) ..........................4

Moore's Federal Practice § 39.13 (3d ed. 2013) ......................................9

58 Am. Jur. 2d New Trial § 6 ........................................................8

75B Am. Jur. 2d Trial § 1412 ........................................................8

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") file this brief in support of their release of remedies at law and notice of bench of bench trial, and in rebuttal to Apple's response.

## I. **INTRODUCTION**

Apple is unhappy it has no control over the relief Masimo seeks. But Masimo, as the sole claimant, is the master of its claims and controls whether it seeks remedies at law or in equity. Masimo recently notified Apple and the Court that Masimo will pursue no claims at law at the upcoming November 5 trial. As a result, neither Apple nor Masimo has a Seventh Amendment right to trial by jury for those claims.

Apple treats Masimo's unequivocal withdrawal of its claims for remedies at law as if it were merely a withdrawal of a jury demand on claims over which Apple still has a right to trial by jury. It is not. Masimo did far more than withdraw a jury demand. Masimo provided clear notice that it seeks only remedies in equity for the claims scheduled for trial on November 5. Masimo thereby eliminated any Seventh Amendment right either party may have had regarding those claims. Apple fails to address the consequence of that filing—Apple no longer has any right to a jury trial. Rule 39 and the corresponding caselaw make clear that, after a plaintiff removes any Seventh Amendment right by forgoing remedies at law, the Court can empanel a jury to render a binding verdict ***only*** if all parties consent. Masimo does not consent. Thus, it would be error to submit the case to a binding jury verdict.

## II. **PROCEDURAL HISTORY**

The day before the April 2023 trial was scheduled to begin, the Court granted Apple's request to exclude Masimo's lost profits theory. *See* Dkt. 1527 (April 3, 2023, Minute Order excluding lost profits). Neither side questioned whether a Seventh Amendment right to trial by jury existed on Masimo's remaining theories of recovery or objected to empaneling a jury to render a binding verdict. The parties simply proceeded to select a jury. *See* Dkt. 1538 (minutes documenting jury empaneled and

sworn on April 4, 2023). The trial concerned Masimo's trade secret misappropriation and patent inventorship/ownership claims.

The jury was ultimately unable to reach a verdict, and the Court declared a mistrial on May 1, 2023. *See* Dkt. 1711. On April 16, 2024, the Court set Masimo's trade secret misappropriation, patent inventorship/ownership, ***and patent infringement claims*** for a jury trial on November 5, 2024. *See* Dkt. 1944. On August 7, 2024, the Court bifurcated the trials and set Masimo's trade secret misappropriation and inventorship/ownership claims for trial on November 5, 2024. *See* Dkt. 2064. The Court postponed trial on Masimo's patent infringement claims. *See id.*

One week later, on August 14, 2024, Masimo informed Apple that Masimo would seek no remedies at law and thus intended to conduct the November 5 trial as a bench trial. Ex. 1. Masimo sought Apple's agreement. *See id.* On August 19, 2024, Apple responded that it disagreed and asserted the November 5 trial would be to a jury. *Id.*

On August 22, 2024, Masimo eliminated any potential dispute regarding whether the retrial should be to the Court or to a jury. Masimo filed a formal Notice that eliminated any Seventh Amendment right by waiving legal remedies for the claims set for the November 5 trial. Masimo unequivocally stated that, for "the claims to be tried on November 5, Plaintiffs seek only equitable remedies, such as injunctive relief, disgorgement, unjust enrichment, and any other equitable relief as the Court may deem just." Dkt. 2076 (Notice of Consent to Bench Trial). Masimo explained that, accordingly, "no party has a right to trial by jury for any of the claims to be tried at that trial." *Id.* Masimo further provided formal Notice that it does not consent to try its remaining claims in equity to a jury and intends to try those claims to this Court. *Id.*

## III. <u>ARGUMENT</u>

Apple's argument largely tracks arguments raised by True Wearables that this Court rejected. Apple, much like True Wearables before it, ignores that a Seventh Amendment right to trial by jury exists only where the plaintiff seeks remedies at law. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) ("no right to a

-2-

jury exists for equitable claims"); *United States v. Le Beau*, 2023 WL 4611814, at *4 (S.D. Cal. July 18, 2023) ("the right to a jury trial depends on the nature of the relief that is sought" (citing *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565-66 (1990)). The plaintiff has a unilateral ability to forego remedies at law and eliminate any right to trial by jury. That is exactly what Masimo did.

