# EXHIBIT A

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REPLY IN RESPONSE TO PLAINTIFFS' RESPONSIVE BRIEF IN SUPPORT OF THEIR "NOTICE OF CONSENT TO NOVEMBER 5, 2024 BENCH TRIAL" (DKT. 2076)**<br><br>Pre-Trial Conference: Oct. 28, 2024<br>Trial: Nov. 5, 2024 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Plaintiffs do not identify a single instance where a bench trial has been ordered *after* a three-week jury trial has been held on identical claims. Nor do they point to any case where a party (1) first successfully staves off a post-trial FRCP 52 motion on the grounds that the Seventh Amendment *requires* a particular issue to be tried to a jury and (2) later successfully demands a bench trial on that same issue. In other words, this case is far from the scenario in *True Wearables*. Here, Plaintiffs are both seeking to "switch [their] bet as the horses reach the home stretch," *Fuller*, 47 F.3d at 1532, and in the process "playing fast and loose with the courts" as to what the Seventh Amendment requires, *New Hampshire*, 532 U.S. at 750-751. No authority permits this result.

**1. FRCP 38/39 And *Fuller*.** Plaintiffs are wrong that FRCP 38(d)'s language barring unilateral withdrawal of a proper jury demand is inapplicable if, at some later time, a party purportedly no longer has a Seventh Amendment right to a jury trial. The Ninth Circuit does not appear to have decided the issue and Plaintiffs' only Circuit-level authority relies on FRCP 38's "caption" (i.e., title) and disregards its plain text. *See Kramer v. Banc of Am. Sec. LLC*, 355 F.3d 961, 968 (7th Cir. 2004); *accord FN Herstal v. Clyde Armory*, 838 F.3d 1071, 1089 (11th Cir. 2016) (adopting *Kramer*'s reasoning). In statutory interpretation, "[a] title does not supplant the actual text of the provision." *Dubin v. U.S.*, 599 U.S. 110, 124 (2023). Here, the text of the rule is unequivocal and unambiguous: "[a] proper demand may be withdrawn only if the parties consent." FRCP 38(d). There was a proper demand—and indeed, an actual jury trial pursuant to that demand—and therefore the "demand may be withdrawn only if [Apple] consent[s]."

Moreover, the Ninth Circuit *has* directly addressed how FRCP 38 and 39 function "once trial begins" and "reliance interests come into play." *Fuller*, 47 F.3d at 1532. At that point, both policy and constitutional considerations bar a party from strategically waiving their jury rights in order to "have two bites at the procedural apple." *Id.* at 1531-1532. Plaintiffs' primary attempt to distinguish *Fuller* (at 7)—i.e., that the government in *Fuller* had a "valid" jury demand before attempting to waive its Seventh Amendment rights post-trial—makes no sense. Plaintiffs, too, had a "valid" jury demand—and tried

their case to a jury—before waiving legal remedies in an attempt to waive their jury rights sixteen months after the original jury trial. At no point during the weeks-long trial or post-trial briefing did they suggest otherwise. Plaintiffs also assert (at 8) that this Court should simply ignore the prior trial for purposes of *Fuller* because that trial ended in a 6-1 juror deadlock. But a mistrial still has consequences. For example, a court can rely on the record presented to an ultimately-deadlocked jury in granting a Rule 50(b) motion. *See, e.g.*, *Elliot v. Versa*, 2019 WL 414499, at *6 (S.D. Cal. Feb. 1, 2019); Dkt. 1901 at 11-12 (granting JMOL on purported VIA secret). By the same token, the prior trial remains relevant here as it gave Plaintiffs an unfair "chance to see how [their] case [went]" before they made the decision to seek a bench proceeding. *Fuller*, 47 F.3d at 1532.[1] The rules prohibit such gamesmanship.

**2. Judicial Estoppel.** Plaintiffs' arguments (at 9-11) regarding judicial estoppel misstate Apple's argument. ***First***, Apple is not relying on any positions taken by Plaintiffs ***prior*** to when it became clear a retrial was required (i.e., the scenario in *Harbor Breeze* and *Estate of Allen*). It was not until three months ***after*** the mistrial (in July 2023) that Plaintiffs took the position that the Seventh Amendment barred this Court from resolving several of Apple's equitable defenses on the existing record before a retrial could be held in front of a jury. Dkt. 1828 at 5.

***Second***, Plaintiffs (at 10) misrepresent their own prior position on why a jury trial was necessary, as the only reasonable reading of their FRCP 52 brief is that Plaintiffs were asserting a jury trial right under CUTSA. Plaintiffs state (at 11) that "no jury trial right arises from an affirmative defense" alone. By that logic, Apple's statute-of-limitations defense itself could not be enough to invoke the Seventh Amendment— Plaintiffs' prior position must have rested on the assertion that CUTSA itself is a legal

---

[1] Contrary to Plaintiffs' assertions (at 8-9), courts retain discretion to keep a jury trial on the calendar even if no Seventh Amendment rights are at issue. *E.g.*, *Martin v. Bimbo Foods Bakeries Distribution, Inc.*, 2016 WL 6459609, at *1-2 (E.D.N.C. Oct. 31, 2016) (too late for party to withdraw jury demand once mistral occurred). At minimum, Apple submits this Court should follow *Martin* and refuse to treat Plaintiffs' waiver of legal remedies as transforming the retrial from a jury trial to a bench proceeding.

Wilmer Cutler Pickering Hale and Dorr LLP

claim. And indeed, that is precisely what Plaintiffs said. *See* Dkt. 1828 at 1 (arguing Plaintiffs stated a "legal claim of trade secret misappropriation"); *id.* at 4 ("Masimo's CUTSA claim is a legal claim the parties submitted to the jury."); *id.* at 2, 4 (referring to Plaintiffs' "legal claim that is subject to a statute of limitations"). Even if Plaintiffs had taken the position that the statute-of-limitations defense alone was subject to the Seventh Amendment right, Apple **continues to press that defense** and Plaintiffs should still be estopped from arguing that it can be resolved via bench trial.

***Third***, Plaintiffs erroneously contend (at 11) that there is no inconsistency between their FRCP 52 position and their current request for a bench trial. Not so. Plaintiffs' prior (successful) argument was that FRCP 52 relief was improper because the Seventh Amendment required the facts underlying the parties' dispute to be resolved by a jury on retrial. Plaintiffs now contend that there are no facts at all that need to be tried to a jury and that the issues can be decided by this Court—without even beginning to explicate what bench proceedings would entail if the jury trial were taken off calendar. The current situation is not a mere "change in circumstances" caused by outside events; it is a transparent attempt to change the structure of the case on the eve of the retrial.

**3. The Scope of Plaintiffs' "Notice."** Although Plaintiffs (at 2) refer to their "Notice" as "waiving legal remedies" and state that Plaintiffs will not seek a remedy at law at the November 5, 2024 trial, Dkt. 2076, Plaintiffs make no commitment to forego appealing earlier rulings that implicate jury issues—e.g., the Court's prior rulings on lost profits. It would be improper for Plaintiffs to avoid a jury trial now and then pursue issues (on appeal or otherwise) that could require a jury trial later. Thus, Plaintiffs not only fail to show a proper basis for transforming the retrial of a jury trial into a bench proceeding, they fail to explain the procedural implications of that transformation. This risks yet further complications and prejudice to Apple later.

In sum, Plaintiffs pursued and received a jury trial, and cannot now avoid a retrial to a jury without Apple's consent. Apple does not consent. Apple respectfully requests that the case proceed as scheduled to the jury trial in November.

Dated: August 27, 2024

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
 Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*