UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | August 27, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **[IN CHAMBERS] Order Regarding Trial Process**


Plaintiffs Masimo Corp. and Cercacor Labs., Inc. ("Masimo") filed this action against Defendant Apple Inc. ("Apple") alleging patent and trade secret infringement, among other claims. See generally Compl., Dkt. No. 1; First Am. Compl., Dkt. No. 28; Second Am. Compl., Dkt. Nos. 88-2, 89-1 (sealed); Third An. Compl., Dkt. Nos. 230-2, 231-1 (sealed); Fourth Am. Compl., Dkt. Nos. 295-2, 296-1 (sealed). The trade secret portion of the case was tried in spring of 2023 but the jury did not reach a verdict. The Court set a retrial for November 5, 2024.

On August 22, 2024, Masimo filed a document titled, "Notice of Masimo's Consent to November 5, 2024 Bench Trial," Dkt. No. 2076. In its notice, Masimo indicated it does not consent to a jury trial for the claims set for November 5th and that it "seek[s] no remedy at law, such as a monetary award based on actual damages suffered." Id. Masimo indicated it "seek[s] only equitable remedies, such as injunctive relief, disgorgement, unjust enrichment, and any other equitable relief as the Court may deem just." Id. At a recent status conference regarding selection of a special master, Apple indicated it did not agree that a bench trial was appropriate. Apple then filed a response to Masimo's notice. Dkt. No. 2078. Masimo filed an additional response. Dkt. No. 2083. The Court has reviewed all of these filings.

In sum, Apple argues that Masimo may not unilaterally withdraw a jury demand for claims that previously proceeded to a jury trial and for which Masimo initially demanded a jury. See Dkt. No. 2078. To the extent there is a federal right to a jury trial here, Apple is correct:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-00048-JVS-JDE | Date | August 27, 2024 |
|---|---|---|---|

| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. |
|---|---|

The rules provide that a jury demand can be withdrawn "only if the parties consent." Fed. R. Civ. P. 38(d). It does not matter whether the party that filed for waiver was the same party that demanded a jury in the first place; other parties "are entitled to rely" on the original jury demand, "and need not file their own demands." Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir. 1995). Moreover, the Federal Rules provide a specific procedure for withdrawal of a jury demand: As long as there is a federal right to a jury trial, "trial on all issues so demanded must be by jury unless ... the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a).

U.S. Sec. & Exch. Comm'n v. Jensen, 835 F.3d 1100, 1107 (9th Cir. 2016).

Masimo argues the situation is different because Masimo has withdrawn any claims for legal remedies. See Dkt. No. 2083. Masimo argues there is no federal right to a jury trial because Masimo seeks only equitable claims. Id. Masimo is correct that "[w]here legal claims are withdrawn, leaving only equitable claims, the Seventh Amendment no longer preserve[s] the right to jury trial and the Court may strike the jury demand." Id. at 4 (citing Federal Trial Handbook: Civil § 16:1 (2023-2024 Edition)).

Here, Masimo's attempted waiver and bench trial proposal does not provide sufficient detail to resolve the issue. First, there is a question as to whether certain relief Masimo seeks is legal or equitable in nature. Masimo's August 22nd notice does not specify which claims or remedies Masimo intends to withdraw. See Dkt. No. 2076. Rather, Masimo appears to indicate that, to the extent the Court finds certain relief legal in nature, Masimo opts out of receiving that relief. Masimo's response confirms this approach. Id. at 3 ("The Court need not resolve, at this stage, whether any potential remedy is at law or in equity. The Court will determine the nature of the remedy after all the evidence has been presented at trial."). Because Masimo has not actually specified the relief it intends to withdraw and pursue, Apple cannot confirm or dispute that the remaining claims or requests for relief are purely equitable in nature.

Second, Masimo's proposal is potentially wasteful. As discussed above, Masimo would have the Court conduct the entire bench trial on all issues, subsequently untangle legal from equitable issues, and then, to the extent Masimo prevails, award only equitable relief to Masimo. The untangling step must come first to avoid waste in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-00048-JVS-JDE | Date | August 27, 2024 |
|---|---|---|---|

| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. |
|---|---|

presenting unnecessary evidence and to ensure that a bench trial is appropriate because all claims are truly equitable in nature.

To the extent Masimo still seeks a bench trial in this action, Masimo shall identify all the claims it intends to pursue and shall formally withdraw all claims it no longer intends to pursue. Masimo shall complete this process within five days of this Order. Thereafter, the parties shall meet and confer as to whether the remaining claims are equitable in nature. If the parties agree the remaining claims are equitable, they may file a stipulation for a bench trial. If the parties dispute whether any claims are equitable in nature, they shall file a joint report explaining the disputes. The stipulation or joint report is due within ten days of this Order.

**IT IS SO ORDERED.**