Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Benjamin A. Katzenellenbogen (Bar No. 208527)
ben.katzenellenbogen@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404; Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S NOTICE OF ISSUES TO BE TRIED AT NOVEMBER 5 TRIAL**<br><br>Hon. James V. Selna |

Pursuant to the Court's Order, Dkt. 2089, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") hereby file this Notice Identifying All Claims and Remedies Masimo Intends To Pursue At The November 5 Trial.

## I. CLAIMS TO BE TRIED

In view of the Court's Order Granting Motion to Bifurcate (Dkt. 2064), Masimo selects the following claims set forth in the Pre-Trial Conference Order (Dkt. 1483 at 3) for trial on November 5:

Claim 13: Apple's Violation of the California Uniform Trade Secrets Act;

Claim 14: Correction of Inventorship of U.S. Patent No. 10,078,052;

Claim 15: Correction of Inventorship of U.S. Patent No. 10,247,670;

Claim 16: Correction of Inventorship of U.S. Patent No. 9,952,095;

Claim 17: Correction of Inventorship of U.S. Patent No. 10,219,754;

Claim 20: Declaratory Judgment of Ownership of U.S. Patent No. 10,078,052;

Claim 21: Declaratory Judgment of Ownership of U.S. Patent No. 10,247,670;

Claim 22: Declaratory Judgment of Ownership of U.S. Patent No. 9,952,095;

Claim 23: Declaratory Judgment of Ownership of U.S. Patent No. 10,219,754;

Claim 26: Declaratory Judgment of Ownership of U.S. Patent No. 11,009,390; and

Claim 28: Correction of Inventorship of U.S. Patent No. 11,009,390.

## II. REMEDIES SOUGHT

For the claims identified above, Masimo seeks the following remedies:

1) A permanent injunction against Apple further misappropriating Masimo's trade secrets;

2) A judgment against Apple disgorging the amount by which Apple was unjustly enriched by misappropriating Masimo's trade secrets, including any pre- or post-judgment interest;

3) An order directing the U.S. Patent and Trademark Office to correct the inventorship of the '052, '670, '095, '754, and '390 patents;

     4) An order imposing a constructive trust requiring Apple to maintain the '052, '670, '095, '754, and '390 patents and to continue the prosecution of any pending applications derived from the patent applications that led to those patents;

     5) An order declaring Masimo a joint owner of the '052, '670, '095, '754, and '390 patents, and all applications, patents, continuations, divisionals, and reissues that claim priority to those patents and that patent application, including foreign counterparts; and

     6) An award for Apple's willful and malicious misappropriation of trade secrets under CUTSA including any exemplary award, attorneys' fees, and costs.

## III. WITHDRAWAL OF REASONABLE ROYALTY REMEDY UNDER CUTSA

Although the weight of authority holds that the reasonable royalty remedy under California Uniform Trade Secrets Act ("CUTSA") is a remedy in equity,[1] Masimo is aware of one case suggesting that such remedy is at law and thus would give rise to a right to trial by jury. *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 989-90 (N.D. Cal. 2022). To remove any need for the Court to resolve this issue, Masimo withdraws its request for a reasonable royalty remedy under CUTSA.

## IV. REMAINING CLAIMS AND REMEDIES FOR NOVEMBER 5 TRIAL ARE IN EQUITY

The only remaining claims (*i.e.*, misappropriation, patent ownership, and inventorship) and remedies (*i.e.*, injunction, disgorgement, correction of inventorship, constructive trust, and declaratory relief) to be tried on November 5, 2024, do not give rise to any right to trial by jury because all claims and remedies are equitable in nature.

---

[1] *Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*, 545 F. App'x 600, 601 (9th Cir. 2013); *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of California, Inc.*, 2015 WL 3825318, at *11 (C.D. Cal. June 18, 2015); *FAS Techs., Ltd. v. Dainippon Screene Mfg., Co.*, 2001 WL 1159776, at *3 (N.D. Cal. Sept. 21, 2001); *Ajaxo Inc. v. E*Trade Financial Corp.*, 187 Cal. App. 4th, 1295, 1299-1300, 1308 (2010).

## V. <u>RESERVATION OF RIGHTS</u>

Masimo maintains its right to trial by jury on its patent infringement claims and remedies, which are currently bifurcated for a separate trial.

Respectfully submitted,

K<small>NOBBE</small>, M<small>ARTENS</small>, O<small>LSON</small> & B<small>EAR</small>, LLP

Dated: August 30, 2024

By: */s/ Joseph R. Re*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Benjamin A. Katzenellenbogen
Brian C. Horne
Brian C. Claassen
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka

Attorneys for Plaintiffs
M<small>ASIMO</small> C<small>ORPORATION</small> and
C<small>ERCACOR</small> L<small>ABORATORIES</small>, I<small>NC</small>.