Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

[Counsel for Apple appears on next page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation <br><br> Defendant. | Case No. 8:20-cv-00048-JVS-JDE <br><br> **JOINT REPORT REGARDING DISPUTES OVER NATURE OF MASIMO'S CLAIMS FOR THE NOVEMBER 5 TRIAL** <br><br> Hon. James V. Selna |

MARK D. SELWYN, SBN 244180
mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

JOSEPH J. MUELLER, *pro hac vice*
joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Attorneys for Defendant Apple Inc.

# I.  **Introduction**

Masimo and Apple hereby submit this Joint Filing concerning Masimo's Notice of Issues to be Tried at November 5 Trial, Dkt. 2098 ("Notice").  A copy of the notice is attached as Exhibit A.  During the meet and confer, Masimo agreed not to seek an exemplary monetary award for Apple's alleged willful and malicious misappropriation under Cal. Civ. Code § 3426.3(c).  The parties' respective positions on a bench trial are below.

# II.  **Apple's Position**

While Plaintiffs have agreed that they will not seek punitive damages or a reasonable royalty for alleged trade secret misappropriation, *see* Dkt. 2098 at 2; Ex. B,[1] several grounds of disagreement remain and "the strong federal policy protecting the constitutional right to a trial by jury" weighs against granting Plaintiffs' eleventh-hour bench trial request, *Sonner v. Premier Nutrition*, 971 F.3d 834, 842 (9th Cir. 2020); *see also In re Technology Licensing Corp.*, 423 F.3d 1286, 1288 (Fed. Cir. 2005) (noting federal courts' "'responsibility … to protect the constitutional right to trial by jury'").

**1.  Unilateral waiver barred by FRCP 38(d)/*Fuller*.**  The unambiguous text of FRCP 38(d) bars Plaintiffs from withdrawing their jury trial request under the present circumstances without Apple's consent.  Dkt. 2078 at 1-2; Dkt. 2091 at 1-2.  *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir 1995), holds that constitutional and policy concerns preclude Plaintiffs from changing their position on whether a jury trial is appropriate once trial has already been held.  Dkt. 2078 at 1-2; Dkt. 2091 at 1-2.  Plaintiffs previously distinguished *Fuller* on the grounds this case involves a mistrial, but that is a distinction without difference—both here and in *Fuller*, the party seeking a bench trial had an unfair "chance to see how its case goes" before making their request.  47 F.3d at 1532.  Plaintiffs are incorrect that this Court's August 27 Order already

---

[1] Punitive damages are a legal remedy.  *E.g.*, *Palantir Technologies, Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 993 (C.D. Cal. 2022); *Tull v. U.S.*, 481 U.S. 412, 422 (1987).

decided this issue. The order merely confirms Plaintiffs cannot withdraw their demand while there is a federal jury right, Dkt. 2089 at 1; it did not address the separate issue of whether a party can withdraw under ***any*** circumstances after a jury trial has occurred.

**2. Plaintiffs are judicially estopped**. During the FRCP 52 briefing after the April 2023 mistrial, Plaintiffs took the position in a reply brief that they had a Seventh Amendment right to have a jury decide facts related to their claim for trade secret misappropriation. Dkt. 1828 at 1-6. This Court adopted Plaintiffs' position and denied Apple's Rule 52 motion for judgment on its equitable defenses of laches and waiver. Dkt. 1900 at 4-5. Had the Court ruled in Apple's favor on either laches or waiver, the trade secret case would have ended over a year ago. Dkt. 1766 at 13.[2] Having thus secured a benefit by arguing that a jury is required, judicial estoppel precludes Plaintiffs from now arguing the opposite. *See New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001); *see also* Dkt. 2078 at 2 (Apple opening brief); Dkt. 2091 at 2-3 (Apple reply brief). Plaintiffs' Rule 52 reply can be read in one of two ways— either as arguing that a CUTSA claim is inherently legal or that there is a jury trial right on Apple's statue-of-limitations defense. Dkt. 2091 at 2-3. Under either interpretation of their reply brief, Plaintiffs are now estopped from arguing there is no legal issue left in this case, unless they drop their trade secret claim entirely.

During the meet-and-confer process, Apple asked Plaintiffs to clarify their July 2023 brief—specifically, to identify what aspect of the trade secret case they had argued conferred a jury trial right. Plaintiffs would not provide a clear answer. However, they asserted, for the first time, that a jury trial was required because they were then seeking a reasonable royalty. Ex. B. This post hoc rationalization makes no sense (and, indeed,

---

[2] This answers Plaintiffs' new arguments that this Court did not actually adopt their Seventh Amendment position and that Plaintiffs did not receive a benefit from their prior position. More broadly, Plaintiffs' suggestion that the "parties agreed" on the Seventh Amendment issue is fallacious; Plaintiffs raised the argument for the first time in reply, when Apple had no chance to respond.

Plaintiffs' submission now avoids using the term "reasonable royalty" while clearly referencing it).  Plaintiffs' Rule 52 reply brief makes no mention of the reasonable royalty remedy. *See generally* Dkt. 1828.  Moreover, Plaintiffs' August 30 Notice takes the position that a reasonable royalty is best thought of as a "remedy in equity," Dkt. 2098 at 2 (asserting only one case had taken a contrary position), a position incompatible with Plaintiffs' latest interpretation of their Rule 52 reply brief.  Finally, at the time of Plaintiffs' July 2023 brief, the parties had agreed to have the royalty issue decided by the Court, *not* a jury.  Dkt. 1483 at 15.  Plaintiffs' reasonable royalty argument therefore fails to reconcile their present request for a bench trial with the position they persuaded this Court to adopt in July 2023—i.e., that CUTSA "Plaintiffs[ have a] right to a jury trial on [their] misappropriation claim and the related statute of limitations defense."  Dkt. 1900 at 5.

