MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearances continue on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SPECIAL MASTER**<br><br>Judge:   Judge James V. Selna<br>Trial:    11/5/24 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

1	Plaintiffs are incorrect that determining whether they raised new theories in their July 5, 2024 infringement contentions is "now academic" and mooted. *See* Dkt. 2109. If Plaintiffs introduced new theories, as Apple believes, then they should be precluded as untimely. Although Apple has been prejudiced by the timing of Plaintiffs' new contentions—e.g., because they were unveiled at the eleventh hour, and thus prevented Apple from developing further factual evidence relevant to those contentions—Apple need not demonstrate prejudice to prevail on its motion. *See, e.g., Facet Techs., LLC v. LifesSan, Inc.*, 2023 WL 5504954, at *2 (C.D. Cal. June 7, 2023) ("The Court may strike supplemental contentions containing amendments made without good cause … [and] need not consider the prejudice question absent a showing of diligence."). The bottom line is that the procedures that the Court set for this case required an orderly progression of events—including contentions timely served. Plaintiffs' July 5, 2024 contentions violated those procedures—without any good cause shown— and should be stricken.

As noted in Apple's Notice (Dkt. 2108), Apple is confident in the Court's ability to determine for itself whether the July 5, 2024 contentions introduce new theories and is happy for the Court to resolve the dispute to the extent that it no longer wishes for the parties to seek the assistance of a special master. Apple is likewise happy to continue to find an appropriate candidate for special master. In short, the question of the extent to which Plaintiffs' contentions are new—and therefore should be stricken—remains a live question, and Apple defers to the Court as to its preference in process for resolving that question.

Dated: September 16, 2024

Respectfully submitted,

By: /s/ *Mark D. Selwyn*
    Mark D. Selwyn
    Joshua H. Lerner
    Nora Passamaneck
    WILMER CUTLER PICKERING
    HALE AND DORR LLP

| | |
|---|---|
| 1 | Kenneth G. Parker |
| 2 | HAYNES AND BOONE, LLP |
| 3 | Brian A. Rosenthal |
| 4 | GIBSON, DUNN & CRUTCHER LLP |
| 5 | *Attorneys for Defendant Apple Inc.* |