UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | October 7, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:    [IN CHAMBERS] Order Regarding Trial Process**

    This matter is presently set for a jury trial commencing on November 5, 2024 ("Trial"). On August 30, 2024, Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") filed a Notice abandoning all legal claims, and asserting that in view of that abandonment, the Trial should proceed as a bench trial. (Notice of Issues to be Tried at November 5 Trial ("Notice"), Docket No. 2098.) Apple, Inc. ("Apple") objects.

    The parties have briefed the issue. (Apple's Response to Plaintiff's Notice, Docket No. 2078; Masimo's Responsive Brief in Support of Its Notice of November 5th Bench Trial (Docket No. 2083); Joint Report Regarding Disputes Over the Nature of Masimo's Claims for the November 4 Trial ("Joint Report"), Docket No. 2100); Apple's Reply (Docket 2112).

    The Court does not write on a clean slate. In Masimo v. True Wearables, Inc., SACV 18-2001 JVS (JDEx) ("True Wearables"), the Court considered the same issue. In the face of Masimo's abandonment of all legal claims, the Court permitted the trial to go forward as a bench trial.

    For the following reasons, the Trial will proceed as a bench trial.

    With a few exceptions, the Courts have recognized that where all legal claims are eliminated, trials proceed as bench trials. Fuller v. City of Oakland, 47 F.3d 1522, 1530-31 (9th Cir. 1995). This Court so held in True Wearables. (True Wearables, Docket No. 411.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | October 7, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

Apples' arguments for deviating from that principle are not convincing.

First, the right of a party to withhold its consent to the opponent's effort to withdraw or moot a jury demand under Federal Rule of Evidence 38(d) necessarily assumes at least one legal claim remains.[1] That is not the case here.

Second, the Court is not convinced that it has the discretion to counter a party's effort to eliminate a jury trial where a party who once claimed a jury trial now effectively eliminates any basis for a jury trial.

Third, the Court finds that Masimo is not estopped from effectively waiving its jury demand. To be sure, Masimo requested a jury trial in the lodged Pretrial Conference Order for the first trial and elsewhere, and the Court relied on those positions. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). But the Court is dealing with a constitutional right. See Harbor Breeze Corp. v. Newport Landing Sportfishing Inc, 28 F. 4th 35, 36-41 (9th Cir. 2022).

Fourth, the fact that the first trial proceeded with a jury is of no moment. There were plainly legal issues to try. There are none here.

The Court certifies the following questions to the Ninth Circuit for interlocutory review under 28 U.S.C. § 1292(b):

> May a party unilaterally effectively withdraw its jury demand by withdrawing all legal claims?
> Does the Court have the discretion or legal authority to reject such a waiver?

The Court is of the "opinion that [this] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

---

[1] "A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SA CV 20-00048-JVS-JDE                                    Date  October 7, 2024

Title  Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc.

    Separately, the Court strongly suggests that Apple consider seeking a writ of mandamus on substantially the same questions.

    Under the Court's Standing Order for Court Trials, Masimo and Apple (to the extent it has the burden on an issue) are presently required to file their direct witness testimony no later than October 16, 2024 (twenty days in advance of trial). (Court's Standard Order for Court Trial, pp. 7-8.) The Court notes that it provided additional time in <u>True Wearables</u> when the case was converted into a bench trial. (<u>See</u> Pham Decl, Ex. 2, pp. 19-20; pagination per transcript. Much like a supertanker, a case of this complexity does not turn on a dime.

    The Court wishes to set af status conference to address the length of witness statements, the handling of exhibits, and other matters of trial logistics. The parties are directed to contact the Court Room Deputy.

                      **IT IS SO ORDERED.**