1  MARK D. SELWYN, SBN 244180
   mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
   thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
   HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
  Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
   joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
   HALE AND DORR LLP
8  One Front Street, Suite 3500
  San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
   amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
   HALE AND DORR LLP
12  2100 Pennsylvania Ave NW
  Washington, DC 20037
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16

17  **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

18

19  MASIMO CORPORATION,
a Delaware corporation; and
20  CERCACOR LABORATORIES, INC.,
a Delaware corporation,
21
          Plaintiffs,
22
23    v.
24  APPLE INC.,
a California corporation,
25
          Defendant.

| | |
|---|---|
| CASE NO. 8:20-cv-00048-JVS (JDEx) | |

**APPLE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PREVIOUS RULINGS ON MOTIONS IN LIMINE**

Pre-Trial Conference: Oct. 28, 2024
Trial: Nov. 5, 2024

26
27  REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL
28

Wilmer Cutler
Pickering Hale
and Dorr LLP

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

Introduction ............................................................................................................... 1

I.      No New Trial Is Necessary, So The Court Need Not Reach Plaintiffs'
        Request To Vacate The *In Limine* Rulings .............................................. 3

II.     Factual Background On The Remaining Issues ............................................ 5

III.    The Court's *In Limine* Rulings Should Remain In Place Regardless Of
        This Court's Bench Trial Order ............................................................... 8

IV.     Apple's Hiring Of Plaintiffs' Former Employees (Other Than Dr. Marcelo
        Lamego) Is Irrelevant To Plaintiffs' Remaining Trade Secret Claims ............. 11

V.      Plaintiffs' Attempts To Expand The Scope Of The Retrial Are Needlessly
        Disruptive To Apple ............................................................................ 14

        A.      Plaintiffs' Witness List Should Be Narrowed ......................................... 15

        B.      Plaintiffs Should Not Be Permitted To Change The Stipulated
                Documentary Record On "Smart Recruiting" ......................................... 16

Conclusion .............................................................................................................. 16

APPLE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PREVIOUS RULINGS
ON MOTIONS IN LIMINE

CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Applied Medical Resources Corp. v. Tyco Healthcare Group LP*,
    No. 8:11-cv-1406 (C.D. Cal. Mar. 21, 2014), Dkt. 388 ................................9, 10

*Crane-McNab v. Country of Merceds.*,
    2011 WL 94424 (E.D. Cal. Jan. 11, 2011) ........................................................11

*FTC v. Burnlounge, Inc.*,
    753 F.3d 878 (9th Cir. 2014) .............................................................................10

*MR Technologies, GMBH v. Western Digital Technologies, Inc.*,
    2024 WL 4150725 (C.D. Cal. May 24, 2024).....................................................8

*Palmerin v. City of Riverside*,
    794 F.2d 1409 (9th Cir. 1986) ...........................................................................11

*Pradier v. Elespuru*,
    641 F.2d 808 (9th Cir. 1981) ...............................................................................4

*Ultimate Franchises, Inc. v. Parsons*,
    2018 WL 6016153 (C.D. Cal. June 13, 2018)....................................................18

*U.S. v. Heller*,
    551 F.3d 1108 (9th Cir. 2009) ......................................................................10, 11

**Rules**

Fed. R. Evid. 402 ......................................................................................................10

Fed. R. Evid. 802 ......................................................................................................10

Wilmer Cutler
Pickering Hale
and Dorr LLP

# INTRODUCTION[1]

In 2023, this Court held a nearly month-long jury trial. In the eighteen months since, Plaintiffs' case has narrowed—their purported "business" trade secrets have been dismissed at the FRCP 50 stage, they have waived any claim to exemplary damages or a reasonable royalty, and they have abandoned the right to appeal the Court's rulings striking their lost profits theory. Despite this narrowing, Plaintiffs now seek to ***expand*** the record by doing away with the Court's existing *in limine* rulings (Mot. 1) so that they may introduce irrelevant evidence on a wide range of topics. *See generally* Ex. A. Plaintiffs also seek to significantly expand their witness lineup and alter at least one documentary exhibit that was admitted into evidence at the original trial. In short, Plaintiffs apparently intend to inject into any retrial volumes of irrelevant evidence to distract from the existing issues and the weakness of their claims. These attempts should be rejected in full.[2]

***First***, Plaintiffs' assertion that the existing motions *in limine* should be vacated because this case will be tried to the Court rather than to a jury need not be addressed at all. Now that the Court has determined it is the appropriate fact-finder for the remaining claims, those claims can and should be resolved ***on the existing trial record***—given that the parties already presented their ***entire*** case on ***every*** issue subject to retrial before the Court, and the Court (unlike a prospective retrial jury) attended those prior proceedings. Simply put, a full retrial would be an unnecessary burden on the Court and the many

