# EXHIBIT A

| | |
|---|---|
| **From:** | Jared Bunker |
| **To:** | Bor-Zale, James |
| **Cc:** | WH Apple-Masimo Service List; Apple-Masimo; *** Apple-Masimo; Masimo.Apple |
| **Subject:** | RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule |
| **Date:** | Tuesday, October 1, 2024 2:23:19 PM |

**EXTERNAL SENDER**

James,

This responds to several items raised in your email below.

We will review Apple's proposed edits to the pretrial orders and respond at the appropriate time.

We maintain that briefing the parties' disputes regarding the previous motions in limine is the most efficient and effective approach, and as you know, Masimo filed its motion regarding the first two issues identified in my earlier email. Moreover, for the reasons outlined in our motion, we disagree with Apple's position regarding MIL No. 2, and we disagree that evidence related to Dr. O'Reilly is irrelevant.

We maintain that Masimo's list of will/may call live is appropriate. If Apple has any legal support for its objection to Masimo's witness list, please provide it. Please let us know promptly if Apple is refusing to produce any of the Apple employees on Masimo's will/may call list.

Apple's objection to the inclusion of documents and deposition transcripts from the Delaware case is misplaced. The parties agreed to cross-use of the documents produced in the Delaware case, as well as the transcripts for up to 20 identified fact witness depositions from the Delaware case. Dkt. 1945 at 3. We hereby identify Eric Jue, Mark Rollins, and Vivek Venugopal as three such fact witnesses.

To streamline the evidence at trial, Masimo withdraws its deposition designations for Sumbal Desai and Jesse Kirkpatrick.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe** Martens

---

**From:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>
**Sent:** Sunday, September 29, 2024 12:58 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Jared,

We are reviewing the language in the plaintiffs' drafts of the pretrial orders regarding demonstratives, exhibits, and deposition testimony admitted during the April 2023 trial and will provide you our proposed edits. Evidence presented by plaintiffs in support of their business trade secret claim at the prior trial should be excluded from the retrial as those claims have now been dismissed and that evidence, including any evidence related to Dr. O'Reilly, is now irrelevant.

We agree that if the Court maintains the jury trial, the parties should be precluded from presenting to the jury any rulings, dispositions, claim or defense narrowing, or outcomes from the April 2023 trial and any other proceedings, consistent with the Court's ruling on Apple's MIL No. 1.

Regarding the areas of disagreement, we clarify that with respect to #2 in your email, Apple's position is that the Court's MIL rulings do apply. The Court did not change its MIL ruling during the trial as you suggest but rather found the door had been opened to evidence that would be excluded under the ruling. Consistent with the MIL ruling itself, Plaintiffs should not be permitted to present evidence regarding employees other than Marcelo Lamego unless the door is again opened.

We also object to the number of witnesses identified on Plaintiffs' witness list. Plaintiffs have added as live witnesses five Apple employees who did not previously testify at the first trial (Han, Sellers, Shui, Mannheimer, and Zheng). The Court has made clear that the retrial will be shorter, not longer, than the first. Plaintiffs' expansion of witnesses seems calculated to cause undue burden and wasted time for Apple, and is unrealistic in terms of timing given that the issues for retrial have only narrowed. We also object to Plaintiffs' inclusion of deposition designations and exhibits from the Delaware action, as there is no agreement to cross-use, and the protective order in the Delaware action specifically provides that "Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for these cases, and shall not be used directly or indirectly for any other purpose whatsoever." *See* Delaware Action, Dkt. 119.

Apple believes that burdening the Court with three rounds of uninvited briefing on these disputes would not be appropriate, particularly as at least one may be mooted by the Court's decision on already-pending issues. Apple reiterates its proposal that the parties request a telephonic status hearing after Judge Selna rules on the jury trial issues.


Regards,
James


**James Bor-Zale | WilmerHale**
+1 617 526 6079 (t)

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Tuesday, September 24, 2024 7:23:22 PM
**To:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

> **EXTERNAL SENDER**

_____

James,

Thanks for the call yesterday.

Regarding demonstratives, exhibits, and deposition testimony admitted during the April 2023 trial, we seem to be on the same page. We will propose language in the draft pretrial orders we will serve tomorrow. Your side can respond to the language.

