Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Jared C. Bunker (Bar No. CA 246,946)
jared.bunker@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation

Plaintiffs,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY PREVIOUS RULINGS ON MOTIONS IN LIMINE**

Pre-Trial Conf.: 10/28/2024
Trial: 11/05/2024

Hon. James V. Selna

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION ........ 1

II. THE COURT SHOULD GRANT MASIMO'S MOTION ........ 2

A. The Court Denied Apple's Request To Proceed On The Prior Record ........ 2

B. Apple's "Reconsideration" Argument Lacks Merit ........ 2

C. None Of The Prior *In Limine* Rulings Are Necessary Or Appropriate ........ 3

1. Apple's Request To Apply *In Limine* Rulings From The Prior Jury Trial Is Unsupported ........ 3

2. Apple Fails To Justify Excluding Any Category Of Evidence ........ 6

D. The Court Should At Least Allow Masimo To Rely On Evidence Of Apple's Recruitment Of People Other Than Lamego ........ 7

1. Evidence of Recruiting Beyond Lamego Is Highly Relevant ........ 7

2. The Court Should Not Exclude Evidence About O'Reilly ........ 8

3. The Court Should Not Exclude Evidence About Others ........ 9

III. THE COURT SHOULD DENY APPLE'S ADDITIONAL REQUESTS ........ 10

A. The Court Should Not Limit Masimo's Witness List ........ 10

B. The Court Should Not Bar Masimo From Pursuing "Smart Recruiting" ........ 11

IV. APPLE'S OTHER ARGUMENTS ARE IRRELEVANT AND WRONG ........ 13

V. CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Page No(s).**

*Applied Medical Resources Corp. v. Tyco Healthcare Group LP*, No. 8:11-cv-1406 (C.D. Cal. Mar. 21, 2014), Dkt. 388 .................................. 4, 6

*Certain Light-Based Physiological Measurement Devices*, Inv. No. 337-TA-1276, EDIS Doc ID 760270 .................................................. 13

*Crane-McNab v. Cty. Of Merced*, CV:08-1218 WBS, 2011 WL 94424 (E.D. Cal. Jan. 11, 2011) ........................... 6

*F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878 (9th Cir. 2014) ............................................................................ 4

*Palmerin v. City of Riverside*, 794 F.2d 1409 (9th Cir. 1986) .......................................................................... 5

*United States v. Heller*, 551 F.3d 1108 (9th Cir. 2009) .......................................................................... 5

## OTHER AUTHORITIES

Fed. R. Evid. 804 .......................................................................................... 11, 12

Local Rule 7-18........................................................................................................ 3

## I. INTRODUCTION

Apple seeks to make the upcoming trial replicate the prior jury trial. Apple even demanded that the Court forego a retrial and decide Masimo's claims based on the mistrial record. Such a request violates Ninth Circuit precedent, and the Court rightly rejected it at the latest status conference. The Court should similarly reject Apple's position on the remaining issues in dispute.

***First***, Apple argues Masimo failed to establish the standards for reconsideration of the Court's prior *in limine* ruling. Apple has no basis to assert that reconsideration is required. Regardless, Masimo has shown new material facts because the trial will now proceed as a bench trial. That changes the entire analysis on motions *in limine*.

***Second***, Apple argues the Court should adopt its rulings *in limine* from the jury mistrial in full. But Apple cites no case granting motions *in limine* for a bench trial, much less imposing *in limine* rulings from a jury mistrial on a later bench trial. Although the Court may issue *in limine* rulings in a bench trial, Apple has not shown the Court should do so here. The Court's prior rulings—which were based at least in part on the risk of prejudice to a ***jury***—simply do not apply. The Court should be free to consider the evidentiary record in full rather than categorically excluding swaths of evidence based on *in limine* rulings premised on a jury trial.

***Third***, Apple argues the Court should at least bar Masimo from presenting evidence about former Masimo employees other than Lamego. In doing so, Apple simply ignores Masimo's explanation of relevance to Apple's misappropriation of trade secrets through Lamego. For example, Apple ignores that O'Reilly himself warned Apple that Lamego's knowledge was confidential to Masimo and Cercacor. Apple likewise ignores that the Court already cited Apple's desire to hire the "next level down" from Lamego and O'Reilly in denying Apple's JMOL. Apple never explains how evidence sufficient to create a triable issue of fact for the jury in the prior mistrial is now so irrelevant that it should be categorically excluded in a bench trial.

