# EXHIBIT A

MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S [PROPOSED] SUR-REPLY REGARDING PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PREVIOUS RULINGS ON MOTIONS IN LIMINE (DKT. 2143)**<br><br>Pre-Trial Conference: Oct. 28, 2024<br>Trial: Nov. 5, 2024 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Last week, this Court ordered a bench trial based on its finding that Plaintiffs had "abandon[ed] all legal claims." Dkt. 2133 at 1. This Court's ruling was indisputably predicated on Plaintiffs waiver of, among other things, their right to appeal this Court's prior decision striking their lost profits theory. This is because Apple raised that issue as an impediment to a bench trial, *see* Dkt. 2100 at 3-4, Plaintiffs' lead counsel indicated Plaintiffs would voluntarily waive their appellate rights regarding lost profits if doing so secured a bench trial, Dkt. 2143-6 at 32, and this Court granted Plaintiffs' request for a bench trial without addressing lost profits, Dkt. 2133.

Plaintiffs' first filing after the bench trial order now attempts to claw back that waiver based on the unsupported assertion that it was contingent on ***Apple's*** immediate and express agreement. Dkt. 2143 at 13. But Plaintiffs made the offer of waiver to this Court, not to Apple: "[I]f it seals the deal if we can just resolve this, we would forego that appeal ***if the Court*** thought that was necessary to resolve this issue. ***We would offer that*** in order to complete this whole dispute[.]" Dkt. 2143-6 at 32 (emphases added). This Court in turn noted, that "[i]f that occurred" (i.e., if the Court relied on waiver), "it seems to me the [bench trial] issue would turn exclusively on what does Rule 38(d) mean and whether judicial estoppel applies." *Id.* This Court's subsequent ruling is consistent with what this Court contemplated at the September 9, 2024 hearing: It does not address the lost profits issue at all (because Plaintiffs waived it) and instead only resolved Apple's FRCP 38(d) and judicial estoppel arguments. Dkt. 2133.

Having secured the benefit they sought (a bench trial) based on waiver of their lost profits appeal, Plaintiffs cannot now "play[] fast and loose with the courts" by changing course. *See New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001). Either Plaintiffs have waived their right to appeal the lost profits ruling (and are estopped from changing position), or this Court's bench trial ruling cannot stand because it was based on the erroneous premise that there are no legal issues remaining in this case. If Plaintiffs are permitted to go back on their word here, then a jury trial is required. *See* Dkt. 2100 at 3-4.

Dated: October 14, 2024                Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn


*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc. certifies that this brief contains 387 words, which [choose one]:

<u> X </u> complies with the word limit of L.R. 11-6.1

<u>   </u> complies with the word limit set by court order dated [date].

Dated: October 14, 2024                    Respectfully submitted,

                                    MARK D. SELWYN
                                  AMY K. WIGMORE
                                  JOSHUA H. LERNER
                                  JOSEPH J. MUELLER
                                  SARAH R. FRAZIER
                                  NORA Q.E. PASSAMANECK
                                  THOMAS G. SPRANKLING
                                  WILMER CUTLER PICKERING
                                  HALE AND DORR LLP

                                  BRIAN A. ROSENTHAL
                                  GIBSON, DUNN & CRUTCHER LLP

                                  KENNETH G. PARKER
                                  HAYNES AND BOONE, LLP

                        By: <u>*/s/ Mark D. Selwyn*</u>
                                  Mark D. Selwyn

                                  *Attorneys for Defendant Apple Inc.*