Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Jared C. Bunker (Bar No. CA 246,946)
jared.bunker@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Masimo,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Masimo,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br>)<br>)<br>)<br>)<br>)<br>)<br>) Pre-Trial Conf.:  10/28/2024<br>) Trial:            11/05/2024<br>)<br>) Hon. James V. Selna |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Pursuant to this Court's Order Re Joint Submission Regarding Positions on Trial Scheduled [1943] dated April 16, 2024, (Dkt. 1944) and Local Rule 16-4, Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") respectfully submit the following Memorandum of Contentions of Fact and Law for the trial scheduled to commence on November 5, 2024.[1]

## I.  <u>SUMMARY OF THE CASE</u>

Masimo alleges that Apple hired former Masimo employees and improperly obtained from them Masimo trade secrets that Apple used to develop and market products, as well as seek patents. ████████████████

█████████████████████████████████████████

███████

███████ Apple began trying to develop physiological monitoring technology.  To fast track its development, Apple identified and targeted physiological monitoring companies.  Apple recognized Masimo as ██████████████████

█████████████ Apple reached out to Masimo.  Adrian Perica (Apple's VP for corporate acquisitions) told Masimo that Apple was considering ████████████████

███████████████████████ Perica indicated Apple wanted to

████████████████████████ The parties met.  But, instead of working with Masimo, Apple proceeded to hire Masimo employees.  Apple hired Michael O'Reilly (Masimo Corp.'s Chief Medical Officer), Marcelo Lamego (Cercacor's Chief Technical Officer), and ███████████ other Masimo employees.

███████████████████████████████████

███████ Apple also contacted Lamego ███████.  ████████████████

---

[1] This memorandum discusses the claims that currently exist in the case that are set for trial on November 5, 2024.  It does not discuss certain claims and issues that were dismissed from the case, such as the business and marketing trade secrets or Masimo's lost profits damages theory.  Masimo is not abandoning any claims or issues that were dismissed and reserves all rights to appeal such decisions.



Nevertheless, Apple hired Lamego in January 2014 and assigned him to work on the Apple Watch. When Masimo found out about Lamego's hiring, Masimo warned Apple about Lamego's knowledge of Masimo's trade secrets. JTX 778, 1367. Despite these warnings, Apple did nothing to prevent Lamego from disclosing Masimo's trade secrets. Instead, Apple immediately sought out Masimo's trade secrets.

Apple acquired, used, and disclosed Masimo's technical trade secrets during development of the Apple Watch. Apple also filed for patent protection on Masimo's technology, naming Lamego as the sole inventor on some patent applications and a co-inventor on others. Apple disclosed Masimo's trade secrets in some of those applications, constituting additional misappropriation. Through those patent applications, Apple asserts exclusive rights to Masimo technology that Masimo employees invented. Those Masimo employees should be added as named inventors and Masimo should be at least part owner of those patents.

## II.  MASIMO'S CLAIMS AND DEFENSES (L.R. 16-4.1)

Masimo accuses Apple of patent infringement, trade secret misappropriation, and patenting subject matter invented by Masimo employees. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a).

**A.    Summary of Masimo's Claims (L.R. 16-4.1(a))**

Claims 11-12:    Apple infringed Masimo's patents.    The Court bifurcated these claims for trial at a later date.  Dkt. 2062.  Masimo reserves all rights with respect to its Claim 4.

Claim 13:    Apple violated the California Uniform Trade Secret Act, Cal. Civ. Code § 3246 *et seq.* by misappropriating Masimo's trade secrets.

Claims 14 & 20:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 10,078,052.

Claims 15 & 21:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 10,247,670.

Claims 16 & 22:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 9,952,095.

Claim 23:    Masimo is at least a joint owner of U.S. Patent No. 10,219,754.

Claims 26 & 28:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 11,009,390.

**B.    Elements Required to Establish Masimo's Claims (L.R. 16-4.1(b))**

**1.    Claim 13:  Apple's Violation of the California Uniform Trade Secret Act**

Masimo will prove the following elements, by a preponderance of the evidence, for each of Trade Secrets ███████████████ ("Asserted Trade Secret(s)"):

a.    Masimo developed or otherwise lawfully possessed the Asserted Trade Secret;

b.    At the time of misappropriation, the Asserted Trade Secret derived actual or potential independent economic value from not being generally known

-3-

to the public or to other persons who can obtain economic value from its disclosure or use, and was the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

c.    Apple improperly acquired, used, or disclosed the Asserted Trade Secret;

d.    Masimo was harmed, and/or Apple was unjustly enriched; and

e.    Apple's acquisition, use, or disclosure was a substantial factor in causing Masimo's harm, and/or in causing Apple's unjust enrichment.

Cal. Civ. Code § 3426.1.

Masimo may recover for Apple's unjust enrichment from misappropriating Masimo's trade secrets.  Cal. Civ. Code § 3426.3.

