Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Jared C. Bunker (Bar No. CA 246,946)
jared.bunker@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP        KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive                  1925 Century Park East, Suite 600
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

[Counsel for Apple appears on next page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER FOR NOVEMBER 5 BENCH TRIAL**<br><br>Hon. James V. Selna<br><br>Pre-Trial Conf.: 10/28/2024<br>Trial: 11/05/2024 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1    MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2    THOMAS G. SPRANKLING, SBN 294831
     thomas.sprankling@wilmerhale.com
3    WILMER CUTLER PICKERING
     HALE AND DORR LLP
4    2600 El Camino Real, Suite 400
     Palo Alto, CA 94306
5    Tel.: 650.858.6000 / Fax: 650.858.6100

6    JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7    WILMER CUTLER PICKERING
     HALE AND DORR LLP
8    One Front Street, Suite 3500
     San Francisco, CA 94111
9    Tel.: 628.235.1000 / Fax: 628.235.1001

10   AMY K. WIGMORE, *pro hac vice*
     amy.wigmore@wilmerhale.com
11   WILMER CUTLER PICKERING
     HALE AND DORR LLP
12   2100 Pennsylvania Ave NW
     Washington, DC 20037
13   Tel.: 202.663.6000 / Fax: 202.663.6363

14   JOSEPH J. MUELLER, *pro hac vice*
     joseph.mueller@wilmerhale.com
15   SARAH R. FRAZIER, *pro hac vice*
     sarah.frazier@wilmerhale.com
16   WILMER CUTLER PICKERING
     HALE AND DORR LLP
17   60 State Street
     Boston, MA 02109
18   Tel.: 617.526.6000 / Fax: 617.526.5000

19   NORA Q.E. PASSAMANECK, *pro hac vice*
     nora.passamaneck@wilmerhale.com
20   WILMER CUTLER PICKERING
     HALE AND DORR LLP
21   1225 Seventeenth Street, Suite 2600
     Denver, CO 80202
22   Tel.: 720.274.3152 / Fax: 720.273.3133

23   BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
24   GIBSON, DUNN & CRUTCHER LLP
     200 Park Avenue
25   New York, NY 10166-0193
     Tel.: 212.351.2339 / Fax: 212.817.9539

26

27

28

KENNETH G. PARKER, SBN 182911
ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Attorneys for Defendant Apple Inc.

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are:

Plaintiffs Masimo Corporation ("Masimo Corp.") and Cercacor Laboratories, Inc. ("Cercacor") (jointly "Masimo"[1]) and Defendant Apple Inc. ("Apple").

All these parties have been served and have appeared. No other parties have been named in the pleadings.[2]

The pleadings that raise the issues are:

a. Masimo's Fourth Amended Complaint for (1) Patent Infringement,[3]

_____

[1] Apple objects to the use of "Masimo" to refer to both Plaintiffs.

[2] Apple's position is that on August 9, 2024, Plaintiffs indicated that they would seek to modify the case caption to substitute "Willow Laboratories, Inc." for Cercacor as a plaintiff. Despite Apple's requests, Plaintiffs only provided Apple with any information regarding the incorporation of Willow Laboratories, Inc., dissolution of Cercacor, any purported name change, or the transfer of any relevant rights from Cercacor to Willow Laboratories, Inc on October 13, 2024 despite the information being available to Plaintiffs since at least December 18, 2023. Having only received limited information, Apple objects to any modification at this time as Plaintiffs have not provided sufficient evidence of Willow's interest in the claims at issue and such information is relevant at least to issues of ownership and damages.

Masimo's position is that Cercacor Laboratories, Inc. reincorporated in Nevada and changed its name to Willow Laboratories, Inc. after the April 2023 trial. The corporate name change does not affect the claims or defenses in this action. Thus, Masimo is not seeking to "substitute" Willow for Cercacor and will take appropriate action to request to modify the case caption to refer to Willow.

[3] Claims 11-12 (Patent Infringement claims) are bifurcated and will be tried separately. *See* Dkt. 2062. Masimo reserves all rights with respect to its Patent Infringement Claim 4 (U.S. Patent No. 10,588,554).

-1-

(2) Trade Secret Misappropriation,[4] (3) Correction of Inventorship, and (4) Ownership of Patents [Dkt. 296-1, filed on February 5, 2021];

    b. Apple's Amended Answer to Plaintiffs' Fourth Amended Complaint [Dkt. 370, filed on May 7, 2021];

    c. Masimo's First Supplement to the Fourth Amended Complaint [Dkt. 750, filed on June 6, 2022]; and

    d. Apple's Answer to Plaintiffs' First Supplement to the Fourth Amended Complaint [Dkt. 790, filed on June 27, 2022].[5]

    2.    Federal jurisdiction and venue are invoked upon the following grounds:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because the Patent Infringement claims arise under federal patent

---

[4] On May 4, 2023, the Court granted judgment as a matter of law dismissing Masimo's asserted business trade secrets. *See* Dkt. 1724. On August 30, 2024, Masimo filed its Notice of Issues to be Tried at November 5 Trial. Dkt. 2098.

[5] Masimo's position is that Masimo elected not to present at trial D2, D4-D9, and D11-D15, L1-L3 and L6-L9, ▮▮▮▮▮▮▮▮ Trade Secrets, Business & Marketing Trade Secret Nos. 3, 5, and 6, ▮▮▮▮▮▮▮▮ Trade Secrets, and Strategies for Interacting with Hospitals Trade Secrets.

Apple's position is that Plaintiffs abandoned the above-listed alleged trade secrets and it is incorrect to suggest that such alleged secrets were merely not "presented." *See* Dkt. 1388-1 at 52 ("Abandonment of Issues").

