Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Jared C. Bunker (Bar No. CA 246946)
jared.bunker@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Masimo,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

Masimo,

v.

APPLE INC., a California corporation

Defendant.

Case No. 8:20-cv-00048-JVS-JDE

**MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S L.R. 16-10 TRIAL BRIEF**

Pre-Trial Conf.: 10/28/2024
Trial: 11/05/2024

Hon. James V. Selna

# TABLE OF CONTENTS

Page No.


I. APPLE MISSTATES MASIMO'S CLAIMS AND REMEDIES .................. 1

II. APPLE MISSTATES ELEMENTS OF MASIMO'S CLAIMS .................... 1

- A. Apple Misstates The Elements Of Trade Secret Misappropriation ........ 1
  - 1. Masimo Need Not Allocate "Ownership" Between The Plaintiffs ........ 1
  - 2. Masimo Need Not Show Apple Knew Of The Misappropriation ........ 2
  - 3. Masimo Need Not Establish Damages/Harm Or Causation ........ 5
- B. Apple Misstates The Law On Correcting Inventorship ........ 6
- C. Apple Misstates The Law On Declaring Masimo A Co-Owner ........ 7

III. APPLE MISSTATES ELEMENTS OF ITS DEFENSES ........ 7

- A. Apple Misstates The Elements Of Its Statute Of Limitations Defense ........ 7
- B. Apple Misstates The Elements Of Its Superfluous Laches Defense ........ 8
- C. Apple Ignores Its Heavy Burden Of Proof To Show Waiver ........ 8
- D. Apple Preserved No Other Defenses ........ 9

IV. APPLE CANNOT INCORPORATE BY REFERENCE ........ 9

V. APPLE'S ARGUMENT ABOUT STANDING LACKS MERIT ........ 9

VI. MASIMO'S RESPONSE TO APPLE'S "ANTICIPATED EVIDENTIARY ISSUES" ........ 10

VII. MASIMO'S RESPONSE TO APPLE'S "ABANDONMENT OF ISSUES" ........ 10

# TABLE OF AUTHORITIES

**Page No(s).**

*Allergan, Inc. v. Merz Pharms., LLC*,
2012 WL 781705 (C.D. Cal. Mar. 9, 2012) ........ 4

*Blaser v. State Teachers' Ret. Sys.*,
86 Cal. App. 5th 507 (2022), *review denied* (Mar. 15, 2023) ........ 8

*Blue Gentian, LLC v. Tristar Products, Inc.*,
70 F. 4th 1351 (Fed. Cir. 2023) ........ 6

*Brain Injury Ass'n. of California v. Yari*,
2020 WL 3643482 (C.D. Cal. Apr. 30, 2020) ........ 4

*Burlington Indus., Inc. v. Ellerth*,
524 U.S. 742 (1998) ........ 2, 3

*Cruz v. Nat'l Steel & Shipbuilding Co.*,
910 F.3d 1263 (9th Cir. 2018) ........ 8

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
857 F. Supp. 2d 997 (S.D. Cal. 2012) ........ 7

*Johnson v. City of Loma Linda*,
24 Cal. 4th 61 (2000) ........ 8

*Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*,
944 F. Supp. 2d 775 (N.D. Cal. 2013) ........ 4

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,
2010 WL 2764714 (N.D. Cal. July 13, 2010) ........ 4

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*,
12 Cal. 4th 291 (1995) ........ 3

*Masimo Corp. v. True Wearables, Inc.*,
2022 WL 17083396 (C.D. Cal. Nov. 7, 2022) ........ 8

*In re Sotera Wireless, Inc.*,
BK. No. 16-05968-LT11, Dkt. 1026 (S.D. Cal. Jul. 18, 2017) ........ 4

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*,
573 F.3d 1290 (Fed. Cir. 2009) ........ 6

*Vapor Point LLC v. Moorhead*,
832 F.3d 1343 (Fed. Cir. 2016) ........ 6

**TABLE OF AUTHORITIES**
**(*cont'd*)**

**Page No(s).**

*Yamaguchi v. Harnsmut*,
106 Cal. App. 4th 472 (2003) .......... 3

Pursuant to Local Rule 16-10, Masimo Corporation and Cercacor Laboratories, Inc. ("Masimo") respectfully submit the following Trial Brief for the trial scheduled to commence on November 5, 2024.

## I. APPLE MISSTATES MASIMO'S CLAIMS AND REMEDIES

Apple's summary of Masimo's claims in its Memorandum of Contentions of Fact and Law ("Memorandum") is inaccurate and incomplete. *See* Dkt. 2159 at 1-2.

