1  MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
   thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10 AMY K. WIGMORE, *pro hac vice*
   amy.wigmore@wilmerhale.com
11 WILMER CUTLER PICKERING
     HALE AND DORR LLP
12 2100 Pennsylvania Ave NW
   Washington, DC 20037
13 Tel.: 202.663.6000 / Fax: 202.663.6363

14 [Counsel appearance continues on next page]

15 *Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION REGARDING EVIDENTIARY RULINGS IN THE KIANI AND MUHSIN DIRECT TESTIMONY DECLARATIONS** |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ....................................................................................................................... 5

I. Plaintiffs' Motion Does Not Satisfy The Demanding Requirements For Reconsideration ........................................................................................................ 5

II. The Court Correctly Sustained Objections To The Kiani And Muhsin Direct Testimony Declarations ........................................................................................... 8

    A. Mr. Kiani's Testimony About Christiano Dalvi's 2014 Statement Is Inadmissible Hearsay ...................................................................................... 8

    B. Testimony About Plaintiffs' Health Module Is Inadmissible .................. 10

CONCLUSION .................................................................................................................. 13

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
i    CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*United States v. Bishop*,
  291 F.3d 1100 (9th Cir. 2002) .................................................................................9

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) .................................................................................10

*United States v. Dashner*,
  2015 WL 3660331 (N.D. Cal. June 2, 2015) ..........................................................9

*Finnegan v. United States*,
  2021 WL 8820874 (C.D. Cal. Dec. 9, 2021) ..........................................................5

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
  857 F. Supp. 2d 997 (S.D. Cal. 2012) ....................................................................9

*United States v. Kahre*,
  737 F.3d 554 (9th Cir. 2013) .................................................................................9

*MGA Entm't, Inc. v. Harris*,
  2022 WL 4596585 (C.D. Cal. Sept. 7, 2022) .........................................................1

*Sana v. Hawaiian Cruises, Ltd.*,
  181 F.3d 1041 (9th Cir. 1999) ...............................................................................8

*Wagner v. Maricopa Cnty.*,
  2014 WL 12701215 (D. Ariz. May 13, 2014) ......................................................10

**Other Authorities**

Fed. R. Civ. P. 37 ..................................................................................................11, 12

Fed. R. Evid. 801 ..........................................................................................................8

Fed. R. Evid. 802 ..........................................................................................................8

Fed. R. Evid. 403 ..........................................................................................................8

L.R. 7-18 .................................................................................................................5, 6

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
ii            CASE NO. 8:20-cv-00048-JVS (JDEx)

# INTRODUCTION

Plaintiffs' motion for reconsideration should be denied because it misstates both the law and the facts. In particular, Plaintiffs have not come close to establishing that this motion presents the "highly unusual circumstances" where a motion for reconsideration is proper. *See MGA Entm't, Inc. v. Harris*, 2022 WL 4596585, at *1-2 (C.D. Cal. Sept. 7, 2022) (Selna, J). Plaintiffs have not identified any change in the law or the facts that has occurred since Apple lodged its objections on October 31, 2024—a basic threshold problem that would have existed even if Plaintiffs sought reconsideration the *same day* the evidentiary rulings were served.

Plaintiffs also provide no explanation—much less evidence, such as an attorney declaration—establishing why *none* of Plaintiffs' *21* attorneys from *2* firms received the objections rulings when this Court's deputy served them via email. *See* Ex. 1 (Court deputy's email). In any event, Plaintiffs were at least on notice that this Court had ruled on the objections by the afternoon of Tuesday, November 5, when Apple's counsel expressly referenced this Court's decision in successfully moving to strike testimony from Joe Kiani about what Christiano Dalvi purportedly told him in 2014. *See* 11/5/24 PM Tr. 32:2-4 ("███████████████████████████████████████████████"). While Plaintiffs acknowledge this on-the-record colloquy on the first page of their motion, they offer no explanation for why they did not immediately inquire about the status of this Court's rulings.[1]

