1  MARK D. SELWYN, SBN 244180
    mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
    thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
    HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
    joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
    HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10 AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
11 WILMER CUTLER PICKERING
    HALE AND DORR LLP
12 2100 Pennsylvania Ave NW
   Washington, DC 20037
13 Tel.: 202.663.6000 / Fax: 202.663.6363

14 [Counsel appearances continue on next page]

15 *Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE INC.'S REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO DIRECT TESTIMONY OF VIJAY MADISETTI**<br><br>Hon. Judge James V. Selna<br>Trial Date: November 5, 2024 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

On October 31, 2024, Defendant Apple Inc. filed objections to the Direct Testimony of Vijay Madisetti, Ph.D. ("Madisetti Direct"). *See* Dkt. 2244-5. Apple has since agreed to withdraw its objections to the Madisetti Direct, ***except for*** Apple's objections relating to paragraphs 20, 147, 149, 234, 245, and 246.

With respect to paragraphs 234, 245, and 246 of the Madisetti Direct—which relate to the alleged demodulation secrets—Apple is willing to withdraw its objections on the assumption that Apple's expert, Dr. Sarrafzadeh, will be permitted to respond to Dr. Madisetti's opinions. Paragraphs 234 and 245-246 provide new analysis regarding the functionality of specific, newly identified source code relevant to alleged trade secret D10. To the extent Dr. Sarrafzadeh is not permitted to address these new opinions, they should be stricken from the Madisetti Direct.

Apple maintains its objections to Dr. Madisetti's testimony that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,[1] Madisetti Direct ¶ 20, and testimony that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *id.* ¶ 149. *See generally* Dkt. 2244-5 (Apple's objections).[2]

Apple objects to paragraphs 20 and 149 for two related reasons. ***First***, the Court has repeatedly ruled that testimony related to post-discovery facts should be excluded. *See, e.g.*, 11/6/24 (AM) Trial Tr. 80:12-22; Dkt. 2288 (sustaining objection to paragraph 124 of Kiani declaration); 11/7/24 Court's Rulings on Jeffrey H. Kinrich Direct Testimony (sustaining objections to paragraphs 22, 32 in Dkt. 2244-4). The testimony at issue here should be excluded for the same reason. ▮▮▮▮▮▮▮▮▮▮

---

[1] In layman's terms, an ASIC is a chip tailor-made for a particular use (rather than a generic computer component).

[2] Apple ▮▮▮▮s to the citation of JTX-5159 in paragraph 147, which relates to the earlier ▮▮▮▮▮ but was not cited in Dr. Madisetti's expert reports and should thus be excl▮▮▮mely disclosed. *See infra* p. 2.

APPLE'S REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO DIRECT TESTIMONY OF MADISETTI
1                              CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

1  ▮

2  ▮.[3] Dr. Madisetti's reliance on

3  post-discovery material for the first time in his direct testimony is highly prejudicial to

4  Apple, particularly as Apple has had no opportunity to investigate Dr. Madisetti's

5  assertions via written discovery or deposition. *Cf.* Dkt. 2226 at 3 (excluding expert

6  witnesses' opinions first raised in August 2024 because "[g]iven the short time to trial,

7  the Court cannot find the delay harmless").

8      ***Second***, and relatedly, Dr. Madisetti did not timely disclose his opinions in the

9  objected-to portions of paragraphs 20, 147, and 149 in his expert reports. *See* Fed. R.

10  Civ. P. 26(a)(2)(B) (requiring expert's "written report" to disclose "a complete statement

11  of all opinions the witness will express and the basis and reasons for them" and "the

12  facts or data considered by the witness in forming them"); *Yeti by Molly, Ltd. v. Deckers*

13  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (excluding expert testimony

14  because the Federal Rules "forbid[] the use at trial of any information required to be

15  disclosed by Rule 26(a) that is not properly disclosed").

16      The portions of Dr. Madisetti's report cited by Masimo (in Dkt. 2277-1 at 1, 25-

17  27) do not discuss (1) ▮

18  ▮ incorporate any

19  alleged trade secrets. Indeed, Dr. Madisetti's expert reports never even cite the

20  documents relied upon in the objected-to portions of paragraphs 20, 147, and 149. *See*

21  JTX-5090 (APL_DEL01918691); JTX-5113 (APL_DEL03852005); JTX-5114

22  (APL_DEL04018157); JTX-5115 (APL_DEL04026023); JTX-5159

23  (APL_MAS_ITC_00306773). Dr. Madisetti could have sought to supplement his expert

24  opinion with respect to the ▮ well in advance of his direct

---

[3] ▮

APPLE'S REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO DIRECT TESTIMONY OF MADISETTI
2
CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler Pickering Hale and Dorr LLP

1  testimony. Adding new opinions shortly before trial is simply "too late." Dkt. 2226 at
2  3.
3        Plaintiffs' only response is to argue that Dr. Madisetti disclosed his theories on
4  ███████████████████████████████████████ and should now be permitted to
5  apply them to the ██████ and ████████. Dkt. 2304 at 1. But Plaintiffs cannot
6  reasonably argue that ████████████████████████████████, should be
7  treated identically at this late stage when no such opinion was timely disclosed.

APPLE'S REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO DIRECT TESTIMONY OF MADISETTI
3                    CASE NO. 8:20-cv-00048-JVS (JDEx)

Wilmer Cutler
Pickering Hale
and Dorr LLP

| | |
|---|---|
| Dated: November 11, 2024 | Respectfully submitted, |
| | /s/ Mark D. Selwyn |
| | MARK D. SELWYN |
| | JOSEPH J. MUELLER |
| | AMY K. WIGMORE |
| | JOSHUA H. LERNER |
| | SARAH R. FRAZIER |
| | NORA Q.E. PASSAMANECK |
| | THOMAS G. SPRANKLING |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | |
| | BRIAN A. ROSENTHAL |
| | GIBSON, DUNN & CRUTCHER LLP |
| | |
| | KENNETH G. PARKER |
| | HAYNES AND BOONE, LLP |
| | |
| | *Attorneys for Defendant Apple Inc.* |

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 1033 words, which:

X complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO DIRECT TESTIMONY OF MADISETTI
4
CASE NO. 8:20-cv-00048-JVS (JDEx)