1  MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
   thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  One Front Street, Suite 3500
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
      HALE AND DORR LLP
12  2100 Pennsylvania Ave NW
    Washington, DC 20037
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16              **UNITED STATES DISTRICT COURT**
17      **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

18  MASIMO CORPORATION,                    CASE NO. 8:20-cv-00048-JVS (JDEx)
    a Delaware corporation; and
19  CERCACOR LABORATORIES, INC.,           **APPLE'S MEMORANDUM IN**
    a Delaware corporation,                **SUPPORT OF ITS MOTION FOR**
20                                          **REVIEW OF AND OBJECTIONS TO**
                        Plaintiffs,         **MAGISTRATE JUDGE EARLY'S**
21                                          **NOVEMBER 8, 2024 REPORT AND**
          v.                                **RECOMMENDATION REGARDING**
22                                          **PLAINTIFFS' INFRINGEMENT**
    APPLE INC.,                             **CONTENTIONS**
23  a California corporation,

24                        Defendant.        Hearing: January 6, 2025
                                            Time: 1:30pm
25                                          Courtroom: 10C

26

27              REDACTED VERSION OF DOCUMENT
28              PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

NORA Q.E. PASSAMANECK, *pro hac vice*
  nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel.: 720.274.3152 / Fax: 720.273.3133

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 2

    A.    Plaintiffs' Infringement Contentions Shift Repeatedly Despite Their Representation To This Court In March 2024 That "Most Discovery Is Complete" ............................................................................................ 2

    B.    During A Two-Hour Hearing, Magistrate Judge Early Expresses Skepticism Regarding Whether Plaintiffs' Workout Mode Theory Was Properly Presented ................................................................................ 6

    C.    The Ultimate Report & Recommendation Adopts Plaintiffs' Workout Mode Theory Without Analysis, Relying On A "Good Cause" Argument Plaintiffs Never Made .............................................................. 8

ARGUMENT ............................................................................................................ 9

    I.    PLAINTIFFS' APPLE WATCH WORKOUT MODE THEORY OF INFRINGEMENT WAS NOT DISCLOSED UNTIL JULY 2024 .......................... 10

    II.    PLAINTIFFS DID NOT—AND COULD NOT—ARGUE THAT GOOD CAUSE EXISTED TO AMEND THE MAY 2024 CONTENTIONS ..................... 15

        A.    The R&R Erred By Addressing Good Cause ................................ 15

        B.    The R&R Erred In Finding Good Cause To Amend .................... 17

CONCLUSION ........................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

*Adobe Systems, Inc. v. Wowza Media Systems*,
2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ............................................2

*Astellas Pharma., Inc. v. Sandoz Inc.*,
117 F.4th 1371 (Fed. Cir. 2024) ...............................................16, 17

*Campbell v. HSA Managed Care Systems, Inc.*,
1998 WL 417505 (N.D. Ill. July 21, 1998) ............................................15

*Coleman v. Quaker Oats, Co.*,
232 F.3d 1271 (9th Cir. 2000) ............................................21

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*,
2013 WL 3361241 (N.D. Cal. July 3, 2013) ............................................11

*Facet Techs., LLC v. LifeScan, Inc.*,
2023 WL 5504954 (C.D. Cal. June 7, 2023) ............................................17, 20

*Finjan, Inc. v. Check Point Software Technologies, Inc.*,
2019 WL 955000 (N.D. Cal. Feb. 27, 2019) ............................................12

*Finjan, Inc. v. Proofpoint, Inc.*,
2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ............................................14

*Finjan, Inc. v. SonicWall, Inc.*,
2019 WL 2077849 (N.D. Cal. May 10, 2019) ............................................12

*Finjan, Inc. v. Symantec Corp.*,
2018 WL 620169 (N.D. Cal. Jan. 30, 2018) ............................................2

*Fortinet, Inc. v. Forescout Technologies, Inc.*,
2021 WL 1749902 (N.D. Cal. May 4, 2021) ............................................11

*Google, Inc. v. Netlist, Inc.*,
2010 WL 1838693 (N.D. Cal. May 5, 2010) ............................................19

*Grecia v. Apple Inc.*,
2015 WL 81893 (N.D. Cal. Jan. 5, 2015) ............................................12

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ............................................21

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .................................................................19, 20

*Physicians Healthsource Inc. v. Masimo Corp.*,
   2019 WL 1966663 (C.D. Cal. Feb. 27, 2019) .......................................................9

*Polaris Power LED Techs., LLC v. VIZIO, Inc.*,
   2019 WL 13043594 (C.D. Cal. Nov. 4, 2019) ...................................................17

*Shared Memory Graphics LLC v. Apple Inc.*,
   812 F. Supp. 2d 1022 (N.D. Cal. 2010)...............................................................11

*Solmon v. North American Life & Cas. Ins. Co.*,
   151 F.3d 1132 (9th Cir. 1998) ...........................................................................21

*TCL Communications Tech. Holdings Ltd. v. Telefonaktenbologet LM
   Ericsson*, 2016 WL 6662727 (C.D. Cal. July 7, 2016) ......................................9

*Uni-Splendor Corp. v. Remington Designs, LLC*,
   2017 WL 4786085 (C.D. Cal. Aug. 10, 2017) ...................................................12

*Winthrop House Ass'n v. Brookside Elm Ltd.*,
   451 F. Supp. 2d 336 (D. Conn. 2005)..................................................................15

*ZiLOG, Inc. v. Quicklogic Corp.*,
   2006 WL 563057 (N.D. Cal. Mar. 6, 2006) .......................................................18

**Other Authorities**

*Grecia v. Apple*,
   No. 14-cv-00775, ECF No. 146-1 (Nov. 3, 2014).............................................13

