UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. 8:20-cv-00048-JVS (JDE)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE<br><br>[REDACTED] |

This Report and Recommendation is submitted to the Honorable James V. Selna, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, as well as the September 16, 2024 Referral Order (Dkt. 2114, "Referral Order").

## I.

## INTRODUCTION

The issue raised by this Referral is whether Plaintiffs Masimo Corporation and Cercacor Laboratories Inc. (collectively "Masimo" or

"Plaintiffs") should be permitted to proceed with amended infringement contentions served on July 5, 2024 ("July Contentions") as written, or instead be required to proceed with the July Contentions excluding four groups of allegedly "new theories" that Apple contends were first asserted in the July Contentions, with such "new theories" stricken from the July Contentions, and Plaintiffs required to proceed with their corresponding contentions on those challenged contentions as set forth in Plaintiffs' prior set of contentions served on May 31, 2024 ("May Contentions"). See Dkt. 2004-1 at 1-2 (Apple's July 11, 2024 Report, asking the Court to "reject Masimo's bid to add these new theories into the case at this late stage and hold Masimo to the theories in its May Contentions"); Dkt. 2120 at 9-10 (counsel for Apple confirming that Apple was "surgical" and is only objecting to portions of the July Contentions, requesting such stricken contentions to revert back to the language contained in the May Contentions only as to those issues).

For the reasons set forth below, the undersigned recommends that the District Judge accept Masimo's July Contentions as the operative infringement contentions and deny Apple's request to strike portions of those contentions.

## II.

## PROCEDURAL HISTORY

As Judge Selna noted four years ago, this case has involved an "unusual sequence of disclosures." And after that initial unusual sequence, a subsequent three and a half year stay of the patent claims, and an intervening trial on trade secret claims, further complicated the patent disclosure sequence. Because that history bears on the issues raised by the Referral Order, the undersigned sets forth a detailed but still abbreviated procedural history as it relates to the timing of patent-related disclosures in the action.

Plaintiffs filed the initial Complaint, asserting patent infringement and trade secret misappropriation claims, on January 9, 2020. Dkt. 1. Judge Selna

accepted and adopted the parties' initial proposed patent scheduling deadlines, based in part on the Local Patent Rules of the Northern District of California ("L.P.R."). Dkt. 33, 37 ("Initial Scheduling Order"). Under the Initial Scheduling Order, Judge Selna ordered Apple to produce "core technical documents sufficient to show the operation of the accused products" by June 15, 2020, and ordered Masimo to serve initial infringement contentions by July 27, 2020. Dkt. 37 at 1 (unless noted otherwise, native pagination is used herein for docket entries). The Court stayed "trade secret discovery only" pending Masimo's compliance with California Code of Civil Procedure Section 2019.210, requiring adequate disclosure of the trade secrets at issue. Id.

Thereafter, disputes arose regarding the scope of the stay of trade secret discovery, the adequacy of Apple's production of core technical documents, discovery generally, and the impact of a purported delay in the production of core technical documents on Masimo's deadline to serve initial infringement contentions, with those disputes germinating into significant motion practice and several court orders. See Dkt. 43, 44, 45, 46, 54, 55, 56, 57, 58, 61, 64, 65, 67, 71, 72, 73, 74, 76, 79, 80, 81, 82, 83, 84, 85, 90, 91, 93. During a hearing on July 24, 2020, Judge Selna reiterated that "I don't think that Masimo should be required to make its infringement contentions until [Apple] produce[s] the core technical information," and expressed concern that, as the deadlines for infringement and invalidity contentions are tied to the completion of the production of core technical information, "these dates are just going to drift out there." Dkt. 86 at 9.

On August 4, 2020, in ruling on an application by Masimo seeking an order compelling Apple to comply with the Initial Scheduling Order and produce core technical documents, Judge Selna issued an Order directing Apple to produce core technical documents regarding the accused products within five days and extended Masimo's deadline to produce its initial

infringement contentions until 42 days after Apple completed its production of core technical documents, noting: "This issue has been litigated multiple times, and Apple has not prevailed. Now is the time for Apple to act: The Court expects prompt and full compliance." Dkt. 92 at 1-2.

Later on August 4, 2020, Apple applied for an order setting a new case management conference to discuss a new pretrial schedule, noting that under the current schedule, Apple's invalidity contentions are due before Masimo's infringement contentions, and further noting that Masimo has indicated an intent to file a Second Amended Complaint with newly asserted patents. Dkt. 94 at 1-2. Apple argued that the current schedule was "unfair and prejudicial to Apple" because it did not allow Apple sufficient time to investigate the newly asserted patents. Id. at 3. Judge Selna extended Apple's deadline to serve invalidity contentions by 45 days only as to any new patents asserted in Masimo's Second Amended Complaint. Dkt. 92 at 2. Judge Selna further cautioned: "Should [Apple] later apply to augment or amend its invalidity contentions, the Court will take into account the unusual sequence of disclosures which has resulted from Apple's failure to make timely production." Id.

