Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
Douglas.Wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:(949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive                  1925 Century Park East, Suite 400
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **MASIMO'S OPPOSITION TO**<br>) **APPLE'S MOTION FOR REVIEW**<br>) **OF AND OBJECTIONS TO**<br>) **MAGISTRATE JUDGE EARLY'S**<br>) **NOVEMBER 8, 2024 REPORT AND**<br>) **RECOMMENDATION REGARDING**<br>) **PLAINTIFFS' INFRINGEMENT**<br>) **CONTENTIONS**<br>)<br>) Hearing: January 6, 2025<br>) Time: 1:30 pm<br>)<br>) Hon. James V. Selna<br>) |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION .................................................................................. 1

II.  BACKGROUND ................................................................................... 2

    A.  Apple Moved To Compel Supplemental Infringement Contentions ................................................................................ 2

    B.  Apple Then Argued Masimo's July Contentions Have All "New" Theories ................................................................... 3

    C.  The Court Sought A Special Master ..................................... 4

    D.  Apple Relied On Its Mere Allegations To Separate Masimo's Patent And Trade Secret Claims Into Two Trials ................................. 4

    E.  Apple Now Abandons All But One Of Its Arguments ......... 5

III.  ARGUMENT ....................................................................................... 5

    A.  Judge Early Correctly Found That "Workout Mode" Is Not A New Theory ................................................................ 5

        1.  Masimo's May Contentions Linked Workout Mode To The '703 Patent's "Continuous" Patient Monitoring Limitations ................................................. 6

        2.  Apple's "Indirect Disclosure" Argument Is Wrong ................ 11

        3.  Apple's Screenshots Argument Fails To Show Any Error ...... 11

    B.  Good Cause Supports Any Amendments Regarding Masimo's "Workout Mode" Infringement Theory ................................ 15

        1.  Judge Early Correctly Addressed Good Cause ..................... 15

        2.  Judge Early's Finding Of Good Cause Was Not Clearly Erroneous ................................................................. 17

            a.  Judge Early Correctly Found That Masimo Acted Diligently ............................................................. 17

            b.  Judge Early Correctly Found Apple Will Not Suffer Prejudice ................................................. 19

    C.  Masimo's Proposed Schedule Will Address Apple's Failure To Supplement Its Invalidity Contentions .......................... 20

IV.  CONCLUSION ................................................................................. 21

# TABLE OF AUTHORITIES

**Page No(s).**

*Apple Inc. v. Samsung Elecs. Co.*,
  2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ...................................................16

*Coleman v. Quaker Oats, Co.*,
  232 F.3d 1271 (9th Cir. 2000) .........................................................................20

*Digital Reg of Texas LLC v. Adobe Sys. Inc.*,
  2013 WL 3361241 (N.D. Cal. July 3, 2013) ...............................................11, 12

*Facet Techs., LLC v. LifeScan, Inc.*,
  2023 WL 5504954 (C.D. Cal. June 7, 2023) ....................................................19

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
  2019 WL 955000 (N.D. Cal. Feb. 27, 2019) ..............................................12, 13

*Finjan, Inc. v. SonicWall, Inc.*,
  2019 WL 2077849 (N.D. Cal. May 10, 2019) ............................................12, 13

*Fortinet, Inc. v. Forescout Techs., Inc.*,
  2021 WL 1749902 (N.D. Cal. May 4, 2021) ....................................................12

*Google, Inc. v. Netlist, Inc.*,
  2010 WL 1838693 (N.D. Cal. May 5, 2010) ....................................................18

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) .........................................................................20

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .......................................................................19

*Shared Memory Graphics LLC v. Apple Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010).............................................................13

*Solman v. North Am. Life & Cas. Ins. Co.*,
  151 F.3d 1132 (9th Cir. 1998) .........................................................................20

*Speaker Techs., Inc. v. Apple, Inc.*,
  2017 WL 235049 (N.D. Cal. Jan. 19, 2017).....................................................19

*Uni-Splendor Corp. v. Remington Designs, LLC*,
  2017 WL 4786085 (C.D. Cal. Aug. 10, 2017) ..................................................13

# I.  **INTRODUCTION**

Judge Early correctly found that Masimo's July Contentions did not raise new infringement theories because they merely added details to pre-existing theories.  He alternatively found that any amendments in the July Contentions are supported by good cause.  After arguing that every single infringement theory in Masimo's 864-page July Contentions was new and leveraging that argument to obtain separation of the patent and trade secret cases, Apple now objects to Judge Early's ruling with respect to just one theory, namely, Masimo's theory that Workout Mode infringes the "continuous" limitations of the '703 Patent.  But Apple fails to show that Judge Early's ruling for the Workout Mode theory is clearly erroneous or contrary to law.  Because Apple shows no error in the only ruling it challenges, the Court should adopt the R&R in its entirety.

*First*, Apple argues that the May Contentions did not mention "Workout Mode" and that Masimo relied on only screenshots.  But Apple omits that Masimo also included explanatory text in its May Contentions, which explained that the "continuous" limitations were satisfied by the algorithms that perform Workout Mode.  And that explanatory text was supported by screenshots of Apple technical documents describing the technical details for those Workout Mode algorithms.  Judge Early thus properly held Masimo's July Contentions merely add details, such as "new nomenclature to conform with Apple-specific naming conventions," to the Workout Mode theory in its May Contentions.  Apple fails to show this factual finding was clearly erroneous.

