UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | February 19, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Apple's Motion for Review of and Objections to Report and Recommendation Regarding Masimo's Infringement Contentions [2378] (Redacted)**

Defendant Apple Inc. ("Apple") filed a motion for review of and objections to Magistrate Judge Early's November 8, 2024 Report and Recommendation regarding Masimo Corp. and Cercacor Labs, Inc.'s (together, "Masimo") infringement contentions. ("Motion," Docket Nos. 2378, 2384 (sealed)).  Masimo filed an opposition.  ("Opp'n," Docket. Nos. 2395, 2397 (sealed)).  Apple filed a reply.  ("Reply," Docket Nos. 2428, 2449 (sealed)).  The Court held a hearing on January 6, 2025.

For the following reasons, the Court **DENIES** Apple's motion.

**I.   BACKGROUND**

The Court summarized the relevant procedural background in its ruling on Apple's Motion to Compel Supplemental Infringement Contentions and Masimo's Motion to Strike Apple's Invalidity Contentions.  "Order re Motion to Compel," Docket No. 2019 (sealed) at 1-3.  That discussion is incorporated by reference here.  The parties met and conferred to work through the issues raised in Apple's motion to compel both before and after the Court issued its Order.  Id. at 8.  Despite their efforts, the parties continued to dispute whether the scope of Masimo's supplemental contentions was appropriate. Apple argued and continues to argue that Masimo disclosed new theories for the first time in its supplemental contentions.  Order re Motion to Compel at 8; see also Motion at 4.  Masimo argued and maintains that it merely restructured its contentions and added supporting detail based on rolling discovery. Id.; see also Opp'n at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SA CV 20-00048-JVS-JDE                                   Date   February 19, 2024

Title   Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc.

The Court ultimately referred Apple's Motion to Compel to Magistrate Judge Early for a report and recommendation. Referral Order, Docket No. 2114. Judge Early issued his report and recommendation on November 8, 2024, finding Masimo's supplemental contentions appropriate. See generally, "R&R," Docket Nos. 2379, 2311 (sealed). The R&R summarized the relevant procedural background, which included extensive meet and confer efforts. Id. at 2-13. That discussion is incorporated by reference here. Judge Early also held a thorough hearing on this matter. See id. at 12-13; see also Motion at 6. Relevant to Apple's pending motion, the R&R found "that the July Contentions' references to Workout Mode did not introduce a new theory, but rather provided additional details, including new nomenclature to conform with Apple-specific naming conventions (see Dkt. No. 2008-1 at 9), regarding an existing theory sufficiently, though not perfectly, disclosed in the May Contentions." Id. at 19.

Apple now objects to the R&R's finding that Masimo's May 2024 infringement contentions sufficiently disclosed workout mode as contrary to law. Motion at 10. Relatedly, Apple argues that the R&R erred both in reaching and finding that Masimo had good cause to amend its contentions to include "Workout Mode." Id. at 15. Masimo disputes both of these arguments. See generally, Opp'n.

## II.   LEGAL STANDARD

When a district court reviews a non-dispositive decision by a magistrate judge, the applicable standards are whether the order is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a) and C.D. Cal. L.R. 72-2; accord 28 U.S.C. § 636(b)(1)(a); see also United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge's decision in nondispositive matters is entitled to great deference by the district court."). The standard that applies in reviewing a finding of fact is whether there was "clear error" by the magistrate judge; it is not whether the district judge would have made a different determination based on the same evidence. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). A factual finding by a magistrate judge is "clearly erroneous" only when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." United States v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

The determination of legal issues by a magistrate judge is reviewed de novo, under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | February 19, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

the "contrary to law" standard. See China Nat. Metal Products Import/Export Co. v. Apex Digital, Inc., 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001).

