1  MARK D. SELWYN, SBN 244180
     mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
     thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
     joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  50 California Street, Suite 3600
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10 AMY K. WIGMORE, *pro hac vice*
     amy.wigmore@wilmerhale.com
11 WILMER CUTLER PICKERING
     HALE AND DORR LLP
12 2100 Pennsylvania Ave NW
   Washington, DC 20037
13 Tel.: 202.663.6000 / Fax: 202.663.6363

14 [Counsel appearance continues on next page]
15 *Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br>**APPLE'S SUPPLEMENTAL DAMAGES BRIEF**<br><br>Pre-Trial Conference: Oct. 20, 2025<br>Trial: Nov. 4, 2025 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

1  JOSEPH J. MUELLER, *pro hac vice*
2     joseph.mueller@wilmerhale.com
   SARAH R. FRAZIER, *pro hac vice*
3     sarah.frazier@wilmerhale.com
   WILMER CUTLER PICKERING
4     HALE AND DORR LLP
5  60 State Street
   Boston, MA 02109
6  Tel.: 617.526.6000 / Fax: 617.526.5000
7
8  BRIAN A. ROSENTHAL, *pro hac vice*
      brosenthal@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
10 200 Park Avenue
   New York, NY 10166-0193
11 Tel.: 212.351.2339 / Fax: 212.817.9539
12
   KENNETH G. PARKER, SBN 182911
13 Ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
14 660 Anton Boulevard, Suite 700
15 Costa Mesa, CA 92626
   Tel.: 650.949.3014 / Fax: 949.202.3001
16

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1

FACTUAL BACKGROUND................................................................................... 2

ARGUMENT ............................................................................................................ 3

CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Colibri Heart Valve LLC v. Medtronic CoreValve LLC*,
  2021 WL 7285995 (C.D. Cal. Nov. 16, 2021) .................................................3, 4

*Ericsson, Inc. v. D-Link Systems, Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ........................................................................4

*Finjan, Inc. v. Sophos, Inc.*,
  2016 WL 4702651 (N.D. Cal. Sept. 8, 2016).......................................................4

*MiiCs & Partners, Inc. v. Funai Electric Co.*,
  2017 WL 6268072 (D. Del. Dec. 7, 2017) .........................................................3

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010) .........................................................................3

*Verizon Services Corp. v. Vonage Holdings Corp.*,
  503 F.3d 1295 (Fed. Cir. 2007) .......................................................................4

# INTRODUCTION

The Court's September 3, 2025 Tentative Order Regarding Summary Judgment and Related Motions ("Tentative") ██████████████████████████ ████████████████████████████████████████ ████████████████████████████████ U.S. Patent No. 8,457,703 ("'703 patent"), ████████████████████████████████ █ U.S. Patent No. 10,433,776 ("'776 patent"). Nor have Plaintiffs identified any other disclosed theory of damages that they intend to pursue with respect to the asserted method claims.[1]

While the Court's Tentative █████████████████████ ██████████████████████████████████████████████, Mr. Bergman disclosed no such opinion. Rather, Mr. Bergman provided a single reasonable royalty for alleged infringement of all asserted claims across both the '703 and '776 patents, and there is nothing in Mr. Bergman's report or opinions that provides a way to apportion or otherwise tie Mr. Bergman's reasonable royalty to only the apparatus claims. Allowing Mr. Bergman to present his total reasonable royalty rate as an appropriate rate for only the apparatus claims of the '776 patent would both violate Federal Circuit precedent requiring damages to be tailored to the footprint of the claimed inventions—a principle that several district courts have held bars an expert from assigning precisely the same value to different patents. Having failed to conduct an

---

[1] Following the September 4, 2025 hearing, ████████████████████ ███████, Plaintiffs represented that Masimo would offer any new disclosure of damages for method claims by September 12, 2025. Plaintiffs made no such disclosure. And for good reason—Plaintiffs did not preserve any damages theories with respect to the method claims beyond Mr. Bergman's ████████ reasonable royalty opinions.

apportionment analysis tailored to the apparatus claims, Mr. Bergman's entire damages opinion therefore must be stricken.

## FACTUAL BACKGROUND

Plaintiffs assert claims 1, 2, 5, and 6 of the '703 patent and claims 3, 4, and 9-14 of the '776 patent. All asserted claims of the '703 patent and claims 3, 4, 9, and 10 of the '776 patent are method claims, whereas claims 11-14 of the '776 patent are apparatus claims. The '776 patent expired on June 26, 2022, and the '703 patent will expire on November 15, 2026. The asserted patents are in the same family, but their claims differ in scope. For example, claim 1 of the '703 patent (method claim) teaches a "method of managing power consumption by *adjusting behavior* of a patient monitor" and claim 1 of the '776 patent (method claim) discloses "a method of *operating* a patient monitor," whereas claim 11 of the '776 patent (apparatus claim) requires a patient monitor comprising "one or more *processors*."

