1   MARK D. SELWYN, SBN 244180
      mark.selwyn@wilmerhale.com
2   THOMAS G. SPRANKLING, SBN 294831
    thomas.sprankling@wilmerhale.com
3   WILMER CUTLER PICKERING
      HALE AND DORR LLP
4   2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
5   Tel.: 650.858.6000 / Fax: 650.858.6100

6   JOSHUA H. LERNER, SBN 220755
      joshua.lerner@wilmerhale.com
7   WILMER CUTLER PICKERING
      HALE AND DORR LLP
8   50 California Street, Suite 3600
    San Francisco, CA 94111
9   Tel.: 628.235.1000 / Fax: 628.235.1001

10  AMY K. WIGMORE, *pro hac vice*
    amy.wigmore@wilmerhale.com
11  WILMER CUTLER PICKERING
      HALE AND DORR LLP
12  2100 Pennsylvania Ave NW
    Washington, DC 20037
13  Tel.: 202.663.6000 / Fax: 202.663.6363

14  [Counsel appearance continues on next page]

15  *Attorneys for Defendant Apple Inc.*

16          **UNITED STATES DISTRICT COURT**
17   **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| 18  MASIMO CORPORATION, a Delaware corporation; and 19  CERCACOR LABORATORIES, INC., a Delaware corporation, 20 | CASE NO. 8:20-cv-00048-JVS (JDEx) **APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO CONFIRM THAT THE PRIOR MOTIONS *IN LIMINE* RULINGS APPLY** |
| 21          Plaintiffs, 22   v. 23  APPLE INC., a California corporation, 24          Defendant. | Date: Oct. 20, 2025 Time: 11:00 am Pretrial Conference: Oct. 20, 2025 Trial: Nov. 4, 2025 |

27          REDACTED VERSION OF DOCUMENT
28   PROPOSED TO BE FILED UNDER SEAL

1
2
JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

3
4
5
6
7
BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

8
9
10
11
KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 1

I.  REFERENCES TO THE EXISTENCE OR OUTCOMES OF—OR ARGUMENT
    FROM—OTHER LITIGATION AND ADMINISTRATIVE PROCEEDINGS SHOULD
    BE EXCLUDED ........................................................................................... 2

    A.  As This Court Has Recognized, References to Other Proceedings Are
        Barred By FRE 401/402 ................................................................. 3

    B.  As This Court Has Recognized, FRE 403 Bars References To Other
        Proceedings .................................................................................... 6

    C.  As This Court Has Recognized, FRE 802 Bars References To Other
        Proceedings .................................................................................... 8

II. REFERENCES TO IRRELEVANT ASPECTS OF APPLE'S OPERATIONS SHOULD
    BE EXCLUDED ........................................................................................... 9

    A.  Statements Or Evidence About Apple's Foreign Operations Should
        Again Be Excluded ......................................................................... 9

    B.  Statements Or Evidence About Apple's Size And Overall Financial
        Resources Are Irrelevant And Prejudicial And Should Be Excluded ..... 10

III. THIS COURT SHOULD BAR EVIDENCE OR ARGUMENT REGARDING CASE
     NARROWING DECISIONS ........................................................................... 12

IV.  THE PARTIES AGREE THAT THE PRIOR ORDERS EXCLUDING IRRELEVANT
     STATEMENTS ATTRIBUTED TO APPLE EMPLOYEES SHOULD BE REENTERED ...... 13

CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Technical Ceramics Corp. v. Presidio Components, Inc.*,
2019 WL 2330855 (E.D.N.Y. May 31, 2019)...........................................................8

*Apple Inc. v. Masimo Corp.*,
2022 WL 1093204 (P.T.A.B. Apr. 11, 2022)...........................................................4

*Apple Inc. v. Masimo Corp.*,
2022 WL 1177317 (P.T.A.B. Apr. 19, 2022)...........................................................4

*AVM Techs. LLC v. Intel Corp.*,
2017 WL 2938191 (D. Del. Apr. 19, 2017) ...................................................12, 13

*CardiAQ Valve Techs., Inc. v. Neovasc Inc.*,
2016 WL 8203206 (D. Mass. Apr. 25, 2016) .........................................................12

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
2015 WL 4129193 (N.D. Cal. July 8, 2015) ...........................................................11

*Georgia–Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) ......................................................................11

*Golden Bridge Tech. v. Apple Inc.*,
2014 WL 4057187 (N.D. Cal. June 1, 2014) .........................................................12

*Grace v. Apple Inc.*,
2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ...........................................3, 5, 6, 7

*Igenico, Inc. v. IOENGINE, LLC*,
136 F.4th 1354  (Fed. Cir. 2025)............................................................................4

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
2014 WL 8104167 (D. Del. Sept. 19, 2014) ......................................................6, 7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) .................................................................................11

