MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]
*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br>            Plaintiffs, <br><br>    v. <br><br>APPLE INC., a California corporation, <br><br>            Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br>**APPLE'S REPLY MEMORANDUM IN SUPPORT OF ITS SUPPLEMENTAL DAMAGES BRIEF** <br><br>Pre-Trial Conference: Oct. 20, 2025 <br>Trial: Nov. 4, 2025 |

1  JOSEPH J. MUELLER, *pro hac vice*
2    joseph.mueller@wilmerhale.com
   SARAH R. FRAZIER, *pro hac vice*
3    sarah.frazier@wilmerhale.com
   WILMER CUTLER PICKERING
4    HALE AND DORR LLP
5  60 State Street
   Boston, MA 02109
6  Tel.: 617.526.6000 / Fax: 617.526.5000
7
8  BRIAN A. ROSENTHAL, *pro hac vice*
     brosenthal@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
10 200 Park Avenue
   New York, NY 10166-0193
11 Tel.: 212.351.2339 / Fax: 212.817.9539
12
13 KENNETH G. PARKER, SBN 182911
   Ken.parker@haynesboone.com
14 HAYNES AND BOONE, LLP
   660 Anton Boulevard, Suite 700
15 Costa Mesa, CA 92626
16 Tel.: 650.949.3014 / Fax: 949.202.3001

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Opposition confirms they are dropping the '703 patent and the asserted method claims of the '776 patent, leaving just apparatus claims 11-14 of the '776 patent remaining. However, as the Opposition acknowledges, Plaintiffs still intend to offer an opinion from their expert Mr. Bergman that seeks the ***same royalty*** for the four remaining apparatus claims from the '776 patent as Mr. Bergman opined would have been appropriate to compensate for the alleged infringement of all the previously asserted claims from ***both*** the '703 and '776 patents. That is, Plaintiffs intend to seek the same amount for less intellectual property. Such an opinion contravenes Federal Circuit precedent and basic economics and must be precluded.

Plaintiffs wrongly claim (Opp. 1, 4) that Mr. Bergman provided a separate calculation for only the '776 patent. The cited Schedule 12 merely references the timeframe between the complaint through expiration of the '776 patent—*i.e.*, the period in which both the '703 and '776 patents were alive for which Plaintiffs were seeking damages. Dkt. 2552-10 [Bergman Opening] at Schedule 12.1. The schedule calculates a single royalty rate for both patents. Dkt. 2550-5 [Bergman Dep.] at 58:3-8 (Q. "[T]here is a period from January 9th, 2020, through June 26th, 2022. Do you have that in mind? A. Yes. Q. That is the only span of time in which you are ***calculating damages for both patents***; correct? A. Yes." (emphasis added)); *compare* Dkt. 2552-10 at Schedule 11.1 (showing same royalty ranges for both asserted patents as Schedule 12.1 for timeframe).

Now that Plaintiffs have withdrawn the '703 patent, and all method claims of the '776 patent, Plaintiffs cannot reasonably avoid the apportionment requirement simply by claiming that each of the previously asserted claims ***and any subset*** thereof are worth exactly the same amount. *Cf.* Opp. 4. "Any reasonable royalty must seek to measure the value of the patented technology," *VLSI Tech. v. Intel Corp.*, 87 F.4th 1332, 1345 (Fed. Cir. 2023), and it defies logic that one of four remaining asserted claims from one patent has the same value as the twelve that Plaintiffs previously asserted across two patents. Plaintiffs' position that a dozen claims spread across two patents either

Wilmer Cutler Pickering Hale and Dorr LLP

individually or collectively have precisely the same value only makes sense if each and every one of those claims cover precisely the same technology—and if that were the case, the Patent Office would not have granted two separate patents.  *Cf. Finjan, Inc v. Sophos, Inc.*, 2016 WL 4268659, at *4 (N.D. Cal. Aug. 15, 2016) ("If Finjan's patents cover identical technologies, then its later patents cannot be valid as a matter of law.").

Plaintiffs' cited cases do not suggest otherwise (Opp. 5-6) but rather acknowledge that apportionment is the general rule.  The facts here do not justify departure from that rule.  Plaintiffs' attempts (Opp. 6-7) to factually distinguish the law cited in Apple's cases also fail.  *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, 2021 WL 7285995 (C.D. Cal. Nov. 16, 2021), confirms that "a single royalty rate for both patents-in-suit"—as Mr. Bergman has offered—"does not meet the [] legal requirements." *MiiCs & Partners, Inc. v. Funai Elec. Co.*, 2017 WL 6268072 (D. Del. Dec. 7, 2017), teaches that the use of a "composite rate" that assigns "the same per-unit royalty regardless of how many patents that product is accused of infringing" is improper. *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295 (Fed. Cir. 2007), explains that where there is "a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial."

Lastly, Plaintiffs are mistaken (Opp. 7) that simply because the remaining asserted claims are apparatus claims, Mr. Bergman's use of sales as a royalty base necessarily suggests he has tailored his royalty to the footprint of the alleged invention.  The "ultimate ***combination*** of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more."  *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (emphasis added)).  Here, Mr. Bergman has failed to apportion his rate to distinguish between the full universe of asserted claims and only those that remain.

For the reasons discussed above and in Apple's Supplemental Damages Briefing, the Court should strike the rest of Mr. Bergman's damages opinion.

| | |
|---|---|
| Dated: September 24, 2025 | Respectfully submitted, |
| | By: /s/ *Mark D. Selwyn* |
| | Mark D. Selwyn |

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
 HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple Inc., certifies that this brief contains two pages, which [choose one]:

___ complies with the word limit of L.R. 11-6.1.

<u>X</u>  complies with the page limit set by court order dated September 17, 2025.

Dated: <u>September 24, 2025</u>          By:      */s/ Mark D. Selwyn*

                                                             Mark D. Selwyn

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
 HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

*Attorneys for Defendant Apple Inc.*