MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO CONFIRM THAT THE PRIOR MOTIONS *IN LIMINE* RULINGS APPLY** |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I. REFERENCES TO THE EXISTENCE AND OUTCOME OF—OR ARGUMENTS FROM—THE '776 PATENT IPR PROCEEDING SHOULD BE EXCLUDED ............................... 2

    A. The '776 Patent IPR Proceeding Is Irrelevant ........................................... 2

    B. References To The '776 Patent IPR Proceeding Will Be Unfairly Prejudicial And Confusing ................................................................... 5

    C. The '776 IPR Proceeding Is Inadmissible Hearsay ................................. 6

II. REFERENCES TO THE ITC PROCEEDING SHOULD BE EXCLUDED .......................... 6

III. REFERENCES TO THE "CUSTOMS" PROCEEDINGS SHOULD BE EXCLUDED ........... 8

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Masimo Corp.*,
2024 WL 139570 (Fed. Cir. Jan. 12, 2024) ................................................................ 4

*Applied Medical Research Corp. v. United States Surgical Corp.*,
2007 WL 9723321 (C.D. Cal. May 17, 2007) ............................................................ 5

*Beech Aircraft Corp. v. Rainey*,
488 U.S. 153 (1988) ................................................................................................... 6

*Contour IP Holding, LLC v. GoPro, Inc.*,
2021 WL 75666 (N.D. Cal. Jan. 8, 2021) ............................................................... 4, 5

*Finjan, Inc. v. Cisco Sys. Inc.*,
2020 WL 13180008 (N.D. Cal. June 5, 2020) ........................................................ 4, 5

*Intex Recreation Corp. v. Bestway USA Inc.*,
2023 WL 9687197 (C.D. Cal. Nov. 27, 2023) ........................................................... 4

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007) ................................................................................................... 6

*Palantir Techs. Inc. v. Abramowitz*,
639 F. Supp. 3d 981 (N.D. Cal. 2022) ....................................................................... 8

*Strategic Partners, Inc. v. Figs, Inc.*,
2022 WL 18399950 (C.D. Cal. Sept. 26, 2022) ......................................................... 8

*Wonderland NurseryGoods Co. v. Thorley Indus.*,
2014 WL 695549 (W.D. Pa. Feb. 24, 2014) .............................................................. 6

**Docketed Cases**

*Apple v. ITC*,
No. 2024-1285 (Fed. Cir.) .......................................................................................... 7

## INTRODUCTION

Starting in late August, Apple repeatedly tried to get Masimo's position on whether the motion *in limine* rulings from the trade secret trials apply to the upcoming patent trial. *See* Ex. C (Apple August 29, 2025 email). Masimo waited until the date Apple's brief was due—and, for one issue, less than six hours before midnight—before Masimo agreed that nearly every aspect of the prior MIL rulings should remain in effect. *See generally* Ex. A at 1-2. Masimo's opposition now makes a further concession, agreeing that it will not present evidence or arguments regarding Apple's overall finances at trial.[1] Accordingly, whether this Court expressly grants Apple's motion *in limine* on these points or deems Apple's motion moot, the result is the same—this Court's motion *in limine* rulings from the two prior trials (including the parties' agreement barring references to case narrowing) should stand.

The only dispute that now remains is whether the prohibition on references to other litigation and administrative proceedings should include a carveout for three sets of proceedings: (1) Apple's IPR challenge to the '776 patent,[2] (2) the ITC investigation regarding Apple Watch's Blood Oxygen feature, and (3) Customs and Border Patrol administrative proceedings initiated by Apple related to the same Blood Oxygen feature. *Compare* Mot. 2-9 *with* Opp. 2-9. As Masimo concedes, however, it is "generally true" that courts often exclude references to other proceedings that are "irrelevant and prejudicial." Opp. 2. Apple respectfully submits that—as in 2023 and 2024—this Court

---

[1] Masimo's suggestion (at 9-10) that Apple "did not specify the [financial] information it sought to exclude" during the meet-and-confer process is incorrect. Apple sought to exclude precisely the same arguments/evidence that were excluded in the two prior trials. *E.g.*, Ex. C at 1 ; Ex. A at 1-2.

