# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation

        Plaintiffs,

      v.

APPLE INC., a California corporation

        Defendant.

) Case No. 8:20-cv-00048-JVS-JDE
)
)
)
) **PRETRIAL CONFERENCE ORDER**
) **FOR NOVEMBER 4 JURY TRIAL**
) **[2729]**
)
) Hon. James V. Selna
)
) Pre-Trial Conf.: 10/20/2025
) Trial: 11/04/2025

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1.     As relevant to this trial, the parties are:

Plaintiff Masimo Corporation ("Masimo") and Defendant Apple Inc. ("Apple").

All parties have been served and have appeared.  Cercacor Laboratories, Inc. has also been named in the pleadings as a Plaintiff, but does not have an interest in the '776 patent.

The pleadings that raise the issues are:

    a.     Plaintiffs' Fourth Amended Complaint for (1) Patent Infringement, (2) Trade Secret Misappropriation, (3) Correction of Inventorship, and (4) Ownership of Patents [Dkt. 296-1, filed on February 5, 2021][1];

    b.     Apple's Amended Answer to Masimo's Fourth Amended Complaint [Dkt. 370, filed on May 7, 2021];

    c.     Plaintiffs' First Supplement to the Fourth Amended Complaint [Dkt. 750, filed on June 6, 2022]; and

    d.     Apple's Answer to Plaintiffs' First Supplement to the Fourth Amended Complaint [Dkt. 790, filed on June 27, 2022].

2.     Federal jurisdiction and venue are invoked upon the following grounds:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the patent infringement claims arise under federal patent laws, 35 U.S.C. §§ 271 and 281, because the correction of inventorship claims arise under federal patent law, 35 U.S.C. § 256, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

---

[1] Masimo's claims other than those for patent infringement were previously tried.

The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Masimo's state law claims for misappropriation of trade secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, and for ownership of patent and patent application claims.   Masimo's state law claims are related to the patent infringement and correction of inventorship claims such that they form part of the same case or controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over Apple and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the parties' dispute arose in this judicial district.   The parties agree that the facts requisite to federal jurisdiction and venue are admitted.

3.    The trial is to be before a jury.   The trial will consist of six days of evidence, with each side having a maximum of 15 hours for all direct and crossexaminations, plus additional time for jury selection, opening statements (not to exceed 1 hour per side), and closing arguments (not to exceed 75 minutes per side).

4.    By October 20, 2025, the parties shall file and serve by e-mail: (a) proposed jury instructions as required by L.R. 51-1 and the Court's Order for Jury Trial and (b) any special questions requested to be asked on voir dire.

5.    The following facts are admitted and require no proof:

a.    Masimo Corporation is organized and exists under the laws of the state of Delaware, and has a principal place of business at 52 Discovery, Irvine, California 92618.

b.    Apple Inc. is organized and exists under the laws of the state of California, and has a principal place of business at One Apple Park Way, Cupertino, California 95014.

c.    Masimo Corp. owns all right, title, and interest in the Asserted Patent, 10,433,776 (the "'776 Patent").

d.    The '776 Patent was issued by the USPTO on October 8, 2019, and its priority date is July 2, 2001.

e.    As of the July 2, 2001 effective filing date of the '776 Patent, the level of ordinary skill in the art was a person who had a Bachelor of Science degree in an academic discipline emphasizing the design of electrical, computer, or software technologies, in combination with training or at least one to two years of related work experience with capture and processing of data or information, including but not limited to physiological monitoring technologies. Alternatively, the person could have also had a Master of Science degree in a relevant academic discipline with less than a year of related work experience in the same discipline.

6.    The following facts, though stipulated, shall be without prejudice to any evidentiary objection:  None.

7.    Claims and defenses to be presented at trial:

**Masimo [*Masimo's section; not agreed to by Apple*]:**

a.    Masimo plans to pursue the following claim against Apple:

Claim 12: Infringement of the '776 Patent.

b.    The elements of Masimo's claim is:

To prove direct infringement, Masimo must prove by a preponderance of the evidence that Apple made, used, sold, offered for sale within the United States, or imported into the United States, a product that meets all of the requirements of an asserted claim of the '776 Patent, either literally or under the doctrine of equivalents.

