MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MEMORANDUM IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF *DAUBERT* RULING BARRING DR. RAJA'S TESTIMONY**<br><br>[Decision on the Papers Requested]<br>(If Necessary) Hearing Date: 11/3/25<br>Time: 1:30pm<br>Location: Courtroom 10C<br>Pre-Trial Conference: Oct. 20, 2025<br>Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

## INTRODUCTION

On October 17, 2025, this Court issued two rulings—one final and one tentative—that fundamentally conflict. The first, this Court's tentative decision on the parties' MILs, allows Masimo's technical expert Dr. Madisetti to testify that letters sent by physicians to the U.S. International Trade Commission in an unrelated Apple Watch dispute support his opinion that Apple Watch is a "patient monitor." The second, this Court's final decision on the parties' cross-*Daubert* motions, bars Apple's expert Dr. Raja—himself a physician/clinician—from testifying on any issue, including Apple Watch's capabilities and the very letters upon which Dr. Madisetti relies.

Apple respectfully submits that this Court's two rulings are at odds and would result in an unbalanced evidentiary presentation by allowing Masimo to present physicians' views on Apple Watch, but preventing Apple from presenting a physician's view on Apple Watch. This imbalance is particularly flawed given that (1) Apple is proffering ***live*** physician testimony subject to cross-examination while Masimo is proposing presenting physician statements channeled through another witness (Dr. Madisetti), with the physicians themselves not subject to cross-examination, and (2) Apple is proffering the testimony of a physician who has specifically analyzed aspects of Apple Watch relevant to the patent-in-suit, while Masimo intends to offer statements of physicians submitted in another case involving different patents.

Thus, if any category of physician testimony should be excluded, it is **Masimo's**, and it would be doubly erroneous to admit Masimo's and exclude Apple's. Apple accordingly requests that—to the extent this Court adopts its tentative MIL decision as final—it should at least revisit its prior *Daubert* ruling and permit Dr. Raja to testify about the purportedly infringing features' capabilities, such as the fact that they can miss cardiac events, and otherwise respond to the statements on which Masimo relies.[1]

---

[1] Apple continues to object to this Court's *Daubert* ruling barring Dr. Raja and Mr. Carter from testifying at all—without regard to whether Masimo presents its own physician evidence. *See, e.g.*, Dkt. 2588 at 8-12 (Apple's *Daubert* opposition). This
*(Cont'd on next page)*

## BACKGROUND

This Court's October 17, 2025 *Daubert*/MSJ Order indicates that a "patient monitor" (a term that appears throughout all four remaining asserted claims) is a device used on a person receiving care from a medical professional that should not miss events—i.e., it should "perform at a level like a clinical device would in terms of event capture." Dkt. 2745 at 10-11, 18. Both parties have put forth expert opinions on the capabilities of the accused features of Apple Watch. Masimo's expert, Dr. Madisetti, relies on letters (not testimony) from physicians in another proceeding that did not involve the '776 patent—specifically, the "public interest statements" submitted to the ITC in connection with a proceeding involving the Blood Oxygen feature of Apple Watch. *See* Dkt. 2552-4 ("Madisetti Reply") ¶ 265; Dkt. 2552-17 ("Madisetti Opening Report, Appx 1A") at 5. Apple's expert, Dr. Raja, provides an opinion based on his own experience and expertise as a medical doctor that (1) the accused features do miss events and (2) the materials Dr. Madisetti relies upon for his testimony about Apple Watch—including the "public interest statements"—do not support Dr. Madisetti's conclusions about Apple Watch technology. Dkt. 2548-2 ("Raja Rebuttal") ¶¶ 65-70, 90-95.

## ARGUMENT

If this Court's tentative MIL ruling stands, Apple submits that this Court should reconsider its decision to exclude Dr. Raja's testimony and permit Dr. Raja at least to testify on Apple Watch's capabilities—i.e., that the accused features do miss cardiac events—and to rebut Dr. Madisetti's testimony regarding how clinicians view Apple Watch. Such testimony is directly relevant to a central dispute in this case—whether Apple Watch is a "patient monitor" within the meaning of the '776 patent—and miles removed from the kind of testimony at issue in *Kyocera Seneco Industrial Tools, Inc. v. ITC*, which discussed the specter of a non-POSITA testifying to issues regarding "claim construction, validity, or infringement." 22 F.4th 1369, 1376-1377 (Fed. Cir. 2022).

motion is, however, limited to a scenario where Masimo is permitted to rely on physician evidence—in that scenario, Apple should be able to respond with Dr. Raja's testimony.

Apple submits the following paragraphs from Dr. Raja's expert report as a proffer of the very limited testimony that Dr. Raja would provide. Dkt. 2548-2 ¶¶ 65-70, 90-95. Apple stands ready to provide an oral proffer from Dr. Raja if useful to this Court. Dr. Raja will not testify as to claim construction, invalidity, or non-infringement—nor will he mention the asserted patent or anything else that this Court has concluded is off-limits to a non-POSITA.

The tentative MIL Order, which allows Dr. Madisetti to testify about how certain physicians (who will not be called at trial) view features of Apple Watch that are not at issue in this patent case, creates a significant evidentiary imbalance.[2] Under the status quo, Dr. Madisetti can "channel" physicians' testimony without any contrary, affirmative physician testimony from an Apple expert whose testimony addresses the very documents Dr. Madisetti relies upon. Apple will not even be able to fully probe Dr. Madisetti's assertions, since none of the physicians he relies upon will be subject to cross-examination and Dr. Madisetti is not a medical doctor.

Tellingly, even Masimo's own MIL briefing recognized that Dr. Raja's testimony and Dr. Madisetti's testimony regarding the views of physicians are closely linked. Specifically, Masimo asserted that "[i]f the Court were to allow" evidence regarding the meaning of patient monitor to come in through *inter alia* Dr. Raja, "such a ruling would provide an additional basis for Masimo to introduce Apple's views and positions from the ITC and Customs proceedings on the same issue." Dkt. 2683 at 8.[3] Having (tentatively) prevailed in its effort to put Dr. Madisetti's testimony before the jury, Masimo cannot now reasonably complain if Dr. Raja's interrelated testimony also comes in—at least in the very narrow way described above.

---

[2] Apple's request is a permissible motion for reconsideration precisely because of the tentative MIL order, which Apple received at the same time as the *Daubert* order. *See* Local Rule 7-18(b) (reconsideration appropriate when based on "the emergence of new material facts or a change of law").

[3] Although Masimo describes the views of physicians as "Apple's views and positions," the statements were submitted to the ITC by the doctors/institutions themselves—the doctors/institutions were not Apple witnesses.

Dated: October 23, 2025

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
         Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 3 pages, which:

___ complies with the word limit of L.R. 11-6.1.

_X_ complies with the page limit proposed in the stipulation filed with this Court on October 23, 2025.

Dated: October 23, 2025           Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
       Mark D. Selwyn