Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP        KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive                  1925 Century Park East, Suite 400
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

[Counsel for Apple appears on next page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **PARTIES' COMBINED PROPOSED JURY VERDICT FORMS AND OBJECTIONS TO JURY VERDICT FORMS** <br><br><br> Pretrial Conf.: October 20, 2025 <br> Trial: November 4, 2025 |

1  MARK D. SELWYN, SBN 244180
   mark.selwyn@wilmerhale.com
2  THOMAS G. SPRANKLING, SBN 294831
   thomas.sprankling@wilmerhale.com
3  WILMER CUTLER PICKERING
   HALE AND DORR LLP
4  2600 El Camino Real, Suite 400
   Palo Alto, CA 94306
5  Tel.: 650.858.6000 / Fax: 650.858.6100

6  JOSHUA H. LERNER, SBN 220755
   joshua.lerner@wilmerhale.com
7  WILMER CUTLER PICKERING
   HALE AND DORR LLP
8  50 California Street, Suite 3600
   San Francisco, CA 94111
9  Tel.: 628.235.1000 / Fax: 628.235.1001

10 AMY K. WIGMORE, *pro hac vice*
   amy.wigmore@wilmerhale.com
11 WILMER CUTLER PICKERING
   HALE AND DORR LLP
12 2100 Pennsylvania Ave NW
   Washington, DC 20037
13 Tel.: 202.663.6000 / Fax: 202.663.6363

14 JOSEPH J. MUELLER, *pro hac vice*
   joseph.mueller@wilmerhale.com
15 SARAH R. FRAZIER, *pro hac vice*
   sarah.frazier@wilmerhale.com
16 WILMER CUTLER PICKERING
   HALE AND DORR LLP
17 60 State Street
   Boston, MA 02109
18 Tel.: 617.526.6000 / Fax: 617.526.5000

19 BRIAN A. ROSENTHAL, *pro hac vice*
   brosenthal@gibsondunn.com
20 GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
21 New York, NY 10166-0193
   Tel.: 212.351.2339 / Fax: 212.817.9539
22
   KENNETH G. PARKER, SBN 182911
23 ken.parker@haynesboone.com
   HAYNES AND BOONE, LLP
24 660 Anton Boulevard, Suite 700
   Costa Mesa, CA 92626
25 Tel.: 650.949.3014 / Fax: 949.202.3001

26 Attorneys for Defendant Apple Inc.

27

28

Pursuant to the Court's Order on October 21, 2025, denying the Application to File Under Seal the parties' Combined Proposed Jury Verdict Forms and Objections (Dkt. 2758), the parties hereby file a public version without any redactions.

Plaintiff Masimo Corporation has corrected the following typographical discrepancies in the redacted version of the parties' Combined Proposed Jury Verdict Forms and Objections filed on October 20, 2025, at Dkt. 2754, as follows: (1) at page 5, line 19, in Question 4, from "the total amount of reasonable royalty" to "the total reasonable royalty"; (2) at page 14, lines 4-5, from "the total amount of reasonable royalty damages" to "the total reasonable royalty"; and (3) at page 15, line 19, from "Apple's footnote four" to "Apple's argument." Defendant Apple Inc. has also corrected two typographical issues: (1) deleting an extraneous parenthesis mark on page 26, line 23, and (2) adding the words "of which" to the phrase "three of which depend on the fourth" at page 27, line 5.

1

2

3

4

5

6

7

8

9

10

**MASIMO'S PROPOSED VERDICT FORM AND OBJECTIONS TO**

11

**APPLE'S PROPOSED VERDICT FORM**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  <u>MASIMO'S PROPOSED VERDICT FORM</u>

When answering the following questions and completing this Verdict Form, please follow the directions provided throughout the form and in accordance with the Jury Instructions.  Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.  Your answer to each question must be unanimous.

As used in this form:

1.  "Masimo" refers to Plaintiff Masimo Corporation;

2.  "Apple" refers to Defendant Apple Inc.; and

3.  The "'776 Patent" refers to U.S. Patent No. 10,433,776.

## QUESTION 1:

For each of the following patent claims, did Masimo prove by a preponderance of the evidence that Apple infringed the claim?

| '776 Patent | YES (for Masimo) | NO (for Apple) |
|---|---|---|
| Claim 11 | | |
| Claim 12 | | |
| Claim 13 | | |
| Claim 14 | | |

**Answer Question 2 if you answered "YES" for __ANY__ of the patent claims in Question 1.**

## QUESTION 2:

Did Masimo prove by a preponderance of the evidence that Apple's infringement was willful?

| YES (for Masimo) | NO (for Apple) |
|---|---|
| | |

## QUESTION 3:

For each of the following patent claims, did Apple prove by clear and convincing evidence that the claim is invalid?

| '776 Patent | NO (for Masimo) | YES (for Apple) |
|---|---|---|
| Claim 11 | | |
| Claim 12 | | |
| Claim 13 | | |
| Claim 14 | | |

**Answer Question 4 only if:**

- **You answered "YES" for <u>ANY</u> of the patent claims in Question 1 <u>AND</u>**
- **You answered "NO" for that <u>SAME PATENT CLAIM</u> in Question 3.**

## QUESTION 4:

What is the total reasonable royalty (in dollars) that Masimo has proven by a preponderance of the evidence should be awarded for Apple's infringement?

**$ _____**

Please continue to the next page.

