Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
Nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S OPPOSITION TO APPLE'S MOTION FOR RECONSIDERATION OF *DAUBERT* RULING BARRING DR. RAJA'S TESTIMONY**<br><br>Date: November 3, 2025<br>Time: 1:30 pm<br>Location: Courtroom 10C |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Apple's Motion rehashes arguments it already made and lost. Thus, Apple fails the threshold test for the extraordinary remedy of reconsideration. At base, Apple complains again about a sound discretionary ruling that excluded purported "expert" opinions from a non-POSITA about claim construction and infringement. Nothing here warrants reconsideration. Allowing Raja to testify would be clear error.

Apple's Motion also rests on a faulty premise. The Court's *Daubert* ruling does not conflict with the Court's tentative ruling on Apple's MIL #1. The *Daubert* ruling addressed exclusion of Carter and Raja, who are individuals Apple disclosed only as experts who everyone agrees are not POSITAs. The Court excluded Raja after correctly finding that his disclosed opinions address claim construction and infringement. By contrast, the tentative ruling on Apple's MIL #1 addressed whether Apple's own adopted admissions from another proceeding should be excluded *in limine*. The tentative ruling on that issue is also correct. Masimo should be allowed to use Apple's own adopted admissions and Madisetti should be allowed to use those admissions to inform his opinions as a POSITA. The two decisions address different issues and do not conflict.

Nor is there any truth to Apple's complaint that it cannot respond to Madisetti without Raja. Apple designated two other experts who are both POSITAs to respond to Madisetti. The Court correctly did not allow Apple to pile on with a third purported "expert" who is not a POSITA. There is nothing to reconsider.

A.  **Apple Has Not Met The Standard For Reconsideration**

A "motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Bauer v. Hill*, 2023 WL 2733453, at *1 (C.D. Cal. Jan. 26, 2023). The Local Rules mandate that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Local Rule 7-18. They allow reconsideration only on three narrow grounds. *Id.* Here, Apple argues only that it satisfies the second ground ("new material facts or a change of law"). Br. at 3, n.2. But Apple relegates its argument to a single conclusory footnote that identifies no new

-1-

material fact or change in law. *See id.* Instead, Apple openly violates Local Rule 7-18 by rehashing its prior arguments. For example, Apple argued at the *Daubert* hearing: "So if Your Honor were to permit Dr. Madisetti to rely on physicians making statements about Apple Watch" then "clearly Dr. Raja should be allowed to respond to those physicians and offer his own opinion …." Dkt. 2708 at 14:7-14. Thus, the Court issued its *Daubert* ruling after having heard the same argument that Apple raises in its Motion.

Apple also repeats its argument that Raja should be allowed to testify factually that "the accused features do miss cardiac events" to show Apple Watch is not a "patient monitor." Mot. at 2. Apple made that argument at the hearing and in its opposition brief. Dkt. 2708 at 12:6-13:23 (arguing Raja should be allowed to offer the opinions Apple cites here about missing events); Dkt. 2588 at 9 (arguing Raja should be allowed to testify "why Apple Watch's physiological sensing capabilities are insufficient to make them 'patient monitors'"). The *Daubert* ruling quoted that identical passage from Apple's brief and found Apple's argument "not persuasive." Dkt. 2771 at 10.

Apple also repeats its earlier argument that Raja's testimony is not comparable to "*Kyocera*," which concerned a "non-POSITA" testifying about "claim construction, validity, or infringement." *Compare* Mot. at 2-3 *to* Dkt. 2588 at 9 (distinguishing "*Kyocera*" by arguing Raja did not opine on "infringement" or "invalidity" from a POSITA's perspective); Dkt. 2708 at 17 ("we didn't offer him as a claim construction and noninfringement expert"). The *Daubert* ruling rejected Apple's argument, explaining "[a]n opinion that the Apple Watch cannot be a patient monitor due to insufficient physiological sensing capabilities both interprets the term 'patient monitor' and applies that interpretation to the accused products." Dkt. 2771 at 10.

Accordingly, the Court should deny Apple's Motion because it fails to meet the threshold test for the extraordinary remedy of reconsideration.

B. **Apple's Fairness Arguments Lack Merit**

Apple's fairness arguments also are baseless. First, the Court's decisions do not conflict. The *Daubert* ruling correctly excluded Raja's opinions because he is not a

-2-

1  POSITA.  Dkt. 2771 at 9-10.  The tentative on Apple's MIL #1 correctly found Apple's
2  adopted admissions from another proceeding were relevant and not unduly prejudicial.
3  10/17/2025 Tentative at 6.  And it correctly found Masimo and its expert may rely on
4  those admissions.  *Id.*  These are different issues.

5        Second, Apple argues it is unjust to allow Masimo to rely on physician letters
6  "submitted to the ITC by the doctors/institutions themselves," who were "not Apple
7  witnesses."  Mot. at 3.  But Apple *relied* on them at the ITC to argue that physicians'
8  use of the Apple Watch to monitor patients was critical.  *See, e.g.*, Dkt. 2683, Ex. 1 at
9  39 (Apple's ITC brief relying on physician letters lauding accuracy, including for the
10 "heart rate" feature at issue here).  And Apple again relied on the same letters at the
11 Federal Circuit.  *Id.*, Ex. 2 at 21-22.

12       Third, Apple argues it is unable to "probe" Madisetti's assertions about the
13 physician letters without Raja.  Mot. at 3.  But Apple omits that it designated a POSITA
14 (Mercier) to respond to Madisetti, including by addressing those same physician letters.
15 Dkt. 2548-5 (Mercier Rebuttal) ¶ 336.  Thus, both parties will present competing
16 testimony from POSITAs, specifically about the physician letters Apple submitted and
17 used in prior proceedings.  Notably, Apple ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 (Powell Decl., Ex. 1 at 165:12-166:4, 168:10-169:1) that it could have disclosed and
19 called as fact witnesses.  Apple did not do so, presumably because Apple's lead doctor
20 and Vice President of Health testified at her deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*,
22 Ex. 2 at 47:8-18.

23       Fourth, Apple argues Masimo's MIL brief "recognized" Raja and Madisetti are
24 "closely linked."  Mot. at 3.  Masimo's brief never mentioned Madisetti.  Dkt. 2683 at
25 8.  Masimo argued Apple's ITC statements rebutted the opinions from **four** Apple
26 "experts" about "what qualifies as a patient monitor."  *Id.*  That is still true because the
27 Court allowed two of those experts (Mercier and Warren) to testify.  Dkt. 2708 at 11.

28       Accordingly, Apple presents no basis to reconsider the Court's *Daubert* order.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: October 27, 2025 | By: */s/ Adam B. Powell* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Sheila N. Swaroop |
|   | Brian C. Horne |
|   | Brian C. Claassen |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Kendall M. Loebbaka |
|   | Daniel P. Hughes |
|   | Douglas B. Wentzel |
|   |   |
|   | Attorneys for Plaintiffs |
|   | MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Masimo Corp. certifies that this brief contains 3 pages, which:

\_ complies with the word limit of L.R. 11-6.1.

X complies with the page limit proposed in the stipulation filed with this Court on October 23, 2025.

Dated: October 27, 2025      By: */s/ Adam B. Powell*
        Joseph R. Re
        Stephen C. Jensen
        Sheila N. Swaroop
        Brian C. Horne
        Brian C. Claassen
        Mark D. Kachner
        Adam B. Powell
        Kendall M. Loebbaka
        Daniel P. Hughes
        Douglas B. Wentzel

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.