MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br>Plaintiffs, <br><br>v. <br><br>APPLE INC., a California corporation, <br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S TRIAL BRIEF** <br><br> Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

# TABLE OF CONTENTS

I. APPLE'S COUNTER-SUMMARY OF THE CASE ......................................................... 1

II. APPLE'S PROPOSED JURY INSTRUCTION REGARDING NOMINAL DAMAGES IS PROPER AND, REGARDLESS, MASIMO'S CHALLENGE IS PREMATURE .................... 2

III. MASIMO ELIDES THE FACT THAT IT ALLEGES ONLY THAT A FEW SPECIFIC FEATURES OF APPLE WATCH INFRINGE THE '776 PATENT .................................... 6

APPLE'S TRIAL BRIEF

i    CASE NO. 8:20-cv-00048-JVS (JDEx)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Motorola Inc.*,
    757 F.3d 1286 (Fed. Cir. 2014) ................................................................... 4, 5, 6

*Dow Chem. Co. v. Mee Indus.*,
    341 F.3d 1371 (Fed. Cir. 2003) ............................................................................ 5

*Info-Hold, Inc v. Muzak LLC*,
    783 F.3d 1365 (Fed. Cir. 2015) ............................................................. 2, 4, 5, 6

*Rex Medical, L.P. v. Intuitive Surgical, Inc.*,
    -- F.4th--, 2025 WL 2799030 (Fed. Cir. Oct. 2, 2025) ...................................... 3, 5

*TecSec, Inc. v. Adobe Inc.*,
    978 F.3d 1278 (Fed. Cir. 2020) ................................................................... 3, 4, 5

**Statutes**

35 U.S.C. § 284 ............................................................................................... 3, 4, 5

**Docketed Cases**

*SPEX Techs., Inc. v. W. Digital Techs., Inc.*,
    No. 8:16-cv-1799 (C.D. Cal.) ......................................................................... 3, 4, 5

Apple submits the following brief pursuant to Local Rule 16-10 in order to (1) provide a counter summary of the case in response to Masimo's Memorandum of Contentions of Fact and Law, Dkt. 2722; (2) address a pending jury-instruction dispute that was improperly raised and briefed in Masimo's Memorandum; and (3) highlight a meaningful omission in Masimo's Memorandum.

## I. APPLE'S COUNTER-SUMMARY OF THE CASE

Introduced in 2015, Apple Watch is an engineering marvel that is the product of years of hard work and innovation by thousands of Apple engineers and other employees. From its industrial design to its internal workings, every aspect of Apple Watch reflects Apple's dedication to the consumer and to consumer electronics. Apple Watch offers consumers hundreds of features, only a few of which are at issue in the upcoming trial—Workout Mode and High/Low Heart Rate Notifications. These features, like so many others, are the result of years of research and development by Apple engineers—without any use or knowledge of any Masimo patented technology.

Masimo, on the other hand, has historically been and remains focused today on medical devices for patients.[1] For decades, Masimo has marketed and sold medical-grade physiological sensors and patient monitoring technology, engineered for use in hospitals and other clinical settings. While Masimo introduced a smartwatch of its own in 2022, that device has been a commercial failure and Masimo is no longer selling it to consumers.

Over the course of this case, Masimo has asserted seventeen patents. Its patent claims have since been winnowed such that only one, the '776 patent, remains for trial—a patent that expired in 2022 and that covers patient monitoring technology from decades ago. The Patent Trial and Appeal Board (PTAB) found nearly all other asserted patents

---

[1] Masimo Corporation and Cercacor Laboratories are named as plaintiffs in this case, but only Masimo has an interest in the remaining '776 patent. This brief thus uses the term "Masimo" to refer to both plaintiffs. Apple maintains its objections to referring to the two plaintiffs as one entity for purposes of the pending trade secret claim. *E.g.*, Dkt. 1676 at 4; Dkt. 2177-1 at 1 n.1.

to be invalid after a thorough further review in IPR proceedings, and the Federal Circuit affirmed those favorable PTAB decisions.

