Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                    brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)         Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                  mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP        KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive                  1925 Century Park East, Suite 400
San Diego, CA 92130                       Los Angeles, CA 90067
Phone: (858) 707-4000                     Phone: (310) 551-3450
Fax: (858) 707-4001                       Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S FIRST SET OF DESIGNATIONS IT INTENDS TO INTRODUCE AT THE NOVEMBER 2025 TRIAL** |

Plaintiff Masimo Corporation ("Masimo") hereby submits its first set of designations from depositions and other sworn testimony that it may seek to introduce at trial presently scheduled to commence on November 4, 2025. Attached hereto as Appendix A is a key to the parties' objections. Attached hereto as Appendix B is a table of the designations and objections. Appendix B further includes Apple's objections to the exhibits Masimo may seek to admit at trial through the designations.

Masimo further lodges with the Court transcripts of its designations with the objections identified in the margins and copies of the objected-to exhibits. Below is a key identifying the color each party has used for its designations.

| Designation | Color |
| --- | --- |
| Masimo's Affirmative Designations | Green |
| Apple's Counter Designations | Orange |
| Masimo's Counter-Counter Designations | Purple |

The parties have also provided one-page summaries of their positions below:

**Apple's Statement**

This Court's Order on Apple's MIL No. 2 limits Masimo to a single, narrow category of trade secret trial-related evidence: materials regarding the relationship between the parties cited in Mr. Bergman's reports when analyzing *Georgia-Pacific* Factor 5. Dkt. 2778 at 7-8. The decision emphasizes that such evidence is "limited in scope" and "cannot go beyond what Bergman disclosed in his expert reports." *Id.* at 8 (citing ¶¶ 431-445, 536 of Bergman Op. Rpt., ¶ 199 of Bergman Reply Rpt.).

Despite this ruling, Masimo seeks to introduce testimony of Steve Hotelling and Adrian Perica as well as numerous documents from the trade secret trials that are ***not*** disclosed in the relevant portions of Mr. Bergman's reports. Mr. Bergman cited limited testimony from (1) Mr. Hotelling's 2023 deposition from the District of Delaware and (2) Mr. Perica's 2022 deposition in this case in his discussion of *Georgia-Pacific* Factor No. 5. *See* Bergman Op. Rpt. ¶¶ 433, 440, 442. Masimo does not seek to introduce ***any*** of the specific testimony from these witnesses on which Mr. Bergman actually relied. Instead, Masimo seeks to introduce testimony from ***five*** separate transcripts of these witnesses, none of which was cited by Mr. Bergman. Masimo similarly seeks to introduce through these designations a dozen exhibits not relevant to the patent claims at issue here, half of which are not cited in the relevant portions of Mr. Bergman's report.

It is clear from Masimo's designations that Masimo seeks to relitigate its trade secret trial allegations rather than focus on the merits of its patent infringement claims. Apple requests that the Court enforce its Order on MIL 2 and exclude designations and exhibits regarding the limited interactions between the parties a decade ago beyond that which was disclosed in Mr. Bergman's report. The voluminous and duplicative evidence regarding those interactions that Masimo seeks to inject carries with it risk of prejudice, confusion and will create satellite litigation within the trial.[1]

---

[1] Apple had proposed a stipulation regarding the parties' limited interactions in 2012-2013, attached as Exhibit A, that could be read to the jury. Masimo rejected Apple's proposal and flatly refused to provide any edits for consideration.

**Masimo's Statement**

The Pretrial Conference Order includes a procedure for submitting objections to designations.    Dkt. 2748 at 15.    Masimo followed that procedure in Appendix B. Masimo objects to Apple's unauthorized additional argument, but responds below.

