Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
Nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)          Brian C. Horne (Bar No. 205621)
adam.powell@knobbe.com                     brian.horne@knobbe.com
Daniel P. Hughes (Bar No. 299695)          Mark D. Kachner (Bar No. 234192)
daniel.hughes@knobbe.com                   mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP         KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive                   1925 Century Park East, Suite 400
San Diego, CA 92130                        Los Angeles, CA 90067
Phone: (858) 707-4000                      Phone: (310) 551-3450
Fax: (858) 707-4001                        Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | ) Case No. 8:20-cv-00048-JVS-JDE<br>)<br>) **MASIMO'S SECOND SET OF DESIGNATIONS IT INTENDS TO INTRODUCE AT THE NOVEMBER 2025 TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Masimo Corporation ("Masimo") hereby submits its second set of designations that they may seek to introduce at trial presently scheduled to commence on November 4, 2025. Attached hereto as Appendix A is a key to the parties' objections. Attached hereto as Appendix B is a table of the designations and objections. Appendix B further includes Apple's objections to the exhibits Masimo may seek to admit at trial through the designations.

Masimo further lodges with the Court transcripts of its designations with the objections identified in the margins. Below is a key identifying the color each party has used for its designations.

| Designation | Color |
|---|---|
| Masimo's Affirmative Designations | Green |
| Apple's Counter Designations | Orange |
| Masimo's Counter-Counter Designations | Purple |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 2, 2025        By: /s/ Kendall M. Loebbaka
                                    Joseph R. Re
                                    Stephen C. Jensen
                                    Sheila N. Swaroop
                                    Brian C. Horne
                                    Brian C. Claassen
                                    Nicholas M. Zovko
                                    Mark D. Kachner
                                    Adam B. Powell
                                    Kendall M. Loebbaka
                                    Daniel P. Hughes
                                    Douglas B. Wentzel

                                    Attorneys for Plaintiffs
                                    MASIMO CORPORATION and
                                    CERCACOR LABORATORIES, INC.

-1-

# APPENDIX A

## Objection Abbreviations

| Key to Masimo's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| 402 | Irrelevant (FRE 402) |
| 403 | Prejudicial, confusing, misleading, or cumulative (FRE 403) |
| F | Lack of foundation (FRE 602) |
| IC | Incomplete designation |
| M | Misleading and/or mischaracterizes prior testimony |
| NR | Non-responsive |
| MIL / MOT | Subject to a motion to exclude, (e.g., Motions *in Limine* (Dkt. 2655, 2672, 2663)) |
| S | Speculation |
| X | Outside the scope of deposition designations |

| Key to Apple's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| ARG | **Lawyer Argument or Colloquy** (Apple objects to this designation because it is lawyer argument and not testimony of the witness.) |
| F | **Foundation** (Apple objects to this designation on the ground that the foundation necessary for its admission has not been laid under Fed. R. Evid. 602.) |
| FORM | **Form** (Apple objects to this designation because the question asked is compound, argumentative, or has some other defect in form.) |
| H | **Hearsay** (Apple objects to this designation because it constitutes or contains hearsay under Fed. R. Evid. 801-802.) |
| INC | **Incomplete Designation** (Apple objects to this designation because it contains an incomplete statement, testimony, or exhibit.) |
| IR | **Not Relevant** (Apple objects to this designation because it is not relevant to any issue to be decided in this case under Fed. R. Evid. 401-402.) |
| LC | **Calls for Legal Conclusion** (Apple objects to this designation because it contains conclusions of law.) |
| LEADING | **Leading** (Apple objects to this designation because the question asked is leading the witness.) |
| MIL | **Motion in Limine** (Apple objects to this designation because it includes testimony that the Court has excluded through one or more of Apple's motions in limine.) |

