Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S BENCH MEMORANDUM REGARDING WITHDRAWAL OF WILLFUL INFRINGEMENT AND LAY OPINION TESTIMONY** |

To narrow the issues for trial, Masimo has withdrawn willful infringement, and it notified Apple of that decision this past weekend. Thus, Apple's purported subjective beliefs regarding infringement are no longer relevant. Apple's fact witnesses should not testify about their purported subjective beliefs regarding claim scope, infringement, or invalidity. On November 2, Masimo asked Apple to confirm that its fact witnesses will not testify about those topics (whether framed as subjective beliefs or otherwise). Ex. 1 at 5-6. Masimo requested confirmation because its purpose of withdrawing willful infringement was to simplify trial. But that purpose would be turned on its head if Apple were to launch a willful infringement defense—improperly focusing on the subjective beliefs of fact witnesses and improperly using them as undisclosed experts.

Misunderstanding this Court's October 28 order on the parties' motions *in limine* (Dkt. 2778) (the "Order") and ignoring controlling law, Apple responded to Masimo's request by arguing that the Court Order permits Apple to present opinions by fact witnesses about the scope of the term "patient monitor" as used in the '776 Patent. Ex. 1 at 4. Clearly, Apple wants these lay witnesses to offer their beliefs that Apple does not infringe because of that limitation. To support that desired outcome, Apple selects one sentence of the Court's Order out of context. Read in full, the Court's Order did not contradict controlling law. Rather, it provided that Apple's fact witnesses could testify on their subjective beliefs because they may be relevant to *willful infringement*. Specifically, the Order provides:

> [Apple's] fact witnesses are limited to testifying as to their understanding of the functionality of the Apple Watch and whether it would be a "patient monitor," in view of their understanding of the plain and ordinary meaning of that term. They may not define the term "patient monitor" for the jury or provide an opinion on the ultimate issue of infringement. To the extent the witnesses can testify as to their subjective beliefs about whether the Apple Watch infringed the '776 Patent during the limited period relevant to the willful infringement issue, that testimony may be admissible. . . .

(Dkt. 2778 at 3.) Although the Court's Order accepts that that testimony may have been

-1-

relevant to subjective beliefs to defend against willful infringement—for the purpose of mental state—it now has no relevance to any issue to be tried. At the very least, any relevance argued by Apple is significantly outweighed by the very real risk that the jury will interpret the testimony of Apple's fact witnesses as being legitimate opinions about claim scope, infringement, and invalidity. That would be wrong, or worse, it suggests that one's mental state is relevant to the only claim that remains (direct infringement).

Of course, "[d]irect infringement is a strict-liability offense," and "defendant's mental state is irrelevant." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). What Apple's fact witnesses may believe about the scope of the claims (the "patient monitor" term or any other limitation) and Apple's infringement has no bearing on whether Apple directly infringed the '776 Patent. Such testimony will only confuse the jury on the standard for liability and whether Apple's fact witnesses are offering opinions. Indeed, the Federal Circuit has made clear that such testimony has "little probative value" and tends to be unfairly prejudicial. *See, e.g.*, *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014) (affirming exclusion of fact witness's testimony about "his opinions on the issues of infringement and validity"); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) (allowing lay fact witness testimony "on the issue[] of noninfringement" "is an abuse of discretion" and reversible error).

The Court's Order is not to the contrary. Read fully, the Court ruled that Apple could defend against willful infringement by offering testimony going to its subjective beliefs. Such testimony, if admissible at all, *was* relevant to Apple's state of mind when *willfulness* was an issue in the case. *See, e.g.*, *SRAM, LLC v. Princeton Carbon Works Inc.*, 2025 WL 2409793, at *26 (S.D. Fla. Aug. 20, 2025) ("Since [the patentee] had asserted that [the defendant] willfully infringed its patents, [the defendant] was entitled to rebut this claim with evidence that its CEO (and one of its principal designers) didn't believe they had infringed at all."). But with willful infringement gone, fact witnesses cannot "parse the terms of the patent claims to opine as to whether the patent reads on"

the accused product. *Briese Lichttechnik Vertriebs GmbH v. Langton*, 2012 WL 5457681, at *3 (S.D.N.Y. Nov. 8, 2012) (striking fact witness's "testimony mapping the claim language of the patent to the structures in the accused . . . devices" on summary judgment as a belated expert opinion); *see also Xodus Med., Inc. v. Prime Med., LLC.*, 2022 WL 407090, at *3-4 (E.D. Tenn. Feb. 9, 2022) (granting motion *in limine* "preclud[ing] [d]efendants from eliciting testimony from lay witnesses that a recited claim limitation is not present in the [a]ccused [p]roducts"). As shown above, such testimony is reversible error.

To be sure, Apple's witnesses can testify to the facts of how the Apple Watch is configured and works. But Apple cannot cross the line and have them opine on claim language or whether the Apple Watch satisfies the claim language now that willful infringement is gone. Such testimony would confuse the jury on the standard for liability (*i.e.*, suggesting a mental state requirement for direct infringement) and improperly allow fact witnesses to give undisclosed opinions on claim scope and infringement.

For the foregoing reasons, Masimo respectfully requests that the Court clarify its prior Order and rule that Apple's fact witnesses may not offer their beliefs about the scope of claim language (including the claim term "patient monitor"), infringement, or invalidity. Apple has disclosed expert opinions on those issues, and those disclosed opinions are what Apple should present through its experts. Masimo respectfully requests the Court's guidance on this issue before trial starts because it could impact Masimo's opening statement and case presentation.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: November 3, 2025 | By: */s/ Nicholas M. Zovko* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Sheila N. Swaroop |
|   | Brian C. Horne |
|   | Brian C. Claassen |
|   | Nicholas M. Zovko |
|   | Mark D. Kachner |
|   | Adam B. Powell |
|   | Kendall M. Loebbaka |
|   | Daniel P. Hughes |
|   | Douglas B. Wentzel |
|   |   |
|   | Attorneys for Plaintiffs MASIMO CORPORATION and CERCACOR LABORATORIES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Masimo Corp., certifies that this brief contains 1,009 words, which:

X  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated: November 3, 2025                By: */s/ Nicholas M. Zovko*
                                               Joseph R. Re
                                               Stephen C. Jensen
                                               Sheila N. Swaroop
                                               Brian C. Horne
                                               Brian C. Claassen
                                               Nicholas M. Zovko
                                               Mark D. Kachner
                                               Adam B. Powell
                                               Kendall M. Loebbaka
                                               Daniel P. Hughes
                                               Douglas B. Wentzel

                                            Attorneys for Plaintiffs
                                            MASIMO CORPORATION and
                                            CERCACOR LABORATORIES, INC.