UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:   [IN CHAMBERS] Order Order Regarding Motions *in Limine* and Motion for Reconsideration**

   Plaintiffs, Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Masimo") and Defendant, Apple Inc. ("Apple"), move the Court for relief by way of Motions *in Limine*. Apple also filed a motion for reconsideration addressing related issues. The Court now enters its rulings.

**I.   Masimo's Motions *in Limine***

   *A.   Motion in Limine No. 1: Arguments regarding Use of the Accused Devices (Docket No. 2655)*

   In view of the rulings on the parties' summary judgment motions, Masimo indicates it will argue only that Apple infringes the apparatus claims (Claims 11-14 of the '776 Patent) at trial. Docket No. 2655-2 at 1. Masimo asks the Court to exclude argument from Apple that the accused Apple Watch must be used in a particular way to infringe these claims. Id. Masimo also argues that the manner of use should not affect the damages analysis. Id. Apple responds that the manner of use is relevant to Masimo's claims for induced and contributory infringement. Docket No. 2702 at 1. Apple also argues that the manner of use affects whether the accused product is a "patient monitor" within the meaning of the '776 Patent. Id. This issue affects Masimo's direct infringement claims as well. Apple also argues that Masimo's motion is an improper summary judgment motion. Id.

   Masimo indicates it will not pursue claims for indirect infringement. Docket No. 2718 at 1. Thus, Apple's initial argument is not relevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

For direct infringement of an apparatus claim based on the sale of an accused device, the issue is not whether the accused device was subsequently used in an infringing manner. Rather, the issue is whether, at the time of the sale, the accused device meets the claim limitations. Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1311–12 (Fed. Cir. 2005) ("To infringe an apparatus claim, the device must meet all of the structural limitations.") (internal citation omitted). Here, Claim 11 discloses, "a patient monitor configured to monitor at least a pulse rate of a patient . . . , the patient monitor comprising . . . ." '776 Patent, Claim 11. Claim 11 also uses the terms "patient" and "patient monitor" throughout the body of the claim. Whether the accused devices were "patient monitors" at the time of sale is a fact issue that the jury will need to resolve. Evidence regarding the features of the Apple Watch and the manner of use is relevant to whether the Apple Watch is a "patient monitor." The Court will not exclude all evidence of use. However, a direct infringement analysis that separates infringing and non-infringing sales based on the manner of use by the customer is not correct. Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device *is*, not what a device *does*.") (emphasis in original). The Court will exclude argument suggesting that sales should be categorized into infringing or non-infringing based on subsequent use.

The Court also declines to deny Masimo's motion as procedurally improper. It relates to claim construction issues concerning "patient monitor" addressed in the parties' summary judgment motions, as well as the appropriate legal standard for direct infringement based on a sale of an accused device.

For the foregoing reasons, the Court **GRANTS** Masimo's motion to the extent it seeks to exclude arguments that whether a sale constitutes an act of infringement depends on subsequent use of the accused products. The Court **DENIES** the motion to the extent it seeks to entirely exclude evidence regarding the manner of use of the accused devices because that evidence is relevant to whether the accused devices are patient monitors within the meaning of the '776 Patent.

    B.    *Motion in Limine No. 2: Evidence and Argument Attempting to Construe "Patient Monitor" or "Patient" (Docket No. 2658)*

Masimo asks the Court to exclude evidence and argument narrowly construing "patient monitor" to (1) require continuous "beat-to-beat" measurements and (2) be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

something other than a consumer electronics device. Docket No. 2672 at 1.

First, Apple may offer fact witness testimony regarding the capabilities of the Apple Watch. The '776 Patent claims, "[a] patient monitor configured to monitor at least a pulse rate of a patient . . . ." '776 Patent, Claim 11. The parties did not request construction of the term, "patient monitor." Plain and ordinary meaning applies. In its Summary Judgment ruling, the Court found that Mercier and Warren may testify about whether or not the Apple Watch misses events. Summary Judgment Order, Docket Nos. 2771, 2745 (sealed) § III.A.2. To the extent other fact witnesses, such as Brouse, Shapiro, and Framhein, will offer similar testimony, the substance of that testimony is not objectionable for the reasons stated in the Summary Judgment Order. Id. However, these fact witnesses are limited to testifying as to their understanding of the functionality of the Apple Watch and whether it would be a "patient monitor," in view of their understanding of the plain and ordinary meaning of that term. They may not define the term "patient monitor" for the jury or provide an opinion on the ultimate issue of infringement. To the extent the witnesses can testify as to their subjective beliefs about whether the Apple Watch infringed the '776 Patent during the limited period relevant to the willful infringement issue, that testimony may be admissible. The Court will consider any objections at the time of trial.

