MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S OPPOSITION TO MASIMO'S BENCH MEMORANDUM REGARDING WITHDRAWAL OF WILLFUL INFRINGEMENT** <br><br> Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
 joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
 sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
 Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Masimo's bench memorandum suggests numerous disputes where only one exists. The parties agree that Apple's fact witnesses (1) **can** "testify to the facts of how the Apple Watch is configured and works," and (2) **cannot** testify to their subjective "beliefs" regarding non-infringement or invalidity (now that Masimo has abandoned its willfulness claim). *See* Dkt. 2789 at 3. The lone dispute is whether this Court should reconsider its decision that Apple fact witnesses can testify regarding "whether [Apple Watch] would be a 'patient monitor,' in view of their understanding of the plain and ordinary meaning of that term." Dkt. 2778 at 3. Apple respectfully submits that this Court's MIL ruling was correct, and there have been no developments that should cause the Court to reconsider its ruling, much less modify it in final hours before trial.

***First***, Masimo's memorandum is an improper motion for reconsideration under Local Rule 7-18. Not only does Masimo (impermissibly) rely on many of the same arguments and cases that appeared in its prior briefing, *see* Dkt. 2657-1 at 4-5; Dkt. 2741 at 13-14, but Masimo does not even try to explain why (in the words of its own recent filing attacking Apple's motion for reconsideration) it should be permitted to "rehash[] arguments it already made and lost," Dkt. 2783 at 1. The only arguably "new" development since this Court's MIL order issued is that Masimo has voluntarily chosen to abandon its willfulness claim. But Masimo could have dropped its willfulness argument at any point, including during the pretrial conference—when it had the opportunity to challenge the tentative but declined to do so. *See* 10/20/25 Trial Tr. 17 (Masimo's counsel stating "We … believe that [Masimo's] MIL 2 is correctly decided."). Local Rule 7-18 should not be read to permit Masimo to moot this Court's decision at this eleventh-and-half hour.

***Second***, and in any event, this Court's order already draws precisely the line that Masimo requests. Apple's fact witnesses "may not define the term 'patient monitor' for the jury or provide an opinion on the ultimate issue of infringement." Dkt. 2778 at 3.

Apple's witnesses will abide by this ruling. Those who testify regarding "patient monitor[s]" will speak to their personal experience using and designing patient monitors

and/or why Apple Watch does not fall into that category under the plain and ordinary meaning as they understand it. Nothing about this testimony requires the witness to develop an independent opinion regarding the scope of the patent—much less "parse the terms of the patent claims," *see Briese Lichttechnik Vertriebs GmbH v. Langton*, 2012 WL 5457681, at *6 (S.D.N.Y. Nov. 8, 2012), or "conduct direct comparisons of claim limitations to the Accused Products and/or Prior Art," *see Xodus Medical, Inc. v. Prime Medical, LLC*, 2022 WL 407090, at *3 (E.D. Tenn. Feb. 9, 2022).[1] Rather, Apple's witnesses will simply be providing testimony that is consistent with this Court's discussion of patient monitor, Dkt. 2745 at 10-11, and the '776 patent inventor's own understanding of the term, *see* Dkt. 2588-1 at 59-61 (deposition of Al-Ali). There is nothing anomalous about such testimony—in the context of an automotive patent, a mechanic might similarly testify about his or her experience with a "car" without providing a definition of the term "car" as it appears in the claims. And Masimo cannot reasonably dispute that "patient monitor" is a recognized category of devices. Its own website describes Masimo as a company that makes "a wide array" of technology, "including innovative measurements, sensors, **and patient monitors**." *See The Masimo Story*, https://www.masimo.com/company/about/ (last visited Nov. 4, 2025) (emphasis added).

Masimo does not identify any case law that bars engineers from testifying—based on their own knowledge and experience—about how a product works or whether a particular device falls within scope of a commonplace product category. To the contrary, courts often permit technical testimony from lay witnesses with relevant "personal experience." *See, e.g.*, *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed. Cir. 2001); *see also Miller v. Kansas City S. Ry. Co.*, 2021 WL 8946162, *4 (W.D. La. 2021) (allowing a witness to "testify as a fact witness based on

---

[1] Masimo's remaining cases are irrelevant for the same basic reasons—Apple will not present lay fact witness testimony on the ultimate issues of infringement and invalidity. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

his personal knowledge which includes his skill and experience as an engineer"); *Sitrick v. Dreamworks, LLC*, 2006 WL 6116641, *21-22 (C.D. Cal. 2006) (allowing testimony from product inventor regarding how product functioned, because he "obviously has sufficient first-hand, personal knowledge to state facts regarding" product).

Finally, Masimo's purported concern (at 2, 3) that the jury will be confused about the mental state for direct infringement is meritless. As noted, Apple's witnesses will not provide an opinion on the ultimate issue of infringement. In any event, both sides' proposed jury instructions expressly inform the jury that there is no intent requirement to find infringement, *see* Dkt. 2765 at 99, 110, and "juries are presumed to follow the court's instructions," *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009).

Dated: November 4, 2025        Respectfully submitted,

                                            MARK D. SELWYN
                                            AMY K. WIGMORE
                                            JOSHUA H. LERNER
                                            JOSEPH J. MUELLER
                                            SARAH R. FRAZIER
                                            THOMAS G. SPRANKLING
                                            WILMER CUTLER PICKERING
                                              HALE AND DORR LLP

                                            BRIAN A. ROSENTHAL
                                            GIBSON, DUNN & CRUTCHER LLP

                                            KENNETH G. PARKER
                                            HAYNES AND BOONE, LLP

                              By: */s/ Mark D. Selwyn*
                                          Mark D. Selwyn

                              *Attorneys for Defendant Apple Inc.*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Apple, Inc., certifies that this brief contains 873 words, which:

<u>  X  </u>  complies with the word limit of L.R. 11-6.1.

<u>      </u>  complies with the word limit set by court order dated [date].

Dated:  November 4, 2025          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By:  */s/ Mark D. Selwyn*
         Mark D. Selwyn