Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**Knobbe, Martens, Olson & Bear, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation<br><br>Defendant. | Case No. 8:20-cv-00048-JVS-JDE<br><br>**MASIMO'S BENCH MEMORANDUM CONCERNING EVIDENCE ABOUT TEARDOWN OF AND BENCHMARKING AGAINST APPLE WATCH** |

Masimo's '776 Patent claims technology invented before July 2001.  Apple, however, has threatened to present evidence at trial that Masimo allegedly copied Apple—based on evidence of teardowns and benchmarking that occurred more than 15 years *after* the 2001 priority date of the '776 Patent.  Such evidence is irrelevant and would be unfairly prejudicial to Masimo.

On the merits, this evidence does not have even slight relevance.  The Court's October 28 order (Dkt. 2778, 2790) (the "Order") resolving Apple's motions *in limine* barred Masimo from using evidence of "Apple's teardowns of Masimo products" or "Apple's use of Masimo products for benchmarking purposes."  The Court determined that such evidence "ha[d] limited probative value" to "the issue [of] whether the Apple Watch, as it was actually designed, is a patient monitor" or "meets the claim limitations" of the '776 Patent.  *Id.* at 7.  The Court further held that such evidence would be "prejudicial[,] as the evidence suggests that Apple copied Masimo's products even though copying is no longer at issue in this case."  *Id.*

In light of the Court's ruling, Masimo asked Apple to confirm that Apple similarly would not introduce any evidence or elicit any testimony about any teardowns or benchmarking of any *Apple* products.  Ex. 1 at 2-3.  Masimo's request follows naturally from the Order because Apple's proposed evidence that Masimo tore down the Apple Watch, or benchmarked against it, is far less relevant and far more prejudicial than the evidence the Court precluded Masimo from offering.  The questions for trial are whether Apple directly infringed the '776 Patent, whether the asserted claims are obvious, and the amount of any reasonable royalty Apple owes to Masimo.  Masimo's teardown of, or benchmarking against, the Apple Watch has no relevance to those issues regardless of when it occurred.  Such evidence is particularly irrelevant when the teardowns and benchmarking occurred more than 15 years after the invention date.

Apple has threatened to introduce such evidence "depending on what testimony [Masimo] elicit[s] and evidence [Masimo] introduce[s] in [its] case-in-chief."  Ex. 1 at 2.  But Apple has given no indication of what that means.  The evidence Apple threatens to

use has no conceivable relevance.  Its surprise use would be a transparent attempt to prejudice the jury against Masimo—especially when the jury will not hear about Apple's teardowns and benchmarking.  Thus, Masimo respectfully asks that the Court clarify that Apple cannot use evidence of any Masimo teardown of, or benchmarking against, any Apple product at trial.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 4, 2025

By: /s/ Nicholas M. Zovko
Joseph R. Re
Stephen C. Jensen
Sheila N. Swaroop
Brian C. Horne
Brian C. Claassen
Nicholas M. Zovko
Mark D. Kachner
Adam B. Powell
Kendall M. Loebbaka
Daniel P. Hughes
Douglas B. Wentzel

Attorneys for Plaintiffs
MASIMO CORPORATION and
CERCACOR LABORATORIES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Masimo Corp., certifies that this brief contains 411 words, which:

X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: November 4, 2025                    By: /s/ Nicholas M. Zovko
                                                Joseph R. Re
                                                Stephen C. Jensen
                                                Sheila N. Swaroop
                                                Brian C. Horne
                                                Brian C. Claassen
                                                Nicholas M. Zovko
                                                Mark D. Kachner
                                                Adam B. Powell
                                                Kendall M. Loebbaka
                                                Daniel P. Hughes
                                                Douglas B. Wentzel

                                                Attorneys for Plaintiffs
                                                MASIMO CORPORATION and
                                                CERCACOR LABORATORIES, INC.