MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S OFFER OF PROOF REGARDING THE EXPERT TESTIMONY OF DR. ALI RAJA AND MR. BRYAN CARTER** <br><br> Trial: Nov. 4, 2025 |

1
2
3
4
5
JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

6
7
8
9
BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

10
11
12
KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Apple respectfully submits this offer of proof to preserve for appeal Apple's position that (1) its experts Dr. Ali Raja and Mr. Bryan Carter should be permitted to testify consistent with their expert reports regarding, *inter alia*, how health care professionals use "patient monitors" and what Apple Watch does and does not do, and (2) Dr. Mercier and Dr. Warren should be permitted to rely upon Dr. Raja's and Mr. Carter's opinions in forming their own positions on legal matters like non-infringement and invalidity.

Last month, this Court granted Masimo's *Daubert* motion to exclude all of Dr. Raja's and Mr. Carter's planned testimony, as well as portions of Dr. Mercier's and Dr. Warrens' testimony that referenced Dr. Raja's and Mr. Carter's testimony. Dkt. 2745 at 9-10. Apple respectfully maintains its position that Dr. Raja and Mr. Carter should have been permitted to testify (and Dr. Warren and Dr. Mercier should have been permitted to rely on that testimony). Dr. Raja and Mr. Carter are the only clinicians whom either side put forth in a case that turns on whether the accused Apple Watch models function as clinical devices (i.e., as patient monitors). *See* Dkt. 2588 at 3-11 (Apple's opposition to Masimo's *Daubert* motion); *see also* 10/1/25 Tr. 8-20 (oral argument on this issue). If Dr. Raja and Mr. Carter had been permitted to testify, they would have provided testimony consistent with their reports, which are available at Dkt. 2548-1 and Dkt. 2548-2. Apple expects that if Dr. Warren and Dr. Mercier had been permitted to testify regarding Dr. Raja's and Mr. Carter's opinions, they too would have testified consistent with the following passages of their reports: Dkt. 2521-6 ¶¶ 325, 332, 381, 383, 385, 512, 514, 516, 632, 637; Dkt. 2548-9 ¶ 71.

This Court also denied Apple's motion for reconsideration, which requested leave to at least have Dr. Raja testify on a narrow set of issues regarding Apple Watch's functioning and certain letters submitted to the ITC. Dkt. 2778 at 8-9; *see also* 10/20/25 Tr. 9-17 (oral argument on effect of MIL ruling on *Daubert* ruling). Again, Apple respectfully maintains its position that—in light of this Court's MIL ruling permitting Dr. Madisetti to address the ITC letters—Dr. Raja should have been permitted to provide

APPLE'S OFFER OF PROOF RE: RAJA AND CARTER

CASE NO. 8:20-cv-00048-JVS (JDEx)

1

rebuttal testimony.  Dkt. 2766-1 at 1-3 (Apple's motion for reconsideration of *Daubert* ruling).  Apple expects that if Dr. Raja were permitted to testify, he would testify consistent with his report at Dkt. 2548-2 ¶¶ 65-70, 90-95.

Dated: November 5, 2025                    Respectfully submitted,


                                           MARK D. SELWYN
                                           AMY K. WIGMORE
                                           JOSHUA H. LERNER
                                           JOSEPH J. MUELLER
                                           SARAH R. FRAZIER
                                           THOMAS G. SPRANKLING
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP

                                           BRIAN A. ROSENTHAL
                                           GIBSON, DUNN & CRUTCHER LLP

                                           KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP



                                           By:  */s/ Mark D. Selwyn*
                                                Mark D. Selwyn


                                           *Attorneys for Defendant Apple Inc.*



                                           By:  */s/ Mark D. Selwyn*
                                                Mark D. Selwyn