```
                                        F I L E D
                                  CLERK, U.S. DISTRICT COURT

                                        11/4/25

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY: _____ eva _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | CASE NO: SACV 20-48 JDEx) |
| Plaintiff, | |
| v. | INITIAL |
| | JURY INSTRUCTIONS |
| APPLE  INC., | |
| Defendans. | |

DATED: November Y, 2025

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

1

COURT'S INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation,

gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

COURT'S INSTRUCTION NO. 2

I am now going to show you the patent at issue in this case. This case involves a patent that is owned by Plaintiff Masimo. Masimo asserts that patent against Defendant Apple. The asserted patent is U.S. Patent No. 10,433,776. We usually refer to patents by the last three digits of its number, so we will refer to the asserted patent as "the '776 Patent." My instructions may also refer to the '776 Patent as "the Asserted Patent." A copy of the '776 Patent appears in your juror notebook.

A patent has several parts. You can see on the front cover of the asserted patent is a paragraph called the "Abstract," which is a very short description of what the patent is generally about. The Abstract is followed by figures and a detailed discussion of the invention. The drawings and text discussion are called the "specification."

At the end of the specification is a numbered list of patent claims. Each claim has a series of requirements (sometimes called claim "elements" or "limitations"), and each claim separately defines the boundaries of the invention. For example, a claim that covers the invention of a table may recite the tabletop, four legs, and the glue that secures the legs to the tabletop. The tabletop, legs, and glue are each a separate limitation of the claim.

4

# COURT'S INSTRUCTION NO. 3

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

To help you follow the evidence, I will give you a brief summary of each side's contentions in this case.

The parties in this case are Plaintiff Masimo Corporation and Defendant Apple Inc. The case involves the '776 Patent, which Masimo owns. Masimo filed suit in this court, alleging Apple infringed the Asserted Claims of the '776 Patent by importing into the United States, and offering for sale and selling in the United States the Apple Watch with the                    High/Low Heart Rate Notifications.                    Masimo seeks money damages from Apple for allegedly infringing the '776 Patent.

Apple denies that it has infringed any of the Asserted Claims. Apple also contends the claims are invalid. I will instruct you later as to ways in which a patent may be invalid. In general, however, a patent is invalid if it is obvious in view of the state of the art at the relevant time.

Your job will be to decide whether or not the Asserted Claims have been infringed and whether or not those claims are invalid. If you decide that any of the Asserted Claims has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Masimo to compensate it for the infringement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# COURT'S INSTRUCTION NO. 4

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by the preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

7

COURT'S INSTRUCTION NO. 5

The following facts are admitted and require no proof:

1.     Masimo Corporation is organized and exists under the laws of the state of Delaware, and has a principal place of business at 52 Discovery, Irvine, California 92618.

2.     Apple Inc. is organized and exists under the laws of the state of California, and has a principal place of business at One Apple Park Way, Cupertino, California 95014.

3.     Masimo Corp. owns all right, title, and interest in the Asserted Patent, 10,433,776 (the "'776 Patent").

4.     The '776 Patent was issued by the USPTO on October 8, 2019, and its priority date is July 2, 2001.

5     As of the July 2, 2001 effective filing date of the '776 Patent, the level of ordinary skill in the art was a person who had a Bachelor of Science degree in an academic discipline emphasizing the design of electrical, computer, or software technologies, in combination with training or at least one to two years of related work experience with capture and processing of data or information, including but not limited to physiological monitoring technologies. Alternatively, the person could have also had a Master of Science degree in a relevant academic

October 29, 2025                           8

discipline with less than a year of related work experience in the same discipline.

COURT'S INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

1

2          COURT'S INSTRUCTION NO. 8

3

4          Some evidence may be admitted for a limited purpose only.

5          When I instruct you that an item of evidence is admitted for a

6   limited purpose, you must consider it only for that limited purpose

7   and for no other.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

11

COURT'S INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned  on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must  consider all the evidence in the light of reason, experience, and common sense.

COURT'S INSTRUCTION NO.  10


In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:


1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.


2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.


3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a

13

limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 11

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

15

COURT'S INSTRUCTION NO.  12

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's

16

testimony in light of all the evidence; and

7.     any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily

17

depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

18

COURT'S INSTRUCTION NO.  13

You will hear testimony from individuals who are qualified as "experts" in this case.  Expert witnesses testify to their opinions and the reasons for those opinions.  Such expert opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and you should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Experts are allowed in certain instances to rely on evidence which they did not create.  Such evidence may be considered as material which the expert relied upon, but not for the truth of that material itself.

COURT'S INSTRUCTION NO.  14


A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and the lawyers for each party may ask questions.  The questions and answers are recorded.  Sometimes witnesses testify by video deposition rather than appearing in court or you may be read a witnesses' prior sworn testimony.  You should not speculate about the reason why a particular witness testified live in court or not.  As much as possible, you should consider testimony presented via video or read to you in court in lieu of live testimony in the same way as if the witness had been present to testify.

COURT'S INSTRUCTION NO. 15

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your

21

employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

COURT'S INSTRUCTION NO. 16


During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.


If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

COURT'S INSTRUCTION NO. 17


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom. No one will read your notes.  They will be destroyed at the conclusion of the case.


Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 18

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.