MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S FURTHER STATEMENT IN SUPPORT OF ITS OFFER OF PROOF REGARDING EXPERT TESTIMONY OF DR. ALI RAJA AND BRYAN CARTER** <br><br> Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Wilmer Cutler
Pickering Hale
and Dorr LLP

APPLE'S FURTHER STATEMENT IN SUPPORT OF OFFER OF PROOF RE: RAJA AND CARTER
CASE NO. 8:20-cv-00048-JVS (JDEx)

Last Wednesday, Apple submitted an offer of proof to preserve for appeal its position that its experts Dr. Ali Raja and Bryan Carter should be permitted to testify (and that Dr. Mercier and Dr. Warren should be permitted to rely upon Dr. Raja's and Mr. Carter's opinions). *See* Dkt. 2799. As part of that offer of proof, Apple reiterated that (1) Dr. Raja and Mr. Carter should be permitted to testify because they are the only clinicians whom either side put forth in a case that turns on whether the accused High/Low Heart Rate Notification features in certain Apple Watch models function as a "patient monitor" (i.e., in terms of capturing/missing events) and (2) Dr. Raja is the only expert witness who—as a medical doctor—can respond to the statements made in the ITC letters upon which Masimo and its expert Dr. Madisetti heavily rely. *Id.*

Dr. Madisetti's testimony last Friday only further highlighted the importance of permitting Dr. Raja and Mr. Carter to testify. On cross-examination, Dr. Madisetti repeatedly declined to answer questions on the grounds that he was "not a [medical] doctor" and could not personally speak to whether Apple Watch with the accused High/Low Heart Rate Notifications would be a "patient monitor" in a variety of clinical situations—including during transportation to a hospital and during surgery. *See generally* 11/7 PM Tr. 83-89; *see also id.* 87:18 ("I'm not a doctor[.]"); *id.* 89:11 ("[A]s I said, I'm not a doctor."); *id.* 89:22-23 ("As I said, I'm not a doctor.").

At the same time, Dr. Madisetti testified about medical topics when it was advantageous to Masimo's infringement position. For example, he provided an opinion—disclosed for the first time at trial—that the accused High/Low Heart Rate Notifications function adequately as a "patient monitor" even though they only provide notifications when the user is sedentary because "there's no point looking at the higher heart rate when the person is exercising." 11/7 AM Tr. 91:11-16; *see also* 11/7 PM Tr. 104:2-9 ("[I]t is fine to miss [an event when the patient is moving] because you are looking more for events that occur when a patient is sedentary that can cause concern."). Dr. Madisetti's new opinion that high heart rates during exercise are medically unimportant is demonstrably inaccurate. *See*, *e.g.*, Falcone et al., *Rapid Heart Rate*

*Increase at Onset of Exercise Predicts Adverse Cardiac Events In Patients With Coronary Artery Disease*, 112 Circulation 1959, 1959 (Sept. 27, 2005) ("A marked HR increase at the onset of a standard exercise stress test … could be clinically useful as an independent predictor of adverse cardiac events[.]"); van de Vegte et al., *Genetics and the heart rate response to exercise*, 76 Cellular and Molecular Life Sciences, 2391, 2391 (Mar. 27, 2019) ("The acute heart rate response to exercise … has often been associated with all-cause and cardiovascular mortality.").

In addition, Dr. Madisetti presented the jury with extensive testimony—although nothing specific to the accused feature—regarding how he believes a medical doctor would view Apple Watch. For example, he cited an internal Apple document he claimed included "an actual doctor's statement confirming that patients could be monitored and are monitored using an Apple Watch." 11/7 AM Tr. 49:23-50:10. He also summarized several letters from the ITC proceeding, which he described as "statements from physicians about the importance of the Apple Watch for monitoring patients," *id.* 50:19-52:14, and commented on a deposition clip from a different case that Dr. Madisetti claimed was "testimony from [a doctor] that supports [his] opinion that Apple Watch is configured to monitor the pulse rate of patients," *id.* 60:11-16. Finally, Dr. Madisetti claimed to have seen "***dozens*** of such statements [from physicians] that ***testify*** that Apple Watch has been used as a patient monitor by actual doctors on actual patients." *Id.* 52:10-14 (emphases added). Dr. Madisetti did not provide the jury with any evidence of dozens of such statements—or even of one.

In short, Masimo has now squarely put at issue whether practicing medical doctors or clinicians—not necessarily POSITAs—view the accused Apple Watch with High/Low Heart Rate Notifications as a "patient monitor." This reinforces that both Dr. Raja and Mr. Carter have relevant expertise under Federal Rule of Evidence 702. Apple again respectfully submits that it is inequitable to permit Dr. Madisetti to offer medical opinions and context-less statements from medical doctors (which, as noted, he has described as "testi[mony]") while barring Dr. Raja (a physician) and Mr. Carter (an

EMT) from providing their own professional opinions on whether Apple Watch is a "patient monitor" with regards to capturing/missing medical events. The result, respectfully, is that the jury is receiving a highly imbalanced and incorrect picture.

Dated: November 9, 2025                    Respectfully submitted,

                                           MARK D. SELWYN
                                           AMY K. WIGMORE
                                           JOSHUA H. LERNER
                                           JOSEPH J. MUELLER
                                           SARAH R. FRAZIER
                                           THOMAS G. SPRANKLING
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP

                                           BRIAN A. ROSENTHAL
                                           GIBSON, DUNN & CRUTCHER LLP

                                           KENNETH G. PARKER
                                           HAYNES AND BOONE, LLP


                                           By: /s/ Mark D. Selwyn
                                                 Mark D. Selwyn

                                           *Attorneys for Defendant Apple Inc.*