Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Sheila N. Swaroop (Bar No. 203476)
sheila.swaroop@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
Nicholas M. Zovko (Bar No. 238248)
nicholas.zovko@knobbe.com
Kendall M. Loebbaka (Bar No. 285908)
kendall.loebbaka@knobbe.com
Douglas B. Wentzel (Bar No. 313452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
Daniel P. Hughes (Bar No. 299695)
daniel.hughes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Fax: (858) 707-4001

Brian C. Horne (Bar No. 205621)
brian.horne@knobbe.com
Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450
Fax: (310) 551-3458

Attorneys for Plaintiffs,
MASIMO CORPORATION and CERCACOR LABORATORIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**MASIMO'S PROPOSAL FOR THE COURT'S JURY INSTRUCTIONS**<br><br>Pretrial Conf.: October 20, 2025<br>Trial: November 4, 2025 |

Yesterday, the Court distributed draft jury instructions. The Court and the parties discussed the draft jury instructions in chambers. During that discussion, the Court informed the parties that it would revise the Court's Instruction No. 14 on Literal Infringement to instruct the jury on three issues: (1) the irrelevance of the Apple Watch designers' intentions when designing the Accused Products, (2) the irrelevance of comparing the accused Apple Watch features to specific embodiments in the patent specification or to Masimo's products, and (3) the irrelevance of the October 29, 2018 filing date of the application leading to the '776 Patent in view of its July 2, 2001 priority date. Specifically, Masimo proposes the following additions and deletions, highlighted in yellow, to the Court's current draft of Court's Instruction No. 14.

On page 3 of this document, lines 12-15, Masimo's proposal largely tracks Apple's proposal. It differs as follows: "Although you may review the full patent to help understand the plain and ordinary meaning of a claim term, infringement does not turn on whether the Accused Products are ~~identical to any particular embodiment~~ described in the patent's specification or **similar** to any particular Masimo commercial product."

On page 3, lines 18-24, the parties' proposals are the same. The parties' proposal regarding the intent of the Accused Products' designers is drawn directly from this Court's MIL Order. *See* Dkt. 2790 at 7 ("[T]he issue is whether the Apple Watch, as it was actually designed, is a patient monitor. The issue is not whether Apple hoped to design a patient monitor.").

On page 3, line 25 to page 4, line 3, Masimo proposes language to address the irrelevance of the October 29, 2018 filing date of the application leading to the '776 Patent in view of its July 2, 2001 priority date. Despite the Court's guidance at the charge conference, Apple proposed no such language.

With regard to the Court's Instruction concerning the Doctrine of Equivalents, the Court indicated that it would give the parties' previously largely agreed-upon proposal,

which tracks the model instruction.[1]  (Dkt. 2765 at 116 & Dkt. 2817 at 53 (Masimo's Proposed Final Instruction No. 16A).  The Court should reject Apple's latest revisions to the DOE instruction for the reasons explained by Masimo on pages 55-56 of Dkt. 2817.

---

[1] Apple withdrew its agreement yesterday at the charge conference only after seeing that the Court inadvertently left out the page containing the DOE instruction because, on Tuesday evening (November 11), Apple proposed a more detailed DOE instruction. Dkt. 2817 at 57-62.

COURT'S INSTRUCTION NO. 14

MASIMO'S PROPOSED COMPROMISE MODIFICATION

INFRINGEMENT – LITERAL INFRINGEMENT

There are two types of infringement: (1) "literal infringement" and (2) "infringement under the doctrine of equivalents." In order to prove literal infringement, Masimo must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Apple offered for sale or sold within the United States, or imported into the United States, a product that meets all the requirements of an Asserted Claim of the '776 Patent and did so without the permission of Masimo during the time the patent was in force. You must compare the Accused Products with each and every one of the requirements of a claim to determine whether all the requirements of that claim are met. ==Although you may review the full patent to help understand the plain and ordinary meaning of a claim term, infringement does not turn on whether the Accused Products are described in the patent's specification or similar to any particular Masimo commercial product.==

The Asserted Claims cover what a device is, not what a device does. Therefore, for infringement, the issue is whether, at the time of the offer for sale, sale, or importation, the Accused Products met the claim limitations. ==Additionally, the intent or state of mind of the Accused Products' designers is not relevant to infringement. Put differently, the issue is not whether Apple hoped to design a patient monitor, it is whether Apple Watch, as it was actually designed, is a patient monitor.==

~~Apple may infringe one of the Asserted Claims even though Apple in good faith believes that what it is doing is not an infringement of any patent and even if it did not know of the patent.~~

I have instructed you that the '776 Patent has an effective filing date or priority date of July 2, 2001, which is the date when Masimo filed its first patent application disclosing the inventions of Claims 11-14. Because of that disclosure, Masimo gains

the benefit of that 2001 priority date regardless of its October 29, 2018 filing date.  Thus, that Apple sold watches before October 29, 2018, but after the priority date, has no bearing on whether sales of the Accused Products infringe the '776 Patent.

You must determine, separately for each Asserted Claim, whether or not there is infringement.  For dependent claims, if you find that a claim to which a dependent claim refers is not infringed, there cannot be infringement of that dependent claim.  On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the Accused Products meet the additional requirement(s) of any Asserted Claims that depend from the independent claim to determine whether those asserted dependent claims have also been infringed.  A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirement(s) of its own.

|   |   |
|---|---|
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: November 13, 2025 | By: */s/ Nicholas M. Zovko*<br>Joseph R. Re<br>Stephen C. Jensen<br>Sheila N. Swaroop<br>Brian C. Horne<br>Brian C. Claassen<br>Nicholas M. Zovko<br>Mark D. Kachner<br>Adam B. Powell<br>Kendall M. Loebbaka<br>Daniel P. Hughes<br>Douglas B. Wentzel<br><br>Attorneys for Plaintiffs<br>MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC. |