MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S PROPOSED CURATIVE INSTRUCTION REGARDING POSITA DEFINITION**<br><br>Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Today and yesterday, Masimo cross-examined several of Apple's witnesses regarding their work experience and education as of July 2, 2001, which is the priority date for the accused patent. The Federal Circuit has squarely held, however, that a person of skill in the art need not have acquired that skill by the time of the claimed invention; the person need only have had the necessary skill and experience at the time the person testified. *Osseo Imaging, LLC v. Planmeca USA Inc.*, 116 F.4th 1335, 1341 (Fed. Cir. 2024) ("An expert need not have acquired that skill level prior to the time of the invention to be able to testify from the vantage point of a person of ordinary skill in the art. Rather, an expert can acquire the necessary skill level later and develop an understanding of what a person of ordinary skill knew at the time of the invention."); *see also* Zahn & Wentzel, Knobbe Martens, *An Expert Witness Need Not Have Been a Posita at the Time of the Invention* (Sept. 9, 2024) ("The Federal Circuit agreed with the district court that there is no timing requirement for when POSITAs acquired their skill in order to testify from the perspective of a POSITA").[1] To avoid any jury confusion regarding the proper legal standard, Apple accordingly submits that the jury should receive the following instruction—either as an immediate curative or as part of the final instructions.

---

[1] *Available at* https://www.knobbe.com/blog/expert-witness-need-not-have-been-posita-time-invention/ (viewed November 13, 2025).

# APPLE'S PROPOSED CURATIVE INSTRUCTION[2]
## DEFINITION OF A POSITA

During this trial, you have heard reference to the term a "person of ordinary skill in the art."

In this case, the parties agree that the level of ordinary skill in the art is someone with a working knowledge of physiological monitoring technologies. The person would have had a Bachelor of Science degree in an academic discipline emphasizing the design of electrical, computer, or software technologies, in combination with training or at least one to two years of related work experience with capture and processing of data or information, including but not limited to physiological monitoring technologies. Alternatively, the person could have also had a Master of Science degree in a relevant academic discipline with less than a year of related work experience in the same discipline.

To qualify as a person of ordinary skill in the art, a person need not have possessed the knowledge, skill, or experience of a person of skill in the art at the time of the claimed invention—here, in July 2001. A person can acquire the necessary knowledge, skill, or experience later and thereby develop an understanding of what a person of ordinary skill knew as of July 2001.

---

[2] **Authority:** *Osseo Imaging, LLC v. Planmeca USA Inc.*, 116 F.4th 1335, 1341 (Fed. Cir. 2024).

| | |
|---|---|
| Dated: November 13, 2025 | Respectfully submitted, |// 

Dated: November 13, 2025              Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
       Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*