MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM**<br><br>Trial: Nov. 4, 2025 |

JOSEPH J. MUELLER, *pro hac vice*
 joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
 sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
 brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
 Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel. 650.949.3014 / Fax: 949.202.3001

Apple hereby states for the record the following objections to the Court's Jury Instructions, *see* Ex. A, and Verdict Form, *see* Ex. B, that Apple received on the evening of November 13, 2025 for the patent infringement trial that began on November 4, 2025. To the extent the Court modifies the jury instructions or verdict form in any way after this filing, Apple requests that the Court deem these objections reasserted to the fullest extent consistent with the Court's revised jury instructions and verdict form.

Apple further incorporates by reference and restates as objections the positions set out in its proposed jury instructions position statements, *see generally* Dkts. 2765, 2817, 2820, 2824; its proposed verdict form and objections, *see generally* Dkt. 2754, its trial brief and briefing regarding the terms "patient" and "patient monitor," *see, e.g.*, Dkts. 2777, 2792, 2814; its *Markman* briefing, *see* Dkts. 1947, 1952, 1974, 2040; its briefing in support of its motions *in limine*, Dkts. 2661-1, 2650-1; its *Daubert* and other pre-trial motions, including motions for summary judgment and motions to strike, Dkts. 2536-1, 2523-1, 2531-1; its motions regarding Masimo's deficient infringement contentions, *e.g.*, Dkt. 1995, 2004-1, 2005, 2378; its offers of proof, Dkts. 2799, 2815; its brief in support of its motion under FRCP 50(a) filed on the morning of November 14, 2025, Dkt. 2831; and its other written and oral motions and objections, both docketed and stated on the record at trial. In addition to the positions and objections incorporated by reference, Apple makes the following objections to the Court's jury instructions and verdict form.

| Instruction | Objections and Requests |
|---|---|
| **Court's No. 1**<br><br>Duty of the Jury | • No objection. |
| **Court's No. 2**<br><br>Summary of Contentions | • Apple objects to referring to "Accused Products" as opposed to "Accused Features"—the High and Low Heart Rate Notifications—throughout the instructions. *See* Dkt. 2765 at 57-58, Dkt. 2817 at 10-12. The only features of |

| | |
|---|---|
| | Apple Watch alleged to infringe the asserted claims of the '776 Patent are the High/Low Heart Rate Notifications. *See* 11/7 PM [Madisetti] Tr.19.  Apple's proposed language avoids the risk of jury confusion regarding whether to consider aspects of Apple Watch's myriad *non-accused features* in the infringement analysis.  *See, e.g.*, 11/7 PM Tr. 23:24-28:13 (explaining that multiple heart-related features of Apple Watch—including the 2017 version of High Heart Rate Notifications, Background Heart Rate, AFib, ECG, and Irregular Heartrate Notifications—are not accused in this case). |
| **Court's No. 3** <br><br> What is Evidence; Direct and Circumstantial Evidence; Evidence for a Limited Purpose | • No objection. |
| **Court's No. 4** <br><br> What is Not Evidence | • No objection. |
| **Court's No. 5** <br><br> Expert Opinion | • No objection. |
| **Court's No. 6** <br><br> Ruling on Objections | • No objection. |
| **Court's No. 7** <br><br> Credibility of Witnesses | • No objection. |
| **Court's No. 8** <br><br> Taking Notes | • No objection. |

| | | |
|---|---|---|
| **Court's No. 9**<br><br>Charts, Summaries, and Demonstratives Not Received in Evidence | • | No objection. |
| **Court's No. 10**<br><br>Charts, Summaries, and Demonstratives in Evidence | • | No objection. |
| **Court's No. 11**<br><br>Burdens of Proof | • | No objection. |
| **Court's No. 12**<br><br>Claim Construction | • | Apple objects to the use of "Accused Products" as opposed to "Accused Features" for the reasons set forth in Apple's objection to Court's Instruction No. 2. *See supra* pp.1-2. |
| | • | Apple objects to the omission of a construction for the claim term "patient." *See* Dkt. 2792; Dkt. 2703 at 4-7. |
| N/A<br><br>Patient Monitor | • | Apple objects to the omission of a construction for the claim term "patient monitor," in light of the position Masimo adopted in its pretrial briefing after the Court's tentative order on the motions for summary judgment and *Daubert* motions, and in response to Masimo's litigating position at trial, including in particular the testimony of Dr. Madisetti. *See generally* Dkt. 2814 (bench memorandum regarding "patient monitor"); *see also* Dkt. 2790 at 3-4 (MIL order defining "patient monitor"); Dkt. 2745 at 18 (summary judgment order defining "patient"); Dkt. 2792 (Apple's Notice regarding claim constructions); Dkt. 2703 (Apple's Opp. to Masimo's MIL 2) at 7-15. Courts can permissibly construe disputed claim terms during trial without holding a separate *Markman* hearing. *E.g.*, *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-1316 (Fed. Cir. 2010). Here, such an instruction is necessary to resolve an actual dispute between the parties regarding the proper scope of |

