MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**APPLE'S OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT (DKT. 2856)** |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

Apple objects to Plaintiffs' proposed form of judgment, Dkt. 2856 ("Plaintiffs' Proposed Judgment"), and lodges an alternative form of judgment consistent with these objections ("Apple's Proposed Judgment"). As detailed below, Plaintiffs' Proposed Judgment is highly incomplete. It omits many of this Court's rulings, both from the December 18, 2025 order, *see generally* Dkt. 2850 ("Bench Trial Order"), and those made at the motion-to-dismiss and JMOL-stages of this case. Plaintiffs' Proposed Judgment also omits that Plaintiffs have voluntarily waived the right to pursue any monetary relief based on their trade secret claims. Finally, Apple observes that Plaintiffs' Proposed Judgment does not make the required certification under Federal Rule of Civil Procedure 54(b) that a partial final judgment—excluding Plaintiffs' patent-infringement claims, one of which is the subject of ongoing post-trial motion practice—is appropriate because there is "no just reason for delay." Apple proposes that this Court make the finding required by Rule 54(b), as the trade secret and patent inventorship/ownership claims are now ready for final judgment while the factually and legally distinct patent infringement claims are not (and likely will not be for at least three months).

**1.** Plaintiffs' Proposed Judgment omits four important details regarding Plaintiffs' trade secret, patent inventorship, and patent ownership claims that should be included in the final judgment. Apple's Proposed Judgment includes Apple's suggested language on each issue.

*First*, Plaintiffs' Proposed Judgment addresses only the Bench Trial Order's rulings regarding patent ***inventorship*** and ignores the Order's rulings regarding patent ***ownership***—even though the two sets of claims are governed by different legal standards and were the subject of separate findings. Specifically, Plaintiffs sought ***both*** correction of inventorship of U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, U.S. Patent No. 10,219,754, and U.S. Patent No. 11,009,390 (causes of action fourteen through seventeen, as well as twenty-eight), ***and*** declaratory judgments of ownership for the same five patents (causes of action twenty through twenty-three, as

well as twenty-six). *See generally* Dkt. 296-1 (Fourth Amended Complaint); Dkt. 750 (First Supplement to Fourth Amended Complaint). After the 2023 jury trial, Plaintiffs abandoned their inventorship claim for the '754 patent, but continued to pursue the other nine claims—all of which were addressed and rejected on December 18, 2025. *See* Bench Trial Order ¶¶ 138-152 (ownership claims); *id.* ¶¶ 153-162 (inventorship claims).

Plaintiffs' Proposed Judgment references Plaintiffs' "claim[s] for correction of patent ownership," but only specifically identifies the inventorship causes of action (i.e., fourteen, fifteen, sixteen, seventeen, and twenty-eight).[1] Plaintiffs provide no justification for their failure to independently list the five distinct ownership claims that were also rejected in the Bench Trial Order (i.e., twenty, twenty-one, twenty-two, twenty-three, and twenty-six).

Relatedly, the judgment should more specifically describe another aspect of this Court's findings in the Bench Trial Order. The judgment should be clear that the Court found in favor of Apple regarding the purported D1, D3, and D10 trade secrets because the Court concluded that they are not cognizable as trade secrets—either due to lack of possession (D10) or because they are generally known (D1 and D3), *see* Bench Trial Order ¶¶112-137—as opposed to stating generically that Apple prevailed on these claims. Plaintiffs' Proposed Judgment's vague language could potentially be misunderstood as a finding that the purported secrets were cognizable, but were not misappropriated.

**Second**, Plaintiffs' Proposed Judgment fails to mention the myriad claims that this Court expressly rejected (or that Plaintiffs abandoned) prior to the Bench Trial Order. As a matter of completeness, these rejected and abandoned claims should be included in the final judgment. For example, this Court (1) dismissed Plaintiffs' (alleged) Hospital Interaction Trade Secret Nos. 1-4 at the motion to dismiss stage, Dkt. 350 at 5-8, and (2)

---

[1] While the inventorship claim for the '754 patent (the seventeenth cause of action) was not pressed in the 2024 trial, Apple agrees with Plaintiffs that judgment should be entered on that claim in Apple's favor for the reasons explained in the following paragraphs.

granted Apple judgment as matter of law on purported Business and Marketing Trade Secret Nos. 1, 2, 4, and 7, Dkt. 1723 at 8, and on the Value, Importance, and Appropriateness Trade Secret, Dkt. 1901 at 12. Plaintiffs also abandoned claims for several dozen other supposed trade secrets and their claim for correction of inventorship of the '754 patent. *See* Dkt. 2203 at 21-22 (collecting abandoned claims). Apple submits that the final judgment should address these prior rulings as well as Plaintiffs' abandoned claims.

