MARK D. SELWYN, SBN 244180
  mark.selwyn@wilmerhale.com
THOMAS G. SPRANKLING, SBN 294831
  thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: 650.858.6000 / Fax: 650.858.6100

JOSHUA H. LERNER, SBN 220755
  joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Tel.: 628.235.1000 / Fax: 628.235.1001

AMY K. WIGMORE, *pro hac vice*
  amy.wigmore@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: 202.663.6000 / Fax: 202.663.6363

[Counsel appearance continues on next page]

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **APPLE'S PROPOSED JUDGMENT** |

JOSEPH J. MUELLER, *pro hac vice*
  joseph.mueller@wilmerhale.com
SARAH R. FRAZIER, *pro hac vice*
  sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: 617.526.6000 / Fax: 617.526.5000

BRIAN A. ROSENTHAL, *pro hac vice*
  brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.2339 / Fax: 212.817.9539

KENNETH G. PARKER, SBN 182911
  Ken.parker@haynesboone.com
HAYNES AND BOONE, LLP
660 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel.: 650.949.3014 / Fax: 949.202.3001

The Court hereby **ORDERS** and **ENTERS JUDGMENT** on Plaintiffs' thirteenth through twenty-eighth causes of action. *See generally* Dkt. 296-1 (Fourth Amended Complaint); Dkt. 750 (First Supplement to Fourth Amended Complaint).[1]

Regarding Plaintiffs' claim for misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act, the Court finds in favor of Defendant Apple Inc. and against Plaintiffs with respect to Hospital Interaction Trade Secret Nos. 1-4, Business and Marketing Trade Secrets Nos. 1, 2, 4, and 7, the Value, Importance, and Appropriateness Trade Secret, and the D1, D3, and D10 Trade Secrets. Apple did not misappropriate Hospital Interaction Trade Secret No. 1, and the remainder are not cognizable as trade secrets—either because Plaintiffs did not possess them or because the alleged trade secrets do not derive independent economic value from not being generally known.

The Court finds in favor of Plaintiffs and against Apple with respect to Trade Secrets L4 and L5, on the grounds that Apple misappropriated Trade Secrets L4 and L5 by acquiring and using Trade Secret L4 and acquiring, using, and disclosing Trade Secret L5. The Court accordingly enters declaratory judgment against Apple with regards to those two trade secrets. The Court denies Plaintiffs' request for an injunction on the grounds that Plaintiffs have not established either irreparable harm or that Plaintiffs lack an adequate monetary remedy. The Court denies Plaintiffs' request for attorneys' fees. Finally, the Court holds that Plaintiffs have waived all requests for monetary relief for misappropriation, including for unjust enrichment, lost profits, a reasonable royalty, and exemplary damages.

Regarding Plaintiffs' claims for correction of patent ownership and inventorship for U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095,

---

[1] Apple reserves the right to challenge this Court's findings regarding the purported L4 and L5 secrets in post-trial briefing and on appeal. This proposed judgment merely summarizes the current state of the record.

U.S. Patent No. 10,219,754, and U.S. Patent No. 11,009,390, the Court finds in favor of Apple and against Plaintiffs.

To the extent not addressed above, the remainder of Plaintiffs' thirteenth through twenty-eighth causes of action—including all alleged trade secrets listed in the thirteenth cause of action and all patent ownership and inventorship claims that were not presented at trial—are dismissed with prejudice.

This Court finds that there is no just reason to delay final judgment on Plaintiffs' trade secret, patent ownership, and patent inventorship claims and accordingly certifies those claims for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). This finding is made based on the following considerations:  (1) The trade secret, patent ownership, and patent inventorship claims are factually distinct—and were in fact bifurcated—from Plaintiffs' still pending patent infringement claims (the first through twelfth cause of action), and (2) the patent infringement claims may not be resolved for months or longer, as Apple has challenged the jury's verdict of patent infringement under Federal Rules of Civil Procedures 50(b) and 59(a) and Plaintiffs have indicated they intend to file a request for pre-judgment interest once that briefing is complete.

**IT IS SO ORDERED.**


Dated: _____     By: _____
                                                                           Honorable James V. Selna
                                                                           United States District Judge