# EXHIBIT B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

MASIMO CORPORATION,
a Delaware corporation; and
CERCACOR LABORATORIES, INC.,
a Delaware corporation,

                Plaintiffs,

    v.

APPLE INC.,
a California corporation,

                Defendant.

CASE NO. 8:20-cv-00048-JVS (JDEx)

**APPLE'S [PROPOSED] FINAL JUDGMENT**

The Court hereby **ORDERS** and **ENTERS JUDGMENT** on Plaintiffs' first through twenty-eighth causes of action. *See generally* Dkt. 296-1 (Fourth Amended Complaint); Dkt. 750 (First Supplement to Fourth Amended Complaint).[1]

Regarding Plaintiffs' twelfth cause of action, pursuant to the jury's November 14, 2025 verdict, the Court finds that Defendant Apple Inc. infringed claims 11-14 of U.S. Patent No. 10,433,776 and awards damages in the amount of $634,313,913. The Court concludes that, as a matter of law, Apple's infringement was not willful and that claims 11-14 of U.S. Patent No. 10,433,776 are not invalid.

Regarding Plaintiffs' claim for misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act, the Court finds in favor of Apple and against Plaintiffs with respect to Hospital Interaction Trade Secret Nos. 1-4, Business and Marketing Trade Secrets Nos. 1, 2, 4, and 7, the Value, Importance, and Appropriateness Trade Secret, and the D1, D3, and D10 Trade Secrets. Apple did not misappropriate Hospital Interaction Trade Secret No. 1, and the remainder are not cognizable as trade secrets—either because Plaintiffs did not possess them or because the alleged trade secrets do not derive independent economic value from not being generally known.

The Court finds in favor of Plaintiffs and against Apple with respect to Trade Secrets L4 and L5, on the grounds that Apple misappropriated Trade Secrets L4 and L5 by acquiring and using Trade Secret L4 and acquiring, using, and disclosing Trade Secret L5. The Court accordingly enters declaratory judgment against Apple with regards to those two trade secrets. The Court denies Plaintiffs' request for an injunction on the grounds that Plaintiffs have not established either irreparable harm or that Plaintiffs lack an adequate monetary remedy. The Court denies Plaintiffs' request for attorneys' fees. Finally, the Court holds that Plaintiffs have waived—or are estopped

---

[1] Apple reserves the right to challenge the patent infringement verdict—and this Court's findings regarding the purported L4 and L5 secrets—on appeal. This proposed judgment merely summarizes the current state of the record.

from raising—all requests for monetary relief for misappropriation, including for unjust enrichment, lost profits, a reasonable royalty, and exemplary damages.

Regarding Plaintiffs' claims for correction of patent ownership and inventorship for U.S. Patent No. 10,078,052, U.S. Patent No. 10,247,670, U.S. Patent No. 9,952,095, U.S. Patent No. 10,219,754, and U.S. Patent No. 11,009,390, the Court finds in favor of Apple and against Plaintiffs.

To the extent not addressed above, the remainder of Plaintiffs' first through twenty-eighth causes of action—including all alleged trade secrets listed in the thirteenth cause of action and all patent infringement, ownership, and inventorship claims that were not presented at trial—are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: _____      By: _____
                                        Honorable James V. Selna
                                        United States District Judge