UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-00048-JVS(JDEx)                    Date    July 28, 2026

Title    Masimo Corporation et al v. Apple Inc.

---

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order**

The Court has received a letter from Gretchen Morgenson, Senior Financial Reporter in her "capacity as a member of the NBC News Investigations unit" requesting reconsideration of the Court's orders sealing certain exhibits and transcripts.  A copy of the letter is attached hereto.

Corporate entities must appear through counsel.  (Local Rule 83-2.1.1.3.)

Assuming NBC appears through counsel, the Court is prepared to promptly consider the request and will likely direct Apple Inc. to file a response.

**IT IS SO ORDERED.**

NBC News
*Investigations Unit*

30 Rockefeller Plz.
New York, NY 10112

July 28. 2026

 **NBC NEWS**

The Honorable James V. Selna
United States District Court
Central District of California
Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street, Room 1053
Santa Ana, CA 92701-4516

**Re:** *Masimo Corp. v. Apple Inc.*, No. 8:20-cv-00048-JVS-JDE — Request for Reconsideration of Sealing Order (Dkt. 1688)

Dear Judge Selna:

I am a reporter acting in my capacity as a member of the NBC News Investigations unit. I am researching the long-running litigation between Masimo Corporation and Apple Inc. and the related International Trade Commission proceedings as part of a broader look at the tech industry. I write respectfully to request reconsideration of the sealing order at Dkt. 1688 as it applies to a limited subset of trial exhibits and the corresponding trial transcripts.

I submit this letter in reliance on the standing invitation in the Court's own order. If the Court prefers that I proceed through formal motion practice or with the assistance of counsel, I will do so.

**The Court's standing invitation.** In Dkt. 1688, the Court granted Apple's application to seal 186 trial exhibits "subject to reconsideration upon application of any interested party, including members of the public." Dkt. 1688 at 2. The Court reaffirmed that invitation in its July 26, 2023 order, observing that future requests in this case should respect the "fundamental difference between disclosing a sentence or two from a confidential document in open court — particularly when necessary to preserve the public's ability to see and understand the trial — and waiving all confidentiality rights to portions of documents that were never shown or discussed." Dkt. 1891 at 4. I write as a member of the press relying on that invitation.

**The public interest in this record is substantial.** The Apple Watch is worn by tens of millions of people in the United States and is marketed in significant part on the accuracy of its heart-rate and blood-oxygen features. The U.S. International Trade Commission issued an import ban

affecting several Apple Watch models in late 2023, drawing extensive press attention. The April–May 2023 trial before this Court ended in a mistrial. Related proceedings have continued, including a November 2024 bench trial and a November 2025 patent jury trial that produced a substantial verdict. Public understanding of how this litigation has unfolded — what evidence the jury saw, what Apple's internal documents said, and how those documents bear on a product worn by millions of consumers — is a matter of significant public concern.

**The factual basis for reconsideration.** The record reflects three points that, taken together, support narrow reconsideration of the sealing order.

**First,** Masimo's counsel submitted a sworn declaration stating that, of the 186 exhibits Apple sought to seal, 160 were "discussed or published in open court" during trial. Dkt. 1772-2 ¶ 2 (Declaration of Kendall M. Loebbaka). The declaration identifies the 26 exhibits that were discussed only in sealed session — exhibits I am not asking the Court to unseal — and confirms that the remaining 160 were aired in proceedings open to the press and the public.

**Second,** Apple itself has substantially narrowed its sealing position. In its opposition to Masimo's application to unseal, Apple no longer sought to seal 32 of the 56 exhibits then at issue and proposed redactions — rather than full sealing — for 23 others. Dkt. 1891 at 4 (the Court "construes Apple's Opposition (and Errata) to the Application to be a request to revise the underlying application to seal"). Apple actively defended only 24 exhibits in its filing: 23 with proposed redactions and one (JTX-0422) in full. Dkt. 1801-1 ¶¶ 5–8 (Declaration of Deidre Caldbeck). The remaining exhibits originally sealed under Dkt. 1688 were, by Apple's own concession, no longer claimed as confidential. To my knowledge, those exhibits have not been formally unsealed on the public docket, even though Apple no longer maintains a sealing position with respect to them.

