JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048-JVS-JDE | Date | October 5, 2026 |
| Title | Masimo Corp. et al v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Masimo's Motion for Pre and Post Judgment Interest [2935]**

Before the Court is Plaintiff Masimo Corporation's ("Masimo") motion for pre and post judgment interest. (Mot. Dkt. No. 2935.) Defendant Apple Inc. ("Apple") opposed. (Dkt. No. 2949.) Masimo replied. (Dkt. No. 2950.)

For the following reasons, the Court **GRANTS** the motion.

## I. Background

The history of this case is extensive and well known to the parties. (See generally Compl., Dkt. No. 1; First Am. Compl., Dkt. No. 28; Second Am. Compl., Dkt. Nos. 88-2, 89-1 (sealed); Third Am. Compl., Dkt. Nos. 230-2, 231-1 (sealed); Fourth Am. Compl., Dkt. Nos. 295-2, 296-1 (sealed)).

After an eight day jury trial held in February of 2025, the jury found that Apple infringed claims 11–14 of U.S. Patent No. 10,433,776 and awarded Masimo damages in the amount of $634,313,913. The Court entered final judgment in the amount of $634,313,913 on July 20, 2026, but retained jurisdiction to address the issue of pre and post judgment interest. (Final Judgment, Dkt. No. 2917.)

The Court ordered a stay of execution of that final judgment pending appeal. (Stay Pending Appeal, Dkt. No. 2936.) Masimo now moves for pre and post judgment interest on the $634,313,913 jury award. (Mot., Dkt. No. 2935.) The Federal Circuit

has deactivated the appeal pending disposition of the present motion. (Order from Federal Circuit, Dkt. No. 2951.)

## II. Legal Standard

The purpose of prejudgment interest is to "award the claimant damages adequate to compensate for the infringement." 35 U.S.C.A. § 284 (West). A patentee prevailing on claims of patent infringement is typically entitled to prejudgment interest in order to "ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 655 (1983). "Prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." Id. at 657. Prejudgment interest is commonly awarded "from the earliest date of infringement for any patent issued at the time of the hypothetical negotiation" and is "based on the entire royalty award." Comcast IP Holdings I LLC v. Sprint Comms. Co., L.P., 850 F.3d 1302, 1315 (Fed. Cir. 2017).

District courts are afforded discretion to set the rate of prejudgment interest in order to fully compensate the patentee. Fujifilm Corp. v. Motorola Mobility LLC, 182 F. Supp. 3d 1014, 1042 (N.D. Cal. 2016) ("A court may use the prime rate, the prime rate plus a percentage, the United States Treasury Bill ("T-Bill") rate, a state statutory rate, the corporate rate, or 'whatever rate the court deems appropriate under the circumstances.'") (internal citation omitted). A district court also has wide discretion to decide whether to award simple or compound interest. See Rite–Hite Corp. v. Kelley Co., 56 F.3d 1538, 1555 (Fed. Cir.1995) ("[T]he determination whether to award simple or compound interest is a matter largely within the discretion of the district court.").

## III. Discussion

### *1. Whether to Award Prejudgment Interest*

Masimo argues that "[p]rejudgment interest is necessary to compensate Masimo for the delay in receiving the royalty payments Apple should have made in a royalty agreement." (Mot. at 2.) Masimo's position is that because the jury awarded damages based on a "per-watch running royalty negotiated at the time infringement began," prejudgment interest is required to "put Masimo in as good a place as it would have been

if the parties had entered that royalty agreement." (Id.) In fact, Masimo argues, denying interest on an award as large as the one in this case would grant *Apple* a windfall by failing to compensate Masimo for depriving Masimo the use of money Masimo would have received had the parties entered into a periodic royalty on January 9, 2020. (Id. at 3.)

In response, Apple reminds the Court that it has "discretion to deny prejudgment interest" and that it should exercise that discretion in light of the jury verdict. (Opp'n at 2.) Apple's argument, at its core, is that under the circumstances of this case, awarding interest on the $634 million verdict would constitute a windfall to Masimo. In support of its argument, Apple first puts forth that the jury award "rested on speculation" and failed to account for "the value springing from the aspects of the accused feature . . . present in the unaccused 2017 version." (Id. at 3.) Second, Apple argues that there is insufficient evidence that Masimo, even if it had received royalties in the prejudgment period, would have invested those royalties into research and development. (Id. at 4–5.) Finally, Apple argues again that the Court is free, in its discretion, to deny prejudgment interest all together in light of the significant, "fully compensatory" jury verdict. (Id. at 6.)