Apple, again exactly like True Wearables, inaccurately asserts that, under Rule 38, Apple "would need to consent to ***foregoing*** a jury trial" because Masimo previously demanded a jury. Apple Br. [Dkt. 2078] at 1:14-15; *compare with Masimo Corp. v. True Wearables, Inc.*, No.8:18-cv-02001-JVS-JDE, Dkt. 399-1 at 3:21-25 (Dec. 16, 2021) (defendants arguing Masimo's waiver was "procedurally improper because Defendants do not consent to it."). Apple would be correct only if it still had a right to trial by jury. ***If*** Apple had a Seventh Amendment right, and ***if*** Masimo had simply withdrawn Masimo's jury demand, then Rule 38(d) would apply. In that hypothetical, Apple would have to waive its Seventh Amendment right before the case could be tried to the bench.

However, Masimo did not simply withdraw its jury demand regarding claims on which Apple has a Seventh Amendment right. Masimo filed a legally operative document that eliminated any potential Seventh Amendment right by providing clear notice that Masimo seeks no remedies at law. As in *True Wearables*, that notice relieves this Court from awarding any remedy the Court deems legal in nature. The Court need not resolve, at this stage, whether any potential remedy is at law or in equity. The Court will determine the nature of the remedy after all the evidence has been presented at trial. Should the Court determine that any remedy being sought by Masimo is at law, the Court should not grant that relief because Masimo has provided clear notice it seeks no such relief. The Court would then limit its award to remedies it deems equitable in nature.

The Court also need not resolve the academic question of whether the parties had a Seventh Amendment right to trial by jury before Masimo filed its Notice. Masimo has expressly agreed to forego any remedies at law for the claims to be tried on

November 5.  *See* Dkt. 2076.  The absence of any remaining remedy at law means there is no longer any right to a jury trial on those claims.  Thus, the issue is now governed by Rule 39(c).  Under Rule 39(c), all parties would have to consent to a jury trial.  Thus, Apple's preference is irrelevant.

A.   **Apple Has No Right To Trial by Jury On The Claims Set For Trial On November 5, 2024**

As the master of its claims, Masimo controls which remedies it will seek at trial. *See generally Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25 (1913); *Teutcher v. Woodson*, 835 F.3d 936, 956 (9th Cir. 2016).  This includes whether to elect remedies at law or remedies in equity.  *See Lorang v. Alaska S.S. Co.*, 2 F.2d 300. 303-04 (W.D. Wash. 1924).  Masimo explicitly confirmed it is not seeking any remedies at law for the claims to be tried on November 5.  *See* Dkt. 2076.

Apple asserts that "[t]his trade secret case implicates various legal issues, and on those issues, parties have a Seventh Amendment right to a jury."  Apple Br. [Dkt. 2078] at 1:8-9.  Apple does ***not identify any such "legal issue"*** and offers no supporting record or legal citation.  *See id.*  Nor could it.  Any Seventh Amendment right the parties may have had ***before*** Masimo agreed to forego remedies at law is now irrelevant.