Contrary to Plaintiffs' assertions, Apple is not arguing that judicial estoppel standing alone creates a ***right*** to a jury trial; it merely requires Plaintiffs be held to their prior position that the "Seventh Amendment ***preclude[d]***" this Court from resolving Apple's waiver/laches arguments before a new jury trial could be held.  Dkt. 1828 at 1.  Put simply, if Plaintiffs "are now allowed to claim [no jury trial right attaches to a CUTSA claim]," either this Court was misled in July 2023 or it is being misled now. *Baughman v. Walt Disney World*, 685 F.3d 1131, 1134 (9th Cir. 2012).[3]

**3. Lost Profits**.  During the September 5 meet-and-confer, Plaintiffs stated they were unwilling to forego challenging on appeal this Court's rulings precluding their lost profits arguments.  Apple submits that because Plaintiffs apparently reserve the right to later leverage the result of the bench trial to obtain lost profits (an undisputedly legal remedy), the Seventh Amendment requires (and at a minimum, prudence dictates)

---

[3] Plaintiffs also reiterate their flawed argument that estoppel does not apply because "circumstances changed" since July 2023.  Plaintiffs' suggestion that outside events caused their change in position is meritless—they simply made a (very recent) tactical decision that they are better off without a jury.  *See* Dkt. 2091 at 3.

holding a jury trial on liability now. *Cf. Lytle v. Household Mfg.*, 494 U.S. 545, 551-554 (1990) ("[O]nly under the most imperative circumstance … can the right to a jury trial of legal issues be lost through prior determination of equitable claims.").[4] Plaintiffs' reliance on *Anti-Monopoly* is unavailing; that case addressed the Seventh Amendment's requirements when legal claims were raised in a **separate** "related antitrust action." 611 F.2d 296, 307-308 (9th Cir. 1979). *Lytle* distinguishes that scenario ("a second, separate action") from one where a court dismisses legal claims from a single action and that ruling is overturned on appeal. 494 U.S. at 550-551. Plaintiffs' submission also mischaracterizes Apple's position during the meet-and-confer, which is properly reflected above. *See also, e.g.*, Ex. B (Sept. 3, 2024 email at 8:41pm). Plaintiffs cannot have it both ways—they cannot preserve a right to seek a legal remedy on appeal while asserting here that no legal issues remain.

**4. At minimum, this Court should exercise discretion to seat a jury.** This Court retains the authority to hold a jury trial in this case even if not required by the Seventh Amendment—and, indeed, at least one court has exercised that discretion by denying a request to withdraw a "jury demand" once a mistrial occurred. *See, e.g.*, *Martin v. Bimbo Foods Bakeries Distribution, Inc.*, 2016 WL 6459609, at \*1-2 (E.D.N.C. Oct. 31, 2016). (Plaintiffs' suggestion that *Martin* might have involved an advisory jury is unsupported; *Martin* expressly references FRCP 38(b)—not 39(c)).

As the Ninth Circuit has observed, under FRCP 39(a)(2), a "court **may** order a bench trial if it 'finds that on some or all … issues there is no federal right to a jury trial.'" *See Ross Dress For Less v. Makarios-Oregon, LLC*, 39 F.4th 1113, 1120-1121 (9th Cir. 2022) (quoting FRCP 39(a)(2)) (emphasis added). Courts across the country have exercised that discretion (or not) by considering factors such as "prejudice to the opposing party and [the moving party's] delay." *Martin*, 2016 WL 6459609 at \*1

---

[4] Although Apple cited *Lytle* during the parties' meet-and-confer, the draft of Plaintiffs' submission shared with Apple ignores it.

-4-

1  (collecting cases); *see also Acciard v. Whitney*, 2011 WL 4902972, at *3 (M.D. Fla.

2  Oct. 13, 2011) (noting that "the court has discretion to decide whether a motion to strike

3  a jury demand is timely or too late" and collecting cases).    Even Plaintiffs' own

4  previously cited case law (which reads FRCP 38(d) incorrectly) indicates that a district

5  court has the authority to consider whether a request to strike a jury demand was made

6  "too late in the litigation process" and whether a bench trial would "prejudice[]" the

7  nonmoving party.    *See Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 968

8  (7th Cir. 2004), *cited in* Dkt. 2083 at 6.[5]

9          Here, both Plaintiffs' delay and the potential prejudice to Apple from a bench

10  trial weigh in favor of maintaining the status quo.    As to the delay, Plaintiffs waited

11  over four-and-a-half years after filing this litigation—and sixteen months after a weeks-

12  long jury trial was held—before seeking a bench trial.    To date, they have provided no

13  reasonable explanation for this delay or why they waited until less than three months

14  before the long-scheduled November 2024 trial to file their bench trial request.[6]    The

15  only explanation apparent from the record is that Plaintiffs believe they cannot prevail

16  in front of a jury (as evidenced by a jury note indicating that six of the seven jurors in

17  the prior trial sided against them, *see* Dkt. 1716) and so are doing whatever they can to

18  alter that calculus.    Under comparable circumstances—i.e., where the moving party

19  waited until after a mistrial and "nearly three years of litigation" before seeking a bench

20  trial—the *Martin* court exercised its discretion to leave the planned jury trial in place.

21

22  ─────────────────────

23  [5] In the version of Plaintiffs' submission shared with Apple, Plaintiffs' only authority
for the proposition that this Court lacks discretion to order a jury trial is *Wilson*, a 52-
year-old out-of-circuit decision that discusses use of an advisory jury under FRCP

24  39(c)(2). 463 F.2d at 116. *Wilson* says nothing about FRCP 39(a) or judicial discretion.