---

[1] During the telephonic hearing on October 3, 2024, this Court ██████████ ████████████████████████████████████████

[2] Plaintiffs' assertion (at 1) that the parties "agreed to treat the Court's prior motion *in limine* rulings as the baseline and file motion(s) to modify those rulings" is only half-right. There is no dispute that absent modification, those rulings remain binding for the retrial; however, Apple neither agreed that the parties should put in briefs nor suggested that Plaintiffs could avoid the stringent standards for reconsideration. *See infra* pp.8-9.

Wilmer Cutler
Pickering Hale
and Dorr LLP

1   witnesses who already took the time to testify last year.  To the extent the Court deems
2   it useful to have a refresher on the evidence presented at the trial last year, the Court
3   could hold a hearing at which both sides could walk through the relevant evidence
4   previously presented.

5       ***Second***, if the Court determines any new evidence beyond the original trial record
6   is appropriate, vacating existing *in limine* rulings would be inefficient because it would
7   require re-litigating dozens of evidentiary questions while inviting the introduction of
8   evidence the Court has already deemed irrelevant—findings that Plaintiffs have not
9   attempted to dispute.  Again, should the court proceed to decide the case on the existing
10  record, the previous trial record will remain operative, including all evidence adduced
11  in that trial.  This would moot Plaintiffs' requests regarding the evidence at the first trial
12  regarding Apple's hiring of Plaintiffs' former employees ***other*** than those who
13  purportedly misappropriated trade secrets.  But should the Court decide to hold a full
14  retrial (which Apple respectfully submits it should not), Plaintiffs have provided no basis
15  for this Court to vacate all of its MIL rules or to reconsider its prior MIL 2 ruling that
16  excluded evidence of Apple's hiring of Plaintiffs' former employees who are not alleged
17  to have conveyed the purported trade secrets at issue.  *See* Dkt. 1469 at 3 ("MIL Order").
18  This Court "allow[ed] further inquiry into Apple's solicitation efforts … on a limited
19  basis," only after finding that Apple had opened the door.  4/19/23 AM Tr. 5:17-20.
20  With the benefit of the Court's trial rulings, Apple will avoid the lines of inquiry that the
21  Court deemed door-opening in the context of a full retrial—and there is no need for
22  either side to waste their time and the Court's time on this irrelevant subject.

23      ***Third***, and again—only relevant should the Court decide new evidence is
24  necessary—Plaintiffs have sought to expand the scope of this case beyond the retrial
25  contemplated by this Court's FRCP 50(b) order.  *See* Dkt. 1901 at 24 ("The Court
26  intends to reduce the trial time allocation to account for its rulings at the Rule 50(a) and
27
28

Wilmer Cutler
Pickering Hale
and Dorr LLP

50(b) stages."). Specifically, Plaintiffs have stated that they currently intend to call five new Apple employees (and one former Apple employee) to testify live and are improperly trying to alter the stipulated redactions to a document to change the form of that exhibit.[3] This change relates to Apple CEO Tim Cook—and thus is an attempt to change the documentary record as it relates to an apex witness.

Apple respectfully submits that Plaintiffs' efforts to expand this case—precisely when it should be narrowed—ought to be rejected.[4]

## I.   NO NEW TRIAL IS NECESSARY, SO THE COURT NEED NOT REACH PLAINTIFFS' REQUEST TO VACATE THE *IN LIMINE* RULINGS

This Court need not reach the motion to vacate the Court's prior *in limine* rulings because the Court has not yet decided what, if any, new evidence it will receive to supplement the existing trial record. *See* 9/9/24 Tr. 42:4-11 (reserving the right "to address with you the shape of the proceedings in a bench trial"); *id.* at 43:24-44:1 ("THE COURT: Let me decide the basic question and see what issues that raises are new or issues that are left unresolved that we would need to take up."). Now that the Court has determined that it is the appropriate fact finder for Plaintiffs' trade secret, inventorship, and ownership claims, the most efficient course would be to make that determination on the existing trial record.

All the issues set for retrial (and then some) were fully presented at the 2023 trial over which this Court presided. There is no reason the Court cannot now use that record to make its own determination. Courts are of course permitted to make findings based on records presented to the jury, and in fact do so all the time (as the Court did in this

---

[3] Apple respectfully submits that it is unnecessary to call adverse witnesses live and that deposition designations should suffice.