We also agreed that if this is a jury trial, the parties will be precluded from presenting to the jury any rulings, dispositions, claim narrowing, or outcomes from the April 2023 trial.

Regarding the MILs and the Tim Cook issue, we understand the parties have three disagreements:

- For a bench trial, we don't think the Court's MIL rulings for the April 2023 trial on these motions should or need to apply to this trial; Apple's position is that they do and should.
- Based on the Court's trial MIL ruling, Masimo's position is that it can present evidence of Apple's recruiting Masimo and Cercacor employees other than Michael O'Reilly and Marcelo Lamego; Apple's position is that the Court's trial MIL ruling does not apply and Masimo may present that evidence only if Apple opens the door again at this trial.
- Apple's position is that because Masimo agreed not to open the door to smart recruiting in the April 2023 trial, Masimo may not introduce evidence of smart recruiting in this trial; Masimo disagrees and maintains that it is not precluded from introducing evidence of smart recruiting in this trial and intends to do so.

Regarding how to present these issues to the Court, we originally suggested presenting them in briefs that follow the MIL schedule. Your team suggested asking the Court for a hearing to discuss the issues. We said we'd consider the issue further and respond. After considering it further, we don't think burdening the Court with a hearing on these issues is appropriate. We don't think the Court will appreciate the parties trying to address these issues through an additional hearing before the pretrial conference. We think that short briefs addressing Issue Nos. (1) and (2) are appropriate, and because those issues are MIL-related, we also think it's appropriate to follow the MIL briefing schedule. Masimo would address Issue Nos. (1) and (2) in an opening brief on Monday, and Apple can respond on 10/7; and Masimo would reply on 10/14. We would organize the briefs and include them with the pretrial conference order.

Regarding how to present Issue No. (3) to the Court, again, we don't think the Court will appreciate an additional hearing on that issue before the pretrial conference. But please provide Apple's position on how the parties should present the issue to the Court.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe Martens**

_____

**From:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>
**Sent:** Sunday, September 22, 2024 6:35 PM

**To:** Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Jared,

We are available to meet and confer at 2:30pm PT.  To preview Apple's position: We object to Masimo reneging on agreements from the original trial and attempting to violate the Court's prior rulings.

Thanks,
James


**James Bor-Zale | WilmerHale**
+1 617 526 6079 (t)

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Saturday, September 21, 2024 7:17 PM
**To:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>
**Cc:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <Apple-Masimo@gibsondunn.com>; Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

**EXTERNAL SENDER**

James,

This responds further to your September 19 email.

Regarding the MILs and agreements/rulings, we think it's important to be precise about the agreements/rulings so there are no misunderstandings. Below, we provide our initial thoughts and positions:

- Bench Trial
  - Masimo MIL / Apple MIL Nos. 1-4: We don't think the Court's MIL rulings for the April 2023 trial on these motions should or need to apply to this trial.
  - Agreements/rulings
    - Demonstratives, exhibits, deposition testimony admitted during the April 2023 trial: to reduce the burden on the parties and the Court, we propose the parties agree that all demonstratives, exhibits, and deposition testimony admitted during the April 2023 trial can be admitted without objection in this trial.
    - Agreement re: Tim Cook as referenced in footnote 1 of Apple's Witness List: We are fine applying the same agreement from the April 2023 trial in this trial. To be clear, Masimo's interrogatory responses still stand and we plan to introduce evidence of "smart recruiting" at trial, so we understand Apple will be bringing Tim Cook live.
  - Jury Trial

     Masimo MIL / Apple MIL Nos. 1-4: We agree that the Court's pre-trial and trial MIL rulings for the April 2023 trial on these motions apply to this trial. The parties would preserve all rights to appeal these rulings.

          Please confirm Apple agrees that the parties are precluded from presenting to the jury any rulings, dispositions, claim narrowing, or outcomes from the April 2023 trial.

          For the avoidance of doubt, the Court's trial MIL rulings include the Court's trial ruling that Masimo can present evidence of Apple's recruiting Masimo and Cercacor employees other than Michael O'Reilly and Marcelo Lamego.

     Agreements/rulings

          Demonstratives, exhibits, deposition testimony admitted during the April 2023 trial: to reduce the burden on the parties and the Court, we propose the parties agree that all demonstratives, exhibits, and deposition testimony admitted during the April 2023 trial can be admitted without objection in this trial.