***Fourth***, Apple argues the Court should not allow Masimo to call "new Apple employees" as live witnesses. None of the witnesses are "new." Masimo deposed them in this case, listed them on its prior witness list, and called them by deposition at the prior mistrial. Apple has never suggested these witnesses are "unavailable" for trial and nothing supports Apple's request to force Masimo to call them by deposition. To the contrary, the Federal Rules require that available witnesses be called live absent agreement of the parties.

***Finally***, Apple seeks to prevent Masimo from relying on Tim Cook's strategy of "smart recruiting." Regardless, contrary to Apple's representation, the Court never excluded evidence of "smart recruiting." Instead, it gave Masimo a choice by ordering that Apple could belatedly add Tim Cook to its witness list ***if*** Masimo presented evidence about "smart recruiting." Masimo simply did not present such evidence at the prior trial. Thus, Apple was not allowed to call Cook at the prior trial. For the upcoming trial, however, Masimo notified Apple long ago that it is pursuing "smart recruiting" evidence. Masimo thus understands from the prior ruling that Apple may decide whether to call Cook. Nothing supports Apple's demand that the Court force Masimo to try the case precisely as Masimo did before.

## II. THE COURT SHOULD GRANT MASIMO'S MOTION

### A. The Court Denied Apple's Request To Proceed On The Prior Record

Apple repeatedly argues the Court need not address Masimo's request because it should decide Masimo's claims on the record from the 2023 mistrial or, alternatively, merely "supplement" the record. Opp. at 3-4. The Court denied both requests during the October 9 status conference, explaining "we're starting from square one." Ex. 16 at 3. Thus, this request by Apple is no longer in dispute.

### B. Apple's "Reconsideration" Argument Lacks Merit

Apple argues the Court should deny Masimo's motion for failing to meet the standard for reconsideration. Mot. at 8-9. But Apple cites no authority for its assertion that motions *in limine* from one trial are binding in a later trial, much less a later bench

trial. The prior *in limine* rulings were issued in the context of the prior jury trial and weighed the risk of jury prejudice despite relevance. Masimo agreed to treat the prior *in limine* rulings as the baseline rather than starting from scratch to avoid burdening the Court, but it should not have to also satisfy the standard for reconsideration.[1] As the Court recently explained, the retrial is "starting from square one." Ex. 16 at 3.

Even if reconsideration were required, Masimo has easily met the standard. *See* Local Rule 7-18(b). Each of the Court's prior *in limine* rulings was based on the upcoming trial being a ***jury*** trial. Dkt. 1469 at 1-2 (granting MIL #1 based on risk of "unfair prejudice, confusion of the issues, and misleading the ***jury***"), 3-4 (granting MIL #2 because evidence "would likely result in delay and confusion to the ***jury***"), 4 (granting MIL #3 because statements were "irrelevant and risk confusing the ***jury***"), 8 (granting MIL #4 in part and cautioning the parties not to "ask the ***jury*** to resolve the legal question").[2] That changed on October 7, 2023, when the Court ruled that it would hold a bench trial. Dkt. 2133. Thus, Masimo has shown new facts that it could not have raised at the time of the original ruling. Though not required, Masimo satisfied the standard for reconsideration.

### C. None Of The Prior *In Limine* Rulings Are Necessary Or Appropriate

#### 1. Apple's Request To Apply *In Limine* Rulings From The Prior Jury Trial Is Unsupported

Masimo's opening brief cited extensive authority explaining how motions *in limine* are unnecessary in bench trials. Mot. at 4-5. Apple cites no case applying *in*

[1] Apple represents that Masimo agreed the pretrial MIL rulings would apply, at least for a jury trial Opp. at 7 (citing Ex. A at 4-5). Apple omits the relevant portion of Masimo's email, which explained "For a ***bench*** trial, we ***don't*** think the Court's MIL rulings for the April 2023 trial on these motions should or need to apply to this trial." Ex. A at 4.