The amount of monetary relief need not be calculated with precision.  *Meister v. Mensinger*, 230 Cal. App. 4th 381, 396 (2014) (citing *GHK Assoc. v. Mayer Grp. Inc.*, 224 Cal. App. 3d 856, 873-874 (1990)).  "The law requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." *Id*.  "[E]very misappropriation of trade secrets case requires a flexible and imaginative approach to calculating damages and [ ] each case is controlled by its own peculiar facts and circumstances." *Huawei Techs. Co. Ltd. v. Huang*, 2019 WL 2395276, *4 (E.D. Tex. Jun. 6, 2019) (citing *Univ. Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 538 (5th Cir. 1974)).

Awarding unjust enrichment requires returning the value or benefit the defendant received based on the misappropriation. *Ajaxo Inc. v. E*Trade Grp. Inc.*, 135 Cal. App. 4th 21, 56 (2005).  Unjust enrichment may be measured by disgorging defendant's improperly obtained profits.  *Id*. at 37; *Foster Poultry Farms, Inc. v . SunTrust Bank*, 377 Fed. Appx. 665, 668-69 (9th Cir. 2010).  These ill-gotten profits may be measured by comparing sales of products connected to defendant's misappropriation with sales that are not connected to the misappropriation. *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 623 (9th Cir. 1999) (comparing "sales of modified and unmodified" products to determine unjust enrichment).  When accounting for profits on sales

-4-

attributable to use of a trade secret, "the plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits."  Restatement (Third) of Unfair Competition § 45 cmt. f (1995).

The Court may award reasonable attorneys' fees and costs if it finds willful and malicious misappropriation.  Cal. Civ. Code § 3426.4.

**2.    Claims 14-16, and 28:  Masimo employees are inventors of subject matter claimed in U.S. Patent No. 10,078,052; 10,247,670; 9,952,095; and 11,009,390**

To prove that one or more Masimo employees should be named as inventors of the patents, Masimo must prove by clear and convincing evidence that the omitted inventor(s):

1.    Contributed to the conception of at least one limitation in at least one claim; and

2.    The contribution was not insignificant in quality when measured against the dimension of the full invention.

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009); *Ruling Meng v. Ching-Wu Paul Chu*, 643 F. App'x 990, 994 (Fed. Cir. 2016) (citing *Acromed Corp. v. Sofamor Danek Grp.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001)).

**3.    Claims 20-23, 26:  Masimo is at least a joint owner of U.S. Patent No. 10,078,052; 10,247,670; 9,952,095; 10,219,754; and 11,009,390**

To prove that Masimo has an ownership interest in the patents, Masimo must prove, by a preponderance of the evidence, that:

1.    At least one inventor assigned to Masimo an interest in the patent; or

2.    At least one inventor made an inventive contribution to the patent at a time and under conditions that created an obligation to assign to Masimo any rights in such inventions.

See 13B Fed. Proc. Forms § 52:407.50; 2 Chisum on Patents § 2.04[7][c][ii][A].

C.    **Summary of Key Evidence Supporting Masimo's Claims (L.R. 16-4.1(c))**

    1.    **Claim 13:  Trade Secret Misappropriation Under CUTSA**

        a.    **Masimo's Trade Secrets Were Subject to Reasonable Efforts to Maintain their Secrecy**

Witnesses, for example, Kiani, Diab, Muhsin, Dalke, Poeze, Miller, and Hammarth will testify about the steps Masimo has taken to keep trade secrets confidential, proprietary, and secret at Masimo and Cercacor.  Miller and Hammarth will explain Masimo and Cercacor policies surrounding employment and confidentiality agreements. JTX 769, 1674, 1675, 1676, 2262, 2263, 2266, 2388.  Muhsin and Hammarth will explain the IT practices to guard trade secrets and confidential information.  JTX 828, 2217, 2242, 2394, 2402, 2403, 2404, 2405, 2406, 2561, 2563, 2564.  Kiani will explain the business practices, strategies, and procedures to identify confidential information and protect it.  Dalke, Diab, and Poeze will explain that they understood and maintained company information as confidential. The witnesses will further explain how Masimo derives independent economic value from maintaining the secrecy of its trade secrets.  In addition to these witnesses, Dr. Madisetti will further explain his opinion that the steps Masimo takes to maintain secrecy are reasonable.