The Parties agree that the Court dismissed Plaintiffs' Hospital Interaction Trade Secret Nos. 1-4, *see* Dkt. 350 at 5-8; Business and Marketing Trade Secret Nos. 1, 2, 4, and 7, *see* Dkt. 1723 at 8; and the Value, Importance, and Appropriateness Trade Secret, *see* Dkt. 1901 at 12.

Masimo will present Trade Secrets L4, L5, D1, D3, and D10 at trial, as outlined in more detail below.

laws, 35 U.S.C. §§ 271 and 281, because the Correction of Inventorship claims arise under federal patent law, 35 U.S.C. § 256, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Masimo's state law claims for Trade Secret Misappropriation under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, and for Ownership of Patent and Patent Application claims. Masimo's state law claims are related to the Patent Infringement and Correction of Inventorship claims such that they form part of the same case or controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over Apple and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the parties' dispute arose in this judicial district. The parties agree that the facts requisite to federal jurisdiction and venue are admitted.

3. The trial beginning on November 5 is to be a non-jury trial.[6] That trial will be 5 days, each side having 13 hours. Dkt. 2138. The parties will proceed with a trial on Masimo's Patent Infringement Claims 11-12 (alleged infringement of U.S. Patent Nos. 8,457,703 and 10,433,776) at a later date.[7]

4. At least seven days prior to the trial date, the parties shall lodge and serve by email the Findings of Fact and Conclusions of Law each party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5. The following facts are admitted and require no proof:

    a. Masimo Corporation is organized and exists under the laws of the state of Delaware and has a principal place of business at 52 Discovery, Irvine, California 92618.

---

[6] It is Apple's position that the claims set for the November 5, 2024 retrial should proceed before a jury. At a bare minimum, if Plaintiffs are not held to their lead counsel's on-the-record waiver of Plaintiffs' right to appeal this Court's lost profits decision, *see* 9/9/24 Tr. 32—a waiver offer this Court necessarily accepted in granting Plaintiffs' requested bench trial—a jury trial must be held. In any event, Apple submits that other issues require a jury trial and reserves all appeal rights with respect to the Court's order that this will be a bench trial once there is an appealable final judgment in this case. *See* Dkt. 2133.

It is Masimo's position that its briefing sets forth the reasons Apple's objection lacks merit because no claim at law remains for the claims to be tried on November 5, 2024. Masimo disagrees with Apple's characterization of the record. *See* footnote 9, *infra*. During the October 9, 2024 hearing with the Court, Apple declined to seek interlocutory review of the questions certified by the Court and also declined to seek a writ of mandamus.

[7] Masimo reserves all rights with respect to its Patent Infringement Claim 4 (U.S. Patent No. 10,588,554).

-4-

b. Apple Inc. is organized and exists under the laws of the state of California and has a principal place of business at One Apple Park Way, Cupertino, California, 95014.

6. Claims and defenses to be presented at trial:

**Masimo:[8] [9]**

(a). Masimo plans to pursue the following claims against Apple and to seek monetary relief for Claim 13[10]:

Claim 13: Apple's Violation of the California Uniform Trade Secret Act;

Claim 14: Correction of Inventorship of U.S. Patent No. 10,078,052;

Claim 15: Correction of Inventorship of U.S. Patent No. 10,247,670;

---

[8] The parties reserve all rights to appeal the April 2023 pretrial, trial, and post-trial determinations, decisions, and rulings, including all evidentiary objections and rulings.

[9] Apple's position is that Plaintiffs have waived the right to appeal the Court's earlier rulings includes the Court's rulings precluding their lost profits arguments. 9/9/24 Tr. 32:5-14. The Court effectively adopted Plaintiffs' concession by ordering a bench trial and indicating no claims at law remain. *See* Dkt. 2133.

Masimo's position is that counsel stated at the hearing that, "I firmly believe that it's the issues to be given to the jury at the trial that determines a right to trial by jury. . . . but if it seals the deal . . . we would forego that appeal if the Court thought that was necessary to resolve this issue." *Id*. Apple rejected Masimo's offer of compromise, forcing the Court to rule on the dispute. The Court did not address Masimo's offer of compromise in ordering a bench trial. Dkt. 2133.

[10] Plaintiffs' only remaining claim for monetary relief on the claims to be tried in the November 2024 trial is unjust enrichment. Plaintiffs have waived the ability to seek exemplary damages and/or reasonable royalties on those claims. *See* Dkt. 2100 at 1 (waiving exemplary damages); Dkt. 2098 at 2 (waiving claim for reasonable royalty).

-5-

Claim 16: Correction of Inventorship of U.S. Patent No. 9,952,095;

Claim 20: Declaratory Judgment of Ownership of U.S. Patent No. 10,078,052;

Claim 21: Declaratory Judgment of Ownership of U.S. Patent No. 10,247,670;

Claim 22: Declaratory Judgment of Ownership of U.S. Patent No. 9,952,095;

Claim 23: Declaratory Judgment of Ownership of U.S. Patent No. 10,219,754;

Claim 26: Declaratory Judgment of Ownership of U.S. Patent No. 11,009,390; and

Claim 28: Correction of Inventorship of U.S. Patent No. 11,009,390.

(b).    The elements of Masimo's claims are:

### Claim 13: Violation of the California Uniform Trade Secret Act

Masimo must prove by a preponderance of the evidence that, for each asserted trade secret identified in Exhibit A to this Pretrial Order (hereinafter "Asserted Trade Secrets"):

a. Masimo developed or otherwise was a licensee of the Asserted Trade Secret[11];

b. At the time of misappropriation, the Asserted Trade Secret derived actual or potential independent economic value from not being generally known to the

---

[11] Apple reserves all rights for appeal with respect to its position that Plaintiffs must show ownership of the trade secrets. *See, e.g.*, Dkt. 1083. Apple's position is that the ownership questions have grown even murkier since the last trial, as Plaintiff Cercacor apparently no longer exists.