For example, Apple fails to recognize that Masimo's Claims 20-23 and 26 include that Lamego contributed to the Disputed Patents under an obligation to assign his rights to Masimo. Apple also omits the injunctive relief that Masimo seeks. Dkt. 2159 at 4, 10, 16, 18, 21. Masimo seeks to enjoin further misappropriation.

Masimo's claims are outlined in Masimo's Memorandum of Contentions of Fact and Law (Dkt. 2151), the First Amended Joint [Proposed] Pretrial Conference Order (Dkt. 2177-1), and Masimo's Proposed Findings of Fact and Conclusions of Law (filed concurrently herewith).

## II. APPLE MISSTATES ELEMENTS OF MASIMO'S CLAIMS

Apple's Memorandum misstates the elements of Masimo's causes of action.

### A. Apple Misstates The Elements Of Trade Secret Misappropriation

#### 1. Masimo Need Not Allocate "Ownership" Between The Plaintiffs

Apple argues Masimo must prove "(1) the existence and ownership of a trade secret and (2) misappropriation of a trade secret." Dkt. 2159 at 2 (citing Cal. Civ. Code § 3426.1 and Cal. Civ. Jury Instr. 4400-4401). Apple appears to be preserving for appeal its prior argument that Masimo must allocate "ownership" between the two Plaintiffs, which this Court previously rejected. Dkt. 1283 at 3, 13 (rejecting that Masimo must show "'ownership' in a traditional sense and not merely 'possession' of the trade secrets"); Dkt. 1715 (Jury Instructions) at 27 (Instruction No. 20) ("Masimo and Cercacor must prove that they were in lawful possession of the Asserted Trade Secrets at the time of the asserted misappropriation."). Apple presents no reason to reconsider

the Court's prior rulings. Thus, Masimo need show only lawful possession—not allocate "ownership" between the Plaintiffs.

2. **<u>Masimo Need Not Show Apple Knew Of The Misappropriation</u>**

Apple argues that Masimo "must show that Apple acquired, used, or disclosed each purported secret, ***knowing or having reason to know*** that Apple gained access to the purported secret through ***improper means***." Dkt. 2159 at 3 (emphasis added). Apple misstates the knowledge requirement for two reasons. First, showing the misappropriator knew or had reason to know it gained access to the secret through improper means is required to show misappropriation through improper acquisition. *See* Cal. Civ. Code § 3426.1(b)(1).

Such knowledge is sufficient to show misappropriation by improper ***use*** or ***disclosure***. *Id.* § 3426.1(b)(2)(A). But such knowledge is not required. Masimo can also show that that Apple "knew or had reason to know" that its knowledge of the trade secret was:

> (i) Derived from or through a person who had utilized improper means to acquire it;
>
> (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; ***or***
>
> (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; … .

Cal. Civ. Code § 3426.1(b)(2)(B); *see also* CACI No. 4407.

Second, Apple ignores that Masimo may, but need not, show ***any*** knowledge on the part of "Apple." It is sufficient for Masimo to show that Lamego misappropriated Masimo trade secrets within the scope of his Apple employment.

The Supreme Court recognizes that "[a]n employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 755–56 (1998). Apple is strictly liable for torts committed by its employees, including Lamego, regardless of

whether Apple knew of the torts or even specifically prohibited them. "The Restatement defines conduct, including an intentional tort, to be within the scope of employment when 'actuated, at least in part, by a purpose to serve the [employer],' ***even if it is forbidden by the employer***." *Id.* (emphasis added) (quoting Restatement of Torts §§ 228(1)(c), 230); *id.* ("tortious conduct is within the scope of employment because it benefits the employer by increasing sales, ***even though it may violate the employer's policies***"). This is why employers are commonly held liable for their employees' car accidents, even when the employer did nothing wrong.

California courts regularly apply this general principle to all types of torts.

> Under the doctrine of respondeat superior, an innocent employer may be liable for the torts its employee commits while acting within the scope of his employment. This liability is based not on the employer's fault, but on public policies concerning who should bear the risk of harm created by the employer's enterprise. It is considered unjust, for example, for an employer to disclaim responsibility for injuries occurring in the course of its characteristic activities. Moreover, losses caused by employees' torts are viewed as a required cost of doing business, the risk of which an employer may spread through insurance.

*Yamaguchi v. Harnsmut*, 106 Cal. App. 4th 472, 481–82 (2003) (citations omitted).

California courts recognize that employers are liable for willful, malicious, and even criminal torts of employees, despite such liability initially seeming surprising.

> Equally well established, if somewhat surprising on first encounter, is the principle that an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts.