Even if Plaintiffs' belated motion for reconsideration were procedurally proper, their substantive arguments are meritless. The Court correctly excluded Mr. Kiani's testimony about a 2014 comment from Mr. Dalvi because Plaintiffs are offering this

---

[1] As detailed further below, Plaintiffs' assertion that Apple willfully withheld information is baseless and a distraction. Apple assumed, like this Court, that Plaintiffs had received the evidentiary rulings on November 4, and that its follow-on emails on November 6 and 7 were inquiring about the existence of "additional" rulings modifying the original ruling. *See infra* pp. 2-5.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
1     CASE NO. 8:20-cv-00048-JVS (JDEx)

hearsay-within-hearsay to prove the central allegation in their case: that Apple allegedly sought to compete with Plaintiffs using information from Dr. Lamego. And the testimony about Masimo's steps toward making its first sales of watch sensor modules was properly excluded as both irrelevant and undisclosed. In short, even if Plaintiffs had made these arguments at the proper time—i.e., before the Court ruled on Apple's objections—the Court would have been right to reject them.

## BACKGROUND

On October 7, 2024, this Court ordered a bench trial on Plaintiffs' trade secret and patent ownership/inventorship claims. Dkt. 2133. Pursuant to this Court's standing order, the parties filed written declarations containing their witnesses' direct examination testimony. Dkt. 2163 (Plaintiffs' October 16, 2024 declarations); Dkt. 2185 (Apple's October 23, 2024 declarations). On October 31, 2024, both sides filed evidentiary objections to the other side's declarations. Dkt. 2241 (Plaintiffs), Dkt. 2244 (Apple). Finally, both sides filed responses to some of the other side's objections. *See* Dkt. 2261 (Apple's November 4, 2024 response to objections to Warren, Sarrafzadeh, and Webster); Dkt. 2278 (Plaintiffs' November 5, 2024 response to objections to Madisetti and Scruggs).

On November 4, 2024, this Court's courtroom deputy served the parties with written rulings on Apple's evidentiary objections to Plaintiffs' witness declarations for Mr. Kiani, Mr. Diab, Mr. Muhsin, and Mr. Poeze—i.e., four of the first six witnesses Plaintiffs had indicated they planned to call. *See* Ex. 1 (email); *see also* Ex. 2 (Plaintiffs' witness order). This Court's email was addressed to dozens of attorneys-of-record, including nineteen attorneys from Knobbe Martens and two attorneys from Sullivan & Cromwell—all of whom represent Plaintiffs. *See* Ex. 1. Throughout this matter, this Court has regularly served the parties with sealed rulings via email without complaint from either side.

Trial began the next day. At the outset, Apple's lead counsel stated that Apple "███████████████████████████████████████

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
2                         CASE NO. 8:20-cv-00048-JVS (JDEx)

*See* 11/5/24 AM Tr. 8:15-24.  Later that same day, when Plaintiffs attempted to elicit testimony from Mr. Kiani about out-of-court statements made by Mr. Dalvi, Apple objected on the grounds that this Court had already sustained a hearsay objection:

[redacted]

11/5/24 PM Tr. 31:9-32:5;[2] *see also* Mot. 1 (highlighting the same exchange).  Plaintiffs did not pursue the issue further or suggest to the Court or Apple that Plaintiffs' counsel had not received the Court's rulings on the declaration.