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2, Apple respectfully objects to Magistrate Judge Early's November 8, 2024 Report and Recommendation ("R&R") regarding Plaintiffs' July 2024 amended infringement contentions ("New Contentions").  Specifically, Apple objects to the conclusions that (1) Plaintiffs' May 2024 Contentions accused Apple Watch's Workout Mode of infringing the asserted patents, (2) Plaintiffs met their burden to establish "good cause" to submit the New Contentions, and (3) Apple will suffer no cognizable prejudice if Plaintiffs are allowed to rely on the New Contentions.  *See* Dkt. 2311 at 19-20.[1]

***First***, it is undisputed that the narrative description in Plaintiffs' May 2024 Contentions did not expressly assert that Workout Mode (or any algorithm utilized by it) allegedly infringes the "continuous" limitations of the '703 patent.  Despite this lack of disclosure, Plaintiffs argued that the Workout Mode theory was adequately disclosed, primarily pointing to snippets buried among dozens of unrelated screenshots spread across dozens of pages of contentions.  Dkt. 2027 at 6-9.  In a single sentence—and without explanation—the R&R held Plaintiffs' purported disclosure was "sufficient[], though not perfect[]."  Dkt. 2311 at 19.  That conclusion cannot be squared with the Northern District of California's Patent Local Rules and cases applying those rules, or even with the R&R's acknowledgment that a defendant should not be left to "'guess what particular system (or aspect of a particular system) [the amending party] is accusing of meeting each limitation.'"  *Id.*

***Second***, the R&R erroneously provides a recommendation on an issue beyond the scope of what was referred.  Specifically, the R&R concludes that Plaintiffs established "good cause" to amend their contentions to include the Workout Mode theory because Plaintiffs supposedly acted "with sufficient diligence" in amending after learning new facts.  Dkt. 2311 at 19-20.  But Plaintiffs never made this argument,

---

[1] The parties submitted their proposed redactions to the R&R earlier today.  Apple's proposed redactions herein match that which was submitted.

and for a good reason:  As they conceded in front of Magistrate Judge Early, there was no information relied on in the New Contentions that they "█████████████ █████" 9/26/24 Sealed Hr'g Tr. 66.  Indeed, such an argument would have been fundamentally inconsistent with Plaintiffs' assertion that the New Contentions merely added details to the May Contentions and Plaintiffs' failure to move to amend.  Accordingly, neither the Court nor the parties requested the Magistrate Judge to consider whether Plaintiffs could have prevailed on a motion to amend because Plaintiffs' position was that no amendment was necessary.

**Finally**, although this Court need not reach the question of prejudice due to Plaintiffs' failure to show diligence, the R&R was incorrect that Apple will suffer no cognizable prejudice as a result of Plaintiffs' belated amendment.  Regardless of whether the case schedule is now adjusted, "prejudice is inherent in the assertion of a new theory after discovery has closed"—and finding otherwise here would create an improper "incentive for late disclosure."  *Adobe Systems, Inc. v. Wowza Media Systems*, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014); *accord Finjan, Inc. v. Symantec Corp.*, 2018 WL 620169, at *2 (N.D. Cal. Jan. 30, 2018) (similar).

## BACKGROUND

A.    **Plaintiffs' Infringement Contentions Shift Repeatedly Despite Their Representation To This Court In March 2024 That "Most Discovery Is Complete"**

In April 2024, this Court ordered a trial on all of Plaintiffs' claims to start on November 5, 2024.  Dkts. 1943, 1944.  This Court's case schedule largely adopted Plaintiffs' expedited schedule for discovery on their patent infringement claims, which was based on Plaintiffs' representation that (1) they would provide infringement contentions by April 15, 2024 and (2) "most discovery is complete."  *See* Dkt. 1943 at 1; Dkt. 1943-1 at 2.  Fact discovery was set to close on July 15, 2024.  Dkt. 1946.

Plaintiffs' April 2024 infringement contentions dramatically expanded the scope of the accused products without explaining which contentions attached to which

1  product.  Dkt. 1955-1 at 4-5.  Plaintiffs further amended those contentions on May 31,

2  2024 in response to Apple's motion to compel Plaintiffs to provide a coherent theory

3  of infringement.  *Id*. at 3.  Plaintiffs represented that their May 2024 amendment was

4  appropriate because "Apple did not 'substantially complete' its production of core

5  technical documents until May 22."  *Id.* at 3.

6      At a hearing on July 1, 2024, Plaintiffs suggested they intended to further

7  "amend their preliminary contentions."  7/1/24 Hr'g. Tr. 13.  In response, this Court

8  stated that Plaintiffs would need to seek leave to amend to add new theories: "I think

9  you need to make the usual showing if you want to amend the contentions.  You don't

10  get a freebie."  *Id.* at 13-14.  At the same time, this Court noted Plaintiffs could add

11  more "details" to previously disclosed infringement theories without seeking leave to

12  amend:

13

14      THE COURT: Details [are] different from contentions.

15      MR. POWELL:  I'm not sure I understand what you are
        getting at.

16      THE COURT: Contention A as presently stated, reasons one,
17      two, three in support of it.  I think you can come back with
        additional reasons, reasons four and five.

18      MR. POWELL:  I think that's correct your honor.  …
19      [F]rankly, all of our contentions we think have spelled out
        our theories already.

20  7/1/24 Hr'g. Tr. 14.  The Court emphasized the same point several minutes later:

21

22      MR. POWELL:  … Mr. Mueller indicated the disagreement
        [with] whether we can supplement the preliminary
23      contentions. … [T]he tentative indicates at the end that
        should Masimo wish to amend, now is the time to do so and
24      that the Court leaves the decision up to Masimo.  We do
        intend to amend and provide some additional details that
25      Apple has stated that they need here and as would be
        permitted under the tentative.