On September 15, 2020, before Masimo's deadline to serve its initial infringement contentions, Apple filed a Motion to Stay Case Pending Inter Partes Review ("IPR") Proceedings Before the Patent Trial and Appeal Board ("PTAB"), noting that Apple had initiated IPR proceedings challenging all asserted claims of the patents asserted by Masimo in this case, arguing, among other things, that the patent infringement portion of the case "is in its very early stages because the parties have not completed their exchange of contentions . . . ." Dkt. 196 ("Stay Motion") at 3. Masimo opposed the Stay Motion. Dkt. 208-2.

While the Stay Motion was pending, on September 19, 2020, the parties

jointly requested that the Court modify the operative Scheduling Order. Dkt. 199. The parties noted that "Apple had agreed to produce additional technical documents by October 9, 2020, and Plaintiffs agreed to serve infringement contentions by November 13, 2020." Id. at 1. On September 21, 2020, Judge Selna granted the parties' request and extended several of the patent deadlines, including the deadline for Plaintiffs to serve its infringement contentions until November 13, 2020. Dkt. 205.

On October 13, 2020, Judge Selna granted the Stay Motion, finding, among other things, that the "case is in its early stages," and stayed Masimo's patent infringement claims. Dkt. 222.

Following a request by Plaintiffs to "confirm that the stay of patent claims has ended" because Plaintiffs asserted that the IPR proceedings before the PTAB had concluded, on June 23, 2022, Judge Selna denied Plaintiffs' request and ordered that the stay would "continue through the Federal Circuit's decision on the PTAB's IPR decision." Dkt. 786 at 6. On March 22, 2024, the Federal Circuit issued the final formal mandate in Apple's appeal in the IPR action. Dkt. 1943-2 at 9 (CM/ECF pagination).

On March 22, 2024, the parties each submitted its respective positions regarding a trial schedule on Plaintiffs' remaining patent claims. Dkt. 1943. Apple argued that "Masimo's remaining patent infringement claims were stayed at a very early stage of the proceedings, and most of the then-agreed case schedule has yet to occur," noting, among other things, that "complete exchanges of infringement, invalidity, and damages contentions" had not yet occurred. Dkt. 1943-3 at 2-3 (CM/ECF pagination). Plaintiffs served their initial infringement contentions on April 15, 2024. See Dkt. 1955-1 at 2. Masimo asserted infringement claims only as to U.S. Patent Nos. 8,457,703 (the "'703 patent") and 10,433,776 (the "'776 patent"). See Dkt. 1949-2 at 1.

On April 16, 2024, Judge Selna entered an order setting pre-trial

deadlines on the remaining patent infringement claims, all coordinated to coincide with an existing jury trial date previously set for the retrial of trade secret claims on November 5, 2024. Dkt. 1944 at 1. The Order set a deadline for service of invalidity contentions of May 6, 2024, a <u>Markman</u> hearing date of July 1, 2024, a deadline for final infringement contentions of July 22, 2024, and an expert discovery cut-off of August 19, 2024. Dkt. 1944 at 1-2. Judge Selna advised he would "monitor the viability of the schedule as matters develop." <u>Id.</u> at 4.

On June 3, 2024, Masimo filed a Motion to Strike Apple's Invalidity Contentions. Dkt. 1949 ("Motion to Strike"). Three days later, Apple filed a Motion to Compel Masimo to Provide Supplemental Infringement Contentions (Dkt. 1955, "Motion to Compel"), supported by a Joint Stipulation setting forth the parties' respective positions (Dkt. 1955-1). In support of its Motion to Compel, Apple argued, in part, that Masimo's infringement contentions served on April 15, 2024 ("April Contentions"), asserted "nearly 40 patent claims" involving nine Apple Watch models, yet those contentions "failed to identify a coherent theory of infringement for any asserted claim," but instead "largely parrot claim language and generically reference . . . an assortment of different Apple Watch features—without articulating how those features, either alone or in combination with other features, supposedly meet the requirements of even a single asserted claim." Dkt. 1955-1 at 1. Apple requested "an order compelling Plaintiffs to supplement their infringement contentions to provide the specific details of their infringement theories for each accused product." <u>Id.</u> at 2. In response, Masimo advised that it had supplemented its contentions on May 31, 2024 (the May Contentions), rendering the Motion to Compel moot, among other arguments. <u>Id.</u> at 3.

/ / /

In its Supplemental Memorandum in support of the Motion to Compel, Apple argued that the May Contentions did not cure the defects of the April Contentions, arguing that the May Contentions, like the April Contentions, fail to "provide Apple reasonable notice of Plaintiffs' infringement theories." Dkt. 1980 at 1-2. Apple argued that "[i]n view of the looming case deadlines . . . , there is a critical and immediate need for infringement contentions that fully comply with Patent Local Rule 3-1," with Masimo's failure to provide adequate notice of infringement theories creating "significant prejudice to Apple in view of this truncated expert discovery timeline." Id. at 5. Lastly, Apple noted that it "completed production of virtually all core technical documents by May 22, and the final three documents . . . were produced on May 31." Id. at 5 n.3.

On June 11, 2024, Judge Selna consolidated the hearings on the Motion to Compel and the Motion to Strike for July 1, 2024. Dkt. 1965. On June 25, 2024, Judge Selna held a status conference and, after hearing from the parties, vacated the Markman hearing previously set for July 1, 2024. Dkt. 1983.