Apple cites various cases to argue the May Contentions' use of screenshots did not put Apple on notice of the Workout Mode theory.  But to the extent Apple's cases even addressed screenshots, each case allowed amendment.  And the screenshots in those cases involved generic marketing material with no link to the claims.  Unlike those cases, Masimo's screenshots are excerpts of highly technical Apple documents that Masimo has shown are linked to what infringes the "continuous" limitations—Workout Mode.  The screenshots also support the explanatory text Masimo included in its May

Contentions, which references algorithms that Apple admits refer to its Workout Mode. Thus, Apple's cases are inapposite and fail to show error.

**Second**, Apple argues Judge Early erred by addressing good cause because the issue was not referred to him and not argued by Masimo. But good cause was squarely within the scope of the dispute this Court referred to Judge Early. And Masimo showed the good cause for its amendments, including because Apple had no prejudice and Masimo was diligent in amending based on information Apple provided after the May contention. Apple fails to show Judge Early erred by addressing this relevant issue.

**Finally**, Apple argues that Judge Early's finding that "Masimo acted with sufficient diligence" in providing its July Contentions was clearly erroneous. But Apple ignores its late-provided discovery justified Masimo's amendments. Apple also argues that Judge Early erred in finding no prejudice to Apple, but Apple fails to show error. Apple's own case confirms multiple reasons why it would have been proper for Judge Early to consider prejudice in place of diligence. Apple argues that the "possibility" of needing to reopening discovery would be prejudicial. But Apple never identified any discovery that it needs. Indeed, the only discovery Apple mentioned was to depose the inventor of '703 Patent about the scope of his patent. And Apple already deposed him **after** receiving Masimo's July Contentions. Thus, Apple shows no error in Judge Early's finding that Apple's proffer of prejudice was merely "speculative" and any prejudice could be "easily alleviated" by setting an appropriate case schedule.

## II. <u>BACKGROUND</u>

### A. <u>Apple Moved To Compel Supplemental Infringement Contentions</u>

Masimo provided infringement contentions on April 15, 2024, one week **before** the deadline in the Court's schedule. Dkt. 1955-1 at 12. In those contentions, Masimo identified missing Apple core technical documents and committed to supplement after Apple produced them. *Id.* at 15-16. When Apple claimed to "substantially complete" that production by producing over 10,000 pages on May 22, Masimo agreed to supplement its contentions by May 31—just nine days later. *Id.* at 2. On May 28, before

even seeing Masimo's supplement, Apple served the joint stipulation for its motion to compel anyway.  And despite receiving Masimo's supplemental contentions on May 31 ("May Contentions"), before Apple filed its motion and well before any order on that motion could have required, Apple filed its motion on June 6 anyway.  Dkt. 1955.

On June 27, the Court issued its tentative ruling on Apple's motion and Masimo's co-pending motion to strike Apple's invalidity contentions.  In its Tentative, the Court deferred ruling on Apple's motion and ordered the parties to "meet and confer to discuss any needed supplementation."    Tentative at 7.    The Court ordered that any supplementation by Masimo be completed "within two weeks" of its eventual Order.  *Id.*

At the July 1 hearing, the Court explained Masimo could supplement to add "details" as Apple requested.  7/1/24 Tr. at 13:24-14:23, 18:19-19:19.  Masimo worked quickly to add the requested detail and provided its supplemental contentions to Apple on July 5 ("July Contentions").  Dkt. 1994 at 1.  Thus, by July 5, Apple had received everything it requested in its motion to compel.

**B.** **Apple Then Argued Masimo's July Contentions Have All "New" Theories**

At the July 8 hearing, Masimo explained that its July Contentions reduced both the number of asserted claims from 38 to 15 and the ways Masimo alleged infringement. 7/8/24 Tr. at 5:25-8:6.  Masimo also added details to support those allegations from newly available evidence, including from the deposition of an Apple employee that occurred just one business day before the July Contentions were served.  *Id.* at 6:24-7:9, 7:25-8:3.  Nevertheless, Apple argued that, other than the cover pleading of Masimo's July Contentions, "[t]he remainder, Appendix 1 and it follows with various appendices, are new." *Id.* at 8:20-9:5; *id.* at 11:9-14.  The Court ordered the parties to confer about the July Contentions "page by page" and set a follow-up hearing for July 12.  *Id.* at 15:12-15, 18:10-14, 21:8-22.

The parties conferred on July 9 for almost six hours.  Masimo explained, page-by-page, how and where every theory in its July Contentions had been set forth in its May Contentions.  Dkt. 2027.  After the conference, Apple shifted positions and argued

the July Contentions contained four "new" theories.  Dkt. 2029; 7/12/24 Tr. at 5:10-6:20; Dkt. 2311 at 10:5-15.  Masimo again explained that its July Contentions merely added detail to its existing theories.  Dkt. 2027.  The parties also submitted highlighted versions of the July Contentions setting forth the dispute.  *See, e.g.*, Dkt. 2028.