III.   DISCUSSION

Here, the Court has two tasks. First, the Court must review the R&R's findings regarding what Masimo actually disclosed in its May Contentions (Docket No. 2028) compared to its July Contentions (Docket No. 2029-1). These are factual findings subject to the "clearly erroneous" standard. See § III, supra. Next, the Court must review the R&R's determination that Masimo's disclosures were sufficient under the N.D. Cal. Patent Local Rules ("LPR") and the applicable authority. This is a legal issue reviewed under the "contrary to law" standard. Id.

   A.   **Review of Factual Findings**

As to the factual issues, the R&R determined that the July Contentions disclosed "new nomenclature to conform to Apple-specific naming conventions." R&R at 19. Though not expressly stated, the R&R determined that at least some of Masimo's disclosure of the Apple Watch ███████████, description of ███████████ during a heart rate measurement, and disclosure of ███████████ amounted to disclosure of workout mode. See id. at 18-19; see also 9/26/24 Sealed Tr., Docket No. 2120 at 3:23-25 (Apple agrees that "this 'workout mode' is also known by other names, such as '███████████' or sometimes referred to by the names of related algorithms, '███████████.'"); id. at 38:10-17 (Judge Early confirms that Masimo equates its "███████████" disclosure with workout mode); 41:20-42:1 (discussing that "workout mode" appears to reference "███████████" algorithms). The R&R did not base its finding solely on screenshots. See id. at 18 (describing "screenshots and other references").

For the following reasons, these findings are not clearly erroneous.

First, the issue here is not use of the word "workout." The parties appear to agree that the May Contentions literally reference "workout mode" only in the cover pleading but not in connection with any claim limitations. They further agree that the variations of the word "workout" appear in some screenshots in the May Contentions in connection with the limitation at issue. See May Contentions, Docket No. 2028 at 66-149. The important question is whether Masimo disclosed enough to put Apple on notice that it was accusing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | February 19, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

the workout mode, regardless of the exact terminology used. Masimo could have sufficiently disclosed workout mode by either naming the mode or by identifying its algorithms. See LPR 3-1(b) (explaining that "[e]ach method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process"). Accordingly, Apple's "scattering" argument is not persuasive to the extent it focuses on the word "workout" and where it appears instead of the substance of the disclosure.

Next, the R&R's implicit finding that, taken together, disclosure of the Apple Watch ▬▬▬ were sufficient to indicate "workout mode" is not clearly erroneous. Though the R&R did not expressly list the relevant disclosures that equate to workout mode, they are apparent from the record. Further, the R&R expressly found that Masimo updated its contentions to include "new nomenclature." R&R at 19. Accordingly, the Court gives "great deference" to the magistrate judge's finding. See Abonce-Barrera, 257 F.3d at 969.

The May Contentions disclosed both the Apple Watch ▬▬▬ in a narrative portion appearing before any technical screenshots. May Contentions, Docket No. 2028 at 66. At the hearing, Apple explained that the ▬▬▬ used by many Apple Watch features including, but not limited to, aspects of workout mode. 9/26/24 Sealed Hr'g Tr., Docket No. 2120 at 71:24-72:16. Apple contends the narrative disclosure is not sufficient because it is not limited to "workout mode." See Reply at 4-5. Masimo explained that Apple technical documents disclose a ▬▬▬ and the word "workout sessions" and that the workout mode is a portion of ▬▬▬." Id. at 39:20-40:6. The Court and Masimo clarified that ▬▬▬ for "workout mode ▬▬▬," "BG heart rate while walking," and "high low heart rate alert ▬▬▬." Id. at 41:9-19. Thus, the parties agree that the ▬▬▬ is not limited to workout mode. Still, the contentions clearly disclose the "workout mode," albeit among other modes. See Docket No. 2028 at 120. Masimo also explained that it focused its July Contentions on "workout mode," as opposed to the other modes. Id. at 41:16-19. Taking all of this together, the R&R's finding that Masimo's disclosed "workout mode," even if it did not use that exact word in the narrative portion of its contentions, is not clearly a mistake.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-00048-JVS-JDE | Date | February 19, 2024 |
| Title | Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc. | | |

Next, to the extent the R&R equated the ▮▮▮ with workout mode, this factual finding is not clearly erroneous. In fact, Apple admitted at the hearing that the "workout mode" is sometimes referred to by the names of the related ▮▮▮. 9/26/24 Sealed Tr., Docket No. 2120 at 3:23-25; see also id. at 6:10-15. The parties agree that the contentions disclose these algorithms in several screenshots, though the algorithm names do not appear in the narrative portion of the contentions.