On September 3, 2025, the Court issued a tentative ruling that ███████████████████████████████████████████████. Tentative at 17-18; 9/4/2025 Hr'g Tr. 25:20-26:1. The Tentative also ███████████████████████████████████████████████ ███ Tentative at 19-20. Although Plaintiffs challenged several of the Tentative's other rulings during the September 4, 2025 hearing, ████████████████████ ██████████████.

The consequence of the Court's Tentative ███████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████. Mr. Bergman's reasonable royalty opinion for the period from filing through expiration of the '776 patent—i.e., the only period for which Plaintiffs may seek damages that apparatus claims were alive—is $860-$981 million. Dkt. 2552-10

[Bergman Opening] at Schedule 12.1. That number comprises a per-unit royalty rate range for each accused feature—Workout Mode and High/Low Heart Rate Notifications—applied to all U.S. sales of Apple Watch during that timeframe. Dkt. 2552-10 [Bergman Opening] ¶ 13. Mr. Bergman concedes that his royalty rate does not discriminate between asserted patents or asserted claims; he testified ███████████ ███████████████████████████████████████████████. *See* Dkt. 2552-14 [Bergman Dep.] 59:4-16; 86:17-20.

## ARGUMENT

To the extent Plaintiffs intend for Mr. Bergman to present a reasonable royalty opinion for the asserted apparatus claims, they should be barred from doing so.

Mr. Bergman has not disclosed a reasonable royalty limited to the apparatus claims of the '776 patent. Mr. Bergman's royalty calculation did not distinguish between the asserted patents or between the method and apparatus claims; he instead offered a single per-unit royalty calculation that included all asserted claims. Dkt. 2552-10 [Bergman Opening] ¶ 13 n.5. Mr. Bergman's royalty theory thus does not provide any defensible basis on which to apportion his rate to only Plaintiffs' apparatus claims.

Nor should Mr. Bergman be permitted to offer the rate that he opined would appropriately compensate for ***all*** asserted claims of both patents as the royalty rate for ***only*** the apparatus claims of the '776 patent. Allowing him to do so would violate the fundamental principle that "the trial court must carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010). Use of a "composite rate"—a "royalty rate [that] assigns to each accused product the same per-unit royalty regardless of how many patents that product is accused of infringing"—is not "consistent" with this case law. *MiiCs & Partners, Inc. v. Funai Elec. Co.*, 2017 WL 6268072, at *5-6 (D. Del. Dec. 7, 2017) (citing *ResQNet.com*, 594 F.3d at 869); *accord Colibri Heart Valve LLC v.*

*Medtronic CoreValve LLC*, 2021 WL 7285995, at *14-15 (C.D. Cal. Nov. 16, 2021). That is exactly what Mr. Bergman did here. He assigned the same royalty rate to each unit for each accused feature, regardless of whether it is found to infringe one or both patents (or the narrower universe of the apparatus claims of the '776 patent alone). Dkt. 2552-14 [Bergman Dep.] at 59:4-16.

*Colibri* is instructive. There, the patentee's damages expert offered a single royalty rate for two asserted patents in the same family, "wherein one patent covers the accused products themselves ('739 patent) and the other patent covers methods for using those products ('294 patent)." 2021 WL 7285995, at *14. The court granted summary judgment of non-infringement with respect to the '294 patent covering method claims. *Id.* at *15. With the method claims excluded, the court then excluded the patentee's expert's damages opinion finding that it "d[id] *not* meet" the legal requirement that "'the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more.'" *Id.* (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)); *accord Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) (explaining that "normal rule" is to require new trial if verdict combines royalties "without breaking down the damages attributable to each patent" and patent is later dropped); *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4702651, at *2 (N.D. Cal. Sept. 8, 2016) (excluding damages opinion where expert "has not sufficiently apportioned the value of the various [accused features] to each patent to calculate a per-patent royalty without double-counting the [accused features'] value"). So too here, the Court's Tentative ███████████████████████████████████████████████████████████████████. Mr. Bergman should not now be permitted to tell the jury that the royalty he previously opined is appropriate to compensate for infringement of **all asserted claims** is also appropriate compensation for just the apparatus claims of the '776 patent alone.

## CONCLUSION

Apple respectfully requests that the Court strike Mr. Bergman's entire ███ damages opinion.

Dated: September 15, 2025

Respectfully submitted,

By: /s/ *Mark D. Selwyn*
    Mark D. Selwyn

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
 HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., Certifies that this brief contains 1,315 words, which [choose one]:

<u>X</u>  complies with the word limit of L.R. 11-6.1.

___  complies with the word limit set by court order dated [date].

Dated: <u>September 15, 2025</u>             Respectfully submitted,

By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
 HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

*Attorneys for Defendant Apple Inc.*