*Lucent Techs., Inc. v. Gateway, Inc.*,

Wilmer Cutler
Pickering Hale
and Dorr LLP

580 F.3d 1301 (Fed. Cir. 2009) ........................................................................... 10

*Maxell, Ltd. v. Apple Inc.*,
2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) .........................................2, 9, 11

*Mobile Telecomms. Techs., LLC v. ZTE (USA) Inc.*,
2016 WL 8260584 (E.D. Tex. July 22, 2016)..................................................... 13

*Multimedia Pat. Tr. v. Apple Inc.*,
2012 WL 12868264 (S.D. Cal. Nov. 20, 2012) .................................................. 12

*Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*,
2009 WL 3754170 (D.N.J. Nov. 5, 2009)............................................................. 3

*Ohio House LLC v. City of Costa Mesa*,
2022 WL 2189541 (C.D. Cal. Mar. 28, 2022) ......................................2, 3, 6, 9

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ............................................ 10, 11

*Pinn, Inc. v. Apple Inc.*,
2021 WL 4777134 (C.D. Cal. July 14, 2021) ....................................................... 9

*Pinn, Inc. v. Apple Inc.*,
2022 WL 17224669 (C.D. Cal. Oct. 24, 2022) .................................................. 12

*R2 Sols. LLC v. Databricks, Inc.*,
2025 WL 1668215 (E.D. Tex. June 12, 2025) .................................................... 11

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
2017 WL 11517123 (E.D. Tex. Mar. 2, 2017)................................................... 13

*SPEX Techs., Inc. v. W. Digital Corp.*,
2024 WL 5379305 (C.D. Cal. Oct. 7, 2024) .........................................2, 5, 6, 7

*United States v. Plascencia-Orozco*,
852 F.3d 910 (9th Cir. 2017)............................................................................... 1

*United States v. Sine*,
493 F.3d 1021 (9th Cir. 2007) ...................................................................7, 8, 9

*United States v. Torres*,
    794 F.3d 1053 (9th Cir. 2015) ................................................................ 2

*Vaporstream, Inc. v. Snap Inc.*,
    2020 WL 978731 (C.D. Cal. Feb. 28, 2020) ........................................... 7

**STATUTES AND RULES**

35 U.S.C. § 271 ...................................................................................... 9

Fed. R. Evid. 401 .................................................................................. 2

Fed. R. Evid. 402 ........................................................ 1, 2, 3, 5, 7, 8, 12

Fed. R. Evid. 403 .................................................................................. 2

Fed. R. Evid. 802 .................................................................................. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

During the two trade secret trials in this matter, the Court issued motion *in limine* rulings that barred Plaintiffs from relying on evidence or testimony regarding a wide range of irrelevant, unfairly prejudicial, and/or confusing arguments. *See* Dkt. 1439 at 1-5 (rulings for April 2023 trial); Dkt. 2227 at 1-3 (denying Plaintiffs' 2024 motion to vacate 2023 MIL rulings).[1]  The upcoming trial will concern a narrower set of issues than the trade secret trials—whether two Apple Watch features infringe claims in a patent directed to a low-power "patient monitor."[2]  Plaintiffs, however, have declined to agree that several of this Court's prior MIL rulings will continue to apply in full, including (1) excluding references to other litigation and administrative proceedings and (2) excluding references to Apple's foreign operations and overall size/finances. *See* Dkt. 1439 at 1-5; *see also* Ex. A at 7-8.  And—although Plaintiffs have apparently changed their position at 6:30pm on the evening that this brief was due—Plaintiffs long declined to agree to a limit that they originally proposed prior to the April 2023 trial, which would bar evidence or arguments regarding either side's case narrowing decisions. *See* Dkt. 1297-2 at 6; *see also* Ex. A at 1-2.  Apple accordingly requests that this Court re-enter its prior motion *in limine* rulings and preclude evidence or argument regarding case-narrowing decisions.[3]

# ARGUMENT

Under FRE 402, "all 'relevant evidence is admissible unless' some controlling law provides otherwise; conversely, 'irrelevant evidence is not admissible.'"  *United*

---

[1] Emphasis added and internal quotation marks and citations omitted unless noted.

[2] At 3:30pm on the day this brief was due, Plaintiffs informed Apple that Plaintiffs will only present claims 11-14 of U.S. Patent 10,433,776 at trial.  In other words, Plaintiffs have dropped any claims of infringement of U.S. Patent No. 8,457,703.

[3] The parties have reached agreement that some of the prior MIL rulings will continue to apply. *See, e.g.*, Dkt. 1439 at 4-5 (granting motion at Dkt. 1317); *infra* p. 13.  To minimize the number of filings, Apple has memorialized the parties' agreement in this motion, rather than filing a separate list of agreed-upon MILs as was discussed at an earlier hearing.