[2] Masimo does not dispute that the '703 patent IPR proceeding is irrelevant—presumably because Masimo has dropped its claims from that patent in light of this Court's case narrowing order. *Cf.* Opp. 1 (requesting permission to discuss "the IPR proceeding ***for the asserted patent***" (i.e., the '776 patent) (emphasis added)).

should apply that "general[]" rule to this case and preclude either party from raising arguments about other proceedings unless the other side opens the door.[3]

## ARGUMENT

### I. REFERENCES TO THE EXISTENCE AND OUTCOME OF—OR ARGUMENTS FROM—THE '776 PATENT IPR PROCEEDING SHOULD BE EXCLUDED

#### A. The '776 Patent IPR Proceeding Is Irrelevant

References to the existence or outcome of (or arguments from) the '776 patent IPR proceeding is irrelevant to this case because (1) Apple's invalidity case does not rely on any of the prior art advanced in that proceeding and (2) Masimo has dropped its IPR estoppel argument in light of Federal Circuit precedent that forecloses it. Mot. 4-5. Masimo does not directly engage with these points, and the arguments that Masimo does make are meritless.

*First*, Masimo wrongly contends the IPR proceeding is relevant because the opening report of Apple's invalidity expert (Dr. Warren) briefly references the prior art that was at-issue in the IPR when discussing the general state of the art. Opp. 2-3. Masimo's suggestion (at 3) that Dr. Warren is relying on those patents "to fill in claim elements that he admits are missing from his primary references" is doubly inaccurate. As of September 29, 2025, Apple has dropped its prior art combinations that rely on the "state of the art" consistent with this Court's case-narrowing deadlines. *See* Ex. D (Apple September 29, 2025 email) at 1. And regardless, Dr. Warren cited the three specific patents Masimo relies on only to buttress his opinion regarding skilled artisans' familiarity with basic concepts of electrical engineering. His invalidity analysis does not rely on those patents to satisfy any specific, disputed claim limitation. *See* Dkt. 2548-7 ("Warren Opening") ¶ 230 (quoting statement from '729 patent that two other patents, not involved in the IPRs, "described" how power-management techniques from

---

[3] As Apple has explained, Masimo seems to be poised to open the door to evidence of the company's litigation against its former CEO, Joe Kiani, by putting Mr. Kiani's name, credibility, and reputation at issue. *See generally* Dkt. 2704.

implantable sensors can be used in portable external monitors); *id.* ¶ 290 (including '882 patent in a string cite to establish that the signal-to-noise ratio of a photodetector should be maximized); *id.* ¶ 298 (including '008 patent in a string cite to establish that it is "desirable in battery-powered … devices to reduce power consumption"). In any event, Apple confirms that it will not rely at trial on these three patents for any purpose.

***Second***, Masimo erroneously asserts (at 3) that the '776 patent IPR must be relevant because Dr. Warren and Apple's infringement expert (Dr. Mercier) reference IPR proceedings in their reports. But simply because the experts mentioned the existence of past IPR proceedings in the context of, for example, providing the Court with a high-level summary of the patents, Dkt. 2548-7 ¶¶84-86, 88-89, 92, 101, 139, and identifying certain issues that Masimo had not previously disputed (e.g., the definition and knowledge of a POSITA), Dkt. 2548-7 ¶¶ 139, 193, 205, 213, 232, 282, does not establish that the IPR is relevant for any specific issue facing the jury. Indeed, many of the cited passages from Dr. Mercier's report address claim construction questions, which by their nature cannot be resolved by a jury. *See* Dkt. 2548-5 ¶¶ 467, 471, 484, 585, 654, 658 (meaning of "processing characteristics"). Others involve the IPR proceeding for the '703 patent, *id.* ¶¶ 329, 405, 409, 441, 537, 557, 629, 659, 663, 682, which even Masimo is not seeking to bring into this litigation, *supra* n. 2.[4]

***Third***, Masimo wrongly argues (at 3-5) that the Patent Office's "ruling against Apple" in the IPR is relevant to willfulness because it could show Apple lacked a good-faith belief in the patent's invalidity in the two months between April 2022 (when the Board's decision issued) and June 26, 2022 (when the patent expired). This argument is a non-sequitur, as the Board's ruling was not definitive—Apple promptly ***appealed*** the Patent Office's decision and that appeal was not resolved until long after the patent

---

[4] Masimo's citations also include significant double-counting. For example, Masimo cites paragraphs from the section of Dr. Mercier's report that adopted verbatim Dr. Warren's "Summary of the Asserted Patents." *See* Dkt. 2548-5 ¶ 73. And most of the cited paragraphs in Warren's reply report either summarize positions taken in Dr. Warren's opening report, *see* Dkt. 2548-9 ¶¶ 19, 21, 23, 25, 34, 74, or are footnotes that make the same point, *id.* ¶¶ 185 n.20, 254, n.26, 302 n.28.

expired. *See Apple Inc. v. Masimo Corp.*, 2024 WL 139570 (Fed. Cir. Jan. 12, 2024). If anything, that the Patent Office instituted IPR proceedings in the first place supports Apple's good-faith belief in the '776 patent's invalidity, as an IPR petition cannot be instituted unless the Patent Office finds a reasonable likelihood of unpatentability. *See* 37 CFR § 42.108(c).