To prove any infringement was willful, Masimo must prove by a preponderance

1    of the evidence that Apple intentionally infringed at least one asserted claim of the '776

2    Patent.

3            Masimo is entitled to a reasonable royalty to compensate it for infringement.  A

4    reasonable royalty is the amount of royalty payment that a patent holder and the alleged

5    infringer would have agreed to in a hypothetical negotiation taking place at a time prior

6    to when the infringement first began.

7            Apple's section of this Order states that Apple intends to pursue an Affirmative

8    Defense of "No entitlement to anything beyond nominal damages."  The Court should

9    preclude Apple from arguing that Masimo is limited to nominal damages.  First, Apple

10   never pled as an affirmative defense "no entitlement to anything beyond nominal

11   damages."  *See* Dkt. 370 at 70-88; Dkt. 790 at 5.  Moreover, the law does not support

12   such a defense or permit Apple to argue it to the jury.  As Apple never raised this issue

13   before the parties filed their motions *in limine*, Masimo addresses this issue further in

14   its Memorandum of Contentions of Fact and Law.

15

16            c.     In brief, the key evidence on which Masimo relies on for each claim is:

17            One or more witnesses including, e.g., Ammar Al-Ali, Mohamed Diab, and/or

18   Stephen Scruggs will testify regarding the inventions of the Asserted Patent and how

19   Masimo uses that technology.  One or more witnesses including, e.g., Vijay Madisetti

20   will testify regarding how Apple infringes the Asserted Patent directly.  One or more

21   witnesses including, e.g., Vijay Madisetti, Jim Bergman, and/or Rebbecca Reed-

22   Arthurs will testify regarding Masimo's damages.  In addition, Apple witnesses and

23   documents will confirm and buttress Masimo's showing.  Masimo will also present

24   evidence that during the agreed-upon damages window (January 9, 2020, to June 26,

25   2022), Apple sold 43,091,978 accused Apple Watches in the United States.  Masimo

26   proposed a stipulated fact on the number of accused watches Apple has sold.  Apple

27   refused to stipulate to this basic fact, even though Apple's own damages expert

28

calculated that Apple sold nearly the same, but slightly more, accused Apple Watches during the agreed-upon damages window.

Masimo will present supporting evidence of products and documents, including, for example, notebooks, technical documents, patents and patent filings, emails, source code, and discovery responses.

**Apple [*Apple's section; not agreed to by Masimo*]**[2]**:**

a.     Apple plans to pursue the following defenses:

Invalidity
Non-Infringement
No Willfulness
No entitlement to the amount of damages Masiom seeks and potentially nothing beyond nominal damages

b.     The elements required to establish Apple's defenses are the following:

**Invalidity**

Apple must prove by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the field of technology of the patent as of the July 2, 2001 priority date.   In determining whether a claimed invention is obvious, the jury must consider the level of ordinary skill in the field of technology that someone would have had as of July 2, 2001, the scope and content of the prior art, any differences between the prior art and the claimed invention, and, if present, secondary considerations of non-obviousness.

**Non-Infringement**

There is no direct infringement if Masimo fails to prove by a preponderance of the evidence that Apple made, used, sold, offered for sale within, or imported into the

---

[2] Apple lists all of its potential defense for trial out of an abundance of caution and to provide the Court and Masimo with the maximum amount of information about the upcoming trial.

United States a product that meets all requirements of any Asserted Claim of the '776 Patent (or is equivalent to any missing requirements of any Asserted Claim) and did so without the permission of Masimo during the time the patent was in force.

**No Willfulness**

This Court has held that—as a matter of law—Apple did not engage in willful infringement prior to January 9, 2020. There is no willful infringement after January 9, 2020 if Masimo fails to prove that it is more likely than not that Apple deliberately or intentionally infringed.

**Masimo is not entitled to the full amount of damages it claims and may be entitled to nothing more than nominal damages**

Masimo has the burden of proof to establish the amount of its damages. If Masimo fails to meet its burden, a reaonsable royalty may be as low as nominal damages.