You have now reached the end of the Verdict Form.  Please review the Verdict Form to ensure it accurately reflects your unanimous determination as to each question.  The Presiding Juror should then sign and date the Verdict Form in the spaces below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

**Date:** _____        **By:** _____

**Presiding Juror**

## II. <u>THE COURT SHOULD ADOPT MASIMO'S VERDICT FORM</u>

The parties agree that the verdict form should have four questions and on the subject matter of those questions. But the parties disagree on the wording and order of those questions. Masimo's verdict form follows the traditional format and order of questions as normally presented in a patent case. It also lists each of the four claims at issue for both infringement and validity as is typically done in cases involving more than one claim per patent. The Court should adopt Masimo's verdict form and reject Apple's verdict form for the following reasons.

### A. <u>Apple's Verdict Form Improperly Asks Whether "Features" Infringe</u>

Apple's proposed verdict form asks the jury to decide whether the "Apple Watch's Workout Mode and/or High-Low Heart Rate Notifications" features infringe any of the asserted patent claims. But the asserted claims are apparatus claims and the accused device is the Apple Watch. The question for the jury is whether that device infringes. A feature, by itself, cannot infringe because it would lack other characteristics of the claims. Masimo alleges that Apple infringes based on its importation, sale, and offer for sale of the Apple Watch. The accused products here are various models of the Apple Watch, not merely individual "features" of the watch. Thus, the jury must determine whether Apple importing, selling, or offering for sale the Apple Watch infringes the asserted claims. Apple's reference to specific features is incorrect and could confuse the jury.

Apple argues that the infringement question should identify specific "accused features" so that "the jury understand[s] specifically what is accused." Apple suggests that Masimo will rely on other "unaccused features" and presumably confuse the jury. But Apple's concerns are unfounded. Apple relies on Dr. Madisetti's "Summary of Operation of the Apple Watch" (Dkt. 2523-2 ¶ 137) as though that somehow shows "the reality of Masimo's allegations." And in that section, Madisetti actually explained

"Apple Watch models infringe" and his infringement analysis similarly addresses the Watch models.

More importantly, Masimo's Proposed Final Instruction No. 2A explains as follows: "Each accused watch includes a Workout Mode feature and a High/Low Heart Rate Notifications feature. Masimo alleges that each of those features in the Apple Watch separately causes Apple to infringe." By the time the jury deliberates, the jury will have been told many times that Masimo contends those two features in the Apple Watch separately causes Apple to infringe. Thus, there is no need to identify specific features of the Apple Watch on the verdict form.

Verdict forms in this District consistently refer to either the defendant or the accused products as the subject of the infringement question. *See MR Techs., GMBH v. Western Digital Techs., Inc.*, No. 8:22-cv-01599-JVS-DFM, Dkt. 574, Question No. 1 (C.D. Cal. July 26, 2024) ("*MR Techs.*"); *SPEX Techs., Inc. v. Apricorn*, No. 12:16-cv-07349-JVS-AGRx, Dkt. 287, Question No. 1 (C.D. Cal. Feb. 11, 2020) ("*Apricorn*"); *SPEX Techs., Inc. v. Western Digital Techs., Inc.*, No. 8:16-cv-01799-JVS-AGR, Dkt. 590, Question No. 1 (C.D. Cal. Oct. 18, 2024) ("*SPEX*"); *Broadcom Corp. v. Emulex Corp.*, 8:09-cv-01058, Dkt. 896, Question Nos. 1, 3, 5 (C.D. Cal. Oct. 12, 2011) ("*Broadcom*"). The same is true of the sample verdict form in the Northern District of California's Model Patent Jury Instructions. The infringement question in the sample verdict form refers to the "Alleged Infringer's accused product" and not any specific accused "feature." N.D. Cal. Model Patent Jury Instructions, Appendix C.3 (Sample Verdict Form) at Question 1.

Additionally, to help the jury, the verdict form should be consistent with the jury instructions. The model instructions uniformly refer to either the defendant or the accused products, *i.e.*, the Apple Watch, not an accused "feature." *See* FCBA Model Instruction No. 3.1a; AIPLA Model Instruction No. 3.2; N.D. Cal. Model Patent Jury

Instruction No. 3.3. Apple's proposed verdict form unnecessarily deviates from the model instructions on infringement.

Thus, the Court should adopt Masimo's infringement question and reject Apple's proposal to ask whether "features" infringe.

**B.    Apple's Verdict Form Fails To Ask About Each Asserted Patent Claim**

The infringement question should be specific as to each claim. Apple's proposed infringement question could also confuse the jury because it is inconsistent with the jury instructions, which tell the jury to decide infringement for each claim separately. *See* Joint Proposed Final Instruction No. 13 ("Infringement is assessed on a claim-by-claim basis."); *see also Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1373-76 (Fed. Cir. 2025) (accepting Apple's argument and vacating district court infringement judgment for abusing its discretion by failing to separate each patent on verdict form). The Federal Circuit's logic in *Optis Cellular* should also apply to any attempt to lump together numerous claims of a single patent into a single question.

Moreover, the jury should determine infringement ***and*** invalidity for each of the four asserted claims individually, as Masimo proposes. But Apple's proposed verdict form asks the jury to determine whether "any Asserted Claim" of the '776 Patent was infringed or whether "the infringed Asserted Claim(s)" are invalid, without specifying which Asserted Claims. Apple's proposal is problematic for several reasons.