The only remaining Masimo patent claims a "patient monitor"—i.e., a device used on a person receiving care from a medical professional, that should not miss events. Apple Watch is a consumer device, and neither it nor its accused Workout Mode and High/Low Heart Rate Notifications are configured to treat a "patient" or act as a "patient monitor." And if the expired '776 patent could be read so broadly as to map on to Apple Watch (it cannot), the patent is surely invalid as it relies on concepts that others developed nearly a quarter century ago.

Tellingly, instead of focusing on the solitary patent at issue, Masimo apparently plans to resurrect its flawed trade secret case in an attempt to distract and prejudice the jury. For example, Masimo revealed last week that it intends to introduce hours of deposition testimony and dozens of exhibits having nothing to do with the patent issues the jury will need to consider.[2] Masimo's desire to present such evidence only serves to highlight the fundamental weaknesses of its patent claims.

## II. APPLE'S PROPOSED JURY INSTRUCTION REGARDING NOMINAL DAMAGES IS PROPER AND, REGARDLESS, MASIMO'S CHALLENGE IS PREMATURE

Setting aside the fact that Masimo should not prevail on either infringement or invalidity, Apple's position on Masimo's damages case is simple. Masimo cannot prove the amount of damages it seeks and—under binding Federal Circuit case law—the jury may award nominal damages if it concludes Masimo's proof is weak. *Info-Hold, Inc v. Muzak LLC*, 783 F.3d 1365, 1371-1372 (Fed. Cir. 2015).

Masimo is wrong to imply (at 6) that Apple raised the issue of nominal damages as an affirmative defense. As the case law discussed below makes clear, whether Masimo is entitled to only a small amount of damages turns on whether ***Masimo*** proves

---

[2] The handful of affirmative deposition designations identified in Masimo's October 27, 2025 filing are a fraction of the deposition passages Masimo has indicated it intends to rely upon from the trade secret case in order to show the "parties' interactions." *See* Dkt. 2770 at 1 & n.1.

its case at trial.[3] Masimo's three-page explication of its (erroneous) view of the Federal Circuit's case law was also premature, as the parties have briefed the nominal damages issue for this Court's review in the combined jury instructions.

In any event, Masimo is wrong that whether nominal damages are to be awarded "is a legal argument to be made post-trial to the Court." Dkt. 2722 at 6. While 35 U.S.C. § 284 provides that a patentee is entitled to "no less than a reasonable royalty" upon a finding that a patent claim is valid and infringed, the Federal Circuit has made clear that Section 284 has at least two important limits that can be enforced by a finder of fact—both of which are reflected in Apple's proposed instruction.

***First***, as the Federal Circuit reaffirmed earlier this month, Section 284 "does not require an award of damages if none are proven that adequately tie a dollar amount to the infringing acts." *Rex Medical, L.P. v. Intuitive Surgical, Inc.*, -- F.4th--, 2025 WL 2799030, at *6 (Fed. Cir. Oct. 2, 2025); *accord TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020) (same). This is because it would "go[] beyond the possible meaning of the statute" "to argue that [the reasonable royalty] requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty." *Rex Medical*, 2025 WL 2799030, at *6 (quoting *Devex Corp. v. Gen Motors Corp.*, 667 F.2d 347, 363 (3d Cir. 1981)). In short, a reasonable royalty is required only when there is "enough evidence in the record to allow the factfinder to formulate a royalty." *Id.* (quoting *Devex*, 662 F.2d at 363). If there is no evidence permitting the jury to formulate a royalty, none should be awarded. *See, e.g.*, *SPEX Techs., Inc. v. W. Digital Techs., Inc.*, No. 8:16-cv-1799, Dkt. 651 at 19 (C.D. Cal.). To the extent Masimo believes the jury should be informed of Section 284's reasonable royalty requirement, Apple's proposed jury instruction will provide balance by also informing the jury of Section 284's limitations.

---

[3] To the extent Masimo bases its assertion on the fact that Apple mentioned the nominal damages issue in the proposed pretrial conference order, Apple's section of that proposed order makes clear that it lists ***all*** of Apple's defenses—affirmative or not. *See* Dkt. 2729-1 at 5 n.2.