Far from presenting "voluminous" or "duplicative" evidence, Masimo plans to play a mere 20 minutes of testimony from just two witnesses to support Bergman's analysis of *Georgia-Pacific* Factor 5 ("GP5").    The testimony authenticates a handful of exhibits that are disclosed in Bergman's report (Exhibit B).    Apple nonetheless objects to all evidence mentioning Masimo unless Bergman's discussion of GP5 cited the precise bates number **and** corresponding deposition page/line number.    Apple even objects to exhibits that Bergman discussed by subject matter in his analysis of GP5 merely because he cited interrogatory answers (Exhibit C) discussing and citing those documents rather than citing the exhibit by bates number.    Apple also objects to a specific version of a "Rover" presentation.    But Bergman cited another version of the "Rover" presentation from the Cook deposition, which Masimo substituted for the version in Hotelling's deposition to **reduce** the number of witnesses and time spent on Rover.    Regardless, Bergman considered the version at issue and his analysis of GP5 cited to the interrogatory citing the version at issue.    Apple's objections are unfounded.

Contrary to Apple's argument, Masimo is not seeking to "relitigate" the trade secret case.    Masimo has carefully avoided any designations suggesting Apple took any trade secrets from Masimo.    Only Apple raised the issue by countering with testimony about how it allegedly did **not** take trade secrets.    Masimo also declined Apple's stipulation because it was highly argumentative and biased towards Apple's position.

Separately, Masimo will be submitting objections to Apple counter designations for other witnesses.    Many of Masimo's objections concern the same issue: Apple is designating extensive testimony on the accuracy of its **blood oxygen** feature in an apparent attempt to confuse the jury into thinking the accused **heart rate** features do not infringe.    The Court should not allow Apple to introduce such testimony.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 2, 2025

By: /s/ Kendall M. Loebbaka
    Joseph R. Re
    Stephen C. Jensen
    Sheila N. Swaroop
    Brian C. Horne
    Brian C. Claassen
    Nicholas M. Zovko
    Mark D. Kachner
    Adam B. Powell
    Kendall M. Loebbaka
    Daniel P. Hughes
    Douglas B. Wentzel

    Attorneys for Plaintiffs
    MASIMO CORPORATION and
    CERCACOR LABORATORIES, INC.

# APPENDIX A

## Objection Abbreviations

| Key to Masimo's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| 402 | Irrelevant (FRE 402) |
| 403 | Prejudicial, confusing, misleading, or cumulative (FRE 403) |
| F | Lack of foundation (FRE 602) |
| IC | Incomplete designation |
| M | Misleading and/or mischaracterizes prior testimony |
| NR | Non-responsive |
| MIL / MOT | Subject to a motion to exclude, (e.g., Motions *in Limine* (Dkt. 2655, 2672, 2663)) |
| S | Speculation |
| X | Outside the scope of deposition designations |

| Key to Apple's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| ARG | **Lawyer Argument or Colloquy** (Apple objects to this designation because it is lawyer argument and not testimony of the witness.) |
| F | **Foundation** (Apple objects to this designation on the ground that the foundation necessary for its admission has not been laid under Fed. R. Evid. 602.) |
| FORM | **Form** (Apple objects to this designation because the question asked is compound, argumentative, or has some other defect in form.) |
| H | **Hearsay** (Apple objects to this designation because it constitutes or contains hearsay under Fed. R. Evid. 801-802.) |
| IMP C | **Improper Counter** (Apple objects to this designation because it is not a properly responsive counter-designation to the affirmatively designated testimony.) |
| INC | **Incomplete Designation** (Apple objects to this designation because it contains an incomplete statement, testimony, or exhibit.) |
| IR | **Not Relevant** (Apple objects to this designation because it is not relevant to any issue to be decided in this case under Fed. R. Evid. 401-402.) |
| LC | **Calls for Legal Conclusion** (Apple objects to this designation because it contains conclusions of law.) |
| LEADING | **Leading** (Apple objects to this designation because the question asked is leading the witness.) |