-2-

| Key to Apple's Objections | |
|---|---|
| **Abbreviation** | **Definitions** |
| NOT TESTIMONY | **Not Testimony** (Apple objects to this designation because it is not testimony of the witness.) |
| OOR | **Out of Record** (Apple objects to this designation because there was no agreed-to cross-use of expert testimony from the Delaware action.) |
| PHI | **Personal Health Information** (Apple objects to this designation because it contains the confidential personal health information of a non-witness.) |
| PRIV | **Negative inference based on redacted privileged information** (Apple objects to this designation because it seeks communications or information protected from disclosure by the attorney-client privilege, work product doctrine, common interest, joint defense, and/or other privilege.) |
| S | **Speculative** (Apple objects to this designation because it includes statements that are speculative as to matters of fact or law.) |
| SCOPE | **Beyond Scope of 30(b)(6) Notice or Topics** (Apple objects to this designation because it is outside the scope of the topics on which the witness was designated as a corporate representative.) |
| VA | **Vague and Ambiguous** (Apple objects to this designation because it includes vague and indefinite statements.) |
| 403 | **Prejudice Exceeds Probative Value** (Apple objects to this designation because its probative value is outweighed by unfair prejudice and/or confusion of the issues under Fed. R. Evid. 403.) |
| 901 | **Authentication** (Apple objects to this designation because it contains testimony on a document that has not been properly authenticated under Fed. R. Evid. 901.) |

# APPENDIX B

## Designation and Exhibit Objections

**A.    Charbonneau-Lefort, Mathieu (2/16/2022 Deposition)**

| No. | Designation | Objection | Response |
|---|---|---|---|
| 1. | 171:21-172:5 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations on the accused feature (the "heart rate monitoring feature during the background") because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature. | **Apple's Response**<br>The designation is directly responsive to testimony Masimo designated concerning the unaccused Blood Oxygen feature of Apple Watch (*see* 198:20-21) and Apple's counter designations provide necessary context and clarification for the testimony that Masimo designated as it relates to blood oxygen. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 2. | 191:5-191:19 | **Apple Objection**: F; VA This testimony is irrelevant as it relates to the unaccused Blood Oxygen feature, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether that feature is subject to Masimo's infringement claims. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it specifically refers to the two accused feature as a "monitoring" feature (explaining the sensor "delivers heart rate monitoring during the day in the background"). As for foundation and vagueness, Apple waived its objections by not raising them at the time of the deposition and offers no explanation here. |
| 3. | 198:13 - 199:2 | **Apple Objection**: IR; 403 This testimony is irrelevant as it relates to the unaccused Blood Oxygen feature, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether that feature is subject to Masimo's infringement claims. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it specifically refers to the two accused feature as a "monitoring" feature (referencing "the heart rate monitoring feature during the background") |