Second, as to the "continuous monitoring" issue, the Court found in its Summary Judgment ruling that a patient monitor must capture important medical events, like oxygen desaturation, and must perform at a level similar to a clinical device in terms of event capture. Summary Judgment Order, Docket Nos. 2771, 2745 (sealed) § III.A.2. The Court did not fully construe the term but rather resolved the limited issue of whether Mercier and Warren's testimony was appropriate. Id. Masimo's motion is **DENIED** to the extent it seeks to exclude testimony consistent with the Court's prior ruling. Apple may not affirmatively define "patient monitor" as a device that continuously monitors and captures "beat-to-beat" measurements or as a device that captures "all medical events." Still, Apple may offer testimony as to how a person having ordinary skill in the art would understand the term "patient monitor." Apple's witnesses may discuss the extent to which the Apple Watch does or does not miss events. Apple may not offer testimony that the Apple Watch is not a "patient monitor" solely because it does not have a 100% capture rate.[1] Id.

---

[1] Masimo also argued in its Motion that the terms "patient and "patient monitor" in the claim are not limiting. Docket No. 2672 at 9. Apple opposed. Docket No. 2703 at 5-7. Masimo did not address the issue further in its reply brief. At least due to the extensive use of the term "patient monitor"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
|---|---|---|---|

| Title | Masimo Corporation et al. v. Apple Inc. |
|---|---|

Third, as to the "consumer device" issue, the '776 Patent distinguished consumer devices from inventive pulse oximetry techniques based on capability. In other words, unlike consumer devices in the prior art, the claimed "patient monitor" cannot use a technique like sleep mode which would cause missed events. Thus, the status of the Apple Watch as a consumer product is not conclusive. The question is whether it performs at the level needed to be a "patient monitor." Masimo's motion is **GRANTED** to the extent Apple introduces evidence or argument that the Apple Watch's status as a consumer product, alone, disqualifies it as a "patient monitor."

    C.    *Motion in Limine No. 3: Argument regarding Corporate Restructuring (Docket No. 2663)*

Masimo asks the Court to exclude evidence and argument relating to Masimo's proxy battle, corporate restructuring, and related lawsuits as irrelevant and prejudicial. Docket No. 2663-2 at 1. Apple responds that Masimo intends to introduce evidence regarding Kiani's 2013 meeting with Apple concerning Project Rover / Project Everest and that Apple intends to address that evidence at trial. Docket No. 2704 at 1. Apple further responds that it "does not intend to affirmatively rely on evidence regarding 'Masimo's proxy context, corporate restructuring, and related evidence,' unless Plaintiffs make an argument that opens the door to such evidence." Id. at 3 (citing Docket No. 2663-2 at 1).

The Court separately addresses the relevance of the Project Rover / Project Everest evidence below. See § II.B, infra. Apple does not articulate any basis to introduce the topics at issue here other than in response to the Project Rover / Project Everest evidence. As discussed below, Masimo may introduce limited evidence regarding the parties' business dealings as to it relates to damages. It is unclear how this limited evidence would warrant introducing evidence regarding Masimo's corporate structuring in response. Because there is no reason to introduce evidence regarding Masimo's corporate restructuring and related events, the Court **GRANTS** Masimo's motion.

**II.    Apple's Motion *in Limine***

---

throughout Claim 11 of the '776 Patent, as opposed to just in the preamble, the Court declines to find the term non-limiting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

    A.    *Motion in Limine No. 1: Applicability of Prior Motions in Limine Rulings (Docket No. 2664)*

Apples asks that the Court continue to apply its rulings regarding previous motion in limine, including to exclude references to other proceedings. See generally Docket No. 2678. Masimo generally agrees that the prior rulings should continue to apply, rendering most of Apple's motion moot. Id. at 4. However, Masimo argues that prior inter partes review ("IPR"), International Trade Commission ("ITC"), and Customs and Border Patrol ("CBP") proceedings are relevant. Docket No 2683 at 1.

The evidence regarding the IPR proceedings has limited, if any, probative value and could prejudice Apple.

First, Warren discusses prior art from the IPR proceedings only in the "state of the art" portion of his invalidity report. Docket No. 2683 at 3; Docket No. 2715-1 at 2. Given the limited capacity in which Warren can address these references, and the fact that he cannot compare disclosures from them to specific claim limitations at issue, it is unclear why Masimo would need to reference the IPR proceeding. See Summary Judgment Order, Docket Nos. 2771, 2745 (sealed) § III.E.2.