|  | the asserted claims that crystallized during trial. *See, e.g.*, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."); *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (finding legal error in district court's decision not to construe claim terms despite fundamental dispute between parties); *In re Papst Licensing Digital Camera Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015); *CytoLogix Corp. v. Ventana Medical Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) (district court may permissibly construe claims at "the close of evidence"); *Mobile Hi-Tech Wheels v. CIA Wheel Group*, 514 F. Supp.2d 1172, 1188-1889 (C.D. Cal. 2007) ("The only limitation on the district court is that the patent claims must be construed before the jury is instructed[.]").<br><br>• Providing a standalone instruction on this issue would also avoid jury confusion created by Dr. Madisetti's testimony at trial, which contradicted the '776 patent's intrinsic record, the trial testimony of Masimo's fact witnesses, and this Court's pretrial rulings. Dkt. 2814 at 9-13. The language of Apple's proposed construction is consistent with this Court's pretrial rulings—along with the proper reading of the intrinsic evidence and the '776 patent inventor's testimony—that a "patient monitor" must be designed to capture important medical events but that its actual performance need not achieve 100 percent event capture. *See* Dkt. 2817 at 28-29 (Apple's Supplemental Proposed Final Instruction No. 12B.1 – "Patient Monitor"). |
|---|---|
| **Court's No. 13**<br><br>Patent Infringement—Generally | • No objection |
| **Court's No. 14** | • No objection. |

| Definition of a POSITA | |
|---|---|
| **Court's No. 15**<br><br>Infringement—Literal Infringement | • Apple objects to the reference to "infringement under the doctrine of equivalents" because Masimo did not put on a legally sufficient case to reach the jury on its doctrine of equivalents theory. *See infra* pp.6-7.<br><br>• Apple objects to the language of Instruction No. 15 stating that the Asserted Claims "cover what a device is, not what a device does." Apple further objects to the language regarding the relevance of evidence of use of the Accused Features as unnecessary, given that the relevant test for direct infringement (comparing the claims to the accused products) is clearly spelled out elsewhere. And while a "use" instruction should not have been given at all, Apple objects to the Court's omission of Apple's alternative proposed language, Dkt. 2765 at 110:13-19, 114.<br><br>• Apple objects to the inclusion of language on lines 13-16 regarding consideration of the embodiments described in the patent, and Masimo's commercial products. This language is unnecessary (because the relevant test for direct infringement—comparing the claims to the accused products—is clearly spelled out elsewhere) and could be read to improperly constrain the jury's consideration of evidence relevant to the plain and ordinary meaning of "patient monitor." *See* Dkt. 2820 at 1-2.<br><br>• Apple objects to the instruction regarding "good faith" on lines 18-20, because willfulness is not at issue and the instruction is unnecessary. *See* Dkt. 2820 at 1-2.<br><br>• Apple objects to the language on lines 20-23 regarding the relevance of the intent of the designers. *See* Dkt. 2820 at 1. This language is unnecessary (because the instruction already states that intent is irrelevant) and incorrectly limits the consideration of design intent. *See, e.g.*, Dkt. 2814.<br><br>• Apple objects to the omission of language it proposed that was derived from the Court's instructions in *SPEX Technologies, Inc. v. W. Digital Technologies, Inc.* No. 16- |

| | |
|---|---|
| | cv-1799 (C.D. Cal. Oct. 18, 2024) Dkt. 592 Instr. No. 15. *See* Dkt. 2817 at 50-52. |
| | • Apple objects to the final paragraph of the instruction, concerning the priority and filing dates, because it is unnecessary and risks jury confusion. Apple further objects to the final sentence regarding infringement, because the damages period does not begin until January 2020, rendering an instruction about events occurring before October 2018 confusing and unnecessary. |
| | • Apple objects to the use of "Accused Products" as opposed to "Accused Features" for the reasons set forth in Apple's objection to Court's Instruction No. 2. *See supra* pp.1-2. |
| **Court's No. 16**<br><br>Infringement—Doctrine of Equivalents | • Apple maintains its objection to instructing the jury on the doctrine of equivalents, as Masimo has not presented legally sufficient evidence from which a reasonable jury could find infringement under the doctrine of equivalents. *See* Dkt. 2820 at 1; 11/7 AM [Madisetti] Tr. 85:16-25, 86:7-13. |
| | • To the extent Instruction No. 16 is given, Apple objects to the omission of language explaining that, to meet its burden, "Masimo must rely on specific testimony from an expert witness to provide a meaningful explanation why the differences between the asserted claim element and the Accused Features are insubstantial. Generally worded expert testimony about the overall similarity between the claims and the Accused Features will not suffice." *See* Dkt. 2817 at 61-62, Dkt. 2820 at 4. This language follows directly from the Federal Circuit's holding that a patentee "must provide particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device." *NexStep, Inc. v. Comcast Cable Communications, LLC*, 119 F.4th 1355, 1370 (Fed. Cir. 2024); *see also, e.g.*, *Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1924 (Fed. Cir. 1991) (affirming district court judgment of non-infringement under the doctrine of equivalents where "offhand and conclusory" testimony was "not sufficiently |