**Third**, Plaintiffs' Proposed Judgment fails to adequately describe this Court's rulings on remedies for the two trade secrets (L4 and L5) that it found Apple did misappropriate.[2] Most notably, the Bench Trial Order found that Plaintiffs are not entitled to an injunction because they failed to establish (1) irreparable harm and (2) they lacked adequate monetary remedies for Apple's purported misappropriation. Bench Trial Order ¶¶ 164-176. The Bench Trial Order also denied Plaintiffs' request for an award of attorneys' fees under California's trade secret law. *See id.* ¶¶ 177-180. Plaintiffs' Proposed Judgment does not mention this Court's denial of injunctive relief at all, and it fails to acknowledge that this Court expressly denied Plaintiffs' request for attorney's fees.

**Finally**, Plaintiffs' Proposed Judgment fails to acknowledge Plaintiffs' waiver of all monetary relief. *See* Bench Trial Order ¶ 179. While Plaintiffs originally sought monetary awards for lost profits, unjust enrichment, a reasonable royalty, and exemplary damages, each of those remedies was either waived by Plaintiffs in September 2024 to avoid retrying their trade secret claims to a jury, Dkt. 2100 at 1-4, Dkt. 2182 at 1-2, and/or was previously stricken under FRCP 37 and is now unavailable as a matter of judicial estoppel, *e.g.*, Dkt. 2182 at 2 & n.2; Dkt. 2143-6 at 32. The judgment should reflect that those remedies were waived and/or subject to judicial estoppel.

---

[2] Apple respectfully submits that this Court's rulings regarding L4 and L5 were erroneous and reserves the right to challenge that decision at the appropriate time.

**2.** In addition to the deficiencies addressed above, Plaintiffs' Proposed Judgment does not appear to be consistent with this Court's December 18, 2025 ruling, which ordered Plaintiffs to "file a proposed judgment" that—when entered—would trigger "Federal Rule of Civil Procedure 52(b)['s]" 28-day deadline. Bench Trial Order at 40.

A final judgment for purposes of the Federal Rules of Civil and Appellate Procedure is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gelboim v. Bank of America*, 574 U.S. 405, 409 (2015). A document "however designated, that adjudicates fewer than all the claims … does not end the action as to any of the claims" unless this Court makes a finding that "there is no just reason for delay" in entering a partial judgment. Fed. R. Civ. P. 54(b); *see also iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008) ("[I]t must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment.").

Although Plaintiffs' Proposed Judgment does not address the jury's patent infringement verdict (which is the subject of ongoing post-trial motion practice) or any of the other patent-infringement counts, Plaintiffs do not ask this Court to make a Rule 54(b) certification.[3] Apple submits that because the trade secret and patent ownership/inventorship claims are ripe for final judgment and the patent infringement claims are not, the Court should exercise its discretion to make an express finding that a partial judgment on the trade secret, patent ownership, and patent inventorship claims is appropriate pursuant to Rule 54(b). *See Curtiss-Wright Corp. v. General Elec., Co.*, 446 U.S. 1, 8 (1980) ("It is left to the sound judicial discretion of the district court to

---

[3] Plaintiffs have apparently omitted the infringement claims because they intend to seek pre-judgment interest on the jury's patent infringement verdict. But given this Court's Bench Trial Order, the proper approach would have been to seek an extension on the time to enter judgment (as Apple promptly suggested over email) or request FRCP 54(b) certification, not ask this Court to issue a piece of paper that is effectively meaningless.

determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.").

Specifically, the trade secret, patent ownership, and patent inventorship claims are "separable" from the patent infringement claims, *see Curtiss-Wright*, 446 U.S. at 8, as the two sets of claims involve different facts and legal standards—and, indeed, were bifurcated for purposes of trial. For the same basic reason, there is no risk that the Federal Circuit "would have to decide the same issues more than once," *id.*, in any trade secret appeal and or in any subsequent patent infringement appeal. Finally, failing to separate the two sets of claims could significantly delay any appeal of the trade secret case, as the patent infringement claims are currently the subject of post-trial briefing pursuant to Federal Rules of Civil Procedure 50(b) and 59(a) that will not be resolved until March 2026 at the earliest. Plaintiffs have also indicated that they intend to move for pre-judgment interest once the Rule 50(b) and 59(a) motions have been resolved, which will necessarily entail further delay before the patent infringement claims are ripe for final judgment.

Under the circumstances, where waiting for finality on all claims could result in delaying the trade secret appeal for at least "many months," *Curtiss-Wright*, 446 U.S. at 11, Apple respectfully submits Rule 54(b) certification is appropriate and has included the required factual findings in Apple's Proposed Judgment.

Dated: December 31, 2025          Respectfully submitted,

MARK D. SELWYN
AMY K. WIGMORE
JOSHUA H. LERNER
JOSEPH J. MUELLER
SARAH R. FRAZIER
THOMAS G. SPRANKLING
WILMER CUTLER PICKERING HALE AND DORR LLP

BRIAN A. ROSENTHAL
GIBSON, DUNN & CRUTCHER LLP

KENNETH G. PARKER
HAYNES AND BOONE, LLP

By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

*Attorneys for Defendant Apple Inc.*