**Third,** contemporaneous press accounts published during the trial describe and in some cases quote the very content Apple now seeks to keep sealed. Masimo's own declaration in support of its application to unseal attached several of these articles as exhibits. See Dkt. 1772-2 ¶¶ 3, 5, 7, 8, 9 (attaching articles from MacRumors, 9to5Mac, and Legal Affairs and Trials). Among them:

- MacRumors reported on April 18, 2023, on Apple executive Adrian Perica's testimony that the Apple Watch product was "way behind" — content from JTX-0400, which Apple now proposes to redact substantially. Dkt. 1772-2 Ex. A;

  https://www.macrumors.com/2023/04/18/apple-masimo-legal-battle/

- 9to5Mac reported on April 20, 2023, on Apple's recruitment of and compensation paid to former Cercacor chief technology officer Marcelo Lamego — content directly relevant to JTX-0628 and JTX-0653, which Apple's declaration describes as "Dr. Lamego's offer of compensation." Dkt. 1772-2 Ex. C; Dkt. 1801-1 ¶ 8;

https://9to5mac.com/2023/04/20/apple-paid-masimo-exec/

• Meghann Cuniff, who covered the trial day-by-day for Legal Affairs and Trials, reported on testimony and exhibits concerning Apple's internal "Project Rover" assessment of Masimo, its hiring of Masimo employees, and the contents of email exchanges among Apple executives — content drawn from the exhibits Apple now seeks to keep redacted. Dkt. 1772-2 Exs. E, F, G;

https://www.legalaffairsandtrials.com/p/ex-masimo-execs-deny-divulging-trade

https://www.legalaffairsandtrials.com/p/jury-learns-of-other-masimo-hires

https://www.legalaffairsandtrials.com/p/jury-deliberations-begin-in-masimo

These articles are not the basis for the request — the trial record itself is — but they confirm that the substance of the disputed exhibits reached the press and the public during proceedings open to both.

**The governing legal framework.** The Supreme Court has long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The Ninth Circuit, in Kamakana v. City and County of Honolulu, held that there is a "strong presumption of access to judicial records" in dispositive proceedings, including trial, and that a party seeking to seal must show "compelling reasons" supported by specific factual findings. 447 F.3d 1172, 1178–79 (9th Cir. 2006). And in In re Copley Press, Inc., the Ninth Circuit observed that "secrecy is a one-way street: Once information is published, it cannot be made secret again." 518 F.3d 1022, 1025 (9th Cir. 2008). The exhibits at issue here were displayed on courtroom monitors visible to the press and the public seated in the gallery, and were discussed in testimony heard in open court.

**What I am asking the Court to do.** I request the following narrow relief:

(1) Unseal, or order Apple to file unredacted public versions of, the 24 exhibits Apple actively defended in Dkt. 1801: JTX-0009, JTX-0058, JTX-0059, JTX-0165, JTX-0176, JTX-0257, JTX-0259, JTX-0260, JTX-0263, JTX-0265, JTX-0316, JTX-0317, JTX-0335, JTX-0337, JTX-0356, JTX-0358C, JTX-0360, JTX-0400, JTX-0422, JTX-0499, JTX-0556, JTX-0628, JTX-0653, and JTX-4355.01.

(2) Release unredacted versions of the trial transcripts for the trial days on which those exhibits were discussed or displayed in open court — including but not limited to April 5, 11, 12, 13, 14, 18, 19, 20, and 26, 2023 — except for any portions covering testimony taken in sealed session.

(3) I am *not* asking the Court to disturb the sealing of the 26 exhibits Masimo's declaration identified as discussed only in sealed session: JTX-142, JTX-143, JTX-154, JTX-162, JTX-

273, JTX-274, JTX-278, JTX-367, JTX-487, JTX-851, JTX-880, JTX-1114, JTX-1365, JTX-1413, JTX-1442, JTX-1443, JTX-1444, JTX-1445, JTX-1446, JTX-1447, JTX-1448, JTX-1449, JTX-1743, JTX-1744, JTX-1755, and JTX-5003. Dkt. 1772-2 ¶ 2. Those exhibits were not aired in open court and present different considerations that I do not raise here.

I recognize that this request involves trial exhibits and transcripts already subject to a sealing order, and that the Court has previously emphasized the importance of strict compliance with Local Rules 7-3, 7-18, and 79-5. Dkt. 1891 at 4–5. I am prepared to comply with whatever procedure the Court directs.

Thank you for your consideration of this request.


Respectfully,

Gretchen Morgenson
Senior Financial Reporter
NBC News Investigations
917-873-5521