The Court begins with the proposition that "[p]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award." Devex, 461 U.S. at 657. Apple's stated justification, at bottom, is that the jury verdict is sufficient to compensate Masimo because it is "staggering." (Opp'n at 1.) Apple's arguments in support of that justification do not convince the Court that it should depart from "the rule, not the exception" that prejudgment interest should be awarded. Energy Transp. Grp., Inc. v. William Demant Holding A/S, 697 F.3d 1342, 1358 (Fed. Cir. 2012).

First, Apple's argument that the Court should reject prejudgment interest simply because the jury award was large is supported largely by a case denying a patentee's request for prejudgment interest because "[t]he jury award was generous enough." Conceptus, Inc. v. Hologic, Inc., 2012 WL 44064, at *4 (N.D. Cal. Jan. 9, 2012). That is the extent of the reasoning on the issue of prejudgment interest in that case. While the Court reads that single sentence as affirmation of the settled proposition that § 284 "leaves the court some discretion" to, in some cases, "perhaps even deny [prejudgment interest] altogether," the Court does not believe it cautions doing so whenever a jury's verdict is large. 461 U.S. at 656–57. Further, in light of the Supreme Court's guidance

that "interest from the time that the royalty payments would have been received merely serves to make the patent owner whole," the Court does not deem such an award, in a proper amount, to be a windfall to Masimo. Id. at 655–56.

Second, Apple's argument that the jury award was "speculative" is not the relevant issue. The jury awarded what it awarded because it accepted Masimo's theory of reasonable royalties. Whether or not Apple agrees with that theory is irrelevant; Apple lost on that argument at multiple stages in this litigation and a justification for denying prejudgment interest "must have some relationship to the award of prejudgment interest." Radio Steel & Mfg. Co. v. MTD Prods., Inc., 788 F.2d 1554, 1558 (Fed. Cir. 1986); See Bio-Rad Lab'ys, Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed. Cir. 1986) (Rejecting an argument by an infringer already made at trial because "the merits of the infringer's challenges to the patent are immaterial in determining the amount of prejudgment interest.").

Third, Apple argues that Masimo has not demonstrated that if it had received royalties for the prejudgment period, it would have invested those funds into innovation. This might be true, it might be false, but in either case, Masimo is correct in that it "does not need to prove what it would have done with the money" in order to recover prejudgment interest. (Reply at 4.) There is no requirement that Masimo demonstrate where a royalty from Apple would have been spent, only that it would have received them.

Finally, to the extent that Masimo's cited cases, standing for the proposition that "denying interest would unfairly reward the infringer," are distinguishable from the present case, the absence of that authority does not meaningfully impact the analysis of whether prejudgment interest is warranted[1]. Apple is correct that in CH2O, Inc. v. Meras Engineering, Inc., 2020 WL 13388230, at *15 (C.D. Cal. Apr. 6, 2020), "the nonprevailing party 'ha[d] not provided any justification' for denying prejudgment interest." (Opp'n at 4.) However, the Court, as noted above, does not believe that

[1] Apple notes that one of Masimo's cited cases, Schumacher v. AK Steel Corp. Retirement Accumulation Plan, 711 F.3d 675, 686 (6th Cir. 2013), concerned ERISA, and thus is not informative. The Court accepts this proposition, and also notes that this Court's order in MGA Ent. Inc. v. Harris, 2025 WL 1416045 (C.D. Cal. Apr. 15, 2025) concerned a damages theory of disgorgement under misappropriation, not reasonable royalties in a patent action, and is similarly distinguishable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00048-JVS-JDE | Date | October 5, 2026 |
| Title | Masimo Corp. et al v. Apple Inc. | | |

Apple has provided a proper justification to do so either. Thus, the Court concludes that prejudgment interest is warranted.

2. *What Rate is Appropriate and Whether Simple or Compound Interest should be used.*

The Court must also consider, in its discretion, what rate of interest should be used and whether the interest should be simple or compound. Courts have wide discretion to select the prime rate, the Treasury Bill rate ("T-Bill rate"), a state statutory rate, or "whatever rate the court deems appropriate under the circumstances." Fujifilm Corp. v. Motorola Mobility LLC, 182 F. Supp. 3d 1014, 1042 (N.D. Cal. 2016) (quoting Junker v. HDC Corp., 2008 WL 3385819, at *6 (N.D.Cal. July 28, 2008)). In doing so, the Court should "be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement'." Bio-Rad Lab'ys, Inc., 807 F.2d at 969 (quoting Devex, 461 U.S. at 655).