No right to trial by jury exists where the plaintiff seeks only equitable relief.  "Where legal claims are withdrawn, leaving only equitable claims, the Seventh Amendment no longer preserved the right to jury trial and the court may strike the jury demand."  Federal Trial Handbook: Civil § 16:1 (2023-2024 Edition) (citing *Whitson v. Knox Cnty. Bd. of Educ.*, 468 F. App'x 532, 537 (6th Cir. 2012) ("When subsequent events leave only equitable issues to be resolved, the right to a jury trial does not exist and is not preserved by the Seventh Amendment or Federal Rule of Civil Procedure 38.")); *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*, 611 F.2d 296, 307-08 (9th Cir. 1979) (district judge "plainly erred" in concluding there was a right to trial by jury where plaintiff originally asserted a claim for damages but "both parties sought only equitable relief" on the issues for trial).

-4-

The result is the same whether the plaintiff voluntarily withdraws its request for remedies at law or the court prevents the plaintiff from seeking remedies at law. *See, e.g.*, *Shubin v. United States District Court*, 313 F. 2d 250, 251-53 (9th Cir. 1963) (where stipulations established "no possibility that damages could be awarded" a claim that might otherwise be at law became "a purely equitable claim"); *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 1976 WL 20999, at *1 (N.D. Cal. Oct. 15, 1976) ("Since their claim for damages has been withdrawn, … plaintiff's demand for a jury trial is denied."); *Bayoh v. Afropunk LLC*, 2020 WL 8838281, at *1 (S.D.N.Y. Oct. 28, 2020) (summary judgment of no damages means plaintiff "no longer has a right to a jury trial"). Here, Masimo has now withdrawn any requests for legal remedies.

**B.    Apple's Seventh Amendment Right Was Eliminated, Not "Set Aside"**

Apple argues that Masimo's Notice provided "no explanation for why that Seventh Amendment requirement can be set aside … ." Apple Br. [Dkt. 2078] at 1:15-16. Apple does not explain what it means by "that" Seventh Amendment requirement or by "set aside." If Apple means the Notice itself did not explain why forgoing remedies at law eliminated Apple's right to trial by jury, this Court recently addressed the same issue under almost identical circumstances.

In *True Wearables*, this Court held that a trade secret plaintiff can unilaterally nullify any prior jury request simply by confirming it will seek only equitable remedies at trial. The Court explained:

> With respect to the argument that, under 38(d) of the Federal Rules of Civil Procedure, defendants have to give their consent before plaintiff can withdraw [its jury demand], that no longer is effective given the absence of any claims that would support a jury trial.

*True Wearables*, No. 8:18-cv-02001-JVS-JDE, Hr'ng Tr. at 16:6-10 (C.D. Cal. Dec. 20, 2021) (punctuation added) (courtesy copy attached as Ex. 2); *id.* at Dkt. 411 (corresponding minute entry, courtesy copy attached as Ex. 3); *see also Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *33 (C.D. Cal. Nov. 7, 2022) (plaintiffs' decision "to forego the right to damages and demand a bench trial over Defendants'

objection … was within Plaintiffs' prerogative"); *see also Hope Med. Enters. v. Fagron Compounding Servs.*, 2021 WL 2941546, at *1–2, n.1 (C.D. Cal. July 12, 2021) (quoting Fed. R. Civ. P. 39(a)(2)).

### C.    Apple's Case-Specific Arguments Lack Merit

Apple's two "case-specific" arguments lack merit as explained below.

#### 1.    Masimo May Unilaterally Choose A Bench Trial On Its Claims

Apple's first argument is that Masimo's Notice somehow "violates FRCP 38 and 39." Apple Br. [Dkt. 2078] at 1:19. Masimo's Notice was proper under both Rules.

##### a.    Rule 38 Does Not Apply

Numerous cases confirm that "Rule 38, as is made clear by its caption, is concerned with jury trials *of right*." *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) (emphasis added); *Thaler v. PRB Metal Prod., Inc.*, 810 F. Supp. 49, 50 (E.D.N.Y. 1993) ("Rule 38, by its very title, applies solely to cases in which the parties have a right to a jury trial under the Seventh Amendment.").