25  [6] Plaintiffs have alluded to this Court's August 1, 2024 ruling bifurcating the patent

26  infringement claims from the claims at issue here, but that does not explain why
Plaintiffs failed to seek a bench trial at any point leading up to the April 2023 trial *on*

27  *the same claims* or in the nearly a year between that trial and when the patent

28  infringement claims were unstayed.

2016 WL 6459609, at *2.

By the same token, Plaintiffs' attempt to switch to a bench trial because it appears that a jury would be favorable to Apple is inherently prejudicial to Apple. Indeed, Plaintiffs apparently believe it is so much in their tactical interest to avoid a jury trial on their trade secret misappropriation and patent ownership/inventorship claims that they are willing to waive the right to seek a reasonable royalty and punitive damages— relief that according to Plaintiffs' past assertions is worth billions of dollars.

### III. **MASIMO'S POSITION**

Apple has not identified any issue remaining for November 5 on which the parties have a right to trial by jury. Masimo dropped anything that Apple argued was at law (i.e., exemplary damages). Thus, no Constitutional right to trial by jury is at issue.

### 1. **Rule 38(d) Applies Only If There Is A Right To Trial By Jury**

Apple repeats the argument made at Dkt. 2078. Because there is no right to trial by jury here, Rule 38(d) and *Fuller* are inapplicable as Masimo previously explained. Dkt. 2083 at 6 (citing *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) ("Rule 38, as is made clear by its caption, is concerned with jury trials of right.")); *see FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016) ("Rule 38 provides for a jury trial only where the right is 'declared by the Seventh Amendment to the Constitution' or 'provided by a federal statute.'"). The Court agreed, holding "[w]here legal claims are withdrawn, leaving only equitable claims, the Seventh Amendment no longer preserve[s] the right to jury trial and the Court may strike the jury demand." Dkt. 2089 at 2.

### 2. **Judicial Estoppel Cannot Create Any Right To Trial By Jury**

Apple argues that Masimo is judicially estopped from withdrawing its consent to a jury trial based on arguments Masimo made in its July 2023 Rule 52 briefing. Apple identifies no support for its assertion that judicial estoppel can create a ***right*** to trial by jury. A jury may issue a binding verdict only if the issue is triable as a matter of right under the Seventh Amendment or the parties consent under Fed. R. Civ. P. 39(c)(2).

Neither condition is met here.  Apple does not cite any case—and Masimo is aware of no case—requiring a jury to issue a binding verdict because of judicial estoppel.

Regardless, Apple fails to establish judicial estoppel.  Judicial estoppel is imposed based on several factors, including whether: (1) the party's later position is "clearly inconsistent with its earlier position," (2) the party succeed in persuading a court to accept its earlier position, creating a perception that the first or second court was misled, and (3) the party seeking to assert an inconsistent position will "derive an unfair advantage or impose an unfair detriment on the opposing party."  *New Hampshire v. Maine*, 522 U.S. 742, 750 (2001).  Apple fails to establish any of these factors.

***First***, Masimo's current position is consistent with its Rule 52 briefing.  Contrary to Apple's arguments, Masimo's Rule 52 brief never argued that either (1) "a CUTSA claim is inherently legal" regardless of remedy, or (2) "there is a right to trial by jury on the statute of limitations defense."  Rather, the parties had agreed the jury would decide Masimo's trade secret claim and Apple's statute of limitations defense.  It did not matter whether a party had a right to trial by jury or the parties had consented to trial by jury under Rule 39(c)(2).[7]  Either way, the jury would be tasked with deciding the trade secret claim and, therefore, the statute of limitations defense.  The issue was whether laches (or waiver) could be decided by the Court before the jury decided statute of limitations.  Because those issues were intertwined, Masimo argued the jury would have to decide statute of limitations before the Court could decide laches/waiver.  *See* Dkt. 1828 (citing *Beacon Theatres v. Westover*, 359 U.S. 500, 510-11 (1959)).

The circumstances have now changed.  Masimo withdrew any remedies that are arguably at law, including remedies that Masimo maintains are in equity, but Apple contended are at law.  Thus, no Seventh Amendment right exists now.  And Masimo

---

[7] Recently, the parties each disclosed reasons why there might have been a right to trial by jury in 2023.  For example, Apple insisted that Masimo's exemplary damages claim was at law and demanded its withdrawal.  Masimo withdrew that claim and its reasonable royalty claim to eliminate any potential right to trial by jury.

does not consent under Fed. R. Civ. P. 39(c)(2) to the jury deciding any issue at the trial on November 5. Apple does not argue otherwise and does not contend that a CUTSA claim seeking only equitable remedies, or a statute of limitations defense, carries an independent right to trial by jury.

**Second**, Masimo did not attempt, much less succeed, in persuading the Court that CUTSA claims seeking only equitable remedies, or a statute of limitations defense, provide a right to a jury trial. Apple argues that Masimo misled the Court to hold: "Plaintiffs[ **have a**] right to a jury trial on [their] misappropriation claim and the related statute of limitations defense." Apple uses editorial brackets to change the Court's holding. The Court actually held:

> [T]he Court finds that it must defer ruling on Apple's equitable defenses until a jury returns factual findings on the intertwined statute of limitations defense. Issuing independent factual findings under Rule 52 on this overlapping issue **would violate Plaintiffs' right** to a jury trial on its misappropriation claim and the related statute of limitations defense. The Court declines to resolve other facts to find in Plaintiffs' favor. The Court will consider the issues together after a verdict is reached.