[4] Apple preserves for appeal its motions *in limine* that the Court denied in March 2023, specifically including the argument that Plaintiffs should be precluded from offering evidence regarding the confidentiality provisions of Masimo's employee agreements. *See* Dkt. 1318 (MIL 4); Dkt. 1676 (Apple's objections for the record).

case when it granted Apple's JMOL motion with respect to the purported business trade secrets). In recognition of the passage of time since the first trial, the parties could make whatever submissions or presentations regarding that record the Court may find useful—e.g., proposed findings of fact and conclusions of law and associated oral argument. To the extent the Court believes that *any* new evidence should be permitted, Apple submits that any such evidence should be limited to supplemental witness statements (if authorized by the Court in advance), with cross-examinations beginning as scheduled on November 5th.

Plaintiffs have argued (apparently in reliance on *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981)) that they "are entitled to know before the trial begins whether or not a jury is … the decision-maker," 9/9/24 Tr. 43:5-6, but this argument is unavailing. *Pradier* reversed a district court's entry of judgment notwithstanding the verdict of an advisory jury, which was used because the district court had (erroneously) held the defendants' jury demand to be technically deficient. 641 F.2d at 811. The Ninth Circuit recognized that the "entire trial took place with the understanding that the jury's verdict would be advisory only." *Id.* But the "tactical differences" between "presenting a case to a court, as opposed to a jury" that concerned the Ninth Circuit (*id.*) do not work in reverse: parties arguing to a jury are always *also* arguing to the court, which can enter judgment as a matter of law following the close of evidence, as happened in April 2023.[5] Plaintiffs have identified nothing about the existing trial record—which they argued to a jury was worth awarding them over a billion dollars—that requires (or entitles them to) a redo.

Because the Court and the parties have already conducted a full trial on the issues the Court must now decide, the most prudent course of action is for the Court to use the

---

[5]    No subsequent Ninth Circuit case has applied the *Pradier* case to the jury trial to bench trial scenario present in this case—or even mentioned that aspect of the *Pradier* decision outside of a passing reference.

Wilmer Cutler Pickering Hale and Dorr LLP

existing record as the basis for its decision, or, alternatively, permit limited supplemental statements and cross examination.

## II. FACTUAL BACKGROUND ON THE REMAINING ISSUES

The remainder of this brief is moot if the Court decides it can resolve the claims on the existing trial record. Apple submits this material for consideration should the Court decide to allow the presentation of some supplemental evidence.

### A. Proceedings Before, During, And After The First Trial

On March 15, 2023, this Court granted three of Apple's motions *in limine*, including its request to "exclude testimony about Apple's recruitment of Plaintiffs' employees other than those alleged to have conveyed trade secrets to Apple." MIL Order at 3. This Court explained that because "employees are not only permitted but encouraged to move freely from one company to another under at-will employment, … absent allegations that … employees misappropriated trade secrets, evidence of their hiring is largely irrelevant." *Id.* This Court relatedly rejected Plaintiffs' assertion that "Apple's recruitment efforts" was admissible to show "inference of plan, intent, etc.," because "its admission would likely result in delay and confusion to the jury" and so the "Court f[ound] the prejudicial impact … substantially outweighs its probative value." *Id.* at 4.

Several weeks later, this Court resolved a dispute between the parties over Masimo's use of an email in which Apple CEO Tim Cook used the phrase "smart recruiting," and whether Apple would be permitted to call Mr. Cook to testify. *See* Dkt. 1484. This Court held that "if Plaintiffs plan to argue that Apple engaged in 'smart recruiting' to misappropriate trade secrets," "Apple may call Cook to rebut Plaintiffs' argument" in order to "avoid the prejudice that would likely arise from a reverse empty chair defense." *Id.* at 1. At trial, Plaintiffs agreed to ████████████ ████████████ and not raise any argument regarding that phrase to avoid Mr. Cook

testifying. 4/10/23 Tr. 164:1-2 (emphasis added). Subsequently, the Court admitted the e-mail chain in which this phrase appears (JTX-316) in redacted form, and the redacted exhibit was then used to examine Apple witnesses.

Also at trial, Plaintiffs argued that Apple opened the door to the admission of evidence about Apple's hiring of Plaintiffs' former employees by, *inter alia*, posing questions to Dr. Steve Hotelling regarding a 2013 presentation and by examining Plaintiffs' executives on their views about employee mobility. *See* Dkt. 1595. The Court subsequently granted Plaintiffs' motion over Apple's opposition, *see* Dkt. 1599, and permitted Plaintiffs to examine Dr. Hotelling and Dr. Uyen Block on "a limited basis" about several specific documents, *see* 4/19/23 AM Tr. 5:17-6:9.