          Agreement re: Tim Cook as referenced in footnote 1 of Apple's Witness List: We are fine applying the same agreement from the April 2023 trial in this trial. Again, to be clear, Masimo's interrogatory responses still stand and we plan to introduce evidence of "smart recruiting" at trial, so we understand Apple will be bringing Tim Cook live.

We can discuss these on Monday. If Apple thinks there are other agreements/rulings, please identify them, and we can discuss them. We also agree that additional MILs are unnecessary.

As I mentioned, we are available at 2:30 p.m. on Monday. If that time works for you, please let me know, and I can send a meeting invite with a videoconference link.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe** Martens

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Friday, September 20, 2024 4:22 PM
**To:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>; Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

James, we intend to call them live. Also, we plan to respond to the rest of your email later tonight or this weekend. Finally, are you available to confer on Monday at 2:30pm?

**Jared Bunker**
Partner
949-721-2957 **Direct**
**Knobbe** Martens

---

**From:** Bor-Zale, James <James.Bor-Zale@wilmerhale.com>
**Sent:** Friday, September 20, 2024 3:20 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>; Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>;
WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Re: Masimo v Apple (Cal) - Proposed Pretrial Schedule


Jared,

Further to our email below, please confirm today by <u>5pm PT</u> whether Plaintiffs intend to call Chinsan Han, Denby Sellers, Tao Shui, Paul Mannheimer, and Dong Zheng on a "may call live" or "may call by deposition" basis.

Thanks,
James


**James Bor-Zale | WilmerHale**
<u>+1 617 526 6079</u> (t)

---

**From:** Bor-Zale, James
**Sent:** Thursday, September 19, 2024 7:48:18 PM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>; Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>;
WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule


Jared,

Thank you for the summary.  Our responses are as follows:

- **Prior MILs and agreements/rulings.** We look forward to Masimo's response on Apple's positions.  Please provide some windows that work for the Monday meet and confer.

- **Jury Instructions/verdict form.** The proposed dates of October 7 for Masimo's draft and October 14 for Apple's edits and responses work for us.  We also agree that yesterday's call satisfies our meet and confer obligations on jury instructions.

- **Pretrial order.** We look forward to reviewing Masimo's draft on 9/25 and the approach below works for us.

- **Deposition designations for identified live witnesses.**  We agree that the parties should follow the prior agreement here.

One more issue on Masimo's witness list as noted, Masimo's witness list includes five Apple witnesses (not on Apple's witness list) whom Masimo "reserves the right to call the below witnesses live or by deposition."  For Chinsan Han, Denby Sellers, Tao Shui, Paul Mannheimer, and Dong Zheng, please confirm whether these individuals are may call live or may call by deposition.

Regards,
James

**James Bor-Zale | WilmerHale**
+1 617 526 6079 (t)

---

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Wednesday, September 18, 2024 2:57 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

**EXTERNAL SENDER**

Joe, Mark, James:

Thanks for the call for our Rule 16-2 conference. We wanted to memorialize a few things:

- Prior MILs and agreements/rulings. We understand Apple's position that all prior MILs and agreements/rulings are still applicable and that no additional MILs are appropriate.  We are considering Apple's position and expect to respond over the weekend so that we can have a productive discussion during the meet and confer on Monday.  We suggest following the briefing schedule of MILs to address and present any disputes to the Court rather than simply waiting for the pretrial conference to raise these issues.

- Jury Instructions/verdict form. We agreed that Masimo would send its proposed jury instructions/verdict form to your side on October 7 (as included in our proposed pretrial dates). We will use the Court's jury instructions/verdict form as a starting point and edit from there. Apple will provide its edits and response on October 14 (as included in our proposed pretrial dates). The parties will work to ensure that all objections to jury instructions raised for the first trial are preserved.

    - *We believe our call today satisfies the Court's order to meet and confer regarding jury instructions and objections by September 20. If Defendant disagrees, please let us know.*

- Pretrial order. We will send your side a draft next week (as included in our proposed pretrial dates). We will use the Court's order as a starting point and edit from there.