[2] All emphasis in quotations is added unless noted otherwise. Numbered exhibits are attached to the Powell Decl. (Dkt. 2125-3) or Supplemental Powell Decl. (filed herewith). Lettered exhibits are attached to the Sprankling Decl. (Dkt. 2136-1). Citations to the 2023 mistrial transcript are as follows: T[day]-[volume] at [pages].

*limine* rulings from a jury mistrial to a later bench trial. In fact, Apple cites no case granting ***any*** *in limine* motion for a bench trial.

Instead, Apple argues the Federal Rules of Evidence still apply with "equal force" to a bench trial. Opp. at 9. That is true but irrelevant because Masimo is not asking the Court to disregard the Rules of Evidence. The Court is, of course, free to determine that certain pieces of evidence are inadmissible. For example, Apple may object to individual exhibits or any portion of a witness statement. Masimo simply asserts that blanket *in limine* exclusions are unnecessary for the upcoming bench trial. The Court should consider the proffered evidence in the context of the full trial and decide any evidentiary issues once the appropriate context is established. The Court is more than capable of doing so without risk of prejudice.

None of Apple's cited cases addressed motions *in limine* in a bench trial. Apple cites a prior order from this Court in another case, but Apple admits that order merely sustained objections to specific exhibits and paragraphs of witness statements. Opp. at 9 (citing *Applied Medical Resources Corp. v. Tyco Healthcare Group LP*, No. 8:11-cv-1406 (C.D. Cal. Mar. 21, 2014), Dkt. 388). That order did not preclude entire categories of evidence *in limine*. As in *Applied Medical*, the Court here should consider objections to specific exhibits and portions of witness statements rather than exclude categories of evidence *in limine*.

Similarly, Apple cites a Ninth Circuit decision that did not address an *in limine* ruling. *See F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014). Instead, that decision merely held that a district court did not abuse its discretion by ***admitting*** an expert's testimony under *Daubert*. *Id.* And, there, the Ninth Circuit recognized there is less danger of allowing questionable expert testimony during bench trials. *Id.*

Next, Apple cites this Court's standing order for bench trials because it contemplates the possibility of motions *in limine*. But Apple ignores the Court's introduction on *in limine* motions: "Because the matter will be tried to the Court, the Court believes that there should be a ***much reduced*** need for motions *in limine*." Ex. 17

(Court Trial Order Revised 1-6-10 at 4) at 4. Apple has not attempted to show any of the prior *in limine* rulings meet that standard, much less ***all*** of them.

Lacking any supporting authority, Apple argues that Masimo's cases are not on point. For example, Apple argues the Ninth Circuit's decision in *Heller* is inapplicable because the defendant waived his right to a jury trial ***before*** the Court ruled on motions *in limine* rather than after a jury mistrial. Opp. at 10 (citing *United States v. Heller*, 551 F.3d 1108, 1111-1112 (9th Cir. 2009)). But Apple does not explain why that distinction matters. The Ninth Circuit held: "The need for *in limine* motions was moot once it was clear that Heller had waived his right to a jury trial." *Heller*, 551 F.3d at 1112 ("For logistical and other reasons, pretrial evidentiary motions may be appropriate in some cases. But here, once the case became a bench trial, any need for an advance ruling evaporated"). That holding applies with equal force here.

Apple also argues the Court should maintain its prior *in limine* rulings for "efficiency reasons." But Apple's sole support for that proposition addressed a ***jury*** trial. *See Palmerin v. City of Riverside*, 794 F.2d 1409, 1410 (9th Cir. 1986). Indeed, the very paragraph that Apple cites makes clear the "efficiency" reasons were specific to a jury trial. *Id.* (explaining *in limine* rulings reduce the need for "argument ***outside the hearing of the jury***" and prevent disruptions that could "render the proceedings incoherent ***to the jurors***").

Apple's "efficiency" argument also ignores that the Court has imposed time limits on the presentation of evidence. Ex. 16 at 4-6. Thus, adopting the prior *in limine* rulings will not save time at trial. Any party that wastes time on irrelevant evidence suffers the natural consequence of losing precious trial time. Certainly, Masimo does not plan to waste time on irrelevant matters. But the parties should be free to spend their precious trial time however they choose without being hampered by broad *in limine* rulings that now serve no practical purpose. The Court should likewise be free to consider the probative value of evidence in the context of the entire trial record.