Masimo will also demonstrate, through Masimo's confidential and employment-related disclosures to Lamego, that Masimo exposed its trade secrets to him.  The witnesses, for example, Diab, will explain that Lamego had virtually unfettered access to all resources at Masimo while at both Masimo and Cercacor.  JTX 2557, 2560, 2565. Kiani and Diab will also testify that Masimo exposed Lamego to product development plans and analyses of the market for products.

        b.    **Trade Secret** ███

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

    i.    **Masimo Possesses Trade Secret** ███

Masimo witnesses, for example Diab and Kiani, will explain Masimo's development of Trade Secret ███ JTX 172. Diab will explain his laboratory notebooks and ███████████████ JTX 881. Diab and Kiani will testify about recognizing ████████████████████████████████████████████████ ████████████████████████████████████████████ Diab will explain ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ JTX 935, 936, 937. Diab will explain his years of work on developing procedures, features, and techniques ████ ████████████████████████ JTX 938, 939, 940, 941. Diab, Kiani, and other Masimo witnesses will also explain Lamego's involvement in that research and development. JTX 173, 881-83, 896-97, 899, 942.

Diab and Dalke will also explain how Masimo used ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████ JTX 940, 941, 1016, 1028, 1040. Diab will explain Lamego's involvement in the development and use of this trade secret at Masimo. Dr. Madisetti will explain his analysis of the evidence confirming that Masimo developed and uses Trade Secret ███.

    ii.    **Apple Improperly Acquired and Used Trade Secret** ███

Madisetti will explain how Apple misappropriated Trade Secret ███ based on his analysis of ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████████

3 ██████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ██████████████████████████████████████████████

6 ██████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ███████████

### iii.  **Trade Secret ██ Derives Independent Economic Value From Not Being Generally Known**

Kiani and Diab will explain the value that Masimo and Cercacor obtained because of ██ not being generally known.  Kiani and Diab will explain that Masimo realized the importance of ████████████████████████████████████████ ████████████████████████████████.  Kiani and Diab will explain that Masimo invested significant resources, both in dollars and research time, to develop its technologies in this area.  They will also explain the extensive exposure of Lamego to what Masimo had learned and invested in ██████████████████.

Dr. Madisetti will explain his opinion that Masimo's decades of research and development ███████████████████████████████████ ████████████  Madisetti will also explain his analysis of publications and other documents, particularly those identified by Apple during this litigation.  Madisetti will explain that those publications or other documents fail to show that ██ was generally known at the

-8-

time of Apple's misappropriation to the public or to other persons who can obtain economic value from their disclosure or use.

        **c.**      <u>Trade Secret</u> █

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

        **i.**      <u>Masimo Possesses Trade Secret</u> █

Dalke and Diab will explain Masimo's development of ██ JTX 827; 1644. Dalke and Diab will explain the discovery of ████████████████████████ ████████████████ *Id.* Dalke and Diab will explain Masimo's investigation ████████████████████████████████████████████ ████████████████████████████████. *Id.* Dalke will explain how █████████████████████████████████ ████████████████████████████████ ██ JTX 827, 702, 703, 1927, 1082, 1929. Diab will explain his emails and communications with Marcelo Lamego explaining the problem and solutions discovered by Dalke. JTX 1082, 704. Dalke, Muhsin, and Diab will explain that Masimo continues to use and rely upon █████████████████████████████████ ████████████████████████. JTX 1085-1093. Dr. Madisetti will explain his analysis of the evidence confirming that Masimo developed and uses Trade Secret ██

        **ii.**      <u>Apple Improperly Acquired, Disclosed and Used Trade Secret</u> █

Dr. Madisetti will explain how Apple misappropriated Trade Secret ██ based on his analysis of Apple testimony and documents ████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████



### iii. Trade Secret ▮ Derives Independent Economic Value From Not Being Generally Known

Kiani, Diab, and Dalke will explain the value that Masimo and Cercacor obtained because of ▮ not being generally known. Kiani and Diab will explain that Masimo invested ▮

▮ Kiani and Diab will explain that Masimo invested significant resources, both in dollars and research time, to develop its technologies in this area. Madisetti will explain his opinion that Masimo's decades of research and development ▮

█████████████████████████. Madisetti also will explain his analysis of publications and other documents, particularly those identified by Apple during this litigation. Madisetti will explain that those publications or other documents fail to show that █ was generally known at the time of Apple's misappropriation to the public or to other persons who can obtain economic value from their disclosure or use.

### d. **Trade Secret █**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

### i. **Masimo Possesses Trade Secret █**

Diab, Jeroen Poeze, and Madisetti will explain Masimo's development of ████████████████████████████████████████████ Diab will explain his notebooks ████████████████ ████████████████ JTX 798, P-0145. Diab and Kiani will explain the ████████████████████████████████. JTX 800, 806. Diab will explain his work with Lamego in the early 2000s ████████████████ Dalke will explain the development of ████████████████████ ████████████████ JTX 811, 827, 1951. Diab will explain the development of ████████████████████████████████. JTX 812, 878. The witnesses will explain the development of ████████████████ ████████████████ JTX 827, 1951. Diab and Kiani will explain Lamego's exposure to ████████████████ JTX 828, 829.