Masimo's position is that the Court rejected Apple's argument regarding "ownership" and held Masimo need show only possession. *See, e.g.*, Dkt. 1347. Masimo also notes that Cercacor Laboratories, Inc. reincorporated in Nevada and changed its name to Willow Laboratories, Inc. The corporate name change does not affect the claims or defenses in this action.

-6-

public or to other persons who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

c.  Apple improperly acquired, used, or disclosed the Asserted Trade Secret;[12]

d.  Masimo was harmed, and/or Apple was unjustly enriched; and

e.  Apple's acquisition, use, or disclosure was a substantial factor in causing Masimo Corp. and/or Cercacor to suffer harm and causing Apple to be unjustly enriched.[13] [14]

### Claims 14-16, 28: Elements of Masimo's Claims for Correction of Inventorship

Separately for each challenged Apple patent and each allegedly omitted inventor, Masimo must prove by clear and convincing evidence that the alleged inventor:

a.  Contributed to the conception of at least one limitation in at least one claim of the patent; and

b.  This contribution was not insignificant in quality, when that contribution is measured against the dimension of the full invention.

---

[12] Apple disputes that the trier of fact should be asked to determine whether Apple improperly acquired or disclosed any Asserted Trade Secret, as Plaintiffs have not set forth any theory of damages or other remedy based on acquisition or disclosure alone.

[13] Masimo maintains that harm is not an element of trade secret misappropriation. Masimo contends that the elements of trade secret misappropriation do not require damages or unjust enrichment. Masimo contends that monetary relief differs from harm. Masimo contends that it can seek monetary relief based on acquisition.

[14] Apple maintains its position that Plaintiffs must prove harm as an element of trade secret misappropriation, separate from any proof regarding unjust enrichment. *See, e.g.*, Dkt. 1501 at 207.

**<u>Claims 20-23, 26: Elements of Masimo's Claims for Declaratory Judgment of Patent Ownership</u>**

Separately for each challenged Apple patent, Masimo must prove by a preponderance of the evidence that at least one inventor (Marcelo Lamego or someone else Masimo has shown by clear and convincing evidence should be added as an inventor) assigned to Masimo his or her interest in the patent, or made his or her inventive contribution to the patent under an obligation to assign such rights to Masimo.[15]

(c).    In brief, the key evidence on which Masimo relies on for each claim is:

**<u>Claim 13: Apple's Violation of the California Uniform Trade Secret Act</u>**

a.  **Ownership**

For the Demultiplexing and Demodulation Trade Secrets, one or more witnesses including, e.g., Mohamed Diab, Jeroen Poeze, Joe Kiani,[16] and Vijay Madisetti will explain Masimo's development.  Masimo will present supporting evidence through

---

[15] Apple objects to Plaintiffs' suggestion that Plaintiffs needs to prove by a preponderance of evidence that "at least one inventor" assigned his or her interest in the patent.  Apple will reserve its objections until such time that the Court is prepared to address this question.  Masimo cannot respond to Apple's unstated "objection."

[16] Mr. Kiani has resigned from Masimo Corp.  Apple nonetheless understands based on Plaintiffs' continued inclusion of Mr. Kiani on their "will call" witness list and identification of him in this statement that Plaintiffs will file and deliver to Apple Mr. Kiani's declaration, and shall tender him for cross-examination.  To the extent Plaintiffs do not do so, Apple reserves the right to call Mr. Kiani and understands he will be made available as set forth in Section 10 of this Pre-trial Order.

-8-

Masimo documents, including, for example, notebooks, technical documents, emails, and source code.

For the Light Propagation and Light Piping Management Trade Secrets, one or more witnesses including, e.g., Mohamed Diab, David Dalke, Stephen Scruggs, and Vijay Madisetti will explain Masimo's development. Masimo will present supporting evidence through Masimo documents, including, for example, notebooks, technical documents, emails, and source code.

One or more witnesses including, e.g., Joe Kiani, Tracy Miller, and Gerry Hammarth will explain employee assignment agreements and the cross-license agreement between Masimo Corp. and Cercacor. Masimo will present supporting documentary evidence including, for example, the agreements and any amendments.

b. **Derive Value From Not Being Generally Known, and Subject To Reasonable Efforts To Keep Secret**

One or more witnesses including, e.g., Mohamed Diab, David Dalke, Jeroen Poeze, Joe Kiani, and Vijay Madisetti, along with presentation of documentary evidence, and cross examination of Apple's and third party witnesses, will explain that each of Masimo's trade secrets derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

One or more witnesses including, e.g., Mohamed Diab, David Dalke, Jeroen Poeze, Joe Kiani, Tracy Miller, Bilal Muhsin, Gerry Hammarth, and Vijay Madisetti, along with presentation of documentary evidence, and cross examination of Apple's and third party witnesses will explain, along with Masimo policies, handbooks, training, notebooks, physical and computer access restrictions, exit interview procedures, employment agreements, email exhibits, and communications with Apple, the steps Masimo takes to keep the trade secrets confidential, proprietary and secret.

### c. **Apple's Misappropriation via Acquisition, Use, or Disclosure**

One or more witnesses including, e.g., Vijay Madisetti will explain how Apple misappropriated the Demultiplexing and Demodulation Trade Secrets, and Masimo will present supporting evidence through Apple testimony and documents, including, for example, notebooks, technical documents, emails, source code, and interrogatory responses.

One or more witnesses including, e.g., Vijay Madisetti will explain how Apple misappropriated the Light Propagation and Light Piping Management Trade Secrets, and Masimo will present supporting evidence through Apple testimony and documents, including, for example, notebooks, technical documents, emails, source code, and interrogatory responses.