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298–99 (1995).

Federal courts specifically recognize that vicarious liability applies to trade secret misappropriation regardless of employer knowledge of the tort. A court in the Northern District of California resolved this precise issue: "[Corporate defendant's] contention that it cannot be liable for the acts of [individual employee defendants] because their

actions violated [corporate defendant's] policies and were not known to [corporate defendant's] executives is without merit." *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2010 WL 2764714, at *4 (N.D. Cal. July 13, 2010) (plaintiff showed likelihood of success on trade secret claim against corporate defendant). The same court later held that trade secret law "does not preempt the *respondeat superior* doctrine" and a corporate defendant cannot prevail "merely by arguing that it was not aware of the acts of its employees[.]" *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775, 783 (N.D. Cal. 2013) (denying summary judgment of no corporate liability for trade secret misappropriation). Nor is the Northern District alone in reaching this conclusion.

A court in this district found, after a bench trial, that the corporate defendants "misappropriated Allergan's trade secrets (a) through the acts of the Individual Defendants described herein, … ." *Allergan, Inc. v. Merz Pharms., LLC*, 2012 WL 781705, at *12 ¶ 65 (C.D. Cal. Mar. 9, 2012). A court in the Southern District similarly found that, even though "others at Sotera did not know about these actions and did not request or require them" the court found that "Sotera must be responsible for certain actions of [the individual defendants] under the doctrine of *respondeat superior*." *In re Sotera Wireless, Inc.*, BK. No. 16-05968-LT11, Dkt. 1026 at p.95 ¶ 394 (S.D. Cal. Jul. 18, 2017) (Amended Memorandum of Decision).

Moreover, the Court long ago told Apple that it could be liable under respondeat superior for Lamego's acts of misappropriation. After full briefing on a motion to dismiss, the Court held "Plaintiffs have stated a theory of misappropriation based on respondeat superior as to all relevant trade secrets." Dkt. 361 at 9 (citing *Brain Injury Ass'n. of California v. Yari*, 2020 WL 3643482, at *6 (C.D. Cal. Apr. 30, 2020)). The Court found Masimo sufficiently alleged that Apple is liable for misappropriation by Lamego, but not O'Reilly, under a respondeat superior theory. *Id.* at 10-11. Thus, the Court dismissed "Plaintiffs' vicarious liability claim with respect to the business-, marketing-, and hospital-related trade secrets but ***denies the motion with respect to the***

***other categories of trade secrets***." *Id.*

Accordingly, while it would be sufficient for Masimo to establish knowledge by Apple, Masimo need not do so.[1] Apple, as Lamego's employer, is liable for Lamego's acts of misappropriation without regard to fault.

**3. Masimo Need Not Establish Damages/Harm Or Causation**

Apple asserts that harm is an element of trade secret misappropriation. Dkt. 2159 at 3 ("Plaintiffs must also establish that Apple's 'actions damaged' Plaintiffs."), 16 ("misappropriation must have been 'a substantial factor in causing' harm or unjust enrichment"). Apple appears merely to be preserving the issue for appeal. The law is clear that proving harm is ***not*** an element of trade secret misappropriation.

Masimo addressed this issue when briefing jury instructions before the first trial. *See* Dkt. 1501 at 79-81 (addressing Instruction 16A). The Court rejected Apple's position in finalizing the jury instructions. Dkt. 1715 at 26. Unlike respondeat superior discussed above, Apple fails to show why the Court should revisit its prior ruling that harm is not an element of misappropriation.

For convenience, Masimo summarizes the prior dispute. Apple (and the CACI instruction) adds two requirements not in the statute—damages and causation. Causation and damages are not required to prove liability for trade secret misappropriation. *See* Cal. Civ. Code § 3426.1(a), (b), (d). The statute conclusively establishes that neither damages (nor causation) is required. In fact, CUTSA expressly provides remedies for misappropriation even absent damages or unjust enrichment: "If ***neither damages nor unjust enrichment caused by misappropriation are provable***, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited." Cal. Civ. Code § 3426.3(b) (emphasis added).

[1] The Court noted that it declined to include respondeat superior "as it relates to the jury instructions and verdict form and does not intend to revisit it for any future trial." Dkt. 1901 at 18, n. 7. Masimo submits that the Court should revisit the issue in view of the above controlling case law.

Apple cannot dispute the statute expressly provides for a finding of liability and remedies even where causation and harm are unprovable. Thus, liability for trade secret misappropriation does not require proof of damages or unjust enrichment.[2]

**B. Apple Misstates The Law On Correcting Inventorship**

Apple suggests the coinventors must work together through joint behavior. Dkt. 2159 at 5, 15. The Court rejected this position. Dkt. 1715 at 51.