The next day, Wednesday, November 6, 2024, the Court's clerk served on the parties—again via e-mail—the Court's rulings on objections to Mr. Scruggs.  Ex. 3.  This Court then formally entered its evidentiary rulings regarding Mr. Kiani, Mr. Poeze, Mr. Diab, and Mr. Muhsin on the docket at Dkts. 2288, 2289, 2290, and 2291.  Plaintiffs' counsel responded to the Clerk's email regarding the objections on Mr. Scruggs to request copies of "the *additional* rulings for Messrs. Kiani, Poeze, Diab, and Muhsin."  Ex. 3.  The courtroom deputy wrote back 45 minutes later to confirm that she had not "received anything *additional* from the Court."  Ex. 3.  Later that same day, when

---

[2] Emphasis added unless noted.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
3
CASE NO. 8:20-cv-00048-JVS (JDEx)

Plaintiffs attempted to elicit testimony from Mr. Muhsin regarding W1 Watch sales, Apple objected on the grounds that this Court had already sustained a related objection to Mr. Muhsin's declaration:



THE COURT: Correct.  The last testimony will be excluded.

11/6/24 AM Tr. 80:12-22.  Again, Plaintiffs did not pursue the issue further or suggest to this Court or Apple that it had not received this Court's objections rulings.  To the contrary, Plaintiffs' counsel later leveraged that sustained objection against Apple:



11/6/24 AM Tr. 98:7-18.

On the morning of Thursday, November 7, 2024, this Court's courtroom deputy re-forwarded the objections rulings to the parties.  Ex. 4.  The courtroom deputy explained that while she had "received an undeliverable [notification] today," she had

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
4   CASE NO. 8:20-cv-00048-JVS (JDEx)

not received such a notification for "the original email sent on November 4th." Ex. 4.[3] Plaintiffs responded, stating only that they "confirm[] that [they] received the Court's rulings for Kiani, Muhsin, Poeze, Diab (Part 1 and 2), and Kinrich." Ex. 5. Plaintiffs said nothing to suggest that they had not also received the rulings on the declarations when they were emailed on Monday, November 4, 2024. Ex. 5.

Plaintiffs filed this motion shortly before noon on Friday, November 8, 2024.

## ARGUMENT

### I. PLAINTIFFS' MOTION DOES NOT SATISFY THE DEMANDING REQUIREMENTS FOR RECONSIDERATION

Because a motion for reconsideration "is an 'extraordinary remedy[] to be used sparingly," this Court and others in this District have placed significant limits on its use. *Finnegan v. United States*, 2021 WL 8820874, at *1 (C.D. Cal. Dec. 9, 2021) (Selna, J.). Of particular note, motions for reconsideration "cannot 'be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Id.* Accordingly, this Court may exercise its discretion to grant reconsideration when (a) there is a "material difference in fact and law from that presented to the Court" before the decision at issue, (b) new material facts have—or a change in law has— emerged "after the time of such decision," or (c) there is a "manifest showing of a failure to consider material facts presented to the Court before such decision." *Id.* (citing L.R. 7-18). A party seeking reconsideration under one of those three categories may not "in any manner repeat any oral or written argument" previously presented on the issue. L.R. 7-18.

Plaintiffs barely address this demanding standard, much less argue that the instant motion fits into one of Local Rule 7-18's three categories. Indeed, Local Rule 7-18 affirmatively bars Plaintiffs from challenging this Court's ruling on the Dalvi statements, since Plaintiffs' counsel orally raised the same state-of-mind argument on

---

[3] Plaintiffs are thus wrong when they imply that the Orders "were undeliverable" **when** "originally sent on November 4." Mot. 2.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
5                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

1  Tuesday that Plaintiffs now repeat in their motion. *Compare* 11/5/24 PM Tr. 31:6-32:1
2  (Plaintiffs' counsel arguing that Dalvi's statements "███████████████████████
3  ███████████████████████████████████████████") *with* Mot. 3-5 (arguing
4  "Masimo offers the [Dalvi] statements purely as evidence of Kiani's state of mind" and
5  in response to Apple's "statute of limitations" defense).