26      THE COURT: It's not a carte blanche.

27      MR. POWELL: I understand, Your Honor.

28  7/1/24 Hr'g. Tr. 18-19.

1    Nonetheless, on July 5, with six business days left in fact discovery, Plaintiffs
2    served 864 pages of new infringement contentions, raising new theories that had not
3    been previously asserted.  Dkt. 1995 at 1.  For example, while the May Contentions
4    included only two infringement claim charts (one for each asserted patent), the New
5    Contentions included six infringement claim charts—purporting to address three
6    infringement theories for each of the two asserted patents.  *Compare* Dkt. 2029-1,
7    2029-2 (Plaintiffs' New Contentions) *with* Dkt. 2028 (Plaintiffs' May Contentions);
8    *see also* 7/8/24 Hr'g Tr. 7 (Plaintiffs' counsel acknowledging that "[w]e previously
9    had two charts, one for each patent" and "we have now broken that down to three
10    charts per patent").

11    Among their other new theories, Plaintiffs argued for the first time that Apple
12    Watch Workout Mode infringed the '703 patent limitations requiring continuous
13    operation and practiced numerous limitations of the '776 patent.  *See* Dkt. 2029 at 2-3
14    & n.2.  For example, while Plaintiffs' May Contentions made high-level reference to
15    "Apple Watch ███████████████"—without any reference to specific documents,
16    numbers, products, or accused features —the New Contentions were specifically
17    focused on Workout Mode:

18
19
20    
21
22
23
24
25
26
27
28

| May Contentions | New Contentions |
|---|---|
|  | |
| Dkt. 2028 at 109.[2] | Dkt. 2029-1 at 32.[3] |

Apple promptly raised Plaintiffs' New Contentions with this Court, Dkt. 1995 at 1, and both sides filed competing reports, *see* Dkts. 2027, 2029. As relevant here, Plaintiffs primarily argued that the Workout Mode theory was disclosed by Apple "documents and screenshots" scattered and buried throughout their May 2024 Contentions. Dkt. 2027 at 6-9 (citing screenshots and other passing references appearing on pages 4, 9, 24-25, 28-29, 49-50, 66, 68, 77, 95-96, 101, 108, 118-120, 127, 145, 147, and 299 of Exhibit 1 to Plaintiffs' May 2024 Contentions).[4] Plaintiffs did not argue that the narrative accompanying the May 2024 contentions expressly asserted that Workout Mode operates continuously as required by the asserted claims of the '703 patent.

---

[2] For consistency, Apple uses Plaintiffs' annotated version of the May 2024 contentions, which is available at Dkt. 2028.

[3] Emphases added unless noted.

[4] Again, for consistency, Apple uses the same numbering system as Plaintiffs—i.e., citing the page numbers that appear in the original claim chart. Unless otherwise noted, all citations are to the claim chart rather than to the cover pleading.

During a subsequent hearing, this Court inquired whether the parties wanted him to resolve the contentions dispute in the first instance or refer it to a special master. While Apple proposed that this Court resolve the dispute, Plaintiffs indicated a special master should be appointed.  7/12/24 Hr'g Tr. 7-8.  This Court took Plaintiffs' recommendation, and ordered the parties to propose names for a "technical expert in this area who could … review the current memoranda and come back to the Court with a report as to whether there are… new theories in the July set of contentions, or whether they're simply … further particulars with respect to the existing theories."  *Id.* at 16.  This Court emphasized that "we need the answer to [the question of whether Plaintiffs have added new theories] … before it becomes necessary for you to move to amend the contentions,"  *Id.* at 16-17; *accord* Dkt. 2019 at 8 (██████████████████ ████████████████████████████████████████████ ████████████████████████████████████).  This Court ultimately referred the New Contentions dispute to Magistrate Judge Early on September 16, 2024.  Dkt. 2114.

**B.    During A Two-Hour Hearing, Magistrate Judge Early Expresses Skepticism Regarding Whether Plaintiffs' Workout Mode Theory Was Properly Presented**

On September 26, 2024, Magistrate Judge Early held an over two-hour-long hearing on Apple's pending motion to compel.  9/26/24 Unsealed Hr'g Tr. 1-30; 9/26/24 Sealed Hr'g Tr. 3-73.  Among other things, Magistrate Judge Early asked Apple to explain why Plaintiffs' New Contentions included new theories of infringement—as opposed to merely providing additional details to existing theories.  As relevant here, Apple's counsel explained that ████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████.  9/26/24 Sealed Hr'g Tr. 4-5.

1  Magistrate Judge Early agreed with the thrust of Apple's position, noting that █████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████████████

6         Magistrate Judge Early also asked Apple to address any prejudice it would

7  suffer from having to proceed under the New Contentions.  9/26/24 Unsealed H'rg Tr.

8  15-16.  Apple explained that it would face prejudice because "[f]act discovery is over"

9  and Apple would have taken numerous different steps during fact discovery had

10  Plaintiffs timely asserted the new infringement theories first articulated in the New

11  Contentions, including:

12  • Serving noninfringement contentions explaining why Plaintiffs' New

13    Contentions do not support a valid theory of infringement;

14  • Reevaluating invalidity contentions to determine whether the New

15    Contentions implicated additional prior art;

16  • Serving more probing interrogatories to determine the "complete recitation of

17    what the evidentiary basis is" for Plaintiffs' New Contentions;

18  • Revising witness disclosures; and

19  • Raising different questions during the deposition of Plaintiffs' employee

20    listed as the inventor on the two asserted patents.