 After issuing a written tentative ruling, Judge Selna held a hearing on the Motion to Strike and Motion to Compel on July 1, 2024. Dkt. 1989. The parties and the Court discussed a process by which counsel would meet and confer regarding ways to limit or narrow their respective contentions. Dkt. 2015 at 5-10. Counsel for Masimo noted that, based on his reading of the Court's tentative ruling on the Motion to Compel, Masimo would have an opportunity to further amend its infringement contentions before the final contention deadline. Id. at 13. Judge Selna interjected, "I think you need to make the usual showing if you want to amend the contentions. You don't get a freebie." Id. at 13-14. Counsel for Masimo stated that he understood the tentative ruling's invitation to provide "more detail" to the contentions to allow further amendment before the final contentions were due. Id. at 14.

Judge Selna responded, "Details is different from contentions." Id. Counsel for Apple sought confirmation that Masimo could not "add[ ] new theories at some indeterminate time," to which Judge Selna responded, "No, no." Id. at 15. Counsel for Apple noted that substantial revisions to Masimo's infringement theories would be "unfair to us when the expert reports are due in two weeks." Id. Counsel for Masimo reiterated that Masimo did "intend to amend [its contentions] and provide additional details that Apple has stated that they need here and would be permitted under the tentative," to which Judge Selna added, "It's not a carte blanche." Id. at 19. The parties discussed having Masimo serve their proposed further amended contentions by Friday, July 5, 2024. Id.

On July 7, 2024, Masimo advised in a status report that it had served the July Contentions on July 5, 2024, in which Masimo contends it narrowed the number of asserted claims from 38 to 15. Dkt. 1994 at 1. In response, on July 8, 2024, Apple asserted that Masimo's 864-page July Contentions, while indeed reducing the number of claims from 38 to 15, "bears little resemblance to its original served months ago," representing instead a "'do-over,'" citing by example a purported entire revision of Masimo's theory, narrative, and factual support for one "highly disputed" limitation of the '703 patent. Dkt. 1995 at 1. Apple argued that Masimo had not obtained leave to make "drastic revisions to its theories" and "there simply is no time in the schedule" for Masimo to do so. Id.

On July 8, 2024, counsel for the parties appeared before Judge Selna for a status conference. Dkt. 1998. Counsel for Masimo stated that it had "supplement[ed] and narrow[ed] its claims" by July 5. Dkt. 2016 at 3. Counsel for Apple reiterated some of the history of Masimo's infringement contentions, including the April Contentions, the May Contentions, and the Court's caution regarding seeking leave to amend theories. Id. at 11. Apple then

argued that the July Contentions, while in some ways similar to the May Contentions, did, nonetheless, assert new theories, and, under the current schedule, with expert reports due on July 15 and a <u>Markman</u> hearing set to proceed one week after that, "[t]here is no way with that schedule for [Apple] to be able to apply these new theories that we received [on July 5]." <u>Id.</u> Counsel for Masimo disagreed that "there is anything new," arguing that much of the disputed material is material "Apple asked for" in the Motion to Compel, as Apple argued it did not "understand the theories, so we are trying our best to eliminate issues." <u>Id.</u> at 17-19. Judge Selna directed counsel to "sit down and . . . go through page by page" of the July Contentions, with Apple marking what it asserts is a new theory and Masimo responding, with counsel to return later in the week, with "markups." <u>Id.</u> at 18, 21. Thus, the Court set a further hearing for July 12, 2024, with the parties ordered to file reports by July 11, 2024. Dkt. 1998.

On July 11, 2024, the parties filed their respective Reports with summaries of the contested portions of the July Contentions, along with attachments, including marked-up versions of the July Contentions, totaling thousands of pages, most of which were filed under seal. <u>See</u> Dkt. 2003-2013, and Attachments.

As described by Apple in its July 11, 2024 Report, "[t]he July Contentions contain three appendices (Appendix 1, 2, and 3). Appendices 1 and 2 each contain three separate claim charts, labeled A, B, and C. Appendix 1 contains three claim charts for the '703 patent, while Appendix 2 contains three claim charts for the '776 patent. Appendix 3, which also contains three sub-appendices (labeled A, B, and C), purports to contain additional explanation in support of Masimo's infringement contentions. In contrast to the July Contentions, the May Contentions contain two claim charts labeled Exhibit 1 and Exhibit 2, which set forth Masimo's contentions as to the '703

and '776 patents, respectively." Dkt. 2004-1 (under seal) at 1. Apple, in its Report, advised that it "is limiting its challenge to a select set of newly-disclosed theories that most clearly lack a proper antecedent basis in the May Contentions" and asks the Court to "hold Masimo to the theories in its May Contentions" as to those challenged theories. Id. at 2. Apple thereafter provided a chart, with argument, as to four "new theories," specifically: (1) that the Apple Watch Workout Mode satisfies the limitations of the '703 patent requiring "continuous" patient monitoring; (2) that identify ██████████ ████████████████████████ as "processing characteristics" for the '703 patent; (3) that identify ████████████████████████████████ ████████████████████████████████████████████ as "processing characteristics" for the '703 patent; (4) several new doctrine of equivalents theories, including theories for how Apple Watch satisfies limitations requiring a "patient monitor," "continuous operation," and "processing characteristics" passing a "predetermined threshold." Id. at 2-13.