## C.    The Court Sought A Special Master

At the July 12 hearing, the parties agreed the contentions dispute would require the Court to wade through voluminous documents.  7/12/24 Tr. at 5:10-16, 6:13-14, 8:9-13.  The Court then expressed that a special master or technical expert may be needed to address Apple's allegations of new theories.  *Id.* at 8:14-22.  The Court ordered the parties to propose names for a special master by July 19.  *Id.* at 8:14-22, 16:4-21.  And after the parties and the Court could not find a suitable special master, the Court referred Apple's motion to Judge Early.  Dkt. 2114.

## D.    Apple Relied On Its Mere Allegations To Separate Masimo's Patent And Trade Secret Claims Into Two Trials

Before Apple's allegations, the patent and trade secret claims were scheduled to be tried together in November 2024.  On July 8, Apple argued that the time required "to resolve" Apple's allegations about Masimo's infringement contentions required having a separate, later trial on Masimo's patent claims.  7/8/24 Tr. at 20:4-10, 21:2-7, 25:23-26:2; *id.* at 25:23-27:9.  Apple urged that the "special-master process obviously will require changing the schedule on the patent claims."  Dkt. 2031 at 2 (cleaned up); *id.* at 1, 8.  And as a result, the Court bifurcated Masimo's patent claims for a separate trial. Dkt. 2064.  Thus, Apple prevailed in bifurcating the patent claims based on unproven allegations that Masimo's July Contentions included "new" theories.

Now, Judge Early has rejected all of Apple's allegations about the infringement contentions.  Dkt. 2311 at 16-25.  Judge Early found the four challenged theories were not new because Masimo merely added details to its existing infringement theories.  *Id.*, 19-23.  Those details included "nomenclature to conform with Apple-specific naming conventions" (*id.* at 19), "details from testimony provided by an Apple employee two

days earlier" (*id.* at 21), "substitution of names used by Apple in place of Masimo's descriptive" phrasing (*id.* at 22), and "clarifications" to prior DOE theories (*id.* at 23). Judge Early further found that, even if the Court were to find a theory new, any amendments are supported by good cause because of Masimo's diligence and the lack of prejudice to Apple. *Id.* at 19-24.

**E.    Apple Now Abandons All But One Of Its Arguments**

Apple now challenges only one infringement theory: "Workout Mode." Mot. at 10-15. Apple thus effectively concedes that its adamant representation to this Court about everything but the cover pleading of Masimo's July Contentions being "new" was incorrect. 7/8/24 Tr. at 8:20-9:5, 11:9-14. And Apple likewise concedes that the following Masimo infringement theories were not actually "new": (1) processing characteristics for ████████ (2) processing characteristics for ████████ and (3) doctrine of equivalents. Dkt. 2029. Apple also no longer maintains its position that Masimo "***served 864 pages of new*** infringement contentions." Dkt. 2116 at 5. Thus, Apple sought and obtained bifurcation and delay based on allegations that Apple now concedes it can no longer defend.

**III.  ARGUMENT**

As Apple acknowledges, setting aside Judge Early's ruling requires it to be "clearly erroneous or contrary to law." Mot. at 9 (quoting Dkt. 79 at 3). Apple fails to show either, and thus the Court should adopt the R&R.

**A.    Judge Early Correctly Found That "Workout Mode" Is Not A New Theory**

After reviewing the parties' briefing, Masimo's May and July Contentions, and conducting a multi-hour hearing where he carefully considered each of Apple's arguments, Judge Early found that "the July Contentions' references to Workout Mode did not introduce a new theory, but rather provided additional details, including new nomenclature to conform with Apple-specific naming conventions, regarding an

existing theory sufficiently, though not perfectly, disclosed in the May Contentions." Dkt. 2311 at 19.  Apple presents no basis to disturb that finding.[1]

### 1.    Masimo's May Contentions Linked Workout Mode To The '703 Patent's "Continuous" Patient Monitoring Limitations

Apple argues that Masimo's July Contentions "for the first time accused Workout Mode (or ███████████████████ of satisfying the "continuous" limitations of the '703 Patent.   Mot. at 10-11; *id.* at 1, 4-5.   According to Apple, Masimo's May Contentions "d[o] not link Workout Mode to the 'continuous' limitations." *Id.* at 11. Apple is wrong.  Masimo thoroughly explained the May Contentions also included a theory that the Workout Mode satisfied the "continuous" limitations. Dkt. 2027 at 6-9; 9/26/24 Sealed Tr. at 37:17-44:20.  Judge Early agreed.  Dkt. 2311 at 19-20.

At the hearing, Masimo explained that its May Contentions included the Workout Mode theory using explanatory text supported by screenshots.  Masimo identified the following from its claim chart for "continuous" limitations in the May Contentions:



9/26/24 Sealed Tr. at 38:3-42:17 (discussing Dkt. 2012-1 at 109).  Masimo explained why this explanatory text refers to Workout Mode even though it did not use the specific Apple nomenclature "Workout Mode."  Specifically, Masimo explained that what Apple labels as "'Workout Mode' is when ██████████████████████

---

[1] At the hearing, Masimo provided much of the explanation underlying Judge Early's correct resolution of this dispute.  For example, Masimo explained why its July Contentions raise no new theories and Apple's cases are distinguishable.  To assist the Court, Masimo's hearing demonstratives are attached as Appendix 1.