Accordingly, for the foregoing reasons, the Court lacks a "definite and firm conviction" that the R&R's nomenclature finding was a mistake. <u>Hinkson</u>, 585 F.3d at 1260.

**B.    Review of Legal Findings**

As to the legal issues, the R&R implicitly found Masimo's disclosure of at least some of the ▮▮▮ sufficient under the LPRs and applicable authority. The Court reviews this finding de novo.

The Court agrees that the disclosure of the ▮▮▮ is sufficient. Apple does not dispute that Masimo directly disclosed this in a narrative portion of its claim chart appearing before any screenshots. Rather, Apple disagrees that these features indicate only workout mode. See Reply at 4-5. The Court discussed that issue above. These features necessarily relate to workout mode, among other modes. See § III.A, <u>supra</u>. Masimo sufficiently disclosed the potential modes. <u>Id</u>. Further, Masimo's July Contentions focus on workout mode. <u>Id</u>. Thus, the Court understands the July Contentions to narrow Masimo's disclosed infringement position instead of providing a new theory.

The disclosure of the ▮▮▮ are also sufficient. First, the described ▮▮▮ See Docket No. 2028 at 120. Thus, even though Masimo's contentions are technically dense and span many pages, there is a cohesiveness to the disclosed infringement theory. Docket No. 2028 at 66-149. The references to ▮▮▮ were not merely scattered in screenshots in the contentions without context. They relate to the narrative explaining the ▮▮▮ and provide technical additional detail regarding how the device performs the functionality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SA CV 20-00048-JVS-JDE                           Date   February 19, 2024

Title   Masimo Corp. and Cercacor Labs., Inc., v. Apple Inc.

Moreover, use of screen shots alone does not mean the contentions provide insufficient notice under the LPRs. Rather, the issue is whether the contentions "provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement." Digital Reg of Texas, LLC v. Adobe Sys. Inc., No. CV 12-01971-CW (KAW), 2013 WL 3361241, at *3 (N.D. Cal. July 3, 2013) (citing Shared Memory Graphics LLC v. Apple, Inc., 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010)). Unlike the contentions at issue in Adobe, the contentions here include both a narrative portion and screen shots describing and showing the ▮▮▮▮▮▮▮▮▮▮▮, tying the contentions together. In most of the cases Apple cites, the contentions were struck due a lack of connection tying the claim language to the screenshots and due to other issues, such as lack of clarity regarding who or what is performing the limitations. See, e.g., Fortinet, Inc. v. Forescout Techs., Inc., No. 20CV03343EMCJSC, 2021 WL 1749902, at *3 (N.D. Cal. May 4, 2021). Here, though brief, the narrative describes the infringement theory and the accompanying screenshots of technical documents provide the details needed to understand the theory.

For the foregoing reasons, the Court does not find the R&R's legal findings contrary to law. The May Contentions meet the reasonable notice standard.

### C.  Good Cause and Diligence

Given the above findings, the Court need not address the R&R's findings as to good cause and diligence. Still, it appears that Masimo always argued that the amended contentions merely added details but did not disclose new theories. See 9/26/24 Unsealed Hr'g Tr., Docket No. 2121. That is the threshold question that needs to be resolved here. The Court need only consider the good cause and diligence issues to the extent Masimo amended its contentions to disclose new or different infringement theories. The Court finds Masimo did not disclose new theories.

### IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Apple's Motion.