1    *States v. Plascencia-Orozco*, 852 F.3d 910, 924 (9th Cir. 2017) (quoting FRE 402).

2    "Evidence is relevant if it has any tendency to make a fact more or less probable than it

3    would be without the evidence; and the fact is of consequence in determining the action."

4    *Id.* (quoting FRE 401) (alterations omitted).  Even relevant evidence should be excluded

5    "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair

6    prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time,"

7    Fed. R. Evid. 403.

8         Hearsay evidence is also inadmissible, unless a federal statute, a provision of the

9    Federal Rules of Evidence, or another rule promulgated by the Supreme Court provides

10    otherwise.  Fed. R. Evid. 802.  Therefore, "[a]s a general rule, a party is prohibited from

11    introducing a statement made by an out-of-court declarant when it is offered at trial to

12    prove the truth of the matter asserted."  *United States v. Torres*, 794 F.3d 1053, 1059

13    (9th Cir. 2015).

14    **I.    REFERENCES TO THE EXISTENCE OR OUTCOMES OF—OR ARGUMENT**

15    **FROM—OTHER LITIGATION AND ADMINISTRATIVE PROCEEDINGS SHOULD BE**

16    **EXCLUDED**

17         This Court has now twice excluded references to other litigation and proceedings

18    from trials in this matter, holding that such references would be irrelevant, risk injecting

19    unfair prejudice and jury confusion, and may constitute inadmissible hearsay.  Dkt. 1439

20    at 1-2 (granting Apple's motion *in limine* to exclude references to other litigation and

21    proceedings); Dkt. 2227 at 1-3 (declining to vacate prior motion *in limine* rulings).  That

22    approach is consistent with the routine practice of this and other courts to preclude

23    evidence of other litigations and administrative proceedings under FRE 401/402, FRE

24    403, and FRE 801/802.  *See, e.g.*, *SPEX Techs., Inc. v. W. Digital Corp.*, 2024 WL

25    5379305, at *1 (C.D. Cal. Oct. 7, 2024) (Selna, J.) ("[E]vidence, rulings, and

26    dispositions of other cases will shed little, if any, probative value"); *Ohio House LLC v.

27    City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (Selna, J.)

28    (excluding "evidence of prior litigation" under FRE 401, 801, and 403); *see also, e.g.*,

*Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at \*6-7 (E.D. Tex. Feb. 26, 2021); *Grace v. Apple Inc.*, 2020 WL 227404, at \*1-2 (N.D. Cal. Jan. 15, 2020); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at \*9 (D.N.J. Nov. 5, 2009).  The Court should continue to follow this basic approach for the upcoming patent infringement trial—the parties should be precluded from referring to or presenting any evidence or argument regarding other litigations or collateral administrative proceedings.[4]

### A.    As This Court Has Recognized, References to Other Proceedings Are Barred By FRE 401/402

Any prior ruling from another case would be irrelevant within the meaning of FRE 401/402, as it "will shed no light on any issue in this case."  *Ohio House*, 2022 WL 2189541, at \*2.  The outcome of another case does not make it any more or less likely that the asserted claims are valid, that the accused Apple Watch features infringe those claims, or that Plaintiffs are entitled to damages.  This is particularly true with regard to Plaintiffs' prior intellectual property litigation against other companies, which Plaintiffs previously tried to introduce as part of the (also irrelevant) corporate history they tell jurors to add sheen to their intellectual property claims.  *See, e.g.*, Dkt. 1362 [Opp. to 2023 MIL 1] at 5-11 ("***As other courts*** have recognized, … Masimo's technology was the gold standard in the industry….").[5]

The same basic analysis applies for arguments offered in other proceedings.  That Apple—or anyone else—may have made a particular argument in another proceeding

---

[4] Apple does not challenge this Court's prior ruling that "any testimony from a prior case that is used for proper purposes (e.g., impeachment)" is not covered, so long as "the testimony [is generically] described as 'sworn testimony given in a prior proceeding' or similarly."  Dkt. 1439 at 2.

[5] Cases in this category include *Mallinckrodt, Inc. v. Masimo Corp.*, No. 00-cv-6506 (C.D. Cal. July 14, 2004), *affirmed in part* 147 F. App'x 158 (Fed. Cir. 2005); *Nellcor Puritan Bennett, Inc. v. Masimo Corp.*, No. 5:03-cv-603; *Masimo Corp. v. Philips Elec. N. Am. Corp.*, No. 09-cv-80 (D. Del. Oct. 17, 2014); *Masimo Corp. v. True Wearables*, No. 18-cv-2001 (C.D. Cal. Apr. 28, 2021), *aff'd*, 2022 WL 205485 (Fed. Cir. Jan. 24, 2022), and other cases related and consolidated thereto.