In any event, Masimo is simply incorrect (at 4) that Apple did not develop its current prior art arguments until "after" the '776 patent IPR proceeding concluded. Apple disclosed its reliance on the Nonin and Nellcor pulse oximeters—system prior art that could not have been raised in the IPR proceeding—in its September 8, 2020 preliminary invalidity contentions. *See* Dkt. 1949-4 at 14. Accordingly, the outcome of the IPR is irrelevant—even during the two-month period Masimo relies upon—to whether Apple had a consistent, ongoing belief in invalidity.

Masimo does not identify a single case finding an IPR proceeding relevant under analogous circumstances—i.e., where the proceeding involved entirely different prior art and remained on appeal at the time the challenged patent expired. To the contrary, all of Masimo's cases involve a scenario where there was "overlap in the prior art asserted in the PTO proceedings and [at trial]." *Finjan, Inc. v. Cisco Sys. Inc.*, 2020 WL 13180008, at *9 (N.D. Cal. June 5, 2020); *see also Contour IP Holding, LLC v. GoPro, Inc.*, 2021 WL 75666, at *8 (N.D. Cal. Jan. 8, 2021) (invalidity defense to be presented at trial relied on same prior art as Patent Office proceedings); Opposition to Motions *in Limine*, *Contour IP*, 3:17-cv-04738, Dkt. 493 at 20-21 (Dec. 7, 2020) (noting that IPR evidence involved same prior art at issue in litigation); *Intex Recreation Corp. v. Bestway USA Inc.*, 2023 WL 9687197, at *17-18 (C.D. Cal. Nov. 27, 2023) (rejecting defendants' motion for summary judgment on willfulness on the basis of existence of negative post-grant review decision in case where defendant was relying on some of the same references that had been presented to the Patent Office). And the *Finjan* court expressly precluded the parties from referencing "pending … PTO proceedings" where "there is no final decision on the merits"—precisely because, as the moving party

explained, "the mere existence of these proceedings has no bearing or relevance." *Finjan*, 2020 WL 13180008, at *1.[5]

### B. References To The '776 Patent IPR Proceeding Will Be Unfairly Prejudicial And Confusing

As explained, references to the IPR proceeding should also be excluded under FRE 403 because (1) the jury would be inclined to defer to the agency's findings, and (2) admission of the IPR proceeding would require Apple to devote significant time to explaining the procedural history, how IPRs work, and why the '776 IPR does not control this case. Mot. 6-7. Again, Masimo does not take direct issue with any of these points. In fact, Masimo's own authority emphasizes them, noting that IPRs should generally be excluded under FRE 403 because of the "likely confusion to the jury" and the "substantial risk that the jury will improperly substitute its own judgment for the PTO decisions." *Contour IP*, 2021 WL 75666, at *8; *see also Finjan*, 2020 WL 13180008, at *9 ("Evidence of post-grant proceedings are generally of marginal relevance and their probative value is greatly outweighed by likely confusion to the jury and time that would be required to instruct the jury on the full context[.]").

Masimo's only response seems to be that—in Masimo's view—the existence of the IPR proceeding is exceptionally relevant to the validity and willfulness issues in this case so as to outweigh any possible prejudice or confusion. Opp. 4. But Masimo's own case law rejected a similar argument as to validity, explaining that "any probative value that evidence of post-grant proceedings might have on the *validity* of the Asserted Patents is outweighed by the complexity involved in giving the jury the full context of PTO proceedings and would pose a significant risk of confusion of the issues and waste of time." *Finjan*, 2020 WL 13180008, at *9 (emphasis in original). And Masimo provides no explanation for why the two-month window between Apple's loss in the

---

[5] While Masimo relies (at 2) on a soundbite from *Applied Medical Research Corp. v. United States Surgical Corp.*, 2007 WL 9723321, at *2 (C.D. Cal. May 17, 2007), that case dealt with a unique situation where the prior litigation was directly relevant to a doctrine of equivalents issue. Masimo raises no such argument here.