Masimo is wrong that Apple is raising nominal damages as an affirmative defense. As noted above, Apple is listing out each the defenses it may pursue at trial out of an abundance of caution. Moreover, the Federal Circuit has held that whether nominal damages are appropriate can turn on the patentee's failure to carry its burden: "Where the patentee's proof is weak, the court may award nominal damages." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015); *see also SPEX Techs., Inc. v. W. Digital Techs., Inc.*, No. 8:16-cv-1799 (JVS) (C.D. Cal. Oct. 18, 2024), Dkt. 592 at 31. The parties are briefing this issue in the jury instructions, and Masimo presents no reason why this legal issue regarding its burden of proof should be adjudicated via the pretrial conference order—or the parties' Memorandum of Contentions of Law and Fact—when it will ultimately be resolved at the jury instruction stage.

c.    In brief, the key evidence on which Apple relies for each defense is the following:

**Invalidity**

Apple will present direct testimony, documentary evidence, and cross-examination of Plaintiffs' witnesses to show that the claimed invention would have been obvious to a person of ordinary skill in the field of technology of the patent as of July 2, 2001, including evidence set forth in the reports of Apple's experts.

**Non-Infringement**

Apple will present direct testimony, documentary evidence, and cross-examination of Plaintiffs' witnesses to show that the accused Apple Watch models do not meet all requirements of any Asserted Claim of the '776 Patent, including evidence set forth in the reports of Apple's experts.

**No Willfulness**

Apple will present direct testimony, documentary evidence, and cross-examination of Plaintiffs' witnesses to show that any infringement by Apple was not intentional, including evidence set forth in the reports of Apple's experts.

**Masimo is not entitled to the full amount of damages it claims and may be entitled to nothing more than nominal damages**

Apple will present direct testimony, documentary evidence, and cross-examination of Plaintiffs' witnesses to show that Masimo has not proven it is entitled to the damages it claims and may not be entitled to any damages beyond nominal damages.

8.    In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

**Issues for the jury:**

    1)    Whether Apple infringes the asserted claims of the '776 Patent;

    2)    Whether any post-suit infringement of the '776 Patent by Apple was willful;

3)     Whether the asserted claims of the '776 Patent are invalid for obviousness;

4)     If Apple infringes any valid claim of the '776 Patent, the amount of Masimo's damages.

**Issues for the Court:**

1)     Whether to enhance damages for any willful patent infringement post-suit and, if so, in what amount;

2)     Whether to award Masimo attorneys' fees and, if so, in what amount;

3)     How much to award Masimo for pre- and/or post-judgment interest, if applicable;

4)     Whether to award Apple attorneys' fees and, if so, in what amount.

9.     Discovery is complete.

10.     Disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  To conserve resources, the parties have agreed to present objections to exhibits during the nightly exchanges during trial.  If the parties cannot resolve a dispute on any such objections, the parties will raise the dispute with the Court pursuant to the procedures set forth below.

11.     Witness lists of the parties have been filed with the Court under separate cover.

Only the witnesses identified in the lists will be permitted to testify (other than for good cause shown).

Each party intending to present evidence by way of deposition or other sworn

testimony has marked such testimony in accordance with L.R. 16-2.7.[3]   For this purpose, the following testimony shall be lodged with the Clerk as required by L.R. 32-1:

---

[3] The parties exchanged preliminary lists of witnesses on September 12, 2025, which Apple amended on September 15 and 19, 2025.  The parties subsequently served full witness lists on October 3, 2025, which Masimo amended on October 6, 2025.  The parties have not exchanged deposition designations or other sworn testimony for witnesses that appear on the other side's witness lists whom it has represented it will call or may call live.  The parties agree that if a party removes any of its own witnesses from its will call or may call list or otherwise does not call such witness live at trial, the other side may subsequently provide designations, subject to objections and counter-designations.

- David Amor
- Molly Anderson
- Ueyn Block
- Mathieu Charbonneau-Lefort
- Tim Cook
- Sumbul Desai
- Eric Jue
- Chinsan Han
- Tobias Harrison-Noonan
- Steven Hotelling
- Michael Jaynes
- Brian Land
- Paul Mannheimer
- Robert Mansfield
- Afshad Mistri
- Divya Nag
- Michael O'Reilly
- Marco Perez
- Adrian Perica
- Mark Rollins
- Fletcher Rothkopf
- Peter Russell-Clarke
- Mushtaq Sarwar
- Denby Sellers
- Jeff Williams
- Kristin Budreau
- Joseph Kiani

- Bilal Muhsin
- Richard Priddell
- Blaire Tripodi
- William Wilson

No testimony not already designated, whether designated as affirmative or counter-designations, may later be added, absent good cause shown. Pursuant to the procedures set forth below, the parties will identify the portions of designations to be offered and provide transcripts of those portions to the Court closer in time to when a party anticipates presenting such testimony so that the Court may rule on any outstanding objections.