First, Apple's proposed questions on infringement and invalidity diverts the jury's attention from the claim-by-claim approach required by the law, thus possibly causing unnecessary confusion. Apple's question on infringement asks whether "***any*** Asserted Claim" is infringed, while the invalidity question asks whether "***the*** infringed Asserted Claim(s)" are invalid, highlighting that the questions do not track the Asserted Claims. The jury could be confused as to how it should answer the invalidity question, for example, if it were to find some but not all of the asserted claims invalid. Apple's proposed questions are also inconsistent with the jury instructions. *See* Joint Proposed

Final Instruction No. 13 ("Infringement is assessed on a claim-by-claim basis."); Joint Proposed Final Instruction No. 20 ("In determining whether a claimed invention was obvious, consider each claim separately . . . .").

Second, and more importantly, Apple's proposed questions on infringement and invalidity provide for a scenario in which the issue of liability is indeterminate. Consider the implications of a "YES" verdict on both of Apple's questions. The jury could find that Apple infringes all four asserted claims. The parties then would have no way to know whether the jury found all or only a subset of the infringed claims invalid. In that case, Apple's proposed verdict form would leave the question of liability unresolved.

Third, and most importantly, a claim-by-claim infringement and validity verdict would clarify the record for post-trial motions and appeal. The parties and the Court should not have to guess which asserted claims were infringed and which asserted claims are not invalid. After trial, the parties should not have to argue every possibility due to such uncertainty, whether on JMOL or appeal.

For all these reasons, verdict forms in this District routinely ask the jury to determine infringement and validity ***for each asserted claim***. *See MR Techs.*, Dkt. 574, Question Nos. 1-2; *Apricorn*, Dkt. 287, Question No. 1; *Medtronic, Inc. v. Axonics, Inc.*, No. 8:19-cv-02115, Dkt. 595, Question Nos. 1, 3 (C.D. Cal. Sep. 18, 2024) ("*Medtronic*"); *Delta T LLC v. MacroAir Techs., Inc.*, No. 5:20-cv-00728, Dkt. 433, Question No. 1 (C.D. Cal. May 1, 2024) ("*Delta T*"); *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, No. 2:21-cv-01289-MCS-MAA, Dkt. 309, Question Nos. 1, 4-6 (C.D. Cal. Aug. 24, 2022) ("*Pavemetrics*"); *Seal4Safti, Inc. v. California Expanded Mental Prods. Co.*, 2:20-cv-10409-MCS-JEM, Dkt. 213, Question Nos. 1, 4-5 (C.D. Cal. May 10, 2022) ("*Seal4Safti*").

Apple argues that Masimo's proposed form "would force the jury to potentially wade through numerous discrete questions, when the necessary information can be gleaned from four or fewer." But Masimo's short two-page proposed verdict form has

four simple questions. Moreover, Masimo's claim-by-claim questions on infringement and validity will not confuse or overburden the jury. Masimo asserts just one independent claim and three claims that depend from that claim. And, as explained above, the jury instructions will require the jury to analyze each patent claim separately for infringement and validity.

Thus, the Court should adopt Masimo's infringement and validity questions.

## C. Apple's Verdict Form Improperly Conditions Answering Validity On Finding Infringement

Masimo's verdict form correctly has the jury decide validity, regardless of how the jury decides infringement. Apple's proposed question on validity conditions an answer on the jury first finding infringement. But it is "the better practice" for the trial court to decide **both** validity and infringement regardless of any infringement finding. *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945); *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993) (citing *Sinclair & Carroll* with approval); *see also Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1540 (Fed. Cir. 1983) ("When presented with patent validity and infringement issues, trial courts should… decide both."); *Lindemann Maschinenfabrik GMBH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1463 (Fed. Cir. 1984) ("A district court should decide validity and infringement and should enter a judgment on both issues **when both are raised in the same proceeding**."). These cases do not depend on whether the invalidity issue is raised by defense or counterclaim as Apple argues. That counterclaim distinction matters only when the court finds no infringement before or after the trial and needs to decide whether to enter judgment on invalidity. Apple's cases do not concern the structure and language in a verdict form when both issues are presented to the jury.

Apple's proposal heightens the risk of inefficiency and inconvenience. Under Apple's proposal, a second trial on validity may become necessary if a jury verdict of non-infringement is reversed. *See Stratoflex*, 713 F.2d at 1540-41 ("If a judgment

limited to one issue is reversed, it may become necessary to again call many of the same persons before the court for trial or argument on the other."); *Lindemann*, 730 F.2d at 1463-64 ("To enter judgment on less than all dispositive issues can be inefficient, risking as it does the necessity of the district court and the parties undertaking participation in another long and costly proceeding."). This inefficiency and possible need for a second trial would exist regardless of whether the invalidity issue is raised by defense or counterclaim.

Accordingly, the Northern District of California Model Patent Jury Instructions include a sample verdict form instructing jurors as follows: "The questions regarding invalidity should be answered ***regardless*** of your finding with respect to infringement." N.D. Cal. Model Patent Jury Instructions, Appendix C.3 (Sample Verdict Form) ("Findings on Invalidity Defenses") (emphasis added).