***Second***, the Federal Circuit has twice confirmed that even if there is enough evidence to present a reasonable royalty case to a jury, the amount of that royalty may be quite low if the patentee fails to put on a persuasive case. While "the fact finder is still required to determine what royalty is supported by the record," "if the patentee's proof is weak, the court is free to award a low, perhaps nominal, royalty, as long as that royalty is supported by the record." *Apple Inc. v. Motorola Inc.*, 757 F.3d 1286, 1327-1329 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). As the Federal Circuit summarized a year later (in the summary judgment context): "[W]here the patentee's proof is weak, the court may award nominal damages." *Info-Hold,* 783 F.3d at 1371-1372.

This Court addressed both lines of case law as recently as last year in *SPEX Techs., Inc. v. W. Digital Techs., Inc.*, No. 8:16-cv-1799. There, this Court instructed the jury that Section 284 "authorizes an award of nominal damages" and that the jury should award nominal damages if it found that "SPEX has failed to prove damages as defined in these instructions." *Id.,* Dkt. 592 at 31. The Court also cited the *Info-Span* decision's holding that "'where the patentee's proof is weak, the Court may award nominal damages'" in explaining the Court's reasoning for denying the defendant's FRCP 50(a) motion and allowing the case to go to the jury. *Id.*, Dkt. 594 at 75-76 ("I think between *DMF Inc.* and *Info-Hold*, there is sufficient room for the plaintiff to go forward" on damages). And after trial, the Court re-examined the record and revised its prior decision, concluding at the FRCP 50(b) stage that the *Adobe* line of cases applied. *See id.*, Dkt. 651 at 19 ("[T]here is insufficient evidence from which the Court could determine a reasonable royalty.").[4]

Tellingly, however, the *SPEX* plaintiff unsuccessfully made the same basic argument that Masimo now makes—i.e., that the plain text of Section 284 requires that

---

[4] Masimo has attempted to distinguish *SPEX* on the grounds that the damages evidence in that case was particularly weak. Dkt. 2722 at 7-8. But whether the *SPEX* plaintiff had a strong case is irrelevant to Masimo's contention that, as a matter of law, a jury can never award nominal or zero damages.

the jury award *some* amount of reasonable royalty. *Compare* Dkt. 2722 at 6-7 ("Apple should not be permitted to encourage the jury to ignore the law and award no … damages."), *with SPEX*, Dkt. 490 at 86 ("The patent statute requires the award of at least a reasonable royalty for any infringement"). The passages quoted above from *Rex Medical* and *TecSec* make clear that Section 284 does *not* require a reasonable royalty if there is insufficient evidence to calculate a reasonable royalty.

Masimo's related argument that the decision whether to award nominal or zero damages is a question of law for the court fares no better. If that were so, this Court would not have delivered the *SPEX* jury instruction discussed above. In fact, this Court was right in *SPEX*. While the Federal Circuit cases discussed above took place in the summary judgment context (*Apple* and *Info-Hold*) or the FRCP 50 context (*Adobe* and *Rex*), nothing in those decisions casts doubt on the notion that the ultimate finder-of-fact can, in the right circumstances, decide to award nominal or zero damages. Indeed, *Apple* emphasizes that "[i]f a patentee's evidence fails to support its specific royalty estimate, the *fact finder* is still required to determine what royalty is supported by the record" and that "a *fact finder* may award no damages only when the record supports a zero royalty award." 757 F.3d at 1327-1328.[5] While Masimo implies that the Federal Circuit's *Dow Chemical* decision supports its position about the role of the jury in assessing zero or nominal damages awards, Dkt. 2722 at 6, that case dealt with the aftermath of "six-day bench trial," *see Dow Chem. Co. v. Mee Indus.*, 341 F.3d 1371, 1373-1374 (Fed. Cir. 2003), and thus had no occasion to consider the scope of the jury's mandate.