| Key to Apple's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| MIL | **Motion in Limine** (Apple objects to this designation because it includes testimony that the Court has excluded through one or more of Apple's motions in limine.) |
| NOT TESTIMONY | **Not Testimony** (Apple objects to this designation because it is not testimony of the witness.) |
| OOR | **Out of Record** (Apple objects to this designation because there was no agreed-to cross-use of expert testimony from the Delaware action.) |
| PHI | **Personal Health Information** (Apple objects to this designation because it contains the confidential personal health information of a non-witness.) |
| PRIV | **Negative inference based on redacted privileged information** (Apple objects to this designation because it seeks communications or information protected from disclosure by the attorney-client privilege, work product doctrine, common interest, joint defense, and/or other privilege.) |
| S | **Speculative** (Apple objects to this designation because it includes statements that are speculative as to matters of fact or law.) |
| SCOPE | **Beyond Scope of 30(b)(6) Notice or Topics** (Apple objects to this designation because it is outside the scope of the topics on which the witness was designated as a corporate representative.) |
| VA | **Vague and Ambiguous** (Apple objects to this designation because it includes vague and indefinite statements.) |
| 403 | **Prejudice Exceeds Probative Value** (Apple objects to this designation because its probative value is outweighed by unfair prejudice and/or confusion of the issues under Fed. R. Evid. 403.) |
| 901 | **Authentication** (Apple objects to this designation because it contains testimony on a document that has not been properly authenticated under Fed. R. Evid. 901.) |