**B.**   **Cook Tim (12/7/2022 Deposition)**

| No. | Designation | Objection | Response |
|---|---|---|---|
| 4. | 18:11-17 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because it concerns Cook's lack of knowledge of Project Rover and Apple's discussions with Masimo, which are topics that Masimo did not include in its affirmative designations. | **Apple's Response:** The designation is responsive to Masimo's designations regarding Apple's interest in the health and wellness sector, and Masimo seeks to enter evidence specifically on Project Rover through other witnesses. |
| 5. | 20:1-20:2 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because it concerns Cook's lack of knowledge of Project Rover and Apple's discussions with Masimo, which are topics that Masimo did not include in its affirmative designations. | **Apple's Response:** The designation is responsive to Masimo's designations regarding Apple's interest in the health and wellness sector, and Masimo seeks to enter evidence specifically on Project Rover through other witnesses. |
| 6. | 20:5-20:18 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because it concerns Cook's lack of knowledge of Project Rover and Apple's discussions with Masimo, which are topics that Masimo did not include in its affirmative designations. | **Apple's Response:** The designation is responsive to Masimo's designations regarding Apple's interest in the health and wellness sector, and Masimo seeks to enter evidence specifically on Project Rover through other witnesses. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 7. | 33:5-6 | **Apple Objection**: F, S<br>No foundation/calls for speculation regarding document (JTX-260) about which witness stated he "don't recall," "don't know the intention of," and did not author. | **Masimo Response**:<br>The witness provided his personal knowledge about a question that did not concern any document. |
| 8. | 33:9-16 | **Apple Objection**: F, S<br>No foundation/calls for speculation regarding document (JTX-260) about which witness stated he "don't recall," "don't know the intention of," and did not author. | **Masimo Response**:<br>The witness provided his personal knowledge about a question that did not concern any document. |
| 9. | 86:14 - 87:8 | **Apple Objection**: IR, 403<br>No relevance to the accused High/Low Heart Rate Notifications features. | **Masimo Response**:<br>The testimony concerns Apple's overall health initiatives that include the accused features, and it shows the value Apple placed on medical technology. |
| 10. | 87:20 - 88:12 | **Apple Objection**: IR, 403<br>No relevance to the accused features and/or whether they are "patient monitors." | **Masimo Response**:<br>The testimony concerns Apple's overall health initiatives that include the accused features, and it shows the value Apple placed on medical technology. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 11. | 88:21 - 89:21 | **Apple Objection**: IR, 403 No relevance to the accused features and/or whether they are "patient monitors." | **Masimo Response**: The testimony concerns Apple's overall health initiatives that include the accused features, it shows the value Apple placed on medical technology, and Apple itself designated much of this testimony (89:1-21). |
| 12. | 93:8 - 93:16 | **Apple Objection**: F; S No foundation/calls for speculation regarding document (Ex. 568) about which witness stated he "don't recall," "don't know the intention of," and did not author. | **Masimo Response**: The witness is Apple's Chief Executive Officer who is "ultimately responsible for all aspects of Apple's business" (Tr. at 13:13-14:1), including Apple's official Apple.com website (Ex. 568). |
| 13. | 95:7 - 95:16 | **Apple Objection**: F; S No foundation/calls for speculation regarding document (Ex. 568) about which witness stated he "don't recall," "don't know the intention of," and did not author. | **Masimo Response**: The witness is Apple's Chief Executive Officer who is "ultimately responsible for all aspects of Apple's business" (Tr. at 13:13-14:1), including Apple's official Apple.com website (Ex. 568), and Apple itself designated all of this testimony. |
| 14. | 96:19-22 | **Apple Objection**: F, S No foundation/calls for speculation regarding document (Ex. 568) about which witness stated he "don't recall," "don't know the intention of," and did not author. | **Masimo Response**: The witness is Apple's Chief Executive Officer who is "ultimately responsible for all aspects of Apple's business" (Tr. at 13:13-14:1), including Apple's official Apple.com website (Ex. 568). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 15. | 120:22-121:3 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because it concerns Cook's lack of knowledge of Project Rover and Apple's discussions with Masimo, which are topics that Masimo did not include in its affirmative designations. | **Apple's Response:** The designation is responsive to Masimo's designations regarding Apple's interest in the health and wellness sector, and Masimo seeks to enter evidence specifically on Project Rover through other witnesses. |
| 16. | 121:6-9 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because it concerns Cook's lack of knowledge of Project Rover and Apple's discussions with Masimo, which are topics that Masimo did not include in its affirmative designations. | **Apple's Response:** The designation is responsive to Masimo's designations regarding Apple's interest in the health and wellness sector, and Masimo seeks to enter evidence specifically on Project Rover through other witnesses. |