Second, though Warren and Mercier both cite documents from the IPR proceedings in their expert reports, Apple contends that this testimony is either high-level summary material or related to claim construction. Docket No. 2715-1 at 3. Warren and Mercier would not testify about the IPR proceedings during the jury trial. Masimo would not need to discuss the IPR proceedings in response to Warren and Mercier's testimony because Apple indicates it would not open the door.

Third, evidence regarding the outcome of the IPR proceeding has limited probative value with respect to willful infringement and could prejudice Apple. The evidence has limited probative value because, as Masimo admits, Apple did not develop the invalidity defenses it will present at trial until after the IPR proceedings. Thus Apple could still have a good faith belief of invalidity based on its present defenses, which are different from the art raised during the IPR. Indicating to the jury that the Patent Trial and Appeal Board found the '776 Patent not invalid over the art presented during the IPR could influence the jury's ability to decide the different invalidity defenses at issue in the upcoming trial impartially. This prejudice outweighs the limited value of the IPR proceeding as relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

to Apple's (lack of) good faith belief of invalidity.

Counteracting this prejudice would also involve explaining the limited nature of an IPR proceeding and the differences between system art and publications to the jury. This is a complicated area and one in which the case law is still evolving. See, generally Ingenico Inc. v. IOENGINE, LLC, 136 F.4th 1354, 1360 (Fed. Cir. 2025). Discussing the issue could cause jury confusion and could be time intensive. Finjan, Inc. v. Cisco Sys. Inc., 2020 WL 13180008, at *9 (N.D. Cal. June 5, 2020).

As to the ITC and CBP proceedings, the identified statements adopted by Apple during the proceedings are relevant to whether the accused Apple Watch is a patient monitor. Madisetti may reference statements from doctors in these proceedings in support of his opinion that the Apple Watch is a patient monitor within the meaning of the '776 Patent. See Madisetti Reply Report, Docket No. 2523-3 ¶¶ 265-269.[2] Apple may cross examine Madisetti regarding the context for the statements and whether or not they relate to accused features. Also, though the patents asserted in the ITC proceedings are different from the remaining patent asserted here, the statements still describe the accused product, the Apple Watch. Though Madisetti may rely on these statements to offer an expert opinion on infringement, it is unclear whether the statements could be used for impeachment purposes in connection with other witnesses. The Court will address this issue during the trial if needed.

Masimo also indicates that it does not intend to introduce any rulings from these proceedings and will only present statements adopted by Apple during the proceedings. Docket No. 2683 at 9. The amount of context needed to introduce these types of statements is minimal. Masimo may indicate that doctors testifying in another proceeding made the statements about the Apple Watch. Additional detail is unnecessary. Given the limited scope of this evidence and context needed, the Court finds no prejudice to Apple.

Accordingly, the Court **GRANTS** Apple's Motion as to the IPR proceeding and **DENIES** Apple's Motion at to the ITC and CBP proceedings. The remainder of the

---

[2] It is unclear whether Madisetti's opinion references statements from both the ITC and CBP proceedings or just from the ITC proceeding. Docket No. 2715-1. To the extent Madisetti references only statements from the ITC proceeding and Masimo has not identified any potentially relevant statement from the CBP proceeding, Apple's motion is **GRANTED** as to the CBP proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
|---|---|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. | | |

motion is **MOOT**.

    B.    *Motion in Limine No. 2: Evidence Presented in the Trade Secret Trials (Docket No. 2651)*

Apple asks the Court to exclude evidence about Project Rover and Project Everest from the trade secret trials as irrelevant and prejudicial. Docket No. 2577 at 1. The challenged evidence relates to Apple's hiring strategy and practices, Apple's investigations into other companies and technologies for purposes of expanding Apple's capabilities, Apple's meeting with Masimo, Apple's hiring of Masimo employees, and Apple's teardowns of Masimo products. Id. at 2. Masimo argues that three specific categories of evidence from the trade secret trials are relevant to both infringement and damages here. Docket No. 2705 at 2. This evidence includes (1) Apple's investigation of the patient monitoring field, (2) Apple's use of Masimo products for benchmarking purposes, and (3) Apple's reasons for hiring doctors and engineers with medical experience. Id. at 2-6.