particularized evidence" and "left [the jury] to its own imagination on the technical issue of equivalency").

- o To the extent Instruction No. 16 is given, Apple believes that this additional guidance is necessary to avoid jury confusion in light of Dr. Madisetti's direct testimony at trial, which improperly suggested that the jury could ignore the "patient monitor" limitation of the asserted claims so long as they believe the Apple Watch with the accused High and Low Heart Rate Notifications features was "similar" to the invention in the asserted claims. 11/7 PM Tr. 99:2-12; *see also* Dkt. 2814 at 12-13 (bench memorandum regarding "patient monitor").

- To the extent Instruction No. 16 is given, Apple also objects to the omission of language explaining that the doctrine of equivalents "cannot be used to nullify or expand the language of a patent claim." Dkt. 2820 at 4. Federal Circuit case law provides that the doctrine of equivalents cannot be used to vitiate claim language or justify applying a different claim construction than for literal infringement. *See Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1366 (Fed. Cir. 2020) ("Claim vitiation presents another bar to a finding of infringement under the doctrine of equivalents."); *Akzo Nobel Coatings, Inc. v. Dow Chemical Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016) ("Under the doctrine of equivalents, an infringement theory thus fails if it renders a claim limitation inconsequential or ineffective."); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098, 1109 (Fed. Cir. 1996) (rejecting district court analysis that, after correctly finding no literal infringement, "applied a different and incorrect claim construction" when assessing doctrine of equivalents).

- To the extent Instruction No. 16 is given, Apple objects to the use of "Accused Products" as opposed to "Accused Features" for the reasons set forth in Apple's objection to Court's Instruction No. 2. *See supra* pp.1-2.

| | |
|---|---|
| **Court's No. 17**<br><br>Damages Introduction | • Apple objects to the omission of language explaining that the damages award "should put Masimo in approximately the same financial position that it would have been in had the infringement not occurred." Section 284 "promises the patentee … a reasonable royalty *as compensation* for infringement." *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1313 (Fed. Cir. 2002) (emphasis added).<br><br>• Apple objects further to the omission of language explaining that the jury should award "only those damages that Masimo establishes that it more likely than not experienced." This language appropriately reflects that it is Masimo's burden to establish the damages that it suffered and mirrors language in an instruction that this Court delivered in another recent patent case. *See SPEX Techs., Inc. v. Western Digital Techs., Inc.*, No. 8:16-cv-1799 (JVS), Dkt. 592 at 26 (C.D. Cal. Oct 18, 2024). |
| **Court's No. 18**<br><br>Reasonable Royalty—Entitlement | • Apple objects to delivering this instruction in the first place, because it is duplicative of other instructions. To the extent the instruction is given, this draft is unbalanced because it omits to inform the jury that it is empowered to award nominal damages—or no damages at all—if Masimo fails to put on sufficient evidence to support a damages award or from which to ascertain an appropriate damages amount.<br><br>• Apple objects to the omission of language explaining that the jury may award no damages (or $1) where there is insufficient evidence for the jury to determine the amount of any royalty. *See* Dkt. 2765 at 198-200; *see also id.* at 196 (Apple's proposed language). A reasonable royalty is required only when there is "enough evidence in the record to allow the factfinder to formulate a royalty." *Rex Medical, L.P. v. Intuitive Surgical, Inc.*, --- F.4th ---, 2025 WL 2799030, at *6 (Fed. Cir. Oct. 2, 2025) (quoting *Devex Corp. v. Gen. Motors Corp.*, 667 F.2d 347, 363 (3d Cir. 1981)); *accord TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020) (same). If there is insufficient evidence permitting the jury to formulate a royalty, none (or at most $1 in in nominal damages) should be awarded. *See, e.g., SPEX Techs., Inc. v. W. Digital Techs., Inc.*, No. |