Masimo seeks prejudgment interest at the 7% rate set by the California Constitution, or in the alternative, the prime rate. (Mot. at 5.) Under the California statutory rate, the prejudgment interest would be $242,740,979, and under the prime rate, it would be $237,496,074. (Id.) In support of its argument that the California rate should be used, Masimo argues first that, both parties being located in California, California has a "direct nexus to this case." (Id.) Masimo argues that using a flat, fixed rate reduces confusion and avoids disputes as to applicable interest. (Id.) Masimo also requests that the rate be compounded annually, to account for the time value of money. (Id. at 6.)

In response, Apple argues that the interest should be at the T-Bill rate, which amounts to $114,502,149. (Opp'n at 10.) Apple argues that Masimo failed to present evidence that they actually had to borrow money during the prejudgment period, and so the prime rate, or by extension the California statutory rate, would be unwarranted. (Opp'n at 7.) However, as pointed out by Masimo in their reply, the Federal Circuit has squarely held that "it is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." Uniroyal, Inc. v. Rudkin–Wiley Corp., 939 F.2d 1540, 1545 (Fed.Cir.1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00048-JVS-JDE | Date | October 5, 2026 |
|---|---|---|---|
| Title | Masimo Corp. et al v. Apple Inc. | | |

Regardless, Apple argues, the T-Bill rate is a "closer proxy for any harm that Masimo suffered" because Masimo's effective borrowing rate during the relevant period averaged 5.09%, as opposed to the 7% set by the California Constitution. (Id. at 7–8; Webster Decl. In support of Apple's Opposition ("Wesbter Decl."), Dkt. No. 2949-1 ¶¶11–12.) Masimo disputes this, pointing out that this period included artificially low rates during the COVID-19 pandemic, and in any event, that Webster calculated prejudgment interest at Masimo's actual borrowing costs with annual compounding to be $184,189,784. (Webster Decl., Appendix 1.4a at Page ID #265116). Using Masimo's cost of debt without compounding would yield a prejudgment interest of $165,792,531. (Webster Decl., Appendix 1.4 at Page ID #265115.) Masimo requests that if the California or prime rates are not used, "the Court use Masimo's cost of borrowing as acknowledged by Apple's expert." (Reply at 7.)

The Court finds, in light of Apple's argument that the T-Bill rate offers the best proxy for Masimo's harm because it lies closer to Masimo's actual cost of debt, there is no reason to not simply use Masimo's cost of debt, calculated by Apple's expert. (Opp'n at 8) ("Masimo's 'cost of debt . . . is an indicator of the effective interest rate Masimo pays on borrowed funds'") (quoting Webster Decl. ¶¶11-12.)

At bottom, the Court has discretion to set a prejudgment interest rate it believes to best compensate Masimo for its injury. This discretion is not curtailed by virtue of the Federal Court, adjudicating under the Patent Act, being located in California. Nor is that discretion limited by the amount of damages awarded at trial. Both parties provide ample authority for the proposition that the Court may set a rate pursuant its discretion, but limited factual support for their desired rates. Given that Webster, Apple's own expert, calculated the prejudgment interest using Masimo's own cost of debt during the relevant period, and because any prejudgment interest is meant to place Masimo in "in as good a position as [it] would have been had the infringer entered into a reasonable royalty agreement," the Court determines a prejudgment interest using Masimo's own cost of debt, compounding annually, to be the appropriate rate[2].

---

[2]The Court finds unpersuasive Apple's argument that compounding interest would be a windfall, given that Courts routinely grant compounding interest on prejudgment interest. See, e.g., Fujifilm Corp., 182 F. Supp. 3d at 1043 (granting prime rate, compounded quarterly); Kaneka Corp. v. SKC Kolon PI, Inc., 198 F. Supp. 3d 1089, 1125 (C.D. Cal. 2016) ("compounding the prime interest rate annually will adequately compensate Kaneka for its loss"). Also, because the Court does not adopt the

Thus, the Court finds it appropriate to award prejudgment interest in the amount of $184,189,784, Apple's calculation using Masimo's own cost of debt, compounded annually.

*3. Postjudgment Interest*

Apple does not dispute that it must pay postjudgment interest, as this is mandated by statute. 28 U.S.C. § 1961. This interest is computed daily and compounds annually. 28 U.S.C. § 1961(b). This amount is to be calculated on the total damages award, including the prejudgment interest calculated above. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995) ("[P]ostjudgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a monetary award.") Finally, Masimo submits that the applicable rate is 4.02%. (Declaration of Jim Bergman, Dkt. No. 2935-3 ¶8.) Apple does not dispute this figure.

Thus, Apple is ordered to pay postjudgment interest on $818,503,697, the sum of the jury award ($634,313,913) and the award of prejudgment interest ($184,189,784,), starting on July 20, 2026 and until judgment is satisfied, computed at 4.02%, computed daily and compounding annually.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

California rate, Apple's other argument against compounding is moot.