Masimo's Notice provided that Masimo is not seeking remedies at law, and seeks only equitable relief, for the claims set to be tried on November 5. Rule 38 could apply only if Apple established that it *currently* has a right to trial by jury on claims for which Masimo is not pursuing legal remedies. Apple makes no attempt to establish it has, or could have, a Seventh Amendment right on claims that seek only equitable relief. Thus, Rule 38 does not apply.

##### b.    Rule 39 Allows Masimo To Unilaterally Withdraw Its Jury Demand

Where, as here, no right to a jury trial exists, the issue is governed by Rule 39 and "a party may unilaterally withdraw its consent to a jury trial." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089–90 (11th Cir. 2016). Unlike Rule 38, "there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right." *Kramer*, 355 F.3d 961, 968. Numerous district courts have recognized that a plaintiff may unilaterally withdraw its jury demand, over defendant's

1  objection, where there is no right to trial by jury.  *See In re Christou*, 448 B.R. 859, 862

2  (N.D. Ga. 2011) ("Defendants lost their absolute right to a jury trial and as a result

3  Plaintiff is entitled to unilaterally withdraw his consent to a jury trial in any forum.");

4  *Thaler*, 810 F. Supp. 49, 50 (E.D.N.Y. 1993) ("because there is no right to a jury trial in

5  this case and defendants have, by the instant motion, withdrawn their consent to such a

6  trial, defendants' motion to strike the jury demand is granted").

7    Apple cites an irrelevant Ninth Circuit case where the parties had a right to trial

8  by jury on at least one claim because plaintiff sought remedies at law.  Apple Br. [Dkt.

9  2078] at 1:19-22 (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1530-31 (9th Cir.

10  1995)).  *Fuller* addressed the unremarkable proposition that, where one party makes a

11  "valid" jury demand, its adversary may rely on that demand as if it were its own.  *Id.*

12  But here, neither Masimo nor Apple has a remaining "valid" jury demand regarding the

13  claims set for trial on November 5 because Masimo relinquished all remedies at law for

14  those issues and seeks only equitable relief.  A party cannot validly demand a jury trial

15  on claims merely because a party previously asserted a claim for damages and demanded

16  a jury.  *Anti-Monopoly*, 611 F.2d at 307-08.

17    Apple does not dispute that Masimo's Notice eliminated any potential right to trial

18  by jury.  Nor could it.  "Courts have held that parties may abandon claims for damages

19  in order to convert the matter from a legal to an equitable claim and avoid a jury trial."

20  *Starbucks Corp. v. Lundberg*, 2005 WL 6036699, at *4 (D. Or. May 25, 2005) (citing

21  *Anti-Monopoly*, 611 F.2d at 308).  Thus, the subject matter of the currently scheduled

22  on November 5 trial carries no right to trial by jury.

23    Apple never addresses the fundamental reality that a plaintiff that "abandons its

24  claim for damages is treated under the Seventh Amendment historical test in exactly the

25  same way as a [party] who never brought a damages claim at all."  *MedImmune, Inc. v.*

26  *Genentech, Inc.*, 535 F. Supp. 2d 1020, 1028 (C.D. Cal. 2008).

27

28

c.    **The Prior Mistrial Is Irrelevant**

Apple also complains about the timing of Masimo's Notice.  Apple cites *Fuller* for the proposition that "a party cannot unilaterally withdraw a request for a jury 'once trial begins." Apple Br. [Dkt. 2078] at 1:22-23.  But Masimo is not withdrawing its jury demand after "trial begins."  Masimo withdrew its requests for remedies at law months before trial.