Dkt. 1900 at 4-5 (emphasis added). Thus, the Court assumed a right to jury trial. That makes sense because the parties agreed to trial by jury. The Court addressed the sequencing of when to decide the intertwined laches and statute of limitations defenses. The Court did not decide, and had no reason to decide, that any claim or defense carried an independent Seventh Amendment right. The Court deferred ruling on laches because laches was intertwined with statute of limitations.

Regardless, the circumstances now have changed. Masimo withdrew all remedies that Apple argued were at law. Thus, the Court will be the finder of fact on all issues. The issue the Court addressed on the Rule 52 briefing (the sequencing between issues to be decided by a jury and by the court) no longer exists.

**Third**, Masimo did not derive an unfair advantage or impose an unfair detriment on Apple. The Court did not rule against Apple, it merely sequenced ruling on laches

-8-

until after the factually intertwined issue that would be tried to a jury was decided, consistent with *Beacon Theatres*. Now that the case will be tried to the bench, Apple may still pursue both statute of limitations and laches defenses at the November 5 trial.

Apple's quotation of a phrase from *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012), is well beyond zealous advocacy. That case said nothing about right to trial by jury or CUTSA claims.

**3. Masimo's Dismissed Lost Profits Claim Cannot Create A Jury Trial Right**

Apple apparently fears that the appellate court might reverse this Court's dismissal of lost profits and Apple might face a trial on remand on lost profits only. As a result, Apple asked if Masimo would appeal that decision and, if Masimo were to prevail, what Masimo would argue on remand. Apple cites no authority suggesting a potential appeal somehow impacts the Seventh Amendment analysis. Moreover, any potential remand cannot create a right to trial by jury now. The right to trial by jury is determined by the issues to be tried, not by issues that were dismissed, withdrawn, or severed for separate trial. *Anti-Monopoly v. General Mills Fun Grp.*, 611 F.2d 296, 308 (9th Cir. 1979). After a remand, the Court and parties would evaluate the right to trial by jury at that time. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545 (1990), supports Masimo. There, the court dismissed the legal claims and held a bench trial on the remaining equitable claims. A jury was required only on remand after the claims at law were reinstated.

**4. The Right To Trial By Jury Is Not Discretionary**

Apple claimed the Court has discretion to order a jury trial. When an action is "not triable of right by a jury," courts may allow a jury to issue a binding verdict only "with the parties' consent…." Fed. R. Civ. P. 39(c)(2). After any party withdraws its request for a jury trial in a case where there is no right to a jury trial, "the court ***cannot*** allow a jury trial." *Zittrouer by Dunn v. Uarco Inc. Grp. Ben. Plan*, 582 F. Supp. 1471, 1478 n.9 (N.D. Ga. 1984) (emphasis added). Without consent, the jury can render only an "advisory" verdict. Fed. R. Civ. P. 39(c)(1). The "ultimate responsibility for finding

-9-

the facts remains with the court" because "findings by an advisory jury are not binding…." *Wilson v. Prasse*, 463 F.2d 109, 116 (3d Cir. 1972). Apple is not requesting an advisory jury, nor did the Court request briefing on that issue.

Apple cites *Martin v. Bimbo Foods Bakeries Distribution, Inc.*, 2016 WL 6459609 (E.D.N.C. Oct. 31, 2016) (unpublished)). Apple argues *Martin* "collect[ed] cases" where courts "across the country have exercised their discretion (or not) by considering" various factors. *Martin* actually included a "cf." cite to cases **that ordered bench trials** where no jury issue remained. *Id.* at *1. *Martin* cited no case exercising any discretion to order a trial by jury for a binding verdict where no right to jury trial existed. *Martin* also did not explain whether any jury would issue a binding or advisory verdict. No jury was ever empaneled.

Apple cites two additional cases, but they also do not support Apple's position. Apple grossly distorts the language in *Ross Dress for Less v. Makarios-Oregon, LLC*, 39 F.4th 1113, 1120-21 (9th Cir. 2022). Regardless, the court ordered a bench trial. *Id*. at 1119-20. In *Acciard v. Whitney*, 2011 WL 4902972 (M.D. Fla. Oct. 13, 2011), the court granted a motion to strike a jury demand while simply noting that such a motion theoretically could be untimely. But to show untimeliness requires a very strong showing of prejudice. Indeed, Apple's case cited authority explaining that striking a "jury demand two weeks before trial would not be prejudicial." *Id.* (citing *Kramer*).

Apple cannot possibly show prejudice when Masimo notified Apple of Masimo's withdrawal of consent to a bench trial on August 14, with trial months away. Apple's belief that it could be more successful in front of a jury than before this Court is not inherent prejudice as Apple argues. That merely shows Apple prefers a jury trial.

Apple complains that Masimo has not provided its reasoning for consenting to a bench trial. But Masimo's August 14 email to Apple explained that Masimo's decision was based on the Court bifurcating the patent infringement claims from the remaining claims. Dkt. 2083-2, Ex. 1 at 2. Apple cannot complain because it was Apple who insisted on bifurcating the patent claims from the trade secret claims. Apple's only

-10-

response is footnote 4, which is incorrect.  Masimo is not presenting "the same claims" on November 5 that were presented in 2023.  In 2023, in the days before trial, Masimo had a legal claim for lost profits and other claims that are arguably at law.  The Court struck the lost profits relief the evening before trial.  Dkt. 1516.  And Masimo has now dropped all remedies arguably at law.  The bench trial will be more focused than the 2023 jury trial.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  September 6, 2024          By: /s/ Joseph R. Re
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Sheila N. Swaroop
                                        Brian C. Horne
                                        Irfan A. Lateef
                                        Benjamin A. Katzenellenbogen
                                        Brian C. Claassen
                                        Stephen W. Larson
                                        Mark D. Kachner
                                        Adam B. Powell
                                        Kendall M. Loebbaka
                                        Daniel P. Hughes

                                        Attorneys for Plaintiffs
                                        MASIMO CORPORATION and
                                        CERCACOR LABORATORIES, INC.