At the conclusion of trial, this Court granted Apple's FRCP 50(a) motion in part, holding that no reasonable jury could find that Plaintiffs' purported business trade secrets qualified as trade secrets. Specifically, this Court held that "no reasonable juror could find for Plaintiffs regarding whether the alleged 'B' category trade secrets were generally known," whether the purported secrets had "independent economic value from keeping them secret,'" and whether Plaintiffs took "reasonable efforts to maintain secrecy." Dkt. 1724 at 7.

After the jury revealed itself to be deadlocked in 6-1 in Apple's favor, Dkt. 1713, 1714, this Court declared a mistrial, Dkt. 1711. The Court later granted Apple's Rule 50(b) motion in part, holding that (1) the purported "value, importance, and appropriateness" trade secret was too nebulous to qualify as a trade secret and (2) in any retrial, Apple would prevail on its statute of limitations defense if Plaintiffs failed to establish that they could not have discovered the purported misappropriation of any purported secret prior to January 2017 if they had exercised reasonable diligence. *See* Dkt. 1901 at 12, 17-19.

Wilmer Cutler Pickering Hale and Dorr LLP

At the conclusion of its Rule 50(b) ruling, this Court informed the parties that it "intend[ed] to reduce the trial time allocation to account for its rulings at the Rule 50(a) and 50(b) stages." Dkt. 1901 at 24. Specifically, "[i]n light of the Court's grant of judgment on the business strategy and VIA claims and the narrowing of issues on the statute of limitations defense, the Court now believes that 8 or 9 days is sufficient for any retrial." *Id.*

Nearly a year-and-a-half after the first trial, Plaintiff filed a document labeled a "Notice Of … Consent To November 5, 2024 Bench Trial," which purported to waive all remedies at law. Dkt. 2076. This Court subsequently ordered Plaintiffs to identify each claim and remedy they intended to pursue at the November 5, 2024 trial. *See* Dkt. 2089 at 3. In the following weeks, Plaintiffs waived their right to pursue a reasonable royalty and punitive damages, *see* Dkt. 2098 at 2; Dkt. 2100 at 1, as well as their right to appeal this Court's prior decision striking their lost profits theory of damages, *see* 9/9/24 Tr. at 32:5-14. On October 7, 2024, this Court ordered a bench trial. *See* Dkt. 2133.

## B. The Parties' Discussions Regarding the MIL Orders And Witness Lists

On September 18, 2024, the parties engaged in the meet-and-confer of lead counsel required by Local Rule 16-2. During the call and in subsequent communications, Apple took the position that—and Plaintiffs' counsel agreed that as a general matter if this Court ordered a jury trial—"the Court's pre-trial and trial MIL rulings for the April 2023 trial … apply to this trial." Ex. A at 4-5 [Email from J. Bunker to J. Bor-Zale (Sept. 21, 2024)].

As relevant here, the parties disagreed on four issues: (1) whether the MIL rulings would stand if this Court ordered a bench trial, (2) whether the MIL 2 ruling permitted Plaintiffs to present evidence of Apple's recruiting practices for individuals beyond Marcelo Lamego, (3) whether Plaintiffs were barred from changing the documentary

Wilmer Cutler
Pickering Hale
and Dorr LLP

record to present evidence regarding "smart recruiting," and (4) whether Plaintiffs could permissibly add six current and former Apple employees to their "may call live" list of witnesses, when there is no realistic possibility that all could be called due to the length of the trial.  *See* Ex. A at 1-2 [Email from J. Bor-Zale to J. Bunker (Sept. 29, 2024)].

### III.    THE COURT'S *IN LIMINE* RULINGS SHOULD REMAIN IN PLACE REGARDLESS OF THIS COURT'S BENCH TRIAL ORDER

Should the Court decide that *any* new evidence is necessary, it should maintain its prior *in limine* rulings.

*First*, Plaintiffs have not even attempted to meet this Court's demanding standard for reconsideration of those rulings—nor could they.  As this Court has explained, "[a] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *MR Techs., GMBH v. W. Digital Techs., Inc.*, 2024 WL 4150725, at *1 (C.D. Cal. May 24, 2024) (Selna, J.).  Specifically, the moving party must show both "good cause" if filing more than fourteen days after the original order and that one of three unusual situations exists—the only one of which that could possibly apply is "the emergence of new material facts or a change of law occurring after the Order was entered."  Local Rule 7-18(b).