- Deposition designations for identified live witnesses. We proposed that the parties follow their prior agreement that each side need not designate deposition testimony for witnesses identified as live witnesses. If, however, a live witness does not appear, the opposing party may then designate deposition testimony for that witness. You said you would confer with your team and client on this and get back to us.

Sincerely,
Jared

**Jared Bunker**
Partner

949-721-2957 Direct

**Knobbe Martens**

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, September 17, 2024 7:33 AM
**To:** Jared Bunker <Jared.Bunker@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Jared,

While we wait for the Court's ruling on whether the November retrial will be a jury trial (and, if not, determination of whether there need be a retrial at all), Apple will agree to proceed with the below deadlines (with the exception of jury instructions, addressed in my third paragraph) so that the parties can be prepared for any outcome.  However, your proposal still does not address several issues I previously raised:

Whether a jury trial or not, we see no need for further motion-in-limine practice.  As I previously explained, the parties have already engaged in such motion practice, the Court has ruled, and those orders and the stipulations/agreements the parties made with respect to the April 2023 trial remain in effect.  To the extent the parties have any questions about those rulings, they can raise those questions at the Pretrial Conference on October 28th.  Please be prepared to explain Plaintiffs' position at the meet-and-confer on Wednesday.

To the extent there is a jury trial, the Court has already ruled on the jury instructions and verdict form.  As I previously proposed, we suggest the parties meet and confer to discuss whether there is any need to conform those to the elimination of certain issues from this case e.g., Plaintiff's withdrawal of certain claims).  We propose that such meet-and-confer occur 5 business days after an order by the Court stating that there will be a jury trial.  Apple further proposes that the parties use the prior jury instructions and verdict form as a base (restating both sides' prior objections), with each party proposing edits to the final instructions and verdict form based on an agreed-to schedule.  If Plaintiffs agree, the parties would (1) simultaneously exchange any new proposed instructions, any new objections to existing instructions, and any alterations to their proposed verdict form, and then (2) meet and confer on the disputed issues.  Please be prepared to explain Plaintiffs' position at the meet-and-confer on Wednesday.

We further understand the Final Pretrial Conference Order (to be filed on Oct. 15) will be substantively the same as the prior filing (Dkt. 1483) aside from removal of any references related to the dismissed claims regarding the alleged business trade secrets, removal of any dropped claims, and any changes to witness lists, exhibit lists and/or deposition designations.

If Plaintiffs have additional issues they would like to discuss before the L.R. 16-2 conference, please identify them by 5 PST today.

Thank you,
Nora

**From:** Jared Bunker <Jared.Bunker@knobbe.com>
**Sent:** Monday, September 16, 2024 1:07 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

**EXTERNAL SENDER**

Nora,

The vast majority of pretrial dates are the same for a bench trial and a jury trial. Below is our proposal with separate columns for a bench and jury trial. As you can see, the only date before the end of September that differs is a meet and confer on jury instructions. We propose the parties follow all dates on this schedule until the Court rules on whether the trial will be a bench or jury trial. We also propose exchanges take place by 5pm PDT, unless the parties agree otherwise. Please confirm Apple agrees.

Also, we are available for the Rule 16-2 conference on Wednesday at 10:30am PDT. We will send a meeting invite with a videoconference link.

Here's our proposal:

| Event | Date - Bench Trial | Date – Jury Trial |
|---|---|---|
| Witness list | 9/17/2024 | 9/17/2024 |
| LR 16-2 meet and confer | 9/18/2024 (court ordered) | 9/18/2024 (court ordered) |
| Exhibit list | 9/20/2024 | 9/20/2024 |
| Meet and confer re: jury instructions and objections | n/a | 9/20/2024 |
| Deadline to meet and confer re: MILs | 9/23/2024 | 9/23/2024 |
| Exchange exhibits (unendorsed) | 9/24/2024 | 9/24/2024 |
| Depo designations | 9/24/2024 | 9/24/2024 |
| Masimo serves draft proposed pretrial order | 9/25/2024 | 9/25/2024 |
| Opening MILs | 9/30/2024 | 9/30/2024 |
| Counter depo designations / objections | 10/1/2024 | 10/1/2024 |
| Apple's proposed edits to draft pretrial order | 10/4/2024 | 10/4/2024 |
| Masimo to provide draft jury instructions and verdict form | n/a | 10/7/2024 |
| Opposition MILs | 10/7/2024 | 10/7/2024 |
| File memo of contentions of fact & law | 10/7/2024 (court ordered) | n/a |
| Counter-counter depo designations / objections | 10/8/2024 | 10/8/2024 |
| Exhibit list objections | 10/8/2024 | 10/8/2024 |
| ADR deadline | 10/10/2024 (court ordered) | 10/10/2024 (court ordered) |
| Reply MILs | 10/14/2024 | 10/14/2024 |
| Apple responds to draft jury instructions and verdict form | n/a | 10/14/2024 |
| File pretrial conference order (exhibit list, witness list, status report re: settlement); | 10/15/2024 | 10/15/2024 |
| Masimo witness statements | 10/16/2024 (court ordered) | n/a |
| Apple witness statements | 10/23/2024 (court ordered) | n/a |