Finally, Apple argues that Masimo's "own case law establishes that 'saving time' is a valid reason to issue *in limine* rulings in a bench trial." Opp. at 11 (citing *Crane-McNab v. Cty. Of Merced*, CV:08-1218 WBS, 2011 WL 94424, *1 (E.D. Cal. Jan. 11, 2011)). But Apple misstates the case. That case explained that the traditional rationale of motions *in limine* "saving time" in a jury trial did ***not*** apply because the court was holding a bench trial. *See Crane-McNab* 2011 WL 94424, *1 ("The second, saving time, is outweighed here by the additional time that would be used in litigating the motions before trial and by the loss of the court's ability to consider evidence in the context of the trial and weigh the probative value of the evidence against the admissibility concerns."). Thus, *Crane-McNab* does not support Apple.

**2. Apple Fails To Justify Excluding Any Category Of Evidence**

Apple makes little attempt to show any particular category of evidence should be categorically excluded from a bench trial. Instead, Apple simply lists off categories of evidence and inaccurately represents the Court found them all "irrelevant and/or inadmissible hearsay." Opp. at 10. In doing so, Apple again ignores that the Court's ruling on all four MILs specifically referenced prejudice and confusion to the "jury." Dkt. 1469 at 1-4, 8. That analysis no longer applies and Apple has not attempted to show its alleged prejudice is so severe as to justify a rare *in limine* exclusion in a bench trial. Masimo obviously will not waste its precious trial time on irrelevant matters, but Apple has not justified a blanket exclusion. As Apple's own authority makes clear, the preferred course in a bench trial is to address specific objections to specific evidence. *See Applied Medical Resources*, No. 8:11-cv-1406, Dkt. 388 (addressing objections to exhibits and witness statement paragraphs).[3]

[3] Apple argues Masimo is no longer asserting the ITC ban is relevant to damages and has not asked the Court to modify MIL No. 1 to introduce such evidence. Opp. at 9 n.6, 12 n.7. As Apple admits, Masimo briefed the relevance of the ITC ban in a pending motion that Masimo has ***not*** withdrawn. *Id.* at 9 n.6. Moreover, this motion ***does*** assert that the prior MIL rulings—including MIL No. 1—are no longer necessary.

**D. The Court Should At Least Allow Masimo To Rely On Evidence Of Apple's Recruitment Of People Other Than Lamego**

Even if the Court leaves some *in limine* rulings in place, it should not exclude evidence of Apple recruiting employees other than Lamego. Apple presents no basis for excluding such evidence again, especially now in a bench trial.

**1. Evidence of Recruiting Beyond Lamego Is Highly Relevant**

Masimo's opening brief explained how Apple's recruitment of employees other than Lamego is highly relevant to showing Apple misappropriated trade secrets through Lamego. Mot. at 6-10. Apple simply ignores most of this evidence. For example, Apple ignores all of the following:

- O'Reilly's warning that most of Lamego's knowledge would be "confidential information of Cercacor or Masimo." EX. 5; T8-2 at 591, 125.
- O'Reilly telling Apple that Masimo had "engineers and scientists" who could inform Apple of "the approaches they tried historically, some of the hurdles they faced, what worked and what didn't, etc." Ex. 1.
- "Project Everest," which discussed Masimo's technology and whether Apple should partner with Masimo or get what it needed by acquisition of Masimo's "people." Ex. 7 at -776.
- Apple's "confidential project" to work on recruiting "the next level down" from Lamego and O'Reilly. Ex. 9; T12-1 at 12-14, 29.
- That Apple declined to hire one person until Lamego told them he had "exclusive knowledge" from his work at Cercacor. Ex. 11; T12-1 at 14-16; T11-1 at 32-35, 63.
- That Apple declined to hire Masimo employees who refused to disclose Masimo information during interviews. Ex. 10; T11-1 at 32-34.
- That Apple overpaid Lamego and O'Reilly based on their knowledge at Masimo and used financial inducements to acquire Masimo's trade secrets.

T8-2 at 129-130; T9-1 at 64-65; T9-2 at 62-63, 69-70; Ex. 12; Ex. 13 at 989-990.