Poeze will explain his work with Lamego at Cercacor on ████████ ████████ JTX 831, 832, 833, 1728. Poeze will explain his notebooks and development documents regarding the ████████████ JTX 832. Documents, such as █████████████████████████████████████████

1　█████████████████████████████. JTX 831, 832, 833, 1728.  Poeze will

2　explain that these developments ended up ████████████████████. Masimo

3　emails and documents confirm that Lamego's involvement in █████████

4　████████████████████ JTX 833, 836, 1728, 784, 1913, 2890.

5　Masimo also filed for and obtained a patent, listing Lamego as an inventor, describing

6　performance benefits from computing coefficients as part of system calibration,

7　initialization procedures, and/or at regular intervals.  JTX 765.  Madisetti will explain

8　that, based on his review of the evidence, Masimo developed and possessed ████

ii.　**Apple Improperly Acquired, Disclosed, and Used Trade Secret ████**

11　　　Madisetti will explain how Apple misappropriated Trade Secret ████.  Masimo will

12　also present supporting evidence through Apple testimony and documents such ████



24　　　Apple then filed a patent application that issued as U.S. Patent No. 10,219,754,

25　naming Lamego as the sole inventor.  JTX 754, 795, 862, 1262. █████████████

1 █████████████████████████████████████████████████

2 █████████████████████████████████████████████████

3 █████████████████████████████████████████████████

4 ████████████████████████████

### iii.    Trade Secret █ Derives Independent Economic Value From Not Being Generally Known

Kiani and Diab will explain the value that Masimo and Cercacor obtained because of █ not being generally known.  Kiani and Diab will explain that Masimo invested in research and development on ███████████████████████████████████████████ Kiani and Diab will explain that Masimo invested significant resources, both in dollars and research time, to develop its technologies in this area.

Madisetti will explain his opinion that Masimo's decades of research and development ███████████████████████████████████████████████████████████████ Madisetti also will explain his analysis of publications and other documents, particularly those identified by Apple during this litigation.  Madisetti will explain that those publications or other documents fail to show that █ was generally known at the time of Apple's misappropriation to the public or to other persons who can obtain economic value from their disclosure or use.

### e.    Trade Secret █

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

### i.    Masimo Possesses Trade Secret █

Diab, Poeze, and Madisetti will explain Cercacor's development of ████████ █████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████ Poeze will explain the development of the ████████ at Cercacor and his work with Lamego on that project. JTX 831, 832, 833, 1728. Poeze will explain his notebooks and development documents █████████████████████████████████ ███████ Ex. 832. Poeze will also explain that Lamego explained ████████████████ ████████████████████████████████████████████████ Poeze's notebook ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████ JTX 832. The notebook shows ███████████████ █████████████████████ Diab will explain the advantages of ████████████ ████████████████████████████████████████████████████████ ███████ Poeze will explain the ██████████████████████████████ ████████████████████████████████████. Madisetti will explain that, based on his review of the evidence, Masimo developed and possessed ████

ii.  **Apple Improperly Acquired, Disclosed and Used Trade Secret ████**

Madisetti will explain how Apple misappropriated Trade Secret ████. Masimo will present supporting evidence through Apple testimony and documents such ████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████

Apple filed a patent application that issued as U.S. Patent No. 10,219,754, naming Lamego as the sole inventor. JTX 754, 795, 862, 1262. Madisetti will explain ████████

1  ████████████. Madisetti will also explain ████████████████

2  ██████████████████████ Additional Apple evidence

3  and testimony ████████████████████████████████

4  ███████████████████ JTX 153, 189, 238, 239, 412, 413, 415, 875.

5      iii.    **Trade Secret █ Derives Independent Economic Value**

6              **From Not Being Generally Known**

7      Kiani and Diab will explain the value that Masimo and Cercacor obtained because

8  of █ not being generally known. Kiani, Diab and Poeze will explain that Masimo

9  invested in research and development on ████████████████████

10  ████████████████████████████████████████

11  ████████ Kiani, Diab and Poeze will explain that Masimo invested significant

12  resources, both in dollars and research time, to develop its technologies in this area.

13      Madisetti will explain his opinion that Masimo's decades of research and

14  development on ████████████████████████████████

15  ████████████████████████████████████████

16  ████████ Madisetti also will explain his analysis of publications and other

17  documents, particularly those identified by Apple during this litigation. Madisetti will

18  explain that those publications or other documents fail to show that █ was generally

19  known at the time of Apple's misappropriation to the public or to other persons who can

20  obtain economic value from their disclosure or use. Madisetti will also explain that none

21  of the evidence suggests that Apple gained knowledge of █ from any of the identified

22  publications or documents.