### d. **Apple's Misappropriation Caused Masimo To Be Harmed and Apple To Be Unjustly Enriched**

One or more Masimo witnesses including, e.g., Joe Kiani and Bilal Muhsin and contemporaneous documents will show that in 2013 Masimo and Apple were preparing to enter a business arrangement for Masimo to design a pulse oximetry sensor module for the Apple Watch. Apple's testimony and documents will show that Apple's misappropriation of Masimo's trade secrets caused Apple to abandon the business relationship and not purchase sensor modules from Masimo. One or more Masimo witnesses including, e.g., Joe Kiani, Bilal Muhsin, Ammar Al-Ali, and Stephen Scruggs will explain that Masimo designed and built a pulse oximetry sensor module for the

Masimo W1 health watch.[17]

One or more witnesses including, e.g., Vijay Madisetti will explain Apple's use of Masimo's trade secrets in developing and promoting certain health features related to the Apple Watch showing how Apple's misappropriation was a substantial factor in causing Masimo's harm and causing Apple to be unjustly enriched. One or more witnesses including, e.g., Jeffrey Kinrich will explain Apple's unjust enrichment caused by Apple's trade secret misappropriation, as measured by Apple's incremental profit related to the blood-oxygen feature of the Apple Watch.

**Claims 14-16, 28: Masimo's Claims for Correction of Inventorship**

One or more witnesses including, e.g., Vijay Madisetti will testify that Mohamed Diab should be named as an inventor of U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095, and 11,009,390.

One or more witnesses including, e.g., Mohamed Diab, Jeroen Poeze and/or Joe Kiani will testify regarding their knowledge of, contribution to, and teaching to Lamego the subject matter claimed in the disputed Apple patents.

Masimo will present supporting evidence of products and documents, including, for example, notebooks, technical documents, patents and patent filings, emails, source code, employment agreements, and interrogatory responses.

---

[17] Apple objects to presentation of testimony on the pulse oximetry sensor module for the Masimo W1 health watch to the extent that it was not sufficiently disclosed. To the extent that Plaintiffs are allowed to proceed on this testimony, Apple's position is that this evidence would be relevant only as to harm and should not be considered for issues pertaining to monetary relief in view of the Court's rulings precluding Plaintiffs' lost profits arguments.

Masimo's position is that evidence regarding the pulse oximetry sensor module is relevant at least to harm but does not agree that it is relevant only to that issue.

**Claims 20-23, 26: Elements of Masimo's Claims for Declaratory Judgment of Patent Ownership**

Masimo will rely on the evidence that supports its claims for correction of inventorship. In addition, one or more witnesses including, e.g., Vijay Madisetti will testify that Masimo and/or Cercacor own the disputed Apple patents because any inventive contribution to the disputed Apple patents made by Marcelo Lamego, Mohamed Diab, Jeroen Poeze, Ammar Al-Ali, Walter Weber, Greg Olsen, Joe Kiani, and/or Phil Weber was made while employed by Masimo or Cercacor and they either assigned their rights in the disputed Apple patents to Masimo or were under an obligation to assign such rights to Masimo.

One or more witnesses including, e.g., Mohamed Diab, Jeroen Poeze, Joe Kiani, and/or Phil Weber will testify that they and Marcelo Lamego made any inventive contribution to the subject matter claimed in the disputed Apple patents while employed by Masimo or Cercacor and they either assigned their rights in the disputed Apple patents to Masimo or were under an obligation to assign such rights to Masimo.

Masimo will present supporting evidence of products and documents, including, for example, notebooks, technical documents, patents and patent filings, emails, source code, employment agreements, and interrogatory responses.

**Apple:[18]**

(a)     Apple plans to pursue the following affirmative defenses:

---

[18] Masimo disputes that Apple's defenses are still applicable and reserves its right to address specific defenses after Apple provides its proposed edits to this draft pretrial order. Apple acknowledges that this Court's order holding that the unclean hands and failure to mitigate defenses may not be presented at trial, Dkt. 1904 at 5, but includes them for preservation. Masimo has not provided any explanation as to its position regarding the statute of limitations, waiver, and laches.

Laches;

Statute of limitations;

Waiver.[19]


(b)     The elements required to establish Apple's affirmative defenses are:

**Laches**

Apple must prove by the preponderance of the evidence that:

(1) Plaintiffs unreasonably delayed in bringing the action; and

(2) the delay prejudiced Apple.

**Statute of limitations**

Apple must prove by a preponderance of the evidence, for each Asserted Trade Secret, that, to the extent the trier of fact finds misappropriation, misappropriation of the Asserted Trade Secret first occurred before January 9, 2017.  The parties have previously agreed that Apple has met its burden on this front.  *See* Dkt. 1901 at 17; 7/13/203 Tr. 52:13-15.

Plaintiffs can overcome the defense if they prove by a preponderance of the evidence, for each Asserted Trade Secret, that they did not discover, nor with reasonable diligence should they have discovered, facts that would have caused a reasonable person

---

[19] Pursuant to the Court's *Daubert* Order (Dkt. 1323 at 3-4), Apple understands it may not present its "readily ascertainable" defense at trial.  Apple reserves all appellate rights with respect to the Court's Order, including Apple's proof regarding the readily ascertainable evidence it would have presented in the prior trial, Dkt. 1625.

For the avoidance of doubt, Apple is also pursuing its defenses of no willfulness; independent development of the alleged trade secrets; independent development of the Disputed Patents; and no causation of unjust enrichment.  Apple asserts that Plaintiffs bear the burden on each of these issues, and they are accordingly not listed here.  Apple further reserves its rights regarding the Court's ruling that Apple did not fully preserve its unclean hands defense, *see* Dkt. 1526.