This decision was correct. As Masimo explained, Masimo can prove inventorship by showing one or more of its employees made a substantial contribution to conception of at least one limitation in at least one claim. *See* Dkt. 1548 at 259-262; *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348-49 (Fed. Cir. 2016) ("All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent."). "The inventors need not work physically together or contemporaneously to be joint inventors; nor must each inventor contribute equally or to each claim of the patent." *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1298, 1299 (Fed. Cir. 2009). This is especially true here where Lamego left Masimo and filed patent applications with his new employer, Apple. To the extent communication between inventors was required, those communications occurred between Lamego and other named inventors.

Masimo employees contributed aspects of the claims that Apple relied on to establish patentability. Apple cannot dispute that such contributions constitute substantial contributions to the overall scope of the claim. *See Blue Gentian, LLC v. Tristar Products, Inc.,* 70 F. 4th 1351, 1360 (Fed. Cir. 2023).

---

[2] If the Court were to revisit its prior ruling and hold that harm is an element of liability for trade secret misappropriation, Masimo maintains its right to present evidence of unjust enrichment to support the existence of harm and/or unjust enrichment. *See* CACI 4401; Dkt. 2177-1 at 7 n.12.

### C. Apple Misstates The Law On Declaring Masimo A Co-Owner

To prove that Masimo has an ownership interest in a Disputed Patent, Masimo must show, by a preponderance of the evidence, that at least one inventor of that patent did one or both of the following: (1) assigned to Masimo his interest in the patent; or (2) made his inventive contribution to the patent at a time and under conditions that created an obligation to assign to Masimo his rights in such inventions.

Apple argues that "where an alleged joint inventor has failed to 'meet the heavy burden' of proving that he or she is indeed a joint inventor, there is no ownership interest to be acquired." Dkt. 2159 at 6. That is only one of two alternative ways of showing correction of ownership. Masimo is also alleging that the Court should add Masimo as a co-owner even if the Court does ***not*** change inventorship. Under that theory, Masimo can establish ownership by showing that Marcelo Lamego made his inventive contribution to the Disputed Patent at a time and under conditions that created an obligation to assign his rights in the invention to Masimo. Because Lamego is already an inventor on all of the Disputed Patents, the Court may add Masimo as a co-owner under this theory without changing inventorship.

## III. APPLE MISSTATES ELEMENTS OF ITS DEFENSES

Apple also misstates the elements of its own defenses.

### A. Apple Misstates The Elements Of Its Statute Of Limitations Defense

Apple argues Masimo has the "burden of proving the facts necessary to toll the statute." Dkt. 2159 at 14 (quoting *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012)). Apple does not explain what it means by "toll the statute." Regardless, Apple acknowledges that this Court held the limitations period does not begin to run until "'there is reason to suspect that a trade secret has been misappropriated ***and*** a reasonable investigation would produce facts sufficient to confirm this suspicion (***and justify bringing suit***).'" Dkt. 2159 at 14 (quoting Dkt. 606 at 3) (emphases added).

In addition, the Court held that any knowledge of O'Reilly's alleged misappropriation of business and marketing trade secrets would not be sufficient to cause the statute of limitations to run on the technical trade secrets misappropriated through Lamego. Dkt. 1901 at 19.

**B. <u>Apple Misstates The Elements Of Its Superfluous Laches Defense</u>**

Apple's laches defense is superfluous in this bench trial. Apple concedes that laches, as an equitable defense, cannot bar a legal claim for misappropriation of trade secrets that is filed within the statute of limitations. *See* Dkt. 1904 at 4 ("the parties agree that laches may be applied as an equitable bar to *untimely* misappropriation claims"); *See also Blaser v. State Teachers' Ret. Sys.*, 86 Cal. App. 5th 507, 540 (2022) ("Even where equitable claims are combined with actions at law, laches remains unavailable as a defense to the legal claims."), *review denied* (Mar. 15, 2023). Thus, as long as Masimo brought its claim for misappropriation within the statute of limitations, Apple's laches defense does not apply. Whereas, if Masimo's claim were barred by the statute of limitations, Apple's laches defense would be irrelevant. Apple also misstates the elements of its irrelevant defense.