6        The arguments Plaintiffs do make to support reconsideration are meritless. ***First***,
7  Plaintiffs assert that they purportedly "did not have an opportunity to respond to Apple's
8  objections" before this Court ruled. Mot. 2. That is both incorrect and irrelevant. It is
9  incorrect because both sides have filed written responses to some of the other side's
10 objections. *See supra* p. 2 (noting Plaintiffs responded to Apple's objections to Scruggs
11 and Madisetti). Plaintiffs' failure to respond to Apple's objections to Mr. Kiani's and
12 Mr. Muhsin's testimony before the Court ruled on them is a problem of Plaintiffs' own
13 making; it certainly does not provide a basis ground for the extraordinary remedy of
14 reconsideration. In any event, whether a party had an opportunity to respond in advance
15 of the Court's ruling is irrelevant to whether Local Rule 7-18 has been satisfied.

16       ***Second***, Plaintiffs argue that they are entitled to reconsideration because Apple
17 purportedly had access to this Court's evidentiary rulings several days before they did.
18 Mot. 2-3. As an initial matter, this argument is a red herring. Regardless of whether
19 Plaintiffs' counsel first received the rulings on November 4 or November 8, Plaintiffs
20 would still have to show that one of Local Rule 7-18's three categories applies. Plaintiffs
21 have made no such argument here—they simply disagree with this Court's rulings.

22       In any event, Plaintiffs' assertion that Apple had some kind of unfair advantage
23 in accessing this Court's rulings is flat wrong. The courtroom deputy emailed the rulings
24 to two nearly dozen attorneys representing Plaintiffs, the same approach this Court has
25 used to serve sealed decisions on the parties throughout this litigation. Plaintiffs' vague
26 assertion that "a technical issue concerning *Masimo's* computers," (Mot 2 n.1), does not
27 explain how precisely the same "issue" could simultaneously afflict so many different
28 Knobbe Martens and Sullivan & Cromwell attorneys.

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
6    CASE NO. 8:20-cv-00048-JVS (JDEx)

      Even if Plaintiffs had provided a concrete explanation for why they did not receive the Monday email, Apple referenced this Court's rulings when responding to and raising objections on Tuesday and Wednesday **on the same two evidentiary rulings Plaintiffs challenge** (i.e., Mr. Dalvi's statements and post-discovery financial information about Plaintiffs' sales). *See supra* pp. 2-4. For example, Apple's counsel's statement on Tuesday afternoon that " ███████████████████████████████████████████████████████████████████████," *see supra* p. 3, clearly informed Plaintiffs that a ruling had been made on whether Mr. Kiani's testimony about Mr. Dalvi's statements were inadmissible hearsay. Plaintiffs provide no explanation for why they did not contemporaneously raise the issue with the Court or with Apple.

      Finally, Plaintiffs' assertion (at 2-3) that ***Apple*** is somehow at fault for Plaintiffs' lack of diligence (and Plaintiffs' counsel's widespread "technical issue") is unreasonable. Like the Court, Apple was under the impression that Plaintiffs had received the evidentiary rulings regarding Mr. Kiani and Mr. Muhsin on Monday, November 4, and that Plaintiffs' Wednesday email was inquiring about whether there were any "additional" rulings (presumably because Plaintiffs believed the Wednesday morning docket entries indicated that this Court has modified its Monday rulings). *See supra* p. 3. It is Apple that will be prejudiced if this Court entertains Plaintiffs' invitation to reverse course now. Had this Court overruled Apple's objections regarding Dalvi and the OEM testimony, Apple was prepared to cross Mr. Kiani and Mr. Muhsin on both issues. Now that both witnesses have left the stand, Apple has lost its opportunity to do so.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
7
CASE NO. 8:20-cv-00048-JVS (JDEx)

## II. THE COURT CORRECTLY SUSTAINED OBJECTIONS TO THE KIANI AND MUHSIN DIRECT TESTIMONY DECLARATIONS

### A. Mr. Kiani's Testimony About Christiano Dalvi's 2014 Statement Is Inadmissible Hearsay

The Court correctly excluded paragraphs 212 and 221 of Mr. Kiani's direct testimony declaration under Federal Rules of Evidence 802 and 403. *See* Dkt. 2288 ¶¶ 212, 221.