21  9/26/24 Unsealed Hr'g Tr. 23-27.  Apple further emphasized that ████████████████

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████████████████████

25  9/26/24 Sealed Hr'g Tr. 57.

26         Magistrate Judge Early also asked Apple to address whether Plaintiffs had been

27  diligent in seeking to amend their infringement contentions.  Apple's counsel

28  explained that Plaintiffs had not attempted to "show[] … diligence for the new

theories" because "[t]heir view is that they disclosed all the new theories in their May contentions." 9/26/24 Unsealed Hr'g Tr. 27. Magistrate Judge Early agreed, stating that while "there might be some tweaks to that … you're right that I think that Masimo is still saying that's not a change in theory; that [it]'s a … change in wording." *Id.* 28. Plaintiffs' counsel later made the same point—i.e., ████████████████████████████ ████████████████████████████████████. 9/26/24 Sealed Hr'g 38-39. Plaintiffs' counsel were unable to ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████

     At the conclusion of the hearing, Magistrate Judge Early informed the parties that ████████████████████████████████████████████ ████████████████  9/26/24 Sealed Hr'g Tr. 67.

### C.  The Ultimate Report & Recommendation Adopts Plaintiffs' Workout Mode Theory Without Analysis, Relying On A "Good Cause" Argument Plaintiffs Never Made

     On November 8, 2024, Magistrate Judge Early issued the R&R. The R&R recommends that this Court treat Plaintiffs' New Contentions as "the operative contentions" and reopen fact discovery "[t]o the extent that Apple requires additional discovery on new details" set forth in those contentions. Dkt. 2311 at 20, 25. The 25-page R&R devotes fifteen pages to summarizing the factual background and relevant legal standards, but just one sentence to explaining why Plaintiffs' Workout Mode infringement contentions were not an impermissible new theory:

> The Court finds that the July Contentions' references to Workout Mode did not introduce a new theory, but rather provided additional details, including new nomenclature to conform with Apple-specific naming conventions regarding an existing theory sufficiently, though not perfectly disclosed in the May Contentions.

Dkt. 2311 at 19 (citation omitted).

The R&R also provided a recommendation on an issue that neither this Court nor any party had asked it to reach—whether Plaintiffs had established good cause to amend. Dkt. 2311 at 19-20. The R&R held that Plaintiffs had "acted with sufficient diligence" in amending their infringement contentions "under the unique circumstances of this case"—e.g., the long time period between when this suit was filed in January 2020 and when the patent stay was lifted in April 2024. *Id.* The R&R stated that viewed in light of this timeline, "[t]he July Contentions were served slightly more than 10 weeks after the post-stay deadline for initial contentions of April" and "within days or at most a few weeks of discovery responses by Apple that bore on the same issues." *Id*. The R&R also stated that Apple had failed to show cognizable prejudice caused by the New Contentions because "there is no trial date or other pending pretrial deadlines set on the patent claims" and thus "the fact discovery cutoff can be reopened" if necessary. *See id.* at 20.

## ARGUMENT

This Court may set aside a magistrate judge's ruling on a non-dispositive matter when it is "'clearly erroneous or contrary to law.'" Dkt. 79 at 3. Legal errors are reviewed *de novo*, while factual errors are subject to a more "'deferential'" standard, "'requiring a definite and firm conviction that a mistake has been committed.'" *Id.*; *see also TCL Communications Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 6662727, at *3 (C.D. Cal. July 7, 2016) (Selna J.) (reversing magistrate judge's ruling as "clearly erroneous"). A decision is "contrary to law" and thus subject to *de novo* review if, for example, "it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Physicians Healthsource Inc. v. Masimo Corp.*, 2019 WL 1966663, at *2 (C.D. Cal. Feb. 27, 2019) (Selna J.) (partially reversing magistrate judge's ruling as contrary to law).

## I.    PLAINTIFFS' APPLE WATCH WORKOUT MODE THEORY OF INFRINGEMENT WAS NOT DISCLOSED UNTIL JULY 2024

The R&R's conclusion that Plaintiffs' Workout Mode theory of infringement was adequately disclosed in May 2024 should be set aside, as it is both contrary to law and clearly erroneous.

Each asserted claim of the '703 patent requires "continuous patient monitoring" and "continuously operating a patient monitor" at a lower power consumption level and a higher power consumption level.  *See* '703 patent, claim 1, limitations 1[C], 1[E] (*available* at Dkt. 2028 at 66, 229).  While Plaintiffs' May 2024 Contentions stated generally that ███████████████████████████████████████████████ ████████████████████████████████, *e.g.*, Dkt. 2028 at 66, 229, Plaintiffs did not contend that ***Workout Mode itself*** satisfied claim limitations 1[C] and 1[E] or any other asserted claim requiring continuous patient monitoring.

Plaintiffs changed tactics in their New Contentions.  The narrative explaining the scope of the contentions for claim 1[C] for the first time accused Workout Mode (or ███████████████████████) of infringing these limitations requiring ***continuous*** patient monitoring.  *See* Dkt. 2029-1 (Appx 1A) at 32-34; *see also supra* pp. 4-5 (comparing infringement analysis in May 2024 and New Contentions).  Where the narrative for claim limitation 1[C] in the May 2024 Contentions was vague (and spanned just four short paragraphs), the narrative for the New Contentions for the same claim extends for three pages and incorporates diagrams to ██████████████████ ███████████████████████████████████████████████████████████████. *See* Dkt. 2029-1 (Appx 1A) at 33.  The New Contentions rewrite the narrative for claim limitation 1[E] in a similar fashion, Dkt. 2029-1 (Appx 1A) at 52-54, and further suggest that Workout Mode is somehow relevant to various limitations of the '776 patent that do not include a "continuous" limitation, *see* Dkt. 2029-1 (Appx 2A) at 39-40, 44-45, 66-67, 94; *id.* (Appx 2B) at 4-5, 41-42; Dkt. 2029-2 (Appx 2B) at 136-137.