On July 11, 2024, Masimo countered in its Report that it has always asserted three infringement theories, and the July Contentions merely "split[ ] its contentions into multiple charts" and provided "additional evidence about the processing characteristics and predetermined thresholds" that Apple had sought to be supplemented in its Motion to Compel. Dkt. 2008-1 at 1-2. Masimo further argued that the "new theories" claimed by Apple are all facially apparent in the May Contentions, represent a narrowing of those contentions, are designed to conform the language of the contentions to language used in an Apple's recent discovery responses, or to conform to Apple's internal usage. Id. at 2-9. As to the doctrine of equivalents, Masimo argued: (1) under applicable authorities, it was not required to identify specific doctrine of equivalents theories in its preliminary contentions, but could reserve such theories until after Apple set forth corresponding non-

10

infringement positions; and (2) it did identify the challenged theories, and the July Contentions represent only "refine[ments]." Id. at 9-11.

On July 12, 2024, the Court held its further status conference regarding the parties' most recent filings. Dkt. 2018. Judge Selna opened the hearing by noting the volume of filings. Dkt. 2066 at 3-4. Counsel confirmed that it would not be possible to read, consider, and assess the parties' submissions from the day before. Id. at 4-5. Judge Selna expressed that a special master or technical expert may be needed to address the issues, noting that "[r]esolution of what contentions are in play is a significant issue. It should not be decided in less than 24 hours." Id. at 8, 16. As a result, the Court ordered the parties to provide "proposed names for a technical expert in this area who could, to start with, review the current memoranda and come back to the Court with a report as to whether there are new—in fact, new theories in the July set of contentions, or whether they're simply finals or further particulars with respect to existing theories." Id. at 16. Continuing, Judge Selna directed, "I think we need the answer to that question before it's appropriate for you—before it becomes necessary for you to move to amend the contentions unless Apple wants to concede at this point, and we'll just have further discovery and preparation with respect to the existing set of contentions." Id. at 16-17.

The same day, Judge Selna issued an Order on the Motion to Compel and the Motion to Strike. Dkt. 2019 (under seal). In that Order, Judge Selna granted in part, denied in part, deferred in part, Apple's Motion to Compel Supplemental Infringement Contentions. Id. With respect to the deferred portion, Judge Selna wrote:

> The Court understands the parties met and conferred to discuss any needed supplementation following the July 1st hearing. Masimo then served supplemental contentions. The parties now dispute whether the scope of the supplemental

contentions is appropriate. Apple contends Masimo disclosed new theories for the first time in its supplemental contentions. Masimo contends it merely restructured its contentions and provided supporting detail. At the July 12th status conference, the Court indicated it was inclined to appoint a special master or technical expert to assist in resolving this issue. The Court thus **DEFERS** consideration of this issue.

Id. at 8.

In the ensuing weeks after July 12, the parties submitted several filings and Judge Selna held several hearings regarding potential special master candidates and the scope of the issues to be considered by a special master, but the parties could not agree on a potential candidate or what issues were to be considered, and one potential candidate declined due to a conflict of interest. See Dkt. 2033, 2034, 2035, 2048, 2049, 2058, 2077, 2099, 2101, 2109, 2112, 2113. While the discussions regarding a special master continued, on August 7, 2024, Judge Selna granted Apple's Motion to Bifurcate, bifurcating the trade secret claims from the patent claims and directing that the trade secret portion of the case would remain set for a retrial beginning on November 5, 2024, with the patent claims to be tried at a later, unspecified date. Dkt. 2064.

With no resolution of the special master issue and the patent claims having been bifurcated for a trial on a future date, on September 16, 2024, Judge Selna referred the deferred portion of Apple's Motion to Compel to the undersigned for the preparation of a Report and Recommendation. Dkt. 2114 (Referral Order). On September 25, 2024, the parties filed a Joint Status Report regarding the issues to be decided by the undersigned pursuant to the Referral Order, including consideration of the significance of Judge Selna's August 7, 20204 Bifurcation Order on the issues. Dkt. 2116.

On September 26, 2024, the undersigned held a hearing, a portion of

which was held under seal based on a finding of good cause, on the issues raised by the Referral Order. Dkt. 2117, 2120 (sealed portion of hearing transcript), 2121 (unsealed portion of hearing transcript). The undersigned took the matter under submission, with a Report and Recommendation to follow. The Court now finds and recommends as follows.

**III.**

**STANDARD OF REVIEW**

Judge Selna applies the L.P.R. as they relate to infringement contentions. <u>See</u> Dkt. 2019 at 3.

**A. Disclosure of Infringement Contentions Under L.P.R. 3-1**

Rule 3-1 of the L.P.R. provides that, in the disclosure of infringement contentions, the plaintiff must: (a) identify each claim that is being infringed; (b) identify each accused product for each claim; (c) provide a chart identifying specifically where each limitation of each asserted claim is found in each accused product; and (d) specify whether infringement is literal or based on the doctrine of equivalents. <u>See</u> L.P.R. 3-1.