1  ████████████████████████████████████ 9/26/24 Sealed Tr. at 38:10-20.  Masimo also

2  referred to this ████████████████████████████████████████████

3  ████████ *Id.* Masimo continued by explaining that entering Workout Mode ████████

4  ████████████████████████████████████████████████████████

5  ████████████████  *Id.*

6  Judge Early asked, ████████████████████████████████████████████

7  ████████████████████ *Id.* at 39:1-3.  Masimo explained that Apple would have

8  known this explanatory text refers to Workout Mode because it describes ████████

9  ████████████████████████████████ *Id.* at 39:4-18.  ████████████████████

10  ████████████████████████████████. *Id.* at 38:10-20.

11        Masimo also identified screenshots of Apple documents from its May

12  Contentions, including the following:



20  *Id.* at 39:17-42:12 (discussing Dkt. 2012-1 at 163 (above)).  Masimo explained that this

21  screenshot showed ████████████████████████████████████████

22  ████████████████████████████████████████████ *Id.* at 39:20-

23  40:6.  ████████████████ is the "Workout Mode." *Id.* at 41:20-23.  The screenshot

24  also shows the ████████████████████████████████████████████

25  *Id.* at 39:20-40:6.  And Masimo explained ████████████████████████

26  ████████████████████████████████████████ *Id.* (referring

27  to *id.* at 3:23-25).

28

Masimo also showed how additional evidence and descriptions in the May Contentions disclosed Workout Mode's █████████████████████ for example, █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ *Id.* at 42:14-18 (discussing Dkt. 2012-1 at 125). Masimo explained in the parenthetical text above that ███████████████████████████████ *Id.* The accompanying screenshot identified ███████████████████████████████ *Id.* And as Apple admits, ██████████████████ is "Workout Mode." Mot. at 10-11.

Additionally, Masimo specifically identified the █████████████████ as infringing in its May Contentions and disclosed the following written description of the ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ *Id.* Masimo explained how the multiple descriptions in the May Contentions of █████████ ████████████████████████████████████████████████████████████ ███████ is Workout Mode. *Id.* at 38:23-39:18. The May Contentions also included a

1    table of documents relevant to the accused ███████████████████████████

2    functionality—Table 5—that specifically identified the ████████████ algorithms

3    Apple Watch uses ████████████████████████ Dkt. 2012-1 at 71-72. And

4    Table 5 was incorporated into the "continuous" limitations of Masimo's claim chart. *Id.*

5    at 109. Apple also conceded the link between these algorithms and Workout Mode at

6    the hearing, ████████████████████████████████████████

7    ████████████████████████████ 9/26/24 Sealed Tr. at 3:23-25.

8        Masimo also explained how the May Contentions' discussion of the ██████████

9    algorithm supports the "Workout Mode" theory. Dkt. 2028 at 109.[2]  The May

10   Contentions disclosed that ████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ████████ Dkt. 2028 at 47. The May Contentions further included a table of

14   documents relevant to the accused ████████ functionality—Table 3—that was

15   incorporated into the "continuous" limitations of Masimo's claim chart. *Id.* at 52

16   (Table 3), 109. Table 3 described ████████████████████████████████

17   ████████████████████████████████████ *Id.* at 52-59. The

18   Table 3 documents repeatedly link ████████ to Workout Mode by showing that ██████

19   ████████████████████ as shown in the two examples below.

---

[2] Dkts. 2012-1 and 2028 are identical. Masimo refers to ECF page numbers for both.

*Id.* at 52.

*Id.* at 54, 109 (incorporating both documents above into "continuous" analysis).

Accordingly, Masimo showed how its May Contentions disclosed an infringement theory for the "continuous" limitations of the '703 Patent based on Workout Mode. Judge Early agreed and found "the July Contentions did not assert a new theory as related to 'Workout Mode'" because that ***theory*** was disclosed in the May Contentions. Dkt. 2311 at 19-20. As Judge Early explained, the July Contentions regarding Workout Mode merely added detail, such as "new nomenclature to conform with Apple-specific naming conventions"

████████████    "an existing theory."  *Id.*  Apple has not shown those factual findings constitute clear error.

## 2.    Apple's "Indirect Disclosure" Argument Is Wrong

According to Apple, Masimo is arguing its "Workout Mode theory "was indirectly disclosed via 'screenshots' and citations to 'numerous documents.'" Mot. at 11.  Apple is wrong.[3]  As discussed above, the Workout Mode theory was directly disclosed in the May Contentions.  *Supra* §III.A.1.  Indeed, the May Contentions repeatedly referred to ████████████████████████████████████████ ████████████████████████████████████████████ ██████    9/26/24 Sealed Tr. at 3:23-25.

## 3.    Apple's Screenshots Argument Fails To Show Any Error

Apple cites several cases to argue that Masimo's reliance on screenshots of "numerous documents" did not put Apple on notice of Masimo's Workout Mode theory of infringement.  Mot. at 11.  But Masimo did not merely rely on screenshots.  As discussed, Masimo also disclosed that theory in explanatory text, pin-cites to Apple documents, *and* supporting screenshots of the relevant portions of pin-cited documents.