---

says nothing about Apple's position in this case, absent some kind of estoppel or preclusion argument. The only such argument that Plaintiffs have identified is IPR estoppel—apparently on the theory that Apple could have presented certain product prior art theories in front of the agency. *See, e.g.*, Dkt. 2523-2 ("Madisetti Opening") ¶¶ 364-392; Ex. B [Pls. Suppl. Resp. to Interrog. No. 19] at 31-34; Dkt. 2552-8 [Madisetti Rebuttal] § IX. But Plaintiffs did not raise an IPR estoppel argument by the law and motion deadline, *see* Dkt. 25332 at 1-11 (Plaintiffs summary judgment brief); Dkt. 2527-1 at 1-20 (Plaintiffs' motion to strike); Dkt. 2521-1 at 1-21 (Plaintiffs' *Daubert* motion), presumably because the Federal Circuit recently issued an opinion squarely rejecting a nearly identical argument, *see Igenico, Inc. v. IOENGINE, LLC*, 136 F.4th 1354,1364-1367 (Fed. Cir. 2025) ("IPR estoppel does not preclude a petitioner from asserting that a claimed invention was known or used by others, on sale, or in public use in district court.").

On the morning this motion *in limine* was due, Plaintiffs conceded that this Court's prior ruling barring references to other proceedings should continue to apply with three exceptions: The IPRs that Apple filed with the Patent Trial and Appeal Board, Masimo's complaint filed with the International Trade Commission, and the "Customs proceedings," Ex. A at 2, a term that they have declined to concretely define but that appears to encompass any case with a connection to a recent decision of U.S. Customs and Border Protection ("CBP") permitting Apple to import a redesigned Apple Watch.

The IPR proceedings are irrelevant because—as Plaintiffs conceded during the meet and confer process—they involved different prior art from what Apple will advance in this trial. *Compare* Madisetti Opening ¶ 366 (addressing Apple's product prior art theories), *with Apple Inc. v. Masimo Corp.*, 2022 WL 1093204, at *3 (P.T.A.B. Apr. 11, 2022) (listing the four patents Apple relied upon as prior art in the '703 patent IPR proceedings) *and Apple Inc. v. Masimo Corp.*, 2022 WL 1177317, at *3 (P.T.A.B. Apr. 19, 2022) (listing the three patents Apple relied upon as prior art in the '776 patent prior art proceedings). Another adjudicator's decision to uphold the asserted patents'

1   validity in the face of **publication** prior art does not make it any more or less likely that
2   the asserted claims were obvious in light of the **product-centered** prior art combinations
3   that Apple will present at trial—or that Apple lacks a good-faith belief in its current
4   invalidity and noninfringement defenses against Plaintiffs' claims. *See, e.g.*, *W. Digital*,
5   2024 WL 5379305, at *1 (excluding "the results of the PTAB proceedings" as
6   irrelevant); *see also Grace*, 2020 WL 227404, at *2 (finding evidence of prior
7   litigation—including IPRs—is at most marginally relevant "background information"
8   excludable under FRE 403).

9       Plaintiffs' asserted basis for the relevance of proceedings related to the ITC and
10  CBP—that they purportedly "show that Apple itself views the Apple Watch as a patient
11  monitor that is used by … many patients," Ex. A at 5-6—is equally unfounded.
12  Plaintiffs' infringement expert, Dr. Vijay Madisetti, has cited "public interest
13  statements" that were submitted to the ITC proceeding by people who are not Apple
14  employees that use the word "patients." *See* Dkt. 2523-3 [Madisetti Reply] ¶¶ 265-269;
15  Dkt. 2552-17 at 5. But the cited public interest statements' use of the word "patient" is
16  not probative of " ███████████████████████████████████
17  ███████████████████████████████████████████ because none of the
18  documents identifies any specific use of the accused Workout and High/Low Heart Rate
19  Notification features in the United States. (Moreover, if any public interest statement
20  did so, it would constitute inadmissible hearsay, independently excludable under FRE
21  802, *see infra* pp. 8-9.) Nor are these statements by independent persons probative of
22  whether "Apple itself views Apple Watch as a patient monitor," Ex. A at 5-6—the
23  statements neither describe Apple Watch as a "patient monitor," *see* Dkt. 2588 at 3-13,
24  nor are attributable to Apple. As to the "Customs proceedings," Plaintiffs have not

25
26
27
28

defined the precise metes-and-bounds of what that term includes or explained why some element of those proceedings show Apple Watch is a "patient monitor."[6]