IPR and the expiration of the '776 patent has any relevance at all to Apple's state of mind, particularly when Apple continued to pursue its arguments on appeal. At best, any arguably marginal value is substantially outweighed by the risk that the jury could be misled into thinking the Patent Office already rejected Apple's current invalidity arguments—or the significant delay that would be imposed on Apple by having to unpack for a lay jury what IPR proceedings are and why they say nothing about the system art Apple relies on here or the merits of this case.

### C. The '776 IPR Proceeding Is Inadmissible Hearsay

Masimo admits (at 4) that it intends to raise "the result" of the '776 patent IPR in front of the jury. While this Court need not reach the issue if it excluded the '776 patent IPR on FRE 402/403 grounds, any evidence regarding prior rulings of other cases is inadmissible hearsay. Mot. 8-9.

Masimo's lone response to Apple's hearsay argument is a new position—i.e., that FRE 803(8)'s public records exception permits them to rely on PTAB decisions for the truth of the matters asserted therein. But Masimo cites no case finding Patent Office decisions admissible under FRE 803(8). To the contrary, IPR materials have been excluded as inadmissible hearsay after a finding that FRE 803(8) is inapplicable. *See, e.g.*, *Wonderland NurseryGoods Co. v. Thorley Indus.*, 2014 WL 695549, at *13 (W.D. Pa. Feb. 24, 2014). That makes sense, as the Patent Office's rulings on obviousness—which is ultimately "a legal determination," *KSR Int'l Co. v. Teleflex Inc.,* 550 U.S. 398, 427 (2007)—do not fit the language of FRE 803(8), which applies to "factual findings." Tellingly, the only authority Masimo cites that actually applies FRE 803(8) dealt with a very different factual scenario—the admission of an "investigative report [regarding a plane crash] prepared … on order of [a] training squadron's commanding officer." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 156 (1988).

## II. REFERENCES TO THE ITC PROCEEDING SHOULD BE EXCLUDED

As explained, the ITC proceeding regarding Apple Watch's Blood Oxygen feature is—like references to any other litigation/administrative proceeding—irrelevant,

unfairly prejudicial, and potentially confusing to the jury. Mot. 2-9. Masimo's contention that it should be permitted to offer public interest statements submitted by *other* parties (and Apple's references to those statements) because they are supposedly inconsistent with Apple's current stance is wrong for two independent reasons.

    ***First***, Masimo's own citations (at 6-8) confirm that the public interest statements submitted by others and the statements in Apple's briefing are irrelevant. None remotely suggests that the accused Workout Mode and High/Low Heart Rate Notification features can function as a "patient monitor" or "monitor at least the pulse rate of a patient" in a clinical setting—as the remaining asserted claims all require. To the contrary, the cited passages refer to ***unaccused*** features that perform different functions, such as monitoring for atrial fibrillation. Opp. 7-8. The accused Workout Mode and High/Low Heart Rate Notification features provide users with health and wellness information—they do not transform Apple Watch into a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ 9/29/25 Tentative at 4 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇").

    In any event, Masimo's arguments underscore why admitting statements from the ITC proceeding (and other material Masimo vaguely describes (at 9) as "basic facts" about the proceeding) would be unfairly prejudicial to Apple and confusing to a jury. The issues in the ITC's investigation were entirely different from the present circumstances. Masimo asserted different patents (i.e., U.S. Patent Nos. 10,912,501, 10,912,502, 10,945,648, 10,687,745, 7,761,127) and accused a different feature (Blood Oxygen functionality). Apple, moreover, is currently appealing the ITC's ruling. *See generally Apple v. ITC*, No. 2024-1285 (Fed. Cir.).

    In addition, the cited public interest statements were directed to staving off an injunction against Apple Watch as a whole—and thus touched on a wide range of features (such as atrial fibrillation) that were not even directly at issue in the ITC proceeding. Permitting Masimo to rely on the ITC proceeding would thus unfairly prejudice Apple because it would suggest to the jury that the ITC has ruled against Apple

on the issues in this case and that the ITC found (or was considering finding) that unrelated features of Apple Watch infringed. For similar reasons, introducing references to the ITC proceeding would risk significant jury confusion, as Apple would have to devote significant time to explaining ITC procedures and the (irrelevant) issues at stake in that case.