12.    The following law and motion matters and motions in limine, and no others, are pending or contemplated:

Masimo has filed the following:

- Masimo MIL 1:  To exclude certain arguments regarding use of the accused devices.
- Masimo MIL 2:  To preclude evidence and argument attempting to construe "patient monitor" or "patient."
- Masimo MIL 3:  To preclude argument regarding corporate restructuring.
- Masimo's Motion for Summary Judgment, Dkt. 2552
- Masimo's Daubert Motion, Dkt. 2548
- Masimo's Motion to Strike, Dkt 2549

Apple has filed the following:

- Apple MIL 1:  To confirm that the prior motions in limine rulings apply.
- Apple MIL 2:  To exclude evidence presented in the trade secret trials under FRE 402 and 403.
- Apple's Motion for Summary Judgment, Dkt. 2532-2
- Apple's Daubert Motion, Dkt. 2551
- Apple's Motion to Strike, Dkt. 2550

13.    Bifurcation: The trial will be on Count 12 (infringement of the '776 patent) only.

14.    **Stipulations For Trial**: The parties agree on the following stipulations for trial:

a.    **Sequestration** – Pursuant to Federal Rule of Evidence 615(b), each side will designate a representative who is not subject to sequestration by October 28, 2025.  For the avoidance of doubt, expert witnesses are not excluded from the courtroom for either fact or expert testimony.

b.    **Scope of Examinations at Trial** – The parties agree that, for any witnesses on both parties' witness lists who are presenting live testimony, the scope of cross-examination shall not be limited to the scope of direct examination.  Accordingly, when Masimo calls its live witnesses during its case-in-chief, Apple may exceed the scope of the direct examination for witnesses on Apple's witness list and Apple will complete its examination so that the witness will not have to return to testify a second time in Apple's case-in-chief.  Similarly, when Apple call its live witnesses in its case-in-chief, Masimo may exceed the scope of the direct examination for witnesses on its own list so that Masimo need not have previously called the witness in its case-in-chief.  Thus,

Masimo's case-in-chief shall remain open through presentation of all of Apple's live witnesses on Masimo's witness list.

c. **No Need for Subpoena** – Each party is currently relying on the other party's identification of "will call live" or "may call live" witnesses, and the understanding that such witnesses will be available to be presented live at trial, and therefore the parties need not issue trial subpoenas for such witnesses. If a party does not call a witness of that party that they have designated "will call live" or "may call live," the other side will have the right to designate deposition testimony or call that witness as an adverse witness and such witness will be made available at trial unless the parties agree to proceed otherwise.

d. **Witness Availability –** The parties understand that there may be scheduling conflicts that require taking witnesses out of order. The parties agree to work in good faith to navigate witness scheduling issues—including, if necessary, by calling witnesses out of order.

e. **Disclosure of Witnesses Testifying at Trial** – The parties have agreed to the deadlines for disclosure of trial witnesses as follows: During its case-in-chief, each side will identify any witnesses it expects to call by deposition by 6:30 pm three calendar days before the trial day during which the designations will be read or played (for example, by 6:30 pm on Saturday for a witness whose deposition will be played on Tuesday) and any witnesses it expects to call live and the order in which it expects to call them by 6:30 pm two calendar days before the trial day during which the witnesses are called (for example, by 6:30 pm on Sunday for a witness who will be called on Tuesday).

f. **Disclosure of Deposition and Other Sworn Testimony Designations** – The parties have agreed to the deadlines for disclosure of designations of deposition and other sworn testimony as follows:

  i. If a party identifies a witness that it intends to call at trial by deposition or other sworn testimony, then the party shall identify the specific pages and lines of the witness's testimony that the party expects to play by 6:30 pm three calendar days before the trial day during which the testimony is expected to be read or played.

  ii. For each such witness, the opposing side shall identify objections and counter-designations by 6:30 pm two calendar days before the trial day during which the testimony is expected to be played.

  iii. The proffering side shall identify any objections to the counter designations and counter-counter designations by 8:00 pm two calendar days before the trial day during which the testimony is expected to be played.

  iv. For each such witness, the opposing side shall identify objections to counter-counter-designations by 8:30 pm two calendar days before the trial day during which the testimony is expected to be played.  The parties will meet and confer by 9:00 pm that night (i.e., two calendar days before the trial day during which the testimony is expected to be played) in an effort to resolve their objections and any other issues relating to the testimony designations.

  v. For any unresolved objections, the parties shall work together to finalize the objections to submit the Court by midnight two calendar days before the trial day during which the testimony is

expected to be played (for example, by midnight on Sunday for a witness who will be called on Tuesday).  The joint submission shall include (i) a copy of the entire proposed testimony of the witness at issue, clearly highlighting the designations; and (ii) a cover letter identifying the objections, as well as a brief indication of the basis for each objection and the offering party's response to the objection (no more than one sentence per objection and no more than one sentence per response).

vi.   The party offering the testimony is responsible for preparing video deposition clips and final transcript clip reports of all designated testimony for that witness following resolution of any disputes by the Court. A copy of the video deposition clips and clip reports shall be provided to the opposing party no later than 6:30 pm one calendar day before the testimony is expected to be presented.

vii.   Each party agrees that correct copies of transcripts and video recordings of depositions taken in this litigation may be used by either party at trial, without respect to whether the copy is certified.  No party shall object to the authenticity of a copy of a deposition transcript or video recording of a deposition absent evidence that the copy is, in fact, inaccurate or inauthentic.  The party challenging the authenticity of a deposition transcript or video recording shall bear the burden of establishing that the transcript or video recording is not authentic.    All other objections to admissibility of deposition testimony are preserved.

viii.   Designations and counter-designations for testimony with accompanying video will be presented via video and played in

page order.  All objections and colloquies between counsel will be eliminated when the designated testimony is played.  In the case of multiple days of testimony, they will be presented and played in chronological order.

   ix. When deposition testimony is played by video, the time available for each party's presentation of evidence shall be reduced by the length of its designations and counter-designations as played.

   x. Designations and counter-designations for testimony without accompanying video will be read in a neutral manner by a questioning attorney and answering attorney who sits in for the witness, preceded by a brief explanation of this procedure by the Court.  Such testimony will be read in page order.  All objections and colloquies between counsel will be eliminated when the designated testimony is played.  In the case of multiple days of testimony, they will be presented and played in chronological order.

   xi. When testimony is presented in this manner, the time available for each party's presentation of evidence shall be reduced by the length of its designations and counter-designations as read.

g. **Disclosure of Exhibits** – The parties have agreed to the deadlines for disclosure of exhibits and objections thereto as follows:

   i. Each side will identify exhibits that will be shown to the trier of fact during opening statements by noon one calendar day before the date on which opening statements are presented to the jury. The opposing side shall identify any objections to exhibits to be shown during opening statements by 4:00 pm that afternoon. The parties will meet and confer by 5:00 pm in an effort to

resolve any such objections. Any unresolved objections will be raised with the Court outside the presence of the jury before commencement of opening statements.

ii. For direct examination of non-adverse witnesses, each side will identify exhibits that will be offered into evidence during the testimony of a witness called by that side, whether live, via deposition, or other sworn testimony, by 6:30 pm one calendar day before the trial day the witness is called.

iii. The opposing side shall identify objections by 8:00 pm the same day.

iv. The parties will meet and confer by 9:00 pm the same day in an effort to resolve their objections and any other issues relating to the disclosed exhibits.

v. For any unresolved objections to an exhibit, the parties will address those objections with the Court outside the presence of the jury before seeking to introduce the exhibit at trial.

vi. The parties agree that documents that will be used solely for impeachment do not need to be identified as part of these disclosures.

vii. An exhibit, once admitted, may be used by each party.

viii. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

ix. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used

as an admission or otherwise as evidence regarding that document.

    x.  The parties agree that any date listed on the exhibit list is neither evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.

    xi.  Each party reserves the right to use documents not set forth in its exhibit list for purposes of impeachment.

h. **Disclosure of Trial Demonstratives** – In lieu of the deadline set forth in L.R. 16-3, the parties have agreed to the deadline for disclosure of trial demonstratives as follows:

    i.  Each side will disclose graphical, illustrative, or demonstrative material that will be shown to the trier of fact during opening statements by noon one calendar day before the date on which opening statements are presented to the jury.  The opposing side shall identify any objections by 4:00 pm that afternoon.  The parties will meet and confer by 5:00 pm in an effort to resolve any such objections.  Any unresolved objections will be raised with the Court outside the presence of the jury before commencement of opening statements.

    ii.  Each side will disclose graphical, illustrative, or demonstrative material that will be shown to the trier of fact during the testimony of a witness called by that side by 6:30 pm one calendar day before the witness is called (for example, by 6:30 pm on Monday for a witness who will be called on Tuesday). The opposing side shall identify any objections by 8:00 pm the same day.  The parties will meet and confer by 9:00 pm the same

day in an effort to resolve their objections. For any unresolved objections to demonstratives, the parties will address those objections with the Court outside the presence of the jury before seeking to show the demonstrative at trial.

   iii.  Graphical, illustrative, or demonstrative material that consists solely of an excerpt from an exhibit including highlighting and/or call-outs (without more) need not be disclosed in advance of being shown to the trier of fact provided the exhibit has been disclosed pursuant to the above process.

   iv.  The party seeking to use graphical, illustrative, or demonstrative material will provide a color representation of that material to the other side in PDF form. If a party is using a physical item, such as a board, the disclosing party will make such physical items available for inspection that same day (by 6:30 pm one calendar day before the witness is called). For video or animations, the party seeking to use the material will provide it to the other side via a USB drive or other agreed-upon means.

   v.  Exhibits or graphical, illustrative, or demonstrative material that will be shown to the trier of fact during the examination of an adverse witness need not be disclosed in advance of such examination.

   vi.  The parties agree to exchange documents to be used in cross examination at the time cross examination begins. In particular, the party conducting cross examination must provide a binder to the witness with documents the cross-examining party expects in good faith it may use with the witness. The party conducting cross examination must provide two copies of that binder to the

Court and one copy to the opposing party when the party conducting cross examination provides the binder to the witness. The parties will prepare the cross-examination binders in good faith and will not intentionally include additional documents to obscure the documents the party intends to use to examine the witness.  For avoidance of doubt, this paragraph does not prevent a cross-examining party from using additional documents during the cross examination.

vii. **[Plaintiffs' Proposal:**  Demonstratives to be used in closing arguments need not be exchanged or disclosed ahead of time.**]**

**[Defendant's Proposal:**  Each side will disclose graphical, illustrative, or demonstrative material that will be shown to the trier of fact during closing arguments by 7:00 p.m. one calendar day before the date on which closing arguments are presented to the jury.  The opposing side shall identify any objections by 8:00 p.m. that evening.  The parties will meet and confer by 9:00 p.m. in an effort to resolve any such objections.  Any unresolved objections will be raised with the Court outside the presence of the jury before commencement closing arguments.  The following demonstratives to be used in closing arguments need not be exchanged or disclosed ahead of time:  demonstratives already shown to the trier of fact, admitted exhibits and testimony, slides containing only admitted exhibits or testimony with highlighting/callouts, and slides containing such testimony accompanied by a photograph of the testifying witness.**]**

viii.   Each party shall provide the opposing party with four color hard copies of any demonstratives for closing argument at the start of the respective closing argument.

i.   **Authenticity of Exhibits** – The parties stipulate to the authenticity of each trial exhibit that is a document or thing produced by a party and on its face appears to be generated by the party, including by current or former employees, officers, or agents of the producing party, subject to the right of the party against which such document or thing is offered to adduce evidence to the contrary.  Notwithstanding this stipulation, each party preserves its right to object to the document or thing on any ground other than authenticity.

j.   **Copies of Documents** – Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.  Legible copies of the patent at issue and the contents of its U.S. Patent and Trademark Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

k.   **Rebuttal Case** – Notwithstanding the parties' agreement to a "one-and-done" rule, the usual rules with regard to the scope and entitlement of rebuttal shall apply.

15.   The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial

1    Conference Order shall supersede the pleadings and govern the course of the trial of
2    this cause, unless modified to prevent manifest injustice.
3
4
5
6    DATED: October 20, 2025
7                                                    _____
                                                     The Honorable James V. Selna
8                                                    United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28