Verdict forms in this District also routinely omit stop instructions like Apple's before questions on invalidity. *See MR Techs.*, Dkt. 574, Question No. 2; *Broadcom*, Dkt. 896, Question Nos. 7-9, 13-15; *Epistar*, Dkt. 457, Question Nos. 6-12; *Medtronic*, Dkt. 595, Question Nos. 3-4; *Pavemetrics*, Dkt. 309, Question Nos. 4-6; *Seal4Safti*, Dkt. 213, Question Nos. 4-5. Apple's cited examples of verdict forms including a stop instruction are primarily from other districts. In any event, as explained above, the better course of action is for the jury to answer the validity question regardless of infringement.

Moreover, Apple's conditional question on validity reflects Apple's attempt to inject claim construction issues into the jury's validity analysis. Apple's proposed jury instructions state: "Apple also contends that ***under Masimo's interpretation and application of the Asserted Claims***, the claims are invalid. In other words, Apple contends that ***if the claims are interpreted and applied in a way*** that covers the Workout Mode and/or High/Low Heart Rate Notification features, then they are also invalid." Apple's Proposed Initial Instruction No. 4B. Apple's reference to "Masimo's interpretation" of the asserted claims improperly invites the jury to analyze the parties'

claim construction positions in resolving the issue of validity.  For example, Apple's proposal would require the jury to determine what "Masimo's interpretation" of the asserted claims is and whether it applies.  But claim interpretation is a legal question that the Court has already decided.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed.Cir.1995) (en banc), *aff'd* 517 U.S. 370 (1996).  Claim construction is not a factual finding for the jury.  *Id.*; *see also Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury.").

Similarly, Apple's argument in support of its proposed stop instruction states: "That is, the asserted claims are invalid only ***if they are read so broadly*** as to render the accused Apple Watches infringed [*sic*]."  Again, the breadth of the asserted claims is a claim construction issue that the Court has already resolved.  The cases Apple cites are not applicable here as Apple has never explained what construction Masimo is advocating that would somehow sweep in prior art to cause the asserted claims to read on Apple's prior art that could render the claims invalid for anticipation.  *See 01 Communique Laboratory, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018); *Deere & Co. v. AGCO Corp.*, 659 F. Supp.3d 418, 448 (D. Del. 2023).  Indeed. Apple is not even alleging anticipation in this case.  Its invalidity case is for obviousness only requiring various combinations of references.  Nothing suggests that a party may argue settled claim construction disputes before the jury and should not raise new claim construction arguments to the jury.

*Flexuspine, Inc. v. Globus Med., Inc.* also does not support Apple's proposed stop instruction.  879 F.3d 1369, 1374-75 (Fed. Cir. 2018).  The issue in that case was whether the district court properly required the jury to resubmit the verdict form after the jury failed to obey a stop instruction.  *See id.*  The Federal Circuit held that the district court acted within its discretion.  *See id.* at 1375.  Also, unlike here, in *Flexuspine* a party never objected to the stop instruction itself.  *See id.* at 1374.

---

1    Accordingly, the Court should adopt Masimo's proposal to have the jury decide

2    both infringement and validity regardless of the jury's infringement verdict.

3    **D.    The Court Should Adopt Masimo's Damages Question**

4    Masimo's proposed damages question asks the jury to decide "the total reasonable

5    royalty."  Masimo's proposed verdict form presents the issue in a simple way that best

6    comports with the legally relevant question—*i.e.*, the amount of damages.

7    Apple's proposed damages question is flawed for the following reasons.

8    First, Apple needlessly includes the introductory clause, "If you find that Apple

9    infringed one or more valid patent claims."  This clause is redundant and biased because

10   the form already instructs the jury to answer the damages question only if it finds Apple

11   infringed a valid claim.

12   Second, Apple's question asks the jury to determine the "value attributable to the

13   infringement."  But the Court will instruct the jury on apportionment.  There is no need

14   to include details of apportionment in the damages question on the verdict form.  Doing

15   so would overemphasize apportionment and could confuse the jury.  Apple's attempt to

16   include concepts from Federal Circuit case law is unhelpful because those concepts are

17   already captured in the jury instructions.

18   **E.    Willful Infringement Should Come After Infringement, Not Damages**

19   The logical placement of the willful infringement question is immediately after

20   the infringement question, as Masimo proposes.  Apple places the willful infringement

21   question after questions on validity and damages.  Doing so could confuse the jury and

22   disrupt the logical flow of the jury's analysis.

23   Moreover, Apple would have the jury answer the willful infringement question

24   only if the jury found infringement and no invalidity.  In fact, Apple argues that the

25   willfulness question should come last for this reason.  But the jury should decide willful

26   infringement regardless of validity.  If the jury finds that Apple infringes, then it should

27   decide whether Apple's infringement was willful.  Such a verdict would provide clarity

28

1    in the record for post-trial motions and appeal.  It would also lessen the risk of

2    inefficiency and inconvenience as Masimo explained above in the context of Apple's

3    proposed conditional question on validity (Section C).

4        Masimo's proposal is also consistent with the FCBA and Northern District of

5    California model patent jury instructions and a common model verdict form. Both model

6    jury instructions instruct the jury on willful infringement before any instructions on

7    validity or damages.  FCBA Model Instruction No. 3.10 (in Section B.3 on

8    "Infringement"); N.D. Cal. Model Instruction No. 3.8 (also in Section B.3 on

9    "Infringement").  The Northern District of California sample verdict form asks about

10   willful infringement in an infringement section before any questions on validity or

11   damages.  N.D. Cal. Model Patent Jury Instructions, Appendix C.3 (Question 5b).

12       Courts in this District also routinely place questions on willfulness immediately

13   after questions on infringement and before any questions on invalidity or damages.  *See*

14   *Broadcom*, Dkt. 896, Question Nos. 1-6, 17-22; *Epistar*, Dkt. 457, Question Nos. 1-4;

15   *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, No. 2:21-cv-01289-MCS-MAA, Dkt. 309,

16   Question Nos. 1-3 (C.D. Cal. Aug. 24, 2022); *Seal4Safti, Inc. v. California Expanded*

17   *Mental Prods. Co.*, 2:20-cv-10409-MCS-JEM, Dkt. 213, Question Nos. 1-2 (C.D. Cal.

18   May 10, 2022).

19       Finally, Apple's argument is premised on the jury disregarding the jury

20   instructions and somehow using the willfulness finding to increase the reasonable

21   royalty.  But the jury instructions prohibit such reasoning.  The following instruction,

22   agreed to by the parties, says: "If you determine that any post-suit infringement was

23   willful, that decision ***must not affect*** the amount of any damages award you give for

24   infringement.  I will take willfulness into account later if you find it." *See* Apple's

25   Proposed Initial Instruction 4B; Apple's Proposed Final Instruction 32; Masimo's

26   Proposed Initial Instruction 4A; Masimo's Proposed Final Instruction 17.

27

28

**F.**     **The Questions Should Include The Applicable Burden Of Proof**

Masimo's proposed verdict form includes the burden of proof in each question, while Apple's proposed form omits the burden of proof.  Apple's omission could cause jury confusion.  The jury must decide infringement, willful infringement, and damages under the preponderance of the evidence standard.  It must decide invalidity under the clear and convincing evidence standard.  Masimo's proposal helps the jury by clarifying the burden of proof that applies to each question, particularly where the jury must apply a different burden of proof for validity.

Page 1 of the verdict form, on which Masimo and Apple agree, instructs the jury to refer to the jury instructions for guidance on the applicable law.  Including the applicable burdens of proof in the verdict-form questions will remind the jury to consult the jury instructions to conduct the proper analysis for each question.

Verdict forms in this District routinely include the burden of proof in questions on patent infringement, willful infringement, invalidity, and damages.  *See MR Techs.*, Dkt. 574, Question Nos. 1-3; *Apricorn*, Dkt. 287, Question Nos. 1-2; *SPEX* , Dkt. 590, Question Nos. 1-2; *Broadcom*, Dkt. 896, Question Nos. 1-6, 9-12, 15-23; *Medtronic*, Dkt. 595, Question Nos. 1-6; *Pavemetrics*, Dkt. 309, Question Nos. 1-7.

**G.**   **Conclusion**

For all these reasons, the Court should adopt Masimo's proposed verdict form rather than Apple's.  Masimo's verdict form is simple and straightforward, while Apple's is so vague that it injects ambiguity and risks retrial on remand.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPLE'S PROPOSED VERDICT FORM AND OBJECTIONS TO**

**MASIMO'S PROPOSED VERDICT FORM**

# I.   APPLE'S PROPOSED VERDICT FORM

When answering the following questions and completing this Verdict Form, please follow the directions provided throughout the form and in accordance with the Jury Instructions.  Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.  Your answer to each question must be unanimous.

As used in this form:

1.   "Masimo" refers to Plaintiff Masimo Corporation;

2.   "Apple" refers to Defendant Apple Inc.;

3.   The "'776 Patent" refers to U.S. Patent No. 10,433,776.

1

2

## QUESTION 1:

3

Did Masimo prove that Apple Watch's Workout Mode and/or High-Low Heart Rate

4

Notifications infringed any Asserted Claim of the '776 Patent?

5

6

Yes (for Masimo) _____

7

8

No (for Apple) _____

9

10

11

12

13

14

**Answer Question 2 only for those claims (if any) that you answered "YES" for Question 1 – otherwise do not answer this question.**

15

16

## QUESTION 2:

17

18

If you found that any Asserted Claim was infringed, did Apple prove that the infringed

19

Asserted Claim(s) of the '776 Patent is/are invalid?

20

21

No (for Masimo) _____

22

23

Yes (for Apple) _____

24

25

26

27

28

**Answer Questions 3 and 4 only if you answered "YES" for Question 1 and "NO" for Question 2 – otherwise, do not answer these questions.**

**QUESTION 3:**

If you find that Apple infringed one or more valid patent claims, what amount of money has Masimo shown would compensate it for the value attributable to the infringement?

$ _____

**QUESTION 4:**

Has Masimo proved that any infringement after January 9, 2020 by Apple of one or more claims of the '776 Patent was willful?

Yes (for Masimo) _____

No (for Apple) _____

Please continue to the next page.

You have now reached the end of the Verdict Form.  Please review the Verdict Form to ensure it accurately reflects your unanimous determination as to each question. The Presiding Juror should then sign and date the Verdict Form in the spaces below and notify the Courtroom Deputy that you have reached a verdict.  The Presiding Juror should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

**Date:**  _____          **By:**  _____

                                                                                       **Presiding Juror**

## II.  THE COURT SHOULD ADOPT APPLE'S VERDICT FORM

As Masimo (successfully) argued in the lead-up to the April 2023 trial, "[t]he Verdict Form should be as simple and streamlined as possible."  Dkt. 1547 at 6; *see* Dkt. 1501 (ultimate verdict form).  Apple's verdict form for the November 2025 trial adopts that approach in three ways.  ***First***, Apple's form presents the jury with three simple yes/no questions and a single line for damages, if any.  ***Second***, Apple's form requires the jury to answer only questions that matter to the ultimate outcome—for example, permitting the jury to stop if they find Apple did not infringe any asserted claim.  ***Third***, Apple's form minimizes unnecessary legalese (e.g., references to the burdens of proof) and instead refers the jury to this Court's instructions for guidance on all legal questions. Masimo's proposed verdict form, in contrast, forces the jury to answer numerous questions that may be entirely superfluous if the jury finds non-infringement, and is needlessly complex in some places and insufficiently detailed in others..

***First***, Question No. 1 of Masimo's proposed form fails to specifically identify the features of Apple Watch that purportedly infringe the asserted patent—i.e., Workout Mode and High/Low Heart Rate Notifications.  Apple's proposal reflects the reality of Masimo's allegations.  Indeed, Masimo's expert Dr. Madisetti's opinion is that Apple Watch models "infringe the Asserted Patent[] in two ways":  (1) "using the Automatic Gain Control and Optical Power Control algorithm for the workout feature," and (2) "based on escalations of the heart rate algorithm performed … for heart rate notifications."  Dkt. 2550-1 ("Madisetti Opening") ¶ 137.  Masimo wrongly asserts Apple takes that passage out of context.  The relevant three sentences are reproduced below:

> In my opinion the Apple Watch Series 0-10, SE (1st and 2nd Generation), Ultra, and Ultra 2 infringe the Asserted Patents in two ways.  First, all Apple Watch models infringe using the Automatic Gain Control and Optical Power Control algorithm for the workout feature.  Second, Apple Watch Series 1-10, SE (1st and 2nd Generation), Ultra, and Ultra 2 infringe based on escalations of the heart rate algorithm performed on Apple Watch for heart rate notifications.

Masimo's failure to reference those specific accused features in the verdict form is important because Watch has many other features, including several features related to pulse rate that undisputedly do not infringe, such as Irregular Rhythm Notifications (IRN), Atrial Fibrillation, ECG, and Blood Oxygen. *See* Dkt. 2552-3 ("Mercier Rebuttal Rpt.") ¶¶ 254-284.  Dr. Madisetti has conceded that these unaccused features are "not relevant to any issue in this case."  Dkt. 2552-4 ("Madisetti Reply") ¶ 109.  Masimo's most recent briefs, however, cite evidence regarding these non-accused features to support their merits case.  *See, e.g.*, Dkt. 2629 at 5 (noting Masimo relied on data regarding ECG and IRN features in opposing motion to strike); Dkt. 2715-1 (noting Masimo's opposition to Apple's MIL No. 1 indicates Masimo intends to rely on statements made in administrative proceedings regarding the Blood Oxygen and Atrial Fibrillation features).

Because Masimo accuses some but not all pulse-rate-related features of meeting various claim terms (e.g., first/second duty cycles, light sources, and control protocol), Masimo's assertion that its infringement allegations rest on the importation/sale of Apple Watch as a whole—rather than on the operation of a few specific individual features—is incorrect.  Given the unique facts of this case and how critical it is that the jury understand specifically what is accused, Apple submits that the verdict form should make clear which aspects of Apple Watch are alleged to infringe and which are not.  Put simply, Apple's proposal will ensure that the jury does not mix-and-match evidence regarding the accused features with evidence regarding pulse-rate-related features that were never—or are no longer—accused.

***Second***, Question No. 3 of Masimo's proposed form wrongly attempts to control how Apple presents its own invalidity defense.  As Masimo knows, Apple intends to argue that the jury does not need to reach validity unless it finds infringement of one or more claims.  That is, the asserted claims are invalid only if they are read so broadly as to render the accused Apple Watches infringed.  Masimo suggests that this position lacks

grounding in the law, but ignores that the Federal Circuit expressly approved this approach in *01 Communique* after it was used by a defendant during a jury trial.  In that case, the Federal Circuit advised that nothing "preclude[s] a litigant from arguing that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art."  *01 Communique Laboratory, Inc. v. Citrix Systems, Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018).  Specifically, the *01 Communique* court held that "[t]here was nothing improper about [defendant's] argument" to the jury "that under the trial court's claim construction claims 24 and 45 were valid, but not infringed, … but that if Communique attempted to expand the scope of its claims to [cover the accused items] … then the claims would be invalid in light of the prior art."  *Id.* at 741-742

Apple's proposed form merely embodies the *01 Communique* principle.  *See Deere & Co. v. AGCO Corp.*, 659 F.Supp.3d 418, 448 (D. Del. 2023); *cf. Flexuspine, Inc. v. Globus Med., Inc.*, 879 F.3d 1369, 1374-1375 (Fed. Cir. 2018) (affirming district court's ruling that verdict form permissibly "submitted the issue of invalidity to the jury only as an affirmative defense").  And despite Masimo's suggestion, numerous other courts have issued verdict forms that use similar language, including in this District.  *See, e.g.*, *Lubby Hldgs. LLC v. Chung*, No. 2:18-cv-715 (C.D. Cal. May 9, 2019) Dkt. 74 at 2; *see also Anonymous Media Research Hldgs. LLC v. Samsung Electronics Co.*, No. 2:23-cv-439 (E.D. Tex. Sept. 26, 2025) Dkt. 262 at 5; *Daingean Techs. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-cv-347 (E.D. Tex. July 11, 2025) Dkt. 461 at 5-6; *Netlist v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-293 (E.D. Tex. Nov. 22, 2024) Dkt. 847 at 4-5; *Mojo Mobility Inc. v. Samsung Electronics Co.*, No. 2:22-cv-398 (E.D. Tex. Sept. 13, 2024) Dkt. 297 at 5-6; *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:12-cv-100 (E.D. Tex. Mar. 16, 2015) Dkt. 399 at 3.

In the version of the brief that Apple has received, Masimo does not identify any case where a court has—over a defendant's objections—required a jury to resolve the

---

validity of all claims that the jury has found not infringed.  Instead, Masimo relies on the Supreme Court's decision in *Cardinal Chemical v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), and related cases for the proposition that it is a "better practice" to resolve invalidity and infringement in a single proceeding.  But such cases are inapposite for at least two reasons.

First, there is a "critical[] differen[ce]" between this case and *Cardinal—Cardinal* involved an invalidity **counterclaim**, *id.* at 93-94, rather than (as here) invalidity raised only as an affirmative defense, *see* Dkt. 370 ¶ 373.  As *Cardinal* explains, "[a]n unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."  508 U.S. at 93-94; *see also Altvater v. Freeman*, 319 U.S. 359, 363 (1943) (holding that, in a case with no invalidity counterclaim, "[t]o hold a patent valid if it is not infringed is to decide a hypothetical case").  Second, even if this case involved a counterclaim, the Federal Circuit has held that (1) a defendant can voluntarily waive/abandon such a claim if it prevails on infringement, *Top Brand LLC Cozy Comfort Co.*, 143 F.4th 1349, 1363 (Fed. Cir. 2025), and, in any event, (2) even after *Cardinal*, "a district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed" has discretion to "either hear the claim or dismiss it without prejudice," *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370-1371 (Fed. Cir. 2004) (collecting cases).  That is because *Cardinal*'s holding is a limitation on the Federal Circuit, not district courts.  The decision prohibits the Federal Circuit, "as an intermediate appellate court, from vacating a judgment of invalidity when [it] conclude[s] that a patent has not been infringed, and therefore has no bearing on the district court's actions[.]"  *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998).[1]

---

[1] Masimo's other cases involve dicta.  In *Sinclair & Carroll* and *Stratoflex*, the reviewing court was noting the district court's actions with approval.  325 U.S. 327, 330 (1945); 713 F.2d 1530, 1540 (Fed. Cir. 1983).  And in *Lindemann*, the Federal Circuit was noting an inefficiency concern caused by the court commenting on—but failing to enter judgment on—infringement.  730 F.2d 1452, 1464 (Fed. Cir. 1984).

1    Masimo argues that its cases "do not depend on whether the invalidity issue is

2 raised by defense or counterclaim." That is a non-sequitur, as *Cardinal* expressly relied

3 on that distinction to distinguish the earlier *Altvater*. 508 U.S. at 94-95. And Masimo

4 has no answer at all to Apple's other points—i.e., that the defendant has the right to

5 abandon even an invalidity counterclaim upon a finding of non-infringement and that

6 this Court (as opposed to the Federal Circuit) retains discretion to end the case upon a

7 finding of non-infringement without reaching invalidity.

8    ***Third***, Question No. 4 of Masimo's proposed form fails to limit the jury's award

9 to the amount that is "attributable" to Apple's purported use of Masimo's technology.

10 While Masimo criticizes Apple's use of that term, Apple's proposal draws directly from

11 Federal Circuit case law regarding apportionment. Specifically, "[n]o matter what the

12 form of the royalty, a patentee must take care to seek only those damages ***attributable***

13 ***to*** the infringing features," *VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1326

14 (Fed. Cir. 2014) (emphasis added), and—even then—a patentee is only entitled to the

15 "incremental value that the ***patented invention*** adds to the end product," *Finjan, Inc. v.*

16 *Blue Coat Systems, Inc.*, 879 F.3d 1299, 1310-1311 (Fed. Cir. 2018) (rejecting patentee's

17 attempt to claim the value of the "non-infringing functions" of a "multi-component

18 software engine" (emphasis added)); *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d

19 1201, 1226 (Fed. Cir. 2014) ("As a substantive matter, it is the 'value of what was taken'

20 that measures a 'reasonable royalty' under 35 U.S.C. § 284."). Oddly, Masimo now

21 attacks Apple's verdict form as ***too faithful*** to Federal Circuit case law. But Apple

22 submits that it is vital that the jury be fully informed that any damages awarded must be

23 tied to the (very narrow) claimed invention. And while Masimo quibbles with the

24 statement that the jury should only award damages if it finds at least one claim infringed

25 and valid, Masimo does not dispute that it is an accurate statement of the law.

26    ***Fourth***, Masimo's proposed form has several flaws that affect multiple questions.

27 As an initial matter, Masimo's proposal would force the jury to potentially wade through

28

numerous discrete questions, when the necessary information can be gleaned from four or fewer. *Cf.* Dkt. 1547 at 6 (Masimo successfully arguing in April 2023 trial that "a verdict form need not, and should not, list every issue that the jury may consider during deliberations").[2]  In particular, Masimo asks the jury to rule on the infringement ***and*** invalidity of ***each*** of the four asserted claims—three of which depend on the fourth.  But if the jury finds in Apple's favor on infringement, validity is—as the Supreme Court noted in the *Altvater* case cited above—an irrelevant, "hypothetical" question.

Masimo is wrong to suggest that Apple's proposed singular infringement and invalidity questions could cause jury confusion or lead to an unclear record.  If the jury answers YES to Question No. 1, it need not reach Question No. 2.  If the jury reaches Question No. 2, a YES answer will mean Apple is not liable (because the jury has found that each of the infringed claim(s) is/are invalid) and a NO answer will mean Apple is liable.  Masimo can hardly complain about the lack of further granularity, given that Masimo's damages expert has asserted that damages will remain the same regardless of whether Apple is found liable for one asserted claim or all four.  Dkt. 2647 at 3.

Masimo's reliance on the *Optis* decision is also misplaced, as the Federal Circuit made clear its holding—i.e., that individual patents must be listed separately on a verdict form—did not extend to the question of "whether the verdict form need[s] to be broken out on a claim-by-claim basis."  *See Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1375 n.6 (Fed. Cir. 2025).  Rather, the *Optis* Court's ruling was rooted in the distinct principle that "each ***patent*** asserted raises an independent and distinct cause of action."  *Id.* at 1375 (emphasis added and citation omitted).

Relatedly, Masimo's proposed form instructs the jury to resolve whether the asserted claims were willfully infringed before reaching validity.  This is again a request

---

[2] Masimo is wrong when it states (in its introduction) that both side's proposed verdict forms have "four questions."  Masimo's form asks the jury to answer a total of ten questions—four on invalidity, four on infringement, one on willfulness, and one on damages.

for potentially superfluous information, as an invalid claim cannot be infringed—willfully or otherwise. *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 644-645 (2015) ("To say that an invalid patent cannot be infringed … is in one sense a simple truth[.]"); *see also, e.g.*, *Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1344, 1351 & nn.3, 13 (Fed. Cir. 2019) (setting aside jury's finding of willful infringement because, *inter alia*, it could have been based on infringement of claims that "were abandoned during [an] ex parte reexamination proceeding").  Both the American Intellectual Property Law Association Model and this Court have placed willfulness after invalidity, *see Dbest Products v. Guangzhou Yucheng Trading Co.*, No. 21-cv-4758 (C.D. Cal. Mar. 3, 2023), Dkt. 190, at 36, as does one of the verdict forms that Masimo relies upon for other points, *see, e.g.*, *Medtronic, Inc. v. Axonics, Inc.*, No. 8:19-cv-02115, Dkt. 595, Question No. 5 (C.D. Cal. Sept. 18, 2024).  And—consistent with *Dbest* and the AIPLA model—Apple's proposed form places the willfulness finding after damages to avoid the prospect that the jury might (inadvertently and impermissibly) take such a finding into account when assessing the amount of the reasonable royalty. Masimo notably does not dispute that putting willfulness before damages may implicitly prime the jury to consider Apple's (purported) willful conduct when determining the amount of Masimo's (supposed) damages.

Masimo's proposed form also unnecessarily includes the parties' respective burdens on the issues before the jury.  The Court did not include the parties' burden in the April 2023 jury trial verdict form, *see* Dkt. 1501, and for good reason—such information is explained in detail in the jointly proposed jury instructions then and now, *cf.* Dkt. 1547 at 6-7 (Masimo successfully arguing in April 2023 that "even verdict forms that include special questions should not contain the same level of detail as the jury instructions").[3]  Indeed—as Masimo concedes—both sides' proposed forms agree that

---

[3] As here, the April 2023 jury trial involved some legal questions that turned on preponderance standard (e.g., trade secret misappropriation) and others that turned on a clear and convincing standard (patent inventorship).

the jury should consult the jury instructions for "guidance on the law applicable to the subject matter covered by each question."  Masimo's assertion that the (unnecessary) repetition of the burdens in the verdict form will further "remind the jury to consult the jury instructions" is another non-sequitur.  If anything, putting too much legal guidance in the verdict form may lead the jury to conclude that they do not need to look back at the instructions before making a decision.   At a minimum, Masimo's position is inconsistent with its arguments about the language in Apple's proposed damages instruction.  If this Court includes Masimo's proposed language regarding burdens, it should also include Apple's language regarding apportionment ("attributable to the infringement") and the fact that the jury can only award damages on an infringed and valid claim.

* * *

In sum, Apple agrees with Masimo's prior position that "[t]he Verdict Form should be short, simple, and easy to understand to make the jury's task as manageable as possible." Dkt. 1547 at 7.  In this trial, however, "[Masimo's] proposed Verdict Form is not." *Id.*

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 24, 2025          By: /s/ Nicholas M. Zovko
                                      Nicholas M. Zovko

                                 Attorneys for Plaintiffs
                                 MASIMO CORPORATION and
                                 CERCACOR LABORATORIES, INC.

                                 WILMER CUTLER PICKERING HALE AND DORR, LLP

Dated: October 24, 2025          By: /s/ Mark Selwyn
                                      Mark Selwyn

                                 Attorneys for Defendant
                                 APPLE INC.

### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: October 24, 2025     By: /s/ Nicholas M. Zovko
                                Nicholas M. Zovko