Finally, Masimo is wrong that Apple must "identif[y] … evidence it could present at trial that Masimo is entitled only to nominal damages." Dkt. 2722 at 8. Masimo has never disputed that it has the burden to prove the amount of its damages. And both *Apple* and *Info-Hold* expressly state that nominal damages may be awarded when the "*patentee's* proof is weak." *Apple*, 757 F.3d at 1328; *Info-Hold*, 783 F.3d at 1372.

---

[5] Emphasis added unless noted.

### III. MASIMO ELIDES THE FACT THAT IT ALLEGES ONLY THAT A FEW SPECIFIC FEATURES OF APPLE WATCH INFRINGE THE '776 PATENT

Although Masimo's Memorandum states that it accuses "Apple Watch" as a whole of infringing the four asserted claims, Masimo has alleged only that the '776 patent covers a few of the myriad features of Apple Watch—i.e., Workout Mode and High/Low Heart Rate Notifications. Specifically, Dr. Madisetti asserts that Apple Watch models "infringe the Asserted Patents in two ways": (1) "using the Automatic Gain Control and Optical Power Control algorithm for the workout feature," and (2) "based on escalations of the heart rate algorithm performed … for heart rate notifications." *See, e.g.*, Dkt. 2550-1 ("Madisetti Opening") ¶ 137; Dkt. 2502 at 2 (scheduling order stating that Dr. Madisetti's opening report constituted Masimo's final infringement contentions). Apple Watch "can perform numerous functions that Dr. Madisetti does not accuse of infringing," including "phone calls, texting, music, email, games, clock-related features, mapping, Background Heart Rate Walking, A-Fib History, Irregular Rhythm Notification, Breathe, and other health and wellness features." Dkt. 2552-3 ("Mercier Rebuttal") ¶ 317. In fact, Dr. Madisetti elected not to respond to a section of Dr. Mercier's report discussing "Non-Accused Apple Watch Heart-Related Features"—a section that references "(1) Background Heart Rate Walking, (2) Background Tachogram, (3) Irregular Heart Rate Notifications ["IRN"], (4) A-Fib History, (5) ECG, and (6) Blood Oxygen," Mercier Rebuttal ¶ 254—precisely "[b]ecause these features are not accused of infringement, [so] ***they are not relevant to any issue in this case***." Dkt. 2550-2 ("Madisetti Reply") ¶ 109; *see also id.* ("[B]ecause this section of [Dr. Mercier's] report is irrelevant to infringement of the … '776 Patent[], I will not address it further.").

Apple respectfully submits that Masimo should not be permitted to obscure its theory of infringement from the jury. Clarity on this issue is particularly important because several of Masimo's most recent briefs have cited evidence regarding non-accused features to support its merits positions, suggesting Masimo will make the same

arguments at trial. *See, e.g.*, Dkt. 2629 at 5 (noting Masimo relied on data regarding ECG and IRN features in opposing motion to strike); Dkt. 2743 at 7 (noting Masimo's opposition to Apple's MIL No. 1 indicates Masimo intends to rely on statements made in unrelated administrative proceedings regarding the Blood Oxygen and Atrial Fibrillation features).[6]

Dated: October 28, 2025

Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING
 HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
 Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

---

[6] In addition, if this Court credits Masimo's argument (Dkt. 2722 at 9) that it has not "abandoned" its patent infringement claim based on U.S. Patent No. 8,457,703, Apple should not be deemed to have abandoned any aspect of its invalidity defenses, which (like Masimo's arguments) were dropped as part of routine case narrowing decisions.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 2,335 words, which:

  X  complies with the word limit of L.R. 11-6.1.

  __  complies with the word limit set by court order dated [date].

Dated: October 28, 2025        Respectfully submitted,

        MARK D. SELWYN
        AMY K. WIGMORE
        JOSHUA H. LERNER
        JOSEPH J. MUELLER
        SARAH R. FRAZIER
        THOMAS G. SPRANKLING
        WILMER CUTLER PICKERING
         HALE AND DORR LLP

        BRIAN A. ROSENTHAL
        GIBSON, DUNN & CRUTCHER LLP

        KENNETH G. PARKER
        HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
      Mark D. Selwyn