# APPENDIX B

## Designation and Exhibit Objections

**A.    Hotelling, Steven (8/22/2022 Deposition)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 1. | 36:19 - 37:6 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report:  Masimo concedes the cited testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: MIL-2/Bergman: The testimony provides foundational testimony that the witness is familiar with Project "Rover", which is discussed in Bergman's analysis of GP5 at Ex. B (Bergman report) ¶434.<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 2. | 41:15 - 41:15 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo admits this document (JTX-259) and testimony are not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5 and its efforts to introduce "another version" confirms Apple's concerns regarding unfair prejudice, cumulativeness and waste of time because it refers to evidence not directly cited by Mr. Bergman in the relevant section; merely listing a document in Materials Considered reflects no analysis, or reliance by Bergman on the document. | **Masimo Response**: MIL-2/Bergman: Bergman's analysis of GP5 discussed Project "Rover" and cited two example versions of the presentation at Ex. B ¶434; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which discussed Rover in detail and cited to this specific version of the presentation by bates number (Ex. C at 80 (citing APL-MAS_01060326)); Bergman considered this specific version of the presentation (Ex. B, App. B at 4 (citing APL-MAS_01060326), 15 (citing Hotelling depo and exhibits); the version Bergman cited as an example in Ex. B ¶434 was introduced at Cook's deposition so Masimo used this version to *limit* the number of witnesses who would discuss Rover.<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 3. | JTX-259 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo admits this document (JTX-259) is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5 and its efforts to introduce "another version" confirms Apple's concerns regarding undue prejudice, cumulativeness, and waste of time because it refers to evidence not directly cited by Mr. Bergman in the relevant section. | **Masimo Response**: Bergman's analysis of GP5 discussed Project "Rover" and cited two example versions of the presentation at Ex. B ¶434; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which discussed Rover in detail and cited to this specific version of the presentation by bates number (Ex. C at 80-83 (citing APL-MAS_01060326)); Bergman also expressly considered this specific version of the presentation (Ex. B, App. B at 4 (citing APL-MAS_01060326), 15 (citing Hotelling depo and exhibits); the version Bergman cited as an example in Ex. B ¶434 was introduced at Cook's deposition so Masimo used this version to *limit* the number of witnesses who would discuss Rover. |
| 4. | 45:9 - 45:15 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 2. | **Masimo Response**: The testimony reads from JTX-259 discussed above (see above response to No. 2). |
| 5. | 47:21 - 48:6 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 2. | **Masimo Response**: The testimony reads from JTX-259 discussed above (see above response to No. 2). |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 6. | 48:9 - 48:12 | **Apple Objection:** MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 2. | **Masimo Response**: The testimony reads from JTX-259 discussed above (see above response to No. 2). |
| 7. | 55:1 - 55:3 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶434; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 8. | JTX-260 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this document with respect to GP5 in Ex. B ¶434; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 9. | 56:15 - 57:1 | **Apple Objection**: IR, 403 – See the response above to No. 7. | **Masimo Response**: The testimony reads from JTX-260 discussed above (see above response to No. 7). |
| 10. | 57:6 - 57:10 | **Apple Objection**: IR, 403 – See the response above to No. 7. | **Masimo Response**: The testimony reads from JTX-260 discussed above (see above response to No. 7). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 11. | 62:6 - 63:3 | **Apple Objection**: IR, 403 – See the response above to No. 7. | **Masimo Response**: The testimony reads from JTX-260 discussed above (see above response to No. 7). |
| 12. | 74:15 - 74:18 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo admits this document (JTX-262) and testimony are not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5 and its efforts to introduce undisclosed documents by reference to unspecified "internal Apple emails" confirms Apple's concerns regarding undue prejudice, cumulativeness, and waste of time because it refers to evidence not directly cited by Mr. Bergman in the relevant section; merely listing a document in Materials Considered reflects no analysis, or reliance by Bergman on the document. | **Masimo Response**: For MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this exhibit JTX-262 as "Hotelling Ex. 262" (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 15 (citing Hotelling depo and exhibits)).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 13. | JTX-262 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited document is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report.<br><br>H – Apple objects to the hearsay within this exhibit as to the statements attributed to Joe Kiani; those statements from Mr. Kiani are not a statement of a party opponent such that Masimo (as opposed to Apple) could admit them; and there is no hearsay exception for a party's "understanding of what was said." | **Masimo Response**:<br>For MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited this exhibit JTX-262 as "Hotelling Ex. 262" (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 15 (citing Hotelling depo and exhibits)).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction.<br><br>H: The exhibit includes Apple employees' characterizations of what occurred—not a Kiani statement; those characterizations are not hearsay because they are used to show Apple's state of mind and understanding of what was said, not the truth of what Kiani said; the email between Apple employees is a business record and party admission. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 14. | 77:20 - 78:2 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 12. | **Masimo Response**: The testimony reads from JTX-262 discussed above (see above response to No. 12). |
| 15. | 84:12 - 84:17 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 12. | **Masimo Response**: The testimony reads from JTX-262 discussed above (see above response to No. 12). |
| 16. | 85:2 - 85:7 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 12. | **Masimo Response**: The testimony discusses JTX-262 discussed above (see above response to No. 12). |
| 17. | 85:14 - 85:16 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: MIL-2/Bergman: This passage merely identifies JTX-263, which Apple no longer objects to as being outside the scope of Bergman's report because it is specifically cited at Ex. B ¶ 440 n.741, ¶441 n.742.<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to ***all*** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 18. | JTX-263 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶¶440, 441; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 19. | 86:7 - 86:17 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 17. | **Masimo Response**: The testimony merely provides foundation confirming Hotelling was designated as Apple's 30(b)(6) witness on Project Everest and has seen Everest slides. |
| 20. | 88:5 - 88:9 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶¶440, 441; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 21. | 89:11 - 89:15 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 17. | **Masimo Response**: The testimony discusses JTX-263 discussed above (see above response to No. 17). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 22. | 91:22 - 92:12 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: The testimony discusses JTX-263 discussed above (see above response to No. 17) and Bergman included a screenshot of this portion of the exhibit at Ex. B ¶444. |
| 23. | 96:16 - 97:4 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: The testimony discusses JTX-263 discussed above (see above response to No. 17) and Bergman included a screenshot of this portion of the exhibit at Ex. B ¶441. |
| 24. | 97:22 - 98:4 | **Apple Objection**: IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: The testimony discusses JTX-263 discussed above (see above response to No. 17) and Bergman included a screenshot of this portion of the exhibit at Ex. B ¶441. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 25. | 165:12 - 166:4 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo does not dispute that this testimony and information is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5. | **Masimo Response**: The testimony has nothing to do with Masimo, the parties' interactions, or MIL-2; the testimony instead introduces Apple's "medical team" or "team of doctors"; it mentions O'Reilly by name, but does not mention Masimo, suggest O'Reilly worked for Masimo, or otherwise discuss the parties' interactions implicated by MIL-2. |
| 26. | 168:10 - 169:1 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 25. | **Masimo Response**: See above response to No. 25. |

## B.   Hotelling, Steven (4/13/23 PM Trial Tr.)

| No. | Designation | Objection | Response |
|---|---|---|---|
| 27. | JTX-7629, page 13 | **Apple Objection**: Demonstrative (inadmissible as evidence) | **Masimo Response**: Masimo is not seeking to admit the demonstrative, it merely seeks to display the same Apple demonstrative that Apple displayed at the prior trial while reading the designations. |

-16-

## C.   Hotelling, Steven (4/14/23 PM Trial Tr.)

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 28. | 51:15-52:2 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR; 403 – See response above to No. 17. | **Masimo Response**: Discusses JTX-263 (see response to No. 17 above). |
| 29. | 52:9-21 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR; 403 – See response above to No. 17. | **Masimo Response**: Discusses JTX-263 (see response to No. 17 above). |
| 30. | 52:22-53:10 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR; 403 – See response above to No. 17. | **Masimo Response**: Discusses JTX-263 (see response to No. 17 above). |

## D.   Hotelling, Steven (11/8/24 Trial Tr.)

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 31. | 75:11-14 | **Masimo Objection**: X, MIL, 402, 403<br><br>This testimony asserts Apple did not take Masimo's confidential information even though Masimo has not asserted (and is not allowed to assert) otherwise in this case. | **Apple Response:** The testimony explains what happened during the parties' meeting, which is the subject of Masimo's designations, and relevant context regarding the parties' interactions. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 32. | 92:8-10 | **Masimo Objection**:<br>X, MIL, 402, 403<br><br>This testimony asserts Apple did not take Masimo's confidential information even though Masimo has not asserted (and is not allowed to assert) otherwise in this case. | **Apple Response:**<br>The testimony explains what happened during the parties' meeting, which is the subject of Masimo's designations, and relevant context regarding the parties' interactions. |
| 33. | 92:17-23 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 – As presented, the testimony could confuse the jury into thinking that Apple had multiple meetings ***with*** Masimo. | **Masimo Response**:<br>MIL-2/Bergman: The testimony references internal meetings that Bergman discussed in GP5 (see above responses); Apple should not be allowed to counter testimony suggesting it had only a single meeting about Masimo and then object to factually accurate cross merely because Bergman did not cite that cross testimony by page/line number.<br><br>IR/403: The testimony is not confusing because the question specifically states "***internally***, you had a lot more meetings than just one meeting, didn't you?" |

E.    **Perica, Adrian (8/12/2022 Deposition)**

| No. | Designation | Objection | Response |
|---|---|---|---|
| 34. | 64:14-64:15 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report — Masimo concedes the cited exhibit is not referenced in Bergman's analysis of Georgia-Pacific Factor No. 5; merely listing a document in Materials Considered reflects no analysis, or reliance by Bergman on the document.<br><br>IR, 403 - This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: For MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this exhibit JTX-393 and cited to this page of Perica's transcript (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 15 (citing Perica depo and exhibits).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 35. | JTX-393 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo admits this document (JTX-393) is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR; 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited.<br><br>H – Apple objects to the hearsay within this exhibit as to the statements attributed to Joe Kiani; those statements from Mr. Kiani are not a statement of a party opponent such that Masimo (as opposed to Apple) could admit them; and there is no hearsay exception for a party's "understanding of what was said." | **Masimo Response**:<br>For MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this exhibit JTX-393 (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 15 (citing Perica depo and exhibits).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction.<br><br>H: The exhibit includes Apple employees' characterizations of what occurred—not a Kiani statement; those characterizations are not hearsay because they are used to show Apple's state of mind and understanding of what was said, not the truth of what Kiani said; the email between Apple employees is a business record and party admission. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 36. | 64:22-65:3 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403, – See the response above to No. 35. | **Masimo Response**: Discusses JTX-393 (see response to No. 35 above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436, which cited to this page of Perica's transcript (Ex. C at 83). |
| 37. | 65:16 - 66:2 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 35. | **Masimo Response**: This testimony merely asks who Bob Mansfield is in the context of JTX-393 (see response to No. 35 above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436, which cited to this page of Perica's transcript (Ex. C at 83). |
| 38. | 77:19 - 78:5 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 35. | **Masimo Response**: Discusses JTX-393 (see response to No. 35 above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436, which cited to this page of Perica's transcript (Ex. C at 83). |
| 39. | 82:4 - 82:5 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶451, n.771; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 40. | 82:11 - 82:18 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶451, n.771; Bergman's analysis of GP5 includes the same quote from JTX-394 at Ex. B ¶438 and cited to Masimo's interrogatory responses in ¶436, which cited to this page of Perica's transcript (Ex. C at 83); Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 41. | JTX-394 | **Apple Objection**: IR; 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶451, n.771; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which cited to this page of Perica's transcript (Ex. C at 83); Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 42. | 87:19 - 88:4 | **Apple Objection**: IR, 403 – See the response above to No. 41. | **Masimo Response**: Discusses JTX-394 (see response to No. 41 above); Bergman's analysis of GP5 includes the same quote from JTX-394 at Ex. B ¶438 and cited to Masimo's interrogatory responses in ¶436, which cited to this page of Perica's transcript (Ex. C at 83). |
| 43. | 90:11 - 90:12 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶436, n.733, ¶437, n.736; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which cited to this page of Perica's transcript (Ex. C at 83); Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 44. | JTX-395 | **Apple Objection**:<br>IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited.<br><br>H – Apple objects to the hearsay within this exhibit as to the statements attributed to Joe Kiani; those statements from Mr. Kiani are not a statement of a party opponent such that Masimo (as opposed to Apple) could admit them; and there is no hearsay exception for a party's "understanding of what was said." | **Masimo Response**:<br>IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶436, n.733, ¶437, n.736; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction.<br><br>H: The exhibit includes Apple employees' characterizations of what occurred—not a Kiani statement; those characterizations are not hearsay because they are used to show Apple's state of mind and understanding of what was said, not the truth of what Kiani said; the email between Apple employees is a business record and party admission. |
| 45. | 97:19-98:1 | **Apple Objection**:<br>IR, 403 – See response above to No. 44.<br><br>IMP C – In 98:2-12, the witness explained that there was a typo in the witness's email, and this improper counter introduces confusion as to the witness' explanation that Apple should not buy a company for cash flow or one person. | **Masimo Response**:<br>IR/403: See response above to No. 44.<br><br>IMP C – Masimo's counter merely reads in the sentence referenced in Apple's counter on page 98, which asked if "it's your testimony today that that must be a typo" without identifying the passage of the email to which the witness was referring. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 46. | 98:2-12 | **Masimo Objection**<br>X, M<br><br>Masimo did not designate testimony on this portion of the exhibit, so Apple's counters necessitate the counter-counter above. | **Apple Response**<br>This testimony is necessary as Masimo seeks to introduce JTX-395, and the jury should be apprised of the correction required to explain that the witness thought that Apple should not buy a company for cash flow or one person. |
| 47. | 100:5 - 100:10 | **Apple Objection**:<br>IR, 403 – See response above to No. 44. | **Masimo Response**:<br>Discusses JTX-395 (see response to No. 44 above), Apple is not objecting to JTX-395 as outside the scope of Bergman, and this testimony reads in the quote Bergman included from JTX-395 at Ex. B ¶437. |
| 48. | 101:4 - 101:9 | **Apple Objection**:<br>IR, 403 – See response above to No. 44. | **Masimo Response**:<br>Discusses JTX-395 (see response to No. 44 above), Apple is not objecting to JTX-395 as outside the scope of Bergman, and this testimony paraphrases the quote Bergman included from JTX-395 at Ex. B ¶437. |
| 49. | 104:12 - 104:14 | **Apple Objection**:<br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**:<br>IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶437, n.735; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 50. | JTX-316 | **Apple Objection**: IR; 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶437, n.735; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 51. | 106:8 - 106:12 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶437, n.735; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 52. | 111:21 - 112:6 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: IR/403: Apple concedes Bergman discussed this precise document with respect to GP5 in Ex. B ¶437, n.735; Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to *all* such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 53. | 119:18-120:1 | **Apple Objection**: IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited.<br><br>IMP C – See Response to No. 55. | **Masimo Response**: IR/403: Masimo had no intention of introducing this testimony, but it is necessary to put Apple's counter on page 120 into context because it is the quote being referenced on page 120 from the document discussed above.<br><br>IMP C – Masimo's counter reads in the sentence referenced in Apple's counter on page 120 so the jury is not confused into thinking Apple's counter on page 120 referred to different testimony the jury will hear when it actually referred to the quote on 119:18-120:1. |
| 54. | 120:8 | **Masimo Objection**: X, M Outside the scope of Masimo's designations and misleading because Apple did not designate the testimony to which it referred. | **Apple Response** Masimo intends to introduce JTX-316, email correspondence to and from Tim Cook. Apple should be allowed to counter-designate testimony to provide context for the email exchange and outcomes. |
| 55. | 120:10-18 | **Masimo Objection**: X, M Outside the scope of Masimo's designations and misleading because Apple did not designate the testimony to which it referred. | **Apple Response** Masimo intends to introduce JTX-316, email correspondence to and from Tim Cook. Apple should be allowed to counter-designate testimony to provide context for the email exchange and outcomes. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 56. | 127:3-10 | **Apple Objection**: IR, 403, IMP C – See Response to No. 54. | **Masimo Response**: IR/403: Masimo had no intention of introducing this testimony, but it is necessary to put Apple's counter on page 120 into context because it is the quote being referenced on page 120 from the document discussed above.<br><br>IMP C – Masimo's counter reads in a quote being referenced in Apple's counter on page 120 to provide context for Apple's counter that is beyond the scope of Masimo's affirmative designations. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 57. | 132:18 - 132:19 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5; merely listing a document in Materials Considered reflects no analysis, or reliance by Bergman on the document.<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this exhibit JTX-317 and cited to this page of Perica's transcript (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 11 (citing APL-MAS_00433808), 15 (citing Perica depo and exhibits)).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to ***all*** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 58. | JTX-317 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report; IR; 403 – Masimo admits this document (JTX-317) is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5 and its efforts to introduce "another version" confirms Apple's concerns regarding undue prejudice, cumulativeness, and waste of time because it refers to evidence not directly cited by Mr. Bergman in the relevant section. | **Masimo Response**: MIL-2/Bergman: Bergman's analysis of GP5 discussed "internal Apple emails following Apple meeting with Masimo [that] discussed the purchase of Masimo" and cited one example at Ex. B ¶437; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this exhibit JTX-317 (Ex. C at 83); Bergman expressly considered this specific email (Ex. B, App. B at 11 (citing APL-MAS_00433808), 15 (citing Perica depo and exhibits)). |
| 59. | 133:3 - 133:4 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See the response above to No. 58. | **Masimo Response**: Discusses JTX-317 (see response to No. 58 above). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 60. | 134:9 - 135:12 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**:<br>MIL-2/Bergman: Discusses JTX-317 (see response to No. 58 above); the testimony also provides foundational testimony that the witness is familiar with Project "Rover", which is specifically discussed in Bergman's analysis of GP5 at Bergman Ex. B ¶434; Bergman's analysis of GP5 cited to Masimo's interrogatory responses in ¶436, which specifically cited to this page of Perica's transcript (Ex. C at 83).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to ***all*** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |

## F.    <u>Perica, Adrian (10/13/23 Deposition)</u>

| No. | Designation | Objection | Response |
|---|---|---|---|
| 61. | 37:8 - 37:9 | **<u>Apple Objection</u>**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – Masimo admits this document (JTX-7630) and testimony are not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5, and its efforts to rely on a chain of citation to a version of the document via an interrogatory response confirms Apple's concerns regarding undue prejudice, cumulativeness, and waste of time because it refers to evidence not directly cited by Mr. Bergman in the relevant section. | **<u>Masimo Response</u>**: MIL-2/Bergman: Bergman's analysis of GP5 specifically quoted from this email, including the quotes elicited in designated testimony, in Ex. B ¶436 of his report; Bergman supported his quotations with a citation to an interrogatory response that quoted from this agenda, cited to the same document with a different bates number (MASA00085626) (Ex. C at 83). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 62. | JTX-7630 (Depo Ex. 159) | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report – Masimo concedes the cited document is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 – This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited; furthermore, this is not disclosed in Bergman's report. | **Masimo Response**: MIL-2/Bergman: Bergman's analysis of GP5 specifically quoted from this email, including the quotes elicited in designated testimony, in Ex. B ¶436 of his report; Bergman supported his quotations with a citation to an interrogatory response that quoted from this agenda, cited to the same document with a different bates number (MASA00085626) (Ex. C at 83).<br><br>IR/403: Apple's "cumulative and duplicative" objection lacks merit because Apple made that objection to **all** such testimony and Masimo designated a mere 20 minutes of testimony on the parties' interaction. |
| 63. | 37:16 - 38:8 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 62. | **Masimo Response**: Discusses JTX-7630 (see response to No. 62 above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436 (Ex. C at 83). |
| 64. | 38:9 - 38:9 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 62. | **Masimo Response**: Discusses JTX-7630 (see response to No. 62 above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436 (Ex. C at 83). |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 65. | 38:11 - 39:6 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See response above to No. 62. | **Masimo Response**:<br>Discusses JTX-7630 (see response to that exhibit above); Bergman's analysis of GP5 cited to Masimo's interrogatory responses in Ex. B ¶436 (Ex. C at 83). |

### G.    Perica, Adrian (11/8/24 Trial Tr.)

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 66. | 35:18-25 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report – Masimo admits this document (JTX-317) and testimony are not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**:<br>MIL 2/Bergman: Discusses JTX-317 (see response to No. 58 above); this testimony merely rebuts Apple's counter-designations.<br><br>IR/403: Apple counter-designated self-serving testimony from Perica's depositions and written witness statement, so Masimo counter-counter designated cross testimony; Apple's "cumulative and duplicative" objection lacks merit for the reasons discussed above. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 67. | 36:9-20 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report, IR, 403 – See Response to No. 70. | **Masimo Response**: MIL-2/Bergman: Discusses JTX-317 (see response to No. 58 above); this testimony merely rebuts Apple's counter-designations.<br><br>IR/403: Apple counter-designated self-serving testimony from Perica's depositions and written witness statement, so Masimo counter-counter designated cross testimony; Apple's "cumulative and duplicative" objection lacks merit for the reasons discussed above. |
| 68. | 42:1-20 | **Apple Objection**: MIL 2 Violation - Not Disclosed in Bergman Report – Masimo admits this testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**: MIL-2/Bergman: As discussed above, Bergman's analysis of GP5 relied on Rover and Everest documents, which are the documents referenced in this testimony; this testimony merely rebuts Apple's counter-designations.<br><br>IR/403: Apple counter-designated self-serving testimony from Perica's depositions and written witness statement, so Masimo counter-counter designated cross testimony; Apple's "cumulative and duplicative" objection lacks merit for the reasons discussed above. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 69. | 62:19-63:9 | **Apple Objection**:<br>MIL 2 Violation - Not Disclosed in Bergman Report – Masimo admits this testimony is not discussed in Bergman's analysis of *Georgia-Pacific* Factor No. 5.<br><br>IR, 403 –This testimony is cumulative and duplicative of evidence on similar topics, and violates the Court's ruling that determined evidence would not be unduly prejudicial only if kept limited. | **Masimo Response**:<br>MIL-2/Bergman: Bergman's analysis of GP5 discussed Apple potentially acquiring Masimo in detail at Ex. B ¶¶434, 437, 438, 441; this testimony merely rebuts Apple's counter-designations.<br><br>IR/403: Apple counter-designated self-serving testimony from Perica's depositions and written witness statement, so Masimo counter-counter designated cross testimony; Apple's "cumulative and duplicative" objection lacks merit for the reasons discussed above. |