## C.    Desai, Sumbul (10/25/2023 Deposition)

| No. | Designation | Objection | Response |
|---|---|---|---|
| 17. | 21:12-22:1 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because, unlike Masimo's designations on heart rate or Apple Watch generally, Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:**<br>This testimony is responsive to testimony designated by Masimo specifically mentioning the blood oxygen feature (e.g. Tr. 146:11-15) and is necessary to avoid jury confusion in considering whether the Apple Watch is a "patient monitor" based on "blood oxygen"-focused testimony. |
| 18. | 24:5-8 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:**<br>This testimony is responsive to testimony designated by Masimo specifically mentioning the blood oxygen feature (e.g. Tr. 146:11-15) and is necessary to avoid jury confusion in considering whether the Apple Watch is a "patient monitor" based on "blood oxygen"-focused testimony. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 19. | 25:9-26:8 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:** This testimony is responsive to testimony designated by Masimo specifically mentioning the blood oxygen feature (e.g. Tr. 146:11-15) and is necessary to avoid jury confusion in considering whether the Apple Watch is a "patient monitor" based on "blood oxygen"-focused testimony. |
| 20. | 34:2-6 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:** This testimony is responsive to testimony designated by Masimo specifically mentioning the blood oxygen feature (e.g. Tr. 146:11-15) and is necessary to avoid jury confusion in considering whether the Apple Watch is a "patient monitor" based on "blood oxygen"-focused testimony. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 21. | 42:5-43:8 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:**<br>This testimony is responsive to testimony designated by Masimo specifically mentioning the blood oxygen feature (e.g. Tr. 146:11-15) and is necessary to avoid jury confusion in considering whether the Apple Watch is a "patient monitor" based on "blood oxygen"-focused testimony. |
| 22. | 47:8 - 47:18 | **Apple Objection**: IR; VA; 403<br>Irrelevant and prejudicial and risks confusing jury because testimony does not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors"; vague and ambiguous as to meaning of "clinical setting." | **Masimo Response**:<br>The testimony is relevant, and not unduly prejudicial because it discusses doctors using the accused Apple Watch "heart rate" feature, so Apple—not Masimo—is the party attempting to confuse the jury with testimony solely concerning about the blood oxygen feature.<br><br>As for vagueness, Apple did not object to the question at the deposition and it was obviously clear to the doctor witness who readily answered the question. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 23. | 47:19-48:18 | **Masimo Objection**: 402, 403, X<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature; Desai's testimony on page 146 confirmed the study included "heart rate". | **Apple's Response:**<br>This testimony responds to testimony designated by Masimo specifically mentioning the blood oxygen feature *E.g.* 146:11-15 ("Q. The Seattle Flu Study. That one also used the blood oxygen feature? A. That was using the Apple Watch blood oxygen feature to study flu and COVID and the metrics including heart rate and SpO2."). The testimony is necessary to provide context to avoid confusing the jury into deciding that the Apple Watch *is* a "patient monitor" based on testimony focused in large part on the "blood oxygen" feature. |
| 24. | 64:19-65:6 | **Apple Objection**: VA<br>Vague and ambiguous as to "measurement you get" as well as "from a regulatory standpoint." | **Masimo Response**:<br>Apple did not object to the form of the question at the time of the deposition and the witness clearly understood the question |
| 25. | 144:16 - 145:10 | **Apple Objection**: IR; 403<br>Irrelevant and prejudicial and risks confusing jury because the "studies" mentioned do not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors." | **Masimo Response**:<br>Masimo carefully removed testimony about studies concerning only the blood oxygen feature and relied on this testimony because it shows the study concerned the accused "heart rate" feature of the Apple Watch. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 26. | 146:11 - 146:15 | **Apple Objection**: IR; 403 Irrelevant and prejudicial and risks confusing jury because the "studies" mentioned do not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors." | **Masimo Response**: Masimo carefully removed testimony about studies concerning only the blood oxygen feature and relied on this testimony because it shows the study concerned the accused "heart rate" feature of the Apple Watch. |
| 27. | 180:8 - 180:13 | **Apple Objection**: IR; 403; F; 901 Testimony does not establish foundation for or authenticate Exhibit 336; Exhibit 336 is irrelevant and prejudicial and risks confusing jury because it does not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors." | **Masimo Response**: As for foundation and authentication, the testimony confirms the witness (an Apple executive) recognized and reviewed this document, which was a letter that the doctor "wrote [] for us" at Apple.<br><br>The evidence is relevant and not unduly prejudicial because it is a letter that Apple adopted in the ITC case that discusses how the Watch is "valuable for healthcare purposes, including the ability to track heart rate" and "has improved healthcare outcomes significantly." |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 28. | JTX-7587 (Depo Ex. 336) | **Apple Objection**: IR, 403, H | **Masimo Response**: The evidence is relevant and not unduly prejudicial because it is a letter that Apple adopted in the ITC case that discusses how the Watch is "valuable for healthcare purposes, including the ability to track heart rate" and "has improved healthcare outcomes significantly." <br><br> The evidence is not hearsay because (a) it is being offered not for the truth of the assertions made therein but for the fact that Apple adopted those assertions and (b) it constitutes an adopted party admission because Apple submitted it in the ITC case to support Apple's position. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 29. | 180:20 - 181:2 | **Apple Objection**: IR; 403; F; 901<br>Testimony does not establish foundation for or authenticate Exhibit 336; Exhibit 336 is irrelevant and prejudicial and risks confusing jury because it does not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors." | **Masimo Response**:<br>As for foundation and authentication, the testimony confirms the witness (an Apple executive) recognized and reviewed this document, which was a letter that the doctor "wrote [] for us" at Apple.<br><br>The evidence is relevant and not unduly prejudicial because it is a letter that Apple adopted in the ITC case that discusses how the Watch is "valuable for healthcare purposes, including the ability to track heart rate" and "has improved healthcare outcomes significantly." |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 30. | 194:14 - 194:22 | **Apple Objection**: IR; 403; VA Testimony is vague and ambiguous to the extent it refers to an "e-mail" and "website for medical professionals" without context; irrelevant and prejudicial and risks confusing jury because it does not relate to the accused High/Low Heart Rate Notifications features and/or whether they are "patient monitors." | **Masimo Response**: As for vagueness, Apple did not object at the time of the deposition and had the opportunity to counter-designate any testimony necessary to allegedly put it in context. <br><br> The testimony is relevant and not unduly prejudicial because it discusses the need for a "website for medical professionals" for the Apple Watch in general, which would include all medical uses of the watch including the accused features. |

### D.  Jaynes, Michael (8/3/2022 Deposition)

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 31. | 66:7 - 66:14 | **Apple Objection**: IR, 403 Testimony regarding R&D expenses for Watch is irrelevant to any theory of damages put forth by Masimo; potential probative value is outweighed by risk of confusing jury as to whether any R&D expenses should be considered in awarding damages. | **Masimo Response**: One step in Masimo's damages expert's reasonable royalty apportionment is to credit Apple for its R&D costs attributable to the infringing features. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 32. | 66:16 - 66:16 | **Apple Objection**: IR, 403 Testimony regarding R&D expenses for Watch is irrelevant to any theory of damages put forth by Masimo; potential probative value is outweighed by risk of confusing jury as to whether any R&D expenses should be considered in awarding damages. | **Masimo Response**: One step in Masimo's damages expert's reasonable royalty apportionment is to credit Apple for its R&D costs attributable to the infringing features. |
| 33. | 66:18 - 66:20 | **Apple Objection**: IR, 403 Testimony regarding R&D expenses for Watch is irrelevant to any theory of damages put forth by Masimo; potential probative value is outweighed by risk of confusing jury as to whether any R&D expenses should be considered in awarding damages. | **Masimo Response**: One step in Masimo's damages expert's reasonable royalty apportionment is to credit Apple for its R&D costs attributable to the infringing features. |
| 34. | 66:22 - 66:22 | **Apple Objection**: IR, 403 Testimony regarding R&D expenses for Watch is irrelevant to any theory of damages put forth by Masimo; potential probative value is outweighed by risk of confusing jury as to whether any R&D expenses should be considered in awarding damages. | **Masimo Response**: One step in Masimo's damages expert's reasonable royalty apportionment is to credit Apple for its R&D costs attributable to the infringing features. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 35. | 68:14 - 68:15 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to revenue from sales of unaccused third-party applications; any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those apps are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 36. | 68:17 - 69:4 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to revenue from sales of unaccused third-party applications; any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those apps are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 37. | 69:6 - 69:8 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to revenue from sales of unaccused third-party applications; any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those apps are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

1

### E.    Mansfield, Robert (8/11/2022 Deposition)

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 38. | 30:18-19 | **Apple's Objection**: IR; 403 This testimony and corresponding exhibit are irrelevant and unduly prejudicial because they are related to an unaccused industrial design for the sensor that was ultimately not incorporated into Apple Watch. | **Masimo Response**: The evidence is not specific to a particular design; it shows Apple's executive in charge of the Apple Watch project thought the accused optical heart rate sensor was "the most important feature" of the Apple Watch. |
| 39. | JTX-335 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above |
| 40. | 31:2 - 31:4 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above |
| 41. | 33:5-8 | **Masimo Objection**: X, IC Masimo did not designate anything about the "shower head design." | **Apple Response:** JTX-335, which Masimo seeks to admit through this witness, refers to "a shower head design" the Apple team was considering and ultimately did not incorporate into Apple Watch. |
| 42. | 33:17 - 34:2 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above |
| 43. | 35:11 - 35:21 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above |
| 44. | 35:22-37:9 | **Masimo Objection**: F, S The witness admitted this testimony was speculation (Tr. at 36:2-3, 36:6-7, 37:6-9). | **Apple Response:** The witness testified to his recollection or lack thereof of the document and events on which Masimo has designated testimony. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 45. | 40:9-11 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above, and these counters are necessary because Apple countered testimony in which Mansfield denied saying the sensor design was a "mess" (Tr. at 38:6-19). |
| 46. | 41:1-17 | **Apple Objection**: IR, 403 Same as above. | **Masimo Response**: Same as above, and these counters are necessary because Apple countered testimony in which Mansfield denied saying the sensor design was a "mess" (Tr. at 38:6-19). |
| 47. | 50:4-12 | **Masimo Objection**: X, IC The testimony is outside the scope of Masimo's designations because Masimo did not designate anything from this witness about partnerships with third parties. | **Apple Response:** Masimo's designations are directed to Apple's work on sensor design at the time of the parties' prior interaction, and Masimo seeks to enter evidence on Apple's interest in partnering in the health and wellness space. |

F.    **Mistri, Afshad (10/27/2023 Deposition)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 48. | 95:1-5 | **Apple Objection**: IR, 403 This testimony from a separate case is irrelevant and unduly prejudicial because it concerns the unaccused Irregular Heart Rate Rhythm Notifications and the ECG app. | **Masimo Response**: Masimo did not affirmatively designate this testimony but designated it as a counter-counter because **Apple** designated testimony about those features (*see* 21:17-22:9, 23:4-14, 113:7-12, 113:15-22) and the testimony concerns the "heart rate notifications" feature. |
| 49. | 95:7-8 | **Apple Objection**: IR, 403 This testimony from a separate case is irrelevant and unduly prejudicial because it concerns the unaccused Irregular Heart Rate Rhythm Notifications and the ECG app. | **Masimo Response**: Masimo did not affirmatively designate this testimony but designated it as a counter-counter because **Apple** designated testimony about those features (*see* 21:17-22:9, 23:4-14, 113:7-12, 113:15-22). |
| 50. | 114:2-8 | **Apple Objection**: IR, 403 This testimony from a separate case is irrelevant and unduly prejudicial because it concerns the unaccused Irregular Heart Rate Rhythm Notifications and the ECG app. | **Masimo Response**: Masimo did not affirmatively designate this testimony but designated it as a counter-counter because **Apple** designated testimony about those features (*see* 21:17-22:9, 23:4-14, 113:7-12, 113:15-22). |

G.    **Nag, Divya (8/24/2022 Deposition)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 51. | 50:12 - 51:7 | **Apple Objection**: IR, 403 This testimony is irrelevant and unduly prejudicial because it concerns the unaccused HealthKit and ResearchKit tools for developers. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it relates to tools used to conduct clinical studies (including clinical studies referenced in other witness designations that relate to heart rate) and develop apps using sensor data from the Apple Watch (including data from the heart rate sensor). |
| 52. | 51:15-21 | **Apple Objection**: IR, 403 The designation is about generic studies unrelated to the accused features and risks confusion and undue prejudice if Masimo suggests it is related to the accused features since the subject matter is not specified. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it relates to tools used to conduct clinical studies (including clinical studies referenced in other witness designations that relate to heart rate) and develop apps using sensor data from the Apple Watch (including data from the heart rate sensor). |
| 53. | 55:19 - 55:22 | **Apple Objection**: IR, 403 The designation is about generic studies unrelated to the accused features and risks confusion and undue prejudice if Masimo suggests it is related to the accused features since the subject matter is not specified. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it discusses clinical studies involving collection of "physiological parameters" on Apple Watch and other testimony makes clear that some of those studies involve heart rate. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 54. | 56:1 – 56:10 | **Apple Objection**: IR, 403 The designation is about generic studies unrelated to the accused features and risks confusion and undue prejudice if Masimo suggests it is related to the accused features since the subject matter is not specified. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it discusses clinical studies involving collection of "physiological parameters" on Apple Watch and other testimony makes clear that some of those studies involve heart rate. |
| 55. | 56:13 – 56:17 | **Apple Objection**: IR, 403 The designation is about generic studies unrelated to the accused features and risks confusion and undue prejudice if Masimo suggests it is related to the accused features since the subject matter is not specified. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it discusses clinical studies involving collection of "physiological parameters" on Apple Watch and other testimony makes clear that some of those studies involve heart rate. |
| 56. | 88:1 – 88:10 | **Apple Objection**: IR, 403 The designation is about generic studies unrelated to the accused features and risks confusion and undue prejudice if Masimo suggests it is related to the accused features since the subject matter is not specified. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it discusses clinical studies involving collection of "physiological parameters" on Apple Watch and other testimony makes clear that some of those studies involve heart rate. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 57. | 112:21 - 113:6 | **Apple Objection**: IR, 403 This testimony is irrelevant and unduly prejudicial because it concerns the unaccused ResearchKit tool for developers. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it relates to tools used to conduct clinical studies (including clinical studies referenced in other witness designations that relate to heart rate) and develop apps using sensor data from the Apple Watch (including data from the heart rate sensor). |
| 58. | 114:1 - 114:4 | **Apple Objection**: IR, 403 This testimony is irrelevant and unduly prejudicial because it concerns the unaccused ResearchKit tool for developers. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it relates to tools used to conduct clinical studies (including clinical studies referenced in other witness designations that relate to heart rate) and develop apps using sensor data from the Apple Watch (including data from the heart rate sensor). |
| 59. | 114:6 - 114:17 | **Apple Objection**: IR, 403 This testimony is irrelevant and unduly prejudicial because it concerns the unaccused ResearchKit tool for developers. | **Masimo Response**: The testimony is relevant and not unduly prejudicial because it relates to tools used to conduct clinical studies (including clinical studies referenced in other witness designations that relate to heart rate) and develop apps using sensor data from the Apple Watch (including data from the heart rate sensor). |

**H.** **Perez, Marco (1/10/24 Deposition)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 60. | 8:15 - 8:17 | **Apple Objection**: OOR This testimony is from Dr. Perez's deposition in a separate case, involving different patents, that is not subject to the parties' cross-use agreement; the Court's prior ruling only addressed the undisputed issue of whether such transcripts may be used for impeachment, and Masimo's designations are not being used for that purpose, Dkt. 1945 at 3, Dkt. 1946 at 3; and Dr. Perez is not a person of skill in the field of the asserted patent and has not offered any opinion regarding the asserted patent. | **Masimo Response**: Apple's cross use objection lacks merit because (a) the parties agreed on impeachment but disputed use for other purposes (Dkt. 1945 at 3-4), (b) the Court ordered "expert reports and expert deposition transcripts" from the Delaware case *are* available in this case—including for uses "other than for impeachment" if identified "sufficiently in advance to use" (Dkt. 1946 at 3), which Masimo did by designating testimony, and (c) Apple did not object to this evidence when Masimo submitted it in opposition to Apple's MSJ or when the Court relied on it in its MSJ order (Dkt. 2771 at 19); Perez need not be a POSITA or expert because he is an Apple witness that Masimo is calling to show he uses the Apple Watch in his practice on patients. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 61. | 42:7 – 42:16 | **Apple Objection**:<br>OOR<br>This testimony is from Dr. Perez's deposition in a separate case, involving different patents, that is not subject to the parties' cross-use agreement; the Court's prior ruling only addressed the undisputed issue of whether such transcripts may be used for impeachment, and Masimo's designations are not being used for that purpose, Dkt. 1945 at 3, Dkt. 1946 at 3; and Dr. Perez is not a person of skill in the field of the asserted patent and has not offered any opinion regarding the asserted patent.<br><br>IR, 403<br>Moreover, the testimony relates to unaccused features, and makes no reference to the high or low heart rate notifications features, which are the only accused features in this case. | **Masimo Response**:<br>Apple's cross use objection lacks merit because (a) the parties agreed on impeachment but disputed use for other purposes (Dkt. 1945 at 3-4), (b) the Court ordered "expert reports and expert deposition transcripts" from the Delaware case *are* available in this case—including for uses "other than for impeachment"—if identified "sufficiently in advance to use" (Dkt. 1946 at 3), which Masimo did by designating testimony, and (c) Apple did not object to this evidence when Masimo submitted it in opposition to Apple's MSJ or when the Court relied on it in its MSJ order (Dkt. 2771 at 19); Perez need not be a POSITA or expert because he is an Apple witness that Masimo is calling to show he uses the Apple Watch in his practice on patients.<br><br>As for relevance and prejudice, the evidence *does* relate to the accused feature because the testimony specifically states that Perez would use the "heart rate" feature from the Apple Watch in his "clinical decision-making" (42:11-16). |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 62. | 43:2-22 | **Masimo Objection**: 402, 403 This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations on the accused heart rate features because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature. | **Apple's Response**:  Apple's designation directly relates to the testimony Masimo designated at 42:7-16 and Apple's counter designations provide necessary context and clarification for the testimony that Masimo designated as it relates to blood oxygen. |
| 63. | 44:2-12 | **Masimo Objection**: 402, 403 This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations on the accused heart rate features because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature. | **Apple's Response**:  Apple's designation directly relates to the testimony Masimo designated at 42:7-16 and Apple's counter designations provide necessary context and clarification for the testimony that Masimo designated as it relates to blood oxygen. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 64. | 44:14-16 | **Masimo Objection**: 402, 403<br>This testimony is irrelevant, unduly prejudicial, and outside the scope of Masimo's designations on the accused heart rate features because Apple's counters relate solely to the unaccused blood oxygen feature and could confuse the jury into deciding the Apple Watch is not a "patient monitor" based on that "blood oxygen" feature. | **Apple's Response**:  Apple's designation directly relates to the testimony Masimo designated at 42:7-16— Apple's counter designations provide necessary context and clarification for the testimony that Masimo designated as it relates to blood oxygen. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 65. | 48:16-20 | **Apple Objection**: OOR, IR 403<br>This testimony is from Dr. Perez's deposition in a separate case, involving different patents, that is not subject to the parties' cross-use agreement; further, the testimony relates to unaccused features. | **Masimo Response**:<br>Apple's cross use objection lacks merit because (a) the parties agreed on impeachment but disputed use for other purposes (Dkt. 1945 at 3-4), (b) the Court ordered "expert reports and expert deposition transcripts" from the Delaware case *are* available in this case—including for uses "other than for impeachment" if identified "sufficiently in advance to use" (Dkt. 1946 at 3), which Masimo did by designating testimony, (c) Apple did not object to this evidence when Masimo submitted it in opposition to Apple's MSJ or when the Court relied on it in its MSJ order (Dkt. 2771 at 19).<br><br>As for relevance and prejudice, the evidence *does* relate to the accused feature because the testimony states that Perez would use "heart rate" from the Apple Watch in his "clinical decision-making" (42:11-16). |

## I.    Rollins, Mark (11/8/2022 Deposition)

| No. | Designation | Objection | Response |
|---|---|---|---|
| 66. | 61:16 - 61:18 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 67. | 61:20 - 62:1 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 68. | 62:3 - 62:4 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 69. | 62:7 - 62:9 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 70. | 62:11 - 62:12 | **Apple Objection**: IR, 403 This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 71. | 135:14 - 135:16 | **Apple Objection**: IR, 403, SCOPE This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 72. | 136:1 - 136:2 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 73. | 136:5 - 136:7 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

| No. | Designation | Objection | Response |
|---|---|---|---|
| 74. | 136:9 - 136:11 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 75. | 136:14 - 136:16 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 76. | 137:11 - 137:13 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |
| 77. | 137:16 - 137:16 | **Apple Objection**: IR, 403, SCOPE, F, S<br>This testimony is irrelevant as it relates to sales of products other than the Apple Watch, and any potential probative value is substantially outweighed by a danger of confusing the jury as to whether those products are subject to Masimo's infringement claims, particularly as the witness' testimony makes clear that he is speculating and uncertain about the unsupported facts being recited into the record by Masimo's counsel. | **Masimo Response**: This testimony is relevant to Masimo's damages expert's analysis under Georgia-Pacific factor 6 that considers the effect Apple's sales of infringing watches has on generating sales of other non-patented items. |

J.    **Rothkopf, Fletcher (10/21/2022 and 10/22/2022 Delaware Trial)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 78. | 324:25-325:4 | **Apple Objection**: IR, 403, H The designated testimony is concerning an exhibit that includes the personal health information of a person unrelated to this litigation, contains hearsay statements, and is about the unaccused ECG App. | **Masimo Response**: IR/403: Rothkopf explained how he and his father used the accused Apple Watch's high heart rate notification feature ("got a notification on his Apple Watch that he had a[n] elevated heart rate"), contacted a doctor, and received medical treatment at a hospital, which is relevant to show the Apple Watch is a "patient monitor." Personal Health Information: Rothkopf publicly shared at the parties' Delaware trial his personal experience using the Apple Watch to help his father receive medical assistance. Hearsay: The testimony concerns the witness's own recollection of facts and does not contain any hearsay. |
| 79. | 325:18-327:9 | **Apple Objection**: IR, 403, H The designated testimony is about a person unrelated to this litigation's personal health, contains hearsay statements, and is about the unaccused ECG App. | **Masimo Response**: See above. |

-36-

1

**K.    Williams, Jeff (8/9/2022 Deposition)**

| No. | Designation | Objection | Response |
|-----|-------------|-----------|----------|
| 80. | 306:21-308:1 | **Masimo Objection**: X, 402, 403<br>This testimony is outside the scope of Masimo's designations, irrelevant, and prejudicial because it asserts that Apple did not take Masimo's trade secrets even though Masimo has not designated any testimony about Apple taking Masimo's trade secrets. | **Apple Response:**<br>Testimony regarding Apple's independent development of its products is relevant to Masimo's claims of patent infringement. |