As to infringement, the issue is whether the Apple Watch, as it was actually designed, is a patient monitor. The issue is not whether Apple hoped to design a patient monitor. Either the Apple Watch meets the claim limitations or it does not, regardless of what Apple hoped to accomplish. Evidence that Apple realized its goal to design a patient monitor is probative but evidence that Apple was merely interested in designing such a product is not. Moreover, Apple's use of Masimo products for benchmarking purposes is not directly relevant. For infringement, the relevant comparison is of the accused products to the claims, not of the accused product to a commercial embodiment. Accordingly, the categories of evidence Masimo seeks to introduce have limited probative value for infringement. They are also prejudicial as the evidence suggests that Apple copied Masimo's products even though copying is no longer at issue in this case.

As to damages, some of the evidence from the trade secret trial is relevant to *Georgia-Pacific* Factor 5, which considers the relationship between the licensor and licensee. The fact that Apple was interested in acquiring Masimo at one point in time for purposes of expanding its health capabilities is relevant to how Apple would have approached a hypothetical negotiation. See, e.g., Akamai Techs., Inc. v. Limelight Networks, Inc., 2008 WL 364401, at *5 (D. Mass. Feb. 8, 2008) (denying motion to exclude "evidence of the [sic] parties pre-litigation discussion concerning a possible acquisition" and allowing expert to "opine on their interpretation of the acquisition discussions to the issue of damages."). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-48-JVS-JDE | Date | October 28, 2025 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

evidence regarding Apple's referencing of Masimo products is an extension of Apple's interest in Masimo. It is not clear what additional probative value this specific evidence would add. It is also not clear how the evidence regarding Apple's hiring practices would be relevant to damages. Though Lamego and O'Reilly were hired for their medical experience, the hiring evidence relates to Apple's goals as opposed to the capabilities of the accused product. Accordingly, Masimo may introduce evidence regarding the parties' business dealings for the limited purpose of establishing the terms of the hypothetical negotiation. Moreover, the evidence that may be presented here is limited in scope, as it cannot go beyond what Bergman disclosed in his expert reports. See Bergman Opening Report, Docket No. 2552-10 ¶¶ 431-445 and 536; Bergman Reply Report, Docket No. 2552-15 ¶ 199. Apple may of course cross examine Bergman concerning his analysis and may raise the gap between the parties' business dealings and the hypothetical negotiation date. Given the limited scope of permissible evidence on this topic, Apple's concerns about prejudice are not availing.

For the foregoing reasons, Apple's motion is **DENIED** as to evidence concerning Masimo and Apple's business dealings. Apple's motion is **GRANTED** as to Apple's benchmarking of Masimo's products and evidence regarding Apple's hiring decisions.

### III. Apple's Motion for Reconsideration (Docket No. 2766)

Apple asks that in view of the Court's ruling allowing Madisetti to opine about statements made by doctors during the ITC proceeding, that the Court reconsider its ruling excluding Raja's testimony. Compare § II.A, supra, with Summary Judgment Order, Docket Nos. 2771, 2745 (sealed) § III.A.1. Madisetti and Raja are not similarly situated. Madisetti was disclosed an expert witness and Apple does not dispute that he is a person having ordinary skill in the art. He may offer opinions about the plain and ordinary meaning of claim terms, about infringement, and about invalidity. Raja is not a person having ordinary skill in the art, for the reasons stated in the Summary Judgment Order. Id. The testimony from Raja that Apple asks the Court to admit is rebuttal testimony to Madisetti. Rebuttal Expert Report of Ali Raja, M.D., M.P.H., Docket No. 2548-2 ¶¶ 65-70 and 90-95. Because Raja is not a person having ordinary skill in the art, he cannot rebut Madisetti's expert opinion on topics like the plain meaning of claim terms, infringement, and invalidity. Apple asks that the Court allow Raja to testify to resolve an evidentiary imbalance. See generally, Docket No. 2766. However, Apple also disclosed Mercier to rebut these same opinions. Rebuttal Expert Report of Patrick Mercier, Ph.D., Docket No. 2548-5 ¶ 336. Masimo does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-48-JVS-JDE          Date  October 28, 2025

Title  Masimo Corporation et al. v. Apple Inc.

not dispute that Mercier is a person having ordinary skill in the art. Apple also argues that doctors making the statements that Madisetti would offer cannot be cross examined. See generally, Docket No. 2766. However, expert witnesses may rely on material that would otherwise be inadmissible so long as the material is of the type that experts in the field would reasonably rely upon. Fed. R. Evid. 703. For these reasons, the Court **DENIES** Apple's motion for reconsideration. The hearing set for November 3, 2025 is **VACATED**.