| | |
|---|---|
| | 8:16-cv-1799 (JVS), Dkt. 651 at 19 (C.D. Cal. June 16, 2025) ("[T]here is insufficient evidence from which the Court could determine a reasonable royalty."). |
| | • Apple objects further to the omission of language explaining that if the jury finds that Masimo's evidence establishing damages is weak, the jury may award nominal damages. *See* Dkt. 2765 at 198-200; *id.* at 196 (Apple's proposed language). The Federal Circuit has twice confirmed that even if there is enough evidence to support a reasonable royalty, the amount of that royalty may be quite low if the patentee fails to put on a convincing case. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327-1329 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (nominal damages may be awarded when the "patentee's proof is weak"); *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1371-1372 (Fed. Cir. 2015) (same). |
| **Court's No. 19**<br><br>Damages Period | • No objection. |
| **Court's No. 20**<br><br>Reasonable Royalty—Definition | • No objection. |
| **Court's No. 21**<br><br>Reasonable Royalty—Relevant Factors | • Apple objects to the use of "Accused Products" as opposed to "Accused Features" for the reasons set forth in Apple's objection to Court's Instruction No. 2. *See supra* pp.1-2.<br><br>• Apple objects further to the omission of language explaining—as part of factor 4 listed in Instruction No. 20—that the jury can consider next-best alternatives in the reasonable royalty analysis if they are available. *See* Dkt. 2765 at 214; *see also* Dkt. 2588 at 19-21. |
| **Court's No. 22**<br><br>Damages—Apportionment | • Apple objects to the omission of the word "allegedly" in the following sentence: "Because Apple Watch has infringing and non-infringing features, your award must be apportioned so that it is based only on the value of the |

|  | infringing features and no more." By not using the phrase "allegedly infringing features," the instruction implies that the Court has a view on the merits question of infringement. |
|---|---|
|  | • Apple objects further to use of the phrase "unpatented features of the Accused Products" in lines 4 to 5—rather than the phrase "unpatented aspects of the Accused Features or other features of Apple Watch"  "—and the omission of the phrase "or other features of Apple Watch" *See* Dkt. 2765 at 223.  As noted above in Apple's objection to Instruction No. 2, Apple Watches have myriad features that are not alleged to infringe and the only accused features in this case—High and Low Heart Rate Notifications—have non-infringing uses.  At least one early iteration of the High Heart Rate Notification feature, for example, is not accused of infringing by Masimo, as it does not involve a change in duty cycle, which the asserted claims require.  *See* 11/7 PM Tr. 25:24-26:1  ("Q. There's no claim in this case by Masimo that 2017 high heart rate notifications infringed the '776 patent, correct?  A. That's right.").  Apple submits that, as currently written, this instruction violates the principle that a patentee's damages case must account for the "non-infringing functions" of a purportedly infringing portion of a device.  *See Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1310-1311 (Fed. Cir. 2018) (patentee is only entitled to the "incremental value that the *patented invention* adds to the end product" (emphasis added)); *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) ("As a substantive matter, it is the 'value of what was taken' that measures a 'reasonable royalty' under 35 U.S.C. § 284."). |
| **Court's No. 23**<br><br>Duty to Deliberate | • No objection. |
| **Court's No. 24** | • No objection. |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
10    CASE NO. 8:20-cv-00048-JVS (JDEx)

| | | |
|---|---|---|
| | Conduct of the Jury | |
| | **Court's No. 25**<br><br>Communication with Court | • No objection. |
| | **Court's No. 26**<br><br>Verdict Form | • No objection. |
| | **Court's Verdict Form** | • For Question No. 1, Apple objects to the failure to identify the specific features of Apple Watch that are accused of infringement.  Apple submits that Question No. 1 should read as follows:  "Did Masimo prove that Apple Watch's High/Low Heart Rate Notifications infringe any Asserted Claim of the '776 Patent?"<br><br>• For Question No. 2, Apple objects to the failure to inform the jury that (1) they can only award damages if they have found infringement and (2) Masimo is only entitled to damages that would compensate it for the value attributable to the infringement.  Apple submits that Question No. 2 should read as follows: "If you find that Apple infringed one or more patent claims, what amount of money has Masimo shown would compensate it for the value attributable to the infringement?" |

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
11    CASE NO. 8:20-cv-00048-JVS (JDEx)

Dated: November 14, 2025

Respectfully submitted,

MARK D. SELWYN
JOSEPH J. MUELLER
AMY K. WIGMORE
JOSHUA H. LERNER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP


By: */s/ Mark D. Selwyn*
    Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP

APPLE'S OBJECTIONS FOR THE RECORD TO THE COURT'S JURY INSTRUCTIONS AND VERDICT FORM
12   CASE NO. 8:20-cv-00048-JVS (JDEx)