Apple's reliance on the mistrial is baseless because "a mistrial is equivalent to no trial; it is a nugatory proceeding." 58 Am. Jur. 2d New Trial § 6; 75B Am. Jur. 2d Trial § 1412 ("A mistrial results in nullification of a pending jury trial. A mistrial is a proceeding that has miscarried, and the consequence is not a trial."). Courts have rejected similar arguments that a mistrial somehow means a trial has already occurred. *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (motion to dismiss after mistrial was timely based on "long-established principle that '[t]he declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all'"); *Newton v. Superior Ct. of California, In & For Alameda Cnty.*, 803 F.2d 1051, 1056 (9th Cir. 1986) (order preceding mistrial was not final and appealable for res judicata to apply because "mistrial is tantamount to a holding that there was no trial"); *Dart v. McKinney*, 7 F. Cas. 1, 1 (C.C.S.D.N.Y. 1872) (case could be removed to federal court after mistrial because "the case now stands for trial, as if no former trial had occurred.").

Accordingly, trial has not begun.  Masimo notified this Court and Apple that Masimo withdrew its request for remedies at law promptly after this Court granted Apple's repeated demands to separate the trade secret and patent trials.  The bifurcated trial is still months away.  Thus, Apple cannot distinguish *True Wearables* by relying on the mistrial.  Apple Br. [Dkt. 2078] at 2 n.3.

Apple ignores that courts regularly strike jury demands far closer to trial because, under Rule 39, courts do not have discretion to impose a jury over any party's objection where no right to trial by jury exists.  For example, courts have "affirmed a district

court's striking a jury demand 'days before trial' without any consideration of prejudice because no right to a jury existed where only equitable relief was sought." *FN Herstal*, 838 F.3d at 1088 (citing *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 517 n.25 (11th Cir. 2006)); *CPI Plastics, Inc. v. USX Corp.*, 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995) (no prejudice from striking jury because, "[w]hile all parties have operated under the assumption that the trial would be before a jury up to this point, two weeks remain before the trial to allow the parties to adjust their presentation for a bench trial."), *aff'd*, 43 F.3d 678 (11th Cir.1994); *Kingsbury v. U.S. Greenfiber, LLC*, 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013) ("'a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.'" (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007)); *Hope Med.*, 2021 WL 2941546, at *1–2, n.1; Moore's Federal Practice § 39.13[2][c] (3d ed. 2013) ("Parties have a great deal of latitude on the timing of motions to strike a jury demand.").

Thus, Apple's complaints about the timing of Masimo's non-consent simply have no bearing on the Seventh Amendment. Indeed, after any party withdraws its request for a jury trial in a case where there is no right to a jury trial, "the court **cannot** allow a jury trial." *Zittrouer by Dunn v. Uarco Inc. Grp. Ben. Plan*, 582 F. Supp. 1471, 1478 n.9 (N.D. Ga. 1984) (emphasis added).

### 2. <u>There Is No Estoppel</u>

Apple's second argument fares no better. Apple argues that Masimo is estopped from abandoning its "request for a jury trial for this case" because of Masimo's earlier arguments regarding Apple's laches defense. Apple. Br. [2078] at 2:7-8. Apple again cites no case that estopped a plaintiff from withdrawing a jury demand, much less that estopped a plaintiff from eliminating a Seventh Amendment right by unequivocally withdrawing a request for remedies at law. Masimo is not aware of any such case and Ninth Circuit authority is to the contrary. The Ninth Circuit held that, after a jury verdict is vacated on appeal, a party may withdraw its consent to retrying the claims to a jury where no Seventh Amendment right remains. *Harbor Breeze Corp. v. Newport Landing*

1   *Sportfishing, Inc.*, 28 F.4th 35, 39-41 (9th Cir. 2022). The Ninth Circuit applied no

2   estoppel even though both parties accused each other of changing positions on appeal.

3   *See id.*

4        Because trying a case to a jury verdict does not estop a party from withdrawing

5   a jury request for the retrial, a mistrial certainly cannot. At least one district court

6   appears to have reached exactly that conclusion. In a case where the plaintiff made a

7   jury demand and a first trial resulted in a mistrial, the court allowed the plaintiff to

8   eliminate any right to trial by jury and conduct the retrial to the bench over the

9   defendant's Rule 39-based objection. *Est. of Allen v. Baltimore Cnty., Maryland*, No.

10   1:13-cv-03075-CCB, Dkts. 172-174, 187 (D. Md. 2016).

11                    a.    **Apple Mischaracterizes Masimo's Earlier Argument**

12        Apple asserts Masimo argued the Court "could not resolve either defense [statute

13   of limitations or laches] in Apple's favor as they were intertwined with ***Masimo's trade***

14   ***secret claim***[.]" Apple. Br. [2078] at 2:7-8 (emphasis added). Masimo actually argued

15   that ***Apple's laches defense*** was factually intertwined with ***Apple's statute of***

16   ***limitations defense***. *See* Dkt. 1828 at 6, 7. Indeed, Apple argued that prevailing on its

17   statute of limitations defense was a predicate to reaching its laches defense. Apple

18   conceded that "laches is inapplicable" to ***timely*** claims for trade secret misappropriation

19   and asked the Court to apply laches only "as an equitable bar to ***untimely***

20   misappropriation claims." Dkt. 1900 (2023-08-04 Order) at 4. The Court determined

21   it could not address the laches defense "until a jury returned factual findings on the

22   intertwined statute of limitations defense." *Id.* at 4-5.

23        At the time, Masimo had not withdrawn its claim for legal remedies. Whether an

24   affirmative defense must be tried to the jury "is determined by the nature of the claim,

25   not the nature of the defense." Ex. 2 (*True Wearables*, Hr'ng Tr.) at 17:8-10.

26   Accordingly, both parties understood that Apple's statute of limitations defense was for

27   the jury to decide.

28

That changed after Masimo filed its Notice. Eliminating any right to trial by jury on Masimo's misappropriation claim also removed Apple's statute of limitations defense from the jury. This is because "no jury trial right arises from an affirmative defense." *Trans Bay Cable LLC v. M/V Ocean Life*, 2015 WL 7075618, at *3 (N.D. Cal. Nov. 13, 2015); *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1102 (N.D. Cal. 2007) ("an affirmative defense does not entitle a party to a jury trial."). Whether a defense that is otherwise "'legal' in nature" is tried to the court or to a jury depends on whether there is a right to trial by jury on the underlying claim for relief. *See id.*

### b.    Estoppel Cannot Apply Because Masimo's Arguments Are Consistent

Estoppel requires, among other elements, that a party takes "inconsistent" or "contrary" positions. *See* Apple Br. [Dkt. 2078] at 2:20-21 (citing *New Hampshire v. Maine*, 532 US 742, 749-51 (2001)). Masimo's Notice withdrew any legal remedies and agreed to seek only remedies in equity for the bifurcated trade secret misappropriation claims to be tried on November 5. Masimo's decision eliminated any Seventh Amendment rights the parties may otherwise have had on Masimo's claims and thus on Apple's affirmative defenses to those claims. The change in circumstances does not make Masimo's earlier arguments inconsistent with its current arguments. Rather, Masimo's relinquishing of legal remedies changed the circumstances and eliminated any question about a right to a jury trial.

## IV.    CONCLUSION

For the reasons set forth above, the parties have no right to trial by jury and the Court should set the November 5, 2024, trial as a bench trial.

/ / /

/ / /

/ / /

/ / /

-11-

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 26, 2024

By: */s/ Joseph R. Re*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Benjamin A. Katzenellenbogen
Brian C. Horne
Brian C. Claassen
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

-12-

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 3,942 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  August 26, 2024                    By: */s/ Joseph R. Re*
                                               Joseph R. Re
                                               Stephen C. Jensen
                                               Sheila N. Swaroop
                                               Benjamin A. Katzenellenbogen
                                               Brian C. Horne
                                               Brian C. Claassen
                                               Mark D. Kachner
                                               Adam B. Powell
                                               Kendall M. Loebbaka

                                               Attorneys for Plaintiffs
                                               MASIMO CORPORATION and
                                               CERCACOR LABORATORIES, INC.