WILMER CUTLER PICKERING HALE AND DORR LLP

Dated:  September 6, 2024          By: /s/ Mark D. Selwyn
                                        Mark D. Selwyn
                                        Thomas G. Sprankling
                                        Joshua H. Lerner
                                        Amy K. Wigmore
                                        Joseph J. Mueller
                                        Sarah R. Frazier
                                        Nora Passamaneck
                                        Brian A. Rosenthal
                                        Kenneth G. Parker

                                        Attorneys for Defendant
                                        APPLE INC.

/ / /

-11-

# **FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: September 6, 2024                    By: */s/ Joseph R. Re*
                                                Joseph R. Re
                                                Stephen C. Jensen
                                                Sheila N. Swaroop
                                                Brian C. Horne
                                                Irfan A. Lateef
                                                Benjamin A. Katzenellenbogen
                                                Brian C. Claassen
                                                Stephen W. Larson
                                                Mark D. Kachner
                                                Adam B. Powell
                                                Kendall M. Loebbaka
                                                Daniel P. Hughes

-12-

1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   steve.jensen@knobbe.com
3  Sheila N. Swaroop (Bar No. 203476)
   sheila.swaroop@knobbe.com
4  Irfan A. Lateef (Bar No. 204004)
   irfan.lateef@knobbe.com
5  Benjamin A. Katzenellenbogen (Bar No. 208527)
   ben.katzenellenbogen@knobbe.com
6  Brian C. Claassen (Bar No. 253627)
   brian.claassen@knobbe.com
7  Stephen W. Larson (Bar No. 240844)
   stephen.larson@knobbe.com
8  Kendall M. Loebbaka (Bar No. 285908)
   kendall.loebbaka@knobbe.com
9  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
10 Irvine, CA 92614
   Phone: (949) 760-0404; Fax:(949) 760-9502
11
   Adam B. Powell (Bar. No. 272725)        Brian C. Horne (Bar No. 205621)
12 adam.powell@knobbe.com                  brian.horne@knobbe.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP      Mark D. Kachner (Bar No. 234192)
13 3579 Valley Centre Drive                mark.kachner@knobbe.com
   San Diego, CA 92130                     KNOBBE, MARTENS, OLSON & BEAR, LLP
14 Phone: (858) 707-4000                   1925 Century Park East, Suite 600
   Fax: (858) 707-4001                     Los Angeles, CA 90067
15                                          Phone: (310) 551-3450
                                           Fax: (310) 551-3458
16 Attorneys for Plaintiffs,
   MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation | ) Case No. 8:20-cv-00048-JVS-JDE ) ) **MASIMO'S NOTICE OF ISSUES TO** ) **BE TRIED AT NOVEMBER 5 TRIAL** ) |
| Plaintiffs, | ) ) Hon. James V. Selna |
| v. | ) ) |
| APPLE INC., a California corporation | ) ) |
| Defendant. | ) ) |

Pursuant to the Court's Order, Dkt. 2089, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (jointly, "Masimo") hereby file this Notice Identifying All Claims and Remedies Masimo Intends To Pursue At The November 5 Trial.

## I.  CLAIMS TO BE TRIED

In view of the Court's Order Granting Motion to Bifurcate (Dkt. 2064), Masimo selects the following claims set forth in the Pre-Trial Conference Order (Dkt. 1483 at 3) for trial on November 5:

Claim 13: Apple's Violation of the California Uniform Trade Secrets Act;

Claim 14: Correction of Inventorship of U.S. Patent No. 10,078,052;

Claim 15: Correction of Inventorship of U.S. Patent No. 10,247,670;

Claim 16: Correction of Inventorship of U.S. Patent No. 9,952,095;

Claim 17: Correction of Inventorship of U.S. Patent No. 10,219,754;

Claim 20: Declaratory Judgment of Ownership of U.S. Patent No. 10,078,052;

Claim 21: Declaratory Judgment of Ownership of U.S. Patent No. 10,247,670;

Claim 22: Declaratory Judgment of Ownership of U.S. Patent No. 9,952,095;

Claim 23: Declaratory Judgment of Ownership of U.S. Patent No. 10,219,754;

Claim 26: Declaratory Judgment of Ownership of U.S. Patent No. 11,009,390; and

Claim 28: Correction of Inventorship of U.S. Patent No. 11,009,390.

## II.  REMEDIES SOUGHT

For the claims identified above, Masimo seeks the following remedies:

1)   A permanent injunction against Apple further misappropriating Masimo's trade secrets;

2)   A judgment against Apple disgorging the amount by which Apple was unjustly enriched by misappropriating Masimo's trade secrets, including any pre- or post-judgment interest;

3)   An order directing the U.S. Patent and Trademark Office to correct the inventorship of the '052, '670, '095, '754, and '390 patents;

4)    An order imposing a constructive trust requiring Apple to maintain the '052, '670, '095, '754, and '390 patents and to continue the prosecution of any pending applications derived from the patent applications that led to those patents;

5)    An order declaring Masimo a joint owner of the '052, '670, '095, '754, and '390 patents, and all applications, patents, continuations, divisionals, and reissues that claim priority to those patents and that patent application, including foreign counterparts; and

6)    An award for Apple's willful and malicious misappropriation of trade secrets under CUTSA including any exemplary award, attorneys' fees, and costs.

### III.  <u>WITHDRAWAL OF REASONABLE ROYALTY REMEDY UNDER CUTSA</u>

Although the weight of authority holds that the reasonable royalty remedy under California Uniform Trade Secrets Act ("CUTSA") is a remedy in equity,[1] Masimo is aware of one case suggesting that such remedy is at law and thus would give rise to a right to trial by jury.  *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 989-90 (N.D. Cal. 2022).  To remove any need for the Court to resolve this issue, Masimo withdraws its request for a reasonable royalty remedy under CUTSA.

### IV.  <u>REMAINING CLAIMS AND REMEDIES FOR NOVEMBER 5 TRIAL ARE IN EQUITY</u>

The only remaining claims (*i.e.*, misappropriation, patent ownership, and inventorship) and remedies (*i.e.*, injunction, disgorgement, correction of inventorship, constructive trust, and declaratory relief) to be tried on November 5, 2024, do not give rise to any right to trial by jury because all claims and remedies are equitable in nature.

---

[1] *Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*, 545 F. App'x 600, 601 (9th Cir. 2013); *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of California, Inc.*, 2015 WL 3825318, at *11 (C.D. Cal. June 18, 2015); *FAS Techs., Ltd. v. Dainippon Screene Mfg., Co.*, 2001 WL 1159776, at *3 (N.D. Cal. Sept. 21, 2001); *Ajaxo Inc. v. E*Trade Financial Corp.*, 187 Cal. App. 4th, 1295, 1299-1300, 1308 (2010).

## V.  <u>RESERVATION OF RIGHTS</u>

Masimo maintains its right to trial by jury on its patent infringement claims and remedies, which are currently bifurcated for a separate trial.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 30, 2024                    By: */s/ Joseph R. Re*

Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Benjamin A. Katzenellenbogen
Brian C. Horne
Brian C. Claassen
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

**EXHIBIT A**
**-16-**

| | |
|---|---|
| **From:** | Sprankling, Thomas |
| **To:** | Mark Kachner; WH Apple-Masimo Service List; Apple-Masimo; Apple-Masimo |
| **Cc:** | Masimo.Apple |
| **Subject:** | RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer |

Thanks Mark.  Apple agrees to the exchange procedures and page length outlined in your email below.

Best,

Tom

---

**From:** Mark Kachner <Mark.Kachner@knobbe.com>
**Sent:** Thursday, September 5, 2024 5:26 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

<span style="background-color: yellow; color: red">**EXTERNAL SENDER**</span>

Tom,

Masimo agrees the parties will simultaneously exchange their respective portions of the joint submission at 11am PT.  The parties may revise their portions to respond to the other side's arguments, and the parties will simultaneously exchange revised portions at 4pm PT.  We further agree each party's portion of the joint submission will not exceed five pages.

Regards, Mark

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Thursday, September 5, 2024 4:35 PM
**To:** Mark Kachner <Mark.Kachner@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Mark,

We disagree with your characterization of the call.

During that call, we spent nearly 30 minutes walking through the arguments that I previewed in my email earlier today, including discussing cases and other authorities that Apple will

**EXHIBIT B**
**-17-**

likely rely upon.  We did this in good faith and in light of your request that Apple provide enough information so that Plaintiffs can draft their portion of the joint submission, which you stated would not raise any affirmative arguments and would not change any of your prior stated positions (e.g., that Plaintiffs are withdrawing their request for punitive damages for trade secret misappropriation).  During that process, we identified all the authorities we currently intend to rely upon (including several not discussed in prior briefing), cited to places in the prior briefing that are relevant to give you ample notice of our positions, and generally provided as much information as we could given that our submission is still in the process of being drafted.  After we discussed each of our four points, you indicated that you understood our position.

Given that lengthy discussion, it was disappointing to hear—at the tail end of the call and for the first time—that Plaintiffs do not agree to Apple's proposal of a simultaneous exchange tomorrow morning and believe the parties should brief the issues sequentially (i.e., with Apple providing its submission tomorrow morning and Plaintiffs providing their response shortly before filing).

You stated on the call that your objection to simultaneous briefing was that Apple had not provided every single detail of our submission (which is still in the process of being drafted) over the phone.  Given that Plaintiffs are now on notice about the substance of Apple's arguments, we suggest a simultaneous exchange at 11am PT followed by a subsequent simultaneous exchange at 4pm PT, which would give both sides the opportunity to respond to the other side's position.  While we are open to going beyond the two- or three-page submissions we originally suggested, we propose five pages per side.

Please give us your response promptly so that we can begin planning for tomorrow's schedule.

Best,

Tom

---

**From:** Mark Kachner <Mark.Kachner@knobbe.com>
**Sent:** Thursday, September 5, 2024 3:44 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

**EXTERNAL SENDER**

Tom,

During today's meet and confer, we asked Apple to articulate its four arguments listed below and provide any support it intends to rely on.  Apple referred to prior briefing and identified some previously cited cases, but maintained that it may rely on additional authority that Apple has not yet identified.  Masimo explained that its portion of the joint filing will respond to

Apple' arguments, and in order to do so, Apple needs to provide its arguments in writing before Masimo responds.

Thus, Masimo disagrees with Apple's proposal for the parties to simultaneous exchange sections of the joint filing.  During the call, Masimo proposed that Apple provide its written arguments by 9am tomorrow, and Masimo will provide its written response by 4pm tomorrow. We understand you will discuss Masimo's proposal with Apple.

Separately, you proposed that the parties jointly agree on a two-page limit for their respective portions.  We disagree that two pages is sufficient to address the four separate issues that Apple is now raising.  Masimo proposes that each party limit its respective section to seven pages, though the parties are free to use less space.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Thursday, September 5, 2024 1:00 PM
**To:** Mark Kachner <Mark.Kachner@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Mark,

Thank you for your email yesterday evening.  We disagree with the way you've described the meet and confer and Apple's arguments, but we appreciate you getting back to us on most of the points raised in my prior email.  That said, the parties still need to reach agreement on the process of preparing the status report—could you please respond to our prior proposal of inserts exchanged on Friday morning?  If you disagree, could you please provide a counter proposal?  Given the recent narrowing, we think two-page inserts should be sufficient.

We are happy to meet with you at 2pm PT today—please send a dial-in.  To address your specific questions, we do not stipulate to a bench trial.  In our submission to the Court, we currently plan to address the following issues—all of which were either discussed during our Tuesday call and/or raised in prior filings.  We reserve the right to modify this list based on the 2pm phone call.

(1)  Judicial estoppel.
(2)  Plaintiffs' failure to forego appeal rights regarding the lost profits claim
(3)  FRCP 38(d)/the Ninth Circuit's decision in *Fuller* bar Plaintiffs' unilateral

withdrawal of the jury trial right

    (4)  The Court's discretion to order a jury trial

We understand from last night's email that Plaintiffs' portion of the joint status report will take the position that (1) Plaintiffs are dropping the punitive damages claim for trade secret misappropriation, (2) Plaintiffs are not pursuing any legal claims/remedies, and (3) Plaintiffs disagree with the Apple arguments I've laid out above.  If you intend to advance any additional or different arguments beyond those points, please provide them prior to the 2pm call.

Thank you,

Tom

---

**From:** Mark Kachner <Mark.Kachner@knobbe.com>
**Sent:** Thursday, September 5, 2024 10:06 AM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

**EXTERNAL SENDER**

Tom,

We are available for a follow-up meet and confer today at 2pm.  Before that call, please confirm Apple agrees that Masimo's claims and remedies for the November 5 trial are equitable and that Apple stipulates to a bench trial.  If Apple does not confirm, before the 2pm call today, please identify what remaining claims and remedies Apple contends are legal and provide a right to a jury trial, and whether Apple intends to raise any other issue with the Court in Friday's joint filing.  Further, in order to prepare the joint filing for Friday, we expect Apple will provide any arguments it plans to raise well ahead of the filing deadline so Masimo has sufficient time to respond.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Mark Kachner <Mark.Kachner@knobbe.com>

**Sent:** Wednesday, September 4, 2024 6:41 PM
**To:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Tom,

Thank you for meeting and conferring yesterday.  We disagree with your characterizations.  Masimo provided its positions before the Court's deadline so that Apple had ample time to confirm whether it would stipulate to a bench trial.  Apple did not clearly take a position on that issue and instead posed several questions.  Masimo responds below.

Question 1: In its filing at Dkt. 2098, Masimo identified all claims Masimo will try and all remedies it seeks at the November 5 trial.  Besides the issue Apple raises in Question 2 below, Apple does not identify any other claim or remedy as a basis for refusing to stipulate to a bench trial on November 5.

Question 2: Masimo disagrees that an exemplary award from the Court for trade secret misappropriation under Cal. Civ. C. Sec. 3426.3(c) is a legal remedy.  But, to remove the need for the Court to resolve this issue, Masimo will not seek an exemplary monetary award for Apple's willful and malicious misappropriation under Cal. Civ. C. Sec. 3426.3(c) at the upcoming November 5 trial.

Question 3: Apple's third question has no bearing on whether Apple would stipulate to a bench trial on November 5.  I understood that Apple confirmed it is not arguing it has a 7th amendment right to a jury trial merely because Masimo maintains a right to appeal Judge Selna's rulings barring Masimo's lost profits theory on its trade secret misappropriation claim.  Regardless, because lost profits on the trade secret claim has been dismissed, it will not be presented at that trial and does not give rise to any right to trial by jury.

Question 4:  Masimo never argued either that all CUTSA claims necessarily provide a 7th amendment right, or that there was a right to trial by jury on Apple's statute of limitations defense independent of whether there was a right to trial by jury on the CUTSA claim.  Masimo already addressed this issue in its August 26 brief.  *See* Dkt. 2083 at 10-11.  At the time of the Rule 52 briefing, Masimo was seeking a reasonable royalty and there was no dispute that the jury would decide the CUTSA claim and the statute of limitations

defense.  Masimo argued the jury had to decide the issues common to statute of limitations and laches before the Court could decide laches.  The circumstances changed once Masimo provided its notice and waiver.  I also note that Apple confirmed yesterday it is not arguing that its statute of limitations defense or that all CUTSA claims necessarily provide a 7th amendment right to a jury trial.  Thus, your questions have no bearing on whether there is a right to a jury for the issues in the Nov. 5 trial.

Regards, Mark

**Mark Kachner**
Partner
310-407-3472 **Direct**
**Knobbe Martens**

---

**From:** Sprankling, Thomas <Thomas.Sprankling@wilmerhale.com>
**Sent:** Wednesday, September 4, 2024 6:20 PM
**To:** Mark Kachner <Mark.Kachner@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Mark, Adam,

It has now been more than 24 hours since the parties' meet and confer and you have not provided responses to any of our questions regarding the scope of your withdrawal of legal claims and remedies.  The joint status report is due in two days.  Please promptly provide Masimo's position on the issues identified below (and at the meet and confer) so that Apple can prepare its portion of the joint status report.  Please also respond to Apple's proposal regarding procedures for the joint status report.

Thank you,

Tom

---

**From:** Sprankling, Thomas
**Sent:** Tuesday, September 3, 2024 8:41 PM
**To:** Mark Kachner <Mark.Kachner@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Mark, Adam,

**EXHIBIT B**
**-22-**

Thank you for meeting with my colleagues and me earlier today.  On today's call, I discussed four sets of questions that Apple had with Plaintiffs' August 30 "Notice Of Issues To Be Tried."  During the call, you suggested that some of the questions were too nuanced for a phone call and that Plaintiffs would prefer to see them in writing.  Although I stated that I was happy to take as much time as was needed to walk through the questions over the phone, I am providing the questions in writing as a courtesy.

Since we have reduced our questions to writing, we would appreciate the courtesy of your answers being provided in writing as well.  Per our discussion, I am also happy to discuss any follow-on issues during another call tomorrow.  Please also come prepared to discuss the procedures for how the parties will draft the joint status report, which is due on Friday.  Although Apple has made a specific proposal—the parties exchange 3-page inserts on Friday morning—Plaintiffs have thus far declined to engage.

Thank you,

Tom

***

Question 1: The Scope of the Withdrawal.

- The Court's August 27 order directed Plaintiffs to "identify all the claims [they] intend[] to pursue and … [to] formally withdraw all claims [they] no longer intend[] to pursue." Dkt. 2089 at 3. Plaintiffs' notice from Friday (Dkt. 2098) lists some claims and remedies they intend to pursue, formally withdraws the request for a reasonable royalty, and reserves all rights with respect to the patent claims and remedies. We therefore understand that Plaintiffs' notice waived any right to pursue other legal claims and remedies related to the trade secret and inventorship/ownership claims.  However, at today's meet and confer, Plaintiffs were unwilling to provide a direct answer to the question of whether they agreed they were waiving any right to pursue other legal claims and remedies related to the trade secret and inventorship/ownership claims.

Question 2: Punitive Damages
- We asked you to explain your basis for asserting that exemplary (i.e., punitive) damages) are an equitable remedy.

  - The only authority Plaintiffs identified was the text of California Civil Code Section 3426.3(c), which states that "the court may award exemplary damages."

  - In response, we noted that a state law cannot override the U.S. Constitution, and pointed you to three cases establishing punitive damages are a legal remedy:  (1) *Palantir Technologies, Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 993 (C.D. Cal. 2022) (a decision that is cited in Plaintiffs' own filing at Dkt. 2098 for its holding on the Seventh Amendment right to a jury trial on a reasonable royalty), (2)

*Trandes Corp. v. Guy F. Atkinson*, 996 F.2d 655, 666 (4th Cir. 1993) (a decision cited by *Palantir*), and (3) *Tull v. United States*, 481 U.S. 412, 422 (1987).

- You indicated you would review these authorities and get back to us.  Please provide us with any further basis for asserting that exemplary damages are an equitable remedy.

Question 3: Lost Profits On Appeal

- We asked you to confirm that Plaintiffs were waiving the right to appeal Judge Selna's rulings barring the introduction of a lost profits theory.

  - You did not provide a direct answer, but questioned whether that was relevant to the Seventh Amendment analysis.  Please confirm if Plaintiffs are waiving the right to appeal Judge Selna's rulings barring lost profits. To the extent Plaintiffs are not, consistent with our discussion, please advise if Plaintiffs view is that if (1) if Judge Selna holds a bench trial and finds Apple liable for misappropriation and (2) if the rulings are later reversed on appeal, Plaintiffs will be entitled to receive lost profits damages in some amount <u>without</u> a new jury trial on liability.

Question 4: Judicial Estoppel

- We began to ask you several questions on judicial estoppel (specifically, trying to understand the positions Plaintiffs had taken in their brief filed on August 26 so that the parties could properly discuss the issue in the joint status report), but you declined to engage and asked for the questions in writing.  The questions are below.

  - With regards to the parties' prior briefing under FRCP 52 following the mistrial:

    - Could you please clarify precisely why Plaintiffs were arguing in July 2023 that the Seventh Amendment barred Judge Selna from resolving Apple's laches/waiver defenses before a new jury trial?  Specifically, was Plaintiffs' position that the statute of limitations defense standing alone required a jury trial or that a jury trial was required because the statute of limitations was a defense to their legal CUTSA claim?

    - Can you please explain how it is consistent for Masimo to argue (1) in July 2023 that either Apple's statute of limitations defense or its CUTSA claim must be tried before a jury and (2) in August 2024 that no jury trial was required on that defense or claim?

    - Do you dispute that Plaintiffs received a benefit from taking the position in

July 2023 that a jury trial was required—i.e., Plaintiffs avoided Judge Selna
ruling against them on laches/waiver and ending this litigation?

---

**From:** Sprankling, Thomas
**Sent:** Monday, September 2, 2024 2:14 PM
**To:** Mark Kachner <Mark.Kachner@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

Mark,

I'm available at 3pm PT tomorrow.  Please provide a dial-in.

In the event the parties cannot reach agreement tomorrow, Apple proposes the parties each
draft a three-page portion of the joint status report laying out their respective positions, with
the portions to be simultaneously exchanged on Friday morning.  Please come prepared to
discuss this proposal as well.

Thank you,

Tom

---

**From:** Mark Kachner <Mark.Kachner@knobbe.com>
**Sent:** Friday, August 30, 2024 8:27 PM
**To:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo Corp. et al v. Apple Inc., 8:20-cv-00048 - meet and confer

**EXTERNAL SENDER**

Counsel,

Please provide your availability in the afternoon on Tuesday September 3 for a meet and
confer pursuant to the Court's order, Dkt. 2089.

Regards, Mark

**Mark Kachner**
Partner
Mark.Kachner@knobbe.com

310-407-3472 **Direct**

**Knobbe Martens**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
www.knobbe.com/mark-kachner

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT B**