Plaintiffs have met neither requirement.  Most notably, they have not identified *any* relevant change in the factual record or the law that would justify changing this Court's prior decisions, which were all rooted in relevancy, hearsay, and prejudice concerns—evidentiary objections that remain valid in a bench trial.  For example, evidence and testimony that "is irrelevant to the issues of trade secret misappropriation in the United States"—such as statements about Apple's international corporate structure, its foreign partners, or factories that produce Apple products, MIL Order at 3—remains irrelevant regardless of whether it is raised in a jury trial or in a bench trial.  By the same token, "evidence, rulings, and dispositions of other cases" simply have

"little, if any, probative value" in this proceeding, MIL Order at 1, regardless of the identity of the finder of fact.[6]  Plaintiffs offer no rational basis for suggesting the Court's time should be spent receiving evidence it has already deemed irrelevant—in findings that Plaintiffs have not sought to challenge.  And even in a bench trial, Apple will be prejudiced by having to devote time to addressing such irrelevant matters.  Finally, even if there were a change in circumstances regarding the admissibility of one particular statement or piece of information, that is not a reason to vacate **all** MIL rulings—any such change can be addressed at trial, just as Plaintiffs have done in the past.  *See generally* Dkt. 1595 (Plaintiffs' trial brief arguing "Apple opened the door to evidence" previously excluded).

**Second**, regardless of whether the standard for reconsideration applies, this Court's *in limine* order was right when it was decided and remains right today.  While in practice district courts may have "'greater latitude'" in applying the Federal Rules of Evidence in a bench trial, the Rules themselves "apply with equal force in bench trials and jury trials." *See* 21 Graham & Blinka, *Federal Practice & Procedure: Federal Rules of Evidence*, § 5013 (2d ed. June 2024 update); *see, e.g.*, *Applied Medical Resources Corp. v. Tyco Healthcare Group LP*, No. 8:11-cv-1406 (C.D. Cal. Mar. 21, 2014), Dkt. 388 (Selna, J.) (sustaining, *inter alia*, Rule 402, 403, and 802 objections to witness declarations and exhibits in a pre-trial order for a bench trial on patent inventorship claims); *see also, e.g.*, *FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) (applying Federal Rule of Evidence 702 in assessing evidentiary ruling in a civil bench trial).  Thus, for example, even in a bench trial, "[i]rrelevant evidence [would] not [be] admissible," Fed. R. Evid. 402, and hearsay evidence would be precluded unless an

---

[6] Although Plaintiffs have recently argued (in the context of opposing a motion to strike) that evidence related to the International Trade Commission's ban on Apple Watch is relevant to damages, they have not made that argument in their opening brief and thus should be foreclosed from raising it for the first time in reply.  *See Ultimate Franchises, Inc. v. Parsons*, 2018 WL 6016153, at *3 (C.D. Cal. June 13, 2018) (Selna, J.).

exception applies, Fed. R. Evid. 802.  Indeed, this Court's standing order for court trials contemplates that parties will file motions *in limine* and sets forth several standing motions *in limine* that it "deems … to have been made and granted."  Court Trial Order Revised 1-6-10 at 4.

Here, as discussed, this Court's prior ruling granted Apple's MILs 1, 2, and 3 was rooted in this Court's concern that the evidence covered by those motions was irrelevant and/or inadmissible hearsay.  *See* MIL Order at 1-2 (excluding "evidence, rulings, and dispositions of other cases" under Rules 401 and 802); *id.* at 2-3 (excluding "evidence of Apple's foreign operations," "Apple's overall size and financial resources," and "Apple's recruitment of Plaintiffs' employees other than those alleged to have conveyed trade secrets" as "irrelevant" under Rule 401); *id.* at 4 (excluding "statements suggesting that Apple employs a strategy of 'efficient infringement'" and "statements by Steve Jobs" as "irrelevant").  That the Court *also* excluded some of this evidence under FRE 403 because it could *also* confuse the jury, MIL Order at 2-5, does not change the analysis—a bench trial will not transmute irrelevant evidence into relevant evidence, or make hearsay statements automatically admissible.  And, in any event, this Court has sustained *in limine* FRE 403 objections, even in a bench trial.  *See Applied Medical Resources Group*, No. 8:11-cv-1406, Dkt. 388.

Plaintiffs' chief response is to cite (inapposite) cases holding that the absence of a jury reduces the need for a court to resolve evidentiary objections before trial.  *See* Mot. 4-5; *see, e.g.*, *United States v. Heller*, 551 F.3d 1108, 1111-1112 (9th Cir. 2009) (finding no error where district court "made no express ruling" "in advance" of trial on pending motions *in limine* where, "before the court had the chance to rule … [the defendant] waived his right to a jury trial").  Put slightly differently, those cases involved a situation where the district court had not yet ruled on any motions *in limine*.  That is not the case here.  While "[t]he need for *in limine* **motions**" to be decided may become

Wilmer Cutler
Pickering Hale
and Dorr LLP

"moot" upon waiver of a jury trial, *Heller*, 551 F.3d at 1111 (emphasis added), none of Plaintiffs' cases suggests that a party can obtain reconsideration, much less vacatur, of *in limine* **rulings** it dislikes by waiving a jury.

At a minimum, Plaintiffs' request for vacatur should be rejected for efficiency reasons. The Ninth Circuit has long recognized that "addressing … evidentiary issues before trial through motions *in limine*, [allows the] judge and the attorneys … to give them more deliberate and careful consideration[,] … and pretrial rulings on critical evidentiary questions permit the trial to be conducted more efficiently and effectively." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (quoting *Manual for Complex Litigation Second* § 32.23 at 271-272 (1985)). The Court reached its *in limine* rulings after carefully considering the parties' extensive briefing and oral argument. Plaintiffs' alternative is to vacate those rulings—which proved to be effective and administrable guardrails during the first trial—and reargue the same points each time Plaintiffs offer irrelevant exhibits or ask an objectionable question, an approach that would only serve to make the bench trial longer and force the Court to resolve issues it addressed a year-and-a-half ago in a well-reasoned decision. The Court need not waste its own and the parties' resources on that pursuit, particularly when even Plaintiffs' own case law establishes that "saving time" is a valid reason to issue *in limine* rulings in a bench trial. *See Crane-McNab v. County of Merced*, 2011 WL 94424, at *1 (E.D. Cal. Jan. 11, 2011).

## IV.    APPLE'S HIRING OF PLAINTIFFS' FORMER EMPLOYEES (OTHER THAN DR. MARCELO LAMEGO) IS IRRELEVANT TO PLAINTIFFS' REMAINING TRADE SECRET CLAIMS

Should the Court reopen evidence, it should not permit introduction of new evidence related to Apple's hiring of former Masimo employees other than Dr. Lamego. Again, Apple believes this case should be decided on the existing trial record or the

Wilmer Cutler
Pickering Hale
and Dorr LLP

Court should permit, at most, limited supplemental evidence. In either scenario, the existing trial record on these issues would remain. But there should be no new evidence on Apple's hiring of Plaintiffs' other employees because it is irrelevant, and Apple will not open the door to such evidence in any new proceedings.

The Court rightly granted Apple's MIL 2 in full, which as relevant here sought to regarding "to exclude testimony about Apple's recruitment of Plaintiffs' employees other than those alleged to have conveyed trade secrets to Apple." MIL Order at 3.[7] At that time, "Plaintiffs ha[d] not alleged that employees other than Drs. O'Reilly and Lamego misappropriated trade secrets," so the Court concluded that "evidence of Apple's recruitment of other employees is irrelevant." *Id.* Plaintiffs concede (at 6) that, unless the "Court … revisit[s] this … ruling," they are "preclude[d]" from offering evidence about Apple hiring of Plaintiffs' former employees other than Dr. Lamego and Dr. O'Reilly. Mot. 6. This Court should not revisit its prior ruling because—whether reviewed under the demanding reconsideration standard, *see supra* pp. 8-9, or considered in the first instance—Plaintiffs' arguments are meritless.

***First***, Plaintiffs wrongly contend that this Court should admit new evidence regarding Dr. O'Reilly's hiring because this Court's prior MIL 2 ruling purportedly did not cover him. But the ruling plainly extends to any of Plaintiffs' employees "other than those alleged to have conveyed trade secrets to Apple." MIL Order at 3. Because this Court has concluded that the supposed business trade secrets are invalid as a matter of law—and those purported secrets were the only ones Dr. O'Reilly allegedly conveyed—

---

[7] Notably, Plaintiffs have not sought reconsideration of Apple's MIL No. 1 regarding other proceedings. Accordingly, Apple understands Plaintiffs will not seek to introduce opinions or evidence from the August 9, 2024 Updated Kinrich Report related to the parties' ITC proceeding or resulting import ban.

Wilmer Cutler
Pickering Hale
and Dorr LLP

this Court's carve-out from MIL 2 now applies only to Dr. Lamego (who is alleged to have conveyed the five remaining, technical "secrets").[8]

Moreover, the vast majority of the evidence that Plaintiffs cite (at 8-9) for why it would be supposedly "extremely prejudicial" to maintain the current scope of MIL 2 has nothing to do with Dr. O'Reilly's hiring. Instead, it involves incidents that occurred *after* Dr. O'Reilly began working at Apple. *See, e.g.*, Mot. 8-9 (discussing projects Dr. O'Reilly worked on—and events Dr. O'Reilly attended—while at Apple). This evidence could thus potentially be admitted consistent with this Court's MIL ruling so long as it is relevant to the claims remaining for retrial and not inadmissible for other reasons.

Finally, the few pieces of evidence cited by Plaintiffs that relate to Dr. O'Reilly's hiring only reinforce why Dr. O'Reilly should be covered by MIL 2. In particular, Plaintiffs apparently intend to rely on Dr. O'Reilly's statements that Apple was not using Plaintiffs' intellectual property to show Plaintiffs could not have known about the purported misappropriation during the statute of limitations period. Mot. 9. But Plaintiffs have not alleged that Dr. O'Reilly had anything to do with the purported misappropriation of the remaining supposed trade secrets (all of which are highly technical). Accordingly, Dr. O'Reilly's statements about Apple's business practices are irrelevant to whether Plaintiffs should have been aware of Apple's purported misappropriation of the remaining alleged secrets.

**Second**, Plaintiffs briefly argue (at 9) that this Court should reconsider its decision that "evidence of Apple's recruitment of other employees is irrelevant." MIL Order at 3. While this Court ruled mid-trial that Apple's questioning of certain witnesses had

---

[8] In any event, Plaintiffs' assertion (at 8) that Apple "needed to file a motion" to ensure Dr. O'Reilly's hiring was covered by MIL 2 is incorrect. Apple proposed discussing all remaining MIL-related issues at a hearing and did not agree to motion practice for fear of unnecessarily burdening the Court. *See supra* n.2.

Wilmer Cutler Pickering Hale and Dorr LLP

1  opened the door to this issue, *see supra* p. 6, Apple commits to avoid that line of inquiry

2  in the retrial.  (Plaintiffs are thus wrong to say (at 10) that (irrelevant) recruiting evidence

3  is "significan[t] … to Apple's defenses.")  That is, Apple is not asking the Court to

4  revisit that ruling; rather, Apple will not elicit the testimony to which that ruling

5  applied—such that the ruling will be moot in the retrial.[9]

6          Although Plaintiffs assert (at 10) that they were prejudiced by being unable to

7  affirmatively explore the hiring of irrelevant ex-Masimo employees at the start of the

8  trial, they identify nowhere early in the record when they sought permission to examine

9  witnesses on this issue in a manner precluded by MIL 2.  Indeed, recruiting-related

10  evidence they cite as important (i.e., "Apple discussing whether to acquire [Plaintiffs']

11  'people'") comes from a slide deck that was shown during Plaintiffs' opening statement

12  and to Plaintiffs' witnesses without objection.  *Compare* Dkt. 1724 at 2-3 *with* 4/5/23

13  AM Tr. 46 *and* 4/13/23 PM Tr. 134-135.  Plaintiffs do not appear to have raised the only

14  other example they cite (an email referencing hiring the "next level down") to the Court

15  until shortly before they filed their mid-trial motion for leave to discuss Apple's

16  recruiting.  *See* 4/13/23 PM Tr. 133-134.

17  **V.    PLAINTIFFS' ATTEMPTS TO EXPAND THE SCOPE OF THE RETRIAL ARE**

18          **NEEDLESSLY DISRUPTIVE TO APPLE**

19          This Court's FRCP 50(b) order instructed the parties that—in light of the Court's

20  narrowing of issues—the Court expected the jury retrial to be shorter and span no more

21  than eight or nine days of evidence.  *See supra* p. 7.  Of course, with written directs, that

22  estimated time period would narrow further.   Rather than narrow their expected

---

[9] Apple understands the Court's oral ruling to be based on some aspects of Plaintiffs' brief—i.e., Apple opened the door by posing questions to Dr. Hotelling regarding a 2013 presentation and Apple's interviewing practices, and by examining Plaintiffs' executives about employee mobility.  *See* Dkt. 1595.  Apple does not understand the Court to have ruled on the basis of general references to the number of people working on Watch or policy arguments about employee mobility.  *See* 4/13/23 PM Tr. at 133-134.

Wilmer Cutler
Pickering Hale
and Dorr LLP

presentation of evidence, however, Plaintiffs have sought to expand it in numerous ways, ranging from asking the Court to consider each and every evidentiary dispute anew on a piecemeal basis (rather than relying on the existing MIL order), *see supra* p. 11, to seeking to insert new deposition testimony from a proceeding in the District of Delaware on unrelated claims despite the lack of an applicable cross-use agreement, Ex. A at 1-2 [Email from J. Bor-Zale to J. Bunker (Sept. 29, 2024)].   Plaintiffs also seek to dramatically expand their witness list and alter the content of at least one admitted exhibit.  These attempts at a do-ever should be rejected.

### A.    Plaintiffs' Witness List Should Be Narrowed

Plaintiffs' eleventh-hour addition of six additional Apple employee witnesses to their "may call" live list is improper and impractical.  As noted above, the Court has made clear the retrial will take significantly fewer trial days than the original trial.  And given the bench/jury decision, there either should be no trial at all or a starkly limited trial designed solely to supplement the record from last year's trial.

Yet, Plaintiffs have now added six witnesses and (apparently) withdrawn only a single will-call witness:  Dr. Robert Palmatier, its expert on the now-dismissed alleged business trade secrets. *See* Sprankling Decl. ¶ 5.  It is simply not doable for Plaintiffs to put on the stand a net of five more live witnesses in a *shorter* trial.  Moreover, Plaintiffs' approach places undue burden on Apple to prepare and arrange for the testimony of the five new witnesses whom it currently employs when timing constraints will make it impossible for Plaintiffs to call most of them.  Apple accordingly requests this Court clarify that Plaintiffs must rely on existing deposition testimony of these new witnesses in lieu of a direct examination.  At a minimum, Apple requests that this Court order Plaintiffs to immediately identify which of the new Apple witnesses *will* be called to testify live at trial to enable Apple and those witnesses to plan accordingly.

1    **B.    Plaintiffs Should Not Be Permitted To Change The Stipulated**

2    **Documentary Record On "Smart Recruiting"**

3        As discussed above, Plaintiffs previously committed to not presenting a "smart

4    recruiting" theory at trial and stipulated to redacting the e-mail that uses that term from

5    the exhibit it appears in.  *See supra* pp. 5-6.  Plaintiffs are now seeking to alter the

6    stipulated form of that document, thereby ***changing*** the evidence that was submitted in

7    the original trial in a manner that would be highly prejudicial to Apple.  The stipulated

8    form of the document was used ***in that form*** to elicit testimony in the first trial.   *See*

9    4/14/23 AM Tr. 103:17-107:14.   In the retrial, the parties should be permitted discretion

10   in which exhibits they seek to admit; however, they should not be at liberty to alter an

11   exhibit already agreed to long ago.

12       Moreover, the manifest purpose of changing the format of this document is to

13   burden Apple by forcing potential testimony by Apple's CEO, Tim Cook.  This attempt

14   to burden an apex witness at the eleventh hour before trial is yet another reason to deny

15   Plaintiffs' attempt to rewrite the agreed-upon documentary record now.  To the extent

16   the Court permits this change, Apple asks that the Court permit Apple to play Mr. Cook's

17   deposition testimony rather than having to call him as a live witness; Plaintiffs could, of

18   course, play any counter-designations to that same deposition.  But the simplest solution

19   to the problem of Plaintiffs changing the documentary record is to not permit Plaintiffs

20   to change the documentary record.

21                              **CONCLUSION**

22       For the foregoing reasons, Plaintiffs' motion should be denied in full.  In addition,

23   Apple respectfully submits this Court should (1) resolve this case on the existing record

24   created during the first trial or (2) resolve this case on the record from the first trial plus

25   limited supplemental evidence in the form of written direct examinations and cross-

26   examinations beginning on November 5.  If the Court decides to receive ***any*** new

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

evidence (though it need not), Apple requests that the Court maintain the evidentiary limits discussed above.

Dated:  October 8, 2024                    Respectfully submitted,


                                           MARK D. SELWYN
                                           JOSEPH J. MUELLER
                                           AMY K. WIGMORE
                                           JOSHUA H. LERNER
                                           SARAH R. FRAZIER
                                           NORA Q.E. PASSAMANECK
                                           THOMAS G. SPRANKLING
                                           WILMER CUTLER PICKERING HALE AND
                                           DORR LLP

                                           BRIAN A. ROSENTHAL
                                           GIBSON, DUNN & CRUTCHER LLP

                                           KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP



                                           By:  */s/ Mark D. Selwyn*
                                                Mark D. Selwyn


                                           *Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 5,481 words, which:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated:_ October 8, 2024 _____          Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn* _____
   Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*