| Pretrial conference | 10/28/2024 (court ordered) | 10/28/2024 (court ordered) |
|---|---|---|
| File agreed jury instruction and verdict forms and joint statement re: disputed instructions and verdict forms; proposed voir dire questions and agreed-to statement of case | n/a | 10/28/2024 (court ordered) |
| Trial brief | 10/28/2024 | 10/28/2024 |
| Objections to witness statements | 10/31/2024 (court ordered) | n/a |
| Lodge depo designations | 11/05/2024 | 11/05/2024 |

Thank you,
Jared


**Jared Bunker**
Partner
**949-721-2957** Direct
**Knobbe** Martens

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Monday, September 16, 2024 8:23 AM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Kendall,

Given that both parties recognize the need to engage in pretrial exchanges and the court-ordered LR 16-2 meet and confer must occur on Wednesday, Plaintiffs' failure to provide any response whatsoever to the below is inexplicable. The parties should proceed with exchanges on the assumption that the November 5 jury retrial will proceed as scheduled. By noon PST, please confirm whether Plaintiffs will be in a position to exchange witness lists and exhibits lists by 5:30 PST today. Please further provide a response to the remainder of my email, including confirming the time for the September 18 LR 16-2 meet and confer and dial in.

Thank you,

Bira

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Wednesday, September 11, 2024 3:43 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Kendall,

While the parties wait for the Court's ruling on whether Plaintiffs' claims will proceed before the Court or a jury, it is Apple's position that the parties should work through and agree on as much of the schedule as possible in the event

the Court agrees there will be a jury trial.  To that end, Apple proposes the following deadlines:

| Event (exchanges to occur at 5:30 PST on date provided) | Court Ordered Date | Apple Proposed Date |
|---|---|---|
| Witness list | | 9/12/2024 |
| Exhibit list | | 9/13/2024 |
| Exchange exhibits (unendorsed) | | 9/17/2024 |
| Depo designations | | 9/18/2024 |
| LR 16-2 meet and confer (Dkt. 1946) | 9/18/2024 | |
| Counter depo designations/objections | | 9/25/2024 |
| Deadline for ADR (Dkt. 1946) | 10/10/2024 | |
| Counter-counter depo designations/objections | | 10/2/2024 |
| Exhibit list objections | | 10/3/2024 |

For deposition highlighting, we propose the same colors as the parties previously used:

| Depo Designations (Nov. 5 lodging deadline) | *Proposed Highlighting Colors* | |
|---|---|---|
| | *Masimo* | *Apple* |
| Depo. Design. | Green | Yellow |
| Counter Depo. Design and Obj. | Blue | Orange |
| Counter-Counter Depo. Design. and Obj. | Purple | Pink |

For exhibit lists, we reserve the right to object to additions as untimely and/or improper for any reason.

Please confirm you agree to the above.

Thank you,
Nora

---

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, September 6, 2024 6:06 PM
**To:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

EXTERNAL SENDER

Nora,

Thank you for your email.  The Court will shortly rule on whether Masimo's claims will proceed before the Court or a jury.  Masimo proposes that the parties set a schedule for the earlier exchanges that are agnostic to proceeding before the Court or a jury.  The parties can revisit the remainder of the schedule in a week or two.

Regarding exhibit and witness lists, Masimo agrees the parties should work to remove unnecessary materials from the lists.  Masimo also understands that the parties can include a reasonable volume of additions.

Please see Masimo's proposal below.

| Event (exchanges to occur at 5:30 PST on date provided) | Court Ordered Date | Masimo Original Proposal | Apple Proposal | Masimo New Proposal |
|---|---|---|---|---|
| Witness list | | 9/9/2024 | 9/6/2024 | 9/11/2024 |
| Exhibit list | | 9/11/2024 | 9/13/2024 | 9/13/2024 (agreed) |
| Exchange exhibits (unendorsed) | | 9/13/2024 | 9/17/2024 | 9/17/2024 (agreed) |
| LR 16-2 meet and confer (Dkt. 1946) | 9/18/2024 | | | |

Additionally, thank you for providing availability for the September 18 conference. Masimo agrees the conference can proceed telephonically. Masimo will confirm a time.

Best regards,
Kendall

**Kendall Loebbaka**
Partner
**949-721-7687** Direct
**Knobbe** Martens

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, September 5, 2024 1:32 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Kendall,

In addition to the items below that we are waiting for your response, we understand that the parties' prior agreements are still in effect, including the agreement that they may call witnesses of the other party by deposition regardless of whether those witnesses are within the Court's subpoena power or otherwise unavailable under FRCP 32. To the extent Plaintiffs disagree please notify us promptly.

---

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Thursday, September 5, 2024 10:04 AM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Kendall,
Please provide a response to the below, as deadlines under either party's proposals are fast approaching.
Thank you,

Nora

**From:** Passamaneck, Nora Q.E. <Nora.Passamaneck@wilmerhale.com>
**Sent:** Tuesday, September 3, 2024 9:23 PM
**To:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>; WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** RE: Masimo v Apple (Cal) - Proposed Pretrial Schedule

Kendall,

Thank you for providing a proposed pretrial exchange schedule.

As a threshold matter, unless and until the Court holds otherwise, this will be a jury trial, and we understand Plaintiffs' proposal of pretrial exchanges is made under that assumption. Our counter proposals are all based on that same assumption. If the Court holds that there will be no jury trial, then we will need to discuss with the Court what form of proceedings would be appropriate.

In the context of a jury trial:

We see no need for further motion-in-limine practice. The parties have already engaged in such motion practice, the Court has ruled, and those orders and the stipulations/agreements the parties made with respect to the April 2023 trial remain in effect. To the extent the parties have any questions about those rulings, they can raise those questions at the Pretrial Conference on October 28th.

Likewise, the Court has already ruled on the jury instructions and verdict form. For those, we suggest the parties meet and confer to discuss whether there is any need to conform those to the elimination of certain issues from this case e.g., Plaintiff's withdrawal of certain claims). Accordingly, Apple proposes that the parties use the prior jury instructions and verdict form as a base (restating both sides' prior objections), with each party proposing edits to the final instructions and verdict form based on an agreed-to schedule. We suggest that the parties simultaneously exchange any new proposed instructions, any new objections to existing instructions, and any alterations to their proposed verdict forms by September 18 and meet and confer on the disputed issues on September 20—as contemplated by the Court's May 23, 2024 scheduling order. During that meet and confer, the parties can discuss timing for any additional exchanges if necessary before the jury instructions and verdict forms are due on October 28.

For exhibit lists and witness lists, we are open to certain reasonable modifications—including, for example, to eliminate now-irrelevant materials.

We further understand the Final Pretrial Conference Order (to be filed on Oct. 15) will be substantively the same as the prior filing (Dkt. 1483) aside from removal of any references related to the dismissed claims regarding the alleged business trade secrets, removal of any dropped claims, and any changes to witness lists, exhibit lists and/or deposition designations.

For deposition highlighting, we propose the same colors as the parties previously used:

| Depo Designations (Nov. 5 lodging deadline) | Proposed Highlighting Colors | |
|---|---|---|
| | *Masimo* | *Apple* |
| Depo. Design. | Green | Yellow |
| Counter Depo. Design and Obj. | Blue | Orange |

| Counter-Counter Depo. Design. and Obj. | Purple | Pink |
| --- | --- | --- |

Finally, we propose modification to Plaintiffs' proposed dates as shown below.

Please provide Plaintiffs' positions on Apple's proposal by September 4. If Plaintiffs have additional issues they would like to discuss before the L.R. 16-2 conference, please identify them by that date.

As to the parties' meet and confer on September 18, 2024 pursuant to L.R. 16-2, we are available from 9 am to 12 pm PT. Please let us know what time works for lead trial counsel and confirm that, consistent with how the parties previously handled the meet and confer, the conference may proceed telephonically.

Thank you,
Nora

| Event (exchanges to occur at 5:30 PST on date provided) | Court Ordered Date | Masimo Proposed Date | Apple Proposed Date (if different) |
| --- | --- | --- | --- |
| Witness list | | 9/9/2024 | 9/6/2024 |
| Depo designations | | 9/11/2024 | 9/13/2024 |
| Exhibit list | | 9/11/2024 | 9/13/2024 |
| Exchange exhibits (unendorsed) | | 9/13/2024 | 9/17/2024 |
| Exchange list of MILs | | 9/18/2024 | n/a |
| LR 16-2 meet and confer (Dkt. 1946) | 9/18/2024 | | |
| Meet and confer on MILs | | 9/23/2024 | n/a |
| Masimo draft proposed Pretrial Conference Order | | 9/25/2024 | |
| MIL opening (Dkt. 1946) | 9/30/2024 | | n/a |
| Counter depo designations/objections | | 10/2/2024 | 9/20/2024 |
| Apple redlines to proposed Pretrial Conference Order | | 10/4/2024 | |
| MIL opposition (Dkt. 1946) | 10/7/2024 | | n/a |
| Deadline for ADR (Dkt. 1946) | 10/10/2024 | | |
| Exhibit list objections | | 10/10/2024 | 10/3/2024 |
| Counter-counter depo designations/objections | | 10/11/2024 | 9/27/2024 |
| MIL reply (Dkt. 1946) | 10/14/2024 | | n/a |
| Lodge pretrial documents (Dkt. 1946) | 10/15/2024 | | |
| Pretrial Conference (Dkt. 1946) | 10/28/2024 | | |
| Trial (Dkt. 1946) | 11/5/2024 | | |

**From:** Kendall Loebbaka <Kendall.Loebbaka@knobbe.com>
**Sent:** Friday, August 30, 2024 4:41 PM
**To:** WH Apple-Masimo Service List <WHApple-MasimoServiceList@wilmerhale.com>; Apple-Masimo <apple-masimo@haynesboone.com>; *** Apple-Masimo <apple-masimo@gibsondunn.com>
**Cc:** Masimo.Apple <Masimo.Apple@knobbe.com>
**Subject:** Masimo v Apple (Cal) - Proposed Pretrial Schedule

EXTERNAL SENDER

Counsel,

Masimo proposes that the parties agree to a pretrial exchange schedule for the November 5 trial.  Please see Masimo's proposal below.

| Event | Court Ordered Date | Masimo Proposed Date |
|---|---|---|
| Witness list | | 9/9/2024 |
| Depo designations | | 9/11/2024 |
| Exhibit list | | 9/11/2024 |
| Exchange exhibits (unendorsed) | | 9/13/2024 |
| Exchange list of MILs | | 9/18/2024 |
| LR 16-2 meet and confer (Dkt. 1946) | 9/18/2024 | |
| Meet and confer on MILs | | 9/23/2024 |
| Masimo draft proposed Pretrial Conference Order | | 9/25/2024 |
| MIL opening (Dkt. 1946) | 9/30/2024 | |
| Counter depo designations/objections | | 10/2/2024 |
| Apple redlines to proposed Pretrial Conference Order | | 10/4/2024 |
| MIL opposition (Dkt. 1946) | 10/7/2024 | |
| Deadline for ADR (Dkt. 1946) | 10/10/2024 | |
| Exhibit list objections | | 10/10/2024 |
| Counter-counter depo designations/objections | | 10/11/2024 |
| MIL reply (Dkt. 1946) | 10/14/2024 | |
| Lodge pretrial documents (Dkt. 1946) | 10/15/2024 | |
| Pretrial Conference (Dkt. 1946) | 10/28/2024 | |
| Trial (Dkt. 1946) | 11/5/2024 | |

Best regards,
Kendall

**Kendall Loebbaka**
Partner

**949-721-7687** Direct

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.