Apple likewise ignores the Court's JMOL order discussing some of this evidence in denying Apple's request for JMOL on the technical trade secrets taken by Lamego. Dkt. 1901 at 2-3 (discussing Apple proceeding with joint development or acquiring Masimo's "people" and Apple recruiting "the 'next level down' from Lamego and O'Reilly"). Thus, Apple is not seeking to exclude "irrelevant" evidence. Apple seeks to exclude the very evidence this Court cited in denying JMOL. Apple cites no authority for such an extraordinary request, much less in the context of a bench trial.

Rather than address Masimo's evidence or the Court's JMOL order, Apple again mischaracterizes the Court's prior MIL order in asserting the Court found all evidence of recruiting other employees categorically "irrelevant." Mot. at 12 (citing Dkt. 1469 at 3). Apple is wrong. The order actually found "such evidence ***could*** give rise to an inference of plan, intent, etc." Dkt. 1469 at 4. The Court excluded the evidence at the time because it could result in "confusion to the jury" such that its prejudicial value outweighed its probative value. *Id.* Those concerns no longer apply to a bench trial. The Court is obviously capable of considering the evidence for its probative value without succumbing to prejudice.

**2. <u>The Court Should Not Exclude Evidence About O'Reilly</u>**

Apple raises two arguments for excluding evidence about O'Reilly. Both lack merit. ***First***, Apple argues the evidence that Masimo cited about O'Reilly concerned his work at Apple, not recruiting. Opp. at 13. Apple argues such evidence "could" "potentially" be admitted under some circumstances. But Apple does not explain its position, which is inconsistent with the position that it has taken elsewhere that ***all*** evidence referencing O'Reilly in any way is inadmissible. Ex. 18 (Apple arguing "any evidence related to Dr. O'Reilly, is now irrelevant").

Regardless, O'Reilly's recruitment provides context and foundation for much of this evidence. For example, O'Reilly's warning that Lamego's knowledge was

"confidential information of Cercacor or Masimo" is far less impactful without explaining the basis for O'Reilly's warning: his prior work with Lamego. The same is true for O'Reilly's statement that Masimo had "engineers and scientists" who could tell Apple "the approaches they tried historically, some of the hurdles they faced, what worked and what didn't, etc." Ex. 1.

***Second***, Apple argues O'Reilly's assurances about Apple's "business practices" are not relevant to Apple's statute of limitations defense for the technical trade secrets. Opp. at 13. But O'Reilly did not merely represent that Apple was not using Masimo's "business practices." He told Kiani that Apple respected Masimo's intellectual property and was not working on competitive technology. T2-2 at 38:15-22. O'Reilly also assured Kiani that his presence at Apple was "going to get [Masimo and Apple] closer together . . .." *Id.* at 38:15-39:3. And he repeatedly assured Kiani that "Apple has no interest in pulse ox, they don't care about SpO2; nobody cares about SpO2." *Id.* at 38:23-39:16. Kiani believed those assurances based on his deep friendship with O'Reilly, which was formed at Masimo. *Id.* at 39:8-41:10; T10-1 at 50:6-52:13; Ex. 14.

Such assurances are clearly relevant to Masimo and Kiani's state of mind as to whether Masimo "knew or should have known" about Apple's misappropriation. Indeed, the Court found the mistrial record raised factual issues regarding Kiani's state of mind and if Kiani "did enough with the information he had." Dkt. 1724 at 12-13. O'Reilly's assurances, and Kiani's trust in O'Reilly, are plainly relevant to such an inquiry even if O'Reilly himself did not misuse Masimo's trade secrets.

**3. <u>The Court Should Not Exclude Evidence About Others</u>**

Apple argues the Court should not allow evidence about it recruiting others because Apple "commits to avoid that line of inquiry in the retrial." Opp. at 13-14. But Apple ignores the significant relevant evidence discussed in Masimo's opening brief. *See supra* Section II.D.1 (bullet point list). Apple also ignores that the Court's JMOL order relied on the "next level down" evidence that Masimo was only able to present at the mistrial because Apple opened the door. Dkt. 1901 at 2-3. Thus, the evidence is

plainly relevant and prior concerns about jury prejudice are not at issue in the bench trial. Moreover, Apple was supposed to "avoid that line of inquiry" during the mistrial. Masimo should not have to monitor Apple's compliance as Apple repeatedly walks as close to the line as possible until it again violates the order.

Masimo's opening brief also explained how relying on Apple opening the door hampered Masimo's trial presentation. Mot. at 10 (Masimo could not present evidence of Apple recruiting in opening, while examining several Apple witnesses, and with Masimo's witnesses). Apple summarily dismisses Masimo's prejudice because Masimo did not seek to introduce the evidence until after Apple opened the door. Opp. at 14. Apple cannot seriously be arguing that Masimo should have violated the Court's MIL order. Masimo opposed Apple's motion *in limine* at the proper time and sought to open the door at the proper time.

Regardless, Apple does not deny that Masimo did, in fact, suffer prejudice by having to present critical relevant evidence late in the jury trial. Masimo should not suffer the same prejudice now, especially in a bench trial when there is no longer any risk of jury prejudice. The Court is already well aware of that evidence, which should be part of the bench trial record.

## III. THE COURT SHOULD DENY APPLE'S ADDITIONAL REQUESTS

Apple makes two affirmative requests that have nothing to do with the Court's *in limine* rulings or Masimo's Motion. Each request lacks merit.

### A. The Court Should Not Limit Masimo's Witness List

Apple identified Apple witnesses that it will call live. Masimo will cross those witnesses, but Masimo also believes the Court would benefit from a few additional Apple witnesses testifying live rather than by deposition. Apple does not assert any of these witnesses is "unavailable" for trial. Thus, Masimo identified those witnesses on its witness list to call live. Contrary to Apple's assertions, these witnesses are not "new." Masimo deposed them, listed them as "may call" witnesses at the 2023 mistrial trial, and played the depositions for four of them at the 2023 trial.

Apple asks the Court to order Masimo to "rely on existing deposition testimony of these new witnesses in lieu of a direct examination." Opp. at 15. Apple cites no authority for such a proposition, which is unsurprising because it is inconsistent with the Federal Rules. Absent agreement of the parties, prior deposition testimony is inadmissible hearsay unless the declarant is "unavailable." Fed. R. Evid. 804(b). Apple has not suggested any witness is unavailable. Instead, Apple has indicated the witnesses will attend trial if the Court disagrees with its current request. *See* Ex. 21 (asking Masimo to make scheduling accommodations for two witnesses).[4]

Apple argues it is "impossible" for Masimo to call these witnesses given that this trial will be shorter than the 2023 mistrial. Opp. at 15. Apple is wrong. Masimo expects these cross examinations will be relatively short but impactful. Moreover, the Court has already set a time limit on the parties' trial time. Apple should not be allowed to dictate how Masimo spends its own time.

Regardless, in view of the time limits imposed in Wednesday's status conference, Masimo will further narrow its witness list in two ways. First, Masimo does not plan to call Paul Mannheimer live. Second, Apple identified certain family commitments for Denby Sellers (Ex. 21) that Masimo will accommodate by playing her deposition video instead of seeking live testimony at trial. Masimo will call the remaining four Apple witnesses live at trial.

**B. <u>The Court Should Not Bar Masimo From Pursuing "Smart Recruiting"</u>**

Apple also seeks to bar Masimo from relying on Tim Cook's reference to Apple pursuing a "smart recruiting" strategy. Mot. at 16. Apple represents Masimo "stipulated" to redacting "smart recruiting" from an exhibit and is now seeking to "alter" an exhibit introduced at the 2023 mistrial. Nothing supports Apple's spin.

---

[4] The parties have agreed that some other witnesses may be called by deposition even if they are available. Apple does not argue that agreement means Apple can force Masimo to rely on deposition testimony for any other Apple witness of its choosing.

Masimo identified "smart recruiting" as relevant evidence long before the 2023 mistrial, but Apple still did not list Cook on its witness list. Dkt. 1385. Two weeks before trial, Apple sought to add Cook to its list of "live" witnesses to explain the "smart recruiting" email. Dkt. 1477. The Court gave Masimo a choice by ordering that Apple could add Tim Cook to its witness list ***if*** Masimo presented evidence about "smart recruiting. Dkt. 1484. Masimo did not present the "smart recruiting" theory at that trial, so Cook did not testify. To avoid a dispute, Masimo agreed to ***Apple's*** request to hide this information from the jury by redacting the words "smart recruiting." But Masimo never stipulated to anything, much less foregoing "smart recruiting" in a future bench trial.

Far from agreeing not to pursue "smart recruiting" in the future, Masimo disclosed that it would rely on "smart recruiting" in its May 2024 interrogatory responses. 5/8/2024 Supplemental Response to Interrogatory 18 at 83. Apple recognized that disclosure and the Court's prior order when it submitted a witness list that reserved the right to call Cook live ***if*** Masimo pursued smart recruiting at trial. Ex. 19 at 1 n.1. Masimo told Apple that it would pursue "smart recruiting" so that Apple had enough time to choose whether to call Cook live.

Apple argues the "purpose" of Masimo's decision to pursue smart recruiting must be to "burden Apple by forcing potential testimony by Apple's CEO, Tim Cook." Opp. at 16. Apple's is wrong. Masimo has not asked Apple to bring Cook to testify because it can introduce the relevant email through another Apple witness. Apple alone has control of whether it will call Cook live in response.

Finally, Apple asks that the Court "permit Apple to play Mr. Cook's deposition testimony" in lieu of live testimony. Opp. at 16. Apple again cites no authority for its request, which is again contrary to the Federal Rules. As discussed, prior deposition testimony is inadmissible hearsay unless the declarant is "unavailable." *See* Fed. R. Evid. 804(b). Apple has not argued Cook is unavailable. Thus, Apple cannot simply call Cook by deposition.

## IV. APPLE'S OTHER ARGUMENTS ARE IRRELEVANT AND WRONG

Apple also raises a series of other arguments. Masimo does not believe any are relevant, but addresses some of them briefly here for completeness.

***First***, Apple represents that Masimo waived its right to pursue an appeal on lost profits. Opp. at 1, 7. Masimo indicated that it ***would*** waive such a right "***if*** we can resolve this." Ex. 20 at 32. Apple's counsel did not accept Masimo's offer. *Id.* at 39 (Apple admitting that Masimo "might" waive such a right but arguing the Court should hold a jury trial either way). As a result, the parties did not reach an agreement and the Court had to decide whether to hold a bench or jury trial.

***Second***, Apple's continued rhetoric labelling Masimo's claims as supposedly frivolous matches Apple's rhetoric in the International Trade Commission ("ITC"). There, Apple argued Masimo's claims were so baseless that they warranted "severe sanctions." *Certain Light-Based Physiological Measurement Devices*, Inv. No. 337-TA-1276, EDIS Doc ID 760270. The Administrative Law Judge—and the full commission—ruled that Apple infringes Masimo's patents, that Masimo maintained a domestic industry, and issued an exclusion order. The President of the United States refused to intervene after extensive lobbying by Apple, including Tim Cook personally. This resulted in the first ever Exclusion Order for an Apple product.

***Third***, Apple once again improperly relies on a note from the deadlocked jury foreperson in an attempt to persuade the Court on the merits. Opp. at 6. Masimo has refrained from responding to Apple's repeated references because the note unquestionably violated the Court's jury instructions. Dkt. 1715 at 57. But Apple's repetition compels a brief correction. Simply put, the note did ***not*** accurately reflect the jurors' opinions. The foreperson did not share the note with other jurors, asserting it was her right to communicate privately with the Court. Some jurors expressed shock when they later learned what the note said because it was not, in their opinion, accurate. Nor did it match what the foreperson told them it would say.

## V. CONCLUSION

Accordingly, the Court should hold that its prior *in limine* rulings do not apply to the upcoming bench trial. At a minimum, the Court should order that Masimo may present evidence of Apple recruiting individuals other than Lamego.

The Court should also reject Apple's two additional requests to (1) force Masimo to rely on deposition testimony for certain Apple witnesses and (2) force Masimo not to mention Tim Cook's "smart recruiting" strategy.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 11, 2024

By: */s/ Adam B. Powell*

Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Jared C. Bunker
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 4,642 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 11, 2024

By: */s/ Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Jared C. Bunker
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.