23      f.    **Trade Secret █**

24  ████████████████████████████████████████

25  ████████████████████████████████████████

26  ████████

27  ████████████████████████████████████████

28  ████████████████████████████████████████



1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████

          i.     **Masimo Possesses Trade Secret** ████

Diab, Poeze, and Madisetti will explain Cercacor's development of ████████

████████████████████████████████████████████████████████

████ Poeze will explain the development of this ████████████████ at Cercacor

and his work with Lamego on that project. JTX 831, 832, 833, 1728. Poeze will explain

his notebooks and development documents regarding these ████████████████

JTX 832. Poeze will explain that the ███████████████████

████████████████████████████ JTX 831. Poeze will also

explain that the ████████████████████████████████

████████████████████████ JTX P-0116. ███████████

██████████████████████████ *Id.*

Poeze will explain that his notebook (JTX 832) and the ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ Poeze and Madisetti will explain that the

██████████████████████████ Poeze and Madisetti will explain that Poeze's notebook and the ████████

████████████████████████████████████████████████████

████████████████████ JTX 832. Specifically, the notebook and ███████████



Madisetti will explain that, based on his review of the evidence, Masimo developed and

possessed

      ii.    **Apple Improperly Acquired, Disclosed and Used Trade Secret** ▮

Madisetti will explain that Apple disclosed Trade Secret

JTX 1262.

Additional Apple evidence and testimony from

JTX 153, 189, 238, 239, 412, 413, 415, 875.

iii.    **Trade Secret** ▌ **Derives Independent Economic Value From Not Being Generally Known**

Kiani and Diab will explain the value that Masimo and Cercacor obtained because of ▌ not being generally known. Kiani and Diab will explain that Masimo invested in research and development on ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Kiani and Diab will explain that Masimo invested significant resources, both in dollars and research time, to develop its technologies in this area. Madisetti will explain his opinion that Masimo's decades of research and development ▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Madisetti also will explain his analysis of publications and other documents, particularly those identified by Apple during this litigation. Madisetti will explain that those publications or other documents fail to show that ▌ was generally known at the time of Apple's misappropriation to the public or to other persons who can obtain economic value from their disclosure or use.

g.    **Apple Acquired Masimo's Trade Secrets Through Improper Means And Knew or Should Have Known That Lamego Improperly Provided Masimo's Trade Secrets**

Masimo witnesses, including Kiani, will testify and provide documentary evidence of informing Apple about the confidentiality obligations of Masimo and Cercacor employees. Apple's witnesses, including O'Reilly and Perica, will testify regarding whether Apple knew or had reason to know Lamego was improperly providing Masimo's trade secrets to Apple.

Apple's witnesses, including Hotelling, will testify ▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌



Apple's acts regarding Masimo are consistent with Apple's history of efficient infringement and Steve Jobs' statements "good artists copy; great artists steal – and we have always been shameless about stealing great ideas" and "it's better to be a pirate than join the navy." JTX 2814-2816.

Perica and Kiani will also testify that Apple met with Masimo in May 2013.

Lamego offered to help solve Apple's patient monitoring problems in exchange for a senior executive position at Apple. *Id.* Lamego also informed Cook of his high-level position at Cercacor and his access to Cercacor confidential information. *Id.*

JTX 566 at -007; JTX 263 at -760

Kiani will testify regarding correspondence warning

Apple about Lamego's knowledge of Masimo's trade secrets.  JTX  778.  Despite the warnings, Apple ultimately hired Lamego to work with the ███████████████████

██████████████████████  JTX 1786 at 27.

Immediately after Lamego started at Apple, ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████

Madisetti will explain how Apple misappropriated Masimo's trade secrets based on the evidence summarized above for each of the Asserted Trade Secrets.

Lamego used Masimo's trade secrets in the course of his employment and disclosed those trade secrets to Apple in technical discussions, business discussions, documents, and invention disclosures.  Thus, Apple is also liable under the doctrine of respondeat superior.  *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *3 (N.D. Cal. July 13, 2010).

> ### h.    Masimo Was Harmed and Apple Was Unjustly Enriched by Apple's Misappropriation

Kiani will testify to ████████████████████████

████████████████████████████████████████████

████████████████████████████████████  Kiani will testify

that Masimo became the industry leader in the pulse oximetry industry through its revolutionary technology, but that also required more than a decade of hard-fought intellectual property litigation against incumbent pulse oximetry companies that chose to infringe Masimo's patents.  Kiani will testify that after patent litigation against *Nellcor*, nearly the entire pulse oximetry industry included Masimo's gold-standard technology noninvasive monitoring technology in their monitor products by obtaining components that provide Masimo technology directly from Masimo on an OEM basis. Kiani will further testify that Masimo's successful patent litigation against Philips and Mindray helped confirm Masimo as the technology leader for light-based physiological measurements.

Apple's witnesses, including ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████ Masimo witnesses, including Kiani will explain that in 2013, Apple contacted Masimo to explore using Masimo's technology in Apple's products. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████ Kiani will explain that in June 2013, after Masimo and Apple had met and while the parties were planning a follow-up meeting, Apple hired Masimo's Chief Medical Officer, Dr. Michael O'Reilly. ████████████████████████

1 ████████████████████████████████████████████████████

2 █████████████████████████████████████████

3      In October 2013, Cercacor's Chief Technical Officer, Marcelo Lamego emailed

4 Tim Cook.  Lamego referenced his 10 years of experience at Masimo and Cercacor and

5 offered to solve Apple's problems in exchange for a senior technical position.  JTX 1719.

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████

13      But rather than collaborate, and ███████████████████████, Apple

14 promptly hired Lamego.  After Lamego and O'Reilly began disclosing Masimo's trade

15 secrets to Apple, Apple abandoned the business relationship with Masimo and decided

16 to not █████████████████████████

17      Kiani will testify that ████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ██████████████████████████Kiani will testify that Apple ████████████████

21 ████████████████████████████████████████████████████

22 ████     Masimo witnesses, including Kiani, Muhsin, Al-Ali, and Scruggs will testify

23 that Masimo later decided to ████████████████████████They will further

24 testify Masimo ███████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████

28

-23-

1   They will also testify to development and manufacturing process planning for the █████

2   █████ and the Masimo W1 Watch.

3       Kiani and Muhsin will testify that ████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████

5   █████    Kiani and Muhsin will testify to ████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████

7   Kiani, Muhsin, and Scruggs will testify that no technological barrier prevented Masimo

8   from designing ███████████████████████████████████ They will further

9   testify that █████████████████████████████████████████████

10  ███████████████████████. Kiani, Muhsin and Scruggs will also testify to the technical

11  capabilities and accuracy of the ████████████████ Jeff Kinrich will testify to

12  Apple's unjust enrichment based on trade secret misappropriation. Madisetti will testify,

13  as described above, that Apple used Masimo's technical trade secrets in ████████████

14  ████████████

### i.   Apple's conduct was willful and malicious

16      The evidence discussed above in the above sections also supports a finding that

17  Apple's misappropriation was willful and malicious.

18  **2.   Claim 14 & 20:  Masimo employees are inventors of subject matter**

19  **claimed in, and Masimo is at least a joint owner of, U.S. Patent**

20  **No. 10,078,052**

21      Masimo's witnesses, for example, Diab, Kiani, and Poeze, will explain the

22  development of sensors. ██████ and/or Madisetti ████████████████████████████

23  ███████████████████████████████████ JTX 1227, 1214, and 1910.

24  Diab will also describe the design of the ████████████████████████████████████

25  ██████ JTX P-005, 777, 1222, 1223, 1225, and 1226. Diab and/or Madisetti will also

26  describe features disclosed in U.S. Patent Application No. 2006/0211924 and U.S.

27  Patent Publication No. 2010/0030040 and Diab's 1992 Notebook. JTX 1206, 1207,

28  1227, 1267, 1910. Poeze and/or Madisetti will describe features disclosed in U.S. Patent

-24-

Publication No. 2010/0030040 and U.S. Patent Application No. 2011/0082711. JTX 1207, 1205. Apple's witnesses, including Ness and Han, will testify that none of the named Inventors other than Lamego contributed the idea of incorporating a reflective surface.

Witnesses including Kiani, Diab, Lamego, and Madisetti will explain that Masimo employees, including Lamego, assigned to Masimo any interest in the patent or made an inventive contribution at a time and under conditions that created an obligation to assign to Masimo any rights in the patent.

Madisetti will explain his analysis of the evidence confirming that one or more Masimo employees should be named as an inventor and Masimo is at least a joint owner of U.S. Patent No. 10,078,052. JTX 1239.

### 3. Claim 15 & 21: Masimo employees are inventors of subject matter claimed in, and Masimo is a joint owner of, U.S. Patent No. 10,247,670

Masimo's witnesses, for example, Diab, Kiani, and Poeze, will explain the development of sensors. ███████████████████████████████ ████████ JTX 1214, and 1910. Diab will also describe the design of the TF-I sensor. JTX P-005, 777, 1222, 1223, 1225, and 1226. Diab and/or Madisetti will also describe features disclosed in U.S. Patent Application No. 2006/0211924 and U.S. Patent Publication No. 2010/0030040 and Diab's 1992 Notebook. JTX 1206, 1207, 1227, 1267, 1910. Poeze and/or Madisetti will describe features disclosed in U.S. Patent Publication No. 2010/0030040 and U.S. Patent Application No. 2011/0082711. JTX 1207, 1205. Apple's witnesses, including Ness and Han, will testify that none of the named Inventors other than Lamego contributed the idea of incorporating a reflective surface.

Witnesses including Kiani, Diab, Lamego, and Madisetti will explain that Masimo employees, including Lamego, assigned to Masimo any interest in the patent or made an inventive contribution at a time and under conditions that created an obligation to assign

to Masimo any rights in the patent.

Madisetti will explain his analysis of the evidence confirming that one or more Masimo employees should be named as an inventor and Masimo is at least a joint owner of U.S. Patent No. 10,247,670.  JTX 1241.

4. **Claim 16 & 22:  Masimo employees are inventors of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 9,952,095**

Masimo's witnesses, for example, Diab and/or Madisetti, will explain the development of the sensor technology with filters and analog-to-digital converters.  Diab will describe the design of the TF-I sensor.  JTX  P-005, 777, 1222, 1223, 1225, and 1226.  Diab and/or Madisetti will also describe the features disclosed in U.S. Patent No. 5,632,272 and U.S. Patent Publication No. 2006/0211924 and Diab's 1992 Notebook.  JTX P-0139, 1206, 1214, 1267.  Poeze will describe features disclosed in U.S. Patent Publication No. 2010/0030040 and U.S. Patent Application No. 2011/0082711.  JTX 1207, 1205.  Apple's witness, Hotelling, will testify that he does not know what he contributed to this patent.

Witnesses including Kiani, Diab, Lamego, and Madisetti will explain that Masimo employees, including Lamego, assigned to Masimo any interest in the patent or made an inventive contribution at a time and under conditions that created an obligation to assign to Masimo any rights in the patent.

Madisetti will explain his analysis of the evidence confirming that one or more Masimo employees should be named as an inventor and Masimo is at least a joint owner of U.S. Patent No. 9,952,095.  JTX 1268.

5. **Claim  23:  Masimo is at least a joint owner of, U.S. Patent No. 10,219,754**

Masimo's witnesses, for example Diab and Poeze, will explain the development of the sensor technology and Masimo's Pronto-7 product █████████ ████████████████████████████████████████████████████████ In

-26-

addition, Poeze will describe features disclosed in his lab notebooks and his work with Lamego on the Pronto-7 and its algorithms.

Witnesses including Kiani, Diab, Lamego, and Madisetti will explain that Masimo employees, including Lamego, assigned to Masimo any interest in the patent or made an inventive contribution at a time and under conditions that created an obligation to assign to Masimo any rights in the patent.

Madisetti will explain his analysis of the evidence confirming that Masimo is at least a joint owner of U.S. Patent No. 10,219,754.  JTX 1262.

### 6. Claim 26 & 28:  Masimo employees are inventors of subject matter claimed in, and Masimo is at least a joint owner of U.S. Patent No. 11,009,390

Masimo's witnesses, for example, Diab and Poeze, will explain the development of the sensor technology with filters and analog-to-digital converters.  Diab and/or Madisetti will describe the design of the TF-I sensor.  JTX  P-005, 777, 1222, 1223, 1225, and 1226.  Diab and/or Madisetti will also describe the technology disclosed in U.S. Patent No. 5,632,272 and U.S. Patent Publication No. 2006/0211924 as well as Diab's 1992 Notebook.  JTX P-0139, JTX 1206, 1214.  Poeze and/or Madisetti will describe features disclosed in U.S. Patent Publication No. 2010/0030040 and U.S. Patent Application No. 2011/0082711.  JTX 1207, 1205.

Witnesses including Kiani, Diab, Lamego, and Madisetti will explain that Masimo employees, including Lamego, assigned to Masimo any interest in the patent or made an inventive contribution at a time and under conditions that created an obligation to assign to Masimo any rights in the patent.

Madisetti will explain his analysis of the evidence confirming that Masimo employees should be named as an inventor and Masimo is at least a joint owner of U.S. Patent No. 11,009,390.  JTX 1269.

### D. Summary of Defendant Apple's Affirmative Defenses

**Affirmative Defense V:  Laches.**  Apple alleges that Masimo has unjustifiably

delayed in asserting trade secret misappropriation and inventorship/ownership claims.

**Affirmative Defense VII: Statute of Limitations.** Apple alleges that Masimo's trade secret misappropriation claim is not timely under the relevant three-year statute of limitations, and Masimo has failed to justify its delay in bringing the case.

**Affirmative Defense XI: Waiver.** Apple alleges that Masimo has unjustifiably delayed in asserting their trade secret misappropriation and inventorship/ownership claims.

## E. Elements Required to Establish Apple's Affirmative Defenses (L.R. 16-4.1(e))

### 1. Affirmative Defense V: Laches

Apple must prove by a preponderance of the evidence that:

a. Masimo unreasonably delayed asserting or diligently pursuing a claim for misappropriation of trade secrets; and

b. any delay prejudiced Apple.

*See Johnson v. City of Loma Lind*a, 24 Cal. 4th 61, 68 (2000); *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *20 (C.D. Cal. Nov. 7, 2022).

### 2. Affirmative Defense VII: Statute Of Limitations

Apple must prove that Masimo, prior to January 9, 2017, either:

a. discovered the misappropriation, or

b. should have discovered the misappropriation if it exercised reasonable diligence.

*See* Cal. Civ. Code § 3426.6; Dkt. 606 at 3; *Klang v. Pflueger*, 2014 WL 4922401, at *6 (C.D. Cal. July 10, 2014).

### 3. Affirmative Defense XI: Waiver

Apple must prove by clear and convincing evidence that:

a. Masimo intentionally relinquished its right to bring its claims after knowledge of the facts.

*See Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018) (citing *Waller v. Truck Ins. Exchange, Inc*. 11 Cal.4th 1, 31 (1995) *as modified on denial of reh'g* (Oct. 26, 1995)); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 60 (1994).

**F.    Summary of Key Evidence Relied on in Opposition to Each Affirmative Defense (L.R. 16-4.1(f))**

**1.    Affirmative Defense V:  Laches**

Masimo witness Kiani will testify regarding Masimo's discovery of Apple's misappropriation.  Kiani will testify regarding correspondence with Apple about a potential collaboration and warning Apple about Lamego's knowledge of Masimo's trade secrets. JTX  778, 1367.  Kiani will also testify that ███████████████ █████████████████████████████████████████████████ ██████████████████████████████████ Masimo will elicit evidence that Lamego assured Masimo in 2016 that ███████████████████████████████ ███████████████ JTX 2823.  Masimo will elicit evidence showing that O'Reilly remained on good terms with Kiani and others at Masimo for years.  JTX 2824, 2825, 2826, 2827, 2828, 2829.  Masimo will also elicit testimony from ██████████ ██████████████████████████████████████████████████████████ JTX 771.  Masimo will elicit evidence showing that Apple hid its misappropriation from Masimo.  JTX 521, 1242, 1723, 2832, 2833, 2834, 2835, 2836, 1520, 1897-1901, 1915, 1262, 1268.  Kiani will also testify that Masimo could not have learned of any actionable misappropriation until 2019 or later.

**2.    Affirmative Defense VII: Statute Of Limitations**

Apple's allegations regarding statute of limitations appear to be the same as its allegations for laches.  The evidence refuting laches also refutes this defense.

**3.    Affirmative Defense XI: Waiver**

Apple's allegations regarding waiver appear to be the same as its allegations for laches.  The evidence refuting laches also refutes this defense.  Kiani will also testify

that Masimo never relinquished its right to bring its claims.

**G.      Third party's statements (L.R. 16-4.1 (g))**

N/A.

**H.      Anticipated Evidentiary Issues (L.R. 16-4.1 (h))**

The parties agreed to treat the Court's prior *in limine* ruling as the baseline and file motion(s) to modify the rulings. Masimo moved to vacate all *in limine* rulings if the Court holds a bench trial or, alternatively, to modify the rulings to allow Masimo to present evidence of Apple's recruiting and hiring of Masimo employees other than Lamego.

**I.      Issues of Law (L.R. 16-4.1(i))**

None before trial.

### III.  BIFURCATION (L.R. 16-4.3)

Trial on Masimo's patent infringement Claims 11-12 has been bifurcated. Dkt. 2062. Masimo reserves all rights with respect to Claim 4.

### IV.  JURY TRIAL (L.R. 16-4.4)

The Court has ordered that the November 2024 trial will be a bench trial.

### V.  ATTORNEYS' FEES (L.R. 16-4.5)

Masimo seeks attorneys' fees and costs from Apple under Cal. Civ. Code § 3426.4 for willful and malicious misappropriation of trade secrets.

### VI.  ABANDONMENT OF ISSUES (L.R. 16-4.6)

Before the 2023 trial, Masimo agreed not to present the following trade secrets at trial:



██████████████████████

Masimo also agreed not to present the following claims:

<u>Claims 18 & 24</u>:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 9,723,997.

<u>Claims 19 & 25</u>:    One or more Masimo employees should be named as an inventor of subject matter claimed in, and Masimo is at least a joint owner of, U.S. Patent No. 10,524,671.

<u>Claim 27</u>:    Masimo is at least a joint owner of U.S. Patent Application No. 16/700,710.

During and after the 2023 trial, the Court granted judgment on the following trade secrets:

████████████████████████
██████████████████████████████
████████████████████

Masimo has not abandoned these trade secrets and reserves all rights on appeal.  *See supra* note 1.

Masimo agrees not to present at the November 2024 trial Claim 17 (One or more Masimo employees should be named as an inventor of subject matter claimed in U.S. Patent No. 10,219,754).

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 15, 2024          By: /s/ Jared C. Bunker
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Sheila N. Swaroop
                                      Brian C. Horne
                                      Brian C. Claassen
                                      Jared C. Bunker
                                      Kendall M. Loebbaka
                                      Mark D. Kachner
                                      Adam B. Powell
                                      Daniel P. Hughes

                                      Attorneys for Masimo
                                      MASIMO CORPORATION and
                                      CERCACOR LABORATORIES, INC.