-13-

to suspect that Apple had misappropriated the Asserted Trade Secrets.

**Waiver**

Apple must prove by a preponderance of the evidence, for each asserted claim, that Plaintiffs intentionally relinquished or abandoned a known right.

(c) In brief, the key evidence on which Apple relies for each affirmative defense is the following: [20]

**Laches**

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show that Plaintiffs have been aware of Apple's conduct on which they base allegations of trade secret liability since at least the end of 2016, and possibly as early as January 2014.

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show that Plaintiffs have been aware of the Disputed Patents at least as early as December 2018 and possibly significantly earlier.

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show how Apple has been prejudiced by Plaintiffs' strategic decision to wait nearly seven years before filing this suit in January 2020.[21]

---

[20] Apple reserves the right to rely on testimony from Apple witness Steve Hotelling for each of Apple's affirmative defenses.

[21] Apple incorporates by reference all evidence and arguments in its responses to Plaintiffs' Interrogatory No. 6 and in its post-trial motions under Rule 50(a), Dkt. 1705; Rule 50(b), Dkts. 1765, 1909; and Rule 52, Dkt. 1766.

Masimo's position is that Apple's attempt to incorporate by reference is improper.

**Statute of limitations**

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show that Plaintiffs were aware or should have been aware of the purported misappropriation at least by the end of 2016 and possibly significantly earlier.

**Waiver**

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show that Plaintiffs have been aware of Apple's conduct on which it bases allegations of trade secret liability since at least the end of 2016, and possibly significantly earlier.

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show that Plaintiffs have been aware of the Disputed Patents at least as early as December 2018 and possibly significantly earlier.

Apple will present documentary evidence and cross examination of Plaintiffs' witnesses to show how Apple has been prejudiced by Plaintiffs' strategic and intentional decision to wait nearly seven years before filing this suit in January 2020.

7.    In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

> 1)    Whether Apple misappropriated Masimo's Asserted Trade Secrets as defined under California Uniform Trade Secret Act (Cal. Civ. Code § 3246.1), including for each Asserted Trade Secret:
>
> a.    Whether Masimo developed or otherwise lawfully possessed the Asserted Trade Secret[22];

---

[22] As noted above, Apple reserves all rights with respect to its position the Plaintiffs must demonstrate ownership of the Asserted Trade Secrets.

b. Whether the Asserted Trade Secret was a trade secret at the time of the alleged misappropriation;

c. Whether Apple improperly acquired, used, or disclosed the Asserted Trade Secret;

d. Whether Masimo was harmed or Apple was unjustly enriched; and

e. Whether Apple's acquisition, use, or disclosure was a substantial factor in causing Masimo to be harmed[23] or Apple to be unjustly enriched.

2) Whether Apple did not improperly acquire, use, or disclose the Asserted Trade Secrets, but rather independently discovered the information that Masimo allege Apple misappropriated;

3) Whether Masimo's claims are barred by the applicable statute of limitations;

4) Whether Masimo employees contributed to the claimed inventions of U.S. Patent Nos. 10,078,052, 10,247,670, 9,952,095 and 11,009,390 (the "Disputed Patents") such that Masimo's employees should have been named as inventors;

---

[23] As set forth above, Masimo contends that the elements of trade secret misappropriation do not require damages or unjust enrichment. Masimo contends that monetary relief differs from harm. Masimo contends that it can seek monetary relief based on acquisition. Apple objects to Plaintiffs seeking damages based on acquisition only, contending no such damages theory has even been disclosed. Apple disputes that Plaintiffs may seek monetary relief for Apple's alleged acquisition of the Asserted Trade Secrets.

-16-

5) Whether Masimo is entitled to unjust enrichment[24] from Apple and, if so, in what amount;

6) Whether Masimo's claims are barred by the doctrine of laches;

7) Whether Masimo's claims are barred by waiver;

8) Whether to award attorneys' fees for willful and malicious misappropriation of trade secrets, and if so, in what amount;

9) Whether to enjoin Apple from further misappropriation;

10) Whether to direct the U.S. Patent and Trademark Office to correct the inventorship of the '052, '670, '095, and '390 patents;

11) Whether to impose upon Apple, as a constructive trustee, certain responsibilities to maintain the '052, '670, '095, '754, and '390 patents and to continue the prosecution of any pending applications derived from the patent applications that led to those patents;

12) Whether to declare Masimo and/or Cercacor at least a joint owner of the '052, '670, '095, '754, and '390 patents, and all applications, patents, continuations, divisionals, and reissues that claim priority to those patents and that patent application, including foreign counterparts; and

13) Whether to award Masimo pre and/or post-judgment interest.

---

[24] As set forth in footnote twelve, Apple disputes whether Masimo may seek monetary relief for Apple's acquisition of the Asserted Trade Secrets.

8.      Discovery is complete other than discovery relating to the bifurcated patent claims.[25]

9.      Disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  The parties agree that exhibits admitted during the April 2023 trial are admissible in this trial without objection other than an objection that the exhibit relates solely to Masimo's asserted business and marketing trade or the Court's prior motion in *limine* rulings.  The parties reserve the right to challenge any such objection.  For all other exhibits, unless all parties agree that an exhibit shall be withdrawn, all such exhibits will be admitted without objection at trial, except those exhibits objected to as follows:

Masimo's objections to exhibits and the grounds for such objections are set forth in Appendix 1 to this Order.

Apple's objections to exhibits and the grounds for such objections are set forth in Appendix 2 to this Order.

An exhibit, once admitted, may be used equally by each party.

The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence

---

[25] To the extent that Jeffrey Kinrich's August 9, 2024 Updated Report is allowed to stand and/or he is permitted to supplement as set out in the Court's September 8, 2024 Tentative Order Regarding Apple's Motion to Strike, Apple would need to respond and depositions may be necessary.

regarding that document.

The parties agree that any date listed on the exhibit list is neither evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.

Each party reserves the right to use documents not set forth in its exhibit list for purposes of impeachment.

10. Witness lists of the parties have been filed with the Court under separate cover. [26]

Only the witnesses identified in the lists will be permitted to testify (other than for good cause shown).

Each party intending to present evidence by way of deposition testimony has

---

[26] As outlined in Apple's Memorandum in Opposition to Plaintiffs' Motion to Modify Previous Rulings on Motions *in Limine*, Dkt. 2135, Apple objects to the number of witnesses identified on Plaintiffs' witness list. Plaintiffs added as live witnesses six current and former Apple employees who did not previously testify at the first trial (Chinsan Han, Paul Mannheimer, Bob Mansfield, Denby Sellers, Tao Shui, and Dong Zheng). The Court's JMOL rulings have narrowed the issues to be tried, and the Court has made clear that the retrial will be shorter, not longer, than the first. Plaintiffs' expansion of witnesses seems calculated to cause undue burden and wasted time for Apple, and is unrealistic in terms of timing given that the issues for retrial have only narrowed. Apple understands Plaintiffs have withdrawn Paul Mannheimer and Denby Sellers as potential live witnesses. *See* Dkt. 2143.

Masimo's position is that the Court has set time limits for the parties. Apple cannot dictate how Masimo spends its designated trial time. Masimo responded more fully in its written response to Apple's Memorandum. Dkt. 2143.

marked such depositions in accordance with L.R. 16-2.7.[27] [28] For this purpose, and subject to Apple's objections to Plaintiffs' lodging of affirmative deposition designations of testimony from the Delaware case, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

- Louis Bokma
- Aditya Dua
- Jack Fu
- Michael Jaynes
- Eric Jue
- Alex Kanaris
- Eugene Kim
- Saahil Mehra
- Afshad Mistri

---

[27] The parties have not exchanged deposition designations for witnesses who appear on the other side's lists of witnesses it has represented it will call live. The parties agree that if any witness is removed from a party's will call live list, the other side may subsequently provide deposition designations, subject to objections and counter-designations.

[28] Apple objects to Plaintiffs' lodging of affirmative deposition designations of testimony from *Apple Inc. v. Masimo Corp. et al.*, Nos. 22-1377, 22-1378 (D. Del.) ("Delaware case") as such testimony was not part of fact discovery related to the claims set for retrial, is not part of the record, is not relevant to the retrial claims, carries with it risk of prejudice and confusion, is barred by the protective order (*see* Delaware case, Dkt. No. 120 at 2, 6), and beyond the scope the parties' cross-use for Plaintiffs' patent infringement claims.

Masimo's position is that the parties agreed that deposition testimony from up to 20 identified witnesses from the Delaware case may be used in this case "for any purpose." Dkt. 1945 at 3. The designated deposition testimony from the Delaware case is relevant to the claims that will be presented at the November 2024 trial and is well within the parties' agreed-to cross use.

-20-

- Divya Nag
- Denby Sellers
- David Tom
- Vivek Venugopal
- Jeff Williams
- Yassir Abdul-Hafiz
- Ammar Al-Ali
- Robert Smith
- Walter Weber
- Micah Young

Masimo objects to the presentation of testimony by deposition of Marcelo Lamego unless his subpoena is quashed or he fails to appear.

No deposition testimony not already designated, whether designated as affirmative or counter-designations, may later be added, absent good cause shown. Pursuant to the procedures set forth below, the parties will identify the portions of designations to be offered and provide transcripts of those portions to the Court closer in time to when a party anticipates calling a witness by deposition so that the Court may rule on any outstanding objections.

11. The following motions in limine have been filed and decided (Dkt. 1469):

Masimo:

(1) Motion in Limine No. 1: Exclude Evidence of Plaintiffs' Attorneys' Involvement In This Case

Apple:

    (1)      Motion In Limine No. 1: Preclude References To Other Litigations And Proceeding

    (2)      Motion In Limine No. 2: Preclude References To Irrelevant Apple Operations

    (3)      Motion In Limine No. 3: Exclude Irrelevant And/Or Inflammatory Statements Attributed To Apple's Employees

    (4)      Motion In Limine No. 4: Exclude Unlawful Confidentiality Provisions Of Employee Agreements

The parties dispute whether the motions *in limine* that the Court ruled on apply to this bench trial. Masimo moved to modify this Court's ruling on Motion In Limine No. 2 and Apple opposed, additionally raising with leave of Court objections to (1) the number of witnesses Plaintiffs have indicated they will call at trial, including six additional former or current Apple employees; and (2) Plaintiffs' assertion that they will introduce evidence of Tim Cook's use of the phrase "smart recruiting" in an email, requiring the need for Apple to call Tim Cook as a witness. Dkt. 2135-1. Masimo filed a reply brief addressing its motion and Apple's two additional objections. Dkt. 2143.

      12.    Bifurcation of the following issues for trial is ordered: Trial on Masimo's Patent Infringement Claims 11-12 has been bifurcated.[29]

---

[29] Masimo reserves all rights with respect to its Patent Infringement Claim 4 (U.S. Patent No. 10,588,554).

13.   **Stipulations For Trial**: The parties agree on the following stipulations:

a.   **Direct Examination by Declaration:** The Court will receive direct examination by way of declaration as outlined below:

    i.   No later than October 16, 2024, Masimo shall file and deliver to Apple a declaration for each witness who will testify in Masimo's case in chief setting forth the witness' direct testimony.  The declaration should be in the usual narrative fashion, but at a party's election, may be set out in question-and-answer format.  Each declaration shall attach and authenticate each document intended to be offered through the witness.  The Court provided 450 pages for Masimo's witness statements.

    ii.   No later than October 23, 2024, Apple shall file and deliver to Plaintiffs a declaration for each witness who will testify in Apple's case setting forth the witness' direct testimony. The declaration should be in the usual narrative fashion, but at a party's election, may be set out in question-and-answer format.  Each declaration shall attach and authenticate each document intended to be offered through the witness.  The Court provided 450 pages for Apple's witness statements.

    iii.   In the case of a witness not under a party's control, the offering party shall use its best efforts to secure the declaration required by paragraph i or ii.  However, inability to secure the required declaration will not preclude a party from calling such a witness.  At the time a party is required to file the declaration required by paragraph i or ii, that party shall disclose any witness it intends to call as a witness from whom the party was unable to secure a declaration despite best efforts.

iv. Any evidentiary objections to a declaration shall be filed and served no later than October 31, 2024. Evidentiary objections should be made with the same thoughtfulness and care as if they were being made in open court. The Court is unlikely to give consideration to blanket or rote objections.

v. At trial, a party calling a witness who has submitted a declaration shall have the witness authenticate his or her declaration and make any additions or corrections. The witness shall then be tendered for cross-examination. In the normal course, the Court will then allow re-direct and re-cross.

b. **Cross-examination**: As cross examination begins, the cross-examining party should provide a binder to the witness, the Court, and the opposing party containing each and every exhibit or document that the cross examiner reasonably anticipates may be used with the witness. Documents used for impeachment need not be disclosed before that examination begins.

c. **Sequestration:** Pursuant to Federal Rule of Evidence 615(b), each side will designate a representative who is not subject to sequestration. For the avoidance of doubt, expert witnesses are not excluded from the courtroom for either fact or expert testimony.

d. **Scope of Examinations at Trial** – The parties agree that, for any witnesses on both parties' witness lists who are presenting live testimony, the scope of cross-examination shall not be limited to the scope of direct examination. Accordingly, when Masimo calls its live witnesses during its case-in-chief, Apple may exceed the scope of the direct examination for witnesses on Apple's witness list and Apple will complete its examination so that the witness will not have to return to testify a second time in Apple's

case-in-chief.  Similarly, when Apple calls its live witnesses in its case-in-chief, Masimo may exceed the scope of the direct examination for witnesses on its own witness list so that Masimo need not have previously called the witness in its case-in-chief.  Thus, Masimo's case-in-chief shall remain open through presentation of all of Apple's live witnesses on Masimo's witness list.  Each Party is currently relying on the other Party's identification of "will call live" witnesses, and the understanding that such witness will be presented live at trial, and therefore the parties need not issue trial subpoenas for such witnesses.  If a Party does not call a currently designated "will call live" witness of that Party, the other side will have the right to call that witness as an adverse witness and such witness will be made available at trial unless the Parties agree to proceed by deposition or otherwise.

e. **Witness Availability** – The parties understand the start date of trial may be delayed and that there may be scheduling conflicts that require taking witnesses out of order.  The parties agree to work in good faith to navigate witness scheduling issues—including, if necessary, by calling witnesses out of order.

f. **Disclosure of Witnesses Testifying at Trial** – The parties have agreed to the deadlines for disclosure of trial witnesses as follows: By 6:00 pm on November 2, 2024, Masimo will disclose the order of witnesses it will call live.  By 12:00 pm on November 6, 2024, Apple will disclose the order of witnesses it will call live.   The parties will work cooperatively should any witness need to be called out of turn due to scheduling.

g. **Disclosure of Deposition Designations** – The parties have agreed to the deadlines for disclosure of deposition designations as follows:

  i.   For deposition testimony a party intends to play or read during trial:

1. The party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to play or read by 6:00 pm three calendar days before the trial day during which the deposition is expected to be read or played.

2. The opposing side shall identify objections and counter-designations by 6:00 pm the following day (i.e. two calendar days before the trial day during which the deposition is expected to be read or played).

3. The proffering side shall identify any objections to the counter-designations and counter-counter designations by 8:00 pm.

4. The parties will meet and confer by 9:00 pm that night (i.e. two calendar days before the trial day during which the deposition is expected to be read or played) in an effort to resolve their objections and any other issues relating to the deposition designations. The parties agree that any deposition testimony that was admitted during the April 2023 trial is admissible without objection other than an objection that the testimony relates solely to Masimo's asserted business and marketing trade secrets or the Court's prior motion in *limine* rulings. The parties reserve the right to challenge any such objection.

5. The party offering the testimony is responsible for preparing a transcript clip report, including all unresolved objections, for submission to the Court the calendar day before the testimony is expected to be played or read.

6. The party offering the testimony is responsible for preparing video deposition clips and final transcript clip reports of all designated testimony for that witness. A copy of the video deposition clips and clip reports shall be provided to the opposing party no later than 9:30 pm the calendar day before the testimony is expected to be played or read.

7. Designations and counter-designations will be presented via video or read and in page order, including the deposition of Lamego if used. All objections and colloquies between counsel will be eliminated.

8. When deposition testimony is played by video or read during trial, the time available for each party's presentation of evidence shall be reduced by the length of its designations and counter-designations as played or read.

ii. For deposition testimony a party intends to offer into evidence without playing it or reading it during trial:

1. The party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to offer by 6:00 pm on November 1.

2. The opposing side shall identify objections and counter-designations by 6:00 pm on November 2.

3. The proffering side shall identify any objections to the counter-designations and counter-counter designations by 8:00 pm.

4. The parties will meet and confer by 9:00 pm that night (November 2) in an effort to resolve their objections and any other issues relating to the deposition designations. The

parties agree that any deposition testimony that was admitted during the April 2023 trial is admissible without objection other than an objection that the testimony relates solely to Masimo's asserted business and marketing trade secrets or the Court's prior motion in *limine* rulings. The parties reserve the right to challenge any such objection.

5. The party offering the testimony is responsible for preparing the final transcripts for lodging with the Court Clerk according to L.R. 16-2.7 and L.R. 32-1. All objections and colloquies between counsel will be eliminated from the transcripts and any remaining unresolved objections will be noted on the transcripts. The proposed submission shall be provided to the opposing party no later than 9:30 pm on November 3.

6. The party offering the testimony will lodge the transcripts with the Court Clerk on November 5 according to L.R. 16-2.7 and L.R. 32-1.

7. Apple's position is that the length of the deposition designations if they had been played by video shall be deducted from the offering party's trial time. Masimo's position is that the length of the deposition testimony that is not played or read during trial should not be deducted from the offering party's trial time.

iii. Each party agrees that correct copies of transcripts and video recordings of depositions taken in this litigation may be used by either party at trial, without respect to whether the copy is certified. No party shall object to the authenticity of a copy of a deposition

transcript or video recording of a deposition absent evidence that the copy is, in fact, inaccurate or inauthentic. The party challenging the authenticity of a deposition transcript or video recording shall bear the burden of establishing that the transcript or video recording is not authentic. All other objections to admissibility of deposition testimony are preserved.

*iv.* The parties have agreed that certain witnesses can be called by deposition, regardless of the availability of the witness to testify live.

    1. Masimo has agreed that Apple may call the following witnesses via deposition, regardless of whether the witness is within the Court's subpoena power:

        (a) Yassir Abdul-Hafiz

        (b) Ammar Al-Ali

        (c) Alex Kanaris

        (d) Greg Olsen

        (e) Robert Smith

        (f) Philip Weber

        (g) Walter Weber

        (h) Micah Young

    2. Apple has agreed that Plaintiffs may call the following witnesses via deposition, regardless of whether the witness is within the Court's subpoena power:

        (a) Louis Bokma

        (b) Aditya Dua

        (c) Jack Fu

        (d) Michael Jaynes

        (e) Alex Kanaris

(f)     Eugene Kim

(g)     Saahil Mehra

(h)     Afshad Mistri

(i)     Divya Nag

(j)     Denby Sellers

(k)     David Tom

(l)     Vivek Venugopal

(m)     Jeff Williams

v.  Apple objects to Plaintiffs' designations of deposition testimony from the following witnesses given in *Apple Inc. v. Masimo Corp.*, Nos. 22-1377, 22-1378 (D. Del.) ("Delaware case"). Such testimony was not part of fact discovery related to the claims set for retrial, is not part of the record, is not relevant to the retrial claims, and carries with it risk of prejudice and confusion. The use of such testimony is further barred by the protective order in that case as Apple has only agreed such testimony may be used for (1) impeachment or (2) in connection with the bifurcated patent infringement claims.

(a) Aditya Dua

(b) Eric Jue

(c) Saahil Mehra

(d) Vivek Venugopal

Masimo's position is that the parties agreed that deposition testimony from up to 20 identified witnesses from the Delaware case may be used in this case "for any purpose." Dkt. 1945 at 3. The designated deposition testimony from the Delaware case is relevant to the claims that will be presented at the November 2024 trial and

is well within the parties' agreed-to cross use.

h. **Disclosure of Exhibits and Demonstratives for Opening Statement**– The parties have agreed to the deadlines for disclosure of exhibits and objections thereto as follows:

    i. Each side will identify exhibits and demonstratives that will be shown to the trier of fact during opening statements by noon one calendar day before the date on which opening statements are presented. The opposing side shall identify any objections to exhibits and demonstratives to be shown during opening statements by 4:00 pm that night. The parties agree that demonstratives used during the April 2023 trial can be allowed without objection other than an objection that the demonstrative relates solely to Masimo's asserted business and marketing trade secrets or the Court's prior motion in *limine* rulings. The parties reserve the right to challenge any such objection. The parties will meet and confer by 7:00 pm in an effort to resolve any such objections. Any unresolved objections will be raised with the Court before commencement of opening statements.

    ii. The party seeking to use graphical, illustrative, or demonstrative material will provide a color representation of that material to the other side in PDF form. For video or animations, the party seeking to use the material will provide it to the other side via a USB drive or other agreed-upon means.

    iii. Exhibits or graphical, illustrative, or demonstrative material that will be shown to the trier of fact during the examination of an adverse witness need not be disclosed in advance of such examination.

-31-

 i. **Authenticity of Exhibits** – The parties stipulate to the authenticity of each trial exhibit that is a document or thing produced by a party and on its face appears to be generated by the party, including by current or former employees, officers, or agents of the producing party, subject to the right of the party against which such document or thing is offered to adduce evidence to the contrary. Notwithstanding this stipulation, each party preserves its right to object to the document or thing on any ground other than authenticity, subject to the other agreements of counsel regarding previously admitted exhibits.

 j. **Copies of Documents** – Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of the patents at issue and the contents of their U.S. Patent and Trademark Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

 k. **Rebuttal Case** – The parties may present a rebuttal case.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the November 5, 2024 trial of this case, unless modified to prevent manifest injustice.

-32-

DATED: _____          _____
                                  The Honorable James V. Selna
                                  United States District Judge


                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 15, 2024          By: */s/ Jared C. Bunker*
                                      Jared C. Bunker

                                  Attorneys for Plaintiffs
                                  MASIMO CORPORATION and
                                  CERCACOR LABORATORIES, INC.


                                  WILMER CUTLER PICKERING HALE AND DORR,
                                  LLP

Dated: October 15, 2024          By: */s/ Mark D. Selwyn (with permission)*
                                      Mark D. Selwyn

                                  Attorneys for Defendant
                                  APPLE INC.