Apple argues that laches requires (1) unreasonable delay and (2) either acquiescence in the act about which Masimo complains or prejudice to Apple resulting from the delay. Dkt. 2159 at 14. Acquiescence is not at issue in this case. *See* Dkt. 2159 at 16-17 (Apple identifying evidence in alleged support of laches). Thus, Apple's defense of laches requires it to prove that: (1) Masimo unreasonably delayed asserting or diligently pursuing a claim for misappropriation of trade secrets; and (2) any delay prejudiced Apple. *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000); *Masimo Corp. v. True Wearables, Inc.*, 2022 WL 17083396, at *20 (C.D. Cal. Nov. 7, 2022).

**C. <u>Apple Ignores Its Heavy Burden Of Proof To Show Waiver</u>**

Apple ignores the burden it bears to establish waiver. To succeed on its waiver defense, Apple must prove waiver by clear and convincing evidence. *See* Dkt. 2159 at 15; *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018).

**D. Apple Preserved No Other Defenses**

Apple's Memoranudm discusses the following additional defenses: readily ascertainable, independent development, independent invention, no causation, and unclean hands. Dkt. 2159 at 12-13. Apple preserved none of these defenses in the pretrial conference order. Dkt. 2177-1 at 13-14 (preserving only laches, statute of limitations, and waiver). Apple also did not preserve these defenses in the prior pretrial conference order. Dkt. 1483 at 9-10. In the Court's Rule 50(a) order, the Court found that most of these defenses were moot because Apple "represented off the record to the Court in preparing the jury instructions that it would no longer advance such defense." Dkt. 1724 at 19.[3]

Accordingly, Apple cannot pursue at trial any defense other than laches, statute of limitations, and waiver.

## IV. APPLE CANNOT INCORPORATE BY REFERENCE

Apple attempts to incorporate previous discovery responses, reports, and filings into its Memorandum by reference. Dkt. 2159 at 7, 9, 10, 11, 12, 17, 18, 19. Masimo objects to Apple's attempt to incorporate these materials into its Memorandum. Masimo cannot reasonably respond to the material Apple purports to incorporate. Apple's contentions should be included in its Memorandum and Apple's attempted incorporation fails to properly disclose or preserve them.

## V. APPLE'S ARGUMENT ABOUT STANDING LACKS MERIT

In its Memorandum, Apple states that "standing is now disputed, given the failure of Plaintiffs to provide any information regarding the transformation of Cercacor into Willow." Dkt. 2159 at 3 n.2. As explained at the Pretrial Conference, Cercacor Laboratories, Inc. reincorporated in Nevada and changed its name to Willow

[3] Apple misstates the elements of readily ascertainable and unclean hands (Dkt. 2159 at 14-15), but Masimo does not respond because Apple expressly admits it included those arguments only for preservation purposes (Dkt. 2159 at 13, nn. 7&8).

Laboratories, Inc. after the April 2023 trial. This corporate formality merely changed one party's name and state of incorporation and had no impact whatsoever on Cercacor/Willow's rights to any trade secret at issue here. On October 29, 2024, Apple deposed the Williow representative to confirm these facts. The corporate name change does not affect the claims or defenses in this action. Masimo has requested that Apple stipulate to modify the case caption to substitute Willow for Cercacor. If Apple refuses, Masimo will take appropriate action.

## VI. MASIMO'S RESPONSE TO APPLE'S "ANTICIPATED EVIDENTIARY ISSUES"

Apple notes the parties' disputes regarding the Court's previous *in limine* rulings. Dkt. 2159 at 19-20. Masimo disagrees with Apple's position for the reasons outlined in the briefing on Masimo's motion. Dkt. 2128; Dkt. 2143; Dkt. 2167.

Apple also includes assertions regarding confidentiality provisions in Masimo's employee agreements, which were not raised in the briefing on Masimo's motion. *See* Dkt. 2159 at 19-20. Apple provides no basis for asserting that Masimo may not rely on its employee agreements.

## VII. MASIMO'S RESPONSE TO APPLE'S "ABANDONMENT OF ISSUES"

Masimo disagrees with Apple's pejorative characterization that Masimo "abandoned" certain trade secrets. Dkt. 2159 at 21-22. Masimo has not abandoned any trade secrets. Rather, Masimo agreed to narrow the case by agreeing not to pursue claims for misappropriation of some trade secrets and the Court ruled against Masimo regarding others.

Masimo no longer plans to seek an unjust enrichment remedy at the November 2024 bench trial.

Masimo reserves all other rights and remedies.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 29, 2024

By: */s/ Jared C. Bunker*

Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Jared C. Bunker
Kendall M. Loebbaka
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Masimo
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 3,244 words, which [choose one]:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 29, 2024

By: */s/ Jared C. Bunker*
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Jared C. Bunker
Kendall M. Loebbaka
Mark D. Kachner
Adam B. Powell
Daniel P. Hughes

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.