In paragraph 212, Mr. Kiani asserts that a former Cercacor employee named Christiano Dalvi told him in July 2014 that "Lamego left Apple because [Apple] had asked [Lamego] to do something that would compete with [Plaintiffs]." Dkt. 2288 ¶ 212. Mr. Kiani asserts that Mr. Dalvi learned this information from having spoken with his "close friend," Dr. Lamego. *Id.* Mr. Kiani further alleges that Mr. Dalvi relayed Dr. Lamego's assertion that "he did not want to [do something that would compete with Plaintiffs] because it was not consistent with his character." *Id.* In paragraph 221, Mr. Kiani further discusses "what Christiano Dalvi had told [him] about Lamego's departure from Apple," in light of what Mr. Kiani supposedly learned in 2019 about certain patents filed by Apple. *Id.* ¶ 221.

This testimony can only serve a hearsay purpose: "to prove the truth of the matter asserted in [Mr. Lamego's] statement," as relayed through Mr. Dalvi. Fed. R. Evid. 801(c)(2). Because the excluded testimony "involves several layers of hearsay[,] … [f]or [it] to be admissible, each layer of hearsay must" be admissible." *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045 (9th Cir. 1999). The only theory Plaintiffs have offered for why the statements are admissible is that they were offered for the non-hearsay purpose of establishing their effect on Mr. Kiani's "state of mind" in 2014. Mot. 3-5. That argument is meritless.

With respect to the first part of the hearsay-within-hearsay statement ("Lamego left Apple because [Apple] had asked [Lamego] to do something that would compete with [Plaintiffs]," Kiani Decl. ¶ 212), Plaintiffs *are* offering the testimony to prove the

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
8    CASE NO. 8:20-cv-00048-JVS (JDEx)

truth of the matter asserted. Plaintiffs' theory of the case is that Apple supposedly hired Dr. Lamego to run a sensor development group so Apple could develop an optical sensor for physiological monitoring using Plaintiffs' trade secrets rather than paying or acquiring Plaintiffs. *See, e.g.*, Dkt. 2218-1 at 104-105 (Plaintiffs' proposed Findings of Fact and Conclusions of Law). Plaintiffs are improperly offering Mr. Kiani's testimony to try to support this (false) theory. Plaintiffs' motion for reconsideration glosses over this aspect of the testimony. *See* Mot. 5. The Court therefore correctly excluded this portion of paragraph 212 as inadmissible hearsay.

Plaintiffs' motion instead focuses on the second portion of Mr. Dalvi's statement: that Mr. Lamego left because he did not want to compete with Mr. Kiani's companies. *See* Mot. 5. Even if Plaintiffs offer this aspect of Mr. Dalvi's statement for its effect on Mr. Kiani's state of mind, this Court was right to exclude it. As the Ninth Circuit has explained, the "state of mind exception to the rule against hearsay" is unavailable when the statement is "self-serving[] and duplicative of the [witness's] own testimony about [his] state of mind." *United States v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002); *see also, e.g.*, *United States v. Kahre*, 737 F.3d 554, 577-578 (9th Cir. 2013) (affirming exclusion of hearsay as too self-serving); *United States v. Dashner*, 2015 WL 3660331, at *4 (N.D. Cal. June 2, 2015) (excluding hearsay about the defendant's state of mind). Here, Plaintiffs have sought to meet their burden on the statute of limitations defense by establishing that **Mr. Kiani** lacked "reason to suspect that a trade secret had been misappropriated, *Gabriel Techs. Corp. v. Qualcomm Inc.*, 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012).[4] It is entirely self-serving for Mr. Kiani to explain away why Plaintiffs did not act on Mr. Dalvi's statement that Apple supposedly asked Dr. Lamego to compete with Plaintiffs by asserting that Mr. Dalvi also purportedly stated that Dr.

---

[4] Mr. Kiani's testimony speaks only to his own personal knowledge—it does not provide evidence about what was or should have been known to Masimo and Cercacor as corporate entities, which together have thousands of employees. *See* Dkt. 1809 at 13. Plaintiffs have never identified any case law suggesting that the CEO's knowledge alone is coextensive with that of the corporations under California's discovery rule.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
9                                                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Lamego said he had not engaged in misappropriation. Plaintiffs neither questioned Dr. Lamego about this issue, *see generally* 11/7/24 PM Tr. 9-126, nor called Mr. Dalvi in either trial—surely because neither would corroborate the hearsay Plaintiffs attempted to offer through Mr. Kiani.

Finally, Plaintiffs are wrong to assert (at 3-5) that this Court's evidentiary rulings in April 2023 say anything about the correctness of an evidentiary decision made in November 2024. When a case is retried, "unless some specific limitation is expressly noted, [it] is on an open record," and the Court may change its evidentiary rulings. *Wagner v. Maricopa Cnty.*, 2014 WL 12701215, at *1 (D. Ariz. May 13, 2014); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (holding that district courts "possess the inherent power to reconsider, rescind, or modify an interlocutory order"). There is, of course, no such limitation here. As Plaintiffs concede, the parties agreed only to admit prior deposition testimony, exhibits, and demonstratives without further objection. Mot. 5. That there was no agreement reached on how to treat testimony from the prior trial is an issue of Plaintiffs' own making. Apple urged this Court to resolve this case on the prior trial transcript (*see, e.g.*, Dkt. 2144 at 1-2), but—at Plaintiffs' request—this Court ordered the witnesses to present new testimony. *See* Dkt. 2133 at 3; *see also* 10/9/24 Tr. 6:5 (retrial would be "starting from square one").

### B. Testimony About Plaintiffs' Health Module Is Inadmissible

This Court also correctly sustained Apple's objections to paragraphs 123-125 of the Kiani Declaration and paragraph 66 of the Muhsin Declaration, which all contain testimony related to Masimo's attempts to develop a business of selling a "module" to other watch OEMs. The Court has excluded similar testimony throughout the course of this litigation, and for good reason: it is irrelevant and concerns facts and theories that Plaintiffs did not timely disclose in discovery.

***First***, the OEM testimony is irrelevant to any issue left in the case. It reflects yet another attempt by Plaintiffs to resuscitate their theory that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
10                                            CASE NO. 8:20-cv-00048-JVS (JDEx)

█████████████████████████████████████████████████████████████ if Apple had not engaged in the purported misappropriation.  This theory has zero factual support: there was no misappropriation, and Apple ████████████████████████████████ ████████████████████████████████.  This Court rightly struck that same basic theory under Rule 37(c) before the first trial.  *See, e.g.*, Dkts. 1283, 1516.  Because Plaintiffs are precluded from relying on that theory of harm (*see, e.g.*, Dkt. 2294 at 9-10), this testimony is irrelevant.

      Plaintiffs try to sidestep this problem by arguing that the potential for Masimo to sell sensor modules to other watch manufacturers "is relevant to the independent economic value" of the alleged trade secrets.  Mot. 6-7 & n.5.  But Plaintiffs have never disclosed a nexus between L4, L5, D1, D3, or D10 and the purported health module that could provide a basis for inferring that the alleged trade secrets have any independent economic value.  Absent that foundation, Plaintiffs' steps toward building a watch module business says nothing about whether the specific alleged trade secrets at issue here have any independent economic value from not being generally known.  In any event, Plaintiffs have never presented evidence that Masimo has sold a single sensor module to any watch OEM.

      Plaintiffs also wrongly argue that the OEM testimony is relevant to "irreparable harm supporting injunctive relief."  Mot. 6-7 & n.5.  As Apple explained, during the nearly five years of litigation Plaintiffs have refused to disclose any factual or legal basis underlying their request for a permanent injunction.  *See* Dkt. 2204 at 2-3; Dkt. 2294 at 3-4; Dkt. 2285 ¶¶ 361-368.  For instance, Plaintiffs have never meaningfully responded to Apple's Interrogatory No. 17, which asked Plaintiffs to "[s]tate *in detail* all factual and legal bases for Your contention that You are entitled to … injunctive relief," despite having supplemented their response twelve times since the interrogatory was first served in 2020.  Dkt. 2181-2 at 5.  While Plaintiffs now cite five pages from the very same interrogatory that purport to show that the OEM irreparable harm theory was properly disclosed (pages 15, 21-23, and 27 of Exhibit A), only one of those pages actually

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
11    CASE NO. 8:20-cv-00048-JVS (JDEx)

appears in Exhibit A, and it merely states without elaboration that Plaintiffs are "███████ ███████████████████████ ███████." Dkt. 2301-3 [Ex. A] at 15.[5] In sum, although Apple has now raised this disclosure issue three times, Plaintiffs have yet to offer *any* citation to any actual prior disclosure, nor *any* meaningful explanation for how they can evade FRCP 37(c).

*Second*, Plaintiffs cannot rely on their September 2024 partnership with Google because that arrangement involves post-discovery facts and was never disclosed as relevant to either issue Plaintiffs now contend it relates to. Plaintiffs do not contend that they timely disclosed the Google partnership mentioned in the excluded testimony. Mot. 6-7. Instead, they point to disclosures about their "*intention* to develop a health sensor module for OEMs" and their "*discussions* with Google that culminated in the September 2024 press release" referenced in the Kiani Declaration. *Id.*[6]

To be clear: the issue of injunctive relief should be moot, because Plaintiffs' trade secret claims have collapsed during this trial, and without liability, remedies are moot.

Moreover, it is simply too late for Plaintiffs to inject new facts into the case. Plaintiffs evidently agree: Plaintiffs' counsel leveraged the very ruling they now ask the Court to reconsider when they successfully objected to Apple questioning Mr. Muhsin about Masimo's November 5, 2024 earnings call. *See supra* p. 4; 11/6/24 AM Tr. 98:7-18 ("███████████████████ ███████████████████████ ██████████"). Plaintiffs should not be permitted to strategically wield this Court's evidentiary rulings as a sword when it is to their benefit and then claim error when it is not.

---

[5] Exhibit A is only 22 pages long and—using Exhibit A's numbering—pages 21 to 22 are irrelevant to the OEM issue. Going by the original numbering of the interrogatory response, Plaintiffs have not included pages 21-23 or 27.

[6] Plaintiffs also rely on disclosures in the Delaware action pending between the parties. *See* Mot. 7. But the cited reports and depositions are all from 2023—i.e., before the events referenced in the excluded testimony.

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
12   CASE NO. 8:20-cv-00048-JVS (JDEx)

# CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration should be denied.

Dated: November 11, 2024             Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
NORA Q.E. PASSAMANECK
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
13    CASE NO. 8:20-cv-00048-JVS (JDEx)

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 4,042 words, which:

 X  complies with the word limit of L.R. 11-6.1.

 __ complies with the word limit set by court order dated [date].

Dated: November 11 , 2024          Respectfully submitted,

                                   MARK D. SELWYN
                                   AMY K. WIGMORE
                                   JOSHUA H. LERNER
                                   JOSEPH J. MUELLER
                                   SARAH R. FRAZIER
                                   NORA Q.E. PASSAMANECK
                                   THOMAS G. SPRANKLING
                                   WILMER CUTLER PICKERING HALE AND DORR LLP

                                   BRIAN A. ROSENTHAL
                                   GIBSON, DUNN & CRUTCHER LLP

                                   KENNETH G. PARKER
                                   HAYNES AND BOONE, LLP


                                   By: */s/ Mark D. Selwyn*
                                        Mark D. Selwyn

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION RE: EVIDENTIARY RULINGS
14                    CASE NO. 8:20-cv-00048-JVS (JDEx)