It is undisputed that the narrative accompanying the May 2024 contentions does not link Workout Mode to the "continuous" limitations (nor does it even use the term "Workout Mode"). *Compare* Dkt. 2029 at 3 (Apple's brief) *with* Dkt. 2027 at 6-9 (Plaintiffs' brief).[5]  Plaintiffs are thus necessarily on the wrong side of the line that divides adding new theories and adding new details in support of existing theories.  As this Court explained, adding details means providing "additional reasons" in support of an existing contention—not creating a contention out of whole cloth.  7/1/24 Hr'g Tr. 14; *see also supra* p. 3.

Unable to identify a single clear place in the contentions where the theory that Workout Mode operates as a continuous patient monitor as required by '703 claim limitations 1[C] and 1[E] was expressly stated, Plaintiffs have argued that their new theory was indirectly disclosed via "screenshots" and citations to "numerous documents," Dkt. 2027 at 6-9, which they contend was enough to put Apple on notice that Plaintiffs would be relying on Workout Mode to establish infringement.  This approach is contrary to law, as Plaintiffs' infringement contentions must have a sufficient "degree of specificity … to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement and raise a reasonable inference that all accused products infringe." *See Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, 2013 WL 3361241, at *3 (N.D. Cal. July 3, 2013); *accord Shared Memory Graphics LLC v. Apple Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (similar); Dkt. 2019 at 2-3 (similar).  Merely "incorporat[ing] screen shots in lieu of explanatory text" is insufficient to meet Plaintiffs' burden.  *Adobe*, 2013 WL 3361241, at *4; *accord Fortinet, Inc. v. Forescout Technologies, Inc.*, 2021 WL 1749902, at *3 (N.D. Cal. May 4, 2021) ("A party cannot meet its burden simply …

---

[5] While Plaintiffs' ***cover pleading*** included a screenshot of a public Apple document that referenced Workout Mode, Plaintiffs did not cite that document in their contentions or otherwise make any attempt to link that document to any individual claim or limitation.  *See* Dkt. 2028 (Cover Pleading) at 10-11.

1    through reference screenshots or website content" or otherwise "leave [it] to … the

2    allegedly infringing party to piece [the infringement theory] together").[6]

3        The R&R appears to have departed from the principle laid out in cases like

4    *Adobe* based on a case that neither party cited, which the R&R relies on for the

5    proposition that no brightline rule precludes a party from using scattered screenshots in

6    the place of an explanatory narrative to provide the requisite reasonable notice.  *See*

7    Dkt. 2311 at 19 (citing *Grecia v. Apple Inc.*, 2015 WL 81893, at *2 (N.D. Cal. Jan. 5,

8    2015)).  But the R&R reads *Grecia* far too broadly.  The relevant passage from that

9    case addressed four pages from an 18-page infringement contentions document that

10   (following a court order to provide more detail) used screenshots to ***supplement*** the

11   narrative discussion of infringement.  As the *Grecia* court summarized, "Grecia has

12   provided screenshots ***with detailed labels*** showing how the system prompts read or

13   write request and showing screenshots of system confirmations that those requests

14   were made."  2015 WL 81893, at *2; *see also Grecia v. Apple*, No. 14-cv-00775, ECF

15   No. 146-1 at 3-6 (Nov. 3, 2014) (infringement contentions cited by *Grecia* Court).

16   One example slide from *Grecia* is reproduced below:

17

18

19

20

21

22

23

24

25

---

26   [6] *See also, e.g., Finjan, Inc. v. SonicWall, Inc.*, 2019 WL 2077849, at *3 (N.D. Cal. May 10, 2019) (contentions insufficient when there was "little or no explanation of how the information contained in the screenshots relates to the claim limitations at

27   issue"); *Finjan, Inc. v. Check Point Software Technologies, Inc.*, 2019 WL 955000, at *6 (N.D. Cal. Feb. 27, 2019) (similar); *Uni-Splendor Corp. v. Remington Designs,*

28   *LLC*, 2017 WL 4786085, at *3 (C.D. Cal. Aug. 10, 2017) (similar).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16

*Grecia*, ECF No. 146-1 at 3.  Plaintiffs' May 2024 Contentions, in contrast, relied on

17
dozens of screenshots (purportedly) in lieu of any narrative description of why

18
Workout Mode infringes the asserted claims.  The screenshots that Plaintiffs

19
highlighted in their most recent brief filed with this Court prove the point.  Plaintiffs

20
included 80 pages of charts solely for limitation 1[C] of the '703 patent in their May

21
2024 Contentions, (*see* Dkt. 2028 at 66-149), but were only able to point to a few

22
screenshots (which appeared many pages apart) that happened to use the term workout

23
or related terms.  *See* Dkt. 2027 at 7-8.

24
        The R&R notably does not rely on these screenshots—or, indeed, identify any

25
specific passage in May 2024 Contentions that it holds disclosed the theory that

26
Workout Mode operates continuously.  *See* Dkt. 2311 at 17-20.  The only specific

27
purported disclosure the R&R mentions (in the course of summarizing Plaintiffs'

28

arguments) is Plaintiffs' assertion that the May 2024 Contentions "repeatedly referred to Apple's ███████████████ as infringing the continuously operating limitation of the '703 patent." Dkt. 2311 at 18.  But while Workout Mode uses those algorithms, Plaintiffs point to nothing clearly linking the purported "repeated[]" references to those algorithms to the "continuously operating" limitations in the '703 patent.  For example, Plaintiffs pointed to six disconnected screenshots spread out over the 80 pages of charting devoted to limitation 1[C] that happened to mention █████ ██████, none of which mentions the word continuous.  Dkt. 2027 at 9; *see also* Dkt. 2028 at 68, 118-119, 120, 127, 145.  Plaintiffs did not copy most of these screenshots into their brief, presumably because they do not disclose a coherent theory that Workout Mode operates as a continuous patient monitor.  *See* Dkt. 2027 at 9.

Plaintiffs also wrongly argued that they had disclosed the Workout Mode theory based on (1) a passing reference to ████████████ in Table 5 of their May Contentions (a table entitled ████████████████████████ ████████ which included numerous entries) and (2) the fact that the four-paragraph narrative for claim limitation 1[C] directs the reader (without explanation) to "See, e.g., Tables 2-3 (including associated description) [and] Tables 4-5 (including associated description)."  *See* Dkt. 2028 at 66, *cited in* Dkt. 2027 at 9.  But again, nothing in the tables themselves say that Workout Mode or the ████████████ ████████ are continuous.  In any event, neither the R&R nor Plaintiffs have explained how a reasonable person could be expected to understand a general "See, e.g." reference to four tables to disclose an infringement theory centered on two (among many) entries in one of those tables.  *See Finjan, Inc. v. Proofpoint*, *Inc.*, 2015 WL 1517920, at *7 (N.D. Cal. Apr. 2, 2015) ("Neither the Court nor the Defendants should

be required to guess which aspect of the accused products allegedly infringe each claim element.").[7]

## II.    PLAINTIFFS DID NOT—AND COULD NOT—ARGUE THAT GOOD CAUSE EXISTED TO AMEND THE MAY 2024 CONTENTIONS

### A.    The R&R Erred By Addressing Good Cause

As discussed below, the R&R's holding that Plaintiffs established good cause to amend was legally and factually unsupportable.  *Infra* pp. 17-21.  But the R&R's decision to reach the issue in the first instance was both contrary to law and clearly erroneous for two related reasons.  This Court can accordingly decline to adopt the R&R on that procedural basis, without having to reach the R&R's substantive holding.

***First***, this Court's referral to Magistrate Judge Early was limited to the narrow question of whether Plaintiffs' New Contentions added new theories of infringement or merely added details to existing theories—not whether Plaintiffs showed good cause to amend.  It is fundamental that "[t]o a large degree, a magistrate judge's civil jurisdiction derives either from referral of a district judge or consent of the parties." *E.g.*, *Campbell v. HSA Managed Care Systems, Inc.*, 1998 WL 417505, at *5 (N.D. Ill. July 21, 1998) (holding magistrate judge exceeded his authority by encouraging a party to file a motion that the party "clearly had not contemplated"); *see also Winthrop House Ass'n v. Brookside Elm Ltd.*, 451 F. Supp. 2d 336, 348 (D. Conn. 2005) (declining to adopt magistrate judge's recommendation on issues that "were beyond the scope of the referral").  As Magistrate Judge Early summarized, "[t]here's a statutory limit to what I can rule on, and if Judge Selna doesn't refer it to me, or it's not referred by General Order 05-07, I can't rule on it." 9/26/24 Unsealed Hr'g Tr. 6-7.

---

[7] Plaintiffs have suggested an Apple interrogatory response served on June 7, 2024 and the deposition of an Apple witness on July 3, 2024 informed their July 2024 Contentions.  Dkt. 2027 at 9; 9/26/24 Sealed Hr'g Tr. 66-68.  But Plaintiffs' brief makes cl████████rrogatory and deposition merely "***confirmed***" the connection between ████████ and Workout Mode, Dkt. 2027 at 9—they did not reveal it.

Here, this Court only referred a single question:  Whether "there are… new theories in the July set of contentions, or whether they're simply … further particulars with respect to the existing theories." 7/12/24 Hr'g Tr. 16.  This Court viewed that as a threshold question to be answered "before it becomes necessary for [Plaintiffs] to move [for amendment of] the contentions." *Id.* 16-17; *see also* Dkt. 2019 at 8 (this Court stating special master would be appointed to resolve whether Plaintiffs' July 2024 contentions ███████████████████████████████████████ ███████████████████  And this makes sense, as the referral order itself asked Magistrate Judge Early to resolve only ***Apple*'s** pending motion to compel.  *See* Dkt. 2114.[8]

**Second**, and relatedly, Magistrate Judge Early was not asked to address whether Plaintiffs had good cause to amend—indeed, Plaintiffs never attempted to establish that they had good cause to do so.  *See* Dkt. 2311 at 15 (R&R acknowledging that "[t]he burden is on the moving party to show diligence").  Courts "rely on the parties to frame the issues for decision" and it is generally error for a court to grant relief on "a basis not advanced by any party."  *Astellas Pharma., Inc. v. Sandoz Inc.*, 117 F.4th 1371, 1377 (Fed. Cir. 2024).  Here, Plaintiffs have never once sought permission to amend their May 2024 Contentions—they have instead consistently (and wrongly) argued that the New Contentions merely provided additional details rather than adding new theories.  *See* Dkt. 2027 at 6-9; *see also* Dkt. 2116 at 3 (arguing only that Plaintiffs "***could*** show [they] w[ere] diligent" without attempting to make that showing); *supra* pp. 2-9 (summarizing procedural history).

While the R&R states that Plaintiffs "[a]lternatively … argue[d] that the revisions [to the May 2024 Contentions] are supported by good cause" because of the

---

[8] The R&R incorrectly suggests that Apple asked Magistrate Judge Early to address whether Plaintiffs had established good cause to amend.  *See* Dkt. 2311 at 16-17. Apple's counsel's position was that Plaintiffs had not even tried to show good cause because Plaintiffs' "view is that they disclosed all the new theories in their May contentions."  9/26/24 Unsealed Hr'g Tr. 27.

1    timing of Apple's discovery productions, Dkt. 2311 at 17 (citing Plaintiffs' brief and

2    the hearing transcript), that is incorrect. The two cited pages relevant to the Workout

3    Mode theory reference discovery responses that Plaintiffs stated in their brief merely

4    "confirmed" the arguments made in their May 2024 Infringement Contentions. *See*

5    Dkt. 2311 at 17 (citing Dkt. 2027[9] at 9; 9/26/24 Sealed Hr'g Tr. 67); *supra* n.7.[10]

6           In short, Magistrate Judge Early had it right at the hearing, when he

7    acknowledged to Apple's counsel, "you're right that I think that Masimo is still saying

8    that's not a change in theory; that [it]'s a ... change in wording." 9/26/24 Unsealed

9    Hr'g Tr. 28; *see also id*. 20 (Magistrate Judge Early noting that "conceivably

10   [Plaintiffs] could seek leave, if they make the appropriate showing, to allege a new

11   theory. I'm not saying that's what they've done[.]"). Accordingly, the R&R erred

12   by reaching "a ground not invoked by" Plaintiffs. *Astellas*, 117 F.4th at 1379.

13          **B.    The R&R Erred In Finding Good Cause To Amend**

14          At a minimum, the R&R's alternative holding that Plaintiffs had established

15   good cause to amend their May 2024 contentions was contrary to law and clearly

16   erroneous. As this Court has explained, the good cause inquiry has two steps: "(1)

17   whether [a] plaintiff was diligent in amending its contentions and (2) whether the non-

18   moving party will suffer prejudice." *Polaris Power LED Techs., LLC v. VIZIO, Inc.*,

19   2019 WL 13043594, at *2 (C.D. Cal. Nov. 4, 2019); *accord Facet Techs., LLC v.*

20   *LifeScan, Inc.*, 2023 WL 5504954, at *2 (C.D. Cal. June 7, 2023) (similar), *cited in*

21   Dkt. 2311 at 14-15.

22          **1.    Diligence.**  The Northern District of California Patent Local Rules (which

23   govern this case, Dkt. 2019 at 3) indicate a party can establish diligence, for example,

24

25   [9] In the R&R, Dkt. 2027 is cited as Dkt. 2008-1.

26   [10] The only page cited by the R&R ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

based on an unforeseen change in circumstances (e.g., the district court adopting a different claim construction from what the moving party proposed) or when the moving party promptly acts on new information it could not have learned earlier (e.g., new prior art, nonpublic information about an accused product). N.D. Cal. Patent Local Rule 3-6; *accord* Dkt. 2311 at 14 (discussing these examples).

Neither Plaintiffs nor the R&R has suggested that any of those circumstances contemplated by Patent Local Rule 3-6 apply here. Instead, the R&R identified three bases for its "diligence" finding, none of which support it.

First, the R&R cited the "unique circumstances" of this case (i.e., a delay in production of technical documents in 2020 and the fact that litigation was stayed pending IPR review of the asserted patents). Dkt. 2311 at 19. But the R&R cites no authority for the proposition that events *four years ago* say anything about Plaintiffs' diligence *today*. In any event, Plaintiffs forfeited the right to argue that they have not been allotted enough time to fully develop their infringement contentions by (successfully) pressing for an expedited discovery schedule. *See* Dkt. 1943 at 1. It was at Plaintiffs' insistence—and their representation that "most discovery" was complete—that this Court allotted just approximately three months for fact discovery and set early deadlines for virtually every required filing. *See* Dkt. 1943-1 at 1-3; *see also id.* at 2 (Plaintiffs asserting that Apple's proposed discovery schedule was too "lengthy" and "injects delay").

Second, the R&R observed that Plaintiffs' New Contentions were served roughly 10 weeks after this Court's deadline for initial infringement contentions. Dkt. 2311 at 20. But again, the R&R identifies no authority suggesting that a party automatically shows diligence by seeking to amend its infringement contentions within a set period of time after an initial deadline. *Id.* To be sure, the R&R's standard of review section cites *ZiLOG, Inc. v. Quicklogic Corp.*, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006), for the general proposition that diligence "may be assessed in light of the case schedule." Dkt. 2311 at 15. *ZiLOG*, however, dealt with a patentee who

filed a single set of amended contentions *in response* to an adverse Patent Office ruling, 2006 WL 563057, at *1—not, as here, a patentee who has attempted to amend their patent infringement contentions twice without any intervening event.  And again, Plaintiffs cannot reasonably rely on the fast pace of the discovery schedule to justify late amendments when Plaintiffs insisted on that schedule.

Third, the R&R stated that the New Contentions were "served within days or at most a few weeks of discovery responses by Apple that bore on the same issues."  Dkt. 2311 at 20.  Yet again, the R&R cites no authority suggesting that receipt of discovery responses that are merely *related* to infringement necessarily establishes diligence where—as here—Plaintiffs have conceded that the information received in those discovery responses merely "confirmed" their allegedly pre-existing theories.  *See supra* n.7.  To the contrary, the R&R cites a Federal Circuit decision that *rejected* an analogous argument.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("We reject O2 Micro's apparent argument that 'good cause' must exist for amending its infringement contentions, without regard to its diligence in doing so, merely because new evidence was revealed during discovery."), *cited in* Dkt. 2311 at 15.[11]

Finally, the R&R states more broadly that "striking all or some of" Plaintiffs' new theories in the New Contentions "would not streamline the case going forward" or "promote the just, speedy, and inexpensive determination of this action."  Dkt. 2311 at 24.  But with respect, the R&R cites no case granting this Court—or any court— authority to deviate from the fundamental requirement that a patentee must show good cause to amend simply for reasons of judicial convenience.  As the Federal Circuit has

---

[11] The R&R also cites *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010), for the proposition that "information discovered from a Rule 30(b)(6) deposition" can be grounds to amend.  Dkt. 2311 at 15.  This inverts *Netlist's* holding.  *See* 2010 WL 1838693, at *2 (finding that the "timing of the Rule 30(b)(6) depositions" did *not* establish good cause and denying leave to amend).

recognized, "diligence is the correct standard" under the Northern District of California's Patent Local Rules.  *O2 Micro*, 467 F.3d at 1363.

**2. Prejudice.**  If this Court concludes that the R&R erred in holding Plaintiffs had established diligence, it need not and should not reach the R&R's prejudice holding.  *See Facet*, 2023 WL 5504954, at *3 (where "contentions are untimely and [the amending party] has not established good cause to supplement, the Court need not consider prejudice"); *O2 Micro*, 467 F.3d at 1367-1368 (where patentee lacked "good cause" to amend infringement contentions, there was "no need to consider the question of prejudice").  This principle follows from the plain text of Patent Local Rule 6-3, which provides that "[a]mendment of the Infringement Contentions … may be made *only* by order of the Court upon a timely showing of good cause."

The R&R correctly acknowledges the basic principle that a court should only consider prejudice "*[o]nce* the court finds that the moving party acted diligently."  Dkt. 2311 at 15.  But it incorrectly suggests that a court always retains discretion to consider prejudice "prior to or *in the place of* considering diligence."  *Id.* at 16.  The only case that the R&R cites for this broad proposition (*Apple Inc. v. Samsung Electronics Co.*) does not support it.  2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012).  While *Apple* acknowledged certain narrow exceptions to the general diligence rule—e.g., in the context of an "administrative mistake," where there is no evidence of gamesmanship, or when there "is still ample time left in [fact] discovery"—none of those exceptions applies here.  Plaintiffs unveiled new infringement contentions six business days before fact discovery closed and made such dramatic changes (including addition of the Workout Mode theory) that they could not have been previously withheld by mistake.

Finally, were this Court to reach the prejudice question, the R&R erred by holding that Apple will suffer no cognizable prejudice from permitting Plaintiffs to amend their May 2024 Contentions because discovery could be reopened.  Dkt. 2311 at 20.  Even assuming this Court were to reopen fact discovery to allow Apple to

address Plaintiffs' untimely theories, Apple would suffer inherent prejudice from being put "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming denial of motion to amend complaint); *see also Solmon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion to amend complaint filed "on the eve of the discovery deadline"); *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice[.]"); *see supra* p. 2.  At minimum, it would set a terrible precedent if a party were permitted to circumvent this Court's scheduling order and procedures for amending contentions simply because discovery can in theory still be reopened.

## CONCLUSION

For the foregoing reasons, Apple respectfully submits that this Court should not adopt the portion of the R&R ruling on Plaintiffs' new Apple Watch Workout Mode theory of infringement and should instead strike the portions of Plaintiffs' July 5, 2024 infringement contentions that concern Workout Mode.

1  Dated:  November 22, 2024        Respectfully submitted,

2

3                                   MARK D. SELWYN

4                                   AMY K. WIGMORE
                                    JOSHUA H. LERNER
5                                   JOSEPH J. MUELLER
                                    SARAH R. FRAZIER
6                                   NORA Q.E. PASSAMANECK

7                                   THOMAS G. SPRANKLING
                                    WILMER CUTLER PICKERING HALE AND
8                                   DORR LLP

9

10                                  BRIAN A. ROSENTHAL
                                    GIBSON, DUNN & CRUTCHER LLP
11

12                                  KENNETH G. PARKER
                                    HAYNES AND BOONE, LLP
13

14

15                                  By:  */s/ Mark D. Selwyn*

16                                       Mark D. Selwyn

17

18                                  *Attorneys for Defendant Apple Inc.*

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler
Pickering Hale
and Dorr LLP

1

## CERTIFICATE OF COMPLIANCE

2     The undersigned, counsel of record for Defendant Apple, Inc., certifies that this

3  brief contains 6,626 words, which:

4     _X_ complies with the word limit of L.R. 11-6.1.[12]

5     ___ complies with the word limit set by court order dated [date].

6

7  Dated:_ November 22, 2024 ____        Respectfully submitted,

8
                                        MARK D. SELWYN
9                                       AMY K. WIGMORE
10                                      JOSHUA H. LERNER
                                        JOSEPH J. MUELLER
11                                      SARAH R. FRAZIER
                                        NORA Q.E. PASSAMANECK
12                                      THOMAS G. SPRANKLING
13                                      WILMER CUTLER PICKERING HALE AND
                                        DORR LLP
14
15                                      BRIAN A. ROSENTHAL
16                                      GIBSON, DUNN & CRUTCHER LLP

17                                      KENNETH G. PARKER
18                                      HAYNES AND BOONE, LLP

19
20                                      By: _/s/ Mark D. Selwyn_____
                                            Mark D. Selwyn
21

22

23

24

25

26  _____

27  [12] Following Ninth Circuit practice, this count does not include the words that appear
    in the *Grecia* screenshot, as that image is merely "intended to show the court … what
28  something looks like" rather than "convey information."  Ninth Cir. R. 32-1 & Comm.
    Advisory Note.