A plaintiff's infringement contentions must include sufficient specificity so as to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement. <u>MR Techs., GmbH v. W. Digital Techs., Inc.</u>, 2023 WL 4291795, at *4 (C.D. Cal. May 4, 2023) (citing <u>Shared Memory Graphics LLC v. Apple, Inc.</u>, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010)); <u>AntiCancer, Inc. v. Pfizer, Inc.</u>, 769 F.3d 1323, 1336 (Fed. Cir. 2014). Claim language alone is insufficient to provide a defendant with notice; a plaintiff's claims must reflect all facts known to the plaintiff and provide sufficient detail regarding the plaintiff's theory of infringement to provide a defendant with notice of infringement. <u>Shared Memory Graphics</u>, 812 F. Supp. 2d at 1026. Rule 3-1 does not necessarily require the patent holder to produce evidence of infringement, but the plaintiff must map specific

13

1   elements of the alleged infringing products onto its infringement claims. See
2   Samsung SDI Co. v. Matsushita Elec. Indus. Co., 2006 WL 5097360, at *4
3   (C.D. Cal. June 5, 2006); see also InterTrust Techs. Corp. v. Microsoft
4   Corp., 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003) ("plaintiff must put
5   forth information so specific that either reverse engineering or its equivalent is
6   required"). A court may order a plaintiff to amend its infringement contentions
7   to "clearly articulate" the alleged infringement, including based on discovery
8   materials. Digital Reg. of Texas, LLC v. Adobe Sys. Inc., 2013 WL 3361241,
9   at *4 (N.D. Cal. Jul. 3, 2013).

10          **B. Amended Contentions Under L.P.R. 3-6**

11          Whether to allow amendments to contentions is a case management
12  function, over which the Court has significant discretion. See O2 Micro Int'l,
13  Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1363 (Fed. Cir. 2006). Rule 3-6
14  of the L.P.R. permits amendment of infringement contentions only "by order
15  of the Court upon a timely showing of good cause." L.P.R. 3-6; Facet Techs.,
16  LLC v. LifeSan, Inc., 2023 WL 5504954, at *2 (C.D. Cal. June 7, 2023)
17  (summarizing "good cause" for amending infringement contentions). Plaintiffs
18  must define their theories of infringement early in the course of litigation to
19  avoid a "shifting sands" approach wherein parties make serial amendments in
20  response to one another's filings. Atmel Corp. v. Info. Storage Devices, Inc.,
21  1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998); accord Genentech, Inc. v.
22  Amgen, Inc., 289 F.3d 761, 774 (Fed. Cir. 2002).

23          The text of L.P.R. 3-6 provides a non-exhaustive list of circumstances
24  which, absent prejudice to the non-moving party, may support a finding of
25  good cause: "(a) a claim construction by the Court different from that
26  proposed by the party seeking amendment; (b) recent discovery of material,
27  prior art despite earlier diligent search; and (c) recent discovery of nonpublic
28  information about the Accused Instrumentality which was not discovered,

14

despite diligent efforts, before the service of the Infringement Contentions." L.P. R. 3-6. An agreement between the parties to supplement contentions may also constitute good cause. See O2 Micro, 467 F.3d at 1366-67. "Mistakes or omissions are not by themselves good cause" to amend. Apple Inc. v. Samsung Elecs. Co., 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012).

"Good cause" requires a showing that the amending party "acted with diligence" in seeking to amend. Voltstar Techs., Inc. v. Superior Commc'ns, Inc., 2021 WL 5605279, at *3 (C.D. Cal. Feb. 23, 2021). Diligence includes acting promptly upon discovering new information, O2 Micro, 467 F.3d at 1366; Google, Inc. v. Netlist, Inc., 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (considering information discovered from Rule 30(b)(6) depositions), and may be assessed in light of the case schedule. See ZiLOG, Inc. v. Quicklogic Corp., 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006). "The burden is on the moving party to show diligence." Samsung, 2012 WL 5632618, at *2.

Once the court finds that the moving party acted diligently, the court considers whether allowing supplemental contentions would unduly prejudice the non-moving party. Voltstar, 2021 WL 5605279, at *3. Prejudice depends on the case schedule and the nature of the change attempted by the moving party. Allvoice Devs. US, LLC v. Microsoft Corp., 612 F. App'x 1009, 1016 (Fed. Cir. 2015) (finding prejudice can result from allowing amendment in light of the case schedule); Yodlee, Inc. v. CashEdge, Inc., 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007) (suggesting amendment be allowed when considering circumstances, including, honest mistake in previous claims, lack of gamesmanship by amending party in seeking amendment, and where there was still ample time left in discovery). Adding facts to existing contentions does not create the same prejudice as changing the overarching "infringement theory." Samsung, 2012 WL 5632618, at *3. A party may also not be

15

prejudiced by a proposed change if a court can mitigate any resulting prejudice in the process. See id. at *4 (allowing amendment as to certain products only where amendment would otherwise be overbroad but could be narrowed based on the amending party's contentions).

Although a court need not consider the prejudice to the non-moving party absent a showing of diligence by the moving party, the court may exercise its discretion to do so prior to or in the place of considering "diligence." See Samsung, 2012 WL 5632618, at *5 ("even if the movant was arguably not diligent, the court may still grant leave to amend"); see also Slot Speaker Techs., Inc. v. Apple, Inc., 2017 WL 235049, at *2 (N.D. Cal. Jan. 19, 2017) ("District courts have wide discretion in enforcing the patent local rules."). Discretion to consider prejudice may be appropriate where amendments amount to "minor clarifying and correcting changes to existing claims charts," merely offer "exemplary language adding detail," or go unopposed. Samsung, 2012 WL 5632618, at *4. Courts may grant leave to amend that includes adjustments to mitigate prejudice to the non-moving party. Samsung, 2012 WL 5632618, at *6.

# IV.

## DISCUSSION

Here, with respect to the issues covered by the Referral Order, Apple contends Masimo's July Contentions disclosed four categories of new theories, exceeding the appropriate scope and timing for amending infringement contentions. See Dkt. 2004-1 at 1-2. Apple argued that, in its Motion to Compel heard on June 27, 2024, it "sought . . . elaboration on disclosed theories" but what Masimo served on July 5 were "new theories"; stated differently by Apple: "we have no quarrel with elaboration. Our quarrel is with new theories." Dkt. 2121 at 18-19. Apple further argued that, to the extent new theories were asserted, Masimo had to show good cause, and it has not done

so. Id. at 21. Apple requests that, to the extent the Court finds the four categories of "new theories" asserted in the July Contentions are not supported by good cause, the Court should strike those theories and require Masimo's contentions on those issues to "revert back" to how they were described in the May Contentions. Dkt. 2120 at 10 (under seal).

Masimo contends its July Contentions merely restructure its contentions and provide supporting detail, in part, motivated by Apple's Motion to Compel. Dkt. 2008-1 at 1-2. Alternatively, Masimo argues that the revisions are supported by good cause, based, in part, on new technical discovery responses received from Apple on May 31, June 7, June 28, and July 3, 2024. Id. at 3, 9, 10; Dkt. 2120 at 30, 67.

Judge Selna has distinguished between new "details," which are different from new contentions or new theories, which would require "the usual showing." Similarly, Apple has said its "quarrel" is not with elaboration on existing theories, but is rather challenging only "new theories" asserted in the July Contentions. As a result, for each category, the undersigned addresses first whether the challenged portions of the July Contentions assert new theories, as opposed to mere new elaboration on existing theories, which Apple does not contest, and second, if a new theory is arguably asserted, whether good cause supports such amendment.

Here, for the reasons set forth below and for the reasons discussed at the September 26, 2024 hearing, the undersigned recommends that the July Contentions be accepted as the operative infringement contentions.

## A. New Details Regarding Apple Watch Workout Mode Theory

Apple contends that in the May Contentions, Masimo asserted claims under the '703 patent requiring "continuous patient monitoring" and "continuously operating a patient monitor" at a lower power consumption level and a higher consumption level, but did not contend that Apple Watch

Workout Mode satisfied the continuous patient monitoring limitations. Dkt. 2004-1 at 2.[1] Apple avers that the July Contentions therefore disclose a new theory that Workout Mode satisfies the continuous patient monitoring limitation under the '703 patent. Id.; Dkt. 2120 at 3. Apple argues that to the extent Masimo relies on screenshots or disparate textual references in the May Contentions, such references did not put Apple on notice of the theory in the context of the voluminous contentions. Dkt. 2004-1 at 3; Dkt. 2120 at 3-11.

Masimo counters that the May Contentions contained several screenshots and other references that collectively put Apple on notice of the theory that Apple Watch satisfied the '703 patent limitation requiring continuous patient monitoring. See Dkt. 2008-1 at 6-9; Dkt. 2120 at 37-43. Masimo argues, among other things, that the May Contentions repeatedly referred to Apple's ████████████████████ as infringing the continuously operating limitation of the '703 patent, and during a July 3, 2024 deposition, an Apple representative testified that "workout mode" uses either ████████████████████████████████████████ ████████████████████████████████. Dkt. 2008-1 at 9. Masimo argues that the "overwhelming majority" of what Apple argues are "new

---

[1] The parties filed, under seal, several highlighted versions of the May Contentions and the July Contentions, and each party referred to its own version in its briefing. The versions of the two sets of contentions do not contain identical pagination. Further, as noted, the May Contentions and the July Contentions are not consistent in their structure of naming and numbering Appendices or Exhibits. The foregoing is not offered as a critique. The undersigned recognizes the parties had the difficult task to attempt to frame their arguments about issues scattered throughout hundreds of pages of material and did an excellent job in doing so. The undersigned has carefully reviewed the relevant portions of the May Contentions and the July Contentions in the context of the parties' arguments. To avoid confusion, the undersigned herein generally cites only to the parties' briefs for arguments regarding the contents of the contentions. When references are made to either the May Contentions or the July Contentions, the Court uses CM/ECF document numbering and pagination.

theories" are really just efforts by Masimo in its July Contentions to translate general terms into Apple-specific terms, including "workout mode." Dkt. 2120 at 37.

"[S]creen shots in lieu of explanatory text" may be insufficient to put an opposing party on notice of the contents of infringement contentions when the screenshots leave the opposing party to "guess what particular system (or aspect of a particular system) [the amending party] is accusing of meeting each limitation." Adobe, 2013 WL 3361241, at *4. The issue is not simply whether screenshots are used, but whether the screenshots are used in a sufficiently informative way with other information. See Grecia v. Apple Inc., 2015 WL 81893, at *2 (N.D. Cal. Jan. 5, 2015) (finding infringement contentions were adequate where plaintiff defined the relevant "metadata" and its form, and included exemplar screenshots identifying specific locations in the accused system that practiced the infringing steps of reading from and writing into the metadata and explaining how the read and write requests were made).

Here, the Court finds that the July Contentions' references to Workout Mode did not introduce a new theory, but rather provided additional details, including new nomenclature to conform with Apple-specific naming conventions (see Dkt. 2008-1 at 9), regarding an existing theory sufficiently, though not perfectly, disclosed in the May Contentions.

Further, even were the Court to find the July Contentions introduced a new theory of infringement here, Masimo's amendment is supported by good cause under the unique circumstances of this case. First, Masimo acted with sufficient diligence. As noted, although the action was filed four and a half years before the July Contentions were served, initial infringement contentions first were delayed from January 2020 until October 2020, in large part due to Apple's delay in producing core technical documents, and next were delayed by a stay of the patent claims at Apple's request from October 2020 until April

2024. The July Contentions were served slightly more than 10 weeks after the post-stay deadline for initial contentions of April 22. They were also served within days or at most a few weeks of discovery responses by Apple that bore on the same issues. As to issue prejudice, Apple's proffer of prejudice is largely speculative, offering that it may need to: (1) take a further inventor deposition and serve new contention interrogatories; (2) review its invalidity and noninfringement contentions; and (3) review witness disclosures. Dkt. 2121 at 21-27. Although the situation was different in July, as of the date of this Report, there is no trial date or other pending pretrial deadlines set on the patent claims. To the extent Apple requires additional discovery on new details set forth in the July Contentions, the fact discovery cutoff can be reopened for that limited purpose without disrupting an existing schedule. Similarly, Apple's deadline to serve invalidity contentions could and presumably will have to be reset regardless of the outcome here. Apple's proffered prejudice, assuming it exists, may be easily alleviated here.

As a result, the undersigned finds that the July Contentions did not assert a new theory as related to "Workout Mode" and, even if it did, good cause supports those amended disclosures in the unique circumstances here.

**B. New Details Regarding** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Apple argues that the May Contentions list several "processing characteristics" used to escalate from a lower power consumption level to a higher power consumption level, but it was not until the July Contentions that Masimo identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as the processing characteristic required by limitation 1[D] of the '703 patent. Dkt. 2004-1 at 4. Apple contends the change represents a "new theory." <u>Id.</u> To the extent Masimo points to references to these terms in the May Contentions, those terms were referenced in screenshots, which, Apple claims, did not put it

1  on notice of the theory. Id. at 6.

2      Masimo argues that the focus of these two specific elements in its July

3  Contentions are not a new theory, but are actually a narrowing of its May

4  Contentions. Dkt. 2008-1 at 2-3. Whereas it previously listed four more general

5  inputs, Masimo narrowed its contentions around one processing

6  characteristic—███████████████████████████████████

7  ████████ Id. Masimo further argues the May Contentions contain several

8  references to ███████████████████ in the May Contentions. Id. at

9  2-3 (collecting instances).

10     Masimo's May Contentions include screenshots of the terms at issue.

11  But, as Masimo notes, several such screenshots not only use the terms (or

12  easily identifiable analogues) but also set forth predetermined thresholds for

13  those variables. See Dkt. 2008-1 at 2. Further, one such screenshot is captioned

14  as ███████████████████████████████████████████████

15  ████████████████████████████ Dkt. 2008-2 at 213

16  (CM/ECF pagination). Another screenshot contains a separate text

17  description that states, in part, ███████████████████████

18  ████████ Id. at 203 (CM/ECF pagination). Such descriptions give context

19  to the screenshots and connect their contents to the processing characteristics

20  introduced earlier. Further, the July Contentions on these issues added details

21  from testimony provided by an Apple employee two days earlier. Dkt. 2008-1

22  at 3-4; Dkt. 2004-2 at 3, 45 (CM/ECF pagination). The Court finds that these

23  are not new theories of infringement, but rather are narrowed versions of

24  previously disclosed theories. Further, as Masimo acted diligently in the

25  unique context of this case and, as the alleged prejudice claimed by Apple can

26  be readily cured, the amendments are supported by good cause.

27  / / /

28  / / /

21

**C. New Details Regarding** ████████████████████████

Apple claims Masimo's July Contentions identified "for the first time" the "processing characteristics" of ███████████████████████████ ██████████████████████████████████████ ████████████ Dkt. 2004-1 at 6-8. Apple argues that Masimo's claims that it disclosed the antecedent basis for this theory in the May Contentions and in its citation to documents did not put Apple on notice of this theory. Id. at 8-9.

In its May Contentions, Masimo identified "processing characteristics" of ██████████████████████████████████████ ████████ used to escalate from a lower power consumption level to a higher power consumption level, with reference to Tables 2-3 and 4-5. Dkt. 2008-2 at 192-93 (CM/ECF pagination). Tables 2-3 included definitions of █████████ ██████████████████████████████████████ ███████████████████████ Id. at 57 (CM/ECF pagination).

Masimo's amendments on this issue in its July Contentions amount largely to a substitution of names used by Apple in place of Masimo's descriptive, general variable names from its May Contentions. See Dkt. 2120 at 20 (confirming terms ███████████ are "Apple terms"). Masimo did not replace its previous general usage terms with new general usage terms that implicate different Apple products; instead, Masimo narrowed the language in its infringement contentions from general usage terms to Apple-specific terms relevant to the Apple Watch, which can be mapped between the July Contentions and the May Contentions. Dkt. 2008-1 at 5-6; Dkt. 2120 at 20-21.

The July Contentions do not represent new infringement theories on these issues, and even if they did, the amendments are supported by good cause as Masimo made the changes diligently, considering the unique context of this case, and Apple is not prejudiced by the use of its own internal variable

22

names. Further, and even if there were prejudice, it could be readily cured.

### D. More Specific Doctrine of Equivalents Contentions

Apple challenges what it describes as four previously undisclosed doctrine of equivalents ("DOE") theories contained in the July Contentions. Dkt. 2004-1 at 9-12. As an initial matter, Apple argues that Masimo's "boilerplate" reservation of DOE theories did not preserve a right to assert later, specific DOE theories. Id. at 12. Masimo argues that Judge Selna has previously found that a blanket reservation of DOE theories complies with L.P.R. 3-1(e) and cites to such a blanket reservation made by Masimo in the May Contentions. Dkt. 2008-1 at 10.

Courts have split on whether a generalized reservation of DOE theories is by itself sufficient to allow later DOE theories to be asserted. Considering the unique procedural history of this case, the Court adopts the view that here, "a blanket reservation of a doctrine of equivalents theory complies with the letter of [L.P.R. 3-1(e)], and that a limitation-by-limitation analysis is not required" at the time of the initial infringement contentions. See Kruse Tech. P'ship v. Daimler AG, 2012 WL 12888110, at *6 (C.D. Cal. Mar. 21, 2012), aff'd sub nom. Kruse Tech. P'ship v. Volkswagen AG, 544 F. App'x 943 (Fed. Cir. 2013). Masimo included an equivalent blanket reservation in its May Contentions and thus adequately reserved its right to assert DOE theories and need not have provided "specific limitation-by-limitation analysis." Dkt. 2008-1 at 10; Dkt. 2008-2 at 14-15 (CM/ECF pagination) ("Disclosure Pursuant To PLR 3-1(e)").

In addition, the Court agrees with Masimo that the four changes challenged by Apple reflect merely clarifications, not wholesale re-workings, of DOE theories previously disclosed in the May Contentions. See Dkt. 2008-1 at 10-11. In so finding, the Court notes again the "unusual sequence of disclosures" in this case, including the long delays in the production of core

technical documents by Apple, and the compressed discovery schedule that resulted in ongoing technical discovery from Apple being made after the May Contentions were served in the weeks and days before the July Contentions. The Court also notes, as with the prior good cause findings, any asserted prejudice can be mitigated by permitting Apple additional limited fact discovery on any allegedly new details not previously known to it underlying the DOE modifications.

Further, as the decision whether to permit amendments to contentions is ultimately a case management function over which the Court has substantial discretion, viewing the case holistically, including the "unusual sequence of disclosures"; the three and a half year stay of the patent proceedings; the rushed restarting of patent proceedings after the lifting of the stay (at Masimo's request), followed by the renewed bifurcation of patent claims (at Apple's request); and the fact that Apple's concerns of prejudice can be addressed in a revised (but not further delayed) scheduling order; the undersigned finds that striking all or some of the challenged amendments in the July Contentions and attempting to fabricate a hybrid set of contentions intermingling the July and May Contentions would not streamline the case going forward, nor would it promote the just, speedy, and inexpensive determination of this action under Rule 1 of the Federal Rules of Civil Procedure or the L.P.R. The undersigned recommends that Masimo's July Contentions be accepted as the operative infringement contentions, with further dates and proceedings to be set.

## V.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; (2) directing that Masimo's July Contentions are the operative infringement

/ / /

24

contentions; and (3) directing the parties to meet and confer regarding a new pretrial schedule and new proposed trial date.

Dated: November 08, 2024 _

JOHN D. EARLY
United States Magistrate Judge

* * * *

Because this Report refers to materials that Judge Selna has found good cause to seal, counsel for the parties are directed to meet and confer and, within 14 days, notify the Courtroom Deputy Clerk for Magistrate Judge Early which parts of this sealed Report and Recommendation should be redacted from the publicly filed version, with a proposed redacted version also submitted.