Further, Masimo showed that the screenshots in its contentions "are actually pin-cited excerpts from long technical documents" produced by Apple.  9/26/24 Sealed Tr. at 34:8-11; Dkt. 2027 at 6-9; *see, e.g.*, Dkt. 2012-1 at 52, 54, 110, 113, 122, 125, 128. Masimo's May Contentions included these pin-cited screenshots of relevant discussion in Apple's technical documents because Masimo's infringement theories involve "very detailed technical issues that are presented in long documents" such that characterizing the document in prose is often a fool's errand.  9/26/24 Sealed Tr. at 34:21-24.  Thus, Masimo used a combination of explanatory text, screenshots, and citations.

Apple fails to show any error.  Indeed, ***all four*** of the cases about screenshots that Apple cites ***allowed*** amendment.  *Digital Reg of Texas LLC v. Adobe Sys. Inc.*, 2013 WL

---

[3] Apple's footnote 5 is also wrong because the screenshot Apple mentions was included in Masimo's May Contentions for the "continuous" limitations.  Dkt. 2028 at 190.

3361241, at *3-*4 (N.D. Cal. July 3, 2013); *Fortinet, Inc. v. Forescout Techs., Inc.*, 2021 WL 1749902, at *4 (N.D. Cal. May 4, 2021); *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2019 WL 955000, at *9 (N.D. Cal. Feb. 27, 2019); *Finjan, Inc. v. SonicWall, Inc.*, 2019 WL 2077849, at *4 (N.D. Cal. May 10, 2019). Thus, none of those cases show Judge Early erred because they all allowed amendment despite unclear screenshots. Each case is also readily distinguishable.

For example, *Digital Reg* addressed simple screenshots of iPhone games:

   

No. 4:12-cv-01971, Dkt. 252 (N.D. Cal. Nov. 2, 2012). As Masimo explained, "the screenshots in the *Digital Reg of Texas* case are a very different type" than the specific screenshots of "highly technical documents" in Masimo's contentions. 9/26/24 Sealed Tr. at 35:16-36. *Digital Reg* is also inapposite because there, the plaintiff provided no explanatory text, the included screenshots were not tied to the particular limitations of the claims, and the defendant was left to guess was aspect of the system was accused for every limitation. *Id.* at 35:19-36:2; *Digital Reg*, 2013 WL 3361241, at *3-*4. None of those circumstances apply to Masimo's contentions.

Similarly, *Fortinet* addressed contentions that "merely parrot[ed] claim language" and then included screenshots without ever linking the screenshots to the claim language. 2021 WL 1749902, at *3. The screenshots were so lacking in detail or apparent relevance that it was "not clear who or what is accused." *Id.* But Masimo's May Contentions linked Workout Mode to the "continuous" limitations with explanatory text, relevant screenshots, and parenthetical citations.

1        In *Check Point*, the screenshots described how some accused products work "in a

2  general sense" with no link to the claim language.

3  2019 WL 955000, at *6.   In *SonicWall*, the screenshots

4  were also of generic "marketing materials" (shown at

5  right) and lacked anything that "relates to the claim

6  limitations at issue."   2019 WL 2077849, at *3.   But here, Masimo's screenshots were



7  excerpts of highly technical engineering documents produced by Apple, not public

8  marketing materials.   And Masimo linked those screenshots to claim language with

9  explanatory text, parenthetical citations, and by including screenshots relevant to each

10  limitation.   The May Contentions are nothing like the screenshot cases Apple cites.

11        Apple also cites two other cases and this Court's order deferring a ruling on

12  Apple's motion, but none addressed the propriety of screenshots in contentions.   Mot.

13  11-12 (citing *Shared Memory Graphics LLC v. Apple Inc.*, 812 F. Supp. 2d 1022, 1025

14  (N.D. Cal. 2010); Dkt. 2019 at 2-3; *Uni-Splendor Corp. v. Remington Designs, LLC*,

15  2017 WL 4786085, at *3 (C.D. Cal. Aug. 10, 2017)).   Thus, those decisions also do not

16  show Judge Early erred.

17        Apple argues that Judge Early relied on *Grecia* for the proposition that a party can

18  "us[e] scattered screenshots in the place of an explanatory narrative."   Mot. at 12.   But

19  Judge Early never found that contentions could use scattered screenshots in place of any

20  explanatory text.   He cited *Grecia* for the common-sense proposition that contentions

21  can include screenshots if "they are used in a sufficiently informative way ***with other***

22  ***information***."   Dkt. 2311 at 19.   Apple also notes that in *Grecia*, some of the explanatory

23  text pointed to screenshots using "labels" (arrows).   Mot. at 12.   Here, Masimo showed

24  its May Contentions not only ***included explanatory text,*** but tied that information to the

25  "continuous" limitations and explained how the explanatory text and supporting

26  screenshots of Apple technical documents collectively refer to Workout Mode.   *Supra*

27  §III.A.1.   Judge Early agreed.   Dkt. 2311 at 19-20.   Apple has not shown that Judge

28

Early clearly erred by finding as a factual matter that Masimo properly used screenshots in an informative way with other information.

Apple faults Judge Early for not specifically identifying disclosure in the May Contentions that "Workout Mode operates continuously." Mot. at 13-14.[4] But Judge Early "carefully reviewed the relevant portions of [Masimo's] May Contentions and the July Contentions in the context of the parties' arguments." Dkt. 2311 at 18 n.1. During the hearing, Masimo explained how its Workout Mode theory of infringement for the "continuous" limitations was disclosed in its May Contentions. *Supra* §III.A.1. Thus, there is ample support for Judge Early's conclusion that Masimo merely added details to the pre-existing Workout Mode theory for the "continuous" limitations.

Additionally, Apple argues that Masimo "points to nothing clearly linking" the references to ▮▮▮▮▮▮▮▮ in the May Contentions to the "continuous" limitations. Mot. at 14. Apple also "presumes" the associated screenshots "do not disclose a coherent theory" because Masimo "did not copy most of [them] into [its] brief." *Id.* But both arguments merely ignore the linking within the May Contentions that Masimo has shown. *Supra* §III.A.1.

Further, Apple argues that six of Masimo's screenshots regarding ▮▮▮▮▮ ▮▮▮▮ do not "mention[] the word continuous." Mot. at 14. Apple also argues that nothing in Table 5 of the May Contentions says "Workout Mode or the ▮▮▮▮▮ algorithms are continuous." *Id.* But Masimo explained that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as explained above. *Supra* §III.A.1. And ▮▮▮▮▮▮▮ both refer to Workout Mode.

---

[4] Apple argues Masimo was "only able to point to a few screenshots (which appeared many pages apart) that happened to use the term workout." Mot. at 13. Apple is wrong, as the screenshots regularly discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Dkt. 2028 at 111, 118, 122-23, 125, 127-33, 136-40, 143, 161-64, 170-72, 190.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lastly, Apple argues that no one "could be expected to understand a general 'See, e.g.' reference to four tables to disclose an infringement theory." Mot. at 14. But Masimo does not rely on such a reference to disclose its Workout Mode theory. Rather, the May Contentions' claim chart entries for the "continuous" limitations disclose the Workout Mode theory (including ███████████████ using explanatory text and supporting screenshots, and those entries cite Tables 3 and 5 to provide further text and screenshots detailing ███████████████ respectively. *Supra* §III.A.1.

## B. Good Cause Supports Any Amendments Regarding Masimo's "Workout Mode" Infringement Theory

### 1. Judge Early Correctly Addressed Good Cause

Apple raises the "procedural" argument that the Court can "decline to adopt the R&R" because Judge Early "erred by addressing good cause." Mot. at 15. Through this argument, Apple seeks to add to the over four years of delay it has already obtained. Good cause was an alternative ground for the Judge Early's conclusion. The Court can affirm because the July Contentions raised no new theory. *Supra* §III.A. Regardless, neither of Apple's arguments show that Judge Early erred by addressing good cause.

***First***, Apple argues that Judge Early erred by addressing good cause because the Court's referral "was limited to the narrow question of whether [the July] Contentions added new theories of infringement or merely added details to existing theories." Mot. at 15. The Court's referral was not so limited. The Court referred "Apple's Motion to Magistrate Judge John D. Early for a report and recommendation," and authorized taking "procedural steps which may be conducive to resolution of the issues." Dkt. 2114. It called for resolution of the dispute it previously deferred (*id.*), which included "whether the scope of [Masimo's] supplemental contentions is appropriate." Dkt. 2019 at 8. By addressing good cause, Judge Early confirmed the July Contentions are appropriate both

-15-

because they contained no new theories *and* because Masimo showed good cause.  Dkt. 2311 at 19-20, 24-25.[5]

**Second**, Apple argues Judge Early was not asked to address good cause because Masimo "never attempted to establish" good cause.  Mot. at 16-17.  Apple is wrong.  Good cause can be based on diligence, lack of prejudice, or both.  *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012).  Masimo explained Apple's lack of prejudice in detail in the joint status report submitted to Judge Early.  Dkt. 2116 at 2-4.  Masimo also showed its diligence in the briefing and hearings on this dispute because the July Contentions came just weeks or days after Apple (1) claimed to "substantially complete" its production of core technical documents, and (2) provided 30(b)(6) testimony that ████████████████████████ ████████████████████████████████████ and (3) served an interrogatory response revealing ████████████████████████████ ████████  Dkt. 1955-1 at 2; Dkt. 2027 at 3, 9; 7/8/24 Tr. at 5:25-8:6; 9/26/24 Sealed Tr. at 69:17-70:13.

Apple also suggests Masimo had to choose between asserting either (a) it did not pursue theories *or* (b) its new theories were supported by good cause.  *See* Mot. at 17:2-11 (quoting Masimo's argument about Apple's interrogatory response and Judge Early's statements at the hearing).  Nothing prevented Masimo from arguing in the alternative that its July Contentions merely included additional details but that, if the Court found the change was a new theory, Masimo had good cause.  And that is precisely what Masimo argued and Judge Early found.

---

[5] Apple's two cases are inapposite because, unlike here, they involved a magistrate judge who "exceeded his authority" or "the scope of the referral."  Mot. at 15.

## 2.    Judge Early's Finding Of Good Cause Was Not Clearly Erroneous

### a.    Judge Early Correctly Found That Masimo Acted Diligently

Judge Early found that "Masimo acted with sufficient diligence" in providing its July Contentions.  Dkt. 2311 at 19-20.  Apple argues several reasons why this finding should be set aside.  Mot. at 17-20.  Each argument lacks merit.

*First*, Apple faults Judge Early for finding that Masimo was diligent given "the unique circumstances of this case." *Id.* at 18.  Apple complains that some of those circumstances happened "four years ago" and thus they do not say anything about Masimo's "diligence today." *Id.*  But that shows no error.  Judge Early appreciated that Masimo has been diligent in seeking to update its contentions despite various Apple-induced delays.  Dkt. 2311 at 19-20.  Masimo's record of pushing to obtain the technical discovery it needs, and promptly supplementing once Apple finally provides that discovery, supports Judge Early's finding.  Apple cites no authority otherwise.

Apple attempts to blame Masimo because Masimo "(successfully) press[ed] for an expedited discovery schedule" by representing "most discovery" was complete.  Mot. at 18; *id.* at 19:4-5.  It is unclear how those facts concern Masimo's diligence.  In any event, Masimo did not know that Apple would (1) delay until the last minute to provide significant additional technical discovery or (2) insist on Masimo reformatting its contentions like Masimo did in the July Contentions.  Because of the discovery schedule, Masimo had to work very quickly to comply with Apple's request for supplemental contentions.  Masimo's request for an expedited schedule in April does not excuse Apple's delay in providing discovery or preclude Masimo from explaining the later intervening events that demonstrate its diligence in amending contentions.

*Second*, Apple faults Judge Early for "observ[ing] that [Masimo's July] Contentions were served roughly 10 weeks after" the initial deadline.  Mot. at 18-19.  Apple notes that, while Judge Early cited *ZiLOG*, he cited no authority to support that a patentee can amend infringement contentions "without any intervening event." *Id.*  But

1    citing no such authority is not error.  Regardless, as discussed above, this case involved
2    "intervening events."

3        **Third**, Apple faults Judge Early for citing no authority that receiving discovery
4    related to infringement establishes diligence if that information merely "confirmed" pre-
5    existing theories.  Mot. at 19.  But Judge Early did cite *O2 Micro* for the proposition that
6    diligence includes acting promptly upon discovering new information.  Dkt. 2311 at 15.
7    Here, the intervening discovery (1) showed the relationship between the ███████████
8    algorithms and Workout Mode and (2) necessitated Masimo conforming its contentions
9    to the nomenclature and "naming conventions" that Apple uses to describe the accused
10   Workout Mode functionality.  Dkt. 2027 at 9; Dkt. 2311 at 19.  Judge Early correctly
11   found the changes did not constitute new theories but, even if the Court were to disagree,
12   Masimo demonstrated good cause, including by diligently updating its contentions after
13   receiving intervening discovery from Apple.

14       Apple also misstates Judge Early's use of the *Netlist* case.  Mot. at 19 n.11.  Judge
15   Early cited *Netlist* for the common-sense point that new information could theoretically
16   come from, among other sources, a Rule 30(b)(6) deposition.  Dkt. 2311 at 15.  It is
17   irrelevant that the *Netlist* decision did not find the timing of a particular Rule 30(b)(6)
18   deposition to provide good cause based on fact pattern not at issue here.  *See* 2010 WL
19   1838693 at *3 (rejecting attempt to "add six new claims" and "quadruple the number of
20   infringement contentions after the close of discovery").

21       **Fourth**, Apple faults Judge Early's finding that "striking all or some of the
22   challenged amendments … would not promote the just, speedy, and inexpensive
23   determination of this action."  Mot. at 19-20.  Apple argues that Judge Early cites no
24   authority that "reasons of judicial convenience" can eliminate the need to show good
25   cause."  *Id.*  But Judge Early never proposed supplanting the good cause inquiry with
26   judicial convenience.  Rather, he explained that the Court's "substantial discretion" over
27   case management issues is an additional reason why the July Contentions should be
28   accepted.  Dkt. 2311 at 24.

**b.**      **Judge Early Correctly Found Apple Will Not Suffer Prejudice**

Judge Early found that Masimo adequately showed the July Contentions did not prejudice Apple and explained that "Apple's proffer of prejudice is largely speculative" and "may be easily alleviated." Dkt. 2311 at 20. Apple argues several reasons why it contends this finding should be set aside. Mot. at 20-21. Apple ignores that a party making amendments in response to a motion is not required to "make the same showing of 'good cause'" needed when "formally moving to amend." *See, e.g.*, *Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 235049, at *2 (N.D. Cal. Jan. 19, 2017). Apple's arguments are also incorrect for the reasons below.

*First*, Apple argues that, if the Court finds error in Judge Early's diligence finding, it "should not reach the R&R's prejudice holding." Mot. at 20. Apple cites two cases, but Apple's quotations show those cases held merely that courts are not ***required*** to consider prejudice if the plaintiff was not diligent. *Id.* (quoting *Facet* and *O2 Micro* as holding courts do not "need" to consider prejudice). But even if not necessary, courts are free to consider prejudice. Indeed, *Facet* specifically explained that a Court "may exercise its discretion" to "consider the prejudice question absent a showing of diligence …." 2023 WL 5504954, at *2. Further, *O2 Micro* is unhelpful because the court there did not address whether good cause could exist without diligence. 467 F.3d at 1366; 9/26/24 Tr. at 9:25-10:2 (noting *O2 Micro* not helpful). Thus, Apple identifies no cognizable basis to ignore Judge Early's finding of no prejudice to Apple.

*Second*, Apple argues that prejudice can only be considered in place of diligence in narrow circumstances that it asserts do not apply. Mot. at 20. But the case Apple cites addressed exemplary circumstances, not an exhaustive list. *Id.* (citing *Apple*, 2012 WL 5632618). More importantly, at least two of the exemplary circumstances Apple identifies ***do*** apply here. Masimo's contentions were not "motivated by gamesmanship" because, as Judge Early found, Masimo amended at Apple's request based on late-provided information from Apple. And because there is no current schedule, the Court can easily set one that allows "ample time" in discovery.

1    **Third**, Apple argues that Judge Early erred by finding that any prejudice to Apple

2    could be easily alleviated by, for example, reopening discovery.  Mot. at 20-21.  Apple

3    cites *Jackson* to suggest the mere "possibility of additional discovery" results in

4    prejudice.  *Id.* (citing 902 F.2d at 1388).  But Apple has never identified any further

5    discovery that it needs.  As Judge Early found, Apple's proffer was "speculative"

6    offering only that Apple "may need to: (1) take a further inventor deposition and serve

7    new contention interrogatories; (2) review its invalidity and noninfringement

8    contentions; and (3) review witness disclosures."  9/26/24 Tr. at 21-27 (cited by Dkt.

9    2311 at 20).  Thus, a deposition of the asserted patents' inventor (Ammar Al-Ali) is the

10   only discovery Apple says it needs.  Apple argues it needs to ask Al-Ali "what he

11   interprets [is] within the scope" of the '703 Patent.  *Id.* at 26:7-25.  But, as Masimo

12   explained (and Apple admitted) to Judge Early, Apple already deposed Mr. Al-Ali on

13   that very topic on July 12—**after** receiving the July Contentions—and asked him "a lot

14   of questions" about claim scope.  *Id.* at 25:20-26:6; 9/26/24 Sealed Tr. at 50:60-52:7.

15   Neither of Apple's other cited cases supports its position.  The *Solmon* decision

16   did not even address amending contentions.  151 F.3d at 1139.  And *Coleman* addressed

17   the need to reopen discovery and change the schedule.  232 F.3d at 1295.  Here, the

18   Court already vacated the schedule for the patent case and has yet to issue a new one.

19   The Court has broad discretion to set a schedule to eliminate any purported prejudice.

20   Moreover, Apple's complaints about prejudice are particularly misplaced.  Apple

21   used its mere allegations of new theories in the July Contentions to separate Masimo's

22   claims into two separate trials.  Thus, Apple should not be heard to complain about

23   supposed prejudice from allowing the July Contentions.

24   **C.**    **Masimo's Proposed Schedule Will Address Apple's Failure To Supplement**

25   **Its Invalidity Contentions**

26   More than four months ago, the Court's Order deferring ruling on Apple's motion

27   to compel also ruled on Masimo's motion to strike Apple's invalidity contentions.  Dkt.

28   2019.  The Court ordered Apple to "reduce the number of asserted prior art combinations

1  to approximately four combinations per claim" with "one or two additional
2  combinations for particular claims as needed." *Id.* at 14. But Apple never complied and
3  continues to pursue between 12 and 18 combinations per claim. Dkt. 2027 at 12.

4       The Court agreed the parties' dispute on this issue should be referred to the special
5  master. 7/12/24 Tr. at 17:7-21. However, Judge Early concluded the Court had not
6  referred this dispute to him and did not decide the issue. Dkt. 2114; 9/26/24 Sealed Tr.
7  at 4:4-9:16. Thus, this issue still requires decision. Masimo believes there is no dispute
8  that Apple continues to pursue between 12 and 18 combinations per claim, in direct
9  violation of the Court's Order. At this point, Apple should comply immediately or be
10 precluded from offering any invalidity combinations.

## IV. CONCLUSION

12      For the reasons discussed above, the Court should overrule Apple's objections
13 and adopt Judge Early's Report and Recommendation (Dkt. 2311) in its entirety.

15                                  Respectfully submitted,

16                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

18 Dated: December 6, 2024          By: */s/ Douglas B. Wentzel*
19                                      Joseph R. Re
20                                      Stephen C. Jensen
                                        Sheila N. Swaroop
                                        Brian C. Horne
21                                      Brian C. Claassen
                                        Mark D. Kachner
22                                      Adam B. Powell
                                        Kendall M. Loebbaka
23                                      Daniel P. Hughes
                                        Douglas B. Wentzel

24                                      Attorneys for Plaintiffs
25                                      MASIMO CORPORATION and
                                        CERCACOR LABORATORIES, INC.

-21-

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs' Masimo Corp. and Cercacor Laboratories, Inc., certifies that this brief contains 6,217 words, which [choose one]:

 X  complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  December 6, 2024          By: */s/ Douglas B. Wentzel*
                                      Joseph R. Re
                                      Stephen C. Jensen
                                      Sheila N. Swaroop
                                      Brian C. Horne
                                      Brian C. Claassen
                                      Mark D. Kachner
                                      Adam B. Powell
                                      Kendall M. Loebbaka
                                      Daniel P. Hughes
                                      Douglas B. Wentzel

                                      Attorneys for Plaintiffs
                                      MASIMO CORPORATION and
                                      CERCACOR LABORATORIES, INC.