### B.    As This Court Has Recognized, FRE 403 Bars References To Other Proceedings

As this Court has previously explained, "references to other litigations risks danger of unfair prejudice, confusion of the issues, and misleading the jury," because the arguments would be totally disconnected from the factual and legal context in which they were originally made.  Dkt. 1439 at 1-2.  More broadly, admitting "evidence and testimony concerning" collateral or related litigation and administrative proceedings concerning the technologies at issue in this case like the IPRs, the ITC proceeding, and proceedings related to CBP are also "likely to give rise to time-consuming tangents about the merits of those [proceedings] … particularly … in light of the fact that the procedural history of [those proceedings], … is complex and long-running," *Grace*, 2020 WL 227404, at *3 (discussing IPR proceedings); *see also Interdigital Commc'ns Inc. v. Nokia Corp.*, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) (excluding IPR denial because "the probative value is greatly outweighed by the expenditure of time that would be required to give the jury the full context necessary to fairly evaluate the evidence").[7]  The same is true with Plaintiffs' intellectual property litigations against other companies, including Nellcor, Philips, and True Wearables. *See supra* n.5.  As this Court has explained in another matter, "[t]o show that prior litigants have lost[] says

---

[6] If the public interest statements were admitted over the FRE 402, 403, and 802 objections, the Court should require their redaction to remove any reference to the ITC proceedings or other litigation.  The Court has repeatedly precluded reference to the fact that evidence was presented in a different forum.  *See, e.g.*, Dkt. 1439 at 2 (regarding use of "testimony from a prior case"); *W. Digital Corp.*, 2024 WL 5379305, at *1 (same).

[7] Cases and proceedings in this category include the trade secret trials in this case, *Apple Inc. v. Masimo Corp.*, No. 22-cv-1378 (D. Del. 2022); *Certain Light-Based Physiological Measurement Devices And Components Thereof*, Inv. No. 337-TA-1276, USITC (Jan. 10, 2023); *Apple Inc. v. ITC*, No. 24-1285 (Fed. Cir. argued July 7, 2025); the IPR proceedings between the parties, section 177 proceedings before U.S. Customs and Border Protection concerning importation of Apple Watch; and *Masimo Corp. v. U.S. Customs and Border Protection*, No. 1:35-cv-2749 (D.D.C. Aug. 20, 2025).

---

1   nothing about the merits of this case[] and would clearly be prejudicial with no

2   counterbalancing probity." *Ohio House*, 2022 WL 2189541, at *2 (excluding references

3   to seven related litigations involving the defendant under, *inter alia*, FRE 403).

4   Accordingly, litigation involving any of the parties and issues at all related to this case

5   should still be excluded as irrelevant, unfairly prejudicial, and distracting to the jury.

6         Indeed, the Ninth Circuit has warned against allowing jurors to learn about the

7   results of prior cases because "jurors are likely to defer to findings and determinations ...

8   made by an authoritative, professional factfinder rather than determine those issues for

9   themselves," so "such evidence should [generally] be excluded under Rule 403." *United*

10  *States v. Sine*, 493 F.3d 1021, 1033-1034 (9th Cir. 2007).  Any references to the *True*

11  *Wearables* litigation, for example, would be extremely prejudicial because *True*

12  *Wearables* was tried before this Court in a bench trial; Plaintiffs' references to its

13  outcome or findings would inappropriately lend the Court's credibility to Plaintiffs,

14  because they would be offering the Court's prior findings and rulings for their truth.

15  This would "impart[] to the [Plaintiffs'] case" the Court's "prestige, dignity, and

16  authority … by the judge's appearance on its behalf." *Sine*, 493 F.3d at 1034 (quotation

17  marks omitted); *see also id.* at 1033-1034 ("'The judge presiding at the trial may not

18  testify in that trial as a witness.'" (quoting Fed. R. Evid. 605)).[8]

19        Similarly, any reference to the prior IPR proceedings would encourage the jury to

20  defer to the Patent Office's ruling, even though the Patent Office was undisputedly

21  considering different prior art.  Courts routinely preclude references to IPRs under FRE

22  403 to avoid undue prejudice, confusion, and expenditure of jury time.  *See, e.g.*, *W.*

23  *Digital*, 2024 WL 5379305, at *1 (excluding references to PTAB proceedings under

24  FRE 402 and FRE 403); *Interdigital Commc'ns*, 2014 WL 8104167, at *1 (excluding

25  references to IPR denial of institution under FRE 403); *Grace*, 2020 WL 227404, at *2

---

[8] Apple is moving separately to bar certain evidence presented in the 2023 and 2024 trade secret trials under FRE 402 and FRE 403, including evidence of Apple's hiring of former Masimo/Cercacor employees.

(excluding evidence of IPRs under FRE 403); *Vaporstream, Inc. v. Snap Inc.*, 2020 WL 978731, at *7 (C.D. Cal. Feb. 28, 2020) (excluding evidence or arguments relating to IPR review under FRE 403 "due [to] the danger of jury confusion and wasting of time"); *Am. Tech. Ceramics Corp. v. Presidio Components*, *Inc.*, 2019 WL 2330855, at *4-5 (E.D.N.Y. May 31, 2019) (precluding under FRE 403 references to "decisions rendered by the PTAB in the IPR related to the patents-in-suit").

Plaintiffs' apparent intent to rely on the proceedings before and involving CBP pose a particularly high risk of unfairly prejudicing Apple, because Plaintiffs have signaled they may use such references to inject inaccurate and irrelevant political issues into intellectual property litigation concerning Apple. Specifically, in Masimo's recent complaint filed in the U.S. District Court for the District of Columbia regarding the decision of CBP to permit the importation of certain Apple Watch models with redesigned Blood Oxygen functionality, Masimo speculated that the administrative decision at issue was supposedly related to Apple having "announced a series of substantial investments in the United States." Complaint, *Masimo Corp. v. Customs and Border Protection*, No. 1:25-cv-2749 (D.D.C. Aug. 20, 2025) Dkt. 1 ¶ 59. Such insinuations that Apple has received favorable treatment from the federal government have no place in the upcoming trial and should be excluded under FRE 402 and FRE 403. *See* Dkt. 1439 at 5 (this Court noting that testimony regarding a company's purported political views is "generally irrelevant").[9]

## C.    As This Court Has Recognized, FRE 802 Bars References To Other Proceedings

At minimum, any evidence regarding "prior rulings" of other cases "would be hearsay" and inadmissible under FRE 802. Dkt. 1439 at 2; *see also Sine*, 493 F.3d at

---

[9] Apple previously moved *in limine* to exclude evidence or testimony about political positions attributed to Apple or its leadership. *See* Dkt. 1317 at 7-8. While the Court recognized that "such testimony is generally irrelevant," it could not "complete its Rule 403 analysis" without specific examples of such evidence and invited Apple to "renew this portion of the motion." Dkt. 1439 at 5. Apple reserves its right to do so.

1036 ("A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment,'" and "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay.").  Put slightly differently, "unless [a prior judicial] order comes within" one of the "[t]wo hearsay exceptions in the Federal Rules of Evidence [that] explicitly allow for the admission of judgments"—Rules 803(22) and 803(23), neither of which applies here—"references to the order should not … be[] allowed."  *Sine*, 493 F.3d at 1036; *see also, e.g.*, *Ohio House*, 2022 WL 2189541, at *2.[10]  Here, there is no relevant, non-hearsay purpose for which Plaintiffs could refer to prior litigations and proceedings collateral to this trial.  Accordingly, such evidence and argument should be excluded under FRE 802.

## II.    REFERENCES TO IRRELEVANT ASPECTS OF APPLE'S OPERATIONS SHOULD BE EXCLUDED

### A.    Statements Or Evidence About Apple's Foreign Operations Should Again Be Excluded

On the morning that this motion *in limine* was due, Plaintiffs agreed that—as this Court has now twice determined, *see* Dkt. 1439 at 3, Dkt. 2227 at 1-3—evidence related to Apple's foreign operations is irrelevant to the case and should be excluded, *see* Ex. A.  Plaintiffs made this concession for good reason.  For example, Apple's international corporate structure, including its corporate tax planning, has no connection to Plaintiffs' patent infringement claims, which are (necessarily) focused on conduct in the United States.  *See* 35 U.S.C. § 271(a)-(c).  For the same reasons, the location of Apple's foreign partners, and any negative press reports about their working conditions or labor issues, are not relevant to any issue in this case. Plaintiffs would have no purpose to offer evidence or argument on these topics other than to invite a negative emotional jury response and to distract from the issues germane to their infringement claims.  Other

---

[10] FRE 803(22) involves criminal convictions, and FRE 803(23) is limited to judgments that prove "a matter of personal, family, or general history, or boundaries."

courts have routinely excluded such evidence from patent infringement jury trials. *See, e.g.*, *Pinn, Inc. v. Apple Inc.*, 2021 WL 4777134, at *2-3 (C.D. Cal. July 14, 2021) (precluding argument, evidence, or questions about Apple's foreign operations except for certain relevant product development events and facts about importation); *Maxell*, 2021 WL 3021253, at *9-10 (precluding "references to Apple's foreign operations," including working conditions, to "unfairly prejudice the jury"); *Optis Wireless Technology, LLC v. Apple Inc.*, No. 2:19-cv-66, ECF No. 437 at 241:12-242:5 (E.D. Tex. July 29, 2020) (granting motion to exclude "arguments regarding Apple's foreign operations, including … working conditions or labor issues, and any press on these issues"); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016) (precluding reference to "the location of Apple's suppliers, manufacturers, and press concerning the same, including working condition or labor issues").

**B.      Statements Or Evidence About Apple's Size And Overall Financial Resources Are Irrelevant And Prejudicial And Should Be Excluded**

Plaintiffs should also (and again) be precluded from adducing evidence or making arguments about Apple's size, financial resources, alleged market power, market capitalization, or overall financial performance, including Apple's total revenues and profits. *See* Dkt. 1439 at 3. None of this financial information is relevant to whether the asserted patent is invalid or whether the accused Apple Watch features infringe. And Apple's overall size and financial performance is not relevant to damages, since any reasonable royalty award would depend not on Apple's resources as a whole but rather on factors regarding the purported infringing use of the claimed invention. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323-1339 (Fed. Cir. 2009).

On the morning that this motion *in limine* was due, Plaintiffs agreed that this Court's prior ruling should stand with the exception of the provision barring references to Apple's overall financial resources/revenues—information Plaintiffs contend is relevant "to the hypothetical negotiation between the parties." Ex. A at 6. However, the

1   Federal Circuit has already rejected this generic argument, explaining that "[a]dmission

2   of such overall revenues, which have no demonstrated correlation to the value of the

3   patented feature alone, only serve to make a patentee's proffered damages amount appear

4   modest by comparison, and to artificially inflate the jury's damages calculation beyond

5   that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v.*

6   *Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("revenues earned by the

7   accused infringer associated with a complete product rather than the patented component

8   only" should be excluded).  Despite being informed of the *LaserDynamics* decision

9   during the parties' meet-and-confer, Plaintiffs have failed to identify any specific link

10  between the patented features and Apple's overall revenues or explain how

11  *LaserDynamics* can be distinguished in any way.  *See* Ex. A at 1-2.

12       Notably, even Plaintiffs' damages expert (Mr. Bergman) has not relied on Apple's

13  overall revenues to support his proposed damages calculations.  Dkt. 2551-5 [Bergman

14  Opening Report] ¶¶ 73-85 (discussing Apple background information); *id.* ¶¶ 471-495

15  (discussing revenues attributable to particular products/services).  And for good reason.

16  The factors that courts use to assess the outcome of a hypothetical negotiation over a

17  patent license concern the specific patents, products, and market at issue; none concerns

18  the overall financial resources or size of a party.  *See Georgia–Pacific Corp. v. U.S.*

19  *Plywood Corp.*, 318 F. Supp. 1116, 1119-1120 (S.D.N.Y. 1970).  Indeed, courts

20  routinely exclude documents regarding a party's "financial statements reflecting general

21  expenses or operating costs" as irrelevant to the *Georgia-Pacific* analysis.  *E.g.*, *R2 Sols.*

22  *LLC v. Databricks, Inc.*, 2025 WL 1668215, at *3 (E.D. Tex. June 12, 2025); *see also*

23  *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4129193, at *4 (N.D. Cal. July 8, 2015).

24       In any event, evidence about Apple's overall financial resources would still be

25  inadmissible under FRE 403 because any probative value would be substantially

26  outweighed by the risk of unfair prejudice to Apple, the risk of confusing the jury, and

27  the resulting waste of trial time.  Evidence about, for example, Apple's overall financial

28  performance is regularly excluded from patent infringement trials under FRE 403.  *See,*

Wilmer Cutler
Pickering Hale
and Dorr LLP

*e.g.*, *Maxell*, 2021 WL 3021253, at *6 (precluding reference to "revenues associated with unaccused products and Apple's ability to pay … alleged damages"); *Parthenon*, 2016 WL 7743510, at *2 (granting motion to preclude reference to "Apple's [w]ealth, [p]rofits, [r]evenue, [s]ize, etc.," except profits or revenues concerning the relevant products); *CardiAQ Valve Techs., Inc. v. Neovasc Inc*., 2016 WL 8203206, at *2 (D. Mass. Apr. 25, 2016) (excluding information about defendant's "financial condition" based on "danger that the jury could award damages unduly based on … ability to pay"); *Golden Bridge Tech. v. Apple Inc.*, 2014 WL 4057187, at *2 (N.D. Cal. June 1, 2014) (granting motion to exclude "[a]rgument or [t]estimony [r]egarding Apple's [s]ize, [w]ealth, [m]arket [c]apitalization, [c]ash, [and] [o]verall [r]evenues"); *Multimedia Pat. Tr. v. Apple Inc.*, 2012 WL 12868264, at *6 (S.D. Cal. Nov. 20, 2012) ("[Plaintiff] is precluded from stating or providing evidence showing [Apple's] revenues or profits.").

## III.    THIS COURT SHOULD BAR EVIDENCE OR ARGUMENT REGARDING CASE NARROWING DECISIONS

This Court should also preclude Plaintiffs from referencing in any way Apple's decision to streamline its trial presentation by excluding evidence or arguments related to any defense that Apple may have previously asserted but is not presenting to the jury. Prior to the April 2023 trial—and at Plaintiffs' initial suggestion—the parties agreed that neither side would "offer evidence or argument about" any "strategic decisions to narrow the case." Dkt. 1297-2 at 6 (capitalization and emphasis omitted). Apple has repeatedly proposed renewing this agreement for the forthcoming patent infringement trial; but Plaintiffs have failed to respond until 6:30 pm the evening this brief was filed, when they finally confirmed their agreement. Ex. A at 1-4. Apple submits that this Court should incorporate this agreement into its motion *in limine* ruling.

Specifically, arguments or evidence related to case narrowing decisions made by Apple should be barred under FRE 402 (because they have "'no independent relevance'" to the issues that actually will be tried) and under FRE 403 (because responding to such arguments and evidence will "result in undue delay" and "likely be unfairly

prejudicial"). *Pinn, Inc. v. Apple Inc.*, 2022 WL 17224669, at *4 (C.D. Cal. Oct. 24, 2022) (quoting *AVM Techs. LLC v. Intel Corp.*, 2017 WL 2938191, at *2 (D. Del. Apr. 19, 2017). Put differently, "in the world of patent litigation, where such [narrowing decisions] happen all the time, with the encouragement of the court to reduce the complexity of cases going to trial, such evidence would just invite speculation and sideshows about why lawyers and litigants litigate cases the way they do." *AVM Techs.*, 2017 WL 2938181, at *2; *see also, e.g.*, *Mobile Telecomms. Techs., LLC v. ZTE (USA) Inc.*, 2016 WL 8260584, at *1 (E.D. Tex. July 22, 2016) (barring reference to "any party's election to streamline this litigation … by dismissing or abandoning any claims, cause[s] of action, defenses, or forms of relief"); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 11517123, at *3 (E.D. Tex. Mar. 2, 2017) (excluding references to "prior claims or causes of action [that] … were previously asserted but have been dismissed, abandoned, or dropped).

## IV. THE PARTIES AGREE THAT THE PRIOR ORDERS EXCLUDING IRRELEVANT STATEMENTS ATTRIBUTED TO APPLE EMPLOYEES SHOULD BE REENTERED

Plaintiffs have consented to the Court reentering its orders granting Apple's 2023 motion in limine seeking exclusion of irrelevant statements attributed to Apple employees (and ex-employees), including statements suggesting that Apple employs a strategy of "efficient infringement" and "oft-quoted statements" by Apple's late founder Steve Jobs. Dkt. 1439 at 4-5 (granting in part Apple's motion at Dkt. 1317); Dkt. 2227 at 1-3; Ex. A at 1-2, 6. Such comments are both irrelevant and just as unfairly prejudicial in the upcoming patent infringement trials as they were in the trade secret trials. *See* Dkt. 1439 at 4. Apple therefore respectfully requests that the Court reenter this order with respect to the upcoming patent infringement trial.[11]

---

[11] Apple reserves its right "to renew th[e] portion of [its] motion" to exclude "political positions attributed to Apple or its leadership, media reports unrelated to this litigation, and media speculation about Apple,'" Dkt. 1439 at 5, if the Court declines to preclude Plaintiffs from referencing the proceedings involving CBP's decision to permit importation of a redesigned Apple Watch, *see supra* pp. 5-6.

**CONCLUSION**

Apple respectfully requests that this Court confirm that the prior MIL rulings apply to the November 2025 trial and reinstate the parties' prior agreement regarding case-narrowing decisions.

Dated:  September 22, 2025            Respectfully submitted,


                                     MARK D. SELWYN
                                     AMY K. WIGMORE
                                     JOSHUA H. LERNER
                                     JOSEPH J. MUELLER
                                     SARAH R. FRAZIER
                                     THOMAS G. SPRANKLING
                                     WILMER CUTLER PICKERING HALE AND
                                     DORR LLP

                                     BRIAN A. ROSENTHAL
                                     GIBSON, DUNN & CRUTCHER LLP

                                     KENNETH G. PARKER
                                     HAYNES AND BOONE, LLP



                                     By:  */s/ Mark D. Selwyn*
                                          Mark D. Selwyn


                                     *Attorneys for Defendant Apple Inc.*

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Apple Inc., certifies that this brief contains 4,660 words, which:

 <u>X</u>  complies with the word limit of L.R. 11-6.1.

 ___ complies with the word limit set by court order dated [date].


Dated: <u> September 22, 2025 </u>          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND
DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: <u>*/s/ Mark D. Selwyn*</u>
     Mark D. Selwyn