***Second***, even if the quoted and cited statements were "inconsistent" with Apple's non-infringement position (they are not), Masimo offers no reason why references to inconsistent positions would be admissible for reasons beyond impeachment.[6] Masimo has not preserved—and cannot reasonably argue—estoppel or preclusion here, since Apple lost in front of the ITC (meaning judicial estoppel is inapplicable) and an appeal is pending in front of the Federal Circuit (meaning there is no final decision for purposes of preclusion). That distinguishes Masimo's lead authority cited to support its position that (purported) inconsistent statements are relevant, which involved a judicial estoppel defense. *Strategic Partners, Inc. v. Figs, Inc.*, 2022 WL 18399950, at *4 (C.D. Cal. Sept. 26, 2022). Masimo's only other cited authority is even further afield, as it dealt with evidence regarding the ***existence*** of a prior case—not supposed inconsistent statements within that litigation. *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 987-988 (N.D. Cal. 2022) (admitting reference to prior litigation "to refute Palantir's claim that it acted diligently to protect its intellectual property as required to prevail" and to show "potential witness bias").[7]

### III. REFERENCES TO THE "CUSTOMS" PROCEEDINGS SHOULD BE EXCLUDED

As explained, references to "Customs" proceedings would pose the same basic risks as references to the IPR and ITC proceedings—such proceedings are irrelevant to

---

[6] Masimo (at 6-7) raises the potential to use the statement for impeachment, but does not identify any inconsistent statement that Apple's witnesses in this case made in the ITC proceeding. In any event, Apple is not challenging this Court's prior ruling that otherwise admissible testimony can be used so long as the specific prior proceeding is not identified. Mot. 3 n.4.

[7] Because Masimo has now agreed (at 9) it will not present the jury with any rulings from the ITC proceeding, this Court need not reach Apple's hearsay objection.

the narrow issues in this case and addressing them will cause Apple unfair prejudice and result in jury confusion. Mot. 2-9. Specifically, the Customs proceedings initiated by Apple involve Apple Watch's Blood Oxygen functionality and the patents for which a violation was found in the ITC proceeding. *See supra* pp. 6-8. In contrast, the '776 patent has not been asserted in the ITC and covers a power-management technique for devices that measure the heart rate of a user—not blood oxygen levels. During the meet and confer process, Masimo had failed to clearly explain (1) what proceedings were encompassed within that term and (2) why any element of those proceedings supported Masimo's argument that Apple Watch is a "patient monitor." Mot. 5-6.

Masimo's opposition does clarify (at 6) that it will seek to admit only Customs proceedings "initiated" by Apple—and not, for example, any conceivably related proceeding initiated by Masimo. But Masimo still fails to provide any argument at all for why even this narrowed category of proceedings is relevant, when it involves different patents and legal issues. While Masimo refers to the ITC and Customs proceedings in the same breath, it does not identify a single specific Apple "statement, position, or admission" from the Customs proceedings it claims is relevant—much less one that would overcome the risk of jury confusion and unfair prejudice from raising arguments from an unrelated proceeding that turns on different patents and different legal issues. *See* Opp. 6-9.[8] Given that Masimo fails to explain its position why the Customs proceedings are admissible under FRE 402/403—and this Court's prior ruling that references to other proceedings are not admissible—this Court should reject Masimo's request to carve out an exception for those proceedings. Regardless, Masimo's arguments about the admissibility of supposed "inconsistent" statements in the Customs proceedings are at best the same as those discussed for the ITC proceedings and thus fail for the reasons already articulated. *See supra* pp. 6-8.

---

[8] Notably, despite Masimo's statement (at 9) that it "does not intend to introduce rulings from … Customs," its proposed exhibit list includes ***two*** different Customs decisions— one from January 2024 and another from January 2025.

# CONCLUSION

The Court should confirm that its prior MIL rulings apply to the November 2025 trial and reinstate the parties' agreement regarding case-narrowing decisions, without carving out Masimo's proposed exceptions to the prohibition on referencing other proceedings/litigation.

Dated: October 6, 2025                         Respectfully submitted,

                MARK D. SELWYN
                AMY K. WIGMORE
                JOSHUA H. LERNER
                JOSEPH J. MUELLER
                SARAH R. FRAZIER
                THOMAS G. SPRANKLING
                WILMER CUTLER PICKERING HALE AND DORR LLP

                BRIAN A. ROSENTHAL
                GIBSON, DUNN & CRUTCHER LLP

                KENNETH G. PARKER
                HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple Inc., certifies that this brief contains 3,313 words, which:

 X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated: October 6, 2025                Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn